B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Delaware _____

In re  Boy Scouts of America and Delaware BSA, LLC
_____
                        Debtor

Case No. ___ 20-10343 (LSS) ___

*(Complete if issued in an adversary proceeding)*

Chapter ___ 11 ___

_____
                  Plaintiff

                     v.

Adv. Proc. No. _____

_____
                  Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Golden Empire Council, BSA
     251 Sacramento, CA 95815
_____
                  *(Name of person to whom the subpoena is directed)*

☒   *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Contained herein in Exhibit 1

| PLACE  Lions Gate Hotel<br>3410 Westover St, McClellan Park, CA 95652<br>Attn: Stamatios Stamoulis (302) 999-1540 stamoulis@swdelaw.com. | DATE AND TIME<br>October 18, 2021 by 5:00 pm Eastern |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___ 10/8/2021 ___

       CLERK OF COURT

                                OR

_____          *Stamatios Stamoulis*
 *Signature of Clerk or Deputy Clerk*          _____
                                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___ Century Indemnity Company ___ , who issues or requests this subpoena, are:
Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1 (Golden Empire Council, BSA)**

## DEFINITIONS

For the purposes of this Subpoena and these Requests for Production, the following Definitions shall apply:

1.      "Abuse" means sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying or harassment without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against a Boy Scouts of America, Local Council and/or Chartering Organization that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, respondeat superior, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any

act or failure to act by a Boy Scouts of America, Local Council and/or Chartering Organization or any other Person for whom any of the foregoing parties is alleged to be responsible.

3.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

4.      "Chartered Organization" means each and every civic, faith-based, educational or business organization, governmental entity or organization, other entity or organization, or group of individual citizens, in each case presently or formerly authorized by the BSA to operate, sponsor or otherwise support one or more Scouting units.

5.      "Claim Form" means any Sexual Abuse Survivor Proof of Claim Form submitted in these Chapter 11 Cases.

6.      "Coalition" means the Coalition of Abused Scouts for Justice, an *ad hoc* committee composed of thousands of holders of Direct Abuse Claims that filed a notice of appearance in the Chapter 11 Cases on July 24, 2020 at Docket No. 1040.

7.      "Coalition Professionals" means (a) Brown Rudnick LLP, (b) Robbins, Russell, Englert, Orseck & Untereiner LLP, (c) Monzack, Mersky and Browder, P.A., (d) Province, LLC, and (e) Parsons, Farnell & Grein, LLP.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, beliefs, inquiries, documents, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents,

attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9.      "Debtors" means Boy Scouts of America and Delaware BSA, LLC and each of their attorneys.

10.     "Disclosure Statement" means any disclosure statement for a Plan of Reorganization for the Debtors, including but not limited to, the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445], and any later-filed version(s) thereof.

11.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent

notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

12.    "Fifth Amended Plan of Reorganization" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America And Delaware BSA, LLC* [Docket No. 6443], and any later-filed version(s) thereof.

13.    "Firm" means each known Attorney representing holders of Abuse Claims.

14.    "Hartford Settlement Agreement" means that certain settlement agreement, which remains subject to definitive documentation, by and between Hartford, the Debtors, the Ad Hoc Committee, the Coalition, the Future Claimants' Representative, and certain state court counsel to holders of Direct Abuse Claims, as such agreement is described in the term sheet appended to the *Sixth Mediators' Report* [D.I. 6210] filed on September 14, 2021, and as such agreement may be subsequently set forth in a definitive written settlement agreement that is consistent with such term sheet and executed by all of the parties thereto (and any additional parties that execute a joinder thereto). Upon its execution by all of the parties thereto, the Hartford Insurance Settlement Agreement shall be filed with the Plan Supplement and attached hereto as Exhibit I-1.

15.    "Local Councils" means, collectively, the local councils of the Boy Scouts of America, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on a Local Councils' behalf.

16.    "Plan of Reorganization" means a document prepared by the Debtors detailing how they will continue to operate post-confirmation and how they plan to pay creditor claims over a fixed period of time.

17.     "Person" means an individual, a firm, a corporation, or other entity as the context requires.

18.     "Petition Date" means February 18, 2020.

19.     "POC" means any claims against the Debtors based on Abuse filed in these Chapter 11 Cases using the Sexual Abuse Survivor Proof of Claim Form.

20.     "TDPs" means "Trust Distribution Procedures" and has the meaning provided in the Fifth Amended Plan of Reorganization and any  Trust Distribution Procedure for a prior plan of reorganization in these Chapter 11 Cases..

21.     The terms "You" or "Your" and variants thereof mean Golden Empire Council, BSA and all persons or entities acting on its behalf.

## **INSTRUCTIONS**

For the purposes of this Subpoena and these Requests for Production, the following Definitions shall apply:

1.     The preceding Definitions apply to each of the Requests. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Fifth Amended Plan of Reorganization and/or Disclosure Statement.

2.     The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3.      These Requests shall be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4.      You are required to produce all Documents and all other materials described below that is in your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

5.      You must produce all Documents in your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by you or hardware owned and/or maintained by a third party that stores data on your behalf.

6.      Documents not otherwise responsive to these Requests should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, mediation privilege, or any other claimed privilege or

exemption from production, then in answer to such Request or part thereof, for each such Document, you must:

      a.      Identify the type, title and subject matter of the Document;

      a.      State the place, date, and manner of preparation of the Document;

      b.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      c.      Identify the legal privilege(s) and the factual basis for the claim.

9.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege, mediation privilege, and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.    To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

11.    If any part of the Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

12.     If you object to any of these Requests, state in writing with specificity the grounds of your objections. Any ground not stated shall be waived. If you object to a particular portion of any Request, you shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>:  Database load files shall consist of:  (i) a comma-delimited values (".dat") file containing:  production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt")

file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.     <u>Electronic Documents and Data, Generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow Century, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     <u>Emails and Attachments, and Other Email Account-Related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by Century.

5.     <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Century to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:    Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.   In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

<u>**BOARD AND COMMITTEE MINUTES**</u>
<u>**ABOUT BANKRUPTCY**</u>

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

All Documents provided to Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

<u>**REQUEST FOR PRODUCTION NO. 2:**</u>

All Documents provided to Your Council Key 3 Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

<u>**REQUEST FOR PRODUCTION NO. 3:**</u>

All minutes of Your Council Key 3 Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the

Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 4:**

All minutes of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganizaiton for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents (including presentations) and Communications exchanged between the Debtors and members of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents (including presentations) and Communications exchanged between Alverez & Marsal and members of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 9:**

All drafts of term sheets for any Plan of Reorganization for the Debtors.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, Abuse Claims and/or the Hartford Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any request that You support a motion, application or inclusion of a provision a Plan of Reorganization for the Debtors that in any way called for or supported the payment of the fees for the Coalition.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including all drafts of the TDPs.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications that BSA exchanged with Your Local Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

**ABUSE CLAIMS AND ANALYSIS OF ABUSE CLAIMS**

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating and or determining the amount of Your Local Council's contribution to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the amount of Your Local Council's contribution to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating and or determining the amount of Your Local Council's contribution to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents authored or generated by Bates White Concerning the POCs, the Debtors, the Abuse Claims against the Debtors, and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the methodology that was employed to allocate the aggregate contribution by all Local Councils to the Settlement Trust to individual Local Councils including

any allocation by percentage or other means of the aggregate contribution to individual Local Councils.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the calculation and/or determination of the amount of Your Local Council's contribution to the Settlement Trust.

## CHARTERING ORGANIZATIONS

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications that BSA exchanged with any Chartered Organizations concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

## AGREEMENTS WITH CHARTERING ORGANIZATION

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications relating to any agreements between or among the Local Councils, Chartered Organizations and BSA that address in any way responsibility for defending and/or indemnifying claims by persons alleging injury arising from a scouting activity asserted against a chartering organization.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning any claim that Chartering Organizations have asserted against Your Local Council for contribution and/or indemnity for Abuse Claims asserted against Chartering Organizations.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning any claim, assertion or allegation that Local Councils generally and Your Local Council specifically took on an obligation to defend and indemnify Chartering

Organizations for Abuse Claims or other claims through the terms of the annual charter agreements between the Chartered Organizations and Local Councils.

**REQUEST FOR PRODUCTION NO. 24:**

The charter agreements entered into by Your Local Council from January 1, 2014 to the petition date with the following Chartering Organizations: (1) the Methodist Church and any group associated with the Methodist Church, (2) dioceses, parishes and/or schools associated with the Catholic Church (3) the Episcopalian Church and any dioceses, parishes, school or other group associated the Episcopalian Church (4) the Lutheran Church and any diocese, parish, school or other group associated with the Lutheran Church (5) The Knights of Columbus. (6) the YMCA, and (7) the Presbyterian Church and any group associated with the Presbyterian Church.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning the POCs filed by any of the Chartered Organizations in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications analyzing, assessing, or evaluating the proofs of claim filed by any of Chartered Organizations.

## CHARTER MEMBERSHIP

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning membership projections, including any Documents and Communications reflecting analysis of the impact that the disassociation of one or more Chartered Organization from the Debtors and/or Your Local Council would have on the Debtors' membership levels and revenue projections and/or Your Local Council's membership levels.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents authored or generated by Bates White Concerning Abuse Claims asserted or alleged against Your Local Council.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning Abuse Claims asserted on behalf of individuals that you were unable to confirm were scouts in Your Local Council.

**REQUEST FOR PRODUCTION NO. 28:**

The Database, electronic spreadsheet, data and/or other information that was used to determine the amount of Your Local Council's contribution to the Settlement Trust

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications that the Debtors sent to Your Local Councils with the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications that Your Local Council generated in response to the request to complete the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between or among BSA Membership Standards Group and Your Local Councils related to the Local Council Reporting Procedures for any claims based on Abuse, including but not limited to, questions regarding the verification of Proof of Claim data.

**REQUEST FOR PRODUCTION NO. 33:**

All incident reports generated by Your Local Council in connection with the Proofs of Claim filed in these Chapter 11 Cass, including any and all supporting documentation attached to those incident reports.

**REQUEST FOR PRODUCTION NO. 34:**

All membership rosters for Your Local Council that correspond to the date of alleged abuse for the POCs that refer to Your Local Council.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications between and/or among the Your Local Councils, the Chartered Organization Representative (COR) (or Institutional Head, where applicable), unit Committee Chair (CC) and/or unit program leader to notify them of the action being taken to remove the alleged abusers identified by the claimants in the Proof of Claim filed in these Chapter 11 cases from participation in Scouting.

## LOCAL COUNSEL ASSETS

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning whether assets that are donor-restricted should, or should not be, contributed to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to Your cash and financial assets, including but not limited to bank statements, investment statements, listing of individual assets/holdings and associated market values, appraisals or other indicators of market value, records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

## INSURANCE

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning any insurance policies issued to Your Local Council by Hartford.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning the retained limits and/or deductibles associated with any insurance available to Your Local Council for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Concerning Your Council's responsibility to fund retained limits and or deductibles associated with any insurance coverage that it by rd.

**LIQUIDATION ANALYSIS**

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning any liquidation analysis of the Debtors, Local Councils, and/or Chartered Organizations.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications Concerning a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents that You relied upon in deciding to support the First Hartford Settlement Agreement, the Hartford Insurance Settlement Agreement and the TCJC Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications Concerning the consideration and/or negotiation of a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents that set out Your document retention policies and practices over the last five years, including but not limited to the period over which You retain electronic communications.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents that memorialize any directive or instruction given by You or anyone else to Your Local Council and its staff directing them to retain documents concerning the Chapter 11 Cases.

Dated: October 8, 2021

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone:    302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:    212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*