## EXHIBIT A

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| NATIONAL SURETY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2017 CH 14975 |
| | ) | |
| BOY SCOUTS OF AMERICA; CHICAGO | ) | Hon. Peter Flynn |
| AREA COUNCIL, INC. BOY SCOUTS OF | ) | |
| AMERICA; *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ALLIANZ'S ANSWER TO NATIONAL SURETY CORPORATION'S COMPLAINT
FOR DECLARATORY RELIEF AND COUNTERCLAIM**

Defendant Allianz Global Risks US Insurance Company f/k/a Allianz Insurance

Company ("Allianz"), for its Answer to National Surety Corporation's ("National Surety")

Complaint for Declaratory Relief, states as follows:

1.      National Surety issued excess liability policies to Defendant Boy Scouts of

America for the policy periods January 1, 1983 to January 1, 1984, and January 1, 1984 to

January 1, 1985. Defendants Chicago Area Council, Inc.  Boy Scouts of America and Chicago

Area Council, Boy Scouts of America, Inc. (collectively, "Chicago Area Council") are additional

named insureds under the policies.  Boy Scouts of America and Chicago Area Council assert

rights under National Surety's policies and are referred to, together, herein as the "Insured."

**ANSWER:**      The allegations in Paragraph 1 are not directed to Allianz.  To the extent a

response is required, Allianz lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 1 and, therefore, denies them.

2.      The Insured has been sued by individuals alleging that the Insured intentionally

permitted, failed to prevent, and concealed alleged sexual abuse by scout leader Thomas Hacker

("Hacker"), in the lawsuit styled *John Doe et al. v. Thomas Hacker et al.,* pending in the Circuit

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

Court of Cook County, Illinois, Law Division, originally as Case No. 2012-L-013569, and since assigned the new Case No. 2017-L-007900 (the "Underlying Lawsuits").

**ANSWER:**    Allianz admits the allegations in Paragraph 2.

3.    The sexual abuse in the Underlying Lawsuits is alleged to have occurred between 1980 and 1988 with respect to a scout troop located in Burbank, Illinois.

**ANSWER:**    The allegations in the Underlying Lawsuits are set forth in written pleadings that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those pleadings that is inconsistent with their contents. Allianz also specifically denies that any of the alleged sexual abuse in the Underlying Lawsuits took place during the policy period of the Allianz Policy.

4.    Boy Scouts of America is alleged to have intentionally concealed information relating to the widespread problem of sexual abuse by scout leaders since as early as 1919.

**ANSWER:**    The allegations in the Underlying Lawsuits are set forth in written pleadings that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those pleadings that is inconsistent with their contents.

5.    National Surety brings this action to obtain declaratory relief on coverage issues related to its excess liability policies with respect to the Underlying Lawsuits. National Surety seeks a declaration that no coverage exists under its policies with respect to the Underlying Lawsuits, and that National Surety owes no duty to defend, pay defense costs, or indemnify the Insured, and for other relief outlined herein.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 concerning the purpose of National Surety's lawsuit and, therefore,

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

denies them.  The relief that National Surety seeks is set forth in its Complaint, a written document that speak for itself, is the best evidence of its contents, and must be read and construed as a whole.  Allianz denies any characterization of the Complaint that is inconsistent with its contents.  To the extent Paragraph 5 alleges that National Surety is entitled to certain declarations, those allegations are legal conclusions to which no response is required.  To the extent a response is required, Allianz denies those allegations.

6.      The Insured has demanded payment from National Surety on the policies. On information and belief, the Insured disagrees with National Surety regarding coverage interpretations on these issues.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7.      For this reason, National Surety requests coverage interpretations by this Court in a declaratory judgment action.

**ANSWER:**    Allianz admits that National Surety seeks a declaratory judgment from this Court concerning National Surety's coverage obligations.

## PARTIES

8.      Plaintiff National Surety is a corporation organized under the laws of the State of Delaware with its principal place of business and statutory home office in Illinois. It is now and was at all times relevant to this Complaint licensed or authorized to issue insurance policies in the State of Illinois.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

9.    On information and belief, Defendant Boy Scouts of America is a congressionally chartered corporation authorized to do business in Illinois.  Boy Scouts of America asserts rights under policies issued by National Surety and other Insurer Defendants in this action.

**ANSWER:**    Allianz admits that Boy Scouts of America is a congressionally chartered corporation authorized to do business in Illinois.  Allianz also admits that Boy Scouts of America asserts rights under Umbrella Liability Policy number UMB599346, which Allianz issued to Boy Scouts of America National, Regional and All Local Councils for the policy period January 1, 1980 to January 1, 1981 ("the Allianz Policy").  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies them.

10.    On information and belief, Defendant Chicago Area Council is a not-for-profit corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.  Chicago Area Council asserts rights under policies issued by National Surety and other Insurer Defendants in this action.

**ANSWER:**    Allianz admits that Chicago Area Council is a not-for-profit corporation organized under the laws of the State of Illinois and that Chicago Area Council asserts rights under the Allianz Policy.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

11.    On information and belief, a number of other liability insurers issued policies to the Insured during the 1980 to 1988 time period. These insurers are listed below.

**ANSWER:**    Allianz admits that it issued the Allianz Policy to Boy Scouts of America National, Regional and All Local Councils, and that other insurers issued liability policies to the Insured between 1980 and 1988.  Allianz lacks sufficient information to form a belief as to

whether National Surety's listing of those insurers is accurate or complete and, therefore, denies the remaining allegations of Paragraph 11.

12.    On information and belief, Allianz Insurance Company, now known as Allianz Global Risks US Insurance Company ("Allianz"), is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. On information and belief, Allianz issued a liability policy to the Insured covering the time period January 1, 1980 to January 1, 1981.

**ANSWER:**    Allianz admits that it is an Illinois corporation with its principal place of business in Chicago, Illinois, and that it issued the Allianz Policy to Boy Scouts of America National, Regional and All Local Councils for the policy period January 1, 1980 to January 1, 1981.

13.    On information and belief, Defendant Insurance Company of North America ("INA") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. On information and belief, INA issued liability policies to the Insured covering the time period January 1, 1980 to March 1, 1988.

**ANSWER:**    Allianz admits that INA issued liability policies to the Insured for policy periods from January 1, 1980 to March 1, 1988.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies them.

14.    On information and belief, Travelers Casualty and Surety Company, Inc. (f/n/a Aetna Casualty & Surety Company) ("Travelers") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford,

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

Connecticut. On information and belief, Travelers issued a liability policy to the Insured covering the time period January 1, 1980 to January 1**,** 1981.

**ANSWER:**    Allianz admits that Travelers issued a liability policy to the Insured for policy period from January 1, 1980 to January 1, 1981.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15.    On information and belief, Transit Casualty Insurance Co. ("Transit") was a corporation organized under the laws of the State of Missouri with its principal place of business in Los Angeles, California. On information and belief, Transit was declared insolvent and the subsequent receivership has been closed. Accordingly, Transit is not named as a party herein.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16.    On information and belief, First State Insurance Company ("First State") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. On information and belief, First State issued a liability policy to the Insured covering the time period January 1, 1981 to January l, 1983.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.    On information and belief, Twin City Fire Insurance Co. ("TC Fire") is a corporation organized under the laws of the State of Indiana with its principal place of business in Hartford, Connecticut. On information and belief, TC Fire issued a liability policy to the Insured covering the time period January 1, 1982 to January 1, 1983.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18.    On information and belief, Danielson National Insurance Company (f/n/a Mission National Insurance Company) ("Danielson") is a corporation organized under the laws of the State of California with its principal place of business in San Diego, California. On information and belief, Danielson issued a liability policy to the Insured covering the time period January 1, 1984 to January 1, 1985.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.    On information and belief, Landmark Insurance Company ("Landmark") was a corporation organized under the laws of the State of California with its principal place of business in Boston, Massachusetts. On information and belief, Landmark has merged with National Union Fire Insurance Company of Pittsburgh, PA, the latter being the surviving entity. On information and belief, Landmark issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20.    On information and belief, Columbia Casualty Company ("Columbia") is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. On information and belief, Columbia issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

21.    On information and belief, Highlands Insurance Company ("Highlands") was a corporation organized under the laws of the State of Texas with its principal place of business in Lawrenceville, New Jersey. On information and belief, Highlands is currently in receivership. Accordingly, it is not named as a party herein.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22.    On information and belief, International Insurance Group, Inc. ("IIG"), is a corporation organized under the laws of the State of Delaware. On information and belief, IIG issued a liability policy to the Insured covering the time period January l, 1985 to March l, 1986.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23.    On information and belief, Arrowood Indemnity Company (f/n/a Royal Indemnity Company) ("Arrowood") is a corporation organized under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina.  On information and belief, Arrowood issued a liability policy to the Insured covering the time period January I, 1985 to March 1, 1986.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.    On information and belief, Federal Insurance Company ("Federal") is a corporation organized under the laws of the State of Pennsylvania. On information and belief, Federal issued a liability policy to the Insured covering the time period January 1, 1985 to March 1, 1986.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.    On information and belief, United States Fire Insurance Company, Inc. ("U.S. Fire") is a corporation organized under the laws of the State of Delaware with its principal place of business in Morristown, New Jersey. On information and belief, U.S. Fire issued liability policies to the Insured covering the time period March 1, 1986 to March 1, 1987 and March 1, 1987 to March 1, 1988.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.    On information and belief, Utica Mutual Insurance Company ("Utica") is a corporation organized under the laws of the State of New York with its principal place of business in New Hartford, New York. On information and belief, Utica issued a liability policy to the Insured covering the time period March l, 1986 to March I, 1987.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies them.

27.    On information and belief, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in New York, New York. On information and belief, National Union issued liability policies to the Insured covering the time periods March 1, 1986 to March 1, 1987, June 3, 1986 to March 1, 1987, and March 1, 1987 to March 1, 1988.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

28.    On information and belief, Pacific Employers Insurance Company ("Pacific Employers") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. On information and belief, Pacific Employers issued a liability policy to the Insured covering the time period March 1, 1986 to March 1, 1987.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.    On information and belief, Harbor Insurance Company ("Harbor") is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma. On information and belief, Harbor issued a liability policy to the Insured covering the time period May 20, 1986 to March 1, 1987.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

30.    On information and belief, St. Paul Fire and Marine Insurance Company ("St. Paul Fire") is a corporation organized under the laws of the State of Minnesota with its principal place of business in St. Paul, Minnesota. On information and belief, St. Paul Fire issued a "liability policy to the Insured covering the time period May 28, 1986 to March 1, 1987.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies them.

31.    On information and belief, Chubb Custom Insurance Company ("Chubb") is a corporation organized under the laws of the State of Delaware with its principal place of business in Warren, New Jersey. On information and belief, Chubb issued a liability policy to the Insured covering the time period June 3, 1986 to March 1, 1987.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

**ANSWER:**   Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them.

32.   On information and belief, St. Paul Surplus Lines Insurance Company ("St. Paul Surplus") is a corporation organized under the laws of State of Delaware with its principal place of business in St. Paul, Minnesota. On information and belief, St. Paul Surplus issued a liability policy to the Insured covering the time period March 1, 1987 to March 1, 1988.

**ANSWER:**   Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies them.

33.   On information and belief, Lexington Insurance Company ("Lexington") is a corporation organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. On information and belief, Lexington issued a liability policy to the Insured covering the time period March 1, 1987 to March 1, 1988.

**ANSWER:**   Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.   Defendants John Doe Insurers 1-50 are insurers, unknown by name to Plaintiff at this time, that issued liability insurance policies to the Insured. Plaintiff names these John Doe Insurers insofar as they may be alleged to be necessary parties, for the purpose of binding them to the relief sought herein. Plaintiff will dismiss this action as to any John Doe Insurer that is not necessary to the relief sought herein.

**ANSWER:**   Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

35.     The declarations National Surety seeks in this case may impact the coverage obligations of the Insured's liability insurers other than National Surety. For this reason, National Surety has joined to this action the Insured's other liability insurers for the years in which the sexual abuse is alleged to have occurred, 1980 to 1988.

**ANSWER**:    The allegations in the Underlying Lawsuits are set forth in written pleadings that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole.  Allianz denies any characterization of those pleadings that is inconsistent with their contents.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, denies them.

36.     Defendants John Doe - John Doe 18 are plaintiffs in the Underlying Lawsuits. On information and belief, John Doe - John Doe 18 are domiciled in the State of Illinois. Defendants John Doe - John Doe 18 are joined to bind them to the judgment in this case.

**ANSWER**:    Allianz admits that John Doe - John Doe 18 are or were plaintiffs in the Underlying Lawsuits.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies them.

## JURISDICTION AND VENUE

37.     The Court has personal jurisdiction over defendants pursuant to 735 ILCS 5/2-209 because they are domiciled and/or licensed to do business and/or are doing business in the State of Illinois.  In addition, the Court has personal jurisdiction over the out-of-state insurer defendants pursuant to 735 ILCS 5/2-209 because each such defendant is or was transacting business in the State of Illinois within the time periods relevant to the causes of action stated herein and contracted to insure persons, property, or risks located in the State of Illinois.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

**ANSWER:**    Allianz admits that it is domiciled in and does business in Illinois and is subject to this Court's jurisdiction.  Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37 directed at defendants other than Allianz and, therefore, denies them.

38.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 to 103 because it is a county in which multiple defendants are "doing business."  Further, Plaintiffs causes of action arise out of events that occurred in Cook County with respect to a Boy Scout troop located in Cook County, and the Underlying Lawsuits are all filed in the Circuit Court of Cook County, Law Division.

**ANSWER:**    Allianz admits the allegations in Paragraph 38.

### NATIONAL SURETY POLICIES

39.    National Surety issued to Boy Scouts of America a Blanket Excess Liability Policy, No. XLX1484309, in effect for the policy period January 1, 1983 to January 1, 1984 (hereinafter, the "1983-1984 Policy"). A copy of the 1983-1984 Policy is attached hereto as **Exhibit A.**

**ANSWER:**    Allianz admits that a copy of a document purporting to be National Surety's 1983-1984 Policy is attached to the Complaint as Exhibit A.  The 1983-1984 Policy is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole.  Allianz denies any characterization of that document that is inconsistent with its contents.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, denies them.

40.    National Surety issued to Boy Scouts of America a Blanket Excess Liability Policy, No. XLX1484392, in effect for the policy period January 1, 1984 to January 1, 1985 (hereinafter, the "1984-1985 Policy"). A copy of the 1984-1985 Policy is attached hereto as

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

**Exhibit B**. Together, the 1983-1984 Policy and the 1984-1985 Policy are referred to herein as the "National Surety Policies."

**ANSWER:**    Allianz admits that a copy of a document purporting to be National Surety's 1984-1985 Policy is attached to the Complaint as Exhibit B.  The 1984-1985 Policy is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole.  Allianz denies any characterization of that document that is inconsistent with its contents.  Allianz lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, denies them.

41.    The National Surety Policies are "follow form" excess policies that incorporate, with certain listed exceptions, the terms, conditions, and exclusions of underlying policies issued by INA to Boy Scouts of America for the 1983-1984 and 1984-1985 years, respectively.

**ANSWER:**    The allegations in Paragraph 41 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

42.    Subject to the stated limits of liability, terms, conditions, and exclusions, the National Surety Policies provide indemnity coverage for "occurrence[s]" which take place during the policy period. An "occurrence" is defined in pertinent part as an "accident ... which results in Personal Injury . . . neither expected nor intended from the standpoint of the insured."

**ANSWER:**    The allegations in Paragraph 42 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

43.    The National Surety Policies do not provide for a duty to defend, but defense costs may be reimbursable if incurred with the consent of National Surety, but only in the proportion that the Insured and National Surety are responsible for the loss.

**ANSWER:**    The allegations in Paragraph 43 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

## UNDERLYING LAWSUITS ALLEGATIONS

44.    John Doe - John Doe 18 assert claims against the Insured in the Underlying Lawsuits arising out of the alleged sexual abuse of John Doe - John Doe 18 by Thomas Hacker ("Hacker"). A copy of the Third Amended Complaint in the Underlying Lawsuits is attached hereto as Exhibit C.

**ANSWER:**    Allianz admits that the Third Amended Complaint in the Underlying Lawsuits is attached to National Surety's Complaint as Exhibit C.    The Third Amended Complaint is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole.    Allianz denies any characterization of the Third Amended Complaint that is inconsistent with its contents.

45.    John Doe - John Doe 18 allege that the Insured knew of Hacker's predatory tendencies, and of the widespread problem of sexual abuse by scout masters, prior to Hacker's alleged abuse of John Doe - John Doe 18. (Third Amended Complaint pp. 12-35.)

**ANSWER:**    The Third Amended Complaint in the Underlying Lawsuits is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole.  Allianz denies any characterization of the Third Amended Complaint that is inconsistent with its contents.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

46.    John Doe - John Doe 18 allege that, despite this knowledge, the Insured, through various acts and omissions, permitted, failed to take steps to prevent, and concealed Hacker's alleged sexual abuse of John Doe - John Doe 18. (Third Amended Complaint pp. 35-499.)

**ANSWER:**    The Third Amended Complaint in the Underlying Lawsuits is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole.  Allianz denies any characterization of the Third Amended Complaint that is inconsistent with its contents.

47.    By way of summary, John Doe - John Doe 18 allege as follows:

(a)    "Since approximately 1919, BOY SCOUTS OF AMERICA has maintained a group of files known variously as the red files, perversion files, or ineligible volunteer files (IV Files)." (Third Amended Complaint p. 27, ¶ 6.)

(b)    "The IV Files ... document multiple instances of child molesters volunteering with scouting, molesting a child, being reported to BSA, but then re-gaining entry into scouting." (Third Amended Complaint p. 20, ¶ 72.)

(c)    "BSA's 'Ineligible Volunteer Files' contained a file for Mr. Hacker opened in 1970, yet he was able and permitted by BSA to register with the Chicago Area Council in the 1980s and was able to participate in Scouting." (Third Amended Complaint p. 36, ¶ 124.)

(d)    "BSA knew or should have known that its 'ineligible volunteers' system of keeping track of pedophiles infiltrating its ranks and attempting to eliminate them did not function as it was intended, was flawed, and in many cases ineffective BSA did nothing to educate or inform Scouts and their parents of the

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

enormity of the pedophile problem, nor did BSA take action to correct its screening and/or education system." (Third Amended Complaint p. 36, ¶ 125.)

   (e)  "Instead of addressing the problem by informing parents and scouts of the issue, or by implementing safety programs to prevent abuse, BSA instead concealed the problem by employing a public relations department to combat negative stories about sexual abuse in Scouting." (Third Amended Complaint pp. 23-24, ¶ 101.)

   (f)  "After the BOY SCOUTS OF AMERICA learned that Thomas Hacker molested Chicago Area Council scouts, the BOY SCOUTS OF AMERICA concealed the fact, in the 1970s, it had previously identified Hacker as a child molester and/or abuser but still allowed him to register with the Chicago Area Council." (Third Amended Complaint pp. 43-44, ¶ 151.)

  **ANSWER:**  Allianz admits that the allegations in Paragraph 47 accurately quote portions of the Third Amended Complaint in the Underlying Lawsuits.

  48.  John Doe - John Doe 18 seek punitive damages against the Insured as a result of the Insured's alleged intentional conduct and fraudulent concealment. (Third Amended Complaint pp. 23-26.)

  **ANSWER:**  The Third Amended Complaint in the Underlying Lawsuits is a written document that speaks for itself, is the best evidence of its contents, and must be read and construed as a whole. Allianz denies any characterization of the Third Amended Complaint that is inconsistent with its contents.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

## FIRST CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies, And That National Surety Has No Duty To Indemnify The Insured, Because The Insured's Alleged Conduct Is Not An "Accident."**

49.    National Surety incorporates by reference in this First Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 49.

50.    An "occurrence" covered under National Surety's Policies is defined to require an "accident."

**ANSWER:**    The allegations in Paragraph 50 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

51.    The Underlying Lawsuits allege that the Insured knew that Hacker was a predator, and of the widespread problem of sexual abuse by scout masters, and, despite this knowledge, permitted, failed to take steps to prevent, and concealed Hacker's sexual abuse of John Doe - John Doe 18.

**ANSWER:**    The allegations in Paragraph 51 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

52.    The alleged conduct of the Insured in the Underlying Lawsuits Does not constitute an "accident."

**ANSWER:**    The allegations in Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required, Allianz admits the allegations in Paragraph 52.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

53.     Accordingly, no coverage exists for the Underlying Lawsuits under National Surety's Policies, and National Surety owes no duty to indemnify the Insured.

**ANSWER:**    The allegations in Paragraph 53 are legal conclusions to which no response is required.   To the extent a response is required, Allianz admits the allegations in Paragraph 53.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National Surety's Policies, and that National Surety owes no duty to indemnify the Insured, because the Insured's alleged conduct is not an accident.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

## SECOND CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies, And That National Surety Has No Duty To Indemnify The Insured, Because The Insured's Alleged Conduct Was Expected Or Intended.**

54.     National Surety incorporates by reference in this Second Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 54.

55.     An "occurrence" covered under National Surety's Policies Does not include acts that are expected or intended from the standpoint of the insured.

**ANSWER:**    The allegations in Paragraph 55 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

56.     The Underlying Lawsuits allege that the Insured knew that Hacker was a predator, and of the widespread problem of sexual abuse by scout masters, and, despite this knowledge,

permitted, failed to take steps to prevent, and concealed Hacker's alleged sexual abuse of John

Doe - John Doe 18.

**ANSWER:**    The allegations in Paragraph 56 refer to written documents that speak for

themselves, are the best evidence of their contents, and must be read and construed as a whole.

Allianz denies any characterization of those documents that is inconsistent with their contents.

57.    The alleged conduct of the Insured in the Underlying Lawsuits was expected or

intended.

**ANSWER:**    The allegations in Paragraph 57 are legal conclusions to which no

response is required.  To the extent a response is required, Allianz admits the allegations in

Paragraph 57.

58.    Accordingly, no coverage exists for the Underlying Lawsuits under National

Surety's Policies, and National Surety owes no duty to indemnify the Insured, because the

Insured's alleged conduct was expected or intended.

**ANSWER:**    The allegations in Paragraph 58 are legal conclusions to which no

response is required.  To the extent a response is required, Allianz admits the allegations in

Paragraph 58.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National

Surety's Policies, and that National Surety owes no duty indemnify the Insured, because the

Insured's alleged conduct was expected or intended.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to

which a response is required.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

## THIRD CAUSE OF ACTION

**Declaration That No Coverage Exists Under National Surety's Policies For Punitive Damages, And That National Surety Has No Duty To Indemnify The Insured With Respect To Punitive Damages.**

59.    National Surety incorporates by reference in this Third Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 59.

60.    The Underlying Lawsuits seek punitive damages for the Insured's conduct.

**ANSWER:**    Allianz admits the allegations of Paragraph 60.

61.    Punitive damages are not insurable.

**ANSWER:**    Allianz admits that punitive damages are not insurable as a matter of public policy and, answering further, states that punitive damages are not covered under the Allianz Policy, which excludes coverage for punitive damages.

62.    Accordingly, no coverage exists for punitive damages sought in the Underlying Lawsuits, and National Surety owes no duty to indemnify the Insured with respect to punitive damages.

**ANSWER:**    Allianz admits that punitive damages are not insurable as a matter of public policy and, answering further, states that punitive damages are not covered under the Allianz Policy, which excludes coverage for punitive damages.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists under National Surety's Policies for punitive damages, and that National Surety owes no duty to indemnify the Insured with respect to punitive damages.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

## FOURTH CAUSE OF ACTION

### Declaration That Coverage Is Not Available For Underlying Lawsuits In Which Personal Injury Does Not Take Place During The Policy Period.

63.    National Surety incorporates by reference in this Fourth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 63.

64.    The National Surety Policies require - for there to be coverage - that Personal Injury occur during the applicable policy period. There is, accordingly, no coverage under National Surety's Policies for Personal Injury which takes place outside of the applicable policy periods.

**ANSWER:**    The allegations in Paragraph 64 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

WHEREFORE, Plaintiff prays for a declaration that no coverage exists for the Underlying Lawsuits in which there is no personal injury during the policy period, and that National Surety has no duty to indemnify the Insured with respect to the Underlying Lawsuits in which there is no personal injury during the policy periods.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

## FIFTH CAUSE OF ACTION

### Declaration That National Surety Has No Duty To Provide Coverage Or Indemnify The Insured Until Underlying Insurance Is Exhausted.

65.    National Surety incorporates by reference in this Fifth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 65.

66.    The National Surety Policies are excess policies that respond only when underlying insurance is exhausted.

**ANSWER:**    The allegations in Paragraph 66 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

67.    On information and belief, underlying insurance is not exhausted.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.    On information and belief, certain of the Insured's other insurers are insolvent, and National Surety's policies would not respond until payments are made exhausting such underlying policies.

**ANSWER:**    Allianz lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 concerning the insolvency of other insurers and, therefore, denies them.  The remaining allegations in Paragraph 68 are legal conclusions to which no response is required.  To the extent a response is required, Allianz denies the legal conclusions asserted in Paragraph 68.

WHEREFORE, Plaintiff prays for a declaration that it has no duty to provide coverage or indemnify the Insured unless and until underlying insurance is exhausted.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

## SIXTH CAUSE OF ACTION

### Declaration That National Surety Has No Duty To Defend Or Reimburse Defense Costs.

69.    National Surety incorporates by reference in this Sixth Cause of Action all allegations in this Complaint, including Exhibits attached hereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 69.

70.    The National Surety Policies do not provide for a duty to defend.

**ANSWER:**    The allegations in Paragraph 70 refer to written documents that speak for themselves, are the best evidence of their contents, and must be read and construed as a whole. Allianz denies any characterization of those documents that is inconsistent with their contents.

71.    No coverage exists under National Surety's Policies because the Insured's conduct was not an "accident," as set forth in National Surety's First Cause of Action.

**ANSWER:**    The allegations in Paragraph 71 are legal conclusions to which no response is required.  To the extent a response is required, Allianz admits the allegations in Paragraph 71.

72.    No coverage exists under National Surety's Policies because the Insured' s conduct was expected or intended, as set forth in National Surety's Second Cause of Action.

**ANSWER:**    The allegations in Paragraph 72 are legal conclusions to which no response is required.  To the extent a response is required, Allianz admits the allegations in Paragraph 72.

73.    No coverage exists under National Surety's Policies with respect to punitive damages, as set forth in National Surety's Third Cause of Action.

**ANSWER:**    The allegations in Paragraph 73 are legal conclusions to which no response is required.   To the extent a response is required, Allianz admits the allegations in Paragraph 73.

74.    No coverage exists under National Surety's Policies with respect to occurrences taking place outside the policy period, as set forth in National Surety's Fourth Cause of Action.

**ANSWER:**    The allegations in Paragraph 74 are legal conclusions to which no response is required.   To the extent a response is required, Allianz admits the allegations in Paragraph 74.

75.    National Surety has no duty to provide coverage unless and until underlying insurance is exhausted, as set forth in National Surety's Fifth Cause of Action.

**ANSWER:**    The allegations in Paragraph 75 are legal conclusions to which no response is required.   To the extent a response is required, Allianz admits the allegations in Paragraph 75.

76.    Because no coverage exists under National Surety's Policies, National Surety has no obligation to reimburse defense costs.

**ANSWER:**    The allegations in Paragraph 76 are legal conclusions to which no response is required.   To the extent a response is required, Allianz admits the allegations in Paragraph 76.

WHEREFORE, Plaintiff prays for a declaration that National Surety has no duty to defend the Insured or reimburse defense costs, consistent with the relief sought in the First through Fifth Causes of Action set forth above.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

## SEVENTH CAUSE OF ACTION

### Declaration Of National Surety's Rights And Obligations Under The Policies.

77.    National Surety incorporates by reference in this Seventh Cause of Action all allegations in this Complaint, including Exhibits attached thereto.

**ANSWER:**    Allianz incorporates all of its answers to this Complaint's other allegations in its answer to Paragraph 77.

78.    To the extent not addressed in the preceding Causes of Action, National Surety seeks a declaration concerning its rights and obligations under policies it issued to Boy Scouts of America and/or Chicago Area Council.

**ANSWER:**    Paragraph 78 sets forth no factual allegations to which a response is required.

WHEREFORE, Plaintiff prays for a declaration establishing its rights and obligations under policies it issued to Boy Scouts of America and/or Chicago Area Council.

**ANSWER:**    National Surety's "wherefore" clause sets forth no factual allegations to which a response is required.

## GENERAL DENIAL

Allianz denies any and all allegations in National Surety's Complaint that are not specifically admitted herein.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

## ALLIANZ'S COUNTERCLAIM

Allianz Global Risks US Insurance Company ("Allianz") brings this Counterclaim against Boy Scouts of America, Chicago Area Council, Insurance Company of North America, Travelers Casualty and Surety Company, Inc., First State Insurance Company, and Twin City Fire Insurance Company, and in support thereof states as follows:

### NATURE OF THE ACTION

1.      This is an insurance coverage dispute.  Allianz seeks the Court's declaration that Allianz does not owe defense or indemnity to Boy Scouts of America ("BSA") and Chicago Area Council for underlying lawsuits involving injuries arising out of sexual abuse committed by Thomas Hacker.  Alternatively, to the extent the Court holds that Allianz owes coverage to the BSA and Chicago Area Council, Allianz seeks the Court's declaration that it is entitled to contribution or subrogation from Insurance Company of North America ("INA"), Travelers Casualty and Surety Company, Inc. ("Travelers"), First State Insurance Company ("First State"), and Twin City Fire Insurance Company ("Twin City").

### JURISDICTION AND VENUE

2.      Allianz is an Illinois corporation with its principal place of business in Chicago, Illinois.

3.      On information and belief, BSA is a congressionally chartered corporation authorized to do business in Illinois.

4.      On information and belief, Chicago Area Council is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois.

5.      On information and belief, INA is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

6.     On information and belief, Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

7.     On information and belief, First State is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

8.     On information and belief, Twin City is an Indiana corporation with its principal place of business in Hartford, Connecticut.

9.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 735 ILCS 5/2-701.  An actual controversy exists among the parties regarding the nature and extent of Allianz, INA, Travelers, First State, and Twin City's (collectively, "the Insurers") coverage obligations, if any, to BSA and Chicago Area Council with respect to the underlying lawsuits filed by Thomas Hacker's victims, as described below.

10.     On information and belief, this Court has personal jurisdiction over the Insurers, BSA, and the Chicago Area Council pursuant to 735 ILCS 5/2-209, as each is domiciled, licensed to do business, or doing business in Illinois, or issued insurance policies insuring risks located in Illinois.

11.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because the events giving rise to this lawsuit occurred in Cook County.

### BACKGROUND

### The Underlying Lawsuit

12.     Former boy scouts identified as John Does 1 through 18 filed a lawsuit against Thomas Hacker, BSA, and the Chicago Area Council in the Circuit Court of Cook County, Illinois styled *John Doe et al. v. Thomas Hacker et al.,* Case No. 2017-L-007900 ("the Underlying Lawsuit"), alleging that Hacker sexually abused them.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

**The Allianz Policy**

13.     Allianz issued Umbrella Liability Policy number UMB599346 to Boy Scouts of America National, Regional and All Local Councils for the policy period January 1, 1980 to January 1, 1981 ("the Allianz Policy").  The Allianz Policy is attached as Exhibit A.

14.     The Allianz Policy's insuring agreement states, in relevant part, as follows:

INSURING AGREEMENTS

I.      COVERAGE.  The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obligated to pay by the reason of the liability

      A.      imposed upon the Insured by law, or

      B.      assumed under contract or agreement by the Named Insured,

for damages on account of

      A.      Personal Injuries

      B.      Property Damage

      C.      Advertising Liability,

caused by or arising out of each occurrence anywhere.

Ex. A at ALZ0009.

15.     The Allianz Policy defines "personal injury," in relevant part, as "bodily injury…." *Id.* at ALZ0013.

16.     The Allianz Policy defines "bodily injury" as "bodily injury, sickness or disease, including death and care and loss of services resulting therefrom sustained by any person." *Id.*

17.     The Allianz Policy defines "occurrence" as "an accident, including injurious exposure to conditions, which results during the policy period, in personal injury, property

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

damage or advertising liability neither expected nor intended from the standpoint of the Insured." *Id.*

18.    The Allianz Policy contains the following provision concerning its policy period:

> IV.    POLICY PERIOD, TERRITORY.    This Policy applies to personal injury, property damage or advertising liability which occurs anywhere during the policy period.

*Id.* at ALZ0010.

19.    The Allianz Policy contains the following Assistance and Cooperation condition:

> H.    ASSISTANCE AND COOPERATION.    Except as provided in Insuring Agreement H with respect to the exhaustion of the aggregate limits of underlying policies listed in the Schedule of Underlying Insurance, the Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to any occurrence where the claim or suit involves, or appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense of such claim, suit or proceeding.

*Id.* at ALZ0014-15.

20.    The Allianz Policy's limits of liability provision states, in relevant part, as follows:

> II.    LIMITS OF LIABILITY-RETAINED LIMIT.    The Company shall only be liable for the Ultimate Net Loss resulting from any one occurrence in excess of
>
> A.    the limits of the underlying insurance as stated in the attached Schedule of Underlying Insurance (whether collectible or not) and the applicable limits of any other underlying insurance collectible by the Insured, less the

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss during the period of this policy, or

B.    If the insurance afforded by such underlying insurance is inapplicable to the occurrence, the amount specified in Item 5 of the Declarations as the Retained Limit,

hereinafter called the Underlying Limits.

…

In the event of reduction or exhaustion of the aggregate limits of liability applicable to the underlying insurance (listed in the Schedule of Underlying Insurance hereof) by reason of losses paid thereunder, this policy shall, subject to the terms and conditions of the underlying insurance,

(a)    in the event of reduction pay the excess of the reduced underlying limit;

(b)    in the event of exhaustion continue in force as underlying insurance.

*Id.*

21.    "Underlying insurance" is defined as follows:

UNDERLYING INSURANCE. Means the insurance policies listed in the Schedule of Underlying Insurance including any renewal or replacement of such contracts, and also includes the insurance policies not listed in the Schedule of Underlying Insurance for which notice has been given to the company pursuant to the policy condition entitled "Underlying Insurance-Changes or Additional Coverages during this Policy Period".

*Id.* at ALZ0014.

22.    The Allianz Policy contains the following Maintenance of Underlying

Insurance condition:

MAINTENANCE OF UNDERLYING INSURANCE.  It is warranted by the Insured that the Schedule of Underlying Insurance or renewals or replacements thereof not more restricted, shall be maintained in force as collectible insurance during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during the

FILED DATE: 2/28/2019 1:34 PM    2017CH14975

period of this policy. In the event of failure by the insured so to maintain such policies or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force.

*Id.* at ALZ0016.

23.    The Allianz Policy contains the following Other Insurance condition:

OTHER INSURANCE.  If other valid and collectible insurance with any other insurer is available to the Insured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

*Id.* at ALZ0015.

24.    The Allianz Policy also contains the following punitive damages exclusion:

EXCLUSIONS

…

Except insofar as coverage is available to the Insured under the underlying insurances set out in the attached schedule, this policy shall not apply

…

R.    to punitive or exemplary damages awarded against any insured.

*Id.* at ALZ0010.

## The Other Insurers' Policies

25.    On information and belief, INA, Travelers, First State, and Twin City each issued liability insurance policies providing coverage to BSA and/or the Chicago Area Council for policy periods that include all or portions of the years 1980, 1981, and 1982.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

## COUNT I
## DECLARATORY JUDGMENT
### No Duty to Defend or Pay Defense Costs

26.     Allianz incorporates all preceding paragraphs as though fully restated herein.

27.     The Allianz Policy provides coverage, in relevant part and subject to its terms, conditions, and exclusions, for sums the Insured is obligated to pay by reason of liability imposed by law for damages.

28.     Costs and fees incurred by or on behalf of BSA and the Chicago Area Council to defend against the Underlying Lawsuit are not sums that they are legally obligated to pay for damages.

29.     The Allianz Policy also explicitly provides that, except with respect to the exhaustion of the aggregate limits of underlying policies listed in the Schedule of Underlying Insurance, Allianz shall not be called upon to assume charge of the defense of any suit brought against the Insured.

30.     The aggregate limits of the underlying policies listed in the Schedule of Underlying Insurance, including INA policy number GLP 706452, have not been exhausted.

WHEREFORE Allianz prays that the Court:

      a.      Find and declare that Allianz has no duty to defend or to pay defense fees and costs incurred by or on behalf of BSA and the Chicago Area Council in connection with the Underlying Lawsuit; and

      b.      Award Allianz such other and further relief that the Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT
### No Occurrence

31.     Allianz incorporates all preceding paragraphs as though fully restated herein.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

32.     Coverage under the Allianz Policy potentially applies only to injury caused by an "occurrence," which the policy defines, in relevant part, as an accident resulting in injury neither expected nor intended from the standpoint of the insured.

33.     The plaintiffs in the Underlying Lawsuit allege that BSA and the Chicago Area Council knew that Hacker was a child abuser and sexual predator and knew of the likelihood that he would affiliate himself with another troop and abuse additional children, but that BSA and the Chicago Area Council failed to take steps to prevent him from doing so and affirmatively concealed the danger that Hacker posed to scouts.

34.     The plaintiffs in the Underlying Lawsuit further allege that BSA and the Chicago Area Council caused separate injury to the plaintiffs by fraudulently concealing their culpability from the plaintiffs.

WHEREFORE Allianz prays that the Court:

a.      Find and that BSA's and the Chicago Area Council's intentional conduct at issue in the Underlying Lawsuit does not constitute an "occurrence" as defined in the Allianz Policy;

b.      Find and declare that Allianz has no duty to indemnify BSA and the Chicago Area Council for the damages at issue in the Underlying Lawsuit; and

c.      Award Allianz such other and further relief that the Court deems just and proper.

### COUNT III
### DECLARATORY JUDGMENT
### No Injury During the Policy Period

35.     Allianz incorporates all preceding paragraphs as though fully restated herein.

FILED DATE: 2/28/2019 1:34 PM  2017CH14975

36.    Coverage under the Allianz Policy potentially applies only to injury that takes place during the January 1, 1980 to January 1, 1981 policy period.

37.    The Third Amended Complaint in the Underlying Lawsuit alleges that "Hacker became active in the Chicago Area Council of Boy Scouts of America beginning in approximately 1981 or 1982." (National Surety's Complaint Ex. C at 16.)

38.    Except for John Doe 7, the plaintiffs in the Underlying Lawsuit all allege that Hacker first abused them after January 1, 1981.

39.    John Doe 7 alleges that Hacker abused him between "1980 or 1981 and 1982." (*Id.* at 4.)

40.    The evidence in the Underlying Lawsuit shows that Hacker's abuse of John Doe 7 began after January 1, 1981.

WHEREFORE Allianz prays that the Court:

a.    Find and declare that the injuries at issue in the Underlying Lawsuit did not occur during the policy period of the Allianz Policy;

b.    Find and declare that Allianz has no duty to indemnify BSA and the Chicago Area Council for the damages at issue in the Underlying Lawsuit; and

c.    Award Allianz such other and further relief that the Court deems just and proper.

### COUNT IV
### DECLARATORY JUDGMENT
### No Coverage for Punitive Damages

41.    Allianz incorporates all preceding paragraphs as though fully restated herein.

42.    The Allianz Policy excludes coverage for punitive or exemplary damages.

43.    Punitive damages are not insurable as a matter of law or public policy.

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

WHEREFORE Allianz prays that the Court:

    a.    Find and declare that Allianz has no duty to indemnify BSA and the Chicago Area Council for any punitive or exemplary damages award or for that portion of any settlement corresponding to potential liability for punitive or exemplary damages; and

    b.    Award Allianz such other and further relief that the Court deems just and proper.

**COUNT V**
**DECLARATORY JUDGMENT**
**In the Alternative – Allocation, Horizontal Exhaustion, and Other Insurance**

44.    Allianz incorporates all preceding paragraphs as though fully restated herein.

45.    In the event Hacker's alleged abuse of John Doe 7 is held to have begun during Allianz's policy period, the resulting injuries took place during multiple policy periods and any damages must be allocated across all such triggered periods.

46.    Coverage under the Allianz Policy potentially applies only to loss in excess of the limits of underlying insurance, including, without limitation, INA policy number GLP 706452 and any renewal or replacement of that policy.

47.    Under the Allianz Policy's other insurance condition, coverage under the Allianz Policy is excess of and shall not contribute with other valid and collectible insurance available to BSA and the Chicago Area Council that covers a loss also covered by the Allianz Policy.

WHEREFORE Allianz prays that the Court:

    a.    Find and declare that Hacker's alleged abuse of John Doe 7 triggers coverage in each policy period during which the abuse and resulting injuries occurred;


FILED DATE: 2/28/2019 1:34 PM 2017CH14975

b. Find and declare that the damages on account of John Doe 7's alleged injuries must be allocated across each triggered policy period;

c. Find and declare that the limits of all applicable primary insurance in effect during the triggered policy periods must be fully exhausted before the umbrella or excess policies in those policy periods owe any indemnity;

d. Find and declare that all other valid and collectible insurance available to BSA and the Chicago Area Council for John Doe 7's injuries must be exhausted before Allianz owes indemnity under the Allianz policy; and

e. Award Allianz such other and further relief that the Court deems just and proper.

**COUNT VI**
**EQUITABLE CONTRIBUTION AND SUBROGATION**
**In the Alternative – Equitable Contribution and Subrogation Against Other Insurers**

48. Allianz incorporates all preceding paragraphs as though fully restated herein.

49. In the event Allianz is found to owe indemnity to BSA, the Chicago Area Council, or both for any portion of a judgment or settlement in the Underlying Lawsuit, the other Insurers, including INA, Travelers, First State, and Twin City, will also have indemnity obligations with respect to such judgment or settlement, and Allianz is entitled to equitable subrogation or contribution from those Insurers.

WHEREFORE Allianz prays that the Court:

a. Find and declare that, in the event Allianz must indemnify BSA, the Chicago Area Council, or both for a judgment or settlement in the

FILED DATE: 2/28/2019 1:34 PM   2017CH14975

Underlying Lawsuit, Allianz is entitled to equitable contribution from, or subrogation against, INA, Travelers, First State, and Twin City, to the extent such judgment or settlement is also covered under those insurers' policies; and

b.   Award Allianz such other and further relief that the Court deems just and proper.

Dated: February 28, 2019

Respectfully Submitted,

**ALLIANZ GLOBAL RISKS US INSURANCE COMPANY**

Matthew S. Sorem
Rhani A. Elrahman
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606
Tel: (312) 585-1400
msorem@nicolaidesllp.com
relrahman@nicolaidesllp.com
Firm No. 57569