**EXHIBIT G**

ACCEPTED
05-19-01119-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
9/13/2019 3:42 PM
LISA MATZ
CLERK

**CAUSE NO. _____**

**IN THE COURT OF APPEALS**
**FOR THE FIFTH JUDICIAL DISTRICT**
**DALLAS, TEXAS**

---

**IN RE NATIONAL SURETY CORPORATION**

---

Original Proceeding to Cause No. DC-18-11896
Pending in the 192nd Judicial District Court,
Dallas County, Texas,
Honorable Craig Smith, Presiding

---

**RELATOR'S EMERGENCY MOTION TO STAY UNDERLYING LITIGATION**

---

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted  *pro hac vice*)
Illinois Bar No. 6201358
tjacobs@bradleyriley.com
David M. Caves (admitted  *pro hac vice*)
Illinois Bar No. 6292531
dcaves@bradleyriley.com
320 W. Ohio Street, Suite 3W
Chicago, Illinois 60654
Telephone: (312) 281-0295
Facsimile: (319) 363-9824

MARTIN, DISIERE, JEFFERSON &
WISDOM L.L.P.
Christopher W. Martin
State Bar No. 13057620
martin@mdjwlaw.com
William Edward McMichael
State Bar No. 24107860
mcmichael@mdjwlaw.com
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**TO THE HONORABLE COURT OF APPEALS:**

On March 27, 2019, the district court entered an order ("March 27 Order") denying Relator National Surety Corporation's Motion for Stay and Plea in Abatement asking the district court to stay the underlying proceedings pending resolution of an identical action filed by National Surety in Illinois state court nine months earlier. Both actions seek the same relief as to National Surety – an adjudication of the parties' rights and obligations under two insurance policies National Surety issued to Real-Party-in-Interest Boy Scouts of America ("BSA") in the mid-1980s with respect to several sexual abuse claims pending against BSA in the Circuit Court for Cook County, Illinois. The same day as it filed its original petition in this matter, BSA moved to dismiss National Surety's Illinois complaint on forum non conveniens grounds. On January 11, 2019, two months before the district court's March 27 Order here, the Illinois circuit court denied BSA's motion to dismiss and ruled that the parties' coverage dispute would proceed in Illinois.

National Surety initiated this mandamus proceeding on September 13, 2019, following the district court's September 10 denial of National Surety's motion for reconsideration of the March 27 Order.[1] National Surety's Petition asks the Court to compel the district court to vacate its March 27 and September 10 Orders and enter

---

[1] National Surety filed its motion for reconsideration of the March 27 Order on May 31, 2019. Hearing on the motion was originally scheduled for June 1, but was continued until September 3 while the parties participated in mediation. The mediation was not successful.

an order staying all further proceedings in this matter pending resolution of the inherently interrelated Illinois action, as required by well-established principles of interstate comity to which Texas law adheres.

On August 21, 2019, BSA filed with the district court a motion for summary judgment, in which it is taking a position regarding the nature of National Surety's coverage obligations that is the exact opposite of what it argued to the Illinois circuit court as the basis for either dismissing or temporarily staying the Illinois action. Hearing on BSA's summary judgment motion is scheduled for October 7, 2019 and will proceed absent an order from this Court staying all underlying trial proceedings pending its review of the district court's March 27 and September 10 Orders. As we discuss below, allowing the underlying trial proceedings to move forward while the Court reviews National Surety's Petition would be inconsistent with the interests of interstate comity, unnecessarily result in duplicative proceedings and the possibility of conflicting rulings on dispositive issues, and would diminish the efficacy of the very remedy National Surety's Petition seeks.

## ANALYSIS AND AUTHORITIES

Texas Rule of Appellate Procedure 52.10(a) extends to appellate courts the authority to grant "'any relief pending the court's action on' a mandamus petition, including a stay of all underlying proceedings in the trial court." *In re Bates*, 429 S.W.3d 47, 53 (Tex.App.-Houston [1st Dist.] 2014, orig. proceeding), *quoting* Tex.

R. App. P. 52.10(a)-(b). The purpose of Rule 52.10 is to provide an appellate court the "opportunity to address the dispute encompassed within a petition for mandamus…by maintaining the status quo until it can address the dispute." *In re Terminix Intern., Co., LP*, 131 S.W.3d 651, 653 (Tex. App.—Corpus Christi 2004, orig. proceeding); *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding) (appellate court authorized to stay underlying proceedings pending decision on mandamus petition "for the purpose of protecting our jurisdiction so that we [can] consider the merits of the mandamus action.").

A stay of the underlying proceedings in this case pending a decision on National Surety's Petition is warranted for the following reasons.

**A.    The Trial Court's Refusal to Stay This Action in Favor of National Surety's First-Filed Illinois Action Constituted an Abuse of Discretion under Well-Established Texas Law.**

For the reasons set forth in National Surety's Petition, the district's refusal to stay this action was a clear abuse of discretion entitling National Surety to mandamus relief. In accordance with the principles of interstate comity, Texas law is well established that "[w]hen a matter is first filed in another state, the general rule is that Texas courts stay the later-filed proceeding pending adjudication of the first suit." *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (citing *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 946–47 (Tex. App.—Houston [1st Dist.] 1990, no pet.)). Accordingly, Texas courts of appeals have held that a trial

court's "failure to properly apply the principles of comity when requested to stay the later of two actions pending in different states constitutes an abuse of discretion." *In re State Farm Mut. Auto*, 192 S.W.3d 897, 900 (Tex. App.—Tyler 2006, orig. proceeding); *Alpine Gulf, Inc. v. Valentino*, 563 S.W.2d 358, 360 (Tex. App.—Houston [14th Dist.] 1978, pet. denied) (trial court erred by refusing to stay later-filed Texas action seeking same ultimate relief as New York action filed five days earlier.); *Evans v. Evans*, 186 S.W.2d 277, 279-280 (Tex. App.—San Antonio 1945, no pet.) (trial court's refusal to stay later-filed Texas action where Ohio court had ruled that action first filed there would proceed constituted an abuse of discretion because it "effect[ed] an unwarranted interference with the rights of non-residents of this State, which rights have been recognized and made effective by order of a court of a sister state," contrary to "the principle of comity between states [that] should prevail in [such a] situation.").

There is no dispute that this matter and National Surety's first-filed Illinois action are closely related, or that the parties' dispute is properly venued in Illinois. Indeed, the actions as between National Surety and BSA are identical. Rec. 2289-2322. BSA seeks coverage from National Surety in both cases for the same underlying claims, under the same policies, based on the same facts and circumstances; namely, the sexual abuse committed by a Scout leader in the Chicago area. Rec. 2309-2310. BSA's First Amended Petition in this case is identical in every

substantive regard to the counterclaims it has filed in Illinois, asserting the same causes of action, requesting the same coverage declarations based on the same policy language, and seeking the same monetary relief. Rec. 2126; Rec. 2162-2164. The *only* dispute between BSA and National Surety pending before the district court concerns National Surety's coverage obligations with respect to the underlying Hacker litigation, which is the only dispute between the parties pending before the Illinois circuit court.

It is also undisputed that Illinois is a proper forum for this matter. National Surety is an Illinois resident, with its principle place of business in Chicago, Illinois, where BSA has operated for decades. Rec. 2194; Rec. 2999. The Chicago Area Council is located in Chicago, Illinois. The underlying claims for which BSA seeks coverage were all filed in the Circuit Court of Cook County, Illinois, where BSA has been actively litigating the claims for the past seven years. And, upon BSA's demands for coverage, National Surety filed a declaratory judgment action in an Illinois court, as required by Illinois law. Rec. 28.

Based on these facts, the Illinois circuit court concluded that BSA's motion to dismiss the case for forum non-conveniens was "manifestly inappropriate," and that the action would proceed in Illinois. Rec. 617-618. The Illinois case has since progressed through the pleading stage, with BSA filing affirmative defenses and counterclaims to National Surety's complaint, and several of the parties issuing and

responding to written discovery. Rec. 2126; Rec. 2162-2164; Rec. 3409-3410. Duplicate discovery is proceeding in Texas, and BSA has now filed a summary judgment motion – scheduled for hearing on October 7, 2019 – in which BSA is taking the exact opposite position on a critical coverage issue from that which it previously asserted in Illinois. Rec. 3409-3410; Rec. 3559.

Given that BSA can fully pursue in Illinois the relief that it seeks here, the district court's refusal to defer to the Illinois circuit court's decision and instead allow this later-filed, duplicative Texas action to proceed violates fundamental interests of interstate comity and, unless reversed, will inevitably result in redundant and wasteful proceedings and potentially lead to inconsistent rulings contrary to National Surety's interests in the efficient and final adjudication of the parties' dispute.

**B.    Allowing the Underlying Litigation to Proceed Would Vitiate the Relief National Surety Seeks.**

A temporary stay of the underlying proceedings pending this Court's resolution of National Surety's Petition is also warranted given the nature of the relief National Surety seeks. Requiring National Surety to proceed with litigation while this Court determines whether the trial court should have allowed the case to move forward in the first place would result in the very injury the Texas Supreme Court has held is irreparable on appeal and thus requires mandamus relief – namely, both the loss of National Surety's right to a trial in the proper forum, as well as the

"time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) *quoting In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (trial court's refusal to stay later-filed case could not be adequately remedied on appeal given the wasted time and resources of requiring aggrieved party to otherwise endure duplicative litigation in order to obtain appellate review absent mandamus); *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010), *quoting In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) ("[A]n appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will 'vitiate and render illusory the subject matter of an appeal.'").

Further, a temporary stay pending the Court's review of the March 27 and September 10 Orders is consistent with important principles of interstate comity, in that it affords the Illinois circuit court's decision to exercise jurisdiction over the Illinois action appropriate deference while the Court determines whether to issue mandamus relief. *See In re State Farm Mut. Auto*, 192 S.W.3d at 903 (requiring relator to litigate later-filed Texas action district court erroneously refused to stay would "render[] meaningless" the "principle of comity as it applies to situations similar to the one before us.").

WHEREFORE, for the foregoing reasons, Relator National Surety Corporation respectfully requests that the Court enter an order temporarily staying

all proceedings before the district court pending the Court's decision on National

Surety's Petition for Writ of Mandamus.

Respectfully submitted,

BRADLEY RILEY JACOBS PC

By: */s/ Todd C. Jacobs*
Todd C. Jacobs (admitted *pro hac vice*)
Illinois Bar No. 6201358
tjacobs@bradleyriley.com
David M. Caves (admitted *pro hac vice*)
Illinois Bar No. 6292531
dcaves@bradleyriley.com
320 W. Ohio Street, Suite 3W
Chicago, Illinois 60654
Telephone: (312) 281-0295
Facsimile: (319) 363-9824

MARTIN, DISIERE, JEFFERSON &
WISDOM L.L.P.
Christopher W. Martin
State Bar No. 13057620
martin@mdjwlaw.com
William Edward McMichael
State Bar No. 24107860
mcmichael@mdjwlaw.com
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT
NATIONAL SURETY CORPORATION**