**EXHIBIT L**

ACCEPTED
05-19-01119-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/2/2020 3:32 PM
LISA MATZ
CLERK

## CAUSE NO. 05-19-01119-CV

## IN THE COURT OF APPEALS
## FOR THE FIFTH JUDICIAL DISTRICT
## DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/2/2020 3:32:27 PM
LISA MATZ
Clerk

---

## IN RE NATIONAL SURETY CORPORATION

---

Original Proceeding to Cause No. DC-18-11896
Pending in the 192nd Judicial District Court,
Dallas County, Texas,
Honorable Craig Smith, Presiding

---

## REPLY REGARDING NOTICE OF BANKRUPTCY
## AND RESPONSE TO MOTION TO REINSTATE

---

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted *pro hac vice*)
Illinois Bar No. 6201358
*tjacobs@bradleyriley.com*
David M. Caves (admitted *pro hac vice*)
Illinois Bar No. 6292531
*dcaves@bradleyriley.com*
320 W. Ohio Street, Suite 3W
Chicago, Illinois 60654
Telephone: (312) 281-0295
Facsimile:  (319) 363-9824

MARTIN, DISIERE, JEFFERSON &
WISDOM L.L.P.
Christopher W. Martin
State Bar No. 13057620
*martin@mdjwlaw.com*
William Edward McMichael
State Bar No. 24107860
*mcmichael@mdjwlaw.com*
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile:  (713) 222-0101

## ATTORNEYS FOR RELATOR, NATIONAL SURETY CORPORATION

**TO THE HONORABLE COURT OF APPEALS:**

The *Real Parties in Interest's Response to National Surety Corporation's Notice of Bankruptcy of the Real Party in Interest, or in the Alternative, Motion to Reinstate Pursuant to TRAP 8.3(a)* (the "Response") filed by Boy Scouts of America ("BSA") on February 20, 2020 is yet more evidence of BSA's attempts to manufacture venue in the District Court. More to the point, the Response is fundamentally flawed. A petition for a writ of mandamus ***is not an appeal***: it is a separate proceeding, and it is stayed.

## BACKGROUND

As set forth in the *Notice of Bankruptcy of the Real Party in Interest* (the "Notice") filed by Relator National Surety Company ("National Surety"), BSA filed a voluntary petition for relief under Chapter 11 of Title 11, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on February 18, 2020.

Contemporaneously therewith, BSA filed the *Debtors' Informational Brief* [Docket No. 4] (the "Information Brief"), a copy of which is attached hereto as **Exhibit A**. In numerous locations throughout the Information Brief, BSA represents that a fundamental goal of its bankruptcy case is to prevent the piecemeal resolution of pending litigation. *See, e.g.*, Information Brief at 5-6 ("In addition to the unsustainable financial cost of continuing to engage in piecemeal litigation across

the country, continuing this process will result in the risk of inconsistent judicial outcomes . . ."); *id.* at 9 ("BSA is taking measures to consolidate and stay all pending abuse litigation.").

BSA is not, however, treating all pending litigation equally. Instead, BSA seeks to take advantage of the automatic stay solely with respect to the first-filed action in the Circuit Court of Cook County, Illinois, while permitting this action to proceed. *Compare Suggestion of Bankruptcy*, filed in the Circuit Court of Cook County, IL on February 19, 2020, attached hereto as **Exhibit B** *with* Response.

Out of an abundance of caution, and to address the inequity of BSA's attempted selective application of the automatic stay, National Surety intends to file with the Bankruptcy Court a motion seeking relief from the automatic stay to allow this proceeding and the Illinois action to continue on equal footing.

## REPLY

The relief requested in the Response should be denied for the following two reasons. First, BSA's selective use of the automatic stay is inappropriate. "The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment." *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168-69 (B.A.P. 9th Cir. 1995). Here, BSA clearly is wielding the automatic stay as a "sword" in an effort to further entrench venue in the District Court. This type of inequitable behavior should not

be rewarded by granting BSA's requested relief.

Second, BSA's argument is without merit.  As set forth in the Response, Section 362(a) typically does not stay an appeal from an action in which the debtor was the plaintiff.  *See generally* Response.  *See also, e.g.*, *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1982) ("In our view, section 362 should be read to stall all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee.") (emphasis in original).  Because BSA is the plaintiff below, BSA thus concludes that this proceeding is not stayed.  BSA, in other words, likens this proceeding to an appeal.

It is not.  The Texas Rules of Appellate Procedure clearly specify that mandamus relief constitutes an original proceeding.  *See* Tex. R. App. P. 3(f) ("Relator" is defined as "a person seeking relief in an original proceeding in an appellate court.").  Moreover, one of the prerequisites for mandamus relief is a lack of adequate remedy by appeal.  *See In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014).  It is, therefore, nonsensical to suggest – by analogy or otherwise – that a mandamus proceeding is an appeal.  *Cf. Jaramillo v. Elliott*, No. 01-88-00960-CV, 1988 Tex. App. LEXIS 2934, at *2 (Tex. App. Dec. 1, 1988) ("In this case, relator cannot be construed as an 'appellant' taking an appeal.").  Because mandamus relief constitutes an original proceeding, and not an appeal, it must be examined as such

with respect to the automatic stay under Section 362 of the Bankruptcy Code.[1]

Section 362(a) prohibits, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor," along with "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). The automatic stay is thus "*extremely broad* in scope and should apply to *almost any type* of formal or informal action against the debtor or the property of the estate." *Delpit v. Commissioner*, 18 F.3d 768, 773 (9th Cir. 1994) (emphasis in original) (internal citations and quotations omitted).

This action falls within the broad scope of the automatic stay. The debtor – BSA – is named as a "real party in interest" in this mandamus proceeding. As such, BSA is "[a] person whose interest would be directly affected by the relief sought." Tex. R. App. P. 52.2. And National Surety seeks relief here that is adverse to BSA's interests; if the Court grants National Surety's petition for a writ of mandamus, then BSA will lose in the District Court. In effect, therefore, this is a "proceeding against

---

[1] Not one of the cases that BSA cites in support of its Response discuss the automatic stay's effect on mandamus proceedings. Instead, each case examines the applicability of the automatic stay to trial proceedings or appeals. *See Bhakta v. Krisu Hosp., LLC*, No. 07-18-00156-CV, 2019 Tex. App. LEXIS 10096 (Tex. App. Nov. 20, 2019) (concluding that the automatic stay does not apply to an ***appeal*** from an action in which the debtor was the plaintiff); *Martin-Trigona v. Champion Fed. Sav. & Loan Asso.*, 892 F.2d 575 (7th Cir. 1989) (motion to dismiss against debtor-plaintiff does not violate the stay); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362 (5th Cir. 1993) (automatic stay does not prohibit removal of action in which debtor was the plaintiff). Accordingly, these authorities are inapposite.

[BSA]," and it should be stayed pursuant to the plain text of Section 362.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above, National Surety respectfully requests that the Court enter an order: (i) confirming the application of the automatic stay to this proceeding; (ii) denying the relief requested in BSA's Response; and (iii) granting to National Surety such other and further relief as is just and proper.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

By:   *William Edward McMichael*
Christopher W. Martin
State Bar No. 13057620
martin@mdjwlaw.com
William Edward McMichael
State Bar No. 24107860
mcmichael@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted *pro hac vice*)
Illinois Bar No. 6201358
tjacobs@bradleyriley.com
David M. Caves (admitted *pro hac vice*)
Illinois Bar No. 6292531
dcaves@bradleyriley.com
320 W. Ohio Street, Suite 3W
Chicago, Illinois 60654
Telephone: (312) 281-0295

**ATTORNEYS FOR RELATOR**
**NATIONAL SURETY CORPORATION**