# Exhibit B

**Propounding Insurers' Requests for Production**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**PROPOUNDING INSURERS' FIRST REQUESTS FOR**
**<u>PRODUCTION OF DOCUMENTS DIRECTED TO DEBTORS</u>**

TO:    Boy Scouts of America and Delaware BSA, LLC
       c/o White & Case LLP
       1221 Avenue of the Americas, New York, NY 10020-1095

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 7034, the Propounding Insurers listed in the signature blocks that follow hereby request that the Debtors produce the documents specified in these Requests.  Responses and objections are to be served on or before 5:00 p.m. ET on October 11, 2021 on the undersigned counsel to the Propounding Insurers at the e-mail addresses set forth below or as otherwise agreed with counsel to the Propounding Insurers.  The Propounding Insurers also request that You timely supplement Your responses to these requests as required by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

## **DEFINITIONS**

1.      For the purposes of these Requests, the following Definitions shall apply:

2.      "Appraisers" means JLL, CBRE, and any other professionals retained to determine the value of the Debtors' property.

3.      "Attorney" means any lawyer who indicated in a Claim Form Signature Page (page 12 of the Claim Form) that she or he is a Claimant's attorney.

4.      "Cash Management Motion" means the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms; (II) Waiving the Requirements of 11 U.S.C. § 345(b) for Cause; and (III) Granting Related Relief* [ECF. No. 13].

5.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

6.      "Claim Form" means any Sexual Abuse Survivor Proof of Claim Form submitted in these Chapter 11 Cases.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on the Coalition's behalf during the pendency of the Chapter 11 Case.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, beliefs, inquiries, documents, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to Communications with

business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9.    "Debtors" means Boy Scouts of America and Delaware BSA, LLC and each of their attorneys.

10.    "Disclosure Statement" means any disclosure statement for a plan of reorganization for the Debtors, including but not limited to, the *Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [ECF No. 6431], and any later-filed solicitation version(s) thereof.

11.    "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any

such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

12.     "FCR" means the Future Claimants' Representative appointed in the Chapter 11 Cases, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the FCR's behalf.

13.     "Firm" means each known Attorney representing holders of Abuse Claims.

14.     "Hartford Policies" means the insurance policies issued by Hartford to BSA.

15.     "Identified Property" means any and all assets of Debtors which Debtors claim are unavailable to satisfy creditor claims, including, among other reasons:  because they hold legal title to such assets in a fiduciary capacity for the sole benefit of donors, their intended beneficiaries, and/or members of the public; because such assets are subject to donor restrictions on use and purpose; because Debtors claim such assets are essential to BSA's capability to carry out its mission in a manner consistent with its charter and bylaws; or otherwise, including, but not limited to the property set out in Exhibit E to Debtor's original Chapter 11 Plan of Reorganization [ECF No. 20].

16.     "Local Councils" means, collectively, the local councils of the Boy Scouts of America, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on a Local Councils' behalf.

17.     "Mediation Date" means June 9, 2020, the date of the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, And (III) Granting Related Relief* [ECF No. 812].

18.     "Person" means an individual, a firm, a corporation, or other entity as the context requires.

19.     "Petition Date" means February 18, 2020.

20.     "Plan" means any plan of reorganization for the Debtors, including, but not limited to, the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [ECF. No. 6429] (as may be modified, amended, or supplemented from time to time).

21.     "POC" means any claims against the Debtors based on Abuse filed in these Chapter 11 Cases using the Sexual Abuse Survivor Proof of Claim Form.

22.     "Restricted Cash Management System" means the Debtors' cash management system for restricted funds as described in the Cash Management Motion.

23.     "TCC" means the official committee of tort claimants appointed in the Chapter 11 Cases, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the TCC's behalf.

24.     "TDPs" means "Trust Distribution Procedures" and has the meaning provided in the Plan.

25.     "Unrestricted Cash Management System" means the Debtors' cash management system for unrestricted funds as described in the Cash Management Motion.

## **INSTRUCTIONS**

For the purposes of these Requests, the following Instructions shall apply:

1.     The preceding Definitions apply to each of the Requests. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan and/or Disclosure Statement.

2.      The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3.      These Requests shall be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4.      You are required to produce all Documents and all other materials described below that is in your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

5.      You must produce all Documents in your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by you or hardware owned and/or maintained by a third party that stores data on your behalf.

6.      Documents not otherwise responsive to these Requests should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (b) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, mediation privilege, or any other claimed privilege or exemption from production, then in answer to such Request or part thereof, for each such Document, you must:

    a.      Identify the type, title and subject matter of the Document;

    b.      State the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege, work-product doctrine, or mediation privilege. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each

person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

11.     If any part of the Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

12.     If you object to any of these Requests, state in writing with specificity the grounds of your objections. Any ground not stated shall be waived. If you object to a particular portion of any Request, you shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

13.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of your belief or knowledge that the requested information is in such person's or entity's possession.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relied upon to prepare the Disclosure Statement and any exhibits thereto, including but not limited to all drafts of the Disclosure Statement and exhibits and all Communications relating to the Disclosure Statement.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to the Solicitation Procedures, including but not limited to all drafts of the Solicitation Procedures.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to the Debtors' formulation of Solicitation Procedures, including but not limited to (i) the determination to allow Abuse Claims and Indirect Abuse Claims in the amount of $1.00 and (ii) any discussions, including discussions with the TCC, the Coalition, or any other holder of an Abuse Claim or an Indirect Abuse Claim, relating to the solicitation, allowance, or estimation of Abuse Claims and Indirect Abuse Claims.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents relating to the Debtors' process for assessing or quantifying the amount of all Abuse Claims and Indirect Abuse Claims, including but not limited to the methodology, means, and scope of review of the amount of all Abuse Claims and Indirect Abuse Claims.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to the Debtors' analysis of each individual Abuse Claim and Indirect Abuse Claim, including any Communications and Documents exchanged with any Person or entity that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the claim amounts identified in the TDPs, including but not limited to the values described in the Claims Matrix for Direct Abuse Claims, agreed to between and/or among the Debtors, the TCC, and the Coalition relating to the Abuse Claims and Indirect Abuse Claims, including any Communications and Documents exchanged with any Person or entity that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any analyses, models, estimates, or projections related to the projected or estimated liability of the Debtors and/or any Related Non-

Debtor Entities for Abuse Claims and Indirect Abuse Claims, or any other potential claims based on Abuse, including any Communications and Documents exchanged with any Person or entity that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to the Abuse Claims, including but not limited to any analyses, models, disclosures, or representations provided by the Debtors and/or any Related Non-Debtor Entities to any third party relating to the financial impact of such Abuse Claims.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications exchanged between and/or among the Debtors, any Related Non-Debtor Entities, the Local Councils, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Person or entity that will be, or could under the Plan become, a Protected Party or Limited Protected Party, relating to the Debtors' analysis of Abuse Claims, Indirect Abuse Claims, Future Abuse Claims, or any other potential claims based on Abuse.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to the Client List (as that term is used in the Solicitation Procedures) of each Firm whose clients hold Abuse Claims, including but not limited to the Client Lists themselves and any Communications exchanged between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, and the Firms relating to the Client List of each Firm's clients who hold Abuse Claims.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications exchanged between and/or among the Debtors, the TCC, the Coalition, and the Firms relating to solicitation of votes for Abuse Claims, including but

not limited to the inclusion and/or exclusion of possible solicitation methods and the determination
that the Master Ballot Solicitation Method would be the default method.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications relating to each Attorney's authority to vote on behalf
of each client who holds an Abuse Claim and the certification relating to such authority to vote.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to any analysis of whether Abuse Claims are
valid, including without limitation any assurances from any Attorney that the Abuse Claims on a
Master Ballot submitted by that Attorney are valid.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications exchanged between and/or among the Debtors, any
Related Non-Debtor Entities, the TCC, and/or the Coalition relating to the Debtors' liquidation
analysis.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications exchanged between and/or among the Debtors, any
Related Non-Debtor Entities, the TCC, and/or the Coalition relating to the Debtors' financial
projections analysis.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to the Debtors' forecasts, including but not
limited to the 2021 forecast and 5-year forecasts, any related monthly financial statements, any
models or spreadsheets supporting such forecasts, and any underlying assumptions and
calculations related thereto.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the Debtors' 5-year plan, including but not limited to any related

monthly financial statements, any models or spreadsheets supporting such plan, and any underlying assumptions and calculations.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications relating to Debtors' Identified Property, including but not limited to a description of the source of assets in each trial balance account and a reconciliation of each contributed amount to the underlying record that demonstrates the sources of the asset and any conditions or restrictions on use to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to the Debtors' and/or Local Councils' categorization of the Local Councils' assets as either restricted or unrestricted.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to the Debtors' general ledger activity data for the period January 1, 2020 through current date, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to the Debtors' monthly trial balances to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the Debtors' AP transaction details for the period January 1, 2020 through current date.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the Debtors' schedule of pledges, including but not limited to all Communications relating the schedule of pledges, any analysis of such pledges, and the expected timing of receipt by pledge.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to the Debtors' applications or related Communications in connection with any debt and/or credit facilities with JP Morgan.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications between and/or among the Debtors, any Related Non-Debtor Entities, and any third party relating to pledging the High Adventure Bases as collateral and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications relating to the Settlement Trust between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to the Settlement Trust Documents between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to the TDPs between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to the TDPs, including without limitation all drafts of the TDPs, all documents reflecting the drafting history of the TDPs, and all documents reflecting the identities of the drafters of the TDPs.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications reflecting or relating to the Abuse claims values identified in the TDPs, including but not limited to, the values of claims described in the claims matrix for Direct Abuse Claims, as defined by the Plan.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to any current claim based on Abuse against any Local Council.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications relating to any current claim based on Abuse against the Debtors.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to any current claim based on Abuse against the Chartered Organizations in connection with scouting activities.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against any Local Council.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against the Debtors.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against the Chartered Organizations in connection with scouting activities.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to claims valuations or any valuation matrix

or matrices exchanged by or between You, on the one hand, and the TCC, FCR, Coalition, State Court counsel, any Local Council, or any Chartered Organization, on the other hand, at any time following the mediation conducted in November 2019.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to the Settlement Trust Assets, including but not limited to all Communications related thereto between and/or among the Debtors, any Related Non-Debtor Entities, any Local Councils, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications relating to the Debtors' property identified as assets that are unavailable to satisfy creditor claims, including but not limited to all Documents and Communications relating to the recorded balances of Identified Property as previously set out in Exhibit E to Debtor's original Chapter 11 Plan of Reorganization [Docket No. 20], and the balances of that Identified Property or other such property that is unavailable to satisfy creditor claims as of the date of these requests, a description of the source of the asset for each amount claimed as Identified Property or other such property that is unavailable to satisfy creditor claims, and a reconciliation of each amount to the underlying records.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications relating to the Debtors' assets, including but not limited to any Documents and Communications relating to the Debtors' determination of whether an asset is subject to a specific restriction, any Documents supporting such restriction, and a reconciliation of each individual restricted asset.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents relating to any analysis by the Debtors concerning whether assets that are not donor-restricted should, or should not be, contributed to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications relating to any transfer of cash or other assets between the Debtors' Restricted Cash Management System and Debtors' Unrestricted Cash Management System, as well as the amount and basis for any such transfer.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents relating to the BSA Settlement Trust Contributions, including but not limited to all Communications related thereto between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the Contributing Chartered Organization Settlement Contribution, including but not limited to any analysis of the Contributing Chartered Organization Settlement Trust Contribution, and all Communications related thereto, between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications relating to the alternate paths for Chartered Organizations under the Plan, including any analysis of the protections afforded to the Contributing Chartered Organizations and the Participating Chartered Organizations under the Plan.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications relating to any analysis or analyses regarding the impact to the Debtors' membership levels if chartered organizations are excluded from the channeling injunction.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications relating to any analysis or analyses regarding the impact to the Debtors' financial projections if chartered organizations are excluded from the channeling injunction.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications relating to the Local Council Settlement Contribution, including but not limited to any analysis of the Local Council Settlement Contribution, and all Communications related thereto between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to the Local Council real property, including but not limited to any list of properties selected by the Debtors and/or the TCC for appraisals or opinions of value, any documents provided to the Appraisers, records demonstrating any conditions or restrictions of use and/or encumbrances considered in developing any appraisals or opinions of value, and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents relating to the Local Council cash and financial investments, including but not limited to bank statements, investment statements, listings of individual assets/holdings and

associated market values, appraisals or other indicators of market value, records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relating to the Local Councils' other assets, including but not limited to records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents relating to the BSA Commingled Endowment Fund, including but not limited to information regarding the underlying asset, the entity that owns the underlying asset, a description of the source of the investment, records demonstrating any conditions or restrictions of use and a reconciliation to the Debtors' general ledger account in which the asset is recorded.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents relating to the BSA Unrestricted Endowment Fund, including but not limited to information regarding each asset in the BSA Unrestricted Endowment Fund, the entity that owns such asset, a description of the source of the investment, and a reconciliation to the Debtors' general ledger account in which the asset is recorded.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to the Debtors' tax returns, including but not limited to any documents related to partnership income.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents relating to any presentations to the TCC, the Coalition, the Future Claimants' Representative, and/or the UCC, any models or spreadsheets supporting such presentations and any underlying assumptions and calculations, a reconciliation of the amounts

reported in any such presentations to the corresponding amounts Debtors claim as Identified Property ,and an explanation for any differences in amounts.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents relating to the value of assets any Related Non-Debtor Entity or Local Council is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications relating to each asset that is being contributed to the Settlement Trust under the Plan.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications that the Debtors and/or any Related Non-Debtor Entities sent to the Local Councils with the Local Council Feedback Template and Mandatory Reporting Procedures for POCs filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications that the Debtors and/or any Related Non-Debtor Entities received from the Local Councils in response to the request to complete the Local Council Feedback Template and Mandatory Reporting Procedures for POCs filed in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 60:**

All Communications between or among BSA Membership Standards Group and the representatives of the Local Councils related to the Local Council Reporting Procedures for any claims based on Abuse, including but not limited to, questions regarding the verification of POC data.

**REQUEST FOR PRODUCTION NO. 61:**

All incident reports exchanged between the Debtors, any Related Non-Debtor Entities, and

any Local Council in connection with the POCs, including any and all supporting documentation attached to those incident reports.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications relating to any response provided by an alleged abuser to the allegations of Abuse in the POCs.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications between and/or among the Debtors, any Related Non-Debtor Entities, the Local Councils, the Chartered Organization Representative (COR) (or Institutional Head, where applicable), unit Committee Chair (CC) and/or unit program leader to notify them of the action being taken to remove the alleged abusers identified by the claimants in the POCs from participation in Scouting.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications that reflect the Debtors' efforts to remove alleged abusers identified by claimants in the POCs from participation in Scouting.

**REQUEST FOR PRODUCTION NO. 65:**

All reports made to law enforcement that relate to any incident alleged to have occurred in the POCs.

**REQUEST FOR PRODUCTION NO. 66:**

A complete list of claimants who have filed POCs from whom the Debtors previously obtained releases for claims based on Abuse.

**REQUEST FOR PRODUCTION NO. 67:**

All indemnity and other agreements between and/or among the Debtors, any Related Non-Debtor Entities, any Local Council(s), and any Chartered Organizations.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications between and/or among the Debtors and any Chartered Organizations concerning the POCs, the claims asserted therein, and the Chartered Organization's contribution towards the resolution of such claims.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications concerning claims based on Abuse asserted against the Debtors, or that may be asserted against the Debtors, that the Debtors exchanged prior to the Petition Date with James Patton, Jim Stang, and/or Scott Gilbert and/or their law firms.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications concerning claims based on Abuse asserted against the Debtors, or that may be asserted against the Debtors, that the Debtors exchanged between the Petition Date and Mediation Date with James Patton, Jim Stang, and/or Scott Gilbert and/or their law firms.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications between and/or among the Debtors, any Related Non-Debtor Entities, and Local Councils that reflect efforts to verify the information contained within the POCs, including, but not limited to, the membership rosters from the years of the alleged Abuse that will confirm the membership, or lack of membership, of the claimants and rosters or similar documents that identify the troop and other scout leaders associated with the troop that claimants allege to have been members of at the time of the alleged abuse.

**REQUEST FOR PRODUCTION NO. 72:**

All Communications between or among the Debtors, any Related Non-Debtor Entities, and Local Councils regarding the POCs and any of the source documents that were collected associated with the POCs.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications that were submitted to the Debtors' Omni claims database, including but not limited to all POCs in the original formatting as the Debtors received them and all of the original accompanying metadata.

**REQUEST FOR PRODUCTION NO. 74:**

Any Documents the Debtors have on suits, claims, or potential claims based on Abuse that were dismissed without payment, including any dismissal agreements, stipulations, or orders, and any releases received..

**REQUEST FOR PRODUCTION NO. 75:**

Any Documents the Debtors have on suits, claims, or potential claims based on Abuse that were otherwise resolved without payment, including any releases received or agreements entered into.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications relating to the negotiation of the Plan and the Plan Documents.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications relating to the negotiation of any other plan of reorganization.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications relating to any settlement, termination, payment, satisfaction or resolution of any Abuse Claims, Indirect Abuse Claims, or other suits, claims, or potential claims based on Abuse against the Debtors, any Related Non-Debtor Entities, or any Local Council, including but not limited to all settlement agreements and/or releases, claim information sheets, claim summaries, verdicts or judgments, dismissals, and dismissals that were refiled.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents exchanged with, or produced by or on behalf of, claimants with whom the Debtors, any Related Non-Debtor Entities, and/or any Local Councils have settled any Abuse Claims, Indirect Abuse Claims, or other potential claims based on Abuse.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications relating to any payments made relating to satisfaction, settlement, or resolution of any Abuse Claims, Indirect Abuse Claims, or other potential claims based on Abuse, including but not limited to any claims payment database

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communication relating to the Debtors' and/or Related Non-Debtor Entities' discussions with the Insurers and/or third parties relating to the proceeds derived from any Insurance Policy available to the Debtors for Abuse Claims, including any Insurance Action Recoveries.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents relating to the amount of insurance available to the Debtors for Abuse Claims, including but not limited to any analyses and models, disclosures, or representations provided by the Debtors and/or any Related Non-Debtor Entities to any third party.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications relating to the rights under the Insurance Policies, including but not limited to any analysis of the rights of the Protected Parties or Limited Protected Parties under the Insurance Policies and the Insurance Assignment or other transfer of such rights.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications relating to the Insurance Actions and Insurance Coverage Actions, including but not limited to any analyses and models, disclosures, or

representations provided by the Debtors and/or any Related Non-Debtor Entities to any third party.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents reflecting or relating in any way to any analyses prepared by or provided to BSA or any Local Council concerning the number and valuation of Abuse Claims, including Bates White's analysis concerning the number and valuation of claims.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents relating to BSA's, any Local Council's, or any Chartered Organization's settlements of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents relating to BSA's, any Local Council's, or any Chartered Organization's judgments or verdicts  related to Abuse Claims.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Communications between BSA and its auditors related to the valuation of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications between BSA and its insurers related to the valuation of Abuse Claims, including but not limited to information included in applications for coverage.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications relating to the determination of which parties would or could be included as Protected Parties and Limited Protected Parties.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications relating to the determination of which parties would be included as Released Parties.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents relating to any releases granted to any Related Non-Debtor Entity or Local Council, including any officers or directors of the Debtors.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents relating to the valuation or analysis of any claims that are being released under the Plan, including any claims against the Local Councils or Chartered Organizations.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents supporting the Debtors' contention that any Released Party and/or Protected Party under the Plan has made or will make a substantial contribution to the Debtors' reorganization.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents relating to the Channeling Injunction, including, but not limited to, all Communications related thereto between and/or among the Debtors, the Related Non-Debtor Entities, the Local Councils, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications relating to the selection of, and qualifications of, the Settlement Trustee and any Persons who were considered as possible Settlement Trustees.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents and Communications relating to the selection of the Special Reviewer.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents and Communications relating to the selection of the Settlement Trust Advisory Committee.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents relating to the Foundation Loan, including but not limited to the value of the Foundation Loan and the terms and conditions of the Foundation Loan.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications exchanged between and/or among the Debtors, any Related Non-Debtor Entities, and the PBGC relating to the Debtors' potential pension liability, including but not limited to any potential liability for underfunding or potential termination liability.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications relating to the Debtors' potential pension liability, including but not limited to any disclosures regarding potential pension liability, any assessment relating to potential liability for underfunding, any assessment relating to a potential termination claim, the current actuarial report demonstrating any potential liability, and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents relating to the market value of the Debtors' pension assets and any analysis related thereto.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents relating to any filings with respect to the PBGC premium.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents supporting the Debtors' conclusion that it requires $25 million in liquidity at emergence from bankruptcy, the Debtors' previous conclusion that it required $75 million in liquidity at emergence from bankruptcy, and any discussion or reasoning supporting or otherwise relating to those conclusions.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents supporting the Debtors' forecast of administrative expenses during the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents relating to the priority claims, including but not limited to any analysis of priority claims and any settlement and/or agreement relating thereto.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications concerning Debtors' review or analysis of the value of the Hartford Policies, and Debtors' conclusion that the contribution of $787 million to the Settlement Trust by Hartford is sufficient to justify its release and inclusion as a Protected Party under the Plan.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications supporting or otherwise relating to Debtor's conclusion that the Hartford Settlement is fair and reasonable and in the best interests of the estate.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications concerning Debtors' review or analysis of the value of claims against the TCJC, including any Communications with the TCJC related thereto.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Communications underlying Debtor's determination that the contribution of $250 million to the Settlement Trust by the TCJC is sufficient to justify its release and inclusion as a Protected Party under the Plan.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Communications supporting or otherwise relating to Debtors' conclusion that the TCJC Settlement is fair and reasonable and in the best interests of the estate.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and Communications concerning any analysis of the feasibility of the Plan if any number of Chartered Organizations choose not to participate in the Plan, or elect to be Participating Chartered Organizations.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents and Communications concerning Debtor's conclusion that payment of the Coalition's fees is in the best interests of the estate.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents and Communications relating to the Plan Supplement, including but not limited to, the Document Agreement.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents and Communications related to Article IX(A)(3)(j), (q), (r), (s) and/or (t) of the Plan.

**REQUEST FOR PRODUCTION NO. 116:**

All Communications between or among You or any Local Council, on the one hand, and Bates White, on the other hand.

**REQUEST FOR PRODUCTION NO. 117:**

All National Executive Board, National Executive Committee, and Bankruptcy Task Force documents relating in any way to the Plan, the TDPs, the Disclosure Statement, and/or any Settlement Trust documents, including all previous iterations of the Plan, the TDPs, the Disclosure Statement, and/or any Settlement Trust documents.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents relating to BSA's or any Local Council's knowledge of Abuse within Scouting prior to 2010, including but not limited to Ineligible Volunteer files relating to allegations

of Abuse or Abuse Claims.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents identifying any Person, including without limitation any attorney, who at any time advised BSA, any Local Council, or any decision-maker regarding the destruction of any Ineligible Volunteer Files or any part thereof.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents comprising or relating to any of BSA's document retention or document destruction policies, practices, or procedures relating to allegations of Abuse or Abuse Claims at any time from 1970 to present.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents evidencing or relating to any comparison of alleged perpetrators of Abuse identified in Proofs of Claims, on the one hand, with alleged perpetrators of Abuse identified in any Ineligible Volunteer File, on the other hand.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents relating to the following allegations in *S.D. v. Boy Scouts of America*, No. 190800135 (Court of Common Pleas, Philadelphia County, Pennsylvania, 2019):

"99.    Over the course of two years in the early 1970s, three BSA executives reviewed and permanently destroyed thousands of I.V. files.

100.    BSA executives kept no retention logs showing which or how many of the files BSA destroyed. BSA made no contemporaneous record of its criteria in determining which files to destroy and which to save.

101.    Approximately 6,000 files survived BSA's file-purge and are in BSA's possession. Approximately 1900 of those files are now in the public domain."

**REQUEST FOR PRODUCTION NO. 123:**

All Communications between or among You or any Local Council, on the one hand, and any Persons who are or were members of the media, on the other hand, relating to any Ineligible Volunteer File.

**REQUEST FOR PRODUCTION NO. 124:**

All troop rosters in the possession of BSA or any Local Council

**REQUEST FOR PRODUCTION NO. 125:**

All Documents relating to Eric Green's relationship with any attorney representing the TCC, the Coalition, the FCR, or any Person who has filed a POC.

Dated:  September 30, 2021

Respectfully Submitted,

By:  */s/ Stamatios Stamoulis*
     Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware  19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America, Westchester Fire Insurance Company and Westchester Surplus Lines Insurance Company*

FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009

Email: sgummow@fgppr.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
        jhallowell@gibsondunn.com
        kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*

BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Email: bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
Email: konrad.krebs@clydeco.us

- and –

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*

Robert D. Cecil, Jr. (No. 5317)
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, Delaware  19899-2092
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin  (admitted *pro hac vice*)
Crowell & Moring LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail: mplevin@crowell.com

Tacie H. Yoon  (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

*Attorneys for American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company*

MORRIS JAMES LLP
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email:ckunz@morrisjames.com

- and –

Margaret M. Anderson, Esq. (pro hac vice)
Adam A. Hachikian (pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
         ahachikian@foxswibel.com

*Counsel for Old Republic Insurance Company*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*-and-*

Kevin Coughlin, Esquire (Pro Hac Vice)
Lorraine Armenti, Esquire (Pro Hac Vice)
Michael Hrinewski, Esquire (Pro Hac Vice)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)

larmenti@cmg.law
mhrinewski@cmg.law

*-and-*

Britton C. Lewis, Esquire (Pro Hac Vice)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*


SEITZ, VAN OGTROP & GREEN, P.A.
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600 Email:
khill@svglaw.com

-and-

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO PC
One Financial Center Boston, MA 0211

Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

Troutman Pepper Hamilton Sanders LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390

*-and-*

Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

*-and-*

Bradley Riley Jacobs PC
Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone: 312.281.0295

*Attorneys for National Surety Corporation and*
*Interstate Fire & Casualty Company*

Troutman Pepper Hamilton Sanders LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)

Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390

*-and-*

Harris B. Winsberg (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

*-and-*

Nicolaides Fink Thorpe Michaelides
Sullivan LLP
Matthew S. Sorem (admitted *pro hac vice*)
10 S. Wacker Dr.
21st Floor
Chicago, IL 60606
Telephone: 312.585.1433
Facsimile: 312.585.1401

*-and-*

McDermott Will & Emery LLP
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

REGER RIZZO & DARNALL LLP
Louis J. Rizzo, Jr., Esquire (#3374)

1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants, Travelers Casualty and
Surety Company, Inc. (f/k/a Aetna Casualty &
Surety Company), St. Paul Surplus Lines Insurance
Company and Gulf Insurance Company*

Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
mcclambc@ballardpshar.com

*-and-*

Harry Lee*
John O'Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted pro hac vice)

*Attorneys for Clarendon America Insurance
Company, Maryland Casualty Company,
Maryland American General Group, and
American General Fire & Casualty Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins llp
1000 West Street, Suite 501

38

P.O. Box 410
Wilmington, Delaware  19899
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
Wiley Rein llp
1776 K Street, N.W.
Washington, DC  20006
Phone: (202) 719-7000
E-mail:  gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

POST & SCHELL, P.C.
Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE 19801
Phone: (302) 251-8856
Fax: (302) 251-8857
E-mail: plogan@postschell.com

IFRAH PLLC
George R. Calhoun
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC 20006
Phone: (202) 840-8758
E-mail: george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company*

Goldstein & McClintock LLLP
Maria Aprile Sawczuk (DE #3320)
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

Laura McNally (admitted *pro hac vice*)
Emily Stone
Loeb & Loeb LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Attorneys for The Continental Insurance Company
and Columbia Casualty Company*




Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,
on behalf of itself and as successor in interest to
Catlin Specialty Insurance Company*