# Exhibit D

**Catholic and Methodists' Requests for Production**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC,<br><br>Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br>Jointly Administered |

## THE ROMAN CATHOLIC AND UNITED METHODIST AD HOC COMMITTEES' FIRST SET OF REQUESTS FOR PRODUCTION TO DEBTORS

Pursuant to Fed. R. Bank. P. 9014(c) and 7034 and Fed. R. Civ. P. 34, the Roman Catholic and United Methodist Ad Hoc Committees demand that debtors Boy Scouts of America and Delaware BSA, LLC produce the documents requested below.

## DEFINITIONS AND INSTRUCTIONS

A. Unless otherwise defined, capitalized terms have the meanings stated in the Plan.

B. "Document" means all materials within the scope of Fed. R. Civ. P. 34 and includes information formatted or stored electronically, e-mail and voice mail messages, and any drafts and non-identical copies.

C. "Plan" means the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC, as may be amended or modified from time to time.

D. "Relating to" means containing, constituting, referring to, reflecting upon, connecting with, arising out of, evidencing, forming the basis of, lending support to, or in any way logically or factually connecting to the subject matter discussed.

E. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

F.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

G.  The use of the singular form of any word includes the plural and vice versa.

H.  Documents must be produced as they are kept in the ordinary course of business.

I.  For any document withheld on the basis of attorney-client privilege, attorney work product, or any other privilege, provide a log containing at least the following information: (1) the author/creator; (2) the sender and recipient(s); (3) the date the document was created/sent; (4) the type of document; (5) a description of the document's subject matter; and (6) the claimed privilege.

J.  These requests for production shall be deemed continuing so as to require prompt amendment and/or supplementation.

## REQUESTS FOR PRODUCTION

1.  All documents referenced in, relied upon, or used in any way to compile the information contained in Exhibit E of the Disclosure Statement.

2.  All documents that the Debtors contend support any assumptions underlying the projections detailed in Exhibit E of the Disclosure Statement.

3.  All documents reflecting any communications between the Debtors (including their counsel, representatives, and consultants) and any party in interest (including that party's counsel, representatives, and consultants) in the Chapter 11 Cases regarding Plan feasibility.

4.  All expert reports prepared by or for the benefit of the Debtors or the Local Councils in connection with Plan confirmation.

5.  All expert reports prepared by the Debtors, the Local Councils, or any expert or consultant engaged by any of them relating to the feasibility of the Plan.

6. All expert reports prepared by the Debtors, the Local Councils, or any expert or consultant engaged by any of them relating to the Trust Distribution Procedures.

7. All expert reports prepared by or for any party in interest in the Chapter 11 Cases that is in the Debtors' possession relating to the Plan.

8. The Debtors' financial statements, including all audited and unaudited, monthly, quarterly, or annual statements, for the past 5 years.

9. All financial statements that have been provided to any past, current, or prospective lender to the Debtors or Reorganized BSA for the past 5 years.

10. All financial projections, including all revenue and expense projections, for the Debtors for any time period during the next 6 years.

11. All financial projections, including all revenue and expense projections, that the Debtors contend reflects or supports the feasibility of the Plan.

12. Examples of each form of sponsorship or charter agreement utilized by the Debtors or the Local Councils since June 15, 1916.

13. All documents reflecting the historical Scouting census for the past 5 years.

14. All documents, including any charts or tables, that summarize or reflect a breakdown, by affiliation, of the number of scouts sponsored by particular faith-based and non-faith-based Chartered Organizations.

15. All documents that summarize or reflect the number of scouts sponsored by United Methodist Chartered Organizations for each of the past 5 years.

16. All documents that summarize or reflect the number of scouts sponsored by Catholic Chartered Organizations for each of the past 5 years.

17. All documents that reflect revenues derived from Scouting sponsored by United Methodist Chartered Organizations.

18. All documents that reflect revenues derived from Scouting sponsored by Catholic Chartered Organizations.

19. All documents that reflect revenues derived from Scouting sponsored by particular faith-based Chartered Organizations, including any summaries of revenues broken down by faith-based affiliation.

20. All documents that reflect revenues derived from Scouting sponsored by particular non-faith-based Chartered Organizations, including any summaries of revenues broken down by non-faith-based affiliation.

21. All membership rolls or other documents that reflect all former and current scouts since June 15, 1916.

22. All projections regarding anticipated or estimated Scouting census for any time period over the next 6 years.

23. All documents sufficient to show claims of Abuse alleged against or that implicate each Catholic and United Methodist Chartered Organization.

24. All documents sufficient to show how insurance information was collected by the Debtors in connection with the Chapter 11 Cases, including the Debtors' insurance archeology efforts and discovery, as referenced in the Disclosure Statement.

25. All documents regarding the drafting and negotiation of the Trust Distribution Procedures.

26. Copies of all discovery propounded by any party in interest in the Chapter 11 Cases to the Debtors and the Debtors' responses to that discovery.

**RESERVATION OF RIGHTS**

The Roman Catholic and United Methodist Ad Hoc Committees reserve the right to propound additional discovery to the Debtors and/or other parties in interest and to join in any discovery propounded by any party in interest in the Chapter 11 Cases.

| | |
|---|---|
| Dated: October 8, 2021<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ Jeremy W. Ryan<br>Jeremy W. Ryan (Bar No. 4057)<br>D. Ryan Slaugh (Bar No. 6325)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br>          rslaugh@potteranderson.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee and the United Methodist Ad Hoc Committee*<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>          dspector@schiffhardin.com<br>          mfisher@schiffhardin.com<br>          dschufreider@schiffhardin.com<br>          jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |

- and -

**BRADLEY ARANT BOULT CUMMINGS LLP**

Edwin G. Rice, Esq.
100 N. Tampa Street Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946
Email: erice@bradley.com

*Counsel to the United Methodist Ad Hoc Committee*