## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 6631** |
| | <u>**Objection Deadline:**</u> **At the October 19, 2021 hearing** |

### MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT REGARDING DEBTORS' OMNIBUS REPLY TO THE OBJECTIONS BY THE TORT CLAIMANTS' COMMITTEE, CENTURY, AND AIG, TO DEBTORS' <u>MOTION FOR PROTECTIVE ORDER AND RELATED RELIEF</u>

The Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), submit this motion (the "<u>Motion</u>") to exceed the page limit for the *Debtors' Omnibus Reply to the Objections by the Tort Claimants' Committee, Century, and AIG, to Debtors' Motion for Protective Order and Related Relief* (the "<u>Reply</u>"),[2] filed contemporaneously herewith.  In support of this Motion, the Debtors respectfully state as follows:

### <u>JURISDICTION AND VENUE</u>

1.     These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]     Terms not otherwise defined herein are defined in the Reply or the Motion for Protective Order.

2.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and other bases for the relief requested in this Motion are Local Rule 7007-2 and this Court's General Chambers Procedures (the "General Chambers Procedures"), dated March 26, 2018.

## BACKGROUND

4.    On September 17, 2021, the Debtors filed the *Debtors' Motion for Protective Order and Related Relief* [D.I. 6288] (the "Motion for Protective Order").

5.    On October 15, 2021, the Debtors filed the *Debtors' Omnibus Reply to the Objections by the Tort Claimants' Committee, Century, and AIG, to Debtors' Motion for Protective Order and Related Relief* [D.I. 6631].

## RELIEF REQUESTED

6.    By this Motion, the Debtors respectfully request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting the Debtors leave to exceed the page limit with respect to the Reply.

## BASIS FOR RELIEF

7.    Local Rule 7007-2 and the General Chambers Procedures provide that no reply shall exceed fifteen pages.  Del. Bankr. L. R. 7007-2 ("Without leave of Court. . .no reply shall

exceed fifteen (15) pages. . . exclusive of any tables of contents and citations."); General Chambers Pro. at 3, § 2(a)(vi) ("All briefs and memoranda (in main bankruptcy cases and in adversary proceedings) must comply with Del. Bankr. LR 7007-2 (form and content of briefs))."  A reply may, however, exceed fifteen pages with leave of the court.  Del. Bankr. L. R. 7007-2.

8.      In light of the multiple objections filed in response to the Motion for Protective Order, through the Reply the Debtors must address complex legal and factual issues regarding mediation privilege and attorney-client privilege.

9.      While the Debtors have made the Reply as succinct as possible, under the circumstances the Debtors believe they cannot provide this Court with the information necessary for the full and fair adjudication of issues presented within the fifteen-page limit.  The Debtors therefore request that the Court permit the Debtors to exceed the page limit set by Local Rule 7007-2.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and any further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  October 15, 2021
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (*admitted pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice)*
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION