## Exhibit B

**Phillips Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## DECLARATION OF STEPHANIE PHILLIPS
## IN SUPPORT OF DEBTORS' THIRD OMNIBUS (SUBSTANTIVE)
## OBJECTION TO CERTAIN (I) NO LIABILITY DELAWARE BSA CLAIMS AND
## (II) SUBSTANTIVE DUPLICATE CLAIMS (NON-ABUSE CLAIMS)

I, Stephanie Phillips, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Controller at the Boy Scouts of America (the "BSA") and have served in this capacity for 11 years. I submit this declaration (this "Declaration") in support of the *Debtors' Third Omnibus (Substantive) Objection to Certain (I) No Liability Delaware BSA Claims and (II) Substantive Duplicate Claims (Non-Abuse Claims)* (the "Objection").[2]

2. I am over the age of eighteen and am authorized by the BSA and Delaware BSA, LLC ("Delaware BSA") to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (a) business books and records kept by the Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules, and/or (d) the official register of claims filed in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

chapter 11 cases. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

3. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to review and reconcile the proofs of claim filed against the Debtors in these chapter 11 cases. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by myself, appropriate personnel of the Debtors, Alvarez & Marsal North America, LLC, Omni, White & Case LLP, and Morris, Nichols, Arsht & Tunnell LLP.

## NO LIABILITY DELAWARE BSA CLAIMS

4. Based upon a review of their books and records, the Debtors have identified certain claims, referred to as No Liability Delaware BSA Claims in the Objection, that assert the same liabilities against both Debtors, when in fact Delaware BSA is not liable for such claims. The No Liability Delaware BSA Claims identified on **Schedule 1** to the Proposed Order have been filed against both Debtors, but are claims for which only BSA is liable. Delaware BSA is a non-operating entity and is not jointly and severally liable with BSA with respect to any liabilities, except as a guarantor of certain prepetition secured obligations of the BSA owed to JPMorgan Chase Bank, National Association. I respectfully submit the following additional detail for the aforementioned No Liability Delaware BSA Claims.

5. Claim No. 2, which was filed by DesignSensory against Delaware BSA in the amount of $3,996.61, asserts a liability with respect to a STEM Scouts agency service fee for February 2020, and attaches invoice 20008136, dated February 5, 2020, in support of the claim. Claim No. 3 was also filed by DesignSensory against Delaware BSA in the amount of $6,817.75 and asserts a separate liability with respect to a STEM Scouts agency service fee for January

2020—with invoice 20008135, dated February 4, 2020, attached in support of the claim. Claim No. 416 was subsequently filed by DesignSensory in the aggregate amount of $10,814.36 against the BSA, which accounts for the liabilities asserted with respect to invoices 20008135 and 20008136, and is asserted against the correct Debtor, BSA. BSA is the proper operating entity against which STEM Scouts liabilities should be asserted—Delaware BSA does not have any operations and is not jointly liable with the BSA with respect to the services provided. Therefore, Claim No. 2 and Claim No. 3 should be disallowed, and Claim No. 416, properly asserted against the BSA in the aggregate amount, should remain on the claims register as a Remaining Claim.[3]

6. Claim No. 17, which was filed by Joseph S. Coco against Delaware BSA in the amount of $16,005.97, asserts the same liability with respect to the BSA's Retirement Benefit Restoration Plan as Claim No. 403, which is properly asserted against the BSA. Delaware BSA is not jointly liable with the BSA for Retirement Benefit Restoration Plan obligations. As such, Claim No. 17 against Delaware BSA should be disallowed, and Claim No. 403, properly asserted against BSA, should remain on the claims register as a Remaining Claim.

7. Claim No. 458, which was filed by Minor [458] against Delaware BSA in the amount of $2,943,252.01, asserts the same liability with respect to a personal injury lawsuit as Claim No. 3450, which is properly asserted against the BSA. Delaware BSA is not named in the underlying lawsuit and is not jointly liable with the BSA for such personal injury obligations. As such, Claim No. 458 against Delaware BSA should be disallowed, and Claim No. 3450, properly asserted against the BSA, should remain on the claims register as a Remaining Claim.

---

[3] For the avoidance of doubt, the Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

8. Claim No. 4, which was filed by Peggy Chestnut against Delaware BSA in the amount of $1,240,000, asserts the same liability with respect to the BSA's pension plan as Claim No. 104, which is properly asserted against the BSA. Delaware BSA does not have any employees and is not a sponsor or a guarantor of the BSA's pension plan. As such, Claim No. 4 should be disallowed, and Claim No. 104, properly asserted against the BSA, should remain on the claims register as a Remaining Claim.

9. Claim No. 411, which was filed by Sherilyn Applewhite c/o Stark & Stark PC against Delaware BSA in the amount of $15,000,000, asserts the same liability with respect to a personal injury claim as Claim No. 3127, which is properly asserted against the BSA. Delaware BSA is not an operating entity and is not jointly liable with the BSA for any such personal injury obligations. As such, Claim No. 411 against Delaware BSA should be disallowed, and Claim No. 3127, properly asserted against the BSA, should remain on the claims register as a Remaining Claim.

10. Claim No. 5, which was filed by the Treasurer of Virginia against Delaware BSA in an undetermined amount, asserts the same liability with respect to unclaimed property obligations as Claim No. 128, which is properly asserted against the BSA. Delaware BSA is not jointly liable with the BSA with respect to any such unclaimed property obligations. As such, Claim No. 5 should be disallowed, and Claim No. 128, properly asserted against the BSA, should remain on the claims register as a Remaining Claim.

11. Claim No. 19, which was filed by W.W. Grainger, Inc., against Delaware BSA in the amount of $1,707.85, asserts the same liability with respect to goods sold as Claim No. 196, which is properly asserted against the BSA. Delaware BSA does not have any operations and is not listed on the invoice for such goods sold, and is not jointly liable with the BSA with respect to

the goods sold. As such, Claim No. 19 should be disallowed, and Claim No. 196, properly asserted against the BSA, should remain on the claims register as a Remaining Claim.

12. For these reasons, the No Liability Delaware BSA Claims identified on the "No Liability Delaware BSA Claims to Be Disallowed" column on **Schedule 1** attached to the Proposed Order should be disallowed and expunged, as they are claims for which Delaware BSA does not have liability and for which properly asserted claims identified under the column entitled "Remaining Claim" will remain on the claims register, subject to the Debtors' rights to object to the Remaining Claims on any further grounds permitted under applicable law. Failure to disallow and expunge the No Liability Delaware BSA Claims filed against Delaware BSA could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the No Liability Delaware BSA Claims will enable the Debtors to maintain a more accurate claims register.

## SUBSTANTIVE DUPLICATE CLAIMS

13. Based upon a review of their books and records, the Debtors have identified certain claims, referred to as Substantive Duplicate Claims in the Objection, that assert the same liability as another proof of claim filed by the same creditor, but with certain differences. As detailed below, certain of the Substantive Duplicate Claims assert a duplicative claim against the same Debtor on account of the same underlying liability in the same amount, but do not denote a claim amendment. Certain of the Substantive Duplicate Claims assert different claim amounts as the proposed Remaining Claim, but are nonetheless duplicative because, for example, a subsequently-filed claim aggregates the liabilities of the earlier-filed claims or the claim was subsequently filed after the Substantive Duplicate Claim using the scheduled value of the claim, which is higher than the earlier-filed claim. These Substantive Duplicate Claims identified on **Schedule 2** to the

5

Proposed Order are claims for which only BSA is liable for the filed proofs of claim identified on the column entitled "Remaining Claim," and for which the claimants should be prevented from obtaining a double recovery on account of a single obligation, to the detriment of other creditors. I respectfully submit the following additional detail for the aforementioned Substantive Duplicate Claims.

14. Claim No. 210, which was filed by AAF Hauling, Inc., against the BSA in the amount of $7,737.47, asserts the same liability with respect to services rendered as subsequently-filed Claim No. 427 in the same amount. The Debtors have conferred with Fair Harbor Capital LLC, and understand that Claim No. 427, which was subsequently filed by Fair Harbor Capital LLC, acting as agent for AAF Hauling, Inc., pursuant to an agency agreement, is the correct Remaining Claim. Additionally, both Claim No. 210 and Claim No. 427 attach invoice 10149, dated February 1, 2020, in support of the claim. As such, Claim No. 210 is a duplicative claim on account of the same debt as Claim No. 427, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt. Claim No. 210 should be disallowed, and Claim No. 427 should remain on the claims register as a Remaining Claim.

15. Claim No. 121, which was filed by AAF Hauling, LLC, against the BSA in the amount of $7,737.47, asserts the same liability with respect to services rendered as subsequently-filed Claim No. 427 in the same amount. The Debtors have conferred with Fair Harbor Capital LLC, and understand that Claim No. 427, which was subsequently filed by Fair Harbor Capital LLC, acting as agent for AAF Hauling, LLC, pursuant to an agency agreement, is the correct Remaining Claim. Additionally, both Claim No. 121 and Claim No. 427 attach invoice 10149, dated February 1, 2020, in support of the claim. As such, Claim No. 121 is a duplicative claim on account of the same debt as Claim No. 427, and the Debtors should not be required to pay a

claimant twice on account of the same obligation or debt. Claim 121 should be disallowed (in addition to Claim No. 210 discussed above), and Claim No. 427 should remain on the claims register as the Remaining Claim.

16. Claim No. 335, which was filed by Charles Keathley against the BSA in the amount of $69,464.00, asserts the same liability with respect to the BSA's Retirement Benefit Restoration Plan as Claim No. 361, which was subsequently filed by Charles Keathley against the BSA in the amount of $69,464.33. As such, Claim No. 335 is a duplicative claim on account of the same obligation as Claim No. 361, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt. Claim No. 335 should be disallowed, and Claim No. 361, the subsequently-filed claim, should remain on the claims register as a Remaining Claim.

17. Claim No. 403, which was filed by Joseph S. Coco against the BSA in the amount of $16,005.97, asserts the same liability with respect to the BSA's Retirement Benefit Restoration Plan as Claim No. 400, which was subsequently filed by Joseph S. Coco against the BSA in the same amount. As such, Claim No. 403 is a duplicative claim on account of the same obligation as Claim No. 400, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt. Claim No. 403 should be disallowed and Claim No. 400, properly asserted against the BSA in the scheduled amount and including the unliquidated amount, should remain on the claims register as a Remaining Claim.

18. Claim No. 281, which was filed by David J. Ross II against the BSA in the amount of $904,795.26, asserts the same liability with respect to the BSA's Retirement Benefit Restoration Plan as Claim No. 334, which was subsequently filed by David J. Ross II in the amount of $904,795.00. As such, Claim No. 281 is a duplicative claim on account of the same obligation as Claim No. 334, and the Debtors should not be required to pay a claimant twice on account of the

same obligation or debt.  Claim No. 281 should be disallowed, and Claim No. 334, the subsequently-filed claim, should remain on the claims register as a Remaining Claim.

19. Claim No. 47, which was filed by The ProBar LLC against the BSA in the amount of $143,132.84, asserts the same liability with respect to goods sold as subsequently-filed Claim No. 75, which asserts the same amount as a section 503(b)(9) priority claim.  Both claims attach invoice 152767, dated February 3, 2020, in support of each claim.  As such, Claim No. 47 is a duplicative claim on account of the same obligation as Claim No. 75, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt.  Claim No. 47 should be disallowed, and Claim No. 75, properly asserted against BSA as an administrative expense claim, should remain on the claims register as a Remaining Claim.

20. For the reasons set forth herein, the Substantive Duplicate Claims identified on the "Substantive Duplicate Claims to Be Disallowed" column on **Schedule 2** to the Proposed Order should be disallowed and expunged, as they are claims for which the same liability has been asserted in another proof of claim, and for which the properly asserted claims identified under the column entitled "Remaining Claim" should remain on the claims register.  Failure to disallow and expunge the Substantive Duplicate Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  The Debtors should not be required to pay a claimant twice on the same obligation or debt.  Moreover, elimination of the Substantive Duplicate Claims will enable the Debtors to maintain a more accurate claims register.

21. The information contained in this Declaration and in **Schedule 1** and **Schedule 2** attached to the Proposed Order is true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: October 15, 2021

/s/ *Stephanie Phillips*

Stephanie Phillips
Controller
BOY SCOUTS OF AMERICA