**Exhibit B**

**Phillips Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF STEPHANIE PHILLIPS IN SUPPORT OF DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) NO LIABILITY CLAIMS, AND (III) REDUCE AND ALLOW CLAIMS (NON-ABUSE CLAIMS)**

I, Stephanie Phillips, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Controller at the Boy Scouts of America (the "BSA") and have served in this capacity for 11 years. I submit this declaration (this "Declaration") in support of the *Debtors' Fifth Omnibus (Substantive) Objection to Certain (I) Substantive Duplicate Claims, (II) No Liability Claims, and (III) Reduce and Allow Claims (Non-Abuse Claims)* (the "Objection"),[2] dated as of the date hereof and filed contemporaneously herewith.

2. I am over the age of eighteen and am authorized by the BSA and Delaware BSA, LLC ("Delaware BSA") to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (a) business books and records kept by the Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules, and/or (d) the official register of claims filed in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

chapter 11 cases. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

3. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to review and reconcile the proofs of claim filed against the Debtors in these chapter 11 cases. The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by myself, appropriate personnel of the Debtors, Alvarez & Marsal North America, LLC, Omni, White & Case LLP, and Morris, Nichols, Arsht & Tunnell LLP.

## SUBSTANTIVE DUPLICATE CLAIMS

4. Based upon a review and analysis of the Substantive Duplicate Claims listed on **Schedule 1** to the Proposed Order by myself and my team, the Substantive Duplicate Claims listed under the column "Substantive Duplicate Claims to be Disallowed" is duplicative of amounts or liabilities requested in another filed proof of claim, but with certain differences (*e.g.*, a claim reasserted in a subsequently-filed proof of claim that was not denoted as amending the initial proof of claim).

5. Failure to disallow and expunge the Substantive Duplicate Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the Substantive Duplicate Claims will enable the Debtors to maintain a more accurate claims register.

## NO LIABILITY CLAIMS

6. Based upon a careful review and analysis of the Debtors' books and records, the Schedules, and the claims register, the Debtors have determined that the Debtors have no liability with respect to the No Liability Claims listed on **Schedule 2** to the Proposed Order. Failure to

disallow and expunge the No Liability Claims will result in claimants receiving improper recoveries on account of such No Liability Claims to the detriment of creditors with valid claims.

33. The No Liability Claims set forth on **Schedule 2** (a) assert liability against Debtor BSA for which the Debtors are not liable and/or assert liability against a non-debtor third party, or (b) assert liability against Delaware BSA, which is properly asserted against Debtor BSA. Delaware BSA is a non-operating entity and is not jointly and severally liable with BSA with respect to any liabilities, except as a guarantor of certain prepetition secured obligations of the BSA owed to JPMorgan Chase Bank, National Association. With respect to the No Liability Claims asserted against Delaware BSA listed on **Schedule 2**, disallowance of these No Liability Claims will not prejudice the claimants or their substantive rights against the Debtors because each of these claimants has asserted a claim on account of the same liability against BSA, each of which will remain on the claims register subject to the Debtors' ongoing rights to object to such claims on any applicable grounds, including other grounds set forth in the Debtors' subsequent omnibus objections.[3] I respectfully submit the following additional detail for certain of the aforementioned No Liability Claims.

7. Claim No. 408, which was filed by Edward G. Mills II against Delaware BSA in the amount of $50,000,000.00, asserts the same liability with respect to a personal injury claim as Claim No. 3084, which is properly asserted against the BSA. Delaware BSA is a non-operating entity and is not jointly liable with the BSA with respect to any such personal injury obligations and is not a guarantor of any such personal injury obligations. As such, Claim 408 against Delaware BSA should be disallowed. Failure to disallow and expunge Claim No. 408 could result

---

[3] For the avoidance of doubt, the Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the claims register. Elimination of the claim asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

8. Claim Nos. 1260 and 1300, which were filed by the Estate of Rodolfo R. Trevino against Delaware BSA each in the amount of $1,000,000.00, assert the same liability as Claim 12615, which is properly asserted against the BSA. Delaware BSA is a non-operating entity and is not jointly liable with the BSA with respect to any claims and is not a guarantor of any claims, except as a guarantor of certain prepetition secured obligations of the BSA owed to JPMorgan Chase Bank, National Association. As such, Claim Nos. 1260 and 1300 should be disallowed. Failure to disallow and expunge Claim Nos. 1260 and 1300 could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the claims register. Elimination of the claims asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

9. Claim No. 1320, which was filed by Paul Brockland against Delaware BSA in a contingent amount, asserts the same liability with respect to the BSA's pension plan as Claim No. 1760, which is properly asserted against the BSA. Delaware BSA does not have any employees and is not a sponsor nor guarantor of the BSA's pension plan. As such, Claim No. 1320 should be disallowed. Failure to disallow and expunge Claim No. 1320 could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the

claims register. Elimination of the claims asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

10. Claim No. 1072, which was filed by a redacted claimant against Delaware BSA in a contingent amount, asserts the same liability with respect to a wrongful death claim as Claim No. 14023, which is properly asserted against the BSA. Delaware BSA is a non-operating entity and is not jointly liable with the BSA with respect to any such obligation and is not a guarantor of any such obligation. As such, Claim 1072 against Delaware BSA should be disallowed. Failure to disallow and expunge Claim No. 1072 could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the claims register. Elimination of the claim asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

11. Claim No. 916, which was filed by a redacted claimant against Delaware BSA in the amount of $100,000.00, asserts the same liability with respect to a personal injury claim as Claim No. 17529, which is properly asserted against the BSA. Delaware BSA is a non-operating entity and is not jointly liable with the BSA with respect to any such personal injury obligations and is not a guarantor of any such personal injury obligations. As such, Claim 916 against Delaware BSA should be disallowed. Failure to disallow and expunge Claim No. 916 could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the claims register. Elimination of the claim asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

12.     Claim No. 1318, which was filed by Thomas R. Meyering against Delaware BSA in the amount of $776.50, asserts the same liability with respect to the BSA's pension plan as Claim No. 2650, which is properly asserted against the BSA. Delaware BSA does not have any employees and is not a sponsor nor guarantor of the BSA's pension plan. As such, Claim 1318 against Delaware BSA should be disallowed. Failure to disallow and expunge Claim No. 1318 could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, the claimant's properly asserted claim will remain on the claims register. Elimination of the claim asserted against Delaware BSA will enable the Debtors to maintain a more accurate claims register.

13.     For these reasons, the No Liability Claims identified on **Schedule 2** attached to the Proposed Order should be disallowed and expunged, as they are claims for which (a) the Debtors are not liable and/or assert liability against a non-debtor third party, or (b) assert liability against Delaware BSA, which is properly asserted against Debtor BSA.

## REDUCE AND ALLOW CLAIMS

14.     Based upon a careful review and analysis of the Debtors' books and records, the Schedules, and the claims register, the Debtors have determined that the Reduce and Allow Claims, as set forth on **Schedule 3** to the Proposed Order, were filed for amounts that differ from and are greater than the amounts reflected in the Debtors' books and records. Therefore, the Reduce and Allow Claims should be reduced to the extent set forth on **Schedule 3** to the Proposed Order. Failure to do so would result in the applicable claimants receiving recoveries against the Debtors' estates that are greater than the amounts due to such claimants.

15.     The information contained in the Objection and in the schedules attached to the Proposed Order is true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: October 15, 2021

/s/ *Stephanie Phillips*

Stephanie Phillips
Controller
BOY SCOUTS OF AMERICA