**<u>Exhibit A</u>**

**<u>Archer Systems, LLC</u>**

DOCS_DE:236546.1 85353/002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# United States Bankruptcy Court

### District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  20-10343 (LSS)

Chapter  11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Archer Systems, LLC, c/o Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/James O'Neill
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc. www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

## EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
|  | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO ARCHER SYSTEMS, LLC**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Archer Systems, LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

## **DEFINITIONS**

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.    "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

8.       "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.       "You" or "Your" and variants thereof mean Archer Systems, LLC ,including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.       Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.       All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.       Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.       These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.       Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless

devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more

Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

        c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

        d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.    All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

  a.  XML format file(s);

  b.  Microsoft SQL database(s);

      c.        Access database(s); and/or

      d.        fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

### REQUEST FOR PRODUCTION NO. 2:

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

### REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

### REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

### REQUEST FOR PRODUCTION NO. 5:

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to,

soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim

Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted

by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7:**

For all Claim Forms that You submitted to Omni or for which You provided any services,

all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the (a) names of Your employees or members of other

organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature

of the work performed by each employee of Your firm or third-party employee, and (c) For each

responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim

number), and each employee of Your firm or third-party employee who performed work on those

Claim Forms.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents between You and any law firm or other entity pertaining to ownership of

or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any

marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or

transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by

an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning Robyn LeGris's involvement in the Claim Forms submitted

by You to Omni in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of the contents of the intake system(s) that You used to log, track, update, and

otherwise process Claim Forms, including, but not limited to, all metadata or other data

Concerning the intake systems, and all Documents Concerning the intake system(s) that You

used to log, track, update, and otherwise process Claim Forms.

October 8, 2021
Wilmington, DE

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kbrown@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC**

# United States Bankruptcy Court

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-10343 (LSS)

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC,
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____          */s/ James O'Neill*
Signature of Clerk or Deputy Clerk          *Attorney's signature*
                                                                   James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC,
on *(date)* 10/8/2021  .

☑I served the subpoena by delivering a copy to the named person as follows: _____
Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC      c/o The Corporation Trust Company
_____ on *(date)* 10/8/2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021  

*Betty Nowland Hurlock*
Server's signature

Betty Nowland-Hurlock
*Printed name and title*

1007 N.Orange Street, Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

   (i) is a party or a party's officer; or

   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*

  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*

  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to undue burden.

  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*

  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i) expressly make the claim; and

   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**<u>Exhibit 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO CATALUR CAPITAL MANAGEMENT, LP**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Catalur Capital Management, LP a/k/a Catalur Capital Management GP, LLC ("Catalur Capital") in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## **DEFINITIONS**

For the purposes of these Requests for Production, the following Definitions shall apply:

1.    Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.    "<u>Abuse Claim</u>" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.   The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.    "<u>Abuse Party</u>" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.    The terms "<u>all</u>," "<u>any</u>," and "<u>each</u>" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both

conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartering Organizations" shall have the meaning provided in the Plan.

9.      "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, texts, instant messages, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody; or in the control or custody of any current or former affiliates, representatives, or advisors.

10.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

11.     "Database" means any database, spreadsheet, dataset or similar file produced/accessible on Excel, Access, SAS, SQL, Stata, R Studio or similar computer program.

12.     "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA, LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

13.     "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445], filed on September 30, 2021.

14.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a

Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

15.     "FCR" or "Future Claimants' Representative" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

16.     "Future Abuse Claim" shall have the meaning provided in the Plan.

17.     "Indirect Abuse Claim" shall have the meaning provided in the Plan.

18.     "Local Council" shall have the meaning provided in the Plan.

19.     "Person" means an individual, a firm, a corporation, or other entity as the context requires.

20.     "Plan" or "Plan of Reorganization" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 as may be amended, modified or supplemented from time to time.

21.     "Process" means a process, methodology, formula, or other analytical framework as context requires.

22.     "<u>Settlement Trust Assets</u>" shall have the meaning provided in the Plan.

23.     "<u>You</u>" or "<u>Your</u>" and variants thereof means Catalur Capital Management, LP, a/k/a Catalur Capital Management GP, LLC including but not limited to any of its employees, agents, and representatives.

## <u>INSTRUCTIONS</u>

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without

limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached

to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      State the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been

destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another

person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including

all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.     <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.     XML format file(s);

b.     Microsoft SQL database(s);

c.     Access database(s); and/or

d.     fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures or an executed signature page that was attached to more than one proof of claim.

### REQUEST FOR PRODUCTION NO. 2

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 3

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 4

All Documents Concerning any analysis Concerning the number and valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

### REQUEST FOR PRODUCTION NO. 5

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 6**

All Documents Concerning any estimation and forecasting of present and future liabilities for Abuse Claims in connection with the Debtors, and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 7**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis Concerning the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 8**

All Documents Concerning the Settlement Trust Assets, including but not limited to all Communications between and/or among the Debtors, any related non-Debtor entities, any Local Councils, the Coalition, and the FCR related thereto.

**REQUEST FOR PRODUCTION NO. 9**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 10**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 11**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning BSA, these Chapter 11 Cases, a

prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

## REQUEST FOR PRODUCTION NO. 12

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

## REQUEST FOR PRODUCTION NO. 13

All Documents Concerning the BSA and/or these Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 14

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

## REQUEST FOR PRODUCTION NO. 15

All term sheets relating to any iteration of the Plan of Reorganization.

## REQUEST FOR PRODUCTION NO. 16

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 17**

All Communications between You and Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, and/or Archer Systems Concerning BSA or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 18**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 19**

All Documents Concerning any advertising campaigns to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 20**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 21**

All Documents Concerning Slater Slater & Schulman LLP and its involvement in the Chapter 11 Cases, including but not limited to, filing Abuse Claims.

**REQUEST FOR PRODUCTION NO. 22**

All Documents Concerning any attorneys at ASK LLP, Andrews & Thornton, and/or Slater Slater & Schulman LLP who signed hundreds of proofs of claim forms in the Chapter 11 Cases in a single day, including but not limited to David H. Stern, Sean T. Higgins, Michael S. Werner, and Jonathan Schulman.

Dated: October 8, 2021       PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:      jstang@pszjlaw.com
           inasatir@pszjlaw.com
           kbrown@pszjlaw.com
           joneill@pszjlaw.com
           jlucas@pszjlaw.com
           sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

## **Catalur Special Opportunities Fund I, LP**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 43 of 407

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __20-10343 (LSS)_____

Chapter__11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Catalur Special Opportunities Fund I, LP, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __October 8, 2021__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

*/s/ James O'Neill*
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* Catalur Special Opportunities Fund I, LP, c/o The Corporation Trust Company
on *(date)* 10/8/2021 .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Catalur Special Opportunities Fund I, LP, c/o The Corporation Trust Company
_____ on *(date)* 10/8/2021 _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

   I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021 _____

_____
*Betty Nowland-Hurlock*
*Server's signature*

Betty Nowland-Hurlock
*Printed name and title*

1007 N.Orange Street, Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:

DOCS_SF:106195.1 85353/002


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**<u>Exhibit 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS**
**FOR PRODUCTION TO CATALUR SPECIAL OPPORTUNITIES FUND I, LP**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Catalur Special Opportunities Fund I, LP in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartered Organization" shall have the meaning provided in the Plan.

9.      "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

10.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12.    "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

13.     "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

14.     "Local Council" shall have the meaning provided in the Plan.

15.     "Plan" or "Plan of Reorganization" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

16.     "Settlement Trust Assets" shall have the meaning provided in the Plan.

17.     "You" or "Your" and variants thereof mean Catalur Special Opportunities Fund I, LP. including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.   Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data

compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

     c.     Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

     d.     Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of

such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

<div align="center">

**MANNER OF PRODUCTION**

</div>

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

      6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:   All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

      7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as

Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center"><b><u>REQUESTS FOR PRODUCTION</u></b></div>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures or an executed signature page that was attached to more than one proof of claim.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning any analysis Concerning the number and valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning any estimation and forecasting of present and future liabilities for Abuse Claims in connection with the Debtors, and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis Concerning the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning the Settlement Trust Assets, including but not limited to all Communications between and/or among the Debtors, any related non-Debtor entities, any Local Councils, the Coalition, and the FCR related thereto.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 15:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between You and Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, and/or Archer Systems Concerning BSA or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning any advertising campaigns to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning Slater Slater & Schulman LLP and its involvement in the Chapter 11 Cases, including but not limited to, filing Abuse Claims.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning any attorneys at ASK LLP, Andrews & Thornton, and/or Slater Slater & Schulman LLP who signed hundreds of proofs of claim forms in the Chapter 11 Cases in a single day, including but not limited to David H. Stern, Sean T. Higgins, Michael S. Werner, and Jonathan Schulman.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:    jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kbrown@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**Consumer Attorney Marketing Group, LLC**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 64 of 407

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC

_____Debtor_____

*(Complete if issued in an adversary proceeding)*

Case No.  20-10343 (LSS)

Chapter  11

_____
_____Plaintiff_____

v.

_____
_____Defendant_____

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Consumer Attorney Marketing Group, LLC,
c/o Michael Vizvary, 21051 Warner Center Lane, Suite 250, Woodland Hills, CA 91367
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____          */s/ James E. O'Neill*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*
                                        James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_SF:106181.1 85353/002

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                      _____

                                        *Server's signature*

                                        _____

                                        *Printed name and title*

                                        _____

                                        *Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com 

**<u>EXHIBIT 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
|  | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO CONSUMER ATTORNEY MARKETING**
**GROUP, LLC RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Consumer Attorney Marketing Group, LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be modified, supplemented or amended from time to time.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

5

**<u>DEFINITIONS</u>**

1.      "<u>Attorney</u>" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "<u>Chapter 11 Cases</u>" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "<u>Claim Form(s)</u>" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "<u>Communications</u>" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "<u>Debtors</u>" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "<u>Documents</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written,

recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Consumer Attorney Marketing Group, LLC including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

# INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular

8

telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

   a.      Identify the type, title and subject matter of the Document;

   b.      State the place, date, and manner of preparation of the Document;

   c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

   d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.      To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred

9

to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.    All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned

10

paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.        XML format file(s);

      b.        Microsoft SQL database(s);

      c.        Access database(s); and/or

      d.        fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center"><strong><u>REQUESTS FOR PRODUCTION</u></strong></div>

## <u>REQUEST FOR PRODUCTION NO. 1:</u>

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

<div align="center">12</div>

**REQUEST FOR PRODUCTION NO. 2:**

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents sufficient to show the names and email addresses associated with all accounts which You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7:**

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning the use of identical signatures affixed to multiple Claim Forms purported to be signed by different people and that were submitted to Omni on behalf of the Morelli Law Firm and the Morelli Law Firm Attorneys.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning the Claim Forms that You submitted to Omni in the Chapter 11 Cases on behalf of any Napoli Shkolnik Attorney.

**REQUEST FOR PRODUCTION NO. 12:**

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

14

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:    jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kbrown@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**<u>Corbin ERISA Opportunity Fund, Ltd.</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

### District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
_____
Debtor

Case No.  20-10343 (LSS)

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Case No.  20-10343 (LSS)

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Corbin ERISA Opportunity Fund, Ltd. c/o the Corporation Trust Company,
Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

*/s/ James O'Neill*
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOCS_SF:106182.1
DOCS_DE:236429.1 85353/002

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:  Corbin ERISA Opportunity Fund, Ltd. c/o the Corporation Trust Company
on *(date)* 10/8/2021   .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Corbin ERISA Opportunity Fund, Ltd. c/o the Corporation Trust Company
_____ on *(date)* 10/8/2021      ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021

*Betty Nowland-Hurlock*
*Server's signature*

Betty Nowland-Hurlock
*Printed name and title*

1007 N.Orange Street, Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:

DOCS_SF:106195.1 85353/002


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2)*For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO CORBIN ERISA OPPORTUNITY FUND, LTD. RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Corbin ERISA Opportunity Fund, Ltd. in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.     Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.     "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.:  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.     "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartered Organization" shall have the meaning provided in the Plan

9.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

10.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12.    "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

13.    "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

14.    "Local Council" shall have the meaning provided in the Plan.

15.    "Plan" or "Plan of Reorganization" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

16.    "Settlement Trust" shall have the meaning provided in the Plan

17.    "You" or "Your" and variants thereof mean Corbin ERISA Opportunity Fund, Ltd including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.    Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.    All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.    Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data

compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.    To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of

such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3. <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4. <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5. <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

      6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:   All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

      7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as

Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center"><b><u>REQUESTS FOR PRODUCTION</u></b></div>

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or that use the same executed signature page that was attached to more than one proof of claim form.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by attorney David H. Stern of ASK LLP.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning complaints of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents reflecting the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the Settlement Trust formed as part of these Chapter 11 Cases, including but not limited to all Communications between and/or among the Debtors, any related non-Debtor entities, any Local Councils, the Coalition, and the FCR related thereto.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning the insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Adam Slater, Ken Rothweiler, Anne Andrews and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand,

Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the Debtors and/or the Abuse Claims against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the Debtors and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the Debtors and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 20:**

All term sheets relating to any iteration of the Plan of Reorganization for the Debtors.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, Archer Systems, Your Case Managers, Legal Conversion Center, Law Ruler, Legal Help Center, EPIQ, KLS Legal Solutions, Legal Intake Services, and/or My Legal Concerning the Debtors, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any advertising campaigns to attract Abuse Claims against the Debtors or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning Abuse Claims asserted against the Debtors in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning the investigation, if any, of the proofs of claim filed in these

Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning any collateral agreement Concerning claims against the

Debtors in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents that describe or identify the collateral against which You assert a lien

associated with the proofs of claim filed in the Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:      jstang@pszjlaw.com
            inasatir@pszjlaw.com
            kbrown@pszjlaw.com
            joneill@pszjlaw.com
            jlucas@pszjlaw.com
            sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**<u>Corbin Opportunity Fund, L.P.</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Delaware**

In re  **Boy Scout of America and Delaware BSA, LLC**

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  **20-10343 (LSS)**

Chapter  **11**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Corbin Opportunity Fund, L.P. c/o the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____           */s/ James E. O'Neill*
Signature of Clerk or Deputy Clerk            *Attorney's signature*
                                              James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:   Corbin Opportunity Fund, L.P. c/o the Corporation Trust Company

on *(date)*  10/8/2021   .

☑ I served the subpoena by delivering a copy to the named person as follows:  _____

Corbin Opportunity Fund, L.P. c/o the Corporation Trust Company

_____  on *(date)*  10/8/2021  ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date:  10/8/2021

*Betty Nowland-Hurlock*
_____
*Server's signature*

*Betty Nowland-Hurlock*
_____
*Printed name and title*

1007 N. Orange Street, Wilmington, DE 19801
_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



**<u>Exhibit 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS**
**FOR PRODUCTION TO CORBIN OPPORTUNITY FUND, L.P.**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Corbin Opportunity Fund, L.P. in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartered Organization" shall have the meaning provided in the Plan.

9.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

10.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

11.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda,

transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

12.    "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

13.    "Local Council" shall have the meaning provided in the Plan.

14.     "Plan" or "Plan of Reorganization" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

15.     "You" or "Your" and variants thereof mean Corbin Opportunity Fund, L.P including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever

those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

a.      Identify the type, title and subject matter of the Document;

b.      State the place, date, and manner of preparation of the Document;

c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any

Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an

investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

### MANNER OF PRODUCTION

1.    All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably

structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.      XML format file(s);

b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries,

folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or that use the same executed signature page that was attached to more than one proof of claim form.

### REQUEST FOR PRODUCTION NO. 2:

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 3:

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by attorney David H. Stern of ASK LLP.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning complaints of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with the Debtors and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents reflecting the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning or relating to the assets that may be held by a Settlement Trust.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning or relating to the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning the insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Adam Slater, Ken Rothweiler, Anne Andrews and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand,

Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the Debtors and/or the Abuse Claims against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the Debtors and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with these Chapter 11 Cases or made prior to February 18, 2020 and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the Debtors and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 21:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, Archer Systems, Your Case Managers, Legal Conversion Center, Law Ruler, Legal Help Center, EPIQ, KLS Legal Solutions, Legal Intake Services, and/or My Legal Concerning the Debtors, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning any advertising campaigns to attract Abuse Claims against the Debtors or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning Abuse Claims asserted against the Debtors in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning the investigation, if any, of the proof of claim filed in these Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning any collateral agreement Concerning claims against the Debtors in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents that describe or identify the collateral against which You assert a lien associated with the proofs of claim filed in the Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**EPIQ Systems, Inc.**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 125 of 407

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  20-10343 (LSS)

Chapter  11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  EPIQ Systems, Inc., c/o Cogency Global Inc.; Agent for Service of Process National Corporate Research, Ltd.
122 E. 42nd Street, 18th Floor, New York, NY 10168
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ James E. O'Neill*
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com



B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 126 of 407

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  _____.

My fees are $  _____for travel and $  _____for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO EPIQ SYSTEMS, INC.,**
**<u>RELATING TO PLAN CONFIRMATION (SET ONE)</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Official Committee of Tort Claimants (the "<u>TCC</u>") to Boy Scouts of America and Delaware BSA, LLC (the "<u>Debtors</u>"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "<u>Requests for Production</u>") on EPIQ Systems, Inc., in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

Please produce the documents and the production media to the undersigned counsel  by October 18, 2021.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**DEFINITIONS**

1.        Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.        "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

3.        "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

4.        "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

5.        "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

6.        "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

7.        "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda,

transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean EPIQ Systems, Inc., including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

**INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular

telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.    Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.    Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

a.    Identify the type, title and subject matter of the Document;

b.    State the place, date, and manner of preparation of the Document;

c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.    To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred

to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned

paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.          XML format file(s);

    b.          Microsoft SQL database(s);

    c.          Access database(s); and/or

    d.          fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

**<u>REQUESTS FOR PRODUCTION</u>**

# <u>REQUEST FOR PRODUCTION NO. 1:</u>

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

**REQUEST FOR PRODUCTION NO. 2:**

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7:**

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents

sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning the Claim Forms that You prepared and/or submitted to Omni in these Chapter 11 Cases on behalf of the Andreozzi & Foote P.C. law firm including, but not limited to, any and all digital signatures, audit trails, and IP addresses that were associated with any and all Claims Forms, including those Claim Forms that You submitted where Docusign signatures stem from a North Carolina-based IP address and those Claims Forms where photocopied signature pages were attached to the Claim Forms.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents sent or received on an epiqglobal.com email address or any other EPIQ email address Concerning these Chapter 11 Cases and/or the Claim Forms that You prepared and/or submitted to Omni in these Chapter 11 Cases, including digital signatures, audit trails, and metadata.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning Your advertisements or advertisements of any other entity (including but not limited to Andreozzi & Foote P.C., and/or any of their individual Attorneys)

Concerning the Chapter 11 Cases, including, but not limited to. social media, Internet, TV, and/or newspaper advertisements.

## **REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning incentive bonuses and/or payments made to non-attorneys tied in any way to the number of claimants recruited and/or Claim Forms completed in connection with these Chapter 11 cases.

## **REQUEST FOR PRODUCTION NO. 14:**

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:      jstang@pszjlaw.com
            inasatir@pszjlaw.com
            kbrown@pszjlaw.com
            joneill@pszjlaw.com
            jlucas@pszjlaw.com
            sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**<u>Ferncroft Capital LLC</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

                Debtor

Case No. __20-10343 (LSS)__

*(Complete if issued in an adversary proceeding)*

Chapter__11__

_____

                Plaintiff

v.

Adv. Proc. No. _____

_____

                Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Ferncroft Capital LLC c/o Corporation Service Company _____
251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

                CLERK OF COURT

                          OR

_____     */s/ James O'Neill*_____
  *Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                             James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  Ferncroft Capital LLC c/o Corporation Service Company
on *(date)* 10/8/2021 .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Ferncroft Capital LLC c/o Corporation Service Company
_____  on *(date)* 10/8/2021 ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021

_____
*Server's signature*

Larry Taylor - Process Server
*Printed name and title*

1007 N.Orange Street, Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:



DOCS_SF:106195.1 85353/002

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

## THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO FERNCROFT CAPITAL LLC RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Ferncroft Capital LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Chartered Organization" shall have the meaning provided in the Plan.

8.       "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

9.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including

booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

11.     "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

12.     "Local Council" shall have the meaning provided in the Plan.

13.     "Settlement Trust" shall have the meaning provided in the Plan.

14.     "You" or "Your" and variants thereof mean Ferncroft Capital LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp,

Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.        You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.        Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.        Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if

such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.    Identify the type, title and subject matter of the Document;

        b.    State the place, date, and manner of preparation of the Document;

        c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

        d.    Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.    To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another

person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## <u>MANNER OF PRODUCTION</u>

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including

all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.     <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.     XML format file(s);

b.     Microsoft SQL database(s);

c.     Access database(s); and/or

d.     fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or that use the same executed signature page that was attached to more than one proof of claim.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors in these Chapter 11 Cases, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors in these Chapter 11 Cases, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by Michael S. Werner, Jonathan Schulman, or any other attorney associated with Slater Slater Schulman LLP.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning complaints of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning and/or reflecting any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with the Debtors and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the assets that may be held by a Settlement Trust.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Adam Slater, Ken Rothweiler, Anne Andrews, and/or any lawyer associated with Slater Slater Schulman LLP, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged

bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 20:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, Archer Systems, Your Case Managers, Legal Conversion Center, Law Ruler, Legal Help Center, EPIQ, KLS Legal Solutions, Legal Intake Services, and/or My Legal Concerning BSA, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any advertising campaign to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning Abuse Claims asserted against the Debtors in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning the investigation, if any, of any proof of claim filed in these Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning any loan or financing arrangement entered into by You and any entity or attorney representing individuals with claims against the Debtors associated with sexual abuse including Slater Slater Schulman LLP.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning the collateral against which You assert a lien associated with the proofs of claim filed in the Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**<u>Fortress Credit Corp.</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 164 of 407

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
　　　　　　　　　　Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-10343 (LSS)

Chapter　11

_____
　　　　　Plaintiff

v.

_____
　　　　　Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

　　　　　　　Fortress Credit Corp. c/o The Corporation Trust Company,
To: _____
　　　　Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
　　　　　　*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

　　　　　　　CLERK OF COURT

　　　　　　　　　　　　OR

_____　　　　*/s/ James O'Neill*
*Signature of Clerk or Deputy Clerk*　　　　*Attorney's signature*
　　　　　　　　　　　　James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* Fortress Credit Corp. c/o The Corporation Trust Company
on *(date)* 10/8/2021   .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Fortress Credit Corp. c/o The Corporation Trust Company
_____ on *(date)* 10/8/2021          ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021

*Betty Nowland-Hurlock*

*Server's signature*

*Betty Nowland-Hurlock*

*Printed name and title*

1007 N. Orange Street, Wilmington, DE 19801

*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS
FOR PRODUCTION TO FORTRESS CREDIT CORPORATION
RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Fortress Credit Corporation in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.    "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.    "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.    "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.    "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.    "Chartered Organization" shall have the meaning provided in the Plan.

9.    "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

10.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11.    "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

13.     "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims, or any successor legal representative appointed by the Bankruptcy Court, including any attorneys, representatives, consultants, advisors, or anyone acting on his behalf.

14.     "Local Council" shall have the meaning provided in the Plan.

15.     "Plan" or "Plan of Reorganization" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

16.     "Settlement Trust Assets" shall have the meaning provided in the Plan.

17.     "You" or "Your" and variants thereof mean Fortress Credit Corp. including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.     You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data

compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of

such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

<u>**MANNER OF PRODUCTION**</u>

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      Emails and Attachments, and Other Email Account-Related Documents: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.      Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

     a.     XML format file(s);

     b.     Microsoft SQL database(s);

     c.     Access database(s); and/or

     d.     fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:   All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as

Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center">

**REQUESTS FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures or the same executed signature page that was attached to more than one proof of claim.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by attorney Paul Napoli in the days leading up to the bar date (between

November 9 and November 16, 2020), where over 400 proof of claim forms were filed that were largely blank, including the responses that only requiring the checking of a box.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed by or on behalf of Napoli Shkolnik PLLC or Paul Napoli against the Debtors in these Chapter 11 cases, in particular those which were filed without a signature and those where claimant signatures were affixed to the back of proofs of claim with different font types indicating that the signature was collected independently of factual verification.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning a complaint of any kind made by Fortress Credit Corp. including the declaration of an event of default or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the actual or potential challenges to any lien or interest that Fortress Credit Corp. may hold in claims or proceeds of claims against the Debtors in these Chapter 11 cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with the Debtors and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the Settlement Trust Assets.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 20:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, and/or Archer Systems Concerning BSA, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 24**

All Documents Concerning any advertising campaigns to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning Napoli Shkolnik PLLC and its involvement in the Chapter 11 Cases, including but not limited to, all Documents Concerning potentially fraudulent Abuse Claims or activities by Napoli Shkolnik PLLC in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning any vetting of proofs of claim by Napoli Shkolnik PLLC or Paul Napoli to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning Napoli Shkolnik's connections with Consumer Attorney Marketing Group.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:        jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kbrown@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**KLS Legal Solutions**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 186 of 407

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

_____Debtor_____

*(Complete if issued in an adversary proceeding)*

_____Plaintiff_____

v.

_____Defendant_____

Case No. __20-10343 (LSS)_____

Chapter __11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: KLS Legal Solutions, 101 West Elm Street, Suite 215, Conshohocken, PA 19428
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See Exhibit 1 attached hereto.__

| PLACE Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

CLERK OF COURT

OR

_____          /s/James O'Neill_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                                                    James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

DOCS_LA:340151.2 85353/002

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

### THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO KLS LEGAL SOLUTIONS RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on KLS Legal Solutions in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## **DEFINITIONS**

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

DOCS_LA:340151.2 85353/002

7.      "<u>Documents</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

4

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean KLS Legal Solutions, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless

devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more

6

Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      State the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

7

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

8

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

DOCS_LA:340151.2 85353/002

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.     <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

## REQUEST FOR PRODUCTION NO. 2

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

## REQUEST FOR PRODUCTION NO. 4

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 5

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to,

soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim

Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted

by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7**

All Documents reflecting Communications Concerning or relating to obtaining claimant

signatures for all Claims Forms submitted by You that were signed by the claimant alleging

sexual abuse.

**REQUEST FOR PRODUCTION NO. 8**

For all Claim Forms that You submitted to Omni or for which You provided any services,

all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to show the (a) names of Your employees or members of other

organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature

of the work performed by each employee of Your firm or third-party employee, and (c) For each

responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim

number), and each employee of Your firm or third-party employee who performed work on those

Claim Forms.

**REQUEST FOR PRODUCTION NO. 10**

All Documents between You and any law firm or other entity pertaining to ownership of

or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any

marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or

13

transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents Concerning the Claim Forms that were submitted to Omni in these Chapter 11 Cases on behalf of any Attorney, including, but not limited to, any Attorneys affiliated with or employed by Slater Slater Schulman LLP and/or Yuseph & Rappaport Law, including, but not limited to, any and all digital signatures, audit trails, and IP addresses that were associated with any and all Claims Forms that You submitted.

## REQUEST FOR PRODUCTION NO. 12

All Documents and Communications Concerning any Claims Forms that were submitted to Omni in these Chapter 11 Cases that included identical photocopied signature pages by or on behalf of any Attorney, including, but not limited to, identical photocopied signatures of Attorneys Jonathan Schulman and/or Adam Slater of Slater Slater Schulman LLP.

## REQUEST FOR PRODUCTION NO. 13

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data

[remainder of page left intentionally blank]

14

Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:        jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kbrown@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

15

**Law Ruler**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __20-10343 (LSS)_____

Chapter___11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
Law Ruler, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __October 8, 2021__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____/s/ James O'Neill_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_SF:106187.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


**American LegalNet, Inc.**
www.FormsWorkFlow.com

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 2295, 6215, 6443, 6445 |

## THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO LAW RULER RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Law Ruler in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

## DEFINITIONS

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda,

6

transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Law Ruler, including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

# INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.        Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.        All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.        Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.        These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.        Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.        You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored

8

Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level

searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

      2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

      3.     <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

      4.     <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

      5.     <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.     <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production

[remainder of page left intentionally blank]

**<u>REQUESTS FOR PRODUCTION</u>**

## REQUEST FOR PRODUCTION NO. 1

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

## REQUEST FOR PRODUCTION NO. 2

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

## REQUEST FOR PRODUCTION NO. 4

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 5

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 6

All Documents reflecting Communications Concerning or relating to obtaining claimant signatures for all Claims Forms submitted by You that were signed by the claimant alleging sexual abuse.

## REQUEST FOR PRODUCTION NO. 7

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

13

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents sent from, to or otherwise involving the email address esign@lawruler.com Concerning these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning the Claim Forms that generated by You or submitted by You to Omni in these Chapter 11 Cases on behalf of anyone purporting to represent an individual with a claim against the Debtors associated with sexual abuse, including, but not limited to, any Attorneys affiliated with or employed by Slater Slater Schulman LLP; Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP; and/or Pagialunga & Harris, PS.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning any Claim Forms that were submitted to Omni in these Chapter 11 Cases that included identical photocopied signature pages by or on

behalf of any Attorney, including, but not limited to, identical photocopied signatures of Attorneys

Jonathan Schulman and/or Adam Slater of Slater Slater Schulman LLP.

## REQUEST FOR PRODUCTION NO. 6:

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process

Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all

Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim

Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

15

**<u>Legal Conversion Center, a/k/a My Legal Help</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__
_____ Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. __20-10343 (LSS)__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
Legal Conversion Center, a/k/a My Legal Help, c/o Monica Ingram
1001 W Euless Blvd, St. 350, Euless, TX 76040
_(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

CLERK OF COURT

OR

_____          /s/James O'Neill
_Signature of Clerk or Deputy Clerk_          _____
          _Attorney's signature_
          James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_SF:106188.1 85353/002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



DOCS_SF:106188.1 85353/002

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

DOCS_LA:340156.1 85353/002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
|  | Re Docket Nos.  6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO LEGAL CONVERSION CENTER A/K/A MY LEGAL HELP RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Legal Conversion Center a/k/a My Legal Help in connection with the in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

## **DEFINITIONS**

1.     "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.     "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.     "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

4.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.     "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and

Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

        8.       "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Legal Conversion Center, a/k/a My Legal Help, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp,

5

Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if

such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another

person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## <u>MANNER OF PRODUCTION</u>

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.     <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including

all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.    XML format file(s);

b.    Microsoft SQL database(s);

c.    Access database(s); and/or

d.    fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

[remainder of page left intentionally blank]

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original

PDF of the Claim Form that was transmitted to Omni, in native format, including all associated

metadata.

**REQUEST FOR PRODUCTION NO. 2:**

For each Claim Form that You submitted or for which You provided services: (a) the

original file containing the signature placed on the signature page (page 12 of the Claim Form),

in native format, including all associated metadata; and (b) the original file containing the

completed Claim Form that was filled in without the signature, in native format, including all

associated metadata. For each Claim Form, Documents sufficient to identify which signed

standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the names and email addresses associated with all accounts

that You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning contracts or agreements You had with any law firm or person

Concerning any services performed by You in relation to the Chapter 11 Cases, including, but

not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or

filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that provide instructions or describe processes and procedures to be

followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to,

soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim

Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted

by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning obtaining claimant signatures for all Claims Forms submitted

by You that were signed by the claimant alleging sexual abuse.

**REQUEST FOR PRODUCTION NO.8:**

For all Claim Forms that You submitted to Omni or for which You provided any services,

all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the (a) names of Your employees or members of other

organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature

of the work performed by each employee of Your firm or third-party employee, and (c) For each

responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim

number), and each employee of Your firm or third-party employee who performed work on those

Claim Forms.

**REQUEST FOR PRODUCTION NO.10:**

All Documents between You and any law firm or other entity pertaining to ownership of

or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any

marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or

transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents from, to or otherwise involving the email addresses LCCretainers@gmail.com, jon@legalconversioncenter.com, the websites and/or domain names legalconversioncenter.com and/or www.mylegal.cc, and/or the IP address 52.23.114.53, Concerning abuse claims against the Debtors in the Chapter 11 Cases, including, but not limited to, any Claim Forms that were submitted to Omni using these email addresses, the websites, and/or domain names and/or the IP addresses.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the Claim Forms that were submitted to Omni in these Chapter 11 Cases on behalf of behalf of any Attorney, including, but not limited to, any Attorneys affiliated with or employed by Slater Slater Schulman LLP; Junell & Associates Law Firm, PLLC; Andrews & Thornton; ASK LLP; Yourasef Law; Donald G. Norris Law; Napoli Shkolnik PLLC; McDonald Worley; The Moody Law Firm, Inc.; D. Miller & Associates, PLLC; Oaks Law Firm; Krause & Kinsman Law Firm; and/or Bailey Cowan Heckaman PLLC, including, but not limited to, any and all digital signatures, audit trails, and IP addresses that were associated with any and all Claims Forms that You submitted to Omni.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning any Claims Forms that were submitted to Omni in these Chapter 11 Cases that included identical photocopied signature pages by or on behalf of any Attorney, including, but not limited to, identical photocopied signatures of Jonathan Schulman

and/or Adam Slater of Slater Slater Schulman LLP; and/or Andrea McGinnis of Bailey Cowan Heckaman PLLC.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning any Claim Forms that were submitted to Omni in these Chapter 11 Cases in which the Claim Forms were created after the signature date, including, but not limited to, such Claims Forms that were submitted by or on behalf of Attorney Deborah Levy of Junell & Associates Law Firm.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any Claim Forms that were submitted to Omni in these Chapter 11 Cases in which the metadata for the Claims Forms indicates that the Claim Forms submitted by or on behalf of a single Attorney were created within a short period of time, including, but not limited to, Claims Forms submitted by or on behalf of Attorney Deborah Levy of Junell & Associates Law Firm on November 3, 2020.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning any Claim Forms that were submitted to Omni in these Chapter 11 Cases by or on behalf of Attorney Paul Napoli of Napoli Shkolnik PLLC, including, but not limited to, those Claim Forms submitted between November 9, 2020, and November 16, 2020, those Claim Forms that included blank sections, and/or those Claim Forms that did not include Paul Napoli's signature and instead included a "/s/" symbol.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Concerning any amended Claim Forms that were submitted to Omni in these Chapter 11 Cases by or on behalf of Napoli Shkolnik PLLC or any Napoli Shkolnik PLLC Attorneys.

**REQUEST FOR PRODUCTION NO. 18:**

A copy of the contents of the intake system(s) that You used to log, track, update, and

otherwise process Claim Forms, including, but not limited to, all metadata or other data

Concerning the intake systems, and all Documents Concerning the intake system(s) that You

used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

<div style="margin-left:2em">

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:     jstang@pszjlaw.com
         inasatir@pszjlaw.com
         kbrown@pszjlaw.com
         joneill@pszjlaw.com
         jlucas@pszjlaw.com
         sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

</div>

**<u>Legal Help Center</u>**

DOCS_DE:236546.1 85353/002

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC

_____
Debtor

Case No.  20-10343 (LSS)

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____
Plaintiff

v.

Adv. Proc. No.  _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Legal Help Center, c/o Michele F. Cohen 1505 Ashford Way, Wynnewood, PA 19096
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/  *James O'Neill*
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_LA:340146.1 85353/002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

## **EXHIBIT 1**

DOCS_LA:340154.1 85353/002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
REQUESTS FOR PRODUCTION TO LEGAL HELP CENTER
RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Legal Help Center in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

<div align="center">**DEFINITIONS**</div>

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.    "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

7

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Legal Help Center ,including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

8

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information

9

about such persons to assess the privilege asserted; and

    d.        Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.      To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.      If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.      If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.      The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.      If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but

DOCS_LA:340154.1 85353/002

is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly,

11

accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.        Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.        XML format file(s);

b.        Microsoft SQL database(s);

c.        Access database(s); and/or

d.        fixed or variable length ASCII delimited files.

6.        Spreadsheets, Multimedia, and Non-Standard File Types:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.        "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.        Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to

12

express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

## REQUEST FOR PRODUCTION NO. 2

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

## REQUEST FOR PRODUCTION NO. 4

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 5

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 6

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

## REQUEST FOR PRODUCTION NO. 7

All Documents reflecting Communications Concerning or relating to obtaining claimant signatures for all Claims Forms submitted by You that were signed by the claimant alleging sexual abuse.

## REQUEST FOR PRODUCTION NO. 8

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

## REQUEST FOR PRODUCTION NO. 9

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

## REQUEST FOR PRODUCTION NO. 10

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents and Communications Concerning the Claim Forms that were submitted to Omni in these Chapter 11 Cases on behalf of any Attorney, including, but not limited to, any Attorneys affiliated with or employed by Slater Slater Schulman LLP and/or Yuseph & Rappaport Law, including, but not limited to, any and all digital signatures, audit trails, and IP addresses that were associated with any and all Claims Forms that You submitted to Omni.

## REQUEST FOR PRODUCTION NO. 12

All Documents and Communications Concerning any Claims Forms that were submitted to Omni in these Chapter 11 Cases that included identical photocopied signature pages by or on behalf of any Attorney, including, but

not limited to, identical photocopied signatures of Attorneys Jonathan Schulman and/or Adam Slater of Slater Slater Schulman LLP.

## REQUEST FOR PRODUCTION NO. 13

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:    jstang@pszjlaw.com
          inasatir@pszjlaw.com
          kbrown@pszjlaw.com
          joneill@pszjlaw.com
          jlucas@pszjlaw.com
          sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**Rocan Capital LLC**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __20-10343 (LSS)_____

Chapter___11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Rocan Capital LLC c/o the Corporation Trust Company_____
Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801_____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __October 8, 2021__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ James O'Neill*
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.<br>www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any):  Rocan Capital LLC c/o the Corporation Trust Company
on (date) 10/8/2021 .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Rocan Capital LLC c/o the Corporation Trust Company
_____ on (date) 10/8/2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021

_Betty Nowland Hurlock_
Server's signature

Betty Nowland-Hurlock
Printed name and title

1007 N.Orange Street, Wilmington, DE 19801
Server's address

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


**American LegalNet, Inc.**
www.FormsWorkFlow.com

**Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

## THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO ROCAN CAPITAL LLC RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Rocan Capital LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply:

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.     "BSA" means "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

5.     "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

6.     "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.     "Claim Form" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

8.     "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

9.     "Chartered Organization" shall have the meaning provided in the Plan.

10.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

13.     "Local Council" shall have the meaning provided in the Plan.

14.     "Settlement Trust" shall have the meaning provided in the Plan.

15.     "You" or "Your" and variants thereof mean Rocan Capital LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature.  In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless

devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more

Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      State the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.     All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or that use the same executed signature page that was attached to more than one proof of claim form.

### REQUEST FOR PRODUCTION NO. 2:

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 3:

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by attorney David H. Stern of ASK LLP.

### REQUEST FOR PRODUCTION NO. 5:

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning complaints of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning the actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with these Chapter 11 Cases or made prior to February 18, 2020 and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the assets that may be held by a Settlement Trust.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Adam Slater, Ken Rothweiler, Anne Andrews and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the Debtors and/or the Abuse Claims against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a

prepackaged bankruptcy for the Debtors and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with these Chapter 11 Cases or made prior to February 18, 2020 and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the Debtors and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 21:**

All term sheets Concerning any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, Archer Systems, Your Case Managers, Legal Conversion Center, Law Ruler, Legal Help Center, EPIQ, KLS Legal Solutions, Legal Intake Services, and/or My

Legal Concerning the Debtors, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning the Debtors, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the Debtors, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning any advertising campaign to attract Abuse Claims against the Debtors or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning Abuse Claims asserted against the Debtors.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning the investigation, if any, of any proof of claim filed in these Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning any collateral agreement concerning claims against the Debtors in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Concerning the collateral against which You assert a lien associated with the proofs of claim filed in these Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**SCR Oldco GP, LLC, formerly known as Stratos Legal GP, LLC**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# United States Bankruptcy Court

### District of Delaware

In re  Boy Scout of America and Delaware BSA, LLC

_____
Debtor

Case No. 20-10343 (LSS)

*(Complete if issued in an adversary proceeding)*

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: SCR Oldco GP, LLC, formerly known as Stratos Legal GP, LLC, 1177 West Loop South Suite 1700, Houston TX, 77027

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ James O'Neill
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_LA:340145.1 85353/002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

DOCS_LA:340145.1 85353/002

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

## THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' REQUESTS FOR PRODUCTION TO SCR OLDCO GP, LLC, FORMERLY KNOWN AS STRATOS LEGAL GP, LLC RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on SCR Oldco GP, LLC, formerly known as Stratos Legal GP, LLC, in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

**<u>DEFINITIONS</u>**

1.      "<u>Attorney</u>" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "<u>Chapter 11 Cases</u>" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "<u>Claim Form(s)</u>" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "<u>Communications</u>" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "<u>Debtors</u>" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "<u>Documents</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and

6

Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

and information in Your possession, custody, or control, and includes: all and any written,

recorded, or graphic material, however produced or reproduced, minutes, summaries,

memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible

things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records,

contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses,

reports, files, interoffice memoranda, or interoffice communications of any description,

calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers,

correspondence, emails, phone recordings, instant messages, text messages, telegrams,

advertisements, press releases, notes, letters, diaries, working papers, schedules, projections,

graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other

means, and all drafts thereof.  If a Document was prepared in several copies, or if additional

copies were thereafter made, and if any such copies are not identical in all respects or are no

longer identical by reason of subsequent notation or modification of any kind whatsoever,

including notes on the front or back, in the margins, or on any of the pages thereof, then each

such non-identical copy is a separate Document and must be produced. When examples of

categories or types of Documents are given in a particular Request for Production by use of

phrases such as "including," this shall always be interpreted as being for illustrative purposes

only (i.e., to be understood as "including without limitation") and in no way limits or narrows the

scope of any Request for Production.  "Documents" always includes Communications, whether

so stated in a particular Request for Production or not.

    8.    "Omni" means Omni Agent Solutions, the Debtors' administrative agent

in the Chapter 11 Cases.

9.    "You" or "Your" and variants thereof mean SCR Oldco GP, LLC, formerly known as Stratos Legal GP, LLC, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.    Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.    All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.    Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.    These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.    Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop,

8

laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      State the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1.        All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.        <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.        <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.        <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

DOCS_LA:340145.1 85353/002

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

   a.  XML format file(s);

   b.  Microsoft SQL database(s);

   c.  Access database(s); and/or

   d.  fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the

searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center"><b><u>REQUESTS FOR PRODUCTION</u></b></div>

## REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

## REQUEST FOR PRODUCTION NO. 2

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

## REQUEST FOR PRODUCTION NO. 4

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 5

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 6

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

<div align="center">13</div>

## REQUEST FOR PRODUCTION NO. 7

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

## REQUEST FOR PRODUCTION NO. 8

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

## REQUEST FOR PRODUCTION NO. 9

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 10

All Documents Concerning Robyn LeGris's involvement in Claim Forms submitted by You to Omni in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents Concerning all Claim Forms submitted in the Chapter 11 Cases on behalf of Attorney Deborah Levy of Junell & Associates.

## REQUEST FOR PRODUCTION NO. 12

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all

14

Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**Siguler Guff Oct, LLC**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __20-10343 (LSS)__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
Siguler Guff Oct, LLC c/o Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

CLERK OF COURT

OR

_____          */s/ James O'Neill*_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are: James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:  Siguler Guff Oct, LLC c/o Corporation Service Company
on *(date)* 10/8/2021 .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
Siguler Guff Oct, LLC c/o Corporation Service Company _____
_____ on *(date)* 10/8/2021 ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 10/8/2021 

_____
*Server's signature*

LARRY TAYLOR – PROCESS SERVER
*Printed name and title*

1007 N.Orange Street, Wilmington, DE 19801
*Server's address*

Additional information concerning attempted service, etc.:

DOCS_SF:106195.1 85353/002


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
|  | Re Docket Nos. 6443, 6445 |

## THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
## REQUESTS FOR PRODUCTION TO SIGULER GUFF OCT, LLC
## RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Siguler Guff Oct, LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.      Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.      "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.      "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartered Organization" shall have the meaning provided in the Plan.

9.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf in these Chapter 11 Cases.

10.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

11.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

12.    "<u>Documents</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

13.     "<u>Local Council</u>" shall have the meaning provided in the Plan.

14.     "<u>Plan</u>" or "<u>Plan of Reorganization</u>" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

15.     "<u>You</u>" or "<u>Your</u>" and variants thereof mean Siguler Guff Oct, LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.     Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.     Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.     These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents'

representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.      Identify the type, title and subject matter of the Document;

    b.      State the place, date, and manner of preparation of the Document;

    c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any

Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an

investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.    All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably

structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.      XML format file(s);

b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries,

folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center">

**REQUESTS FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or that use the same executed signature page that was attached to more than one proof of claim.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases signed by someone who is not the person who signature was affixed to the proof of claim.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning a complaint of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning an actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with the Debtors and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the assets that may be held by a Settlement Trust.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Adam Slater, Ken Rothweiler, Anne Andrews and/or any lawyer associated with Ask LLP, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged

bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents that refer or relate to any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 20:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC, Reciprocity Industries, LLC, Archer Systems, Your Case Managers, Legal Conversion Center, Law Ruler, Legal Help Center, EPIQ, KLS Legal Solutions, Legal Intake Services, and/or My Legal Concerning BSA, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or prepetition.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any advertising campaigns to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning Abuse Claims asserted against the Debtors in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning the investigation, if any, of any proof of claim filed in these Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning any loan or financing arrangement entered into by You and anyone purporting to represent individuals with claims against the Debtors in these Chapter 11

Cases associated with sexual abuse, including but not limited to any loans secured by the recovery on Abuse Claims.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning the collateral against which You assert a lien or interest associated with the proofs of claim filed in the Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
                 inasatir@pszjlaw.com
                 kbrown@pszjlaw.com
                 joneill@pszjlaw.com
                 jlucas@pszjlaw.com
                 sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**<u>Stratos Legal Services, L.P. (a.k.a SCR Oldco, L.P.) now a Veritext Company</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 317 of 407

# United States Bankruptcy Court

### District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-10343 (LSS)

Chapter  11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Stratos Legal Services, L.P. (a.k.a SCR Oldco, L.P.) now a Veritext Company
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE<br>Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | DATE AND TIME<br>October 18, 2021 at 2:00 pm (ET). |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____              /s/  James O'Neill
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                             James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

DOCS_LA:340149.1 85353/002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO STRATOS LEGAL SERVICES, L.P.,**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Stratos Legal Services, L.P., in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

DOCS_LA:340149.1 85353/002

**DEFINITIONS**

1.      "<u>Attorney</u>" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "<u>Chapter 11 Cases</u>" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "<u>Claim Form(s)</u>" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "<u>Communications</u>" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "<u>Debtors</u>" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "<u>Documents</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written,

6

recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

        8.     "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

        9.     "You" or "Your" and variants thereof mean Stratos Legal Services, L.P., including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

7

# INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular

8

telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.     Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.     Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

       a.     Identify the type, title and subject matter of the Document;

       b.     State the place, date, and manner of preparation of the Document;

       c.     Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

       d.     Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period

during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1.    All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned

10

paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.  <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.  <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.  <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.  <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.  XML format file(s);

11

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

6.     <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.     <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.     <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

<div align="center"><b><u>REQUESTS FOR PRODUCTION</u></b></div>

<div align="center"><b>(to Stratos Legal Services, L.P.)</b></div>

## REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

## REQUEST FOR PRODUCTION NO. 2

For each Claim Form that You submitted or for which You provided services: (a) the original file

containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

## REQUEST FOR PRODUCTION NO. 4

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 5

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 6

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

## REQUEST FOR PRODUCTION NO. 7

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

## REQUEST FOR PRODUCTION NO. 8

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

13

## REQUEST FOR PRODUCTION NO. 9

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 10

All Documents Concerning Robyn LeGris's involvement in Claim Forms submitted by You to Omni in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents Concerning all Claim Forms submitted in the Chapter 11 Cases on behalf of Attorney Deborah Levy of Junell & Associates.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

14

## REQUEST FOR PRODUCTION NO. 12

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com,
                inasatir@pszjlaw.com
                kbrown@pszjlaw.com
                joneill@pszjlaw.com
                jlucas@pszjlaw.com
                sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

15

**<u>Stratos Medical Review (SMR), LP</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS    Doc 6647-1    Filed 10/18/21    Page 333 of 407

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Boy Scout of America and Delaware BSA, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  20-10343 (LSS)

Chapter  11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Stratos Medical Review (SMR), LP, 1177 West Loop South, Suite 1700, Houston, TX 77027
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE 19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 8, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/James O'Neill
_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

DOCS_LA:340144.1 85353/002


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

DOCS_LA:340157.1 85353/002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
REQUESTS FOR PRODUCTION TO STRATOS MEDICAL REVIEW (SMR)
RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Stratos Medical Review (SMR) in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

## DEFINITIONS

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

4

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Stratos Medical Review (SMR), including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless

5

devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached

6

to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

        c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

        d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

8

## **MANNER OF PRODUCTION**

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable

text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4. <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5. <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a. XML format file(s);

    b. Microsoft SQL database(s);

    c. Access database(s); and/or

    d. fixed or variable length ASCII delimited files.

6. <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or

video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### (to Stratos Medical Review (SMR))

## REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

11

**REQUEST FOR PRODUCTION NO. 2**

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4**

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

## REQUEST FOR PRODUCTION NO. 7

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

## REQUEST FOR PRODUCTION NO. 8

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

## REQUEST FOR PRODUCTION NO. 9

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 10

All Documents Concerning Robyn LeGris's involvement in Claim Forms submitted by You to Omni in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents Concerning all Claim Forms submitted in the Chapter 11 Cases on behalf of Attorney Deborah Levy of Junell & Associates.

**REQUEST FOR PRODUCTION NO. 12**

A copy of the contents of the intake system(s) that You used to log, track, update, and

otherwise process Claim Forms, including, but not limited to, all metadata or other data

Concerning the intake systems, and all Documents Concerning the intake system(s) that You

used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:     jstang@pszjlaw.com
           inasatir@pszjlaw.com
           kbrown@pszjlaw.com
           joneill@pszjlaw.com
           jlucas@pszjlaw.com
           sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

14

**Stratos Medical Review, LLC**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __20-10343 (LSS)_____

Chapter___11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Stratos Medical Review, LLC, 1177 West Loop South, Suite 1700, Houston, TX 77027
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See Exhibit 1 attached hereto.__

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE 19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/James O'Neill_____
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are: James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

DOCS_LA:340143.1 85353/002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $ _____.

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

# **EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br><div align=right>Debtors.</div> | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Re Docket Nos. 6443, 6445 |

### THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
### REQUESTS FOR PRODUCTION TO STRATOS MEDICAL REVIEW
### RELATING TO PLAN CONFIRMATION (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Stratos Medical Review in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021, as such document may be amended, supplemented, or modified from time to time.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

**<u>DEFINITIONS</u>**

1.      "<u>Attorney</u>" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "<u>Chapter 11 Cases</u>" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "<u>Claim Form(s)</u>" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "<u>Communications</u>" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "<u>Debtors</u>" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.       "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

4

8.      "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Stratos Medical Review, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless

5

devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6. You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7. Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8. Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached

6

to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

  a.      Identify the type, title and subject matter of the Document;

  b.      State the place, date, and manner of preparation of the Document;

  c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

  d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each

7

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

DOCS_LA:340157.2 85353/002

## **MANNER OF PRODUCTION**

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable

text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      Emails and Attachments, and Other Email Account-Related Documents: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.      Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      fixed or variable length ASCII delimited files.

6.      Spreadsheets, Multimedia, and Non-Standard File Types:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or

video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

11

**REQUEST FOR PRODUCTION NO. 2**

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

**REQUEST FOR PRODUCTION NO. 4**

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

DOCS_LA:340157.2 85353/002

## REQUEST FOR PRODUCTION NO. 7

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

## REQUEST FOR PRODUCTION NO. 8

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

## REQUEST FOR PRODUCTION NO. 9

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 10

All Documents Concerning Robyn LeGris's involvement in Claim Forms submitted by You to Omni in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 11

All Documents Concerning all Claim Forms submitted in the Chapter 11 Cases on behalf of Attorney Deborah Levy of Junell & Associates.

## REQUEST FOR PRODUCTION NO. 12

A copy of the contents of the intake system(s) that You used to log, track, update, and otherwise process Claim Forms, including, but not limited to, all metadata or other data Concerning the intake systems, and all Documents Concerning the intake system(s) that You used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:       jstang@pszjlaw.com
             inasatir@pszjlaw.com
             kbrown@pszjlaw.com
             joneill@pszjlaw.com
             jlucas@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*

**<u>Tillie Capital LLC</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Delaware**

In re **Boy Scout of America and Delaware BSA, LLC**

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **20-10343 (LSS)**

Chapter **11**

Plaintiff

v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Tillie Capital LLC c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill 919 North Market Street, 17th Floor Wilmington, DE 19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **October 8, 2021**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ James O'Neill*
*Attorney's signature*
James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are: James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* <u>Tillie Capital LLC c/o Corporation Service Company</u>
on *(date)* <u>10/8/2021</u> .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
<u>Tillie Capital LLC c/o Corporation Service Company</u>
_____ on *(date)* <u>10/8/2021</u> ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>10/8/2021</u>

<u>(signature)</u>
*Server's signature*

<u>Larry Taylor - Process Server</u>
*Printed name and title*

<u>1007 N.Orange Street, Wilmington, DE 19801</u>
*Server's address*

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'**
**REQUESTS FOR PRODUCTION TO TILLIE CAPITAL LLC**
**RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Tillie Capital LLC in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 and any amendments, supplements or modifications thereto (the "Plan") and any proceedings arising therefrom or related thereto in connection with the Debtor's chapter 11 cases.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please produce the documents and the production media to the undersigned counsel by October 18, 2021.

## EXHIBIT 1

## DEFINITIONS

For the purposes of these Requests for Production, the following Definitions shall apply.

1.    Capitalized terms not defined herein shall have the meanings set forth in the Plan.

2.    "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claims" includes Direct Abuse Claims and Indirect Abuse Claims.

3.    "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all or any of the foregoing's Persons' Representatives.

4.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

5.      "BSA" means Boy Scouts of America, a congressionally chartered nonprofit corporation under title 36 of the United States Code.

6.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

7.      "Coalition" means the Coalition of Abused Scouts for Justice, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on the Coalition's behalf during the pendency of these Chapter 11 Cases.

8.      "Chartered Organization" shall have the meaning provided in the Plan.

9.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

10.     "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

11.     "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

12.     "Local Council" shall have the meaning provided in the Plan.

13.      "Plan" or "Plan of Reorganization" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as may be amended, supplemented, or modified from time to time.

14.      "Settlement Trust" shall have the meaning provided in the Plan.

15.      "You" or "Your" and variants thereof mean Tillie Capital LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions.  For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents'

representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.  Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically-stored Documents include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

        a.      Identify the type, title and subject matter of the Document;

        b.      State the place, date, and manner of preparation of the Document;

        c.      Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

        d.      Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine. In the event any

Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.     If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production.  If an

investigation is continuing or discovery is not complete with respect to the matter inquired into by

any Request for Production, so state in Your response to that Request for Production.

17.     If the identity of Documents responding to a Request for Production is not known,

then that lack of knowledge must be specifically indicated in the response.  If any information

requested is not in Your possession, but is known or believed to be in the possession of another

person or entity, then identify that person or entity and state the basis of Your belief or knowledge

that the requested information is in such person's or entity's possession.

<div align="center"><b><u>MANNER OF PRODUCTION</u></b></div>

1.     All Documents shall be provided in either native file ("native") or single-page 300

dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately

formatted industry-standard database load files and accompanied by true and correct copies or

representations of unaltered attendant metadata.  Where Documents are produced in tiff format,

each Document shall be produced along with a multi-page, Document-level searchable text file

("searchable text") as rendered by an industry-standard text extraction program in the case of

electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in

the case of scanned paper Documents.  Searchable text of Documents shall not be produced as

fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>: Database load files shall

consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in the

case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt")

file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder

named "Data," images shall be provided within a root level "Images" folder containing reasonably

structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.    <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.    <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.      XML format file(s);

b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries,

folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the submission of proofs of claim forms in these Chapter 11 Cases with forged signatures, signatures signed or affixed by a person other than the person named in the signature or the same executed signature page that was attached to more than one proof of claim.

### REQUEST FOR PRODUCTION NO. 2:

All Documents Concerning any interest You hold in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 3:

All Documents Concerning the sale, transfer or assignment of any interest held in the Abuse Claims alleged against the Debtors, the proceeds of such Abuse Claims and/or the amounts claimed by counsel representing the claimants with Abuse Claims against the Debtors.

### REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning proofs of claim filed against the Debtors in these Chapter 11 Cases allegedly signed by attorneys David H. Stern of ASK LLP and/or Sean T. Higgins of Andrews & Thornton Attorneys at Law within the two weeks leading up to the bar date (November 16, 2020).

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any amendments made to the proofs of claim filed against the Debtors in these Chapter 11 Cases, in particular those which were filed without a claimant signature.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning a complaint of any kind made by You, including the declaration of an event of default, or threat to declare an event of default, associated with improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning an actual or potential challenge to any lien or interest that You may hold in claims or proceeds of claims against the Debtors in these Chapter 11 Cases due to improprieties in the generation and/or filing of proofs of claim in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any analysis of the number and/or valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and prior to February 18, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning presentations made to anyone Concerning any analysis of the valuation of Abuse Claims at any time, including in connection with these Chapter 11 Cases and before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning any estimation and/or forecast of present and future liabilities for Abuse Claims made in connection with the Debtors and the valuation of insurance policies associated with such liability.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning any analysis of the values of Abuse Claims.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents reflecting the methodologies, metrics, and/or assumptions utilized in connection with any analysis of the value of any present or future Abuse Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning the assets that may be held by a Settlement Trust.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning the value of assets that any related non-Debtor entity, Local Council, Chartered Organization or other entity is contributing to the Settlement Trust.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any insurance coverage allegedly available to BSA for Abuse Claims.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications among You, on the one hand, and BSA and/or its counsel, James Patton, Scott Gilbert, Kami Quinn, Joe Rice, Eric Green, Anne Andrews and/or any other lawyer associated with Gilbert LLP or James Patton, on the other hand, Concerning BSA, these Chapter

11 Cases, a prepackaged bankruptcy for BSA and/or the Abuse Claims against BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the BSA and/or these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning any demand or request that the Debtors support a motion, application or inclusion of a provision in any iteration of the Plan of Reorganization that calls for the payment of money to (a) any lawyer or law firm that represents the Coalition or (b) to the Coalition for the fees and/or costs of any lawyer or law firm that represents the Coalition.

**REQUEST FOR PRODUCTION NO. 21:**

All term sheets relating to any iteration of the Plan of Reorganization.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications Concerning any iteration of the Plan of Reorganization including any drafts thereof.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between You and Mass Torts Made Perfect, LLC, Verus Claims Services LLC, Consumer Attorney Marketing Group, LLC, Stratos Legal Group, LLC,

Reciprocity Industries, LLC, and/or Archer Systems Concerning BSA, these Chapter 11 Cases and/or funds available to generate, sell or transfer claims against the Debtors.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications between or among You, on the one hand, and anyone alleging an Abuse Claim against the Debtors and/or or anyone representing someone with an Abuse Claim against the Debtors, on the other hand, Concerning BSA, these Chapter 11 Cases, a prepackaged bankruptcy for the BSA and/or the Abuse Claims alleged against the BSA, either during these Chapter 11 Cases or before February 18, 2020.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning any advertising campaigns to attract Abuse Claims against BSA or in these Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (I) Supplementing the Bar Date Order and (II) Granting Related Relief* [Docket No. 1145].

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning Abuse Claims asserted against the Debtors in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning the investigation, if any, of any proofs of claim filed in these Chapter 11 Cases to verify the information contained within the proofs of claim.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning the September 30, 2020 loan secured by the recovery on claims against BSA associated with claims submitted by ASK LLP and Andrews & Thornton Attorneys at Law.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Concerning the collateral against which You assert a lien associated with the proofs of claim filed in the Chapter 11 Cases.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:        jstang@pszjlaw.com
                inasatir@pszjlaw.com
                kbrown@pszjlaw.com
                joneill@pszjlaw.com
                jlucas@pszjlaw.com
                sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

**Verus Claims Services**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-10343-LSS   Doc 6647-1   Filed 10/18/21   Page 391 of 407

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Boy Scout of America and Delaware BSA, LLC__

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No. __20-10343 (LSS)__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Verus Claims Services, c/o Corporation Service Company,

To: ___Princeton South Corporate Ctr., Suite 160, 100 Charles Ewing Blvd, Ewing, NJ 08628___

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones, LLP, Attn: James O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE  19801 / Tel: 302.652.4100 | October 18, 2021 at 2:00 pm (ET). |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2021__

CLERK OF COURT

OR

_____

*Signature of Clerk or Deputy Clerk*

___/s/James O'Neill___

*Attorney's signature*

James O'Neill

The name, address, email address, and telephone number of the attorney representing the Official Committee of Tort Claimants, who issues or requests this subpoena, are:  James O'Neill of Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE  19801 Tel: 302.652.4100 / Email: joneill@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  _____

on *(date)* _____.

☐I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  _____.

My fees are $  _____ for travel and $  _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re Docket Nos. 6443, 6445 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS'
REQUESTS FOR PRODUCTION TO VERUS CLAIMS SERVICES
RELATING TO PLAN CONFIRMATION (SET ONE)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), by and through its undersigned counsel, hereby serves the following requests for production of documents (the "Requests for Production") on Verus Claims Services in connection with the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], filed on September 30, 2021 (the "Plan").

Please produce the documents and the production media to undersigned counsel by October 18, 2021.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## **DEFINITIONS**

1.      "Attorney" means lawyer who indicated in the Claim Form Signature Page (page 12 of the Claim Form) that she or he is the claimant's attorney.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware on February 18, 2020, jointly administered under Case No. 20-10343.

3.      "Claim Form(s)" means the Sexual Abuse Survivor Proof of Claim Form submitted by You or on Your behalf to Omni in these Chapter 11 Cases, or upon which You did any work even if You did not submit that Sexual Abuse Survivor Proof of Claim Form to Omni.

4.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

5.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6.      "Debtors" means and refers to Boy Scouts of America and Delaware BSA, LLC, the debtors in the above-captioned Chapter 11 Cases.

7.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

3

and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

8.    "Omni" means Omni Agent Solutions, the Debtors' administrative agent in the Chapter 11 Cases.

9.      "You" or "Your" and variants thereof mean Verus Claims Services including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions. For purposes of these Requests for Production, the following Instructions shall be followed:

1.      Civil Rule 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7034 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2.      All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3.      Unless otherwise stated in a specific Request for Production, the relevant time period shall be the period from the inception of the Debtors to the present.

4.      These Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

5.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including Documents and all other materials in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp,

5

Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

6.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You, or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically-stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

7.      Produce the original or duplicate of each Document requested, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible, and bound or stapled in the same manner as the original.

8.      Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if

such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

9.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

10.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

11.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, any other privilege, or work product protection, then in answer to such Request for Production or part thereof, for each such Document, You must:

   a.     Identify the type, title and subject matter of the Document;

   b.     State the place, date, and manner of preparation of the Document;

   c.     Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

   d.     Identify the legal privilege(s) or basis for withholding production, and the factual basis for that claim.

12.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 11 above must be provided.

13.     To the extent a Document was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each

7

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

14.    If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

15.    If You object to any of these Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Production, You shall respond to any other portions of such Request for Production as to which there is no objection and state with specificity the grounds of the objection.

16.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Production. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Production, so state in Your response to that Request for Production.

17.    If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another

8

person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## <u>MANNER OF PRODUCTION</u>

1.      All Documents shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.      <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including

all reasonably accessible metadata, custodian, or Document source information; and searchable text as to allow the through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.      <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the TCC.

5.      <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the TCC to reasonably manage and import those Documents into a useable, coherent database.   Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.      XML format file(s);

b.      Microsoft SQL database(s);

c.      Access database(s); and/or

d.      fixed or variable length ASCII delimited files.

10

6.      <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" Electronic Documents</u>:    All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:    Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the.dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

For each Claim Form submitted by You to Omni in the Chapter 11 Cases: the original PDF of the Claim Form that was transmitted to Omni, in native format, including all associated metadata.

### REQUEST FOR PRODUCTION NO. 2:

For each Claim Form that You submitted or for which You provided services: (a) the original file containing the signature placed on the signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without the signature, in native format, including all associated metadata. For each Claim Form, Documents sufficient to identify which signed standalone signature page was used.

### REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to show the names and email addresses associated with all accounts that You used to submit Claim Forms to Omni.

### REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning contracts or agreements You had with any law firm or person Concerning any services performed by You in relation to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that provide instructions or describe processes and procedures to be followed in providing services pertaining to the Chapter 11 Cases, including, but not limited to, soliciting, acquiring access to, interacting with, executing signatures, vetting, or filing Claim Forms in the Chapter 11 Cases.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning obtaining Attorney signatures for all Claims Forms submitted by You to Omni that were signed by an Attorney.

**REQUEST FOR PRODUCTION NO. 7:**

For all Claim Forms that You submitted to Omni or for which You provided any services, all Documents Concerning those Claim Forms.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the (a) names of Your employees or members of other organizations who performed any work Concerning the Chapter 11 Cases, (b) the title and nature of the work performed by each employee of Your firm or third-party employee, and (c) For each responsive Document to (a) and (b), Documents sufficient to identify the Claim Forms (by claim number), and each employee of Your firm or third-party employee who performed work on those Claim Forms.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents between You and any law firm or other entity pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including, but not limited to, any marketing of claims in the Chapter 11 Cases or any financial interest therein, any offers to sell or

13

transfer claims in the Chapter 11 Cases, and Communications Concerning financing secured by

an interest in any potential recovery on the claims in the Chapter 11 Cases.

## REQUEST FOR PRODUCTION NO. 10:

All Documents Concerning the signatures on Claim Forms You submitted to Omni in the

Chapter 11 Cases on behalf of Attorney Adam Krause of Krause & Kinsman.

## REQUEST FOR PRODUCTION NO. 11:

A copy of the contents of the intake system(s) that You used to log, track, update, and

otherwise process Claim Forms, including, but not limited to, all metadata or other data

Concerning the intake systems, and all Documents Concerning the intake system(s) that You

used to log, track, update, and otherwise process Claim Forms.

Dated: October 8, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:      jstang@pszjlaw.com
               inasatir@pszjlaw.com
               kbrown@pszjlaw.com
               joneill@pszjlaw.com
               jlucas@pszjlaw.com
               sgolden@pszjlaw.com

*Counsel for the Official Committee of Tort Claimants*