# SULLIVAN • HAZELTINE • ALLINSON LLC
ATTORNEYS AND COUNSELORS AT LAW

**William D. Sullivan**
bsullivan@sha-llc.com

**William A. Hazeltine**
whazeltine@sha-llc.com

**Elihu E. Allinson, III**
zallinson@sha-llc.com

919 North Market Street, Suite 420
Wilmington, Delaware  19801
Tel:  (302) 428-8191
Fax:  (302) 428-8195

October 18, 2021

**Via ECF and Hand Delivery**
The Honorable Laurie S. Silverstein
United States Bankruptcy Court
824 North Market St., 6th floor
Wilmington, DE  19801

Re: **In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343 (LSS)**

Dear Judge Silverstein:

I represent the law firm of Marc J. Bern & Partners LLP ("Bern & Partners") in this matter. This letter is to request that the hearing on the *Motion of Marc J. Bern & Partners LLC to Quash Subpoena to Produce Documents issued to KLS Legal Solutions, LLC* (D.I. 6380), which is presently listed as item 9 on the agenda for the October 19, 2021 hearing in this case, be rescheduled.

The Motion to Quash was filed with respect to Century Indemnity Company's ("Century's") subpoena to KLS Legal Solutions, an entity that provides paralegal and litigation support services exclusively to Bern & Partners and shares the same office suite with Bern & Partners' Pennsylvania office located in Conshohocken, PA.  The Century KLS Subpoena was not authorized by the Court's September 9, 2021 Order granting certain 2004 discovery and was issued on September 14, 2021, before the Court issued its order regarding the schedule for confirmation discovery.  Subsequently, the Tort Claimants Committee also issued a subpoena to KLS Legal Solutions, with a return date of today, October 18, 2021.  The TCC has agreed to an extension of the time to respond to their subpoena pending the resolution of the Motion to Quash the Century KLS Subpoena.  We believe that for efficiency as to the Court and all parties, any remaining disputes that cannot be resolved in a meet and confer process should be brought before the court at the same time.

Additionally, rescheduling of the Motion to Quash would provide time for Century, the TCC and Bern & Partners to meet and confer and attempt to resolve the issues before presenting the Court with a contested matter, including potential evidentiary issues regarding the nature of

KLS Solutions work and their relationship with Bern and Partners.  In its Objection to the Motion to Quash (D.I. 6598) Century argues that the motion should be denied because Bern & Partners failed to comply with Local Rule 7026-1(d)'s requirements to meet and confer in good faith prior to filing the motion.  [Objection, p. 6].  Century's assertion is incorrect; I sent an e-mail to Mr. Stamoulis on September 27, 2021 indicating that Bern & Partners objected to the KLS Subpoena and planned to file a motion to quash, but we were prepared to confer on the issues (copy attached).

Bern & Partners filed the Motion to Quash when it did not receive a response, as the return date for the Century KLS Subpoena was the following day, September 28, 2021. Century's Objection also argues that "at a minimum, the Court should deny the Motion to permit the parties to try and resolve the discovery disputes before burdening the Court with additional disputes to resolve." [Objection, p. 7].  We agree that the parties should confer before addressing the matter with the Court., but when I spoke to Mr. Stamoulis earlier today, he did not consent to continuing the hearing on the Motion to Quash so that a meaningful meet and confer can occur.

Moreover, Century's Objection has made clear that, to the extent we are unable to resolve the open issues in a meet and confer, there will be a need to develop an evidentiary record before the Court.  Specifically, there are certain factual issues related to the scope of the work product immunity under Federal Rule of Civil Procedure 26(b)(3) that will need to be presented to the Court.  Additionally, KLS would like the opportunity to supplement the declaration of Mr. Joseph Cappelli in support of the Motion to Quash, specifically to address certain allegations and deficiencies alleged in Century's Objection.  Century appears to be relying on the record it claims it developed in connection with the 2004 Motions more than seven months ago, and which is only referenced vaguely.

In conclusion, we believe that a short delay in the hearing on the Motion to Quash is warranted in order to allow the parties additional time to resolve the open issues through a meet and confer process and, to the extent unsuccessful, adequate time to prepare for what will be an evidentiary hearing.  As a matter of both judicial efficiency and fairness to the parties, we respectfully request that the matter be rescheduled to the Court's next omnibus hearing date, or at such other time as would be convenient for the Court.

Respectfully submitted,

*/s/ William D. Sullivan*

William D. Sullivan

Cc: Tancred Schiavoni, Esq. (via e-mail)
Stamatios Stamoulis, Esq. (via e-mail)
Gillian N. Brown, Esq. (via e-mail)