**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date** |
|  | **November 10, 2021 at 10:00 a.m. (ET)** |
|  | **Objection Deadline** |
|  | **November 3, 2021 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE STIPULATION
GRANTING EDWARD G. MILLS II AND SHERILYN
APPLEWHITE RELIEF FROM THE AUTOMATIC STAY**

Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>," or the "<u>Movants</u>") hereby submit this motion (this "<u>Motion</u>"), and respectfully state as follows:

**<u>RELIEF REQUESTED</u>**

1. The Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (i) approving the Stipulation attached to the Proposed Order as Exhibit 1, (ii) lifting the automatic stay to permit the liquidation of the claims asserted by Edward G. Mills II and Sherilyn Applewhite pursuant to the terms of the Stipulation, and (iii) granting such other and further relief as the Court deems just and proper.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 362 and 363

of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code), and rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.      Sherilyn Applewhite ("Applewhite") and Edward G. Mills II ("Mills," and together

with Applewhite, the "Plaintiffs") assert that on January 22, 2020, Mills was taken to the hospital

in Newton, New Jersey after he slipped and fell on an icy driveway of a private home which was

hosting a Boy Scouts meeting.  The Plaintiffs further assert that, as a result of the fall, Mills

suffered serious pain stemming from his back injuries.  Ms. Applewhite has asserted a *per quod*

claim under New Jersey law.

6.      On November 9, 2020, Mr. Mills filed two proofs of claim (Claim Nos. 408 and

3084), alleging personal injury damages in the amount of $50,000,000.00 against both Delaware

BSA, LLC and the BSA (the "Mills Claims").  The Debtors have filed an objection to Proof of

Claim No. 408 on October 15, 2021, on the basis that Delaware BSA, LLC is not jointly liable

with Boy Scouts of America for the personal injury claims.  *See Debtors' Fifth Omnibus*

*(Substantive) Objection to Certain (I) Substantive Duplicate Claims, (II) No Liability Claims, and*

*(III) Reduce and Allow Claims (Non-Abuse Claims)* [D.I. 6644].

7.      Ms. Applewhite filed two proofs of claim (Claim Nos. 411 and 3127), alleging personal injury damages in the amount of $15,000,000.00 against both Delaware BSA, LLC and the BSA (the "Applewhite Claims," and together with the Mills Claims, the "Claims").  The Debtors have filed an objection to Proof of Claim No. 411 on October 15, 2021, on the basis that Delaware BSA, LLC is not jointly liable with Boy Scouts of America for the personal injury claims.  *See Debtors' Third Omnibus (Substantive) Objection to Certain (I) No Liability Delaware BSA Claims and (II) Substantive Duplicate Claims (Non-Abuse Claims)* [D.I. 6642].

8.      The Plaintiffs wish to liquidate their Claims through commencement of litigation or pre-litigation settlement negotiations.  Given that the commencement of any such litigation would violate the automatic stay in the Debtors' chapter 11 cases, the Debtors and the Plaintiffs discussed how to proceed with the Plaintiffs' Claims.  Those discussions resulted in the Stipulation.  Through the Stipulation, the Debtors and the Plaintiffs have agreed to lift the automatic stay solely to permit the Plaintiffs to liquidate their claims against the BSA through the commencement of litigation or pre-litigation settlement negotiations.[2]

## BASIS FOR RELIEF REQUESTED

### I.      Legal Standard

#### A.      Approval of Settlements

9.      Section 105(a) and Bankruptcy Rule 9019 authorize the Court to approve settlements of claims.  Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, Bankruptcy Rule 9019 provides that, upon notice and a hearing, the Court "may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

---

[2]      Descriptions of the Stipulation in this Motion are for the convenience for the parties and the Court.  In the event that descriptions in this Motion and the Stipulation conflict, the Stipulation shall control.

10.     Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). The Court should exercise its discretion to approve a settlement or compromise where it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The Court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonable." *In re W.R. Grace & Co.*, 475 B.R. 34, 78 (D. Del. 2012). In determining whether a settlement or compromise should be approved, courts consider a number of factors, including "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

### B.     The Automatic Stay

11.     Upon the filing of a bankruptcy case, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding against the debtor "to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a). The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it" and "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quotations omitted).

12.     Section 362(d), however, authorizes the Court to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d). Although the Bankruptcy Code itself does not define "cause,"

courts in this District often consider whether (i) the debtor will suffer "any great prejudice" from the continuation of the civil suit, (ii) the prejudice to the non-bankrupt party by maintenance of the stay considerably outweighs the prejudice to the debtor if the stay is lifted, and (iii) the non-bankrupt party "has a probability of prevailing on the merits." *Id.*; *see also In re Scarborough St. James Corp.*, 535 B.R. 60, 67–68 (Bankr. D. Del. 2015).

## II.     Argument

13.     The Stipulation should be approved because it allows the Plaintiffs to begin the process of liquidating the Claims and avoids the expense and delay attendant to any dispute over whether the Court should lift the automatic stay for the Plaintiffs.

14.     As described further in the Stipulation, the Stipulation permits the Plaintiffs to liquidate their Claims through the commencement of litigation or pre-litigation settlement negotiations.  Accordingly, the Stipulation advances the resolution of the Plaintiffs' Claims either through a consensual resolution or, if necessary, litigation.  Moreover, the Plaintiffs are not entitled to enforce or seek payment, if any, on account of their Claims absent further order of this Court. Therefore, the Stipulation is reasonable and in the best interests of the Debtors' estates and their creditors.  *In re Louise's, Inc.*, 211 B.R. at 801.

15.     In addition, cause exists to lift the automatic stay for the limited purpose of permitting Plaintiffs to liquidate their Claims through settlement negotiations or litigation.  The Debtors will not be prejudiced as the Proposed Order and the Stipulation requires further Court approval for the Plaintiffs to receive payment, if any, on account of their Claims.  Permitting the Plaintiffs to engage with the Debtors in litigation and pre-litigation settlement negotiations avoids undue inconvenience, expense, and delay as those negotiations may streamline the resolution of the Plaintiffs' Claims.  Settlement negotiations or litigation with the Plaintiffs may also result in

Plaintiffs receiving a comparatively smaller recovery that, from the Debtors' perspective, will permit greater distribution to other creditors and parties in interest.

16.     Accordingly, cause exists to approve the Stipulation and lift the automatic stay as set forth in the Stipulation to permit the Plaintiffs to liquidate their Claims through the commencement of litigation or pre-litigation settlement negotiations.

## NOTICE

17.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the Tort Claimants' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank, National Association; (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (viii) the Plaintiffs.  The Movants submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

18.     Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from the automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 4001(a)(3).  The relief requested herein is essential to ensure that the Plaintiffs may timely commence litigation or pre-litigation settlement negotiations.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay referenced in Bankruptcy Rule 4001(a)(3).

## **CONCLUSION**

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation and granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  October 20, 2021
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Andrew R. Remming*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email:  mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

*ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION*