# **Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. ___** |

## ORDER APPROVING STIPULATION GRANTING EDWARD G. MILLS II AND SHERILYN APPLEWHITE RELIEF FROM THE AUTOMATIC STAY

This Court having considered the Motion, the *Stipulation Granting Edward G. Mills II and Sherilyn Applewhite Relief From the Automatic Stay* between the Debtors and the Plaintiffs (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and upon the record of this case and due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted and the Stipulation is APPROVED as set forth herein; and it is further ORDERED that:

1.　　The automatic stay of section 362(a) of the Bankruptcy Code shall be modified solely for the limited purpose of permitting the Plaintiffs to liquidate their Claims through the commencement or continuation of litigation pursuant to the terms of the Stipulation.

2.　　Plaintiffs shall not be entitled to enforce or seek payment on account of the Plaintiffs' Claims against the Debtors or parties affiliated with the Debtors, including against any related insurance policies, absent further order of this Court. However, Plaintiffs shall be entitled

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

to enforce or seek payment on account of their Claims against parties unaffiliated with the Debtors and the unaffiliated parties' insurance policies.

3. Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair the Debtors' rights, claims, remedies and defenses they have or may have with respect to the Plaintiffs' Claims. Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair Plaintiffs' Claims or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to Plaintiffs' Claims; (ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations.

4. Nothing in this order prejudices the right of any party to move or reinstate the stay or to seek additional relief from the stay.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted by this Order and the Stipulation.

6. The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order. The 14-day stay provided for in Bankruptcy Rule 4001(a)(3) shall be, and hereby is, waived.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and the Stipulation.

# **Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## STIPULATION GRANTING EDWARD G. MILLS II AND SHERILYN APPLEWHITE RELIEF FROM THE AUTOMATIC STAY

This stipulation (this "Stipulation") is made and entered into between and among Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), and, on the other hand, Edward G. Mills II and Sherilyn Applewhite, prospective plaintiffs who seek to bring an action against the BSA, among others, for alleged prepetition injuries suffered on January 22, 2020 ("Plaintiffs," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

A.   WHEREAS, Plaintiffs seek to commence a personal injury action against the BSA;

B.   WHEREAS, the commencement of such action would violate the automatic stay in these chapter 11 cases;

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*(cont'd)*

C.   WHEREAS, on November 9, 2020, Plaintiffs filed respective proofs of claim (Claim Nos. 408, 411, 3084 & 3127) on account of the alleged personal injury claim (the "Claims");[2]

D.   WHEREAS, Plaintiffs wish to liquidate their Claims through settlement negotiations or litigation;

E.   WHEREAS, the Parties wish to allow Plaintiffs to proceed to liquidate their Claims against the BSA as set forth herein.

## STIPULATION AND AGREEMENT

1.   Each of the Recitals set forth above is incorporated herein by reference.

2.   The automatic stay shall be modified for the purpose of permitting Plaintiffs to liquidate their Claims against the BSA through the commencement or continuation of litigation or pre-litigation settlement negotiations.

3.   Plaintiffs shall not be entitled to enforce or seek payment on account of the Plaintiffs' Claims against the Debtors or parties affiliated with Debtors, including against any related insurance policies, absent further order of this Court.  However, Plaintiffs are entitled to enforce or seek payment on account of their Claims against parties unaffiliated with Debtors and the unaffiliated parties' insurance policies, including but not limited to Bernard Kapuscinski and all applicable homeowners' and excess insurance policies.

---

[2]   The Debtors filed objections to Proof of Claim Nos. 408 and 411 on October 15, 2021, on the basis that Delaware BSA, LLC is not jointly liable with Boy Scouts of America for the personal injury claims.  *See Debtors' Third Omnibus (Substantive) Objection to Certain (I) No Liability Delaware BSA Claims and (II) Substantive Duplicate Claims (Non-Abuse Claims)* [D.I. 6642]; *Debtors' Fifth Omnibus (Substantive) Objection to Certain (I) Substantive Duplicate Claims, (II) No Liability Claims, and (III) Reduce and Allow Claims (Non-Abuse Claims)* [D.I. 6644] (the "Objections").  Plaintiffs reserve their rights to respond to the Objections in accordance with the Procedures set forth therein.

4.	Except for the limited purpose set forth in paragraph 2 above, the automatic stay shall remain in effect for all purposes, without further order, and without prejudice to Plaintiffs to seek further relief from the automatic stay.

5.	This Stipulation constitutes the entire agreement between the Parties with respect to subject matter hereof, and all prior understandings or agreements with respect thereto, if any, are merged into this Stipulation.  No representations have been made or relied upon by the Parties, except as set forth herein.

6.	This Stipulation shall be filed and become part of the record of these chapter 11 cases.

7.	This Stipulation shall not be modified, altered, amended or vacated without the prior consent of all Parties or by further order of the Bankruptcy Court.

8.	This Stipulation may be executed in one or more counterparts and by facsimile, email, or authorized electronic signatures, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

9.	The undersigned hereby certify that they are duly authorized to execute this Stipulation, subject in the case of the Debtors to Bankruptcy Court approval.

10.	The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Stipulation. The undersigned, on behalf of their respective clients, hereby agree to the form, substance, and entry of this Stipulation.

*[Signature Page Follows]*

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first written below.

| | |
|---|---|
| Dated: October 20, 2021 | Dated: October 20, 2021 |
| */s/ David M. Schmid* | */s/ Andrew R. Remming* |
| STARK & STARK | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| David M. Schmid, Esq. | Derek C. Abbott (No. 3376) |
| 993 Lenox Drive | Andrew R. Remming (No. 5120) |
| Lawrenceville, NJ 08648 | Paige N. Topper (No. 6470) |
| Telephone: (609) 895-7339 | 1201 North Market Street, 16th Floor |
| Email: dschmid@stark-stark.com | P.O. Box 1347 |
| | Wilmington, Delaware 19899-1347 |
| *Attorneys for the Plaintiffs* | Telephone: (302) 658-9200 |
| | Email: dabbott@morrisnichols.com |
| | aremming@morrisnichols.com |
| | ptopper@morrisnichols.com |

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

*Attorneys for the Debtors and Debtors in Possession*