THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  November 5, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

### SIXTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM JUNE 1, 2021 THROUGH JUNE 30, 2021

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2021 through June 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,623,890.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $  16,089.84 |

This is a:      x  monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[2] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[3] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | $ 954,886.40 | $18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $47,494.45 | $1,213,753.20 | $44,069.70[5] |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00<br>$ 597.50 | 158.70<br>30.50 | $189,646.50<br>$ 18,223.75 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,195.00 | 0.40 | $ 478.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 180.40 | $206,558.00 |

---

[2] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.
[3] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.
[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.
[5] This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 22.10 | $ 25,304.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 26.30 | $ 28,930.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 92.30 | $101,068.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.90 | $     967.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 86.50 | $ 88,662.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $  995.00 | 53.30 | $ 53,033.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  925.00 | 11.00 | $ 10,175.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $  875.00 | 170.50 | $149,187.50 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $  875.00 | 11.20 | $   9,800.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  825.00  $  412.50 | 183.30  27.60 | $151,222.50  $ 11,385.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  825.00 | 11.90 | $   9,817.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $  825.00 | 43.30 | $ 35,722.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  795.00 | 7.70 | $   6,121.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $  675.00 | 14.60 | $   9,855.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $  625.00 | 12.60 | $   7,875.00 |
| Leslie A. Forrester | Law Library Director 2003 | $  450.00 | 1.80 | $     810.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 9.30 | $ 3,952.50 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 1.40 | $ 595.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 97.60 | $ 38,552.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 74.80 | $ 29,546.00 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 136.40 | $ 53,878.00 |
| Bernadette Anavim | Legal Assistant | $ 395.00 | 1.80 | $ 711.00 |
| Hung Phan | Other | $ 395.00 | 28.00 | $ 11,060.00 |
| Janice G. Washington | Other | $ 395.00 | 103.60 | $ 40,922.00 |
| Leira E. Puma | Other | $ 395.00 | 52.20 | $ 20,619.00 |
| Michelle F. Evans | Other | $ 395.00 | 36.50 | $ 14,417.50 |
| Matthew J. Renck | Other | $ 395.00 | 19.50 | $ 7,702.50 |
| Myra Kulick | Other | $ 395.00 | 46.20 | $ 18,249.00 |
| Nancy H. Brown | Other | $ 395.00 | 101.20 | $ 39,974.00 |
| Oliver M. Carpio | Other | $ 395.00 | 24.40 | $ 9,638.00 |
| Rolanda L. Mori | Other | $ 395.00 | 88.00 | $ 34,760.00 |
| Sophia L. Lee | Other | $ 395.00 | 130.00 | $ 51,350.00 |
| Aaron M. Bonn | Case Management Assistant | $ 375.00 | 96.50 | $ 36,187.50 |
| Felipe E. Arias | Other | $ 375.00 | 107.00 | $ 40,125.00 |
| Lincoln J. Sneed | Other | $ 375.00 | 80.40 | $ 30,150.00 |
| Rhea S. Cheltenham | Other | $ 375.00 | 55.50 | $ 20,812.50 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 6.40 | $ 2,240.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 0.60 | $ 210.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 9.70 | $ 3,395.00 |

Grand Total:  $1,623,890.75
Total Hours:      2,453.90
Blended Rate:      $661.76

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 98.70 | $ 86,153.50 |
| Asset Disposition | 0.30 | $ 358.50 |
| Bankruptcy Litigation | 8.80 | $ 7,851.00 |
| Case Administration | 25.70 | $ 10,791.00 |
| Claims Admin./Objections | 1,299.20 | $525,933.50 |
| Compensation of Professional | 11.90 | $ 8,546.50 |
| Compensation of Prof./Others | 5.50 | $ 2,797.50 |
| General Creditors Comm. | 83.20 | $ 63,695.50 |
| Insurance Coverage | 11.50 | $ 11,192.50 |
| Mediation | 246.10 | $260,905.50 |
| Non-Working Travel | 58.10 | $ 29,608.75 |
| Plan & Disclosure Statement | 601.30 | $613,427.00 |
| Retention of Prof./Other | 3.60 | $ 2,630.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Air Fare | United Airlines | $3,575.00 |
| Auto Travel Expense | Taxi Fare; Uber; Lyft; Elite Transportation; Worldwide Chauffeured Service | $1,595.10 |
| Bloomberg | | $ 3.70 |
| Conference Call | AT&T Conference Call; Loop Up | $ 64.69 |
| Hotel Expense | JW Marriott; Residence Inn | $3,591.22 |
| Legal Research | Lexis/Nexis | $ 242.59 |
| Outside Services | Colorado Politics; Zoom; Bluebird Office Supplies; Everlaw; MiPro[7] | $5,613.42 |
| Court Research | Pacer | $ 538.90 |
| Postage | US Mail | $ 43.63 |
| Reproduction Expense | | $ 18.20 |
| Reproduction/Scan Copy | | $ 607.00 |
| Research | eScribers | $ 122.40 |
| Travel Expense | Travel Agency Service; United Airlines Wifi Service | $ 73.99 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[7] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database. PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software. Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application. The invoices of MIPRO, in the total amount of $897.60, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit B.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: November 5, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

## SIXTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM JUNE 1, 2021 THROUGH JUNE 30, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Sixteenth Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from June 1, 2021 through June 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $1,623,890.75 and actual and necessary expenses in the amount of $16,089.84

for a total allowance of $1,639,980.59 and payment of $1,299,112.60 (80% of the allowed fees)

and reimbursement of $16,089.84 (100% of the allowed expenses) for a total payment of

$1,315,202.44 for the period June 1, 2021 through June 30, 2021 (the "Interim Period").  In

support of this Application, PSZ&J respectfully represents as follows:

### Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.  On

or about August 6, 2021, the Court signed the Amended Administrative Order.  The

Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee, was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases. As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse. PSZ&J did not receive a retainer in this matter.

### Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services. The time reports are organized on a daily basis. PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

### Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.      PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour. To make discovery faster and less expensive, BSA granted the

Committee's professionals access to a duplicate copy of its PeopleSoft software and database.

PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J

believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $897.60, are attached as Exhibit B.  PSZ&J has paid

those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit A, and has

included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

### Summary of Services Rendered

13.    The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.    PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

**Summary of Services by Project**

15.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.    **Asset Analysis/Recovery**

16.    This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed BSA discovery requests; (2) reviewed and analyzed issues regarding restricted assets; (3) reviewed and analyzed BSA responses to discovery requests, including requests for production of documents and interrogatories: (4) reviewed and analyzed BSA responses to discovery requests regarding areas of deficiency, deposition discovery and expert consultation; (5) performed work regarding a stipulation to narrow issues in discovery; (6) reviewed and analyzed documents produced by BSA; (7) reviewed and analyzed BSA responses to discovery requests regarding completeness and possible need for meet and confer or a motion to compel complete responses; (8) reviewed and analyzed issues regarding the status of settlement discussions; (9) reviewed and

analyzed issues regarding BSA artwork; (10) reviewed and analyzed a BSA settlement proposal for stay of Restricted Asset Adversary Proceeding; (11) prepared for and attended telephonic meet and confers on June 8 and 9, 2021; (12) performed work regarding an inventory of produced documents; (13) reviewed and analyzed BSA produced documents regarding alleged donor restrictions; (14) reviewed and analyzed issues regarding Commingled Endowment Fund sub-funds; (15) reviewed and analyzed audited financial statements regarding BSA's historical treatment of restricted and unrestricted assets; (16) performed work regarding responses to BSA discovery requests; and (17) conferred and corresponded regarding asset analysis and recovery issues.

Fees: $86,153.50;    Hours: 98.70

**B.    Asset Disposition**

17.    This category relates to work regarding sales and other asset disposition issues. During the Interim Period, the Firm, among other things, reviewed and analyzed a warehouse building sale order.

Fees: $358.50;    Hours: 0.30

**C.    Bankruptcy Litigation**

18.    This category relates to work regarding adversary proceedings and motions in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a proposed fifth stipulation extending preliminary injunction; (2) reviewed and analyzed issues regarding identification of chartered organizations; (3) performed work regarding negotiations relating to the terms of an extension of preliminary

injunction; (4) reviewed and analyzed comments of State Court counsel regarding the stipulation to extend preliminary injunction; and (5) corresponded and conferred regarding litigation issues.

Fees: $7,851.00;    Hours: 8.80

**D.    Case Administration**

19.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (1) maintained document control; (2) maintained a memorandum of critical dates; (3) maintained service lists; (4) performed work regarding agenda notices and hearing binders; and (5) corresponded and conferred regarding case administration issues.

Fees: $10,791.00;    Hours: 25.70

**E.    Claims Admin/Objections**

20.    This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed sex abuse claims for key missing data; (2) reviewed and responded to requests for rosters; (3) responded to inquiries from survivors and counsel; (4) performed work regarding notice issues; (5) reviewed and analyzed valuation issues; (6) reviewed and analyzed the Debtors' abuse claim management and valuation infrastructure; (7) reviewed and analyzed issues regarding a discovery dispute related to verdict and settlement data; (8) reviewed and analyzed discovery issues related to claim estimation, and performed work regarding a letter to judge regarding verdict and settlement discovery dispute; (9) reviewed and analyzed insurers' exposure in light of new window statutes; (10) reviewed and analyzed issues regarding missing chartered

organization information; (11) reviewed and analyzed issues regarding the Church of Latter Day

Saints; and (12) corresponded and conferred regarding claim issues.

Fees: $525,933.50;   Hours: 1,299.20

**F.      Compensation of Professionals**

21.      This category relates to work regarding compensation of the Firm.  During

the Interim Period, the Firm, among other things, performed work regarding its February and

March 2021 monthly, and Sixth quarterly, fee applications.

Fees: $8,546.50;   Hours: 11.90

**G.      Compensation of Professionals--Others**

22.      This category relates to work regarding compensation of professionals,

other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed

work regarding Berkeley Research Group, Pasich, and Rock Creek fee applications, and

(2) reviewed and analyzed a Century motion to amend the interim compensation procedures

order and performed work regarding a response.

Fees: $2,797.50;     Hours: 5.50

**H.      General Creditors Committee**

23.      This category relates to general creditors committee issues.  During the

Interim Period, the Firm, among other things:  (1) reviewed and responded to correspondence

and calls from survivors; (2) prepared for and participated in telephonic conferences with State

Court counsel and Committee members regarding case issues; (3) reviewed and analyzed

mediation issues; (4) performed work regarding meeting agendas; (5) maintained a tracking chart

regarding correspondence with survivors; (6) reviewed and analyzed issues regarding federal

inmates who are survivors; (7) reviewed and analyzed Plan issues; (8) performed work regarding

a Town Hall site; (9) prepared for and attended a Town Hall meeting on June 30, 2021; and

(10) corresponded and conferred regarding general creditors committee issues.

Fees: $63,695.50;    Hours: 83.20

### I.    Insurance Coverage

24.    This category relates to insurance coverage issues.  During the Interim

Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Century

discovery; (2) reviewed and analyzed estimation issues; (3) performed work regarding a letter to

Court relating to discovery dispute with Century; (4) performed work regarding insurance

mediation issues; (5) drafted a subpoena to Century regarding solvency issues; (6) performed

work regarding a claim review and valuation related to insurance demands; (7) reviewed and

responded to roster requests; (8) reviewed and analyzed LMI and Interstate discovery responses;

(9) reviewed and analyzed Plan issues; (10) reviewed and analyzed ORIC proofs of claim; and

(11) corresponded and conferred regarding insurance issues.

Fees: $11,192.50;    Hours: 11.50

### J.    Mediation

25.    This category relates to mediation issues.  During the Interim Period, the

Firm, among other things:  (1) prepared for and attended mediation sessions on June 2 and 3,

2021; (2) met with State Court Counsel regarding mediation issues; (3) prepared for and attended

a New York mediation session on June 7, 8, 9 and 10, 2021; (4) prepared for and attended a

mediation session on June 23, 2021 with BSA, Coalition and FCR regarding the Plan and a Plan

term sheet; (5) prepared for and attended mediation sessions on June 28, 29 and 30, 2021;

(6) reviewed and analyzed non-monetary covenant issues; (7) attended to issues regarding the

Church of Latter Day Saints; and (8) corresponded and conferred regarding mediation issues.

Fees:  $260,905.50;    Hours:  246.10

### K.    Non-Working Travel

26.    During the Interim Period, the Firm incurred non-working time while

traveling on case matters.  Some time is billed at one-half the normal rate.

Fees:  $29,608.75;    Hours:  58.10

### L.    Plan and Disclosure Statement

27.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) performed work regarding a Plan term sheet and regarding efforts to resolve multi-party Plan-

related disputes; (2) reviewed and analyzed insurance neutral language issues; (3) drafted a Plan

settlement trust agreement; (4) performed work regarding a Plan summary; (5) reviewed and

analyzed meet and confer issues; (6) reviewed and analyzed issues regarding claims allowance

procedures; (7) performed work regarding trust distribution procedures; (8) performed work

regarding estimation discovery issues; (9) performed work regarding a confirmation issues list;

(10) attended to scheduling issues; (11) reviewed and analyzed Plan-related insurance issues;

(12) reviewed and analyzed scaling factors; (13) performed work regarding claims allowance

procedures issues; (14) prepared for and attended a post-mediation meeting regarding Plan terms;

(15) reviewed and analyzed a Coalition settlement proposal; (16) reviewed and analyzed

valuation issues; (17) performed work regarding Plan mediation issues; (18) performed work regarding Plan discovery and discovery disputes; (19) performed work regarding a letter to judge regarding discovery dispute; (20) reviewed and analyzed voting issues; (21) performed work regarding negotiations relating to the Coalition; (22) reviewed and analyzed issues regarding insurance settlements; (23) reviewed and analyzed issues regarding a settlement term sheet with the Coalition; (24) reviewed and analyzed issues regarding a potential expert relating to sex abuse claims; (25) reviewed and analyzed issues regarding Court authority to impact jury trial rights; (26) prepared for and attended telephonic conferences with the Committee and State Court Counsel regarding Plan issues; (27) reviewed and analyzed a revised Plan and Disclosure Statement; (28) reviewed and analyzed issues regarding BSA contribution; (29) reviewed and analyzed contract enforcement issues; (30) conferred with a potential expert regarding valuation issues; (31) reviewed and analyzed expert methodological issues in connection with valuation; (32) attended to issues regarding a restricted asset analysis; (33) performed work regarding a memorandum relating to valuation issues; (34) reviewed and analyzed statute of limitations issues; (35) performed work regarding a memorandum concerning enforceability of settlement prior to Court approval; (36) attended to release issues; (37) performed work regarding solicitation procedures issues; (38) performed work regarding a restructuring support agreement; and (39) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees: $613,427.00;   Hours: 601.30

M.    **Retention of Professionals--Others**

28.    This category relates to work regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding a motion and order to expand the scope of the CBRE retention.

Fees:  $2,630.00;    Hours:  3.60

**Valuation of Services**

29.    Attorneys and paraprofessionals of PSZ&J expended a total 2,453.90 hours in connection with their representation of the Committee during the Interim Period, as follows:

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 $  597.50 | 158.70 30.50 | $189,646.50 $  18,223.75 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,195.00 | 0.40 | $    478.00 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 180.40 | $206,558.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 22.10 | $ 25,304.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 26.30 | $ 28,930.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 92.30 | $101,068.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.90 | $    967.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 86.50 | $ 88,662.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 53.30 | $ 53,033.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 11.00 | $ 10,175.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 875.00 | 170.50 | $149,187.50 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $ 875.00 | 11.20 | $ 9,800.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00<br>$ 412.50 | 183.30<br>27.60 | $151,222.50<br>$ 11,385.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 11.90 | $ 9,817.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 43.30 | $ 35,722.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 7.70 | $ 6,121.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 14.60 | $ 9,855.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 12.60 | $ 7,875.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 1.80 | $ 810.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 9.30 | $ 3,952.50 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 1.40 | $ 595.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 97.60 | $ 38,552.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 74.80 | $ 29,546.00 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 136.40 | $ 53,878.00 |
| Bernadette Anavim | Legal Assistant | $ 395.00 | 1.80 | $ 711.00 |
| Hung Phan | Other | $ 395.00 | 28.00 | $ 11,060.00 |
| Janice G. Washington | Other | $ 395.00 | 103.60 | $ 40,922.00 |
| Leira E. Puma | Other | $ 395.00 | 52.20 | $ 20,619.00 |
| Michelle F. Evans | Other | $ 395.00 | 36.50 | $ 14,417.50 |
| Matthew J. Renck | Other | $ 395.00 | 19.50 | $ 7,702.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Myra Kulick | Other | $ 395.00 | 46.20 | $ 18,249.00 |
| Nancy H. Brown | Other | $ 395.00 | 101.20 | $ 39,974.00 |
| Oliver M. Carpio | Other | $ 395.00 | 24.40 | $ 9,638.00 |
| Rolanda L. Mori | Other | $ 395.00 | 88.00 | $ 34,760.00 |
| Sophia L. Lee | Other | $ 395.00 | 130.00 | $ 51,350.00 |
| Aaron M. Bonn | Case Management Assistant | $ 375.00 | 96.50 | $ 36,187.50 |
| Felipe E. Arias | Other | $ 375.00 | 107.00 | $ 40,125.00 |
| Lincoln J. Sneed | Other | $ 375.00 | 80.40 | $ 30,150.00 |
| Rhea S. Cheltenham | Other | $ 375.00 | 55.50 | $ 20,812.50 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 6.40 | $ 2,240.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 0.60 | $ 210.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 9.70 | $ 3,395.00 |

**Grand Total:  $1,623,890.75**
**Total Hours:     2,453.90**
**Blended Rate:        $661.76**

30.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $1,623,890.75.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended Administrative Order, and believes that this Application complies with such Rule and Orders.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of June 1, 2021 through June 30, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $1,623,890.75 and actual and necessary expenses in the amount of $16,089.84 for a total allowance of $1,639,980.59 and payment of $1,299,112.60 (80% of the allowed fees) and reimbursement of $16,089.84 (100% of the allowed expenses) be authorized for a total payment of $1,315,202.44; and for such other and further relief as this Court deems proper.

Dated: October 22, 2021          PACHULSKI STANG ZIEHL & JONES LLP

_____/s/ James E. O'Neill_____
James I. Stang (CA Bar No. 94435)
Robert B. Orgel (CA Bar No. 10187)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 North Market Street, 17th Floor, PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: jstang@pszjlaw.com
       rorgel@pszjlaw.com
       joneil@pszjlaw.com
       jlucas@pszjlaw.com

Counsel to the Tort Claimants Committee

## DECLARATION

STATE OF DELAWARE     :
                      :
COUNTY OF NEW CASTLE  :

      James E. O'Neill, after being duly sworn according to law, deposes and says:

      a)    I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

      b)    I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

      c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and the Amended Administrative Order signed on or about August 6, 2021, and submit that the Application substantially complies with such Rule and Orders.

                /s/ James E. O'Neill
                    James E. O'Neill