# Exhibit E

**Barnes Lipscomb Stewart & Ott PLLC OCP Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF ELLEN P. STEWART ON BEHALF OF ORDINARY COURSE PROFESSIONAL BARNES LIPSCOMB STEWART & OTT PLLC**

I, Ellen P. Stewart, hereby declare under penalty of perjury as follows:

1. I am a partner of Barnes Lipscomb Stewart & Ott PLLC, located at 2500 Bee Cave Road, Building Two, Suite 150, Austin, TX 78746 (the "Firm").

2. This declaration (this "Declaration") is submitted in accordance with that certain *Order Authorizing the Debtors to Employ and Compensate Professionals Used in the Ordinary Course of Business,* Nunc Pro Tunc *to the Petition Date* [Docket No. 354] (the "OCP Order"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

3. The debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "Services").

4. The Services include, without limitation, representation of Boy Scouts of America as a named contingent beneficiary in Cause No. C-1-PB-21-000541; In Re The Cypress Trust of 2019; In the Probate Court No. 1, Travis County, Texas; and in Cause No. C-1-PB-21-001579; In

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

Re: Estate of James R. Moffett, aka James Robert Moffett and Jim Bob Moffett, Deceased; In the Probate Court No. 1, Travis County, Texas.

5. The Firm may in the past have performed, may currently perform, and may in the future perform services in matters unrelated to the Debtors' chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practices, the Firm is employed in cases, proceedings, and transactions involving many different parties, some of whom may represent or be parties in interest in these chapter 11 cases. The Firm does not perform services for any such party in interest in connection with the chapter 11 cases. In addition, the Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

6. Neither I, nor any principal of, nor any professional employed by the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. As of the commencement of these chapter 11 cases on February 18, 2020 (the "Petition Date"), the Debtors owed the Firm zero dollars ($0) in respect of services provided to the Debtors.

8. As of the Petition Date, the Firm did not hold a retainer from the Debtors.

9. The Firm estimates that its average monthly compensation during these chapter 11 cases will be approximately $1,500 - 2,500 or less, depending on required appearances.

10. The Firm has reviewed the OCP Order and understands the limitations on compensation and reimbursement of expenses thereunder. Specifically, the Firm understands that in the event that it exceeds the applicable OCP Cap, the Firm will be required to file with the Court an application for allowance and payment of any fees and/or expenses that exceed such OCP Cap

in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, and any applicable orders or procedures of the Court.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and if, upon the conclusion of such inquiry, or at any time during the period of its retention, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10-14-, 2021
Austin, TX

_____
Ellen P. Stewart