# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. 6623 |

**DECLARATION OF ERNEST MARTIN IN SUPPORT OF DEBTORS' OBJECTION TO THE ALLIANZ INSURERS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, Ernest Martin, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare as follows:

1. I am over twenty-one (21) years of age and I am fully competent to make this Declaration. I am a partner at the law firm of Haynes and Boone, LLP and serve as special insurance counsel for Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases. I respectfully submit this declaration (the "Martin Declaration") in support of the objection (the "Objection") to *The Allianz Insurers' Motion for Relief from the Automatic Stay* [D.I. 6623] (the "Motion") filed by Allianz Global Risks US Insurance Company ("Allianz"), National Surety Corporation ("National Surety"), and Interstate Fire & Casualty Company ("Interstate" and together with Allianz and National Surety, the "Allianz Insurers").[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the *Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* filed by the Debtors on September 30, 2021 [D.I. 6443], as applicable.

**I.    The BSA's Coverage Disputes with the Allianz Insurers**

2.    The BSA was involved in two coverage lawsuits with the Allianz Insurers: (a) a declaratory action filed in Illinois by National Surety (the "Illinois Action"); and (b) an action filed in Texas by the BSA and certain local councils against the Allianz Insurers and certain other insurers (the "Texas Action" and together with the Illinois Action, the "State Court Actions").

3.    The Illinois Action related to a specific set of sexual abuse claims known as the Hacker Litigation. The Texas Action was a comprehensive coverage lawsuit that included the Hacker Litigation and other sexual abuse claims.

**A.    National Surety's Illinois Action**

4.    In November 2017, I understand that the BSA and National Surety engaged in settlement discussions regarding the Hacker Litigation prior to a scheduled mediation. Three days after confirming that it would attend and participate in the mediation, National Surety filed the Illinois Action seeking to resolve the coverage disputes related to the Hacker Litigation outside of mediation.

5.    The Illinois Action named all of the BSA's insurers between 1980 and 1988, notwithstanding there were no coverage disputes with several of these insurers.

6.    Because the disputes related to the Hacker Litigation were limited to claims asserted against only three of the BSA's insurers—National Surety, Allianz, and Century Indemnity Company, the BSA stipulated with, or sought to dismiss, several of its insurers from the Illinois Action because they had no obligation or association with respect to the Hacker Litigation.

B. **Stay of the State Court Actions**

7. After the State Court Actions were filed, a venue dispute arose between the BSA and the Allianz Insurers regarding which court should resolve the coverage disputes between the parties. The BSA moved to dismiss the Illinois Action in favor of the pending Texas Action, and National Surety sought to abate the Texas Action in favor of the pending Illinois Action. The Illinois and Texas courts, respectively, denied both motions.

8. After the Petition Date, the BSA and Allianz ultimately entered into a stipulation agreeing to stay both of the State Court Actions.

9. At the time such order was entered, the State Court Actions were in preliminary phases. Specifically, while discovery had been served in the State Court Actions, no substantive documents had been exchanged, no depositions had occurred, no experts had been designated, and neither of the State Court Actions where anywhere near ready for trial.

10. The Illinois Court had entered an order in March of 2018 ordering the parties to exchange insurance policies from 1981 to 1984. These were the only documents exchanged in the State Court Actions.

11. In the Texas Action, the BSA did file a partial motion for summary judgment against National Surety to resolve a discrete contract interpretation issue relating to the Hacker Litigation. This motion, however, was not fully briefed, was not set for hearing and was also not case dispositive. Therefore, the resolution of the partial summary judgment motion would not have moved the parties any closer to trial or resolution of the coverage disputes in the Texas Action.

*[Signature Page Follows]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 28, 2021
       Dallas, Texas                */s/ Ernest Martin*
                                   Ernest Martin