IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 6641 |

**GIRL SCOUTS OF THE UNITED STATES OF AMERICA'S LIMITED RESPONSE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT WITH RSUI INDEMNITY COMPANY AND CERTAIN UNDERWRITERS AT LLOYD'S, SYNDICATES 2623/623 IN CONNECTION WITH CERTAIN PENDING NON-ABUSE LITIGATION**

Girl Scouts of the United States of America ("Girl Scouts") by and through the undersigned counsel, hereby submits this response (the "Limited Response") to the Debtors' *Motion for Entry of an Order Approving Settlement Agreement with RSUI Indemnity Company and Certain Underwriters at Lloyd's, Syndicates 2623/623 in Connection with Certain Pending Non-Abuse Litigation* [Docket No. 6641] (the "Settlement Motion") and states as follows:

1. To be clear at the outset, Girl Scouts does not object to the Settlement Motion nor the underlying settlement. Instead, Girl Scouts files this Limited Response to point out that the ability of the Debtor Boy Scouts of America ("Boy Scouts") to freely negotiate and potentially compromise its insurance policies is a factor in Girl Scouts' objection to its treatment under the Boy Scouts' *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (as may be amended, the "Plan"). Although this issue is not ripe for consideration at this point in time, Girl Scouts did not want its silence to give rise to some later argument by Boy Scouts of waiver or a negative admission on this issue.

4883-0673-1009\4

2.     As this Court may recall, Girl Scouts asserted various claims against Boy Scouts in the Southern District of New York, in the case captioned *Girl Scouts of the U.S. v. Boy Scouts of Am.*, No. 18-10287 (the "Trademark Action").  Girl Scouts' claims against Boy Scouts will be adjudicated and liquidated in the Trademark Action pursuant to this Court's Order dated April 24, 2020 [Docket No. 485] approving a stipulation for limited relief from the automatic stay.

3.     The Plan classifies Girl Scouts' claims that are being liquidated in the Trademark Action together with other Non-Abuse Litigation Claims in Class 7.  The Debtors have represented in their Disclosure Statement that Class 7 claims are estimated to receive a 100% recovery.  *See* Amended Disclosure Statement [Docket No. 6445] for the Plan, p. 28.

4.     On May 10, 2021, Girl Scouts filed its *Objection to Debtors' Disclosure Statement for the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 3579] (the "Disclosure Statement Objection").  The Disclosure Statement Objection highlights one of the Girl Scouts' Plan objections because there is an apparent lack of insurance coverage to cover Girl Scouts' claims:  Girl Scouts is arguably the only claimant in the Non-Abuse Litigation Claim class that will not receive 100% of its allowed claim amounts and indeed will likely receive much less, thus receiving disparate treatment.  *See* D.S. Obj., ¶¶ 17-30.  Because the Boy Scouts under the Plan will have zero out-of-pocket liability on the Girl Scouts' claims and only the proceeds of limited insurance are available to satisfy such claims, there is a substantial risk the Boy Scouts could compromise or otherwise void the applicable insurance coverage post-confirmation.  Ordinarily an insured would not take such actions because then the liability for a claim would fall 100% onto the insured, but the Plan structure has removed the incentive for the Boy Scouts to keep their coverage viable for the Girl Scouts' claims.  The Settlement Motion therefore highlights the

ability of Boy Scouts to negotiate and compromise with its insurer, and that ability could and may be abused subsequently post-confirmation to the detriment of Girl Scouts – a problem that does not exist with respect to other Class 7 non-abuse tort claimants because of their different applicable insurance structure.  The Debtors can remedy the Plan's disparate treatment of Girl Scouts by providing for reorganized Boy Scouts to satisfy any deficiency in the insurance coverage available to satisfy Girl Scouts' claims.  *Id.* ¶ 27.

5. Again, Girl Scouts does not object to the Court's approval of the relief requested in the Settlement Motion.  Girl Scouts submits this Limited Response to note for the record in these proceedings that the dispute that is the subject of resolution in the settlement underlying the Settlement Motion exemplifies and substantiates Girl Scouts' concerns regarding limiting insurance proceeds as the only recovery on account of Girl Scouts' claims.  Girl Scouts reserves any and all of its rights with regard to the Plan and its objections thereto.

Dated:  October 29, 2021

**DORSEY & WHITNEY (DELAWARE) LLP**

*/s/ Eric Lopez Schnabel*
Eric Lopez Schnabel (DE Bar No. 3672)
Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone:  (302) 425-7171
Facsimile:  (302) 425-7177
E-mail:  schnabel.eric@dorsey.com
           glorioso.alessandra@dorsey.com

***Counsel to Girl Scouts of the United States of America***

4883-0673-1009\4