# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## NOTICE OF DEPOSITION OF GENERAL STAR

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30, made applicable to the above-captioned proceeding by Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014 and Rule 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), will take the deposition upon oral examination of the Designated Representative or Representatives of General Star Indemnity Company ("General Star") on **November 15, 2021** at 9:00 a.m. (Eastern Standard Time), at the office of Haynes and Boone LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, or such other date and location as the parties may agree. The matters to be inquired into are described in Exhibit A (attached), and the designated corporate representative(s) should be prepared to testify to these matters. The deposition will take place before a notary public or other officer authorized by law to administer oaths. The deposition will be recorded by stenographic means, may be videotaped, and will continue from day to day until completed.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

DEBTORS' NOTICE OF DEPOSITION TO GENERAL STAR                                                                PAGE 1

| | |
|---|---|
| Dated: November 1, 2021<br>Wilmington, Delaware | HAYNES AND BOONE, L.L.P.<br><br>*/s/ Ernest Martin, Jr.*<br>Ernest Martin, Jr.<br>Adrian Azer<br>Carla Green<br>2323 Victory Ave., Suite 700<br>Dallas, Texas 75219<br>Telephone: (214) 651-5000<br>Email: ernest.martin@haynesboone.com<br>   adrian.azer@haynesboone.com<br>   carla.green@haynesboone.com<br><br>– and –<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@mnat.com<br>   aremming@mnat.com<br>   ptopper@mnat.com<br><br>ATTORNEYS FOR THE DEFENDANTS, DEBTORS, AND DEBTORS IN POSSESSION |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on all counsel of record, on this 1st day of November, 2021, accordance with the Federal Rules of Civil Procedure.

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.

# EXHIBIT A

# DEFINITIONS[2]

1. Abuse Claims" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*. *See* Doc. No. 6212.

2. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

3. "General Star," "You" and "Your" shall mean and refer to General Star and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

4. "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 20-10343 (LSS).

5. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

6. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing,

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Amended Disclosure Statement for the Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket No. 6445/Docket No. 6443].

constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

7. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or

"electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

8. "Plan" means the Debtor's Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC. See Doc. No. 6443 (as may be modified, amended, or supplemented from time to time).

9. The "Plan Settlements" means any settlement, whether incorporated into the Plan or presented for approval pursuant to Bankruptcy Rule 9019, between the Debtors and any other entity (including, but not limited to, any insurance company, Chartered Organization, or Local Council) including, but not limited to the Hartford Insurance Settlement and the TCJC Settlement.

10. "Policy" means an insurance policy or portion of an insurance policy that affords coverage for an insured's liability for, among other things, personal injury, property damage, bodily injury, and commercial liability. This definition includes, but is not limited to, any policy designated as a liability policy, general liability policy, "primary" liability policy, "excess" liability policy, "umbrella" policy, "follow form" policy, "third-party" policy, "products liability" policy, and any part(s) of any such insurance policy, including any declarations pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be construed to be a part of or related to the terms of such insurance policy. The term "Policy" also means anything You describe as an insurance policy.

11. "<u>Reinsurance Agreement</u>" means any insurance Policy or other Document under which any Person may be liable, or may have been liable, to indemnify, reimburse, or otherwise insure or reinsure You for payments that You have made, may make, or could have been asked to make under the Policies.

12. "<u>TCC</u>" means the Tort Claimants' Committee.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Bankruptcy Procedure 7030, You shall designate one or more officers, directors, managing agents, or other Persons who are knowledgeable and who consent to testify on its behalf with respect to the following Topics For Deposition. If no single witness is capable of testifying knowledgeably about all of the topics listed, You may designate more than one witness.

2. Each of the Definitions and Instructions apply to each topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular topic, or that a particular topic may incorporate supplemental instructions or definitions.

## TOPICS FOR DEPOSITION

1. The handling, investigation, evaluation, processing, adjusting, review, or determination of the Abuse Claims.

2. The handling, investigation, evaluation, processing, adjusting, review, or determination of the BSA's historical sexual abuse claims.

3. Procedures, practices and policies for valuing and/or evaluating sexual abuse claims generally.

4. Any database, computer systems or other systems used to value or evaluate sexual abuse claims.

5. Procedures and practices for evaluating and valuing sexual abuse claims that are filed outside the statute of limitation, including any sexual abuse claims that were outside the statute of limitations that have settled.

6. The reserve amounts You set for Abuse Claims.

7. Your contention that the Plan is not insurance neutral.

8. The Trust Distribution Procedures.

9. The Plan Settlements, including the JPM/Creditors' Committee Settlement, TCJC Settlement and the Hartford Insurance Settlement.

10. Any Documents or Communications exchanged between You and the TCC relating to the Plan or any drafts or edits of potential plans of reorganization.

11. Your contention that the Plan was not filed in good faith.

12. Your contention that the Trust Distribution Procedures were not filed in good faith.

13. Any Documents or Communications exchanged between You and any insurer of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

14. Any Document or Communications exchanged between You and any Chartered Organization of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

15. Any Document or Communications exchanged between You and any Local Council of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

16. Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

17. The Liquidation Analysis, including any Documents or Communications exchanged

between You, the TCC, any Local Council of the BSA, any Charter Organization of the BSA, and/or any attorney representing one or more holders of an Abuse Claim relating to the liquidation value of the Debtors or any Local Council.

18. The Liquidation Analysis, including any Documents or Communications exchanged between You and any other insurer of the BSA relating to the liquidation value of the Debtors or any Local Council.

19. The Documents produced by You in response to any Requests for Production served on You in connection with the Chapter 11 Cases.

20. Your contention that the Plan may not be feasible.

21. Any Document or Communications exchanged between You and any Chartered Organization of the BSA concerning the feasibility of the Plan.

22. Any Document or Communications exchanged between You and any Local Council of the BSA concerning the feasibility of the Plan.

23. Any Documents or Communications exchanged between You and any insurer of the BSA concerning the feasibility of the Plan.

24. Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the feasibility of the Plan.

4824-4408-5245 v.3