# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>Jointly Administered |

### LIMITED OBJECTION OF WILLIAM L. MCCALISTER, JR.
### TO PLAN OF REORGANIZATION

William L. McCalister, Jr. ("McCalister"), by and through undersigned counsel, hereby submits this limited objection (the "Objection") to the Debtors' Plan of Reorganization (the "Plan"). In furtherance of the Objection, McCalister respectfully states as follows:

## I.  INTRODUCTION

1. Mr. McCalister is a preeminent scouter that has been honored by the national organization. He has been a Scoutmaster for over forty years and has mentored 235 Eagle Scouts from his troop. He is also a decorated Vietnam War veteran and a community leader in his Church and the Masonic fraternity.

2. Following the commencement of the Debtors' cases and the notice/advertisements that were made to file claims against the Debtors, McCalister received notice from the Debtors that one allegation was filed alleging abuse over 30 years ago (the "Alleged Claim").

3. Upon receipt of the Alleged Claim in a letter (See Exhibit A), McCalister (1) was informed that he was accused of abuse of a scout thirty years ago, (2) was told to immediately cease all participation in scouting, and (3) was told to advise the chartering organization of his status. This letter was also provided to the chartered organization representative and the committee chair. The circulation of this letter has led to numerous people in his community becoming informed of what McCalister knows to be an inaccurate assertion.

1

4. While Mr. McCalister recognizes the sensitivity of abuse claims and the seriousness with which the Debtors must address same, he is deeply concerned that there appears to be no provision for due process in which Mr. McCalister may clear his name and reputation, let alone resume his scouting leadership.

5. The inability to clear his name has caused significant anxiety, depression and has severely damaged his reputation and good standing in his community, as well as his ability to conduct his business in the insurance industry which relies heavily on personal reputation.

6. Mr. McCalister, by this limited Objection, is merely seeking the opportunity to have a due process review of these allegations so that he may repair his reputation in the community and permit him to resume his business dealings without the damages associated with the untrue allegation.

7. Upon information and belief, the BSA has a mechanism to address such allegations in its corporate procedures and has exercised such procedures in the past. Therefore, McCalister is requesting that the Plan afford him such a review, lest he be deemed to have waived this right had he not brought this Objection.

## II. FACTS

8. As noted above, only upon the filing of the Bankruptcy Cases (and the resulting advertisements encouraging claims to be filed), was one claim brought against Mr. McCalister alleging abuse. However, Mr. McCalister strenuously disputes any such allegation and has no idea what this claim is about. (**See Exhibit B, paragraph 32**.)

9. Others that have been involved in scouting with Mr. McCalister for decades do not believe the allegation to be true. (**See Exhibit C**.) Also, they attest to him being a preeminent scouter.

10. After Mr. McCalister received the letter from the Debtors alleging abuse, Mr. McCalister wanted to find out what the allegation involved. Upon examining the pleading in Bankruptcy, Mr. McCalister found out that everything was confidential, and he could not receive any information concerning the allegation of abuse. Everything was confidential other than the fact that he has been accused of abuse for something allegedly occurring thirty years ago.

11. Mr. McCalister then hired undersigned counsel to represent him. The undersigned attorney, again, attempted to ascertain the allegations of abuse and reached out to Debtors' counsel via telephone and email in an effort to obtain information about the allegation and to commence the due process review of the allegation that is afforded to scoutmasters under the BSA procedures. Unfortunately, no one from the Debtors has responded to these inquiries in any substantive way.

12. In examining all iterations of the Debtors' Plan of Reorganization, there does not appear to be any provision for someone in Mr. McCalister's position to challenge the accusation. According to the Plan, it does not appear that individuals contending that they are falsely accused have any rights.

13. Mr. McCalister understands the need for the Debtors to get the Plan of Reorganization approved and to bring the bankruptcy to a conclusion, however, there is also a need to afford due process to those that are falsely accused. Failure to do so would not only exacerbate the mental and physical toll of McCalister, but also further harm his reputation in the community and his business dealings.

### III. SUGGESTED SOLUTION

14. If a person accused of abuse wants to challenge the allegation, they should be permitted to do so. Those persons that want to challenge false allegations, which is believed will

be small in number, can be set aside from the remainder of the Plan of Reorganization. Likewise, those funds sought for recovery may be set aside in a disputed claim reserve.

15. This would involve a minimum amount of time by the Debtors, will not delay the administration of the Debtors' Plan, and would give those falsely accused an opportunity to challenge the respective allegations. In this manner, due process would be given to Mr. McCalister and others similarly situated to challenge the allegations against them.

## IV. CONCLUSION

WHEREFORE, it is respectfully requested that the Debtor' Plan of Reorganization be modified to allow those persons falsely accused of abuse to challenge the allegation. Funds for the challenged claim may be reserved during the review of the allegations and the defenses to the claim. Failure to provide any such due process mechanism deprives McCalister of, among other things, his economic interests. Therefore, the Plan must be modified to address the disputed claim.

Date: November 3, 2021

Respectfully submitted,

Gellert Scali Busenkell & Brown LLC

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 North Orange Street, 3rd Floor
Wilmington, DE 19801
(302) 425-5806
rgellert@gsbblaw.com

and

Ted D. Lee (TX State Bar No. 12137700)
GUNN, LEE & CAVE, P.C.
8023 Vantage Drive, Suite 1500
San Antonio, TX 78230
(210) 886-9500 (Telephone)
(210) 886-9883 (Facsimile)
tlee@gunn-lee.com

**ATTORNEY FOR ACCUSED WILLIAM L. MCCALISTER**