# Exhibit A

**ROBBINS | RUSSELL**
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

Lawrence S. Robbins   202.775.4501
lrobbins@robbinsrussell.com

November 3, 2021

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:   *Boy Scouts of America*, 20-10343 (LSS) (D. Del.) – Joinder to the Motion of Marc J. Bern & Partners LLC to Quash Subpoena to Produce Documents Issued to KLS Legal Solutions, LLC and Joinder to the Opposition of Verus, LLC to the Motion to Compel filed by Century Indemnity Company

Dear Judge Silverstein:

My clients, Andrews & Thornton, Attorneys at Law ("A&T") and ASK LLP ("ASK"), hereby join in the filings submitted by Marc J. Bern & Partners LLC and Verus, LLC ("Verus") in response to third-party subpoenas propounded by Century Indemnity Company ("Century").[1] By those subpoenas, Century seeks an array of privileged, protected, and irrelevant documents from KLS Legal Solutions, LLC ("KLS") and Verus, both third-party vendors that assisted certain law firm members of the Coalition in their client-intake process.

Certain legal issues implicated by the Verus and KLS subpoenas are identical to those surrounding third-party discovery simultaneously being pursued from A&T and ASK.[2] Specifically, the documents being sought by Century from vendors and law firms alike include, among other things, details surrounding intake and investigation of claims and all contracts and communications between the law firms and their vendors relating to the client-intake process. Given the overlapping issues, we respectfully ask that we have an opportunity to be heard in connection with these motions.

We fully join in the motion to quash the KLS subpoena, Dkt Nos. 6380, 6873, and the opposition to the motion to compel with respect to the Verus subpoena, Dkt. No. 6945. We wish briefly to add the following points:

---

[1] A&T and ASK expressly reserve all rights. A&T and ASK in no way intend to waive, nor do they waive, any arguments regarding the pending discovery or any defense under Rule 12(b)(2).

[2] On October 8, 2021, my clients received requests for production and interrogatories from Century and other insurers. Because A&T and ASK are not themselves parties to the bankruptcy cases, the insurers have since indicated that they are prepared to withdraw their interrogatories and supplant their requests for production with proper document subpoenas.

ROBBINS | RUSSELL

November 3, 2021
Page 2

      For starters, the documents that Century is clamoring to obtain are categorically irrelevant. What these subpoenas seek—documents that speak to the *claims-gathering process*—are not logically (or legally) connected to the *validity* of any given claim. Many of the claims in these cases were generated just as they are in all mass-tort cases: using third-party vendors that specialize in communicating with victims and processing their intake forms. Nothing about that process is unusual, and nothing about it raises the slightest hint of impropriety. And even if there *were* some chink in that process—which, of course, is what Century hopes to find at the end of its fishing line—it would tell us nothing whatsoever about whether any given proof of claim is valid. The purest and most meticulous of intake processes could still yield a malingering client. Conversely, the most slapdash intake process could yield a valid claim by an individual who suffered real and unforgivable abuse by the Boy Scouts. Which is to say, the intake *process* tells us nothing about the bona fides of the *substance* of any given claim.

      Further, the documents sought by Century are especially irrelevant given the manner in which any plan of reorganization will be confirmed in this case. Here, unlike in *Imerys*, votes of survivors represented by A&T and ASK will not be tallied by master ballot. Rather, every single claimant represented by A&T and ASK will *individually* submit to his lawyer his signed ballot voting yea or nay on the plan. So even were we to indulge Century's darkest suspicions about fabricated proofs of claim, it would not matter in the end. Fabricated claimants do not have signatures. Fabricated claimants cannot vote.

      This is all to say nothing of the fact that, as explained at length in the motion to quash the KLS subpoena (Dkt. No. 6380) and the Verus opposition (Dkt. No. 6945), the subpoenas seek materials that are plainly protected by the attorney-client and work-product doctrines. We fully join in those arguments.

      For the foregoing reasons, we ask that the Court grant the motion to quash the KLS subpoena and deny the motion to compel with respect to the Verus subpoena. As noted, given that Century is pursuing overlapping (and equally irrelevant and privileged) discovery from my clients, we respectfully ask that we be permitted to appear at the forthcoming motions hearing.

Sincerely,

/s/ Lawrence S. Robbins

Lawrence S. Robbins