**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENT TO SERVE SUBPOENA IN A BANKRUPTCY CASE ON
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure made applicable in the above-captioned bankruptcy case by Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Debtors hereby provide notice of their intent to serve a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, commanding the production of documents, on Allied World Assurance Company (U.S.) Inc.  A copy of the subpoena is attached.

*[Remainder of page intentionally left blank.]*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

Dated: November 3, 2021

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
         aremming@morrisnichols.com
         ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (*admitted pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email:  mandolina@whitecase.com
         mlinder@whitecase.com
         laura.baccash@whitecase.com
         blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re Boy Scouts of America and Delaware BSA, LLC
<div align="center">Debtor</div>

*(Complete if issued in an adversary proceeding)*

| | |
|---|---|
| _____ | Case No. __20-10343 (LSS) |
| <div align="center">Plaintiff</div> | |
| <div align="center">v.</div> | Chapter _11 |
| _____ | |
| <div align="center">Defendant</div> | Adv. Proc. No. _____ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  __Allied World Assurance Company (U.S.) Inc.

<div align="center"><i>(Name of person to whom the subpoena is directed)</i></div>

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  **White & Case LLP; Attn: Jessica C. Lauria** <br>**1221 Avenue of the Americas, New York, New York 10020** <br>**Email: jessica.lauria@whitecase.com; mandolina@whitecase.com** | DATE AND TIME <br> **November 17, 2021 by 5:00 pm ET** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

<div align="center">CLERK OF COURT</div>

<div align="center">OR</div>

_____                 _____
<div align="center"><i>Signature of Clerk or Deputy Clerk</i>                          <i>Attorney's signature</i></div>

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 _The Boy Scouts of America_____  ,  who issues or requests this subpoena, are **Haynes and Boone, LLP; Ernest Martin, Adrian Azer; 2323 Victory Avenue Suite 700 , Dallas, TX 75219;  (214) 651-5000; ernest.martin@haynesboone.com; adrian.azer@haynesboone.com**

<div align="center"><b>Notice to the person who issues or requests this subpoena</b></div>

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT 1**

## **DEFINITIONS**

For the purposes of these Document Requests, the following Definitions shall apply:

*1.*      "Abuse Claims" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC. See* Doc. No. 6212.

2.      "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

3.      "Allied World" shall mean and refer to Allied World Assurance Company (U.S.), Inc. and Allied World Assurance Company, Ltd.

4.      "You" and "Your" shall mean and refer to Allied World and any of its respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

5.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 20-10343 (Bankr. D. Del. 2020).

*6.*      "Charted Organization" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC. See* Doc. No. 6212.

7.      "Coalition" means the Coalition of Abused Scouts for Justice.

8.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions,

EXHIBIT 1                                                                                          PAGE 1

e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

9.    "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

10.    "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or

EXHIBIT 1                                                                                          PAGE 2

unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

*11.*      "FCR" means "Future Claimants' Representative" as defined in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC. See* Doc. No. 6212.

12.      "Policy" means an insurance policy or portion of an insurance policy that affords coverage for an insured's liability for, among other things, personal injury, property damage, bodily injury, and commercial liability. This definition includes, but is not limited to, any policy designated as a liability policy, general liability policy, "primary" liability policy, "excess" liability policy, "umbrella" policy, "follow form" policy, "third-party" policy, "products liability" policy, and any part(s) of any such insurance policy, including any declarations pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be construed to be a part of or related to the terms of such insurance policy. The term "Policy" also means anything You describe as an insurance policy.

EXHIBIT 1                                                                                                          PAGE 3

13.    "<u>Reinsurance Agreement</u>" means any insurance Policy or other Document under which any Person may be liable, or may have been liable, to indemnify, reimburse, or otherwise insure or reinsure You for payments that You have made, may make, or could have been asked to make under Policies issued to the Debtor.

14.    "<u>TCC</u>" means the Tort Claimants' Committee.

## **<u>INSTRUCTIONS</u>**

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests; the following Instructions shall be followed:

1.    In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any of your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entitles and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document when you sought to do so, or (iv) as a practical matter, have been able to use, inspect, examine or copy such document on any terms. If any requested document was, but no longer is, in your control, state the disposition of each such document.

EXHIBIT 1                                                                                          PAGE 4

2.      As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.      The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Requests.

4.      In responding to each Document Request, you are to review and search all relevant files of appropriate entities and persons.

5.      All Document Requests shall be deemed to include requests for any and  all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.      You are to produce the original and all non-identical copies, including all drafts of each document requested. If you are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

7.      In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.

EXHIBIT 1                                                                                                    PAGE 5

8.      For Documents maintained in paper format, the following specifications should be used for production:

a.      Scanned images should be produced as single-page black-and-white TIFF files in group IV format imaged at 300 dpi (or color JPEG).

b.      Each filename must be unique and match the Bates number of the page.  The filename should not contain any blank spaces and should be zero padded (for example ABC000000001).

c.      Each production volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

d.      To the extent that Documents have been run through Optical Character Recognition ("OCR") software in the course of reviewing the Documents for production, full text should also be delivered for each Document. Text should be delivered on a Document level and may be included in an appropriately formatted text file (".TXT") that is named to match the first Bates number of the Document.

9.      For documents that originated and are maintained in electronic format ("Electronically Stored Information"), the following specifications should be used for production:

a.      Documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, backup tape, or other location) where the Documents are stored and, where applicable, the natural person in whose possession they were found, or on whose hardware device they reside or are stored. If the storage location was a file share or work group folder, that should be specified as well.

EXHIBIT 1                                                                                                    PAGE 6

b.      Attachments, enclosures, and/or exhibits to any parent Documents should also be produced and proximately referenced to the respective parent Documents containing the attachments, enclosures, and/or exhibits.

c.      For standard Documents, emails, and presentations originating in electronic form, Documents should be produced as TIFF images using the same specifications as set forth above for paper Documents, with a delimited text file (using the delimiters detailed below) containing the following extracted metadata fields: (i) Beginning Production Number; (ii) Ending Production Number; (iii) Beginning Attachment Range; (iv) Ending Attachment Range; (v) Custodian; (vi) Original Location Path; (vii) Email Folder Path; (viii) Document Type; (ix) Author; (x) Title; (xi) File Name; (xii) File Ext; (xiii) File Size; (xiv) MD5 Hash; (xv) Date Last Modified; (xvi) Date Created; (xvii) Date Sent; (xviii) Time Sent [HH:MM:SS]; (xix) MessageID; (xx) Date Received; (xxi) From; (xxii) Recipients; (xxiii) Copyees; (xxiv) Blind Copyees; (xxv) Pages; (xxvi) Email Subject; (xxvii) Native link path; and (xxviii) Extracted Text (not OCR Text) produced as separate .TXT files.

10.      When converting Electronically Stored Information from its native format into its production format: (a) all tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; and (f) auto-populated fields shall be replaced with descriptive text

EXHIBIT 1                                                                                                    PAGE 7

for the item. For example, auto-populating "page number" fields shall be replaced with the text "PAGE #," auto-populating "date" fields shall be replaced with the text "DATE," and auto-populating "file path" fields shall be replaced with the text "PATH" (or other similar text).

11.    If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

      a.    A description of the document, including the date, a summary of its contents and the identity of its author and the persons(s) to whom it was sent or shown:

      b.    The last known custodian;

      c.    Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

      d.    The date of loss, destruction, discarding, or other disposition;

      e.    The reason(s) for destruction, discarding, or other disposition;

      f.    The person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

      g.    The efforts made to locate lost or misplaced documents.

12.    If there are no Documents responsive to a specific request, so state in writing.

13.    If you know of any Documents responsive to a particular request but cannot produce them, so state, produce the Documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has Documents responsive to the request.

14.    In accordance with Rule 9019-5d of the Local Rules for the Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Order (I) Appointing Mediators,*

EXHIBIT 1                                                                                                    PAGE 8

*(II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the

"Mediation Order"), which incorporates that rule (*see* Mediation Order ¶ 7), these Document

Requests are not seeking, and the Insurers should not produce, any material that is covered by the

mediation privilege pursuant to the Local Rules and the Mediation Order, including its exhibits.

15.     In the event you seek to withhold any document, thing, or information on the basis

that it is properly entitled to some privilege or other limitation of discovery, you shall produce as

much of the document concerned as to which no claim of privilege or other limitation of discovery

is made. With respect to documents or portions of documents for which a claim of privilege or

other limitation of discovery is made, you are instructed to provide a numeral list of the

document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature

of the privilege or limitation (including work product) asserted and, if the privilege or limitation is

governed by state law, indicate the state of the privilege rule or other limitation invoked; and

(2) provides the following information in the objection, unless divulgence of such information

would cause disclosure of the allegedly privileged or otherwise protected information:  (i) the type

of document; (ii) the name and capacity of each author and recipient of the document; (iii) the

general subject matter of the document in a manner sufficient to support the privilege or other

protection claimed; (iv) the date of the document; (v) such other information as is sufficient to

identify the document for a subpoena *duces tecum*, including, where appropriate, the author(s) of

the document, the addressee(s) of the document, and any other recipient(s) shown in the document,

and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each

other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment

to each listed document if the enclosure or attachment is also withheld from production.

Notwithstanding the assertion of any privilege or other protection, any requested document that

EXHIBIT 1                                                                                                          PAGE 9

contains responsive, non-privileged or protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

16.     Each Definition, Instruction, and Document Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Document Request, for the purposes of limitation.

17.     If any meaning of any term in any Document Request herein is unclear to you, without waiver of the right to seek a full and complete response to the Document Request, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request according to the assumed meaning.

18.     In accordance with Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests shall be stated in full and with specificity. In the event you interpose an objection to a Document Request, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

19.     Each Document Request shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information.  If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

20.     "Including" shall not be construed to limit the scope of any Document Request.

EXHIBIT 1                                                                                                          PAGE 10

21.     Whenever necessary to bring within the scope of a Document Request documents or information that might otherwise be construed to be outside its scope:

       a.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

       b.      The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

       c.      The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

       d.      The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

22.     Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1.     All Documents, including without limitation claims-handling manuals, guidelines, policies, practices, directives, and procedures, that relate to Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims under any Policy.

2.     All Documents concerning Your evaluation and valuation of Abuse Claims.

3.     All Documents concerning any database, computer system, or other system that contains or reflects information about the Abuse Claims, including but not limited to databases, indices, computer programs, computer software, and computer databases that reflect methodologies or practices for valuing or otherwise evaluating Abuse Claims, and the results of such valuation or evaluation processes.

EXHIBIT 1                                                                                              PAGE 11

4.      All Documents and Communications concerning Your policies, practices and procedures that would apply to valuing or evaluating Abuse Claims that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to sexual abuse claims may change, including, without limitation, any policies, procedures or practices that prohibit settling or otherwise resolving such sexual-abuse claims.

5.      All Documents reflecting or analyzing the cost and expense (or expected or projected cost and expense) that You incur in evaluating and/or valuing an Abuse Claim potentially covered under a Policy issued to the Debtors (by You).

6.      All Documents that contain or relate to any Communications between You and any Chartered Organization.

7.      All Documents that contain or relate to any Communication between You and any Local Council of the BSA.

8.      All minutes of or other written documentation relating to every meeting of Your board of directors, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of the Debtors, the Policies issued (by You) to the Debtors, Abuse Claims, or the Debtors' claims for insurance coverage under the Policies (whether or not regarding the Abuse Claims), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

9.      All Documents concerning the reserves set by You in connection with Debtors' claims for coverage for the Abuse Claims.

EXHIBIT 1                                                                                              PAGE 12

10.    All Documents regarding any Communications between You and any Reinsurer(s) relating to: (a) Debtors; (b) Policies issued to the Debtors; (c) the Abuse Claims; or (d) Debtors' claims for insurance coverage under the Policies (whether or not regarding the Abuse Claims).

11.    All Documents and Communications reflecting, discussing or analyzing the exposure or potential exposure of any reinsurer under the Reinsurance Agreements.

12.    All Documents and Communications analysing, discussing, supporting or refuting the allegation that the Debtors' Fifth Amended Plan of Reorganization and/or any related documents, including without limitation the terms of such documents, are not insurance neutral.

13.    All Documents You identified, reviewed, relied upon, or referenced in responding to Debtors' First Set of Interrogatories.

14.    All Documents relating to Debtors' alleged breach of any Policy issued by You.

15.    All Documents relating to any prejudice which You allegedly suffered as a result of Debtors' alleged breach of the Policies' terms or conditions.

16.    All communications containing facts or data relied on by any expert that you intend to call to testify at the Confirmation Hearing in forming the opinions that the expert intends to express.

17.    All Documents that you intend to introduce or rely upon at the Confirmation Hearing.

EXHIBIT 1                                                                                                    PAGE 13

Dated: November 3, 2021
      Wilmington, Delaware