

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE:** 415.263.7000
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Iain Nasatir

November 4, 2021

310.772.2365
inasatir@pszjlaw.com

**Via Email and ECF**

The Honorable Laurie Selber Silverstein
Chief Judge
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, DE  19801

    Re:    <u>Boy Scouts of America and Delaware BSA, LLC</u>
              <u>Case No. 20-10343 (LSS)</u>

Dear Judge Silverstein:

We write on behalf of the Official Committee of Tort Claimants (the "TCC") of the above-referenced Debtors in connection with their November 3, 2021 letter request that the Court compel certain insurers "to produce documents related to the Insurers' claims handling materials and reinsurance information."  Dkt. Nos. 6953 (Sealed) and 6954 (Redacted).

Therein, the Debtors correctly state, among other things, that "the Insurers' own evaluation and valuation of claims is relevant here," that "the Debtors have agreed to produce these documents" but that "discovery is a two-way street."  The TCC agrees and, therefore, joins in the Debtors' request, adopts and incorporates their arguments, and seeks the same relief with one significant caveat.  The "list of Insurers from whom the Debtors seek Disputed Documents" does not include Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company (collectively, "Hartford").  The TCC sought this same information from Hartford and, like the Insurers that are the subject of the Debtors' request, Hartford refused to produce it.

The Debtors' request first seeks "documents and communications relating to the Insurers' claims handling practices."  So, too, the

DOCS_LA:340599.2 85353/002



TCC sought documents concerning Hartford's claims-handling, review and adjusting practices relative to Abuse Claims.  Hartford refuses to produce any such documents.  *See* Hartford's Objections and Responses to the TCC's First Set of Requests for the Production of Documents, Response No. 21, a copy of which is attached hereto as **Exhibit A**.  The Debtors' request next seeks "documents and communications relating to reinsurance information."  So, too, the TCC sought documents concerning reinsurance information relative to Hartford insurance policies sold the Debtors.  Hartford refuses to produce any such information.  *Id*. Response No. 5.

Accordingly, we respectfully request that this Court grant the Debtors' request in its entirety and grant the TCC's joinder the request seeking the identical relief from Hartford.

Respectfully submitted,


*/s/Iain Nasatir*            　　　　　　　　　　　 */s/ Jeffrey L. Schulman*
Iain Nasatir                                                 Jeffrey L. Schulman
inasatir@pszjlaw.com                            jschulman@pasichllp.com