**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref Docket Nos. 6749, 6866, 6867** |

**REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
MODIFYING THE AUTOMATIC STAY ON A LIMITED BASIS SOLELY TO THE
EXTENT NECESSARY TO FACILITATE LOCAL COUNCIL SETTLEMENT
<u>CONTRIBUTIONS TO THE SETTLEMENT TRUST UNDER THE PLAN</u>**

Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations

that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the

"<u>Debtors</u>"), submit this reply (a) in support of *Debtors' Motion for Entry of an Order Modifying*

*the Automatic Stay on a Limited Basis Solely to the Extent Necessary to Facilitate Local Council*

*Settlement Contributions to the Settlement Trust under the Plan* [D.I. 6749] (the "<u>Motion</u>")[2] and

(b) in response to *Claimant #39's Verified Objections* to the Motion [D.I. 6866, 6867] (the

"<u>Objection</u>") filed under seal by pro se Claimant #39 ("<u>Claimant</u>").  In support of this reply, the

Debtors submit the declaration of Catherine Nownes-Whitaker, Chief Operating Officer of Omni

Agent Solutions, which is attached hereto as **<u>Exhibit A</u>**.  In further support hereof, the Debtors

respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms that are used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (as such may be amended or modified from time to time, the "<u>Plan</u>"), as applicable.

1.      Cause exists for the Court to modify the automatic stay on a limited basis, solely to the extent necessary to facilitate Local Councils' contributions of cash or other property to the Settlement Trust in accordance with the Plan.  As described in the Motion, Local Councils' contributions to the Settlement Trust are an integral part of the Plan and a significant source of value for holders of compensable Abuse Claims.  The Debtors, their estates, and creditors would be prejudiced if the automatic stay were to prevent Local Councils from taking certain administrative and legal actions necessary to make (or cause to be made) the Local Council Settlement Contribution.

2.      The sole objection to the Motion, filed by Claimant, fails to meaningfully address any of the Debtors' arguments in support of the Motion.  Instead, the Objection merely contains Claimant's opinions about the relationship between the BSA and non-debtor Local Councils, including Claimant's baseless allegations that such relationship is "fraudulent" and that Local Councils are not separate legal entities from the BSA.  *See* Obj. pp. 4, 8.  Claimant's opinions, which have no basis in fact or law, are not grounds to deny the straightforward relief requested in the Motion.

3.      Claimant also incorrectly asserts that the Motion seeks "the Court's blessing and imprimatur on" the "relationship between itself and the local councils." *Id.* p. 9.  To the contrary, the Motion seeks only limited relief from the automatic stay to the extent necessary to facilitate Local Councils' contributions under the Plan.  Indeed, the Motion states, and the Proposed Order provides, that the Court is not making any finding or determination regarding any Local Council's proposed contribution to the Settlement Trust, the nature of the BSA's asserted interest in Local Council funds and property, or the means by which Local Councils receive, hold, invest or disburse funds or property.  Motion ¶ 11 n.6; Proposed Order ¶ 4.  The relief requested in the Motion is

narrowly tailored to facilitate Local Councils' contributions to the Settlement Trust under the Plan, and the Court's entry of the Proposed Order will not preclude any party from later raising any other argument, at confirmation or otherwise.

4.       Finally, there is no support for Claimant's allegation that he was served with an incomplete copy of the Motion.  The Debtors' noticing agent, Omni Agent Solutions ("Omni"), has confirmed that a full and complete copy of the Motion filed at D.I. 6749 was served on all rule 2002 notice parties, including Claimant, on October 21, 2021.  *See Affidavit of Service* [D.I. 6792]; Nownes-Whitaker Decl. ¶ 3.  Moreover, the purported copy of the Motion served on Claimant, which is appended to the Objection as Exhibit 1, is not the version of the Motion that Omni served on Claimant.  *See id*. ¶ 5.  Instead, the document appended to the Objection appears to have been copied and pasted, with alterations, from the Debtors' actual filing.  Specifically, the document appended to the Objection is in a different font than the Debtors' filing, does not have page numbers, and is not file-stamped on all pages, among other inconsistencies.  No other party has contacted the Debtors or Omni about receiving an incomplete copy of the Motion.  *See id.* ¶ 6.

WHEREFORE, the Debtors request that the Court overrule the Motion, enter the Proposed Order and grant such further relief as the Court may deem just and proper.


*[Remainder of Page Intentionally Left Blank]*

Dated:  November 4, 2021
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
     aremming@ morrisnichols.com
     ptopper@ morrisnichols.com

– and –

**WHITE & CASE LLP**

Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**

Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
     mlinder@whitecase.com
     laura.baccash@whitecase.com
     blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION