# EXHIBIT 1

# DEFINITIONS

For the purposes of these Document Requests, the following Definitions shall apply:

1. "Abuse Claims" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*. *See* Doc. No. 6212.

2. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

3. "Axis" shall mean and refer to Axis Capital Holdings Limited, Axis Specialty Insurance Company, and Axis Insurance Company.

4. "You" and "Your" shall mean and refer to Axis and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

5. "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 20-10343 (Bankr. D. Del. 2020).

6. "Charted Organization" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*. *See* Doc. No. 6212.

7. "Coalition" means the Coalition of Abused Scouts for Justice.

8. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions,

EXHIBIT 1                                                                                                                     PAGE 1

e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

9. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

10. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study,

EXHIBIT 1                                                                                                                   PAGE 2

graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

11.     "FCR" means "Future Claimants' Representative" as defined in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*. *See* Doc. No. 6212.

12.     "Policy" means an insurance policy or portion of an insurance policy that affords coverage for an insured's liability for, among other things, personal injury, property damage, bodily injury, and commercial liability.  This definition includes, but is not limited to, any policy designated as a liability policy, general liability policy, "primary" liability policy, "excess" liability policy, "umbrella" policy, "follow form" policy, "third-party" policy, "products liability" policy, and any part(s) of any such insurance policy, including any declarations pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be construed to be a part of or related to the terms of such insurance policy. The term "Policy" also means anything You describe as an insurance policy.

EXHIBIT 1                                                                                                                                PAGE 3

13. "Reinsurance Agreement" means any insurance Policy or other Document under which any Person may be liable, or may have been liable, to indemnify, reimburse, or otherwise insure or reinsure You for payments that You have made, may make, or could have been asked to make under Policies issued to the Debtor.

14. "TCC" means the Tort Claimants' Committee.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests; the following Instructions shall be followed:

1. In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any of your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entitles and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document when you sought to do so, or (iv) as a practical matter, have been able to use, inspect, examine or copy such document on any terms. If any requested document was, but no longer is, in your control, state the disposition of each such document.

EXHIBIT 1                                                                                                                    PAGE 4

2. As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Requests.

4. In responding to each Document Request, you are to review and search all relevant files of appropriate entities and persons.

5. All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6. You are to produce the original and all non-identical copies, including all drafts of each document requested. If you are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

7. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.

EXHIBIT 1                                                                                                                                PAGE 5

8. For Documents maintained in paper format, the following specifications should be used for production:

   a. Scanned images should be produced as single-page black-and-white TIFF files in group IV format imaged at 300 dpi (or color JPEG).

   b. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC000000001).

   c. Each production volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

   d. To the extent that Documents have been run through Optical Character Recognition ("OCR") software in the course of reviewing the Documents for production, full text should also be delivered for each Document. Text should be delivered on a Document level and may be included in an appropriately formatted text file (".TXT") that is named to match the first Bates number of the Document.

9. For documents that originated and are maintained in electronic format ("Electronically Stored Information"), the following specifications should be used for production:

   a. Documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, backup tape, or other location) where the Documents are stored and, where applicable, the natural person in whose possession they were found, or on whose hardware device they reside or are stored. If the storage location was a file share or work group folder, that should be specified as well.

EXHIBIT 1                                                                                                          PAGE 6

  b. Attachments, enclosures, and/or exhibits to any parent Documents should also be produced and proximately referenced to the respective parent Documents containing the attachments, enclosures, and/or exhibits.

  c. For standard Documents, emails, and presentations originating in electronic form, Documents should be produced as TIFF images using the same specifications as set forth above for paper Documents, with a delimited text file (using the delimiters detailed below) containing the following extracted metadata fields: (i) Beginning Production Number; (ii) Ending Production Number; (iii) Beginning Attachment Range; (iv) Ending Attachment Range; (v) Custodian; (vi) Original Location Path; (vii) Email Folder Path; (viii) Document Type; (ix) Author; (x) Title; (xi) File Name; (xii) File Ext; (xiii) File Size; (xiv) MD5 Hash; (xv) Date Last Modified; (xvi) Date Created; (xvii) Date Sent; (xviii) Time Sent [HH:MM:SS]; (xix) MessageID; (xx) Date Received; (xxi) From; (xxii) Recipients; (xxiii) Copyees; (xxiv) Blind Copyees; (xxv) Pages; (xxvi) Email Subject; (xxvii) Native link path; and (xxviii) Extracted Text (not OCR Text) produced as separate .TXT files.

10. When converting Electronically Stored Information from its native format into its production format: (a) all tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; and (f) auto-populated fields shall be replaced with descriptive text

for the item. For example, auto-populating "page number" fields shall be replaced with the text "PAGE #," auto-populating "date" fields shall be replaced with the text "DATE," and auto-populating "file path" fields shall be replaced with the text "PATH" (or other similar text).

11. If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a. A description of the document, including the date, a summary of its contents and the identity of its author and the persons(s) to whom it was sent or shown:

    b. The last known custodian;

    c. Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

    d. The date of loss, destruction, discarding, or other disposition;

    e. The reason(s) for destruction, discarding, or other disposition;

    f. The person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

    g. The efforts made to locate lost or misplaced documents.

12. If there are no Documents responsive to a specific request, so state in writing.

13. If you know of any Documents responsive to a particular request but cannot produce them, so state, produce the Documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has Documents responsive to the request.

14. In accordance with Rule 9019-5d of the Local Rules for the Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and the *Order (I) Appointing Mediators,*

EXHIBIT 1                                                                                                                                       PAGE 8

*(II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order"), which incorporates that rule (*see* Mediation Order ¶ 7), these Document Requests are not seeking, and the Insurers should not produce, any material that is covered by the mediation privilege pursuant to the Local Rules and the Mediation Order, including its exhibits.

15. In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that

EXHIBIT 1                                                                                                                          PAGE 9

contains responsive, non-privileged or protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

16.  Each Definition, Instruction, and Document Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Document Request, for the purposes of limitation.

17.  If any meaning of any term in any Document Request herein is unclear to you, without waiver of the right to seek a full and complete response to the Document Request, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request according to the assumed meaning.

18.  In accordance with Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests shall be stated in full and with specificity.  In the event you interpose an objection to a Document Request, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

19.  Each Document Request shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information.  If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

20.  "Including" shall not be construed to limit the scope of any Document Request.

EXHIBIT 1                                                                                                                                                    PAGE 10

21. Whenever necessary to bring within the scope of a Document Request documents or information that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

    d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

22. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1. All Documents, including without limitation claims-handling manuals, guidelines, policies, practices, directives, and procedures, that relate to Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims under any Policy.

2. All Documents concerning Your evaluation and valuation of Abuse Claims.

3. All Documents concerning any database, computer system, or other system that contains or reflects information about the Abuse Claims, including but not limited to databases, indices, computer programs, computer software, and computer databases that reflect methodologies or practices for valuing or otherwise evaluating Abuse Claims, and the results of such valuation or evaluation processes.

EXHIBIT 1                                                                                                                         PAGE 11

4. All Documents and Communications concerning Your policies, practices and procedures that would apply to valuing or evaluating Abuse Claims that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to sexual abuse claims may change, including, without limitation, any policies, procedures or practices that prohibit settling or otherwise resolving such sexual-abuse claims.

5. All Documents reflecting or analyzing the cost and expense (or expected or projected cost and expense) that You incur in evaluating and/or valuing an Abuse Claim potentially covered under a Policy issued to the Debtors (by You).

6. All Documents that contain or relate to any Communications between You and any Chartered Organization.

7. All Documents that contain or relate to any Communication between You and any Local Council of the BSA.

8. All minutes of or other written documentation relating to every meeting of Your board of directors, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of the Debtors, the Policies issued (by You) to the Debtors, Abuse Claims, or the Debtors' claims for insurance coverage under the Policies (whether or not regarding the Abuse Claims), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

9. All Documents concerning the reserves set by You in connection with Debtors' claims for coverage for the Abuse Claims.

EXHIBIT 1                                                                                                       PAGE 12

10. All Documents regarding any Communications between You and any Reinsurer(s) relating to: (a) Debtors; (b) Policies issued to the Debtors; (c) the Abuse Claims; or (d) Debtors' claims for insurance coverage under the Policies (whether or not regarding the Abuse Claims).

11. All Documents and Communications reflecting, discussing or analyzing the exposure or potential exposure of any reinsurer under the Reinsurance Agreements.

12. All Documents and Communications analysing, discussing, supporting or refuting the allegation that the Debtors' Fifth Amended Plan of Reorganization and/or any related documents, including without limitation the terms of such documents, are not insurance neutral.

13. All Documents You identified, reviewed, relied upon, or referenced in responding to Debtors' First Set of Interrogatories.

14. All Documents relating to Debtors' alleged breach of any Policy issued by You.

15. All Documents relating to any prejudice which You allegedly suffered as a result of Debtors' alleged breach of the Policies' terms or conditions.

16. All communications containing facts or data relied on by any expert that you intend to call to testify at the Confirmation Hearing in forming the opinions that the expert intends to express.

17. All Documents that you intend to introduce or rely upon at the Confirmation Hearing.

EXHIBIT 1                                                                                                                                  PAGE 13

Dated: November 4, 2021
Wilmington, Delaware

EXHIBIT 1							PAGE 14