

James P. Ruggeri
Phone: 202-469-7752
Fax: 202-469-7751
jruggeri@goodwin.com

November 8, 2021

**VIA CM/ECF AND VIA EMAIL**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

      Re:   *In re Boy Scouts of America and Delaware BSA, LLC*, **No. 20-10343 (Bankr., D. Del.).**

Dear Judge Silverstein:

    Along with Bayard, P.A. and Wilmer Cutler Pickering Hale & Dorr LLP, this firm represents Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company ("Hartford"). Hartford writes in response to the November 4, 2021 letter brief submitted by the Official Committee of Tort Claimants (the "Committee") seeking to compel Hartford to produce documents relating to (1) claim handling practice relative to Abuse Claims and (2) documents and communications relating to reinsurance information. [D.I. 6969] The Court should deny the Committee's request.

    The Committee does not offer any reasoned argument or authority to support its request. At the outset, the Committee's request should be put into context. On October 8, 2021, the Committee served a set of 33 separate document requests on Hartford, along with a separate set of interrogatories and requests for admission. Hartford has agreed to produce documents responsive to many of the Committee's requests, and has submitted written responses and objections to the interrogatories and requests for admission. Moreover, Hartford has agreed to produce a witness to be deposed under Rule 30(b)(6), as also requested by the Committee. Finally, Hartford's counsel has met and conferred on multiple occasions with counsel for the Committee to narrow any disagreements and to reach mutually-acceptable parameters for discovery.

    The Committee provides no reason why the Court should compel Hartford to provide documents relating to the two subjects it flags – claims handling and reinsurance. Rather, the Committee offers an entirely inapt "they, too" letter that seeks to seek the same relief from Hartford that Debtors seek from *other insurers*. With respect to those other insurers, Debtors

assert that their claims handling practices and reinsurance are relevant to disprove their allegations that the TDPs are unreasonable and not negotiated in good faith. *See Letter to the Honorable Laurie Selber Silverstein from Adrian Azer and Derek C. Abbott to Respectfully Request the Court Compel Certain of the Debtors' Insurers to Produce Documents* at 1 (Nov. 3, 2021) ("the Insurers have repeatedly raised objections as to the valuations and procedures set forth in the Trust Distribution Procedures . . . . [g]iven these objections, the Debtors seek the Disputed Documents in order to compare how the Insurers evaluate and value claims as compared to the TDPs – which is central to the Insurers' objections to Plan Confirmation.") [D.I. 6953]. It is these objections, Debtors assert, that warrant discovery of claims handling materials and reinsurance from those other insurers.

This argument -- that non-settling insurers should have to produce claims handling material and reinsurance information because they object to the TDPs -- is inapplicable to Hartford. Hartford is a settling insurer. As part of its settlement, Hartford has agreed that it will not seek (and has not sought) discovery concerning the TDPs, and that it will not object to or otherwise allege that the TDPs were not negotiated in good faith. The rationale for seeking discovery on claims handling and reinsurance from the other insurers simply does not apply to Hartford. The Court should deny the Committee's request with respect to Hartford for this reason alone.

Even if Hartford were a non-settling insurer, the Court should deny the Committee the discovery it seeks for a second reason, namely, it is not relevant to plan confirmation.[1] Claims handling materials and reinsurance information are not relevant to plan confirmation and have no bearing on the appropriate values for claims that will be resolved by the Settlement Trust under criteria that are demonstrably different from the proof requirements that apply in the tort system. Nor does the manner in which Hartford handled underlying pre-petition Abuse Claims, or its communications with reinsurers (if any), relate to any other issues that properly arise under § 1129(a) of the Bankruptcy Code.

Indeed, this Court declined to permit discovery on these subjects on similar facts in the *Imerys* plan litigation. There, as here, the objecting insurers indicated their intent to object to the plan TDPs as an unreasonable settlement of tort litigation. The Plan Proponents served deposition notices on the objecting insurers (including Hartford) seeking to compel testimony on a number of insurance coverage topics, including both "Your handling" of the underlying tort claims and "Any Reinsurance Agreement(s)" for the potentially responsive policies. The insurers sought a protective order, and the Court agreed that claims handling and reinsurance are not probative of issues to be decided on plan confirmation, particularly when that evidence was not being used to advance plan objections. *See In re Imerys*, No. 19-10289 (LSS), June 22, 2021 Tr. at 237-40, attached hereto as Exhibit A. The Court should make the same ruling here.

We look forward to addressing these issues further at the convenience of the Court.

---

[1] There is a third reason for at least some of the documents: privilege and common interest. Should the Court disagree with Hartford on the first two reasons, then Hartford reserves the right to withhold documents on privilege and common interest grounds.

Case 20-10343-LSS    Doc 7007    Filed 11/08/21    Page 3 of 3

The Hon. Laurie S. Silverstein
November 8, 2021
Page 3 of 3

                                             Respectfully submitted,

                                             James P. Ruggeri

cc:  All counsel of record (via CM/ECF)