# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. 6753** |

### ORDER APPROVING STIPULATION GRANTING EDWARD G. MILLS II AND SHERILYN APPLEWHITE RELIEF FROM THE AUTOMATIC STAY

  This Court having considered the Motion, the *Stipulation Granting Edward G. Mills II and Sherilyn Applewhite Relief From the Automatic Stay* between the Debtors and the Plaintiffs (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and upon the record of this case and due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

  ORDERED that the Motion is granted and the Stipulation is APPROVED as set forth herein; and it is further ORDERED that:

  1. The automatic stay of section 362(a) of the Bankruptcy Code shall be modified solely for the limited purpose of permitting the Plaintiffs to liquidate their Claims through the commencement or continuation of litigation pursuant to the terms of the Stipulation.

  2. Plaintiffs shall not be entitled to enforce or seek payment on account of the Plaintiffs' Claims against the Debtors or parties affiliated with the Debtors, including against any related insurance policies, absent further order of this Court. However, Plaintiffs shall be entitled

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

to enforce or seek payment on account of their Claims against parties unaffiliated with the Debtors and the unaffiliated parties' insurance policies.

3. Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair the Debtors' rights, claims, remedies and defenses they have or may have with respect to the Plaintiffs' Claims.  Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair Plaintiffs' Claims or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to Plaintiffs' Claims; (ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations.

4. Nothing in this order prejudices the right of any party to move or reinstate the stay or to seek additional relief from the stay.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted by this Order and the Stipulation.

6. The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.  The 14-day stay provided for in Bankruptcy Rule 4001(a)(3) shall be, and hereby is, waived.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and the Stipulation.

Dated: November 8th, 2021
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE