# EXHIBIT A

# DEFINITIONS[2]

1.      Abuse Claims" shall have the meaning ascribed to it in the *Debtor's Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*.  *See* Doc. No. 6212.

2.      "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

3.      "CNA" shall mean and refer to The Continental Insurance Company and Columbia Casualty Company.

4.      "You" and "Your" shall mean and refer to CNA and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

5.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 20-10343 (LSS).

6.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Amended Disclosure Statement for the Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket No. 6445/Docket No. 6443].

7. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

8. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be

obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9. "<u>Plan</u>" means the Debtor's Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC.  See Doc. No. 6443 (as may be modified, amended, or supplemented from time to time).

10. The "<u>Plan Settlements</u>" means any settlement, whether incorporated into the Plan or presented for approval pursuant to Bankruptcy Rule 9019, between the Debtors and any other entity (including, but not limited to, any insurance company, Chartered Organization, or Local Council) including, but not limited to the Hartford Insurance Settlement and the TCJC Settlement.

11. "<u>Policy</u>" means an insurance policy or portion of an insurance policy that affords coverage for an insured's liability for, among other things, personal injury, property damage, bodily injury, and commercial liability.  This definition includes, but is not limited to, any policy designated as a liability policy, general liability policy, "primary" liability policy, "excess" liability policy, "umbrella" policy, "follow form" policy, "third-party" policy, "products liability" policy, and any part(s) of any such insurance policy, including any declarations pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be

construed to be a part of or related to the terms of such insurance policy. The term "Policy" also means anything You describe as an insurance policy.

12. "Reinsurance Agreement" means any insurance Policy or other Document under which any Person may be liable, or may have been liable, to indemnify, reimburse, or otherwise insure or reinsure You for payments that You have made, may make, or could have been asked to make under the Policies.

13. "TCC" means the Tort Claimants' Committee.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Bankruptcy Procedure 7030, You shall designate one or more officers, directors, managing agents, or other Persons who are knowledgeable and who consent to testify on its behalf with respect to the following Topics For Deposition. If no single witness is capable of testifying knowledgeably about all of the topics listed, You may designate more than one witness.

2. Each of the Definitions and Instructions apply to each topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular topic, or that a particular topic may incorporate supplemental instructions or definitions.

## TOPICS FOR DEPOSITION

1. The handling, investigation, evaluation, processing, adjusting, review, or determination of the Abuse Claims.

2. The handling, investigation, evaluation, processing, adjusting, review, or determination of the BSA's historical sexual abuse claims.

3. Procedures, practices and policies for valuing and/or evaluating sexual abuse claims generally, including, without limitation, the evaluation and valuation of any settlements of

any Abuse Claims concerning the Debtors.

4. Any database, computer systems or other systems used to value or evaluate sexual abuse claims.

5. Communications with the Debtors regarding the Abuse Claims including, without limitation, the evaluation, valuation and/or the settlement of any Abuse Claims.

6. Procedures and practices for evaluating and valuing sexual abuse claims that are filed outside the statute of limitation, including any sexual abuse claims that were outside the statute of limitations that have settled.

7. The reserve amounts You set for Abuse Claims.

8. Your contention that the Plan is not insurance neutral, and any basis for such contention.

9. Any facts that support, contradict or concern the contention that the Plan is not insurance neutral.

10. Any facts that you contend support the conclusion that the Plan is not insurance neutral or that you would otherwise rely on to oppose the Plan on the grounds that it is not insurance neutral.

11. The Trust Distribution Procedures.

12. The Plan Settlements, including the JPM/Creditors' Committee Settlement, TCJC Settlement and the Hartford Insurance Settlement.

13. Any Documents or Communications exchanged between You and the TCC relating to the Plan or any drafts or edits of potential plans of reorganization.

14. The Debtors' contention that the Plan was filed in good faith, including any facts that support, contradict or concern such contention.

15. Any facts that you contend support the conclusion that the Plan was not filed in good faith.

16. The Debtors' contention that the Trust Distribution Procedures were negotiated in good faith, including, without limitation, any facts that support, contradict or concern such contention.

17. Any facts or other basis that you believe support any position that the Trust Distribution Procedures were not prepared in good faith, are not fair and reasonable, and/or are inconsistent with the historical practices, policies, procedures, approaches, valuations, evaluations and/or settlements of Abuse Claims.

18. Any Documents or Communications exchanged between You and any insurer of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

19. Any Documents or Communications exchanged between You and any Chartered Organization of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

20. Any Document or Communications exchanged between You and any Local Council of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

21. Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

22. The Liquidation Analysis, including any Documents or Communications exchanged between You, the TCC, any Local Council of the BSA, any Charter Organization of the BSA, and/or any attorney representing one or more holders of an Abuse Claim relating to the liquidation value of the Debtors or any Local Council.

23. The Liquidation Analysis, including any Documents or Communications exchanged between You and any other insurer of the BSA relating to the liquidation value of the Debtors or any Local Council.

24. The Documents produced by You in response to any Requests for Production served on You in connection with the Chapter 11 Cases.

25. The Debtors' contention that the Plan is feasible, including without limitation, any facts that support, contradict or concern whether the Plan is feasible.

26. Any facts that you believe would demonstrate or tend to demonstrate that the Plan is not feasible.

27. Any Document or Communications exchanged between You and any Chartered Organization of the BSA concerning the feasibility of the Plan.

28. Any Document or Communications exchanged between You and any Local Council of the BSA concerning the feasibility of the Plan.

29. Any Documents or Communications exchanged between You and any insurer of the BSA concerning the feasibility of the Plan.

30. Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the feasibility of the Plan.