**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>      Debtors.[1] | **Chapter 11**<br><br>**Case No. 20-10343 (LSS)**<br><br>(Jointly Administered) |

**THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**
**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE OF THE OFFICIAL**
**COMMITTEE OF TORT CLAIMANTS TO**
**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), The Church of Jesus Christ of Latter-day Saints ("the Church"), by and through its undersigned counsel, shall take the deposition of the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC (the "TCC") by the person(s) most qualified to testify with respect to the topics described in **Exhibit A** hereto.

The deposition will take place at such other date and time as the parties, including the Debtors, may agree. The TCC may elect to be deposed in person or remotely. The deposition will be conducted in accordance with the General Deposition Protocol.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 Walnut Hill Lane, Irving, Texas 75038.

If the TCC chooses to be deposed remotely:

1.    Counsel for the parties and their clients will be participating from various separate locations;

2.    The court reporter will administer the oath to the witness remotely;

3.    The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

4.    Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

5.    All exhibits will be provided simultaneously and electronically to the witness and all participants;

6.    The court reporter will record the testimony;

7.    The deposition may be recorded electronically; and

8.    Counsel for all parties will be required to stipulate on the record:

   a.    Their consent to this manner of deposition; and

   b.    Their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

Dated: November 8, 2021

Respectfully submitted,

*/s/ Robert J. Malionek*
Robert J. Malionek
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Robert.Malionek@lw.com

**EXHIBIT A TO THE NOTICE OF DEPOSITION OF
THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO
BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

**DEFINITIONS**

1.      The term "Certain Insurers" as used herein, shall refer to Travelers Casualty &

Surety Co., Inc., f/k/a Aetna Casualty & Surety Co., Inc., Travelers Indemnity Co., f/k/a Gulf

Indemnity Co., St. Paul Surplus Lines Ins. Co. (collectively, "Travelers"); Agricultural Ins. Co.,

Agricultural Excess & Surplus Lines Ins. Co., Great American E&S Ins. Co. (collectively, "Great

American"); Allianz Global Risks US Ins. Co., f/k/a Allianz Ins. Co. ("Allianz"); Allied World

Assurance Co. (U.S.) Inc. ("Allied World U.S."); Allied World Assurance Co., Ltd. ("Allied

World Ltd."); American Guarantee & Liability Ins. Co., American Zurich Ins. Co., Steadfast Ins.

Co. ("collectively, "Zurich"); Arch Insurance Company ("Arch"); Argonaut Insurance Co., Inc.

("Argonaut"); Arrowood Indemnity Co., f/k/a Royal Indemnity Co. ("Arrowood"); Aspen

Specialty Ins. Co. ("Aspen"); Ategrity Specialty Ins. Co. ("Ategrity"); Axis Specialty Ins. Co.,

Axis Surplus Ins. Co. (collectively, "Axis"); Century Indemnity Co., f/k/a California Union Ins.

Co., Century Indemnity Co., successor to Ins. Co. of North America, Chubb Custom Ins. Co.,

Federal Ins. Co., Pacific Indemnity Co., f/k/a Texas Pacific Indem. Co., Pacific Employers Ins.

Co., Westchester Fire Ins. Co., Westchester Surplus Lines Ins. Co., f/k/a Industrial Ins. Co. of

Hawaii, Industrial Indemnity Co., International Ins. Co., United States Fire Ins. Co., North River

Ins. Co. (collectively, "Chubb"); Catlin Specialty Ins. Co., Indian Harbor Ins. Co., XL Ins.

(Dublin) Ltd., XL Europe Ltd. (collectively, "AXA XL"); Clarendon America Ins. Co.

("Clarendon"); Colony Ins. Co. ("Colony"); Columbia Casualty Co., Harbor Ins. Co., Niagara Fire

Ins., Continental Ins. Co. (collectively, "CNA"); Endurance American Specialty Ins. Co., f/k/a

Traders & Pacific Ins. Co. ("Endurance"); Evanston Ins. Co. ("Evanston"); Alterra Excess &

Surplus Ins. Co. ("Alterra"); Everest National Ins. Co. ("Everest"); First Specialty Ins. Corp.

3

("First Specialty"); Gemini Ins. Co. ("Gemini"); General Star Indemnity Co. ("General Star"); Hartford Accident & Indemnity Co., First State Ins. Co., Twin City Fire Ins. Co., Navigators Specialty Ins. Co. (collectively, "Hartford"); Ins. Co. of the State of Pennsylvania, Lexington Ins. Co. (collectively, "AIG"); Interstate Fire & Cas. Co. ("Interstate"); Liberty Mutual Ins. Co., Ohio Casualty Ins. Co., Liberty Surplus Ins. Corp., Liberty Ins. Underwriters, Inc. (collectively, "Liberty"); Certain Underwriters at Lloyd's, London ("Certain Underwriters"); National Union Fire Ins. Co. of Pittsburgh, Pa, Landmark Ins. Co. (collectively, "National Union"); National Surety Corp. ("National Surety"); Old Republic Ins. Co. ("Old Republic"); Utica Mutual Ins. Co. ("Utica"). For the avoidance of doubt, the term "Certain Insurers" shall also include all of the above entities' predecessors, successors, subsidiaries, affiliates, segments, or divisions thereof and all agents, persons or entities acting on their behalf as well as to any full or abbreviated name or pronoun referring to them.

2.      The terms "You" and "Your," as used herein, shall refer to the TCC, and/or any predecessors, successors, subsidiaries, affiliates, segments, or divisions thereof and all agents, persons or entities acting on their behalf.

3.      The term "Debtors," as used herein, refers to the Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "BSA") mentioned in the above-captioned chapter 11 case, and/or any predecessors, successors, subsidiaries, affiliates, segments, or divisions thereof and all agents, persons or entities acting on their behalf.

4.      The term "Church," as used herein, means The Church of Jesus Christ Latter-day Saints and any of its predecessors, successors, subsidiaries, affiliates, segments, or divisions thereof and all agents, persons or entities acting on their behalf.

5.      The term "Communication," as used herein, shall mean the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to, speech, writings, visuals, language, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type, voice or other recordings, face-to-face meetings whether through third person or otherwise, electronic recordings, text messages, instant messages, Blackberry Messenger messages, iMessages, Outlook messages, calendar invitations, Google shared documents and/or other media of any kind, including, but not limited to, any electronically stored information.

6.      The terms "And" and "Or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these topics any information that might be deemed outside their scope by any other construction, and "includes" or "including" shall mean "including, but not limited to."

7.      The terms "Any" and "All" should be understood to include "each and every."

8.      The term "Refer Or Relate" shall mean comprise, concern, describe, evidence, constitute, reflect, record, memorialize, discuss, explain, consider, embody, evaluate, analyze, review, respect, state, establish, show, support, contradict, note, contain, mention, study, pertain to, report on, comment on, impinge upon or impact the subject matter of the topic, either directly or indirectly.

9.      "Bankruptcy Proceedings" shall mean this matter, or any related proceedings or actions.

10.     The term "Debtors' Plan" shall mean Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC filed on September 15, 2021. (D.I. 6212.)

11.     The term "Abuse Claim" shall have the same meaning as it does in the Debtors' Plan.

12.     The term "Objecting Party" Any and All parties who objected to the Debtors' Amended Disclosure Statement for the Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC and who appear on Appendix A to the Debtors' Reply Brief. (D.I. 6249-1.)

13.     The term "TCC Plan" shall mean the plan that the Official Committee of Tort Claimants seek authorization to file, as defined in the Motion of Official Committee of Tort Claimants for Entry of an Order Terminating the Debtors; Exclusive Periods to File a Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code. (D.I. 6225.)

14.     The term "Local Council" shall mean , each and every current or former local council of the BSA, including each and every current local council of the BSA as listed on Exhibit G to the Second Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC filed as docket number 2592 in the Bankruptcy Proceedings.

15.     The term "Chartered Organization shall have the same meaning as it does in the Debtors' Plan."

16.     The term "Interrogatory" means each individual question served upon You on October 8, 2021.

17.     Separate corporate entities should be understood either disjunctively or conjunctively as necessary to bring within the scope of any topic all subject matter that might otherwise be construed to be outside of its scope.

18.     Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## TOPICS

**TOPIC NO. 1:**

Any assessment, analysis, model, inquiry or investigation of the potential, projected or estimated liability of the Church or any Chartered Organization related to Abuse claims, including any assessment of the risk of prevailing or not prevailing in any court or other tribunal from November 16, 2020 to the present.

**TOPIC NO. 2:**

Any assessment, analysis, model, inquiry or investigation You conducted to determine whether each Abuse Claim is meritorious, valid or otherwise valuable in the tort system.

**TOPIC NO. 3:**

Any assessment, analysis, model, inquiry or investigation You conducted of the Church's coverage or potential coverage under the Policies.

**TOPIC NO. 4:**

Any assessment, analysis, model, inquiry or investigation You conducted of any potential indemnification of the Church by BSA related to Abuse claims.

**TOPIC NO. 5:**

Any attempt to solicit acceptances of the TCC Plan.

**TOPIC NO. 6:**

Any Communications related to the rejection or acceptance of the BSA Plan.

**TOPIC NO. 7:**

Communications between you and Kosnoff Law PLLC, including any communications related to the solicitation of votes sent by Timothy D. Kosnoff on November 6, 2021 and October 18, 2021.

**TOPIC NO. 8:**

Communications between You and the Debtors that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 9:**

Communications between You and Certain Insurers that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 10:**

Communications between You and the Coalition of Abused Scouts for Justice that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 11:**

Communications between You and any Future Claimants' Representative that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 12:**

Communications between You and the Ad Hoc Committee of Local Councils that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 13:**

Communications between You and any Objecting Party that Refer or Relate to Chartered Organizations, including the Church.

**TOPIC NO. 14:**

Your total claimed damages of Abuse Claims.

**TOPIC NO. 15**:

Your claimed Apportionment of damages among each alleged tortfeasor, including apportionment of damages among the Church compare to other alleged torfeasors.

**TOPIC NO. 16**:

Your answers to Any Interrogatory

Dated: November 8, 2021

Respectfully submitted,

*/s/ Robert J. Malionek*
Robert J. Malionek
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Robert.Malionek@lw.com