# **EXHIBIT C**

ORIGINAL

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| Defendants. | § | 95TH JUDICIAL DISTRICT |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiffs Boy Scouts of America ("BSA"), Connecticut Yankee Council ("CYC"), Spirit of Adventure Council ("SAC"), Aloha Council ("AC") and Cascade Pacific Council ("CPC") (collectively, the "Plaintiffs") and Defendants Hartford Accident and Indemnity Co. ("Hartford") and First State Insurance Co. ("First State") (collectively, the "Defendants")[1] possess certain confidential and proprietary information that may be disclosed in the above-entitled and numbered action (the "Litigation").  To facilitate discovery and protect the interests of the Parties in the confidentiality of proprietary or other business sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the Parties agree to entry of this Protective and Confidentiality Order (the "Order") as follows:

The Court hereby enters this Order with respect to documents produced in this lawsuit which the Parties have designated as "Confidential."

---

[1] Plaintiffs and Defendants may hereinafter be individually referred to as a "Party" or collectively referred to as the "Parties."

1.    <u>Confidential Information</u>.  For purposes of this Order, "Confidential Information" means any document, writing, paper, recording, tangible thing, computer diskettes, computer software, CD-ROMs, or any other electronic, digital, and/or magnetic data or media, and the content of any of the above-referenced materials, which a Party believes, in good faith, contains confidential, proprietary, privileged, or otherwise restricted or sensitive information and which is designated as "Confidential" pursuant to paragraph 2 below.    By way of example, and not limitation, Confidential Information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody or summarize matters which any Party considers confidential and desires not to be made public.

2.    <u>Designation of Confidentiality</u>.  A Party producing "Confidential Information" in this matter shall designate the material or information claimed as "Confidential Information" by stamping or labeling such material or information as "Confidential" before distributing same to another Party.  Upon the designation of any material or information as "Confidential," all copies, reproductions, or duplications of such material shall be subject to the provisions of this Order.

3.    <u>Use and Disclosure</u>.  No person receiving "Confidential Information" shall disclose such "Confidential Information" or use it for any purpose other than participation in the above-entitled action (this "Litigation").    Further, "Confidential Information" shall not be disclosed or communicated in any way to anyone other than the following (hereinafter "Qualified Persons") and then only in the manner and to the extent provided for herein:

a.    Counsel representing the Parties in this Litigation, including employees of outside counsel whose functions require access to "Confidential Information";

b.      The Parties, including their principals, officers, agents, in-house counsel, employees whose functions require access to "Confidential Information"

c.      A Party's insurers, reinsurers, reinsurer intermediaries, retrocessionares and insurance regulators;

d.      Any other person or entity to whom/which any party is statutorily obligated to produce such Confidential Information;

e.      Independent non-party experts and consultants engaged by counsel or any Party to assist in this Litigation, provided that any and all such experts and consultants are provided with a copy of this Order and shall first execute a written statement under oath, in the form attached as Exhibit A;

f.      Mediators engaged by the Parties to assist in this Litigation;

g.      The Court (including court reporters, stenographic reporters, video technicians, and other court personnel);

h.      Potential witnesses and/or deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this Litigation, provided that any and all such individuals, who are neither Parties nor counsel in this Litigation and who are not retained as independent experts or consultants, are provided with a copy of this Order and informed of the obligation no to disclose Confidential Information ;

i.      Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the Parties' counsel in order to assist in this Litigation; or

j.      Non-parties to whom Confidential Information must be produced subject to a subpoena, court order or other legal process in accordance with paragraph 8 below.

Nothing in this Order shall deprive a receiving Party of the right to use or disclose any document designated as Confidential Information:

a.      which is, at the time of disclosure, known to the industry or the public;

b.      which becomes at a later date known to the public through no fault of the receiving Party and then only after said later date;

c.      which is possessed by the receiving Party, as evidenced by the receiving Party's written records, before receipt from the disclosing Party or through another means of receipt; or

d.      which is disclosed to the receiving Party in good faith by a third party who has an independent right or access to such information.

4.      Notification of Existence of Order and Confidentiality Agreement.  Counsel for the Parties shall give notice of this Order and its terms to each Qualified Person (as defined in paragraph 2) to whom "Confidential Information" is disclosed by said counsel, and each Qualified Person is prohibited from disclosing any "Confidential Information" received by them to any other person or using such Confidential Information for any purpose other than participation in this Litigation, except in conformance with the provisions of this Order.

5.      Filing with the Court.  Nothing in this Order shall affect the admissibility into evidence of Confidential Information.  Nor shall this Order be construed as limiting any Party's right to seek greater protection from the Court with respect to any documents or information than that provided by the terms of this Order.  When a Party wishes to file document(s) containing "Confidential Information" with the Court in this matter, the Party shall file such documents,

including any exhibits or attachments, with the Court in this matter under seal. When filing any such pleading or other communication (including any exhibits or attachments which contain or disclose "Confidential Information") under seal, the envelope and the pleading or other communications to the Court which contain or disclose "Confidential Information" shall bear the legend "CONFIDENTIAL MATERIAL - FILED UNDER SEAL."

      6.    <u>Procedure at Depositions</u>. If a question arises at a pretrial deposition that involves the disclosure of "Confidential Information," counsel with an interest in protecting such "Confidential Information" shall, either at the deposition itself or within fifteen (15) days of receiving the deposition transcript, designate all or any portion the deposition as "Confidential" and serve copies of the transcript bearing the "Confidential" stamp or label on the court reporter, counsel for the Parties, and any other person known to have a copy of the transcript. During the period following a deposition until fifteen days after the deposition transcript has been received by any party requesting such transcript, the transcript and any exhibits shall be treated as "Confidential Information." Nothing in this paragraph shall be construed as any waiver of confidentiality, privilege or protection with respect to any properly designated document attached as an exhibit to a deposition. Documents containing "Confidential Information" and properly designated under paragraph 1 above, which are attached as exhibits to deposition transcript, shall continue to be treated as "Confidential Information" subject to this Order without any further action on the part of any Party.

      7.    <u>Disclosure to Additional Persons</u>. Counsel for the Parties may request permission to disclose "Confidential Information" to persons other than Qualified Persons as defined in paragraph 2 above. The Parties shall confer in good faith with one another to reach an agreement regarding disclosure of "Confidential Information" to persons other than Qualified Persons. If

no agreement can be reached, counsel must present the request in writing to the Court, identify the person to whom the counsel wishes to make the disclosure, the purpose of the disclosure, and the terms under which the disclosure is to be made. Until and unless the Court makes a determination of whether the "Confidential Information" should be disclosed as specified in the request, no "Confidential Information" shall be disclosed to any person described in the request.

8.    Subpoenaed Information. If at any time any "Confidential Information" governed by this Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena is directed shall give prompt written notice to the Party that designated the information as "Confidential" and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Party that designated such information as "Confidential." The Party seeking to maintain the "Confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designated "Confidential." If the Party seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by the subpoena or request, the Party to whom the subpoena or request is directed may commence production on the date designated on the subpoena or request.

9.    Electronic Media. Computer diskettes, computer software, CD-ROM's, or any other electronic, digital, and/or magnetic data or media (the "Electronic Media") which has been designated as "Confidential" shall not be copied, except as necessary for purposes of the Litigation, including to permit access by individuals identified as Qualified Persons or for backups made for disaster recovery purposes. Any and all such copies shall be destroyed within

sixty (60) days of the conclusion of this Litigation as provided by paragraph 12 below. Upon conclusion of this Litigation, the original media must be returned to the producing party or maintained in conformance with this Order.

10.    Third Parties.    Any third party, including non-party deponents, from which materials are sought in connection with this Litigation shall be provided a copy of this Order and notified of the opportunity to designate materials under it.

11.    Effect of Designation.    The designation of confidentiality permitted by this Order is intended solely to facilitate the pretrial and trial proceedings of this Litigation. Nothing in this Order shall be construed in any way as a finding that the "Confidential Information" does or does not constitute or contain sensitive, confidential commercial information and/or information protected from disclosure by the attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, and/or other privileges and protections whether by statute, rule or common law.

12.    Objection to Designation.    If a Party objects to the designation of any document or information as "Confidential," counsel for the objecting Party shall notify all counsel of record of the objection in writing. If disputes regarding the objection cannot be resolved by agreement within five (5) days of receiving any written objection, counsel may move this Court for an order denying confidential treatment to the document or information in question. If such a motion is filed, the document or information shall be treated as "Confidential Information" and subject to this Order pending a ruling on the motion. Nothing in this paragraph shall prevent a third party from seeking to protect the confidentiality of information to the same extent as a Party to this Litigation.

13.    <u>Return of Materials</u>.  Within a reasonable time, not to exceed sixty (60) days, following the entry of final judgment and exhaustion of all appeals, settlement of all claims, or dismissal of all claims in connection with this Litigation, the Parties shall (1) destroy or return to the producing Party all materials, together with all copies, summaries, and abstracts thereof, which have been designated as "Confidential" pursuant to this Order or (2) maintain such materials as confidential in conformance with this Order .

A Party that has provided Confidential Information to any other person pursuant to paragraphs 3 and/or 7 above shall require the recipient of that information to return or destroy it in compliance with this Order.  The provisions of this Order shall not terminate upon conclusion of this Litigation but will continue to bind the Parties, non-parties, experts, and other Qualified Persons to whom the Order applies.

14.    <u>Erroneous Designations and Omissions</u>.  It is recognized by the Parties to this Order that due to the exigencies of providing numerous documents and the taking of testimony, material may be designated erroneously as "Confidential" or material which is entitled to confidential treatment may erroneously not be designated as "Confidential."  A Party may correct such confidentiality designations or lack thereof by furnishing to all counsel, at its own expense, copies of the documents for which there is a change in designation.  As soon as the receiving party receives written notice of a Party's or a third party's failure to designate "Confidential Information" as "Confidential," the receiving party must treat the material as though a timely designation had been made, and the receiving party must endeavor in good faith to make reasonable efforts to obtain all copies of the material that it distributed to persons not authorized to receive such material, as well as any copies made by such persons.  Nothing herein

shall alter or waive the rights of any party under Rule 193.3(d) of the Texas Rules of Civil Procedure.

15.     Effect of Order Before Entry.   "Confidential Information" produced by a Party prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such "Confidential Information" was produced.

16.     Limitations.   Nothing in this Order shall be construed to entitle the Parties to obtain any document, thing, or other information from one another. Nothing in this Order shall be construed to allow the Parties to avoid any discovery obligations under the applicable Rules of Civil Procedure. Additionally, this Order shall not be deemed to waive any claim of attorney-client privilege, work product protection, or any other privilege, doctrine or protection, which may be asserted by the Parties. Furthermore, the Parties have agreed to work with each other in good faith if either party determines that additional protection of proprietary or "Confidential Information" is required. This Order does not limit a Party's right to seek additional protection from this Court for "Confidential Information."

17.     Modification.   Nothing in this Order shall be deemed to preclude the Parties from seeking modification of this Order by the Court upon good cause shown.

SIGNED this _9th_ day of _Oct._ , 2018.

_____
HONORABLE KEN MOLBERG

APPROVED AND AGREED:

/s/ Ernest Martin, Jr.
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Adrian Azer
State Bar No. 24048332
adrian.azer@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:   (214) 651-5940

ATTORNEYS FOR PLAINTIFFS BOY
SCOUTS OF AMERICA, CONNECTICUT
YANKEE COUNCIL, SPIRIT OF
ADVENTURE COUNCIL, ALOHA
COUNCIL, CASCADE PACIFIC
COUNCIL

/s/ Todd M. Tippett
Todd M. Tippett
Texas Bar No. 24046977
ttippett@zelle.com
Victoria L. Vish
Texas Bar No. 24089850
vvish@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

James P. Ruggeri (*pro hac vice*)
jruggeri@goodwin.com
Joshua D. Weinberg (*pro hac vice*)
jweinberg@goodwin.com
Abigail W. Williams (*pro hac vice*)
awilliams@goodwin.com
Shipman & Goodwin LLP
1875 K Street, NW
Suite 600
Washington, DC 20006

ATTORNEYS FOR DEFENDANTS
THE HARTFORD ACCIDENT AND
INDEMNITY CO., FIRST STATE
INSURANCE CO.

# EXHIBIT "A"

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
|     Defendants. | § | 95TH JUDICIAL DISTRICT |

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby certify that I have received and read a copy of the Agreed Protective and Confidentiality Order (the "Order") entered in the above-styled and numbered cause, and I fully understand its provisions.  I will only make such copies of or notes concerning documents designated "Confidential" Material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

I will not reveal the contents of "Confidential" Material to any unauthorized person.

I will not use "Confidential" Material for any purpose other than the prosecution or defense of claims in this action.

Signed this _____ day of _____, _____.

_____

(Signature)