# **EXHIBIT D**

                                                                    1

                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                      .    Chapter 11
    IN RE:                            .
                                      .    Case No. 19-10289 (LSS)
    IMERYS TALC AMERICA, INC.,        .
    *et al.*,                         .
                                      .    Courtroom No. 2
                                      .    824 North Market Street
                                      .    Wilmington, Delaware 19801
                                      .
                                      .    June 22, 2021
              Debtors.                .    10:30 A.M.
    . . . . . . . . . . . . . . . . .

                  TRANSCRIPT OF TELEPHONIC HEARING
            BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                   UNITED STATES BANKRUPTCY JUDGE

    TELEPHONIC APPEARANCES:

    For the Debtors:          Amanda R. Steele, Esquire
                              Marcos Ramos, Esquire
                              RICHARDS LAYTON FINGER, P.A.
                              One Rodney Square
                              920 North King Street
                              Wilmington, Delaware 19801

                              - and -

                              Matthew Salerno, Esquire
                              LATHAM & WATKINS LLP
                              1271 Avenue of the Americas
                              New York, New York 10020

    Audio Operator:           Brandon J. McCarthy

    Transcription Company:    Reliable
                              1007 N. Orange Street
                              Wilmington, Delaware 19801
                              (302)654-8080
                              Email: gmatthews@reliable-co.com

    Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1 even in the coverage cases, they say this is usually
2 irrelevant and not discoverable, and they talk about the need
3 to set reserves for accounting purposes, the need to set
4 reserves for maybe regulatory purposes. So how does that have
5 anything to do with confirmation?
6    MS. FRAZIER: I think here where the insurers have
7 contended, as they do in their papers, that the plan and
8 disclosure statement have led to an explosion of claims and
9 have inflated their potential liability for, you know,
10 whatever an explosion means --
11    THE COURT: It means going from 20,000 to 80,000.
12    MS. FRAZIER: But if they had planned to pay their
13 full limits, if they reserved and knew that these talc claims
14 were going to erode the entirety of the policy, what's the
15 objection? It makes no material difference to them.
16    THE COURT: Well, maybe it doesn't, but I'm trying
17 to explain how it's relevant -- I'm trying to understand how
18 it's relevant to confirmation. I think I had the same
19 distinction with J&J. Historical settlement, I said yes;
20 projections, J&J's internal, I said no. It's the same sort of
21 thing here. Internal to the insurance companies, their
22 setting reserves, like a prudent businessperson might or
23 they're regulatorily required, I don't understand how that's
24 relevant to confirmation.
25    Now, if the insurance companies end up filing some

1  objection and putting in value information, and they use this
2  information and they give it to an expert, that's different,
3  that's different, then it's going to be discoverable.  But how
4  is it relevant to confirmation and the plan proponents' --
5  the plan proponents' burden under 1129?
6              MS. FRAZIER:  I think if Your Honor is willing to
7  allow us to reserve our rights to the extent to, say, present
8  the type of evidence that you just described, I think we're
9  fine with that as to reserves and reinsurance information.
10             THE COURT:  Absolutely, and I think the insurance
11 companies should know that.  If they're going to put their
12 information at issue, then it's going to be discoverable.
13             MS. FRAZIER:  Okay.  So that's -- we're all the way
14 through 6, we're moving right along.
15             Okay, so numbers 7 and 8, this is kind of the core
16 of the dispute.  Reasons that you contend the plan is not
17 insurance-neutral; and, to the extent you assert or plan to
18 assert an objection to the plan or any other plan documents,
19 what's the basis for that objection.
20             And this is what I talked about at the very
21 beginning.  We're not seeking privileged information, we're
22 not seeking legal conclusions, we're not seeking your
23 analysis, but there are facts that underlie these contentions,
24 just as the type of facts that I described earlier with regard
25 to the explosion in claims.  The insurers have made many,