**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. \_\_\_\_** |

**ORDER (I) ENFORCING THE SOLICITATION PROCEDURES ORDER,
(II) ENFORCING SECTION 1103 OF THE BANKRUPTCY CODE AGAINST THE
TORT CLAIMANTS' COMMITTEE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a), 1103, and 1125 of the Bankruptcy Code (i) enforcing the Solicitation Procedures Order as set forth herein, (ii) enforcing the terms of section 1103 of the Bankruptcy Code and requiring that any official email address of the Tort Claimants' Committee (the "TCC") be used only for official TCC business applicable to the survivor community and not for the benefit of individual state court counsel, and (iii) granting related relief; and upon the Warner Declaration filed in support of the Motion; and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Solicitation Procedures Order that was entered by this Court on September 30, 2021 remains in full force and effect, and this Order serves to supplement and work in conjunction with the existing Solicitation Procedures Order.

3. The Solicitation Procedures Order is hereby supplemented to provide as follows:

    (a) The TCC shall refrain from distributing, for the entirety of the chapter 11 cases, any and all communications from or on behalf of any state court counsel, including to parties on its official listserv;

    (b) Any official email address of the TCC shall be used only for official TCC business applicable to the survivor community and not for the benefit of individual state court counsel; and

    (c) The TCC shall give prior notice to the Debtors of any substantive communications that it intends to distribute to parties on the listserv at least 48 hours prior to distribution.

    If, upon 48 hours' notice to the Debtors (the "Notice Period"), the Debtors dispute any of the proposed communications, and the Debtors and the TCC are unable to agree to revised communications, the Debtors may seek an expedited hearing with the Court to resolve such disagreement. In that event, the TCC shall not oppose the request for expedited consideration provided that any such hearing is held on not less than 24 hours' notice to the Tort TCC; provided further that, if a hearing to consider any appropriate relief in connection with any communications (as may be held on an expedited basis) is requested by the Debtors to be heard within the Notice Period but is scheduled for a later date by the Court, the communication at issue shall not be distributed until the hearing concludes. In the event of any

dispute regarding the terms of such communications, the Debtors and the TCC reserve any and all rights under the Bankruptcy Code or applicable law.

4. The TCC shall send a corrective email clarifying the mistake and stating that the TCC does not endorse the sections of the TCC/Kosnoff Letter that are misleading or false, including those statements that attack another attorney in these chapter 11 cases. The email shall attach the letters approved by this Court in connection with the Disclosure Statement from the Debtors, the Coalition, and the FCR. Such corrective email shall state substantially the following:

> To all concerned:
>
> My firm sent an email from Mr. Kosnoff to all individuals on this listserv on November 6, 2021. We urge each of you to disregard its contents, which included false and misleading statements that are inconsistent with the Court-approved Disclosure Statement. Many of you have counsel who represent your interests and who have very different opinions as to how you should vote on the Boy Scouts' plan of reorganization. In fact, we understand that counsel representing a majority of the survivors in these cases support the plan and are urging their clients to vote "YES" on the plan. We are not trying to interfere with the advice that you are receiving from your own counsel, and if you have questions on how to vote on the plan, we strongly encourage you to seek advice from your counsel. If you would like to change your vote on the Boy Scouts' plan, you must submit a new ballot on or prior to the Voting Deadline of December 14, 2021 at 4:00 p.m. (Eastern Time).
>
> Furthermore, the TCC does not agree with and affirmatively rejects any and all statements made about the Eisenberg Rothweiler law firm in the letter from Mr. Kosnoff that was attached to the email sent to you. The TCC regrets any suggestion that its counsel endorsed the distribution of such statements. Finally, please see the attached letters from the Debtors, FCR and Coalition of Abused Scouts for Justice.

5. Notwithstanding anything to the contrary in the Motion or this Order, the Debtors on behalf of themselves and their estates retain all rights to seek any further and other applicable legal or equitable remedies for the TCC's actions and the harm caused by those actions, and the Debtors' failure to request any such relief in the Motion or the omission of any such relief from

4

this Order shall not preclude the Debtors or any other party from later seeking such relief in accordance with applicable law and rules.

6.	The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.	This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.