## EXHIBIT 4

**October 16, 2020 Hearing Transcript Excerpt**

<pre>
 1                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
 2
     IN RE:                        .  Chapter 11
 3                                 .  Case No.: 20-10343 (LSS)
     BOY SCOUTS OF AMERICA AND     .
 4   DELAWARE BSA, LLC,            .  (Jointly Administered)
                                   .
 5                  Debtors.       .
                                   .
 6   . . . . . . . . . . . . . . . .
                                   .
 7   BOY SCOUTS OF AMERICA,        .  Adversary Proceeding No.:
                                   .  20-50527 (LSS)
 8                  Plaintiff,     .
                                   .
 9   v.                            .
                                   .  Courtroom 2
10   A.A., et al.,                 .  824 Market Street
                                   .  Wilmington, Delaware 19801
11                  Defendants.    .
                                   .  Friday, October 16, 2020
12   . . . . . . . . . . . . . . . .  3:34 p.m.

13

           TRANSCRIPT OF HYBRID ZOOM/TELEPHONIC BENCH RULING
14           BEFORE THE HONORABLE LAURIE S. SILVERSTEIN
                  UNITED STATES BANKRUPTCY JUDGE
15

16   For the Coalition
     of Abused Scouts
17   for Justice:              Sunni P. Beville, Esquire
                               BROWN RUDNICK, LLP
18                             One Financial Center
                               Boston, Massachusetts 02111
19

20   Electronically
     Recorded by:             Ginger Mace, ECRO
21
     Transcription Service:   Reliable
22                            1007 N. Orange Street
                              Wilmington, Delaware 19801
23                            Telephone: (302) 654-8080
                              E-Mail:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
</pre>

1  not, but I did find certain of the cases, again, to be

2  unhelpful to those citing them.

3           Finally, the remedies in the cited cases that were

4  relevant and Rule 2019 cases is disclosure; something that I

5  have already addressed.

6           So, the bottom line is the coalition has satisfied

7  its Rule 2019 disclosure statements, subject to any

8  obligations it has to supplement its filings.

9           Whether other entities need to file a Rule 2019

10  disclosure is something that came to my mind as I did this

11  analysis and I have not looked at all of the parties

12  appearing in front of me to determine whether others should

13  be filed Rule 2019 disclosures, but I suggest that each party

14  consider that and, as appropriate, make filings.

15           Moving on to Century's motion to compel

16  depositions and the motion to quash that was filed in

17  response, because I find that the coalition's Rule 2019

18  disclosures are sufficient, I denied Century's motion to

19  compel the depositions of Mr. Kosnoff and Mr. Van Arsdale.

20  The request was based on the insufficiency of the coalition's

21  Rule 2019 disclosure statement and so there's no basis for it

22  at this time.

23           But in connection with this, let me note that

24  Mr. Kosnoff's email was unfortunate, more than unfortunately,

25  but Mr. Kosnoff's poor judgment in how he expresses himself

1  or how he views other professionals is not, alone, a basis to

2  compel his deposition related to Rule 2019.

3         Because I am denying Century's motion to compel,

4  the flipside of Century's motion, that is the motion to

5  quash, is moot.

6         The motion to participate in mediation made by the

7  coalition; I'm not going to grant it, subject to an

8  appropriate modification or supplement to the protective

9  order addressing document disclosure.

10        I am sensitive to the argument made by the

11 insurers that protection of certain documents, subject to

12 common interest or other privilege to the coalition, may

13 permit abuse victims access to documents they would not be

14 able to obtain in underlying litigation.

15        I am also sensitive to the fact that almost all or

16 possibly all of the coalition's members are not yet parties

17 to any litigation against the Boy Scouts.

18        This document-production issue needs to be

19 addressed.  I believe, but it might be hopeful recollection,

20 that I heard Mr. Schiavoni say that if he had been approached

21 about this issue by the coalition, he may have been able to

22 work it out.  So, I am hopeful, but I'm not going to leave

23 this open-ended.

24        I'm directing the parties to confer in good faith

25 on the issue and I want to status next Friday if a