# **EXHIBIT 16**

**Debtors' First November 7 Letter**

**WHITE & CASE**

November 7, 2021

VIA E-MAIL

Tort Claimants' Committee
c/o James I. Stang
Pachulski Stang Ziehl & Jones LLP
jstang@pszjlaw.com

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

**whitecase.com**

**Re:    In re Boy Scouts of America and Delaware BSA, LLC**

Dear Jim:

It has come to our attention that the attached e-mail correspondence and letter from Timothy D. Kosnoff was distributed to thousands of individuals, including survivors represented by various state court counsel, from the e-mail address used by the Tort Claimants' Committee for official communications with survivors: BSASurvivors@pszjlaw.com. We have heard from Omni Agent Solutions, the Solicitation Agent in these chapter 11 cases, and various state court counsel representing abuse survivors that this communication is causing confusion among survivors, because, among other things, the survivor recipients are not represented by Mr. Kosnoff.

We are extremely concerned that this communication was an unauthorized use of the Tort Claimants' Committee's e-mail address and listserv in violation of several laws. Alternatively, if this communication was intentionally distributed by the Tort Claimants' Committee, we believe it was ethically and legally improper to transmit the views of one attorney to thousands of survivors represented by counsel.

Please respond by 5 p.m. ET today with all facts and circumstances related to this communication.

Sincerely,

/s/ Jessica C. Lauria

**Jessica C. Lauria**
Partner

**E** jessica.lauria@whitecase.com

cc:    Michael C. Andolina
       Matthew E. Linder
       Laura E. Baccash
       Blair M. Warner

November 7, 2021

Derek Abbott
John Lucas
Debra Grassgreen
Robert Orgel
James O'Neill
Robert S. Brady
Edwin J. Harron
David Molton
Eric R. Goodman
Tristan G. Axelrod

**November 6, 2021 Email from BSASurvivors@pszjlaw.com**

| | |
|---|---|
| **From:** | BSA Survivors <BSASurvivors@pszjlaw.com> |
| **Sent:** | Saturday, November 6, 2021 3:16 PM |
| **To:** | |
| **Subject:** | Boy Scouts - Message from Tim Kosnoff - Co-Counsel to AIS Survivors |
| **Attachments:** | TK-letter-to-clients.pdf |

Dear Clients of AIS:

Today the e-Ballot went out to you a few minutes ago from Eisenberg Rothweiler. I was not expecting it to be sent by that firm. I was not given an opportunity to review it and the reason is because that firm knew I would have objected to its form and content. It was wholly improper and possibly illegal for them to solicit your vote on a ballot that is supposed to be neutral. Instead they used deceit to spew their patently false and misleading statements. There is a simple word for why lawyers do things like that:  greed.

Please find my October 19, 2021 letter urging you to REJECT the Plan. I ask you respectfully to read my letter again. If you do, I am confident you will reach the same conclusions I did.

Please stay current on what is happening by following me on Twitter @sexabuseattys. Please feel free to call me or email me with any questions you may have. My email is tim@kosnoff.com<mailto:tim@kosnoff.com>. My cell number is 425-830-8201. I respectfully urge you to listen to the lawyer that listens to you and returns your phone calls.

Thank you.

Timothy Kosnoff


TIMOTHY D. KOSNOFF
Licensed Attorney

U.S. Mailing address:

1321 Upland Drive
PMB 4685
Houston, TX 77043
USA

Direct: 425-837-9690
Main:     206-257-3590
Fax:      206-837-9690
Toll free:  855-LAW4CSA

tim@kosnoff.com<mailto:tim@kosnoff.com>

**October 18, 2021 Letter from Timothy D. Kosnoff**

**KOSNOFF LAW PLLC.**
A PROFESSIONAL SERVICE CORPORATION
7001 Seaview Ave N.W.
SEATTLE, WASHINGTON 98117
**TELEPHONE: (425) 837-9690**

Mail Forwarding Service: 1321 Upland Drive, PMB 4685, Houston, TX 77043

**Timothy D. Kosnoff**
Direct: 425-830-8201

E-mail: tim@kosnoff.com

## KOSNOFF LAW RECOMMENDS THAT ABUSED IN SCOUTING CLIENTS <u>VOTE TO REJECT</u> THE BOY SCOUT PLAN

Dear Clients,

I am the founder of a movement known informally as Abused in Scouting. I have represented child abuse survivors in civil litigation since 1996. I have successfully litigated in state courts on behalf of men abused as scouts in courts throughout the country and have tried seven child sexual abuse civil jury trials, five to verdict. In short, no attorney in the country has more experience in representing victims like you than I have.

My firm recruited Eisenberg Rothweiler law firm and AVA law firm in 2019 to join me in an effort to reach out to men abused as boys in the Boy Scouts of America when I learned that the BSA intended to permanently extinguish the legal rights of men abused in scouting for over a century. We are co-counsel for all of you.

The Boy Scouts' bankruptcy case has reached an important juncture. You need to decide whether to vote for or against the Boy Scouts' reorganization plan that would define your rights going forward. As your attorneys, it is our job to give you the best advice we can based on our experience and a true and accurate explanation of the facts. But this decision is yours to make.

My advice to you is the **opposite** of the advice that the Eisenberg Rothweiler law firm has given you. **<u>I strongly urge you to VOTE NO</u>**. Let me explain why I fervently disagree with my co-counsel and the group of six law firms that supports the Boy Scout's plan and calls itself the Coalition. The reasons for my disagreement with them are numerous and are based on my analysis of the objective facts and my decades of experience in exactly this kind of case.

A U.S. Senator once said, "You are entitled to your own opinions, but you are not entitled to your own facts." The supporters of the BSA Plan are telling you their opinions. But those opinions are not supported by the facts or the truth. Here are the facts and the conclusions I have drawn from them after considering how the BSA Plan will affect you.

**KOSNOFF LAW**

October 18, 2021
Page 2

- **The BSA Plan will not compensate survivors fairly**.

    While $1.854 billion is an enormous amount of money, the number of sexual abuse claims filed in the Boy Scout's case sadly makes $1.854 billion a very small amount of money. The settlement trust expenses (which must be paid first) could be as high as 10%, which reduces the average payment per survivor to approximately $17,000. If some survivors are paid more, that means most of the other survivors will receive much less or nothing at all. Under your engagement letter with AIS, your payment will be reduced by 40% to pay for the attorneys' share of the payment.

- **Why are the numbers so low**?

    There are law firms that do not specialize in this type of work who borrowed millions of dollars from Wall Street hedge funds to run TV ad campaigns and finance the cost of their collection of claims from survivors. These are the same firms you see running ads for other injury cases like asbestos, opioids, vaginal mesh, baby powder talc, etc. Those law firms came into the Boy Scout's bankruptcy case and have treated survivors like "inventories" for the sole purpose of collecting their contingency fee. While you and other survivors might not receive large or meaningful payments, the "mass tort" lawyers will because they will take a piece of your payment which under the current $1.854 billion settlement fund will total more than $425 million.

    The Boy Scouts, Local Councils, and Hartford Insurance Company ("Hartford") negotiated with the "mass tort" lawyers instead of the Official Tort Claimants' Committee (the "TCC") because the "mass tort" lawyers were willing to accept much less as compensation for your claims.

- **Why was the Hartford Insurance settlement a cheap deal?**

    Hartford, the only settling insurer to date, has agreed to pay $787 million to settle with all of you. That amount is a tiny fraction of the coverage it is contractually obligated to pay. For example, let's consider only penetration claims in states where the statute of limitations is not a barrier to recover. The face value of Hartford's insurance coverage for the year 1972 *alone* is more than $800 million. And yet, the Coalition and Eisenberg Rothweiler want you to vote for a plan that pays less than that amount without taking into account the thousands of other claims in the same year and the many other thousands in 1971, 1973, 1974, 1975, and all the other years Hartford provided insurance coverage.

    Making matters even worse, the $787 million dollar settlement would not be dedicated to the specific survivor claims that trigger Hartford's policies. Instead, the $787 million will be used to pay all survivors even if their claims did not trigger a Hartford policy.

**KOSNOFF LAW**

October 18, 2021
Page 3

After all is said and done, the Hartford settlement would only yield approximately $8,500 per survivor after accounting for trust expenses and overhead. I cannot support a plan that is so generous to an insurance company and provides such a meager recovery for all of you. I urge you to reject it.

- **The BSA Plan cuts a cheap deal with the BSA local councils which are legally separate entities in exchange for complete legal immunity from separate claims you have against the local council in which you were abused.**

Eisenberg Rothweiler and the Coalition offered to settle with the Local Councils before undertaking any review of the claims or financial analysis of the Local Councils. In short, the Coalition blindly offered to settle for $600 million when the TCC demonstrated to the Coalition that the Local Councils had the ability to pay more than three times that amount without endangering their Scouting mission.

I find the Coalition's agreement (and Eisenberg Rothweiler's support of it) to be outrageous. The Plan releases the Local Councils from responsibility for the harm they caused you and requires them to pay far less than they can afford.

- **The Chartered Organizations that founded and ran your troop, including churches, schools, civic organizations, YMCA, etc. are getting a release for free for all claims after 1975 for not objecting to the Plan.**

Under the terms of BSA's Plan, Chartered Organizations do not pay a cent, but nevertheless receive broad releases for more than 40 years of sexual abuse claims (1976-2020). Instead, Chartered Organizations receive a release of their sexual abuse liability in exchange for a transfer of their interests in insurance policies purchased by the BSA and Local Councils. You might ask how that can possibly be fair to you. It cannot be and, in fact, is terribly unfair to you.

- **BSA's Plan includes a $250 million settlement with the Mormon Church (TCJC) which had direct involvement in every aspect of the Scouting program for 100 years. The $250 million settlement is tiny in comparison to the Church's legal exposure and its available assets which are in the billions of dollars.**

The $250 million is not only far below the level of its culpability for abuse in TCJC wards, but it will only be distributed to survivors who have claims against the Mormon Church. Therefore, most of you will not benefit at all from this arrangement.

- **Rejection of the Plan does not mean many more years of waiting. It means the BSA and the other entities will quickly come back to the negotiating table and finally be serious**

**KOSNOFF LAW**

October 18, 2021
Page 4

**about fairly compensating survivors. A YES vote would likely mean years of appeals and probable rejection of the Plan by a higher court.**

The Boy Scout's "melting ice cube" defense is a hoax. The Boy Scouts hold hundreds of millions in cash and other assets that it designates as "restricted" and not available to pay you. It is hard to understand how that money is not available to pay you when the money was made available to provide the framework that led to your sexual abuse. In the end, the Boy Scouts are ready and willing to cut any deal they can, because they will be protected by a bankruptcy discharge while your claims will be left to the "mass tort" lawyers to take their share then leave you with crumbs.

- **There are grave *legal* problems with the BSA Plan even assuming it does receive the required two-thirds of the survivors' votes. Those problems will delay this case for years. That is why it is critical that each and every one of you vote and that you vote NO**.

Under the BSA Plan, the Boy Scouts and the Coalition are trying to remove the insurance companies' contractual rights. It is unclear if that effort will be successful, but it is sure to delay payments to survivors, because the insurance companies will surely keep the case tied up in appeals and many years of litigation over their rights and obligations to provide any coverage.

Insurance coverage issues create other huge legal problem with the BSA Plan. For example, the insurance companies will dispute they have to provide coverage to sexual abuse claims. The bankruptcy judge has acknowledged that she will not determine insurance coverage issues. Under the Plan, the Trust Distribution Procedures provides for the appointment of a Settlement Trustee who would evaluate all the survivor claims and make awards that would be legally binding on the insurance companies to pay. There is absolutely no legal support that would permit this and **ample law that says it cannot be done.** The insurance companies will appeal this and stretch your claims out for years to come.

- The TCC is made up of 9 survivors of scout leader abuse, just like you. They have served tirelessly for 20 months. They are not paid for their service. They have a fiduciary duty to all the survivors to advocate for your best interests. The TCC urges survivors to **REJECT** the BSA Plan. There is nothing in it for them except the pride that comes from doing their best for you.

- **The TCC was shut out of the backrooms where these cheap, foolhardy deals were cut by the Coalition and Eisenberg Rothweiler.**

The TCC has its own Plan. For many months, it has been forbidden by the court to file its own Plan or to even talk about it until now. The TCC has the legal right to file its own bankruptcy plan starting next week. I don't know what it contains or if I will eventually support it but I want

**KOSNOFF LAW**

October 18, 2021
Page 5

to see it, because the BSA Plan is a disaster for all survivors. We can only go up from here. But first survivors must send a resounding message to all the players that the BSA Plan is a big fat **NO!**

## CONCLUSION

Your claims deserve fair compensation paid by those who are responsible for your pain and anguish. The Boy Scouts, Local Councils and Chartered Organizations are at fault and have the resources to compensate you adequately. The insurance companies have contractual obligations and the resources to live up to their contracts. The BSA Plan shortchanges you and lets responsible parties off the hook. That Plan compensates mass tort lawyers and paper pushers without adequately providing for you.

The BSA Plan is unacceptable. I urge you, therefore, to vote NO on the BSA Plan.

As always, please feel free to contact me at any time with your questions and comments. Thank you for the honor of representing you.

Very truly yours,

*Timothy D. Kosnoff*
TIMOTHY D. KOSNOFF