# EXHIBIT 20

**TCC's Second Response Email**

**Warner, Blair**

| | |
|---|---|
| **From:** | James Stang <jstang@pszjlaw.com> |
| **Sent:** | Sunday, November 7, 2021 4:42 PM |
| **To:** | Warner, Blair |
| **Cc:** | Lauria (Boelter), Jessica; Andolina, Michael; Linder, Matthew; Baccash, Laura; Abbott, Derek; John W. Lucas; Debra Grassgreen; Rob Orgel; James O'Neill; Robert Brady; Edwin Harron; David Molton; Goodman, Eric R.; Tristan Axelrod |
| **Subject:** | RE: BSA - Letter to TCC |

Jessica:

I am writing to you in response to your letter sent under cover of Blair's email of November 7 at 12.25 PM (Pacific). As I have personal obligations for the balance of the day, I will not be answering any additional letters today from you or David Molton with a unilateral response deadline. As to my colleagues at the firm, they are spending all of their time, including over the weekend, responding to and reviewing the hundreds of thousands of pages of discovery sought and produced since Friday.

As I already have informed you by separate email, my firm inadvertently sent Mr. Kosnoff's letter to parties other than those he represents. My firm did intentionally send the email to Mr. Kosnoff's clients consistent with the TCC's rights and powers under Bankruptcy Code sections 1102 and 1103, In re Century Glove, 860 F.2d 94 (3d Cir. 1989) and other applicable bankruptcy and non-bankruptcy law. We offered Mr. Kosnoff the opportunity to send his email via "BSASurvivor@pszjlaw.com" in response to Mr. Rothweiler's "e-ballot" email ". Mr. Kosnoff accepted our offer and authorized us to send the email to his clients. We instructed staff to send the email only to Mr. Kosnoff's clients. Staff mistakenly sent it to an email group that included not only Mr. Kosnoff's clients but other parties as well. We did not direct that the email be sent out in tranches. Rather, given the number of email addresses involved, the technology the firm uses sent them out in batches. After I learned that parties other than Mr. Kosnoff's clients were in the email group, I immediately directed that another email be sent to these other parties stating that my firm has mistakenly sent the email to them and urging them to disregard the email. I have been told that this follow-up email has gone out to such other parties.

As to the specifics of your letter:

1. Contrary to your statement in your letter, I do not know that the initial email has caused significant confusion among survivors. I do know that the Debtor disagrees with the TCC's conclusion that the Fifth Amended Plan of Reorganization (the "Plan") should not be confirmed.

2. I am not going to send you the "Listserve". In light of my representations above, I do not see the necessity of doing so and I consider the "Listserve" to be privileged work product.

3. The TCC is relying on Mr. Kosnoff's representations as to which clients he represents. As you know from the filed Rule 2019 statements, the AIS retainer agreements include his firm. While he disagrees with his co-counsel on their strong recommendation that AIS clients accept the Plan, he still represents the AIS clients.

4. Pursuant to Bankruptcy Code sections 1102 and 1103 and Century Glove, the TCC is allowed to solicit rejections of the Plan with materials other than the Disclosure Statement. In furtherance of the TCC's rights and powers, it transmitted Mr. Kosnoff's email. While we can debate whether Sections 1102 and 1103 override applicable state law regarding communications with represented parties and whether such applicable state law would restrict the TCC's rights and powers, I have acknowledged that email was inadvertently sent to non-AIS clients and we have sent follow up emails to that effect and asking parties to disregard the email transmitting Mr. Kosnoff's letter.

5. My firm will not charge the estate for sending out the initial email or the corrective email. We are doing this because it would be impossible to prorate the charges between intended recipients and unintended recipients. We are doing so notwithstanding the propriety of us sending Mr. Kosnoff's emails to his clients.

6. Given the enormous amount of confirmation discovery and applicable privileges, I am not going to redirect resources to start producing additional emails regarding this issue. The communications with Mr. Kosnoff and my firm regarding this

issue were confined to Mr. Lucas and Mr. Lucas gave the instruction to staff which then mistakenly sent out the email to the over-inclusive email group.

Yours,

James Stang

James Stang
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2354
Tel: 310.277.6910 | Cell: 310.420.7535 | Fax: 310.201.0760 jstang@pszjlaw.com www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York | Houston


James Stang
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2354
Tel: 310.277.6910 | Cell: 310.420.7535 | Fax: 310.201.0760 jstang@pszjlaw.com www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York | Houston


-----Original Message-----
From: Warner, Blair [mailto:blair.warner@whitecase.com]
Sent: Sunday, November 07, 2021 12:25 PM
To: James Stang
Cc: Jessica Lauria; Michael Andolina; Matthew Linder; Laura E. Baccash; Abbott, Derek; John W. Lucas; Debra Grassgreen; Rob Orgel; James O'Neill; Robert Brady; Edwin Harron; David Molton; Goodman, Eric R.; Tristan Axelrod
Subject: RE: BSA - Letter to TCC

Jim:

Please see the attached further correspondence from Jessica Lauria.


Blair Warner  |  Associate
T  +1 312 881 5374    M  +1 312 890 6554
Short Dial *8 017 5374

-----Original Message-----
From: James Stang <jstang@pszjlaw.com>
Sent: Sunday, November 7, 2021 12:08 PM
To: Warner, Blair <blair.warner@whitecase.com>
Cc: Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>; Andolina, Michael <mandolina@whitecase.com>; Linder, Matthew <mlinder@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Abbott, Derek <DAbbott@morrisnichols.com>; John W. Lucas <jlucas@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Rob Orgel <rorgel@pszjlaw.com>; James O'Neill <JONeill@pszjlaw.com>; Robert Brady <rbrady@ycst.com>; Edwin Harron <eharron@ycst.com>; David Molton <dmolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; Tristan Axelrod <taxelrod@brownrudnick.com>
Subject: Re: BSA - Letter to TCC

To all concerned:

My firm intended to forward Mr. Kosnoff's email to all of his clients. I have confirmed that my  staff was instructed to limit the emails to his clients only. I have just learned that, notwithstanding that instruction, staff sent the email to our entire listserv. This was inadvertent and was unintentional.I am taking immediate steps to email those people Who are not Mr. Kosnoff's clients  and inform them that the communication was inadvertent and that it should be disregarded.

Jim

Sent from my iPhone

On Nov 7, 2021, at 7:34 AM, Warner, Blair <blair.warner@whitecase.com> wrote:

Jim:

Please see the attached correspondence from Jessica Lauria.

Blair Warner  |  Associate
T  +1 312 881 5374<tel:+13128815374>    M  +1 312 890 6554<tel:+13128906554>    E  blair.warner@whitecase.com<mailto:blair.warner@whitecase.com>
White & Case LLP  |  111 South Wacker Drive, Suite 5100  |  Chicago, IL 60606-4302 <image003.png>

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available here<https://www.whitecase.com/privacy-policy>.

==========================================================================

<BSA - Letter to TCC (11.7.21).PDF>

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================