# EXHIBIT 22

**Debtors' Interrogatory Requests to the TCC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## DEBTORS' SECOND SET OF INTERROGATORIES TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable to this matter by Federal Rules of Bankruptcy Procedure 9014, 7026 and 7033, and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 case (together, the "Debtors"), by and through their undersigned counsel, hereby request that the Official Committee of Tort Claimants (the "Tort Claimants' Committee" or "TCC"), serve the following *Debtors' Second Set of Interrogatories to Official Committee of Tort Claimants' Committee* (the "Interrogatories") in connection with the Confirmation of the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (D.I. 6443) (as such may be amended or modified from time to time pursuant to section 1127 of the Bankruptcy Code, the "Plan"), with responses and objections to be served by November 9, 2021, and the attendant answers to be substantially completed by November 12, 2021.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

## **DEFINITIONS**

For the purposes of these Interrogatories, the following Definitions shall apply:

1. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

2. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

3. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

4. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output

or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, cancelled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

5. "Kosnoff" means Timothy D. Kosnoff.

6. "Kosnoff Law" means Kosnoff Law PLLC, including all of its agents, employees, representatives and advisors.

7. "Kosnoff Letter" means the letter dated October 18, 2021 from Timothy D. Kosnoff with the subject line "KOSNOFF LAW RECOMMENDS THAT ABUSED IN SCOUTING CLIENTS VOTE TO REJECT THE BOY SCOUT PLAN."

8. "Plan" shall have the meaning ascribed to it in the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (D.I. 6443).

9. "You," "Your," "TCC," and "Tort Claimants' Committee" shall mean the Official Committee of Tort Claimants, including all of its members and its and its members' respective agents, representatives and advisors, including, without limitation, Berkeley Research Group, LLC, CBRE, Inc., The Claro Group LLC, John R. Conte, Ph.D, Keen-Summit Capital Partners LLC, Pachulski Stang Ziehl & Jones LLP, Pasich LLP and Rock Creek Advisors LLC.

**INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Interrogatories, the following Instructions shall be followed:

1. Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, is hereby incorporated by reference and applies to each of the Definitions, Instructions and Interrogatories.

As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Requests.

In responding to each of the Interrogatories, you are to review and search all relevant files of appropriate entities and persons.

4

If any responsive information or documents is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a.    A description of the information or documents, including the date, a summary of its contents and the identity of its author and the Person(s) to whom it was sent or shown:

    b.    The last known custodian;

    c.    Whether the information or document is missing or lost or was destroyed, discarded, or otherwise disposed;

    d.    The date of loss, destruction, discarding, or other disposition;

    e.    The reason(s) for destruction, discarding, or other disposition;

    f.    The Person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

    g.    The efforts made to locate lost or misplaced information or documents.

If there are no information responsive to a specific request, so state in writing.

If you know of any information responsive to a particular request but cannot produce them, so state, produce the information within your possession, custody or control on the subject matter sought, and identify each Person whom you believe has information responsive to the Interrogatory.

In accordance with Rule 9019-5d of the Local Rules for the Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order"), which incorporates that rule (*see* Mediation Order ¶ 7), these Interrogatories are not

seeking, and the Insurers should not produce, any material that is covered by the mediation privilege pursuant to the Local Rules and the Mediation Order, including its exhibits.

In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to information, documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the information, document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of information or document; (ii) the name and capacity of each author and recipient of the information or document; (iii) the general subject matter of the information or document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the information or document; (v) such other information as is sufficient to identify the information or document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested information or document that contains responsive, non-privileged or protected information should be disclosed or

produced, but that portion of a document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

Each Definition, Instruction, and Interrogatory herein shall be construed independently and not with reference to any other Definition, Instruction, or Interrogatory, for the purposes of limitation.

If any meaning of any term in any Interrogatory herein is unclear to you, without waiver of the right to seek a full and complete response to the Interrogatory, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

In accordance with Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Interrogatories shall be stated in full and with specificity. In the event you interpose an objection to an Interrogatory, you must respond to each part of the Interrogatory which objection is not made or provide testimony or information not objected to, as the case may be.

If any part of the Interrogatories cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Interrogatories based on the knowledge or information that you possess at the time you respond to these Interrogatories. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Interrogatory, so state in your response to that Interrogatory.

Each Interrogatory shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information. If, after responding, you obtain or become aware of any additional documents or information responsive to these Interrogatories, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

"Including" shall not be construed to limit the scope of any Interrogatory.

Whenever necessary to bring within the scope of a Interrogatory information that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

    d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## INTERROGATORIES

1. Identify the steps you took to determine the persons to whom to send the Kosnoff Letter.

2. Identify all steps that You took to identify the clients of Kosnoff and/or Kosnoff Law.

3. Identify all steps that You took to ensure that the Kosnoff Letter would be transmitted only to the clients of Kosnoff and/or Kosnoff Law.

4. If you contend that the TCC did not intend to send the Kosnoff Letter to persons represented by other counsel, then identify when you determined that the Kosnoff Letter was being sent to persons represented by other counsel, who discovered that fact and how that fact was discovered.

5. Identify all steps that You took to correct any alleged error regarding transmittal of the Kosnoff Letter, including, but not limited to, discussing or understanding any mistake in, or objection to, the transmittal of the Kosnoff Letter, and any efforts to stop the Kosnoff Letter from being sent to parties who are not clients of Kosnoff and/or Kosnoff Law after You were notified, or otherwise became aware, of the alleged error in transmittal.

6. Identify (a) all individuals to whom you sent the Kosnoff Letter, (b) all individuals to whom you sent any subsequent email identifying Your alleged error in sending, or otherwise commenting about the transmittal or content of, the Kosnoff Letter, and (c) the email addresses of the individuals in both groups.

7. Identify the list of "all of [Kosnoff's] clients" that You claim were the intended recipients of the Kosnoff Letter, including, in each case, the names and email addresses of such individuals.

8. Identify each and every time You distributed communications from an individual attorney or law firm to abuse survivors in connection with these Chapter 11 Cases.

9. Identify all fees and expenses You incurred in connection with the Kosnoff Letter, including in connection with any remedies concerning the distribution of the Kosnoff Letter.

10. Identify each person (a) involved in the decision to send the Kosnoff Letter using the TCC Listserv even though many of those persons were represented by counsel other than Kosnoff, (b) that knew the Kosnoff Letter would be sent to persons represented by other counsel, (c) that became aware that the Kosnoff Letter was being sent to persons represented by other counsel, and (d) that was involved in determining how to address the objections to such transmittal.

Dated: November 8, 2021
       Wilmington, Delaware

| | |
|---|---|
| **WHITE & CASE LLP**<br>Glenn M. Kurtz (admitted *pro hac vice*)<br>Jessica C. Lauria (admitted *pro hac vice*)<br>Andrew W. Hammond (admitted *pro hac vice*)<br>Robert E. Tiedemann (admitted *pro hac vice*)<br>Samuel P. Hershey (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: gkurtz@whitecase.com<br>      jessica.lauria@whitecase.com<br>      ahammond@whitecase.com<br>      rtiedemann@whitecase.com<br>      sam.hershey@whitecase.com | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/  Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>      aremming@morrisnichols.com<br>      ptopper@morrisnichols.com |

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**