# EXHIBIT 23

**Debtors' Requests for Production to the TCC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DEBTORS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable to this matter by Federal Rules of Bankruptcy Procedure 9014, 7026 and 7034, and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 case (together, the "Debtors"), by and through their undersigned counsel, hereby request that the Official Committee of Tort Claimants (the "Tort Claimants' Committee" or "TCC"), produce the documents requested in this *Debtors' Second Set of Requests for the Production of Documents to the Tort Claimants' Committee* (the "Document Requests") with responses and objections to be served by November 9, 2021, and the attendant document production to be substantially completed by November 12, 2021.

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**DEFINITIONS**

For the purposes of these Document Requests, the following Definitions shall apply:

1. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

2. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

3. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

4. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation,

negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, cancelled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks as initials, comments, or notations of any kind is deemed not to be identical to one without such marks and is a separate document within the meaning of this term.

5. "Kosnoff" means Timothy D. Kosnoff.

6. "Kosnoff Law" means Kosnoff Law PLLC, including all of its agents, employees, representatives and advisors.

7. "Kosnoff Letter" means the letter dated October 18, 2021 from Timothy D. Kosnoff with the subject line "KOSNOFF LAW RECOMMENDS THAT ABUSED IN SCOUTING CLIENTS VOTE TO REJECT THE BOY SCOUT PLAN."

8. "You," "Your," "TCC," and "Tort Claimants' Committee" shall mean the Official Committee of Tort Claimants, including all of its members and its and its members' respective agents, representatives and advisors, including, without limitation, Berkeley Research Group, LLC, CBRE, Inc., The Claro Group LLC, John R. Conte, Ph.D, Keen-Summit Capital Partners LLC, Pachulski Stang Ziehl & Jones LLP, Pasich LLP and Rock Creek Advisors LLC.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests; the following Instructions shall be followed:

1. In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any of your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entitles and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document when you sought to do so,

or (iv) as a practical matter, have been able to use, inspect, examine or copy such document on any terms. If any requested document was, but no longer is, in your control, state the disposition of each such document.

2. As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Requests.

4. In responding to each Document Request, you are to review and search all relevant files of appropriate entities and persons.

5. All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6. You are to produce the original and all non-identical copies, including all drafts of each document requested. If you are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

7. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable,

documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.

8. For Documents maintained in paper format, the following specifications should be used for production:

a. Scanned images should be produced as single-page black-and-white TIFF files in group IV format imaged at 300 dpi (or color JPEG).

b. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC000000001).

c. Each production volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

d. To the extent that Documents have been run through Optical Character Recognition ("OCR") software in the course of reviewing the Documents for production, full text should also be delivered for each Document. Text should be delivered on a Document level and may be included in an appropriately formatted text file (".TXT") that is named to match the first Bates number of the Document.

9. For documents that originated and are maintained in electronic format ("Electronically Stored Information"), the following specifications should be used for production:

a. Documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, backup tape, or other location) where the Documents are stored and, where applicable, the natural person in whose possession they were found, or on whose hardware device they reside or are stored.

If the storage location was a file share or work group folder, that should be specified as well.

b. Attachments, enclosures, and/or exhibits to any parent Documents should also be produced and proximately referenced to the respective parent Documents containing the attachments, enclosures, and/or exhibits.

c. For standard Documents, emails, and presentations originating in electronic form, Documents should be produced as TIFF images using the same specifications as set forth above for paper Documents, with a delimited text file (using the delimiters detailed below) containing the following extracted metadata fields: (i) Beginning Production Number; (ii) Ending Production Number; (iii) Beginning Attachment Range; (iv) Ending Attachment Range; (v) Custodian; (vi) Original Location Path; (vii) Email Folder Path; (viii) Document Type; (ix) Author; (x) Title; (xi) File Name; (xii) File Ext; (xiii) File Size; (xiv) MD5 Hash; (xv) Date Last Modified; (xvi) Date Created; (xvii) Date Sent; (xviii) Time Sent [HH:MM:SS]; (xix) MessageID; (xx) Date Received; (xxi) From; (xxii) Recipients; (xxiii) Copyees; (xxiv) Blind Copyees; (xxv) Pages; (xxvi) Email Subject; (xxvii) Native link path; and (xxviii) Extracted Text (not OCR Text) produced as separate .TXT files.

10. When converting Electronically Stored Information from its native format into its production format: (a) all tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when

the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; and (f) auto-populated fields shall be replaced with descriptive text for the item. For example, auto-populating "page number" fields shall be replaced with the text "PAGE #," auto-populating "date" fields shall be replaced with the text "DATE," and auto-populating "file path" fields shall be replaced with the text "PATH" (or other similar text).

11. If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

a. A description of the document, including the date, a summary of its contents and the identity of its author and the persons(s) to whom it was sent or shown:

b. The last known custodian;

c. Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

d. The date of loss, destruction, discarding, or other disposition;

e. The reason(s) for destruction, discarding, or other disposition;

f. The person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

g. The efforts made to locate lost or misplaced documents.

12. If there are no Documents responsive to a specific request, so state in writing.

13. If you know of any Documents responsive to a particular request but cannot produce them, so state, produce the Documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has Documents responsive to the request.

14. In accordance with Rule 9019-5d of the Local Rules for the Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Order"), which incorporates that rule (*see* Mediation Order ¶ 7), these Document Requests are not seeking, and the TCC should not produce, any material that is covered by the mediation privilege pursuant to the Local Rules and the Mediation Order, including its exhibits.

15. In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment

to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

16. Each Definition, Instruction, and Document Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Document Request, for the purposes of limitation.

17. If any meaning of any term in any Document Request herein is unclear to you, without waiver of the right to seek a full and complete response to the Document Request, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request according to the assumed meaning.

18. In accordance with Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests shall be stated in full and with specificity. In the event you interpose an objection to a Document Request, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

19. Each Document Request shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information. If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests, production of such additional documents or information shall be

made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

20. "Including" shall not be construed to limit the scope of any Document Request.

21. Whenever necessary to bring within the scope of a Document Request documents or information that might otherwise be construed to be outside its scope:

a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

22. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

**DOCUMENT REQUESTS**

1. All Documents and Communications exchanged between You and Kosnoff and/or Kosnoff Law, including all Documents and Communications relating to the Kosnoff Letter.

2. All Documents and Communications concerning Your agreement or determination to transmit the Kosnoff Letter.

3. All Documents and Communications concerning transmittal of the Kosnoff Letter, including but not limited to the method, timing and any instructions regarding distribution.

4. All Documents and Communications concerning your decision to use (i) Your email address and/or (ii) Your listserve to distribute information from Kosnoff and/or Kosnoff Law to abuse survivors.

5. All Documents and Communications concerning Your determination of who was a client of Kosnoff and/or Kosnoff Law.

6. Documents sufficient to identify (i) all individuals to whom you sent the Kosnoff Letter, (ii) all individuals to whom you sent any subsequent email identifying Your alleged error in sending, or otherwise commenting about the transmittal or content of, the Kosnoff Letter and (iii) the email addresses of the individuals in both groups.

7. Documents sufficient to identify the list of "all of [Kosnoff's] clients" that You claim were the intended recipients of the Kosnoff Letter.

8. All Documents and Communications concerning any steps that You took to correct any alleged error regarding service of the Kosnoff Letter, including, but not limited to, discussing or understanding any mistake in, or objection to, the transmittal of the Kosnoff Letter, and any efforts to stop the Kosnoff Letter from being sent to parties who are not clients of Kosnoff and/or Kosnoff Law after You were notified of the error in transmitting it.

9. All Documents and Communications concerning any time You distributed communications from an individual attorney or law firm to abuse survivors in connection with these Chapter 11 Cases.

10. Documents sufficient to identify all fees and expenses You incurred in connection with the Kosnoff Letter, including in connection with any remedies concerning the distribution of the Kosnoff Letter.

Dated: November 8, 2021
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com

**WHITE & CASE LLP**
Glenn M. Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew W. Hammond (admitted *pro hac vice*)
Robert E. Tiedemann (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: gkurtz@whitecase.com
jessica.lauria@whitecase.com
ahammond@whitecase.com
rtiedemann@whitecase.com
sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**