# EXHIBIT 25

## TCC's Third Response Letter



LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE: 310.277.6910**
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
1 MARKET PLAZA SPEAR TOWER 40th
SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE: 415.263.7000**
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302.652.4100**
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212.561.7700**
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE: 713.691.9385**
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

James I. Stang

November 8, 2021

310.772.2354
jstang@pszjlaw.com

**VIA E-MAIL**

Jessica C. Lauria
White & Case
1221 Avenue of the Americas
New York, NY 10020
Email: jessica.lauria@whitecase.com

**Re: In re Boy Scouts of America and Delaware BSA LLC, Case No. 20-10343 (LSS) (the "Chapter 11 Case")**

Dear Jessica:

I am writing in response to your November 8, 2021 letter in response to my email to you on November 7, 2021 regarding my firm's distribution of an email communication on behalf of Tim Kosnoff. As I previously stated, on November 5 and 6, 2021 my firm, using its BSASurvivors@pszjlaw.com email, sent a message on behalf of Mr. Kosnoff to approximately 12,895 of his clients. Mr. Kosnoff provided my firm with the names and email addresses of approximately 12,895 clients of Mr. Kosnoff (the "Kosnoff List"), who authorized my firm to send the communication to his clients on his behalf. I have attached the Kosnoff List. The message was intended exclusively for Mr. Kosnoff's clients and it was received by them.

In addition, my firm inadvertently sent the same communication to approximately 7,572 email addresses (the "TCC List"), which consisted of unrepresented survivors, attorneys or law firms that represent survivors, and survivors that might be represented. The TCC List is attached. On November 7, 2021, a follow up email was sent to the TCC List notifying the recipients that the communication sent on behalf of Mr. Kosnoff was sent in error and should be disregarded. A copy of that email is attached.

The TCC List originated at the outset of the TCC's appointment and my firm's engagement by the TCC. On behalf the TCC and pursuant to






sections 1102(b) and 1103(c) of the Bankruptcy Code, my firm periodically sends updates to survivors and counsel about the status of the Debtors' bankruptcy case. Initially and throughout the case, attorneys, law firms, and survivors asked to be added to the TCC List so that they would receive the periodic updates. My firm also added to the TCC List the email addresses of unrepresented survivors.

Notably, the TCC List contains the emails of all the firms claiming affiliation of the "Coalition." That list consists of sixty-three different emails to the following law firms:

- Brown Rudnick
- Slater Slater & Schulman
- Andrews & Thornton
- Eisenberg, Rothweiler Winker, Eisenberg & Jeck
- ASK LLP
- Junell & Associates
- Reich & Binstock
- Krause & Kinsman Law Firm
- Bailey Cowan Heckman
- Motley Rice
- Weller Green Toups & Terrell
- Colter Legal
- Forman Law Offices
- Danziger & De Llano
- Christina Pendleton & Associates
- Swenson & Shelley
- Cohen Hirsch
- Damon J. Baldone, Cutter Law
- The Robert Pahlke Law Group
- Napoli Shkolnik
- Porter & Malouf
- The Moody Law Firm
- Levin Papantonoio Thomas Mitchell Rafferty & Procter
- Marc J. Bern & Partners
- Jason J. Joy & Assocs.
- Babin Law

In addition to the communication sent on behalf of Mr. Kosnoff, my firm has sent numerous communications to the emails addresses on the TCC






List that included notice of every "town hall" meeting hosted by the TCC for all survivors and their counsel. In addition, all of the information that is provided to survivors and their counsel is available on my firm's website (www.tccbsa.com), including the dates, times, and zoom instructions for every town hall, which we assume that you or others at your firm regularly attend. Prior to sending the communication on behalf of Mr. Kosnoff, my firm has never received a single complaint from any addressee on the TCC List, including not a single complaint from any of the sixty-three email addresses of the "coalition" related firms on the TCC List.

As counsel to the TCC, my firm receives thousands of emails from survivors that are seeking specific information about their claim. As part of the requests to my firm, survivors complain that their counsel fails to return their calls and emails or refuses to answer the questions submitted to them. A substantial number of the survivors that are on the TCC List have repeatedly emailed my firm for assistance including, but not limited to, information about the case, their claim, or the plan and voting. For example, survivors routinely ask for their claim number, a copy of their proof of claim, a copy of the plan and disclosure statement, or a copy of their ballot.

In response to your letter:

- I have attached the Kosnoff List, TCC List, and described who received the follow-up corrective email after the original communication was sent on behalf of Mr. Kosnoff.

- The TCC already sent a corrective communication and will not send another to the parties on the TCC List. All of the coalition related law firms that are likely complaining about the communication also received the original and corrective communications. If they find it necessary to reach out to any of their clients they can search the TCC List and take whatever actions they find necessary.

- The TCC will not send the Debtors', FCR's, or coalition's solicitation letter to the parties on the TCC List. Now that you have the TCC List, nothing is preventing any of you from sending your plan solicitation letters to the extent you find it necessary.

- I received your discovery requests and I will discuss them with the TCC and respond in due time.




LAW OFFICES



- The TCC will not agree to refrain from distributing communications on behalf of state court counsel or any other party for the duration of the case. Nothing prevents the TCC from distributing communications on behalf of others and your demand is nothing more than an attempt to silence the TCC who has a fiduciary responsibility to keep its constituency informed and work with those who have similar goals and objectives for the outcome of the case.

- Lastly, the TCC will not agree to preview its communications with its constituency with you or any other party.

As counsel to the TCC, my firm endeavors to provide survivors with the information they are entitled pursuant to sections 1102(b) and 1103(c) and as a creditor and party in interest in a case that is about the abuse they suffered. I regret that Mr. Kosnoff's communication was sent to the entire TCC List. As I previously stated, that was unintentional and resulted from a miscommunication between my partner, John Lucas, and a person on our staff.

Very truly yours,

*/s/ James I. Stang*

James I. Stang

Cc: John W. Lucas (via email)