# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I 7118** |

## MOTION TO SHORTEN NOTICE OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE SOLICITATION PROCEDURES ORDER, (II) ENFORCING SECTION 1103 OF THE BANKRUPTCY CODE AGAINST THE TORT CLAIMANTS' COMMITTEE, AND (III) GRANTING RELATED RELIEF

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are the debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* (the "Motion"),[2] and respectfully state as follows:

## RELIEF REQUESTED

1. The Debtors seek entry of an order (a) shortening notice with respect to the Motion, (b) scheduling a hearing on the Motion to take place as soon as possible, on or before

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined herein are defined in the Motion. The facts set forth in the Motion are incorporated by reference as if fully set forth herein.

Tuesday, November 16, 2021 (the "Hearing"), (c) requiring objections to be filed in advance of or made at the Hearing, and (d) granting such other relief as the Court deems just and proper.

## JURISDICTION

2. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

## BACKGROUND

4. As detailed in the Motion, the Debtors, the Future Claimants' Representative (the "FCR"), the Coalition of Abused Scouts for Justice (the "Coalition"), and the other parties supporting the plan of reorganization spent much of the weekend attempting to investigate and mitigate the potentially disastrous effects of the TCC's brazen attempt to solicit votes to reject the plan in contravention of bankruptcy laws, rules of professional ethics, its duties to the

survivor constituency as a whole, and this Court's orders. None of the attorneys representing the Debtors or other plan supporters have ever encountered a more egregious solicitation violation by any party, much less a statutory committee appointed by the Office of the United States Trustee and charged with representing the interests of a class of survivors of sexual abuse. The plan solicitation process in these cases is perhaps the most complex and sensitive solicitation of votes in mass-tort bankruptcy history, and the TCC's deliberate actions threaten to destroy the integrity of the voting process. The Debtors are requesting that the Court take action quickly, as the Debtors' estates and creditors cannot afford the potentially irreversible damage caused by the TCC's misconduct.

## BASIS FOR RELIEF REQUESTED

5. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

6. Local Rule 2004-1 requires that all motions for, or notices of, examination or production of documents shall set forth a "date, time and place of the hearing that is no less than fourteen (14) days from service of the motion." Del. Bankr. L.R. 2004-1(d).

7. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the

commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8. For the reasons set forth in the Motion, sufficient cause exists to justify shortening the notice period for, and scheduling a hearing on, the relief requested in the Motion. As described more fully in the Motion, the Debtors attempted to investigate and mitigate the potential effects of the TCC's actions related to dissemination of the TCC/Kosnoff Communications immediately after learning of it in the early morning hours of November 7, 2021. The Debtors sent several letters to counsel to the TCC on November 7 and 8 and served written discovery on the TCC on November 8. The Debtors have concluded that without the Court's swift intervention they cannot adequately remedy the potentially severe damage to the solicitation process and the confusion among survivors that could or already has resulted from the TCC's actions.

9. Accordingly, the Debtors request that the Court schedule the hearing on the Motion to be held as soon as possible, but no later than November 16, 2021, with objections to be filed in advance of or made at such hearing.

**AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)**

10. Pursuant to Local Rule 9006-1(e), the Debtors notified counsel to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the TCC, the Official Committee of Unsecured Creditors (the "UCC"), the FCR and the Coalition (collectively, the "Notice Parties") as soon as reasonably practicable prior to filing this Motion to Shorten.

11. The FCR, the UCC, and the Coalition consent to the Motion being heard on shortened notice. The TCC has represented to the Debtors that it is willing to discuss the form of

order granting the Motion but that the TCC will not agree to the form of order that the Debtors presented to the TCC prior to the filing hereof. The Debtors intend to continue engaging with the TCC regarding the matters addressed in the Motion. The Debtors have not received responses from the other Notice Parties.

## **NOTICE**

12. Notice of this Motion to Shorten, as well as the Motion, has been provided to (a) the U.S. Trustee, (b) the TCC, (c) the UCC, (d) the FCR, (e) the Coalition, and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief the Court deems just and proper.

[*Remainder of Page Left Intentionally Blank*]

Dated: November 10, 2021  
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*  
Derek C. Abbott (No. 3376)  
Andrew R. Remming (No. 5120)  
Paige N. Topper (No. 6470)  
1201 North Market Street, 16th Floor  
P.O. Box 1347  
Wilmington, Delaware 19899-1347  
Telephone: (302) 658-9200  
Email: dabbott@morrisnichols.com  
       aremming@morrisnichols.com  
       ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**  
Jessica c. Lauria (admitted *pro hac vice*)  
1221 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 819-8200  
Email: Jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**  
Michael C. Andolina (admitted *pro hac vice*)  
Matthew E. Linder (admitted *pro hac vice*)  
Laura E. Baccash (admitted *pro hac vice*)  
Blair M. Warner (admitted *pro hac vice*)  
111 South Wacker Drive  
Chicago, Illinois 60606  
Telephone: (312) 881-5400  
Email: mandolina@whitecase.com  
       mlinder@whitecase.com  
       laura.baccash@whitecase.com  
       blair.warner@whitecase.com

*Attorneys for the Debtors and Debtors in Possession*