# WL | WILKS LAW LLC

DAVID E. WILKS
Direct Phone: 302.225.0858
Email: dwilks@wilks.law

November 11, 2021

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

    Re:     Boy Scouts of America, *et al.*, 20-10343 (LSS), D. Del.,
              <u>Century Indemnity Company's Motion to Compel</u>

Dear Chief Judge Silverstein:

    This office represents Timothy Kosnoff, Esquire and Kosnoff Law, PLLC. We respectfully present this letter in opposition to Century Indemnity Company's ("Century") letter to Your Honor dated November 10, 2021, which purports to seek enforcement of a subpoena (the "Motion").[1]

    Century's application should be denied for several reasons. Most important is the fact that Century seeks to enforce a subpoena that does not exist. Century's letter is accompanied by 278 pages of exhibits, but absent from that collection is the subpoena that is the subject of the Motion.[2] There is a very good reason for that. Century has never served a subpoena for deposition testimony on Mr. Kosnoff.

    Century's failure of candor is no mere oversight. On October 19, 2021, Century's attorney asked in an email "whether Mr. Kosnoff will appear for his deposition as scheduled." The undersigned responded, in part, "[W]e are unaware that you have subpoenaed Mr. Kosnoff for a deposition. Finally, please do me the courtesy of providing me with anything you direct to Mr. Kosnoff as I was not provided with the subpoena for documents." *See* email exchange attached as Exhibit A. Century was, therefore, reminded over three weeks ago that it had not served a subpoena for deposition on Mr. Kosnoff. Century never disputed the fact that no deposition subpoena exists.

---

[1] The Motion was filed today at 12:32 a.m. Though the Motion seeks the Court's attention tomorrow morning, it was unaccompanied by a motion to shorten notice. Mr. Kosnoff submits this brief response in an abundance of caution and reserves the right to supplement it on a more orderly schedule. Mr. Kosnoff objects to the Court hearing the Motion on November 12, 2021.

[2] Local Rule 7026-1(c) requires in this instance that Century attach a copy of the actual discovery document which is the subject of the motion. Century failed to do so.

The Honorable Laurie Selber Silverstein
November 11, 2021
Page 2

Century has not, since October 19, served a subpoena for deposition on Mr. Kosnoff. Century's counsel has not sought to meet and confer with Mr. Kosnoff's counsel since October 19. Before filing the Motion, Century's counsel never asked Mr. Kosnoff's counsel for dates on which a deposition might take place. Century's Rule 37(a)(1) certification contained in the motion is, therefore, inappropriate. There has been no discussion whatsoever of a deposition of Mr. Kosnoff or, in fact, any subpoena, notice or even informal request. On that basis alone, the Motion should be denied. There is no basis for the Court to require Mr. Kosnoff to submit to a deposition.

Century did serve Mr. Kosnoff with a records subpoena on October 4, 2021. That subpoena, attached as Exhibit B, was issued by the United States Bankruptcy Court for the Central District of California and served on Mr. Kosnoff at his residence in that district. Mr. Kosnoff timely responded to that subpoena on October 18, 2021 and updated his response the next day. Century has taken no measures whatsoever to seek enforcement of that subpoena and has not sought to meet and confer with Mr. Kosnoff's counsel since the October 19 supplement was served.

Even if the Motion did seek only to enforce the records subpoena that was actually served, the Motion is defective, because it was filed in the wrong court. The Central District of California issued that subpoena. According to Fed. R. Civ. P. 37(a)(2), "A motion for an order to a nonparty must be made *in the court where the discovery is or will be taken*." Similarly, Fed. R. Civ. P. 45(g) provides, "*The court for the district where compliance is required* - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Century elected to serve Mr. Kosnoff with a records subpoena at his residence in the Central District of California. That Court, therefore, is the only court to which Century can turn for enforcement of that subpoena. Century has made no effort to enforce the subpoena in the Central District of California. This Court is simply without jurisdiction to enforce Century's records subpoena.

Since there is no deposition subpoena to enforce and since Century seeks to enforce its records subpoena in the wrong court, Mr. Kosnoff respectfully submits that the Motion should be denied. But even if this were the proper Court to enforce the subpoena, there are numerous other reasons to deny the Motion. First, Century creates a false emergency by tying the subpoena to Debtors' emergency motion to enforce the solicitation procedures order (the "Emergency Motion") [D.I. 7118]. Had Century attached the subpoena to the Motion, the Court would plainly see that the two have nothing to do with one another.

The Emergency Motion is directed primarily at the conduct of the Tort Claimants' Committee, not at Mr. Kosnoff's. Too, the subpoena was issued weeks before the events described in the Emergency Motion took place. Therefore, Century cannot be heard to say that it issued the subpoena to explore those events. The subpoena quite simply seeks materials that are not relevant to the issue before the Court on November 17, 2021, as Century contends.

The Honorable Laurie Selber Silverstein
November 11, 2021
Page 3

But more importantly, the subpoena essentially seeks the entirety of Mr. Kosnoff's files and correspondence with his clients, co-counsel and others with common interests. Under any analysis, the subpoena improperly seeks materials and communications that are privileged and/or covered by the attorney work product doctrine, among numerous other protections against discovery. Century offers no basis for the Court to ignore those privileges and protections.

Mr. Kosnoff respectfully objects to any attempt to force him, on exceedingly short notice, to present a comprehensive argument setting forth all the ways in which the subpoena is improper. If or when Century brings a proper motion in the correct tribunal, Mr. Kosnoff will be pleased to oppose it in an orderly fashion. In the meantime, Mr. Kosnoff respectfully reserves all his rights to resist the records subpoena.

Since the Motion seeks to enforce one subpoena that does not exist and another subpoena in the wrong Court, Mr. Kosnoff respectfully requests that the Court enter an order denying the Motion. Mr. Kosnoff reserves the right to present argument on the substantive defects of Century's records subpoena on proper notice and in the appropriate forum.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ David E. Wilks*

David E. Wilks