## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline:** **November 29, 2021, at 4:00 p.m. (ET)** |

**NINETEENTH MONTHLY FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD AUGUST 1, 2021 THROUGH AUGUST 31, 2021**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 6, 2020, *nunc pro tunc* to February 18, 2020 |
| Period for which compensation and reimbursement is sought: | August 1, 2021 through August 31, 2021 |
| Amount of compensation sought as actual, reasonable and necessary: | $287,039.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $11,745.02 |

This is a __x__ monthly and interim ___ final application

The total time expended for fee application preparation is approximately 9.0 hours and the corresponding compensation requested is approximately $4,130.00.[2]

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]   Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES[3] |
|---|---|---|---|
| 4/16/20 D.I. 446 | 2/18/20-2/29/20 | $177,605.00/$11,193.94 | $173,589.46/$11,193.94 |
| 5/27/20 D.I. 703 | 3/1/20-3/31/20 | $231,907.50/$7,205.25 | $226,664.22/$7,205.25 |
| 5/27/20 D.I. 705 | 4/1/20-4/30/20 | $104,709.50/$4,204.58 | $102,342.08/$4,204.58 |
| 7/20/20 D.I. 1033 | 5/1/20-5/31/20 | $134,079.50/$11,016.56 | $122,383.05/$11,016.56[4] |
| 8/7/20 D.I. 1083 | 6/1/20-6/30/20 | $82,829.00/$1,956.15 | $80,956.29/$1,939.36 |
| 8/30/20 D.I. 1205 | 7/1/20-7/31/20 | $91,294.00/$2,614.53 | $89,229.90/$2,614.53 |
| 11/18/20 D.I. 1699 | 8/1/20-8/31/20 | $70,338.00/$889.66 | $56,270.40/$889.66 |
| 11/18/20 D.I. 1700 | 9/1/20-9/30/20 | $65,573.50/$3,629.61 | $52,458.80/$3,629.61 |
| 12/28/20 D.I. 1873 | 10/1/20-10/31/20 | $78,700.00/$4,279.18 | $59,730.00/$4,279.18 |
| 2/10/21 D.I. 2138 | 11/1/20-11/30/20 | $48,447.50/$1,080.02 | $38,758.00/$1,080.02 |
| 2/15/21 D.I. 2195 | 12/1/20-12/31/20 | $40,498.50/$458.57 | $32,398.80/$458.57 |
| 2/19/21 D.I. 2244 | 1/1/21-1/31/21 | $37,060.00/$481.32 | $29,648.00/$481.32 |
| 5/25/21 D.I. 4973 | 2/1/21-2/28/21 | $108,092.50/$3,871.74 | 86,474.00/$3,871.74 |
| 5/25/21 D.I. 5033 | 3/1/21-3/31/21 | $81,602.50/$1,942.95 | $65,282.00/$1,942.95 |
| 6/30/21 D.I. 5457 | 4/1/21-4/30/21 | $127,497.50/$1,237.91 | $101,998.00/$1,237.91 |
| 8/4/21 D.I. 5874 | 5/1/21-5/31/21 | $216,691.00/$8,211.72 | $173,352.80/$8,211.72 |
| 9/7/21 D.I. 6175 | 6/1/21-6/30/21 | $116,703.50/$3,262.75 | $93,362.80/$3,262.75 |

[3]    Reflects total amount approved following the agreed-to reductions set forth in the Fee Examiner's Final Fee Reports (D.I. 1822 and D.I. 2157).

[4]    Includes a voluntary reduction of $8,665.

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES[3] |
|---|---|---|---|
| 10/21/21 D.I. 6754 | 7/1/21-7/31/21 | $223,507.50/$6,684.57 | $178,806.00/$6,684.57 |

**COMPENSATION BY PROFESSIONAL**

**BOY SCOUTS OF AMERICA**
**(Case No. 20-10343 (LSS))**

**August 1, 2021 through August 31, 2021**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Derek C. Abbott | Partner/Bankruptcy.  Partner since 2003.  Joined firm as an associate in 1995.  Member of the DE Bar since 1995. | 995 | 53.7 | 53,431.50 |
| David A. Harris | Partner/Commercial.  Partner since 2005.  Joined firm as an associate in 1996.  Member of the DE Bar since 1997. | 975 | 0.3 | 292.50 |
| Eric S. Klinger-Wilensky | Partner/Corporate Counseling.  Partner since 2012.  Joined firm as an associate in 2005.  Member of the DE Bar since 2005. | 950 | 0.2 | 190.00 |
| Donna L. Culver | Partner/Bankruptcy.  Partner since 1999.  Joined firm as an associate in 1991.  Member of the DE Bar since 1991. | 900 | 1.6 | 1,440.00 |
| D. McKinley Measley | Partner/Corporate Litigation.  Partner since 2016.  Joined firm as a partner in 2016.  Member of the DE Bar since 2008. | 875 | 0.4 | 350.00 |
| Andrew R. Remming | Partner/Bankruptcy.  Partner since 2016.  Joined firm as an associate in 2008.  Member of the DE Bar since 2008. | 875 | 101.3 | 88,637.50 |
| Jason Russell | Partner/Commercial.  Partner since 2016.  Joined firm as an associate in 2007.  Member of the DE Bar since 2007. | 875 | 7.6 | 6,650.00 |
| Tamara K. Mann | Associate/Bankruptcy.  Joined the firm as an associate in 2011. Member of the DE Bar since 2011. | 735 | 0.2 | 147.00 |
| Paige N. Topper | Associate/Bankruptcy.  Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 560 | 119.7 | 67,032.00 |
| Michelle M. Fu | Associate/Bankruptcy.  Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 495 | 6.2 | 3,069.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Tori L. Remington | Associate/Bankruptcy.  Joined the firm as a Certified Limited Practice Licensee in 2020. | 455 | 108.4 | 49,322.00 |
| Sophie Rogers-Churchill | Associate/Bankruptcy.  Joined the firm as a Certified Limited Practice Licensee in 2021. | 455 | 4.8 | 2,184.00 |
| Byron Poland | Litigation Support | 350 | 0.5 | 175.00 |
| Desiree M. Vale | Paralegal | 345 | 18.5 | 6,382.50 |
| Megan R. Leyh | Paralegal | 345 | 19.4 | 6,693.00 |
| Vicki L. O'Neill | Paralegal | 345 | 0.5 | 172.50 |
| Mary C. Hall | Legal Assistant | 335 | 0.4 | 134.00 |
| Wel Freeman | Legal Assistant | 335 | 0.3 | 100.50 |
| Valerie Walker | Legal Assistant | 335 | 1.9 | 636.50 |
| **Total** | | **643.73** | **445.9** | **$287,039.50** |
| **GRAND TOTAL: $287,039.50** | | | | |
| **BLENDED RATE: $643.73** | | | | |
| **ATTORNEY BLENDED RATE: $674.44** | | | | |

**COMPENSATION BY PROJECT CATEGORY**

**BOY SCOUTS OF AMERICA**
**(Case No. 20-10343 (LSS))**

**August 1, 2021 through August 31, 2021**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 2.20 | 814.50 |
| Creditor Communications and Meetings | 0.30 | 262.50 |
| Fee Applications (MNAT - Filing) | 14.10 | 7,361.50 |
| Fee Applications (Others - Filing) | 26.50 | 11,273.00 |
| Other Contested Matters | 88.90 | 63,202.50 |
| Court Hearings | 170.00 | 114,292.00 |
| Claims Objections and Administration | 7.60 | 4,852.50 |
| Plan and Disclosure Statement | 112.70 | 69,955.00 |
| Litigation/Adversary Proceedings | 1.70 | 732.50 |
| Professional Retention (MNAT - Filing) | 1.50 | 646.50 |
| Professional Retention (Others - Filing) | 7.90 | 5,187.50 |
| General Case Strategy | 11.10 | 7,878.00 |
| Schedules/SOFA/U.S. Trustee Reports | 1.40 | 581.50 |
| **TOTAL** | **445.90** | **$287,039.50** |

**EXPENSE SUMMARY**

**BOY SCOUTS OF AMERICA**
**(Case No. 20-10343 (LSS))**

**August 1, 2021 through August 31, 2021**

| Expense Category | Total Expenses |
| --- | --- |
| In-House Printing - black & white | 2,244.90 |
| Pacer | 579.70 |
| Messenger Service | 50.00 |
| In-House Duplicating | 4.00 |
| Conference Calls | 1,812.60 |
| Photos/Art/Spec Duplicating-Out of Office | 16.20 |
| Meals | 38.94 |
| Transcripts | 6,133.50 |
| Computer Research - Westlaw | 689.18 |
| In-House Duplicating - color | 176.00 |
| **Grand Total Expenses** | **$11,745.02** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA, *et al.*, | Case No. 20-10343 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline:**<br>**November 29, 2021, at 4:00 p.m. (ET)** |

**NINETEENTH MONTHLY FEE APPLICATION OF MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR MONTHLY REIMBURSEMENT OF ALL ACTUAL
AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
AUGUST 1, 2021 THROUGH AUGUST 31, 2021**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases (the "Debtors"), submits this application (the "Application") for monthly and interim allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period of August 1, 2021 through August 31, 2021 (the "Application Period"), and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (D.I. 341) (the "Interim Compensation Procedures Order").  In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.       On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases.  The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner to date in these chapter 11 cases.

4.       On March 4, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Trade Creditors (the "Trade Committee") and an Official Committee of Tort Claimants (the "Tort Committee").

## MORRIS NICHOLS'S RETENTION

5.       Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among others things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code. On March 17, 2020, the Debtors filed the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a),*

*and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1,*
*Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy*
*Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 205) (the "Morris Nichols
Retention Application").

6.      On April 6, 2020, this Court granted the Morris Nichols Retention
Application pursuant to the *Order Authorizing the Retention and Employment of Morris, Nichols,
Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition
Date* (D.I. 339) (the "Morris Nichols Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER

7.      The Court entered the Interim Compensation Procedures Order on April 6,
2020.    The Interim Compensation Procedures Order sets forth the procedures for interim
compensation and reimbursement of expenses for all Professionals in these cases.

8.      In particular, the Interim Compensation Procedures Order provides that
Professionals may file and serve a Monthly Fee Application no earlier than the 15th day of each
month following the month for which compensation is sought, for interim approval and
allowance of compensation for services rendered and reimbursement of expenses incurred during
the immediately preceding month.  Parties in interest will have 14 days (or the next business day
if such day is not a business day) after the service of a Monthly Fee Application to object to the
requested compensation for services rendered and reimbursement of expenses incurred.
Provided that there are no objections to such Monthly Fee Application filed within 14 days after
the service of the Monthly Fee Application, the Professional may file a certificate of no objection
(the "Certificate of No Objection") with the Court.

9.      Upon the filing of a Certificate of No Objection, the Debtors are
authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses

3

requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## **RELIEF REQUESTED**

10.    Morris Nichols submits this Application for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel for the Debtors in these cases during the Application Period and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing the Debtors during the Application Period.

11.    During the Application Period, Morris Nichols incurred fees in the amount of $287,039.50.  For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $11,745.02.  As of the date of this Application, Morris Nichols has received no payments with respect to these amounts.

12.    Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols timekeepers billing time to the Debtors' cases during the Application Period.

13.    **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

14.    **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Application Period.

15.    Morris Nichols charges $.10 per page for photocopying and $0.05 per page for printing.

4

16.     Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

17.     In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18.     Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Morris Nichols has endeavored to coordinate with White & Case LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  Morris Nichols believes it has been successful in this regard.

19.     No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge, and belief that this Application complies with that Rule.

*[Remaining of the Page Intentionally Left Blank]*

WHEREFORE, Morris Nichols respectfully requests that the Debtors pay Morris Nichols $241,376.62, which is equal to the sum of 80% ($229,631.60.20) of Morris Nichols's requested compensation ($287,039.50) and 100% ($11,745.02) of Morris Nichols's requested expense reimbursement.

Dated:  November 11, 2021
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
         aremming@morrisnichols.com
         ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*