**EXHIBIT A TO THE NOTICE**
**OF DEPOSITION OF GENSTAR**

**DEFINITIONS**

For the purposes of this Notice of Deposition, the following Definitions shall apply:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

3. "Abuse" shall have the meaning provided in the Plan.

4. "Abuse Claim" means a liquidated or unliquidated Claim against one or more Abuse Parties that is attributable to, arises from, is based upon, relates to, results from, or is otherwise Concerned with, in whole or in part, directly, indirectly, or derivatively, alleged Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by an Abuse Party or any other Person for whom any Abuse Party is alleged to be responsible.  The term "Abuse Claim" includes Direct Abuse Claims and Indirect Abuse Claims.

5. "<u>Abuse Claimant</u>" shall mean the party asserting an Abuse Claim and their attorneys, advisors, agents, representatives, and experts.

6. "<u>Abuse Party</u>" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all of any of the foregoing's Persons' Representatives.

7. "<u>Applicable Insurance Policies</u>" shall mean (a) any Insurance Policy that You sold to the Debtors and (b) any Insurance Policy that You sold to any Abuse Party that provides, may provide, or has been alleged to provide coverage for any Abuse Claim.

8. "<u>BSA Plan Settlement</u>" means any settlement, whether incorporated into the Plan or presented for approval pursuant to Bankruptcy Rule 9019, between the Debtors and any other Entity (including, but not limited to, an Insurance Company, Chartered Organization, or Local Council), including, but not limited to, the Hartford Insurance Settlement and the TCJC Settlement.

9. "<u>Chapter 11 Cases</u>" shall mean the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

10. "<u>Chartered Organization</u>" shall have the meaning provided in the Plan.

11. "<u>Claim</u>" means any "claim," as defined in section 101(5) of the Bankruptcy Code.

12. "<u>Concerning</u>" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

13. "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA, LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

14. "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all Documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other Documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. "Documents" always includes Communications.

15. "GenStar" means General Star Indemnity Company and its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

16. "Hartford Insurance Settlement" shall have the meaning provided in the Plan.

17. "Insurance Company" shall have the meaning provided in the Plan.

18. "Insurance Policy" shall have the meaning provided in the Plan, including all rights and benefits thereunder, and the proceeds thereof.

19. "IV Files" shall mean any Documents that identify individuals associated with the Debtors accused of Abuse, including those records and files referred to as "ineligible volunteer" or "perversion" files.

20. "Local Councils" shall have the meaning provided in the Plan.

21. "Perpetrator" shall have the meaning provided in the Plan.

22. "Petition Date" shall mean February 18, 2020.

23. "Plan" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as such Document may be amended, supplemented, or modified from time to time.

24. "Prepetition" shall mean occurring prior to the Petition Date.

25. "Proof of Claim" shall have the meaning provided in the Plan.

26. "Settlement" shall mean any Prepetition settlement or other resolution of an Abuse Claim.

27. "Settlement Trust" shall have the meaning provided in the Plan.

28. "TCC" shall mean the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC.

29.     "TCJC Settlement" shall have the meaning provided in the Plan.

30.     "Verdict" shall mean any Prepetition verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

31.     "You" or "Your" and variants thereof mean GenStar.

## TOPICS

**Topic No. 1.**

The Plan, including, but not limited to, the effect of the Plan on Your rights or obligations (including without limitation inter-insurer contribution claims).

**Topic No. 2.**

The Settlement Trust, including, but not limited to, the effect of the Settlement Trust on Your rights or obligations (including without limitation inter-insurer contribution claims).

**Topic No. 3.**

The Trust Distribution Procedures.

**Topic No. 4.**

The BSA Plan Settlements, including the TCJC Settlement and the Hartford Insurance Settlement.

**Topic No. 5.**

The Abuse Claims, including, but not limited to, (a) all Analyses of Abuse Claims; (b) the value of Abuse Claims; (c) all estimates of the numbers of Survivors and/or Perpetrators; and (d) insurance coverage for Abuse Claims.

**Topic No. 6.**

Any Indirect Abuse Claim You assert or may assert against the Debtors, including, but not limited to, the value or amount of such Indirect Abuse Claim.

DOCS_DE:236504.3 85353/002

**Topic No. 7.**

All Insurance Policies that provide, potentially provide, or have been alleged to provide coverage for Abuse Claims, including, but not limited to, the Applicable Insurance Policies.

**Topic No. 8.**

Reinsurance for the Applicable Insurance Policies.

**Topic No. 9.**

Your Liabilities Concerning each Insurance Policy that the Debtors are proposing or may propose to contribute to the Settlement Trust under the Plan.

**Topic No. 10.**

Your financial ability to satisfy Your obligations under the Applicable Insurance Policies.

**Topic No. 11.**

Any actual or proposed settlements of Your coverage obligations under the Applicable Insurance Policies.

**Topic No. 12.**

Payments (or lack thereof) for defense costs and/or indemnity that You made Concerning any Abuse Claims.

**Topic No. 13.**

Your denial or reservation of rights under any Applicable Insurance Policies Concerning any Abuse Claims, including, but not limited to, (a) reasons and bases for Your decision to deny coverage or reserve rights for the Abuse Claims and (b) facts upon which You based Your decision to deny coverage or reserve rights for the Abuse Claims.

**Topic No. 14.**

Settlements of Abuse Claims.

**Topic No. 15.**

Verdicts in favor of Abuse Claimants.

**Topic No. 16.**

Verdicts in favor of the Defense Concerning Abuse Claims.

**Topic No. 17.**

The IV Files.

**Topic No. 18.**

Any reserves that You contemplated, established, set, maintained, and/or changed Concerning Abuse Claims.

**Topic No. 19.**

Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims, including the Abuse Claims, under any Insurance Policy.

**Topic No. 20.**

Your policies, practices, and procedures Concerning valuing or evaluating sexual abuse claims, including Abuse Claims, that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to sexual abuse claims may change.

**Topic No. 21.**

All discussions of the Debtors, the Insurance Policies sold by You to the Debtors, Abuse Claims, or the Debtors' claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims) of Your board of directors or managers, any committee or

subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups.

**Topic No. 22.**

Your interpretation of the Insurance Policies You sold to the Debtors and application thereof to claims for coverage for Abuse Claims.

**Topic No. 23.**

Your investigation, supervision, adjustment, and handling of Abuse Claims, including the existence or scope of insurance coverage for the Abuse Claims.

**Topic No. 24.**

The underwriting of the Insurance Policies You sold to the Debtors.

**Topic No. 25.**

The negotiations and drafting of (a) the Insurance Policies You sold to the Debtors and (b) any predecessor Insurance Policies issued by any of Your affiliates.

**Topic No. 26.**

The drafting of the forms used in drafting the Insurance Policies You sold to the Debtors or any predecessor Insurance Policies issued by any of Your affiliates.

**Topic No. 27.**

Your interpretation of any terms or conditions of the Insurance Policies You sold to the Debtors.

**Topic No. 28.**

All Documents that You produced to the TCC or any other Person in connection with the Bankruptcy Cases.

**Topic No. 29.**

Your determination Concerning who would testify on Your behalf in response to this Deposition Notice.

**Topic No. 30.**

Your document retention, storage, filing, and destruction procedures in effect from January 1, 2010 through the present.