**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

BOY SCOUTS OF AMERICA and
DELAWARE BSA, LLC

                    Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

**GREAT AMERICAN ASSURANCE COMPANY, F/K/A AGRICULTURAL INSURANCE COMPANY, GREAT AMERICAN E&S INSURANCE COMPANY, F/K/A AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, AND GREAT AMERICAN E&S INSURANCE COMPANY'S OBJECTIONS TO BOY SCOUTS OF AMERICA AND DELAWARE BSA, LCC'S RULE 30(b)(6) AMENDED NOTICE OF DEPOSITION**

Great American Assurance Company, f/k/a Agricultural Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company (collectively, "Great American"), by and through their attorneys of record, hereby object to Boy Scouts of America and Delaware BSA, LLC's (the "Debtors") Amended Notice of Taking Rule 30(b)(6) Deposition of Great American, as follows:

**GENERAL OBJECTIONS**

Throughout the bankruptcy proceedings in this case, the Court has repeatedly stated expressly that the Court will not be addressing or otherwise determining insurance coverage issues within the scope of this bankruptcy. Much of the information sought in this deposition notice wholly or partially seeks information regarding insurance coverage. Pursuant to the

1

Court's direction, discovery seeking these types of coverage information is improper and is wholly outside the scope of the present confirmation proceeding.

## OBJECTIONS TO TOPICS LISTED IN NOTICE

**TOPIC NO. 1:**

The handling, investigation, evaluation, processing, adjusting, review, or determination of the Abuse Claims.

**OBJECTIONS TO TOPIC NO. 1:**

Great American objects to the definition of the term "Abuse Claims" as overbroad, unduly burdensome, and unlimited in time. Great American objects to this topic, in general, as overbroad, unduly burdensome, and unlimited in time, such that it seeks information about claims handling processes not relevant to the matters at issue for confirmation. The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case. Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine. Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case. Great American objects to this topic to the extent it seeks information that is not in the possession of Great American. Great American further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly irrelevant to the matters at issue in confirmation.

**TOPIC NO. 2:**

The handling, investigation, evaluation, processing, adjusting, review, or determination of the BSA's historical sexual abuse claims.

**OBJECTIONS TO TOPIC NO. 2:**

Great American objects to this topic as vague and ambiguous as to the phrase "BSA's historical sexual abuse claims."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time, such that it seeks information about claims handling processes not relevant to the matters at issue for confirmation.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.  Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly irrelevant to the matters at issue in confirmation.

**TOPIC NO. 3:**

Procedures, practices and policies for valuing and/or evaluating sexual abuse claims generally.

**OBJECTIONS TO TOPIC NO. 3:**

Great American objects to this topic as vague and ambiguous as to the phrase "sexual abuse claims."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time, such that it seeks information about claims handling processes not relevant to the matters at issue for confirmation.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.

Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly irrelevant to the matters at issue in confirmation.

**TOPIC NO. 4:**

Any database, computer systems or other systems used to value or evaluate sexual abuse claims.

**OBJECTIONS TO TOPIC NO. 4:**

Great American objects to this topic as vague and ambiguous as to the phrase "sexual abuse claims."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time, such that it seeks information about internal valuation methods not relevant to the matters at issue for confirmation.  This topic seeks discovery of Great American's confidential and proprietary business information that is not properly the subject of this case.  Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly irrelevant to the matters at issue in confirmation.

**TOPIC NO. 5:**

Communications with the Debtors regarding the Abuse Claims, including, without limitation, the evaluation, valuation and/or settlement of any Abuse Claims.

**OBJECTIONS TO TOPIC NO. 5:**

Great American objects to the definition of the term "Abuse Claims" as overbroad, unduly burdensome, and unlimited in time.  Great American objects to this topic, in general, as overbroad, unduly burdensome, and unlimited in time, such that it seeks information not relevant to the matters at issue for confirmation.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine. Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly irrelevant to the matters at issue in confirmation.

**TOPIC NO. 6:**

Procedures and practices for evaluating and valuing sexual abuse claims that are filed outside the statute of limitation, including any sexual abuse claims that were outside the statute of limitations that have settled.

**OBJECTIONS TO TOPIC NO. 6:**

Great American objects to this topic as vague and ambiguous as to the phrase "sexual abuse claims that are filed outside the statute of limitations."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time, such that it seeks information about internal valuation methods not relevant to the matters at issue for confirmation.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on

ultimate issues in this case.   Great American objects to the topic as seeking to invade the

attorney-client privilege and the work product doctrine.  Great American objects to this topic to

the extent it seeks information that is not in the possession of Great American.  Great American

further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly

irrelevant to the matters at issue in confirmation.

**TOPIC NO. 7:**

 The reserve amounts You set for Abuse Claims.

**OBJECTIONS TO TOPIC NO. 7:**

 Great American objects to the definition of the term õAbuse Claimsö as overbroad,

unduly burdensome, and unlimited in time.  Great American objects to this topic, in general, as

overbroad, unduly burdensome, and unlimited in time, such that it seeks information about loss

reserves not relevant to the matters at issue for confirmation.  The topic improperly seeks to elicit

testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and

legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great

American objects to the topic as seeking to invade the attorney-client privilege and the work

product doctrine.  Great American further objects that this topic is premature and seeks

information regarding discovery that has not yet been developed in this case.  Great American

further objects to this topic as overly broad, disproportionate to the needs of this case, and wholly

irrelevant to the matters at issue in confirmation.

**TOPIC NO. 8:**

 Your contention that the Plan is not insurance neutral, and any basis for such contention.

**OBJECTIONS TO TOPIC NO. 8:**

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Responding to this topic requires a disclosure of mental impressions of counsel regarding insurance neutrality which are not discoverable.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.

**TOPIC NO. 9:**

Any facts that support, contradict or concern the contention that the Plan is not insurance neutral.

**OBJECTIONS TO TOPIC NO. 9:**

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Responding to this topic requires a disclosure of mental impressions of counsel regarding insurance neutrality which are not discoverable.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.

**TOPIC NO. 10**:

Any facts that you contend support the conclusion that the Plan is not insurance neutral or that you would otherwise rely on to oppose the Plan on the grounds that it is not insurance neutral.

**OBJECTIONS TO TOPIC NO. 10**:

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time. The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case. Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine. Responding to this topic requires a disclosure of mental impressions of counsel regarding insurance neutrality which are not discoverable. Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.

**TOPIC NO. 11**:

The Trust Distribution Procedures.

**OBJECTIONS TO TOPIC NO. 11**:

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time. The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case. Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine. Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case. Great American objects to this topic to the extent it seeks

information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 12**:

The Plan Settlements, including the JPM/Creditorsø Committee Settlement, TCJC Settlement and the Hartford Insurance Settlement.

**OBJECTIONS TO TOPIC NO. 12**:

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 13**:

Any Documents or Communications exchanged between You and the TCC relating to the Plan or any drafts or edits of potential plans of reorganization.

**OBJECTIONS TO TOPIC NO. 13**:

Great American objects to this topic as vague and ambiguous as to the undefined term or phrase ö potential plans of reorganization.ö  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal

9

theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case

**TOPIC NO. 14:**

The Debtors' contention that the Plan was filed in good faith, including any facts that support, contradict or concern such contention.

**OBJECTIONS TO TOPIC NO. 14:**

Great American objects to this topic as vague and ambiguous as to the term or phrase "good faith."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 15:**

Any facts that you contend support the conclusion that the Plan was not filed in good faith.

**OBJECTIONS TO TOPIC NO. 15:**

Great American objects to this topic as vague and ambiguous as to the term or phrase õgood faith.ö  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 16:**

The Debtorsø contention that the Trust Distribution Procedures were negotiated in good faith, including, without limitation, any facts that support, contradict or concern such contention.

**OBJECTIONS TO TOPIC NO. 16:**

Great American objects to this topic as vague and ambiguous as to the term or phrase õgood faith.ö  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as

seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 17:**

Any facts or other basis that you believe support any position that the Trust Distribution Procedures were not prepared in good faith, are not fair and reasonable, and/or are inconsistent with the historical practices, policies, procedures, approaches, valuations, evaluations and/or settlement of Abuse Claims.

**OBJECTIONS TO TOPIC NO. 17:**

Great American objects to the definition of the term "Abuse Claims" as overbroad, unduly burdensome, and unlimited in time.  Great American objects to this topic as vague and ambiguous as to the terms or phrases "good faith," "fair and reasonable," and "inconsistent with the historical practices, policies, procedures, approaches, valuations, evaluations and/or settlement of Abuse Claims."  Great American objects to this topic, in general, as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great

American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 18:**

Any Documents or Communications exchanged between You and any insurer of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**OBJECTIONS TO TOPIC NO. 18:**

Great American objects to this topic as vague and ambiguous as to the undefined term or phrase ōpotential plans of reorganization.ö  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or the common interest doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 19:**

Any Document or Communications exchanged between You and any Chartered Organization of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**OBJECTIONS TO TOPIC NO. 19:**

Great American objects to this topic as vague and ambiguous as to the undefined term or phrase ōpotential plans of reorganization.ö  Great American objects to this topic as overbroad,

unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 20**:

Any Document or Communications exchanged between You and any Local Council of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**OBJECTIONS TO TOPIC NO. 20**:

Great American objects to this topic as vague and ambiguous as to the undefined term or phrase "potential plans of reorganization."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 21:**

Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**OBJECTIONS TO TOPIC NO. 21:**

Great American objects to the definition of the term õAbuse Claimsö as overbroad, unduly burdensome, and unlimited in time, such that it seeks information not relevant to the matters at issue for confirmation. Great American objects to this topic as vague and ambiguous as to the undefined term or phrase õpotential plans of reorganization.ö Great American objects to this topic, in general, as overbroad, unduly burdensome, and unlimited in time. The topic improperly seeks to elicit testimony regarding Great Americanøs legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case. Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine. Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case. Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 22:**

The Liquidation Analysis, including any Documents or Communications exchanged between You, the TCC, any Local Council of the BSA, any Charter Organization of the BSA, and/or any attorney representing one or more holders of an Abuse Claim relating to the liquidation value of the Debtors or any Local Council.

**OBJECTIONS TO TOPIC NO. 22:**

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 23:**

The Liquidation Analysis, including any Documents or Communications exchanged between You and any other insurer of the BSA relating to the liquidation value of the Debtors or any Local Council.

**OBJECTIONS TO TOPIC NO. 23:**

Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or the common interest doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks information that is not in the possession of

Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 24**:

The Documents produced by You in response to any Requests for Production served on You in connection with the Chapter 11 Cases.

**OBJECTIONS TO TOPIC NO. 24**:

Great American objects to this topic as a compound topic addressing multiple objectionable subjects in the multiple requests for production of documents.  Great American incorporates its objections to such requests for production of documents as if fully set forth herein.

**TOPIC NO. 25**:

The Debtor's contention that the Plan is feasible, including without limitation, any facts that support, contradict or concern whether the plan is feasible.

**OBJECTIONS TO TOPIC NO. 25**:

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasible."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.  Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American objects to this topic to the extent it seeks

information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 26:**

Any facts that you believe would demonstrate or tend to demonstrate that the Plan is not feasible.

**OBJECTIONS TO TOPIC NO. 26:**

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasible."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.  Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case. Great American objects to this topic to the extent it seeks information that is not in the possession of Great American.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 27:**

Any  Document or  Communications exchanged between You  and  any Chartered Organization of the BSA concerning the feasibility of the Plan.

**OBJECTIONS TO TOPIC NO. 27:**

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasibility."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's

legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 28**:

Any Document or Communications exchanged between You and any Local Council of the BSA concerning the feasibility of the Plan.

**OBJECTIONS TO TOPIC NO. 28**:

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasibility."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 29**:

Any Documents or Communications exchanged between You and any insurer of the BSA concerning the feasibility of the Plan.

**OBJECTIONS TO TOPIC NO. 29**:

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasibility."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or the common interest doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not yet been developed in this case.  Great American further objects to this topic as overly broad and disproportionate to the needs of this case.

**TOPIC NO. 30**:

Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the feasibility of the Plan.

**OBJECTIONS TO TOPIC NO. 30**:

Great American objects to this topic as vague and ambiguous as to the undefined term or term "feasibility."  Great American objects to this topic as overbroad, unduly burdensome, and unlimited in time.  The topic improperly seeks to elicit testimony regarding Great American's legal contentions, positions, conclusions, objections, and legal theories, and seeks testimony about legal conclusions on ultimate issues in this case.   Great American objects to the topic as seeking to invade the attorney-client privilege and the work product doctrine.  Great American further objects that this topic is premature and seeks information regarding discovery that has not

yet been developed in this case.  Great American further objects to this topic as overly broad and

disproportionate to the needs of this case.


Dated: November 12, 2021                    Respectfully submitted,

                                            /s/ Bruce W. McCullough
                                            BODELL BOVÉ, LLC
                                            Bruce W. McCullough  (No.  3112)
                                            1225 N. King Street, Suite 1000
                                            Wilmington, DE 19801-3250
                                            Telephone: (302) 655-6749
                                            Facsimile:  (302) 655-6827
                                            Email: bmccullough@bodellbove.com

                                            - and -

                                            CLYDE & CO US LLP
                                            Bruce D. Celebrezze (*pro hac vice*)
                                            Four Embarcadero Center, Suite 1350
                                            San Francisco, California 94111
                                            Telephone:  (415) 365-9800
                                            Facsimile:   (415) 365-9801
                                            Email:   bruce.celebrezze@clydeco.us

                                            Konrad R. Krebs (*pro hac vice*)
                                            200 Campus Drive | Suite 300
                                            Florham Park, NJ 07932
                                            Telephone:  (973) 210-6700
                                            Facsimile:   (973) 210-6701
                                            Email:   konrad.krebs@clydeco.us

                                            - and –

                                            DAVID CHRISTIAN ATTORNEYS LLC
                                            David Christian (*pro hac vice*)
                                            105 W. Madison St., Suite 1400
                                            Chicago, IL 60602
                                            Telephone: (862) 362-8605
                                            Email: dchristian@dca.law

                                            *Attorneys for Great American Assurance Company,*

*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*