# EXHIBIT A

| | |
|---|---|
| Subject: | RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery |
| Date: | 11/8/2021 7:01 PM |
| From: | "Steven W. Golden" <sgolden@pszjlaw.com> |
| To: | "James P. Ruggeri" <JRuggeri@goodwin.com>, "Joshua D. Weinberg" <JWeinberg@goodwin.com>, "Iain Nasatir" <inasatir@pszjlaw.com>, "Jeffrey Schulman" <jschulman@pasichllp.com> |
| Cc: | "Philip Anker" <philip.anker@wilmerhale.com>, "Danielle Spinelli" <Danielle.Spinelli@wilmerhale.com>, "Joel Millar" <Joel.Millar@wilmerhale.com>, "Annette Rolain" <arolain@goodwin.com> |

Thanks, Jim.

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Monday, November 08, 2021 5:02 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Annette Rolain <arolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Hi Steve. Subject to and without waiving our continuing objection, there are no loss reserves for individual BSA abuse claims on which Hartford has not yet made payment. Thanks.

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Friday, November 5, 2021 1:14 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Rolain, Annette P. <ARolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

Jim,

One clarifying points on the below.  With respect to #2, is it Hartford's position that it will not produce documents sufficient to show, for each Abuse Claim for which Hartford set a loss reserve and has not yet made payment, the Type of Abuse Category associated with the Abuse Claim, and where and when the Abuse at issue allegedly occurred, or will only not produce the amount of reserves associated with each Abuse Claim?

Thanks,

Steve
**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Friday, November 05, 2021 1:05 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Annette Rolain <arolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Hi Steve.

(1) Hartford will produce a spreadsheet identifying, by Hartford policy, Hartford's indemnity payments for each abuse claim on which Hartford paid indemnity but the claimant's name will not be disclosed per my conversation with Jeff Schulman yesterday.   Hartford is producing redacted underlying complaints and redacted settlement agreements, which will enable the TCC to obtain the info it seeks, except for defense costs, which are not germane to confirmation issues, including approval of the Hartford settlement.

(2) Hartford will not produce reserves information, which is protected, privileged and not germane to confirmation issues, including approval of the Hartford settlement.

(3) As discussed, Hartford will produce its ROR letters.

(4) Hartford will not produce reinsurance information, which is protected, privileged and not germane to confirmation issues, including approval of the Hartford settlement.

(5) Hartford will not search for policies it issued to COs.  The Hartford settlement agreement does not provide for a release of CO policies, and your list is unduly burdensome, particularly given the confirmation discovery schedule and 11/17 date for Hartford's deposition.

(6) As of now, Debtors have not consented to Hartford's production of confirmation documents produced by

Debtors in the TX coverage action.

Thanks.

---

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Thursday, November 4, 2021 6:45 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Rolain, Annette P. <ARolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery
**Importance:** High

*EXTERNAL EMAIL*

Jim—

Further to our conversation this morning, the TCC continues to work to consensually address any discovery disputes between it and Hartford to avoid the necessity of Court intervention. Without limiting any other documents that Hartford is producing consistent with its responses and objections, as may have been clarified through the meet-and-confer process, and reserving all other rights, I would ask for Hartford's final position with respect to the production of the following categories of documents:

1. Documents sufficient to show all payments, defense and indemnity, made by Hartford on account of Abuse Claims ("Hartford Payments"), and, with respect to each Hartford Payment, documents sufficient to show the Type of Abuse Category associated with the Abuse Claim, where and when the Abuse at issue allegedly occurred, whether the Hartford Payment was associated with a Settlement or Verdict, and any allocation of the total Settlement or Verdict amount as between Hartford and any other Abuse Parties;
2. Documents sufficient to show, for each Abuse Claim for which Hartford set a loss reserve and has not yet made payment, the Type of Abuse Category associated with the Abuse Claim, where and when the Abuse at issue allegedly occurred, and the amount of reserves associated with each Abuse Claim;
3. Reservation of rights correspondence including denial of coverage correspondence (or a confirmation that any produced ROR correspondence is identical to non-provided ROR correspondence);
4. Documents concerning reinsurance with respect to Abuse Claims;
5. General liability and/or umbrella insurance policies issued to any of the Chartering Organizations listed below.

Congregational Church Of The Valley United Church Of Christ (Tempe, AZ)
First United Methodist Church Hondo (Hondo, TX)
Louisville Jefferson County Metro Government (Prospect, KY)
Blackwater United Methodist Church (City of Central, LA)
Central United Methodist Church (Middleboro, MA)
East Bridgewater United Methodist Church (East Bridgewater, MA)
First Baptist Church Of Smyrna, Georgia (Smyrna, GA)
Park Hill Presbyterian Church (Little Rock, AR)
Swift Memorial United Methodist Church (North Little Rock, AR)
The Evangelical Lutheran Church In The Foothills (La Canada Flintridge, CA)

Vanceboro United Methodist Church (Vanceboro, Maine)
Brookwood Community Church (Simpsonville, SC)
First United Presbyterian Church Of Pine Plains, NY (Pine Plains, NY)
Luther Memorial Church (Freehold, NJ)
St. Augustine's Church (Croton-on-Hudson, NY)
Immanuel Evangelical Lutheran Church (Manchester, MD)
First Presbyterian Church At Red Bank (Red Bank, NJ)
Keystone College (La Plume, PA)
The Church of Jesus Christ of Latter Day Saints
Diocese of Brooklyn
Episcopal Diocese of Chicago
Archdiocese of San Francisco
Archdiocese of Los Angeles
Archdiocese of New York
Boys and Girls Club of America
Archdiocese of Galveston-Houston
Diocese of Dallas

In addition, please confirm that, as of this time, Hartford has not received consent from the Debtors to produce allegedly confidential documents, such as those in the Texas Coverage Litigation. To the extent Hartford receives consent subsequently, please inform us of the same so that the TCC need not ask for the Court's intervention.

We will send a separate email with respect to the 30(b)(6) deposition topics.

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Wednesday, November 03, 2021 3:14 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Annette Rolain <arolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Hi Steve. We are confirmed for 11/17 but let's start at 9 am eastern. We will present Hartford's designee by Zoom, and the designee and Hartford's counsel will be in the same room but working off different monitors/computers. Thank you.

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Wednesday, November 3, 2021 9:19 AM
**To:** Weinberg, Joshua D. <JWeinberg@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Ruggeri, James P. <JRuggeri@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Rolain, Annette P. <ARolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

Josh,

After review of the Protective Order, the TCC reiterates its request for production of the IV Files and any other allegedly confidential information from the Texas Litigation that is responsive to the TCC's Requests for Production and, to that end. Paragraphs 3(j) and 8 of the Protective Order clearly set forth the process for Hartford's production of such documents and do not permit Hartford to refuse to produce any documents to the TCC. In an effort to streamline the process, the TCC would suggest that Hartford request the BSA's consent to produce such documents and, if they decline to do so, to inform the TCC of the same. I also note that paragraph 8 of the Protective Order places the burden on the party maintaining a confidential designation (*i.e.* BSA).

In addition to the foregoing, we are available to depose Hartford's 30(b)(6) designee on November 17, as discussed. Please confirm that this date works (I would propose starting at 10 am Eastern) and further confirm whether Hartford's designee wishes to be deposed in person or via Zoom.

Finally, the TCC remains available to further meet and confer on the scope of production (discussed in the email string below) and/or on the 30(b)(6) topics. However, to the extent we are not able to reach agreement on any subset of issues, the TCC will have to seek judicial intervention quickly.

Thanks,

Steve
**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Weinberg, Joshua D. [mailto:JWeinberg@goodwin.com]
**Sent:** Tuesday, November 02, 2021 7:05 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** James P. Ruggeri <JRuggeri@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Annette Rolain

<arolain@goodwin.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Jeff, Iain and Steven –

Following up on our meet and confer discussions earlier today, I'm attaching a copy of the protective order from the Texas coverage action between BSA and Hartford.  We look forward to continuing our discussions regarding these discovery issues.  Thanks.



| | | |
|---|---|---|
| | **Joshua D. Weinberg**<br>Shipman & Goodwin LLP<br>Partner<br>1875 K Street NW, Suite 600<br>Washington, DC 20006-1251 | Tel: (202) 469-7754<br>Fax: (202) 469-7751<br>Cell: (202) 250-9459<br>jweinberg@goodwin.com<br>www.shipmangoodwin.com |

*Shipman & Goodwin LLP is a 2020 Mansfield Certified Plus Firm*

Disclaimer: Privileged and confidential. If received in error, please notify me by e-mail and delete the message.

---

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Monday, November 1, 2021 2:28 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Rolain, Annette P. <ARolain@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

Jim,

Thank you for your summary of Hartford's positions with respect to the TCC's discovery requests.  To help streamline and narrow any disagreements, inline below are responses to your comments.  The TCC hopes we can come to agreement on all points but, in the event that we are unable to do so on a subset of issues, seek to identify such issues as quickly as possible so that we may determine next steps, including bringing any such issues to the Court's attention.

For the avoidance of doubt, the TCC reserves all rights, and its agreement to work cooperatively to streamline discovery within an expedited timeframe should not be construed as its agreement on any evidentiary, legal, or discovery matter.

Thanks,

Steve

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP

Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Wednesday, October 27, 2021 8:58 AM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Cc:** Annette Rolain <arolain@goodwin.com>; Abigail W. Williams <AWilliams@goodwin.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Dear Jeff, Steve and Iain,

This follows up on our meet and confer discussions yesterday regarding the TCC's RFPs to Hartford and Hartford's responses.  As an initial matter, Hartford confirmed that Hartford does not intend to withhold documents based on the fact that they are publicly available or may be in the TCC's possession, nor does Hartford intend to take the position that otherwise discoverable documents "become privileged" by being introduced in the mediation.

In addition to those global issues, you raised questions yesterday concerning RFPs 1 and 2, as well as categories of information requested in several other RFPs.  In response to RFP 1 and RFP 2, Hartford continues to be concerned that those requests, as phrased, are so overbroad and all-encompassing as to be well beyond the scope of appropriate discovery and likely not capable of a practical response (e.g., the request in RFP 2 for all Documents relating to insurance coverage for any Abuse Claim not tethered to BSA or any time period).  In response to those requests, Hartford has agreed that it will produce the Hartford policies issued to BSA and the local councils, Hartford's prior settlement agreements with BSA, documents reflecting payments made under the BSA policies issued by Hartford, communications regarding the TDPs in accordance with the Court's ruling and public filings regarding Hartford's coverage obligations and defenses (including public filings from the Texas coverage litigation).  Hartford's search for documents is ongoing.  Hartford will not produce, however, documents that relate to claim handling or other internal processes.

**The TCC is prepared to discuss custodians, date ranges, and search terms with respect to communications responsive to, among others, RFP 1 and 2.  Please confirm if Hartford agrees to meet and confer with the TCC in this respect or if its position is that it will decline to produce any relevant and responsive correspondence.**

**As discussed, the TCC is requesting information that provides specificity and context with respect to any payments made or rights reserved under BSA, Local Council, and/or Chartering Organization policies issued by Hartford.  To that end, the TCC reiterates its request for all claims files related thereto, including the information requested in RFPs 8 – 11, as applicable.  Further, the TCC's request is not limited to "public" information.  Please confirm Hartford's position on this request.**

**With respect to the Texas coverage litigation, please produce all filings, whether public or not.  Please confirm Hartford's position on this request.**

In response to questions that you raised regarding other subjects, we confirm that:

- Hartford will not produce reinsurance communications which are not relevant here, as the Court has repeatedly indicated coverage issues are not before it;  **The TCC reiterates its request that Hartford produce responsive documents concerning reinsurance.  Such documents are plainly relevant to Plan confirmation because, among other things, they concern Hartford's valuation of its coverage and its actions and considerations in resolving Abuse Claims and thus are relevant to the reasonableness of the Hartford Insurance Settlement itself.**
- Hartford will produce public statements, if any, concerning reserves for abuse claims;  **The TCC reiterates its request that Hartford produce responsive documents concerning reserves that Hartford established for Abuse Claims.  Such documents are plainly relevant to Plan confirmation because, among other things, they concern Hartford's valuation of its coverage and its actions and considerations in resolving Abuse Claims and thus are relevant to the reasonableness of the Hartford Insurance Settlement itself.**
- Hartford will produce communications relating to the TDPs, but will not produce mediation communications relating to the Hartford settlements or other subjects, which remain protected;  **The TCC does not agree that all such communications are protectable by a mediation privilege.  The TCC is prepared to discuss custodians, date ranges, and search terms with respect to documents and communications concerning: (a) the scheduling of mediation sessions; (b) the attendees at mediation sessions; and (c) discussions or determinations concerning the inclusion or exclusion of any mediation parties from mediation sessions.  For the avoidance of doubt, the TCC reserves all rights, and the exclusion of any category in the foregoing should not be construed to be a waiver of any rights.  Please confirm if Hartford agrees to meet and confer with the TCC in this respect or if its position is that it will decline to produce any relevant and responsive correspondence.**
- Hartford will not produce IV files, which are both confidential and subject to a protective order in the pending Texas coverage action;  **Understanding that Hartford believes that it is not permitted to produce the IV Files, the TCC reserves the right to seek Court intervention to require their production.**
- Hartford has already provided information regarding its proofs of claim (in its interrogatories) and will not produce additional documents regarding its proofs of claim;  **The TCC continues to review Hartford's responses and reserves the right to revisit these requests as circumstances warrant.**
- Hartford is not providing documents reflecting the "valuation of claims" under coverage (to the extent requested under RFP 21 and/or RFP 22);  **The TCC reiterates its request for documents and communications responsive to RFP 21 and 22 and is prepared to meet and confer with respect to custodians, date ranges, and search terms.**
- Hartford cannot meaningfully search for, and has no obligation to produce, policies that it issued (or allegedly issued) to chartered organizations;  **Hartford has stated that it is not producing Chartering Organization insurance policies because the Hartford Settlement does not include any insurance policies issued to Chartering Organizations, a release of those policies, or a release of those claims.  The TCC reiterates its request for copies of all general liability insurance policies issued to Chartering Organizations notwithstanding this position.  Understanding, however, that the time limitations imposed may not allow for production of policies for *all* Chartering Organizations, the TCC is willing to narrow its request to a reasonable subset thereof.  Please confirm if Hartford agrees to meet and confer with the TCC with respect to the production of such policies.**
- Hartford is searching to determine the extent to which, if at all, it has non-public communications with Haynes & Boone (or others) regarding coverage positions for sexual abuse claims relating to

BSA, and Hartford will produce publicly-available Documents (including briefs) that relate to this issue.
**Thank you.  Please confirm whether or not such communications exist and, if so, what parameters (*e.g.* custodians, search terms) were used to identify them.**

As we stated during our conversation, we expect that this will be an ongoing conversation to, as you put it, streamline these issues.  As part of our continuing discussion, you also indicated that you would look closely at Hartford's interrogatory responses and consider the information Hartford provided there in evaluating the TCC's need for documents requested in several of the RFPs.   Please let me know if you have questions regarding any of these issues, and we look forward to continuing to move forward cooperatively with you on discovery.  Thanks.



| | **James P. Ruggeri**<br>Shipman & Goodwin LLP<br>Co-Managing Partner<br>1875 K Street NW, Suite 600<br>Washington, DC 20006-1251 | Tel: (202) 469-7752<br>Fax: (202) 469-7751<br>Cell: (703) 655-4434<br>jruggeri@goodwin.com<br>www.shipmangoodwin.com |
|---|---|---|

Disclaimer: Privileged and confidential. If received in error, please notify me by e-mail and delete the message.

---

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Friday, October 22, 2021 5:03 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Rolain, Annette P. <ARolain@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Cc:** Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

We can pencil in 3 pm ET.  I will send around an invitation.

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Friday, October 22, 2021 4:06 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Annette Rolain <arolain@goodwin.com>; Abigail W. Williams <AWilliams@goodwin.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>

**Cc:** Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Probably best to pencil in a time.  Tuesday, 10/26, at 3 pm eastern/noon pacific?  Thanks.



| | **James P. Ruggeri** | Tel: (202) 469-7752 |
| | Shipman & Goodwin LLP | Fax: (202) 469-7751 |
| | Co-Managing Partner | Cell: (703) 655-4434 |
| | 1875 K Street NW, Suite 600 | jruggeri@goodwin.com |
| | Washington, DC 20006-1251 | www.shipmangoodwin.com |

Disclaimer: Privileged and confidential. If received in error, please notify me by e-mail and delete the message.

---

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Friday, October 22, 2021 3:56 PM
**To:** Ruggeri, James P. <JRuggeri@goodwin.com>; Rolain, Annette P. <ARolain@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Cc:** Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

James—

Apologies—when I sent my email this morning, I was not aware that Jeff would be traveling most of Monday.  However, we will be attending the mediation starting on Tuesday.  May I suggest we discuss on Tuesday, during a break in the mediation?

--Steve

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Ruggeri, James P. [mailto:JRuggeri@goodwin.com]
**Sent:** Friday, October 22, 2021 3:49 PM
**To:** Steven W. Golden <sgolden@pszjlaw.com>; Annette Rolain <arolain@goodwin.com>; Abigail W. Williams <AWilliams@goodwin.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar

<Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Cc:** Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Hi Steve.  Happy to meet and confer Monday, 10/25, at 5 pm eastern.  Thanks.



| | | |
|---|---|---|
| | **James P. Ruggeri** | Tel: (202) 469-7752 |
| | Shipman & Goodwin LLP | Fax: (202) 469-7751 |
| | Co-Managing Partner | Cell: (703) 655-4434 |
| | 1875 K Street NW, Suite 600 | jruggeri@goodwin.com |
| | Washington, DC 20006-1251 | www.shipmangoodwin.com |

Disclaimer: Privileged and confidential. If received in error, please notify me by e-mail and delete the message.

---

**From:** Steven W. Golden <sgolden@pszjlaw.com>
**Sent:** Friday, October 22, 2021 10:04 AM
**To:** Rolain, Annette P. <ARolain@goodwin.com>; Williams, Abigail W. <AWilliams@goodwin.com>; Ruggeri, James P. <JRuggeri@goodwin.com>; Weinberg, Joshua D. <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Cc:** Iain Nasatir <inasatir@pszjlaw.com>; Jeffrey Schulman <jschulman@pasichllp.com>; Steven W. Golden <sgolden@pszjlaw.com>
**Subject:** RE: In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

*EXTERNAL EMAIL*

Counsel:

The TCC is in receipt of your responses and objections to their discovery requests.  We would like to meet and confer as soon as possible.  Please let me know of some convenient times on or before Monday, October 25 for such an opportunity.

Thank you,

Steve

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7715 | Fax: 212.561.7777 | Mobile: 301.706.7520
sgolden@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Rolain, Annette P. [mailto:ARolain@goodwin.com]

**Sent:** Monday, October 18, 2021 6:42 PM
**To:** Abigail W. Williams <AWilliams@goodwin.com>; Adam Goldberg <adam.goldberg@law.com>; Adam Hachikian <ahachikian@foxswibel.com>; Adrian Azer <Adrian.Azer@haynesboone.com>; Andrew Hammond <ahammond@whitecase.com>; Andrew Remming <aremming@morrisnichols.com>; Ashley Jacobs <ajacobs@ycst.com>; Criss L. Ashley <acriss@wiley.law>; Barbara J. Kelly <bkelly@brownrudnick.com>; Beth Titus <elizabeth.titus@zurichna.com>; Blair M. Warner <blair.warner@whitecase.com>; Brett Grindod <bgrindod@steptoe.com>; Brett Grindrod <bgrindrod@steptoe.com>; Bruce D. Celebrezze <bruce.celebrezze@clydeco.us>; Bruce W. McCullough <bmccullough@bodellbove.com>; Christopher T. Hurley <churley@hurley-law.com>; Christopher Loizides <loizides@lozides.com>; Clay Wilkerson <cwilkerson@brownsims.com>; Cody Moorse <Cody.moorse@markel.com>; Conrad Krebs <konrad.krebs@clydeco.us>; D. Cameron Moxley <cmoxley@brownrudnick.com>; Daniel Bussel <dbussel@ktbslaw.com>; Daniel Schufreider <dschufreider@schiffhardin.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; David L. Buchbinder <david.l.buchbinder@usdoj.gov>; David M. Caves <dcaves@bradleyriley.com>; David Molton <dmolton@brownrudnick.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Delia S. Wolff <dslwolff@lawguam.com>; Dennis Russell <russell.dennis@markel.com>; Derek Abbott <DAbbott@morrisnichols.com>; Douglas Mayer <DKMayer@WLRK.com>; Douglas R. Gooding <dgooding@choate.com>; Ed Rice <erice@bradley.com>; Edwin Harron <eharron@ycst.com>; Elizabeth Brusa <ebrusa@bradley.com>; Emily Stone <estone@loeb.com>; Eric S. Goldstein <egoldstein@goodwin.com>; Eric Goodman <egoodman@brownrudnick.com>; Erin Edwards <eedwards@ycst.com>; Erin Fay <efay@bayardlaw.com>; Ernest Martin <Ernest.Martin@haynesboone.com>; Evan M. Smola <esmola@hurley-law.com>; Everett Cygal <ecygal@schiffhardin.com>; Frank Schwindler <nundawao@gmail.com>; Gary P. Seligman <gseligman@wiley.law>; Gerard Cicero <gcicero@brownrudnick.com>; Glenn Kurtz <gkurtz@whitecase.com>; Gregory Flasser <gflasser@bayardlaw.com>; Hanna Mufson McCollum <hannah.mccollum@usdoj.gov>; Harris B. Winsberg <harris.winsberg@troutman.com>; Harry Lee <HLee@steptoe.com>; Ian J. Bambrick <ian.bambrick@faegredrinker.com>; James O'Neill <JONeill@pszjlaw.com>; James P. Ruggeri <JRuggeri@goodwin.com>; James Stang <jstang@pszjlaw.com>; Jared Kochenash <jkochenash@ycst.com>; Jasmine Chalashtori <chalashtorij@gilbertlegal.com>; Jeff Bjork <Jeff.Bjork@lw.com>; Jennifer Sharret <jsharret@kramerlevin.com>; Jennifer Thomas <Jennifer.thomas@whitecase.com>; Jeremy Ryan <jryan@potteranderson.com>; Jessica Lauria <jessica.lauria@whitecase.com>; Jessica O'Neill <Jessica.oneill@markel.com>; Jin Yan <jyan@schiffhardin.com>; Joel Millar <Joel.Millar@wilmerhale.com>; John A. Morris <jmorris@pszjlaw.com>; John Baay <jbaay@glllaw.com>; John E. Bucheit <jbucheit@bradleyriley.com>; John O'Connor <joconnor@steptoe.com>; John Singh <singhj@pjtpartners.com>; John W. Lucas <jlucas@pszjlaw.com>; Jonathan Marshall <jmarshall@choate.com>; Jonathan Mulvihill <Jonathan.mulvihill@axaxl.com>; Joseph C. Celentino <JCCelentino@WLRK.com>; Joseph Ziemianski <jziemianski@cozen.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Josh Gillispie <josh@greenandgillispie.com>; Kami Quinn <quinnk@gilbertlegal.com>; Kathleen K. Kerns <kkerns@postschell.com>; Kenneth J. Enos <kenos@ycst.com>; Kenya Spivey <Kenya.Spivey@enstargroup.com>; Kevin Guerke <kguerke@ycst.com>; Kevin Carey <kevin.carey@hoganlovells.com>; Kim V. Marrkand <KMarrkand@mintz.com>; Kristian Gluck <kristian.gluck@nortonrosefulbright.com>; Kurt Gwynne <KGwynne@ReedSmith.com>; Laura Archie <laura.archie@argogroupus.com>; Laura E. Baccash <laura.baccash@whitecase.com>; Laura McNally <lmcnally@loeb.com>; Linda Cantor <lcantor@pszjlaw.com>; Lloyd A. Gura <lgura@moundcotton.com>; Collin Washburn <collinlongshanks@gmail.com>; Lorraine Armenti <LArmenti@coughlinduffy.com>; Louis Rizzo <lrizzo@regerlaw.com>; Louis Schneider <lou.schneider@thomaslawoffices.com>; Lukas Schwarzmann <lukas.schwarzmann@pjtpartners.com>; Margaret Warner <mwarner@mwe.com>; Mark Eckard <meckard@reedsmith.com>; Mark Fisher <mfisher@schiffhardin.com>; Mark Plevin <mplevin@crowell.com>; Mark A. Salzberg <mark.salzberg@squirepb.com>; Matthew Linder <mlinder@whitecase.com>; Matthew S. Sorem <msorem@nicolaidesllp.com>; Matthew G. Summers <summersm@ballardspahr.com>; Megan Wasson <mwasson@kramerlevin.com>; Meredith Neely <neelym@gilbertlegal.com>; Michael Andolina

<mandolina@whitecase.com>; Michael Hrinewski <mhrinewski@coughlinduffy.com>; Michael Pankow <MPankow@BHFS.com>; Michael Rosenthal <mrosenthal@gibsondunn.com>; Morton R. Branzburg <mbranzburg@klehr.com>; Nailah Ogle <nogle@steptoe.com>; Natan Hammerman <nhammerman@kramerlevin.com>; Noa, Jesse L. <jnoa@potteranderson.com>; Paige Topper <ptopper@morrisnichols.com>; Pamela Minetto <pminetto@moundcotton.com>; Patrick A. Jackson <patrick.jackson@faegredrinker.com>; Paul Finn <pfinn@commonwealthmediation.com>; Peg Anderson <panderson@foxswibel.com>; Peter Janci <peter@crewjanci.com>; Philip Anker <philip.anker@wilmerhale.com>; Rachel Ringer <rringer@kramerlevin.com>; Rachel Jankowski <RJankowski@crowell.com>; Rachel Jennings <jenningsr@gilbertlegal.com>; Raeann Warner 2 <raeann@jcdelaw.com>; Richard Mason <RGMason@WLRK.com>; Rob Orgel <rorgel@pszjlaw.com>; Robert Brady <rbrady@ycst.com>; Robert Tiedemann <rtiedemann@whitecase.com>; Ryan Smethurst <rsmethurst@mwe.com>; Salle Veghte <sveghte@klehr.com>; Samuel Hershey <sam.hershey@whitecase.com>; Sara Beth Kohut <skohut@ycst.com>; Sara Hunkler <shunkler@goodwin.com>; Scott Meyerson <meyerson@pjtpartners.com>; Scott Myers <SPMyers@travelers.com>; Sharon Zieg <szieg@ycst.com>; Stanley B. Tarr <Tarr@blankrome.com>; Steven Zelin <zelin@pjtpartners.com>; Beville Sunni <sbeville@brownrudnick.com>; Susan Gummow <sgummow@fgppr.com>; Tacie Yoom <TYoon@crowell.com>; Tad Thomas <tad@thomaslawoffices.com>; Thaddeus Weaver <tweaver@dilworthlaw.com>; Thomas Dare <tdare@oldrepublic.com>; Tom Mayer <tmayer@kramerlevin.com>; Thomas Patterson <tpatterson@ktbslaw.com>; Timothy Gallagher <timg@thegallaghergroup.com>; Todd C. Jacobs <TJacobs@bradleyriley.com>; Tori Remington <tremington@morrisnichols.com>; Tracey Jordan <tjordan@fgppr.com>; Tristan Axelrod <taxelrod@brownrudnick.com>; W. Hunter Winstead <winsteadh@gilbertlegal.com>; William McGrath <wmcgrath@dilworthlaw.com>; 'Slaugh, D. Ryan' <rslaugh@potteranderson.com>; Kathleen Miller <kmiller@skjlaw.com>; Ronald Schiller <rschiller@hangley.com>; Sharon McKee <smckee@hangley.com>; 'mhamermesh@hangley.com' <mhamermesh@hangley.com>; Elizabeth Dolce <edolce@hangley.com>
**Cc:** James P. Ruggeri <JRuggeri@goodwin.com>; Joshua D. Weinberg <JWeinberg@goodwin.com>; Philip Anker <philip.anker@wilmerhale.com>; Danielle Spinelli <Danielle.Spinelli@wilmerhale.com>; Joel Millar <Joel.Millar@wilmerhale.com>; Erin Fay <EFay@bayardlaw.com>; 'Greg Flasser' <GFlasser@bayardlaw.com>
**Subject:** In re Boy Scouts of America (Bankr. D. Del.), Case No. 20-10343-LSS - Hartford's Objections and Responses to Discovery

Dear Counsel:

Attached please find Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company's objections and responses to propounded discovery:

    (1) Hartford's Responses and Objections to the TCC's First Set of Requests for the Production of Documents

    (2) Hartford's Responses and Objections to the TCC's First Set of Interrogatories

    (3) Hartford's Responses and Objections to the TCC's First Set of Requests for Admission

    (4) Hartford's Responses and Objections to the Lujan Claimants' Interrogatories

    (5) Hartford's Responses and Objections to the HMM Survivors' Requests to Produce

    (6) Hartford's Responses and Objections to Century's Request for the Production of Documents



**Annette P. Rolain**
Shipman & Goodwin LLP
Associate
1875 K Street NW, Suite 600
Washington, DC 20006-1251

Tel: (202) 469-7767
Fax: (202) 469-7751
Cell: (920) 680-8046
arolain@goodwin.com
www.shipmangoodwin.com

Disclaimer: Privileged and confidential. If received in error, please notify me by e-mail and delete the message.