# EXHIBIT B

```
 1                   UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE
 2
                                     .    Chapter 11
 3    IN RE:                         .
                                     .    Case No. 19-10289 (LSS)
 4    IMERYS TALC AMERICA, INC.,     .
      et al.,                        .
 5                                   .
                                     .    Courtroom No. 2
 6                                   .    824 North Market Street
                                     .    Wilmington, Delaware 19801
 7                                   .
                                     .    June 22, 2021
 8                  Debtors.         .    10:30 A.M.
      . . . . . . . . . . . . . . . . .
 9
                    TRANSCRIPT OF TELEPHONIC HEARING
10          BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                    UNITED STATES BANKRUPTCY JUDGE
11
      TELEPHONIC APPEARANCES:
12
      For the Debtors:        Amanda R. Steele, Esquire
13                            Marcos Ramos, Esquire
                              RICHARDS LAYTON FINGER, P.A.
14                            One Rodney Square
                              920 North King Street
15                            Wilmington, Delaware 19801

16
                              - and -
17
                              Matthew Salerno, Esquire
18                            LATHAM & WATKINS LLP
                              1271 Avenue of the Americas
19                            New York, New York 10020

20
21    Audio Operator:         Brandon J. McCarthy

22    Transcription Company:  Reliable
                              1007 N. Orange Street
23                            Wilmington, Delaware 19801
                              (302)654-8080
24                            Email:  gmatthews@reliable-co.com

25
      Proceedings recorded by electronic sound recording, transcript
      produced by transcription service.
```

```
 1  TELEPHONIC APPEARANCES (Cont'd):

 2  For the Debtors:         Kimberly A. Posin, Esquire
                             Helena G. Tseregounis, Esquire
 3                           LATHAM & WATKINS LLP
                             355 South Grand Avenue, Suite 100
 4                           Los Angeles, California 90071

 5  For Johnson & Johnson:   Theodore Tsekerides, Esquire
                             Ronit Berkovich, Esquire
 6                           WEIL GOTSHAL MANGES
                             767 Fifth Avenue
 7                           New York, New York 10153

 8  For Zurich American      Mark Plevin, Esquire
    Insurance:               CROWELL & MORING LLP
 9                           Three Embarcadero Center, 26th Floor
                             San Francisco, California 94111
10
    For the Representative   Robert Brady, Esquire
11  for Future Talc          YOUNG CONAWAY STARGATT & TAYLOR LLP
    Claimants:               Rodney Square
12                           1000 N. King Street
                             Wilmington, Delaware 19801
13
    For U.S. Trustee:        Linda Richenderfer, Esquire
14                           Juliet Sarkessian, Esquire
                             UNITED STATES DEPARTMENT OF JUSTICE
15                           OFFICE OF THE UNITED STATES TRUSTEE
                             844 King Street, Suite 2207
16                           Lockbox 35
                             Wilmington, Delaware 19801
17
    For Arnold & Itkin LLP:  Laura Davis Jones, Esquire
18                           PACHULSKI STANG ZIEHL & JONES
                             919 North Market Street
19                           Wilmington, Delaware 19801

20                                 - and -

21                           John Morris, Esquire
                             780 Third Avenue, 34th Floor
22                           New York, New York 10017

23

24

25
```

```
 1  TELEPHONIC APPEARANCES (Cont'd):

 2  For the Committee          Mark Fink, Esquire
    of Tort Claimants:         ROBINSON & COLE LLP
 3                             Chrysler East Building
                               666 Third Avenue, 20th Floor
 4                             New York, New York 10017

 5                                  - and -

 6
                               Stuart Lombardi, Esquire
 7                             WILLKIE FARR & GALLAGHER LLP
                               787 Seventh Avenue
 8                             New York, New York 10019

 9                                  - and -

10                             Heather Frazier, Esquire
                               GILBERT LLP
11                             700 Pennsylvania Avenue, Suite 400
                               Washington, DC 20003
12
    For Cyprus Historical      Tancred Schiavoni, Esquire
13  Excess Insurers:           Janine Panchok-Berry, Esquire
                               O'MELVENY & MYERS
14                             7 Times Square
                               New York, New York 10036
15
    For William Hart           Lisa Norman, Esquire
16  Plaintiffs:                ANDREWS MYERS, P.C.
                               1885 St. James Place, 15th Floor
17                             Houston, Texas 77056

18
    For TIG Insurance Co.:     George Calhoun, Esquire
19                             IFRAH PLLC
                               1717 Pennsylvania Avenue
20                             Washington, DC 20006

21
    For Aylstock, Witkin,      Robert Pfister, Esquire
22  Kreis & Overholtz:         KTBS LAW LLP
                               1801 Century Park East, 26th Floor
23                             Los Angeles, California 90067

24

25
```

MATTERS GOING FORWARD:

1. Motion of Certain Insurers for Protective Order [Docket No. 3364 – filed April 9, 2021

2. Motion of Holders of Talc Personal Injury Claims Represented By Arnold & Itkin LLP to Extend Discovery Deadlines and Permit Discovery of the Plan Proponents, Prime Clerk and Certain Third Parties Relating to the Solicitation and Voting With Respect to Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code [Docket No. 3425 – filed April 17, 2021]

3. Debtors' Motion to Quash or for a Protective Order in Connection with (I) J&J's Subpoena to Prime Clerk LLC for Production of Documents, Dated March 26, 2021, (II) J&J's Subpoena to Prime Clerk LLC for Production of Documents, Dated April 13, 2021, and (III) the Cyprus Historical Excess Insurers' Subpoena to Prime Clerk LLC for Production of Documents, Dated April 16, 2021 [Docket No. 3459 – filed April 21, 2021]

5. Motion of Holders of Talc Personal Injury Claims Represented by Arnold & Itkin LLP to Disregard Certain Vote Changes Made Without Complying with Bankruptcy Rule 3018, and the Required Showing of Cause in Connection with the Voting on the Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code [Docket No. 3624 – filed June 8, 2021]

**Ruling:  Matters Taken  Under Advisement**

DEBTORS' WITNESS(s):

**ERIC DANNER**

    Direct Examination by Mr. Salerno          30

    Cross Examination by Mr. Pfister           45

    Cross Examination by Mr. Plevin            47

    Cross Examination by Mr. Tsekerides        60

1    Cross Examination by Ms. Sarkessian        61
2    Redirect Examination by Mr. Salerno        64
3

4   EXHIBITS                                I.D.      REC'D
5   Declaration of Eric Danner                          33

1  know exactly what that means.  It's not a -- it cannot be used
2  as a way to look at coverage disputes; I'm not going to permit
3  that.
4        MS. FRAZIER:  Understood.  Okay, topics 3 and 4.
5  And now I've added a number in my notes, so now my numbers are
6  off.  Okay, so we're on 3.  Accounting treatment and reserves,
7  as well as reinsurance, are kind of the same issue.
8        THE COURT:  Uh-huh.
9        MS. FRAZIER:  The topic (indiscernible) we're
10 seeking to determine whether they believe that they have
11 liability here.  And where the insurer has denied coverage or
12 refused to defend, the facts of a reserve has been -- courts
13 have found is relevant to show that the insurer at least
14 acknowledged the potential for coverage.
15       THE COURT:  Well, but don't --
16       MS. FRAZIER:  Here --
17       THE COURT:  -- don't they have to set reserves in
18 certain circumstances and what does that -- I did read some of
19 these cases and -- that people cited to me and I don't
20 understand how the setting of a reserve by an insurance
21 company is an issue with respect to plan confirmation.
22       This talks about -- it reflects an assessment --
23 well, first of all, a lot of it says it's probably privileged,
24 but I agree that you can't get the privileged information and
25 you're going to have a lot of that.  But one of these cases,

1  even in the coverage cases, they say this is usually
2  irrelevant and not discoverable, and they talk about the need
3  to set reserves for accounting purposes, the need to set
4  reserves for maybe regulatory purposes.  So how does that have
5  anything to do with confirmation?
6           MS. FRAZIER:  I think here where the insurers have
7  contended, as they do in their papers, that the plan and
8  disclosure statement have led to an explosion of claims and
9  have inflated their potential liability for, you know,
10 whatever an explosion means --
11          THE COURT:  It means going from 20,000 to 80,000.
12          MS. FRAZIER:  But if they had planned to pay their
13 full limits, if they reserved and knew that these talc claims
14 were going to erode the entirety of the policy, what's the
15 objection?  It makes no material difference to them.
16          THE COURT:  Well, maybe it doesn't, but I'm trying
17 to explain how it's relevant -- I'm trying to understand how
18 it's relevant to confirmation.  I think I had the same
19 distinction with J&J.  Historical settlement, I said yes;
20 projections, J&J's internal, I said no.  It's the same sort of
21 thing here.  Internal to the insurance companies, their
22 setting reserves, like a prudent businessperson might or
23 they're regulatorily required, I don't understand how that's
24 relevant to confirmation.
25          Now, if the insurance companies end up filing some

1  objection and putting in value information, and they use this
2  information and they give it to an expert, that's different,
3  that's different, then it's going to be discoverable.  But how
4  is it relevant to confirmation and the plan proponents'  --
5  the plan proponents' burden under 1129?
6           MS. FRAZIER:  I think if Your Honor is willing to
7  allow us to reserve our rights to the extent to, say, present
8  the type of evidence that you just described, I think we're
9  fine with that as to reserves and reinsurance information.
10          THE COURT:  Absolutely, and I think the insurance
11 companies should know that.  If they're going to put their
12 information at issue, then it's going to be discoverable.
13          MS. FRAZIER:  Okay.  So that's -- we're all the way
14 through 6, we're moving right along.
15          Okay, so numbers 7 and 8, this is kind of the core
16 of the dispute.  Reasons that you contend the plan is not
17 insurance-neutral; and, to the extent you assert or plan to
18 assert an objection to the plan or any other plan documents,
19 what's the basis for that objection.
20          And this is what I talked about at the very
21 beginning.  We're not seeking privileged information, we're
22 not seeking legal conclusions, we're not seeking your
23 analysis, but there are facts that underlie these contentions,
24 just as the type of facts that I described earlier with regard
25 to the explosion in claims.  The insurers have made many,

1                           CERTIFICATE
2
3       We certify that the foregoing is a correct transcript
4  from the electronic sound recording of the proceedings in the
5  above-entitled matter.
6
   /s/Mary Zajaczkowski                 June 23, 2021
7  Mary Zajaczkowski, CET**D-531
8
   /s/Coleen Rand                       June 23, 2021
9  Coleen Rand, AAERT Cert. No. 341
10
   /s/William J. Garling                June 23, 2021
11 William J. Garling, CE/T 543
12
   /s/ Tracey J. Williams               June 23, 2021
13 Tracey J. Williams, CET-914
14
15
16
17
18
19
20
21
22
23
24
25