# EXHIBIT C

```
 1                      UNITED STATES BANKRUPTCY COURT
                             DISTRICT OF DELAWARE
 2
                                         .      Chapter 11
 3    IN RE:                             .
                                         .      Case No. 20-10343 (LSS)
 4    BOY SCOUTS OF AMERICA AND          .
      DELAWARE BSA, LLC,                 .
 5                                       .
                                         .      Courtroom No. 2
 6                                       .      824 North Market Street
                                         .      Wilmington, Delaware 19801
 7                                       .
                             Debtors.    .      Monday, October 25, 2021
 8    . . . . . . . . . . . . . . . . .         11:00 A.M.

 9                   TRANSCRIPT OF TELEPHONIC RULING
              BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
10                    UNITED STATES BANKRUPTCY JUDGE

11    APPEARANCES:

12    For the Debtor:           Derek Abbott, Esquire
                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
13                              1201 North Market Street, 16th Floor
                                Wilmington, Delaware 19899
14

15

16

17    Audio Operator:           Jason Spencer, ECRO

18    Transcription Company:    Reliable
                                1007 N. Orange Street
19                              Wilmington, Delaware 19801
                                (302)654-8080
20                              Email:  gmatthews@reliable-co.com

21
      Proceedings recorded by electronic sound recording; transcript
22    produced by transcription service.

23

24

25
```

1  focused on the mediation privilege, and the debtors and the
2  objectors focus mostly on 1129(a)(3) and the TDP's.
3            All objectors preliminarily argued, however, that
4  the request for a protective order is premature, requests an
5  advisory opinion or as more in the nature of a motion *in*
6  *limine*.  They argue that no specific discovery requests are
7  before me and no motions to compel have been filed.
8            As relayed to me at argument, in fact, further
9  discovery requests were recently propounded and responses were
10 filed the day before the hearing.  Understandably, then,
11 parties propounding the discovery did not have the opportunity
12 to review those responses in detail nor to meet and confer.
13           I agree with the objectors that the portion of
14 debtors' motions requesting rulings on admissibility of
15 evidence or premature.  I will not make these rulings divorced
16 from context.  It appears that debtors seek to have me bless
17 or not the adequacy of the record they will make at
18 confirmation.  On at least two occasions during argument Mr.
19 Kurtz stated that debtors have nothing to hide and are willing
20 to and want to put in all evidence and make any record that
21 the court wants at confirmation.
22           Debtors are confused.  Debtors, not the court, must
23 determine what record they need to make or at least offer to
24 obtain an order confirming their plan.  I will consider the
25 admissibility of evidence and any objections to it at trial or

1   perhaps on any motion *in limine* once objections to the plan
2   are filed and the issues are definitively framed.
3            The discovery dispute related to the TDP's has
4   crystalized over the last few months and I can address it.  To
5   start let me contrast the request before me now to the
6   privilege issues raised at the RSA hearing.  There I was asked
7   to find not only that the RSA was the product of debtors'
8   business judgment, a Section 363 standard, but also that the
9   RSA was negotiated in good faith.
10           I questioned what the term "good faith" meant in
11  the context of approving the RSA as it was not part of the
12  relevant standard.  The RSA parties then withdrew their
13  request for a good faith finding and I proceeded with the
14  hearing only on business judgement.  The standard before me at
15  the RSA hearing was whether debtors were reasonably informed
16  when making the decision to enter into the RSA. I addressed
17  admissibility issues and privilege assertions at the hearing
18  and in that context.
19           A debtors entry into an RSA is entirely different
20  then a debtor proposing a plan.  Entry into an RSA, while not
21  an insignificant undertaking, is, in any real sense, only an
22  interim measure.  As I said at that time debtors could file
23  the plan envisioned by the RSA without permission from the
24  court.  Now with discovery addressed to confirmation there are
25  two aspects to the context in which the privileged decisions

1        Third, debtors do not suggest that evidence with
2 respect to the negotiation of the trust distribution
3 procedures is otherwise available from another source outside
4 the mediation process; accordingly, I deny debtors' motion to
5 the extent that debtors seek to shield discovery
6 communications, oral and written, regarding the trust
7 distribution procedures, based on the mediation privilege.
8        I make no ruling as to admissibility at this time.
9        I also deny the motion, but without prejudice, with
10 respect to debtors' other requests.  I find them to be
11 premature.
12        No objector has brought discovery disputes
13 regarding the Hartford settlement agreement or the TCJC
14 settlement agreement, and at argument, certain objectors
15 suggested such challenges would not be forthcoming.
16        I will deal with any objections as they arise and
17 when I have context.  Such disputes should be brought to me
18 promptly.  These more traditional two-party disputes may be
19 evaluated differently.
20        And that concludes my ruling on the debtors' motion
21 for protective order.
22        The second motion in front of me last Tuesday was
23 Century's motion, seeking discovery from Eric Green and his
24 company, Resolutions, LLC.  Debtors proposed Professor Green
25 to be one of the three mediators.  Ultimately, I did not

1     (No verbal response)
2          THE COURT:  Then thank you, everyone.
3          We are adjourned.
4          COUNSEL:  Thank you, Your Honor.
5     (Proceedings concluded at 11:34 a.m.)
6
7                      CERTIFICATE
8
9     We certify that the foregoing is a correct transcript
10 from the electronic sound recording of the proceedings in the
11 above-entitled matter.
12
13 /s/Mary Zajaczkowski                October 25, 2021
   Mary Zajaczkowski, CET**D-531
14
15 /s/William J. Garling               October 25, 2021
   William J. Garling, CE/T 543
16
17
18
19
20
21
22
23
24
25