# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## CENTURY'S NOTICE OF DEPOSITION OF THE AD HOC COMMITTEE OF LOCAL COUNCILS PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TO**: The Ad Hoc Committee of Local Councils (the "AHCLC")
c/o R. Craig Martin
1201 North Market Street, Suite 1200, Wilmington, Delaware 19801 -and-
c/o Richard G. Mason, Douglas K. Mayer, Joseph C. Celentino
51 West 52nd Street, New York, New York, 10019

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to these proceedings by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America ("Century") shall take the deposition of the AHCLC in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

The deposition will commence on **November 23, 2021 at 9:00 a.m.** (Prevailing Eastern Time) either at the offices of **O'Melveny & Myers LLP** at Times Square Tower, 7 Times Square, New York, New York 10036, or be conducted by remote video conference, or at such other time and place as may be agreed upon by counsel.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules, AHCLC is required to designate one or more representatives, members, or other persons who will testify on their behalf with respect to each of the topics listed below. Century reserves all rights, including, but not limited to, the rights to take additional depositions of AHCLC and others and to expand the deposition topics listed below.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths, by remote video conference, and may be recorded by videographer and/or by stenographic means.

**PLEASE TAKE FURTHER NOTICE** that:

1. The deposition will be conducted either in person or remotely, using audio-visual conference technology;

2. The court reporter will either report the deposition from the same location as the witness or a location separate from the witness and will remotely administer the oath to the witness;

3. Counsel for the parties and their clients will participate either from the same location or from separate locations;

4. The witness may be required to provide government-issued identification, which must be legible on camera;

5. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6. All exhibits will be provided simultaneously and, if the deposition is conducted remotely, electronically to the witness and all participants;

7. The court reporter will record the testimony;

8.  The deposition may be recorded by stenographic, electronic, and/or visual means; and

9.  Counsel for all parties will be required to stipulate on the record their consent to this manner of deposition and their waiver of any objection to this manner of taking the deposition, including any objection to the admissibility at trial of this testimony based on the manner of remote deposition taking.

**DEFINITIONS**

1.  For the purposes of this Notice of Deposition, the following Definitions shall apply:

2.  "Abuse Claim" shall have the meaning ascribed in the Plan.

3.  "Attorney" means any lawyer who indicated in a Claim Form Signature Page (page 12 of the Claim Form) that she or he is a Claimant's attorney.

4.  "Brown Rudnick LLP" means Brown Rudnick LLP, including its individual members and any attorneys, representatives, consultants, advisors, or anyone acting on its behalf.

5.  "Coalition" means the Coalition of Abused Scouts for Justice, an *ad hoc* committee that filed a notice of appearance in these Chapter 11 Cases on July 24, 2020 at Docket No. 1040.

6.  "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

7.  "Claim Form" means any Sexual Abuse Survivor Proof of Claim Form submitted in these Chapter 11 Cases.

8.  "Communication" means the transmittal of information (in the form of facts, ideas, beliefs, inquiries, documents, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions,

letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9. "Debtors" means Boy Scouts of America and Delaware BSA, LLC and each of their attorneys.

10. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the

margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

11. "Expedited Distribution Plan" shall have the meaning ascribed to that term in the Plan.

12. "Local Councils" means, collectively, the local councils of the Boy Scouts of America, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on a Local Councils' behalf.

13. "Person" means an individual, a firm, a corporation, or other entity as the context requires.

14. "Plan" means any plan of reorganization for the Debtors, including, but not limited to, the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [ECF No. 6443] (as may be modified, amended, or supplemented from time to time).

15. "POC" means any claims against the Debtors based on Abuse filed in these Chapter 11 Cases using the Sexual Abuse Survivor Proof of Claim Form.

16. "Restructuring Support Agreement" shall have the meaning ascribed to that term in *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Docket No. 5466, Ex. 1].

17. "Settlement Trust" shall have the meaning ascribed to that term in the Plan.

18. "Settlement Trustee" shall have the meaning ascribed to that term in the Plan.

19. "TDPs" means "Trust Distribution Procedures" and has the meaning provided in the Plan.

20. "You" and "Your" and variants thereof means the Ad Hoc Committee of Local Councils, each Local Council that is a member of the Ad Hoc Committee of Local Councils and each of their attorneys, representatives, consultants, advisors or anyone acting on behalf of the Ad Hoc Committee of Local Councils.

### Rule 30(b)(6) Deposition Topics

1. Any Abuse Claim against any Local Council.[2]

2. Any Abuse Claim against any Chartered Organization.

3. Any Communications or Documents, analyses, models, disclosures, or representations provided by Debtors and/or any Related Non-Debtor Entities related to the financial impact of Abuse Claims.

4. Any Communications or Documents related to claim amounts identified in the TDPs.

5. All prior iterations or drafts of the TDPs.

6. Any Communications or Documents related to the POCs and any source Documents collected associated with the POCs, and Communications with Local Councils regarding POCs that are not in your possession, custody or control in the event they are not privileged communications.

7. Any Communications related to troop rosters in the possession of BSA or any Local Council.

8. Any Communications or Documents related to camping logs in possession of BSA or any Local Council.

---

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the *Propounding Insurers' First Requests for Production of Documents Directed to the Ad Hoc Committee of Local Councils* dated October 8, 2021.

9. The drafting history of the Settlement Trust and the Settlement Trust Agreement.

10. Any Communications or Documents related to any position or analysis undertaken by the AHCLC regarding the fairness or equitability of the Settlement Trust or the Trust Distribution Procedures, including the values, tiers, value of each tier, and scaling factors set forth therein.

11. Any Communications or Documents related to positions or analysis undertaken by the AHCLC regarding the fairness, reasonableness, and propriety of the Expedited Distribution payment plan under the Trust Distribution Procedures.

12. Any relevant Communications, Documents, or information the AHCLC has regarding prevention and detection of fraud, auditing and other procedures to detect and prevent the allowance of Abuse Claims based on fraudulent Trust Claim Submissions contained in the TDPs or to be implemented under the TDPs to the extent it is not included in publicly-filed TDPs.

13. Communications between any claimant, on the one hand, and BSA or any Local Council, on the other hand, Concerning any Abuse Claim.

14. Communications with any Chartered Organization or Local Councils Concerning any allegation or claim that a Chartered Organization or Local Council has responsibility or liability for pre-Petition claims of sexual abuse.

15. The Abuse Claims values identified in the TDPs, including the values of claims described in the Claims Matrix for Direct Abuse Claims, as defined by the Plan.

16. The selection of the Settlement Trustee.

17. The Plan, including drafting history and any prior iterations of the Plan.

18. The Plan Supplement, or any portion of the Plan Supplement, including the Document Agreement.

19. Any request that anyone support a motion, application, or inclusion of a provision in the Plan and/or the Restructuring Support Agreement that calls for the payment of money to any of the Coalition's professionals or lawyers, including Brown Rudnick LLP, for its fees and/or costs.

20. The AHCLC's bylaws or governance procedures.

21. Formation and membership of the AHCLC.

22. Your document retention policies and practices, including but not limited to the period over which You retain electronic communications.

23. Document retention policies and Document productions of Local Councils, including AHCLC's efforts to assist with searching for and identifying Documents in connection with Century's subpoenas of the following Local Councils:

   a) Atlanta Area Council, BSA

   b) Baltimore Area Council, BSA

   c) California Inland Empire Council, BSA

   d) Cascade Pacific Council, BSA

   e) Circle Ten Council, BSA

   f) Cradle Of Liberty Council, BSA

   g) Crossroads Of America Council, BSA

   h) Crossroads Of The West Council, BSA

   i) Golden Empire Council, BSA

   j) Golden Gate Area Council, BSA

   k) Grand Canyon Council, BSA

   l) Greater Los Angeles Area Council, BSA

    m)    Greater New York Council, BSA

    n)    Greater Stlouis Area Council, BSA

    o)    Greater Tampa Bay Area Council, BSA

    p)    Heart Of America Council, BSA

    q)    Lake Erie Council, BSA

    r)    Longhorn Council, BSA

    s)    Michigan Crossroads Council, BSA

    t)    National Capital Area Council, BSA

    u)    Northern New Jersey Council, BSA

    v)    Pathway To Adventure Council, BSA

    w)    Sam Houston Area Council, BSA

    x)    South Florida Council, BSA

    y)    Spirit Of Adventure Council, BSA

24.    AHCLC's responses to *The Propounding Insurers' First Set of Requests for the Production of Documents to the Ad Hoc Committee of Local Councils*, including AHCLC's Documents produced in response thereto and AHCLC's efforts to search for and identify Documents responsive thereto.

25.    AHCLC's responses to *The Propounding Insurers' First Set of Interrogatories to the Ad Hoc Committee of Local Councils*.

Dated: November 12, 2021

*Respectfully Submitted,*

By: */s/ Stamatios Stamoulis*
     Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061
Email: tschiavoni@omm.com
dshamah@omm.com

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on all counsel of record, on this 12th day of November, 2021, in accordance with the Federal Rules of Civil Procedure.

*Stamatios Stamoulis*
Stamatios Stamoulis