**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CENTURY'S NOTICE OF DEPOSITION OF THE
COALITION OF ABUSED SCOUTS FOR JUSTICE PURSUANT TO
RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO:　The Coalition of Abused Scouts for Justice
　　　c/o Monzack Mersky Browder
　　　1201 North Orange Street, Suite 400, Wilmington, Delaware 19801

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to these proceedings by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America ("Century") shall take the deposition of the Coalition of Abused Scouts for Justice (the "Coalition") by the person(s) most qualified to testify on Debtors' behalf with respect to the topics described below.

The deposition will commence on **November 29, 2021 at 10:00 a.m** (Prevailing Eastern Time) either at the offices of **O'Melveny & Myers LLP** at Times Square Tower, 7 Times Square, New York, New York 10036 or be conducted by remote video conference, or at such other time and place as may be agreed upon by counsel.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules, the Coalition is required to designate one or more officers, directors, managing agents, or

1

other person who will testify on its behalf with respect to each of the topics below. Century reserves all rights, including, but not limited to, the right to take additional depositions of the Coalition and others, and to expand on the deposition topics listed below.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths, by remote video conference, and may be recorded by videographer and/or by stenographic means.

**PLEASE TAKE FURTHER NOTICE** that:

1. The deposition will be conducted either in person or remotely, using audio-visual conference technology;

2. The court reporter will either report the deposition from the same location as the witness or a location separate from the witness and will remotely administer the oath to the witness;

3. Counsel for the parties and their clients will participate either from the same location or from separate locations;

4. The witness may be required to provide government-issued identification, which must be legible on camera;

5. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6. All exhibits will be provided simultaneously and, if the deposition is conducted remotely, electronically to the witness and all participants;

7. The court reporter will record the testimony;

8. The deposition may be recorded by stenographic, electronic, and/or visual means; and

9. Counsel for all parties will be required to stipulate on the record their consent to this manner of deposition and their waiver of any objection to this manner of taking the deposition, including any objection to the admissibility at trial of this testimony based on the manner of remote deposition taking.

## DEFINITIONS

For the purposes of this Notice, the following Definitions shall apply:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation" and "including but not limited to." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. "Abuse Claim" shall have the meaning ascribed to that term in the Plan.

3. "Bates White" means Bates White, LLC, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

4. "Brown Rudnick" means Brown Rudnick LLP, including its individual members or partners and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

5. "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

6. "Coalition" means the Coalition of Abused Scouts for Justice, an *ad hoc* committee that filed a notice of appearance in these Chapter 11 Cases on July 24, 2020 at Docket No. 1040.

7. "Coalition Restructuring Expenses" shall have the meaning ascribed to that term in the Plan.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10. "Database" means any database, spreadsheet, dataset or similar file produced/accessible on Excel, Access, SAS, SQL, Stata, R Studio or other similar computer programs.

11. "Debtors" means Boy Scouts of America and Delaware BSA LLC, collectively and individually, as context requires and to encompass as broadly as possible responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

12. "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware, LLC* [Docket No. 6445] (as may be modified, amended, or supplemented from time to time).

13. "Document Agreement" shall have the meaning ascribed to that term in the Plan.

14. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, social media posts, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

15. "Firm" means each known Attorney representing holders of Abuse Claims.

16. "Future Abuse Claim" shall have the meaning ascribed to that term in the Plan.

17. "Future Claimants' Representative" or "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims and any attorneys, representatives, consultants, advisors or anyone acting on his behalf.

18. "Hartford" means Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company, and any attorneys, representatives, consultants, advisors or anyone acting on their behalf.

19. "KCIC" means KCIC, LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

20. "Plan" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443] (as may be modified, amended, or supplemented from time to time).

21. "Plan Supplement" shall have the meaning ascribed to that term in the Plan.

22. "Restructuring Support Agreement" shall have the meaning ascribed to that term in *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Docket No. 5466, Ex. 1].

23. "Settlement Trust" shall have the meaning ascribed to that term in the Plan.

24. "Settlement Trustee" shall have the meaning ascribed to that term in the Plan.

25. "TCJC" means The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole, including any affiliates, personnel, attorneys, representatives, consultants, advisors or anyone acting on its behalf.

26. "TCJC Settlement Agreement" shall have the meaning ascribed to the that term in the Plan.

27. "Trust Distribution Procedures" or "TDPs" shall have the meaning ascribed to the that term in the Plan.

28. The terms "You" or "Your" and variants thereof mean the "Coalition" and any attorneys, representatives, consultants, advisors or anyone acting on Your behalf.

29. Any capitalized terms not defined herein shall be given their meaning under the Plan.

### Rule 30(b)(6) Deposition Topics

1. Any current claim based on Abuse against any Local Council and/or Chartered Organization.

2. Communications between any claimant, on the one hand, and BSA or any Local Council, on the other hand, Concerning any Abuse Claim.

3. Communications with any Chartered Organization or Local Councils Concerning any allegation or claim that a Chartered Organization or Local Council has responsibility or liability for pre-Petition claims of sexual abuse.

4. Your analyses of Abuse Claims, Indirect Abuse Claims, Future Abuse Claims, or any other potential claims based on Abuse.

5. Any analysis of whether Abuse Claims are valid, or other assurances from any Attorney that the Abuse Claims are valid, before submitting a Master Ballot.

6. Any assessment, testing, or other work undertaken by You to verify the validity of the allegations made in the proofs of claim, both collectively and individually.

7. The TDPs and/or Settlement Trust, including (i) the tiers, (ii) the value of each tier, and/or (iii) the Scaling Factors, and (iv) any discretion granted, or to be granted under the Plan and/or TDPs to the Settlement Trustee.

8. All prior iterations of the TDPs.

9. All prior iterations of the Settlement Trust.

10. Your evaluation or assessment of the claims and claims values Concerning the TDPs and/or the Settlement Trust.

11. The Abuse Claims values identified in the TDPs, including the values of claims described in the Claims Matrix for Direct Abuse Claims, as defined by the Plan.

12. Any analysis of the actual or potential liability of the Debtors for Abuse Claims.

13. The Debtors' liquidation analysis.

14. Any Communications Concerning the Settlement Trust, including all Communications between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, other Protected Parties, and Limited Protected Parties related thereto.

15. The selection of the Settlement Trustee.

16. Any Abuse Claims asserted or alleged against TCJC.

17. The Plan, including prior iterations.

18. The Plan Supplement, or any portion of the Plan Supplement, including the Document Agreement.

19. Any request that anyone support a motion, application, or inclusion of a provision in the Plan and/or the Restructuring Support Agreement that calls for the payment of money to any of the Coalition's professionals or lawyers, including Brown Rudnick LLP, for its fees and/or costs.

20. Your document retention policies and practices, including but not limited to the period over which You retain electronic communications.

21. Any directive or instruction given by You or anyone else to Brown Rudnick or other Coalition member-firm lawyers and staff directing them to retain documents Concerning the Debtors and these Chapter 11 Cases.

22. Any Communications between You, on the one hand, and BSA, the FCR, any Local Council, Chartering Organization, or State Court counsel, on the other hand, Concerning the impact or effect of the Plan, Article IX.A.3.a – Article IX.A.3.t.

23. The value of the Expedited Distribution amount within the Plan, including how such value was determined.

24. The Coalition's bylaws or governance procedures.

25. The Coalition's responses to *The Propounding Insurers' First Set of Requests for the Production of Documents to the Coalition of Abused Scouts for Justice*, including the Coalition's Documents produced in response thereto and the Coalition's efforts to search for and identify Documents responsive thereto.

26. The Coalition's responses to *The Propounding Insurers' First Set of Interrogatories to the Coalition of Abused Scouts for Justice*.

27. The Coalition's responses to *Century's First Set of Interrogatories to the Coalition of Abused Scouts for Justice*.

Dated: November 12, 2021

*Respectfully Submitted,*

By: */s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061
Email: tschiavoni@omm.com
dshamah@omm.com

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on all counsel of record, on this 12th day of November, 2021, in accordance with the Federal Rules of Civil Procedure.

*Stamatios Stamoulis*
Stamatios Stamoulis