# EXHIBIT 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

## ZURICH INSURERS' RESPONSES AND OBJECTIONS TO
## THE DEBTORS' NOTICE OF DEPOSITION OF ZURICH

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"), hereby respond and object to Debtors' Notice of Deposition of the Zurich Insurers pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 6886, the "Notice").

### General Objections

1.      Any testimony provided by the Zurich Insurers in response to the Notice will only be on behalf of American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company, and not on behalf of any other person or entity.

2.      The Zurich Insurers reserve the right to object to the date and time noticed for the deposition, November 17, 2021 at 9:00 a.m. Eastern time, which Debtors selected without consulting with the Zurich Insurers or their counsel.  The Zurich Insurers' witness and counsel anticipate that they can be available for a remote deposition on November 17, 2021 beginning at 10:30 a.m. Eastern time, assuming that agreement is reached between the Zurich Insurers and the TCC before then regarding the scope of the deposition and/or that any issues raised with

- 1 -

the Court about the scope of the deposition have been resolved by then.

3.      The Zurich Insurers object to each of the topics below to the extent that they purport to impose any requirement or discovery obligation upon the Zurich Insurers greater or different than those required or allowed by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

4.      The Zurich Insurers object to each of the topics below to the extent that they seek information whose disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between the Zurich Insurers and any of their policyholders or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

5.      The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to answer a contention interrogatory on the Zurich Insurers' behalf.  Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper.  *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means");

*American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

6.      The Zurich Insurers object to each of the topics below to the extent that the topic would require the Zurich Insurers' 30(b)(6) witness to provide legal conclusions. *See, e.g., Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017); *see* Transcript of Hearing at 241:5-7, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) (ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

7.      The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to disclose communications or information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule (including, without limitation, with respect to communications with, or information exchanged with, other insurers and their counsel), and the mediation privilege (including, without limitation, with respect to communications with, or information exchanged with, Debtors, the TCC, the FCR, or the mediator in connection with the Zurich Insurers' mediation with the aforementioned parties).

## Responses and Objections to Specific Deposition Topics

The Zurich Insurers hereby respond and object to the deposition topics in the Notice as follows. As more specifically set forth below, numerous topics set forth in the Notice are irrelevant to issues that legitimately may be before the Court in the context of Debtors' request for confirmation of the Plan, or that otherwise are improper topics of Rule 30(b)(6)

deposition testimony.  Unless specifically noted below, the Zurich Insurers will designate a witness to testify only regarding the topics in the Notice to which no objection has been raised, and otherwise request that the Debtors withdraw each of the objectionable topics for the reasons set forth below.

Note that where the Zurich Insurers below state that they will "provide testimony, to the extent of the Zurich Insurers' knowledge, concerning" the particular topic in question, that is not a representation that the Zurich Insurers in fact have any knowledge concerning that topic.

In addition, the Zurich Insurers reserve all objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege, the attorney work-product doctrine, or the mediation privilege.

**Topic No. 1**:  The handling, investigation, evaluation, processing, adjusting, review, or determination of the Abuse Claims.

**Response to Topic No. 1**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the

common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it is vague and ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to discussions of past claims; and (viii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 2**:   The handling, investigation, evaluation, processing, adjusting, review, or determination of the BSA's historical sexual abuse claims.

**Response to Topic No. 2**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it is vague and ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 3**:   Procedures, practices and policies for valuing and/or evaluating sexual abuse claims generally.

**Response to Topic No. 3**:   In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vi) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 4**:   Any database, computer systems or other systems used to value or evaluate sexual abuse claims.

**Response to Topic No. 4**: In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vi) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 5**:  Procedures and practices for evaluating and valuing sexual abuse claims that are filed outside the statute of limitation, including any sexual abuse claims that were outside the statute of limitations that have settled.

**Response to Topic No. 5**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers'

handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it is vague and ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 6**:  The reserve amounts You set for Abuse Claims.

**Response to Topic No. 6**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning reserves set, maintained, or changed by the Zurich Insurers Concerning Abuse Claims is relevant, if at all,

only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 239:23-24, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021); (ii) on the grounds that it is vague, ambiguous, and overbroad, would impose undue burden, seeks discovery that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence, and is not proportional to the needs of the case; (iii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, or the common interest rule; (iv) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information constituting confidential commercial information, trade secrets, or other confidential, proprietary, or sensitive business information; (v) on the grounds that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (vi) on the grounds that it seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; and (vii) to the extent it purports to require the witness to testify on their behalf concerning communications and information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 7**:   Your contention that the Plan is not insurance neutral.

**Response to Topic No. 7**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is overbroad, unduly burdensome, premature, and not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit, particularly to the extent it improperly seeks legal conclusions or answers to contention interrogatories.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 8**:  The Trust Distribution Procedures.

**Response to Topic No. 8**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought

under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, without limiting the foregoing, the Zurich Insurers note that they did not draft the TDPs and were not consulted concerning the terms of the TDPs, and thus any questions about interpretation of the TDPs or its provisions would improperly seek legal conclusions or answers to contention interrogatories.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 9**:   The Plan Settlements, including the JPM/Creditors' Committee Settlement, TCJC Settlement and the Hartford Insurance Settlement.

**Response to Topic No. 9**:   In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, without limiting the foregoing, the Zurich Insurers note that they are not parties to any of the Plan Settlements, did not draft any of the Plan Settlements, and were not consulted concerning any of the Plan

Settlements, and thus any questions about interpretation of any of the Plan Settlements or their provisions would improperly seek legal conclusions or answers to contention interrogatories.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 10**: Any Documents or Communications exchanged between You and the TCC relating to the Plan or any drafts or edits of potential plans of reorganization.

**Response to Topic No. 10**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but excluding all Documents or Communications

made or received by the Zurich Insurers that (i) are subject to any privilege, including, without limitation, the common-interest privilege or (ii) were made in pleadings filed on the public docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 11**: Your contention that the Plan was not filed in good faith.

**Response to Topic No. 11**: In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is overbroad, unduly burdensome, premature, and not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit. In particular, without limiting the foregoing, the Zurich Insurers note that they did not draft the Plan and were not consulted concerning the terms of the Plan, and thus any questions about whether the Plan was filed in good faith would improperly seek legal conclusions or answers to contention interrogatories.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 12**: Your contention that the Trust Distribution Procedures were not filed in good

- 14 -

faith.

**Response to Topic No. 12**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich

Insurers and the witness, because the discovery sought under this topic is overbroad, unduly

burdensome, premature, and not proportional to the needs of the case, including because the

burden or expense of the proposed discovery outweighs its likely benefit.  In particular, without

limiting the foregoing, the Zurich Insurers note that they did not draft the TDPs and were not

consulted concerning the terms of the TDPs, and thus any questions about whether the TDPs

were filed in good faith would improperly seek legal conclusions or answers to contention

interrogatories.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 13**: Any Documents or Communications exchanged between You and any insurer of

the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**Response to Topic No. 13**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as

written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but excluding all Documents or Communications made or received by the Zurich Insurers that (i) are subject to any privilege, including, without limitation, the common-interest privilege or (ii) were made in pleadings filed on the public docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 14**:  Any Document or Communications exchanged between You and any Chartered Organization of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

**Response to Topic No. 14**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as

written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but excluding all Documents or Communications made or received by the Zurich Insurers that (i) are subject to any privilege, including, without limitation, the common-interest privilege or (ii) were made in pleadings filed on the public docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 15**:  Any Document or Communications exchanged between You and any Local Council of the BSA concerning the Plan or any drafts or edits of potential plans of reorganization.

> **Response to Topic No. 15**:

In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent

that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Any

Documents or Communications exchanged" is not a sufficiently specific topic to permit a

witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich

Insurers to designate a witness to testify on their behalf concerning communications and other

information protected by the attorney-client privilege, the attorney work-product rule, the

common interest rule, the joint defense privilege, the mediation privilege, or any other applicable

protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify

concerning communications and other information constituting trade secrets or other

confidential, proprietary, or sensitive business information; and (iv) would impose undue

burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is

relevant, if at all, only to insurance coverage disputes that are not at issue during the

confirmation proceedings.

  Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will

designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich

Insurers' knowledge concerning this topic, but excluding all Documents or Communications

made or received by the Zurich Insurers that (i) are subject to any privilege, including, without

limitation, the common-interest privilege or (ii) were made in pleadings filed on the public

docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 16**:  Any Document or Communications exchanged between You and any attorney

representing one or more holders of Abuse Claims of the BSA concerning the Plan or any drafts

or edits of potential plans of reorganization.

  **Response to Topic No. 16**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but excluding all Documents or Communications made or received by the Zurich Insurers that (i) are subject to any privilege, including, without limitation, the common-interest privilege or (ii) were made in pleadings filed on the public docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 17**:  The Liquidation Analysis, including any Documents or Communications exchanged between You, the TCC, any Local Council of the BSA, any Charter Organization of the BSA, and/or any attorney representing one or more holders of an Abuse Claim relating to the liquidation value of the Debtors or any Local Council.

**Response to Topic No. 17**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that the term "Liquidation Analysis" is not defined in the Notice; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.  The Zurich Insurers represent that they did not exchange any Documents or Communications with the TCC, any Local Council of the BSA, any Charter Organization of the BSA, and/or any attorney representing one or more holders of an Abuse Claim relating to the liquidation value of the Debtors or any Local Council.

**Topic No. 18**:  The Liquidation Analysis, including any Documents or Communications exchanged between You and any other insurer of the BSA relating to the liquidation value of the Debtors or any Local Council.

**Response to Topic No. 18**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as

written, in that the term "Liquidation Analysis" is not defined in the Notice; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.  The Zurich Insurers represent that they did not exchange any Documents or Communications with any other insurer of the BSA relating to the liquidation value of the Debtors or any Local Council.

**Topic No. 19**:  The Documents produced by You in response to any Requests for Production served on You in connection with the Chapter 11 Cases.

**Response to Topic No. 19**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Documents produced by You" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the

common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving, these objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge, concerning this topic, but limited to authenticating any documents produced by the Zurich Insurers You in response to any Requests for Production served on the Zurich Insurers in connection with the Chapter 11 Cases.

**Topic No. 20**:  Your contention that the Plan may not be feasible.

**Response to Topic No. 20**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is overbroad, unduly burdensome, premature, and not proportional to the needs of the case, including because the

burden or expense of the proposed discovery outweighs its likely benefit; and would require a

witness to give testimony based entirely on speculation.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 21**:  Any Document or Communications exchanged between You and any Chartered

Organization of the BSA concerning the feasibility of the Plan.

   **Response to Topic No. 21**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as

written, in that "Any Documents or Communications exchanged" is not a sufficiently specific

topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to

require the Zurich Insurers to designate a witness to testify on their behalf concerning

communications and other information protected by the attorney-client privilege, the attorney

work-product rule, the common interest rule, the joint defense privilege, the mediation privilege,

or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require

the witness to testify concerning communications and other information constituting trade

secrets or other confidential, proprietary, or sensitive business information; and (iv) would

impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks

discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during

the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.  The Zurich Insurers represent that they did not exchange any

Documents or Communications with any Chartered Organization of the BSA concerning the feasibility of the Plan.

**Topic No. 22**:  Any Document or Communications exchanged between You and any Local Council of the BSA concerning the feasibility of the Plan.

 **Response to Topic No. 22**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

 The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.  The Zurich Insurers represent that they did not exchange any Documents or Communications with any Local Council of the BSA concerning the feasibility of the Plan.

**Topic No. 23**:  Any Documents or Communications exchanged between You and any insurer of the BSA concerning the feasibility of the Plan.

**Response to Topic No. 23**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Any Documents or Communications exchanged" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.  The Zurich Insurers represent that they did not exchange any non-privileged Documents or Communications with any insurer of the BSA concerning the feasibility of the Plan.

**Topic No. 24**:  Any Document or Communications exchanged between You and any attorney representing one or more holders of Abuse Claims of the BSA concerning the feasibility of the

Plan.

**Response to Topic No. 24**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as

written, in that "Any Documents or Communications exchanged" and "Abuse Claims of the

BSA" are not sufficiently specific to permit a witness to prepare to testify on behalf of the

Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on

their behalf concerning communications and other information protected by the attorney-client

privilege, the attorney work-product rule, the common interest rule, the joint defense privilege,

the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality;

(iii) purports to require the witness to testify concerning communications and other information

constituting trade secrets or other confidential, proprietary, or sensitive business information;

and (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the

topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at

issue during the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.  The Zurich Insurers represent that they did not exchange any

Documents or Communications with any attorney representing one or more holders of Abuse

Claims against the BSA concerning the feasibility of the Plan

DATED:  November 3, 2021

_/s/ Robert D. Cecil, Jr._
Robert D. Cecil, Jr.
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail:  mplevin@crowell.com, k
cacabelos@crowell.com

Clifford J. Zatz (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email:  czatz@crowell.com,
tyoon@crowell.com, rjankowski@crowell.com

Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

906339353