# EXHIBIT 4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

## ZURICH INSURERS' RESPONSES AND OBJECTIONS OF TO THE TCC'S NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"), hereby respond and object to the Official Committee of Tort Claimants' Notice of Deposition Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of the Zurich Insurers (the "Notice," Dkt. No. 6829).

### <u>General Objections</u>

1.      Any testimony provided by the Zurich Insurers in response to the Notice will only be on behalf of American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company, and not on behalf of any other person or entity.

2.      The Zurich Insurers reserve the right to object to the date and time noticed for the deposition, November 17, 2021 at 9:00 a.m. Eastern time, which the TCC selected without consulting with the Zurich Insurers or their counsel.  The Zurich Insurers' witness and counsel anticipate that they can be available for a remote deposition on November 17, 2021 beginning at 10:30 a.m. Eastern time, assuming that agreement is reached between the Zurich Insurers and

the TCC before then regarding the scope of the deposition and/or that any issues raised with the Court about the scope of the deposition have been resolved by then.

3.      The Zurich Insurers object to each of the topics below to the extent that they purport to impose any requirement or discovery obligation upon the Zurich Insurers greater or different than those required or allowed by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

4.      The Zurich Insurers object to each of the topics below to the extent that they seek information whose disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between the Zurich Insurers and any of their policyholders or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

5.      The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to answer a contention interrogatory on the Zurich Insurers' behalf.  Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper.  *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories,

which, to the extent discoverable at all prior to trial, must be discovered by other means");

*American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995)

(when deposing counsel requested a description of the "facts and documents which [the

opposing party] contends supports" each of its affirmative defenses, deposing counsel "was

asking questions that intruded upon protected work product; in effect, what [deposing counsel]

was requesting was insight into [the opposing side's] defense plan").

6.      The Zurich Insurers object to each of the topics below to the extent that

the topic would require the Zurich Insurers' 30(b)(6) witness to provide legal conclusions. *See,*

*e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017);

*see* Transcript of Hearing at 241:5-7, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021)

(ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

7.      The Zurich Insurers object to each of the topics below to the extent that

the topic purports to require a witness to disclose communications or information that is

protected by the attorney-client privilege, the attorney work-product rule, the common interest

rule (including, without limitation, with respect to communications with, or information

exchanged with, other insurers and their counsel), and the mediation privilege (including,

without limitation, with respect to communications with, or information exchanged with,

Debtors, the TCC, the FCR, or the mediator in connection with the Zurich Insurers' mediation

with the aforementioned parties).

8.      The Zurich Insurers object to the Notice, and each of the topics below, as

unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, to the

extent that the Notice purports to define "Debtors" to include unidentified and/or

unidentifiable persons or entities other than Debtors themselves.

9.      The Zurich Insurers object to the Notice, and each of the topics below, as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, to the extent that the Notice purports to define "Applicable Insurance Policies" to include insurance policies issued by the Zurich Insurers to unidentified and/or unidentifiable persons or entities other than debtors Boy Scouts of America and Delaware BSA LLC.

### Responses and Objections to Specific Deposition Topics

The Zurich Insurers hereby respond and object to the deposition topics in the Notice as follows.  As more specifically set forth below, numerous topics set forth in the Notice are irrelevant to issues that legitimately may be before the Court in the context of Debtors' request for confirmation of the Plan, or that otherwise are improper topics of Rule 30(b)(6) deposition testimony.  Unless specifically noted below, the Zurich Insurers will designate a witness to testify only regarding the topics in the Notice to which no objection has been raised, and otherwise request that the TCC withdraw each of the objectionable topics for the reasons set forth below.

Note that where the Zurich Insurers below state that they will "provide testimony, to the extent of the Zurich Insurers' knowledge, concerning" the particular topic in question, that is not a representation that the Zurich Insurers in fact have any knowledge concerning that topic.

In addition, the Zurich Insurers reserve all objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege, the attorney work-product doctrine, or the mediation privilege.

**Topic No. 1**:  The Plan, including, but not limited to, the effect of the Plan on Your rights or

obligations (including without limitation inter-insurer contribution claims).

**Response to Topic No. 1**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings; (v) would impose undue burdens on the

Zurich Insurers and the witness, because the discovery sought under this topic is not

proportional to the needs of the case, including because the burden or expense of the proposed

discovery outweighs its likely benefit; and (vi) is premature.  In particular, without limiting the

foregoing, the Zurich Insurers note that they did not draft the Plan and were not consulted

concerning the terms of the Plan, and thus any questions about interpretation of the Plan or its

provisions would improperly seek legal conclusions or answers to contention interrogatories.

Moreover, the Zurich Insurers are presently taking discovery of Debtors and others to try to

determine what effect, if any, the Plan will or may have on the Zurich Insurers' rights or

obligations.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 2**:  The Settlement Trust, including, but not limited to, the effect of the Settlement

Trust on Your rights or obligations (including without limitation inter-insurer contribution

claims).

**Response to Topic No. 2**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings; (v) would impose undue burdens on the

Zurich Insurers and the witness, because the discovery sought under this topic is not

proportional to the needs of the case, including because the burden or expense of the proposed

discovery outweighs its likely benefit; and (vi) is premature.  In particular, without limiting the

foregoing, the Zurich Insurers note that they did not draft the Settlement Trust and were not

consulted concerning the terms of the Settlement Trust, and thus any questions about

interpretation of the Settlement Trust or its provisions would improperly seek legal conclusions

or answers to contention interrogatories.  Moreover, the Zurich Insurers are presently taking

discovery of Debtors and others to try to determine what effect, if any, the Settlement Trust will

or may have on the Zurich Insurers' rights or obligations.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 3**:  The Trust Distribution Procedures.

**Response to Topic No. 3**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) is premature.  In particular, without limiting the foregoing, the Zurich Insurers note that they did not draft the TDPs and were not consulted concerning the terms of the TDPs, and thus any questions about interpretation of the TDPs or its provisions would improperly seek legal conclusions or answers to contention interrogatories.  Moreover, the Zurich Insurers are presently taking discovery of Debtors and others to try to determine what effect, if any, the TDPs will or may have on the Zurich Insurers' rights or obligations.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 4**:   The BSA Plan Settlements, including the TCJC Settlement and the Hartford Insurance Settlement.

**Response to Topic No. 4**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) is premature.  In particular, without limiting the foregoing, the Zurich Insurers note that they are not parties to any of the BSA Plan Settlements, did not draft any of the BSA Plan Settlements, and were not consulted concerning any of the BSA Plan Settlements, and thus any questions about interpretation of any of the BSA Plan Settlements or their provisions would improperly seek legal conclusions or answers to contention interrogatories.  Moreover, the Zurich Insurers are presently taking discovery of Debtors and others to try to determine what effect, if any, the BSA Plan Settlements will or may have on the Zurich Insurers' rights or obligations.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 5**:  The Abuse Claims, including, but not limited to, (a) all Analyses of Abuse Claims; (b) the value of Abuse Claims; (c) all estimates of the numbers of Survivors and/or Perpetrators; and (d) insurance coverage for Abuse Claims.

**Response to Topic No. 5**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) seeks discovery that is not relevant to any of the issues related to whether the Plan should be confirmed; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

The Zurich Insurers further object on the grounds that the term "Abuse Claim," as defined in the Notice, relates only to claims that would be presented and paid, if at all, in the future, if the Plan is confirmed.  Accordingly, this Topic is objectionable as vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, premature, and would require a witness to give testimony based entirely on speculation.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 6**:  Any Indirect Abuse Claim You assert or may assert against the Debtors, including, but not limited to, the value or amount of such Indirect Abuse Claim.

**<u>Response to Topic No. 6</u>**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, the Zurich Insurers have not asserted any Indirect Abuse Claim against the Debtors, and cannot, without engaging in speculation, provide testimony about any Indirect Abuse Claim that the Zurich Insurers "may assert" against the Debtors in the future.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**<u>Topic No. 7</u>**:   All Insurance Policies that provide, potentially provide, or have been alleged to provide coverage for Abuse Claims, including, but not limited to, the Applicable Insurance Policies.

**<u>Response to Topic No. 7</u>**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit, particularly to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any "Insurance Policy" other than Insurance Policies issued by the Zurich Insurers to Debtors (collectively, the "Zurich Policies").

Subject to, and without waiving, these objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge, concerning the existence and authenticity of the Zurich Policies.

**Topic No. 8**:   Reinsurance for the Applicable Insurance Policies.

**Response to Topic No. 8**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit, particularly because communications with reinsurers and information concerning reinsurance are relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 9**:   Your Liabilities Concerning each Insurance Policy that the Debtors are proposing or may propose to contribute to the Settlement Trust under the Plan.

**Response to Topic No. 9**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, particularly concerning Insurance Policies that the Debtors "may propose" to contribute to the Settlement Trust under the Plan; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the

case, including because the burden or expense of the proposed discovery outweighs its likely benefit, particularly to the extent that the topic seeks discovery concerning any purported liabilities that the Zurich Insurers might have under any "Insurance Policy" other than the Zurich Policies.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 10**:  Your financial ability to satisfy Your obligations under the Applicable Insurance Policies.

   **Response to Topic No. 10**:

In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 11**:  Any actual or proposed settlements of Your coverage obligations under the Applicable Insurance Policies.

     **Response to Topic No. 11**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit, particularly because the Zurich Insurers have not entered into any "actual . . . settlements" of their coverage obligations under the Zurich Policies, and any information regarding "proposed settlements" would be subject to mediation privilege, attorney-client privilege, or attorney work-product.

     The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 12**:  Payments (or lack thereof) for defense costs and/or indemnity that You made Concerning any Abuse Claims.

     **Response to Topic No. 12**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to past payments.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 13**: Your denial or reservation of rights under any Applicable Insurance Policies Concerning any Abuse Claims, including, but not limited to, (a) reasons and bases for Your decision to deny coverage or reserve rights for the Abuse Claims and (b) facts upon which You based Your decision to deny coverage or reserve rights for the Abuse Claims.

**Response to Topic No. 13**:  In addition to the objections set forth in its General

- 15 -

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings; (v) is vague and ambiguous; (vi) would impose

undue burdens on the Zurich Insurers and the witness, because the discovery sought under this

topic is not proportional to the needs of the case, including because the burden or expense of

the proposed discovery outweighs its likely benefit; and (vii) on the grounds that the discovery

sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly

burdensome, and not proportional to the needs of the case, because the term "Abuse Claims,"

as defined in the Notice, relates only to claims that could be paid in the future if the Plan is

confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek

discovery relating to past denials or reservations of rights.  The Zurich Insurers have not denied

coverage, or reserved rights, with respect to claims that have not yet been tendered to them.

     The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 14**:  Settlements of Abuse Claims.

     **Response to Topic No. 14**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings; (v) is vague and ambiguous; (vi) would impose

undue burdens on the Zurich Insurers and the witness, because the discovery sought under this

topic is not proportional to the needs of the case, including because the burden or expense of

the proposed discovery outweighs its likely benefit; and (vii) on the grounds that the discovery

sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly

burdensome, and not proportional to the needs of the case, because the term "Abuse Claims,"

as defined in the Notice, relates only to claims that could be paid in the future if the Plan is

confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek

discovery relating to past denials or reservations of rights.  Neither the Zurich Insurers nor, to

their knowledge, any other person or entity, have settled any Abuse Claims, as that term is

defined in the Notice.  All settlements of Abuse Claims, as defined in the notice, will take place

in the future.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 15**:  Verdicts in favor of Abuse Claimants

**Response to Topic No. 15**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

- 17 -

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii)

purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) is vague and ambiguous; (v) would impose undue burdens on the Zurich Insurers

and the witness, because the discovery sought under this topic is not proportional to the needs

of the case, including because the burden or expense of the proposed discovery outweighs its

likely benefit; and (vi) on the grounds that the discovery sought under this topic is vague,

ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the

needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to

claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use

the defined term, "Abuse Claims," to seek discovery relating to past denials or reservations of

rights.  There have not been any verdicts with respect to any Abuse Claims, as that term is

defined in the Notice.  All verdicts with respect to any Abuse Claims, as defined in the notice,

will be rendered in the future.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 16**:  Verdicts in favor of the Defense Concerning Abuse Claims.

**Response to Topic No. 16**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected

by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the

mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vi) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to past denials or reservations of rights. There have not been any verdicts with respect to any Abuse Claims, as that term is defined in the Notice. All verdicts with respect to any Abuse Claims, as defined in the notice, will be rendered in the future.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 17**: The IV Files.

**Response to Topic No. 17**: In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers'

behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich

Insurers and the witness, because the discovery sought under this topic is not proportional to

the needs of the case, including because the burden or expense of the proposed discovery

outweighs its likely benefit.  The Zurich Insurers have never seen the IV Files.

Subject to, and without waiving, these objections, the Zurich Insurers will designate a

witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers'

knowledge, concerning this topic.

**Topic No. 18**:  Any reserves that You contemplated, established, set, maintained, and/or

changed Concerning Abuse Claims.

**Response to Topic No. 18**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic (i) on the grounds that the discovery sought concerning reserves set,

maintained, or changed by the Zurich Insurers Concerning Abuse Claims is relevant, if at all,

only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see*

Transcript of Hearing at 239:23-24, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021);

(ii) on the grounds that it is vague, ambiguous, and overbroad, would impose undue burden,

seeks discovery that is neither relevant nor reasonably calculated to lead to discovery of

admissible evidence, and is not proportional to the needs of the case; (iii) to the extent that it

purports to require the Zurich Insurers to designate a witness to testify on their behalf

concerning communications and other information protected by the attorney-client privilege,

the attorney work-product rule, or the common interest rule; (iv) to the extent that it purports to

require the Zurich Insurers to designate a witness to testify on their behalf concerning

communications and other information constituting confidential commercial information, trade

secrets, or other confidential, proprietary, or sensitive business information; (v) on the grounds that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (vi) on the grounds that it seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; and (vii) to the extent it purports to require the witness to testify on their behalf concerning communications and information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 19**:  Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims, including the Abuse Claims, under any Insurance Policy.

**Response to Topic No. 19**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the

witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it is vague and ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to past evaluations, denials, or reservations of rights; and (viii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 20**:  Your policies, practices, and procedures Concerning valuing or evaluating sexual abuse claims, including Abuse Claims, that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to sexual abuse claims may change.

**Response to Topic No. 20**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers'

handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit") 30(b)(6) discovery of insurers' handling of claims); (ii) to the extent that it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) to the extent that it purports to require the witness to provide legal conclusions; (iv) to the extent that it purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) on the grounds that it is vague and ambiguous, particularly with respect to unidentified and unidentifiable jurisdictions where the statute of limitations "may change;" (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to claims that were valued or evaluated in the past; and (viii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 21**:  All discussions of the Debtors, the Insurance Policies sold by You to the Debtors, Abuse Claims, or the Debtors' claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims) of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups.

**Response to Topic No. 21**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the

needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to discussions of past claims; and (viii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 22**:  Your interpretation of the Insurance Policies You sold to the Debtors and application thereof to claims for coverage for Abuse Claims.

**Response to Topic No. 22**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that it would require the witness to provide legal conclusions; (ii) on the grounds that it would require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iii) that discovery concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (iv) to the extent it purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (v) on the grounds that it is vague and

ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to discussions of past claims; and (viii) to the extent that the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 23**:  Your investigation, supervision, adjustment, and handling of Abuse Claims, including the existence or scope of insurance coverage for the Abuse Claims.

**Response to Topic No. 23**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic (i) on the grounds that the discovery sought concerning the Zurich Insurers' handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest

rule, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; (vii) on the grounds that the discovery sought under this topic is vague, ambiguous, overbroad, unintelligible as stated, unduly burdensome, and not proportional to the needs of the case, because the term "Abuse Claims," as defined in the Notice, relates only to claims that could be paid in the future if the Plan is confirmed, whereas this topic appears to use the defined term, "Abuse Claims," to seek discovery relating to discussions of past claims; and (viii) to the extent that the topic seeks discovery concerning any policyholder other than Debtors and/or any Insurance Policy other than the Zurich Policies, because the discovery sought is not relevant to this dispute, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 24**:  The underwriting of the Insurance Policies You sold to the Debtors.

**Response to Topic No. 24**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or

rule of confidentiality; (ii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; (iii) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, and (iv) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 25**:  The negotiations and drafting of (a) the Insurance Policies You sold to the Debtors and (b) any predecessor Insurance Policies issued by any of Your affiliates

**Response to Topic No. 25**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (ii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; (iii) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (iv) is vague, ambiguous, and overbroad, particularly with respect to the meaning of the term "predecessor Insurance Policies;" and (v) would impose undue burdens on the Zurich Insurers and the witness, because

the discovery sought under this topic is not relevant to this dispute, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit, particularly with respect to the request for testimony about policies other than the Zurich Policies, including any policies that may have been issued by "affiliates" of the Zurich Insurers.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 26**:  The drafting of the forms used in drafting the Insurance Policies You sold to the Debtors or any predecessor Insurance Policies issued by any of Your affiliates.

**Response to Topic No. 26**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (ii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; (iii) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (iv) is vague, ambiguous, and overbroad, particularly with respect to the meaning of the term "predecessor Insurance Policies;" and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not relevant to this dispute, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely

benefit, particularly with respect to the request for testimony about policies other than the

Zurich Policies, including any policies that may have been issued by "affiliates" of the Zurich

Insurers.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide

testimony on this topic.

**Topic No. 27**:  Your interpretation of any terms or conditions of the Insurance Policies You

sold to the Debtors.

**Response to Topic No. 27**:  In addition to the objections set forth in its General

Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers

object to this topic (i) on the grounds that it would require the witness to provide legal

conclusions; (ii) on the grounds that it would require the witness to answer a contention

interrogatory on the Zurich Insurers' behalf; (iii) that discovery concerning the Zurich Insurers'

handling of sexual abuse claims is relevant, if at all, only to insurance coverage disputes that are

not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re*

*Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6)

discovery of insurers' handling of claims); (iv) to the extent it purports to require the Zurich

Insurers to designate a witness to testify on their behalf concerning communications and other

information protected by the attorney-client privilege, the attorney work-product rule, the

common interest rule, or the mediation privilege; (v) on the grounds that it is vague and

ambiguous; (vi) on the grounds that it would impose undue burdens on the Zurich Insurers and

the witness, because the discovery sought under this topic is not proportional to the needs of

the case, including because the burden or expense of the proposed discovery outweighs its likely

benefit; and (vii) to the extent that the discovery sought is not relevant to this dispute, is not

reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 28**:  All Documents that You produced to the TCC or any other Person in connection with the Bankruptcy Cases.

**Response to Topic No. 28**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Documents that You produced" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, the mediation privilege, or any other applicable protection, privilege, or rule of confidentiality; (iii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; (iv) would impose undue burdens on the Zurich Insurers and the witness, to the extent the topic seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.

Subject to, and without waiving, these objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers'

knowledge, concerning this topic, limited to authenticating documents produced by the Zurich Insurers.

**Topic No. 29**:  Your determination Concerning who would testify on Your behalf in response to this Deposition Notice.

**Response to Topic No. 29**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or any other applicable protection, privilege, or rule of confidentiality; (ii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iii) would impose undue burdens on the Zurich Insurers and the witness because such information is not relevant to this dispute, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this topic.

**Topic No. 30**:  Your document retention, storage, filing, and destruction procedures in effect from January 1, 2010 through the present.

**Response to Topic No. 30**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a

witness to testify on their behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or any other applicable protection, privilege, or rule of confidentiality; (ii) purports to require the witness to testify concerning communications and other information constituting trade secrets or other confidential, proprietary, or sensitive business information; and (iii) would impose undue burdens on the Zurich Insurers and the witness because such information is not relevant to this dispute, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Subject to, and without waiving, these objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge, concerning this topic.

DATED:  November 3, 2021

       /s/ Robert D. Cecil, Jr.
Robert D. Cecil, Jr.
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos (admitted pro hac vice)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail:  mplevin@crowell.com,
kcacabelos@crowell.com

- and -

Clifford J. Zatz (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

906331397