# EXHIBIT 5

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10410343 (LSS) |
| Debtors. | Jointly Administered |

## ZURICH INSURERS' RESPONSES AND OBJECTIONS TO THE COALITION OF ABUSED SCOUTS FOR JUSTICE'S NOTICE OF DEPOSITION

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"), hereby respond and object to the Coalition of the Abuse Scouts for Justice's (the "Coalition") Notice of Deposition of the Zurich Insurers pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice").

### General Objections

1.      Any testimony provided by the Zurich Insurers in response to the Notice will only be on behalf of American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company, and not on behalf of any other person or entity.

2.      The Zurich Insurers reserve the right to object to the date and time noticed for the deposition, November 17, 2021 at 9:00 a.m. Eastern time, which the Coalition selected without consulting with the Zurich Insurers or their counsel.  The Zurich Insurers' witness and counsel anticipate that they can be available for a remote deposition on November 17, 2021 beginning at 10:30 a.m. Eastern time, assuming that agreement is reached between the Zurich

- 1 -

Insurers and the Coalition before then regarding the scope of the deposition and/or that any issues raised with the Court about the scope of the deposition have been resolved by then.

3.      The Zurich Insurers object to each of the topics below to the extent that they purport to impose any requirement or discovery obligation upon the Zurich Insurers greater or different than those required or allowed by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

4.      The Zurich Insurers object to each of the topics below to the extent that they seek information whose disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between the Zurich Insurers and any of their policyholders or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

5.      The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to answer a contention interrogatory on the Zurich Insurers' behalf.  Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper.  *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories,

- 2 -

which, to the extent discoverable at all prior to trial, must be discovered by other means");

*American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995)

(when deposing counsel requested a description of the "facts and documents which [the

opposing party] contends supports" each of its affirmative defenses, deposing counsel "was

asking questions that intruded upon protected work product; in effect, what [deposing counsel]

was requesting was insight into [the opposing side's] defense plan").

6.      The Zurich Insurers object to each of the topics below to the extent that

the topic would require the Zurich Insurers' 30(b)(6) witness to provide legal conclusions. *See,*

*e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017);

*see* Transcript of Hearing at 241:5-7, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021)

(ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

7.      The Zurich Insurers object to each of the topics below to the extent that

the topic purports to require a witness to disclose communications or information that is

protected by the attorney-client privilege, the attorney work-product rule, the common interest

rule (including, without limitation, with respect to communications with, or information

exchanged with, other insurers and their counsel), and the mediation privilege (with respect to

communications with, or information exchanged with, Debtors, the TCC, the FCR, or the

mediator in connection with the Zurich Insurers' mediation with the aforementioned parties).

## Responses and Objections to Specific Deposition Topics

The Zurich Insurers hereby respond and object to the 13 deposition topics as

follows.  As more specifically set forth below, numerous topics set forth in the Notice are

irrelevant to issues that legitimately may be before the Court in the context of Debtors' request

for confirmation of the Plan, or that otherwise are improper topics of Rule 30(b)(6) deposition

testimony.  Unless specifically noted below, the Zurich Insurers will designate a witness to testify

only regarding the topics in the Notice to which no objection has been raised, and otherwise

requests that the Coalition withdraw each of the objectionable topics for the reasons set forth

below.

Note that where the Zurich Insurers below state that they will "provide

testimony, to the extent of the Zurich Insurers' knowledge, concerning" the particular topic in

question, that is not a representation that the Zurich Insurers in fact have any knowledge

concerning that topic.

In addition, the Zurich Insurers reserve all objections to specific questions asked

at the deposition, including, without limitation, objections to the form of questions and

objections based on the attorney-client privilege, the attorney work-product doctrine, or the

mediation privilege.

**Topic No. 1**:  The Zurich Insurers' response to *Coalition of Abused Scouts for Justice's First Set*
*of Interrogatories to the Zurich Insurers.*

**Response to Topic No. 1**:  The Zurich Insurers incorporate by reference their General

Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers

refer the Coalition to the Zurich Insurers' responses and objections to the *Coalition of Abused*

*Scouts for Justice's First Set of Interrogatories to the Zurich Insurers* and incorporate all such specific

objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the

extent that it (i) i) it is vague, ambiguous, overbroad, and unintelligible as written, in that

"Zurich's response to Interrogatories" is not a sufficiently specific topic to permit a witness to

prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to

designate a witness to testify on their behalf concerning communications and other information

that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; (vi) seeks discovery concerning the Zurich Insurers' pre-petition handling of sexual abuse claims, on the grounds that such information is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); and (vii) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but only with respect to Zurich's responses to Interrogatories 1, 3-7, and 11.


**Topic No. 2**:  The Zurich Insurers' response to *Coalition of Abused Scouts for Justice's First Requests for the Production of Documents to the Zurich Insurers*, including the Zurich Insurers' documents produced in response thereto and the Zurich Insurers' efforts to search for and identify documents responsive thereto.

**Response to Topic No. 2**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers

- 5 -

refer the Coalition to the Zurich Insurers' responses and objections to the *Coalition of Abused Scouts for Justice's First Requests for the Production of Documents to the Zurich Insurers* and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) is vague, ambiguous, overbroad, and unintelligible as written, in that "Zurich's response to document requests" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but limited to (i) authenticating any documents produced by the Zurich Insurers in response to the Coalition's document requests and (ii) the Zurich Insurers' efforts to search for and identify responsive documents.

**Topic No. 3**:  The Zurich Insurers' response to *Coalition of Abused Scouts for Justice's First Set of Requests for Admission to the Zurich Insurers* (the "RFAs" and each therein a "RFA").

**Response to Topic No. 3**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers

refer the Coalition to the Zurich Insurers' responses and objections to the *Coalition of Abused Scouts for Justice's First Set of Requests for Admission to the Zurich Insurers* and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) is vague, ambiguous, overbroad, and unintelligible as written, in that "Zurich's response to RFAs" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to each RFA by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny each RFA.  Thus, there are no substantive RFA responses upon which a Rule 30(b)(6) witness can properly be examined.

**Topic No. 4**:  Communications between or among the Zurich Insurers and any other insurer, the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC (including its counsel, representatives, and members), Chartered Organizations (as defined in the

*Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443] (the "Plan")), Local Councils (as defined in the Plan), and/or any counsel representing a person who has submitted an Abuse Claim (as defined in the Plan) concerning the Plan, the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445], proofs of claim submitted in the above-captioned chapter 11 cases, and/or voting on the Plan.

**Response to Topic No. 4**:  In addition to the objections set forth in its General Objections set forth above, which are incorporated in full by this reference, the Zurich Insurers object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but excluding all Communications made or received by the Zurich Insurers that (i) are subject to any privilege, including, without limitation, the common-interest privilege or (ii) were made in pleadings filed on the public docket in this case or in testimony or argument that took place in depositions or in open court.

**Topic No. 5**:  If RFA No. 1 is not admitted, the factual basis for your assertion that the Plan was not proposed in good faith.

**Response to Topic No. 5**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 1 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 1 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that the Plan was not proposed in good faith."

**Topic No. 6**:  If RFA No. 2 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures (as defined in the Plan) were not proposed in good faith.

**Response to Topic No. 6**:  The Zurich Insurers incorporate by reference their General

Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers

refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 2 and

incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers

further object to this topic to the extent that it (i) purports to require the Zurich Insurers to

designate a witness to testify on their behalf concerning communications and other information

that is protected by the attorney-client privilege, the attorney work-product rule, the common

interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the

witness to provide legal conclusions; (iii) purports to require the witness to answer a contention

interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose

undue burdens on the Zurich Insurers and the witness, because the discovery sought under this

topic is not proportional to the needs of the case, including because the burden or expense of

the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will

not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic.

The Zurich Insurers responded to RFA No. 2 by stating that that they presently lack sufficient

knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus,

Zurich Insurers made no assertion "that the Trust Distribution Procedures (as defined in the

Plan) were not proposed in good faith."

**Topic No. 7**:  If RFA No. 3 is not admitted, the factual basis for your assertion that the

procedures included in the Trust Distribution Procedures pertaining to the allowance of Abuse

Claims (as defined in the Plan) are not fair and reasonable.

**Response to Topic No. 7**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 3 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 3 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that the procedures included in the Trust Distribution Procedures pertaining to the allowance of Abuse Claims (as defined in the Plan) are not fair and reasonable."

**Topic No. 8**:  If RFA No. 4 is not admitted, the factual basis for your assertion that the criteria included in the Trust Distribution Procedures pertaining to the calculation of Abuse Claim Amounts (as described in the Trust Distribution Procedures [Docket No. 5466-2] incorporated

into the Plan) are not fair and reasonable.

**Response to Topic No. 8**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 4 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 4 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that the criteria included in the Trust Distribution Procedures pertaining to the calculation of Abuse Claim Amounts . . . are not fair and reasonable."

**Topic No. 9**:  If RFA No. 5 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Claims Matrix (as defined in the Trust Distribution Procedures) values

are not fair and reasonable.

**Response to Topic No. 9**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 5 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 5 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that Trust Distribution Procedures' Claim Matrix Values are not fair and reasonable."

**Topic No. 10**: If RFA No. 6 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Base Matrix Values (as defined in the Trust Distribution Procedures) are not fair and reasonable.

**Response to Topic No. 10**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 6 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 6 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that Trust Distribution Procedures' Base Matrix Values . . . are not fair and reasonable."

**Topic No. 11**:  If RFA No. 7 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Scaling Factors (as defined in the Trust Distribution Procedures) are not fair and reasonable.

**Response to Topic No. 11**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 7 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 7 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that Trust Distribution Procedures' Scaling Factors . . . are not fair and reasonable."

**Topic No. 12**: If RFA No. 8 is not admitted, the factual basis for your assertion that the procedures included in the Trust Distribution Procedures pertaining to the allowance of Abuse Claims are not consistent with the BSA's historical settlement practices.

**Response to Topic No. 12**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 8 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 8 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that the procedures included in the Trust Distribution Procedures pertaining to the allowance of Abuse Claims are not consistent with the BSA's historical settlement practices."

**Topic No. 13**: If RFA No. 9 is not admitted, the factual basis for your assertion that the criteria included in the Trust Distribution Procedures pertaining to the calculation of Abuse Claim Amounts are not consistent with the BSA's historical settlement practices.

- 16 -

**Response to Topic No. 13**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 9 and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 9 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA. Thus, Zurich Insurers made no assertion "that the criteria included in the Trust Distribution Procedures pertaining to the calculation of Abuse Claim Amounts are not consistent with the BSA's historical settlement practices."

**Topic No. 14**: If RFA No. 10 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Claim Matrix values are not consistent with the BSA's historical settlement practices.

**Response to Topic No. 14**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 10 and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 10 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA. Thus, Zurich Insurers made no assertion "that the Trust Distribution Procedures' Claim Matrix values are not consistent with the BSA's historical settlement practices."

**Topic No. 15**: If RFA No. 11 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Base Matrix Values are not consistent with the BSA's historical settlement practices.

**Response to Topic No. 15**:  The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 11 and incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 11 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that the Trust Distribution Procedures' Claim Matrix values are not consistent with the BSA's historical settlement practices."

**Topic No. 16**: If RFA No. 12 is not admitted, the factual basis for your assertion that the Trust Distribution Procedures' Scaling Factors are not consistent with the BSA's historical settlement practices.

**Response to Topic No. 16**:  The Zurich Insurers incorporate by reference their

General Objections as if stated here in full.  In addition to their general objections, the Zurich

Insurers refer the Coalition to the Zurich Insurers' responses and objections to RFA No. 12 and

incorporate all such specific objections here, as if stated here in full.  The Zurich Insurers

further object to this topic to the extent that it (i) purports to require the Zurich Insurers to

designate a witness to testify on their behalf concerning communications and other information

that is protected by the attorney-client privilege, the attorney work-product rule, the common

interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the

witness to provide legal conclusions; (iii) purports to require the witness to answer a contention

interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose

undue burdens on the Zurich Insurers and the witness, because the discovery sought under this

topic is not proportional to the needs of the case, including because the burden or expense of

the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will

not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic.

The Zurich Insurers responded to RFA No. 12 by stating that that they presently lack sufficient

knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus,

Zurich Insurers made no assertion "that the Trust Distribution Procedures' Scaling Factors are

not consistent with the BSA's historical settlement practices."

DATED:  November 3, 2021

        */s/ Robert D. Cecil, Jr.*
        Robert D. Cecil, Jr.
        TYBOUT, REDFEARN & PELL
        501 Carr Road, Suite 300
        Wilmington, Delaware 19809
        Phone: (302) 658-6901
        E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail:  mplevin@crowell.com,
kcacabelos@crowell.com

Clifford J. Zatz (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email:  czatz@crowell.com,
tyoon@crowell.com, rjankowski@crowell.com

Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

906333114