# EXHIBIT 6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10410343 (LSS)<br><br>Jointly Administered |

**ZURICH INSURERS' RESPONSES AND OBJECTIONS TO THE FUTURE CLAIMANTS' REPRESENTATIVE'S NOTICE OF DEPOSITION**

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"), hereby respond and object to the Future Claimants' Representative's Notice of Deposition of the Zurich Insurers pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice").

**General Objections**

1.  Any testimony provided by the Zurich Insurers in response to the Notice will only be on behalf of American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company, and not on behalf of any other person or entity.

2.  The Zurich Insurers reserve the right to object to the date and time noticed for the deposition, November 17, 2021 at 9:00 a.m. Eastern time, which the FCR selected without consulting with the Zurich Insurers or their counsel. The Zurich Insurers' witness and counsel anticipate that they can be available for a remote deposition on November 17, 2021 beginning at 10:30 a.m. Eastern time, assuming that agreement is reached between the Zurich Insurers and

the FCR before then regarding the scope of the deposition and/or that any issues raised with the Court about the scope of the deposition have been resolved by then.

3.  The Zurich Insurers object to each of the topics below to the extent that they purport to impose any requirement or discovery obligation upon the Zurich Insurers greater or different than those required or allowed by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

4.  The Zurich Insurers object to each of the topics below to the extent that they seek information whose disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between the Zurich Insurers and any of their policyholders or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

5.  The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to answer a contention interrogatory on the Zurich Insurers' behalf. Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper. *See, e.g., Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories,

which, to the extent discoverable at all prior to trial, must be discovered by other means"); *American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

6. The Zurich Insurers object to each of the topics below to the extent that the topic would require the Zurich Insurers' 30(b)(6) witness to provide legal conclusions. *See, e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017); *see* Transcript of Hearing at 241:5-7, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) (ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

7. The Zurich Insurers object to each of the topics below to the extent that the topic purports to require a witness to disclose communications or information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule (including, without limitation, with respect to communications with, or information exchanged with, other insurers and their counsel), and the mediation privilege (including, without limitation, with respect to communications with, or information exchanged with, Debtors, the TCC, the FCR, or the mediators in connection with the Zurich Insurers' mediation with the aforementioned parties).

**Responses and Objections to Specific Deposition Topics**

The Zurich Insurers hereby respond and object to the deposition topics in the Notice as follows. As more specifically set forth below, numerous topics set forth in the Notice are irrelevant to issues that legitimately may be before the Court in the context of Debtors'

request for confirmation of the Plan, or that otherwise are improper topics of Rule 30(b)(6) deposition testimony. Unless specifically noted below, the Zurich Insurers will designate a witness to testify only regarding the topics in the Notice to which no objection has been raised, and otherwise request that the FCR withdraw each of the objectionable topics for the reasons set forth below.

Note that where the Zurich Insurers below state that they will "provide testimony, to the extent of the Zurich Insurers' knowledge, concerning" the particular topic in question, that is not a representation that the Zurich Insurers in fact have any knowledge concerning that topic.

In addition, the Zurich Insurers reserve all objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege, the attorney work-product doctrine, or the mediation privilege.

**Topic No. 1**: Zurich's response to *The Future Claimants' Representative's First Set of Interrogatories to Zurich* (the "Interrogatories").

**Response to Topic No. 1**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to the Future Claimants' Representative's First Set of Interrogatories to Zurich and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it to the extent that it (i) it is vague, ambiguous, overbroad, and unintelligible as written, in that "Zurich's response to Interrogatories" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require

the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; (vi) seeks discovery concerning the Zurich Insurers' pre-petition handling of sexual abuse claims, on the grounds that such information is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings, *see* Transcript of Hearing at 237:23-238:3, *In re Imerys Talc America*, No. 19-10289 (LSS) (June 22, 2021) ("I'm not going to permit" 30(b)(6) discovery of insurers' handling of claims); and (vii) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge, concerning this topic, but only with respect to Zurich's responses to Interrogatories 1-4.

**Topic No. 2**: Zurich's response to *The Future Claimants' Representative's First Set of Requests for the Production of Documents to Zurich*, including Zurich's documents produced in response thereto and Zurich's efforts to search for and identify documents responsive thereto.

**Response to Topic No. 2**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to *The Future Claimants'*

*Representative's First Set of Requests for the Production of Documents to Zurich* and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) is vague, ambiguous, overbroad, and unintelligible as written, in that "Zurich's response to document requests" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the Zurich Insurers' knowledge concerning this topic, but limited to (i) authenticating any documents produced by the Zurich Insurers in response to the FCR's document requests and (ii) the Zurich Insurers' efforts to search for and identify responsive documents.

**Topic No. 3**: Zurich's response to *The Future Claimants' Representative's First Set of Requests for Admission to Zurich* (the "RFAs" and each therein a "RFA").

**Response to Topic No. 3**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to *The Future Claimants'*

*Representative's First Set of Requests for Admission to Zurich* and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) is vague, ambiguous, overbroad, and unintelligible as written, in that "Zurich's response to RFAs" is not a sufficiently specific topic to permit a witness to prepare to testify on behalf of the Zurich Insurers; (ii) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (iii) purports to require the witness to provide legal conclusions; (iv) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (v) is vague and ambiguous; and (vi) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to each RFA by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny each RFA. Thus, there are no substantive RFA responses upon which a Rule 30(b)(6) witness can properly be examined.

**Topic No. 4**: If RFA No. 1 is not admitted, the factual basis for your assertion that the range of values set forth in the Claims Matrix are not reasonable and consistent with historical values of Abuse Claims in the tort system.

**Response to Topic No. 4**: The Zurich Insurers incorporate by reference their General

Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to RFA No. 1 and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 1 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA. Thus, Zurich Insurers made no assertion "that the range of values set forth in the Claims Matrix are not reasonable and consistent with historical values of Abuse Claims in the tort system."

**Topic No. 5**: If RFA No. 2 is not admitted, the factual basis for your assertion that you have evidence that proof(s) of claim filed in the Chapter 11 Cases were fraudulently filed.

**Response to Topic No. 5**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to RFA No. 2 and incorporate

- 8 -

all such specific objections here, as if stated here in full.  The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf; (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 2 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA.  Thus, Zurich Insurers made no assertion "that that [the Zurich Insurers] have evidence that proof(s) of claim filed in the Chapter 11 Cases were fraudulently filed."  Indeed, the objections to RFA No. 2 expressly stated that the Zurich Insurers were in the process of conducting discovery to determine whether to make any such assertion.

**Topic No. 6**:  If RFA No. 3 is not admitted, the factual basis for your assertion that the right to payment that the holder of an Abuse Claim has against the Debtors or another Protected Party or a Limited Protected Party is not the allowed value of such Abuse Claim as liquidated in accordance with the Trust Distribution Procedures, and/or is (i) the initial or supplemental payment percentages established under the Trust Distribution Procedures to make distributions

to holders of allowed Abuse Claims or (ii) the contributions made by the Debtors or any Protected Party to the Settlement Trust.

**Response to Topic No. 6**: The Zurich Insurers incorporate by reference their General Objections as if stated here in full. In addition to their general objections, the Zurich Insurers refer the FCR to the Zurich Insurers' responses and objections to RFA No. 3 and incorporate all such specific objections here, as if stated here in full. The Zurich Insurers further object to this topic to the extent that it (i) purports to require the Zurich Insurers to designate a witness to testify on their behalf concerning communications and other information that is protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, the joint defense privilege, or the mediation privilege; (ii) purports to require the witness to provide legal conclusions (specifically, regarding the "right to payment" that the holder of an Abuse Claim has); (iii) purports to require the witness to answer a contention interrogatory on the Zurich Insurers' behalf (specifically, the legal basis of the "right to payment" that the holder of an Abuse Claim has); (iv) is vague and ambiguous; and (v) would impose undue burdens on the Zurich Insurers and the witness, because the discovery sought under this topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers will not designate a witness pursuant to Rule 30(b)(6) to provide testimony concerning this topic. The Zurich Insurers responded to RFA No. 3 by stating that that they presently lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny the RFA. Thus, Zurich Insurers made no assertion concerning "the right to payment that the holder of an Abuse Claim has against the Debtors or another Protected Party or a Limited Protected Party."

Moreover, RFA No. 3 improperly seeks testimony about legal conclusions and functions as an improper contention interrogatory.

DATED: November 3, 2021

        */s/ Robert D. Cecil, Jr.*
Robert D. Cecil, Jr.
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com, kcacabelos@crowell.com

Clifford J. Zatz (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: czatz@crowell.com, tyoon@crowell.com, rjankowski@crowell.com

Attorneys for American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company

906333101