# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

### DECLARATION OF JOHN W. LUCAS IN RESPONSE TO THE DEBTORS' MOTION (I) ENFORCING THE SOLICITATION PROCEDURES ORDER, (II) ENFORCING SECTION 1103 OF THE BANKRUPTCY CODE AGAINST THE TORT CLAIMANTS' COMMITTEE, AND (III) GRANTING RELATED RELIEF

I, John W. Lucas, pursuant to 28 U.S.C. § 1746(a), under penalty of perjury, declare as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), counsel to the Official Tort Claimants' Committee (the "**TCC**") in the above-captioned cases.

2. I submit this declaration in response to the *Debtors' Motion (I) Enforcing the Solicitation Procedures Order, (II) Enforcing section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7118] (the "**Motion**").

3. At approximately 9:22 p.m. (PT) on November 11, 2021, my firm sent a form of a proposed remedial letter to counsel for the Debtors, Future Claimants' Representative ("FCR"), The Hartford Insurance Company ("Hartford"), the Official Committee of Unsecured Creditors (the "UCC"), the Coalition, and the The Church of Jesus Christ of Latter Day Saints

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

("TCJC"). On the morning of November 12, 2021, Debtors' counsel sent the foregoing letter to the Court along with a competing version of the letter that was supported by the parties set forth in the prior sentence.

4. At approximately 10:00 a.m. (ET), the Court held a preliminary hearing (the "**Hearing**") on the Motion. At the Hearing, and as set forth on the record, the TCC's proposed remedial letter was commented on by the parties and the Court.

5. In response to the comments made on the record of the Hearing, I revised the remedial letter. At approximately 10:01 a.m. (PT), I sent the proposed remedial letter to the above parties for their review. In response, I received limited comments from counsel to the Coalition. I accepted some of the comments and rejected others. At approximately, 2:10 p.m. (PT) I sent my changes to the remedial letter to the above parties and informed them that my firm would be sending out the remedial letter in the next fifteen minutes. I never received a response to my proposed changes contained in the 2:10 p.m. (PT) communication. As a result, I worked with my assistant, Hung Phan, to have an email (the "TCC Remedial Email") and letter (the "TCC Remedial Letter") sent to the list of email addresses on the list supplied to my firm by Timothy Kosnoff (the "Kosnoff List"). A true and correct copy of the TCC Remedial Email and TCC Remedial Letter are annexed hereto as **Exhibit A** and **Exhibit B**, respectively.

6. At 2:15 p.m. (PT) on November 12, 2021, I sent Mr. Phan the Kosnoff List and the TCC Remedial Letter. At 2:53 p.m. (PT) on November 12, 2021, I sent Mr. Phan an email that included the text to be used for the subject line and body of the TCC Remedial Email. At approximately 3:16 p.m. (PT) I instructed Mr. Phan over the telephone to begin transmitting the TCC Remedial Email and TCC Remedial Letter to the email addresses on the Kosnoff List.

7.	The Kosnoff List contains 12,895 email addresses. Mr Phan communicated to me by email on November 13, 2021 that the transmission of the TCC Remedial Email and TCC Remedial Letter to the email addresses on the Kosnoff List was completed at approximately 11:42 a.m. (PT), November 13, 2021.

8.	At the Hearing, counsel for certain survivors stated that they do not want the TCC Remedial Email and TCC Remedial Letter sent to their client(s) if their clients' emails were included on a separate email list (the "TCC List"). The TCC List contains 7,572 emails.

9.	At 4:47 p.m. (PT) on November 12, 2021, I sent an email (the "Opt-Out Email") to the attorneys or law firms on a list of various attorneys and law firm that had asked to be added to the general communications of the TCC. A true and correct copy of the Opt-Out Email is annexed hereto as **Exhibit C**. The Opt-Out Email was not sent to counsel to the Coalition or any state court counsel affiliated with the Coalition because at the Hearing counsel to the Coalition stated that the clients of state court counsel affiliated with the Coalition would like to receive the TCC Remedial Email and TCC Remedial Letter.  As set forth in the Opt-Out Email, I provided parties until 12:00 p.m. (PT) on November 15, 2021 to contact me about removing their client(s) from the TCC List (to the extent they are on the TCC List) so they do not receive the TCC Remedial Email and TCC Remedial Letter in connection with my firm's transmission of those communications.

10.	To prepare the transmission of the TCC Remedial Email and TCC Remedial Letter to the email addresses on the TCC List, I worked with the TCC's financial advisor to complete the following:

3

a.  I worked with the TCC's financial advisor to identify and remove 1,329 emails from the TCC List that matched the same email addresses on the Kosnoff List.

b.  After receiving an email list from the law firm of Zuckerman Spaeder, I worked with the TCC's financial advisor to remove 131 emails addresses from the TCC List that are survivor clients of that firm.

c.  After receiving an email list from the law firm of Pfau Cochran Vertetis Amala, I worked with the TCC's financial advisor to remove 26 emails addresses from the TCC List that are survivor clients of that firm.

d.  After receiving an email list from the Zalkin Law Firm, I worked with the TCC's financial advisor to remove one email address from the TCC List that is a survivor client of that firm.

e.  After receiving an email list from the Panitch Law Group, I worked with the TCC's financial advisor to remove one email address from the TCC List that is a survivor client of that firm.

f.  After receiving an email list from Merson Law, I worked with the TCC's financial advisor to remove 59 email addresses from the TCC List that are survivor clients of that firm.

g.  I worked with the TCC's financial advisor to identify duplicates on the TCC List and removed one email address from the TCC List.

h.  I worked with the TCC's financial advisor to identify emails having a domain of "@pszjlaw.com" on the TCC List and removed four email addresses from the TCC List.

      i. In addition to survivors, the TCC list contains the email addresses of over 350 law firms or attorneys. No email address of a law firm or attorney was removed from the TCC List.

11. I did not receive any other request to remove email addresses from the TCC List nor were any other changes made.

12. After removing the above email addresses, the TCC List was reduced to approximately 6,016 email addresses.

13. The transmission of the TCC Remedial Email and TCC Remedial Letter to the email addresses on the TCC List (excluding the email addresses enumerated above) began at approximately 12:10 p.m. (PT) on November 15, 2021. As of the time of the filing of this declaration, the transmission of the TCC Remedial Email and TCC Remedial Letter to the email addresses on the reduced TCC List had not been completed. I expect that it will take several hours before it is completed. Upon completion, I will file a supplemental declaration to inform the Court and parties in interest when the transmission is complete.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 15th day of November, 2021 at San Francisco, California.

Dated: November 15, 2021

By: _____
John W. Lucas