**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DEBTORS' NOTICE OF TOPICS FOR ANTICIPATED EXPERT TESTIMONY IN SUPPORT OF CONFIRMATION**

In accordance with the Plan Confirmation Schedule as set forth in the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [Docket No. 6528], the Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, expect to offer expert testimony on the following topics:[2]

1. The overall insurance program covering the BSA and the Local Councils, including the archeology that was performed to determine the historic coverage for those insureds.

2. The allocation of each insurer's proportionate share of responsibility for the underlying claims.

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Pursuant to the Plan Confirmation Schedule, affirmative expert reports will be made available on December 5, 2021.

3. The unallocated share/uninsured share of responsibility of the BSA and Local Councils for the underlying claims.

4. The appropriateness/reasonableness of the Hartford Settlement on a variety of factors, including but not limited to, a comparison based on Hartford's coverage exposure relative to the estimated total value of the settlement claims.

5. The appropriateness/reasonableness of any other settlements with insurers or Chartered Organizations that may occur.

6. The allocation of the Local Councils' share of responsibility for the underlying claims.

7. Whether the Trust Distribution Procedures reflect the same criteria that insurers generally consider in evaluating sexual-abuse claims in a litigation context.

8. Evaluation and analysis of the Trust Distribution Procedures, including the reasonableness of the claims matrix.

9. The value of the Abuse Claims on an aggregate basis.

10. The value of the Abuse Claims asserted against the TCJC or any other further settling Chartered Organization.

11. The processing and interpretation of data contained in the Proof of Claim Forms submitted in connection with Abuse Claims.

12. Evaluation and analysis of data regarding the Debtors' resolutions of Abuse Claims.

13. Evaluation and analysis of the number and value of potential future Abuse Claims against the Debtors arising from acts committed before the Petition Date or Bar Date.

14. Evaluation and analysis of claiming trends evidenced by the Proof of Claim forms that have been submitted with respect to Abuse Claims.

15. Evaluation and analysis of the historical and pending data relating to Abuse Claims.

16. The liquidation analysis of the Debtors and the Local Councils, including without limitation, the expected recoveries of creditors under the Plan, the value of the Debtors and Local Councils' assets in a liquidation, and the expected liabilities of the Debtors and the Local Councils.

17. The feasibility of the Debtors' Plan, including without limitation, the reasonableness of the Debtors' financial projections, and the expected future liabilities of the Debtors following confirmation of the Plan, and the likelihood that the Debtors can satisfy such future liabilities.

18. Analysis and evaluation of whether any settling party has made a substantial contribution.

19. The appropriateness/reasonableness of the JPM Settlement, including, without limitation, that the JPM Settlement is in the best interests of the Debtors' estates.

20. The appropriateness/reasonableness of the TCJC Settlement, including, without limitation, that the TCJC Settlement is in the best interests of the Debtors' estates.

21. The appropriateness/reasonableness of the settlement of the restricted and core assets disputes, including without limitation, that the settlement of the restricted and core asset disputes is in the best interests of the Debtors' estates.

22. The nature and amount of restricted assets.

23. The Debtors' youth protection policies and procedures.

24. Analysis and evaluation of the releases of Related Non-Debtor Entities and Participating Chartered Organizations.

25. Any other subject raised by objectors during the case and appropriate for expert testimony.

Nothing in this disclosure obligates the Debtors to call any particular witness as an expert witness, nor does it obligate Debtors to have a witness provide opinions on any or all of the subject matters identified above.

The Debtors reserve the right to offer additional opinions as may be necessary or appropriate based on (1) any additional evidence developed or discovered between this date and the date of the confirmation hearing; (2) any developments in this proceeding, including but not limited to, any future settlements with Chartered Organizations or insurers; and (3) to rebut or refute any opinions or testimony offered by any other party.

Dated: November 15, 2021

*<u>/s/ Michael C. Andolina</u>*
WHITE & CASE LLP
Glenn Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: gkurtz@whitecase.com
jessica.lauria@whitecase.com
ahammond@whitecase.com
sam.hershey@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*