

Kelly T. Currie
(212) 895-4257
KCurrie@crowell.com

November 15, 2021

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware  19801

Re:     *In re Boy Scouts of America*, No. 20-10343:  Insurers' Omnibus Motion to Compel Kosnoff Law
          PLLC, AVA Law Group, Inc., Napoli Shkolnik, PLLC, Krause & Kinsman Law Firm,
          Andrews & Thornton, Attorneys at Law, and ASK LLP to Respond to Document Requests
          and Interrogatories

Dear Judge Silverstein:

        The Insurers listed on Exhibit 1 hereby move to compel Kosnoff Law PLLC, AVA Law Group, Inc., Napoli Shkolnik, PLLC, Krause & Kinsman Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP (collectively, the "Firms" and each a "Firm") to respond individually to Insurers' document requests and interrogatories, dated October 8, 2021 (collectively, "Discovery Requests") issued pursuant to Rules 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure.  The Firms must respond to the Discovery Requests because they are parties to these chapter 11 cases ("BSA Cases") or, at a minimum, non-parties who comported themselves as parties to the BSA Cases and therefore must respond to discovery as parties.[1]

        To the extent the Court finds any Firm can respond to discovery in the BSA Cases only through subpoenas issued pursuant to Rule 9014 and Rule 45 of the Federal Rules of Civil Procedure, this Court should find that the Firms must accept service of and respond within three days to subpoenas requesting the same information as set forth in the Discovery Requests.  And any disputes with such subpoenas should be heard and resolved by this Court.

        The Insurers respectfully request that this Court hear this matter at or before the hearing on Friday, November 19, 2021 because the material sought by Insurers is relevant to the Debtors' Emergency Solicitation Procedures Motion (Dkt. No. 7118) as well as to plan solicitation, voting, and

---

[1]     The Insurers seek leave to file this 13-page letter motion, even though it exceeds the page limit in the Confirmation Procedures Order (Dkt. No. 6528 ¶ 12), because the letter motion is an omnibus motion directed at the non-response of six separate Firms.

confirmation. The material is also relevant to assessing the good-faith requirements pursuant to Section 1129(a)(3) of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

Each of the Firms, by their own admission, is a party in the BSA Cases and characterized themselves as such until they received the Discovery Requests in October 2021. Faced with the threat of discovery concerning thousands of proofs of claim ("POCs") that the Firms signed and filed and concerning the Firms' methods of harvesting such POCs, each of the Firms refused to answer the Discovery Requests, disclaiming they were parties to the BSA Cases. Some of the Firms went even further to assert that this Court cannot resolve disputes over third-party subpoenas seeking the same information as the Discovery Requests.

After the Court set the bar date, Debtors were inundated with over 95,000 POCs because various parties, including the Firms, engaged in an aggressive, nationwide campaign to generate claims. Their stated objective was to generate a supermajority of claims and thus control the bankruptcy.[2] To accomplish this objective, the Firms signed and filed thousands of POCs in the days leading up to the bar date. An overwhelming number of these Firm-signed POCs are missing critical information (such as the name of the alleged abuser), are late, are duplicates, or have issues with the alleged state or year of abuse. As a result of these issues, the Insurers sought reasonable discovery on each Firm through document requests and interrogatories served on October 8, 2021. The Discovery Requests were served on the Firms as parties to these cases.

Before receiving the Discovery Requests, the Firms had no issue with acting like parties to these cases and availing themselves of the Court's jurisdiction and forum when it suited them. But in the face of scrutiny with regard to certain POCs, they refused to respond to the Discovery Requests. Indeed, each of the Firms responded to the requests with the same boilerplate language claiming that the Firms are not parties or "parties in interest" to the BSA Cases and therefore should not be subjected to party discovery.

The Insurers met and conferred in good faith with the Firms and have even offered to withdraw the properly served Discovery Requests if each Firm would (i) accept service of and respond to subpoenas requesting the same information as set forth in the Discovery Requests and (ii) agree to have any disputes with such subpoenas heard by this Court. Each Firm has refused to agree to this reasonable offer, forcing the Insurers to file this motion to compel.

The Firms cannot have it both ways—they cannot sign and file thousands of POCs with this Court that omit critical information while refusing to (i) respond to reasonable Discovery Requests and (ii) allow this Court to resolve disputes with subpoenas seeking the same information. Unless the Firms are ordered to respond to the Discovery Requests or respond to subpoenas seeking the same information, the Firms will be able to run out the clock on discovery and successfully avoid any discovery into their activities.

---

[2] Notice of Filing of Exhibit in Support of the Objection of the Tort Claimants' Committee to Motion of the Coalition of Abused Scouts for Justice for an Order (I) Authorizing the Coalition to File Under Seal Exhibit A to the Amended 2019 Statement and (II) Approving the Sufficiency of the Amended 2019 Statement, Ex. 1 (Dkt. No. 1285-1).

## BACKGROUND

### A.  Each of the Firms are or were members of the Coalition.

Each of the Firms are or were members of the Coalition of Abused Scouts for Justice.  In July 2020, Kosnoff Law, AVA, ASK, Andrews & Thornton, and other law firms formed the Coalition.[3] In or around October 2020, Kosnoff Law and AVA and their principals resigned from the Coalition.[4] Around that time, Napoli Shkolnik and Krause & Kinsman joined the Coalition.  As of today, 26 law firms make up the Coalition.[5]

The Coalition has been represented by several law firms, including law firms located in Delaware.  Initially, the Coalition retained Blank Rome LLP, a law firm with multiple offices around the world, including in Wilmington, and Brown Rudnick LLP, another law firm with multiple offices around the world, including in Washington, D.C. and New York City.[6]  On September 4, 2020, Blank Rome withdrew as counsel, and the Coalition retained Monzack Mersky Browder and Hochman, PA, a Wilmington, Delaware law firm.[7]  The Coalition is also represented by "special litigation counsel" Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, a Washington, D.C. law firm.[8]

Counsel for the Coalition was retained by the law firms through engagement letters.[9]  The Firms are paying counsel for the Coalition."[10]  The engagement letter with Robbins Russell specifically states that Robbins Russell "shall represent the Coalition as a group and not any individual Law Firm or Law Firm Client."[11]

On July 29, 2020, on behalf of the Coalition, Blank Rome and Brown Rudnick filed a Rule 2019 statement.[12]  The Coalition's original Rule 2019 statement was amended and supplemented a

---

[3]   Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1106).

[4]   Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1429).  The individual clients of Kosnoff Law and AVA Law remained Coalition members and were represented by Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.  *Id.* n.3.

[5]   Third Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1996).

[6]   Dkt. No. 1106.

[7]   Dkt. No. 1429 ¶ 6.

[8]   Supplement to Third Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 ¶ 3 (Dkt. No. 4658).

[9]   Dkt. Nos. 1429-1, 4658-2.

[10]   Dkt. No. 1429 ¶ 11 (citing Dkt. No. 1429-1, Exs. A-2, A-4).

[11]   Dkt. No. 4658-2 at 3.

[12]   Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1053).

number of times to add law firms and to make additional disclosures.[13]

On August 26, 2020, the Coalition moved to be made a Mediation Party.[14]  On October 23, 2020, the Court approved the Coalition's motion and designated it as a Mediation Party.[15]  In the October 8, 2021 Scheduling Order, the Court found that all Mediation Parties are "Participating Parties" to the Confirmation Proceedings.[16]  The Coalition is specifically listed as a Mediation Party, thus is a Participating Party.[17]  Again, each of the Firms the Zurich Insurers targeted with its Discovery Requests as parties are or were members of the Coalition.

**B.      Kosnoff Law is a party in the BSA Cases.**

After leaving the Coalition, Kosnoff Law formed Abused in Scouting ("AIS").  AIS is made up of (i) Timothy Kosnoff of Kosnoff Law, (ii) AVA, and (iii) Eisenberg Rothweiler.[18]  AIS and other Coalition attorneys ran an aggressive nationwide advertising campaign that made it easier to file false claims.[19]  Mr. Kosnoff even conceded that the goal was to maximize the number of POCs to control the BSA Cases.[20]  Through the Coalition and AIS, Kosnoff Law and its principal, Mr. Kosnoff, are major parties in the BSA Cases.  Mr. Kosnoff signed 784 POCs in the BSA Cases, including 779 in the two weeks before the bar date.[21]

On September 8, 2020, David Wilks of Wilks Law, LLC, a Wilmington law firm, entered his appearance as counsel in the BSA Cases on behalf of Mr. Kosnoff and Andrew Van Arsdale, AVA's principal.[22]  In the notice of appearance, Mr. Wilks referred to his clients as "***Interested Parties***."[23]

On October 7, 2020, counsel for Century filed a motion to compel the depositions of Mr.

---

[13]  Dkt. Nos. 1106, 1429, 4658; Supplement to Amended Verified Statement of the Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1510); Third Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019 (Dkt. No. 1997).

[14]  Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation (Dkt. No. 1161).

[15]  Order Approving the Motion of the Coalition of Abused Scouts for Justice to Participate in the Mediation ¶ 2 (Dkt. No. 1573).  The Coalition was also made a party to the Court's Order Approving Confidentiality and Protective Order (Dkt. No. 799).  *Id.* ¶ 3.

[16]  Dkt. No. 6528 ¶ 5 ("The Participating Parties shall automatically include, without the need to file a Notice of Intent: . . . (c) the Mediation Parties.")

[17]  *Id.* ¶ 5 n.3 ("The Mediation Parties as defined shall include: . . . (g) the Coalition.")

[18]  Verified Statement of Abused in Scouting Pursuant to Rule of Bankruptcy Procedure 2019 (Dkt. No. 5932).

[19]  *See* Declaration of Evan Roberts in Support of the Debtors' Motion Pursuant to Section 105(A) of the Bankruptcy Code and ¶ 27 of the Bar Date Order for Entry of an Order (i) Supplementing the Bar Date Order i (ii) Granting Related Relief, dated Aug, 25, 2020, Exs. A-1, A-2, F-1-F-3, O (Dkt. No. 1145-3).

[20]  Dkt. No. 1285-1, Ex. 1.

[21]  Declaration of Paul J. Hinton, dated Jan. 22, 2021 ("Hinton Decl.") ¶ 7 & Tab. 1 (Dkt. No. 1975-3).

[22]  Entry of Appearance (Dkt. No. 1271).

[23]  *Id.* (emphasis added).

Kosnoff and Mr. Van Arsdale.[24]  Also on October 7, 2020, Wilks Law (on behalf of Mr. Kosnoff) filed a motion for a protective order and to quash the notice of deposition.[25]  In the motion, Wilks Law does not assert his clients are non-parties to the BSA Cases or that the Court lacks jurisdiction or venue over his clients.

On October 13, 2020, Wilks Law filed an objection to the motion to compel on behalf of Mr. Kosnoff and Mr. Van Arsdale.[26]  In an exhibit to the objection—a September 22, 2020 letter to Century—Mr. Wilks states that both Mr. Van Arsdale and Mr. Kosnoff are willing to appear for depositions in the BSA Cases via telephone or video.[27]

In addition to the above, Kosnoff Law and AIS also had their attorneys file the papers listed below.  In these papers, Wilks Law did not assert its clients are non-parties to the BSA Cases or that the Court lacks jurisdiction or venue over them:

- On February 5, 2021, on behalf of Mr. Kosnoff, Wilks Law filed an objection to the motion of Insurers for authorization to conduct certain Rule 2004 discovery.[28]  On behalf of Mr. Kosnoff, Wilks Law filed a joinder to AIS's objection to the same motion.[29]

- On February 10, 2021, on behalf of Kosnoff Law, Wilks Law filed an omnibus objection to Hartford's and Century's motions to compel Kosnoff Law and AIS to make disclosures required by Rule 2019.[30]

- On July 22, 2021, on behalf of Kosnoff Law, Wilks Law filed a supplemental omnibus objection to Hartford and Century's motions to compel Rule 2019 disclosures.[31]

---

[24]  Century's Motion to Compel the Depositions of Timothy Kosnoff and Andrew Van Arsdale or in the Alternative to Adjourn the Hearing on the Pending 2019 Motions [D.I. 1144], [D.I. 1161], and [D.I. 1164] (Dkt. No. 1417).

[25]  Motion of Tim Kosnoff, Esquire for Protective Order and To Quash Notice of Deposition (Dkt. No. 1420).

[26]  *See* Objection of Timothy Kosnoff, Esquire and Andrew Van Arsdale, Esquire to Century's Mot. to Compel Filed by Timothy Kosnoff, Andrew Van Arsdale (Dkt. No. 1501).

[27]  Dkt. No. 1501-1, Ex. 1 ("we agree to the following procedures and limitations for Messrs. Van Arsdale and Kosnoff's depositions . . . .").

[28]  Objection of Timothy D. Kosnoff, Esquire to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim (Dkt. No. 2076).

[29]  Dkt. No. 2087.  On behalf of Mr. Kosnoff, Wilks Law also filed a joinder to AIS's objection to the motion of Hartford and Century for authorization to conduct certain Rule 2004 discovery.  Dkt. No. 2082.

[30]  Kosnoff Law's Omnibus Objection to Hartford's and Century's Motions to Compel (Dkt. No. 2142).

[31]  Kosnoff Law's Supplemental Omnibus Objection to Hartford's and Century's Motions to Compel Rule 2019 Disclosures (Dkt. No. 5679).

- On August 9, 2021, the Court ordered Kosnoff Law and AIS to file a verified Rule 2019 statement, which they did later that day.[32]

## C. AVA is a party in the BSA Cases.

AVA is a personal injury law firm and, according to AVA's website, Andrew Van Arsdale is the firm's only attorney and graduated from law school in 2018.[33] In court filings, AVA has used its firm name and Mr. Arsdale's name interchangeably.[34]

As discussed above, AVA, along with Kosnoff Law, were represented by Mr. Wilks of Wilks Law. In a September 8, 2020 filing, Mr. Wilks referred to Mr. Van Arsdale and Mr. Kosnoff as "Interested Parties" in the BSA Cases. On August 13, 2021, on behalf of AVA, Mr. Wilks withdrew his appearance and he was substituted as counsel by Kevin Mann of Cross & Simon LLP, a Wilmington law firm.[35]

In a September 6, 2021 letter to the Court, Cross & Simon, on behalf of AVA, responded and objected to the Court's order granting in part a motion for Rule 2004 discovery.[36] AVA objected because the proposed order authorized discovery from Reciprocity Industries LLC, which is owned by Mr. Van Arsdale. Cross & Simon did not assert AVA or Mr. Arsdale are non-parties to the BSA Cases or that the Court lacks jurisdiction or venue over his clients.

## D. Napoli Shkolnik is a party in the BSA Cases.

A Napoli Shkolnik attorney, Paul J. Napoli,[37] signed 672 POCs, including 331 in the two weeks before the bar date.[38] Napoli Shkolnik has an office in Wilmington with eleven other offices nationwide and describes itself as "a national litigation firm" that specializes in mass tort litigation and class actions.[39] Napoli Shkolnik ran a TV commercial and Boy Scouts Sex Abuse Legal Helpline

---

[32] Dkt. Nos. 5902, 5924, 5932.

[33] Exhibits to the Declaration of Janine Panchok-Berry in Support of Century and Hartford's Motion to Compel the Attorneys Representing the Entity Calling Itself the "Coalition" To Submit the Disclosures Required by Federal Rule of Bankruptcy Procedure 2019, dated Aug. 26, 2020, Ex. 6 (Dkt. No. 1166).

[34] *Compare* Entry of Appearance (Dkt. No. 1271) *with* Notice of Substitution of Counsel (Dkt. No. 6001).

[35] Dkt. No. 6001.

[36] Letter to the Honorable Laurie Selber Silverstein from Christopher P. Simon, Esq., counsel to AVA Law Group, Inc. Regarding Proposed Order Granting in Part Insurers' Motion for an Order Authorizing Certain Rule 2004 Discovery (Dkt. No. 6166).

[37] In another case, Mr. Napoli has been accused of misconduct by his former law partner. *See Napoli v. Bern*, Index No. 159576/2014, Affidavit of Marc J. Bern in Support of Defendant's Order to Show Cause ¶¶ 9–10 (NYSCEF Doc. No. 9) (Sup. Ct. N.Y. Cty. Nov. 5. 2014).

[38] Hinton Decl. ¶ 7 & Table 1 (Dkt. No. 1975-3).

[39] *See* Napoli Shkolnik PLLC, https://www.napolilaw.com/ (last visited Nov. 15, 2021).

stating that a Victims Compensation Fund is being set up that may be worth over $1.5. billion.[40]

On August 31, 2020, R. Joseph Hrubiec of Napoli Shkolnik filed an objection to the Debtors' motion to supplement the Court's order regarding the bar date.[41]  On September 9, 2020, Mr. Hrubiec moved to admit Mr. Napoli and Brett Bustamante of Napoli Shkolnik *pro hac vice* in the BSA Cases.[42] On October 20, 2021, Mr. Hrubiec withdrew as counsel and substituted his appearance with Katherine Barksdale of Napoli Shkolnik's Wilmington office.[43]

On February 5, 2021, Napoli Shkolnik filed an opposition to Hartford's and Century's motions for Rule 2004 discovery.[44]  In the 19-page opposition, Napoli Shkolnik conceded that this Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the District Court, and that venue was proper pursuant to 28 U.S.C. §§ 1408 and 1409.[45]  In the opposition, Napoli Shkolnik did not assert it was not a party to the BSA Cases or that the Court lacks jurisdiction or venue over it.

## E.      Krause & Kinsman is a party in the BSA Cases.

A Krause & Kinsman partner, Adam Krause, signed 2,507 POCs, the most POCs signed by any attorney in these cases.[46]  Mr. Krause signed 2,033 POCs in the two weeks before the bar date.[47] Krause & Kinsman worked with a claims' aggregator, Verus Claims Services LLC, to submit its POCs and Verus submitted over 1,900 POCs signed by Mr. Krause.[48]  Mr. Krause did not sign these POCs, instead it appears someone cut and pasted a pdf image of Krause' signature on the POC form.[49]

On its website, Krause & Kinsman describes itself as "one of the nation's leading mass-tort & personal injury law firms" whose partners, including Mr. Krause, "have been selected to serve on

---

[40]   Declaration of Andrew Kirschenbaum in Support of Century's Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim, dated Jan. 22, 2021 ("Kirschenbaum Decl.") ¶ 18 (Dkt. No. 1975-1).

[41]   Objection of Napoli Shkolnik PLLC to Debtors' Motion to Supplement the Bar Date Order (Dkt. No. 1200).

[42]   Motion and Order for Admission Pro Hac Vice of Paul Napoli (Dkt. No. 1289); Motion and Order for Admission *Pro Hac Vice* of Brett S. Bustamante (Dkt. No. 1290).

[43]   Notice of Substitution of Counsel, Notice of Appearance, Request for Claimants for Service of Notices and Documents (Dkt. No. 6732).

[44]   Napoli Shkolnik PLLC's Opposition to Hartford and Century's Motions for (1) an Order (i) Authorizing Certain Rule 2004 Discovery and (ii) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (2) Insurers' Motion for an Order Authorizing Rule 2004 Discovery Certain Proofs of Claim (Dkt. No. 2090).

[45]   *Id.* ¶¶ 13, 14.

[46]   Hinton Decl. ¶ 7 & Table 1 (Dkt. No. 1975-3).

[47]   *Id.*

[48]   Declaration of Erich J. Speckin, dated Jan. 22, 2021 ¶ 18 (Dkt. No. 1975-4).

[49]   *Id.*

steering committees for some of the largest pharmaceutical mass-tort cases."[50]  Krause & Kinsman retained Conaway-Legal LLC, a Wilmington law firm, and Wendt Law Firm P.C. to represent the Firm in these cases.

On February 5, 2021, Conaway-Legal moved to admit Mr. Krause *pro hac vice* in the BSA Cases and Samuel Wendt of Wendt Law *pro hac vice* to "represent various clients of Krause & Kinsman and its attorneys in the above-captioned case." [51]  The same day, on behalf of Krause & Kinsman, Conaway-Legal and Wendt Law filed a joinder to the Coalition's objection to Rule 2004 discovery.[52] In the joinder, Krause & Kinsman did not assert it was not a party to the BSA Cases or that the Court lacks jurisdiction or venue over it.

**F.      ASK and Andrews & Thornton are each a party in the BSA Cases.**

ASK and Andrews & Thornton jointly retained counsel to represent them in these the BSA Cases, A.M. Saccullo Legal, LLC, a Wilmington, Delaware law firm, and Robbins Russell.[53]  An ASK attorney, David Stern, signed 1,490 POCs, including 686 in the two weeks before the bar date.[54]  An Andrews & Thornton attorney, Sean Higgins, signed 955 POCs, including 951 in the two weeks before the bar date.[55]

ASK has appeared on behalf of clients in several other bankruptcies before this Court.[56]  ASK, a law firm with offices in New York City and St. Paul, Minnesota, describes itself as "one of the nation's leading law firms" for the recovery and defense of avoidance actions, enforcement of individual unsecured creditors' rights, and providing general bankruptcy advice.[57]

Andrews & Thornton received outside financing based on filing POCs and recoveries from the POCs.  The financing came from Catalur Capital Management, a New York-based hedge fund,

---

[50]  *See* Krause & Kinsman Law Firm, https://krauseandkinsman.com/ (last visited Nov. 15, 2021).

[51]  Motion and Order for Admission *Pro Hac Vice* of Adam Krause (Dkt. No. 2072); Motion and Order for Admission *Pro Hac Vice* of Samuel Wendt (Dkt. No. 2075).

[52]  Joinder of Krause and Kinsman to the Coalition of Abused Scouts for Justice Objection to Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim [D.I. 1974] (Dkt. No. 2078).

[53]  On February 3, 2021, A.M. Saccullo moved to admit five attorneys from Robbins Russell *pro hac vice* in the BSA Cases to represent Andrews & Thornton and ASK.  *See* Dkt. Nos. 2012-2016.

[54]  Hinton Decl. ¶ 7 & Table 1 (Dkt. No. 1975-3).

[55]  *Id.*

[56]  *See* News and Events, ASK LLP, https://askllp.com/news/ (last visited Nov. 15, 2021).  These cases include: *In re Samson Resources Corp.*, Case No. 15-11934 (Bankr. D. Del.), *In re Quicksilver Resources Inc.*, Case No. 16-11452 (Bankr. D. Del.), *In re Radioshack Corp.*, Case No. 15-10197 (Bankr. D. Del.), *In re Exide Technologies*, Case No. 13-11482 (Bankr. D. Del.), *In re Deb Stores Holding LLC*, Case No. 14-12676 (Bankr. D. Del.), *In re AFA Investment Inc.*, Case No. 12-11127 (Bankr. D. Del.), *In re NewPage Corp.*, Case No. 11-12804 (Bankr. D. Del.), *In re WP Steel Venture LLC*, Case No. 12-11661 (Bankr. D. Del.).  *Id.*

[57]  *See* About ASK LLP, ASK LLP https://askllp.com/about/ (last visited Nov. 15, 2021).

which secured its investment with recoveries from the BSA Cases.[58] Andrews & Thornton can recover up to 40% of what is paid on a POC.[59] Andrews & Thornton describes itself as having "earned a national reputation as effective mass tort advocates and have been asked to participate with mass tort leadership in California, New York, Massachusetts, New Jersey, and Minnesota."[60]

On February 5, 2021, on behalf of ASK and Andrews & Thornton, A.M. Saccullo and Robbins Russell filed an objection to a motion for Rule 2004 discovery.[61] In its 17-page objection. A.M. Saccullo and Robbins Russell did not assert that ASK or Andrews & Thornton were non-parties to the BSA Cases or that the Court lacked jurisdiction or venue over their clients. On February 18, 2021, attorneys for Andrews & Thornton and ASK appeared at the hearing before the Court relating to the motion.[62]

**G.     The Firms have refused to respond to the Insurers' Discovery Requests.**

Pursuant to the Court's Scheduling Order, the Insurers are "Participating Parties" to the Confirmation Proceedings. The Court authorized Participating Parties to "serve confirmation-related discovery pursuant to Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties."[63] On October 8, 2021, the Insurers served their first set of document requests and interrogatories on Kosnoff Law, AVA, Napoli Shkolnik, Krause & Kinsman, Andrews & Thornton, and ASK.[64] The document requests and interrogatories requested that the Firms respond on or before October 22, 2021.[65]

Each of the Firms responded to the Discovery Requests with near-identical letters.[66] In the letters, each Firm asserted it was not a party to the BSA Cases and the Firm was not a "Participating

---

[58]   Kirschenbaum Decl., Exs. 9, 15, 16 (Dkt. No. 1975-1).

[59]   Kirschenbaum Decl., Exs. 9 at 3 (Dkt. No. 1975-1).

[60]   About Our Firm, Andrews & Thornton, Attorneys at Law, https://andrewsthornton.com/our-firm/ (last visited Nov. 15, 2021). The license of Andrews & Thornton name and managing partner, Anne Andrews, was previously suspended by the California State Bar. *See* Kirschenbaum Decl., Ex. 7 (Dkt. No. 1975-1).

[61]   Objection of Andrews & Thornton, Attorneys at Law, and ASK LLP to Insurers' Motion for an Order Authorizing Rule 2004 Discovery (Dkt. No. 2095).

[62]   Feb. 18, 2021 H'rg Tr.

[63]   Dkt. No. 6528 ¶ 9.

[64]   Declaration of Robert D. Cecil, Jr. in Support of Insurers' Omnibus Motion to Compel Kosnoff Law PLLC, AVA Law Group, Napoli Shkolnik PLLC, Krause & Kinsman Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP to Respond to Document Requests and Interrogatories, dated Nov. 15, 2021 ("Cecil Decl."), Exs. 1, 2, 5-8, 12, 13, 17, 18; Notice of Service of Zurich's First Set of Requests for Production of Documents Directed to Law Firm Parties (Dkt. No. 6569).

[65]   *E.g.*, *id.*, Exs. 1, 2.

[66]   *Id.*, Exs. 3, 4, 9, 14, 19.

**Crowell & Moring LLP  ■  www.crowell.com**

**Brussels  ■  Chicago  ■  Doha  ■  Indianapolis  ■  London  ■  Los Angeles  ■  New York  ■  Orange County  ■  San Francisco  ■  Shanghai  ■  Washington, DC**

Party".[67]  Each Firm requested that the Insurers withdraw document requests and interrogatories.[68]
Some Firms added additional objections in the letters, including:

- Despite Napoli Shkolnik having an office in Delaware, the Firm argued that any subpoena would have to be heard in the Eastern District of New York where Napoli Shkolnik's principal office is located.[69]

- Wilks Law asserted its client "Kosnoff Law represents individuals who have filed proofs of claim on behalf of claimants it represents, but Kosnoff Law has filed no proof of claim for itself." [70]

The Insurers responded to the letters stating they did not agree with the Firm's assertions that they were non-parties and requested each Firm to respond to the Discovery Requests.[71]  Between October 29 and November 5, 2021, counsel for the Zurich Insurers met and conferred with counsel for Firms.[72]  The Zurich Insurers offered to withdraw the properly served Discovery Requests if each of the Firms would (i) accept service of and respond to a subpoena requesting the same information as set forth in the Discovery Requests and (ii) agree to have any disputes with such subpoenas heard by this Court.  Each Firm has refused to agree to this reasonable offer.[73]  As a result, the Insurers have been forced to file this motion to compel.

## ARGUMENT

### I. Each Firm is a party to the BSA Cases and subject to party discovery.

Discovery under the Federal Rules is broad.  Rule 26(b) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Third Circuit liberally construes "party in interest" under Section 1109(b) of the Code emphasizing the "stake in the proceeding" rather than nominal title.[74]

In *In re Mirant Corp.*, in granting a Rule 2004 motion, a Texas bankruptcy court found:

[A]s to jurisdiction over Respondents, while a true third party target of a subpoena may be entitled to require subpoenas from local courts, Respondents are parties in interest in these cases. They are creditors who have participated in these chapter 11 cases. . . . The court would be surprised if their affiliates are not actively trading in securities of Debtors. . . .  Respondents are entities that operate nationally.  It would be anomalous to

---

[67]  *E.g.*, *id.*, Ex. 3.

[68]  *Id.*

[69]  *Id.*, Ex. 14.

[70]  *Id.*, Ex. 4.

[71]  *E.g.*, *id.*, Exs. 10, 15.  Counsel for some of the Firms responded reiterating their position that their clients were not parties in the BSA Cases.  *Id.*, Exs. 11, 16.

[72]  *Id.* ¶¶ 6, 8, 16, 22, 26.

[73]  *Id.*

[74]  *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985).

permit them to evade this court's reach and the necessity of cooperating in a time-sensitive investigation.[75]

Each of the Firms has characterized itself as a party, and have acted as a party. There can be no doubt the Firms have a substantial interest and direct involvement in the BSA Cases. They have engaged counsel who has filed papers with the Court. Through these filings, the Firms have conceded that they have standing and acknowledged that they have a sufficient legal interest to be parties to the BSA Cases. Nowhere have these Firms asserted—prior to the discovery at issue—that they are non-parties in the BSA Cases or that the Court lacks jurisdiction or venue over them.

The Firms have also taken the following actions as parties:

- All of the Firms are or were part of the Coalition. This Court has found that the Coalition is a "Mediation Party" and therefore a "Participating Party." to the Confirmation Proceedings.[76] As current members of the Coalition, Napoli Shkolnik, Krause & Kinsman, Andrews & Thornton, and ASK are therefore Participating Parties as well.

- The Firms are either part of the Coalition or AIS, both of whom have been ordered by this Court to make Rule 2019 disclosures and have made such disclosures.

Thus, the Court should order each Firm to respond to the Discovery Requests as a party.

## II. If this Court finds any Firm is a not a party, such Firms still must respond to the Discovery Requests as parties because each Firm has comported itself as a party and controls a participating party.

A non-party which "comports itself as a party" in litigation must produce documents pursuant to Rule 34.[77] Courts permit discovery pursuant to Rule 34 from certain non-parties because a "third party with a substantial interest in the litigation cannot be allowed to frustrate the rules of discovery to the disadvantage of another party."[78]

In *Compagnie Francaise*, a district court in the Southern District of New York held that certain French ministries were subject to Rule 34 discovery, despite their formal status as non-parties, where

---

[75]    326 B.R. 354, 357 (Bankr. N.D. Tex. 2005).

[76]    Dkt. No. 6528 ¶ 5.

[77]    *Nat'l Union Fire Ins. Co. v. Rhone-Poulenc Basic Chems. Co.*, 1992 Del. Super. LEXIS 591, at *17-18 (Del. Super. Aug. 7, 1992) ("A non-party which comports itself as a party in all phases of litigation may not frustrate the discovery process by refusing to furnish documents in its possession."); *In re Jee*, 104 B.R. 289, 295-96 (Bankr. C.D. Cal. 1989) ("[s]everal courts have concluded that a non-party could be compelled to comply with discovery requests made pursuant to Rule 34 where the non-party has a substantial interest in the litigation and is playing the role of a party.") (internal quotation marks omitted).

[78]    *In re Infant Formula Antitrust Litig.*, 1992 WL 503465, at *10 (N.D. Fla. Jan. 13, 1992); *see also Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997); *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 654 (D. Kan. 2004).

their agent was a party in the matter.[79]  The court found that one ministry was the "moving force" and another ministry "played a part" in the contractual dispute underlying the litigation. The court also found that the ministries were the ultimate beneficiaries of any award.  As a result, those ministries had to respond to Rule 34 discovery as if they *were* a party.[80]  The *Compagnie* court further found that a controlling entity could not shield itself from discovery by having its agent as the named party in a matter.[81]  As the *Compagnie* court held, it is "unacceptable" to shield controlling entities from discovery because they had an agent "do their bidding."[82]

As in *Compagnie*, the Firms should not be allowed to hide behind the Coalition—a participating party in this litigation.  At a minimum, each Firm has acted as a party by controlling a participating party and because of their substantial interest in the outcome of these cases.

## III.    If any of the Firms are not subject to party discovery, the Firms must respond to subpoenas, and any disputes concerning such subpoenas should be heard and resolved by this Court.

To the extent this Court finds any Firm can respond to discovery in the BSA Cases only through a subpoena issued pursuant to Rule 45, this Court should find that (i) the Firms must accept service of and respond within three days to a subpoena requesting the same documents as set forth in the Discovery Requests, and (ii) any disputes concerning such subpoenas will be heard and resolved by this Court.

District courts have found that non-parties "should not be permitted to rely on . . . non-party status to frustrate discovery efforts . . . ."[83]  And non-parties in bankruptcy cases have been held in contempt for refusing to comply with subpoenas when the non-parties "had actual notice of the proceeding." [84]  In demanding that the Insurers litigate the subpoenas before other district courts, the Firms appear to be referring to Rule 45(c), which provides the place of compliance to a subpoena must be within 100 miles or within the state of where a person resides, is employed, or regularly transacts business.  As set forth above, given their substantial involvement in the BSA Cases, the Firms clearly "regularly transact business" in Delaware.

Even if the Firms did not "regularly transact business" in Delaware, non-parties are not subject to Rule 45(c)'s 100-mile limitation when the subpoena does not require the travel or attendance of any witnesses and only requests the production of documents electronically.[85]  This is precisely what is sought in the Discovery Requests: the electronic production of documents.  The Discovery Requests do not require any travel to Delaware for deposition or in-person attendance at hearings.  In any event,

---

[79]  *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 33-34 (S.D.N.Y. 1984).

[80]  *Id.* at 34.

[81]  *Id.* (*citing Solentanche & Rodio, Inc., v. Brown & Lambrect Earth Movers, Inc.,* 99 F.R.D. 269, 272 (N.D. Ill. 1983)).

[82]  *Id.* at 35.

[83]  *Cohen v. Doyaga*, 2001 WL 257828, at *3 (E.D.N.Y. Mar. 9, 2001).

[84]  *Id.*

[85]  *Curtis v. Progressive N. Ins. Co.*, 2018 WL 2976432, at *2 (W.D. Okla. June 13, 2018).

due to COVID-19, depositions and hearings in the BSA Cases are virtual, which further eliminates any purported burden claim.

The Firms will also not be burdened by this Court resolving disputes regarding subpoenas. In addition to filing thousands of POCs, each of the Firms has filed papers with the Court. Napoli Shkolnik has an office in Delaware and the rest of the Firms have retained counsel located in Delaware. The Coalition also retained counsel located in Delaware.

Moreover, there can be no question that this Court is best situated to resolve any disputes regarding the subpoenas as opposed to a court in another forum. This Court is intimately familiar with these complex cases and is already considering issues relevant to resolving disputes with the subpoenas, including privilege, relevance, burden, and confidentiality in connection with discovery served on other claimant firms and associated entities. This Court also understands how resolving this dispute will affect the BSA Cases.[86] Unlike other courts, this Court can resolve any disputes expeditiously without protracted briefing and in accordance with the accelerated discovery schedule.[87]

The Firms received the Discovery Requests over a month ago. If the Insurers are forced to litigate the subpoenas before other courts, the Firms will be able to successfully run out the clock on the Discovery Requests. Parties like the Firms with a substantial interest in the outcome of these cases should not be permitted to frustrate the discovery process and the resolution of issues in these cases. The Firms do not have any valid objection to responding to subpoenas requesting the same information as set forth in the Discovery Requests and having any disputes with such subpoenas heard by this Court.

*          *          *

For the reasons set forth herein, the Insurers respectfully request that this Court grant the relief requested by the Insurers.

---

[86]   *See, e.g., Adderley v. Three Angels Broad. Networks, Inc.*, 2019 WL 4204327, at *1–2 (S.D. Ill. Sept. 5, 2019); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46-47 (D.D.C. 2014).

[87]   Dkt. No. 6568.

Respectfully submitted,


  /s/ *Kelly T. Currie*
Kelly T. Currie (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
Phone:  (202) 624-2500
Email:  kcurrie@crowell.com


  /s/ *Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone:  (302) 658-6901
E-mail:  rcecil@trplaw.com


Attorneys for American Zurich Insurance
Company, American Guarantee and Liability
Insurance Company, and Steadfast Insurance
Company

## Local Rule 7026-1 (d) Certification

I hereby certify that a reasonable effort was made to reach agreement with the opposing parties on the matters set forth in the motion.

/s/ Robert D. Cecil, Jr.
Robert D. Cecil, Jr. (No. 5317)

## Exhibit 1 – List of Joining Insurers

1. Indian Harbor Insurance Company
2. Century Indemnity Company
3. Claredon American Insurance Company
4. Allianz Global Risks US Insurance Company
5. Great American Assurance Company
6. AIG Companies
7. Old Republic
8. Arrowood Indemnity Company
9. National Surety Corporation
10. The Zurich Insurers