UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

# CENTURY'S NOTICE OF TOPICS FOR ANTICIPATED EXPERT TESTIMONY RELATED TO PLAN CONFIRMATION

In accordance with the Plan Confirmation Schedule as set forth in the *Order (i) Scheduling Certain Dates And Deadlines In Connection With Confirmation Of The Debtors' Plan Of Reorganization, (ii) Establishing Certain Protocols, And (iii) Granting Related Relief* [Docket No. 6528], Century expects to offer affirmative expert testimony on the following topics:

1. Trust transparency, trust administration, trust governance, trust structures, trust quality control measures, ethical considerations, and historical performance of mass-tort bankruptcy trusts.

2. Valuation, qualification, and evidentiary criteria for sexual abuse claims in the Plan and TDPs, and analysis of Proofs of Claim.

3. Litigation, defense, and settlement of sexual abuse claims in the tort system.

4. Financial and economic aspects of bankruptcy reorganization and liquidation.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311).

5. The Plan's impairment of insurance contracts, imposition of burdens on insurer rights, obligations, and defenses, and violation of applicable insurance neutrality principles and insurance contract provisions, including, without limitation: the Plan's proposed insurer-prejudicial findings and decrees; Plan provisions purporting to adjudicate allocation between BSA, Local Council, and Chartering Organization insurance coverage; Plan and TDP provisions purporting to bind insurers to Trust Abuse Claim valuation processes and determinations; and Plan provisions concerning the treatment of insurers' contribution and subrogation rights.

6. The failure of the TDPs to include a meaningful process to evaluate the reliability of Abuse Claims and to deter the submission of false or fraudulent claims, to ensure that only reliable Abuse Claims are compensated, and to evaluate Abuse Claimants' respective alleged damages.

7. Any other subject raised by any other Party during the case and appropriate for expert testimony.

Nothing in this Notice obligates Century to call any particular witness as an expert witness, nor does it obligate Century to have a witness provide opinions on any or all of the topics identified above.

Century reserves the right to offer additional opinions as may be necessary or appropriate based on any additional evidence developed or discovered in advance of the confirmation hearing and any developments in this proceeding.

.

Dated: November 15, 2021

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:    302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Gary Svirsky (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:    212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*