

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

**Tancred Schiavoni**
D: +1 212 326 2267
tschiavoni@omm.com

**BY EMAIL/ECF**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court
For the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

      **Re: In re Boy Scouts of America and Delaware BSA, LLC, Case No. 20-10343**

Dear Judge Silverstein:

      We write on behalf of Century Indemnity Company ("Century") and Chubb Group Holdings, Inc. ("Chubb") to join the letter motion seeking to quash Rule 30(b)(6) deposition notices filed by American Zurich Insurance Company. [D.I. 7206]. In addition, we submit this letter motion to address a set of deposition topics noticed by the Official Committee of Tort Claimants ("TCC") unique to Century and Chubb that should also be quashed.[1]

      Specifically, the TCC improperly seeks 30(b)(6) deposition testimony from Century and Chubb relating to their financial condition, a 25-year old restructuring of the Insurance Company of North America ("INA"), and another corporate transaction that closed 22 years ago. *See* TCC Notice to Century Topics 10, 19-27 (attached as Exhibit A); TCC Notice to Chubb Topics 10, 19-24 (attached as Exhibit B). These issues will be familiar to the Court. On August 30, 2021, the Court rejected the TCC's motion to compel further discovery of these issues, recognizing that the legal issues arising from the 1996 restructuring were not relevant to plan confirmation. Hr'g Tr. Aug. 30, 2021 at 16:6-7. The Court further found that the TCC had "signed off on the structure of [a] plan" that did not resolve coverage issues, and therefore, had no basis to explore them in discovery. *Id.* at 13:12-20. The Court should quash the notices for deposition testimony on these same topics for these reasons and those set forth below.

---

[1]     The Rule 30(b)(6) deposition notices were also directed to Federal Insurance Company, Pacific Employers Insurance Company, Chubb Custom Insurance Company, Indemnity Insurance Company of North America, Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company International Insurance Company, U.S. Fire Insurance Company, Industrial Insurance Company of Hawaii, Industrial Indemnity, California Union Insurance Company, and Texas Pacific Indemnity Company, which join this motion. Those entities and Chubb are represented by Simpson Thacher & Bartlett LLP. Chubb Limited is also named in the deposition notice, but it is a holding company that is not a party to these proceedings, has not appeared or been served with a subpoena and, as a Swiss company, is not subject to the personal jurisdiction of this Court.

Austin • Century City • Dallas • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

11/14/21 7:02 PM

As background, INA, which issued various insurance policies to the BSA, divided into two companies in 1996—INA and CCI Insurance Company ("CCI")—in a transaction approved by the Pennsylvania Department of Insurance. CCI then merged with Century, which is the legal successor to the liabilities associated with certain legacy policies issued before December 31, 1995. After public hearings and extensive review, the Pennsylvania Department of Insurance issued a 65-page order approving the division and restructuring. *See* Decision & Order, I*n Re Plan of Restructuring of INA Fin. Corp., Bankers Standard Ins. Co., et al.*, Docket No. MS95-10-056 (Feb. 7, 1996) (attached as Exhibit C). The Pennsylvania Supreme Court rejected challenges to the Department of Insurance's Approval Order. *LaFarge Corp. v. Pa. Dep't of Ins.*, 557 Pa. 544 (1999). In 1999, ACE Limited acquired the parent company of INA and Century, among other affiliated property and casualty insurers, in a transaction that was also approved by the Pennsylvania Department of Insurance. In 2016, ACE Limited acquired the Chubb Corporation and changed its name to Chubb Limited. Since then, Chubb has been Century's indirect corporate parent. Chubb is not an insurance company and never insured any entity in this case.

In an effort to resolve the prior discovery dispute, Century and Chubb provided detailed interrogatory responses and produced a variety of non-confidential documents related to their financial status, the 1996 INA restructuring and the 1999 ACE acquisition. As part of this latest round of discovery requests, Century and Chubb responded to additional interrogatories and supplemented its production. Century and Chubb have produced ten years' of their financial statements and documents about both corporate transactions, including the approval orders issued by the Pennsylvania Department of Insurance and other state regulators. Those documents --which make up more than eight boxes of documents -- are more than sufficient to address any inquiries the TCC may have about these topics and how the transactions could impact its interests.

Substantively, the requests for information about Century's and Chubb's financial wherewithal are outside the bounds of permissible discovery, especially in the context of plan confirmation proceedings. Topic 19 of the Notices seeks deposition testimony about Century's and Chubb's "financial ability to satisfy Your obligations under any Insurance Policies." Topic 10 is similar. Discovery into the ability of Century (or any of the Chubb-affiliated insurers) to pay is inappropriate. *See, e.g., Pinkert v. John J. Olivieri, P.A.*, No. CIV. A. 99–380–SLR, 2001 WL 641737, *7 (D. Del. 2001) (granting protective order against discovery of Defendant's financial status) (citing *McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97-4034 1998 WL 964185, at *10 (E.D. Pa. Nov. 16, 1998) ("Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence"")). In addition, as noted above, Chubb is not an insurer and has no "obligations under any Insurance Policies." As the Court found during the August 30 conference, the TCC does not have "an appropriate basis upon which to require adversaries to" provide discovery about their ability to pay. Hr'g Tr. Aug. 30, 2021 at 41:24-42:2. The TCC cannot show that Century's or Chubb's financial condition is relevant to plan confirmation.

The noticed topics concerning the 1996 INA restructuring, the 1999 ACE acquisition and related matters are likewise inappropriate. *See* TCC Notice to Century Topics 20-27; TCC

Notice to Chubb Topics 20-24.  The Court stated during the August 30 conference that the consequence of the 1996 transaction "is a legal issue" and "it is not going to get litigated in front of me."  Hr'g Tr. Aug. 30, 2021 at 16:6-7.  The Court further found that that legal issue "is untethered to any particular dispute that's in front of me" and rejected the TCC's application for additional document discovery.  *Id.* at 41:21-22.  The Court should reach the same result with respect to the requested deposition testimony.  Nothing has changed to make testimony about either the 1996 or 1999 transactions relevant to plan confirmation.  Moreover, the Court has also repeatedly stated that it will not decide coverage issues and questions related to corporate transactions that were approved by the Pennsylvania Department of Insurance more than twenty years ago and their bearing on coverage obligations are even less relevant to plan confirmation.  *See*, *e.g.*, Hr'g Tr. Sept. 28, 2021, at 74:7-14.

It must be emphasized that these depositions are being sought in connection with an expedited plan confirmation hearing.  Discovery in this fast-tracked contested matter should be directed solely to what is relevant to the confirmation requirements set forth in 11 U.S.C. § 1129(a).  What is being sought from Century and Chubb through the TCC's 30(b)(6) notices has absolutely nothing to do with plan confirmation and is immensely burdensome under the expedited schedule.

The blizzard of 30(b)(6) notices targeted at Insurers is also on top of the overwhelming volume of document requests, interrogatories and requests for admission that were separately served on Century and Chubb.  On October 8, the Debtors, Coalition and FCR separately served a total of 515 discovery requests (including subparts), while the TCC and the Lujan and HMM claimants served another 158 demands (including subparts), all of which had a 10-day response deadline.  In asking the Court to enter the Scheduling Order, the Plan Proponents did not disclose their intent to serve this volume of discovery requests.  The number of requests is all the more remarkable because it follows the 77 requests that the TCC, Coalition, FCR and Debtors previously served and Century previously answered.  These multiple requests are cumulative, duplicative, extraordinarily burdensome and have little if anything to do with confirmation.

For these reasons, Century and Chubb believe these deposition topics are improper and unwarranted and request that the Court issue a protective order quashing the deposition notices.

Respectfully submitted,

*/s/ Tancred Schiavoni*

Tancred Schiavoni
Of O'Melveny & Myers LLP

*Counsel for Century Indemnity Company*

TVS