## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos.: 7118, 7119, 7120, 7122, 7216, 7235, 7250 and 7252** |

**SUPPLEMENTAL STATEMENT OF THE TORT CLAIMANTS' COMMITTEE WITH RESPECT TO THE DEBTORS' STATUS REPORT, THE SUPPLEMENT TO JOINDER OF THE COALITION OF ABUSED SCOUTS FOR JUSTICE AND THE JOINDER OF EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C., REGARDING THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE SOLICITATION PROCEDURES ORDER, (II) ENFORCING SECTION 1103 OF THE BANKRUPTCY CODE AGAINST TORT CLAIMANTS' COMMITTEE, AND (III) GRANTING RELATED RELIEF; DECLARATION OF JOHN W. LUCAS IN SUPPORT THEREOF**

The Official Committee of Tort Claimants (the "TCC"), appointed in the above-captioned cases, hereby files this supplemental statement in response to the *Status Report Regarding Debtors' Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 725-0] (the "Status Report"),[2] the *Supplement to Joinder of the Coalition of Abused Scouts for Justice to Debtors' Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7235]

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against Tort Claimants' Committee, and (III) Granting Related Relief* (the "Motion").

(the "Supplement"), and the *Joinder of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. to Debtors' Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7252] (the "Joinder"), and respectfully states as follows:

## SUPPLEMENTAL STATEMENT

1.      The TCC has agreed to the relief sought in the Motion.  The Debtors, the Coalition and the TCC have agreed on a form of order – and that agreed-to order has been provided to the Court.  There is nothing remaining for the Court to decide at the November 17th hearing, which is now a status conference as the substantive relief sought by way of the Motion has been consensually resolved.  The parties have reserved their right to seek further relief and discovery on these issues is pending as contemplated by the agreed-to process.  To the extent that further substantive relief is sought, all parties, including the TCC, will have the opportunity to brief the issues and provide this Court with evidence at that time.  The status conference, however, is not that time.  As stated at the November 12th hearing on the Motion:

> MS. GRASSGREEN:  Your Honor, may I just briefly respond?
>
> *We get all of the reservation of rights, we have no issue with that, we just can't respond to what they haven't brought forward*.  So it seems like the only thing that they – that is a question is the use of the Listserv, at this moment, acknowledging that after discovery it might, but *I think that bears on what are we doing Wednesday because, if there is other relief, I think you would agree that we would need to be provided notice of it and an opportunity to respond*.
>
> THE COURT: *I do agree with that*. So I guess what I would like to know is – but I – well, the debtors need to have an opportunity to take a look at the discovery responses.
>
> MS. GRASSGREEN:  Agreed.
>
> THE COURT:  So I would like to know, once you've done that, whether the committee's exculpation [*sic*] of substantive communications has – if there's any disagreement there.  *If there's not, then I'm not sure I see the need for a hearing on*

2

***Wednesday***. If there is and there's something we need to address, we can address that on Wednesday.

I do want to make certain that the parties' time is focused on where it needs to be focused. This is – as you can tell, I think it's an immensely important issue that needs to be addressed, we've started addressing it. ***If there's anything further on the remediation issue or any of the relief sought by way of this motion, then I'm available Wednesday, but I'd like the parties to have discussion about what is necessary to have. Sanctions can wait, designation is premature. Maybe we'll be lucky and any harm to the voting process is minimal, if any, to the extent we can know, and we'll have to deal with that as that comes up***.

*See* Transcript of November 12, 2021 hearing, p. 66, l. 16 – p. 67, l. 24, attached as <u>Exhibit A</u> hereto.

2.      Notwithstanding the parties' agreement on the relief sought in the Motion – which includes a reservation of rights as to further substantive relief – three pleadings were filed, by the Debtors, the Coalition and the Eisenberg Rothweiler firm, raising certain "concerns" based on in-process discovery that relate solely to further relief they may (or may not) seek at some future date. With respect, as this Court noted, that is a matter for another day.  Even the Debtors acknowledge this in the Status Report, stating:  "***The parties will proceed with the November 17 hearing on this matter as a status conference before the Court***."   The Debtors, the Coalition and the Eisenberg Rothweiler firm have reserved their rights to seek further relief if appropriate – their "setting the table" on these issues by way of their supplemental filings will be addressed by the TCC in the proper context if and when that context is properly before the Court.

3.      As set forth in its previously-filed Statement [Docket No. 7216], the TCC has: (a) undertaken remedial measures, including transmitting a corrective communication; (b) advised the Debtors that the TCC would work constructively to put further remedial measures in place if necessary; (c) provided expedited responses to discovery; and (d) agreed to provide further expedited discovery, which includes document productions, interrogatory responses and four depositions.   A copy of the remedial correspondence is attached as Exhibit B to the previously

filed *Declaration of John W. Lucas* [Docket No. 7227].  *See also* Declaration of John W. Lucas annexed hereto regarding the transmission of the remedial correspondence.

4.       None of the Debtors, the Coalition or the Eisenberg Rothweiler firm request any specific additional remedial relief in the Status Report, Supplement or Joinder.  Rather, they use these pleadings as a platform to raise "concerns," make a series of unsupported and false accusations and allegations in an attempt to discredit the TCC and its counsel in the lead-up to a contested plan confirmation in which the Debtors/Coalition and the TCC are on opposing sides.

5.       For example, the Coalition asserts that "the TCC counsel has not shown adequate remorse for their conduct" and has asserted that the "clerical error" was its only mistake.  These assertions are false.  Counsel to the TCC "acknowledged that the distribution of the Kosnoff Letter was a mistake, apologized for any confusion caused by such distribution and acknowledged that distribution of the Kosnoff Letter from the bsasurvivors@pszjlaw.com email address was not an endorsement by the TCC of the contents of those documents and was ill-advised."  *See* TCC Statement, Para. 2.  Moreover, in the remedial letter sent to the recipients of the Kosnoff communication, the TCC's counsel stated that "**My firm and the TCC sincerely apologize for any confusion caused by our distribution of Mr. Kosnoff's email and letter**" and that counsel "utterly and truly apologize for sending Mr. Kosnoff's email and letter to you."  *See* Exhibit B to the previously filed *Declaration of John W. Lucas* [Docket No. 7227] (emphasis in original).

6.       We reiterate this here – Counsel for the TCC apologizes and is remorseful for distributing the Kosnoff email and letter from the firm email system.  It was a mistake.  It will not happen again.

7.       Second, the Coalition asserts that counsel for the TCC "reviewed and edited the Kosnoff communication before it was sent."  The Debtors also point to this as a "concern."  The

4

evidence, however, shows that counsel for the TCC did not change a word of the Kosnoff communication. Rather, counsel added emphasis (bold and underscore) to one word, "reject." In addition, there are assertions that, among other things, TCC's counsel initiated the idea to distribute the Kosnoff letter, notwithstanding that the initial Kosnoff letter had already been sent out to his constituency on October 19th and that "immediate corrective action" was not taken or there was an insufficient basis for sending the letter. The relevant issues here are not that counsel added emphasis to a single word or whose idea it was to retransmit the already-circulated letter or other actions or non-action taken at the time. The relevant issues at this juncture are that the letter should not have been sent from counsel's email system in the first instance and the remedial steps taken to address this error.

8.      Third, the Coalition asserts "that the conduct at issue was intended to disrupt the vote on the Debtors' Plan." The Eisenberg Rothweiler firm makes a similar allegation. Neither has any foundation for that very serious allegation other than the Coalition citing to an anonymous post at a TCC Town Hall. TCC counsel did not make this posting and has expressly conveyed to the recipients of the Kosnoff communication – and to the Court, the Debtors and the Coalition – that it was a mistake to have sent the letter via counsel's email system and has specifically stated in its remedial letter that the TCC does not endorse its contents and has apologized for any confusion the transmission of the letter may have caused.

9.      The allegations of legal wrongdoing, corruption of the attorney-client relationship, the tacit endorsement of defamatory statements and the utilization of the process as a pretext to "blow up" the plan levied against the TCC and its counsel by the Eisenberg Rothweiler firm are without basis or support.

10.     The Debtors, the Coalition and the Eisenberg Rothweiler firm have repeatedly stated to the Court and counsel that they reserve all rights to seek further relief regarding the voting process and for various types of sanctions.  Any such requests (and any related responses), however, are not before the Court at the November 17th status conference and would be premature in light of the agreed-to ongoing discovery and remedial process.

11.     Finally, the Coalition asserts on page 2 of the Supplement that the Court will need to consider "what punishment is appropriate for the bad actors in this situation . . ."  Good people – even good attorneys – sometimes make mistakes and make wrong decisions.  This does not mean they are bad actors.  We made a mistake and we have taken responsibility for it.  We apologize and will continue to implement the agreed-to process to address and remedy this situation.

Dated:  November 16, 2021   PACHULSKI STANG ZIEHL & JONES LLP
          Wilmington, Delaware

<div style="margin-left: 2em;">

/s/ James E. O'Neill
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Debra I. Grassgreen (CA Bar No. 169978) (admitted *pro hac vice*)
Alan J. Kornfeld (CA Bar No. 130063) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        jstang@pszjlaw.com
              dgrassgreen@pszjlaw.com
              akornfeld@pszjlaw.com
              joneill@pszjlaw.com
              jlucas@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

</div>