# EXHIBIT F



LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
1 MARKET PLAZA SPEAR TOWER 40th
SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE:** 415.263.7000
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

James I. Stang

November 4, 2021

310.772.2354
jstang@pszjlaw.com

**VIA E-MAIL**

David J. Molton
Brown Rudnick LLP
7 Times Square
New York, NY  10036
Email: dmolton@brownrudnick.com

  Re: In re Boy Scouts of America and Delaware BSA LLC, Case No. 20-10343 (LSS) (the "Chapter 11 Case")

Dear David:

  I read your November 1st letter requesting that the Official Committee of Tort Claimants (the "TCC"), and my firm ("PSZJ") as its retained counsel, stop communicating with the TCC's constituents. We have a different view of the role of an official committee and its retained counsel that is more consistent with the Bankruptcy Code and the orders of the Bankruptcy Court than the position you espouse.

  According to you and your ad hoc committee of law firms, communications by the TCC, a duly appointed official committee that has a fiduciary duty to all members of its constituency, should be limited to providing the TCC's solicitation letter to the TCC's constituency, making statements at hearings, and disseminating publically available information. The TCC's communication to its constituency is not limited to the above nor must all of the TCC's communications be approved by the Court. *In re Century Glove, Inc.*, 860 F.2d 94 (3d Cir. 1988) ("A creditor may receive information from sources other than the disclosure statement.").

  Pursuant to section 1102(b)(3) of the Bankruptcy Code, the TCC has an obligation to "provide access to information for creditors who . . . hold claims of the kind represented by that committee; and are not appointed to the committee." To this end, the TCC maintains a website that contains a variety of information about the Boy Scout's bankruptcy



David J. Molton
November 4, 2021
Page 2

case, the claims filed, the various third-parties that are implicated in the decades of childhood sexual abuse that caused the bankruptcy, among many other things.

In addition, pursuant to section 1103(c)(3) of the Bankruptcy Code, the TCC may "advise those represented by such committee of such committee's determinations as to any plan formulated, and collect and file with the court acceptances or rejections of a plan." As you know, the Boy Scouts have formulated a plan and the TCC has been advising its constituency about the TCC's determinations and soliciting rejections of such plan. The TCC, like your coalition of law firms, holds town hall style meetings, which began in January 2021. The town hall meetings are led by the TCC's chair and co-chair, include participation by other TCC members, PSZJ, and some of the TCC's other advisors. Other than the content of the TCC's town hall meetings, they have been carried out in largely the same fashion since the very first meeting.

The TCC's town hall meetings are public and open to all survivors, their counsel, the Coalition, and even the Boy Scouts. The meetings are recorded and made available on the TCC's website to its constituency. As part of the plan solicitation procedures, the TCC provided a letter to its constituency recommending that Survivors vote "no" on the plan. The TCC's recommendation letter was filed with the Court [Docket No. 6365] and was approved by the Court as part of the solicitation procedures [Docket No. 6438]. The TCC's recommendation letter includes, among other things, a Zoom link and telephone dial-in instructions for the TCC's weekly town hall meetings at 8:00 ET every Thursday. No party, including your coalition of law firms, objected to the TCC's recommendation letter.

The TCC sends notice of its weekly town hall meetings to unrepresented survivors, counsel of survivors, and also represented survivors but only with the express written consent of counsel. While the TCC, as an official statutory committee, is assigned duties under the Bankruptcy Code, such as communicating with constituents, it is not expressly dictated by the Bankruptcy Code that it must be carried out solely through the committee members themselves. Such a task would be impractical here if the nine members of the TCC, who are individuals who generally work and have families, were tasked themselves alone with replying to communications without the assistance or at least the direction of counsel.



David J. Molton
November 4, 2021
Page 3

    The TCC and its advisors must and will continue to fulfill the TCC's fiduciary obligations as an official committee under the Bankruptcy Code in accordance with the Bankruptcy Code and any restrictions that limit its communications.

    Very truly yours,

James I. Stang

cc: John W. Lucas (via email)

DOCS_LA:340537.4 85353/002