# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

November 17, 2021

**VIA EMAIL/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

**RE:** *In re Boy Scouts of America and Delaware BSA, LLC*, **No. 20-10343 (LSS)**
*Coalition Of Abused Scouts for Justice Response to Certain Insurers Motion to Compel (D.I. 7198)*

Dear Judge Silverstein:

This firm represents the Coalition of Abused Scouts for Justice (the "Coalition"), and we write in response to the November 12, 2021 letter [D.I. 7198] (the "Motion to Compel") submitted on behalf of Certain Insurers (as defined in the Motion to Compel) that broadly seeks to compel the production of "all drafts of the Trust Distribution Procedures, claim valuation matrices, and related Plan documents and communications withheld from production by the Debtors," which Certain Insurers argue they are entitled to discover on the basis of the Court's October 25, 2021 ruling with respect to the scope of the mediation privilege and communications concerning the Trust Distribution Procedures ("TDPs") made in connection with mediation. The relief sought by Certain Insurers goes well beyond the Court's October 25 ruling, and the Motion to Compel should be denied.

First, to the extent Certain Insurers hope to use the Court's order to apply to anything beyond the TDPs or the mediation privilege, such was simply not within the scope of this Court's limited ruling. On October 25, 2021, Your Honor provided a focused ruling: "I deny debtors' motion ***to the extent*** that debtors seek to shield discovery communication, oral and written, ***regarding the trust distribution procedures***, based on the ***mediation privilege***." Oct. 25, 2021 Hr'g Tr. 15:4-7 (emphasis added). The Coalition has not waived the mediation privilege, nor, to our understanding, has any other party to the mediation, including Certain Insurers.[1]

---

[1] Certain Insurers also seek documents well beyond the scope of other operative rules and orders. The Coalition participated in the mediation and communicated with other parties participating in the mediation in reliance on Local Rule 9019-5(d) and its provisions concerning the confidentiality and discoverability of such communications. This Court's *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [D.I. 812] (the "Mediation Referral Order") expressly provided: "The provisions of Local Rule 9019-5(d) pertaining to 'Confidentiality of Mediation Proceedings' shall govern the Mediation provided, however, that if a Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning



Chief Judge Silverstein
November 17, 2021
Page 2

Moreover, we note that many of the documents sought to be discovered by the Motion to Compel were documents that were exchanged among the mediating parties while physically in mediation with the Mediators. Parsing which documents were exchanged electronically while parties' representatives were sitting across from each other or in adjacent rooms in the course of mediation versus which documents were exchanged prior to or after such meetings but still as part of mediation efforts the participants believed were covered by Local Rule 9019-5(d)(i) and Your Honor's Mediation Referral Order would be a difficult—and we submit unnecessary—exercise, as all such documents are covered by the mediation privilege.

Second, the Debtors have complied with the Court's order and produced the applicable documents. As the Debtors made clear to Certain Insurers in the meet-and-confer process prior to the filing of the Motion to Compel, the documents Certain Insurers have pointed to are not drafts of TDPs (the Debtors offered to produce the documents Certain Insurers cited to in redacted form to the extent certain portions of them may reflect proposed terms for the TDPs). In fact, Debtors have confirmed that they have produced hundreds of TDP-related documents, including over 150 drafts of the TDPs, so Certain Insurers have certainly received such drafts.

Third, Your Honor's October 25, 2021 ruling was limited to the "mediation privilege" and did not rule on the applicability of any other privilege or rule that may apply to protect documents from disclosure in addition to the mediation privilege. *See* Oct. 25, 2021 Hr'g Tr. 15:4-7. In addition to the mediation privilege, the documents withheld by the Debtors sought to be discovered by Certain Insurers pursuant to the Motion to Compel are also settlement-related communications.

The documents that Certain Insurers broadly seek to compel are not simply draft TDPs, but all "claim valuation matrices, and related Plan documents and communications withheld from production by the Debtors," which goes well beyond what the Court ordered with respect to mediation privilege and seeks in one broad stroke to sweep away all other longstanding protections from disclosure, including settlement discussions pursuant to Rule 408 of the Federal Rules of Evidence. Certain Insurers offer no basis for this other than to bootstrap from this Court's narrow mediation privilege ruling with respect to TDPs and the mediation privilege and a conclusory—and entirely baseless—attack that the "Debtors' determination as to what is or is not protected from disclosure has proven to be an insufficient safeguard where Debtors have drawn inconsistent and shifting lines regarding what they will and will not produce." Motion to Compel at 4. Other than this misguided leap in logic, Certain Insurers offer no

---

insurance coverage, the Parties' right to seek discovery, if any, is preserved." Mediation Referral Order at ¶ 7 (emphasis added). As the emphasized language in Your Honor's Mediation Referral Order provided, while discovery of mediation communications may be available in "subsequent action concerning insurance coverage," when the Coalition became a mediation party pursuant to the *Order Approving the Motion of the Coalition for Abused Scouts for Justice to Participate in the Mediation* [D.I. 1573], the Coalition did not understand such discovery to be permissible in these Chapter 11 cases under either the Mediation Referral Order by its terms or pursuant to Local Rule 9019-5(d)(i) (". . . except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation.").



Chief Judge Silverstein
November 17, 2021
Page 3

authority or other basis in support of the unsupported proposition that from this Court's mediation privilege ruling the Debtors are no longer to assert other bases for withholding privileged and settlement-related documents that are not within the scope of the Court's prior ruling.

For the reasons set forth herein and in the Debtors' response to the Motion to Compel, the Coalition submits that the Motion to Compel should be denied.

Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Eric R. Goodman*

Eric R. Goodman

{00228396-2}