**WHITE & CASE**

November 17, 2021

VIA E-MAIL/ECF

The Honorable Laurie S. Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:    *Boy Scouts of America, et al.*, **Case No. 20-10343 (Bankr. D. Del. 2020)**

Dear Judge Silverstein:

We write on behalf of the Boy Scouts of America and Delaware BSA, LLC (together, the "**Debtors**") in opposition to the letter motion [D.I. 7198] (the "**Motion**") filed on November 12 by Certain Insurers, seeking to compel the Debtors to produce "all drafts of the Trust Distribution Procedures, claim valuation matrices, and related Plan documents and communications." The Debtors have already produced, or agreed to produce, the documents that Certain Insurers seek. Additionally, in violation of Local Rule 7026-1 and the scheduling order governing confirmation discovery in these Chapter 11 Cases [D.I. 6494] (the "**Scheduling Order**"), the Certain Insurers filed the motion after the Debtors stated an intention to confirm the production of documents identified for the first time during the meet-and-confer, which the Debtors did confirm the same day.

I.    **Background**

At the November 10 hearing, counsel to American Zurich Insurance Company ("**American Zurich**"), a member of the Certain Insurers, raised to the Court certain purported "problems with the [Debtors'] production that we will need to bring to the Court's attention," including the Debtors' alleged failure to "produce documents relating to the TDPs[.]" *See* Nov. 10, 2021 Hr'g Tr. at 55:4-5. The Certain Insurers did not notify the Debtors of any disputes regarding their production before raising the matter with the Court.

Counsel's statements to the Court were incorrect. On October 25, 2021, this Court ruled that the mediation privilege does not "shield discovery [of] communications, oral and written, regarding the trust distribution procedures[.]" Motion, Ex. A ("**October 25 Order**") at 15:4-7. Accordingly, on November 2—eight days before the November 10 hearing—the Debtors produced hundreds of documents and communications, spanning thousands of pages, regarding the trust distribution procedures ("**TDPs**"), including every TDP-related document that the Debtors had previously logged as privileged. *See* D.I. 5904, Ex. 12. The Debtors also subsequently produced additional TDP-related documents that post-dated the privilege log or

were uncovered in the Debtors' document review. Among the more than 750 TDP-related documents that the Debtors have produced, there are more than 150 versions of unredacted TDP drafts that were exchanged in the mediation.

On November 11, moving counsel emailed the Debtors demanding a meet-and-confer "to discuss the Debtors' decision to withhold drafts of the TDPs" and "related Plan documents." *See* Motion, Exhibit F at 11. The Debtors promptly responded, asking moving counsel to identify the documents that he believed had been improperly withheld. *Id.* at 9. Moving counsel then identified two documents, neither of which was a draft of the TDPs. *Id.* at 7. Rather, those documents were plan term sheets that contained discrete and limited subsections reflecting proposed TDP terms. The Debtors agreed to produce these documents, with the non-TDP related material redacted. *Id.* at 1. (The Debtors have since determined that they had previously produced an unredacted version of one of the two documents to the Insurers. *See* n.1, *infra*.) Hence, the inadvertent withholding of two documents (out of more than one million pages of productions) was fully resolved, yet these are the only two documents that are addressed in the Certain Insurers' Motion. The Debtors also agreed to search for and produce similar documents, and invited the Certain Insurers to identify additional documents that they believed were improperly withheld. *Id.* The Certain Insurers did not identify a single additional document.

While the Debtors believed their response resolved the Certain Insurers' complaint, moving counsel insisted on a meet-and-confer the following day. At the conference, moving counsel claimed that discovery disputes remained regarding the Debtors' failure to produce "plan-related documents." The Debtors explained that they did not understand what was intended to be covered by that vague term, and asked for an explanation, but moving counsel refused to explain what they were requesting. Indeed, moving counsel could not identify a single "plan-related" document or type of document at issue, making it impossible for the Debtors to understand, much less resolve, the dispute, or to find further documents to produce, if appropriate to do so.

As the meeting was ending, counsel to AIG demanded, for the first time, that the Debtors produce documents concerning the Settlement Trust Agreement. Although these documents are not TDPs and the Debtors had not understood the Certain Insurers to be requesting documents concerning the Settlement Trust Agreement, and the Certain Insurers had never before mentioned the Settlement Trust Agreement, the Debtors committed to consider and promptly respond to this newly-raised issue. Later that day, the Debtors sent the Certain Insurers a letter notifying them that the Debtors would produce drafts of the Settlement Trust Agreement and inviting them to identify any further specific documents or categories of documents that they believed should be produced. *See* Nov. 12, 2021 Letter (Ex. A). The Debtors then produced over 200 documents concerning the Settlement Trust Agreement, including 66 versions of drafts of that agreement that were exchanged in the mediation. Additionally, the Debtors produced a further 426 documents concerning the TDPs, including the portions of the term sheets that addressed the TDPs and the Settlement Trust Agreement, bringing the total number of documents the Debtors have produced concerning the TDPs to 783.

Nonetheless, within hours of the meet and confer, the Certain Insurers filed the Motion, even though the Debtors had committed to producing the two inadvertently withheld documents,

WHITE & CASE

The Honorable Laurie S. Silverstein, p. 3
November 17, 2021

the redacted term sheets and the Settlement Trust Agreement, the only documents that had been identified during the meet and confer.

## II. The Motion Should Be Denied as Moot, as the Debtors Have Already Produced All of the Documents That Are the Subject of the Motion

At the time the Motion was filed, the Debtors had already produced, or agreed to produce, the documents the Certain Insurers requested. Specifically, the Debtors produced the two inadvertently withheld documents addressed in the Motion, one of which they had already provided to the Insurers. And starting on November 2, the Debtors produced over 350 TDP-related documents, including over 150 TDP drafts. Then, on the November 12 meet-and-confer, the Certain Insurers requested that the Debtors produce (i) drafts of the Settlement Trust Agreement, (ii) the claims matrix exchanged in the mediation,[1] and (iii) the portions of the plan term sheets that contain terms relating to the TDPs. The Certain Insurers have not identified a single document or type of document that has been withheld, much less identified a basis for compelling production of those unidentified documents.

The Certain Insurers now claim that the Debtors proposed to redact "drafts of the TDPs," but that is incorrect. As the Certain Insurers know, the Debtors have produced over 150 TDP drafts without any redactions. The Debtors are redacting the plan term sheets, not the TDPs, to exclude information that does not relate to the TDPs and is protected by the mediation privilege. The Certain Insurers state no basis for demanding that the Debtors produce the plan term sheets without any redactions, nor can they be because the redacted portions do not relate to the Certain Insurers' request for TDP-related material and they are not covered by this Court's October 25 Order as to mediation privilege.

## III. The Certain Insurers Have Repeatedly Violated Local Rule 7026-1 and the Scheduling Order, Including with the Motion

Local Rule 7026-1, which governs discovery disputes, provides that "every motion under this Local Rule shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion[.]" Del. Bankr. L. R. 7026-1(c). Local Rule 7026-1 further provides that failure to comply with this requirement "may result in dismissal of the motion." *Id.* Additionally, the Court's Scheduling Order provides that "[p]arties must make reasonable efforts to meet and confer regarding any request for additional discovery . . . prior to seeking Court intervention." Scheduling Order ¶ 8.

The Certain Insurers have violated Local Rule 7026-1 and the Scheduling Order at least twice. ***First***, at the November 10 hearing, counsel to American Zurich raised to the Court certain purported "problems with the [Debtors'] production," including counsel's incorrect assertion that the Debtors had not "produce[d] documents relating to the TDPs." *See* Nov. 10, 2021 Hr'g Tr. at

---

[1] The Certain Insurers ask for the claims matrix included with one of the term sheets they identified, but that was provided to them in an email from Adrian Azer, counsel to the Debtors, dated February 3, 2021, without redactions. Nonetheless, the Debtors have reproduced the matrix without redactions.

**WHITE & CASE**

The Honorable Laurie S. Silverstein, p. 4
November 17, 2021

55:4-5. The Certain Insurers did not notify the Debtors of any disputes regarding their production before raising the matter with the Court, in violation of Local Rule 7026-1 and the Scheduling Order. *See* Del. Bankr. L. R. 7026-1(c); Scheduling Order ¶ 8. **Second**, the Certain Insurers filed this Motion without ever identifying any withheld documents to allow for the Debtors to understand, discuss or even locate any documents for production, to the extent appropriate. *See id*. The Certain Insurers also did not raise any objection to the Debtors regarding the Debtors' proposed redactions to the plan term sheets, which the Certain Insurers now challenge by incorrectly asserting that the Debtors have the redacted TDP drafts, when they have not done so, burdening the Court with another non-issue. *See* Motion at 3. The reason for the meet and confer rules is precisely to allow the parties to understand and resolve disputes without burdening the Court, and the Certain Insurers simply disregard those important interests.

### IV.    To the Extent the Motion Seeks to Expand the Court's October 25 Order, The Certain Insurers Have Presented No Ground To Do So

The Motion incorrectly accuses the Debtors of "narrowly construing the Court's [October 25] Order to be limited to actual drafts of TDPs rather than related–Plan documents [*sic*] negotiated by the Plan proponents." But the language of the Court's ruling, which the Certain Insurers quote verbatim in the Motion, is explicitly limited to TDPs: "[T]his Court denied Debtors' motion for protective order, holding, 'I deny [D]ebtors' motion to the extent that [D]ebtors seek to shield discovery communications, oral and written, *regarding the trust distribution procedures*, based on the mediation privilege.'" Motion at 1 (citing Oct. 25, 2021 Hr'g Tr. at 15:4-7) (emphasis added). To the extent Certain Insurers wanted broader relief from the mediation privilege, they had the opportunity to seek it at the hearing on the Debtors' motion for a protective order, but they did not do so. Instead, at that hearing, counsel to American Zurich stated, "I think it's clear that there's no effort here to break the mediation privilege." Oct. 19 Hr'g Tr. at 77:4-5. Indeed, the Insurers have repeatedly invoked mediation privilege as a basis for withholding their documents sought in discovery.

Notwithstanding the unambiguous scope of the Court's October 25 Order, the Debtors have told parties that they are prepared to discuss other documents that were not explicitly addressed by the Court's order where the Court's reasoning might support the same ruling if the issue was raised with the Court. No party has identified any such other category of documents.

*    *    *

For these reasons, the Debtors respectfully request that the Court deny the Motion.

Respectfully submitted,

*/s/ Glenn M. Kurtz*

Glenn M. Kurtz

**T** +212-819-8252

AMERICAS 110252406

**WHITE & CASE**

The Honorable Laurie S. Silverstein, p. 5
November 17, 2021

**E** gkurtz@whitecase.com

Cc: All counsel of record (via CM/ECF)