# **<u>EXHIBIT A</u>**

WHITE & CASE

November 12, 2021

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA E-MAIL

Alec Zadek
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC
One Financial Center
Boston, MA 02111
AZadek@mintz.com

Dear Alec:

I write as a follow-up to our meet-and-confer this afternoon with the Certain Insurers. As you know, yesterday the Certain Insurers emailed the Debtors demanding the production of TDP-related documents. The Debtors responded the same day with an agreement to produce those documents, and also to produce, with appropriate redactions for non-TDP material, documents that are not drafts of the TDPs but contain TDP terms. We believed this response resolved your requests. Nonetheless, the Certain Insurers insisted on a meet-and-confer today. Yet despite demanding a meet-and-confer, you began the meet-and-confer by asking the Debtors if we had anything further to say regarding the parties' purported disputes. The Debtors responded that we believed our response had resolved all disputes. You insisted that disputes remained, yet could not identify a single specific document, or even category of documents, that the Debtors were improperly withholding. Rather, you repeatedly referred to "plan-related documents." We stated that we did not understand what was being requested through that vague term, and you refused to answer. Indeed, you could not identify a single document or type of document. Another attorney on the call then raised, for the first time, documents concerning the settlement trust agreement. Although these documents are not TDPs, we responded that we had not understood that was being requested, that we understood how that could be discoverable and committed to confirm with our team and formally respond later today to this newly raised issue. Hours later, before the Debtors had a chance to respond, the Certain Insurers filed a motion to compel the production of these and other documents.

We are disappointed that you have again violated Local Rule 7026-1, which requires parties to make reasonable efforts to resolve disputes before raising them to the Court. Your failure to identify a single specific document that you believe is improperly withheld, and your filing papers with the Court within hours of identifying a new category of documents that you seek, violates this rule. Indeed, your motion raises several purported disputes, such as your rejection of the Debtors' offer to redact non-TDP documents containing TDP-related material, which were not discussed on the meet-and-confer or otherwise raised to the Debtors before you raised them to the Court.

KTBS Law Firm Alec Zadek, p. 2
November 12, 2021

**WHITE & CASE**

We confirm that we will produce any settlement trust agreement documents that were exchanged in the mediation. As we have repeatedly said, if there are other documents you seek, please identify them, and we will confer with you. We ask that you not waste estate and judicial resources by making the Debtors litigate disputes that the parties are able to resolve within hours without involving the Court.

We are available to discuss this weekend. We reserve all rights.

Sincerely,

*/s/ Glenn M. Kurtz*

Glenn M. Kurtz

**T** +212-819-8252
**E** gkurtz@whitecase.com

Cc:   Debtors' counsel (by email)
      Certain Insurers' counsel (by email)

AMERICAS 109636923