

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Kevin A. Guerke**
P 302.571.6616
F 302.576.3403
kguerke@ycst.com

November 17, 2021

<u>**Via ECF**</u>

The Honorable Laurie Selber Silverstein
Chief Judge
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

Re:  *In re Boy Scouts of America*, No. 20-10343:  FCR's supplemental opposition to Insurers' motions to quash [Ref. D.I.s 7205, 7206, 7233, 7312]

Dear Judge Silverstein:

We write on behalf of the Future Claimants' Representative (the "FCR") in opposition to the Insurers'[1] motion to quash and/or limit Rule 30(b)(6) deposition notices to Insurers [D.I. 7206] (the "30(b)(6) Motion") and the Insurers' motion to quash notices of deposition for individual witnesses [D.I. 7205] (the "Individual Witness Motion") (collectively, the "Motions"), as a supplement to the FCR's letter in opposition to motions to quash and cross-motion to compel production [D.I. 7233] (the "Cross-Motion").  The FCR also hereby joins the Coalition's letter in response to the motion to quash [D.I. 7312], which is fully incorporated by reference.

In addition to the Insurers' argument that their own handling of abuse claims is not discoverable, which is addressed in the Cross-Motion, the Insurers make two additional arguments that are addressed here.  First, the Insurers' Individual Witness Motion contends that claims handler testimony would be duplicative and cumulative of the 30(b)(6) testimony. Second, the 30(b)(6) Motion contends that the factual bases for Insurer objections to the plan are not discoverable.  Both of these arguments are without merit.

On the first point, claims handlers may be noticed in their individual capacity notwithstanding that 30(b)(6) witnesses may be noticed on the same topics.  The Insurers are not entitled to withhold fact witness testimony on the basis that it is cumulative of 30(b)(6) testimony at least until the 30(b)(6) depositions have taken place because a 30(b)(6) witness need

---

[1] Terms not defined herein have the meanings set forth in the Insurers' Motions.

Young Conaway Stargatt & Taylor, LLP
The Honorable Laurie Selber Silverstein
November 17, 2021
Page 2

not be the person most knowledgeable on a given topic at an organization. *Taza Sys., LLC v. Taza 21 Co.*, LLC, No. CIV.A. 11-0073, 2012 WL 5381422, at *4 (W.D. Pa. Oct. 31, 2012) (finding that corporation did not violate obligations by not designating person most knowledgeable as 30(b)(6) witness). Because the 30(b)(6) witnesses may lack personal and unique knowledge regarding pre-petition claims handling, the Plan Proponents are entitled to notice for deposition the persons that do possesses such knowledge. *See, id.* (also finding that person most knowledgeable would have "independent and personal knowledge" and could have been noticed individually).

Second, this Court held in *Imerys* that questions regarding the bases for insurer contentions—provided that they are "limited to facts and not legal conclusions"—are "fair game." *See* Transcript of Oral Argument at 241:5-7, *In re Imerys Talc America, Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. June 24, 2021), D.I. 3733. This holding was consistent with numerous courts within the Third Circuit that allow parties to use Rule 30(b)(6) depositions to explore facts underlying legal claims and theories. *See, e.g., AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F. Supp. 808, 831 (M.D. Pa. 1994) (granting motion to compel a Rule 30(b)(6) deposition covering "topics [that] deal largely with the contentions and affirmative defenses detailed in [the d]efendants' answer and counterclaim"); *see also Lopez v. CSX Transp., Inc.*, No. CIV.A. 3:14-257, 2015 WL 5971682, at *16 (W.D. Pa. Oct. 14, 2015) (collecting cases and holding that "Courts within the Third Circuit follow the approach that parties may use Rule 30(b)(6) depositions to explore facts underlying legal claims and theories"); *United States v. Educ. Mgmt. LLC*, No. 2:07-cv-461, 2014 WL 1391179, at *4 (W.D. Pa. Apr. 9, 2014) (holding that "the attorney-client privilege and work product doctrines cannot be wielded as a preemptive shield to quash the depositions in advance"); *EEOC v. Grane Healthcare Co.*, No. CIV.A. 3:10-250, 2013 WL 1102880, at *4 (W.D. Pa. Mar. 15, 2013) (granting motion to compel Rule 30(b)(6) deposition because "the EEOC, like all other litigants, must testify to underlying facts and may object to any privileged information at the time the question is presented"); *EEOC v. LifeCare Mgmt. Servs., LLC*, No. 2:08-cv-1358, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (denying motion to quash a Rule 30(b)(6) deposition and motion for a protective order because "the Court finds and rules that the EEOC cannot seek protection from Defendants' 30(b)(6) Notice of Deposition by unilaterally declaring all information known to the EEOC as privileged"); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 215–16 (E.D. Pa. 2008) (granting motion to compel a Rule 30(b)(6) deposition and ordering that "[t]o the extent that defense counsel's questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek counsel for [the plaintiff's] 'mental impressions, conclusions, opinions, or legal theories,' those questions must be answered").

Young Conaway Stargatt & Taylor, LLP
The Honorable Laurie Selber Silverstein
November 17, 2021
Page 3

      For the foregoing reasons and as previously set forth,[2] the Insurers' Motions should be denied.

                              Respectfully,

                              */s/ Kevin A. Guerke*

                              Kevin A. Guerke

---

[2] *See* Cross-Motion [D.I 7233].