**Three Embarcadero Center, 26th Floor, San Francisco, California  94111** ▪ **p**415 986-2800 ▪ **f**415 986-2827



**Mark D Plevin**
415.365.7446
202.624.2801
mplevin@crowell.com

November 18, 2021

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware  19801

      Re:    *In re Boy Scouts of America*, No. 20-10343:  Certain insurers' joint opposition to the FCR's cross-motion to compel production of documents

Dear Judge Silverstein:

    The Insurers listed on Exhibit 1 hereby oppose the "cross-motion" to compel the production of documents filed by the FCR (Dkt. No. 7233).  The FCR's cross-motion seeks production of "claims manuals and claim files" as well as "claims handling information."[1]

    The cross-motion should be denied for three independent reasons:

- First, the FCR did not serve any of the Insurers (other than Arch) with a document request for any claims manuals, claim files, or claims-handling information.  The FCR has no standing to move to compel production of documents it never requested.[2]

- Second, the FCR's counsel admittedly did not meet-and-confer with any of the Insurers before filing the cross-motion.  While the cross-motion indicates a willingness to meet-and-confer after the fact, that is not sufficient under this Court's rules.

- Third, the FCR's motion fails on the merits.  As this Court held in *Imerys*, a party to a plan confirmation proceeding cannot obtain production of claim-handling materials from insurers unless the debtor lacks such information.  The Debtors have made no assertion that they lack such information, and the FCR does not claim that it sought such information from the Debtors first.  And in the circumstances of this confirmation proceeding – as opposed to insurance coverage litigation – the documents the FCR now seeks from the insurers are entirely irrelevant and not proportional to the needs of the case.  The FCR cites no case indicating otherwise.

---

[1]    FCR cross-motion (Dkt. No. 7233) at 1, 2.

[2]    Arch joins only Sections II and III of this letter.

Judge Silverstein
November 14, 2021
Page 2

## I. The FCR did not request any of the documents it now seeks to compel

The FCR's cross-motion fails because the FCR never actually requested production of the documents it now seeks to compel the Insurers to produce.

The FCR's document requests to the Insurers made only four specific document requests. Not a single one asked for claims manuals, claim files, or claims-handling information:

   1. All Documents identified, referenced, or relied upon by You in response to the FCR's Interrogatories.

   2. All Documents You have produced in response to all discovery requests issued by the BSA, the Coalition, the TCC, or any other party in this matter.

   3. All responses to any interrogatories served on You from the BSA, the Coalition, the TCC, or any other party in this matter.

   4. All responses to any request for admission served on You from the BSA, the Coalition, the TCC, or any other party in this matter.

Because the FCR did not propound requests for any of the documents it now seeks to compel, it is not surprising that the FCR also failed to comply with Local Rule 7026-1(c), which requires that "[a]ny discovery motion . . . shall include . . . a verbatim recitation of each interrogatory, request, answer, response, or objection which is the subject of the motion or shall have attached a copy of the actual discovery document which is the subject of the motion." The FCR could not meet this requirement because it did not propound any request for production of the documents it seeks to compel.

And since written discovery requests were due October 8, it is too late for the FCR to request production now through the vehicle of a putative "cross-motion."

## II. The FCR did not meet-and-confer with the Insurers as required by the Local Rules

Local Rule 7026-1(d) requires that every discovery motion "shall be accompanied by an averment of Delaware Counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion or the basis for the moving party not making such an effort." The rule continues, the "failure to so aver may result in dismissal of the motion."

The FCR's cross-motion fails to include the required certification of a "reasonable effort . . . to reach agreement" or "the basis for the moving party not making such an effort." Instead, the FCR offers to meet-and-confer with the Insurers *after* the filing of the motion: "the FCR

Judge Silverstein
November 14, 2021
Page 3

has offered to meet and confer with the Insurers this week regarding the FCR's document requests."[3]  This does not comply with Rule 7026-1(d).

The meet-and-confer requirement is not a trifle that may be ignored when inconvenient.  The FCR has imposed a burden on the Insurers and the Court by filing a discovery motion without first attempting to resolve the issues raised by the motion.  As made clear in the Local Rule, this Court's policy is to dismiss discovery motions in such circumstances.  As a result, the FCR's motion should be denied.

The FCR's "move first, confer later" approach is particularly disappointing given that Debtors previously filed, then withdrew, a motion seeking to compel production of "documents related to the Insurers' claims handling materials."[4]  Debtors explained that they withdrew their motion because it was "resolved as between the Debtors and the Insurers."[5]  The FCR had purported to join Debtors' motion, but the FCR withdrew its joinder when Debtors withdrew their motion.[6]  The FCR knew that the Debtors had resolved their motion seeking to compel the same materials now sought by the FCR's cross-motion, but the FCR filed its cross-motion anyway, without first meeting-and-conferring.

### III. The FCR's motion fails on the merits

As noted in the Insurers' two pending motions to quash, this Court ruled in *Imerys* that deposition discovery of insurers regarding their pre-petition claims handling is improper because information about things like claims payments and settlements ought to be obtained from the debtor first: "I think if the insurance company has paid claims **and the debtor doesn't have that information for some reason**, you can get that information" from the insurance company.[7]  Otherwise, the Court said, "the topic of handling is a huge – is a huge topic. . . . **I'm not going to permit that**."[8]

While the Court's ruling in *Imerys* did not address document requests, the Court's logic applies equally here.  The point is that information about how a debtor resolved claims pre-petition ought to be sought and obtained from the debtor first.  That logic has full force here.  Debtors do not contend that they lack information about which claims against them were paid,

---

[3]     *Id.* at 1 n.3.

[4]     Dkt. No. 6954-1 at 2 of 131.

[5]     Dkt. No. 7080 at 6.

[6]     Dkt. No. 7030 (FCR's joinder in Debtors' motion to compel); Dkt. No. 7080 at 6.

[7]     Transcript of June 22, 2021 Telephonic Hearing, *In re Imerys Talc America, Inc.*, at 237:20-22 (emphasis added).

[8]     *Id.* at 237:24-238:3 (emphasis added).

Judge Silverstein
November 14, 2021
Page 4

and in what amounts. That, alone, is dispositive. Further, the FCR makes no averment that it sought the relevant information from the Debtors, but came away empty.[9]

      The FCR attempts to support his cross-motion by citing to insurance coverage cases in which courts ruled that insurers had to produce claims-handling materials. But, despite the best efforts of the FCR and others, this is a plan confirmation proceeding, not an insurance coverage lawsuit. The issue to be determined in this proceeding is whether Debtors' Plan meets the confirmation requirements of § 1129(a) – not how some of the Insurers may have responded many years ago when asked by Debtors to contribute to settlements. Moreover, what an insurer's claim manual may say about how claims are to be handled generally has absolutely nothing to do with whether the Plan is confirmable, and any Insurer claim materials therefore are not relevant for discovery purposes.[10]

      Moreover, the FCR's attempt to litigate an abstract privilege issue should also be rejected. The FCR asks the Court to overrule assertions of privilege "over documents and communications created by in-house attorneys or outside counsel while acting in their capacity

---

[9]    The Insurers incorporate by reference the arguments in their pending motions to quash (Dkt. Nos. 7205 at 1-3 and 7206 at 5-6) explaining why discovery of claims-handling materials from the Insurers cannot be justified on the basis that the Insurers sought information from Debtors about how Debtors handled claims. As noted, Debtors withdrew their motion to compel production of such materials from the Insurers.

[10]    . All of the authority upon which the FCR relies, *see* FCR cross-motion (Dkt. No. 7233) at 3, addresses whether claims-handling materials were to be produced in the context of *insurance coverage* disputes where *policy interpretation* was at issue. For example, the FCR cites *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.,* 558 A.2d 1091 (Del. Super. 1989), an insurance declaratory judgment action, in which the "critical question" was whether ambiguities existed in the insurance policies. *Id.* at 1095. The court determined that claim files and interpretive materials "are relevant to the determination of ambiguity" – an issue not presented in this confirmation proceeding. *Id.* The FCR also cites the unpublished opinion in *Monsanto Co. v. Aetna Cas. & Sur. Co.*, 1992 WL 182322 (Del. Super. May 26, 1992), but the FCR admits that the court in that case determined that documents concerning generic claims handling, underwriting, and policy interpretation were relevant and discoverable with respect to "coverage of pollution claims." *Id.* Likewise, the FCR relies on *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638 (D. Kan. 2007), but acknowledges that that court found claims-handling materials were "relevant to whether claims were properly handled [and] could reveal the Insurers' guidelines for interpreting policy language." *Id.* Finally, *Missouri Pac. R. Co. v. Aetna Cas. & Sur. Co.*, 1995 WL 861147 (N.D. Tex. Nov. 6, 1995), also was an insurance coverage dispute.

      The FCR cites one bankruptcy court decision, *Drennen v. Certain Underwriters at Lloyd's of London (In re Residential Cap., LLC)*, 575 B.R. 29, 35 (Bankr. S.D.N.Y. 2017), but that court's ruling that "an insurance company's claim handling activities are generally subject to discovery" was issued in an adversary proceeding that was a "lawsuit about insurance coverage," not a plan confirmation proceeding. *Id.* at 33.

Judge Silverstein
November 14, 2021
Page 5

as claims-handlers."[11]  But the FCR's request is not tethered to any insurer's actual assertion of privilege.  The FCR does not, for example, point to any assertion of privilege based on an in-house lawyer or an outside counsel acting as a claims-handler; nor does it attempt to support its insinuation that any of the Insurers' outside counsel ever acted as claims handlers with respect to BSA abuse claims.  The FCR could have attempted to support its argument by referring to the Insurers' privilege logs, but did not.  The FCR's failure to do so, coupled with the FCR's failure to meet-and-confer, means that the Court is being asked to decide this privilege issue in the abstract, something the Court has previously indicated it does not want to do.[12]

*    *    *

The FCR's cross-motion to compel should be denied because (i) the FCR did not serve any document requests seeking the materials it now seeks to compel, (ii) the FCR did not meet-and-confer with any of the Insurers before filing its motion, as required by the Local Rules, (iii) the documents sought by the cross-motion are not relevant and the FCR's request is not proportional to the needs of the case, and (iv) the FCR failed to present in its cross-motion the sort of detailed record that the Court needs to consider the FCR's privilege arguments, or even show that there are any actual privilege issues requiring resolution.

Sincerely yours,

/s/ *Mark D. Plevin*

Mark D. Plevin
CROWELL & MORING LLP

*/s/ Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

906362448

---

[11]    FCR cross-motion (Dkt. No. 7233) at 3.

[12]    Transcript of Sept. 28, 2021 hearing at 206:2-6 ("It is hard to decide these privilege issues in the abstract.  I did that recently in Imerys.  Then I get documents in front of me, and it makes me have to rethink what I did.  It's very hard to do it in the abstract, but I will take a look at that motion").

Judge Silverstein
November 14, 2021
Page 6

## Exhibit 1 – List of Joining Insurers

1. AIG Insurers
2. Allianz
3. Arch (as to Sections II and III only)
4. Argonaut
5. Arrowood
6. Aspen
7. Century
8. Chubb
9. Clarendon
10. Continental
11. Gemini
12. General Star
13. Great American
14. Indian Harbor
15. Interstate
16. Liberty Mutual
17. Maryland Casualty
18. Munich Re
19. National Surety
20. Old Republic
21. Sompo
22. Travelers
23. Zurich Insurers