# WILKS LAW LLC

DAVID E. WILKS
Direct Phone: 302.225.0858
Email: dwilks@wilks.law

November 18, 2021

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

      Re:    **Boy Scouts of America,** *et al.*, **20-10343 (LSS), D. Del.,**
             **Insurers' Omnibus Motion to Compel**

Dear Chief Judge Silverstein:

      This office represents non-party Kosnoff Law, PLLC ("Kosnoff Law"). We respectfully present this letter in opposition to several Insurers' (the "Insurers") letter to Your Honor dated November 15, 2021, which seeks to compel Kosnoff Law to respond to first-party discovery (the "Motion") [D.I. 7239]. Kosnoff Law respectfully submits that the Motion is without merit for the reasons that the Court has already accepted several times in the denial of nearly identical discovery requests directed to Kosnoff Law over the last year.

      The Insurers purport to have propounded discovery against Kosnoff Law in the form of Interrogatories and Requests for Production dated October 8, 2021 "[p]ursuant to Federal Rules of Bankruptcy Procedure 7033, 7034 and 9014." Those rules pertain, of course, to discovery conducted between and among parties to proceedings. Kosnoff Law is not a party to the Boy Scouts Chapter 11 Cases and is not a "Participating Party" under the Court's *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [D.I. 6528].

      Rather, Kosnoff Law represents individual sexual abuse survivors who have filed proofs of claim in these proceedings. Kosnoff Law has filed no proof of claim for itself, is not a creditor and at no time has taken any action in this matter to advance its own interests. Indeed, Kosnoff Law's only filings in this case have been made in resistance to discovery requests exactly like those that are the subject of the Motion. The Court has upheld Kosnoff Law's objections three separate times, since Kosnoff Law cannot be considered a party subject to first-party discovery. The same result is appropriate again this time.

      The only possible exception to the Court's consistent refusal to subject Kosnoff Law to first-party discovery pertains not to Kosnoff Law, but to its principal, Timothy Kosnoff. On November 12, 2021, the Court remarked that Your Honor "think[s] a notice works", rather than a subpoena, for Mr. Kosnoff to sit for a deposition on the narrow subject of certain Emergency

The Honorable Laurie Selber Silverstein
November 18, 2021
Page 2

Motions pertaining to solicitation issues.[1]  *See* transcript of 11/12/21 hearing attached as Exhibit A at 82-83.  Your Honor contrasted the solicitation issue with the broad discovery sought in the Motion:

> I will say this, however, that I do view Mr. Kosnoff as a participant in the solicitation communication that went out from the committee and, as a participant in a solicitation, I think he's squarely in front of me for jurisdiction, so -- for jurisdiction purposes.  He has not injected himself into the case in a way he may not have done before.

*Id.* at 60.

The Motion, however, does not seek discovery related to the Emergency Motions and indeed the discovery at issue was served long before the subject of the Emergency Motions took place.  Rather, the discovery seeks precisely the broad, privileged and otherwise protected materials contained in the files of a law firm that represents approximately 15,000 claimants in these proceedings that the Court has already rejected more than once.  The discovery intrudes on the very center of Kosnoff Law's representation of its clients.  The Insurers have made no attempt to establish the extraordinary circumstances required for such unusual discovery.

The Motion contains a number of characterizations that strain credulity.  For example, the Insurers contend that Kosnoff Law has already admitted that it is a party and that its denial of that status is of recent origin.  In fact, Kosnoff Law has consistently and repeatedly resisted attempts at discovery by arguing that it is opposing counsel.  At no time has Kosnoff Law ever suggested or admitted that it is a party to this case.  Kosnoff Law has at all times taken the position that discovery against opposing counsel is inappropriate, but should, in any event, be sought by subpoena under Rule 45 and not as first-party discovery.

Moreover, the Insurers characterize filings made by Kosnoff Law's attorney as somehow evidencing party status.  Every one of those filings, however, was made in an effort to resist discovery.[2]  The Insurers seem to argue that the very act of resisting first-party discovery subjects one to first-party discovery.  Of course, there is no authority for that odd proposition.  Resisting discovery does not make a law firm amenable to discovery.  Similarly, the Insurers argue that the act of filing proofs of claim for clients has converted Kosnoff Law into a party.  There is no authority for that proposition and the implications of such a rule are alarming.

---

[1] That remark was not the subject of a formal motion, but was raised at the end of a hearing by Century's counsel and Mr. Kosnoff had no opportunity to oppose the application.  Regardless, Mr. Kosnoff has agreed to appear for a deposition on the subject of solicitation on Monday, November 22, 2021.

[2] Kosnoff Law also filed a Rule 2019 statement in compliance with a Court order to do so.

The Honorable Laurie Selber Silverstein
November 18, 2021
Page 3

The Insurers argue that since Kosnoff Law was at one time a member of the Coalition, it must be treated as a party. It is true that Kosnoff Law was a member of the Coalition for approximately three months in 2020. It has not participated in any Coalition activities for over a year. That absence of involvement contradicts the Insurers' very theory. But even if Kosnoff Law were still a member of the Coalition, the Insurers offer no relevant authority for the proposition that such membership makes a law firm a party.[3]

The case law that the Motion cites is unavailing to the Insurers. None of those decisions presents a case in which first-party discovery from a claimant's attorney has been permitted. Kosnoff Law has taken action in this case only as a lawyer for its clients and not for its own benefit or as its own representative. Accordingly, the Insurers' cited authority does not apply. Those cases involve discovery directed to actual creditors and not to those creditors' attorneys.

The proper procedure for the Insurers to pursue is set forth in Rule 45. If there is a dispute regarding a subpoena served under Rule 45, the Court from which the subpoena issued can hear that dispute or the issue can be transferred to this Court. The Insurers have not followed that procedure with respect to Kosnoff Law. In acknowledgement of their obligation to follow that procedure, the Insurers did issue a subpoena to the Eisenberg Rothweiler firm. The Insurers are not permitted to acknowledge and follow proper procedure in some of its discovery and ignore and violate proper procedure in other discovery.

Kosnoff Law respectfully submits that it is not subject to first-party discovery. The Insurers' discovery is, in any event, inappropriate for reasons presented to -- and accepted by -- the Court several times before. Kosnoff Law, therefore, respectfully requests that the Court deny the Motion.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ David E. Wilks*

David E. Wilks

---

[3] The Motion misstates a fact by stating that AIS came into being after Kosnoff Law left the Coalition. In fact, the law firms that work as AIS came together long before the Coalition was formed.