# EXHIBIT A

                                                                    1

                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .    Chapter 11
    IN RE:                          .
                                    .    Case No. 20-10343 (LSS)
    BOY SCOUTS OF AMERICA AND       .
    DELAWARE BSA, LLC,              .
                                    .    Courtroom No. 2
                                    .    824 North Market Street
                                    .    Wilmington, Delaware 19801
                                    .
               Debtors.             .    Friday, November 12, 2021
    . . . . . . . . . . . . . . .        10:00 A.M.

                    TRANSCRIPT OF OMNIBUS HEARING
            BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                     UNITED STATES BANKRUPTCY JUDGE

    APPEARANCES:

    For the Debtor:          Derek Abbott, Esquire
                             MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                             1201 North Market Street, 16th Floor
                             Wilmington, Delaware 19899

                             - and -

                             Jessica C. Lauria, Esquire
                             Glenn Kurtz, Esquire
                             WHITE & CASE LLP
                             1221 Avenue of the Americas
                             New York, New York 10020

    Audio Operator:          LaCrisha Harden, ECRO

    Transcription Company:   Reliable
                             1007 N. Orange Street
                             Wilmington, Delaware 19801
                             (302) 654-8080
                             Email: gmatthews@reliable-co.com

    Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.

1   focused on Mr. Kosnoff, although he's a player and his letter
2   is there and, if he wants to participate, he should.  But I
3   think the question is about solicitation and what happened and
4   the committee's participation, the use of the official
5   committee email, whether this is an improper solicitation or
6   not, whether it's perfectly acceptable, that's what I consider
7   the hearing on Wednesday to be about and any further steps
8   that we may need to take to remediate any harm that may have
9   happened.
10           I will say this, however, that I do view Mr.
11  Kosnoff as a participant in the solicitation communication
12  that went out from the committee and, as a participant in a
13  solicitation, I think he's squarely in front of me for
14  jurisdiction, so -- for jurisdiction purposes.  He has now
15  injected himself into this case in a way he may not have done
16  before.
17           But I haven't seen the subpoena that went out.  If
18  it went out from the court in California, then I think Mr.
19  Wilks is right, under Rule 45, as I recall it, about how one
20  enforces it, and you can get the court in California to refer
21  it to me.  They may not want to get mixed up in this mess.  So
22  I think that's the rule on Rule 45, and I have on every
23  occasion Rule 45 has been put in front of me said that
24  compliance with the rule is what has to happen because that's
25  the rule.

1  disputes, let's -- we have next Friday already set aside for
2  discovery disputes.  Please, when you file something, contact
3  chambers to let us know, so that we have it on the list.
4  Okay?
5          MR. SCHIAVONI:  And, Judge --
6          THE COURT:  Yes.
7          MR. SCHIAVONI:  -- just to try -- just in the
8  interest of trying to avoid a discovery dispute, okay?  I
9  heard you loud and clear and I'm not arguing anything about
10 the ruling that you made sort of in connection with the
11 Kosnoff deposition, but I can go out and file a motion to
12 transfer and generate lots of activity that way.  I thought
13 Your Honor indicated that Mr. Kosnoff, to the extent he
14 injected himself in solicitation, was subject to the
15 jurisdiction of the Court.  So, alternatively, I could just
16 issue a notice and work with Mr. Wilks on an appropriate day.
17 And if the Court was of the view that a notice would be
18 adequate, I can avoid, you know, having to go through three
19 weeks of back and forth on the transfer.
20         So, I'm sorry if I asked for like a view on that if
21 it's not appropriate, it's just meant to speed things along,
22 but would a notice work here?
23         THE COURT:  I think a notice works.
24         MR. SCHIAVONI:  Okay.  Thank you, Your Honor.
25         THE COURT:  Okay.  Thank you very much then,

1  counsel.  We are adjourned.
2          COUNSEL:  Thank you, Your Honor.
3      (Proceedings concluded at 12:09 p.m.)

## CERTIFICATE

We certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Mary Zajaczkowski                November 12, 2021
Mary Zajaczkowski, CET**D-531

/s/William J. Garling               November 12, 2021
William J. Garling, CE/T 543

/s/ Tracey J. Williams              November 12, 2021
Tracey J. Williams, CET-914