# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |

### EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.'S RESPONSES AND OBJECTIONS TO ZURICH INSURERS' SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., (hereinafter "ER"), hereby responds and objects (the "Responses and Objections"), to the Zurich Insurers' (hereinafter "Zurich Insurers'") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case or Adversary Proceeding, dated October 26, 2021 (the hereinafter "Subpoena"), as follows:

### GENERAL OBJECTIONS

ER incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each request for production (each a "Request" and collectively the "Requests") in the Subpoena (the "General Objections"). Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.      ER objects to the Subpoena as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2.      ER objects to the Subpoena as unduly burdensome and beyond the scope of appropriate discovery under Civil Rule 45.  ER has filed certain proofs of claim on behalf of claimants it represents, but ER, in its own capacity, is a non-party and not a party in interest in *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (the "BSA Chapter 11 Cases"), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  ER has not made any demands or requests in the BSA Chapter 11 Cases in its own right.  By serving these Responses and Objections, ER is not consenting to the jurisdiction of the Bankruptcy Court, and, pursuant to Rule 45, any dispute concerning the Subpoena or these Responses and Objections must be heard in the United States District Court for the Eastern District of Pennsylvania, where ER is and thus where compliance is sought.

3.      ER objects to the Subpoena to the extent that it seeks to impose obligations on ER that are inconsistent with or greater than the obligations imposed by the Civil Rules or other applicable law or rule.

4.      ER objects to the Subpoena to the extent that it purports to require ER to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

5.      ER objects to the Subpoena to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the business strategy privilege, the consulting expert privilege, the joint defense or common interest privilege, information protected by any confidentiality agreement and/or any other applicable discovery privilege, immunity, or

exemption. ER hereby claims such privileges and does not waive any objection to the admission of privileged documents resulting from incidental or accidental production.

6.      In responding to the Subpoena, ER does not waive, but preserves, all applicable privileges and protections.  In the event that ER discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

7.      ER objects to the Subpoena to the extent it calls for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

8.      ER objects to the Subpoena to the extent it seeks documents or information already in the Zurich Insurers' possession, custody, or control.

9.      ER objects to the Subpoena to the extent it seeks documents more easily obtained from the Debtors, other parties or third parties.

10.      ER objects to the Subpoena to the extent it seeks documents or information not in ER's possession, custody, or control.

11.      ER objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

12.      ER makes its response to the Subpoena based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its responses as necessary at a later date.

13.      ER reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Subpoena in any subsequent proceeding or trial.

14.    ER objects to the production of any documents or information falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents or information falling within the scope of an objection are produced by ER, this production is inadvertent and does not constitute a waiver of the objection.

15.    ER objects to the relevance of the documents sought by the Subpoena.  To the extent any of the documents sought by the Subpoena are at all relevant (and they are not relevant), as contemplated by the Bankruptcy Court's *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [D.I. 6528] (the "Scheduling Order"), they could only even arguably be relevant to "voting issues," which may or may not materialize and, in any event, cannot be known before voting occurs.  As such, at best, the Subpoena is premature.

## OBJECTIONS TO DEFINITIONS

ER objects to the definitions of  "You," and "Your" on the grounds that they are overly broad and unduly burdensome and purport to require ER to produce documents not within ER's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS AND MANNER OF PRODUCTION

1.    ER objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on ER that are inconsistent with or greater than the obligations imposed by the Civil Rules or any other applicable agreement or rule.

2.    ER objects to Instruction Nos. 8, 9, and 10 on the grounds that producing such respective privilege, redaction, and missing or lost document logs would be overly burdensome under the circumstances.

3.      ER objects to the "Manner of Production" instructions to the extent they are overly burdensome under the circumstances.  ER will produce documents, if any, subject to the General Objections and Specific Objections set forth herein and in readily accessible electronic form and consistent with the Civil Rules and/or any other applicable order, agreement, or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney, provide any authorization forms or documents authorizing the Attorney who signed the Claim Form to do so.  Identify by claim number which authorization applies to which Claim Form.

### Response to Request No. 1

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 2**

For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney (to the extent not produced by another attorney at your firm), documents sufficient to show which attorneys in Your Firm spoke or interacted with the claimants identified on the Claim Form prior to the filing of the Claim Form.

**Response to Request No. 2**

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 3**

Documents sufficient to identify the call centers, claim processors, third-party administrators, claim aggregators, and/or other non-law firm business(es) involved in preparing, completing and/or submitting Claim Forms.

### <u>Response to Request No. 3</u>

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that the terms "call centers, claim processors, third-party administrators, claim aggregators, and/or other non-ER business(es)" are vague.  ER also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

### <u>Request No. 4</u>

For each Claim Form submitted to Omni by Your law firm, all documents related to whether the Attorney who signed the Claim Form was authorized in writing to sign the Claim Form on behalf of the claimant.

### <u>Response to Request No. 4</u>

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine

because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 5**

For each Claim Form submitted to Omni by Your law firm, all documents related to when the Claim Form was signed by the Attorney at Your law firm.

**Response to Request No. 5**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3).  Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

8

**Request No. 6**

For each Claim Form submitted to Omni by Your law firm, documents to identify the entity that submitted the Claim Form.

**Response to Request No. 6**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3).  Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 7**

For each Claim Form submitted to Omni by Your law firm, documents reflexing [sic] the amount of time You spent investigating the claim and confirming the existence of evidentiary support for the facts set forth in the Claim Form prior to its filing.

**Response to Request No. 7**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine

because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

## Request No. 8

For each Claim Form submitted to Omni by Your law firm, all documents, including but not limited to time entries, reflecting or relating to the actions Your law firm took to confirm the existence of evidentiary support for the facts set forth in the Claim Form.

### Response to Request No. 8

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 9**

For each Claim Form submitted to Omni by Your law firm, all catalogs or documents itemizing the materials Your law firm reviewed to confirm the existence of evidentiary support for the facts set forth in the Claim Form.

### Response to Request No. 9

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 10**

For each Claim Form submitted to Omni by or on behalf of Your law firm that was signed by an Attorney, all documents relating to the inquiry You, or anyone working at Your direction, conducted to confirm the existence of evidentiary support for each fact set forth in the Claim Form. Identify by claim number which document relates to which Claim Form.

**Response to Request No. 10**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3).  Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 11**

All contracts or agreements (whether formal or informal) entered into by You or Your law firm in connection with soliciting, acquiring access to, interacting with, executing signatures, or vetting claimants or potential claimants in the Chapter 11 Cases.

**Response to Request No. 11**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily,

a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3).  Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 12**

All contracts, agreements, and any other documents and communications relating to financing by third-party funders of Your law firm's work related to the Chapter 11 Cases.

**Response to Request No. 12**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 13**

For each Claim Form submitted to Omni by Your law firm that was signed by an Attorney, all documents reflecting communications with third party vendors pertaining to soliciting, processing, vetting, and filing Claim Forms.

**<u>Response to Request No. 13</u>**

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**<u>Request No. 14</u>**

For each Claim Form submitted to Omni by Your law firm, the original PDF of the Claim Form created at your firm and transmitted to Omni, in native format, including all associated metadata.

**<u>Response to Request No. 14</u>**

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily,

a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 15**

For each Claim Form submitted to Omni by Your law firm where You signed a standalone signature page (page 12 of the Claim Form) rather than the signature page that was part of the document containing the complete Claim Form, (a) the original file containing the signed signature page (page 12 of the Claim Form), in native format, including all associated metadata; and (b) the original file containing the completed Claim Form that was filled in without Your signature in native format, including all associated metadata.

**Response to Request No. 15**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting communications between ER and its clients and ER's work-product. The work product doctrine precludes Zurich's discovery request.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the

foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 16**

For each document responsive to the above request identify by claim number each Claim Form or Claim Forms and signed standalone signature pages were submitted with it.

**Response to Request No. 16**

ER incorporates its General Objections as if set forth fully herein. ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

**Request No. 17**

All documents reflecting communications between You (or Your law firm) and any non-law firm business pertaining to ownership of or financial interest in claims in the Chapter 11 Cases, including but not limited to any marketing of claims in Chapter 11 cases or any financial interest therein, any offers to sell or transfer claims in the Chapter 11 Cases, and communications pertaining to financing secured by an interest in any potential recovery on the claims in the Chapter 11 Cases.

**Response to Request No. 17**

ER incorporates its General Objections as if set forth fully herein.  ER objects to this Request on the ground that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  ER further objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine because, on its face, it seeks documents reflecting ER's work-product. The work product doctrine precludes Zurich's discovery request. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P.26(b)(3). Subject to the foregoing general and specific objections, ER states that it has no documents responsive to this Request that are not protected from disclosure.

Dated: November 5, 2021

**HOGAN♦McDANIEL**

*/s/ Daniel K. Hogan*
Daniel K. Hogan (DE No. 2814)
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540; (302) 656-7599
dkhogan@dkhogan.com

*Attorneys for Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.*