**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re Docket 7168** |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' RESPONSES AND**
**OBJECTIONS TO THE ROMAN CATHOLIC AND UNITED METHODIST**
**AD HOC COMMITTEE'S NOTICE OF DEPOSITION PURSUANT**
**TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors") hereby responds and objects to *The Roman Catholic and United Methodist Ad Hoc Committee's Notice of Deposition of the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7168] (the "Notice").

**General Objections**

1.    The following responses, objections, and reservations of rights (the "General Objections") apply to and are incorporated in the TCC's responses and objections (the "Responses") to each of the deposition topics listed below (each, a "Topic"), whether or not expressly incorporated by reference in each such Response. The failure to specify any General Objection in the Responses to a Topic is not intended to waive that General Objection. Any additional objections provided in the Responses should be construed as supplementing, and not superseding, these General Objections.

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2.    The TCC construes the Topics as relating to the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt No. 6429] (the "Plan"), the confirmation of which is scheduled to be heard on January 24, 2022.  The TCC objects to the Topics to the extent they are not relevant or premature with respect to the confirmation of the Plan.

3.    The specific Responses set forth below are based upon information presently available to the TCC.  The TCC expressly reserves the right to revise, correct, add to, clarify, amend, or supplement these Responses as necessary.  Failure to object herein shall not constitute a waiver of any objection that the TCC may later interpose, including as to future supplemental Responses.

4.    The Responses are subject to the *Order Approving Confidentiality and Protective Order* entered in these cases [Docket No. 799] (the "Stipulated Protective Order").  If the TCC provides any testimony in response to the Notice, it shall be subject to the terms of the Stipulated Protective Order.

5.    Any testimony provided by the TCC in response to the Notice will only be on behalf of the TCC and not on behalf of any other person or entity.

6.    The TCC objects to the Notice and to each Topic to the extent that they purport to impose any requirement or discovery obligation upon the TCC greater or different than those required or allowed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

7.    The TCC objects to the Notice and to each Topic to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the confidentiality of internal committee deliberations, the common interest privilege, or any other applicable privilege, immunity, or protection (whether based upon statute, rule, order, agreement, or common law).  The TCC does not intend to provide testimony that is privileged or otherwise protected from discovery.  Any testimony is not intended to constitute a waiver of any applicable privilege or protection, nor is it intended to waive any objection to the admissibility of such information.  The TCC reserves all rights with respect to the mediation privilege.

8.    The TCC objects to the Topics to the extent they include testimony from or concerning any third-party expert or consultant retained by the TCC to provide expert testimony or consulting services in connection with the above-captioned chapter 11 cases.  Such Topics are premature and, with respect to consulting experts, violates Rule 26(b)(4) and, with respect to testifying experts, contravenes the *Order (i) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (ii) Establishing Certain Protocols, and (iii) Granting Related Relief* [D.I.. 6528] (the "Scheduling Order").

9.    The TCC objects to the Notice and to each Topic to the extent they seek information whose disclosure would violate the privacy rights of any individual or court orders restricting the disclosure of information.

10.    The TCC objects to the Notice and to each Topic to the extent they purport to require a witness to answer a contention interrogatory on the TCC's behalf. Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the

particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper. *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"); *American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

11.    The TCC objects to the Notice and to each Topic to the extent that they would require the TCC's 30(b)(6) witness to provide legal conclusions. *See, e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017).

12.    The TCC objects to the Notice and to each Topic to the extent it is ambiguous and too vague to adequately apprise the TCC of what information is being sought or to permit the TCC's 30(b)(6) witness to furnish such information with reasonable diligence.

13.    The TCC objects to the Notice and to each Topic to the extent they seek information that is not relevant to the issues in this contested matter.

14.     The TCC objects to the Notice and each Topic to the extent that it is vague, ambiguous, overbroad and seeks information that is not relevant to any party's claim or defense in this bankruptcy case in general, and the Confirmation Hearing in particular, nor is it proportional to the needs of this case.

15.     The TCC objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Notice and in each Topics.  The TCC's Responses shall not be construed as admissions of or agreements with any such assumption, implication, or characterization.

16.     The TCC objects to the Notice to the extent that it purports to notice the deposition of any person or entity that is not the TCC.  The TCC will only respond on behalf of the TCC and will only produce a witness pursuant to Rule 30(b)(6) on behalf of the TCC.

17.     To the extent that the TCC states that it will "provide testimony, to the extent of the TCC's knowledge, concerning" a particular Topic, such statement is not a representation that the TCC, in fact, has any knowledge concerning that Topic.

18.     The TCC expressly reserves all objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege and the attorney work-product doctrine.

19.     The TCC is willing to meet and confer regarding the Notice and their responses and objections to the Topics.

### Objections to Topics Listed in Notice

**Topic No. 1.**   Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

**Response**: In addition to the objections set forth in its General Objections set forth above, which are fully incorporated herein by reference, the TCC objects to this Topic to the extent that it (i) purports to require the TCC to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the confidentiality of internal committee deliberations, or the common interest privilege; (ii) purports to require a witness to provide legal conclusions; (iii) purports to require a witness to answer a contention interrogatory on the TCC's behalf; (iv) seeks discovery concerning matters that are not relevant to any disputes before the Bankruptcy Court; (v) is vague and ambiguous; (vi) would impose undue burdens on the TCC and the witness because the discovery sought under this Topic is not proportional to the needs of the case, including because the burden or expense of the proposed discovery outweighs its likely benefit; and (vii) is premature.

The TCC further objects to this Topic as vague and ambiguous because it does not "describe with reasonable particularly the matters for examination" as required by Federal Rule of Civil Procedure 30(b)(6). The TCC also objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case.

The TCC further objects to this Topic as a compound topic that addresses multiple objectionable subjects contained in various other unidentified deposition notices to the TCC. The TCC incorporates by reference all objections (general and specific) from all of the TCC's responses to any Rule 30(b)(6) deposition notices propounded on the TCC.

Subject to, and without waiving, the foregoing objections, the TCC will designate a witness pursuant to Rule 30(b)(6) to provide testimony, to the extent of the TCC's knowledge, concerning this Topic, but only to the extent and on the topics that the TCC has agreed to designate

a witness pursuant to Rule 30(b)(6) as set forth in the TCC's responses to any and all Rule 30(b)(6)

deposition notices propounded on the TCC.


Dated: November 17, 2021
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James I. Stang (CA Bar No. 94435) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
Kenneth H. Brown (CA Bar No. 100396) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038) (admitted *pro hac vice*)
Steven W. Golden (DE No. LP 0127)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:          jstang@pszjlaw.com
                inasatir@pszjlaw.com
                kbrown@pszjlaw.com
                joneill@pszjlaw.com
                jlucas@pszjlaw.com
                sgolden@pszjlaw.com

*Counsel for the Tort Claimants' Committee*