Exhibit A

**ROBBINS | RUSSELL**
Robbins, Russell, Englert, Orseck & Unteiner LLP

Lawrence S. Robbins
202.775.4501
lrobbins@robbinsrussell.com

November 18, 2021

**By CM/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

>    Re:   *In re Boy Scouts of America and Delaware BSA*, LLC, No. 20-10343 (LSS)
>          Opposition to *Insurers' Omnibus Motion to Compel*, Dkt. No. 7241.

Dear Judge Silverstein:

    Three days ago, certain Insurers moved to compel several law firms to respond to document requests and interrogatories the Insurers issued under Federal Rules of Bankruptcy Procedure 7033, 7034, and 9014. *See* Dkt. No. 7241 ("Mot."). The Insurers also asked, in the alternative, for the Court to alchemize their discovery requests into properly served Rule 45 subpoenas and then compel the law firms to respond to *those*.

    My firm represents Andrews & Thornton ("A&T") and ASK LLP ("ASK"), two of the targeted law firms. The party discovery that the Insurers propounded applies to neither firm, because neither is a party to this proceeding. And the Court lacks authority to enforce nonexistent subpoenas against A&T—a California resident—and ASK—a Minnesota resident.

    The Insurers' motion should be denied.

    **1.    The law firms are not subject to party discovery.**

    The Insurers do not dispute that they seek "party discovery." Mot. 10. The Insurers issued interrogatories under Rule 7033 and document requests under Rule 7034, which import Federal Rules of Civil Procedure 33 and 34 into adversarial proceedings in bankruptcy court. By their express terms, Rules 33 and 34 apply only to "parties."[1]

---

[1] *See* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve" interrogatories "on any other party."); Fed. R. Civ. P. 34(a) ("A party may serve" a document request "on any other party."); *see also, e.g.*, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used

November 18, 2021
Page 2

A&T and ASK are not "parties." They *represent* parties—as lawyers generally do—but that does not make them parties to this proceeding. Even so, the Insurers offer three reasons why A&T and ASK should be treated as "parties." Each is frivolous.

*First*, the Insurers urge that because A&T and ASK are "current members of the Coalition," and because "the Coalition is a 'Mediation Party' and therefore a 'Participating Party to the Confirmation Proceedings,'" it somehow follows that A&T and ASK are, by extension, "parties." Mot. 11. The Insurers' premise is false. A&T and ASK are *not* Coalition members. The Coalition's membership instead comprises "more than 10,000 sexual abuse victims" who hold "claims and interests" in this proceeding. Dkt. No. 1106 ¶ 1. *They* are parties. A&T and ASK *represent* certain Coalition members, but an attorney does not become a party merely by representing one.[2]

*Second*, the Insurers suggest that A&T and ASK implicitly consented to being treated as parties because they failed to assert, in response to the Insurers' earlier Rule 2004 discovery requests, that A&T and ASK "were non-parties to the BSA Cases or that the Court lacked jurisdiction or venue over their clients." Mot. 9, 11. That suggestion makes no sense. Rule 2004 discovery is available from parties and nonparties alike. *See* Fed. R. Bankr. P. 2004 (providing that "the court may order the examination of *any entity*") (emphasis added). And the Insurers know this because, after Court narrowly granted their Rule 2004 motion, they did issue Rule 45 subpoenas to many, many nonparties (including nonparties that were not even subject to the Court's Rule 2004 order). That A&T and ASK did not state their nonparty status in response to Rule 2004 discovery—an irrelevant fact, in that context—tells us nothing about the question presented here.

*Third*, the Insurers argue that A&T and ASK have somehow morphed into parties because of the way they have "comport[ed]" themselves. Mot. 11. That is not a thing. The one case the Insurers examine, *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 34–35 (S.D.N.Y. 1984), does not remotely endorse such a proposition. In *Compagnie Francaise*, the court held only that when one governmental agency sues,

---

to discover matters from a nonparty.") (citing Fed. R. Civ. P. 34); *Braun v. Hanson*, No. 18-cv-3355 (JNE/ECW), 2020 WL 6042399, at *1 (D. Minn. Oct. 13, 2020) ("The plain text of Rule 33 makes it apparent that interrogatories must be directed to a party . . . .").

[2] *See, e.g.*, *Braun*, 2020 WL 6042399, at *2 (holding that interrogatories "meant for legal counsel" fell beyond Rule 33's scope "because they are not directed to a party"); *Ebert v. Twp. of Hamilton*, Civ. No. 15-7331, 2016 WL 6778217, at *3 (D.N.J. Nov. 15, 2016) (holding that an "interrogatory would be improper due to the non-party status of [defense] counsel"); *Thompson v. Glenmede Tr. Co.*, Civ. A. No. 92-5233, 1993 WL 410283, at *4 (E.D. Pa. Sept. 10, 1993) (holding that plaintiffs could "not use Rule 34" against defense counsel who was "not a party").

November 18, 2021
Page 3

its litigation opponent may serve Rule 34 discovery on a *different* governmental agency if that second agency is the true party-in-interest—for example, if 100% of the litigation proceeds will flow to that other agency. *See id.*

Here, by contrast, A&T and ASK are not the "real" parties-in-interest. They are *advocates* for parties-in-interest—survivors of sexual abuse. And even if A&T and ASK were to have "substantial interest in the outcome of these cases," Mot. 12, it would be for reasons that apply equally to every contingency-paid lawyer on every case in the country. The Court should reject the Insurers' startling, unsupported argument that these run-of-the-mill interests make a party's lawyer a party.

2. **The Court lacks authority to enforce Rule 45 subpoenas against A&T and ASK.**

As a fallback, the Insurers ask the Court to issue—and to promptly enforce—nonparty subpoenas under Rule 45. But Rule 45 is clear: The court enforcing a person's compliance with a Rule 45 subpoena must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c). The Insurers assert that through their involvement with these cases, A&T and ASK "clearly 'regularly transact business' in Delaware." Mot. 12 (quoting Fed. R. Civ. P. 45(c)). But appearing in this Court to *represent* a party neither is nor should be "transacting business" under Rule 45. And the Insurers cite nothing to the contrary.

What is more, the Insurers lop off a critical phrase: Rule 45(c) asks where the subpoena target "transact[s] business *in person*." Fed. R. Civ. P. 45(c) (emphasis added). So even if participating in a legal proceeding could constitute "transact[ing] business," ASK's and A&T's entirely remote participation by telephonic and video conferences would not qualify as transacting business *in person*. *See M'Baye v. New Jersey Sports Prod., Inc.*, 246 F.R.D. 205, 207 (S.D.N.Y. 2007) (business "conducted via telephone, email and fax" is not "doing business 'in person'" under Rule 45(c)). And so it still would not satisfy Rule 45(c).

Because the Court lacks the authority to enforce Rule 45 subpoenas against A&T and ASK, the Court should likewise decline to order A&T and ASK to accept service of, or respond to, any Rule 45 subpoena. The court with authority to enforce the subpoenas should resolve those issues. In addition, no court—this one or any other—should resolve service issues or response deadlines so long as these Rule 45 subpoenas remain imaginary and unissued. For similar reasons, it would be premature for A&T and ASK to raise the substantial relevance, privilege, and burden objections that those subpoenas would face.

\*     \*     \*

What the Insurers seek from A&T and ASK—communications with their clients, contents of their investigation efforts, and details about their financing sources—are not only privileged but

ROBBINS | RUSSELL

November 18, 2021
Page 4

also not remotely relevant to plan confirmation. No good-faith concerns about plan confirmation spurred the Insurers' sweeping, unsupported discovery demands or this new "party" issue that the Insurers now thrust on the Court. What fueled these baseless discovery demands is the Insurers' fervent desire to drag this case on forever, and along the way to torment not only A&T and ASK but also the abuse survivors for whom they fight.

If they had it their way, the Insurers would reach those unscrupulous ends by exploiting party discovery and sidestepping Rule 45's important protections for nonparties. The Court should say no.

Sincerely,

/s/ Lawrence S. Robbins

Lawrence S. Robbins
Counsel to ANDREWS & THORNTON,
ATTORNEYS AT LAW and ASK LLP