

400 Broadhollow Road
Suite 305
Melville, NY 11771
Facsimile: (646) 843-7603

Brett S. Bustamante, Esq.
Telephone: (212) 397-1000 (ext. 2025)
BBustamante@NapoliLaw.com

November 18, 2021

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court,
District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

    Re:    *In re Boy Scouts of America*, No. 20-10343: Napoli Shkolnik, PLLC's Response to Insurers' Omnibus Motion to Compel Kosnoff Law PLLC, AVA Law Group, Inc., Napoli Shkolnik, PLLC, Krause & Kinsman Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP to Respond to Document Requests and Interrogatories

Dear Judge Silverstein:

    Napoli Shkolnik, PLLC hereby opposes the Insurers' Omnibus Motion to Compel Kosnoff Law PLLC, AVA Law Group, Inc., Napoli Shkolnik, PLLC ("Napoli"), Krause & Kinsman Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP to Respond to Document Requests and Interrogatories ("Letter Motion"). *See* ECF, Dkt. No. 7241.

    The Insurers' motion should be denied for the reasons stated herein. Napoli also adopts the arguments set forth in ASK LLP's and Andrews & Thornton's response in opposition.

<u>**Napoli is not Subject to Party Discovery**</u>

    Like the other law firms targeted with the Insurers' broad and irrelevant discovery, Napoli is not a "party" to these cases. Napoli *represents* parties and serves as an *advocate* for sexual abuse survivors. That does not and cannot make Napoli a party to this proceeding. The Insurers submit three unfounded arguments for why this Court should take the extraordinary step of deeming Napoli a party.

First, the Insurers assert, wrongly, that Napoli is a Coalition member and therefore, by extension, is a "party." Like the other law firms, Napoli is *not* a Coalition member. The Coalition's membership instead comprises "more than 10,000 sexual abuse victims" who hold "claims and interests" in this proceeding. ECF Dkt. No. 1106, at ¶ 1. *They* are parties. Napoli *represents* certain Coalition members, but an attorney does not become a party merely by representing one.[1]

The Insurers likewise cannot point to the prior 2004 discovery dispute as some concession by Napoli to be treated as a party. Rule 2004 discovery is available from parties and nonparties alike. *See* Fed. R. Bankr. P. 2004 (providing that "the court may order the examination of *any entity*") (emphasis added). And the Insurers know this because, following the very limited grant of their Rule 2004 motion, they did in fact issue Rule 45 subpoenas to many, many non-parties (including non-parties that were not even subject to the Court's 2004 Order). That Napoli did not state its nonparty status in response to Rule 2004 discovery—an irrelevant fact, in that context—tells us nothing about the question presented.

Finally, the case law cited by the Insurers for any suggestion that the Napoli firm somehow morphed into a party because of the way it has "comport[ed]" itself is completely inapplicable for all the reasons stated in the ASK LLP and Andrews & Thornton brief. Napoli is not the "real" parties-in-interest but merely an advocate for those who need a voice in these cases.

No court—this one or any other—should resolve service issues or response deadlines so long as these Rule 45 subpoenas remain imaginary and unissued. For similar reasons, it would be premature for Napoli to raise the substantial relevance, privilege, and burden objections that those subpoenas would face.

Dated: November 18, 2021  
       Melville, New York

Respectfully submitted,

**NAPOLI SHKOLNIK PLLC**

/s/ Katie Barksdale  
Katie Barksdale  
919 North Market Street  
Suite 1801  
Wilmington, DE 19801  
Telephone: (212) 397-1000  
Facsimile: (646) 843-7603  
KBarksdale@NapoliLaw.com

---

[1] *See, e.g.*, *Braun*, 2020 WL 6042399, at *2 (holding that interrogatories "meant for legal counsel" fell beyond Rule 33's scope "because they are not directed to a party"); *Ebert v. Twp. of Hamilton*, No. CV 15-7331, 2016 WL 6778217, at *3 (D.N.J. Nov. 15, 2016) (holding that an "interrogatory would be improper due to the non-party status of [defense] counsel"); *Thompson v. Glenmede Tr. Co.*, No. 92-5233, 1993 WL 410283, at *4 (E.D. Pa. Sept. 10, 1993) (holding that plaintiffs could "not use Rule 34" against defense counsel who was "not a party").

November 18, 2021
Page 3

                          /s/ Brett S. Bustamante
                          Brett S. Bustamante, Esq.
                          (*admitted pro hac vice*)
                          400 Broadhollow Road
                          Suite 305
                          Melville, NY 11747
                          Telephone: (212) 397-1000
                          Facsimile: (646) 843-7603
                          BBustamante@NapoliLaw.com

                          Paul J. Napoli, Esq.
                          Hunter J. Shkolnik, Esq.
                          **NAPOLI SHKOLNIK**
                          **NS PR LAW SERVICES, LLC**
                          270 Munoz Rivera Ave., Ste. 201
                          Hato Rey, PR 00918
                          Telephone: (787) 493-5088
                          PNapoli@NSPRLaw.com
                          Hunter@NapoliLaw.com

                          *Counsel for Certain Claimants*