# Exhibit A

**ROBBINS | RUSSELL**
Robbins, Russell, Englert, Orseck & Untereiner LLP

Lawrence S. Robbins 202.775.4501
lrobbins@robbinsrussell.com

November 18, 2021

**By CM/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

  **Re:** *In re Boy Scouts of America and Delaware BSA*, LLC, No. 20-10343 (LSS)
     Joinder to *Letter of Slater Slater Schulman, LLP in Response to Certain Insurers' Motion to Compel Compliance with Rule 45 Subpoena*, Dkt. No. 7335

Dear Judge Silverstein:

  My clients, Andrews & Thornton ("A&T") and ASK LLP ("ASK"), join the letter filed by Slater Slater Schulman, LLP ("Slater") (Dkt. No. 7335) in response to a motion filed by certain insurance companies ("Insurers") to compel Slater's compliance with a third-party subpoena propounded by the Insurers. With that subpoena, the Insurers seek from Slater an array of privileged, protected, and irrelevant documents related to its representation of Coalition members.

  The Slater subpoena implicates certain legal issues identical to those surrounding third-party discovery that the Insurers also seek from nonparties A&T and ASK. Specifically, the Insurers seek documents that include (among other things) details surrounding claims-intake claims-investigation procedures, and all contracts and communications between the law firms and their vendors about the client-intake process. Given this overlap, we ask that the Court allow us to be heard on these issues.

  We fully join Slater's opposition to the Insurers' motion to compel compliance with the Slater subpoena.[1] We also add these points:

  For starters, the documents that Insurers insist on investigating are irrelevant. What these subpoenas seek—documents that speak to the process for *gathering* claims—are neither logically nor legally connected to the *validity* of any given claim. Many claims in these cases were generated

---

[1] A&T and ASK expressly reserve all rights. A&T and ASK in no way intend to waive, nor do they waive, any arguments about the pending discovery or any defense under Rule 12(b)(2).

**ROBBINS | RUSSELL**

November 18, 2021
Page 2

just as they are in all mass-tort cases: using third-party vendors that specialize in communicating with victims and processing their intake forms. Nothing about that process is unusual, and nothing about it raises the slightest hint of impropriety.

And even if there *were* some misstep in that process—the smoking gun that Insurers hope to uncover through their scattershot investigation—it would say nothing about any given proof-of-claim's validity. The most honest and meticulous of intake processes no doubt can net a deceptive claim by a malingering client. And the most unscrupulous and slapdash of intake processes no doubt can net a genuine claim by an honest client who suffered real and unforgivable abuse on the Boy Scouts' watch. The intake *process* tells us nothing about the validity or sincerity of any given claim's *substance*.

Further, the documents that the Insurers seek are especially irrelevant given how any reorganization plan will be confirmed in this case. Here, unlike in *Imerys*, votes of survivors represented by A&T and ASK will not be tallied by master ballot. Rather, all claimants represented by A&T and ASK will *individually* submit to their lawyer—claimant by claimant—a signed ballot voting yea or nay. So even if the Insurers were to find their smoking gun—fake proofs of claim concocted by lawyers—it would not matter in the end. Fabricated claimants do not have signatures. Fabricated claimants cannot vote.

This is all to say nothing of the fact that, as explained at length in the Slater opposition, the subpoena seeks materials protected by the attorney–client privilege and the attorney work-product doctrine. We join those arguments full stop.

For these reasons, we ask the Court to deny the Insurers' motion to compel with respect to the Slater subpoena. As noted, given that the Insurers seek overlapping (and equally irrelevant and privileged) discovery from my clients, we ask that we be permitted to appear and be hard at the forthcoming motions hearing.

Sincerely,

/s/ Lawrence S. Robbins

Lawrence S. Robbins
Counsel to ANDREWS & THORNTON,
ATTORNEYS AT LAW and ASK LLP