# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

TODD M. BROOKS
DIRECT LINE (410) 347-9421
DIRECT FAX (410) 234-2318
TBrooks@wtplaw.com

November 19, 2021

**Via CM/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

   Re: *In re Boy Scouts of America, et al.* **20-10343 (LSS) (Bankr. D. Del.)**
     **Baltimore Area Council's Response to Century's Letter-Motion**

Dear Judge Silverstein,

  The Baltimore Area Council Boy Scouts of America, Inc. (the "**Baltimore Council**"), pursuant to Court's confirmation discovery and protocols order (the "**Order**"), [Dkt. 6528], respectfully submits this response to the letter-motion to compel (the "**Letter-Motion**"), [Dkt. 7261], and related declaration, [Dkt. 7262], filed by Century Indemnity Company ("**Century**").

## I. Preliminary Statement

  The Court should deny Century's 15-page Letter-Motion. *First*, the Letter-Motion is a form letter that is untethered from the parties' actual communications and discussions about Century's document requests. For example, Century has never conferred with the Baltimore Council about 13 of the 27 enumerated document requests at issue in the Letter-Motion; Century also asks the Court to compel 9 categories of documents that Century knows the Baltimore Council does not possess. *Second*, Century has not honored the Court's requirements to meet and confer with the Baltimore Council. In anticipation of the parties' initial conference on November 11, Century ignored the Baltimore Council's two requests for advance notice of any issues that Century intended to address; instead, Century supplied a form letter that did not accurately reflect the substance of the Baltimore Council's timely-served responses and objections (the "**R&Os**") and timely-served production of thousands of pages of documents. Further, Century filed its Letter-Motion knowing that the Baltimore Council would be formally responding—just days later—to the issues Century raised on November 11 (and conveniently omits this fact from its Letter-Motion). *Third*, the Baltimore Council has responsibly and timely addressed every aspect of Century's document requests, whereas Century has engaged in a pattern of delay and gamesmanship. Century received the R&Os on October 18, but waited for nearly three weeks (and after the November 5 production deadline) to identify disputes with the R&Os and demand that the Baltimore Council re-review hundreds of thousands of documents. *Fourth*, the Baltimore Council already has delivered 2 productions of documents and has agreed to search for and produce certain additional documents if Century first will commit to paying its associated costs, expenses and legal fees. In view of Century's inaction, this is a reasonable compromise.

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

## II.     Factual and Procedural Background

Century's form Letter-Motion fails to identify the Baltimore Council's good faith efforts to address and resolve this matter without Court intervention.  The record reflects the following:

- On October 8, Century served its subpoena and requests for production on the Baltimore Council, [Dkt. 7262-1 at ECF pp. 2-26], which is not a party to this case;
- Century's subpoena contains 47 document requests—30 of which seek documents in the possession of a party to the bankruptcy case or a party's advisor(s), [*id*.];
- The Order provides that:
    - the deadline to serve R&Os was October 18, [Order at ¶ 6];
    - "[p]arties must make reasonable efforts to meet and confer" and "fail[ure] to comply with any of the dates or deadlines set forth in the … Confirmation Schedule … shall be a waiver of the applicable event," [Order at ¶ 8];
    - the deadline to produce documents was November 5, [Order at ¶ 6];
    - the deadline to produce a privilege log was November 12, [Order at ¶ 10.b];
- On October 18, in compliance with the Order, the Baltimore Council timely served its R&Os and invited Century to meet and confer, [Dkt. 7262-1 at ECF pp. 28-52];
- As of November 5, Century failed to contact or otherwise engage the Baltimore Council about its R&Os, [Brooks Decl., **Ex. A** at 4-5];
- On November 5, in compliance with the Order, the Baltimore Council timely produced 2,714 pages of documents to Century, [Brooks Decl. at ¶ 15, **Ex. A** at 4];
- Century waited until Sunday, November 7 to send a letter demanding that the Baltimore Council revisit, revise and supplement its R&Os and (then-initial) document production, [Brooks Decl., **Ex. A** at 4; Dkt. 7262-1 at ECF pp. 562-68];
- Century's November 7 letter was intended for some other non-party that received a Century subpoena; for example, Century accused the Baltimore Council of agreeing to produce only a "mere 'exemplar'" in response to Request No. 24, even though that language appears nowhere in the R&Os, and even though the Baltimore Council produced 338 documents in response to Request No. 24, [*compare* Dkt. 7262-1 at ECF p. 42, *with* Dkt. 7262-1 at ECF p. 566; Brooks Decl. at ¶ 15];
- On November 8, the Baltimore Council: (i) agreed to meet and confer with Century; (ii) requested a "revised letter … that accurately identifies each request, subject and topic over which Century actually claims dispute"; and (iii) advised Century that it would consider making an additional production but "first will require Century to commit to payment of the [Baltimore Council]'s associated costs, expenses and legal fees," [Brooks Decl., **Ex. A** at 3-4];
- On November 9, the Baltimore Council: (i) agreed to meet and confer with Century on November 11; and (ii) again requested that Century "provide a revised position statement in advance of [the] call," [Brooks Decl., **Ex. A** at 2];
- On Thursday, November 11, Todd M. Brooks, on behalf of the Baltimore Council, conferred with one of Century's attorneys, [Brooks Decl. at ¶ 10];
- On information and belief, the Baltimore Council was the first local council that conferred with Century about any production disputes, [Brooks Decl. at ¶ 11];
- Century failed to provide a revised letter or position statement in advance of the November 11 conference, at which it identified multiple disputes over 17 document

- requests (several of which Century had not previously identified in its November 7 letter intended for some other non-party subpoena recipient), [Brooks Decl. at ¶ 9];[1]
- Learning of Century's disputes for the first time on November 11, Mr. Brooks advised Century's attorney that he soon would speak with the Baltimore Council and that the Baltimore Council would formally respond—likely by the following week, [Brooks Decl. at ¶ 13];
- At the end of the November 11 conference, Century's attorney requested that the Baltimore Council send an e-mail to identify a date by which it expected to formally respond, [Brooks Decl. at ¶ 14];
- The following day, on Friday, November 12, the Baltimore Council confirmed to Century that it would respond within 5 business days and produced a privilege log for its November 5 production, [Brooks Decl., **Ex. A** at 1];
- On Tuesday, November 16, Century filed its 15-page Letter-Motion, [Dkt. 7261], and a 574-page declaration with exhibits, [Dkt. 7262];
- On Thursday, November 18, the Baltimore Council formally responded to the disputes Century first identified during the November 11 conference, [Brooks Decl., **Ex. A** at 1; **Ex. B** (the November 18 letter)];
- The Baltimore Council's November 18 letter:
  - explains that Century filed its Letter-Motion in bad faith, "as evidenced by the following: (i) Century and the [Baltimore Council] have not completed their meet and confer and, therefore, the Letter-Motion is not ripe; (ii) Century incorrectly advises the Court that our "[e]fforts to meet and confer proved unsuccessful," without acknowledging that the [Baltimore Council] had not yet responded—and soon would be responding—to the issues Century first raised during our meet and confer, *see* Letter-Motion at 5; (iii) Century ignored the Order's mandate that "no letter brief shall exceed five (5) single-spaced pages," *see* Order at ¶ 12, and (iv) the Letter-Motion misrepresents the substance of our November 11 conference as though we never had one, including by raising disputes with the Court that Century never raised during the conference," [Brooks Decl., **Ex. B** at 2];
  - contains a supplemental production of another 3,304 pages of documents (for a total production set of 6,019 pages), [Brooks Decl. at ¶ 17, **Ex. B** at 2]; and
  - again offers to produce additional materials if Century "will commit to paying the [Baltimore Council]'s associated costs, expenses and legal fees. [Brooks Decl., **Ex. B** at 6].

### III. Opposition Arguments to Century's Letter-Motion to Compel

#### A. The Court Should Deny the Letter-Motion Because Century Repeatedly Has Failed to Follow the Terms of the Court's Confirmation-Discovery Order

Century has not approached this matter in good faith and has failed to observe the provisions of the Order. After Century served 47 document requests on the Baltimore Council—including catch-all requests for "[a]ll documents" and "[a]ll communications" "[c]oncerning the

---

[1] During the conference, counsel discussed Request Nos. 3, 5, 6, 7, 8, 10, 13, 14, 16, 17, 18, 19, 25 (1st), 27 (2nd), 28, 33 and 34. [Brooks Decl. at ¶ 12].

Page 4

Chapter 11 Cases," *see, e.g.,* Dkt. 7262-1 at ECF pp. 11, 12 (Request Nos. 1 and 6)—the Baltimore Council timely served its R&Os and invited Century to meet and confer on October 18, timely produced documents on November 5, and timely produced a privilege log on November 12. *See supra* at 2-3. The Order identifies each of these three dates as a deadline for the corresponding activity. *See* Order at ¶¶ 6, 10.b. The Order also provides that "[p]arties must make reasonable efforts to meet and confer" and "fail[ure] to comply with any of the dates or deadlines set forth in the … Confirmation Schedule … shall be a waiver of the applicable event …." *See* Order at ¶ 8. Although Century curiously cites the Court's September 23 admonition "that 'the hallmark is parties cooperating and getting documents and other discovery out,'" *see* Letter-Motion at 5, Century waited until November 7 (*i.e.*, after the Baltimore Council strictly complied with the terms of the Order) to raise so-called "disputes" and ask the Baltimore Council to revisit, amend and supplement its R&Os and November 5 production.

Despite Century's inaction and delays, the Baltimore Council continued to engage Century in good faith. It timely agreed to schedule a meet and confer, it timely conducted a meet and confer and it timely advised Century that it would formally respond to Century's disputes within one week (because Century first identified its disputes during the meet and confer). *See supra* at 2-3. Century then filed its Letter-Motion knowing that the parties had not completed their meet-and-confer process. And although the 15-page Letter-Motion is 3 times longer than the Order permits, *see* Order at ¶ 12, Century somehow failed to identify the *actual* procedural and factual history among the parties. The Court should rule that Century has waived its right to seek anything more from the Baltimore Council and, therefore, fully deny the Letter-Motion.

### B. The Court Should Deny Century's Requested Relief Concerning Document Requests that Century Failed to Address with the Baltimore Council Prior to Filing Its Letter-Motion

Century uses form letters and filings in its disputes with the Baltimore Council and, therefore, many of Century's so-called "disputes" are not ripe or properly before the Court. Each of the enumerated document requests in the Letter-Motion is identified below. Highlighted in black are those requests about which Century has not previously conferred with the Baltimore Council:

| 7 | **9** | 10 | 13 | 14 | **15** | 16 | 17 | 18 |
|---|---|---|---|---|---|---|---|---|
| 19 | **21** | **22** | **23** | **24** | 25 (1st) | 27 (1st) | 25 (2nd) | 27 (2nd) |
| 28 | **30** | **31** | **32** | **33** | **36** | 37 | 42 | 44 |

Century also has moved to compel a new privilege log, apparently unsatisfied with the privilege log that the Baltimore Council produced on November 12. *See* Letter-Motion at 13-14; Brooks Decl., **Ex. A** at 1. Here too, Century has never conferred with the Baltimore Council about its privilege log. The Court should deny Century's requested relief concerning Request Nos 9, 15, 21, 22, 23, 24, 27 (1st), 25 (2nd), 30, 31, 32, 36, 37 and the Baltimore Council's privilege log.

### C. The Court Should Deny Century's Requested Relief Concerning Documents that the Baltimore Council Does Not Possess or Already Produced

Century apparently still has not reviewed the Baltimore Council's timely-served R&Os from October 18—or its initial production from November 5. As the R&Os expressly state, the Baltimore Council has no documents responsive to Request Nos. 7, 9, 21, 22, 23, 25 (1st), 36, 42

and 44. *See* R&Os, Dkt. 7261-1 at ECF pp. 7, 8, 14, 15, 20, 23. Separately, the Baltimore Council's initial production contains 338 documents responsive to Request No. 24, and Century never has contested this production as somehow inadequate. *See* Brooks Decl. at ¶ 16. Finally, the Baltimore Council's supplemental production contains all non-privileged documents responsive to Request No. 10. *See* Brooks Decl. at ¶ 17. The Court should deny Century's requested relief concerning Request Nos 7, 9, 10, 21, 22, 23, 24, 25 (1st), 36, 42 and 44.

### D. The Court Should Deny Century's Requested Relief Concerning Documents in the Possession of a Bankruptcy-Case Party or Its Advisor(s)

The Baltimore Council is not a party to this case and did not participate in the mediation, as Century is quick to observe. *See* Letter-Motion at 14 n.12. Nevertheless, Century is asking the Court to compel a non-party to undertake a burdensome production of (duplicative) documents that plainly are in the possession of bankruptcy-case parties or their advisor(s):

| Request No(s) | Material Sought |
|---|---|
| 7 | materials "exchanged" with the **BSA** |
| 9 | **bankruptcy plan** "**term sheets**" |
| 10 | "communications with" **bankruptcy-case parties/constituencies** |
| 13 | materials "exchanged" with the **BSA** |
| 14, 15, 16, 18, 19, 28 | materials concerning local council "**contributions**," which information is in the possession of the **Ad Hoc Committee of Local Councils** |
| 17, 22, 25 (1st), 25 (2nd), 27 (2nd), 30, 31, 33 | materials concerning "**Bates White**," "**claims**" and "**POCs**" |
| 32 | "communications" with **BSA Membership Standards Group** |
| 42, 44 | materials concerning "**a prepackaged bankruptcy**" |

The Court should deny Century's requested relief concerning Request Nos 7, 9, 10, 13, 14, 15, 16, 17, 18, 19, 22, 25 (1st), 25 (2nd), 27 (2nd), 28, 30, 31, 32, 33, 42 and 44.

### IV.  Conclusion

Through two productions, the Baltimore Council has produced thousands of pages of documents to Century, notwithstanding Century's inaction, delays and the significant burden that Century's subpoena has imposed. The Baltimore Council respectfully requests that the Court deny the Letter-Motion. If, however, the Court enters an Order requiring the Baltimore Council to revisit any aspect of its prior weeks-long review and collection efforts, it should condition that requirement on Century paying the Baltimore Council's associated costs, expenses and legal fees.

    Respectfully submitted,

    /s/ Todd M. Brooks
    Todd M. Brooks

    *Attorney for the Baltimore Area Council*
    *Boy Scouts of America, Inc.*

12039548