# EXHIBIT B

# WHITEFORD, TAYLOR & PRESTON L.L.P.

TODD M. BROOKS
DIRECT LINE (410) 347-9421
DIRECT FAX (410) 234-2318
TBrooks@wtplaw.com

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

November 18, 2021

**Via Electronic Mail**

Stamatios Stamoulis, Esq.
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com

Re:  Century Indemnity Company's Subpoena Duces Tecum to Baltimore Area Council Boy Scouts of America, Inc.

**Responses to November 11, 2021 Meet and Confer**

Stam,

I have discussed with the Baltimore Area Council the issues you raised during our meet and confer on Thursday, November 11, 2021. This is the Baltimore Area Council's formal response.

**A.     Procedural Issues**

As an initial matter, the Baltimore Area Council remains disappointed by Century's gamesmanship and delays in this matter. The record reflects the following:

- on October 8, Century served its subpoena and requests for production on the Baltimore Area Council;
- in its document requests, Century seeks 47 categories of documents from non-party Baltimore Area Council—30 of which concern documents in the possession of a party to the bankruptcy case or a party's advisors;
- on October 18, in compliance with the Court's order on the discovery schedule and protocols (the "Order"), [Dkt. 6528], the Baltimore Area Council timely served its responses and objections (the "R&Os") and invited Century to meet and confer;
- on November 5, also in compliance with the Order, the Baltimore Area Council timely produced thousands of pages of documents to Century;
- whereas the Baltimore Area Council has addressed this matter diligently, timely and in good faith, Century has not;
- as of November 5, Century failed to contact or otherwise engage the Baltimore Area Council about its R&Os; instead, Century waited until November 7 to send a letter demanding that the Baltimore Area Council revisit, revise and supplement its R&Os and document production;

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

Stamatios Stamoulis, Esq.
November 18, 2021
Page 2

- the Order provides, in relevant part, that "[p]arties must make reasonable efforts to meet and confer" and "fail[ure] to comply with any of the dates or deadlines set forth in the … Confirmation Schedule … shall be a waiver of the applicable event," [Order at ¶ 8];
- pursuant to the Order, Century waived its right to seek further productions of documents from the Baltimore Area Council; Century failed to identify any disputes until **three weeks after** it received the Baltimore Area Council's R&Os—and after it received the Baltimore Area Council's document production;
- worse yet, Century's November 7 letter was intended for some other non-party that received a Century subpoena; by way of example, Century accused the Baltimore Area Council of agreeing to produce only a "mere 'exemplar'" in response to Request No. 24, even though that language appears nowhere in the R&Os, and even though the Baltimore Area Council produced 338 documents in response to Request No. 24;
- although the Baltimore Area Council agreed to meet and confer with Century on November 11, it twice requested that Century provide, in advance of the conference, a revised position statement that accurately reflected any areas of dispute;
- Century failed to provide a revised position statement; instead, for the first time during the November 11 conference, Century identified multiple disputes over 17 production requests (several of which Century had not previously identified in the November 7 letter intended for some other non-party subpoena recipient);
- at the end of the November 11 conference, Century requested that the Baltimore Area Council provide a date by which it expected to formally respond to the issues discussed at the conference;
- the following day, on Friday, November 12, the Baltimore Area Council advised Century that it would **respond the following week**; and
- nevertheless, on Tuesday, November 16, Century filed a 15-page letter-motion to compel against the Baltimore Area Council (the "Letter-Motion"), [Dkt. 7261], and a 574-page declaration with exhibits. [Dkt. 7262].
- Century's Letter-Motion was filed in bad faith, as evidenced by the following: (i) Century and the Baltimore Area Council have not completed their meet and confer and, therefore, the Letter-Motion is not ripe; (ii) Century incorrectly advises the Court that our "[e]fforts to meet and confer proved unsuccessful," without acknowledging that the Baltimore Area Council had not yet responded—and soon would be responding—to the issues Century first raised during our meet and confer, *see* Letter-Motion at 5; (iii) Century ignored the Order's mandate that "no letter brief shall exceed five (5) single-spaced pages," *see* Order at ¶ 12, and (iv) the Letter-Motion misrepresents the substance of our November 11 conference as though we never had one, including by raising disputes with the Court that Century never raised during the conference.

As the foregoing makes clear, Century has engaged in a pattern of gamesmanship and delay, and Century has waived its right, pursuant to the Order, to obtain anything further from the Baltimore Area Council. However, as a further showing of good faith and cooperation, the Baltimore Area Council is making a supplemental production of **769 documents**, which you can access at the following link:

https://spaces.hightail.com/receive/NLjI09x1tP

I separately have provided a password for this supplemental production.

Stamatios Stamoulis, Esq.
November 18, 2021
Page 3

**B.      General and Thematic Disputes**

(1) <u>Century's Request No. 34 for "Rosters."</u>  During our conference, you stated that Century has "three areas of concern" and "focus," one of which is the Baltimore Area Council's production of "rosters."[1]  Included in the Baltimore Area Council's supplemental production are all rosters responsive to Request No. 34, in the form previously produced to the BSA pursuant to Paragraph 6 of the *Fourth Stipulation*, at Dkt. 162-1, in Adversary Proceeding No. 20-50527.

(2) <u>Communications with (and about) Alverez & Marsal and the TCC</u>.  In Request Nos. 8 and 10, Century seeks "communications" with Alverez & Marsal and the TCC, respectively.  The Baltimore Area Council objected to these requests because, among other things, these documents plainly are in the possession of, and more readily obtained from, Alverez & Marsal and the TCC.  During our conference, you asked the Baltimore Area Council to (i) reconsider its position and (ii) **expand** each Request also to include "internal communications" about information supplied by Alverez & Marsal and the TCC.  The Baltimore Area Council does not possess voluminous responsive records for Request Nos. 8 and 10 and, therefore, your November 11 requests do not impose an undue burden on the Baltimore Area Council.  Accordingly, the Baltimore Area Council's supplemental production includes all communications responsive to Request Nos. 8 and 10, in addition to all non-privileged "internal communications."

(3) <u>Requests for Party and Party-Advisor Documents</u>.  In addition to Request Nos. 8 and 10, most of Century's other requests that we discussed on November 11 seek documents that plainly are in the possession of a bankruptcy case party or its advisors: Request Nos. 7, 13, 14, 16, 17, 18, 19, 25 (1st), 27 (2nd), 28, 33 and 34.  For example, the BSA possesses responsive information about "claims " and "POCs" and the Ad Hoc Committee of Local Councils (the "<u>AHC</u>") possesses responsive information about "contributions."  We did not resolve our dispute about whether Century should obtain these documents from the bankruptcy case part(y/ies) (or its/their advisors) in possession of such documents.  The Baltimore Area Council reiterates its position that it will not produce these documents on the grounds that, pursuant to the Order, Century waived its right to seek a further production from the Baltimore Area Council, and also because Century's requests are (i) untimely because they post-date the Baltimore Area Council's November 5 initial production, (ii) unduly burdensome, (iii) duplicative of other discovery Century is seeking and (iv) disproportional to Century's needs in this case.

(4) <u>Century's New and Untimely Request for "Internal Communications."</u>  During our conference, Century recognized that certain of its requests do not seek "internal communications."  For example, Request No. 17 seeks only "documents authored or generated by Bates White …."  For that reason, Century does not seek anything further from the Baltimore Area Council in response to Request No. 17—subject to resolution of our dispute about whether Century should obtain these materials directly from Bates White rather than the Baltimore Area Council.  However, also during our conference, Century requested that the Baltimore Area Council produce "internal communications"

---

[1]     You identified the other areas of focus as information concerning "contributions" and "claims."

Stamatios Stamoulis, Esq.
November 18, 2021
Page 4

      for all other requests, regardless of whether a particular request calls for such information. The Baltimore Area Council reiterates its position that it will not produce these documents on the grounds that, pursuant to the Order, Century waived its right to seek a further production from the Baltimore Area Council, and also because Century's new requests are (i) untimely because they post-date the Baltimore Area Council's November 5 initial production, (ii) unduly burdensome, and (iii) disproportional to Century's needs in this case.

(5) <u>Century's Payment of Costs, Expenses and Legal Fees</u>. On November 8, in response to Century's November 7 letter, the Baltimore Area Council advised Century that if it agrees to produce additional documents following our meet and confer, Century must first commit to paying the Baltimore Area Council's associated costs, expenses and legal fees. Without enforcing this condition, the Baltimore Area Council now has made a supplemental production of documents. The Baltimore Area Council does not agree to produce anything further unless Century commits to paying the Baltimore Area Council's associated costs, expenses and legal fees.

## C.     Specific Requests We Discussed During the November 11 Meet and Confer

**Request No. 3** (Key 3 Minutes).
- As I observed during our conference, the Baltimore Area Council expressly stated in its R&Os that it has no documents responsive to this request. Accordingly, we agreed during the conference that Century has no dispute with respect to Request No. 3.

**Request No. 5** (All Documents Concerning the Chapter 11 Cases, Etc.).
- As I observed during our conference, although the Baltimore Area Council already has produced e-mails and other materials responsive to Request No. 5, it objects to producing anything further on the following grounds: (i) Century waived its right, pursuant to the Order, to seek a further production from the Baltimore Area Council, (ii) Century's renewed requests are untimely because they post-date the Baltimore Area Council's November 5 initial production and (iii) each of the objections stated in the R&Os with respect to Request No. 5.

**Request No. 6** (All Communications Concerning the Chapter 11 Cases, Etc.).
- As I observed during our conference, although the Baltimore Area Council already has produced e-mails and other materials responsive to Request No. 6, it objects to producing anything further on the following grounds: (i) Century waived its right, pursuant to the Order, to seek a further production from the Baltimore Area Council, (ii) Century's renewed requests are untimely because they post-date the Baltimore Area Council's November 5 initial production and (iii) each of the objections stated in the R&Os with respect to Request No. 6.

Stamatios Stamoulis, Esq.
November 18, 2021
Page 5

>**Request No. 7** (All Documents Exchanged Between the Debtors and the Baltimore Area Council's Committees and Board Concerning the Chapter 11 Cases, Etc.).
>  - As I observed during our conference, the Baltimore Area Council expressly stated in its R&Os that it has no documents responsive to this request. Accordingly, we agreed during the conference that Century has no dispute with respect to Request No. 7.
>
>**Request No. 8** (All Documents Exchanged Between Alverez & Marsal and the Baltimore Area Council's Committees and Board Concerning the Chapter 11 Cases, Etc.).
>  - *See supra* Response B(2).
>  - Other than additional materials to/from/concerning Alverez & Marsal in the Baltimore Area Council's supplemental production, the Baltimore Area Council has no documents responsive to this request.
>
>**Request No. 10** (All Documents Concerning Communications with Plaintiffs' Counsel & Committees, Etc.).
>  - *See supra* Response B(2).
>  - Other than additional materials to/from/concerning the TCC in the Baltimore Area Council's supplemental production, the Baltimore Area Council has no documents responsive to this request.
>
>**Request No. 13** (All Documents and Communications Exchanged with the BSA).
>  - The BSA possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request Nos. 14 & 16** (All Documents Relied upon by the Baltimore Area Council's Committees and Board Concerning Contributions).
>  - The AHC possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 17** (All Documents Generated by Bates White).
>  - Bates White possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 18** (All Documents Concerning the Methodology for Contributions).
>  - The AHC possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 19** (All Documents Concerning the Calculation of Contributions).
>  - The AHC possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 25 (1st)** (All Documents and Communications Concerning Chartered Organization POCs).
>  - The BSA possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 27 (2nd)** (All Documents and Communications Concerning Abuse Claims).
>  - The BSA possesses responsive information. *See supra* Response B(3), B(4).
>
>**Request No. 28** (Information Concerning Contributions).
>  - The AHC possesses responsive information. *See supra* Response B(3), B(4).

Stamatios Stamoulis, Esq.
November 18, 2021
Page 6

**Request No. 33** (Incident Reports Concerning POCs).
- o  The BSA possesses responsive information. *See supra* Response B(3), B(4).

**Request No. 34** (Rosters Corresponding to POCs).
- o  *See supra* Response B(1).
- o  Other than the rosters in the Baltimore Area Council's supplemental production, the Baltimore Area Council has no documents responsive to this request.

\* \* \* \* \* \* \* \* \* \*

The Baltimore Area Council has produced thousands of pages of documents to Century, notwithstanding the significant burden that Century's subpoena has imposed. Century compounded that burden by failing to identify any disputes until (i) three weeks after it received the Baltimore Area Council's R&Os and (ii) after it received the Baltimore Area Council's November 5 initial production. Century should withdraw its non-ripe Letter-Motion. Century also should cease seeking any additional materials from the Baltimore Area Council unless it will commit to paying the Baltimore Area Council's associated costs, expenses and legal fees.

Sincerely,

Todd M. Brooks

12037246