**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**THE FUTURE CLAIMANTS' REPRESENTATIVE'S FIRST SET OF
<u>INTERROGATORIES TO GREAT AMERICAN</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), made applicable to these proceedings by Rules 9014 and 7033 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), James L. Patton, Jr., the Future Claimants' Representative (the "<u>FCR</u>"), by and through his undersigned counsel, hereby serves the following interrogatories (the "<u>Interrogatories</u>") on Agricultural Insurance Company, Agricultural Excess & Surplus Insurance Company, and Great American Insurance Company (collectively, "Great American") in connection with the Boy Scouts of America and Delaware BSA, LLC (the "<u>BSA</u>") (together, the "<u>Debtors</u>") *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan") [Docket No. 6443].

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Please respond to the Interrogatories in accordance with Civil Rule 33 by providing written responses to undersigned counsel within fourteen (14) days of the service of the Interrogatories.

## DEFINITIONS

For the purposes of these Interrogatories, the following Definitions shall apply:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. The term "Abuse" shall have the meaning provided in the Plan.

3. The term "Abuse Claim" shall have the meaning provided in the Plan.

4. The term "Abuse Claimant" shall mean the party asserting an Abuse Claim.

5. The term "Abuse Insurance Policy" shall have the meaning provided in the Plan.

6. The term "Academic Capacity" shall have the meaning provided in the TDP.

7. The term "Chapter 11 Cases" shall mean the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

8. The term "Claims Matrix" shall mean (as specifically defined and described in Article VIII.B of the TDP) a table scheduling six tiers with six Types of Abuse, and identifying base and maximum values for each tier.

9. The term "Concerning" shall mean relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting,

describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10. The term "<u>Debtors</u>" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

11. The term "<u>Documents</u>" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever,

including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production.  "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

12. The term "Insurance Policy" shall mean any policy detailing the terms and conditions of a contract of insurance.

13. The term "Interpersonal Relationships" shall have the meaning provided in the TDP.

14. The term "Legal Difficulties" shall have the meaning provided in the TDP.

15. The term "Limited Protected Party" shall have the meaning provided in the Plan.

16. The term "Local Councils" shall have the same meaning as set forth in the Plan.

17. The term "Mental Health Issues" shall have the meaning provided in the TDP.

18. The term "Petition Date" shall mean February 18, 2020.

19. The term "Physical Health Issues" shall have the meaning provided in the TDP.

20. The term "Plan" shall mean *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443].

21. The term "Prepetition" shall mean occurring prior to the Petition Date.

22. The term "Proof of BSA Involvement" shall mean evidence of a claimant's membership in or association with BSA.

23. The term "Protected Party" shall have the meaning provided in the Plan.

24. The term "Settlement" shall mean any Prepetition settlement or other resolution of an Abuse Claim.

25. The term "Settlement Trust" shall have the meaning provided in the Plan.

26. The term "Sworn Claimant Testimony" shall mean a deposition, recorded examination at trial, and/or a recorded statement provided under oath regarding the Abuse Claim.

27. The term "Trust Distribution Procedures" or "TDP" shall mean the *Boy Scouts of America Trust Distribution Procedures for Abuse Claims* [Docket No. 6212].

28. The term "Type of Abuse" shall mean the categories of abuse identified in the Claims Matrix contained in Article VIII of the TDP.

29. The term "Verification of Abuse" shall mean either: (a) a written statement from a therapist or other professional certifying their professional belief that a claimant was abused based on meetings/interviews with the claimant; or, (b) a declaration by the claimant under penalty of perjury that the claimant was abused and an explanation of why the claimant is unable or unwilling to produce a certification of abuse by a therapist or other professional.

30. The term "Vocational Capacity" shall have the meaning provided in the TDP.

31. The terms "You" or "Your" and variants thereof mean Great American.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of these Interrogatories, the following Instructions shall be followed:

1. Civil Rule 33, made applicable to this proceeding pursuant to Bankruptcy Rules 7033 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. All responses shall comply with the requirements of the Civil Rules, the Bankruptcy Rules, and the Local Rules.

3. Unless otherwise stated in a specific Interrogatory herein, the relevant time period shall be the period from the inception of the Debtors to the present.

4. Provide a privilege log relating to Your responses to each of these Interrogatories from which You are withholding on the basis of privilege. The privilege log must list the document or information withheld and the legal basis for withholding that information.

5. These Interrogatories shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Interrogatories, such additional information is to be promptly produced.

6. If any part of the following Interrogatories cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

7. To the extent You consider any of the following Interrogatories objectionable, respond to so much of each, and each part thereof, which is not objectionable in Your view, and separately state that part of each which is objectionable and the ground for each objection. Any ground not stated shall be waived.

8. The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Interrogatories based on the knowledge or information that You possess at the time You respond to these Interrogatories. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Interrogatory, so state in Your response to that Interrogatory.

9. Where precise/exact information is unavailable or unknown, provide approximate information along with an indication that such information is approximate rather than precise/exact.

10. If You deny knowledge or information sufficient to answer an Interrogatory (or any part thereof), provide the name and address of each person known or believed to have such knowledge.

## INTERROGATORIES

1. State Your position as to the aggregate value of the Abuse Claims, and Identify All Documents, other tangible things, and factual and legal bases that support Your answer.

    RESPONSE:

2. If you contend that the range of values set forth in the Claims Matrix are unreasonable or inconsistent with historical values of Abuse Claims in the tort system:

    a. Identify all factual and legal bases that support this contention, and any Documents and other tangible things that support Your contention.

    b. State a range of values that You contend are reasonable and consistent with historical values of Abuse Claims in the tort system.

    RESPONSE:

3. If you contend that the range of values set forth in the Claims Matrix are inconsistent with historical values of claims for Abuse in the tort system, without limitation to Abuse Claims:

    a. Identify all factual and legal bases that support this contention, and any Documents and other tangible things that support Your contention.

      b.    State a range of values that You contend are reasonable and consistent with historical values of claims for Abuse in the tort system.

RESPONSE:

4.    Identify each proof of claim filed in the Chapter 11 Cases You contend is a fraudulently filed proof of claim and state with specificity All facts and reasons that support Your answer.

RESPONSE:

5.    If you contend that the right to payment that the holder of an Abuse Claim has against the Debtors or another Protected Party or a Limited Protected Party is not the allowed value of such Abuse Claim as liquidated in accordance with the Trust Distribution Procedures, including if you contend that the right to payment that the holder of an Abuse Claim has against the Debtors or another Protected Party or a Limited Protected Party is (i) the initial or supplemental payment percentages established under the Trust Distribution Procedures to make distributions to holders of allowed Abuse Claims or (ii) the contributions made by the Debtors or any Protected Party to the Settlement Trust, state with specificity All facts and reasons that support Your answer.

RESPONSE:

6.    For each instance (if any) in which You paid defense costs or indemnity for an Abuse Claim under an Abuse Insurance Policy:

      a.    Identify the insured entity or entities on behalf of whom You made such payment;

      b.    Identify the Abuse Insurance Policy under which you made the payment;

c. State the name of the claimant and the amount you paid on account of such Abuse Claim;

d. State whether the amount paid was for indemnity or defense costs;

e. Identify all facts you considered and Documents You relied upon in evaluating the Abuse Claim;

f. State whether BSA had asserted a statute of limitations defense;

g. State the following, if known at the time You paid amounts in connection with the Abuse Claim:

   i. the Type of Abuse;

   ii. the year(s) of occurrence of Abuse;

   iii. the age of the claimant at the time of the Abuse;

   iv. the duration and/or frequency of the Abuse;

   v. whether the Abuse Claimant was exploited for child pornography;

   vi. whether the Abuse involved coercion, violence, threat of violence, or stalking;

   vii. whether the Abuse led the Abuse Claimant to experience or engage in behaviors resulting from Mental Health Issues, Physical Health Issues, Interpersonal Relationships, Vocational Capacity, Academic Capacity, or Legal Difficulties;

   viii. whether the perpetrator(s) had a non-familial relationship with the Abuse Claimant through a separate affiliation, such as a school or religious organization;

      ix.    the identity of each defendant or party against which the Abuse Claim was asserted, including, without limitation, the alleged perpetrator(s), local council, and/or chartered sponsoring organization, as applicable;

      x.    the state, city, and county in which each instance of Abuse occurred;

      xi.    the number of accusations (aside from the Abuse Claim at issue) brought against the perpetrator(s); and

      xii.    the date of any settlement of the Abuse Claims and any payments made by You in connection therewith.

    h.    Identify All Persons having knowledge of and/or who participated in such decisions.

RESPONSE:

7. For each claim or settlement identified in response to Interrogatory 6, state whether You obtained:

    a.    Verification of Abuse;

    b.    Proof of BSA Involvement by the claimant;

    c.    Sworn Claimant Testimony;

    d.    An alleged first and last name of an alleged abuser (if only a first name was obtained, please so indicate); and/or

    e.    Proof of BSA Involvement by the alleged perpetrator.

RESPONSE:

8. For each instance (if any) in which You denied or otherwise reserved rights with respect to coverage for Abuse Claims:

    a. Identify the insured entity or entities alleged to have been liable for such claim;

    b. Identify the case caption for the claim You denied or otherwise reserved rights;

    c. State the name of the claimant and the monetary amount alleged in such claim;

    d. State and describe all facts that support Your denial or reservation of rights;

    e. Identify all Documents and other tangible things that support Your denial or reservation of rights;

    f. Identify all legal bases that support Your denial or reservation or rights; and

    g. Identify All Persons having knowledge of and/or who participated in such decisions.

RESPONSE:

9. For each instance (if any) in which You paid defense costs or indemnity for a claim for Abuse under any Insurance Policy You have issued other than an Abuse Insurance Policy:

    a. Identify the insured entity or entities on behalf of whom You made such payment;

    b. State the amount you paid on account of such claim for Abuse;

c. State whether the amount paid was for indemnity or defense costs;

d. Identify all facts you considered and Documents You relied upon in evaluating the claim for Abuse;

e. State the following, if known at the time You paid amounts in connection with the claim for Abuse:

   i. the Type of Abuse;

   ii. the year(s) of occurrence of Abuse;

   iii. the age of the claimant at the time of the Abuse;

   iv. the duration and/or frequency of the Abuse;

   v. whether the claimant was exploited for child pornography;

   vi. whether the Abuse involved coercion, violence, threat of violence, or stalking;

   vii. whether the Abuse led the claimant to experience or engage in behaviors resulting from Mental Health Issues, Physical Health Issues, Interpersonal Relationships, Vocational Capacity, Academic Capacity, or Legal Difficulties;

   viii. whether the perpetrator(s) had a non-familial relationship with the claimant through an affiliation other than its affiliation with the insured;

   ix. the identity of each defendant or party against which the claim for Abuse was asserted;

   x. the state, city, and county in which each instance of Abuse occurred;

      xi.      the number of accusations (aside from the claim for Abuse at issue) brought against the perpetrator(s); and

      xii.      the date of any settlement of the claim for Abuse and any payments made by You in connection therewith.

    f.    Identify All Persons having knowledge of and/or who participated in such decisions.

RESPONSE:

10.    For each claim or settlement identified in response to Interrogatory 9, state whether You obtained:

    a.    Verification of Abuse;

    b.    Sworn testimony of the claimant; and/or

    c.    An alleged first and last name of an alleged abuser (if only a first name was obtained, please so indicate).

RESPONSE:

11.    Identify each and every Person who assisted in responding to any one of these Interrogatories, indicating as to each Person:

    a.    His or her name and address;

    b.    His or her present title and position

    c.    His or her present job functions, duties, and responsibilities;

    d.    The date he or she commenced his or her relationship with You;

  e. The interrogatory number(s) with which he or she assisted answering, whether the information he or she provided was included in the final answer;

  f. Whether the information provided was based on his or her personal knowledge; and

  g. If the information provided was not based on his or her personal knowledge, state the name and address of the Person(s) he or she derived the information.

Dated: October 8, 2021    YOUNG CONAWAY STARGATT & TAYLOR, LLP

Wilmington, Delaware

/s/ Robert S. Brady
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Emails: rbrady@ycst.com
eharron@ycst.com
-and-

GILBERT LLP
Kami E. Quinn (admitted *pro hac vice*)
Hunter Winstead (admitted *pro hac vice*)
Emily Grim (PA ID # 308259)
Meredith Neely (admitted *pro hac vice*)
Rachel Jennings (admitted *pro hac vice*)
Kyle Dechant (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2336
Facsimile: (202)772-2337
Email: quinnk@gilbertlegal.com
winsteadh@gilbertlegal.com
grime@gilbertlegal.com

neelym@gilbetlegal.com
jenningsr@gilbertlegal.com
dechantk@gilbertlegal.com

*Counsel to the Future Claimants' Representative*