

**Stradley Ronon Stevens & Young, LLP**

2005 Market Street

Suite 2600

Philadelphia, PA 19103

Telephone 215.564.8000

Fax 215.564.8120

www.stradley.com

**Jeffrey A. Lutsky**
Partner
jlutsky@stradley.com
215.564.8087

November 20, 2021

**VIA ELECTRONIC FILING**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

> Re:  **Boy Scouts of America, 20-10343 (LSS) (Bankr. D. Del.)—Opposition to Century's Motion to Compel Cradle of Liberty Council (Dkt. 7298)**

Dear Judge Silverstein:

Cradle of Liberty Council, BSA ("COLC") respectfully requests that this Court deny Century's sprawling motion to compel (Dkt. 7298) in connection with Century's subpoena served October 8, 2021 (the "Century Subpoena").

## PRELIMINARY STATEMENT

COLC is not a party to the Debtors' bankruptcy petition. Nonetheless, COLC has submitted substantial documentation concerning its assets, asset restrictions, and other similar data to assist the active parties to this bankruptcy in their assessment of COLC's proposed contribution to the Settlement Trust.

Century, at the eleventh hour of discovery, served COLC with voluminous document requests that largely seek documents that: 1) Century already possesses or has been made available to it by parties in the bankruptcy; 2) are readily attainable from the active parties in the bankruptcy to the limited extent that Century does not possess them; 3) are protected from discovery by existence of the attorney-client or joint defense privileges[1]; or 4) are not possessed by COLC. Accordingly, no genuine dispute exists that justifies Century seeking the Court's intervention.

---

[1] COLC has advised Century that it is working on privilege log.

**Philadelphia, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL**

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

As set forth in more detail below, COLC:

- timely responded to Century's subpoena,
- made a good faith production of responsive documents,
- initiated a meet and confer conference with Century at which Century represented it had substantially narrowed its areas of interest,
- provided Century with a written response and supplemental information addressing the narrow areas and requests Century identified in the meet and confer, and
- subsequently made a supplemental production of documents—all in a good faith effort to avoid a wasteful discovery motion.

Regrettably, Century by its conduct as described below has repeatedly demonstrated it has no genuine interest in working cooperatively and avoiding needless litigation.  Instead, apparently Century has rushed to file an unnecessary discovery motion without any consideration of COLC's meet and confer follow up or its initial or supplemental document productions.  In many cases, Century is so bent on resolving its subpoena through needless litigation that it seeks to involve the Court in scrutinizing discovery requests which were never identified by Century in its "deficiency" letter as problematic or requiring a further response, or which Century abandoned at a subsequent meet and confer conference.  This Court should not countenance such conduct.

## FACTUAL BACKGROUND

The Century Subpoena included forty-eight requests for documents.  COLC timely responded to the subpoena with its Responses and Objections on October 18, 2021.[2]  On Friday, November 5, 2021, COLC produced over two hundred pages of documents.  That production included, *inter alia*, all responsive board agendas, minutes, and presentations.

Late on Sunday, November 7, 2021 Century sent COLC a letter purporting to outline deficiencies in COLC's Responses and Objections and document production.[3]  Unfortunately, Century's deficiency letter repeatedly misstated COLC's Responses and Objections.  Those misstatements were so numerous and obvious, it was abundantly clear Century did not even bother to read COLC's Responses and Objections and instead sent COLC a boilerplate letter directed at responses received from an entirely different local council.[4]  Nevertheless, COLC did

---

[2] (Lutsky Decl. in Supp., Ex. 1, COLC Responses and Objections to Century Subpoena.)

[3] (Lutsky Decl. in Supp., Ex. 2, November 7, 2021 Letter of Stamatios Stamoulis, Esquire.)

[4] (See generally Ex. 2.)  By way of example only, regarding Request No. 6, Century claimed COLC asserted that the request seeks "patently undiscoverable documents" and communications that are "almost exclusively protected" by privilege. (Id. at 2-3.)  Neither of those statements appeared in COLC's response.  Regarding Request No. 9, Century claimed COLC's "assertion that this request is duplicative of seven other requests is wrong."  (Id. at 3.)  COLC's response to this Request included no such assertion.  Similarly, regarding Request No. 10, Century represented that COLC asserted that responsive documents would be privileged and that this assertion "is entirely frivolous."  (Id.)  In fact, the entirety of COLC's response to Request No. 10 was "Respondent does not possess any documents responsive to this Request."  Regarding Request No. 13, Century claimed that COLC incorporated its objections to Requests 1 through 7.  (Id. at 4.)  COLC did not.  COLC's response to Request No. 13 incorporated no

its best to address the alleged deficiencies. COLC promptly served its response on November 10, 2021, and pro-actively sought a meet and confer with Century in a good-faith attempt to narrow any disputed issues.[5]

That meet and confer took place on Friday afternoon, November 12, 2021, between counsel and without participation by their clients. Century's counsel clearly represented that Century had substantially narrowed its focus and eight requests were discussed. On the call, Century's counsel recognized that COLC's counsel would need reasonable time to meet with its client and further evaluate the eight requests Century identified. Century asked for that response from COLC the week of November 15 and COLC's counsel agreed to use it best efforts to provide that response by the middle of that week. On Monday, November 15, 2021, amazingly, Century's counsel abruptly changed course and suddenly advised COLC's counsel by telephone that Century planned to file a motion to compel against COLC that day, without even waiting for a response from COLC regarding the meet and confer and without any apparent regard to any response COLC may have had. Nonetheless, COLC carefully considered what, if any, additional information it could provide to Century in regard to the eight requests discussed at the meet and confer. COLC sent a follow up letter on Tuesday, November 16, 2021.[6] In that letter, COLC advised Century that it intended to supplement its production regarding two of the requests and provided Century with additional information concerning the remaining requests. COLC made its supplemental document production the very next day, on November 17, 2021. For four of the requests, COLC advised Century it had no additional documents to produce. Regarding one of the requests, related to membership rosters, COLC advised Century it had provided them to the Debtors, but to please advise if the Debtors did not produce them to Century and COLC would supplement its production. That left just one document request at issue, Request 8 seeking documents or communications exchanged between Alvarez and Marsal (a financial advisor to the Debtor) and COLC. Any such documents in the possession, custody, or control of COLC are subject to the joint defense agreement by and among COLC, the AHCLC, and the BSA. Therefore, they are privileged and not discoverable. COLC is duty bound not to produce any documents subject to its joint defense agreement.

Despite the very limited issues remaining, Century ignored COLC's meet and confer follow-up letter and failed to reviewed COLC's supplemental production. Instead, Century rushed headlong to file its pending motion to compel.[7] Instead of the eight requests previously discussed, which COLC made a good faith effort to bring to a resolution, Century now moves on

---

other response. In response to Century's Requests No. 25 and 26, COLC responded only: "None." Century's letter, however, described purported "blanket objections." (Id. at 5.) No such objections were made.

[5] (Lutsky Decl. in Supp., Ex. 3, November 10, 2021 Letter of Jeffrey A. Lutsky, Esquire.)

[6] (Lutsky Decl. in Supp., Ex. 4, November 16, 2021 Letter of Jeffrey A. Lutsky, Esquire.) Century mentions this letter in its Motion to Compel several times, but fails to attach it.

[7] COLC's counsel asked Century's counsel to review the supplemental production before filing, but Century's counsel said only he would "see what he could do" and nonetheless filed without reviewing COLC's production. (See Lutsky Decl. in Supp., Ex. 5, November 17, 2021 email correspondence.)

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 4

twenty-seven additional requests. For most of those additional requests, COLC has either already produced all responsive documents or advised Century that it has no responsive documents. Notably, Century's own discovery motion cites to COLC's position that it has no documents responsive to eleven requests on which Century moves. Understandably, Century is disappointed that COLC has no further documents to produce in response to these requests, but disappointment is not a legitimate basis for a discovery motion. COLC has used its reasonable best efforts to try and resolve any disputes over Century's subpoena without involving the Court, but Century, for some unknown reason, seems determined to resort to litigation rather than exercise good faith cooperation.

## ALLEGED DEFICIENCIES

**A.      Board and Committee Minutes about Bankruptcy (RFP Nos. 1-13)**

COLC produced executive board and executive committee agendas, minutes, and presentations related to the bankruptcy on November 5, 2021. As COLC has advised Century, there are no special or advisory committees of COLC that dealt with issues concerning the bankruptcy.[8] Nor are there minutes kept of Key 3 meetings. There is no genuine, unresolved dispute related to board and committee minutes about the bankruptcy.

**Document Request No. 1**: All Documents provided to Your Council Executive Board, Council Executive and/or any Special or Advisory Council Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse.

- COLC has produced all non-privileged documents responsive to this request. No genuine dispute remains.

**Document Request No. 2**: All Documents provided to Your Council Key 3 Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

- COLC has produced all non-privileged documents responsive to this request. No genuine dispute remains.

**Document Request No. 3**: All minutes of Your Council Key 3 Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

---

[8] (See Ex. 3 at 2.)

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 5

- COLC does not keep minutes of Council Key 3 meetings.  COLC has no documents responsive to this request.  No genuine dispute remains.  COLC also notes that Century did not identify this response as an issue in its so-called "deficiency" letter of November 7, 2021.

**Document Request No. 4**: All minutes of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

- COLC has produced all responsive executive board and executive committee minutes.  There are no special or advisory committees of COLC that dealt with issues concerning the bankruptcy.  No genuine dispute remains.

**Document Request No. 5**: All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluation the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

- COLC has produced all non-privileged documents responsive to this request.  No genuine dispute remains.

**Document Request No. 6:** All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

- COLC has produced all non-privileged documents responsive to this request.  No genuine dispute remains.

**Document Request No. 7**: All Documents (including presentations) and Communications exchanged between the Debtors and members of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

- This request was not raised by Century's counsel at the November 12, 2021 meet and confer.  The request seeks documents and communications exchanged between COLC and the Debtors—parties to this action. Therefore, responsive documents can be more readily obtained from the Debtors, if they have not already been produced by the Debtors in discovery.  See Fed. R. Civ. P. 26 (b)(2)(C)(i) (requiring protection from discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."); Fed. R. Civ. P. 45 (requiring protection from subpoena that "subjects a person to undue burden."). COLC

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 6

>understands that the Debtors have made a voluminous production of documents to Century and Century, if it has reviewed that production at all, has not represented that it is lacking these documents.

**Document Request No. 8**: All Documents (including presentations) and Communications exchanged between Alvarez and Marsal and members of Your Council Executive Board, Council Executive Committee and/or Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

- Any documents or communications exchanged between Alvarez and Marsal and COLC are subject to the joint defense agreement by and among COLC, the AHCLC (the Ad Hoc Committee of Local Councils), and the BSA. Therefore, they are privileged and not discoverable.  Century acknowledges that COLC has asserted its privilege, but claims, generally "these requests seek information directly related to the bankruptcy and key issues that will be addressed at the confirmation hearing."[9]  Relevance, of course, does not trump the attorney-client privilege.[10]  COLC is duty bound not to produce any documents subject to its joint defense agreement.

**Document Request No. 9**: All drafts of term sheets for any Plan of Reorganization for the Debtors.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request.[11]  No genuine dispute remains.

**Document Request No. 10**: All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, Abuse Claims and/or the Hartford Settlement Agreement.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request. [12]  No genuine dispute remains.

---

[9] (Motion to Compel at 8.)

[10] See generally Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994) ("Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue.").

[11] (See Motion to Compel at 8.)

[12] (See Motion to Compel at 8.)

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 7

**Document Request No. 11**: All Documents Concerning any request that You support a motion, application, or inclusion of a provision a Plan of Reorganization for the Debtors that in any way called for or supported the payment of the fees for the Coalition.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request. [13] No genuine dispute remains. COLC also notes that Century did not identify this response as an issue in its so-called "deficiency" letter of November 7, 2021.

**Document Request No. 12**: All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including all drafts of the TDPs.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request. [14] No genuine dispute remains.

**Document Request No. 13**: All Documents and Communications that BSA exchanged with Your Local Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

- This request was not raised by Century's counsel at the meet and confer. Again, this request seeks documents and communications between COLC and the Debtors—parties to this action concerning the bankruptcy proceedings and Plan. Certain of those documents are subject to a joint defense privilege involving the BSA and are not discoverable. Any non-privileged responsive documents can be more readily obtained from the Debtors, if they have not already been produced by the Debtors in discovery.

**B.    COLC's Contribution to the Settlement Trust (RFP Nos. 14-16, 18-19, 28)**

The AHCLC provided the amount that COLC was expected to contribute to the Settlement Trust but did not provide the amounts that any other local council would contribute. The AHCLC is a party in this bankruptcy action and documents related to the amount that COLC was expected to contribute to the Settlement Trust can be more readily obtained from the AHCLC. COLC has produced all non-privileged board communications and presentations related to COLC's contribution to the settlement trust.

**Document Request No. 14 and 16**: All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating and/or determining the amount of Your Local Council's contribution to the Settlement Trust.

---

[13] (See Motion to Compel at 8.)

[14] (See Motion to Compel at 8.)

- COLC has produced all non-privileged documents responsive to this request. No genuine dispute remains.

**Document Request No. 15**: All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the amount of Your Local Council's contribution to the Settlement Trust.

- COLC has produced all non-privileged documents responsive to this request. No genuine dispute remains.

**Document Request No. 18**: All Documents Concerning the methodology that was employed to allocate the aggregate contribution by all Local Councils to the Settlement Trust to individual Local Councils including any allocation by percentage or other means of the aggregate contribution to individual Local Councils.

- This request was not raised by Century's counsel at the meet and confer. The AHCLC provided the amount that COLC was expected to contribute to the Settlement Trust. Any responsive documents COLC possesses are duplicative of documents in the possession of the AHCLC. The AHCLC is a party in this bankruptcy action and responsive documents can be more readily obtained from the AHCLC.

**Document Request No. 19**: All Documents Concerning the calculation and/or determination of the amount of Your Local Council's contribution to the Settlement Trust.

- This request was not raised by Century's counsel at the meet and confer. As set forth above, the AHCLC provided the amount that COLC was expected to contribute to the Settlement Trust. Any responsive documents COLC possesses are duplicative of documents in the possession of the AHCLC. The AHCLC is a party in this bankruptcy action and responsive documents can be more readily obtained from the AHCLC.

**Document Request No. 28**: The Database, electronic spreadsheet, data and/or other information that was used to determine the amount of Your Local Council's contribution to the Settlement Trust.

- This request was not raised by Century's counsel at the meet and confer. As set forth above, the AHCLC provided the amount that COLC was expected to contribute to the Settlement Trust. Any responsive documents COLC possesses are duplicative of documents in the possession of the AHCLC. The AHCLC is a party in this bankruptcy action and responsive documents can be more readily obtained from the AHCLC.

**C. Abuse Claims Against COLC (17, 25, 27, 30-33, 42, 44)**

COLC has advised Century that COLC does not have internal documents concerning specific abuse claims. Pursuant to the BSA's long-standing policy, such documents, including

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 9

incident reports, to the extent they existed, were delivered to the BSA and copies were not retained. Notably, however, the Debtors have produced the Feedback Template spreadsheets with COLC's information about the abuse claims requested by the Debtors and COLC has referred Century to the specific bates numbers of documents as part of the Debtors' production.[15]

**Document Request No. 17**: All Documents authored or generated by Bates White Concerning the POCs, the Debtors, the Abuse Claims against the Debtors, and/or these Chapter 11 Cases.

- There are no documents authored or generated by Bates White in the possession, custody, or control of COLC other than the templates used by the COLC to populate the spreadsheets produced by the BSA at BSA-PLAN_01103316, BSAPLAN_01103317, BSA-PLAN_01103318, and BSA-PLAN_01103319. Century acknowledges this in the Motion to Compel.[16] No genuine dispute remains.

**Document Request No. 25**: All Documents authored or generated by Bates White Concerning Abuse Claims asserted or alleged against Your Local Council.

- There are no documents authored or generated by Bates White in the possession, custody, or control of COLC other than the templates used by the COLC to populate the spreadsheets produced by the BSA at BSA-PLAN_01103316, BSAPLAN_01103317, BSA-PLAN_01103318, and BSA-PLAN_01103319. No genuine dispute remains.

**Document Request No. 27**: All Documents and Communications Concerning Abuse Claims asserted on behalf of individuals that you were unable to confirm were scouts in Your Local Council.

- COLC refers Century to the Feedback Template spreadsheets produced by the BSA at BSA-PLAN_01103316, BSA-PLAN_01103317, BSA-PLAN_01103318, and BSA-PLAN_01103319. As COLC has advised Century, COLC has no internal documents evaluating any specific abuse claim.[17] Century acknowledges this in the Motion to Compel.[18] No genuine dispute remains.

**Document Request No. 30:** All Documents and Communications that the Debtors sent to Your Local Councils with the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

- This request was not raised by Century's counsel at the meet and confer. Any responsive documents COLC possesses are duplicative of documents in the possession of the

---

[15] (See Ex. 4 at 2.)

[16] (See Motion to Compel at 10.)

[17] (See Ex. 4 at 2.)

[18] (See Motion to Compel at 10.)

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 10

>Debtors. The Debtors are parties in this bankruptcy action and responsive documents can be more readily obtained from the Debtors.

**Document Request No. 31**: All Documents and Communications that Your Local Council generated in response to the request to complete the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

- This request was not raised by Century's counsel at the meet and confer.  COLC refers Century to the Feedback Template spreadsheets produced by the BSA at BSA-PLAN_01103316, BSA-PLAN_01103317, BSA-PLAN_01103318, and BSA-PLAN_01103319.  No genuine dispute remains.

**Document Request No. 32**: All Communications between or among BSA Membership Standards Group and Your Local Councils related to the Local Council Reporting Procedures for any claims based on Abuse, including but not limited to, questions regarding the verification of Proof of Claim data.

- This request was not raised by Century's counsel at the meet and confer.  Any responsive documents COLC possesses are duplicative of documents in the possession of the Debtors. The Debtors are parties in this bankruptcy action and responsive documents can be more readily obtained from the Debtors.

**Document Request No. 33**: All incident reports generated by Your Local Council in connection with the Proofs of Claim filed in these Chapter 11 Cases, including any and all supporting documentation attached to those incident reports.

- COLC does not have any responsive incident reports in its possession, custody, or control.  As COLC has told Century, in accordance with long-standing BSA policy, COLC provided all such documents to the BSA and retained no copies. [19]  Century acknowledges this in the Motion to Compel.[20]  No genuine dispute remains.

**Document Request No. 42**: All Documents and Communications Concerning a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

- This request was not raised by Century's counsel at the meet and confer and was not even identified by Century in its boilerplate "deficiency" letter.  As COLC noted in its Responses and Objections, the only documents possessed by COLC were provided by the Debtors and those documents can more readily and efficiently be obtained from the Debtors.

---

[19] (See Ex. 4 at 2.)

[20] (See Motion to Compel at 10.)

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 11

**Document Request No. 44**: All Documents and Communications Concerning the consideration and/or negotiation of a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

- This request was not raised by Century's counsel at the meet and confer. Any responsive documents COLC possesses are duplicative of documents in the possession of the Debtors. The Debtors are parties in this bankruptcy action and responsive documents can be more readily obtained from the Debtors.

D. **COLC Agreements with Chartering Organizations that are the Basis of Confirmation Objections by the Charters (RFP Nos. 21-25)**

On November 5, 2021, COLC produced thirteen agreements with Chartered Organizations, dated from December 2015 to December 2019. The thirteen agreements produced are identical, because the agreement is a form agreement created by the BSA. There is simply no reason for COLC to endure the burden of collecting, assembling, and producing thousands of documents that say the same thing. Furthermore, the BSA is a party to this action and presumably has in its possession, custody, and control all copies of the form agreement. Nonetheless, in its November 10, 2021 letter to Century, COLC asked Century to advise COLC if it would like COLC to produce agreements for a particular Chartered Organization from a particular timeframe.[21] Century did not do so.

**Document Request No. 21**: All Documents and Communications relating to any agreements between or among the Local Councils, Chartered Organizations and BSA that address in any way responsibility for defending and/or indemnifying claims by persons alleging injury arising from a scouting activity asserted against a chartering organization.

- COLC produced thirteen identical agreements with Chartered Organizations, dated from December 2015 to December 2019. COLC offered to produce additional agreements with specifically identified Charter Organizations, but Century failed to request any. No genuine dispute remains.

**Document Request No. 22**: All Documents Concerning any claim that Chartering Organizations have asserted against Your Local Council for contribution and/or indemnity for Abuse Claims asserted against Chartering Organizations.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request.[22] No genuine dispute remains.

---

[21] (See Ex. 3 at 4.)

[22] (See Motion to Compel at 11.)

**Document Request No. 23**: All Documents Concerning any claim, assertion, or allegation that Local Councils generally and Your Local Council specifically took on an obligation to defend and indemnify Chartering Organizations for Abuse Claims or other claims through the terms of the annual charter agreements between the Chartered Organizations and Local Councils.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request.[23] No genuine dispute remains. COLC also notes that Century did not identify this response as an issue in its so-called "deficiency" letter of November 7, 2021.

**Document Request No. 24**: The charter agreements entered into by Your Local Council from January 1, 2014 to the petition date with the following Chartering Organizations: (1) the Methodist Church and any group associated with the Methodist Church, (2) dioceses, parishes and/or schools associated with the Catholic Church (3) the Episcopalian Church and any dioceses, parishes, school or other group associated the Episcopalian Church (4) the Lutheran Church and any diocese, parish, school or other group associated with the Lutheran Church (5) The Knights of Columbus. (6) the YMCA, and (7) the Presbyterian Church and any group associated with the Presbyterian Church.

- COLC produced thirteen identical agreements with Chartered Organizations, dated from December 2015 to December 2019. COLC offered to produce additional agreements with specifically identified Charter Organizations, but Century failed to request any. No genuine dispute remains.

**Document Request No. 25**: All Documents and Communications Concerning the POCs filed by any of the Chartered Organizations in these Chapter 11 Cases.

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request.[24] No genuine dispute remains.

E.    **COLC's Assets (RFP Nos. 36-37)**

COLC has already submitted a substantial amount of data concerning its assets and related restrictions in an effort to assist the active parties to this bankruptcy in their assessment of COLC's proposed contribution to the Settlement Trust. Upon information and belief, that data has already been made available to Century. The production of any additional documents about COLC's assets would be both duplicative and unduly burdensome.

**Document Request No. 36**: All Documents and Communications concerning whether assets that are donor-restricted should, or should not be, contributed to the Settlement Trust.

---

[23] See Motion to Compel at 11.

[24] See Motion to Compel at 11.

Chief Judge Laurie Selber Silverstein
November 20, 2021
Page 13

- As set forth in COLC's Responses and Objections, and acknowledged in Century's Motion to Compel, COLC has no documents responsive to this request.[25] No genuine dispute remains.

**Document Request No. 37**: All Documents and Communications relating to Your cash and financial assets, including but not limited to bank statements, investment statements, listing of individual assets/holdings and associated market values, appraisals or other indicators of market value, records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

- This request was not specifically raised by Century's counsel at the meet and confer. COLC also notes that Century did not identify this response as an issue in its so-called "deficiency" letter of November 7, 2021. COLC has submitted substantial data concerning its assets, asset compositions, asset restrictions, and similar data to assist the active parties in this bankruptcy action to assess COLC's proposed contribution to the Settlement Trust. Upon information and belief, those documents have been available to Century. COLC further understands that Century has access to the PeopleSoft system that is maintained by the Debtors, which contains COLC's financial records. Moreover, COLC objects that producing "all documents relating to Your cash and financial assets", including, but not limited to, bank statements, would be an effort without boundaries, constitute an undue burden, and duplicative of information otherwise already submitted by COLC concerning its assets.

F.     **Feasibility (RFP No. 27)**

**Document Request No. 27**: All Documents and Communications Concerning membership projections, including any Documents and Communications reflecting analysis of the impact that the disassociation of one or more Chartered Organizations from the Debtors and/or Your Local Council would have on the Debtors' membership levels and revenue projections and/or Your Local Council's membership levels.

- This request was not specifically raised by Century's counsel at the meet and confer. COLC can supplement its production with projections that have been provided to the BSA for COLC membership for 2020 and beyond. COLC has no documents analyzing the impact of any potential disassociation of any Chartered Organizations.

G.     **Privilege Log**

As a threshold matter, Century is simply wrong when it claims "COLC has not asserted any specific privilege in its objections[.]"[26] While COLC did make a General Objection on the

---

[25] (See Motion to Compel at 4.)

[26] (See Motion to Compel at 13 n. 12.)

grounds of privilege because the very nature of Century's subpoena centers entirely upon legal issues and proceedings, COLC also specifically references its privilege objection in its responses to Requests No. 1-7, 14, 15, 19, 28, and 35.

COLC has advised Century that it will provide a privilege log (as Century noted)[27] and it intends to do so. Presently, there is no dispute between the parties over the privilege log that is ripe for determination. Century's counsel did not raise in its meet and confer with COLC's counsel what form that privilege log should take. While COLC recognizes that a detailed privilege log, as described by Century, is the ideal in a typical case, this is not a typical case. Century's Subpoena seeks wide categories of documents related to COLC's consideration of legal issues and proceedings, including the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the Hartford Settlement Agreement, and COLC's contribution to the Settlement Trust. Not surprisingly, COLC has received legal advice related to these issues. Moreover, COLC is party to a joint defense agreement by and among COLC, the AHCLC, and the National BSA. COLC is duty bound not to produce any documents subject to that joint defense agreement. Because of the undue burden caused by the amount of documents likely to be included in any privilege log, COLC seeks the opportunity to meet and confer with Century about utilizing, to some extent, a categorical log.

## CONCLUSION

For the foregoing reasons, COLC requests that the Court deny Century's motion to compel.

Respectfully,

/s/ Jeffrey A. Lutsky
Jeffrey A. Lutsky

/s/ Julie M. Murphy
Julie M. Murphy (Delaware ID: 5856)

---

[27] (See Motion to Compel at 13.)

5404801