# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | Ref. D.I. 7118, 7119, 7120, 7122 |

### AGREED INTERIM ORDER ON DEBTORS' MOTION
### (I) ENFORCING THE SOLICITATION PROCEDURES ORDER,
### (II) ENFORCING SECTION 1103 OF THE BANKRUPTCY CODE AGAINST THE TORT CLAIMANTS' COMMITTEE, AND (III) GRANTING RELATED RELIEF

Upon the motion [D.I. 7118] (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a), 1103, and 1125 of the Bankruptcy Code, (i) enforcing the Solicitation Procedures Order as set forth herein, (ii) enforcing the terms of section 1103 of the Bankruptcy Code and requiring that any official email address of the Tort Claimants' Committee (the "TCC") be used only for official TCC business applicable to the survivor community and not for the benefit of individual state court counsel, and (iii) granting related relief; and upon the Warner Declaration [D.I. 7119] filed in support of the Motion; and the Joinder [D.I. 7120] filed in support of the Motion by the Coalition of Abused Scouts for Justice (the "Coalition"); and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

this Court under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and the Court having been advised the Debtors, the Coalition, and the TCC have agreed upon the terms of this Order,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Solicitation Procedures Order that was entered by this Court on September 30, 2021 remains in full force and effect, and this Order serves to supplement and work in conjunction with the existing Solicitation Procedures Order.

3. The Solicitation Procedures Order is hereby supplemented to provide as follows:

    (a) The TCC shall refrain from distributing, for the entirety of the chapter 11 cases, any and all communications from or on behalf of any state court counsel, including, without limitation, to parties on the TCC List or the Kosnoff List, as such lists may be amended, modified, or supplemented from time to time;

    (b) Any official email address of the TCC, including any email address of counsel to the TCC, shall be used only for official TCC business applicable to the survivor community and not for the benefit of individual state court counsel; and

    (c) The TCC shall give prior notice to Debtors' and the Coalition's restructuring counsel of any substantive written communications that it intends to distribute to any holder of an abuse claim, including, without limitation, parties on the TCC List or the Kosnoff List, as such lists may be amended, modified, or supplemented from time to time, at least 48 hours prior to distribution (the "Notice Requirement"); *provided* that, without limiting any other provision of this Order, (i) notices of TCC town hall meetings (including topics to be discussed at the TCC town hall meetings) are not subject to the Notice Requirement so long as such notices and topics are posted to the TCC's creditor information website contemporaneously with distribution; (ii) transcripts and recordings of town hall meetings are not subject to the Notice Requirement so long as such transcripts and records are posted to the TCC's creditor information website contemporaneously with distribution; (iii) the Notice Requirement does not

apply to responses to individual survivor questions and inquiries received by the TCC via telephone, email or at the Town Halls; (iv) the Notice Requirement does not apply to individual communications with counsel for a represented survivor or individual communications with an unrepresented survivor and (iv) nothing in this Order affects the rights or privileges of the TCC members to communicate amongst themselves and its members' right to communicate with TCC-retained professionals.

If, upon 48 hours' notice to the Debtors and the Coalition (the "Notice Period") in accordance with the Notice Requirement, the Debtors or the Coalition dispute the propriety or accuracy of any of the proposed communications, the Debtors, the Coalition and TCC shall confer in good faith in an attempt to agree on revised communications. If the Debtors, the Coalition and the TCC are unable to agree to revised communications before the expiration of the Notice Period, the Debtors or the Coalition may seek an expedited hearing with the Court to resolve such disagreement. In that event, the TCC shall not oppose the Debtors' or the Coalition's request for expedited consideration; *provided* that any such hearing is held on not less than 24 hours' notice to the TCC; *provided further* that, if a hearing to consider any appropriate relief in connection with any communications (as may be held on an expedited basis) is requested by the Debtors or the Coalition to be heard within 24 hours' after expiration of the Notice Period but is scheduled for a later date by the Court, the communication at issue shall not be distributed until the hearing concludes. In the event of any dispute regarding the terms of such communications, the Debtors, the Coalition and the TCC reserve any and all rights under the Bankruptcy Code or applicable law.

4. The TCC shall comply with all requests for discovery related to the TCC/Kosnoff Communications and the circumstances related thereto, whether served by the Debtors, the Coalition, or any other party in interest, including causing individuals over whom it has control to appear for depositions; *provided*, that if the TCC objects to any request for discovery, and the parties are unable to resolve the dispute despite reasonable efforts, the party requesting the discovery or the TCC may raise the dispute to the Court on an expedited basis.

5. Notwithstanding anything to the contrary in the Motion or this Order, the Debtors, on behalf of themselves and their estates, and the Coalition retain all rights to seek any further and other applicable legal or equitable remedies for, or other relief in connection with, the TCC's actions, and the Debtors' and/or the Coalition's failure to request any such relief in the Motion or

the Joinder or the omission of any such relief from this Order shall not preclude the Debtors, the Coalition, or any other party from later seeking such relief in accordance with applicable law and rules.

6. The Debtors, the Coalition and TCC are authorized to take all action necessary to effectuate the relief granted in this Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 22nd, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**