

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

File Number:

November 22, 2021

**Tancred Schiavoni**  
D: +1 212 326 2267  
tschiavoni@omm.com

Chief Judge Laurie Selber Silverstein  
United States Bankruptcy Court, District of Delaware  
824 North Market Street, 6th Floor  
Wilmington, DE 19801

**Re:    Boy Scouts of America, 20-10343 (LSS) (D. Del.)—Motion to Compel Baltimore Area Council**

Dear Judge Silverstein:

      We write on Century's behalf in further support of its motion to compel the Baltimore Area Council ("**BAC**").

      BAC has refused to withdraw any of its objections. As discussed in the motion to compel, BAC's Response included blanket objections to the bulk of the requests based on burden. Many of the objections did not include any specific basis for the boilerplate objections. BAC has either failed to produce any documents or to provide a basis for many of the objections for a significant number of the requests. In its deficiency letter and during the meet and confer call, Century requested that BAC withdraw its objections to the Subpoena. BAC, however, refused to withdraw its objections. For many of the requests, BAC notes in its reply that no genuine dispute remains. Accordingly, it should withdraw its objections for at least those requests.

      BAC also notes in their response that a third party would also have the requested documents and directs Century to seek production from that party. But even if another party has the requested documents, many of the requests seek documents uniquely in BAC's possession. Century's requests for source documents relate to analysis of the Plan, its terms, the TDPs, BAC's contribution to the Settlement Trust, and Abuse Claims asserted against BAC are properly and better directed at BAC, not a third party. This would include any spreadsheets or similar analysis prepared by BAC to analyze its contribution and any impact on BAC's continued operations. And, source documents for the analysis of Abuse Claims could include rosters, incident reports, or any other information collected to evaluate Abuse Claims. Century cannot determine what source documents BAC provided to the third parties it identifies in its responses and, therefore, appropriately directed these requests to BAC, which would be in the best position to produce those documents.

      Moreover, the request that Century pursue third parties makes no sense, since Century's requests includes documents that show BAC's analysis of the settlement contribution and Abuse Claims. Century understands that the AHCLC was involved in determining the aggregate

contribution for all Local Councils and allocating a portion to BAC but BAC considered and approved the requested contribution. Century seeks documents related to that decision by BAC's board. Similarly, Century seeks discussions BAC had with others concerning the Plan and its terms, including the TDPs. BAC is the best party to provide those responsive documents. It makes no sense to require Century to chase an untold number of third parties for documents that BAC certainly has in its possession.

Century recognizes that Baltimore Area Council produced 1,403 documents, but the overwhelming majority of the documents are charter agreements and rosters. The production is missing key documents that Century requested. Notably, there are few (if any) documents that show any analysis related to Baltimore Area Council's settlement contribution or its review of the Abuse Claims asserted against Baltimore Area Council.

The production is missing documents or heavily redacted documents related to Baltimore Area Council's analysis of its expected settlement contribution. As noted in its objections, the AHCLC determined an aggregate contribution for all Local Councils and allocated that amount among the Local Councils. But, Baltimore Area Council does not show the formula used to determine its contribution amount. Nor has BAC produced any documents showing how it evaluated that request, sought board approval, or determined how it would collect that sum of money. Baltimore Area Council produced board minutes and presentations that show this was discussed but nearly the entire discussion is redacted and underlying documents related to its analysis were not produced.

In addition, Century requested specific documents concerning any review of Abuse Claims against Baltimore Area Council and discussions concerning the TDPs or other aspects of the Plan. There are no documents related to the TDPs. Similarly, Baltimore Area Council does not provide any information concerning its analysis of the Abuse Claims asserted against Baltimore Area Council. The information and documents Century is requesting from Baltimore Area Council, including at least the incident reports and any other information related to the Abuse Claims are missing from its production. Baltimore Area Council should be required to produce responsive documents.

Century is still waiting for many of the responsive documents or an updated privilege log showing the reason for withholding those documents. Baltimore Area Council withheld thousands of emails and attachments; yet its privilege log is a single page with five categories. Each category include a broad descriptions for privilege that does not provide any basis for Century to analyze whether the documents are in fact privileged. Accordingly, Century requests that the Court grant its motion to compel, requiring Baltimore Area Council to at least produce documents responsive to the requests for which Baltimore Area Council directed Century to a third party and to provide an updated privilege log with sufficient details concerning the documents it withheld as privileged.

O'Melveny

Respectfully submitted,

*/s/ Tancred Schiavoni*
Tancred Schiavoni

O'MELVENY & MYERS LLP

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*