

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537  

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com  

File Number:

November 22, 2021

**Tancred Schiavoni**
D: +1 212 326 2267
tschiavoni@omm.com

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

**Re:   Boy Scouts of America, 20-10343 (LSS) (D. Del.)—Motion to Compel Cradle of Liberty Council**

Dear Judge Silverstein:

We write on Century's behalf in further support of its motion to compel Cradle of Liberty Council ("**COLC**").

COLC has refused to withdraw any of its objections. As discussed in the motion to compel, COLC's Response included blanket objections to the bulk of the requests based on burden. Many of the objections did not include any specific basis for the boilerplate objections. COLC has either failed to produce any documents or to provide a basis for many of the objections for a significant number of the requests. In its deficiency letter and during the meet and confer call, Century requested that COLC withdraw its objections to the Subpoena. COLC, however, refused to withdraw its objections. For many of the requests, COLC notes in its reply that no genuine dispute remains. Accordingly, it should withdraw its objections for at least those requests.

COLC also notes in their response that a third party would also have the requested documents and directs Century to seek production from that party. But even if another party has the requested documents, many of the requests seek documents uniquely in COLC's possession. Century's requests for source documents relate to analysis of the Plan, its terms, the TDPs, COLC's contribution to the Settlement Trust, and Abuse Claims asserted against COLC are properly and better directed at COLC, not a third party. This would include any spreadsheets or similar analysis prepared by COLC to analyze its contribution and any impact on COLC's continued operations. And, source documents for the analysis of Abuse Claims could include rosters, incident reports, or any other information collected to evaluate Abuse Claims.  Century cannot determine what source documents COLC provided to the third parties it identifies in its responses and, therefore, appropriately directed these requests to COLC, which would be in the best position to produce those documents.

Moreover, the request that Century pursue third parties makes no sense, since Century's requests includes documents that show COLC's analysis of the settlement contribution and Abuse Claims. Century understands that the AHCLC was involved in determining the aggregate

contribution for all Local Councils and allocating a portion to COLC but COLC considered and approved the requested contribution. Century seeks documents related to that decision by COLC's board. Similarly, Century seeks discussions COLC had with others concerning the Plan and its terms, including the TDPs. COLC is the best party to provide those responsive documents. It makes no sense to require Century to chase an untold number of third parties for documents that COLC certainly has in its possession.

Century recognizes that COLC produced 261 total responsive documents. However, the production does not include significant documents that Century requested. Century requested specific documents showing the evaluation of COLC's settlement contribution, how that contribution was determined, any review of Abuse Claims against COLC, discussions concerning the TDPs or other aspects of the Plan, and any board or committee minutes related to those topics. The only information provided for COLC's contribution is the expected contribution. Further, COLC does not provide any information concerning its analysis of the Abuse Claims asserted against COLC. The information and documents Century requested from COLC, including at least the membership information, rosters, incident reports, and any other information related to the Abuse Claims, are relevant and missing from COLC's production.

Century is still waiting for many of those documents or a privilege log showing the reason for withholding those documents. Century understands that COLC is working on the privilege log but, without that log, it does not know the volume of documents withheld and the basis for COLC's privilege assertions. Accordingly, Century requests that the Court grant its motion to compel, requiring COLC to at least produce documents responsive to the requests for which COLC directed Century to a third party.

Respectfully submitted,

*/s/ Tancred Schiavoni*
Tancred Schiavoni

O'MELVENY & MYERS LLP

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*