**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re Dkt. 6438, 6821 |

**OBJECTION OF THE ZALKIN LAW FIRM, P.C. AND PFAU COCHRAN VERTETIS AMALA PLLC TO "NOTICE OF SOLICITATION ERROR AND INVALIDATION AND REISSUANCE OF BALLOTS IN ACCORDANCE WITH CERTAIN LAW FIRMS' ELECTIONS UNDER THE SOLICITATION PROCEDURES ORDER"**

The Zalkin Law Firm, P.C. ("Zalkin") and Pfau Cochran Vertetis Amala PLLC ("PCVA"), through their undersigned counsel, hereby object to the *"Notice Of Solicitation Error And Invalidation And Reissuance Of Ballots In Accordance With Certain Law Firms' Elections Under The Solicitation Procedures"* [D.I. 6821], which notes the invalidation of certain ballots sent to individual clients ("Notice of Error").

1.   The Notice of Error states that "Omni distributed Solicitation Packages to holders of Direct Abuse Claims represented by two law firms in contravention of such law firms' elections and the Solicitation Procedures Order," and that the Debtors' solution to this error was to "invalidate" those ballots and to reissue ballots and provide them to the applicable law firms. *Notice of Error,* D.I. 6821, at ¶¶ 1 & 6.

2.   Although not mentioned in the Notice of Error, there were actually three such firms—Omni also erroneously sent Solicitation Packages to clients of Zalkin despite that firm having elected to proceed by way of Master Ballot, an error that Omni concedes. But Zalkin did

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038. Otherwise undefined capitalized terms have the meanings ascribed to them in the Notice of Error.

not believe it was appropriate to have the Ballots invalidated, and instead elected to proceed by Master Ballot but also to respect the vote of any individual Direct Abuse Claimant client to have their direct Ballot counted, should any Zalkin client submit its vote that way.

3. Invalidating ballots unilaterally is inconsistent with the Court's approved Solicitation Procedures. First, notwithstanding that a law firm has elected to proceed by way of Master Ballot or Hybrid Method, an individual Claimants' vote always takes precedence. Section IV.F.2 of the Solicitation Procedures (which is entitled Special Procedures Relating to Direct Abuse Claims—Receipt of Multiple Ballots for a Single Direct Abuse Claim) provides in full as follows:

> To the extent the Debtors receive a Ballot from a holder of a Direct Abuse Claim entitled to vote and a Ballot from an attorney purporting to represent such holder (including in accordance with the procedures related to Master Ballots), the Ballot received from the holder of the Direct Abuse Claim entitled to vote shall be counted.

*Solicitation Procedures*, D.I. 6438-1, para IV.F.2 at p. 13.

4. Section V.D.19 (entitled Voting and Tabulation Procedures) emphasizes the point, providing that:

> If multiple Ballots are received directly from the holder of a Claim <u>and</u> from a purported attorney or agent for such holder prior to the Voting Deadline, the Ballot received directly from the holder shall be the Ballot that is counted. For the avoidance of doubt, any Ballot received directly from the holder of a Direct Abuse Claim shall supersede any Master Ballot returned on account of a Direct Abuse Claim and shall be the vote that is counted, in accordance with the procedures set forth in Section IV.

*Solicitation Procedures*, D.I. 6438-1, para V.D.19 at p. 19.

5. The Solicitation Procedures similarly specify what happens if more than one Ballot is received directly (*i.e.*, not through a Master Ballot) from a holder of a Direct Abuse Claim. In that event, the last timely-received Ballot counts. Section IV.F.1 contains this rule:

2

> If . . . the Solicitation Agent receives more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim on or before the Voting Deadline, the effective vote shall be the last Ballot actually received by the Solicitation Agent before the Voting Deadline that satisfies the voting and tabulation procedures specified in Section V.

*Solicitation Procedures,* D.I. 6438-1, para IV.F.1 at p. 13.

6. The Vote Tabulation Procedures reflect the same point:

> If the Debtors timely receive more than one Ballot from or on behalf of the holder of a single Claim, the effective vote shall be the Ballot last received by the Solicitation Agent that satisfies the voting and tabulation procedures specified in this Section V.D. If more than one Ballot voting the same Claim is received prior to the Voting Deadline, the latest received, properly executed Ballot received by the Solicitation Agent before the Voting Deadline will supersede and revoke any prior Ballot.

*Solicitation Procedures*, V.D.5, D.I. 6438-1 at p.18.

7. Unilateral invalidation of the ballots as proposed in the *Notice of Error* violates the primacy of Claimant-directed and last-to-count voting encompassed in the preceding paragraphs. An individual claimant may well report their vote or tender their vote one way only to change their mind later. The Solicitation Procedures accommodate this by counting the last-to-be received direct Ballot, or the direct Ballot in place of the Master Ballot, as applicable. But if a holder of a Direct Abuse Claim were to do so and uses the now-canceled Ballot, there is a risk that the claimant's intent would not be counted even though the claimant would have used a Ballot apparently validly issued by Omni and received by the claimant. There is no indication in the *Notice of Error* that the Debtors, Omni, or the affected law firm is required to give notice to their clients that the initially-provided Ballots are invalid, but even if such a requirement were to be imposed, there is no assurance that, among the number of communications Claimants are receiving, they focused on it or appreciated it.[2]

---

[2] We are aware that Zuckerman Spaeder, one of the two law firms referred to in the *Notice of Error*, did reach out to its clients to advise them not to return their individually-received Ballots.

8. Nothing in the Solicitation Procedures gives the Debtors or Omni the right to invalidate a Ballot except for specified reasons that are not applicable here. Nothing gives the Debtors or Omni the right to invalidate a Ballot held by someone entitled to vote and who tenders a timely vote using a Ballot provided to them.

9. There may be practical reasons to adjust these rules in the face of an admitted error by Omni in sending individual Ballots in contravention of a Master Ballot directive from a law firm, but any such deviation from the Solicitation Procedures must be approved by the Court as to particular individual claimants upon consideration of the particular issues and after notice and a hearing. For example, if an individual uses their purportedly-invalidated Ballot and never responds to the applicable firm's request to vote on the Master Ballot, the individual's vote should count in that instance to prevent disenfranchising claimants who believe they properly voted by individual Ballot. But if an individual submits both an individual Ballot that was sent in error and a vote on the Master Ballot, it might make sense for the Court to order that the Master Ballot be counted in that circumstance *if* the individual was advised that their individual Ballot would not be counted and was given an opportunity to resubmit an individual ballot. Either way, it should be the Court making these determinations on input from the affected parties, and conditioned on appropriate communications being made to the affected individuals.

10. For the foregoing reasons, Zalkin and Pfau respectfully object to the unilateral invalidation of Ballots and requests that any voting report include any timely votes cast by holders of the purportedly invalidated Ballots.

DATED: November 23, 2021

**BIELLI & KLAUDER, LLC**

By: */s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Email: dklauder@bk-legal.com

KTBS LAW LLP
Thomas E. Patterson (p*ro hac vice*)
Daniel J. Bussel (p*ro hac vice*)
Robert J. Pfister (*pro hac vice*)
Sasha M Gurvitz (p*ro hac vice*)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Email: tpatterson@ktbslaw.com;
dbussel@ktbslaw.com;
rpfister@ktbslaw.com;
sgurvitz@ktbslaw.com

*Counsel to each of The Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC*