**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**PROPOUNDING INSURERS' AMENDED NOTICE OF DEPOSITION OF THE**
**COALITION OF ABUSED SCOUTS FOR JUSTICE**

TO:  The Coalition of Abused Scouts for Justice
c/o Monzack Mersky Browder
1201 North Orange Street, Suite 400, Wilmington, Delaware 19801

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 7034, Great American Assurance Company, f/k/a Agricultural Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company (collectively, "Great American"), and the additional undersigned insurers (noticing insurers, collectively, "Propounding Insurers"), by and through their attorneys of record, will take the deposition of the Coalition of Abused Scouts for Justice (the "Coalition").

The deposition previously set for November 29, 2021, will now commence on December 1, 2021 at 10:00 a.m. (Prevailing Eastern Time) at Bodell Bove LLC, 1225 N. King Street, Suite 1000, Wilmington, DE 19801, conducted by remote video conference, or at such other time and place as may be agreed upon by counsel.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules, the Coalition is required to designate one or more officers, directors, managing agents, or other

1

person who will testify on its behalf with respect to each of the topics below. Propounding Insurers reserve all rights, including, but not limited to, the right to take additional depositions of the Coalition and others, and to expand on the deposition topics listed below.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths, by remote video conference, and may be recorded by videographer and/or by stenographic means.

PLEASE TAKE FURTHER NOTICE that:

1.    The deposition will be conducted remotely, using audio-visual conference technology;

2.    The court reporter will report the deposition from a location separate from the witness and will remotely administer the oath to the witness;

3.    Counsel for the parties and their clients may participate from the same location or different locations, but both shall appear on screen during the entirety of the recorded portion of the deposition;

4.    The witness may be required to provide government-issued identification, which must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and participants;

7.    The court reporter will record the testimony;

8.    The deposition may be recorded electronically and visually; and

9.    Counsel for all parties will be required to stipulate on the record:

a.      Their consent to this matter of deposition; and

b.      Their waiver of any objection to this manner of taking the deposition, including any objection to the admissibility at trial of this testimony based on this manner of remote deposition taking.

## DEFINITIONS

For the purposes of this Notice, the following Definitions shall apply:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation" and "including but not limited to." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      "Abuse Claim" shall have the meaning ascribed to that term in the Plan.

3.      "Bates White" means Bates White, LLC, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

4.      "Brown Rudnick" means Brown Rudnick LLP, including its individual members or partners and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

5.      "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

6.      "Coalition" means the Coalition of Abused Scouts for Justice, an *ad hoc* committee that filed a notice of appearance in these Chapter 11 Cases on July 24, 2020 at Docket No. 1040.

7.      "Coalition Restructuring Expenses" shall have the meaning ascribed to that term in the Plan.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including discussions, negotiations, agreements, understandings,

meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10.     "Database" means any database, spreadsheet, dataset or similar file produced/accessible on Excel, Access, SAS, SQL, Stata, R Studio or other similar computer programs.

11.     "Debtors" means Boy Scouts of America and Delaware BSA LLC, collectively and individually, as context requires and to encompass as broadly as possible responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

12.     "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware, LLC* [Docket No. 6445] (as may be modified, amended, or supplemented from time to time).

13.     "Document Agreement" shall have the meaning ascribed to that term in the Plan.

14.      "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

and information in Your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, social media posts, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as õincluding,ö this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as õincluding without limitationö) and in no way limits or narrows the scope of any Request for Production. õDocumentsö always includes Communications, whether so stated in a particular Request for Production or not.

15.    õFirmö means each known Attorney representing holders of Abuse Claims.

16.    õFuture Abuse Claimö shall have the meaning ascribed to that term in the Plan.

17.     "Future Claimants' Representative" or "FCR" means James L. Patton, Jr., the legal representative appointed in these Chapter 11 Cases for holders of Future Abuse Claims and any attorneys, representatives, consultants, advisors or anyone acting on his behalf.

18.     "Hartford" means Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company, and any attorneys, representatives, consultants, advisors or anyone acting on their behalf.

19.     "KCIC" means KCIC, LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

20.      "Plan" means the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443] (as may be modified, amended, or supplemented from time to time).

21.     "Plan Supplement" shall have the meaning ascribed to that term in the Plan.

22.     "Restructuring Support Agreement" shall have the meaning ascribed to that term in *Debtors' Motion for Entry of an Order, Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, (I) Authorizing the Debtors to Enter into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* [Docket No. 5466, Ex. 1].

23.     "Settlement Trust" shall have the meaning ascribed to that term in the Plan.

24.     "Settlement Trustee" shall have the meaning ascribed to that term in the Plan.

25.     "TCJC" means The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole, including any affiliates, personnel, attorneys, representatives, consultants, advisors or anyone acting on its behalf.

26.     "TCJC Settlement Agreement" shall have the meaning ascribed to the that term in the Plan.

27.     "Trust Distribution Procedures" or "TDPs" shall have the meaning ascribed to the that term in the Plan.

28.     The terms "You" or "Your" and variants thereof mean the "Coalition" and any attorneys, representatives, consultants, advisors or anyone acting on Your behalf.

29.     Any capitalized terms not defined herein shall be given their meaning under the Plan.

### Rule 30(b)(6) Deposition Topics

1.     Any current claim based on Abuse against any Local Council and/or Chartered Organization.

2.     Communications between any claimant, on the one hand, and BSA or any Local Council, on the other hand, Concerning any Abuse Claim.

3.     Communications with any Chartered Organization or Local Councils Concerning any allegation or claim that a Chartered Organization or Local Council has responsibility or liability for pre-Petition claims of sexual abuse.

4.     Your analyses of Abuse Claims, Indirect Abuse Claims, Future Abuse Claims, or any other potential claims based on Abuse.

5.     Any analysis of whether Abuse Claims are valid, or other assurances from any Attorney that the Abuse Claims are valid, before submitting a Master Ballot.

6.     Any assessment, testing, or other work undertaken by You to verify the validity of the allegations made in the proofs of claim, both collectively and individually.

7.      The TDPs and/or Settlement Trust, including (i) the tiers, (ii) the value of each tier, and/or (iii) the Scaling Factors, and (iv) any discretion granted, or to be granted under the Plan and/or TDPs to the Settlement Trustee.

8.      All prior iterations of the TDPs.

9.      All prior iterations of the Settlement Trust.

10.      Your evaluation or assessment of the claims and claims values Concerning the TDPs and/or the Settlement Trust.

11.      The Abuse Claims values identified in the TDPs, including the values of claims described in the Claims Matrix for Direct Abuse Claims, as defined by the Plan.

12.      Any analysis of the actual or potential liability of the Debtors for Abuse Claims.

13.      The Debtors' liquidation analysis.

14.      Any Communications Concerning the Settlement Trust, including all Communications between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, other Protected Parties, and Limited Protected Parties related thereto.

15.      The selection of the Settlement Trustee.

16.      Any Abuse Claims asserted or alleged against TCJC.

17.      The Plan, including prior iterations.

18.      The Plan Supplement, or any portion of the Plan Supplement, including the Document Agreement.

19.      Any request that anyone support a motion, application, or inclusion of a provision in the Plan and/or the Restructuring Support Agreement that calls for the payment of money to

any of the Coalition's professionals or lawyers, including Brown Rudnick LLP, for its fees and/or costs.

20.    Your document retention policies and practices, including but not limited to the period over which You retain electronic communications.

21.    Any directive or instruction given by You or anyone else to Brown Rudnick or other Coalition member-firm lawyers and staff directing them to retain documents Concerning the Debtors and these Chapter 11 Cases.

22.    Any Communications between You, on the one hand, and BSA, the FCR, any Local Council, Chartering Organization, or State Court counsel, on the other hand, Concerning the impact or effect of the Plan, Article IX.A.3.a – Article IX.A.3.t.

23.    The value of the Expedited Distribution amount within the Plan, including how such value was determined.

24.    The Coalition's bylaws or governance procedures.

Dated: November 23, 2021

Respectfully submitted,

*/s/ Bruce W. McCullough*
BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:     bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:     konrad.krebs@clydeco.us

- and –

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*

COZEN O'CONNOR

/s/ Marla S. Benedek
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001

Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company
and Endurance American Specialty Insurance
Company*

*/s/ Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
mcclambc@ballardpshar.com

-and-

Harry Lee*
John O¢Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted *pro hac vice*)

*Attorneys for Clarendon America Insurance
Company, Maryland Casualty Company, Maryland
American General Group, and American General
Fire & Casualty Company*

**MORRIS JAMES LLP**

*/s/ Carl Kunz, III*
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800

Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

- and –

/s/ Margaret M. Anderson
Margaret M. Anderson, Esq. (pro hac vice)
Ryan T. Schultz (pro hac vice)
Adam A. Hachikian (pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
        rschultz@foxswibel.com
        ahachikian@foxswibel.com

*Counsel for Old Republic Insurance Company*


SEITZ, VAN OGTROP & GREEN, P.A.

/s/ R. Karl Hill
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-


Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-


Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO PC
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Counsel for Liberty Mutual Insurance Company*


   */s/ Michael J. Joyce*
Michael J. Joyce, Esquire (No. 4563)
**JOYCE, LLC**
King Street, Suite 800
Wilmington, DE 19801
 (302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
**COUGHLIN MIDLIGE & GARLAND, LLP**
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

            -and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
**CARRUTHERS & ROTH, P.A.**
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

POST & SCHELL, P.C.

*/s/ Paul Logan*
Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

IFRAH PLLC
George R. Calhoun (*pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company*


FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

-and-

GIBSON, DUNN & CRUTCHER LLP

Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
         jhallowell@gibsondunn.com
         kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*


TROUTMAN PEPPER HAMILTON SANDERS
LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:      302.777.6500
Facsimile:      302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:      404.885.3000
Facsimile:      404.885.3900

-and-

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:       202.756.8228
Facsimile:       202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*


TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:       302.777.6500
Facsimile:       302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:       404.885.3000
Facsimile:       404.885.3900

-and-

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
500 West Madison Street
Suite 1000
Chicago, IL 60661

Telephone:  312.281.0295

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*


Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, Delaware  19899
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC  20006
Phone: (202) 719-7000
E-mail:  gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*