# Exhibit B

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement ("Agreement") is made as of the last date written on the signature pages hereto, by and between Angela Shumway, individually and as natural mother and court-appointed conservator on behalf of minor Joel Shumway ("Claimant") and Crossroads of the West Council f/k/a Trapper Trails Council, Boy Scouts of America, The Church of Jesus Christ of Latter Day Saints, Travis Harvey, and Tad Lloyd (the "BSA" and, together with Claimant, the "Parties").  This Agreement settles all claims of Claimant against the BSA and the other Releasees (as defined below). This Agreement is intended to memorialize the terms of the settlement.

WHEREAS, on September 11, 2019 Claimant, adult Scout leaders, and a group of Scouts were participating in an activity in Syracuse, Utah;

WHEREAS, Claimant was injured while participating in this activity;

WHEREAS, Claimant has alleged economic and non-economic damages as a result of his injuries;

WHEREAS, the Parties have agreed to a settlement of the Claims and any and all disputes between them;

NOW THEREFORE, in consideration of their mutual promises and other good and valuable consideration, the sufficiency of which is hereby acknowledged by Claimant, on behalf of himself and the Claimant Parties, the Parties agree as follows:

**Effective Date**

1. This Agreement shall become effective only upon: (a) entry of an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1521, (i) approving this Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure and

(ii) authorizing payment of the Settlement Amount (as defined below) to Claimant; (b) such order having become final and non-appealable (the "Effective Date"); and (c) appointment of a conservator and approval of the settlement by an Arizona trial court. If no such orders are entered, and in the case of the bankruptcy court approval if the order has not become final and non-appealable on or before December 31, 2021, this Agreement shall be null and void.

**Settlement Terms**

2. The BSA, by and through the insurers outlined below, agrees to pay Claimant the sum of Two Million Fifty-Thousand Dollars ($2,050,000.00) (the "Settlement Amount") within thirty (30) days of the Effective Date, in full and final satisfaction of the Claims and any and all disputes between Claimant and the BSA. The Settlement Amount will be funded as follows:

   a. Bear River Mutual Insurance Company will pay $306,000;
   b. Philadelphia Insurance Company will pay $1,000,000; and
   c. Markel Insurance Company will pay $744,000.

3. In consideration for the payment of the Settlement Amount, Claimant agrees to withdraw the Claims with prejudice and without costs and provide the releases set forth below. Claimant further agrees that he will refrain from publicly or privately directing any disparaging or defamatory remarks toward, or complaints about, the BSA or its administrators, current or former employees or volunteers, in their capacities as such. Likewise, the BSA will refrain from publicly or privately directing any disparaging or defamatory remarks toward, or complaints about, Claimant.

**Release**

4.  In exchange for payment of the Settlement Amount, Claimant, on behalf of himself and his agents, heirs, relatives, assigns, parents, beneficiaries, third-party beneficiaries, and attorneys (collectively, the "Claimant Parties"), hereby irrevocably and unconditionally releases, acquits, and forever discharges the BSA, its predecessors, affiliates, parents, subsidiaries, managing agents, volunteers, servants, consultants, agents, independent contractors, employees, officers, directors, attorneys, representatives, insurers, insurance carriers, and all persons acting by, through, under, or in concert with any of them, and each of their respective heirs, successors, and assigns (the foregoing persons and entities, hereinafter collectively referred to as "Releasees"), or any of them, from any and all claims, including, without limitation, the Claims, as well as any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, damages, actions, suits, rights, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), or demands of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, any claims that Claimant had, has, or may have, known or unknown, in connection with any facts, matters, property, transactions, or things between all Parties and between Claimant and the Releasees, including but not limited to, anything arising from, relating to, or in connection with the matters set forth in the Claims and this Agreement.

**General Release**

5.  It is understood and agreed that this is a full, complete and final general release of any and all claims held by Claimant against the Releasees and that Claimant, on behalf of himself and the Claimant Parties, agrees that the foregoing release applies to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action

against the Releasees, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed. It is specifically understood that Claimant will release all underinsured motorist claims of any kind related to any auto insurance policies insuring Claimant at the time of the subject accident.

**Disclaimer of Liability**

6. The Parties expressly agree and acknowledge that this Agreement is not to be construed as an admission of liability or wrongdoing by any Party, but is entered into in compromise of disputed claims. The Parties agree that neither this Agreement nor any part hereof shall be considered an admission of liability or wrongdoing by the Releasees (or any of them).

**Dismissal of Action**

7. Releasor authorizes and instructs her attorneys of record in the Lawsuit to promptly sign and file with the Court, within seven (7) days of receiving the Settlement Funds, a request for dismissal of the lawsuit *Shumway, et al. v. Trapper Trails Council, et al.*, Case No. 210700773, Second District Court, Davis County, State of Utah, with prejudice and without costs to any Party.

**Indemnification and Payment of Medical Liens/Bills**

8. Claimant understands that certain claims or liens may exist or may arise in the future because of insurance payments, Medicare/Medicaid payments, or other benefits paid or to be paid on her behalf as a result of the Claim. These benefits may include but are not limited to outstanding medical bills, medical, hospital, wage, Medicare/Medicaid, property damage, uninsured motorist insurance and underinsured motorist insurance benefits, PIP/Medpay benefits, and other insurance benefits or payments or claims. As further consideration of the payment made herein, Claimant agrees to pay, resolve, or otherwise fully satisfy all such claims, entitlements, or

liens, and to indemnify and hold harmless the parties released hereunder from all such claims, entitlements or liens and all costs and fees, including legal fees, that may incur in defending or settling such claims.

Claimant specifically agrees to provide a final payoff letter relating to Medicaid liens on this case prior to payment of funds by the BSA's insurers.

**Confidentiality**

9. It is specifically understood, agreed, and made part of this Agreement that the Claimant, the Claimant Parties, and their attorneys shall not comment on any aspect of the Agreement or its terms and conditions to any member of the news media. If any member of the news media inquiries of the Claimant Parties regarding the resolution of the Claims, the agreed upon response is that "the Claims are settled." This paragraph is intended to become part of the consideration for the settlement of the Claims.

**Joint Drafting**

10. Each of the Parties has joined in and contributed to the drafting of this Agreement and each of the Parties agrees that there shall be no presumption favoring or burdening any Party based upon draftsmanship.

**Authorization**

11. With the exception of the BSA's requiring Bankruptcy Court and Arizona Court approval of its entry into this Agreement, the Parties expressly warrant and represent that the execution of this Agreement is fully authorized by each of them; that the person or persons executing this Agreement have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions, or negotiations to which any of them are a party that would render this Agreement or any part thereof void, voidable, or unenforceable.

**Applicable Law**

12. This Agreement shall be interpreted in accordance with the laws of the State of Utah, without reference to conflict of law principles.

**Counterparts**

13. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**Complete Agreement**

14. This is the entire agreement between the Parties. This Agreement may not be modified in any manner except in writing by Claimant and authorized executives of the Defendant. The Parties acknowledge that they have not made any representations or promises to each other than those contained in this Agreement.

15. The Parties warrant that they have entered this Agreement voluntarily and of their own accord without reliance on any inducement, promise, or representation by any other party, except those which are expressly set forth in this Agreement.

**Attorneys' Fees, Costs, and Expenses**

16. Each Party will bear their own attorneys' fees, costs, and expenses of this litigation, the preparation and execution of this Agreement, and all other matters related to the Claims.

**Severability**

17. If any paragraph or clause hereof shall be held invalid or unenforceable in any jurisdiction, then the meaning of such paragraph or clause shall be construed so as to render it enforceable to the extent permissible. If no permissible interpretation would save such paragraph

or clause, it shall be severed from these terms and conditions and the remainder shall remain in full force and effect.

**Voluntary Agreement**

18. The Parties warrant that they have carefully read this Agreement, know its contents, and freely and voluntarily agree to all of its terms and conditions. Each Party warrants that it has obtained and utilized the advice of counsel with regard to this Agreement.

(a) The Parties have read this Agreement;

(b) The Parties have been represented by legal counsel of their own choice in the preparation, negotiation and execution of this Agreement;

(c) The Parties understand the terms and consequences of this Agreement and of the release and waivers and it contains;

(d) The Parties have not relied upon any representations or statements made by the other Party that are not specifically set forth in this Agreement; and

(e) The Parties are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

                     _____
Angela Shumway, individually and as natural mother and court-appointed conservator on behalf of minor Joel Shumway

Date: _____

BOY SCOUTS OF AMERICA

By: _____

Printed Name: _____

Its: _____

Date: _____

CROSSROADS OF THE WEST COUNCIL F/K/A TRAPPER TRAILS COUNCIL

By: _____

Printed Name: _____

Its: _____

Date: _____

THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS

By: _____

Printed Name: _____

Its: _____

Date: _____

_____
Travis Harvey

Date: _____

_____
Tad Lloyd

Date: _____

9