

1105 NORTH MARKET STREET
SUITE 901
WILMINGTON, DELAWARE 19801

MAILING ADDRESS:
P.O. BOX 1380
WILMINGTON, DE 19899-1380

JOSEPH GREY
JGREY@CROSSLAW.COM
(302) 777.4200, EXT. 110

November 24, 2021

**VIA CM/ECF & HAND DELIVERY**
The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

> Re:     *Boy Scouts of America and Delaware BSA, LLC*
> *Bankr. D. Del. Case No. 20-10343 (LSS)*
> *(D.I. No. 7239)*

Dear Judge Silverstein:

We write on behalf of the AVA Law Group, Inc. in opposition to the letter filed by Certain Insurers' seeking to compel Kosnoff Law Firm, PLLC, AVA Law Group, Inc., Napoli Shkolnik, PLLC, Krause & Kinsman Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP to respond to document requests and interrogatories (D.I. 7239, or the "Motion to Compel"). Other parties have filed letters with the Court in opposition to the Motion to Compel. (See, D.I. 7332, 7328, 7337, 7334, 7335, 7345). In the interest of efficiency, we incorporate responses by this reference.

**Preliminary Statement**

The Motion to Compel was filed on November 15, 2021 and scheduled for an immediate hearing without any notice to any of the affected parties. Its main thrust was to seek a ruling to the effect that counsel for parties to this case are to be deemed "parties" subject to discovery rules. AVA Law Group and its principal, Andrew Van Arsdale, Esquire have taken the position since early October that they are not parties, so they must be served with subpoenas pursuant to Federal Rule of Civil Procedure 45, rather than discovery requests.

Just today, the day before Thanksgiving, shortly before the deadline for the undersigned to respond to the Motion to Compel expires, and *after an initial hearing was already held on the Motion to Compel,* the movants (the "Certain Insurers") purported to serve AVA Law Group and Mr. Van Arsdale with subpoenas. (See Exhibit A.) They thus have tacitly conceded that the

Motion to Compel is moot. Moreover, as discussed below, for months now, the movants have engaged in a nationwide effort to make this case as expensive and inconvenient for AVA Law Group and Mr. Van Arsdale as possible, even at the expense of wasting this Court's valuable time. The Motion to Compel has no merit and the Certain Insurers tactics should be seen for what they are – vexatious.

**Additional Background**

On October 5, 2021, before any of the discovery implicated in the Motion to Compel was propounded, Century Indemnity Company served subpoenas on AVA Law Group and Mr. Van Arsdale. Copies of those subpoenas are attached as Exhibits B and C to this letter. As the Court can see, those subpoenas were issued from the United States Bankruptcy Court for the Southern District of California (AVA Law Group and Mr. Van Arsdale are both domiciled in that District.) AVA and Mr. Van Arsdale retained counsel and responded in writing to both subpoenas on October 15, 2021. They also offered to meet and confer with counsel for Century Indemnity. To put it kindly, Century Indemnity has been less than diligent in pursuing this matter in California.

Just last week, counsel for Century Indemnity said that they intended to issue discovery requests (not subpoenas) and/or file a motion to transfer their subpoenas to Delaware. On November 18, 2021, they filed a Notice of Mr. Van Arsdale's deposition in this Court (D.I. 7346). However, as of this writing and to the best of undersigned counsel's knowledge, Century Indemnity's counsel has neither filed a motion to transfer nor withdrawn its two subpoenas.

Also relevant is that Century Indemnity issued another subpoena to Reciprocity Industries under the authority of the United States District Court for the District of Montana on or about September 10, 2021. Reciprocity is affiliated with the AVA Law Group. When efforts to meet and confer failed to lead to an agreement, attorneys for Reciprocity filed a motion to quash. Century Indemnity asked for a thirty-day extension of time to respond to that motion to quash. Then, more recently, they filed a motion seeking to transfer that subpoena to this District. Not surprisingly, the federal district court in Montana denied the request for expedition.

On October 8, 2021, a group calling themselves "Certain Insurers" served Interrogatories and Requests for Production of Documents upon this Firm seeking discovery from AVA Law Group. It is these requests that form the basis of the Motion to Compel. The "Certain Insurers" include Century Indemnity.

As noted above, the Certain Insurers' latest stunt was to reissue the same subpoenas they filed in California, only this time with this Court named in the caption. This was done at a time obviously calculated to be inconvenient for undersigned counsel. More importantly, the Court has scheduled a hearing on the Motion to Compel on the Monday after Thanksgiving – the same day the subpoenas noticed for Mr. Van Arsdale's deposition. With the filing of the latest subpoenas, Certain Insurers tacitly concede that the issue of whether AVA Law Group in a "party" under the discovery rules is moot. Yet they have done nothing to reduce the burden their Motion to Compel has put on others or the Court – in fact they have only increased such burdens.

One reading the Motion to Compel might fairly conclude that the California subpoenas and the Delaware discovery requests were promulgated by completely different entities; but that conclusion would be incorrect.  In fact, Century Indemnity is one of the Certain Insurers.  Some or all of the Certain Insurers joined in the Motion to Compel.  (See Motion to Compel, Ex. 1.)  Thus, the Certain Insurers' tactics are part of a coordinated plan to harass claimants' counsel.  These tactics should not be rewarded by this Court.

In sum, at present AVA Law Group, Mr. Van Arsdale, and their affiliate are subject to five different subpoenas in three far-flung federal courts, as well as interrogatories, requests for production and a notice of deposition issued in these proceedings.  And the Tort Claimants Committee purported to issue a duplicative subpoena on Reciprocity out of this Court and tried to serve it in Delaware.[1]  The Certain Insurers have not indicated that they would be willing to coordinate discovery requests with each other or share the information produced.  AVA Law Group and Mr. Van Arsdale are thus faced with a group of well-funded insurers who apparently intend to maintain a nationwide campaign of duplicative discovery.[2]

**Argument**

The Motion to Compel seeks to enforce discovery requests made on a non-party.  For the reasons already stated by other parties opposing the Motion to Compel, neither AVA Law Group nor Mr. Van Arsdale are parties to this case.  They have not asserted claims against the Debtors – as the Certain Insurers know full well, they represent victims of abuse.  Therefore, instead of issuing discovery requests, the Certain Insurers should have issued subpoenas.  In the case of AVA Law Group, Mr. Van Arsdale and reciprocity, the Certain Insurers appear to have reached the same conclusion.  Before any of the discovery requests were issued under this Court's caption, the Certain Insurers served subpoenas in California and Montana pursuant to Federal Rule of Civil Procedure. 45.

Not only was the issuance of discovery unauthorized by the rules, but the Certain Insurers seem to be trying to make discovery as difficult and expensive as possible for AVA Law Group and Mr. Van Arsdale as possible.  They appear to believe that they can take simultaneous, duplicative discovery in multiple fora across the country.  This approach risks an incredible waste of judicial resources throughout the country, in addition to the prospect of inconsistent judgments.

Furthermore, the Certain Insurers' conduct demonstrates that they agree with the position AVA Law Group have taken all along.  The Certain Insurers initially chose to serve subpoenas on AVA Law Group and Mr. Van Arsdale in California—a jurisdiction that is perfectly capable of providing timely justice to the Certain Insurers.  If they claim that they may not be able to get a ruling from the federal courts of California, then AVA Law Group and Mr. Van Arsdale have two

---

[1] Reciprocity is not a party in this case.  It is an entity formed under Montana law and operating in that State.  It cannot be served in Delaware.

[2] The Motion to Compel's description of what the Certain Insurers offered to AVA Law Group is not correct.  (Motion to Compel, Decl., par. 6.  Those discussions were expressly conducted pursuant to F.R.E. 408 and therefore it was not proper for the Certain Insurers to discuss them.  Nevertheless, since they opened the door, a copy of the actual offer made is attached as Exhibit C.

responses. First and foremost, they should have pursued enforcement of the subpoenas with more diligence.  Second, the Certain Insurers should not invite this Court to overlook principals of comity and interfere with a proceeding before a federal court of competent jurisdiction.

Alternatively, now that the Certain Insurers have purported to issue their own subpoenas, the central issue of the Motion to Compel is moot.  AVA Law group and Mr. Van Arsdale will respond to those subpoenas at an appropriate time.

Accordingly, we respectfully request that the Motion to Compel be denied, at least with respect to AVA Law Group and Mr. Van Arsdale.

Respectfully submitted,

*/s/ Joseph Grey*

Joseph Grey (No. 2358)

cc:    All Interested Parties via CM/ECF