# EXHIBIT A

## Joseph Grey

**From:** Halstead, Ellen <EHalstead@crowell.com>
**Sent:** Wednesday, November 24, 2021 11:29 AM
**To:** Joseph Grey
**Cc:** Currie, Kelly; Aviad, Nimi; Charles, Andrea; Giffuni, Danielle; Robert Cecil
**Subject:** In re: Boy Scouts of America and Delaware BSA, LLC, No. 20-10343 (LSS) - Andrew Van Arsdale Subpoenas
**Attachments:** BSA Subpoena - Van Arsdale - Deposition.pdf; BSA Subpoena - Van Arsdale - Documents.pdf

Joe,
On behalf of the Zurich Insurers, attached are subpoenas for deposition and document production directed to Andrew Van Arsdale. The subpoena for deposition requests that Mr. Van Arsdale appear for deposition on the same date and time (November 29, 2021 at 9:30 am (Pacific Time)) as we understand Mr. Van Arsdale is appearing in response to a subpoena served on Mr. Van Arsdale by Century Indemnity Company. The subpoena for document production seeks the same documents as does another subpoena served on Mr. Van Arsdale by Century Indemnity Company.

Please let us know if you will accept service of these subpoenas on behalf of Mr. Van Arsdale. Otherwise, we will have them personally served on him.

Thank you,

**Ellen M. Halstead | Crowell & Moring LLP**
590 Madison Avenue | 20th Floor | New York, NY 10022
T: +1 212.530.1892 | C: +1 917.526.2478
EHalstead@crowell.com | www.crowell.com

**Privileged and Confidential • Attorney-Client Communication • Attorney Work Product**
This message contains privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT.
Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail.
Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Boy Scouts of America and Delaware BSA, LLC,
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 20-10343 (LSS)

Chapter 11

Plaintiff
v.

Defendant

Adv. Proc. No. ______________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Andrew Van Arsdale, 2044 San Diego Avenue, San Diego, CA 92110-2111
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| The Pendry Hotel<br>550 J Street, San Diego, CA 92101 | November 29, 2021 at 9:30 am (Pacific Time) |

The deposition will be recorded by this method:
Stenographic, audiographic and videotaped means

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/24/2021

CLERK OF COURT

OR

______________________ /s/ Kelly T. Currie
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Zurich Insurers, who issues or requests this subpoena, are: Kelly T. Currie, Crowell & Moring LLP, 590 Madison Avenue, 19th Fl., New York, NY 10022, (212) 223-4000, kcurrie@crowell.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
________________________________________________________________________
______________________________ on (*date*) ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Boy Scouts of America and Delaware BSA, LLC
Debtor

Case No. 20-10343 (LSS)

(*Complete if issued in an adversary proceeding*)

Chapter 11

______________________
Plaintiff
v.

Adv. Proc. No. ______________

______________________
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Andrew Van Arsdale, 2044 San Diego Avenue, San Diego, California 92110-2111
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All Documents and Communications set forth on Exhibit 1, attached hereto.

| PLACE The Pendry Hotel<br>550 J Street, San Diego, CA 92101<br>Attn: Kelly T. Currie, (212) 223-4000, kcurrie@crowell.com | DATE AND TIME<br>November 29, 2021 at 9:30 am (Pacific Time) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/24/2021

CLERK OF COURT

OR

______________________
*Signature of Clerk or Deputy Clerk*

/s/ Kelly T. Currie
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Zurich Insurers, who issues or requests this subpoena, are: Kelly T. Currie

Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022-2524, (212) 223-4000, kcurrie@crowell.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________________________________
____________________ on *(date)* __________ ; or

☐ I returned the subpoena unexecuted because: ____________________
____________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**

**DEFINITIONS**

For the purposes of this Subpoena and these Requests for Production, the following Definitions shall apply:

1. The words "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. "2019 Statement" means the *Verified Statement of Abused in Scouting Pursuant to Rule of Bankruptcy Procedure 2019* (Dkt. No. 5917).

3. "Abuse Claim" means a liquidated or unliquidated claim against the Debtors that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, alleged sexual abuse that occurred prior to the petition date, including any such claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based on misrepresentation, concealment, or unfair practice, public or private nuisance, or any other theory, including any theory based on public policy or any act or failure to act by the Debtors or any other person for whom the Debtors are alleged to be responsible.

4. "Abused in Scouting" or "AIS" means the cooperative effort by AVA Law Group, Eisenberg Rothweiler, and Kosnoff Law in these Chapter 11 Cases, as described in the 2019

Statement, including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

5. The term "AVA Law Group" means AVA Law Group, Inc. including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

6. "Brown Rudnick" means Brown Rudnick LLP including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

7. The term "Chapter 11 Cases" means the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, jointly administered under Case No. 20-10343 (LSS).

8. "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive possession, control, or custody or in the possession, control, or custody of any current or former affiliates, representatives or advisors.

9. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

10. "Debtors" means Boy Scouts of America and Delaware BSA LLC, collectively and individually, as context requires and to encompass as broadly as possible responsive documents from Boy Scouts of America and Delaware BSA LLC, and each of their attorneys.

11. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

12. "Eisenberg Rothweiler" means Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

13. "Kosnoff Law" means Kosnoff Law, PLLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

14. The term "Master Ballot" shall have the meaning provided in the *Debtors' Revised Proposed Solicitation Procedures Order* [Docket No. 6420-1] (as it may be modified, amended, or supplemented from time to time).

15. The term "Omni Agent Solutions" means Omni Agent Solutions, Inc. including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

16. The term "Reciprocity Industries" means Reciprocity Industries, LLC including its individual members and any attorneys, representatives, consultants, advisors or anyone acting on its behalf.

17. "You" or "Your" means the person on whom this discovery is served.

**INSTRUCTIONS**

For the purposes of this Subpoena and these Requests for Production, the following Instructions shall be followed:

1. The preceding Definitions apply to each of the Requests. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan and/or Disclosure Statement.

2. The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3. These Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4. You are required to produce all Documents and all other materials described below that is in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

5. You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

6. Documents not otherwise responsive to these Requests should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

7. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, mediation privilege, or any other claimed privilege or exemption from production, then in answer to such Request or part thereof, for each such Document, You must:

a. Identify the type, title and subject matter of the Document;

b. State the place, date, and manner of preparation of the Document;

c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d. Identify the legal privilege(s) and the factual basis for the claim.

9. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege, mediation privilege, and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10. To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

11. If any part of the Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

12. If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of

any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

13. If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## MANNER OF PRODUCTION

1. All Documents produced to the Propounding Insurers shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2. Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably

structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3. Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Propounding Insurers, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4. Emails and Attachments, and Other Email Account-Related Documents: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including, but not limited, to Microsoft ExchangeTM, Lotus NotesTM, or Novell GroupwiseTM shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Propounding Insurers.

5. Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Propounding Insurers to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a. XML format file(s);

b. Microsoft SQL database(s);

c. Access database(s); and/or

d. fixed or variable length ASCII delimited files.

6. Spreadsheets, Multimedia, and Non-Standard File Types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. "Other" Electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each

Document shall be provided as a multi-page text file as provided for by these Requests for Production.

**REQUESTS FOR PRODUCTION**

1. All Communications or Documents exchanged between or among Kosnoff Law, AVA Law Group, or Eisenberg Rothweiler Concerning the agreement to represent clients through Abused in Scouting as described in paragraph 2 of the 2019 Statement.

2. All Communications between or among You, AVA Law Group, Kosnoff Law, or Eisenberg Rothweiler Concerning the television advertising for potential Boy Scouts of America and/or Delaware BSA LLC sexual abuse victims.

3. All Documents or Communications between or among You, AVA Law Group, Kosnoff Law, or Eisenberg Rothweiler Concerning the potential use of a Master Ballot in these Chapter 11 Cases.

4. All Communications with (a) the Debtors, (b) Reciprocity Industries, or (c) any other third party vendor Concerning Abuse Claims.

5. All Communications between or among You, AVA Law Group, Kosnoff Law, or Eisenberg Rothweiler Concerning the review and signing process.

6. Any other documented Communications between or among You, AVA Law Group, the Debtors, Kosnoff Law, or Eisenberg Rothweiler Concerning the events detailed in the 2019 Statement.

7. All Documents and Communications that You exchanged with Omni Agent Solutions Concerning the use of Master Ballots for persons alleging Abuse Claims against the Debtors who are clients of Abused in Scouting, AVA Law Group, Eisenberg Rothweiler, and/or Kosnoff Law.

8. All Documents and Communications that You exchanged with Eisenberg Rothweiler Concerning these Chapter 11 Cases or the Abuse Claims asserted against the Debtors.

9. All Communications between You and anyone representing the Boy Scouts of America and/or Delaware BSA LLC pre-petition and/or the Debtors post-petition Concerning the Abuse Claims asserted against the Debtors.

10. All Communications between You and any lawyer at Brown Rudnick Concerning these Chapter 11 Cases, including but not limited to David Molton.

11. All Documents Concerning the sale, transfer, or granting of a lien in any portion of the recovery to be made for an Abuse Claim asserted against the Debtors.