# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | |
| *Boy Scouts of America and Delaware BSA, LLC* | Chapter 11 |
| Debtors. | Case No. 20-10343 (LSS) |

**NATIONAL CAPITAL AREA COUNCIL OF THE BOY SCOUTS OF AMERICA'S**
**RESPONSES AND OBJECTIONS TO CENTURY INDEMNITY COMPANY'S**
**SUBPOENA DUCES TECUM**

The National Capital Area Council of the Boy Scouts of America ("NCAC") hereby

responds and objects to Century Indemnity Company's Subpoena Duces Tecum (the "Subpoena")

served by Century Indemnity Company ("Century") on or about October 8, 2021.

**GENERAL OBJECTIONS**

1.      In making these responses and objections to the Requests for Production in the

Subpoena (the "Requests," and individually each is a "Request"), NCAC does not in any way

waive or intend to waive, but rather intends to preserve and is preserving:  (a) all objections as to

competence, relevance, materiality, privilege and admissibility of any responses and/or

information provided; (b) all rights to object on any ground to the use of any of these objections,

responses and/or information provided, in any subsequent proceedings; and (c) all rights to

object on any grounds to any requests for further responses to these (or any other) document

requests or discovery requests.

2.      NCAC objects to any and all Requests that require NCAC to undergo the undue

burden of producing certain documents that could be obtained from other sources, including the

1

Debtors.  NCAC further objects to the Requests to the extent that they seek production of certain documents that are already available through the Debtors' data site, to which Century already has access.  To the extent that NCAC is aware that the documents requested are available through the Debtors' data site, it will not endeavor to produce them.

3.      NCAC's failure to object to a Request shall not be construed as an admission or representation that any responsive information exists or that, if such information exists, it is non-privileged.  NCAC's failure to object to a Request on a particular ground or grounds shall not be construed as a waiver of NCAC's right to object on that or any other additional ground.  NCAC reserves the right to assert additional objections to these Requests as appropriate and to supplement these objections.

4.      NCAC objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense doctrine, mediation privilege, or any other applicable rule, doctrine, privilege or immunity or protection from discovery (whether based upon statute, rule, or common law).  NCAC will not disclose such information, and any disclosure of information so protected is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity, pursuant to Federal Rule of Evidence 502 and otherwise.  In particular, NCAC notes that it is party to a Joint Defense Agreement by and among NCAC, the Ad Hoc Committee of Local Councils and the National BSA and that certain documents and communications among the parties above may be privileged to the extent they are made in furtherance of such parties' common interests.

5.      NCAC objects to the Requests as imposing undue burden to the extent that they seek production of certain documents that could be obtained from other sources, including the

Debtors.  NCAC further objects to the Requests to the extent that they seek production of certain documents that are already available through the Debtors' data site, to which Century already has access.  To the extent that NCAC is aware that the documents requested are available through the Debtors' data site, it will not endeavor to produce them.

6.       A statement by NCAC that it will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any responsive information or documents are within NCAC's possession, custody or control, or that, if such information exists, it is non-privileged.

7.       All of NCAC's objections are continuing throughout the responses to the specific Requests set forth below, even when not further referred to in said responses.  The objections set forth in the above-numbered paragraphs are incorporated in each response set forth below.

8.       NCAC reserves its rights under Bankruptcy Rule 9016, including the right to require any enforcement of the Subpoena before the United States District Court for the District of Maryland (the "NCAC's District Court").  If Century believes that the responses provided herein are inadequate or incomplete, NCAC requests that Century set out in writing its basis for such assertion and that NCAC and Century meet and confer prior to Century taking any steps to seek to enforce the Subpoena before the NCAC's District Court.

9.       NCAC objects to the Requests as improper to the extent they purport to require production of documents on or before October 18th.  To the extent that NCAC agrees to produce documents, it will endeavor to do so in accordance with the timeline set forth in the Scheduling Order [D.I. 6528].

10.     NCAC objects to the Requests as vague, ambiguous and unduly burdensome insofar as they do not specify or provide a range of dates for documents and other communications that they purport to require NCAC to produce.  Unless otherwise indicated, NCAC will not produce documents or other communications that arose on or prior to February, 18, 2020, the date that the Debtors commenced their Bankruptcy Cases.

11.     Any production made in response to any Request shall be subject to, and governed by, the terms of the Confidentiality and Protective Order [Dkt. No. 799].  For the avoidance of doubt, NCAC shall be considered a "Producing Party," and Century shall be considered a "Receiving Party," as defined therein.

12.     NCAC submits these Responses and objections without waiving any objections it may have regarding the relevance, materiality, competency, or authenticity of the subject matter of any Request, document request, document or information provided, and without implying that any of the information or documents requested in fact exist or are within NCAC's knowledge, possession, custody, or control.

13.     NCAC, in making its specific Responses, incorporates its general objections into each response to each individual Request as though fully set forth therein.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Document Request No. 1**:  All Documents provided to Your Council Executive Board, Council Executive and/or any Special or Advisory Council Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse.

**Response to Document Request No. 1**:  NCAC objects to this Request as overbroad and unduly burdensome because it asks NCAC for "all" documents concerning the Chapter 11 Cases, "any" Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement and/or the Abuse Claims asserted in the POCs in these Chapter 11 cases, without regard to the relevance of that information to this case. NCAC further objects to this Request as the documents requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization.  Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 2**:  All Documents provided to Your Council Key 3 Concerning the Chapter 11 Cases, any Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

**Response to Document Request No. 2**:  NCAC objects to this Request as overbroad and unduly burdensome because it asks NCAC for "all" documents concerning the Chapter 11 Cases, "any" Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement and/or the Abuse Claims asserted in the POCs in these Chapter 11 cases, without regard to the relevance of that information to this case. NCAC

further objects to this Request as the documents requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization.  Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 3**:  All minutes of Your Council Key 3 Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

**Response to Document Request No. 3**:  NCAC objects to this Request as overbroad and unduly burdensome because it asks NCAC for "all" minutes concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement and/or the Abuse Claims asserted in the POCs in these Chapter 11 cases, without regard to the relevance of that information to this case. NCAC further objects to this Request as the documents requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization.  Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 4**:  All minutes of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs,

the Hartford Settlement Agreement and/or the Abuse Claims asserted in the POCs in these Chapter 11 Cases.

**Response to Document Request No. 4**:  NCAC objects to this Request as overbroad and unduly burdensome because it asks NCAC for "all" minutes concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Hartford Settlement and/or the Abuse Claims asserted in the POCs in these Chapter 11 cases, without regard to the relevance of that information to this case. NCAC further objects to this Request as the documents requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization.  Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 5**:  All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluation the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**Response to Document Request No. 5**:  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents related to this request, without regard to relevance of that information to this case. NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege and attorney work product. NCAC objects to this Request as the documents requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the

documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization.  Subject to and without waiving the foregoing objections, NCAC will produce responsive, non-privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 6:**  All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**Response to Document Request No. 6**:  NCAC objects to this Request as the communications requested have no direct or indirect relationship to any objection that Century has lodged with the Bankruptcy Court in connection with confirmation of the plan of reorganization for which this Subpoena was issued.  Nor are the documents requested reasonably related to any matter that might come before the Bankruptcy Court in connection with the plan of reorganization. NCAC further objects on the grounds that producing "all" documents in response to this request would place an undue burden on NCAC. NCAC also objects to the extent this Request calls for production of documents subject to the attorney-client privilege or work product protection. Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents responsive to this Request, to the extent that they exist.

**Document Request No. 7**:  All Documents (including presentations) and Communications exchanged between the Debtors and members of Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement.

**Response to Document Request No. 7**:  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents (including presentations) and communications related to this request, without regard to the relevance of those communications to this case. NCAC objects to this Request as the documents requested appear to be in the

8

possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.

NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of

documents in the possession of the Debtors. On these bases, NCAC objects to producing any

documents in response to Request No. 7.

**Document Request No. 8**:  All Documents (including presentations) and Communications exchanged between Alverez and Marsal and members of Your Council Executive Board, Council Executive Committee and/or Special or Advisory Council of Your Council Concerning the Chapter 11 Cases, a Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

**Response to Document Request No. 8**:  NCAC objects to this Request as

overbroad and unduly burdensome because it asks NCAC for "all" documents, presentations, and

communications exchanged between Alverez & Marsal and members of Our Council Executive

Board, Council Executive Committee and/or any Special or Advisory Council of Our Council

related to this request, without regard to the relevance of those documents, presentations, and

communications to this case. NCAC further objects to this Request as the documents requested

appear to be in the possession, custody, and control of the Debtors and can be more readily

obtained from the Debtors or Alvarez & Marsal. NCAC believes the documents responsive to this

Request it possesses, if any, are duplicative of documents in the possession of the Debtors.  On

these bases, NCAC objects to producing any documents in response to Request No. 8.

**Document Request No. 9**:  All drafts of term sheets for any Plan of Reorganization for the Debtors.

**Response to Document Request No. 9**:  NCAC objects to this Request as

overbroad and unduly burdensome because it asks NCAC for "all" drafts of term sheets for "any"

Plan of Reorganization for the Debtors, without regard to relevance of those drafts to this case.

NCAC further objects to this Request as the documents requested appear to be in the possession,

custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC

believes the documents responsive to this Request it possesses, if any, are duplicative of documents

in the possession of the Debtors.  On these bases, NCAC objects to producing any documents in

response to Request No. 9.

**Document Request No. 10**:  All Documents Concerning Communications with State Court Counsel, the Coalition, TCC, FCR and/or their counsel Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, Abuse Claims and/or the Hartford Settlement Agreement.

**Response to Document Request No. 10**:  NCAC objects to this Request as

overbroad and unduly burdensome because it seeks "all" documents concerning communications

related to this request, without regard to relevance of those documents to this case. NCAC further

objects to the extent this Request calls for production of documents subject to the attorney-client

privilege     or      work      product,      specifically     with      respect      to

"Communications with *State Court Counsel*, the Coalition, TCC, FCR and/or *their counsel*."

NCAC further objects to this Request as the documents requested appear to be in the possession,

custody, and control of State Court Counsel, the Coalition, TCC, and/or FCR and can be more

readily obtained from one of them.  Each are parties in the Bankruptcy Case. NCAC believes the

documents responsive to this Request it possesses, if any, are duplicative of documents in the

possession of State Court Counsel, the Coalition, TCC, and/or FCR.  Subject to and without

waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged

documents responsive to this Request, to the extent that they exist.

**Document Request No. 11**:  All Documents Concerning any request that You support a motion, application, or inclusion of a provision a Plan of Reorganization for the Debtors that in any way called for or supported the payment of the fees for the Coalition.

**Response to Document Request No. 11**:  NCAC objects to this Request as

unnecessarily overbroad, as several recent versions of the plan have called for payment of the

Coalition's fees.  Furthermore, no version of any Plan of Reorganization for the Debtors has at any

time "called for" or requested the support of NCAC for the payment of the fees of the Coalition. NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, NCAC will provide relevant and non-attorney client privileged documents, to the extent that they exist, that were specifically directed to NCAC and specifically sought NCAC's support of a Plan of Reorganization for the Debtors that includes payment of the Coalition's fees on or before November 5, 2021.

**Document Request No. 12**:  All Documents Concerning the TDPs to be employed with any Plan of Reorganization for the Debtors, including all drafts of the TDPs.

**Response to Document Request No. 12**:  NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of parties other than NCAC, including the Debtors, State Court Counsel, the Coalition, TCC, and/or FCR.  To the extent that they are, NCAC objects to this Request on the basis that it is unduly burdensome and responsive documents can be more readily obtained from one of them.  NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors, State Court Counsel, the Coalition, TCC, and/or FCR. On these bases, NCAC objects to producing any documents in response to Request No. 12.

**Document Request No. 13**:  All Documents and Communications that BSA exchanged with Your Local Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement.

**Response to Document Request No. 13:**  NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC further objects on the grounds that producing documents in response to this Request would place an undue burden on NCAC.  NCAC believes

the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors.  On these bases, NCAC objects to producing any documents in response to Request No. 13.

**Document Request No. 14**:  All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating and/or determining the amount of Your Local Council's contribution to the Settlement Trust.

**Response to Document Request No. 14**:  NCAC objects to the extent this Request calls for production of documents subject to the attorney-client privilege and work product protection. NCAC further objects to this Request as the documents appear to be in the possession, custody, and control of the Ad Hoc Committee of Local Councils ("AHCLC") and can be more readily obtained from AHCLC.  The AHCLC is a party in the Bankruptcy Case.  NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of AHCLC.  NCAC further objects on the grounds that producing documents in response to this Request would place an undue burden on NCAC.  Moreover, NCAC has submitted substantial data concerning its assets, asset restrictions, and similar data to assist the active parties in the Bankruptcy Case to assess NCAC's proposed contribution to the Settlement Trust.  Upon information and belief, those documents have been available to Century.  Responding further, the AHCLC originally provided the amount that NCAC was expected to contribute to the Settlement Trust on June 18, 2021. Subject to and without waiving the foregoing objections, NCAC will produce responsive, non-privileged, and non-duplicative documents generated between June 18, 2021 and November 5, 2021, to the extent that they exist.

**Document Request No. 15**:  All Communications among members of Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council Concerning the amount of Your Local Council's contribution to the Settlement Trust.

**Response to Document Request No. 15:**  NCAC objects to the extent this Request calls for production of communications subject to the attorney-client privilege or work product protection. NCAC further objects to this Request on the grounds that producing documents in response to this request would place an undue burden on NCAC.  Moreover, NCAC has submitted substantial data concerning its assets, asset restrictions, and similar data to assist the active parties in the Bankruptcy Case to assess NCAC's proposed contribution to the Settlement Trust.  Upon information and belief, those documents have been available to Century.  Responding further, the AHCLC originally provided the amount that NCAC was expected to contribute to the Settlement Trust on June 18, 2021. Subject to and without waiving the foregoing objections, NCAC will produce responsive, non-privileged documents generated between June 18, 2021 and November 5, 2021, to the extent that they exist.

**Document Request No. 16**:  All Documents that Your Council Executive Board, Council Executive Committee and/or any Special or Advisory Council of Your Council reviewed and/or relied upon in evaluating and/or determining the amount of Your Local Council's contribution to the Settlement Trust.

**Response to Document Request No. 16:**  NCAC objects to this Request as it is duplicative of Request No. 14.

**Document Request No. 17**:  All Documents authored or generated by Bates White Concerning the POCs, the Debtors, the Abuse Claims against the Debtors, and/or these Chapter 11 Cases.

**Response to Document Request No. 17:**  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents related to this request, without regard to relevance of that information to this case.  NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors or Bates White.  NCAC believes the documents responsive to this Request it possesses are duplicative of documents in the possession of the

13

Debtors.   On these bases, NCAC objects to producing any documents in response to Request No.17.

**Document Request No. 18**:  All Documents Concerning the methodology that was employed to allocate the aggregate contribution by all Local Councils to the Settlement Trust to individual Local Councils including any allocation by percentage or other means of the aggregate contribution to individual Local Councils.

**Response to Document Request No. 18:**  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents related to this request, without regard to relevance of that information to this case. NCAC further objects to this Request as vague and ambiguous as to the Court's use of the term "the methodology", which is not a defined term, and whose plain meaning is subject to multiple interpretations. NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege or work product protection. NCAC further objects to this Request as the documents appear to be in the possession, custody, and control of AHLCL and can be more readily obtained from AHCLC. The AHCLC is a party in the Bankruptcy Case. NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of AHCLC. On these bases, NCAC objects to producing any documents in response to Request No. 18.

**Document Request No. 19**:  All Documents Concerning the calculation and/or determination of the amount of Your Local Council's contribution to the Settlement Trust.

**Response to Document Request No. 19:**  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents related to this request, without regard to relevance of that information to this case. NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege and work product protection. NCAC further objects to this Request as the documents appear to be in the possession, custody, and control of AHCLC and can be more readily obtained from AHCLC. The AHCLC is

a party in the Bankruptcy Case. NCAC believes the documents responsive to this Request it

possesses, if any, are duplicative of documents in the possession of AHCLC.  On these bases,

NCAC objects to producing any documents in response to Request No. 19.

**Document Request No. 20**:  All Documents and Communications that BSA
exchanged with any Chartered Organizations concerning the Chapter 11 Cases, a Plan of
Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the
Hartford Settlement Agreement.

**Response to Document Request No. 20:**  NCAC objects to this Request insofar

as it calls for NCAC to produce documents between NCAC and Chartered Organizations.  NCAC

is not NCAC and is not a Chartered Organization, nor are documents between NCAC and a

Chartered Organization within NCAC's possession, custody, or control.  NCAC therefore objects

on the basis that this Request demands documents outside the scope of permissible discovery from

a third party.  NCAC further objects on the basis that producing "all" documents in response to

this Request would impose an undue burden on NCAC.  On these bases, NCAC objects to

producing any documents in response to Request No. 20.

**Document Request No. 21**:  All Documents and Communications relating to any
agreements between or among the Local Councils, Chartered Organizations and BSA that address
in any way responsibility for defending and/or indemnifying claims by persons alleging injury
arising from a scouting activity asserted against a chartering organization.

**Response to Document Request No. 21:**  NCAC objects to this Request as

overbroad and unduly burdensome because it seeks "all" documents and communications relating

to "any" agreements, without regard to relevance of that information to this case. NCAC further

objects to the extent this Request calls for production of documents and communications subject

to the attorney-client privilege or work product protection specifically pertaining to documents or

communications that "address in any way responsibility for defending and/or indemnifying claims

by persons alleging injury arising from a scouting activity asserted against a chartering

organization. NCAC believes that any documents responsive to this Request it possesses, if any, to which the Debtors are a party are duplicative of documents in the possession of the Debtors. Subject to and without waiving the foregoing objections, NCAC will produce any non-duplicative agreements between NCAC and a Chartered Organization to which the Debtors are not also a party between June 18, 2020 and November 5, 2021.

**Document Request No. 22**:  All Documents Concerning any claim that Chartering Organizations have asserted against Your Local Council for contribution and/or indemnity for Abuse Claims asserted against Chartering Organizations.

**Response to Document Request No. 22:**  NCAC objects to this Request on the grounds that it is overly broad and vague. NCAC further states that producing "all Documents" in response to this Request imposes an undue burden on NCAC and not proportional to the needs of the Bankruptcy Case and NCAC therefore objects on these additional grounds. In response to this Request, NCAC states that it has not received any specific written demand from any Chartered Organization seeking contribution and/or indemnity for Abuse Claims. As a result, NCAC does not have documents responsive to this Request.

**Document Request No. 23**:  All Documents Concerning any claim, assertion, or allegation that Local Councils generally and Your Local Council specifically took on an obligation to defend and indemnify Chartering Organizations for Abuse Claims or other claims through the terms of the annual charter agreements between the Chartered Organizations and Local Councils.

**Response to Document Request No. 23:**  NCAC objects to this Request in that producing "all Documents" in response to this Request imposes an undue burden on NCAC and the Request is not proportional to the needs of the Bankruptcy Case.  NCAC further states that from and since approximately 2014, the agreement between NCAC and Chartered Organizations contains provisions that may require NCAC to defend and/or indemnify Chartered Organizations in particular circumstances.  NCAC states that it will produce exemplars of such agreements on or prior to November 5, 2021 that are in its possession, custody, and control and responsive to

16

Request No. 24. However, in response to this Request, NCAC states that it has not received any specific written demand from any Chartered Organization for Abuse Claims. As a result, NCAC does not have documents responsive to this Request.

**Document Request No. 24**:  The charter agreements entered into by Your Local Council from January 1, 2014 to the petition date with the following Chartering Organizations: (1) the Methodist Church and any group associated with the Methodist Church, (2) dioceses, parishes and/or schools associated with the Catholic Church (3) the Episcopalian Church and any dioceses, parishes, school or other group associated the Episcopalian Church (4) the Lutheran Church and any diocese, parish, school or other group associated with the Lutheran Church (5) The Knights of Columbus. (6) the YMCA, and (7) the Presbyterian Church and any group associated with the Presbyterian Church.

**Response to Document Request No. 24:**  NCAC further states that it is unduly burdensome to produce "all" such agreements and such agreements are duplicative of one another and are otherwise not proportional to the needs of the Bankruptcy Case.  NCAC will not produce other or further documents in response to this Request. Subject to and without waiving the foregoing objections, NCAC incorporates its response to Request No. 23 and states that it will provide an exemplar of its agreement with Chartered Organizations from and since January 1, 2014 on or before November 5, 2021 to the extent it exists and is within NCAC's possession, custody, or control.

**Document Request No. 25**:  All Documents and Communications Concerning the POCs filed by any of the Chartered Organizations in these Chapter 11 Cases.

**Response to Document Request No. 25**:  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents and communications, without regard to relevance of that information to this case. NCAC objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this Request, if any, it possesses are duplicative of documents in the possession of the Debtors. NCAC

further objects on the grounds that producing "all" documents in response to this request would place an undue burden on NCAC and are not otherwise proportional to the needs of the Bankruptcy Case. Subject to and without waiving the foregoing objections, NCAC will produce any responsive, non-duplicative documents in its possession, custody or control, to the extent that they exist.

**Document Request No. 26**:    All Documents and Communications analyzing, assessing, or evaluating the proofs of claim filed by any of Chartered Organizations.

**Response to Document Request No. 26:**    NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents and communications analyzing, assessing, or evaluating the proofs of claim filed by "any" of the Chartered Organizations, without regard to relevance of that information to this case. NCAC objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC further objects on the grounds that producing "all" documents in response to this request would place an undue burden on NCAC and are not otherwise proportional to the needs of the Bankruptcy Case.  Subject to and without waiving the foregoing objections, NCAC will produce any responsive, non-duplicative, non-attorney client privileged documents in its possession, custody or control, to the extent that they exist.

**Document Request No. 27**: All Documents and Communications Concerning membership projections, including any Documents and Communications reflecting analysis of the impact that the disassociation of one or more Chartered Organizations from the Debtors and/or Your Local Council would have on the Debtors' membership levels and revenue projections and/or Your Local Council's membership levels.

**Response to Document Request No. 27:**  NCAC objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC further objects on the grounds that

producing "all" documents in response to this Request would place an undue burden on NCAC

and this Request is not otherwise proportional to the needs of the Bankruptcy Case.  Subject to and

without waiving the foregoing objections, NCAC will produce any non-privileged and non-

duplicative documents in its possession that were not generated by the Debtors on or before

November 5, 2021, to the extent that they exist.

**Document Request No. 25**:[1]  All Documents authored or generated by Bates White
Concerning Abuse Claims asserted or alleged against Your Local Council.

**Response to Document Request No. 25:** NCAC objects to this Request as

overbroad and unduly burdensome because it seeks "all" documents related to this request, without

regard to the proportionality to the needs of the Bankruptcy case. NCAC further objects to this

Request as the documents requested appear to be in the possession, custody, and control of the

Debtors or Bates White and can be more readily obtained from the Debtors or Bates White.  NCAC

believes the documents responsive to this Request it possesses are duplicative of documents in the

possession of the Debtors. Subject to and without waiving the foregoing objections, NCAC will

produce any responsive, non-duplicative documents in its possession, custody or control, to the

extent that they exist.

**Document Request No. 27**:[2]  All Documents and Communications Concerning
Abuse Claims asserted on behalf of individuals that you were unable to confirm were scouts in
Your Local Council.

**Response to Document Request No. 27:** NCAC objects to this Request as certain

of the documents requested appear to be in the possession, custody, and control of the Debtors and

can be more readily obtained from the Debtors.  NCAC further objects to this Request as overbroad

---

[1]    The Subpoena contains two separate Requests labeled "Request for Production No. 25." NCAC's responses
do not correct this oversight but instead track the same Request number order.
[2]    The Subpoena contains two separate Requests labeled "Request for Production No. 27." NCAC's responses
do not correct this oversight but instead track the same Request number order.

and unduly burdensome because it seeks "all" documents related to Abuse Claims from individuals not confirmed to be scouts in NCAC and is not proportional to the needs of the Bankruptcy Case. NCAC therefore objects on these additional grounds. Subject to and without waiving the foregoing objections, NCAC will produce responsive documents that are not duplicative of documents in the possession of the Debtors, to the extent that they exist.

**Document Request No. 28**:   The Database, electronic spreadsheet, data and/or other information that was used to determine the amount of Your Local Council's contribution to the Settlement Trust.

**Response to Document Request No. 28:**   NCAC objects to this Request as the documents appear to be in the possession, custody, and control of AHCLC and can be more readily obtained from AHCLC. The AHCLC is a party in the Bankruptcy Case. NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of AHCLC. On this basis, NCAC objects to producing any documents in response to Request No. 28.

**Document Request No. 30:**[3]   All Documents and Communications that the Debtors sent to Your Local Councils with the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

**Response to Document Request No. 30:**   NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents and communications related to this request, without regard to relevance of that information to this case. NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege or work product protection. NCAC further objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this Request it possesses,

---

[3]        The Subpoena does not contain a "Request for Production No. 29."

if any, are duplicative of documents in the possession of the Debtors.  On these bases, NCAC objects to producing any documents in response to Request No. 30.

**Document Request No. 31**:  All Documents and Communications that Your Local Council generated in response to the request to complete the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim filed in these Chapter 11 Cases.

**Response to Document Request No. 31:**  NCAC objects to producing "all Documents" in response to this Request on the grounds that it imposes an undue burden on NCAC and is not proportional to the needs of the Bankruptcy Case.  NCAC further objects to the extent this Request calls for production of documents subject to the attorney-client privilege or work product protection.  NCAC further objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC states that production of the Local Council Feedback Template and Mandatory Reporting Procedures that NCAC prepared for and provided to the Debtors provides a sufficient response to this Request and that such documents are obtainable from, and should be obtained from, the Debtors.  Subject to and without waiving the foregoing objections, NCAC will produce responsive documents that are not duplicative of documents in the possession of the Debtors, to the extent that they exist.

**Document Request No. 32**:    All Communications between or among BSA Membership Standards Group and Your Local Councils related to the Local Council Reporting Procedures for any claims based on Abuse, including but not limited to, questions regarding the verification of Proof of Claim data.

**Response to Document Request No. 32:**  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" communications related to this request, without regard to the proportionality of the needs of the Bankruptcy case. NCAC further objects to this Request as the communications requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the

communications responsive to this Request it possesses, if any, are duplicative of documents in

the possession of the Debtors. NCAC therefore directs Century to the Debtors for production of

any documents in response to this Request.  Subject to and without waiving the foregoing

objections, NCAC will produce responsive documents that are not duplicative of documents in the

possession of the Debtors, to the extent that they exist.

**Document Request No. 33**:  All incident reports generated by Your Local Council in connection with the Proofs of Claim filed in these Chapter 11 Cases, including any and all supporting documentation attached to those incident reports.

**Response to Document Request No. 33:**  NCAC objects to this Request as

overbroad and unduly burdensome because it seeks "all" incident reports related to this Request,

without regard to relevance of that information or its proportionality to the needs of the Bankruptcy

Case. NCAC objects to this Request on the grounds that it is overly broad and vague.  Responding

further, NCAC objects to this Request as the documents requested appear to be in the possession,

custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC

believes the documents responsive to this Request it possesses, if any, are duplicative of documents

in the possession of the Debtors. Subject to and without waiving the foregoing objections, NCAC

will produce responsive documents that are not duplicative of documents in the possession of the

Debtors, to the extent that they exist.

**Document Request No. 34**:  All membership rosters for Your Local Council that correspond to the date of alleged abuse for the POCs that refer to Your Local Council.

**Response to Document Request No. 34:**  NCAC objects to this Request as being

vague and overbroad.  On its face, this Request seeks "all" rosters for any date on which there is

an allegation of abuse.  Furthermore, producing documents in response to this Request would

impose an undue burden on NCAC and are not otherwise proportional to the needs of the

Bankruptcy Case.  NCAC further states that it has produced relevant rosters to the Debtors.

Responding further, NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors. NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors. On these bases, NCAC objects to producing any documents in response to Request No. 34.

**Document Request No. 35**: All Documents and Communications between and/or among the *[sic]* Your Local Councils, the Chartered Organization Representative (COR) (or Institutional Head, where applicable), unit Committee Chair (CC) and/or unit program leader to notify them of the action being taken to remove the alleged abusers identified by the claimants in the Proof of Claim filed in these Chapter 11 cases from participation in Scouting.

**Response to Document Request No. 35:**  NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors. Subject to and without waiving its general objections, NCAC will produce all non-privileged and non-duplicative documents responsive to this Request on or before November 5, 2021, to the extent that they exist.

**Document Request No. 36**:  All Documents and Communications concerning whether assets that are donor-restricted should, or should not be, contributed to the Settlement Trust.

**Response to Document Request No. 36:**  NCAC objects to this Request on the grounds that it is overly broad and vague.  NCAC further states that producing "all" Documents in response to this Request imposes an undue burden on NCAC and is not otherwise proportional to the needs of the Bankruptcy Case.  Responding further, NCAC objects to this Request as the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this

Request it possesses, if any, are duplicative of documents in the possession of the Debtors. NCAC further objects to the extent this Request calls for production of documents and communications subject to the attorney-client privilege or work product protection. Responding further, NCAC states that the AHCLC originally provided the amount that NCAC was expected to contribute to the Settlement Trust on June 18, 2021.  Subject to and without waiving its foregoing objections, NCAC will produce non-privileged and non-duplicative documents responsive to this Request, to the extent that they exist.

**Document Request No. 37**:  All Documents and Communications relating to Your cash and financial assets, including but not limited to bank statements, investment statements, listing of individual assets/holdings and associated market values, appraisals or other indicators of market value, records demonstrating any conditions or restrictions of use and/or encumbrances on the assets and any analysis related thereto.

**Response to Document Request No. 37:**  NCAC objects to this Request on the grounds that NCAC has submitted substantial data concerning its assets, asset restrictions, and similar data to assist the active parties in the Bankruptcy Case to assess NCAC's proposed contribution to the Settlement Trust.  Upon information and belief, those documents have been available to Century.  NCAC further understands that Century has access to the PeopleSoft system that is maintained by the Debtors, which contains NCAC's financial records.  On these bases, NCAC objects to producing any documents in response to Request No. 37.  However, NCAC is prepared to meet and confer with Century to determine what additional documents, if any, it can produce in addition to those that are currently in the data room that would not impose an undue burden on NCAC and would otherwise be proportional to the Bankruptcy Case.

**Document Request No. 38:**  All Documents Concerning any insurance policies issued to Your Local Council by Hartford.

**Response to Document Request No. 38:**  NCAC objects to this Request to the extent that it calls for production of documents that are or may also be in the possession of the

Debtors.   NCAC states that from and since 1978, NCAC has been an additional insured on insurance policies issued to the Debtors.   On that basis, any documents responsive to this Request from and since 1978 will also be in the possession of the Debtors and it is unduly burdensome to demand that NCAC produce such documents on a duplicative basis.   NCAC has also conducted, and continues to conduct, a good faith search for additional insurance policies issued to it.   In connection with such search, all documents that NCAC has identified that would be responsive to this Request, NCAC has shared with the Debtors or their representatives, including the firm KCIC. NCAC directs Century to the Debtors and/or KCIC for any such documents.

**Document Request No. 39:**   All Documents concerning the retained limits and/or deductibles associated with any insurance available to Your Local Council for Abuse Claims.

**Response to Document Request No. 39:**   NCAC directs Century to its response to Document Request No. 38 and incorporates it in full as if fully restated herein.   NCAC further states that its practice has been to look to the Debtors' insurance counsel for analysis of insurance policies and, as a result NCAC does not have any Documents responsive to this Request that are not already in the possession of the Debtors.

**Document Request No. 40**:    All Documents Concerning Your Council's responsibility to fund retained limits and or deductibles associated with any insurance coverage that it by rd *[SIC]*.

**Response to Document Request No. 40:** NCAC objects to this Request as vague and ambiguous because it is not clear what is the Court's interpretation of "deductibles associated with any insurance coverage that it by rd [sic]." To the extent the NCAC understands this Request, NCAC directs Century to its response to Document Request No. 38 and incorporates it in full as if fully restated herein.

**Document Request No. 41**:  All Documents and Communications concerning any liquidation analysis of the Debtors, Local Councils, and/or Chartered Organizations.

**Response to Document Request No. 41:**  NCAC objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors. Responding further NCAC states that it has not undertaken any independent liquidation analysis for the Debtors and on such basis contends that it does not have documents responsive to this Request.

**Document Request No. 42**:  All Documents and Communications Concerning a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

**Response to Document Request No. 42:**  NCAC objects to this Request as overbroad and unduly burdensome because it seeks "all" documents and communications related to this Request, without regard to the proportionality to the needs of the Bankruptcy Case. NCAC further objects to this Request as certain of the documents requested appear to be in the possession, custody, and control of the Debtors and can be more readily obtained from the Debtors.  NCAC believes the documents responsive to this Request it possesses, if any, are duplicative of documents in the possession of the Debtors. Responding further NCAC states that the only documents in its possession, custody, or control that are responsive to this Request were provided to it by the Debtors and NCAC directs Century to the Debtors for these documents and will not produce such documents on a duplicative basis.

**Document Request No. 43**:  All Documents that You relied upon in deciding to support the First Hartford Settlement Agreement, the Hartford Insurance Settlement Agreement and the TCJC Settlement Agreement.

**Response to Document Request No. 43:**  NCAC objects to this Request insofar as it is not a party to any of the First Hartford Settlement Agreement, the Hartford Insurance

Settlement Agreement, or the TCJC Settlement Agreement.  NCAC further objects to this Request

as vague and ambiguous.  NCAC will not produce documents in response to Request No. 43.

**Document Request No. 44**:  All Documents and Communications Concerning the consideration and/or negotiation of a pre-packaged bankruptcy to resolve Abuse Claims against the Boy Scouts of America.

**Response to Document Request No. 44:**  NCAC states that this Request is largely

duplicative of Request No. 42. NCAC incorporates its response to Request No. 42 as if fully

restated herein.

**Document Request No. 45**:  All Documents that set out Your document retention policies and practices over the last five years, including but not limited to the period over which You retain electronic communications.

**Response to Document Request No. 45:**  NCAC objects to this Request as it calls

for documents that may be attorney-client privileged or attorney work product. Subject to and

without waiving the foregoing objections, NCAC will produce documents any non-attorney client

privileged that set out NCAC's document retention policies and practices over the five years prior

to November 5, 2021.

**Document Request No. 46**:  All Documents that memorialize any directive or instruction given by You or anyone else to Your Local Council and its staff directing them to retain documents concerning the Chapter 11 Cases.

**Response to Document Request No. 46:**  NCAC objects to this Request as it calls

for documents that may be attorney-client privileged or attorney work product. Subject to and

without waiving the foregoing objections, NCAC will produce any non-privileged documents

responsive to this Request on or before November 5, 2021.

Dated: October 18, 2021

<div style="margin-left: 40%;">

*/s/ James Van Horn*

James Van Horn

Adeyemi O. Adenrele

**BARNES & THORNBURG LLP**

1717 Pennsylvania Avenue, N.W.

Suite 500

Washington, D.C. 20006

Ph. (202) 289-1313

Fax (202) 289-1330

JVanHorn@btlaw.com

Adey.Adenrele@btlaw.com

*Attorneys for National Capital Area Council of the Boy Scouts of America*

</div>

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 18th day of October, 2021, a true and correct copy of the foregoing Responses and Objections to Century Indemnity Company's Subpoena Duces Tecum was served by electronic mail on stamoulis@swdelaw.com.

*/ s / James Van Horn*
James Van Horn