# EXHIBIT E



Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA EMAIL**

November 8, 2021

James Van Horn
Barnes & Thornberg LLP
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington D.C. 20006
Email: JVanHorn@btlaw.com

      Re: In re Boy Scouts of America Case No. 20-10343

Dear Mr. Van Horn:

We write in response to the Responses and Objections served by the National Capital Area Council, Inc. ("NCAC-BSA") on October 18, 2021 and the documents produced by NCAC-BSA on November 5, 2021.

Century Indemnity Company ("Century") Propounded Requests for Production in an attempt to narrow the issues for the confirmation hearing. In substantial part, NCAC-BSA has failed to properly respond to the Requests or to set forth good reasons for not doing so. NCAC-BSA's responses are grossly deficient, with NCAC-BSA having either refused to comply whatsoever or declined to comply to the bulk of the Requests (over 30 requests; see Your Objections to Request Nos. 1, 2, 5, 6, 13, 21, 24, 25, 26, 28-30, 33-34, 36, 38-40; and 7, 8-10, 16-20, 27, 31, 32, 42-44).

      We request that NCAC-BSA withdraw its objections by close of business on Tuesday, November 9, 2021, confirm that it will comply with the requests and that it will provide a document by document log for any documents withheld as privileged. Capitalized terms shall have meaning assigned to them in the Fifth Amended Plan of Reorganization for the Boy Scouts of America.

**NCAC-BSA's "General Objections" Are Meritless,
Little More Than Boilerplate, and Should Be Withdrawn**

      You assert without any explanation or support that the Requests seek large numbers of privileged documents. You then go on to describe what You will do with respect to documents that You contend are subject to privilege in ways that are inconsistent with the Federal Rules. You have not identified a single Request as one that seeks documents falling within any privilege. This General Objection should be withdrawn. Century requests a privilege log that identifies date, author, addressee and subject matter for each withheld document.

James Van Horn
November 8, 2021
Page 2

## NCAC-BSA's Objections To Specific Requests
## Lack Merit and Are Frivolous

### Board and Committee Minutes about Bankruptcy

**Your Objections to RFP Nos. 1 and 2:** Request for Production Nos. 1 and 2 seek the documents that were provided to the executive board, executive committee, and/or any special or advisory committee of NCAC-BSA concerning a discrete set of topics – namely, these Chapter 11 cases, any Plan of Reorganization for BSA, the Fifth Amended Plan, the TDPs, the Hartford Settlement and Abuse Claims asserted in the POCs in these Chapter 11 cases. Your assertion that these requests are not calculated to lead to the discovery of admissible evidence is wholly without merit. The documents sought are specifically directed at the information that NCAC-BSA has concerning the Plan, the TDPs, the Hartford Settlement and the Abuse Claims that are the subject of the confirmation proceedings. Nor is Your objection that the request is overly broad or burdensome meritorious. By definition, the documents at issue are those submitted to NCAC-BSA's board, executive committee and advisory councils. Please confirm that you will withdraw Your Objections to Request for Production Nos. 1 and 2 and comply forthwith with Request Nos. 1 and 2.

**Your Objections to RFP No. 4:** Request for Production No. 4 seeks the documents that were provided to the executive board, executive committee, and/or any special or advisory committee of NCAC-BSA concerning a discrete set of topics. While You have agreed to produce minutes for the executive board and executive committee, this is all you have confirmed. If there are any special or advisory committees of NCAC-BSA that dealt with issues concerning the bankruptcy and or NCAC-BSA's contribution to the Settlement Trust, these documents should be produced also.

**Objections to RFP No. 5:** Request for Production No. 5 seeks the documents that Your executive board, executive committee, and/or any special or advisory committee reviewed and relied upon in evaluating a Plan of Reorganization for the Boy Scouts, the TDPs, and the Hartford Settlement and the Abuse Claims that are the subject of the confirmation proceedings. Your assertion that these requests are not calculated to lead to the discovery of admissible evidence is wholly without merit. The documents sought are specifically directed at the information that NCAC-BSA has concerning the Plan, the TDPs, the Hartford Settlement and the Abuse Claims that are the subject of the confirmation proceedings. Nor is Your objection that the request is overly broad or burdensome meritorious. By definition, the documents at issue are those submitted to NCAC-BSA's board, executive committee and advisory councils. Please confirm that you will withdraw Your Objections to Request for Production No. 5 and comply forthwith with Request No. 5.

**Objections to RFP No. 6:** Request for Production No. 6 seeks copies of the communications among the members of Your executive board, executive committee, and/or any special or advisory committee of NCAC-BSA concerning five specifically identified topics that are directly relevant to the confirmation objections in this case – namely, the Chapter 11 cases, any Plan of Reorganization for BSA, the Fifth Amended Plan, the TDPs, the Hartford Settlement and Abuse

James Van Horn
November 8, 2021
Page 3

Claims asserted in the POCs in these Chapter 11 cases. Your assertion that the documents sought are "patently undiscoverable documents" is absurd. Clearly, documents concerning the Plan of Reorganization and TDPs subject to which NCAC-BSA seeks a third-party release are directly and materially relevant and subject to discovery. Your objection that the discovery sought bears no relationship to the issues to be addressed at confirmation of the Plan is entirely frivolous. The Plan of Reorganization, the TDPs, and the Hartford Settlement and Abuse Claims asserted in the POCs against NCAC-BSA are the subject of extensive briefing. Finally, Your assertion that communications among board members are "almost exclusively protected" by privilege is both unsupported and almost certainly unsupportable. Please confirm that you will withdraw Your Objections to Request for Production No. 6 and comply forthwith with Request No. 6.

**Objections to RFP No. 7:** Request for Production No. 7 seeks documents that have been exchanged between BSA and NCAC-BSA's executive board, executive committee, and/or special or advisory committees concerning five specifically identified matters that are directly relevant to the confirmation proceedings – namely, the Chapter 11 cases, any Plan of Reorganization for BSA, the Fifth Amended Plan, the TDPs, the Hartford Settlement and the Abuse Claims asserted in the POCs in these Chapter 11 cases. Your assertion that Request for Production No. 7 is overbroad is wrong. The documents sought are limited to those falling in specific categories that are easily segregable from other material in NCAC-BSA's possession. Your assertion that NCAC-BSA should be excused from responding to Request No. 7 on the grounds that BSA may be in possession of some documents responsive to No. 7 likewise lacks merit. BSA has not confirmed that it has all the documents that it provided to the councils and, absent compliance by NCAC-BSA, it is impossible to ascertain what information NCAC-BSA held in addressing various issues such as its contribution to the Settlement Trust. Please confirm that you will withdraw Your Objections to Request for Production No. 7 and comply forthwith with Request No. 7.

**Objections to RFP No. 9:** Request for Production No. 9 seeks the drafts of the term sheets for the Plans of Reorganization in this bankruptcy. This request is simple and straightforward. There is no burden in complying. Your assertion that this request is duplicative of seven other requests is wrong. Please confirm that you will withdraw Your Objections to Request for Production No. 9 and comply forthwith with Request No. 9.

**Objections to RFP No. 10:** Request for Production No. 10 seeks production of the communications between NCAC-BSA and the lawyers who represent claimants against BSA/Local Councils concerning the Plan of Reorganization, the TDPs, the Hartford Settlement and the Abuse Claims asserted in the POCs in these Chapter 11 cases. Your assertion that communications between claimant counsel and NCAC-BSA are privileged is entirely frivolous. By definition, the Plaintiffs that are asserting claims against the Local Councils are adverse to the Local Councils. No attorney-client, work product or joint defense privilege protects such communications. Please confirm that you will withdraw Your Objections to Request for Production No. 10 and comply forthwith with Request No. 10.

**Objections to RFP No. 12:** Request for Production No. 12 seeks documents concerning the TDPs to be employed with any Plan of Reorganization for BSA. While You respond that You have no responsive documents, this seems impossible given that the TDPs are an integral part of the Plan.

James Van Horn
November 8, 2021
Page 4

Please confirm that you will withdraw Your Objections to Request for Production No. 12 and comply forthwith with Request No. 12. We ask that You confirm that You have no documents that refer to the TDPs.

**Objections to RFP No. 13:**  Request for Production No. 13 seeks the documents that BSA exchanged with You concerning the Plan of Reorganization, TDPs, and Abuse Claims asserted in the POCs in these Chapter 11 cases.  You assert a host of boilerplate objections, going so far as to incorporate all of the objections from Requests No. 1 through 7, without committing to produce anything specific.  These objections are entirely frivolous.  Please confirm that you will withdraw Your Objections to Request for Production No. 13 and comply forthwith with Request No. 13.

### Abuse Claims and Analysis of Abuse Claims

**Objections to RFP No. 14:**  Request for Production No. 14 calls for the documents that Your executive board, executive committee, and/or special or advisory committee relied upon in determining the amount of NCAC-BSA's contribution of the Settlement Trust. In response to RFP No. 14, You objected to producing any documents whatsoever.  We are relying upon Your response in concluding that NCAC-BSA will not offer any evidence in support of the relief it seeks at confirmation.  Whether or not NCAC-BSA is in possession of documents responsive to this request, the fact is that NCAC-BSA is taking the position that it does not represent or speak for NCAC-BSA.  The documents sought are specifically directed at the information that NCAC-BSA has concerning the Plan, the TDPs, the Hartford Settlement and the Abuse Claims that are the subject of the confirmation proceedings. Nor is Your objection that the request is overly broad or burdensome meritorious.  By definition, the documents at issue are those submitted to NCAC-BSA's board, executive committee and advisory councils.  Please confirm that you will withdraw Your Objections to Request for Production No. 14 and comply forthwith with Request No. 14.

**Objections to RFP Nos. 15 and 16:**  NCAC-BSA is affirmatively seeking relief and findings concerning its contribution to the Settlement Trust.  No document could be more relevant.  Your objection as to burden is likewise meritless.  Request Nos. 15 and 16 are limited to communications among a specific, defined group of individuals concerning a specific topic.    Please confirm that You will withdraw today Your Objection to Request Nos. 15 and 16 and comply in full.

**Objections to RFP No. 17:**  Request for Production No. 17 seeks documents generated by Bates-White concerning the POCs against the Debtors.  Your assertion that NCAC-BSA should be excused from complying because some of the documents may be obtained from Bates-White is meritless.  NCAC-BSA is affirmatively seeking relief through the Confirmation Order and is the proper party to which this request is propounded.  Your assertion of burden is likewise misplaced as the documents sought are identified both by the author and the subject matter with specificity. Please confirm that You will withdraw today Your Objection to Request No. 17 and comply.

**Objections to RFP Nos. 18 and 19:** Request for Production Nos. 18 and 19 seek documents concerning the methodology that was employed to allocate the aggregate contribution by Local Councils to the Settlement Trust among the individual Local Councils including NCAC-BSA.  In response to this obviously relevant request, You have refused to produce any documents

James Van Horn
November 8, 2021
Page 5

whatsoever.  Request for Production No. 18 indisputably seeks documents directly relevant to the confirmation proceedings.  These documents are not privileged nor can a case be made that it is burdensome for You to have to produce documents on an issue in which You carry the burden of proof.  Please confirm that You will withdraw today Your Objection to Request Nos. 18 and 19 and comply.

### Chartered Organizations

**Objections to RFP No. 20:**  Request for Production No. 20 seeks documents that BSA exchanged with the Chartered Organizations concerning the Plan and TDPs.  You object to this request and *refuse to produce anything*.  The Chartered Organizations have a direct and material relationship with NCAC-BSA. Many of the Chartered Organizations have filed POCs.   Your assertion that Request for Production No. 20 seeks information that is irrelevant is absurd.  Please confirm that You will withdraw today Your Objection to Request No. 20 and comply.

### Agreements With Chartered Organizations

**Objections to RFP No. 21:**  Request for Production No. 21 seeks the agreements between the Local Councils, Chartered Organizations and BSA that address responsibility for defending and indemnifying claims associated with scouting.  The agreements with the Chartered Organizations and BSA are the subject of POCs filed by the Chartered Organizations and the terms of the Plan that address the Chartered Organizations' rights under the Plan.  The documents sought are highly relevant. Your proposal to produce a single "exemplar" of the agreements that You contend existed over 100 years makes little sense.  Quite obviously, we need the different forms of the agreements took over time and not just one.  Please confirm that You will withdraw today Your Objection to Request No. 21 and comply.

**Objections to RFP No. 24:**  Request for Production No. 24 seeks the agreements entered into by NCAC-BSA between January 2014 and the petition date with respect to seven Chartered Organizations.  In response to RFP No. 24, you offer a mere single "exemplar."  By definition, there is no exemplar which is the same among seven different organizations.  Please confirm that You will withdraw today Your Objection to Request No. 24 and comply.

**Objections to RFP No. 25:**  Request for Production No. 25 seeks documents concerning the Proofs of Claim filed by the Chartered Organizations in these Chapter 11 cases.  It is hard to imagine a more relevant request.  Request for Production No. 25 is narrow in scope as it seeks specific documents about a specific subset of creditors.  Your blanket objection to responding to this request is entirely frivolous. You have declined to produce any documents whatsoever.  This is not a good faith response.  Please confirm that You will withdraw today Your Objection to Request No. 25 and comply.

**Objections to RFP No. 26:**  Request for Production No. 26 seeks all documents analyzing, assessing, or evaluating the Proofs of Claim filed by the Chartered Organizations.  In response to

James Van Horn
November 8, 2021
Page 6

this request, You have again asserted a blanket objection to complying.  This is wrong.  Please confirm that You will withdraw today Your Objection to Request No. 25 and comply.

## Charter Membership

**Objections to RFP No. 27:**  Request for Production No. 27 seeks documents concerning membership projections.  This request is not overbroad.  It seeks specific documents about a specific issue – namely, membership levels and projections.  Nor does this request pose a burden.  NCAC-BSA must track and project membership levels and revenue.  Your objection is not well founded.  Your refusal to comply or to produce any documents is wrong.  Please confirm that You will withdraw today Your Objection to Request No. 27 and comply.

**Objections to RFP No. 28:**  Your objection to Request for Production No. 28 is misplaced.  There is no burden in identifying and producing the Bates-White documents that were provided to NCAC-BSA concerning abuse claims.  Nor is it plausible for Your Council to contend it could meet its burden of proof without producing these documents.

**Objections to RFP No. 30:**  Request for Production No. 30 seeks the database or spreadsheet used to determine NCAC-BSA's contribution to the Settlement Trust. Request No. 30 seeks documents that go directly to the core of the relief that NCAC-BSA seeks through the confirmation proceedings. The request is simple and straight forward.  Please confirm that You will withdraw today Your Objection to Request No. 30 and comply.

**Objections to RFP No. 31:**  Request for Production No. 31 seeks all documents that NCAC-BSA generated in response to the request to complete the Local Council Feedback Template and Mandatory Reporting Procedures for Proofs of Claim, and Your communications with the Debtors concerning the Local Council feedback template and mandatory reporting procedures for Proofs of Claim. In response to this request, You reassert boilerplate objections advanced to an entirely different request that had little to do with this request.  The information sought is directly relevant to the claims against NCAC-BSA.  Nor is it burdensome to produce since the Request seeks a specifically identified set of material that was prepared contemporaneously.  Please confirm that You will withdraw Your Objections to Request No. 31 and comply.

**Objections to RFP Nos. 32 and 33:**  Request for Production Nos. 32 and 33 seek the documents that NCAC-BSA generated in response to the request to complete the Local Council feedback template and mandatory reporting procedures for Proofs of Claim.  Your objection to producing any documents in response is not well placed.  The boilerplate objections You assert have little or nothing to do with this request.  Please confirm that You will withdraw Your Objections and comply.

**Objection to RFP No. 34**: Request for Production No. 34 seeks the membership rosters for NCAC-BSA that correspond to the date of alleged abuse for the POCs that refer to NCAC-BSA.  Your objections completely miss the mark.  The rosters are necessary to establish that the claimant was not a scout at the time they alleged abuse. These documents are directly relevant.  Please confirm that You will withdraw Your Objections and comply.

James Van Horn
November 8, 2021
Page 7

James Van Horn
November 8, 2021
Page 8

## Local Council Assets

**Objections to RFP Nos. 35 and 36:** Request for Production Nos. 35 and 36 seek the documents concerning what NCAC-BSA proposes to contribute to the Settlement Trust. Your objection to producing any documents in response is not well placed. The boilerplate objections You assert have little or nothing to do with this request. Please confirm that You will withdraw Your Objections and comply.

## Insurance

**Objections to RFP Nos. 38 and 40:** Request for Production Nos. 38 and 40 seek the documents concerning the insurance that NCAC-BSA proposes to contribute to the Settlement Trust. Your objection to producing any documents in response is not well placed. The boilerplate objections You assert have little or nothing to do with this request. Please confirm that You will withdraw Your Objections and comply.

**Objections to RFP No. 44**: Request for Production No. 44 seeks documents concerning the pre-packaged bankruptcy. Your objections completely miss the mark. These documents are directly relevant. Please confirm that You will withdraw Your Objections and comply

\*   \*   \*

We again reiterate our request NCAC-BSA withdraw its objections and answer each request. We offer to meet and confer with You on Monday or Tuesday of this week. If you will not withdraw Your objections and comply, please let us know whether you will agree to have the disputed issues concerning Your compliance decided by Judge Silverstein.

Very truly yours,

Stamatios Stamoulis
of Stamoulis & Weinblatt LLC