# EXHIBIT F

**BARNES & THORNBURG LLP**

Adey O. Adenrele, Esq.
Direct: (202) 408-6936
Fax: (202) 289-1330
Adey.Adenrele@btlaw.com

Suite 500
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4623 U.S.A.
(202) 289-1313
Fax (202) 289-1330

www.btlaw.com

November 9, 2021

*Via Electronic Service*

Stamatios Stamoulis, Esq.
800 N. West Street, Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com

Re:   NCAC Response to Century's Meet and Confer Letter
      *In re Boy Scouts of America and Delaware BSA, LLC*
      Case No. 20-10343 (LSS)

Dear Mr. Stamoulis:

We write in response to your November 8, 2021 letter (the "Letter") to our client, National Capital Area Council of the Boy Scouts of America ("NCAC"). NCAC received Century Indemnity Company's ("Century") subpoena on or around October 8, 2021. Pursuant to the Order Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization (the "Scheduling Order") [Doc. 6528], NCAC timely served its written responses and objections to Century's subpoena on October 18, 2021. Subsequently and also pursuant to the Scheduling Order, NCAC "substantially complete[d]" its production of documents on November 5, 2021. At that time, NCAC produced nearly 3,000 pages of documents from the devices of several custodians who are employees of NCAC.

On the following Monday, November 8, 2021, Century served its Letter on NCAC claiming that NCAC's responses to Century's subpoena were "grossly deficient." However, upon review of the Letter, it is clear that it neither addresses NCAC's specific written responses and objections nor NCAC's document production. In numerous instances, your Letter alleges to either quote or refer to language from NCAC's written objections that simply does not exist. For example, in response to NCAC's written objections to Century's RFP 6, you write that NCAC's "assertion that the documents sought are '*patently undiscoverable documents*' is absurd." Century Letter to NCAC, pg. 3. NCAC is at a loss as to where Century obtained this quote because it does not exist in NCAC's written responses and objections to Century's subpoena. Though this is one example, your Letter is rife with similar instances. This issue is so pervasive that NCAC does not know whether your Letter was intended for NCAC at all as opposed to another local council.

In part because NCAC cannot determine your legal grounds for claiming that its written objections and responses as well as its document production are insufficient, NCAC will not withdraw any of its objections. However, pursuant to FRCP 45(e)(2), NCAC will promptly produce a privilege log to Century and is still prepared to meet and confer with Century regarding

Stamatios Stamoulis
November 9, 2021
Page 2

any issues Century has with NCAC's responses to the subpoena. We look forward to continuing to address these issues and any others that you may have.

                                              Sincerely yours,

                                              Adey Adenrele

cc: James Van Horn; JVanHorn@btlaw.com