IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING ON EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 1103, 1125, AND 1126 OF THE BANKRUPTCY CODE APPOINTING A PLAN VOTING OMBUDSPERSON AND GRANTING RELATED RELIEF**

The Official Committee of Tort Claimants (the "Tort Claimants' Committee" or the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby files this motion to shorten (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), scheduling a hearing on November 29, 2021, at 2:00 p.m. Eastern Time or as soon thereafter as convenient for the Court and shortening the notice period with respect to the *Emergency Motion of Official Committee of Tort Claimants for Entry of an Order Pursuant to Sections 105, 1103, 1125 and 1126 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and Granting Related Relief* [Docket Nos. 7445 (filed under seal) and 7447 (Redacted) (the "Motion"), filed concurrently herewith. The TCC also requests that the deadline for responses to the Motion, if any, be set at November 29, 2021 at 11:00 a.m. Eastern Time. In support of this Motion to Shorten, the Tort Claimants' Committee respectfully states as follows.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## Jurisdiction

1. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

3. The Tort Claimants' Committee requests that (a) the Court schedule a hearing on the Motion for November 29, 2021, at 2:00 p.m. Eastern Time; and (b) shorten the response deadline on the Motion, with objections, if any, to be filed by November 29, 2021, at 11:00 a.m. Eastern Time. The Motion requests that the Court enter an order appointing a plan voting ombudsperson for the benefit of all survivor claimants, extending the voting by a period of two weeks, and granting related relief in the above-entitled cases. On November 23, 2021, the TCC provided a draft of the Motion to the Debtors, the Official Committee of Unsecured Creditors (the "UCC"), and the Coalition, the Future Claimants' Representative (the FCR"), the United States Trustee (the UST") and counsel for Messrs. Kosnoff, Van Arsdale, and Rothweiler. On November 24, 2021, the TCC held a Zoom meeting to discuss the Motion with these parties and others. Of those parties, as detailed further below, the Zalkin Law Firm, P.C.

and Pfau Cochran Vertetis Amala PLLC and Mr. Kosnoff consent to the TCC's request for shortened time on the Motion, the UCC has not expressed a position with respect to shortened time and the other parties oppose the TCC's request for shortened time. The TCC believes that shortened time on the Motion is crucial given the importance of the issues surrounding Plan voting and the fast-approaching December 14, 2021, voting deadline – a deadline which the TCC requests that the Court extend in the Motion.[2]  In the event that the Court does not grant the TCC's request to shorten time on the Motion, the TCC requests that the Court conduct a status conference to discuss the Motion and voting issues in this case on November 29, 2021, at 2:00 p.m. Eastern Time.

**Basis for Relief**

4. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

5. In support of this Motion to Shorten, the Tort Claimants' Committee represents that the exigencies justify shortened notice of the Motion and scheduling a hearing on the Motion.

6. Through discovery just provided, it is evident that there has been voter confusion for some time, primarily because of the present antagonism and letter-writing and marketing campaign pursued by the warring factions of the Abused in Scouting ("AIS") group.

---

[2] By the Motion, the TCC is *not* proposing a continuance of the January 24, 2022, start date of the Confirmation Hearing.

7. After reviewing the discovery described in the Motion, the TCC considered potential remedies to the AIS issues to negate the possibility of the AIS ballots being designated.

8. As described in the Motion, the TCC has concluded that the appointment of a Voting Ombudsperson is the best solution to the AIS voting issues and potentially other voting confusion.

9. The TCC is keenly aware that Debtors and the parties to this case are focused on moving forward with the Confirmation Hearing as scheduled and the Motion does not propose any modification whatsoever to the scheduling of the commencement of the BSA Confirmation Hearing.

10. In balancing the desire to give a Voting Ombudsperson the time to correct the AIS voting issues and general voting confusion, with maintaining the presently scheduled commencement of the Confirmation Hearing, the TCC is requesting a hearing as soon as practicable, and preferably by Monday, November 29, 2021, at 2:00 p.m. Eastern Time with responses to the Motion, if any to be filed on Monday, November 29, 2021, at 11:00 a.m. Eastern Time.  Shortened time is particularly crucial due to the pending December 14, 2021, voting deadline.  If the Motion is granted, including the extension of the voting deadline by two weeks, a Voting Ombudsperson would have a full month to seek to resolve the voting confusion described in the Motion.

11. To the extent that the Court does not grant the TCC's request to shorten time on the Motion, the TCC respectfully requests that the Court conduct a status hearing on November 29, 2021, at 2:00 p.m. Eastern Time to discuss plan voting issues.

12. Accordingly, the Tort Claimants' Committee submits that the exigencies justify shortening notice on the Motion.

## AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)

13. In accordance with Local Rule 9006-1(e), the Tort Claimants' Committee certifies that it notified the UST, counsel to the Debtors, counsel the UCC, the Coalition, counsel the FCR and certain other parties of this Motion to Shorten. The Debtors, the UST, the FCR, the Coalition, Mr. Rothweiler and Hartford oppose the request to shorten time on the Motion[3]. The UCC and Mr. Van Arsdale have not stated a position with respect to shortening time on the Motion as of this time. The Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC and Mr. Kosnoff consent to shortened time on the Motion.

## Notice

14. This Motion to Shorten and the Motion will be served by e-mail where available, hand delivery, or overnight mail on: (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Future Claimants' Representative; (e) counsel to the Coalition; (f) counsel to the Ad Hoc Committee of Local Councils; and (g) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Tort Claimants' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

15. If the Court grants this Motion to Shorten, the Tort Claimants' Committee will immediately serve a copy of the order on the above-noted Notice Parties by e-mail, hand delivery, or overnight mail.

---

[3] Certain parties have also indicated that they oppose the relief requested in the Motion.

5

## **No Prior Request**

16.  No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Tort Claimants' Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) scheduling the Motion for hearing date of November 29, 2021 at 2:00 p.m. Eastern Time; and (b) shortening the response deadline on the Motion, with objections, if any, to be filed by November 29, 2021 at 11:00 a.m..

Date: November 24, 2021    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073) (admitted *pro hac vice*)
Alan J. Kornfeld (CA Bar No. 130063) (admitted *pro hac vice*)
Debra I. Grassgreen (CA 169978) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:  rpachulski@pszjlaw.com
            akornfeld@pszjlaw.com
            dgrassgreen@pszjlaw.com
            inasatir@pszjlaw.com
            joneill@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

DOCS_DE:237138.3 85353/003