# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 7445, 7447** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING TORT CLAIMANTS' COMMITTEE TO FILE UNDER SEAL CERTAIN EXHIBITS AND INFORMATION IN SUPPORT OF THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 1103, 1125 AND 1126 OF THE BANKRUPTCY CODE APPOINTING A PLAN VOTING OMBUDSPERSON AND GRANTING RELATED RELIEF**

The official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee" or the "TCC") hereby files this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (1) authorizing the TCC to file under seal certain information and the exhibits (the "Highly Confidential Information") to the *Emergency Motion of the Official Committee of Tort Claimants for Entry of an Order Pursuant to Sections 101, 1103, 1125 and 1126 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and Granting Related Relief* [D.I. 7445] (the "TCC Emergency Motion") filed contemporaneously herewith and directing that the Highly Confidential Information shall remain under seal and confidential pursuant to the terms of the Protective Order (as defined below) entered in these cases and not be made available to anyone, except to the Court and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (2) granting related relief.  A redacted copy of the Highly Confidential

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Information was included in (the "Redacted Motion") the redacted version of the TCC Emergency Motion [D.I. 7447]. In support of the Motion, the TCC respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The TCC confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors filed a plan and associated disclosure statement. During the subsequent nearly two years, the Debtors filed a series of amended plans and disclosure statements, the most recent of which are the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (the

"Plan") and *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6445] (the "Disclosure Statement").

6. On June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* (June 8, 2020) [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order").

7. On June 9, 2020, the Court entered the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (June 9, 2020) [D.I. 812] (the "Mediation Order").

8. By order entered on September 30, 2021 [Docket No. 6438] (the "Solicitation Procedures Order"), the Court approved the Disclosure Statement. Pursuant to the Solicitation Procedures Order, the Court established December 14, 2021, as the voting deadline and scheduled a hearing on confirmation of the Plan to commence on January 24, 2022.

9. As the Court is aware, counsel for the TCC sent an email and letter from Mr. Kosnoff (the "Kosnoff Letter") to (a) all individuals on the TCC's email contact list and (b) individuals identified as clients of Mr. Kosnoff by Mr. Kosnoff, between Friday, November 5, 2021, and Sunday, November 7, 2021.

10. Since then, hearings were held regarding the *Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7118] (the "Emergency Motion") on November 10, 12 and 17, 2021. On November 12 and 15, 2021, counsel for the TCC sent the Corrective Letter reviewed with the Court on the record. During those hearings, the Court understandably expressed concerns about

the integrity of the voting process and that remediating any harm to the process is of the highest priority.

11. On November 22, 2021, the Court entered the *Agreed Interim Order on Debtor's Motion (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* [D.I. 7401].

12. The Highly Confidential Information contains communications from abuse survivors and/or information obtained through discovery and, therefore, the TCC seeks leave to file it under seal pursuant to the terms of the Protective Order.

## RELIEF REQUESTED

13. By this Motion, the TCC requests entry of the Proposed Order (a) authorizing the TCC to file under seal the Highly Confidential Information pursuant to the terms of the Protective Order; (b) directing that the Highly Confidential Information shall remain under seal and confidential and not be made available to anyone, except to the Court, the Debtors and the U.S. Trustee; and (c) granting related relief.

## BASIS FOR RELIEF

14. Section 5.3 of the Protective Order provides that a Producing Party:[2]

> may designate Discovery Material as "**HIGHLY CONFIDENTIAL**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is of such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material

---

[2] Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party." *See* Protective Order, II.

DOCS_DE:230658.1 85353/002

reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to paragraph 7.4; or those portions of any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts of consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.

Protective Order § 5.3.

15. Section 7.6 of the Protective Order governs the filing or submitting of Protected Material, which is defined as "Discovery Material designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant part that:

> any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.
>
> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

## CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

16. Pursuant to Local Rule 9018-1(d), counsel for the TCC certifies that the Highly Confidential Information contains quotations from abuse survivors and the TCC believes that it would not be productive and could, in effect, be harmful to reach out to the survivors to discuss

the confidentiality issues. In an effort to maintain confidentiality of the survivors and their communications, the TCC has redacted the Highly Confidential Information and requests that such Highly Confidential Information remain under seal.

## CONCLUSION

WHEREFORE, the TCC respectfully requests that the Court enter the Proposed Order, substantially in the form, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Date: November 24, 2021           **PACHULSKI STANG ZIEHL & JONES LLP**

>  */s/ James E. O'Neill*
> Richard M. Pachulski (CA Bar No. 90073) (admitted *pro hac vice*)
> Alan J. Kornfeld (CA Bar No. 130063) (admitted *pro hac vice*)
> Debra I. Grassgreen (CA 169978) (admitted *pro hac vice*)
> Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
> James E. O'Neill (DE Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Tele/Fax: (302) 652-4100 / (302) 652-4400
> Email: rpachulski@pszjlaw.com
>         akornfeld@pszjlaw.com
>         dgrassgreen@pszjlaw.com
>         inasatir@pszjlaw.com
>         joneill@pszjlaw.com
>
> *Counsel for the Tort Claimants' Committee*

7

DOCS_DE:230658.1 85353/002