## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA<br>AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | **Hearing Date: TBD** |

**THE UNITED STATES TRUSTEE'S OBJECTION TO EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS FOR EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 1103, 1125, and 1126 OF THE BANKRUPTCY CODE APPOINTING A PLAN VOTING OMBUDSPERSON AND <u>GRANTING RELATED RELIEF (D.E. 7448)</u>**

In support of his Objection to *Emergency Motion of the Official Committee of Tort Claimants for Entry of an Order Shortening the Notice and Objection Periods for Emergency Motion of the Official Committee of Tort Claimants for Entry of an Order Pursuant to Sections 105, 1103, 1125 and 1126 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and Granting Related Relie*f (D.E. 7448, "Motion to Shorten"), Andrew R. Vara, Acting United States Trustee ("U.S. Trustee") for Region Three, avers:

1.      This Court has jurisdiction to hear the above-captioned Objection.

2.       Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases under Chapter 11 of the Bankruptcy Code.

3.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-captioned Objection.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## STATEMENT OF FACTS

4.　　In the late evening of November 23, 2021, during the deposition of John Lucas, counsel for the Tort Claimants Committee ("TCC") informed the U.S. Trustee, the Debtors, the Coalition, the Committee, and others that the TCC intended to file the underlying Motion (D.E. 7445 and 7447) (collectively, "Emergency Motion") today.

5.　　The TCC held a Zoom conference during the morning of November 24, 2021 to discuss the Motion and the Emergency Motion. Most of the participants in the Zoom conference advised the TCC that they opposed both the Motion to Shorten and the Emergency Motion as being unsupported by statutory or case law authority, and likely to lead to additional litigation, expense, and delay.

6.　　The U.S. Trustee opposes this request to shorten time, filed on the eve of Thanksgiving, particularly when the Emergency Motion will not affect only the parties who the TCC invited to discuss the matter but will affect all abuse claimants.

## THE MOTION IS NOT EMERGENT

7.　　In *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252 (3d Cir. 2000), the Third Circuit restated the basic principle of due process, in not permitting an attempted sale to be free and clear of affirmative defenses: "Due process requires 'notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" 209 F.3d at 265 (citations omitted).

8.　　Although Section 102(1) of the Bankruptcy Code authorizes the court to hold a hearing on shortened time in appropriate circumstances, such relief should not be granted lightly as it deprives the creditor body of an opportunity to respond.

9.　　The Emergency Motion will affect every abuse claimant and party in interest in this case.　However, in contravention of Local Bankruptcy Rule 2002-1(b), none of the pleadings or notice thereof was served on creditor body. Local Rule 2002-1(b) requires service

2

upon: "…all parties whose rights are affected by the motion."    Paragraph 24 of the Motion recites that only the Debtors, the U.S. Trustee, counsel to the Future Claimants' Representative, counsel to the Coalition of Abused Scouts for Justice, counsel to the Ad Hoc Committee of Local Councils, and the 2002 List received notice of the Motion. Given the relief requested in the Motion, this notice is not adequate under all the facts and circumstances of this case.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the TCC's Emergency Motion and granting such other relief that this Court deems appropriate.

Respectfully submitted,

**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE, Region Three**

**Date:   November 24, 2021**       **BY:** _____ /s/ _____
David L. Buchbinder, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)