# **Exhibit B**

**Redline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ~~___~~ **6644** |

## ORDER SUSTAINING DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) NO LIABILITY CLAIMS, AND (III) REDUCE AND ALLOW CLAIMS (NON-ABUSE CLAIMS)

Upon the *Debtors' Fifth Omnibus (Substantive) Objection to Certain (I) Substantive Duplicate Claims, (II) No Liability Claims, and (III) Reduce and Allow Claims (Non-Abuse Claims)* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, pursuant sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

1

requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Phillips Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtors, the Debtors' estates and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. Each Substantive Duplicate Claim listed in the column titled "Substantive Duplicate Claims to be Disallowed" identified on **Schedule 1** hereto is disallowed and expunged in its entirety. The Duplicate Claim listed in the column titled "Remaining Claim" identified on **Schedule 1** hereto shall remain on the claims register, subject to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.

4. Each No Liability Claim identified on **Schedule 2** hereto is disallowed and expunged in its entirety.

5. Each Reduce and Allow Claim identified on **Schedule 3** hereto is reduced as set forth on **Schedule 3** under the column titled "Modified."

6. The objection to claim 1642 of Colorado Printing Company a/k/a CPC Neutek c/o Fair Harbor Capital LLC is hereby withdrawn without prejudice.

2

7. ~~6.~~ The objection by the Debtors to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Disputed Claim.

8. ~~7.~~ Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

9. ~~8.~~ The Debtors and Omni are authorized to modify the official claims register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

10. ~~9.~~ Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

11. ~~10.~~ Nothing in this Order, the Objection or the Phillips Declaration shall be deemed or construed: (a) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (b) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (c) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (d) as an admission that any obligation is entitled to administrative priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

12. ~~11.~~ This Order is immediately effective and enforceable.

13.    ~~12.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2021
Wilmington, Delaware

_____
THE HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Fifth Omnibus Objection (Substantive)
Schedule 1 - Substantive Duplicate Claims

| | SUBSTANTIVE DUPLICATE CLAIM TO BE DISALLOWED | | | | | REMAINING CLAIM ** | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | PARK, FRANCES LYNNE ADDRESS REDACTED | 11/11/20 | Boy Scouts of America 20-10343 (LSS) | C343-13442 | $ 164,377.08 | FRANCES LYNNE PARK ADDRESS REDACTED | 11/15/20 | Boy Scouts of America 20-10343 (LSS) | C343-7286 | $ 164,377.08 |

Reason: Claim No. C343-13442 asserts the same liability with respect to Retirement Benefit Restoration Plan obligations as Claim No. 7286. As such, Claim No. 13442 is a duplicative claim on account of the same obligation as Claim No. 7286, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt. Claim No. C343-13442 should be disallowed and Claim No. C343-7286 should remain on the claims register.

| 2 | WILLIAMS, ROY L ADDRESS REDACTED | 09/15/20 | Boy Scouts of America 20-10343 (LSS) | C343-3263 | $ 2,386,986.12* | ROY L WILLIAMS ADDRESS REDACTED | 09/29/20 | Boy Scouts of America 20-10343 (LSS) | C343-369 | $ 2,386,986.12 |

Reason: Claim No. 3263 asserts the same liability with respect to Retirement Benefit Restoration Plan as Claim No. 369. As such, Claim No. 3263 is a duplicative claim on account of the same obligation as Claim No. 369, and the Debtors should not be required to pay a claimant twice on account of the same obligation or debt. Claim No. 3263 should be disallowed and Claim No. 369 should remain on the claims register.

This Schedule contains certain redactions to personal contact information in compliance with the confidentiality procedures, as set forth in the *Final Order (I) Authorizing Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

* Indicates claim contains unliquidated and/or undetermined amounts

** The Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

Fifth Omnibus Objection (Substantive)
Schedule 2 - No Liability Claims

| # | NAME | DATE FILED | DEBTOR | CLAIM # | CLAIM AMOUNT | REASON FOR DISALLOWANCE** |
|---|---|---|---|---|---|---|
| 1 | AUSTEN SMITH<br>ADDRESS REDACTED | 11/13/2020 | Boy Scouts of America | C343-10194 | $ 3,000.00 | According to the Debtors' books and records, the claimant has already been disbursed $2,000 and can access the remaining $1,000 by contacting the National Eagle Scout Association. |
| 2 | CENTERPOINT ENERGY<br>ATTN: ANGELA B THOMPSON<br>P.O. BOX 1700<br>HOUSTON, TX 77251 | 3/3/2020 | Boy Scouts of America | C343-14 | $ 2,404.02 | According to the Debtors' books and records, the Debtors have no liability on the asserted claim. Liability, if any, belongs to non-debtors Caddo Area Council and Sam Houston Area Council. |
| 3 | CITY OF FORT WORTH<br>ATTN: STEPHEN A CUMBIE<br>200 TEXAS ST<br>FORT WORTH, TX 76102 | 7/31/2020 | Boy Scouts of America | C343-298 | $ 277.56 | According to the Debtors' books and records, the Debtors have no liability on the asserted claim. Liability, if any, belongs to non-debtor Longhorn Council. |
| 4 | CITY OF FRESNO<br>FRESNO CITY ATTORNEYS OFFICE<br>2600 FRESNO ST, RM 2031<br>FRESNO, CA 93721 | 11/2/2020 | Boy Scouts of America | C343-1743 | $ 188.00 | According to the Debtors' books and records, the Debtors have no liability on the asserted claim. Liability, if any, belongs to non-debtor local council, Sequoia Council. |
| 5 | ~~COLORADO PRINTING COMPANY AKA CPC NEUTEK~~<br>~~C/O FAIR HARBOR CAPITAL LLC~~<br>~~P.O. BOX 237037~~<br>~~NEW YORK, NY 10023~~ | ~~11/2/2020~~ | ~~Boy Scouts of America~~ | ~~C343-1642~~ | ~~$ 34,533.74~~ | ~~Based on discussions with CPCNeutek, the Debtors understand that this amended claim asserted by Fair Harbor Capital, LLC was unauthorized by the principals of CPCNeutek and was asserted without their knowledge. The name of the claimant, Colorado Printing Company, listed on the amended claim, is not affiliated with CPCNeutek. The Debtors understand that the employee who purportedly authorized the amended claim is no longer with CPCNeutek.~~ |
| 6 | EDWARD G MILLS II<br>C/O STARK & STARK PC<br>ATTN: DAVID SCHMID<br>993 LENOX DR, BLDG 2<br>LAWRENCEVILLE, NJ 08648 | 11/9/2020 | Delaware BSA, LLC | C342-408 | $ 50,000,000.00 | Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA. The claim is asserted with respect to the same personal injury liabilities as Claim 3084. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of such obligation. The Debtors have determined that Claim 408 should be disallowed and Claim 3084, which is properly asserted against the BSA, should remain. |

This Schedule contains certain redactions to personal contact information in compliance with the confidentiality procedures, as set forth in the *Final Order (I) Authorizing Debtors to File (A) A Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

\* - Indicates claim contains unliquidated and/or undetermined amounts

\*\* The Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

## Fifth Omnibus Objection (Substantive)
### Schedule 2 - No Liability Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | CLAIM AMOUNT | REASON FOR DISALLOWANCE** |
|---|---|---|---|---|---|---|
| 7 | ESTATE OF RODOLFO R TREVINO ADDRESS REDACTED | 11/19/2020 | Delaware BSA, LLC | C342-1260 | $ 1,000,000.00 | Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of any such obligation. The Debtors have determined that Claim 1260 should be disallowed and Claim 12615, which is properly asserted against the BSA, should remain. |
| 8 | ESTATE OF RODOLFO R TREVINO | 11/16/2020 | Delaware BSA, LLC | C342-1300 | $ 1,000,000.00 | The Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of any such obligation. The Debtors have determined that Claim 1300 should be disallowed and Claim 12615, which is properly asserted against the BSA, should remain. |
| 9 | ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY ATTN: BANKRUPTCY UNIT 33 S STATE ST, 10TH FL CHICAGO, IL 60603 | 12/22/2020 | Boy Scouts of America | C343-13712 | $ 16,991.00 | Based on subsequent documentation received from the claimant, the Debtors have no liability on the asserted claim. Following the filing of the claim, the Debtors received a statement of amounts due for benefits paid from the claimant, dated 2/26/21, indicating that $16,991.00 from the prior quarter was canceled due to COVID-19 and instructing the Debtors not to pay this amount. |
| 10 | PAUL A BROCKLAND ADDRESS REDACTED | 10/24/2020 | Delaware BSA, LLC | C342-1320 | Undetermined* | The Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA. The claim asserts the same liabilities with respect to BSA's pension plan as claim 1760. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of such obligation. The Debtors have determined that Claim 1320 should be disallowed and Claim 1760, which is properly asserted against the BSA, should remain. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

\** The Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

Fifth Omnibus Objection (Substantive)
Schedule 2 - No Liability Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | CLAIM AMOUNT | REASON FOR DISALLOWANCE** |
|---|---|---|---|---|---|---|
| 11 | REDACTED CLAIM 1072<br>ADDRESS REDACTED | 11/9/2020 | Delaware BSA, LLC | C342-1072 | Undetermined* | Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA.  The claim is asserted with respect to the same wrongful death claim as Claim 14023. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of such obligation.  The Debtors have determined that Claim 1072 should be disallowed and Claim 14023, which is properly asserted against the BSA, should remain. |
| 12 | REDACTED, A MINOR CHILD (DAVID DALE PARENT)<br>ADDRESS REDACTED | 11/16/2020 | Delaware BSA, LLC | C342-916 | $ 100,000.00 | Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against BSA. The claim is asserted with respect to the same personal injury liabilities as Claim 17529. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of such obligation.  The Debtors have determined that Claim 916 should be disallowed and Claim 17529. which is properly asserted against the BSA, should remain. |
| 13 | THOMAS R MEYERING<br>ADDRESS REDACTED | 10/24/2020 | Delaware BSA, LLC | C342-1318 | $ 776.50* | Claimant asserts liabilities against Delaware BSA, LLC that are also asserted against the BSA. The claim asserts the same liabilities with respect to BSA's pension plan as Claim 2650. The Debtors have determined that Delaware BSA, LLC is not jointly liable with the BSA for such obligation and is not a guarantor of such obligation.  The Debtors have determined that Claim 1318 should be disallowed and Claim 2650, which is properly asserted against the BSA, should remain. |
| | | | | TOTAL | ~~$ 52,158,170.80*~~<br>$ 52,123,637.08* | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

\*\* The Debtors reserve all rights to object to the Remaining Claims on any grounds permitted under applicable law.

## Fifth Omnibus Objection (Substantive)
### Schedule 3 - Reduce and Allow Claims

| | NAME | CLAIM# | ASSERTED CLAIM | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | GEROLAMO, MCNULTY, DIVIS & LEWBART<br>ATTN: KELLY FOX<br>121 S BROAD ST, STE 1400<br>PHILADELPHIA, PA 19107 | C343-14471 | Boy Scouts of America | Unsecured | $2,360.00 | Boy Scouts of America | Unsecured | $800.00 |

Reason: According to the Debtors' books and records, the valid claim amount is $800. Prepetition invoices 65863 and 65864 were claimed in the amounts $1,460 and $100, and were paid in full via ACH no. 00000765 on 2/12/2020 totaling $1,560. Therefore, the claim should be reduced by that paid amount.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2 | PCM<br>C/O INSIGHT DIRECT USA INC<br>ATTN: MICHAEL L. WALKER<br>6820 S HARL AVE<br>TEMPE, AZ 85283 | C343-86 | Boy Scouts of America | Unsecured | $17,162.94 | Boy Scouts of America | Unsecured | $2,536.23 |

Reason: According to the Debtors' books and records, the valid claim amount is $2,536.23. Invoices 900467836 and 900472201, totaling $2,990, were paid in full via ACH no. 00063754 dated 7/30/2019. Invoices 901092241 and 901097280, totaling $11,636.71, were charged to non-debtor local council, Laurel Highlands Council and have been paid. Therefore, the claimed amount should be reduced by $14,626.71.

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 3 | TEXAS WORKFORCE COMMISSION REGULATORY INTEGRITY DIVISION - SAU<br>OFFICE OF THE ATTORNEY GENERAL<br>BANKRUPTCY COLLECTION DIV MC 008<br>P.O. BOX 12548<br>AUSTIN, TX 78711-2548 | C343-353 | Boy Scouts of America | Administrative | $535,036.35 | Boy Scouts of America | Administrative | $495,112.34 |

Reason: Based on subsequent documentation received from the claimant, the valid claim amount is $495,112.34. Claimant filed claim 353 prior to the end of Q3 of 2020 and included an estimated amount for Q3 of 2020. When the amount for Q3 subsequently became due and owing, the Claimant invoiced the Debtors $119,738.15 for actual Q3 liabilities, which is $39,924.01 lower than the estimated amount asserted in Claim 353.

| | | | TOTAL | | $ 554,559.29 | TOTAL | | $ 498,448.57 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |