**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re:  Dkt. 7447, 7448, & 7459 |

**DECLARATION OF JASON AMALA IN SUPPORT OF JOINDER OF
THE ZALKIN LAW FIRM, P.C., AND PFAU COCHRAN VERTETIS AMALA PLLC
TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF TORT
CLAIMANTS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 1103
OF THE BANKRUPTCY CODE APPOINTING A PLAN VOTING OMBUDSPERSON
AND GRANTING RELATED RELIEF**

I, Jason P. Amala, declare as follows:

1. I am over the age of eighteen years and have been a member of the Washington State Bar since 2005.  I am a partner at Pfau Cochran Vertetis Amala PLLC, with an address at 403 Columbia Street, Suite 500, Seattle, Washington.  I submit this declaration in support of the *Joinder of the Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC to the Emergency Motion of the Official Committee of Tort Claimants for Entry of an Order Pursuant to Sections 105 and 1103 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and Granting Related Relief*.  This declaration is  based on my personal knowledge and my review of relevant documents.  I could and would competently testify to the facts set forth herein.

2. In just the past six months, since May 15, 2021, our law firm has received at least 171 inquiries from abuse survivors who are not clients of our law firm.  Based on the fact that not all inquiries are logged into our system, and given the volume and rate of inquiries, I estimate the actual number is closer to 250.  Again, that is in just the past six months – given my review of the inquiries we have received, I would estimate we have received over 800 such inquiries since the court established the proof of claim deadline on May 16, 2020.  These survivors

generally have asked us for help in identifying or getting in touch with their attorneys, and frequently express frustration that they have not heard from their attorneys. We also receive inquiries from survivors who have questions about voting, including how to vote and how to ensure their attorney votes as the survivor directs.

3. After the disclosure statement was approved, a common theme in these inquiries has been survivors expressing confusion and anger because they have heard the Coalition publicly claiming the proposed settlement is "historic" and that survivors might receive up to $2.7 million, but they then heard from the TCC or elsewhere that the estimates are they may receive a tiny fraction of that amount. As the Court is aware, our firm pressed for the disclosure statement to include estimated recoveries because we knew survivors were already being misled about how much they might actually receive. These issues are compounded by the fact that they have either received no communication from their lawyers or their lawyers do not respond to requests for help and clarification, particularly when they ask pointed questions about their estimated recovery as outlined in the disclosure statement.

4. We have generally responded to these inquiries by advising these survivors that our law firm does not represent them and directing them to the TCC or to Omni, as appropriate given their concerns. Absent special circumstances, we generally have not offered our firm's services to these survivors because we do not want to compound the confusion and they are not on our firm's master ballot. We also do not want to give legal advice to survivors who are not our clients, particularly if they already feel that they have been misled by their actual lawyers. As someone who has represented survivors for many years, it is somewhat heart wrenching to not be able to offer more help and support to these survivors.

5. I believe that appointing a neutral voting ombudsperson would be helpful in addressing the confusion among survivors and hopefully making sure survivors are not misled or harassed into voting in a manner that is inconsistent with their best interests.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 24th day of November, 2021, at Port Angeles, Washington.

_____
Jason P. Amala