

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302-652-3131    fax

New Jersey

New York

Maryland

Texas

Florida

Justin R. Alberto
Member
Admitted in DE

Reply to Delaware Office
Writer's Direct Line: 302-651-2006
Writer's Direct Fax:
Writer's E-Mail: jalberto@coleschotz.com

November 26, 2021

**Via Hand-Delivery & CM/ECF**
The Honorable Laurie Selber Silverstein
Chief Judge
United States Bankruptcy Court
824 North Market St., 6th floor
Wilmington, DE 19801

  Re: *In re Boy Scouts of America, LLC, et al.* **Case No. 20-10343 (LSS):**
     **Motion to Quash Subpoenas Served on Slater Slater Schulman LLP**

Dear Chief Judge Silverstein:

  Slater Slater Schulman LLP ("Slater") moves this Court to quash the deposition subpoenas issued by the Zurich Insurers to Slater attorneys, Michael S. Werner and Jonathan E. Schulman, on November 24, 2021 (the "Deposition Subpoenas").[1]  In support of the motion, Slater submits this letter brief and the Declaration of Justin R. Alberto, Esq. attached hereto as Exhibit A (the "Alberto Declaration"), and respectfully states as follows:

### Preliminary Statement

  The Deposition Subpoenas – served before the Court has even ruled on the relevancy of their document subpoenas – further evidence the Zurich Insurers' unsubstantiated attack on Slater. The Zurich Insurers rushed to serve the Deposition Subpoenas just five days after the Court held a contested hearing[2] on their motion to compel document production and before the Court had an opportunity to rule on the motion.[3]  This is the Zurich Insurers' *third* attempt to obtain discovery

---

[1]  The Deposition Subpoenas are attached to the Alberto Declaration as Exhibit 1 and Exhibit 2.

[2]  The relevant portion of the November 19, 2021 hearing transcript is attached to the Alberto Declaration as Exhibit 3.

[3]  The Zurich Insurers' motion to compel was filed at docket number 7240. The document subpoena is attached as Exhibit 8 to the *Declaration of Robert D. Cecil, Jr. in Support of Zurich Insurers' Letter to the Honorable Chief Judge Laurie Selber Silverstein Seeking an Order Compelling Slater to Comply with a Subpoena to Produce Responsive Documents* [D.I. 7240-1].

Cole Schotz P.C.

The Honorable Laurie Selber Silverstein
November 26, 2021
Page 2

from Slater based on continually unsubstantiated allegations that the firm committed some type of wrongdoing in connection with the claims filing process.  At the November 19 hearing, the Court characterized the fact that 95% of Slater's clients signed their own proofs of claim before the bar date as "pretty indicative of not falling within the original sin" alleged by the Zurich Insurers in their Rule 2004 motion.[4]  Even Zurich's counsel acknowledged that Slater "could be appropriately praised" for obtaining an Ethics Opinion[5] prior to signing claims on behalf of clients because "it seems like the appropriate thing to do."[6]  Nonetheless, and without even waiting for the Court's imminent ruling on the relevancy of this discovery, the Zurich Insurers have elected to continue their baseless attack on Slater.

The Zurich Insurers have not and cannot establish that the depositions of Slater attorneys would lead to information that is relevant to plan confirmation.  But even if they could, the probative value of such evidence pales in comparison to the legitimate interests of Slater and its clients in protecting privileged and commercially sensitive information.  Accordingly, the Deposition Subpoenas should be quashed.  Slater respectfully requests that the Court hear this matter at the next available hearing.

## Background

The factual background set forth in Slater's November 18 letter brief[7] is incorporated herein by reference.

## Relief Requested and Basis Therefore

Slater requests that the Court quash the Deposition Subpoenas pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure.  Rule 45(d)(3) provides, in pertinent part, that a court *must* quash a subpoena that subjects a nonparty to undue burden or requires disclosure of privileged or other protected matter, if no exception or waiver applies.[8]  In addition, a court *may* quash a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information...."[9]

---

[4] Alberto Decl., Exh. 3, Hr'g. Tr. at 214:26-22.

[5] A copy of the Ethics Opinion is attached as Exhibit 2 to Slater's November 18, 2021 letter brief.  *See* D.I. 7335-2.

[6] *Id.* at 210:6-8.

[7] *See* D.I. 7335, at 2-3.

[8] Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

[9] Fed. R. Civ. P. 45(d)(3)(B)(i).

Cole Schotz P.C.

The Honorable Laurie Selber Silverstein
November 26, 2021
Page 3

**A.     The Deposition Testimony Is Not Relevant to Confirmation**

As a threshold matter, the subpoenaing party must show that the information sought satisfies the relevancy requirements of Rule 26(b)(1).[10]  A subpoena that seeks nonrelevant information is unduly burdensome and must be quashed.[11]  Here, the Zurich Insurers cannot show that the discovery they seek is relevant to confirmation.  First, the deposition testimony is not relevant to plan solicitation or voting because Slater is not using a master ballot to cast votes for its clients.  Slater's clients themselves are casting ballots pursuant to the court-approved solicitation procedures.  Second, the claims allowance process is not at issue in the context of plan confirmation.  Rather, the merits of the claims will be addressed post-confirmation by an estate fiduciary.  No objections to Slater's clients' claims have been filed and such claims are *prima facie* valid under Bankruptcy Rule 3001(f) and deemed allowed under 11 U.S.C. § 502(a).  Lastly, the discovery sought is also not relevant to Slater's conduct in signing the proofs of claim.   Slater not only had authority to sign those proofs of claim under its retainer agreements,[12] but the firm likely had an ethical obligation to do so.[13]  Slater attorneys signed those proofs of claim only after the firm attempted to contact its clients directly to obtain their consent and were unable to do so.  Moreover, as noted on the record of the November 19 hearing, Slater's conduct can hardly be questioned given that approximately 97.5% of Slater's approximately 14,200 clients have signed their own proofs of claim forms to date.

Furthermore, several federal courts, including courts in this District, have adopted the *Shelton* rule, which imposes a heightened burden on a party seeking to depose another party's counsel such that, in addition to relevancy, the subpoenaing party must also show that (i) the information sought is "crucial" to its case and (ii) deposing the party's counsel is the only means by which such information can be obtained.[14]  The *Shelton* rule derives from the legitimate concern

---

[10] *Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015) ("Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery, which also applies to a Rule 45 subpoena."); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014)  ("The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1)").

[11] *In re Kayati, No. 15-24280 (JNP)*, 2018 WL 2059800, at *5 (Bankr. D.N.J. Apr. 30, 2018) ("Parties that do not have any relevant, non-privileged information, are entitled under the undue burden standard to the quashing of subpoena issued to him.") (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 77 (S.D.N.Y. 2003)).

[12] A redacted copy of Slater's form retainer agreement is attached as Exhibit 1 to Slater's November 18, 2021 letter brief [D.I. 7335-1].

[13] *See* Ethics Opinion, D.I. 7335-2.

[14]  *Shelton v. Am. Motors Corp.* 805 F.2d 1323, 1327 (8th Cir. 1987) (holding that depositions of an adversary's counsel are limited to when "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.") s*ee also Ricoh Co. v. Oki Data Corp.,* No. CA 09-694-SLR, 2011 WL 3563142, at *2 (D. Del. Aug. 15, 2011) (citing

Cole Schotz P.C.

The Honorable Laurie Selber Silverstein
November 26, 2021
Page 4

that "[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation."[15]  The Zurich Insurers cannot establish that the information sought is relevant under the Rule 26(b) standard, much less that it is "crucial" to the preparation of their case or that it cannot be obtained by other means as required under *Shelton*.  The Deposition Subpoenas should be quashed.

**B.     The Deposition Subpoenas May Not Seek Information That Is Protected by the Attorney-Client Privilege or Work Product Doctrine**

It is axiomatic that the Zurich Insurers may not use depositions to obtain information that is protected by the attorney-client privilege or the work product doctrine.[16]  Based on the Zurich Insurers' document requests, Slater believes that the Zurich Insurers intend to question Slater on topics concerning the time spent, methods used, and information gathered by Slater while investigating and evaluating its clients' claims.  This information is unquestionably protected by the work product doctrine as it concerns counsel's mental impressions of the merits of the claims and/or details underlying attorney-client communications.[17]

---

*Shelton* and stating, "this court recognizes that deposing opposing counsel is not an absolute right, but instead an exception for which a basis must be established"); *Allergan Inc. v. Pharmacia Corp.*, No. CIV.A.01-141-SLR, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (adopting the *Shelton* rule); *but see In re FKF Madison Grp. Owner, LLC,* No. 10-11867 (KG), 2012 WL 13032955, at *3 (Bankr. D. Del. Oct. 12, 2012) (noting that some courts in the Third Circuit have rejected *Shelton* in favor of the more flexible standard under Federal Rule 26).

[15] *Shelton*, 805 F.2d at 1327.

[16] Fed. R. Civ. P. 45(d)(3)(A)(iii).

[17] *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses."); *see also Shelton*, 805 F.2d at 1326 (holding that "where … the deponent is opposing counsel and has engaged in a selective process of compiling documents from among voluminous files in preparation for litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected as work product."); *Turkmen v. Ashcroft*, No. 02-CV-2307 (JG), 2006 WL 1517743, at *5 (E.D.N.Y. May 30, 2006) ("Even details about an attorney-client communication other than its substance-for example, when it occurred relative to other critical events, how long it lasted, where the attorney and client were when they communicated-might reveal information protected by the attorney work-product doctrine.").

### C. Slater's Interest In Protecting Privileged and Confidential Commercial Information Outweighs Zurich Insurers' Need for the Deposition Testimony

In addition to satisfying the threshold relevancy standard, the subpoenaing party "must demonstrate that its need for discovery outweighs the nonparty's interest in disclosure."[18] Slater and its clients have a strong interest in keeping information related to Slater's claim investigation confidential. At a minimum, there is a material risk that attorney-client privileged communications or work product could be disclosed or that the Zurich Insurers would use the deposition to gain an unfair litigation advantage. Indeed, "the *Shelton* rule was designed 'out of concern that the relationship between attorneys and clients be protected,' and seeks to 'protect against the ills of deposing opposing counsel in a pending case which could potentially lead to disclosure of the attorney's litigation strategy.'"[19] It is patently unfair to Slater's clients, and would stand as an abuse of the discovery process, were the Zurich Insurers permitted to depose Slater given the Zurich Insurers' clear financial interest in disallowing as many of Slater's clients' claims as possible. Certainly, the Zurich Insurers have not justified such invasive discovery based on the evidence presented to date.

Similarly, Slater should not be required to testify about its confidential business practices, including its third-party partners and financing sources, based on this record. This information is confidential commercial information under Rule 45(d)(3)(B)(i). When commercial information is at issue, courts generally analyze four factors: (i) relevance, (ii) need, (iii) confidentiality, and (iv) harm.[20] These factors weigh strongly in Slater's favor. Slater has a legitimate interest in protecting commercial non-public information from the Zurich Insurers in these cases and others. By contrast, the Zurich Insurers cannot establish that the information sought is relevant to confirmation or that they have a substantial need for the information.

---

[18] *Verisign*, 2015 WL 7960976, at *1 (quoting *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV–12–08261, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014)).

[19] *In re FKF Madison Grp. Owner, LLC*, 2012 WL 13032955, at *3 (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003); *Pamida, Inc. V. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002)).

[20] *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

Cole Schotz P.C.

The Honorable Laurie Selber Silverstein
November 26, 2021
Page 6

## Compliance With Local Rule 7026-1

Before filing this motion, counsel for Slater offered to meet and confer with counsel for the Zurich Insurers after the Court rules on the Zurich Insurers' motion to compel. The undersigned submits that, under the circumstances, the good faith requirements under Local Rule 7026-1, to the extent applicable, are satisfied.[21]

## Conclusion

For the foregoing reasons, Slater respectfully requests that the Court quash the Deposition Subpoenas.

Very truly yours,

*/s/ Justin R. Alberto*

Justin R. Alberto

cc:

Robert Cecil (by email rcecil@trplaw.com)
Matthew G. Summers (by email summersm@ballardspahr.com)
Chantelle D. McClamb (by email mcclambc@ballardspahr.com)
Michael J. Joyce (by email mjoyce@mjlawoffices.com)
Margaret M. Anderson (by email panderson@foxswibel.com)
Ryan T. Schultz (by email rschultz@foxswibel.com)
Adam A. Hachikian (by email ahachikian@foxswibel.com)
Stamatios Stamoulis (by email stamoulis@swdelaw.com)
Richard Charles Weinblatt (by email weinblatt@swdelaw.com)
Mark D. Plevin (by email mplevin@crowell.com)
Kevin Cacabelos (via email kcacabelos@crowell.com)
Kelly T. Currie (by email kcurrie@crowell.com)
Clifford J. Zatz (by email czatz@crowell.com)
Tacie H. Yoon (by email tyoon@crowell.com)
Nimi Aviad (by email naviad@crowell.com)
Rachel Jankowski (by email rjankowski@crowell.com)
Danielle Giffuni (by email dgiffuni@crowell.com)

---

[21] Slater notes that since it is a nonparty to these proceedings, technical compliance with Local Rule 7026-1(d) is not required. Nonetheless, Slater's counsel has and will continue to work in good faith with Zurich Insurers' counsel to resolve discovery disputes.

Cole Schotz P.C.

The Honorable Laurie Selber Silverstein
November 26, 2021
Page 7

Danielle Rowan (by email drowan@crowell.com)
Lloyd A. Gura (by email lgura@moundcotton.com)
Pamela J. Minetto (by email pminetto@moundcotton.com)
Kathleen M. Miller (by email kmiller@skjlaw.com)
Todd C. Jacobs (by email tjacobs@bradleyriley.com)
John E. Bucheit (by email jbucheit@bradleyriley.com)
Tancred Schiavoni (by email tschiavoni@omm.com)
Daniel Shamah (by email dshamah@omm.com)
John O'Connor (by email joconnor@steptoe.com)
Brett Grindrod (by email bgrindrod@steptoe.com)
Harris B. Winsberg (by email harris.winsberg@troutman.com)
Margaret H. Warner (by email mwarner@mwe.com)
Ryan S. Smethurst (by email rsmethurst@mwe.com)
Bruce W. McCullough (by email bmccullough@bodellbove.com)
Bruce D. Celebrezze (by email bruce.celebrezze@clydeco.us)
Konrad R. Krebs (by email konrad.krebs@clydeco.us)
David Christian (by email dchristian@dca.law)
Deirdre M. Richards (by email drichards@finemanlawfirm.com)
Susan N.K. Gummow (by email sgummow@fgppr.com)
Michael A. Rosenthal (by email mrosenthal@gibsondunn.com)
James Hallowell (by email jhallowell@gibsondunn.com)
Keith R. Martorana (by email kmartorana@gibsondunn.com)
Matthew G. Bouslog (by email mbouslog@gibsondunn.com)
Lorraine Armenti, Esquire (by email larmenti@cmg.law)
Michael Hrinewski, Esquire (by email mhrinewski@cmg.law)
Britton C. Lewis (by email bcl@crlaw.com)
David M. Fournier (by email david.fournier@troutman.com)
Marcy J. McLaughlin Smith (by email marcy.smith@troutman.com)
Harris B. Winsberg (by email harris.winsberg@troutman.com)