# HOGAN◆McDANIEL
## ATTORNEYS AT LAW

Daniel K. Hogan, Esquire
Telephone  (302) 656-7540
Facsimile  (302) 656-7599

Email: dan@dkhogan.com

1311 Delaware Avenue
Wilmington, Delaware 19806

November 26, 2021

**Via Hand-Delivery & CM/ECF**
The Honorable Laurie S. Silverstein, Chief Judge
United States Bankruptcy Court
824 North Market St., 6th floor
Wilmington, DE 19801

> Re:    **In re Boy Scouts of America, LLC, et al. Case No. 20-10343 (LSS)**
> **Motion to Quash Deposition Subpoenas Served on**
> **Eisenberg Rothweiler Winkler Eisenberg & Jeck, P.C.**

Dear Judge Silverstein:

Eisenberg Rothweiler Winkler Eisenberg & Jeck, P.C. ("Eisenberg Rothweiler") moves this Court to quash the deposition subpoenas issued by the Zurich Insurers to Eisenberg attorneys, Stewart Eisenberg, Josh B. Schwartz and Rita Assetto-Sherry, on November 24, 2021 (the "Deposition Subpoenas").[1]  In support of the motion, Eisenberg Rothweiler submits this letter brief and the Declaration of Daniel K. Hogan, Esq. attached hereto as Exhibit A (the "Hogan Declaration"), and respectfully states as follows:

## Preliminary Statement

The Deposition Subpoenas – served before the Court has even ruled on the relevancy of their document subpoenas – further evidence the Zurich Insurers' unsubstantiated attack on Eisenberg Rothweiler. The Zurich Insurers rushed to serve the Deposition Subpoenas just five days after the Court held a contested hearing on their motion to compel document production and before the Court had an opportunity to rule on the motion.[2] This is the Zurich Insurers' third attempt to obtain discovery from Eisenberg Rothweiler based on continually unsubstantiated allegations that the firm committed some type of wrongdoing in connection with the claims filing process. Nonetheless, and without even waiting for the Court's imminent ruling on the relevancy of this discovery, the Zurich Insurers have elected to continue their baseless attacks on Eisenberg Rothweiler.

The Zurich Insurers have not and cannot establish that the depositions of Eisenberg Rothweiler attorneys would lead to information that is relevant to plan confirmation.  But even if they could, the probative value of such evidence pales in comparison to the legitimate interests of Eisenberg Rothweiler and its clients in protecting privileged and commercially sensitive

---

[1] The Deposition Subpoenas are attached to the Hogan Declaration as Exhibit 1, Exhibit 2 and Exhibit 3.

[2] The Zurich Insurers' motion to compel was filed at docket number 7241. The document subpoena is attached as Exhibit 7 to *the Declaration of Robert D. Cecil, Jr. in Support of Zurich Insurers' Letter to the Honorable Chief Judge Laurie Selber Silverstein Seeking an Order Compelling Eisenberg Rothweiler to Comply with a Subpoena to Produce Responsive Documents* [D.I. 7241-1].

The Honorable Laurie S. Silverstein
November 26, 2021
Page 2

information. Accordingly, the Deposition Subpoenas should be quashed.  Eisenberg Rothweiler respectfully requests that the Court hear this matter at the next available hearing.

## Background

The factual background set forth in Eisenberg Rothweiler's November 18 letter brief  is incorporated herein by reference.[3]

## Argument

Eisenberg Rothweiler requests that the Court quash the Deposition Subpoenas pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure. Rule 45(d)(3) provides, in pertinent part, that a court *must* quash a subpoena that subjects a nonparty to undue burden or requires disclosure of privileged or other protected matter, if no exception or waiver applies.[4]  In addition, a court *may* quash a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information...."[5]

## A.    The Deposition Testimony Is Not Relevant to Confirmation

As a threshold matter, the subpoenaing party must show that the information sought satisfies the relevancy requirements of Rule 26(b)(1).[6] A subpoena that seeks nonrelevant information is unduly burdensome and must be quashed.[7] Here, the Zurich Insurers cannot show that the discovery they seek is relevant to confirmation. First, the deposition testimony is not relevant to plan solicitation or voting because Eisenberg Rothweiler is not using a master ballot to cast votes for its clients. Eisenberg Rothweiler's clients are casting individual ballots pursuant to the court-approved solicitation procedures. Second, the claims allowance process is not at issue in the context of plan confirmation, and the merits of the claims will be addressed post-confirmation by an estate fiduciary.  No objections to Eisenberg Rothweiler's clients' claims have been filed and such claims are prima facie valid under Bankruptcy Rule 3001(f) and deemed allowed under 11 U.S.C. § 502(a).  Lastly, the discovery sought is also not relevant to Eisenberg Rothweiler's conduct in signing the proofs of claim.  Eisenberg Rothweiler not only had authority to sign those

---

[3] See D.I. 7332, at 2-3.

[4] Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

[5] Fed. R. Civ. P. 45(d)(3)(B)(i).

[6] *Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015) ("Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery, which also applies to a Rule 45 subpoena."); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014)  ("The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1)").

[7] *In re Kayati, No. 15-24280 (JNP)*, 2018 WL 2059800, at *5 (Bankr. D.N.J. Apr. 30, 2018) ("Parties that do not have any relevant, non-privileged information, are entitled under the undue burden standard to the quashing of subpoena issued to him.") (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 77 (S.D.N.Y. 2003)).

The Honorable Laurie S. Silverstein
November 26, 2021
Page 3

proofs of claim under its retainer agreements, [8] but the firm likely had an ethical obligation to do so. Moreover, as noted on the record of the November 19 hearing, Eisenberg Rothweiler's conduct can hardly be questioned given that approximately 90% of Abused In Scouting's approximately 15,000 clients have now signed their own proofs of claim forms to date.

Furthermore, several federal courts, including courts in this District, have adopted the *Shelton* rule, which imposes a heightened burden on a party seeking to depose another party's counsel such that, in addition to relevancy, the subpoenaing party must also show that (i) the information sought is "crucial" to its case and (ii) deposing the party's counsel is the only means by which such information can be obtained. [9] The *Shelton* rule derives from the legitimate concern that "[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." The Zurich Insurers cannot establish that the information sought is relevant under the Rule 26(b) standard, much less that it is "crucial" to the preparation of their case or that it cannot be obtained by other means as required under *Shelton*. The Deposition Subpoenas should be quashed.

**B.      The Deposition Subpoenas May Not Seek Information That Is Protected by the Attorney-Client Privilege or Work Product Doctrine**

It is axiomatic that the Zurich Insurers may not use depositions to obtain information that is protected by the attorney-client privilege or the work product doctrine. [10] Based on the Zurich Insurers' document requests, Eisenberg Rothweiler believes that the Zurich Insurers intend to question Eisenberg Rothweiler on topics concerning the time spent, methods used, and information gathered by Eisenberg Rothweiler while investigating and evaluating its clients' claims. This information is unquestionably protected by the work product doctrine as it concerns counsel's

---

[8] A redacted copy of Abused In Scouting's form retainer agreement is attached as Exhibit B to the Verified Statement of Abused In Scouting Pursuant to Rule of Bankruptcy Procedure 2019, dated August 9, 2021 [D.I. 5923-2].

[9]   *Shelton v. Am. Motors Corp.* 805 F.2d 1323, 1327 (8th Cir. 1987) (holding that depositions of an adversary's counsel are limited to when "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.") s*ee also Ricoh Co. v. Oki Data Corp.,* No. CA 09-694-SLR, 2011 WL 3563142, at *2 (D. Del. Aug. 15, 2011) (adopting *Shelton* and stating, "this court recognizes that deposing opposing counsel is not an absolute right, but instead an exception for which a basis must be established"); *Allergan Inc. v. Pharmacia Corp.*, No. CIV.A.01-141-SLR, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (adopting the *Shelton* rule; *but see In re FKF Madison Grp. Owner, LLC,* No. 10-11867 (KG), 2012 WL 13032955, at *3 (Bankr. D. Del. Oct. 12, 2012) (noting that some courts in the Third Circuit have rejected *Shelton* in favor of the more flexible standard under Federal Rule 26).

[10] Fed. R. Civ. P. 45(d)(3)(A)(iii).

The Honorable Laurie S. Silverstein
November 26, 2021
Page 4

mental impressions of the merits of the claims and/or details underlying attorney-client communications. [11]

## C.    Eisenberg Rothweiler's Interest In Protecting Privileged and Confidential Commercial Information Outweighs Zurich Insurers' Need for the Depositions

In addition to satisfying the threshold relevancy standard, the subpoenaing party "must demonstrate that its need for discovery outweighs the nonparty's interest in disclosure."[12] Eisenberg Rothweiler and its clients have a strong interest in keeping information related to Eisenberg Rothweiler's claim investigation confidential.  At a minimum, there is a material risk that attorney-client privileged communications or work product could be disclosed or that the Zurich Insurers would use the deposition to gain an unfair litigation advantage. Indeed, "the *Shelton* rule was designed 'out of concern that the relationship between attorneys and clients be protected,' and seeks to 'protect against the ills of deposing opposing counsel in a pending case which could potentially lead to disclosure of the attorney's litigation strategy.'" [13] It is patently unfair to Eisenberg Rothweiler's clients, and would stand as an abuse of the discovery process, were the Zurich Insurers permitted to depose Eisenberg Rothweiler given the Zurich Insurers' clear financial interest in disallowing as many of Eisenberg Rothweiler's clients' claims as possible. Certainly, the Zurich Insurers have not justified such invasive discovery based on the evidence presented to date.

Similarly, Eisenberg Rothweiler should not be required to testify about its confidential business practices, including its third-party partners and financing sources, based on this record. This information is confidential commercial information under Rule 45(d)(3)(B)(i). When commercial information is at issue, courts generally analyze four factors: (i) relevance, (ii) need, (iii) confidentiality, and (iv) harm. [14]  These factors weigh strongly in Eisenberg Rothweiler's favor. Eisenberg Rothweiler has a legitimate interest in protecting commercial non-public information from the Zurich Insurers in these cases and others.  By contrast, the Zurich Insurers

---

[11] *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses."); *see also Shelton*, 805 F.2d at 1326 (holding that "where … the deponent is opposing counsel and has engaged in a selective process of compiling documents from among voluminous files in preparation for litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected as work product."); *Turkmen v. Ashcroft*, No. 02-CV-2307 (JG), 2006 WL 1517743, at *5 (E.D.N.Y. May 30, 2006) ("Even details about an attorney-client communication other than its substance-for example, when it occurred relative to other critical events, how long it lasted, where the attorney and client were when they communicated-might reveal information protected by the attorney work-product doctrine.").
[12] *Verisign*, 2015 WL 7960976, at *1 (quoting *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV–12–08261, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014)).
[13] *In re FKF Madison Grp. Owner, LLC*, 2012 WL 13032955, at *3 (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003); *Pamida, Inc. V. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002)).
[14] *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

The Honorable Laurie S. Silverstein
November 26, 2021
Page 5

cannot establish that the information sought is relevant to confirmation or that they have a substantial need for the information.

### **Compliance With Local Rule 7026-1**

Before filing this motion, counsel for Eisenberg Rothweiler offered to meet and confer with counsel for the Zurich Insurers after the Court rules on the Zurich Insurers' motion to compel. The undersigned submits that, under the circumstances, the good faith requirements under Local Rule 7026-1, to the extent applicable, are satisfied. [15]

### **Conclusion**

For the foregoing reasons, Eisenberg Rothweiler respectfully requests that the Court quash the Deposition Subpoenas.

Sincerely yours,

*/s/ Daniel K. Hogan*

Daniel K. Hogan

cc:

Robert Cecil (by email rcecil@trplaw.com)
Matthew G. Summers (by email summersm@ballardspahr.com)
Chantelle D. McClamb (by email mcclambc@ballardspahr.com)
Michael J. Joyce (by email mjoyce@mjlawoffices.com)
Margaret M. Anderson (by email panderson@foxswibel.com)
Ryan T. Schultz (by email rschultz@foxswibel.com)
Adam A. Hachikian (by email ahachikian@foxswibel.com)
Stamatios Stamoulis (by email stamoulis@swdelaw.com)
Richard Charles Weinblatt (by email weinblatt@swdelaw.com)
Mark D. Plevin (by email mplevin@crowell.com)
Kevin Cacabelos (via email kcacabelos@crowell.com)
Kelly T. Currie (by email kcurrie@crowell.com)
Clifford J. Zatz (by email czatz@crowell.com)
Tacie H. Yoon (by email tyoon@crowell.com)

---

[15] Eisenberg Rothweiler notes that since it is a nonparty to these proceedings, technical compliance with Local Rule 7026-1(d) is not required. Nonetheless, Eisenberg Rothweiler's counsel has and will continue to work in good faith with Zurich Insurers' counsel to attempt to resolve discovery disputes.

The Honorable Laurie S. Silverstein
November 26, 2021
Page 6

Nimi Aviad (by email naviad@crowell.com)
Rachel Jankowski (by email rjankowski@crowell.com)
Danielle Giffuni (by email dgiffuni@crowell.com)
Danielle Rowan (by email drowan@crowell.com)
Lloyd A. Gura (by email lgura@moundcotton.com)
Pamela J. Minetto (by email pminetto@moundcotton.com)
Kathleen M. Miller (by email kmiller@skjlaw.com)
Todd C. Jacobs (by email tjacobs@bradleyriley.com)
John E. Bucheit (by email jbucheit@bradleyriley.com)
Tancred Schiavoni (by email tschiavoni@omm.com)
Daniel Shamah (by email dshamah@omm.com)
John O'Connor (by email joconnor@steptoe.com)
Brett Grindrod (by email bgrindrod@steptoe.com)
Harris B. Winsberg (by email harris.winsberg@troutman.com)
Margaret H. Warner (by email mwarner@mwe.com)
Ryan S. Smethurst (by email rsmethurst@mwe.com)
Bruce W. McCullough (by email bmccullough@bodellbove.com)
Bruce D. Celebrezze (by email bruce.celebrezze@clydeco.us)
Konrad R. Krebs (by email konrad.krebs@clydeco.us)
David Christian (by email dchristian@dca.law)
Deirdre M. Richards (by email drichards@finemanlawfirm.com)
Susan N.K. Gummow (by email sgummow@fgppr.com)
Michael A. Rosenthal (by email mrosenthal@gibsondunn.com)
James Hallowell (by email jhallowell@gibsondunn.com)
Keith R. Martorana (by email kmartorana@gibsondunn.com)
Matthew G. Bouslog (by email mbouslog@gibsondunn.com)
Lorraine Armenti, Esquire (by email larmenti@cmg.law)
Michael Hrinewski, Esquire (by email mhrinewski@cmg.law)
Britton C. Lewis (by email bcl@crlaw.com)
David M. Fournier (by email david.fournier@troutman.com)
Marcy J. McLaughlin Smith (by email marcy.smith@troutman.com)
Harris B. Winsberg (by email harris.winsberg@troutman.com)