**Exhibit 5**

**Excerpts of November 12, 2021 Hearing Transcript**

```
                 UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF DELAWARE

                                        .   Chapter 11
IN RE:                                  .
                                        .   Case No. 20-10343 (LSS)
BOY SCOUTS OF AMERICA AND               .
DELAWARE BSA, LLC,                      .
                                        .   Courtroom No. 2
                                        .   824 North Market Street
                                        .   Wilmington, Delaware 19801
                                        .
                     Debtors.           .   Friday, November 12, 2021
. . . . . . . . . . . . . . . . . . .       10:00 A.M.

               TRANSCRIPT OF OMNIBUS HEARING
         BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
                 UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For the Debtor:            Derek Abbott, Esquire
                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                           1201 North Market Street, 16th Floor
                           Wilmington, Delaware 19899

                           - and -

                           Jessica C. Lauria, Esquire
                           Glenn Kurtz, Esquire
                           WHITE & CASE LLP
                           1221 Avenue of the Americas
                           New York, New York 10020

Audio Operator:            LaCrisha Harden, ECRO

Transcription Company:     Reliable
                           1007 N. Orange Street
                           Wilmington, Delaware 19801
                           (302)654-8080
                           Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1  TELEPHONIC APPEARANCES (Cont'd):

 2  For the Debtors:           Adrian Azer, Esquire
                                HAYNES & BOONE LLP
 3                              800 17th Street NW, Suite 500
                                Washington, DC 20006
 4
    For Century:               Tancred Schiavoni, Esquire
 5                              O'MELVENY & MYERS LLP
                                Times Square Tower
 6                              7 Times Square
                                New York, New York 10036
 7
    For the FCR:               Robert Brady, Esquire
 8                              YOUNG CONAWAY STARGATT & TAYLOR LLP
                                Rodney Square
 9                              1000 North King Street
                                Wilmington, Delaware 19801
10
    For Tort Claimants:        James Stang, Esquire
11                              PACHULSKI STANG ZIEHL JONES LLP
                                10100 Santa Monica Blvd., 13th Floor
12                              Los Angeles, California 90067

13                             - and -

14                             Debra Grassgreen, Esquire
                                PACHULSKI STANG ZIEHL & JONES LLP
15                              One Market Plaza, Spear Tower
                                40th Floor
16                              San Francisco, California 94105

17  For the Coalition of       David Molton, Esquire
    Abused Scouts for          BROWN RUDNICK LLP
18  Justice:                   7 Times Square
                                New York, New York 10036
19
    For the U.S. Trustee:      David Buchbinder, Esquire
20                              UNITED STATES DEPARTMENT OF JUSTICE
                                OFFICE OF THE UNITED STATES TRUSTEE
21                              844 King Street, Suite 2207
                                Lockbox 35
22                              Wilmington, Delaware 19801

23

24

25
```

```
 1  APPEARANCES (Cont'd):

 2  For Zalkin Law Firm:      Thomas Patterson, Esquire
                              KTBS LAW LLP
 3                            1801 Century Park East, 26th Floor
 4                            Los Angeles, California 90067

 5  For Guam Abuse            Delia Lujan Wolff, Esquire
    Survivors:                LUJAN & WOLFF LLP
 6                            238 Archbishop FC Flores
                              Suite 300
 7                            Hagatna, Guam 96910

 8  For Survivor Creditors:   Andrew Goldfarb, Esquire
                              ZUCKERMAN SPAEDER LLP
 9                            1800 M Street NW, Suite 1000
10                            Washington, DC 20036

11  For Eisenberg             Daniel Hogan, Esquire
    Rothweiler, Winkler,      HOGAN MCDANIEL
12  Eisenberg & Jeck:         1311 Delaware Avenue
                              Wilmington, Delaware 19806
13
14  For the AIG Companies:    Michael Rosenthal, Esquire
                              GIBSON, DUNN & CRUTCHER LLP
15                            200 Park Avenue
                              New York, New York 10166
16

17

18

19

20

21

22

23

24

25
```

MATTERS GOING FORWARD:

Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief (D.I. 7118, filed 11/10/2021)

   **Court's Ruling:   Matter Continued**

1  problematic.  There are three law firms that represent those
2  clients and you only had permission from one.
3          MS. GRASSGREEN:  I understand that, Your Honor. I
4  will tell you we did it on advice of ethics counsel.  We
5  previously (indiscernible) TCC notices.
6          THE COURT:  That is really interesting that you
7  felt the need to get advice of ethics counsel for that.  That
8  is very telling.  And I will be interested in hearing that
9  advice that the committee got because I find that very
10 problematic especially because the committee knows that the
11 lawyers disagree.  The lawyers disagree, the committee knows
12 it.
13         The committee turned a private attorney/client
14 communication that was not a solicitation into a solicitation
15 endorsed by the committee.  The question is what do I do about
16 it that doesn't create more confusion, that doesn't prejudge
17 issues that are in front of me, but you can hear my very
18 strong preliminary thoughts?
19         How do I, because I have the preliminary thoughts I
20 have, permit a letter to go to clients, forget for the moment
21 the non-clients, but the clients in what I think could be a
22 breach of professional ethics?
23         MS. GRASSGREEN:  Well, Your Honor, if I could, we
24 don't want to create more problems.  We are really, really
25 working hard, and we did work hard with the parties, to try to

1  come to a consensus on this and I think there are two
2  competing things going on here, right, which you have just hit
3  the nail on the head.
4           One is we don't want to create more confusion and
5  we don't want to prejudge issues.  So the other point that Mr.
6  Stang made is that an email has gone out to all of the
7  parties, right, saying this was sent to you in error. I
8  believe it went, and Mr. Lucas is on the phone I can confirm,
9  saying you shouldn't have gotten this email, we apologize.
10          It was initially our view that it be a very simple
11 letter.  We apologize for any confusion, we weren't meaning to
12 endorse it, and leaving all the other issues to Wednesday. I
13 guess the question is should we wait until Wednesday to send
14 something and then whatever you rule --
15          THE COURT:  I don't think we can.  I think the more
16 time that passes the more potential there is for taint of the
17 vote that the committee has caused.
18          MS. GRASSGREEN:  I mean the other alternative, Your
19 Honor, that I can suggest is that -- I mean for our firm to
20 sign something that this was defamatory when you haven't made
21 that ruling we're not comfortable with it, we don't think its
22 right to say it was inappropriate, false.  You haven't made
23 those findings.  I hear your preliminary comments.
24          THE COURT:  Does the committee have a view?
25          MS. GRASSGREEN:  Well we don't believe it was

1  defamatory as a legal matter, but we will brief it if it gets
2  raised.
3           THE COURT:  No.  I'm asking if the committee has a
4  view.  The committee has now had time to think about this.
5  Does the committee have a view?
6           MS. GRASSGREEN:  We -- I don't think everything in
7  -- I think Mr. Kosnoff's cover email was inflammatory.  I do
8  not disagree with that, Your Honor.  The letter -- many of the
9  points in the letter it was inconsistent with -- it was
10 perhaps inconsistent with disclosure, but I don't think there
11 is anything wrong with that.  It's his view to his clients.
12 It's a letter he had already sent.
13          I don't necessarily, Your Honor, but my suggestion
14 that I think might help with this is that if other -- we used
15 the PSZJ email address to send the letter from Mr. Kosnoff.
16 We're happy to use that same email address and send the letter
17 that the debtor wants sent, if you tell us to do it, that they
18 signed from the same email address; same exact level of
19 implied endorsement.  But for us to say it when you haven't
20 determined it yet and it hasn't been addressed is different.
21          I personally, in the discussions over the course of
22 the last day I thought that the two groups needed to be
23 treated differently, that it would be super confusing for
24 someone who is not a Kosnoff client to get something talking
25 about Kosnoff's clients, and his communications because

1               MR. STANG:  Okay.

2               THE COURT:  Quite clear.  Okay.

3               MS. GRASSGREEN:  Your Honor, could I suggest maybe
4  we look at the text of the letter; would that be a productive
5  way to proceed at this point?

6               THE COURT:  I'm looking at the text of the letters.
7  I've been thinking about the text of the letters.  Yes, Ms.
8  Grassgreen, I think that is the most important thing.

9               But I also hear that Mr. Goldfarb does not want a
10  communication with his client.  He thinks that's further
11  confusing for his clients and, therefore, I think his clients
12  need to be taken off any communications.  I would also like
13  the Committee today, forthwith, to communicate with counsel or
14  other represented recipients to find out whether they want a
15  further communication to their client or not, and those
16  requests need to be honored.

17              I said at the beginning or somewhere near the
18  beginning that I am concerned with communications to
19  represented parties.  I am concerned to unrepresented, too.  I
20  don't know quite what to do with that, but I am concerned with
21  communications to represented parties who have their own
22  counsel who should be communicating with them and may be
23  trying, themselves, to clear up the confusion, and another
24  email may just be more confusion.

25              So, the Committee, today, forthwith, is to figure

1  out who on their list is represented by counsel and reach out
2  to them to find out what they want.
3           MS. GRASSGREEN:  Absolutely, Your Honor.
4           MR. STANG:  Your Honor, just to make --
5           MS. GRASSGREEN:  Absolutely.  Mr. Stang --
6  absolutely, Your Honor.  We will take care of it.  I'm
7  actually going to ask --
8           MR. STANG:  Your Honor, no -- this is a fact that
9  Ms. Grassgreen isn't aware of.  Mr. Goldfarb's firm, at one
10 time, was parking lot of AIS and I would appreciate if he
11 could communicate to us because the Coalition, or AIS -- AIS,
12 I'm sorry -- AIS may ultimately say to us, send out the -- or
13 you will say, send out the letter that includes AIS people,
14 but Mr. Goldfarb's client --
15          THE COURT:  AIS isn't going to say that.  As you
16 pointed out, they're not going to agree.
17          MR. STANG:  Okay.  Well, anyway, I just wanted to
18 alert you to the fact that Mr. Goldfarb has some of his own
19 clients and some of his clients are part of AIS; that's all I
20 wanted to tell you.  And we'll have to work that out with
21 Mr. Goldfarb, I guess.
22          THE COURT:  Yes.
23          MR. STANG:  I'm sorry, I know Ms. Grassgreen
24 doesn't want me to handle this hearing, and I didn't want to,
25 but there are some additional things that I know because of

1  counsel.  We are adjourned.
2              COUNSEL:  Thank you, Your Honor.
3        (Proceedings concluded at 12:09 p.m.)
4
5
6
7
8                         CERTIFICATE
9
10      We certify that the foregoing is a correct transcript
11 from the electronic sound recording of the proceedings in the
12 above-entitled matter.
13
14 /s/Mary Zajaczkowski                November 12, 2021
   Mary Zajaczkowski, CET**D-531
15
16 /s/William J. Garling               November 12, 2021
   William J. Garling, CE/T 543
17
18 /s/ Tracey J. Williams              November 12, 2021
   Tracey J. Williams, CET-914
19
20
21
22
23
24
25