# EXHIBIT 2

# Giroud, Bridget

| | |
|---|---|
| **From:** | Lutsky, Jeffrey |
| **Sent:** | Friday, November 26, 2021 6:30 PM |
| **To:** | Stamatios Stamoulis |
| **Cc:** | Giroud, Bridget |
| **Subject:** | Today's Meet and Confer |
| **Attachments:** | Cradle of Liberty Certification Signed 08.20.21-c1.pdf |

Stam, thank you for the meet and confer conference today. During the call, you identified two requests where you sought confirmation from COLC that it had, as previously represented to Century, produced all responsive non-privileged documents in its possession, custody or control.

The first of these was Request No. 7 and more specifically you asked whether COLC had produced all responsive non-privileged documents concerning any negotiation or evaluation of or objection to its claim contribution. I can again confirm that COLC has no additional responsive and non-privileged documents to produce regarding its claim contribution. Please recall our previous information to Century that COLC did not negotiate or calculate this figure, which was assigned to COLC by the Ad Hoc Committee. While you mentioned to me that some local councils raised objections to or were dissatisfied their assigned claim contribution, COLC was not one of them.

You also asked whether COLC had any incident reports or investigative materials concerning the abuse claims allegedly involving the COLC. I can confirm that as we previously informed Century, any incident reports, investigative materials or other documentation concerning abuse claims were delivered to the BSA per the BSA's long-standing policy, and that as required by this BSA policy no copies were retained by COLC. Accordingly, despite the objections made by COLC to this document request, COLC has no documents to produce to Century. You asked me whether we could identify the bates range for such materials from the BSA's production. As I've informed Century before, COLC, as a non-party, did not have access to or visibility into the Debtors' document production. I suggested you direct your question to the BSA.

Finally, we discussed the membership roster information produced by the BSA with information populated by the COLC. You agreed with me that these spreadsheets, which Century has reviewed, provides all the information necessary concerning the COLC rosters during the time period covered by any of the 685 or so claimants allegedly involving the COLC. You further told me you needed our assistance in authenticating those spreadsheets so that they would usable by Century in the bankruptcy proceedings. COLC can provide you with an affidavit, if requested, that the information contained in the spreadsheets concerning COLC's roster information is accurate, came from the records of the COLC and that such records were maintained by the COLC in the ordinary course of its business. I also direct your attention to the Roster Search Certification dated August 19, 2021, which I attach hereto and was executed in connection with the Fourth Stipulation.

Stam, I have covered all of the requests for further documents or information you identified in our meet and confer conference today and, as set forth above, COLC has no additional documents to produce. Accordingly, there are no outstanding discovery disputes between our clients. Please confirm that Century will withdraw its pending discovery motion against COLC so that my client incurs no further unnecessary legal costs or expenses.

bio | vcard | email | map | website

**Jeffrey A. Lutsky**
Co-Chairman and Managing Partner
Stradley Ronon Stevens & Young, LLP
p:215.564.8087 | c: 215.479.8077
f: 215.564.8120



2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018

This e-mail is from the law firm of Stradley Ronon Stevens & Young, LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and attachments. Thank you.

## Roster Search Certification

The following certification is made in compliance with Paragraph 6(f)(iii) of the *Fourth Stipulation by and among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Case No. 20-50527; Dkt. No. 162-1] (the "*Fourth Stipulation*"). Capitalized terms not defined herein have the meanings given in the Fourth Stipulation.

I am a representative of _Cradle of Liberty_ Council (the "Producing Council"). I hereby make the following certifications (and no others) under penalty of perjury:

1) On _July 30, 2021_, the Producing Council received a Claims List from the National BSA (the "Subject Claims List").

2) With respect to each Survivor on the Subject Claims List, the Producing Council has conducted a reasonable good faith search for all Rosters in its possession, custody, or control that identify the Survivor, as described in Paragraphs 6(b)-(e) of the Fourth Stipulation.

3) The Producing Council has provided the Rosters in its possession, custody, or control that it has found as a result of the search described in Paragraphs 6(b)-(e) of the Fourth Stipulation that identify the Survivors on the Subject Claims List to the National BSA.

Signed: _[signature]_

Date: _August 19, 2021_

Title: _Scout Executive & CEO_

Council: _Cradle of Liberty_