# EXHIBIT D

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

TODD M. BROOKS
DIRECT LINE (410) 347-9421
DIRECT FAX (410) 234-2318
TBrooks@wtplaw.com

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

November 26, 2021

**Via Electronic Mail**

Stamatios Stamoulis, Esq.
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com

    Re: **Century Indemnity Company's Subpoena Duces Tecum to Baltimore Area Council Boy Scouts of America, Inc.**

Stam,

  On Tuesday (11/23), the Court directed Century to meet and confer with the Baltimore Area Council to determine whether we can narrow or resolve our disputes in advance of the continued hearing on Century's motion to compel, which now is scheduled for Monday (11/29).

  As you know, the Baltimore Area Council does not believe that Century is addressing this matter in good faith or taking this process seriously. Among other things, each time Century identifies any so-called "disputes," Century subsequently changes its position. On November 7, Century sent the Baltimore Area Council a form letter that identifies disputes over 33 of the 47 requests in the subpoena. Four days later, at our initial meet and confer on November 11, Century did not discuss 19 of those 33 requests and raised additional requests over which it claimed a new dispute. Five days later, Century filed its motion to compel (even though we had not completed our meet and confer); the motion to compel identifies 27 requests over which Century claims a dispute, 13 of which we did not discuss on November 11.

  Even after Tuesday's hearing, Century continues to change its position. On November 24, in anticipation of our second meet and confer, which we have scheduled for this afternoon, the Baltimore Area Council requested that Century "identify in advance which of the 27 document requests [in the motion to compel] Century wants to discuss." In response, Century identifies 9 requests on which Century has not moved to compel.[1]

  Further, Century's purported efforts to "narrow" the disputes among the parties seems to be a façade. Century knows that the Baltimore Area Council is not a party to this case and is not participating in confirmation discovery—except with respect to Century's subpoena. Nevertheless, on November 23, Century asked the Baltimore Area Council to answer questions that it knows the Baltimore Area Council cannot answer on its own. Specifically, Century requested that we "identify

---

[1]  *See* 11/24 (5:19 p.m.) Stamoulis E-mail (identifying Request Nos. 1, 2, 3, 4, 5, 6, 8, 12 and 34).

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

Stamatios Stamoulis, Esq.
November 26, 2021
Page 2

the bates ranges" for certain material "found in the Debtor's … production."[2] Rather than require Century to direct its inquiries to the BSA, the Baltimore Area Council contacted the Ad Hoc Committee of Local Councils (the "AHC"), hoping that the AHC might be able to provide answers. Fortunately, the AHC promptly responded and we now have answered each of Century's questions.[3]

Century should withdraw its motion to compel. In addition to the productions that Century received from the BSA and the AHC (apparently before it filed its motion to compel), the Baltimore Area Counsel already has made two productions totaling more than 1,400 documents. The only remaining dispute is whether the Baltimore Area Council should be required—for a third time—to review hundreds of thousands of custodian materials to identify *privileged* documents (also in the possession of the BSA and the AHC) that, in any event, the Baltimore Area Council has no authority to produce. Century should not continue to waste the Court's time with this matter.

To aid our discussion this afternoon, below are the following document requests that Century wishes to address from its motion to compel.[4] We have highlighted each request a particular color to indicate one of the following:

Grey: the Baltimore Area Council has no responsive documents

Green: the Baltimore Area Council already has produced all non-privileged responsive documents

Black: the Baltimore Area Council already has produced all non-privileged responsive documents; however, the Baltimore Area Council *has not* produced materials it received from the BSA (or one of its advisors) or the AHC; for these unproduced documents, the Baltimore Area Council maintains its objections; as an initial matter, these documents plainly are in the possession of the BSA or the AHC; further, these documents are subject to the common-interest agreement (we previously identified) among the BSA, the AHC and the Baltimore Area Council and, therefore, the Baltimore Area Council has no authority to produce them; for this additional reason, Century should seek these documents from the BSA and the AHC, which have the authority to produce them (and already may have)

---

[2]   *See* 11/23 (6:04 p.m.) Stamoulis E-mail.

[3]   *See* 11/24 (2:21 p.m.) Brooks E-mail; 11/24 (4:20 p.m.) Brooks E-mail.

[4]   *See* 11/24 (5:19 p.m.) Stamoulis E-mail (identifying Request Nos. 7, 10, 13, 14, 15, 16, 17, 18, 19, 25 (1st), 27 (1st), 25 (2nd), 27 (2nd), 28 and 33).

Stamatios Stamoulis, Esq.
November 26, 2021
Page 3

### A.     Board and Committee Minutes about Bankruptcy

RFP No. 7: "… Documents (including presentations) … exchanged between the Debtors and members of Your Council Executive Board, Council Executive Committee … Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, and/or the Hartford Settlement Agreement."

RFP No. 10: "All Documents Concerning Communications with [representatives of the claimants] Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, Abuse Claims and/or the Hartford Settlement Agreement."

RFP No. 13: "All Documents and Communications that **BSA exchanged** with Your Local Council Concerning the Chapter 11 Cases, a Plan of Reorganization for the Debtors, the Fifth Amended Plan of Reorganization, the TDPs, the Abuse Claims and/or the Hartford Settlement Agreement."

### B.     Baltimore Area Council's Contribution to the Settlement Trust

RFP No. 14: "… Documents that Your Council Executive Board, Council Executive … reviewed and/or relied upon in evaluating and/or determining the amount of Your Local Council's contribution to the Settlement Trust."

RFP No. 15: "… Communications among members of Council Executive Board, Council Executive Committee …Concerning the amount of Your Local Council's contribution to the Settlement Trust."

RFP No. 16: "… Documents that Your Council Executive Board, Council Executive Committee … reviewed and/or relied upon in … determining the amount of Your Local Council's contribution to the Settlement Trust."[1]

RFP No. 18: "All Documents Concerning the **methodology** that was employed to allocate the aggregate **contribution** by all Local Councils to the Settlement Trust to individual Local Councils including any allocation by percentage or other means of the aggregate contribution to individual Local Councils."

RFP No. 19: "All Documents Concerning the **calculation** and/or **determination** of the amount of Your Local Council's **contribution** to the Settlement Trust."

RFP No. 28: "The Database, electronic spreadsheet, data and/or other information that was used to determine the amount of Your Local Council's **contribution** to the Settlement Trust."

### C.     Abuse Claims Against Baltimore Area Council

RFP No. 17: "… Documents **authored or generated by Bates White** Concerning the POCs, … the Abuse Claims against the Debtors …."

RFP No. 25 [(2nd)]: "All Documents **authored or generated by Bates White** Concerning Abuse Claims asserted or alleged against Your Local Council."

Stamatios Stamoulis, Esq.
November 26, 2021
Page 4

RFP No. 27 [(2nd)]: "... Documents … Concerning Abuse **Claims** asserted on behalf of individuals that you were unable to confirm were scouts in Your Local Council."

RFP No. 33: "All **incident reports** generated by Your Local Council in connection with the Proofs of Claim filed in these Chapter 11 Cases, including any and all supporting documentation attached to those incident reports."

**D.     Baltimore Area Council Agreements with Chartering Organizations that are the Basis of Confirmation Objections by the Charters**

RFP No. 25: "…Documents and Communications Concerning the POCs filed by any of the Chartered Organizations in these Chapter 11 Cases."

**E.     Baltimore Area Council's Assets**

[*resolved*]

**F.     Feasibility**

RFP No. 27: "… Documents … Concerning membership projections, including any Documents and Communications reflecting analysis of the impact that the disassociation of one or more Chartered Organizations from the Debtors and/or Your Local Council would have on the Debtors' membership levels and revenue projections and/or Your Local Council's membership levels."

**Privilege Log**

As you know, the Baltimore Area Council's privilege log identifies more than 4,500 e-mails and attachments protected from disclosure as privileged and/or work product. It is unreasonable to demand that the Baltimore Area Council log each of these e-mails.

                                                                Sincerely,

                                                                /s/ Todd M. Brooks
                                                                Todd M. Brooks

12047946