IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## VERIFIED STATEMENT OF JANET, JANET & SUGGS, LLC PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submits this verified statement in the jointly administered chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors").

1.    Each of the clients set forth on **Exhibit 1** hereto (the "JJS Clients") has retained Janet, Janet & Suggs, LLC ("**JJS**") to represent him or her as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants. Exhibit 1 sets forth the names of the JJS Clients as of the date of this filing, together with the nature and amount of disclosable economic interests held by each of them in relation to the Debtor and the other information require to be disclosed by Bankruptcy Rule 2019. True and correct copies of exemplar engagement agreements between JJS and the JJS Clients are attached hereto as **Exhibit 2**.

2.    JJS does not represent the interests of, and are not fiduciaries for, any abuse claimant, other creditor, party in interest, or other entity that has not signed an engagement agreement with JJS.

3.    In March of 2020, JJS retained Jacobs & Crumplar, P.A. and the Neuberger Firm, PA to serve as Delaware local counsel and to, among other things, sponsor the *pro hac vice* applications of JJS attorneys, review any pleadings to be filed, and consult with JJS on matters of

bankruptcy and Delaware law and procedure. Local counsel is compensated by hourly fee paid by JJS. The fee agreement between JJS and local counsel is attached hereto as **Exhibit 3**. Local counsel does not have an interest in the claims asserted by any of the JJS Clients.

3.  The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the Order *(I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 6438] and not for any other purpose.

4.  Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of any of the JJS Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the JJS Clients to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (III) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver or release of any rights any of the JJC Clients may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the JJS Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the JJS Clients are or may be entitled, in law or equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; (viii) a waiver or release of any of the JJS Clients' rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury

tort actions tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

5. The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

6. The undersigned verifies that the foregoing is true and correct, to the best of the undersigned's knowledge and belief.

          Respectfully submitted,

          /s Raeann Warner
          Raeann Warner, Esquire (No. 4931)
          Jacob & Crumplar
          750 Shipyard Dr., Suite 200
          Wilmington, DE 19801
          Phone: 302-656-5445
          Fax: 302-656-5975
          Email: Raeann@jcdelaw.com

          Stephen J. Neuberger, Esq. (No. 4440)
          The Neuberger Firm
          17 Harlech Dr.
          Wilmington, DE 19807
          Phone: 302-655-0582
          Fax: 302-656-5875
          Email: sjn@neubergerlaw.com

          and

          **Janet, Janet & Suggs, LLC**

          s/ Gerald D. Jowers, Jr.
          Gerald D. Jowers, Jr., Esq. (*pro hac vice*)
          801 Gervais St. Suit B
          Phone: 803-726-0050
          Facsimile: 803-727-1059
          Email: Gjowers@JJSjustice.com

4

# EXHIBIT 1

# JJS Clients

| Last Name | First Name | POC Number | Address | Affiliate Counsel (if applicable) | Economic Interest |
|---|---|---|---|---|---|
| ▨▨ | ▨▨▨▨ | SA- 3585 | c/o Janet, Janet & Suggs, LLC 801 Gervais St., Suite B, Columbia SC 29201 | N/A | Unliquidated Abuse Claim |
| ▨▨ | ▨▨▨ | SA-21108 | c/o Janet, Janet & Suggs, LLC 801 Gervais St., Suite B, Columbia SC 29201 | N/A | Unliquidated Abuse Claim |
| ▨▨▨▨▨ | ▨▨▨ | SA-70996 | c/o Janet, Janet & Suggs, LLC 801 Gervais St., Suite B, Columbia SC 29201 | N/A | Unliquidated Abuse Claim |
| ▨▨▨ | ▨▨ | SA-24629 | c/o Janet, Janet & Suggs, LLC 801 Gervais St., Suite B, Columbia SC 29201 | N/A | Unliquidated Abuse Claim |
|  |  |  |  |  |  |

# EXHIBIT 2

# Exemplar Engagement Agreements

## AGREEMENT OF REPRESENTATION

1. **PARTIES.** This Agreement of Representation (this "Agreement") is made and entered into by ▓▓▓▓▓▓▓▓▓▓ ("Client") and Janet, Janet & Suggs, LLC ("JJS"), (collectively, the "Parties).

2. **PURPOSE OF AGREEMENT.** The purpose of this Agreement is to define the scope of legal services that are expected to be provided to Client by JJS, and the respective duties and responsibilities of the Parties.

3. **SCOPE OF REPRESENTATION.** Client hereby retains JJS to evaluate a potential sexual abuse or misconduct claim arising out of injuries sustained by ▓▓▓▓▓▓▓▓ on or about ▓▓▓▓▓▓, and if JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

   Client understands that the deadline, known as the statute of limitation, to file a sexual abuse claim has expired, but that the right to bring any such claim may be revived for a limited time. If JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

   If at any time, JJS determines it would not be reasonable or practical to continue to represent Client then JJS will so inform Client, and will terminate JJS's representation of Client. If a lawsuit has been filed as of the time JJS determines it would not be reasonable or practical to continue to represent Client, Client hereby consents to JJS and any co-counsel withdrawing their appearance in the lawsuit.

   Any appellate work in any litigation commenced in this matter is beyond the scope of, and not covered by, this Agreement, and would be the subject of a separate representation agreement. Client understands that neither JJS nor any co-counsel shall be obligated to undertake any such appellate work.

4. **ATTORNEYS' FEES AND CASE COSTS.** Client's representation by JJS in this matter will be handled on a contingency basis. In consideration for the obligations taken on by JJS in this Agreement, Client shall pay JJS ▓▓▓▓▓▓ of any gross amounts recovered by them in this matter, unless otherwise governed by applicable law.

   JJS, in its sole discretion, reserves the right to hire local or other co-counsel to assist JJS in the pursuit of any of its obligations hereunder. Client understands that any agreement with local or other co-counsel will NOT increase the contingency fee payable by Client. **CLIENT UNDERSTANDS THAT CLIENT OWES NO ATTORNEYS' FEES UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.**

   If any settlement or award calls for periodic payments, the attorneys' fee payable will be based on the present value of the settlement or award, and will be payable from the initial lump sum portion of any such settlement or award.

   JJS and/or co-counsel will advance case costs that they in their sole discretion deem necessary to evaluate and pursue this matter. Case costs may include, but are not limited to, costs incurred or paid in connection with obtaining medical records, hiring medical and other experts, obtaining transcripts of deposition or trial testimony, copying, travel and creating trial exhibits.

All case costs payable by Client shall be deducted from Client's recovery after calculation of attorneys' fees, and not before, unless otherwise required by applicable law. CLIENT UNDERSTANDS CLIENT HAS NO RESPONSIBILITY TO REIMBURSE JJS OR ANY CO-COUNSEL FOR ANY CASE COSTS UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

5. NO GUARANTEE. Client understands that JJS has made no representations or guarantees as to what result can be obtained or as to the successful conclusion of Client's case, and that no specific outcome is or can be guaranteed or assumed.

6. BINDING AGREEMENT AND APPLICABLE LAW. Client understands that this Agreement sets forth the entire agreement between Client and JJS. This Agreement is binding on and applies to the Parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns. This Agreement can only be modified by a written document signed by the Parties. This Agreement shall be governed by the laws of the State of Maryland.

7. RIGHT TO OBTAIN INDEPENDENT ADVICE. Client has a right to obtain independent legal advice regarding the terms of this Agreement.

I/We have read and fully understand this Agreement and agree to the terms stated herein.

_____  _____  5-6-19
Client's signature            Client's printed name            Date

JANET, JANET & SUGGS, LLC

_____  3/21/19
By: Richard M. Serbin            Date

## AGREEMENT OF REPRESENTATION

1. PARTIES. This Agreement of Representation (this "Agreement") is made and entered into by ▬▬▬▬▬▬ ("Client") and Janet, Janet & Suggs, LLC ("JJS"), (collectively, the "Parties).

2. PURPOSE OF AGREEMENT. The purpose of this Agreement is to define the scope of legal services that are expected to be provided to Client by JJS, and the respective duties and responsibilities of the Parties.

3. SCOPE OF REPRESENTATION. Client hereby retains JJS to evaluate a potential sexual abuse or misconduct claim arising out of injuries sustained by ▬▬▬▬▬▬ on or about ▬▬▬▬▬▬, and if JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

If at any time, JJS determines it would not be reasonable or practical to continue to represent Client, then JJS will so inform Client and will terminate JJS's representation of Client. If a lawsuit has been filed as of the time JJS determines it would not be reasonable or practical to continue to represent Client, Client hereby consents to JJS and any co-counsel withdrawing their appearance in the lawsuit.

Any appellate work in any litigation commenced in this matter is beyond the scope of, and not covered by, this Agreement, and would be the subject of a separate representation agreement. Client understands that neither JJS nor any co-counsel shall be obligated to undertake any such appellate work.

4. ATTORNEYS' FEES AND CASE COSTS. In consideration for said legal representation, Janet, Jenner & Suggs, LLC's compensation shall be of a contingent fee basis in accordance with the following schedule: ▬▬▬▬▬▬ of any gross amounts recovered prior to the filing of a lawsuit, or ▬▬▬▬▬▬ of any gross amounts recovered after the filing of a lawsuit.

JJS, in its sole discretion, reserves the right to hire local or other co-counsel to assist JJS in the pursuit of any of its obligations hereunder. Client understands that any agreement with local or other co-counsel will NOT increase the contingency fee payable by Client. CLIENT UNDERSTANDS THAT CLIENT OWES NO ATTORNEYS' FEES UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

If any settlement or award calls for periodic payments, the attorneys' fee payable will be based on the present value of the settlement or award, and will be payable from the initial lump sum portion of any such settlement or award.

JJS and/or co-counsel will advance case costs that they in their sole discretion deem necessary to evaluate and pursue this matter. Case costs may include, but are not limited to, costs incurred or paid in connection with obtaining medical records, hiring medical and other experts, obtaining transcripts of deposition or trial testimony, computer-aided legal research, copying, travel and creating trial exhibits.

All case costs payable by Client shall be deducted from Client's recovery after calculation of attorneys' fees, and not before, unless otherwise required by applicable law. CLIENT UNDERSTANDS THAT CLIENT HAS NO RESPONSIBILITY TO REIMBURSE JJS OR ANY CO-COUNSEL FOR ANY CASE COSTS UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

5. PERIOD OF INVESTIGATION AND DEADLINES. Client understands that evaluation of Client's case may take several months or longer after Client signs and JJS receives the Agreement that

Client has signed and after JJS obtains any and all documents and information necessary to evaluate the merits of pursing this matter beyond the evaluation process.

Client understands that the law imposes deadlines for filing a lawsuit, and in some cases, notifying defendants in advance of filing a lawsuit. Client understands that failure to meet applicable deadlines would prevent Client from recovering any compensation in this matter. Client understands that JJS will not take action to meet these deadlines prior to JJS determining that it would be reasonable and practical to pursue this matter beyond evaluation. Client understands that other lawyers may be willing to notify defendants of any claim Client may have and/or file a lawsuit on Client's behalf before determining that Client has a meritorious claim, but that JJS will only move forward beyond evaluation after JJS determines in its sole discretion that Client has a meritorious claim. Client accepts the risk that the statute of limitations or any deadline to notify potential defendants of a claim may expire before JJS completes its evaluation of this matter.

6.   NO GUARANTEE. Client understands that JJS has made no representations or guarantees as to what result can be obtained or as to the successful conclusion of Client's case, and that no specific outcome is or can be guaranteed or assumed.

7   BINDING AGREEMENT AND APPLICABLE LAW. Client understands that this Agreement sets forth the entire agreement between Client and JJS. This Agreement is binding on and applies to the Parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns. This Agreement can only be modified by a written document signed by the Parties. This Agreement shall be governed by the laws of the State of Maryland.

8.   CLIENT'S RIGHT TO INDEPENDENT COUNSEL. Client has a right to obtain independent legal advice regarding the terms of this Agreement.

**I/We have read and fully understand this Agreement and agree to the terms stated herein.**

| ███████████ | ███████████ | 08/15/2019 |
|---|---|---|
| Client's signature | Client's printed name | Date |

JANET, JANET & SUGGS, LLC

_[signature]_

By: _____    Date: _____

## **AGREEMENT OF REPRESENTATION**

Agreement of Representation (this "Agreement") is made and entered into by ▓▓▓▓▓▓▓ ("Client") and Janet, Janet & Suggs, LLC ("JJS"), (collectively, the "Parties).

2. PURPOSE OF AGREEMENT. The purpose of this Agreement is to define the scope of legal services that are expected to be provided to Client by JJS, and the respective duties and responsibilities of the Parties.

3. SCOPE OF REPRESENTATION. Client hereby retai▓▓▓▓▓▓▓ntial sexual abuse or misconduct claim arising out of injuries sustained by ▓▓▓▓▓▓▓ on or about ▓▓▓▓▓▓▓ and if JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

If at any time, JJS determines it would not be reasonable or practical to continue to represent Client, then JJS will so inform Client and will terminate JJS's representation of Client. If a lawsuit has been filed as of the time JJS determines it would not be reasonable or practical to continue to represent Client, Client hereby consents to JJS and any co-counsel withdrawing their appearance in the lawsuit.

Any appellate work in any litigation commenced in this matter is beyond the scope of, and not covered by, this Agreement, and would be the subject of a separate representation agreement. Client understands that neither JJS nor any co-counsel shall be obligated to undertake any such appellate work.

4. ATTORNEYS' FEES AND CASE COSTS. In consideration for said legal representation, Janet, Janet & Suggs, LLC's compensation shall be of a contingent fee basis in accordance with the followin  schedule: ▓▓▓▓▓▓ of any gross amounts recovered prior to the filing of a lawsuit, or ▓▓▓▓▓▓ of any gross amounts recovered after the filing of a lawsuit.

JJS, in its sole discretion, reserves the right to hire local or other co-counsel to assist JJS in the pursuit of any of its obligations hereunder. Client understands that any agreement with local or other co-counsel will NOT increase the contingency fee payable by Client. CLIENT UNDERSTANDS THAT CLIENT OWES NO ATTORNEYS' FEES UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

If any settlement or award calls for periodic payments, the attorneys' fee payable will be based on the present value of the settlement or award, and will be payable from the initial lump sum portion of any such settlement or award.

JJS and/or co-counsel will advance case costs that they in their sole discretion deem necessary to evaluate and pursue this matter. Case costs may include, but are not limited to, costs incurred or paid in connection with obtaining medical records, hiring medical and other experts, obtaining transcripts of deposition or trial testimony, computer-aided legal research, copying, travel and creating trial exhibits.

All case costs payable by Client shall be deducted from Client's recovery after calculation of attorneys' fees, and not before, unless otherwise required by applicable law. CLIENT UNDERSTANDS THAT CLIENT HAS NO RESPONSIBILITY TO REIMBURSE JJS OR ANY CO-COUNSEL FOR ANY CASE COSTS UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

5. PERIOD OF INVESTIGATION AND DEADLINES. Client understands that evaluation of Client's case may take several months or longer after Client signs and JJS receives the Agreement that

Client has signed and after JJS obtains any and all documents and information necessary to evaluate the merits of pursing this matter beyond the evaluation process.

Client understands that the law imposes deadlines for filing a lawsuit, and in some cases, notifying defendants in advance of filing a lawsuit. Client understands that failure to meet applicable deadlines would prevent Client from recovering any compensation in this matter. Client understands that JJS will not take action to meet these deadlines prior to JJS determining that it would be reasonable and practical to pursue this matter beyond evaluation. Client understands that other lawyers may be willing to notify defendants of any claim Client may have and/or file a lawsuit on Client's behalf before determining that Client has a meritorious claim, but that JJS will only move forward beyond evaluation after JJS determines in its sole discretion that Client has a meritorious claim. Client accepts the risk that the statute of limitations or any deadline to notify potential defendants of a claim may expire before JJS completes its evaluation of this matter.

6. NO GUARANTEE. Client understands that JJS has made no representations or guarantees as to what result can be obtained or as to the successful conclusion of Client's case, and that no specific outcome is or can be guaranteed or assumed.

7 BINDING AGREEMENT AND APPLICABLE LAW. Client understands that this Agreement sets forth the entire agreement between Client and JJS. This Agreement is binding on and applies to the Parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns. This Agreement can only be modified by a written document signed by the Parties. This Agreement shall be governed by the laws of the State of Maryland.

8. CLIENT'S RIGHT TO INDEPENDENT COUNSEL. Client has a right to obtain independent legal advice regarding the terms of this Agreement.

**I/We have read and fully understand this Agreement and agree to the terms stated herein.**

_____     _____     _____
Client's signature                  Client's printed name              Date


JANET, JANET & SUGGS, LLC

_____                             11/11/20
By:                                                Date

**AGREEMENT OF REPRESENTATION**

1.  PARTIES. This Agreement of Representation (this "Agreement") is made and entered into by ▮▮▮▮▮ ("Client") and Janet, Janet & Suggs, LLC ("JJS"), (collectively, the "Parties).

2.  PURPOSE OF AGREEMENT. The purpose of this Agreement is to define the scope of legal services that are expected to be provided to Client by JJS, and the respective duties and responsibilities of the Parties.

3.  SCOPE OF REPRESENTATION. Client hereby retains JJS to evaluate a potential sexual abuse or misconduct claim arising out of injuries sustained by ▮▮▮▮▮ on or about ▮▮▮▮▮, and if JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

Client understands that the deadline, known as the statute of limitation, to file a sexual abuse claim has expired, but that the right to bring any such claim may be revived for a limited time. If JJS in JJS's sole discretion determines it is reasonable and practical to pursue this matter beyond the evaluation stage, and thus to attempt to take further action in an effort to recover compensation for Client, Client hereby retains JJS to do so.

If at any time, JJS determines it would not be reasonable or practical to continue to represent Client then JJS will so inform Client, and will terminate JJS's representation of Client. If a lawsuit has been filed as of the time JJS determines it would not be reasonable or practical to continue to represent Client, Client hereby consents to JJS and any co-counsel withdrawing their appearance in the lawsuit.

Any appellate work in any litigation commenced in this matter is beyond the scope of, and not covered by, this Agreement, and would be the subject of a separate representation agreement. Client understands that neither JJS nor any co-counsel shall be obligated to undertake any such appellate work.

4.  ATTORNEYS' FEES AND CASE COSTS. Client's representation by JJS in this matter will be handled on a contingency basis. In consideration for the obligations taken on by JJS in this Agreement, Client shall pay JJS ▮▮▮▮▮ of any gross amounts recovered by them in this matter, unless otherwise governed by applicable law.

JJS, in its sole discretion, reserves the right to hire local or other co-counsel to assist JJS in the pursuit of any of its obligations hereunder. Client understands that any agreement with local or other co-counsel will NOT increase the contingency fee payable by Client. CLIENT UNDERSTANDS THAT CLIENT OWES NO ATTORNEYS' FEES UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

If any settlement or award calls for periodic payments, the attorneys' fee payable will be based on the present value of the settlement or award, and will be payable from the initial lump sum portion of any such settlement or award.

JJS and/or co-counsel will advance case costs that they in their sole discretion deem necessary to evaluate and pursue this matter. Case costs may include, but are not limited to, costs incurred or paid in connection with obtaining medical records, hiring medical and other experts, obtaining transcripts of deposition or trial testimony, copying, travel and creating trial exhibits.

All case costs payable by Client shall be deducted from Client's recovery after calculation of attorneys' fees, and not before, unless otherwise required by applicable law. CLIENT UNDERSTANDS CLIENT HAS NO RESPONSIBILITY TO REIMBURSE JJS OR ANY CO-COUNSEL FOR ANY CASE COSTS UNLESS THERE IS A RECOVERY ON CLIENT'S BEHALF.

5.  NO GUARANTEE. Client understands that JJS has made no representations or guarantees as to what result can be obtained or as to the successful conclusion of Client's case, and that no specific outcome is or can be guaranteed or assumed.

6.  BINDING AGREEMENT AND APPLICABLE LAW. Client understands that this Agreement sets forth the entire agreement between Client and JJS. This Agreement is binding on and applies to the Parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns. This Agreement can only be modified by a written document signed by the Parties. This Agreement shall be governed by the laws of the State of Maryland.

7.  RIGHT TO OBTAIN INDEPENDENT ADVICE. Client has a right to obtain independent legal advice regarding the terms of this Agreement.

**I have read and fully understand this Agreement and agree to the terms stated herein.**

| | | 09/16/2020 |
|---|---|---|
| Client's signature | Client's printed name | Date |

JANET, JANET & SUGGS, LLC

| | 09/16/2020 |
|---|---|
| By: | Date |

7

# EXHIBIT 3

# Local Counsel Fee Agreement

## ATTORNEY ASSOCIATION AGREEMENT

This Agreement is made between Janet, Janet & Suggs, LLC and any successors and/or assigns (hereinafter referred to as LEAD COUNSEL); and Jacobs & Crumplar, P.A. and The Neuberger Firm, P.A. (herein referred to as DELAWARE COUNSEL).

In consideration of the mutual promises herein contained, the parties agree as follows:

1. **PURPOSE:** LEAD COUNSEL wishes to pursue claims or causes of action against The Boy Scouts of America who have filed for bankruptcy in Delaware, and wish to associate DELAWARE COUNSEL for the purposes of moving their admission pro hac vice, entering their appearance and for other purposes. This Agreement is intended to set forth the roles, procedures, and sharing of costs and fees covered by this Agreement.

2. **SERVICES AND RESPONSIBILITIES OF LEAD COUNSEL:**

    (a) LEAD COUNSEL shall pay all costs and expenses associated with the prosecution of each claim;

    (b) LEAD COUNSEL agrees to perform all substantive legal services in litigating said claims throughout the litigation, including but not limited to the preparation of all substantive pleadings, briefs, memorandum and written and oral discovery, as well as all in-court oral argument;

    (c). Strategic issues shall be decided at the sole discretion of LEAD COUNSEL.

    (d). Historically, the Delaware courts have placed great emphasis on civility and professionalism. LEAD COUNSEL agrees to review and abide by the Principles of Professionalism for Delaware Lawyers found here:
    https://courts.delaware.gov/rules/pdf/PPDL-LN.pdf

1

(e). If these matters reach the discovery stage, LEAD COUNSEL will consult with DELAWARE COUNSEL as to the applicable rules, procedures and expectations that apply to litigation in Delaware.

3. **SERVICES AND RESPONSIBILITIES OF DELAWARE COUNSEL:**

(a). DELAWARE COUNSEL shall be responsible for filings in the Delaware Courts and shall perform legal research, give advice, and provide analysis of any legal issues particular to Delaware specific, local procedural or substantive law that may impact upon the prosecution of each claim in the local court.

(b). DELAWARE COUNSEL shall furnish LEAD COUNSEL with copies of any local forms and other documents relating to Clients' claims, and shall assist LEAD COUNSEL in obtaining Pro Hac Vice admittance for each filed claim.

(c). DELAWARE COUNSEL shall not be responsible for primarily representing clients at motions, hearings, depositions and/or at trial unless and until DELAWARE COUNSEL and LEAD COUNSEL agree otherwise prior to the motion/hearing/deposition.

(d). Although Delaware law allows non-Delaware counsel to actively prosecute and serve as Lead Counsel in cases filed in the courts of Delaware, local rules require that any party in a Delaware case must have as one of his attorneys an attorney licensed to practice law in Delaware. Moreover, these rules require that pleadings may only be signed by Delaware counsel and that no out-of-state counsel is allowed to participate in the Court unless they are accompanied by Delaware counsel and are admitted as a "pro hac" basis. Pro hac out-of-state counsel must also agree to abide by all

Delaware rules and procedures. Notwithstanding the understanding that DELAWARE COUNSEL is serving as "Local Counsel" with limited responsibilities, it is understood that Delaware Courts require far more extensive involvement. The Delaware Chancery Court made it clear "... that the Delaware lawyer who appears in an action always remains responsible to the Court for the case and its presentation." *State Line Ventures, LLC v. RBS Citizens, N.A.*, 2009 WL 4723372 (Del. Ch. Dec. 2, 2009).

(e). Practice in Delaware courts is unique. Delaware state and federal courts expect local counsel to do more than simply sign a pleading. They expect all pleadings to be thoroughly and seriously reviewed before the local counsel signs their name to it. It is not a rubber stamp here. As a result, LEAD COUNSEL agrees that when there is a pleading to be filed, it will be provided with enough lead time to allow such a thorough and serious review to be conducted by DELAWARE COUNSEL.

4. **RECOVERY OF COSTS AND/OR EXPENSES:**

(a). DELAWARE COUNSEL shall be entitled to recover all reasonable costs and/or expenses it incurs from LEAD COUNSEL. Said costs and expenses do not include the payment of employee salary or overhead expenses.

(b). DELAWARE COUNSEL will bill LEAD COUNSEL quarterly for all costs incurred with this/these case(s). DELAWARE COUNSEL shall be reimbursed within 30 days of the quarterly invoice to LEAD COUNSEL for reasonable expenses, supported by appropriate back-up documentation, incurred by DELAWARE COUSEL in discharging its obligations as local counsel.

5. **COMPENSATION/ATTORNEY FEES:** For Clients covered by this Agreement, LEAD COUNSEL agrees to pay to DELAWARE COUNSEL, in accordance with the Rules of Professional Conduct prescribed by The Delaware Bar and/or the Supreme Court of Delaware, at their hourly rate of $☒/hr. for attorney time and $☒/hr. for paralegal time. LEAD COUNSEL will be billed approximately monthly.

6. **TIME FOR DIVISION OF FEES AND PAYMENT OF COSTS:** It is agreed that all attorneys shall be paid simultaneously and that LEAD COUNSEL and DELAWARE COUNSEL each shall have a lien on their respective attorney fees, costs and/or expenses, by way of assignment, received in cases covered by this Agreement.

7. **JURISDICTION AND VENUE:** This Agreement shall be construed under and in accordance with the laws of the State of Delaware and, the rights, duties, and obligations regarding any matter and/or issued covered by this Agreement shall be governed by the laws of the State of Delaware.

8. It is the intention of the parties to comply with both the Delaware, Model Rules of Professional Conduct any other applied State Disciplinary Rules of Professional Conduct and all of the ethical rules that may be applicable from time to time to the action of the Parties in accordance with this Agreement. In the event that performance of the terms of this Agreement would violate any applicable ethics rules, the Parties agree to negotiate in good faith concerning the application of this Agreement on the terms that would comply with all applicable ethics rules.

9. LEAD COUNSEL and DELAWARE COUNSEL represent that they each carry malpractice insurance. If DELAWARE COUNSEL requests it, LEAD COUNSEL will provide

to DELAWARE COUNSEL a copy of his, her, or its legal malpractice insurance declarations sheet.

LEAD COUNSEL:

BY: _____    Date:  3/16/20

Janet, Janet & Suggs, LLC

DELAWARE COUNSEL

BY: _____    Date:  3/16/20

BY: _____    Date:  3/17/20