

Clyde & Co LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
USA
Telephone: +415 365 9800
Facsimile: +415 365 9801
www.clydeco.com

Bruce D. Celebrezze
bruce.celebrezze@clydeco.us

Konrad R. Krebs*
konrad.krebs@clydeco.us
*Licensed in PA and NJ

November 29, 2021

<u>via CM/ECF</u>

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

**Re:     In re Boy Scouts of America
          U.S. Bankruptcy Court, D. Del., Case No. 20-10343 (LSS)**

Dear Judge Silverstein:

As part of the discovery in this matter, on November 3, 2021, Certain Insurers[1] issued a Rule 30(b)(6) deposition notice to the Coalition of Abused Scouts for Justice (the "Coalition"). *See* Exhibit A. In response to that notice, over three weeks later, on November 26, 2021, counsel for the Coalition informed the noticing parties that the Coalition is refusing to offer any witness on any topic noticed for deposition, arguing that Rule 30(b)(6) does not apply to the Coalition. *See* Exhibit B. The Coalition does not suggest this it does not possess relevant evidence, but rather contends that it need not appear for deposition. Because the text and commentary to Rule 30(b)(6) directly reflect that it is intended to apply to an organization or entity such as the Coalition, Certain Insurers hereby move this Court to compel the Coalition to produce a witness or witnesses in response to their deposition notice.[2] Alternatively, the Coalition must be precluded from affirmatively participating in discovery and plan confirmation.

## I.     Scope of Rule 30(b)(6)

In support of its position, the Coalition argues that, as an ad hoc group, it is wholly exempt from producing a witness under Rule 30(b)(6). This position ignores both the text of, and commentary on, Rule 30(b)(6). Rule 30(b)(6) provides that a party "may name as the deponent a public or

---

[1] The Certain Insurers are the undersigned parties.
[2] In response to the Coalition's initial letter raising the present issues, counsel for Great American conferred with counsel for the Coalition on November 16, 2021, on behalf of Great American and the Certain Insurers. Ten days later, the Coalition announced that it would not produce a witness or witnesses to testify.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix,
San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.



private corporation, a partnership, an association, a governmental agency, or *other entity*.+ (Emphasis added.) The Coalition squarely falls within the "other entity" category of organizations. The Notes of the Advisory Committee to the 2007 amendments to Rule 30(b)(6) reflect that the rule is intended to capture entities such as the Coalition:

> "[O]ther entity+ is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries.

Bankruptcy Rule 2019 applies to "groups, committees, and entities.+ Within this case, the Coalition has filed at least four separate verified statements pursuant to Rule 2019. *See* [ECF Nos. 1053, 1106, 1429, 1997, 4658]. Therefore, the Coalition is unquestionably a group, committee, or entity. The Coalition's most recent Rule 2019 filing informs the Court that its members are bound by an engagement letter with Coalition "State Court Counsel,+ that the Coalition has its own governing bylaws, and that the Coalition has a six member Advisory Board. *See* [ECF No. 1997]. The Coalition has retained both its own professionals and its own attorneys. The Coalition's retention agreement makes clear that Brown Rudnick has been retained by the Coalition, and not any individual member. *See* [ECF No. 1997, Ex. A-2]. The Coalition's 2019 statements reflect that the Coalition is comprised of tens of thousands of claimants against the debtors, who have retained common counsel through their attorneys to represent them in the bankruptcy.

The Coalition, as an entity, has been actively involved in every aspect of these bankruptcy proceedings. The Coalition is a Plan supporter and, as has been revealed in ongoing discovery, participated significantly in crafting the current version of the Plan, including the drafting and negotiation of the Trust Distribution Procedures that are currently the subject of discovery. *See, e.g.,* February 2, 2021 Email from David Molton, BSA-Plan_0553040, attached as Exhibit C. The Coalition, as an entity, was a signatory to the original Restructuring Support Agreement as one of the "RSA Parties,+ and the Coalition has argued to the Court that, as an entity, it has made a substantial contribution to the bankruptcy, warranting payment of over $10 million in Coalition professional fees. *See* [ECF No. 5466], p. 1 (identifying the Coalition as an "RSA Party+); [ECF No. 5466-2], p. 81 (authorizing payment of $10.5 million in Coalition professional fees as part of the Restructuring Support Agreement); [ECF No. 5466-2], p. 30 (David Molton signature page entering into the RSA on behalf of the Coalition); [ECF No.5745], pp 5-17 (Coalition joinder to Debtors'RSA approval motion arguing in support of payment of the Coalition's fees). Under the Plan, the Coalition, as an entity, has the right to initially appoint five of the seven individuals on the Settlement Trust Advisory Committee, constituting a supermajority of the Settlement Trust Advisory Committee. *See* [ECF No. 6212], p. 168. The Coalition has both issued and responded to discovery on an organizational basis, including serving its own requests for production of documents, requests for admission, interrogatories, and Rule 30(b)(6) deposition notices on numerous parties. *See*, *e.g.,* Coalition Rule 30(b)(6) deposition notices to insurers, attached as Exhibit D. Further, the Coalition did not raise any issue about its ability to respond to interrogatories on an organizational basis as part of its interrogatory objections. *See* Coalition Response to Insurers'Interrogatories, attached as Exhibit E.



Simply put, the Coalition's argument that it is not an entity sufficiently organized to fall within the scope of Rule 30(b)(6) not only ignores Rule 30(b)(6) itself but is completely belied by the Coalition's own actions in this case. The Coalition time and time again has demonstrated that it is a highly organized entity that is participating extensively as an organization throughout this case. Given its extensive role in crafting the TDPs, the insurers are entitled to take the Coalition's Rule 30(b)(6) deposition. The Coalition cannot take advantage of the Court processes, participating in those aspects of the ongoing bankruptcy it deems to its benefit, and refuse to participate in the burdens (in this instance, minimal) imposed by the Federal Rules of Civil Procedure and the Bankruptcy Rules.

The Coalition's reliance on *In re Philadelphia Newspapers, LLC* (the only decision it has cited in support of its position) is misguided, as the case is wholly inapposite. 433 B.R. 553 (Bankr. E.D. Pa. 2010). The decision (a) rejects applicable Delaware authority and (b) predates amendments to Rule 2019 intended to reject the very argument the Coalition advances. Specifically, in *In re Washington Mut., Inc.*, 419 B.R. 271, 280 (Bankr. D. Del. 2009), the Delaware bankruptcy court held that a group of noteholders who had filed responsive pleadings and appeared at numerous hearings constituted an ad hoc committee that was required to comply with Bankruptcy Rule 2019. The fact that the District of Delaware treated the issue differently in *Washington Mutual* was directly acknowledged by the Eastern District of Pennsylvania in *Philadelphia Newspapers*. Because the present case is in the District of Delaware, *Washington Mutual* should be considered more persuasive.

Further, both cases acknowledge that their outcome could be affected by proposed 2011 amendments to Bankruptcy Rule 2019. *Washington Mutual* discussed that the proposed changes to Bankruptcy Rule 2019 addressed the "unique problems associated with collective action by creditors through *ad hoc* committees or groups," and would require disclosure for those groups in particular. *Id.* Those changes were enacted as discussed in the cases, and the Advisory Committee notes reflect that the 2011 amendments to Bankruptcy Rule 2019 were "to expand the scope of [the rule's] coverage and the content of its disclosure requirements. . . . Subdivision (b)(1) . . . extends the rule's coverage to groups or committees that *consist* of more than one creditor or equity security holder . . . . The rule applies to a group of creditors or equity security holders that act in concert to advance common interests . . . even if the group does not call itself a committee." Therefore, the rationale behind the *Philadelphia Newspapers* decision – even if it would have ever been persuasive in Delaware in light of *Washington Mutual* – is no longer supportable by the text of Rule 2019. That case does not support the proposition cited by the Coalition.

Therefore, because the text of, and advisory committee notes on Federal Rule of Civil Procedure 30(b)(6) reflect that it is intended to apply to entities such as the Coalition, this Court must compel the Coalition to produce a witness or witnesses pursuant to Rule 30(b)(6).

## II. Through This and Other Motions, the Coalition and Its Constituents Are Attempting to Wholly Exempt Themselves from Responsive Discovery

Although not the subject of this motion, it is important to highlight that the Coalition's refusal to comply with Rule 30(b)(6) deposition notices comes directly alongside motions from the Coalition's State Court Counsel to quash subpoenas issued to them directly. *See, e.g.,* [ECF No.



7466] (Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. Motion to Quash Deposition Subpoena); [ECF No. 7444] (Andrews & Thornton and ASK LLP Opposition to Motion to Compel Compliance with Subpoena); [ECF No. 7465] (Slater Shulman Motion to Quash Subpoena).

This is the exact situation that the text of Rule 30(b)(6) is contemplated to prevent. The Certain Insurers are seeking testimony about information that is solely in the Coalition's possession, such as the Coalition's role in the development of the Plan's Trust Distribution Procedures and the unusual "findings" that are part of Plan Article IX.A.2.a . IX.A.3.t. This is information that is solely in the Coalition's possession. The Coalition knows which witnesses were involved in this process, and which witnesses have the capacity to testify as to the topics noticed by the Certain Insurers. The Coalition's contention that neither the Coalition nor its State Court Counsel need to participate in discovery . despite that the Coalition has been and remains one of the most active participants in this case and acting consistently, regularly, and repeatedly on an organizational basis . completely belies the operation of the discovery rules.[3]

## III. Alternatively, The Coalition Must Be Precluded from Further Participating in Discovery and Confirmation

The District of Delaware has held that a Rule 30(b)(6) noticed entity "bears the responsibility of preparing its Rule 30(b)(6) witnesses on the noticed deposition topics, absent the entry of a protective order or an order granting a motion to quash." *Crawford v. George & Lynch, Inc.*, 19 F.Supp.3d 546, 556 (D. Del. 2013). Other federal courts have expressly held that the "proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 369, 406 (E.D.N.C. 2014).

Here, after waiting more than three weeks from the receipt of Certain Insurers' Rule 30(b)(6) deposition notices, the Coalition informed Certain Insurers that it would refuse to produce any witnesses in response to the notice. The District of Delaware has held that the court "may impose sanctions" under Rule 37 if a party does not appear for a deposition "after being served with proper notice." *Ethypharm S.A. France v. Abbot Laboratories*, 271 F.R.D. 82, 90 (D. Del. 2010). Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent . or a person designated under Rule 30(b)(6) . . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Available sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

Factors that courts consider when determining whether a party should be precluded from submitting evidence include: (1) prejudice or surprise in fact of party against whom excluded evidence would have been submitted; (2) ability of that party to cure prejudice; (3) extent to which waiver of discovery deadline would have disrupted orderly and efficient trial of case or of other cases in court; (4) bad faith or willfulness in failing to comply with a discovery order; and (5) the importance of the testimony or evidence to the party seeking its admission. *See Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1381 (Fed. Cir. 2005), *reversing Rhodia Chimie & Rhodia, Inc. v.*

---

[3] As stated in the Insurers' response to the motions to quash the notices issued to the State Court Counsel, there are other reasons why those depositions should proceed, even if the Court grants this motion to compel.



*PPG Indus., Inc.*, 303 F.Supp.2d 502 (D. Del. 2004); *Total Containment, Inc. v. Dayco Products, Inc.*, 177 F.Supp.2d 332, 341 (E.D. Pa. 2001).

Here, the Coalition's testimony on the topics noticed by the insurers will address critical confirmation issues. The Debtors have placed the "findings" and TDPs as central issues for confirmation. Discovery developed to date has revealed that the Coalition was the principal counterparty for the development of these Plan provisions. Certain Insurers would be highly prejudiced if the Coalition, or any other Plan proponent, including the Debtors, is able to present testimony on these issues at the hearing without the Coalition being subjected to examination via deposition in advance.

If indeed, as the Coalition suggests, it is exempt or unable to offer a witness or witnesses in response to Certain Insurers' 30(b)(6) deposition notice, then prohibiting its continued participation in confirmation discovery and from offering evidence at plan confirmation would be an appropriate sanction. If the Coalition lacks the organizational authority to offer witnesses on its behalf (a situation belied by its Rule 2019 filings), then its attorneys' ability to enter into the RSA on behalf of its constituents and to answer discovery on their behalf must also be called into question. Alternatively, if it does have this organizational authority, and merely does not want its actions to be scrutinized through deposition, then it cannot be allowed to participate only in affirmative discovery and affirmative plan confirmation activities. Such one sided participation for a core plan supporter would be grossly unfair and run contrary to the discovery rules.

## IV.    Conclusion

The Coalition asserts on one hand that it is not a legal entity apart from its members, and cannot provide a witness or witnesses to testify about its organizational activities. Yet, the Coalition has actively participated as an entity throughout this case in affirmative discovery and in development of the Plan. The Coalition cannot have it both ways. In effect, the Coalition is stating that, while it is fully capable of participating offensively, it is incapable of responding as an organization to discovery with regard to any time period. This is an untenable position given how active and organized the Coalition has been in this case. This Court should therefore compel the Coalition's 30(b)(6) deposition, or preclude the Coalition from further participating in this case on an affirmative basis.

Respectfully submitted,

*/s/ Bruce W. McCullough*
BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -



CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

/s/ Konrad R. Krebs
Konrad R. Krebs (*pro hac vice*)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

- and .

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email:  dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*

Robert D. Cecil, Jr. (No. 5317)
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, Delaware  19899-2092
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos (admitted pro hac vice)
Crowell & Moring LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800



E-mail: [mplevin@crowell.com](mailto:mplevin@crowell.com), [kcacabelos@crowell.com](mailto:kcacabelos@crowell.com)

Clifford J. Zatz (admitted pro hac vice)
Andrew Pruitt (admitted pro hac vice)
Tacie H. Yoon (admitted pro hac vice)
Brian C. Lewis (admitted pro hac vice)
Rachel A. Jankowski (admitted pro hac vice)
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
E-mail: [czatz@crowell.com](mailto:czatz@crowell.com), [apruitt@crowell.com](mailto:apruitt@crowell.com), [tyoon@crowell.com](mailto:tyoon@crowell.com), [blewis@crowell.com](mailto:blewis@crowell.com), [rjankowski@crowell.com](mailto:rjankowski@crowell.com)

*Attorneys for American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company*


COZEN O¢CONNOR

Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  [mbenedek@cozen.com](mailto:mbenedek@cozen.com)

*Counsel to Traders and Pacific Insurance Company and Endurance American Specialty Insurance Company*

*/s/ Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: [summersm@ballardspahr.com](mailto:summersm@ballardspahr.com)
[mcclambc@ballardpshar.com](mailto:mcclambc@ballardpshar.com)

-and-



Harry Lee*
John O Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted *pro hac vice*)

*Attorneys for Clarendon America Insurance Company, Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Company*

MORRIS JAMES LLP

/s/ Carl Kunz, III
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

- and .

/s/ Margaret M. Anderson
Margaret M. Anderson, Esq. (pro hac vice)
Ryan T. Schultz (pro hac vice)
Adam A. Hachikian (pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com

*Counsel for Old Republic Insurance Company*

SEITZ, VAN OGTROP & GREEN, P.A.



R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
POPEO PC
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Counsel for Liberty Mutual Insurance Company*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917



Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*


POST & SCHELL, P.C.

Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

IFRAH PLLC
George R. Calhoun (*pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company*


FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228



Email: drichards@finemanlawfirm.com

-and-

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:  mrosenthal@gibsondunn.com
            jhallowell@gibsondunn.com
            kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*


TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100



P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:     302.777.6500
Facsimile:      302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:     404.885.3000
Facsimile:      404.885.3900

-and-

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:     202.756.8228
Facsimile:      202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:     302.777.6500
Facsimile:      302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216



Telephone:      404.885.3000
Facsimile:      404.885.3900

-and-

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone: 312.281.0295

*Attorneys for National Surety Corporation and Interstate Fire & Casualty Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, Delaware  19899
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC  20006
Phone: (202) 719-7000
E-mail:  gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

cc:    All Counsel