

|   |   |
|---|---|
| 1801 Century Park East<br>Twenty-Sixth Floor<br>Los Angeles, California 90067 | voice: 310-407-4000<br>fax: 310-407-9090<br>www.ktbslaw.com |

rpfister@ktbslaw.com
Direct Dial: 310-407-4065

November 30, 2021

**VIA CM/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

      Re:    **In re Boy Scouts of America, 20-10343 (LSS) (D. Del.)**
              **Motion to Compel 30(b)(6) Deposition of the Coalition [Docket No. 7471]**

Dear Judge Silverstein:

      We write on behalf of Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC (the "Law Firms") in to join the Certain Insurers' letter motion to compel [Docket No. 7471] (the "Insurers' Motion") the 30(b)(6) deposition of the Coalition of Abuse Scouts for Justice (the "Coalition").  As part of confirmation related discovery in the above referenced chapter 11 case, on November 8, 2021, the Law Firms noticed the deposition of the Coalition [Docket No. 7001], pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, for November 29, 2021 at 10:00 a.m. EST.  The Coalition served objections and responses on the Law Firms and the Certain Insurers on November 10, 2021, and counsel for the Law Firms, the Certain Insurers, and the Coalition participated in a meet and confer call on November 16, 2021.  In correspondence following the meet and confer call, counsel to the Coalition stated that the Coalition refuses to offer any witness on any topic noticed for deposition on the basis that Rule 30(b)(6) purportedly does not apply to an entity or organization like the Coalition.  For the reasons stated herein and in the Insurers' Motion, the Law Firms respectfully submit that the Court should compel the Coalition to produce a 30(b)(6) witness to testify in response to the deposition notices.

      Without citation to applicable authority, the Coalition takes the position that, as an ad hoc group, it is exempt from producing a witness under Rule 30(b)(6).  This position is not supported by Rule 30(b)(6), which provides that a party "may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity."  The Notes of the Advisory Committee to the 2007 amendments to Rule 30(b)(6) reflect that the term "other entity" is intended to be broad.  Indeed, the Notes indicate that "[t]he purpose" of adding the term "other entity" to Rule 30(b)(6) "is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization."  By analogy, Bankruptcy Rule 2019 applies to "groups, committees, and entities," and the Coalition has filed at least four separate verified statements pursuant to Rule 2019 [Docket Nos. 1053, 1106, 1429, 1997, 4658].

Chief Judge Laurie Selber Silverstein
November 30, 2021
Page 2

      The Coalition is undoubtedly both an "organization" and "other entity." The Coalition is governed by an Advisory Board, operates pursuant to bylaws, and has retained bankruptcy counsel to act on behalf of the Coalition and not on behalf of any constituent law firm or claimant. *See, e.g.*, *Third Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [Docket No. 1997], at ¶ 2 & n.2; *Second Amended Verified Statement of Coalition of Abused Scouts for Justice Pursuant to Bankruptcy Rule 2019* [Docket No. 1429], at ¶ 10. The Coalition was a signatory to the Restructuring Support Agreement. *See* [Docket No. 5466-2]. Moreover, the Coalition is a supporter of the plan, a party to the mediation, and an active participant in the discovery process. Indeed, the Coalition appears to have issued at least fourteen deposition notices in these chapter 11 cases, *see, e.g.*, [Docket Nos. 7381, 6555, 6556, 6558-6564], and has propounded and responded to written discovery as well. The fact of the matter is that the Coalition acts on an organizational basis and holds itself out as an organization, including in connection with the formulation and negotiation of the plan and the TDPs and in its active participation in discovery in this bankruptcy case. The Coalition cannot, as an entity, avail itself of the court's discovery process, while at the same time denying it has the organizational capacity to render it subject to the reach of the Rule 30(b)(6).

      For the foregoing reasons and the reasons set forth in the Insurers' Motion, the Law Firms request that the Court compel the Coalition to produce a 30(b)(6) witness.

Respectfully submitted,

/s/ *Robert J. Pfister*
Robert J. Pfister

| | |
|---|---|
| KTBS LAW LLP | BIELLI & KLAUDER, LLC |
| Thomas E. Patterson (p*ro hac vice*) | David M. Klauder, Esquire (No. 5769) |
| Daniel J. Bussel (p*ro hac vice*) | 1204 N. King Street |
| Robert J. Pfister (p*ro hac vice*) | Wilmington, DE 19801 |
| Sasha M Gurvitz (p*ro hac vice*) | Phone: (302) 803-4600 |
| 1801 Century Park East, Twenty-Sixth Floor | Fax: (302) 397-2557 |
| Los Angeles, California 90067 | Email: dklauder@bk-legal.com |
| Telephone 310-407-4000 | |
| Email: tpatterson@ktbslaw.com; | |
|     dbussel@ktbslaw.com; | |
|     rpfister@ktbslaw.com; | |
|     sgurvitz@ktbslaw.com | |

*Counsel to each of The Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC*