# Exhibit "D"

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

| Fill in the information to identify the case (Select only one Debtor per form): |
|---|
| ☑ In re Boy Scouts of America, Case No. 20-10343 (LSS) |
| ☐ In re Delaware BSA, LLC, Case No. 20-10342 (LSS) |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under section 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. This form should <u>not</u> be used if you have a claim arising from sexual abuse and you were under the age of eighteen (18) at the time the sexual abuse began. If you have such a claim, you must file a Sexual Abuse Survivor Proof of Claim. For more information on how to file a Sexual Abuse Survivor Proof of Claim, go to: www.officialbsaclaims.com.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| **1. Who is the current creditor?** | West Valley Central School District |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No |
| | ☐ Yes   From whom? _____ |

| | | |
|---|---|---|
| **3. Where should notices and payments to the creditor be sent?** | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | James C. Thoman, Esq. | |
| | Name | Name |
| | 140    Pearl Street, Ste. 100 | |
| | Number    Street | Number    Street |
| | Buffalo    NY    14202 | |
| | City    State    ZIP Code | City    State    ZIP Code |
| | Contact Phone (716) 856-4000 | Contact Phone _____ |
| | Contact email jthoman@hodgsonruss.com | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one) | |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No |
| | ☐ Yes   Claim Number on court claims registry (if known) _____   Filed On _____ MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No |
| | ☐ Yes   Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ <u>unliquidated</u>

**Does this amount include interest or other charges?**

☐ No

☑ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

Common law indemnification and contribution.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed)    _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☑ No

☐ Yes    Amount of 503(b)(9) Claim:  $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

- [✓] No
- [ ] Yes    *Check all that apply*

**Amount entitled to priority**

- [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

- [ ] Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

- [ ] Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

- [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

- [ ] Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).    $_____

- [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- [ ] I am the creditor.
- [✓] I am the creditor's attorney or authorized agent.
- [ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- [ ] I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    Dr. Taweepon                    Farrar
        First Name        Middle Name        Last Name

Title    Superintendent

Company    West Valley Central School District
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    5359        School Street
        Number        Street

West Valley            NY        14171
City                State        ZIP Code

Contact Phone    (716) 942-3101        Email    tfarrar@wvalley.org

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____

In Re:                                                    Chapter 11

                                                          Case No. 20-10343 (LSS)
                                                          (Jointly Administered)

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

                    Debtors.

_____

## RIDER TO PROOF OF CLAIM

West Valley Central School District ("WVCSD"), submits this Proof of Claim ("Claim") against Boy Scouts of America (the "Debtor"), under Case No. 20-10343, jointly administered, for a claim in an undetermined amount for common law indemnification and contribution, and seeking to preserve its Indirect Abuse Claim[2] against the Debtor and participate in distributions from the Settlement Trust following the determination of the amount of its claim, based on a Child Victims Act ("CVA") lawsuit filed against the Debtor, WVCSD, and others, on August 11, 2021, in the New York State Supreme Court in the County of New York, under Index No. 951246/2021, and captioned as *John Doe #1 through John Doe #57 v. Boy Scouts of America, et. al.* (the "CVA Suit").  A copy of the Summons and Complaint in the CVA Suit is attached to this Rider as **Exhibit A**.

WVCSD reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional contract based claims for indemnity and contribution if applicable.

This Claim is filed to protect WVCSD from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of WVCSD's rights, claims or defenses against any person, entity or property; (b) a waiver or release of C WVCSD's right to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (c) a consent by WVCSD to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which WVCSD may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.
[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' *Modified Fifth Amended Chapter 11 Plan of Reorganization* [Dkt. No. 6443].

proceedings which may be commenced in these cases against or otherwise involving WVCSD, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

# Exhibit "A"

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 8 of 157

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
JOHN DOE #1 – JOHN DOE #57 PLAINTIFF
ADDRESSES INTENTIONALLY WITHHELD,

                                        Plaintiffs,

        -    against –

BOY SCOUTS OF AMERICA, GREATER NEW YORK
COUNCIL, ALLEGHENY HIGHLANDS COUNCIL, INC.,
FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL,
IROQUOIS TRAIL COUNCIL, LEATHERSTOCKING
COUNCIL, LONGHOUSE COUNCIL, SENECA
WATERWAYS COUNCIL, THEODORE ROOSEVELT
COUNCIL, TWIN RIVERS COUNCIL, WESTCHESTER
PUTNAM COUNCIL, AND  CHURCH OF OUR LADY OF
MERCY ROMAN CATHOLIC CHURCH, THE
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER DAY SAINTS,
CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
FIRST BAPTIST CHURCH, SAINT FRANCIS OF ASSISI-
ST BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH
OF NIAGARA FALLS, BROADWAY UNITED
METHODIST CHURCH OF CHRIST, SAINT PETERS
CATHOLIC SCHOOL, CATHEDRAL OF IMMACULATE
CONCEPTION, THIRD PRESBYTERIAN CHURCH,
SAINT PHILLIP AND JAMES CATHOLIC CHURCH,
SAINT CATHERINE OF GENOA CHURCH, BETHEL
CHRISTIAN TEMPLE, SHRINE CHURCH OF OUR
LADY OF SOLACE, AMERICAN LEGION, SAINT
STEPHENS EPISCOPAL CHURCH,  NY BOTANICAL
GARDEN, SAINT AUGUSTINE-OUR LADY OF
VICTORY ROMAN CATHOLIC CHURCH,  ALL SAINTS
EPISCOPAL CHURCH, INFANT OF PRAGUE CHURCH,
IMMACULATE HEART-MARY PARISH,
SPENCERPORT MIDDLE SCHOOL, CATHOLIC YOUTH
ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL,
WEST GATES AVENUE SCHOOL, HARLEM YMCA,
SAINT JOSEPH ELEMENTARY SCHOOL,
BRIDGEPORT FIRE DISTRICT, SAINT BRENDAN's
SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-

Index No.:

Plaintiffs designate New York
County as the place of trial.

The basis of venue is Plaintiffs'
residence, Defendants'
residence and/or location in
which the actions giving rise to
allegations arose.

**SUMMONS**

MADISON HOUSE, BOYS AND GIRLS CLUB,
HANOVER HOUSING PROJECTS, WEST VALLEY
CENTRAL SCHOOL, MEACHEM ELEMENTARY
SCHOOL, QUEENS EXPLORERS ELEMENTARY
SCHOOL, LITTLE SUNFLOWER CHILDREN AND
FAMILY SERVICES OF NEW YORK, ABGS MIDDLE
SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN,
MR. COOPER, MR. SHELDON, STAN WARVAS, KARL
DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE,
HERBERT GOLDSTEIN, JASON HARRISON, JEROME
BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON,
VICTOR VALENTINO, RICHARD SMITH, MR DIAZ,
JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ
CORPORATIONS I-V, ABC PARTNERSHIPS I-V,
ADDRESS UNKNOWN.

$$\text{Defendants.}$$

-------------------------------------------------------------------X

The Above-Named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 11, 2021

*/s/ Gregory R. Mansell*

_____

By: Gregory Mansell, Esq.
MANSELL LAW LLC
*Attorneys for Plaintiffs*
85 8th Avenue, 6M
New York, NY 10011
(646) 921-8900

TO:
Boy Scouts of America
1325 West Walnut Hill Lane
Irving, TX 75038

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 10 of 157

Greater New York Council
475 Riverside Drive, Suite 600
New York, NY 10115

Allegheny Highlands Council, Inc.
P.O. Box 261
50 Hough Mill Road
Falconer, NY 14733

Five Rivers Council
244 W. Water Street
Elmira, NY 14901

Greater Niagara Frontier Council
2860 Genesee Street
Buffalo, NY 14225

Hudson Valley Council
6 Jeanne Drive
Newburgh, NY 12550

Iroquois Trail Council
102 S. Main Street
Oakfield, NY 14125

Leatherstocking Council
1401 Genesee Street
Utica, NY 13501

Longhouse Council
2803 Brewerton Road
Syracuse, NY 13211

Seneca Waterways Council
2320 Brighton Henrietta Town Line Road
Rochester, NY 14623

Theodore Roosevelt Council
544 Broadway
Massapequa, NY 11758

Twin Rivers Council
253 Washington Avenue Ext
Albany, NY 12205

Page **3** of **9**

Westchester Putnam Council
41 Saw Mill River Road
Hawthorne, NY 10532

Church of Our Lady of Mercy Roman Catholic
2496 Marion Ave
The Bronx, NY 10458)

The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints
Two Lincoln Square
125 Columbus Avenue at 65th Street
New York, NY 10023

Catholic Mutual Relief Society of America
DBA Catholic Mission Aid Society
10843 Old Mill Road
Omaha, NE 68154

Saint Francis of Assisi-St Blaise Church
319 Maple Street
Brooklyn, NY 11226

First Baptist Church
207 State Street
Watertown Square, NY 13601

Broadway United Methodist Church of Christ
263 W 86th Street
New York, NY 10024

Catholic Church of Niagara Falls
Address
Address

St Peters Catholic School
12 Father Cody Drive
Poughkeepsie, NY 12601

Cathedral of the Immaculate Conception
259 E Onondaga Street
Syracuse, NY 13202

Third Presbyterian Church
4 Meigs Street
Rochester NY 14607

St Phillip and James Catholic Church
1160 East 213th Street
Bronx, NY 10460

St Catherine of Genoa Church
520 Linden Blvd.
Brooklyn, NY 11203

Bethel Christian Temple
7 W. 110th Street
New York, NY 10026

Shrine Church of Our Lady of Solace
2866 W 17th Street
Brooklyn NY 11224

American Legion
67 Wildwood Ave
Salamanca NY 14779

St Stephens Episcopal Church
9 Carlton Avenue
Port Washington, NY 11050

NY Botanical Garden
2900 Southern Blvd
The Bronx, NY 10458

St. Augustine-Our Lady of Victory Roman Catholic Church
1512 Webster Ave
Bronx, NY 10457

All Saints Episcopal Church
286-88 7th Avenue
Brooklyn NY 11215

Infant of Prague Church
921 Cleveland Drive
Cheetowaga, NY 14225

Immaculate Heart-Mary Parish
2805 Fort Hamilton Pkwy
Brooklyn, NY 11218

Scout Leader Robert Tobin

ADDRESS UNKNOWN

Scout Master Mr. Cooper
ADDRESS UNKNOWN

Scout Master Mr. Sheldon
ADDRESS UNKNOWN

Scout Leader Stan Waryas
ADDRESS UNKNOWN

Karl Dallas
ADDRESS UNKNOWN

Rob Hartman
ADDRESS UNKNOWN

Stewart Morrison
ADDRESS UNKNOWN

John Bacon
ADDRESS UNKNOWN

Mr. Raymos
ADDRESS UNKNOWN

Robert Levine
ADDRESS UNKNOWN

Mr Herbert Goldstein
ADDRESS UNKNOWN

Jason Harrison
ADDRESS UNKNOWN

Jerome Bushlee
ADDRESS UNKNOWN

Anthony Walsh
ADDRESS UNKNOWN

Vincent Clifton
ADDRESS UNKNOWN

Victor Valentino

ADDRESS UNKNOWN

Richard Smith
ADDRESS UNKNOWN


Mr. Diaz
ADDRESS UNKNOWN

Jim West
ADDRESS UNKNOWN

Mr. Collins
ADDRESS UNKNOWN

Spencerport Middle School
c/o Spencerport Central School District
71 Lyell Avenue
Spencerport, NY 14559

Catholic Youth Organization
A Division of Catholic Charities Community Services
1011 First Avenue, 6th Floor
New York, NY 10022

Thomas C Giordana Middle School 45,
2502 Lorillard Place
Bronx, NY 10458

Wellsville Junior High School
c/o Wellsville Central School District
126 W State Street
Wellsville, NY 14895

West Gates Avenue School
175 W Gates Ave
Lindenhurst NY 11757

Harlem YMCA
180 West 135th Street
New York, NY 10030

St Joseph Elementary School
450 Franklin Ave
Garden City NY 11530

Bridgeport Fire District
427 NY-31
Bridgeport, NY 13030

St Brendan's School
268 E 207th Street
The Bronx, NY 10467

Long Beach Central School
c/o Long Beach Middle School
239 Lido Blvd
Lido Beach, NY 11561

Chestnut Hill Middle School
c/o Liverpool Central School District
200 Saslon Park Drive
Liverpool, NY 13088

Hamilton-Madison House
Hamilton-Madson House Inc.
50 Madison St
New York, NY 10038

Boys & Girls Club
141 Einstein Loop N
Bronx, NY 10475

Hanover Housing Projects
c/o Greater Rochester Housing Partnership
16 East Main Street, Suite 610
Rochester, NY 14614

West Valley Central School
5359 School Street
West Valley, NY 14171

Meachem Elementary School
171 Spaulding Avenue
Syracuse, NY 13205

Queens Explorers Elementary School
 PS 316 90-07 101st Ave
Ozone Part, NY 11416

Little Sunflower Children and Family Services of New York
630 Flushing Avenue

Brooklyn, New York 11206
ABGS Middle School
70 Greenwich Street
Hempstead, NY 11550

Chatham Town Hall
488 State Route 295
Chatham NY 12037

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
JOHN DOE #1 – JOHN DOE #57 PLAINTIFF
ADDRESSES INTENTIONALLY WITHHELD[1],
                                   Plaintiffs,

        - *against* –

BOY SCOUTS OF AMERICA, GREATER NEW YORK
COUNCIL, ALLEGHENY HIGHLANDS COUNCIL, INC.,
FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL,
IROQUOIS TRAIL COUNCIL, LEATHERSTOCKING
COUNCIL, LONGHOUSE COUNCIL, SENECA
WATERWAYS COUNCIL, THEODORE ROOSEVELT
COUNCIL, TWIN RIVERS COUNCIL, WESTCHESTER
PUTNAM COUNCIL, AND CHURCH OF OUR LADY OF
MERCY ROMAN CATHOLIC CHURCH, CHURCH OF
JESUS CHRIST OF LATTER DAY SAINTS, CATHOLIC
MUTUAL RELIEF SOCIETY OF AMERICA, FIRST
BAPTIST CHURCH, SAINT FRANCIS OF ASSISI-ST
BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH OF
NIAGARA FALLS, BROADWAY UNITED METHODIST
CHURCH OF CHRIST, SAINT PETERS CATHOLIC
SCHOOL, CATHEDRAL OF IMMACULATE
CONCEPTION, THIRD PRESBYTERIAN CHURCH,
SAINT PHILLIP AND JAMES CATHOLIC CHURCH,
SAINT CATHERINE OF GENOA CHURCH, BETHEL
CHRISTIAN TEMPLE, SHRINE CHURCH OF OUR
LADY OF SOLACE, AMERICAN LEGION, SAINT
STEPHENS EPISCOPAL CHURCH,  NY BOTANICAL
GARDEN, SAINT AUGUSTINE-OUR LADY OF
VICTORY ROMAN CATHOLIC CHURCH,  ALL SAINTS
EPISCOPAL CHURCH, INFANT OF PRAGUE CHURCH,
IMMACULATE HEART-MARY PARISH, SPENCER-
PORT MIDDLE SCHOOL, CATHOLIC YOUTH
ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL,
WEST GATES AVENUE SCHOOL, HARLEM YMCA,

Index No.:

**VERIFIED COMPLAINT**

**DEMAND FOR JURY
TRIAL**

---

[1] As Victims of sexual abuse, Plaintiffs are referred to as John Does to protect their identities.  A Motion to Use
Pseudonyms has been submitted concurrently with this Complaint to comply with Court Rules.

SAINT JOSEPH ELEMENTARY SCHOOL,
BRIDGEPORT FIRE DISTRICT, SAINT BRENDAN's
SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-
MADISON HOUSE, BOYS AND GIRLS CLUB,
HANOVER HOUSING PROJECTS, WEST VALLEY
CENTRAL SCHOOL, MEACHEM ELEMENTARY
SCHOOL, QUEENS EXPLORERS ELEMENTARY
SCHOOL, LITTLE SUNFLOWER CHILDREN AND
FAMILY SERVICES OF NEW YORK, ABGS MIDDLE
SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN,
MR. COOPER, MR. SHELDON, STAN WARVAS, KARL
DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE,
HERBERT GOLDSTEIN, JASON HARRISON, JEROME
BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON,
VICTOR VALENTINO, RICHARD SMITH, MR DIAZ,
JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ
CORPORATIONS I-V, ABC PARTNERSHIPS I-V,
ADDRESS UNKNOWN.

                              Defendants.
----------------------------------------------------------------X


PLAINTIFFS, by their attorneys, MANSELL LAW LLC, bring this action against BOY SCOUTS

OF AMERICA (hereinafter "BSA"); GREATER NEW YORK COUNCIL; GREATER

NIAGARA FRONTIER COUNCIL; ALLEGHENY HIGHLANDS COUNCIL, INC.; FIVE

RIVERS COUNCIL; HUDSON VALLEY COUNCIL; TWIN RIVERS COUNCIL;

LONGHOUSE COUNCIL; IROQUOIS TRAIL COUNCIL; LEATHERSTOCKING COUNCIL;

THEODORE ROOSEVELT COUNCIL; SENECA WATERWAYS COUNCIL;

WESTCHESTER-PUTNAM COUNCIL (hereinafter "BSA Local Council"); AND CHURCH OF

OUR LADY OF MERCY ROMAN CATHOLIC; AND THE CORPORATION OF THE

PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; CATHOLIC

MUTUAL RELIEF SOCIETY OF AMERICA; FIRST BAPTIST CHURCH; SAINT FRANCIS CATHOLIC CHURCH; CATHOLIC YOUTH ORGANIZATION; BROADWAY UNITED METHODIST CHURCH; ST PETERS CATHOLIC SCHOOL; THIRD PRESBYTERIAN CHURCH; ST PHILLIP AND JAMES CATHOLIC CHURCH; CATHEDRAL OF THE IMMACULATE CONCEPTION; ST CATHERINE OF GENOA CHURCH; BETHEL CHRISTIAN TEMPLE; SHRINE CHURCH OF OUR LADY OF SOLACE; AMERICAN LEGION; ST STEPHENS EPISCOPAL CHURCH; ST. AUGUSTINE-OUR LADE OF VICTORY ROMAN CATHOLIC CHURCH; ALL SAINTS EPISCOPAL CHURCH; INFANT OF PRAGUE CHURCH; AND IMMACULATE HEART-MARY PARISH (HEREINAFTER THE "BSA SPONSORING AND/OR CHARTERING ORGANIZATION"), and SPENCERPORT MIDDLE SCHOOL; THOMAS C GIORDANA MIDDLE SCHOOL; WELLSVILLE JUNIOR HIGH SCHOOL; WEST GATES AVENUE SCHOOL; HARLEM YMCA; ST JOSEPH ELEMENTARY SCHOOL; BRIDGEPORT FIRE DISTRICT; LONG BEACH CENTRAL SCHOOL; CHESTNUT HILL MIDDLE SCHOOL; HAMILTON MADISON HOUSE; THE BOYS AND GIRLS CLUB; HANOVER HOUSING PROJECTS; WEST VALLEY CENTRAL SCHOOL; MEACHAM ELEMENTARY SCHOOL; QUEENS EXPLORERS ELEMENTARY SCHOOL; LITTLE SUNFLOWER CHILDREN SERVICES OF NEW YORK; NEW YORK BOTANICAL GARDENS; ABGS MIDDLE SCHOOL; CHATHAM TOWN HALL (HEREINAFTER "BSA SCHOOLS") AND ROBERT TOBIN; MR. COOPER; MR. SHELTON; STAN WARYAS; KARL DALLAS; ROB HARTMAN; MR. RAYMOS; ROBERT LEVINE; MR. GOLDSTEIN; JASON HARRISON; JEROME BUSHLEE; RICHARD SMITH; MR. DIAZ; JIM WEST, MR. COLLINS; JOHN BACON; STEWART MORRISON; ANTHONY WALSH; VINCENT CLIFTON, VICTOR VALENTINO AND JOHN DOES DEFENDANT I-V (HEREINAFTER BSA ABUSERS) allege, upon information and belief, as

Page **3** of **63**

follows:

## I. JURISDICTION AND VENUE

1.      This action is brought pursuant to the Child Victims Act ("CVA"). *See* CPLR § 214-g and

22 NYCRR 202.72; the civil action alleges physical, psychological and emotional injuries and

damages suffered as a result of conduct against infant Plaintiffs constituting one or more sexual

offenses as defined in Article 130 of the New York Penal Laws, including without limitation,

conduct constituting rape (consisting of sexual intercourse) (N.Y. Penal Law §§ 130.25 - 130.35);

criminal sexual act (consisting of oral or anal sexual conduct) (N.Y. Penal Law §§ 130.40- 130.53),

and/or sexual abuse (consisting of sexual contact) (N.Y. Penal Law §§ 130.55 - 130.77).

2.      This Court has personal jurisdiction over Defendants pursuant to CPLR §§ 301 and 302,

as Defendants reside in New York and conduct or, at relevant times, conducted activities in New

York giving rise to the claims asserted herein.

3.      The acts, events, and or omissions alleged herein occurred in various counties in New York,

one of which is New York County.

4.      This Court has subject matter jurisdiction over this action as the amount of damages

Plaintiffs are seeking exceeds the jurisdictional limits of all lower courts which would otherwise

have jurisdiction.

5.      Venue for this action is proper in the County of New York pursuant to CPLR § 503 as one

or more Defendants reside in the County of New York, New York.

6.      One or more Plaintiffs currently reside in New York.

7.      Defendants caused acts or events to occur within New York out of which Plaintiffs' claims

arise.

## II. INTRODUCTION

8.　　The Boy Scouts of America (BSA) is one of the largest youth organizations in the United States of America. There are nearly two (2) million youths and more than one (1) million adult volunteers that currently participate in Boy Scouts of America and its local councils.

9.　　BSA was started in 1910, to "prepare young people to make ethical and moral choices over their lifetimes by instilling them the values of the Scout Oath and Law." Since the inception of the BSA, more than 130 million young men and women have participated. Moreover, 35 million adult volunteers have volunteered to help in the organization.

10.　　At the time of the BSA's charter, Congress recognized the "importance and magnitude" of the BSA's work and observed that the BSA "tends to conserve the moral, intellectual, and physical life of the coming generation."[2]  Under that Charter, Congress granted BSA the exclusive right to BSA's name, emblems, badges, and descriptive works and markings.

11.　　As early as 1919, the BSA maintained files (Ineligible Volunteer Files) intended to keep sexual abusers out of its program. For more than 90 years, BSA ignored these files while pedophiles sexually abused young boys. More than 8,000 scout leaders that preyed upon young boys were revealed publicly in these files for the first time in 2012. Additionally, more than 12,000 children reported being sexually abused.

12.　　The "Perversion" category of the Ineligible Volunteer Files contains the most files and comprises any type of sexual misconduct, including child abuse. BSA was creating more than a dozen Perversion files each year.

[2] See H.R. Rep No. 64-130, at 245 (1916).

13.     In a 1935 *New York Times* article, BSA's Chief Scout Executive alluded to a "red-flag list" when stating "We have some very depressing and sad experiences over the years. We still have those who seek to enter Scouting and contact boys who are unbalanced morally and then again we have those who are soundly balanced, but who… by reason of psychological and … pathological sequences, when they get into boys' work, undertake to deal with sex matters and become morbid on the subject and something give way to temptation and develop practices which make them degenerates."

14.     In 2020, BSA finally outright admitted that "predators used the BSA organization to gain access to children, and volunteers or employees of the BSA or Local Councils did not effectively act on allegations and transgression as the BSA would have wanted them to and as the organization's policies mandate today."[3]

15.     At all times relevant and material to this Complaint, the Plaintiffs in this Complaint were sexually abused because of BSA and/or BSA Local Councils and/or BSA Sponsoring Organizations and/or Chartered Organizations and/or BSA Schools did not effectively act on allegations and transgressions. As a result, Plaintiffs did and will suffer from severe and life-long physical and mental injuries including but not limited to depression, anxiety, suicidal thoughts, emotional distress, substance abuse, feelings of worthlessness, shamefulness, embarrassment, to name a few as a result of these omissions, transgressions and allegations.

### III. PARTIES

16.     Defendant Boy Scouts of America (hereinafter "BSA") is a foreign nonprofit corporation that was federally chartered pursuant to 36 USC § 30901 and was and is duly authorized to conduct and transact business in the State of New York through various local and regional Boy Scout

---

[3] In re: Boy Scouts of America and Delaware BSA, LLC, No. 20-10343, Debtors' Informational Brief (2020) at pg. 4.

Page **6** of **63**

organizations and councils. Its principal headquarters is located in Irving, Texas and does transact business in the State of New York.

17.     Whenever reference is made to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring and/or Chartering Organizations and/or BSA Schools, such reference includes the entity, its parent companies, subsidiaries, affiliates, predecessors, and successors.  In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation is intended for the entity to have engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction or furtherance of the business interests of the entity's business affairs.[4]

18.     Defendant Greater New York Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 475 Riverside Drive, Suite 600, New York, NY 10115.

19.     Defendant Allegheny Highlands Council Inc. is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 50 Hough Mill Road, P.O. Box 261 Falconer, NY 14733.

20.     Defendant Five Rivers Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact

---

[4] Such reference does not include the Boy Scouts of America who have filed a petition for bankruptcy protection in the United States District Court for the District of Delaware, Civil Action No. 20-cv-10343.  However pursuant to Stipulation and Orders there is a stay on BSA but not on filing a Complaint for purposes of commencing a CVA action or service of a Complaint related to any CVA action against BSA Local Council, BSA Churches, BSA Sponsoring or Chartered Organizations.

business in the State of New York and maintains its principal office located at 244 W. Water Street, Elmira, NY 14901.

21.    Defendant Greater Niagara Frontier Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2860 Genesee Street, Buffalo, NY 14225.

22.    Defendant Hudson Valley Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 6 Jeanne Drive Newburgh, NY 12550.

23.    Defendant Iroquois Trail Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 102 S. Main Street, Oakfield, NY 14125.

24.    Defendant Leatherstocking Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1401 Genesee Street, Utica, NY 13501.

25.    Defendant Longhouse Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2803 Brewerton Road, Syracuse, NY 13211.

26.    Defendant Seneca Waterways Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and

transact business in the State of New York and maintains its principal office located at 2320 Brighton Henrietta Town Line Road, Rochester, NY 14623.

27.     Defendant Theodore Roosevelt Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 544 Broadway, Massapequa, NY 11758.

28.     Defendant Twin Rivers Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 253 Washington Avenue Ext, Albany, NY 12205.

29.     Defendant Westchester Putnam Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 41 Saw Mill River Road, Hawthorne, NY 10532.

30.     Defendant Church of Our Lady of Mercy Roman Catholic is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2496 Marion Avenue, The Bronx, NY 10458.

31.     Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (hereinafter "Mormon Church") is a foreign and domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of Utah and operates and is authorized to conduct business, and does conduct continuous and systemic activities and business in the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its office located at Two Lincoln Square, 125 Columbus Avenue at 65th Street, New

York, NY 10023, including inter alia, operating meeting houses, congregations and churches/temples within Utah and New York.

32.     Defendant Catholic Mutual Relief Society of America DBA Catholic Mission Aid Society is a foreign nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 10843 Old Mill Road, Omaha, NE 68154.

33.     Defendant Saint Francis of Assisi-St Blaise Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 319 Maple Street, Brooklyn, NY11226.

34.     Defendant First Baptist Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 207 State Street, Watertown Square, NY 13601.

35.     Defendant Broadway United Methodist Church of Christ is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 263 W. 86th Street, New York, NY 10024.

36.     Defendant St Peters Catholic School/Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 12 Father Cody Drive, Poughkeepsie, NY 12601.

37.     Defendant Cathedral of Immaculate Conception is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct

and transact business in the State of New York and maintains its principal office located at 259 E. Onondaga Street, Syracuse, NY 13202.

38.     Defendant Third Presbyterian Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 4 Meigs Street, Rochester, NY 14607.

39.     Defendant St Phillip and James Catholic Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1160 East 213th Street, Bronx, NY 10460.

40.     Defendant St Catherine of Genoa Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 520 Linden Blvd., Brooklyn, NY 11203.

41.     Defendant Bethel Christian Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 7 W. 110th Street, New York, NY 10026.

42.     Defendant Shrine Church of Our Lady of Solace is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2866 W. 17th Street, Brooklyn, NY 11224.

43.     Defendant American Legion is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business

in the State of New York and maintains its principal office located at 2900 Southern Blvd., Bronx, NY 10458.

44.      Defendant St Stephens Episcopal Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 9 Carlton Avenue, Port Washington, NY 11050.

45.      Defendant NY Botanical Gardens is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2900 Southern Blvd, Bronx, NY 10458.

46.      Defendant St Augustine-Our Lady of Victory Roman Catholic Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1512 Webster Avenue, Bronx, NY 10457.

47.      Defendant All Saints Episcopal Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 186-88 7th Avenue, Brooklyn, NY 11215.

48.      Defendant Infant of Prague Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 921 Cleveland Drive, Cheetowaga, NY 14225.

49.      Defendant Immaculate Heart-Mary Parish is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct

Page **12** of **63**

and transact business in the State of New York and maintains its principal office located at 2805 Fort Hamilton Pkwy, Brooklyn, NY 11218.

50.    Defendants Spencerport Middle School c/o Spencerport Central School District is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 71 Lyell Avenue, Spencerport, NY 14559.

51.    Defendant Catholic Youth Organization a Division of Catholic Charities Community Services is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1011 First Avenue, 6th Floor, New York, NY 10022.

52.    Defendant Thomas C Giordana Middle School 45 is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2502 Lorillard Place, Bronx, NY 10458.

53.    Defendant Wellsville Junior High School c/o Wellsville Central School State of District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 126 W. State Street, Wellsville, NY 14895.

54.    Defendant West Gates Avenue School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 175 W. Gates Avenue, Lindenhurst, NY 11757.

55.     Defendant Harlem YMCA is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 180 West 135th Street, New York, NY 10030.

56.     Defendant St. Joseph Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 450 Franklin Avenue, Garden City, NY 11530.

57.     Defendant Bridgeport First District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 427 NY-31, Bridgeport, NY 13030.

58.     Defendant St Brendan's School is a domestic nonprofit duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 268 E. 207th Street, Bronx, NY 10467.

59.     Defendant Long Beach Central School c/o Long Beach Middle School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 239 Lido Blvd., Lido Beach, NY 11561.

60.     Defendant Chestnut Hill Middle School c/o Liverpool Central School District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 200 Saslon Park Drive, Liverpool, NY 13088.

Page **14** of **63**

61.     Defendant Hamilton Madison House Inc. is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 50 Madison Street, New York, NY 10038.

62.     Defendant Boys & Girls Club is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 141 Einstein Loop, N, Bronx, New York 10475.

63.     Defendant Hanover Housing Projects c/o Greater Rochester Housing Partnership is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 16 East Main Street, Suite 610, Rochester, NY 14614.

64.     Defendant West Valley Central School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 5359 School Street, West Valley, NY 14171.

65.     Defendant Meachem Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 171 Spaulding Avenue, Syracuse, NY 13205.

66.     Defendant Queens Explorers Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at PS 316 90-07 101st Avenue, Ozone Part, NY 11416.

67.     Defendant Little Sunflower Children and Family Services of New York is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 630 Flushing Avenue, Brooklyn, NY 11206.

68.     Defendant ABGS Middle School is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 70 Greenwich Street, Hempstead, NY 11550.

69.     Defendant Chatham Town Hall is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 488 State Route 295, Chatham, NY 12037.

70.     Defendants, Mr. Robert Tobin, Mr. Cooper, Mr. Sheldon, Stan Waryas, Karl Dallas, Rob Hartman, Steward Morrison, John Bacon, Mr. Raymos, Robert Levine, Herbert Goldstein, Jason Harrison, Jerome Bushlee, Anthony Walsh, Vincent Clifton, Victor Valentino, Richard Smith, Mr. Diaz, Jim West and Mr. Collins and John Does 1-V are Plaintiffs' pedophiles who sought and gained Plaintiffs' trust, confidence, and consent to participate in BSA activities and to otherwise spend considerable time with Plaintiffs. BSA also gained the Plaintiffs' parent(s)' directive to Plaintiffs that they respect the Scoutmaster's, Scout Leader's, and/or volunteer's authority and guidance and comply with the Scoutmaster's, Scout Leader's, Assistant Scout Leader's and/or volunteer's instruction. Each of Plaintiffs' pedophiles used the power, authority, and trust gained by their BSA positions to entice, induce, direct, and coerce Plaintiffs to engage in deviant sexual acts with them. Defendants owned and/or possessed the land upon which it negligently allowed pedophiles to groom and sexually abuse children, including Plaintiffs. The

pedophiles, or Scoutmasters, Scout Leaders, Assistant Scout Leaders, and/or volunteers, were at all times under the direction and control of Defendants.

71. Whenever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business affairs.

## IV. DEFENDANTS BSA BACKGROUND AND FACTS

72. BSA is a Vertically integrated Organization. BSA "National" sits on top of local organizations that it grants charters. BSA grants charters to thousands of local organizations across the country, called "BSA National Council" including faith-based institutions, clubs, civic associations, educational institutions, business, and groups of citizens.

73. BSA Nationals is charged with developing educational programs, maintains quality and standards of volunteer training, leadership selection, registration records, literature development, and advancement requirements.

74. The programs that are developed at BSA National Council is administered through 272 local councils, with each council covering a geographic area that may vary from a single city to an entire state. Each local council receives an annual charter from the National Council after agreeing to the curriculum of the program and certain financial/accounting standards.

75. The local councils are tasked in part to promote the scouting program, the registration of units (Boy Scout Troop or Cub Pack) within its territorial area carries out the general principles of advancement in Scouting and council personnel, provide leadership and leadership training for the local units, to ensure the standards in Scout policies, and to ensure that adequate financing exists

for the support of the local units. Local councils report to Regional/National Councils on finances, scouting membership, scout camp participation numbers, and other requirements set by regional councils and BSA Nationals.

76.  The unit is owned and run by a sponsoring organization called a chartered organization. The leadership structure and makeup of each unit is spelled out in the *BSA Rules and Regulations*, which is provided by BSA National Council. The unit is directly chartered to the sponsoring group by the Executive Board of the BSA based on a favorable recommendation from the Local Council.

77.  Enrollment in BSA secures parents' and children's commitment to follow a system that encourages parents to entrust their children's health and safety to BSA. This entrustment empowers BSA to secure each child's oath to uphold the "Scout Law," to adopt the "Scout" identity, and to adhere to a system that requires children to engage in activities that expose them to adults and others. This system includes over-night outings, camping events, and trips away from the parents. The system is reward-based, obligating the child to purchase emblems, badges, and other Scouting paraphernalia, which in turn creates profit for the federally chartered organization.

78.  From the beginning of their relationship with Plaintiffs, Defendants taught Plaintiffs to trust, obey, and respect their Scoutmaster, Scout Leader, and Assistant Scout Leaders and volunteers.

79.  BSA uses, among other things, overnight outdoor activities such as camping, aquatics, and hiking to (1) achieve the aims of character, citizenship, and physical fitness building and (2) further its reward-based system that ensures an economic benefit to BSA.  Plaintiffs are among more than 110 million American boys who have been BSA members.

80.  Each of Plaintiffs' pedophiles sought and gained Plaintiffs' trust, confidence, and consent to participate in BSA activities and to otherwise spend considerable time with Plaintiffs. BSA also gained the Plaintiffs' parent(s)' directive to Plaintiffs that they respect the Scoutmaster's, Scout

Leader's, and/or Assistant Scout Leaders and/or volunteer's authority and guidance and comply with the Scoutmaster's, Scout Leader's, Assistant Scout Leaders and/or volunteer's instruction.

81.   Each of Plaintiffs' pedophiles used the power, authority, and trust gained by their BSA positions to entice, induce, direct, and coerce Plaintiffs to engage in deviant sexual acts with them.

82.  Defendants owned and/or possessed the land upon which it negligently allowed pedophiles to groom and sexually abuse children, including Plaintiffs.

83.    The pedophiles, or Scoutmasters, Scout Leaders, Assistant Scout Leaders and/or volunteers, were at all times under the direction and control of Defendants.

84.    From the top down, Defendants had known for decades that sexual predators had infiltrated scouting, desiring positions around children, due in part to their sexual interest in children. Defendants knew or should have known of the danger that pedophiles presented to children participating in scouting before Plaintiffs were abused.

## A.  BSA LOCAL COUNCILS

85.    Defendant BSA and its BSA National Council administered its rules, regulations and policies through 272 BSA Local Councils.  Defendant BSA and BSA Local Councils enumerated in Paragraphs 16-29 above and herein incorporated herein by reference serves various portions/counties of New York including counties of 1) Chautauqua,  2) Carttaraugus, 3) Allegany, 4) Chenango, 5) Broome, 6) Tioga, 7) Cortland, 8) Tompkins, 9) Five Boroughs of New York City, 10) Erie, 11) Western Niagara, 12) Cayuga, 13) Jefferson, 14) Lewis, 15) Oswego, 16) Onondaga, 17) St. Lawrence, 18) Rockland, 19) Westchester, 20) Dutchess, 21) Delaware, 22) Genesee, 23) Livingston, 24) Wyoming, 24) Eastern Niagara, 25) Orleans, 26) Herkimer, 17) Oneida, 18) Madison, 19) Hamilton, 20) Otsego, 21) Ulster, 22) Greene, 23) Ontario, 24) Wayne, 25) Seneca, 26) Yates, 27) Monroe, 28) Suffolk, 29) Nassau, 30) Columbia, 31) Rensselaer, 32) Albany, 33) Fulton, 34) Montgomery, 35) Saratoga, 36) Schenectady, 37) Warren, 38)

Washington, 39) Franklin, 40) Clinton, 41) Essex,  and counties of 1) McKean, 2) Potter, 3) Susquehanna, 4) Sullivan in Pennsylvania. Defendant BSA and its BSA Local Councils lease and operate a number of camps including but not limited to 1) Camp Merz, 2) Elk Lick Scout Reserve, 3) Camp Barton, 4) Tuscarora Scout Reservation, 5) Fisher's Island, 6) Camp Brule (Elk Lake), 7) Camp Gorton (Waneta Lake and Finger Lake), 8) Camp Scouthaven, 9) Schoellkopf Scout Reservation, 10) Birchbark Expeditions Program 11) Sabattis Scouting Reservation, 12) Camp Woodland 13) World Brotherhood Camporee, 14) Camp Bullowa, 15) Camp Nooteeming, 16) Camp Dittmer, 17) Camp Sam Wood, 18) Camp Tri-Mount, 19) New York Baiting Hollow Scout Camp, 20) Rotary Scout Reservation, 21) Camp Wakpominee, 22) Woodworth Lake Scout Reservation, 23) Camp Boyhaven, and 24) Camp Bedford and Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools provide jamborees and overnight campsites.

86.      The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools selected, accepted, and/or approved, trained, supervised, and maintained the right of control, actual control, and apparent control over adult volunteers and Scout employees. These volunteer and paid employees attended overnight stays, campouts, scouting events, jamborees, high adventure events, and other scout sanctioned activities.

87.      The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools recruited children to join Boy Scouts of America. They served as headhunters for boys to join the ranks of BSA. They promised parents that the program would be safe, and they would take care of their sons.

88.      The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools are responsible for the local oversight and control of the Boy

Scouts of America's troops, and the implementation of the Boy Scouts' policies, procedures, rules, protocols, missions, and goals.

89.     Through powers and duties granted by the Boy Scouts, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools are responsible for screening hiring, training, appointing, supervising, disciplining, retention, discharge and the initial approval of the Boy Scouts leaders, including employees, agents, representatives, servants, volunteers and other third parties.

90.     At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders, assistant leader, volunteers, scoutmasters and/or members of the Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools who were assigned by BSA and/or BSA Local Council's to supervise, mentor and instruct youths who were involved in scouting activities of the Boy Scouts of America. In this capacity, the individuals committing the sexual abuse alleged herein were under the supervision of Defendants.

91.     The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools entice Scouts to intertwine scouting with their faith by offering religious emblems and badges which are earned by participating in faith-based scouting programs. There are many studies showing Scouts who earn a religious emblem stay registered in Scouting programs longer.  Considering nearly three of every four units is chartered to a faith-based institution, this connection is even more important.

92.     At all times relevant and material to the Complaint, the individuals committing the sexual abuse (Alleged herein named Abusers) were adult male leaders, assistant male leaders, volunteers, scoutmasters and/or other administrators who were assigned to supervise, mentor, and instruct youth members who were involved in scouting activities of the Boy Scouts of America.  In this

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 38 of 157

capacity, the individuals committing the sexual abuse alleged herein were under the supervision of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools Local Council.

93.    Plaintiffs received youth and educational instruction from Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools.

94.    The Scout Leaders, Assistant Scout Leaders, and/or youth scout leaders and/or boy scout camp personnel (collectively, "Abusers") who sexually abused Plaintiffs provided youth and educational instruction to Plaintiffs.

95.    During and through these activities, Plaintiffs, as minors and vulnerable children, were dependent on Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and Abusers.

96.    During and through these youth and educational activities, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools had custody of Plaintiffs and accepted the entrustment of Plaintiffs.

97.    During and through these activities, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools had assumed the responsibility of caring for Plaintiffs and had authority over them.

98.    Through Abusers' positions at, within, or for Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools, Abusers were put in direct contact with Plaintiffs.  It was under these circumstances Plaintiffs came to be under the direction, contact, and control of Abusers, who used their positions of authority and trust over Plaintiffs to sexually abuse and harass Plaintiffs.

99.    While Plaintiffs were minors, Abusers, while acting as counselors, teachers, trustees, directors, officers, employees, agents, servants and/or volunteers of Defendant BSA and/or BSA

Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools herein, sexually assaulted, sexually abused and/or had sexual contact with Plaintiffs.

100.   Specifically, Abusers' abuse of then infant Plaintiffs included, but was not limited to, touching, fondling, and groping Plaintiffs' genitals, masturbation, oral sex, and anal penetration of Plaintiffs by Abusers.

101.   Plaintiffs' relationship to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools, as vulnerable minors, members and scouts in Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA School's youth and educational activities, was one in which Plaintiffs were subject to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools ongoing influence.  The dominating culture of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools over Plaintiffs pressured Plaintiffs not to report Abusers' sexual abuse of them.

102.   At no time did Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools ever send an official, troop leader, an investigator or any employee or independent contractor to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools  to advise or provide any form of notice to the minors, members, scouts and/or their families, either verbally or in writing that there were credible allegations against Abusers and to request anyone who saw, suspected, or suffered sexual abuse to come forward and file a report with the police department.  Rather, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools remained silent.

103.   Plaintiffs were thrust into an organization that failed to warn about the risks of child molestation inherent to the Scouting program, failed to implement child sex abuse policies, and

Page **23** of **63**

failed to change its process for selecting and monitoring Scout leaders, Assistant Scout Leaders and volunteers.

104.    In order to protect the wholesome image of BSA, Plaintiffs were not told about the nearly 10,000 pedophiles that were documented in the perversion files—reports that were kept at BSA Nationals that document sexual abuse predators that volunteered in the BSA.

105.    Plaintiffs were preyed upon because of their youth. Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools failed to protect plaintiffs, despite having actual knowledge of widespread sexual abuse within the organization. An extensive database was maintained with countless reports of boys that were sexually abused while attending camping trips and troop meetings. As a result of these failures, the following Plaintiffs were sexually abused, raped, and fondled as a result of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or Abusers' acts and omissions.

106.    As a direct result of the Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or BSA Abuser's conduct described herein, Plaintiffs have and will continue to suffer personal physical and psychological injuries, including but not limited to great pain of mind and body; severe and permanent emotional distress; physical manifestations of emotional distress; problems sleeping and concentrating; low self-confidence, low self-respect, and low self-esteem; feeling of worthlessness, shamefulness, and embarrassment; feeling alone and isolated; suicide attempts; losing faith in authority figures; struggling with alcohol and substance problems and addiction; struggling with gainful employment and career advancement; feeling helpless and hopeless; problems with sexual intimacy and touch; relationship problems; trust issues; feeling confused and angry; depression; panic disorder; anxiety; feeling dirty, used, and damaged; having traumatic flashbacks; and feeling that his childhood and

innocence was stolen. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' normal daily activities; has incurred and/or will incur expenses for medical and psychological treatment, therapy, and counseling. As a victim of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or BSA Abuser's misconduct, Plaintiffs are unable at this time to fully describe all the details of that abuse and the extent of the harm Plaintiffs suffered as a result.

107.    The injuries and damages suffered by Plaintiffs are specific in kind to Plaintiffs, special, peculiar, and above and beyond those injuries and damages suffered by the public.

108.    Plaintiffs have incurred and/or will incur future costs for counseling, psychiatric and psychological medical treatment.

### B. CHARTERING/SPONSORING ORGANIZATIONS AND CHURCHES[5]

109.    Defendant BSA's Churches/Chartering/Sponsoring Organizations enumerated in Paragraphs 30-69 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts and have some of its principal place of business in New York. The Church of Our Lady of Mercy Roman Catholic; Catholic Mutual Relief Society of America dba Catholic Mission aid Society; Saint Francis of Assisi-St Blaise Church; St. Peters Catholic School; Cathedral of the Immaculate Conception; St Phillip and James Catholic Church; St Catherine of Genoa Church; Shrine Church of Our Lady of Solace; St Augustine-Our Lady of Victory Roman Catholic Church; Immaculate Heart-Mary Parish have several programs that seek out the

---

[5] Defendants The Church of Our Lady of Mercy Roman Catholic; Catholic Mutual Relief Society of America dba Catholic Mission aid Society; Saint Francis of Assisi-St Blaise Church; St. Peters Catholic School; Cathedral of the Immaculate Conception; St Phillip and James Catholic Church; St Catherine of Genoa Church; Shrine Church of Our Lady of Solace; St Augustine-Our Lady of Victory Roman Catholic Church; Immaculate Heart-Mary Parish, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints,  Defendant Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church Defendant American Legion and Defendant NY Botanical Garden  are collectively referred to as "Defendant Churches/Sponsoring Organizations/Chartered Organizations."

participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children and they have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Churches/Sponsoring Organizations/Chartered Organizations.

110. Defendant BSA's Churches/Chartering/Sponsoring Organizations named the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (aka Mormons) enumerated in Paragraph 31 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts. Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (aka Mormons) is headquartered in Utah and conducts business and conducts continuous and systemic activities in New York. The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints has several programs that seek out the participation of children, including the Defendant Boy Scouts of America. Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints has the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

111. Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church enumerated in paragraphs 35, 38, 41, 34, 48 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy

Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendants Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

112.   Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church enumerated in paragraphs 44 and 47 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

113.   Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant American Legion and Defendant NY Botanical Garden enumerated in paragraphs 43 and 45 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant American Legion and Defendant NY Botanical Garden have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said organization

114.  Defendant BSA's Churches, Chartering and/or Sponsoring Organizations held their leaders and agents out as people of high morals, as possessing immense power, teaching families and children to obey these leaders and agents, teaching families and children to respect and revere these leaders and agents, soliciting youth and families to their programs, marketing to youth and families, recruiting youth and families, and holding out the people that worked in the programs as safe.

115.  Plaintiffs participated in Boy Scouts, Cub Scouts and/or Venturing Scouts, at the Defendant BSA Churches', Chartering and/or Sponsoring Organizations facilities, and other properties owned, operated, and or controlled by the Defendant BSA Churches, Chartering and/or Sponsoring Organizations by and through its Bishops, priests, brothers, clerics, volunteers, employees and or agents of any kind. Plaintiffs, therefore, developed great admiration, trust, reverence, and respect for the Churches, including their agents.

116.  The Defendants BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations entices Scouts to intertwine scouting with their faith by offering religious emblems and badges that are earned by participating in faith-based scouting programs like the ones offered by Churches, Chartering and/or Sponsoring Organizations and/or Schools. There are many studies that show that Scouts that earn a religious emblem stay registered in Scouting programs longer. Considering that nearly three of every four units is chartered to a faith-based institution this connection is even more important.

117.  At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders and /or assistant leaders, volunteers, scoutmasters and/or members of the BSA and/or BSA Local Council and/or BSA Churches and/or Chartering and/or Sponsoring Organizations and/or BSA Schools who were assigned by the Defendants to supervise, mentor and instruct youth who were involved in scouting activities of the Boy Scouts of America. In this capacity, the

Page **28** of **63**

individuals committing the sexual abuse alleged herein were under the supervision of the Defendants.

### C. SCHOOLS AND OTHER SPONSORING ORGANIZATIONS[6]

118.    Defendant BSA's Schools/Chartering/Sponsoring Organizations enumerated in Paragraphs 50-69 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts and some have its principal place of business in New York. Defendants Spencerport Middle School c/o Spencerport Central School District; Catholic Youth Organization A Division of Catholic Charities Community Services; Thomas C. Giordana Middle School 45; Wellsville Junior High School c/o Wellsville Central School District; West Gates Avenue School; Harlem YMCA; St Joseph Elementary School; Bridgeport Fire District; St Brendan's School; Long Beach Central School; Chestnut Hill Middle School c/o Liverpool Central School District; Hamilton-Madison House; Boys & Girls Club; Hanover Housing Projects c/o Greater Rochester Housing Partnership; West Valley Central School; Meachem Elementary School; Queens Explorers Elementary School; Little Sunflower Children and Family Services of New York; ABGA Middle School; Chatham Town Hall are collectively referred to as "Defendant Schools" which have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children and they have the power to appoint, train,

---

[6] Defendants Spencerport Middle School c/o Spencerport Central School District; Catholic Youth Organization A Division of Catholic Charities Community Services; Thomas C. Giordana Middle School 45; Wellsville Junior High School c/o Wellsville Central School District; West Gates Avenue School; Harlem YMCA; St Joseph Elementary School; Bridgeport Fire District; St Brendan's School; Long Beach Central School; Chestnut Hill Middle School c/o Liverpool Central School District; Hamilton-Madison House; Boys & Girls Club; Hanover Housing Projects c/o Greater Rochester Housing Partnership; West Valley Central School; Meachem Elementary School; Queens Explorers Elementary School; Little Sunflower Children and Family Services of New York; ABGA Middle School; Chatham Town Hall are collectively referred to as "Defendant Schools."

supervise, monitor, remove, and terminate each and every person working with children within the said School.

119.    Defendant BSA's Schools and Other Sponsoring Organizations held their leaders and agents out as people of high morals, as possessing immense power, teaching families and children to obey these leaders and agents, teaching families and children to respect and revere these leaders and agents, soliciting youth and families to their programs, marketing to youth and families, recruiting youth and families, and holding out the people that worked in the programs as safe.

120.    Plaintiffs participated in Boy Scouts, Cub Scouts and/or Venturing Scouts, at the Defendant BSA School or other Sponsoring Organizations facilities, and other properties owned, operated, and or controlled by the Defendant BSA and/or BSA Schools and/or Sponsoring Organizations by and through its volunteers, employees and or agents of any kind. Plaintiffs, therefore, developed great admiration, trust, reverence, and respect for the Schools and/or other Sponsoring Organizations, including their agents.

121.    The Defendants BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and/or BSA Schools and/or Other Sponsoring Organizations entices Scouts to intertwine scouting with their faith and education by offering educational emblems and badges that are earned by participating in education-based scouting programs like the ones offered by Schools, Churches, Chartering and/or Sponsoring Organizations. There are many studies that show that Scouts that earn a religious and/or educational emblems stay registered in Scouting programs longer.

122.    At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders and /or assistant leaders, volunteers, scoutmasters, assistant scout leaders and/or members of the BSA and/or BSA Local Council and/or BSA Churches and/or Chartering and/or Sponsoring Organizations and/or BSA Schools who were assigned by the Defendants to supervise,

mentor and instruct youth who were involved in scouting activities of the Boy Scouts of America. In this capacity, the individuals committing the sexual abuse alleged herein were under the supervision of the Defendants.

## V. PLAINTIFFS FACTUAL BACKGROUND

123.    Plaintiff, John Doe #1 QM, (2000027), a current resident of Staten Island, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1991-1995, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader, said abuser was under the supervision, control and/or authority of Defendant BSA and BSA Local Council including but not limited to Greater New York Council  and Church of Our Lady of Mercy Roman Catholic Church and said abuse having occurred in the State of New York

124.    Plaintiff, John Doe #2 DM  (2000028), a current resident of Woodbridge, Virginia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1962-1963, was a victim of sexual abuse and/or inappropriate sexual contact by a scout master and two assistant scoutmasters/leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trail Council and the Baptist Church ; and said abuse having occurred in the State of New York.

125.    Plaintiff John Doe #3 WD (2000033), a current resident of Snellville, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1983-1984, was a victim of sexual abuse and/or inappropriate sexual contact by a scout troop leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and St. Frances of Assisi – St Blaise Catholic Church and Catholic Mutual Relief Society of American and said abuse having occurred in the State of New York.

126.     Plaintiff, John Doe #4 JM (2000051), a current resident of Victor, New York was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1950, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or assistant scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Seneca Waterway Local Council and Spencerport Middle School; and said abuse having occurred in the State of New York.

127.     Plaintiff, John Doe #5 KK (2000071), a current resident of Coconut Creek, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973-1975 was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Robert Tobin which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Leatherstocking Council and Catholic Youth Organization and Catholic Mutual Relief Society of American and said abuse having occurred in the State of New York.

128.     Plaintiff, John Doe #6 MH (2000109), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1995, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Mr. Cooper which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and Thomas C Giordana Middle School and said abuse having occurred in the State of New York.

129.     Plaintiff, John Doe #7 MM (2000171), a current resident of Yakima, Washington, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the

Page **32** of **63**

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 49 of 157

supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trail Council and Wellsville Junior High School; and said abuse having occurred in the State of New York.

130.    Plaintiff, John Doe #8 LM  (2000179), a current resident of Esperance, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1983, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Mr. Sheldon which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Twin Rivers and Broadway United Methodist Church of Christ; and said abuse having occurred in the State of New York.

131.    Plaintiff  John Doe #9 AB  (2000226), a current resident of San Antonio, Texas, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

132.    Plaintiff, John Doe #10 WW (2000248), a current resident of Conyers, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973-1974, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Stan Warvas and Karl Dallas and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Hudson Valley Council and St Peters Catholic School and Catholic Relief Society of America and said abuse having occurred in the State of New York.

133.    Plaintiff, John Doe #11 RG (2000266), a current resident of Daniels, West Virginia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and West Gates Avenue School; and said abuse having occurred in the State of New York.

134.    Plaintiff, John Doe #12 JR (2000290) a current resident of Friendship, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 2003-2005, was a victim of sexual abuse and/or inappropriate sexual contact by a boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Seneca Waterways Council and Third Presbyterian Church; and said abuse having occurred in the State of New York.

135.    Plaintiff John Doe #13 JP (2000304), a current resident of Rochester, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1972, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trial Council; and said abuse having occurred in the State of New York.

136.    Plaintiff, John Doe #14 AE (2000314), a current resident of Mount Vernon, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1960-1962, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or den mother and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and St. Phillip and James Roman Catholic Church and said abuse having occurred in the State of New York.

Case 20-10343-LSS   Doc 7506-4   Filed 11/30/21   Page 51 of 157

137.   Plaintiff John Doe #15 HM (2000340), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader/master and/or assistant scout leader/master and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Harlem YMCA; and said abuse having occurred in the State of New York.

138.   Plaintiff  John Doe #16 CV (2000357), a current resident of Newark, New Jersey, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1988-1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and St Joseph Elementary School; and said abuse having occurred in the State of New York.

139.   Plaintiff  John Doe #17 MB (2000366), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and/or West Chester Putnam Council; and said abuse having occurred in the State of New York.

140.   Plaintiff John Doe #18 JF (2000380), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1989-1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

141.    Plaintiff John Doe #19 SH (2000386), a current resident of Shoreline, Washington, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Longhouse Council; and said abuse having occurred in the State of New York.

142.    Plaintiff John Doe #20 WN (2000423), a current resident of Painted Post, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout/leader and/or boy scout camp personnel named Rob Hartman and Steward Morrison which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Five Rivers Council; and said abuse having occurred in the State of New York.

143.    Plaintiff John Doe #21 NS (2000424), a current resident of Syracuse, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1989-1991, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organizations including but not limited to Longhouse Council and/or Greater New York Council and Cathedral of Immaculate Conception and Catholic Mutual Relief Society of America and said abuse having occurred in the State of New York.

144.    Plaintiff John Doe #22 RW (2000433), a current resident of Niagara Falls, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Trial Council and Catholic Church; and said abuse having occurred in the State of New York.

145.    Plaintiff John Doe #23 DM (2000443), a current resident of Watertown, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Baptist Church; and said abuse having occurred in the State of New York.

146.    Plaintiff John Doe #24 MF (2000496), a current resident of Mooresville, North Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1953-1954, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Westchester-Putnam Council; and said abuse having occurred in the State of New York.

147.    Plaintiff John Doe #25 RW (2000518), a current resident of Phelps, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the

supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Seneca Waterways Council and Bridgeport Fire District; and said abuse having occurred in the State of New York.

148.    Plaintiff John Doe #26 DK (2000526), a current resident of Orchard Park, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1998, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Allegheny Highlands Council; and said abuse having occurred in the State of New York.

149.    Plaintiff John Doe #27 JM  (2000553), a current resident of Yonkers, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader by the name of Mr. Raymos which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and St Brendan's School; and said abuse having occurred in the State of New York.

150.    Plaintiff John Doe #28 AW (2000607), a current resident of Georgetown, South Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

151.    Plaintiff John Doe #29 WM (2000602), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1976-1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Robert Levine which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and St. Catherine of Genoa Church; and said abuse having occurred in the State of New York.

152.    Plaintiff John Doe #30 JS (2000643), a current resident of Pensacola, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1961-1962, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Herbert Goldstein which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and Long Beach Central School District; and said abuse having occurred in the State of New York.

153.    Plaintiff  John Doe #31 TP (2000660), a current resident of  Oswego, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969- 1970, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Longhouse Council and Chestnut Hill Middle School; and said abuse having occurred in the State of New York.

154.    Plaintiff John Doe #32 SD (2000758), a current resident of Long Island City, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1965-1966, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring

Organization including but not limited to Greater New York Council Hamilton-Madison House; and said abuse having occurred in the State of New York.

155.    Plaintiff John Doe #33 (2000776), a current resident of Buffalo, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater Niagara Frontier Council; and said abuse having occurred in the State of New York.

156.    Plaintiff John Doe #34 DR (2000780), a current resident of West Palm Beach, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Iroquois Trial Council and the Boys and Girls Club; and said abuse having occurred in the State of New York.

157.    Plaintiff John Doe #35 JS (200783), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1977-1979 was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Bethel Christian Temple; and said abuse having occurred in the State of New York.

158.    Plaintiff John Doe #36 JS (2000785), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985-1987, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Shrine Church of Our Lady of Solace; and said abuse having occurred in the State of New York.

159.    Plaintiff John Doe #37 RW (2000787), a current resident of Binghamton, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Seneca Waterways Council and Hanover Housing Projects; and said abuse having occurred in the State of New York.

160.    Plaintiff John Doe #38 NG (2000890), a current resident of Kinston, North Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

161.    Plaintiff John Doe #39 BH (2000904), a current resident of Minneapolis, Minnesota, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975-1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater Niagara Frontier Council; and said abuse having occurred in the State of New York.

162.     Plaintiff John Doe #40 AH (2000925), a current resident of Cooperas Cover, Texas, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader/father and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Allegheny Highlands Council and West Valley Central School; and said abuse having occurred in the State of New York.

163.     Plaintiff John Doe #41 CJ (2000927), a current resident of Queens, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 2004, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Jason Harrison and Jerome Bushlee which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trial Council; and said abuse having occurred in the State of New York.

164.     Plaintiff John Doe #42 TT (2000948), a current resident of Syracuse, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1989, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Meachem Elementary School; and said abuse having occurred in the State of New York.

165.     Plaintiff John Doe #43 LG (2000965), a current resident of Clearlake, California, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 59 of 157

and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Queens Explorers School; and said abuse having occurred in the State of New York.

166.    Plaintiff John Doe #44 RT (2000974), a current resident of North Tonawanda, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Allegheny Highlands Council and American Legion; and said abuse having occurred in the State of New York.

167.    Plaintiff John Doe #45 JC (2000998), a current resident of Stone Mountain, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and said abuse having occurred in the State of New York.

168.    Plaintiff John Doe #46 BB (2001041), a current resident of Carlisle, Pennsylvania, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1999, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel named Anthony Walsh which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Iroquois Trial Council and Little

Sunflower Children Services in New York; and said abuse having occurred in the State of New York.

169.    Plaintiff John Doe #47 JA (2001078), a current resident of Savanna, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1965-1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel named Vincent Clifton which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and St Stephens Episcopal Church and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

170.    Plaintiff John Doe # 48 SB (2001108), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1974-1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Catholic Church and NY Botanical Garden and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

171.    Plaintiff John Doe #49 LR (2001199), a current resident of Elizabeth, New Jersey, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Victor Valentino which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council

including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

172.    Plaintiff John Doe # 50 MW (2001218), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organizations including but not limited to Greater New York Council and St. Augustine-Our Lady of Victory Roman Catholic Church and Catholic Mutual Relief Society of America and said abuse having occurred in the State of New York.

173.    Plaintiff John Doe # 51 CC (2001227), a current resident of Spanaway, Washington, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and ABGS Middle School; and said abuse having occurred in the State of New York.

174.    Plaintiff John Doe # 52 TD (2001230), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Richard Smith which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Greater New York Council and All Saints Episcopal Church; and said abuse having occurred in the State of New York.

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 62 of 157

175.    Plaintiff John Doe # 53 SD (2001264), a current resident of Renovo, Pennsylvania, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Jim West which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Greater Niagara Council; and Infant of Prague Church; and The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and; Catholic Mutual Relief Society of America ; and said abuse having occurred in the State of New York.

176.    Plaintiff John Doe # 54 AV (2001299), a current resident of Las Vegas, Nevada, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1986, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Mr. Diaz which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

177.    Plaintiff John Doe # 55 RP (2001343), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1976-1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Immaculate Heart-Mary Parish; Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

Case 20-10343-LSS   Doc 7506-4   Filed 11/30/21   Page 63 of 157

178.    Plaintiff John Doe # 56 BF (2001347), a current resident of Potsdam, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1981, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

179.    Plaintiff John Doe #57 BB (2000479), a current resident of Atlanta, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1981, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Mr. Collins which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization Chatham Town Hall including but not limited to Twin Rivers Council; and said abuse having occurred in the State of New York.

## VI.  FIRST CAUSE OF ACTION: NEGLIGENCE

180.    Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

181.    Defendants owed a duty to take reasonable steps to protect Plaintiffs from foreseeable harm when Plaintiffs were under Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools supervision, in their care, custody, and control, and when Plaintiffs were participating in scouting and/or scouting-related activities.

182.    Defendants owed a duty of reasonable care to protect Plaintiffs from injury.

Page **47** of **63**

183.    Defendants owed Plaintiffs a duty of reasonable care because they solicited youth and parents for participation in their Boy Scout programs; encouraged youth and parents to have the youth participate in their programs; undertook custody of minor children; promoted their facilities and programs as being safe for children; held their Scoutmasters, Scout Leaders, Assistant Scout Leaders and/or volunteers as safe to work with children.

184.    Defendants owed Plaintiffs a duty to protect Plaintiffs from sexual abuse committed by Defendant BSA Abusers and/or BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools employees, agents, representatives, servants, authorized volunteers, members, leaders, and scoutmasters, assistant scout leaders, both prior to and/or subsequent to such acts of sexual abuse.

185.    Defendants owed Plaintiffs a duty of reasonable care because Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools solicited and encourage youth for participation in the Boy Scouts and its programs; undertook custody of minor children, including Plaintiffs; promoted its facilities, grounds and programs as being safe for children; held out its employees, agents, representatives, servants, leaders, members and scoutmasters, as safe to work with children; encouraged children to spend time with its employees, agents, representatives, servants, leaders, members and scoutmasters and assistant leaders; and/or encouraged its employees, agents, representatives, servants, leaders, members and scoutmasters to spend time with, interact with, and recruit children to the Boy Scouts and to Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

186.    Defendants owed Plaintiffs a duty of care because it had a special relationship with Plaintiffs.

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 65 of 157

187.    Defendants had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parent(s) and/or guardian(s), and other parent(s) and/or guardian(s) of young, innocent, vulnerable children in the BSA to properly train and supervise its scout leaders and/or youth scout leaders, boy scout camp personnel, employees and/or agents. This special relationship arose because of the high degree of vulnerability of those children, including Plaintiffs, entrusted to its care. As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a duty to establish measures of protection not necessary for people who are older and better able to protect themselves.

188.    Defendants owed Plaintiffs a duty to protect Plaintiffs from Abusers' sexual deviancy, both prior to and/or subsequent to Abusers' misconduct.

189.    By accepting physical custody of minor Plaintiffs, Defendants established an *in loco parentis* relationship with Plaintiffs and, in so doing, owed Plaintiffs a heightened duty to protect Plaintiffs from harm and injury.

190.    By accepting custody of minor Plaintiffs, Defendants established an *in loco parentis* relationship with Plaintiffs and in so doing, owed Plaintiffs a duty to protect Plaintiffs from injury. Further, Defendants entered into a fiduciary relationship with Plaintiffs by undertaking the custody, supervision of, and/or care of infant Plaintiffs. As a result of Plaintiffs being an infant, and by Defendants undertaking the care and guidance of Plaintiffs, Defendants also held a position of empowerment over Plaintiffs. Further, Defendants, by holding itself out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants, through its employees and/or agents, exploited this power over Plaintiffs and, thereby, put the infant Plaintiffs at risk for sexual abuse.

191.    By establishing and/or operating Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools accepting minor Plaintiffs as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiffs, accepting custody of minor Plaintiffs *in loco parentis*, and by establishing a relationship with Plaintiffs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools entered into an express and/or implied duty to properly supervise Plaintiffs and provide a reasonably safe environment for children, who participated in its programs.  Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had the duty to exercise the same degree of care over minors under its control as a reasonably prudent person would have exercised under similar circumstances.

192.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' actions and/or inactions created a foreseeable risk of harm to Plaintiffs.  As a vulnerable child participating in the programs and activities Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools offered to minors, Plaintiffs were foreseeable victims. Additionally, as vulnerable children who Abusers had access to through Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools and programs, Plaintiffs were foreseeable victims.

193.    While Plaintiffs were in Scouts, Defendants accommodated an environment that permitted harmful and offensive sexual conduct and contact with Plaintiffs.

194.    Based upon the tens of thousands of prior incidents of BSA documented pedophilic abuse of scouts in Defendant BSA programs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were on notice of an

extremely dangerous condition: sexual abuse of child scouts by adult scout leaders and/or employees and/or volunteers and/or members. Sexual abuse of child scouts by adult scout leaders and/or employees and/or volunteers and/or members was the precise cause of the injury sustained by each Plaintiff.

195.    Prior to the sexual abuse of Plaintiffs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools should have known that Abusers were unfit to work with children.  Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools by and through its agents, servants and/or employees knew, or should have known of Abusers' propensity to commit sexual abuse and of the risk to Plaintiffs' safety.  At the very least, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or should have known that it did not have sufficient information about whether or not its adult scout leaders/employees/members/assistant leaders/volunteers and people working at Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were safe.

196.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew, or in the exercise of reasonable care should have known, that their failure to erect reasonable barriers to pedophiles' entry into scouting or to timely adopt policies and practices addressing the problem of pedophilic infiltration and abuse of scouts would result in sexual abuse of innocent boy scouts, including each Plaintiff.

197.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or reasonably should have known the heightened risks of sexual abuse in their programs and had a duty to warn or protect foreseeable victims, including each Plaintiff.

198.     Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or reasonably should have known that Abusers posed a threat of sexual abuse to innocent boy scouts, including each Plaintiff.

199.     Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had knowledge of sexual abuse in scouting for decades and this knowledge made the risk to Plaintiffs foreseeable.

200.     Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had knowledge that sexual assaults, molestation of children, sexual conduct with minors, commercial sexual exploitation of minors, sexual exploitation of minors, sexual abuse, child sex trafficking, continuous sexual abuse of children, and luring minors for sexual exploitation, are serious felonies offenses carrying lengthy prison sentences.  Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a categorical duty to protect Plaintiffs.

201.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools breached their duty of care by designing, implementing, and promoting a program that attracted pedophiles to its program that sexually abused Plaintiffs.

202.     Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools breached a common law duty of reasonable care by failing to protect or warn each Plaintiff or each Plaintiffs' parents of the dangers of pedophilic sexual abuse within scouting.

203.     But for Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' breaches of duty, acts, and omissions, each Plaintiff would not have been abused, because each Plaintiff would not have

become a member of BSA and would not have participated in scouting activities that allowed him to come in contact with the pedophile that sexually abused him. Alternatively, but for Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' breaches of duty, acts, and omissions each Plaintiff would have been able to protect himself from the pedophile that sexually abused him and would not have been sexually abused by the pedophile.

204.    The acts of Abusers described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his employment, appointment, and/or agency with Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

205.    At all times material to the Verified Complaint, with regard to the allegations contained herein, Abusers were under the direct supervision, employ and/or control of Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

206.    As a direct and proximate result of Defendants' acts, and/or omissions, Plaintiffs suffered and continue to suffer serious injuries, including physical pain and discomfort, mental and emotional distress, anxiety, anger, loss of enjoyment of life, including being deprived of their childhood and adolescence, embarrassment, shame, humiliation, medical and/or counseling expenses and other damages.

207.    At all times relevant and material hereto, Defendants and/or its agents or employees, were responsible and/or liable for each other's *__negligent__* actions and/or omissions, via including but not limited to *respondeat superior*.  However, Plaintiffs do not allege that the doctrine of *respondeat superior* applies directly to *__intentional__* acts of sexual assault or sexual abuse alleged of the individual perpetrator(s) identified in this complaint.

208.    The limitations of liability set forth in Article 16 of the CPLR do not apply to any of the causes of action alleged in this Complaint.

209.    As a direct and/or indirect result of said conduct, Plaintiffs have suffered the injuries and damages described herein.

210.    WHEREFORE, by reason of the foregoing, Defendants, jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages and for punitive damages, in an amount to be determined at trial, together with interest and costs.

### VII.  SECOND CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR DIRECTION

211.    Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

212.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools hired the Abusers (enumerated in Paragraph 70 above incorporated herein).

213.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools hired Abusers for positions that required them to work closely with, mentor, and counsel young boys and girls.

214.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools retained Abusers in their positions as mentors and counselors to such children and thus left them in positions to continue such behavior.

215.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were negligent in hiring Abusers because it knew or should have known, through the exercise of reasonable care, of Abusers' propensity to develop

inappropriate relationships with children in its charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

216.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were negligent in its direction and/or supervision of Abusers in that it knew or should have known, through the exercise of ordinary care, that Abusers' conduct would subject third parties to an unreasonable risk of harm, including Abusers' propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

217.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were further negligent in its retention, supervision, and/or direction of Abusers in that Abusers sexually molested Plaintiffs within the geographical confines of BSA Local Council and/or elsewhere.

218.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a duty to exercise reasonable care in the authorization, selection, investigation, approval, hiring, training, supervision, retention, assignment and/or discharge of its employees, agents, representatives, servants, authorized volunteers, leaders, members, and scoutmasters.

219.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools owed a duty to train and educate leaders to establish adequate and effective policies and procedures calculated to detect, prevent, and address sexual abuse.

220.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or, in the exercise of reasonable care, should have known, its failure to erect reasonable barriers to pedophiles' entry into scouting or to timely

adopt policies and practices addressing the problem of pedophilic infiltration and abuse of scouts would result in sexual abuse of innocent Scouts, including each Plaintiff.

221.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to exercise reasonable care and breached their duties by not adequately investigating scoutmasters/leaders/volunteers before allowing them to participate in Boy Scouts.

222.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to exercise reasonable care and breached their duties by allowing scoutmasters/leaders/volunteers to participate in Scouts that have a history of pedophilia and sexual abuse to minors.

223.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to train and supervise its scout masters, scout leaders, and volunteers (1) in the proper implementation of their guidelines, policies, and procedures regarding the treatment of child sexual abuse victims; (2) to monitor and ensure compliance with their guidelines, policies, and procedures, and (3) in treating child sexual abusers and reporting child sexual abuse.

224.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to properly investigate allegations of abuse and failed to reach out and provide services to victims.

225.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to take steps to prevent such conduct from occurring on its premises and/or elsewhere.

226.     Abusers (enumerated in Paragraph 70 above incorporated herein) continued to molest Plaintiffs while under the custody and control of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

227.     The harm complained of herein was foreseeable.

228.     Plaintiffs would not have suffered the foreseeable harms complained of herein but for the negligence of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools in having placed Abusers, and/or allowed Abusers to remain in their positions.

229.     At all times while Abusers were employed or appointed by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools , they were supervised by, under the direction of, and/or answerable to, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools and/or its agents and employees.

230.     BSA Abusers (enumerated in Paragraph 70 above incorporated herein) would not and could not have been in positions to sexually abuse Plaintiffs had they not been hired by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools to mentor and counsel children.

231.     BSA Abusers (enumerated in Paragraph 70 above incorporated herein) would not and could not have been in positions to sexually abuse Plaintiffs had they not been negligently retained, supervised, and/or directed by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools as mentors and counselors to minor scouts of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools, including Plaintiffs.

232.    The limitations of liability set forth in Article 16 of the CPLR do not apply to any of the causes of action alleged in this Complaint.

233.    As a direct and proximate result of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' acts, Plaintiffs suffered and continue to suffer serious injuries, including physical pain and discomfort, mental and emotional distress, anxiety, anger loss of enjoyment of life, including being deprived of their childhood and adolescence, embarrassment, shame, humiliation, medical and/or counseling expenses and other damages.

234.    WHEREFORE, by reason of the foregoing, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

### IX. THIRD CAUSE OF ACTION: BREACH OF STATUTORY DUTY TO REPORT ABUSE UNDER SOC. SERV. LAW §§ 413 and 420

235.    Plaintiffs repeats and realleges by reference each and every allegation set forth above as if fully set forth herein.

236.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools violated a common law and statutory duty in failing to report to law enforcement known and/or suspected abuse of children by its employees, agents, representatives, servants, leaders, members, scoutmasters and/or authorized volunteers.

237.    Pursuant to N.Y. Soc. Serv. Law §§ 413 and 420, Defendant, its employees, agents, representatives, servants, authorized volunteers, members, leaders, assistant leaders and scoutmasters, had a statutorily imposed duty to report reasonable suspicion of abuse of children in its care.

238.    Defendants breached that duty by knowingly and willfully failing to report reasonable suspicion of abuse of Plaintiffs in its care, custody and/or possession.

239.    As a direct and/or indirect result of said conduct, Plaintiffs have suffered injuries and damages described herein.

240.    WHEREFORE, by reason of the foregoing, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

## X. PRAYER FOR PUNITIVE DAMAGES

241.    Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

242.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' actions described above were performed with willful, wanton, and reckless disregard for the health, safety, and well-being of each Plaintiff.

243.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools actions, as described above, were performed with malice and in reckless disregard for the rights of each Plaintiff and others similarly situated.

244.    Accordingly, the conduct of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools entitles Plaintiffs to punitive damages.

245.    By reason of the foregoing, Defendants are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

**WHEREFORE,** it is respectfully requested that the Court grant judgment in this action in favor of Plaintiffs, and against Defendants BSA and/or BSA Local Council and/or BSA Churches

and/or Sponsoring or Chartered Organizations and/or BSA Schools and/or BSA Abusers, jointly

and severally, in a sum of money in excess of the jurisdictional limits of all lower courts which

would otherwise have jurisdiction, together with all applicable interest, costs, disbursements, as

well as punitive damages and such other, further and different relief as the Court in its discretion

shall deem to be just, proper and equitable.

Plaintiffs further place Defendants BSA and/or BSA Local Council and/or BSA Churches

and/or Sponsoring or Chartered Organizations and/or BSA Schools on notice and reserves the

right to interpose claims sounding in Fraudulent Concealment, Deceptive Practices and/or Civil

Conspiracy should the facts and discovery materials support such claims.

Dated: August, 11, 2021

Respectfully Submitted,

By: Gregory Mansell, Esq.
MANSELL LAW LLC
*Attorneys for Plaintiffs*
85 8th Avenue, 6M
New York, NY 10011
(646) 921-8900

## ATTORNEY VERIFICATION

Gregory Mansell, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

Affirmant is a partner of MANSELL LAW, LLC, attorneys for Plaintiffs in the within action;

Affirmant has read the foregoing Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the source of his information and the grounds for his belief are derived from interviews and/or declarations with Plaintiffs and from the file(s) maintained in the normal course of business.

Affirmant further states that the reason this verification is not made by Plaintiffs is that some of the Plaintiffs are not presently within the County of New York, which is the county wherein the attorneys for Plaintiffs herein maintain their offices.

Sworn to before me this 11th day of August, 2021.

_____
Gregory Mansell, Esq.

_____
NOTARY PUBLIC



Caroline J. Dyer, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

Page **61** of **63**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
JOHN DOE #1 – JOHN DOE #57 PLAINTIFF ADDRESSES INTENTIONALLY WITHHELD

Plaintiffs,

- *against* -

BOY SCOUTS OF AMERICA, GREATER NEW YORK COUNCIL, ALLEGHENY
HIGHLANDS COUNCIL, INC., FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL, IROQUOIS TRAIL COUNCIL,
LEATHERSTOCKING COUNCIL, LONGHOUSE COUNCIL, SENECA WATERWAYS
COUNCIL, THEODORE ROOSEVELT COUNCIL, TWIN RIVERS COUNCIL,
WESTCHESTER PUTNAM COUNCIL, AND CHURCH OF OUR LADY OF MERCY
ROMAN CATHOLIC CHURCH, CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS,
CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, FIRST BAPTIST CHURCH,
SAINT FRANCIS OF ASSISI-ST BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH OF
NIAGARA FALLS, BROADWAY UNITED METHODIST CHURCH OF CHRIST, SAINT
PETERS CATHOLIC SCHOOL, CATHEDRAL OF IMMACULATE CONCEPTION, THIRD
PRESBYTERIAN CHURCH, SAINT PHILLIP AND JAMES CATHOLIC CHURCH, SAINT
CATHERINE OF GENOA CHURCH, BETHEL CHRISTIAN TEMPLE, SHRINE CHURCH
OF OUR LADY OF SOLACE, AMERICAN LEGION, SAINT STEPHENS EPISCOPAL
CHURCH,  NY BOTANICAL GARDEN, SAINT AUGUSTINE-OUR LADY OF VICTORY
ROMAN CATHOLIC CHURCH,  ALL SAINTS EPISCOPAL CHURCH, INFANT OF
PRAGUE CHURCH, IMMACULATE HEART-MARY PARISH, SPENCER-PORT MIDDLE
SCHOOL, CATHOLIC YOUTH ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL, WEST GATES AVENUE SCHOOL,
HARLEM YMCA, SAINT JOSEPH ELEMENTARY SCHOOL, BRIDGEPORT FIRE
DISTRICT, SAINT BRENDAN's SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-MADISON HOUSE, BOYS AND
GIRLS CLUB, HANOVER HOUSING PROJECTS, WEST VALLEY CENTRAL SCHOOL,
MEACHEM ELEMENTARY SCHOOL, QUEENS EXPLORERS ELEMENTARY SCHOOL,
LITTLE SUNFLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, ABGS
MIDDLE SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN, MR. COOPER, MR.
SHELDON, STAN WARVAS, KARL DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE, HERBERT GOLDSTEIN, JASON
HARRISON, JEROME BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON, VICTOR
VALENTINO, RICHARD SMITH, MR DIAZ, JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ CORPORATIONS I-V, ABC
PARTNERSHIPS I-V, ADDRESS UNKNOWN.


Defendants.
-------------------------------------------------------------------X

**SUMMONS & VERIFIED COMPLAINT**

MANSELL LAW LLC
*Attorneys for Plaintiffs*
85 8th Avenue, 6M
New York, NY 10011
(646) 921-8900

**CERTIFICATION**

Pursuant to 22 NYCRR §130-1.1-a, the undersigned, an attorney duly admitted to practice in the courts of the State of New York, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous as defined in subsection (c) of the aforesaid section.

_____
Gregory Mansell, Esq.

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

| Fill in the information to identify the case (Select only one Debtor per form): |
|---|
| ☐ In re Boy Scouts of America, Case No. 20-10343 (LSS) |
| ☑ In re Delaware BSA, LLC, Case No. 20-10342 (LSS) |

Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under section 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. This form should **not** be used if you have a claim arising from sexual abuse and you were under the age of eighteen (18) at the time the sexual abuse began. If you have such a claim, you must file a Sexual Abuse Survivor Proof of Claim. For more information on how to file a Sexual Abuse Survivor Proof of Claim, go to: www.officialbsaclaims.com.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
West Valley Central School District
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
James C. Thoman, Esq.
Name
140   Pearl Street, Ste. 100
Number   Street
Buffalo   NY   14202
City   State   ZIP Code
Contact Phone (716) 856-4000
Contact email jthoman@hodgsonruss.com
Uniform claim identifier for electronic payments in chapter 13 (if you use one)

Where should payments to the creditor be sent? (if different)
Name
Number   Street
City   State   ZIP Code
Contact Phone
Contact email

**4. Does this claim amend one already filed?**
☑ No
☐ Yes   Claim Number on court claims registry (if known) _____   Filed On _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes   Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ ____unliquidated____

**Does this amount include interest or other charges?**

☐ No
☑ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

Common law indemnification and contribution.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed)    _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement  date of this case (11 U.S.C. §503(b)(9)).?**

☑ No
☐ Yes    Amount of 503(b)(9) Claim:  $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    Dr. Taweepon    Farrar
First Name    Middle Name    Last Name

Title    Superintendent

Company    West Valley Central School District
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    5359    School Street
Number    Street

West Valley    NY    14171
City    State    ZIP Code

Contact Phone    (716) 942-3101    Email    tfarrar@wvalley.org

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____

In Re:                                                          Chapter 11

                                                                Case No. 20-10343 (LSS)
                                                                (Jointly Administered)

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

                    Debtors.

_____

## RIDER TO PROOF OF CLAIM

      West Valley Central School District ("WVCSD"), submits this Proof of Claim ("Claim") against Delaware BSA, LLC (the "Delaware BSA"), under Case No. 20-10342, jointly administered under Case No. 20-10343, Boy Scouts of America ("BSA", and together with the Delaware BSA, the "Debtors"), for a claim in an undetermined amount for common law indemnification and contribution, and seeking to preserve its Indirect Abuse Claim[2] against the Delaware BSA, as a successor in interest to BSA, and participate in distributions from the Settlement Trust following the determination of the amount of its claim, based on a Child Victims Act ("CVA") lawsuit filed against BSA, WVCSD, and others, on August 11, 2021, in the New York State Supreme Court in the County of New York, under Index No. 951246/2021, and captioned as *John Doe #1 through John Doe #57 v. Boy Scouts of America, et. al.* (the "CVA Suit"). A copy of the Summons and Complaint in the CVA Suit is attached to this Rider as **Exhibit A**.

      WVCSD reserves the right to amend and/or supplement this Claim at any time and in any manner and/or to file additional proofs of claim for any additional amounts and/or claims that may be based on information not yet known, or the same or additional documents or grounds of liability, including, but not limited to, additional contract based claims for indemnity and contribution if applicable.

      This Claim is filed to protect WVCSD from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of WVCSD's rights, claims or defenses against any person, entity or property; (b) a waiver or release of WVCSD's right to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (c) a consent by WVCSD to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' *Modified Fifth Amended Chapter 11 Plan of Reorganization* [Dkt. No. 6443].

which WVCSD may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving WVCSD, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------X

JOHN DOE #1 – JOHN DOE #57 PLAINTIFF
ADDRESSES INTENTIONALLY WITHHELD,

                                        Plaintiffs,

        -   *against* –

BOY SCOUTS OF AMERICA, GREATER NEW YORK
COUNCIL, ALLEGHENY HIGHLANDS COUNCIL, INC.,
FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL,
IROQUOIS TRAIL COUNCIL, LEATHERSTOCKING
COUNCIL, LONGHOUSE COUNCIL, SENECA
WATERWAYS COUNCIL, THEODORE ROOSEVELT
COUNCIL, TWIN RIVERS COUNCIL, WESTCHESTER
PUTNAM COUNCIL, AND  CHURCH OF OUR LADY OF
MERCY ROMAN CATHOLIC CHURCH, THE
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER DAY SAINTS,
CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
FIRST BAPTIST CHURCH, SAINT FRANCIS OF ASSISI-
ST BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH
OF NIAGARA FALLS, BROADWAY UNITED
METHODIST CHURCH OF CHRIST, SAINT PETERS
CATHOLIC SCHOOL, CATHEDRAL OF IMMACULATE
CONCEPTION, THIRD PRESBYTERIAN CHURCH,
SAINT PHILLIP AND JAMES CATHOLIC CHURCH,
SAINT CATHERINE OF GENOA CHURCH, BETHEL
CHRISTIAN TEMPLE, SHRINE CHURCH OF OUR
LADY OF SOLACE, AMERICAN LEGION, SAINT
STEPHENS EPISCOPAL CHURCH,  NY BOTANICAL
GARDEN, SAINT AUGUSTINE-OUR LADY OF
VICTORY ROMAN CATHOLIC CHURCH,  ALL SAINTS
EPISCOPAL CHURCH, INFANT OF PRAGUE CHURCH,
IMMACULATE HEART-MARY PARISH,
SPENCERPORT MIDDLE SCHOOL, CATHOLIC YOUTH
ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL,
WEST GATES AVENUE SCHOOL, HARLEM YMCA,
SAINT JOSEPH ELEMENTARY SCHOOL,
BRIDGEPORT FIRE DISTRICT, SAINT BRENDAN's
SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-

Index No.:

Plaintiffs designate New York
County as the place of trial.

The basis of venue is Plaintiffs'
residence, Defendants'
residence and/or location in
which the actions giving rise to
allegations arose.

**SUMMONS**

MADISON HOUSE, BOYS AND GIRLS CLUB,
HANOVER HOUSING PROJECTS, WEST VALLEY
CENTRAL SCHOOL, MEACHEM ELEMENTARY
SCHOOL, QUEENS EXPLORERS ELEMENTARY
SCHOOL, LITTLE SUNFLOWER CHILDREN AND
FAMILY SERVICES OF NEW YORK, ABGS MIDDLE
SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN,
MR. COOPER, MR. SHELDON, STAN WARVAS, KARL
DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE,
HERBERT GOLDSTEIN, JASON HARRISON, JEROME
BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON,
VICTOR VALENTINO, RICHARD SMITH, MR DIAZ,
JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ
CORPORATIONS I-V, ABC PARTNERSHIPS I-V,
ADDRESS UNKNOWN.

                                                     Defendants.

-----------------------------------------------------------------X

The Above-Named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 11, 2021

                                       */s/ Gregory R. Mansell*

                                       _____

                                       By: Gregory Mansell, Esq.

                                       MANSELL LAW LLC

                                       *Attorneys for Plaintiffs*

                                       85 8th Avenue, 6M

                                       New York, NY 10011

                                       (646) 921-8900

TO:
Boy Scouts of America
1325 West Walnut Hill Lane
Irving, TX 75038

Greater New York Council
475 Riverside Drive, Suite 600
New York, NY 10115

Allegheny Highlands Council, Inc.
P.O. Box 261
50 Hough Mill Road
Falconer, NY 14733

Five Rivers Council
244 W. Water Street
Elmira, NY 14901

Greater Niagara Frontier Council
2860 Genesee Street
Buffalo, NY 14225

Hudson Valley Council
6 Jeanne Drive
Newburgh, NY 12550

Iroquois Trail Council
102 S. Main Street
Oakfield, NY 14125

Leatherstocking Council
1401 Genesee Street
Utica, NY 13501

Longhouse Council
2803 Brewerton Road
Syracuse, NY 13211

Seneca Waterways Council
2320 Brighton Henrietta Town Line Road
Rochester, NY 14623

Theodore Roosevelt Council
544 Broadway
Massapequa, NY 11758

Twin Rivers Council
253 Washington Avenue Ext
Albany, NY 12205

Westchester Putnam Council
41 Saw Mill River Road
Hawthorne, NY 10532

Church of Our Lady of Mercy Roman Catholic
2496 Marion Ave
The Bronx, NY 10458)

The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints
Two Lincoln Square
125 Columbus Avenue at 65th Street
New York, NY 10023

Catholic Mutual Relief Society of America
DBA Catholic Mission Aid Society
10843 Old Mill Road
Omaha, NE 68154

Saint Francis of Assisi-St Blaise Church
319 Maple Street
Brooklyn, NY 11226

First Baptist Church
207 State Street
Watertown Square, NY 13601

Broadway United Methodist Church of Christ
263 W 86th Street
New York, NY 10024

Catholic Church of Niagara Falls
Address
Address

St Peters Catholic School
12 Father Cody Drive
Poughkeepsie, NY 12601

Cathedral of the Immaculate Conception
259 E Onondaga Street
Syracuse, NY 13202

Third Presbyterian Church
4 Meigs Street
Rochester NY 14607

St Phillip and James Catholic Church
1160 East 213th Street
Bronx, NY 10460

St Catherine of Genoa Church
520 Linden Blvd.
Brooklyn, NY 11203

Bethel Christian Temple
7 W. 110th Street
New York, NY 10026

Shrine Church of Our Lady of Solace
2866 W 17th Street
Brooklyn NY 11224

American Legion
67 Wildwood Ave
Salamanca NY 14779

St Stephens Episcopal Church
9 Carlton Avenue
Port Washington, NY 11050

NY Botanical Garden
2900 Southern Blvd
The Bronx, NY 10458

St. Augustine-Our Lady of Victory Roman Catholic Church
1512 Webster Ave
Bronx, NY 10457

All Saints Episcopal Church
286-88 7th Avenue
Brooklyn NY 11215

Infant of Prague Church
921 Cleveland Drive
Cheetowaga, NY 14225

Immaculate Heart-Mary Parish
2805 Fort Hamilton Pkwy
Brooklyn, NY 11218

Scout Leader Robert Tobin

ADDRESS UNKNOWN

Scout Master Mr. Cooper
ADDRESS UNKNOWN

Scout Master Mr. Sheldon
ADDRESS UNKNOWN

Scout Leader Stan Waryas
ADDRESS UNKNOWN

Karl Dallas
ADDRESS UNKNOWN

Rob Hartman
ADDRESS UNKNOWN

Stewart Morrison
ADDRESS UNKNOWN

John Bacon
ADDRESS UNKNOWN

Mr. Raymos
ADDRESS UNKNOWN

Robert Levine
ADDRESS UNKNOWN

Mr Herbert Goldstein
ADDRESS UNKNOWN

Jason Harrison
ADDRESS UNKNOWN

Jerome Bushlee
ADDRESS UNKNOWN

Anthony Walsh
ADDRESS UNKNOWN

Vincent Clifton
ADDRESS UNKNOWN

Victor Valentino

ADDRESS UNKNOWN

Richard Smith
ADDRESS UNKNOWN


Mr. Diaz
ADDRESS UNKNOWN

Jim West
ADDRESS UNKNOWN

Mr. Collins
ADDRESS UNKNOWN

Spencerport Middle School
c/o Spencerport Central School District
71 Lyell Avenue
Spencerport, NY 14559

Catholic Youth Organization
A Division of Catholic Charities Community Services
1011 First Avenue, 6th Floor
New York, NY 10022

Thomas C Giordana Middle School 45,
2502 Lorillard Place
Bronx, NY 10458

Wellsville Junior High School
c/o Wellsville Central School District
126 W State Street
Wellsville, NY 14895

West Gates Avenue School
175 W Gates Ave
Lindenhurst NY 11757

Harlem YMCA
180 West 135th Street
New York, NY 10030

St Joseph Elementary School
450 Franklin Ave
Garden City NY 11530

Bridgeport Fire District
427 NY-31
Bridgeport, NY 13030

St Brendan's School
268 E 207th Street
The Bronx, NY 10467

Long Beach Central School
c/o Long Beach Middle School
239 Lido Blvd
Lido Beach, NY 11561

Chestnut Hill Middle School
c/o Liverpool Central School District
200 Saslon Park Drive
Liverpool, NY 13088

Hamilton-Madison House
Hamilton-Madson House Inc.
50 Madison St
New York, NY 10038

Boys & Girls Club
141 Einstein Loop N
Bronx, NY 10475

Hanover Housing Projects
c/o Greater Rochester Housing Partnership
16 East Main Street, Suite 610
Rochester, NY 14614

West Valley Central School
5359 School Street
West Valley, NY 14171

Meachem Elementary School
171 Spaulding Avenue
Syracuse, NY 13205

Queens Explorers Elementary School
 PS 316 90-07 101st Ave
Ozone Part, NY 11416

Little Sunflower Children and Family Services of New York
630 Flushing Avenue

Brooklyn, New York 11206
ABGS Middle School
70 Greenwich Street
Hempstead, NY 11550

Chatham Town Hall
488 State Route 295
Chatham NY 12037

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

JOHN DOE #1 – JOHN DOE #57 PLAINTIFF
ADDRESSES INTENTIONALLY WITHHELD[1],

                                        Plaintiffs,

          -    *against* –


BOY SCOUTS OF AMERICA, GREATER NEW YORK
COUNCIL, ALLEGHENY HIGHLANDS COUNCIL, INC.,
FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL,
IROQUOIS TRAIL COUNCIL, LEATHERSTOCKING
COUNCIL, LONGHOUSE COUNCIL, SENECA
WATERWAYS COUNCIL, THEODORE ROOSEVELT
COUNCIL, TWIN RIVERS COUNCIL, WESTCHESTER
PUTNAM COUNCIL, AND CHURCH OF OUR LADY OF
MERCY ROMAN CATHOLIC CHURCH, CHURCH OF
JESUS CHRIST OF LATTER DAY SAINTS, CATHOLIC
MUTUAL RELIEF SOCIETY OF AMERICA, FIRST
BAPTIST CHURCH, SAINT FRANCIS OF ASSISI-ST
BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH OF
NIAGARA FALLS, BROADWAY UNITED METHODIST
CHURCH OF CHRIST, SAINT PETERS CATHOLIC
SCHOOL, CATHEDRAL OF IMMACULATE
CONCEPTION, THIRD PRESBYTERIAN CHURCH,
SAINT PHILLIP AND JAMES CATHOLIC CHURCH,
SAINT CATHERINE OF GENOA CHURCH, BETHEL
CHRISTIAN TEMPLE, SHRINE CHURCH OF OUR
LADY OF SOLACE, AMERICAN LEGION, SAINT
STEPHENS EPISCOPAL CHURCH,  NY BOTANICAL
GARDEN, SAINT AUGUSTINE-OUR LADY OF
VICTORY ROMAN CATHOLIC CHURCH,  ALL SAINTS
EPISCOPAL CHURCH, INFANT OF PRAGUE CHURCH,
IMMACULATE HEART-MARY PARISH, SPENCER-
PORT MIDDLE SCHOOL, CATHOLIC YOUTH
ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL,
WEST GATES AVENUE SCHOOL, HARLEM YMCA,

Index No.:

**<u>VERIFIED COMPLAINT</u>**


**<u>DEMAND FOR JURY
TRIAL</u>**

---

[1] As Victims of sexual abuse, Plaintiffs are referred to as John Does to protect their identities.  A Motion to Use
Pseudonyms has been submitted concurrently with this Complaint to comply with Court Rules.

SAINT JOSEPH ELEMENTARY SCHOOL,
BRIDGEPORT FIRE DISTRICT, SAINT BRENDAN's
SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-
MADISON HOUSE, BOYS AND GIRLS CLUB,
HANOVER HOUSING PROJECTS, WEST VALLEY
CENTRAL SCHOOL, MEACHEM ELEMENTARY
SCHOOL, QUEENS EXPLORERS ELEMENTARY
SCHOOL, LITTLE SUNFLOWER CHILDREN AND
FAMILY SERVICES OF NEW YORK, ABGS MIDDLE
SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN,
MR. COOPER, MR. SHELDON, STAN WARVAS, KARL
DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE,
HERBERT GOLDSTEIN, JASON HARRISON, JEROME
BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON,
VICTOR VALENTINO, RICHARD SMITH, MR DIAZ,
JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ
CORPORATIONS I-V, ABC PARTNERSHIPS I-V,
ADDRESS UNKNOWN.

                                   Defendants.
        -------------------------------------------------------------------X


PLAINTIFFS, by their attorneys, MANSELL LAW LLC, bring this action against BOY SCOUTS

OF AMERICA (hereinafter "BSA"); GREATER NEW YORK COUNCIL; GREATER

NIAGARA FRONTIER COUNCIL; ALLEGHENY HIGHLANDS COUNCIL, INC.; FIVE

RIVERS COUNCIL; HUDSON VALLEY COUNCIL; TWIN RIVERS COUNCIL;

LONGHOUSE COUNCIL; IROQUOIS TRAIL COUNCIL; LEATHERSTOCKING COUNCIL;

THEODORE ROOSEVELT COUNCIL; SENECA WATERWAYS COUNCIL;

WESTCHESTER-PUTNAM COUNCIL (hereinafter "BSA Local Council"); AND CHURCH OF

OUR LADY OF MERCY ROMAN CATHOLIC; AND THE CORPORATION OF THE

PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; CATHOLIC

MUTUAL RELIEF SOCIETY OF AMERICA; FIRST BAPTIST CHURCH; SAINT FRANCIS CATHOLIC CHURCH; CATHOLIC YOUTH ORGANIZATION; BROADWAY UNITED METHODIST CHURCH; ST PETERS CATHOLIC SCHOOL; THIRD PRESBYTERIAN CHURCH; ST PHILLIP AND JAMES CATHOLIC CHURCH; CATHEDRAL OF THE IMMACULATE CONCEPTION; ST CATHERINE OF GENOA CHURCH; BETHEL CHRISTIAN TEMPLE; SHRINE CHURCH  OF OUR LADY OF SOLACE; AMERICAN LEGION; ST STEPHENS EPISCOPAL CHURCH; ST. AUGUSTINE-OUR LADE OF VICTORY ROMAN CATHOLIC CHURCH;  ALL SAINTS EPISCOPAL CHURCH; INFANT OF PRAGUE CHURCH;  AND IMMACULATE HEART-MARY PARISH (HEREINAFTER THE "BSA SPONSORING AND/OR CHARTERING ORGANIZATION"),  and SPENCERPORT MIDDLE SCHOOL; THOMAS C GIORDANA MIDDLE SCHOOL; WELLSVILLE JUNIOR HIGH SCHOOL; WEST GATES AVENUE SCHOOL;  HARLEM YMCA;  ST JOSEPH ELEMENTARY SCHOOL; BRIDGEPORT FIRE DISTRICT; LONG BEACH CENTRAL SCHOOL; CHESTNUT HILL MIDDLE SCHOOL; HAMILTON MADISON HOUSE ; THE BOYS AND GIRLS CLUB;  HANOVER HOUSING PROJECTS; WEST VALLEY CENTRAL SCHOOL; MEACHAM ELEMENTARY SCHOOL; QUEENS EXPLORERS ELEMENTARY SCHOOL; LITTLE SUNFLOWER CHILDREN SERVICES OF NEW YORK; NEW YORK BOTANICAL GARDENS; ABGS MIDDLE SCHOOL; CHATHAM TOWN HALL (HEREINAFTER "BSA SCHOOLS") AND ROBERT TOBIN; MR. COOPER; MR. SHELTON; STAN WARYAS; KARL DALLAS; ROB HARTMAN; MR. RAYMOS; ROBERT LEVINE; MR. GOLDSTEIN; JASON HARRISON; JEROME BUSHLEE; RICHARD SMITH; MR. DIAZ; JIM WEST, MR. COLLINS; JOHN BACON; STEWART MORRISON; ANTHONY WALSH; VINCENT CLIFTON, VICTOR VALENTINO AND JOHN DOES DEFENDANT I-V (HEREINAFTER BSA ABUSERS)  allege, upon information and belief, as

Page **3** of **63**

follows:

## I. JURISDICTION AND VENUE

1.      This action is brought pursuant to the Child Victims Act ("CVA"). *See* CPLR § 214-g and

22 NYCRR 202.72; the civil action alleges physical, psychological and emotional injuries and

damages suffered as a result of conduct against infant Plaintiffs constituting one or more sexual

offenses as defined in Article 130 of the New York Penal Laws, including without limitation,

conduct constituting rape (consisting of sexual intercourse) (N.Y. Penal Law §§ 130.25 - 130.35);

criminal sexual act (consisting of oral or anal sexual conduct) (N.Y. Penal Law §§ 130.40- 130.53),

and/or sexual abuse (consisting of sexual contact) (N.Y. Penal Law §§ 130.55 - 130.77).

2.      This Court has personal jurisdiction over Defendants pursuant to CPLR §§ 301 and 302,

as Defendants reside in New York and conduct or, at relevant times, conducted activities in New

York giving rise to the claims asserted herein.

3.      The acts, events, and or omissions alleged herein occurred in various counties in New York,

one of which is New York County.

4.      This Court has subject matter jurisdiction over this action as the amount of damages

Plaintiffs are seeking exceeds the jurisdictional limits of all lower courts which would otherwise

have jurisdiction.

5.      Venue for this action is proper in the County of New York pursuant to CPLR § 503 as one

or more Defendants reside in the County of New York, New York.

6.      One or more Plaintiffs currently reside in New York.

7.      Defendants caused acts or events to occur within New York out of which Plaintiffs' claims

arise.

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 99 of 157

## **II. INTRODUCTION**

8.      The Boy Scouts of America (BSA) is one of the largest youth organizations in the United States of America. There are nearly two (2) million youths and more than one (1) million adult volunteers that currently participate in Boy Scouts of America and its local councils.

9.      BSA was started in 1910, to "prepare young people to make ethical and moral choices over their lifetimes by instilling them the values of the Scout Oath and Law." Since the inception of the BSA, more than 130 million young men and women have participated. Moreover, 35 million adult volunteers have volunteered to help in the organization.

10.      At the time of the BSA's charter, Congress recognized the "importance and magnitude" of the BSA's work and observed that the BSA "tends to conserve the moral, intellectual, and physical life of the coming generation."[2]  Under that Charter, Congress granted BSA the exclusive right to BSA's name, emblems, badges, and descriptive works and markings.

11.      As early as 1919, the BSA maintained files (Ineligible Volunteer Files) intended to keep sexual abusers out of its program. For more than 90 years, BSA ignored these files while pedophiles sexually abused young boys. More than 8,000 scout leaders that preyed upon young boys were revealed publicly in these files for the first time in 2012. Additionally, more than 12,000 children reported being sexually abused.

12.      The "Perversion" category of the Ineligible Volunteer Files contains the most files and comprises any type of sexual misconduct, including child abuse. BSA was creating more than a dozen Perversion files each year.

---

[2] See H.R. Rep No. 64-130, at 245 (1916).

13.     In a 1935 *New York Times* article, BSA's Chief Scout Executive alluded to a "red-flag list" when stating "We have some very depressing and sad experiences over the years. We still have those who seek to enter Scouting and contact boys who are unbalanced morally and then again we have those who are soundly balanced, but who… by reason of psychological and … pathological sequences, when they get into boys' work, undertake to deal with sex matters and become morbid on the subject and something give way to temptation and develop practices which make them degenerates."

14.     In 2020, BSA finally outright admitted that "predators used the BSA organization to gain access to children, and volunteers or employees of the BSA or Local Councils did not effectively act on allegations and transgression as the BSA would have wanted them to and as the organization's policies mandate today."[3]

15.     At all times relevant and material to this Complaint, the Plaintiffs in this Complaint were sexually abused because of BSA and/or BSA Local Councils and/or BSA Sponsoring Organizations and/or Chartered Organizations and/or BSA Schools did not effectively act on allegations and transgressions. As a result, Plaintiffs did and will suffer from severe and life-long physical and mental injuries including but not limited to depression, anxiety, suicidal thoughts, emotional distress, substance abuse, feelings of worthlessness, shamefulness, embarrassment, to name a few as a result of these omissions, transgressions and allegations.

### III. PARTIES

16.     Defendant Boy Scouts of America (hereinafter "BSA") is a foreign nonprofit corporation that was federally chartered pursuant to 36 USC § 30901 and was and is duly authorized to conduct and transact business in the State of New York through various local and regional Boy Scout

---

[3] In re: Boy Scouts of America and Delaware BSA, LLC, No. 20-10343, Debtors' Informational Brief (2020) at pg. 4.

Page **6** of **63**

organizations and councils. Its principal headquarters is located in Irving, Texas and does transact business in the State of New York.

17.     Whenever reference is made to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring and/or Chartering Organizations and/or BSA Schools, such reference includes the entity, its parent companies, subsidiaries, affiliates, predecessors, and successors.  In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation is intended for the entity to have engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction or furtherance of the business interests of the entity's business affairs.[4]

18.     Defendant Greater New York Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 475 Riverside Drive, Suite 600, New York, NY 10115.

19.     Defendant Allegheny Highlands Council Inc. is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 50 Hough Mill Road, P.O. Box 261 Falconer, NY 14733.

20.     Defendant Five Rivers Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact

---

[4] Such reference does not include the Boy Scouts of America who have filed a petition for bankruptcy protection in the United States District Court for the District of Delaware, Civil Action No. 20-cv-10343.  However pursuant to Stipulation and Orders there is a stay on BSA but not on filing a Complaint for purposes of commencing a CVA action or service of a Complaint related to any CVA action against BSA Local Council, BSA Churches, BSA Sponsoring or Chartered Organizations.

business in the State of New York and maintains its principal office located at 244 W. Water Street, Elmira, NY 14901.

21.    Defendant Greater Niagara Frontier Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2860 Genesee Street, Buffalo, NY 14225.

22.    Defendant Hudson Valley Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 6 Jeanne Drive Newburgh, NY 12550.

23.    Defendant Iroquois Trail Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 102 S. Main Street, Oakfield, NY 14125.

24.    Defendant Leatherstocking Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1401 Genesee Street, Utica, NY 13501.

25.    Defendant Longhouse Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2803 Brewerton Road, Syracuse, NY 13211.

26.    Defendant Seneca Waterways Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 103 of 157

transact business in the State of New York and maintains its principal office located at 2320 Brighton Henrietta Town Line Road, Rochester, NY 14623.

27.    Defendant Theodore Roosevelt Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 544 Broadway, Massapequa, NY 11758.

28.    Defendant Twin Rivers Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 253 Washington Avenue Ext, Albany, NY 12205.

29.    Defendant Westchester Putnam Council is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 41 Saw Mill River Road, Hawthorne, NY 10532.

30.    Defendant Church of Our Lady of Mercy Roman Catholic is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2496 Marion Avenue, The Bronx, NY 10458.

31.    Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (hereinafter "Mormon Church") is a foreign and domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of Utah and operates and is authorized to conduct business, and does conduct continuous and systemic activities and business in the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its office located at Two Lincoln Square, 125 Columbus Avenue at 65th Street, New

York, NY 10023, including inter alia, operating meeting houses, congregations and churches/temples within Utah and New York.

32.    Defendant Catholic Mutual Relief Society of America DBA Catholic Mission Aid Society is a foreign nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 10843 Old Mill Road, Omaha, NE 68154.

33.    Defendant Saint Francis of Assisi-St Blaise Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 319 Maple Street, Brooklyn, NY11226.

34.    Defendant First Baptist Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 207 State Street, Watertown Square, NY 13601.

35.    Defendant Broadway United Methodist Church of Christ is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 263 W. 86th Street, New York, NY 10024.

36.    Defendant St Peters Catholic School/Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 12 Father Cody Drive, Poughkeepsie, NY 12601.

37.    Defendant Cathedral of Immaculate Conception is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct

and transact business in the State of New York and maintains its principal office located at 259 E. Onondaga Street, Syracuse, NY 13202.

38.    Defendant Third Presbyterian Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 4 Meigs Street, Rochester, NY 14607.

39.    Defendant St Phillip and James Catholic Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1160 East 213th Street, Bronx, NY 10460.

40.    Defendant St Catherine of Genoa Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 520 Linden Blvd., Brooklyn, NY 11203.

41.    Defendant Bethel Christian Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 7 W. 110th Street, New York, NY 10026.

42.    Defendant Shrine Church of Our Lady of Solace is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2866 W. 17th Street, Brooklyn, NY 11224.

43.    Defendant American Legion is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business

in the State of New York and maintains its principal office located at 2900 Southern Blvd., Bronx, NY 10458.

44.      Defendant St Stephens Episcopal Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 9 Carlton Avenue, Port Washington, NY 11050.

45.      Defendant NY Botanical Gardens is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2900 Southern Blvd, Bronx, NY 10458.

46.      Defendant St Augustine-Our Lady of Victory Roman Catholic Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1512 Webster Avenue, Bronx, NY 10457.

47.      Defendant All Saints Episcopal Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 186-88 7th Avenue, Brooklyn, NY 11215.

48.      Defendant Infant of Prague Church is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 921 Cleveland Drive, Cheetowaga, NY 14225.

49.      Defendant Immaculate Heart-Mary Parish is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct

Page **12** of **63**

and transact business in the State of New York and maintains its principal office located at 2805 Fort Hamilton Pkwy, Brooklyn, NY 11218.

50.     Defendants Spencerport Middle School c/o Spencerport Central School District is a domestic profit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 71 Lyell Avenue, Spencerport, NY 14559.

51.     Defendant Catholic Youth Organization a Division of Catholic Charities Community Services is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 1011 First Avenue, 6th Floor, New York, NY 10022.

52.     Defendant Thomas C Giordana Middle School 45 is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 2502 Lorillard Place, Bronx, NY 10458.

53.     Defendant Wellsville Junior High School c/o Wellsville Central School State of District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 126 W. State Street, Wellsville, NY 14895.

54.     Defendant West Gates Avenue School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 175 W. Gates Avenue, Lindenhurst, NY 11757.

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 108 of 157

55.    Defendant Harlem YMCA is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 180 West 135th Street, New York, NY 10030.

56.    Defendant St. Joseph Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 450 Franklin Avenue, Garden City, NY 11530.

57.    Defendant Bridgeport First District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 427 NY-31, Bridgeport, NY 13030.

58.    Defendant St Brendan's School is a domestic nonprofit duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 268 E. 207th Street, Bronx, NY 10467.

59.    Defendant Long Beach Central School c/o Long Beach Middle School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 239 Lido Blvd., Lido Beach, NY 11561.

60.    Defendant Chestnut Hill Middle School c/o Liverpool Central School District is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 200 Saslon Park Drive, Liverpool, NY 13088.

61.    Defendant Hamilton Madison House Inc. is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 50 Madison Street, New York, NY 10038.

62.    Defendant Boys & Girls Club is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 141 Einstein Loop, N, Bronx, New York 10475.

63.    Defendant Hanover Housing Projects c/o Greater Rochester Housing Partnership is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 16 East Main Street, Suite 610, Rochester, NY 14614.

64.    Defendant West Valley Central School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 5359 School Street, West Valley, NY 14171.

65.    Defendant Meachem Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 171 Spaulding Avenue, Syracuse, NY 13205.

66.    Defendant Queens Explorers Elementary School is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at PS 316 90-07 101st Avenue, Ozone Part, NY 11416.

67.     Defendant Little Sunflower Children and Family Services of New York is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 630 Flushing Avenue, Brooklyn, NY 11206.

68.     Defendant ABGS Middle School is a domestic nonprofit corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 70 Greenwich Street, Hempstead, NY 11550.

69.     Defendant Chatham Town Hall is a domestic corporation duly organized and existing by virtue of the laws of the State of New York; and is authorized to conduct and transact business in the State of New York and maintains its principal office located at 488 State Route 295, Chatham, NY 12037.

70.     Defendants, Mr. Robert Tobin, Mr. Cooper, Mr. Sheldon, Stan Waryas, Karl Dallas, Rob Hartman, Steward Morrison, John Bacon, Mr. Raymos, Robert Levine, Herbert Goldstein, Jason Harrison, Jerome Bushlee, Anthony Walsh, Vincent Clifton, Victor Valentino, Richard Smith, Mr. Diaz, Jim West and Mr. Collins and John Does 1-V are Plaintiffs' pedophiles who sought and gained Plaintiffs' trust, confidence, and consent to participate in BSA activities and to otherwise spend considerable time with Plaintiffs. BSA also gained the Plaintiffs' parent(s)' directive to Plaintiffs that they respect the Scoutmaster's, Scout Leader's, and/or volunteer's authority and guidance and comply with the Scoutmaster's, Scout Leader's, Assistant Scout Leader's and/or volunteer's instruction. Each of Plaintiffs' pedophiles used the power, authority, and trust gained by their BSA positions to entice, induce, direct, and coerce Plaintiffs to engage in deviant sexual acts with them.  Defendants owned and/or possessed the land upon which it negligently allowed pedophiles to groom and sexually abuse children, including Plaintiffs. The

Page **16** of 63

pedophiles, or Scoutmasters, Scout Leaders, Assistant Scout Leaders, and/or volunteers, were at

all times under the direction and control of Defendants.

71. Whenever reference is made to any Defendant entity, such reference includes

that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In

addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation

means that the entity engaged in the act, deed, or transaction by or through its officers, directors,

agents, employees, or representatives while they were actively engaged in the management,

direction, control, or transaction of the entity's business affairs.

## IV. DEFENDANTS BSA BACKGROUND AND FACTS

72. BSA is a Vertically integrated Organization. BSA "National" sits on top of local organizations

that it grants charters. BSA grants charters to thousands of local organizations across the country,

called "BSA National Council" including faith-based institutions, clubs, civic associations,

educational institutions, business, and groups of citizens.

73.  BSA Nationals is charged with developing educational programs, maintains quality and

standards of volunteer training, leadership selection, registration records, literature development,

and advancement requirements.

74.  The programs that are developed at BSA National Council is administered through 272 local

councils, with each council covering a geographic area that may vary from a single city to an entire

state. Each local council receives an annual charter from the National Council after agreeing to the

curriculum of the program and certain financial/accounting standards.

75.  The local councils are tasked in part to promote the scouting program, the registration of units

(Boy Scout Troop or Cub Pack) within its territorial area carries out the general principles of

advancement in Scouting and council personnel, provide leadership and leadership training for the

local units, to ensure the standards in Scout policies, and to ensure that adequate financing exists

for the support of the local units. Local councils report to Regional/National Councils on finances, scouting membership, scout camp participation numbers, and other requirements set by regional councils and BSA Nationals.

76. The unit is owned and run by a sponsoring organization called a chartered organization. The leadership structure and makeup of each unit is spelled out in the *BSA Rules and Regulations*, which is provided by BSA National Council. The unit is directly chartered to the sponsoring group by the Executive Board of the BSA based on a favorable recommendation from the Local Council.

77. Enrollment in BSA secures parents' and children's commitment to follow a system that encourages parents to entrust their children's health and safety to BSA. This entrustment empowers BSA to secure each child's oath to uphold the "Scout Law," to adopt the "Scout" identity, and to adhere to a system that requires children to engage in activities that expose them to adults and others. This system includes over-night outings, camping events, and trips away from the parents. The system is reward-based, obligating the child to purchase emblems, badges, and other Scouting paraphernalia, which in turn creates profit for the federally chartered organization.

78. From the beginning of their relationship with Plaintiffs, Defendants taught Plaintiffs to trust, obey, and respect their Scoutmaster, Scout Leader, and Assistant Scout Leaders and volunteers.

79. BSA uses, among other things, overnight outdoor activities such as camping, aquatics, and hiking to (1) achieve the aims of character, citizenship, and physical fitness building and (2) further its reward-based system that ensures an economic benefit to BSA. Plaintiffs are among more than 110 million American boys who have been BSA members.

80. Each of Plaintiffs' pedophiles sought and gained Plaintiffs' trust, confidence, and consent to participate in BSA activities and to otherwise spend considerable time with Plaintiffs. BSA also gained the Plaintiffs' parent(s)' directive to Plaintiffs that they respect the Scoutmaster's, Scout

Leader's, and/or Assistant Scout Leaders and/or volunteer's authority and guidance and comply with the Scoutmaster's, Scout Leader's, Assistant Scout Leaders and/or volunteer's instruction.

81. Each of Plaintiffs' pedophiles used the power, authority, and trust gained by their BSA positions to entice, induce, direct, and coerce Plaintiffs to engage in deviant sexual acts with them.

82. Defendants owned and/or possessed the land upon which it negligently allowed pedophiles to groom and sexually abuse children, including Plaintiffs.

83. The pedophiles, or Scoutmasters, Scout Leaders, Assistant Scout Leaders and/or volunteers, were at all times under the direction and control of Defendants.

84. From the top down, Defendants had known for decades that sexual predators had infiltrated scouting, desiring positions around children, due in part to their sexual interest in children. Defendants knew or should have known of the danger that pedophiles presented to children participating in scouting before Plaintiffs were abused.

## A. BSA LOCAL COUNCILS

85. Defendant BSA and its BSA National Council administered its rules, regulations and policies through 272 BSA Local Councils. Defendant BSA and BSA Local Councils enumerated in Paragraphs 16-29 above and herein incorporated herein by reference serves various portions/counties of New York including counties of 1) Chautauqua, 2) Carttaraugus, 3) Allegany, 4) Chenango, 5) Broome, 6) Tioga, 7) Cortland, 8) Tompkins, 9) Five Boroughs of New York City, 10) Erie, 11) Western Niagara, 12) Cayuga, 13) Jefferson, 14) Lewis, 15) Oswego, 16) Onondaga, 17) St. Lawrence, 18) Rockland, 19) Westchester, 20) Dutchess, 21) Delaware, 22) Genesee, 23) Livingston, 24) Wyoming, 24) Eastern Niagara, 25) Orleans, 26) Herkimer, 17) Oneida, 18) Madison, 19) Hamilton, 20) Otsego, 21) Ulster, 22) Greene, 23) Ontario, 24) Wayne, 25) Seneca, 26) Yates, 27) Monroe, 28) Suffolk, 29) Nassau, 30) Columbia, 31) Rensselaer, 32) Albany, 33) Fulton, 34) Montgomery, 35) Saratoga, 36) Schenectady, 37) Warren, 38)

Washington, 39) Franklin, 40) Clinton, 41) Essex,  and counties of 1) McKean, 2) Potter, 3) Susquehanna, 4) Sullivan in Pennsylvania. Defendant BSA and its BSA Local Councils lease and operate a number of camps including but not limited to 1) Camp Merz, 2) Elk Lick Scout Reserve, 3) Camp Barton, 4) Tuscarora Scout Reservation, 5) Fisher's Island, 6) Camp Brule (Elk Lake), 7) Camp Gorton (Waneta Lake and Finger Lake), 8) Camp Scouthaven, 9) Schoellkopf Scout Reservation, 10) Birchbark Expeditions Program 11) Sabattis Scouting Reservation, 12) Camp Woodland 13) World Brotherhood Camporee, 14) Camp Bullowa, 15) Camp Nooteeming, 16) Camp Dittmer, 17) Camp Sam Wood, 18) Camp Tri-Mount, 19) New York Baiting Hollow Scout Camp, 20) Rotary Scout Reservation, 21) Camp Wakpominee, 22) Woodworth Lake Scout Reservation, 23) Camp Boyhaven, and 24) Camp Bedford and Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools provide jamborees and overnight campsites.

86.     The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools selected, accepted, and/or approved, trained, supervised, and maintained the right of control, actual control, and apparent control over adult volunteers and Scout employees. These volunteer and paid employees attended overnight stays, campouts, scouting events, jamborees, high adventure events, and other scout sanctioned activities.

87.     The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools recruited children to join Boy Scouts of America. They served as headhunters for boys to join the ranks of BSA. They promised parents that the program would be safe, and they would take care of their sons.

88.     The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools are responsible for the local oversight and control of the Boy

Scouts of America's troops, and the implementation of the Boy Scouts' policies, procedures, rules, protocols, missions, and goals.

89. Through powers and duties granted by the Boy Scouts, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools are responsible for screening hiring, training, appointing, supervising, disciplining, retention, discharge and the initial approval of the Boy Scouts leaders, including employees, agents, representatives, servants, volunteers and other third parties.

90. At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders, assistant leader, volunteers, scoutmasters and/or members of the Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools who were assigned by BSA and/or BSA Local Council's to supervise, mentor and instruct youths who were involved in scouting activities of the Boy Scouts of America. In this capacity, the individuals committing the sexual abuse alleged herein were under the supervision of Defendants.

91. The Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools entice Scouts to intertwine scouting with their faith by offering religious emblems and badges which are earned by participating in faith-based scouting programs. There are many studies showing Scouts who earn a religious emblem stay registered in Scouting programs longer. Considering nearly three of every four units is chartered to a faith-based institution, this connection is even more important.

92. At all times relevant and material to the Complaint, the individuals committing the sexual abuse (Alleged herein named Abusers) were adult male leaders, assistant male leaders, volunteers, scoutmasters and/or other administrators who were assigned to supervise, mentor, and instruct youth members who were involved in scouting activities of the Boy Scouts of America. In this

capacity, the individuals committing the sexual abuse alleged herein were under the supervision of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools Local Council.

93.    Plaintiffs received youth and educational instruction from Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools.

94.    The Scout Leaders, Assistant Scout Leaders, and/or youth scout leaders and/or boy scout camp personnel (collectively, "Abusers") who sexually abused Plaintiffs provided youth and educational instruction to Plaintiffs.

95.    During and through these activities, Plaintiffs, as minors and vulnerable children, were dependent on Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and Abusers.

96.    During and through these youth and educational activities, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools had custody of Plaintiffs and accepted the entrustment of Plaintiffs.

97.    During and through these activities, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools had assumed the responsibility of caring for Plaintiffs and had authority over them.

98.    Through Abusers' positions at, within, or for Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools, Abusers were put in direct contact with Plaintiffs.  It was under these circumstances Plaintiffs came to be under the direction, contact, and control of Abusers, who used their positions of authority and trust over Plaintiffs to sexually abuse and harass Plaintiffs.

99.    While Plaintiffs were minors, Abusers, while acting as counselors, teachers, trustees, directors, officers, employees, agents, servants and/or volunteers of Defendant BSA and/or BSA

Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools herein, sexually assaulted, sexually abused and/or had sexual contact with Plaintiffs.

100.    Specifically, Abusers' abuse of then infant Plaintiffs included, but was not limited to, touching, fondling, and groping Plaintiffs' genitals, masturbation, oral sex, and anal penetration of Plaintiffs by Abusers.

101.    Plaintiffs' relationship to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools, as vulnerable minors, members and scouts in Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA School's youth and educational activities, was one in which Plaintiffs were subject to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools ongoing influence.  The dominating culture of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools over Plaintiffs pressured Plaintiffs not to report Abusers' sexual abuse of them.

102.    At no time did Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools ever send an official, troop leader, an investigator or any employee or independent contractor to Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools  to advise or provide any form of notice to the minors, members, scouts and/or their families, either verbally or in writing that there were credible allegations against Abusers and to request anyone who saw, suspected, or suffered sexual abuse to come forward and file a report with the police department.  Rather, Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools remained silent.

103.    Plaintiffs were thrust into an organization that failed to warn about the risks of child molestation inherent to the Scouting program, failed to implement child sex abuse policies, and

Page **23** of **63**

failed to change its process for selecting and monitoring Scout leaders, Assistant Scout Leaders and volunteers.

104.     In order to protect the wholesome image of BSA, Plaintiffs were not told about the nearly 10,000 pedophiles that were documented in the perversion files—reports that were kept at BSA Nationals that document sexual abuse predators that volunteered in the BSA.

105.     Plaintiffs were preyed upon because of their youth. Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools failed to protect plaintiffs, despite having actual knowledge of widespread sexual abuse within the organization. An extensive database was maintained with countless reports of boys that were sexually abused while attending camping trips and troop meetings. As a result of these failures, the following Plaintiffs were sexually abused, raped, and fondled as a result of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or Abusers' acts and omissions.

106.     As a direct result of the Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or BSA Abuser's conduct described herein, Plaintiffs have and will continue to suffer personal physical and psychological injuries, including but not limited to great pain of mind and body; severe and permanent emotional distress; physical manifestations of emotional distress; problems sleeping and concentrating; low self-confidence, low self-respect, and low self-esteem; feeling of worthlessness, shamefulness, and embarrassment; feeling alone and isolated; suicide attempts; losing faith in authority figures; struggling with alcohol and substance problems and addiction; struggling with gainful employment and career advancement; feeling helpless and hopeless; problems with sexual intimacy and touch; relationship problems; trust issues; feeling confused and angry; depression; panic disorder; anxiety; feeling dirty, used, and damaged; having traumatic flashbacks; and feeling that his childhood and

innocence was stolen. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' normal daily activities; has incurred and/or will incur expenses for medical and psychological treatment, therapy, and counseling. As a victim of Defendant BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and /or BSA Schools and/or BSA Abuser's misconduct, Plaintiffs are unable at this time to fully describe all the details of that abuse and the extent of the harm Plaintiffs suffered as a result.

107. The injuries and damages suffered by Plaintiffs are specific in kind to Plaintiffs, special, peculiar, and above and beyond those injuries and damages suffered by the public.

108. Plaintiffs have incurred and/or will incur future costs for counseling, psychiatric and psychological medical treatment.

## B. CHARTERING/SPONSORING ORGANIZATIONS AND CHURCHES[5]

109. Defendant BSA's Churches/Chartering/Sponsoring Organizations enumerated in Paragraphs 30-69 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts and have some of its principal place of business in New York. The Church of Our Lady of Mercy Roman Catholic; Catholic Mutual Relief Society of America dba Catholic Mission aid Society; Saint Francis of Assisi-St Blaise Church; St. Peters Catholic School; Cathedral of the Immaculate Conception; St Phillip and James Catholic Church; St Catherine of Genoa Church; Shrine Church of Our Lady of Solace; St Augustine-Our Lady of Victory Roman Catholic Church; Immaculate Heart-Mary Parish have several programs that seek out the

---

[5] Defendants The Church of Our Lady of Mercy Roman Catholic; Catholic Mutual Relief Society of America dba Catholic Mission aid Society; Saint Francis of Assisi-St Blaise Church; St. Peters Catholic School; Cathedral of the Immaculate Conception; St Phillip and James Catholic Church; St Catherine of Genoa Church; Shrine Church of Our Lady of Solace; St Augustine-Our Lady of Victory Roman Catholic Church; Immaculate Heart-Mary Parish, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints,  Defendant Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church Defendant American Legion and Defendant NY Botanical Garden  are collectively referred to as "Defendant Churches/Sponsoring Organizations/Chartered Organizations."

participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children and they have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Churches/Sponsoring Organizations/Chartered Organizations.

110.    Defendant BSA's Churches/Chartering/Sponsoring Organizations named the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (aka Mormons) enumerated in Paragraph 31 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts. Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (aka Mormons) is headquartered in Utah and conducts business and conducts continuous and systemic activities in New York. The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints has several programs that seek out the participation of children, including the Defendant Boy Scouts of America. Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints has the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

111.    Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church enumerated in paragraphs 35, 38, 41, 34, 48 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy

Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendants Broadway United Methodist Church of Christ; Defendant Third Presbyterian Church; Defendant Bethel Christian Church, Defendant First Baptist Church, Defendant Infant of Prague Church have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

112.    Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church enumerated in paragraphs 44 and 47 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant St Stephens Episcopal Church and Defendant All Saints Episcopal Church have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said Church.

113.    Defendant BSA's Churches/Chartering/Sponsoring Organizations named Defendant American Legion and Defendant NY Botanical Garden enumerated in paragraphs 43 and 45 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts which are headquartered in the State of New York and have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children. Defendant American Legion and Defendant NY Botanical Garden have the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the said organization

114. Defendant BSA's Churches, Chartering and/or Sponsoring Organizations held their leaders and agents out as people of high morals, as possessing immense power, teaching families and children to obey these leaders and agents, teaching families and children to respect and revere these leaders and agents, soliciting youth and families to their programs, marketing to youth and families, recruiting youth and families, and holding out the people that worked in the programs as safe.

115. Plaintiffs participated in Boy Scouts, Cub Scouts and/or Venturing Scouts, at the Defendant BSA Churches', Chartering and/or Sponsoring Organizations facilities, and other properties owned, operated, and or controlled by the Defendant BSA Churches, Chartering and/or Sponsoring Organizations by and through its Bishops, priests, brothers, clerics, volunteers, employees and or agents of any kind. Plaintiffs, therefore, developed great admiration, trust, reverence, and respect for the Churches, including their agents.

116. The Defendants BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations entices Scouts to intertwine scouting with their faith by offering religious emblems and badges that are earned by participating in faith-based scouting programs like the ones offered by Churches, Chartering and/or Sponsoring Organizations and/or Schools. There are many studies that show that Scouts that earn a religious emblem stay registered in Scouting programs longer. Considering that nearly three of every four units is chartered to a faith-based institution this connection is even more important.

117. At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders and /or assistant leaders, volunteers, scoutmasters and/or members of the BSA and/or BSA Local Council and/or BSA Churches and/or Chartering and/or Sponsoring Organizations and/or BSA Schools who were assigned by the Defendants to supervise, mentor and instruct youth who were involved in scouting activities of the Boy Scouts of America. In this capacity, the

Page **28** of **63**

individuals committing the sexual abuse alleged herein were under the supervision of the Defendants.

## C. SCHOOLS AND OTHER SPONSORING ORGANIZATIONS[6]

118. Defendant BSA's Schools/Chartering/Sponsoring Organizations enumerated in Paragraphs 50-69 above and herein incorporated herein by reference serves the Boy Scout/Cub Scouts/Venturing Scouts and some have its principal place of business in New York. Defendants Spencerport Middle School c/o Spencerport Central School District; Catholic Youth Organization A Division of Catholic Charities Community Services; Thomas C. Giordana Middle School 45; Wellsville Junior High School c/o Wellsville Central School District; West Gates Avenue School; Harlem YMCA; St Joseph Elementary School; Bridgeport Fire District; St Brendan's School; Long Beach Central School; Chestnut Hill Middle School c/o Liverpool Central School District; Hamilton-Madison House; Boys & Girls Club; Hanover Housing Projects c/o Greater Rochester Housing Partnership; West Valley Central School; Meachem Elementary School; Queens Explorers Elementary School; Little Sunflower Children and Family Services of New York; ABGA Middle School; Chatham Town Hall are collectively referred to as "Defendant Schools" which have several programs that seek out the participation of children, including the Boy Scouts of America and through its employees, agents, representatives and/or servants, exercises control over those activities and programs involving children and they have the power to appoint, train,

---

[6] Defendants Spencerport Middle School c/o Spencerport Central School District; Catholic Youth Organization A Division of Catholic Charities Community Services; Thomas C. Giordana Middle School 45; Wellsville Junior High School c/o Wellsville Central School District; West Gates Avenue School; Harlem YMCA; St Joseph Elementary School; Bridgeport Fire District; St Brendan's School; Long Beach Central School; Chestnut Hill Middle School c/o Liverpool Central School District; Hamilton-Madison House; Boys & Girls Club; Hanover Housing Projects c/o Greater Rochester Housing Partnership; West Valley Central School; Meachem Elementary School; Queens Explorers Elementary School; Little Sunflower Children and Family Services of New York; ABGA Middle School; Chatham Town Hall are collectively referred to as "Defendant Schools."

supervise, monitor, remove, and terminate each and every person working with children within the said School.

119.     Defendant BSA's Schools and Other Sponsoring Organizations held their leaders and agents out as people of high morals, as possessing immense power, teaching families and children to obey these leaders and agents, teaching families and children to respect and revere these leaders and agents, soliciting youth and families to their programs, marketing to youth and families, recruiting youth and families, and holding out the people that worked in the programs as safe.

120.   Plaintiffs participated in Boy Scouts, Cub Scouts and/or Venturing Scouts, at the Defendant BSA School or other Sponsoring Organizations facilities, and other properties owned, operated, and or controlled by the Defendant BSA and/or BSA Schools and/or Sponsoring Organizations by and through its volunteers, employees and or agents of any kind. Plaintiffs, therefore, developed great admiration, trust, reverence, and respect for the Schools and/or other Sponsoring Organizations, including their agents.

121.   The Defendants BSA and/or BSA Local Council and/or BSA Sponsoring or Chartered Organizations and/or BSA Schools and/or Other Sponsoring Organizations entices Scouts to intertwine scouting with their faith and education by offering educational emblems and badges that are earned by participating in education-based scouting programs like the ones offered by Schools, Churches, Chartering and/or Sponsoring Organizations. There are many studies that show that Scouts that earn a religious and/or educational emblems stay registered in Scouting programs longer.

122.   At all relevant times, the individuals committing the sexual abuse alleged herein were adult male leaders and /or assistant leaders, volunteers, scoutmasters, assistant scout leaders and/or members of the BSA and/or BSA Local Council and/or BSA Churches and/or Chartering and/or Sponsoring Organizations and/or BSA Schools who were assigned by the Defendants to supervise,

Page **30** of 63

mentor and instruct youth who were involved in scouting activities of the Boy Scouts of America. In this capacity, the individuals committing the sexual abuse alleged herein were under the supervision of the Defendants.

## V. PLAINTIFFS FACTUAL BACKGROUND

123.    Plaintiff, John Doe #1 QM, (2000027), a current resident of Staten Island, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1991-1995, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader, said abuser was under the supervision, control and/or authority of Defendant BSA and BSA Local Council including but not limited to Greater New York Council  and Church of Our Lady of Mercy Roman Catholic Church and said abuse having occurred in the State of New York

124.    Plaintiff, John Doe #2 DM  (2000028), a current resident of Woodbridge, Virginia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1962-1963, was a victim of sexual abuse and/or inappropriate sexual contact by a scout master and two assistant scoutmasters/leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trail Council and the Baptist Church ; and said abuse having occurred in the State of New York.

125.    Plaintiff John Doe #3 WD (2000033), a current resident of Snellville, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1983-1984, was a victim of sexual abuse and/or inappropriate sexual contact by a scout troop leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and St. Frances of Assisi – St Blaise Catholic Church and Catholic Mutual Relief Society of American and said abuse having occurred in the State of New York.

126.    Plaintiff, John Doe #4 JM (2000051), a current resident of Victor, New York was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1950, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or assistant scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Seneca Waterway Local Council and Spencerport Middle School; and said abuse having occurred in the State of New York.

127.    Plaintiff, John Doe #5 KK (2000071), a current resident of Coconut Creek, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973-1975 was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Robert Tobin which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Leatherstocking Council and Catholic Youth Organization and Catholic Mutual Relief Society of American and said abuse having occurred in the State of New York.

128.    Plaintiff, John Doe #6 MH (2000109), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1995, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Mr. Cooper which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and Thomas C Giordana Middle School and said abuse having occurred in the State of New York.

129.    Plaintiff, John Doe #7 MM (2000171), a current resident of Yakima, Washington, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the

supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trail Council and Wellsville Junior High School; and said abuse having occurred in the State of New York.

130.    Plaintiff, John Doe #8 LM  (2000179), a current resident of Esperance, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1983, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Mr. Sheldon which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Twin Rivers and Broadway United Methodist Church of Christ; and said abuse having occurred in the State of New York.

131.    Plaintiff  John Doe #9 AB  (2000226), a current resident of San Antonio, Texas, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

132.    Plaintiff, John Doe #10 WW (2000248), a current resident of Conyers, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1973-1974, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader Stan Warvas and Karl Dallas and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Hudson Valley Council and St Peters Catholic School and Catholic Relief Society of America and said abuse having occurred in the State of New York.

133.    Plaintiff, John Doe #11 RG (2000266), a current resident of Daniels, West Virginia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and West Gates Avenue School; and said abuse having occurred in the State of New York.

134.    Plaintiff, John Doe #12 JR (2000290) a current resident of Friendship, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 2003-2005, was a victim of sexual abuse and/or inappropriate sexual contact by a boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Seneca Waterways Council and Third Presbyterian Church; and said abuse having occurred in the State of New York.

135.    Plaintiff John Doe #13 JP (2000304), a current resident of Rochester, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1972, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trial Council; and said abuse having occurred in the State of New York.

136.    Plaintiff, John Doe #14 AE (2000314), a current resident of Mount Vernon, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1960-1962, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or den mother and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and St. Phillip and James Roman Catholic Church and said abuse having occurred in the State of New York.

137.    Plaintiff John Doe #15 HM (2000340), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader/master and/or assistant scout leader/master and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Harlem YMCA; and said abuse having occurred in the State of New York.

138.    Plaintiff  John Doe #16 CV (2000357), a current resident of Newark, New Jersey, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1988-1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and St Joseph Elementary School; and said abuse having occurred in the State of New York.

139.    Plaintiff  John Doe #17 MB (2000366), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council and/or West Chester Putnam Council; and said abuse having occurred in the State of New York.

140.    Plaintiff John Doe #18 JF (2000380), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1989-1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 130 of 157

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under

the supervision, control and/or authority of Defendant BSA Local Council including but not

limited to Greater New York Council; and said abuse having occurred in the State of New York.

141.    Plaintiff John Doe #19 SH (2000386), a current resident of Shoreline, Washington, was a

minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under

the supervision, control and/or authority of Defendant BSA Local Council including but not

limited to Longhouse Council; and said abuse having occurred in the State of New York.

142.    Plaintiff John Doe #20 WN (2000423), a current resident of Painted Post, New York, was

a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader

and/or youth scout/leader and/or boy scout camp personnel named Rob Hartman and Steward

Morrison which said abuser was under the supervision, control and/or authority of Defendant BSA

Local Council including but not limited to Five Rivers Council; and said abuse having occurred in

the State of New York.

143.    Plaintiff John Doe #21 NS (2000424), a current resident of Syracuse, New York, was a

minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

or around 1989-1991, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under

the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring

Organizations including but not limited to Longhouse Council and/or Greater New York Council

and Cathedral of Immaculate Conception and Catholic Mutual Relief Society of America and said

abuse having occurred in the State of New York.

Page **36** of **63**

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 131 of 157

144.    Plaintiff John Doe #22 RW (2000433), a current resident of Niagara Falls, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Trial Council and Catholic Church; and said abuse having occurred in the State of New York.

145.    Plaintiff John Doe #23 DM (2000443), a current resident of Watertown, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Baptist Church; and said abuse having occurred in the State of New York.

146.    Plaintiff John Doe #24 MF (2000496), a current resident of Mooresville, North Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1953-1954, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Westchester-Putnam Council; and said abuse having occurred in the State of New York.

147.    Plaintiff John Doe #25 RW (2000518), a current resident of Phelps, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the

Page **37** of **63**

supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Seneca Waterways Council and Bridgeport Fire District; and said abuse having occurred in the State of New York.

148.    Plaintiff John Doe #26 DK (2000526), a current resident of Orchard Park, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1998, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Allegheny Highlands Council; and said abuse having occurred in the State of New York.

149.    Plaintiff John Doe #27 JM  (2000553), a current resident of Yonkers, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader by the name of Mr. Raymos which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and St Brendan's School; and said abuse having occurred in the State of New York.

150.    Plaintiff John Doe #28 AW (2000607), a current resident of Georgetown, South Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

151.    Plaintiff John Doe #29 WM (2000602), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 133 of 157

or around 1976-1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Robert Levine which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and St. Catherine of Genoa Church; and said abuse having occurred in the State of New York.

152.    Plaintiff John Doe #30 JS  (2000643), a current resident of Pensacola, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1961-1962, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Herbert Goldstein which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and Long Beach Central School District; and said abuse having occurred in the State of New York.

153.    Plaintiff  John Doe #31 TP (2000660), a current resident of  Oswego, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969- 1970, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Longhouse Council and Chestnut Hill Middle School; and said abuse having occurred in the State of New York.

154.    Plaintiff John Doe #32 SD (2000758), a current resident of Long Island City, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1965-1966, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring

Organization including but not limited to Greater New York Council Hamilton-Madison House; and said abuse having occurred in the State of New York.

155.    Plaintiff John Doe #33 (2000776), a current resident of Buffalo, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater Niagara Frontier Council; and said abuse having occurred in the State of New York.

156.    Plaintiff John Doe #34 DR (2000780), a current resident of West Palm Beach, Florida, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Iroquois Trial Council and the Boys and Girls Club; and said abuse having occurred in the State of New York.

157.    Plaintiff John Doe #35 JS (200783), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1977-1979 was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Bethel Christian Temple; and said abuse having occurred in the State of New York.

158.    Plaintiff John Doe #36 JS (2000785), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1985-1987, was a victim of sexual abuse and/or inappropriate sexual contact by a scout

leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Shrine Church of Our Lady of Solace; and said abuse having occurred in the State of New York.

159.    Plaintiff John Doe #37 RW (2000787), a current resident of Binghamton, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Seneca Waterways Council and Hanover Housing Projects; and said abuse having occurred in the State of New York.

160.    Plaintiff John Doe #38 NG (2000890), a current resident of Kinston, North Carolina, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

161.    Plaintiff John Doe #39 BH (2000904), a current resident of Minneapolis, Minnesota, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975-1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater Niagara Frontier Council; and said abuse having occurred in the State of New York.

162.    Plaintiff John Doe #40 AH (2000925), a current resident of Cooperas Cover, Texas, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1968, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader/father and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Allegheny Highlands Council and West Valley Central School; and said abuse having occurred in the State of New York.

163.    Plaintiff John Doe #41 CJ (2000927), a current resident of Queens, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 2004, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Jason Harrison and Jerome Bushlee which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Iroquois Trial Council; and said abuse having occurred in the State of New York.

164.    Plaintiff John Doe #42 TT (2000948), a current resident of Syracuse, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1989, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Meachem Elementary School; and said abuse having occurred in the State of New York.

165.    Plaintiff John Doe #43 LG (2000965), a current resident of Clearlake, California, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1978, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader

and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Queens Explorers School; and said abuse having occurred in the State of New York.

166.    Plaintiff John Doe #44 RT (2000974), a current resident of North Tonawanda, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1990, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Allegheny Highlands Council and American Legion; and said abuse having occurred in the State of New York.

167.    Plaintiff John Doe #45 JC (2000998), a current resident of Stone Mountain, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1970-1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and said abuse having occurred in the State of New York.

168.    Plaintiff John Doe #46 BB (2001041), a current resident of Carlisle, Pennsylvania, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1999, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel named Anthony Walsh which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Iroquois Trial Council and Little

Sunflower Children Services in New York; and said abuse having occurred in the State of New York.

169.    Plaintiff John Doe #47 JA (2001078), a current resident of Savanna, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1965-1967, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout counsellor/camp personnel named Vincent Clifton which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and St Stephens Episcopal Church and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

170.    Plaintiff John Doe # 48 SB (2001108), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1974-1976, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Catholic Church and NY Botanical Garden and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

171.    Plaintiff John Doe #49 LR (2001199), a current resident of Elizabeth, New Jersey, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Victor Valentino which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council

including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

172.     Plaintiff John Doe # 50 MW (2001218), a current resident of Bronx, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organizations including but not limited to Greater New York Council and St. Augustine-Our Lady of Victory Roman Catholic Church and Catholic Mutual Relief Society of America and said abuse having occurred in the State of New York.

173.     Plaintiff John Doe # 51 CC (2001227), a current resident of Spanaway, Washington, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1969, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Theodore Roosevelt Council and ABGS Middle School; and said abuse having occurred in the State of New York.

174.     Plaintiff John Doe # 52 TD (2001230), a current resident of New York, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1975, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader named Richard Smith which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Greater New York Council and All Saints Episcopal Church; and said abuse having occurred in the State of New York.

175.    Plaintiff John Doe # 53 SD (2001264), a current resident of Renovo, Pennsylvania, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1971, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Jim West which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization  including but not limited to Greater Niagara Council; and Infant of Prague Church; and The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and; Catholic Mutual Relief Society of America ; and said abuse having occurred in the State of New York.

176.    Plaintiff John Doe # 54 AV (2001299), a current resident of Las Vegas, Nevada, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1986, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Mr. Diaz which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council including but not limited to Greater New York Council; and said abuse having occurred in the State of New York.

177.    Plaintiff John Doe # 55 RP (2001343), a current resident of Brooklyn, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1976-1977, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Greater New York Council and Immaculate Heart-Mary Parish; Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

178.    Plaintiff John Doe # 56 BF (2001347), a current resident of Potsdam, New York, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1981, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization including but not limited to Longhouse Council and Catholic Mutual Relief Society of America; and said abuse having occurred in the State of New York.

179.    Plaintiff John Doe #57 BB (2000479), a current resident of Atlanta, Georgia, was a minor participating in and entrusted to the care, custody and supervision of Defendant, when, in or around 1981, was a victim of sexual abuse and/or inappropriate sexual contact by a scout leader and/or youth scout leader and/or boy scout camp personnel named Mr. Collins which said abuser was under the supervision, control and/or authority of Defendant BSA Local Council and Sponsoring Organization Chatham Town Hall including but not limited to Twin Rivers Council; and said abuse having occurred in the State of New York.

## VI.  FIRST CAUSE OF ACTION: NEGLIGENCE

180.    Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

181.    Defendants owed a duty to take reasonable steps to protect Plaintiffs from foreseeable harm when Plaintiffs were under Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools supervision, in their care, custody, and control, and when Plaintiffs were participating in scouting and/or scouting-related activities.

182.    Defendants owed a duty of reasonable care to protect Plaintiffs from injury.

183.    Defendants owed Plaintiffs a duty of reasonable care because they solicited youth and parents for participation in their Boy Scout programs; encouraged youth and parents to have the youth participate in their programs; undertook custody of minor children; promoted their facilities and programs as being safe for children; held their Scoutmasters, Scout Leaders, Assistant Scout Leaders and/or volunteers as safe to work with children.

184.    Defendants owed Plaintiffs a duty to protect Plaintiffs from sexual abuse committed by Defendant BSA Abusers and/or BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools employees, agents, representatives, servants, authorized volunteers, members, leaders, and scoutmasters, assistant scout leaders, both prior to and/or subsequent to such acts of sexual abuse.

185.    Defendants owed Plaintiffs a duty of reasonable care because Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools solicited and encourage youth for participation in the Boy Scouts and its programs; undertook custody of minor children, including Plaintiffs; promoted its facilities, grounds and programs as being safe for children; held out its employees, agents, representatives, servants, leaders, members and scoutmasters, as safe to work with children; encouraged children to spend time with its employees, agents, representatives, servants, leaders, members and scoutmasters and assistant leaders; and/or encouraged its employees, agents, representatives, servants, leaders, members and scoutmasters to spend time with, interact with, and recruit children to the Boy Scouts and to Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

186.    Defendants owed Plaintiffs a duty of care because it had a special relationship with Plaintiffs.

187.    Defendants had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parent(s) and/or guardian(s), and other parent(s) and/or guardian(s) of young, innocent, vulnerable children in the BSA to properly train and supervise its scout leaders and/or youth scout leaders, boy scout camp personnel, employees and/or agents.  This special relationship arose because of the high degree of vulnerability of those children, including Plaintiffs, entrusted to its care.  As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a duty to establish measures of protection not necessary for people who are older and better able to protect themselves.

188.    Defendants owed Plaintiffs a duty to protect Plaintiffs from Abusers' sexual deviancy, both prior to and/or subsequent to Abusers' misconduct.

189.    By accepting physical custody of minor Plaintiffs, Defendants established an *in loco parentis* relationship with Plaintiffs and, in so doing, owed Plaintiffs a heightened duty to protect Plaintiffs from harm and injury.

190.    By accepting custody of minor Plaintiffs, Defendants established an *in loco parentis* relationship with Plaintiffs and in so doing, owed Plaintiffs a duty to protect Plaintiffs from injury. Further, Defendants entered into a fiduciary relationship with Plaintiffs by undertaking the custody, supervision of, and/or care of infant Plaintiffs.  As a result of Plaintiffs being an infant, and by Defendants undertaking the care and guidance of Plaintiffs, Defendants also held a position of empowerment over Plaintiffs.  Further, Defendants, by holding itself out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants, through its employees and/or agents, exploited this power over Plaintiffs and, thereby, put the infant Plaintiffs at risk for sexual abuse.

191.    By establishing and/or operating Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools accepting minor Plaintiffs as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiffs, accepting custody of minor Plaintiffs *in loco parentis*, and by establishing a relationship with Plaintiffs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools entered into an express and/or implied duty to properly supervise Plaintiffs and provide a reasonably safe environment for children, who participated in its programs.  Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had the duty to exercise the same degree of care over minors under its control as a reasonably prudent person would have exercised under similar circumstances.

192.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' actions and/or inactions created a foreseeable risk of harm to Plaintiffs.  As a vulnerable child participating in the programs and activities Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools offered to minors, Plaintiffs were foreseeable victims. Additionally, as vulnerable children who Abusers had access to through Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools and programs, Plaintiffs were foreseeable victims.

193.    While Plaintiffs were in Scouts, Defendants accommodated an environment that permitted harmful and offensive sexual conduct and contact with Plaintiffs.

194.    Based upon the tens of thousands of prior incidents of BSA documented pedophilic abuse of scouts in Defendant BSA programs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were on notice of an

extremely dangerous condition: sexual abuse of child scouts by adult scout leaders and/or employees and/or volunteers and/or members. Sexual abuse of child scouts by adult scout leaders and/or employees and/or volunteers and/or members was the precise cause of the injury sustained by each Plaintiff.

195.    Prior to the sexual abuse of Plaintiffs, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools should have known that Abusers were unfit to work with children.  Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools by and through its agents, servants and/or employees knew, or should have known of Abusers' propensity to commit sexual abuse and of the risk to Plaintiffs' safety.  At the very least, Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or should have known that it did not have sufficient information about whether or not its adult scout leaders/employees/members/assistant leaders/volunteers and people working at Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were safe.

196.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew, or in the exercise of reasonable care should have known, that their failure to erect reasonable barriers to pedophiles' entry into scouting or to timely adopt policies and practices addressing the problem of pedophilic infiltration and abuse of scouts would result in sexual abuse of innocent boy scouts, including each Plaintiff.

197.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or reasonably should have known the heightened risks of sexual abuse in their programs and had a duty to warn or protect foreseeable victims, including each Plaintiff.

198.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or reasonably should have known that Abusers posed a threat of sexual abuse to innocent boy scouts, including each Plaintiff.

199.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had knowledge of sexual abuse in scouting for decades and this knowledge made the risk to Plaintiffs foreseeable.

200.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had knowledge that sexual assaults, molestation of children, sexual conduct with minors, commercial sexual exploitation of minors, sexual exploitation of minors, sexual abuse, child sex trafficking, continuous sexual abuse of children, and luring minors for sexual exploitation, are serious felonies offenses carrying lengthy prison sentences.  Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a categorical duty to protect Plaintiffs.

201.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools breached their duty of care by designing, implementing, and promoting a program that attracted pedophiles to its program that sexually abused Plaintiffs.

202.    Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools breached a common law duty of reasonable care by failing to protect or warn each Plaintiff or each Plaintiffs' parents of the dangers of pedophilic sexual abuse within scouting.

203.    But for Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' breaches of duty, acts, and omissions, each Plaintiff would not have been abused, because each Plaintiff would not have

become a member of BSA and would not have participated in scouting activities that allowed him to come in contact with the pedophile that sexually abused him. Alternatively, but for Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' breaches of duty, acts, and omissions each Plaintiff would have been able to protect himself from the pedophile that sexually abused him and would not have been sexually abused by the pedophile.

204.    The acts of Abusers described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his employment, appointment, and/or agency with Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

205.    At all times material to the Verified Complaint, with regard to the allegations contained herein, Abusers were under the direct supervision, employ and/or control of Defendant BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

206.    As a direct and proximate result of Defendants' acts, and/or omissions, Plaintiffs suffered and continue to suffer serious injuries, including physical pain and discomfort, mental and emotional distress, anxiety, anger, loss of enjoyment of life, including being deprived of their childhood and adolescence, embarrassment, shame, humiliation, medical and/or counseling expenses and other damages.

207.    At all times relevant and material hereto, Defendants and/or its agents or employees, were responsible and/or liable for each other's ***negligent*** actions and/or omissions, via including but not limited to *respondeat superior*.  However, Plaintiffs do not allege that the doctrine of *respondeat superior* applies directly to ***intentional*** acts of sexual assault or sexual abuse alleged of the individual perpetrator(s) identified in this complaint.

Page **53** of **63**

Case 20-10343-LSS Doc 7506-4 Filed 11/30/21 Page 148 of 157

208.    The limitations of liability set forth in Article 16 of the CPLR do not apply to any of the causes of action alleged in this Complaint.

209.    As a direct and/or indirect result of said conduct, Plaintiffs have suffered the injuries and damages described herein.

210.    WHEREFORE, by reason of the foregoing, Defendants, jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages and for punitive damages, in an amount to be determined at trial, together with interest and costs.

## VII.  SECOND CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR DIRECTION

211.    Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

212.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools hired the Abusers (enumerated in Paragraph 70 above incorporated herein).

213.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools hired Abusers for positions that required them to work closely with, mentor, and counsel young boys and girls.

214.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools retained Abusers in their positions as mentors and counselors to such children and thus left them in positions to continue such behavior.

215.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were negligent in hiring Abusers because it knew or should have known, through the exercise of reasonable care, of Abusers' propensity to develop

inappropriate relationships with children in its charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

216.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were negligent in its direction and/or supervision of Abusers in that it knew or should have known, through the exercise of ordinary care, that Abusers' conduct would subject third parties to an unreasonable risk of harm, including Abusers' propensity to develop inappropriate relationships with children under his charge and to engage in sexual behavior and lewd and lascivious conduct with such children.

217.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools were further negligent in its retention, supervision, and/or direction of Abusers in that Abusers sexually molested Plaintiffs within the geographical confines of BSA Local Council and/or elsewhere.

218.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools had a duty to exercise reasonable care in the authorization, selection, investigation, approval, hiring, training, supervision, retention, assignment and/or discharge of its employees, agents, representatives, servants, authorized volunteers, leaders, members, and scoutmasters.

219.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools owed a duty to train and educate leaders to establish adequate and effective policies and procedures calculated to detect, prevent, and address sexual abuse.

220.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools knew or, in the exercise of reasonable care, should have known, its failure to erect reasonable barriers to pedophiles' entry into scouting or to timely

adopt policies and practices addressing the problem of pedophilic infiltration and abuse of scouts would result in sexual abuse of innocent Scouts, including each Plaintiff.

221.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to exercise reasonable care and breached their duties by not adequately investigating scoutmasters/leaders/volunteers before allowing them to participate in Boy Scouts.

222.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to exercise reasonable care and breached their duties by allowing scoutmasters/leaders/volunteers to participate in Scouts that have a history of pedophilia and sexual abuse to minors.

223.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to train and supervise its scout masters, scout leaders, and volunteers (1) in the proper implementation of their guidelines, policies, and procedures regarding the treatment of child sexual abuse victims; (2) to monitor and ensure compliance with their guidelines, policies, and procedures, and (3) in treating child sexual abusers and reporting child sexual abuse.

224.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to properly investigate allegations of abuse and failed to reach out and provide services to victims.

225.    Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools failed to take steps to prevent such conduct from occurring on its premises and/or elsewhere.

Case 20-10343-LSS    Doc 7506-4    Filed 11/30/21    Page 151 of 157

226.    Abusers (enumerated in Paragraph 70 above incorporated herein) continued to molest Plaintiffs while under the custody and control of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools.

227.    The harm complained of herein was foreseeable.

228.    Plaintiffs would not have suffered the foreseeable harms complained of herein but for the negligence of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools in having placed Abusers, and/or allowed Abusers to remain in their positions.

229.    At all times while Abusers were employed or appointed by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools , they were supervised by, under the direction of, and/or answerable to, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools and/or its agents and employees.

230.    BSA Abusers (enumerated in Paragraph 70 above incorporated herein) would not and could not have been in positions to sexually abuse Plaintiffs had they not been hired by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools to mentor and counsel children.

231.    BSA Abusers (enumerated in Paragraph 70 above incorporated herein) would not and could not have been in positions to sexually abuse Plaintiffs had they not been negligently retained, supervised, and/or directed by Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools as mentors and counselors to minor scouts of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools, including Plaintiffs.

232.     The limitations of liability set forth in Article 16 of the CPLR do not apply to any of the causes of action alleged in this Complaint.

233.     As a direct and proximate result of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' acts, Plaintiffs suffered and continue to suffer serious injuries, including physical pain and discomfort, mental and emotional distress, anxiety, anger loss of enjoyment of life, including being deprived of their childhood and adolescence, embarrassment, shame, humiliation, medical and/or counseling expenses and other damages.

234.     WHEREFORE, by reason of the foregoing, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

### IX. THIRD CAUSE OF ACTION:
### BREACH OF STATUTORY DUTY TO REPORT ABUSE
### UNDER SOC. SERV. LAW §§ 413 and 420

235.     Plaintiffs repeats and realleges by reference each and every allegation set forth above as if fully set forth herein.

236.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools violated a common law and statutory duty in failing to report to law enforcement known and/or suspected abuse of children by its employees, agents, representatives, servants, leaders, members, scoutmasters and/or authorized volunteers.

237.     Pursuant to N.Y. Soc. Serv. Law §§ 413 and 420, Defendant, its employees, agents, representatives, servants, authorized volunteers, members, leaders, assistant leaders and scoutmasters, had a statutorily imposed duty to report reasonable suspicion of abuse of children in its care.

238.     Defendants breached that duty by knowingly and willfully failing to report reasonable suspicion of abuse of Plaintiffs in its care, custody and/or possession.

239.     As a direct and/or indirect result of said conduct, Plaintiffs have suffered injuries and damages described herein.

240.     WHEREFORE, by reason of the foregoing, Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools jointly, severally and/or in the alternative, are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

## X. PRAYER FOR PUNITIVE DAMAGES

241.     Plaintiffs repeat and reallege by reference each and every allegation set forth above as if fully set forth herein.

242.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools' actions described above were performed with willful, wanton, and reckless disregard for the health, safety, and well-being of each Plaintiff.

243.     Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools actions, as described above, were performed with malice and in reckless disregard for the rights of each Plaintiff and others similarly situated.

244.     Accordingly, the conduct of Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools entitles Plaintiffs to punitive damages.

245.     By reason of the foregoing, Defendants are liable to Plaintiffs for compensatory damages, and for punitive damages, together with interest and costs.

     **WHEREFORE,** it is respectfully requested that the Court grant judgment in this action in favor of Plaintiffs, and against Defendants BSA and/or BSA Local Council and/or BSA Churches

and/or Sponsoring or Chartered Organizations and/or BSA Schools and/or BSA Abusers, jointly and severally, in a sum of money in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with all applicable interest, costs, disbursements, as well as punitive damages and such other, further and different relief as the Court in its discretion shall deem to be just, proper and equitable.

Plaintiffs further place Defendants BSA and/or BSA Local Council and/or BSA Churches and/or Sponsoring or Chartered Organizations and/or BSA Schools on notice and reserves the right to interpose claims sounding in Fraudulent Concealment, Deceptive Practices and/or Civil Conspiracy should the facts and discovery materials support such claims.

Dated: August, 11, 2021

Respectfully Submitted,

By: Gregory Mansell, Esq.
MANSELL LAW LLC
*Attorneys for Plaintiffs*
85 8th Avenue, 6M
New York, NY 10011
(646) 921-8900

## ATTORNEY VERIFICATION

Gregory Mansell, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

Affirmant is a partner of MANSELL LAW, LLC, attorneys for Plaintiffs in the within action;

Affirmant has read the foregoing Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the source of his information and the grounds for his belief are derived from interviews and/or declarations with Plaintiffs and from the file(s) maintained in the normal course of business.

Affirmant further states that the reason this verification is not made by Plaintiffs is that some of the Plaintiffs are not presently within the County of New York, which is the county wherein the attorneys for Plaintiffs herein maintain their offices.

Sworn to before me this 11th day of August, 2021.

_____
Gregory Mansell, Esq.

_____
NOTARY PUBLIC



Caroline J. Dyer, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

Page **61** of **63**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
JOHN DOE #1 – JOHN DOE #57 PLAINTIFF ADDRESSES INTENTIONALLY WITHHELD

Plaintiffs,

     -   *against* -

BOY SCOUTS OF AMERICA, GREATER NEW YORK COUNCIL, ALLEGHENY
HIGHLANDS COUNCIL, INC., FIVE RIVERS COUNCIL, GREATER NIAGARA
FRONTIER COUNCIL, HUDSON VALLEY COUNCIL, IROQUOIS TRAIL COUNCIL,
LEATHERSTOCKING COUNCIL, LONGHOUSE COUNCIL, SENECA WATERWAYS
COUNCIL, THEODORE ROOSEVELT COUNCIL, TWIN RIVERS COUNCIL,
WESTCHESTER PUTNAM COUNCIL, AND CHURCH OF OUR LADY OF MERCY
ROMAN CATHOLIC CHURCH, CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS,
CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, FIRST BAPTIST CHURCH,
SAINT FRANCIS OF ASSISI-ST BLAISE CATHOLIC CHURCH, CATHOLIC CHURCH OF
NIAGARA FALLS, BROADWAY UNITED METHODIST CHURCH OF CHRIST, SAINT
PETERS CATHOLIC SCHOOL, CATHEDRAL OF IMMACULATE CONCEPTION, THIRD
PRESBYTERIAN CHURCH, SAINT PHILLIP AND JAMES CATHOLIC CHURCH, SAINT
CATHERINE OF GENOA CHURCH, BETHEL CHRISTIAN TEMPLE, SHRINE CHURCH
OF OUR LADY OF SOLACE, AMERICAN LEGION, SAINT STEPHENS EPISCOPAL
CHURCH,  NY BOTANICAL GARDEN, SAINT AUGUSTINE-OUR LADY OF VICTORY
ROMAN CATHOLIC CHURCH,  ALL SAINTS EPISCOPAL CHURCH, INFANT OF
PRAGUE CHURCH, IMMACULATE HEART-MARY PARISH, SPENCER-PORT MIDDLE
SCHOOL, CATHOLIC YOUTH ORGANIZATION, THOMAS C GIORDANA MIDDLE
SCHOOL 45,  WELLSVILLE JUNIOR HIGH SCHOOL, WEST GATES AVENUE SCHOOL,
HARLEM YMCA, SAINT JOSEPH ELEMENTARY SCHOOL, BRIDGEPORT FIRE
DISTRICT, SAINT BRENDAN's SCHOOL, LONG BEACH CENTRAL SCHOOL,
CHESTNUT HILL MIDDLE SCHOOL, HAMILTON-MADISON HOUSE, BOYS AND
GIRLS CLUB, HANOVER HOUSING PROJECTS, WEST VALLEY CENTRAL SCHOOL,
MEACHEM ELEMENTARY SCHOOL, QUEENS EXPLORERS ELEMENTARY SCHOOL,
LITTLE SUNFLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, ABGS
MIDDLE SCHOOL, CHATHAM TOWN HALL, ROBERT TOBIN, MR. COOPER, MR.
SHELDON, STAN WARVAS, KARL DALLAS, ROB HARTMAN, STEWART MORRISON,
JOHN BACON, MR RAYMOS, ROBERT LEVINE, HERBERT GOLDSTEIN, JASON
HARRISON, JEROME BUSHLEE, ANTHONY WALSH, VINCENT CLIFTON, VICTOR
VALENTINO, RICHARD SMITH, MR DIAZ, JIM WEST, MR COLLINS, AND JOHN DOES
DEFENDANT I-V, JANE DOES DEFENDANT I-V, XYZ CORPORATIONS I-V, ABC
PARTNERSHIPS I-V, ADDRESS UNKNOWN.

Defendants.
--------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

MANSELL LAW LLC
*Attorneys for Plaintiffs*
85 8th Avenue, 6M
New York, NY 10011
(646) 921-8900

## CERTIFICATION

Pursuant to 22 NYCRR §130-1.1-a, the undersigned, an attorney duly admitted to practice in the courts of the State of New York, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous as defined in subsection (c) of the aforesaid section.

_____
Gregory Mansell, Esq.