# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC[1], | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) **Re: Docket Nos. 7532, 7533** |
| | ) |

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE LAW FIRMS TO FILE UNDER SEAL PORTIONS OF THE OPPOSITION LETTER AND CERTAIN EXHIBITS

Zalkin Law Firm, P.C. and Pfau Cochran Verteis Amala PLLC (the "Law Firms"), by and through their undersigned counsel, hereby respectfully move (the "Motion to Seal") to File Under Seal portions of the Opposition (the "Opposition") to the Motion for Protective Order (as defined below) [Docket No. 7480] and certain Exhibits (the "Exhibits") to the Opposition, and in support of this Motion to Seal, the Law Firms respectfully state as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Law Firms confirm their consent, pursuant to 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 107(b) title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.      On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code.

5.      Also, on the Petition Date, the Debtors filed a plan and associated disclosure statement. Since then, the Debtors filed a series of amended plans and disclosure statements, the most recent of which are the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BDA, LLC* [D.I. 6443] (the "Plan") and *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6445] (the "Disclosure Statement").

6.      On June 8, 2020, the Court entered the *Order Approving Confidentiality and Protective Order* [D.I. 799], which entered Exhibit 1 the *Confidentiality and Protective Order* [D.I. 799-1] (the "Protective Order").

7.      On November 29, 2021, Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. ("Eisenberg Rothweiler") filed a motion for protective order [D.I. 7480] (the "Motion for Protective Order"), whereby they assert that certain discovery materials produced by Timothy Kosnoff, as described in the Motion for Protective Order, are subject to attorney-client privilege, common interest privilege and work product doctrine, and as such should not be produced.

8.      As described in the Opposition, the Motion for Protective Order resulted from events that occurred at the deposition of Timothy Kosnoff (the "Deposition").

**RELIEF REQUESTED**

9.      Concurrently with this Motion to Seal, the Law Firms filed the Opposition.  In the Opposition, the Law Firms reference Exhibits that were introduced and marked "Highly Confidential" at the Deposition.  In addition, the Opposition contains references to the Exhibits thereby also containing information designated as Highly Confidential.

10.     The Law Firms respectfully request the entry of an Order authorizing them to file under seal the Opposition and certain of the Exhibits, and directing that the Opposition and the Exhibits remain under seal and confidential, and not be made available to any entity other than: (i) the Court; (ii)  the Office of the United States Trustee; (iii) the Debtors; (iv) the Tort Claimants Committee; (v) the Coalition of Abuse Scouts for Justice; (vi) Eisenberg Rothweiler; (vii) Kosnoff Law PLLC; and (viii) AVA Law Group, Inc.

11.     The Law Firms have also filed a redacted version of the Opposition, including certain of the Exhibits that have not been designated as Highly Confidential.

**BASIS FOR RELIEF**

12.     Section 5.3 of the Protective Order provides that a Producing Party:[2]

> May designated Discovery Material as "**Highly Confidential**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to paragraph 7.4; or those portions of

---

[2] Producing Party is defined in the Protective Order as "any person or entity that produces, provides, or makes available Discovery Material to any Party." *See* Protective order, II.

any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts of consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.

Protective Order §5.3.

13.     Section 7.6 of the Protective Order governs the filing or submitting of Protected Material, which as defined as "Discovery Materials designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Section 7.6 provides in relevant part that:

> Any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, as or otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in unredacted form in in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.
>
> Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code.

*Id.* § 7.6.

14.     The Exhibits to the Opposition are documents that have been marked as Highly Confidential Information. In addition, the Opposition contains references to the Highly Confidential Information.  Accordingly, the Law Firms requests that the Exhibits and Opposition are appropriately redacted to maintain their previous confidentiality designation.  Good cause exists to grant the Motion as the information has been designated as Highly Confidential and therefore falls under the relevant standards set forth in the Protective Order.

## **CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

15.　　Pursuant to Local Rule 9018-1(d), undersigned counsel to the Law Firms certifies that the Motion for Protective Order filed by Eisenberg Rothweiler directly implicates the issues set forth in the Motion.  In particular, until the Court rules on the Motion for Protective Order, the information set forth in the Opposition and the Exhibits is still designated as Highly Confidential and subject to this Court's previous Protective Order.

WHEREFORE, The Law Firms respectfully request that the Court enter an Order granting this Motion to Seal, substantially in the form attached hereto as Exhibit A, authorizing the filing of the Opposition and Exhibits under seal, directing that the Opposition and Exhibits remain under seal and confidential, and not be made available to any entity other than: (i) counsel to the Debtor; and (ii) the Office of the United States Trustee and granting such other and further relief that the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 1, 2021

**BIELLI & KLAUDER, LLC**

*/s David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone:  (302) 803-4600
Facsimile:  (302) 397-2557
Email: dklauder@bk-legal.com

KTBS LAW LLP
Thomas E. Patterson (*pro hac vice*)
Daniel J. Bussel (*pro hac vice*)
Robert J. Pfitser (*pro hac vice*)
Sasha M. Gurvitz (*pro hac vice*)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone:  (310) 407-4000
Email: tpatterson@ktbslaw.com
        dbussel@ktbslaw.com
        rpfister@ktbslaw.com
        sgurvitz@ktbslaw.com

*Counsel to each of the Zalkin Firm, P.C., and Pfau Cochran Vertetis Amala PLLC*