

1105 North Market Street
Suite 901
Wilmington, Delaware 19801

Mailing Address:
P.O. Box 1380
Wilmington, DE 19899-1380

Joseph Grey
JGrey@crosslaw.com
(302) 777.4200, ext. 110

December 2, 2021

**VIA CM/ECF & HAND DELIVERY**
The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

  Re: Boy Scouts of America and Delaware BSA, LLC
     Bankr. D. Del. Case No. 20-10343 (LSS)
     (D.I. No. 7480)

Dear Judge Silverstein:

  We write on behalf of the AVA Law Group, Inc. to join in the Motion for Protective Order submitted by Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. (the "Motion"). [D.I. 7480.] we are in agreement with the relief sought in the Motion and the statements and arguments made therein. In the interests of efficiency, we will not repeat the arguments made in the Motion; but we would like to make the Court aware of the following.

  Mr. Kosnoff testified at his deposition that the clients whose correspondence he produced had waived the attorney-client privilege. A review of his document production suggests that this testimony is incorrect. Some of the documents disclosed by Mr. Kosnoff are not accompanied by client waivers of any kind, yet they contain or refer to attorney-client communications. (See Kosnoff002, Kosnoff021-22, Kosnoff0123-126, Kosnoff127-129, Kosnoff163-164, Kosnoff204-208, Kosnoff211-213, Kosnoff390).[1]) A number of clients only waived the privilege in order to allow Mr. Kosnoff to share their emails *with the Court*. (Kosnoff061-063, Kosnoff077-078, Kosnoff095-096, Kosnoff384, Kosnoff385, Kosnoff386.) Instead of limiting that disclosure as directed by the clients, Mr. Kosnoff produced the documents *to opposing counsel*.

---

[1] These numbers refer to Mr. Kosnoff's document production. Since these documents contain or refer to attorney-client communications, and we do not wish to waive that privilege, they are not being attached as exhibits to this letter. Nevertheless, Mr. Kosnoff and anyone else with access to the production can verify the statements made in this letter.

      Mr. Kosnoff testified that these documents contain the sum total of his communications with clients regarding their alleged waivers of privilege. Therefore, they show that Mr. Kosnoff did not get clients to agree to waive the privilege with respect to all the materials he produced and that, in some cases, he exceeded the bounds of what the clients agreed to.[2].

      We also want to make it clear to the Court and for the record that neither the undersigned counsel nor AVA Law Group, Inc. were consulted prior to Mr. Kosnoff's disclosure of these materials, and we objected promptly after we became aware that privileged material had been produced. All responsibility for improper disclosure of attorney-client communications lies solely with Mr. Kosnoff and his firm.

      Although this is mentioned in the motion, it bears repeating that Mr. Kosnoff made little to no effort to obtain the informed consent of clients when he sought waivers of the attorney-client privilege. He did not explain the possible consequences of his actions and he did not consider other available options he had to get information to the Court. He apparently did not consider that the documents were protected from disclosure under the work product doctrine and/or the common interest doctrine. Of course, he also failed to inform his co-counsel, including the AVA Law Group, Inc., that he intended to make these disclosures.

      Accordingly, we respectfully request that the Motion be granted.

Respectfully submitted,

*/s/ Joseph Grey*

Joseph Grey (No. 2358)

cc:    All Interested Parties via CM/ECF

---

[2] It must be assumed for purposes of the Motion and the abbreviated schedule it must be heard on that the emails Mr. Kosnoff disclosed were all from actual clients. He certainly operated under that assumption as are others involved in these proceedings. Nevertheless, it is possible that not all of these emails came from clients. Given everything else that has happened in this case, it is possible that Mr. Kosnoff was "spoofed" by some of these people, pretending to be his clients when they really were not.