**brownrudnick**

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

November 10, 2021

**VIA EMAIL**

Konrad R. Krebs, Esq.
Clyde & Co US LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932

RE:   **In re Boy Scouts of America and Delaware BSA, LLC, No. 20-10343 (LSS)**

Dear Counsel:

This firm represents the Coalition of Abused Scouts for Justice (the "Coalition"), and we write in connection with the *Propounding Insurers' Notice of Deposition of the Coalition of Abused Scouts for Justice* (the "Deposition Notice") noticing the Coalition for a deposition purportedly pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as applicable herein pursuant to Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure. The Deposition Notice is improper for several reasons, described more fully below.

First, Rule 30(b)(6) is clear on its face: a proper target for such a deposition is "a public or private corporation, a partnership, an association, a governmental agency, or other entity," and the Coalition, as an ad hoc group, is none of those. We have identified no case where an ad hoc group has been required to produce a Rule 30(b)(6) witness. Aside from the fact that the Coalition, as an ad hoc group, is not a corporation, partnership, association, governmental agency, or entity and thus is not within the scope of Rule 30(b)(6)—which is in and of itself dispositive on the point of the impropriety of the Deposition Notice—it actually would make no sense for an ad hoc group to be subject to Rule 30(b)(6) because such a group is not an organization that has a legal identity apart from its individual members. *See In re Philadelphia Newspapers, LLC*, 422 B.R. 553, 565-66 (Bankr. E.D. Pa. 2010) ("*Black's* defines an entity as being an organization (such as a business or governmental unit) that has a legal identity apart from its members or owners" and reasoning that the "Steering Group" before it "has no legal identity apart from its members" in part because members "are apparently free to join and withdraw as they see fit, and no member is bound by any decisions of the majority of the Group."). The Coalition's membership changes over time, and as an ad hoc group with no legal identity distinct from its members, the rationale behind a Rule 30(b)(6) deposition—that the designee is testifying on behalf of the corporation, partnership, association, governmental agency, or entity's legal identity—is thus conceptually inapplicable.



Konrad R. Krebs, Esq.
November 10, 2021
Page 2

Second, to the extent the Deposition Notice is ultimately designed to discover the Coalition's counsel's or state court counsel's "mental impressions, conclusions, opinions, or legal theories" (Fed. R. Civ. P. 26(b)(3)(B))—as appears to be the case—that is not a proper basis for a Rule 30(b)(6) deposition. *Fed. Deposit Ins. Corp. v. Wachovia Ins. Servs., Inc.*, No. 3:05 CV 929 (CFD), 2007 WL 2460685, *5 (D. Conn. Aug. 27, 2007) (granting motion for protective order in part where "the court finds that the instant Rule 30(b)(6) notice in large part appears calculated to discover properly protected opinions, mental impressions, and strategy of plaintiff's counsel"). Further, the Deposition Notice also seeks the disclosure of information protected by the work-product doctrine or which is material prepared in anticipation of litigation within the meaning of Civil Rule 26(b)(3)(A), which is also not a proper basis for a Rule 30(b)(6) deposition. You cannot use a Rule 30(b)(6) exam to conduct expert discovery.

Third, the information sought by the Deposition Notice is outside the scope of discovery permitted under Rule 26(b). The Abuse Claims at issue are based on events and circumstances that occurred prior to the Petition Date. The Coalition is an ad hoc group that was formed after the Petition Date. The Coalition did not exist when the Abuse at issue occurred. Further, the Debtors have put at issue whether the TDPs are consistent with the Debtors' historical settlement practices and experience in the tort system—*i.e.*, events that occurred prior to the bankruptcy filing. The Coalition's understanding of the Debtors' past practices and experience in the tort system is largely based on information provided by the Debtors. It is the Coalition's understanding that the parties that have information concerning the Debtors' historical settlement practices and experience in the tort system are the Debtors and their insurers. Further, it is the Coalition's understanding that the TDPs are based on procedures and claims values that the insurers approved prior to the bankruptcy filing. The point of the discovery that has been served on the insurers is, in part, to obtain this information. We do not understand why the insurers, who are refusing to produce this information, think it is proper to seek discovery from the Coalition on this topic.

For the reasons set forth herein and in the Coalition's enclosed responses and objections to the Deposition Notice, the Coalition objects to the Deposition Notice.

{00228230-1}

 Konrad R. Krebs, Esq.
November 10, 2021
Page 3

We request a meet and confer with you to discuss these issues and potentially narrowing the Deposition Notice's Topics to topics that may be appropriate under the circumstances.

Sincerely,

**BROWN RUDNICK LLP**


*/s/ Eric R. Goodman*
Eric R. Goodman

Enclosure

cc:   Bruce D. Celebrezze, Esq. (via email)
      David Christian, Esq. (via email)
      Participating Parties (via email)

{00228230-1}