# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

November 23, 2021

**VIA EMAIL**

| | |
|---|---|
| Konrad R. Krebs, Esq. | Thomas E. Patterson, Esq. |
| Clyde & Co US LLP | KTBS Law LLP |
| 200 Campus Drive, Suite 300 | 1801 Century Park East, 26th Floor |
| Florham Park, NJ 07932 | Los Angeles, CA 90067 |
| | |
| Tancred Schiavoni, Esq. | Jeremy W. Ryan, Esq. |
| O'Melveny & Myers LLP | Potter Anderson & Corroon LLP |
| Times Square Tower | 1313 N. Market Street, 6th Floor |
| 7 Times Square | Wilmington, DE 19801-6108 |
| New York, NY 10036-6537 | |

**RE:   In re Boy Scouts of America and Delaware BSA, LLC, No. 20-10343 (LSS)**

Dear Counsel:

This firm represents the Coalition of Abused Scouts for Justice (the "Coalition"), and we write in reference to the deposition notices purportedly propounded pursuant to Rule 30(b)(6) on the Coalition by certain "Propounding Insurers" [D.I. 6934], the Zalkin Law Firm, P.C. ("Zalkin") and Pfau Cochran Vertetis Amala PLLC ("Pfau") [D.I. 7001], Century [D.I. 7189], and the Roman Catholic and United Methodist Ad Hoc Committees [D.I. 7166] (collectively, the "Deposition Notices"). We have previously written to counsel to the Propounding Insurers and the Zalkin and Pfau firms in connection with their respective Deposition Notices, and we write here to Century and the Roman Catholic and United Methodist Ad Hoc Committees' counsel and again to the Propounding Insurers and to the Zalkin and Pfau firms further to our meet-and-confer with the Propounding Insurers and in light of the November 19, 2021 discovery hearing. The Deposition Notices are improper for several reasons, described previously to Propounding Insurers and to the Zalkin and Pfau firms and more fully below. They are also irrelevant and not proportional to the needs of the case for many of the same reasons insurers argued with respect to deposition notices propounded on them and discussed during the November 19, 2021 discovery hearing.

First, as we have previously stated to the Propounding Insurers and to the Zalkin and Pfau firms, Rule 30(b)(6) is clear on its face: a proper target for such a deposition is "a public or private corporation, a partnership, an association, a governmental agency, or other entity," and the Coalition, as an ad hoc group, is none of those. We have identified no case where an ad hoc group has been required to produce a Rule 30(b)(6) witness, and, to our knowledge, no one who has



Messrs. Krebs, Patterson, Schiavoni, and Ryan
November 23, 2021
Page 2

propounded the Deposition Notices has identified any such case either. Aside from the fact that the Coalition, as an ad hoc group, is not a corporation, partnership, association, governmental agency, or entity and thus is not within the scope of Rule 30(b)(6)—which is in and of itself dispositive on the point of the impropriety of the Deposition Notice—it actually would make no sense for an ad hoc group to be subject to Rule 30(b)(6) because such a group is not an organization that has a legal identity apart from its individual members. *See In re Philadelphia Newspapers, LLC*, 422 B.R. 553, 565-66 (Bankr. E.D. Pa. 2010) ("*Black's* defines an entity as being an organization (such as a business or governmental unit) that has a legal identity apart from its members or owners" and reasoning that the "Steering Group" before it "has no legal identity apart from its members" in part because members "are apparently free to join and withdraw as they see fit, and no member is bound by any decisions of the majority of the Group."). The Coalition's membership changes over time, and as an ad hoc group with no legal identity distinct from its members, the rationale behind a Rule 30(b)(6) deposition—that the designee is testifying on behalf of the corporation, partnership, association, governmental agency, or entity's legal identity—is thus conceptually inapplicable. It is on that basis that *In re Philadelphia Newspapers, LLC* provides helpful guidance on this question.

Second, to the extent the Deposition Notice is ultimately designed to discover the Coalition's counsel's or state court counsel's "mental impressions, conclusions, opinions, or legal theories" (Fed. R. Civ. P. 26(b)(3)(B))—as appears to be the case—that is not a proper basis for a Rule 30(b)(6) deposition. *Fed. Deposit Ins. Corp. v. Wachovia Ins. Servs., Inc.*, No. 3:05 CV 929 (CFD), 2007 WL 2460685, *5 (D. Conn. Aug. 27, 2007) (granting motion for protective order in part where "the court finds that the instant Rule 30(b)(6) notice in large part appears calculated to discover properly protected opinions, mental impressions, and strategy of plaintiff's counsel"). Of course, the Propounding Insurers have themselves argued this very point. At the November 19, 2021 hearing on motions to quash depositions of the insurers, Mr. Plevin argued: "All our witnesses could do is restate what, if anything, they learned about the TDPs from their counsel or what they gleaned about the TDPs from reading them. In other words, the insurers have no facts about the TDPs that a 30(b)(6) witness could or should be required to testify about." Nov. 19, 2021 Hr'g Tr. at 58:10-14. So, too, with respect to the Coalition. Further, the Deposition Notice also seeks the disclosure of information protected by the work-product doctrine or which is material prepared in anticipation of litigation within the meaning of Civil Rule 26(b)(3)(A), which is also not a proper basis for a Rule 30(b)(6) deposition. One cannot use a Rule 30(b)(6) exam to conduct expert discovery.

Third, and again as we stated previously to the Propounding Insurers and to the Zalkin and Pfau firms, the information sought by the Deposition Notice is outside the scope of discovery permitted under Rule 26(b). The Abuse Claims at issue are based on events and circumstances that occurred prior to the Petition Date. The Coalition is an ad hoc group that was formed after the Petition Date. The Coalition did not exist when the Abuse at issue occurred. Further, the Debtors have put at issue whether the TDPs are consistent with the Debtors' historical settlement practices and experience in the tort system—*i.e.*, events that occurred prior to the bankruptcy filing. The Coalition's understanding of the Debtors' past practices and experience in the tort system is largely based on information provided by the Debtors. It is the Coalition's understanding that the



Messrs. Krebs, Patterson, Schiavoni, and Ryan
November 23, 2021
Page 3

parties that have information concerning the Debtors' historical settlement practices and experience in the tort system are the Debtors and their insurers.

Insurers argued at the November 19, 2021 discovery hearing in moving to quash deposition notices directed at them that "debtors don't need discovery from the insurers to find out how BSA itself handled BSA abuse claims, or how much BSA paid for particular claims or types of claims," and "Debtors don't even need discovery form insurers to find out what positions the insurers took on whether to contribute to settlements of abuse claims. Debtors have that information in their own files." Nov. 19, 2021 Hr'g Tr. at 55:12-18. The same can be said even more forcefully as to the Coalition as an ad hoc group that did not even exist prior to July 2020. In short, the Coalition's testimony—and that there could be such a thing as "the Coalition's testimony" is a conceptually flawed concept in and of itself given it is an ad hoc group for the reasons stated above—on the topics noticed in the Deposition Notices is not "relevant to plan confirmation," and "[d]iscovery that is not relevant to the confirmation requirements … should not be permitted," as Mr. Plevin argued at the November 19, 2021 hearing. Nov. 19, 2021 Hr'g Tr. at 52:12-15. The insurers at the November 19, 2021 discovery hearing also argued that "if the issue . . . is whether the TDPs replicate the BSA's own prepetition claims experience," then "debtors do not need to know what the insurers think or how they may have analyzed a handful of claims to prove how claims against debtors were valued and paid before bankruptcy" because "[t]hey can show from the debtors' own records what was paid, why debtors paid it, and how that relates to the TDPs." Nov. 19, 2021 Hr'g Tr. at 53:18-25; *see id.* at 55:12-18. Simply put—again as insurers argued at the November 19, 2021 discovery hearing—"the Court has also requested the parties focus their discovery on what really matters. What the insurers thought about the handling of BSA abuse claims pre-bankruptcy is not something that matters here." Nov. 19 Hr'g Tr. at 57-13-16. Plainly, the lack of relevance to what the Coalition may think of these issues, too, is not something that "really matters" for purposes of plan confirmation.

The Coalition objects to the Deposition Notices.

Sincerely,

**BROWN RUDNICK LLP**


*/s/ Eric R. Goodman*
Eric R. Goodman

cc:   Bruce D. Celebrezze, Esq. (via email)
      David Christian, Esq. (via email)
      Participating Parties (via email)