### <u>Exhibit 2 – Exemplar Contract for Legal Services</u>

**THIS AGREEMENT** is made and entered into by and between the **Law Office of Ryan J. Villa, by Ryan J. Villa**, 2501 Rio Grande Blvd., Suite A, Albuquerque, NM 87104 and ████████ as follows:

1.  **EMPLOYMENT.  Mr. R███ V█████**, hereinafter referred to as "**client,**" hereby retains and employs **The Law Office of Ryan J. Villa, by Ryan J. Villa**, hereafter referred to as "**attorney,**" to represent client in connection with any cause of action or claims, hereafter referred to as "the matter," that client may have against any responsible party or parties, as a result of the childhood sexual abuse he suffered on or about January 1, 1980 through on or about January 1, 1989, while a member of Boy Scouts of American Troup No. 132, and to investigate the facts and circumstances surrounding the matter, and that attorney will pursue the matter on client's behalf **only if attorney, in its sole discretion, determines that client has a meritorious case**.

In the event attorney determines that client does not have a meritorious case, or that the costs of litigation will outweigh the financial benefits to client, then attorney in its sole discretion may elect to terminate this Agreement.

2.  **AUTHORITY.**  In the event attorney decides to pursue this matter on client's behalf, then client hereby authorizes attorney to immediately:

    a.  Represent client as client's attorney; and

    b.  To take all steps which attorney deems necessary and appropriate to obtain a satisfactory result, including but not limited to investigating client's claim(s), adjusting or settling client's claim, and/or filing suit for damages against any responsible firm, entity or company and any other responsible person, firm, or corporation and to collect on client's behalf, any and all monies owing to client as a result of the acts or omissions of the above named individuals or any other responsible person.  It is agreed that client's claim or any lawsuit filed on client's behalf will not be settled or resolved in any manner without client's consent and the concurrence of attorney.

3.  **SCOPE OF REPRESENTATION.**  It is understood that the legal representation by attorney is limited to the matter referenced above, and legal representation in any different matter(s) which are not referred to in this agreement shall not be undertaken by attorney unless such additional representation is agreed to in writing by attorney.  Specifically, this contract does not include representation in client's criminal

appeal.  It is further understood that the legal representation undertaken by attorney is limited to the rendition of and provision of legal services through the trial stage only or until the entry of a final judgment of your injury claim **and shall not include legal representation in any subsequent appeal of the injury claim**.

      a.    Should the matter involve or require representation in any appeal of whatever kind or nature **and attorney and client are unable to agree to a separate agreement** then client and attorney each have the right to terminate the attorney-client relationship created by this agreement, however, attorney retains the right to file and client hereby grants to attorney an attorney's charging lien, an attorney's statutory lien, and/or an attorney's contractual lien for payment of attorney fees, costs, interests, pre-judgment and post-judgment interest and any and other items of damages of whatever kind or nature and to assert any other equitable claim for payment of such items of damages.

    4. **COMPENSATION**.  In consideration of services to be rendered by attorney, client hereby agrees:

      a.    To pay attorney ████████████████████ of any monies recovered by attorney in pursuing client's claim whether by suit or settlement, or attorney's fees actually awarded or recovered, whichever is greater.

      b.    However, it is agreed that in the event no monies are recovered by suit or settlement then attorney shall have no claim against client for their services under the provisions of subparagraph a. above;

      e.    It is agreed that the attorney fees due and owing attorney shall be paid from or deducted by attorney out of and from the proceeds of any recovery due client whether by settlement, trial, or any other method or manner.

    5. **CALCULATION OF ATTORNEY FEES**.  It is understood and agreed that the percentage set forth in Paragraph 4 a. of this agreement shall be determined and calculated from the total monies recovered, **prior to the deduction of any costs, expenses or client liabilities incurred in connection with the matter**.  It also is understood and agreed that applicable gross receipts tax will be added to all fees to be paid to attorney, and any outstanding fees, taxes or other charges shall be deducted from the monies owed to client upon settlement.

    6. **COSTS OF COURT AND LITIGATION**.   In addition to the above-referenced fees which client is agreeing to pay attorney, should client prevail in this claim

in any fashion, client agrees to pay all costs of litigation, including but not limited to, court costs, service of process costs, subpoena costs, travel expenses and costs, photocopy expenses, deposition costs, court reporter fees, report fees, witness fees, expert witness fees, private investigation fees and expenses, federal express or overnight delivery service fees and expenses, facsimile transmission fees, and any other out-of-pocket expenses or costs directly incurred or paid by attorney during attorney's investigation of client's claim or incurred by them while litigating client's claim or client's lawsuit.

7. **AUTHORITY TO INCUR COSTS**. It is understood and agreed that attorney will advance the costs of litigation, including those costs as set forth in Paragraph 6 of this agreement, on behalf of any client. Client specifically authorizes attorney to contract for and to incur any of the costs, including but not limited to the costs set forth in Paragraph 6 of this agreement, that attorney, in its sole and absolute discretion, deems necessary for the purpose of investigating or litigating the matter. Client further specifically authorizes attorney to pay in advance and on client's behalf any of the costs, including but not limited to the costs set forth in Paragraph 6 of this agreement, which may be associated with the investigation of the matter, or the costs associated or incurred by attorney in connection with the matter.

8. **PAYMENT OF COSTS**. It is agreed that any or all of the above-referenced costs that are paid or incurred on client's behalf will be deducted by Attorney out of and from the proceeds of any recovery due client whether by settlement, trial or any other manner. Attorney and client understand that repayment of those costs is contingent upon the outcome of client's case. If client prevails by obtaining a settlement or judgment of any amount, client agrees to repay attorney out of the settlement or judgment for all costs incurred by attorney in pursuing this claim. In this event, repayment of costs will occur before payment to client of any of the settlement proceeds. If the amount of the settlement or judgment is insufficient to pay all costs, client will not be required to pay for any amount over and above the settlement or judgment. If client does not prevail in the case, client will not be obligated to repay costs.

9. **DESCRIPTION OF LEGAL SERVICES**. It is understood that attorney will provide legal services on client's behalf, including, but not limited to: writing letters; receipt and review of documents and letters; telephone calls and conferences; office conferences and meetings with client, opposing counsel, witnesses, office staff or court personnel; preparation of legal documents; review and editing of legal documents; research; pick-up and delivery of documents; organization of files; preparation of trial notebooks; running errands; paralegal services; preparation for and attendance at depositions, pre-trial conferences, hearings, administrative hearings or any other court related proceedings; travel; and any other services customarily and routinely rendered by

attorney in connection with the representation of their client.

10.  **CONFIDENTIAL INFORMATION**.  During the course of attorney's representation of Client, Client acknowledges, understands and agrees that from time to time, attorney will provide client with confidential and proprietary information that contains information about attorneys and how attorneys do business, including confidential information used by attorneys to prepare client for answering interrogatories, request for production of documents, depositions, trials and like matters and proceedings. Client agrees to keep such information privileged and confidential and not to disclose such information to any other third person, individual, entity or organization.  Client acknowledges and agrees that the disclosure of such information would be and is detrimental to client's case, and to attorney's representation of client, and to attorney's existing and future clients and that attorney would be irreparably harmed and not have an adequate remedy at law if client discloses such information.  In the event client, or anyone acting on client's behalf, discloses such information, then client agrees that attorney is entitled to seek equitable relief, under seal.  Nothing contained herein shall relieve client from the payment of other damages as may be caused by the disclosure of such information.

11.  **MONTHLY STATEMENTS**.  Attorney agrees to prepare and send client a monthly statement on a regular basis itemizing the monthly services rendered by attorney and itemizing the amount of costs, costs advanced, or fees owed by client to attorney.

12. **ATTORNEY'S LIEN**.  Client hereby gives and grants to attorney a contractual lien on any claim, cause of action, proceeds, and any judgment arising out of or resulting from client's the matter, to the extent of the fees, costs and other amounts owed to attorney.

13.  **ASSIGNMENT**.  Client hereby assigns to attorney, client's right to any proceeds out of any claim, cause of action, settlement, recovery or judgment to the extent of the amount of attorney fees or costs owed to attorney pursuant to the terms of this Agreement.

14.  **WITHDRAWAL OR DISCHARGE OF ATTORNEY**.  Client's employment of attorney is at the will and discretion of the client, and attorney's representation of the client is at the will and discretion of attorney.  It is expressly understood and agreed that attorney may withdraw from representing client, if client:

a.  Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument of an extension,

modification, or reversal of existing law;

b.   Insists that attorney pursue a course of conduct that is illegal or that is prohibited under the Disciplinary Rules or the Rules Governing the Practice of Law;

c.   By other conduct renders it unreasonably difficult for attorney to represent client;

d.   Insists that attorney engage in conduct that is contrary to attorney's judgment and advice, even if such conduct is not contrary to the Disciplinary Rules or the Rules Governing the Practice of Law; or

e.   Fails to abide by the terms of this agreement pertaining to the payments or costs and expenses; or

f.   If attorney at any time determines that client does not have a meritorious case, or that the costs of litigation will outweigh the financial benefits to client.

In the event, it becomes necessary for attorney to withdraw from representing client, then attorney shall be entitled to the reasonable value of attorney's services, including all costs, expenses, out-of-pocket expenses incurred by attorney on client's behalf, including payment of attorney fees, costs, interests, pre-judgment and post-judgment interest and any and other items of damages of whatever kind or nature and any other equitable claim for payment of such items of damages.

15.   **NO WARRANTY OR GUARANTEE**.  Client acknowledges that attorney has made no guarantee or representation to Client as to the successful outcome or result of client's claim or lawsuit.

16.   **BINDING ON HEIRS, SUCCESSORS AND ASSIGNS**.  This agreement shall be binding upon the estate, heirs, successors and assigns of the parties to this agreement.

17.   **GOVERNING LAW**.  This agreement shall be interpreted and governed by the law of the State of New Mexico.  In the event of any litigation regarding this agreement, the parties agree that venue will be in Bernalillo County, Albuquerque, New Mexico.

18.   **EFFECTIVENESS OF AGREEMENT**. The parties agree that this

agreement shall not be effective until it has been signed by all parties. The agreement may be signed in counter parts and an electronic or facsimile copy is sufficient. This agreement is the sole and exclusive agreement between the parties concerning the representation of client in this matter.

---

**CLIENT ACKNOWLEDGES THAT CLIENT HAS RECEIVED A COPY OF THIS AGREEMENT. CLIENT HAS READ THE TERMS CONTAINED IN THIS AGREEMENT AND UNDERSTANDS CLIENT'S OBLIGATIONS AS SET FORTH HEREIN. CLIENT UNDERSTANDS THAT THIS AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT BETWEEN CLIENT AND ATTORNEY. ATTORNEY MAKES NO OTHER REPRESENTATIONS OR PROMISES OR AGREEMENTS OTHER THAN THOSE SET FORTH IN THIS AGREEMENT.**

---

**SIGNED** on this \_\_\_ day of _____ 2020.


_____
**CLIENT**


_____
**Ryan J. Villa**
**Richelle Anderson**
**The Law Office of Ryan J. Villa.**
2501 Rio Grande Blvd N.W., Suite A
Albuquerque, New Mexico 87104
Phone: (505) 639-5709
Fax: (505) 433-5812
Email: ryan@rjvlawfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

*In re:*

Boy Scouts of America and
Delaware BSA, LLC,

         Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

## LIMITED POWER OF ATTORNEY

I, CLIENT, hereby grant The Law Office of Ryan J. Villa, my attorneys in fact, and their

designee(s), the limited power of attorney to cast my vote in a collective ballot on approval or

rejection of any proposed plan of reorganization in the case of In Re Boy Scouts of America, et

al., Case No. 20-10343 (LSS) (Bankr. D. DE 2021).

I understand that I have the right to choose personally on how I will vote on the plan, and

that I have the right to revoke this power of attorney at any time by submitting a written notice to

the Bankruptcy Court of the District of Delaware. I further understand that my vote may be tallied

along with other clients of The Office of Ryan J. Villa, on a "Master Ballot" that will be submitted

to the Bankruptcy Court at the time of voting.

Printed Name: CLIENT

Signature: _____

Date: _____