

Clyde & Co LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
USA
Telephone: +415 365 9800
Facsimile: +415 365 9801
www.clydeco.com

Bruce D. Celebrezze
bruce.celebrezze@clydeco.us

Konrad R. Krebs*
konrad.krebs@clydeco.us
*Licensed in PA and NJ

December 5, 2021

**via CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801


Re:    **In re Boy Scouts of America**
       **U.S. Bankruptcy Court, D. Del., Case No. 20-10343 (LSS)**

Dear Judge Silverstein:

This firm represents Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company (collectively "Great American"). We write on behalf of Great American and the undersigned Certain Insurers[1] in reply to the Coalition's December 2, 2021 letter opposing the Certain Insurers' motion to compel the Coalition's 30(b)(6) deposition.

At the outset, the Certain Insurers principally rely on the legal merits of their moving letter. The Coalition's Rule 2019 disclosures . and its conduct throughout the entirety of these bankruptcy proceedings . demonstrate that it is an "organization" as contemplated by "other entity" category of Rule 30(b)(6) and the 2007 Notes of the Advisory Committee. The Rule 30(b)(6) notice issued to the Coalition deals directly with information "known or reasonably available" to the Coalition, and for which the Coalition is capable of putting forward a witness. The Coalition argues that it is not an organization or entity (despite its bylaws and organizational participation in this case), but is instead a group of natural persons (which, again, are organized under bylaws and have participated on an organizational basis throughout this case). The Certain Insurers' moving letter deals completely with these issues, and the Certain Insurers do not believe they require repetition here.

---

[1] The Certain Insurers are the undersigned parties.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix,
San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

December 5, 2021
Page 2



However, the Certain Insurers write to address a significant representation contained in the Coalition's December 2, 2021 letter.  The Coalition's letter to this Court attempts to minimize the Coalition's role in drafting the TDPs, stating, "the Coalition asked the *Debtors* to prepare TDPs that are consistent with the Debtors' historical abuse settlements, litigation outcomes, and settlement practices."  *See* [ECF no. 7548, p. 3] (emphasis in the original).  This unverified claim is completely contradicted by the discovery developed in this case to date, and demonstrates the necessity of the deposition notice issued to the Coalition.  Of the topics noticed to the Coalition, twelve of the twenty-four topics deal directly with the development of the TDPs, the Plan, the settlement trust, or the Restructuring Support Agreement, and seek to flush out the basis for the Coalition's unsupported claims.  The Certain Insurers are entitled to obtain sworn testimony from the Coalition which will establish if the Coalition's statements to this Court are credible.

In fact, the discovery developed to date supports the conclusion that the Coalition was primarily responsible for drafting the TDPs.  This is first apparent from the August 4, 2021 privilege log produced by the Debtors.  *See* Exhibit A.  The very first entry in this log is from David Molton, counsel for the Coalition, which involved the Coalition's submission of a term sheet to BSA.  No name appears on the TDP log more frequently than Eric Goodman's, also counsel for the Coalition, whose name appears 99 times in the TDP log.  Jessica Lauria, the debtors' representative whose name appears with the most frequency, appears in the log 71 times.

Substantive discovery also reveals that the Coalition was principally responsible for drafting the TDPs.  Future Claimants' Representative James Patton testified during his recent deposition that, with respect to the TDPs, "the pen was wielded in the first instance by the Coalition legal team."  *See* Exhibit B.  Additional correspondence from the Coalition reflects the Coalition demanding that indirect abuse claims be subordinated under the TDPs (which was done).  *See* Exhibit C.  Correspondence from the Coalition states that issues it had with the TDPs would cause them to "holdup approval" of the plan after BSA had claimed the plan was the "final" version.  *See* Exhibit D.  In correspondence to the Coalition, counsel for BSA agreed to change the TDPs based upon the Coalition's draft.  *See* Exhibit E.  Timothy Kosnoff, when he was still affiliated with the Coalition, offered a candid look at the Coalition's own view of its role in the case, stating in an email, "[Michael] Andolina and the 3 Amigos need to get that message.  They are wasting their time talking to the TCC . . . We control 80% of the claims i.e. our coalition controls the case."  *See* Exhibit F.

Numerous additional term sheets and drafts of the TDPs and plan have emanated from the Coalition, specifically from Brown Rudnick, as reflected in Exhibit A.  The Certain Insurers believe that these drafts will show that the Coalition effectively received what it wanted and controlled the development of the TDPs and Plan "findings."  The Certain Insurers are entitled to depose the Coalition and find out once and for all.  The Coalition has argued to the insurers during their meet and confer that the <u>insurers</u> contributed to the drafting of the TDPs.  At least with respect to the Certain Insurers, there was no involvement in the drafting of the TDPs prior to their reaching final form.  The Coalition's assertion is further belied by the contents of the TDP privilege log, which identify no instances of correspondence with any insurer regarding the development of the TDPs.  If the Coalition has knowledge regarding involvement of insurers in the TDPs, or intends to contend that the insurers were involved in the development of the TDPs, the insurers are entitled to discover the basis of that assertion.  Hence, the deposition is critical.

December 5, 2021
Page 3



The above documents are just a small sample of the documents demonstrating the Coalition's direct involvement in the drafting of the TDPs. The scope of the Coalition's involvement is highly relevant to plan confirmation,[2] and the insurers should be allowed to discover this involvement through a Rule 30(b)(6) deposition.

The Coalition's remaining complaints are superfluous. This Court has been previously apprised of the issues involved in the drafting of the TDPs, and has held that the information regarding their development is not protected by the mediation privilege. The noticed topics do not seek to discover privileged information, and are not "plainly designed to discover the Coalition's counsel's or state court counsel's mental impressions, conclusions, opinions, or legal theories." [ECF no. 7548, p. 4]. The Coalition fails identify a single topic in the insurers' notice that is designed to discover its attorneys' mental impressions. That is because there are none.

The Coalition also argues, for the first time, that "the scope of the topics is outrageously broad and inappropriate." This is a remarkable assertion which the Coalition neglected to raise during any prior meet and confer or letter with the Certain Insurers, at least in the form presented to the Court. If the Coalition truly believed the scope of topics was "outrageous," it is the Coalition's obligation under Rule 30 to meet and confer with the noticing insurers about the issues, and if unable to be resolved, to move for a protective order. Here, the Coalition did neither, failing to satisfy its obligations under Rule 30. To the extent that the Coalition represented that it did not have information about a certain topic because the Certain Insurers' notice sought information about pre-petition matters in the possession of its state court counsel that predated the formation of the Coalition and would be difficult for the Coalition to designate a witness regarding, the Certain Insurers conferred with the Coalition and agreed to limit their inquiry appropriately.

Ultimately, the question before the Court remains: does Rule 30(b)(6) apply to the Coalition, an organization with bylaws, leadership committees, and professionals that appear to be responsible for drafting the TDPs in this matter and are among the most active parties in this case? In myriad aspects of this case, the Coalition has concluded that it is capable of acting on an organizational basis, even asking that its fees be paid out of the estate. If it has concluded that, now in response to discovery, it can no longer act as an organization, it must be precluded from further acting on an organizational basis in this matter.

---

[2] *See In re ACANDS, Inc.*, 311 B.R. 36, 42 (Bankr. D. Del. 2004) ("Although ACandS was represented during the course of the prepackage negotiations, the correspondence among plaintiffs' asbestos counsel presented at trial indicates that the plan was largely drafted by and for the benefit of the prepetition committee. It was the prepetition committee that drafted (or more likely directed debtor's counsel in drafting) the prepetition trust, and apparently chose the trustee for the trust; it was the prepetition committee that decided how the security agreement would be crafted and how many classes of security interests would be formed; and it was the prepetition committee that decided who was going to get what. Travelers Exhibit CC. ACandS was there to do their bidding, having been thrown overboard by Irex to keep what was left of that company afloat. Given the unbridled dominance of the committee in the debtor's affairs and actions during the prepetition period, its continued influence flowing from its majority status on the postpetition creditors committee, and the obvious self-dealing that resulted from control of the debtor, it is impossible to conclude that the plan was consistent with the objectives and purposes of the Bankruptcy Code. It is also impossible to conclude that this plan is imbued with fundamental fairness.")



Respectfully submitted,

*/s/ Bruce W. McCullough*
BODELL BOVÉ, LLC
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

*/s/ Konrad R. Krebs*
CLYDE & CO US LLP
Bruce D. Celebrezze (*pro hac vice*)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

- and .

DAVID CHRISTIAN ATTORNEYS LLC
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email: dchristian@dca.law

*Attorneys for Great American Assurance Company,*
*f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance*
*Company*



Robert D. Cecil, Jr. (No. 5317)
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, Delaware  19899-2092
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos (admitted pro hac vice)
Crowell & Moring LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:                    mplevin@crowell.com,
kcacabelos@crowell.com

Clifford J. Zatz (admitted pro hac vice)
Andrew Pruitt (admitted pro hac vice)
Tacie H. Yoon (admitted pro hac vice)
Brian C. Lewis (admitted pro hac vice)
Rachel A. Jankowski (admitted pro hac vice)
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
E-mail:                    czatz@crowell.com,
apruitt@crowell.com,            tyoon@crowell.com,
blewis@crowell.com, rjankowski@crowell.com

*Attorneys for American Zurich Insurance Company,
American Guarantee and Liability Insurance
Company, and Steadfast Insurance Company*

December 5, 2021
Page 6



COZEN O'CONNOR

Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance
Company and Endurance American Specialty
Insurance Company*

*/s/ Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
mcclambc@ballardpshar.com

-and-

Harry Lee*
John O'Connor*
Brett Grindrod*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Facsimile: (202) 429-3902
E-mail: hlee@steptoe.com
joconnor@steptoe.com
bgrindrod@steptoe.com
(*Admitted *pro hac vice*)

*Attorneys for Clarendon America Insurance
Company, Maryland Casualty Company, Maryland
American General Group, and American General
Fire & Casualty Company*



MORRIS JAMES LLP

/s/ Carl Kunz, III
Carl Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

- and .

/s/ Margaret M. Anderson
Margaret M. Anderson, Esq. (pro hac vice)
Ryan T. Schultz (pro hac vice)
Adam A. Hachikian (pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
        rschultz@foxswibel.com
        ahachikian@foxswibel.com

*Counsel for Old Republic Insurance Company*

SEITZ, VAN OGTROP & GREEN, P.A.

R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com



-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
POPEO PC
One Financial Center
Boston, MA 0211
Telephone:            (617)             542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Counsel for Liberty Mutual Insurance Company*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*



POST & SCHELL, P.C.

Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

IFRAH PLLC
George R. Calhoun (*pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company*


FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)



Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:  mrosenthal@gibsondunn.com
         jhallowell@gibsondunn.com
         kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*


TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:    302.777.6500
Facsimile:    302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:    404.885.3000
Facsimile:    404.885.3900

-and-

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)



Ryan S. Smethurst (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:      202.756.8228
Facsimile:      202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*


TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:      302.777.6500
Facsimile:      302.421.8390

-and-

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:      404.885.3000
Facsimile:      404.885.3900

-and-

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:  312.281.0295

*Attorneys for National Surety Corporation and Interstate Fire & Casualty Company*

December 5, 2021
Page 12



Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, Delaware  19899
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC  20006
Phone: (202) 719-7000
E-mail:  gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

cc:    All Counsel