**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>               Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

## VERIFIED STATEMENT OF GREGORY J. CANNATA & ASSOCIATES, LLP PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submit this verified statement in the jointly administered chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors").

1.　　Each of the clients set forth on **Exhibit 1** hereto (the "Cannata & Associates Clients") has retained Gregory J. Cannata & Associates, LLP ("Cannata & Associates") to represent him or her as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants. Exhibit 1 sets forth the names of the Cannata & Associates Clients as of December 6, 2021, together with the nature and amount of the disclosable economic interests held by each of them in relation to the Debtor and the other information required to be disclosed by Bankruptcy Rule 2019. True and correct copies of exemplar engagement agreements between Cannata & Associates and the Cannata & Associates Clients are attached hereto as **Exhibit 2**.

2.　　Cannata & Associates do not represent the interests of, and are not fiduciaries for, any abuse claimant, other creditor, party in interest, or other entity that has not signed an engagement agreement with Cannata & Associates.

3.      The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Conformation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Conformation of the Plan, and (VI) Granting Related Relief* [D.I. 6438] and not for any other purpose.

4.      Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of any of the Cannata & Associates Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the Cannata & Associates Clients to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights any of the Cannata & Associates Clients may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the Cannata & Associates Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the Cannata & Associates Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; or (viii) a waiver or release of any of the Cannata & Associates Client's rights under 28 U.S.C § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

5.      The undersigned reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

6.      The undersigned verifies that the foregoing is true and correct, to the best of the undersigned's knowledge and belief.

Dated: December 6, 2021

/s/ David M. Klauder
BIELLI & KLAUDER, LLC
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

and

**GREGORY J. CANNATA &**
**ASSOCIATES, LLP**
Robert Cannata, Esquire
60 East 42nd Street, Suite 932
New York, NY 10165
Phone: (212) 553-9152
Facsimile: (212) 227-4141
Email: rcannata@cannatalaw.com

*Counsel to Cannata & Associates Claimants*

# **EXHIBIT 1**

## **Cannata & Associates Clients**

| Last Name | First Name | POC Number | Address | Economic Interest |
|---|---|---|---|---|
| ██████ | ██████ | 179 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 238 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 41358/46628 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 906 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 13945 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 18563 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 728 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |
| ██████ | ██████ | 3388 | c/o Gregory J. Cannata & Associates, LLP 60 East 42nd St., Ste. 932 New York, NY 10165 | Unliquidated Abuse Claim |

# **EXHIBIT 2**

**Exemplar Cannata & Associates Engagement Letters**

**RETAINER**

To:    **Gregory J. Cannata & Associates, LLP**
      **60 East 42nd Street, Suite 932**
      **New York, New York 10165**

The undersigned, _____hereby retains you to prosecute or adjust a claim for damages arising from personal injuries sustained by me on _____, through the negligence of others, and the undersigned hereby gives you the exclusive right to take all legal steps to enforce the said claim and hereby further agrees not to settle this action in any manner without your written consent.

**The undersigned understands that Gregory J. Cannata & Associates, LLP is only being retained to pursue a claim against the Boy Scouts of America in the United States Bankruptcy Court, District of Delaware.  The undersigned further understands that Gregory J. Cannata & Associates, LLP is not being retained to file a lawsuit against a local council, local troop, or individual, and that such a lawsuit may not even be timely under current law.  The undersigned further understands that should the undersigned wish to determine whether a lawsuit against a local council, local troop, or individual is timely, or file a lawsuit, the undersigned should contact and retain a local attorney.**

In consideration of the services rendered by you, the undersigned hereby agrees to pay you and you are authorized to retain out of any monies that may come into your hand by reason of the above claim:

**Thirty-three and one-third (33-1/3) percent** of the sum recovered, whether recovered by suit, settlement or otherwise. This percentage is computed on the net sum recovered after deducting costs, expenses and disbursements associated with this litigation.

The law firm agrees to advance all costs, expenses and disbursements associated with the handling of your claim. In the event of a recovery, the law firm will be reimbursed for these funds which it advanced. In the event the case is lost, dismissed or otherwise rejected by any court, or the law firm withdraws as counsel, you will **not** be responsible to reimburse the law firm for these funds.

Examples of costs, expenses and disbursements properly chargeable to the enforcement of the claim or prosecution of the action include, but are not limited to, charges for: retaining investigators; storage fees relating to the preservation of evidence; obtaining medical records; retaining expert witnesses and consultants, including locating and preparing expert witnesses and consultants, obtaining reports and testimony, and related transportation, parking, mileage, meals and hotel costs; court filing fees; service of process fees; subpoena fees; costs associated with taking depositions, including stenographer's fees, videographer's fees and  video teleconferencing costs; court reporter fees; notary fees; mediator, arbitrator and/or special master fees; specialized medical and legal research fees; computerized research fees; expenses for focus groups and jury consultants; photography; preparation of exhibits; photocopying and other reproduction costs; fees and expenses of non-expert witnesses; postage and delivery fees; travel costs, including parking, mileage, transportation, meals and hotel costs; and all other necessary and incidental expenses and disbursements incurred on the Client's behalf. This list is not exclusive.

In computing the fee, the costs as taxed and interest upon a judgment, shall be deemed part of the amount recovered. The following or similar items will be paid from client's share of the recovery: **Workers Compensation liens; assignments or claims in favor of hospitals, for medical care and treatment of doctors and nurses or of self-insurers or insurance carriers; Medicare or Medicaid liens; Social Service liens.**

The Client understands and agrees that, under no circumstances will Gregory J. Cannata & Associates, LLP be responsible for the payment of any judgment that may be entered against the Client arising out of either the incident or the prosecution of the action, including the defendant's bill of costs should the case be lost or dismissed.

In the event that the claim results in a judgment unfavorable to the undersigned, the attorneys shall not be obliged to undertake an appeal on the undersigned's behalf, but may, at their discretion, choose to undertake appeal(s) on the undersigned's behalf. In the event that claim results in a judgment favorable to the undersigned, and in the further event that said judgment is appealed by another party, the attorneys shall have the right to continue to represent the undersigned during the course of such appeals and post judgment litigation.

In the event that a dispute arises between us relating to our fees, you may have the right to

arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

The undersigned agrees that the attorneys have made no promises or guarantees regarding the outcome of the prosecution of this claim and understands that the attorneys will investigate the claim, and if after so investigating, the claim does not appear to the attorneys to have merit, or in the event it appears that the responsible party has either insufficient or no insurance coverage, or if the injuries sustained by the undersigned are not significantly severe in the opinion of the attorneys, then the attorneys shall have the right to cancel this retainer on notice to the undersigned.

The undersigned understands and agrees that the attorneys may, at their discretion and expense, employ associates or outside counsel to work on the prosecution of this claim and that the attorneys may refer this claim to other counsel, with prior notice to and consent of, the undersigned.

The undersigned was referred to Gregory J. Cannata & Associates, LLP by _____Please be aware that both Gregory J. Cannata & Associates, LLP and_____ will assume joint responsibility for the representation of this matter.  In consideration for services rendered, the legal fee, the calculation of which is discussed on Page 1, will be divided as follows: Gregory J. Cannata & Associates, LLP., will receive_____% of the legal fee and_____,  will receive_____% of the legal fee.

Dated: _____

Client Signature:_____

Print Name: _____

Client Signature:_____

Print Name: _____