# **EXHIBIT B**

# **Exemplar Retainer Agreement**

9788115.v1

## AUTHORITY TO REPRESENT
## BODILY INJURY AND PROPERTY DAMAGE CLAIMS

The undersigned, _____ ("Client") does hereby retain and employ MALLARD LAW FIRM, P.A., 889 N. Washington Boulevard, Sarasota, Florida 34236 ("LAWYERS"), as my attorneys, to represent me for bodily injury and/or property damage claims arising out of an accident or incident which occurred on **various dates** against, **Boy Scouts of America** or any other responsible person or entity, upon the following terms:

### I. RESPONSIBILITY TO PAY LAWYERS' FEE

#### A. Lawyer's Fees:

The Client agrees to hire LAWYERS in this matter on a contingency fee basis. The Client agrees to pay the LAWYERS the greater of a court-awarded fee or a contingency fee of any gross recovery as follows:

(1) _____ of any recovery up to _____ if settled prior to the time of filing of an answer or the demand for appointment of arbitrators;

    (a) _____ of any recovery up to _____ through the trial of the case;

    (b) _____ of any recovery between _____ and _____

    (c) _____ of any recovery in excess of _____

(2) If all defendant(s) admit liability at the time of filing an initial answer and request a trial only on damages:

    (a) _____ of any recovery up to _____ through trial;

    (b) _____ of any recovery between _____ and _____

    (c) 1 _____ of any recovery in excess of _____

The Client agrees to pay an additional contingency fee of _____ of any gross recovery, regardless of the total amount of that recovery if, during any stage of the proceedings any party initiates appellate proceedings which would require the performance of appellate legal services and/or if following a Judgment or Award entered either as a result of Court or Arbitration proceedings, additional proceedings (such as garnishment, attachment or supplementary

proceedings) are brought by or at the direction of LAWYERS in an effort to collect on any Judgment or Award. If either of these events occur, Client authorizes LAWYERS to render the additional services or to employ a separate and independent law firm or specialist on Client's behalf to perform the services for the additional fee. Nothing contained in this contract is intended to impose an obligation on LAWYERS to undertake any post judgment or appellate attorney responsibilities, but rather to provide for additional compensation if LAWYERS elect to do so.

The Client will pay these fees even if this case is settled before a lawsuit is commenced. The Client further agrees not to settle any represented claim in any manner without prior written notification to the LAWYERS. If Client accepts a settlement without notifying the lawyer, then Client will pay from the gross recovery, or otherwise, an attorney's fee based upon the contracted percentages, or if a quantum merit recovery is made, the reasonable hours spent on this matter at an agreed hourly rate as follows:

**ATTORNEY YEARS OF PRACTICE       HOURLY RATE**

The contingency fee to be paid to LAWYERS will be calculated based upon the "gross recovery" obtained in this case. It is agreed that payment of the attorney's fees shall be in a lump sum payable at the time of recovery.

The Client further agrees not to settle any represented claim in any manner without prior written notification to the LAWYERS.

It is understood that if the above named Client changes residences and/or telephone numbers, that Client will immediately notify the office of MALLARD LAW FIRM, P.A., in writing. If such notification is not made, MALLARD LAW FIRM, P.A. shall be absolved from further responsibility for legal representation.

### B. Definition of Gross Recovery:

The gross recovery is the total amount recovered and actually received by settlement or judgment on behalf of and for the benefit of the Client, including any amount recovered as interest, attorney's fees and court costs. There is to be no deduction for costs or other expenses deducted from the gross recovery in determining the amount of contingency attorney's fee due.

### C. Court Awarded Fee:

In the event that the amount of a separately determined court-awarded fee exceeds the amount the Client would be otherwise obligated to pay as a contingency fee from the gross recovery, then LAWYERS will receive that amount so awarded by the court. This court-awarded amount is in lieu of and shall not be added to the Client's obligation to pay attorney's fees on a contingency fee basis. In the event a court-awarded fee is less than the amount a Client is to pay as a contingency fee, then the difference between the court awarded fee and the amount to be paid pursuant to the contingency fee provisions shall remain due from the Client.

The amount of court awarded attorney's fees will be the greater of the amount you are required to pay or the amount that the court awards.

### D. Structured Settlements and Non-Monetary Recovery:

Should Client elect to accept a settlement at any stage of the proceedings that includes structured or annuity payments, attorneys fees shall be based on the cost of this structured settlement or on the present money value of the total settlement, whichever is less. If the cost is unknown, attorney's fees shall be based upon the present money value of the total settlement.

In the event of an award or settlement which includes a component of anything of value which is non-monetary in nature then the present fair market value of such component of the award or settlement shall be determined by agreement between Client and LAWYERS. LAWYERS shall then be entitled to a contingency fee calculated as if such present fair market value of the component were an additional money award. In the event Client and LAWYERS are unable to agree on the present fair market value of the component of an award or settlement that dispute shall be determined by binding arbitration before the Florida Bar Fee Dispute Committee with the prevailing party in such proceedings entitled to recover attorney's fees and costs in addition to any other relief to which that party is deemed entitled. Pending resolution of such a dispute, all undisputed sums shall be distributed in accordance with the terms of this agreement, and the disputed balance including all allowance for fees and costs shall be held by LAWYERS in an interest bearing account.

## II. RESPONSIBILITY FOR COSTS AND EXPENSES

### A. Advanced Costs:

The Client understands and acknowledges that certain costs will be required to be incurred in the prosecution of the claim and any related litigation. Client expressly authorizes LAWYERS to advance such costs as are reasonable and necessary for the prosecution of this matter. In the event of recovery, such advanced costs are to be paid from any recovery, after reduction of the amount gross recovery by the attorney's fees due. Reimbursement for such advanced costs shall include interest from the time of advancement accruing at the Statutory Rate of Interest as determined by application of § 55.03, Florida Statutes. In the event that no recovery is had, or the recovery is insufficient to fully pay attorney's fees and costs, then the Client shall have no further obligation to reimburse LAWYERS for costs. As such, costs advanced become contingent upon recovery.

Client agrees that lawyers may borrow funds from a lender to finance or pay such court costs and litigation expenses and the interest charged by the lender on such borrowed funds will be added to the court costs and litigation expenses to be deducted from the settlement or recovery.

If LAWYERS withdraw from Client's case, Client agrees to pay LAWYERS their costs incurred during the course of their representation if Client makes a recovery. If, however, Client discharges LAWYERS during the pendency of this matter, Client agrees that any outstanding costs incurred by LAWYERS up to the time of discharge will become due and payable at that time, regardless of recovery.

### B. Expert and other expenses:

In addition to court costs, deposition fees, service fees, court reporter fees, and other costs of litigation, the Client also expressly understands the need for and expressly agrees to the retention of expert witnesses. Such experts may include, but are not necessarily limited to, insurance experts, actuaries, doctors, pharmacists, researchers, economists, accountants, or other persons who will be retained by LAWYERS, to assist in the prosecution of the claims. Again, the expert expenses so advanced will be reimbursed by the Client only out of any gross recovery, after calculation and payment of attorney's fees is made. Reimbursement for such advanced costs shall include interest from the time of advancement accruing at the Statutory Rate of Interest as determined by application of § 55.03, Florida Statutes.

Client agrees that lawyers may borrow funds from a lender to finance or pay such court costs and litigation expenses and the interest charged by the lender on such borrowed funds will be added to the court costs and litigation expenses to be deducted from the settlement or recovery.

As with other costs, if LAWYERS withdraw from representation, Client agrees to pay LAWYERS their expert related costs incurred during the course of their representation if Client makes a recovery. If, however, Client discharges LAWYERS during the pendency of this matter, Client agrees that any outstanding expert costs incurred by LAWYERS up to the time of discharge will become due and payable at that time, regardless of recovery.

### III. **RIGHT TO CONTROL THE LITIGATION AND SETTLEMENT**

Client authorizes LAWYERS to bring those actions and causes of actions that they believe, in good faith, ought to be prosecuted in order to assert the claims against any offending party including punitive damages, as may be applicable. Client retains the right to ultimately decide whether a settlement should be accepted, but agrees not to accept any settlement offer without first conferencing with LAWYERS, and advising of Client's desire for acceptance. Client, again, acknowledges that the claims do, or may, carry a right to obtain an attorney's fee based upon, among other things, the attorneys' hours spent prosecuting the claims. Further, that a settlement offer inclusive of the attorney's fees claim may represent substantially more in attorney's fees payment than even Client's claim on the merits independent of attorney's fees. It is for this reason that Client agrees to pay the LAWYERS the hourly rates set forth in Paragraph I.A. above if Client settles without LAWYERS consent.

LAWYERS are hereby authorized on client's behalf to execute any and all documents including pleadings, stipulations and agreements, as it may become necessary to investigate, evaluate and prosecute Client's claim and to take any other steps LAWYERS deem necessary in their discretion to investigate, evaluate and prosecute Client's claim.

### IV. **THE LAWYERS' RIGHT TO WITHDRAW**

The Client will cooperate with LAWYERS, as they handle this case. Even after a lawsuit is filed, the LAWYERS may discover facts that may lead them to recommend that this case be dismissed, or that other attorneys be hired to handle this case. The Client agrees that the LAWYERS may withdraw from this case any time they recommend that this case be dismissed and the Client disagrees. The Client further agrees that the LAWYERS may withdraw if the Client does not cooperate in the investigation or handling of this matter, or if the Rules of Professional Conduct applicable to the LAWYERS permit them to, or require that they withdraw.

If the LAWYERS decide to withdraw from this case, they will try to protect the Client's interests to the extent reasonably possible by giving reasonable notice, allowing the Client to obtain other attorneys, and giving the Client any

papers and property in the LAWYERS' possession, which belong to the clients. The LAWYERS are expressly acknowledged as having no duty to find replacement attorneys in the event they withdraw from the matter.

## V. **RIGHT TO FIRE THE LAWYERS**

The Client has the right to fire the LAWYERS at any time, even if the Client has no reason. If the Client fires the LAWYERS, Client agrees to pay the LAWYERS the reasonable value of the LAWYERS' services and to promptly repay any costs or expenses advanced on behalf of the Client in the handling of this matter.

## VI. **WHAT THIS AGREEMENT COVERS**

This Agreement states the entire agreement between the Client and the LAWYERS and takes the place of any prior oral or written agreements. This Agreement is entered into and is to be performed within the State of Florida and is to be interpreted in accordance with Florida Law. The terms of this agreement may be changed only by a separate written agreement signed and dated by the Client and the LAWYERS. If a provision of this Agreement is, or may be, held by a court to be invalid, void, superseded or unenforceable, the remaining provisions nevertheless shall survive and continue in full force and effect without being impaired or invalidated in any way. The section headings herein contained are for purposes of identification only and shall not be considered in construing this Agreement.

In cases involving a claim for wrongful death or injury to a minor child, the law may require that a probate or guardianship proceeding be instituted. Legal services for probate and guardianship proceedings are NOT INCLUDED within the terms of this contingency agreement. If necessary, such services may be arranged and billed for separately.

Unless expressly stated to the contrary, LAWYERS' responsibility is limited solely to providing legal services directly related to civil litigation and does not include legal advice or service with respect to other areas such as, but not limited to, workers compensation, taxation, probate, bankruptcy, real estate, criminal law and the like. LAWYERS are not responsible for establishing any necessary or desired special needs trust, Medicaid or Medicare set-aside accounts, or other arrangement designed to maintain Client's eligibility for any public programs, insurance, or as a part of an estate or tax plan.

Clients understand that the lawyer's scope of representation does not require the prosecution or defense of disputed liens against the gross recovery. For example, while lawyers will perform a courtesy negotiation of trying to reach an agreement to the extent the gross proceeds are the subject of one, or more,

liens (i.e. where some of your gross recovery is in the form of past medical bills for which actual payment was made by your health insurance company, the health insurance company will claim that a portion of the gross recovery is legally or equitably its property and, accordingly, will want to be reimbursed for your recovery of the medical bills previously paid by that health insurer), it must be remembered that the function of MALLARD LAW FIRM, P.A., is to seek recovery from insurers and/or persons or entities legally liable for your loss, injury or damage claimed. We are not responsible for any litigation that may flow from parties who claim an interest to the proceeds such as Medicare, Medicaid, medical providers whose bills are unpaid, public adjusters, or other persons or entities claiming an interest in the gross recovery.

In the context of property insurance, it is also not uncommon for the property insurance proceeds to be payable to a "loss payee", typically your mortgage holder. In such circumstance, the attorneys are not responsible for the resolution of any dispute arising out of your relationship with your mortgage company. These are merely examples and are not intended to be exhaustive.

## VII. **THE LAWYERS' DO NOT GIVE TAX OR INVESTMENT ADVICE**

The LAWYERS make no representations or guarantees regarding the tax consequences of any recovery, which may be obtained on behalf of the Client. The LAWYERS are not tax attorneys or investment counselors and will not give tax or investment advice regarding any recovery or whether to structure any settlement obtained in this case. Accordingly, the Client is urged to obtain CPA's, tax attorneys or investment professionals to provide advice regarding the tax and investment treatment of any settlement. The Client assumes the responsibility of obtaining tax advice from other tax attorneys or accountants.

**READ CAREFULLY:**

THIS IS YOUR CONTRACT; IT PROTECTS BOTH YOU AND YOUR ATTORNEYS AND WILL PREVENT MISUNDERSTANDINGS IN THE FUTURE.

IF, AFTER HAVING READ THIS CONTRACT YOU DO NOT UNDERSTAND ANY PART OF IT, OR OF IT DOES NOT CONTAIN ALL OF THE AGREEMENTS BETWEEN THE PARTIES PERTAINING THERETO, PLEASE DO NOT SIGN THIS CONTRACT.

**THE UNDERSIGNED CLIENT HAS, BEFORE SIGNING THIS CONTRACT, RECEIVED AND READ THE STATEMENT OF CLIENT'S RIGHTS AND UNDERSTANDS EACH OF THE RIGHTS SET FORTH THEREIN.** THE UNDERSIGNED CLIENT HAS SIGNED THE STATEMENT AND RECEIVED A SIGNED COPY TO REFER TO WHILE BEING REPRESENTED BY THE UNDERSIGNED ATTORNEY(S).

THIS CONTRACT MAY BE CANCELLED BY WRITTEN NOTIFICATION TO THE ATTORNEY AT ANY TIME WITHIN 3 BUSINESS DAYS OF THE DATE THE CONTRACT WAS SIGNED, AS SHOWN BELOW, AND IF CANCELLED THE CLIENT SHALL NOT BE OBLIGATED TO PAY ANY FEES TO THE ATTORNEY FOR THE WORK PERFORMED DURING THAT TIME. IF THE ATTORNEY HAS ADVANCED FUNDS TO OTHERS IN REPRESENTATION OF THE CLIENT, THE ATTORNEY IS ENTITLED TO BE REIMBURSED FOR SUCH AMOUNTS AS THE ATTORNEY HAS REASONABLY ADVANCED ON BEHALF OF THE CLIENT.

We have read this Agreement and agree to all of its terms.

Client Name: 

Date: 5/18/2020

_[signature]_

MALLARD LAW FIRM, P.A.

By: DAMIAN B. MALLARD, ESQ.

As its: President

Date: 5/22/2020