**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING**
**ON MODIFIED EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF**
**TORT CLAIMANTS REGARDING PLAN VOTING ISSUES**

The Official Committee of Tort Claimants (the "Tort Claimants' Committee" or

the "TCC") appointed in the chapter 11 cases of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") hereby files this motion to shorten (the "Motion to

Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

"Order"), scheduling a hearing on December 14, 2021, at 10:00 a.m. Eastern Time or as soon

thereafter as convenient for the Court and shortening the notice period with respect to the

*Modified Emergency Motion of the Official Committee of Tort Claimants Regarding Plan Voting*

*Issues* (the "Modified Motion"), filed concurrently herewith. The TCC also requests that the

deadline for responses to the Modified Motion, if any, be set at December 13, 2021, at 12:00

p.m. Eastern Time. As stated further below, the Debtors, the FCR, the Coalition, and Messrs.

Kosnoff, Rothweiler and Van Arsdale consent to shortened time on the Modified Motion. The

UST and the UCC have not stated any position on the request to shorten time. In support of this

Motion to Shorten, the Tort Claimants' Committee respectfully states as follows.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## Jurisdiction

1.      This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

3.      The Tort Claimants' Committee requests that (a) the Court schedule a hearing on the Modified Motion for December 14, 2021, at 10:00 a.m. Eastern Time; and (b) shorten the response deadline on the Modified Motion, with objections, if any, to be filed by December 13, 2021, at 12:00 p.m. Eastern Time.  The Modified Motion requests that the Court enter an order directing the three AIS (as defined herein below) law firms consisting of Eisenberg Rothweiler, Winkler, Eisenberg & Jeck, P.C., AVA Law and Kosnoff Law to distribute a joint communication to each of their jointly represented clients providing a recommendation from each of the firms with respect to whether to vote to accept or reject the Plan and certain related relief.

4.      On November 23, 2021, the TCC provided a draft of its *Emergency Motion of Official Committee of Tort Claimants for Entry of an Order Pursuant to Sections 105, 1103, 1125 and 1126 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and*

2

*Granting Related Relief* (the "Emergency Motion") to the Debtors, the Official Committee of

Unsecured Creditors (the "UCC"), the Coalition, the Future Claimants' Representative (the

"FCR"), the United States Trustee (the "UST") and counsel for Messrs. Kosnoff, Van Arsdale,

and Rothweiler.  On November 24, 2021, the TCC held a Zoom meeting to discuss the

Emergency Motion with these parties and others.

   5.  On November 24, 2021, the TCC filed the Emergency Motion [Docket

Nos. 7445 and 7447], seeking the appointment of an independent ombudsperson as a resource

and problem-solver for survivor questions and concerns that have arisen and may arise in the

future in connection with voting on the Debtors' Plan and for related relief.  At the heart of the

Emergency Motion was the TCC's request that an ombudsperson be empowered to help survivor

claimants represented by three law firms affiliated under the Abuse in Scouting ("AIS") banner

that have espoused diametrically opposing views on whether to support or reject the Plan,[2] and

directed conflicting and uncoordinated recommendations to their approximately 17,000 survivor

clients, accounting for nearly 20% of the survivor voting population.

   6.  On November 29, 2021, the Court held a status conference with respect to

the Emergency Motion.  At the conference, the TCC's counsel advised the Court that the

hostility towards the concept of appointing a voting ombudsperson to address the AIS-related

and other problems affecting voting led the TCC to modify its request for relief.  In accordance

with the ensuing lengthy discussion of the voting issues at the conference, particularly those

presented by the unresolved AIS situation, the TCC has modified its request for relief to focus on

addressing the core problem of the conflict among the three AIS law firms and the resulting

confusion and conflicting advice imposed on their clients.  Thus, the TCC no longer seeks the

appointment of a voting ombudsperson, but rather the entry of an order directing the three AIS

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Modified Motion.

law firms to distribute a joint communication to each of their jointly represented clients

providing a recommendation from *each* of the firms with respect to whether to vote to accept or

reject the Plan to be accompanied by a neutral explanatory cover letter, in form as shown in

**Exhibit B** to the Modified Motion.

7.      Finally, in its Emergency Motion, the TCC requested that the Court extend

the voting deadline by two weeks so that remedial actions could be taken, particularly with

respect to AIS clients confused by the conflicting advice they have been receiving.  The Debtors

resisted this extension in a pleading filed on Monday, November 29, 2021; however, on

December 2, 2021, the Debtors announced that they were seeking an extension of the voting

deadline by two weeks, although apparently not on account of the problems in the voting process

identified in the Emergency Motion.  Following two meet and confer sessions, the Debtors and

key parties in interest agreed to a revised confirmation schedule that will extend the voting

deadline to December 28, 2021.  At a hearing held on December 6, 2021, the Court approved this

revised confirmation schedule.

8.      The extended voting deadline provides an opportunity to reduce voter

confusion.  If quick action can be taken and the AIS firms are directed to send out a corrective

communication, valuable information will be communicated to plan voters in advance of the

extended deadline permitting them to fully consider plan voting issues and change votes if

required.

DOCS_LA:341065.2 85353/002

**Basis for Relief**

9.     Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

10.     In support of this Motion to Shorten, the Tort Claimants' Committee represents that the exigencies justify shortened notice of the Modified Motion and scheduling a hearing on the Modified Motion.

11.     It is evident that there has been voter confusion for some time, primarily because of the present antagonism and letter-writing and marketing campaign pursued by the warring factions of the AIS group.

12.     As described in the Emergency Motion, the TCC initially concluded that the appointment of a Voting Ombudsperson was the best solution to the AIS voting issues and other pervasive voting confusion.

13.     After conversations with the Court and the parties, the TCC has modified its request seeking an order directing the AIS firms to send out a corrective communication as further described in the Modified Motion.

14.     Last week, the TCC reached out to Mr. Rothweiler in an effort to meet and confer on the issues raised in the Modified Motion but the parties have not been able to meet as of this time.   The TCC will endeavor to meet and confer with Mr. Rothweiler prior to the hearing on the Modified Motion in an effort to resolve matters consensually.

DOCS_LA:341065.2 85353/002

15.     The TCC is requesting a hearing as soon as practicable, and preferably by Tuesday, December 14, 2021, at 10:00 a.m. Eastern Time with responses to the Modified Motion, if any to be filed on Monday, December 13, 2021, at 12:00 p.m. Eastern Time. Shortened time is particularly crucial due to the extended voting deadline of December 28, 2021. If the Motion is granted, the corrective communication can be made sufficiently in advance of the new voting deadline so that plan voters are better informed and change their votes if needed.

16.     Accordingly, the Tort Claimants' Committee submits that the exigencies justify shortening notice on the Motion.

## **AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)**

17.     In accordance with Local Rule 9006-1(e), the Tort Claimants' Committee certifies that it notified the United States Trustee ("UST"), counsel to the Debtors, counsel the UCC, the Coalition, counsel the FCR and certain other parties of this Motion to Shorten.  The Debtors, the UST, the FCR, the Coalition, Mr. Rothweiler, Mr. Kosnoff and Mr. Van Arsdale consent to the request to shorten time on the Modified Motion.  The UCC and the UST have not stated a position with respect to shortening time on the Modified Motion as of this time.

## **Notice**

18.     This Motion to Shorten and the Modified Motion will be served by e-mail where available, or overnight mail on: (a) the Debtors; (b) the UST; (c) counsel to the UCC; (d) counsel to the FCR; (e) counsel to the Coalition; (f) counsel to the Ad Hoc Committee of Local Councils; and (g) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Tort Claimants' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

19.     If the Court grants this Motion to Shorten, the Tort Claimants' Committee will immediately serve a copy of the order on the above-noted Notice Parties by e-mail or overnight mail.

## **No Prior Request**

20.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Tort Claimants' Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) scheduling the Modified Motion for hearing date of December 14, 2021, at 10:00 a.m. Eastern Time; and (b) shortening the response deadline on the Modified Motion, with objections, if any, to be filed by December 13, 2021 at 12:00 p.m. Eastern Time.

Date: December 7, 2021       **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073) (admitted *pro hac vice*)
Alan J. Kornfeld (CA Bar No. 130063) (admitted *pro hac vice*)
Debra I. Grassgreen (CA 169978) (admitted *pro hac vice*)
Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: rpachulski@pszjlaw.com
      akornfeld@pszjlaw.com
      dgrassgreen@pszjlaw.com
      inasatir@pszjlaw.com
      joneill@pszjlaw.com

*Counsel for the Tort Claimants' Committee*