**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. 6438, 6821, 7427 |

**NOTICE OF UPDATE TO NOTICE OF SOLICITATION ERROR
AND INVALIDATION AND REISSUANCE OF BALLOTS IN
ACCORDANCE WITH CERTAIN LAW FIRMS' ELECTIONS
UNDER THE SOLICITATION PROCEDURES ORDER [D.I. 6821]**

**PLEASE TAKE NOTICE THAT**:

1. Omni Agent Solutions ("Omni") is the administrative agent retained by Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"). As part of the solicitation process, Omni, on behalf of the Debtors, solicited votes to accept or reject the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (together with all schedules and exhibits thereto, and as such may be modified, amended, or supplemented from time to time in accordance with section 1127 of the Bankruptcy Code, the "Plan")[2] from approximately 82,200 holders of Direct Abuse Claims, among other voting creditors.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Procedures Order (as defined herein), as applicable.

2.      On October 27, 2021, the Debtors filed the *Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order* [D.I. 6821] (the "First Ballot Notice"), and this notice supplements the First Ballot Notice and does not repeat the background and factual information contained therein.[3]

3.      As detailed in the First Ballot Notice, on or about October 14, 2021, Omni distributed approximately 1,762 Solicitation Packages directly to holders of Direct Abuse Claims represented by Zuckerman Spaeder LLP ("Zuckerman") via the Direct Solicitation Method in contravention of Zuckerman's Master Ballot election and the Solicitation Procedures Order. To correct this, Omni invalidated each of the Ballots and corresponding unique Ballot IDs that were distributed to clients of Zuckerman (the "Invalidated Ballots"). Omni also reissued Zuckerman's Class 8 Master Ballot consistent with its election of the Master Ballot Solicitation Method.

4.      Following the filing of the First Ballot Notice, Zuckerman has requested that, with respect to any of its clients holding a Direct Abuse Claim who has submitted an Invalidated Ballot via the Direct Solicitation Method, and who does not submit a vote through Zuckerman via the Master Ballot Solicitation Method, that the otherwise timely and valid vote of such holder be counted. In order to ensure that the votes of any affected holders of Direct Abuse Claims are not disenfranchised, the Debtors and Omni will honor this request. Any Invalidated Ballot received by Omni by the Voting Deadline that is otherwise valid and the vote of such voting party is not otherwise included on Zuckerman's Master Ballot, shall be counted as a valid vote in accordance

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Ballot Notice or the Solicitation Procedures Order, as applicable.

with the Solicitation Procedures. Omni will document the affected votes on the Final Voting Report.

5. As also detailed in the First Ballot Notice, on or about October 14, 2021, Omni distributed approximately 2,826 Solicitation Packages directly to holders of Direct Abuse Claims represented by Andrews & Thornton via the Direct Solicitation Method in contravention of Andrews & Thornton's Hybrid Solicitation Method ballot election and the Solicitation Procedures Order. To correct this, Omni invalidated each of the Ballots and corresponding unique Ballot IDs that were distributed to clients of Andrews & Thornton (the "Invalidated Ballots"). Omni also reissued Andrews & Thornton's Class 8 Ballots consistent with its election of the Hybrid Solicitation Method.

6. Following the filing of the First Ballot Notice, Andrews & Thornton has agreed with the Debtors that, with respect to any of its clients holding a Direct Abuse Claim who has submitted an Invalidated Ballot via the Direct Solicitation Method, and who does not subsequently submit a vote via the Hybrid Solicitation Method, that the otherwise timely and valid vote of such holder be counted. This will ensure that the votes of any affected holders of Direct Abuse Claims are not disenfranchised. Any Invalidated Ballot received by Omni by the Voting Deadline that is otherwise valid and the vote of such voting party is not otherwise submitted via the Hybrid Solicitation Method, shall be counted as a valid vote in accordance with the Solicitation Procedures. Omni will document the affected votes on the Final Voting Report.

7. The Debtors believe that this resolution also resolves the *Objection of the Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC to "Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order"* [D.I. 7427] (the "Zalkin Objection"), filed on November 23,

2021 with respect to the First Ballot Notice, by ensuring that any affected claimant's vote will be counted. The Debtors note that procedures remain in place for parties to review the voting reports and the procedures used by the Debtors to count votes at the appropriate time.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  December 7, 2021<br>　　　　Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@mnat.com<br>　　　　aremming@mnat.com<br>　　　　ptopper@mnat.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 819-8200<br>Email:  jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice)*<br>Blair M. Warner (admitted *pro hac vice)*<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 881-5400<br>Email: mandolina@whitecase.com<br>　　　　mlinder@whitecase.com<br>　　　　laura.baccash@whitecase.com<br>　　　　blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |