FILED
2021 DEC -8 AM 9: 15
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

## MOTION FOR AN ORDER COMPELLING DEBTORS AND PATRIOTS' PATH COUNCIL, BSA[2] TO PRODUCE DOCUMENTS OR INFORMATION SOUGHT BY CLAIMANT #39[3] ON OCTOBER 3, 2021 VIA AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS

**COMES NOW** claimant # 39, pro se, and moves the Court, pursuant to Federal Rules of Civil Procedure 34 (b)(2)(A) and 37 (a)(1) & (3)(B)(iv) for an order compelling Debtor and/or Patriots' Path Council, BSA to produce documents and information sought by claimant #39 on Octorber 3, 2021, via Amended Notice for Admissions & Documents to Debtor and Patriots' Path Council, BSA, as noticed by

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Patriots' Path Council, BSA; 1 Saddle Road; Cedar Knolls, New Jersey (Local Council 358) is the defendant in Claimant #39's lawsuit which has been removed to the U.S. Bankruptcy Court for the District of New Jersey as case number 20-01107.

[3] Claimant #39 i̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ He was originally claimant #72 on the BSA's list.

1

document number 6775, filed by the Clerk of Court on October 22, 2021, and attached hereto as Exhibit A, and shows:

1.  The deadline set for the Court for initiation of discovery by parties intending to participate in the confirmation hearing was October 8, 2021. Claimant #39 initiated discovery by serving Counsel for Debtors and Debtors in Possession, Jessica C. Lauria; White & Case, LLP; 1221 Avenue of the Americas; New York, NY 10020, and Derek C. Abbott; Morris, Nichols, Arscht, & Tunnell, LLP; 1201 North Market St., 16th Floor; P.O. Box 1347 Wilmington, DE 19899-1347; and Counsel for Patriots' Path Counsel, BSA, Geoffrey Sasso; White and Williams, LLP; 1650 Market Street; One Liberty Plaza; Suite 1800; Philadelphia, PA 19103, via email to jessica.lauria@whitecase.com, dabbott@morrisnichols.com , and sassog@whiteandwilliams.com on October 3, 2021. Claimant #39's discovery request was thus timely propounded and properly served.

2.  Federal Rule of Civil Procedure34 (b)(2)(A) provides:

    (2) Responses and Objections.

    (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

3.  Federal Rule of Civil Procedure 37 (a)(1) & (3)(B)(iv) provide:

    (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR

2

DISCOVERY.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(3) Specific Motions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

4. Claimant #39's request was stated in such a manner as to permit Debtor and Patriots' Path Council, BSA to provide summary information in lieu of providing physical or electronic documents. For example, at request #26, claimant #39 sought verification that The Boy Scouts of America maintained liability insurance covering the actions of its professional scouters during calendar years 1960 and 1961 which was separate from insurance covering liability for volunteers. This verification could be met and clarified by either producing the insurance policy, or providing the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence. Likewise, at request #17, claimant #39 sought verification that Mr. Randy Gray

had been employed by a Local Council of the BSA located in the State of New York prior to his employment by the Morris-Sussex Area Council, BSA. This verification could be met by either producing a listing of professional scouters employed by the various local councils of New York in 1958 to 1961, or the name of that council or councils could be provided. Surely, Debtor knows whether ███████ was a professional scout employed at a council in New York or New Jersey during the period 1958 through 1961.

5.      Claimant #39 is incarcerated in the Georgia Department of Corrections, and does not have the capability of placing phone calls to counsel to confer on issues of discovery, nor does he have unlimited access to email communication. Claimant #39 has communicated with each of the attorneys to whom the discovery requests were addressed, but has received an email response from only counsel for Patriots' Path Council, BSA, summarily informing claimant #39 that Patriots' Path Council, BSA, had no intention of responding to any discovery requests from Claimant #39. When Claimant #39 replied that he was a participant in the confirmation process, and that the Court had directed the parties to begin the discovery process before October 8, 2021, Claimant #39 was ignored, and has received no further communication from any of the attorneys involved. As the Court is undoubtedly aware, the claimants who are incarcerated

have generally been ignored by the attorneys throughout this bankruptcy. About the only thing the attorneys have bothered to involve the incarcerated claimants in has been the dueling letters and emails urging votes for or against the plan [and some of those communications have been sent to claimants like claimant #39 who are not represented by any of these attorneys]. Given the limitations imposed by the fact of incarceration, claimant #39 can certify to having made a good faith effort to resolve this issue to the best of his ability.

6.    Neither Debtors nor Patriots' Path Council, BSA has produced documents, or the permissible summary answers, or specific objections to production to claimant #39. Production of the documents or objections to production were due no later than November 2, 2021, pursuant to the rule. Claimant #39 has waited an additional 28 days before making this motion, thus the rule should be applied and the Court should enter an order compelling Debtor and/or Patriots' Path Council, BSA to produce documents as requested in Exhibit A.

Respectfully submitted this 29th Day of November, 2021.



# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[4]

Debtors.

---

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

### AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS

TO:   COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION:
   Jessica C. Lauria          Derek C. Abbott

---

[4] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

7

WHITE & CASE, LLP           MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

1221 Avenue of the Americas        1201 North Market St., 16th Floor; P.O. Box 1347

New York, New York  10020        Wilmington, Delaware 19899-1347

jessica.lauria@whitecase.com

dabbott@morrisnichols.com

Geoffrey F. Sasso

WHITE & WILLIAMS, LLP

1650 Market Street.

One Liberty Plaza; Suite 1800

Philadelphia, PA  191-1795

sassog@whiteandwilliams.com

**COMES NOW** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ pro se, and pursuant to Federal Rules of Civil Procedure Numbers 34 & 36 makes this Amended Request for Admissions, and such Documents as may be necessary to fully respond.  Please admit or deny each statement below, and provide such documents or clarification as necessary.  Service of your response should be made electronically to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ with mailed copy to:



1. Boy Scout Troop 32 was sponsored by the Saint Peter's Episcopal Church as chartering organization within the Morristown District of the Morris-Sussex Area Council of the Boy Scouts of America [BSA] during calendar years 1960 and 1961.

2. The individual listed as Scoutmaster of Boy Scout Troop 32 during calendar

years 1960 and 1961 was William Dickinson.

3. Boy Scout Troop 32 met on the premises of Saint Peter's Episcopal Church on South Street in Morristown, New Jersey during calendar years 1960 and 1961.

4. Boy Scout Troop 32 assisted at parish functions, including serving in the kitchen of the parish hall of Saint Peter's Episcopal Church during calendar years 1960 and 1961.

5. ███████████ was listed as an Assistant Scoutmaster for Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1959 and 1960.

6. ███████████████ was registered as a member of Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1959 and 1960.

7. Boy Scout Troop 50 was sponsored by American Legion Post 59 as chartering organization within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

8. The individual listed as Scoutmaster of Boy Scout Troop 50 during calendar years 1960 and 1961 was ███████████████

9. ███████████████ served as the Maintenance Director for Morris-Sussex Area Council, BSA's Camp Mount Allamuchy during calendar years 1960 and 1961.

10. Boy Scout Troop 50 met on the premises of American Legion Post on Speedwell Avenue in Morristown, New Jersey during calendar years 1960 and 1961.

11. ███████████████ was registered as a member of Boy Scout Troop 50 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1960 and 1961.

12. The United States Navy Reserves Seabees regularly spent weekends working on construction and facilities at Camp Mount Allamuchy during calendar years 1960 and 1961.

13. The medical cabin at Camp Mount Allamuchy was located at the end of the parking lot nearest the red storage barn, and connected by footpath with the kitchen side of the Hartley Dodge Lodge Dining Facility during calendar years 1960 and 1961.

14. The Morris-Sussex Area Council, BSA had in its employ an individual named ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as a District Executive for the Morristown District during all or part of calendar years 1960 and 1961.

15. The BSA had commissioned ▮▮▮▮▮▮▮▮▮▮▮▮ as a professional scouter at some time prior to his employment by the Morris-Sussex Area Council, BSA.

16. Robert Montgomery was the professional scout executive for the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

17. ▮▮▮▮▮▮▮▮▮▮▮▮ had been employed by a Local Council of the BSA located in the State of New York prior to his employment by the Morris-Sussex Area Council, BSA. [Please provide the name of that council or councils].

18. ▮▮▮▮▮▮▮▮▮▮▮▮ was the second most senior professional scouter employee of the Morris-Sussex Area Council, BSA, and was assigned as the Camp Director for Mount Allamuchy Boy Scout Camp located in Stanhope, Sussex County, New Jersey during all or parts of calendar years 1960 and 1961.

19. ▮▮▮▮▮▮▮▮▮▮▮▮ executed an employment contract with Frank Joseph Schwindler III for the position of head dishwasher for the 1961 calendar year camping season at Camp Mount Allamuchy.

20. The BSA maintained exclusive control over the commissioning of individuals who the Local Councils were permitted to employ as professional scouters during 1960 and 1961.

21. Individuals who served as commissioned professional scouters in 1960 and 1961 received their training from the BSA at its National Training School located at the Mortimer L. Schiff Scout Reservation in Mendham Township, Morris County, New Jersey.

22. Mr. Gray [or Grey] ceased being employed by the Morris-Sussex Area

Council, BSA during calendar year 1961.

23. ███████████ ceased being employed by the Morris-Sussex Area Council, BSA following revelations of inappropriate sexual conduct with a minor male, which became known shortly before the summer camping season for Camp Mount Allamuchy.

24. ████████████████████████████ as camp director for Camp Mount Allamuchy just prior to the camping season in calendar year 1961.

25. Individuals who served as camp directors at Boy Scout camps belonging to local councils in 1960 and 1961 received their training and certification from the BSA at its National Camp Leadership Training School located at the Mortimer L. Schiff Scout Reservation in Mendham Township, Morris County, New Jersey.

26. The Boy Scouts of America maintained liability insurance covering the actions of its professional scouters during calendar years 1960 and 1961 which was separate from insurance covering liability for volunteers. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

27. The Morris-Sussex Area Council, BSA maintained liability insurance covering the actions of its professional scouters [employees] during calendar years 1960 and 1961 which was separate from insurance covering liability for volunteers. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

28. The Morris-Sussex Area Council, BSA maintained general liability insurance covering the programs and activities of scouting during calendar years 1960 and 1961 which was separate from coverage maintained by the BSA nationally. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

29. The Morris-Sussex Area Council, BSA and its insurers settled a major claim related to an injury incurred by a scout in which the scout suffered extensive injuries when a member of the Camp Allamuchy staff attempted to remove a bowie knife which the scout had in a sheath in his back pocket, and in doing so severely cut the wrist of the scout in calendar year 1960 or 1961. [Please provide the name of the insurer and policy number, as well as the stettlement paid].

30. The Morris-Sussex Area Council, BSA conducted camporees and Order of the Arrow functions at the Mortimer L. Schiff Scout Reservation during calendar years 1960 and 1961.

31. The BSA's Mortimer L. Schiff Scout Reservation was located within the geographical limits of the Morristown District of the Morris-Sussex Area Council, BSA.

This 3rd day of October, 2021.

