# **EXHIBIT 2**

**Exemplar Chasan & Walton Engagement Letters**

██████

## RETAINER AGREEMENT
(Contingent Fee)

This is an agreement for the provision of legal services between DUMAS & VAUGHN, ATTORNEYS AT LAW and CHASAN & WALTON, LLC ("ATTORNEYS") and ██████ ██████ ("CLIENT").

The parties agree as follows:

**1.     SCOPE OF REPRESENTATION ("THE CASE")**

CLIENT engages the services of ATTORNEYS to assert all claims that CLIENT has against the Boy Scouts of America and Boy Scouts of America's bankruptcy proceeding.

**2.     CONTINGENT FEE**

CLIENT shall compensate ATTORNEYS for their legal services as follows: ██████ ██████

**In the event no recovery is obtained, there will be no fee due to ATTORNEYS.**

The term "amount received" includes all amounts received from the other party, its insurers or any third party at any time, including recovery of costs, disbursements, and attorney fees, as well as any punitive damage award. ATTORNEYS' fee shall be calculated prior to determining the costs and expenses owed by CLIENT, as detailed in Paragraph 3 below.

In the event attorney fees are recovered from any defendant, CLIENT agrees that ATTORNEYS shall be paid the greater of the amount of the attorney fees recovered from defendant(s) or the amount set forth above.

CLIENT may decide to "structure" some of the CLIENT's share of the amount received. ATTORNEYS agree to counsel and assist CLIENT in that process. ATTORNEYS may choose to, and shall be entitled to, structure any part of their compensation due under this agreement and CLIENT agrees to allow and assist in that process.

ATTORNEYS have complete discretion to use staff or attorneys outside the firm for all work. CLIENT authorizes ATTORNEYS to associate or contract with another attorney or attorneys of their choice on THE CASE and to share any fee recovered with other attorney or attorneys, so long as the total attorney fees chargeable to CLIENT are not increased. As described in Paragraph 3, services of specialized counsel are not considered work on THE CASE, and any fees paid to specialized counsel will be treated as costs.

**3.     COSTS AND EXPENSES**

CLIENT shall be responsible for all court costs and other out-of-pocket expenses subject to CLIENT's ability to pay. Such costs and expenses may include, but are not limited to, costs

of service of process; filing fees; conference calls, Skype, and on-line meetings; actual cost of outsourced copies and scanning services; allocated legal database query fees; messenger or expedited delivery charges; travel expenses; private investigators; expert witness fees; deposition expenses; and trial costs.

"Costs" also include the reasonable and actual cost of retaining specialized legal counsel such as bankruptcy, insurance coverage, tax, probate, or lien attorneys, to work on matters peripheral or in addition to CLIENT's case.

ATTORNEYS will advance funds for costs, which will be deducted from CLIENT's share of any settlement or other recovery in this case. If CLIENT does not recover any amount in the case, ATTORNEYS will waive CLIENT's obligations for reimbursement, *unless* the lack of recovery is the result of CLIENT's abandonment of the lawsuit.

### 4. MONEY HELD IN TRUST

In the event funds are received from CLIENT or for CLIENT, such funds shall be held by ATTORNEYS in trust and without interest, and may be applied to cover court costs and out-of-pocket expenses. CLIENT consents that any interest earned on such funds shall be paid to the Oregon or Idaho State Bar's IOLTA funds for the benefit of legal services for the poor.

### 5. VOLUNTARY TERMINATION AND WITHDRAWAL

CLIENT has the right to terminate ATTORNEYS' services at any time. ATTORNEYS may withdraw from representing CLIENT at any time. However, except for breach of a term of this agreement, for reasons of legal ethics, or with the consent of CLIENT, ATTORNEYS may not withdraw within 30 days of trial or arbitration unless provision has been made for capable substitute counsel to represent CLIENT.

In the event of termination by CLIENT, ATTORNEYS shall be entitled to be paid the reasonable value of the services they have provided, at a rate of $450 per hour for partner attorney time, $350 for associate attorney time, $125 for paralegal time, and $100 for law clerk time. In the event of withdrawal by ATTORNEYS, ATTORNEYS shall be paid only if CLIENT obtains a recovery. The total value of ATTORNEYS' services in the event of withdrawal or termination shall not be limited to the hourly rates above, but shall be determined by considering ATTORNEYS' hourly rates, the amount ultimately obtained from the other party, and the fee that ATTORNEYS would have earned had they completed the case, less the reasonable value of the services of other attorneys engaged by CLIENT to complete the case.

### 6. INVOLUNTARY TERMINATION BY CLIENT

It shall be considered a termination of ATTORNEYS' services by CLIENT, **in which case CLIENT shall be responsible for the reasonable value of the services ATTORNEYS provided and reimbursement of costs advanced**, if CLIENT:

(a) Decides not to pursue THE CASE at any time while represented by ATTORNEYS, without the consent of ATTORNEYS;

(b) Declines to cooperate with ATTORNEYS in the preparation of the CLIENT's case. Cooperation includes, but is not limited to, being truthful at all times, and should CLIENT fail to be truthful in any material matter, it shall be a termination of ATTORNEYS' services under this subparagraph;

(c) Fails to maintain contact with ATTORNEYS and to provide current contact information to ATTORNEYS; or

(d) Assigns or attempts to assign any portion of CLIENT's claim or THE CASE to another, or to obtain or attempt to obtain a loan against CLIENT's claim or THE CASE.

7. ATTORNEYS are granted a security interest and attorneys' lien on CLIENT's claim, THE CASE, and any judgment or award in CLIENT's favor. Once earned, ATTORNEYS' fee is their property and not property of CLIENT.

8. Should either party engage an attorney to enforce any term of this agreement, the prevailing party shall be entitled to costs, disbursements, and reasonable attorney fees at trial, arbitration, and/or on appeal.

9. CLIENT is aware that state and federal law allows judges to award costs to the party that wins a lawsuit. These costs include a fee called the "prevailing party fee." Should a prevailing party fee be assessed against defendants, it shall be included in the "amount received" by CLIENT. Should a prevailing party fee be assessed against CLIENT, it shall be included as a cost.

10. CLIENT authorizes ATTORNEYS to destroy CLIENT's file five years after ceasing work on THE CASE, unless a request is made in writing within ten days of the termination of ATTORNEYS' representation of CLIENT that CLIENT's file be retained longer.

11. Unpaid medical charges caused by injuries claimed in THE CASE may be liens on any amount recovered, as may other unpaid debts. It is CLIENT's responsibility to advise ATTORNEYS of any liens. If so advised, or if advised by another source of a valid lien, ATTORNEYS will pay such liens from any amount recovered.

12. CLIENT has no economic interest in the portion of any recovery to which ATTORNEYS are entitled as their fee. Unless CLIENT has agreed to a recovery that is structured as described in paragraph 2, ATTORNEYS' right to their fee attaches from the moment ATTORNEYS are retained, and ATTORNEYS are entitled to a *pro rata* share of their fee even if CLIENT should choose at some point to substitute another attorney to handle CLIENT's case. ATTORNEYS have the same right to enforce their lien for their fee as CLIENT has for the amount due to CLIENT.

13. In the event a judgment is entered in CLIENT's favor which is not immediately recoverable from defendant(s) and ATTORNEYS are entitled to a portion of the judgment under the terms of this Agreement, ATTORNEYS may, at their election, attempt to collect the judgment. If funds are collected as a result of ATTORNEYS' efforts, the funds collected shall first go to pay any costs advanced by ATTORNEYS in the underlying litigation and in collection efforts, and any amount remaining shall be distributed to CLIENT and ATTORNEYS in proportion to the amount to which each is entitled under the terms of this agreement.

CLIENT shall not assign or sell a judgment to which ATTORNEYS are entitled to a portion under the terms of this Agreement without the written consent of ATTORNEYS.

14. CLIENT authorizes ATTORNEYS to endorse and deposit settlement or other checks payable to CLIENT and ATTORNEYS into ATTORNEYS' client trust account for distribution pursuant to the terms of this Agreement.

**15. CLIENT may rescind this agreement within 24 hours after signing upon written notice to ATTORNEYS.**

███████████████████████████
CLIENT

_/s/ Gilion Dumas_  10/14/2020
GILION C. DUMAS           DATE
DUMAS & VAUGHN, ATTORNEYS AT LAW

_/s/_  10-14-2020
                          DATE
CHASAN & WALTON, LLC

Page 4 – RETAINER AGREEMENT

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | |

## LIMITED POWER OF ATTORNEY

I, ███████, hereby grant Chasan & Walton, L.L.C., and Dumas & Vaughn, LLC, ("my attorneys") the power of attorney to execute all documents connected with the claim for which I retained them, including pleadings, court filings, contracts, check endorsements, settlement agreements, releases, and all other documents which I could properly execute related to the claim. This power of attorney specifically grants my attorneys the power of attorney to execute any documents and take whatever steps reasonable to vote on my behalf to approve or reject any proposed plan of reorganization in the case of *In Re Boy Scouts of America, et al.*, Case No. 20-10343 (LSS) (Bankr. D. DE 2021). I understand that I have the right to choose personally how I will vote on the plan, and that I have the right to revoke this power of attorney at any time by submitting a written notice to the Bankruptcy Court of the District of Delaware. I further understand that my vote may be tallied and along with other clients of my attorneys on a "Master Ballot" that will be submitted to the Bankruptcy Court at the time of voting.

DATED: 5/3/2021

DocuSigned by: ███████
1351539C4FE54B8...
Signature



## Certificate Of Completion

Envelope Id: 33FB75AEF0DC4879B6ECA27177057DD1  
Subject: Please DocuSign: Chasan & Walton BSA Document  
Source Envelope:  
Document Pages: 1  Signatures: 1  Envelope Originator:  
Certificate Pages: 4  Initials: 0  Gilion Dumas  
AutoNav: Enabled  3835 NE Hancock St., Ste. GLB  
EnvelopeId Stamping: Enabled  Portland, OR  97212  
Time Zone: (UTC-08:00) Pacific Time (US & Canada)  emily@dumasandvaughn.com  
IP Address: 96.89.123.205  

Status: Completed

## Record Tracking

Status: Original  
 5/3/2021 10:59:47 AM  

Holder: Gilion Dumas  
 emily@dumasandvaughn.com  

Location: DocuSign

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [redacted]<br>Security Level: Email, Account Authentication (None) | DocuSigned by: [redacted] 1351539C4FE54B8...<br>Signature Adoption: Drawn on Device<br>Using IP Address: 174.204.30.52<br>Signed using mobile | Sent: 5/3/2021 11:00:13 AM<br>Viewed: 5/3/2021 7:36:36 PM<br>Signed: 5/3/2021 7:36:57 PM |
| **Electronic Record and Signature Disclosure:**<br>  Accepted: 5/3/2021 7:36:36 PM<br>  ID: a5bab953-3bff-48fc-923d-73feb5dcb270 | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 5/3/2021 11:00:13 AM |
| Certified Delivered | Security Checked | 5/3/2021 7:36:36 PM |
| Signing Complete | Security Checked | 5/3/2021 7:36:57 PM |
| Completed | Security Checked | 5/3/2021 7:36:57 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 10/9/2020 11:54:16 AM
Parties agreed to: [redacted]

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Dumas & Vaughn (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Dumas & Vaughn:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: emily@dumasandvaughn.com

**To advise Dumas & Vaughn of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at emily@dumasandvaughn.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Dumas & Vaughn**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to emily@dumasandvaughn.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Dumas & Vaughn**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to emily@dumasandvaughn.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Dumas & Vaughn as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Dumas & Vaughn during the course of your relationship with Dumas & Vaughn.