# Exhibit 2

# Exemplar Retainer Agreement

# RETAINER AGREEMENT

**BE IT REMEMBERED THAT** _____ (client) has retained and does by this instrument retain the *NETTLES MORRIS* as his/her attorneys; said attorneys to handle on his/her behalf, all claims for damages arising out of and resulting from an incident which occurred on _____, which he/she now has, and which might hereafter accrue against _____, for injuries arising out of the aforementioned incident and that the parties have respectively agreed as follows:

    **1.**    The fee for legal services shall be a contingent fee predicated on recovery or recoveries had, whether by way of settlement, arbitration, or trial, as the case may be, and the fees shall be computed as follows (the percentage of fees is calculated on the gross recovery before deducting any outstanding costs, liens or any other amounts owed):

    **A.**    **THE CONTINGENT FEE SHALL BE:**

    **(1)**    **33-1/3% OF ANY AMOUNT OF RECOVERY OR SETTLEMENT ACHIEVED PRIOR TO A LAWSUIT BEING FILED.**

    **(2)**    **SUBSEQUENT TO THE FILING OF A LAWSUIT, THE FEE SHALL BE 40% OF ANY AND ALL AMOUNTS RECOVERED, INCLUDING ATTORNEYS FEES, OR THE ACTUAL ATTORNEYS FEES RECOVERED, WHICHEVER IS GREATER.**

    **(3)**    **IN THE EVENT THAT AN APPEAL FROM THE TRIAL IS NECESSARY, THE FEE SHALL BE 50% OF ANY AMOUNT RECOVERED.**

    **(4)**    **IF SETTLEMENT OF THIS CASE IS MADE BY STRUCTURED SETTLEMENT, ATTORNEY'S**

*NETTLES MORRIS*
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

**FEES SHALL BE PAID OUT OF THE INITIAL CASH PAYMENT.**

**2. ALL COSTS, INCLUDING ARBITRATION COSTS, COSTS OF OBTAINING EXPERTS TO ANALYZE AND EVALUATE THE CAUSE OF THE ACCIDENT, COSTS OF MEDICAL DOCTOR'S TESTIMONY, COSTS OF WITNESS FEES, TRAVEL COSTS (GAS; MILEAGE; ETC.), DEPOSITION COSTS, COURT COSTS, AND ALL COSTS OF LITIGATION, INCLUDING LONG DISTANCE PHONE CALLS, COPYING EXPENSES, REGARDLESS OF THE OUTCOME, ARE TO BE PAID BY THE CLIENT, AND IF ANY OF THEM SHALL HAVE BEEN ADVANCED BY THE ATTORNEY, HE SHALL BE REIMBURSED FOR THE SAME. THE ATTORNEY IS AUTHORIZED TO PAY ANY OF SAID EXPENSES OUT OF THE SHARE OF THE SETTLEMENT ACCRUING TO THE CLIENT.**

It is further understood that the attorney may advance costs of litigation which he, in his discretion, deems to be necessary for the prosecution of the client's case.

THAT CLIENT ALSO UNDERSTANDS THAT HE MAY BE LIABLE FOR THE OPPOSING PARTIES ATTORNEY'S FEES AND COSTS SHOULD CLIENT NOT PREVAIL IN THE LAWSUIT.

It is further understood and agreed that client will maintain contact with attorney's office by telephone or letter at least once per month and shall be responsible for providing attorney with a current address and telephone number where they can be reached at all times. If the client does not maintain contact with the attorney's office and attorney is unable to contact client after reasonable efforts, client hereby authorizes attorney to resolve the case for reasonable settlement value determined by the judgment of the attorney and where all liens can be satisfied and clients share is equal to or greater than the attorneys fee. Client further authorizes attorney to file a Complaint at all times if the case cannot be resolved prior to litigation.

**3. THAT CLIENT UNDERSTANDS THAT ANY LAWSUIT BROUGHT SOLELY TO HARASS OR COERCE A SETTLEMENT FROM ANOTHER PARTY, MAY RESULT IN THE CLIENT BEING HELD LIABLE IN A COUNTERSUIT FOR MALICIOUS PROSECUTION OR ABUSE OF PROCESS.**

*NETTLES MORRIS*
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

**4. IT IS UNDERSTOOD THAT THE ATTORNEY'S FEES ARE ENTIRELY CONTINGENT AND SHALL BE OBTAINED FROM THE RECOVERY PROCEEDS ONLY WITH THE EXCEPTION THAT ALL COSTS, INCLUDING THE COSTS ADVANCED BY THE ATTORNEY, WHETHER THERE IS A RECOVERY OR NOT, SHALL BE PAID BY THE CLIENT.**

It is agreed that no settlement shall be made without full discussion and agreement between the parties. However, in the event the parties cannot agree, the client shall have the right to obtain other counsel to pursue this case or to pursue the case on his/her own, and the *NETTLES MORRIS* shall have the right to withdraw as attorney for the client. In either event, the attorney's fees of the *NETTLES MORRIS* shall be computed as thirty-three and one-third percent (33-1/3%), or forty percent (40%) or fifty percent (50%), whichever is higher in accordance with the provisions of paragraph 1(A) herein, of the amount which has been offered to settle the case at the time the plaintiff either elects to obtain other counsel or the *NETTLES MORRIS* elects to withdraw from the case and the *NETTLES MORRIS* shall retain a lien upon any proceeds of settlement or judgment for that amount, plus any and all costs expended to date.

In the event of either of the above-mentioned elections, it is further agreed that the *NETTLES MORRIS*'s fees and costs shall be deemed to have been earned and shall be due and owing regardless of the outcome of any action or the recovery of any settlement.

If the client elects to obtain other counsel prior to any settlement offer having been made or terminates the services of the *NETTLES MORRIS*, the client agrees to pay to the *NETTLES MORRIS* the sum of **$500.00** per hour for the time expended on his/her case in addition to costs incurred or the sum equivalent of 33 1/3%, 40% or 50% pursuant to Paragraph 1 (a) above plus costs incurred as **quantum merit**, whichever is greater, which is subject to a lien on the case. Amounts owed pursuant to this paragraph 4 are not contingent on the outcome of any action or the recovery of any settlement.

**5.** It is understood that the *NETTLES MORRIS* shall have the right to withdraw from the case upon notice to the client if, in the attorney's opinion, investigation disclosed that the case has no merit or that it is not economically feasible to pursue.

**6.** Client acknowledges that attorneys have not made any guarantees or assurances regarding the success of pursuing client's claim. Attorneys shall not be liable for any error or judgment, actions or omissions, unless the same shall be shown to be reckless, willful, or grossly negligent.

**7. BANKRUPTCY PROVISION:** Client represents to Attorney that Client is not presently, nor do they contemplate filing for Bankruptcy protection; that they will inform attorney should such a course of action be contemplated in the future. Client understands that any fees garnered as a result of this claim are subject to such bankruptcy proceedings wherein they are to be scheduled as an asset by Client.

**8. Acknowledgment.** Client agrees that he or she has read this four (4) page agreement completely and carefully. Client's signature below indicates that Client has read and understands this agreement and agrees to be bound by all of its provisions. The signature on behalf of Attorneys below indicates Attorneys' acceptance of this agreement.

SIGNED at Las Vegas, Nevada, this _____ day of _____, 2021.

_____    _____
NETTLES MORRIS                                                         CLIENT