# **EXHIBIT B**

9794195.v1

## RETAINER AGREEMENT

The undersigned, residing at _____ hereby retains Michael G. Dowd, Esq. and Sweeney, Reich & Bolz, LLP, who assume responsibility for the representation, to prosecute or adjust a claim for damages arising from personal injuries and loss of services sustained by ████ -lhrough the negligence of the Boy Scouts of America, and the undersigned hereby gives the aforesaid attorneys the exclusive right to take all legal steps to enforce the said claim and hereby further agrees not to settle this action in any manner without their written consent

In consideration of the services rendered and to be rendered by the aforesaid attorneys, the undersigned hereby agrees to pay the attorneys and they are authorized to retain out of any moneys that may come into their hand by reason of the above claim:

████████████████ *ercent of the sum recovered, whether recovered by sui1, settlement or otherwise.*

Such percentage shall be computed by one of the following methods: Either

Option l) on the gross sum recovered before deducting expenses and disbursements, including but not limited to, expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. The attorneys are responsible for the payment of all court costs and disbursements at the time they are incurred and are entitled to receive an amount equal to such costs and expenses incurred from the proceeds of the sum recovered. The undersigned shalI have no obligation to repay court costs and expenses of litigation in the event there are no sums recovered by suit, settlement or otherwise.

For strictly illustrative purposes, if there were a recovery of $100 and the case costs and expenses total $1, the recovery would be allocated as follows:

Gross Recovery
████*Vo* Attorneys' fee
Recovery after Attorneys' fee
Case costs & expenses

Net to Client

**OR**

Option 2) on the net sum recovered after deducting from the amount recovered expenses and disbursements, including but not limited to, expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. The undersigned is responsible for the payment of all costs and disbursements at the time they are incurred.

If during the enforcement of the claim or during the course of litigation, the attorneys should advance such costs, disbursements and/or expenses, that will not constitute a waiver of the client's responsibility to pay said costs, disbursements and/or expenses, which shall always remain client's responsibility. Under such instance, the client will promptly reimburse attorneys for the costs, disbursements and/or expenses which the attorneys advance on client's behalf.

In the event, after election to do so, the client fails to advance the necessary case costs, disbursements and/or expenses, or fails to reimbursement the attorneys for such costs, disbursements and/or expenses which the attorneys have advanced,

9794195.v1

the attorneys may, at attorneys' sole option, pay or absorb such costs, disbursements and/or expenses on the client's account. In such instance, the attorney shall notify the client that the attorney is advancing the case costs, disbursements and/or expenses and that the fee shall be calculated on the gross recovery in accordance with the tenns of Option I, as above.

For strictly illustrative purposes, if there were a recovery of $100 and the case costs and expenses total $1, the recovery would be allocated as follows:

Gross Recovery
Case costs & expenses
Net Recovery (minus costs)
    1/o Attorneys' fee
Net to Client
Return to Client of Expenses



In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount received. For the following or similar items there shall be no deduction in computing such percentages: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers, which shall remain the responsibility of the client, to be paid out of client's share of the proceeds.

!fat any time, the attorneys determine that the client's claim lacks legal or medical merit, or if circumstances arise which make it impossible for the attorneys to represent the client's interests, then the attorneys may withdraw from representing the client.

In the event that the claim results in a judgment unfavorable to the undersigned, the attorneys shall not be obligated to undertake an appeal on the undersigned's behalf, but may at their discretion, choose to undertake such appeal(s).

Ifa fee dispute arises in this matter, the client may have the right to elect to resolve the dispute through arbitration pursuant to Part 137 of the Rules of the Chief Administrator.

This constitutes the sole agreement between the attorneys and the client, and any changes or modification shall be by subsequent written agreement signed by the parties hereto or their successors.

### *SUBJECT TO INVESTIGATION*

I choose to have my attorneys pay all costs and expenses related to my case as set forth in Option I herein. understand that the attorneys' fee will be 33 1/3 percent of the gross recovery before deducting those costs and expenses. I further understand that my attorneys are entitled to an amount equal to such costs and expenses incurred from the proceeds of the sum recovered._____    (initial)

I choose to pay all costs and expenses related to my case as set forth in Option 2 herein. I understand that the attorneys' fee will be 33 1/3 percent of the net recovery after deduction of those costs and expenses properly chargeable to the enforcement of the claim or prosecution of the action._____(initial)

Dated:                                                                                                      (L.S.)
                                                    _____

I have received a copy of this agreement            (initials)

9794195.v1