

1801 Century Park East
Twenty-Sixth Floor
Los Angeles, California 90067

voice: 310-407-4000
fax: 310-407-9090
www.ktbslaw.com

tpatterson@ktbslaw.com
Direct Dial: 310-407-4035

December 1, 2021

**via CM/ECF**

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

> Re:    In re Boy Scouts of America, 20-10343 (LSS) (D. Del.)
> **Opposition to *Motion for Protective Order* [Docket No. 7480]**

Dear Judge Silverstein:

We write on behalf of Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC (the "Law Firms") in opposition to the *Motion for Protective Order* [Docket No. 7480] (the "Motion") filed on behalf of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. ("Eisenberg Rothweiler").

## PRELIMINARY STATEMENT

Abused in Scouting ("AIS") is comprised of three law firms:  Kosnoff Law, PLLC, Eisenberg Rothweiler and AVA Law Group, Inc. ("AVA Law").  AIS purports to represent over 15,000 claimants in this case.  At some point during the plan solicitation process, these three law firms could no longer agree on how to best represent the AIS clients.  Over the past month there have been serious allegations of impropriety relating to the AIS attorneys' interactions with their clients.  In addition, as the Court is aware, there have been allegations of improper communications to survivors issued by the Tort Claimants Committee (the "TCC") on behalf of an AIS attorney, Timothy Kosnoff.  Discovery has become necessary to determine if, and how, these alleged improprieties have affected the plan solicitation and voting process in this bankruptcy case.  *See*, *e.g.*, *Debtors' Emergency Motion For Entry Of An Order (I) Enforcing The Solicitation Procedures Order, (II) Enforcing Section 1103 Of The Bankruptcy Code Against The Tort Claimants' Committee, And (III) Granting Related Relief* [Docket No. 7118]; *Motion to Compel Timothy Kosnoff* [Docket No. 7149]; *Emergency Motion of the Official Committee of Tort Claimants' for Entry of an Order Pursuant to Sections 105, 1103, 1125, and 1126 of the Bankruptcy Code Appointing a Plan Voting Ombudsperson and Granting Related Relief* [Docket No. 7447]; *Joinder of the Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC to the Emergency Motion of the Official Committee of Tort Claimants' for Entry of an Order Pursuant to Sections 105, 1103, 1125, and 1126 of the Bankruptcy Code Appointing a Plan Voting*

Chief Judge Laurie Selber Silverstein
December 1, 2021
Page 2

*Ombudsperson and Granting Related Relief* [Docket No. 7459]; *Kosnoff Law, PLLC's Response in Support of Emergency Motion to Appoint a Plan Voting Ombudsperson* [Docket No. 7561].

## BACKGROUND

On November 17, 2021, in connection with the Debtors' *Emergency Motion* [Docket No. 7149], the Law Firms filed a notice of oral deposition of Timothy Kosnoff scheduled to take place remotely on November 22, 2021 at 9:30 a.m. (Pacific Time) [Docket No. 7295] (the "Deposition").  Mr. Kosnoff's deposition was also noticed by Century Indemnity Company [Docket No. 7313].  On November 20, 2021, Kosnoff produced documents to counsel to: the Law Firms, Century, the TCC, the Debtors, Eisenberg Rothweiler, and AVA Law.  Some of the documents produced by Kosnoff contain communications between certain of the AIS clients and Kosnoff, each of whom affirmatively waived the attorney client privilege (the "Waiving Clients"), in writing, with respect to the particular communication with Mr. Kosnoff to permit the use of that communication in connection with Kosnoff's deposition.  Subsequent to that document production, at approximately 9:04 a.m. (Pacific Time) on the morning of November 22— less than 30 minutes prior to the start of Mr. Kosnoff's deposition—counsel to Eisenberg Rothweiler, Mr. Hogan, informed the undersigned and other counsel who received the Kosnoff document production that Eisenberg Rothweiler objected to the entirety of the Kosnoff production on the basis of the attorney client privilege, the common interest privilege, and the work product doctrine.  Mr. Hogan requested that the parties refrain from reviewing the production and sequester the documents pending resolution.  At the Deposition, counsel for Eisenberg Rothweiler and AVA Law initially protested the use of the documents containing communications with the Waiving Clients, but ultimately agreed that the produced documents could be introduced under a "highly confidential" designation, subject to the resolution of privilege issues by the Court.  *See* Kosnoff Dep. Tr.[1] 91:6-25.

At the Deposition, the following documents were introduced and marked "Highly Confidential" subject to resolution of the privilege dispute (collectively, the "Deposition Exhibits"):

- November 12, 2021 email from a Waiving Client to Kosnoff, counsel to the TCC, and AVA Law, marked as Exhibit 14 at the Deposition and attached hereto as Exhibit 2.

- November 12, 2021 email from a Waiving Client to Kosnoff, counsel to the TCC, and AVA Law, marked as Exhibit 15 at the Deposition and attached hereto as Exhibit 3.

---

[1] Citations to the "Kosnoff Dep. Tr." are to the transcript of the November 22, 2021 deposition of Timothy Kosnoff, excerpts of which are attached hereto as Exhibit 1.  Because Mr. Moxley, on behalf of the Coalition, designated the entirety of the transcript as "Highly Confidential," the transcript excerpt has also been filed under seal.  No motion for protective order with respect to the transcript has been filed on behalf of the Coalition or any other party.

Chief Judge Laurie Selber Silverstein
December 1, 2021
Page 3

- November 16, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 16 at the Deposition and attached hereto as <u>Exhibit 4</u>.

- November 8, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 17 at the Deposition and attached hereto as <u>Exhibit 5</u>.

- November 11, 2021 email from a Waiving Client to Kosnoff, AVA Law and Eisenberg Rothweiler, marked as Exhibit 18 at the Deposition and attached hereto as <u>Exhibit 6</u>.

- November 11, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 19 at the Deposition and attached hereto as <u>Exhibit 7</u>.

- November 6, 2021 email from Kosnoff to counsel to the TCC, marked as Exhibit 20 at the Deposition and attached hereto as <u>Exhibit 8</u>.

- November 8, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 21 at the Deposition and attached hereto as <u>Exhibit 9</u>.

- November 15, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 22 at the Deposition and attached hereto as <u>Exhibit 10</u>.

- November 16, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 23 at the Deposition and attached hereto as <u>Exhibit 11</u>.

- November 10, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 24 at the Deposition and attached hereto as <u>Exhibit 12</u>.

- November 9, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 25 at the Deposition and attached hereto as <u>Exhibit 13</u>.

- November 8, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 26 at the Deposition and attached hereto as <u>Exhibit 14</u>.

- November 6, 2021 email from a Waiving Client to Kosnoff, marked as Exhibit 27 at the Deposition and attached hereto as <u>Exhibit 15</u>.

- SMS exchange between a Waiving Client and Kosnoff, marked as Exhibit 28 at the Deposition and attached hereto as <u>Exhibit 16</u>.

Several additional documents were also introduced at the deposition that show public disclosure of attorney-client communications:

- November 9, 20201 tweet by Kosnoff Law, marked as Exhibit 7 at the Deposition and attached hereto as <u>Exhibit 17</u>.

Chief Judge Laurie Selber Silverstein
December 1, 2021
Page 4

- November 11, 2021 tweet by Kosnoff Law, marked as Exhibit 8 at the Deposition and attached hereto as <u>Exhibit 18</u>.

- November 5, 2021 tweet by Kosnoff Law, marked as Exhibit 9 at the Deposition and attached hereto as <u>Exhibit 19</u>.

- November 9, 2021 tweet by Kosnoff Law, marked as Exhibit 10 at the Deposition and attached hereto as <u>Exhibit 20</u>.

## ARGUMENT

### A.  The Waiving Clients Waived Any Applicable Attorney Client Privilege

The attorney-client privilege "is an exception to the common-law maxim that the public has a right to 'every man's evidence.'" *Teleglobe Communs. Corp. v. BCE, Inc. (In re Teleglobe Communs. Corp.)*, 493 F.3d 345, 360 (3d Cir. 2007) (quoting *United States v. Brian*, 339 U.S. 323, 331 (1950). A communication is only protected by the attorney-client privilege if the communication is made "in confidence." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000); *also Teleglobe*, 493 F.3d at 361 (citing the RESTATEMENT). Even where a communication is privileged, the client or the client's lawyer may waive the privilege. RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 78 (2000).

Clients have primary authority to determine whether to assert the attorney-client privilege. *Id.* at § 86; *see also United States v. Doe*, 429 F.3d 450, 452 (3d Cir. 2005) ("The privilege belongs to the client, not the attorney."). Further, an attorney or agent of the client may not assert the attorney-client privilege if the client "(i) has waived the privilege; or (ii) has authorized the lawyer or agent to waive it." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 86 (2000); *see also, e.g., Stanziale v. Versa Capital Mgmt., LLC (In re Simplexity, LLC)*, 584 B.R. 495, 498 (Bankr. D. Del. 2018) (citing *In re Cherokee Simeon Venture I, LLC*, 2012 WL 12940975, at *2 (Bankr. D. Del. May 31, 2012)). Here, each of the Waiving Clients agreed to waive the privilege with respect to the Deposition Exhibits. As evidenced in each of the attached Deposition Exhibits, Kosnoff emailed each of the Waiving Clients with the following or similar language:

> "All of our communications are privileged under the attorney client privilege. Will you waive that privilege as to this specific email exchange so that I can discuss your very good points in my deposition which I have been ordered to sit for this Friday?  I intend to bring these issues to the attention of the court."

*See, e.g.*, Exhibit 2. Each of the Waiving Clients replied by email and affirmatively waived any privilege with respect to those emails.

The waiver of each of the Waiving Clients was affirmative and voluntary. As each of the attached Deposition Exhibits shows, Kosnoff adequately explained to the client that the communication was protected by the attorney-client privilege and that if the applicable Waiving

Chief Judge Laurie Selber Silverstein
December 1, 2021
Page 5

Client agreed to waive the privilege, Kosnoff would disclose the communication at the Deposition and to the court.

Indeed, the privilege with respect to certain of the Deposition Exhibits was previously waived by the respective Waiving Client's prior disclosure of the communication. *See*, *e.g.*, Exhibits 2 & 3 (Waiving Client included a third party, counsel to the TCC, in the communication with Kosnoff); Exhibit 12 (forwarded email of a Waiving Client to Judge Silverstein requesting the filing of a complaint against Eisenberg Rothweiler). The substance of certain of the communications was also previously made public in tweets issued by Mr. Kosnoff. *See*, *e.g.*, Exhibit 17 (tweet quoting from an email of a Waiving Client); Exhibits 18, 19 & 20 (discussing the contents of communications from client, including emails from a Waiving Client).

## B. The Common Interest Privilege Does Not Apply to the Deposition Exhibits

Eisenberg Rothweiler also argues that the Deposition Exhibits are protected by the common interest privilege.[2] A common-interest arrangement is one in which "two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 76 (2000). The common interest privilege "only applies when clients are represented by separate counsel." *Teleglobe*, 493 F.3d at 365. Further, the privilege only applies to communications among the separate counsel, not to communications between a client and their counsel. *See id.* at 364 ("requirement that the clients' separate attorneys share information"). Here, by contrast, the communications are between a client and one of the client's attorneys, Mr. Kosnoff. Moreover, as Eisenberg Rothweiler points out in its Motion, the Waiving Clients are represented by Kosnoff, together with Eisenberg Rothweiler and AVA Law. None of the Deposition Exhibits are communications between attorneys, and in any event, the attorneys at issue are co-counsel not separate counsel. As such, a common interest privilege does not, and indeed cannot, apply to the Deposition Exhibits.

Even if there was a basis to find that a common interest privilege exists, as explained above, that privilege may be waived by the client. "In the absence of an agreement to the contrary, any member may waive the privilege with respect to that person's own communications." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 76 cmt. g. (2000). Here, the Deposition Exhibits do not involve the communications of other AIS clients.

---

[2] The Waiving Clients are not joint clients with each other nor with the other AIS clients. Nothing in the AIS engagement letter indicates that any AIS clients are subject to a joint representation. *See* Docket No. 5923-2 (AIS Engagement Letter). Moreover, Eisenberg Rothweiler also does not assert the joint client privilege. The common interest privilege is distinct from the joint client privilege. *See Teleglobe*, 493 F.3d at 363 n. 18. The joint client privilege applies if two or more persons are jointly represented by the same lawyer in a matter and the communication relates to matters of common interest. RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000). "[E]ach co-client may waive the privilege with respect to that co-client's own communications with the lawyer, so long as the communication relates only to the communicating and waiving client." *Id.* § 75 cmt. e; *see also Teleglobe*, 493 F.3d at 363 ("a client may unilaterally waive the privilege as to its own communications with a joint attorney, so long as those communications concern only the waiving client"). Even if the Waiving Clients were joint clients, the joint client privilege would not apply as the Deposition Exhibits relate solely to the Waiving Client's own communications with a joint attorney.

Chief Judge Laurie Selber Silverstein
December 1, 2021
Page 6

The common interest privilege is an application of the attorney client privilege, such that if there is no attorney client privileged communication at issue, there can be no common interest privileged communication. *See Maxus Liquidating Tr. v. YPF S.A. (In re Maxus Energy Corp.)*, 617 B.R. 806, 820 (Bankr. D. Del. 2020) ("The common-interest privilege is a waiver exception to the attorney-client privilege."). Accordingly, because the attorney client privilege has been waived as to the Deposition Exhibits, there can be no assertion of common interest privilege as to those communications.

## B. The Work Product Doctrine is Inapplicable to Client Communications

Eisenberg Rothweiler does not explain how the Deposition Exhibits constitute attorney work product. "Work product consists of tangible material or its intangible equivalent in unwritten or oral form, other than underlying facts, prepared by a lawyer for litigation then in progress or in reasonable anticipation of future litigation." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 87 (2000); *see also Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991) ("In contrast [to the attorney-client privilege, the work-product doctrine promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation."). The Deposition Exhibits are communications between a client and their lawyer, not material prepared by a lawyer for litigation. As such, the work product doctrine is inapplicable here.

### <u>CONCLUSION</u>

For the foregoing reasons, the Law Firms request that the Court deny the Motion, stripping the Deposition Transcript and the Deposition Exhibits of any confidential designation, and permit the unsealed filing of this opposition, including the exhibits attached hereto.

Respectfully submitted,

/s/ Thomas E. Patterson
Thomas E. Patterson

KTBS LAW LLP
Thomas E. Patterson (p*ro hac vice*)
Daniel J. Bussel (p*ro hac vice*)
Robert J. Pfister (*pro hac vice*)
Sasha M Gurvitz (p*ro hac vice*)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone 310-407-4000
Email: tpatterson@ktbslaw.com;
    dbussel@ktbslaw.com;
    rpfister@ktbslaw.com;
    sgurvitz@ktbslaw.com

BIELLI & KLAUDER, LLC
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

*Counsel to each of The Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC*