**EXHIBIT B**

**(Engagement Letter Exemplar)**

CONTRACT FOR REPRESENTATION AND FEE AGREEMENT

1. It is hereby agreed by and between **PENN LAW LLC** (the "Firm"), and         (the "Client"), that the Firm will represent the Client in his damages against the Boy Scouts of America for public nuisance related to repeated sexual abuse, violation of public trust and related claims. Client represents to the Firm that he has not signed a contract with and is not represented by any other attorney(s). Further, Client shall be responsible for any income/estate tax/estate filing requirements related to said claim.

2. **ATTORNEYS' FEES**. The Client hereby agrees to pay the Firm attorneys' fees equal to       of the gross proceeds of recovery due to the complexity of the continued claims, whether by settlement, trial or appeal after a lawsuit is filed. **NO RECOVERY – NO ATTORNEYS' FEES**. It is agreed and understood that this employment is upon a contingent fee basis and, if no recovery is made, the Client will not owe the Firm any attorneys' fees.

3. **CASE EXPENSES**. It is understood and agreed that the Client will be responsible for all case expenses, including but not limited to, long distance telephone calls, facsimile expenses, filing costs, investigative expenses, photo copy costs, postage, travel expenses, including use of automobiles and private or commercial aircraft, court reporting expenses, express charges and any other expenses incurred in representing the Client regarding the claims referenced herein. These expenses will be paid out of the Client's share of the recovery after the attorneys' fees are calculated on and subtracted from the gross recovery. In addition, the Firm will retain five (5%) percent of the gross proceeds from recovery not to exceed ten thousand ($10,000.00) dollars, for a period of time not to exceed sixty (60) days after recovery. These funds shall be applied toward any outstanding case expense(s). After the sixty (60) day period, any remaining funds shall be disbursed to Client. **In the event that there is no recovery in this case, the client will not be responsible for reimbursing advanced expenses.**

4. **ADVANCES BY ATTORNEY**. In the event the Firm advances expenses on behalf of the Client, said advances shall bear interest at the rate of eight percent (8%) per annum and the Firm shall provide the Client with a detailed itemization of the expenses advanced on the Client's behalf. It is agreed by the Client that the Firm is granted a lien on any proceeds to secure reimbursement for expenses and interest accumulations.

5. **ASSOCIATION OF COUNSEL**. The Firm may associate other counsel to assist in the prosecution of the Client's claim so long as such association is disclosed to the Client. Fees will be divided between the Firm and associated counsel in accordance with the

services provided, and attorneys' fees shall be the same as provided in this Contract, unless otherwise agreed to in writing by the Client, the Firm and the associated counsel.

6. **AUTHORITY TO COMPROMISE/SETTLE CLAIMS**.  The Firm and the Client both agree that the case may not be settled without the consent of the Client and the Firm.

7. **STRUCTURED SETTLEMENT**.  Should Client's case be resolved through a structured settlement whereby the defendant or its insurer makes a lump sum payment followed by periodic payments over a term of years or for life of the Client, the attorneys' fees shall be computed in accordance with the percentage agreed to herein, which shall then be applied either to the present cash value of the lump sum payment plus the present cash value of any such future benefits or to the cost to the defendant or the defendant's insurer(s) of all such payments, at the option of the Firm.

8. **PAYMENT OF MEDICAL EXPENSES**.  The Client hereby authorizes the Firm to pay from the recovery, whether by settlement or judgment, all charges for medical services incurred for treatment of the Client, in whole or pro rata (if there are not sufficient funds to pay all such expenses therefrom).  The Firm in obtaining such authority does not guarantee the payment of such expenses to said medical providers.

9. **POWER OF ATTORNEY**.  Client expressly grants to the Firm a power of attorney to endorse and deposit into the client trust account any drafts or checks received by the Firm and made payable to Client in whole or part, and CLIENT hereby authorizes the Firm to deduct fees, as well as Client's costs and expenses from Client's share of any such sums recovered.

10. **RIGHT TO WITHDRAW FROM REPRESENTATION**.  If, after investigating this matter or at any stage in the litigation, the Firm determines that it wishes to withdraw from representation, Firm may withdraw as counsel for the Client after giving written notice to the Client.  If the Firm withdraws from representation, Client shall owe the Firm only those case expenses incurred up to that time, but shall not owe the Firm any attorneys' fees.

11. **QUANTUM MERUIT**.  In the event this agreement is terminated at the instance of the Client, the Firm shall be entitled to recover from the Client all reasonable attorneys' fees for the work performed to time of termination based upon the doctrine of quantum meruit or the contingency fee percentage, as agreed to herein, of any offers made at the time of termination.

12. **NO GUARANTEES**.  It is understood that the Firm has made no guarantees or representations whatsoever to the Client as to what amount, if any, will be recovered as a result of the Firm's efforts in this case.

DOCS_DE:236074.1 85353/002
DOCS_LA:339929.2 85353/002

13. **BANKRUPTCY.**  In the event that the Client contemplates filing for any chapter of bankruptcy protection during any date following the occurrence of the subject incident for which you have retained this firm, and prior to the date of final resolution of the same, then Client hereby agrees to notify the Firm in writing, providing a minimum of thirty (30) days-notice, and further agrees to verbally consult with an attorney member of the Firm, during the 30-day period, concerning the Client's intent to file for bankruptcy protection.  The Client also hereby understands and agrees that he or she is subject to an obligation to disclose the matter for which the Client has entered into this contract on any petition for bankruptcy that may be filed by the Client, subsequent to having first discussed the matter with an attorney member of this Firm and having provided the required written notice of the same.  **In any event, if Client files for bankruptcy they understand and agrees to disclose this claim and/or lawsuit in that bankruptcy.  Failure to disclose this claim/lawsuit in bankruptcy filings could result in dismissal of the underlying claim/lawsuit.**

14. **FILE RETENTION**.    At the conclusion of this matter, we will retain your legal files for a period of seven (7) years after we close our file.  At the expiration of the 7-year period, we will destroy these files unless you notify us in writing that you wish to take possession of them.

15. **CHANGES TO AGREEMENT MUST BE IN WRITING**.  This Agreement and its terms set forth herein may not be changed except by written amendment.

I, the undersigned individual, has read completely and fully understand this contract and I do hereby bind my heirs, executors, administrators, successors and assigns to the terms and conditions set forth herein.  Receipt of a copy of the within and foregoing contract is hereby acknowledged.

This _____ day of _____, 2021.

_____

**ACCEPTED** this _____ day of _____, 2021.

**PENN LAW LLC**

_____
**DARREN W. PENN**