pg. 1

1. IN THE U.S. BANKRUPTCY
2. - COURT -
3. - District of Delaware -
4.
5. ███████████████████████
6. ███████████████████████
7. ███████████████████████
8. ███████████████████████
9. ███████████████████████
10. ███████████████████████
11. ███████████████████████
12. ███████████████████████
13. ███████████████████████
14.
15. IN RE:
16. BOY SCOUTS OF AMERICA +
17. Delaware BSA, LLC, etc.
18.
19. CASE # 20-10343 (LSS)
20.
21. Notice TO JUDGE/ Judicial Notice
22. ~~Notice To:~~ /objection
23. - THE Honorable Judge:
24. Honorable Laurie Selber
25. ███████████████████████
26. ███████████████████████     11-9-21
27. ███████████████████████

FILED
2021 DEC 10 AM 8:34
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES



September 9, 2021
Page 2

Hartford agreement in its Plan. The Bankruptcy Court has not approved the Hartford Agreement and the TCC will oppose the Hartford Agreement (and the Plan) if BSA intends to move forward with the Hartford Agreement in the Plan.

Separately, under the RSA, the Coalition requested that its attorneys' fees be paid by the BSA. The Bankruptcy Court refused to approve this request because the Coalition's bankruptcy attorneys did not show they had provided a "substantial contribution" or benefit to the BSA's bankruptcy process.

Importantly, the Settlement does not include BSA's insurers or Chartered Organizations (*i.e.*, the sponsoring organizations that were responsible for the formation of troops under a Local Council). At this juncture, no settlements have been reached with the insurers or Chartered Organizations, but the TCC remains in active mediation with these parties. In the event a settlement is reached with either, their contribution will be added to the Trust for the benefit of survivors with valid claims.

Payments to survivors cannot begin until after the Plan has been approved. The TCC does not expect the Plan to be approved until November or December of 2021. As discussed at a high-level in the enclosed Bankruptcy Plan 101 Presentation and Illustrative Timeline, the Plan process contains multiple steps, including (1) the approval of a disclosure statement for the Plan (the "Disclosure Statement"), which is a document that is used to described the terms of the Plan; (2) the mailing of the Plan, Disclosure Statement, ballot, and other documents to survivors or their counsel, who will then have the opportunity to vote on the Plan; and (3) the approval of the Plan itself by the Bankruptcy Court. To accommodate the continued mediation, the Court is currently scheduled to consider approval of the Disclosure Statement at a hearing on September 21, 2021.

If the Disclosure Statement is approved, the TCC expects that the hearing to consider the approval of the Plan will take place around 75 days after the September 21 hearing. Once the plan is approved and the Trust established, the Trustee will begin processing survivors' claims.

The TCC does not know how much any individual survivor might receive in compensation. At this stage, the Settlement only includes BSA and the Local Councils. If settlements are reached with insurers or Chartered Organizations, their contributions will be

DOCS_LA:337007.7 85353/002



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

September 9, 2021
Page 3

added to the Trust. In addition, the allowance of claims will be subject to a "trust distribution procedure" or "TDP." The current form of the TDP is attached to the "RSA Motion," which is enclosed. The TDP is a set of proposed rules and procedures that outlines the process by which claims will be valued and ultimately allowed. The amounts that survivors might receive will be prescribed by the TDP and also by the amount of cash the Trust ultimately collects. The TDP has not yet been approved as it will be considered by the Court as part of the Plan. As a result, the TDP is subject to change until it is approved by the Court. After the Plan's approval, it will take some time for the settlement trustee to begin analyzing claims and making settlement proposals. In that regard, there is not a specific timeframe for when the settlement trustee will start making distributions to survivors.

Pachulski Stang Ziehl & Jones LLP is counsel to the TCC in the bankruptcy case, and we are not your individual counsel. Accordingly, we do not share an attorney-client relationship. We may provide information to you to the extent that we can, and are happy to do that for you. However, neither the TCC nor our Firm can comment on the elements of any specific claim or the methodology that might be applied to any claim under the Settlement. If you disagree with any aspect of the Settlement as embodied in the Plan or any other motion filed with the Court, you have the right to file an objection. Please consult your individual counsel regarding any such objection. We are sending this letter to the attorney that you identify and state in your proofs of claim was retained by you.

The TCC is preparing responses to "frequently asked questions" or "FAQs" regarding the Plan as part of the Disclosure Statement. The FAQs will be posted on www.pszjlaw.com/bsa after the Disclosure Statement has been approved, and will become available for mailing to you upon request by you. Additionally, the TCC will continue to hold informational Town Halls to provide continuing updates to all survivors and will post information about the Town Halls at www.pszjlaw.com/bsa.

Pursuant to your request, we are forwarding a copy of this letter (without its enclosures) to your mother at the address you provided. She may view and obtain the enclosures and other relevant materials at www.tccbsa.com. Such webpage also links to information regarding town hall meetings.

DOCS_LA:337007.7 85353/002

**PACHULSKI**
**STANG**
**ZIEHL**
**JONES**

LAW OFFICES

September 9, 2021
Page 4

As to your claim, according to Omni Agent Solutions, you (R) filed claim no. 101260 on January 26, 2021, which is after the November 16, 2020 claims bar date and an amended claim (no. 104755) on March 4, 2021. As stated above, we are sending this letter to the attorney that you identify and state in your proofs of claim was retained by you.

Please do not hesitate to reach out with any further questions.

Very truly yours,

*Robert M. Saunders*
Robert M. Saunders

RMS
Enclosures
cc: ▓▓▓▓▓▓▓▓▓▓▓ (without enclosures)
    Andrew Van Arnsdale, Esq. (without enclosures)

[handwritten annotations: "My attorneys", "Late claim", "?"]

Pg. 5

To the Honorable Laurie Selber-

I have filed numerous documents in this case 20-10343 (LSS)

When you have the time Ma'm can you please review them? It is very important to me that you do so. Why? because according to this (pg. 2-4 enclosed) Notice:

My (2) BSA claims are late & are "barred". & you & only you can address that issue.

#1 My claims are not late because of the U.S. District court/US Bankrupsty court & US Federal court's: HUSTON V. LACK 487 US 266, 108 SCT 2379 (1988) & LYONS-BEY V. PENNELL, 93 F APDX 732 (6 CIR 2004) "prisoner mailbox Rule" where my documents/claims are filed, NOT when you (clerk) or the agency recieves them →

p. 6

1  But when I, the prisoner, gives
2  them to my jail guards to put
3  into the prison mailbox for mailing.
4
5  2) I gave them to my officials
6  prior to the Nov. 16 2020 deadline.
7  This is prooven by the dated &
8  Deputy signed envelope they were
9  enclosed in.
10
11 3) It is NOT my fault "omni" or
12  courts/etc. "recieved them late"
13  because there is covid19, quarantines
14  ~~& there~~ lack of staff at the jail
15  is the reason for the "delay" in
16  recieving them.
17
18 4) I am a victim of a California
19  injury & a resident of California
20  extending the statutes & deadlines.
21 5) Alot of The BSA injuries occured at &
22  with a chartered organization
23  (church) in connection & along with
24  their ~~officials~~/ activities —
25  extending statutes & deadlines
26
27

p.7

#6 I attached + sent numerous notices to your Docket + OMNI stating these + additional facts with declarations by my jail facility police admitting fault in the mail

#7 I further am NOT LATE because of denial of meaningful court access: 42 USC 1983.
- Lewis v. Casey 518 US 343, 355 116 SCT 2174 (1996), Hudson v. Palmer 468 US 517, 523 104 SCT 3194 (1984) + Bounds v. Smith 430 US 817 828 97 SCT 1491 (1977)

A) My jail telephone blocks all outgoing calls to 1800, 1833, 1866 phone #'s, so even though I have canteen bought phone # to call the AIS/BSA/Attorneys hotlines for advice/forms/information/issues I can't.

B) I have zero email/computer access + my law library would not provide the adequate forms

C) other reasons I previously filed on this docket

p. 8

d) My jail does not allow inmates access to the LexisNexis computer law library unless I am a "pro-per" in my criminal case. Being criminal law incompetent I can't be pro-per. So I have zero law access. Thus my facility violates Lewis, Bounds, Hudson where all inmates are required to have access.

E) I did file my (2) claims on time because I exercised due diligence & filed (2) federal 42 USC 1983 forms: the only (2) forms & law guide my facility would give me, & filed

1) US Delaware # 21-147 RGA
&
2) 2:20-CV-11382-DOC-SP USDC central CA

<u>before the 11-16-20 deadline</u> & using the mailbox rule.

p.9

1. Therefore, those claims are
2. on time & preserved for the
3. omni claims.
4.
5. 3) I even attached omni claims
6. to the Delaware ~~to graham~~
7. ~~ct.~~ Filing. Because I didn't
8. know &/or overlooked the omni
9. address. Just because I sent
10. it to you doesn't mean it
11. wasn't Filed/Filed on time.
12. I sent it to you on time
13. & obviously it was fwd. to omni
14. later on at a later date, because
15. they recieved it.
16.     Nonetheless its not late
17. (see it's Dated Filed envelope
18. I sent it in marking the date
19. the Deputy signed & dated it)
20.
21. The reason I knew the court address
22. was because there is a list
23. of Federal courts in the US
24. listed in my housing dorm
25.
26.
27.

p. 10

#8 I suffer from multiple sclerosis, brain, eye, nerve issues & my disabilities made me possibly accidently sent it to you than to OMNI at the time.

#9 - My tardiness is harmless & prejudes nobody

#10 My JAN/March 2021 claims are not late because the Nov. 16 2020 deadline were relevent & pertained to "a plan" AND proceedings and settlement & hearings at that time. Since then those proceedings have been extended to August 2021-Dec 2021, so my JAN./March 2021 are not late to those AUG-DEC 2021 proceedings & prejudice/affect nobody.

#11 I've been diligent in this case in my efforts & active in this case & my claims have merit & should be based on merit & collateral estopel/res judicata rulings - not a vauge default of "late claims"

#12 - At the time of All my pro-per Filings, I Always put my ~~Attorney~~ proposed Andrew Van Arnsdale. I DID DO Numerous Questionairs with him, also prior to Nov. 16 2020,

#13 - I DID A retainer with AVA (I put on This Docket) who assures me that all of these Apply to me AND That I AM NOT late +has sent me the voting packet. I'm still waiting on. My Mom as I stated in previous Filings to you is my power of attorney +where I want my mail sent (QueenST) Due to Mail issues cited here +recently explained in recent Filings.

#Conclusion - The 188893 Scouts + AIS hotline Now this TCC Claims Commitee is Giving me headache + heartache as you can see. by saying my claims are late/invalid/etc. I'M Not - by the law + legal standing I'M NOT

— p.12 —

CONCLUSION:

1) I want my objection(s) noted

2) This is also a notice I will be filing an appeal if the agents of this case like TCC continue to claim I am late + won't recieve anything/$/etc.

3) I want my name + filings recognized as a party to this case

4) ₸this issue addressed + ordered ~~to~~ to my attorney and omni/TCC/etc. That I am NOT late

Thankyou -



To: Hon. Laurie Selber
Silverstein
US Bankruptcy Judge
US Bankruptcy Court
824 N. Market St 6th Fl.
Courtroom #2
Wilmington DE 19801

LOS ANGELES CA 90
6 DEC 2021 PM 9

U.S.M.S.
X-RAY

19801-301124