FILED
2021 DEC 10 AM 8:3

IN THE USDC-BANKruptsy Delaware

[redacted]

RE: BSA, et Al.
CASE # 20-10343 (LSS)

OPPOSITION TO lAte clAIMS & exhibits
Filed 11-15-21

TO THE HONorAble courts - please Docket this + These exhibits. Ive been Diligent with OMNI & My Attorneys AIS who assure me VIA phone + by obvious coorespondence that I AM ok, My clAIMS Are ok with them + I AM NOT lAte. Ive relied on these representations + Fiduciary duties / Fiduciarys. Not just these notices but I have MANY More. BecAUse of My Diligence + thoroughness, My reliance on their representations + duties owed to me to ensure I AM ok + them telling me I AM OK, My clAIMs should be accepted + ok -

[redacted]



Omni
AGENT SOLUTIONS

also my church Abuse lawyers

[redacted] → AVA LAW Group INC
2718 MONTANA AVE
suite # 218
Billings, MT 59101

July 29, 2021

JD
(John Doherty
jdoherty@omniAgent.com)

[redacted]

We have received your letter and we will update your address as requested in our database. We are not attorneys; we are the claims administrator on the case. We cannot give any legal advice on your claim or the case or answer any legal questions. The case is not settled so there are no Settlement documents available yet. I can provide you with a general case overview below and some FAQ's on the 850 Million BSA agreement.

1. We do not know if your attorney has taken your case, that is between you and your attorney.
(later discovered DID = see attached)

2. We have added your mother's information as directed.
she called numerous times saying I AM OK

**Your claim number is** [redacted] - supplemental

**General Update:** The advisors for the debtors, the creditors' committee, and the TCC, among others, continue to negotiate the terms of the plan of reorganization, the current version of which you can review here [Docket No. 2592]. This is the document that will outline the terms of a global settlement for abuse claimants, among other things. There is a hearing to consider approval of the disclosure statement (which you can review here [Docket No. 2594]), which is the document that describes the terms of the plan in greater detail, scheduled for August 12, 2021. Once approved, copies of the disclosure statement, including the plan, will be sent to abuse claimants (or their lawyers, depending on the communication preference indicated on the proof of claim form) to vote on. This process is called solicitation. Once that is complete, the court will hold a hearing to determine whether to approve the plan (called confirmation).

At the same this time, and for many months after, abuse claims will be evaluated by various professionals, including the ones I mentioned above, and negotiations will be ongoing as to settlement amounts. I don't have any details, but I suspect this will take quite some time.

That is all we really know at the moment, but we are here for you if you want to talk or have questions, at (866) 907-2721.

2

FROM LAWYER

AIS

ABUSED IN SCOUTING

September 16th, 2021

**RE: Claim Against the Boy Scouts of America (Privileged & Confidential; Attorney-Client Communication)** TO [redacted]

Hello,

We are writing to you today with an update on your case against the Boy Scouts of America (BSA) in the U.S. Bankruptcy Court in Wilmington, Delaware. We apologize for the delay in the updates, but the hearing originally scheduled for the end of August was cancelled and we have been waiting for the events of this week to transpire before we sent out another update. I know waiting to hear what's going on is very difficult, but the ground was literally shifting daily on what may happen next, and we were not 100% sure where things would end up in the near term.

Yesterday, however, the BSA filed its fifth amended plan of reorganization, and that plan may come to you for a vote as early as the end of this month.

**New Plan Details**

The new plan continues to obligate the BSA National Organization to pay 250 million dollars and the local Council's to pay a total of 600 million dollars for a total of 850 million dollars. It also commits The Hartford Insurance company to 787 million dollars and the LDS church (Mormons) to a 250 million dollar contribution in exchange for a release of all liability related to their involvement with the BSA.

This brings the total amount now proposed by the plan to $1,887,000,000 (One billion eight hundred and eighty seven million dollars). There are also ongoing negotiations with additional insurers including Travelers, AIG, and Century Indemnity along with other sponsoring organizations with the focus on the Methodists and the Catholics.

What exactly does that mean in terms of the money available to survivors who filed proof of claim forms? Well it means there is a little over 1.8 billion dollars currently committed to fund a trust to pay them, and there are additional entities that will likely come in and offer money in a similar way that the LDS church and Hartford did in order to attempt to be released from all liability as it relates to the sexual abuse of minor children in the boy scouts. This is the very thing you will have the opportunity to vote up or down in short order.

To view the plan in it's entirety click here: Fifth Amended Plan

**Hearing Next Week(?)**

The Hearing that the BSA wants to go forward on next week is the Plan Disclosure Statement and Solicitation procedure. There has been objections filed already though asking the Judge to postpone the hearing for three weeks because of the new plan that was just filed yesterday. Judge Silverstein has scheduled a hearing on Tuesday, September 21st to hear argument on whether the hearing on Plan Disclosure and Solicitation will go forward.

If the hearing does go forward next week, the BSA will put in front of the Judge its proposed plan of reorganization, the disclosure statement that will go to creditors for voting purposes, and its method on how the BSA wants to conduct the vote. Judge Silverstein will then rule on whether the plan disclosure statement is sufficient in informing the creditors (YOU) on what they are voting for and whether the vote, as proposed, meets bankruptcy standards and will give sufficient time and opportunity for creditors to vote on the plan.
Even if the hearing on the Disclosure Statement and Solicitation does not go forward next week, it will likely go forward within the next three weeks.

To view the Plan Disclosure Statement in its entirety click here: Disclosure Statement

**Enough Lawyer speak, when do we vote already?**

In all likelihood soon. The vote may go out as early as the end of September or potentially the end of October. But, we are reasonably certain that ballots will go out, and you will finally get the chance to vote on this proposed plan within the next two months.

**If Judge Silverstein approves the plan to go out for vote, will you help explain what a Yes vote or No vote means?**

100% YES. If and when Judge Silverstein green lights the vote, we will dissect the plan to the best of our ability and put you in a position to make an informed decision (both the positives and negatives) on which way you want to vote. **Again, we do not vote for you, you vote.** We will certainly advise you, but the decision rests in your hands.

**After we vote, is this done? Is this finally over?**

It may be the beginning of the end. We know this journey has been very difficult. Not just what you suffered when you were a child, but ever since coming forward and standing up to the BSA in this setting. We know you are weary, but hang in there, we are almost through this process.
The vote is a moment of truth for the BSA and for you, where you take the power in your hands. Again, we'll get into this in more detail once Judge Silverstein approves the plan for a vote, but either way, the BSA cannot afford this bankruptcy to go on much longer.

**Upcoming Dates**

If the hearing goes forward next week, the BSA has proposed the below dates for the next steps in this process.

- September 21st - Disclosure Statement Hearing
- October 4th - Deadline to Mail Voting Packages
- November 16th - Voting Deadline
- November 30th - Final Voting Report Deadline
- December 9th - Confirmation Hearing

There's no certainty these dates will stick, but at some point in the near future you will get to a vote, and when that happens, the timeline will follow a similar pattern as outlined above.

**Conclusion**

We have never seen a case like this, never in the history of American Jurisprudence has there been a case like this. Sure, there are other institutions that allowed the abuse of minor children, and some of these institutions have been held accountable in different ways in recent memory. Nothing like this though, the scale and scope of the abuse, and potential liability across multiple defendants is truly unparalleled in this case.

That is what makes your case so difficult. What happened to you is tragic, horrific, unconscionable, and a total violation of the most important resource of any society, its children. We are so sorry you suffered because of the BSA, we feel your pain with the length of time this process has taken. Please know we are up day and night fighting for a way to resolve your case in a positive and meaningful way for your life. Because the case is unparalleled in history, a clear path towards the best resolution does not exist. It must be created, which means there are oftentimes varying opinions on the best course of action. As in any debate, it is often through robust dialogue and disagreement we end up finding the best path.

If you have been following your case closely, you know this has been hotly contested since the beginning, and it continues to be so. As stated above though, YOU get the ultimate vote, and Judge Silverstein will heavily weigh that vote in deciding what the future of the Boy Scouts of America holds. We will have another update out after next week to let you know more about a potential vote, or the dates of the next hearing, or whatever it is that comes out of next week.

Please, stay safe, know we are trying to put you in the best position we can to hold the BSA accountable for what happened to you. We are here for you, we look forward to hearing from you, and we thank you so very much for taking the time to read through this update and the continued support you show us.

As always, let us know if you have any questions by replying to this email, calling us at 888-99-SCOUT, or emailing us at support@ava.law.

Sincerely Yours,

S

Andrew Van Arsdale

- IF I WASNT OK they have + had A DUTY/obligation to tell ME
- IF I WASNT OK, then why HAS these entities continued to tell me I AM OK VIA phone & letters IN which I HAVE relied ON
- IF I WASNT OK theyd HAVE to tell me so I CAN FIX IT or get other counsel,

instead I rely ON them thus it is binding & my claims or my mistakes (IF any) should NOT be defaulted AGAINST ME

- This court sent me NOTICE & never told me I WASNT OK

Sent by OMNI

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 29, 2021 at 10:00 a.m. (ET)**<br>**Objection Deadline: April 16, 2021 at 4:00 p.m. (ET)** |

**AMENDED NOTICE OF HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOYS SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed:

- the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2293, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[2]

- the *Disclosure Statement for the Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2294, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"); and

- the *Debtors' Motion for Entry of An Order (I) Approving Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 2295, filed March 2, 2021] (the "Solicitation Procedures Motion").

The Plan contains releases of the Debtors and certain third parties and related injunction provisions. If approved, these provisions could release Abuse Claims held against the BSA and certain third parties, including against Local Councils and Contributing Chartered Organizations.

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures Motion (defined as below), as applicable.

If approved, these provisions would prohibit holders of Abuse Claims from filing lawsuits against the BSA and certain third parties related to any Abuse Claim. Instead, the Plan provides a mechanism by which Abuse Claims against the Debtors will be channeled to a trust established pursuant to section 105(a) of the Bankruptcy Code. The Debtors are proponents of the Plan and support confirmation thereof. You should carefully review the Plan and the applicable release, injunction, and related provisions at https://omniagentsolutions.com/BSA.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has scheduled a hearing for **April 29, 2021 at 10:00 a.m. (Eastern Time)** (the "Disclosure Statement Hearing")[3] to determine whether to, among other things, approve the Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

2. The Disclosure Statement Hearing will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the Bankruptcy Court, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. The Disclosure Statement Hearing may be adjourned from time to time without further notice other than the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for the hearing filed with the Bankruptcy Court. If the Disclosure Statement Hearing is continued, the Debtors will post the new date and time of the Disclosure Statement Hearing at https://omniagentsolutions.com/BSA. The Disclosure Statement and Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law, before, during, or as a result of the Disclosure Statement Hearing, without further notice to creditors or other parties in interest.

3. Copies of the Disclosure Statement, the Plan, and the Solicitation Procedures Motion are available for review and download free of charge on the website maintained by the Debtors' claims, noticing, and solicitation agent, Omni Agent Solutions (the "Solicitation Agent"), at https://omniagentsolutions.com/BSA. Copies of the Disclosure Statement and the Plan are also available upon request by (a) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (b) emailing BSAballots@omniagnt.com, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA. You may also access these materials for a fee via PACER at http://www.deb.uscourts.gov/. Responses and objections to approval of the Disclosure Statement or the other relief sought by the Debtors in connection with the approval of the Disclosure Statement must: (i) be in writing; (ii) state the name and address of the objecting party or party proposing a modification to the Disclosure Statement and the nature and amount of the Claim of such party; (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted into the Disclosure Statement to

[3] The Disclosure Statement Hearing was previously scheduled for a hearing on April 15, 2021 at 10:00 a.m. (Eastern Time), but, at the direction of the Bankruptcy Court, the Debtors have moved the Disclosure Statement Hearing to April 29, 2021 at 10:00 a.m. (Eastern Time).



resolve any such objection or response and include any evidentiary support therefor; and (iv) be filed, together with proof of service, with the Bankruptcy Court and served so as to be actually received on or before **April 16, 2021 at 4:00 p.m. (Eastern Time)** by:

(a) counsel to the Debtors, (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (jessica.lauria@whitecase.com)), and 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Michael C. Andolina (mandolina@whitecase.com), Matthew E. Linder (mlinder@whitecase.com), and Blair Warner (blair.warner@whitecase.com)) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Andrew R. Remming (aremming@morrisnichols.com), Eric W. Moats (emoats@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com));

(b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah M. McColllum (hannah.mccollum@usdoj.gov));

(c) counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19801 (Attn: James I. Stang (jstang@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and John W. Lucas (jlucas@pszjlaw.com));

(d) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer (tmayer@kramerlevin.com), Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com), and Megan M. Wasson (mwasson@kramerlevin.com));

(e) counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Sharon M. Zieg (szieg@ycst.com)); and

(f) counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932 (Attn: Louis R. Strubeck (louis.strubeck@nortonrosefulbright.com) and Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com)).

4. **IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

5. To the extent any party has already filed an objection to the Disclosure Statement consistent with the procedures prescribed herein, they do not need to refile such objection.

6. Following approval of the Disclosure Statement by the Bankruptcy Court, holders of Impaired Claims against the Debtors **that are entitled to vote** will receive Solicitation Packages in accordance with the order approving the Solicitation Procedures Motion, including instructions to obtain, free of charge, the Plan, the Disclosure Statement, and various other documents related thereto, unless otherwise ordered by the Bankruptcy Court. Holders of Unclassified Claims and Claims in the Unimpaired Classes will receive the Non-Voting Status Notice (each as defined in the Solicitation Procedures Motion). Holders of Disputed Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim will receive the Disputed Claim Notice (each as defined in the Solicitation Procedures Motion).

7. **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE BANKRUPTCY COURT.**

Dated: March 19, 2021

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

*/s/ Eric W. Moats*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9314
Email: dabbott@morrisnichols.com
aremming@morrisnichols.com
emoats@morrisnichols.com
ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

10

11

end of

Filing



LOS ANGELES CA 900

6 DEC 2021 PM 9 L

U.S.M.S.
X-RAY

TO: U.S. Bankruptsy Court
(Personal/Non legal Mail)
824 N. Market St.
Wilmington, Delaware
19801

19801-302499

