UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | . | Chapter 11 |
|  | . |  |
|  | . | Case No. 20-10343(LSS) |
| BOY SCOUTS OF AMERICA AND | . |  |
| DELAWARE BSA, LLC, | . |  |
|  | . | 824 Market Street |
|  | . | Wilmington, Delaware 19801 |
| Debtors. | . |  |
| . . . . . . . . . . . . . . . . . | . | Friday, December 10, 2021 |

TRANSCRIPT OF VIDEO HEARING RE:
ORAL RULING ON THE LETTER TO
THE HONORABLE CHIEF JUDGE LAURIE SELBER SILVERSTEIN FROM
BRUCE D. CELEBREZZE REGARDING CERTAIN INSURERS' SEEKING AN
ORDER COMPELLING THE COALITIONS RULE 30(b)(6) DEPOSITION
BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES VIA ZOOM:   (On the Record)

    (None Identified)

Audio Operator:            Electronically Recorded
                             by Donna Capell, ECRO

Transcription Company:     Reliable
                             1007 N. Orange Street
                             Wilmington, Delaware 19801
                             (302)654-8080
                             Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

INDEX

Page

COURT DECISION 3

1   (Proceedings commence at 11:38 a.m.)

2   THE COURT: Okay. Good morning. This is Judge --

3   UNIDENTIFIED: Good morning, Your Honor.

4   THE COURT: This is Judge Silverstein. We're here
5   in the Boy Scouts of America case, 20-10343. And this is for
6   my ruling on the discovery dispute between the Coalition and
7   Century -- or certain insurers.

8   The issue is whether the Coalition is subject to
9   discovery under Rule 30(b)(6). And for the reasons I'm about
10  to explain, the answer is yes.

11  Rule 30(b)(6) provides, in relevant part, that, in
12  a notice or subpoena, quote:

13  "-- a party may name as the deponent a public or
14  private corporation, a partnership, an association,
15  a governmental agency, or other entity."

16  The Coalition is a group of approximately 18,000
17  survivors who have banded together through their respective
18  state law counsel to take positions in the BSA bankruptcy
19  case. According to the Rule 2019 statement filed by the
20  Coalition, which it as Docket Item 1997, quote:

21  "Each member has signed an affirmative consent,
22  consenting to becoming a member of the Coalition
23  and authorizing their respective state court
24  counsel to instruct the Coalition's professionals."
25  There are, by my count, 27 state court counsel

1    associated with the Coalition.

2         The Coalition has also established an advisory
3    board consisting of five individuals, self-nominated and
4    chosen by their respective state court counsel.  The
5    Coalition has bylaws governing its operations, and the
6    Coalition has retained various legal and financial
7    professionals.

8         The Coalition has taken positions before this Court
9    in innumerable filings.  It is a mediation party.  And on at
10   least one occasion, the Coalition has bound itself to a
11   position separate and apart from either its state court
12   counsel or its members.  In the RSA, the Coalition agreed,
13   among other things, to support and cooperate with debtors to
14   obtain confirmation of a specific plan and to not support or
15   cooperate in any way in the solicitation of another plan.

16        Further, the Coalition, and not the state court
17   counsel or its members, has certain consent rights under the
18   plan documents before the Court and certain orders, including
19   the confirmation order, must be reasonably acceptable to the
20   Coalition.  The Coalition is also a released party under the
21   plan.  And the Coalition asked for and received permission to
22   send out a solicitation letter to all survivors.  Finally,
23   the Coalition is advocating for payment of its fees from the
24   estate by way of substantial contribution or otherwise.
25        Notwithstanding all the trappings of an entity, the

1  Coalition states that it cannot be deposed under Rule
2  30(b)(6).  The Coalition does not deny that it is a party to
3  these proceedings and it acknowledges that it has discovery
4  obligations.  Indeed, it responded to both document requests
5  and interrogatories.
6          But the Coalition argues that it is not a legal
7  entity, but a group composed of individual survivors.  The
8  Coalition argues that these types of groups, ad hoc groups of
9  natural persons, perhaps as opposed to corporate entities, do
10 not speak through a designee, such as contemplated by Rule
11 30(b)(6).
12         At argument, Coalition counsel argued that a Rule
13 30(b) deponent -- (b)(6) deponent testifies on behalf of
14 something with a separate legal existence that is separate
15 from its members.  Finally, the Coalition argues that there
16 are no cases which compel an ad hoc group to submit to a Rule
17 30(b)(6) deposition, and that any ad hoc groups that might
18 have done so have done so voluntarily.
19         Century -- that's wrong.
20         Certain insurers and the Zalkin and the Pfau
21 Cochran law firms counter that the Coalition can be deposed
22 under Rule 30(b)(6).  They rely on the 2007 advisory
23 committee notes to the rule that indicate that, for the
24 purpose of adding the term "other entity" to Rule 30(b)(6) is
25 to ensure that the deposition process can be used to reach

1     information known to or reasonably available to an
2     organization, no matter what abstract fictive concept is used
3     to describe the organization.  They also argue, by analogy,
4     to Rule 2019, which requires disclosures by groups,
5     committees, and entities.

6            I conclude that the Coalition can be deposed by way
7     of Rule 30(b)(6).  While there does not appear to be a cased
8     on point, to hold otherwise would permit the Coalition to
9     avoid a deposition all together.  The Coalition has appeared
10    in this case and taken positions as a group.  It is
11    organized, has an advisory board, and has made commitments as
12    the Coalition to other parties-in-interest in this bankruptcy
13    case.  It must have decision-makers that make decisions for
14    the Coalition.  It is not rudderless.

15           The word "entity" in Rule 30(b)(6) is broad enough
16    to include organized groups such as this one.  The
17    legislative history provides that the word "entity" was added
18    to the list of organizations that can be a Rule 30(b)(6)
19    deponent to ensure that information can be obtained from an
20    organization, no matter, quote:

21              "-- what abstract fictive is used to describe the
22              organization."

23           While it is true that the term "organization" is
24    often defined in the way the Coalition suggests; that is, an
25    organization that has a legal identity apart from its

1      members, it does not seem so limited.  But even if it is, the

2      word "association" is not.  An "association" is variously

3      defined as, quote, "a gathering of people for a common

4      purpose" or, quote:

5                  "-- an unincorporated business organization that is

6                  not a legal entity separate from the persons who

7                  compose it."

8             And those definitions come from Black's.  This

9      definition precisely describes the Coalition.

10            Further, the Coalition's position on Rule 30(b)(6)

11     is inconsistent with its having responded to interrogatories.

12     Moore's on Federal Practice states that if interrogatories

13     are directed to an individual, the individual must sign them;

14     and if interrogatories are directed to a public or private

15     corporation, a partnership, an association, or a governmental

16     agency, the answers must be signed by an officer or an agent,

17     which can be an outside attorney.

18            As the Coalition points out, it is not an

19     individual.  And so, in responding to interrogatories, it

20     must have been answering as a corporation, partnership, or

21     association.  A review of the Coalition's response to

22     interrogatories shows it was only signed by Brown Rudnick,

23     which must have signed as an agent.  By responding to the

24     interrogatories, the Coalition, therefore, has already waived

25     any argument that it is not subject to a Rule 30(b)(6)

1  deposition.

2  Having said all that, the bottom line for me is
3  really one of fairness and, in this sense, first principles.
4  The Coalition has been permitted to take a major role in this
5  bankruptcy case.  The Coalition admits it is a party to these
6  proceedings, but it seeks to limit the type of discovery that
7  it must respond to.

8  The Coalition points me to no authority that a
9  party can totally avoid a deposition under either or both of
10 Rule 30(b)(1) or (b)(6).  It simply cannot be the case that
11 there is a loophole in the rules, such that a group that
12 chooses to be a party to a contested matter can escape a
13 deposition by arguing it is, neither a natural person, nor an
14 entity.  If there is such a loophole, then perhaps the
15 Coalition and similar ad hoc groups should not be entitled to
16 have a voice in bankruptcy proceedings.  So, for those
17 reasons, I conclude that the Coalition is subject to a Rule
18 30(b)(6) deposition.

19 As was discussed at the hearing, I'll leave it to
20 the parties, now that I have ruled, to meet and confer and --
21 with respect to any issues that may come up with respect to
22 the scope of the topics that have been designated and to see
23 if they can work through any privilege issues as they may
24 arise.

25 UNIDENTIFIED:  Thank you, Your Honor.

1  THE COURT: Are there any questions?
2  UNIDENTIFIED: Thank you, Judge.
3  THE COURT: Okay. That is all I had on my to-do
4  list for today. I believe I have caught up with all of the
5  discovery matters that I had under advisement. I understand
6  a few more have been filed and I'll deal with them.
7  And we are back here next week on --
8  UNIDENTIFIED: Tuesday.
9  THE COURT: -- I'm not sure what matters, but some
10  matters. So I will see you next week.
11  UNIDENTIFIED: Thank you, Your Honor.
12  THE COURT: Thank you.
13  UNIDENTIFIED: Thank you, Your Honor.
14  THE COURT: Everyone have a good weekend.
15  UNIDENTIFIED: You, too.
16  UNIDENTIFIED: You, too. Thank you.
17  THE COURT: We're adjourned.
18  (Proceedings concluded at 11:50 a.m.)
19                              *****

1                        CERTIFICATION

2          I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter to the best of my

5    knowledge and ability.

6

7

8

9

10   _____        December 10, 2021

11   Coleen Rand, AAERT Cert. No. 341

12   Certified Court Transcriptionist

13   For Reliable