Daniel P. Massey
Arizona State Bar No. 006089
THE MASSEY LAW FIRM
14300 N. Northsight Blvd., Suite 121
Scottsdale, Arizona  85260
Tel:  (602) 955-0055
Fax: (602) 955-3161
dan@dmasseylaw.com
*Attorneys for Abuse Survivor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,

                        Debtors.

Chapter 11

Case No. 20-10343 (LSS)

## RULE 2019 STATEMENT

The undersigned attorney, Daniel P. Massey affirms and verifies the following:

    i.     The Massey Law Firm represents Mr. David Macaione (SA-53214) per fee agreement attached hereto.

    ii.    David Macaione

          14450 N. Thompson Peak Parkway, #119

          Scottsdale, AZ 85260

          Claim Number: SA53214

    iii.   Attached hereto is the fee agreement between The Massey Law Firm and David Macaione.

…

…

1

Verified and signed this 10th day December, 2021.

THE MASSEY LAW FIRM, P.C.

DANIEL P. MASSEY, ESQ.
14300 N. Northsight Blvd., Suite 121
Scottsdale, Arizona 85260
dan@dmasseylaw.com
Tel:  (602) 955-0055

2

## AGREEMENT WITH ATTORNEY FOR CONTINGENT FEE

**AGREEMENT** made this 2nd day of ~~September~~ October, 2020, by David Macalone ("Client") and **MASSEY LAW FIRM, P.C.**, Attorneys at Law ("Attorney"), as follows:

Client may have a claim (the "Claim" or "This Matter") arising from a claim against BSA and has agreed to employ Attorney and others working at Attorney's direction, to investigate, prosecute and collect on Client's claim, or other settlement or compromise; and

Attorney has consented to accept said employment;

**THEREFORE**, the parties agree:

**FEES:** Client agrees to pay Attorney one-third of any sums collected or recovered by reason of a negotiated settlement, award or verdict. Attorney's fees shall be based upon the gross judgment or settlement prior to the payment of Client's unpaid necessary costs and expenses.

**COOPERATION:** Client agrees to keep Attorney advised of their whereabouts to assist and cooperate in the preparation and trial of the case, and to appear for depositions and court appearances. Failure to cooperate will be grounds for withdrawal by Attorney and may result in court-imposed sanctions which may include dismissal of the Client's claim.

**AUTHORIZATION TO ACT:** Client authorizes Attorney to act on behalf of Client and to bind Client in all matters relating to the Claim. Attorney agrees not to settle the Claim without Client's consent.

**APPEAL:** If any proceedings are required after the first trial, such as the granting of a new trial or an appeal to an Appellate Court, Client agree that this Agreement shall be revised to reflect an increased fee.

**APPEAL FROM ARBITRATION:** If this matter is arbitrated and appealed under Rule 76, Arizona Rules of Civil Procedure, or should reasonable Attorney's fees for any other purpose become subject to judicial determination, the parties agree that the Client shall pay to Attorney as Attorney's fees either the contingent fee described herein or the sum of $300.00 per hour, whichever is higher, and the parties agree that said sum is reasonable.

**COSTS:** All ~~necessary~~ [ACTUAL, REASONABLE + VERIFIABLE] costs and expenses incurred shall be the responsibility of Client. Costs may include fees for investigation, depositions, faxes, medical records and reports, expert witnesses, consultations, charges for long distance calls, photocopying, file set-up cost, travel and all other costs directly related to Client's claim. These costs are in addition to Attorney's fees and shall be deducted from Client's portion of any settlement. It is Client's responsibility to pay these costs as they accrue, however Attorney may advance these costs, but upon conclusion of the matter, regardless of the outcome, or in the event Attorney's services are terminated, Client shall be responsible to reimburse all costs advanced.

**USE OF INDEPENDENT CONTRACTORS:** Client agrees that the attorney may utilize the services of independent contractors such as paralegals, physicians, attorneys, nurse consultants, or investigators to assist attorney in the pursuit of Client's claim or cause of action. Payment for the services for these individuals will be charged against Client's claim or cause of action as a cost.

CONTINGENCY FEE AGREEMENT
Page 2

**LIEN:** Client gives Attorney a lien on Client's claim, or on any sum recovered by way of settlement and on any judgment that may be recovered thereon, for Attorney's fees, para-professional fees and costs owing to Attorney. This lien shall also apply in the event Attorney is terminated by Client.

**SETTLEMENT:** All settlement offers received by Attorney shall be presented to Client within five business days. The decision to accept or reject a settlement offer shall be at the Client's sole discretion.

In the event of a settlement or verdict, the apportionment of the settlement proceeds shall be governed by the terms of this Agreement. In the event that the Defendants or their insurers are unwilling to issue separate checks/drafts, Attorney agrees to disburse funds to Client concurrent with the execution of final settlement/release documents and endorsement of the check/draft issued in settlement or satisfaction of judgment.

Despite the aforesaid provisions for fees, it is hereby agreed that if the Attorney obtains an offer of settlement that, in his opinion, is reasonable, and the Client desires not to accept, Client agrees to be responsible for Attorney's fees based on the amount of the offer, regardless of the outcome of the action.

If Client elects to settle the case with a structured settlement, it is agreed as follows:

1.    The Attorney's fees shall be calculated based upon the total of all initial lump sum payments and the actual cost of the structured payments, if disclosed by the defendants. In the event the cost of the structured payments is not disclosed, the Attorney's fees shall be the agreed upon percentage of the total of any initial lump sum payment plus the present day value of the structure, as determined by an economist mutually selected by Client and Attorneys.

2.    Attorney's fees and outstanding costs shall be paid in full from the initial lump sum payment if possible, with the balance of any such fees placed in a structured settlement for the benefit of Attorneys.

**NO PROMISES:** Attorney has made no guarantees regarding the outcome of Client's case, nor can any guarantee be made.

**TERMINATION/WITHDRAWAL:**   Client may, at any time, upon written notice, terminate the services of the Attorney. In the event of such a termination, Client must pay the Attorney a reasonable sum as Attorney's fees for the services rendered by the Attorney, together with any costs or expenses incurred by the Attorney. Reasonable Attorney's fees, under such circumstances, shall be either one-third of the largest settlement offer obtained from any opposing party or an hourly fee at $300.00 per hour for all services rendered, whichever is greater as of the date of termination, payable at the time of termination. Client agree that if the services of the Attorney are terminated and Client pursues the claim, with or without representation, Attorney shall have a lien against any settlement or verdict obtained by or on behalf of Client to secure payment of all reasonable Attorney's fees and costs owed to the Attorney.

**CONTINGENCY FEE AGREEMENT**

Page 3

Client understands that if during the case, Attorney determines that the case does not merit further prosecution, Attorney may, after due notice to the Client, withdraw. Such notice shall be deemed sufficient if written notice is sent to the Client's last known address.

**ARBITRATION:** Any dispute relating to the validity, enforceability, interpretation or performance of this Agreement, or the fee charged or the work performed hereunder, shall be submitted to binding arbitration pursuant to the Rules of the American Arbitration Association and governed by the laws of the State of Arizona.

**USE OF EMAILS:** Client understands that communications between Client and Attorney and their staff will be exchanged via mail, text messaging, facsimile or e-mail. Client further understands that the exchange of e-mails, attachments and text messages and their storage in various off-site servers such as AOL, Google, etc. (known as Cloud storage) may not provide for absolute confidentiality of documents or correspondences sent between Client and Attorney. Client agrees to the use of these means of communication and understands that Massey Law Firm cannot guarantee nor protect communications or document confidentiality while exchanging documents via e-mail or text messaging.

**USE OF SOCIAL MEDIA:** Client understands that the use of social media is not confidential. Client agrees to not disclose details of this case or facts surrounding the case or any communications with counsel via social media without written approval from Attorney.

**FILE RETENTION POLICY:** At the conclusion of our representation, Client agrees that the file may be destroyed in accordance with our document retention policy. Currently, it is our policy to destroy files five years after the termination of the representation.

**ENTIRE AGREEMENT:** This Agreement contains the entire agreement between Client and Attorney.

**BINDING DOCUMENT:** Client acknowledges having read and understood the terms of this agreement and further acknowledges receiving a copy of the executed contract.

IN WITNESS WHEREOF, we have signed our names the date and year first above written.

Dated: _10/2/2020_ , 2020 _____

Client:

Address

David Macaione
14450 N. Thompson Peak Parkway
Suite 119
Scottsdale, AZ 85260

**CONTINGENCY FEE AGREEMENT**

Page 4

Attorney hereby agrees to be so retained by Client.

Dated: _10/2_____, 2020

Daniel P. Massey
Massey Law Firm, P.C.
14300 N. Northsight Blvd. Suite 121
Scottsdale, Arizona 85260
Telephone:   (602) 955-0055
Facsimile: (602) 955-3161