**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**December 27, 2021 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF EIGHTEENTH MONTHLY APPLICATION OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2021 TO AND INCLUDING AUGUST 31, 2021**

| | |
|---|---|
| Name of Applicant: | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | February 18, 2020 |
| Period for Which Compensation and Reimbursement Are Requested: | August 1, 2021 – August 31, 2021 |
| Amount of Compensation Requested: | $112,688.40 (80% of $140,860.50) [2] |
| Amount of Compensation Requested from Insurers: | $2,921.00 |
| Amount of Compensation Requested for Immigration matters | $0.00 |

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  The amount of compensation and fees requested does not include fees and expenses to be paid directly to Ogletree Deakins by one or more insurance carriers in certain non-abuse claims or cases. While Ogletree Deakins reserves the right to seek future payment from the Debtors for such claims and cases, at this time Ogletree Deakins is not seeking payment from the Debtors on these claims and cases. The Debtors anticipate expanding the scope of Ogletree's representation to include the flat-fee immigration work.  Ogletree is not seeking payment of the flat fee work for immigration matters in this fee application (including the $722.23 in expenses associated with the immigration work).  Ogletree reserves the right to seek payment of the flat fee work

Amount of Expenses Incurred for Immigra-     $722.23
tion Matters:

Amount of Expense Reimbursement Re-          $565.22
quested:

Amount of Expense Reimbursement Re-          $0.00
quested from Insurers:

This is a(n):   monthly    __x__   interim _____   final application _____

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses[3] |
|---|---|---|---|
| 4/29/20; D.I. 512 | 2/18/20 -3/31/20 | $393,030.80/$1,923.42 | $387,179.80/$1,923.42 |
| 5/28/20; D.I. 717 | 4/12020 -4/30/20 | $146,042.10/$128.96 | $140,191.10/$128.96 |
| 6/18/20; D.I. 867 | 5/1/20-5/31/20 | $128,646.50/$128.96 | $122,795.50/$627.81 |
| 7/22/20; D.I. 1037 | 6/1/20-6/30/20 | $133,225.40/$81.19 | $127,374.40/$81.91 |
| 8/21/20; D.I. 1137 | 7/1/20-7/31/20 | $136,930.85/$81.19 | $131,079.85/$81.91 |
| 10/1/20; D.I. 1392 | 8/1/20-8/31/20 | $129,960.70/$100.31 | $127,488.52/$100.31 |
| 11/3/20; D.I. 1625 | 9/1/20-9/30/20 | $109,548.70/$81.19 | $107,071.54/$81.91 |
| 12/3/20; D.I. 1781 | 10/1/20-10/31/20 | $135,773.15/$81.19 | $133,295.99/$81.91 |
| 1/14/21; D.I. 1947 | 11/1/20-11/2/20 | $148,984.60/$28,415.43 | $119,187.68/$28,415.43 |
| 2/17/21; D.I. 2236 | 12/1/20-12/31/20 | $163,709.55/$81.19 | $130,967.64/$81.19 |
| 3/15/21; D.I. 2368 | 1/1/21-1/31/21 | $149,323.00/$103.54 | $119,458.40/$10,354.00 |
| 3/17/21; D.I. 2405 | 2/1/21-2/28/21 | $124,866.50/$2,041.19 | $99,893.20/$2,041.19 |
| 5/17/21 D.I. 4262 | 3/1/21-3/31/21 | $145,503.50/$92.43 | $116,402.80/$92.43 |
| 6/30/21 D.I. 5455 | 4/1/21-4/31/21 | $106,048.50/$133.21 | $84,838.80/$133.21 |
| 7/27/21 D.I. 5793 | 5/1/21-5/31/21 | $118,452.50/$89.69 | $94,762.00/$89.69 |
| 11/17/21 D.I. 7299 | 6/1/21-6/30/21 | $149,525.50/8,547.54 | $110,620.40/8,547.54 |
| 12/9/21 D.I. 7650 | 7/1/21-7/31/21 | $152,766.50/$5597.58 | N/A |

---

[3]    Reflects total amount approved following the agreed-to reductions set forth in the Fee Examiner's Final Fee Report.

## COMPENSATION AND HOURS BY PROFESSIONAL[4]
(Abuse Specific Attorneys)

| Name | Position<br>Area of Expertise | Year of Admission<br>/ Years of Experience | Hourly Rate | Total Hours | Total Compensation |
|------|-------------------------------|--------------------------------------------|-------------|-------------|--------------------|
| Bruce Griggs | Shareholder | 1989/32 | $640.00 | 23.6 | $15,104.00 |
| Gavin Martinson | Shareholder | 2005/16 | $440.00 | 5.7 | $2,508.00 |
| Michael McKnight | Shareholder | 2000/21 | $415.00 | 0.3 | $124.50 |
| Lisa Burton | Shareholder | 2017/4 | $645.00 | 1.1 | $709.50 |
| Sean Manning | Of Counsel | 2001/20 | $425.00 | 159.7 | $71,066.50 |
| Russell McNamer | Counsel | 1992/29 | $125.00 | 97.0 | $12,125.00 |
| Patrick J. Maher | Counsel | 1992/29 | $455.00 | 35.9 | $15,078.00 |
| Jasmine M. Harding | Associate | 2016/5 | $410.00 | 3.5 | $1,365.00 |
| Laurielle Howe | Associate | 2018/3 | $315.00 | 0.4 | $126.00 |
| Kelci Davis | Paralegal | N/A | $190.00 | 97.5 | 18,525.00 |
| Katie Murray | Paralegal | N/A | $150.00 | 27.2 | 4,080.00 |
| Karen Kowing | Other | N/A | $245.00 | .2 | $49.00 |
| | | | | | |
| **Total** | | | | **452.1** | **$140,860.50** |

---

[4]   Effective January 1, 2021, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. has implemented firm-wide rate increases. These rate increases are consistent with the Engagement Letter, which provides that the rates included therein are adjusted from time to time.

## COMPENSATION AND EXPENSES BY PROJECT CATEGORY

| Task Description | Total Hours | Total Compensation |
|---|---|---|
| Litigation/Claims | 428.9 | $134,619.50 |
| Retention Issues | 23.2 | $6,241.00 |
| **TOTAL** | **452.1** | **$ 140,860.50** |

## EXPENSES BY CATEGORY

| Category | Amount |
|---|---|
| Legal Support Services | $ 538.50 |
| Court Fees | $ 26.72 |
| Other (Immigration related) | $ 722.23 |
| **Grand Total** | **$ 1,287.45** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**December 27, 2021 at 4:00 p.m. (ET)** |

**EIGHTEENTH MONTHLY APPLICATION OF OGLETREE,**
**DEAKINS, NASH, SMOAK & STEWART, P.C. FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM AUGUST 1, 2021 TO AND INCLUDING AUGUST 31, 2021**

Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), special litigation

counsel for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that

are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11

cases, hereby submits this Eighteenth monthly application (this "Application") requesting payment

in the aggregate amount of $113,975.85 which is equal to (a) 80% of the $140,860.50 of total

compensation earned by Ogletree Deakins for its services to the Debtors during the period from

August 1, 2021 to and including August 31, 2021 (the "Fee Period") and (b) 100% of the $1,287.45

of necessary expenses incurred by Ogletree Deakins during the Fee Period in connection with its

services to the Debtors.[2]  In support of this Application, Ogletree Deakins respectfully represents

as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The amount of compensation and fees requested does not include fees and expenses to be paid directly to Ogletree Deakins by one or more insurance carriers in certain non-abuse claims or cases.  While Ogletree Deakins reserves the right to seek future payment from the Debtors for such claims and cases, at this time Ogletree Deakins is not seeking payment from the Debtors on these claims and cases. The amount requested includes certain fixed fee work for immigration matters.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February 29,

2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2).  Venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and other bases for the relief requested herein are sections 330 and

331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy

Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule

2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures*

*for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and*

*(B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief*

[Docket No. 341] (the "Compensation Procedures Order").

## BACKGROUND

3.     On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue

to operate and maintain their non-profit organization and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 19, 2020,

the Court entered an order [Docket No. 61] authorizing the joint administration and procedural

consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.     The Debtors retained Ogletree Deakins as their special litigation counsel, *nunc pro*

*tunc* to the Petition Date, pursuant to the *Order Authorizing the Retention and Employment of*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C. as Special Litigation Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 364] (the "Retention Order").  The Retention Order authorizes the Debtors to compensate and reimburse Ogletree Deakins in accordance with the terms and conditions set forth in the Debtors' application to retain Ogletree Deakins, subject to Ogletree Deakins' application to the Court.

5.      On April 6, 2020, the Court entered the Compensation Procedures Order. The Compensation Procedures Order provides, among other things, that each professional shall be entitled, on or as soon as practicable after the fifteenth (15th) day of each month following the month for which compensation and/or expense reimbursement is sought, to file and serve an application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application").  Parties shall have fourteen (14) days after service of a Monthly Fee Application to file an objection to the compensation or expenses that are the subject thereof (the "Objection Deadline").  Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application.  After the filing of a CNO, the Debtors are authorized and directed to pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

### RELIEF REQUESTED

6.      By this Application, in accordance with the Compensation Procedures Order, Ogletree Deakins requests payment in the aggregate amount of $113,975.85, which is equal to (a) 80% of the $140,860.50 of total compensation earned by Ogletree Deakins during the Fee

Period for its services to the Debtors and (b) 100% of the $1,287.45 of necessary expenses incurred by Ogletree Deakins during the Fee Period in connection with its services to the Debtors.

## SUMMARY OF SERVICES RENDERED

7.       Attached hereto as **Exhibit A** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 1 tasks (Litigation/Claims).  Attached hereto as **Exhibit B** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 2 tasks (Retention Issues). Attached hereto as **Exhibit C** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 5 tasks (Non-Abuse Claim Litigation/Immigration). All services for which Ogletree Deakins is requesting compensation were performed for or on behalf of the Debtors.  The services rendered by Ogletree Deakins during the Fee Period are categorized as set forth in **Exhibit A** and in the summary cover sheets prefixed to this Application.  The professionals who provided services to the Debtors during the Fee Period are also identified in **Exhibit A** and in the summary cover sheets.

## ACTUAL AND NECESSARY EXPENSES

8.       Ogletree Deakins also incurred certain necessary expenses during the Fee Period for which it is entitled to reimbursement under the terms of its retention.  As set forth in greater detail in the detailed statements attached hereto as **Exhibits A, B** and **C** and the expense summary attached hereto as **Exhibit D**, Ogletree Deakins' total expenses incurred during the Fee Period are $1,287.45.

## VALUATION OF SERVICES

9.       The hourly rates reflected on **Exhibit A** are Ogletree Deakins' customary hourly rates for work of this character.  The reasonable value of the services rendered by Ogletree Deakins for the Fee Period as to the Debtors in these chapter 11 cases is $140,860.50

10.    In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in light of factors including, among other things, (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

11.    Although Ogletree Deakins has made every effort to include all fees and expenses incurred during the Fee Period in this Application, some fees and expenses might have been omitted from this Application due to delays caused by accounting and processing during the Fee Period.  Ogletree Deakins reserves the right to submit further applications to the Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

## CERTIFICATION OF COMPLIANCE

12.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Ogletree Deakins requests payment in the aggregate amount of (a) $112,688.40, which is equal to 80% of the $140,860.50 of total compensation earned by Ogletree Deakins during the Fee Period for its services to the Debtors, and (b) 100% of the $1,287.45 of necessary expenses incurred by Ogletree Deakins during the Fee Period in connection with its services to the Debtors, for a total interim award of $113,975.85.

Dated: December 10, 2021        **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
       Austin, Texas

                                        */s/ Bruce A. Griggs*
                                        Bruce A. Griggs
                                        Shareholder
                                        301 Congress Avenue, Suite 1150
                                        Austin, Texas 78701
                                        Phone: (512) 344-4700
                                        Email: bruce.griggs@ogletreedeakins.com

                                        SPECIAL LITIGATION COUNSEL TO THE
                                        DEBTORS AND DEBTORS IN POSSESSION