# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 6644** |

**ORDER SUSTAINING DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) NO LIABILITY CLAIMS, AND (III) REDUCE AND ALLOW CLAIMS (NON-ABUSE CLAIMS)**

Upon the *Debtors' Fifth Omnibus (Substantive) Objection to Certain (I) Substantive Duplicate Claims, (II) No Liability Claims, and (III) Reduce and Allow Claims (Non-Abuse Claims)* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, pursuant sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Phillips Declaration and found and determined that the relief sought in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

1

Objection is in the best interests of the Debtors, the Debtors' estates and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. Each Substantive Duplicate Claim listed in the column titled "Substantive Duplicate Claims to be Disallowed" identified on **Schedule 1** hereto is disallowed and expunged in its entirety. The Duplicate Claim listed in the column titled "Remaining Claim" identified on **Schedule 1** hereto shall remain on the claims register, subject to the Debtors' further objections on any substantive or non-substantive grounds and further order of the Court.

4. Each No Liability Claim identified on **Schedule 2** hereto is disallowed and expunged in its entirety.

5. Each Reduce and Allow Claim identified on **Schedule 3** hereto is reduced as set forth on **Schedule 3** under the column titled "Modified."

6. The objection by the Debtors to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Disputed Claim.

7. Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the

contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

8. The Debtors and Omni are authorized to modify the official claims register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

9. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10. Nothing in this Order, the Objection or the Phillips Declaration shall be deemed or construed: (a) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (b) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (c) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (d) as an admission that any obligation is entitled to administrative priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

11. This Order is immediately effective and enforceable.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: December 13th, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**