# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 2392** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND QUARTERLY FEE APPLICATION OF WHITE & CASE LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Second Interim Application of White & Case LLP, as Attorneys for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 to and including January 31, 2021* [Docket No. 2392] (the "Second Quarterly Fee Application") filed by White & Case LLP (the "Firm").

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Second Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Second Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $4,557,202.50 as actual, reasonable and necessary fees and for expense reimbursement of $3,280.13.

4. The Firm states that it voluntarily reduced its fee request by $208,119.00 during the Firm's second quarterly fee period. These reductions were applied prior to the filing of the Firm's fee applications and without including the fees and expenses being waived, however, so Rucki Fee Review cannot independently verify this reduction amount.

5. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the conclusion of the Firm's second quarterly fee period the Firm has charged approximately $87,755.50 for fees billed related to the Firm's fee applications and the fee applications of other debtor professionals (some of which it reviewed or otherwise assisted with prior to filing), including $84,569.50 not previously considered by the Bankruptcy Court on an interim basis.  This amounts to approximately 1.7% of the Firm's total cumulative fees through the conclusion of the Firm's second quarterly fee period, by which time the Firm had filed its first quarterly fee application and first two monthly fee applications (with the third monthly fee application filed shortly thereafter, nine days after the conclusion of the Firm's second quarterly fee period).  Notwithstanding that these fees are less than 7% of total cumulative fees to date and thus not presumptively unreasonable, Rucki Fee Review still requested a fee reduction on account of certain of these fees, and the Firm agreed to a fee reduction of $4,387.77 in compromise of Rucki Fee Review's request.

6. Rucki Fee Review considers the staffing breakdown during the second quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate.  The Firm's blended hourly rate of $928.68 (which is decreased from $998.55 during the Firm's first quarterly fee period, owing to the utilization

of more junior personnel including a paraprofessional after choosing not to bill paraprofessional time during the Firm's first quarterly fee period) is equivalent to a senior associate or counsel at the Firm's current hourly rates (depending on practice group). Rucki Fee Review also notes that the Firm previously agreed that, subject to customary periodic adjustments, the billing rates of its personnel would not exceed the rates of such attorneys who were previously at the Firm's predecessor as restructuring counsel to the debtors, Sidley Austin LLP ("Sidley Austin"). The Firm's current hourly rates were subject to an annual periodic adjustment effective January 1, 2021, but the Firm states in the Second Quarterly Fee Application that following this increase it has limited the rates of professionals formerly at Sidley Austin to the lower of the rates for what it considers professionals of comparable seniority remaining at Sidley Austin or the current billing rates of these professionals at the Firm. Based on its review, Rucki Fee Review considers the Firm's current billing rates to be reasonable.

7. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 36[2] professionals or paraprofessionals to perform its work during the second quarterly fee period (increased from 13 during the Firm's first quarterly fee period, which was a partial period), four of whom billed fewer than 15 hours during the second quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons to be reasonable, necessary and appropriate other than to request the waiver of the 5.3 hours and $3,153.50

---

[2] This number was inadvertently stated as 37 in the Second Quarterly Fee Application.

in fees billed by one professional, which the Firm agreed to in compromise of Rucki Fee Review's request.

8. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for the Firm, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm exceeded its budget for the Firm's second quarterly fee period by $7,202.50, but the Firm is under budget after accounting for the fee reductions requested by, and agreed to with, Rucki Fee Review. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals, including its predecessor as restructuring counsel to the debtors, Sidley Austin.

9. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

10. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $25,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

11. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers administrative in nature, and the Firm agreed to a fee reduction of $6,721.50 on account of these fees in compromise of Rucki Fee Review's request.

12. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $23,596.00 on

account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

13. Rucki Fee Review requested the Firm waive certain of the Firm's fees for hearing attendance relating to one hearing in these chapter 11 cases. After discussion with the Firm, the Firm has agreed to a reduction of $6,721.43 on account of these fees in compromise of Rucki Fee Review's request.

14. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $25,763.50 on account of these entries in compromise of Rucki Fee Review's request.

15. Rucki Fee Review notes that the Firm has charged approximately $158,705.50 in fees relating to the defense of the Firm's retention application before the Bankruptcy Court and on appeal during the Firm's second quarterly fee period.[3] Rucki Fee Review believes these fees are compensable under applicable law, both generally and as it understands the Bankruptcy Court's opinion in *Imerys Talc* issued on November 20, 2020. But Rucki Fee Review notes these fees for the Bankruptcy Court so it may independently evaluate these fees in accordance with its ruling in *Imerys Talc*.

---

[3] Due to matters such as hearing attendance and time spent preparing for hearing, the exact amount of these fees cannot be ascertained given the Firm's retention was not the only matter on the Bankruptcy Court's agenda on November 18, 2020.

16. Rucki Fee Review has identified certain entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no fee reduction is necessary on account of these entries.

17. With respect to the Firm's expense reimbursement, at Rucki Fee Review's request the Firm agreed to reduce its requested expense reimbursement by $2,463.88 on account of certain duplication charges that were inadvertently charged at $0.14 per page rather than the $0.10 per page limitation of the Local Rules for non-color copies, as well as on account of the Firm's document processing charges. Rucki Fee Review considers the balance of the Firm's expense reimbursement request to be reasonable, necessary and appropriate for reimbursement.

18. After accounting for the agreed fee reductions of $95,343.70 and expense reductions of $2,463.88 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Second Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

19. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $4,461,858.80 with respect to fees and the reimbursement of expenses in the amount of $816.25, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Second Quarterly Fee Application.

Case 20-10343-LSS    Doc 7712    Filed 12/13/21    Page 9 of 9

Dated: December 13, 2021                    Respectfully submitted,
Wilmington, Delaware
                                            **RUCKI FEE REVIEW, LLC**
                                            **FEE EXAMINER**

                                            By: */s/ Justin H. Rucki*
                                                Justin H. Rucki
                                                President of Rucki Fee Review, LLC