# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2378** |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND QUARTERLY FEE APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Second Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP, as Special Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2020, Through January 31, 2021* (the "Second Quarterly Fee Application") [Docket No. 2378] filed by Quinn Emanuel Urquhart & Sullivan, LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Second Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the period set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Second Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of October 1, 2020 through January 31, 2021, as set forth in the Second Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $3,195,584.42 as actual, reasonable and necessary fees and for expense reimbursement of $57,049.58.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review

generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the Firm's second quarterly fee period the Firm has charged approximately $41,049.15 for fees billed related to the Firm's fee applications on a cumulative basis, (net of certain fees waived by the Firm at Rucki Fee Review's request during the Firm's first quarterly fee period). On a cumulative basis this amounts to approximately 1% of the Firm's cumulative fees to date, and includes approximately $37,444.15 in fees not previously considered by the Bankruptcy Court on an interim basis. Rucki Fee Review notes that prior to the conclusion of the Firm's second quarterly fee period, the Firm had filed three monthly fee applications and one quarterly fee application. Subject to the agreed reductions set forth herein, Rucki Fee Review does not consider this amount objectionable, but will re-evaluate these fees and other time incurred on fee issues on a cumulative basis in future quarterly periods.

5. Rucki Fee Review considers the staffing breakdown during the second quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $789.15 (roughly the same as $771.85 during the Firm's first quarterly fee period). This is equivalent to a senior mid-level associate at the Firm's current hourly rates, which rates were subject to a periodic increase in January and which increased rates Rucki Fee Review considers reasonable. Rucki Fee Review notes that the Firm's rates also reflect a discount provided to the debtors, in continuation of a prepetition arrangement, of 15% relative to

standard partner rates and 10% relative to standard counsel and associate rates, which are reflected in the foregoing rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 20 professionals or paraprofessionals to perform its work during the Firm's second quarterly fee period (increased from 18 during the Firm's first quarterly fee period), five of whom billed fewer than 15 hours during the second quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these five persons to be appropriate other than to request the waiver of the 0.2 hours and $73.00 in fees billed by one of these persons, which the Firm agreed to waive in compromise of Rucki Fee Review's request.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did not prepare a prospective budget and staffing plan, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter, but Rucki Fee Review appreciates the Firm began its work in these chapter 11 cases as an ordinary course professional that is not subject to this requirement before it became formally retained, and that Rucki Fee Review and the Firm did not discuss this requirement until the end of the Firm's second quarterly fee period. As discussed at that time, Rucki Fee Review has requested the Firm comply with the practice of preparing budget and staffing plans going forward in these chapter 11 cases (*i.e.*, for the Firm's third quarterly fee period and future periods). Subject to the agreed reductions set forth herein,

Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries.  Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice.  After conferral with the Firm, the Firm has agreed to a reduction of $5,000.00 on account of these entries in compromise of Rucki Fee Review's request.  For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed *(i.e.*, drafting, reviewing, conferencing, etc.).  Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event.

Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $2,559.27 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no fee reduction is necessary on account of these entries.

12. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $42,712.50 on account of these entries in compromise of Rucki Fee Review's request.

13. The Office of the United States Trustee takes the position that law clerks not yet admitted to the bar should charge a billable rate lower than attorneys (associates) who have been admitted to the bar of one or more states in the same class, if any. The Firm's billable rate

for Roger Huddle complies with this policy, both before and after the Firm's periodic rate adjustment.

14. With respect to the Firm's expense reimbursement request, Rucki Fee Review was provided LEDES data that was more detailed than the summary of expenses filed with the Firm's monthly fee applications. After review of this data, Rucki Fee Review requested additional information regarding the nature of two charges, but after receipt of this information considers the Firm's requested expenses to be in compliance with the Local Rules and reasonable, necessary and appropriate in the full amount of $57,049.58 sought in the Second Quarterly Fee Application. For future monthly fee applications, Rucki Fee Review has requested the Firm file further itemized expense detail akin to the data provided to Rucki Fee Review for items such as evidence, data filtering, document services and other litigation support services, with redactions where necessary to avoid waiver of any privileged or confidential information.

15. After accounting for the agreed fee reductions of $50,344.77 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Second Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

16. Rucki Fee Review recommends the approval of the Second Quarterly Fee Application in the amount of $3,145,239.65 with respect to fees and the reimbursement of expenses in the amount of $57,049.58, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Second Quarterly Fee Application.

Dated: December 13, 2021  Respectfully submitted,
Wilmington, Delaware

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC