# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

## BUCKFIRE & BUCKFIRE P.C. CLAIMANT J.L. MOTOIN TO MAINTAIN EXHIBIT A TO HIS RULE 2019 STATEMENT UNDER SEAL

Pursuant to Rule 9018-1(b), **BUCKFIRE & BUCKFIRE P.C.** (the "Firm"), whose clients are listed on the redacted version of Exhibit A to the Rule 2019 statement (previously filed in an unredacted form) which is attached hereto as **EXHIBIT 1**. Claimant J.L. hereby submits his request that this honorable court grant his request to maintain Exhibit A attached to his Rule 2019 statement under seal. The Rule 2019 statement was previously filed and is identified as ECF 7658. J.L. Hereby requests that this Honorable Court grant his motion to continue to maintain Exhibit A (ECF 7658) under seal.

1. Claimant J.L. through his counsel hereby seeks to keep Exhibit A to his Rule 2019 statement under seal.

00772028

2. A redacted version of Exhibit A is attached hereto as **Exhibit 1**. Exhibit A contains the name, address and claim number for each claimant represented by Buckfire & Buckfire P.C.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. A Rule 2019 statement is required to be filed with this Court prior to or concurrently with the submission of the Master Ballot to the Solicitation Agent.

5. That the clients' identities will be properly protected by allowing this Exhibit to remain under seal according to the terms of the Bankruptcy proceeding.

Wherefore, it is requested that this honorable court grant this request to maintain Exhibit A to his Rule 2019 statement under seal. A copy of the unredacted Exhibit A has been mailed to the Court pursuant to Rule 9018-1(b) marked "DOCUMENTS TO BE KEPT UNDER SEAL".

00772028

Respectfully submitted,

/s/ Robert J. Lantzy

ROBERT J. LANTZY P57013
Attorney for Claimants
29000 Inkster Road, Ste. 150
Southfield, MI  48034
(248) 569-4646
robert@buckfirelaw.com

Dated: December 9, 2021

00772028

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**BUCKFIRE & BUCKFIRE P.C. BRIEF IN SUPPORT OF CLAIMANTS MOTOIN TO FILE EXHIBIT A TO THEIR RULE 2019 STATEMENT UNDER SEAL**

This filing relates to claims of sexual abuse in which claimants assert that they were the victim of sexual abuse and harassment. The claimants have asserted claims under pseudonyms to protect them from suffering further embarrassment, mortification and humiliation. Plaintiff's counsel has identified personal identifying information of claimant J.L. in an unredacted version (Exhibit A) with his 2019 Statement.

Inherit in the power of courts is the power to seal records. As held in Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir., 1980):
It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession. [FN1] See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570

---

00772028

(1978); Nixon v. Sirica, 159 U.S.App.D.C. 58, 79, 487 F.2d 700, 721 (D.C.Cir.1973). See also Birnbaum v. Wilcox-Gay Corp., 17 F.R.D. 133, 139 (D.C.Ill.1953). In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); In re Sarkar, 575 F.2d 870, 872 (Cust. & Pat.App.1978). FN1. There are no statutes or rules that would seem to limit or preclude the exercise of this power. Federal courts are exempt from the Freedom of Information Act. See 5 U.S.C. s 551(1)(B). 28 U.S.C. s 753(b), which provides for recordation of proceedings, applies only to district courts. The same is true of Fed.R.Civ.P. 43(a) and 77(b). We express no opinion on the question whether Congress could limit this power.  See also In re Knoxville News-Sentinel Co., 723 F.2d 470, 473-74 (6th Cir. 1983).

Claimants, through their counsel respectfully state that good cause exists to allow claimants to maintain the unredacted Exhibit A under seal.  The privacy of claimants in cases involving allegations of sexual abuse warrants the requested relief.  There is no public interest to be served by having the claimant's names identified in this proceeding. There is no less restrictive way of protecting the claimant's identities, because any other means would necessarily disclose their identities to the public.

The parties' interests will be fully protected. This claimant respectfully requests that this Court protect his privacy by granting this motion to allow the aforementioned Exhibit A to the Rule 2019 filing to remain under seal.

Wherefore, it is requested that this honorable court grant this request to maintain Exhibit A to its Rule 2019 statements under seal. A copy of the unredacted Exhibit A has been mailed to the Court pursuant to Rule 9018-1(b) marked "DOCUMENTS TO BE KEPT UNDER SEAL".

Respectfully submitted,

/s/ Robert J. Lantzy

ROBERT J. LANTZY P57013
Attorney for Claimants
29000 Inkster Road, Ste. 150
Southfield, MI  48034
(248) 569-4646
robert@buckfirelaw.com

Dated: December 13, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the United States Bankruptcy Court for the District of Delaware on December 13, 2021, using the Court's CM/ECF System, which served notice of the filing upon all counsel of record.

/s/ Robert J. Lantzy
Robert J. Lantzy

00772028