# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered <br><br> **Ref. Docket No. 2474** |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION OF MORRIS, NICHOLS ARSHT & TUNNELL LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fourth Interim Fee Application of Morris, Nichols, Arsht & Tunnell LLP, as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession, for Allowance of Monthly Compensation and for Monthly Reimbursement of All Actual and Necessary Expenses Incurred for the Period November 1, 2020 through January 31, 2021* [Docket No. 2474] (the "Fourth Quarterly Fee Application") filed by Morris, Nichols, Arsht & Tunnell LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $126,006.00 as actual, reasonable and necessary fees and for expense reimbursement of $2,019.91.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals'

fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the fourth quarterly fee period the Firm has charged approximately $131,989.50 for fees billed related to the Firm's fee applications and the fee applications of other debtor professionals on a cumulative basis. This includes approximately $37,539.00 not previously considered by the Bankruptcy Court on an interim basis. This cumulative total amounts to approximately 11.2% of cumulative total fees, but subject to the agreed reductions set forth herein Rucki Fee Review still considers theses fees to be reasonable, necessary and appropriate. Only slightly more than 25% of these fees are for the Firm's fee applications, and the Firm necessarily must file the fee applications and related items (such as CNOs and COCs) of the other debtor professionals, which account for a greater percentage of the Firm's work given its limited role in these chapter 11 cases as Delaware counsel and the number of debtor professionals in these large and complex cases.

5. Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $499.43 (slightly decreased from $587.55 during the first quarterly fee period, $522.38 during the second quarterly fee period and $528.99 during the third quarterly fee period), which is equivalent to a junior associate at the Firm's current hourly rates. These rates were

periodically increased in January, which increased rates Rucki Fee Review considers reasonable.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized eleven professionals or paraprofessionals to perform its work during the fourth quarterly fee period, six of whom billed fewer than 15 hours during the fourth quarterly fee period. This is a decrease from 23 during the first quarterly fee period, 16 during the second quarterly fee period and 15 during the third quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective staffing plan for the fourth quarterly fee period and the Firm's core team generally comported with this staffing plan, but the Firm did not prepare a prospective formal budget, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. Rucki Fee Review has requested the Firm prepare a budget as contemplated by Attorney Large Case Guidelines for future periods, and the Firm has agreed to do so. Subject to the agreed fee reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals to date.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a *de minimis* amount of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. No reduction is recommended on account of these entries. For future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers administrative in nature, and the Firm agreed to a fee reduction of $347.00 on account of these fees in compromise of Rucki Fee Review's request.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $155.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review has identified one entry in the amount of $160.50 that it appears was inadvertently billed to these chapter 11 cases in error, and the Firm has agreed to waive these fees.

13. With respect to the Firm's expense reimbursement requests, Rucki Fee Review considers the Firm's expenses to be compliant with the Local Rules and reasonable, necessary and appropriate in the amount of $2,019.91 as sought in the Fourth Quarterly Fee Application.

14. After accounting for the agreed fee reductions of $663.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

**CONCLUSION**

15. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application in the amount of $125,343.00 with respect to fees and the reimbursement of expenses in the amount of $2,019.91, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application.

Dated: December 13, 2021
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC