# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2379** |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION OF BATES WHITE, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fourth Interim Fee Application Request of Bates White, LLC, as Abuse Claims Consultant and Advisor for the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 to and including January 31, 2021* [Docket No. 2379] (the "Fourth Quarterly Fee Application") filed by Bates White, LLC (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $2,034,723.00 as actual, reasonable and necessary fees and for expense reimbursement of $1,590.00.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the fourth quarterly fee period Rucki Fee Review calculates the Firm has

charged approximately $54,580.00 for fees billed related to the Firm's fee applications on a cumulative basis, net of $2,493.00 in fee reductions in this category previously requested by Rucki Fee Review in connection with prior quarterly fee periods and agreed to by the Firm in compromise of Rucki Fee Review's request.[2] This amounts to approximately 2.0% of the Firm's total fees, and includes $22,848.00 in fees not previously considered by the Bankruptcy Court on an interim basis. Subject to the agreed reductions set forth herein, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by partners, managers and consultants, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $301.58, which is slightly below a Consultant I's rate (the Firm's second lowest personnel tier) at the Firm's current hourly rates, which rates were periodically increased in January 2021 and which increased rates Rucki Fee Review considers reasonable. This blended rate is reduced from $453.34 for the first quarterly fee period, $503.23 for the second quarterly fee period and $413.25 during the third quarterly fee period, as more junior personnel were utilized as the Firm's claim processing work increased as a result of the bar date in these chapter 11 cases.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 20 professionals to perform its work during the fourth quarterly fee period (up from six during the first quarterly fee period, four during the second quarterly fee period and ten during the third quarterly fee period). Rucki Fee Review gives additional scrutiny to time entries of

---

[2] This number is lower than that reflected in the Firm's "Fee Request Preparation" billing category to date because that category also included most, but not all, of the Firm's work on its retention application in prior quarterly fee periods.

those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but here none billed fewer than 15 hours. Subject to the agreed reductions set forth herein, Rucki Fee Review also considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals on an overall basis.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $6,000.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed *(i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as

attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $745.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers non-compensable administrative activity, and the Firm agreed to a fee reduction in the amount of $2,202.00 in compromise of Rucki Fee Review's request with respect to these fees.

11. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $25,700.50 on account of these entries in compromise of Rucki Fee Review's request.

12. With respect to the Firm's expense reimbursement request, the Fourth Quarterly Fee Application seeks expense reimbursement of $1,590.00, all of which is for "legal support services" billed at $530.00 per month that were not billed in prior fee periods. After conferral with the Firm, Rucki Fee Review understands these charges represent monthly data hosting charges and it considers these expenses to be reasonable, necessary and appropriate for reimbursement in the full amount of $1,590.00 sought in the Fourth Quarterly Fee Application.

13. After accounting for the agreed fee reductions of $34,647.50 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

14. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application in the amount of $2,000,075.50 with respect to fees and the reimbursement of expenses in the amount of $1,590.00, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application.

Dated: December 13, 2021
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC