**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2451** |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION OF HAYNES AND BOONE, LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fourth Interim Fee Application of Haynes and Boone, LLP, as Special Insurance Counsel for the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 to and including January 31, 2021* [Docket No. 2451] (the "Fourth Quarterly Fee Application") filed by Haynes and Boone, LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,048,332.00 as actual, reasonable and necessary fees and for expense reimbursement of $442.20.

4. The Firm voluntarily reduced its requested fees by $11,270.00 during the fourth quarterly fee period, which consisted of a $10,000.00 reduction from the Firm's combined December/January monthly fee application, with the remainder waived in the Fourth Quarterly Fee Application. Together these reductions equal the voluntary reduction agreed

to with Rucki Fee Review in connection with the Firm's third quarterly fee application, but Rucki Fee Review has worked to have this reduction accounted for in the omnibus fee order for the third quarterly fee period (which as of the date hereof has yet to be entered). Significantly, the fee detail contained in the Firm's fee application still contained the support for these $11,270.00 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoice attached to the Firm's fee application). Accordingly, Rucki Fee Review will credit this $11,270.00 in fee reductions against the reductions agreed to with the Firm herein in connection with the Fourth Quarterly Fee Application to ensure the Firm is not penalized twice on account of the agreed fee reductions for the third quarterly fee period.

5. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the fourth quarterly fee period the Firm has charged approximately $87,465.00 (including $34,696.50 in invoiced fees not previously considered by the bankruptcy court on an interim basis) for fees billed related to the Firm's fee applications on a cumulative basis. This amounts to approximately 3.6% of total fees. Although these fees do not exceed 7% and thus are not presumptively unreasonable, Rucki Fee Review still requested a reduction on account of certain of these fees and the Firm agreed to a fee

reduction of $3,469.65 in compromise of Rucki Fee Review's request with respect to this work.

6. Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $696.60 ($689.19 after giving effect to the Firm's voluntary reductions). This is similar to the Firm's blended rate of $673.50 during the third quarterly fee period, which is equivalent to a senior associate at the Firm's current hourly rates.

7. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized twelve professionals or paraprofessionals to perform its work during the fourth quarterly fee period (increased from nine during the first and third quarterly fee periods, and ten during the second quarterly fee period), three of whom billed fewer than 15 hours during the fourth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons to be appropriate, subject to the agreed reductions set forth herein.

8. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for the fourth quarterly fee period, which is a factor Rucki Fee Review considers in

evaluating the staffing and total fees on this matter.[2] The Firm was under its budgeted fees by approximately 20%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

9. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

10. Rucki Fee Review identified a small number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $500.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of

---

[2] In prior quarterly periods, the Firm operated under and filed a budget and staffing plan for these entire chapter 11 cases. At Rucki Fee Review's request the Firm began instead preparing quarterly budgets and staffing plans prior to the fourth quarterly fee period, and filed these with the Fourth Quarterly Fee Application. The budget inadvertently retained the prior footnote indicating the budgeted fees are for the entirety of these chapter 11 cases, however.

entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

11. Administrative tasks that are generally not compensable by a non-chapter 11 client or that are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers non-compensable administrative activity, and the Firm agreed to a fee reduction of $757.00 in compromise of Rucki Fee Review's request with respect to this work.

12. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $4,609.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

13. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $4,129.00 on account of these entries in compromise of Rucki Fee Review's request.

14. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled (and in certain instances, these underbillings and duplicate entries netted each other out, apparently an effort to remedy such duplicate charges). In the aggregate, these entries amounted to slight underbilling, so no reduction is necessary on account of these entries.

15. With respect to the Firm's expense reimbursement request, the Firm has agreed to waive one $141.00 charge at Rucki Fee Review's request, and Rucki Fee Review considers the remainder of the Firm's expense reimbursement request to be compliant with the Local Rules and to be reasonable, necessary and appropriate.

16. As noted above, the Firm voluntarily reduced its requested fees by $11,270.00 during the fourth quarterly fee period, which consisted of a $10,000.00 reduction from the Firm's combined December/January monthly fee application, with the remainder waived in the Fourth Quarterly Fee Application. Together these reductions equal the voluntary reduction agreed to with Rucki Fee Review in connection with the Firm's third quarterly fee application, but Rucki Fee Review has worked to have this reduction accounted for in the omnibus fee order for the third quarterly fee period (which as of the date hereof has yet to be entered). Significantly, the fee detail contained in the Firm's fee application still

contained the support for these $11,270.00 in voluntary fee reductions (*i.e.*, the reductions were applied after finalizing the invoice attached to the Firm's fee application). Because Rucki Fee Review and other parties in interest were able to review the original fee detail supporting these voluntary reductions and the agreed reductions set forth herein are based on the fee entries prior to these reductions, Rucki Fee Review will credit these voluntary reductions against the agreed fee reductions set forth herein to ensure the Firm is not penalized twice on account of the agreed fee reductions for the third quarterly fee period.

17. After accounting for the agreed fee reductions of $13,465.15 ($2,195.15 net of the prior $11,270.00 in voluntary reductions) and expense reductions of $141.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

18. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application in the amount of $1,046,136.85 with respect to fees and the reimbursement of expenses in the amount of $301.20, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application.

Dated: December 13, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC