# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br>              Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered <br><br> Ref. Docket No. 2303 |

### FEE EXAMINER'S FINAL REPORT REGARDING COMBINED FOURTH QUARTERLY FEE APPLICATION OF THE LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS AND YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Combined Fourth Interim Fee Application Request of James L. Patton, Jr. as the Legal Representative for Future Claimants and Young Conaway Stargatt & Taylor, LLP as Counsel to the Legal Representative for Future Claimants for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 through January 31, 2021* [Docket No. 2303] (the "Fourth Quarterly Fee Application") filed by James L. Patton, Jr. as the Legal Representative for Future Claimants (the "FCR") and Young Conaway Stargatt & Taylor, LLP (the "Firm"). The parties have agreed to treat the fees and expenses of the FCR as outside of the scope of Rucki Fee Review's mandate as the Fee Examiner in these chapter 11 cases. Accordingly, this report addresses only the fees and expenses of the Firm.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A*, the order appointing the FCR and the Firm's retention order.  With respect to the Firm, Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

**DISCUSSION**

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $327,143.00 (which becomes $454,893.00 after including FCR fees of $127,750.00) as actual, reasonable and necessary fees and for expense reimbursement of $880.76 (which does not change after including FCR expenses, as none were sought).

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues.  It applies these guidelines on a cumulative basis.  Through the conclusion of the fourth quarterly fee period Rucki Fee Review calculates that the Firm has charged approximately $23,610.00 for fees billed related to the Firm's fee applications and the fee applications of other FCR professionals or related fee issues on a cumulative basis. This amounts to approximately 2.4% of total fees, and includes $9,148.00 in such fees not previously considered by the bankruptcy court on an interim basis.  Subject to the agreed reductions set forth herein, Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals

respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $598.61 (decreased from $683.78 during the third quarterly fee period, $631.90 during the second quarterly fee period and $677.97 during the first quarterly fee period), which is equivalent to a senior associate at the Firm's current hourly rates as periodically increased in January 2021, which increased rates Rucki Fee Review considers reasonable. The Firm's limited role in this matter and the work required to date make a heavier utilization of senior personnel appropriate (though the Firm's blended rate was lower during the fourth quarterly fee period as more junior personnel were appropriately utilized for research and diligence tasks). Moreover, the billing rates of the Firm's counsel and certain partners are less than that of associates at many firms with comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 22 professionals or paraprofessionals to perform its work during the fourth quarterly fee period (an increase from nine during the third quarterly fee period, 19 during the second quarterly fee period and 12 during the first quarterly fee period), twelve of whom billed fewer than 15 hours during the fourth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons to be appropriate.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (in this case, the FCR). Here, the Firm did prepare a prospective budget and staffing plan

for the fourth quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm was under its budget by approximately 45%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a *de minimis* amount of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, no reduction is recommended on account of these entries. For future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed *(i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately

billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event.  Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or that should be performed by secretarial staff are not compensable in chapter 11.  Rucki Fee Review identified certain work it considers non-compensable administrative activity, and the Firm has agreed to a fee reduction of $779.00 in compromise of Rucki Fee Review's request with respect to this work.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion.  Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed.  After discussion with the Firm, the Firm has agreed to a reduction of $1,038.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. The Office of the United States Trustee takes the position that law clerks not yet admitted to the bar should charge a billable rate lower than attorneys who have been admitted to the bar of one or more states in the same class, if any.  The Firm's billable rate of $400.00 for A. Hubbi slightly exceeds a permissible rate under this policy.  Mr. Hubbi billed 5.2 hours

during the fourth quarterly fee period. Rucki Fee Review requested a reduction of $312.00 for the fourth quarterly fee period on account of these fees, and the Firm agreed to this reduction in compromise of Rucki Fee Review's request. Rucki Fee Review also notes that certain other attorneys at the Firm have been admitted to the bar of one or more states, including states outside of Delaware, notwithstanding language in the Fourth Quarterly Fee Application indicating their year of bar admission was not applicable.

13. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $4,796.50 on account of these entries in compromise of Rucki Fee Review's request.

14. With respect to the Firm's expense reimbursement requests, Rucki Fee Review notes that the Firm inadvertently billed black and white printing/duplication at $0.20 per page, rather than the $0.10 per page permitted by the Local Rules, in November and December, but this issue was corrected in January. In the aggregate, this required a reduction of $68.40 to comply with the Local Rules, and the Firm has agreed to an expense reduction of $122.40 waiving this $68.40 and one additional $54.00 charge. Other than with respect to these expenses, Rucki Fee Review notes that the Firm's expense reimbursement requests comply with the limitations of the Local Rules and Rucki Fee Review considers them to be reasonable, necessary and appropriate.

15. After accounting for the agreed fee reductions of $6,925.50 and expense reductions of $122.40 discussed herein, Rucki Fee Review considers the balance of fees and expenses

sought by the Firm in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

16. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application with respect to the Firm in the amount of $320,217.50 with respect to fees and the reimbursement of expenses in the amount of $758.36, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application of the Firm, and which amounts exclude the fees of the FCR as outside the scope of Rucki Fee Review's mandate.

Dated: December 13, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**  
**FEE EXAMINER**

By: */s/ Justin H. Rucki*  
    Justin H. Rucki  
    President of Rucki Fee Review, LLC