# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 5660 |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION OF BERKELEY RESEARCH GROUP, LLC

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fourth Quarterly Application for Compensation and Reimbursement of Expenses of Berkeley Research Group, LLC, as Financial Advisors to the Tort Claimants' Committee for the Period from November 1, 2020 Through January 31, 2021* (the "Fourth Quarterly Fee Application") [Docket No. 5660] filed by Berkeley Research Group, LLC (the "Firm").

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee application filed for the period set forth in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee application, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,712,235.50 as actual, reasonable and necessary fees and for expense reimbursement of $21.07.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the fourth quarterly fee period, the Firm has billed approximately $72,283.00

for fees related to the Firm's fee applications on a cumulative basis, including $10,992.50 not previously considered by the Bankruptcy Court on an interim basis. This amounts to approximately 1.9% of total fees on a cumulative basis. Subject to the agreed reductions set forth herein for certain of these fees, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by managing directors, directors, associate directors, senior associates, associates, and case assistants, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $496.30 (which is decreased from $598.89 during the first quarterly fee period, $517.63 during the second quarterly fee period and $526.46 during the third quarterly fee period). This hourly rate is roughly equivalent to a senior managing consultant (the Firm's fourth-highest personnel tier) at the Firm's current hourly rates. These hourly rates were subject to a periodic annual increase during the fourth quarterly fee period in January 2021 (which increased rates Rucki Fee Review considers reasonable), but as noted above the Firm's average hourly billing rate still decreased owing to a greater utilization of junior personnel.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 18 professionals to perform its work during the fourth quarterly fee period (increased from 14 during the first quarterly fee period, 13 during the second quarterly fee period and 12 during the third quarterly fee period, with the increase owing principally to the utilization of additional junior personnel to assist with diligence matters), three of whom billed fewer than 15 hours during the fourth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the

utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate. More broadly, subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

7. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

8. Rucki Fee Review identified certain entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $1,200.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed *(i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as

attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

9. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain entries that it considered non-compensable administrative activity or potentially non-compensable administrative activity, in whole or in part. After conferral with the Firm, the Firm has agreed to a fee reduction of $3,132.50 on account of these fees in compromise of Rucki Fee Review's request with respect to this work.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $2,999.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm,

the Firm has agreed to a reduction of $12,016.50 on account of these entries in compromise of Rucki Fee Review's request.

12. With respect to the Firm's expense reimbursement request, Rucki Fee Review considers the Firm's expenses to be compliant with the Local Rules and to be reasonable, necessary and appropriate for reimbursement in the full amount of $21.07 sought in the Fourth Quarterly Fee Application.

13. After accounting for the agreed fee reductions of $19,348.00 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

14. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application in the amount of $1,692,887.50 with respect to fees and the reimbursement of expenses in the amount of $21.07, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application.

Dated: December 13, 2021  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC