# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2352** |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fourth Interim Fee Application Request of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as Special Litigation Counsel for the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2020 to and including January 31, 2021* [Docket No. 2352] (the "Fourth Quarterly Fee Application") filed by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fourth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Fourth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2020 through January 31, 2021, as set forth in the Fourth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $461,926.15 as actual, reasonable and necessary fees and for expense reimbursement of $30,450.16.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review

generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. By Rucki Fee Review's calculations, through the conclusion of the fourth quarterly fee period the Firm has charged approximately $81,905.30 in fees (net of $6,067.00 of reductions previously agreed to with Rucki Fee Review) related to the Firm's fee applications and related fee issues on a cumulative basis through the end of the fourth quarterly fee period.[1] This amounts to approximately 4.7% of the Firm's cumulative total fees billed to the estate to date, and includes $15,998.50 not previously considered by the Bankruptcy Court on an interim basis. Subject to the agreed reductions set forth herein, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the fourth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $341.13 after excluding the fixed fee work discussed below (which compares to $387.00 for the first quarterly fee period, $364.17 for the second quarterly fee period and $358.00 for the third quarterly fee period), which is equivalent to an associate at the Firm's hourly rates.[2] Rucki Fee Review also notes that certain of the Firm's professionals were subject to an annual periodic rate increase in January 2021. This was noted in the Firm's January

---

[1] This number includes e-mail correspondence and conferences that appear to have been excluded from the numbers stated in certain of the Firm's fee applications.

[2] Further to the Firm's billing rates, Rucki Fee Review notes that for some matters, such as those billed to insurance providers rather than the estate to date (with a reservation of the Firm's rights to seek payment from the estate if not paid by the applicable insurer), the Firm has agreed to a discount to its normal hourly rates. Rucki Fee Review requested and received confirmation that all applicable discounts have been applied in matters billed to the estate, where and if applicable.

monthly fee application, though the Firm's Fourth Quarterly Fee Application indicated there were no rate increases during the fourth quarterly fee period. Rucki Fee Review considers the Firm's increased rates, where applicable, to be reasonable.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 20 professionals or paraprofessionals to perform its work during the fourth quarterly fee period (which includes certain persons who billed fixed fee work for employee immigration matters in prior periods, and compares to 42 during the first quarterly fee period, and 18 during each of the second and third quarterly fee periods). Eleven of these 20 persons billed fewer than 15 hours during the fourth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a fee period to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons be appropriate, subject to the agreed reductions set forth herein. As noted in prior reports with respect to the Firm, the nature of the Firm's work required a large number of persons who billed a small amount of time. In certain instances, this is because certain attorneys at the Firm have historically been tasked with overseeing different non-bankruptcy litigations. In other instances, these personnel were utilized by the debtors to provide discrete employment counseling advice within their area of expertise, which could be answered in some instances with just one set of e-mail correspondence.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan

for the fourth quarterly fee period, which budget contemplated a fee range of $440,000.00-$500,000.00, meaning the Firm's requested fees are slightly below the median of the Firm's budgeted fee range (and slightly lower below the range if charges from prior quarterly fee periods are excluded). This is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified a number of entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $5,184.38 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that

employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $102.00 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

11. Rucki Fee Review has identified entries totaling $3,592.50 for fees incurred reviewing media articles relating to litigation or related matters against the debtors. Though these related to litigation and other matters pertinent to the debtors, Rucki Fee Review requested the Firm waive these fees, and the Firm agreed to waive these charges in compromise of Rucki Fee Review's request with respect to these fees.

12. Rucki Fee Review notes that the Firm seeks payment of $39,950.00 in fees for employee immigration work that was billed on a fixed fee basis. Much of this work was performed in prior fee periods and not included in the Firm's prior monthly fee applications after being initially inadvertently separately billed to the Debtors but not paid, including $13,700.00 for work that was performed before the February 18, 2020 petition date in these chapter 11 cases. Of this $39,950.00, $38,000.00 was included in the Firm's November monthly application labeled as fixed fee immigration fees, and $1,850.00 was included as fixed fee immigration fees for preparation of an H-1B visa extension petition in the Firm's January monthly fee application, but these latter $1,850.00 in fees were then treated as expenses in the Fourth Quarterly Fee Application (meaning a reduction of these $1,850.00 in fees would be appropriately subtracted from the expense total, rather than fee total, sought by the Firm in the Fourth Quarterly Fee Application). Rucki Fee Review notes that while this work provided a clear benefit to the Debtors and their estates by performing necessary immigration work on behalf of certain employees, charging a fixed fee for work product is not permitted under the Firm's retention. After discussion with the Firm, the Firm has agreed to waive the $13,700.00 of these fees for work performed prior to the petition date. With respect to the remaining $26,250.00 of fees ($1,850.00 of which were inadvertently treated as expenses in the Fourth Quarterly Fee Application), the Firm has agreed to waive $17,325.00 of these fees (two-thirds of these post-petition fees) and Rucki Fee Review recommends approval of the remaining $8,925.00 in fees as reasonable, necessary and appropriate.

13. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm,

the Firm has agreed to a reduction of $400.50 on account of these entries in compromise of Rucki Fee Review's request.

14. With respect to the Firm's expense reimbursement requests, Rucki Fee Review requested and obtained additional information from the Firm with respect to certain of its expense reimbursement requests. Rucki Fee Review also notes that the Firm included in the Fourth Quarterly Fee Application certain expenses from prior time periods on account of employee immigration work, and $2,891.18 of these expenses were incurred prior to the February 18, 2020 petition date in these chapter 11 cases and thus must be waived from the Fourth Quarterly Fee Application. Additionally, as noted above, an additional $1,850.00 in fixed fee employee immigration work was treated as expenses in the Fourth Quarterly Fee Application after properly being billed as fees in the Firm's monthly fee application. These expenses are appropriately subtracted from the Firm's expense reimbursement request and added to the Firm's fee request prior to making the adjustments set forth herein. Aside from the recharacterization of these expenses as fees and the foregoing $2,891.18 reduction, Rucki Fee Review believes the Firm's expenses are reasonable, necessary and appropriate.

15. After accounting for the agreed fee reductions of $38,454.38 (which accounts for the addition of $1,850.00 of expenses recharacterized as fees as explained above, less agreed fee reductions of $40,304.38) and expense reductions of $4,741.18 ($1,850.00 of which is a recharacterization of expenses to fees) discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fourth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

16. Rucki Fee Review recommends the approval of the Fourth Quarterly Fee Application in the amount of $423,471.77 with respect to fees and the reimbursement of expenses in the amount of $25,708.98, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fourth Quarterly Fee Application.

Dated: December 13, 2021　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
　　Justin H. Rucki
　　President of Rucki Fee Review, LLC