IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2021 DEC 13 AM 8:25
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

## VERIFIED STATEMENT OF LIGORI & LIGORI PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Ligori & Ligori (the "Firm"), whose clients are listed on **Exhibit A** hereto (collectively, the "Clients"), hereby submits this verified statement (this "Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1. On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with me or other members of the Firm.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5. Annexed hereto as **Exhibit B** is an exemplar of the contract (the "Contract") used by the Firm to engage the Clients. The Contract might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6. The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any

and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8. The Clients, through their undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Dated: December 2nd, 2021     LIGORI & LIGORI

_____
KEITH P. LIGORI, ESQUIRE
1711 W. Kennedy Blvd.
Tampa, FL 33606
Telephone: 813-254-7119
Facsimile: 813-254-7116
Email: KLigori@callmeonmycell.com

4

# EXHIBIT A

# FILED UNDER SEAL

# EXHIBIT B

# (Contract Exemplar)

# Attached

# EXEMPLAR

CONTRACT FOR REPRESENTATION

The undersigned client, _____, does hereby retain and employ Ligori & Ligori, Attorneys at Law, 1711 West Kennedy Blvd, Tampa, Florida 33606, as his/her attorney to represent him/her in his/her claim against BOY SCOUTS OF AMERICA, INC., or any other person, firm or corporation liable there under.

Ligori & Ligori, Attorneys at Law, does hereby accept said employment under the terms and conditions hereunder set forth.

(1)     FEES: _____

INITIALS

The undersigned client and Ligori & Ligori, Attorneys at Law, agree that as compensation for services, the undersigned client agrees to pay Ligori & Ligori, Attorneys at Law, the greater of the Court awarded attorney fees or from proceeds of recovery, _____ of monies collected if the case is settled prior to filing suit; and _____ of monies collected in the event suit is filed and settlement is made before suit is answered; and _____ of the monies collected if the case is settled by trial or after the lawsuit is answered; and _____ of the monies collected after Notice of Appeal is filed or post-judgment relief or action is required for recovery of the judgment or a settlement. In the event the undersigned client is pursuing a claim in which the attorney fees are regulated by statute, such statute shall be controlling.

The undersigned client also authorizes Ligori & Ligori, Attorneys at Law, to collect said monies for him/her on his/her behalf and disburse the same to him/her after deducting outstanding bills and their fees as hereinabove stated. It is agreed and understood that this employment is on a contingent fee basis, and if no recovery is made, he/she will in no way be indebted to his/her said attorney for any other sums except as outlined above.

In the event the undersigned client agrees to accept an installment or structured settlement of his/her case, Ligori & Ligori, Attorneys at Law, may agree to accept an installment payment of fees over a designated period of time in the settlement agreement or Ligori & Ligori, Attorneys at Law, shall be paid the percentage fee to which it is entitled based upon the cost of settlement or the present value of the total structured settlement amount, said method of payment of fees to be at the sole discretion of Ligori & Ligori, Attorneys at Law.

*If applicable*, _____% of the attorney's fees will be shared with Attorney_____ for case participation. Attorney _____ office will be assisting in the handling of this case.

(2)     RESOURCES: _____

Page 1 of 4

INITIALS

It is further agreed by the undersigned client and Ligori & Ligori, Attorneys at Law, that Ligori & Ligori, Attorneys at Law, may use all resources available to them, including but not limited to, lawyers, secretaries, receptionist, paralegals, investigators, and, staff to work on the undersigned client's file in order to achieve the best possible results for the client.

It is further agreed by the undersigned client and Ligori & Ligori, Attorneys at Law, that if the attorney deems it necessary, the firm may use outside counsel to assist in the undersigned client's case in order to produce the best possible result for the client.

(3)   COSTS:

INITIALS

The undersigned client does hereby agree to pay or reimburse Ligori & Ligori, Attorneys at Law, for costs as follows:

An administrative fee of _____ will be charged in lieu of charges for telephone calls, mileage, storage of client's file for a minimum of seven years, cost of setting up client's file, etc.

**Pre-Litigation:** The client agrees to pay all out of pocket expenses of the firm, if there is a recovery. These expenses may include such things as:

**Investigation**: Initial sign-up, witness statements, insurance search, asset checks, locate investigations, property damage photos, etc.

**Medicals:** Medical records to include but not limited to, copies of medical records and bills, final reports, specialist consultations, re-read of films, photographs or videos of medical procedures, fees paid to physicians and other experts for reports, examinations, etc.

**Additional Expenses:** Photocopies at the rate of _____ per page, facsimile charges at the rate of _____ per page and mailing and postage expenses including but not limited to certified mail return receipt, UPS, FedEx, any charges for outsourced paralegal work, courier services, and any other special costs that may be needed in order to achieve the best results, etc.

**Litigation:** The client(s) agree to pay all litigation costs including pre-litigation costs as outlined above as well as, but not limited to;

**Filing:** Clerk of Court filing fee (varies per county/division), cost of issuing summonses, copies obtained from Clerk's file, etc.

**Investigation:** Process service, asset investigations, criminal background investigation, driving records, obtaining witness statements, witness locate, prior accidents, police reports, etc.

**Court Reporters/Videographers:** Court reporter appearances, videographer appearances, transcripts, copies of video depositions, attendance at hearings, hearing transcripts, etc.

**Medicals:** Medical records, copies of films, CD/DVD/photographs of medical procedures, retainers for experts, retainers to experts/treating physicians for depositions/trial appearances, etc.

**Additional Expenses:** Reconstruction specialists, research time, cost analysts, mediation costs, mediation presentation costs, as well as other related expenses and costs incurred which may be necessary depending upon the particular case, etc.

If there are any other cost expenditures that are not listed above, the client gives the Ligori & Ligori, Attorneys at Law, the authority to pay out whatever costs necessary that Ligori & Ligori, Attorneys at Law, or its representatives deem appropriate and necessary to maximize the case results for the client. The client acknowledges and understands that Ligori & Ligori, Attorneys at Law, may have outside specialists or legal counsel to help resolve guardianships, probate/estate issues, Medicare set aside and special needs trusts, retain outside Counsel for collections of any funds and any costs related to such matters will be a case expense, not part of the Law Firm's fee. The client also acknowledges, understands and agrees that if such costs are incurred, the costs will be paid from the client's net recovery, not the Law Firm's fee.

Ligori & Ligori, Attorneys at Law, charges client at the rate of _____ annually on all hard costs advanced by the firm on behalf of the client's case. These charges are collected upon distribution if recovery is made. If recovery is not made then interest charges do not apply.

(4)     SETTLEMENT DISTRIBUTION PAYMENT:                                                    _____
                                                                                            INITIALS

At the time of settlement of the undersigned client's case, a Settlement Distribution Agreement will be prepared for the client which will enumerate all fees, costs, medical expenses and any other disbursements from the settlement funds. This Settlement Distribution Agreement will be approved by Ligori & Ligori, Attorneys at Law, and the undersigned client before disbursement is made of the settlement funds. Attorney's fees and costs are deducted from gross settlement prior to any medical bills being paid or any monies paid to client. All medical bills will then be paid pursuant to letters of protection. It will be the client's decision to pay any providers who do not have a signed letter of protection from our office. Client is responsible for and agrees to pay out of the settlement proceeds any and all liens owed including but not limited to: Hillsborough County Healthcare, child support, IRS, Medicaid, Medicare, or any other governmental or state entity that is owed. Client will then receive net settlement proceeds.

(5)     TERMINATION OF AGREEMENT                                                            _____
                                                                                            INITIALS

This agreement may be terminated by either party upon written notice. If the client terminates the agreement within (3) business days from the date it was signed, the client shall not be obligated to pay any fees to the FIRM for work performed during that time.

If the client terminates the agreement after (3) business days from the date the agreement was signed, the client may be responsible to pay the FIRM a fair and reasonable fee for any legal services provided up to the date of termination if there is a recovery. If there is a recovery the client agrees that an hourly fee of _____ is a reasonable hourly fee for work performed by an attorney and the client agrees that an hourly fee of _____ is a reasonable hourly fee for the work

performed by a paralegal, legal assistant, or other office personnel who may have performed any type work upon the case, including secretarial functions. If the FIRM is forced to file a charging lien, retaining lien or an independent action to recover its fees or costs, the client agrees as to the reasonableness of the hourly fees as set forth above, thereby leaving the issue of the amount of time expended upon the case by the FIRM as the sole remaining issue to be decided by the court if there is a recovery. These fees are collected upon distribution if recovery is made. If recovery is not made then client will not be responsible for the above-mentioned fees. If there is no recovery then client will not be responsible for FIRMS attorney fees and costs even after termination.

If the FIRM has advanced out-of-pocket expenses to others in representation of the clients, the FIRM is entitled to reimbursement of those amounts by the clients regardless of whether the FIRM was discharged with or without cause. Any and all out of pocket expenses advanced by the FIRM will be paid upon the distribution if there is a recovery.

(6)    CLIENT'S RESPONSIBILITIES                                    _____
                                                                    INITIALS

The client agrees to keep the FIRM advised of the client's current address(es) and telephone number(s), to cooperate in the prosecution of the case, to attend depositions and trials as required, and to not discuss any aspect of the case with any person without prior consultation with the FIRM. The client has, before signing this contract, received and read the Statement of Client's Rights authored by the Florida Bar, and understands each of the rights set forth therein. The client has signed that statement and received a signed copy to keep and refer to while being represented by the FIRM.

DATED this _____ day of _____, _____

By initialing each section and signing below, I affirm that I have read, understand and completely agree with the entire contract hereinabove.

Ligori & Ligori, Attorneys at Law
1711 West Kennedy Blvd.
Tampa, Florida 33606


By: _____
     ATTORNEY



     _____
     CLIENT

# Ligori & Ligori
## ATTORNEYS AT LAW
www.CallMeOnMyCell.com

**Main Office:**
1711 W. Kennedy Boulevard
Tampa, Florida 33606
(813) 254-7119
Toll Free: (888) 254-7119
Fax: (813) 254-7116

**Offices:**
**Lakeland**
(863) 297-5070
**Ocala**
(352) 437-6990
**Key West**
(305) 859-3586

Keith P. Ligori*
Meaghann Ligori*
John Castro*
Alex Serrano*
Thomas McFadyen
Kevin Sparkman*
Torrey Taylor
Christopher Doty
of Counsel

*Admitted in
US Middle District
of Florida

FILED
2021 DEC 13  AM 8:25
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

December 6, 2021

US Bankruptcy Court
824 N. Market Street
3rd Floor
Wilmington, DE 19801

Re:   Case Style: Boy Scouts of America and Delaware BSA, LLC
      Chapter 11
      Case # 20-10343 (LSS)
      Our File No.: 5973-2020001

Dear Sir/Madam,

Enclosed please find our firm's Verified Statement of Ligori & Ligori Pursuant to Bankruptcy Rule 2019 that you will need to file in the above referenced case. Mr. Ligori is not a member of the Delaware Bar so we are not able to do this ourselves.

Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,

*Patricia Cunningham*

Patricia Cunningham,
Legal Assistant to Keith P. Ligori

Enclosure: Verified Statement of Ligori & Ligori
Pursuant to Bankruptcy Rule 2019

AUTO ACCIDENTS • WRONGFUL DEATH • MOTORCYCLE • TRUCKING • SLIP & FALL • DOG BITES
PRODUCTS LIABILITY • PROPERTY & STORM DAMAGE CLAIMS
SE HABLA ESPAÑOL  |  AVAILABLE 24 HOURS