# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**Objection Deadline: December 28, 2021 at 4:00 p.m. (ET)**
**Hearing Date: January 10, 2022 at 10:00 a.m. (ET)**

## THE TORT CLAIMANTS' COMMITTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION OF MARK H. KOLMAN, ESQ. AS EXPERT CONSULTANT ON INSURANCE COVERAGE FOR SEXUAL ABUSE CLAIMS AND EXPERT WITNESS EFFECTIVE AS OF NOVEMBER 19, 2021

The official committee of survivors of childhood sexual abuse appointed in these cases by the United States Trustee (the "Tort Claimants' Committee" or the "TCC") hereby submits its application (the "Application") for entry of an order, pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the retention of Mark H. Kolman, Esq. ("Kolman") to provide insurance analysis services with respect to the sexual abuse claims filed in the above captioned cases as an expert consultant and expert witness effective as of November 19, 2021. In support of the Application, the TCC submits the Declaration of Mark H. Kolman

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware the BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

(the "Kolman Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Application, the TCC respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Tort Claimants' Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 1103(a) and 328(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014.

## Background

4. On February 18, 2020 (the "Petition Date"), the Debtors commenced their chapter 11 cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors in possession.

5. On March 5, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed the Tort Claimants' Committee consisting of nine survivors of childhood sexual abuse.

**Relief Requested**

6. By this Application, the Tort Claimants' Committee requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014, authorizing the Tort Claimants' Committee to employ and retain Kolman to provide expert consulting services and expert witness services to the Tort Claimants' Committee effective as of November 19, 2021, in accordance with the terms and conditions set forth herein.  Kolman's engagement letter (the "Engagement Letter") is set forth in **Exhibit A-1** attached hereto.

7. The Tort Claimants' Committee proposes to retain Kolman for the purpose of providing the expert consulting and testimony services described below.  For the reasons set forth herein, the TCC submits that the relief requested in this Application is in the best interests of the Tort Claimants' Committee, survivors of childhood sexual abuse, and the Debtors' estates, and, therefore, should be granted.

**Services to be Rendered**

8. The Tort Claimants' Committee seeks to retain Kolman for the purpose of providing insurance coverage related analysis to the sexual abuse claims in BSA's chapter 11 case.

9. The following services (collectively, the "Services"):

3

a. expert consulting services and expert testimony regarding insurance coverage for sexual abuse claims filed in these Cases;

b. expert consulting services and expert testimony in connection with any plan or settlement filed by the Debtors regarding childhood sexual abuse claims and the available insurance coverage. In addition, expert consulting services and expert testimony in connection with plan or settlement filed by the Tort Claimants' Committee or any other party  interest, and any contested matters and/or litigation arising in these Cases as reasonably requested by the Tort Claimants' Committee and TCC's plan, etc. ;

c. expert consulting services and expert testimony in the review and evaluation of reports, analyses and valuations prepared by the Debtors, their professionals, the Debtors' insurers, and their professionals;

d. as may be requested by the Tort Claimants' Committee, assisting with the preparation of affidavits/declarations, depositions, and briefing in these Cases concerning the issues for which Kolman is providing expert consulting services and expert testimony;

e. preparing for and providing both deposition and court testimony in these Cases regarding the issues for Kolman is providing expert consulting services and expert testimony; and

f. such other consulting and advisory services as may be reasonably requested by the Tort Claimants' Committee.

10. Kolman will coordinate and work with estate professionals in order to minimize any duplication of services on behalf of the Tort Claimants' Committee.

**Basis for Relief**

11. The Debtors commenced these Cases in the face of approximately 1,700 known asserted sexual abuse claims with the espoused goal of "timely and equitably compensating victims of abuse in Scouting".[2]  Approximately 82,500 survivors filed proofs of claim before the Bar Date.  The Tort Claimants' Committee seeks to retain Kolman to provide expert consultation to the Tort Claimants' Committee regarding insurance coverage for sexual

---

[2] *See, e.g., Debtors' Informational Brief* [Dkt. No. 4] at 4, 6.

abuse claims in these Cases, including, without limitation, review, analysis, and consultation in connection with reports prepared by abuse, claim and insurance experts retained by the Debtors and deposition and expert testimony in connection with those matters.

12. It is necessary and essential that the Tort Claimants' Committee employ an expert consultant and witness to render the foregoing Services. In light of the unique nature of the claims of sexual abuse victim survivors in these Cases, the Tort Claimants' Committee requires the services of an expert who can enable the Tort Claimants' Committee to adequately assess the insurance coverage available for those claims. Kolman is well-qualified to provide the Services in a cost-effective, efficient, and timely manner. As described in the Kolman Declaration, Kolman has extensive experience in the matters for which he will be engaged by the Tort Claimants' Committee. Accordingly, Kolman is well-qualified to perform the Services and assist the Tort Claimants' Committee in these Cases.

**Disclosure of Connections**

13. To the best of the TCC's knowledge, as set forth in the Kolman Declaration, Kolman does not have an actual conflict with any of the Debtors' creditors, and Kolman has no connection to the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware except as set forth in the Kolman Declaration. As set forth in the Kolman Declaration, to the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise, Kolman will use

reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Professional Compensation**

14. Kolman intends to seek compensation for services rendered and actual and necessary expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable Orders of the Court.

15. The Tort Claimants' Committee proposes to compensate Kolman for services rendered at the hourly rate of $500.00 per hour and to reimburse Kolman for his actual costs and expenses.  In the ordinary course of business, Kolman periodically revises his hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

16. As set forth in the Kolman Declaration, Kolman believes, and the Tort Claimants' Committee agrees, that the foregoing compensation arrangements are (a) reasonable, (b) market-based, and (c) merited by Kolman's extensive knowledge and experience in the matters for which it is being retained.

17. As more fully described in the Kolman Declaration, Kolman is not a prepetition creditor of the Debtors.  No promises have been received by Kolman as to compensation or payment in connection with this retention other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.  Kolman has no agreement with any non-affiliated person or entity to share with such entity any compensation received in connection with this retention except as set forth in the Kolman Declaration.

**Applicable Authority**

18. To assist a committee with its statutory rights and duties under section 1103(c) of the Bankruptcy Code, a committee may retain experts and consultants. *See* 11 U.S.C. §§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Apr. 30, 2010) [Dkt. No. 5683] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy Code); *In re SFX Entertainment, Inc.*, Case No. 16-10238 (Sept. 27, 2016) [Dkt. No. 1068] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of the business pursuant to a plan of reorganization).

19. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20. Based on the foregoing and as further supported by the Kolman Declaration, the Tort Claimants' Committee believes that the retention of Kolman to provide expert consulting and witness services is necessary and appropriate, and in the best interests of the Tort Claimants' Committee, the estates, and their creditors.

**Notice**

21. The Tort Claimants' Committee will provide notice of this Application to counsel for the Debtors and the parties set forth on the Master Service List maintained by the Debtors. The Tort Claimants' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Previous Request**

22. No previous request for the relief sought herein has been made by the Tort Claimants' Committee to this Court or any other court.

**Conclusion**

WHEREFORE, the Tort Claimants' Committee respectfully requests that the Court enter an order granting the relief requested in the Application and such other and further relief as may be just and proper.

Date: December 12, 2021

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

*John P Humphrey Jr*

By: John Humphrey, Chairman
Solely in the capacity as Chairman of the Official Tort Claimants' Committee and not in any other capacity