# **EXHIBIT B**

**(Engagement Letter Exemplar)**

## NEW JERSEY CONTINGENT FEE AGREEMENT

I, _____ hereby constitute and appoint **McLaughlin & Lauricella, P.C.,** (including **Slade H. McLaughlin and N.J. Certified Civil Trial Attorney, W. Robb Graham**) to prosecute a claim for sexual abuse against any person(s)/entity(ies) who/which may be responsible for the injuries and damages sustained. The counsel fee for services rendered shall be a percentage of the total net recovery of any sums received by settlement or verdict in accordance with New Jersey Court Rule I:21-7 as follows:

2. [redacted]

3. [redacted]

4. [redacted]

5. Counsel fees on all net sums recovered in excess of $3,000,000 (three million dollars) must be approved by Petition to an appropriate Court with notice to the client(s) pursuant to N.J. Court Rule 1:21-7(f);

6. When the amount recovered is for the benefit of a minor or incompetent, the limits set forth in paragraphs (1) thru (5), above, will apply except that the fee in all such cases requires approval by an appropriate Court and will not exceed 25% of the net recovery if the case is settled without starting trial;

7. In some cases, including but not limited to employment claims, civil rights actions, and actions under the Law Against Discrimination, it is sometimes possible to recover attorney's fees from the Defendant(s) in addition to other damages. If attorney's fees are awarded in this case, I agree that the Firm shall have the option of accepting as a fee the attorney's fee awarded *or* electing to add the attorney's fee to the total award, verdict, judgment, or settlement and calculating the fee pursuant to the above fee schedule applied to this combined sum; and

8. All costs advanced in the prosecution of the claim pursuant to New Jersey Court Rule I:21-7(d) are to be reimbursed before calculating counsel fees, as set forth above. In the event that there is no recovery, the client is not responsible for counsel fees or costs.

In accordance with New Jersey Court Rule 1:21(f), upon conclusion of the matter, an application may be made to the Court to provide for an additional percentage of the recovery as fee dependent upon the circumstances of the case. Such a request for an increase in the fee will afford the clients an opportunity to participate and to object.

In the event that Rule 1:21 is amended or repealed, this fee agreement will change to the **lesser of:** [redacted]

This agreement does not obligate the law firm to perform any post-trial work, including the filing of post-trial motions and/or appeals on behalf of the client or to respond to any appeals or post-trial motions filed by the defense or by any other party. If the client wishes to appeal, and the law firm agrees to do so, an additional agreement will be entered into for that purpose.

This agreement does not obligate the firm to provide Trust/Estate or tax legal advice or to perform any Trust/Estate or tax services, if required, as the law firm and its lawyers do not have expertise in these areas of the law.

This agreement does not obligate the firm to continue representation if, following a good faith investigation, the firm determines, at any point in the litigation (either before or after a lawsuit is filed), that continued pursuit of the action would be without merit. The firm, after disclosure of the reasons for termination of the professional relationship, may either recommend dismissal of the action and/or withdraw as counsel after obtaining Court approval to do so, if required.

In the event a recovery is obtained by settlement or verdict, I hereby authorize the Firm to endorse my name to the settlement draft(s) in order to expedite distribution of the funds to me.

I further acknowledge that _____ is counsel who referred me to McLaughlin & Lauricella, P.C. and that, as referral counsel, he will be entitled to compensation to be paid from the attorney's fee, as permitted by N.J. R.P.C. 1.5 and N.J. Rule I:39-6. No additional fee is being charged to the client by virtue of this arrangement. The lawyers will be splitting the New Jersey Court Rule I:21-7 fee described on page 1 of this Agreement.

This Agreement may not be modified other than by a written document signed by both Attorney and Client. I hereby acknowledge receipt of a duplicate copy of this Contingent Fee Agreement.

Agreed and Accepted:

NAME: _____                                DATE: _____

McLAUGHLIN & LAURICELLA, P.C.

BY: _____                                  DATE: _____

-2-