IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF HALL LAW, P.A.,
PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submit this verified statement in the jointly administered Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors ("Debtors").

1. The client set forth on Exhibit A hereto ("the Client") retained Hall Law, P.A., in 2016 to represent him as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants.

2. The Client holds general unsecured claims against BSA, certain nondebtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Client was a Scout with the BSA and the applicable Local Councils and Chartered Organizations.

2. In accordance with Bankruptcy Rule 2019, attached hereto as Exhibit A is a list of the name and addresses of the Client. The "nature and amount of all disclosable economic interests" held by the Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on Exhibit A. The information set forth on Exhibit A is based upon information the Client

provided to the Firm and is subject to change.

2. Hall Law, P.A., does not represent the interests of, and is not fiduciary for, any sexual abuse claimant, other creditor, party in interest, or other entity with a claim against the Debtors that has not signed a retainer agreement with Hall Law, P.A.

3. The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief [D.I. 6438] and not for any other purpose.

4. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Client to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the Client to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge, Minnesota State Court, or Wisconsin State Court; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights any of the Client may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving the Client; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the Client is or may be entitled, in law or in equity, under any agreement or otherwise, with

all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; or (viii) a waiver or release of any of the Client, client's rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

5. The Client, through his undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

6. The undersigned verifies that the foregoing is true and correct, the best of the undersigned's knowledge and belief.

Dated: <u>December 16, 2021</u>.

/s/ Mara C. Brust
Mara Brust
Mara@hallinjurylaw.com
Hall Law, P.A.
1010 W. St. Germain St., #320
St. Cloud, MN  56301
Telephone: (320) 255-1000

*Attorney for Direct Abuse Claimant*

**Exhibit A**

**(Client List)**

| Name | Address | Claim No. |
|---|---|---|
| (redacted) | (redacted) | SA-19809 |

**RETAINER AGREEMENT –** ███████████

I hereby retain and employ HALL LAW, P.A. of St. Cloud, Minnesota to represent ███████████, in regards to all claims he may have resulting from sexual abuse committed while attending a boy scout camp on ███████. I understand that this retainer does not cover worker's compensation claims and medical malpractice claims and that HALL LAW, P.A. will not be prosecuting any such claims on my son's behalf. I further authorize and empower my said attorneys to investigate this matter and bring suit on my behalf. I further authorize and empower my attorneys and/or their agents to, in their discretion, negotiate and enter into settlement discussions relating to such claim. However, final settlement of such claim shall be made only with my express consent and approval.

LIMITATION ON REPRESENTATION: This agreement pertains solely to an attorney/client relationship for claims arising from sexual abuse/sexual assault.

ATTORNEYS' FEE: In consideration of my said attorney's services, I agree to pay said attorneys the sum of ███ of any amounts (including attorney's fees allowable under Minnesota Statute § 604.18) recovered for my son either by way of suit or settlement. If suit is necessary to obtain recovery, the above stated fee applies through trial, which is considered complete upon entry of the verdict. Attorneys' fees are due at the time of settlement. If the settlement proceeds are deposited in an interest bearing account, the interest earned on the settlement proceeds shall be pro-rated among the recipients of the settlement proceeds in the same proportion that the settlement proceeds are divided. If there is a structured settlement, the attorneys' fee shall be based upon the reasonable

present value of the settlement. There shall be no deduction for payment of liens, assignments, medical or hospital bills or similar items, prior to computing the legal fees. If there is no recovery, there shall be no attorneys' fee.

COSTS: If there is a recovery, I agree to reimburse my attorneys for all out-of-pocket expenses, advances and costs (including, but not limited to, postage, mileage, courier services, copy costs, and delivery charges) paid or incurred by said attorneys in connection with this matter. Long distance phone calls will be charged at the actual cost of the phone call. Additionally, I agree to pay the costs of copying any documents and/or materials that I request from you, including any documents and/or materials that I may have delivered to you. I understand that, in addition to copies made in the regular course of representation, it is the policy of HALL LAW, P.A. to provide copies to the client of all outgoing correspondence, pleadings, and other materials. I understand that I will be charged for that copying and postage.

We understand that current law and regulations regarding Medicare, Medicaid or private health insurance plans (healthcare providers) may require all parties involved in this matter (client, law firm defendant, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' separate claim for reimbursement/lien for past and future payments prior to distributing any verdict or settlement proceeds. We agree that the law firm may take all steps in this matter deemed advisable for the handling of our claim, including hiring separate experts/case workers who assist with resolving any healthcare providers' reimbursement claims or liens for past and/or future injury-related medical care. The expense of any such

service shall be treated as a case expense and deducted from our net recovery and shall not be paid out of the law firm's contingent fee in this matter.

I understand that my attorneys will send me a monthly billing statement itemizing all expenses incurred in connection with my case each month. Payment for expenses herein described shall be made at the time of disbursement of the settlement proceeds for my case. Any payments actually made to my attorneys on my behalf throughout the course of my case shall be credited against my final bill.

If there is no recovery, I will not be responsible for the costs discussed in this section.

PAYMENT OF LIENS AND MEDICAL PROVIDERS: I hereby authorize and direct my attorneys to pay any medical providers and/or lien holders who have an interest in the proceeds received in settlement of my claims out of any settlement proceeds at the time of distribution of the settlement proceeds.

AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION: I understand that my attorneys, in order to fulfill their responsibilities pursuant to this Agreement, may need to obtain copies of [redacted] medical records from those who have provided medical services to [redacted] I further understand that my attorneys are prohibited from releasing [redacted] medical records to anyone else without my prior written consent. I hereby authorize my attorneys to release [redacted] records to whomever they deem necessary in order to properly represent me in this matter. I agree to provide my attorneys with such additional written authorization as may be necessary to allow them to release [redacted] medical records to any person or entity they

-3-

deem necessary.

MY ATTORNEYS' RIGHT TO WITHDRAW: My attorneys cannot recommend that I start a lawsuit until they complete their investigation of my case. I will give my full cooperation to my attorneys as they investigate and handle my case. My attorneys may discover facts during the investigation that may lead them to recommend that I not start a lawsuit. Even after I start a lawsuit, my attorneys may discover facts that may lead them to recommend that I dismiss my lawsuit or that I hire other attorneys to handle my case.

I therefore agree that my attorneys may withdraw from my son's case any time they recommend that I should drop my lawsuit or that I should hire other attorneys to handle my case. I also agree that my attorneys may withdraw if I do not cooperate in the investigation or handling of my case, or if the Rules of Professional Conduct which apply to my attorneys permit or require them to withdraw.

If my attorneys decide to withdraw from my case, they will try to protect my interests to the extent reasonably possible by giving me reasonable notice, allowing me time to obtain other attorneys, and giving me any papers and property in their possession which belong to me. My attorneys have no duty to find other attorneys for me in the event they withdraw from my case.

If my address or phone number changes, I will advise my attorney right away. If my attorney cannot locate me after trying the last address and phone number I gave, I agree that Hall Law, P.A. may withdraw from this case and discontinue representing my son and me.

MY RIGHT TO FIRE MY ATTORNEYS: I realize that I have the right to fire my attorneys at any time, even if I have no reason. If I fire my attorneys, I will have to pay them for the reasonable value of their services and for the expenses they paid in handling my son's case.

DESTRUCTION OF MY FILE UPON ITS CLOSING: I understand that Hall Law, P.A. has implemented a file retention program under which they will keep my file for a number of years after termination of their representation of me. When my case is completed, Hall Law, P.A. will notify me that they are closing my file and at that time, they will keep my file in storage for no less than seven years after the file's closure. After the stated number of years has passed, Hall Law, P.A. will destroy the file in a manner that ensures confidentiality of the information contained therein.

I have read and received a copy of this Retainer Agreement.



I accept employment on the above terms.

HALL LAW, P.A.

By: 

Michael Hall, III