**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF FIUMARA & MILLIGAN LAW, PC
PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), **FIUMARA & MILLIGAN LAW, PC**, (the "Firm"), whose clients are listed on **Exhibit A** hereto (collectively, the "Clients"), hereby submits this verified statement (this "Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1. On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2.       Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with me or other members of the Firm.

3.       The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4.       In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5.       Annexed hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter") used by the Firm to engage the Clients. The Engagement Letter might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6.       The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7.       Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any

and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8.      The Clients, through their undersigned counsel, reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

The rest of this page is left intentionally blank.

Signature on the following page.

Dated: December /6, 2021                FIUMARA & MILLIGAN LAW, PC

_____
Michael A. Fiumara
Attorney at Law
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405
707-571-8600
707-568-7240 – Fax
michael@fiumara.com

4

Rule 2019 Verified Statement Exhibit A
Master Ballot ID: 74
Client List – Voting Log for Ballots

| Client Name & Address | Claim Number | Client was provided Voting Information by mail/flashdrive | Client provided written instructions on voting | Vote: Reject/ Approve | Accept $3500 yes/no | Opt Out of General Release |
|---|---|---|---|---|---|---|
| ███████ Hyde Park, NY 12538 | 105840 | yes | yes | Reject | no | Opt Out |
| ███████ Santa Rosa, CA 95403 | 57616 | yes | yes | Reject | no | Opt Out |
| ███████ West Palm Beach, Florida 33417 | 105838 | yes | yes | Reject | no | Opt Out |
| ███████ Guerneville, CA 95446 | 105837 | yes | yes | Reject | no | Opt Out |
| ███████ Cazadero, CA 95421 | 117613 | yes | yes | Reject | no | Opt Out |
| ███████ Discovery Bay, CA 94505 | 108223 | yes | yes | Reject | no | Opt Out |
| ███████ Sylmar, CA 91342 | 108929 | yes | yes | Reject | no | Opt Out |

Fiumara & Milligan Law, PC
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405

# EXHIBIT B

**(Engagement Letter Exemplar)**

# FIUMARA & MILLIGAN LAW, PC

*Attorneys at Law*
www.fiumara.com
www.northbaylegaldefense.com
www.advocatesforsurvivorsofsexualabuse.com

| | | |
|---|---|---|
| 182 Farmers Lane, Suite 100A<br>Santa Rosa, California 95405<br>Telephone (707) 571-8600<br>Fax (707) 568-7240<br><br>*Paralegals*<br>*Jerrica Perez*<br>*Shafiq Spanos* | *Attorneys*<br>Michael A. Fiumara<br>Justin O. Milligan<br>Joe Hoppe<br>Noreen Evans*<br>*Certified Appellate Specialist*<br>Jackie L. Martens*<br>*Certified Family Law Specialist*<br>* *Of Counsel* | 4040 Civic Center Drive, Suite 200<br>San Rafael, California 94903<br>Telephone (415) 492-4507<br>Fax (707) 568-7240<br><br>*Bilingual Assistant*<br>*Jessica Guzman*<br>*Genoveva Puga* |

## LEGAL SERVICES CONTINGENCY FEE AGREEMENT

This Legal Services Contingency Fee Agreement (the "Agreement") for attorney services is made by and between ▮▮▮▮▮▮▮▮▮▮ ("Client") and **FIUMARA & MILLIGAN LAW, PC, and MICHAEL MEADOWS OF CASPER, MEADOWS, SCHWARTZ & COOK** (collectively, the "Firm") on the following terms and conditions.

1. **SCOPE AND DUTIES OF FIRM.** I, ▮▮▮▮▮▮▮▮▮▮, hereby employ and appoint the law firm of **FIUMARA & MILLIGAN LAW, P.C.**, with principal office in Santa Rosa, CA, and **MICHAEL MEADOWS OF CASPER, MEADOWS, SCHWARTZ & COOK** (collectively, the "FIRM") as my true and lawful attorneys; to act for me and in my name; to take any appropriate legal action which Firm deems necessary to prosecute claims and collect all damages against any and all persons, firms, corporations and/or organizations or other parties legally responsible for **personal injury pertaining to a claim against the Boy Scouts of America for childhood sexual abuse** that occurred approximately in or around 1973-1974, and to file any claim, lawsuit, or legal action and to conduct the same to a final decision or compromise, or negotiate any settlement.

   Attorneys Michael A. Fiumara and Michael Meadows shall share in the compensation such that attorney Michael A. Fiumara shall receive ▮▮▮▮▮▮▮▮▮▮ of the legal fees and Michael Meadows shall receive ▮▮▮▮▮▮▮▮▮▮ of the legal fees subject to modification based upon the circumstances. **The fee sharing arrangement above between the Attorneys will in no way reduce the percentage the Client will receive.**

   Client authorizes Firm to negotiate for settlement or file suit as Firm deems advisable. However, no settlement will be made without consent of Client. Firm agrees to keep Client informed of the status of the case.

2. **LEGAL SERVICES SPECIFICALLY EXCLUDED.** Legal services that are not to be provided by Firm under this agreement specifically include, but are not limited to, the following: representation with respect to (a) any claim for property damage arising out of any accident, (b) any dispute with a medical care provider about amounts owed by Client for services received, or (c) any appeal from a court judgment on Client's personal injury claim, whether Client is the appellant or respondent, unless a new fee agreement is negotiated with Firm to compensate for services provided in the course of such appeal.

   If Client wishes Firm to provide any legal services not to be provided under this agreement, a separate written agreement between Firm and Client will be required.

███████████

3.  **CLIENT'S DUTIES.** Client agrees to keep the Firm advised of Client's current address. Client shall appear on reasonable notice at all depositions and court appearances and shall comply with all other reasonable requests for information or materials in connection with the preparation and presentation of Client's claim. Client will provide Firm with any change in Client's address, telephone number and/or whereabouts within ten (10) days of the change. Firm may use the Client's last known address to serve all papers, including, but not limited to, court notices and documents associated with a Motion to Withdraw as Counsel of Record should it become necessary or desirable for Firm to withdraw as Counsel of Record in the matter giving rise to Firm's representation. Client also agrees to provide Firm with a complete list of all medical providers to whom he/she owes money as a result of the incident. Client agrees not to negotiate or make any settlement with any opposing party without the consent of Firm.

4.  **LEGAL FEES.** The Firm will be compensated for legal services rendered only if a recovery is obtained for Client. **If no recovery is obtained, Client will not be obligated to pay for costs, disbursements and expenses described in Paragraph 8, below.** Costs shall be deducted from the Client's share of the recovery, after computation of attorney fees. Client agrees that the Firm will be compensated as follows:

    A.  ███████████████████████████████ of all amounts recovered in the case prior to filing of the complaint, or commencement of discovery, mediation, or arbitration brief; or

    B.  ████████████████ of all amounts recovered in the case, whether by compromise or by verdict, after the filing of the complaint.

    If payment of all or any of the amount to be received is to be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the "total amount received" for purposes of calculating the attorneys' fees will be the initial, lump-sum award plus the present value, as of the time of the judgment, of the payments to be received thereafter. The attorneys' fees will be paid out of the initial lump-sum payment. If the payment is insufficient to pay the attorneys' fees in full, the balance will be paid from the subsequent payments of the recovery before any distribution to Client.

5.  **NEGOTIABILITY OF FEES.** Client has been advised and understands that the attorneys' fees provided for by this Agreement are not set by law, but are subject to, and have been negotiated by the Firm and Client.

6.  **LIEN.** Client hereby grants the Firm a lien on any and all claims or causes of action that are the subject of the Firm's representation under this Agreement. The Firm's lien will be for any sums owing to the Firm for any unpaid costs or attorneys' fees at the conclusion of the Firm's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

7.  **DISAPPEARANCE CLAUSE.** In the event Client is unavailable, out of contact, or otherwise unavailable to execute payment drafts or sign documents for receipt of payment, the Client authorizes the Firm:

    a.  To receive any proceeds (which are paid in the prosecution of the Client's claim);
    b.  To execute draft/documents as required;
    c.  To deposit such proceeds in Firm's attorney-client trust account, and;

    d.    To disburse the proceeds in accordance with this agreement, or otherwise as directed by Client as to Client's share of such proceeds.

8. **COSTS AND EXPENSES**. The Firm, at the Firm's option, shall advance all reasonable costs in the prosecution of this case.

All costs, disbursements, and litigation expenses associated with this matter will ultimately be Client's responsibility **if there is a settlement award or verdict**. These costs and expenses include, but are not limited to, court fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying at $.25 per page, facsimile charges at $1.50 per page, investigation expenses, consultants' fees, expert witness fees, and other similar items. All costs and expenses will be charged at Firm's cost. **The Firm will not be reimbursed for costs advanced on behalf of the Client if no settlement and/or recovery is obtained.**

However, if Client discharges Firm for any reason before the monetary proceeds are distributed, Firm will be entitled to a lien as well as costs advanced. The same applies if Firm finds it necessary to withdraw, as stated in Paragraph 12 below.

9. **FEE DIVISIONS AMONG LAWYERS AND OUTSIDE COUNSEL (California Rules of Professional Conduct, Rule 1.5.1)**. Firm, the original contracting law firm, has associated with **MICHAEL MEADOWS of CASPER, MEADOWS, SCHWARTZ & COOK** ("Outside Counsel") as Outside Counsel to advance Client's civil case. No additional attorneys' fees payable by Client will be charged for this association of counsel. The total fee charged by all lawyers/attorneys is not increased solely by reasons of the provision for division or sharing of fees between Fiumara & Milligan Law, PC, and Michael Meadows of Casper, Meadows, Schwartz & Cook.

The financial arrangements between Firm and Outside Counsel are 50% / 50%. The fees are hereby fully disclosed to Client in compliance with Rule 1.5.1 of the California Rules of Professional Conduct. Client hereby consents in writing to this division of fees and acknowledges in writing that this division of fees has been fully disclosed in compliance with Rule 1.5.1 of the California Rules of Professional Conduct.

Client's Initials      Original Firm Initials      Outside Counsel Initials

10. **DISCLAIMER OF GUARANTEE**. Client acknowledges that the Firm has made no representation of any type as to the amount, if any, Client may recover in this case, and that any such statements, if given, would merely be matters of opinion, and not predictions of a particular outcome or guarantee.

11. **DISCHARGE OF FIRM**. Client may discharge Firm at any time by written notice effective when received by Firm. Unless specifically agreed by Firm and Client, Firm will provide no further services and advance no further costs on Client's behalf after receipt of such notice. If Firm is Client's attorney of record in any proceeding, Client will execute and return a Substitution of Attorney form immediately on its receipt from Firm. Notwithstanding the discharge, Client will be obligated to pay Firm out of the recovery reasonable attorneys' fees for all services

provided and to reimburse Firm out of the recovery for all costs advanced. In the event of discharge of Firm, the Firm will be reimbursed for costs advanced on behalf of the Client if no settlement and/or recovery is obtained.

12. **WITHDRAWAL OF FIRM.** Firm may withdraw at any time for any reason as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) the Client consents, and/or (b) the Client's conduct renders it unreasonably difficult for Firm to carry out Client's legal representation effectively. In the event the Client insists on taking a matter to trial or binding arbitration against the advice of Firm, or if Client fails to promptly pay their share of costs as set forth in this Agreement, or if Client is at any time incarcerated during the pendency of Firm's representation hereunder, Client hereby agrees that Firm shall have the immediate right to withdraw from further representation of Client and Client hereby authorizes Firm to file a "Substitution of Attorney" with the court and Client agrees to sign a "Substitution of Attorney" substituting either a new attorney or the Client in pro per and thus relieving Firm from further representation Client in this matter.

Notwithstanding Firm's withdrawal, Client will be obligated to pay the Firm out of the recovery a reasonable attorneys' fee for all services provided, and to reimburse Firm out of the recovery for all costs advanced, before the withdrawal. In the event of withdrawal of the Firm, the Firm will be reimbursed for costs advanced on behalf of the Client if no settlement and/or recovery is obtained.

13. **RELEASE OF CLIENT'S PAPERS AND PROPERTY.** At the termination of services under this agreement, Firm will release promptly to Client (at Client's request) all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client had paid for them or not. If Client does not promptly retrieve said papers and property or if Client indicates to Firm that Client does not want said papers and property within five (5) years of termination of services hereunder, Client hereby authorizes Firm to destroy Clients papers and property.

I have read, understand and agree that if I do not request my file within five (5) years of this matter settling my file will be destroyed after five years.

　　　　　　　　　　　　　　　　　　　　　　　Client's Initials　　　Attorney's Initials

14. **RELATED BUT UNKNOWN MATTERS.** In the event that related services, not covered by this contract, are necessary to be provided by Firm to Client, including, e.g., related matters that arise out of the Attorney-Client relationship, such as any amounts collected for Client by Firm, Client shall be under no obligation to pay Firm any additional compensation for any activity of Firm, other than the fees stated herein, unless and until Firm and Client enter into a separate and written agreement. This advisement is made pursuant to the requirements of Business & Professions Code §6147(a)(3).

15. **INSURANCE.** The Firm maintains Errors and Omissions insurance applicable to the services herein rendered. Although Errors and Omissions insurance is not a requirement of the California State Bar, its disclosure is required.

16. **CONDITIONS.** This Agreement shall not take effect, and Firm has no obligation to provide legal services, until such time as Client returns a signed copy of the Agreement to the Firm. Under law, Client is entitled to a copy of this Agreement, receipt of which is acknowledged by Client's signature below.

17. **MEDIATION REQUIREMENT.** Any controversy between the parties regarding the services provided herein, or any claims regarding legal malpractice of attorneys shall be submitted to mediation prior to the filing of any action at law or the filing of a complaint with the California State Bar. The parties shall agree to a single neutral mediator, or, if they cannot agree, shall delegate the Sonoma County Bar Association to appoint one person. The cost of the mediation shall be borne equally by both of the parties to the dispute.

18. **SEVERABILITY.** If any provision of this Agreement is determined to be invalid, illegal, or unenforceable, it shall not affect the enforceability of any other provision of this Agreement. Rather, the invalid, illegal, or unenforceable provision shall be deemed severed from this Agreement, and this Agreement shall be enforced as if the Agreement did not contain the invalid, illegal, or unenforceable provision.

19. **ATTORNEYS' FEES AND COSTS IN ACTION ON AGREEMENT.** The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

20. **ENTIRE AGREEMENT.** This document constitutes the entire Agreement between Firm and Client required by the California Business and Professions Code §6147, et seq. Client shall be presumed to have agreed to all of the provisions set forth in this Agreement unless Client notifies Firm in writing of Client's objection within fifteen (15) days of the date of this Agreement.

*Signatures follow on the next page*

Page **6 of 6**

I HAVE READ AND UNDERSTAND THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE THE FIRM FIRST PROVIDES SERVICES. IF MORE THAN ONE PARTY SIGNS BELOW, WE EACH AGREE TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.

CLIENT

Dated: 01 NOV 2020

AGREED AND ACCEPTED:

Dated: NOV 2, 2020

THE FIRM

FIUMARA & MILLIGAN LAW, PC

MICHAEL A. FIUMARA
ATTORNEY AT LAW

Dated: 11-2-20

CASPER, MEADOWS, SCHWARTZ & COOK

MICHAEL MEADOWS
ATTORNEY AT LAW