**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC | : | Case No. 20-10343 (LSS) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |

**VERIFIED STATEMENT OF BARTLETT LEGAL GROUP, LLC**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submits this verified statement in the jointly administered Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors ("Debtors").

Each of the clients set forth on Exhibit 1 hereto (the "Bartlett Legal Group Clients") has retained Bartlett Legal Group, LLC to represent him or her as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants. Exhibit 1 sets forth the names of the Bartlett Legal Group Clients as of December 17, 2021, together with the nature and amount of the disclosable economic interests held by each of them in relation to the Debtor and the other information required to be disclosed by Bankruptcy Rule 2019. A true and accurate copy of an exemplar engagement agreement between Bartlett Legal Group, LLC and the Bartlett Legal Group Clients is attached hereto as Exhibit 2.

Bartlett Legal Group, LLC does not represent the interests of, and is not fiduciary for, any sexual abuse claimant, other creditor, party in interest, or other entity that has not signed an engagement agreement with Bartlett Legal Group, LLC.

3. The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief; and not for any other purpose.

4. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of any of the Bartlett Legal Group Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the Bartlett Legal Group Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights any of the Bartlett Legal Group Clients may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the Bartlett Legal Group Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the Bartlett Legal Group Clients are

or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; or (viii) a waiver or release of any of the Bartlett Legal Group Client's rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

5. The undersigned reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

6. The undersigned verifies that the foregoing is true and correct, the best of the undersigned's knowledge and belief.

Dated: December 17, 2021.

_____/s/_____
Frank C. Bartlett, Jr.
Bartlett Legal Group, LLC
36 Wallingford Road
Cheshire, CT 06410
Tele: (203)439-7717
Fax: (203) 439-7730
Fed. Bar No. ct26913
frank@bartlettlegalgroup.com

# EXHIBIT 1

# Bartlett Legal Group Clients

| Claimant's Last Name | Claimant's First Name | Claimant's Address | Claim Number | Claim Type |
|---|---|---|---|---|
| | | | 49916 | Abuse - Unliquidated |
| | | | 50318 | Abuse - Unliquidated |
| | | | 62443 | Abuse - Unliquidated |
| | | | 94296 | Abuse - Unliquidated |
| | | | 29112 | Abuse - Unliquidated |
| | | | 37363 | Abuse - Unliquidated |
| | | | 39643 | Abuse - Unliquidated |
| | | | 66307 | Abuse - Unliquidated |
| | | | 38907 | Abuse - Unliquidated |
| | | | 88936 | Abuse - Unliquidated |
| | | | 92609 | Abuse - Unliquidated |
| | | | 88632 | Abuse - Unliquidated |

# EXHIBIT 2

# Exemplar Retainer Agreement

**Attorney-Client Agreement**

I, _____, (hereinafter "Client"), retain and employ Bartlett Legal Group, LLC, (hereinafter "Attorney"), to render legal advice and services in connection with sexual abuse claim.

As fees for legal services rendered the client agrees to pay to the attorneys a contingent fee based on the total recovery obtained for the client, pursuant to the terms set forth in Connecticut General Statutes Section 52-251c. Specifically, said contingent fee shall constitute:

(a). 33 and 1/3 percent for the first three hundred thousand dollars;

(b). 25 percent of the next three hundred thousand dollars;

(c). 20 percent for the next three hundred thousand dollars;

(d). 15 percent for the next three hundred thousand dollars; and

(e). 10 percent for any amount in excess of one million, two hundred thousand dollars.

It is agreed and understood that this employment agreement is on a contingent fee basis. If no recovery is made, the limit of the client's obligations shall be the amount of reasonably incurred expenses as explained below. It is further agreed that the attorneys will not be required to take an appeal of any judgment entered.

All professional costs and expenses are in addition to fees. In particular, these costs and expenses may include, but are not limited to, costs for medical reports, sheriff's fees, court entry fees, expert witness fees, deposition fees, trial exhibits and other out of pocket expenses incurred in pursuing your matter. Professional cost and expenses shall be reimbursed to Attorney at the conclusion of the matter.

Client will furnish complete and accurate information to attorney regarding all matters connected with this employment; permit attorney to handle the preparation and conduct of this case and avoid discussing the case or matter with anyone, particularly any adverse party, attorney or adjuster; inform attorney immediately (within 48 hours) of any change of address or phone number; promptly forward to attorney any correspondence received or papers served, noting the date and time received; and read all copies of documents furnished to client and promptly notify attorney in writing of any apparent error.

Client has been informed that the results of any legal action cannot be guaranteed or predicted with certainty.

Both Attorney and Client agree to have any and all fee disputes settled by a third party arbitrator. Any decision of the third party arbitrator will be binding and final.

Attorney reserves the right to retain outside counsel if in my opinion outside counsel is required to adequately represent your (Client) interests.

Any and all communications made between Attorney and Client are confidential, however, Attorney cannot guarantee the confidentiality of information which is electronically transferred, including both e-mail and fax transmissions. I will use all efforts to maintain confidentiality when electronic communications are initiated by Client.

At the conclusion of this matter, we will destroy the hard copy of your legal file and retain an electronic copy of your file for a period of seven (7) years after we close our file. At the expiration of the seven (7) year period, we will destroy the electronic files unless you notify us in writing that you wish to take possession of them. We reserve the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

You have the right to terminate my services at any time by delivering a signed letter notifying me of the termination of our attorney-client relationship. You shall remain liable for, and shall promptly pay, all costs advanced and the quantum merit value of services rendered through the time and date of my receipt of such notice of termination. Upon such termination, by you or by me, our office will issue to you an itemized statement of the quantum merit value of the services rendered and costs advanced to the date of termination.

This signed agreement is the final and complete understanding of the Attorney and Client relationship so established.

Dated at _____, _____ on \_\_\_ _____.

BY _____   _____

Attorney agrees to accept employment in accordance with this agreement.

Bartlett Legal Group, LLC

BY \_   _____
**Frank C. Bartlett, Jr.**