# **Exhibit 2**

# **Exemplar PSB Engagement Letters**



11111 Santa Monica Boulevard, Suite 700
Los Angeles, California  90025
310.477.1700 Phone
310.477.1699 Fax
www.psblaw.com

## ATTORNEY-CLIENT CONTINGENT FEE CONTRACT

This ATTORNEY-CLIENT CONTINGENT FEE CONTRACT (the "Agreement") is the written fee contract that California law requires lawyers to have with their clients.  It is between PANISH SHEA & BOYLE LLP, PFAU COCHRAN VERTETIS AMALA PLLC (collectively referred to as "Attorneys"), and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Client").

**1)    CONDITIONS.**  This Agreement will not take effect, and Attorneys will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2)    SCOPE OF SERVICES.**  Client is hiring Attorneys to represent Client in the matter of Client's claims arising out of childhood sexual abuse involving Boy Scout Master, Mr. Robertson.  Attorneys will provide those legal services reasonably required to represent Client in these claims and will take reasonable steps to inform Client of progress and to respond to Client's inquiries.  Attorneys will represent Client in any court action until a settlement or judgment, by motion, arbitration or trial, is reached, and in connection with any appropriate post-trial motions.  After judgment, Attorneys will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, unless Client and Attorneys agree that Attorneys will provide such services and also agree upon additional fees, if any, to be paid to attorney for such services.

**3)    CLIENT'S DUTIES.**  Client agrees to be truthful with Attorneys, to cooperate, to keep Attorneys informed of any developments, to abide by this Agreement, to pay bills for costs (if any) on time, and to keep Attorneys informed of Client's address, telephone number and whereabouts.  Client agrees to appear at all legal proceedings when Attorneys deem it necessary, and generally to cooperate fully with Attorneys in all matters related to the preparation and presentation of Client's claims.

**4)    LEGAL FEES, COSTS AND BILLING PRACTICES.**  Attorneys will only be compensated for legal services rendered if a recovery is obtained for Client.  If no recovery is obtained, Client will not be obligated to pay any fees or costs to Attorneys.

   Attorneys' fees will be calculated as follows:

If the matter is resolved before the filing of a lawsuit, bankruptcy, or other formal initiation of proceedings, then Attorneys' fee will be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the total amount received by Client; if the matter is resolved (by settlement, judgment, or otherwise) after the filing of a lawsuit, after the filing of a bankruptcy, or other formal initiation of proceedings, then Attorney's fee will be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the total amount received by Client.

The Client's net recovery will be the sum of money which remains from the total amount received by settlement, arbitration award, bankruptcy award, restitution award, or judgment (including awards to Client of attorney's fees, interest and costs), <u>after</u> the deduction of attorney's fees (which will be subtracted first) and the further deduction of all unpaid costs and disbursements as set forth in Paragraph 6.

If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the "total amount received", for purposes of calculating the attorney's fees, will be (a) the initial lump-sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter; (b) the cost to the defendant of purchasing the annuity or other deferred-payment asset; or (c) if the asset is self-funded, the cost of purchasing a comparable asset on the open market. The attorney's fees will be paid out of the initial lump-sum payment. If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

In the event of discharge or withdrawal of Attorney as provided in Paragraph 10, Client agrees that Attorneys shall be entitled to be paid by Client, upon payment of any settlement, arbitration award, bankruptcy award, restitution award, or judgment in favor of Client, a reasonable fee for the legal services provided by Attorney to Client, as well as reimbursement of costs.

**5) NEGOTIABILITY OF FEES.** The rates set forth above are not set by law but were negotiated between Attorneys and Client.

**6) COSTS AND EXPENSES.** Attorneys will advance all litigation and trial costs and expenses. Client will reimburse attorneys for such advanced costs and expenses upon settlement, arbitration award, bankruptcy award, restitution award, or judgment. "Costs and expenses" include filing and court fees, service of process fees, mediator and special master fees, jury fees, investigation fees and expenses, expert consultant and witness fees, deposition costs, court transcripts, photocopying, printing and other reproduction charges, exhibits, graphic artist and filming fees, PowerPoint fees, computer animation fees, computer reenactment fees, computerized research, word processing charges, mock trials or focus groups, jury trial consultant fees, telephone toll charges, travel costs (including mileage, charter and other air travel, accommodations, meals, parking and other incidental travel expenses), messenger and other delivery charges, postage, appellate counsel fees, and any other necessary expenses in this matter. Client authorizes Attorneys to incur all reasonable costs and to hire any investigators, consultants, expert witnesses, bankruptcy counsel, trust and estate counsel, and appellate counsel reasonably necessary in Attorneys' judgment. Client further authorizes Attorneys to incur all reasonable costs to retain an outside service to negotiate the reduction of any liens and subrogation claims, including any claims for future medical cost "set asides".

Notwithstanding the foregoing, Client will bear no responsibility for reimbursing Attorneys for advanced costs and expenses if there is no monetary recovery obtained by settlement, arbitration award, bankruptcy award, restitution award, or judgment.

If an award of costs is sought on Client's behalf in this action, Client understands that the amount the Court may order as costs is the amount the Court believes the party is entitled to recover under applicable law and does not determine the costs for which the Attorneys are entitled to receive reimbursement from Client. In the event of an unsuccessful result against one or more defendants, it is possible that those defendants could obtain an award of costs and/or fees against Client. Any such award would be entirely the responsibility of Client.

Client agrees that Attorneys may withhold a portion of Client's net recovery for up to one hundred twenty (120) days following Client's signing of a client accounting to compensate for additional costs that were or may be incurred and were not included in the initial client accounting. Any balance of the withheld amount will be paid to Client after any additional costs are reimbursed to Attorneys.

**7) INSURANCE COVERAGE.** Attorneys maintain errors and omissions insurance coverage applicable to the services to be rendered to client.

**8) ARBITRATION.** Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, including any claim by Client against Attorneys for breach of contract, professional negligence (malpractice), breach of fiduciary duty or any other tort or contract claim, shall be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The sole and exclusive venue for the arbitration and or any legal dispute, shall be in Los Angeles, California unless otherwise agreed to by the parties.

Client acknowledges that Client can retain an attorney whose retainer agreement does not contain an arbitration provision and that Client has been fully advised of all of the possible consequences of arbitration including, but not limited to:

   a. the parties are waiving their right to a jury trial and to seek remedies available in court proceedings;
   b. prearbitration discovery is generally more limited than and different from court proceedings;
   c. the arbitrator's award is not required to include factual findings or legal reasoning; and
   d. any party's right to appeal or to seek modification of the award is strictly limited and the award is final and binding on the parties.

Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, *et seq.* If Client does not timely elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration under the AAA Rules as described above.

**9) RELATED UNKNOWN MATTERS.** Client represents that Client does not know of any related legal matters that would require legal services to be provided under this Agreement. Such related matters might include, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy or claims by any defendant or possible defendant in this matter. If such a matter arises later, Client agrees that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Client and Attorneys agree that Attorney will perform that additional legal work.

**10) DISCHARGE AND WITHDRAWAL.** Client may discharge Attorneys at any time, upon written notice to Attorneys, and Attorneys will immediately, after receiving such notice, cease to render additional services. Such a discharge does not, however, relieve Client of the obligation to pay any costs incurred prior to such termination, and Attorneys have the right to recover from Client the reasonable value of Attorneys' legal services rendered from the effective date of the Agreement (Paragraph 15) to the date of discharge. Attorneys may withdraw from representation of Client (a) with Client's consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Client.

**11) LIEN.** Client hereby grants Attorneys a lien on any and all claims or causes of action that are the subject of Attorneys' representation under this Agreement. Attorneys' lien will be for any sums owing to Attorneys for any unpaid costs or attorney's fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. This means that Attorneys may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorneys have been discharged or have withdrawn from the case before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien. By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer.

**12) ENDORSEMENT AUTHORIZATION.** Client hereby grants Attorneys authorization to endorse on Client's behalf any checks, drafts, and other orders for the payment of money which are payable to Client so that the amount can be deposited in the Client Trust Account of Panish Shea & Boyle LLP.

**13) CONCLUSION OF SERVICES.** When Attorneys' services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After Attorneys' services conclude, Attorneys will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorneys' possession.

**14) DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorneys make no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorneys' comments about the outcome of Client's matter are expressions of opinion only.

**15) EFFECTIVE DATE.** This Agreement will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorneys first performed services on behalf of Client.

**16) FILE RETENTION.** After the conclusion of the matter, Attorneys will notify Client that Client is entitled to take possession of the file in the case. If Client does not wish to take possession of the file, Attorneys are authorized to dispose of the file.

**17) CONFLICT WAIVER.** Attorneys have discussed with Client that Attorneys represent or may represent more than one plaintiff in this action, or that has a similar claim as Client against one or more of the same entities, and that potential conflicts of interest could result. By signing this document, Client certifies that Client has been informed of the potential conflicts of interest and waives any potential conflict of interest that could result from Attorney representing more than one plaintiff.

**18) FEE SHARING.** Client understands and acknowledges that Pfau Cochran Vertetis Amala PLLC is the co-counsel in this matter and is entitled to an equal share in the attorney's fees. Client understands that this agreement will not increase the total amount of attorney's fees owed to Attorneys by Client. Pursuant to California Rule of Professional Conduct 1.5.1, Client agrees that the fee will be shared as follows: ▆▆ to Panish Shea & Boyle LLP and ▆▆ to Pfau Cochran Vertetis Amala PLLC.

Dated February 19, 2020.

Attorney:
PANISH SHEA & BOYLE LLP

By: _____
Spencer Lucas, as an agent of Panish Shea & Boyle LLP

Attorney:
PFAU COCHRAN VERTETIS AMALA PLLC

By: _____
Jason P. Amala, as an agent of Pfau Cochran Vertetis Amala PLLC

I/WE HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

**CLIENT:**
Please PRINT your full name here: ▬▬▬▬▬▬▬▬▬▬

Please SIGN here: ▬▬▬▬▬▬▬▬▬▬

| | |
|---|---|
| Client's Full Name: ▬▬▬▬▬▬▬▬▬▬ | |
| Client's Address: ▬▬▬▬▬▬▬▬▬▬ | |
| Home No.: _____ | Work No.: _____ |
| Cell No.: ▬▬▬▬▬▬ | SSN ▬▬▬▬▬▬ |
| Spouse Info | |
| Full Name: ▬▬▬▬▬▬ | |
| Phone: (▬▬▬ | |
| Emerge▬▬▬ | |

Page **5** of **5**



11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 Phone
310.477.1699 Fax
www.psblaw.com

## ATTORNEY-CLIENT CONTINGENT FEE CONTRACT

This ATTORNEY-CLIENT CONTINGENT FEE CONTRACT (the "Agreement") is the written fee contract that California law requires lawyers to have with their clients. It is between PANISH SHEA & BOYLE LLP, PFAU COCHRAN VERTETIS AMALA PLLC (collectively referred to as "Attorneys"), and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ("Client").

    **CONDITIONS.** This Agreement will not take effect, and Attorneys will have no obligation to provide legal services, until the Client returns a signed copy of this Agreement.

    **SCOPE OF SERVICES.** Client is hiring Attorneys to represent Client in the matter of Client's claims arising out of <u>childhood sexual abuse involving the Boy Scouts of America.</u> Attorneys will provide those legal services reasonably required to represent Client in these claims and will take reasonable steps to inform Client of progress and to respond to Client's inquiries. Attorneys will represent Client in any court action until a settlement or judgment, by motion, arbitration or trial, is reached, and in connection with any appropriate post-trial motions. After judgment, Attorneys will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, unless Client and Attorneys agree that Attorneys will provide such services and also agree upon additional fees, if any, to be paid to attorneys for such services.

    **CLIENT'S DUTIES.** Client agrees to be truthful with Attorneys, to cooperate, to keep Attorneys informed of any developments, to abide by this Agreement, to pay bills for costs (if any) on time, and to keep Attorneys informed of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorneys deem it necessary, and generally to cooperate fully with Attorneys in all matters related to the preparation and presentation of Client's claims.

    **LEGAL FEES, COSTS AND BILLING PRACTICES.** Attorneys will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will not be obligated to pay any fees or costs to Attorneys.

    Attorneys' fees will be calculated as follows:

If the matter is resolved before the filing of a lawsuit, bankruptcy, or other formal initiation of proceedings, then Attorneys' fee will be ▬▬▬▬▬▬▬▬▬▬ of the total amount received by Client; if the matter is resolved (by settlement, judgment, or otherwise) after the filing of a lawsuit, after the filing of a bankruptcy, or other formal initiation of proceedings, then Attorney's fee will be ▬▬▬▬▬▬▬▬ of the total amount received by Client.

The Client's net recovery will be the sum of money which remains from the total amount received by settlement, arbitration award, bankruptcy award, restitution award, or judgment (including awards to Client of attorney's fees, interest and costs), <u>after</u> the deduction of attorney's fees (which will be subtracted first) and the further deduction of all unpaid costs and disbursements as set forth in Paragraph 6.

If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the "total amount received", for purposes of calculating the attorney's fees, will be (a) the initial lump-sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter; (b) the cost to

the defendant of purchasing the annuity or other deferred-payment asset; or (c) if the asset is self-funded, the cost of purchasing a comparable asset on the open market. The attorney's fees will be paid out of the initial lump-sum payment. If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

In the event of discharge or withdrawal of Attorney as provided in Paragraph 10, Client agrees that Attorneys shall be entitled to be paid by Client, upon payment of any settlement, arbitration award, bankruptcy award, restitution award, or judgment in favor of Client, a reasonable fee for the legal services provided by Attorney to Client, as well as reimbursement of costs.

**NEGOTIABILITY OF FEES.** The rates set forth above are not set by law but were negotiated between Attorneys and Client.

**COSTS AND EXPENSES.** Attorneys will advance all litigation and trial costs and expenses. Client will reimburse attorneys for such advanced costs and expenses upon settlement, arbitration award, bankruptcy award, restitution award, or judgment. "Costs and expenses" include filing and court fees, service of process fees, mediator and special master fees, jury fees, investigation fees and expenses, expert consultant and witness fees, deposition costs, court transcripts, photocopying, printing and other reproduction charges, exhibits, graphic artist and filming fees, PowerPoint fees, computer animation fees, computer reenactment fees, computerized research, word processing charges, mock trials or focus groups, jury trial consultant fees, telephone toll charges, travel costs (including mileage, charter and other air travel, accommodations, meals, parking and other incidental travel expenses), messenger and other delivery charges, postage, appellate counsel fees, and any other necessary expenses in this matter. Client authorizes Attorneys to incur all reasonable costs and to hire any investigators, consultants, expert witnesses, bankruptcy counsel, trust and estate counsel, and appellate counsel reasonably necessary in Attorneys' judgment. Client further authorizes Attorneys to incur all reasonable costs to retain an outside service to negotiate the reduction of any liens and subrogation claims, including any claims for future medical cost "set asides".

Notwithstanding the foregoing, Client will bear no responsibility for reimbursing Attorneys for advanced costs and expenses if there is no monetary recovery obtained by settlement, arbitration award, bankruptcy award, restitution award, or judgment.

If an award of costs is sought on Client's behalf in this action, Client understands that the amount the Court may order as costs is the amount the Court believes the party is entitled to recover under applicable law and does not determine the costs for which the Attorneys are entitled to receive reimbursement from Client. In the event of an unsuccessful result against one or more defendants, it is possible that those defendants could obtain an award of costs and/or fees against Client. Any such award would be entirely the responsibility of Client.

Client agrees that Attorneys may withhold a portion of Client's net recovery for up to one hundred twenty (120) days following Client's signing of a client accounting to compensate for additional costs that were or may be incurred and were not included in the initial client accounting. Any balance of the withheld amount will be paid to Client after any additional costs are reimbursed to Attorneys.

**INSURANCE COVERAGE.** Attorneys maintain errors and omissions insurance coverage applicable to the services to be rendered to client.

**ARBITRATION. Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, including any claim by Client against Attorneys for breach of contract, professional negligence (malpractice), breach of fiduciary duty or any other tort or contract claim, shall be submitted to binding arbitration in accordance with the Commercial**

**Arbitration Rules of the American Arbitration Association ("AAA"). The sole and exclusive venue for the arbitration and or any legal dispute, shall be in Los Angeles, California unless otherwise agreed to by the parties.**

**Client acknowledges that Client can retain an attorney whose retainer agreement does not contain an arbitration provision and that Client has been fully advised of all of the possible consequences of arbitration including, but not limited to:**

   a.   the parties are waiving their right to a jury trial and to seek remedies available in court proceedings;
   b.   prearbitration discovery is generally more limited than and different from court proceedings;
   c.   the arbitrator's award is not required to include factual findings or legal reasoning; and
   d.   any party's right to appeal or to seek modification of the award is strictly limited and the award is final and binding on the parties.

**Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, *et seq*. If Client does not timely elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration under the AAA Rules as described above.**

      **RELATED UNKNOWN MATTERS.** Client represents that Client does not know of any related legal matters that would require legal services to be provided under this Agreement. Such related matters might include, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy or claims by any defendant or possible defendant in this matter. If such a matter arises later, Client agrees that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Client and Attorneys agree that Attorney will perform that additional legal work.

      **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorneys at any time, upon written notice to Attorneys, and Attorneys will immediately, after receiving such notice, cease to render additional services. Such a discharge does not, however, relieve Client of the obligation to pay any costs incurred prior to such termination, and Attorneys have the right to recover from Client the reasonable value of Attorneys' legal services rendered from the effective date of the Agreement (Paragraph 15) to the date of discharge. Attorneys may withdraw from representation of Client (a) with Client's consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Client.

      **LIEN.** Client hereby grants Attorneys a lien on any and all claims or causes of action that are the subject of Attorneys' representation under this Agreement. Attorneys' lien will be for any sums owing to Attorneys for any unpaid costs or attorney's fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. This means that Attorneys may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorneys have been discharged or have withdrawn from the case before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien. By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer.

**ENDORSEMENT AUTHORIZATION.** Client hereby grants Attorneys authorization to endorse on Client's behalf any checks, drafts, and other orders for the payment of money which are payable to Client so that the amount can be deposited in the Client Trust Account of Panish Shea & Boyle LLP.

**CONCLUSION OF SERVICES.** When Attorneys' services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After Attorneys' services conclude, Attorneys will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorneys' possession.

**DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorneys make no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorneys' comments about the outcome of Client's matter are expressions of opinion only.

**EFFECTIVE DATE.** This Agreement will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorneys first performed services on behalf of Client.

**FILE RETENTION.** After the conclusion of the matter, Attorneys will notify Client that Client is entitled to take possession of the file in the case. If Client does not wish to take possession of the file, Attorneys are authorized to dispose of the file.

**CONFLICT WAIVER. Attorneys have discussed with Client that Attorneys represent or may represent more than one plaintiff in this action, or that has a similar claim as Client against one or more of the same entities, and that potential conflicts of interest could result. By signing this document, Client certifies that Client has been informed of the potential conflicts of interest and waives any potential conflict of interest that could result from Attorney representing more than one plaintiff.**

**FEE SHARING.** Client understands and acknowledges that Pfau Cochran Vertetis Amala PLLC is the co-counsel in this matter. Client also understands that TorkLaw is the referring attorney in this matter and is entitled to a share in the attorney's fees. Client understands that this agreement will not increase the total amount of attorney's fees owed to Attorneys by Client. Pursuant to California Rule of Professional Conduct 1.5.1, Client agrees that the attorneys fees will be shared as follows: ▮▮▮ to Panish Shea & Boyle LLP, ▮▮▮ to Pfau Cochran Vertetis Amala PLLC and ▮▮▮ to TorkLaw.

Attorney:
PANISH SHEA & BOYLE LLP

By: *(signature)*
Spencer Lucas, as an agent of Panish Shea & Boyle LLP

Attorney:
PFAU COCHRAN VERTETIS AMALA PLLC

By: *(signature)*
Jason P. Amala, as an agent of Pfau Cochran Vertetis Amala PLLC

I/WE HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.  CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

**CLIENT:**

Please PRINT your full name here: ▉▉▉▉▉▉▉

Please SIGN here: ▉▉▉▉▉▉▉

Client's Full Name: ▉▉▉▉▉▉▉

Client's Address: ▉▉▉▉▉▉▉

Home No.:                                   Work No.:

Cell No.: ▉▉▉▉▉                    SSN:

Email Address: ▉▉▉▉▉▉▉        DOB: ▉▉▉▉

**Spouse Info**

Full Name:

Phone:                      SSN:                      DOB:

Emergency Contact Info:



# ATTORNEY-CLIENT CONTINGENT FEE CONTRACT

This ATTORNEY-CLIENT CONTINGENT FEE CONTRACT (the "Agreement") is the written fee contract that California law requires lawyers to have with their clients. It is between PANISH SHEA & BOYLE LLP, Pfau Cochran Vertetis Amala PLLC and The Ledger Law Firm collectively referred to as "Attorneys"), and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("Client").

**1)    CONDITIONS.**  This Agreement will not take effect, and Attorneys will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2)    SCOPE OF SERVICES.**  Client is hiring Attorneys to represent Client in the matter of Client's claims arising out of <u>Boy Scotts of America</u>.  Attorneys will provide those legal services reasonably required to represent Client in these claims and will take reasonable steps to inform Client of progress and to respond to Client's inquiries.  Attorneys will represent Client in any court action until a settlement or judgment, by motion, arbitration or trial, is reached, and in connection with any appropriate post-trial motions.  After judgment, Attorneys will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, unless Client and Attorneys agree that Attorneys will provide such services and also agree upon additional fees, if any, to be paid to attorney for such services.

**3)    CLIENT'S DUTIES.**  Client agrees to be truthful with Attorneys, to cooperate, to keep Attorneys informed of any developments, to abide by this Agreement, to pay bills for costs (if any) on time, and to keep Attorneys informed of Client's address, telephone number and whereabouts.  Client agrees to appear at all legal proceedings when Attorneys deem it necessary, and generally to cooperate fully with Attorneys in all matters related to the preparation and presentation of Client's claims.

**4)    LEGAL FEES, COSTS AND BILLING PRACTICES.**  Attorneys will only be compensated for legal services rendered if a recovery is obtained for Client.  If no recovery is obtained, Client will not be obligated to pay any fees or costs to Attorneys.

Attorneys' fees will be calculated as follows:

If the matter is resolved before the filing of a lawsuit, bankruptcy, or other formal initiation of proceedings, then Attorneys' fee will be ▇▇▇▇▇▇▇▇▇▇▇▇▇ of the total amount received by Client; if the matter is resolved (by settlement, judgment, or otherwise) after the filing of a lawsuit, after the filing of a bankruptcy, or other formal initiation of proceedings, then Attorney's fee will be ▇▇▇▇▇▇▇▇▇▇ of the total amount received by Client.

The Client's net recovery will be the sum of money which remains from the total amount received by settlement, arbitration award, bankruptcy award, restitution award, or judgment (including awards to Client of attorney's fees, interest and costs), <u>after</u> the deduction of attorney's fees (which will be subtracted first) and the further deduction of all unpaid costs and disbursements as set forth in Paragraph 6.

If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the "total amount received", for purposes of calculating the attorney's fees, will be (a) the initial lump-sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter; (b) the cost to the defendant of purchasing the annuity or other deferred-payment asset; or (c) if the asset is self-funded,

the cost of purchasing a comparable asset on the open market. The attorney's fees will be paid out of the initial lump-sum payment. If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

In the event of discharge or withdrawal of Attorney as provided in Paragraph 10, Client agrees that Attorneys shall be entitled to be paid by Client, upon payment of any settlement, arbitration award, bankruptcy award, restitution award, or judgment in favor of Client, a reasonable fee for the legal services provided by Attorney to Client, as well as reimbursement of costs.

5) **NEGOTIABILITY OF FEES.** The rates set forth above are not set by law but were negotiated between Attorneys and Client.

6) **COSTS AND EXPENSES.** Attorneys will advance all litigation and trial costs and expenses. Client will reimburse attorneys for such advanced costs and expenses upon settlement, arbitration award, bankruptcy award, restitution award, or judgment. "Costs and expenses" include filing and court fees, service of process fees, mediator and special master fees, jury fees, investigation fees and expenses, expert consultant and witness fees, deposition costs, court transcripts, photocopying, printing and other reproduction charges, exhibits, graphic artist and filming fees, PowerPoint fees, computer animation fees, computer reenactment fees, computerized research, word processing charges, mock trials or focus groups, jury trial consultant fees, telephone toll charges, travel costs (including mileage, charter and other air travel, accommodations, meals, parking and other incidental travel expenses), messenger and other delivery charges, postage, appellate counsel fees, and any other necessary expenses in this matter. Client authorizes Attorneys to incur all reasonable costs and to hire any investigators, consultants, expert witnesses, bankruptcy counsel, trust and estate counsel, and appellate counsel reasonably necessary in Attorneys' judgment. Client further authorizes Attorneys to incur all reasonable costs to retain an outside service to negotiate the reduction of any liens and subrogation claims, including any claims for future medical cost "set asides".

Notwithstanding the foregoing, Client will bear no responsibility for reimbursing Attorneys for advanced costs and expenses if there is no monetary recovery obtained by settlement, arbitration award, bankruptcy award, restitution award, or judgment.

If an award of costs is sought on Client's behalf in this action, Client understands that the amount the Court may order as costs is the amount the Court believes the party is entitled to recover under applicable law and does not determine the costs for which the Attorneys are entitled to receive reimbursement from Client. In the event of an unsuccessful result against one or more defendants, it is possible that those defendants could obtain an award of costs and/or fees against Client. Any such award would be entirely the responsibility of Client.

Client agrees that Attorneys may withhold a portion of Client's net recovery for up to one hundred twenty (120) days following Client's signing of a client accounting to compensate for additional costs that were or may be incurred and were not included in the initial client accounting. Any balance of the withheld amount will be paid to Client after any additional costs are reimbursed to Attorneys.

7) **INSURANCE COVERAGE.** Attorneys maintain errors and omissions insurance coverage applicable to the services to be rendered to client.

8) **ARBITRATION. Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, including any claim by Client against Attorneys for breach of contract, professional negligence (malpractice), breach of fiduciary duty or any other tort or contract claim, shall be submitted to binding arbitration in accordance with the**

**Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The sole and exclusive venue for the arbitration and or any legal dispute, shall be in Los Angeles, California unless otherwise agreed to by the parties.**

**Client acknowledges that Client can retain an attorney whose retainer agreement does not contain an arbitration provision and that Client has been fully advised of all of the possible consequences of arbitration including, but not limited to:**

    a.    **the parties are waiving their right to a jury trial and to seek remedies available in court proceedings;**
    b.    **prearbitration discovery is generally more limited than and different from court proceedings;**
    c.    **the arbitrator's award is not required to include factual findings or legal reasoning; and**
    d.    **any party's right to appeal or to seek modification of the award is strictly limited and the award is final and binding on the parties.**

**Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200,** *et seq.* **If Client does not timely elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration under the AAA Rules as described above.**

**9)    RELATED UNKNOWN MATTERS.** Client represents that Client does not know of any related legal matters that would require legal services to be provided under this Agreement. Such related matters might include, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy or claims by any defendant or possible defendant in this matter. If such a matter arises later, Client agrees that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Client and Attorneys agree that Attorney will perform that additional legal work.

**10)    DISCHARGE AND WITHDRAWAL.** Client may discharge Attorneys at any time, upon written notice to Attorneys, and Attorneys will immediately, after receiving such notice, cease to render additional services. Such a discharge does not, however, relieve Client of the obligation to pay any costs incurred prior to such termination, and Attorneys have the right to recover from Client the reasonable value of Attorneys' legal services rendered from the effective date of the Agreement (Paragraph 15) to the date of discharge. Attorneys may withdraw from representation of Client (a) with Client's consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Client.

**11)    LIEN.** Client hereby grants Attorneys a lien on any and all claims or causes of action that are the subject of Attorneys' representation under this Agreement. Attorneys' lien will be for any sums owing to Attorneys for any unpaid costs or attorney's fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. This means that Attorneys may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorneys have been discharged or have withdrawn from the case before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien. By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer.

**12) ENDORSEMENT AUTHORIZATION.** Client hereby grants Attorneys authorization to endorse on Client's behalf any checks, drafts, and other orders for the payment of money which are payable to Client so that the amount can be deposited in the Client Trust Account of Panish Shea & Boyle LLP.

**13) CONCLUSION OF SERVICES.** When Attorneys' services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After Attorneys' services conclude, Attorneys will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorneys' possession.

**14) DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorneys make no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorneys' comments about the outcome of Client's matter are expressions of opinion only.

**15) EFFECTIVE DATE.** This Agreement will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorneys first performed services on behalf of Client.

**16) FILE RETENTION.** After the conclusion of the matter, Attorneys will notify Client that Client is entitled to take possession of the file in the case. If Client does not wish to take possession of the file, Attorneys are authorized to dispose of the file.

**17) CONFLICT WAIVER.** Attorneys have discussed with Client that Attorneys represent or may represent more than one plaintiff in this action, or that has a similar claim as Client against one or more of the same entities, and that potential conflicts of interest could result. By signing this document, Client certifies that Client has been informed of the potential conflicts of interest and waives any potential conflict of interest that could result from Attorney representing more than one plaintiff.

**18) FEE SHARING.** Client understands and acknowledges that Pfau Cochran Vertetis Amala PLLC is the co-counsel in this matter and is entitled to an equal share in the attorney's fees. Client understands that this agreement will not increase the total amount of attorney's fees owed to Attorneys by Client. Pursuant to California Rule of Professional Conduct 1.5.1, Client agrees that the fee will be shared as follows: ▓ to Panish Shea & Boyle LLP, ▓ to Pfau Cochran Vertetis Amala PLLC and ▓ to The Ledger Law Firm.

Dated: 9/25/2020        Signed: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dated: 9/25/2020        Signed: *Emery Ledger, Ledger Law Firm*
                                Signature of The Ledger Law Firm

Dated: _____   Signed: _____
                                Signature of Panish Shea & Boyle

Dated: _____   Signed: _____
                                Signature of Pfau Cochran Vertis Amala PLLC

I/WE HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.  CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

**CLIENT:**
Please PRINT your full name here: ███████████████

DocuSigned by:
Please SIGN here: ███████████████

Client's Full Name: ███████████████
Client's Address: ███████████████

Home No.: _____   Work No.: _____
Cell No.: ███████████████   SSN: _____
Email Address: ███████████████   DOB: _____

**Spouse Info**
Full Name: _____
Phone: _____   SSN: _____   DOB: _____
Emergency Contact Info: _____
_____



# PFAU COCHRAN VERTETIS AMALA
*A Professional Limited Liability Company*

**Seattle**
Columbia House
403 Columbia St, Suite 500
Seattle, WA 98104
(206) 462-4334 Phone
(206) 623-3624 Facsimile

**Tacoma**
Metzger Building
911 Pacific Ave, Suite 200
Tacoma, WA 98402
Phone (253) 777-0799
Facsimile (253) 627-0654

**Michael T. Pfau**
Email: michael@pcvalaw.com
Direct No.: (206) 451-8260

May 4, 2020

Sent via Email:

Re: *Written Consent for Law Firms to Associate; and Joint Representation and Prosecution Agreement*

Dear ▇▇▇▇:

We appreciate your confidence in our legal team to represent you against the LDS Church, the Boy Scouts of America, and other responsible parties for claims arising from childhood sexual abuse at the hands ▇▇▇▇

As we previously discussed, three law firms will be working together to represent you in this important case and will be dividing the legal fee as follows:  Mark Kamitomo's firm, the Markam Group ▇▇; my firm, Pfau Cochran Vertetis Amala ▇▇; and the California-based firm, Panish Shea & Boyle ▇▇.  The legal rules of ethics require us to disclose and obtain your written approval of the foregoing law firm association and fee split.  Please note, however, the association of our three firms in your case will <u>not</u> have any impact on the amount of the recovery you receive per the Retainer Agreement, which is ▇▇ of the gross recovery, minus costs.  In other words, you do not pay any additional fees for the benefit of having multiple law firms represent you.  Rather, our three firms will divide the ▇▇ contingency fee taken from the gross recovery per the breakdown above.

Please sign at the bottom and return the signed letter to us to indicate your written approval of law firm association and fee split.

In addition, enclosed is our firm's Acknowledgment of Joint Representation and Prosecution Agreement that will allow us to represent you against the Boy Scouts of America in the bankruptcy proceeding along with the many other clients we represent who have similar claims. Per the legal rules of ethics, anytime a lawyer represents a client with similar claims against the same defendant, there are potential conflicts of interests that may arise, and therefore, the lawyer is required to obtain written informed consent from the client.  Here, as noted, we represent other

Page 2

men with similar claims against the Boy Scouts of America. If you would like us to represent you in the BSA bankruptcy as we have discussed, please review the enclosed Acknowledgement of Joint Representation and Prosecution, and return it to us with your signature by email or mail in the enclosed stamped/addressed envelope.

If you have any questions on either of these issues, please do not hesitate to contact me.

Sincerely,

*[signature]*

Michael T. Pfau

My signature below indicates my written approval of the law firm association detailed above.

May 4 2021
Date

cc: Mark Kamitomo, Esq.
    Spencer Lucas, Esq.

4832-7582-3392, v. 1