IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF CHAFFIN LUHANA, LLP
PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), CHAFFIN LUHANA, LLP (the "Firm"), whose clients are listed on **Exhibit A** hereto (collectively, the "Clients"), hereby submits this verified statement (this "Verified Statement") as required under the Order *(I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1.  On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with me or other members of the Firm.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5. Attached hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter") used by the Firm to engage the Clients. The Engagement Letter might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6. The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any and all

non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

The Clients, through their undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

**BIELLI & KLAUDER, LLC**

Dated: December 20, 2021

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE  19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
dklauder@bk-legal.com

- and -

**CHAFFIN LUHANA, LLP**
Steven D. Cohn, Esq.
Eric T. Chaffin, Esq.
600 Third Ave., 12th Floor
New York, NY 10016
Phone: (347) 269-4465
cohn@chaffinluhana.com
chaffin@chaffinluhana.com

*Counsel for CHAFFIN LUHANA, LLP, P.C. Claimants*

# Exhibit A

## (Client List)

### [THIS EXHIBIT TO BE FILED UNDER SEAL]

| Name | Address | Claim No. |
|---|---|---|
| | | SA-40246 |
| | | SA-65515 |
| | | SA-39866 |
| | | SA-52785 |
| | | SA-40307 |
| | | SA-40089 |
| | | SA-65385 |
| | | SA-41889 |
| | | SA-39952 |
| | | SA-40083 |
| | | SA-52800 |
| | | SA-59944 |
| | | SA-39928 |
| | | SA-56280 |
| | | SA-41801 and SA-52719 |
| | | SA-40312 |
| | | SA-64231 |
| | | SA-42293 |
| | | SA-40001 |
| | | SA-39765 |
| | | SA-65429 |
| | | SA-54470 |
| | | SA-40952 |
| | | SA-40062 |
| | | SA-69990 |
| | | SA-40197 |
| | | SA-40122 |
| | | SA-60190 |
| | | SA-39896 |
| | | SA-65375 |

**EXHIBIT B**
**(Engagement Letter Exemplar)**



TOLL FREE: (888) 480-1123
FAX: (888) 499-1123
www.ChaffinLuhana.com

I/We (the "Client"),_____, retain Chaffin Luhana LLP (the "Law Firm"), as my attorney, to represent me for a potential claim for damages as a result of Boy Scout Sexual Abuse.

     In consideration of the services to be rendered by the Law Firm, the Client agrees to pay the following CONTINGENT fee ("fee"): _____ percent of the gross sum recovered for the above claim, whether recovered by lawsuit, settlement or otherwise.

     The Client understands that this fee will be paid ONLY if there is a recovery.

     The Law Firm will advance all case/litigation costs. The Client will NOT pay any costs out of pocket. If there is a recovery, the Client will reimburse the Law Firm for case/litigation costs incurred by the Law Firm for investigating and prosecuting the case from the gross recovery. Costs will be deducted from the Client's portion of the recovery (after attorneys' fees are deducted and before any other distributions). The Client authorizes the Law Firm to retain as a cost, any and all costs and expenses incurred including, but not limited to, expenses incurred for: consultants, experts, investigators, lien resolution services by Garretson Resolution Group or similar companies, filings, discovery, medical records, legal research, nurse paralegal and interest on case development loans incurred by the Law Firm for and on behalf of the Client.

     The Client agrees and understands that if there is no recovery then the client will NOT be responsible for payment of the fee or litigation costs and expenses incurred by the Law Firm on the Client's behalf.

     Client shall keep the Law Firm advised of any changes in Client's address, telephone number or other contact information or any bankruptcy filing/anticipated filing. If the Client fails to do so, the Law Firm may withdraw and/or reject the Client's case or the Law Firm may be unable to meet filing deadlines for statutes of limitation, resulting in the client's case being forever barred without recovery.

     Client authorizes Law Firm or its agents or designers to contact him/her by any reasonable means, including by automated dialer, prerecorded message, or text message, to any telephone number or email at which Client may be found.

*New York Office:*
600 Third Ave., 12th Floor
New York, NY 10016

*Pennsylvania Office:*
615 Iron City Drive
Pittsburgh, PA 15205

*West Virginia Office:*
3200 Main St.
Weirton, WV 26062

The Client shall inform the Law Firm of any and all liens, whether statutory, legal or equitable in nature, by any healthcare provider, health plan or insurer, government or private benefits program, from bankruptcy or by any other creditor that is not a named party to the personal injury or wrongful death claim described above. Such liens remain the sole responsibility of the Client to pay from any settlement and failure to notify the Law Firm of any such potential lien may result in liability for the Client from, for example, the lienholder or a bankruptcy court. All such claims and liens, including statutory liens owed to Medicare and/or Medicaid, of any kind shall be paid from the Client's share of the recovery and shall in no way reduce the attorney's fee agreed to above.

Under this retainer, Chaffin Luhana LLP is NOT being engaged to bring any medical malpractice claims or worker's compensation claims unless specifically noted otherwise in writing herein.

This retainer agreement does not engage the Law Firm to undertake to prosecute any appeal from a verdict, order or judgment entered. The prosecution of any such appeal may be the subject of a separate retainer agreement to be negotiated by the parties.

If the Client retains another attorney(s) to replace the Law Firm, or the Client terminates the Law Firm for any reason, the Client is obligated to immediately repay the Law Firm all costs incurred or advanced by the Law Firm, and the Law Firm has the right to recover its attorneys' fees for work done prior to the termination from the ultimate recovery when the case concludes via settlement or trial as the Law Firm's fee. Client agrees that in such circumstance the Law Firm will be granted a priority lien for any fees and the Law Firm's right to recover will include not only payment for time rendered but also quantum merit.

The Client authorizes Chaffin Luhana LLP to employ one or more law firms as Associate Counsel in this matter. Chaffin Luhana LLP will pay Associate Counsel from their total fee stated herein. Therefore, the Client will not pay any more in fees if the Law Firm works with Associate Counsel than the Client would pay under this Retainer if Chaffin Luhana LLP solely represented the Client.

If Client wants a claim to be filed on behalf of the Client's spouse for loss of consortium, Client must have their spouse sign below. If Client's spouse does not sign below, a claim for Client's spouse will NOT be filed. If Client's spouse signs below and a loss of consortium claim is filed, any settlement, award or resolution will result in payment being made jointly to both parties.

Any controversy or claim arising out of or relating to this Retainer, or the breach thereof, shall be settled by arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in Allegheny County, Pennsylvania administered by the American Arbitration Association in accordance with its applicable rules, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. In any arbitration hereunder, to the extent permitted by the rules governing such arbitration, the arbitrators shall have the power, but not the obligation, to award all costs and fees to the prevailing party, including, without limitation, Law Firm's fees and arbitrators' fees.

Client recognizes and understands that the Law Firm is fully automated and maintains electronic files and not paper copies of the files. Client recognizes that the Law Firm does not typically maintain paper copies of files, and maintains electronic copies only, and does so only for one year after the Law Firm terminates its representation in the matter. The Client hereby gives the Law Firm express written permission by signing below to execute the Law Firm's document retention and destruction policy as to the Client's file, understands that s/he may have the file when the matter concludes (subject to any lien) and understands that if the Client does not obtain a copy of his or her file within the time period provided, it will be destroyed.

BY SIGNING THIS RETAINER AGREEMENT, CLIENT ACKNOWLEDGES THAT THIS IS THE COMPLETE AND FINAL AGREEMENT OF THE PARTIES HERETO, AND SUPERCEDES ANY PRIOR UNDERSTANDINGS WRITTEN OR ORAL, AND CLIENT IS AGREEING TO HAVE ANY ISSUE ARISING OUT OF OR RELATING TO THIS RETAINER DECIDED BY BINDING NEUTRAL ARBITRATION, AND THAT BY AGREEING TO ARBITRATION CLIENT IS GIVING UP VARIOUS RIGHTS CLIENT OTHERWISE MIGHT HAVE IN A LEGAL ACTION, INCLUDING THE RIGHT TO A JURY TRIAL AND THE RIGHT TO APPEAL.

The Client recognizes that after investigation by the Law Firm, it has the right to reject this case and end this agreement.

### LIMITED POWER OF ATTORNEY

The Client and Client's spouse, if applicable, expressly authorize the Law Firm to endorse Client's name and Client's spouse's name, if applicable, on any settlement draft on the Client's or Client's spouse's behalf and to forward the Client's and Client's spouse's portion of the settlement proceeds to the Client after payment of Attorneys' fees and expenses incurred pursuant to this retainer agreement between the Client, Spouse and the Law Firm.

Signature:                                          Signature:

_____          _____

Eric T. Chaffin, Esq.                               Name:
Roopal P. Luhana, Esq.


Dated:                                              Dated:

_____          _____



                                                    _____
                                                    Spouse's Signature


                                                    Dated:

                                                    _____