IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos.:  7769** |

**TORT CLAIMANTS' COMMITTEE RESPONSE TO
THE INSURERS' MOTION TO MODIFY CONFIRMATION SCHEDULING ORDER**

The Official Committee of Tort Claimants (the "TCC"), appointed in the above-captioned cases, hereby files this response to the *Motion to Modify the Confirmation Scheduling Order* [Docket No. 7769] (the "Motion to Modify"),[2] and respectfully states as follows:

**Preliminary Statement**

1.  The TCC disagrees with the continuance of the confirmation trial sought in the Motion to Modify. However, it believes that the deadline for the completion of expert depositions should be extended by approximately one week in light of the fact there are nearly 20 testifying experts, in addition to other witnesses whose depositions still need to be scheduled, that would have to be deposed in the nine business days during the Christmas and New Year's holiday periods under the current schedule.

2.  In addition, the TCC requests that the Court bifurcate the confirmation hearing. In particular, the TCC believes that the Court should first consider whether or not it has

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Motion to Modify.

1

the authority to issue the channeling injunctions and grant non-consensual releases of non-debtor claims against the Local Councils and Chartered Organizations as requested in the Plan (the "Third-Party Release/Channeling Injunction Issues"), or they would at least have to be modified to comply with the Bankruptcy Code.  The Court should then schedule the second phase to begin one week after the conclusion of the trial of the Third-Party Release/Channeling Injunction Issues to provide the Court with time to render its decision on those issues.  If after briefing and argument of the Third-Party Release/Channeling Injunction Issues, the Court determines that it has the ability to approve the injunctive relief and releases set forth in the Plan, then the Court can proceed with the remainder of the hearing regarding confirmability of the Plan. If the Court determines that it does not, the parties should not waste estate resources or the Court's time to consider the confirmation requirements of a Plan that cannot be confirmed or, if necessary, be given time to correct the infirmities of the releases provided in the Plan.

3. The TCC also requests that, if the Court agrees to bifurcate the confirmation trial, the Court should order during the one week after its ruling on the Motion to Modify the numerous Participating Parties to meet and confer to modify the Plan Scheduling Order and, thereafter, for the Court to conduct a status conference during the week of December 27, 2021, regarding any needed modifications to and the disposition of pretrial proceedings and deadlines regarding the Plan.  For example, the parties may consider utilizing the period during which the Third-Party Release/Channeling Injunction Issues are tried and the one-week interval after the Court's ruling on the Third-Party Release/Channeling Injunction Issues as additional time to schedule depositions.

A.  **The Confirmation Schedule Should Be Extended by At Least One Week to Accommodate for the Number of Expert Witness Depositions**

4. The deadline to conduct depositions of expert witnesses should be modified. To date, the parties have exchanged nearly 20 expert reports. Under the current timeline, expert depositions must be completed by January 9, 2022. The deadline to complete expert depositions should be extended to a date between January 16 and 20, 2022. A short extension is necessary to complete the depositions of the expert witnesses, none of which have been scheduled or noticed as the filing of this response. At this time, the TCC is not seeking to otherwise alter the confirmation trial.

B.  **The Court's Ability to Approve the Requested Relief Involving Non-Debtors is a Prerequisite to Confirmation of Any Plan**

5. The United States Court of Appeals for the Third Circuit's decisions in *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002) and *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 227, 232 (3d Cir. 2004) define the boundaries of a bankruptcy court's "related to" jurisdiction involving non-debtors. *See* 28 U.S.C. § 1334(b). Through those decisions, the Third Circuit has clarified that litigation between non-debtor third parties will fall within a court's "related to" jurisdiction if "the outcome of that proceeding could conceivably have any effect on the estate," "without the intervention of yet another lawsuit" even in cases where commonality of production of a defective product is shown. *See also In re Imerys Talc Am., Inc.*, 2019 U.S. Dist. LEXIS 120572 (D. Del. July 19, 2019).

6. Similarly, in these cases, the fact that the childhood sexual abuse claims arose in the context of "scouting" is of no consequence unless the Court has the ability to grant the relief requested in connection with the claims by and against third parties.

7. In the Disclosure Statement, the Debtors readily admit that:

3

> [I]t is the BSA's position that Chartered Organizations were not named or additional insureds under any of the BSA Insurance Policies prior to 1976. Therefore, neither the BSA nor the Insurance Companies have any obligation to defend or indemnify, i.e., pay settlements or judgments, with regard to Chartered Organizations for any Abuse Claims prior to 1976 in connection with such policies. Therefore, with respect to Participating Chartered Organizations, Abuse Claims prior to 1976 will not be channeled to the Settlement Trust.

Disclosure Statement [Docket No. 6445] at 18.

8. However, now under the proposed Century Term Sheet [Docket No. 7745], if Century issued a policy to a Local Council or a Chartered Organization, those parties would be released of any such claims whether or not the claims arose prior to, during, or after 1976. In addition, if a Chartered Organization is not affiliated with a Catholic or a Methodist organization, all claims against such organizations (pre- and post-1976) will be released and channeled to the trust so long as the Local Councils contribute another $40 million in cash and notes to the Settlement Trust. The existing Plan and now the Century Term Sheet are attempts to do what the Third Circuit has expressly prohibited.

9. If the Court determines that it lacks the authority to approve the scope of the releases and grant the injunctive relief in the Plan, then the entire Plan fails. *See, e.g., In re Purdue Pharma, L.P*. Case No. 21-cv-7532 (S.D.N.Y. Dec. 16, 2021). Accordingly, such determination is a "gatekeeping" issue to confirmation of the Plan. Ordering a bifurcated trial would allow the Court to determine this issue first.

## **CONCLUSION**

10. For the reasons stated above, the Court should extend the deadline to complete expert depositions to a date between January 16 and 20, 2022. In addition, the TCC requests that the Court bifurcate the confirmation hearing so that it first considers the Third-Party Release/Channeling Injunction Issues before considering the general confirmability of the Plan. If

4

the Court bifurcates the confirmation trial as requested, the TCC requests that the Court schedule a one-week interval period after its ruling on the Motion to Modify to allow the parties to meet and confer and for the Court to conduct a status conference regarding any needed modifications to and the disposition of pretrial proceedings and deadlines regarding the Plan, in light of the Court's determination.

Dated:  December 20, 2021   PACHULSKI STANG ZIEHL & JONES LLP
Wilmington, Delaware

                              */s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073) (admitted pro hac vice)
Alan J. Kornfeld (CA Bar No. 130063) (admitted pro hac vice)
Debra I. Grassgreen (CA 169978) (admitted pro hac vice)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email:  rpachulski@pszjlaw.com
       akornfeld@pszjlaw.com
       dgrassgreen@pszjlaw.com
       joneill@pszjlaw.com

*Counsel for the Tort Claimants' Committee*