# Exhibit A

| Name of Claimant | Address | Claim No. |
|---|---|---|
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 57392 |
| ▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59371 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59410 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇ | 59406 |
| ▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 59431 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59536 |
| ▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59528 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 59419 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 59459 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇ | 59442 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59440 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇ | 59561 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇ | 59457 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇ | 59476 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇ | 61554 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇ | 55228 |
| ▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇ | 55357 |
| ▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 59238 |
| ▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | 59307 |
| ▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇ | 55138 |



55217

59315

55183

53473

53505

55156

59360

55284

57285

55192

61490

57263

53504

59271

55304

59365

55112

59259

59301

55153

59323

57318

53484

57296



53488
53477
57268
55232
57210
57265
55225
59729
55334
55277
59333
55141
59240
53503
60707
59366
64776
53486
64792
64822
63511
59663
63596
63578





41271
41297
41291
41313
41285
41319
41310
41539
41300
41301
63272
41342
41333
41365
41371
41384
41377
41355
41404
41417
56879
41416
41394
41408



51003
41443
69084
41426
58990
41435
41460
69101
41430
13689
94590
48853
48849
36434
48861
48835
36359
48733
48753
57520
48778
48880
48872
48839



44018
48764
48796
48883
36463
48860
48704
36458
48850
48851
36365
48799
36441
48797
48816
48773
48858
48903
48833
48854
44028
48848
48740
48865



48727

48763

48869

36431

48713

48874

48825

48868

48910

48888

48867

## CONTINGENT FEE AGREEMENT

### PARTIES

The parties to this Agreement are _____hereinafter designated as "Client"; and FASY LAW PLLC; LAW OFFICES OF JOSEPH A. BLUMEL, P.S.; and TAMAKI LAW, P.S. (hereinafter collectively designated as "Attorneys").

### SUBJECT MATTER OF AGREEMENT

Client retains Attorneys to represent Client's interests and perform the following services: investigate and/or pursue claims against the Boy Scouts of America in its Chapter 11 bankruptcy proceeding, the responsible local council, and the responsible sponsoring organization.

### FEES

Attorneys agree to work on a contingent-fee basis. Attorneys agree Client is responsible for no additional fees to Attorneys other than on a contingent basis. For the contingent fee, Attorneys shall be entitled to ▇▇▇of the Gross Recovery received in this case should this case settle at or before trial. Should this matter require an appeal, the contingent fee shall be ▇▇▇ Attorneys will divide any contingency fee received pursuant to the Rules of Professional Conduct but with a goal of dividing the fee as follows: ▇▇▇to Tamaki Law, P.S.; ▇▇▇to Law Offices of Joseph A. Blumel, P.S.; and ▇▇▇o Fasy Law, PLLC. In no event shall Client's fee be more than ▇▇▇of the Gross Recovery received in this case should this case settle at or before trial or ▇▇▇ should this matter require an appeal.

### COSTS

Expenses and costs incurred in connection with prosecution of this action are to be paid by Client, but may be advanced by Attorneys. Client agrees to reimburse Attorneys for costs incurred from the settlement proceeds or judgment collected in the cases. Costs include filing fees, service of process, computerized legal research expenses, deposition costs, investigator fees, interest charges on lines of credit, reporter fees, consultant fees, expert fees, witness fees, photographic expenses, fax charges, long-distance telephone charges, postage, travel expenses and other reasonable expenses incurred by Attorneys and directly attributable to Client's case. Costs may also include attorney's fees related to extra legal services, including but not limited to, bankruptcy issues, tax problems, guardianships, probate, estate planning, or other legal issues beyond the subject matter of this agreement. Costs chargeable to Client do not include ordinary overhead, secretarial expenses, stationery costs, etc. Should any costs remain unpaid or unreimbursed at the time of disbursement of settlement or judgment proceeds, Attorneys shall be entitled to deduct and reimburse themselves from Client's share. Attorneys are authorized, but not required, to retain and pay from Client's share of the proceeds such sums as are remaining due on medical bills, subrogation interest of Client's insurance carrier, or amounts reimbursable under the Worker's Compensation Laws, regardless of whether the employer is self-insured. If there is no recovery, Attorneys hereby agree to waive reimbursement of costs advanced, subject to the terms of withdrawal and discharge below.

LIEN

Client grants Attorneys a lien on said case, documents and proceeds to the extent any costs or fees due Attorneys are unpaid at the completion of the case or at time of termination by either Attorneys or Client.

SETTLEMENT

Attorneys agree not to enter into any settlement without the express consent and approval of Client. Client agrees not to produce any evidence, give any statement, or settle any claim relating to this case without the express consent and approval of Attorneys.

STRUCTURED SETTLEMENT

If any part of a recovery calls for annuity payments in the future, the attorney fee on this portion of the recovery will be computed based on the cost of the annuity, if known, or on the present value of the annuity, and shall be paid from the case portion of the recovery at time of settlement.

Attorney and Client agree that Attorney will have the legal right to elect to receive all or a portion of the fees and costs due Attorney hereunder in the form of periodic payments, and that Attorney will have such right whether or not plaintiff elects to receive periodic payments for any recovery Client receives hereunder. If Attorney wishes to elect to receive periodic payments, Attorney must in all events make a written irrevocable election regarding same, prior to the times such fees are earned, (i.e. prior to the conclusion of the case) The Attorney cannot transfer, assign, sell or encumber their rights to receive future payments. Any attempt by an Attorney to sell, transfer or assign his rights to fees will be void.

GUARANTEES

Client acknowledges that Attorneys have made no guarantee regarding the successful outcome of said claim, case or cause of action and all expressions relative thereto are matters of opinion only.

WITHDRAWAL AND DISCHARGE

If Client discharges Attorneys, or if Attorneys withdraw for any reason, Client agrees to pay Attorneys a reasonable attorney fee and any unreimbursed costs. The attorney fee shall be, at attorneys' option, either (a) an hourly fee for the attorney and paralegal time expended on the case; (b) the contingency percentage of the last settlement offers; or (c) a prorata portion of the contingent fee ultimately recovered based on the relative contributions to the case by Attorneys and any successor law firms, as determined by the law of quantum meruit and the factors set out in the applicable state rules of attorney professional conduct. Attorneys may withdraw from the representation of Client at any time if, in the opinion of Attorneys, the pursuit of the above claim is no longer reasonable, or the interests of Client would best be served by other counsel.

Attorneys have agreed to represent Clients because there appears to be a recoverable claim. If at any time, however, Attorneys determine that that prosecution of the claim shall not, in Attorney's opinion, be one that should be pursued, Attorneys shall not be obligated to file suit on Clients' behalf or continue litigating a claim that has been filed, and consistent with the Rules of Professional Responsibility, be entitled to withdraw. Further, Clients agree that Attorneys may withdraw from their representation for any reasons, provided that their withdrawal is consistent with the Rules of Professional Responsibility.

<u>SPECIAL POWER OF ATTORNEY</u>

Client grants to Attorneys Client's power of attorney to act as Client's attorneys in fact to do all things necessary and proper in handling Client's case, including the execution of checks, drafts, releases and other agreements pertaining to this case only.

<u>MISCELLANEOUS</u>

Attorneys are not tax lawyers and will not provide any tax advice to Clients. Different types of damages received may or may not be taxable, and Attorneys will not in any way provide tax advice or information about the tax treatment of any amounts recovered. Attorneys may issue a 1099 statement at the time of any disbursement of settlement proceed

DATED THIS _____ day of _____, 2020.

CLIENT:


_____

Client Name

Attorneys on behalf of Fasy Law, PLLC; Law Office of Joseph A. Blumel, P.S; and Tamaki Law, P.S.

by:_____

Printed Attorney's Name_____

| | | |
|---|---|---|
| Daniel Fasy | Bryan Smith and Vito De La | Joseph Blumel |
| FASY LAW, PLLC | Cruz | LAW OFFICES OF JOSEPH |
| 1752 NW Market Street #1502 | TAMAKI LAW, P.S. | A. BLUMEL III P.S. |
| Seattle, WA  98107 | 1340 N. 16th Ave. Suite C | 4407 North Division, Suite 900 |
| | Yakima, WA 98902 | Spokane, WA 99207 |

## JOINT REPRESENTATION AND PROSECUTION AGREEMENT

### PARTIES TO JOINT PROSECUTION AGREEMENT:

The parties to this Joint Prosecution Agreement are the client and attorneys identified in the Contingency Fee Agreement signed by Client, jointly referred to herein as "PARTIES." The client hereby **acknowledges** that the attorneys are simultaneously representing other Boy Scouts of America victims of abuse. Client consents to the attorneys representing any other victims of abuse. All individuals represented by the attorneys, but not including the client, are herein referred to as "clients." The term "client(s)" refers to the client and clients jointly. The client **acknowledges** that, depending on individual claims, the clients' claims may include other defendants consisting of, but not limited to, individual priests, nuns, parishes, orders of nuns and orders of priests. The client agrees that this Joint Prosecution Agreement will serve as a counterpart to other similar agreements between the attorneys and such simultaneously represented clients. Combined, all agreements between the attorneys and the clients (including the client to this agreement) shall constitute an agreement between the client to this agreement and all other clients who have contracted in the past or who shall contract in the future with the attorneys. It shall not be necessary for client to separately sign the agreements of the other clients as long as they are substantially in the same form as this Agreement.

### JOINT REPRESENTATION:

The attorneys have provided client with a letter that outlines the various conflicts of interest that might arise and the various reasons for and against joint prosecution and joint representation.

Client understands that individual persons who may be defendants, if any, are unlikely to have sufficient assets to reasonably compensate any one client and/or the group of "clients" combined. As a result, if the attorneys were to obtain any compensation from such parties for one client, they would be depriving another client of compensation. In order to avoid this conflict of interest, client agrees that any compensation obtained from or on behalf of any individual by any client shall be retained by the attorneys and their Lawyers Trust Account and shall be used by them to defray the joint costs of the client(s)' cases, without allocation to any individual client. Any sums remaining from such funds upon the resolution of all the client(s)' claims, shall be distributed as shall be determined either by agreement of all client(s) or as may be determined by arbitration, as described below.

Client authorizes the attorneys to disclose the client attorney's fees and costs charged to the client to other clients, so long as the client name and other personal information is redacted.

### JOINT PROSECUTION AND DECISION MAKING:

Client acknowledges and consents to his/her claim being prosecuted with that of other clients in the bankruptcy proceeding filed by the Boy Scouts of America.

Client understands that many of the decisions that will need to be made in the course of the case are tactical and will be made by the attorneys acting singularly or as a group. Certain other decisions will need to be made by the client(s) jointly. Certain other decisions will be made by individuals in consultation with the attorneys.

The prosecution of the client(s)' claims oftentimes involves the exercise of judgment. The client acknowledges that some judgments are deemed "procedural," that is, decisions/actions which are regularly made by the attorneys without consultation of the client(s). The client acknowledges that some judgments are deemed "substantive," that is, decisions/actions which require the consent or approval of the client(s). Except as otherwise provided in this Agreement, joint decisions will be made by a simple majority vote of the affected client(s), and client agrees to be bound by such decisions.

## SETTLEMENT STRATEGY AND COMMON FUND SETTLEMENT:

Client understands that it is unlikely that any two cases will be identical and that, therefore, the value of each case is, arguably, different. Every case has different facts, strengths, weaknesses, and risks, and client understands that at trial or in settlement negotiations, the attorneys, in consultation with their client(s), may ascribe a value to each client(s)' claim and are likely to ascribe a higher value to some claims than to others. Nonetheless, Client understands that the defendants might, for their own purposes, choose to evaluate the client(s)' claims equally in spite of the differences among the client(s)' claims.

Client and the attorneys agree that it is generally desirable to conduct settlement negotiations on an individual basis and will endeavor to do so, with each individual's case negotiated separately, based on its own strengths and weaknesses, and not linked to the settlement of any other individual's case. No individual may interfere with any other individual's right to settle. However, client recognizes that it is possible that the defendants may limit their proposals to an aggregate settlement, with a single lump sum fund to be shared by all client(s), or a joint-fund settlement, with a lump sum to be shared by two or more clients. Any two or more clients may agree to enter into a joint-fund settlement. Neither an aggregate settlement nor a joint-fund settlement may be imposed upon any client. Any one client may choose not to participate in a settlement in either a lump sum fund or a joint-fund settlement. Client understands that each individual has the power and right to prevent an aggregate settlement.

In the event of an aggregate or joint-fund settlement, the participating client(s) may decide among themselves as to how the fund shall be allocated. An allocation may not be imposed on any client, except by the Arbitration section contained in this Agreement. The attorneys shall have no role whatsoever in the allocation decision and shall not represent any individual in that process. Client may, however, be represented by other counsel. If the participating client(s) cannot decide upon an allocation, the allocation decision shall be submitted to final and binding arbitration as provided in this Agreement.

## ARBITRATION:

- 5 -

In the event that arbitration as provided for in this agreement is necessary, it shall be conducted as follows:

Except as provided below, the arbitrator shall be chosen by drawing the names of three arbitrators by lot from a list of active arbitrators from either the Judicial Arbitration and Mediation Services or from a list of arbitrators approved by the U.S. Bankruptcy Court or by an arbitrator selected by the U.S. Bankruptcy Judge. If the first name drawn declines to serve, the second name shall be the chosen arbitrator; if he/she declines to serve, the third name drawn shall be the chosen arbitrator.

Client(s) in arbitration may determine, by a two-thirds vote, to have the arbitration conducted by a panel of three arbitrators, whose decisions shall be made by a majority of the panel. In such case, six names shall be chosen by lot from the above listed arbitrators, with the first three names being the arbitrators of choice and the remaining names, in the order drawn, serving in the event any of the first three names shall decline to serve.

The form of arbitration shall be at the sole discretion of the arbitrator(s), and may be informal or formal as he, she or they may decide. The decision of the arbitrator(s) will be final and unappealable, except for misconduct by the arbitrator(s).

Client may be represented by counsel at the arbitration.

The attorneys shall take no role whatsoever in the arbitration other than to provide the arbitrator(s) with neutral and objective information (such as the names and addresses of the plaintiffs) and copies of documents in their possession. The attorneys shall not represent any client(s) in the arbitration, shall not provide advice to any client(s) regarding the outcome of the arbitration, and shall not render any opinion regarding such outcome.

Client(s) in arbitration shall share equally in the cost of the arbitration, and the attorneys are authorized to compensate the arbitrator(s) from client(s)' funds they may be holding in trust.

<u>COST SHARING:</u>

The attorneys are authorized to incur costs for the prosecution of client(s)' cases as they deem reasonable, necessary or desirable.

Client understands that he/she is responsible for costs incurred in the prosecution of his/her case, and, if those costs have been advanced by the attorneys, that he/she is responsible for reimbursing those costs from the Client's share of the recovery. Some costs will be jointly incurred, and, as to those costs, each individual will be responsible only for his/her proportionate share.

"Joint costs" are those costs which benefit more than one client(s) to some significant degree. Examples include the cost of deposing church officials and other general liability witnesses.

"Individual costs" are those costs that benefit only one individual to a significant degree. Examples include the cost of obtaining an individual's medical records and the cost of a medical or psychological evaluation of the individual.

The attorneys shall make an initial allocation of any costs incurred by client(s). That is, the attorneys shall determine whether a cost is individual or joint and, if joint, whether it is to be shared by all client(s) or merely some. Client may object to an allocation. If the attorneys and client cannot agree on the allocation of costs, client may request, and the attorneys will agree to, arbitration by the New Mexico State Bar. This paragraph is not a waiver of any right client(s) may have to a judicial accounting.

Client agrees that the attorneys may allocate to his/her un-reimbursed costs that have already been expended but which, nonetheless, serve to benefit Client's case.

CONFIDENTIALITY:

In the course of Client's case, client will need to meet and communicate with the attorneys, either singly or in a group. Likewise, the client may agree to attend joint client(s) meetings. Client understands that the topics of such communications will often be highly confidential and that any breach of confidentiality by client could prejudice other client's cases. Therefore, client agrees to keep confidential all communications client may have with other clients and with the attorneys.

Client further understands that the confidentiality of any communication from or with the attorneys that is addressed to more than one client can be waived by any client to whom it is addressed or who is present at the communication. In other words, confidential communications between a group of clients and the attorneys are only as confidential as all clients in the group choose to keep them.

Client expressly consents to Attorneys representing other victims of the Boy Scouts of America.

NOTICE

Attorneys and Client agree that unless otherwise indicated in writing, notice to each shall be sent to the following:

Client's Name: _____
Client's Address: _____
Client's Email address: _____