# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## EIGHTH MEDIATOR'S REPORT

The Court appointed Timothy V.P. Gallagher to serve as the Mediator in the above-captioned cases under the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief*, dated June 9, 2020 [D.I. 812] (the "Mediation Order").[2]

With the assistance of the Mediator, on December 20, 2021, the Debtors, the Future Claimants' Representative, the Coalition of Abused Scouts for Justice, and the Ad Hoc Committee of Local Councils (collectively, the "Parties") reached an agreement in principle on settlement terms with the United Methodist Ad Hoc Committee (the "UMAHC"), a copy of which is attached hereto as **Exhibit A** (the "United Methodist Term Sheet").[3]  The United Methodist Term Sheet will be appended to and incorporated in by reference in an amendment to the Plan for the Debtors

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Mediation Order or the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (the "Plan") or the United Methodist Term Sheet (as defined below), as applicable.

[3] The summary provided in this report is for illustrative purposes only. In the event of any inconsistency between this summary and the United Methodist Term Sheet, the terms of the United Methodist Term Sheet shall control.

and provides for a cash contribution by the United Methodist Entities[4] to the Settlement Trust of $30,000,000, as well as other commitments, in exchange for protections including the channeling injunctions and releases in the Plan and as set forth in the United Methodist Term Sheet.

As reflected in the United Methodist Term Sheet, the UMAHC will recommend that the United Methodist BSA leadership team agree to lead, in collaboration with the BSA and AHCLC, a fundraising effort with a goal to raise an additional $100 million for the Settlement Trust from other Chartered Organizations.

Together with the contributions already committed to by the Debtors, the Local Councils, Hartford, TCJC and Century and the Chubb Companies, the size of the Settlement Trust to compensate abuse survivors is now expected to exceed $2.63 billion.

The Mediator appreciates the diligence of the Parties and the UMAHC in negotiating the settlement terms. The Mediator believes, based on his participation in the negotiations of the United Methodist Term Sheet, that the settlements memorialized in this agreement are the product of good-faith, arm's-length negotiations among the Parties and the UMAHC. The Mediator expresses no view on the merits of the settlement terms or the confirmability of any plan, matters properly reserved for the Court.

---

[4] The term "United Methodist Entities" shall mean each and every (i) United Methodist local church, federated, or union church, including any Federated Church or Union Church that includes a historically United Methodist Church congregation, that sponsored, promoted, hosted, or provided any support in connection with Scouting activities, regardless of whether such local, union, or federated church is or was a Chartered Organization at any time; (ii) church currently federated or yoked, and which current federated or yoked church includes a current or former United Methodist Church congregation that sponsored, promoted, hosted or provided any support in connection with Scouting activities; (iii) other United Methodist related or affiliated organizations that sponsored, promoted, hosted, or provided any support in connection with Scouting activities, including any social service organization, ministry, camping ministry, camp facility, camp, retreat, or other facilities in the nature of a camp or retreat; (iv) any camp, retreat, or other facility in the nature of a camp or retreat that is not United Methodist related or affiliated, but otherwise promoted, hosted, or provided any support in connection with Scouting Activities for an entity described in (i), (ii) or (iii); (v) all organizations affiliated or related to (i) (ii), (iii) or (iv), including, but not limited to, the UMAHC, each district, annual conference, and jurisdictional conference of The United Methodist Church, the general, annual conference, district, and local church agencies of The United Methodist Church, the Council of Bishops of The United Methodist Church, and the non-jural bodies commonly referred to as "The United Methodist Church," the "Judicial Council of The United Methodist Church," and the "General Conference of The United Methodist Church"; and (vi) all Representatives of the foregoing. However, no Perpetrator is or shall be a United Methodist Entity.

2

This report is submitted with the consent of the Parties and the UMAHC. The mediation remains ongoing, and the Mediator is committed to work toward further settlements that maximize the value of the estates for the benefit of creditors. The Mediator therefore does not consider the mediation to be closed.

*[Remainder of Page Intentionally Left Blank]*

Dated:  December 21, 2021 　　　　　　　　*/s/ Timothy V.P. Gallagher*
　　　　　　　　　　　　　　　　　　　　Timothy V.P. Gallagher, Mediator