WILMERHALE

December 21, 2021

**Philip D. Anker**

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

Hon. Laurie Selber Silverstein
c/o Office of the Clerk
United States Bankruptcy Court for the District of Delaware
824 N Market St # 500
Wilmington, DE 19801

   Re: *In Re: Boy Scouts of America,* No. 20-bk-10343 (Docketed February 18, 2020)

Judge Silverstein,

  Our firm is counsel to Hartford Financial Services Group, Inc. and Continental Casualty Company in the above-captioned case, *In Re: Boy Scouts of America* (the "*Boy Scouts* Bankruptcy").

  As you may know, Thomas Davis, your former judicial law clerk, joined Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") on September 29, 2021, as an associate in the firm's New York office. Mr. Davis is a member of the California Bar, and he is pursuing admission to the New York Bar.

  Rule 1.12 of the California Rules of Professional Conduct and Rule 1.12 of the New York Rules of Professional Conduct (i) bar a former judicial law clerk from representing a client in connection with a matter in which he or she participated personally and substantially while clerking, and (ii) describe notification and screening requirements that must be put in place to ensure that the former judicial law clerk does not share information regarding the matter with others at the firm. We understand that Mr. Davis worked on the *Boy Scouts* Bankruptcy while clerking in your chambers during the 2020-2021 term. We are sending you this letter, which sets out WilmerHale's compliance with the requirements of California Rule 1.12 and New York Rule 1.12.

1) WilmerHale has taken the following steps to screen Mr. Davis from the *Boy Scouts* Bankruptcy:

  a) Mr. Davis has not worked on the *Boy Scouts* Bankruptcy since his arrival at WilmerHale.

  b) All WilmerHale lawyers and employees have been notified that Mr. Davis has been screened from the *Boy Scouts* Bankruptcy, that they should not discuss the *Boy Scouts* Bankruptcy with him, and that he should not have access to any files concerning the *Boy Scouts* Bankruptcy.

WILMERHALE

December 21, 2021
Page 2

    c) WilmerHale has erected electronic barriers to Mr. Davis's access to all information in the firm's computer network regarding the *Boy Scouts* Bankruptcy and any related matters.

2) As Mr. Davis is a salaried employee, he will not share in any fees attributable to the firm's work on the *Boy Scouts* Bankruptcy.

If the Court requires any additional information concerning this matter, please let me know and we will be happy to provide it.

Respectfully submitted,

*Philip D. Anker*

Philip D. Anker

cc: All Counsel of Record