**THE BRASLOW FIRM, LLC**
**KETTERER, BROWNE & ASSOCIATES, LLC**
**BY:** Derek T. Braslow, Esquire
(PA Bar ID: 78994)
230 Sugartown Road, Suite 20
Wayne, PA 19087
(484) 443-4558
Fax: (855) 334-5626
Attorneys for Direct Abuse Survivor Claimants

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| BOY SCOUTS OF AMERICA AND | |
| | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC | |
| | Jointly Administered |
| Debtors | |

## BANKRUPTCY RULE 2019 STATEMENT

TO THE CLERK OF THE BANKRUPCY COURT AND TO ALL PARTIES IN INTEREST

In accordance with Rule 2019 of the Federal Rules of Bankruptcy Procedure, The Braslow Firm, LLC and Ketterer Browne & Associates, LLC counsel for certain individual holders of Direct Abuse Claims, states the following:

1. <u>Names and Addresses of Parties Represented by Ketterer Browne & Associates, LLC</u>

    Ketterer Browne & Associates, LLC retained by certain individuals who are Holders of Direct Abuse Claims to represent them in the above-captioned Chapter 11 Case. In

accordance with the "Class 8 Direct Abuse Mater Ballot", Ketterer Browne & Associates, LLC had redacted/removed from this Rule 2019 Disclosure Statement the names, addresses and personal identifying information of the individual Abuse Survivors it represents but is supplying such information with the Master Ballot and Exhibit submission to the Solicitation Agent.

2. <u>Facts and Circumstances of Representation of Abuse Survivor Clients</u>

Ketterer Browne & Associates, LLC has been retained by the individual Abuse Survivors to represent them as tort claimants in the above-captioned Chapter 11 Case. In some of the cases, Ketterer Browne & Associates has been retained by referring law firms on behalf of individual Abuse Survivors. An exemplar of the Retainer Agreements signed by each such individual Abuse Survivor is attached hereto as an Exhibit.

I, Derek T. Braslow, Esquire, declare under the penalty of perjury under the laws of the United States of America that I have read the foregoing statement and that it is true and correct to the best of my knowledge and belief.

Dated:    12/21/2021             <u>/s/ *Derek T. Braslow*</u>

Derek T. Braslow, Esquire

# EXHIBIT

# Exemplar of Engagement Agreements

Case 20-10343-LSS    Doc 7900    Filed 12/21/21    Page 3 of 9



## Legal Services Agreement

1. **Summary.** Client(s), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Client"), retains Ketterer, Browne & Anderson, LLC (hereinafter "KBA") to investigate Client's potential personal injury claims related to a sexual abuse and to pursue Client's claims through settlement and/or litigation if Attorneys decide to pursue them. This Agreement ("Agreement") is intended to, and shall to the extent possible, bind Client's heirs, death beneficiaries, and the personal representative of Client's estate.

2. **Scope.** Client engages the Attorney to investigate and pursue Client's legal claims, if any are determined to exist, related to personal injuries and other damages caused by a sexual abuse. It is understood and agreed by the parties hereto that the Attorney is not responsible for pursuing any claims against any healthcare provider, healthcare facility of any kind. Attorneys are not handling any probate or estate matters, workers' compensation claims, or bankruptcy related issues. Client must retain separate attorneys for such matters if those situations apply at Client's cost, which Attorneys may advance as discussed below.

3. **No Guarantees.** Attorneys make no guarantees or assurances regarding results. Attorneys are not responsible for any particular outcome. These cases are difficult and many fail.

4. **Limited Power of Attorney.** Client authorizes Attorneys to take all steps that Attorneys determine are appropriate regarding Client's potential claims, including filing a lawsuit on Client's behalf, if Attorneys conclude that Client's claims are meritorious and worth pursuing financially. Client authorizes Attorneys to execute or use Client's signature on any documents Attorneys deem necessary or appropriate to pursue Client's claims, including obtaining medical or employment records, through the use of medical and employment authorizations and any settlement paperwork and settlement checks if Client accepts a settlement offer.

5. **Client's Obligations.** Client must provide Client's full contact information and update Attorneys immediately if any of it changes. Client must respond to Attorneys promptly. Client agrees to provide only truthful and complete information to Attorneys and to act at all times in good faith. **Client has the sole authority to accept or reject any settlement proposals.** Client agrees to not file any lawsuits or other claims except with Attorneys' knowledge beforehand. Client agrees to not negotiate or settle any claim related to Client's injuries without Attorneys' knowledge. Client will not share information obtained through communications with Attorneys their team, whether such communications are oral or written, with anyone other than as expressly authorized by Attorneys. Client agrees to preserve all documents and things, in any form and in any place including phones and on social media, related to this matter and their injuries. Client agrees to inform Attorneys promptly of all unpaid medical and other bills and to inform Attorneys of any insurance coverage, as well as other possible benefits Client has received or does receive, including, without limitation workers' compensation, disability, social security, Medicare, Medicaid, or other government programs. If Client has filed for personal bankruptcy before Attorneys' representation in this matter, Client will tell Attorneys before signing this Agreement. If Client decides to file for bankruptcy, Client will inform Attorneys at least 60 days before doing so. Failure to comply with this commitment can have serious consequences for Client, including the loss of benefits, possible criminal exposure, and lose of claims or rights

Client may have. Client understands that Client's claims could be adversely affected or lost entirely if Client violates or disregards this Agreement or Attorneys' advice. Client will provide the name of and contact information of someone Attorneys may contact if Client is unreachable. Client will tell this or some other person to contact Attorneys if Client becomes too sick or incapacitated to continue or dies.

6. **Consolidated Actions and Aggregate Settlements.** Client agrees the claims may be handled as part of a larger number of claims, including consolidated with other clients' claims for discovery, trial, settlement, or otherwise. Expenses may be shared among all cases. Client may be required by court order or attorney agreement to pay a Multi-District Litigation ("MDL") or consolidation assessment fee that may include attorneys' fees and expenses. If so, Client's total attorneys' fees will not exceed ▬. Expenses are always separate from attorneys' fees.

7. **Attorneys' Fees.** Fees are not set by law. Client agrees to pay Attorneys a negotiated ▬ fee, or the maximum allowed if less than ▬, of any settlement, judgment, or recovery obtained by any means. The Attorneys' fees shall be shared among any lawyers working on the case. Client understands and consents to this division of the attorneys' fees between Attorneys. Client authorizes Attorneys to engage other attorneys including attorneys outside of ATTORNEYS' law firms to represent CLIENT or assist in the representation. **Client's total attorneys' fee will never go above ▬ regardless of how many attorneys are involved.** However, Attorneys may hire other attorneys or service vendors to handle matters related to these claims, including estate/probate, bankruptcy, or lien resolution. For those separate services, Client is responsible for all fees and expenses separate and apart from Attorneys' ▬ fees and expenses. Attorneys may advance the expenses for those services as a case cost and recover them after the claim resolves. **The ▬ fee is taken from the total settlement or judgment *before* expenses and other costs are deducted.** After attorneys' fees, costs or fees incurred for the above-described special matters, MDL or consolidation assessments, liens, subrogation claims, and other costs, bills, or expenses for which Client is responsible are deducted. The balance is paid to Client. An example follows:

   $10,000 settlement
   ▬ attorneys' fees (▬ of $10,000)
   -$500 expenses, liens, and assessments
   = $▬ net to Client

   <u>**It is understood and agreed that no attorneys' fees shall be owed to Attorneys unless Client recovers from a settlement or verdict for example.**</u> Client authorizes Attorneys to defer any attorneys' fees earned.

8. **Expenses.** Attorneys may advance expenses including, but not limited to, fees for service of process, obtaining and/or reviewing medical records, copies, postage, expert witnesses, travel, lien resolution, bankruptcy, estate/probate matters, medical record acquisition and/or review, data input, trial costs, consultants, litigation loan interest, research, document management/servicing, interest on loans, and transcripts. Some of the KBA attorneys own a separate company that provides medical records related services and Attorneys may use that company and charge the cost of the services. **Client is responsible for expenses only if Client recovers money from a settlement, verdict, or by other means.** All expenses are deducted after attorneys' fees are deducted from the settlement amount. If there are multiple defendants and Client settles with some but not all of them, Attorneys may keep all expenses incurred to

that point and hold the remaining money to cover expected expenses for the rest of the case. Although **Client will never owe Attorneys more in expenses than Client recovers by settlement or verdict,** Client may owe medical bills or other costs beyond the litigation as that is separate and beyond Attorneys' control. A court could also award costs or attorneys' fees to the opposing side that would be chargeable to Client.

9. **Statutes of Limitations.** Statutes of limitations and repose ("SOL") require filing lawsuits within a certain timeframe. If a lawsuit is not filed by then, the claim may be lost forever. Analysis of whether Client has a viable claim, of what SOL applies, and of related issues requires Attorneys to obtain information, including information and/or documents from Client and/or others. Client's claims, if any exist, may already be barred by an SOL, which would likely result in any lawsuit being dismissed if filed. Attorneys may pursue Client's claims even if the SOL expired if Attorneys conclude, at their discretion, that an exception may exist. If Attorneys determine that there is no viable exception or do not wish to pursue the claim, Attorneys may decline to file any lawsuit, may advise Client to dismiss any lawsuit that may already have been filed, and/or may terminate Attorneys' representation. Client understands that this evaluation will take at least six months after this Agreement is executed and all necessary information is received from Client and/or third parties such as Client's healthcare providers. Client assumes the risk that the SOL may pass in the meanwhile if it has not already.

10. **Termination.** Attorneys' view of the case may change over time. Attorneys may terminate representation of Client by informing Client in writing and/or by email. Client may terminate this Agreement at any time by providing written notice to Attorneys at the mailing addresses listed below via certified mail return receipt requested. If Client terminates Attorneys' representation, Client shall owe, and promises to pay promptly, Attorneys expenses and a legal fee in the amount of the value of the services that Attorneys provided up to the time of their termination. Client agrees that Attorneys shall maintain the right to assert a lien against any recovery Client obtains. If Client considers retaining a new attorney, Client will inform Attorneys in advance and Attorneys will be told once the decision is made. Client must inform Client's new lawyer that Attorneys claim a lien for fees and expenses incurred to date.

11. **Others' Claims to Client's Funds Received Pursuant to Settlement or Judgment.** Third parties such as Medicare, Medicaid, workers' compensation, Tricare/VA, healthcare insurance companies, and/or Social Security Disability may have a right to receive reimbursement from any money received by Attorneys on Client's behalf because they paid medical bills and expenses related to this matter. Attorneys may have a legal obligation to inform such third parties of the existence of the claims being handled by Attorneys. The law may require all parties involved to compromise, settle, or execute a release of their claims for payment/reimbursement/liens for past and future payments before any money obtained can be distributed. Client authorizes Attorneys to resolve such lien, subrogation, or other claims by third parties as Attorneys deem appropriate, including the hiring of separate individuals or companies. The final amount of such claims and any expenses incurred for resolving such matters is a case expense deducted from Client's settlement after Attorneys' fees. Client understands these negotiations may delay disbursement of Client's recovery.

12. **Disputes.** Maryland law governs all issues regarding this Agreement. If Client and Attorneys cannot resolve a dispute related to this matter, they must mediate. If they cannot agree on someone to do so, the mediator will be decided by coin flip. All costs shall be shared equally except each party pays their own attorneys' fees, if any. Except as required by law, no one may

disclose the existence, content, or results without all parties' prior written consent.

13. **Complete Agreement.** This is the entire agreement. It may be changed only by a writing signed by Attorneys and Client. If any part is or becomes unenforceable, the rest remains valid and enforceable. Any part may be "blue penciled" to make it comport with controlling law if it is invalid. Attorneys' choice to not enforce a provision is not a waiver of the right to do so.

## OPPORTUNITY TO READ AND UNDERSTAND THIS AGREEMENT

Client had time to read and to ask Attorneys questions and to seek legal advice before signing.

**I HAVE READ, UNDERSTAND, AND AGREE TO ALL TERMS IN THE PAGES ABOVE.**

| CLIENT SIGNATURE: | ATTORNEY SIGNATURE: |
|---|---|
| DocuSigned by: [signature] C6D339901CFC463... | DocuSigned by: [signature] AB5216F8EDDA400... |
| | KBA(licensed in MD, DC, VA, PA, NJ, MA, FL, practicing nationally on a pro-hac basis with co-counsel |
| | Derek Braslow |
| [redacted] | |
| Printed name | Printed name |
| 8/24/2020 | 8/26/2020 |
| Date | Date |
| Address: | Address: |
| [redacted] [redacted] | 336 S. Main Street, Suite 2A-C |
| | Bel Air, Maryland 21014 |
| DOB: [redacted] | |
| SSN: [redacted] | |

**ATTORNEY CONTINGENCY FEE RETAINING AGREEMENT**

In consideration of the mutual promises herein contained, the parties agree as follows:

1. The undersigned Client, ▓▓▓▓▓▓▓▓ hereby retains and employs **Saiontz & Kirk, P.A.** and **Ketterer, Browne & Anderson, LLC** as Attorneys to prosecute and recover all damages and compensation to which the Client may be entitled to, as well as to compromise and settle all personal injury and emotional distress claims arising out of the sexual and physical assault perpetrated and enabled by the acts, failures and omissions of various third parties.

2. For and in consideration of the legal services to be provided by said Attorneys, Client hereby agrees to pay a contingency fee, and irrevocably assigns to Attorneys a present interest in the case, in the amount of ▓▓▓▓▓▓ of any gross settlements or sums recovered.

3. The Client understands that <u>at the conclusion of this case, there will be no attorneys fees or charges for expenses unless the Client received a settlement, judgment or award.</u> If a recovery is made, any costs or expenses incurred by Attorneys in the handling of Client's case shall be repaid to the Attorneys from the Client's portion of the recovery. Such expenses and costs shall be limited to all expenditures related to court filing fees, procurement of medical records and expert fees. Under no circumstances shall the Client be responsible for reimbursement Attorneys' expenses or costs in excess of the gross amounts recovered.

4. The Client agrees and consents to the association of any other co-counsel attorneys or law firms that Attorneys should designate to assist in pursuing this claim on behalf of the Client. The Client further understands and acknowledges that if any other attorneys or law firms are associated as Co-Counsel, all Attorneys will assume joint responsibility for representation of the Client's claim. The Client further understands and acknowledges that the attorney fee set forth above will be shared by the Attorneys and any other Co-Counsel, and that no additional fee will be charged to the Client by any other attorneys.

5. In consideration of Attorneys taking this claim on a Contingency Fee Basis, Client hereby agrees with Attorneys not to make any settlements unless they are present and receive their share in accordance with this agreement. In further consideration of the case being handled without any advanced retainer or payment of advanced expenses, Client irrevocably agrees and instructs all parties and insurance companies that my Attorneys' names shall appear on all checks or drafts issued on this claim, whether by settlement, arbitration or judgment. Client understands and acknowledges that this guaranteed attorney lien can not be revoked or changed, whether or not attorneys continue to represent Client at the time of payment, unless said lien is waived in writing by Attorneys.

6. The Client acknowledges that Attorneys have made no representations or guarantees as to what result can be obtained by the legal matters set forth herein or as to the successful conclusion of those matters, and that no specific outcome is or can be guaranteed or assumed. Attorneys reserve the right to withdraw from the representation of the Client if, after an investigation of the facts, circumstances and/or records, Attorneys are of the opinion that a successful resolution of Client's claim can not be made or that the probable result is outweighed by the risk or costs

associated with pursuing the claim. Attorneys will provide Clients written notice of intent to withdraw, and Clients will cooperate in the facilitation of the withdrawal by executing any and all documents required by a Court in the event the withdrawal occurs after suit has been filed.

7. The Client understands that this agreement shall be binding and ensure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns.

8. If any provision of this Agreement does not comply with the law or ethics of the state in which the Client resides, then its terms shall be modified to comply with the law of such state. If any provision of this Agreement shall be held to be invalid or unenforceable in any respect, such invalidity shall not affect the enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid provision or portion thereof was never contained herein. Each party may sign a separate counterpart of this contract. All such counterparts, taken together, shall constitute one and the same instrument. Further, the signature pages from the separate counterparts may be attached to one counterpart.

**I have read and fully understand the above Attorney Contingent Fee Retaining Agreement:**

_____     Date: _____
Client -

_____     Date: _____
Attorney - Saiontz & Kirk, P.A.

_____     Date: _____
Attorney - Ketterer, Browne & Anderson, LLC

RE: ▮▮▮▮▮▮▮ - Boy Scouts Abuse Claim Through Bankruptcy     S&K File No.: 7687062     SXAB-Ketterer