IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF BOOTH LAW
PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Booth Law (the "Firm"), whose clients are listed on **Exhibit A** hereto (collectively, the "Clients"), hereby submits this verified statement (this "Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No, 6438] (the "Solicitation Order") and states as follows:

        1.      On February 18, 2020, (the "Petition Date") Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2. Prior to the filings of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with members of the Firm.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. In accordance with the Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth in **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5. Annexed hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter") used by the Firm to engage the Clients. The Engagement Letter might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6. The undersigned verifies that the foregoing is true and correct to the best of her knowledge.

7. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver of the rights of the Clients to have any and all final orders in any and all

non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver or release of any rights the Clients may have to a jury trial' (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved.

8. The Clients, through their undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Date: December 21, 2021                             BOOTH LAW

By: /s/ Hannah Nachef
Roger E. Booth, Esq.
Hannah M. Nachef, Esq.
21250 Hawthorne, Blvd., Ste. 475
Torrance, CA 90503
Phone: 310/515-1361
Facsimile: 310/540-0433
Email: hnachef@booth.law

*Attorneys for Booth Law Claimants*

# **EXHIBIT A**

## Client List

| Name | Address | Claim No. |
|---|---|---|
| ███ | ███ | 93805 |
| ███ | ███ | 55136 |
| ███ | ███ | 27788 |
| ███ | ███ | 113126 |
| ███ | ███ | 113128 |
| ███ | ███ | 113129 |

# **EXHIBIT B**



ROGER E. BOOTH*
CARLY L. SANCHEZ
ANDREW S. PRUITT

*a law corporation

OTHER OFFICES:
NEWPORT BEACH
PALM DESERT

21250 Hawthorne Boulevard, Suite 475, Torrance, CA 90503
PH: 310-515-1361    FAX: 310.540.0433
info@booth.law    www.booth.law

# CONTINGENT FEE AGREEMENT

This agreement, entered into on _____ at Torrance, California, concerns legal services to be provided by **BOOTH LAW**, a professional association (hereinafter referred to as "Attorney"), to _____ (hereinafter referred to as "Client") in connection with injuries and/or damages sustained on or about _____.

1.     **IT IS HEREBY AGREED** that Attorney shall receive 33% of the total amount of any recovery as attorney's fees if the case settles before a lawsuit is filed, and 40% of the total amount of any recovery if the case is resolved (by way of either settlement or judgment) thereafter. If one or more of the plaintiffs are minors at the time of the settlement or judgment, the attorney's fees may be subject to court approval. The contingent fee does not include fees for appellate attorneys, should the matter go up on appeal after trial or judgment. Client agrees to the above fee after having been advised by Attorney that the fee is not set by law and is negotiable. IF NO RECOVERY IS OBTAINED, NO ATTORNEY'S FEES SHALL BE OWED.

2.     Attorney may advance any or all litigation costs in connection with this matter, including, among other things, investigator fees, expert fees, court reporter fees, costs for obtaining medical records and other records, legal research costs, filing fees and process servers. In the event of a recovery, either by way of settlement or trial, Attorney is to be reimbursed from the recovery for all of the costs so advanced. This reimbursement is in addition to the fee set forth in Paragraph 1, and the contingent fee percentage shall be calculated based on the total recovery, before costs are deducted. Attorney shall also be reimbursed for any interest and fees owing to banks or other lending institutions for any advanced costs which are paid through a line of credit.

3.     In the event that Attorney and Client agree to settle with one defendant and the case

continues against one or more additional defendants, Client hereby agrees that some or all of the settlement funds shall be set aside to pay for ongoing litigation costs. The amount of money to be set aside shall be determined by Attorney after consultation with Client.

4. In the event of a recovery, Client agrees to pay any and all unpaid medical costs and liens from Client's share. Should Attorney be made aware of any liens prior to the final distribution of the recovery, Attorney shall assist Client in resolving those liens. Should Client recover nothing, it is understood that Attorney is not bound to pay any outstanding medical bills.

5. In the event there is a recovery specifically for attorney's fees, Attorney shall receive 100% of that portion of the recovery. However, the amount Attorney is entitled to under Paragraph 1 of this agreement shall be reduced by any such recovery or, if the recovery exceeds the amount Attorney would receive under Paragraph 1, eliminated entirely.

6. Client agrees to keep Attorney advised of his or her whereabouts at all times, to cooperate in the preparation and trial of the case, to appear upon reasonable notice for deposition, court appearances and medical appointments and to comply with all reasonable requests made by Attorney in connection with the preparation and prosecution of this case.

7. Attorney is hereby given a lien against any recovery, in the amount of the advanced costs and the agreed-upon attorney's fee. Attorney may retain the advanced costs and the agreed-upon fee amount from the recovery before distributing Client's share of the proceeds.

8. Attorney and Client agree that neither shall reach any settlement without the knowledge and consent of the other. Whenever a recovery is obtained, Client hereby authorizes Attorney to sign Client's name to any and all settlement checks in order to effectuate the prompt deposit of the checks into Attorney's client trust account.

9. Attorney may withdraw from the case at any time if there is no applicable insurance coverage or if, in Attorney's opinion, the case cannot be economically pursued. Client may also decide, at any time, not to pursue the case further.

10. Associate counsel may be employed at the discretion and at the expense of Attorney.

11. Attorney elects to defer his compensation and receive his fee through an annuity. The terms of such annuity shall be determined by Attorney in his sole discretion and shall not be affected in any way by the terms of any annuity obtained by Client.

12. Unless indicated above, Client's spouse or domestic partner, if any, is not a party to this agreement, and Attorney has not been retained to file a claim for loss of consortium or any other claim on behalf of Client's spouse or domestic partner.

13. Attorney has made no guarantees regarding the successful outcome of this matter.

14. Booth Law maintains professional errors and omissions insurance coverage within the statutory requirements for the services to be rendered on Client's behalf.

15. A copy of this contract has been provided to Client._____
(Client's Initials)

Client Name:

Client Signature: _____

Date: _____

Address:
Email Address:
Telephone Number(s):

Attorney Name:

Attorney Signature: _____

Date: _____