# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

### VERIFIED STATEMENT OF WINER, BURRITT & SCOTT LLP PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019"), Winer, Burritt & Scott LLP ("WBS") submits its verified statement in connection with these above-captioned chapter 11 cases (the "Chapter 11 Cases").

1. On February 18, 2020, Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

2. On various dates in 2020 and 2021, WBS was retained by various clients to represent their interests in these Chapter 11 Cases. Attached as Exhibit A is a list of clients who retained WBS, including their names, addresses, and claim numbers.

3. Attached as Exhibits B and C are exemplars of our fee agreement confirming our representation of these clients.

4. Other than as disclosed herein, WBS does not represent or purport to represent any other individuals or entities with respect to these Chapter 11 Cases.

5. The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Rule 2019 with any additional information that may become available.

6. Pursuant to title 28 of the United States Code, section 1746, the undersigned declare under

penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  12/21/2021                                     Respectfully submitted,

**WINER, BURRITT & SCOTT LLP**

_____
JOHN D. WINER (CA SBN 091078)
ERIKA J. SCOTT (CA SBN 244724)
KATHLEEN McCORMAC (CA SBN 159012)
1901 Harrison St., Suite 1100
Oakland, CA 94612
Telephone: (510)433-1000
Email: erika@wmlawyers.com

# EXHIBIT A

| Last Name | First Name | Claim Number | Phone Number | Email Address | Address | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ■ | 107881 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107973 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107979 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107862 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107893 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107971 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107891 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107872 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107905 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107869 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107972 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107870 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107969 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107964 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107966 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107868 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107874 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107978 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 108075 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107975 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107880 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107980 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107879 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107898 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107910 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107970 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107897 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107908 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107877 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107896 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107974 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107888 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107906 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107871 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 108073 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107902 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107968 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107914 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107886 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107976 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107901 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107900 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107977 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107913 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 18603 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 7900 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 7917 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | tin | 8492 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 8496 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 9335 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106693 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 4325 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 14835 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106520 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 10904 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 9593 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 11131 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106219 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 9273 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 18835 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106211 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 22833 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106518 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106519 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106556 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106557 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106559 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 15724 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106857 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107199 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107201 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107202 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107204 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106560 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107283 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107284 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107287 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107288 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107289 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107290 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107291 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 107292 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 37925 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 106212 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 10895 | ■ | ■ | ■ | ■ | ■ | ■ | United States |
| ■ | ■ | 23990 | ■ | ■ | ■ | ■ | ■ | ■ | United States |

# EXHIBIT B

**WINER, BURRITT & SCOTT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 600
Oakland, California 94612
(510) 433-1000
Fax: (510) 433-1001

## LEGAL SERVICES AGREEMENT – CHILDHOOD SEXUAL ABUSE

1.  **IDENTIFICATION OF PARTIES**: This Agreement, executed in duplicate with each party receiving an executed original, is made between WINER, BURRITT & SCOTT, LLP, hereinafter referred to as "Attorney," and ▮▮▮▮▮▮▮▮▮, hereinafter referred to as "Client."

    This Agreement is required by Business and Professions Code Section 6147 and is intended to fulfill the requirements of that Section.

2.  **LEGAL SERVICES TO BE PROVIDED**: The legal services to be provided by Attorney to Client are as follows: Representation of Client with respect to his/her claim for damages for personal injuries arising out of the incident(s) of: ▮▮▮▮▮▮▮.

3.  **LEGAL SERVICES SPECIFICALLY EXCLUDED**: Legal services that are not to be provided by Attorney under this Agreement specifically include, but are not limited to, the following: Representation with respect to:

    A.  any dispute with a medical care provider about amounts owed by Client for services received; or

    B.  any appeal in which Client is an appellant or respondent from a court judgment on Client's personal injury claim; or

    C.  any declaratory relief action brought by defendant's insurance company to avoid paying for a defense of the defendant or to avoid paying plaintiff's claim. Any bad faith or coverage action against defendant's insurance company.

    If Client wishes that Attorney provide any legal services not to be provided under this Agreement, a separate written agreement between Attorney and Client will be required.

4.  **RESPONSIBILITIES OF ATTORNEY AND CLIENT**: Attorney will perform the legal services called for under this Agreement, keep Client informed of important

1

progress and developments and respond to Client's inquiries and communications. Client will be truthful and cooperative with Attorney and keep Attorney reasonably informed of developments and of Client's address, telephone number and whereabouts. Attorney specifically states that any failure on the part of client to be truthful, cooperative, or to keep Attorney continually updated with new contact information may, at the discretion of Attorney, result in the withdrawal of the Attorney.

    5.    **ATTORNEY'S FEES**: The amount Attorney will receive for attorney's fees for the legal services to be provided under this Agreement will be a lien of:

    A.    ▇ of the gross recovery if the recovery is obtained before date is set for arbitration hearing, settlement conference, mediation or trial, whichever occurs first;

    B.    ▇ of the gross recovery if the recovery is obtained at or after the date is set for arbitration hearing, settlement conference, mediation or trial, whichever occurs first.

"Gross recovery" means the total amount (of monetary and non-monetary benefits) received (whether by settlement, arbitration award, mediation award, status conference or court judgment) without reduction for "costs" as defined in paragraph 7 of this Agreement.

If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement or periodic payments), the "total amount received," for purposes of calculating the attorney's fees, will be the initial lump sum payment plus the present value, as of the time of the settlement, final arbitration award, mediation award or final judgment, of the payments to be received thereafter. The attorney's fees will be paid out of the initial lump sum payment. If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

Client is informed that this attorney's fee is not set by law but rather is negotiable between the Attorney and the Client.

If there is no recovery, Attorney will receive no attorney's fees.

~~6.    **DIVISION OF ATTORNEY'S FEES**: Attorney will divide the attorney's fees received for the legal services rendered under this Agreement with _____~~

~~The terms of the division are as follows: Attorney will pay to _____ _____% of all attorneys' fees received. Client is informed that, under the Rules of Professional Conduct of the State Bar of California, such a division may be made only with the~~

2

~~Client's written consent after a full disclosure to the Client in writing that a division of fees will be made and of the terms of such division. Client hereby expressly consents to the division.~~

7. **COSTS**: Attorney will advance all "costs" in connection with Attorney's representation of Client under this Agreement. Attorney will be reimbursed out of the recovery after fees to Attorney are deducted. If there is no recovery, or if the recovery is insufficient to reimburse Attorney in full for costs advanced, Attorney will bear the loss. Costs include, but are not limited to: court filing fees, deposition costs, deposition summary fees, expert fees and expenses, reasonable costs of outside paralegal, legal assistants and contract attorneys as necessary to assist Attorney in litigation, investigation costs, long distance telephone charges, messenger service fees, photocopying expenses, necessary travel expenses and process server fees. Items that are not to be considered costs, and that must be paid by Client without being either advanced or contributed to by Attorney include, but are not limited to: Client's medical expenses and other parties' costs, if any, that Client is ultimately required to pay. Client assumes the responsibility of payment of Court costs awarded to defendant.

Attorney may borrow funds to pay the costs as incurred, and it is understood that both the principal amounts borrowed and the interest paid thereon for the costs will be deducted from any recovery to the client upon completion of the case.

8. **REPRESENTATION OF ADVERSE INTERESTS**: Client is informed that the Rules of Professional Conduct of the State Bar of California require Client's informed written consent before the Attorney may begin or continue to represent Client when the Attorney has or had a relationship with another party interested in the subject matter of the Attorney's proposed representation of the Client. Attorney is not aware of any relationship with any other party interested in the subject matter of Attorney's services for Client under this Agreement. As long as Attorney's services for Client continue under this Agreement, Attorney will not agree to provide legal services for any such party without Client's prior written consent.

9. **SETTLEMENT**: Attorney will not settle Client's claim without the approval of Client, who will have the absolute right to accept or reject any settlement. Attorney will notify Client promptly of the terms of any settlement offer received by Attorney.

10. **ATTORNEY'S LIEN**: A lien acts as security for payment due to Attorney by Client. This lien could delay payments to Client until any disputes over the amount to be paid to Attorney are resolved. Client hereby grants Attorney a lien for any sums due and owing to Attorney for fees and costs at the conclusion of Attorney's services.

The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise, in this matter. Client may seek the advice of any independent lawyer of the client's choice about this lien and this matter. By initialing this provision and signing this agreement Client acknowledges that s/he has been so advised and

given a reasonable opportunity to seek that advice.

Explained, read and approved:



(Client's initials)

11. **DISCHARGE OF ATTORNEY**: Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a Substitution of Attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney out of the recovery a reasonable attorney's fee for all services provided and to reimburse Attorney out of the recovery for all costs advanced. If there is no recovery, or the recovery is insufficient to reimburse Attorney in full for costs advanced, Attorney will bear the loss.

12. **WITHDRAWAL OF ATTORNEY**: Attorney may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following:

    A.    the Client consents; or

    B.    the Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney out of the recovery a reasonable attorney's fee for all services provided, and to reimburse Attorney out of the recovery for all costs advanced, before the withdrawal. If there is no recovery, or the recovery is insufficient to reimburse Attorney in full for costs advanced, Attorney will bear the loss.

13. . **BANKRUPTCY OF DEFENDANT:** Attorney may withdraw upon receiving notice of the bankruptcy of any defendant. Client understands and acknowledges that Attorney will not proceed with any action on Client's behalf where there is no or very little potential for recovery.

14. **RELEASE OF CLIENT'S PAPERS AND PROPERTY**: At the termination of services under this Agreement, Attorney will release promptly to Client, on request, all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence and other items reasonably necessary to Client's representation, whether Client has paid for them or not.

4

15. **DISCLAIMER OF GUARANTY**:  Although Attorney may offer an opinion about possible results regarding the subject matter of this Agreement, Attorney cannot guarantee any particular result.  Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

16. **ENTIRE AGREEMENT**:  This Agreement contains the entire Agreement of the parties.  No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

17. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**:  If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

18. **MODIFICATION BY SUBSEQUENT AGREEMENT**:  This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent that the parties carry it out.

19. **ARBITRATION OF FEE DISPUTE**:  Any dispute between Client and Attorney or any claim between Client and Attorney, relating in any manner to Attorney's representation of Client or services rendered to Client or on Client's behalf, which cannot be resolved between Client and Attorney, shall be referred to binding arbitration.  If Client agrees to this provision of this Retainer Agreement, Client will thereby waive any right Client may have to a trial by jury or to a judge as well as any rights to an appeal and formal discovery rights that parties to a lawsuit filed in court normally have, regarding any such dispute.  Attorney urges Client to seek the advice of an independent attorney of Client's choosing on this provision of this Retainer Agreement.  In the unlikely event that either party institutes any such proceeding, the prevailing party shall be entitled to recover reasonable attorney's fees and costs in connection with the proceeding.  Attorney does not expect that any such dispute will arise, but Attorney sets it forth as Attorney's standard procedure.  Attorney looks forward to a wholly amicable relationship.

20. **ATTORNEY'S FEES AND COSTS IN ACTION ON AGREEMENT**:  The prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

21. **ATTORNEYS' INSURANCE**:  Attorney maintains errors and omissions insurance coverage applicable to the services to be rendered.

22. **EFFECTIVE DATE OF AGREEMENT**:  The effective date of this Agreement will be the date when, having been executed by Client, one copy of the Agreement is received by Attorney.

5

The foregoing is agreed to by:

DATED: ███████

_____
Client: ███████

WINER, BURRITT & SCOTT, LLP

DATED: _____

By_____
Attorney

I further agree to promptly advise Attorney of any change in the contact information below or if I will be traveling or otherwise unavailable for a period of greater than two weeks.

DATED: ███████

_____
Client: ███████

## ELECTION TO PAY COSTS

**I elect to pay the costs in this case in the following manner:**

(PLEASE CHECK ONE OF THE FOLLOWING)

[ ]    Pay the amount immediately.

[ ]    Pay the interest only each month as billed.

[X]    Pay nothing now but pay both principal and interest upon the completion of my case or as soon as I wish.

DATED: _____

CLIENT: _____
Client: ███████

6

# EXHIBIT C


### Linville Johnson
### ATTORNEY CONTINGENCY FEE AGREEMENT

This retainer agreement is made between ▮▮▮▮ ("Client") and Linville Johnson & Winer Burritt & Tillis LLP, (jointly, "the Attorneys"). Client retains and employs Attorneys to recover compensation for Client's injuries suffered from <u>Boy Scout Abuse</u>. This agreement is intended to bind Client's heirs, death beneficiaries, and Client's estate representative in the event of a death. It does not include Workers Compensation, Americans with Disability Act, or Social Security Disability claims, or any appeals:

It is further understood and agreed as follows:
- **FREE CASE EVALUATION:** Attorneys will evaluate Client's claim at no upfront expense or fee.
- **NO FEES OR EXPENSES UNLESS WE RECOVER FOR YOU:** If there is no recovery, Client will not owe Attorneys anything.
- **ATTORNEYS WILL NOT SUE CLIENT'S DOCTOR(S), THE VA OR THE GOVERNMENT:** Client understands and agrees that the Attorneys will not investigate or pursue a medical malpractice claim or any claim against Client's doctor(s).

**ATTORNEYS' FEE & COSTS:** Client agrees to pay ▮▮ percent ▮▮) of the GROSS settlement or recovery in case of settlement or verdict as a reasonable Attorneys' fee for Attorneys' services. This fee applies regardless of whether the case goes to trial or settles before a lawsuit is filed or trial. It does not include any appeal of a trial verdict or court decision. Client agrees that Attorneys are to be reimbursed for all costs incurred pursuing Client's claim. Attorneys will deduct costs AFTER and in addition to Attorneys' fees. The Attorneys' fees shall be shared as follows: Linville Johnson shall receive ▮▮ % & Winer Burritt & Tillis LLP, ▮▮ %. Client is responsible for all liens, subrogation, medical bills, or other claims asserted by third parties such as Medicare.

**ASSOCIATION OF OTHERS:** Attorneys may employ other Attorneys outside Linville Johnson to help with Client's claims at their discretion. All Attorneys will be jointly responsible for representing Client. Additional Attorneys will not increase the Attorneys' Fee payable by Client. This does not include Attorneys or other professionals to assist with any workers' compensation, estate, bankruptcy, or lien resolution matters.

**STATUTE OF LIMITATIONS:** Client's claims must be brought within a limited time period, called the Statute of Limitations or Repose, or Client's legal rights can be lost or barred forever. Attorneys require at least several months to investigate Client's claims. **Prompt return of this Agreement is very important.** Client assumes the risks associated with and understands, agrees, and consents that the Attorneys shall not be required to pursue the Client's claims, to file a lawsuit, or to take any action to protect against or comply with any Statute of Limitations or Repose, if such limitations period expires within 180 days of the date this signed Agreement is received by the Attorneys or as such longer time as it takes to obtain necessary records and documents from Client and/or third parties such as medical providers.

**TERMINATION OF REPRESENTATION:** Client retains the right to terminate Attorneys at any time, but must provide written notice to Attorneys. However, Client agrees that if Client terminates this agreement without a valid reason, Attorneys shall be entitled, but not limited to, the following: 1) reimbursement for costs spent to date; 2) Attorneys' fees for the work done based on the higher of their Quantum Meruit and 3) a lien may be placed on future proceeds generated by Client's claim.

**LIMITED POWER OF ATTORNEY:** Client authorizes Attorneys to execute documents Attorneys deem necessary or appropriate related to Client's claims.

**CLIENT OBLIGATIONS:** Client agrees to update Attorneys immediately if Client's contact information changes. Client agrees to provide complete and truthful information. Client agrees not to file any lawsuits or claims except through Attorneys or to negotiate or settle claims without Attorneys' knowledge. Client agrees to not share information obtained through Attorneys. Client agrees to preserve all documents and things, including electronic information about Client's claim. If Client filed bankruptcy before, Client will tell Attorneys immediately. If Client decides to file for bankruptcy, Client will inform Attorneys first. Client consents to receive future communications electronically at Attorneys' discretion and at Client's risk. Client will make all social media accounts private. Client will inform Attorneys if anyone asserts any claim to Client's funds. Client agrees Client's claim may be part of a larger number of claims such as an MDL or aggregate settlement.

**COMPLETE AGREEMENT:** Attorneys make no promises or guarantees regarding the outcome. This is the entire agreement. It may be changed only by a writing signed by Attorneys. If any part is or becomes unenforceable, the rest remains valid and enforceable. Any part may be "blue penciled" to make it comport with controlling law if it is invalid. Attorneys' choice to not enforce a provision is not a waiver of the right. All issues regarding this Agreement are governed by Arkansas law. If Client and Attorneys cannot resolve a dispute related to this matter, they will mediate it before a mutually agreeable mediator.

| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
|---|---|---|
| Client Signature | Printed Name | Date |

1

_____

Linville Johnson

_____

Winer Burritt & Tillis LLP

2