IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

VERIFIED STATEMENT OF ROTHSTEIN DONATELLI LLP
PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submit this verified statement in the jointly administered Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors ("Debtors").

1. Each of the clients set forth on Exhibit 1 hereto (the "Rothstein Clients") has retained Rothstein Donatelli LLP to represent him or her as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants. Exhibit 1 sets forth the names of the Rothstein Clients as of December 16, 2021, together with the nature of the disclosable economic interests held by each of them in relation to the Debtor and the other information required to be disclosed by Bankruptcy Rule 2019. A true and accurate copy of an exemplar engagement agreement between Rothstein Donatelli LLP and the Rothstein Clients is attached hereto as Exhibit 2.

2. Rothstein Donatelli does not represent the interests of, and is not fiduciary for, any sexual abuse claimant, other creditor, party in interest, or other entity that has not signed an

engagement agreement with Rothstein Donatelli. Every individual in Exhibit 1, save for SA-94256 and SA-94103, has returned an executed agreement, and SA-94256 and SA-94103 have repeatedly verbally agreed to the terms and indicated they will execute. However, since no executed agreement has been received to date, these two individuals have been given the information necessary to contact Omni for an individual ballot and no vote will be cast on their behalf as members of the "Rothstein Clients" group until such executed agreement is returned. In addition, while we have an executed agreement with Claimant SA-98397, we received his agreement after the bar deadline and filed his claim to preserve his rights, so we cannot vote on his behalf as it is a late claim.  Finally, as to Claimant SA-93972, we have no executed fee agreement with him, therefore we have no authority to vote on his behalf, and we believe he may have filed his own claim pro se.

3. The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the Order (I) Approving the Disclosure Statement and the Form and Manner Notice , (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 6438] and not for any other purpose.

4. Nothing contained in this Verified Statement is intended or shall be construed to constitute:  (i) a waiver or release of the rights of any of the Rothstein Clients to have any order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the Rothstein Clients

to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights any of the Rothstein Clients may have to a jury trial; whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the Rothstein Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the Rothstein Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims actions, defenses, setoffs, or recoupements being expressly reserved; or (viii) a waiver of release of any of the Rothstein Client's rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11  Cases are pending.

5.  The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

6.  The undersigned verifies the information contained herein to the best of the undersigned's knowledge and belief.

Dated: __12\21__, 2021

Respectfully Submitted,

CAROLYN M. "CAMMIE" NICHOLS
Rothstein Donatelli LLP
500 4th Street, N.W., Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443
cmnichols@rothsteinlaw.com

CAROLINE "KC" MANIERRE
Rothstein Donatelli LLP
Post Office Box 8180
Santa Fe, New Mexico 87504-8180
(505) 988-8004
cmanierre@rothsteinlaw.com

PAUL LINNENBURGER
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, NM 87197
(505) 226-7979
paul@attorneyslane.com

*Attorneys for Plaintiff*

# EXHIBIT 1 –
# ROTHSTEIN DONATELLI LLP
# CLIENT LIST

## ROTHSTEIN DONATELLI LLP
## LANE + LINNENBURGER + LANE, LLP
## CLIENT LIST

| Claimant's Last Name | Claimant's First Name | Claim Number | Claimant's Address | Economic Interest |
|---|---|---|---|---|
| | | SA-89837 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-89891 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-89879 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-93695 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-90725 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-92710 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-89971 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-93151 and 93911 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-89967 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-92692 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| | | SA-89977 and 89969 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |

**ROTHSTEIN DONATELLI LLP**
**LANE + LINNENBURGER + LANE, LLP**
**CLIENT LIST**

| | | | | |
|---|---|---|---|---|
| ███ | ███ | SA-93972 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-92011 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-98397 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-91408 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-93719 and 94182 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-94256 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-89792 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-94103 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-93143 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-89853 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |
| ███ | ███ | SA-89989 | c/o Rothstein Donatelli LLP 500 4th Street NW, Suite 400 Albuquerque, NM 87102 | Unliquidated Abuse Claim |

# EXHIBIT 2
# ROTHSTEIN DONATELLI
# FEE AGREEMENT

## BSA BANKRUPTCY
## CLAIMANT ENGAGEMENT AGREEMENT

**IT IS HEREBY AGREED** by and between _____, (hereinafter

referred to as "Client") and the Law Offices of **ROTHSTEIN DONATELLI LLC** (hereinafter

collectively referred to as "Attorneys").

      1.     Client agrees that Attorneys will represent Client as a survivor of childhood sexual

abuse and claimant or creditor of the Boy Scouts of America in the Chapter 11 Bankruptcy

proceedings, United States Bankruptcy Court for the District of Delaware, Case No. 20-10343.

("Bankruptcy Proceedings").

      2.     Client understands and agrees that Attorneys will not be able to file a separate

lawsuit against the Boy Scouts of America, but Attorneys will act on Client's behalf in the

Bankruptcy Proceedings and will assist the Client in submitting all necessary documentation for

proof of claim, advise and counsel the Client through the Bankruptcy Proceedings concerning

Client's claim for damages and injuries against the Boy Scouts of America, in the Bankruptcy

Proceedings. Attorneys will take whatever reasonable, ethical and lawful steps appropriate or

necessary to protect Client's legal interests, but it is understood that Attorneys cannot guarantee

specific results, and no representation is made hereby as to the likelihood of any particular outcome

in any aspect of Attorneys' work on Client's behalf.

      3.     Attorneys' fees shall be 33 1/3% of the gross amount recovered for Client.

      4.     In addition to the above-described fees, all out-of-pocket expenses directly incurred

in investigating or litigating this claim shall be paid from the proceeds of any recover.

1

5.      In addition to the above-described attorneys' fees and expenses, Attorneys shall be paid gross receipts tax upon their fees and expenses as required by state law. This tax shall be paid in an amount to be determined by the relevant law at the time of payment.

6.      In the event that attorneys' fees and costs are not covered by the Court's award in this case, the method for disbursement of any monies received in connection with this claim shall be as follows: first, attorneys' fees shall be computed on the gross; second, costs and gross receipts tax shall be deducted from the remaining balance; third, any claimed outstanding bills of the Client which Attorneys have been authorized to pay or are required to pay as a matter of law or lien, shall be paid out of the remaining balance; and fourth, the balance shall be paid to the Client.

7.      If no money is recovered for this claim, Attorneys shall receive nothing for their services. Client shall remain liable for all costs and expenses advanced by Attorneys.

8.      Client agrees to cooperate fully with Attorneys as needed to enable Attorneys to perform the services that Client requires.

9.      Client acknowledges that he is aware there may be potential minor conflicts that could arise when he or she has an individual claim that is brought within a group of claimants such as in the Bankruptcy Proceedings, including minor conflicts between individual claims and the group of claims, in particular when it is likely all claims will be paid from the same funding source. By entering into this Agreement with Attorneys, Client knowingly waives such potential minor conflicts of interest arising from Attorneys representing multiple survivors and/or claimants in the Bankruptcy Proceedings and understands that representation in this manner is expected to serve overall as a benefit, rather than a detriment. With this awareness, Client chooses to proceed with Attorneys as representatives in the Bankruptcy Proceedings, based in part on Attorneys'

2

experience representing individuals with claims for sexual abuse injuries in litigation and in bankruptcy, including such claims involving the Boy Scouts of America and its affiliates.

10.     Attorneys may terminate this Agreement and withdraw at any time upon giving reasonable notice in writing to Client. Client may terminate this Agreement without particular cause by giving Attorneys written notice. In the event of termination by either party, Attorneys shall be entitled to be compensated for all hours actually worked prior to receipt of written notice of termination at a rate of $400.00 per hour for lead counsel and standard rates for all other persons working on Client's claim, plus all costs and expenses advanced and tax thereon. This fee shall be paid as soon as possible by Client and, in any circumstance, prior to payment of any fee to any other counsel or distribution of any proceeds from Client's claim to any other person.

11.     Attorneys are given a charging lien by Client which attaches to any money awarded to Client or actually paid, received or collected by in satisfaction of any claims of Client in the Bankruptcy Proceedings to insure payment of any obligations created by this Agreement.

12.     Attorneys promise to do their utmost on behalf of Client and to utilize all ethical and legal procedures to advance Client interests in this matter. Attorneys cannot and do not guarantee or promise to Client any specific outcome of this claim.

**CLIENT**

DATED: _____     By: _____
                                                    [CLIENT NAME]

**ROTHSTEIN DONATELLI LLP**

DATED: _____     By: _____
                                                    CAROLYN M. "CAMMIE" NICHOLS

3