# EXHIBIT 2

# REPRESENTATIVE RETAINER AGREEMENT

## ENGAGEMENT AGREEMENT
## BOY SCOUTS OF AMERICA CHAPTER 11 BANKRUPTCY CASE

~~This agreement~~ is made and entered into on this __9th__ day of __September__, 2020, by and between ███████████ referred to as "Client") and **HALL & MONAGLE, LLC** (referred to as "Attorneys"). Client hereby agrees that Attorneys will represent Client as a victim-survivor of childhood sexual abuse, and as a claimant or unsecured creditor of the Boy Scouts of America in its voluntary Chapter 11 Bankruptcy proceeding, recently filed in Delaware. Client understands that Attorneys will not directly litigate against the Boy Scouts of America, but will file a 'proof of claim form' as an unsecured creditor of the Boy Scouts of America. Attorneys will assist the Client with the preparing and filing of a "proof of claim" form, advise the Client and provide updates as the Bankruptcy case unfolds, communicate with the Creditors Committee and the Court (as needed) in Delaware, regarding Client's proof of claim, concerning damages and injuries sustained as a result of childhood sexual abuse committed by a Boy Scouts of America Scoutmaster or employee or agent, ███████████████████, in the approximate month(s) or year(s) _____. The ,childhood sexual abuse occurred at (location) ███████████████████.

It is agreed and understood that Attorney's will not automatically file any State Court tort litigation in New Mexico against subordinate entities of BSA, such as local councils, or against other institutions or churches or non-profits that may have been involved in any with the Scouting experience, or against operators of premises where abuse occurred. This retainer agreement is for representation in the Delaware national bankruptcy case against Boys Scouts of America.

It is agreed and understood that Client is retaining Attorneys after the Bankruptcy Case has been voluntarily filed in 2020 by the Boy Scouts of America, in Delaware. It is unknown how those with state court "statute of limitations" issues in any of the 50 states may have claims devalued as a result, but Client understands that Attorneys will advise Client regarding this entire national process, and how the NM statute of limitations comes into play, if it does. Client will work with Attorneys in timely providing all information requested, so that Client's "proof of claim" form that was approved by the U.S. Bankruptcy Court can be prepared as expeditiously as possible by Attorneys. The deadline for filing Proof of Claims by survivors is in late November, 2020.

The attorneys' fee for representing Client in the Bankruptcy Proceeding will be thirty percent **(30%)** of any recovery obtained for Client. Attorneys will front all expenses related to presenting the Client's claim. Client agrees to re-pay expense billings out of client's share of any proceeds obtained in any settlement in the Bankruptcy, and in any allocation within the Chapter 11 to claimant. Claimant understands that Attorneys will not be involved in the allocation decision-making process in this case. Attorneys shall be reimbursed for fronted expenses from the proceeds, after attorney's fees have been paid, and gross receipts tax for work done in NM has been collected on the fee. Expenses could include copy charges, courier charges, fax charges, legal research via computerized research fees, court filing charges, medical records charges, and any additional charges for anything needed for the representation of the Client's claim. It is expected that expenses will be relatively low, and that expert witnesses, depositions, and other expensive litigation actions will not be needed.

Client understands that Attorneys may associate with other attorneys for different aspects of this representation. This association will not cause any increase in attorney's fees. Attorneys sometimes utilize other counsel for issue-by-issue expertise for the benefit of client's case, and if so, client will be apprised of the reason for the association. Attorneys will pay for that association by providing, in writing, a share of percentages of the contingency fee, or by paying for the assistance from sub-contracting attorneys on an hourly basis, at no cost to Client. Nationally, Attorneys may associate with counsel on an as needed basis, again without causing any raise of fees.

Client is advised and is aware there could be potential minor conflicts that could arise when he has an

1



PLAINTIFF'S EXHIBIT 2

individual claim that is brought within a group of claimants, and has been advised and is aware that some attorney-client information may be included in categorical data provided to the Bankruptcy Court, group timelines, matrixes, and/or exhibits for litigation within the Bankruptcy system filed by national lawyers, all created for the benefit of all survivors. The Bankruptcy Court and the U.S. Trustee, and possibly the Creditors Committee made up of other survivors, and possibly insurers, eventually may need to know each claimant's true name and the essential material core facts surrounding his or her claim. Even though Client understands that he will first be presented as a "John Doe" in a sealed Proof of Claim document filed under seal in Delaware, (and that it is probable that the Doe status will remain how Client is presented to the world at large), Client's name will need to be known within the Bankruptcy system at some point, which will be within an Order of Confidentiality.

    Client has read and understands this Agreement and agrees to retain Attorneys under these conditions and without reservation, knowing that no particular result can be guaranteed. In the unlikely event Client and Attorneys terminate this relationship before the Bankruptcy case is settled, Attorneys are hereby given a lien on this case, with hourly rates at $300.00 per hour for work done on the case, or the 30% contingency fee, (whichever is higher), and which shall be paid out of any future settlement before any other attorneys are paid.

Client: / Date
Mailing Address:
Phone Numbers:
Email address:
DOB:
SS:

Hall & Monagle, LLC
320 Gold Ave SW #1218
Albuquerque, NM 87102
(505) 255-6300, 255-6323 Fax
brad@hallmonagle.com
levi@hallmonagle.com

2