# Remanded to U.S. Bankruptcy Court, District of Delaware

## Cause number: 20-10343 LSS

FILED 2021 DEC 22 AM 9:06 CLERK U.S. BANKRUPTCY COURT DISTRICT OF DELAWARE

FILED
2021 DEC 22 AM 9:07
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
21 DEC 10 PM 3:29
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| Case Works, LLC a/k/a Your Case Works a/k/a Your Case Managers, *Movant* | § § § § |
| v. | § § |
| Century Indemnity Company, *Respondent* | § § § |

No. 1-21-MC-940

## ORDER

Before the Court is Respondent Century Indemnity Company's Motion to Transfer, Dkt. 8; and all related briefing. Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted.

### I.     BACKGROUND

This case arises from Movant Case Works LLC's motion to quash a subpoena served by Century Indemnity seeking documents related to Case Works' submission of 2,100 proofs of claim in a bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware (the "Boy Scouts bankruptcy"). Dkt. 1; Dkt. 1-1.[1] United States Bankruptcy Judge Laurie Silverstein has presided over the Chapter 11 reorganization of the Boy Scouts of America in Delaware for the past year and a half. Dkt. 8, at 3, 6.

Discovery is ongoing in that case regarding the "exponential increase" in claims against the Boy Scouts in the months preceding the date by which such claims had to be filed. *Id.* at 4, 6 ("Case Works is among the handful of claims-aggregating businesses that the evidence shows collectively generated tens of thousands of claims."). Century Indemnity posits that Case Works

---

[1] *See In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS).

1

submitted claims that its attorney did not authorize or that included "suspect" claimant signatures. *Id.* at 7; Dkt. 11-2; Dkt. 11-21. Case Works admits that it assisted law firms in the preparation and submission of proofs of claim, though denies that it served as a "claims aggregator," and highlights that it has "no stake whatsoever" in the Boy Scouts bankruptcy. Dkt. 15, at 2.

Earlier this year, Judge Silverstein authorized discovery into the entities, such as Case Works, that assisted with the submissions of proofs of claim against the Boy Scouts. Dkt. 8, at 7-8; Dkt. 11-3; Dkt. 11-5. Century Indemnity then served the subpoena at issue in this lawsuit, seeking documents related to Case Works' process for soliciting claimants, obtaining attorney signatures on proofs of claim, and tracking proofs of claim. Dkt. 8, at 8; Dkt. 1-1. Two related discovery disputes are currently pending before Judge Silverstein. Dkt. 8, at 10 ("Judge Silverstein is set to rule on other related disputes: in the first, a law firm moved to quash a subpoena that Century served on a claims-aggregator similar to Case Works, and Century opposed; in the second, Century moved to compel another aggregator to comply with Century's subpoena."). Century Indemnity now moves to transfer Case Works' motion to quash to the United States Bankruptcy Court for the District of Delaware so that it may be resolved with the other discovery disputes pending in the Boy Scouts bankruptcy before Judge Silverstein. *See* Dkt. 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) permits "[t]he court where compliance with a subpoena is sought," to exercise its "discretion to transfer related motions to the issuing court ... upon a finding of exceptional circumstances." *Moon Mountain Farms, LLC v. Rural Cnty. Ins. Co.*, 301 F.R.D. 426, 428 (N.D. Cal. 2014) (citing Fed. R. Civ. P. 45(f)). There is no presumption that the court which issued the subpoena "is in a superior position to resolve subpoena-related motions," and "the proponent of transfer bears the burden of showing that [exceptional]

2

circumstances are present." *Chem-Aqua, Inc. v. Nalco Co.*, 3:14-mc-71-D-BN, 2014 WL 26459999, at *1 (N.D. Tex. June 13, 2014) (quoting Fed. R. Civ. P. 45(f), advisory committee note to 2013 amendment).

Exceptional circumstances exist where a transfer would "avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion." *Chem-Aqua Inc.*, 2014 WL 2645999, at *1 (quoting Fed. R. Civ. P. 45(f), 2013 note). In such a case, "transfer would provide for consistent outcomes and judicial economy." *Elliot v. Mission Trust Servs., LLC*, No. A-14-cv-972-LY, 2014 WL 7157156, at *3 (W.D. Tex. Dec. 12, 2014). Exceptional circumstances should be weighed against the "burdens on local nonparties subject to subpoenas." *Chem-Aqua, Inc.*, 2014 WL 2645999, at *1 (quoting Fed. R. Civ. P. 45(f), 2013 note). These burdens must be significant, and "an unsupported statement that litigating" in the issuing court's district "would be burdensome and expensive" is insufficient to outweigh the burden on local nonparties. *Id.* at *3 (internal quotes omitted).

### III. DISCUSSION

Century Indemnity argues that exceptional circumstances warrant the transfer of Case Works' motion to quash to the United States Bankruptcy Court for the District of Delaware. Dkt. 8, at 8-9. Specifically, Century Indemnity insists that transfer of the motion will promote judicial economy, better case management of the Boy Scouts bankruptcy case, and avoid inconsistent outcomes should this Court resolve the pending motion to quash in a way that conflicts with Judge Silverstein's resolution of related motions. Dkt. 8, at 8-11. Century Indemnity also contends that Case Works will suffer no prejudice by having to litigate their motion to quash in Delaware because the Boy Scouts bankruptcy proceeding has been conducted virtually, and as such, travel to Delaware is unnecessary to resolve the motion. Dkt. 8, at 11-12.

3

First, Century Indemnity argues that considerations of judicial economy support transfer because "the transferee court is best positioned to make discovery decisions" because that court has presided over this "hotly contested case" for over a year and a half, and has already "established an expected discovery resolution protocol." Dkt. 8, at 9-10. Case Works responds that because it is a non-party to the Boy Scouts bankruptcy proceeding, it should not be forced to litigate its challenges to Century Indemnity's subpoena "thousands of miles away." Dkt. 15, at 5. Case Works cites *Orix* for the proposition that Judge Silverstein's familiarity with the Boy Scouts bankruptcy is insufficient to outweigh its interest in "obtaining local resolution of a discovery dispute." Dkt. 15 (citing *Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *3 (N.D. Tex. July 21, 2016)).

In *Orix*, the court found that transfer was not warranted where the motion to compel was not "based on a complex factual background" and only two discovery disputes had already been resolved in the underlying action. 2016 WL 3926507, at *4. Here, in contrast, the motion to quash relates to a "hotly contested case that has been pending for over 1.5 years, involves myriad parties, and is on an accelerated discovery schedule." Dkt. 8, at 9. Not only are the issues presented in the Boy Scouts bankruptcy complex, but the parties here do not even agree as to whether Case Works is properly considered a claim aggregator. *Compare* Dkt. 8, at 4, 7; *with* Dkt. 15, at 3. While the Court is sympathetic to Case Works' desire to resolve its motion to quash locally, the resolution of such basic issues such as whether Case Works functioned as a case aggregator in the Boy Scouts bankruptcy is best resolved by Judge Silverstein, who has for months presided over discovery against certain aggregators. Dkt. 8, at 7-8. Judge Silverstein is thus "in the best position to make rulings on the scope of discovery and to evaluate the relevance of the requested documents and any undue burden the production might cause." *Ackerman McQueen, Inc. v. Nat'l Rifle Ass'n of*

4

*Am.*, No. A-20-MC-149-LY, 2020 WL 919158, at *2 (W.D. Tex. Feb. 26, 2020). Because the bankruptcy court is "in the best position to manage" discovery disputes relating to this "large, multi-party" lawsuit, transfer would best serve the interests of judicial economy. *Nat'l Coal. of Ass'n of 7-Eleven Franchisees v. 7-Eleven, Inc.*, No. 5-18-CV-0064-DAE, 2018 WL 6272919, at *3 (W.D. Tex. Feb. 13, 2018).

Second, Century Indemnity contends that transfer of the motion will serve to ensure consistent outcomes to pending, related issues already before Judge Silverstein. Dkt. 8, at 10-11; Dkts. 11-14, 11-15, 11-16. Moreover, Century Indemnity points out that Judge Silverstein has already ruled on the relevance of certain discovery requests to entities, like Case Works, that have submitted voluminous proofs of claim in that case. Dkt. 8, at 10. Relatedly, Century Indemnity argues that transfer will promote better case management of the underlying bankruptcy case because, as noted above, Judge Silverstein has ruled on and is set to rule on the relevance of the type of discovery at issue in Case Works' motion to quash. Dkt. 8, at 11; Dkts. 11-14, 11-15, 11-16. Century Indemnity further posits that certain arguments Case Works puts forth in their motion to quash "necessarily require familiarity with the history of discovery in the Boy Scouts Bankruptcy," such as whether Century Indemnity has sought information from Case Works to avoid having to obtain such information from parties to the bankruptcy suit. Dkt. 8, at 11. Case Works challenges that the motion to quash would be better resolved by Judge Silverstein, arguing that the issues raised in its motion "are matters that this court routinely addresses in its day-to-day management of its docket" that "do not require the specialized expertise of the Bankruptcy Court." Dkt. 15, at 5.

Case Works further responds that it is "neither a law firm nor an aggregator and was not one of the parties identified in the [Bankruptcy] Court's order" regarding previous discovery

5

requests. Dkt. 15, at 6. While Case Works admits that certain discovery objections currently pending before Judge Silverstein may be "similar" to those at issue here, it emphasizes that "neither of those third-parties are Texans," and posits that should the Bankruptcy Court rule on those motions before the resolution of this motion to transfer, this Court would have the benefit of those rulings in considering Case Works' motion to quash. Dkt. 15, at 6 (citing *Orix*, 2016 WL 3926507, at *4). Yet in *Orix*, the court already had the benefit of previous discovery rulings from the issuing court, whereas here the Court does not have the benefit of the Bankruptcy Court's rulings on the related motions currently before Judge Silverstein. *Orix*, 2016 WL 3926507, at *4.

Moreover, given the complexity and procedural posture of the Boy Scouts bankruptcy, the Court finds that transfer of the motion to quash will serve to avoid inconsistent outcomes with regard to discovery disputes currently pending before the Boy Scouts bankruptcy court and ensure that all such disputes are resolved within the timeline set forth by Judge Silverstein. *See Martorello v. Williams*, No. 3:19-MC-0002-S, 2019 WL 3387787, at *2 (N.D. Tex. July 26, 2019) (granting motion to transfer where "similar motions" had been "decided by the court that issued the subpoena" and transfer was warranted to "avoid disrupting the issuing court's management of the underlying litigation") (cleaned up); *Chem-Aqua, Inc.*, 2014 WL 2645999, at *3 (noting that transfer is appropriate where the issuing court "has already ruled on issues presented by the motion" (quoting Fed. R Civ. P. 45(f), advisory committee notes (2013 amendments)); *7-Eleven*, 2018 WL 6272919, at *3 ("the fact that related motions to quash are pending before the [issuing] court is an additional factor persuading the Court to transfer the motion"). Because "any ruling by this Court has the potential to disrupt the [bankruptcy court's] management of the underlying case, both procedurally and substantively," the interest in consistent resolution of discovery disputes arising from the Boy Scouts bankruptcy favors transfer. *Ackerman*, 2020 WL 919158, at *2.

6

Lastly, Century Indemnity contends that resolution of the motion to quash in Delaware "will not impose any burden" on Case Works because only "a simple internet connection is needed" to appear before Judge Silverstein, as the "Boy Scouts Bankruptcy proceedings are [entirely] virtual." Dkt. 8, at 11-12. Case Works responds that transfer of this case will be "unduly burdensome" because it would be required to either hire an attorney who is licensed to practice law in Delaware or have its current counsel associate with someone barred there in order to appear *pro hac vice*. Dkt. 15, at 4.

Case Works cites no authority, and the Court is not aware of any, standing for the proposition that the burden of retaining new counsel or having its current counsel appear before the Boy Scouts bankruptcy court outweighs the substantial interests that weigh in favor of transfer. In fact, courts in this circuit have found that "the fact that the subpoenaed party and its counsel are (unsurprisingly) located in the district where compliance is required" does not "weigh decisively against transfer to the issuing court in the face of other exceptional circumstances favoring transfer." *Chem-Aqua, Inc.*, 2014 WL 2645999, at *4.[2] Here, the burden to Case Works in having to litigate its motion in Delaware does not outweigh the exceptional circumstances—such as the complexity, procedural posture, and impending discovery deadlines in the Boy Scouts bankruptcy—already found to weigh in favor of transfer.

Because exceptional circumstances warrant transfer of Case Works' motion to quash to avoid disrupting the issuing court's management of the underlying Boy Scouts bankruptcy and

---

[2] The Advisory Committee Notes to Rule 45 explain that, "[i]f the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending" and that "[t]he rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court." Fed. R. Civ. P. 45(f) (advisory committee notes (2013 amendments)).

7

those interests outweigh whatever interests Case Works may have in resolving the motion to quash in this district, the Court will grant Century Indemnity's motion to transfer.

### IV.    CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Century Indemnity's Motion to Transfer, Dkt. 8, is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be **TRANSFERRED** the United States Bankruptcy Court for the District of Delaware.

**SIGNED** this ___10th___ day of December, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

A true copy of the original. I certify.
Clerk, U.S. District Court

By: Deanna Massie
Deputy Clerk