**EXHIBIT B**

**(Engagement Letter Exemplar)**

ORIGINA

# Law Offices of Lujan & Wolff LLP
300 DNA Building • 238 Archbishop Flores Street • Hagatna, Guam 96910-5206
Telephone (671) 477-8064 • Facsimile (671) 477-5297

### Attorney-Client Agreement for Legal Services

This Attorney-Client Agreement for Legal Services ("Agreement") is made by the Law Offices of Lujan & Wolff LLP ("Attorneys") and ▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Client") as of the date set forth below or on the date Attorneys first provide services to Client. This Agreement is made in accordance with 7 G.C.A. § 9A216 which requires that (a) if fee is greater than $500.00; (b) if court appearance is reasonably contemplated; or (c) if fee is contingent, an attorney must have a written agreement with a client.

This Agreement explains billing policies and procedures and the respective obligations of the parties. The Client should carefully review the Agreement and ask any questions or request any clarifications prior to signing the Agreement in order that Client fully understands the terms of the Agreement between the parties.

### Scope of Agreement

The legal services for which the Client has retained Attorneys are as follows:

To represent Client in all claims against the Archdiocese of Agana, Boy Scouts of America, Boy Scouts of America Aloha Council Chamorro District, Louis Brouillard, and such other persons or entities as Attorney and Client may conclude are liable to Client for tortious actions committed against Client.

### 1.     Duties of Attorneys

The Attorneys shall provide those legal services reasonably required to represent Client in the matter above described. Attorneys shall keep Client informed of significant developments and respond to Client's inquires.

Attorneys may delegate work without the office to partner and associate attorneys, paralegals, law clerks, investigators and office personnel as Attorneys deem appropriate in their representation of Client's interest. This is done to achieve Client's objectives at reasonable fees for professional services. Similarly, Attorneys may select and hire attorneys, investigators, consultants and experts to assist in the preparation and presentation of Client's case.

Attorneys are not obligated to perform any services for Client until Client has delivered to Attorneys a duly executed copy of this Agreement and made any advance deposit required by ¶ 5.

Client's initials             Page 1

**2.   Duties of Client**

Client shall be truthful and cooperate with Attorneys, keep Attorneys informed of developments affecting the matter for which Attorneys' services have been engaged, perform the obligations Client has agreed to perform in accordance with this Agreement, timely pay invoices, and keep Attorneys advised of Client's mail and physical address, email address, phone number and whereabouts.

**3.   Fees and Hourly Rates**

The Attorneys' practice in certain cases is to charge for legal services on the amount of time, including travel time, devoted to a matter at hourly rates for the personnel assigned to a client's matter. In this case, however, Attorneys have agreed to represent Client on a contingent fee basis. That is, Attorneys' will be compensated by being a paid an agreed portion of whatever sum Attorneys earn from the parties who are responsible to Client for the damages that have occurred.

Section 26601 of Title 7 of the Guam Code Annotated provides that in any action for damages for personal injury or death, whether based on tort or contract law, no attorney shall charge a contingent fee in excess of the following limits on the sums recovered:

a. Fifty per cent (50%) on first One Thousand Dollars ($1,000.00);
b. Forty per cent (40%) on the next Two Thousand Dollars ($2,000.00);
c. Thirty-three and one-third per cent (33 1/3%) on the next $47,000.00;
d. Twenty per cent (20%) on the next Fifty Thousand Dollars ($50,000.00);
e. Ten per cent (10%) on any amount over One Hundred Thousand Dollars ($100,000.00).

Client acknowledges that Attorneys explained that legal services may also be obtained on the basis of fees charged for the time expended by Attorneys and firm (hourly fees) but that Client prefers that Attorneys be compensated in this case on the basis of a contingent fee and that Attorneys, as set out hereafter, have explained that they intend to seek a fee greater than the statutory percentages set forth above.

A contingent fee is computed on the net sum recovered by a client after deducting disbursements made in the prosecution of the client's claim and litigation.

Section 26601 does provide that "[i]f at the conclusion of any such action for damages, an attorney considers that the contingent fee within such maximum limits to be insufficient, he may apply to the court, with written notice to the client, for an increase in the fee, which the court after a hearing may grant in such amount, if any, as is deemed reasonable in all of the circumstances."

**NOTE WELL:** Attorneys hereby notify Client that in their professional opinion, they believe that the percentage amounts allowed by statute are insufficient to compensate them for the work that will need to be performed to achieve a satisfactory result in the Client's claim

Client's initials                          Page 2

against the anticipated defendants. Accordingly, Attorneys advise Client that it is their intent upon the conclusion of this action to move the court in which proceedings are prosecuted for an award of not less than ███████ (██) of the net sum recovered for Client. If Client disagrees with Attorneys' intent, they should retain another attorney to provide the necessary legal services.

Attorneys shall have a first lien upon any proceeds or a judgment or settlement for any unpaid fees and reimbursable expenses then due and owing.

### 4.  Costs and Expenses

Whenever practical, Client shall pay directly for major costs and expenses by either advancing such costs or expenses to Attorneys or by paying third parties directly. Attorneys may incur costs on Client's behalf provided that in Attorney's opinion, such cost is reasonable and justified.

Client understands and agrees that Client remains liable for all costs and expenses incurred by Attorneys in the prosecution of Client's action. Costs and expenses include: cost of serving legal papers; postage and courier fees; filing fees imposed by courts and administrative agencies; court reporter fees; jury fees; photocopying; parking; mileage; travel expenses; lodging; meals; ground transportation; research; investigation consultant fees; expert witness fees; and other costs as those costs are incurred. Attorneys shall inform Client of all costs incurred. Services by paralegals, law clerks and other personnel employed by Attorneys shall not be separately charged by Attorneys but will be part of the contingent fee earned by Attorneys.

### 5.  Advance Deposit

Client shall pay an advance deposit of US$_NO DEPOSIT REQUIRED_ to be used to pay costs and expenses as they are incurred. If Attorneys deem it necessary, Client shall deposit such additional sums for costs and expenses as Attorneys may reasonably require. If Client fails to deposit such sums within 20 days of being notified that it is due, Attorneys reserve the right to withdraw from representing Client.

### 6.  Disclaimer of Guarantee

By signing this Agreement, Client acknowledges that Attorneys have made no promises or guarantees about the outcome of Client's matter. Attorneys' comments about the outcome of Client's matter are expression of opinion only.

### 7.  Discharge and Withdrawal

Either party may terminate this Agreement by written notice to the other party. If Attorneys elect to terminate the Agreement, Client shall pay Attorneys all fees and costs which have accrued up to the time of termination. If Client elects to terminate this Agreement, Client understands and agrees that upon termination, Attorneys shall be entitled to all fees, costs and expenses incurred to the date or termination and shall retain a lien upon any judgment or settlement sum agreed to or received by Client for work and expenses that Attorneys are entitled

Client's initials  Page 3

to based on work performed and expenses incurred prior to termination. Any dispute between Attorneys and Client shall be resolved on the basis of Guam law in a Guam court having jurisdiction over the matter. In any such dispute, the prevailing party shall be entitled to recover costs and reasonable attorney fees. Any judgment awarded to either party shall bear interest at the rate of six per cent (6 %) per annum.

Client understands and agrees that, prior to the filing of any lawsuit, Attorneys may refuse representation, withdraw from representation, or terminate representation at any time and for any reason or for no reason, including without limitation any act or matters that is morally repugnant to Attorneys or might cause a breach of any professional conduct rule or other legal limitation, the determination that the case lacks sufficient merit or collectability in the event of judgment or settlement, and/or if material facts are found to be different than represented by Client.

Client understands and agrees that, after suit is filed, Attorneys may withdraw from further representation with the approval of the court for any reason permitted by the Rules of Professional Conduct. Such reasons include, without limitation, failure of Client to pay money when due to Attorneys, participation of Client in any criminal or fraudulent act or pursuing goals (or means to a goal) which Attorneys find personally improper or morally repugnant.

**8.    Client Files**

Upon termination of services under this Agreement, Attorneys shall release to Client all of Client's papers and property (subject to any applicable protective orders or non-disclosure agreements) so long as all of Client's financial obligations to Attorneys have been resolved satisfactorily to Attorneys.

**9.    Document Storage Policy**

If Client does not request the return of Client's papers and property, Attorneys shall not be required to retain such papers and property for longer than five years after termination of services and that upon the expiration of such time, Attorneys may destroy the papers and/or property. Client acknowledgers that there will not be any other notification prior to the destruction of papers and property and consents to the same. Client understands and agrees that Attorneys, at their option, may retain Client's file electronically for reasons of economy and that destruction of original papers during the five-year retention period is not prohibited by this Agreement.

**10.    Consent to Electronic Communications**

In order to maximize efficiency, Attorneys intend to use advance communications systems to the fullest extent possible; for example by email, document transfer by computer, cellular phones and facsimile transfers. The use of such devices under current technology may place your confidences and privileges at risk. However, Attorneys believe that effectiveness involve in the use of such devices outweighs the risk of inadvertent or accidental disclosure. By

Client's initials     Page 4

signing this Agreement, Client consents to the use of these devices in work Attorneys perform on Client's behalf.

**11.    Client Identified**

For purposes of this Agreement and the work performed pursuant thereto, Client means only the person or entity identified in this Agreement. Unless expressly agreed in writing, Attorneys do not undertake to represent any related or affiliated person or entity, nor any parent, brother-sister, child, corporation, their officers, directors, agents or employees.

**12.    Entire Agreement**

This Agreement contains all of the terms applicable to Attorneys' representation of Client and may be modified only by a written agreement signed by both Attorneys and Client.

LAW OFFICES OF LUJAN & WOLFF LLP           CLIENT

_____          _____
David J. Lujan
Dated March ___, 2017                      Dated March ___, 2017

                                           Mailing Address

                                           _____

                                           _____

                                           Residence

                                           _____

                                           _____

                                           Home phone _____

                                           Cell phone _____

                                           Email _____

                                           DOB _____

Client's initials ____                     Page 5