**EXHIBIT B**

**(Engagement Letter Exemplar)**

## CONTINGENT FEE AGREEMENT

      **AGREEMENT** by and between [CLIENT NAME] hereinafter referred to as **"*Client*,"** and PAUL MONES, P.C. hereinafter referred to as **"*Attorney*,"** which is hereby entered into on **MONTH __, 2021.**

**i.**    <u>**Matter Covered**</u>:   Client retains Attorney to represent Client in connection with a claim for damages, injury or loss against such persons who may be liable therefore, arising from the following:

      Sexual Abuse by a Scout Leader in the Boy Scouts of America.

**ii.**    <u>**Services to be Performed by Attorney**</u>: Attorney agrees to perform legal services reasonably required to prosecute Client's claim to judgment in a trial court; and if the judgment is in Client's favor, to oppose any motion for new trial.

      No other services are covered by this Agreement.  Thus, if the judgment is unsatisfactory to Client, Attorney shall not be obligated to render services in connection with a motion for new trial; nor shall Attorney be obligated to render services on appeal or in proceedings to enforce the judgment.

**iii.**    <u>**No Guarantee as to Result**</u>:   Client acknowledges that Attorney has made no guarantee or representations as to the outcome or amounts recoverable in connection with Client's claim.

**iv.**    <u>**Litigation Costs and Expenses**</u>: Client shall be responsible for all costs and expenses incurred by Attorney in connection with Client's claim, including but not limited to the following:

- fees to private investigators
- court filing fee
- process serving fees
- fees to experts for consultation with attorney, and/or appearance at deposition or trial
- jury fees
- messenger and mail expenses

● travel expenses

If there is no recovery, Client will **not** be responsible for repayment to Attorney for any costs advanced on his behalf.  Client is only responsible for costs if there is a financial recovery.

**v.      Contingency Fee to Attorney**:    Client acknowledges that he has been advised by Attorney that any contingency fee is negotiable and is not set by law.  Bearing such advice in mind, Client agrees to pay to Attorney a contingency fee of 33.1/3 % (thirty-three and one-third percent) of any recovery obtained either through settlement or trial. Client acknowledges that Attorney, may in his discretion, bring in other attorney(s) or in other words associate with other attorneys, if in his judgment, it would be of benefit to his representation of Client. There will be no extra or separate legal fees for such services; if any other attorney (s) become associated in this matter, all fees will be paid out of the percentage stated in this paragraph.

**vi.      Costs and Expenses Affecting Contingent Fee Agreement**:    Costs and expenses incurred in connection with the prosecution or settlement of Client's claim, if not previously advanced by Client or reimbursed to Attorney, shall be reimbursed <u>after</u> the contingent fee is computed.  Client's share of recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of Attorney's contingent fee.  In other words, Attorney's fee is taken first, then the costs are reimbursed and then the Client's share is disbursed from the net proceeds after the fee and expenses are deducted.  By way of a very simple example then, if the total recovery is $10 and costs is $1, then the attorney fee is $3.33 and the client recovery without expenses is $6.67.  However, you the client have to reimburse Attorney for the $1 in costs that he has advanced out of the total proceeds to you, with the result that you will receive a net total of $5.67.

**vii.      Form of Recovery Affecting Contingent Fee Agreement**: In the event the recovery consists of periodic payments over a period of time, or any other form of property which is not cash or cash-equivalent, the contingent fee shall be based on the <u>present cash value</u> of the recovery and shall be payable out of the first funds or property received.

**viii.      Attorney's Lien**:    Client hereby grants Attorney a lien on Client's claim and any cause of action filed thereon to secure payment to Attorney of all sums due under this Agreement for services rendered and costs advanced.

**ix.      Client Responsibilities**: Client agrees to fully cooperate with Attorney in conjunction with this agreement. Client hereby agrees to provide Attorney with all information including but not limited to documents, names of witnesses, emails, text messages, diaries that he deems relevant to prosecute his case and otherwise effectively represent him in this matter. This responsibility also includes reviewing and signing papers in a timely manner, and keeping Attorney advised of Client's current address and phone number.  Client further understands that the privilege between Attorney and Client may be waived if Client discusses communications between Attorney and Client with a third party, and Client agrees not to discuss such communications with any third parties unless authorized to do so by Attorney.  This includes but is not limited to: (1) the media, (2) opposing parties or their representatives, (3) defendants, or their representatives.  Client further agrees to make

2

no posts on social media including but not limited to Facebook, Twitter, Snapchat and Instagram that in any way relates to or concerns the matter that is the subject of this agreement.

**x.** **Withdrawal of Firm.** Paul Mones., P.C may withdraw from The Clients' representation in this Matter at any time if The Client:

a. Insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by good-faith argument for an extension, modification or reversal of existing law;
b. Personally seek to pursue an illegal course of conduct;
c. Insist that Paul Mones, P.C.  pursue a course of conduct that is illegal or that is prohibited under the disciplinary rules;
d. By other conduct renders it unreasonably difficult for Paul Mones, P.C. to carry out their employment;
e. Cease to communicate with Paul Mones, P.C.
f. Insist that Paul Mones, P.C. engages in conduct that is contrary to the judgment and advice of The Law Firms but not prohibited under the Disciplinary Rules;

**xi.** **Malpractice Insurance**:   Client is hereby informed that Attorney maintains in effect errors and omissions insurance coverage.

**xii.** **Tax Consequences**:   Client understands that any judgment, settlement, verdict or other financial recovery arising from this agreement may have tax consequences.   Client further understands that Attorney cannot give tax advice and will not give tax advice to Client, and Client agrees that Client will not seek or rely upon Attorney for tax advice. Client further agrees and understands that it is Client's duty to seek advice regarding the tax consequences of any judgment, settlement, verdict, or other financial recovery arising from this agreement.

**xiii.** **Copy Received by Client**: Client acknowledges receipt of a copy of this Agreement concurrently with Client's execution thereof.

**xiv**.   **Governing Law**: This fee agreement shall govern by California law and the California Rules of Professional Responsibility.

**xv.** **Destruction of Files**: Client hereby authorizes and consents that Attorney may, at Attorney's sole discretion destroy any or all of Client's File Materials commencing six (6) years following the completion of representation. "Client's File Materials" shall include but are not limited to: engagement letters, contracts, pleadings, depositions, letters, emails, correspondence, medical or mental health records, transcripts, evidence, notes, memoranda, discovery, investigation related documents, all of which comprise the case file in this matter.  "Completion of representation" for purposes of this section only means and refers to the earlier of the following: 1. The date Attorney ceases actual representation of Client prior to the Final Judgement; 2. the dismissal of the legal action or final resolution; or 3. the date of execution by Client of the document entitled Client Accounting.

**xvi**.    This Agreement is hereby entered on the first date hereinbefore written.

I have read and understand the foregoing terms and agree to them, as of the date that Paul Mones, first provided services.

By:

"CLIENT"

Dated: _____

_____
[CLIENT NAME]

_____

_____

_____

_____
(Address and Phone Number)

"ATTORNEY"

Dated: _____

_____
Paul Mones

4