**Exhibit A**

**Zurich Term Sheet**

*Execution version*

## Settlement Term Sheet

This term sheet ("Term Sheet") represents the basic terms of a settlement agreement between and among American Zurich Insurance Company, American Guarantee & Liability Insurance Company, and Steadfast Insurance Company (collectively, "Zurich Insurers"),[1] the Boy Scouts of America and Delaware BSA, LLC, as debtors and debtors in possession ("BSA" or the "Debtors"), the Ad Hoc Committee of Local Councils (the "AHCLC"),[2] the Coalition of Abused Scouts for Justice, solely and only in its capacity as an ad hoc committee (the "Coalition"),[3] and the Future Claimants' Representative (the "FCR" and, collectively with Zurich Insurers, the Debtors, the AHCLC, and the Coalition, the "Parties"). This Term Sheet will be binding on the Parties. The attorneys representing holders of Direct Abuse Claims listed on Schedule 1 hereto, which reflects the number of holders of Abuse Claims represented by each firm (the "State Court Counsel") agree to support the terms of and be bound by the Agreement (as defined below). The Parties will prepare a definitive written settlement agreement, to be signed by the parties' respective authorized representatives, that will be consistent with this Term Sheet and will include additional material terms (the "Agreement"). The Agreement will be appended to and included in the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC*, filed at Dkt. 7832, subject to modification by the Debtors, the Coalition, and the FCR ("Amended Plan"). Capitalized terms not defined in this Term Sheet shall have the definitions ascribed to such terms in the Amended Plan and in the "Century Term Sheet" located at Dkt. No. 7745-1.

1.     **Settlement Amount**. In consideration of the releases and other consideration provided for herein, Zurich Insurers shall pay in cash Fifty-two million, five hundred thousand U.S. Dollars ($52,500,000.00) (the "Settlement Amount") to the trust for Abuse Claims to be created under the Amended Plan (the "Trust") as provided herein.

2.     **Payment and Release of the Settlement Amount**. On, or as soon as reasonably practicable after, the date all conditions to the effectiveness of the Amended Plan have been

---

[1] "Zurich Insurers" shall not include such persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from, or in connection with Abuse Claims, any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings, and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise, and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from, or in connection with any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings, and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise.

[2] Notwithstanding anything to the contrary in this Term Sheet, the obligations and undertakings of the AHCLC in connection with this Term Sheet or the Agreement shall be no greater than the AHCLC's parallel obligations and undertakings under Section III of the Restructuring Support Agreement (including the "No Liability" subsection thereof) filed at Dkt. 5466-2.

[3] For the avoidance of doubt, no holders of Direct Abuse Claims are or shall be deemed Parties to this Term Sheet or the Agreement.

satisfied (including the entry of orders, in form and substance reasonably acceptable to the Parties, of the Bankruptcy and District Courts confirming, or affirming confirmation of, the Amended Plan (collectively, the "Confirmation Order"), which Confirmation Order shall not be subject to any stay and shall be in full force and effect) and the Amended Plan has gone effective (the "Effective Date"), Zurich Insurers shall pay the Settlement Amount into an escrow account (the "Escrow Account"), to be administered by an independent escrow agent acceptable to the Parties.  The Settlement Amount (and all income earned thereon in the Escrow Account, minus (a) the fees of the escrow agent, and (b) any taxes that are payable and other costs of the Escrow Account, which amounts in (a) and (b) shall be paid from the corpus of the Escrow Account (such income (or loss) minus such amounts, the "Net Income")) shall remain in the Escrow Account until the Confirmation Order shall become final and no longer subject to any further appeal or petition for rehearing or certiorari ("Final and Non-Appealable"), on which date the balance of the Escrow Account, which shall include any Net Income, shall be released from the Escrow Account to the Trust (the "Release Date"); *provided, however,* that, at its election, Zurich Insurers may authorize the payment of the Settlement Amount directly to the Trust on the Effective Date or may authorize the release of the Settlement Amount (and any Net Income) from the Escrow Account to the Trust at any time thereafter before the Confirmation Order becomes Final and Non-Appealable, in which event the date on which Zurich Insurers authorize the payment or release of the Settlement Amount to the Trust shall be the Release Date.  The Escrow Account shall be a simple interest-bearing account; the Settlement Amount shall not be invested in any manner that subjects the Settlement Amount to any risk of loss.  The Debtors, Reorganized BSA, the Local Councils, and Chartered Organizations shall have no liability or obligations to Zurich Insurers or the Trust, the Trust shall have no liability or obligations to Zurich Insurers, and Zurich Insurers shall have no liability or obligations to the Trust (or any other Party), whatsoever for any loss or reduction of the Settlement Amount while it is in the Escrow Account.

3.    **Sale of Zurich Insurer Policies**.  Entry of the Confirmation Order shall be a condition precedent of the Agreement.  The Confirmation Order shall provide that (a) on the Effective Date, and subject to the limitations set forth in this section of the Term Sheet, in exchange for the Settlement Amount, the BSA Insurance Policies issued after January 1, 1987 by Zurich Insurers and Zurich Affiliated Insurers,[4] which include, but are not limited to, those

---

[4] "Zurich Affiliated Insurers" means all Zurich North America-affiliated underwriting companies and includes, without limitation, Zurich Insurers and Maryland Casualty Company, American General Fire & Casualty Company, and Zurich American Insurance Company, but only with respect to policies issued on or after January 1, 1987.  A list of Zurich North America-affiliated underwriting companies will be attached to the final settlement agreement. Zurich Insurers, Zurich Affiliated Insurers, and their Representatives and Released Parties (as defined herein) shall not include such persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from, or in connection with Abuse Claims, any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings, and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise, and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from, or in connection with any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings, and any extra-contractual

identified on Exhibit A (collectively, the "Zurich Insurer Policies"),[5] shall be sold by Debtors and the Debtors' Estates to Zurich Insurers free and clear of all liens, claims, encumbrances, interests, and other rights of any nature, whether at law or in equity, of any person or entity, including those of the Debtors, the Local Councils, the Contributing Chartered Organizations, the Participating Chartered Organizations, Chartered Organizations, and their respective creditors and interest holders in the Zurich Insurer Policies, pursuant to sections 363, 1123, and/or 1141 of the Bankruptcy Code (the "Sale"), (b) the Sale shall exclude the Postpetition Insurance Policies and Non-Abuse Insurance Policies, (c) the Sale represents a sound exercise of the Debtors' business judgment, will yield a fair and reasonable price for the assets being sold, is in the best interests of the Debtors' Estates, and otherwise complies with section 363 of the Bankruptcy Code, (d) the proceeds of such Sale shall constitute property transferred to the Trust under the Plan, (e) the Confirmation Order shall designate Zurich Insurers as good faith purchasers and shall provide that the Sale constitutes a purchase by Zurich Insurers in good faith pursuant to section 363(m) of the Bankruptcy Code, rendering the provisions of section 363(m) applicable and affording Zurich Insurers all protections thereunder, and (f) unless the Coalition and the FCR agree otherwise, no person or entity, including a person or entity that is co-liable with the Debtors for Direct Abuse Claims or Scouting related Abuse, shall have any right to or an interest in the Settlement Amount that would directly or indirectly prevent the Settlement Amount from being paid to the Trust for the benefit of the holders of Direct Abuse Claims, provided, however, nothing herein shall prevent the Trust from using the Settlement Amount in accordance with Trust Agreement and the Trust Distribution Procedures. The Agreement will contain a representation that Zurich Insurers and BSA (a) have each conducted a reasonable, good faith search of their respective records and that they have located no evidence of any BSA Insurance Policies issued by Zurich Insurers or Zurich Affiliated Insurers after January 1, 1987 other than the policies identified on Exhibit A, and (b) have no reason to believe that Zurich Insurers or Zurich Affiliated Insurers issued any Local Council Insurance Policies after January 1, 1987, and that neither Party is aware of any additional policies. To the extent any policy is subsequently identified that, had its existence been known as of the date hereof, would have been included on Exhibit A, such policy shall be treated as if such policy were included on Exhibit A. Zurich Insurers and Zurich Affiliated Insurers shall further represent that they are no longer responsible for Abuse Insurance Policies issued before January 1, 1987. Without limiting the foregoing, although the Parties do not believe that the Sale would constitute a violation of the automatic stay of any Chartered Organization that is a debtor in bankruptcy and that asserts an interest in one or more Zurich Insurer Policies, to the extent the Bankruptcy Court (or other court with jurisdiction) determines that the Sale would constitute such a violation, then the Parties shall seek a determination from the Bankruptcy Court that they may proceed with the Sale or relief from such stay to effectuate the Sale.

---

claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise.

[5] For the avoidance of doubt, "Zurich Insurer Policies" shall not include policies issued before January 1, 1987 by Maryland Casualty Company, American General Fire & Casualty Company, and Zurich American Insurance Company.

4.    **Protections to be Afforded to the Zurich Insurers and Zurich Affiliated Insurers**. Effective as of the Release Date, Zurich Insurers and Zurich Affiliated Insurers are to be designated as Settling Insurance Companies and Protected Parties for all purposes under the Amended Plan and granted all associated releases, injunctions (including the Settling Insurer Policy Injunction), and protections.  As set forth herein, Zurich Insurers and Zurich Affiliated Insurers shall be granted such releases, injunctions, protections as are necessary to deliver finality with respect to:  all known and unknown policies they issued to BSA and Local Councils covering or potentially covering Claims or Causes of Action related to, arising from, or in connection with Abuse Claims, which shall include those identified on Exhibit A and any and all policies issued on or after January 1, 1987 and any other insurance policy issued by the Zurich Insurers and Zurich Affiliated Insurers, including Zurich Insurer Policies, covering Claims or Causes of Action for Abuse Claims with respect to such coverage for Abuse Claims; any actions, omissions, or positions taken in connection with any Abuse Claims and/or the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date related to any Abuse Claims and/or policy issued by the Zurich Insurers and Zurich Affiliated Insurers concerning the Debtors or Scouting, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations thereunder whether for defense, settlement of claims, or otherwise.  Notwithstanding anything to the contrary, the BSA, Local Councils, and Chartered Organizations are not releasing, enjoining, or protecting any rights under (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from, or in connection with Abuse Claims, any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings, and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise, and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from, or in connection with any actions, omissions, or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations under such policies whether for defense, settlement of claims, or otherwise. The Agreement, the Amended Plan, and the Confirmation Order shall provide for a channeling injunction and full release of the Zurich Insurers and Zurich Affiliated Insurers with respect to all Claims or Causes of Action related to, arising from, or in connection with Abuse Claims (which shall be conveyed to the Debtors and/or the Trust), including but not limited to the types of claims listed in the Insurance Actions definition in the Plan and other Claims related to the Zurich Insurer Policies subject to the limitations stated in this Section 4 (as applicable to Postpetition Insurance Policies and Non-Abuse Insurance Policies).  All injunctions, including the Settling Insurer Policy Injunction, shall remain in place between the Effective Date and the Release Date (and thereafter) such that any and all Claims and Causes of Action that are to be released or channeled through the Amended Plan and the Agreement shall be continuously enjoined pending their release. The Zurich

Insurers and Zurich Affiliated Insurers shall be Protected Parties under the Amended Plan and have no fewer rights or protections than are afforded the Local Councils (other than the limited indemnity provided under Article IV.M of the Amended Plan) or any other person or entity by virtue of their status as a Protected Party with respect to any injunctions, releases or other protections provided thereto.

5.    **Release by Zurich Insurers and Zurich Affiliated Insurers**.  Upon the Release Date, subject to the limitations below, Zurich Insurers and Zurich Affiliated Insurers and their Representatives shall release the Debtors, Reorganized BSA, Related Non-Debtor Entities, Local Councils, Limited Protected Parties, other Protected Parties (including the Contributing Chartered Organizations), other Settling Insurance Companies, the FCR, the Coalition, and the Trust and each of their Representatives from all Causes of Action and Claims related to, arising from, or in connection with, in whole or in part (a) Abuse Insurance Policies (which shall include all Zurich Insurer Policies), (b) any other insurance policy issued by Zurich Insurers and Zurich Affiliated Insurers covering Claims or Causes of Action for Abuse Claims with respect to such coverage for Abuse Claims, (c) the types of claims listed in the Insurance Actions definition in the Plan, including extra-contractual claims relating to the Zurich Insurer Policies and including the Debtors' performance of their obligations thereunder, whether for defense, settlement of claims, or otherwise, (d) the Debtors' Chapter 11 Cases and related proceedings, including the Debtors' Plan, the Amended Plan and any prior plans, any Claims that were or could have been asserted by Zurich Insurers and Zurich Affiliated Insurers against the Debtors or by any of the Releasing Parties against Zurich Insurers and Zurich Affiliated Insurers, in the Debtors' Chapter 11 Cases, and any actions, omissions, or positions taken in the Debtors' Chapter 11 Cases and related proceedings, (e) all Claims and Causes of Action alleging Abuse Claims against the Protected Parties (including such Claims and Causes of Action related to any Zurich Insurer Policy), and (f) any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date related to any policy issued by Zurich Insurers and Zurich Affiliated Insurers concerning the Debtors or Scouting, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations thereunder, whether for defense, settlement of claims, or otherwise. Nothing shall preclude Zurich Insurers and Zurich Affiliated Insurers from enforcing the terms of the Agreement.  Furthermore, nothing in this Term Sheet, the Agreement, or the Amended Plan shall constitute a release of any Claim by Zurich Insurers or Zurich Affiliated Insurers or their Representatives of any rights related to, or Claims concerning, (i) Non-Abuse Insurance Policies, (ii) reinsurance, or (iii) Postpetition Insurance Policies.

6.    **Release of Zurich Insurers and Zurich Affiliated Insurers**.  Upon the Release Date, the Debtors, Reorganized BSA, Related Non-Debtor Entities, Local Councils, Limited Protected Parties, other Protected Parties (including the Contributing Chartered Organizations), other Settling Insurance Companies, the FCR, the Coalition, the Trust, and all such Persons' or Entities' Representatives (the "Releasing Parties") shall release Zurich Insurers and Zurich Affiliated Insurers and each of their Representatives from all Causes of Action and Claims related to, arising from, or in connection with, in whole or in part (a) Abuse Insurance Policies (which shall include all Zurich Insurer Policies), (b) any other insurance policy issued by Zurich Insurers and Zurich Affiliated Insurers covering Claims or Causes of Action for Abuse Claims with respect to such coverage for Abuse Claims, (c)

the types of claims listed in the Insurance Actions definition in the Plan and other Claims related to the Zurich Insurer Policies and including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations thereunder whether for defense, settlement of claims or otherwise, including extra-contractual claims relating to the Zurich Insurer Policies, (d) the Debtors' Chapter 11 Cases and related proceedings, including the Debtors' Plan, the Amended Plan and any prior plans, any Claims that were or could have been asserted by Zurich Insurers and Zurich Affiliated Insurers against the Debtors or any of the Releasing Parties, or by the Debtors or any of the Releasing Parties against Zurich Insurers and Zurich Affiliated Insurers, in the Debtors' Chapter 11 Cases, and any actions, omissions or positions taken in the Debtors' Chapter 11 Cases and related proceedings, (e) all Claims and Causes of Action alleging Abuse Claims against the Protected Parties (including such Claims and Causes of Action related to any Zurich Insurer Policy), and (f) any extra-contractual claims related to, arising from, or connected with actions or omissions occurring prior to the Effective Date related to any policy issued by Zurich Insurers and Zurich Affiliated Insurers concerning the Debtors or Scouting, including the Zurich Insurers' and Zurich Affiliated Insurers' performance of their obligations thereunder whether for defense, settlement of claims, or otherwise. If another Settling Insurance Company receives broader releases or protections concerning Causes of Action and Claims related to its policies (including its Abuse Insurance Policies) than those provided to Zurich Insurers or Zurich Affiliated Insurers in the Agreement or Amended Plan, then Zurich Insurers and Zurich Affiliated Insurers shall receive the benefit of those broader releases and protections automatically and without the necessity of further actions by the Parties. The Agreement will provide that the release of Zurich Insurers and Zurich Affiliated Insurers shall not affect claims against other insurance companies, subject to the limitation that Zurich Insurers and Zurich Affiliated Insurers shall not assert claims against other Settling Insurance Companies. Nothing shall preclude the Releasing Parties from enforcing the terms of the Agreement and the Amended Plan. For the avoidance of doubt, the term "Releasing Parties" shall include (1) all of such parties' respective past, present, and future direct or indirect parents, subsidiaries, affiliates, and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, volunteers, predecessors, successors, and assigns, each in their capacity as such (including any of the foregoing who is an alleged Perpetrator), and (2) to the extent of any party's right, power, and authority to do so, any and all other persons or entities entitled to assert rights to coverage under any of the Zurich Insurer Policies or any policy of insurance issued to or for the benefit of such releasing party related to Abuse Claims. The releases in this Section 6 shall be subject to and limited by Section 4 (as applicable to Postpetition Insurance Policies and Non-Abuse Insurance Policies), and shall not include any insurance policies for which the Zurich Insurers or Zurich Affiliated Insurers become responsible or acquire on or after the Term Sheet Effective Date.[6]

7. **Protections Afforded to Chartered Organizations**. On the Release Date, all Abuse Claims against insureds and co-insureds covered under insurance policies issued by the

---

[6] For the avoidance of doubt, the releases, protections, and limitations provided in this Term Sheet and the Agreement, including to Zurich Insurers and Zurich Affiliated Insurers, shall be no broader and no narrower than those provided in the Century Term Sheet to the "Settling Insurers" as defined in the Century Term Sheet.

Zurich Insurers or Zurich Affiliated Insurers, including the Zurich Insurer Policies, shall be channeled under the Settling Insurer Policy Injunction and released. Pending the occurrence of the Release Date, all such Abuse Claims shall be enjoined pursuant to the Post-Petition Interim Injunction, as provided in the Century Term Sheet.

8.    **Trust Bound by Agreement**.  Upon the Effective Date, the Trust shall be bound by all terms of this Term Sheet and the Agreement.  Upon the Release Date, the Trust shall release Zurich Insurers and Zurich Affiliated Insurers from all Causes of Action and Claims that the Trust holds relating to the Zurich Insurer Policies, provide the other releases contained in the Agreement, and otherwise perform as required in the Agreement.

9.    **Chartered Organizations**.  The terms of the Century Term Sheet with respect to Chartered Organizations are incorporated herein.  Zurich Insurers and Zurich Affiliated Insurers shall (a) receive the same releases and the same protections of the channeling injunction as Century Indemnity Company with respect to Chartered Organizations, including the release by the Participating Chartered Organizations and Contributing Chartered Organizations for coverage for Abuse Claims under insurance policies issued directly by Zurich Insurers and Zurich Affiliated Insurers to such Chartered Organizations, and (b) provide the same releases as Century Indemnity Company with respect to Chartered Organizations.  The Agreement shall contain such provisions, including such provisions from the Century Term Sheet or the "Agreement" referred to in that term sheet, as are necessary and appropriate to accomplish the goals of the first sentence of this paragraph.

10.    **Judgment Reduction**.  In the event that any other insurer obtains a judicial determination or binding arbitration award that it is entitled to obtain a sum certain from Zurich Insurers as a result of a Cause of Action for contribution, subrogation, indemnification, or other similar Cause of Action against Zurich Insurers for Zurich Insurers' alleged share or equitable share, or to enforce subrogation rights, if any, of the defense and/or indemnity obligation for any Abuse Claim or for any Cause of Action released in this Agreement, the Trust shall voluntarily reduce its judgment or Cause of Action against, or settlement with, such other insurer(s) to the extent necessary to eliminate such contribution, subrogation, indemnification, or other similar Cause of Action against Zurich Insurers.  To ensure that such a reduction is accomplished, Zurich Insurers shall be entitled to assert this paragraph as a defense to any action against them for any such portion of the judgment or Cause of Action and shall be entitled to have the court or appropriate tribunal issue such orders as are necessary to effectuate the reduction to protect Zurich Insurers from any liability for the judgment or Cause of Action.  To the extent any other insurer asserts a claim for contribution, subrogation, indemnification, or other similar claim against Zurich Insurers or Zurich Affiliated Insurers, Zurich Insurers or Zurich Affiliated Insurers may assert any defense to such claim notwithstanding any of the releases contained herein.

11.    **Findings and Orders**.  The Amended Plan and the Confirmation Order shall state that the Findings and Orders (as described in paragraph 21 of the Century Term Sheet) and Trust Distribution Procedures of the Plan are not binding on Zurich Insurers or Zurich Affiliated Insurers to the extent that Zurich Insurers or Zurich Affiliated Insurers are Settling Insurance Companies and the transactions contemplated herein, including the payment of the Settlement Amount to the Trust, are fully consummated.  The Amended Plan and

Confirmation Order shall further provide that Zurich Insurers' and Zurich Affiliated Insurers' agreement herein not to object to the entry of said Findings and Orders in the Confirmation Order does not indicate Zurich Insurers' or Zurich Affiliated Insurers' support for or acceptance of the Trust Distribution Procedures or any findings and orders made in connection with them in any proceeding, which Findings and Orders and Trust Distribution Procedures shall not be applicable to Zurich Insurers or Zurich Affiliated Insurers, and no party shall argue that Zurich Insurers or Zurich Affiliated Insurers agreed to or acquiesced in such Findings, and Orders and Trust Distribution Procedures in any proceeding.

12. **Trust Distribution Procedures**.  Subject to modification in a manner not inconsistent with this Term Sheet and the Agreement by the Debtors, the Coalition, and the FCR, the Trust Distribution Procedures may be in the form attached to the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* dated September 29, 2021, filed at Dkt. 6443, *provided that* Zurich Insurers and Zurich Affiliated Insurers shall be included as releasees, with respect to any Zurich Insurer Policies issued on or after January 1, 1987, in any form of release attached to the Trust Distribution Procedures to the same extent as BSA, Local Councils, and Chartered Organizations are released.  The Trust Distribution Procedures shall further provide that the Settlement Trustee shall require holders of Abuse Claims who receive payment from the Trust to release any Abuse Claim against Zurich Insurers or Zurich Affiliated Insurers under the Zurich Insurer Policies.  The Trust Distribution Procedures shall also provide that the Settlement Trustee shall require holders of Abuse Claims who receive payment from the Trust to release any such Abuse Claim against any insured, co-insured, or additional insured under the Zurich Insurer Policies to the extent of any remaining rights (if any) under the Zurich Insurer Policies.  Zurich Insurers and Zurich Affiliated Insurers shall not object to the Trust Distribution Procedures but may add a statement in the Amended Plan that Zurich Insurers and Zurich Affiliated Insurers are Settling Insurance Companies and, as a result, take no position on the Trust Distribution Procedures.  Zurich Insurers and Zurich Affiliated Insurers shall not object to the selection of the Settlement Trustee as provided in the Amended Plan and Settlement Trust Agreement.  Zurich Insurers and Zurich Affiliated Insurers shall not participate in or otherwise interfere with the administration of the Trust.

13. **Objections to Plan**.  Zurich Insurers and Zurich Affiliated Insurers shall not object to the Amended Plan, the Settlement Trust Agreement, or the Trust Distribution Procedures (and shall withdraw any pending objections) so long as Zurich Insurers and Zurich Affiliated Insurers are included as Protected Parties in the Amended Plan, and the Amended Plan is otherwise consistent with the terms of this Term Sheet and the Agreement.

14. **Discovery**.  Upon the execution of the Term Sheet, all Parties shall as soon as practicable withdraw any pending discovery requests directed at each other and shall not seek additional discovery from each other.  Zurich Insurers shall as soon as practicable withdraw any pending discovery requests directed at any holder of an Abuse Claim, representatives of such holders, funders, vendors utilized by representatives of such holders, the Coalition (including law firms and attorneys associated therewith), and the FCR.  Zurich Insurers and Zurich Affiliated Insurers shall not seek or direct any additional discovery from such

parties, the BSA, or the Local Councils, or any other party in interest in the Chapter 11 Cases or any proceedings related to the Chapter 11 Cases, nor shall Zurich Insurers and Zurich Affiliated Insurers cooperate with any other insurer's or putative objector's discovery requests in the Chapter 11 Cases or any proceedings related to the Chapter 11 Cases. Notwithstanding the foregoing, Zurich Insurers and Zurich Affiliated Insurers shall cooperate and comply with any information requests, including prior BSA-related settlement and verdict information, from the BSA, the Coalition, and the FCR to the extent such information is not protected from disclosure and reasonably necessary in support of the confirmation of the Amended Plan; *provided*, *however*, that if the results of this process do not resolve and satisfy said information requests, the BSA, the Coalition, or the FCR shall have the right to submit the dispute to Mediator Gallagher, and the Parties agree to be bound by the Mediator's decision regarding such dispute.

15. **Public Statements**. The Parties and State Court Counsel shall cooperate with each other to coordinate on timing and substance of public statements regarding settlement, including press releases, court filings, and in-court statements. Zurich Insurers and Zurich Affiliated Insurers shall make no statements about holders of Abuse Claims or any representative thereof; *provided*, *however*, that Zurich Insurers and Zurich Affiliated Insurers may make statements to protect their rights in the Chapter 11 Cases, including statements in response to objections or statements by holders of Abuse Claims and their representatives concerning Zurich Insurers and Zurich Affiliated Insurers.

16. **Termination Event by the Debtors, the Coalition, and the FCR**. Subject to the provisions of Section 18, the Agreement shall contain a termination event that shall permit the Debtors, the Coalition, or the FCR to terminate the Agreement if Class 8 (Direct Abuse Claims) (as currently constituted or as it may be reconstituted per order of the Bankruptcy Court) votes to not accept the Amended Plan under section 1126 of the Bankruptcy Code and as a result the Amended Plan is withdrawn. Subject to the foregoing sentence and Section 17, pending entry of the Confirmation Order and the occurrence of the Release Date, the Debtors, the Coalition, and the FCR will not take any action inconsistent with this Term Sheet and, at all times, will (a) use their best efforts to secure prompt entry of the Confirmation Order consistent with this Term Sheet, including the provisions constituting the approval of all of the terms and conditions hereof, and the Agreement, and (b) defend this Term Sheet and the Agreement.

17. **Fiduciary Out by the Debtors and the FCR**. Notwithstanding anything in this Term Sheet or the Agreement to the contrary, no term or condition of this Term Sheet or the Agreement shall require Debtors or the FCR to take or refrain from taking any action that it determines would be inconsistent with its fiduciary duties under applicable law, and further, in the event that either the FCR or the Debtors determine that in the proper exercise of their respective fiduciary duties under applicable law they cannot proceed with this Term Sheet or the Agreement, the Term Sheet or Agreement may be terminated at any time prior to the entry of a Final Order confirming the Amended Plan as to that party, *provided, however,* that the Debtors and the FCR each understands that the TCC is not a party to this Term Sheet and that the TCC and claimants represented by various plaintiff firms may object to the Agreement and the Debtors and the FCR acknowledge and represent that their entry into this Term Sheet and the Agreement is consistent with their fiduciary duties as of

the effective date of the Term Sheet, *provided further* that following the entry of the Confirmation Order by the Bankruptcy Court nothing herein shall exempt the Debtors or the FCR from the doctrines of finality, repose, or otherwise applicable doctrines of *res judicata*, collateral estoppel, limitations on appellate jurisdiction or applicable deadlines pursuant to the Bankruptcy Code, Bankruptcy Rules, court orders, and local rules or any similar doctrine(s); *provided further* that if the FCR exercises its fiduciary right to terminate the Agreement, such termination shall be with respect to the FCR only and not otherwise affect the Agreement or the other Parties' rights and obligations thereunder. Each of Debtors and the FCR believe that, as of the date hereof, entering into this Term Sheet is an appropriate exercise of its fiduciary duty.

18. **Effect of Termination or Failure of Conditions to Occur**. In the case of any termination described in Sections 16 or 17 above by the Debtors or any other situation where the Agreement does not proceed (including as a result of the failure of any condition thereto to occur or failure to obtain entry of the Confirmation Order), absent the consent of the Zurich Insurers, the Zurich Insurers shall be (i) afforded an opportunity to interpose all objections to any plan that does not afford them the protections and rights provided hereunder, notwithstanding any prior deadlines, law of the case, or any determination made in the intervening period after execution of this Term Sheet, (ii) afforded adequate additional time and relief from any deadline to prepare and present such objections including any expert reports and additional discovery, and (iii) able to assert any and all positions in opposition to such plan and hearing schedule, none of which are waived or affected hereby. For the avoidance of doubt, the approval of the Agreement and settlement provided herein shall be a condition to the entry of the Confirmation Order, entry of the Affirmation Order, and the Effective Date of the Amended Plan, which condition may only be waived with the consent of each of the Parties.

19. **Effect of Reversal of Confirmation Order Following the Effective Date.** In the event that the Confirmation Order is reversed or vacated on appeal following the Effective Date, such that the Release Date does not occur (a "Reversal"), the Parties and State Court Counsel agree that the Settlement Amount and all Net Income accrued thereon in the Escrow Account shall be released from the Escrow Account to Zurich Insurers promptly following the Reversal (or any exercise of a Fiduciary Out by BSA). The provisions of this Section 19 shall survive any Reversal, any exercise of any Fiduciary Out, and any termination of the Agreement. Nothing in this Section or elsewhere in this Term Sheet or the Agreement shall bar any of the Parties or State Court Counsel from arguing that any appeal from the Confirmation Order should be dismissed on grounds of statutory or equitable mootness or otherwise.

20. **State Court Counsel**. Each State Court Counsel represents and warrants to the Parties that, as of the date hereof, it represents the number of holders of Direct Abuse Claims who filed timely Direct Abuse Claims in the Chapter 11 Cases that is listed next to its name on Schedule 1 hereto.

21. **Contribution Claims.**

    a. Zurich Insurers and Zurich Affiliated Insurers will not assert or file a Claim, and will dismiss any pending Claims, seeking contribution, indemnity, and/or defense against another Entity in order to recover any portion of the Settlement Amount to be paid by Zurich Insurers under the Agreement or with respect to claims released under the Agreement.

    b. Notwithstanding the foregoing, Zurich Insurers shall maintain an unfettered right to advise their reinsurers and retrocessionaires with respect to all matters related to this settlement, as well as the right to assert and recover claims against their reinsurers and retrocessionaires in their capacities as such.

    c. To the extent that the Debtors, their Estates, or any assignee, successor, or any other Entity formed to assume the Debtors' liability for Abuse Claims, including the Settlement Trust, settles Claims arising out of claims released by the Agreement with any other Insurance Company or other Entity, the Debtors, their Estates, or any such assignee, successor, and/or other Entity, including the Settlement Trust, shall use its or their best efforts to obtain a waiver of that other Insurance Company's or Entity's Claims seeking contribution, indemnity, and/or defense costs from any Zurich Insurer or Zurich Affiliated Insurer based upon, arising out of, or in any way related to such Claims. Such waiver may be accomplished by an assignment of such Claims to the Settlement Trust, whereupon such Claims will be subject to the releases set forth in Section 5 herein.

22. **Conditions.**

    a. If the Bankruptcy Court, or any other court with jurisdiction, issues an order (a) dismissing Debtors' bankruptcy cases or converting them to cases under Chapter 7 or (b) confirming a plan that does not identify the Zurich Insurers as Protected Parties who are entitled to the benefit of the Channeling Injunction, the Agreement will be null and void.

    b. The Agreement will include as a condition precedent that the FCR (subject to Section 17 herein), the Coalition, and the AHCLC must consent to, and agree to be bound by, all of the terms of the Agreement.

    c. The Agreement shall bind the Settlement Trust to an agreement not to terminate the Channeling Injunction provided in the Plan, or any other injunction contained in the Plan, that bars or limits claims of any kind against Settling Insurance Companies.

23. **Bankruptcy Proceedings.**

    a. The Parties agree to use their best reasonable efforts to effectuate the Agreement and to obtain entry of the Confirmation Order.

b. If the Confirmation Order is not entered, or is entered but does not become a Final Order, all of the Parties' rights with respect to the Zurich Insurer Policies shall be preserved exactly as they existed before the authorized representatives of the Parties signed the Agreement.

24. **Bankruptcy Provisions.**

a. <u>Channeling Injunction</u>. Subject to all of the terms and conditions of the Plan and the Agreement, including the Zurich Insurers' payment of the Settlement Amount, the Zurich Insurers and the Zurich Affiliated Insurers shall be designated as Settling Insurance Companies and Protected Parties under the Plan, entitled to the protection of the Channeling Injunction.

b. <u>Notice</u>. In addition to providing direct notice to all parties in interest in the bankruptcy case (including all known claimants against Debtors), Debtors shall provide appropriate broad notice by publication and otherwise to ensure that the injunctions protecting the Zurich Insurers and the Zurich Affiliated Insurers against Abuse Claims shall be effective as against all persons who assert, have asserted, or may in the future assert, Abuse Claims.

c. <u>Incorporation Of This Settlement Into A Further Amended Plan</u>. The Parties will discuss the extent to which any settlement between them must be incorporated into a further amended Plan.

25. **Abuse Claims Under Policies Issued to Chartered Organizations**. Notwithstanding the release by the Participating Chartered Organizations and Contributing Chartered Organizations of the right to seek coverage for Abuse Claims under insurance policies issued directly by Zurich Insurers or Zurich Affiliated Insurers to such Chartered Organizations:[7]

(a) Such Chartered Organizations are not barred from tendering claims that are not Abuse Claims to such insurance policies, with all parties reserving their rights as to whether such insurance policies apply and to what extent;

(b) Such Chartered Organizations are not barred from tendering Mixed Claims to such insurance policies, with all parties reserving their rights as to whether such insurance policies apply and to what extent. All Parties agree to cooperate to enforce the Post-Confirmation Interim Injunction (as set forth in Section 14 of the Century Term Sheet) and the Channeling Injunction to eliminate all or a portion of the Mixed Claims against the applicable Chartered Organizations;

(c) Such Chartered Organizations may seek coverage and tender claims under such insurance policies pending determination by a court of competent jurisdiction as to whether a Claim is a channeled Abuse Claim, subject to all parties' contractual rights;

---

[7] This does not include policies issued by Zurich Insurers and Zurich Affiliated Insurers to the BSA or the Local Councils.

(d) To the extent a court determines that a claim against such Chartered Organizations is not an Abuse Claim or is not subject to the Post-Confirmation Interim Injunction or the Channeling Injunction in the Plan, such Chartered Organizations may seek defense and indemnification of that claim from such insurance policies, subject to all parties' contractual rights;

(e) To the extent a court determines that a claim against such Chartered Organizations is subject to the Post-Confirmation Interim Injunction or the Channeling Injunction in the Plan, Zurich Insurers and Zurich Affiliated Insurers shall have no further obligations with respect to such claim; and

(f) The Settlement Trust shall cooperate with any ongoing efforts by such Chartered Organizations and/or Zurich Insurers and Zurich Affiliated Insurers to establish that the Post-Confirmation Interim Injunction and the Channeling Injunction apply.

26.    **Other Terms.**

a. Mutually agreeable terms for non-admission, no use, integration, no assignment, notice, and other standard terms.

b. Zurich Insurers may allocate the Settlement Amount in their sole discretion among any Zurich Insurer Policies, provided that (i) any such allocation shall not bind the Trust and (ii) Zurich Insurers and Zurich Affiliated Insurers will not allocate the Settlement Amount to any insurance policy issued directly to a Chartered Organization by Zurich Insurers and Zurich Affiliated Insurers.

*[Remainder of Page Intentionally Left Blank]*

*Execution version*

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

**BSA (as defined)**                          **Zurich Insurers (as defined)**

By: _Roger C. Mosby_ (signature)             By: _____

Name: _Roger C. Mosby_                        Name: _____

Title: _President & CEO_                      Title: _____

Date: _12-21-2021_                            Date: _____


**FUTURE CLAIMANTS' REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____

*Execution version*

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

**BSA (as defined)**                                    **Zurich Insurers (as defined)**

By: _____        By: ____

Name: _____        Name: ____ *Robert Koscielniak*    Digitally signed by Robert
                                                                                     Koscielniak
                                                                                     DN: cn=Robert Koscielniak, o=Zurich
                                                                                     North America, ou=Latent &
Title: _____        Title: ____    Environmental Claims,
                                                                                     email=Robert.Koscielniak@zurichna.
                                                                                     com, c=US
                                                                                     Date: 2021.12.21 16:48:23 -06'00'
                                                                                     Adobe Acrobat version:
Date: _____         Date: _____    2015.006.00000


**FUTURE CLAIMANTS' REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____

*Execution version*

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

**BSA (as defined)**                    **Zurich Insurers (as defined)**

By: _____            By: _____

Name: _____            Name: _____

Title: _____          Title: _____

Date: _____           Date: _____


**FUTURE CLAIMANTS' REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: 12/21/21


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____

*Execution version*

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

**BSA (as defined)**                                      **Zurich Insurers (as defined)**

By: _____              By: _____

Name: _____              Name: _____

Title: _____              Title: _____

Date: _____              Date: _____


**FUTURE CLAIMANTS' REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____
       David J. Molton
Dated: December 22, 2021


**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____

*Execution version*

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

**BSA (as defined)**                          **Zurich Insurers (as defined)**

By: _____      By: _____

Name: _____      Name: _____

Title: _____      Title: _____

Date: _____      Date: _____


**FUTURE CLAIMANTS' REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _____

Dated: _____


**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the Settlement.

By: _~~RJMann~~, its chair_

Dated: _12/21/21_

## Schedule 1

### State Court Counsel

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| Slater Schulman LLP | Attn: Adam P. Slater (aslater@sssfirm.com)<br>488 Madison Avenue<br>20th Floor<br>New York, NY 10022 | 14170 |
| ASK LLP | Attn: Joseph Steinfeld (jsteinfeld@askllp.com)<br>151 West 46th Street, 4th Floor<br>New York, NY 10036 | 3277 |
| Andrews & Thornton, AAL, ALC | Andrews & Thornton<br>Attn: Anne Andrews (aa@andrewsthornton.com)<br>4701 Von Karman Ave., Suite 300<br>Newport Beach, CA 92660 | 3009 |
| Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. | Attn: Stewart J. Eisenberg (stewart@erlegal.com)<br>1634 Spruce Street<br>Philadelphia, PA 19103 | 16869 |
| Junell & Associates PLLC | Attn: Deborah Levy (dlevy@junell-law.com)<br>3737 Buffalo Speedway Ste. 1850<br>Houston, TX 77098 | 2918 |
| Reich & Binstock LLP | Attn: Dennis Reich (dreich@reichandbinstock.com)<br>4265 San Felipe St. #1000<br>Houston, TX 77027 | 336 |
| Krause & Kinsman Law Firm | Attn: Adam W. Krause (adam@krauseandkinsman.com)<br>4717 Grand Avenue #300<br>Kansas City, MO 64112 | 5981 |
| Bailey Cowan Heckaman PLLC | Attn: Aaron Heckaman (aheckaman@bchlaw.com)<br>5555 San Felipe St. Ste. 900<br>Houston, TX 77056 | 1026 |
| Jason J. Joy & Associates, PLLC | Attn: Jason Joy (jason@jasonjoylaw.com)<br>909 Texas St, Ste 1801 | 690 |

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| | Houston, TX 770022 | |
| Motley Rice LLC | Attn: Daniel Lapinski (dlapinski@motleyrice.com) 210 Lake Drive East Suite 101 Cherry Hill, NJ 08002 | 343 |
| Weller Green Toups & Terrell LLP | Attn: Mitchell Toups (matoups@wgttlaw.com) 2615 Calder Ave. #400 Beaumont, TX 77702 | 974 |
| Colter Legal PLLC | Attn: John Harnishfeger (john.harnishfeger@colterlegal.com) 1717 K St. NW Suite 900 Washington D.C. 20006 | 162 |
| Christina Pendleton & Associates, PLLC | Attn: Staesha Rath (sr@cpenlaw.com) 1506 Staples Mill Rd. Suite 101 Richmond, VA 23230 | 309 |
| Forman Law Offices, P.A. | Attn: Theodore Forman (ted@formanlawoffices.com) 238 NE 1st Ave. Delray Beach, FL 33444 | 125 |
| Danziger & De Llano LLP | Attn: Rod de Llano (rod@dandell.com) 440 Louisiana St. Suite 1212 Houston, TX 77002 | 1707 |
| Swenson & Shelley | Attn: Kevin Swenson (kevin@swensonshelley.com) 107 South 1470 East, Ste. 201 St. George, UT 84790 | 175 |
| Cohen Hirsch LP (formerly Brooke F. Cohen Law, Hirsch Law Firm) | Attn: Brooke F. Cohen (brookefcohenlaw@gmail.com) Attn: Andrea Hirsch (andrea@thehirschlawfirm.com) 4318 Glenwick Lane Dallas, TX 75205 | 64 |
| Damon J. Baldone PLC | Attn: Damon J. Baldone (damon@baldonelaw.com) 162 New Orleans Blvd. | 471 |

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| | Houma LA 70364 | |
| Cutter Law, P.C. | Attn: Brooks Cutter (bcutter@cutterlaw.com) 4179 Piedmont Ave. 3rd Fl. Oakland, CA 94611 | 358 |
| Linville Johnson & Pahlke Law Group | Attn: Robert Pahlke (rgp@pahlkelawgroup.com) 2425 Circle Dr., Ste. 200 Scottsbluff NE 69361 | 71 |
| Porter & Malouf P.A. | Attn: Timothy Porter (tporter@portermalouf.com) 825 Ridgewood Rd. Ridgeland, MS 39157 | 86 |
| The Moody Law Firm | Attn: Will Moody Jr. (will@moodyrrlaw.com) 500 Crawford St., Ste. 200 Portsmouth, VA 23704 | 677 |
| Levin Papantonio Thomas Mitchell Rafferty & Procter P.A. | Attn: Cameron Stephenson (cstephenson@levinlaw.com) 316 South Baylen St. Pensacola, FL 32502 | 44 |
| Marc J Bern & Partners LLP | Attn: Joseph Cappelli (jcappelli@bernllp.com) 60 East 42nd St. Ste. 950 New York, NY 10165 | 5893 |

*Execution version*

**Exhibit A**

**Known and Alleged BSA Insurance Policies Issued by Zurich Insurers**

| Writing Company | Policy No. | Policy Period |
|---|---|---|
| American Zurich Insurance Company | CEO 6371780-00 | March 1, 1989 - March 1, 1990 |
| American Zurich Insurance Company | AUO 3657270-00 | March 1, 1996 - March 1, 1997 |
| American Zurich Insurance Company | AUO 3657270-01 | March 1, 1997 - March 1, 1998 |
| American Zurich Insurance Company | EUO 3657270-02 | March 1, 1998 - March 1, 1999 |
| American Zurich Insurance Company | EUO 3657270-03 | March 1, 1999 - March 1, 2001 |
| American Guarantee & Liability Insurance Company | AEC 3657270-04 | March 1, 2001 - March 1, 2002 |
| American Guarantee & Liability Insurance Company | AEC 9278457-00 | March 1, 2001 - March 1, 2002 |
| American Guarantee & Liability Insurance Company | AEC 3657270-05 | March 1, 2002 - March 1, 2003 |
| American Guarantee & Liability Insurance Company | AEC 9278457-01 | March 1, 2002 - March 1, 2003 |
| American Guarantee & Liability Insurance Company | AEC 3657270-06 | March 1, 2003 - March 1, 2004 |
| American Guarantee & Liability Insurance Company | AEC 9278457-02 | March 1, 2003 - March 1, 2004 |
| American Guarantee & Liability Insurance Company | AEC 3657270-07 | March 1, 2004 - March 1, 2005 |
| American Guarantee & Liability Insurance Company | AEC 9278457-03 | March 1, 2004 - March 1, 2005 |
| American Guarantee & Liability Insurance Company | AEC 3657270-08 | March 1, 2005 - March 1, 2006 |
| Steadfast Insurance Company | AEC 3657270-09 | March 1, 2006 - March 1, 2007 |