

6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone (310) 844-9696
Toll Free: (855) 481-1020
Facsimile: (310) 861-0168
www.aswtlawyers.com

June 3, 2020



Re: BSA Incidents of Sexual Assault occurring from 1995 to 1997

Dear ▇▇▇▇:

I welcome your confidence and the opportunity to be of service to you. The purpose of this letter is to set forth the proposed terms of our representation of you regarding the sexual assault that took place from 1995 to 1997. Please take the opportunity to examine it and feel free to call me to clarify any aspect of it that may not be clear.

### ATTORNEY/CLIENT RETAINER AGREEMENT

▇▇▇▇▇▇ ("Client") retains the law firm of Arias, Sanguinetti, Wang & Torrijos LLP and P & M Law Firm, LLC ("Attorneys") to represent Client with respect to Client's claims resulting from the incidents of sexual assault that took place from 1995 to 1997 while Client was a member of the BSA.

1. **ATTORNEYS' FEES**

   A. Client agrees that Attorneys will receive as Attorneys' fees a percentage of the gross settlement or judgment ("Contingent Fee") as follows: Attorneys' Contingent Fee shall be ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of Client's gross recovery if the case is resolved prior to the filing of a Complaint. Upon the filing of a Complaint, Attorneys' Contingent Fee shall be ▇▇▇▇▇▇▇▇ of Client's gross recovery. ▇▇▇▇▇▇ ▇▇▇▇▇▇ attorney's fees will be paid to the P & M Law Firm, LLC. This fee share will in no way increase the fees paid by you.

   B. PERIODIC PAYMENTS: In the event that Client agrees to a settlement which includes periodic payments, then Attorneys shall receive their entire fee "up front:" e.g., from the initial payments. Attorneys' percentage fee shall be based upon the reasonable present day value of the total settlement, including all periodic payments.

Initial_____

C.  POST JUDGMENT PROCEEDINGS: This retainer agreement does not cover representation of Client in any post judgment execution proceedings and/or appellate procedures; if such proceedings occur, a separate written retainer agreement will be required between Client and Attorneys.

D.  NEGOTIABILITY: Client understands that this fee is not set by law, and is negotiable between Attorneys and Client.  Client acknowledges that Client has the right to have an independent attorney participate in negotiating the terms of this retainer.

2. **ATTORNEYS NOT RESPONSIBLE FOR TAX ADVICE**

A.  ATTORNEYS DO NOT SPECIALIZE IN TAX LAW: Attorneys have advised Client that they do not specialize in tax law and will not give advice to Client regarding the potential or actual tax effects or consequences of any settlement or resolution of Client's claims.

B.  ADVICE: Client acknowledges that it is Client's obligation to obtain independent tax advice regarding the potential or actual tax effects or consequences of any settlement or resolution of Client's claim.  Client acknowledges that such advice should be obtained both before any case resolution is consummated (with respect to the wording of the closing documents) and subsequent to receipt of any proceeds (with respect to the taxability of Client's recovery).

3. **CASE PREPARATION COSTS**

A.  AUTHORIZATION TO INCUR: This firm will advance all costs necessary for the proper investigation and preparation of Client's case.

   Client hereby authorizes Attorneys to spend any monies or incur any costs which they, in their sole discretion, feel are reasonably necessary or advisable to prepare or resolve Client's case.

B.  Client acknowledges that case preparation cost will include, but not be limited to costs of maintaining the legal action (filing fees, deposition transcripts, jury fees, etc.), cost of expert witnesses and investigators, attorney's travel costs, meeting and conference costs, document and reproduction costs, telephone costs, messenger and other delivery fees, postage costs, parking expenses, facsimile charges, file material expenses, and other similar items.
      Attorneys make use of in-house clerical and administrative services.  The fees charged by in-house services (copy, messengers, service of process, investigation) are not intended to be more than outside vendors charges, and are an item of costs covered by Section 3, Case Preparation Costs.  If Client objects in writing, Attorneys will use only outside services.  In the event Client objects, Client will pay for these outside services 30 days after receiving a bill.

Initial_____

In the event Attorneys borrow funds to finance the litigation, the costs of borrowing the money- (the interest paid to bank), shall also be a recoverable item.

C. REPAYMENT OF CASE PREPARATION COSTS: All costs advanced by Attorneys are due upon recovery of any judgment, settlement, or award from Defendant. Client understands that costs are not deducted from any recovery before calculating the amount of attorney fees due Attorneys under Section 1, Attorneys' Fees, above. If Client does not recover from Defendant(s), Attorneys will receive no reimbursement of costs from Client.

4. **ATTORNEY'S LIEN**

A. LIEN FOR SERVICES: It is agreed that Attorneys shall have a lien for services and reimbursement of case preparation costs on the proceeds of any recovery made by Client.

B. AUTHORITY TO SATISFY LIENS: Attorneys are authorized to deposit all monies received by Client's account into Attorneys' trust account. After Attorneys have deducted their fee and withheld sufficient funds to satisfy any additional liens approved by Client, Attorneys shall issue their trust check to the Client.

C. LIEN UPON DISCHARGE: In the event that Client discharges Attorneys, Client expressly stipulates that Attorneys shall have a lien against Client's recovery for services rendered.

5. **MEDICAL LIENS AND REIMBURSEMENT CLAIMS**

A. REPAYMENT OF MEDICAL LIENS: Hospitals, doctors, health insurers, workers' compensation carriers and other providers or payors of medical services often seek reimbursement from settlement or judgment proceeds in cases like yours. Reimbursement claims for medical care you have received are the Client's responsibility and reimbursement of any such claims is made from Client's portion of the settlement or judgment proceeds. Client understands that current laws and regulations regarding Medicare, Medicaid or other government health insurance plans (Healthcare Providers) may require all parties involved in this matter (Client, Attorneys, defendant, and any insurance companies) to compromise, settle or execute a release of Healthcare Providers' or payors' separate claims for reimbursement/lien for past and in some cases future payments prior to distributing any verdict or settlement proceeds.

B. NEGOTIATION OF MEDICAL LIENS: Generally, Attorneys will negotiate a compromise of any such claims that have been asserted against Client's recovery. Attorneys will pay those claims from the settlement proceeds at the same time that Client receives their payment. In many (but not all) cases, those claims will be reduced by a percentage equal to our attorneys' fees and costs of litigation. Client authorizes Attorneys to take all necessary steps in order to negotiate any liens or reimbursement

Initial_____

claims including, if necessary, hiring separate experts/case workers who assist with resolving any Healthcare Provider's reimbursement claims or liens. The expense of any such service shall be treated as a case expense and deducted from the Client's net recovery.

C. In some cases, disputes may arise as to the amount or legitimacy of such claims. If Attorneys cannot negotiate a compromise agreement on your behalf and to your satisfaction, it may be necessary to have the courts intervene. In that case, we would then turn the disputed money over to the court for determination as to how the funds should be distributed. This process, should it arise, would not prevent you from receiving money from your settlement or verdict. It would only concern the sums sought in reimbursement for medical expenses.

6. **POWER OF ATTORNEY**

A. AUTHORIZATION TO SIGN DOCUMENTS: Client authorizes Attorneys to endorse and sign Client's name to any document or paper, except a release of the action, relating to the case for which this retainer is given; Client grants Attorneys a limited power of attorney accordingly.

B. AUTHORIZATION TO SIGN CHECKS OR DRAFTS: Client hereby authorizes Attorneys to endorse any check, draft or other negotiable instrument relating to the case for which this retainer is given; Client grants Attorneys a limited power of attorney accordingly.

7. **CLIENT'S OBLIGATION**

A. COOPERATION: Client agrees to cooperate with Attorneys at all times. Specifically, Client agrees to promptly advise Attorneys of any new residence or work information (addresses, telephone number, employer's name, etc.), to promptly provide Attorneys with information whenever requested, generally keep Attorneys informed of all developments, to promptly execute and return any documents requiring Client's signature(s) and, generally, not to engage in any conduct which would necessitate Attorneys to perform duplicative work or work solely necessitated in order to obtain the cooperation of Client.

B. TRUTHFULNESS: Client agrees to be truthful with Attorneys at all times. Client swears under penalty of perjury that Client truthfully related the facts regarding the incident out of which Client's claims arise to Attorneys.

Initial_____

8. **TERMINATION OF AGREEMENT**

A. BY CLIENT: Client has the right to discharge Attorneys and terminate this agreement at any time, for any reason.

B. BY ATTORNEYS: Attorneys shall be entitled to withdraw as counsel following a material breach by Client of this agreement, or for any other reason sanctioned by law. Client authorizes the Court to grant a motion by Attorneys to withdraw as counsel for Client upon reasonable evidence of a material breach of this agreement by Client.

9. **INSURANCE STATEMENT**
This firm maintains errors and omissions insurance coverage applicable to the services to be rendered.

10. **SETTLEMENT APPROVAL**
No settlement may be entered into by Attorneys on behalf of Client without Client's approval, and no settlement may be entered into by Client without notifying and attempting to obtain the approval of Attorneys.

11. **NO GUARANTEE**
Attorneys cannot and do not make any guarantee of success regarding Client's case. No statement made prior to the execution of this document shall be deemed or construed as a promise or guarantee of success.

12. **LIMITATION ON LIABILITY OF ATTORNEYS**
Client understands and agrees that Attorneys shall not have any liability to Client in connection with their representation of Client except for losses, claims, damages, liabilities or expenses incurred by Client that result from the professional malpractice, gross negligence or willful misconduct of Attorneys.

If this fee agreement meets with your approval, please sign so it can be returned to us as soon as possible.

DATED: 6/3/2020          ARIAS SANGUINETTI WANG TORRIJOS, LLP

By: _____
Mike Arias

Initial_____

6/3/2020
Page 6

I have read the foregoing. I understand that the Attorneys' fees are negotiable and agree to the fee terms set forth above. I acknowledge that I received a copy of this retainer agreement.

DATED: _____, 2020    _____

_____
CITY & STATE

_____
TELEPHONE NUMBER

_____
E-MAIL ADDRESS

Initial_____