# Exhibit 2
# Redacted Exemplar Retainer Agreement

# SPAGNOLETTI LAW FIRM
ATTORNEYS AT LAW

401 LOUISIANA STREET, 8TH FLOOR
HOUSTON, TEXAS 77002

TELEPHONE 713 653 5600                                                                                   FAX 713 653 5656

## ATTORNEY-CLIENT CONTINGENT FEE RETAINER AGREEMENT

This document (the "Agreement") is the written fee contract that Texas requires lawyers to have with their clients. It is between SPAGNOLETTI LAW FIRM ("SLF") ("Attorneys" or "we"), and you, _____ ("Client" or "you").

**1.    CONDITIONS.** This Agreement will not take effect, and Attorneys will have no obligation to provide legal services, until you return a signed copy of this Agreement.

**2.    SCOPE OF SERVICES.** You are retaining and employing Attorneys to investigate and, if appropriate, to represent you in a case for individual claims arising out of child sexual assault and/or abuse against Boy Scouts of America, for the following matters only: *your claims of childhood sexual assault arising out of your interactions with _____ from approximately _____ to _____*.

(a)    We will provide those legal services reasonably required to represent you. We will take reasonable steps to keep you informed of the progress of the matter, and to respond to your inquiries. If a court action is filed, we will represent you until a settlement or judgment, by way of arbitration or trial, is reached. Attorneys shall be entitled to decide whether the representative action is feasible on the basis of their sole, unrestricted judgment.

(b)    We will oppose any motion for a new trial or any other post-trial motions filed by an opposing party, and will make any appropriate post-trial motions on your behalf including any proceedings designed to execute on a judgment in your favor. After judgment, absent a written amendment to this agreement, we will not represent you on any appeal before or after any judgment, without such additional compensation as we may agree upon in a separate agreement for services. If Client desires to appeal, but not Attorneys, then Attorneys shall withdraw from the case, being paid or maintaining a lien for whatever costs Attorneys have advanced and fees they have earned. Services in any matter not described above will require a separate written agreement.

**3.    CLIENT'S DUTIES.** You agree to be truthful with us, to cooperate, to keep us informed of relevant information and developments that may come to your attention, to abide by this Agreement, and to keep us informed of your address, telephone number and whereabouts. You agree to appear, as necessary, for all depositions, court appearances or other legal proceedings, and to generally cooperate fully with us in all matters related to the preparation and presentation of your claims. We will make every effort to comply with your scheduling requirements.

**4.    LEGAL FEES.** We will only be compensated for legal services rendered if a recovery is obtained for you. Attorneys will be paid from the following contingent fee.

(a) The attorney's fees to be paid us will be ____ of the gross recovery. The term "gross recovery" means the total of all amounts received by settlement or judgment, **after subtraction of any and all costs set forth in Paragraph 6**. To the extent a percentage fee is not permitted by a judge for any reason, the fee shall be at the hourly billable rates listed below plus any multiplier or addition any judge allows, to be paid only from the gross recovery. This applies to the fees with regard to Client and all other members in the lawsuit.

(b) In the event of our discharge or withdrawal as provided in Paragraph 10, you agree that upon payment of the settlement or judgment in your favor in this matter, we shall be entitled to be paid by you a reasonable fee for the legal services provided by us to you. Such fee shall be determined by considering the following factors:

(1) the actual number of hours expended by us in performing legal services for you;
(2) Attorneys' hourly rate(s) at the time of discharge or withdrawal.
(3) the extent to which our services have contributed to the result obtained;
(4) the amount of the fee in proportion to the value of the services performed;
(5) the amount of recovery obtained;
(6) time limitations imposed on Attorneys by you or by the circumstances; and
(7) the experience, reputation and ability of our personnel performing the services.

If a court awards attorney's fees and costs, our legal fee will be calculated on any amounts recovered as attorney's fees and costs after deduction for and payment of all shared and internal costs to Attorneys.

5. **NEGOTIABILITY OF FEES.** The rates set forth above are not set by law, but are negotiable between an attorney and client.

6. **COSTS AND EXPENSES.** Attorneys will incur various costs and expenses in performing legal services under this Agreement. All costs, disbursements and litigation expenses associated with this matter are your responsibility. Attorneys will advance such costs and expenses. Client will reimburse Attorneys for such advance costs and expenses upon settlement or judgment from any such recovery. These items include, but are not limited to, court fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying (at our cost), facsimile charges, deposition costs, parking, mileage at the Standard Mileage Rate as published by the IRS, investigation expenses, consultant fees, expert witness fees and other similar items. Client authorizes Attorneys to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorneys' judgment. These costs and expenses are in addition to the legal fees set forth in Paragraph 4. If we are unable to obtain a recovery in this action, you are not responsible to pay costs.

If Attorneys seek a court order awarding attorneys' fees and/or costs on your behalf in this action, you understand that the amount that the court may order as fees and/or costs is the

amount the court believes the party is entitles to recover, and does not determine what fees and/or costs we are entitled to charge you, or that only the fees and/or costs that were ordered were reasonable. You agree that, whether or not attorneys' fees or costs are ordered by the court in your case, you will remain responsible for the payment, in full, of all attorneys' fees and costs in accordance with this Agreement.

7. **RIGHT TO ASSOCIATE CO-COUNSEL AND SHARE FEES.** You understand that we may associate other attorneys or firms into your case to work on this matter. If this occurs, this Agreement shall be binding on such other attorneys or law firms in the same manner it is binding on Client and Attorneys. **The association of other attorneys or firms into your case will not increase the fees under this Agreement.** We will be associating into your case the firm of Boucher LLP who will assume joint representation on your behalf.

Client understands and agrees that SPAGNOLETTI LAW FIRM has worked out an arrangement to share fees. SLF has agreed to split the attorney's fees from the gross recovery as follows:     to SLF, and     with Boucher LLP. This arrangement will NOT increase the amount of Attorneys' fees stated herein. By signing below, Client specifically consents to this fee-sharing agreement between SLF and BLLP.

8. **SETTLEMENT.** We will not make any settlement or compromise of any nature of any of your claims without your prior approval. You retain the absolute right to accept or reject any settlement. You agree to seriously consider any settlement offer that we recommend to you. You also agree not to make any settlement or compromise of any nature of any of your claims without providing notice to us and discussing the matter with us.

9. **LIMITATION OF REPRESENTATION.** We are representing you only on the matter described in Paragraph 2. Our representation does not include independent or related matters that may arise, including, among other things, claims for property damage, worker's compensation, disputes with a health care provider about the amount owed for their services, defense of cross complaints on other matters, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy. If such matters arise later, you agree with us that this Agreement does not apply to any such related legal matters, and we will negotiate a separate Agreement if you wish to retain us for that additional legal work.

10. **DISCHARGE AND WITHDRAWAL.** You may discharge us at any time, upon written notice to us, and we will immediately after receiving such notice, cease to render additional services. Such a discharge does not, however, relieve you of the obligation to pay any costs incurred prior to such termination, and we have the right to recover from you the reasonable value of our legal services rendered from the effective date of this Agreement (Paragraph 21) to the date of discharge.

Attorneys may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to you.

11. **CONCLUSION OF SERVICES.** When our services conclude, all unpaid charges will immediately become due and payable. You authorize us to use any funds held in our trust account as a deposit against costs to apply such unpaid charges.

After our services conclude, we will, upon your request, deliver your file to you, along with any funds or property of yours in our possession. Please note that an electronic record of an adult client's file will only be maintained for a period of five (5) years after the final distribution of funds and/or property, and an electronic record of a minor client's file will be maintained until four (4) years after the minor client reaches the age of majority in this state. However, documents with intrinsic or pecuniary value or documents that must be deposited with the probate court are not subject to these retention periods.

**12.    LIEN.** You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation under this Agreement. Our lien will be for any sums owing to us for any unpaid costs, or attorneys' fees, at the conclusion of our services. The lien will attach to any recovery you may obtain, whether by settlement or judgment, or otherwise. The effect of such a lien is that we may be able to compel payment of fees and costs from any such funds recovered on your behalf even if we have been discharged before the end of the case. Because a lien may affect your property rights, you may seek the advice of an independent lawyer of your own choice before agreeing to such a lien. By signing below, you represent and agree that you have had a reasonable opportunity to consult such an independent lawyer and – whether or not you chose to consult with such an independent lawyer – you agree that we will have a lien on claims and causes of action such to our representation, as specified in further detail above.

**13.    RECEIPT OF PROCEEDS.** All proceeds of your case shall be deposited into Attorneys' trust account for disbursement in accordance with the provisions of this Agreement.

**14.    DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome of your matter. We make no such promises or guarantees. There can be no assurance that you will recover any sum or sums or other relief in this matter. Our comments about the outcome of your case are expressions of our opinion, only.

**15.    LIMITED POWER OF ATTORNEY.** In connection with the claims covered by this Agreement, you hereby give us limited Power of Attorney and full authority to act as your legal representative to commence, conduct, and conclude the Legal Services, including acting as your negotiator in any and all settlement negotiations.

**16.    SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any portion of this Agreement is deemed invalid, illegal, or unenforceable, such portion shall be construed separately and shall not affect the remainder of this Agreement.

**17.    ALL PRIOR ORAL DISCUSSION AND PROMISES SUPERSEDED.** This Agreement, together with any signed waiver form of potential or actual conflicts by the Client, is the only Agreement between Attorneys and Client and supersedes all prior understandings, oral discussions, promises, or earlier agreements. All modifications to this Agreement must be in writing and signed by Attorneys and Client.

**18.    CHOICE OF LAW, DISCIPLINARY RULES, LAWYER'S CREED.** This agreement shall be construed under and in accordance with the laws of the state of Texas, excluding any conflicts of law, rule or principle that might otherwise refer to the substantive law of another jurisdiction.

It is our intention to follow the Texas Disciplinary Rules of Professional Conduct, which is published and updated on the Internet by the State Bar of Texas at http://www.texasbar.com/ContentManagement/ContentDisplay.cfm?ContentID=13756.

If, despite that intent and endeavor, any part of this agreement shall for any reason be found unenforceable, the parties agree that (1) all other portions shall nevertheless remain valid and enforceable, and (2) a provision most similar to the stricken provision but otherwise complying with applicable law shall be substituted therefor. Since we represent our own interests in crafting this retention agreement, we encourage you to consult other counsel of your own choosing regarding the terms of this agreement. You should also understand that, to the best of our ability, we intend to follow the Texas Lawyer's Creed, in which we commit, among other things, not to engage in abusive litigation or tactics. A copy of the Texas Lawyer's Creed may be obtained at http://www.txethics.org/uploaded/Resources/846921306641139.pdf

**19. ARBITRATION OF ALL DISPUTES, INCLUDING CLAIMS OF MALPRACTICE.** In any dispute between Attorneys and Client regarding the construction, application, or performance of any services under this Agreement, and any claim arising out of or relating to this Agreement or its breach, including, without limitation, claims for breach of contract, professional negligence, breach of fiduciary duty, misrepresentation, fraud and disputes regarding attorney's fees, costs, or both under this Agreement, the dispute shall be governed by, construed, and enforced in accordance with, state law, and:

(a) The parties agree that sixty (60) days before filing any arbitration proceeding hereunder, the party requesting relief must demand and attend mandatory mediation before a mutually acceptable mediator to attempt to resolve any dispute. In the event the parties are unable to resolve such dispute, the affected party shall initiate an arbitration proceeding utilizing the rules of (but not employing) the American Arbitration Association ("AAA"). In any dispute of less than $250,000, the parties shall jointly appoint a single arbitrator. In any dispute of a greater amount, each party shall appoint his/her or its own party arbitrator, and these two-party arbitrators shall in turn appoint a third, neutral arbitrator. Each party shall bear its own costs, expenses, attorney's fees and an equal share of the arbitrators' and administrative fees. The venue for the arbitration and any post-award proceeding to confirm, correct or vacate the award shall be Harris County, Texas. CLIENT AND ATTORNEYS CONFIRM BY SIGNING THIS AGREEMENT THAT THEY HAVE READ AND UNDERSTAND THIS SECTION OF THE AGREEMENT, AND VOLUNTARILY AGREE TO BINDING ARBITRATION. IN DOING SO, CLIENT AND ATTORNEY VOLUNTARILY GIVE UP IMPORTANT CONSTITUTIONAL RIGHTS TO TRIAL BY JUDGE OR JURY, AS WELL AS RIGHTS TO APPEAL. CLIENT MAY CONSULT WITH AN INDEPENDENT LAWYER OF CLIENT'S CHOICE TO REVIEW THESE ARBITRATION PROVISIONS, AND THIS ENTIRE AGREEMENT, PRIOR TO SIGNING THIS AGREEMENT.

**20. MULTIPLE REPRESENTATION / DISCLOSURE AND WAIVER OF POTENTIAL AND/OR ACTUAL CONFLICTS OF INTEREST:**

Client have asked Attorneys to represent them. Attorneys have been or may be asked to represent other clients with similar claims involving the same perpetrator, individuals, and/or other defendants. Multiple representation may involves risks and potential conflicts of interest.

The Rules of Professional Conduct require that before an attorney may concurrently represent two or more clients in a related matter, the attorney must: (1) inform each client in writing of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to each client arising from the proposed representation, and (2) obtain the informed written consent of each client.

The purpose of this disclosure is to set forth potential conflicts of interest relating to our representation of you, and potential representation of others in one or more related matters, and what Attorney perceives to be the relevant circumstances and the actual and/or reasonably foreseeable adverse consequences. Assuming that each client provides their informed written consent, Attorneys agree to represent multiple clients.

Texas law and the applicable Rules of Professional Conduct may, under these circumstances, require Attorneys to provide written disclosure of any actual and reasonably foreseeable adverse consequences arising from proposed multiple representation, and to obtain all clients' informed written consent to the representation. While Attorneys do not perceive any actual or reasonably foreseeable adverse consequences at this time, Client should consider the following potential adverse consequences prior to consenting to the proposed multiple representation:

(a).  Multiple representation necessarily requires a balancing of interests instead of vigorously asserting any one claimant's interest on an issue, which could lead to results less favorable than might be obtained if Client were represented separately;

(b)  There is no attorney-client privilege as among jointly represented claimants with regard to the subject of the joint representation. If each claimant were separately represented, each such claimant would be free to instruct his or her attorney to refrain from disclosing communications between the claimants and his or her attorney to other claimants and attorneys involved in the litigation;

(c)  Conflicts may arise if the claimants develop inconsistent strategies during the course of the litigation and/or Attorneys receive conflicting instructions from the multiple represented claimants. While Attorneys believe that the objectives of all the claimants are presently consistent, no two claimants may have exactly the same personal circumstances or needs, and a conflict, if unresolved, could require Attorneys to withdraw from representing the group;

(d)  If there is insufficient insurance or assets to cover the damages of each client, there may be disputes regarding how to allocate the insurance proceeds or assets between the related clients;

(e)  Changing counsel in the midst of the litigation can be expensive and detrimental to Client's interests; and

(f)  If Client for any reason has a claim against another of the claimants, Attorneys cannot represent or advise either party with respect to such claim and separate counsel should be consulted.

Client has considered the foregoing risks and weighed them against the benefits of proceeding with the understanding that one or more other Plaintiffs may be represented by Attorneys arising out of similar acts of sexual assault and abuse involving the same perpetrator, individuals, and/or other defendants and, by signing below, acknowledges and accepts multiple representation by Attorneys and acknowledges that he/she had the opportunity to speak with independent counsel concerning the risks.

21. **INSURANCE**: Attorneys maintain errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement. Client hereby acknowledges that no evaluation or analysis regarding possible limitation deadlines has been conducted by us at the time of execution of this Agreement and hereby grants us thirty (30) days from the date of execution of this Agreement to investigate applicable limitations periods. Client further agrees that we shall not be liable for the running of any limitations period during the first thirty (30) days of retention unless Client has advised us, in writing, of such deadline within a reasonable time to permit us to take appropriate action to protect Client's rights.

22. **EFFECTIVE DATE**. This Agreement will take effect when you have performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date we first performed services. Even if this Agreement does not take effect, you will be obligated to pay us the reasonable value of any services we may have performed for you.

Dated: _Oct 5, 2020_____, 2020

**SPAGNOLETTI LAW FIRM**

By: _Marcus R. Spagnoletti_
       Marcus R. Spagnoletti

I have read and understand the foregoing terms and agree to them, as of the date Attorneys first provided services. I agree to be liable for all obligations under this Agreement. By signing this Agreement I acknowledge receipt of a fully executed duplicate of this Agreement.

DATED: Oct 5, 2020

(signature)

Printed Name:

Address:

Telephone:

Email:

DOB:

By signing this Disclosure and Consent, Client expressly acknowledges that he/she or it (acting through its authorized representative): (1) has carefully read and fully understands the disclosures set forth above; (2) has carefully considered all of the circumstances and potential conflicts described above; (3) has had the opportunity to consult with independent counsel regarding the disclosures and consent in this Agreement; and (4) agrees to the multiple representation by Attorneys of Clients.

DATED: Oct 5, 2020           CLIENT: ___

DATED: _____        ATTORNEY: *Marcus R. Spagnoletti*