Exhibit B
(Engagement Letter Exemplar)

DocuSign Envelope ID: 1673972A-8B2F-4E2E-8220-CDB36B7C6D74



## Contingency Fee Agreement

I/We, ~~[redacted]~~ ("I") the undersigned client(s), do hereby retain and employ **X1LAW, P.A.** (Attorney) as my attorneys to represent us in our claim for damages against **Boys Scouts of America** and/or any other party resulting from an incident occurred on or about **1970's.**

### CLIENTS' BILL OF RIGHTS

The undersigned clients have, before signing this contract, received and read the Florida Bar form of "Client's Bill of Rights." By signing this contract, the clients acknowledge their understanding of that form, that the clients have signed that form, and that they have been furnished a photocopy of that form by the attorneys for future reference.

### ATTORNEY FEES

It is agreed and understood that this employment is based upon a contingent fee; that is to say, that **if no recovery is made on the clients' behalf, they will not be indebted to the attorneys who represented them for any attorney fees**, subject to the terms and conditions set forth in "TERMINATION", below.

As compensation for legal services, we agree to pay our attorneys out of the _gross_ proceeds of any and all recovery (including, but not limited to any and all recovery for bodily injury, property damage, loss of vehicle use, special damages, medical expenses past and future, pain and suffering, loss of capacity for the enjoyment of life, loss of consortium, inconvenience, lost wages, loss of earning capacity, interest, costs of bringing a claim, attorney fees and the present-money value of any future payment, in-kind payment, cruise voucher, gift card, etc.), the fees described below:

[a] Prior to the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action;

  [1] 33-1/3% of any recovery up to $1 million; plus
  [2] 30% of any portion of the recovery between $1 million and $2 million; plus
  [3] 20% of any portion of the recovery exceeding $2 million.

[b] After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment;

  [1] 40% of any recovery up to $1 million; plus
  [2] 30% of any portion of the recovery between $1 million and $2 million; plus
  [3] 20% of any portion of the recovery exceeding $2 million

[c] If all defendants admit liability at the time of filing their answers and request a trial only on damages:

  [1] 33-1/3% of any recovery up to $1 million; plus
  [2] 20% of any portion of the recovery between $1 million and $2 million; plus
  [3] 15% of any portion of the recovery exceeding $2 million.

[d] An additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment. With regard to that additional 5% fee payable from any recovery, if garnishment or any proceeding, after judgment, has been brought to collect the judgment or any portion thereof, or if any appellate proceedings are instituted from the Court by either side, either pre-judgment/settlement or post-judgment/settlement, the additional 5% for appellate services shall be for services provided by X1LAW, P.A. or other counsel, at the law firm's discretion. We authorize, by contract, X1LAW, P.A., to employ a separate and independent law firm or appellate specialist on our behalf to perform the appellate services. There will be no fee paid to any referring or referred attorney on that additional 5% attorney's fee, other than to X1LAW, P.A.

[e] 25%, as regards any recovery governed by the terms or limitations of Florida Statutes 768.28. This shall be the fee for services whether said monies are recovered if settled without suit, in the event suite is filed, or demand for arbitration is made, or if an appeal is taken from the lower Court by either side, or if garnishment or any proceeding after judgment or any portion thereof. This is the attorney's fee only for any proceeds obtained pursuant to 768.28, Fla. Stat.

[f] In the event that a Court awards attorney's fees based on Case-Law, a Rule, Florida Statute or a Federal Statute, or in any event attorney's fees are recovered from the responsible parties, in addition to the primary recovery, the fee to be paid under this Agreement will be a reasonable fee as determined by the Court, or the above stated percentages of the _gross_ recovery (specifically including any and all awarded fees and costs) **whichever is greater**. Certain claims against governmental entities may have statutory limitations on attorney's fees. If those limitations apply in this case, the attorney's fees will be the maximum amount permitted by law, or by the Courts.

[g] I/we hereby agree that $500.00/hour for attorney time is a reasonable hourly rate for calculating attorney fees to be awarded by a Court pursuant to statute, rule or case law, on a _quantum meruit_ basis in the event X1LAW, P.A. asserts a Charging Lien for legal services, or in any event that the above-referenced contingent fee percentages are deemed unconstitutional or excessive under Florida law. We further agree that X1LAW, P.A. is accepting our representation on a contingent basis, and any fee award should have a "contingent fee multiplier" and/or "lodestar", applied by the Court, where permitted by law. Finally, we understand and agree that the $500.00/hour rate is fair and reasonable

Initial

DocuSign Envelope ID: 1673972A-8B2F-4E2E-8220-CDB36B7C6D74

given the risk involved with accepting our case on a contingent fee basis, and represents the fair value of the attorney's time.

[i] In the event that the client is to receive a recovery which will be paid to the client on a future structured or periodic basis, the contingency fee percentage shall only be calculated on the cost of the structured verdict or settlement or, if the cost is unknown, on the present money value of the structured verdict or settlement; whichever is less. If the damages and the fee are to be paid out over the long term future schedule, then this limitation does not apply.

[j] This fee agreement may be subject to an addendum addressing the division of fees between by XILAW, P.A., and another attorney or firm acting as Co-counsel. This agreement may also be subject to an addendum which provides for a straight 40% contingent fee in certain cases (in the event that addendum is executed, it is subject to approval by the appropriate court). I understand and agree that such addenda are incorporated herein as if part of this agreement.

## COSTS

Although XILAW,P.A.may advance costs, we (the clients) hereby agree we are responsible for, and agree to pay all costs of investigation, court costs, court reporters' fees, travel expenses, photographic and exhibit fees, expert witness fees, filing fees, photocopy fees, scanning fees, medical record/report fees, postage, telephone, facsimile, service of process, research, and any and all other such reasonable and necessary expenses and costs advanced, whatsoever, relating to our claim for damages. With regard to the following specific office expenses, we agree the charge for receipt/transmission of any facsimile will be $1.00; stationary will be $0.10/page; envelopes will be $0.15/each; redwells will be $4.00/each; color-bands will be $1.00/each; colored folders will be $0.35/each; manila folders will be $0.25/each; in-house photocopies will be $0.50/page; scans will be $0.10/page.

If we disagree with XILAW, P.A.'s recommendation to settle this case, we agree to immediately pay all costs previously advanced, and to pay a cost deposit sufficient to proceed through trial.

## CANCELLATION

This contract may be canceled within three (3) business days of the date of signing by providing written notification to the attorneys at the address shown below. If so canceled, the clients shall not be obligated to pay attorney fees for services during that time period.

However, if the attorneys have advanced expenses or costs during that time period, we agree to reimburse the attorneys for any such expenses or costs.

## TERMINATION

We agree that XILAW, P.A. may terminate this agreement if it appears that our claim is no longer feasible or if the chances of success are less than originally anticipated or if no insurance coverage exists which would provide compensation for damages.

We further agree that XILAW, P.A. may withdraw from our case if we misrepresent or fail to disclose information which is material to our case, or if we have failed to reasonably stay in communication with XILAW, P.A., or if we have failed to notify XILAW, P.A. of any change in address and/or telephone number, or if we have otherwise failed or refused to reasonably cooperate in the pursuit of our claim, or follow the advice of XILAW, P.A. In any of these events, we agree that we will execute such documents as are necessary for by XILAW, P.A.'s withdrawal. We agree such a withdrawal will be "for cause", and will pay any costs advanced, in full, at that time (prior to release of any file materials) and agree that XILAW,P.A will have a *quantum meruit* attorney fee charging lien for legal services rendered, against any recovery, notwithstanding by XILAW,P.A.'s withdrawal.

We further understand and agree that we may terminate this agreement. However, we understand and agree that, if terminated, XILAW, P.A. shall be entitled to assert a Retaining Lien, for costs advanced, against our file and all materials contained therein. We understand and agree that we will pay all outstanding advanced costs, and the costs of reproducing our file before XILAW, P.A. delivers our file materials to us. We further understand and agree that, if terminated, XILAW, P.A. shall be entitled to assert a Charging Lien for *quantum meruit* attorney fees, not to exceed the percentages outlined above under "ATTORNEY FEES", and agree that we will satisfy that Charging Lien upon receipt of any recovery, and will notify any subsequent attorneys who represent us of the existence of that lien.

Notice of any termination or withdrawal by XILAW, P.A. may be served upon us (the client) at our last known address.

Notice of any termination or cancellation of this agreement by us (the client) must be in writing, and served, via registered mail, upon XILAW, P.A., at its primary place of business.

If this contract is terminated by either party, we agree to pay for the cost of reproducing our file and contents, prior to delivery of same to us.

It is understood and agreed that costs are in addition to any attorney's fees that may be owed at the conclusion of this case. All costs which are advanced by my attorneys shall be reimbursed to the law firm from our gross recovery, if a recovery on our claim is obtained. If no recovery is made, we will not be liable for costs or fees to XILAW, P.A., subject to the terms and provisions set forth within "CANCELLATION" and "TERMINATION", below.

## ASSOCIATE COUNSEL

We authorize XILAW, P.A., in its discretion, to associate other counsel to assist in the investigation and prosecution/defense of our case. Association of other counsel will not cause the attorney's fees to increase. XILAW, P.A. and associated counsel(s) will share in any fees recovered, not to exceed the fee arrangement outlined above.

## LIMITED POWER OF ATTORNEY

I HEREBY GRANT XILAW, P.A. the express power to endorse and deposit in its IOTA Trust Account any settlement/judgment check(s) made payable to myself (the client) and by XILAW, P.A... I understand that the interest generated in that account will not go to me, but will be collected by the Florida Bar IOTA program.

I FURTHER AUTHORIZE XILAW,P.A. to deposit funds into a separate, interest bearing Trust Account, in the name of Patrick J. Tighe, Esq. in Trust for me, under my social security number, with all interest income for my benefit, pursuant to the applicable Bar Rules. I understand that, until distributed to me by XILAW, P.A., I will have no access to said Trust Account, or the funds contained therein.

I FURTHER AUTHORIZE by XILAW,P.A., to deduct fees, costs, and expenses from the settlement/judgment proceeds deposited

2 | Page

Initial

DocuSign Envelope ID: 1673972A-8B2F-4E2E-8220-CDB36B7C6D74

into its Trust Account, and to pay any medical provider bills from my (the client) share of the recovery. Any unpaid bills for medical care shall remain my (the client) obligation.

### LIENS/MEDICAL BILLS

It is understood that certain liens and medical or hospital bills may be incurred as a result of the damages sustained in the accident or occurrence referred to above. I hereby authorize X1LAW, P.A. to deduct from any funds gained by me by way of recovery or settlement of any claims, all monies that may be due at that time to any lien holder, hospital or doctor for benefits, or services rendered as are reflected by known or recorded liens or the records of such hospital or doctor which indicate the balance owed, and to pay such doctors, hospitals and lien holders directly from the proceeds of any such recovery or settlement. Any unpaid bills for medical care, or liens, shall remain the client(s) obligation.

### LETTERS OF PROTECTION

I understand that certain hospitals or other providers of medical services may request a letter of protection permitting them to receive payment from the net proceeds of the recovery for any services provided.

I hereby give X1LAW, P.A. permission on my behalf to write letters of protection, which are liens against my file, stating that the medical provider will be paid from the net recovery before I receive any distribution. The net recovery is after payment of attorney's fees and costs.

I understand that by giving this letter of protection, X1LAW, P.A. is not personally obligated, in any way, to make this payment, but that I am agreeing to make the payment at the time of the distribution of the proceeds, out of my net recovery.

### PIP/NO-FAULT SUIT AUTHORIZATION

I hereby authorize by X1LAW, P.A., and its associated attorneys, at their discretion, to file a lawsuit and otherwise pursue any claim for no-fault insurance benefits (including, but not limited to PIP benefits) they deem reasonable or necessary, on my behalf.    If a suit or claim is brought for wage loss, or reimbursement of medical expenses paid by me, I understand I will receive those benefits, if any.

However, I understand and agree that I will not directly receive any benefits or proceeds, whatsoever, from any suit or claim for unpaid, late paid or wrongfully terminated medical benefits. Instead, I expressly direct and authorize X1LAW, P.A.to pay any recovered medical benefits and/or interest directly to the appropriate providers, without my execution of a distribution statement.

I/we further understand and agree that X1LAW, P.A. will not bring a PIP or no-fault suit on a contingent fee basis. Accordingly, I agree to pay X1LAW,P.A.$500.00/per hour for the filing and prosecution of any action for no-fault benefits and agree to pay all costs of investigation, court costs, court reporters' fees, travel expenses, photographic and exhibit fees, expert witness fees, filing fees, photocopy fees, medical record/report fees, postage, telephone, facsimile, service of process, research, and any and all other such reasonable and necessary expenses and costs forwarded, whatsoever, relating to our claim for damages. We agree the charge for receipt/transmission of any facsimile will be $2.50; stationary will be $0.10/page; envelopes will be $0.15/page; redwells will be $4.00/each; color-bands will be $1.00/each; colored folders will be $0.35/each; manila folders will be $0.25/each; in-house photocopies will be $0.50/page I understand and agree that X1LAW, P.A. will forward such costs, in expectation of my payment.

In the event a defendant agrees to voluntarily pay, or a court awards costs and attorney fees to X1LAW,P.A.for the prosecution of any claim for no-fault benefits, I further direct and authorize X1LAW,P.A.to directly accept, in its discretion, the payment of such fees and costs, without my execution of a distribution statement.

### VENUE/FEES & COSTS IN EVENT OF ACTION

I/we agree that venue for any action arising out of this agreement or from X1LAW, P.A.'s representation of us will be in Palm Beach County, Florida. We further agree that if X1LAW, P.A. litigates against us in any action arising out of this agreement or from X1LAW, P.A.'s representation of us, (including but not limited to any action to recover fees or costs under this contract), it will be entitled to recovery of attorney fees and costs expended in that litigation.

The Parties agree that any claim or dispute (including but not limited to claims for Breach of Contract, Negligence, Legal Malpractice, Negligent Misrepresentation, Breach of Fiduciary Duty, Fraud, and/or Theft by Conversion) between them or against any agent, employee, successor, or assign of the other, whether related to this agreement or otherwise, and any claim or dispute related to this agreement or the relationship or duties contemplated under this contract, including the validity of this clause, shall be resolved <u>only by a judge and without a jury</u>. Venue shall only be in PALM BEACH COUNTY, FL, before only a Florida State Court and only Florida law shall apply. THE PARTIES UNDERSTAND THAT THEY WOULD HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE THROUGH A COURT AND TO HAVE A JURY DECIDE THEIR CASE, BUT THEY CHOOSE TO HAVE ANY DISPUTES DECIDED BY A JUDGE. Before you sign this agreement, you should consider this provision carefully and consult your own counsel if you are uncertain.

### AUTHORIZATION TO DISCLOSE CONFIDENTIAL INFORMATION

I/WE understand and agree that during the course of this matter, it will be necessary for X1LAW, P.A. to disclose confidential information (which may or may not be protected by HIPPA) about me, including but not limited to medical, psychiatric, HIV-AIDS status, and I grant open authority for X1LAW, P.A.to do so in the furtherance of my claim. This includes disclosure to Judges, Juries, Expert Witnesses, Opposing Attorneys, Defendants, Medical Providers, Insurance Companies, Insurance Adjusters, and any other entity which my attorneys determine will require said confidential information.

I/we, the CLIENTS, hereby authorize my attorney and X1LAW,P.A.to use my full name, the details of my claim including, but not limited to, any physical injuries and settlement amount obtained from my claim in press releases, website articles and marketing materials as my attorney and X1LAW,P.A.see fit

### SEVERABILITY/ENTIRE AGREEMENT

This Agreement contains the entire understanding of the parties and may not be varied or modified unless in writing signed by the party charged with such change or modification. If any provision of this agreement is judicially declared to be invalid or unenforceable then the remaining severable provisions hereof will remain in full force and effect.


Initial

DocuSign Envelope ID: 1673972A-8B2F-4E2E-8220-CDB36B7C6D74

### ATTORNEY DISCLAIMER

I/we, the CLIENTS, understand that this type of litigation is extremely time consuming and highly unpredictable with regard to the chances for success. We further understand that these cases take many months to analyze, gather information, and to study. For these reasons we recognize the right of X1LAW,P.A. to withdraw from the case and return the file to us at the discretion of by X1LAW,P.A., whenever the attorneys are of the opinion that the chances for success do not justify going forward. We also understand and affirm that X1LAW, P.A. has made no warranties, or guarantees, of any nature regarding the outcome of this action.

### AUTHORIZATION TO DESTROY MY (CLIENT'S) FILE MATERIALS

I/we specifically authorize and direct by X1LAW, P.A., at the conclusion of my case, to destroy my entire file (including but not limited to all original items of evidence, pleadings, depositions, discovery, investigation materials, legal research, correspondence, emails, telephone messages, attorney notes, medical records, medical bills, medial liens, photographs, film, exhibits, documents, etc.). I/we acknowledge and agree that the only portions of my file materials that X1LAW,P.A.will maintain will be those things required by the Rules Regulating the Florida Bar (to wit: Contingent Fee Agreement or Retainer, Statement of Client's Rights, Closing/Distribution Statement, Discharge/Withdrawal Letter). I/we further acknowledge and agree that the aforementioned things will be maintained only in electronic form as scans, and the originals will be destroyed.

If I change my mind, and decide I want to take delivery of my file materials, I agree to notify by X1LAW, P.A., in writing, within 10 days of receipt of a Discharge/Withdrawal Letter, or execution of a Closing/Distribution Statement.

### SOCIAL NETWORKING

I/we understand that it is important for my case to take down my social network sites (but not delete, alter or destroy any content) during the pendency of my case. I understand that if I choose to keep my sites, I must not post anything on them that may be used against me. I also understand that I should not email, text, tweet, or otherwise share with anyone about this case other than my attorneys.

### AUTOMOBILE PROPERTY DAMAGE AND/OR LOSS OF VALUE

I/we understand and agree the X1LAW; P.A. does not represent me for damage to my vehicle, or loss of value as a result of damage to my vehicle arising from the automobile accident that gives rise to my claim. If I wish for X1LAW, P.A. to represent me in such claims, I must advise them in writing, and agree to pay a contingent fee as set forth above on any recovery, including loss of use, diminution in value, cost of repair or replacement cost.

Notwithstanding the above, I agree I will not sign any release for my automobile property damage without having it reviewed by X1LAW, P.A. first. I further acknowledge that, I may be entitled to bring a claim for the diminished value of my vehicle due to damage sustained and, if I settle a property damage claim and sign a Release, I may be waiving my ability to bring a claim for diminution in value of my vehicle.

### PRE-SETTLEMENT ADVANCES

Please be advised that this firm does not advocate borrowing money against your case from any of the many "Litigation Financing" or "Pre-settlement Advance" companies. The interest rates are typically very high and you could end up owing *more* than your case is worth. This could result in us resolving your case with nothing for you at the end of the day.

Please note that pre-settlement advance companies do not typically reduce the amount they are owed when the time comes to settle the case. We will not be responsible for any monies owed to a pre-settlement advance company if the settlement is not enough to cover the balance and our attorney fees and costs will be paid prior to satisfaction of any such advances. This could result in you being sued for the balance owed. Please consider all of these potential outcomes should you choose to request a pre-settlement advance and keep in mind that we do NOT recommend these loans. Ultimately, the decision to borrow money against your case is yours and yours alone.

### CLIENT DISCLAIMER/WARRANTY

I/we further warrant and represent that the injuries or damages we claim to have suffered are genuine and we am not furthering this action with the intent to defraud any person or entity.

The client is obligated to keep *X1LAW, P.A.* informed of their whereabouts at all times and *X1LAW, P.A.* is not obligated to file suit to preserve the Statute of Limitations in the event said client does not keep *X1LAW, P.A.* aware of said clients whereabouts.

DATED this _____ day of 11/13/2020 _____, 20 _____

_____
CLIENT       Signature

Kelly V. Landers

_____
CLIENT       Print Name

This employment is accepted upon the terms stated herein.

By: _____
    7D5416747AA546E
XILAW, P.A.
721 US Highway One, Suite 101
North Palm Beach, Florida 33408
Telephone: (561)537-3319
Facsimile: (561)537-7193
Email: Pat@X1LAW.com

4 | Page



Initial