# EXHIBIT B

## The Law Offices of Joshua E. Slavin
Attorney-Client Representation Agreement

The undersigned, _____ (hereafter referred to as "Client"), retains the legal services of The Law Offices of Joshua E. Slavin (hereafter referred to as "Attorney" or "Firm") for representation to assert a claim for damages arising out of an incident involving abuse and the **Boy Scouts of America**. This agreement includes identified claims against whomever may be liable related to this incident. This agreement is entered into and agreed to this _____ day of _____, 2020.

Attorney and his agents are authorized to take all steps deemed by them to be necessary and appropriate to obtain a satisfactory result, including, within Attorney's discretion, investigation, entering into letters of protection with health care providers, instituting legal proceedings, employing consultants and experts, entering settlement negotiations, filing claims to a class action or bankruptcy fund, discontinuing litigation or this representation where necessary and appropriate. Attorney may associate co-counsel with consent of Client. Client agrees Attorney may disburse an appropriate share of Attorney's fee to other counsel as Attorney deems appropriate as long as said disbursal does not effect Client's final recovery.

Attorney agrees not to settle this representation without Client's approval. Client agrees to cease communications with all third parties regarding this incident and further agrees not to enter any settlement negotiations or agreements regarding this incident without the knowledge and written consent of Attorney.

Attorney's fee shall be contingent on what is recovered in this matter by way of settlement, judgment, or otherwise, to be computed as follows: [redacted]. If money is received as part of a class or bankruptcy it shall not change Attorney's fee unless required by the terms of that fund distribution. If a structured settlement is negotiated, Client authorizes attorney's fee to be based on the present value benefit of the settlement, to be determined by applying appropriate discount rates that consider after-tax benefits to Client of the structured settlement. Attorney retains sole right to take attorney's fee in cash at the time of settlement or in deferred payments, regardless of manner in which client's recovery is paid.

In addition to the above fees, Client shall pay attorney out of Client's share of recovery all costs and expenses advanced by attorney in connection with this matter. Attorney is authorized to advance and incur expenses as he, in his sole and exclusive judgment, deems reasonable and necessary to effectively pursue this claim.

At the conclusion of this claim, Client agrees to promptly execute settlement documents as recommended by Attorney and endorse settlement drafts or checks. Attorney shall disburse to Client Client's share of the recovery after deducting Attorney's fees and costs as described herein.

Client grants Attorney a lien on this claim and on any proceeds recovered from it as security for the payment of attorney's fees and expenses as contracted for in this agreement.

Client understands and agrees that, regardless of the outcome of this case, Attorney does not assume liability for, nor agree to pay from attorney's fee, any debts incurred by Client, including expenses for medical care, transportation, insurance liens, etc. Client understands and agrees that to the extent that debts/expenses are not paid by the defendants, these debts/expenses shall remain Client's sole responsibility. Client grants Attorney right and authority to deduct from any settlement and pay directly to a lien/debt holder outstanding expenses as required of Attorney.

Client agrees that Attorney retains the right to, at any time, release himself from this contract and withdraw from representing Client. "Withdrawal" is understood to mean the termination of Attorney's representation of Client. Examples of scenarios in which Attorney may exercise this right include, but are not limited to: if it appears that circumstances will hinder continued effective litigation of the case; that continued litigation would not be cost effective or result in a sustainable or collectable judgment; or Client engages in conduct that renders it unreasonably difficult for Attorney to carry out the representation effectively. In the event of such a withdrawal, Client agrees that Attorney will retain a lien on the case to the extent of fees and costs that have been advanced on client's behalf, as well as one-third (⅓) (or 40% if a lawsuit is filed) of any recovery if settlement offers were made prior to the Attorney's withdrawal. Client agrees to protect such fees, expenses, and costs out of any recovery ultimately obtained in the claim.

Client has the right to terminate Attorney's representation of Client. Should Client terminate this representation, Client agrees that Attorney has a lien for the work performed, one-third (⅓) (or 40% if a lawsuit is filed) of any recovery or settlement offers made prior to the termination, as well as fees and costs advanced by Attorney for this claim. Client agrees to protect such lien out of any recovery ultimately obtained in the claim.

Attorney makes no representations or guarantees regarding the tax consequences of any recovery obtained on behalf of Client and advises Client to seek tax advice from a qualified tax advisor.

Client acknowledges that Attorney makes no guarantee regarding the successful resolution of this claim and all expressions related to this claim are matters of Attorney's opinion only and shall not be considered as express or implied warranties of the claim's outcome.

This contract constitutes all agreements between the parties and may not be amended except in writing and executed by all parties.

**Client is retaining The Law Offices of Joshua Slavin, LLC counsel for all matters related to the claims described herein. Client and Attorney agree to be bound by all provisions in this fee agreement.**

| _____ | | _____ | |
| Attorney | Date | Client | Date |