<span style="color:red">**EXHIBIT B**</span>

**James F. Humphreys & Associates, L.C.**

**CONTRACT OF REPRESENTATION**
**AGAINST THE BOY SCOUT BANKRUPTCY TRUST**

      I, the undersigned, employ and retain the law firms of James F. Humphreys & Associates, L.C. (hereafter "JFHA" or "LEAD COUNSEL) and Shapiro Legal Group, PLLC (hereafter "SHAPIRO") to represent me or us as set forth below. Collectively, JFHA and SHAPIRO shall be designated as "ATTORNEYS".

**1.**    **Scope of Representation**

      a.    ATTORNEYS agree to investigate and evaluate my possible claim or claims (hereafter "claim") for injury including psychological or emotional injury or loss, related to sexual assault or abuse committed by persons affiliated with the Boy Scouts of America.

      b.    I authorize ATTORNEYS to investigate and prosecute my potential claim against the Boy Scouts of America in bankruptcy court. In aid of those efforts, and in compliance with current and subsequent provisions of the bankruptcy law, I specifically authorize ATTORNEYS and any associated counsel, during the term of representation, to hire investigators, expert witnesses, and/or other attorneys, to file proof of claim forms, to appear and act on my behalf at hearings, arguments, proceedings, and trials, and to vote on my behalf in any applicable bankruptcy proceedings. I understand that ATTORNEYS' representation under this contract does not include the investigation or filing of any other claim or action other than the bankruptcy claim against the Boy Scouts of America described in this contract.

      c.    I also understand that in the event a claim is filed but is later determined by ATTORNEYS, in their sole discretion, to be lacking in merit, ATTORNEYS may, upon giving me reasonable notice, withdraw from representing me in that proceeding. In such latter event, I acknowledge that ATTORNEYS are ethically bound to cease pursuit of an unmeritorious claim and agree that I will cooperate with ATTORNEYS for the purposes of dismissing such claim with prejudice and releasing such defendant(s). In the event of such withdrawal by ATTORNEYS, I will not be obligated to ATTORNEYS for attorneys' fees or expense reimbursement.

      d.    I acknowledge and agree that this contract is between me and ATTORNEYS and that neither James F. Humphreys nor any other individual lawyer, personally or in his personal capacity, is a party to this contract. I also understand that I am retaining ATTORNEYS solely and am not retaining a particular lawyer in ATTORNEYS to investigate or prosecute my claim.

      _____ Initials    _____ Initials

e. In the event my claim includes a claim for damages based upon an individual's death, I understand that ATTORNEYS are representing the estate of the deceased only for purposes of any survival and wrongful death claims, and that ATTORNEYS are not undertaking any responsibility for advising me in my capacity as personal representative or fiduciary of the estate.

f. I understand that ATTORNEYS, in their sole discretion, have the right to withdraw and cancel this contract if they are unable or unwilling to undertake the contemplated representation, provided ATTORNEYS so advise me promptly in writing.

g. I authorize ATTORNEYS, in their discretion, to withhold and pay, from any funds received in settlement or award for my claims: (i) attorneys' fees and expenses; (ii) any costs and expenses advanced for me under this agreement; and (iii) any amount necessary to satisfy my outstanding hospital, doctor, and medical bills, and like bills, payment of which others are entitled to by law.

**2.     Attorneys' Fees and Expenses and Costs of Investigation and Litigation**

a. If no recovery is made, I will not owe ATTORNEYS for any sums whatsoever as attorneys' fees or for any costs advanced or expenses paid by ATTORNEYS. In the absence of court order or other proceeding by which attorneys' fees are otherwise governed, I agree to pay ATTORNEYS, <u>attorneys' fees of 40% of the gross amount</u> of any settlement, verdict, or recovery of any kind obtained in my case for their legal services performed in all investigative, and other proceedings related to my claim.

b. I understand that attorneys' fees will be calculated based on the gross amount of settlement or recovery of any kind, and that the expenses and costs of investigation, settlement, or litigation that have been advanced or paid by ATTORNEYS on my behalf will be deducted from the net proceeds payable to me after deduction of the attorneys' fees, which deduction by ATTORNEYS is hereby specifically authorized by me.

c. If the provisions of this agreement for payment of attorneys' fees are in conflict with any court order, settlement agreement, provision of law, or code of professional responsibility that governs or restricts the amount of attorneys' fees that may be recovered, such court order, settlement agreement, provision of law, or code of professional responsibility shall govern the recovery of attorneys' fees under this contract, but in no event shall attorneys' fees of ATTORNEYS earned in investigating, preparing or prosecuting of my claim exceed the agreed-upon 40%.

███████ Initials      ███████ Initials

**3.   Joint Representation**

I understand and consent to the joint representation of LEAD COUNSEL (JFHA) and Shapiro. I also understand and consent to the Attorneys (Lead Counsel and Shapiro) sharing any attorneys' fees received in connection with this matter and that such attorneys' fees will be calculated as a percentage of the gross recovery in this matter, rather than the net recovery. Any attorneys' fees recovered in this matter will be divided as follows between the ATTORNEYS: JFHA shall receive 90% of the fee and Shapiro shall receive 10% of the fee. This division is based upon JFHA and Shapiro assuming joint responsibility.

**4.   Co-Counsel**

a.   I specifically authorize ATTORNEYS to associate with additional attorneys if, in its sole discretion, LEAD COUNSEL believes it is advisable or necessary to properly handle my claim, and to share their attorneys' fees with additional co-counsel. I understand that the amount of attorneys' fees that I pay will not be increased by such association with additional counsel, and that such associated counsel will be paid out of the attorneys' fees paid to ATTORNEYS.

b.   I understand that that any additional co-counsel will share in the attorneys' fees paid to ATTORNEYS in proportion to the services performed by each lawyer or law firm, as determined by ATTORNEYS, that such counsel has not been hired or retained by me, that such counsel is to be regarded as equivalent of an employee of Attorneys or as an expert selected by Attorneys to assist with my claim, that such counsel is not contractually obligated to me, and that such counsel may be discharged by ATTORNEYS at any time, at their sole discretion, without notice to me.

c.   If additional co-counsel are retained, their fees shall be deducted from the gross attorneys' fees before the remaining fees are divided by JFHA and Shapiro on the basis of 90% to JFHA and 10% to Shapiro.

**5.   Expenses and Costs of Investigation and Litigation**

I understand that during the term of representation ATTORNEYS (and any associated counsel) will advance all investigation and litigation expenses and costs incurred on my behalf in this action, including, for example, court filing fees, service of process fees, medical record fees, court reporter expenses, investigation expenses, expert and consultant fees, storage fees, photograph and photo-reproduction expenses, including photocopying, electronic imaging or other printing or reproduction costs, costs of contracted paralegal services, costs of processing my settlements, and travel expenses. I understand that all such expenses and costs will be deducted from my net recovery of any settlement or recovered proceeds after ATTORNEYS's attorneys' fees are deducted. As I agreed in sub-paragraph 2(a), above, if no recovery is obtained by me, I will not owe

████ Initials     ████ Initials

ATTORNEYS reimbursement or payment of any expenses and costs that ATTORNEYS might have advanced or expended on my behalf in the handling of my claim.

**6.    Disbursement of Proceeds to Client**

a.    At the time of disbursement of any proceeds recovered on my behalf under the terms of this contract, I will be provided with a detailed disbursement sheet reflecting the method by which attorneys' fees have been calculated, and the expenses and costs of litigation that are reimbursable to ATTORNEYS, with respect to the settlement proceeds or other recovery.

b.    Under certain circumstances, health insurers, worker's compensation carriers, or others who have paid benefits or provided services on my behalf might claim a right to recover a portion of the proceeds of any action brought on my behalf, and might place ATTORNEYS on notice of their claim. Except as might be required by law, ATTORNEYS will not, without my consent, agree to protect or honor any such claim of a carrier or other creditor.

**7.    Release of Claims**

I authorize ATTORNEYS to control the means of my representation by deciding not to file any claim, if the claim does not have merit or the decision not to file such claim is in my interest. I understand that ATTORNEYS are retained to prosecute such claims that ATTORNEYS, in their sole discretion, determines to constitute proper means to obtain relief for me, and that ATTORNEYS *are not* retained to prosecute all conceivable claims or any one claim against one or all conceivable defendants. I understand that ATTORNEYS may, in their sole discretion, decide to pursue only one subset of possible claims. I agree to consider, and not to unreasonably withhold agreement with, a recommendation by ATTORNEYS to release any defendant or dismiss, with prejudice, any claim, ATTORNEYS might have filed, or that I might have, if it is in my best interest.

**8.    Settlement Discussions**

I retain full authority to accept or reject any final settlement amount after receiving the advice of ATTORNEYS. I agree not to make any settlement or engage in any negotiation of my claim unless ATTORNEYS is present and has been consulted. In the event of an authorized settlement, I further authorize ATTORNEYS to deposit checks made payable to me in order to disburse the settlement proceeds according to the terms of this representation.

███ Initials  ███ Initials

**9.     No Guarantee of Success or Recovery**

I understand that no promises, representations, guarantees, or assurances of any kind have been made by ATTORNEYS regarding the likelihood of success of my claim.

**10.    Termination of Representation**

a.     I understand that I can terminate ATTORNEYS' representation of me at any time by providing written notice to ATTORNEYS at the addresses of its principal office. Should I elect to terminate ATTORNEYS' representation prior to the full conclusion of ATTORNEYS' services under this contract, I understand and agree that ATTORNEYS have a claim for expenses and costs of investigation and litigation and unpaid attorneys' fees, which claim and amount will become due and payable upon ATTORNEYS' receipt of notice of discharge by me. I understand that this obligation for unpaid attorneys' fees will be calculated based on the percentage of work-in-progress completed on the case or claim at the time ATTORNEYS are released as my attorneys.

b.     Although I do not anticipate any dispute with ATTORNEYS, in the event such a dispute should arise, it is agreed between the parties that the less formal and more expeditious process of arbitration, rather than litigation, will be used to resolve any such disputes. Accordingly, it is agreed: (i) any and all claims arising out of or related to this contract or the performance by either party under this contract shall be resolved through arbitration pursuant to the law of the State of West Virginia under the applicable statutes then in effect; (ii) no award shall be entered that exceeds the actual damages incurred; (iii) judgment upon any award rendered through arbitration in any such proceeding may be entered and enforced in any court of competent jurisdiction; and (iv) the law of West Virginia, including choice-of-law rules, shall apply to any such claim.

**11.    Disposition of File**

The file and any materials compiled by ATTORNEYS during the course of my representation will be retained by ATTORNEYS upon the conclusion of the representation. ATTORNEYS will cooperate fully in furnishing a copy of relevant materials from the file to any successor attorney I may retain. I understand that, after my claim is concluded, ATTORNEYS will maintain my file on this matter for at least six (6) years, but that after that time, ATTORNEYS may dispose of my file in accordance with its document retention and destruction policy. Should I wish to obtain any information or material from my file, including personal items furnished by me to ATTORNEYS to assist in the handling of my claim, such as documents and family photographs, such materials will be returned to me upon my request, if the request is made within six (6) years after the conclusion of the representation.

 Initials            Initials

**12.   Obligation to Keep ATTORNEYS Informed**

a.   I agree to keep ATTORNEYS informed of the location where I can be reached, and of any significant change in my personal circumstances, including my health. In the event I am contacted by another attorney regarding my claim or I am asked to attend any meeting related to my claim held by attorneys other than ATTORNEYS, I will promptly inform ATTORNEYS of any such contact or request.

b.   I will not discuss my claim with another attorney or person without previously informing ATTORNEYS of my intentions. I understand that discussing my claim with other persons, even on a casual basis, may result in a waiver of the attorney-client and/or work product privilege(s), which could prejudice my claim.

c.   I will not, upon the strongest advice of ATTORNEYS, discuss or place my legal action, claim, or facts on any social media platform.

**13.   Power of Attorney**

By my signature, I grant ATTORNEYS my power of attorney to sign, execute, and endorse any and all papers, checks, and other documents as appropriate for the prosecution and administration of my claim. This power of attorney shall remain in force until I revoke it in writing.

[this portion intentionally left blank]

███ Initials   ███ Initials

**I HAVE READ AND UNDERSTAND THIS CONTRACT OF REPRESENTATION AND AGREE AS STATED ABOVE THIS ▉▉▉▉ DAY OF ▉▉▉▉▉▉▉▉▉▉▉▉▉, 20▉▉▉.**

CLIENT NAME (PRINT): ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

CLIENT SIGNATURE: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

DATE: ▉▉▉▉▉▉▉▉▉▉▉▉▉

**AGREED TO BY JAMES F. HUMPHREYS & ASSOCIATES, L.C.**

ATTORNEY (PRINT): ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

SIGNATURE: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

DATE: ▉▉▉▉▉▉▉▉▉▉▉

**AGREED TO BY SHAPIRO LEGAL GROUP, P.L.L.C.**

ATTORNEY (PRINT): ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

SIGNATURE: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

DATE: ▉▉▉▉▉▉▉▉▉▉▉▉▉

_____ Initials   _____ Initials