# EXHIBIT B

**Contingent Fee Agreement (Boy Scouts of America)**

███████████ (the "Client"), and Steadfast Law Group, LLP ("Attorneys"), hereby enter into this Contingent Fee Agreement ("Agreement") and agree as follows:

**IMPORTANT FEATURES:** (a) *FREE CASE EVALUATION*; (b) *NO RETAINER FEE*; (c) *NO UP-FRONT CASE EXPENSES*; (d) *CLIENT MUST APPROVE ANY SETTLEMENT*; (e) *WRITTEN SETTLEMENT SUMMARY*; (f) *NO FEE UNLESS CLIENT GETS A RECOVERY*.

**1.     Purpose, Scope, and Term of Representation.** By signing this Agreement, you understand and agree that Attorneys are committing to represent you **only** in connection with the February 18, 2020 bankruptcy filing of the Boy Scouts Of America ( BSA) and Delaware BSA LLC.

**2.   Authority and Power of Attorney.** Attorneys are authorized and empowered to act as Client's negotiator in any and all settlement negotiations, but will not enter into a settlement agreement without Client's approval. Client hereby grants unto Attorneys and its lawyers/employees/representatives a Power of Attorney so that they have full authority to prepare, sign, and file all legal instruments, pleadings, authorizations and papers as shall be necessary in the representation of Client, including indorsing instruments and reducing to possession any monies and other things of value due unto Client as fully as Client could do in person.

**3.   Statute of Limitation Notice.** Attorneys do not file lawsuits or initiate arbitrations without adequate time for investigation. Investigating Client's claim will take time and cannot be rushed. Therefore, Client understands and agrees that Attorneys shall have no duty or responsibility to file a claim or to take any action to comply with any statute(s) of limitation expiring prior to the 181st day following the date Attorneys were hired by a written contract signed by all parties. This means that if Client's statute(s) of limitation expires within this timeframe, then Client's claim may not be filed within the limitations period and will be forever barred. Further, Attorneys have not made any representations as to any applicable statute(s) of limitation. Attorneys rely upon Client's representations regarding who and what caused the injury, how it occurred, when it occurred, and where it occurred. Attorneys also rely upon Client's representations regarding when the negligence of the defendant(s), the injury, and the cause were discovered by Client. Should other investigation or evidence later reveal a different defendant(s), cause of injury, mechanism of injury, date of injury, place of injury, or date of discovery, then Client agrees to hold Attorneys harmless for such mistake(s) of fact upon which Attorneys relied.

**4.   Attorneys' Fees.** Client agrees to pay, and Attorneys may retain, as a reasonable Attorneys' Fee for their services, the greater of the following percentages from the gross recovery or settlement received (the sum of everything recovered, including any attorney's fees received): (i) ███ if the claim is resolved prior to filing suit or invoking arbitration or, ███ if the claim is resolved after filing suit or invoking arbitration; or, (ii) ███ of any attorney's fees received or awarded. However, if the maximum fee allowed by law or rule is less than the above amounts, then the Attorneys' Fee shall be reformed so that it is limited to the maximum permissible. The Attorneys' Fee percentage shall be calculated upon the combined "gross recovery," which means the combined total of all money and property of any kind or character, including attorney's fees, which is received or collected by Client or on behalf of Client, from any source and paid to any source. Such Attorneys' Fee percentage shall be calculated before any amounts are deducted, including but not limited to: (i) expenses, costs, and fees; (ii) liens at law, in equity, or in contract; (iii) subrogation interests; (iv) any counterclaim recovery offset; (v) withholding authorized by law; and, (vi) any bills owed by Client. Attorneys (or our assignees) may elect to take the Attorneys' Fee in future periodic payments funded through an annuity at the time of settlement, where the value of the Attorneys' Fee shall equal the cost or premium of the annuity—not its future value. For this representation Attorneys have associated with Wayne Wright LLP, a Texas partnership ("Wright"). Client

consents to this association, including a division of Attorneys' Fees between Attorneys and Wright based upon an assumption of joint responsibility for Client's representation. Client consents to a division of the work and services required in such manner as may be agreed upon between Attorneys and Wright. Any Attorneys' Fees payable pursuant to this Agreement will be split in half, so that fifty percent is payable to Attorneys and fifty percent is payable to Wright. To ensure consistent performance under this Agreement, any benefit, power, or privilege accruing to Attorneys herein shall also accrue unto Wright. Except in cases of Client non-cooperation or if Client terminates this representation, ceases to pursue, drops, or relinquishes the claim, Client **will never owe** Attorneys' Fees **unless** a recovery is actually obtained by any person on behalf of Client.

**5. Fee Modification.** Notwithstanding anything in this Agreement to the contrary, this section shall apply if: (i) the Client terminates this representation, ceases to pursue, drops, or relinquishes Client's claim(s); or, (ii) the Attorneys terminate this representation due to Client non-cooperation. In such situations Attorneys are entitled to: (i) reimbursement of all expenses incurred; and, (ii) the value of their services, for which Attorneys are authorized to convert calculation of their Attorneys' Fees in accordance with this section. Firstly, Attorneys reserve and may elect to enforce any and all liens authorized by law and/or contract. Secondly, where not prohibited by law Attorneys may elect to convert the time spent on Client's claim(s) unto an hourly fee basis at a reasonable hourly rate in the locality where services were provided, to be calculated retroactively to the date Attorneys began work on Client's case. Thirdly, in all other situations Attorneys shall be entitled to a reasonable fee pursuant to *quantum meruit*. Attorneys' Fees as modified by this section shall never exceed that to which Attorneys would have been entitled had the contingency fee described in the "Attorneys' Fees" section, above, come to completion following a successful recovery on Client's behalf. The bill for such fees and expenses shall be due upon demand and shall be a personal liability of Client. In collection thereof, Attorneys shall be entitled to all costs and reasonable attorneys' fees.

**6. Expenses / Administrative Fees.** Except in cases of Client non-cooperation or if Client terminates the representation, cease to pursue, drop, or relinquish the claim(s), Client will never owe Attorneys for expenses or administrative fees unless a recovery is actually obtained by any person on Client's behalf. Likewise, Client will never owe Attorneys (for their services) more than the total recovery. Client agrees that Attorneys are to be repaid and reimbursed for all costs and expenses incurred in furtherance of Client's case—such to be deducted from Client's share of any recovery—after the calculation and deduction of Attorneys' Fees. At conclusion of the case, Attorneys will provide a report to Client itemizing all costs and expenses. Some expenses may benefit multiple clients, and if so, such will be equitably allocated among all such clients who directly benefit from such expenses. Attorneys may charge an additional administrative fee to cover miscellaneous, un-itemized, and difficult to track expenses associated with representation to be deducted from Client's share of any recovery, as follows: $250.00 if the case is resolved before a lawsuit is filed or arbitration is initiated, or $350.00 if the case is resolved within six months after a lawsuit is filed or arbitration is initiated, or $550.00 if the case is resolved at any time beyond six months after a lawsuit is filed or arbitration is initiated. Special Situation: Due to the time and specialized work required, Attorneys may additionally assess separate administrative fees for appearing in a bankruptcy court case on Client's behalf at the rate of $1,000.00 per debtor. Client agrees that Attorneys may borrow funds from a third-party lender to pay litigation costs, and the reasonable interest charged by such lender may be recovered by Attorneys as a Client expense. Unless ordered otherwise by a court, any court assessments, whether characterized as joint expenses, steering committee fees, sanctions, attorney's fees, costs, or otherwise, will not be incurred or assumed by Attorneys, and will instead be solely Client's responsibility whether or not a recovery is made. Except in cases of Client non-cooperation or if Client terminates the representation, ceases to pursue, drops, or relinquishes the claim, Client **will never owe** Attorneys for expenses or administrative fees **unless** a recovery is actually obtained by any person on behalf of Client.

**7. Trust Account.** Settlement funds received will kept on deposit in Attorneys' trust account, either inside or outside the District of Columbia. Such funds must be good and finally collected prior to disbursement. In the event of any dispute regarding entitlement to funds held by Attorneys, Client irrevocably authorizes Attorneys to hold such disputed funds in trust, or to deposit them into a court registry, pending written agreement of the disputants, or order of a court.

**8. Attorneys' Lien.** To secure the performance of Client's obligations, Client agrees that Attorneys shall be entitled to any and all attorney fee liens available at law or in equity. Further, Client hereby grants unto Attorneys a contractual lien which attaches to all gross recoveries obtained by any person for Client in an amount equal to the sum Client promises to pay (or reimburse) for Attorneys services and expenses. This contractual lien shall exist to the fullest extent allowed by law or disciplinary rule, and no further, and shall perfect itself automatically if and when: (i) Attorneys terminate the representation due to Client non-cooperation; or, (ii) Client terminates the representation without either cause or Attorneys consent. Client agrees to notify any subsequently retained attorney of these liens, and authorizes Attorneys to notice and assert and prosecute such liens against any person who is believed to be in a position to protect such liens.

**9. Medical Bills and Liens.** All medical bills, subrogation claims, and liens, of any nature, are solely Client's responsibility notwithstanding the outcome of the case. Attorneys may grant medical providers a contractual lien on Client's portion of recovery. Attorneys may pay any of Client's bills from Client's share of recovery without further authorization. If a lien or subrogation interest authorized by law exists upon any recovery, Attorneys are irrevocably authorized to pay such amounts out of Client's portion of any recovery, even if the result is that all monies recovered are so payable.

**10. Assignment of Lead Attorney / Association / Special Outside Professionals.**
    **(A)**    Attorneys will assign a lead attorney and staff to work on Client's case—which from time to time may change.
    **(B)**    Attorneys may associate with other attorneys to jointly provide core legal work on Client's core case, but doing so will not increase the fee paid by Client.
    **(C)**    Attorneys may retain special outside professionals to assist with ancillary matters on Client's case, such as: lien/subrogation resolution professionals; attorneys/guardians ad litem; trust drafters; financial planners; annuity and insurance providers; estate or probate professionals; and any other professionals ancillary to the handling of Client's case—the fees and costs of which will be recovered by Attorneys as any other identifiable Client expense.

**11. Group Claims.** Attorneys may deem it prudent to pursue Client's claims jointly with other claimants. Such co-representation has the advantage of strengthening claims, but can also create an actual or potential conflict of interest. As an offset to this benefit, Client knowingly chooses to waive such conflicts of interest and irrevocably authorizes Attorneys to handle Client's case jointly with others. Client agrees that if a dispute exists or arises *between* clients (or former clients) who have/had similar cases, then the attorney-client privilege and all conflicts of interest are irrevocably waived among such clients (or former clients). Client recognizes the risks taken in agreeing to represent clients who are (or were at one time) similarly situated. Accordingly, Client irrevocably consents to Attorneys continuing to represent others in such cases or in the same or any substantially related matters, even if Client is no longer represented by Attorneys.

**12. Advice and Disclosures.** As used in this section, and regardless of capitalization, the words <u>You</u> and <u>Your</u> shall refer to the Client, and the words <u>Our</u>, <u>We</u> and <u>Us</u> shall refer to the Attorneys.

**(A)  Dealing with Medical Providers.** Doctors and other medical providers need to know everything concerning your health in order to properly treat you. Every time you visit a medical provider, be sure to describe in detail everything you are experiencing, such as pain, discomfort, and any limitations. These must be well documented in your medical file to ensure proper treatment and claim handling.

**(B)  Needs-Based Benefits.** You understand that Medicaid, SSI, food stamps, healthcare assistance, housing subsidies, and other need-based benefits could be adversely affected by your receipt of any proceeds; therefore you agree to obtain competent, professional advice on this subject before deciding to settle your case.

**(C)  Special Medicare Issues.** If you are now, or will in the future be, eligible for Medicare, a legal argument exists that you would be prohibited from receiving any future Medicare benefits until all funds allocated to future medical costs out of any recovery are spent on Medicare covered injuries arising out of this incident. Medicare could prefer that you set aside all funds allocated to future medical costs out of any recovery in some type of protected investment vehicle, such as an annuity, or a cash equivalent asset. Failure to protect these funds can have significant future ramifications for you, including without limitation: (i) not being able to get future medical visits or procedures paid for by Medicare; and, (ii) in the event Medicare pays for a medical visit or procedure and later determines that it should have been covered by a set aside asset, the federal government can collect double damages plus interest from you.

**(D)  No Tax or Financial Planning Advice.** Receiving income, including reductions in debt, comes with tax implications. We do not practice tax law or offer financial planning services and will not give you advice on these subjects. Because of this, you agree to seek tax and financial planning advice regarding any recovery or potential recovery from licensed and competent advisors before deciding to settle your case. We will not be responsible for withholding or paying any taxes that you might be obligated to pay on any recovery.

**13. Cooperation of Client.** Client agrees to actively participate in the case by complying with the requests and advice of Attorneys. Client agrees to update Attorneys with any changes to address, phone number, employment, marital status, and health. Failure to actively participate could delay or adversely affect Client's case or could bar certain claims if deadlines are missed as a result. Client agrees to inform Attorneys of any: (i) bankruptcy or debtor's court proceedings; (ii) lien and subrogation interests; and, (iii) receipt of Medicaid, Medicare, or SSI benefits. Any breach of this Agreement by Client shall be deemed to be Client non-cooperation. No waiver of breach shall ever be implied.

**14. Resolution of Attorneys' Fee Disputes.** Counseling regarding fee disputes is available by contacting the Attorney/Client Arbitration Board of the DC Bar ("ACAB") at (202) 780-2779. If a dispute arises between the parties concerning the amount or entitlement to Attorneys' Fees, the parties agree to resolve the dispute through binding arbitration administered by ACAB, if such program is available. Either party may initiate fee arbitration by contacting ACAB at the number above. If such program is not available, then all Attorneys' Fee disputes shall be resolved in accordance with the following section dealing with resolution of other disputes, notwithstanding such section's apparent exclusion of Attorneys' Fee disputes from applicability.

**15. Resolution of Other Disputes.** With the exception of Attorneys' Fee disputes which are subject to the immediately preceding section, any and all disputes, both legal and equitable, between Client and Attorneys (including those persons and entities claiming by, through or under you or us), or among any of them, whenever arising, shall be resolved solely through binding arbitration conducted by a single arbitrator in accordance with the Federal Arbitration Act (FAA) and this section. Arbitration has possible advantages and disadvantages to resolving disputes in court, such as: (i) the cost and time savings frequently found in arbitration; (ii) the waiver of significant rights, such as the right to a jury trial; (iii) the possible reduced level of discovery; (iv) the relaxed application of the rules of evidence; and, (v) limited right to judicial appeal. However, arbitration does not absolve a party from liability or limit liability. The parties agree to mediate first, but refusing will not prevent

proceeding to arbitration. Arbitration shall be before a single arbitrator in Washington D.C. and shall be chosen by agreement of the parties, or if no agreement, then such arbitration shall be administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Nothing herein shall prevent the parties from seeking injunctive or provisional remedies in aid of arbitration from a court of appropriate jurisdiction. This section, and the immediately preceding section, shall survive termination of this Agreement and of the attorney-client relationship between Client and Attorneys.

**16. Legal Construction / Choice of Law / Forum Selection.** This Agreement shall be construed, interpreted and governed by District of Columbia law without regard to the conflicts of laws principles of any jurisdiction that would call for the application of the law of any jurisdiction other than the District of Columbia. Permitted injunctive actions may be brought in any court where jurisdiction is proper. However, any and all other permissible legal or equitable actions between you and us (including all actions brought against us by a third party acting by, through or under you) must be brought in a court having jurisdiction over the District of Columbia, all objections thereto being irrevocably waived – including inconvenient forum. Client agrees that this forum selection provision encumbers Client's case and is binding on Client and all persons operating by, through or under Client. This section shall survive termination of this Agreement and of the attorney-client relationship between Client and Attorneys.

**17. Prior Agreements Superseded / Method of Modification / Assignment / No Other Contract.** This Agreement supersedes all prior agreements and understandings, whether written or oral, between the parties on the subjects described herein. In choosing to sign below, Client has not relied on any representations not contained in this Agreement. This Agreement may only be modified in a writing signed by all parties. Attorneys may unilaterally assign this Agreement (including all benefits and obligations arising herein) to any affiliated entity or attorney at any time and without notice. Attorneys may also assign this Agreement (including all benefits and obligations arising herein) to any non-affiliated entity or attorney provided that the Client does not object. <u>Client represents that Client has no other valid or enforceable contract with, and does not owe any money to, any other attorney or law firm regarding the subject matter of this Agreement</u>. **If such exists, Client hereby indemnifies Attorneys, and its successors and assigns, against all losses and liabilities arising out of another attorney's claim to the benefits of such a contract.** Attorneys do not represent Client with respect to negotiating this Agreement, and Client should seek independent counsel if desired.

**18. Retention of Case File.** Attorneys maintain electronic (i.e.—mostly paperless) client files. During the pendency of Client's case, items created or received by Attorneys (such as correspondence and legal documents) will be scanned and stored electronically, after which the physical item itself will be shredded or destroyed. Attorneys will store this electronic file for at least six years following the later to occur of: (i) termination of the representation or conclusion of the case; or, (ii) the 18th birthday of the Client or the real party in interest. However, Attorneys have no obligation to store such electronic file beyond that time, and such electronic file may thereafter be permanently destroyed without further notice to Client. **Client must request any desired portions of the file as soon as possible to avoid its permanent destruction.**

|  |  |
|---|---|
| _____<br>Client Signature | BY: _____<br>on behalf of Steadfast Law Group, LLP |
| Date: _____ | Date: _____ |