EXHIBIT B

# RETAINER

TO: ▬▬▬▬▬▬▬

The undersigned client (hereinafter, "the Client"), residing at ▬▬▬272 Sea Street, Quincy, MA 02169▬▬▬ hereby retains ____**HACH ROSE SCHIRIPPA & CHEVERIE LLP.,**____ (hereinafter, "the Firm"), as my attorneys to prosecute and/or adjust a claim for damages arising from the personal injuries sustained by ▬▬▬▬▬▬, on or about ▬▬▬▬▬▬ through the negligence of ▬▬▬▬▬▬ or any other responsible parties, and the Client hereby gives the Firm the exclusive right to take all legal steps to enforce the said claim and hereby further agrees not to settle this claim, or any action arising from there, in any manner without first advising the attorneys.

In consideration of the services rendered and to be rendered by the Firm, the Client hereby agrees to pay the Firm legal fees which shall be:

**Thirty-three and one-third (33 and 1/3) percent of the sum recovered, whether recovered by judgment, settlement or otherwise.**

The Client has been given the following options with respect to how such percentage shall be computed, and has made the selection of how the percentage shall be computed as reflected by the checking and initialing of the appropriate box below:

☐ _____ **Option Number One: <u>Client Remains Liable for Repayment of All Costs and Expenses, Regardless of the Outcome of This Matter</u>**.  Percentage is computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action;

**OR**

☒ _____ **Option Number Two: <u>The Firm Agrees to Pay and Remain Liable for All Costs and Expenses, Regardless of the Outcome of This Matter</u>**.  Percentage is computed on the gross sum recovered before deducting expenses and disbursements.  The Firm agrees to pay all costs and expenses of the action and the Client will not remain responsible for all expenses and disbursements in the event the claim or action is dismissed or otherwise rejected by any court of competent jurisdiction or by a jury.

The following reflects the financial consequences of each of the above two Options, using as an example a case in which there is a recovery of $100,000 – *and this number is used only as an example that is easy to understand* – and the expenses and disbursements in the case are $10,000:

| **Option Number One Example** *(The Client Remains Liable for Repayment of All Costs and Expenses, Regardless of the Outcome of This Matter):* | | **Option Number Two Example** *(The Firm Agrees to pay and Remain Liable for All Costs and Expenses, Regardless of the Outcome of This Matter):* | |
|---|---|---|---|
| Total recovery: | $100,000.00 | Total recovery: | $100,000.00 |
| Less expenses and disbursements: | - $10,000.00 | Less 33 1/3% of $100,000: | -$33,333.33 |
| Less 33⅓ % of remaining $90,000.00: | - $30,000.00 | Less expenses and disbursements: | -$10,000.00 |
| Client's recovery: | $60,000.00 | Client's recovery: | $56,666.67 |

The Client understands and agrees that, if the Client has selected Option Number One, the Firm reserves the right, in its sole discretion, to elect to make payment in the first instance of some or all costs, expenses and disbursements, so as not to hinder the enforcement of the claim or prosecution of the action. If the Firm has advanced these payments, the Client understands that he or she remains fully responsible to reimburse the Firm for such costs, expenses and disbursements. If the Firm elects not to make payment in the first instance of some or all costs, expenses and disbursements, the Client will advance and prepay to the Firm all such costs, expenses and disbursements as they are incurred or anticipated for the enforcement of the claim and the prosecution of the action. The Firm may, in its discretion, require the Client to deposit with the Firm a specified amount of money, as the Firm deems appropriate, in order for such costs, expenses and disbursements to be paid. Should the Client not comply with his or her financial obligations under Option Number One, the Client understands and agrees that such failure to comply shall constitute good cause for the Firm to withdraw in accordance with this agreement and the applicable rules of professional conduct.

In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered.

**Liens:** For the following or similar items there shall be no deduction in computing such percentages: Liens, assignments or claims in favor of hospitals, for medical care and treatment of doctors and nurses, or of self-insurers or insurance carriers. Such items to be paid from Client's net share if applicable.

**Costs/Expenses:** The terms; expenses, disbursements and costs may include but are not limited to such items as police or investigative reports, hospital and/or medical records, photographs, filing fees, service of summonses and subpoenas, appearance of court reporters, transcripts, investigative expenses, expert witness fees, fees for expert conferences, photocopy expenses, travel expenses, trial exhibits and other expenses incurred in the handling of the claim and case. The Firm is authorized to incur reasonable case expenses, disbursements and costs in performing legal services under this agreement. The Firm will make every effort to keep the case expenses, disbursements and costs at a reasonable amount consistent with the requirements of the case.

The Client understands and agrees that, without regard to whether the Client has selected Option Number One or Option Number Two, under no circumstances will the Firm be responsible for the payment of any judgment that may be entered against the Client arising out of either the incident or the prosecution of the action, including any bill of costs.

If the claim or case is settled by a structured settlement, the amount of the settlement shall be determined by ascertaining the present value of the settlement to the plaintiffs. The settlement shall be so structured that the Attorney's Fee will be computed based upon said total settlement present value and shall be payable in full out of the initial cash payment.

This Retainer applies only to proceedings through the trial and/or pre-appeal settlement of the action. Any appeals to be taken or defended at any time during the pendency of the case will be pursuant to separate retainer, and the lawyers at the Firm are under no obligation or duty to prosecute or defend any appeal thereafter unless a separate appeal retainer is secured.

## THIS RETAINER IS TAKEN SUBJECT TO INVESTIGATION
## BY THE ABOVE ATTORNEYS

The attorneys at the Firm, in their sole discretion, shall determine whether they wish to prosecute said claims, and shall be under no obligation to commence an action. If the attorneys decide to commence an action, it shall be subject to all of the terms of this retainer. The attorneys have made no representations or guarantees to the Client that any result can or will be obtained or is likely to be obtained in this matter.

In the event that the attorneys determine that they do not wish to prosecute said claims after an investigation is conducted, the file will not be returned to the client until such time that the attorneys are reimbursed the full amount of the disbursements incurred in the investigation or prosecution of the claim.

In the event this matter is settled, it is understood by the Client that settlement funds are paid via checks or drafts made payable to the Client and the Firm jointly. When such checks are received by the Firm, _____ is explicitly authorized to endorse any such checks on behalf of the Client and to deposit them in an appropriate escrow account. It is understood that once said checks have cleared, _____ will withdraw any amounts to which they are entitled, and will pay the appropriate balance to or as directed by the Client, including any amounts which may be owed by the Client to any other individual or entity of which _____ has received notice.

It is also understood that the Client must provide all reasonable cooperation and assistance possible, whenever requested by the attorneys, as soon as is reasonably possible. The Client fully understands that a successful litigation requires the Client to be truthful and responsive in answering inquiries by attorneys at the Firm, and to provide to the attorneys, as soon as possible, any materials or documents those attorneys may request from the Client. The Client will advise the attorneys as soon as possible of any changes in address, telephone number or any other contact information.

The Client understands that the current law and regulations regarding Medicare, Medicaid or private health insurance plans (Healthcare Providers) may require all parties involved in this matter (the Client, the Firm, defendant, and any insurance company) to compromise, settle, or execute a separate release of Healthcare Providers at the conclusion of the litigation. All assignments, claims, and / or liens for medical expenses, hospital expenses or healthcare costs are the responsibility of the Client. The Client agrees that the Firm may take all steps deemed advisable for the handling of such claims, liens, or assignments, including the hiring of separate experts / case workers / attorneys who will assist with the resolving of any Healthcare claims or liens for past and / or future matters relevant to your claim. The expense of any such service shall be treated as a client expense and deducted from the Client's net recovery and shall not be paid out of the Firm's contingent fee in this matter.

The Firm does not provide advice concerning the tax consequences of settlements or verdicts in your case or any other case. The Firm recommends that you consult with a tax lawyer or a certified public accountant to determine whether the sum you may be receiving is taxable or not taxable.

Please be advised that if you dispute any portion of the legal fee you may be entitled to arbitrate your claim in accordance with the New York Court "Fee Dispute Resolution Program" codified in Part 137 of the Court Rules. Upon request, the forms for arbitration will be provided to you.

**Other Services:** In the event any type of litigation funding is procured or obtained by the client and that funding requires the time of **HACH ROSE SCHIRIPPA & CHEVERIE LLP.** or its employees, servants or agents, **HACH ROSE SCHIRIPPA & CHEVERIE LLP.**, may elect to take a fee of $250.00 per application.

**POWER OF ATTORNEY:** Client(s) grant **HACH ROSE SCHIRIPPA & CHEVERIE LLP.**, all authority to take all action which attorneys deem necessary, including the authority to execute all instruments and to negotiate client's claim, including executing settlement releases and related documents on behalf of the client. Client(s) understand that medical records (including records relating to psychiatric treatment, substance abuse treatment or HIV testing and treatment), school, employment and government agency records must be obtained and exchanged with defendants during litigation and that health care providers, Medicaid/Medicare, HMO's, schools, employers and governmental agencies require authorizations to release these records. Clients grant **HACH ROSE SCHIRIPPA & CHEVERIE LLP.** and its employees the authority to issue necessary authorizations, including the authority to affix facsimile of client's signatures in order to obtain and exchange the records necessary to litigate the case. **HACH ROSE SCHIRIPPA & CHEVERIE LLP.** witnesses to this agreement and are also granted power of attorney to obtain and exchange said records. In addition, the client by signing below authorizes **HACH ROSE SCHIRIPPA & CHEVERIE LLP.** to endorse all settlement checks and/or drafts and use the proceeds to take the fee as agreed to above and to pay any recognized and valid liens that are asserted to the client's share of the proceeds.

CLIENT(S) SIGNATURE(S)

Dated: [redacted]

Witness: _____

Print Name

BIANCA MERCADO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ME6389771
Qualified in Bronx County
My Commission Expires 04/08/2023

_____ L.S.
By: Authorized Signatory

Bianca Mercado
Print Name