| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | |

### CLASS 8 DIRECT ABUSE CLAIM MASTER BALLOT

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING YOUR MASTER BALLOT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

**YOU MUST COMPLETE FOUR (4) PRIMARY ITEMS ON THIS MASTER BALLOT AND EXHIBIT FOR YOUR ABUSE SURVIVOR CLIENTS:**

1. **RECORD YOUR ABUSE SURVIVOR CLIENTS' VOTES TO ACCEPT OR REJECT THE PLAN**

2. **RECORD YOUR ABUSE SURVIVOR CLIENTS' DECISIONS WITH RESPECT TO THE OPTIONAL $3,500 EXPEDITED DISTRIBUTION ELECTION**

3. **RECORD YOUR ABUSE SURVIVOR CLIENTS' DECISIONS WITH RESPECT TO THE THIRD PARTY RELEASE**

4. **MAKE THE CERTIFICATIONS AND SIGN YOUR MASTER BALLOT**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, THE DISCLOSURE STATEMENT, AND THE SOLICITATION PROCEDURES ORDER MAY BE ACCESSED, FREE OF CHARGE, AT HTTPS://OMNIAGENTSOLUTIONS.COM/BSA-SABALLOTS.**

**YOU HAVE RECEIVED A PAPER FORMAT OF THESE MATERIALS WITH THIS SOLICITATION PACKAGE. IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT OMNI AGENT SOLUTIONS (THE "SOLICITATION AGENT") BY (A) CALLING THE DEBTORS'**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

**RESTRUCTURING HOTLINE AT 866-907-2721, (B) EMAILING BSABALLOTS@OMNIAGNT.COM, (C) WRITING TO BOY SCOUTS OF AMERICA BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVENUE, SUITE 100, WOODLAND HILLS, CA 91367, OR (D) SUBMITTING AN INQUIRY ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://OMNIAGENTSOLUTIONS.COM/BSA.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY 4:00 P.M. (EASTERN TIME) ON DECEMBER 14, 2021 (THE "VOTING DEADLINE").**

**IF YOUR ABUSE SURVIVOR CLIENTS (AS DEFINED BELOW) VOTE TO ACCEPT OR REJECT THE PLAN, THEY WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE X.J.4 OF THE PLAN UNLESS YOUR ABUSE SURVIVOR CLIENTS "OPT OUT" OF THE RELEASES. YOUR CLIENTS MAY "OPT OUT" OF SUCH RELEASES AND YOU MUST INDICATE SUCH "OPT-OUT" WITH RESPECT TO EACH CLIENT IN YOUR EXHIBIT TO THE MASTER BALLOT.**

Pursuant to this master ballot (this "Master Ballot"), the above-captioned debtors and debtors-in-possession (together, the "Debtors") are soliciting votes from holders of Class 8 Direct Abuse Claims on the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"), which is described in greater detail in that certain disclosure statement regarding the Plan, filed on September 30, 2021 [D.I. 6445] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable. On September 30, 2021, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 6438] (the "Solicitation Procedures Order") approving the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and the procedures for soliciting votes to accept or reject the Plan (the "Solicitation Procedures"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

The Plan provides for the issuance of a "Channeling Injunction" pursuant to section 105(a) of the Bankruptcy Code, which is a mechanism by which Abuse Claims will be channeled to a Settlement Trust established pursuant to section 105(a) of the Bankruptcy Code. For a description of the causes of action to be enjoined and the identities of the Entities that would be subject to these injunctions, see **Article VI.Q** of the Disclosure Statement and **Article X** of the Plan, which sets forth the terms of each of these provisions.

The Debtors have compiled a list of all potential Protected Parties and potential Limited Protected Parties under the Plan, including the identities of all Local Councils, Chartered Organizations, and Insurance Companies. If the Plan is confirmed, to the extent any such parties

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

participate, they will be included in the definition of Protected Parties or Limited Protected Parties and will benefit from the Channeling Injunction. This list of potential Protected Parties and Limited Protected Parties is available at https://omniagentsolutions.com/bsa-SAballots. **This list only includes** *potential* **Protected Parties and Limited Protected Parties—it does not mean that any such party will in fact become a Protected Party or Limited Protected Party, as applicable, under the Plan.**

You are receiving this Master Ballot because you represent certain clients (collectively, your "Abuse Survivor Clients") that have asserted Claims against the Debtors that arise from Abuse[2] that occurred prior to the Petition Date (as defined in the Plan, a "Direct Abuse Claim"). Your firm (each, a "Firm") must certify to one of the options below with respect to submission of the Master Ballot:

(a) "**Option (a) Certification**": The Firm shall distribute (as required by the Solicitation Procedures) the Solicitation Package (without a Ballot) to each of its Abuse Survivor Clients and ask each client to provide his or her affirmative vote to accept or reject the Plan (along with any other responsive election to be reflected on the Exhibit to the Master Ballot) and the Firm shall record the affirmative responses on the Master Ballot and reflect that the vote and other responses were collected by means of an Option (a) Certification. For the avoidance of doubt, a Firm may not rely on providing any of its Abuse Survivor Clients negative notice when completing the Master Ballot on behalf of any Abuse Survivor Client if such client did not affirmatively respond with an express answer for each applicable election. Each Firm shall collect the responses through customary and accepted practices in accordance with applicable rules of professional conduct (including telephone, email, and other standard communication methods) from each Abuse Survivor Client, and shall submit a log of the responses it has received to the Solicitation Agent contemporaneously with its Master Ballot submission, which may be subject to discovery. For the avoidance of doubt, if an Abuse Survivor Client provides his or her responses orally or via telephone, the Firm shall contemporaneously maintain a record of the responses of the Firm's Abuse Survivor Clients and shall include those responses with the log; or

(b) "**Option (b) Certification**": If the Firm has the authority under a power of attorney to vote to accept or reject the Plan (in addition to the other elections under the Master Ballot) on behalf of its Abuse Survivor Clients, the Firm shall complete the Master Ballot in accordance with the power granted to the Firm and reflect that the vote and other elections were collected by means of an Option (b) Certification. For any Abuse

---

[2] "Abuse" means sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying or harassment without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutzler LLC |
|---|---|
| | |

Survivor Clients whose elections on the Master Ballot were completed by utilizing the Option (b) Certification, the Firm shall supply the power(s) of attorney concurrently with the Master Ballot and Exhibit that provided the Firm with the authorization to act on behalf of such Abuse Survivor Client(s).

In addition to the foregoing certification, you must also file a verified statement with the Court pursuant to Bankruptcy Rule 2019 prior to or concurrently with the submission of its Master Ballot containing the following (each, a "Rule 2019 Statement"): i) the facts and circumstances concerning the Firm's representation of Abuse Survivor Clients in these chapter 11 cases; (ii) a list of the names, addresses, and claim numbers of all Abuse Survivor Clients that the such Firm represents; (iii) an exemplar of the engagement letter used to engage the Abuse Survivor Clients. The Firm may redact pricing, compensation amounts or percentages, and personal identifying information of holders of Direct Abuse Claims.[3] You must submit a copy of the Rule 2019 Statement with unredacted personal identifying information with your Master Ballot and Exhibit submission to the Solicitation Agent.

**To use this Master Ballot, you must meet all applicable standards to receive informed consent from your Abuse Survivor Clients.** In addition, you must provide the Solicitation Package materials (excluding a ballot) in hard copy, flash drive, or electronic format, to your Abuse Survivor Clients.

**IMPORTANT INFORMATION REGARDING THE ELECTION TO RECEIVE AN EXPEDITED DISTRIBUTION OF $3,500.00:**

**Each holder of a properly completed non-duplicative proof of claim asserting a Direct Abuse Claim who filed such Claim by the Bar Date or was permitted by a Final Order of the Bankruptcy Court to file a late claim may elect only on the Exhibit to this Master Ballot to receive an Expedited Distribution, which, as specified in the Plan, is a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures, in exchange for a full and final release in favor of the Settlement Trust, the Protected Parties and the Chartered Organizations.**

The Settlement Trust shall make the Expedited Distributions on one or more dates occurring on or as soon as reasonably practicable after the latest to occur of (a) the Effective Date, (b) the date the applicable holders of Direct Abuse Claims who have elected to receive an Expedited Distribution have satisfied the criteria set forth in the Trust Distribution Procedures, and (c) the date upon which the Settlement Trust has sufficient Cash to fund the full amount of the Expedited Distributions while retaining sufficient Cash reserves to fund applicable Settlement

---

[3] For the avoidance of doubt, personal identifying information related to holders of Direct Abuse Claims on such Rule 2019 Statement shall be filed under seal in accordance with the *Final Order (I) Authorizing Debtors to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [D.I. 274] and the Bar Date Order; *provided* that copies of such information shall be made available to "Permitted Parties" as defined in the Bar Date Order.

4

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |

Trust Expenses, as determined by the Settlement Trustee. **This election must be made on a properly and timely completed and delivered Master Ballot in accordance with the instructions set forth herein, and shall only be effective if the Plan is confirmed and the Effective Date occurs.**

**IF SELECTING THE $3,500 OPTION, YOU MUST INDICATE THIS ON THE EXHIBIT TO THIS MASTER BALLOT.  YOUR ABUSE SURVIVOR CLIENTS WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE.**

The rights of holders of Direct Abuse Claims in Class 8 are described in the Disclosure Statement for the Plan and the Solicitation Procedures Order.  **This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect to the Plan.  If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Master Ballot, you must contact the Solicitation Agent immediately via the contact information set forth herein.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on your Abuse Survivor Clients whether or not you vote or if you vote to reject the Plan.**  To have your clients' votes counted, you must complete, sign, and return this Master Ballot and the Exhibit provided to you with the Master Ballot to the Solicitation Agent by the Voting Deadline.

If your Abuse Survivor Clients vote to accept or reject the Plan, they will deemed to provide the releases in **Article X.J.4** of Plan and as set forth below unless they opt out of such releases.  In accordance with the Option (a) Certification or Option (b) Certification, you may make the selection on your Exhibit to opt out of the releases in **Article X.J.4** of the Plan.  Please be advised that the Plan also contains injunction and exculpation provisions, certain of which are set forth below.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on your Abuse Survivor Clients whether or not you elect to opt out of the releases in **Article X.J.4** of the Plan by this Master Ballot.  For a full description of these provisions, see **Article VI.Q** of the Disclosure Statement and **Article X** of the Plan, which sets forth the terms of each of these provisions.

**You should carefully review the Disclosure Statement and the Plan, including the Plan's injunction, exculpation, and release provisions, and inform your Abuse Survivor Clients of such provisions as the rights of your Abuse Survivor Clients may be affected thereunder.**

*[Remainder of Page Intentionally Left Blank]*

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

## PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT AND EXHIBIT.

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 3. IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1**.  **Voting Summary.**

Please note that each holder of a Direct Abuse Claim who votes must vote the entire amount of his or her claim to accept or reject the Plan. Any holder of a Direct Abuse Claim who attempts partially to reject and partially to accept the Plan will not have their vote counted. If this Master Ballot is signed and timely received by the Solicitation Agent, but does not designate either acceptance or rejection or designates both acceptance and rejection of the Plan for any particular Direct Abuse Claim, such vote will not be counted either as an acceptance or rejection of the Plan. After you complete the voting summary below, you must complete the Exhibit accompanying this Master Ballot and discussed in Item 2 below for each of your Abuse Survivor Clients for your clients' votes to be counted.

**Please mark only _one_ of the boxes below:**

☒ All claimants listed on the Exhibit (as defined below) accompanying this Master Ballot ACCEPT (vote in favor of) the Plan.

☐ All claimants listed on the Exhibit accompanying this Master Ballot REJECT (vote against) the Plan.

☐ Some of the claimants listed on the Exhibit accompanying this Master Ballot ACCEPT (vote in favor of) the Plan, while other claimants listed on the Exhibit accompanying this Master Ballot REJECT (vote against) the Plan.

**Item 2**.  **Exhibit Listing Holders of Direct Abuse Claims Represented by Attorney for Recording Votes on the Plan, Making Elections with Respect to the Third Party Release and Expedited Distribution, and Providing Certain Other Information.**

You should have received with this Master Ballot an exhibit on a USB drive containing an electronic client list in Excel format of each holder of a Direct Abuse Claim whom you represent (the "Exhibit"), which list is formatted as follows below. The Exhibit lists for each claimant: (a) the last name of the claimant; (b) the first name of the claimant; (c) the last 4 digits of the Social Security Number of the claimant (if the claimant does not have a Social Security Number, it will not be listed); and (d) the claimant's date of birth. Additionally, you must fill out for each claimant:

(e)     whether the claimant votes to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan;

6

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |
| | |

(f)   whether the claimant elects to receive the Expedited Distribution, which is a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures, only if the Plan is Confirmed and the Effective Date occurs;

(g)   if the claimant votes to accept or reject the Plan, whether the claimant opts out of the releases contained in Article X.J.4 of the Plan;

(h)   whether the Firm is recording the vote of each Abuse Survivor Client via the Option (a) Certification or the Option (b) Certification described and defined above; and

(i)   the service method that the Firm has used to transmit the Solicitation Package materials (excluding a ballot) in hard copy, flash drive, or electronic format.

The Exhibit will appear in the following format:

| Claimant's Last Name | Claimant's First Name | Claim Number | Claimant's SSN (last 4 digits) | Claimant's Date of Birth | Vote to ACCEPT / in Favor of OR Vote to REJECT / Against the Plan | Elects to Receive $3,500 Expedited Distribution | Opts Out of Release in Article X.J.4 of Plan – Leave Blank if Not Opting Out | Type of Authority for Vote | Method of Service of Solicitation Documents |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | | |

**Please note that you must use the Exhibit accompanying your Master Ballot to record the votes of your Abuse Survivors Clients, and you must submit the Exhibit together with the Master Ballot. You must also file with the Court a Rule 2019 Statement on or before the date of submission of your Master Ballot. If you do not complete the Exhibit provided to you with your Master Ballot and submit it together with your Master Ballot and if you do not file the Rule 2019 Statement, your clients' votes may not be counted.**

**Please note the following regarding the releases contained in the Plan:**

(i)   Opting out of giving the releases in Article X.J.4 of the Plan on behalf of any holder of a Direct Abuse Claim will not affect the distribution to be received by that holder under the Plan.

(ii)   If a holder of a Direct Abuse Claim votes to accept or to reject the Plan and wishes to opt out of giving the releases provided in Article X.J.4 of the Plan, the opt out selection in the Exhibit must be made for such holder, and the completed Master Ballot returned to the Solicitation Agent so as to be received by the Voting Deadline.

(iii)   If the Plan becomes effective, holders of Direct Abuse Claims under the Plan who vote to accept or reject the Plan will be deemed to provide the releases contained in Article X.J.4 of the Plan, unless the opt out has been selected for your Abuse Survivor Client.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |
| | |

## Article X.J.4 of the Plan—Releases by Holders of Claims.

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties[4] to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, including the JPM / Creditors' Committee Settlement, the Hartford Insurance Settlement, and the TCJC Settlement, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all Releasing Claim Holders[5] shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, the JPM /**

---

[4]  "Released Parties" means, collectively, the following Persons, in each case in its or their respective capacities as such: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Creditors' Committee; (e) the members of the Creditors' Committee in their capacities as such; (f) the Tort Claimants' Committee; (g) the members of the Tort Claimants' Committee in their capacities as such; (h) the Future Claimants' Representative; (i) the Coalition; (j) JPM; (k) the Settling Insurance Companies, including Hartford; (l) the Contributing Chartered Organizations, including TCJC; (m) the Foundation, in its capacity as lender under the Foundation Loan Agreement; (n) the Ad Hoc Committee; (o) the members of the Ad Hoc Committee in their capacities as such; (p) the Creditor Representative; (q) the Mediators; and (r) all of such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Released Party; provided further, that the definition of "Released Parties" shall in all instances be subject to Article X.J. of the Plan.

[5]  "Releasing Claim Holder" means, collectively, (a) all holders of Claims that vote to accept the Plan and do not opt out of the releases set forth in Article X.J.4 of the Plan; (b) all holders of Claims that are presumed to accept the Plan, except for holders of such Claims that file a timely objection to the releases set forth in Article X.J.4 of the Plan; (c) all holders of Claims entitled to vote on the Plan and who vote against the Plan and do not opt out of the releases set forth in Article X.J.4 of the Plan; and (d) all of such Persons' predecessors, successors and assigns, subsidiaries, affiliates, current and former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and all such Persons' respective heirs, executors, estates, servants and nominees, in their respective capacities as such. No holder of a Claim in a Class that is Impaired under the Plan will be deemed a "Releasing Claim Holder" to the extent such holder abstained from voting.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

Creditors' Committee Settlement, the Hartford Insurance Settlement, the TCJC Settlement, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the Distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; provided, however, that the releases set forth in Article X.J.4 of the Plan shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan; or (c) modify, reduce, impair or otherwise affect the ability of any holder of an Allowed Non-Abuse Litigation Claim to recover on account of such Allowed Claim in accordance with Article III.B.9 of the Plan.  Notwithstanding the foregoing or anything to the contrary herein, (i) with respect to holders of Allowed General Unsecured Claims or Allowed Non-Abuse Litigation Claims, nothing in the Plan or the release set forth in Article X.J.4 of the Plan shall, or shall be construed to, release any claims or Causes of Action against any Local Council, Chartered Organization (other than a Contributing Chartered Organization), or Non-Settling Insurance Company (subject to Article IV.D.3 of the Plan) and (ii) nothing in the Plan or the release set forth in Article X.J.4 of the Plan shall, or shall be construed to, release any claims or Causes of Action asserted by Century Indemnity Company against Sidley Austin LLP ("Sidley") related to Sidley's representation of the Debtors prior to the Petition Date.

Certain other Releases, Injunction and Exculpation Provisions Contained in the Plan

Article X.F of the Plan—Channeling Injunction.

Channeling Injunction.

Terms.  Notwithstanding anything to the contrary in the Plan, to preserve and promote the settlements contemplated by and provided for in the Plan, including the Abuse Claims Settlement, the Hartford Insurance Settlement, and the TCJC Settlement, and to supplement, where necessary, the injunctive effect of the Discharge as provided in sections 1141 and 524 of the Bankruptcy Code and as described in Article X of the Plan, pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, (a) the sole recourse of any holder of an Abuse Claim against a Protected Party on account of such Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents,[6] and such holder

---

[6]  "Settlement Trust Documents" means, collectively, (a) the Settlement Trust Agreement, (b) the Trust Distribution Procedures, (c) the Document Agreement, (d) the Confirmation Order, and (e) any other agreements, instruments and documents governing the establishment, administration and operation of the Settlement Trust, which shall be substantially in the forms set forth as exhibits in the Plan or in the Plan Supplement, as the same may be amended or modified from time to time in accordance with the terms thereof.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party or any property or interest in property of any Protected Party, and (b) the sole recourse of any holder of a Post-1975 Chartered Organization Abuse Claim against a Limited Protected Party on account of such Post-1975 Chartered Organization Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Post-1975 Chartered Organization Abuse Claim against any Limited Protected Party or any property or interest in property of any Limited Protected Party; accordingly, on and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Abuse Claim against the Protected Parties, or any of them, or any Post-1975 Chartered Organization Abuse Claim against the Limited Protected Parties, or any of them, shall be permanently and forever stayed, restrained and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Protected Party with respect to any such Abuse Claim or from any Limited Protected Party with respect to any such Post-1975 Chartered Organization Abuse Claim, other than from the Settlement Trust pursuant to the Settlement Trust Documents, including:

      a.      commencing, conducting, or continuing, in any manner, whether directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or Limited Protected Party or any property or interest in property of any Protected Party or Limited Protected Party;

      b.      enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering, by any manner or means, either directly or indirectly, any judgment, award, decree, or order against or affecting any Protected Party or Limited Protected Party or any property or interest in property of any Protected Party or Limited Protected Party;

      c.      creating, perfecting, or otherwise enforcing in any manner, whether directly or indirectly, any Encumbrance of any kind against any Protected Party or Limited Protected Party or any property or interest in property of any Protected Party or Limited Protected Party;

      d.      asserting, implementing or effectuating any setoff, right of reimbursement, subrogation, indemnity, contribution, reimbursement, or recoupment of any kind, in any manner, directly or indirectly, against any obligation due to any Protected Party or Limited Protected Party or any property or interest in property of any Protected Party or Limited Protected Party; or

      e.      taking any act in any manner, and in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents or the Settlement Trust Documents or with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Settlement Trust,

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutzler LLC |
|---|---|
| | |

except in conformity and compliance with the Settlement Trust Documents with respect to any such Abuse Claim or Post-1975 Chartered Organization Abuse Claim.

**Reservations.** Notwithstanding anything to the contrary in **Article X.F** of the Plan, the Channeling Injunction shall not enjoin:

      a.    the rights of holders of Abuse Claims or Post-1975 Chartered Organization Abuse Claims to assert such Abuse Claims solely against the Settlement Trust in accordance with the Trust Distribution Procedures, including the ability to pursue the Settlement Trust in the tort system as described in Article XII of the Trust Distribution Procedures;

      b.    the rights of holders of Abuse Claims to assert such Abuse Claims against anyone other than a Protected Party or, in the case of Post-1975 Chartered Organization Abuse Claims, against anyone other than a Limited Protected Party;

      c.    prior to the date that an Entity (other than an Insurance Company) becomes a Protected Party under **Article IV.I** of the Plan, the right of holders of Abuse Claims to assert such Abuse Claims against such Entity;

      d.    prior to the date that a Chartered Organization becomes a Limited Protected Party under **Article IV.J** of the Plan, the right of holders of Post-1975 Chartered Organization Abuse Claims to assert such Abuse Claims against such Entity;

      e.    the rights of holders of Abuse Claims that are not Post-1975 Chartered Organization Abuse Claims to assert such Abuse Claims against any Limited Protected Party (unless such Limited Protected Party becomes a Protected Party under **Article IV.I** of the Plan);

      f.    the right of any Person to assert any Claim, debt, obligation or liability for payment of Settlement Trust Expenses solely against the Settlement Trust in accordance with the Settlement Trust Documents;

      g.    the Settlement Trust from enforcing its rights under the Plan and the Settlement Trust Documents; or

      h.    the rights of the Settlement Trust to prosecute any action against any Non-Settling Insurance Company based on or arising from Abuse Insurance Policies that are not the subject of an Insurance Settlement Agreement, subject to any Insurance Coverage Defenses

**Article X.J.1 of the Plan—Releases by the Debtors and the Estates.**

**Releases by the Debtors and the Estates of the Released Parties.** As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code,

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutzler LLC |
|---|---|
| | |

for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, including the Abuse Claims Settlement, the JPM / Creditors' Committee Settlement, the Hartford Insurance Settlement, and the TCJC Settlement, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, absolutely, unconditionally, irrevocably, and forever release and discharge each and all of the Released Parties of and from any and all Estate Causes of Action that do not constitute Settlement Trust Causes of Action, any and all other Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, the JPM / Creditors' Committee Settlement, the Hartford Insurance Settlement, the TCJC Settlement, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the Distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in Article X.J.1 of the Plan shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; or (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan.

Releases by the Debtors and the Estates of Certain Avoidance Actions. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of Creditors' Committee and its members in their respective capacities as such in facilitating and implementing the reorganization of the Debtors, as an integral component of the Plan, the Debtors, Reorganized BSA, and the Estates shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

forever release and discharge each and all holders of General Unsecured Claims, Non-Abuse Litigation Claims, and Convenience Claims of and from any and all Avoidance Actions.

Article X.J.3 of the Plan—Releases by Holders of Abuse Claims.

As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Protected Parties and the Limited Protected Parties to facilitate and implement the reorganization of the Debtors, including the settlements embodied in the Plan, including the Abuse Claims Settlement, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all holders of Abuse Claims shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release: (a) each and all of the Protected Parties and their respective property and successors and assigns of and from all Abuse Claims and any and all Claims and Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, veil piercing or alter-ego theories of liability, successor liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to such Abuse Claims; and (b) each and all of the Limited Protected Parties and their respective property and successors and assigns of and from all Post-1975 Chartered Organization Abuse Claims and any and all Claims and Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, veil piercing or alter-ego theories of liability, successor liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to such Post-1975 Chartered Organization Abuse Claims; provided, however, that the releases set forth in Article X.J.3 of the Plan shall not, and shall not be construed to: (i) release any Protected Party or Limited Protected Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; (ii) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan; or (iii) modify, reduce, impair or otherwise affect the ability of any holder of an Abuse Claim to recover on account of such Claim in accordance with Article III. B.10 or Article III.B.11 of the Plan, as applicable.

Article X.J.5 of the Plan— Releases Among Contributing Chartered Organizations and Settlement Parties.

In furtherance of the Abuse Claims Settlement, as of the date that the Confirmation Order and Affirmation Order become Final Orders, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the Confirmation Order, and the terms of the TCJC Settlement Agreement, for good and valuable consideration, the adequacy

13

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |

of which is hereby confirmed, each of the Contributing Chartered Organizations,[7] including TCJC, shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Debtors, Reorganized BSA, the Related Non-Debtor Entities, the Local Councils, the other Protected Parties,[8] the Limited Protected Parties,[9] the Settling Insurance Companies, including Hartford, the Future Claimants' Representative, the Coalition, the Settlement Trust, and each of its and their respective Representatives (collectively, the "Settlement Parties"), of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the date that the Confirmation Order and Affirmation Order become Final Orders (including before the Petition Date) in connection with or related to (i) Abuse Claims, (ii) the Chapter 11 Cases, (iii) the Plan, or (iv) any Claims relating to the Debtors or the Related Non-Debtor Entities that were or could have been asserted by the Contributing Chartered Organizations against the Settlement Parties or any of them.

In furtherance of the Abuse Claims Settlement, as of the date that the Confirmation Order and Affirmation Order become Final Orders, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the Confirmation Order, and the terms of the TCJC Settlement Agreement, for good and valuable consideration, the adequacy

---

[7] "Contributing Chartered Organizations" means the current or former Chartered Organizations listed on Exhibit D to the Plan, including any Chartered Organization made a Protected Party under a Post-Effective Date Chartered Organization Settlement approved by the Bankruptcy Court in accordance with Article IV.I of the Plan. No Participating Chartered Organization shall be considered a Contributing Chartered Organization based solely on the Participating Chartered Organization Insurance Assignment. Without limiting the foregoing, subject to Confirmation of the Plan and approval of the TCJC Settlement Agreement by an order of the Bankruptcy Court (including in the Confirmation Order), TCJC is a Contributing Chartered Organization and shall be designated as such in the Confirmation Order and the Affirmation Order.

[8] "Protected Parties" means the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Contributing Chartered Organizations; (f) the Settling Insurance Companies, including Hartford; and (g) all of such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Protected Party. Notwithstanding the foregoing, a Contributing Chartered Organization shall be a Protected Party with respect to Abuse Claims only as set forth in the definition of "Abuse Claim."

[9] "Limited Protected Parties" means the Participating Chartered Organizations, which means a Chartered Organization that does not (a) object to confirmation of the Plan or (b) inform Debtors' counsel in writing on or before the confirmation objection deadline that it does not wish to make the Participating Chartered Organization Insurance Assignment. Notwithstanding the foregoing, with respect to any Chartered Organization that is a debtor in bankruptcy as of the Confirmation Date, such Chartered Organization shall be a Participating Chartered Organization only if it advises Debtors' counsel in writing that it wishes to make the Participating Chartered Organization Insurance Assignment, and, for the avoidance of doubt, absent such written advisement, none of such Chartered Organization's rights to or under the Abuse Insurance Policies shall be subject to the Participating Chartered Organization Insurance Assignment. A list of Chartered Organizations that are not Participating Chartered Organizations is attached to the Plan as Exhibit K.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

of which is hereby confirmed, each of the Settlement Parties shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge each of the Contributing Chartered Organizations, including TCJC, of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the date that the Confirmation Order and Affirmation Order become Final Orders (including before the Petition Date) in connection with or related to (i) Abuse Claims, (ii) the Chapter 11 Cases, (iii) the Plan, or (iv) any Claims relating to the Debtors or the Related Non-Debtor Entities that were or could have been asserted by the Settlement Parties against the Contributing Chartered Organizations or any of them.

## Article X.J.6 of the Plan—Releases Relating to Settling Insurance Companies.

The releases of Settling Insurance Companies[10] and certain other parties, and the releases by Settling Insurance Companies, each as set forth in the Insurance Settlement Agreements, including the Hartford Insurance Settlement Agreement, are incorporated by reference as if fully set forth in the Plan.

## Article X.K of the Plan—Exculpation.

From and after the Effective Date, none of the Exculpated Parties[11] shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or before the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases, the negotiation of the Plan Documents, the JPM/Creditors' Committee Settlement, the Hartford Insurance Settlement Agreement, the TCJC Settlement Agreement, the Releases and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation

---

[10] "Settling Insurance Company" means, solely with respect to Abuse Insurance Policies that are the subject of an Insurance Settlement Agreement, any Insurance Company that contributes funds, proceeds or other consideration to or for the benefit of the Settlement Trust pursuant to an Insurance Settlement Agreement that is approved by (a) an order of the Bankruptcy Court (including the Confirmation Order) and is designated as a Settling Insurance Company in the Confirmation Order or the Affirmation Order or (b) the Settlement Trust. Without limiting the foregoing, subject to Confirmation of the Plan and approval of the Hartford Insurance Settlement Agreement by an order of the Bankruptcy Court (including in the Confirmation Order), Hartford is a Settling Insurance Company and shall be designated as such in the Confirmation Order and the Affirmation Order.

[11] "Exculpated Parties" means, collectively, the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Creditors' Committee; (d) the members of the Creditors' Committee in their capacities as such; (e) the Tort Claimants' Committee; (f) the members of the Tort Claimants' Committee in their capacities as such; (g) the Future Claimants' Representative; (h) the Creditor Representative; and (i) all of such Persons' current officers and directors, former officers and directors who served in such capacity during the pendency of the Chapter 11 Cases but are no longer officers or directors as of the Effective Date, employees, volunteers, agents, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |
|  |  |

of the Plan or the property to be Distributed under the Plan, or the management or operation
of the Debtors (except for any liability that results primarily from such Exculpated Party's
gross negligence, bad faith or willful misconduct).  In all respects, each and all such
Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their
duties and responsibilities under, or in connection with, the matters referenced in the
preceding sentence.  Notwithstanding the foregoing or any provision of the Plan to the
contrary, Sidley shall not be an Exculpated Party with respect to any claims that Century
Indemnity Company asserts against Sidley related to Sidley's representation of the Debtors
prior to the Petition Date.

### Article X.L of the Plan—Injunctions Related to Releases and Exculpation.

**Injunction Related to Releases.**  As of the Effective Date, all holders of Claims that
are the subject of **Article X.J** of the Plan are, and shall be, expressly, conclusively, absolutely,
unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and
enjoined from taking any of the following actions against any Released Party or its property
or successors or assigns on account of or based on the subject matter of such Claims, whether
directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing
in any manner, directly or indirectly, any suit, action or other proceeding (including any
judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching
(including any prejudgment attachment), collecting, or in any way seeking to recover any
judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in
any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking
reimbursement or contributions from, or subrogation against, or otherwise recouping in any
manner, directly or indirectly, any amount against any liability or obligation that is
discharged under **Article X.E** of the Plan or released under **Article X.J** of the Plan; provided,
however, that the injunctions set forth in **Article X.L.1** of the Plan shall not, and shall not be
construed to, enjoin any holder of a Claim that is the subject of **Article X.J** of the Plan from
taking any action arising out of, or related to, any act or omission of a Released Party that is
a criminal act or that constitutes fraud, gross negligence or willful misconduct.

**Injunction Related to Exculpation.**  As of the Effective Date, all holders of Claims that
are the subject of **Article X.K** of the Plan are, and shall be, expressly, conclusively, absolutely,
unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and
enjoined from taking any of the following actions against any Exculpated Party on account
of or based on the subject matter of such Claims, whether directly or indirectly, derivatively
or otherwise: (a) commencing, conducting or continuing in any manner, directly or
indirectly, any suit, action or other proceeding (including any judicial, arbitral,
administrative or other proceeding) in any forum; (b) enforcing, attaching (including any
prejudgment attachment), collecting, or in any way seeking to recover any judgment, award,
decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly
or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or
contributions from, or subrogation against, or otherwise recouping in any manner, directly
or indirectly, any amount against any liability or obligation that is discharged under **Article
X.E** of the Plan or released under **Article X.J** of the Plan; provided, however, that the
injunctions set forth in **Article X.L.2** of the Plan shall not, and shall not be construed to,

16

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

enjoin any Person that is the subject of **Article X.K** of the Plan from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.

**Item 3**. **Certifications and Acknowledgment**.

By signing this Master Ballot, the undersigned certifies under penalty of perjury that each of the following statements is true and correct:

(i)     I have been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto, and the Solicitation Package materials;

(ii)    I certify by either the Option (a) Certification or the Option (b) Certification that each of the claimants set forth on the accompanying Exhibit is represented by me;

(iii)   I have met all applicable standards to receive informed consent from each of my Abuse Survivor Clients with respect to each such client's vote, the Expedited Distribution Election, and the release election on this Master Ballot.

(iv)   I have conducted the diligence necessary to form a reasonable belief that each of my Abuse Survivor Clients set forth on the Exhibit is a holder of a Class 8 Direct Abuse Claim as of the Voting Record Date.

(v)    I acknowledge that a vote to accept the Plan constitutes acceptance of the treatment of each Abuse Survivor Client as a holder of a Direct Abuse Claim.

(vi)   I understand that, if accepting the Plan on behalf of one of my Abuse Survivor Clients, my client agrees with the treatment provided for his or her Claim under the Plan.

(vii)  I have provided the Solicitation Package materials (excluding a ballot) in a timely manner in the form (hard copy, flash drive, or electronic format) to my Abuse Survivor Clients in the form that my Abuse Survivor Clients have requested.

(viii) I further acknowledge that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Solicitation Procedures Order, and the Solicitation Procedures contained therein.

| Print or Type Name of Attorney: | Mark A. DiCello |
|---|---|
| Name of Law Firm: | DiCello Levitt Gutzler LLC |
| Attorney Signature: | |

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutzler LLC |
|---|---|

| | |
|---|---|
| Street Address: | 7556 Mentor Avenue |
| City, State, Zip Code: | Mentor, OH 44060 |
| Telephone Number: | (440) 953 - 8888 |
| Email Address: | claims@ dicellolevitt. com |
| Date Completed: | December 27, 2021 |

> **IF THIS MASTER BALLOT AND ACCOMPANYING EXHIBIT ARE NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE DECEMBER 14, 2021 AT 4:00 P.M. (EASTERN TIME), YOUR VOTE WILL NOT BE COUNTED.**

**Master Ballots (together with the Exhibit provided by the Solicitation Agent) must be delivered to the Solicitation Agent (a) via the electronic Ballot submission platform on the Solicitation Agent's website (the "E-Ballot Platform") by visiting https://omniagentsolutions.com/bsa-SAballots, and following the instructions set forth on the website, or (b) at the appropriate address listed below, or in the enclosed envelope, as applicable. You are highly encouraged to submit your Master Ballot and Exhibit via the E-Ballot Platform. If you choose to submit your Master Ballot and Exhibit via the E-Ballot Platform, you should NOT submit a hard copy Master Ballot or Exhibit. Please choose only one method for returning your Master Ballot and Exhibit.**

| If by E-Ballot Platform: | If by standard or overnight mail or personal delivery: |
|---|---|
| https://omniagentsolutions.com/bsa-SAballots | **Boy Scouts of America Ballot Processing**<br>**c/o Omni Agent Solutions**<br>**5955 De Soto Avenue, Suite 100**<br>**Woodland Hills, CA 91367** |

**Exhibits may only be submitted in Excel format via the E-Ballot Platform or, if the Master Ballot is being mailed, by USB drive—they may not be printed out and submitted in hard copy format. Votes provided on any Exhibit submitted in a format other than the Excel Exhibit provided by the Solicitation Agent shall not be counted.**

**To submit your Master Ballot and Exhibit via the E-Ballot Platform, please visit https://omniagentsolutions.com/bsa-SAballots and follow the instructions to submit your Master Ballot.**

The Solicitation Agent's E-Ballot Platform is the sole manner in which Master Ballots and Exhibits will be accepted via electronic or online transmission. Master Ballots and Exhibits submitted by facsimile, email or other means of electronic transmission will not be counted.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|
| | |

Attorneys who submit a Master Ballot and Exhibit using the E-Ballot Platform should NOT also submit a paper Master Ballot and Exhibit.

If you have received this Master Ballot but would like your Abuse Survivor Clients to individually submit a Ballot to vote to accept or reject the Plan, or if you have any other questions about this Master Ballot or did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (b) emailing BSAballots@omniagnt.com, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or, (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA.

Information may also be obtained at https://omniagentsolutions.com/bsa-SAballots. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Direct Abuse Claims for purposes of voting on the Plan is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

## INSTRUCTIONS FOR COMPLETING YOUR MASTER BALLOT

To properly complete this Master Ballot, you must follow the procedures described below, which explain each of the items contained on your Master Ballot. If you have any questions, please contact the Solicitation Agent using the contact information provided above or visit https://omniagentsolutions.com/bsa-SAballots.

1.    **Use of Online Ballot Portal—If Submitting Your Vote Through the E-Ballot Platform:**

The Solicitation Agent will accept Master Ballots if properly completed through the E-Ballot Platform and submitted with your Exhibit, which must be completed and submitted in Excel format using the Exhibit accompanying your Master Ballot. You are highly encouraged to submit your Master Ballot and Exhibit via the E-Ballot Platform. To submit your Master Ballot and Exhibit via the E-Ballot Platform, visit https://omniagentsolutions.com/bsa-SAballots and follow the instructions to submit your Master Ballot.

The Solicitation Agent's E-Ballot Platform is the sole manner in which Master Ballots and Exhibits will be accepted via online or electronic submission. **Master Ballots and Exhibits submitted by facsimile, email or other means of electronic transmission will not be counted.** Firms that submit a Master Ballot and Exhibit using the E-Ballot Platform should NOT also submit a paper Master Ballot or paper Exhibit.

**Use of Hard Copy Master Ballot—If Submitting Your Vote Through Standard or Overnight Mail or Personal Delivery:**

Submit your completed and signed Master Ballot and your completed Exhibit in Excel format on a USB drive by mail using the pre-addressed envelope included in the Solicitation Package, or by hand delivery or overnight courier to:

| |
|---|
| Boy Scouts of America Ballot Processing |
| c/o Omni Agent Solutions |
| 5955 De Soto Avenue, Suite 100 |
| Woodland Hills, CA 91367 |

**The Solicitation Agent will tabulate all properly completed Master Ballots and Exhibits received on or before the Voting Deadline, *provided* that a Rule 2019 Statement has been filed with the Court on or before the date of submission of the Master Ballot and Exhibit. Please submit your Master Ballot together with your Exhibit and a copy of your Rule 2019 Statement to the Solicitation Agent, and do not submit them separately.**

2.    **To fill out your Master Ballot, you must complete the following:**

a.    **Item 1 (Voting Summary).** Item 1 of the Master Ballot asks you to indicate how many holders of Direct Abuse Claims listed on the Exhibit accept or reject the Plan. If all of your Abuse Survivor Clients have authorized you to ACCEPT / vote in favor of the Plan, please check the box indicating the same. If all of your Abuse Survivor Clients have authorized you to

20

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
|---|---|

REJECT / vote against the Plan, please check the box indicating the same. If some of your Abuse Survivor Clients have authorized you to ACCEPT / vote in favor of the Plan, while others have authorized you to REJECT / vote against the Plan, please check the box indicating the same, and in all instances be certain to specify on the Exhibit which clients have accepted the Plan and which clients have rejected the Plan. **Please note that the Solicitation Agent will review the Exhibit to collect and record the individual votes of each of your Abuse Survivor Clients regardless of your answer in Item 1, and you must submit the Exhibit in Excel format as provided to you with this Master Ballot in order for your clients' votes to be counted**. In the event there is a discrepancy between your response to Item 1 and the individual votes of any of the Abuse Survivor Clients included in the Exhibit, the individual vote reflected on the Exhibit will govern and will supersede your response in Item 1.

     b.    **Item 2 (List of Holders of Direct Abuse Claims Represented by Attorney)**. Item 2 of the Master Ballot requires that you complete and submit the Exhibit to the Master Ballot in Excel format as provided to you on a USB drive accompanying your Master Ballot. The Exhibit shall list, for each Abuse Survivor Client represented by your Firm and on whose behalf you are voting on the Plan:

    (1)    the last name of the claimant;

    (2)    the first name of the claimant;

    (3)    the last 4 digits of the Social Security Number of the claimant (if the claimant does not have a Social Security Number, this field may be blank);

    (4)    the claimant's date of birth;

You will not be able to modify these fields of the Exhibit. Using the drop-down boxes, you will need to complete the following fields for each Abuse Survivor Client represented by your Firm:

    (5)    whether the claimant votes to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan;

    (6)    whether, <u>only</u> if the Plan is confirmed and the Effective Date occurs, the claimant elects to receive the Expedited Distribution, which is a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures;

    (7)    whether the claimant opts out of the releases contained in <u>Article X.J.4</u> of the Plan;

    (8)    whether the Firm is recording the vote of each Abuse Survivor Client via the Option (a) Certification or the Option (b) Certification described above; and

    (9)    the service method that the Firm has used to transmit the Solicitation Package materials (excluding a ballot) (hard copy, flash drive, or electronic format).

The Exhibit must be submitted in the format set forth above and may not be modified.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutzler LLC |
| --- | --- |

As set forth in the Plan, if holders of Class 8 Direct Abuse Claims vote to accept the Plan, the Debtors will request that the Plan be confirmed. If the Plan is confirmed and the Effective Date occurs, each eligible holder of a Direct Abuse Claim may voluntarily elect pursuant to this Master Ballot to receive an Expedited Distribution of a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures. **You must make this election for your Abuse Survivor Clients on the Exhibit submitted with a properly and timely completed and delivered Master Ballot; you cannot make this election for your clients after you submit the Master Ballot.**

**IF SELECTING THE $3,500 OPTION, YOU MUST INDICATE THIS ON THE EXHIBIT TO THIS MASTER BALLOT FOR EACH OF YOUR ABUSE SURVIVOR CLIENTS. YOUR ABUSE SURVIVOR CLIENTS WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE.**

c.    Pursuant to Article X of the Plan, the Debtors seek approval of the release provision set forth in Article X.J.4 of the Plan and provided above. You may opt out of giving this release on behalf of your Abuse Survivor Clients who vote to accept or reject the Plan by making this election on the Exhibit.

**IF THE PLAN BECOMES EFFECTIVE, HOLDERS OF DIRECT ABUSE CLAIMS UNDER THE PLAN WHO VOTE TO ACCEPT OR REJECT THE PLAN ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE X.J.4 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU OPT OUT ON BEHALF OF A HOLDER. YOU MAY OPT OUT OF THE RELEASES ON BEHALF OF A HOLDER BY STATING SO IN THE EXHIBIT.**

d.    **Item 3 (Certifications and Acknowledgements).** Item 3 contains certain certifications, to be completed by the attorney preparing and signing the Master Ballot, pursuant to which such attorney shall certify under penalty of perjury that he or she has the authority under applicable law to vote to accept or reject the Plan on behalf of the holders of Direct Abuse Claims who are listed on the Exhibit to the Master Ballot. Please ensure that you have read and understood the certifications before signing the Master Ballot. If you are unable to make such certifications on behalf of any holder of a Direct Abuse Claim under penalty of perjury, you may **not** cast a vote on behalf of such holder and **must** timely send the information regarding the name, claim, and address of such holder to the Solicitation Agent so that such holders may be directly solicited for their vote on the Plan.

c.    If the Master Ballot is not signed, the vote(s) shown on the Master Ballot will not be counted.

3.    **Other Instructions for Completing Master Ballots:**

a.    Holders of Direct Abuse Claims must vote the full amount of their Claims to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan. A holder of a Direct Abuse Claim may not split his or her vote. Accordingly, the vote of any holder of a Direct Abuse Claim who purports partially to accept and partially to reject the Plan will not be counted.

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |
|  |  |

b.       **Please note that, except as otherwise set forth in the Disclosure Statement and Solicitation Procedures Order, each Direct Abuse Claim in Class 8 has been allowed in the amount of $1.00 solely for voting purposes, and shall not be binding upon the holder of the Direct Abuse Claim, the Debtors, the Settlement Trust, the Firms, or any other party for any purpose other than voting on the Plan.**

c.       This Master Ballot is to be used by Firms who represent, and are authorized to vote on behalf of, one or more holders of Direct Abuse Claims. You may be required to provide evidence of your authorization by holders of Direct Abuse Claims to vote to accept or reject the Plan. In order to have your Abuse Survivor Clients' votes be counted, your Firm must file a Rule 2019 Statement with the Court prior to or concurrently with the submission of your Master Ballot, and must also submit a copy of the Rule 2019 Statement to the Solicitation Agent with its submission of the Master Ballot and Exhibit. Abuse Survivor Client information shall be filed under seal in accordance with the Notice and Confidentiality Procedures Order and the Bar Date Order; *provided* that copies of such information shall be made available to "Permitted Parties" as defined in the Bar Date Order.

d.       Each Firm submitting a Master Ballot pursuant to the Option (a) Certification must submit a log of responses it has received from each of its applicable Abuse Survivor Clients (including telephone, email, and other standard communication methods) to the Solicitation Agent contemporaneously with its Master Ballot and Exhibit submission, which may be subject to discovery.

e.       Each Firm submitting a Master Ballot under the Option (b) Certification must submit a valid power of attorney to the Solicitation Agent concurrently with its submission of the Master Ballot and Exhibit.

f.       If a Ballot is received directly from the holder of a Direct Abuse Claim <u>and</u> a Master Ballot is received from a Firm on account of the same Direct Abuse Claim, the Ballot returned by holder of such Claim by the Voting Deadline shall supersede any Master Ballot with respect to such Claim and such Master Ballot shall not be counted.

g.       The Master Ballot may not be used for any purpose other than to transmit votes on the Plan.

h.       Multiple Master Ballots may be completed and delivered to the Solicitation Agent. Subject to the terms of the Solicitation Procedures, votes reflected by multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more such ballots are inconsistent, the last-dated Master Ballot received before the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court. Notwithstanding the foregoing, if two or more Master Ballots are received from separate counsel on or before the Voting Deadline, each of whom purports to represent the same holder of a Direct Abuse Claim and the votes conflict, the Debtors shall reach out to both Firms, with notice of such communication to counsel to the Tort Claimants' Committee and the

| Master Ballot ID: 59 | Law Firm: DiCello Levitt Gutlzer LLC |
| --- | --- |
|  |  |

Coalition of Abused Scouts for Justice, and request written documentation of each attorney's representation of such holder in order to resolve the conflict. If representation of the holder of the Direct Abuse Claim is not resolved within ten (10) days from the notice of the conflict as provided by the Debtors, such votes shall not be counted.

           i.      If the Master Ballot and Exhibit are signed and timely sent to the Solicitation Agent, but do not designate either acceptance or rejection, or designate both acceptance and rejection, of the Plan for any particular Direct Abuse Claim listed on the Exhibit accompanying the Master Ballot, then the Solicitation Agent may, at its discretion, contact the party submitting the Master Ballot in order to cure the defect on the Master Ballot or such Claim will not be counted either as an acceptance or rejection of the Plan.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, DID NOT RECEIVE INSTRUCTIONS REGARDING ACCESSING THE DISCLOSURE STATEMENT OR PLAN, RECEIVED A DAMAGED MASTER BALLOT OR HAVE LOST YOUR MASTER BALLOT, OR NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

| | |
| --- | --- |
| **TELEPHONE:** | **866-907-2721** |
| **EMAIL:** | **BSAballots@omniagnt.com** |
| **ADDRESS:** | **Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367** |
| **WEBSITE:** | **https://omniagentsolutions.com/BSA** |

---

**NOTHING CONTAINED HEREIN OR IN THE SOLICITATION PACKAGES SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS OR THE SOLICITATION AGENT WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION PACKAGES.**

This page intentionally left blank.

DiCello Levitt Gutlzer LLC
Mark A DiCello
7556 Mentor Ave
Mentor, Ohio 44060



**DICELLO LEVITT GUTZLER**

## <u>DiCello Levitt Gutzler LLC Rule 2019 Statement</u>

DiCello Levitt Gutzler LLC ("DLG") is a complex litigation firm representing injured victims, including from sexual assault with offices in Birmingham, Chicago, Cleveland, Detroit, New York, St. Louis, and Washington DC.

DLG was retained by Abuse Survivors[1] to pursue claims against the Boy Scouts of America national organization, Boy Scouts local councils, chartered organizations, and any other individuals or entities liable for the abuse they suffered while members of the Boy Scouts of America. When contacted by Abuse Survivors, DLG conducted several interviews with each individual to ascertain their experience and ensure that representation and ultimately, a Proof of Claim Form would be warranted. If, after vetting an individual's story, DLG did not believe filing a Proof of Claim Form would be warranted, DLG withdrew from representation.

In preparing to file a Proof of Claim Form, DLG's attorney led investigation team conducted one on one interviews with each Abuse Survivor Client to prepare their Proof of Claim Form for the Claims Administration Process. Along with these interviews, DLG engaged independent Psychiatrists to meet with the Abuse Survivor Clients in a private setting to better understand the impact of the abuse.

Throughout DLG's representation of the Abuse Survivor Clients, DLG provided updates and kept them abreast of the bankruptcy proceedings. This included, DLG using its own funds to notify the Abuse Survivor Clients about their rights under the Court's bankruptcy proceedings. Further, to ensure DLG Abuse Survivor Clients understood their decisions as it relates to voting on the bankruptcy plan, DLG set up phone calls with them to ensure they understood the decision they were making, how it would affect their rights, and the recommendation DLG was making for what to vote for and why.

---

[1] See attached list of Abuse Survivor Clients.

| First Name | Last Name | Claim No. | Address |
|---|---|---|---|
|  | | SA - 68695 | |
| | | SA - 58615 | |
| | | SA - 17785 | |
| | | SA - 68531 | |
| | | SA - 95929 | |
| | | SA - 69061 | |
| | | SA - 60870 | |
| | | SA - 60275 | |
| | | SA - 60432 | |
| | | SA - 68733 | |
| | | SA - 46881 | |
| | | SA - 67764 | |
| | | SA - 68228 | |
| | | SA - 58936 | |
| | | SA - 95978 | |
| | | SA - 67832 | |
| | | SA - 67846 | |
| | | SA - 59136 | |
| | | SA - 68848 | |
| | | SA - 68200 | |
| | | SA - 63468 | |
| | | SA - 68709 | |
| | | SA - 49256 | |
| | | SA - 67999 | |
| | | SA - 67895 | |
| | | SA - 63616 | |
| | | SA - 46869 | |
| | | SA - 67872 | |
| | | SA - 95928 | |
| | | SA - 46695 | |
| | | SA - 49227 | |
| | | SA - 68726 | |
| | | SA - 95931 | |
| | | SA - 67790 | |
| | | SA - 63430 | |
| | | SA - 49235 | |
| | | SA - 68098 | |
| | | SA - 68882 | |
| | | SA - 58758 | |
| | | SA - 69018 | |
| | | SA - 95930 | |
| | | SA - 68529 | |
| | | SA - 60198 | |
| | | SA - 67796 | |
| | | SA - 63639 | |
| | | SA - 49203 | |



SA - 60373
SA - 20622
SA - 68058
SA - 89350
SA - 68620
SA - 20149
SA - 49223
SA - 68603
SA - 46611
SA - 59052
SA - 49236
SA - 89386
SA - 63335
SA - 68932
SA - 60360
SA - 68838
SA - 89453
SA - 67952
SA - 59043
SA - 89465
SA - 71077
SA - 46662
SA - 68031
SA - 68978
SA - 69027
SA - 69043
SA - 67773
SA - 67835
SA - 60746
SA - 69007
SA - 49217
SA - 67953
SA - 63369
SA - 46575
SA - 60826
SA - 67848
SA - 46626
SA - 67918
SA - 67839
SA - 89997
SA - 67946
SA - 63393
SA - 70921
SA - 68649
SA - 68466
SA - 49226
SA - 68028





# DICELLO LEVITT GUTZLER

7556 MENTOR AVE.    MENTOR, OHIO 44060

## CONTINGENCY FEE AGREEMENT

I (We) hereby retain **DiCello Levitt Gutzler LLC** (herein after "Attorney") to act as attorneys to investigate, prepare, file in Court, submit a proof of claim and pursue a claim against any person, firm, or corporation liable for injuries sustained by ███████ **(hereinafter "Client")** from Boy Scouts of America and/or its employees and/or affiliates.

**ATTORNEY FEES -** As attorney fees, Client agrees to pay to Attorneys ██% of the total proceeds of recovery. Attorney has the sole right to accept or reject any appeal.  If an appeal is determined to be warranted by the Attorney, then the contingent fee agreement will be subject to increase by either an hourly or contingent amount agreed upon by Client and the Attorney at that time.  In the event of a structured settlement, the attorney's fee will be based on the present value of the settlement or award.  **IT IS AGREED THERE IS NO ATTORNEY FEE WITHOUT RECOVERY.** Client also authorizes Attorney to enter into co-counsel agreements at the Attorney's discretion. Should there be a co-counsel arraignment, the contingency fee percentage as listed above will be shared between Attorney and co-counsel.  The amount of attorney fees is subject to change to conform with any court, settlement or trust order and/or requirement.

Client understands that the attorneys' fees will be calculated based on the net amount of any settlement, verdict, or recovery, after the reasonable, claim litigation and litigation-related expenses which have been advanced are deducted from the gross proceeds payable to the Client.

**CASE EXPENSES -** I/we understand that said attorneys will incur out-of-pocket expenses in preparation and litigating your claim.  These items are collectively defined herein as "Case Expenses".  Client authorizes Attorneys to pay "Case Expenses," medical expenses and subrogated interests from the proceeds of recovery directly to medical or other providers.  **IT IS AGREED THAT REPAYMENT OF THE CASE EXPENSES BY CLIENT IS CONTINGENT ON THE OUTCOME OF THE MATTER.** Case Expenses incurred after Attorney in good faith advise the Client that the merits of the case do not warrant the incurrence of further Case Expenses shall be the sole responsibility of the Client and Attorneys have the right to be paid in advance by the Client before any such additional Case Expenses are incurred. In the event that there is a reasonable offer as determined by DiCello Levitt Gutzler LLC that is rejected, and we proceed to trial, and there is a defense verdict, Client will be responsible for the case expenses.

**LETTERS OF PROTECTION** – Client authorizes Attorney at their discretion or Client's request to send letters to medical providers which authorizes payment to said medical provider in the event of recovery.

**VOLUNTARY DISMISSAL OF A LAWSUIT** – Client authorizes Attorney to voluntarily dismiss a lawsuit after it is filed with a right to refile the claim if attorneys deem said dismissal to be in the best interest of the Client.

**TERMINATION OF RELATIONSHIP/ASSIGNMENT -** Representation may be terminated at will by the Client or Attorney by express communication to the other party at the last known address.  Attorney shall be entitled to the fee stated herein based upon any settlement or award or offer to settle at the time of termination.  If no settlement or award or offer to settle has been made, at the time of termination, Attorney shall be paid the reasonable value of their services in accordance with the Law Firm's billing rates for attorneys and/or paralegals plus Case Expenses at the successful resolution of the matter.  In no event shall there be any attorney's fees paid or expense liabilities contrary to the law of Ohio, including its Code of Professional Responsibility.  Client hereby assign an interest in proceeds recovered equivalent to the attorney's fee and case expenses should the relationship be terminated by the Client.

**CLIENTS DUTY TO COOPERATE/DISPUTE RESOLUTION** – Client hereby agree to keep attorney advised of their whereabouts and current address and phone number at all times and to appear on reasonable notice at depositions and court appearances and to comply with all reasonable requests made of Client in connection with the preparation and presentation of the case.  The Parties expressly agree that any and all disputes concerning the operation, interpretation and effect of this Agreement, and any Party's rights and obligations hereunder, shall be submitted to full, final and binding common law arbitration to a single arbitrator agreed by the Parties to the dispute from a list provided by AAA, Ohio.  If the Parties to the dispute cannot agree on an arbitrator, then the arbitrator shall be appointed by the common pleas court for the County of Lake, Ohio.  The decision of the arbitrator shall be final and binding on all Parties to the arbitration and may be enforced by use of court proceedings.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Ohio.

**SETTLEMENT/LITIGATION** – I hereby authorize you, my Attorneys, to negotiate the settlement of this claim, and also to institute such legal actions as may be advisable in your judgment to enforce my rights.  No settlement will be made without the oral or written consent of the Client.

DATED _____.



X _____    X _____
Client                                 Client

The above employment is hereby accepted on the terms stated herein by:


**DiCello Levitt Gutzler LLC:** _____

