IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**VERIFIED STATEMENT OF STARK & STARK, P.C.**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019"), Stark & Stark, P.C. ("Stark") submits its verified statement in connection with these above-captioned chapter 11 cases (the "Chapter 11 Cases").

1. On February 18, 2020, Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

2. On various dates in 2019 and 2020 Stark was retained by various clients to represent their interests in these Chapter 11 Cases. Attached as **Exhibit A** is a list of clients who retained Stark, including their names, addresses, and claim numbers.

3. Attached as **Exhibits B and C** are fee agreements confirming our representation of these clients.

4. Other than as disclosed herein, Stark represents one other non-sexual abuse, personal injury claimant with respect to these Chapter 11 Cases.

5. The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Rule 2019 with any additional information that may become available.

6. Pursuant to title 28 of the United States Code, section 1746, the undersigned declare under

penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   December 28, 2021               STARK & STARK
                                         A Professional Corporation

                                                  */s/ Michael G. Donahue*
                                         By:_____
                                                  MICHAEL G. DONAHUE

EXHIBIT "A"

| Claimant's I | Claimant': | Claim Number | Address | Type of Claim |
|---|---|---|---|---|
|  | | SA-60051 | c/oStark & Stark, P.C., 993 Lenox Drive, Lawrenceville, NJ 08648 | Unliquidated Abuse Claim |
| | | SA-63823 | c/oStark & Stark, P.C., 993 Lenox Drive, Lawrenceville, NJ 08648 | Unliquidated Abuse Claim |

EXHIBIT "B"

# STARK & STARK
ATTORNEYS AT LAW

## Agreement To Provide Legal Services

This agreement dated June 3, 2019 is made between the Client ███████████ whose address is 1█████████████████████ referred to as "You," and STARK & STARK, A Professional Corporation, referred to as the "Law Firm."

1. **Your Injury or Damages.** You have been injured or suffered damages as a result of intentional and negligent acts which took place between the years of 1975 and 1979. You agree that the Law Firm will investigate and, if agreed upon and appropriate, make a claim on your behalf against others who are responsible for your injuries or damages. You feel those who are responsible include the Boy Scouts of America and its agents or employees including, but not limited to, Thad Alton.

2. **Legal Services.** The Law Firm will protect your legal rights and do all necessary work to properly represent you in the claim on your behalf against those you believe are responsible for your injuries or damages, subject to the limitations set forth herein.

   This retainer agreement applies to the specific claim listed above, and no other legal work or representation for any other matter is contemplated. An additional written letter of representation is required prior to any other legal work being performed by the Law Firm.

   The Law Firm reserves the right to terminate this agreement at any time. You have the right to terminate this agreement at any time, but if you do choose to employ the services of another attorney or cease our representation of you, you will be responsible for reimbursing the Law Firm for all costs expended on your behalf.

3. **Obligations of the Client.** You agree to cooperate fully with the Law Firm. You also agree to be honest and truthful with the Law Firm. Your failure to comply with these obligations may be a basis to terminate this Agreement.

4. **Costs and Expenses.** In addition to legal fees, you will be required to pay for expenses in connection with the institution and prosecution of your claim. Such expenses include, but are not limited to: experts' fees and expenses for other testimony or evidence, court costs, investigation charges, photographs, medical records costs, police report costs, deposition costs, stenographer costs, video deposition costs, and costs of briefs and transcripts. The Law Firm will either require that you pay these expenses above in advance or that you repay the law firm the amount of the expenses made for you plus any interest charged to the Law Firm, since the money for those expenses will be borrowed at or above the prime rate. Your medical expenses are **not** considered a case expense.

5. **Legal Fees.** If the Law Firm recovers money for you, which is greater than your costs and expenses (see paragraph 4), you will pay the Law Firm a legal fee. The fee will be based on a percentage of the net recovery. Net recovery is the total recovered on your behalf, minus your cost and expenses, and minus any interest included in a judgment pursuant to R. 4:42-11(b). The fee will be as follows:



Fees on net recoveries exceeding $3 million will be determined by the Court.

6. **Reduced Fees for Infants or Incompetents.** Where the amount recovered is for the benefit of a client who was a minor or was mentally incapacitated when the contingency fee agreement was made, the legal fee will be reduced to 25% of the net recovery if this matter is settled before impaneling of the jury, or, in a bench trial, the earlier to occur of plaintiff's opening statement or the commencement of testimony of the first witness.

7. **Appeal.** The Law Firm reserves the right to decline to appeal a verdict or final decision of any tribunal or court of competent jurisdiction.

8. **Alternative Fee Plan.** The Law Firm has offered to represent you and charge you legal fees which you will be required to pay even if you recover no money. You have rejected this and have, instead, agreed to pay the contingent fees, as set forth in this agreement.

9. **Increased Legal Fees.** The Law Firm may ask that the Court require you to pay a greater legal fee, if the agreed-upon fee is too low in light of the time and effort which the Law Firm exerts on your behalf. The Court would then decide whether or not to increase the legal fees.

10. **Signatures.** You have read this agreement. The law firm has answered all of your questions and fully explained this agreement to your complete satisfaction. You have been given a signed copy of this agreement.

Stark & Stark
A Professional Corporation

By: _____
MICHAEL G. DONAHUE

# EXHIBIT "C"

# STARK & STARK
## ATTORNEYS AT LAW

## Agreement To Provide Legal Services

This agreement dated June 1, 2020 is made between the Client(s) ▮▮▮▮▮▮ whose address is 6▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ referred to as "You," and STARK & STARK, A Professional Corporation, referred to as the "Law Firm."

1. Your Injury or Damages. You have been injured or suffered damages as a result of an incident which took place on or about 1993-1995. You agree that the Law Firm will make a claim on your behalf against others who are responsible for your injuries or damages. You feel those who are responsible are: Boy Scouts of America.

2. Legal Services. The Law Firm will protect your legal rights and do all necessary work to properly represent you in the claim on your behalf against those you believe are responsible for your injuries or damages, subject to the limitations set forth herein.

    This retainer agreement applies to the specific claim listed above, and no other legal work or representation for any other matter is contemplated. An additional written letter of representation is required prior to any other legal work being performed by the Law Firm.

    The Law Firm reserves the right to terminate this agreement at any time. You have the right to terminate this agreement at any time, but if you do choose to employ the services of another attorney or cease our representation of you, you will be responsible for reimbursing the Law Firm for all costs expended on your behalf.

3. Obligations of the Client. You agree to cooperate fully with the Law Firm. You also agree to be honest and truthful with the Law Firm. Your failure to comply with these obligations may be a basis to terminate this Agreement.

4. Costs and Expenses. In addition to legal fees, you will be required to pay for expenses in connection with the institution and prosecution of your claim. Such expenses include, but are not limited to: experts' fees and expenses for other testimony or evidence, court costs, investigation charges, photographs, medical records costs, police report costs, deposition costs, stenographer costs, video deposition costs, and costs of briefs and transcripts. The Law Firm will either require that you pay these expenses above in advance or that you repay the law firm the amount of the expenses made for you plus any interest charged to the Law Firm, since the money for those expenses will be borrowed at or above the prime rate. Your medical expenses are **not** considered a case expense.

5. Legal Fees. If the Law Firm recovers money for you, which is greater than your costs and expenses (see paragraph 4), you will pay the Law Firm a legal fee. The fee will be based on a percentage of the net recovery. Net recovery is the total recovered on your

behalf, minus your cost and expenses, and minus any interest included in a judgment pursuant to R. 4:42-11(b). The fee will be as follows:



Fees on net recoveries exceeding $3 million will be determined by the Court.

6. Reduced Fees for Infants or Incompetents. Where the amount recovered is for the benefit of a client who was a minor or was mentally incapacitated when the contingency fee agreement was made, the legal fee will be reduced to 25% of the net recovery if this matter is settled before impaneling of the jury, or, in a bench trial, the earlier to occur of plaintiff's opening statement or the commencement of testimony of the first witness.

7. Appeal. The Law Firm reserves the right to decline to appeal a verdict or final decision of any tribunal or court of competent jurisdiction.

8. Alternative Fee Plan. The Law Firm has offered to represent you and charge you legal fees which you will be required to pay even if you recover no money. You have rejected this and have, instead, agreed to pay the contingent fees, as set forth in this agreement.

9. Increased Legal Fees. The Law Firm may ask that the Court require you to pay a greater legal fee, if the agreed-upon fee is too low in light of the time and effort which the Law Firm exerts on your behalf. The Court would then decide whether or not to increase the legal fees.

10. Fee Sharing Acknowledgement: If client's case was referred to the Law Firm by another attorney, and confirmed by the Law Firm, client acknowledges and consents that the Law Firm may share a reasonable portion of its fee with the referring attorney pursuant to Rule 1:39-6(d). Any fee sharing arrangement will not affect the client's recovery.

11. Signatures. You have read this agreement. The law firm has answered all of your questions and fully explained this agreement to your complete satisfaction. You have been given a signed copy of this agreement.

Stark & Stark
A Professional Corporation

By: _____
MICHAEL G. DONAHUE