# EXHIBIT B - FEE AGREEMENT EXEMPLAR

## CONTINGENT FEE AGREEMENT

Client [ *NAME, ADDRESS* ], retains Attorney CARMEN L. DURSO, 175 Federal Street, Suite 1425, Boston, MA 02110-2287, to perform the legal services specified in Paragraph 1 below.  The Attorney agrees to perform said services faithfully and with due diligence.

1. The claim, controversy, or other matters with reference to which the services shall be performed are:

   Claims by Client against the Boy Scouts of America and [ *OTHER PARTIES* ] for sexual abuse, negligence, and related claims.

2. No compensation shall be paid by Client, unless Attorney successfully completes the case, either through a civil action, or by a settlement approved by Client.

3. Representation shall be performed by Attorney in the Massachusetts Trial Court or the U.S. District Court for the District of Massachusetts.  Attorney's associates may act on Client's behalf whenever Attorney deems such action necessary.

4. Client shall not be liable to pay compensation except from amounts collected by Attorney.  Compensation shall be the following percentage of any amounts collected by Attorney, either through judgment, or settlement:

   **[ *IN WORDS* ] ( *IN NUMBERS* % ) PERCENT.**

5. Client is responsible for all costs incurred in the prosecution of this claim, which include, but are not limited to, filing fees, service of process, expert fees, copies, depositions and discovery costs.  Attorney will advance all such costs, and deduct same from any amounts collected by Attorney, either through judgment, or settlement.  Attorney will be reimbursed for costs paid out of the sums recovered, after calculation of any fees to Attorney, and before any distribution to Client.  If there is no recovery, or the recovery is insufficient to reimburse Attorney in full for costs advanced, Attorney will bear the loss.  In the event Attorney concurrently represents other clients with the same or similar claims against the same parties, any costs that might be owed to Attorney shall be proportionately allocated.

6. Client acknowledges that Attorney has not been paid any retainer against costs incurred in this claim.

7. If Attorney is discharged by Client, prior to the conclusion of this claim, he is entitled, at that time, to be paid all costs reasonably incurred by him.  Further, Attorney shall be compensated for the fair value of the services rendered to Client up to the time of discharge, but said fee shall not be due to Attorney until the subject matter litigation is concluded by trial or settlement.

This agreement and its performance are subject to Rule 3:07 (Rule of Professional Conduct 1.5) of the Supreme Judicial Court of this Commonwealth.

**WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.**

WITNESS:                                                    DATE: [ *IN WORDS & NUMBERS* ]

_____       _____
                                                                          [ *FULL NAME* ], Client


_____       _____
                                                                          CARMEN L. DURSO, Attorney


**RECEIPT OF A COPY OF THIS AGREEMENT IS HEREBY ACKNOWLEDGED**.


                                                                    _____
                                                                    [ *FULL NAME* ], Client