# Exhibit 2

# Retainer Agreement

**Chhabra Gibbs & Herrington PLLC**
**a Mass Tort and Class Action Firm**
**120 North Congress Street, Suite 200**
**Jackson, Mississippi 39201**

### ATTORNEY FEE AGREEMENT

THIS AGREEMENT is made between Chhabra Gibbs & Herrington PLLC, ("Attorney") and _____ ("Client"). Attorney agrees to represent Client against Boy Scouts of America and any other potential defendants and/or applicable insurance companies arising out of sexual abuse. Client understands that Attorney's representation is limited to pursuing damages for Client in the currently pending bankruptcy proceeding involving Boy Scouts of America and Attorney is not obligated to file a separate complaint outside of the bankruptcy proceedings.

1. **ATTORNEY'S FEES**   IT IS AGREED that Attorney is to receive _____ of the gross recovery. If no recovery is obtained, no attorney's fees shall be payable by Client. The above fee has been negotiated between Attorney and Client, and is agreed upon as set forth above.

2. **UNRELATED LEGAL MATTERS**   IT IS FURTHER AGREED that the above fee covers ONLY the handling of the Client's contingency lawsuit for personal injuries and damages to Client, which result from the incident referred to above. Any other matters which the Attorney elects to handle for the Client and members of the Client's family are not included in the above fee, and the Client shall pay Attorney additional compensation for any such matters pursuant to a separate fee and cost arrangement agreed upon by Attorney and Client.

3. **COST AND EXPENSES**   IT IS FURTHER AGREED that Attorney shall advance all legal cost and expenses in connection with this action and such will be deducted from the Client's share of the recovery after the deduction of attorney's fees. If no recovery is obtained, no costs or expenses shall be payable by Client. Also, in the event that the case is settled with one or more defendants but continues against other defendants, it is understood and agreed that Attorney shall be entitled to his fee immediately upon collection of such settlement proceeds including expenses incurred to date with the balance of such settlement proceeds to be deposited in an escrow

account for payment of future expenses. All such escrowed settlement proceeds not used for future expenses shall be distributed to Client upon final disposition of the case with the remaining defendants. The costs of reproducing medical record for the prosecution of the case will be borne by Client and not advanced by Attorney and Attorney will keep Client informed as to any anticipated costs for medical records.

The cost expended by the Attorney on behalf of the Client will vary from case to case, depending upon the specific facts of each case. These costs, however, can and often include, but are not limited to, travel, meal, and lodging expenses associated with necessary travel, deposition charges, expert witness fees and costs, together with consultation and investigation expenses, whether conducted by Attorney's investigator and/or other investigators, medical record copying charges, computer services and expenses incurred by Attorney as a necessary part of assembling evidence on behalf of the Client, long-distance phone charges, service of process fees, postage, copy charges and expenses, photographic reproduction, preparation for trial expenses, etc. arising out of the representation of the Client. It is understood and agreed that the Attorney employs full-time private investigators and litigation support computer services, and that Attorney shall be allowed to employ said services at prevailing rates, if and as needed.

The Client should be aware that these costs will be incurred by the Attorney on an on-going basis and at any time the Client should feel free to discuss with the Attorney the amount of costs that have been incurred to date. The Attorney will maintain an itemized statement of all costs and expenses and a record of invoices and disbursements available for Client's review at any time.

4. **REQUIREMENT OF CONSENT FOR SETTLEMENT**    Attorney and Client agree that neither shall make any settlement of this action without knowledge and consent of the other. Any and all settlement offers will be discussed between Attorney and Client before any decisions are communicated to the adverse parties and their attorneys. Client reserves the right to accept or reject any settlement offers and Attorney's recommendations relating thereto.

5. **DISCLAIMER OF GUARANTEES**    It is agreed that Attorney has made no guarantees regarding the successful termination of the action or of the monetary value of Client's claims. All expressions relative thereto are matters of his opinion only.

6. **WITHDRAWAL BY ATTORNEY**    Client acknowledges that Attorney may discover facts that may lead Attorney to recommend that Client's legal matter not be pursued any further and/or be dismissed, or that Client retain other attorneys to handle Client's case. Client therefore agrees that Attorney may withdraw in the event Client does not cooperate in the investigation or prosecution of Client's case or if the Rules of Professional Conduct which apply to Attorney permit or require Attorney's

withdrawal. Client acknowledges, and agrees, that Attorney has no obligation, or duty, to find another attorney for Client in the event of withdrawal.

7. **ASSOCIATION OF ATTORNEY**   Client hereby authorizes Attorney to associate one or more other attorneys on Client's behalf if Attorney deems it necessary and desirable for the development of Client's case. It is hereby agreed that Client's legal fees will not be increased by virtue of such association of attorneys; however, the reasonable costs incurred by such other attorneys shall be advanced by said attorneys and reimbursed by Client from any recovery obtained by the way of settlement of judgment.

8. **DISCHARGE OF ATTORNEY**   In the event that the Client seeks to dismiss the Attorney during the course of representation, the Attorney has a right to be reimbursed for the costs and legal efforts expended on behalf of the Client. The Client hereby agrees that the Attorney shall have a lien against any recovery made by the Client up to and including the Attorney's services through date of discharge.

9. **DISPOSAL OF FILE**   Client agrees that attorney will hold clients file for the period of one year subsequent to the settlement or other disposition of the case. Client agrees that Attorney may destroy the file after the one-year period of time without further notice to Client. Client also may at any time request Client's file and Attorney will accommodate such request in compliance with the Mississippi Rules of Ethics.

10. **SOCIAL MEDIA** Defendants and their attorneys may try to access Facebook, Twitter, blogs, and similar sites, and seek photographs, e-mails, blogs, Facebook accounts, and text messages of you and your "friends" to obtain information. They can then subpoena such information directly from Facebook, Twitter, blog accounts, or your e-mail and web access service providers. Not only could this cause damage to your case, any "friend" could be forced to become a witness and discuss all conversations they ever had with you about many topics. Do not post anything on these sites until after your case is over. *Please take this warning seriously*.

AGREED TO: _____, 2020.

_____          _____

Chhabra Gibbs & Herrington PLLC                    CLIENT