THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  Jan. 11, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**SEVENTEENTH MONTHLY APPLICATION FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF**
**PACHULSKI STANG ZIEHL & JONES LLP,**
**AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE**
**FOR THE PERIOD FROM JULY 1, 2021 THROUGH JULY 31, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2021 through July 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $784,586.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 25,808.76 |

This is a:    ☒monthly    ☐ interim    ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[2] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[3] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $ 31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $ 15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $ 19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $ 11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $ 12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $ 19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $ 27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | $ 954,886.40 | $ 18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $47,494.45 | $1,213,753.20 | $44,069.70[5] |
| 10/22/21 | 06/01/21 – 06/30/21 | $1,623,890.75 | $16,089.84 | $1,299,112.60 | $ 16,089.84 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 92.90 | $111,015.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 68.20 | $ 78,089.00 |

---

[2] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[3] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.

[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5] This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 1.50 | $    1,717.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 26.90 | $  29,590.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 59.60 | $  65,262.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 3.60 | $    3,870.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 74.50 | $  76,362.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 4.00 | $    3,980.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 21.80 | $  20,165.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   875.00 | 173.10 | $151,462.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 178.70 | $147,427.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 21.10 | $  17,407.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   795.00 | 6.00 | $    4,770.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 15.50 | $    9,687.50 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 1.80 | $       810.00 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 15.10 | $    6,417.50 |
| Patricia E. Cuniff | Paralegal 2000 | $   425.00 | 0.20 | $         85.00 |
| Beth D. Dassa | Paralegal 2006 | $   425.00 | 0.70 | $       297.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $   425.00 | 0.70 | $       297.50 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 3.80 | $    1,501.00 |
| Mike A. Matteo | Paralegal 2001 | $   395.00 | 7.20 | $    2,844.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 16.60 | $ 6,557.00 |
| Bernadette Anavim | Legal Assistant | $ 395.00 | 4.00 | $ 1,580.00 |
| Leira E. Puma | Other | $ 395.00 | 8.00 | $ 3,160.00 |
| Michelle F. Evans | Other | $ 395.00 | 8.50 | $ 3,357.50 |
| Matthew J. Renck | Other | $ 395.00 | 3.50 | $ 1,382.50 |
| Myra Kulick | Other | $ 395.00 | 11.90 | $ 4,700.50 |
| Nancy H. Brown | Other | $ 395.00 | 17.50 | $ 6,912.50 |
| Oliver M. Carpio | Other | $ 395.00 | 4.10 | $ 1,619.50 |
| Rolanda L. Mori | Other | $ 395.00 | 5.00 | $ 1,975.00 |
| Aaron M. Bonn | Case Management Assistant | $ 375.00 | 8.00 | $ 3,000.00 |
| Felipe E. Arias | Other | $ 375.00 | 29.30 | $ 10,987.50 |
| Teresita D. Correa | Other | $ 375.00 | 4.00 | $ 1,500.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 0.40 | $ 140.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 7.50 | $ 2,625.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 5.80 | $ 2,030.00 |

**Grand Total:**     **$784,586.00**
**Total Hours:**          **911.00**
**Blended Rate:**      **$861.24**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 4.10 | $    3,395.50 |
| Case Administration | 26.00 | $  11,483.50 |
| Claims Admin./Objections | 160.80 | $  80,706.00 |
| Compensation of Professional | 16.10 | $  12,554.50 |
| Compensation of Prof./Others | 11.80 | $    7,408.00 |
| General Creditors Comm. | 139.20 | $120,603.00 |
| Hearings | 16.40 | $  15,433.00 |
| Insurance Coverage | 33.40 | $  33,967.00 |
| Mediation | 15.40 | $  15,713.00 |
| Plan & Disclosure Statement | 486.80 | $482,497.50 |
| Retention of Prof./Other | 1.00 | $      825.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Air Fare | JetBlue; United Airlines; American Airlines | $  4,762.14 |
| Conference Call | AT&T Conference Call; Loop Up | $       14.84 |
| Delivery/Courier Service | Advita | $     141.45 |
| Express Mail | Federal Express | $     127.52 |
| Hotel Expense | The Tower at Lotte NY Palace; Westin NY | $  2,349.82 |
| Legal Research | Lexis/Nexis | $     193.85 |
| Outside Services | Zoom; MiPro[7]; Everlaw | $  5,155.15 |
| Court Research | Pacer | $     621.40 |
| Postage | US Mail | $     238.06 |
| Reproduction Expense | | $     426.80 |
| Reproduction/Scan Copy | | $  1,069.90 |
| Research | eScribers | $       94.80 |
| Travel Expense | Veritext | $10,613.03 |

---

[6] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

[7] PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the Committee's professionals access to a duplicate copy of its PeopleSoft software and database.  PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J believes that MIPRO may be paid for services in these cases without a separate fee application.  The invoices of MIPRO, in the total amount of $804.10, that PSZ&J has paid and which are part of PSZ&J's billing statement and request for expense reimbursement in this Application, are attached hereto as Exhibit B.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: Jan. 11, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**SEVENTEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM JULY 1, 2021 THROUGH JULY 31, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Seventeenth Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from July 1, 2021 through July 31, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $784,586.00 and actual and necessary expenses in the amount of $25,808.76 for

a total allowance of $810,394.76 and payment of $627,668.80 (80% of the allowed fees) and

reimbursement of $25,808.76 (100% of the allowed expenses) for a total payment of

$653,477.56 for the period July 1, 2021 through July 31, 2021 (the "Interim Period").  In support

of this Application, PSZ&J respectfully represents as follows:

### Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.  On

or about August 6, 2021, the Court signed the Amended Administrative Order.  The

Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

### Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

### Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

12.     PSZ&J expenses include its technology consultant MIPRO's pass-through billings of $187 per hour.  To make discovery faster and less expensive, BSA granted the

Committee's professionals access to a duplicate copy of its PeopleSoft software and database.

PSZ&J retained MIPRO to assist PSZ&J and other Committee professionals with accessing and

utilizing this software.  Pursuant to discussions with the United States Trustee's Office, PSZ&J

believes that MIPRO may be paid for services in these cases without a separate fee application.

Invoices of MIPRO, in the total amount of $804.10, are attached as Exhibit 'B'.  PSZ&J has paid

those invoices, as set forth in more detail in the PSZ&J statement attached as Exhibit "A," and

has included payment of the MIPRO invoices as part of its request in this Application for

reimbursement of expenses.

### Summary of Services Rendered

13.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

14.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

**Summary of Services by Project**

15.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Asset Analysis/Recovery**

16.     This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding an extension of time to respond to discovery requests; (2) performed work regarding a stipulation for stay of restricted asset adversary proceeding; (3) performed work regarding an order approving stipulation staying restricted adversary litigation; and (4) corresponded regarding asset analysis and recovery issues.

Fees:  $3,395.50;     Hours:  4.10

**B.     Case Administration**

17.     This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained document control;

(2) maintained a memorandum of critical dates; (3) maintained service lists; (4) performed work

regarding agenda notices and hearing binders; and (5) corresponded regarding case

administration issues.

              Fees:  $11,483.50;     Hours:  26.00

         **C.**       **Claims Admin/Objections**

       18.     This category relates to work regarding claims administration and claims

objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed

sex abuse claims for key missing data; (2) performed work regarding the collection of

information relating to chartered organizations; (3) reviewed and analyzed duplicate claim

issues; (4) reviewed and analyzed issues regarding a claims analysis related to Hartford

coverage; (5) reviewed and responded to inquiries regarding rosters and chartered organizations;

(6) reviewed and analyzed the Lehr settlement motion; (7) reviewed and analyzed a Bankruptcy

Rule 2019 motion, and attachments, filed by Hartford and Century; (8) attended to

confidentiality issues; (9) reviewed and analyzed claim disclosure issues; (10) reviewed and

analyzed issues regarding filing late claims; (11) reviewed and analyzed issues regarding

preparation of a claims matrix; (12) performed work regarding a Hartford claim coverage

analysis; (13) reviewed and analyzed the fifth injunction stipulation regarding chartered

organization production and prepared a response to the Debtor regarding the deadline to produce

chartered organization information; (14) reviewed and analyzed a claims impact model and

performed work regarding a global claim analysis; (15) reviewed and analyzed issues regarding

claims verification and validation; (16) reviewed and analyzed issues regarding claims filed by ad hoc committee members; and (17) corresponded and conferred regarding claim issues.

Fees:  $80,706.00;     Hours:  160.80

**D.    Compensation of Professionals**

19.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its March and April 2021 monthly fee applications, and reviewed and analyzed issues regarding changes to the interim compensation procedures order.

Fees:  $12,554.50;     Hours:  16.10

**E.    Compensation of Professionals--Others**

20.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Berkeley Research Group, Pasich, and Rock Creek fee applications; and (2) reviewed and analyzed issues regarding changes to the interim compensation procedures order.

Fees:  $7,408.00;     Hours:  11.80

**F.    General Creditors Committee**

21.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a Town Hall meeting on July 1, 2021; (2) reviewed and responded to correspondence and calls from survivors and their counsel; (3) performed work regarding meeting agendas; (4) prepared for and participated in telephonic conferences with State Court counsel and Committee members

regarding case issues; (5) reviewed and analyzed settlement issues; (6) reviewed and analyzed

Plan and Disclosure Statement issues; (7) reviewed and analyzed insurance issues; (8) reviewed

and analyzed issues regarding a global claims analysis; (9) performed work regarding letters to

survivors; (10) reviewed and analyzed issues regarding religious chartered organizations;

(11) reviewed and analyzed mediation issues; and (12) corresponded and conferred regarding

general creditors committee issues.

Fees:  $120,603.00;    Hours:  139.20

### G.    Hearings

22.    This category relates to issues regarding preparing for and attending Court

hearings.  During the Interim Period, the Firm, among other things:  (1) prepared for and

attended a status conference on July 7, 2021; (2) prepared for and attended an Omnibus hearing

on July 21, 2021; (3) prepared for and attended a hearing on July 27, 2021 regarding discovery

disputes; and (4) prepared for and attended a hearing on July 29, 2021 regarding Bankruptcy

Rule 2019 motions.

Fees:  $15,433.00;     Hours:  16.40

### H.    Insurance Coverage

23.    This category relates to insurance coverage issues.  During the Interim

Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the Lehr

settlement; (2) reviewed and analyzed insurance settlement strategy issues; (3) performed work

regarding a claims matrix for purposes of claims evaluation by insurance carrier; (4) reviewed

and analyzed the Hartford claims analysis; (5) prepared for and attended a telephonic conference

with attorneys for the Coalition and the Future Claims Representative regarding Hartford issues; (6) reviewed and analyzed issues regarding the range of settlement values relating to insurers; (7) prepared for and attended telephonic meetings with State Court counsel; (8) prepared for and attended a telephonic meeting with representatives of Hartford and State Court counsel regarding claims and coverage; (9) prepared for and attended a telephonic conference with Coalition attorneys regarding Hartford issues; (10) reviewed and analyzed a mediation brief regarding Hartford defenses; (11) reviewed and analyzed issues regarding fraudulent claims; (12) reviewed and analyzed issues regarding an allocation model and demands relating to small insurance carriers; (13) prepared for and attended a telephonic conference with attorneys for the Coalition and Future Claims Representative regarding insurance offers; (14) performed work regarding a Hartford demand; (15) prepared for and attended telephonic conferences with the insurance sub group regarding offers, mediation issues and insurance demands; (16) reviewed and analyzed issues regarding allocation for future claims; (17) performed work regarding global settlement strategy issues; (18) reviewed and analyzed issues regarding excess carrier liability; (19) reviewed and analyzed the Hartford response letter; (20) reviewed and analyzed issues regarding Century discovery; and (21) corresponded and conferred regarding insurance issues.

Fees:  $33,967.00;    Hours:  33.40

I.    **Mediation**

24.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a mediation session on July 16, 2021 regarding Hartford issues; (2) reviewed and analyzed mediation briefs; (3) attended to scheduling

issues; (4) reviewed and analyzed Century discovery responses; (5) prepared for and attended a mediation call on July 29, 2021 regarding issues for New York mediation session; and (6) corresponded and conferred regarding mediation issues.

Fees:  $15,713.00;     Hours:  15.40

**J.      Plan and Disclosure Statement**

25.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a restructuring support agreement ("RSA") motion; (2) reviewed and analyzed issues regarding a Plan note; (3) reviewed and analyzed issues regarding an insurer request to continue Disclosure Statement hearing; (4) reviewed and analyzed issues regarding a trust agreement; (5) reviewed and analyzed global settlement issues; (6) performed work regarding a revised Settlement Trust Agreement; (7) reviewed and analyzed issues regarding a Plan term sheet; (8) performed work regarding trust distribution procedures; (9) reviewed and analyzed proposals to resolve note issues; (10) reviewed and analyzed a solicitation order; (11) reviewed and analyzed Plan discovery issues; (12) attended to issues regarding a confirmation scheduling order; (13) reviewed and analyzed Plan confirmation scheduling issues; (14) reviewed and analyzed deposition notices; (15) reviewed and analyzed issues regarding a Plan summary; (16) reviewed and analyzed an amended Plan and Disclosure Statement; (17) reviewed and analyzed Future Claims Representative comments regarding the trust agreement; (18) reviewed and analyzed the Debtor's response to insurers' motion to continue Disclosure Statement hearing; (19) performed work regarding a set of Plan frequently asked

questions; (20) reviewed and analyzed insurer and Debtor discovery issues relating to the RSA

motion; (21) reviewed and analyzed the Amala Plan objection; (22) reviewed and analyzed

issues regarding confidentiality of Local Council data; (23) reviewed and analyzed issues

regarding insurance neutrality; (24) reviewed and analyzed issues regarding RSA motion

depositions; (25) prepared for and attended a State Court counsel call regarding Plan issues;

(26) performed work regarding an outline for restructuring services agreement discovery;

(27) performed work regarding a survivor litigation option chart; (28) reviewed and analyzed the

Fourth Amended Plan and Disclosure Statement; (29) performed work regarding form email in

response to survivor inquiries regarding settlement and Plan; (30) prepared for and attended a

telephonic conference with State Court counsel regarding restructuring agreement issues;

(31) prepared for and attended a status conference on July 7, 2021 regarding the RSA motion,

and Disclosure Statement and Plan issues; (32) performed work regarding a deposition schedule

concerning the RSA motion; (33) reviewed and analyzed issues regarding enforcement of the

Hartford settlement; (34) reviewed and analyzed issues regarding Local Councils property

evaluations; (35) reviewed and analyzed Hartford claims data; (36) reviewed and analyzed

Debtor production to insurers regarding the RSA motion; (37) prepared for and attended the

insurer deposition of Brian Whittman; (38) reviewed and analyzed Coalition Plan revisions;

(39) prepared for and attended the insurer deposition of Roger Mosby; (40) reviewed and

analyzed Hartford responses to discovery requests; (41) reviewed and analyzed proposed Plan

changes; (42) reviewed and analyzed a summary of the deposition of D. Ownsby; (43) reviewed

and analyzed a global demand settlement model for the Plan; (44) prepared for and attended a

telephonic conference with Committee members, State Court counsel, and representatives of the Coalition regarding Plan issues and overall settlement strategy; (45) reviewed and analyzed calculations relating to Hartford regarding Plan settlement issues; (46) performed work regarding a survivors' joinder brief relating to the RSA motion; (47) reviewed and revised the Plan in response to the RSA motion; (48) reviewed and analyzed allocation methodology issues; (49) prepared for and attended a meeting with Committee members and Committee financial advisors regarding Plan models for settlements; (50) reviewed and analyzed Plan distribution models; (51) reviewed and analyzed the Hartford, Latter Day Saints, Catholic and Methodist objections to the RSA motion; (52) prepared for and attended a telephonic conference with representatives of the Coalition, Future Claims Representative and the Debtor regarding RSA issues; (53) prepared for and attended telephonic conferences with State Court counsel regarding insurance demands and charter organizations; (54) prepared for and attended a telephonic conference with representatives of the Debtor and Coalition regarding RSA joinder issues; (55) reviewed and analyzed United States Trustee and Century objections to the RSA motion regarding fee issues; (56) reviewed and analyzed the joint reply in support of the RSA motion by the Committee, Coalition and Future Claims Representative; (57) prepared for and attended a telephonic conference with State Court counsel regarding Hartford settlement, objections to the RSA motion, and distribution issues; (58) performed work regarding a notice of submission of proposed plain English Plan Summary for Abuse Survivors; (59) prepared for and attended a telephonic conference with representatives of the Coalition, Future Claims Representative, and Debtor regarding response to the RSA motion; (60) prepared for and attended a telephonic

conference with representative of the Future Claims Representative and Coalition regarding objections to the RSA motion and coordination of response; (61) reviewed and analyzed issues regarding enforceability of settlement prior to Court approval; (62) prepared for attended the deposition of John Kinney; (63) reviewed and analyzed the Century motion to compel regarding documents and testimony in support of the RSA motion; (64) reviewed and analyzed the Debtor's proposed changes to Plan and compared them to a Committee mark-up; (65) reviewed and analyzed issues regarding the sale of policies under the Plan; (66) reviewed and analyzed the Hartford objection to the RSA motion and the research cited by Hartford in its objection, and performed work regarding a response; (67) performed work regarding a response brief to the RSA motion objection by Hartford; (68) reviewed and analyzed deposition transcripts and incorporated references and other revisions into survivors' reply regarding the RSA motion; (69) reviewed and analyzed the Coalition reply to fee agreement under RSA; (70) performed work regarding a response brief as to Hartford settlement; (71) reviewed and analyzed the Plan term sheet regarding contributing chartered organization issues; (72) reviewed and analyzed the Debtor Omnibus reply to RSA motion objections; (73) reviewed and analyzed insurance company motions in limine; (74) reviewed and analyzed the Debtor's reply regarding insurance company motions relating to discovery; (75) reviewed and analyzed the Local Council Ad Hoc Committee pleading regarding RSA motion objections; (76) prepared for attended a telephonic conference with State Court counsel and insurance counsel regarding demands, Harftord and the RSA motion hearing; (77) attended to redaction issues; (78) reviewed and analyzed a revised proposed order and supplemental information and evidence submitted by the Debtor in support

of the RSA motion and in opposition to insurer motions to compel and to strike; (79) reviewed and finalized the joint supplemental brief of the Coalition, Committee and Future Claims Representative in support of the RSA motion; (80) reviewed and analyzed the Debtor's reply to Century motion to compel RSA discovery; (81) reviewed and analyzed the Local Council Ad Hoc Committee reply to RSA objection; (82) reviewed and analyzed a Local Council form letter of intent; (83) prepared for and attended a telephonic conference with State Court counsel regarding the RSA, Plan, discovery and claims review; (84) reviewed and analyzed proposed amendment to the RSA; (85) reviewed and analyzed liquidation analysis issues; (86) reviewed and analyzed the Debtor changes to RSA amendment; (87) reviewed and analyzed the Local Council Ad Hoc Committee response to Committee letter; (88) prepared for and attended a telephonic conference with State Court counsel regarding RSA amendment; (89) reviewed and analyzed PBGC claims and liens and effect on liquidation analysis; (90) reviewed and analyzed issues regarding mediation relating to chartered organizations; (91) reviewed and analyzed the Plan and related documents in response to RSA amendment; (92) reviewed and analyzed issues regarding third party releases; (93) reviewed and analyzed Century discovery responses; (94) reviewed and analyzed the Bankruptcy Rule 2019 statement of the Catholic Ad Hoc Committee against indirect claims listing; (95) reviewed and analyzed Plan settlement strategy; and (96) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $482,497.50;    Hours:  486.80

**K.      Retention of Professionals--Others**

26.      This category relates to work regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding a motion and order to expand the scope of the CBRE retention.

Fees:  $825.00;          Hours:  1.00

**Valuation of Services**

27.      Attorneys and paraprofessionals of PSZ&J expended a total 911.00 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 92.90 | $111,015.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 68.20 | $ 78,089.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 1.50 | $    1,717.50 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 26.90 | $ 29,590.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 59.60 | $ 65,262.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 3.60 | $    3,870.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 74.50 | $ 76,362.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 4.00 | $    3,980.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 21.80 | $  20,165.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   875.00 | 173.10 | $151,462.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 | 178.70 | $147,427.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 21.10 | $  17,407.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   795.00 | 6.00 | $   4,770.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 15.50 | $   9,687.50 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 1.80 | $      810.00 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 15.10 | $   6,417.50 |
| Patricia E. Cuniff | Paralegal 2000 | $   425.00 | 0.20 | $        85.00 |
| Beth D. Dassa | Paralegal 2006 | $   425.00 | 0.70 | $      297.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $   425.00 | 0.70 | $      297.50 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 3.80 | $   1,501.00 |
| Mike A. Matteo | Paralegal 2001 | $   395.00 | 7.20 | $   2,844.00 |
| Diane H. Hinojosa | Paralegal Assistant | $   395.00 | 16.60 | $   6,557.00 |
| Bernadette Anavim | Legal Assistant | $   395.00 | 4.00 | $   1,580.00 |
| Leira E. Puma | Other | $   395.00 | 8.00 | $   3,160.00 |
| Michelle F. Evans | Other | $   395.00 | 8.50 | $   3,357.50 |
| Matthew J. Renck | Other | $   395.00 | 3.50 | $   1,382.50 |
| Myra Kulick | Other | $   395.00 | 11.90 | $   4,700.50 |
| Nancy H. Brown | Other | $   395.00 | 17.50 | $   6,912.50 |
| Oliver M. Carpio | Other | $   395.00 | 4.10 | $   1,619.50 |
| Rolanda L. Mori | Other | $   395.00 | 5.00 | $   1,975.00 |
| Aaron M. Bonn | Case Management Assistant | $   375.00 | 8.00 | $   3,000.00 |
| Felipe E. Arias | Other | $   375.00 | 29.30 | $  10,987.50 |
| Teresita D. Correa | Other | $   375.00 | 4.00 | $   1,500.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 0.40 | $ 140.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 7.50 | $ 2,625.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 5.80 | $ 2,030.00 |

**Grand Total:** $784,586.00
**Total Hours:** 911.00
**Blended Rate:** $861.24

28.    The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $784,586.00.

29.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended Administrative Order, and believes that this Application complies with such Rule and Orders.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of July 1, 2021 through July 31, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $784,586.00 and actual and necessary expenses in the amount of $25,808.76 for a total allowance of $810,394.76 and payment of

$627,668.80 (80% of the allowed fees) and reimbursement of $25,808.76 (100% of the allowed

expenses) be authorized for a total payment of $653,477.56; and for such other and further relief

as this Court deems proper.

Dated:  December 28, 2021          PACHULSKI STANG ZIEHL & JONES LLP

                                   */s/ James E. O'Neill*
                                   James I. Stang (CA Bar No. 94435)
                                   Robert B. Orgel (CA Bar No. 10187)
                                   James E. O'Neill (DE Bar No. 4042)
                                   John W. Lucas (CA Bar No. 271038)
                                   919 North Market Street, 17th Floor, PO Box 8705
                                   Wilmington, Delaware 19899 (Courier 19801)
                                   Telephone:  (302) 652-4100
                                   Facsimile:   (302) 652-4400
                                   Email: jstang@pszjlaw.com
                                          rorgel@pszjlaw.com
                                          joneil@pszjlaw.com
                                          jlucas@pszjlaw.com

                                   Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE         :
                          :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and the Amended Administrative Order signed on or about August 6, 2021, and submit that the Application substantially complies with such Rule and Orders.


*/s/ James E. O'Neill*_____
James E. O'Neill