**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF SULLIVAN PAPAIN BLOCK MCGRATH COFFINAS & CANNAVO, P.C.**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), SULLIVAN PAPAIN BLOCK MCGRATH COFFINAS & CANNAVO, P.C. (the "Firm"), whose clients are listed on **Exhibit A** hereto (collectively, the "Clients"), hereby submits this verified statement (this "Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1. On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

DOCS_DE:236074.1 85353/002
DOCS_LA:339929.2 85353/002

2. Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with me or other members of the Firm.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5. Annexed hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter") used by the Firm to engage the Clients. The Engagement Letter might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6. The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any

2

DOCS_LA:339929.2 85353/002

and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8. The Clients, through their undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Dated: December 27, 2021

SULLIVAN PAPAIN BLOCK MCGRATH
COFFINAS & CANNAVO, P.C.

*Frank V. Floriani*

FRANK V. FLORIANI
Sullivan Papain Block McGrath Coffinas &
Cannavo PC
120 Broadway - 27th Floor
New York, N.Y. 10271
212-732-9000

## Exhibit A

### (Client List)

| Name | Address | Claim No. |
|------|---------|-----------|
| ▓▓▓▓ | ▓▓▓▓▓▓ | ▓▓▓ |
|      |         |           |
|      |         |           |
|      |         |           |
|      |         |           |
|      |         |           |
|      |         |           |
|      |         |           |
|      |         |           |

DOCS_LA:339929.2 85353/002

EXHIBIT B

Sullivan Papain Block McGrath Coffinas & Cannavo PC
120 Broadway
New York, New York 10271

**Letter of Engagement
and
Retainer Agreement**

To: _____:

This Letter of Engagement and Retainer Agreement is furnished pursuant to various Rules as promulgated by the Courts.

**SULLIVAN PAPAIN BLOCK MCGRATH COFFINAS & CANNAVO PC**, hereinafter referred to as the "Firm", undertakes your representation in connection with the matter(s) described below:

The Undersigned Client(s), residing at _____ (hereinafter referred to as the "Undersigned"), hereby retains the Firm to prosecute or adjust a claim for damages arising from personal injuries and property damage sustained by _____ on or about the ___ day of _____, ____, through the negligence of _others, and the Undersigned hereby gives the Firm the exclusive right to take all legal steps to enforce the said claim.

In consideration of the services rendered and/or to be rendered by the Firm, the Undersigned hereby agrees to pay the Firm and authorizes the Firm to endorse for the Undersigned client checks that may be paid in settlement of this claim and/or action and to retain out of said monies that come into the Firm's hands:

Thirty-three and one-third (33⅓) percent of the sum recovered, whether recovered by suit, settlement or otherwise.

The Undersigned has been given the following options with respect to how such percentage shall be computed, and as made the selection of the how the percentage shall be computed as reflected by his/her checking the appropriate box and initialing on the adjacent line below:

☐ _____ *Option Number One:* **Client Remains Liable for Payment of All Costs and Expenses, Regardless of the Outcome of This Matter.** Percentage is computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert medical testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. The Undersigned will advance and prepay to the Firm all expenses and disbursements as they are incurred or anticipated for the enforcement of the claim and the prosecution of the action. The Firm may, in its discretion, require the Undersigned to deposit with the Firm a specified amount of money, as the Firm deems appropriate, in order for such expenses and disbursements to be paid. ; or

☒ _____ *Option Number Two:* **The Firm Agrees to Pay and Remain Liable for All Costs and Expenses In The Event The Claim or Action is Dismissed or Otherwise Rejected.** Percentage is computed on the gross sum recovered before deducting expenses and disbursements. The Firm agrees to pay and remain liable for all costs and expenses of the action and the Undersigned will **not** remain responsible for all expenses and disbursements in the event the claim or action is dismissed or otherwise rejected by any court of competent jurisdiction or by jury.

The following reflects the financial consequences of each of the above two Options, using as an example a case in which there is a recovery of $100,000 – *and this number is used only as an example that is easy to understand* – and the expenses and disbursements in the case are $10,000:

| Option Number One Example | | Option Number Two Example | |
|---|---|---|---|
| Total recovery: | $100,000.00 | Total recovery: | $100,000.00 |
| Less expenses and disbursements: | -$10,000.00 | Less 33⅓ % of $100,000: | -$33,333.33 |
| Less 33⅓ % of remaining $90,000.00: | -$30,000.00 | Less expenses and disbursements: | -$10,000.00 |
| Client's recovery: | $60,000.00 | Client's recovery: | $56,666.67 |

Examples of expenses and disbursements for expert medical and other testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action include, but are not limited to, charges for: retaining investigators; storage fees relating to the preservation of evidence; obtaining medical records; retaining Medical Examination monitoring services; retaining expert witnesses and consultants, including locating and preparing expert witnesses and consultants, obtaining reports and testimony, and related transportation, parking, mileage, meals and hotel costs; court filing fees; service of process fees; subpoena fees; costs associated with taking depositions, including stenographer's fees, videographer's fees and video teleconferencing costs; court reporter fees; notary fees; mediator, arbitrator and/or special master fees; specialized medical and legal research fees; computerized research fees; expenses for focus groups and jury consultants; photography; preparation of exhibits; photocopying and other reproduction costs; fees and expenses of non-expert witnesses; postage and delivery fees; travel costs, including parking, mileage, transportation, meals and hotel costs; long distance telephone and fax charges; and all other necessary and incidental expenses and disbursements incurred on the Undersigned's behalf. This list is not exclusive.

In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: Liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

The Undersigned hereby authorizes the Firm to endorse for the Undersigned and deposit into the Firm's escrow account any checks which may come into the Firm's hands and which are payable to the Undersigned as a result of the above claim.

This retainer agreement does not obligate the Firm to undertake to prosecute an appeal from an adverse verdict, order or judgment entered in favor of any defendant. The prosecution of any such appeal and the terms upon which same is undertaken may be the subject of a separate retainer agreement to be negotiated by the parties.

The retention of other attorneys in place of the Firm carries with it the obligation to immediately repay the Firm all disbursements incurred or advanced by the Firm and the right at the option of the Firm to have a fixed percentage of the ultimate recovery immediately determined as the fee of the Firm.

After investigation made by the Firm, they have the right to return this case to the undersigned at any stage thereof.

It is further understood and agreed by the Undersigned that this retainer neither includes nor that this Firm will represent the Undersigned for: no fault, Federal and/or State disability benefits, arbitration/litigation of no fault benefits, workers compensation benefits, litigation involving liens or rights of subrogation, appeals of any kind, supplemental proceeding to collect on or enforce any judgment or award, unless a separate agreement in writing is entered into between the Undersigned and the Firm. All liens of any kind shall be payable solely out of the Undersigned's share of the recovery and there shall be no deduction for said items in computing the attorney's fee. If the appointment of an Executor/Administrator or Guardian is required and/or if trust or guardianship proceedings must be initiated and/or Surrogate Court proceedings are required, in order to proceed with the underlying claim and/or lawsuit, a separate retainer agreement providing for a separate fee for such services may be required to be entered into. In addition, if proceedings need to be initiated in any court to withdraw funds deposited pursuant to an Infant Compromise Order, a separate retainer agreement providing for a separate fee for such services may be required to be entered into. Upon written request of the Firm by the Undersigned that another lawyer or law firm be retained to handle any such guardianship or Surrogate Court work, the Undersigned authorizes the Firm to pay the legal fees charged by said outside counsel as they are incurred and the Undersigned authorizes the Firm to treat such fees paid by the Firm to that outside counsel as recoverable expenses and disbursements.

Dated: 11/12/20                                              _____ L.S.

Copy Received: _____                             _____ L.S.