# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

## VERIFIED STATEMENT OF STOBIERSKI & CONNOR PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Stobierski & Connor (the "Firm"), hereby submits its verified statements as required under the Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief [Docket No. 6438] (the "Solicitation Order") and states as follows:

1. On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively referred to as the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to filing of this Verified Statement, the Clients listed on Exhibit A attached hereto, retained the Firm to represent their interests in these Chapter 11 Cases after consultation with undersigned counsel.

3. The Clients each hold unliquidated sexual abuse tort claims in relation to the Debtors.

4. Attached hereto as Exhibit B is an exemplar of the engagement letter used by the Firm to engage the Clients.

5. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of any of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver or release of any rights the Clients may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the Clients are or may be entitled, in law or equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; or (viii) a waiver or release of any of the Clients' rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

6. The undersigned verifies that the foregoing is true and correct to the best of his knowledge and belief.

7. The Clients, through their undersigned counsel, reserve the right to amend or

supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Dated: December 28, 2021                              Respectfully Submitted,

/s/ *John P. Connor*
Stobierski & Connor
John P. Connor, Esq. (CT Juris No. 410875)
377 Main Street
Greenfield, MA 01301
Telephone: (413) 774-2867
Facsimile: (413) 774-6551
jconnor@stobierski.com

## EXHIBIT A

| Client Name | Address | Proof of Claim Number | Economic Interest |
|---|---|---|---|
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |
| ████ | ████ | ████ | Unliquidated Abuse Claim |

**STOBIERSKI & CONNOR**
ATTORNEYS AT LAW
377 MAIN STREET
GREENFIELD, MASSACHUSETTS 01301

JOHN J. STOBIERSKI
PAMELA H. STOBIERSKI
JOHN P. CONNOR*

CHRISTOPHER M. BROWNE* **

*also admitted to practice in Connecticut
**also admitted to practice in New Hampshire

TELEPHONE
(413)774-2867
FAX
(413)774-6551
email: esq@stobierski.com

Date: December 13, 2016

## CONTINGENT FEE AGREEMENT
[To be Executed in Duplicate]

The Client, ███████████████████████████████████ retains Stobierski & Connor ("law firm"), of 377 Main Street, Greenfield, MA 01301 to perform the legal services mentioned in paragraph (1) below. The law firm agrees to perform them faithfully and with due diligence.

(1)  The claim, controversy, and other matters with reference to which the services are to be performed are: A claim against the Boy Scouts of America.

(2)  The contingency upon which compensation is to be paid is recovery of damages, whether by settlement, judgment or otherwise.

(3)  Compensation (including that of any associated counsel) to be paid to the law firm by the client on the foregoing contingency shall be the greater of (i) the amount of attorneys fees awarded by the court or included in the settlement or (ii) the amount determined by the following percentages of the gross amount collected, including attorneys fees:

   (a)  In the event of recovery prior to filing of suit the contingency fee to be paid is ███████████████ percent of any recovery, including all legal fees recovered on behalf of the client.

   (b)  In the event that suit is filed on the claim, the contingency fee is to be paid as follows: ███████████ percent of any recovery, including all legal fees recovered on behalf of the client;

   (c)  In the event that an appeal is taken, then the Client shall pay to the law firm an additional ███████████, over and above the above-mentioned ███████████.

   (d)  In the event that a favorable verdict is set aside on motion for a new trial or by reason of an appeal by defendant to the Supreme Judicial Court, and a second trial is had before collection upon the claim, the Client shall pay to the law firm an additional ███████████ over and above the above-mentioned ███████████.

Page 2

(4)  The client is in any event liable to the attorney for reasonable expenses and disbursements.

(5)  In the event the lawyer refers this case to successor counsel the client acknowledges and agrees the successor counsel shall share his/her fee with the lawyer. In no event shall successor counsel's fee be greater than that set forth in this agreement and client consents to this division of fees.

(6)  If the attorney-client relationship is terminated before the conclusion of the case for any reason, the attorney may seek payment for the work done and expenses advanced before the termination. Whether the lawyer will be entitled to receive any payment for the work done before the termination, and the amount of any payment, will depend on the benefit to the client of the services performed by the lawyer as well as the timing and circumstances of the termination. Such payment shall not exceed the lesser of (i) the fair value of the legal services rendered by the lawyer, or (ii) the contingent fee to which the lawyer would have been entitled upon the occurrence of the contingency. This paragraph does not give the lawyer any rights to payment beyond those conferred by existing law.

(7)  Circumstances and facts may arise during the prosecution of client's case that may cause the lawyer to withdraw from representation. Should Stobierski & Connor decide to withdraw by executing this agreement client agrees in advance to permit Stobierski & Connor to do so. Stobierski & Connor agree to not charge client any fee for their services should they withdraw.

(8)  Client acknowledges that attorney has informed him/her that their file will be destroyed six (6) years after conclusion of their case and that should they wish to obtain their file, they will provide a written request to the attorney for their file prior to the expiration of that time period.

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.

WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Witness to signature                           Signatures of client and lawyer

(To client) _____            _____
                                               (Signature of client)

                                               _____
                                               (Signature of lawyer)