**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                          Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF GOMEZ TRIAL ATTORNEYS**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Gomez Trial Attorneys (the "Firm"), whose clients are listed on **Exhibit A** attached hereto (collectively, the "Clients"), hereby submits this verified statement ("Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1.        On February 18, 2020, the (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.        Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** attached hereto, retained the Firm to represent their interests in these Chapter 11 cases.

3.      The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4.      In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of names and addresses of each Client, the "nature and amount of each disclosable economic interest" held by each Client, and the claim number of each Client. The information set forth in **Exhibit A** is based upon information the Clients provided to the Firm and is subject to change.

5.      Attached hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter") used by the Firm to engage the Clients. The Engagement Letter may contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6.      The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7.      Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved.

2

8.      The Clients, through their undersigned counsel, reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

DATED:        December 28, 2021            Respectfully submitted,

                                           **GOMEZ TRIAL ATTORNEYS**

                                           Allison C. Worden
                                           Max E. Halpern
                                           **GOMEZ TRIAL ATTORNEYS**
                                           655 W Broadway, Suite 1700
                                           San Diego, CA 92101
                                           Tel:    (619) 237-3490
                                           aworden@thegomezfirm.com
                                           mhalpern@thegomezfirm.com

# Exhibit A

# (Client List)

| Last Name | First Name | Claim Number | Address (Attorney) | Economic Interest |
|---|---|---|---|---|
| ███ | ███ | 71542 | c/o Gomez Trial Attorneys 655 W. Broadway, Ste. 1700 San Diego, CA 92101 | Unliquidated Abuse Claim |
| ███ | ███ | 71584 | c/o Gomez Trial Attorneys 655 W. Broadway, Ste. 1700 San Diego, CA 92101 | Unliquidated Abuse Claim |
| ███ | ███ | 94134 | c/o Gomez Trial Attorneys 655 W. Broadway, Ste. 1700 San Diego, CA 92101 | Unliquidated Abuse Claim |

# EXHIBIT B

# (Engagement
# Letter Exemplar)



10/28/2020



*Sent via US Mail or Electronically*

**Re:     Representation Agreement**

The purpose of this letter is to confirm that you have retained Gomez Trial Attorneys for the purpose of pursuing all legal remedies against those responsible for the injuries you suffered as a result of the incidents of abuse during your childhood.

The ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between ████ ████ ("Client") and Gomez Trial Attorneys ("Attorney") and encompasses the following provisions:

1.      CONDITIONS. This Contract will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Contract.

2.      SCOPE AND DUTIES. Client hires Attorney to provide legal services in connection with pursuing claims against all those responsible for the injuries you suffered. Attorney shall provide those legal services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Attorney's duties do not include appeal, and collection efforts on the judgement. Attorney will assist in the negotiation of third-party liens and reimbursement claims, if any, but will not litigate them. Client shall be truthful with Attorney, cooperate with Attorney, and keep Attorney informed of developments.

3.      FEES. Client will pay Attorney fees of 33% of all amounts recovered by way of settlement, prior to the filing of a lawsuit. After the filing of a lawsuit, Client will pay Attorney fees of 40% of any settlement or recovery that Attorney obtains for Client up to 100 days before the initial trial date provided by the court. If the matter is not settled 100 days before the initial trial date, Client will pay Attorney fees of 42% of all amounts recovered, whether by settlement or trial. The calculation of fees shall be based on any settlement or recovery before the deduction of any expense or cost, or the "gross" recovery. The rate of contingency fees is not set by law, but has been negotiated between the parties. If no recovery is made, no fees will be charged.

4.    COSTS AND EXPENSES. In addition to paying legal fees, Client shall reimburse Attorney for all costs and expenses incurred by Attorney, including process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, travel, messenger and other delivery fees, parking, investigation expenses, consultants' fees, expert witness fees, and other similar items. Client authorizes Attorney to incur all reasonable costs to hire any investigators, consultants, or expert witnesses reasonably necessary in Attorney's judgment. Attorney will advance those costs and expenses. Client may pay those costs monthly and has the right to request an accounting of those costs. The costs incurred that Attorney advances and carries will be owed in addition to attorneys' fees and Client will reimburse those costs after attorney's fees have been deducted. There will be a 9% interest charge on any costs and expenses advanced by Attorney. In cases involving more than one defendant, settlement monies will be held in client trust pending resolution of the entire case.

5.    LIEN RESOLUTION. Client understands and agrees that Attorney may contract with some third party to negotiate and resolve any medical or other liens or claims by any health insurance company or government agency.  Client understands and agrees that payment to such third party shall be a "cost" to client within the meaning of Paragraph 4 above.

6.    FINANCING CHARGES. Client understands that Lawyer reserves the right to utilize litigation financers to cover the costs associated with prosecuting Client's case. Interest associated with such financing shall be treated as a chargeable disbursement against Client's case.

7.    LIEN.  Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Contract. Attorney's lien will be for any sums due and owing to Attorney at the conclusion of Attorney's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

8.    DISCHARGE AND WITHDRAWAL.  Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good Cause includes Client's breach of this Contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical. Attorney may also discharge Client if Client at any time is dishonest with Attorney, or fails to provide relevant information to Attorney. Attorney may also discharge Client if Attorney determines Client's claims no longer economically merit prosecution by Attorney.

10/28/2020
Page 3 of 3

9.    DISCLAIMER OF GUARANTEE. Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only.

10.    EFFECTIVE DATE. This Contract will take effect upon execution by Client and Attorney.

The above is approved and agreed upon by both parties

Dated: _____

_____
Max E. Halpern, Esq.
**Gomez Trial Attorneys**

Dated: _____

Client Signature