**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |

**VERIFIED STATEMENT OF**
**BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP,**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Barket Epstein Kearon Aldea & LoTurco, LLP (the "Firm"), whose client is listed on **Exhibit A** hereto (the "Client"), hereby submits this verified statement (this "Verified Statement") as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Formsof Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No, 6438] (the "Solicitation Order") and states as follows:

1. On February 18, 2020 (the "Petition Date"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to section 1107 and 1107 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, TX 75038.

2. Prior to the filing of this Verified Statement, the Client listed on **Exhibit A** hereto retained the Firm to represent their interests in these Chapter 11 Cases after consultation with me.

3. The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4. In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client is set forth in the respective proofs of claim filed by or on behalf of each Client in the Chapter 11 Cases. The proof of claim number of each Client is set forth on **Exhibit A**. The information set forth on **Exhibit A** is based upon information the Client provided to the Firm and is subject to change.

5. Attached hereto as **Exhibit B** is an exemplar of the engagement letter (the "Engagement Letter') used by the firm to engage the Client. The Engagement Letter might contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Client.

6. The undersigned verifies that the foregoing is true and correct to the best of his knowledge.

7. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Client to have any final order entered by, or other exercise of judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to jurisdiction of the Court over any matter; (iv) an election of remedy; (v) waiver of release or any rights the Clients

may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8. The Client, through undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Dated: December 28, 2021

Respectfully,

**BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

/s/ *Alexander Klein*
Alexander Klein, Esq.
666 Old Country Road, Suite 700
Garden City, New York 11530
T: (516) 745-1500
F: (516) 745-1245
E: aklein@barketepstein.com

# Exhibit A

| CLIENT NAME | ADDRESS | PROOF OF CLAIM NUMBER |
|---|---|---|
| ███ | ███ | █ |

# Exhibit B



# BARKETEPSTEIN
BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

## AGREEMENT

This Retainer Agreement is made between Barket Epstein Kearon Aldea & LoTurco, LLP, Attorneys at Law (hereinafter referred to as the "Attorneys"), with offices at 666 Old Country Road, Suite 700, Garden City, New York 11530 and ███████████, parent and legal guardian of, and ███████████, a minor, (referred to as the "Clients"), currently residing at ███████████████████████████████.

1. The Clients hereby retain the Attorneys to represent them in connection with a Civil Action against Boy Scouts of America, Theodore Roosevelt Council Local Chapter, Jonathan Spohrer individually, and others to be determined.

2. By engaging the Attorneys pursuant to this Agreement, Clients authorizes Attorneys to represent the Clients and grants the Attorneys the exclusive right to take all action with respect to enforcement of this claim as the Attorneys deem advisable on Clients' behalf to attempt to achieve the results for which the Attorneys have been retained. Nevertheless, Attorneys will, whenever possible, endeavor to consult with Clients in advance with respect to action Attorneys intend to take.

3. The Attorneys' fee for all legal services rendered, will be contingent upon collection of a sum recovered which is satisfactory to the Clients whether obtained through settlement or judgment, notwithstanding the extent of legal services provided. Upon successful procurement of said sum, the Clients agree that the Attorneys will retain an amount in accordance with the following graduated schedule:

Client Initials 

1


a. In the event that there is no recovery, there shall not be any legal fee for this matter, but the client will remain responsible for reimbursing the Attorneys for disbursements, as defined in paragraph "7" below.

b. 

c. Said fee shall be computed on the gross sum recovered deducting and/or discounting from the amount recovered, expenses and disbursements for costs and fees chargeable to the enforcement of the claim only. Items such as medical care, treatment by doctors and nurses or reimbursement from insurance carriers are not deductible from the sum recovered.

d. Any liens, disbursements expended by the Attorneys on behalf of the Clients or by the Clients directly, any assignment of claims or any other debts to be paid from the recovery of settlement shall not be deducted for purposes of calculating the Attorneys' fee.

e. Any expenses incurred after the filing of final document(s) with any court remain the responsibility of the Clients, and will be repaid to the Attorneys either directly by the Clients, or withheld from the Clients' net settlement payment, whichever the Clients prefers. If it is the former, reimbursement must occur prior to disbursement of the settlement.

4. 

5. Each year the Attorneys review the billing rates of all of their professionals and will typically increase their rates in a manner they believe is fair and reasonable. Accordingly, Clients acknowledges that the Attorneys' hourly rates are subject to incremental increases each year at

Client Initials 

the discretion of the Attorneys, although the rates shall not be increased for the Clients more frequently than once a year, commencing from the date of this agreement.

6. The Clients authorize the Attorneys to receive monies directly from an insurance company and grant the Attorneys Power of Attorney to endorse any checks on the Clients' behalf for purposes of depositing the check and collecting the Attorneys' legal fee.

7. The Attorneys may advance, but the Clients shall be responsible for, the payment of all disbursements for expenses. The disbursements may include, but are not limited to, such items as fees for investigative services, expert witness fees, costs incurred to obtain medical reports, and any other reasonable and necessary expenses incurred on behalf of the Clients in connection with representation as to the above matter. Attorneys shall have the right and option, at any time, to require the Clients to advance expenses which need to be incurred in order to continue with the prosecution of the matter. In the event the Clients fails or refuses to pay or advance expenses upon request, the Attorneys shall have the right to stop all work and withdraw as counsel for the Clients.

8. The Attorneys and the Clients further agree that in the event a dispute should arise as to the Attorneys' fees for legal services, they will resolve the fee dispute by arbitration conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) in the County of Nassau regardless of the amount of the fee that is in dispute, except that they agree to be bound by the decision of the arbitrator(s) and agree to waive their rights to reject the arbitrator(s) award by commencing an action on the merits (trial *de novo*) in a court of law within 30 days after the arbitrator(s) decision has been mailed. The Attorneys and the Clients understand that neither are required to agree to waive their right to seek a trial *de novo* under Part 137. This Agreement does not foreclose the parties from attempting to resolve this fee dispute at any time through voluntary mediation.

9. By signing this Agreement, Clients acknowledge receipt of material that the Attorneys are legally required to forward to all new clients; i.e., a copy of: (i) Statement of Client's Rights, (ii) Statement of Client's Responsibilities and (iii) Standard Written Instructions and Procedures to Clients for the Resolution of Fee Disputes Pursuant to Part 137 and the written Local Program Rules and Procedures for the Attorney-client Fee Dispute Resolution Program of the Tenth Judicial District, Nassau County.

Client Initials 

3

10. Unless the Attorneys are discharged for cause, they shall be entitled to the fee specified herein, plus reimbursement of costs and expenses, notwithstanding that Clients may have discharged the firm or obtained a substitution of another lawyer prior to receipt of the recovery.

11. The Attorneys may withdraw from, or terminate, representation of the Clients in this action at any time after reasonable notice to Clients for reasons permitted by the Disciplinary Rules, such as non-payment of fees or disbursements, misrepresentation or failure to disclose material facts, taking action contrary to the Attorneys' advice, failing to communicate or cooperate with Attorneys, and conflict of interest with another client. The Attorneys withdrawal or termination of services shall not affect Clients' responsibility to pay for legal services rendered and disbursements made before such termination or withdrawal.

12. The Clients and Attorneys acknowledge, understand, and agree that the Attorneys undertake to exercise their best judgment and to put forth their best efforts in the performance of all services and duties under this Agreement, but since results are influenced by many variables beyond either the Attorneys' or the Clients' control, it is acknowledged, understood, and agreed that the Attorneys do not stipulate or guarantee specific results or outcomes from their services under this Agreement or in the matter identified in Paragraph 1 above for which Clients are retaining Attorneys under this Agreement.

13. By engaging the Attorneys pursuant to this Agreement, Clients authorizes Attorneys to take all action Attorneys deem advisable on Clients' behalf to attempt to achieve the results for which Attorneys have been retained. Nevertheless, Attorneys will, whenever possible, endeavor to consult with Clients in advance with respect to action Attorneys intend to take.

**AGREED AND ACCEPTED**:

David J. Ayres, Esq.
Barket Epstein Kearon Aldea & LoTurco, LLP
666 Old Country Road, Suite 700
Garden City, New York 11530
(516) 745-1500

4