1   IN THE U.S. DISTRICT COURT-
2      BANKRUPTSY Court OF DelAware
3
4
5
6
7
8
9   RE: BOY SCOUTS OF AMERICA +
10     DelAware BSA, LLC.
11
12  CASE # 20-10343 (LSS)
13
14  Date: 11/23/21
15
16  -GENERAL NOTICE - & exhibits
17
18  Your HONOr, I sent this thru a
19  3rd party to expedite Nonetheless: it is
20  sent from + by me:
21  , Creditor + claimaint to this action,
22  you will be recieving similar notices
23  in the next few days to please
24  review + consider with this-
25
26



pg. 2

As you know, IM IN JAIL & Try My best to stay on top of My CLAIM & This CASE - I recieved My ballot TODAY, 3 IN FACT. 1 of which I put on FILe here, 1 to My Alleged AVA lawyer & 1 to OMNi - Just to be sure.

　　# 1 I recieved courteousy copies from OMNi & MANY other people the Notice of hearing, order Approval, Future claimants representative FAQ's & letter including coalition of Abused scouts for Justice & Cort appointed Future claim, rep., BSA National counsel letter & FAQ, The courts very large Disclosure, AND: Tort CLAIMS committee rejection recomendation

#2 I attached copies (some) Just to show you

　　LATE CLAIMS:

#3 I also attached them to show you That they recognized & IN some cases verified my CLAIMS were NoT LAte as 88893 SCOUTS/ TCC cIAIMS & is telling the US Trustee

## p.3

IM IN JAil + MY MAil is Delayed
UP TO 60, even 90 DAYS SOME TIMES.
As Ive repeatively explained on
this Docket how + why + even
my JAil officiAl's Declarations.

<u>LeeAl MATeriAl</u>:
#4 I do NOT/ NO LONGer require
You To send To Me any
MATeriAls iE: Disclosure/FAQ's
+similAr items, however SINCE I
AM electing Not to recieve The
expedited $3500.00, I will be
Needing the * TRUST ClAim SUBMissiON
FORM* explaining IN ellaborate
Detail My INJUries - I have zero
access to the phone/computer * only
to you. MY MOM is computer illáterate
+hAs to hire someone JUst To
logiN + print an eMail.
   * please Note that I did File A
Document titled proof of ClAim on
this Docket within the past senerAl
Months IN lieu of *Trust ClAim*
Detailing My INJUries for Trustee/ etc
   to USE IF Need be

p.4

# #5 LATE CLAIMS:

I Also believe A repressed memory ecemption applies to Me. I do Not hAve any unclassified or Disputed or Non Voting status claims (but a Direct abuse class 8)
Im elligible to Vote according to omni~ AVA & official commitee of secured crediters who determined I get a ballot.
Art. IX TDP Trust Dist. proc. claimant elligibility states Discusses "tolling" - IF the action WAS already pending in A court at the time of the Deadline, it is Not late- in My cAse I had several filed (see Notices I filed on This Docket Detailing Them) on, around, & before the 11-16-20 Deadline

# #6 Disputed claim/

in the event the Trustee Disputes My claim, Imopen to Depositions here at the JAil, including The agreement (see CV16650a DocS9 Sept 2019) where My JAil Does prisoner settlement program where DOJ, USDC Judge Priancini, AG on 300 S. Spring St, & Doctors come interview Me in person

p.5

*I would Also Then like to take My
claim to your court for Determination
-I want to appear on All AvAilible
hearings by This court FAXing My legal
unit 2132299989 tissue an order To
grant Me lawlibrary status/access To
litigate this Because I continue to FAll
shortof my legal writings/law access.


#7 objections - My only objections are
claims Now by TCC/93 scouts & Future
us Trustee My claims are lAte as I
continue to stAte on the docket in My
multiple filings, AND I object to The
FAct thAt:

A) My local scout Troop was Sponsored
by a 3rd party charter orgANizAtion (Not morMon
or TCJC, but a christian church in the
Greater Los Angeles county, B I choose
(opt out) Not to release theM & in
FAct have another Tort/claim Filed
(with AVA I believe)
I am A layman to The law but thAt Is how
I interpreted XJ4 - opting out = Not To
release these 3rd party charters left open
For open/unplaced
events/
claims

(SEE Attached exhibits)

6



**TORT CLAIMANTS**
**COMMITTEE**

## TORT CLAIMANTS COMMITTEE RECOMMENDS THAT SURVIVORS
## VOTE TO REJECT THE BOY SCOUTS PLAN

The Official Tort Claimants Committee (TCC) in the chapter 11 bankruptcy of the Boy Scouts of America (BSA) urges survivors to *vote to reject BSA's Plan*. The Plan is grossly unfair to the 82,200 survivors who were sexually abused as children.

**In the TCC's opinion, survivors may receive less than 10 cents on the dollar under the current BSA Plan.**

---

**The TCC urges you to attend the TCC's "Town Hall" meetings. The TCC will discuss its determinations about BSA's Plan. The Schedule for the Town Hall meetings can be found at www.tccbsa.com or by emailing BSASurvivors@pszjlaw.com. The Zoom link to the Town Hall meetings: https://pszjlaw.zoom.us/j/82272826295 OR telephone: 1-669-900-9128; Code: 82272826295#**

---

The TCC was appointed by the United States Trustee as the official fiduciary representative for all survivors of childhood sexual abuse and it recommends that survivors *vote to reject BSA's Plan*. The nine members of the TCC have collectively spent thousands of hours devoted to assuring that survivors are fairly compensated. After all this time, BSA's Plan does not accomplish that goal. While the topline cash settlement number in the BSA's Plan seems large (approximately $1.8 billion), it only represents a fraction of what the TCC believes the settling parties should and can pay to tens of thousands of survivors based on their financial exposure and available assets. While the BSA will be seeking further settlements and contributions from insurers and Chartered Organizations, at this time, there are none and there is no guarantee that BSA will be able to settle with such parties and provide further insurance or cash to pay claims.

The key flaws in BSA's Plan include:

- BSA's Plan includes settlements with Local Councils that leave them with over a billion dollars of cash and property in excess of what their current need to fulfill the mission of Scouting.
- Under the terms of BSA's Plan, Chartered Organizations do not pay a cent for broad releases for more than 40 years of sexual abuse claims (1976-2020). Instead, Chartered Organizations receive a release of their sexual abuse liability in exchange for a transfer of their interest in insurance policies purchased by the BSA and Local Councils.
- BSA's Plan includes a settlement with The Church of Jesus Christ of Latter-Day Saints (TCJC) that is completely insufficient to pay for claims for which it has liability.
- The Hartford Insurance Company (Hartford), the only settling insurer to date, is paying a small fraction of the coverage it is contractually obligated to provide.

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 6445** |

### TYPOGRAPHICAL CORRECTION FOR THE AMENDED DISCLOSURE STATEMENT FOR THE MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

NOTICE IS HEREBY GIVEN THAT a typographical correction must be made to the chart on page 253 of the Disclosure Statement [Docket No. 6445], which is in Section IX.D (*Best Interests of Creditors / Liquidation Analysis*), to change the "Estimated Amount" under the column titled "Estimated Recovery in Chapter 7" from "3.16 million" to "316 million," as set forth below:

| Class | Designation | Estimated Amount and Approximate Percentage Recovery | Estimated Recovery in Chapter 7 |
|---|---|---|---|
| 6 | General Unsecured Claims | Estimated Amount: $26.5 million – $33.5 million<br><br>Estimated Percentage Recovery: 75 – 95% | Estimated Amount: $3.16 million<br><br>Estimated Percentage Recovery: 8 – 21% |

to be replaced by:

| Class | Designation | Estimated Amount and Approximate Percentage Recovery | Estimated Recovery in Chapter 7 |
|---|---|---|---|
| 6 | General Unsecured Claims | Estimated Amount: $26.5 million – $33.5 million<br><br>Estimated Percentage Recovery: 75 – 95% | Estimated Amount: $316 million<br><br>Estimated Percentage Recovery: 8 – 21% |

Except as set forth above, the Disclosure Statement remains unchanged.

---

[1]　The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.



Creditor: ████████

| How Do I Vote? |
|---|
| **Master Ballots** |

- **YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND CONSULT AN ATTORNEY BEFORE VOTING.**

- If you are represented by an attorney, your attorney will collect YOUR voting decision from you and mark YOUR election on the master ballot.

- Unless you have given your attorney written authority to make a decision for you and vote on your behalf, your attorney can only record the elections that YOU decide.

- If possible, instruct your attorney how YOU want to vote by using e-mail. Keep a copy of the e-mail that you send.

- If your attorney is not helping or responding, you may ask the Voting Agent (Omni) for your own ballot by emailing: **BSAballots@omniagnt.com**

- Blank copies of ballots will also be available at: **https://omniagentsolutions.com/BSA** on the "Plan and Solicitation Tab" to be activated on October 15.

| **Individual Ballots** |
|---|

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT, ENTIRE BALLOT, AND CONSULT AN ATTORNEY BEFORE VOTING**

- If you do not have an attorney or your attorney is NOT collecting your vote by a master ballot you will use an INDIVIDUAL ballot to cast your vote.

- The key elections are in the following pages where you must do the four following things:

  1. Elect to REJECT or ACCEPT the Plan. TCC Recommends to **REJECT**.

  2. **IF** you want $3,500 Distribution, check box. If <u>NOT</u>, do <u>NOTHING</u>.

  3. If you have other claims against BSA, check the OPT-OUT Box.

  4. Fill out all of your information and sign the Ballot.

  5. Mail your ballot to Omni so that it is **received** by **4:00 p.m. (ET) on December 14**.

| **Where Do I Send My Ballot?** |
|---|

Submit your **completed** and **signed** Ballot by standard mail using the pre-addressed envelope:

Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions
5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367

| **What If I Have Questions?** |
|---|

- If you have an attorney, contact him/her.

- E-mail TCC at **BSASurvivors@pszjlaw.com**

- Call Omni Voting Agent toll-free restructuring hotline at 866-907-2721

- E-mail Omni Voting Agent at: **BSAballots@omniagnt.com**

- Write to Omni Voting Agent Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367

- Submitting an inquiry on Voting Agent website at **https://omniagentsolutions.com/BSA**

9

 

CLMSCH NO: ████ BALL OT II ████

# KEY BALLOT PAGES

example
on
how to
Fill out;
ex. of

↑CAN be
used AS
Ballot in
event
AralOMNi
didnt get it

10

CREDITOR/CLAIMANT : ████████████████

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

> **PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW.  PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 4.  IF THIS BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1.  Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date, the undersigned holds a Direct Abuse Claim in the amount set forth below. **Please note that, except as otherwise may be set forth in the Disclosure Statement and Solicitation Procedures Order, each Direct Abuse Claim in Class 8 has been temporarily allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.**

> Debtor: *Boy Scouts of America*
>
> Claim(s) Amount: $1.00 *(For voting purposes only)*

**Item 2. Vote on the Plan.**

Please vote either to accept or to reject the Plan with respect to your Claims in Class 8 below (please check one).  Any Ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

Prior to voting on the Plan, please note the following:

If you vote to accept or reject the Plan, you shall be deemed to have consented to the release set forth in Article X.J.4 of the Plan unless you opt out of the release by checking the box in Item 4 below.

If you abstain from voting, you shall not be deemed to have consented to the release provisions set forth in Article X.J.4 of the Plan.  The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions in Article X of the Plan.

> Check **only** one box:
>
> ☒ **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan *MS*
>
> ~~☐ REJECT (*I.E.*, VOTE AGAINST) the Plan~~

**Item 3.  Expedited Distribution Election.**

Please note that if you make the Expedited Distribution election set forth in Item 3, you must still complete the remaining Items on this Ballot.

---

**If the Plan is confirmed as set forth above and in the Plan, the holder of an eligible Direct Abuse Claim ELECTS to:**     NO!

☐     Receive the Expedited Distribution of a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures, in exchange for a full and final release in favor of the Settlement Trust, the Protected Parties, and the Chartered Organizations.

---

**Item 4.  Optional Release Election.**

**Unless a holder of a Class 8 Claim who votes to accept or reject the Plan opts out of the Releases by holders of Claims set forth below, such holder shall be deemed to have consented to the releases contained in Article X.J.4 of the Plan, which provides as follows:**

**Article X.J.4 of the Plan—Releases by Holders of Claims.**

As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties[1] to facilitate and implement the reorganization of the Debtors and the settlements embodied in the Plan, including the JPM / Creditors' Committee Settlement, the Hartford Insurance Settlement, and the TCJC Settlement, as an integral component of the Plan, and except as otherwise expressly provided in the Plan or the Confirmation Order, to the maximum extent permitted under applicable law, as such law may be extended subsequent to the Effective Date, all Releasing Claim Holders[2] shall, and shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever

---

[1]  "Released Parties" means, collectively, the following Persons, in each case in its or their respective capacities as such: (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Creditors' Committee; (e) the members of the Creditors' Committee in their capacities as such; (f) the Tort Claimants' Committee; (g) the members of the Tort Claimants' Committee in their capacities as such; (h) the Future Claimants' Representative; (i) the Coalition; (j) JPM; (k) the Settling Insurance Companies, including Hartford; (l) the Contributing Chartered Organizations, including TCJC; (m) the Foundation, in its capacity as lender under the Foundation Loan Agreement; (n) the Ad Hoc Committee; (o) the members of the Ad Hoc Committee in their capacities as such; (p) the Creditor Representative; (q) the Mediators; and (r) all of such Persons' Representatives; provided, however, that no Perpetrator is or shall be a Released Party; provided further, that the definition of "Released Parties" shall in all instances be subject to Article X.J. of the Plan.

[2]  "Releasing Claim Holder" means, collectively, (a) all holders of Claims that vote to accept the Plan and do not opt out of the releases set forth in Article X.J.4 of the Plan; (b) all holders of Claims that are presumed to accept the Plan, except for holders of such Claims that file a timely objection to the releases set forth in Article X.J.4 of the Plan; (c) all holders of Claims entitled to vote on the Plan and who vote against the Plan and do not opt out of the releases set forth in Article X.J.4 of the Plan; and (d) all of such Persons' predecessors, successors and assigns, subsidiaries, affiliates, current and former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and all such Persons' respective heirs, executors, estates, servants and nominees, in their respective capacities as such. No holder of a Claim in a Class that is Impaired under the Plan will be deemed a "Releasing Claim Holder" to the extent such holder abstained from voting.

12

release and discharge each and all of the Released Parties of and from any and all Claims, Interests, obligations, rights, demands, suits, judgments, damages, debts, remedies, losses and liabilities of any nature whatsoever (including any derivative claims or Causes of Action asserted or that may be asserted on behalf of the Debtors, Reorganized BSA, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date (including before the Petition Date) in connection with or related to the Debtors, the Estates, their respective assets and properties, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between one or both of the Debtors and any Released Party, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Cases, any of the Plan Documents, the JPM / Creditors' Committee Settlement, the Hartford Insurance Settlement, the TCJC Settlement, or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Cases or the negotiation, formulation, preparation or implementation thereof, the pursuit of Confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the Distribution of property under the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; <u>provided</u>, <u>however</u>, that the releases set forth in <u>Article X.J.4</u> of the Plan shall not, and shall not be construed to: (a) release any Released Party from Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct; (b) release any post-Effective Date obligations of any Person under the Plan Documents or any document, instrument, or agreement executed to implement the Plan; or (c) modify, reduce, impair or otherwise affect the ability of any holder of an Allowed Non-Abuse Litigation Claim to recover on account of such Allowed Claim in accordance with <u>Article III.B.9</u> of the Plan.  Notwithstanding the foregoing or anything to the contrary herein, (i) with respect to holders of Allowed General Unsecured Claims or Allowed Non-Abuse Litigation Claims, nothing in the Plan or the release set forth in <u>Article X.J.4</u> of the Plan  shall, or shall be construed to, release any claims or Causes of Action against any Local Council, Chartered Organization (other than a Contributing Chartered Organization), or Non-Settling Insurance Company (subject to <u>Article IV.D.3</u> of the Plan)and (ii) nothing in the Plan or the release set forth in <u>Article X.J.4</u> of the Plan shall, or shall be construed to, release any claims or Causes of Action asserted by Century Indemnity Company against Sidley Austin LLP ("<u>Sidley</u>") related to Sidley's representation of the Debtors prior to the Petition Date.

If you voted to accept or reject the Plan in Item 2 above, check this box if you elect not to grant the release contained in <u>Article X.J.4</u> of the Plan.

| |
|---|
| The undersigned, as a holder of (or representative of a holder of) a Class 8 Claim, elects to: |
| ☒   **Opt out of the third party release in <u>Article X.J.4</u> of the Plan.**  *yes* |

*13*

| | |
|---|---|
| Print or Type Name of Claimant: | |
| Last Four Digits of Social Security Number of Claimant: | |
| Birthdate of Claimant (MM/DD/YY): | |
| Signature: | |
| Name of Signatory (if different than Claimant): | |
| If by Authorized Agent, Title of Agent: | |
| Street Address: | at? |
| City, State, Zip Code: | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

PleASe UPDAte ADDRess on File

**IF THIS BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT
ON OR BEFORE <u>DECEMBER 14, 2021 AT 4:00 P.M. (EASTERN TIME)</u>,
YOUR VOTE WILL NOT BE COUNTED.**

Prisoner MAilbox Rule
Filed this DAte

14



**BOY SCOUTS OF AMERICA**
NATIONAL COUNCIL

The Debtors and other Supporting Parties believe that the Plan constitutes a good-faith compromise and settlement of all Claims and controversies based upon the unique circumstances of these chapter 11 cases, and will provide the maximum recovery for creditors. The Debtors and other Supporting Parties believe that the acceptance of the Plan by holders of Claims entitled to vote to accept or reject the Plan is in the best interests of holders of Claims against the Debtors. Moreover, the Debtors and other Supporting Parties believe that any alternative other than Confirmation of the Plan may result in, among other risks, delays and significantly increased administrative expenses, and significantly diminished distributions on account of Allowed Claims.

> **THE DEBTORS AND OTHER SUPPORTING PARTIES STRONGLY URGE YOU TO TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**
>
> **THE VOTING DEADLINE IS DECEMBER 14, 2021 AT 4:00 P.M. (EASTERN TIME).**

For the reasons set forth herein and in the Disclosure Statement, the Debtors and other Supporting Parties recommend that all persons or entities entitled to vote on the Plan vote to accept the Plan by timely submitting a properly completed ballot. Instructions for casting your vote on the Plan are provided on your ballot. You are strongly encouraged to submit your ballot online via the E-Ballot Platform on the Solicitation Agent's website. In order to have your vote to accept or reject the Plan counted, your Ballot must **actually be received** by the Solicitation Agent on or before **December 14, 2021 at 4:00 p.m. (Eastern Time)**.

If you would like electronic copies of any of the materials enclosed herein, or any other filings in the Debtors' chapter 11 cases, they can be accessed at the Debtors' restructuring website free of charge at https://omniagentsolutions.com/BSA.

If you have any questions, or need to obtain additional solicitation materials, you may contact the Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (b) emailing BSAballots@omniagnt.com, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/bsa. Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney.

Sincerely,

*Boy Scouts of America and Delaware BSA, LLC*

1325 West Walnut Hill Lane
P.O. Box 152079
Irving, TX 75015-2079
972-580-2000
www.scouting.org

15

**Prepared. For Life.**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 29, 2021 at 10:00 a.m. (ET)** **Objection Deadline: April 16, 2021 at 4:00 p.m. (ET)** |

### AMENDED NOTICE OF HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOYS SCOUTS OF AMERICA AND DELAWARE BSA, LLC

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed:

- the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2293, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[2]

- the *Disclosure Statement for the Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2294, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"); and

- the *Debtors' Motion for Entry of An Order (I) Approving Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 2295, filed March 2, 2021] (the "Solicitation Procedures Motion").

The Plan contains releases of the Debtors and certain third parties and related injunction provisions. If approved, these provisions could release Abuse Claims held against the BSA and certain third parties, including against Local Councils and Contributing Chartered Organizations.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures Motion (defined as below), as applicable.

16

If approved, these provisions would prohibit holders of Abuse Claims from filing lawsuits against the BSA and certain third parties related to any Abuse Claim. Instead, the Plan provides a mechanism by which Abuse Claims against the Debtors will be channeled to a trust established pursuant to section 105(a) of the Bankruptcy Code. The Debtors are proponents of the Plan and support confirmation thereof. You should carefully review the Plan and the applicable release, injunction, and related provisions at https://omniagentsolutions.com/BSA.

**PLEASE TAKE FURTHER NOTICE THAT:**

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has scheduled a hearing for **April 29, 2021 at 10:00 a.m. (Eastern Time)** (the "<u>Disclosure Statement Hearing</u>")[3] to determine whether to, among other things, approve the Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>").

2.      The Disclosure Statement Hearing will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the Bankruptcy Court, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. The Disclosure Statement Hearing may be adjourned from time to time without further notice other than the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for the hearing filed with the Bankruptcy Court. If the Disclosure Statement Hearing is continued, the Debtors will post the new date and time of the Disclosure Statement Hearing at https://omniagentsolutions.com/BSA. The Disclosure Statement and Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law, before, during, or as a result of the Disclosure Statement Hearing, without further notice to creditors or other parties in interest.

3.      Copies of the Disclosure Statement, the Plan, and the Solicitation Procedures Motion are available for review and download free of charge on the website maintained by the Debtors' claims, noticing, and solicitation agent, Omni Agent Solutions (the "<u>Solicitation Agent</u>"), at https://omniagentsolutions.com/BSA. Copies of the Disclosure Statement and the Plan are also available upon request by (a) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (b) emailing BSAballots@omniagnt.com, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA. You may also access these materials for a fee via PACER at http://www.deb.uscourts.gov/. Responses and objections to approval of the Disclosure Statement or the other relief sought by the Debtors in connection with the approval of the Disclosure Statement must: (i) be in writing; (ii) state the name and address of the objecting party or party proposing a modification to the Disclosure Statement and the nature and amount of the Claim of such party; (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted into the Disclosure Statement to

---

[3]      The Disclosure Statement Hearing was previously scheduled for a hearing on April 15, 2021 at 10:00 a.m. (Eastern Time), but, at the direction of the Bankruptcy Court, the Debtors have moved the Disclosure Statement Hearing to April 29, 2021 at 10:00 a.m. (Eastern Time).

17

resolve any such objection or response and include any evidentiary support therefor; and (iv) be filed, together with proof of service, with the Bankruptcy Court and served so as to be actually received on or before **April 16, 2021 at 4:00 p.m. (Eastern Time)** by:

(a)   counsel to the Debtors, (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (jessica.lauria@whitecase.com)), and 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Michael C. Andolina (mandolina@whitecase.com), Matthew E. Linder (mlinder@whitecase.com), and Blair Warner (blair.warner@whitecase.com)) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Andrew R. Remming (aremming@morrisnichols.com), Eric W. Moats (emoats@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com));

(b)   the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah M. McColllum (hannah.mccollum@usdoj.gov));

(c)   counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19801 (Attn: James I. Stang (jstang@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and John W. Lucas (jlucas@pszjlaw.com));

(d)   counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer (tmayer@kramerlevin.com), Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com), and Megan M. Wasson (mwasson@kramerlevin.com));

(e)   counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Sharon M. Zieg (szieg@ycst.com)); and

(f)   counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932 (Attn: Louis R. Strubeck (louis.strubeck@nortonrosefulbright.com) and Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com)).

18

4. **IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

5. To the extent any party has already filed an objection to the Disclosure Statement consistent with the procedures prescribed herein, they do not need to refile such objection.

6. Following approval of the Disclosure Statement by the Bankruptcy Court, holders of Impaired Claims against the Debtors **that are entitled to vote** will receive Solicitation Packages in accordance with the order approving the Solicitation Procedures Motion, including instructions to obtain, free of charge, the Plan, the Disclosure Statement, and various other documents related thereto, unless otherwise ordered by the Bankruptcy Court. Holders of Unclassified Claims and Claims in the Unimpaired Classes will receive the Non-Voting Status Notice (each as defined in the Solicitation Procedures Motion). Holders of Disputed Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim will receive the Disputed Claim Notice (each as defined in the Solicitation Procedures Motion).

7. **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE BANKRUPTCY COURT.**

Dated: March 19, 2021

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

*/s/ Eric W. Moats*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9314
Email: dabbott@morrisnichols.com
        aremming@morrisnichols.com
        emoats@morrisnichols.com
        ptopper@morrisnichols.com

19

*Attorneys for the Debtors and Debtors in Possession*



Email sent to my MOM:
FROM AVA-

to :

October 19th, 2021

**RE:    Claim Against the Boy Scouts of America (Privileged & Confidential; Attorney-Client Communication)**

Hello,

I wanted to send a quick update based on a lot of the questions I have been receiving about the $3,500 quick pay option. This is not something I am advocating you choose and this does not mean your claim may be worth only $3,500 under this proposed plan. We are working on determining exactly what a yes vote may mean in terms of individual compensation and we will have additional information out on that next week.

20

**Ballots**

The other thing I wanted to point out is the ballots do not go out until next week, the

ballots are electronic, and it literally will take a few minutes to vote and we will receive them instantaneously when you sign your ballot. I say this because the ballots are not due back to Omni until December 14th, which is eight weeks from today. Therefore you do not have to decide today, but rather can continue to gather information and put yourself in a position to vote in a way that makes the best send for your individual case.

## Vote

Speaking of information, we have some more for you. As you know, you are primarily represented by three firms, Eisenberg Rothweiler, Kosnoff Law, and AVA Law Group. We are the three firms that make up Abused In Scouting. As you saw in my email update last week, Eisenberg Rothweiler is encouraging a Yes vote to this plan, today I am sending you Tim Kosnoff's recommendation on voting, and as you can see below, he is encouraging a No vote to this plan.

**Tim Kosnoff Letter of Recommendation**

https://abusedinscouting.com/tk-letter-to-clients/

## Where are we?

I know how frustrating this may seem to you, with the alternative points of view on this matter, but I personally think you are well served by the difference of opinion. It truly allows you to take in both sides of the argument, and decide for yourself what makes sense for you in your case.

The other thing I want to address is a lot of the anger and hurt I am seeing about this proposed plan. Just like anything in life, there are pros and cons to it, and it is important that you look at them and evaluate them for you in your individual circumstance. Yes, there are a lot of moving parts, but that is why we have time to continue to learn about the proposed plan before you ultimately vote. As we have said all along, YOU get to vote, YOU need to decide what's best for you and your case. We are here to support you in that effort. This process is supposed to be about healing and hopefully closure, and unfortunately it takes time.

As you know better than I do, the journey is long, and you have good days and bad days in dealing with the trauma that resulted from your abuse. Know that we are here for you and continue to work hard to try and find both the best path to money damages for what you suffered, and for the future protection of children in this Country.

You came forward, you have made a difference, do not lose sight of that and we are not done yet. We are so proud and honored to represent you. Be proud of yourself, stay strong, and stay in this fight.

## Next Steps

I am personally running down the numbers side, what you may expect in terms of

money damages if the plan is ultimately approved based on the severity of abuse and state you were abused in. I will have more information on that next week and will have another update out. I will also include information about what you can expect when the ballot is sent to you, what each election you make on it means, and how to ensure you cast your ballot properly to get it counted. Again ballots are due back eight weeks from today, and we do not even need to rely on the USPS to cast the ballot, we have some time.

For additional information on the proposed plan, the Coalition is hosting another one of their town hall meetings tonight at 8 pm ET and the TCC is hosting their weekly meeting on Thursday. I encourage you to attend, learn, hear what the different sides are advocating for, and use that to help inform your ultimate decision.

## Conclusion

This has been a long time coming, and your courage is making a difference. It was announced yesterday that the BSA Board of Directors will appoint an abuse survivor to its national executive board in the future. That is a good step and hopefully merely the start of more transparency for not only the BSA but all child caring institutions in doing more to protect the very children they are supposed to be nurturing.

You are strong, you are resilient, you have suffered through unimaginable experiences because of the negligence of the BSA. I know you can handle this process, you have handled so much more. Keep your head held high, continue to work to understand the plan through the resources available to you, and put yourself in the best position you can to feel good about your vote that you will cast in the coming weeks.

We are happy to discuss directly with you as well, if you would like to set up a time to speak with me, please email Briana Scott at briana@ava.law to set up a day/time and I look forward to speaking with you soon. As always, if you have questions, please feel free to call us at 888-99-SCOUT, respond to this email, or email us at support@ava.law.

Thank you for your time in reading through this email, your patience as we continue to evaluate the plan, and your support as we continue to try and put you in the very best position to right this horrible wrong to the extent our civil justice and bankruptcy system allows.

Sincerely Yours,

Andrew Van Arsdale

22

But, you are strong, you are fierce, and you are courageous. You are these things because you have stood up, and reversed the power dynamic that the BSA held over you. Be proud of that fact, trust yourself to make the right decision. I know I do.

Thank you for watching the video, thank you for reviewing these materials, and thank you for the continued honor in representing you. As you go through this process, please, feel free to reach out to us at any time by replying to this email, calling us at 888-99-SCOUT or emailing us at support@ava.law.

Thank you again, and I hope you have a great weekend.

Sincerely Yours,

Andrew Van Arsdale

23

Copyright © 2021 *Abused in Scouting*, All rights reserved.

**Our mailing address is:**
3667 Voltaire Street
San Diego, California 92106

Want to change how you receive these emails?
You can update your preferences or unsubscribe from this list.

24

*OFFICIAl COMMitee of unsecured creditors*

Moreover, the Creditors' Committee believes that the settlement constitutes a reasonable compromise of complex disputes, will avoid the significant expense and delay that would have been incurred had any of the disputed issues been litigated, and will allow the Debtors to exit bankruptcy efficiently and without the uncertainty attendant to litigation of these disputes.

## IV.    Important Deadlines

The Disclosure Statement also contains a number of important ***record dates*** and ***deadlines***, including (but not limited to) the following:

- **October 1, 2021** is the ***record date for purposes of determining which claimants are entitled to vote to accept or reject the Plan***.  You can only vote claims you held in a voting class as of **October 1, 2021.**

- **December 14, 2021, at 4:00 p.m. (Prevailing Eastern Time)** is the ***deadline*** for the Debtors' solicitation agent to receive Ballots from all creditors.

- **January 24, 2022 at 10:00 a.m. (Prevailing Eastern Time)** is the proposed date for the ***hearing on the confirmation*** of the Plan.

Please review your Solicitation Package and the Disclosure Statement for other dates and deadlines that may be important to you.

## V.    Conclusion

The Creditors' Committee recommends each holder of a claim receiving this letter vote to **ACCEPT** the Plan and return its Ballot indicating such acceptance in accordance with the voting instructions described in the Disclosure Statement and Ballot.  Your vote is important and all unsecured creditors are encouraged to vote in favor of the Plan.

You should carefully read the Disclosure Statement and the Plan in their entirety and may wish to consult your own legal or financial advisors.  This letter is not offered as legal advice as to any specific claim or treatment under the Plan.  It is for informational purposes only.

This letter does not purport to reflect the views of the Bankruptcy Court and does not constitute findings of facts or conclusions of law endorsed by the Bankruptcy Court; nor does it necessarily reflect the views of any individual Creditors' Committee member, which reserve any and all of their rights.

If you have questions or require additional information, please visit boyscoutsucc.com or contact the Creditors' Committee at BSAUCCinquiry@kramerlevin.com.

Very truly yours,

The Official Committee of Unsecured Creditors of
Boy Scouts of America and Delaware BSA, LLC

25

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

### NOTICE OF OCTOBER 21, 2021 VIRTUAL TOWN HALL MEETING HOSTED BY THE OFFICIAL TORT CLAIMANTS' COMMITTEE

**PLEASE TAKE NOTICE** that when the Official Tort Claimants' Committee (the "**TCC**") was formed it embraced three key goals: (1) represent ALL abuse Survivors, (2) work to achieve the most compensation possible for all Survivors, and (3) keep Survivors informed of the bankruptcy process as the TCC works to achieve these goals. The TCC holds weekly meetings to keep survivors informed. The next meeting will be on **October 21, 2021 at 8:00 p.m. (ET)**. The details for the next meeting are below.

**PLEASE TAKE NOTICE** that, pursuant to section 1103(b)(3) of the Bankruptcy Code, the TCC continues to hold virtual town hall meetings for Survivors of childhood sexual abuse and their representatives Survivors who are not appointed to the Tort Claimants' Committee to provide updates and access to information about the bankruptcy cases and to solicit and receive comments from Survivors regarding the status of the Boy Scouts' bankruptcy cases and the impact of the Boys Scout's bankruptcy cases on Survivors' claims. Participants shall be limited to Survivors (including guardians, if applicable) and their attorneys. ***The identity of participants shall be kept strictly confidential but if you ask questions in the Zoom chat you might want to use your initials or otherwise abbreviate your name.***

26

**PLEASE TAKE FURTHER NOTICE** that the Tort Claimants' Committee is composed of nine Survivors who were selected by the Office of the United States Trustee (a division of the U.S. Department of Justice) to represent the interests of similarly situated Survivors. As an official committee, the Tort Claimants' Committee has a fiduciary duty to all Survivors.

**PLEASE TAKE FURTHER NOTICE** that the Tort Claimants' Committee will hold a virtual town hall meeting on **October 21, 2021 at 8:00 p.m. (Eastern Time); Zoom link: https://pszjlaw.zoom.us/j/82272826295 (no registration required) or Phone number: 888-788-0099 (Toll Free), Webinar ID:  822 7282 6295**.  At this Town Hall, the TCC will discuss:

- Trust Distribution Procedures
- Hartford Settlement and Local Council Settlement
- Solicitation Materials and Voting Ballots
- TCC's recommendation on how to vote.

**PLEASE TAKE FURTHER NOTICE** that Subsequent meetings will recur as new events arise in the Boy Scouts' chapter 11 case.  For information about the Boy Scouts' bankruptcy case go to **www.pszjlaw.com/bsa** or **www.TCCBSA.com**.  If you have questions that are not answered by the info on the TCC's website, please email us at BSASurvivors@pszjlaw.com.

Dated:  October 19, 2021

Sincerely,

James Stang

*27*



October 15th, 2021

**RE:     Claim Against the Boy Scouts of America (Privileged & Confidential; Attorney-Client Communication)**

Hello,

We are writing to you today with an update on your case against the Boy Scouts of America (BSA) in the U.S. Bankruptcy Court in Wilmington, Delaware.

As the video below explains, the voting period officially opens today, and all ballots must be received no later than December 14th. In this email you will see a description of what it is you are voting on, along with links to all relevant documents that have been ordered to be distributed by the Court. Also included is a sample ballot, but the purpose of today's update is to simply get you the information you need. **Your actual ballot for voting, that is tied to your individual proof of claim form, will be sent by email starting a week from Monday, on October 25th.**