**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**TENTH MEDIATOR'S REPORT**

The Court appointed Timothy V.P. Gallagher to serve as the Mediator in the above-captioned cases under the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief*, dated June 9, 2020 [D.I. 812] (the "Mediation Order").[2]

With the assistance of the Mediator, on December 30, 2021, the Debtors, the Future Claimants' Representative, the Coalition of Abused Scouts for Justice, and the Ad Hoc Committee of Local Councils (collectively, the "Parties") reached an agreement in principle on settlement terms with Clarendon National Insurance Company (as successor in interest by merger to Clarendon America Insurance Company), River Thames Insurance Company Limited (as successor in interest to UnionAmerica Insurance Company Limited), and Zurich American Insurance Company (as successor in interest to Maryland Casualty Company, Zurich Insurance Company and American General Fire & Casualty Company) (collectively, "Clarendon"),[3] a copy

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Mediation Order, the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (the "Plan") or the Clarendon Term Sheet (as defined below), as applicable.

[3]    The term "Clarendon" shall not include the foregoing persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from or in connection with Abuse Claims, any actions,

of which is attached hereto as **<u>Exhibit A</u>** (the "<u>Clarendon Term Sheet</u>").[4]  The Clarendon Term

Sheet will be appended to and incorporated by reference in the Plan for the Debtors.  The

Clarendon Term Sheet provides for a cash contribution by Clarendon to the Settlement Trust of

$16,500,000.

Clarendon will be designated as Settling Insurance Company and Protected Party under the

Plan, and subject to Court approval, will be entitled to all benefits thereunder as such.

Together with the contributions already committed to by the Debtors, the Local Councils,

Hartford, TCJC, Century and the Chubb Companies, the United Methodist Ad Hoc Committee

and the Zurich Insurers, the size of the Settlement Trust to compensate abuse survivors is now

expected to exceed $2.69 billion.

The Mediator appreciates the diligence of the Parties and Clarendon in negotiating the

settlement terms.  The Mediator believes, based on his participation in the negotiations of the

Clarendon Term Sheet, that the settlements memorialized in this agreement is the product of good-

faith, arm's-length negotiations among the Parties and Clarendon.  The Mediator expresses no

view on the merits of the settlement terms or the confirmability of any plan, matters properly

reserved for the Court.

This report is submitted with the consent of the Parties and Clarendon.  The mediation

remains ongoing, and the Mediator is committed to work toward further settlements that maximize

---

omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including Clarendon's performance of its obligations under such policies whether for defense, settlement of claims or otherwise and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from or in connection with any actions, omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including Clarendon's performance of its obligations under such policies whether for defense, settlement of claims or otherwise.

[4]  The summary provided in this report is for illustrative purposes only.  In the event of any inconsistency between this summary and the Clarendon Term Sheet, the terms of the Clarendon Term Sheet shall control.

the value of the estates for the benefit of creditors.  The Mediator therefore does not consider the

mediation to be closed.


*[Remainder of Page Intentionally Left Blank]*

Dated:  December 30, 2021          */s/ Timothy V.P. Gallagher*
                                   Timothy V.P. Gallagher, Mediator