THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  January 18, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**EIGHTEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM AUGUST 1, 2021 THROUGH AUGUST 30, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2021 through August 30, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $863,107.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 24,494.57 |

This is a:  ☒monthly    ☐ interim    ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  The attached invoice was erroneously run through August 30, 2021 rather than the full month through August 31, 2021.  The September 2021 fee application will contain the time entered for August 31, 2021.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[3] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[4] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[5] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $ 31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $ 15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $ 19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $ 11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $ 12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $ 19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $ 27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | $ 954,886.40 | $ 18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $47,494.45 | $1,213,753.20 | $44,069.70[6] |
| 10/22/21 | 06/01/21 – 06/30/21 | $1,623,890.75 | $16,089.84 | $1,299,112.60 | $ 16,089.84 |
| 12/28/21 | 07/01/21 – 07/31/21 | $ 784,586.00 | $25,808.76 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00<br>$ 597.50 | 128.80<br>14.50 | $153,916.00<br>$ 8,663.75 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 44.80 | $ 51,296.00 |

[3] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.
[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.
[5] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.
[6] This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 9.60 | $ 10,560.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00<br>$ 547.50 | 63.60<br>15.50 | $ 69,642.00<br>$ 8,486.25 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00<br>$ 512.50 | 152.00<br>25.50 | $155,800.00<br>$ 13,068.75 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 9.50 | $ 9,452.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 26.00 | $ 24,050.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 16.20 | $ 14,985.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 875.00<br>$ 437.50 | 96.50<br>17.90 | $ 84,437.50<br>$ 7,831.25 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00<br>$ 412.50 | 198.70<br>17.50 | $163,927.50<br>$ 7,218.75 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 16.20 | $ 13,365.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 18.00 | $ 14,850.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 14.00 | $ 11,130.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 0.20 | $ 159.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $ 750.00 | 6.60 | $ 4,950.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 15.50 | $ 9,687.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 3.50 | $ 1,575.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 17.70 | $ 7,522.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.10 | $ 42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 12.50 | $ 4,937.50 |
| Myra Kulick | Other | $ 395.00 | 16.40 | $ 6,478.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 0.20 | $ 70.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 7.60 | $ 2,660.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 6.70 | $ 2,345.00 |

**Grand Total:**     $863,107.25
**Total Hours:**          971.80
**Blended Rate:**      $888.15

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 28.90 | $ 21,382.00 |
| Case Administration | 17.00 | $  6,900.00 |
| Claims Admin./Objections | 36.50 | $ 31,116.50 |
| Compensation of Professional | 26.30 | $ 16,920.50 |
| Compensation of Prof./Others | 16.30 | $ 10,831.50 |
| General Creditors Comm. | 111.70 | $ 90,842.00 |
| Hearings | 138.50 | $134,023.50 |
| Insurance Coverage | 23.10 | $ 23,522.00 |
| Mediation | 201.40 | $204,664.00 |
| Non-Working Travel | 90.90 | $ 45,268.75 |
| Plan & Disclosure Statement | 278.30 | $275,256.00 |
| Retention of Prof./Other | 2.90 | $  2,380.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[7] | Total Expenses |
|---|---|---|
| Air Fare | JetBlue; United Airlines; American Airlines | $9,636.64 |
| Auto Travel Expense | D&L Transportation; KLS Worldwide Transportation; Taxi fare; Uber; A&H Limousine Service; Elite Transportation; Amtrak; Lyft | $4,205.38 |
| Bloomberg | | $   20.50 |
| Working Meals | Taam Tov Restaurant; Sidewalk Juice | $   69.14 |
| Conference Call | AT&T Conference Call; Loop Up | $   29.85 |
| Express Mail | Federal Express | $   10.86 |
| Hotel Expense | The Westin NY; Lotte NY Palace; The Peninsula NY | $5,222.65 |
| Legal Research | Lexis/Nexis | $  171.25 |
| Outside Services | Zoom | $3,537.05 |
| Court Research | Pacer | $  325.20 |
| Postage | US Mail | $  147.26 |
| Reproduction Expense | | $  125.50 |
| Reproduction/Scan Copy | | $  620.30 |
| Travel Expense | United Airlines WiFi Service; Travel Agency Fee | $  372.99 |

---

[7] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 18, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

## EIGHTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM AUGUST 1, 2021 THROUGH AUGUST 30, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Eighteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2021 through August 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $863,107.25 and actual and necessary expenses in the amount of $24,494.57 for a total allowance of $887,601.82 and payment of $690,485.80 (80% of the allowed fees) and reimbursement of $24,494.57 (100% of the allowed expenses) for a total payment of $714,980.37 for the period August 1, 2021 through August 30, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.     On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. On or about August 6, 2021, the Court signed the Amended Administrative Order. The Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

### Fee Statements

7.        The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

### Actual and Necessary Expenses

8.        A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.    With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Bankruptcy Litigation

15.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding discovery related to the Church of Latter Day Saints; (2) reviewed and analyzed issues regarding Plan discovery propounded on the Debtors; (3) reviewed and analyzed issues regarding Century discovery responses, and performed work regarding a motion to compel discovery related to Century; (4) reviewed and analyzed AIS and Kossnoff Bankruptcy 2019 statements; (5) reviewed and analyzed the Hartford objection to motion in limine; (6) performed work regarding Hearing Binders and Agenda Notices; (7) performed work regarding a letter to Judge Silverstein regarding the discovery dispute with Century; (8) reviewed and analyzed issues regarding BSA settlement data; (9) attended to scheduling issues; (10) reviewed and analyzed the Century response to discovery letter; (11) performed work regarding responses to BSA discovery requests related to restricted asset litigation; and (12) corresponded and conferred regarding bankruptcy litigation issues.

Fees:  $21,382.00;     Hours:  28.90

### B.    Case Administration

16.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained document control; (2) maintained a memorandum of critical dates; (3) maintained service lists; and (4) corresponded regarding case administration issues.

Fees:  $6,900.00;     Hours:  17.00

**C.      Claims Admin/Objections**

17.     This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) responded to inquiries from survivors and counsel; (2) reviewed and analyzed issues regarding rosters; (3) reviewed and analyzed issues regarding Chartered Organizations; (4) reviewed and analyzed claims issues related to the Church of Latter Day Saints; (5) reviewed and analyzed issues regarding claims in direct action jurisdictions; (6) reviewed and analyzed Kosnoff Bankruptcy Rule 2019 issues; (7) performed work regarding updating survivor claims data; (8) performed work regarding a claims analysis related to Chartered Organizations; (9) reviewed and analyzed Chartered Organization information relating to New Jersey and North Carolina claims; (10) reviewed and analyzed issues regarding a potential claims valuation expert; (11) performed work regarding a request for production to BSA and Local Councils relating to rosters and Chartered Organizations; (12) performed work regarding a claims analysis by type of third party release; (13) performed work regarding a Hartford claims analysis; (14) reviewed and analyzed claim form issues; (15) performed research; and (16) corresponded and conferred regarding claim issues.

Fees:  $31,116.50;      Hours:  36.50

**D.    Compensation of Professionals**

18.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its April, May and June 2021 monthly, and Fifth quarterly, fee applications.

Fees:  $16,920.50;    Hours:  26.30

**E.    Compensation of Professionals--Others**

19.    This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding CBRE, Pasich, and Rock Creek fee applications; and (2) corresponded regarding compensation of professionals issues.

Fees:  $10,831.50;    Hours:  16.30

**F.    General Creditors Committee**

20.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and responded to correspondence and calls from survivors and their counsel; (2) attended to issues regarding inmate survivors; (3) performed work regarding meeting agendas, and prepared for and participated in telephonic conferences with State Court Counsel and Committee members regarding case issues; (4) reviewed and analyzed issues regarding Chartered Organizations; (5) reviewed and analyzed insurance issues; (6) reviewed and analyzed issues regarding Kosnoff and AIS Bankruptcy Rule 2019 statements; (7) reviewed and analyzed settlement issues; (8) reviewed and analyzed issues relating to Guam bankruptcy pleadings; (9) reviewed and analyzed Plan issues; (10) prepared for

and attended a Survivor Town Hall meeting; (11) reviewed and analyzed mediation issues; (12) performed work regarding case strategy issues; (13) reviewed and analyzed Restructuring Support Agreement issues; and (14) corresponded and conferred regarding general creditors committee issues.

Fees:  $90,842.00;     Hours:  111.70

### G.    Hearings

21.    This category relates to issues regarding preparing for and attending Court hearings.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended hearings on August 12, 13, 16 and 19, 2021 on the Restructuring Support Agreement Motion; and (2) prepared for and attended a hearing on August 30, 2021 regarding Century discovery issues.

Fees:  $134,023.50;    Hours:  138.50

### H.    Insurance Coverage

22.    This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Lloyds; (2) performed research; (3) reviewed and analyzed issues regarding INA financial condition; (4) performed work regarding an outline of insurance issues; (5) reviewed and analyzed documents produced by Century; (6) reviewed and analyzed issues regarding motions to compel; (7) reviewed and analyzed insurance neutrality issues; (8) reviewed and analyzed settlement offer issues regarding AIG and Travelers; (9) reviewed and analyzed insurance issues relating to

Chartered Organizations; (10) reviewed and analyzed insurance demand issues; and (11) corresponded and conferred regarding insurance issues.

Fees:  $23,522.00;     Hours:  23.10

**I.      Mediation**

23.      This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Century financials; (2) reviewed and analyzed issues regarding Coalition insurance demands; (3) prepared for and attended a telephonic conference on August 2, 2021 with attorneys for the Coalition regarding mediation, insurance and Chartered Organization issues; (4) prepared for and attended a BSA mediation session on August 3, 4, and 5, 2021; (5) reviewed and analyzed issues regarding a motion in limine; (6) attended to scheduling issues; (7) reviewed and analyzed issues regarding an AIG demand; (8) reviewed and analyzed issues regarding a Church of Latter Day Saints offer; (9) reviewed and analyzed mediator candidate issues; (10) prepared for and attended a telephonic mediation session on August 18, 2021 regarding issues relating to the Catholic Church; (11) prepared for and attended a mediation session on August 19, 2021 regarding Chartered Organization issues; (12) prepared for and attended a mediation session on August 20, 2021; (13) reviewed and analyzed issues regarding the BSA demand on Century; (14) prepared for and attended a mediation session on August 23, 2021; (15) prepared for and attended a mediation session on August 24, 2021 regarding the Restructuring Support Agreement and settlement issues; and (16) corresponded and conferred regarding mediation issues.

Fees:  $204,664.00;   Hours:  201.40

**J.      Non-Working Travel**

24.     During the Interim Period, the Firm incurred travel time while working on case matters.  Such time is billed at one-half the normal rate.

Fees:  $45,268.75;      Hours:  90.90

**K.      Plan and Disclosure Statement**

25.     This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding Chartered Organization settlements; (2) reviewed and analyzed issues regarding potential additional depositions related to the Restructuring Support Agreement ("RSA") Motion; (3) reviewed and analyzed issues regarding Local Council property appraisals; (4) performed legal research; (5) reviewed and analyzed release issues; (6) reviewed and analyzed issues regarding third party injunctions; (7) reviewed and analyzed issues regarding a liquidation analysis; (8) reviewed and analyzed issues regarding BSA's proposed changes to Chartered Organization participation under a channeling injunction; (9) prepared for and participated in telephonic conferences with survivors and State Court Counsel; (10) performed work regarding proposed Plan edits; (11) performed work regarding negotiations related to Chartered Organizations and a related term sheet; (12) reviewed and analyzed the Hartford and Century supplemental objections to the RSA; (13) reviewed and analyzed Plan confirmation issues; (14) reviewed and analyzed issues regarding Coalition fees; (15) reviewed and analyzed motions to compel; (16) prepared for and participated in telephonic conferences with RSA support parties' representatives; (17) prepared for and participated in a

telephonic conference with RSA objecting party representatives; (18) reviewed and analyzed Plan classification issues; (19) performed work regarding RSA and Plan strategy issues; (20) reviewed and analyzed an exclusivity motion; (21) reviewed and analyzed issues regarding an AIG demand; (22) reviewed and analyzed mediation issues; (23) prepared for and attended a hearing on August 13, 2021 regarding the RSA motion; (24) reviewed and analyzed issues regarding the Church of Latter Day Saints Disclosure Statement objection; (25) performed work regarding a motion to compel related to Century; (26) reviewed and analyzed objections to the Disclosure Statement; (27) reviewed and analyzed issues regarding the Debtors' proposed Fifth Amended Plan; (28) performed work regarding a letter to the Court concerning discovery disputes with insurers; (29) reviewed and analyzed issues regarding the legal standard for a motion to compel documents from insurers; (30) reviewed and analyzed issues regarding potential changes to the Plan and Trust Distribution Procedures; (31) performed work regarding a settlement offer to the Church of Latter Day Saints; (32) performed work regarding a potential consultant relating to claim valuation issues; (33) reviewed and analyzed issues regarding the Hartford objection to Disclosure Statement; (34) reviewed and analyzed Plan-related claim valuation issues; (35) reviewed and analyzed issues regarding claim valuations for voting purposes; (36) reviewed and analyzed hearing transcripts; (37) reviewed and analyzed issues regarding voting relating to state and abuse class; (38) reviewed and analyzed issues regarding voting relating to Local Councils and Charter Organizations; (39) reviewed issues regarding insurance neutrality; (40) reviewed and analyzed release issues; (41) performed work regarding a memorandum to the Committee regarding the status of the RSA and Plan; (42) reviewed and

analyzed issues regarding the Purdue bankruptcy case as they might apply in the BSA matter;
(43) reviewed and analyzed statute of limitations issues; (44) reviewed and analyzed issues
regarding Hartford and Century experts; (45) reviewed and analyzed the Century response to
discovery demand; (46) reviewed and analyzed issues regarding the best interests of creditors
test; (47) reviewed and analyzed issues regarding restricted assets; (48) reviewed and analyzed
issues regarding the PBGC claim; (49) reviewed and analyzed discovery-related confidentiality
issues; (50) reviewed and analyzed issues regarding termination of the stay of restricted asset
litigation; (51) reviewed and analyzed issues regarding termination of exclusivity; (52) reviewed
and analyzed a Hartford term sheet; (53) performed work regarding a motion to terminate
exclusivity; (54) performed work regarding a litigation tracking chart; (55) reviewed and
analyzed a Church of Latter Day Saint settlement offer and related data; (56) performed work
regarding a revised Trust Agreement; (57) reviewed and analyzed jurisdiction issues;
(58) reviewed and monitored Plan discovery issues; and (59) conferred and corresponded
regarding Plan and Disclosure Statement issues.

Fees:  $275,256.00;    Hours:  278.30

### L.    Retention of Professionals--Others

26.    This category relates to work regarding retention of professionals, other
than the Firm.  During the Interim Period, the Firm, among other things, performed work
regarding a motion and order to expand the scope of the CBRE retention.

Fees:  $2,380.50;       Hours:  2.90

**Valuation of Services**

27.    Attorneys and paraprofessionals of PSZ&J expended a total 971.80 hours

in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00<br>$ 597.50 | 128.80<br>14.50 | $153,916.00<br>$   8,663.75 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 44.80 | $ 51,296.00 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 9.60 | $ 10,560.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00<br>$ 547.50 | 63.60<br>15.50 | $ 69,642.00<br>$   8,486.25 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00<br>$ 512.50 | 152.00<br>25.50 | $155,800.00<br>$ 13,068.75 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 9.50 | $   9,452.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 26.00 | $ 24,050.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 16.20 | $ 14,985.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 875.00<br>$ 437.50 | 96.50<br>17.90 | $ 84,437.50<br>$   7,831.25 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00<br>$ 412.50 | 198.70<br>17.50 | $163,927.50<br>$   7,218.75 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 16.20 | $ 13,365.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 18.00 | $ 14,850.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 14.00 | $ 11,130.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 0.20 | $ 159.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $ 750.00 | 6.60 | $ 4,950.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 15.50 | $ 9,687.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 3.50 | $ 1,575.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 17.70 | $ 7,522.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 0.10 | $ 42.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 12.50 | $ 4,937.50 |
| Myra Kulick | Other | $ 395.00 | 16.40 | $ 6,478.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 0.20 | $ 70.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 7.60 | $ 2,660.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 6.70 | $ 2,345.00 |

**Grand Total:**    **$863,107.25**
**Total Hours:**         **971.80**
**Blended Rate:**      **$888.15**

28.    The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $863,107.25.

29.    In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended

Administrative Order, and believes that this Application complies with such Rule and Orders.

       WHEREFORE, PSZ&J respectfully requests that the Court enter an order

providing that, for the period of August 1, 2021 through August 30, 2021, an interim allowance

be made to PSZ&J for compensation in the amount of $863,107.25 and actual and necessary

expenses in the amount of $24,494.57 for a total allowance of $887,601.82 and payment of

$690,485.80 (80% of the allowed fees) and reimbursement of $24,494.57 (100% of the allowed

expenses) be authorized for a total payment of $714,980.37; and for such other and further relief

as this Court deems proper.

Dated:  January 4, 2022         PACHULSKI STANG ZIEHL & JONES LLP

                  */s/ James E O'Neill*
                  James I. Stang (CA Bar No. 94435)
                  Robert B. Orgel (CA Bar No. 10187)
                  James E. O'Neill (DE Bar No. 4042)
                  John W. Lucas (CA Bar No. 271038)
                  919 North Market Street, 17th Floor, PO Box 8705
                  Wilmington, Delaware 19899 (Courier 19801)
                  Telephone:  (302) 652-4100
                  Facsimile:  (302) 652-4400
                  Email: jstang@pszjlaw.com
                            rorgel@pszjlaw.com
                            joneil@pszjlaw.com
                            jlucas@pszjlaw.com

                  Counsel to the Tort Claimants Committee

## **DECLARATION**

STATE OF DELAWARE        :
                                                    :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and

the Amended Administrative Order signed on or about August 6, 2021, and submit that the

Application substantially complies with such Rule and Orders.


*/s/ James E. O'Neill*
James E. O'Neill