# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |



## VERIFIED STATEMENT OF PHILLIPS & PAOLICELLI, LLP PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), undersigned counsel hereby submit this verified statement in the jointly administered Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors ("Debtors").

1. Each of the clients set forth on **Exhibit A** hereto (the "P&P Clients") has retained Phillips & Paolicelli, LLP to represent him or her as litigation counsel in connection with, among other things, abuse claims against the Debtors and other third-party defendants. Exhibit A sets forth the names of the P&P Clients as of December 28, 2021, together with the nature and amount of the disclosable economic interests held by each of them in relation to the Debtor and the other information required to be disclosed by Bankruptcy Rule 2019. A true and accurate copy of an exemplar engagement agreement between Phillips & Paolicelli, LLP and the P&P Clients is attached hereto as **Exhibit B**.

2. Phillips & Paolicelli, LLP does not represent the interests of, and is not fiduciary for, any sexual abuse claimant, other creditor, party in interest, or other entity that has not signed an engagement agreement with Phillips & Paolicelli, LLP.

{00066796}                                      1

3. The information set forth in this Verified Statement is intended only to comply with Bankruptcy Rule 2019 and the Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief [D.I. 6438] and not for any other purpose.

4. Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of any of the P&P Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of any of the P&P Clients to have any and all final orders in any and all non-core matters entered only after *de novo* review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of any rights any of the P&P Clients may have to a jury trial, whether in state or federal court; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Cases against or otherwise involving any of the P&P Clients; (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments to which any of the P&P Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs, or recoupments being expressly reserved; or (viii) a waiver or release of any of the P&P Clients' rights under 28 U.S.C. § 157(b)(5) to have any of their personal injury tort claims tried in the district court in which the Chapter 11 Cases are pending, or in the district court in the district in which the claim arose, as determined by the district court in which the Chapter 11 Cases are pending.

3. The undersigned reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

4. The undersigned verifies that the foregoing is true and correct, the best of the undersigned's knowledge and belief.

Dated: December 28, 2021.

/s/ *Diane Paolicelli*
Diane Paolicelli
**Phillips & Paolicelli, LLP**
747 Third Avenue, 6th Floor
New York, NY 10017
dpaolicelli@p2law.com
212-388-5100

*Attorney for Direct Abuse Claimants*

# Exhibit A

# Phillips & Paolicelli, LLP Clients

| Claimant's Last Name | Claimant's First Name | Claim Number | Claimant's Address | Economic Interest |
|---|---|---|---|---|
| ███ | ██ | SA-39386 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-36717 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-43813 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-37875 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-39394 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-39387 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |
| ███ | ██ | SA-59114 | c/o Phillips & Paolicelli, LLP, 747 Third Avenue, 6th Floor, New York, NY 10017 | Unliquidated Abuse Claim |

# Exhibit B

# Retainer Agreement

PHILLIPS & PAOLICELLI, L.L.P.
CONTINGENT FEE RETAINER AGREEMENT

TO:    PHILLIPS & PAOLICELLI, L.L.P.
747 Third Ave., 6th Fl.
New York, NY 10017

Name of Client: _____

Address of Client: _____

1. I retain Phillips & Paolicelli, L.L.P. (hereafter called "Attorneys") as my attorneys to represent me with respect to all claims, including all Bankruptcy claims, for personal injuries, and all other claims due to negligence, failure or misconduct, arising out of allegations of sexual abuse against

   _____
   _____.

2. I hereby give Attorneys the exclusive right to take all legal steps to enforce this claim, including the right to file a claim on my behalf in any bankruptcy proceeding. Attorneys shall have the right but not the obligation to represent the client on appeal.

3. I am not now represented by any other attorney regarding the claims which are the subject of this agreement.

4. In consideration of the services rendered and to be rendered by you, the undersigned hereby agrees to pay Attorneys ███████████████████████████████ of the sum recovered, whether recovered by suit, settlement or otherwise. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered.

5. I understand that I have TWO OPTIONS with regard to the method in which the legal fee is computed. The options have been explained to my satisfaction.

**Option A**_____

6. Such percentage shall be computed on the gross sum recovered. In computing the fee, the costs as taxed, including interest upon a judgment shall be deemed part of the amount covered.

7. Attorneys will pay the court costs and expenses of litigation on their own account, including but not limited to expert testimony, investigative and other services properly chargeable to the enforcement of the claim or prosecution of the action.

8. The undersigned shall have no obligation to repay court costs and expenses of litigation in the event there are no sums recovered by suit, settlement or otherwise.

9. Liens or assignments or claims for hospital and medical care by doctors or of self-insurers or insured carriers shall be paid from the proceeds allocated to the client after computation of the fee and expenses owed to Attorneys and shall be paid from that portion allocated to the undersigned.

{00066796}           7

10. As an example, if there is a recovery of $100,000.00 and the case costs and expenses total $10,000.00, the recovery will be allocated as follows:



```
Gross Settlement         ███████
     ██ Attorneys' fee   ██
Net Settlement
Case costs & expenses    - $10,000.00
Net to client            ████
```

**Option B**

11. Such percentage shall be computed on the net sum recovered after deducting taxable costs and disbursements, including expenses for expert medical testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment shall be deemed part of the amount recovered.

12. All disbursements and expenses incurred in the enforcement of the claim or prosecution of the action shall be and remain the responsibility of the client.

13. If during the enforcement of the claim or during the course of the litigation, the attorney should advance such disbursements and/or expenses, that will not constitute a waiver of the client's responsibility to pay said disbursements and/or expenses which shall always remain client's responsibility.

14. In the event, after electing to do so, the client fails to advance the necessary case costs and/or expenses, the attorney may pay such costs and/or expenses on his/her own account. In such instance, the attorney shall notify the client that the attorney is advancing the case costs and/or expenses and that the fee shall be calculated on the gross recovery in accordance with the terms of Option A, as above.

15. Liens or assignments or claims for hospital and medical care by doctors or of self-insurers or insured carriers shall be paid from the proceeds allocated to the client after computation of the fee and expenses owed to Attorneys and shall be paid from that portion allocated to the undersigned.

16. As an example, if there is a recovery of $100,000.00 and the case costs and expenses total $10,000.00, the recovery will be allocated as follows:



```
Gross Settlement
Case Costs & Expense
Net Settlement
  ████ Attorneys' fees
Net to Client
```

17. I have been presented with the above two options with regard to the method in which the legal fee is to be computed. Both methods have been fully described and explained to my satisfaction and I have been informed as to the financial consequences of each option. I understand that choosing Option A will result in a higher fee that Option B. By placing my initials in the space provided next to one of the options, I hereby select the method in which the fee shall be computed in my case should there be a recovery on my behalf.

{00066796}    8

18. In consideration of the services rendered and to be rendered by Attorneys, I agree to pay Attorneys as its fee and Attorneys are authorized to retain out of any moneys that may come into your hand by reason of the above claim: ████████████████ percent of all sums recovered, whether recovered by suit, settlement, bankruptcy claim, or otherwise and reimbursement of disbursements incurred to that time.

19. In computing the fee, the "sum recovered" shall be deemed to include all amounts recovered, whether by verdict, settlement, including punitive damage awards, recovery in any bankruptcy or administrative proceeding, prejudgment interest, interest upon any judgment, taxed costs, the present value of any structured settlement or delayed payment, awards of attorneys' fees, and any interest which may accrue on funds recovered by settlement or judgment while Attorneys held such funds in escrow.

20. The contingent fee percentage shall be computed on the net sum recovered after deducting and repaying to Attorneys from the sum recovered any money advanced by attorney for properly charged expenses, costs, charges and disbursements including court costs and fees, fees for service of process, investigative, paralegal, administrative, expert, lien resolution consultant, travel, transcript and other service costs and expenses which in Attorneys' judgment are necessarily incurred in the enforcement and prosecution of my claim. However, there shall be no deduction for liens, assignments or claims in favor of insurance companies, self insurers, workers' compensation insurers, employers, health care providers or government welfare agencies.

21. This contingent fee agreement and the fee specified applies only to the handling and prosecution of my underlying lawsuit through trial. If Attorneys perform services or represent me in other matters such as workers' compensation or disability claims proceedings, the establishment of an estate or appointment of a personal representative, the handling of any litigation to determine the availability of insurance, any subsequent proceedings to withdraw funds from any Court-created custody funds, the prosecution of any appeals, and appearance in any bankruptcy proceedings, Attorneys shall be separately compensated for such services based upon its then normal and customary time charges.

22. Attorneys may advance monies for expenses, costs and disbursements on my behalf. However, I understand and agree that Attorneys have no obligation to make such advances and that even if Attorneys initially make such advances, Attorneys have the absolute right, in Attorneys' sole discretion and at any time to stop making any further advances.

23. In the event there are any partial settlements or verdicts, Attorneys shall be deemed to have earned its fee on the partial settlement or verdict when the settlement or verdict is concluded and Attorneys shall be reimbursed for all disbursements incurred up to that time and be paid its fee from any sums recovered as the money is received.

24. I agree to cooperate fully with Attorneys in their prosecution of the claim and the conduct of any legal action brought on my behalf.

25. If I settle any claim or cause of action without Attorneys' consent, I agree to pay to Attorneys, as their fee, the above percentage of the full amount of the settlement for the benefit of Client, to whomever paid or whatever called. In the alternative, Attorneys shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the Court.

{00066796}                                              9

26. Attorneys may, at any time, and in their sole and absolute discretion, terminate this agreement and withdraw as counsel. In addition, Attorneys may withdraw due to client's failure to cooperate with counsel, client's insistence that Attorneys take an action which in Attorneys' judgment might violate the Code of Professional Responsibility, client's insistence that a claim be pursued even though Attorneys advise that such a claim should not be pursued or that such a claim or a part of a claim is uncollectible, or for any other reason, which in Attorneys' sole and absolute judgment, provides a reason for attorney to withdraw as counsel and terminate the contingent fee representation. If Attorneys withdraw, they shall notify me in writing as soon as possible at my last known address.

27. If representation is terminated whether by Attorneys or by client for any reason, Attorneys shall have a lien on the file and shall be entitled to compensation for all work performed. Attorneys shall have the option of either receiving the above percentage of the full amount of all monies received or being paid on a *quantum meruit* basis to be determined by the Court. In the event that an appeal of this matter is prosecuted by counsel of my choosing, other than Attorneys, I understand that Attorneys will still be entitled to a lien on the proceeds of the litigation and/or will be entitled to an attorneys' fee paid on a *quantum meruit* basis as determined by the Court.

28. The parties intend this Agreement to bind their respective heirs, assigns, executors, successors and legal representatives.

29. This retainer is subject to Attorneys' investigation as to the merits of this matter. In the event that Attorneys determine after their investigation that they do not wish to undertake this representation, Attorneys will advise the client in writing, and this retainer agreement will be terminated.

30. Attorneys have advised the client of the risks associated with social media postings. The client agrees to preserve all social media postings and to not post anything on social media from this day forward regarding this case.

I have read and understand the above.

Dated:_____, 2021

                                                                                                  _____
                                                                                                     Client(s) (L.S.)

_____
Witness: (L.S.)

                                                                                                 _____
                                                                                                     Client(s) (L.S.)

_____
Witness: (L.S.)

{00066796}                               10