# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors.[1] | **Docket No. 6438** |

### THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) TO DEBTOR BOY SCOUTS OF AMERICA RE VOTING

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Tort Claimants (the "TCC"), by and through its undersigned counsel, shall take the deposition of Debtor Boy Scouts of America ("BSA") by the person(s) designated to testify with respect to the topics described in **Exhibit A** hereto.

The deposition will take place on January 12, 2022, at 11:00 a.m. (Eastern Time), or at such other date and time as the parties may agree. The deposition will be conducted remotely.

With respect to the conduct of this remote deposition:

1. Counsel for the parties and their clients will be participating from various, separate locations;

2. The court reporter will administer the oath to the witness(es) remotely;

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

3. Each participating attorney must be visible to all other participants, and their statements will be audible to all participants;

4. All exhibits will be provided simultaneously and electronically to the witness(es) and all participants;

5. The court reporter will record the testimony;

6. The deposition will be videotaped; and

7. The deposition may be recorded electronically through use of Realtime or a similar application.

Dated: January 3, 2022
Wilmington, Delaware

          PACHULSKI STANG ZIEHL & JONES LLP


          */s/ James E. O'Neill*
          Richard M. Pachulski (CA Bar No. 90073) (admitted *pro hac vice*)
          Alan J. Kornfeld (CA Bar No. 130063) (admitted *pro hac vice*)
          Debra I. Grassgreen (CA 169978) (admitted *pro hac vice*)
          Iain A.W. Nasatir (CA Bar No. 148977) (admitted *pro hac vice*)
          James E. O'Neill (DE Bar No. 4042)
          919 North Market Street, 17th Floor
          P.O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Tele/Fax: (302) 652-4100 / (302) 652-4400
          Email:    rpachulski@pszjlaw.com
                         akornfeld@pszjlaw.com
                         dgrassgreen@pszjlaw.com
                         inasatir@pszjlaw.com
                         joneill@pszjlaw.com

          *Counsel for the Official Committee of Tort Claimants*

# EXHIBIT A

## DEFINITIONS

The following Definitions shall apply to this Exhibit A:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. Capitalized terms not otherwise defined herein shall have same meanings set forth in the Plan.

3. "Abuse" shall have the meaning provided in the Plan.

4. "Abuse Claim" shall have the meaning provided in the Plan.

5. "Abuse Survivor Client" shall have the meaning ascribed to it in the Disclosure Statement.

6. "Ballot" shall have the meaning ascribed to it in the Solicitation Order.

7. "Chapter 11 Cases" means the bankruptcy cases jointly administered under *In re Boy Scouts of America*, Case No. 20-10343 (LSS) in the United States Bankruptcy Court for the District of Delaware

8. "Claim" shall have the meaning ascribed to it in the Disclosure Statement.

9. "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic transmissions, in Your actual or constructive control or

custody or in the control or custody of any current or former affiliates, representatives or advisors.

10. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

11. "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA, LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, and/or successors.

12. "Disclosure Statement" shall mean the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6445], as such Document may be amended, supplemented, or modified from time to time.

13. "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all Documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other Documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes,

memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, printouts, and all other data, whether recorded by electronic or other means, and all drafts thereof. "Documents" always includes Communications.

14. "Kosnoff Communications" means the email sent on November 5, 2021, November 6, 2021, or November 7, 2021 from bsasuvivors@pszjlaw.com with the subject line, "Boy Scouts – Message from Tim Kosnoff – Co-Counsel to AIS Survivors to which was attached a letter dated October 18, 2021 from Timothy D. Kosnoff with the subject line, "KOSNOFF LAW RECOMMENDS THAT ABUSED IN SCOUTING CLIENTS VOTE TO REJECT THE BOY SCOUT PLAN."

15. "Master Ballot" shall have the meaning ascribed to it in the Solicitation Order.

16. "Omni" shall mean Omni Agent Solutions.

17. "Person" shall have the meaning ascribed to it in the Plan.

18. "Plan" shall mean the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 6443], as such Document may be amended, supplemented, or modified from time to time.

19. "Solicitation Order" shall mean the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval*

*of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 6438].

20. "TCC" shall mean the Official Committee of Tort Claimants appointed in these Chapter 11 Cases.

21. "Thirty Law Firms" shall refer collectively to ANDREOZZI & FOOTE, P.C.; CHAFFIN LUHANA, LLP; CREW JANCI LLP; DUMAS & VAUGHAN LLP; EDMISTON & COLTON LAW FIRM; FASY LAW, PLLC; GREEN & GILLESPIE ATTORNEYS AT LAW; HERMAN LAW; HOROWITZ LAW; HURLEY MCKENNA & MERTZ PC; LW OFFICE OF JOSEPH A. BLUMEL III, P.S.; KETTERER BROWNE & ASSOCIATES; THE LAW OFFICES OF MITCHELL GARABEDIAN; LEVY KONIGSBERG LLP; LIAKOS LAW, APC; LUJAN & WOLFF LLP; MERSON LAW, PLLC; MORELLI LAW FIRM PLLC; NEWSOM MELTON, P.A.; OAKS LAW FIRM; PANISH SHEA & BOYLE LLC; PARKER WAICHMAN LLP; PAUL MONES, P.C.; PFAU COCHRAN VERTETIS AMALA PLLC; SPAGNOLETTI LAW FIRM; SWEENEY, REICH & BOLZ, LLP; TAMAKI LAW; WINER, BURRITT & SCOTT, LLP; THE LAW OFFICE OF PAUL MANKIN, APC; and ZUCKERMAN SPAEDER LLP, upon which You propounded discovery in December 2021.

22. "You" or "Your" and variants thereof shall mean the Debtors or each of them.

## TOPICS

1. All Communications between You and any Person Concerning voting in these Chapter 11 Cases.

2. Any instruction You provided to any Person Concerning voting in these Chapter 11 Cases.

3. All Documents and Communications between You and Omni Concerning voting in these Chapter 11 Cases.

4. All Documents and Communications between You, on the one hand, and any holder of an Abuse Claim, an Abuse Survivor Client, and/or a law firm, on the other hand, or Concerning any holder of an Abuse Claim and/or an Abuse Survivor Client, who either (a) failed to vote in these Chapter 11 Cases, (b) abstained from voting in these Chapter 11 Cases or (c) voted to reject the Plan.

5. All Documents and Communications between You and any other Person Concerning Master Ballots.

6. All efforts You made to ensure the integrity and accuracy of the voting process in these Chapter 11 Cases.

7. All Documents and Communications You drafted, sent, received, delivered, or transmitted Concerning any questions, concerns, confusion, uncertainty, or alleged improper conduct Concerning voting in these Chapter 11 Cases arising from, or in connection with, the Kosnoff Communications.

8. All Documents and Communications You drafted, sent, received, delivered, or transmitted Concerning any questions, concerns, confusion, uncertainty, or alleged improper conduct Concerning voting in the these Chapter 11 Cases.

9. All facts Concerning the integrity and accuracy of the voting process in these Chapter 11 Cases.

10. All facts Concerning any alleged actions by the TCC to compromise the integrity and accuracy of the voting process in these Chapter 11 cases.

11. All facts Concerning any alleged actions by any of the Thirty Law Firms to compromise the integrity and accuracy of the voting process in these Chapter 11 cases.

12. All facts Concerning any alleged actions by any other Person to compromise the integrity and accuracy of the voting process in these Chapter 11 cases.

13. All facts Concerning any alleged irregularities in the Master Ballots provided by (a) any of the Thirty Law Firms or (b) any other Person.

14. All facts known to You Concerning any questions, concerns, confusion, or uncertainty about voting in these Chapter 11 Cases arising from, or in connection with, the Kosnoff Communications.

15. All Documents and Communications you received from Omni Concerning any alleged integrity or accuracy issues with respect to the voting process in these Chapter 11 cases.

16. All Documents and Communications you received from any other Person Concerning any alleged integrity or accuracy issues with respect to the voting process in these Chapter 11 cases.

17. All facts Concerning the use of eBallot or any other third party systems or platforms used to gather votes on the Plan in these Chapter 11 Cases.

18. All facts Concerning the integrity and accuracy of eBallot or any other third party systems or platforms used to gather votes on the Plan in these Chapter 11 Cases.