THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline:  January 18, 2022 at 4:00 p.m.** |
| | | **Hearing Date:  To be scheduled if necessary** |

**NINETEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
TO THE TORT CLAIMANTS' COMMITTEE FOR THE
PERIOD FROM AUGUST 31, 2021 THROUGH SEPTEMBER 30, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | August 31, 2021 through September 30, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,347,686.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    31,703.72 |

This is a:    ☒monthly    ☐ interim    ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  The August monthly invoice was erroneously run through August 30, 2021 rather than the full month through August 31, 2021.  The September 2021 Fee Application contains the time entered for August 31, 2021.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $   776,257.50 | $  6,064.88 | $  776,257.50 | $  6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $   644,670.50 | $  3,045.94 | $ 642,670.50[3] | $  3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $   659,618.50 | $  3,681.07 | $  659,618.50 | $  3,182.37[4] |
| 08/27/20 | 06/01/20 – 06/30/20 | $   475,879.50 | $  5,651.98 | $  475,879.50 | $  5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $   678,423.50 | $  6,612.09 | $638,423.50[5] | $  6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $   658,721.00 | $31,487.15 | $ 526,976.80 | $ 31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $   588,902.00 | $15,777.88 | $ 471,121.60 | $ 15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $   666,283.50 | $19,826.31 | $ 533,026.80 | $ 19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $   504,479.00 | $11,755.14 | $ 403,583.20 | $ 11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $   837,406.00 | $12,415.20 | $ 669,924.80 | $ 12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $   901,667.00 | $19,291.93 | $   721,333.60 | $ 19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $   763,236.50 | $  9,386.00 | $   610,589.20 | $  9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $   899,770.80 | $ 27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | $   954,886.40 | $ 18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $47,494.45 | $1,213,753.20 | $44,069.70[6] |
| 10/22/21 | 06/01/21 – 06/30/21 | $1,623,890.75 | $16,089.84 | $1,299,112.60 | $ 16,089.84 |
| 12/28/21 | 07/01/21 – 07/31/21 | $   784,586.00 | $25,808.76 | Pending | Pending |
| 01/04/22 | 08/01/21 – 08/31/21 | $   863,107.25 | $24,494.57 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,295.00 | 1.00 | $   1,295.00 |

---

[3]  In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[4]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70.  For the purposes of this application, we have noted the reduction in the first month of that period.

[5]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[6]  This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 131.70 | $157,381.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 79.60 | $ 91,142.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.60 | $      687.00 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 0.40 | $      440.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 110.90 | $121,435.50 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,095.00 | 5.10 | $    5,584.50 |
| Victoria A. Newmark | Of Counsel 2008, Member of CA Bar since 1996 | $1,050.00 | 44.00 | $ 46,200.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 $   512.50 | 169.70 12.00 | $173,942.50 $    6,150.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 75.60 | $ 75,222.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 80.10 | $ 74,092.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   875.00 | 227.00 | $198,625.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 64.50 | $ 54,825.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 $   412.50 | 226.00 6.00 | $186,450.00 $    2,475.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 17.70 | $ 14,602.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 1.90 | $    1,567.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $   795.00 | 0.50 | $      397.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 1.90 | $ 1,510.50 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 34.70 | $ 27,586.50 |
| Benjamin L. Wallen | Associate 2020; Member of TX Bar since 2016 | $ 750.00 | 13.70 | $ 10,275.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 1.60 | $ 1,080.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 97.00 | $ 60,625.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 19.40 | $ 8,730.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 20.40 | $ 8,670.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 2.30 | $ 977.50 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.40 | $ 170.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 4.40 | $ 1,738.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 8.10 | $ 3,199.50 |
| Myra Kulick | Other | $ 395.00 | 3.20 | $ 1,264.00 |
| Oliver M. Carpio | Other | $ 395.00 | 7.00 | $ 2,765.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 1.50 | $ 525.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 8.90 | $ 3,115.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 8.40 | $ 2,940.00 |

**Grand Total:  $1,347,686.00**
**Total Hours:       1,487.20**
**Blended Rate:      $906.19**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 26.00 | $ 19,620.50 |
| Case Administration | 26.10 | $ 10,257.50 |
| Claims Admin./Objections | 47.10 | $ 38,279.00 |
| Compensation of Professional | 5.60 | $ 4,315.00 |
| Compensation of Prof./Others | 13.80 | $ 8,526.00 |
| General Creditors Comm. | 139.50 | $126,713.50 |
| Hearings | 204.40 | $203,073.00 |
| Insurance Coverage | 17.90 | $ 17,637.50 |
| Mediation | 47.90 | $ 47,867.50 |
| Non-Working Travel | 18.00 | $ 8,625.00 |
| Plan & Disclosure Statement | 930.10 | $853,816.50 |
| Retention of Prof./Other | 10.80 | $ 8,955.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[7] | Total Expenses |
|---|---|---|
| Air Fare | Jetblue; United Airlines | $ 6,656.87 |
| Auto Travel Expense | KLS Worldwide; D&L Transportation; Uber; JTL Management Inc. Transportation | $ 1,252.12 |
| Bloomberg | | $ 1,020.59 |
| Working Meals | Yankee Pier; Shun Lee Palace Oceana | $ 450.52 |
| Conference Call | AT&T conference Call | $ 50.58 |
| Delivery/Courier Service | Advita | $ 15.00 |
| Express Mail | Federal Express | $ 291.73 |
| Hotel Expense | Westin NY; Courtyard by Marriott; Intercon Barclay Hotel | $ 2,085.33 |
| Legal Research | Lexis/Nexis | $ 1,913.77 |
| Outside Services | Zoom; Horowitz Agency | $10,987.05 |
| Court Research | Pacer | $ 2,190.90 |
| Postage | US Mail | $ 435.87 |
| Reproduction Expense | | $ 161.90 |
| Reproduction/Scan Copy | | $ 2,498.50 |
| Research | Everlaw | $ 1,628.00 |
| Travel Expense | Travel Agency Service; United Airlines WiFi Service | $ 64.99 |

---

[7] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 18, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**NINETEENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
TO THE TORT CLAIMANTS' COMMITTEE FOR THE
<u>PERIOD FROM AUGUST 31, 2021 THROUGH SEPTEMBER 30, 2021</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Nineteenth Monthly Application for Compensation and for Reimbursement of Expenses for the

Period from August 31, 2021 through September 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $1,347,686.00 and actual and necessary expenses in the amount of $31,703.72

for a total allowance of $1,379,389.72 and payment of $1,078,148.80 (80% of the allowed fees)

and reimbursement of $31,703.72 (100% of the allowed expenses) for a total payment of

$1,109,852.52 for the period August 31, 2021 through September 30, 2021 (the "Interim

Period").  In support of this Application, PSZ&J respectfully represents as follows:

### Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in possession of their property and continued to operate and

manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.  On

or about August 6, 2021, the Court signed the Amended Administrative Order.  The

Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

### Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

### Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.        **Bankruptcy Litigation**

15.      This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed prior discovery issues regarding Coalition-related individuals; (2) reviewed and analyzed issues regarding responding to BSA discovery requests in restricted asset litigation; (3) performed work regarding the form of order for claim aggregator discovery; (4) performed work regarding an aggregator Bankruptcy Rule 2004 discovery motion; (5) reviewed and analyzed issues regarding the Debtors' non-responsiveness relating to discovery; (6) performed work regarding a notice of withdrawal of the Committee's objection to the Lehr settlement motion; (7) performed work regarding Hearing Notebooks; (8) performed research; (9) reviewed and analyzed issues regarding an objection to the Debtors' motion for protective order; and (10) corresponded and conferred regarding bankruptcy litigation issues.

Fees:  $19,620.50;      Hours:  26.00

B.        **Case Administration**

16.      This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained document control; (2) maintained a memorandum of critical dates; (3) maintained service lists; (4) performed work regarding Hearing Binders; and (5) corresponded regarding case administration issues.

Fees:  $10,257.50;      Hours:  26.10

**C.**     **Claims Admin/Objections**

17.     This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) responded to inquiries from survivors and counsel; (2) reviewed and analyzed issues regarding rosters; (3) reviewed and analyzed issues regarding Chartered Organizations; (4) performed work regarding a value analysis of religious Chartered Organization claims; (5) reviewed and analyzed issues regarding a motion for late filed claims; (6) performed work regarding a claims analysis relating to Hartford Local Council policies; (7) performed work regarding a Century Local Council claims analysis; (8) reviewed and analyzed issues regarding the PBGC claim; (9) reviewed and analyzed PBGC claim materials; (10) performed legal research regarding PBGC claim issues; (11) reviewed and analyzed issues regarding underfunded plans; and (12) corresponded and conferred regarding claim issues.

Fees:  $38,279.00;     Hours:  47.10

**D.**     **Compensation of Professionals**

18.     This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its May and June 2021 monthly, and Fifth quarterly, fee applications.

Fees:  $4,315.00;     Hours:  5.60

**E.**     **Compensation of Professionals--Others**

19.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed

work regarding CBRE and Rock Creek fee applications; and (2) corresponded regarding compensation of professionals issues.

Fees:  $8,526.00;        Hours:  13.80

**F.    General Creditors Committee**

20.    This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Plan strategy issues; (2) reviewed and responded to correspondence and calls from survivors and their counsel; (3) reviewed and analyzed issues regarding settlement proposals; (4) performed work regarding meeting agendas, and prepared for and participated in telephonic conferences with State Court Counsel and Committee members regarding case issues; (5) reviewed and analyzed mediation issues; (6) reviewed and analyzed insurance issues; (7) performed work regarding a Town Hall website; (8) prepared for and attended a Town Hall conference on September 9, 2021; (9) attended to incarcerated survivor issues; (10) reviewed and analyzed Plan issues; (11) reviewed and analyzed issues regarding settlements with the Church of Latter Day Saints and Hartford; (12) attended to media issues; (13) reviewed and analyzed issues regarding Hartford discovery; (14) performed work regarding a common interest agreement in support of confirmation process; (15) prepared for and attended a Town Hall meeting on September 30, 2021; and (16) corresponded and conferred regarding general creditors committee issues.

Fees:  $126,713.50;    Hours:  139.50

### G.    Hearings

21.    This category relates to issues regarding preparing for and attending Court hearings.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended Disclosure Statement hearings on September 21 and 22, 2021; and (2) prepared for and attended Omnibus hearings on September 23, 28 and 29, 2021 regarding Plan and Disclosure Statement issues.

Fees:  $203,073.00;    Hours:  204.40

### H.    Insurance Coverage

22.    This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed discovery issues regarding AIG and Century; (2) reviewed and analyzed issues regarding claims data; (3) reviewed and analyzed insurance coverage issues; (4) reviewed and analyzed .confidentiality issues; (5) reviewed and analyzed a Hartford claims analysis and coverage for Local Council only claims; (6) reviewed and analyzed issues regarding loss runs and erosion issues; (7) reviewed and analyzed issues regarding insurance defenses; (8) performed work regarding an objection to Hartford settlement; (9) performed work regarding Century and AIG discovery; and (10) corresponded and conferred regarding insurance issues.

Fees:  $17,637.50;    Hours:  17.90

### I.    Mediation

23.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Century financials; (2) prepared for and

attended a mediation session on September 9, 2021 regarding Century; (3) attended to scheduling

issues; (4) prepared for and attended a mediation session on September 30, 2021; and

(5) corresponded and conferred regarding mediation issues.

Fees:  $47,867.50;    Hours:  47.90

**J.    Non-Working Travel**

24.    During the Interim Period, the Firm incurred travel time while working on

case matters.  Such time is billed at one-half the normal rate.

Fees:  $8,625.00;    Hours:  18.00

**K.    Plan and Disclosure Statement**

25.    This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) performed work regarding Agenda Notices; (2) reviewed and analyzed Plan litigation

strategy issues; (3) performed work regarding a Trust Agreement; (4) reviewed and analyzed

issues regarding Plan status and negotiations; (5) reviewed and analyzed Plan discovery related

to insurance; (6) performed work regarding a statement concerning the Debtors' amended Plan;

(7) prepared for and met telephonically with State Court Counsel and the Committee regarding

Plan and settlement issues; (8) reviewed and analyzed a Plan discovery schedule; (9) drafted a

Committee Plan; (10) reviewed and analyzed voting issues; (11) performed work regarding

media issues related to the Debtors' Fifth Plan; (12) performed work regarding responding to

BSA discovery in the Restricted Asset Litigation; (13) reviewed and analyzed insurance

neutrality issues; (14) reviewed and analyzed release issues; (15) maintained a litigation and

discovery tracking chart; (16) reviewed and analyzed issues regarding insurance company offers; (17) reviewed and analyzed issues regarding potential Plan experts; (18) performed work regarding discovery requests to Century and Hartford concerning Plan and Disclosure Statement issues; (19) performed work regarding a plain-English Plan summary; (20) reviewed and analyzed a Hartford settlement term sheet; (21) performed work regarding discovery requests to AIG concerning Plan and Disclosure Statement issues; (22) reviewed and analyzed valuation issues; (23) reviewed and analyzed issues regarding a Hartford settlement counter offer; (24) reviewed and analyzed settlement motions relating to Knight, Romero and Lehr and policies implicated; (25) performed work regarding aggregator discovery issues; (26) attended to issues regarding a Plan Discovery Procedures Motion; (27) performed work regarding claims data for potential expert review; (28) reviewed and revised a Hartford term sheet; (29) performed work regarding revised Trust Distribution Procedures; (30) performed work regarding a motion to terminate exclusivity; (31) reviewed and analyzed issues regarding the best interests of creditors test; (32) reviewed and analyzed State franchise law issues; (33) reviewed and analyzed issues regarding a potential Trustee candidate; (34) performed work regarding staffing structure for Plan-related discovery and litigation; (35) performed work regarding a motion for inclusion in insurers' discovery pertaining to claims aggregators; (36) performed work regarding a motion to adjourn Disclosure Statement hearing; (37) reviewed and analyzed Plan objection issues; (38) reviewed and analyzed a schedule of pending actions against Local Councils and Chartered Organizations; (39) reviewed and analyzed issues regarding discovery and confidential documents; (40) drafted a motion to establish confirmation discovery protocol; (41) reviewed

and analyzed Local Council property reversion issues; (42) reviewed and analyzed mediation briefs; (43) performed work regarding Plan objection issues and discovery; (44) performed work regrading Plan discovery confidentiality issues; (45) reviewed and revised the Trust Agreement to conform with Trust Distribution Procedures; (46) reviewed and analyzed issues regarding a confidentiality agreement and protective order in connection with the use of Local Council documents at trial; (47) reviewed and analyzed a mediator report regarding the Church of Latter Day Saints and Hartford term sheets; (48) reviewed and analyzed issues regarding the reclassification of confidential information; (49) reviewed and analyzed Plan discovery issues relating to insurance settlement; (50) performed work regarding a Local Counsel letter requesting removal of confidential designations; (51) performed work relating to requests for production of documents, interrogatories, and requests for admission regarding Century; (52) performed work regarding an analysis of potential Plan objections and corresponding discovery needed; (53) reviewed and analyzed new discovery by Century and needed revisions to claims aggregator motion; (54) performed work regarding schedules of documents to be declassified; (55) performed work regarding a request for production to the Church of Latter Day Saints regarding Plan and settlement issues; (56) performed work regarding a Plan discovery chart; (57) reviewed and analyzed issues regarding the BSA relationship with Local Councils; (58) reviewed and analyzed Plan treatment of Hartford; (59) attended to discovery timing issues; (60) reviewed and analyzed issues regarding consent to motions to shorten time; (61) reviewed and analyzed the Debtors' Fifth Amended Plan; (62) reviewed and analyzed confirmation scheduling issues; (63) reviewed and analyzed issues regarding competing Plans; (64) reviewed

and analyzed the Debtors' Omnibus reply to objections; (65) reviewed and analyzed a confirmation scheduling order; (66) reviewed and analyzed issues regarding witnesses at the Disclosure Statement hearing; (67) reviewed and analyzed the Ad Hoc Local Council and Coalition replies regarding Disclosure Statement; (68) reviewed and edited requests for production to the Church of Latter Day Saints and Hartford; (69) performed work regarding discovery centralized definitions; (70) reviewed and analyzed contract rejection issues; (71) performed work regarding requests for admission to Hartford; (72) reviewed and analyzed evidentiary issues regarding Plan confirmation issues; (73) reviewed and finalized a motion for authority to issue identical subpoenas as insurers in certain discovery related to claims aggregators; (74) reviewed and analyzed the Debtors' motion for protective order and impact on Committee's evidence related to Plan objections; (75) reviewed and analyzed discovery-related deadlines; (76) maintained a list of potential Plan objections; (77) reviewed and analyzed the Debtors' motion for protective order regarding impact on confidentiality declassification request; (78) reviewed and analyzed the Debtors' objection to motions to adjourn Disclosure Statement hearing and to terminate exclusivity; (79) reviewed and analyzed a solicitation procedures order; (80) performed work regarding a Committee recommendation letter concerning the Debtors' Plan; (81) reviewed and analyzed issues regarding objections to the Disclosure Statement; (82) prepared for and attended a hearing on September 21, 2021 on the motion to adjourn Disclosure Statement hearing; (83) performed work regarding a claim distribution summary relating to Disclosure Statement; (84) reviewed and analyzed Plan treatment of indirect abuse claims; (85) prepared for and participated in a meet and confer call regarding declassification

issues; (86) performed work regarding a summary of open Disclosure Statement and solicitation issues; (87) reviewed and analyzed PBGC claim valuation issues; (88) reviewed and analyzed financial statements regarding Disclosure Statement; (89) performed work regarding an emergency Bankruptcy Rule 3013 motion; (90) reviewed and analyzed the Hershey declaration and exhibits; (91) reviewed and analyzed mediation privilege issues; (92) performed work regarding a proposed confirmation procedures order; (93) performed work regarding notice issues related to the Committee's letter regarding the Debtors' Plan, the Committee's proposed confirmation schedule, the Committee's proposed solicitation procedures order, and the Committee's proposed confirmation scheduling order; (94) reviewed and analyzed the Debtors' changes to the Disclosure Statement, solicitation order and procedures, and ballots; (95) performed work regarding an opposition to the Debtors' motion for a protective order; (96) performed work regarding a declassification memorandum; (97) performed work regarding a press release concerning Disclosure Statement order; (98) performed work regarding a notice of withdrawal without prejudice of the Rule 3013 motion; (99) performed work regarding requests for production of documents to the Debtors; (100) reviewed and analyzed a privilege log; (101) reviewed and analyzed issues regarding quantifying deductible exposure; (102) reviewed and analyzed issues regarding Plan options; (103) performed work regarding discovery requests relating to settlements; (104) performed work regarding Future Claims Representative document production requests; (105) reviewed and analyzed protocol issues

relating to declassification; and (106) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $853,816.50;    Hours:  930.10

**L.      Retention of Professionals--Others**

26.     This category relates to work regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Claro retention application.

Fees:  $8,955.00;        Hours: 10.80

**Valuation of Services**

27.     Attorneys and paraprofessionals of PSZ&J expended a total 1,487.20 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,295.00 | 1.00 | $    1,295.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 131.70 | $157,381.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 79.60 | $  91,142.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 0.60 | $      687.00 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 0.40 | $      440.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 110.90 | $121,435.50 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,095.00 | 5.10 | $   5,584.50 |
| Victoria A. Newmark | Of Counsel 2008, Member of CA Bar since 1996 | $1,050.00 | 44.00 | $ 46,200.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 $   512.50 | 169.70 12.00 | $173,942.50 $   6,150.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 75.60 | $ 75,222.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $   925.00 | 80.10 | $ 74,092.50 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $   875.00 | 227.00 | $198,625.00 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $   850.00 | 64.50 | $ 54,825.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $   825.00 $   412.50 | 226.00 6.00 | $186,450.00 $   2,475.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $   825.00 | 17.70 | $ 14,602.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $   825.00 | 1.90 | $   1,567.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $   795.00 | 0.50 | $      397.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $   795.00 | 1.90 | $   1,510.50 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $   795.00 | 34.70 | $ 27,586.50 |
| Benjamin L. Wallen | Associate 2020; Member of TX Bar since 2016 | $   750.00 | 13.70 | $ 10,275.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $   675.00 | 1.60 | $   1,080.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $   625.00 | 97.00 | $  60,625.00 |
| Leslie A. Forrester | Law Library Director 2003 | $   450.00 | 19.40 | $   8,730.00 |
| Karina K. Yee | Paralegal 2000 | $   425.00 | 20.40 | $   8,670.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $   425.00 | 2.30 | $      977.50 |
| Patricia E. Cuniff | Paralegal 2000 | $   425.00 | 0.40 | $      170.00 |
| Cheryl A. Knotts | Paralegal 2000 | $   395.00 | 4.40 | $   1,738.00 |
| Mike A. Matteo | Paralegal 2001 | $   395.00 | 8.10 | $   3,199.50 |
| Myra Kulick | Other | $   395.00 | 3.20 | $   1,264.00 |
| Oliver M. Carpio | Other | $   395.00 | 7.00 | $   2,765.00 |
| Andrea R. Paul | Case Management Assistant | $   350.00 | 1.50 | $      525.00 |
| Charles J. Bouzoukis | Case Management Assistant | $   350.00 | 8.90 | $   3,115.00 |
| Karen S. Neil | Case Management Assistant | $   350.00 | 8.40 | $   2,940.00 |

**Grand Total:  $1,347,686.00**
**Total Hours:       1,487.20**
**Blended Rate:      $906.19**

28.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $1,347,686.00.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended

Administrative Order, and believes that this Application complies with such Rule and Orders.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order

providing that, for the period of August 31, 2021 through September 30, 2021, an interim

allowance be made to PSZ&J for compensation in the amount of $1,347,686.00 and actual and

necessary expenses in the amount of $31,703.72 for a total allowance of $1,379,389.72 and

payment of $1,078,148.80 (80% of the allowed fees) and reimbursement of $31,703.72 (100% of

the allowed expenses) be authorized for a total payment of $1,109,852.52; and for such other and

further relief as this Court deems proper.

Dated:  January 4, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Debra I. Grassgreen (CA 169978)
Iain A.W. Nasatir (CA Bar No. 148977)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  rpachulski@pszjlaw.com
           akornfeld@pszjlaw.com
           dgrassgreen@pszjlaw.com
           inasatir@pszjlaw.com
           joneill@pszjlaw.com

*Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE      :
                                 :
COUNTY OF NEW CASTLE    :

        James E. O'Neill, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and the Amended Administrative Order signed on or about August 6, 2021, and submit that the Application substantially complies with such Rule and Orders.

                                    */s/ James E. O'Neill*
                                    James E. O'Neill