IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC,[1]<br><br>Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION OF CATHOLIC MUTUAL RELIEF SOCIETY
AND THE ROMAN CATHOLIC AD HOC COMMITTEE
(1) FOR PROTECTIVE ORDER REGARDING CENTURY INDEMNITY
COMPANY'S SUBPOENA TO CATHOLIC MUTUAL; AND
(2) TO QUASH THE DEBTORS' 30(b)(6) DEPOSITION
NOTICE TO THE ROMAN CATHOLIC AD HOC COMMITTEE**

Catholic Mutual Relief Society ("Catholic Mutual") and the Roman Catholic Ad Hoc Committee (the "RCAHC") hereby move this Court (the "Motion") pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 7026-1, 7030-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order, substantially in the form attached hereto as **Exhibit A**: (i) granting a protective order with respect to a subpoena (the "Subpoena") served on Catholic Mutual by Century Indemnity Company ("Century"); and (ii) to quash the above captioned debtors' and debtors in possession (the "Debtors") Rule 30(b)(6) deposition notice to the RCAHC (the "30(b)(6) Notice"). In support thereof, Catholic Mutual and the RCAHC state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

## BACKGROUND

1. Late on December 29, 2021, Century[2] served on Catholic Mutual the Subpoena, attached hereto as **Exhibit B**, which contained 31 categories of documents with a stated return date of January 7, 2022. The 31 categories fall into the following broad categories:

   a. Catholic Mutual's claim files and insurance policies regarding scouting related sexual abuse claims asserted against Roman Catholic Chartered Organizations for which Catholic Mutual is an insurer of the Chartered Organization, not an insurer of the Debtors or the Local Councils;

   b. Plan voting related communications between Catholic Mutual and Roman Catholic entities or other Chartered Organizations;

   c. Governance of the RCAHC;

   d. Proofs of Claim filed by entities other than Catholic Mutual; and

   e. All documents Catholic Mutual may have relating to the Debtors' Chapter 11 cases.

2. Late on December 31, 2021, the Debtors[3] issued the 30(b)(6) Notice to the RCAHC, attached hereto as **Exhibit C**. There were five topics listed:

---

[2] Efforts to schedule a meet and confer with Century prior to the January 7, 2022 response date listed in the Century Subpoena were unsuccessful.

[3] The RCAHC and the Debtors had a meet and confer on January 6, 2022, which did not resolve the issues with respect to the 30(b)(6) Notice. The parties have agreed to continue discussions. However, because of the expedited timeline in these cases and the intertwining of issues with the Century Subpoena, the RCAHC proceeded with this Motion.

2

      a. Three concerned plan voting communications involving the RCAHC and Roman Catholic entities;[4]

      b. one concerned the RCAHC's and others retention of Potter Anderson & Corroon LLP ("Potter Anderson"); and[5]

      c. the final topic was governance of the RCAHC.

## RELIEF REQUESTED

3. These requests are irrelevant, untimely, oppressive and improper, and for the reasons discussed below, Catholic Mutual therefore respectfully asks this Court to issue a protective order with respect to the Subpoena and the RCAHC asks this Court to quash the 30(b)(6) Notice.

## BASIS FOR RELIEF REQUESTED

4. Fed. R. Civ. P. 26(c) ("Protective Orders") provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

5. Rule 26(c) lists some of the remedies the Court may order, including "forbidding the disclosure or discovery."

6. The Court should enter a protective order forbidding the discovery sought by Century and the Debtors for the following reasons.

7. *First*, the Century Subpoena—seeking 31 categories of documents—called for

---

[4] On December 29, 2021, the Debtors also issued Requests for Production to the RCAHC, which were limited to the same three plan voting topics. The parties proactively met and conferred on those requests as well. The RCAHC will be objecting to producing documents on those topics.

[5] Century has also issued extensive discovery into this issue. Responses and objections are due on January 7, 2022 and the RCAHC will attempt to meet and confer with Century after those responses and objections are served.

3

compliance in an unreasonably short time. The Century Subpoena was served just before New Year's, with a return date of January 7, 2022. This unreasonably short time to comply, especially over a holiday weekend and involving so burdensome a subpoena, requires relief. *Cf.* Fed. R. Civ. P. 45(d)(3)(A) (court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply");[6] *Verisign, Inc. v. XYZ.com, LLC,* No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) (recognizing that seven days is "clearly unreasonable").

8.  *Second*, many of the Century Subpoena's and several of the 30(b)(6) Notice's requests were made too late. The Court's Scheduling Order entered on December 28, 2021 (Dkt. 7996) (confirming the Court's oral ruling at the hearing on December 21, 2021, see Dkt. 7973) reflects that the deadline to serve written discovery on general confirmation-related issues expired on October 8, 2021—excepting only discovery regarding "solicitations, settlements, voting and related issues" (due by December 29, 2021).

9.  The Century Subpoena's untimely requests include those concerning tender of Scouting-related abuse claims (Requests Nos. 1-3); formation and authority of the Roman Catholic Ad Hoc Committee (Requests Nos. 10-11); policies issued by Catholic Mutual (Requests Nos. 12-17); communications concerning abuse claims (Requests Nos. 18-19); communications concerning proofs of claim (Requests Nos. 20-21, 25, 27); and Catholic Mutual relief payment practices, analyses, communications, and identification of abuse claims (Requests Nos. 22-24, 26, 28-31). The 30(b)(b) Notice covers the same formation and governance topics.

---

[6] Under Rule 45(d)(3)(A), Catholic Mutual could file a motion to quash in "the district where compliance [with the subpoena] is required" (here, the District of Nebraska), and Rule 45(f) would allow that court to transfer the motion to this Court, where the subpoena was issued. But Rule 26(c) authorizes this Court to entertain this motion for protective order in the first instance, and since the issues and parties are best known to this Court, it is most expeditious and sensible to proceed under Rule 26.

4

10. Presumably these topics are meant to attack the standing of the RCAHC to file and prosecute objections to confirmation.

11. None of this relates to "solicitations, settlements [those announced on December 13, 2021 and thereafter], voting and related issues" (for which discovery closed on December 29, 2021). And even if this discovery otherwise related to plan confirmation (which it does not, as explained below), the deadline to seek written discovery expired on October 8, 2021 and fact depositions were to be completed by December 1, 2021—meaning that depositions needed to be timely noticed by November 23 pursuant to Local Rule 7030-1(b) ("'reasonable notice' … shall not be less than seven (7) days.").

12. The RCAHC, and Catholic Mutual as its Chair, have been consistently and vocally opposed to the current proposed Plan since it was first filed September 2021. Nothing has changed.

13. The Debtors and Century have been aware of this opposition. If either the Debtors or Century wanted RCAHC governance information or Catholic Mutual's files relating to its own insureds, the time to do so expired months ago. Neither party sought to do so then and they are precluded from doing so now. Nothing in the recently announced settlement agreements implicates the discovery now being sought.

14. The fact that Century has now settled with the Debtors and supports the Plan does not entitle it to take discovery now. Century made strategic decisions not to seek that discovery in October and November 2021. Voluntarily switching sides of the aisle is not an excuse nor justification for untimely discovery or to presumably and belatedly challenge standing.[7]

---

[7] It is ironic that Century now seeks to attack the RCAHC's standing and governance since just a short time ago it sought to establish a common interest with the RCAHC to oppose the Plan. *See* December 2, 2021 e-mail

15.     ***Third,*** the foregoing discovery sought by Century and the Debtors is simply irrelevant to plan confirmation. Catholic Mutual is not an insurer of the Debtors or the Local Councils, and its certificates are not at issue in this case. Thus, discovery into Catholic Mutual's certificates, abuse claims tendered under those certificates, and its claims practices has no bearing on plan confirmation and is thus disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

16.     As for the voting related discovery, this Court has allowed limited voting discovery of law firms representing survivors in these cases, an issue pushed primarily by Century.  However, as the RCAHC and Catholic Mutual understand, the Court's allowance of discovery is limited to the question of law firms casting ballots on behalf of their clients (directly or through a master ballot), and concerns about whether the law firms have the authority to cast such ballots and whether survivors have been adequately informed of, and consent to, the votes their attorneys are casting on survivors' behalf.

17.     Those circumstances are not present with respect to the RCAHC.  The RCAHC is an ad hoc committee of which Catholic Mutual is a member and chair.  It is not a law firm and none of its members are law firms.  Neither the RCAHC nor Catholic Mutual cast a single ballot on behalf of themselves or any Roman Catholic Chartered Organizations.

18.     Notably no other faith based or secular organization whose members were Chartered Organizations has received this discovery.  All such Chartered Organizations were entitled to vote in Class 9, a voting class that did not accept the Plan, as more than one-third of

---

from Daniel Shamah, counsel for Century, to Jeremy Ryan entitled "Common Interest", attached hereto as **Exhibit D**.

Class 9 creditors of Boy Scouts of America voted to reject it. *See* Dkt. 8141 (declaration of Catherine Nownes-Whitaker Regarding Solicitation of Votes and Preliminary Tabulation of Ballots Cast). If BSA or Century had legitimate concerns about the Class 9 vote, the RCAHC and Catholic Mutual would not have been the only parties served with these requests.

19. This Court should see these requests for what they truly are—an effort to intimidate and harass the RCAHC for its opposition to the Plan.

20. *Fourth,* the Century Subpoena's remaining requests are premature. Requests Nos. 4-9 seek information concerning Catholic entities' future opt-out options or objections. Those actions will not occur until February 4, 2022 when objections to the Plan are due and Century will learn them at that time. There is no basis for Century's attempt to obtain a preview of these entities' possible future actions.

21. Indeed, it is appropriate to enter a protective order to bar discovery that is premature. *See, e.g.*, *Hartford Fire Ins. Co. v. InterDigital Commc'ns Corp.*, No. CV 06-422-JJF, 2007 WL 9811144, at *4 (D. Del. Nov. 29, 2007); Federal Rules of Civil Procedure, Rules and Commentary, Rule 26 at text & n.533 ("A party that receives premature discovery requests" may "seek[] a protective order," and "the court's power to grant relief under Rule 26(c)" includes "'striking' premature discovery requests"). *Cf.* 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2456 (3d ed.) ("courts may refuse to issue a subpoena duces tecum against a nonparty if the documents or materials sought to be produced are available in another way") (collecting cases).

22. *Finally,* the Debtors have no basis to inquire into the RCAHC's attorney-client relationship and the attorney-client relationship of any other entity that shares (Catholic Mutual) or shared (the UMAHC) a representation with Potter Anderson. The UMAHC has made it clear following entry into their settlement with the Debtors that they consent to Potter Anderson's

7

continued representations in these cases. *See* Mediator's Notice dated December 30, 2021, attached hereto as **Exhibit E**.

23. In sum, Century's and the Debtors' discovery is improper in every sense:

(a) Time -- Century demanded a response in an unreasonably short time; both parties seek discovery on many topics long past the deadline; and Century prematurely seeks other information;

(b) Relevancy – the Century Subpoena's 31 requests and the 30(b)(6) Notice seek information irrelevant to plan confirmation and are oppressively burdensome. *Cf.* Fed. R. Civ. P. 45(c) (court "must quash or modify a subpoena that . . . subjects a person to undue burden"); and

(c) Improper Inquires – the Debtors (and Century) have no basis to inquire into the attorney-client relationships of other parties.

## COMPLIANCE WITH LOCAL RULE 7026-1(d)

24. The undersigned counsel certifies that Catholic Mutual and the RCAHC have made a reasonable effort to reach an agreement with the opposing parties regarding the relief requested herein, but no agreement has been reached at this time. As noted above, efforts to schedule a meet and confer with Century prior to the January 7, 2022 response date listed in the Century Subpoena were unsuccessful. The RCAHC and the Debtors had a meet and confer on January 6, 2022, which did not resolve the issues with respect to the 30(b)(6) Notice. The parties have agreed to continue discussions, but file this Motion with respect to the 30(b)(6) Notice out of an abundance of caution.

[*Remainder of Page Left Intentionally Blank*]

WHEREFORE, Catholic Mutual and the RCAHC respectfully request that the Court enter a protective order forbidding the discovery propounded by Century's Subpoena, barring the Rule 30(b)(6) depositions of the RCAHC noticed by the Debtors, and for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 7, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ *Aaron H. Stulman*<br>Jeremy W. Ryan (Bar No. 4057)<br>Aaron H. Stulman (Bar No. 5807)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br>        astulman@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>       dspector@schiffhardin.com<br>       mfisher@schiffhardin.com<br>       nlloyd@schiffhardin.com<br>       dschufreider@schiffhardin.com<br>       jyan@schiffhardin.com<br><br>*Counsel for Catholic Mutual Relief Society of America and the Roman Catholic Ad Hoc Committee* |