**EXHIBIT B**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Delaware_____

In re __Boy Scouts of America and Delaware BSA, LLC__
Debtor
*(Complete if issued in an adversary proceeding)*

Case No. __20-10343 (LSS)__

Chapter __11__

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Catholic Mutual Relief Society of America
c/o CSC-Lawyers Incorporating Service Company, 233 South 13th Street, Suite 1900, Lincoln, NE 68508

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Contained herein in Exhibit 1

| PLACE | DATE AND TIME |
|---|---|
| The Lincoln Marriott Cornhusker Hotel<br>333 South 13th Street, Lincoln, NE 68508<br>Attn: Stamatios Stamoulis (302) 999-1540 stamoulis@swdelaw.com | 1/7/22 by 5:00 pm Eastern |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/29/2021__

CLERK OF COURT

OR

_____         *Stamatios Stamoulis*
Signature of Clerk or Deputy Clerk             Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Century Indemnity Company__, who issues or requests this subpoena, are:
Stamatios Stamoulis 800 N. West Street, Third Floor Wilmington, DE 19801 (302) 999-1540 stamoulis@swdelaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**(Catholic Mutual)

**DEFINITIONS**

For the purposes of these Requests, the following Definitions shall apply:

1. Any capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan.

2. "Chubb Companies" means: (a) Westchester Fire Insurance Company; (b) Westchester Surplus Lines Insurance Company; (c) Industrial Insurance Company of Hawaii; (d) Chubb Custom Insurance Company; (e) Federal Insurance Company; (f) Pacific Indemnity Company; (g) Texas Pacific Indemnity Company; (h) U.S. Fire Insurance Company, to the extent policies were assumed by or novated to Westchester Fire Insurance Company; (i) International Insurance Company to the extent policies were assumed by or novated to Westchester Fire Insurance Company; (j) Industrial Indemnity Company; (k) Pacific Employers Insurance Company; (l) The North River Insurance Company; (m) Aetna Insurance Company; (n) American Foreign Insurance Association; (o) Chubb Atlantic Indemnity Ltd.; and (p) INA Insurance Company of Illinois; (q) and each of their past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such provided that the term "Chubb" shall not include the foregoing persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from or in connection with Abuse Claims, any actions, omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the

1

Effective Date, including the Settling Insurers' performance of their obligations under such policies whether for defense, settlement of claims or otherwise and (ii) Post-Petition Policies, except for any Claims or Causes of Action related to, arising from or in connection with any actions, omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including the Settling Insurers' performance of their obligations under such policies whether for defense, settlement of claims or otherwise.

3. "Committee" means the Roman Catholic Ad Hoc Committee.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

5. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

6. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents

and information in your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, printouts, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

7.      "Plan" means any plan of reorganization for the Debtors, including, but not limited to, the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [ECF No. 7832] (as may be modified, amended, or supplemented from time to time).

8.      "You" means the Catholic Mutual Relief Society of America, including its representatives, agents, attorneys, and anyone acting or purporting to act on its behalf.

## INSTRUCTIONS

For the purposes of these Requests, the following Instructions shall apply:

1.    The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.    These Requests shall be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

3.    Where an objection is interposed to any Request, the objection shall state with specificity all bases and grounds for the objection.

4.    Each Request shall operate and be construed independently and shall be answered separately. Unless otherwise indicated, no Request limits the scope of any other Request.

5.    If any responsive information or documents is known to have existed and cannot now be located or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding or other disposition.

### REQUESTS FOR PRODUCTION

**Request No. 1:**

All letters or other Documents tendering claims alleging sexual abuse involving Scouting to Catholic Mutual and Catholic Mutual's responses to such tenders.

**Request No. 2:**

All letters or other Documents issued by members of the Committee tendering claims alleging sexual abuse involving Scouting to Catholic Mutual and Catholic Mutual's responses to such tenders.

**Request No. 3:**

All letters or other Documents issued by members of the Committee tendering claims alleging sexual abuse involving Scouting that took place Prepetition to Catholic Mutual and Catholic Mutual's responses.

**Request No. 4:**

All Documents and Communication between Catholic Mutual, on the one hand, and the archdioceses, dioceses and/or any other Catholic Entities, on the other hand, that are not members of the Committee Concerning whether such entities should opt out of making the Participating Chartered Organization Insurance Assignment under the Plan.

**Request No. 5:**

All Documents and Communication between Catholic Mutual, on the one hand, and archdioceses and dioceses that are members of the Committee, on the other hand, Concerning whether such entities should opt out of make the Participating Chartered Organization Insurance Assignment under the Plan.

**Request No. 6:**

All Documents and Communication between Catholic Mutual, on the one hand, and archdioceses, dioceses and/or other Catholic Entities, on the other hand, that are not members of the Committee Concerning voting on the Plan and/or how to vote.

**Request No. 7:**

All Documents and Communication between Catholic Mutual, on the one hand, and the archdioceses, dioceses and other Catholic Entities that are not members of the Committee Concerning voting on the Plan or how to vote.

**Request No. 8:**

All Documents and Communication between Catholic Mutual, on the one hand, and any Chartered Organization that is not a members of the Committee Concerning voting on the Plan, how to vote and/or whether to opt out of making the Participating Chartered Organization Insurance Assignment under the Plan.

**Request No. 9:**

All Documents and Communication between Catholic Mutual, on the one hand, and any Chartered Organization that is not a members of the Committee Concerning objecting to the Plan.

**Request No. 10:**

All Documents and Communication Concerning the formation of the Catholic Ad Hoc Committee.

**Request No. 11:**

All Documents and Communications granting the Catholic Ad Hoc Committee authority to speak on behalf of or bind the individual members of the Catholic Ad Hoc Committee in the these Chapter 11 Cases (*i.e.*, the Boy Scout bankruptcy case).

**Request No. 12:**

The liability insurance policies that Catholic Mutual issued Prepetition to archdioceses and dioceses as stated in paragraph 3 of the *Second Amended Verified Statement of the Roman Catholic Ad Hoc Committee Pursuant to Bankruptcy Rule 2019* [D.I. 7805].

**Request No. 13:**

The liability insurance policies that Catholic Mutual issued Prepetition to archdioceses and dioceses, as stated in paragraph 3 of the *Second Amended Verified Statement of the Roman Catholic Ad Hoc Committee Pursuant to Bankruptcy Rule 2019* [D.I. 7805], that are members of the Committee.

**Request No. 14:**

Documents sufficient to identify liability insurance policies that Catholic Mutual issued Prepetition to archdioceses and dioceses, as stated in paragraph 3 of the *Second Amended Verified Statement of the Roman Catholic Ad Hoc Committee Pursuant to Bankruptcy Rule 2019* [D.I. 7805].

**Request No. 15:**

Documents sufficient to identify archdiocese, diocese and Catholic Entities that Catholic Mutual issued liability policies to Prepetition, as stated in paragraph 3 of the *Second Amended Verified Statement of the Roman Catholic Ad Hoc Committee Pursuant to Bankruptcy Rule 2019* [D.I. 7805].

**Request No. 16:**

All liability insurance policies issued Prepetition by Catholic Mutual that provide coverage for claims alleging sexual abuse involving Scouting against archdioceses and dioceses that are members of the Committee.

**Request No. 17:**

Documents sufficient to identify the policies issued by Catholic Mutual Prepetition that have paid out money for claims alleging sexual abuse involving Scouting against archdioceses and dioceses that are members of the Committee and the amount of such payments.

**Request No. 18:**

All Documents and Communications Concerning Abuse Claims involving Scouting asserted against members of the Catholic Ad Hoc Committee.

**Request No. 19:**

All Documents and Communications Concerning Abuse Claims involving Scouting asserted against archdiocese, dioceses and/or Catholic Entities that are insureds of Catholic Mutual.

**Request No. 20:**

All Documents and Communications Concerning Proofs of Claim filed in the Boy Scout Bankruptcy Case that identify archdiocese, dioceses and/or Catholic Entities that are members of the Ad Hoc Catholic Committee

**Request No. 21:**

All Documents and Communications Concerning Proofs of Claim filed in the Boy Scout Bankruptcy Case that identify archdiocese, dioceses and/or Catholic Entities that are insureds of Catholic Mutual.

**Request No. 22:**

All Documents and Communications Concerning the terms and conditions under which Catholic Mutual makes relief payments to its members as described on its web page and the relief payments, if any, that Catholic Mutual has made in connection with Abuse Claims.

**Request No. 23:**

Documents sufficient to show any analysis performed by or on behalf of Catholic Mutual or other Catholic Entities Concerning Abuse Claims, including any lists or other Documents that identify Abuse Claims.

**Request No. 24:**

All Documents and Communications that identify Abuse Claims asserted against Catholic Entities that are members of the Committee.

**Request No. 25:**

All Documents and Communications Concerning Proofs of Claim that name a Catholic Entity that is a member of the Committee.

**Request No. 26:**

All Documents and Communications that identify Abuse Claims asserted against Catholic Entities that are insureds of Catholic Mutual.

**Request No. 27:**

All Documents and Communications Concerning Proofs of Claim that name a Catholic Entity that are insureds of Catholic Mutual.

**Request No. 28:**

Any Communications with the Debtors, the Coalition, the Tort Claimants' Committee or other representatives for the holders of Abuse Claims Concerning Abuse Claims, the Plan and other the Century settlement term sheet, including any presentations, list, or other Documents sent to the Committee or any of its members.

**Request No. 29:**

All Documents Concerning the Committee's analysis or review of Abuse Claims asserted against Catholic Entities.

**Request No. 30:**

All Documents and Communications that Catholic Mutual received from its members Concerning Abuse Claims.

**Request No. 31:**

All Documents and Communications by Catholic Mutual to any Chubb Company Concerning Abuse Claims.

Dated: December 29, 2021  Respectfully Submitted,
Wilmington, Delaware

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:   302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:   212 326 2000
Facsimile:   212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*