**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Re:  Dkt. 8190 & 6528** |

**JOINDER OF THE ZALKIN LAW FIRM, P.C., AND PFAU COCHRAN VERTETIS AMALA PLLC TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS STATUS REPORT RE: SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

The Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC ("Zalkin and Pfau") each respectfully join in *The Official Committee of Tort Claimants Status Report re: Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8190] (the "TCC's Statement") filed by the Official Committee of Tort Claimants (the "TCC") in the above-captioned cases (the "Bankruptcy Cases").[1]

Zalkin and Pfau are sensitive to the Court's expressed interest in understanding the vote on the Plan in these Bankruptcy Cases, both on a class basis and on a more granular basis with respect to the vote of creditors specifically affected by the non-consensual releases proposed in the Plan.  As set forth in the TCC's Statement, at a general level, the Preliminary Voting Report indicates that only 73.12% of holders of Direct Abuse Claims voted to accept the Plan.  That approval rate drops lower (to 70.5%) when the votes of claimants that made the quick-pay election are separately tabulated (as Zalkin and Pfau believe they should be).  Additional granular analysis of the voting results is underway that is likely to paint an even more

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Modified Motion.

1

unfavorable picture for the Plan's confirmation prospects. Zalkin and Pfau thus agree with the

TCC that the Plan has failed to garner the "overwhelming support" of affected creditors.

Moreover, Zalkin and Pfau continue to believe that the Plan as proposed is simply

unconfirmable, including because there is not subject matter jurisdiction for the non-consensual

release of more than 40,000 non-debtors and their wholly separate insurance. In light of these

issues, and the very serious resources that are being brought to bear by all parties in connection

with the confirmation process, Zalkin and Pfau agree with the TCC that the parties could all be

aided by an opportunity to hear the Court's perspective at a near-term status conference.

DATED:  January 7, 2022

Respectfully Submitted,

**BIELLI & KLAUDER, LLC**

By:  */s/ David M. Klauder*

David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

KTBS LAW LLP
Thomas E. Patterson (p*ro hac vice*)
Daniel J. Bussel (p*ro hac vice*)
Robert J. Pfister (p*ro hac vice*)
Sasha M Gurvitz (p*ro hac vice*)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone     310-407-4000
Email: tpatterson@ktbslaw.com;
        dbussel@ktbslaw.com
        rpfister@ktbslaw.com
        sgurvitz@ktbslaw.com

*Counsel to each of The Zalkin Law Firm, P.C.,*
*and Pfau Cochran Vertetis Amala PLLC*