FILED

2022 JAN 11 AM 9:18

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

1   IN THE U.S. Bankruptsy Court

2   DelAware

3

4   [redacted]

5

6

7

8

9   [redacted]

10

11

12

13

14

15

16

17   RE: BSA/BOY SCouts of AMericA

18   CASE # 20-10343 LSS-

19

20   FOR JAN 24, 2022 / JAN 7th 2022

21

22   objection + ApplicAtion for hearing

23   BY [redacted]

24

25                              12-21-21

26                                12

27

#2

Now, I did vote yes on the plan
so it is not as if I do not want
to delay it because I DONT.
I want it to go through on JAN 24 2022
- because NO, I do not want the
expedited $3500. I usa like the plan
after thoroughly reading & learning the
materials.

Only thing that I want Noted is that
I believe additional charter organizations
like the church (NON MorMon) that
sponsored & held my BSA events & meetings
should be held responsible & contribute
money. The MorMonr certainly did,
so why wouldnt other churches/org's?
That is why I ☒ opt out and reserve
my right to File a tort on the church.
I believe my AVA lawfirm will be
handling it, I certainly asked him &
Filled out a retainer & questionaire on
that issue. But also...
- From my understanding of the
BSA plan & Documents:
IT INDICATES THAT THE TRUSTEE

# #3

CAN & MAY be "GOING AFTER" THESE organizations or THAT THEY WILL ON their OWN be contributing at a later DAte. IF SO, I agree with this.

\* NOTE, MY CLAIM/OCCURED IN LOS INJURY ANGELES COUNTY, CALIFORNIA also where I've always resided & reside NOW. THUS, there is NOT any statute of limitations & There IS a current OPEN WINDOW & hAS been for awhile which MAKES MY CLAIM "OPEN" ON The TDP & scaling & HIGH/recovery, AND MAKES MY CLAIMS NOT LAte.

I object to any CLAIMS AGAINST ME THAT MY CLAIMS are LAte.

please refer to all of My filed court documents on The docket

p.4

I've been actively diligent in this case & vs. BSA before the Bankruptcy case. surely This court see's that & recognizes this. I AM A JAil INMATE & have Ø ACCESS TO A telephone/law via 1st amendment of the constitution, that this Federal court must recognize. I Filed My (2) claims long before The 11-16-20 Deadline by placing Them in the legal MAil with my JAil officials LONG before 11-16-20. pursuant to the Federally recognized prisoner MAilbox rule where they're considered Filed when I gave them to officials. IT IS NOT my fault my MAil was ~~tis~~ delayed. Also, JANuary is only A mere (2) MONThs "late" & has by No Means affected or prejudiced this case or its parties. The plan & proceedings DIDNt even happen until ~~about~~ 1 year later!

AFFecting it in No WAY!
My Alleged Late claims are harmless.

p. 5

OMNI & countless parties, even my AVA lawyer recognize me & tell me I'M NOT lAte & am OK & send me mail, questionAires, & the VOte!

ONly This "pachulski stang" writes me to Give me a bad time causing me severe ANXiety & Depression.

He takes it upon himself to CLAIM I am lAte & Deter/hinder my CLAIMS. according to The plAN: IN The event OF A "lAte CLAIM", I must seek approval from you your honor IN This CASE to File ONe.

So, thAt is what I am DOiNG here. I'M NOT asking to File a lAte claim. But to recognize The ClAIM I alreADy Filed that is Alleged to be lAte. FOR you to recognize it AS a VAlid ClAIM taking This & all DOcket pleadings into account. & exhibits & police Declarations

P. 6

-Next: I Do want My CLAIMS to go to the "trustee" for TDP/MATRIX procedures. The ONLY WAY THAT I WANT MY CLAIM Filed +Sent into the court/court system For Determination is if The trustee claims MY CLAIMS are late + Denys Me based ON THAT.

I AM happy with The plan. MUSTLY because CALIFORNIA Statutes + open window/state P is a GOOD plan. please state ON The record your Honor THAT because of The MAILbox Rule, because of late MAIL at no fault of MY OWN, + Because All other parties but stang (Including OMNI) recognize Me as NOT late + because I had pending torts at the time b4 11-16-20 (The TDP SAYS is An extemption) + other reasons filed, MY CLAIM IS NOT late + is recognized.

SO MOTE it be -

Jabalon

p. 7

-AGAIN, ANY replies or NOtices
send to my MN ADDress

- *I would like to attend the
hearing VIA phone -

please FAX the order to
        VIA 1stamendment
213·2299989   LEGAl DepT TTCF
*they'll let me

---

PROOF OF service

I AM OVER The AGE OF 18 * NOT A
PArty To This ACTion. ON  12-12-17
I sent eNVelope 1 * 2  objection
to USDC-Delaware  from My
business ADDress:
    Po box 86164 - L·A CA 90086

I declare under penalty of
        perjury ██████████████

Exhibit 1

Chartered Organizations, solely with respect to Post-1975 Chartered Organization Abuse Claims. The Settlement Trust will exclusively administer and resolve the Abuse Claims after the Effective Date. The Debtors and the Supporting Parties all support Confirmation of the Plan. The Debtors and the Supporting Parties all believe that the Plan provides the highest and best recovery for all creditors and is in the best interests of the Debtors' Estates. You should carefully review the Plan and the release, injunction, and related provisions at https://omniagentsolutions.com/BSA.

## PLEASE TAKE FURTHER NOTICE THAT:

1.     *Approval of Disclosure Statement.*  On September 30, 2021, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 6438] (the "Solicitation Procedures Order") approving the Disclosure Statement. The Solicitation Procedures Order, among other things, authorizes the Debtors to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "Solicitation Procedures").

2.     *Confirmation Hearing.*  The Bankruptcy Court has scheduled a hearing to consider whether to confirm the Plan beginning on **January 24, 2022 at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing"), which shall continue to the extent necessary on such additional dates as the Bankruptcy Court may designate. The Confirmation Hearing will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Sixth Floor, Courtroom No. 2, Wilmington, Delaware 19801. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court.** If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://omniagentsolutions.com/BSA. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

3.     *Voting Record Date.*  Holders of Claims against the Debtors in Class 3A (2010 Credit Facility Claims), Class 3B (2019 RCF Claims), Class 4A (2010 Bond Claims), Class 4B (2012 Bond Claims), Class 5 (Convenience Claims), Class 6 (General Unsecured Claims), Class 7 (Non-Abuse Litigation Claims), Class 8 (Direct Abuse Claims), and Class 9 (Indirect Abuse Claims) (each, a "Voting Class" and, collectively, the "Voting Classes") as of **October 1, 2021** (the "Voting Record Date") are entitled to vote on account of such Claims. However, a holder of a Claim in a Voting Class is nonetheless not entitled to vote under the following circumstances:

(a)     a Claim filed for $0.00 is not entitled to vote on the Plan, excluding the holders of Direct Abuse Claims and Indirect Abuse Claims. Each holder of a Direct Abuse Claim and Indirect Abuse Claim who is entitled to vote shall have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant or as otherwise ordered by the Bankruptcy Court pursuant to Section IV.E of the Solicitation Procedures;

(b)     as of the Voting Record Date, such holder's Claim that has been expunged, disallowed, disqualified, withdrawn, or superseded;

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: January 24, 2022 at 10:00 a.m. (ET)** <br> **Objection Deadline: January 7, 2022 at 4:00 p.m. (ET)** |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

**PLEASE TAKE NOTICE THAT** on September 30, 2021, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed:

- the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6443] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[2] and

- the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6445] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").

**The Plan is supported by the Future Claimants' Representative, the Creditors' Committee, the Coalition, and the Ad Hoc Committee of Local Councils (the "Supporting Parties").**

**The Plan contains releases of the Debtors and certain third parties and related injunction provisions. If the Plan is approved, these provisions will release and prohibit holders of Abuse Claims from asserting such claims against the BSA and certain non-debtor third parties, including the Local Councils, Contributing Chartered Organizations, including TCJC, Settling Insurance Companies, including Hartford, and Participating Chartered Organizations, solely with respect to Post-1975 Chartered Organization Abuse Claims. The Channeling Injunction will "channel" all Abuse Claims against the BSA and certain non-debtor third parties, including the Local Councils, Contributing Chartered Organizations, Settling Insurance Companies, and Participating**

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures (as defined below), as applicable.

exhibit 2

challenge the disallowance or estimation of your Disputed Claim for voting purposes, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion"). Any Rule 3018(a) Motion must be filed with the Bankruptcy Court and served on the Debtors on or before **November 1, 2021**. If a holder of a Disputed Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim prior to **December 14, 2021** or as otherwise ordered by the Bankruptcy Court.

10.    *Chartered Organizations.*  Under the Plan, each Chartered Organization shall automatically be deemed to be a Participating Chartered Organization under the Plan unless it (1) submits the opt out election form attached to the *Summary Regarding Chartered Organizations' Options Under the BSA's Chapter 11 Plan* on or before the Plan Objection Deadline (as defined below), which each Chartered Organization should receive concurrently with this notice, (2) objects to confirmation of the Plan on or before the Plan Objection Deadline in accordance with the procedures set forth in this notice, or (3) is a debtor in bankruptcy as of the date of confirmation of the Plan.  Participating Chartered Organizations shall receive certain limited protections under the Channeling Injunction, including the channeling of all Abuse Claims against such Participating Chartered Organizations that relate to Abuse alleged to have first occurred on or after January 1, 1976, in exchange for contribution to the Settlement Trust of Participating Chartered Organizations' rights under Abuse Insurance Policies issued on or after January 1, 1976.

11.    *Objections to Confirmation.*  If you would like to object to the Plan, you may do so by filing your objection no later than **January 7, 2022 at 4:00 p.m. (Eastern Time)** (the "Plan Objection Deadline").  Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before the Plan Objection Deadline**, and served so as to be actually received by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email:

(a)    counsel to the Debtors, (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (jessica.lauria@whitecase.com)), and 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Michael C. Andolina (mandolina@whitecase.com), Matthew E. Linder (mlinder@whitecase.com), and Blair Warner (blair.warner@whitecase.com)) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Andrew R. Remming (aremming@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com));

(b)    the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah M. McColllum (hannah.mccollum@usdoj.gov));

(c)     counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19801 (Attn: James I. Stang (jstang@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and John W. Lucas (jlucas@pszjlaw.com));

(d)     counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer (tmayer@kramerlevin.com), Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com), and Megan M. Wasson (mwasson@kramerlevin.com));

(e)     counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Sharon M. Zieg (szieg@ycst.com)); and

(f)     counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932 (Attn: Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com)).

**OBJECTIONS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.**

12.     The Bankruptcy Court has approved the following dates and deadlines in connection with the solicitation of votes on the Plan.

| Event | Date |
|---|---|
| Voting Record Date | October 1, 2021 |
| Deadline to Distribute Solicitation Packages | October 15, 2021 |
| Rule 3018 Motion Deadline | November 1, 2021 |
| Publication Deadline | November 24, 2021 |
| Plan Supplement Deadline | November 30, 2021 |
| Voting Resolution Event Deadline | December 14, 2021 or as otherwise ordered by the Bankruptcy Court |
| Voting Deadline | December 14, 2021 at 4:00 p.m. (Eastern Time) |
| Preliminary Voting Report Deadline | December 21, 2021 |
| Final Voting Report Deadline | January 4, 2022 |
| Plan Objection Deadline | January 7, 2022 at 4:00 p.m. (Eastern Time) |

PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

█████████████

September 9, 2021
Page 4

*exhibit 3*

     As to your claim, according to Omni Agent Solutions, you filed claim no. ████████ on January 26, 2021, which is after the November 16, 2020 claims bar date and an amended claim (no. ██████ on March 4, 2021. As stated above, we are sending this letter to the attorney that you identify and state in your proofs of claim was retained by you.

     Please do not hesitate to reach out with any further questions.

     Very truly yours,

RMS
Enclosures
cc: ████████████████████

     Andrew Van Arnsdale, Esq.(without enclosures)

*Not Amended but supplemental*



## PACHULSKI
## STANG
## ZIEHL
## JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

TELEPHONE: 713/691-9385
FACSIMILE: 713/691-9407

WEB: www.pszjlaw.com

exhibit 4

Robert M. Saunders                    September 9, 2021                    bsasurvivors@pszjlaw.com

**Via First Class Mail**

**LEGAL MAIL**



        Re:    **Boy Scouts of America**

Dear ▮▮▮▮▮▮▮▮

        The attorneys for the Official Committee of Tort Claimants (the "TCC") received your letter regarding the Boy Scouts of America ("BSA") bankruptcy case.  Below is a general update on TCC's progress in the bankruptcy case.

        BSA reached a settlement (the "Settlement") with the Coalition for Abused Scouts for Justice (the "Coalition"), the Future Claims Representative ("FCR"), and the TCC regarding BSA's and the Local Councils' contributions to a trust (the "Trust") that will be used to fund distributions to the survivors holding valid claims. The Settlement has not yet been approved by the Bankruptcy Court and will be subject to the votes of survivors under the BSA's plan of reorganization (the "Plan").  The Settlement contemplates that BSA will contribute $250 million of cash and other property towards the Trust and the Local Councils are committed to raising $600 million of cash and real property.

        Please note that the Bankruptcy Court did not approve the Settlement during the hearings held on Aug 12-19. Instead, the Bankruptcy Court authorized BSA to enter into a "Restructuring Support Agreement" or an "RSA" that will be used as a framework for a Plan. By the RSA, BSA sought the Bankruptcy Court's authorization to abandon the agreement it reached with one of its primary insurers, Hartford. The TCC, FRC, and Coalition urged BSA to abandon the Hartford agreement because it did not provide enough cash for the claims covered by those insurance policies. The Bankruptcy Court instructed BSA that it can include or exclude the

DOCS_LA:337007.7 85353/002

LEGAL MAIL

12-12-21

19801-302499

S.M.S.
K-RAY

LOS ANGELES CA 900

4 JAN 2022    PM 12 L

TO: US Bankruptcy Court
824 N. Market Street
Wilmington, Delaware 1980
envelope # 1

PURPLE HEART
FOREVER USA