**EXHIBIT A**

**DEFINITIONS**

For the purposes of this Notice of Deposition, the following Definitions shall apply:

1.      "1996 Transaction" shall mean (1) all transactions related to the 1995 plan for a partial re-arrangement of INA Financial Corporation (as referenced in the February 7, 1996 decision and order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In Re: Plan of Restructuring of INA Financial Corporation, et al.*); (2) all transactions relating to the February 7, 1996 decision and order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In Re: Plan of Restructuring of INA Financial Corporation, et al.*); and (3) all transactions relating to the January 28, 2011 amended order of the Insurance Commissioner of the Commonwealth of Pennsylvania in *In re: Application of ACE USA to Amend the Order of February 7, 1996 re the Plan of Restructuring of INA Financial Corporation, et al.*

2.      "1999 Transaction" shall mean ACE Limited's 1999 acquisition of Cigna Corporation's international and domestic property and casualty business, the Insurance Company of North America.

3.      The words "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

4.      "Abuse" shall have the meaning provided in the Amended Plan.

5.      "Abuse Claim" shall have the meaning provided in the Amended Plan but shall also include any abuse claim not directly asserted against the Debtors.

6.      "Abuse Claimant" shall mean the party asserting an Abuse Claim.

7.       "Abuse Party" means, individually and collectively, (a) the Debtors; (b) Reorganized BSA; (c) the Related Non-Debtor Entities; (d) the Local Councils; (e) the Chartered Organizations; (f) Insurance Companies; or (g) all of any of the foregoing's Persons' Representatives.

8.      "ACE" shall mean ACE Limited and its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, advisors, agents, representatives, affiliates, predecessors and/or successors and experts.

9.      "Amended Plan" means the *Second Modified Fifth Amended Chapter 11 Plan Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7832], as such, Document may be amended, supplemented, or modified from time to time.

10.      "Applicable Insurance Policies" means (a) any Insurance Policy that CENTURY sold to the Debtors and (b) any Insurance Policy that You sold to any Abuse Party that provides, may provide, or has been alleged to provide coverage for any Abuse Claim.

11.      "BSA Plan Settlement" means any settlement, whether incorporated into the Amended Plan or presented for approval pursuant to Bankruptcy Rule 9019, between the Debtors and any other Entity (including, but not limited to, an Insurance Company, Chartered Organization, or Local Council), including, but not limited to, the Century Hartford Insurance Settlement, the Century Settlement, the Zurich Settlement, and the United Methodist Settlement.

4

12.      "Brandywine Holdings" shall mean Brandywine Holdings Corp., and each of its past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such.

13.      "Century" means: (a) Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; (b) Century Indemnity Company as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; (c) Insurance Company of North America; and (d) and each of their past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such.

14.      "Century and Chubb Companies Term Sheet" shall mean Exhibit A to the Seventh Mediator's Report [Docket No. 7741], filed on December 13, 2021.

15.      "Century Settlement" means the Century and Chubb Term Sheet attached to the    Seventh Mediator's Report filed with the Court on December 14, 2021 [Docket No. 7772] and any documentation of the settlement embodied therein.

16.      "Chapter 11 Cases" shall mean the above-captioned chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC pending before the United States Bankruptcy Court for the District of Delaware.

DOCS_LA:341647.3 85353/002

17.    "Chartered Organization" shall have the meaning provided in the Amended Plan.

18.    "Chubb" shall mean Chubb Limited and its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, predecessors and/or successors.

19.    "Claim" shall mean any "claim," as defined in section 101(5) of the Bankruptcy Code.

20.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

21.    "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

22.    "Debtors" means, collectively or individually, as context requires and to encompass responsive documents Boy Scouts of America and Delaware BSA LLC, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors.

6

23.    "Dividend Retention Fund" shall mean the "Fund" referenced in the 1996 Transaction.

24.    "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all Documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other Documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.  When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be

7

interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

25.     "Entity" shall have the meaning ascribed to it in the Bankruptcy Code.

26.     "GL87" shall mean the general liability reinsurance agreement between Century as the reinsurer and other ceding companies regarding losses from direct general liability policies issued prior to January 1, 1987.

27.     "Hartford Insurance Settlement" shall have the meaning provided in the Amended Plan.

28.     "INA Financial Corporation" shall mean INA Financial Corporation and each of its past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such.

29.     "INA Holdings Corporation" shall mean INA Holdings Corporation and each of its past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such.

8

30.     "INA Policies" shall mean all Insurance Policies entered into between the Insurance Company of North America and the Debtors between 1962 and 1982.

31.     "Indirect Abuse Claim" shall have the meaning provided in the Amended Plan.

32.     "Insurance Company" shall have the meaning provided in the Amended Plan.

33.     "Insurance Policy" shall have the meaning provided in the Amended Plan, including all rights and benefits thereunder, and the proceeds thereof.

34.     "IV Files" shall mean any Documents that Identify individuals associated with the Debtors accused of Abuse, including those records and files referred to as "ineligible volunteer" or "perversion" files.

35.     "Local Councils" shall have the meaning provided in the Amended Plan.

36.     "Perpetrator" shall have the meaning provided in the Amended Plan.

37.     "Prepetition" shall mean occurring prior to February 18, 2020.

38.     "Proof of Claim" shall have the meaning provided in the Amended Plan.

39.     "Settlement" shall mean any Abuse Claim committee that filed a notice of appearance in the Chapter 11 Cases on January 6, 2021 at Docket No. 1904, and its members, agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, representatives, affiliates, subsidiaries, predecessors and/or successors.

40.     "Settlement Trust" shall have the meaning provided in the Amended Plan.

DOCS_LA:341647.3 85353/002

41.     "Survivor" shall mean a survivor of Abuse in scouting, including Abuse Claimants.

42.     "TCC" shall mean the Official Committee of Tort Claimants to Boy Scouts of America and Delaware BSA, LLC in the Chapter 11 Cases.

43.     "TCJC Settlement" shall have the meaning provided in the Amended Plan.

44.     "Trust Distribution Procedures" shall have the meaning provided in the Amended Plan.

45.     "Verdict" shall mean any Prepetition verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

46.     "You" and "Your" and variants thereof shall mean Chubb.

47.     "Zurich Settlement" means the term sheet attached as Exhibit A to the Ninth Mediator's Report [Docket No. 7928], filed with the Court on December 22, 2021 and any documentation of the Settlement embodied therein.

## **TOPICS**

**Topic No. 1:**

The Amended Plan, including, but not limited to, the effect of the Amended Plan on Your rights or obligations under any Insurance Policy issued by Century (including without limitation inter-insurer contribution claims).

**Topic No. 2:**

The BSA Plan Settlements, including the Century and Chubb Companies Term Sheet, the TCJC Settlement and the Hartford Insurance Settlement.

**Topic No. 3:**

Any Indirect Abuse Claim You assert or may assert against the Debtors, including, but not limited to, the value or amount of such Indirect Abuse Claim.

**Topic No. 4:**

Reinsurance for the Applicable Insurance Policies, including those referenced in Your or Century's press release.

**Topic No. 5:**

Any Communications with any regulator regarding the Century and Chubb Companies Term Sheet or its terms.

**Topic No. 6:**

The financial contributions from You, INA Holdings Corporation and Brandywine Holdings to Century from 2011 to the present.

**Topic No. 7:**

The 1996 Transaction, including, but not limited to, the Insurance Commissioner of the Commonwealth of Pennsylvania's February 7, 1996, Order in *In re Plan of Restructuring of INA Financial Corporation, Bankers Standard Insurance Company, et al.*

**Topic No. 8:**

The 1999 Transaction, including, but not limited to, (a) the liabilities assumed by ACE in connection with the 1999 Transaction; (b) all payments made by INA Holdings Corporation to INA Financial Corporation from the 1999 Transaction to the present; and (c) all payments made

DOCS_LA:341647.3 85353/002

by INA Financial Corporation to INA Holdings Corporation from the 1999 Transaction to the present.

**Topic No. 9:**

Payments made under the GL87.

**Topic No. 10:**

Chubb's most recent NAIC triennial examination.

**Topic No. 11:**

Any tax sharing or tax allocation agreements to which You are a party or is included, either directly or indirectly, or that impact Your tax liabilities, including, but not limited to, any funds You have received by operation of any tax sharing or tax allocation agreement.

**Topic No. 12:**

The Dividend Retention Fund, including, but not limited to, payments to the Dividend Retention Fund.

**Topic No. 13:**

All Communications among Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups Concerning the Debtors, the Insurance Policies sold by Century to the Debtors, Abuse Claims, or the Debtors' claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims).

DOCS_LA:341647.3 85353/002

**Topic No. 14:**

All Documents that You produced to the TCC or any other Person in connection with the Chapter 11 Cases.

**Topic No. 15:**

Your determination Concerning who would testify on Your behalf in response to this deposition notice.

**Topic No. 16:**

The identity of all Insurance Policies included in the Century and Chubb Companies Term Sheet.

**Topic No. 17:**

All drafts of any settlement agreement relating the Century and Chubb Companies Term Sheet, whether final, signed or not.

**Topic No. 18:**

Your document retention, storage, filing, and destruction procedures in effect from January 1, 2010 through the present.

13