IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF CATHERINE NOWNES-WHITAKER
OF OMNI AGENT SOLUTIONS REGARDING THE SOLICITATION
OF VOTES AND FINAL TABULATION OF BALLOTS CAST
ON THE SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF
REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

I, Catherine Nownes-Whitaker, being duly sworn, hereby declare as follows:

1. I am the Chief Operating Officer of Omni Agent Solutions ("Omni"), located at 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. On April 8, 2020, Omni was retained as administrative agent to the Debtors, *nunc pro tunc* to February 18, 2020. *See* D.I. 372. As administrative agent, Omni's services include solicitation, balloting, and tabulation of votes on the Plan. Omni and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

3. Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of relevant documents. I am authorized to submit this Final Voting Report on behalf of Omni. If I

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

were called to testify, I could and would testify competently as to the facts set forth herein. On January 4, 2022, I submitted the *Declaration of Catherine Nownes-Whitaker of Omni Agent Solutions Regarding the Solicitation of Votes and Preliminary Tabulation of Ballots Cast on the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8141] (the "Preliminary Voting Report") with respect to the solicitation of votes and the preliminary tabulation of Ballots cast on the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (as may be amended, supplemented, or modified from time to time, the "Plan").[2] The Preliminary Voting Report (i) summarized the preliminary solicitation results, (ii) provided a preliminary summary of the Ballots that were excluded due to non-compliance with the Solicitation Procedures, and (iii) provided a report of undeliverable Solicitation Package mailings. Since the filing of the Preliminary Voting Report, Omni finalized the review and tabulation of Ballots cast on the Plan. This declaration (the "Final Voting Report") replaces and supersedes the Preliminary Voting Report in its entirety.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

4. Pursuant to the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 6438] (the "Solicitation Procedures Order"), the Bankruptcy Court established procedures to solicit votes from, and tabulate Ballots submitted by,

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Solicitation Procedures Order (as defined herein) or the Solicitation Procedures (as defined herein), as applicable.

holders of claims entitled to vote on the Plan (the "Solicitation Procedures"). Beginning on October 1, 2021, Omni commenced distribution of Solicitation Packages (including Ballots) to holders of claims entitled to vote on the Plan. I supervised the solicitation of votes and tabulation of Ballots performed by Omni's employees.

5. The Solicitation Procedures Order established October 1, 2021 as the record date (the "Voting Record Date") for determining which creditors were entitled to vote on the Plan. Pursuant to the Plan and the Solicitation Procedures Order, only holders of claims as of the Voting Record Date in the following classes were entitled to vote to accept or reject the Plan (the "Voting Classes"):

| Plan Class | Class Description |
|---|---|
| 3A | 2010 Credit Facility Claims |
| 3B | 2019 RCF Claims |
| 4A | 2010 Bond Claims |
| 4B | 2012 Bond Claims |
| 5 | Convenience Class Claims |
| 6 | General Unsecured Claims |
| 7 | Non-Abuse Litigation Claims |
| 8 | Direct Abuse Claims |
| 9 | Indirect Abuse Claims |

6. In accordance with the Solicitation Procedures Order, Omni worked closely with the Debtors' other advisors to identify the holders of claims entitled to vote in each Voting Class as of the Voting Record Date, and to distribute Solicitation Packages to these holders.

7. A detailed description of Omni's distribution of Solicitation Packages is set forth in Omni's *Affidavit of Service of Solicitation Materials*, which was filed with the Court on December 28, 2021. *See* D.I. 7999.

8. In accordance with the Solicitation Procedures Order, Omni received, reviewed, determined the validity of (based on the criteria set forth below), and tabulated the Ballots submitted with respect to the Plan. Upon receipt by Omni, each Ballot was date-stamped, scanned (if received in physical form), entered into Omni's voting database, verified against the proof of claim database, and processed in accordance with the Solicitation Procedures Order. To be included in the final tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant holder entitled to vote on the Plan (or such holder's authorized representative), (c) returned to Omni by an approved method of delivery specified in the Solicitation Procedures Order, and (d) received by Omni by 4:00 p.m. (prevailing Eastern Time) on December 28, 2021 (the "<u>Voting Deadline</u>"), as extended by the Court [D.I. 7665] from the original voting deadline of December 14, 2021.[3]

9. All valid Ballots cast by holders entitled to vote in the Voting Classes and received by Omni on or before the Voting Deadline were tabulated pursuant to the Solicitation Procedures. In accordance with the Solicitation Procedures, Omni reviewed the Ballots to identify any potential duplicate votes, including, but not limited to, holders of Direct Abuse Claims (if any) that may have had votes submitted through more than one Master Ballot and holders of Direct Abuse Claims that submitted a vote directly to Omni and through a Master Ballot.

10. Following the completion of the Preliminary Voting Report, at the Debtors' direction, Omni engaged in a comprehensive audit and reconciliation of each Ballot submitted in these chapter 11 cases. Under my supervision, Omni reviewed each Ballot to validate (a) that the Ballot was completed and executed, (b) that the vote was accurately recorded in Omni's database,

---

[3] Parties were provided notice of the extension pursuant to the *Notice of Extension of Voting Deadline to Accept or Reject Plan to December 28 2021 at 4:00 p.m. (Eastern Time) and Related Deadlines* [D.I. 7608].

(c) the date of receipt, and (d) that each election made on the Ballot for the applicable class was accurately recorded. Following completion of this process, a comprehensive reconciliation was conducted to ensure that findings from the audit were fully implemented. As part of this comprehensive audit and reconciliation, Omni also reviewed the Ballots to identify potential duplicative Ballots and reconciled them to ensure that only one vote is counted for each eligible claim.

11. Omni maintains an electronic log of Ballots submitted via the E-Ballot Platform (which includes uploaded Ballots for Class 8 Direct Abuse Claims). Omni reconciled this log against the voting database to confirm each Ballot was recorded, whether such Ballot was a duplicate of another Ballot, and whether the submission was a Ballot that conveyed neither a vote to accept or reject the Plan or an entirely blank Ballot (i.e., containing no vote, elections, or signature).[4]

12. Of the approximately 9,300 Class 9 Indirect Abuse Claim Ballots received by Omni, approximately 3,000 were submitted without a claim number or the Omni-assigned Ballot identification number. Though many of these Ballots were reviewed and reconciled before the Preliminary Voting Report was filed, as disclosed in the Preliminary Voting Report, as of the filing of such report Omni had not yet reviewed approximately 1,200 of these Ballots. Omni completed this review and conducted an extensive and comprehensive review of the claims and noticing records in these chapter 11 cases to identify the holder of the filed or scheduled claim where possible. To the extent that a Class 9 Ballot could be matched to a holder of a Class 9 Indirect

---

[4] At least 375 documents submitted to Omni in connection with solicitation that were not Ballots or were blank Ballot submissions were received. Such documents are not listed on **Exhibit B**. Omni attempted to resolve these documents by contacting the claimant or claimant's counsel (to the extent represented by counsel) or providing them with a personalized Ballot and instructions for submitting their Ballot as stated in the Solicitation Procedures.

5

Abuse Claim, Omni recorded the Class 9 Ballot in its voting database. There were approximately 220 Class 9 Ballots that could not be matched to a holder of a Class 9 Indirect Abuse Claim. These Ballots are listed on **Exhibit B** hereto.

13.     The final tabulation summary of votes cast by timely and properly completed Ballots received by Omni is attached hereto as **Exhibit A**.[5]

14.     The Class 8 Ballot and the Master Ballot included instructions on how to elect the optional Expedited Distribution under the Plan in exchange for granting full and final releases of Direct Abuse Claims in favor of the Settlement Trust, the Protected Parties, and the Chartered Organizations (each, an "Expedited Distribution Election" and collectively, the "Expedited Distribution Elections"). The updated and final tabulation summary of the Expedited Distribution Elections made on timely and properly completed Class 8 Ballots and Master Ballots received by Omni is included on **Exhibit A**.[6] For the avoidance of doubt, this Final Voting Report does not certify the validity of any such Expedited Distribution Election. Such information is provided for reporting and informational purposes only.

15.     The Ballots also included instructions on how to opt out of certain limited releases ("Releases by Holders of Claims") contained in Article X.J.4 of the Plan (each, an "Opt-Out Election" and collectively, the "Opt-Out Elections"). The updated and final tabulation summary of Opt-Out Elections made on timely and properly completed Ballots received by Omni is included

---

[5] The number of Class 8 Direct Abuse Claim votes listed as Master Ballot and Direct Ballot votes on Exhibit A has changed from the Preliminary to the Final Voting Report. After the Preliminary Voting Report was filed, Omni discovered that although the total votes were unaffected, certain Direct Ballot votes had been incorrectly tabulated as Master Ballot votes. This has been corrected in the Final Voting Report. Class 8 votes were also subject to a comprehensive deduplication process to ensure that each holder's vote was only recorded one time in accordance with the Solicitation Procedures.

[6] The number of Expedited Distribution Elections has decreased from the Preliminary to the Final Voting Report in large part because parties submitted amended Ballots for the purpose of removing their Expedited Distribution Election. Class 8 votes were also subject to a comprehensive deduplication process to ensure that each holder's vote was only recorded one time in accordance with the Solicitation Procedures.

6

on **Exhibit A**.  For the avoidance of doubt, this Final Voting Report does not certify the validity of any such Opt-Out Election.  Such information is provided for reporting and informational purposes only.

16. A holder of a Class 6 General Unsecured Claim greater than $50,000 was entitled to make an irrevocable election to join Class 5 and be treated as a holder of a Class 5 Convenience Claim upon its allowance for voting purposes only (each, a "Convenience Claim Election" and collectively, the "Convenience Claim Elections").  The tabulation summary of Convenience Claim Elections made on timely and properly completed Ballots received by Omni is included on **Exhibit A**.  For the avoidance of doubt, this Final Voting Report does not certify the validity of any such Convenience Claim Election.  Such information is provided for reporting and informational purposes only.

17. A report of Ballots excluded from the final tabulation and the reasons for the exclusion of such Ballots is attached hereto as **Exhibit B**.  Ballots were excluded from tabulation for several reasons in accordance with the Solicitation Procedures, including on the following grounds:

- "*Amount aggregated on another Ballot*" means that the separate claims of a single voting creditor were aggregated as if such creditor held one claim in the voting class, and the votes treated as a single vote to accept or reject the Plan in accordance with Section V.D of the Solicitation Procedures.

- "*Superseded by subsequently submitted valid Ballot included in tabulation*" means that the Ballot was superseded by a valid Ballot subsequently submitted by the same voting holder on account of the same claim.

- "*Ballot not signed*" means that the voting holder or its agent failed to sign the Ballot.

- "*Ballot not signed by applicable holder of claim*" means that the signatory to the Ballot was not the voting creditor and did not appear to be authorized to sign for such voting creditor.

- "*Holder did not indicate vote to accept or reject the Plan*" means that the voting holder failed to indicate acceptance or rejection of the Plan on the Ballot.

- "*Ballot submitted on account of claim filed after the bar date*" means that the voting holder failed to file a timely proof of claim. Pursuant to the Solicitation Procedures, only holders of timely filed claims were entitled to vote to accept or reject the Plan.

- "*Superseded by Master Ballot per D.I. 6821 and 7605*" means that a Master Ballot was tabulated instead of an individual Class 8 Ballot, in accordance with and for the reasons set forth in the *Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order* [D.I. 6821] and the *Notice of Update to Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order* [D.I. 7605].

- "*Superseded by direct Ballot received from holder of claim*" means that a vote submitted pursuant to a Master Ballot was superseded by a Ballot received from a holder of a Direct Abuse Claim, in accordance with Section IV.F of the Solicitation Procedures.

- "*Party does not have valid proof of claim on file*" means that Omni received a Ballot from a voting creditor that does not have a proof of claim on file and therefore was not entitled to vote. Pursuant to the Solicitation Procedures, only holders of timely filed claims were entitled to vote to accept or reject the Plan.

- "*Ballot received after Voting Deadline*" means that Omni received a Ballot after the Voting Deadline of December 28, 2021 at 4:00 p.m. (Eastern Time).

- "*Duplicate votes recorded for same holder of claim on Master Ballot*" means that a voting creditor's vote was listed more than one time on a Master Ballot. Such voting creditor's vote was only recorded as a vote one time, and any duplicate votes are listed on **Exhibit B** as excluded votes.

- "*Did not comply with Master Ballot Solicitation Procedures – no Bankruptcy Rule 2019 statement submitted*" means that a Bankruptcy Rule 2019 statement was not submitted with respect to this Ballot in accordance with Section IV.A.5.a of the Solicitation Procedures.

- "*Did not comply with Master Ballot Solicitation Procedures – no Option (a) Certification submitted*" means that the Option (a) Certification procedures were not complied with and a communications log entry was not provided with respect to this voting creditor.

- "*Did not comply with Master Ballot Solicitation Procedures – no Option (b) Certification submitted*" means that the Option (b) Certification procedures

8

were not complied with and a power of attorney was not submitted with respect to this voting creditor.

18. Where certain Solicitation Changes were made in which the Debtors have determined to extend a deadline or provide a waiver pursuant to Section II, V.D.2, V.D.7, V.D.13, or V.D.20(b) of the Solicitation Procedures, and in accordance with the procedures set forth in Section VI of the Solicitation Procedures, the Debtors are required to (a) memorialize the Solicitation Change in the Final Voting Report, and (b) concurrently or following the filing of the Final Voting Report, file a notice with the Court supporting the justification for the Solicitation Change. The Debtors have filed such a notice of Solicitation Changes in connection with this Final Voting Report concurrently herewith. In accordance with Section V.D.7 of the Solicitation Procedures, Omni has identified twelve (12) defective or irregular votes of holders of Direct Abuse Claims recorded on Master Ballots, which are identified on **Exhibit C** attached hereto, for which the Debtors seek to waive the defect and modify the applicable vote or election on the Master Ballot to reflect the vote or election of such voting party. For each of these Master Ballot vote submissions, which were submitted via the Option (a) Certification method, the relevant law firm also submitted the underlying correspondence from the individual client holding a Class 8 Direct Abuse Claim. Review and audit of this correspondence revealed certain conflicting votes or release opt-out elections as compared to the Master Ballot exhibit completed and submitted by the relevant law firm. Rather than eliminate such votes as non-compliant, the Debtors have determined that it would be more appropriate to record the votes and elections as indicated by the individual voter's correspondence.

19. Following the filing of the Preliminary Voting Report, Omni, in consultation with Debtors' counsel, continued to review the Master Ballots and related materials for compliance with the Solicitation Procedures Order. This included a review of whether (i) powers of attorney were

returned with respect to voting clients, (ii) detailed logs related to attorney/client communications were returned for voting clients, and (iii) Bankruptcy Rule 2019 statements were filed for all attorneys submitting Master Ballots. With respect to votes submitted by Master Ballot that (i) included purported clients not identified on the client lists provided to Omni or who did not have a valid proof of claim on file, (ii) for which a Bankruptcy Rule 2019 statement was not submitted, (iii) for which the submitting law firm did not comply with the Option (a) or Option (b) Certification requirements, and/or (iv) included duplicate vote submissions, such votes have been omitted from the tabulation and have been recorded on **Exhibit B**.[7]

20.     A report of undeliverable Solicitation Package mailings of which Omni is aware is attached hereto as **Exhibit D**.[8] Omni served a supplemental Solicitation Package to each address where mail was returned with a forwarding address. Omni compared mail returned without a forwarding address against the National Change of Address (NCOA) database to identify address format inconsistencies and conducted supplemental mailings to the extent possible. Omni attempted to resolve undeliverable mailings through additional customary practices, including, but not limited to, reviewing the addresses listed on applicable proofs of claim for accuracy against the address listed on the mailing, reviewing change-of-address notices filed on behalf of applicable

---

[7] With respect to Master Ballots that were submitted with the Option (b) Certification method (requiring a power of attorney submission concurrently with the Master Ballot and Exhibit), the Debtors are continuing to review the powers of attorney for compliance with the laws of the states in which they were executed. While the Debtors have advised Omni that their current review indicates that certain of the powers of attorney may not comply with relevant state law, the Debtors have instructed Omni to count all such votes on the **Exhibit A** tabulation. The Debtors have advised me that they reserve all rights with respect to their review and tabulation of such Master Ballots.

[8] After the Preliminary Voting Report was filed, Omni conducted a further detailed audit and reconciliation of returned Solicitation Package mailings listed on **Exhibit D**. Omni was able to determine that approximately 500 voting creditors for which Solicitation Package mailings were returned to Omni as undeliverable subsequently received Solicitation Packages and submitted votes to Omni. **Exhibit D** has been updated to reflect this reconciliation.

claimants, and communicating with claimants' counsel (to the extent represented by counsel) to request updated mailing information.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 17, 2022
       Woodland Hills, California

*/s/ Catherine Nownes-Whitaker*
Catherine Nownes-Whitaker
Chief Operating Officer
OMNI AGENT SOLUTIONS