

**LAURA K. MCNALLY**
Partner

321 North Clark Street
Suite 2300
Chicago, IL  60654

**Direct**  312.464.3155
**Main**    312.464.3100
**Fax**     312.896.5707
lmcnally@loeb.com

VIA CM/ECF

January 18, 2022

Hon. Laurie Selber Silverstein
Chief Judge
United States Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

Re:  In re Boy Scouts of America, No. 20-10343: Insurers' Omnibus Motion to
     Compel Law Firms to Respond to Document Requests

Dear Judge Silverstein:

 The insurers who join this letter (the "Certain Insurers") respectfully request time on this Court's calendar to obtain clarification on the Court's ruling with respect to the Insurers' Omnibus Motion to Compel Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., Slater Slater Schulman LLP, Napoli Shkolnik, PLLC, Krause & Krause Law Firm, Andrews & Thornton, Attorneys at Law, and ASK LLP (the "Law Firms") to Respond to Document Requests and Interrogatories (*see* Dkt. 7239) (the "Motion to Compel").

 As the Court will certainly recall, the discovery at issue in the Motion to Compel has been the subject of prior hearings, including on November 19 and December 2, 2021. After the Court's ruling, the Certain Insurers and Law Firms have negotiated at length, both formally and informally to reach a mutually-agreeable process. Despite this effort, to date the Certain Insurers have received from the Law Firms only copies of the proofs of claim ("POCs"), all of which have been available to Participating Parties in the Omni database for many months. And the Certain Insurers learned this past Friday, January 14, 2022, that at least some of the Law Firms are taking the position that they will produce no documents beyond the POCs absent Court order. The Certain Insurers are left with no choice but to return to the Court for further assistance in this dispute.

<u>BACKGROUND</u>

 As discussed in the Motion to Compel, the insurers served document requests on the Coalition-affiliated Law Firms to explore the process by which they filed tens of thousands of POCs in the days and weeks leading up to the bar date. After

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

21718857



briefing and argument, the Court issued rulings affirming the relevance of that discovery. For instance, on December 2, the Court held:

> The plan and the findings that are requested, with respect to the plan and, in particular, the trust distribution procedures, ask me to make findings, with respect to the reasonableness, and I think it says "the fairness" of the trust distribution procedures, including the matrix values, the procedures for evaluating claims, the scaling factors, et cetera, and that also includes the thirty-five-hundred-dollar expedited distribution.

> And I have concluded that information related to the generation of the claims could be relevant to that and whether, in fact, for example, the thirty-five-hundred-dollar  expedited distribution is appropriate or whether I should make -- whether, maybe even if it is, I should make a finding with respect to that aspect of the trust distribution procedures. And that may also relate to other parts of the matrices and other procedures, such as, for example, the procedures in place to vet the claims and to appropriately exclude any improper claims for any claims that are not valid.

> And so, I think the generation of these claims could be relevant information with respect to that. So, based on the plan that's in front of me for confirmation, I find the information to be relevant.

(Hearing Tr., pp. 69-70 (Dec. 2, 2022).) The Court confirmed that this relevance was not limited only to attorney-signed forms:

> I think the relevance probably goes to all of the proofs of claim, whether signed by an attorney or signed by a client, the survivor. There may be different questions based on whether it was signed by an attorney or signed by a client but given the findings that I have to make or that's being requested that I make, I think the information is relevant.

(*Id.* at 74-75.)

Over the course of the weeks following this ruling, the parties engaged in many rounds of telephone, videoconference, and email negotiations regarding the specific claims that would be the subject of discovery. In response to concerns of the Law Firms regarding the burden of preparing for depositions relating to the thousands of attorney-signed claims, the Certain Insurers agreed to limit the number of claims subject to discovery. Initially, the Certain Insurers identified more than 100 claims per firm for closer review. After further discovery conferences, the Certain Insurers and the Law Firms mutually agreed that discovery would proceed



as to 60 claims per firm. At long last, it appeared that the Law Firms would begin document production and the Certain Insurers could proceed with depositions.

As it turns out, appearances were deceiving. On Friday, January 14, the first of the Law Firms began serving their responsive documents. Those responses have begun and ended with POCs—the same documents presently available for download to all Participating Parties from Omni. When the Certain Insurers inquired as to whether more documents were to come, at least two of the firms, ASK and Andrews & Thornton, confirmed that they would produce no other documents but would, at some unidentified point, produce a privilege log. No further information was offered as to the scope of the privilege claims.

The Napoli firm has neither confirmed nor denied that it would produce anything, and if so, when it intends to complete its production. The Certain Insurers are still awaiting materials from Slater Slater Schulman, Krause & Kinsman, and Eisenberg Rothweiler.

## ARGUMENT

In discovery conferences, the Law Firms articulated two grounds for limiting their discovery to POCs and, in some instances, a small amount of other materials. First, they say that the Court's discovery order was limited to materials discussing the claim generation process, and claim-specific materials are outside that scope. And second, they assert that all claimant communications with counsel are privileged, even if the POC was ultimately signed *only* by counsel.[1] Both positions lack merit, and the Certain Insurers seek assistance from the Court to confirm that these materials are broadly subject to discovery.

## I.    Individual Claim File Materials Are Discoverable.

In discovery conferences, the Law Firms have argued that the Court's discovery order was limited to inquiry over the "process" of claim generation. Based on that view, they have taken the position that records describing the intake process and logs of communications are the only documents that would be responsive. The Certain Insurers disagree with this limitation; they seek the specific files relating to each of the identified POCs, subject to claims of privileged discussed below.

---

[1] The Law Firms have expressed different views on these two points. In discovery conferences, some have argued only as to responsiveness, others only as to privilege. But both as a group and individually, the Law Firms have resisted staking out formal positions that might conflict with the views of their colleagues. Accordingly, the Certain Insurers ask for the Court's guidance as to both issues.



Under Federal Rule 26(b)(1), made applicable here by Bankruptcy Rules 7026 and 9014, parties may obtain discovery regarding any nonprivileged matter that is *relevant* and *proportional* to the needs of the case. As quoted above, the Court has already held that claim generation is relevant to the confirmation inquiry. The claim files embody that claim generation, and as such, they are the proper subject of discovery.

By limiting review of the claim files, the Law Firms are asking the Certain Insurers and this Court to simply accept their description of what happened, without any mechanism to test the accuracy of those descriptions. It is only through review of the claim files that the Certain Insurers, the Debtors, and ultimately the Court, can evaluate the processes by which tens of thousands of claims were filed in the final weeks of the claims period.

The individual selection of 60 claims is proportional to the needs of the case. Indeed, the Law Firms consented to this number. Through negotiations between mid-December and January 3, the Insurers dropped their requested files from more than 100 per firm to 60, a number below the figure proposed by the Law Firms themselves during the discovery conferences.

Satisfying both relevance and proportionality, there should be no debate that the claim files are discoverable.

## II.    Facts Relating to Attorney-Signed Proofs of Claim Are Not Privileged.

The Certain Insurers recognize that privilege issues surrounding the claim files require a fact-specific inquiry. Yet to date, the Law Firms have refused any detailed discussion of this issue. Andrews & Thornton and ASK, for example, have urged the Certain Insurers to wait until some date in the future when a log will be produced that, they say, will justify withholding all documents beyond the filed claim forms.

The calendar does not permit that luxury of time. And separately, it beggars belief that beyond the final POC, every single page of every single claim file is privileged.

For thousands of clients, the Law Firms submitted claim forms under the attorney's signature alone. Each of those forms contained these two certifications of counsel: "I have examined the information in this Sexual Abuse Survivor Proof of Claim and have a reasonable belief that the information is true and correct" and "I declare under penalty of perjury that the foregoing statements are true and correct."



In so doing, these counsel became fact witnesses, the same as any other non-attorney agent who executes a document on behalf of another, such as a guardian or parent of a minor child. Just as happens when attorneys verify interrogatories, these attorneys have injected themselves into the record, and they should not be permitted to invoke privilege to avoid any examination of their factual assertions to the Court. *See In re Rodriguez*, 2013 WL 2450925, at *6 (Bankr. S.D. Tex. June 5, 2013) (attorney who signed a proof of claim became fact witness with respect to the allegations contained in the form and therefore, "[t]he work product and attorney client privileges [were] waived as to the facts alleged in the proof of claim"); *In re Duke Invs., Ltd.*, 454 B.R. 414, 427 (S.D. Tex. 2011) ("There is no question that any attorney is allowed to [sign a proof of claim for its client], but the attorney puts himself at risk by becoming a fact witness.").

The Certain Insurers have no interest in obtaining any legal advice sought or provided. To the extent (but only to the extent) communications seek or provide legal advice, those communications should be redacted or, where appropriate, withheld and logged. But where the communications are transmitting facts for purposes of filling out the claim form, those facts and those communications are not protected.

By keeping such materials behind a screen of privilege, with or without a log, counsel offers little more than "trust me." Yet attorney-signed claim forms reveal grounds for mistrust: forms using boilerplate descriptions, forms lacking basic claimant information, and forms contradicting other claim forms submitted by the same client through different counsel. The Certain Insurers seek the claim records to determine whether these peculiarities grounded in alleged facts are happenstance or, instead, something less innocent.

This complexity is a problem of the Law Firms' own making: they were not required to sign the claim forms. And it is of no moment that they might have been motivated by the impending bar date. The courthouse is open to claimants who seek Court approval, under Bankruptcy Rule 9006(b), to file claims out of time. Rather than choose that uncertain path, the attorneys engaged in a form of self-help. They chose expediency, and in doing so, they altered their status from advisor to participant. They must now participate in fact discovery.

\* \* \*

Accordingly, for the reasons set forth above, the Certain Insurers respectfully request that this Court provide further guidance to the parties, clarifying that the Law Firms are to provide the identified claim files, with claims of privilege properly limited to communications for purposes of legal advice.



Respectfully submitted

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

-and-

Laura McNally (admitted *pro hac vice*)
Emily Stone (admitted *pro hac vice*)
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Illinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance*
*Company and Columbia Casualty Company*

Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants,*
*Travelers Casualty and Surety Company,*
*Inc. (f/k/a Aetna Casualty & Surety*
*Company), St. Paul Surplus Lines Insurance*
*Company and Gulf Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP



1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN    PEPPER    HAMILTON
SANDERS LLP
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  302.777.6500
Facsimile:  302.421.8390

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN    PEPPER    HAMILTON
SANDERS LLP



Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

-and-

Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International
Place Boston, MA
02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110



Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

Deirdre M. Richards (DE Bar No. 4191)
FINEMAN KREKSTEIN & HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: mrosenthal@gibsondunn.com
        jhallowell@gibsondunn.com
        kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-



Susan N.K. Gummow (admitted *pro hac vice*)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)



bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Phone: (404) 885-3000

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation
and Interstate Fire & Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749



E-mail: bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (pro hac vice)
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

-and-

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance
Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus
Insurance
Company; and Great American E&S
Insurance Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP



500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024
Facsimile: (302) 250-4498
Email: mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue



Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

-and-

George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company
and Colony Insurance Company*

Brian A. Sullivan
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware  19801
Telephone: (302)  652-1100
Facsimile: (302)  652-1111
Email: bsullivan@werbsullivan.com

-and-

John E.W. Baay II, Esq. (pro hac vice)
Gieger Laborde & Laperouse LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-
Telephone:  (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-



William H. White Jr., Esq. (pro hac vice)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

Thaddeus J. Weaver (Id. No. 2790)
DILWORTH PAXSON LLP
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (Admitted *pro hac vice*)
DILWORTH PAXSON LLP
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com



-and-

Mary E. Borja (admitted pro hac vice)
Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail: mborja@wiley.law,
gseligman@wiley.law, acriss@wiley.law

*Attorneys for General Star Indemnity
Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance
Company, on behalf of itself and as successor
in interest to Catlin Specialty Insurance
Company*