**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 8073** |

**DEBTORS' AMENDED NOTICE OF DEPOSITION OF THE LAW OFFICE
OF PAUL MANKIN, APC PURSUANT TO RULE 30(b)(6) OF
THE FEDERAL RULES OF CIVIL PROCEDURE**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30, made applicable to the above-captioned proceeding by Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014 and Rule 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), will take the deposition of The Law Office of Paul Mankin, APC ("Paul Mankin") by the person(s) most qualified to testify on Paul Mankin's behalf with respect to the topics described in **Schedule A** attached hereto.  The deposition will take place on **January 31, 2022, at 1:00 p.m. (Eastern Time)**, via videoconference, or such other date and location as the parties may agree.  The deposition will take place before a notary public or other officer authorized by law to administer oaths.  The deposition will be recorded by stenographic means, may be videotaped, and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that:

1.      The deposition will be conducted remotely, using videoconferencing technology

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

to be identified by White & Case LLP prior to the deposition;

2.      The court reporter will report the deposition from a location separate from the witness;

3.      Counsel for the parties and their clients will be participating from various, separate locations;

4.      The court reporter will administer the oath to the witness remotely;

5.      The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

6.      Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

7.      All exhibits will be provided simultaneously and electronically to the witness and all participants;

8.      The court reporter will record the testimony;

9.      The deposition may be recorded electronically; and

10.     Counsel for all parties will be required to stipulate on the record:

a.      Their consent to this manner of deposition; and

b.      Their waiver of any objection to this manner of deposition, including any objection to the admissibility of this testimony at any trial or hearing based on this manner of deposition.

Dated:  January 24, 2022

WHITE & CASE LLP

Glenn Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email: gkurtz@whitecase.com
        jessica.lauria@whitecase.com
        ahammond@whitecase.com
        sam.hershey@whitecase.com

– and –

WHITE & CASE LLP

Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email: dabbott@morrisnichols.com
        aremming@morrisnichols.com
        ptopper@morrisnichols.com

**SCHEDULE A**

**DEFINITIONS**

1. "Abuse Survivor Clients" has the meaning ascribed to it in the Disclosure Statement.

2. "Chapter 11 Cases" means the bankruptcy cases jointly administered under *In re Boy Scouts of America*, Case No. 20-10343 (LSS) in the United States Bankruptcy Court for the District of Delaware.

3. "Claim" has the meaning ascribed to it in the Disclosure Statement.

4. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

5. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

6. "Disclosure Statement" means the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 6445].

7. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to:

any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks as initials, comments, or notations of any kind is deemed not to be identical to one without such marks and is a separate document within the meaning of this term.

2

8.      "Kosnoff Communications" means the email sent on November 6, 2021, from the

TCC (BSASurvivors@pszjlaw.com), with the subject line "Boy Scouts – Message from Tim

Kosnoff – Co-Counsel to AIS Survivors" and the letter dated October 18, 2021, from Timothy D.

Kosnoff with the subject line "KOSNOFF LAW RECOMMENDS THAT ABUSED IN

SCOUTING CLIENTS VOTE TO REJECT THE BOY SCOUT PLAN."

9.      "Master Ballot" shall have the meaning afforded to it in the Solicitation Order.

10.     "Omni" means Omni Agent Solutions.

11.     "Solicitation Order" means the *Order (I) Approving the Disclosure Statement and

the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III)

Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices,

(V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and

Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 6438].

12.     "TCC" means the Official Committee of Tort Claimants.

13.     "You" or "Your" means The Law Office of Paul Mankin, APC and any legal,

financial or other advisors or consultants working with The Law Office of Paul Mankin, APC in

this matter.

### DEPOSITION TOPICS

1.      Any attorney-client relationship You claim to have with a holder of a Claim

and/or an Abuse Survivor Client.

2.      All Communications between You and any holder of a Claim and/or Abuse

Survivor Client regarding voting in these Chapter 11 Cases, including, without limitation, the

solicitation, transmittal, collection, recording, amendment and/or tabulation of votes.

3

3. All Communications between You, on the one hand, and the TCC and/or any other law firm, on the other, regarding voting in these Chapter 11 Cases, including, without limitation, the solicitation, transmittal, collection, recording, amendment and/or tabulation of votes.

4. Any power of attorney you claim to have been given for purposes of voting in these Chapter 11 Cases by any holder of a Claim and/or Abuse Survivor Client.

5. Any instruction you solicited or received from any holder of a Claim and/or Abuse Survivor Client regarding voting in these Chapter 11 Cases, including, without limitation, the solicitation, transmittal, collection, recording, amendment and/or tabulation of votes.

6. The Master Ballots, including, without limitation, (a) Your determination whether to use Master Ballots, (b) the reasons for your determination, and (c) the method by which you solicited, received, collected, recorded, amended and/or tabulated any votes reflected in any Master Ballot.

7. All Documents and Communications between you and any other law firm regarding any shared client representation.

8. Any persons paid, employed or retained by You involved in soliciting, receiving, collecting, recording, amending, and/or tabulating votes in these Chapter 11 Cases.

9. All Documents and Communications between You and Omni.

10. All Documents and Communications between You and any holder of a Claim and/or Abuse Survivor Client, or concerning any holder of a Claim and/or Abuse Survivor Client, who either (a) failed to vote in these Chapter 11 Cases or (b) abstained from voting in these Chapter 11 Cases.

4

11.     Your inability or declination to contact any holder of a Claim and/or Abuse Survivor Client regarding any matter concerning these Chapter 11 Cases.

12.     All efforts You made to ensure the integrity and accuracy of the voting process in these Chapter 11 Cases, including, without limitation, any action or decision You made regarding the solicitation, transmittal, collection, recording, amendment and/or tabulation of votes.

13.     The Kosnoff Communications, including, without limitation, any Documents or Communications You drafted, sent, received, delivered or transmitted concerning (a) the Kosnoff Communications or (b) any questions, confusion, or uncertainty arising from or in connection with the Kosnoff Communications.