

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE:** 415.263.7000
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

James E. O'Neill

January 24, 2022

302.778.6407
joneill@pszjlaw.com
.

**Via Email and ECF**

The Honorable Laurie Selber Silverstein
Chief Judge
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, DE  19801

      Re:    **Boy Scouts of America and Delaware BSA, LLC
                  Case No. 20-10343 (LSS)**

Dear Judge Silverstein:

The Official Committee of Tort Claimants (the "TCC") writes in response to "Hartford's" January 24, 2022, letter requesting that this Court quash deposition notices served by The Roman Catholic Ad Hoc Committee ("RCAHC") and the TCC on January 13, 2022, and January 20, 2022, respectively.  The majority of issues raised by Hartford are directed to the RCAHC's notice.  The TCC will leave to RCAHC to respond to those disputes.

There are two fundamental and related topics on which the TCC seeks a further deposition of Hartford, neither of which is substantively addressed in Hartford's letter.  In September 2021, the Hartford Settlement Term Sheet ("Term Sheet") was filed with this Court.  [Dkt. 6210-1].  That Term Sheet spanned less than eight pages and made certain references to "Chartered Organizations."  It first provided that as part of the contemplated "Sale of Hartford Policies," "the rights, if any, of Chartered Organizations under the Hartford Policies shall be treated under the Amended Plan in accordance with sections 363 and 1141 of the Bankruptcy Code and other applicable law."  It further provided that, "[u]nder the Plan, the Debtors, the Coalition, the FCR and the Trust shall secure an assignment to the Trust of, or otherwise resolve to the Parties' satisfaction, Chartered Organization' rights or claims to coverage under Abuse Insurance Policies issued by Hartford.  The Debtors,

DOCS_LA:341841.1 85353/002



The Honorable Laurie Selber Silverstein
January 24, 2022
Page 2

the Coalition and the FCR shall use their best efforts to settle with the Chartered Organizations."

However, on the evening of November 30, 2021, and with Hartford's deposition scheduled for December 2, a 91-page document entitled Draft of the Hartford Insurance Settlement Agreement ("Draft Settlement Agreement") was filed with the Court [Dkt. 7515-10].  Also filed that evening, among others, were documents entitled: (i) "Form of TDP Conditional Settling Chartered Organization Release" [Dkt. 7515-13]; (ii) "Form of TDP Non-Conditional Chartered Organization Release" [Dkt. 7515-4]; and (iii) "Form of TDP Final Determination Release" [Dkt. 7515-15].  Hartford's witness testified to having never seen the Draft Settlement Agreement and to having no involvement in its drafting or negotiation.  *See* Trans. 20:5-21:8.  Moreover, the Draft Settlement Agreement substantially altered the treatment of Charter Organizations and insurance coverage available to Charter Organizations under Hartford policies.  As compared to the Term Sheet, the Draft Settlement Agreement provides that "[u]nder the Plan, the Debtors, the Coalition, the FCR and/or the Settlement Trust shall secure an assignment to the Settlement Trust of, ***and then release, any and all present and future Claims by Chartered Organizations against any Hartford Protected Party arising out of or relating in any way to coverage issued or allegedly issued by any Hartford Protected Party for Claims for Abuse relating, in whole or in part, to Scouting or shall otherwise resolve such Claims by Chartered Organizations*** in accordance with applicable law to the Parties' satisfaction ***in a manner that ensures that the Harford Protected Parties are protected, via release or otherwise, against any liability, loss or expense with respect to any and all such Claims.***"  (Emphasis added).

It is respectfully submitted that the Draft Settlement Agreement and related documents were admittedly and entirely beyond the knowledge of Hartford's corporate designee, the terms of which appear to substantially alter the duties and responsibilities of Hartford with respect to Claims by Chartered Organizations.  Hartford should not dispute any of these facts.  Harford's only rejoinder is that the Draft Settlement Agreement is "not yet finalized" and that "there is no final agreement yet on which a witness could property testify."  But the

DOCS_LA:341841.1 85353/002



The Honorable Laurie Selber Silverstein
January 24, 2022
Page 3

fact that these documents are only "drafts" does not allow Hartford to avoid its discovery obligations.

The TCC was given no advance notice of either the Term Sheet or Draft Settlement Agreement before they were filed with the Court and were not invited to participate in their drafting. The TCC has every reason to believe that past history will be repeated when Hartford and the Debtors decide to file another version of this Draft Settlement Agreement. Nor should Hartford dispute the TCC's entitlement to inquire about the Draft Settlement Agreement once Hartford and the Debtors deemed it appropriate to be filed with the Court.

Accordingly, the TCC respectfully requests that this Court deny Hartford's motion with respect to the TCC's topics relating to the Draft Settlement Agreement and related documents filed therewith.

                                  Respectfully submitted,

                                  */s/ James E. O'Neill*
                                  James E. O'Neill
                                  joneill@pszjlaw.com

cc:    James P. Ruggeri. Esquire
        Iain A.W. Nasatir, Esquire
        Jeffrey L. Schulman, Esquire

DOCS_LA:341841.1 85353/002