**Three Embarcadero Center, 26th Floor, San Francisco, California  94111 ▪ p415 986-2800 ▪ f415 986-2827**



Mark D Plevin
415.365.7446
202.624.2801
mplevin@crowell.com

January 25, 2022

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware  19801

      Re:    *In re Boy Scouts of America*, No. 20-10343:  Zurich's motion to quash
              <u>and/or limit the RCAHC's Rule 30(b)(6) deposition notice to Zurich</u>

Dear Judge Silverstein:

      American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, "Zurich") hereby move, pursuant to Bankruptcy Rules 7026, 7030, and 9014, Rules 26(c) and 30(d) of the Federal Rules of Civil Procedure, and Local Rule 7030-1(c), to quash a Rule 30(b)(6) deposition notice issued to them by the Roman Catholic Ad Hoc Committee (the "RCAHC") on January 13, 2022 (the "Notice," Exhibit A hereto).

      As a threshold matter, and as explained in *Century's Motion to Compel the [RCAHC] to Comply with Rule 2019* (Dkt No. 8332), the RCAHC has not established that it has standing to take discovery in this contested matter.  In particular, the RCAHC has not produced a document or agreement that demonstrates it has authority to act on behalf of its members pursuant to Bankruptcy Rule 2019.[1]  Further, although the RCAHC's Rule 2019 Statement identifies Catholic Mutual as a member, Catholic Mutual predicates its standing on the issuance of coverage to 112 archdioceses and dioceses[2] – but the Rule 2019 Statement does not disclose the identity of these 112 dioceses.  Without this information, Zurich cannot know the parties on whose behalf the RCAHC is purporting to notice this Rule 30(b)(6) deposition or those parties' interest in this bankruptcy case.  Zurich has a right to know who is taking its deposition and what interest they have in this case and in Zurich's settlement.

      Even if the RCAHC has standing, this Court should still quash the Notice.  It largely

---

[1]    Rule 2019 requires that "a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents . . . multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another." Rule 2019 also requires committees to provide "a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders."

[2]    Rule 2019 Statement (Dkt No. 7805), ¶¶ 3, 6.

**Crowell & Moring LLP ▪ www.crowell.com**

Brussels ▪ Chicago ▪ Doha ▪ Indianapolis ▪ London ▪ Los Angeles ▪ New York ▪ Orange County ▪ San Francisco ▪ Shanghai ▪ Washington, DC

seeks testimony about insurance coverage issues that are not relevant to whether the Zurich Settlement meets the requirements of § 363(b) and (f) and Rule 9019. Many of the topics improperly seek testimony about legal conclusions, and constitute improper contention interrogatories that may not be sought in a Rule 30(b)(6) deposition.

In addition to the foregoing points, Zurich requests that the Notice be quashed for the following reasons.

1. *Contentions and legal conclusions (Topics 2-13)*. These 30(b)(6) topics ask for Zurich's contentions and/or legal conclusions about a broad array of general topics. However, as this Court ruled in *Imerys*, 30(b)(6) depositions of insurers must be "limited to facts and not legal conclusions."[3] "[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."[4] The bar on using Rule 30(b)(6) depositions to obtain contention testimony or legal conclusions reflects the fact that such testimony would necessarily invade attorney work-product and privilege. Accordingly, Rule 30(b)(6) cannot be used "to explore opposing counsel's thought processes as to which facts support these contentions (and which do not), or what inferences can be drawn from the evidence that has been assembled so far."[5] Courts routinely grant protection against Rule 30(b)(6) topics seeking contention testimony or testimony regarding legal conclusions.[6]

2. *Lack of relevance (Topics 2, 7-13)*. Testimony regarding Zurich's term sheet or the insurance policies Zurich issued to BSA, and particularly regarding the interpretation or application of those documents, is not relevant to whether the Zurich Settlement should be approved because (a) the term sheet and the policies are contracts, interpretation of which raise questions of law[7] and (b) insurance coverage disputes will not be resolved during the plan

---

[3] See Transcript of June 22, 2021 Telephonic Hearing, *In re Imerys Talc America, Inc.*, at 241:5-7. See also Transcript of November 19, 2021 Hearing in this case, at 132:24-133:3.

[4] *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

[5] *FTC v. Cyberspy Software, LLC*, 2009 WL 2386137, at *4 (M.D. Fla. July 31, 2009).

[6] See, e.g., *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to Rule 30(b)(6) deposition topic seeking contention testimony). See also *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008) ("a question seeking the 'reasons State Farm believes each or all bills are fraudulent' likely seeks counsel's 'legal theories,' and thus is improper"); *Captain Shontel Nicholas v. City of New York*, 2009 U.S. Dist. LEXIS 4366, at *1-2 (E.D.N.Y. Jan. 22, 2009) (eliciting support for contentions "is not the purpose of Rule 30(b)(6), which is to discover facts, not contentions or legal theories"); *King Pharmaceuticals, Inc. v. Eon Labs, Inc.*, 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (seeking elaboration on legal issues "is an improper use of Rule 30(b)(6) depositions, which 'are designed to discover facts, not contentions or legal theories'").

[7] See, e.g., *O'Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281, 286 (Del. 2001). Zurich does not contend that its term sheet or policies should be interpreted under Delaware law, but this concept is universal in the various states.

Judge Silverstein
January 25, 2021
Page 3

confirmation hearing.

The meaning of language in a contract, such as a term sheet or an insurance policy, is a question of law.[8] The intent of the parties is determined from the plain meaning of the words used in the contract.[9] Thus, even if the Court, despite its many statements to the contrary, were to decide coverage issues, testimony by Zurich's 30(b)(6) witnesses about policy language interpretation is improper because it seeks evidence regarding legal determinations for which factual support is unnecessary.

Questions about insurance coverage are not relevant to confirmation or approval of the Zurich Term Sheet. Yet, the RCAHC explicitly seeks such testimony. For example, Topics 10-12 explicitly ask for testimony about whether certain insurance policies "cover" Abuse Claims; such issues are not relevant to plan confirmation or Rule 9019 issues.

3. *Failure to describe the topics for examination "with reasonable particularity" (Topics 2-8, 10-12)*. Deposition notices under Rule 30(b)(6) must "describe ***with reasonable particularity*** the matters for examination."[10] "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task" and may "verg[e] on taking the deposition of counsel."[11]

Almost all of the RCAHC's topics violate the "reasonable particularity" requirement because they are vague, ambiguous, and overbroad. Examples include the following:

- Topic 2: "The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures."

- Topic 3: "Zurich Insurance Settlement Agreement"

- Topic 4: "The Zurich Term Sheet."

- Topic 5: "Paragraphs 5, 6 and 7 of the Zurich Term Sheet."

---

[8] *See, e.g.*, *O'Brien v. Progressive Northern. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001). Zurich does not contend that their policies or the Zurich Term Sheet should be interpreted under Delaware law, but this concept is universal in the various states.

[9] *See, e.g.*, *In re Solera Insurance Coverage Appeals*, 240 A.2d 1121, 1132 (Del. 2020). This, too, is a concept accepted universally.

[10] Fed. R. Civ. P. 30(b)(6) (emphasis added).

[11] Wright & Miller, 8A FED. PRAC. & PROC. CIV. § 2103 (3d ed.), quoting *Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000). *See also Doe v. Yorkville Plaza Assocs.*, 1996 U.S. Dist. LEXIS 8683, at *19 (S.D.N.Y June 20, 1996) (denying an overbroad Rule 30(b)(6) request for information like "Fire Code requirements for residential buildings built in New York City from 1983 to date"); *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007) ("To allow the Rule to effectively function, the requesting party must take care to designate with ***painstaking specificity***, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute") (emphasis added).

Judge Silverstein
January 25, 2021
Page 4

- Topic 6: "All BSA Insurance Policies issued by Zurich."
- Topic 7: "All Local Council Insurance Policies issued by Zurich."
- Topic 8: "All policies of insurance issued to Roman Catholic Entities."

Zurich cannot possibly prepare a witness to testify in response to such overbroad, vague, and ambiguous topics. These topics therefore must be quashed.

4.  *Lack of information (Topics 2-3, 7-13)*. These topics ask Zurich to provide testimony on matters that Zurich was not involved in, such as "All policies of insurance issued to Roman Catholic Entities" (Topic 8). Zurich's objections to the RCAHC's interrogatories make clear that Zurich has no capacity to search for "all policies of insurance issued [by Zurich] to Roman Catholic Entities," and thus no ability to provide testimony on this topic.

Zurich has also made clear that it issued no "Local Council Policies" (Topic 7), and thus have no ability to provide testimony on this topic. Topic 3 asks the Zurich Insurers to provide testimony on "The Zurich Insurance Settlement Agreement" – a document that Zurich cannot testify about because, to Zurich's knowledge, no such document exists.[12]

Further, Zurich's fact witness would have no knowledge about policies of insurance issued to Roman Catholic Entities by other insurers, which appears to be within the scope of Topic 8. Likewise, Zurich is in no position to say which Abuse Claims are covered under insurance policies issued by Century or Hartford, as Topics 9-12 seem to request. No purpose would be served by forcing Zurich to present a 30(b)(6) witness on these topics, which would require Zurich's counsel to prepare a fact witness to testify regarding information counsel has learned solely as a result of the discovery received from other insurers on these topics. Accordingly, such topics seek information that is not relevant, lack proportionality, and would impose undue burden on the insurers.

5.  *Topics concerning the Zurich Settlement (Topics 3-6)*. Topics 3-5 admittedly ask questions about Zurich's settlement, but these topics are overbroad and do not "describe ***with reasonable particularity*** the matters for examination." Topic 3 asks the Zurich Insurers to provide testimony on "The Zurich Insurance Settlement Agreement" – a document that, as noted, does not yet exist – while Topics 4 and 5 ask for testimony on "The Zurich Term Sheet." These topics are too broad, vague, and ambiguous for a Zurich witness to prepare to testify on behalf of Zurich.

Topic 6 – "All BSA Insurance Policies issued by Zurich" – is similarly defective. The topic does not say what subjects the Zurich witness should be prepared to talk about.

In addition, these vague, ambiguous, and overbroad topics are defective because any

---

[12] The Notice does not define "Zurich Insurance Settlement Agreement," but we take it to mean something other than the "Zurich Term Sheet."

Judge Silverstein
January 25, 2021
Page 5

questions asking a Zurich witness to summarize or analyze the terms of the Zurich Term Sheet or the BSA Insurance Policies issued by Zurich, or to interpret their provisions or apply them to actual or hypothetical facts, would improperly call for legal conclusions and contention testimony. The Zurich Term Sheet speaks for itself, as do the BSA policies issued by Zurich. Further, the Zurich Term Sheet was negotiated in a mediation. Any testimony about Zurich's discussions with the mediator or with other mediation parties would be protected from disclosure. Finally, any testimony about communications between Zurich and its counsel would be privileged. In short, these topics are completely improper.

*     *     *

For these reasons, Zurich requests that the Court quash the Notice.

Sincerely yours,

/s/ *Mark D. Plevin*

Mark D. Plevin
CROWELL & MORING LLP

/s/ *Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

906460258

## *Local Rule 7026-1 (d) Certification*

I hereby certify that a reasonable effort was made to reach agreement with the opposing parties on the matters set forth in the motion, through an exchange of e-mails between January 18 and 24, 2022, and in an in-person meeting on January 20, 2022.

/s/ *Mark D. Plevin*
Mark D. Plevin
CROWELL & MORING LLP

Judge Silverstein
January 25, 2021
Page 6

/s/ Robert D. Cecil, Jr.
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL

Judge Silverstein
January 25, 2021
Page 7

### Exhibit 1 – **Topics in the RCAHC Notice to Zurich**

Topic 1: "Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party."

Topic 2: "The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures."

Topic 3: "The Zurich Insurance Settlement Agreement"

Topic 4: "The Zurich Term Sheet."

Topic 5: "Paragraphs 5, 6 and 7 of the Zurich Term Sheet."

Topic 6: "All BSA Insurance Policies issued by Zurich."

Topic 7: "All Local Council Insurance Policies issued by Zurich."

Topic 8: "All policies of insurance issued to Roman Catholic Entities."

Topic 9: "Which Abuse Claims against insureds and co-insureds covered under insurance policies issued by any Settling Insurer [as defined in the Zurich Term Sheet] will be channeled under the Settling Insurer Policy Injunction [as defined in the Century Term Sheet] or the Channeling Injunction [as defined in the Plan.]

Topic 10: "Which BSA Insurance Policies issued by any Settling Insurer [Zurich Term Sheet] cover Abuse Claims against insureds and co-insureds"

Topic 11: "Which Local Council Insurance Policies issued by any Settling Insurer [Zurich Term Sheet] cover Abuse Claims against insureds and co-insureds."

Topic 12: "Which policies of insurance issued by any Settling Insurer [Zurich Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds."

Topic 13: "The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

    a.    With respect to Local Council Insurance Policies issued by any Settling Insurer [Zurich Term Sheet], by year and by Local Council, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

Judge Silverstein
January 25, 2021
Page 8

    b.    With respect to BSA Insurance Policies issued by any Settling Insurer [Zurich Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976."

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11<br>Jointly Administered |
| Debtors. | |

## THE ROMAN CATHOLIC AD HOC COMMITTEE'S NOTICE OF DEPOSITION TO AMERICAN ZURICH INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, AND STEADFAST INSURANCE COMPANY

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Bank. P. 7030 and 9014, The Roman Catholic Ad Hoc Committee shall take the deposition of American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company on the topics described in attached **Exhibit 1**.

The deposition will commence on **January 26, 2022 at 1:00 p.m. (Eastern Time)** and will proceed in person at the office of Schiff Hardin LLP, 233 S. Wacker Drive, Suite 7100, Chicago, IL 60606, remotely via video conference, or by such other means as may be agreed upon by counsel.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths and shall be recorded by videographic and/or stenographic means.

[*Remainder of Page Intentionally Left Blank*]

IMPAC 7555691v.1

| | |
|---|---|
| Dated: January 13, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ *Jeremy W. Ryan*<br>Jeremy W. Ryan (Bar No. 4057)<br>Aaron H. Stulman (Bar No. 5807)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br>       astulman@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>      dspector@schiffhardin.com<br>      mfisher@schiffhardin.com<br>      nlloyd@schiffhardin.com<br>      dschufreider@schiffhardin.com<br>      jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |

# EXHIBIT 1

## Definitions

1. Unless otherwise defined, capitalized terms shall have the meanings stated in the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket No. 7832].

2. "Plan" shall mean the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket No. 7832] including all Exhibits, Appendices and any documents attached to the Plan Supplement [Docket No. 7517] or the Amended plan Supplement [Docket No. 7953].

## Deposition Topics

1. Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

2. The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures.

3. The Zurich Insurance Settlement Agreement.

4. The Zurich Term Sheet.

5. Paragraphs 5, 6 and 7 of the Zurich Term Sheet.

6. All BSA Insurance Policies issued by Zurich.

7. All Local Council Insurance Policies issued by Zurich.

8. All policies of insurance issued to Roman Catholic Entities.

9. Which Abuse Claims against insureds and co-insureds covered under insurance policies issued by any Settling Insurer [as defined in the Zurich Term Sheet] will be channeled

IMPAC 7555691v.1

under the Settling Insurer Policy Injunction [as defined in the Century Term Sheet] or the Channeling Injunction [as defined in the Plan.]

10. Which BSA Insurance Policies issued by any Settling Insurer [Zurich Term Sheet] cover Abuse Claims against insureds and co-insureds.

11. Which Local Council Insurance Policies issued by any Settling Insurer [Zurich Term Sheet] cover Abuse Claims against insureds and co-insureds.

12. Which policies of insurance issued by any Settling Insurer [Zurich Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds.

13. The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

   a. With respect to Local Council Insurance Policies issued by any Settling Insurer [Zurich Term Sheet], by year and by Local Council, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

   b. With respect to BSA Insurance Policies issued by any Settling Insurer [Zurich Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976.

IMPAC 7555691v.1