**Three Embarcadero Center, 26th Floor, San Francisco, California  94111 ▪ p415 986-2800 ▪ f415 986-2827**



Mark D Plevin
415.365.7446
202.624.2801
mplevin@crowell.com

January 25, 2022

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware  19801

      Re:    *In re Boy Scouts of America*, No. 20-10343:  Zurich's motion to compel the RCAHC to produce documents and respond to interrogatories

Dear Judge Silverstein:

      American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, "Zurich") hereby move, pursuant to Bankruptcy Rules 7037 and 9014, Rule 37(a) of the Federal Rules of Civil Procedure, and Local Rule 7026-1, to compel the Roman Catholic Ad Hoc Committee (the "RCAHC") to respond to Interrogatory 2 in Zurich's First Set of Interrogatories to the RCAHC and to produce documents responsive to Document Requests 5, 7-8, and 11 in Zurich's First Set of Requests for Production of Documents to the RCAHC.[1]

      Zurich's discovery is narrowly targeted toward seeking factual information and material regarding the RCAHC's current or potential objections to the Zurich Settlement or the Zurich Term Sheet.[2]  The RCAHC objected to the requests, asserting that they are overbroad and premature, and that the material and information sought are subject to various privileges and the work-product doctrine.  The RCAHC is incorrect on all counts.

---

[1]    The RCAHC's responses to Zurich's interrogatories and document requests, which include the actual discovery requests, are attached as Exhibits A and B, respectively.  Zurich and the RCAHC have mutually agreed to allow each other to depose any fact or expert witnesses designated by them regarding Zurich's settlement with Debtors, the FCR, and the Coalition, notwithstanding the January 28 deadline for such depositions.  Zurich therefore is not presently moving with respect to its discovery requests asking the RCAHC to identify its fact and expert witnesses, but reserves its right to do so later if necessary.

[2]    "Zurich Term Sheet" means the document titled "Settlement Term Sheet" docketed at Dkt. No. 7928-1.  "Zurich Settlement" refers to the settlement described in the Zurich Term Sheet.

Crowell & Moring LLP ▪ www.crowell.com

Brussels ▪ Chicago ▪ Doha ▪ Indianapolis ▪ London ▪ Los Angeles ▪ New York ▪ Orange County ▪ San Francisco ▪ Shanghai ▪ Washington, DC

Judge Silverstein
January 25, 2022
Page 2

**The requests at issue relate to the Zurich Settlement or the Zurich Term Sheet and are timely and narrowly targeted.**

The document requests that are the subject of this motion to compel state as follows:

     5.    All Documents Concerning the factual basis or bases for Your actual or potential objections to the Zurich Settlement or the Zurich Term Sheet.

     7.    All Communications between You and any other person or entity, including the Official Committee of Tort Claimants (the "TCC") and/or its counsel, Concerning (a) the Zurich Settlement and/or the Zurich Term Sheet or (b) potential or actual objections to the Zurich Settlement and/or the Zurich Term Sheet.

     8.    All Documents that You have exchanged with any other person or entity, including the TCC and/or its counsel, Concerning (a) the Zurich Settlement and/or the Zurich Term Sheet or (b) potential or actual objections to the Zurich Settlement and/or the Zurich Term Sheet.

     11.    All Documents that You intend to or may rely on at the Confirmation Hearing or any other hearing to support any objection to the Zurich Settlement or the Zurich Term Sheet.

The interrogatory that is the subject of this motion to compel states as follows:

     2.    State and describe in detail all of Your objections to the Zurich Settlement or the Zurich Term Sheet.

These discovery requests are narrowly targeted to issues concerning the Zurich Term Sheet and the Zurich Settlement. The requests ask the RCAHC, which served Zurich with 42 RFAs, eight interrogatories, one document request, and a Rule 30(b)(6) notice concerning the Zurich Term Sheet and the Zurich Settlement, to produce documents and provide information supporting its objections to the Zurich Term Sheet and Zurich Settlement.

The RCAHC objected to these requests as "premature." However, the Court's amended confirmation scheduling order required Zurich to serve such discovery by December 29.[3] Zurich served these discovery requests on the December 29 deadline. It could not have waited any longer to serve this discovery. Had it done so, the RCAHC undoubtedly would have objected that Zurich failed to serve the discovery by the applicable deadline. And with trial just a month away, such discovery requests are surely timely now.

The RCAHC also objected to Document Requests 5 and 11 as "overbroad." But these

---

3    *See* Dkt. No. 7996.

Judge Silverstein
January 25, 2022
Page 3

requests focus solely on the Zurich Settlement and the Zurich Term Sheet – a limited and proper area of discovery at this stage of the confirmation process.

Further, the RCAHC objected to Document Requests 5 and 11 and Interrogatory 2 as seeking information protected by the attorney-client privilege. However, Zurich's requests cannot fairly be read to seek production of privileged material. Instead, the requests seek (a) documents concerning the "factual basis or bases" for the RCAHC's objections, (b) a description "in detail" of the RCAHC's objections to the Zurich Settlement or the Zurich Term Sheet, and (c) documents that the RCAHC may use to "support any objection to the Zurich Settlement or the Zurich Term Sheet." The attorney-client privilege does not protect facts and documents that support the RCAHC's actual or potential objections to the Zurich Settlement or the Zurich Term Sheet.[4] Zurich is just trying to learn basic facts so that it can prepare to respond to the RCAHC's objections at the confirmation hearing.

The RCAHC objected to Document Requests 7 and 8 on the grounds that they are overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. These requests are, however, narrowly tailored and unquestionably relevant to the settlement issues at hand: they expressly seek production limited to the RCAHC's communications with others concerning (a) the Zurich Settlement and/or the Zurich Term Sheet and (b) potential or actual objections to the Zurich Settlement and/or the Zurich Term Sheet documents.[5] If any responsive documents are privileged, the RCAHC should identify them on a proper privilege log – not refuse to produce all responsive documents.

*   *   *

For these reasons, Zurich requests that the Court grant this motion to compel and order the RCAHC to serve a proper privilege log.

Sincerely yours,

/s/ *Mark D. Plevin*

Mark D. Plevin
CROWELL & MORING LLP

- and -

---

[4] See *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 632 (M.D. Pa. 1997) ("Facts gathered by counsel in the course of investigating a claim or preparing for trial are not privileged and must be divulged if requested in the course of proper discovery").

[5] See *AgroFresh, Inc. v. Essentiv LLC*, 2018 WL 9578196, at *2 (D. Del. Dec. 11, 2018) ("Rule 26 is liberally construed in favor of disclosure because relevance is a broader inquiry at the discovery stage than at the trial stage") (internal quotation omitted).

Judge Silverstein
January 25, 2022
Page 4

/s/ *Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

### Local Rule 7026-1 (d) Certification

I hereby certify that a reasonable effort was made to reach agreement with the opposing party on the matters set forth in the motion, through an exchange of e-mails between January 18 and 25, 2022, and in an in-person meeting on January 20, 2022.

/s/ *Mark D. Plevin*
Mark D. Plevin
CROWELL & MORING LLP

/s/ *Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL

906470092

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11<br>Jointly Administered |
| Debtors. | |

**THE ROMAN CATHOLIC AD HOC COMMITTEE'S OBJECTIONS AND RESPONSES TO THE ZURICH INSURERS' FIRST SET OF INTERROGATORIES**

The Roman Catholic Ad Hoc Committee (the "RCAHC") objects and responds to the interrogatories issued by American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers") as follows:

**GENERAL OBJECTIONS**

1. These General Objections apply to all of the Zurich Insurers' interrogatories and are incorporated in each response to each interrogatory.

2. The RCAHC objects to the Zurich Insurers' interrogatories to the extent they seek to impose obligations beyond those provided by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Local Rules, the Court's orders, or other applicable law.

3. The RCAHC objects to the Zurich Insurers' interrogatories to the extent they seek information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, mediation privilege, or any other privilege or protection from disclosure provided by law.

4. The RCAHC objects to objects to the Zurich Insurers' interrogatories to the extent they seek information unrelated to solicitations, settlements, voting, or related issues. The deadline

to serve general plan discovery was October 8, 2021, and by failing to timely serve such discovery on the RCAHC, the Zurich Insurers forfeited any right to do so.

5. The RCAHC's investigation is ongoing, and it reserves the right to supplement its objections and responses.

**RESPONSES**

1. For each of Your responses to the RFAs that is not an unqualified admission:
    (a) state the number of the request;
    (b) state and describe in detail all facts upon which you base Your response;
    (c) state the names, street addresses, e-mail addresses, and telephone numbers of all persons who have knowledge of those facts; and
    (d) Identify all Documents and other tangible things that support Your response and state the name, street address, e-mail address, and telephone number of the person who has the Document or other tangible thing.

    **RESPONSE:** In addition to its General Objections, the RCAHC objects to this interrogatory as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case.

2. State and describe in detail all of Your objections to the Zurich Settlement or the Zurich Term Sheet.

    **RESPONSE:** In addition to its General Objections, the RCAHC objects to this interrogatory as premature and as seeking information protected by the work product doctrine.

3. Identify each and every fact witness whom You will call or anticipate calling to testify at the confirmation hearing on the Plan and, for each such fact witness, describe in detail the subject matter of the person's anticipated testimony.

    **RESPONSE:** In addition to its General Objections, the RCAHC objects to this interrogatory as untimely as the deadline to serve general plan discovery expired on October 8, 2021.

4. Identify each and every expert witness whom You will call or anticipate calling to testify at the confirmation hearing on the Plan and, for each such expert witness, describe in detail the subject matter of the person's anticipated testimony.

2

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this interrogatory as untimely as the deadline to serve general plan discovery expired on October 8, 2021.

| | |
|---|---|
| Dated: January 7, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ Jeremy W. Ryan<br>Jeremy W. Ryan (Bar No. 4057)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>         dspector@schiffhardin.com<br>         mfisher@schiffhardin.com<br>         nlloyd@schiffhardin.com<br>         dschufreider@schiffhardin.com<br>         jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC,<br><br>Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br>Jointly Administered |

## THE ROMAN CATHOLIC AD HOC COMMITTEE'S OBJECTIONS AND RESPONSES TO THE ZURICH INSURERS' FIRST SET OF REQUESTS FOR PRODUCTION

The Roman Catholic Ad Hoc Committee (the "RCAHC") objects and responds to the requests for production issued by American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers") as follows:

## GENERAL OBJECTIONS

1. These General Objections apply to all of the Zurich Insurers' requests and are incorporated in each response to each request.

2. The RCAHC objects to the Zurich Insurers' requests to the extent they seek to impose obligations beyond those provided by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Local Rules, the Court's orders, or other applicable law.

3. The RCAHC objects to the Zurich Insurers' requests to the extent they seek information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, mediation privilege, or any other privilege or protection from disclosure provided by law.

4. The RCAHC objects to the Zurich Insurers' requests to the extent they ask for member-specific documents that are not in the RCAHC's possession, custody, or control.

5.   The RCAHC's investigation is ongoing, and it reserves the right to supplement its objections and responses.

**RESPONSES**

1.   All Documents that are mentioned, discussed, or referred to, directly or indirectly, in Your responses to the Interrogatories.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as vague because the capitalized term Interrogatories is undefined, and the request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent the Zurich Insurers seek documents related to the RCAHC's responses to other parties' interrogatories. The RCAHC further objects to this request as vague, confusing, overbroad, and unduly burdensome in seeking documents indirectly mentioned, discussed, or referenced in its interrogatory responses. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

2.   All Documents Concerning the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

3.   All Documents Concerning the Zurich Settlement.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case. The RCHAC further objects to this request as seeking information protected by

2

the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

4. All Documents Concerning Your actual or potential objections to the Zurich Settlement or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad and premature. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

5. All Documents Concerning the factual basis or bases for Your actual or potential objections to the Zurich Settlement or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad and premature. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

6. All expert reports that do or may support Your actual or potential objections to the Zurich Settlement or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad and premature.

7. All Communications between You and any other person or entity, including the Official Committee of Tort Claimants (the "TCC") and/or its counsel, Concerning (a) the Zurich Settlement and/or the Zurich Term Sheet or (b) potential or actual objections to the Zurich Settlement and/or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, RCAHC objects to this request as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case. The RCHAC further objects to this request as seeking information protected by

3

the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

8.  All Documents that You have exchanged with any other person or entity, including the TCC and/or its counsel, Concerning (a) the Zurich Settlement and/or the Zurich Term Sheet or (b) potential or actual objections to the Zurich Settlement and/or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, RCAHC objects to this request as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or the mediation privilege.

9.  All Documents that You produce in response to any requests for production of documents served on You by Century Indemnity Company, Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, or Navigators Specialty Insurance Company.

**RESPONSE:** Subject to its General Objections, the RCAHC will produce its responses and objections to the requests for production served by Century Indemnity Company.

10. All responses and objections served by You in response to any discovery served on You by Century Indemnity Company, Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, or Navigators Specialty Insurance Company.

**RESPONSE:** Subject to its General Objections, the RCAHC will produce its responses and objections to the discovery served by Century Indemnity Company.

11. All Documents that You intend to or may rely on at the Confirmation Hearing or any other hearing to support any objection to the Zurich Settlement or the Zurich Term Sheet.

**RESPONSE:** In addition to its General Objections, the RCAHC objects to this request as overbroad and premature. The RCHAC further objects to this request as seeking information protected by the attorney-client privilege and/or work product doctrine.

4

| | |
|---|---|
| Dated: January 7, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ Jeremy W. Ryan<br>Jeremy W. Ryan (Bar No. 4057)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone:  (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email:  jryan@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone:  (312) 258-5500<br>Facsimile:  (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>          dspector@schiffhardin.com<br>          mfisher@schiffhardin.com<br>          nlloyd@schiffhardin.com<br>          dschufreider@schiffhardin.com<br>          jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |