# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC,[1]<br><br>　　　　　　Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 8500** |

## MOTION OF THE ROMAN CATHOLIC AD HOC COMMITTEE FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS WITH RESPECT TO THE MOTION TO COMPEL

The Roman Catholic Ad Hoc Committee (the "RCAHC"), by and through undersigned counsel, hereby files this motion (the "Motion to Shorten") for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening and limiting the notice with respect to the *Motion of the Roman Catholic Ad Hoc Committee to Compel the Rule 30(b)(6) Depositions of (I) the Debtors, (II) Century, (III) Chubb, (IV) Hartford, and (V) Zurich* (the "Motion to Compel").[2]  In support thereof, the RCAHC respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows:  Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion to Compel.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The RCAHC confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a), 9006(c)(1) and 9019, and Local Rules 9006-1(c) and (e).

## RELIEF REQUESTED

4. By this Motion to Shorten, the RCAHC seeks entry of the Proposed Order, shortening the notice and objection periods with respect to the Motion to Compel and setting the Motion to Compel for the hearing on February 1, 2022 at 2:00 p.m. (ET) and setting an objection deadline for January 31, 2022 at 4:00 p.m. (ET).

## BACKGROUND

1. On February 18, 2020, the Debtors filed voluntary petitions for relief under the Bankruptcy Code.

2. On December 18, 2021, the Debtors filed the *Second Modified Fifth Amended Plan of Reorganization* [Docket No. 7832] (the "Plan").

3.      On December 28, 2021, the Court entered an Order modifying the confirmation scheduling order [Docket No. 7996], scheduling the confirmation hearing on February 22, 2022 (the "Confirmation Hearing") and setting the confirmation objection deadline for February 4, 2022 (the "Confirmation Objection Deadline").

4.      On December 27, 2021, the RCAHC propounded requests for admission on Century, Hartford, Zurich, and the Debtors.

5.      Thereafter, Century, Hartford, Zurich, and the Debtors objected to the requests and refused to admit to any Insurance Policies providing coverage.

6.      On January 13, 2022, the RCAHC served the 30(b)(6) Notices on the Debtors, Century, Chubb, Hartford, and Zurich. *See* Docket Nos. 8295, 8293, 8297, 8296, and 8294, respectively.

7.      On January 16, 2022, the RCAHC reached out to each of the respondents to meet and confer on suitable times for depositions. Meet and confers with Hartford and Zurich were unsuccessful and they have moved to quash [Docket Nos. 8455 & 8497]. The Debtors, Century, and Chubb did not respond to the January 16, 2022 request and Century ignored a January 23, 2022 follow up. Both Century and Chubb served responses and objections late on January 24, 2022 (though using an extremely truncated service list that excluded the undersigned counsel, a tactic Century has employed multiple times).

8.      To date, all the respondents have refused to produce witnesses other than the Debtors. The Debtors, however, have only indicated they will provide a witness subject to responses and objections, which they served late this evening on the RCAHC, and after holding a meet and confer.

9. The RCAHC is filing the Motion to Compel contemporaneously with this Motion to Shorten seeking to have the Court compel the Debtors, Century, Chubb, Hartford, and Zurich to appear for depositions noticed pursuant to the 30(b)(6) Notices.

**BASIS FOR RELIEF REQUESTED**

5. Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen (14) days prior to the hearing date. Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii).

6. According to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time…, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice. In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated in Bankruptcy Code § 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del.

2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

7. With respect to discovery motions, Local Rule 7026-1(b) provides that any such motions shall be filed and served so as to be received at least seven (7) days before the hearing date on such motion. It further provides that when service is made for a discovery related motion under Local Rule 7026-1(b), any objection shall be filed and served so as to be received at least one (1) business day before the hearing date.

8. Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. Here, the Motion to Shorten is filed in an abundance of caution. The Motion to Compel was filed to allow for seven days prior to the hearing on February 1, 2022 and the RCAHC requests an objection deadline be set for the first business day before the hearing. Therefore, the RCAHC believes that the Motion to Compel is timely filed for the hearing and may be heard without approval of the Motion to Shorten.

10. However, assuming the Motion to Shorten is necessary, ample cause exists to shorten the notice and objection periods in connection with the Motion to Compel. As set forth more fully in the Motion to Compel, the RCAHC is seeking depositions of the Debtors, Century, Chubb, Hartford, and Zurich in connection with Plan discovery and settlements related thereto. The RCAHC first attempted to get the information it needs through written discovery. When that was rebuffed, the RCAHC served the 30(b)(6) Notices nearly two weeks ago. None of the parties, with the exception of the Debtors, have agreed to produce a witness, and two of the parties filed motions to quash. The deadline to complete depositions of fact witnesses is January

28, 2022, and the Confirmation Objection Deadline is just around the corner on February 4, 2022 with the Confirmation Hearing to follow shortly thereafter. Therefore, it is imperative that the Motion to Compel be heard as soon as possible in order for the RCAHC to be prepared for both the Confirmation Objection Deadline and the Confirmation Hearing with the requested information from the responding parties.

## LOCAL RULE 9006-1(e) CERTIFICATION

11. As stated above, counsel to the RCAHC does not believe that a Motion to Shorten is necessary to have the Motion to Compel heard on the February 1, 2022 hearing and filed the Motion to Shorten only in an abundance of caution. Therefore, counsel to the RCAHC did not notify counsel to the Debtors, the Office of the United States Trustee, or the Official Committees of its intention to file this Motion to Shorten. Counsel to the RCAHC will notify these parties contemporaneously with the filing.

## NOTICE

12. Notice of this Motion to Shorten is being given to (i) the Office of the U.S. Trustee; (ii) the Debtors; (iii) the Official Committee of Unsecured Creditors; (iv) the Official Committee of Tort Claimants; (v) the Settling Insurers; and (vi) any other party having filed with the Court a request to participate as a Participating Party. The RCAHC respectfully submits that in light of the nature of the relief requested, no further notice of the relief requested is necessary or required.

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the RCAHC respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: January 25, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>*/s/ Jeremy W. Ryan*<br>Jeremy W. Ryan (Bar No. 4057)<br>Aaron H. Stulman (Bar No. 5807)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br>           astulman@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>          dspector@schiffhardin.com<br>          mfisher@schiffhardin.com<br>          nlloyd@schiffhardin.com<br>          dschufreider@schiffhardin.com<br>          jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |