

TEL: (315) 277-5370
FAX: (315) 277-5395

# PARRY & SMITH
### - ATTORNEYS AT LAW -

WEBSITE:
WWW.JARRODWSMITH.COM

---

**JEFFREY R. PARRY, ESQ., PARTNER**
JEFFREYPARRY404@GMAIL.COM

11 SO. MAIN STREET • PO BOX 173
JORDAN, NEW YORK 13080

**JARROD W. SMITH, ESQ., PARTNER**
JARRODSMITHLAW@GMAIL.COM

January 24, 2022

## VIA OVER-NIGHT U.S. MAIL

Attn:   Clerk's Office
United States Bankruptcy Court
District of Delaware
824 Market Street North
3rd Floor
Wilmington, DE 19801

RE:   Boy Scouts of America and Delaware BAS, LLC
Case No.: 20-10343

Dear Clerk:

My law firm represents a state action Defendant in the State of New York specifically the Elbridge Community Church.

Per my conversation with one of your Deputy Clerks, I have enclosed a Notice of Motion, Petition in Support, Exhibits A-C and a Certificate of Service for filing in your Court. I am out of state; and I am not admitted in the State of DE or your bankruptcy district. In addition, I have enclosed my Motion and Order to be admitted Pro Hac Vice.

Please file the enclosed motion and let me know the cost of getting admitted. Should you have any questions for me, please contact me via my cell phone at (315) 935-5295.

Thank you for assistance with this matter.

Best regards,

JARROD W. SMITH, ESQ.

JWS/
Enclosures

### FAYETTEVILLE OFFICE
7030 EAST GENESEE STREET, SUITE 101
FAYETTEVILLE, NEW YORK 13066
PARRY & SMITH, L.L.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**FILED**

| | |
|---|---|
| **In re:** | **Chapter 11** **2022 JAN 26 AM 9: 53** |
| **BOY SCOUTS OF AMERICA AND DELAWARE BAS, LLC,** | **Case No.: 20-10343** CLERK BANKRUPTCY COURT DISTRICT OF DELAWARE |
| **Debtors.** | **Presiding Judge:** **Hon. Laurie Selber Silverstein** |

---

# MOTION FOR RELIEF FROM STAY

| | |
|---|---|
| **MOTION BY:** | Petitioner-Defendant, ELBRIDGE COMMUNITY CHURCH, by and through its Attorneys, PARRY & SMITH, L.L.C. |
| **DATE, TIME & LOCATION OF HEARING:** | February 24, 2022 at 10:00 a.m. at the U.S. Bankruptcy Court for District of Delaware, 824 North Market Street #500, Wilmington, Delaware 19801 **ON SUBMISSION**. |
| **SUPPORTING PAPERS:** | the Declaration of Jarrod W. Smith, Esq., sworn to on January 23, 2022 with Exhibits A-C. |

**RELIEF REQUESTED:**

1) An Order lifting the automatic stay;

2) An Order determining if Longhouse Council, Inc., Boy Scouts of America are protected or not by the automatic stay; and

3) For such other and further relief as this Court deems just and proper.

| | |
|---|---|
| **GROUNDS FOR RELIEF REQUESTED:** | pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code |
| **NOTICE WHEN TO FILE OBJECTIONS:** | that pursuant to Local Rule 9006-1(c)(ii), **OBJECTIONS**, if any, must be served upon the undersigned at least seven (7) days before the return date of this motion **OR PRIOR TO FEBRUARY 18, 2022.** |

Dated:  January 23, 2022

Respectfully,

**PARRY & SMITH, L.L.C.**

_____

Jarrod W. Smith, Esq.
Attorney for Defendant,
Elbridge Community Church
11 South Main Street - P.O. Box 173
Jordan, New York 13080
Tel. No.: (315) 277-5370

TO:    Debtor BSA via ECF

All Creditors via ECF

All Plaintiffs' Counsel for Victims via ECF

D. Adam Anderson, Esq.
Crew Janci LLP
Attorneys for Plaintiff Clarke Peterson
1200 NW Naito Parkway – Ste. 500
Portland, OR 97209
VIA Email: adam@crewjanci.com

Grey Holland, Scout Executive, CEO
Longhouse Council BSA
2803 Brewteron Road
Syracuse, New York 13211
VIA Email: Grey.Holland@scouting.org

Attn: CEO and/or Executive Director
New York Conference
United Church of Christ
P.O. Box 487
Syracuse, New York 13209
VIA USPO First Class Mail

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In Re:** | Chapter 11 |
| **BOY SCOUTS OF AMERICA AND DELWARE BSA LLC,** | Case No.: 20-10343 (LSS) |
| | **PETITION IN SUPPORT OF MOTION TO LIFTAUTOMATIC STAY** |
| **Debtors.** | |

## MOTION FOR RELIEF FROM STAY

Now Into Court, through undersigned counsel, comes **ELBRIDGE COMMUNITY CHURCH** ( "Petitioner-Defendant") who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

### I. JURISDICTION

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### II. PETITIONER-DEFENDANT

2.       Petitioner-Defendant, ELBRIDGE COMMUNITY CHURCH, is a Defendant in the state lawsuit of <u>Clarke Peterson v. Longhouse Council, Inc., Boy Scouts of America; Elbridge Community Church; and New York Conference of the United Church of Christ, Inc.</u>, Index No.:

007012/2021 in Onondaga County, Syracuse, New York. Petitioner-Defendant has attached the state Summons and Complaint for the Court's review as **Exhibit "A."** It is Petitioner-Defendant's position that the stay needs to be lifted as to this New York State legal action so Petitioner-Defendant can properly defend and answer the complaint with Affirmative Defenses and Cross-Claims against the BSA; as well as do appropriate and proper discovery.

3.      Petitioner-Defendant was served with the summons and complaint on October 30, 2021. A copy of the Affidavit of Service is attached as **Exhibit "B."** Also, with Exhibit "B" are the two other Affidavits of Service for the remaining Defendants, inclusive of the Defendant Longhouse Council, Inc., Boy Scouts of America.

## III.  PETITIONER-DEFENDANT REQUESTS THE AUTOMATIC STAY BE LIFTED SO THAT IT CAN PROPERLY DEFEND ITSELF AGAINST THE PLAINTIFF, CLARKE PETERSON.

4.      Petitioner-Defendant has attached as **Exhibit "C"** a copy of its Answer with Affirmative Defenses and Cross-claims for the Court's review in determining this motion.

5.      Petitioner-Defendant also requests permission to conduct discovery pursuant to the New York State Civil Practice Law & Rules (hereinafter known as "CPLR") under Article 31 to defend itself.

6.      Under Article 31 of the CPLR, Petitioner-Defendant would avail itself of discovery demands, notices to produce, interrogatories and depositions of the Plaintiff in the state action as well as party Defendant discovery inclusive of depositions.

## IV.  PETITIONER-DEFENDANT REQUESTS THIS COURT TO DETERMINE IF THE DEFENDANT, LONGHOUSE COUNCIL, INC., BOY SCOUTS OF AMERICA ARE PROTECTED BY THE AUTOMATIC STAY.

7.          Petitioner-Defendant has been sued in the Supreme Court in the State of New York in the County of Onondaga.  See Exhibit "A."

8.          Defendant Longhouse Council, Inc., Boy Scouts of America is a co-Defendant of the Petitioner-Defendant; and in order to properly defend this state lawsuit counsel for the Petitioner-Defendant must make certain cross-claims against the Longhouse Council, Inc., Boy Scouts of America.

9.          Legal counsel for the Petitioner-Defendant does not want to be in a situation where he and his client violate the automatic stay as certain devastating remedies for the Debtor (BSA) may be brought against it and it's counsel for violating it.

10.         Petitioner-Defendant requests a determination by this Court if the automatic stay applies for the benefit of the Defendant Longhouse Council, Inc., Boy Scouts of America.

**WHEREFORE,** Petitioner-Defendant, Elbridge Community Church prays for an Order from the Court granting it relief from the automatic stay of § 362 of the Bankruptcy Code to permit the Petitioner-Defendant the ability to defend itself appropriately and properly by allowing Petitioner-Defendant to Answer with Affirmative defenses and Cross-claims against party Defendants; and to conduct N.Y. C.P.L.R. Article 31 Discovery to defend itself against the claims of the Plaintiff, Clarke Peterson; and to make a determination if the Defendant Longhouse Council, Inc., Boy Scouts of America are protected or not by the automatic stay issued by this

Court in the current BSA litigation; and for such other and further relief this Court deems just and appropriate.

Dated: January 23, 2022

Respectfully submitted,

PARRY & SMITH, L.L.C.

Jarrod W. Smith, Esq.
Attorneys for Petitioner-Defendant
Elbridge Community Church
11 South Main Street
P.O. Box 173
Jordan, New York 13080
Tel. No.: (315) 277-5370
Fax No.: (315) 277-5395
jarrodsmithlaw@gmail.com

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM
NYSCEF DOC. NO. 1

INDEX NO. 007012/2021
RECEIVED NYSCEF: 08/06/2021

NEW YORK STATE SUPREME COURT
ONONDAGA COUNTY

CLARKE PETERSON,

                           Plaintiff,

-against-

LONGHOUSE COUNCIL, INC., BOY SCOUTS OF
AMERICA; ELBRIDGE COMMUNITY CHURCH; and
NEW YORK CONFERENCE OF THE UNITED
CHURCH OF CHRIST, INC.,

                           Defendants.

Index No.: _____

Date Filed: _____

**SUMMONS**

Plaintiff designates
**ONONDAGA**
County as the place of trial.

The basis of venue is defendants'
residence.

**Child Victims Act Proceeding
22 NYCRR 202.72**

TO THE ABOVE-NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 6, 2021

                    Respectfully Yours,

                    CREW JANCI LLP


                    By /s/ Stephen F. Crew
                        Stephen F. Crew
                        Peter B. Janci
                        steve@crewjanci.com
                        peter@crewjanci.com
                        Crew Janci LLP
                        515 Madison Avenue, 8th Floor
                        PMB #8059
                        New York City, NY 10022
                        Phone: 888-407-0224
                        Attorneys for Plaintiff



1 of 17

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM
INDEX NO. 007012/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/06/2021

NEW YORK STATE SUPREME COURT
ONONDAGA COUNTY

Index No.: _____

CLARKE PETERSON,

                        Plaintiff,

**VERIFIED COMPLAINT**

-against-

**Child Victims Act Proceeding
22 NYCRR 202.72**

LONGHOUSE COUNCIL, INC., BOY SCOUTS OF
AMERICA; ELBRIDGE COMMUNITY CHURCH; and
NEW YORK CONFERENCE OF THE UNITED
CHURCH OF CHRIST, INC.,

                        Defendants.

Plaintiff Clarke Peterson, by and through his attorneys, Crew Janci LLP, respectfully alleges for his complaint the following:

## I.    INTRODUCTION

1.    This case arises from childhood sexual abuse and exploitation that Plaintiff Clarke Peterson suffered at the hands of the defendants' Scout leader and volunteer, Reverend Ronald Place, who the defendants knew or should have known posed a danger to him and other children. Despite their knowledge, the defendants failed to take reasonable steps to protect Plaintiff Clarke Peterson from the danger of being sexually abused by Ronald Place. As a result, Ronald Place was able to use his position as a Scout leader and volunteer with the defendants to sexually abuse Plaintiff Clarke Peterson.

## II.    PROCEEDING IN ACCORDANCE WITH CPLR 214-G AND 22 NYCRR 202.72

2.    This complaint is filed pursuant to the Child Victims Act (CVA) 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440), CPLR 214-G, and 22 NYCRR 202.72. The CVA opened a historic one-year one-time window for survivors of childhood sexual abuse in the State of New York to pursue lapsed claims. Prior to the passage of the CVA, Plaintiff's claims were time-barred the day

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021
NYSCEF DOC. NO. 1                                                                         RECEIVED NYSCEF: 08/06/2021

he turned 22 years old. The enactment of the CVA allows Plaintiff, for the first time in his life, to pursue restorative justice in New York State.

### III.    PARTIES

3.    Plaintiff Clarke Peterson is an adult male who currently resides in St. Augustine, FL.

4.    While he was a minor, Plaintiff Clarke Peterson was a victim of one or more criminal sex acts in the State of New York, including sexual acts that would constitute a sexual offense that revives Plaintiff's claim under the Child Victims Act.

5.    At all relevant times Plaintiff Clarke Peterson was a minor participating in the Boy Scouts of America Explorer program that was operated and controlled by defendants Longhouse Council, Inc., Boy Scouts of America; Elbridge Community Church; and the New York Conference of the United Church of Christ, Inc. (all defendants are collectively referred to herein as "the defendants").

6.    Ronald Place ("Place") was a Scout leader or volunteer that the defendants used and relied upon as a Scout leader and volunteer to serve Plaintiff and other children who participated in their Boy Scout program, including as an Explorer Post Advisor of Plaintiff's Boy Scout Troop.

7.    During the time that Place served as a Scout leader or volunteer for the defendants, he used his position as a Scout leader or volunteer to groom and to sexually abuse Plaintiff Clarke Peterson.

8.    At all relevant times defendant Longhouse Council, Inc., Boy Scouts of America ("LC") was a New York nonprofit corporation organized under New York law with its principal place of business in Syracuse, New York, that transacted business in Onondaga County.

3

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM

INDEX NO. 007012/2021

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/06/2021

9.    At all relevant times defendant LC conducted business, variously, as the "Onondaga Council," "Hiawatha Council," "Hiawatha-Seaway Council," "Longhouse Council, Inc., Boy Scouts of America," and "Longhouse Council."

10.    To the extent that defendant LC was a different entity, corporation, or organization during the period of time in which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Longhouse Council, Inc., Boy Scouts of America.

11.    To the extent that defendant LC is a successor to a different entity, corporation, or organization which existed during the period of time during which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, including any entity, corporation, or organization that subsequently or eventually merged into LC, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Longhouse Council, Inc., Boy Scouts of America.

12.    All such LC-related entities, corporations, or organizations are collectively identified and referred to herein as defendant "LC."

13.    At all relevant times defendant Elbridge Community Church ("Elbridge Church") was a not-for-profit corporation organized under New York law with its principal place of business in or around Syracuse, New York.

14.    To the extent that defendant Elbridge Church was a different entity, corporation, or organization during the period of time in which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, such entity, corporation, or organization is hereby on notice

4

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM   INDEX NO. 007012/2021

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 08/06/2021

that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Elbridge Community Church.

15.     To the extent that defendant Elbridge Church is a successor to a different entity, corporation, or organization which existed during the period of time during which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, including any entity, corporation, or organization that subsequently or eventually merged into Elbridge Church, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Elbridge Community Church.

16.     All such Elbridge Church-related entities, corporations, or organizations are collectively identified and referred to herein as defendant "Elbridge Church."

17.     At all relevant times defendant New York Conference of the United Church of Christ, Inc. ("United Church of Christ") was a not-for-profit corporation organized under New York law with its principal place of business in or around Syracuse, New York.

18.     To the extent that defendant United Church of Christ was a different entity, corporation, or organization during the period of time in which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as the New York Conference of the United Church of Christ, Inc.

19.     To the extent that defendant the United Church of Christ is a successor to a different entity, corporation, or organization which existed during the period of time during which Place used his position as a Scout leader and volunteer to sexually abuse Plaintiff, including any entity, corporation, or organization that subsequently or eventually merged into United Church of Christ,

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 08/06/2021

such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as the New York Conference of the United Church of Christ, Inc.

20.    All such United Church of Christ-related entities, corporations, or organizations are collectively identified and referred to herein as defendant "United Church of Christ"

### IV.    VENUE

21.    Venue is proper because at all relevant times defendant Longhouse Council, Inc., Boy Scouts of America was a domestic corporation authorized to transact business in New York with its principal office located in Syracuse, New York.

22.    Venue is proper because at all relevant times defendant Elbridge Church transacted business in New York with its principal office located in Elbridge, New York, which lies in Onondaga County.

23.    Venue is proper because at all relevant times defendant United Church of Christ transacted business in New York with its principal office located in Syracuse, New York.

24.    Venue is proper because Onondaga County is the county in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

25.    The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### V.    STATEMENT OF FACTS

26.    Plaintiff Clarke Peterson repeats and re-alleges the above allegations.

27.    At all relevant times defendant LC, through its agents, servants, and employees, managed, maintained, operated, and controlled Boy Scout Troops, Explorer Posts, Cub Scout Packs, other Scout Troops, and Boy Scout camps in New York, including the Explorer Post that Plaintiff belonged to when he was sexually abused by its Scout leader and volunteer, Ronald Place.

6

NYSCEF DOC. NO. 1

28.    At all relevant times defendant LC, through its agents, servants, and employees, managed, maintained, operated, and controlled the Scout leaders and volunteers of Boy Scout Troops, Cub Scout Troops, other Scout Troops, and Boy Scout camps in New York, including the Scout leaders and volunteers of the Explorer Post that Plaintiff belonged to when he was sexually abused by one of those Scout leaders, Ronald Place.

29.    Elbridge Church and/ or, in the alternative, United Church of Christ, obtained a charter agreement from the Boy Scouts of America and LC that allowed and enabled Elbridge Church and/ or, in the alternative, United Church of Christ, to operate and control Plaintiff's Explorer Post subject to the rules, regulations, and control of LC.

30.    At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Explorer Post that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ronald Place.

31.    At all relevant times the defendants, through their agents, servants, and employees, held out their agents, servants, and employees to the public as those who managed, maintained, operated, and controlled the Explorer Post that Plaintiff belonged to when he was sexually abused by one of their Scout leaders and volunteers, Ronald Place.

32.    At all relevant times the defendants were responsible for the hiring and staffing, and did the hiring and staffing, for the Scout leaders and volunteers of the Explorer Post that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ronald Place.

33.    At all relevant times the defendants were responsible for the recruitment and staffing of the Scout leaders and volunteers for the Explorer Post that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ronald Place.

7

34.   At all relevant times the defendants were responsible for supervising the Scout leaders and volunteers for the Explorer Post that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ronald Place.

35.   At all relevant times the defendants held themselves out to the public as the owners of the Explorer Post that Plaintiff belonged to when he was sexually abused by their Scout leader and volunteer, Ronald Place.

36.   At all relevant times the defendants materially benefited from the operation of the Explorer Post that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ronald Place, including the services of Place and the services of those who managed and supervised Place.

37.   At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Explorer Post that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ronald Place, including its leaders and volunteers.

38.   At all relevant times the defendants, through their agents, servants, and employees, managed, maintained, operated, and controlled the Explorer Post that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ronald Place, including its policies and procedures regarding the sexual abuse of children.

39.   At all relevant times Ronald Place was a Scout leader and volunteer of the defendants who Plaintiff believes held the position of Scoutmaster of the Explorer Post that Plaintiff belonged to when he was sexually abused by Place.

40.   At all relevant times Ronald Place was on the staff of, was an agent of, or served as an employee or volunteer of the defendants.

8

41.    At all relevant times Ronald Place was acting in the course and scope of his position with the defendants.

42.    When Plaintiff was a minor, he registered with the defendants as a member of their Explorer Post and paid them a fee to participate as a member of their Explorer Post, including its meetings, camping trips, merit badge activities, and other outings.

43.    At all relevant times the defendants, through their agents, servants, and employees, held Ronald Place out to the public, to Plaintiff, and to his parents, as their agent.

44.    At all relevant times the defendants, through their agents, servants, and employees, held Ronald Place out to the public, to Plaintiff, and to his parents, as having been vetted, screened, and approved to serve as one of their Scout leaders and volunteers.

45.    At all relevant times Plaintiff and his parents reasonably relied upon the acts and representations of the defendants, through their agents, servants, and employees, and reasonably believed that Ronald Place was one of their agents who was vetted, screened, and approved to serve as one of their Scout leaders and volunteers.

46.    At all relevant times Plaintiff and his parents trusted Ronald Place because the defendants held him out as someone who was safe and could be trusted with the supervision, care, custody, and control of Plaintiff.

47.    At all relevant times Plaintiff and his parents believed that the defendants would exercise such care as would a parent of ordinary prudence in comparable circumstances when those defendants assumed supervision, care, custody, and control of Plaintiff.

48.    Elbridge Church and/ or, in the alternative, United Church of Christ, sponsored the Troop that Plaintiff belonged to when he was sexually abused by the defendants' Scout leader and volunteer, Ronald Place.

9

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/06/2021

49.    Elbridge Church and/ or, in the alternative, United Church of Christ, hosted the meetings of Plaintiff's Explorer Post and organized the Troop's Scouting activities and events, including meetings, camping trips, merit badge activities, and other outings.

50.    The defendants were responsible for selecting and supervising the Scout leaders and volunteers of Plaintiff's Explorer Post, including the Troop's Scout leader and volunteer, Ronald Place, when he used that position with the defendants to sexually abuse Plaintiff.

51.    When Plaintiff was a minor, Ronald Place used his position as the defendants' Scout leader and volunteer to sexually abuse him.

52.    Plaintiff was sexually abused by Ronald Place when Plaintiff was approximately 13 to 16 years old.

53.    Based on the representations of the defendants that Ronald Place was safe and trustworthy, Plaintiff and his parents allowed Plaintiff to be under the supervision of, and in the care, custody, and control of the defendants, including when Plaintiff was sexually abused by Ronald Place.

54.    Neither Plaintiff nor his parents would have allowed him to be under the supervision of, or in the care, custody, or control of the defendants, or Ronald Place, if the defendants had disclosed to Plaintiff or his parents that Place was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Place was likely to sexually abuse Plaintiff.

55.    Neither Plaintiff nor his parents would have paid the defendants to allow him to be a member of their Explorer Post, or to participate in their Scouting activities, if the defendants had disclosed to Plaintiff or his parents that Ronald Place was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Place was likely to sexually abuse Plaintiff.

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM   INDEX NO. 007012/2021

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 08/06/2021

56.     Neither Plaintiff nor his parents would have paid the defendants to allow him to be a member of their Explorer Post, or to participate in their Scouting activities, if the defendants had disclosed to Plaintiff or his parents that they knew for years that sexual predators, like Ronald Place, were using their position as a Scout leader and volunteer to groom and to sexually abuse children.

57.     No parent of ordinary prudence in comparable circumstances would have allowed Plaintiff to be under the supervision of, or in the care, custody, or control of the defendants or Ronald Place if the defendants had disclosed to Plaintiff or his parents that Place was not safe and was not trustworthy, and that he in fact posed a danger to Plaintiff in that Place was likely to sexually abuse him.

58.     From approximately 1963 through 1966, Ronald Place used his position of trust and authority as a Scout leader and volunteer of the defendants to groom Plaintiff and to sexually abuse him, including during Boy Scout camping trips when Plaintiff was under the supervision of, and in the care, custody, or control of, the defendants.

59.     The defendants' Scout leader and volunteer, Ronald Place, sexually abused Plaintiff over 100 times.

60.     The sexual abuse by the defendants' Scout leader and volunteer, Ronald Place, included, but was not limited to, Place requiring that Plaintiff submit to mutual masturbation.

61.     The sexual abuse by the defendants' Scout leader and volunteer, Ronald Place, occurred using property that was owned, operated, and/or controlled by the defendants, including Place's church parsonage and office, during which time Plaintiff was in the care, custody, or control of the defendants.

11

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021
NYSCEF DOC. NO. 1                                                     RECEIVED NYSCEF: 08/06/2021

62.    Upon information and belief, at all relevant times the defendants, through their agents, servants, and employees, knew or should have known that Ronald Place was a sexual abuser of children who would use his position with them to sexually abuse Plaintiff and other children.

63.    Upon information and belief, at all relevant times the defendants knew or should have known that Ronald Place was likely to sexually abuse children, including Plaintiff.

64.    Upon information and belief, at all relevant times the defendants, through their agents, servants, and employees, knew or should have known that the sexual abuse by Ronald Place of Plaintiff was ongoing.

65.    Upon information and belief, at all relevant times it was reasonably foreseeable to the defendants, through their agents, servants, and employees, that Ronald Place's sexual abuse of children would likely result in injury to others, including the sexual abuse of Plaintiff and other children by Place.

66.    Upon information and belief, before and during the time he sexually abused Plaintiff, the defendants, through their agents, servants, and employees, knew or should have known that Ronald Place was sexually abusing Plaintiff and other children.

67.    The defendants, through their agents, servants, and employees, knew or should have known before and during Ronald Place's sexual abuse of Plaintiff that Scout leaders, volunteers, and other persons who worked with youth, including other Scout leaders and volunteers, had used their positions to groom and to sexually abuse children.

68.    The defendants, through their agents, servants, and employees, knew or should have known before and during Ronald Place's sexual abuse of Plaintiff that such Scout leaders,

12

**FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM** INDEX NO. 007012/2021

NYSCEF DOC. NO. 1                                                                          RECEIVED NYSCEF: 08/06/2021

volunteers, and other persons who worked with youth could not be "cured" through treatment or counseling.

69.     Upon information and belief, the defendants, through their agents, servants, and employees, concealed the sexual abuse of children by Ronald Place in order to conceal their own bad acts in failing to protect children from him, to protect their reputation, and to prevent victims of such sexual abuse by him and other Scout leaders and volunteers from coming forward during the extremely limited statute of limitations prior to the enactment of the current law, despite knowing that Place and other abusers in their ranks would continue to molest children.

70.     Upon information and belief, the defendants, through their agents, servants, and employees, consciously and recklessly disregarded their knowledge that Ronald Place would use his position with the defendants to sexually abuse children, including Plaintiff.

71.     Upon information and belief, the defendants, through their agents, servants, and employees, disregarded their knowledge that Ronald Place would use his position with them to sexually abuse children, including Plaintiff.

72.     Upon information and belief, the defendants, through their agents, servants, and employees, acted in concert with each other and/or with Ronald Place to conceal the danger that Place posed to children, including Plaintiff, so that Place could continue serving them despite their knowledge of that danger.

73.     Upon information and belief, the defendants, through their agents, servants, and employees, knew that their negligent, reckless, and outrageous conduct would inflict severe emotional and psychological distress, as well as personal physical injury, on others, including Plaintiff, and he did in fact suffer severe emotional and psychological distress and personal physical injury as a result of their wrongful conduct.

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 08/06/2021

74.    By reason of the wrongful acts of the defendants as detailed herein, Plaintiff sustained physical and psychological injuries, including but not limited to, severe emotional and psychological distress, humiliation, fright, dissociation, anger, depression, anxiety, acute and persistent feelings of guilt, family turmoil and loss of faith, a severe shock to his nervous system, physical pain and mental anguish, and emotional and psychological damage.  These injuries include physical health issues, isolation, and attempted suicide. Upon information and belief, some or all of these injuries are of a permanent and lasting nature, and Plaintiff has and/or will become obligated to expend sums of money for treatment.

## VI.    CAUSES OF ACTION
### A.    FIRST CAUSE OF ACTION – NEGLIGENCE

75.    Plaintiff Clarke Peterson repeats and re-alleges all of his allegations above and below.

76.    The defendants had a duty to take reasonable steps to protect Plaintiff from foreseeable harm when he was in their care, custody, and control, including when he was a paying member of their Explorer Post and when he was participarting in their Scouting activities.

77.    The defendants also had a duty to take reasonable steps to prevent Ronald Place from using the tasks, premises, and instrumentalities of his position as their Scout leader and volunteer to target, groom, and sexually abuse children, including Plaintiff.

78.    The defendants had a duty to warn, train, or educate their Scout leaders, volunteers, and youth members, including Plaintiff, about the danger of sexual abuse by Scout leaders and volunteers who were involved in their Scouting program and how to avoid or minimize such danger.

79.    The defendants breached each of the foregoing duties by failing to exercise reasonable care to prevent their Scout leader and volunteer, Ronald Place, from using his position

14

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM    INDEX NO. 007012/2021

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 08/06/2021

with the defendants to sexually abuse Plaintiff when Plaintiff was in the care, custody, or control of the defendants.

80.    In breaching their duties, including hiring, retaining, and failing to supervise Ronald Place; giving him access to children; entrusting their tasks, premises, and instrumentalities to him; failing to train their personnel in the signs of sexual predation and to protect children from sexual abuse and other harm; failing to warn Plaintiff, his parents, and other parents of the danger of sexual abuse; and failing to create a safe and secure environment for Plaintiff and other children who were under their supervision and in their care, custody, and control, the defendants created a foreseeable risk that Plaintiff would be sexually abused by Place.

81.    As a direct and proximate result of the acts and omissions of the defendants, their Scout leader and volunteer, Ronald Place, groomed and sexually abused Plaintiff, which has caused Plaintiff to suffer general and special damages as more fully described herein.

## VII.    CPLR 1603 – NO APPORTIONMENT OF LIABILITY

82.    Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding defendants from limiting their liability by apportioning some portion of liability to any joint tortfeasor.

## VIII.    PRAYER FOR RELIEF

83.    Plaintiff demands judgment against the defendants named in his causes of action, together with compensatory and punitive damages to be determined at trial, and the interest, costs, and disbursements pursuant to his causes of action, and such other and further relief as the Court deems just and proper.

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM

INDEX NO. 007012/2021

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/06/2021

84.    Plaintiff specifically reserves the right to pursue additional causes of action, other than those outlined above, that are supported by the facts pleaded or that may be supported by other facts learned in discovery.

85.    The amount of damages sought exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

Dated:  August 6, 2021

CREW JANCI LLP

By /s/ Stephen F. Crew
   Stephen F. Crew
   Peter B. Janci
   steve@crewjanci.com
   Crew Janci LLP
   515 Madison Avenue, 8th Floor
   PMB #8059
   New York City, NY 10022
   Phone: 888-407-0224


Attorneys for Plaintiff

16

FILED: ONONDAGA COUNTY CLERK 08/06/2021 01:45 PM   INDEX NO. 007012/2021

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/06/2021

## VERIFICATION BY ATTORNEY

STEPHEN F. CREW, an attorney being duly admitted before the courts of the State of New York, hereby affirms the following under penalties of perjury:

That he is an attorney for the Plaintiff in the above-entitled action; his business address is Crew Janci LLP 515 Madison Avenue, 8th Floor PMB #8059, New York City, NY 10022; that he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of Plaintiff is because Plaintiff is not within the County of New York where deponent has his office. Deponent further says that the grounds of his belief as to all matters in the VERIFIED COMPLAINT not stated to be upon his knowledge are based upon conversations with the Plaintiff and other writings relevant to this action.

Dated: August 6, 2021

By /s/ Stephen F. Crew
Stephen F. Crew
CREW JANCI LLP
515 Madison Avenue, 8th Floor
PMB #8059
New York City, NY 10022
Telephone: 888-407-0224

Attorneys for Plaintiff

17

FILED: ONONDAGA COUNTY CLERK 11/05/2021 04:48 PM    INDEX NO. 007012/2021
NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 11/05/2021

# AFFIDAVIT OF SERVICE

| | |
|---|---|
| | Index #: __007012/2021__ |
| **SUPREME COURT OF THE STATE OF NEW YORK** | Date Filed: __August 5, 2021__ |
| **COUNTY OF ONONDAGA** | Court Date: _____ |
| | Assigned Justice: _____ |

ATTORNEY(S): Crew Janci LLP    PH: (888) 407-0224
ADDRESS: 515 Madison Ave., 8th Flr, PMB#8059 New York, NY 10022 File No.: 007012/2021

**CLARKE PETERSON**

Plaintiff

VS.

**LONGHOUSE COUNCIL, INC., BOY SCOUTS OF AMERICA, ELBRIDGE COMMUNITY CHURCH AND NEW YORK CONFERENCE OF THE UNITED CHURCH OF CHRIST, INC.,**

Defendant

STATE OF New York    , COUNTY OF ONONDAGA    SS.:

__MICHAEL BRICKMAN__, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York. On **Saturday, October 30, 2021** at **9:40 AM**.

at __109 E. MAIN STREET, ELBRIDGE, NY 13060__ deponent served the within

__NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE) (UNIFORM RULE 202.5-b), SUMMONS AND VERIFIED COMPLAINT__

on: __ELBRIDGE COMMUNITY CHURCH__

__Defendant__ therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

**#1 CORPORATION** ☒ By delivering to and leaving with __ALLEN WEBSTER , TEMPORARY TREASURER__ and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

**#2 DESCRIPTION**
(use with #1, 2 or 3)
A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex **Male**    Color of skin: **White**    Color of hair: B/ac/Gray    Age: **71**    Height: **5FT 6IN**
Weight: **185 LBS**    Other Features: **Eyeglasses**

**#3 WIT. FEES** ☐ $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#4 OTHER** ☐

EXHIBIT **B**
Blumberg No. 5191

Sworn to before me on November 1, 2021

DARLA BRICKMAN
Notary Public, State of New York
Reg. # 01BR6223092
Qualified in Onondaga County
Commission Expires June 1, 2022

MICHAEL BRICKMAN
Server's Lic #

InvoiceWorkOrder 2260568

**One World Judicial Services, Inc. - PO Box 776-Deer Park NY 11729    Lic # 1310235**

FILED: ONONDAGA COUNTY CLERK 11/05/2021 04:48 PM

INDEX NO. 007012/2021

NYSCEF DOC. NO. 2

**AFFIDAVIT OF SERVICE**

RECEIVED NYSCEF: 11/05/2021

STATE OF NEW YORK
COUNTY OF ONONDAGA          SUPREME COURT    FILED ON: 08/06/2021   INDEX NO.: 007012/2021

CLARKE PETERSON                                                    Plaintiff(s)-Petitioner(s)

-vs-
LONGHOUSE COUNCIL, INC., BOY SCOUTS OF AMERICA; ET AL.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY                being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On SEPTEMBER 21, 2021        at 2:00 PM
Deponent served two true copies of  **NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE) (UNIFORM RULE § 202.5-b), SUMMONS, VERIFIED COMPLAINT**

bearing index number: 007012/2021        and date of filing: 08/06/2021
upon  **LONGHOUSE COUNCIL, INC., BOY SCOUTS OF AMERICA**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

<u>MANNER OF SERVICE}</u>

*Personal*

☐  By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*

☐  By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*

☒  By delivering and leaving 2 copies with}  **AMY LESCH, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 306 NFP and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*

☐  By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*

☐  Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on                . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __ first class mail __ certified mail __ registered mail __ return receipt requested.

<u>DESCRIPTION}</u> deponent describes the person actually served as:
Sex: FEMALE              Race/Skin Color: WHITE              Hair Color: BLONDE
Approximate Age: 45  years    Approximate Height:  5'8"      Approximate Weight: 160   pounds
Other:

Subscribed and sworn before me on} SEPTEMBER 21, 2021

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

Attorney:
Crew Janci LLP
515 Madison Avenue 8th Floor
PMB #8059
New York City, NY  10022
888-407-0224

_____
MARK E. MCCLOSKY
Deponent

affidavit #: 241306
NLS#: 21-9188

FIRM FILE # 226072

FILED: ONONDAGA COUNTY CLERK 11/05/2021 04:48 PM
NYSCEF DOC. NO. 3

INDEX NO. 007012/2021
RECEIVED NYSCEF: 11/05/2021

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF ONONDAGA          SUPREME COURT    FILED ON: 08/06/2021    INDEX NO.: 007012/2021

---

CLARKE PETERSON                                                                    Plaintiff(s)-Petitioner(s)

-vs-

LONGHOUSE COUNCIL, INC., ET AL.
                                                                                  Defendant(s)-Respondent(s)

---

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY                    being duly sworn, deposes and says that deponent is over the age of eighteen years,
is not a party in this proceeding and resides in New York State.

On SEPTEMBER 28, 2021        at 2:00 PM
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE) (UNIFORM RULE § 202.5-b), SUMMONS AND VERIFIED COMPLAINT**

bearing index number: 007012/2021        and date of filing: 08/06/2021
upon **THE NEW YORK CONFERENCE OF THE UNITED CHURCH OF CHRIST, INC.**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with} **AMY LESCH, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 306 NPC and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on        . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by___first class mail___certified mail___registered mail___return receipt requested.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE        Race/Skin Color: WHITE                    Hair Color: BLONDE
Approximate Age: 45 years    Approximate Height: 5'8"        Approximate Weight: 160 pounds
Other:

Subscribed and sworn before me on} SEPTEMBER 28, 2021

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

Attorney:
Crew Janci LLP
515 Madison Avenue 8th Floor
PMB #8059
New York City, NY 10022
888-407-0224

_____
MARK E. MCCLOSKY
Deponent

affidavit #: 241596
NLS#: 21-9423

FIRM FILE # 2260569

STATE OF NEW YORK
SUPREME COURT                          COUNTY OF ONONDAGA

---

**CLARKE PETERSON,**

                    Plaintiff,                    **VERIFIED ANSWER**
                                                   **WITH CROSS-CLAIMS**

        -against-                                  Index No.: 007012/2021


**LONGHOUSE COUNCIL, INC., BOY SCOUTS**
**OF AMERICA; ELBRIDGE COMMUNITY CHURCH;**
**and NEW YORK CONFERENCE OF THE UNITED**
**CHURCH OF CHRIST, INC.,**

                    Defendants.

---

Defendant, **ELBRIDGE COMMUNITY CHURCH**, by and through its attorneys

**PARRY & SMITH, L.L.C.** does hereby answer the Plaintiff's Amended Complaint as follows:

1.      **DEFENDANT ADMITS** to paragraph 13.

2.      **DEFENDANT DENIES** in its entirety paragraphs 1, 4, 5, 7, 14, 15, 29, 30, 31, 32,

33, 34, 35, 36, 37, 38, 39, 41, 43, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63,

64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 77, 78, 79, 80, 81 and 84.

3.      **DEFENDANT CANNOT DENY OR ADMIT** to paragraphs 2, 3, 6, 8, 9, 10, 11,

12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 40, 42, 44, 45, 52, 74, 82, and 85 do the lack of

sufficient knowledge to deny or admit such allegations.

4.      **DEFENDANT DENIES** each and every other allegation of **PLAINTIFF'S**

complaint not admitted or denied specifically above.

1



## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.      The complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.      Upon information and belief, Defendant was not present; did not sponsor and/or promote the Defendant Longhouse Council, Inc., Boy Scouts of America during the allegations of sexual abuse that the Plaintiff complains.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      The occurrence alleged in Plaintiff's complaint was caused, contributed to and brought about, in whole or in part, by the culpable conduct, acts or omissions of Plaintiff and/or others over whom this answering Defendant exercised no supervision or control, including contributory negligence, recklessness and/or assumption of risk, and the injuries and damages otherwise recoverable by Plaintiff, if any, should be diminished in proportion to which their culpable conduct bears to the culpable conduct which caused the injuries and damages, if any, pursuant to the decisional and statutory law of the State of New York, in such cases made and provided.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.      If Defendant is held liable for any of the Plaintiff's injuries, Defendant is liable only for his equitable share of the Plaintiff's non-economic losses since upon information and belief, Defendant is fifty percent (50%) or less at fault in accordance with Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.      Upon information and belief, some or all of the damages alleged in Plaintiff's complaint are barred and/or subject to the qualifications and limitations of the provisions of

2

Section 4545 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.     To the extent that the damages of Plaintiff, if any, were caused or contributed to, in whole or in part, by intervening or superseding causative factors, the claims of Plaintiff against Defendant should be barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff failed to mitigate their damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     If Defendant is held liable for any of the Plaintiff's injuries, Defendant is entitled to contribution and/or indemnification under Article 14 of the CPLR from the co-defendants herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.     Upon information and belief, the Court lacks personal jurisdiction over the Defendant.

## AS FOR A TENTH AFFIRMATIVE DEFENSE

14.     Upon information and belief, the Court lacks subject matter jurisdiction over the Defendant.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.     Upon information and belief, the instant action is barred by the applicable statutes of limitations and/or laches.

3

## AS FOR A TWELVETH AFFIRMATION DEFENSE

16.    Defendant Elbridge Community Church did not willfully or otherwise commit, allow, promote, supervise and/or control any acts of sexual abuse or abuse against the Plaintiff and Plaintiff is not entitled to punitive damages.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17.    Upon information and belief, Defendant at all times acted in lawful exercise in the discharge of its duties and committed no violation of law, rule, or regulation.

## AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

18.    Any acts committed by the Defendant were acts with the scope of its legal duties and obligations as a community church and none taken were the proximate cause of any injury suffered by Plaintiff.

## AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

19.    Should Plaintiff have reached, or in the future reach, agreements and/or settlement with any nonparty tortfeasors and, in the event of such circumstances, will be obliged to immediately disclose the same to Defendant and Defendant will then have the right to setoff and all other relief available under General Obligations Law §15-108 and cases decided thereunder.

## AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

20.    Any Claim by Plaintiff is barred to the extent the Child Victims Act (New York Laws 2019, Ch. 11 Sec. 2, effective February 14, 2019, CPLR §208 and §214-g) is found to violate the United States Constitution and/or New York State Constitution.

## AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

21.    Upon information and belief, Defendant David Adams is not subject to punitive damages.

## AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

22.    Defendant reserves the right to raise additional affirmative defenses should they become apparent during the discovery process.

## AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

23.    In the event a court determines that the enactment of the New York State Child Victims Act CPLR §214-g violates due process rights pursuant to the Fourteenth Amendment of the United States Constitution and Article 1, §6 of the New York State Constitution or is otherwise unconstitutional, Defendant will seek immediate dismissal of this action against it.

## AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

24.    Defendant did not commit or contribute to the offenses alleged in Plaintiff's complaint which is why Defendant had no actual or constructive notice of the alleged assault(s) and alleged sexual abuse in the Complaint or the alleged propensity of Ronald Place to engage in such conduct.

## AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

25.    If Plaintiff has reached or reaches a settlement, or achieves an award or recovery, with or against any other person who may be liable for damages and/or personal injuries alleged in the Complaint, or if Plaintiff enters into a covenant not to sue such person, Defendant is entitled to the reduction, set off, and other protections provided by General Obligations Law Section 15-108 and applicable case law including, but not limited to, apportionment of responsibility or

5

liability to the settling defendant or person.

### FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS LONGHOUSE COUNSEL, INC., BOY SCOUTS OF AMERICA and NEW YORK CONFERENCE OF THE UNITED CHURCH OF CHRIST, INC.

26.     Defendant repeats and realleges paragraphs 1 through 25 of this Answer.

27.     If Plaintiff sustained any damages as alleged in the Complaint, such damages were caused by the culpable conduct of the Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc., and if any judgment is obtained against Defendant, then Defendant demands judgment over and against Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc.,  for contribution pursuant to CPLR Article 14 and for any part or all of the judgment awarded or for indemnity for any part of all of the judgment awarded.

### SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS LONGHOUSE COUNSEL, INC., BOY SCOUTS OF AMERICA and NEW YORK CONFERENCE OF THE UNITED CHURCH OF CHRIST, INC.

28.     Defendant repeats and realleges paragraphs 1 through 27 of this Answer.

29.     If Plaintiff recovers judgment and/or verdict from Defendant, Defendant will be entitled to contribution from the Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc., for all or part of the damages the Plaintiff may recover against Defendant.

## THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS LONGHOUSE COUNSEL, INC., BOY SCOUTS OF AMERICA and NEW YORK CONFERENCE OF THE UNITED CHURCH OF CHRIST, INC.

30.    Defendant repeats and realleges paragraphs 1 through 29 of this Answer.

31.    If Plaintiff is able to prove the existence and cause of any injuries as alleged in the Complaint, such injuries were caused solely as a result of the acts and omissions of the Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc.,

32.    If Plaintiff recovers judgment and/or verdict against Defendant, such recovery will have come about solely due to the acts or omissions of the Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc.,, and not due to any culpable conduct on the part of the Defendant.

33.    Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc., are liable to Defendant for indemnification under common law and/or contract and other agreements for any and all of the judgment and/or verdict that the Plaintiff may recover from Defendant.

**WHEREFORE,** Defendant, Elbridge Community Church, demands judgment dismissing Plaintiff's complaint as to itself with prejudice, together with the costs and disbursements of this action and further demands judgment pursuant to CPLR 3019(b), Article 16 and/or Article 14 that the ultimate rights of the Defendant and the co-Defendants be determined as between themselves, and the Defendant have judgment over and against the co-Defendants Longhouse Counsel, Inc., Boy Scouts of America and the New York Conference of the United Church of Christ, Inc. for indemnification and/or contribution, in whole or in part, for the amount of any sum that may be

7

recovered in this action against the Defendant, together with attorneys' fees and the cost and disbursements of this action and for such other and further relief this Court deems just and proper.

Dated: January 22, 2022

**PARRY & SMITH, L.L.C.**

_____
Jarrod W. Smith, Esq.
Attorneys for Defendant
Elbridge Community Church
11 South Main Street
P.O. Box 173
Jordan, New York 13080
Tel. No.: (315) 277-5370
Fax No.: (315) 277-5395
jarrodsmithlaw@gmail.com

**VERIFICATION**

**STATE OF NEW YORK)**
**COUNTY OF ONONDAGA)  ss:**

     **PATTI COOPER**, being duly sworn, deposes and says that Deponent is the Chair of the Board of Directors of the Elbridge Community Church, a not-for-profit corporation Defendant in the above-captioned action; that Deponent has read the foregoing Answer with Affirmative Defenses and Cross-Claims against the Co-Defendants, and knows the contents thereof, and has been authorized, by resolution to execute the same on behalf of the Elbridge Community Church and the Board of Directors of the Elbridge Community Church. The contents are true to Deponent's own knowledge, except as to any matters therein stated to be alleged upon information and belief, and as to those matters, Deponent believes them to be true.

     This verification is made by Deponent, on behalf of the Defendant Elbridge Community Church, authorizing the Chair of the Board of Directors of the Elbridge Community Church to execute the Answer with Affirmative Defenses and Cross-Claims against the Co-Defendants, on behalf of the Elbridge Community Church and the Board of the Directors of the Elbridge Community Church, because said Defendant is a not-for-profit Corporation, and Deponent an officer thereof, to wit, its Chair of the Board of Directors.

 

                        _____

                        **Elbridge Community Church, and Board**
                        **of Directors of the Elbridge Community Church**
                        **By: Patti Cooper, Chair of the Board of Directors**

 

Sworn to before me this _____ day
of January, 2022.

 

_____
Notary Public

9

## CERTIFICATE OF SERVICE

STATE OF NEW YORK )
COUNTY OF ONONDAGA ) ss:

Jarrod W. Smith, Esq., being duly sworn, states as follows:

I am not a party to the action, am over eighteen years of age and reside in Elbridge, New York. On the 24th day of January, 2022, I served the attached Notice of Motion and Motion to the lift the automatic stay in the case of the Boy Scouts of America and Delaware BAS, LLC; Case No.: 20-10343 by ECF upon:

TO:    Debtor BSA via ECF

All Creditors via ECF

All Plaintiffs' Counsel for Victims via ECF

D. Adam Anderson, Esq.
Crew Janci LLP
Attorneys for Plaintiff Clarke Peterson
1200 NW Naito Parkway – Ste. 500
Portland, OR 97209
VIA Email: adam@crewjanci.com

Grey Holland, Scout Executive, CEO
Longhouse Council BSA
2803 Brewteron Road
Syracuse, New York 13211
VIA Email: Grey.Holland@scouting.org

Attn: CEO and/or Executive Director
New York Conference
United Church of Christ
P.O. Box 487
Syracuse, New York 13209
VIA USPO First Class Mail

Dated: January 24, 2022

PARRY & SMITH, L.L.C.

*JW Smith*

_____

Jarrod W. Smith, Esq.
NDNY Bar Roll No.: 512289
Attorney for Elbridge Community Church
11 South Main Street
P.O. Box 173
Jordan, New York 13080
Tel. No.: (315) 277-5370
Fax No.: (315) 277-5395
jarrodsmithlaw@gmail.com

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In Re:

Chapter 11

Case No. 20 - 10343  (LSS )

Debtor: BOY SCOUTS OF AMERICA AND DELWARE BSA, LLC,

**MOTION AND ORDER FOR ADMISSION PRO HAC VICE**

Pursuant to Local Rule 9010-1 and the attached certification, counsel moves the admission pro hac vice

of Parry & Smith, L.L.C., Jarrod W. Smith, Esq., Of Counsel

to represent Elbridge Community Church

in this action.

1/24/2022

Firm Name: Parry & Smith, L.L.C.
Address: 11 S Main St, POB 173
Jordan, New York 13080
Phone: (315) 277-5370
Email: jarrodsmithlaw@gmail.com

**CERTIFICATION BY COUNSEL TO BE ADMITTED PRO HAC VICE**

Pursuant to Local Rule 9010-1, I certify that I am eligible for admission to this Court, am admitted, practicing and in good standing as a member of the Bar of NDNY            and submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action.  I also certify that I am generally familiar with this Court's Local Rules and with Standing Order for District Court Fund revised 8/31/16. I further certify that the annual fee of $25.00 has been paid to the Clerk of Court for District Court.

1/24/2022

Firm Name: Parry & Smith, L.L.C.
Address: 11 S Main St, POB 173
Jordan, New York 13080
Phone: (315) 277-5370
Email: jarrodsmithlaw@gmail.com

**ORDER GRANTING MOTION**

IT IS HEREBY ORDERED counsel's motion for admission pro hac vice is granted.

Local Form 105