**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: February 10, 2022 @ 4:00 p.m.**<br>**Hearing Date: February 24, 2022 @ 10:00 a.m.** |

## MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

Michael Spengler, by and through his undersigned counsel, hereby moves this Court for an Order granting him leave to file a proof of claim after the Bar Date. The grounds for this Motion are as follows:

## JURISDICTION, VENUE AND CONSENT TO FINAL JUDGMENT

1. This Court has jurisdiction over these bankruptcy proceedings and this particular Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)92).

2. The Movant seeks relief under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1). Movant hereby consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

3.      The Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code on February 18, 2020 (the "Petition Date").  Thereafter, on May 26, 2020, this Court established November 16, 2020 (the "Bar Date") as the bar date for filing proofs of claim.  (Docket No. 695.)

4.      The Movant, Mr. Spengler, is a "Sexual Abuse Survivor" as that term is defined in the Sexual Abuse Survivor Proof of Claim form developed in connection with these proceedings. He suffered abuse from 1997 to 1999 in Covina, California.  At all times pertinent to this Motion, the Movant has been incarcerated.  Movant, acting *pro se*, attempted to complete a proof of claim form and mail it to the Debtors' claims agent on or before November 16, 2020.[2]  However, his mailing was mishandled by prison officials.  Despite his incarceration, Mr. Spengler retained AVA Law Group, Inc. as his counsel in June 2021.

5.      On information and belief, the Debtors have been aware of the Movant's claim for some time, based on correspondence that the Movant has sent to this Court and claims Movant has raised elsewhere.  The Debtors have consented to the relief set forth in the attached Proposed Order.

## ARGUMENT

6.      Under Bankruptcy Rule 9006(b)(1) when a period for taking action is established by order, notice or a rule of this Court, that period may be enlarged even after it has expired for good cause, on motion, when the failure to act was the result of excusable neglect.  The standard for excusable neglect was articulated in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).  There, the Supreme Court ruled that the determination is fundamentally equitable in nature and identified

---

[2] The Movant has agreed that those claims may be deemed withdrawn if this Motion is approved and this agreement is reflected on the attached Form of Order.

four non-exclusive factors to guide the discretion of lower courts:  (a) the danger of prejudice to the debtor; (b) the length of the delay and its impact on the proceedings; (c) the reason for the delay and whether it was caused outside the movant's reasonable control; and (d) whether the movant acted in good faith.

7.      These four factors all weigh in favor of the relief requested by the Movant.  There is no danger of prejudice to the Debtors.[3] Mr. Spengler's claim is just one of tens of thousands of similar claims brought in these cases.  A finding of excusable neglect will relate only to the timeliness of this claim – the Debtors' rights to object on the merits of the claim will be preserved. The delay is likewise not significant in these cases.  The reason for the delay here provides the most compelling justification for enlarging the Bar Date for Movant.  Given the fact of Mr. Spengler's incarceration, his attempt to file his claim by the Bar Date was remarkable.  His attempt was thwarted not by anything he did, but by the failure of prison officials to timely mail his claim. Finally, correspondence and his diligence prove that he has acted in good faith in extremely difficult and complicated circumstances.  In short, all the *Pioneer* factors weigh in favor of granting this Motion.

---

[3] In fact, counsel for the Debtors have indicated that they have no objection to the relief set forth in the attached Proposed Order.

8.    Accordingly, the Movant respectfully requests that the Court enter the Proposed Order attached to this Motion.

Dated:  January 27, 2022

**CROSS & SIMON, LLC**

*/s/ Joseph Grey*
Joseph Grey (No. 2358)
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone:  (302) 777-4200
Facsimile:  (302) 777-4224
jgrey@crosslaw.com
csimon@crosslaw.com
kmann@crosslaw.com

- and -

Andrew Van Arsdale, Esquire
AVA Law Group, Inc.
3667 Voltaire Street
San Diego, CA 92106
Telephone:  (866) 428-2529
andrew@avalaw.com

*Counsel for Michael Spengler*