THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline:  February 11, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**SUMMARY COVER SHEET TO COMBINED FIRST, SECOND & THIRD MONTHLY APPLICATION OF THE CLARO GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS EXPERT CONSULTANTS TO THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM SEPTEMBER 1, 2021 THROUGH NOVEMBER 30, 2021**

| | |
|---|---|
| Name of Applicant: | The Claro Group, LLC |
| Authorized to Provide Professional Services to: | Official Tort Claimants' Committee |
| Date of Retention: | September 1, 2021 by order entered on or about October 8, 2021 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2021 through November 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,019,775.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a(n):  _X_ monthly          _ interim          ___ final application.

The total time expended for fee application preparation is approximately 9.4 hours and the corresponding compensation requested is approximately $2,975.00.

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## THE CLARO GROUP, LLC PROFESSIONALS

| Name of Professional | Position | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| McNally, Katheryn | Managing Director | $ 625.00 | 267.00 | $ 166,875.00 |
| Cadarette Jr., John | Managing Director | 675.00 | 30.90 | 20,857.50 |
| Kumpinsky, Ariel | Director | 495.00 | 22.90 | 11,335.50 |
| Nicholson, Brent | Director | 495.00 | 133.20 | 65,934.00 |
| Brady, Michael | Senior Manager | 395.00 | 29.30 | 11,573.50 |
| Harriman, Allison | Senior Manager | 395.00 | 261.20 | 103,174.00 |
| McHenry, Gina | Senior Manager | 395.00 | 319.00 | 126,005.00 |
| Trilla, Barry | Senior Manager | 395.00 | 103.30 | 40,803.50 |
| Nguyen, Hung | Manager | 350.00 | 67.40 | 23,590.00 |
| Boswell, Anne Margaret | Senior Consultant | 305.00 | 56.70 | 17,293.50 |
| Schoenfeld, Erika | Senior Consultant | 305.00 | 167.30 | 51,026.50 |
| Tecce, Brendan | Senior Consultant | 305.00 | 77.30 | 23,576.50 |
| Young, Andrew | Senior Consultant | 305.00 | 421.90 | 128,679.50 |
| Burke, Evan | Consultant | 290.00 | 126.90 | 36,801.00 |
| DeLarm, Carolyn | Consultant | 290.00 | 161.90 | 46,951.00 |
| Martisauski, Brad | Analyst | 265.00 | 109.80 | 29,097.00 |
| Smith, Hannah | Analyst | 265.00 | 262.50 | 69,562.50 |
| Woloszyk, Evan | Analyst | 265.00 | 176.00 | 46,640.00 |
| | Blended Rate | $ 364.92 | 2,794.50 | $ 1,019,775.50 |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Claim Valuation | 580.7 | $ 219,708.50 |
| Comparable Matters Research/Analysis | 348.3 | 126,304.50 |
| Database Validation | 544.2 | 186,786.00 |
| Fee Application Preparation | 9.4 | 2,975.00 |
| Insurance Coverage Analysis | 822.5 | 297,366.00 |
| Survivor Projection | 84.3 | 30,292.50 |
| Report Preparation | 405.1 | 156,343.00 |
| **Total** | **2,794.5** | **$ 1,019,775.50** |

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[2] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline:  February 11, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**COMBINED FIRST, SECOND & THIRD MONTHLY APPLICATION OF THE CLARO GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS EXPERT CONSULTANTS TO THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM SEPTEMBER 1, 2021 THROUGH NOVEMBER 30, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "*Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief*" (the "Interim Compensation Order") [Docket No. 341] and the "Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the "Amended Administrative Order"), The Claro Group, LLC ("Claro" or "Applicant"), expert consultants and expert witness to the Official Tort Claimants' Committee ("Tort Claimants' Committee" or "TCC") in the chapter 11 bankruptcy cases of Boy Scouts of America and

---

[2] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Delaware BSA, LLC (the "Debtors"), hereby submits its Combined First, Second and Third Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period from September 1, 2021 through November 30, 2021 (the "Application").

By this Application, Claro seeks an allowance of compensation in the amount of $1,019,775.50 and payment of $815,820.40 (80% of the allowed fees) for a total payment of $815,820.40 for the period September 1, 2021 through November 30, 2021 (the "Combined Monthly Period").[3]  In support of this Application, Claro respectfully represents as follows:

**Background**

1.      On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, the Debtors also filed certain motions and applications seeking certain "first day" orders.  The factual background relating to the Debtors' commencement of these cases is set forth in the "*Declaration of Brian Whittman In Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*" [Docket No. 16].

2.      The Debtors have continued in possession of their property and have continued to operate and manage their businesses as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      On or around March 4, 2020 (the "Committee Formation Date"), the Office of the United States Trustee (the "US Trustee") formed the Tort Claimants' Committee to represent all tort claimants of the Debtors pursuant to section 1102 of the Bankruptcy Code. *See* Docket No. 142.  On the Committee Formation Date, the Tort Claimants' Committee

---

[3] Claro is not seeking reimbursement of expenses for the Combined Monthly Period.

determined to retain, subject to Court approval, Pachulski Stang Ziehl & Jones LLP ("PSZJ" or "Counsel") as counsel to represent the Tort Claimants' Committee in all matters during the pendency of these chapter 11 cases.  The Court approved the appointment of PSZJ.  *See* Docket No. 398.

4.      After the Committee Formation Date, the Tort Claimants' Committee determined to retain, subject to Court approval, Claro as its expert consultants and expert witness in the Debtors' cases.  On October 8, 2021, the Court entered its "*Order Authorizing and Approving the Tort Claimants' Committee's Application for Entry of an Order Under 11 U.S.C. §§ 1103(a) and 328(a) and Fed. R. Bankr. P. 2014(a) Authorizing Retention of The Claro Group LLC as Expert Consultant on Sexual Abuse and Expert Witness Effective as of September 1, 2021*" (the "Retention Order") [Docket No. 6527].  The Retention Order authorized Claro to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.  A copy of the Retention Order is attached hereto as **Exhibit A**.

5.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. On or about August 6, 2021, the Court signed the Amended Administrative Order.  The Administrative Order, as amended by the Amended Administrative Order, provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending April 30, 2020

and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

6.      Claro has not previously filed an application for fees and/or expenses.

## Compensation Paid and Its Source

7.      All services for which Claro requests compensation were performed for or on behalf of the Tort Claimants' Committee.

8.      Claro has received no payment and no promises for payment from any source other than the Debtors' estates for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Claro and any other person other than the partners/directors of Claro for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

9.      The fee statement for the First, Second & Third Combined Monthly Interim Period is attached hereto as **Exhibit B**. **Exhibit B** provides the detailed time entries for the services provided by category by Claro as expert consultants to the Tort Claimants' Committee, as well as the detail of any expenses incurred. To the best of Claro's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Interim Compensation Order. Claro's time reports are recorded contemporaneously at the time the work is performed.

10.     Unless time was spent in one-time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  Claro's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses

11.     Claro is not seeking reimbursement for any expenses during the Combined Monthly Period.

12.     Generally, Claro does not charge for photocopying, printing, or outgoing domestic facsimiles or incoming facsimiles.

13.     With respect to providers of on-line research services (*e.g.,* LEXIS and PACER), Claro charges the standard usage rates these providers charge for computerized legal research.  Claro bills its clients the actual amounts charged by such services, with no premium.  Claro believes the foregoing rates are the market rates that the majority of similar firms/providers charge clients for such services.

### Summary of Services Rendered

14.     The names of the directors and associates of Claro who have rendered professional services in these cases during the Combined Monthly Period are set forth in **Exhibit B**.  The hourly rates shown therein are equal to Applicant's normal hourly billing rates charged by Applicant's personnel to solvent clients where Applicant ordinarily receives payment in full within less than 90 days.

15.     Applicant carefully reviewed all time charges to ensure they were reasonable and non-duplicative.  All services included in this Application were billed at the applicable

hourly rates.  Costs and disbursements were also reviewed.  Time was billed in tenths of an hour.

16.    Claro, by and through its personnel, has prepared and/or assisted in the preparation of various expert reports in connection with the Debtors' bankruptcy cases, and has performed all necessary professional services which are described and narrated in detail below.  Claro's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

<strong><u>Summary of Services by Project</u></strong>

17.    The services rendered by Claro during the Combined Monthly Period can be grouped into the categories set forth below.  Claro attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit B**.  **Exhibit B** identifies the professionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    <u>Claim Valuation</u>

18.    In order to properly execute its scope to provide valuation expertise on the sexual abuse claims at issue in this matter, Claro reviewed documents filed in this action that contained any information related to claim valuation, including the proposed Trust Distribution Procedures.  This included multiple versions of the Modified Fifth Amended Plan of Reorganization, the Disclosure Statement, and numerous other documents that provided

insight into one or more parties' view of the valuation of the claims or factors contributing to such valuation.

Claro analyzed the Tranche 6 data which compiled information from the over 82,000 Proof of Claim forms filed by sexual abuse claimants.  Tranche 6 data was provided by TCC Counsel and used to extract information relevant to the valuation of such claims.  Work steps included in the quality control of extracted data to ensure the consistency of attribute tracking and categorization among claimants.

Claro developed a framework for valuation of the sexual abuse claims filed in this matter, which stratified the claims based on the several categories and inputs outlined in the Trust Distribution Procedures.  Claro developed scaling factors that were incorporated into its analysis.  In addition to development of the valuation and discounting, Claro developed a claim valuation model to capture the results of the claim scoring for each claimant and to factor in results of its analysis of comparable litigation matters.

Fees: $219,708.50          Hours: 580.7

**B.      Comparable Matters Research/Analysis**

19.      Claro performed research to identify and capture relevant information related to matters that may be considered comparable for the sexual abuse claims filed in this case.  In addition, Claro reviewed the potentially comparable matters to extract relevant attributes for data analysis, and performed analysis on resulting data points to observe trends in the data.

Fees: $126,304.50          Hours: 348.3

**C.      Database Validation**

20.      It is Claro's understanding that the Tranche 6 data was provided to TCC by Bates White and that many fields were taken from data extracted from the Proof of Claim

forms by Omni.  During the extraction, certain fields were "standardized" or "normalized" by Omni and Bates White and certain fields were added by Bates White.  Because Claro was not directly involved in this process, Claro determined it was necessary to test the degree to which the Tranche 6 data accurately and comprehensively reflected the information contained in the Proof of Claim forms and confirm its reliability for purposes of Claro's analysis.  Claro developed a sampling methodology and performed a simple random sample of 383 records to test the Tranche 6 data.  Claro tested and reviewed over 54,000 fields to look for inconsistencies in the Tranche 6 data.  Claro relied on its sample to determine that the Tranche 6 data was reliable for purposes of developing a claim valuation.  Claro also performed generally accepted procedures to identify claims as additional potential duplicates not already flagged as such by Bates White, which included the development of additional potential duplicate identification procedures and application of those procedures to the 82,209 BSA Sexual Abuse Claims.

> Fees: $186,786.00          Hours:  544.2

**D.**     **Insurance Coverage Analysis**

21.     As part of Claro's scope and in order to inform the Court, Claro was asked to analyze BSA's available insurance coverage and allocate claim values amongst the different insurance companies to determine the insurers' share of the liabilities.  Claro identified key factors from the Tranche 6 data to use in its allocation, such as date of first abuse, historical local councils and its claim valuation.  At the direction of Counsel, Claro apportioned claim values amongst the BSA-Related Entities, including BSA, Local Councils, and Chartered Organizations.  Claro reviewed and standardized policy information for both BSA National Council coverage and Local Council coverage for insurance allocation purposes.  At TCC

Counsel's direction, Claro then performed several different allocation scenarios using its claim valuation and the policy information input into the ICAS system to create a range of allocation results to numerous insurance carriers.

Fees: $297,366.00          Hours: 822.5

**E.      Survivor Population Estimate**

22.      Claro assessed the reasonableness of the number of sexual abuse claims filed against BSA by using two different methodologies to determine an estimate.  Under its top down approach, Claro quantified the universe of potential living survivors of BSA Sexual Abuse by starting with the total number of living participants in a BSA youth program. Under its bottom up approach, Claro quantified the universe of potential living survivors by starting with the total number of historical adult BSA volunteers.  Both approaches were necessary to assess the reasonableness of the BSA sexual abuse claimant population.

Fees: $30,292.50          Hours: 84.3

**F.      Report Preparation**

23.      As part of its retention, Claro was asked to prepare an expert report analyzing the claims filed in the chapter 11 cases by over 82,000 survivors of alleged sexual abuse against BSA, and provide opinions on a reasonable valuation range for the BSA sexual abuse claims in the aggregate.  Additionally, Claro was asked to provide opinions with respect to the allocation of those claim valuations to known insurance coverage.  Claro prepared an expert report and numerous exhibits to inform the Court and other parties in these chapter 11 cases related to Claro's methodology and opinions.

Fees: $156,343.00          Hours: 405.1

G. **Fee Application Preparation**

24.    During the Combined Monthly Period, Claro updated and finalized its fee applications for the period September 1, 2021 through November 30, 2021.

Of note, prior to filing any fee application in this matter, Claro provides it fees and expenses to the TCC for review and comment and only files a fee application after it receives TCC approval of its fees and expenses.

Fees: $2,975.00             Hours: 9.4

**Valuation of Services**

25.    Professionals and paraprofessionals of Claro expended a total of 2,794.5 hours as expert consultants to the Tort Claimants' Committee during the Combined Monthly Period, as follows:

| Name of Professional | Position | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| McNally, Katheryn | Managing Director | $   625.00 | 267.00 | $   166,875.00 |
| Cadarette Jr., John | Managing Director | 675.00 | 30.90 | 20,857.50 |
| Kumpinsky, Ariel | Director | 495.00 | 22.90 | 11,335.50 |
| Nicholson, Brent | Director | 495.00 | 133.20 | 65,934.00 |
| Brady, Michael | Senior Manager | 395.00 | 29.30 | 11,573.50 |
| Harriman, Allison | Senior Manager | 395.00 | 261.20 | 103,174.00 |
| McHenry, Gina | Senior Manager | 395.00 | 319.00 | 126,005.00 |
| Trilla, Barry | Senior Manager | 395.00 | 103.30 | 40,803.50 |
| Nguyen, Hung | Manager | 350.00 | 67.40 | 23,590.00 |
| Boswell, Anne Margaret | Senior Consultant | 305.00 | 56.70 | 17,293.50 |
| Schoenfeld, Erika | Senior Consultant | 305.00 | 167.30 | 51,026.50 |
| Tecce, Brendan | Senior Consultant | 305.00 | 77.30 | 23,576.50 |
| Young, Andrew | Senior Consultant | 305.00 | 421.90 | 128,679.50 |
| Burke, Evan | Consultant | 290.00 | 126.90 | 36,801.00 |
| DeLarm, Carolyn | Consultant | 290.00 | 161.90 | 46,951.00 |
| Martisauski, Brad | Analyst | 265.00 | 109.80 | 29,097.00 |
| Smith, Hannah | Analyst | 265.00 | 262.50 | 69,562.50 |
| Woloszyk, Evan | Analyst | 265.00 | 176.00 | 46,640.00 |
| | **Blended Rate** | **$   364.92** | **2,794.50** | **$ 1,019,775.50** |

26.     The nature of work performed by these individuals is fully set forth in **Exhibit B** attached hereto.  These are Claro's normal hourly rates for work of this character.  The reasonable value of the services rendered by Claro for the Tort Claimants' Committee during the Combined Monthly Period is $1,019,775.50.

27.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Claro is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, Claro has reviewed the requirements of Del. Bankr. LR 2016-2 and the Interim Compensation Order and believes that this Application complies with such Rule and Order.

WHEREFORE, Claro respectfully requests that, for the period September 1, 2021 through November 30, 2021, an interim allowance be made to Claro for compensation in the amount of $1,019,775.50 and payment of $815,820.40 (80% of the allowed fees) (Claro has not requested reimbursement of expenses during the Combined Monthly Period).

Dated this 28 day of January, 2022.  **THE CLARO GROUP, LLC**

By: */s/ Katheryn McNally*
Its: Managing Director
123 N. Wacker Street, Suite 2100
Chicago, Illinois 60606
Tel: 312.546.3400
Fax: 312.554.8085
Email: kmcnally@theclarogroup.com

**Expert Consultants and Expert Witness to the Official Tort Claimants' Committee**

**<u>VERIFICATION</u>**

The undersigned, Managing Director of Claro, certifies that except as otherwise noted elsewhere:

1.    She has read this Fee Application.

2.    This Fee Application complies with the mandatory provisions of the Guidelines;

3.    The fees are billed in accordance with the billing practices described herein, and except as otherwise indicated fall within the Guidelines; and

4.    Except to the extent prohibited by the Guidelines, the fees sought herein have been billed in accordance with practices customarily employed by Claro and accepted by Claro's clients.

5.    Claro submits that this Fee Application is in compliance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Interim Compensation Order, and the Guidelines.

Dated this 28 day of January, 2022.    */s/ Katheryn McNally*
                                The Claro Group, LLC
                                123 N. Wacker Street, Suite 2100
                                Chicago, Illinois 60606
                                Tel: 312.546.3400
                                Fax: 312.554.8085
                                Email: kmcnally@theclarogroup.com

                                **Expert Consultants and Expert Witness to the Official Tort Claimants' Committee**