**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Chapter 11 |
| Debtors. | Jointly Administered |
| | Hearing Date: February 1, 2022 at 2:00 p.m. (ET)<br>Objection Deadline: At the Hearing |
| | Re: Docket No. 8500 |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE ROMAN CATHOLIC AD HOC COMMITTEE TO SEAL EXHIBITS TO MOTION TO COMPEL**

The Roman Catholic Ad Hoc Committee ("RCAHC"), by and through undersigned counsel, hereby files this motion (the "Motion to Seal"), pursuant to section 107 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the RCAHC to file under seal certain exhibits (the "Exhibits"), attached as Exhibits C-1, G, and H to the *Motion of the Roman Catholic Ad Hoc Committee to Compel the Rule 30(b)(6) Depositions of (I) the Debtors, (II) Century, (III) Chubb, (IV) Hartford, and (V) Zurich* [Docket No. 8500] (the "Motion to Compel").[2] In support of its Motion to Seal, the RCAHC respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the Motion to Compel.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Further, pursuant to Local Rule 9013-1(f), the RCAHC hereby confirms its consents to the entry of a final judgment or order in connection with this Motion to Seal if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. The relevant factual background is set forth in the Motion to Compel. The RCAHC hereby incorporates the facts set forth in the Motion to Compel by reference as if set forth herein.

5. On June 8, 2020, the Court entered the Confidentiality and Protective Order, attached as Exhibit 1 to the *Order Approving Confidentiality and Protective Order* [Docket No. 799] (the "Confidentiality and Protective Order"), which governs the production, review, disclosure, and handling of Discovery Material[3] in the Chapter 11 Cases.

6. Specifically, paragraph 7.6 of the Confidentiality and Protective Order provides that: "any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1."

---

[3] As defined in the Confidentiality and Protective Order.

7. The RCAHC has assented to be bound to the Confidentiality and Protective Order and has executed the "Acknowledgment and Agreement to Be Bound," which was attached as Exhibit A to the Confidentiality and Protective Order.

8. On January 25, 2022, the RCAHC filed the Motion to Compel,[4] which attaches the Exhibits as Exhibits C-1, G, and H. The Exhibits are Century's Responses and Objection to the RCAHC's requests for admission, Century's Responses and Options to the RCAHC's 30(b)(6) Notice, and Chubb's Responses and Objections to the RCAHC's 30(b)(6) Notice, respectively, which were all marked "Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799]".

9. On both January 26, 2022 and January 27, 2022, the RCAHC reached out to Century and Chubb via email to discuss the confidentiality status of the Exhibits. Chubb has now agreed that nothing in their responses and objections contained Confidential Information or needed to be redacted or sealed, therefore Exhibit H will be unsealed. The RCAHC is still waiting for any response from Century relating to Exhibits C-1 and G.

10. While the RCAHC does not believe that anything in the Exhibits contain material that is confidential in nature, need to be redacted, or need to be sealed, due to the "Confidential" designation on the Exhibits, the RCAHC sealed the Exhibits pursuant to paragraph 7.6 of the Confidentiality and Protective Order.

**REQUESTED RELIEF AND BASIS THEREFOR**

11. By this Motion to Seal, the RCAHC respectfully requests that the Court enter the Proposed Order authorizing the RCAHC to file under seal the Exhibits, attached as Exhibits C-1 and G to the Motion to Compel. Accordingly, the RCAHC submits that the filing of the Exhibits

---

[4] The redacted version of the Motion to Compel is filed at Docket No. 8502.

under seal is appropriate under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

12. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

13. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

14. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief. Del. Bankr. L.R. 9018-1(d).

15. Although the RCAHC believes there is no Confidential Information in the Exhibits, in an abundance of caution, the RCAHC has filed the Exhibits under seal in accordance with paragraph 7.6 of the Confidentiality and Protective Order. While Chubb now says there was no

Confidential Information, Chubb and Century both designated the Exhibits as confidential pursuant to the Confidentiality and Protective Order, and Century has not responded to whether the Exhibits can be unsealed.

16. If the Court grants the relief sought herein, copies of the Exhibits will be provided only to the Court, the Debtors, the U.S. Trustees, and all other parties in interest who assented to be bound by the Confidentiality and Protective Order or further Court Order. The RCAHC has filed a sealed version of the Motion to Compel attaching the Exhibits on the docket as a restricted document, in accordance with CM/ECF procedures. *Id.* Additionally, the RCAHC submits that it has followed the instructions set out in paragraph 7.6 of the Confidentiality and Protective Order by filing the Exhibits under seal.

## **LOCAL RULE 9018-1(d) CERTIFICATION**

17. Counsel for the RCAHC, as one of the parties that is a holder of the confidentiality rights, does not believe the Exhibits are confidential nor should be filed under seal nor redacted. As noted above, Century has marked their responses and objection with a confidential tag. The RCAHC has reached out to Century via email to confirm the confidentiality status, without response. Therefore, to comply with the Confidentiality and Protective Order, the RCAHC has filed the Exhibits under seal pursuant to 9018-1.

## **NOTICE**

18. Notice of this Motion to Seal has been provided to (i) the Office of the U.S. Trustee; (ii) counsel to the Debtors; and (iii) any party in interest that has requested to receive notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the RCAHC submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

19. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of Page Left Intentionally Blank*]

**WHEREFORE**, for the reasons set forth above, the RCAHC respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 28, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ *Aaron H. Stulman*<br>Jeremy W. Ryan (Bar No. 4057)<br>Aaron H. Stulman (Bar No. 5807)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br>　　　　astulman@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>　　　　dspector@schiffhardin.com<br>　　　　mfisher@schiffhardin.com<br>　　　　nlloyd@schiffhardin.com<br>　　　　dschufreider@schiffhardin.com<br>　　　　jyan@schiffhardin.com<br><br>*Counsel for the Roman Catholic Ad Hoc Committee* |