IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: February 11, 2022 at 4:00 p.m. (ET)**
**Hearing Date: Scheduled only if necessary**

**FIRST MONTHLY (COMBINED) APPLICATION OF MARK H. KOLMAN, AS
EXPERT CONSULTANT ON INSURANCE COVERAGE FOR SEXUAL
ABUSE CLAIMS AND EXPERT WITNESS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM NOVEMBER 19, 2021 THROUGH JANUARY 26, 2022**

| | |
|---|---|
| Name of Applicant: | Mark H. Kolman |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective as of November 19, 2021 by order signed on or about January 6, 2022 |
| Period for which Compensation and Reimbursement is Sought: | November 19, 2021 through January 26, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $35,500.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $      0.00 |

This is a:     ☒ monthly     ☐ interim     ☐ final application.

The total time expended for fee application preparation is approximately 2.0 hours

and the corresponding compensation requested is approximately $800.00.

No fee applications have been filed to date.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## COMPENSATION BY CATEGORY

The work covered by this application was performed as expert consultant on insurance coverage for sexual abuse claims and expert witness and is billed on a flat rate basis of $500.00 per hour.

## EXPENSE SUMMARY

Applicant did not charge for any expenses in this Application.

DOCS_DE:237986.1 85353/002

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**Objection Deadline:  February 11, 2022 at 4:00 p.m.
(ET) Hearing Date:  Scheduled only if necessary**

**FIRST MONTHLY (COMBINED) APPLICATION OF MARK H. KOLMAN, AS
EXPERT CONSULTANT ON INSURANCE COVERAGE FOR SEXUAL
ABUSE CLAIMS AND EXPERT WITNESS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM NOVEMBER 19, 2021 THROUGH JANUARY 26, 2022**

Mark H. Kolman ("Kolman"), expert consultant on insurance coverage for sexual abuse

claims and expert witness for the Tort Claimants' Committee (the "Committee"), hereby submits

his first Monthly (Combined) Application (the "Application") requesting payment in the amount

of $28,400.00, which is equal to 80% of total fees (*i.e.*, $35,500.00) incurred by Kolman for his

services to the Committee during the period from November 19, 2021 through January 26, 2022

(the "Fee Period").  In support of this Application, Kolman respectfully represents as follows:

## BACKGROUND

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their

Chapter 11cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

The Debtors have continued in possession of their property and continued to operate and manage

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

      2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      3.      On or about April 6, 2020, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit Monthly (Combined) Applications

for interim compensation and reimbursement for expenses, pursuant to the procedures specified

therein.  On or about August 6, 2021, the Court signed the Amended Administrative Order.  The

Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

      4.      The retention of Kolman, as an expert consultant on insurance coverage

for sexual abuse claims and expert witness, was approved effective as of November 19, 2021 by

this Court's "Order Authorizing and Approving the Application of the Tort Claimants'

Committee For Entry Of An Order Under 11 U.S.C. §§ 1103(A) And 328(A) and Fed. R. Bankr.

P. 2014(A) Authorizing Retention of Mark H. Kolman as Expert Consultant on Insurance

Coverage for Sexual Abuse Claims and Expert Witness Effective as of November 19, 2021,"

signed on or about January 6, 2022 (the "Retention Order").  The Retention Order authorized

Kolman to be compensated on an hourly basis and to be reimbursed for actual and necessary

out-of-pocket expenses.

## RELIEF REQUESTED

5.      By this Application, in accordance with the Amended Administrative

Order, Kolman requests payment in the amount of $28,400.00, which is equal to 80% (*i.e.*,

$35,500.00) of the total fees incurred by Kolman during the Fee Period for his services to the

Committee.

## SUMMARY OF SERVICES RENDERED

6.      During the Fee Period, Kolman (1) reviewed and conferred regarding

coverage charts; (2) reviewed outline of assignment; (3) reviewed reservation of rights letters,

settlement agreements, pleadings and motions; (4) reviewed insurance policies and attachments;

(5) study Claro charts, memos and allocations; (6) work, review and revise expert report; (7)

work on retention application; (8) work on possible rebuttle report; (9) communicate and work

on supplemental reports; (10) communicate and prepare for deposition; and (11) attend

deposition.

## ACTUAL AND NECESSARY EXPENSES

7.      Kolman incurred $0.00 expenses during the Fee Period.

## <u>VALUATION OF SERVICES</u>

8.      Attached hereto as **<u>Exhibit A</u>** is a statement of the time expended and fees incurred by Kolman during November 19, 2021 through December 5, 2021.  During that period, Kolman expended a total of 26.60 hours.  Attached hereto as **<u>Exhibit B</u>** is a statement of the time expended and fees incurred by Kolman during December 6, 2021 through December 27, 2021.  During that period, Kolman expended a total of 15.90 hours.  Attached hereto as **<u>Exhibit C</u>** is a statement of the time expended and fees incurred by Kolman during December 30, 2021 through January 26, 2022.  During that period, Kolman expended a total of 28.50 hours.  The services for which Kolman is requesting compensation were performed for or on behalf of the Committee.

9.      In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in light of factors including, among other things, (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

10.      Although Kolman has made every effort to include all fees and expenses incurred during the Fee Period in this Application, some fees and expenses might have been omitted from this Application due to delays caused by accounting and processing during the Fee Period.  Kolman reserves the right to submit further applications to the Court for allowance of such fees and expenses not included herein.  Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Administrative Order.

## CERTIFICATION OF COMPLIANCE

11.    The Undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that to the best of his knowledge, information and belief, this Application complies with that rule.

WHEREFORE, Kolman requests payment in the amount of $28,400.00, which is equal to 80% (*i.e.*, $35,500.00) of total compensation earned by Kolman for his services to the Committee during the Fee Period.

Dated: January 27, 2022

Mark H Kolman, Esq
9483 E Ironwood Bend
Scottsdale, AZ 8525

## <u>CERTIFICATION OF MARK H. KOLMAN</u>

I, Mark H. Kolman, declare under penalty of perjury as follows:

1.      I have been retained by the Tort Claimants' Committee as an expert consultant on sexual abuse.

2.      I have reviewed the *First Monthly (Combined) Application of Mark H. Kolman, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 19, 2021 through January 26, 2022* (the "Application").

3.      To the best of my knowledge, information, and belief formed upon the basis of my participation in these cases, as well as after reasonable inquiry, the facts set forth in the foregoing Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del. Bankr. L.R. 2016-2, and the Executive Office for the United States Trustee.

I certify, under penalty of perjury, that the foregoing statements made by me are true to the best of my knowledge, information and belief.

Dated: January 27, 2022

Mark H. Kolman