Re: Case No. 20-10343 (LSS)

Date: 01/18/2022

FILED
2022 JAN 31  AM 9:55
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Hon. Laurie Selber Silverstein,

There is a $2.7 Billion commitment to date. The current 60/40 contingency split would look like this:

(60%) Survivors' cut = 1 Billion, 620 Million
1 Billion, 620 Million ÷ 80,000 Survivors = $20,250 ea.

(40%) Lawyers' cut = 1 Billion, 80 Million
1 Billion, 80 Million ÷ 50 Lawyers = $21,600,000 ea.

Even if the $2.7 Billion commitment was doubled to $5.4 Billion, it would only be a significant increase for the lawyers. Example: In order for the 80,000 survivors to get $40 thousand, the lawyers would have to get $43 million and it would look like this:

$5.4 Billion
(60%) 80,000 survivors = $40,500 ea.
(40%) 50 lawyers = $43,200,000 ea.

A reasonable solution to this issue would be for the lawyers to reduce the contingency fee to 20%. A contingency split of 80/20 would look like this:

(80%) Survivors' cut = 2 Billion, 160 Million
2 Billion, 160 Million ÷ 80,000 Survivors = $27,000 ea.

(20%) Lawyers' cut = 540 Million
540 Million ÷ 50 Lawyers = $10,800,000 ea.

At 80% 80,000 survivors would receive $27,000 each, and at 20% the 50 lawyers would receive ($10,800,000) over 10 million each. If the lawyers' true mission is to assist the survivors in their effort to be compensated, reducing their contingency fee would be a good faith effort.

Respectfully submitted,





Hon. Laurie Selber Silverstein
United States Bankruptcy Court
824 North Market St., 6th floor
Wilmington, DE 19801

