Three Embarcadero Center, 26th Floor, San Francisco, California  94111 ▪ p415 986-2800 ▪ f415 986-2827



Mark D Plevin
415.365.7446
202.624.2801
mplevin@crowell.com

January 31, 2022

**BY CM/ECF**

Hon. Laurie Selber Silverstein
Chief Judge, U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware  19801

Re:    *In re Boy Scouts of America*, No. 20-10343:  Zurich's opposition to
       RCAHC's motion (Dkt. No. 8502-1) to compel Rule 30(b)(6)
       depositions of Zurich and others

Dear Judge Silverstein:

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, "Zurich") hereby oppose the motion by the Roman Catholic Ad Hoc Committee (the "RCAHC") to compel a Rule 30(b)(6) deposition of Zurich.

Zurich previously moved to quash the same Rule 30(b)(6) notice that the RCAHC now seeks to enforce.[1]  As explained in Zurich's motion to quash, the RCAHC's Rule 30(b)(6) notice is improper for several reasons:  (i) the RCAHC has not established that it has standing to take discovery in this contested matter concerning plan confirmation because it has not demonstrated that it has authority to act on behalf of its members; (ii) the notice seeks testimony about insurance coverage issues that are not relevant to whether the Zurich Settlement meets the requirements of § 363(b) and (f) and Rule 9019; (iii) many of the topics in the notice improperly seek testimony about legal conclusions, and improperly seek contention testimony that may not be sought in a Rule 30(b)(6) deposition; (iv) certain of the topics are not relevant to whether the Zurich Settlement should be approved; (v) the notice fails to describe the topics for examination "with reasonable particularity," as required by Rule 30(b)(6); and (vi) the notice is harassing and would impose undue burden to the extent that it includes topics on which Zurich has no information.

Zurich hereby incorporates its motion to quash and the arguments therein in response to the RCAHC's motion to compel, and submits that the Court should not compel Zurich to sit for a deposition in response to an improper and defective notice that should be quashed.

Without repeating the arguments made in its motion to quash, Zurich further responds to the RCAHC's motion as follows:

---

[1]    *See* Dkt. No. 8497.

Judge Silverstein
January 31, 2021
Page 2

   The RCAHC suggests that it served its deposition notice on Zurich as a last resort, after previous attempts to obtain discovery from Zurich allegedly failed.[2]  But that argument is misleading.  Zurich fully responded to the RCAHC's requests for admissions even though they were objectionable, and the document search demanded by the RCAHC was entirely unreasonable and not proportional to the needs of the case.

   First, the RCAHC served Zurich with two sets of requests for admissions, one set of 27 requests on December 27, 2021 and a purported "supplemental" set of 15 requests on January 5, 2022, which was untimely because it was served after the December 29, 2021 deadline for serving discovery related to settlements.[3]  Each RFA asked Zurich to admit that, under a particular policy, "Abuse Claims against insureds and co-insureds are covered."  Zurich objected to all of the RFAs on the basis that they were "vague, ambiguous, and overbroad" because:

> Each RFA asks the Zurich Insurers to "admit that Abuse Claims against insureds and co-insureds are covered" under a particular policy.  These RFAs are vague and ambiguous as to which Abuse Claims are referred to in these requests.  Moreover, whether a specific Abuse Claim is or may be covered under a particular policy requires information about the specific Abuse Claims that is not provided by the RFAs.  It is not possible for the Zurich Insurers to admit or deny these RFAs without knowing the particular details of each Abuse Claim that is being inquired about.  Further, these RFAs are overbroad, because as written, they refer to all Abuse Claims.  The Zurich Insurers are unable to admit or deny that all Abuse Claims are covered under a particular policy because each particular Abuse Claim has a different set of facts that would determine whether that Abuse Claim would or might be "covered" under a policy issued by the Zurich Insurers.  Thus, the Zurich Insurers lack sufficient knowledge or information, based on a reasonable inquiry, to admit or deny whether "Abuse Claims against insureds and co-insureds are covered" under the policies referred to in these RFAs.[4]

   But, notwithstanding its objections, Zurich fully responded to each and every single RFA, stating:  "Subject to, and without waiving any of the foregoing objections, the Zurich Insurers state that they lack sufficient knowledge or information, based on a reasonable inquiry,

---

[2]     RCAHC motion to compel, ¶¶ 8, 14.

[3]     Zurich objected to the supplemental RFAs as untimely, stating:  "The Zurich Insurers object to each RFA on the basis that it untimely.  These RFAs were served on the Zurich Insurers on January 5, 2021 – after the December 29, 2021 deadline set by the Court in its scheduling order for parties to serve written discovery regarding settlements.  *See* Dkt No. 7996.  Nothing in the scheduling order authorizes the service of so-called 'supplemental' RFAs.  Requiring the Zurich Insurers to respond to these untimely RFAs is unduly burdensome, harassing, and oppressive."  *See* RCAHC motion to compel, Dkt. No. 8502-1, Exh. C-3 at 21.

[4]     *Id.* at 20-21.  Zurich also asserted other objections, as set forth in Exhibit C-3 to the RCAHC's motion to quash.

Judge Silverstein
January 31, 2021
Page 3

to admit or deny this RFA." The RCAHC may not like Zurich's responses, but they were proper. In this respect, the fact that the RCAHC has not moved to compel further responses to the RFAs speaks volumes.

Second, the RCAHC complains that "[n]ot one of the Settling Insurers agreed to perform a search of their own records to identify the insurance policies issued to Roman Catholic Entities for which they seek nonconsensual releases."[5] This complaint ignores the overbroad and burdensome nature of the RCAHC's single document request, which sought production of "[a]ny and all documents described by Zurich Insurers in response to the" RCAHC's interrogatories. The interrogatories, in turn, asked Zurich, among other things, to "[d]escribe . . . every policy issued by Zurich Insurers to any Roman Catholic Entity" and "[i]dentify all Abuse Claims . . . against Roman Catholic Entities." On information and belief, there are thousands, if not tens of thousands, of "Roman Catholic Entities" and untold numbers of Abuse Claims against Roman Catholic Entities. As a practical matter, Zurich could not respond in a timely way to these requests even if they were unobjectionable, as Zurich explained in its objections to the interrogatories:

> Responding to this Interrogatory would impose an undue burden on the Zurich Insurers. The Zurich Insurers do not classify or organize their policies by the insured's religious affiliation. Thus, someone (presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific "Roman Catholic Entities," as that term is defined in the Plan. Then, after identifying which policies were issued to Roman Catholic Entities, the Zurich Insurers, with the assistance of counsel, would have to determine whether the Zurich Insurers "will receive a release of Claims or Causes of Action related to, arising from, or in connection with, in whole or in part," some missing word or term. Such a policy search could not be completed before the end of the confirmation hearing in this case. In sum, this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case.[6]

Zurich and the RCAHC discussed, during their meet-and-confer discussions, the practical impossibility of Zurich conducting the requested search for policies issued to Roman Catholic Entities or claim files relating to Abuse Claims asserted against Roman Catholic Entities, but the RCAHC apparently intends to persist in requesting that Zurich attempt to

---

[5]    RCAHC motion to compel, ¶ 9.

[6]    Zurich's responses and objections to the RCAHC's interrogatories (Exhibit A hereto) at 7. *See also id.* at 12 ("The Zurich Insurers do not classify or organize their policies or claim files by the insured's religious affiliation. Thus, someone (presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific "Roman Catholic Entities," as that term is defined in the Plan, or claim files established to hold documents and materials relevant to Abuse Claims submitted to the Zurich Insurers by Roman Catholic Entities. Such a search for policies or claim files could not be completed before the end of the confirmation hearing in this case.").

Judge Silverstein
January 31, 2021
Page 4

accomplish the impossible.

Having served objectionable discovery requests to which Zurich properly objected, the RCAHC pivoted to serving a Rule 30(b)(6) notice.  But, as explained in detail in Zurich's motion to quash, the RCAHC's deposition notice is improper, defective, and objectionable.  The RCAHC's motion to quash makes no effort to defend its notice against the arguments advanced by Zurich.

\*        \*        \*

For the reasons stated above and in its motion to quash, Zurich requests that the Court deny the RCAHC's motion to compel.

Sincerely yours,

/s/ Mark D. Plevin

Mark D. Plevin
CROWELL & MORING LLP


/s/ Robert D. Cecil, Jr.
Robert D. Cecil, Jr. (No. 5317)
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

906472964

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10410343 (LSS) |
| Debtors. | Jointly Administered |

## ZURICH INSURERS' RESPONSES AND OBJECTIONS TO THE ROMAN CATHOLIC AD HOC COMMITTEE'S INTERROGATORIES TO THE ZURICH INSURERS

American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers") hereby submit the following responses and objections to the Roman Catholic Ad Hoc Committee's Interrogatories to Zurich Insurers (the "Interrogatories").

### Preliminary Statement

1.      These responses are by the Zurich Insurers only.  These responses are not by, and do not concern, any other party or entity.

2.      Many of the Interrogatories seek information that is not relevant to any issue properly presented in the proceedings concerning whether to confirm the Plan, but instead are relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings.  The Court has repeatedly stated that it does not intend to try or resolve insurance coverage disputes during the confirmation proceedings.

3.      The Zurich Insurers have given the most complete responses they can at this time.  The Zurich Insurers reserve the right to amend and/or supplement these responses if and to the extent they learn of additional or different information.  In particular, and without limiting the generality of the foregoing, the Zurich Insurers reserve the right to amend and/or

supplement their responses based on information learned as discovery and their own investigation of the facts proceeds.

        4.      Capitalized terms not defined herein that are defined in Debtors' Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA LLC (the "Plan," Dkt. No. 7832), have the meaning ascribed to them in the Plan.

<h3 style="text-align:center"><u>General Objections</u></h3>

        The Zurich Insurers object generally to each and every Interrogatory on the following grounds.  These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of the Zurich Insurers' responses herein.

        1.      The Zurich Insurers object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product rule, or any other judicially-recognized privilege or protection.  In responding these Interrogatories, the Zurich Insurers do not waive or intend to waive, but rather intend to preserve and are preserving, all of their rights under the attorney-client privilege, the attorney work-product rule, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular Interrogatory is not provided in these responses and will not be provided in future responses.

        2.      The Zurich Insurers' responses to the Interrogatories are and will be based upon information available to the Zurich Insurers after reasonable and diligent investigation, including but not limited to a diligent search of records considered reasonably likely to contain information responsive to these Interrogatories.  However, the Zurich Insurers have not searched, and will not search, each and every record in their possession, custody, or

- 2 -

control, and have not interviewed, and will not interview, all of their current and former employees, as such an investigation would be unreasonable, burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent the Interrogatories purport to require the Zurich Insurers to conduct more than a reasonable and diligent investigation such as described above, the Zurich Insurers object that they are overbroad, unduly burdensome, harassing and oppressive.

3.      The Zurich Insurers object to each Interrogatory to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.  The Zurich Insurers will respond to these Interrogatories in accordance with the requirements of the aforementioned Rules, subject to all applicable objections and protections.

4.      The Zurich Insurers object to each Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

5.      The Zurich Insurers object to each Interrogatory to the extent it seeks information concerning legal contentions and supporting facts which are not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Interrogatory is overbroad, unduly burdensome, harassing, oppressive, and premature.  The Zurich Insurers reserve the right to amend or supplement their response to any such Interrogatory.

6.      The Zurich Insurers object to each Interrogatory that seeks disclosure of the mental impressions, opinions, conclusions, or legal theories of the Zurich Insurers, or their counsel or other representatives, or other counsel with whom the Zurich Insurers and their

counsel have a common legal interest.

7.    The Zurich Insurers object to each Interrogatory that purports to describe the Zurich Insurers' contentions or positions to the extent that such Interrogatory misstates or mischaracterizes the Zurich Insurers' contentions or positions, on the grounds that each such Interrogatory is vague, ambiguous, harassing, and oppressive.

8.    The Zurich Insurers object to each Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Roman Catholic Ad Hoc Committee (the "RCAHC") from other sources, is not proportional to the needs of the case, or is improper for any reason.

9.    The Zurich Insurers object to each Interrogatory to the extent it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of the Zurich Insurers, any current or former policyholder of the Zurich Insurers, or any other person or entity.

10.    The Zurich Insurers object to each Interrogatory to the extent it seeks information concerning a time period other than the one which is appropriate to the particular Interrogatory in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence.

11.    The Zurich Insurers object to each and every Interrogatory that specifies no time period on the grounds that each such Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

12.     The Zurich Insurers object to each Interrogatory to the extent it seeks information concerning trade secrets or proprietary or other confidential business information.

13.     The Zurich Insurers object to each Interrogatory that purports to seek "any" or "all" document(s), information, communication(s), correspondence(s), file(s), material(s) or similar terms on the ground that because such Interrogatories seek to require the Zurich Insurers to use more than reasonable diligence to locate responsive information based on an examination of those files that reasonably may be expected to possess responsive information, such Interrogatories are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

14.     In providing these responses, the Zurich Insurers do not waive or intend to waive, but rather intend to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein and any documents produced in response to the Interrogatories; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein and any documents produced in response to the Interrogatories; and (c) all rights to object on any grounds to any further interrogatories or requests for production, or other discovery requests.

15.     The Zurich Insurers object, on the grounds that each such Interrogatory is vague, ambiguous, and uncertain, to each of Interrogatory Nos. 1-3 and 5-8 because the undefined term "Describe with information sufficient to identify the document with specificity" makes it impossible for the Zurich Insurers to know what information is sought by the Interrogatory.  The Zurich Insurers will respond to each such Interrogatory by providing the information that they believe is being sought by the Interrogatory, at the appropriate level of

specificity.

16.     These General Objections are applicable to and incorporated into each of the Zurich Insurers' responses below, as if specifically stated therein.  The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of the Zurich Insurers' General Objections.  Unless otherwise specified, the Zurich Insurers' objections to each of the Interrogatories apply to the entire Interrogatory, including each and every subsection and/or subpart thereof.

## Specific Objections and Responses to Interrogatories

The Zurich Insurers incorporate the foregoing General Objections into each of the following responses to individual interrogatories, and into each amendment, supplement, or modification to these responses that the Zurich Insurers may later provide.  By making these separate responses, the Zurich Insurers do not waive or intend to waive any of their General Objections, but rather intend to preserve and assert, and are preserving or asserting, each of their General Objections.

## INTERROGATORY NO. 1:

Describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the issue date, the policy limits, and the issuing insurer), every policy issued by Zurich Insurers to any Roman Catholic Entity for which you will receive a release of Claims or Causes of Action related to, arising from, or in connection with, in whole or in part, pursuant to the Second Modified Plan that you contend will be released under the Second Modified Plan and the Zurich Term Sheet.

### Response to Interrogatory No. 1:

The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers also make the

following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Interrogatory is a convoluted run-on sentence that seems to be missing some words after the phrase "in part," such that the intended meaning of the Interrogatory is indeterminate.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

Further, the Zurich Insurers object to this Interrogatory to the extent that it purports to ask the Zurich Insurers to "[d]escribe . . . every policy issued to any Roman Catholic Entity for which [the Zurich Insurers] will receive a release of Claims or Causes of Action . . . under the Second Modified Plan and the Zurich Term Sheet."  Responding to this Interrogatory would impose an undue burden on the Zurich Insurers.  The Zurich Insurers do not classify or organize their policies by the insured's religious affiliation.  Thus, someone (presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific "Roman Catholic Entities," as that term is defined in the Plan.  Then, after identifying which policies were issued to Roman Catholic Entities, the Zurich Insurers, with the assistance of counsel, would have to determine whether the Zurich Insurers "will receive a release of Claims or Causes of Action related to, arising from, or in connection with, in whole or in part," some missing word or term.  Such a policy search could not be completed before the end of the confirmation hearing in this

- 7 -

case.  In sum, this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case.

Accordingly, the Zurich Insurers will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 2:**

Describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the Roman Catholic Entity which may be an additional insured the policy, the issue date, the policy limits, and the issuing insurer), every Local Council Insurance Policy issued by Zurich Insurers to any Local Council for which you will receive a release of Claims or Causes of Action related to, arising from, or in connection with, in whole or in part, pursuant to the Second Modified Plan pursuant to the Second Modified Plan and/or the Zurich Term Sheet.

**Response to Interrogatory No. 2:**

The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Interrogatory is a convoluted run-on sentence that seems to be missing some words after the phrase "in part," such that the intended meaning of the Interrogatory is indeterminate.  The Interrogatory also inexplicably and confusingly repeats the phrase, "pursuant to the Second Modified Plan," further making the intended meaning of the Interrogatory indeterminate.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the

case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers state as follows:

The Zurich Insurers are not responsible for any policies that were issued to any Local Councils as named insureds. Zurich American Insurance Company, via an affiliate (collectively, "Zurich") has entered into a transaction with a subsidiary of Enstar Group Limited ("Enstar") to reinsure, via a loss portfolio transfer, the remaining liabilities of certain of Zurich's discontinued United States insurance portfolios. This includes all policies that may have been issued to Local Councils before January 1, 1987. All of the Zurich Insurers' Policies for which the Zurich Insurers are potentially presently responsible were issued to Boy Scouts of America and either identified Local Councils as additional insureds under such policies, or followed form to underlying policies that did so. Set forth below is a chart showing, for each Boy Scouts of America policy set forth in Exhibit A to the Zurich Term Sheet (Dkt. No. 7928-1, page 23 of 23), the policy number, the policy period, the policy limits and the issuing insurer.

| POLICY NUMBER, ISSUING INSURER | POLICY PERIOD | LIMITS OF LIABILITY |
|---|---|---|
| CEO 6371780-00 (American Zurich) | 3/1/89-3/1/90 | $5M occ./agg. x/s $28M occ./agg. x/s $1M/occ. SIR |
| AUO 3657270-00 (American Zurich) | 3/1/96-3/1/97 | $10M occ./agg. p/o $15M occ./agg. x/s $2M occ./agg. x/s $1M/occ. SIR |
| AUO 3657270-01 (American Zurich) | 3/1/97-3/1/98 | $15M occ./agg. x/s $2M occ./agg. x/s $1M "each and every" SIR |
| AUO 3657270-02 | 3/1/98-3/1/99 | $12M occ./agg. x/s $5M occ./agg. x/s $1M "each and every" SIR |
| EUO 3657270-03 (American Zurich) | 3/1/99-3/1/00 | $12M occ./agg. x/s $5M occ./agg. x/s $1M "each and every" SIR |

| POLICY NUMBER, ISSUING INSURER | POLICY PERIOD | LIMITS OF LIABILITY |
|---|---|---|
| EUO 3657270-03 (American Zurich) | 3/1/00-3/1/01 | $12M occ./agg. x/s $5M occ./agg. x/s $1M "each and every" SIR |
| AEC 3657270 04 (AGLIC) | 3/1/01-3/1/02 | $12M occ./agg. x/s $7M occ./agg. x/s $1M/occ. SIR |
| AEC 9278457 00 (AGLIC) | 3/1/01-3/1/02 | $20M occ./agg. x/s $98M occ./agg. x/s $1M/occ. SIR |
| AEC 3657270 05 (AGLIC) | 3/1/02-3/1/03 | $12M occ./agg. x/s $8M occ./agg. x/s $1M/occ. SIR |
| AEC 9278457 01 (AGLIC) | 3/1/02-3/1/03 | $20M occ./agg. p/o $45M occ./agg. x/s $98M occ./agg. x/s $1M/occ. SIR |
| AEC 3657270 06 (AGLIC) | 3/1/03-3/1/04 | $20M occ./agg. p/o $20M occ./agg. x/s $18M occ./agg. x/s $1M/occ. SIR |
| AEC 9278457 02 (AGLIC) | 3/1/03-3/1/04 | $25M occ./agg. x/s $78M occ./agg. x/s $1M/occ. SIR |
| AEC 3657270 07 (AGLIC) | 3/1/04-3/1/05 | $20M occ./agg. x/s $18M occ./agg. x/s $1M/occ. SIR |
| AEC 9278457 03 (AGLIC) | 3/1/04-3/1/05 | $25M occ./agg. x/s $78M occ./agg. x/s $1M/occ. SIR |
| AEC 3657270 08 (AGLIC) | 3/1/05-3/1/06 | $20M occ./agg. x/s $18M occ./agg. x/s $1M/occ. SIR |
| AEC 3657270 09 (Steadfast) | 3/1/06-3/1/07 | $20M occ./agg. x/s $19M occ./agg. x/s $1M/occ. SIR |

## INTERROGATORY NO. 3:

Describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the Roman Catholic Entity which may be an additional insured the policy, the issue date, the policy limits, and the issuing insurer), every BSA Insurance Policy issued by Zurich Insurance to any Local Council for which you will receive a release of Claims or Causes of Action related to, arising from, or in connection with, in whole or in part, pursuant to the Second Modified Plan pursuant to the Second Modified Plan and the Zurich Term Sheet.

### Response to Interrogatory No. 3:

The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it

is vague, ambiguous, and unintelligible.  The Interrogatory is a convoluted run-on sentence that seems to be missing some words after the phrase "in part," such that the intended meaning of the Interrogatory is indeterminate.  The Interrogatory also inexplicably and confusingly repeats the phrase, "pursuant to the Second Modified Plan," further making the intended meaning of the Interrogatory indeterminate.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers refer the RCAHC to the Zurich Insurers' Response to Interrogatory No. 2, which the Zurich Insurers incorporate here by reference.

**INTERROGATORY NO. 4:**

Identify all Abuse Claims (as defined in section I.A.18 of the Second Modified Plan), on a claim number basis, against Roman Catholic Entities under insurance policies issued by Zurich Insurers pursuant to the Channeling Injunction (as defined in section I.A.55 of the Second Modified Plan) and identify the Roman Catholic Entity described in each Abuse Claim.

**Response to Interrogatory No. 4:**

The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible. The Interrogatory suggests that the Zurich Insurers issued insurance policies "pursuant to the Channeling Injunction (as defined in section I.A.55 of the Second Modified Plan," which is not the case and which makes the intended meaning of the Interrogatory is indeterminate. The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it is vague, ambiguous, overbroad, seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

The Zurich Insurers object to this Interrogatory to the extent that it purports to ask the Zurich Insurers to "[i]dentify all Abuse Claims . . . against Roman Catholic Entities under insurance policies issued by Zurich Insurers." Responding to this Interrogatory would impose an undue burden on the Zurich Insurers. The Zurich Insurers do not classify or organize their policies or claim files by the insured's religious affiliation. Thus, someone (presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific "Roman Catholic Entities," as that term is defined in the Plan, or claim files established to hold documents and materials relevant to Abuse Claims submitted to the Zurich Insurers by Roman Catholic Entities. Such a search for policies or claim files could not be completed before the end of the confirmation hearing in this case. In sum, this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to, and without waiving any of the foregoing objections, pursuant to Rule

33(d) of the Federal Rules of Civil Procedure, the Zurich Insurers direct the RCAHC to the claims files produced by the Zurich Insurers earlier in this case.

**INTERROGATORY NO. 5:**

To the extent not identified in the answers to Interrogatories 1, 2 or 3, above, please describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the issue date, the policy limits, and the issuing insurer), any policy issued to a Roman Catholic Entity by Zurich Insurers which provides coverage for an Abuse Claim such that the Abuse Claim is or will be channeled and released pursuant to paragraph 11 of the Zurich Term Sheet attached as Exhibit A to the Ninth Mediator's Report [Doc. No. 7928].

**Response to Interrogatory No. 5:**

The Zurich Insurers incorporate by reference their General Objections as if stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

Further, the Zurich Insurers object to this Interrogatory to the extent that it

purports to ask the Zurich Insurers to "[d]escribe . . . any policy issued to any Roman Catholic

Entity by Zurich Insurers which provides coverage for an Abuse Claim [that] is or will be

channeled and released pursuant to . . . the Zurich Term Sheet."  Responding to this

Interrogatory would impose an undue burden on the Zurich Insurers.  The Zurich Insurers do

not classify or organize their policies by the insured's religious affiliation.  Thus, someone

(presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific

Roman Catholic Entities.  Then, after identifying which policies were issued to Roman Catholic

Entities, the Zurich Insurers, with the assistance of counsel, would have to determine if those

identified policies "provide[ ] coverage for an Abuse Claim [that] is or will be channeled and

released pursuant to . . . the Zurich Term Sheet.  Such a policy search could not be completed

before the end of the confirmation hearing in this case.  In sum, this Interrogatory is overbroad,

unduly burdensome, and not proportional to the needs of the case.

Accordingly, the Zurich Insurers will not provide any information in response to

this Interrogatory.

**INTERROGATORY NO. 6:**

To the extent not identified in the answers to Interrogatories 1, 2 or 3, above,

please describe with information sufficient to identify the document with specificity (including

without limitation the name of the insured, the issue date, the policy limits, and the issuing

insurer), any Local Council Insurance Policy issued to a Local Council by Zurich Insurers which

provides coverage for an Abuse Claim such that the Abuse Claim is or will be channeled and

released pursuant the Zurich Term Sheet attached as Exhibit A to the Ninth Mediator's Report

[Doc. No. 7928].

### Response to Interrogatory No. 6:

The Zurich Insurers incorporate by reference their General Objections as if

stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers refer the RCAHC to the Zurich Insurers' Response to Interrogatory No. 2, which the Zurich Insurers incorporate here by this reference.

**INTERROGATORY NO. 7:**

To the extent not identified in the answers to Interrogatories 1, 2 or 3, above, please describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the issue date, the policy limits, and the issuing insurer), any Local Council Insurance Policy issued to a Local Council by Zurich Insurers which provides coverage for an Abuse Claim such that the Abuse Claim is or will be channeled and released pursuant to the Zurich Term Sheet attached as Exhibit A to the Ninth Mediator's Report [Doc. No. 7928].

**Response to Interrogatory No. 7:**

The Zurich Insurers incorporate by reference their General Objections as if

stated here in full.  In addition to their general objections, the Zurich Insurers also make the following specific objections:

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.  This Interrogatory is completely duplicative of Interrogatory No. 6.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.

The Zurich Insurers further object to this Interrogatory on the grounds that it is an exact duplicate of Interrogatory No. 6, except that this Interrogatory adds the word "to" after the word "pursuant."

Subject to, and without waiving any of the foregoing objections, the Zurich Insurers refer the RCAHC to the Zurich Insurers' Response to Interrogatory No. 2, which the Zurich Insurers incorporate here by this reference.

**<u>INTERROGATORY NO. 8:</u>**

To the extent not identified in the answers to Interrogatories 1, 2 or 3, above, please describe with information sufficient to identify the document with specificity (including without limitation the name of the insured, the issue date, the policy limits, and the issuing insurer) all general liability policies that we ever sold or issued by Zurich Insurers to a Roman Catholic Entity.

**<u>Response to Interrogatory No. 8:</u>**

The Zurich Insurers object to this Interrogatory on the grounds that, as stated, it is vague, ambiguous, and unintelligible.  The Interrogatory asks the Zurich Insurers to identify "all general liability policies that we ever sold or issued by Zurich Insurers to a Roman Catholic Entity," with "we" seemingly referring to the RCAHC.  The Zurich Insurers did not ever sell or issue policies through the RCAHC.  The Zurich Insurers also object to this Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent it seeks information which is not reasonably available to the Zurich Insurers or within their possession, custody, or control.

In addition, the Zurich Insurers object to this Interrogatory to the extent that it seeks information neither relevant to the subject matter of the Plan confirmation proceedings nor reasonably calculated to lead to the discovery of admissible evidence, is not proportional to the needs of the case, or is improper for any reason.  Information related to "all general liability policies . . . ever sold or issued by Zurich Insurers to a Roman Catholic Entity" is not relevant to the subject matter of the Plan confirmation proceedings.

Further, the Zurich Insurers object to this Interrogatory to the extent that it purports to ask the Zurich Insurers to "[d]escribe . . . all general liability policies . . . ever sold or issued by Zurich Insurers to a Roman Catholic Entity."  Responding to this Interrogatory would impose an undue burden on the Zurich Insurers.  The Zurich Insurers do not classify or organize their policies by the insured's religious affiliation.  Thus, someone (presumably, the RCAHC) would have to provide the Zurich Insurers with a list of specific Roman Catholic Entities, for the Zurich Insurers to use in their policy search.  Such a policy search could not be completed before the end of the confirmation hearing in this case.

In sum, this Interrogatory is overbroad, unduly burdensome, and not

proportional to the needs of the case.  Accordingly, the Zurich Insurers will not provide any information in response to this Interrogatory.

DATED:  January 7, 2022

                                     */s/ Robert D. Cecil, Jr.*
Robert D. Cecil, Jr.
TYBOUT, REDFEARN & PELL
501 Carr Road, Suite 300
Wilmington, Delaware 19809
Phone: (302) 658-6901
E-mail: rcecil@trplaw.com

Mark D. Plevin (admitted *pro hac vice*)
Warrington S. Parker III (admitted *pro hac vice*)
Kevin D. Cacabelos (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail:  mplevin@crowell.com
wparker@crowell.com,
kcacabelos@crowell.com

Toni M. Jackcon (admitted *pro hac vice*)
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tjackson@crowell.com,
tyoon@crowell.com, rjankowski@crowell.com

Attorneys for American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company

906428269

## **VERIFICATION**

I, Elizabeth Titus, am a Claim Specialist/Mass Litigation, Latent &

Environmental Claims, at Zurich American Insurance Company, and I am authorized to provide

this verification on behalf of American Zurich Insurance Company, American Guarantee and

Liability Insurance Company, and Steadfast Insurance Company.  I believe, based on reasonable

inquiry, that the foregoing answers are true and correct to the best of my knowledge,

information and belief.

I verify under penalty of perjury that the foregoing is true and correct.  Executed

on January 6, 2022 at Schaumburg, Illinois

_____*/s/ Elizabeth Titus*_____