# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11<br>Jointly Administered |
| Debtors. | |

**THE ROMAN CATHOLIC AD HOC COMMITTEE'S NOTICE OF DEPOSITION TO
CENTURY INDEMNITY COMPANY**

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Bank. P. 7030 and 9014, The Roman Catholic Ad Hoc Committee shall take the deposition of the Century Indemnity Company ("Century") on the topics described in attached **Exhibit 1**.

The deposition will commence on **January 27, 2022 at 10:00 a.m. (Eastern Time)** and will proceed in person at the office of Schiff Hardin LLP, 233 S. Wacker Drive, Suite 7100, Chicago, IL 60606, remotely via video conference, or by such other means as may be agreed upon by counsel.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths and shall be recorded by videographic and/or stenographic means.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 13, 2022
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *Jeremy W. Ryan*
Jeremy W. Ryan (Bar No. 4057)
Aaron H. Stulman (Bar No. 5807)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
            astulman@potteranderson.com

- and -

**SCHIFF HARDIN LLP**

Everett Cygal, *admitted pro hac vice*
David Spector, *admitted pro hac vice*
J. Mark Fisher, *admitted pro hac vice*
Neil Lloyd, *admitted pro hac vice*
Daniel Schufreider, *admitted pro hac vice*
Jin Yan, *admitted pro hac vice*
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email: ecygal@schiffhardin.com
            dspector@schiffhardin.com
            mfisher@schiffhardin.com
            nlloyd@schiffhardin.com
            dschufreider@schiffhardin.com
            jyan@schiffhardin.com

*Counsel to the Roman Catholic Ad Hoc Committee*

## EXHIBIT 1

### Definitions

1.     Unless otherwise defined, capitalized terms shall have the meanings stated in the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 7832].

2.     "Plan" shall mean the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 7832] including all Exhibits, Appendices and any documents attached to the Plan Supplement [Docket No. 7515] or the Amended Plan Supplement [Docket No. 7953].

### Deposition Topics

1.     Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

2.     The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures.

3.     The Century and Chubb Companies Insurance Settlement Agreement.

4.     The Century and Chubb Companies Term Sheet.

5.     Paragraphs 8, 9 and 11 of the Century Term Sheet.

6.     All BSA Insurance Policies issued by Century.

7.     All Local Council Insurance Policies issued by Century.

8.     All policies of insurance issued to Roman Catholic Entities.

9.     Which Abuse Claims against insureds and co-insureds covered under insurance policies issued by any Settling Insurer [as defined in the Century Term Sheet] will be channeled

under the Settling Insurer Policy Injunction [as defined in the Century Term Sheet] or the Channeling Injunction [as defined in the Plan].

10.     Which BSA Insurance Policies issued by any Settling Insurer [Century Term Sheet] cover Abuse Claims against insureds and co-insureds.

11.     Which Local Council Insurance Policies issued by any Settling Insurer [Century Term Sheet] cover Abuse Claims against insureds and co-insureds.

12.     Which policies of insurance issued by any Settling Insurer [Century Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds.

13.     The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

>     a.  With respect to Local Council Insurance Policies issued by any Settling Insurer [Century Term Sheet], by year and by Local Council, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

>     b.  With respect to BSA Insurance Policies issued by any Settling Insurer [Century Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976.

## **CERTIFICATE OF SERVICE**

I, Jeremy W. Ryan do hereby certify that on January 13, 2022, a copy of the foregoing **The Roman Catholic Ad Hoc Committee's Notice of Deposition to Century Indemnity Company** was served on the parties listed via email.

/s/ Jeremy W. Ryan
Jeremy Ryan (No. 4057)

CH2:25416567.1

**In re Boy Scouts of America and Delaware BSA, LLC**
**<u>Revised Participating Parties List</u>**

**BSA**
Jessica C. Lauria                          jessica.lauria@whitecase.com
Michael C Andolina                         mandolina@whitecase.com
Matthew Linder                             mlinder@whitecase.com
Laura E. Baccash                           laura.baccash@whitecase.com
Blair M. Warner                            blair.warner@whitecase.com
Samuel Hershey                             sam.hershey@whitecase.com
Glenn Kurtz                                gkurtz@whitecase.com
Robert Tiedemann                           rtiedemann@whitecase.com
Andrew Hammond                             ahammond@whitecase.com
Jennifer Thomas                            Jennifer.thomas@whitecase.com
Doah Kim                                   doah.kim@whitecase.com
Ronald Gorsich                             rgorsich@whitecase.com
Derek Abbott                               DAbbott@morrisnichols.com
Andrew Remming                             aremming@morrisnichols.com
Paige Topper                               ptopper@morrisnichols.com
Tori Remington                             tremington@morrisnichols.com
Ernest Martin                              Ernest.Martin@haynesboone.com
Adrian Azer                                Adrian.Azer@haynesboone.com

**U.S. Trustee**
David L. Buchbinder                        david.l.buchbinder@usdoj.gov
Hanna Mufson McCollum                      hannah.mccollum@usdoj.gov

**Tort Claimants' Committee**
James Stang                                jstang@pszjlaw.com
Rob Orgel                                  rorgel@pszjlaw.com
John A. Morris                             jmorris@pszjlaw.com
John W. Lucas                              jlucas@pszjlaw.com
Linda Cantor                               lcantor@pszjlaw.com
James O'Neill                              joneill@pszjlaw.com
Debra Grassgreen                           dgrassgreen@pszjlaw.com
Ken Brown                                  kbrown@pszjlaw.com
Malhar S. Pagay                            mpagay@pszjlaw.com
Richard M. Pachulski                       rpachulski@pszjlaw.com
Alan J. Kornfeld                           akornfeld@pszjlaw.com

**Ad Hoc Committee of Local Councils**
Richard G. Mason                           RGMason@WLRK.com
Douglas K. Mayer                           DKMayer@WLRK.com
Joseph C. Celentino                        JCCelentino@WLRK.com
Mitchell Levy                              MSLevy@wlrk.com

**Creditors' Committee**

| | |
|---|---|
| Thomas Moers Mayer | TMayer@kramerlevin.com |
| Rachael Ringer | rringer@kramerlevin.com |
| Jennifer Sharret | jsharret@kramerlevin.com |
| Megan Wasson | mwasson@kramerlevin.com |
| Natan Hammerman | nhamerman@kramerlevin.com |
| Mark Eckar | meckard@reedsmith.com |
| Kurt Gwynne | kgwynne@reedsmith.com |

**Future Claimants' Representative**

| | |
|---|---|
| Robert Brady | rbrady@ycst.com |
| Edwin Harron | eharron@ycst.com |
| Sharon Zieg | szieg@ycst.com |
| Erin Edwards | eedwards@ycst.com |
| Kenneth Enos | kenos@ycst.com |
| Kevin Guerke | kguerke@ycst.com |
| Ashley Jacobs | ajacobs@ycst.com |
| Jared Kochenash | jkochenash@ycst.com |
| Sara Beth Kohut | skohut@ycst.com |
| Rachel Jennings | jenningsr@gilbertlegal.com |
| Meredith Neely | neelym@gilbertlegal.com |
| Kami Quinn | quinnk@gilbertlegal.com |
| W. Hunter Winstead | winsteadh@gilbertlegal.com |
| Emily Grim | grime@gilbertlegal.com |

**Coalition of Abused Scouts for Justice**

| | |
|---|---|
| D. Cameron Moxley | cmoxley@brownrudnick.com |
| David Molton | dmolton@brownrudnick.com |
| Sunni Beville | sbeville@brownrudnick.com |
| Tristan Axelrod | taxelrod@brownrudnick.com |
| Barbara J. Kelly | bkelly@brownrudnick.com |
| Gerard Cicero | gcicero@brownrudnick.com |
| Eric Goodman | egoodman@brownrudnick.com |
| Rachel Merksy | rmersky@monlaw.com |

**JPMorgan Chase Bank, N.A.**

| | |
|---|---|
| Kristian Gluck | kristian.gluck@nortonrosefulbright.com |
| John Heath | john.heath@nortonrosefulbright.com |
| Sarah Cornelia | sarah.cornelia@nortonrosefulbright.com |
| Steven Zelin | zelin@pjtpartners.com |
| John Singh | singhj@pjtpartners.com |
| Scott Meyerson | meyerson@pjtpartners.com |
| Lukas Schwarzmann | lukas.schwarzmann@pjtpartners.com |

**The Church of Jesus Christ of Latter-day Saints, a Utah Corporation sole**

Jeff Bjork — jeff.bjork@lw.com
Robert Malionek — Robert.malionek@lw.com
Deniz Irgi — deniz.irgi@lw.com
Adam Goldberg — adam.goldberg@lw.com
Blake Denton — Blake.Denton@lw.com
Amy Quartarolo — Amy.Quartarolo@lw.com
Benjamin Dozier — Benjamin.Butzin-Dozier@lw.com
Sohom Datta — Sohom.Datta@lw.com
Natasha BronnSchrier — natasha.bronnschrier@lw.com
Ryan Jones — ryan.jones@lw.com
Michael Merchant — merchant@rlf.com
Brett Haywood — haywood@rlf.com

**United Methodist Ad Hoc Committee**

Ed Rice — erice@bradley.com
Elizabeth Brusa — ebrusa@bradley.com

**Roman Catholic Ad Hoc Committee Catholic Mutual Relief Society of America**

Everett Cygal — ecygal@schiffhardin.com
Mark Fisher — mfisher@schiffhardin.com
Daniel Schufreider — dschufreider@schiffhardin.com
Jin Yan — jyan@schiffhardin.com
Jeremy Ryan — jryan@potteranderson.com
Aaron H. Stulman — astulman@potteranderson.com

**The Episcopal Church and Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America**

Mark Salzberg — mark.salzberg@squirepb.com

**Roman Catholic Diocese of Brooklyn, New York, Roman Catholic Archbishop of Los Angeles, a corporation sole, Roman Catholic Diocese of Dallas, a Texas nonprofit corporation, Archdiocese of Galveston-Houston, and Diocese of Austin**

Patrick A. Jackson — patrick.jackson@faegredrinker.com
Ian J. Bambrick — ian.bambrick@faegredrinker.com

**Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC, representative group for various state court counsel**

Daniel Bussel — dbussel@ktbslaw.com
Thomas Patterson — tpatterson@ktbslaw.com
Sasha Gurvitz — sgurvitz@ktbslaw.com
Roberty Pfister — rpfister@ktbslaw.com
Michal Horton — mhorton@michaelhortonlaw.com

**Agricultural Insurance Company**

Bruce W. McCullough — bmccullough@bodellbove.com

Bruce D. Celebrezze                          bruce.celebrezze@clydeco.us
Conrad Krebs                                 konrad.krebs@clydeco.us
David Christian                              dchristian@dca.law

**AIG (National Union Fire Insurance Company, Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania)**
Susan Gummow                                 sgummow@fgppr.com
Tracey Jordan                                tjordan@fgppr.com
Michael Rosenthal                            mrosenthal@gibsondunn.com
Deirdre Richards                             drichards@finemanlawfirm.com
Matthew Bouslog                              mbouslog@gibsondunn.com
James Hallowell                              jhallowell@gibsondunn.com
Keith Martorana                              kmartorana@gibsondunn.com
Tyler H. Amass                               tamass@gibsondunn.com
Tyler Andrew Hammond                         thammond@gibsondunn.com
Amanda George                                ageorge@gibsondunn.com
Dylan S. Cassidy                             dcassidy@gibsondunn.com

**Allianz Global Risks US Insurance Company**
Ryan Smethurst                               rsmethurst@mwe.com
Margaret Warner                              mwarner@mwe.com
Matthew S. Sorem                             msorem@nicolaidesllp.com

**American Zurich Insurance Company**
Mark Plevin                                  MPlevin@crowell.com
Tacie Yoon                                   TYoon@crowell.com
Rachel Jankowski                             RJankowski@crowell.com
Robert Cecil                                 rcecil@trplaw.com

**Argonaut Insurance Company and Colony Insurance Company**
Laura Archie                                 laura.archie@argogroupus.com
Paul Logan                                   plogan@postschell.com
Kathleen K. Kerns                            kkerns@postschell.com
George R. Calhoun                            george@ifrahlaw.com

**Arrowood Indemnity Company**
Michael Hrinewski                            mhrinewski@coughlinduffy.com
Lorraine Armenti                             LArmenti@coughlinduffy.com

**Aspen Insurance Holdings Limited**
Clay Wilson                                  cwilkerson@brownsims.com

**AXA XL**
Jonathan Mulvihill                           Jonathan.mulvihill@axaxl.com
Lloyd A. Gura                                lgura@moundcotton.com
Pamela Minetto                               pminetto@moundcotton.com
Kathleen Miller                              kmiller@skjlaw.com

**Ategrity Specialty**
John Morgenstern     jmorgenstern@ohaganmeyer.com
Matthew Szwjakowski    mszwajkowski@ohaganmeyer.com
Carl "Chuck" Kunz, III    ckunz@morrisjames.com

**Berkley Custom**
John Baay        jbaay@glllaw.com

**Berkeley Research Group**
Matthew Babcock     MBabcock@thinkbrg.com

**Clarendon America Insurance Company**
Kenya Spivey      Kenya.Spivey@enstargroup.com
Harry Lee       hlee@steptoe.com
Brett Grindrod      bgrindrod@steptoe.com
John O'Connor      joconnor@steptoe.com
Nailah Ogle       nogle@steptoe.com
Matthew Summers     SummersM@ballardspahr.com

**Century Indemnity Company**
Stamatios Stamoulis    Stamoulis@swdelaw.com
Richard Weinblatt     weinblatt@swdelaw.com
Tancred Schiavoni     tschiavoni@omm.com
Salvatore J. Cocchiaro    scocchiaro@omm.com

**CNA**
Laura McNally      lmcnally@loeb.com
Emily Stone       estone@loeb.com

**General Star Indemnity**
Gary P. Seligman     gseligman@wiley.law
Ashley L. Criss      acriss@wiley.law
Kathleen Miller      kmiller@skjlaw.com

**Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company**
James P. Ruggeri     JRuggeri@ruggerilaw.com
Joshua D. Weinberg    jweinberg@ruggerilaw.com
Annette Rolain      arolain@ruggerilaw.com
Sara Hunkler      shunkler@ruggerilaw.com
Phil Anker       Philip.Anker@wilmerhale.com
Danielle Spinelli     Danielle.Spinelli@wilmerhale.com
Joel Millar       Joel.Millar@wilmerhale.com
Lauren Lifland      lauren.lifland@wilmerhale.com
Benjamin Loveland     Benjamin.loveland@wilmerhale.com
Erin Fay       efay@bayardlaw.com
Gregory Flasser      gflasser@bayardlaw.com

**Liberty Mutual**

Douglas R. Gooding                          dgooding@choate.com

Jonathan Marshall                           jmarshall@choate.com

Kim V. Marrkand                           KMarrkand@mintz.com

**Markel**

Russell Dennis                             russell.dennis@markel.com

Jessica O'Neill                            Jessica.oneill@markel.com

Michael Pankow                           MPankow@BHFS.com

**Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Company**

Harry Lee                             HLee@steptoe.com

Brett Grindod                            bgrindod@steptoe.com

Nailah Ogle                             nogle@steptoe.com

**Munich Re**

Thaddeus Weaver                           tweaver@dilworthlaw.com

William McGrath                           wmcgrath@dilworthlaw.com

**National Surety**

Todd C Jacobs                            TJacobs@bradleyriley.com

John E. Bucheit                           jbucheit@bradleyriley.com

David M. Caves                           dcaves@bradleyriley.com

Harris B. Winsberg                        harris.winsberg@troutman.com

David Fournier                           david.fournier@troutman.com

Marcy Smith                            marcy.smith@troutman.com

**Old Republic Insurance Company**

Thomas Dare                            tdare@oldrepublic.com

Peg Anderson                           panderson@foxswibel.com

Adam Hachikian                         ahachikian@foxswibel.com

Kenneth Thomas                        kthomas@foxswibel.com

Ryan Schultz                           rschultz@foxswibel.com

Stephen Miller                         smiller@morrisjames.com

Carl Kunz, III                           ckunz@morrisjames.com

**Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company**

Joseph Ziemianski                       jziemianski@cozen.com

Marla Benedek                         mbenedek@cozen.com

**Travelers**

Scott Myers                             SPMyers@travelers.com

Louis Rizzo                             lrizzo@regerlaw.com

## Notice of Intent Parties

**Lujan Claimants**
Delia Lujan Wolff                                    dslwolff@lawguam.com
Christopher Loizides                                 loizides@loizides.com

**Kentucky Creditors: N.C., K.W., C.F., B.L.,
A.F. and A.S:**
Raeann Warner                                       raeann@jcdelaw.com
Louis Schneider                                     lou.schneider@thomaslawoffices.com
Tad Thomas                                          tad@thomaslawoffices.com

**Crew Janci Claimants**
Salle Veghte                                        sveghte@klehr.com
Morton Branzburg                                    mbranzburg@klehr.com
Peter Janci                                         peter@crewjanci.com

**Hurley McKenna & Mertz Survivors
(HMM)**
Sally Veghte                                         sveghte@klehr.com
Christopher Hurley                                  churley@hurley-law.com
Evan Smola                                          esmola@hurley-law.com

**Lonnie Washburn (*Pro Se*)**[1]                   ███████████████████

**Frank Schwindler (*Pro Se*)**                     nundawao@gmail.com

**Gillispie Claimants**
Sally Veghte                                        sveghte@klehr.com
Joshua Gillispie                                    josh@greenandgillispie.com
Morton Branzburg                                    mbranzburg@klehr.com

---

[1]  Contact information for the *pro se* individuals has been provided to the Participating Parties.

**Arch Insurance Company**

| | |
|---|---|
| Kathleen Miller | kmiller@skjlaw.com |
| Matthew Hamermesh | mah@hangley.com |
| Ronald Schiller | rschiller@hangley.com |
| Sharon McKee | smckee@hangley.com |
| Elizabeth Dolce | edolce@hangley.com |

**Jane Doe**

| | |
|---|---|
| Mark L. Desgrosseilliers | desgross@chipmanbrown.com |
| Cindy L. Robinson | crobinson@robinsonmahoney.com; |
| Douglas Mahoney | dmahoney@robinsonmahoney.com |

**Dumas & Vaughn, LLC Claimants**

| | |
|---|---|
| David M. Klauder | dklauder@bk-legal.com |
| Ashley L. Vaughn | ashley@dumasandvaughn.com |

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11<br>Jointly Administered |
| Debtors. | |

**THE ROMAN CATHOLIC AD HOC COMMITTEE'S NOTICE OF DEPOSITION TO
CHUBB GROUP HOLDINGS, INC.**

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Bank. P. 7030 and 9014, The Roman Catholic Ad Hoc Committee shall take the deposition of the Chubb Limited, Chubb Group Holdings, Inc., and the Chubb Subsidiary Insurers (collectively, "Chubb") on the topics described in attached **Exhibit 1**.

The deposition will commence on **January 27, 2022 at 10:00 a.m. (Eastern Time)** and will proceed in person at the office of Schiff Hardin LLP, 233 S. Wacker Drive, Suite 7100, Chicago, IL 60606, remotely via video conference, or by such other means as may be agreed upon by counsel.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths and shall be recorded by videographic and/or stenographic means.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 13, 2022
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *Jeremy W. Ryan*
Jeremy W. Ryan (Bar No. 4057)
Aaron H. Stulman (Bar No. 5807)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
         astulman@potteranderson.com

- and -

**SCHIFF HARDIN LLP**

Everett Cygal, *admitted pro hac vice*
David Spector, *admitted pro hac vice*
J. Mark Fisher, *admitted pro hac vice*
Neil Lloyd, *admitted pro hac vice*
Daniel Schufreider, *admitted pro hac vice*
Jin Yan, *admitted pro hac vice*
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email: ecygal@schiffhardin.com
         dspector@schiffhardin.com
         mfisher@schiffhardin.com
         nlloyd@schiffhardin.com
         dschufreider@schiffhardin.com
         jyan@schiffhardin.com

*Counsel to the Roman Catholic Ad Hoc Committee*

## EXHIBIT 1

### Definitions

1.      Unless otherwise defined, capitalized terms shall have the meanings stated in the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 7832].

2.      "Plan" shall mean the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 7832] including all Exhibits, Appendices and any documents attached to the Plan Supplement [Docket No. 7515] or the Amended Plan Supplement [Docket No. 7953].

### Deposition Topics

1.      Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

2.      The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures.

3.      The Century and Chubb Companies Insurance Settlement Agreement.

4.      The Century and Chubb Companies Term Sheet.

5.      Paragraphs 8, 9 and 11 of the Century and Chubb Term Sheet.

6.      All BSA Insurance Policies issued by Chubb.

7.      All Local Council Insurance Policies issued by Chubb.

8.      All policies of insurance issued to Roman Catholic Entities.

9.      Which Abuse Claims against insureds and co-insureds covered under insurance policies issued by any Settling Insurer [as defined in the Century and Chubb Term Sheet] will be

channeled under the Settling Insurer Policy Injunction [as defined in the Century and Chubb Term Sheet] or the Channeling Injunction [as defined in the Plan].

10.     Which BSA Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet] cover Abuse Claims against insureds and co-insureds.

11.     Which Local Council Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet] cover Abuse Claims against insureds and co-insureds.

12.     Which policies of insurance issued by any Settling Insurer [Century and Chubb Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds.

13.     The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

    a. With respect to Local Council Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet], by year and by Local Council, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

    b. With respect to BSA Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976.

## <u>CERTIFICATE OF SERVICE</u>

I, Jeremy W. Ryan do hereby certify that on January 13, 2022, a copy of the foregoing **The Roman Catholic Ad Hoc Committee's Notice of Deposition to Chubb Group Holdings, Inc.** was served on the parties listed via email.

/s/ Jeremy W. Ryan
Jeremy Ryan (No. 4057)

CH2:25416567.1

**In re Boy Scouts of America and Delaware BSA, LLC**
**Revised Participating Parties List**

**BSA**
Jessica C. Lauria                                    jessica.lauria@whitecase.com
Michael C Andolina                                   mandolina@whitecase.com
Matthew Linder                                       mlinder@whitecase.com
Laura E. Baccash                                     laura.baccash@whitecase.com
Blair M. Warner                                      blair.warner@whitecase.com
Samuel Hershey                                       sam.hershey@whitecase.com
Glenn Kurtz                                          gkurtz@whitecase.com
Robert Tiedemann                                     rtiedemann@whitecase.com
Andrew Hammond                                       ahammond@whitecase.com
Jennifer Thomas                                      Jennifer.thomas@whitecase.com
Doah Kim                                             doah.kim@whitecase.com
Ronald Gorsich                                       rgorsich@whitecase.com
Derek Abbott                                         DAbbott@morrisnichols.com
Andrew Remming                                       aremming@morrisnichols.com
Paige Topper                                         ptopper@morrisnichols.com
Tori Remington                                       tremington@morrisnichols.com
Ernest Martin                                        Ernest.Martin@haynesboone.com
Adrian Azer                                          Adrian.Azer@haynesboone.com

**U.S. Trustee**
David L. Buchbinder                                  david.l.buchbinder@usdoj.gov
Hanna Mufson McCollum                                hannah.mccollum@usdoj.gov

**Tort Claimants' Committee**
James Stang                                          jstang@pszjlaw.com
Rob Orgel                                            rorgel@pszjlaw.com
John A. Morris                                       jmorris@pszjlaw.com
John W. Lucas                                        jlucas@pszjlaw.com
Linda Cantor                                         lcantor@pszjlaw.com
James O'Neill                                        joneill@pszjlaw.com
Debra Grassgreen                                     dgrassgreen@pszjlaw.com
Ken Brown                                            kbrown@pszjlaw.com
Malhar S. Pagay                                      mpagay@pszjlaw.com
Richard M. Pachulski                                 rpachulski@pszjlaw.com
Alan J. Kornfeld                                     akornfeld@pszjlaw.com

**Ad Hoc Committee of Local Councils**
Richard G. Mason                                     RGMason@WLRK.com
Douglas K. Mayer                                     DKMayer@WLRK.com
Joseph C. Celentino                                  JCCelentino@WLRK.com
Mitchell Levy                                        MSLevy@wlrk.com

**Creditors' Committee**
Thomas Moers Mayer                      TMayer@kramerlevin.com
Rachael Ringer                          rringer@kramerlevin.com
Jennifer Sharret                        jsharret@kramerlevin.com
Megan Wasson                            mwasson@kramerlevin.com
Natan Hammerman                         nhamerman@kramerlevin.com
Mark Eckar                              meckard@reedsmith.com
Kurt Gwynne                             kgwynne@reedsmith.com

**Future Claimants' Representative**
Robert Brady                            rbrady@ycst.com
Edwin Harron                            eharron@ycst.com
Sharon Zieg                             szieg@ycst.com
Erin Edwards                            eedwards@ycst.com
Kenneth Enos                            kenos@ycst.com
Kevin Guerke                            kguerke@ycst.com
Ashley Jacobs                           ajacobs@ycst.com
Jared Kochenash                         jkochenash@ycst.com
Sara Beth Kohut                         skohut@ycst.com
Rachel Jennings                         jenningsr@gilbertlegal.com
Meredith Neely                          neelym@gilbertlegal.com
Kami Quinn                              quinnk@gilbertlegal.com
W. Hunter Winstead                      winsteadh@gilbertlegal.com
Emily Grim                              grime@gilbertlegal.com

**Coalition of Abused Scouts for Justice**
D. Cameron Moxley                       cmoxley@brownrudnick.com
David Molton                            dmolton@brownrudnick.com
Sunni Beville                           sbeville@brownrudnick.com
Tristan Axelrod                         taxelrod@brownrudnick.com
Barbara J. Kelly                        bkelly@brownrudnick.com
Gerard Cicero                           gcicero@brownrudnick.com
Eric Goodman                            egoodman@brownrudnick.com
Rachel Merksy                           rmersky@monlaw.com

**JPMorgan Chase Bank, N.A.**
Kristian Gluck                          kristian.gluck@nortonrosefulbright.com
John Heath                              john.heath@nortonrosefulbright.com
Sarah Cornelia                          sarah.cornelia@nortonrosefulbright.com
Steven Zelin                            zelin@pjtpartners.com
John Singh                              singhj@pjtpartners.com
Scott Meyerson                          meyerson@pjtpartners.com
Lukas Schwarzmann                       lukas.schwarzmann@pjtpartners.com

**The Church of Jesus Christ of Latter-day Saints, a Utah Corporation sole**

| | |
|---|---|
| Jeff Bjork | jeff.bjork@lw.com |
| Robert Malionek | Robert.malionek@lw.com |
| Deniz Irgi | deniz.irgi@lw.com |
| Adam Goldberg | adam.goldberg@lw.com |
| Blake Denton | Blake.Denton@lw.com |
| Amy Quartarolo | Amy.Quartarolo@lw.com |
| Benjamin Dozier | Benjamin.Butzin-Dozier@lw.com |
| Sohom Datta | Sohom.Datta@lw.com |
| Natasha BronnSchrier | natasha.bronnschrier@lw.com |
| Ryan Jones | ryan.jones@lw.com |
| Michael Merchant | merchant@rlf.com |
| Brett Haywood | haywood@rlf.com |

**United Methodist Ad Hoc Committee**

| | |
|---|---|
| Ed Rice | erice@bradley.com |
| Elizabeth Brusa | ebrusa@bradley.com |

**Roman Catholic Ad Hoc Committee Catholic Mutual Relief Society of America**

| | |
|---|---|
| Everett Cygal | ecygal@schiffhardin.com |
| Mark Fisher | mfisher@schiffhardin.com |
| Daniel Schufreider | dschufreider@schiffhardin.com |
| Jin Yan | jyan@schiffhardin.com |
| Jeremy Ryan | jryan@potteranderson.com |
| Aaron H. Stulman | astulman@potteranderson.com |

**The Episcopal Church and Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America**

| | |
|---|---|
| Mark Salzberg | mark.salzberg@squirepb.com |

**Roman Catholic Diocese of Brooklyn, New York, Roman Catholic Archbishop of Los Angeles, a corporation sole, Roman Catholic Diocese of Dallas, a Texas nonprofit corporation, Archdiocese of Galveston-Houston, and Diocese of Austin**

| | |
|---|---|
| Patrick A. Jackson | patrick.jackson@faegredrinker.com |
| Ian J. Bambrick | ian.bambrick@faegredrinker.com |

**Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC, representative group for various state court counsel**

| | |
|---|---|
| Daniel Bussel | dbussel@ktbslaw.com |
| Thomas Patterson | tpatterson@ktbslaw.com |
| Sasha Gurvitz | sgurvitz@ktbslaw.com |
| Roberty Pfister | rpfister@ktbslaw.com |
| Michal Horton | mhorton@michaelhortonlaw.com |

**Agricultural Insurance Company**

| | |
|---|---|
| Bruce W. McCullough | bmccullough@bodellbove.com |

Bruce D. Celebrezze                        bruce.celebrezze@clydeco.us
Conrad Krebs                               konrad.krebs@clydeco.us
David Christian                            dchristian@dca.law

**AIG (National Union Fire Insurance Company, Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania)**
Susan Gummow                               sgummow@fgppr.com
Tracey Jordan                              tjordan@fgppr.com
Michael Rosenthal                          mrosenthal@gibsondunn.com
Deirdre Richards                           drichards@finemanlawfirm.com
Matthew Bouslog                            mbouslog@gibsondunn.com
James Hallowell                            jhallowell@gibsondunn.com
Keith Martorana                            kmartorana@gibsondunn.com
Tyler H. Amass                             tamass@gibsondunn.com
Tyler Andrew Hammond                       thammond@gibsondunn.com
Amanda George                              ageorge@gibsondunn.com
Dylan S. Cassidy                           dcassidy@gibsondunn.com

**Allianz Global Risks US Insurance Company**
Ryan Smethurst                             rsmethurst@mwe.com
Margaret Warner                            mwarner@mwe.com
Matthew S. Sorem                           msorem@nicolaidesllp.com

**American Zurich Insurance Company**
Mark Plevin                                MPlevin@crowell.com
Tacie Yoon                                 TYoon@crowell.com
Rachel Jankowski                           RJankowski@crowell.com
Robert Cecil                               rcecil@trplaw.com

**Argonaut Insurance Company and Colony Insurance Company**
Laura Archie                               laura.archie@argogroupus.com
Paul Logan                                 plogan@postschell.com
Kathleen K. Kerns                          kkerns@postschell.com
George R. Calhoun                          george@ifrahlaw.com

**Arrowood Indemnity Company**
Michael Hrinewski                          mhrinewski@coughlinduffy.com
Lorraine Armenti                           LArmenti@coughlinduffy.com

**Aspen Insurance Holdings Limited**
Clay Wilson                                cwilkerson@brownsims.com

**AXA XL**
Jonathan Mulvihill                         Jonathan.mulvihill@axaxl.com
Lloyd A. Gura                              lgura@moundcotton.com
Pamela Minetto                             pminetto@moundcotton.com
Kathleen Miller                            kmiller@skjlaw.com

**Ategrity Specialty**
John Morgenstern                                    jmorgenstern@ohaganmeyer.com
Matthew Szwajkowski                                 mszwajkowski@ohaganmeyer.com
Carl "Chuck" Kunz, III                              ckunz@morrisjames.com

**Berkley Custom**
John Baay                                           jbaay@glllaw.com

**Berkeley Research Group**
Matthew Babcock                                     MBabcock@thinkbrg.com

**Clarendon America Insurance Company**
Kenya Spivey                                        Kenya.Spivey@enstargroup.com
Harry Lee                                           hlee@steptoe.com
Brett Grindrod                                      bgrindrod@steptoe.com
John O'Connor                                       joconnor@steptoe.com
Nailah Ogle                                         nogle@steptoe.com
Matthew Summers                                     SummersM@ballardspahr.com

**Century Indemnity Company**
Stamatios Stamoulis                                 Stamoulis@swdelaw.com
Richard Weinblatt                                   weinblatt@swdelaw.com
Tancred Schiavoni                                   tschiavoni@omm.com
Salvatore J. Cocchiaro                              scocchiaro@omm.com

**CNA**
Laura McNally                                       lmcnally@loeb.com
Emily Stone                                         estone@loeb.com

**General Star Indemnity**
Gary P. Seligman                                    gseligman@wiley.law
Ashley L. Criss                                     acriss@wiley.law
Kathleen Miller                                     kmiller@skjlaw.com

**Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company and Navigators Specialty Insurance Company**
James P. Ruggeri                                    JRuggeri@ruggerilaw.com
Joshua D. Weinberg                                  jweinberg@ruggerilaw.com
Annette Rolain                                      arolain@ruggerilaw.com
Sara Hunkler                                        shunkler@ruggerilaw.com
Phil Anker                                          Philip.Anker@wilmerhale.com
Danielle Spinelli                                   Danielle.Spinelli@wilmerhale.com
Joel Millar                                         Joel.Millar@wilmerhale.com
Lauren Lifland                                      lauren.lifland@wilmerhale.com
Benjamin Loveland                                   Benjamin.loveland@wilmerhale.com
Erin Fay                                            efay@bayardlaw.com
Gregory Flasser                                     gflasser@bayardlaw.com

**Liberty Mutual**
Douglas R. Gooding                          dgooding@choate.com
Jonathan Marshall                           jmarshall@choate.com
Kim V. Marrkand                             KMarrkand@mintz.com

**Markel**
Russell Dennis                              russell.dennis@markel.com
Jessica O'Neill                             Jessica.oneill@markel.com
Michael Pankow                              MPankow@BHFS.com

**Maryland Casualty Company, Maryland American General Group, and American General Fire & Casualty Company**
Harry Lee                                   HLee@steptoe.com
Brett Grindod                               bgrindod@steptoe.com
Nailah Ogle                                 nogle@steptoe.com

**Munich Re**
Thaddeus Weaver                             tweaver@dilworthlaw.com
William McGrath                             wmcgrath@dilworthlaw.com

**National Surety**
Todd C Jacobs                               TJacobs@bradleyriley.com
John E. Bucheit                             jbucheit@bradleyriley.com
David M. Caves                              dcaves@bradleyriley.com
Harris B. Winsberg                          harris.winsberg@troutman.com
David Fournier                              david.fournier@troutman.com
Marcy Smith                                 marcy.smith@troutman.com

**Old Republic Insurance Company**
Thomas Dare                                 tdare@oldrepublic.com
Peg Anderson                                panderson@foxswibel.com
Adam Hachikian                              ahachikian@foxswibel.com
Kenneth Thomas                              kthomas@foxswibel.com
Ryan Schultz                                rschultz@foxswibel.com
Stephen Miller                              smiller@morrisjames.com
Carl Kunz, III                              ckunz@morrisjames.com

**Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company**
Joseph Ziemianski                           jziemianski@cozen.com
Marla Benedek                               mbenedek@cozen.com

**Travelers**
Scott Myers                                 SPMyers@travelers.com
Louis Rizzo                                 lrizzo@regerlaw.com

## Notice of Intent Parties

**Lujan Claimants**
Delia Lujan Wolff                               dslwolff@lawguam.com
Christopher Loizides                           loizides@loizides.com

**Kentucky Creditors: N.C., K.W., C.F., B.L., A.F. and A.S:**
Raeann Warner                                 raeann@jcdelaw.com
Louis Schneider                               lou.schneider@thomaslawoffices.com
Tad Thomas                                    tad@thomaslawoffices.com

**Crew Janci Claimants**
Salle Veghte                                  sveghte@klehr.com
Morton Branzburg                              mbranzburg@klehr.com
Peter Janci                                   peter@crewjanci.com

**Hurley McKenna & Mertz Survivors (HMM)**
Sally Veghte                                  sveghte@klehr.com
Christopher Hurley                            churley@hurley-law.com
Evan Smola                                    esmola@hurley-law.com

**Lonnie Washburn (*Pro Se*)**[1]               ██████████████████

**Frank Schwindler (*Pro Se*)**               nundawao@gmail.com

**Gillispie Claimants**
Sally Veghte                                  sveghte@klehr.com
Joshua Gillispie                              josh@greenandgillispie.com
Morton Branzburg                              mbranzburg@klehr.com

---

[1]  Contact information for the *pro se* individuals has been provided to the Participating Parties.

**Arch Insurance Company**

| | |
|---|---|
| Kathleen Miller | kmiller@skjlaw.com |
| Matthew Hamermesh | mah@hangley.com |
| Ronald Schiller | rschiller@hangley.com |
| Sharon McKee | smckee@hangley.com |
| Elizabeth Dolce | edolce@hangley.com |

**Jane Doe**

| | |
|---|---|
| Mark L. Desgrosseilliers | desgross@chipmanbrown.com |
| Cindy L. Robinson | crobinson@robinsonmahoney.com; |
| Douglas Mahoney | dmahoney@robinsonmahoney.com |

**Dumas & Vaughn, LLC Claimants**

| | |
|---|---|
| David M. Klauder | dklauder@bk-legal.com |
| Ashley L. Vaughn | ashley@dumasandvaughn.com |

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CENTURY INDEMNITY COMPANY'S RESPONSES AND OBJECTIONS TO THE**
**ROMAN CATHOLIC AD HOC COMMITTEE'S NOTICE OF DEPOSITION**

Pursuant to Federal Rules of Civil Procedure (the "Federal Rules") 26 and 30, made applicable to these proceedings by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by and through its undersigned counsel, hereby responds and objects to the Roman Catholic Ad Hoc Committee's Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules in connection with the confirmation of the *Debtors' Second Modified Fifth Amended Chapter 11 Plan of Reorganization* (the "Plan") [Docket No. 7832], as follows:

**GENERAL OBJECTIONS**

1. The following General Objections apply to and are incorporated in Century's specific responses and objections (the "Responses") to each of the topics (the "Topics") below, whether or not expressly incorporated by reference in each such Response. The failure to specify any General Objection in responses to the Topics is not intended to waive that General Objection.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Any additional objections provided in the Responses should be construed as supplementing, and not superseding, these General Objections.

2.      Century objects to the Notice to the extent that the RCAHC purports to propound them on behalf of any entity which is not a member of the RCAHC [Docket No. 7805 at Ex. A].

3.      Century objects to the Notice on the grounds that the RCAHC has failed to respond to inquiries about its disclosures pursuant to Rule 2019 of the Bankruptcy Rules, which is the subject of a pending motion by Century [D.I.8332], including regarding who the RCAHC purports to represent and whether such parties are entitled to participate in the Debtors' bankruptcy proceeding.

4.      Throughout the bankruptcy proceedings in this case, the Court has repeatedly and expressly stated that the Court will not address or otherwise determine insurance coverage issues. *See, e.g.*, Hr'g. Tr. Sept. 28, 2021, at 74:7-14 ("[The Court does not] anticipate making any coverage decisions, and [does not] intend to make any decisions that are properly decided in a coverage action.").  Much of the testimony requested as part of this Notice to Century would wholly or partially address insurance coverage for the Abuse Claims, for Boy Scouts of America ("BSA"), or for other entities under policies alleged to have been issued to BSA.  Pursuant to the Court's direction, discovery seeking these types of coverage information is improper and is wholly outside the scope of the present confirmation proceeding.

5.      Century objects to the date and time noticed for the deposition, January 27, 2022 at 10:00 a.m. Eastern time, which the RCAHC selected without consulting with Century or its counsel.  To the extent Century agrees to produce a witness, it will only do so on a date to be agreed upon when the witness and counsel are available.

– 2 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

6.      These Responses are subject to the *Stipulated Protective Order* (the "Stipulated Protective Order") entered in these cases [Docket No. 799].  If Century provides any testimony in response to the Notice, it shall be subject to the terms of that order.

7.      Century objects to each of the Topics to the extent that they purport to impose any requirement or discovery obligation upon Century greater or different than those required or allowed by the Federal Rules, as incorporated by the Bankruptcy Rules.

8.      Century objects to each of the Topics to the extent that they seek information whose disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between Century and any or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

9.      Century objects to each of the Topics to the extent that they purport to require a witness to answer a contention interrogatory on Century's behalf.  Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper.  *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"); *American Nat'l Red Cross v. Travelers Indem. Co. of R.I.*, 896 F.

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

10.     Century objects to each of the Topics to the extent that they would require Century's 30(b)(6) witness to testify as to legal conclusions.  *See, e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6–8 (N.D. Cal. May 18, 2017); *see* Tr. of Hrn'g at 241:5-7, *In re Imerys Talc Am.*, No. 19-10289 (LSS) (June 22, 2021) (ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

11.     Century objects to each of the Topics to the extent that they purport to require a witness to disclose communications or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or protection (whether based upon statute, rule, order, agreement, or common law), including (without limitation) the common interest privilege, the tripartite privilege, the mediation privilege, and the settlement negotiation privilege.

12.     Century objects to each of the Topics to the extent that they require Century to make hypothetical coverage determinations based on generic claims or on unknown particulars of claims made against unspecified parties, including parties other than the RCAHC.  For example, it is impossible to determine, in a vacuum, whether a policy would or would not provide coverage for a given Abuse Claim without knowing, for example, the date(s) of the alleged abuse, the location(s) where the alleged abuse occurred, the circumstances of the alleged abuse, the defendant(s) alleged to have participated in the actions giving rise to the Abuse Claim, whether those actions are alleged to involve intentional or willful acts, whether the party or any Diocese

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

named in the complaint expected or intended the abuse to occur, the injuries claimed by the claimant, the amount of any settlement or judgment or the alleged damages owed to claimant, and/or whether other insurers (such as Catholic Mutual are obligated to cover such claim). This information is uniquely in possession of the RCAHC (or other third parties for whom the RCAHC may or may not be acting) and it is unduly burdensome and disproportionate to the needs of the case for these parties to expect Century objects to respond on that basis.

13.    Century further objects to the extent that the information sought by the Topics is not relevant to the consideration of the Plan as the scope of the channeling injunction therein does not apply on the basis of whether claims are covered by the policies issued to the Local Councils that are the subject of the Topics. In addition, the vast majority of the Local Council policies that are the subject of the Requests were issued to Local Councils in jurisdictions that have no connection to the 13 RCAHC members issued to various Chartering Organizations and the determination as to whether that scenario exists.

14.    Century objects to the Notice, and each of the Topics, as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case. Century further objects to the Topics to the extent that the information sought has no apparent relevance to these proceedings, and more specifically, to the assessment of or objection to the Plan by the RCAHC.

15.    Century objects to each of the Topics to the extent that they seek information that the RCAHC could obtain equally or more readily from another source, including (without limitation) each other and their own records and files or information already made available to the RCAHC, including a database of policies created by the Debtors. There is no legal basis for imposing on Century the burden and expense of producing information that the RCAHC can obtain from such other sources.

– 5 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

16.     Century objects to the Topics to the extent that they seek discovery that is unduly burdensome or not proportional to the needs of the cases, including (without limitation) because the Topics seek information relating to an extensive and undefined period of time.

17.     Century is willing to meet and confer regarding the Notice and their Objections and Responses to the Topics.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE TOPICS

18.     Subject to the aforementioned General Objections, which Century hereby incorporates into each Response below, Century hereby responds to the Topics.

19.     Numerous topics set forth in the Notice are irrelevant to issues that legitimately may be before the Court in the context of Debtors' request for confirmation of the Plan, or otherwise are improper topics of Rule 30(b)(6) deposition testimony.  Unless specifically noted below, Century will designate a witness to testify only regarding the Topics in the Notice to which no objection has been raised, and otherwise requests that the RCAHC withdraw each of the objectionable topics for the reasons set forth below.

20.     Any statement that Century will "provide testimony, to the extent of Century's knowledge, concerning the" particular Topic in question, is not a representation that Century in fact has any knowledge concerning that Topic, and Century will only provide testimony as to its knowledge that is reasonably accessible and may be ascertained through reasonable investigation without undue burden.

21.     Century reserves the right to assert any objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege, the attorney work-product doctrine, or the mediation privilege.

– 6 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**TOPIC NO. 1:**

Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 1:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 2:**

The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 2:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; and (v) would impose undue burdens on the Century and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.    In particular, without limiting the foregoing, Century notes that it did not draft the Plan or the Trust Distribution Procedures, and thus any questions about interpretation of the Plan or the Trust Distribution Procedures, or the provisions of either the Plan or the Trust Distribution Procedures, would improperly seek legal conclusions or answers to contention interrogatories.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 3:**

The Century and Chubb Companies Insurance Settlement Agreement.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 3:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf;

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

(iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit. Century further objects to this Topic on the grounds that the Century and Chubb Companies Insurance Settlement Agreement has yet to be finalized.

Subject to, and without waiving, these Objections, Century is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

## TOPIC NO. 4:

The Century and Chubb Companies Term Sheet.

## RESPONSE AND OBJECTIONS TO TOPIC NO. 4:

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including

– 9 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

because the burden or expense of the proposed discovery outweighs its likely benefit.  Century further object to this Topic on the grounds that the Century and Chubb Companies Term Sheet speaks for itself.

Subject to, and without waiving, these Objections, Century is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

## TOPIC NO. 5:

Paragraphs 8, 9 and 11 of the Century Term Sheet.

## RESPONSE AND OBJECTIONS TO TOPIC NO. 5:

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on  Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Century further objects to this Topic on the grounds that the Century and Chubb Companies Term Sheet speaks for itself.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Subject to, and without waiving, these Objections, Century is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

## TOPIC NO. 6:

All BSA Insurance Policies issued by Century.

## RESPONSE AND OBJECTIONS TO TOPIC NO. 6:

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by Century"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**TOPIC NO. 7:**

All Local Council Insurance Policies issued by Century.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 7:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by Century"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 8:**

All policies of insurance issued to Roman Catholic Entities.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 8:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

protected by the attorney-client privilege, the attorney work-product rule, the common interest

rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions;

(iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv)

seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue

during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined

phrase "issued to"; and (vi) would impose undue burdens on Century and the witness, because the

discovery sought under this topic is not proportional to the needs of the case or the confirmation

proceedings in particular, including because the burden or expense of the proposed discovery

outweighs its likely benefit.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this

Topic.

**TOPIC NO. 9:**

Which Abuse Claims against insureds and co-insureds covered under insurance policies
issued by any Settling Insurer [as defined in the Century Term Sheet] will be channeled under the
Settling Insurer Policy Injunction [as defined in the Century Term Sheet] or the Channeling
Injunction [as defined in the Plan].

**RESPONSE AND OBJECTIONS TO TOPIC NO. 9:**

In addition to and without waiving the foregoing General and Specific Objections, which

are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it

to designate a witness to testify on its behalf concerning communications and other information

protected by the attorney-client privilege, the attorney work-product rule, the common interest

rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions;

(iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv)

seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue

during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined

– 13 –

*Designated as confidential under Stipulated
Protective Order* entered in these
cases [Docket No. 799].

phrase "issued by"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.    Century further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Century, but by the Trust based on the particulars of claims submitted by claimants.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 10:**

Which BSA Insurance Policies issued by any Settling Insurer [Century Term Sheet] cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 10:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit. Century further objects to this Topic as seeking a hypothetical

– 14 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

determination of coverage, which will be made not by Century, but by the Trust based on the particulars of claims submitted by claimants.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 11:**

Which Local Council Insurance Policies issued by any Settling Insurer [Century Term Sheet] cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 11:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Century further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Century, but by the Trust based on the particulars of claims submitted by claimants.

– 15 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 12:**

Which policies of insurance issued by any Settling Insurer [Century Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 12:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Century and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Century further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Century, but by the Trust based on the particulars of claims submitted by claimants.

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**TOPIC NO. 13:**

The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

> a. With respect to Local Council Insurance Policies issued by any Settling Insurer [Century Term Sheet], by year and by Local Council, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

> b. With respect to BSA Insurance Policies issued by any Settling Insurer [Century Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 13:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Century objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Century's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Century the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Century further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Century, but by the Trust based on the particulars of claims submitted by claimants.

– 17 –

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

Century will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this

Topic.


Dated: January 24, 2022

Wilmington, Delaware

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
Stamatios Stamoulis

STAMOULIS & WEINBLATT LLC
800 N. West Street Third Floor Wilmington,
Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Daniel Shamah (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

– 18 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## CHUBB GROUP HOLDINGS INC.'S RESPONSES AND OBJECTIONS TO THE ROMAN CATHOLIC AD HOC COMMITTEE'S NOTICE OF DEPOSITION

Pursuant to Federal Rules of Civil Procedure (the "Federal Rules") 26 and 30, made applicable to these proceedings by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Chubb Group Holdings Inc. ("Chubb"), by and through its undersigned counsel, hereby responds and objects to the Roman Catholic Ad Hoc Committee's Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules in connection with the confirmation of the *Debtors' Second Modified Fifth Amended Chapter 11 Plan of Reorganization* (the "Plan") [Docket No. 7832], as follows:

## GENERAL OBJECTIONS

1.  The following General Objections apply to and are incorporated in Chubb's specific responses and objections (the "Responses") to each of the topics (the "Topics") below, whether or not expressly incorporated by reference in each such Response.  The failure to specify any General Objection in responses to the Topics is not intended to waive that General Objection.  Any

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

additional objections provided in the Responses should be construed as supplementing, and not superseding, these General Objections.

2.      Chubb objects to the Notice in its entirety on the grounds that each is not "a party" within the meaning of Federal Rule 30 and the TCC did not serve a subpoena in accordance with Federal Rule 45. Accordingly, Chubb does not have an obligation under applicable rules to produce a witness in response to the Notice.

3.      Upon information and belief, Chubb Limited, which is not a party to these proceedings and is not represented by the undersigned counsel, has not been properly served with the Notice under the applicable conventions and laws for service.  Upon further information and belief, Chubb Limited is not subject to the Court's jurisdiction, on the grounds that it is a Zurich, Switzerland-based holding corporation, and cannot be compelled to testify and disclose information contrary to the requirements and protections of Swiss and the other applicable law. Based on these objections, Chubb Limited will not produce a witness in response to the Notice.

4.      Chubb objects to the Notice in its entirety to the extent it is directed to the vague and undefined "Chubb Subsidiary Insurers."  There is no entity with the name "Chubb Subsidiary Insurers" and to the extent the RCAHC intended to notice multiple entities with the term "Chubb Subsidiary Insurers," Chubb cannot identify such entities as RCAHC failed to define the term. Based on these objections, "Chubb Subsidiary Insurers" will not produce a witness in response to the Notice.

5.      Chubb objects to the Notice to the extent that the RCAHC purports to propound it on behalf of any entity which is not a member of the RCAHC [Docket No. 7805 at Ex. A].

6.      Chubb objects to the Notice on the grounds that the RCAHC has failed to respond to inquiries about its disclosures pursuant to Rule 2019 of the Bankruptcy Rules, which is the

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

subject of a pending motion by Century Indemnity Company [D.I.8332], including regarding who the RCAHC purports to represent and whether such parties are entitled to participate in the Debtors' bankruptcy proceeding.

7.      Throughout the bankruptcy proceedings in this case, the Court has repeatedly and expressly stated that the Court will not address or otherwise determine insurance coverage issues. *See, e.g.*, Hr'g. Tr. Sept. 28, 2021, at 74:7-14 ("[The Court does not] anticipate making any coverage decisions, and [does not] intend to make any decisions that are properly decided in a coverage action."). Much of the testimony requested as part of this Notice to Chubb would wholly or partially address insurance coverage for the Abuse Claims, for Boy Scouts of America ("BSA"), or for other entities under policies alleged to have been issued to BSA  Pursuant to the Court's direction, discovery seeking these types of coverage information is improper and is wholly outside the scope of the present confirmation proceeding.

8.      Chubb objects to the date and time noticed for the deposition, January 27, 2022 at 10:00 a.m. Eastern time, which the RCAHC selected without consulting with Chubb or its counsel. To the extent Chubb agrees to produce a witness, it will only do so on a date to be agreed upon when the witness and counsel are available.

9.      These Responses are subject to the *Stipulated Protective Order* (the "Stipulated Protective Order") entered in these cases [Docket No. 799]. If Chubb provides any testimony in response to the Notice, it shall be subject to the terms of that order.

10.     Chubb objects to each of the Topics to the extent that they purport to impose any requirement or discovery obligation upon Chubb greater or different than those required or allowed by the Federal Rules, as incorporated by the Bankruptcy Rules.

11.     Chubb objects to each of the Topics to the extent that they seek information whose

– 3 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

disclosure would violate the privacy rights of any individual, confidentiality agreements or arrangements between Chubb and any or other persons, the confidentiality of settlement discussions or agreements, the confidentiality of mediation discussions or communications, court orders restricting the disclosure of information, or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

12.    Chubb objects to each of the Topics to the extent that they purport to require a witness to answer a contention interrogatory on Chubb's behalf.  Rule 30(b)(6) topics that require a witness to review a particular document (*e.g.*, the Plan or the TDPs), marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper.  *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"); *American Nat'l Red Cross v. Travelers Indem. Co. of R.I.*, 896 F. Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

13.    Chubb objects to each of the Topics to the extent that they would require Chubb's 30(b)(6) witness to testify as to legal conclusions.  *See, e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6–8 (N.D. Cal. May 18, 2017); *see* Tr. of Hrn'g at 241:5-7, *In re*

– 4 –

*Imerys Talc Am.*, No. 19-10289 (LSS) (June 22, 2021) (ordering that 30(b)(6) examination of insurers be "limited to facts and not legal conclusions").

14.     Chubb objects to each of the Topics to the extent that they purport to require a witness to disclose communications or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or protection (whether based upon statute, rule, order, agreement, or common law), including (without limitation) the common interest privilege, the tripartite privilege, the mediation privilege, and the settlement negotiation privilege.

15.     Chubb objects to each of the Topics to the extent that they require Chubb to make hypothetical coverage determinations based on generic claims or on unknown particulars of claims made against unspecified parties, including parties other than the RCAHC.  For example, it is impossible to determine, in a vacuum, whether a policy would or would not provide coverage for a given Abuse Claim without knowing, for example, the date(s) of the alleged abuse, the location(s) where the alleged abuse occurred, the circumstances of the alleged abuse, the defendant(s) alleged to have participated in the actions giving rise to the Abuse Claim, whether those actions are alleged to involve intentional or willful acts, whether the party or any Diocese named in the complaint expected or intended the abuse to occur, the injuries claimed by the claimant, the amount of any settlement or judgment or the alleged damages owed to claimant, and/or whether other insurers (such as Catholic Mutual are obligated to cover such claim).  This information is uniquely in possession of the RCAHC (or other third parties for whom the RCAHC may or may not be acting) and it is unduly burdensome and disproportionate to the needs of the case for these parties to expect Chubb to respond on that basis.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

16.     Chubb further objects to the extent that the information sought by the Topics is not relevant to the consideration of the Plan as the scope of the channeling injunction therein does not apply on the basis of whether claims are covered by the policies issued to the Local Councils that are the subject of the Topics.  In addition, the vast majority of the Local Council policies that are the subject of the Requests were issued to Local Councils in jurisdictions that have no connection to the 13 RCAHC members issued to various Chartering Organizations and the determination as to whether that scenario exists.

17.     Chubb objects to the Notice, and each of the Topics, as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, including to the extent the Topics incorrectly assume that Chubb is an insurer.  Chubb further objects to the Topics to the extent that the information sought has no apparent relevance to these proceedings, and more specifically, to the assessment of or objection to the Plan by the RCAHC.

18.     Chubb objects to each of the Topics to the extent that they seek information that the RCAHC could obtain equally or more readily from another source, including (without limitation) each other and their own records and files or information already made available to the RCAHC, including a database of policies created by the Debtors.  There is no legal basis for imposing on Chubb the burden and expense of producing information that the RCAHC can obtain from such other sources.

19.     Chubb objects to the Topics to the extent that they seek discovery that is unduly burdensome or not proportional to the needs of the cases, including (without limitation) because the Topics seek information relating to an extensive and undefined period of time.

20.     Chubb is willing to meet and confer regarding the Notice and its Objections and Responses to the Topics.

*Designated as confidential under Stipulated Protective Order entered in these cases* [Docket No. 799].

## **SPECIFIC RESPONSES AND OBJECTIONS TO THE TOPICS**

21.     Subject to the aforementioned General Objections, which Chubb hereby incorporates into each Response below, Chubb hereby responds to the Topics.

22.     Numerous topics set forth in the Notice are irrelevant to issues that legitimately may be before the Court in the context of Debtors' request for confirmation of the Plan, or otherwise are improper topics of Rule 30(b)(6) deposition testimony.  Unless specifically noted below, Chubb will designate a witness to testify only regarding the Topics in the Notice to which no objection has been raised, and otherwise requests that the RCAHC withdraw each of the objectionable topics for the reasons set forth below.

23.     Any statement that Chubb will "provide testimony, to the extent of Chubb's knowledge, concerning the" particular Topic in question, is not a representation that Chubb in fact has any knowledge concerning that Topic, and Chubb will only provide testimony as to its knowledge that is reasonably accessible and may be ascertained through reasonable investigation without undue burden.

24.     Chubb reserves the right to assert any objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege, the attorney work-product doctrine, or the mediation privilege.

## **TOPIC NO. 1:**

Any topic that has been noticed for your deposition or about which you are asked at your deposition by any other party.

## **RESPONSE AND OBJECTIONS TO TOPIC NO. 1:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 2:**

The treatment of Claims of Chartered Organizations under the Plan and Trust Distribution Procedures.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 2:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; and (v) would impose undue burdens on Chubb and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of

– 8 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

the proposed discovery outweighs its likely benefit.  In particular, without limiting the foregoing, Chubb notes that it did not draft the Plan or the Trust Distribution Procedures, and thus any questions about interpretation of the Plan or the Trust Distribution Procedures, or the provisions of either the Plan or the Trust Distribution Procedures, would improperly seek legal conclusions or answers to contention interrogatories.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 3:**

The Century and Chubb Companies Insurance Settlement Agreement.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 3:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic on the grounds that the Century and Chubb Companies Insurance Settlement Agreement has yet to be finalized.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Subject to, and without waiving, these Objections, Chubb is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

**TOPIC NO. 4:**

The Century and Chubb Companies Term Sheet.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 4:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit. Chubb further objects to this Topic on the grounds that the Century and Chubb Companies Term Sheet speaks for itself.

Subject to, and without waiving, these Objections, Chubb is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**TOPIC NO. 5:**

Paragraphs 8, 9 and 11 of the Century and Chubb Term Sheet.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 5:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this Topic is not proportional to the needs of the case and the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic on the grounds that the Century and Chubb Companies Term Sheet speaks for itself.

Subject to, and without waiving, these Objections, Chubb is willing to meet and confer with the RCAHC regarding designating a witness pursuant to 30(b)(6) to provide testimony regarding this Topic.

**TOPIC NO. 6:**

All BSA Insurance Policies issued by Chubb.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**RESPONSE AND OBJECTIONS TO TOPIC NO. 6:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by Chubb"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 7:**

All Local Council Insurance Policies issued by Chubb.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 7:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions;

– 12 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

(iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by Chubb"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 8:**

All policies of insurance issued to Roman Catholic Entities.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 8:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued to"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the

– 13 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 9:**

Which Abuse Claims against insureds and co-insureds covered under insurance policies issued by any Settling Insurer [as defined in the Century and Chubb Term Sheet] will be channeled under the Settling Insurer Policy Injunction [as defined in the Century and Chubb Term Sheet] or the Channeling Injunction [as defined in the Plan].

**RESPONSE AND OBJECTIONS TO TOPIC NO. 9:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Chubb, which in any event is not an insurer, but by the Trust based on the particulars of claims submitted by claimants.

– 14 –

*Designated as confidential under Stipulated Protective Order entered in these cases [Docket No. 799].*

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 10:**

Which BSA Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet] cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 10:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Chubb, which in any event is not an insurer, but by the Trust based on the particulars of claims submitted by claimants.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 11:**

Which Local Council Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet] cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 11:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Chubb, which in any event is not an insurer, but by the Trust based on the particulars of claims submitted by claimants.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

**TOPIC NO. 12:**

Which policies of insurance issued by any Settling Insurer [Century and Chubb Term Sheet] to any Roman Catholic Entity cover Abuse Claims against insureds and co-insureds.

**RESPONSE AND OBJECTIONS TO TOPIC NO. 12:**

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.   Chubb further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Chubb, which in any event is not an insurer, but by the Trust based on the particulars of claims submitted by claimants.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

**TOPIC NO. 13:**

The scope of the Channeling Injunction for claims against Participating Chartered Organizations, including:

> a. With respect to Local Council Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet], by year and by Local Council, what Abuse

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Claims will be subject to the Channeling Injunction for Abuse Claims Arising prior to January 1, 1976; and

b. With respect to BSA Insurance Policies issued by any Settling Insurer [Century and Chubb Term Sheet], by year, what Abuse Claims will be subject to the Channeling Injunction for Abuse Claims that Arose on or after January 1, 1976.

## RESPONSE AND OBJECTIONS TO TOPIC NO. 13:

In addition to and without waiving the foregoing General and Specific Objections, which are incorporated herein, Chubb objects to this Topic to the extent that it (i) purports to require it to designate a witness to testify on its behalf concerning communications and other information protected by the attorney-client privilege, the attorney work-product rule, the common interest rule, or the mediation privilege; (ii) purports to require the witness to testify as to legal conclusions; (iii) purports to require the witness to answer a contention interrogatory on Chubb's behalf; (iv) seeks discovery that is relevant, if at all, only to insurance coverage disputes that are not at issue during the confirmation proceedings; (v) is vague and ambiguous, including as to the undefined phrase "issued by"; and (vi) would impose undue burdens on Chubb and the witness, because the discovery sought under this topic is not proportional to the needs of the case or the confirmation proceedings in particular, including because the burden or expense of the proposed discovery outweighs its likely benefit.  Chubb further objects to this Topic as seeking a hypothetical determination of coverage, which will be made not by Chubb, which in any event is not an insurer, but by the Trust based on the particulars of claims submitted by claimants.

Chubb will not designate a witness pursuant to Rule 30(b)(6) to provide testimony on this Topic.

– 18 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

Dated: January 24, 2022
      Wilmington, Delaware

Respectfully Submitted,

By:  */s/ Mary Beth Forshaw*
     Mary Beth Forshaw

SIMPSON THACHER & BARTLETT LLP
Mary Beth Forshaw (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

*Counsel for Chubb Group Holdings Inc.*

– 19 –

*Designated as confidential under Stipulated Protective Order* entered in these cases [Docket No. 799].

# EXHIBIT E

## Sparks Bradley, Rachel

| | |
|---|---|
| **From:** | Schiavoni, Tancred <tschiavoni@omm.com> |
| **Sent:** | Monday, January 31, 2022 3:54 PM |
| **To:** | Sparks Bradley, Rachel; Schiavoni, Tancred; Elbaum, David |
| **Subject:** | FW: BSA |

**\*\*\* External Email \*\*\***

**From:** Martin Jr., Warren J. <WJMartin@pbnlaw.com>
**Sent:** Wednesday, January 26, 2022 10:36 AM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Mairo, John S. <JSMairo@pbnlaw.com>; Parisi, Rachel A. <RAParisi@pbnlaw.com>; mplevin@crowell.com;
jruggeri@ruggerilaw.com
**Subject:** RE: BSA

## [EXTERNAL MESSAGE]

Our client, the Roman Catholic Diocese of Paterson, New Jersey, is not a part of the Ad Hoc Committee.

**From:** Schiavoni, Tancred <tschiavoni@omm.com>
**Sent:** Wednesday, January 26, 2022 2:27 AM
**To:** Schiavoni, Tancred <tschiavoni@omm.com>
**Cc:** Martin Jr., Warren J. <wjmartin@pbnlaw.com>; Mairo, John S. <jsmairo@pbnlaw.com>; Parisi, Rachel A.
<raparisi@pbnlaw.com>; mplevin@crowell.com; jruggeri@ruggerilaw.com
**Subject:** BSA

**EXTERNAL MESSAGE**

letter attached

### Warren J. Martin Jr., Esq.
Principal
WJMartin@pbnlaw.com
Phone: (973) 889-4006
vCard | CV


100 Southgate Parkway P.O. Box 1997
Morristown, NJ 07962-1997
www.pbnlaw.com

This electronic communication, including any authorized attachments, contains information from the law firm of Porzio, Bromberg & Newman, P.C., that may be legally

privileged, confidential, and exempt from disclosure under applicable law. This communication also may include content that was not originally generated by the firm. If you are not the intended recipient, any use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and delete it from all computers on which it may be stored. In addition, if you are not currently a client of the firm, this communication is not to be construed as establishing an attorney- client relationship.