## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | **Hearing Date: February 24, 2022, at 10:00 a.m. (ET)** **Objection Deadline: February 17, 2022, at 4:00 p.m. (ET)** |

## MOTION OF N.T. FOR AN ORDER AUTHORIZING
## THE LATE FILING OF PROOF OF CLAIM

AND NOW COMES, the Movant, N.T.[1], by and through his undersigned counsel, and hereby submits this *Motion of N.T. for an Order Authorizing the Late filing of a Proof of Claim* (hereinafter "Motion") and respectfully moves this Court under § 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1), for an Order authorizing N.T. to late file a proof of claim.  In support thereof, N.T. respectfully asserts as follows:

### I.      JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these cases and this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District for the District of Delaware, dated February 29, 2012.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Movant will disclose his identity consistent with Court protocols intended to keep his identity out of the public record.  Moreover, the Movant's counsel may make available certain information to appropriate, interested counsel of record upon a reasonable request.

3.      The statutory and legal foundations for the relief sought herein are § 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1) (hereafter "Bankruptcy Rules").

4.      The Movant "consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution." Del. Bankr. L.R. 9013-1(f).

## II.      BACKGROUND

5.      On February 18, 2020 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed their chapter 11 bankruptcy petitions with this Court.

6.      On May 26, 2020, this Court entered an order that set November 16, 2020, (hereafter "Bar Date") as the bar date for filing proofs of claim in these cases [D.I. 695].

7.      The Movant, an adult, is the victim of "Sexual Abuse" in "Scouting," as those terms are described in the *Sexual Abuse Survivor Proof of Claim* form.  *Id. at Exhibit 7.*

8.      The sexual abuse occurred in approximately 2016, while the Movant was a minor living with his parents in Luckey, Ohio.

9.      At all times relevant hereto, the Movant was enrolled in the Troy Township Fire Explorers Program[2] at the Troy Township Fire and EMS Association.  The perpetrator of the abuse, Jay Caldwell, was an Explorer Advisor within the Fire Explorers program as well as a firefighter and paramedic for the Troy Township Fire and EMS Association.  Caldwell was criminally convicted for sexually abusing minors.  As a direct and proximate cause of that sexual abuse, the Movant suffered, and continues to suffer, injuries and damages.

---

[2] Troy Township Fire Explorer Post 717, a program affiliated with Debtor

10.     On or about December 13, 2021, the Movant contacted Andreozzi and Associates, P.C., d/b/a Andreozzi + Foote, a Pennsylvania law firm (hereafter "A+F") to pursue his abuse claim against the Boy Scouts of America, Troy Township Fire Explorer Post 717, Erie Shores Council, and Troy Township Fire and EMS Association.

11.     On or about January 10, 2022, the Movant executed a fee agreement with A+F. A+F is a law practice focusing on representing survivors of childhood sexual abuse[3]. A subsequent agreement acknowledged that A+F would associate with Rittgers & Rittgers (hereafter "Rittgers"), an Ohio based firm to represent the Movant in the abuse action.

12.     It was not until Movant engaged A+F that he learned that the Troy Township Fire Explorers Post 717, where he was sexually abused as a minor, was a division of the Boy Scouts of America and subject to these current proceedings.

13.     Upon information and belief, the Troy Township Fire Explorers Post 717 was a division of the Boy Scouts of America affiliated with the Erie Shores Council, No. 460, sponsored by Troy Township Fire and EMS Association in, Luckey, Ohio.

13.     As a direct and proximate cause of the sexual abuse, the Movant suffers, and continues to suffer, injuries and damages.

## II.     RELIEF REQUESTED

14.     The Movant respectfully requests the entry of an Order consistent with § 105(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 9006(b)(1), authorizing the filing of a proof of claim and acceptance by the Debtors' and its claims agent to accept that filing.

---

[3] https://www.victimscivilattorneys.com/

## IV.    NOTICE

15.    Subject to Del. Bankr. L. R. 5005-4(c) and 9036-1, the Movant will provide notice of this Motion to: (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002.

## V.    NO PRIOR MOTION

16.    The Movant filed no prior Motion for the relief sought in this Motion with this Court or any other court.

## VI.    THE MOVANT'S FAILURE TO TIMELY A PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT

17.    In a chapter 11 case, if a creditor's proof of claim is late due to "excusable neglect," then under Bankruptcy Rule 9006(b)(1) as applied to Bankruptcy Rule 3003(c)(3), the court has discretionary authority to allow that creditor to file a POC beyond the claims bar date. Specifically, Bankruptcy Rule 9006(b)(1) provides in pertinent part:

> **when an act is required or allowed to be done at or within a specified period by these rules** or by a notice given thereunder or by order of court, **the court for cause shown may at any time in its discretion** (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.

18.    The meaning of excusable neglect as used in Bankruptcy Rule 9006(b)(1) was addressed by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Supreme Court found that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking

account of all relevant circumstances surrounding the party's omission." *Id*. at 395.  To that end, the Supreme Court approved a flexible, four-part[4] analytical Framework to support a finding of excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *Id*. (referring to factors considered by the Court of Appeals and District Court, *In re Pioneer Inv. Services Co.*, 943 F. 2d 673, 677 (6th Cir. 1991)). "All [of the *Pioneer*] factors must be considered and balanced; no one factor trumps the others." *Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3rd Cir. 2005).

19.      After that, in *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl Energy, Inc.*), 188 F.3d 116 (3rd Cir. 1999), the Third Circuit addressed the excusable neglect concept in RULE 9006(b)(1) using the *Pioneer* framework.

*A. The Pioneer Factor Analysis*

*i. Prejudice to the Debtor*

20.      As for the danger of prejudice to the debtor, the *O'Brien* court followed two precepts flowing from *Pioneer*.  First, the court held that "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *Id*. at 127; *see also Toscano v. The RSH Liquidating Trust (In re RS Legacy Corp.)*, 577 B.R. 134, 140-41(3rd Cir. 2017) (citing to *O'Brien*).

21.      Secondly, the *O'Brien* court discussed considerations addressing prejudice to the debtor: (i) whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; (ii) whether the payment of the claim would force the return of amounts

---

[4] The *Pioneer* court identified four factors but acknowledged that equity might compel evaluation of other factors.

already paid out under the confirmed plan or affect the distribution to creditors; (iii) whether the

payment of the claim would jeopardize the success of the debtor's reorganization; (iv) whether

allowance of the claim would adversely impact the debtor; and (v) whether allowance of the claim

would open the floodgates to other late claims. *O'Brien,* 188 F.3d at 126-28 (internal citations

omitted).

22.     None of the prejudice factors identified by *O'Brien* inure to the Debtors' benefit.

Specifically:

a.      The Debtors cannot claim surprise at the existence or filing of the Movant's claim as it is one of approximately 82,500 other sexual abuse claims pending against the Debtors. Indeed, it was the prospect of litigating these sexual abuse claims that prompted, in part, the Debtors to seek relief in this Court. *See Debtors' Informational Brief,* at p. 5 ("The BSA cannot continue to address abuse litigation in the tort system on a case-by-case basis."). *DK 4.*

b.      A reorganization plan is not yet confirmed. Hence, the prospect that Movant's claim will be the sole cause of unwinding prior transactions, payments, distributions, or orders is implausible.

c.      The payment of the Movant's claim, standing alone, cannot jeopardize the success of the Debtors' reorganization. Moreover, the Debtors and others can still defend against the merits of Movant's claim.

d.      The fact that the Debtor did not account for the Movant's claim is insufficient to show prejudice under *Pioneer*.

e.      The Movant's claim will not open the flood gates to other late claims because his claim is consistent with other abuse claims, i.e., it does not represent a new class or type of claim. Nor is there any evidence that the Movant's claim will prompt any mass, late-filed proof of claims. The facts underlying the Movant's late filing are unique to him.

23.     In sum, case law does not support a finding under *Pioneer*, and its progeny,

that these Debtors are prejudiced by the late filing of the Movant's proof of claim.

ii. *Length of the Delay and Impact on Judicial Proceedings*

24.     The length of the delay and the impact of that delay on judicial proceedings necessarily requires the court to examine the parties' conduct causing delay relative to the stage of the bankruptcy process itself. *Pioneer,* 507 U.S. at 388.  Hence, even though the actual time of delay is notable, the more significant concern is how that delay derailed, if at all, the reorganization process. *O'Brien*, 188 F.3d at 130.  From that perspective, the Movant's delay is inconsequential. *In re EFH Corp*., 522 B.R. 520, 531 (Bankr. D. Del. 2015).  The claims bar date was more than one (1) year ago.  That amount of time notwithstanding, the Movant's late filing did not, and will not, delay or otherwise impact the timeliness of the Debtors' reorganization or this judicial proceeding. This conclusion is proper because the Debtors' case, at this time, has yet to reach consequential reorganization process markers – no plan is confirmed, creditor payments have not been made, and discharge not yet granted.  The Movant's delay is not a material factor bearing on the progress of the Debtors' bankruptcy case.

*iii. Reason for the Delay and Movant's Good Faith*

25.     The Movant's proof of claim was late because he was unaware that his claim was connected to the Boy Scouts of America.  The Movant has no prior litigation experience.  In addition, he has no previous bankruptcy experience.  Further, the Movant had not brought his claim to an attorney prior to the expiration of the bar date.  From this perspective, the legal concepts of a claims bar date or proof of claim are foreign to him.  Hence, he should not be charged with any intent to incur delay especially, where, as here, he lacked the knowledge to appreciate the bankruptcy process.

26.     Further, the Movant approached this matter as a personal injury claim directed at the Troy Township Fire and EMS Association, unaware of the connection to, and liability of, the Boy Scouts of America for his abuse.

27.    The addition of the Debtors' bankruptcy to the Movant's claim adds another layer of legal process and procedure atypical of personal injury cases.  Movant failed to recognize the Boy Scouts of America, and their bankruptcy, impacted the prosecution of the Movant's personal injury action.  No matter how it happened, the failure to timely file the Movant's proof of claim was neglect and absent any indicia of bad intent.  More importantly, this is the kind of "carelessness" constituting excusable neglect that *O'Brien* contemplated.  *O'Brien*, 188 F.3d at 125.

26. The Movant always acted in good faith.  He has now retained an attorney and filed this Motion.

WHEREFORE, for the foregoing reasons, the Movant respectfully requests that the Court enter an order permitting the Movant to file a proof of claim, deeming such claim to be timely filed, and granting such other and further relief as the Court deems just and proper.

DATED:  February 2, 2022                    Respectfully Submitted,

                                   **BIELLI & KLAUDER, LLC**

                              By:   */s/ David M. Klauder*
                                   David M. Klauder, Esquire (No. 5769)
                                   1204 N. King Street
                                   Wilmington, DE 19801
                                   Phone: (302) 803-4600
                                   Fax: (302) 397-2557
                                   Email: dklauder@bk-legal.com

                                   and

                                   **ANDREOZZI + FOOTE**

                                   Benjamin D. Andreozzi, Esq.
                                   Nathaniel L. Foote, Esq.
                                   4503 N. Front Street
                                   Harrisburg, PA  17110
                                   Tel: (717) 525-9124 | Fax: (717) 525-9143
                                   Email: ben@vca.law
                                          nate@vca.law