# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, et al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 20-10343(LSS)**<br><br>**Jointly Administered**<br><br>Hearing Date: February 22, 2022 at 10:00 AM (ET)<br>Objection Date: February 4, 2022<br><br>**Docket No. 8039 & 7832** |

## ORACLE AMERICA, INC.'S RIGHTS RESERVATION AND CURE OBJECTION REGARDING DEBTORS' PROPOSED ASSUMPTION OF ORACLE'S CONTRACTS IN CONNECTION WITH THE SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC ("RIGHTS RESERVATION")

Oracle America, Inc., successor in interest to PeopleSoft, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this Rights Reservation regarding the assumption of any Oracle contract in connection with the Debtors' *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 7832] ("Plan"), filed by Boy Scouts of America and Delaware BSA, LLC ("Debtors"). In support of the Rights Reservation, Oracle states:

**I.     INTRODUCTION**

1.     Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume certain executory contracts between the Debtors and Oracle.

2.     Because Oracle's agreements are, or pertain to, one or more licenses of intellectual property, they may not be assumed absent Oracle's consent.

3. At this time, Oracle does not consent to the proposed assumption because the Debtors have neither cured all outstanding invoices, nor given adequate assurance that such amounts will be paid in connection with the proposed assumption.

4. Accordingly, Oracle hereby reserves all of its rights regarding the Debtors' proposal to assume any Oracle contract.

## II. FACTUAL BACKGROUND

5. The above captioned case was filed on February 18, 2020, and an order directing joint administration was entered shortly thereafter.

6. On December 18, 2021, the Debtors filed their Plan. The Plan provides for assumption of all executory contracts upon the Effective Date, other than those specifically rejected.

7. Article V.A. of the Plan states:

"On the Effective Date, except as otherwise provided herein, all Executory Contracts and Unexpired Leases shall be deemed assumed by Reorganized BSA without the need for any further notice to or action, order, or approval of the Bankruptcy Court under sections 365 or 1123 of the Bankruptcy Code, except for Executory Contracts or Unexpired Leases: (a) that are identified on the Rejected Contracts and Unexpired Leases Schedule; (b) that previously expired or terminated pursuant to their terms; (c) that the Debtors have previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court; (d) that are the subject of a motion to reject that remains pending as of the Effective Date; (e) as to which the effective date of rejection will occur (or is requested by the Debtors to occur) after the Effective Date; or (f) as to which the Debtors or Reorganized BSA, as applicable, determine, in the exercise of their reasonable business judgment, that the Cure Amount, as determined by a Final Order or as otherwise finally resolved, would render assumption of such Executory Contract or Unexpired Lease unfavorable to Debtors or Reorganized BSA; provided that the Debtors reserve the right to seek enforcement of an assumed or assumed and assigned Executory Contract or Unexpired Lease following the Confirmation Date, including seeking an order of the Bankruptcy Court rejecting such Executory Contract or Unexpired Lease for cause."

8. On January 29, 2022, the Debtors filed their *Notice of Filing of Second Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 8567] ("Plan Supplement").

9. Exhibit B to the Plan Supplement identifies those contracts to be assumed through the Plan. No Oracle contracts are identified on Exhibit B.

10. Exhibit C to the Plan Supplement identifies those contracts to be rejected through the Plan. No Oracle contracts are identified on Exhibit C.

11. Therefore, based on the Plan's provisions, since no Oracle contracts are currently identified for rejection, it appears that Debtors intend to assume their entire contractual relationship with Oracle, except for those contracts that were previously rejected pursuant to the *Order (I) Authorizing the Debtors to Reject Executory Contracts With Oracle America, Inc., Effective as of June 30, 2020, and (II) Granting Related Relief* [Doc. No. 982].

12. Since Oracle's contracts were not identified on Exhibit B, Oracle also must presume that the Debtors believe that the cure amount is $0.00, which is inconsistent with Oracle's records.

13. As of the date of filing this Rights Reservation, Oracle is owed not less than $106,611.86. In order to assume Oracle's relationship with the Debtors, they must pay all sums owed in cure.

### III. ARGUMENT

#### A. The Debtors May Not Assume the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property

14. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts

assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

15. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

16. The Oracle agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume the Oracle agreements without Oracle's consent.

17. For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption at this time**.**

**B. In Order to Assume Oracle's Agreements, the Debtors Must Cure All Arrearages.**

18. Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1).

19. Absent the foregoing, a debtor may not assume unexpired executory contracts.

4

20. If the Debtors intend to assume Oracle's agreements, any outstanding cure amounts must be paid.

21. Since no Oracle agreements were identified on Exhibit B to the Plan Supplement, Oracle surmises that the Debtors believe that the cure amount is $0.00, which, as noted above, is inconsistent with Oracle's records.

22. At present, Oracle is owed not less than $106,611.86. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume Oracle's agreements.

    **C. Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Allow Assumption of Oracle's Contracts.**

23. In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2).

24. In light of the Debtors' failure to provide either adequate assurance of prompt payment of the cure, or of future performance under the contracts, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code.

25. Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues, pending resolution of the significant cure discrepancy identified.

**IV. CONCLUSION**

26. For the reasons set forth above, Oracle respectfully requests that the Court deny assumption of any Oracle contract in the absence of Debtors' confirmation that they will cure the outstanding amounts due and owing to Oracle.

Dated: February 3, 2022
Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:     /s/ James E. Huggett
    James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
**BUCHALTER, A PROFESSIONAL CORPORATION**
55 Second Street, Suite 1700
San Francisco, CA 94105
Tel: (415) 227-0900

Peggy Bruggman, Esq.
Alice Miller, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**