

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

File Number:  
0705810-00073

February 3, 2022

**Tancred Schiavoni**  
D: +1 212 326 2267  
tschiavoni@omm.com

**BY EMAIL/ECF**

The Honorable Laurie Selber Silverstein  
United States Bankruptcy Judge  
United States Bankruptcy Court for the District of Delaware  
824 North Market Street, 6th Floor  
Wilmington, Delaware 19801

**Re:**   *In Re Boy Scouts of America, Case No. 20-10343 (LSS)*

Dear Judge Silverstein:

      We write on behalf of Century to respectfully seek leave to clarify certain points made by counsel to the Roman Catholic Ad Hoc Committee (the "RCAHC") at the February 1, 2022 hearing concerning the Century Term Sheet [D.I. 7745] (the "Term Sheet") that we believe were mistaken.

      At the February 1 hearing, the Court asked RCAHC's counsel whether an Opt-Out Chartered Organization is classified as a Limited Protected Party under the Century Term Sheet and was told by RCAHC's counsel that it is.

      THE COURT: And you're saying an opt-out is a limited, protected party?

      MR. RYAN: Yes, it is. And someone who doesn't object is a limited, protected party.

*See* 2/1/22 Hr'g Tr. at 55:18-21.

      This statement was not correct. As the Court correctly noted, the term Limited Protected Party means a Participating Chartered Organization, not an Opt-Out Chartered Organization. *See* 2/1/22 Hr'g Tr. at 56:7-9; Plan, art. I.A.164 ("'Limited Protected Parties' means the Participating Chartered Organizations.").

      In fact, the entire argument made by the RCAHC is disproven by (and directly contradicts) the very definition of "Opt-Out Chartered Organization" contained in the Plan and incorporated into the Century/Chubb Term Sheet:

> 182. **"Opt-Out Chartered Organization" means a Chartered Organization that is not a Contributing Chartered Organization or a Participating Chartered Organization because such Chartered Organization has (a) objected to confirmation of the Plan or (b) informed Debtors' counsel in**



**writing on or before the confirmation objection deadline that it does not wish to make the Participating Chartered Organization Insurance Assignment**.

Indeed, one of the express bases that makes a Chartered Organization an Opt-Out is its decision to decline to make the Participating Chartered Organization Insurance Assignment.

Several errors in the transcript flow from that mistaken definition.  Based on this position, RCAHC's counsel argued that the parties are "asking this Court to impair and take away" a Catholic Church's own property even if it opts out.  *See* 2/1/22 Hr'g Tr. at 54:25-55:5.  In advancing this argument, RCAHC's counsel referred to paragraphs 9 and 10 of the Term Sheet as governing the rights of opt-outs Chartered Organizations.  By their terms, those paragraphs do not apply to opt outs.  Paragraph 9 refers *only* to Limited Protected Parties and Protected Parties; it does not include Opt-Out Chartered Organizations.  *See* Term Sheet, ¶ 9.  And, paragraph 10 specifically governs Participating Chartered Organizations, not Opt-Out Chartered Organizations.  *See* Term Sheet, ¶ 10.  The decision by any Participating Chartered Organization to contribute an insurance policy and release Century is *voluntary*.  Opt-Out Chartered Organizations are not being forced to do that.

RCAHC's counsel also argued that chartered organizations, including certain Roman Catholic Entities would lose out on a large chunk of policy rights if that entity opts out (*i.e.* is an Opt-Out Chartered Organization) under the Plan.  *See* 2/1/22 Hr'g Tr. at 57:11-14 ("This plan purports to take a large chunk of that policy away and all sorts of claims, rights and obligations, and causes of action it has against this carrier if that carrier happens to also sell BSA back a policy.").  But a release of policy rights is not given on behalf of the opt outs; Opt-Out Chartered Organizations, however, receive the benefit of the channeling injunction and the release with respect to Abuse Claims related to Scouting that are covered under an insurance policy issued by a Settling Insurer.  *See* Term Sheet, ¶ 13.  For example, if an Opt-Out Chartered Organization is insured by Century, that Opt-Out Chartered Organization would benefit from the channeling injunction for the exposure insured by Century for that Opt-Out Chartered Organization.

We are available to address any questions concerning this matter.

                                         Respectfully submitted,

                                         */s/ Tancred Schiavoni*
                                         Tancred Schiavoni
                                         of O'MELVENY & MYERS LLP

                                         *Counsel for Century Indemnity Company*