1

1                    UNITED STATES BANKRUPTCY COURT
                           DISTRICT OF DELAWARE
2

3                                    .   Chapter 11
     IN RE:                          .
                                     .   Case No. 20-10343 (LSS)
4    BOY SCOUTS OF AMERICA AND       .
     DELAWARE BSA, LLC,              .
5                                    .   Courtroom No. 2
                                     .   824 North Market Street
6                                    .   Wilmington, Delaware 19801
                                     .
7                        Debtors.    .   Thursday, February 3, 2022
8    . . . . . . . . . . . . . . . . .   4:00 P.M.

9                       TRANSCRIPT OF ORAL RULING
            BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
10                   UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12
     For the Debtor:         Derek Abbott, Esquire
13                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                             1201 North Market Street, 16th Floor
14                           Wilmington, Delaware 19899

15                           - and -

16                           Jessica C. Lauria, Esquire
                             Glenn Kurtz, Esquire
17                           WHITE & CASE LLP
                             1221 Avenue of the Americas
18                           New York, New York 10020

19
     Audio Operator:         LaCrisha Harden
20

21   Transcription Company:  Reliable
                             1007 N. Orange Street
22                           Wilmington, Delaware 19801
                             (302)654-8080
23                           Email:  gmatthews@reliable-co.com

24   Proceedings recorded by electronic sound recording; transcript
     produced by transcription service.
25

1  APPEARANCES (Cont'd):

2  For Century:                Tancred Schiavoni, Esquire
                               O'MELVENY & MYERS LLP
3                              Times Square Tower
                               7 Times Square
4                              New York, New York 10036

5
   For Roman Catholic Ad       Jeremy Ryan, Esquire
6  Hoc Committee:              POTTER ANDERSON & CORROON LLP
                               Hercules Plaza
7                              1313 North Market Street, 6th Floor
                               P.O. Box 951
8                              Wilmington, Delaware 19801

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

<u>INDEX</u>

2

<u>MATTERS GOING FORWARD</u>:

3
4
5

1. Motion of Catholic Mutual Relief Society and the Roman Catholic Ad Hoc Committee (1) For Protective Order Regarding Century Indemnity Company's Subpoena to Catholic Mutual; and (2) to Quash the Debtors' 30(b)(6) Deposition Notice to the Roman Catholic Ad Hoc Committee (D.I. 8209, filed 01/07/22)

6
7

2. Letter to the Honorable Chief Judge Laurie Selber Silverstein regarding Hartford's Motion to Quash 30(b)(6) Deposition Notices (D.I. 8455, filed 01/24/22)

8
9
10

3. Zurich Insurers' Letter to the Honorable Chief Judge Laurie Selber Silverstein Regarding Zurich's Motion to Quash and/or Limit the RCAHCs Rule 30(b)(6) Deposition Notice to Zurich (D.I. 8497, filed 01/25/22)

11
12
13

4. Zurich Insurers' Letter to the Honorable Chief Judge Laurie Selber Silverstein Regarding Zurich's Motion to Compel the RCAHC to Produce Documents and Respond to Interrogatories (D.I. 8498, filed 01/25/22)

14
15
16

5. [SEALED] Motion of the Roman Catholic Ad Hoc Committee to Compel the Rule 30(b)(6) Depositions of (I) the Debtors, (II) Century, (III) Chubb, (IV) Hartford, and (V) Zurich (D.I. 8500, filed 01/25/22)

17
18

6. Letter to the Honorable Chief Judge Laurie Selber Silverstein Regarding Zurich's Motion to Quash and/or Limit the TCC's Rule 30(b)(6) Deposition Notice to Zurich (D.I. 8544, filed 01/28/22)

19

    Court's Ruling:  4-16

20
21
22

7. Letter to the Honorable Chief Judge Laurie Selber Silverstein Regarding Zurich's Motion to Compel the TCC to Produce Documents and Respond to Interrogatories (D.I. 8545, filed 01/27/22)

23

    Court's Ruling:  Matter is Deferred

24

25

1        (Proceedings commence at 4:00 p.m.)

2        THE COURT:  Good afternoon, counsel.  This is Judge

3   Silverstein.  We're here in the Boy Scouts of America

4   bankruptcy case; Case 20-10343.

5        This is the time for my rulings on the multiple

6   discovery disputes that I heard Tuesday.

7        MR. ABBOTT:  Tuesday, Your Honor, yes.

8        THE COURT:  Okay. I am going to go through them;

9   some of them individually, some of them in groups as they were

10  really grouped by the various motions that were filed.

11        First agenda item was the motion of the Roman

12  Mutual Relief Society and the Roman Catholic Ad Hoc Committee

13  for a protective order regarding Century Indemnity subpoena to

14  Catholic Mutual and to quash the debtor's 30(b)(6) deposition

15  to the Roman Ad Hoc Committee -- Roman Catholic Ad Hoc

16  Committee.

17        As the parties know, I first heard argument on the

18  cross motion filed by Century with respect to Rule 2019

19  disclosures.  That was also Agenda Item No. 8.  As for the

20  cross motion, while there was a lot of discussion, my ruling,

21  as announced yesterday, is that the Roman Catholic Ad Hoc

22  Committee must file on the docket the bylaws and any other

23  documents forward to counsel for Century in response to

24  Century's request for documents compliant with Rule

25  2019(c)(4).

1        After further thought and review of the submission
2 made by the committee, Docket Item 8594, I also believe it
3 would be prudent for the committee to affirmatively state, in
4 a further verified statement under Rule 2019, that the only
5 members of the committee are the 13 members listed on Exhibit
6 A.

7        While that is clear from the record of the hearing
8 Docket Item 8594, at page 5, the committee writes that members
9 of the committee have filed separate notices of appearance in
10 the cases and sites to relevant document numbers.  Three of
11 those notices of appearance are for entities that are not
12 listed on Exhibit A; the Norwich Roman Catholic Diocese
13 Incorporation, the Archdiocese of Galveston-Houston, and the
14 Roman Catholic Diocese of Dallas.  Further, if the committee
15 membership changes the committee will be required to file a
16 revised verified statement as per the rules.

17        I am not deciding standing issues today, nor did I
18 yesterday. I will decide issues of standing in the context of
19 objections that are actually filed and pursued, but I do think
20 it is a fair question to ask who the committee is speaking for
21 when it files a document on the docket if it is not speaking
22 for its members.

23        As for the actual discovery disputes debtors filed
24 a -- debtors noticed a 30(b)(6) deposition of the Roman
25 Catholic Ad Hoc Committee seeking discovery related to both

1 voting and membership and Potter Anderson's representation of

2 the committee.  Mr. Kurtz withdrew those requests on the

3 record yesterday.  So the Roman Catholic Ad Hoc Committee's

4 motion to quash debtor's Rule 30(b)(6) deposition is moot.

5       With respect to Century's discovery Century served

6 written discovery on December 29th which was the last day for

7 serving written discovery regarding solicitations,

8 settlements, voting and related issues.  On December 29th

9 Century also issued a subpoena seeking the production of

10 documents.  Per the scheduling order in the case responses

11 were due on January 7th.  So as long as the discovery falls

12 within the specified categories it is not late and any

13 argument that the time to reply was too fast is overruled.

14       In its response to the Roman Catholic Ad Hoc

15 Committee's motion, which was Docket Item 8332, the response

16 was, I guess, Century places its document request into three

17 categories:

18       The abuse claims against the committee's members

19 and the claims tendered to Catholic Mutual that are the source

20 of Catholic Mutual's objections to the plan; plan voting and

21 related issues; and the identity of the diocese on whose

22 behalf the committee purports to act and its authority to act

23 on their behalf.

24       Taking these categories in reverse order; first,

25 the identity of the diocese on whose behalf the committee

1  purports and its authority to do so I resolve that in the

2  context of Century's cross motion regarding Rule 2019 and

3  determined what the committee is required to file.  No further

4  documents are required.

5          On the plan voting and related issues I do not see

6  any basis for document discovery with respect to the votes of

7  the members of the committee or their communication with

8  others.  There has not been any suggestion of any untoward

9  action on the part of the committee or its members.

10          Third, the abuse claims against the committee

11  members and the claims tendered to the Catholic Mutual at this

12  point in time I do not see the relevance of this to

13  confirmation.  To the extent it is relevant to confirmation

14  the deadline is long past due for this type of discovery.

15          Century argues that these documents are necessary

16  to counter contentions made by the Roman Catholic Ad Hoc

17  Committee's expert.  If, in fact, the committee's expert

18  reviewed or discusses this type of information it may be

19  appropriate to permit discovery; however, I have not been

20  presented with the expert report so I cannot make that

21  conclusion at this time.

22          Finally, the Roman Catholic Ad Hoc Committee argues

23  that certain document requests, four through nine, are

24  actually premature as they deal with objections to the plan.

25  The committee should provide those documents to Century as

1  they agreed to with respect to the debtor's request.  I should

2  have indicated that they agreed to with respect to the

3  debtor's request.

4           Finally, to the extent any requests are still

5  outstanding for discovery related to Potter Anderson's

6  representation of the Roman Catholic Ad Hoc Committee, any

7  conflict or waiver issues, I find this discovery not relevant

8  or appropriate.  Neither debtors nor Century are in a position

9  to complain about any conflict and the appropriateness of any

10 waivers obtained.

11          Turning to Agenda Item No. 5 which was the Roman

12 Catholic Ad Hoc Committee motion to compel Rule 30(b)(6)

13 depositions of five entities the debtors, Century, Chubb,

14 Hartford and Zurich my ruling here will also cover the

15 reciprocal and related motions which are Agenda Item 2,

16 Hartford's motion to quash the Rule 30(b)(6) deposition

17 notices issues to it by the Roman Catholic Ad Hoc Committee

18 and the tort claimants committee; Agenda Item No. 3, Zurich's

19 motion for a protective order to quash the Rule 30(b)(6)

20 deposition of Zurich noticed by the Roman Catholic Ad Hoc

21 Committee; and Agenda Item 6, Zurich's motion to quash the

22 Rule 30(b)(6) deposition notice by the tort claimant's

23 committee.

24          I spent a lot of time, after the hearing, on Agenda

25 5 and trying to understand the position taken by the Roman

1  Catholic Ad Hoc Committee and the information it is trying to

2  obtain through discovery.  Not only did I review the filings

3  on this motion I went back to the filing made by the Roman

4  Catholic Ad Hoc Committee's joinder in connection with the

5  request to push the confirmation hearing as well as the

6  arguments made by the committee's counsel at that hearing.

7  And I spent a significant amount of time with the current

8  version of the plan.

9           Like so many plans these days the definitions are

10  key and quite substantive.  Having reviewed all of that and in

11  the context of this particular dispute I am denying, with some

12  exceptions that I will articulate, the Roman Catholic Ad Hoc

13  Committee's motion to compel Rule 30(b)(6) depositions of

14  these five entities.  In general I am persuaded that much of

15  the information that the ad hoc committee seeks by way of

16  deposition is simply not suitable for deposition testimony.

17           First, the information the ad hoc committee most

18  seeks and has articulated with the most specificity is a year

19  by year, policy by policy assessment of abuse claims by BSA

20  policy and local council policy; see, for example, topics 12,

21  13, and 14 of the Rule 30(b)(6) notice of deposition to the

22  Boy Scouts.

23           This information cannot be gleaned by a Rule

24  30(b)(6) witness as no witness could possibly be prepared to

25  answer this type of detailed information.  The Roman Catholic

1  Ad Hoc Committee recognizes this as it propounded written

2  discovery on this topic to each of the five entities which

3  each responded to in its own fashion.  The Roman Catholic Ad

4  Hoc Committee did not bring any purported deficiencies on that

5  -- on those discovery responses before me for resolution.

6          Further, as to this information it has been

7  represented that the BSA insurance policies and the local

8  council insurance policies are equally available to the Roman

9  Catholic Ad Hoc Committee such that it can do its own analysis

10 of potential nominal coverage of claims.  I agree with debtors

11 that I cannot force each of the responding parties to do their

12 own analysis or mapping in response to a discovery request or

13 even if I could that a witness could be prepped to answer

14 questions based on it.

15         Finally, to the extent that by these requests the

16 Roman Catholic Ad Hoc Committee seeks a concession or

17 admission that a particular policy covers a particular abuse

18 claim that would appear to ask for, at least in part, a legal

19 conclusion on a hypothetical basis.  Again, a topic not

20 susceptible to deposition testimony certainly not with respect

21 to 82,000 claims.

22         Second, and relatedly, the Roman Catholic Ad Hoc

23 Committee lists as deposition topics to each of the four

24 insurers,

25         "All policies of insurance issued to Roman Catholic

1  entities.

2          Quote,

3          "All BSA insurance policies issued by the relevant
4  insurers."

5          And quote,

6          "All local council insurance policies issued by the
7  relevant insurer."

8          See, for example, topics 6 through 8 of the Rule
9  30(b)(6) notice of deposition to Century.  These are broad
10 topics and not stated with requisite particularity to know
11 what subject the witness should be prepared to talk about.  If
12 these are really the same requests as the first category then,
13 again, these topics are not appropriate for a Rule 30(b)(6)
14 deposition.  Further, the request that a witness be prepped on
15 all policies issued to Roman Catholic entities highlights a
16 pervasive issue with respect to the committee's discovery
17 requests and perhaps the previewed standing objections with
18 respect to the plan.

19         The committee represents only 13 entities; the
20 Catholic Mutual Relief Society of America, and 12 specified
21 diocese or archdiocese.  In several of its filings, and in
22 this particular Rule 30(b)(6) topic, it purports to act for
23 or, at least, request information with respect to all Catholic
24 chartered organizations or, in this instance, all Roman
25 Catholic entities; a defined term in the plan which

1  encompasses Catholic entities far beyond the 13 members of the

2  committee.  The Roman Catholic Ad Hoc Committee has not

3  articulated a reason why it is entitled to discovery related

4  to non-committee members.

5      Third, the committee seeks to depose a witness on

6  "the treatment of claims of chartered organizations under the

7  plan and trust distribution procedures."  Each of the debtors

8  and the insurance companies state that this topic seeks

9  interpretation of the plan documents or legal conclusions.

10 The insurers also add that they did not draft the plan or the

11 trust distribution procedures and so have no facts to offer on

12 this topic.  Subject to all appropriate objections the Roman

13 Catholic Ad Hoc Committee can depose debtors on this topic.

14     Fourth, the committee seeks to depose witnesses on

15 their respective settlement agreement and/or termsheet; see,

16 for example, topics 3 through 5 of the Rule 30(b)(6) notice

17 directed to Century.  As for Century and Chubb I will permit a

18 deposition with respect to their respective settlement

19 agreements or term sheets, again, subject to all appropriate

20 objections.  I don't think this topic is too broad or must be

21 relegated to only a deposition of debtor.

22     While I am not sure that an insurance company's

23 view of the settlement is germane to the Rule 9019 standard

24 or perhaps any other standard I do note that Century has been

25 incredibly active with discovery ever since it has become --

1   even since it has become a settling insurer.  It has not been

2   content to stand back and let debtors, alone, prosecute the

3   settlements or propound discovery.  You don't get it both

4   ways.  The committee can also take debtor's deposition on the

5   settlements it has entered into, again, subject to all

6   appropriate objections.

7            With respect to Hartford the Roman Catholic Ad Hoc

8   Committee's request also dovetails with Agenda Item No. 2

9   which was Hartford's motion for a protective order with

10  respect to further discovery propounded by the official tort

11  claimant's committee.  Mr. Schulman stated that only one issue

12  remains and that is a Rule 30(b)(6) -- only one issue remains.

13           Hartford already provided a witness who was subject

14  to a six or seven hour deposition.  Mr. Hotaling [phonetic]

15  was already asked about the Hartford term sheet and the draft

16  agreement which he testified he was not familiar with.  The

17  representation is that the draft Hartford agreement was the

18  debtor's draft, not Hartford's draft. I will not make Mr.

19  Hotaling or Hartford sit for a second deposition for the ad

20  hoc committee as there is no further settlement agreement that

21  has been filed to date.

22           With respect to Zurich this request also dovetails

23  with Zurich's motion to quash the Rule 30(b)(6) deposition

24  notice issued by the official tort claimants committee, Agenda

25  Item 6.  Since the tort claimant's committee Rule 30(b)(6)

1  notice was issued the topics have been narrowed and as

2  explained in court by Mr. Schuler clarified that the only

3  topic, broadly speaking, that he was just to examine Zurich on

4  is Zurich's settlement.  I will permit the deposition of

5  Zurich by the Roman Catholic Ad Hoc Committee and the TCC on

6  Zurich's settlement, again, subject to all applicable

7  privileges.

8          Again, I tend to agree that Zurich's assessment of

9  why it agreed to settle for $52.5 million is not the Rule 9019

10 standard, but that does not mean that Zurich does not have

11 relevant factual information that could inform the application

12 of the 9019 standard, whether the settlement was reasonable as

13 set out in Martin or the 363 standard.

14         Let me make clear, even though I permit certain

15 discovery the objection in the deadline has not been extended

16 for any party.  I will reiterate that the Roman Catholic Ad

17 Hoc Committee is in a position to file a very meaningful

18 objection to the plan with the information they currently

19 have.  And I expect that to be done.

20         Having re-read its previous joinder and considered

21 arguments made on these motions its clear that the committee

22 wants more information to assess what it terms the "unknown

23 holes" in the patchwork quilt of releases and channeling

24 injunction unique to each chartered organization.  While more

25 information may be helpful in determining whether the members

1  of the committee want to object to the plan or become

2  contributing chartered organizations that information is not

3  necessary for the committee to file an objection to

4  confirmation based on the 1129 factors and any other

5  applicable standards.

6          Turning to Agenda Item 4, Zurich's motion to compel

7  the Roman Catholic Ad Hoc Committee to respond to one

8  interrogatory and four document requests.  Those discovery

9  items concern the factual basis for the Roman Catholic Ad Hoc

10 Committee's potential or actual objections to Zurich's

11 settlement.  Mr. Plevin stated that he would, essentially, get

12 the actual objection shortly and was content to await that,

13 but asked that he also receive any documents supporting the

14 committee's objection.  Mr. Ryan agreed that the committee

15 would produce those documents.  So Agenda Item 4 is resolved.

16         Agenda Item 7, Zurich's motion to compel the tort

17 claimant's committee to produce documents.  Here there are two

18 interrogatories and one document request.  The two

19 interrogatories request the TCC to state in detail their

20 objections to the Zurich settlement or the Zurich term sheet

21 and a contention interrogatory regarding the relevant

22 standards.  As for those, I don't think there was opposition,

23 but in any event any objection to confirmation by the TCC

24 should answer those questions.

25         The document request is for all documents

1  supporting Mr. Pachulski's statement in court on December 21st

2  of last year that the Zurich settlement is 50 percent less

3  than we thought the settlement should have been based on our

4  insurance analysis and our special counsel analysis.  Zurich

5  argues, citing a couple of cases, that this statement by Mr.

6  Pachulski acted as a subject matter waiver.

7              I think this is a close call and I, quite frankly,

8  need to review the matter more.  So I will be reviewing it and

9  I will let the parties know of my ruling, but I think at the

10  very least there is a lesson to be learned about posturing and

11  about making unnecessary statements in court proceedings.  So

12  I will get back to parties on that.

13              That concludes my rulings.  I believe that I have

14  ruled on all of the various objections and motions.

15              I see a hand.  Mr. Ryan.

16              MR. RYAN:  Yes, Your Honor.  With respect to the

17  2019 ruling we provided several documents to Mr. Schiavoni,

18  one of which was the bylaws of the committee, the other

19  information was confidential business information of Catholic

20  Mutual with respect to its members and what insurance its

21  members have.  We can do a 2019, but we will have to move to

22  seal that, Your Honor.  That is not germane to the issue and

23  we can provide it in Chambers, but it's just not germane to

24  the issues of governance or authority under what we were

25  talking about under the documents, if any, that exist

1  referring to authority to act.  Those were confidential

2  business information items of Catholic Mutual itself.

3          THE COURT:  Well if you speak with Mr. Schiavoni

4  and there's agreement on that then maybe there is just a need

5  to file the bylaws.  I will certainly let you have that

6  conversation.

7          Mr. Schiavoni, I see your hand.

8          MR. SCHIAVONI:  Great minds think alike because I

9  was going to suggest that we meet and confer on that issue

10  because I think it was presented differently in the 2019 -- in

11  the verified statement, but I am willing to discuss it with

12  Mr. Ryan and see if we can reach agreement on that.

13          THE COURT:  That's fine.

14          Are there any other questions?

15          MR. RYAN:  I was just going to note we did have the

16  seal motion on and we conferred with Mr. Schiavoni and he does

17  not have any confidential information of his client and his

18  responses.  So we will be withdrawing the seal motion and just

19  putting it un-redacted exhibits on the docket.

20          THE COURT:  Thank you.

21          Anyone else?

22      (No verbal response)

23          THE COURT:  Mr. Schiavoni, your hand is up.  Is

24  that a leftover?

25          MR. SCHIAVONI:  It's a leftover, sorry.

1    THE COURT:  Thank you.  That is all we have for
2  today.  We're adjourned.
3        (Proceedings concluded at 4:26 p.m.)
4
5
6                          CERTIFICATE
7        I certify that the foregoing is a correct
8  transcript from the electronic sound recording of the
9  proceedings in the above-entitled matter to the best of my
10  ability and knowledge.
11
12  /s/ Mary Zajaczkowski              February 3, 2022
13  Mary Zajaczkowski, CET**D-531
14  Certified Court Transcriptionist
15  For Reliable
16
17
18
19
20
21
22
23
24
25