IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11
Case No. 20-10343 (LSS)

(Jointly Administered)

Re Docket Nos. 6528, 7832, 8039, 8345, 8346, 8382

### PRO-SE CLAIMANT NUMBERS SA-▇▇▇ & SA-▇▇▇ DISCLOSURE OF TOPICS ON WHICH CLAIMANT SUBMITS IN CONNECTION WITH ITS PLAN OBJECTIONS

Pursuant to the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [Docket No. 6528] (the "Scheduling Order"), Pro-Se Claimant Numbers SA-▇▇▇ & SA-▇▇▇ in the above-captioned chapter 11 cases, hereby submits its disclosure of topics on which it submits (the "Disclosure") in support of its objections to plan confirmation.

**Topics on which Pro-Se Claimant SA▇▇▇ & SA▇▇▇ submits objections:**

(a) The Local Councils' ability to contribute more than $600 million to the Settlement Trust and whether they are making a substantial contribution.[2]

(b) The Debtors' Liquidation Analysis, including, without limitation, whether the hypothetical liquidation of the Debtors and the Local Councils would result in a larger distribution to Class 8 (Direct Abuse Claimants) than would occur under the Plan.

(c) The nature and amount of the claim of the Pension Benefit Guarantee Corporation, including, without limitation, whether the Local Councils are

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of the Debtors' respective federal tax identification numbers, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized Terms not otherwise defined herein shall have the meanings given to them in the *Amended Disclosure Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832].

(d) The value and limits of the insurance policies available with respect to the Abuse Claims, the appropriate manner to assess the value and limits, and the reasonableness of settlements with Hartford, any other insurers, TCJC and other Chartered Organizations.

(e) The valuation of Direct Abuse Claims, including valuation methodology and analyses of the factors and considerations relating to such valuation.

(f) The feasibility of the Plan, including, without limitation, the Debtors' ability to achieve the financial projections set forth in the Disclosure Statement and to satisfy the BSA Settlement Trust Note.

(g) Evaluation of the adequacy and efficacy of the Debtors' current youth protection program recommendations for replacement/modification of the Debtors' current youth protection program and management/governance structure to enhance the adequacy and efficacy of the Debtors' youth protection program.

(h) The Claims Allowance Process in the Trust Distribution Procedures.

(i) Any other subject raised in support of or in opposition to the plan that is appropriate.

(j) *THIS PRO-SE CLAIMANT ALLEGES, OBJECTS, AND DISPUTES THE FINAL CERTIFICATION TABULATION RESULTS AS FALSE, AND DECLARATION OF CATHERINE NOWNES-WHITAKER OF OMNI AGENT SOLUTIONS REGARDING THE SOLICITATION OF VOTES AND FINAL TABULATION OF BALLOTS CAST TO BE ALSO FALSE, ON THE SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC*

(k) *THE ELECTION RESULTS ARE DISPUTED. THE UNITED STATES TRUSTEES, DEBTORS COUNSEL, COURT CLERK, OMNI AGENT SOLUTIONS, THE TCC, PACHULSKI STANG ZIEHL & JONES LLP, AND DOJ FRAUD DIVISION HAVE BEEN ELECTONICALLY NOTIFIED. TO THE SPECIFICS OF THE DISPUTE. THE PLAN IS UNCONFIRMABLE. AS THE RESULTS OF THE ELECTION ARE ALLEGED ON GROUNDS, TO BE FRAUDULENT.*

Pro-Se Claimant No. *SA-*[REDACTED] *& SA* [REDACTED]

Dated: February 2, 2022    [REDACTED]

Email [REDACTED]