IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC, *et al.*[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 7832** |

**OBJECTION OF PARKER WAICHMAN LLP TO CONFIRMATION
OF THE SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF
REORGANIZATION FOR BOY SCOUTS OF AMERICA
AND DELAWARE BSA, LLC**

Parker Waichman LLP ("Parker Waichman") on behalf of its abuse survivor clients that have voted to reject the plan (the "Rejecting PW Abuse Survivor Clients"), hereby files this objection (the "Objection") to the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan") (D.I. 7832), and in support of this Objection, states as follows:

**BACKGROUND**

1. On February 18, 2020 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") commenced these chapter 11 bankruptcy cases (the "Cases") by filing voluntary petitions with this Court.

2. Parker Waichman LLP is a law firm that represents 354 holders of Abuse Claims (as defined in the Plan) that have filed proofs of claim in these Cases. Of these clients, 313 are Rejecting PW Abuse Survivor Clients on whose behalf this objection is filed.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

47140762 v3

**OBJECTIONS TO CONFIRMATION**

3. Confirmation of the Plan should be denied because it (a) proposes nonconsensual third-party releases and a channeling injunction which are (at a minimum) defective because of insufficient consideration for Abuse Claims[2] and (b) proposes to implement settlements that are not fair or reasonable, including for the reasons stated by the Official Committee of Tort Claimants ("TCC") in its letter recommending that holders of Abuse Claims vote to reject the Plan.[3]

4. The Plan seeks approval of nonconsensual third-party releases of Abuse Claims against a long list of non-debtor "Protected Parties" and "Limited Protected Parties." *See* Plan, Article X.J.3 (Releases by Holders of Abuse Claims). The Plan also seeks to enjoin lawsuits against these third parties and channel all Abuse Claims against them to the Settlement Trust. *See* Plan, Article X.F (Channeling Injunction). Even presuming this Court does not follow recent decisions by District Courts in other Circuits[4] calling into question Bankruptcy Courts' authority to grant non-consensual third-party releases, the non-consensual third-party releases proposed by the Plan are not justified under the circumstances of these Chapter 11 cases, because those releases are proposed to be granted for insufficient consideration. In support hereof, the objectors intend to rely on the evidence adduced and presented by Participating Parties (as defined in the Scheduling Order entered at D.I. 6528) and to join in their objections to the fairness and reasonableness of the various settlements that the Plan proposes to implement.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

[3] *See* https://www.tccbsa.com/tcc-letter.

[4] *See In re. Purdue Pharma L.P.*, -- B.R.. --, 2021 WL 5979108, at *69 (S.D.N.Y. Dec. 16, 2021*)* and *In re. Retail Group Inc.* (*f/k/a Ascena Retail Group, Inc.) sub. nom. Patterson et al. v. Mahwah Bergen Retail Group, Inc.*, -- B.R. --, 2022 WL 135398, at *43 (E.D. Va. Jan. 13, 2022).

## JOINDER AND RESERVATION OF RIGHTS

5. Parker Waichman, on behalf of its Rejecting PW Abuse Survivor Clients, expects to join in some or all of the objections of similarly-situated parties (including the TCC) to the extent filed, reserves all rights to amend, modify and/or supplement this Objection, and further reserves all rights with respect to the Court's consideration of confirmation of the Debtors' current proposed Plan, including as may be amended or modified, or any subsequently filed plan; and, without limiting the generality of the foregoing, particularly reserves the right to assert that creditors' consent to a materially modified Plan ought to be resolicited.

WHEREFORE, Parker Waichman, on behalf of its Rejecting PW Abuse Survivor Clients, requests that this Court sustain this Objection, deny confirmation of the Plan, and for such further relief as this Court deems appropriate.

Dated:  February 4, 2022

/s/ *J. Cory Falgowski*
J. Cory Falgowski (No. 4546)
**BURR & FORMAN LLP**
1201 N. Market Street, Suite 1407
Wilmington, Delaware 19801
Telephone:  (302) 830-2312
Email:  jfalgowski@burr.com

-and-

Melanie H. Muhlstock *(Pro Hac Vice)*
**PARKER WAICHMAN LLP**
6 Harbor Park Drive
Port Washington, NY 11050
Telephone: 516-466-6500
Facsimile:  516-466-6555
Email: mmuhlstock@yourlawyer.com

*Counsel to Parker Waichman LLP, on behalf of its Rejecting PW Abuse Survivor Clients*