IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**D.I. 6443, 7832**<br>Hearing Date: February 22, 2022, 10:00 a.m. (ET) |

**MUNICH REINSURANCE AMERICA, INC., FORMERLY KNOWN AS AMERICAN RE-INSURANCE COMPANY'S JOINDER TO CERTAIN OBJECTIONS AND <u>SEPARATE OBJECTION TO THE PLAN</u>**

Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company ("MRAm"), by and through its attorneys, hereby submits this (1) Joinder to *Certain Insurers' Objection to Confirmation of Debtors' Chapter 11 Plan* ("Certain Insurers' Objections") and to *Allianz Insurers' Objection to the Second Modified Fifth Amended Chapter 11 Plan of Reorganization and Request for Relief from the Plan Discharge and Injunction Provisions* ("Allianz Insurers' Objections")*,* and (2) separate objection to one aspect of the Debtors' Chapter 11 Plan of Reorganization [D.I. 7832] (the "Plan") that is specific to MRAm.

1. MRAm (then American Re-Insurance Company) issued a single policy of insurance ("AmRe Policy") at issue in this bankruptcy. The AmRe Policy is identified as no. M1027493, with initial effective dates of January 1, 1976 – January 1, 1977. The AmRe Policy was extended by endorsement to January 1, 1978, The AmRe Policy covers certain risks of the Local Councils of the Boy Scouts of America only. Specifically, the named

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

1

insured(s) on the AmRe Policy is: "Boy Scouts of America (Local Councils) as named in the Underlying National Union Fire Insurance Company's Umbrella Liability."[2] The AmRe Policy does not cover the Boy Scouts of America ("BSA").

2. MRAm has been consistent in this position, specifically advising Debtors (and others) in discovery responses that MRAm insured only Local Councils under an excess policy, and did *not* insure Debtors, or either of them.

4. Notwithstanding that the AmRe Policy does not insure the BSA, the Plan appears to treat the AmRe Policy as an asset of the Debtors' estate. Of note, the AmRe Policy is included in Schedule 2 of the Plan, which lists insurance policies issued to the BSA (Ex. 1).[3]

5. If the Court confirmed the Plan as proposed, the effect would be to ostensibly approve the assignment of the AmRe Policy to the Settlement Trust. Such an assignment is, as a general matter, improper, as set forth in Certain Insurers' Objections (see, e.g., paragraphs 147-154). Moreover, since Debtors are not insured under the AmRe Policy, Debtors have no rights to assign. It is clear that a debtor may not assign rights it does not have, and that such a purported assignment would be legally ineffective. The Court should not approve any Plan that would include an attempted assignment of the AmRe Policy.

---

[2] The phrase "(Local Councils)", in parentheses, serves to explain the identity of the named insured. *See Webster's Ninth New Collegiate Dictionary* (1985), p. 855, definition of "parenthesis" ("an amplifying or explanatory word, phrase, or sentence inserted in a passage from which it is usually set off by punctuation."); *Chicago Manual of Style, 13th Ed.* (1982), §5.97, p. 153 ("Parentheses . . . may be used to set off amplifying, explanatory, or digressive elements.") *Compare In Re: Superior Air Charter, LLC*, 627 B.R. 241, 248 (Bankr. D. Del. 2021) ("Ordinary meaning is ascertained by referring to standard dictionaries.")

[3] See December 18, 2021 "Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC," (D.I. No. 7832) at p. 2 of "Schedule 2," "BSA Insurance Policies." For the convenience of the Court and participating parties, the title page, definitions page for "BSA Insurance Policies," and the relevant excerpt from Schedule 2, are attached at Ex. 1.

6. Simply stated, whether or not Debtors acknowledge in the Plan that they are not covered by the AmRe Policy, they are not, and it is therefore not an asset of Debtors' estate to be included in the attempted assignment to the Settlement Trust. On that basis, and for the reasons set forth in Certain Insurers' Brief, the Plan should not be confirmed with the inclusion of the AmRe Policy.

7. In addition to its specific objection set forth above, MRAm also joins in the legal and factual arguments, and Plan objections, set forth in both Certain Insurers' Objections and the Allianz Insurers' Objections, to the extent they apply to MRAm as an insurer of only Local Councils.

8. MRAm continues to reserve all rights under the AmRe Policy and at law with respect to the terms, conditions, provisions and exclusions of the AmRe Policy, including its rights related to the process of resolving any coverage potentially available for any individual claim.

9. MRAm also reserves the right to join in, and adopt as its own, any objections to the Plan filed by any other person or entity, including but not limited to such other objections (in addition to Certain Insurers' Objections and Allianz Insurers' Objections) that may be submitted by other insurers to the extent the arguments are applicable to MRAm.

Respectfully Submitted,

**DILWORTH PAXSON LLP**

By: */s/ Thaddeus J. Weaver*
 Thaddeus J. Weaver (Id. No. 2790)
 704 King Street, Suite 500
 P.O. Box 1031
 Wilmington, DE  19899-1031
 (302) 571-8867 (telephone)
 (302) 351-8735 (facsimile)

122652510-1

tweaver@dilworthlaw.com

Dated:  February 4, 2022

and

William E. McGrath, Jr. (Admitted PHV)
**DILWORTH PAXSON LLP**
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 4, 2022, a true, correct and complete copy of "Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company's Joinder to Certain Objections and Separate Objection to the Plan," with Exhibit 1, was served on all participating parties (as identified on the most current list of participating parties maintained on the Court's docket) via CM/ECF and/or electronic mail.

                                                **DILWORTH PAXSON LLP**

                                                By: */s/ Thaddeus J. Weaver*
                                                Thaddeus J. Weaver (Id. No. 2790)
                                                704 King Street, Suite 500
                                                P.O. Box 1031
                                                Wilmington, DE  19899-1031
                                                (302) 571-8867 (telephone)
                                                (302) 351-8735 (facsimile)
                                                tweaver@dilworthlaw.com

                                                *Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

Date:  February 4, 2022

122652510-1