# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11<br>Jointly Administered |
| Debtors. | |

**JOINDER OF THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION TO THE ROMAN CATHOLIC AD HOC COMMITTEE'S OBJECTION TO THE DEBTORS' SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

The Norwich Roman Catholic Diocesan Corporation, a chapter 11 debtor and debtor-in-possession in the United States Bankruptcy Court for the District of Connecticut, bearing Case No. 21-20687 (JJT) (the "Norwich Diocese"), by and through the undersigned counsel, hereby joins in and adopts the *Roman Catholic Ad Hoc Committee's Objection to the Debtor's Second Modified Fifth Amended Chapter 11 Plan of Reorganization* [Dkt. No. 8686] (the "Catholic Committee Objection"). In support thereof, the Norwich Diocese respectfully states as follows:

## JOINDER

1. The Norwich Diocese commenced its own chapter 11 case on July 15, 2021 in the United States Bankruptcy Court for the District of Connecticut, bearing Case No. 21-20687 (JJT), on which date actions against the Norwich Diocese, as a debtor and debtor-in-possession, and its interests in property were stayed pursuant to § 362(a) of the Bankruptcy Code.

2. The Norwich Diocese respectfully joins the arguments raised in the Catholic Committee Objection and adopts and incorporates such arguments as if more fully set forth herein.

3. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a petition under the Bankruptcy Code automatically stays, among other things, "any act to obtain possession of property of the [debtor's] estate or of property from the estate or to exercise control over property

of the estate." 11 U.S.C. § 362(a)(3). A debtor's interest in coverage provided under an insurance policy is property of the estate, protected by the automatic stay. *See ACandS, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006) (citation omitted) ("It has long been the rule in this Circuit that insurance policies are considered part of the property of the bankruptcy estate."); *In re Culp*, 588 B.R. 389, 393 (Bankr. D. Del. 2018) ("Proceeds under an insurance policy are property of the estate when the policy provides the debtor with direct coverage."). Thus, any action that would affect or impair the Diocese's rights in and to any insurance policies or available coverage, such as an involuntary assignment of such rights to a trust created in another case in a foreign jurisdiction, would violate the automatic stay. That is precisely the effect of the Debtor's plan here. In both the Second and Third Circuits, actions taken in violation of the automatic stay are void *ab initio*. *Const. Bank v. Tubbs*, 68 F.3d 685, 692 (3d Cir. 1995) ("Once a stay is in effect, without relief from the bankruptcy court, the parties themselves cannot validly undertake any judicial action material to the claim against the debtor.") (citations omitted); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991); *Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP)*, 422 F. App'x 15, 18 (2d Cir. 2011); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) ("The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."); *In re Sklar*, 626 B.R. 750, 761 (Bankr. S.D.N.Y. 2021). Since the Debtors have not obtained relief from the automatic stay in the Diocese's bankruptcy case, the Plan cannot and does not affect in any way the Diocese's rights in and to any insurance policies or available coverage. The Plan should be revised to reflect that fact, and any confirmation order should make this clear.

4.      Without limiting the foregoing, the Norwich Diocese objects to and reserves all rights as to the Plan's and the Debtors' classification of the Norwich Diocese as a Chartered Organization. The Norwich Diocese also objects to and elects to opt out of any and all third-party releases under the Plan.

5.      The Norwich Diocese respectfully reserves the right to supplement its objection at or before the hearing on confirmation of the Plan and to raise and present additional authorities, arguments, evidence, and objections in connection with the matters addressed in the foregoing pleadings or that may arise during the hearing and reserves the right to join any other objections to confirmation that reflect concerns consistent with those set forth herein or in the Catholic Committee Objection. In the event that the Catholic Committee Objection is withdrawn or otherwise resolved, the Norwich Diocese further reserves the right topresent argument on the Plan at the hearing.

| | |
|---|---|
| Dated: February 4, 2022 | GELLERT SCALI BUSENKELL & BROWN LLC |
| | |
| | */s/ Charles J. Brown, III* |
| | Charles J. Brown, III (DE 3368) |
| | 1201 N. Orange Street, 3rd Floor |
| | Wilmington, DE 19801 |
| | Phone: 302-425-5813 |
| | Fax: 302-425-5814 |
| | Email: cbrown@gsbblaw.com |
| | |
| | ICE MILLER LLP |
| | Louis T. DeLucia (*pro hac vice* to be filed) |
| | Alyson M. Fiedler (*pro hac vice* to be filed) |
| | 1500 Broadway, Suite 2900 |
| | New York, New York 10036 |
| | Phone: (212) 835-6312 |
| | Email: Louis.DeLucia@icemiller.com |
| | Alyson.Fiedler@icemiller.com |
| | |
| | *Counsel for The Norwich Roman Catholic Diocesan Corporation* |

## **CERTIFICATE OF SERVICE**

I, Charles J. Brown, III, Esquire, certify that on February 4, 2022 I caused a true and correct copy of *Joinder of The Norwich Roman Catholic Diocesan Corporation to Roman Catholic Ad Hoc Committee's Objection to the Debtor's Second Modified Fifth Amended Chapter 11 Plan of Reorganization* to be electronically filed and served via CM/ECF to all parties requesting electronic service in this case and upon the parties listed below via electronic mail:

>Morris, Nichols, Arsht & Tunnell LLP
>Attn: Derek C. Abbott, Andrew R. Remming, Paige N. Topper, Michelle M. Fu
>1201 North Market Street, 16th Floor, P.O. Box 1347
>Wilmington, Delaware 19899-1347
>Email: dabbott@morrisnichols.com; aremming@morrisnichols.com; ptopper@morrisnichols.com; mfu@morrisnichols.com
>
>White & Case LLP
>Attn: Jessica C. Lauria
>1221 Avenue of the Americas
>New York, New York 10020
>Email: jessica.lauria@whitecase.com
>
>White & Case LLP
>Attn: Michael C. Andolina, Matthew E. Linder, Blair Warner, Laura E. Baccash
>111 South Wacker Drive
>Chicago, Illinois 60606
>Email: mandolina@whitecase.com; mlinder@whitecase.com; blair.warner@whitecase.com; laura.baccash@whitecase.com
>
>Office of the United States Trustee
>for the District of Delaware
>Attn: David L. Buchbinder, Hannah M. McColllum
>844 King Street, Suite 2207
>Lockbox 35
>Wilmington, Delaware 19801
>Email: david.l.buchbinder@usdoj.gov; hannah.mccollum@usdoj.gov

>>*/s/ Charles J. Brown, III*
>>Charles J. Brown, III (DE 3368)

Dated: February 4, 2022