# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Chapter 11 |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 7832 & 8686** |

## MOTION OF THE ROMAN CATHOLIC AD HOC COMMITTEE FOR ENTRY OF AN ORDER AUTHORIZING THE RCAHC TO EXCEED THE PAGE LIMIT REQUIREMENT WITH RESPECT TO ITS OBJECTION OF THE SECOND MODIFIED FIFTH AMENDED JOINT PLAN OF REORGANIZATION

The Roman Catholic Ad Hoc Committee (the "RCAHC"), by and through undersigned counsel, hereby files this motion (the "Motion to Exceed"), pursuant to section 105 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 3017-3 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the RCAHC to exceed the page limit requirement in connection with the *Roman Catholic Ad Hoc Committee's Objection to Confirmation of Debtors' Second Modified Fifth Amended Chapter 11 Plan or Reorganization* (the "Objection"), filed contemporaneously herewith.[2] In support of its Motion to Exceed, the RCAHC respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the Objection.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Local Rule 3017-3.

3.     Further, pursuant to Local Rule 9013-1(f), the RCAHC hereby consents to the entry of a final judgment or order in connection with the Motion to Exceed if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

## BACKGROUND

4.     On February 18, 2020 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

5.     On September 30, 2021, the Debtors filed the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6443] and the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6445].  On the same date, the Court entered the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan*

*Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438].

6. On November 30, 2021, the Debtors filed the *Notice of Filing of Plan Supplement to Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7515] (the "Initial Plan Supplement").

7. On December 18, 2021, the Debtors filed the *Second Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7832] (the "Plan").

8. On December 23, 2021, the Debtors filed the *Notice of Filing of Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7953] (the "First Amended Plan Supplement").

9. On December 28, 2021, the Court entered an Order modifying the confirmation schedule order [Docket No. 7996], scheduling the confirmation hearing on February 22, 2022 and setting the confirmation objection deadline for February 4, 2022.

10. On January 29, 2022, the Debtors filed the *Notice of Filing of Second Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8567] (the "Second Amended Plan Supplement"), and together with the Initial Plan Supplement and the First Amended Plan Supplement, the "Plan Supplements").

**RELIEF REQUESTED**

11. By this Motion to Exceed, the RCAHC respectfully requests that the Court enter the Proposed Order authorizing the RCAHC to exceed the page limit requirement for its Objection.

**BASIS FOR RELIEF REQUESTED**

12. Local Rule 3017-3 provides, in relevant part, that "[i]n all chapter 11 cases, without leave of the Court, no objection to approval of a disclosure statement or confirmation of a plan shall exceed forty (40) pages (exclusive of any tables, exhibits, addenda or other supporting materials)[.]" Del. Bankr. L.R. 3017-3; *see also* General Chambers Procedures § 2(a)(vi) (same). As such, the Objection may only exceed the applicable page limitation with leave of Court. *See* Bankruptcy Code § 105.

13. The RCAHC respectfully submits that allowing the Objection to exceed the page limitations prescribed by Local Rule 3017-3 and the General Chambers Procedures is justified under the circumstances. The Objection, as filed, is approximately 96 pages, exclusive of tables, exhibits, addenda or other supporting materials.

14. The Plan (in total, a 426 page document), and its related documents, such as the Plan Supplements (in total, 801 pages), the Mediators' Reports, which included various term sheets and settlement agreements that are incorporated into the Plan (containing 12, 44, 2, 2, 2, 44, 38, 30, 28, 27, and 30, respectively (and 259 pages all together)) [See Docket Nos. 2292, 2624, 5219, 5284, 5287, 6210, 7745, 7772, 7884, 7928, and 8095] are voluminous, and the Objection addresses numerous complex issues, as the Plan and its related documents purport to not only bind creditors but also other parties not before the Court through extensive nonconsensual third party releases. Additionally, the Plan includes broad injunctions impairing

not only parties with claims against the Debtors but affecting a taking of third-party property. These issues, among others, implicate (and violate) the U.S. Constitution and numerous Bankruptcy Code provisions that the RCAHC is compelled to address in its Objection.

15. Accordingly, the legal and factual analyses attendant to these issues cannot adequately be addressed without exceeding the 40-page limit prescribed by Local Rule 3017-3. The RCAHC believes that the analysis and discussion in the Objection of these issues will benefit and assist the Court in its consideration of confirmation of the Plan. Therefore, the RCAHC submits that there is ample justification for the relief requested herein.

## **NOTICE**

16. Notice of this Motion to Exceed has been provided to the (i) Debtors; (ii) the U.S. Trustee; (iii) the Official Committee of Unsecured Creditors; (iv) the Official Committee of Tort Claimants; (v) the Settling Insurers; and (vi) those parties who have requested service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the RCAHC submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

17. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth above, the RCAHC respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

Dated: February 4, 2022
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (Bar No. 4057)
Aaron H. Stulman (Bar No. 5807)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
astulman@potteranderson.com

- and -

**SCHIFF HARDIN LLP**

Everett Cygal, *admitted pro hac vice*
David Spector, *admitted pro hac vice*
J. Mark Fisher, *admitted pro hac vice*
Neil Lloyd, *admitted pro hac vice*
Daniel Schufreider, *admitted pro hac vice*
Jin Yan, *admitted pro hac vice*
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: ecygal@schiffhardin.com
dspector@schiffhardin.com
mfisher@schiffhardin.com
nlloyd@schiffhardin.com
dschufreider@schiffhardin.com
jyan@schiffhardin.com

*Counsel to the Roman Catholic Ad Hoc Committee*