# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOYS SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) Case No. 20-10343 (LSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) D.I. 7832, 8695, 8696 |

### OLD REPUBLIC INSURANCE COMPANY'S (A) JOINDER TO CERTAIN INSURERS' OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN; (B) PARTIAL JOINDER TO ALLIANZ INSURERS' OBJECTION TO THE PLAN; (C) SUPPLEMENTAL OBJECTION TO THE PLAN; AND (D) RESERVATION OF RIGHTS

Old Republic Insurance Company ("**Old Republic**"), by its undersigned attorneys, hereby files this (a) Joinder to the *Certain Insurers' Objection to Debtors' Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8695] (the "**Certain Insurers' Objection**"); (b) Partial Joinder to the *Allianz Insurers' Objection to the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for the Boy Scouts of America and Delaware BSA, LLC and Request for Relief from the Plan Discharge and Injunction Provisions* [D.I. 8696] (the "**Allianz Insurers' Objection**"); (c) Old Republic's supplemental objection to the Debtors' *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (the "**Plan**") and (d) Old Republic's reservation of rights (the "**Objection**"). In support of this Objection, Old Republic respectfully represents the following:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

**JOINDER**

1. Old Republic joins the Certain Insurers' Objection and incorporates by reference the Certain Insurers' Objection as if stated herein in its entirety. Capitalized terms not specifically defined herein shall have the meanings ascribed in the Certain Insurers' Objection.

2. Old Republic joins, in part, the Allianz Insurers' Objection and incorporates by reference the following sections of the Allianz Insurers' Objection as if stated herein in their entirety: Sections I (Preliminary Statement), II(B) (The Plan's and TDP's Treatment of Indirect Abuse Claims) and III(A) (The Plan Impermissibly Seeks to Modify the Insurance Policies and Reinsurance Agreements).

**INTRODUCTION**

3. In summary, the Plan should not be confirmed for the following reasons:

   a. First, the TDPs impermissibly seek to modify insurer contract rights, in contravention of applicable bankruptcy law. While the Certain Insurers' Objection addresses these issues with respect to Abuse Claims, Old Republic additionally objects to the treatment of Non-Abuse Litigation Claims (as hereinafter defined) under the Plan, an issue only relevant to those insurers, like Old Republic, that issued Specified Policies (as hereinafter defined);

   b. Second, as set forth in Certain Insurers' Objection, the proposed governance of the Settlement Trust runs afoul of public policy;

   c. Third, as set forth in Certain Insurers' Objection, the Plan's channeling injunction does not meet the standard set by Third Circuit law; and

2

d. <u>Lastly</u>, as set forth in Certain Insurers' Objection, all of the above precludes the Court from finding that the Plan was proposed in good faith and, therefore, cannot be confirmed under 11 U.S.C. § 1129(a)(3).

**FACTUAL BACKGROUND**

4. From March 1, 2008 through March 1, 2019, Old Republic issued primary general liability policies to the Debtors (the "**Primary Policies**"). It also issued excess general liability policies to the Debtors for the periods from March 1, 2007 to March 1, 2019 (the "**Excess Policies**", and collectively with the Primary Policies, the "**Policies**").[2] Additionally, Old Republic and Boy Scouts of America entered into a program agreement relating to the Policies (the "**Program Agreement**"), a copy of which is attached hereto as **Exhibit A**, which further defines the obligations of the Debtors with respect to the Policies and Old Republic.

5. The Policies and the Program Agreement include various provisions that reflect the bargained-for agreement between Old Republic and the Debtors including: (i) the limitation on the obligation of Old Republic to satisfy a claim only when the Debtors' payment obligation is determined by final judgment, (ii) the right of Old Republic to exercise final authority with respect to claims matters and settlements in its sole discretion, and (iii) the right of Old Republic to determine, in its sole discretion, who will perform the handling and administration of claims.

6. Old Republic incorporates by reference the "Preliminary Statement" and "Background" section as set forth in the Certain Insurers' Objection and the "Preliminary Statement" as set forth in the Allianz Insurers' Objection.

---

[2] The Policies are voluminous and are therefore not attached to the Objection but will be provided upon request by the Court or a party in interest.

# ARGUMENT

### A. The Plan Impermissibly Modifies Old Republic's Rights Under its Policies

7. As set forth in the Certain Insurers' Objection and the Allianz Insurers' Objection, the Plan seeks to modify and eliminate bargained-for contractual rights, including rights contained in the Primary and Excess Policies. Certain Insurers' Objection at ¶¶ 11-14, 98-101; Allianz Insurers' Objection at ¶¶ 29-32.

8. In addition to the numerous deficiencies with the Plan as set forth in the Certain Insurers' Objection, the Plan improperly grants the Settlement Trust control over settlement of *Non-Abuse Litigation Claims*. Not only does such authority violate the plain language of the Policies and Program Agreement, it also greatly prejudices the rights of the Non-Abuse Litigation Claimants, many of whom are not even parties to this bankruptcy proceeding. In the Plan, the Settlement Trust is granted consent rights over any post-emergence settlement of an Insured Non-Abuse Litigation Claim. Specifically, Article IV.D.3.a provides that "[t]he Settlement Trust shall have consent over any post-Effective Date settlement of any Non-Abuse Litigation Claim…that is entitled to a recovery from the proceeds of Specified Insurance Policies."

9. Under section 10.3 of the Program Agreement, however, "final authority with respect to claims matters under the policies [rests] with Old Republic in its sole discretion". If approved, the Plan would eliminate Old Republic's contractual rights by giving the Settlement Trust consent rights over post-Effective Date settlements of any Non-Abuse Litigation Claim seeking recovery from a Specified Insurance Policy that are greater than the rights the Debtors currently have. Article IV.D.3 of the Plan also does not preserve rights of holders of Insured Non-Abuse Litigation Claims in the Debtors' insurance policies.

10. In the Plan, a Non-Abuse Litigation Claim is defined as "a prepetition unsecured non-priority Claim against the Debtors relating to pending or threatened litigation against one or

4
13444133/1/114731-0008

# ARGUMENT

### A. The Plan Impermissibly Modifies Old Republic's Rights Under its Policies

7. As set forth in the Certain Insurers' Objection and the Allianz Insurers' Objection, the Plan seeks to modify and eliminate bargained-for contractual rights, including rights contained in the Primary and Excess Policies. Certain Insurers' Objection at ¶¶ 11-14, 98-101; Allianz Insurers' Objection at ¶¶ 29-32.

8. In addition to the numerous deficiencies with the Plan as set forth in the Certain Insurers' Objection, the Plan improperly grants the Settlement Trust control over settlement of *Non-Abuse Litigation Claims*. Not only does such authority violate the plain language of the Policies and Program Agreement, it also greatly prejudices the rights of the Non-Abuse Litigation Claimants, many of whom are not even parties to this bankruptcy proceeding. In the Plan, the Settlement Trust is granted consent rights over any post-emergence settlement of an Insured Non-Abuse Litigation Claim. Specifically, Article IV.D.3.a provides that "[t]he Settlement Trust shall have consent over any post-Effective Date settlement of any Non-Abuse Litigation Claim…that is entitled to a recovery from the proceeds of Specified Insurance Policies."

9. Under section 10.3 of the Program Agreement, however, "final authority with respect to claims matters under the policies [rests] with Old Republic in its sole discretion". If approved, the Plan would eliminate Old Republic's contractual rights by giving the Settlement Trust consent rights over post-Effective Date settlements of any Non-Abuse Litigation Claim seeking recovery from a Specified Insurance Policy that are greater than the rights the Debtors currently have. Article IV.D.3 of the Plan also does not preserve rights of holders of Insured Non-Abuse Litigation Claims in the Debtors' insurance policies.

10. In the Plan, a Non-Abuse Litigation Claim is defined as "a prepetition unsecured non-priority Claim against the Debtors relating to pending or threatened litigation against one or

both of the Debtors that does not relate to Abuse." Plan Art. I.160. Article IV.D.3 seems to broaden that definition by apparently giving the Settlement Trust consent rights with respect to settlements involving claimants, for example, who have not filed (and were not required to file) Proofs of Claims in the bankruptcy case, and who may assert claims against only non-debtors (e.g., Local Councils).

11. The Program Agreement's clear terms provide that Old Republic may settle claims at its discretion.[3] The Debtors cannot use this Court, through confirmation of the Plan, to rewrite the Program Agreement and create more rights in favor of certain constituents. A cornerstone of bankruptcy law is "that the filing of a bankruptcy petition does not permit the debtor in possession to enjoy greater contract or property rights than it possessed outside of [the] bankruptcy case." *In re PSA, Inc.*, 335 B.R. 580, 588 (Bankr. D. Del. 2005). The Debtors should not be permitted to use bankruptcy law to create rights for other parties that are contrary to the terms of the Policies and the Program Agreement.

12. Further, the Plan will have negative consequences for Old Republic, the Debtors and holders of Non-Abuse Litigation Claims. First, by improperly providing the Settlement Trust with consent rights to settlements, the Debtors have likely made it more difficult to reach settlements and therefore more costly to do so. Such added cost and difficulty provide no benefit to the Debtors, frustrate the efficient administration of the Policies, and may lead to delay in consummating settlements of Non-Abuse Litigation Claims. Second, the Plan improperly permits the Settlement Trustee to effectively prioritize Abuse Claims over Non-Abuse Claims by refusing approval or requiring reduced settlement amounts in order to grant approval.

---

[3] The Policies state that the Named Insured must provide written consent to settlements, but these provisions are superseded by Section 10.3 of the Program Agreement.

5

13. The term "Specified Insurance Policy" is defined in the Plan to be "any BSA Insurance Policy with an inception date of January 1, 2013 to the present." (Plan Art. I.A. 229). No one has asserted that the coverage available under the numerous primary and excess policies issued by numerous insurers to the Debtors after January 1, 2013 is insufficient to satisfy both meritorious Abuse Claims that meet all of the conditions required for coverage and covered Non-Abuse Litigation Claims. Absent a settlement of a Specified Insurance Policy that would be implicated by the proposed settlement of a Non-Abuse Litigation Claim, the Settlement Trust should not have any role in resolving or settling Non-Abuse Litigation Claims.

14. The Program Agreement is clear that Old Republic has the right to settle Non-Abuse Litigation claims. The Bankruptcy Code does not permit the Debtors to alter the Program Agreement, by creating new rights for other parties thereunder. Therefore, the Court should deny confirmation of the Plan.

**B.     The Governance of the Settlement Trust Does Not Comport with Public Policy**

15. Old Republic incorporates by reference the arguments set forth in the Certain Insurers' Objection. Certain Insurers' Objection at Argument § III.

**C.     The Proposed Channeling Injunction Cannot be Approved**

16. Old Republic incorporates by reference the arguments set forth in the Certain Insurers' Objection. Certain Insurers' Objection at Argument § I.

**D.     The Plan Was Not Proposed in Good Faith**

17. Old Republic incorporates by reference the arguments set forth in the Certain Insurers' Objection. Certain Insurers' Objection at Argument § IV.

13444133/1/114731-0008

## RESERVATION OF RIGHTS

18. Old Republic continues to reserve all of its rights under the Policies and at law with respect to the terms, conditions, provisions and exclusions included therein, including its rights related to resolving any coverage potentially available for an individual claim.

19. Old Republic also reserves the right to join in, and adopt as its own, any objections to the Plan filed by any other party.

## CONCLUSION

20. Old Republic respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems just and proper.

Dated: February 4, 2022

**MORRIS JAMES LLP**

*/s/ Stephen M. Miller*
Stephen M. Miller (DE Bar No. 2610)
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
      ckunz@morrisjames.com

- and –

*/s/ Margaret M. Anderson*
Margaret M. Anderson (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1224
Facsimile: (312) 224-1201
Email: panderson@foxswibel.com
      kthomas@foxswibel.com

*Counsel for Old Republic Insurance Company*