IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boy Scouts of America and Delaware BSA, LLC,[1]<br><br>Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br><br>Jointly Administered |

## THIRD AMENDED VERIFIED STATEMENT OF THE ROMAN CATHOLIC AD HOC COMMITTEE PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Fed. R. Bankr. P. 2019, the Roman Catholic Ad Hoc Committee (the "**Committee**") submits this amended verified statement in connection with the above captioned chapter 11 cases (the "**Chapter 11 Cases**").[2]

1. On February 18, 2020 (the "**Petition Date**"), debtors Boy Scouts of America ("**BSA**") and Delaware BSA, LLC (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. In October 2020, The Catholic Mutual Relief Society of America ("**Catholic Mutual**") retained Schiff Hardin LLP ("**Schiff Hardin**") to represent its interests in these Chapter 11 Cases. In February 2021, Catholic Mutual also retained Potter Anderson & Corroon LLP ("**Potter Anderson**") to serve as Delaware counsel in these Chapter 11 Cases. Catholic Mutual filed its appearance in the Chapter 11 Cases on February 25, 2021. Dkt. No. 2269.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not defined herein have the meanings stated in the *Debtors' Second Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7832] (the "**Plan**").

3. In June 2021, representatives of Catholic Mutual and dioceses and archdioceses of the Roman Catholic Church in the United States formed the Committee to protect and advance their common interests in the Chapter 11 Cases. The Committee has retained Schiff Hardin and Potter Anderson to represent it in these Chapter 11 Cases.[3]

4. Each of the Catholic dioceses and archdioceses that is a member of the Committee is a party in interest and holds a Claim against BSA to the extent of present or future claims asserted against it relating to Scouting and BSA's and the Local Councils obligations to defend, indemnify or otherwise hold it harmless and Roman Catholic Chartered Organizations within its geographical boundaries for any such claims Each of the Committee members also is a party in interest and holds a Claim against BSA arising out of BSA's obligation to provide it and Chartered Organizations within its geographical boundaries primary general liability insurance to cover Chartered Organizations and related entities with respect to Claims arising out of official scouting activities, including, but not limited to, insurance coverage for Abuse Claims that now or in the future may be asserted against such entities by scouts or other persons. Each of the Committee members may have valuable property rights as additional insureds entitled to defense and indemnity obligations under BSA Insurance Policies or Local Council Insurance Policies. Finally, the Plan may affect the policies of insurance and/or rights, claims and causes of action attendant to those policies of insurance, purchased by Committee members. As of the date of this filing, the date, number, and amount of each Claim held by the members of the Committee and the Chartered Organizations within their geographical boundaries is unknown.

---

[3] The Committee has also consented to Schiff Hardin's and Potter Anderson's concurrent representation of Catholic Mutual in these Chapter 11 Cases.

5. Catholic Mutual is a party in interest and has a Claim against BSA to the extent BSA fails to honor its obligations to indemnify and provide primary liability coverage for Abuse Claims that now or in the future may be asserted against Catholic Mutual's members, including Catholic entities represented by members of the Committee, as discussed above, and to the extent those members seek coverage under the certificates issued to them by Catholic Mutual. As of the date of this filing, the date, number, and amount of Catholic Mutual's Claim is unknown.

6. The Committee filed its initial Verified Statement Pursuant to Bankruptcy Rule 2019 on June 25, 2021 when the Committee consisted of 7 members, listed on the schedule attached as Exhibit A to that initial Verified Statement. Dkt. No. 5421.

7. The Committee then filed its Amended Verified Statement Pursuant to Bankruptcy Rule 2019 on July 29, 2021 when the Committee grew by two additional members representing the Archdiocese of New York and the Archdiocese of Chicago. Dkt. No. 5825.

8. The Committee then filed its Second Amended Verified Statement Pursuant to Bankruptcy Rule 2019 on December 17, 2021 when the Committee grew by four additional members representing the Diocese of Syracuse, Diocese of Ogdensburg, Diocese of Rochester, NY, and Diocese of Buffalo. Dkt. No. 7805.

9. This Court's oral order on February 3, 2022 requesting clarification of the scope of the Committee's authority and the filing of certain documents and the resignation of the Diocese of Ogdensburg and the Archdiocese of Atlanta from the Committee prompted the Committee to file this Third Amended Verified Statement Pursuant to Bankruptcy Rule 2019.

10. The 11 current members of the Committee, as well as their addresses and the entity affiliated with each member, are listed on the schedule attached as **Exhibit A** hereto.

11. Pursuant to the Court's rulings on February 1 and 3 that the Committee provide documents relating to authority of the Committee to act of on behalf of its members, as required by Bankruptcy Rule 2019(c)(4), the Committee is organized pursuant to the bylaws attached hereto as **Exhibit B**. The Committee has no other instruments authorizing the Committee to act on behalf of its members.

12. As of the date of this disclosure, the members of the Committee do not hold or represent any other economic interest in relation to the Debtors other than as stated above.

13. Other than as disclosed herein, the Committee does not represent or purport to represent any other entities with respect to these Chapter 11 Cases.

14. The undersigned reserves the right to further amend or supplement this Verified Statement in accordance with the requirements of Fed. R. Bankr. P. 2019 with any additional information that may become available, including any further additions to the Committee's membership.

15. Pursuant 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing is true and correct to the best of his knowledge, information, and belief.

*[Remainder of Page Left Intentionally Blank]*

Dated: February 9, 2022
Wilmington, Delaware

Respectfully submitted,

**POTTER ANDERSON & CORROON LLP**

/s/ *signature*

Jeremy W. Ryan (Bar No. 4057)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
       rslaugh@potteranderson.com

- and -

**SCHIFF HARDIN LLP**
Everett Cygal, *admitted pro hac vice*
David Spector, *admitted pro hac vice*
J. Mark Fisher, *admitted pro hac vice*
Daniel Schufreider, *admitted pro hac vice*
Jin Yan, *admitted pro hac vice*
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: ecygal@schiffhardin.com
      dspector@schiffhardin.com
      mfisher@schiffhardin.com
      dschufreider@schiffhardin.com
      jyan@schiffhardin.com

*Counsel to the Roman Catholic Ad Hoc Committee*