**EXHIBIT B**

## BYLAWS OF THE ROMAN CATHOLIC AD HOC COMMITTEE

*In re Boy Scouts of America and Delaware BSA, LLC, No. 20-10343 (LSS) (Bankr. D. Del.)*

---

## ARTICLE I
## THE COMMITTEE

**1.1.** Roman Catholic Ad Hoc Committee (the "Committee") is to represent the interests of Catholic organizations that are parties in interest and/or hold claims against Boy Scouts of America ("BSA") and/or Delaware BSA, LLC (together, the "Debtors") and/or against insurance companies that have insured BSA and such Catholic organizations in connection with the jointly administered Chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware as Case No. 20-10343 (LSS) (the "BSA Bankruptcy") and any mediation, litigation, or other proceeding or matter related to the BSA Bankruptcy.

**1.2.    Membership.** The Committee's membership shall consist of up to eleven (11) members representing: (i) The Catholic Mutual Relief Society of America ("Catholic Mutual"); (ii) Catholic Mutual's member organizations that wish to participate in the Committee, and (iii) other Catholic organizations that are invited to join and wish to participate in the Committee. The size of the Committee may be changed by Majority Vote of the Committee. **Resignation or Removal.** A member may resign by providing written notice to the Chair, with a copy to Committee Counsel. The resignation shall be effective as of the date of the written notice, and no formal acceptance of the resignation is required. A Committee member may be removed, with or without cause, by an affirmative vote of a majority of the members.

**1.4.** The Committee has selected Rod Oligmueller the representative of Catholic Mutual as its chairperson (the "Chair"). The Chair shall preside over all meetings, and shall have such other powers as set forth in these Bylaws.

**1.4.1** The Chair shall have complete authority to sign documents on behalf of the Committee as necessary and appropriate in order to implement the Committee's decisions.

**1.4.2** The Committee has selected Royce Ranninger the representative of the Diocese of Sioux City, Iowa as its deputy chairperson (the "Deputy Chair"). The Deputy Chair shall perform all duties and exercise powers of the Chair as set forth in these Bylaws when the Chair is unavailable or unable to perform same for any reason.

**1.4.3** If the Chair or Deputy Chair is absent from a meeting or otherwise temporarily unavailable, the members present at such meeting may elect a temporary Chair, as applicable, for such meeting by a majority vote of the members in attendance at the meeting.

**1.4.4** In the event of the death, disability, or resignation of the Chai or Deputy Chair, the Committee by Majority Vote may elect a successor.

**1.5.    Retention of Counsel and Other Professionals.** The Committee has retained Schiff Hardin LLP and Potter Anderson & Corroon LLP as legal counsel ("Committee Counsel"). The Committee may retain additional professionals (together with Committee Counsel, "Committee Professionals") as it deems necessary.

     **1.5.1**    Catholic Mutual will pay the fees and costs incurred by Committee Counsel and by other professionals retained by the Committee for work performed on behalf of the Committee.

     **1.5.2**    The members acknowledge and agree that (i) Committee Counsel do not represent any individual members of the Committee; (ii) Committee Counsel may concurrently represent the Committee and Catholic Mutual in connection with the BSA Bankruptcy; and (iii) Committee Counsel are not precluded from presenting other clients in other matters unrelated to the BSA Bankruptcy where such clients' interests may be adverse to the interests of one or more members of the Committee, and that the members agree not to seek to disqualify or prevent Committee Counsel from representing those other clients in other matters solely based on Committee Counsel's representation of the Committee in connection with the BSA Bankruptcy.

     **1.5.3**    Should a Committee member retain counsel or other professionals to represent such member in connection with the activities of the Committee or the BSA Bankruptcy, such member will solely be responsible for the fees and expenses of such counsel and professionals.

     **1.6.**    ***Ex Officio* Members.**  *Ex officio* members of the Committee may be appointed or removed through a majority vote of the members of the Committee. An *ex officio* member shall not be entitled to vote on any issue, nor shall the presence of any *ex officio* member be counted for purposes of determining a quorum.

## ARTICLE II
## CONFIDENTIALITY AND PRIVILEGE

     **2.1.**    **Common Interest.**  The Committee members and the Catholic organizations represented by the Committee share common interests, including: (i) preserving and maximizing the rights and recoveries of Catholic organizations under insurance policies of the Debtors and their affiliates; (ii) preserving and maximizing the protections, rights, and recoveries of Catholic organizations under any plan of reorganization; (iii) opposing any impairment of the rights and protections of Catholic organizations as insureds or additional insureds under any plan or insurance settlement; (iv) mitigating the risk of claims being asserted against any Catholic organization arising from the scouting activities; and (v) protecting the confidential and privileged nature of the communications, work product, and other information exchanged or generated in the course of resolving the issues raised in BSA Bankruptcy. To further their common interests, the Committee's members agree to share and exchange materials and information that may be subject to attorney-client, attorney work product, and other privileges among themselves and with Committee Professionals without waiving or impairing such privileges, but only to the extent each member deems it appropriate to do so. Nothing obligates a member to exchange or disclose any specific document or other piece of information to some, any, or all other members.

     **2.2.**    **Confidentiality.**  The Committee members intend that all materials and information exchanged between and amongst themselves and with Committee Professionals in connection with their participation in the Committee remain confidential and be treated as privileged, confidential, and/or protected from disclosure to any third party as a result of the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. No member shall assert or argue that the disclosure of information and materials pursuant to these Bylaws constitutes or contributes to a waiver of any privilege by the Committee or by any other member.

     **2.3.**    **Maintaining Confidentiality.**  All sharing or disclosure of information and materials among the members and Committee Professionals will be undertaken in the manner best calculated to preserve the confidentiality of such information and materials, and avoid the waiver of any applicable privilege.

2

2.3.1    The members of the Committee and Committee Professionals shall maintain the confidentiality of confidential information and shall not disclose such confidential information to third parties except to the extent authorized or required by law to be disclosed.  Confidential information shall include, without limitation, (i) all matters discussed at Committee meetings (whether or not memorialized in any minutes), (ii) any information or material distributed to a member by Committee Professionals, and (iii) any proprietary or nonpublic information or materials received from the Debtors or other third parties, provided however, that confidential information shall not include information that is available to or was in the possession of a member on a non-confidential basis.

2.3.2    Confidential information shall continue to be held in confidence and be subject to all applicable privileges even if an adversity of interest subsequently arises or is claimed between one or more of the Committee's members.

2.3.3    If any member receives a demands, by subpoena or otherwise, for any confidential information or materials received in connection with that member's participation in the Committee, that member shall immediately notify the Committee and Committee Counsel and shall not disclose the confidential information or materials unless so ordered by a court.

2.3.4    Notwithstanding the resignation or removal of a member, such member shall continue to be bound by the confidentiality provisions of these Bylaws.  Upon resignation or removal of a member, that member must return or destroy all materials containing confidential information that were providing to that member during the term of his or her membership in the Committee.

2.3.5    The Committee's members acknowledge and agree that should any member disclose confidential information to a third person, for any reason other than pursuant to legal process, without the prior written consent of the Committee or the member disclosing such information, such disclosure will constitute a breach of these Bylaws but will not constitute a waiver of any privilege or protection applicable to such information.  Each member understands and acknowledges that any unconsented disclosure of confidential information would cause the Committee or a disclosing member irreparable harm for which there is no adequate remedy at law and expressly consents to the immediate entry of injunctive relief to restrain, prevent, and/or redress any such unauthorized disclosure.

### ARTICLE III
### MEETINGS

3.1.    **Calling Meetings and Notice.**  Meetings of the Committee may be called by the Chair or by Committee Counsel as is reasonably necessary to conduct the business of the Committee.  The Chair or Committee Counsel shall give each member written notice of the date, time, and location of each regular meeting of the Committee, which notice shall be provided at least twenty-four (24) hours before the scheduled meeting.  The Chair or Committee Counsel may also call special or emergency meetings whenever such meetings are deemed necessary or appropriate under the circumstances.  Notice of an emergency meeting may be given by any method designed to notify members as quickly as possible of such meeting.  In the absence of a call by the Chair or Committee Counsel, a majority of the members may call a meeting by delivering to all members written notice of the date, time, location, and agenda for such meeting, which notice shall be provided at least twenty-four (24) hours before the scheduled meeting.

3.2.    **Waiver of Notice.**  The transactions at any Committee meeting, however called and noticed or wherever held, shall be as valid as though conducted at a meeting held after regular call and notice if: (a) a quorum is present; or (b) if, either before or after the meeting, each member not present

3

(or, if present, actually protested the lack of proper notice to him or her at or prior to the meeting or at its commencement) either: (i) signs a written waiver of notice; or (ii) consents to holding the meeting.

**3.3.    Conduct of Meetings.**    Committee meetings shall generally proceed remotely by telephone conference or videoconference (e.g., Zoom) unless the Committee, by Majority Vote, decides that an in person meeting is appropriate.

**3.3.1**    The agenda for regularly scheduled meetings shall be prepared by Committee Counsel, with input from the Chair, if practicable.  Members shall have the right to place issues on the agenda for meetings.  The Committee may also act on items not listed on the agenda.

**3.3.2**    Meetings of the Committee are open to members, Committee Counsel, and such other persons as authorized by the Committee in its sole and absolute discretion.

**3.3.3**    The Committee and its members shall not provide or furnish to third parties the details of the Committee's discussions and deliberations or the contents of any information prepared for Committee consideration at any meeting.  Notwithstanding the foregoing, the Committee may provide such information to a third party only if doing so is consistent with Article II.

**3.4.    Quorum.**  The presence of a majority of all non-recused members of the Committee shall constitute a quorum.  The members present at a meeting at which a quorum is initially present may continue to do business until the adjournment of such meeting notwithstanding the withdrawal of enough members to leave less than a quorum so long as any action taken (other than adjournment) has been previously approved by Majority Vote.

**3.5.    Voting.**  The following voting procedures shall apply for all actions of the Committee that require an affirmative vote.

**3.5.1**    Each member shall be entitled to one vote.  Actions of the Committee shall be authorized by an affirmative vote of the majority of members voting on such action, provided that (i) a quorum is present at the meeting and (ii) at least a majority of the members present affirmatively vote for such action (a "Majority Vote").  The Chair's determination of any vote of the Committee with respect to any matter shall be final unless such determination was made in bad faith or was the result of manifest error.

**3.5.2**    In the event the members of the Committee reach a tie vote on any matter, each member of the Committee will have the opportunity to further discuss their respective points of view on the matter until such time the Committee agrees to conduct a second vote.  In the event there remains a tie after the second vote, the Chair shall cast the tie-breaking vote.

**3.6.    Actions Taken Without a Meeting.**  Any action required or permitted to be taken by the Committee may be taken without a meeting provided that each member's vote is reasonably solicited and the action to be voted upon is approved by no less than a majority of the entire Committee.  Any canvassing for such vote may be taken only by the Chair, Committee Counsel, or their designees.

**3.7.    Emergency Action.**  In an emergency (as determined in good faith by either the Chair or Committee Counsel), action may be taken as set forth below.

**3.7.1**    Action may be taken in the Committee's name without a meeting and without advance notice in an emergency situation so long as Committee Counsel seeks to obtain votes from each member by polling that member on the issue.  Such a vote is effective only if a good faith effort is made

4

to reach and consult with each member of the Committee, and if the members who approve the action otherwise would have provided sufficient votes to authorize the action at a regularly called meeting if those members were the only members in attendance.

      **3.7.2**    When the Committee is required to act immediately, and, in the opinion of Committee Counsel and the Chair, it is impractical or infeasible to contact all Committee members pursuant to Section 3.7.1 in time to adequately address the emergency situation, the Chair (after consultation with Committee Counsel), or in the event of the unavailability of the Chair, Committee Counsel may approve and take such action on behalf of the Committee as is necessary and appropriate with respect to the issue requiring immediate action.

      **3.7.3**    Any action taken pursuant to Sections 3.7.1 or 3.7.2 shall be limited in scope so as to address, to the extent practical, (i) only the emergency requiring the immediate action, (ii) shall be consistent with previous decisions and positions of the Committee, and (iii) shall be taken in such a manner as to preserve for the whole Committee as much discretion as practicable, including the right to revisit any action on the consideration of the whole Committee.

      **3.7.4**    In the event that any action is taken by the Committee pursuant to Section 3.7, the Chair or Committee Counsel shall use best efforts to immediately inform the Committee of such action.

    **3.8.**    **Proxies.**  Any member may designate in writing its attorney or any other individual to represent such designating member's interest, and to have the power to vote such designating member's vote, at a meeting of the Committee.  A copy of any such proxy shall be provided by the member to Committee Counsel in advance of any vote.

    **3.9.**    **Conflicts of Interest.**  In the event that any matter under consideration by the Committee shall involve an actual, perceived, or potential conflict of interest with respect to any member of the Committee, such member shall (1) disclose to the Committee the existence of any such actual, perceived, or potential conflict of which he or she has knowledge, (2) withdraw from participation in discussions of such matter, (3) not be entitled to receive information disseminated to the Committee in connection with such matter, and (4) abstain from voting on the matter.

      **3.9.1**    If there is a dispute as to whether a conflict of interest exists, the matter shall be resolved by the Committee, excluding the member whose interest is under consideration, with the advice of Committee Counsel.

      **3.9.2**    If the Committee decides an issue without notice of a conflict of interest and at a later time a conflict of interest is disclosed or determined, the Committee, by a Majority Vote of members not subject to such conflict and who are present at any subsequent meeting, may deem the Committee's earlier decision to be null and void, or may take such other action as such majority

    **3.10.**    **Ratification.**  Any action taken on behalf of the Committee without prior approval of the whole Committee under this Article III may be subsequently approved and ratified by the Committee's action at a subsequent, properly noticed meeting, or by a written waiver.  Any action so approved and ratified shall be deemed from its inception to have been fully authorized by, and binding upon, the Committee.

    **3.11.**    **Adjournment.**  A majority of members present, whether or not constituting a quorum, may adjourn any meeting to another time and place.  Notice of the time and place of holding an adjourned meeting need not be given unless the meeting is adjourned for more than twenty-four (24) hours, in which

case notice of the time and place of the adjourned meeting shall be given before the time of the adjourned meeting to members not present at the adjournment.

**3.12.    Rules of Procedure.**  The Committee has elected not to adopt formal rules of the conduct for each meeting other than these Bylaws.  As such, the Committee will not keep formal written minutes, unless the Committee, by Majority Vote, determines that minutes of such meeting should be taken in which case Committee Counsel shall prepare such minutes on behalf of the Committee.  The Chair may, in his or her discretion, elect to conduct any meeting generally pursuant to a set of rules reasonably designed to expedite the business of the Committee or to promote a more orderly consideration and resolution of issues before the Committee.

## ARTICLE IV
## SUBCOMMITTEES

**4.1.    Appointment of Subcommittees.**  The Committee may appoint subcommittees, and the membership of each subcommittee, as it deems appropriate, and may delegate to any such subcommittee such powers and responsibilities as may be necessary or appropriate to accomplish the subcommittee's task.  Each subcommittee shall consist of not more than three (3) members.  The activities of a subcommittee shall, when appropriate, be reported to the entire Committee at or before the next meeting of the entire Committee.  The Chair shall be entitled to attend the meetings of each subcommittee regardless of whether the Chair is a member of that subcommittee.  The Committee may, by Majority Vote, create, disband, or alter its designation of any subcommittee.

**4.2.    Legal Subcommittee.**  The Committee initially appoints the legal committee, which is tasked with monitoring and strategizing with Committee Counsel concerning the BSA Bankruptcy, including participating in mediation and filing any documents in the BSA Bankruptcy on behalf of the Committee.  The Chair is appointed as an initial member of the legal subcommittee.  Committee Counsel is authorized to take direction from the legal subcommittee concerning any matters related to mediation or court filings in the BSA Bankruptcy.

## ARTICLE V
## MISCELLANEOUS

**5.1.    Amendments.**    These Bylaws may be amended only by the Majority Vote of the members of the Committee.

**5.2.    No Fiduciary Obligations.**    Each member acknowledges and agrees that (i) the Committee is not acting in any fiduciary capacity on behalf of any member or any Catholic organization and (ii) no member, by virtue of that member's participation in the Committee, is acting in any fiduciary capacity on behalf of any other member or any Catholic organization.

[Signature Page(s) Follow]

Adopted this 22d day of June 2021

By: _Rodney W Oligmueller_      By: _____

Name: _RODNEY W. OLIGMUELLER_    Name: _____

Affiliation: _CATHOLIC MUTUAL GROUP_    Affiliation: _____

_____      _____

Address: _18364 HONEYSUCKLE DR._    Address: _____

_ELKHORN, NE 68022_      _____

_____      _____

Telephone: _402-514-2408_      Telephone: _____

Fax: _402-551-2943_      Fax: _____

Email: _ROLIGMUELLER @ CATHOLIC MUTUAL_    Email: _____
_.ORG_


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

CH2:24809258.7

Adopted this ___ day of May, 2021:

By: _____        By: _____

Name: _____        Name: _____

Affiliation: _____        Affiliation: _____

_____        _____

Address: _____        Address: _____

_____        _____

_____        _____

Telephone: _____        Telephone: _____

Fax: _____        Fax: _____

Email: _____        Email: _____


By: _____        By: _____

Name: _____        Name: _____

Affiliation: _____        Affiliation: _____

_____        _____

Address: _____        Address: _____

_____        _____

_____        _____

Telephone: _____        Telephone: _____

Fax: _____        Fax: _____

Email: _____        Email: _____

By: _B. Schroeder_

Name: _Brian Schroeder_

Affiliation: _Diocese of Joliet_

Address: _16555 Weber Rd_
_Crest Hill, IL 60403_

Telephone: _815 221 6100_

Fax: _____

Email: _bschroeder@dioceseofjoliet.org_

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

Adopted this 22 day of ~~May~~ June, 2021:

By: _James J. Stolze_

Name: _James J. Stolze_

Affiliation: _Archdiocese of Omaha_

Address: _2222 N. 111th St._
_Omaha NE 68164_

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

Adopted this __22nd__ day of ~~May,~~ June, 2021:

By: _Andrew D. Brannon_

Name: _Andrew D. Brannon_

Affiliation: _Diocese of Winona-Rochester_

Address: _55 W. Sanborn St._
_Winona, MN 55987_

Telephone: _507-858-1248_

Fax: _507-454-8106_

Email: _abrannon@ dow.org_


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

Adopted this 22nd day of ~~May,~~ June 2021:

By: **Simontis, Deacon Eric**
Digitally signed by Simontis, Deacon Eric
Date: 2021.06.22 15:21:30 -04'00'

Name: Deacon Eric Simontis

Affiliation: Archdiocese of Washington, D.C.

Address: P.O. Box 29260
Washington, D.C. 20017-0260

Telephone: 301-853-5365

Fax: 301-853-2787

Email: esimontis@adw.org

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____

Adopted this 23rd day of ~~May~~ June, 2021:

By: _I. d. S. A_____

Name: DAVID SPODOWSKI

Affiliation: CHIEF OPERATING OFFICER

ARCHDIOCESE OF ATLANTA

Address: 2401 LAKE PARK DR. SE

SMYRNA, GA 30080

Telephone: 404-920-7823

Fax: 404-920-7301

Email: DSPODOWSKI@ARCHATL.COM


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

By: _____

Name: *Frank Napolitano*

Affiliation: *Archdiocese of New York*

*Director of Risk Mangent*

Address: *1011 FiRST AVENUE*

*New York, NY 10022*

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

CH2:24809258.7


By: _____

Name: _____

Affiliation: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

DocuSign Envelope ID: DC5086AB-5C51-4CB3-8A68-5F9E16D2DF38

Agreed to this 7/9/2021 day of July, 2021:

By: _James C. Geoly_ 
F4815DBF482B42A...

Name: _James C. Geoly, General Counsel_

Affiliation: _Archdiocese of Chicago_

_____

Address: _835 N Rush St_

_____ _Chicago, IL  60611_

_____

Telephone: _____

Fax: _____

Email: _jgeoly@archchicago.org_


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

Agreed to this 7/9/2021 day of July, 2021:

By: _James C. Geoly_

Name: James C. Geoly, General Counsel

Affiliation: Archdiocese of Chicago

_____

Address: 835 N Rush St

Chicago, IL  60611

_____

Telephone: _____

Fax: _____

Email: jgeoly@archchicago.org

By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

9/27/2021

By: _Stephen G Breen_

Name: Stephen A. Breen

Affiliation: CFO, Diocese
of Syracuse

Address: 240 East Onondaga
Street Syracuse NY
13202

Telephone: 315-470-1406

Fax: _____

Email: sBreen@syrdio.org

By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

Agreed to this 24ᵗʰ day of July, 2021:

By: _Terry R LaValley_

Name: _Most Rev. Terry R. La Valley_

Affiliation: _Bishop of Ogdensburg_

_Diocese of Ogdensburg_

Address: _P.O. Box 369_

_Ogdensburg, NY 13669_

_____

Telephone: _(315) 393-2920_

Fax: _____

Email: _rgrizzuto @ rcdony.org_


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

DocuSign Envelope ID: DC5086AB-5C51-4CB3-8A68-5F9E16D2DF38

Agreed to this 7/9/2021 day of July, 2021:

By: _James C. Geoly_
     F4815DBF482842A

Name: James C. Geoly, General Counsel

Affiliation: Archdiocese of Chicago

_____

Address: 835 N Rush St

     Chicago, IL  60611

_____

Telephone: _____

Fax: _____

Email: jgeoly@archchicago.org


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____


By: _Lisa M. Passero_

Name: Lisa M. Passero

Affiliation: Diocese of Rochester, NY

Address: 1150 Buffalo Rd

     Rochester, NY 14624

Telephone: 585 328-3228

Fax: _____

Email: lpassero@dor.org


By: _____

Name: _____

Affiliation: _____

_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email: _____

Agreed to this _28_ day of ~~July,~~ September, 2021:

By: _Sr. Regina Murphy, ssmn_

Name: _Sr. Regina Murphy, ssmn_

Affiliation: _Diocese of Buffalo_

Address: _795 Main Street_
_Buffalo, NY 14203_

Telephone: _716-847-5534_

Fax: _716-847-5557_

Email: _rmurphy@buffalodiocese.org_


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____


By: _____

Name: _____

Affiliation: _____

Address: _____

Telephone: _____

Fax: _____

Email: _____