**Exhibit A**

**Proposed Amended Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br><br>BOY SCOUTS OF AMERICA AND<br><br>DELAWARE BSA, LLC,[1]<br><br><br><br>Debtors. | Chapter 11<br><br><br>Case No. 20-10343 (LSS)<br><br><br>(Jointly Administered)<br><br>**Ref. Docket Nos.  2423 & ___** |

**AMENDED ORDER GRANTING COMBINED SECOND INTERIM**
**AND FINAL FEE APPLICATION OF HOTEL & LEISURE ADVISORS, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR APPRAISAL AND LITIGATION SUPPORT SERVICES RENDERED**

Upon the amended application (the "Amended Application")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order (this "Order"), (a) granting final approval and allowance of compensation for professional services rendered by H&LA during the period from June 18, 2020 to and including November 9, 2021 (the "Fee Period") in the aggregate amount of $90,700, (b) authorizing reimbursement of 100% of the actual and necessary expenses incurred by H&LA during the Fee Period in connection with such

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]   All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Amended Application.

services in the amount of $11,876, and (c) authorizing the Debtors to pay to H&LA all of the foregoing amounts, less any amounts previously paid to H&LA on account of such fees and expenses; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Amended Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Amended Application and opportunity for a hearing on the Amended Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Amended Application, if any, having been withdrawn, resolved or overruled; and the relief requested in the Amended Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Amended Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Amended Application is GRANTED as set forth herein.

2.      Compensation to H&LA for professional services rendered and expenses incurred during the Fee Period is approved and allowed on a final basis in the aggregate amount of $102,576.00.

3.      To the extent not already paid pursuant to the Retention Order or Final Fee Order, the Debtors are authorized to remit payment to H&LA in the amount of $102,576.00, less all amounts previously paid to H&LA on account of such fees and expenses.

4.      The Debtors and H&LA are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Amended Application.

5.      To the extent there is any inconsistency between the Amended Application and this Order, the provisions of this Order shall govern.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.