# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 7832** |

### OBJECTION OF LINDER SATTLER ROGOWSKY LLP (LSR) TO CONFIRMATION OF THE SECOND MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC

1. LINDER SATTLER ROGOWSKY LLP (LSR) on behalf of its abuse survivor clients that have voted to reject the plan hereby files this objection to the Second Modified fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (the "Plan" #7832) and in support of its objection state as follows:

2. LSR represents 49 sexual abuse claimants who filed proofs of clam in connection with this proceeding, and a list of these claimants with their Proof of Claim ID numbers are attached as Appendix A. Our clients voted via direct solicitation method, i.e. the materials were sent directly to the claimant who completed the ballot and mailed it directly to Omni Agent, or voted on line. According to what was reported to me, most of the clients who voted, voted to reject the plan. This objection is submitted on behalf of those claimants who voted to reject the plan.

3. Although the objection deadline was on February 4, 2022, we contacted Michael Andolina of White & Case, who advised he would agree to an extension for us to file until February 9, 2022, at 4:00 p.m. (ET). Therefore, this objection is timely.

4. We have significant concerns regarding the approval of this plan. Most importantly, we are concerned that, in the wake of the Perdue decision, that this plan would improperly: 1) allow approval of non-consensual third-party releases of claims over which we respectfully believe that this Court does not have jurisdiction, including claims over which the BSA would not be derivatively liable, and 2) even if allowed, provide channeling injunctions that violate Third Circuit precedent, including the requirement that the injunction as to each third party be supported by a substantial contribution from the third party and a substantial majority of the affected creditors who have a claim against the third party. *See generally In re Master Mortg. Inv. Fund, Inc.*, 168 B.R. 930, (1994); s*ee also In Re Continental Airlines and Continental Airlines Holdings*, 203 F.3d 203 (3d Cir. 2000), *In re Combustion Engineering Inc*, 391 F.3d 190 (3d Cir 2004). We do not believe the Court has jurisdiction over claims against third parties where the Debtors would have no derivative liability for the claim. For example, some of my clients who objected have a claim against a Local Council or a Charter Organization for which the Debtors could never be held derivatively liable. If a Local Council or a Charter Organization got a complaint that one of their employees or volunteers was molesting children and failed to protect my client from that person, the Local Council or Charter organization would be solely and independently liable for that claim. In those cases, the Debtors may not even know the employee or volunteer existed, let alone know that my clients were in danger of being sexually abused by the employee or volunteer. We do not believe the Court has jurisdiction over these claims because the Debtors would not be derivatively liable for the claims and the claims do not implicate any asset of the Debtors.

5. One example of such a case is SA#84878, a New York action where we filed a Summons and Complaint for the claimant in Kings County New York (currently stayed due to the

injunction). In that action we sued the local councils, Greater New York Councils, and Brooklyn Council, as well as the charters, Carey Gardens Community Center, New York City Housing Authority and the City of New York. We do not know of any other claims against charter Carey Gardens Community Center. Regardless, the charter, as stated above had care, custody and control of the claimant at the time of the incident, and therefore, pursuant to New York law, they would have independent liability for what occurred. *See Ehrens v Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004); *Kenneth R. v. R.C. Diocese of Brooklyn*, 229 A.D.2d 159 (2d Dep't 1997). Therefore, we respectfully believe that the Court would not have jurisdiction over this claim.

6. Even if the Court has authority to issue non-consensual third-party releases, neither the Debtors nor these third parties who would receive the releases and injunctions have met their burden of showing that the fundamental requirements for third party releases under Third Circuit precedent have been met. We do not know how much each third party is contributing, let alone whether the contribution is substantial based on their available assets and debts, and we do not know how many of the creditors affected by each release and injunction voted in favor or against the proposed release and injunction. I believe that my clients may be some of the only people with claims against some of these third parties, including certain charter organizations, and I believe my clients voted to reject the plan and the proposed releases and injunctions for those third parties. If so, I do not believe the proposed releases and injunctions are lawful because a substantial majority of the affected creditors voted to reject the releases and injunctions. However, I do not know for sure because the Debtors have not provided a break-down of the vote by each third party.

7. We believe that permitting the approval of these releases would amount to an abuse of the bankruptcy process. However, even assuming the Court does not follow recent Court decisions by other Districts calling into question a Bankruptcy Court's authority to grant non-

consensual third-party releases, the releases proposed in this case are improper as these releases are proposed to be granted for clearly insufficient consideration. We do not believe there would be any statutory basis for approval, and we do not know of any express provision of the Bankruptcy Code that would authorize such approval.

8.     It is also important to note that only approximately 73% of the sexual abuse victims voted to approve this plan. Therefore, not only is there not substantial contribution, but a substantial majority of the affected creditors have not voted to approve the plan. Additionally, we have not seen any information reported on the breakdown of the vote by third party, including by council and by charter organization. For example, how many of the affected abuse victims from the Greater New York Council voted in favor of the plan? In other words, if a large percentage of claimants with potential claims against the Greater New York Council voted to reject the plan, then how could the Court approve a release for the Greater New York Council? Similarly, for Claimant SA#84878, how many claimants with a claim against the Brooklyn Council, Carey Gardens Community Center, New York City Housing Authority, and City of New York voted in favor or against the Plan and the channeling injunctions each would receive? Did a substantial majority of the claimants who have a claim against each of these entities vote in favor of the Plan and the releases and injunctions these entities would receive? The claimants are required to have a say in this process, and we do not believe there is evidence that a substantial majority of affected creditors with a claim against each third party have voted to approve the plan.

9.     In support of the above objection, the objectors intend to rely on the applicable case law and statute, as well as the evidence adduced and presented by Participating Parties at the Confirmation Hearing, and to join in their objections to the fairness and reasonableness of the various settlements that the Plan proposes to implement.

10. LSR also expects to join in some or all of the objections of similarly situated parties to the extent filed, and joins in the objection of the United States Trustee (#8710) and further reserves all rights to amend, modify and/or supplement this Objection, and further reserves all rights with respect to the Court's consideration of confirmation of the Debtors current proposed Plan, including as may be amended or modified, or any subsequently filed plan; and without limiting the generality of the foregoing, particularly reserves the right to assert that creditors' consent to a materially modified Plan ought to be resolicited.

WHEREFORE, LSR, on behalf of its Rejecting Abuse Survivor Clients, requests that this Court sustains this Objection, deny confirmation of the Plan and/or modify the Plan, and for such further relief as this Court deems appropriate.

Dated: February, 9, 2022
Wilmington, Delaware

Respectfully submitted,

**Klein LLC**

 */s/ Julia Klein*
Julia B. Klein (No. 5198)
225 West 14th Street, Suite 100
Wilmington, Delaware 19801
Phone: 302.438.0456
Email: klein@kleinllc.com

and

**Linder, Sattler & Rogwosky, LLP**
Erica B. Sattler, Esquire
270 North Ave. Suite 202
New Rochelle, New York 10801
Phone: 914.915.8566
Facsimile: 914. 636.0585
lsrlawny@gmail.com

*Counsel to LSR Claimants*

*APPENDIX A*

*The following creditors who each filed a Sexual Abuse Survivor Proof of Claim are represented by Linder, Sattler & Rogowsky, LLP.  The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim.*

| | | | | |
|---|---|---|---|---|
| *SA-84740* | *SA-45386* | *SA-56524* | *SA-53959* | *SA-76617* |
| *SA-77583* | *SA-45401* | *SA-81992* | *SA-102605* | *SA-66010* |
| *SA-83566* | *SA-69328* | *SA-75677* | *SA-71465* | *SA-66208* |
| *SA-50417* | *SA-76775* | *SA-49788* | *SA-75490* | *SA-76374* |
| *SA-71701* | *SA-53753* | *SA-75974* | *SA-70561* | *SA-83058* |
| *SA-53839* | *SA-64688* | *SA-48536* | *SA-62291* | *SA-25215* |
| *SA-89321* | *SA-53810* | *SA-92848* | *SA-25170* | *SA-53728* |
| *SA-69806* | *SA-75807* | *SA-68888* | *SA-50466* | *SA-48718* |
| *SA-67934* | *SA-45193* | *SA-19265* | *SA-20173* | *SA-84878* |
| *SA-83243* | *SA-84643* | *SA-25005* | *SA-3345* | *SA-57714* |
| *SA-68309* | *SA-71678* | *SA-90240* | *SA-25011* | *SA-111353* |
| *SA-118627* | *SA-113728* | *SA-113729* | | |