**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Objection Deadline: February 17, 2022<br><br>Hearing Date: February 18, 2022, 10:00 a.m. ET |

### CENTURY'S MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE THE TESTIMONY OF MICHAEL AVERILL

Century moves *in limine* to exclude the proffered testimony and opinions of Michael Averill, an insurance expert that Catholic Mutual engaged to opine on whether there is "sufficient evidence" for the Court to determine what policies were issued to the Local Councils prior to 1974 and how the terms of such policies are to be interpreted.

Mr. Averill was not involved in the underwriting, brokerage or issuance of any of the policies issued to BSA or its Local Councils. He never worked for Century, INA or any of the other insurers in this case. Nor did Mr. Averill ever handle a claim concerning the Boy Scouts or its Local Councils. He nevertheless opines that he can instruct the Court on the sufficiency of the evidence of the existence of pre-1974 policies and interpret them. His opinions are based entirely on conjecture and speculation. While Mr. Averill claims he is basing his testimony on the "custom and usage" in the industry in offering opinions about policies allegedly issued in the 1950s and 1960, he admits he only started work in the industry in 1971. The Court should exclude Mr. Averill's opinions for the following reasons.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Boy Scouts of America (6300) and Delaware Boy Scouts, LLC (4311).

1

*First*, Mr. Averill's opinion is not helpful to the Court because it is based almost entirely on his legal opinion. It is well-established that an expert cannot invade the judge's province by offering expertise into legal questions. Mr. Averill opines, among other things, on the sufficiency of the evidence of lost contracts, the legal standard that would govern any effort to reconstruct a policy, and the burden to establish coverage.[2] These are impermissible legal opinions on legal issues. Likewise, Mr. Averill's attempt to interpret the words of the policies constitutes a legal opinion.

*Second*, his opinion is unreliable. Mr. Averill's admits that he was unable to find a complete copy of any INA policy pre-1974,[3] that in most instances there is only a declaration page and that he has made no effort to even try to quantify what endorsements may be associated with a given policy.[4] Moreover, for the documentation that he did find, Mr. Averill made no effort to independently verify or authenticate anything; he treats it all the same. In this vacuum, Mr. Averill resorted to relying on a policy spreadsheet generated by BSA's counsel in this case, (*see* Averill Dep. 243:5-24), even though he admitted that he knew nothing about how the spreadsheet was generated. Under these circumstances, it is impossible for Mr. Averill to say with any degree of certainty what was part of any one policy.

*Third*, Mr. Averill's opinions lack any degree of certainty. When confronted at his

---

[2] Averill Dep. at 213:15-25; 222:9-26
[3] Averill Dep at 222:2-4 ("pointed out that there is insufficient evidence in some cases"); see also ("I found at least the specimen policy. As I noted in my report, I don't necessarily -- I can't confirm that any of the policy files in the Datasite had a complete copy of a policy that any insurer did.")
[4] Averill Dep. at 237 (Averill's report "states that, policies - that is a declarations page, coverage forms, and all endorsements that might apply to a policy - were rarely found·in Datasite files. Instead, most of the Datasite files included a declarations page or the INA specimen scout blanket liability"). ("Q:Looking at Exhibit G, are you able to identify any instances where you found a complete copy of an INA policy issued to a local council? A:No, I cannot, because I don't believe with any file where -- with a policy included there was a schedule of what forms was attached to make up the policy. And without that listing, you cannot confirm whether or not every endorsement that was required was included in the file.")

deposition about his level of certainty as to the sufficiency of the evidence of the pre-1974 Local Council policies, Mr. Averill admitted that he cannot say that the "evidence is sufficient."[5] He acknowledged that he could only say that the evidence "could be" sufficient.[6] This formulation falls far short of what is required for expert testimony to be admissible.

*Fourth*, Mr. Averill did not consider relevant evidence. Mr. Averill admitted that he only reviewed the Datasite material and a collection of documents produced by Hartford. He acknowledges that he "was not asked or requested to do a complete source document for each and every policy that may have been issued to a local council."

## CONCLUSION

For the foregoing reasons, the Court should strike Ms. Averill's opinions for the separate reasons that they are (1) unreliable and unfounded, (2) unhelpful to the trier of fact, and (3) consist of legal opinion.

---

[5] Averill Dep. at 272:19-25 through 273:1-2 (Q: ….. do you mean that the evidence does prove that the insurance company issued a policy or just that it could be used to prove that the insurance company issued a policy to the local council…? A It could be used to prove that an insurance …"); (*see also* Averill 232:17-95).

[6] Averill Dep. at 274:6-7 ("could be used to identify the fact that the policy was issued").

Dated: February 10, 2022  
       New York, New York

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*  
Stamatios Stamoulis (No. 4606)

**Stamoulis & Weinblatt LLC**  
800 N. West Street  
Third Floor  
Wilmington, Delaware 19801  
Telephone: (302) 999-1540  
Facsimile: (302) 762-1688

**O'Melveny & Myers LLP**  
Tancred Schiavoni (*pro hac vice*)  
Times Square Tower  
7 Times Square  
New York, New York 10036-6537  
Telephone: 212-326-2000

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*