## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)
(Jointly Administered)

**Ref. Docket No. 8695, 8697**

## AIG'S MOTION TO FILE CERTAIN INSURERS' OBJECTION TO
## CONFIRMATION OF DEBTORS' PLAN  UNDER SEAL

National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance

Company, Landmark Insurance Company, The Insurance Company of the State of Pennsylvania,

and their affiliated entities (collectively referred to herein as "AIG")  files this motion (the

"Motion to Seal" or "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the

Protective Order (*see infra.*) for entry of an order, substantially in the form attached hereto as

Exhibit A (the "Proposed Order"), authorizing Certain Insurers (as defined in the Objection) to

file under seal the *Certain Insurers' Objection to Confirmation of Debtors' Plan* [Docket No.

8695] (the "Objection") and the *Appendix to Certain Insurers Objection to Confirmation of*

*Debtors' Chapter 11 Plan* [Docket No. 8697] (the "Appendix") if and to the extent that any of

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax
identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The
Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the materials cited in, quoted by, or attached to the Objection are properly shown to require sealing.

## INTRODUCTION

After filing the Objection and Appendix under seal on February 4, 2022, on the morning of February 8, 2022, counsel for AIG on behalf of Certain Insurers circulated to all Participating Parties (as defined below) a proposed redacted version of those pleadings.  The proposed redactions included only information that Certain Insurers believed should remain confidential pursuant to Bankruptcy Rule 9018, which was limited to personally identifiable information of claimants.  Following a meet and confer on February 10, 2022, the Debtors sent Certain Insurers proposed redactions to the Objection and Appendix and Certain Insurers included the Debtors' proposed redactions (the "Proposed Redacted Versions") as exhibits to the *Notice of Filing of Proposed Redacted Versions of Certain Insurers' Objection to Confirmation of Debtors' Chapter 11 Plan and Appendix to Certain Insurers' Objection to Confirmation of Debtors' Chapter 11 Plan* [Docket No. 8793].  AIG reserves the right to argue that, other than the personally identifiable information of claimants, none of the redacted information in the Proposed Redacted Versions should remain confidential pursuant to Bankruptcy Rule 9018.

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and AIG confirms its consent pursuant to Local Rule 9013-1(f) to entry of a final order by the Court in

connection with the Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

4.      The statutory predicates for the relief requested herein are sections 105(a) and

107(c) of the Bankruptcy Code, as supplemented by Local Rule 9018-1(b).

## **BACKGROUND**

5.      On February 18, 2020, the above-captioned debtors and debtors in possession (the

"Debtors") filed chapter 11 proceedings (the "Chapter 11 Cases") in the United States

Bankruptcy Court for the District of Delaware (the "Court").

6.      On June 8, 2020, this Court entered the *Order Approving Confidentiality and

Protective Order* [Docket No. 799] the ("Protective Order").[2]  The Protective Order applies to

the production, disclosure, handling, dissemination, exchange, and use of documents and

discovery in the Chapter 11 Cases and related proceedings.

7.      Pursuant to the *Order (I) Scheduling Certain Dates and Deadlines in Connection

With Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols,

and (III) Granting Related Relief* [Docket No. 6528] (the "Confirmation Scheduling Order"),

each party that becomes a Participating Party (as defined in the Confirmation Scheduling Order)

is bound by the terms of the Protective Order.

8.      The Objection and Appendix each include information that has been designated as

Confidential or Highly Confidential under the Protective Order.  As described above, the

Proposed Redacted Versions redact information designated as such that Certain Insurers

---

[2] Capitalized terms used herein and not defined shall have the meaning ascribed to such terms in the Protective Order.

determined contain personally identifiable information of claimants or that the Debtors requested

Certain Insurers keep confidential pursuant to the Protective Order (the "Sealed Material").

## RELIEF REQUESTED

9.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the
> bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential
> > research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory
> > matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may

"issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for

relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its

own initiative, with or without notice, the court may make any order which justice requires (1) to

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information…." Fed. R. Bankr. P. 9018.

11.     Local Rule 9018-1(d) further provides, in relevant part, that "any entity seeking to

file a document … under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-

1(d).

12.     Here, the Objection and Appendix include the Sealed Material, which is

information designated as Confidential or Highly Confidential by certain of the Participating

Parties to the Stipulated Protective Order that either consists of (a) personal information regarding claimants, or (b) information that the Debtors have requested Certain Insurers keep confidential pursuant to the Protective Order.

13.     If Certain Insurers are forced to remove the Sealed Material from the Objection, as opposed to submitting such material in redacted form, Certain Insurers' ability to present a full record to the Court would be impaired.  Thus, AIG submits that redaction of the Sealed Material is both necessary and appropriate.  AIG reserves the right to argue that all Sealed Material other than claimant information should be filed publicly.

## **CERTIFICATION**

14.     In accordance with Local Rule 9018-1(d)(iv), counsel to AIG hereby certifies that, as described in the introduction, it has commenced meet and confer discussions with the parties in good faith on the scope of redactions of the Sealed Material.  In addition, the U.S. Trustee has indicated his agreement with the relief requested herein.

## **CONCLUSION**

WHEREFORE, AIG respectfully requests that the Court enter the Proposed Order substantially in the form submitted herewith.

Dated:  February 11, 2022              *Respectfully Submitted*

By: __/s/ Deirdre M. Richards_____

**FINEMAN KREKSTEIN & HARRIS PC**
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:    (302) 538-8331
Facsimile:    (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

**FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.**
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:    (312) 863-5000
Facsimile:    (312) 863-5009
Email: sgummow@fgppr.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035
Email: mrosenthal@gibsondunn.com
 jhallowell@gibsondunn.com
 kmartorana@gibsondunn.com
-and-
**GIBSON, DUNN & CRUTCHER LLP**
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for AIG*