# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SUPPLEMENTAL NOTICES REGARDING PLAN MODIFICATIONS

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (this "Motion"), pursuant to sections 105(a), 1125 and 1127(c), of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 3019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the following relief:

(i) approving the form and manner of notice of the Class 8 Supplemental Notice (as defined herein) with respect to the Debtors' Modified Plan[2]; and

(ii) approving the form and manner of notice of the Chartered Organization Supplemental Notice (as defined herein) with respect to the Debtors' Modified Plan.

In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] References to the "Plan" in this Motion refer generally to the solicitation version of the Plan filed on September 30, 2021 [D.I. 6443] (the "September 30 Plan"), the modified version of the Plan filed on December 18, 2021 [D.I. 7832], and the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (the "Modified Plan"), as the context requires. Capitalized terms used but otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**PRELIMINARY STATEMENT**

1. During the February 11, 2022 hearing, this Court requested that the Debtors consider whether any additional disclosure was required for holders of Direct Abuse Claims and Chartered Organizations in light of the modifications from the TCC/Abuse Survivor Settlement (as defined below). In particular, the Modified Plan includes improved provisions for Class 8 abuse survivors, including an independent review process in the Trust Distribution Procedures for claims that are expected to garner significant recoveries. Separately, the Modified Plan modifies the scope of the third party releases in favor of Chartered Organizations that have not yet settled or contributed to the Settlement Trust.

2. In each instance, the Debtors do not believe a resolicitation is warranted. The plan modifications pertaining to holders of Class 8 Direct Abuse Claims are favorable to such claimants—i.e., they are not materially adverse to the treatment of these Claims. As for Chartered Organizations, the changes do not directly affect the treatment of Class 9 Indirect Abuse Claims (which Class includes Indirect Abuse Claims asserted by some but not all or even a majority of Chartered Organizations as well as Indirect Abuse Claims asserted by entities that are not Chartered Organizations at all), although the plan modifications may affect whether Chartered Organizations (whether or not holding a Class 9 Claim) wish to object to the Modified Plan or opt out of the default Chartered Organization treatment.[3] As such, while the Debtors do not believe resolicitation is necessary for either Class 8 or Class 9, they do believe it is prudent to (a) permit

---

[3] The Modified Plan incorporates modifications to the scope of the releases afforded to certain Chartered Organizations in response to the concerns of certain survivor representatives as to whether the nonconsensual third party releases for certain of the Chartered Organizations were achievable under applicable case law without modification.

holders of Claims in these Classes to change their votes or submit a Ballot with respect to the Modified Plan, and (b) provide additional disclosure to these parties.[4]

3.  The Debtors have proposed two notices for these groups. First, with respect to Class 8 holders of Direct Abuse Claims, the Debtors propose to distribute the notice substantially in the form attached to the Proposed Order as **Exhibit 1** (the "Class 8 Supplemental Notice"). Second, with respect to the release changes relevant to Chartered Organizations and supplemental deadline to opt-out or object to the Modified Plan, the Debtors propose to distribute the notice substantially in the form attached to the Proposed Order as **Exhibit 2** (the "Chartered Organization Supplemental Notice" and, together with the Class 8 Supplemental Notice, the "Supplemental Notices"). The Chartered Organization Supplemental Notice also informs Chartered Organization holders of Class 9 Indirect Abuse Claims of the ability to change their votes or submit new Ballots on the Modified Plan. The Debtors have circulated these supplemental notices to parties participating in the confirmation proceedings to solicit comments in advance of filing this Motion,[5] and certain feedback received from the United States Trustee, certain settling and non-settling insurers, and claimant representatives has been reflected in the Class 8 Supplemental Notice and the Chartered Organization Supplemental Notice to the extent possible.

## STATUS OF THE CASES AND JURISDICTION

4.  The Debtors commenced these cases on February 18, 2020, and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant

---

[4] *See, e.g.*, *In re Fed.-Mogul Glob. Inc.*, Case No. 01-10578 (JKF), 2007 WL 4180545, at *39 (Bankr. D. Del. Nov. 16, 2007) (holding that additional disclosure under section 1125 is not required where plan "modifications do not materially and adversely affect or change the treatment of any Claim against or Equity Interest in any Debtor"); *In re Aleris Int'l, Inc.*, Case No. 09-10478 (BLS), 2010 WL 3492664, at *32 ("Further disclosure and resolicitation of votes [pursuant to section 1127(c)] on a modified plan is only required . . . when the modification materially *and* adversely affects parties who previously voted for the plan." (emphasis in original)).

[5] Parties have reserved their rights with respect to the Class 8 Supplemental Notice and the Chartered Organization Supplemental Notice pending review of the Debtors' filings.

to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of tort claimants (the "TCC") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

6. On April 24, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") appointed James L. Patton, Jr. as the representative of future abuse claimants (the "Future Claimants' Representative") pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief requested in this Motion are sections 105(a), 1125, and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

## **THE MODIFIED PLAN**

9. The Court approved the Debtors' disclosure statement [D.I. 6445] (the "Disclosure Statement") pursuant to an order dated September 30, 2021 [D.I. 6438] (the "Disclosure Statement Order"), and the Debtors thereafter solicited votes to accept or reject the Plan until the voting deadline of December 28, 2021 (as extended). Following the Voting Deadline, the Debtors and other key constituencies continued to negotiate to improve the Plan with respect to abuse survivors in Class 8, resulting in, among other settlements, the settlement with the TCC and certain state court counsel filed on February 10, 2022 [D.I. 8772] (the "TCC/Abuse Survivor Settlement"). In connection with the Modified Plan, a redline comparison of the changes set forth in the Modified Plan has also been filed (such modifications, the "Plan Modifications"). The Debtors believe that the Plan Modifications enhance the treatment of Direct Abuse Claims and do not adversely change, within the meaning of Bankruptcy Rule 3019, the treatment of any class of claims.

10. With respect to Chartered Organizations, the Plan Modifications are essentially consistent with the September 30 Plan. Chartered Organizations (other than TCJC and the United Methodist Entities) will be treated as Participating Chartered Organizations, unless they opt out of such treatment, and will be required to make a separate monetary contribution in order to become Contributing Chartered Organizations entitled to full, as opposed to limited, Channeling Injunction protection under the Modified Plan. Under the December 17 version of the Plan (resulting from the settlements with, among others, Century and the Chubb Companies), supplemental contributions from the Local Councils and the BSA entitled certain Chartered Organizations to potential Channeling Injunction protection against all Scouting-related Abuse Claims as Contributing Chartered Organizations/Protected Parties. The TCC and Pfau/Zalkin claimants, among others, questioned whether the scope of such protections was achievable under applicable

5

case law without modification and informed the Debtors they would object to the Plan if these provisions remained.  The TCC/Abuse Survivor Settlement resolves these serious objections to confirmation.  It provides protection for Chartered Organizations as Limited Protected Parties as was the case under the September 30 Plan, but also provides an added benefit of an injunction following the Effective Date that provides time for Chartered Organizations to become Contributing Chartered Organizations if they wish.

## DESCRIPTION OF SUPPLEMENTAL NOTICES

11.     In addition to providing summaries of the relevant Plan Modifications, the Supplemental Notices will provide holders of Direct Abuse Claims and Chartered Organizations notice of related procedures and deadlines to change votes and submit opt-out elections, as set forth below.  The Debtors intend to distribute the Supplemental Notices in the same manner that the solicitation packages and related notice materials were mailed to such parties.

12.     **Class 8 Supplemental Notice.**  The Class 8 Supplemental Notice provides a summary of the Plan Modifications relevant to Class 8 abuse survivors, including the independent review procedures under the revised Trust Distribution Procedures.  The notice also sets forth the proposed limited extended voting deadline of **March 4, 2022 at 4:00 p.m. (Eastern Time)** (the "Limited Extended Voting Deadline") for holders of Class 8 Direct Abuse Claims and their representatives to change or submit votes on the Modified Plan.  Due to the short time frame for changing or submitting votes, the Debtors propose that state court counsel may also submit Class 8 Ballots using a different method of solicitation than the method they elected to use previously (i.e., Master Ballot, direct Ballot to clients, or direct Ballot distributed to firm).  Any applicable counsel and abuse survivors may contact the Solicitation Agent, Omni Agent Solutions, at the following in order to obtain new Ballots or Master Ballots or to notify the Solicitation Agent of a

change in the firm's chosen solicitation method[6]: (a) bsaballots@omniagnt.com, (b) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA. **For the avoidance of doubt, parties must use the pre-populated Ballot from Omni Agent Solutions containing each claimant's unique ballot ID, name, and claim number in order to submit a Ballot modifying their vote on the Modified Plan.**

13. **<u>Chartered Organization Supplemental Notice</u>.** The Chartered Organization Supplemental Notice provides a summary of the three options that Chartered Organizations have under the Modified Plan, and summarizes the changes to the Plan that affect certain Chartered Organizations' release provisions. With respect to the subset of Chartered Organizations that hold Class 9 Indirect Abuse Claims, the notice sets forth the Limited Extended Voting Deadline for Chartered Organization holders of Class 9 Indirect Abuse Claims to modify or submit Ballots voting on the Modified Plan. Any counsel to or holders of Class 9 Indirect Abuse Claims may contact the Solicitation Agent at the contact options set forth above in order to obtain new Ballots.

14. Under the former Plans, there was an opt-out election form that Chartered Organizations could submit to opt-out of the releases and protections of the September 30 Plan, or the Chartered Organizations could opt out by filing an objection to the Plan or submitting an opt out request in writing to the Debtors' counsel on or before the Plan Objection Deadline. On account of the Modified Plan, the Court indicated it would set an extended deadline of **February**

---

[6] The Class 8 solicitation methods are set forth in full in the Disclosure Statement Order and the Solicitation Procedures.

**25, 2022** for Chartered Organizations to opt out of the scope of releases they are afforded (the "Supplemental Chartered Organization Opt Out Deadline"). All prior opt outs received by the Debtors for prior versions of the Plan will remain in effect unless a Chartered Organization notifies the Debtors in writing that it wishes to withdraw its prior opt out election.

## BASIS FOR RELIEF

15.     Section 1127(a) of the Bankruptcy Code allows a plan proponent to modify a plan at any time before confirmation so long as the modified plan meets the requirements of sections 1122 and 1123 of the Bankruptcy Code. 11 U.S.C. § 1127(a). Even after the vote, a plan proponent may modify a plan before confirmation as long as the plan satisfies all requirements concerning plan contents and the classification of claims and interests. *See, e.g.*, *In re New Power Co.*, 438 F.3d 1113, 1117 (11th Cir. 2006) (citing sections 1122, 1123, and 1127 of the Bankruptcy Code). "[T]he bankruptcy court may deem a claim or interest holder's vote for or against a plan as a corresponding vote in relation to a modified plan unless the modification materially and adversely changes the way that claim or interest holder is treated."[7] *Id.* at 1117–18.

16.     Section 1127(c) requires the proponent of the modification to comply with section 1125 "with respect to the plan as modified." *Id.* § 1127(c). Plan modifications do not require a new disclosure statement unless they are material and adverse, such that a creditor that previously accepted the plan, if it knew of the modification, would be likely to reconsider its acceptance. *See In re Downtown Inv. Club III*, 89 B.R. 59 (B.A.P 9th Cir. 1988); *In re Am. Solar King Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988); *see also* 9 Collier on Bankruptcy ¶ 3019.01. After notice and a hearing, the bankruptcy court may deem a holder's vote for or against a plan as a

---

[7] In the confirmation brief in support of the Modified Plan, the Debtors will set forth their arguments regarding why existing votes should be deemed to be votes to accept the Modified Plan, and will seek approval of this relief in connection with confirmation.

corresponding vote in relation to a modified plan unless the modification materially and adversely changes the way that claim or interest holder is treated. 11 U.S.C. § 1127(d); Fed. R. Bankr. P. 3019; *see In re New Power Co.*, 438 F.3d at 1117–18; *In re Am. Solar King Corp.*, 90 B.R. at 825.

17. Some courts have held that where there is a question concerning the adequacy of information previously furnished in a disclosure statement, a plan proponent should request an order from the court concerning adequate information. *See, e.g.*, *In re Concrete Designers*, 173 B.R. 354, 356 (Bankr. S.D. Ohio 1994). Whether a disclosure contains "adequate information" is subjective and is left to the court's discretion. *See, e.g.*, *Mabey v. Southwestern Elec. Power Co.* (*In re Cajun Elec. Power Coop., Inc.*), 150 F.3d 503, 518 (5th Cir. 1998) (holding that whether a disclosure statement contains "adequate information" is subjective and is left to the court's discretion); *In re Simplot*, No. 06-00002-TLM, 2007 WL 2479664, at *12 (Bankr. D. Idaho Aug. 28, 2007) (addressing arguments concerning the adequacy of disclosure with respect to plan modifications made after the voting deadline, and noting that "questions of materiality and adversity of treatment [with respect to plan modifications] are factual and case-specific").[8]

18. The Debtors do not believe that the treatment of any class of claims entitled to vote under the Modified Plan has changed materially and adversely. With respect to Class 8 holders of Direct Abuse Claims, the changes and clarifications set forth in the Modified Plan—in particular, the independent review procedure—was specifically negotiated by certain of the state court counsel on behalf of abuse survivors, and is beneficial to the abuse survivor class as a whole. Additionally, the treatment of Class 9 Indirect Abuse Claims is unchanged in the Modified Plan.

---

[8] *See*, *e.g.*, *In re MTE Holdings LLC*, No. 19-12269 (CTG) (Bankr. D. Del. Aug. 25, 2021) [D.I. 2538] (approving two-page supplemental disclosure letter detailing specific modifications); *In re SC SJ Holdings LLC*, No. 21-10548 (JTD) (Bankr. D. Del. Aug. 4, 2021) [D.I. 623] (approving adequacy of the additional disclosure to supplement the previously-approved disclosure statement); *In re Thorpe Insulation Co.*, No. 07-19271 (BB) (Bankr. C.D. Cal. Apr. 23, 2009) [D.I. 2072] (approving brief supplemental disclosure as containing adequate information with respect to plan modifications).

Nonetheless, the Debtors believe it is appropriate for holders of claims in Class 8 and Chartered Organizations in Class 9 to continue to consider their votes and change their votes if they deem necessary. Supplemental disclosure may be prudent out of an abundance of caution. The Supplemental Notices set forth the basic information relevant to abuse survivors and Chartered Organizations stemming from the Modified Plan, and direct such parties to the applicable provisions of the Modified Plan—in addition to reminding these parties where they can access a copy of the Modified Plan and other documents at no charge—and how to submit Ballots or change their vote. The Debtors submit that the Supplemental Notices, in light of the previously approved and served Disclosure Statement, are appropriately tailored to the needs of this case and avoid the additional time and significant expense associated with distribution of a new Disclosure Statement. As such, the Supplemental Notices provide adequate information to these parties, and are more than sufficient to satisfy the requirements of sections 1125 and 1127 of the Bankruptcy Code.

## **NOTICE**

19.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the TCC; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to the Coalition; (vii) counsel to JPM; (viii) counsel to Chartered Organizations that have requested notice in these chapter 11 cases; (ix) state court counsel representing abuse survivors; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion

and such other and any further relief as the Court may deem just and proper.

Dated: February 15, 2022  **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Wilmington, Delaware

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
         aremming@ morrisnichols.com
         ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice)*
Blair M. Warner (admitted *pro hac vice)*
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION