**Exhibit 1**

**Class 8 Supplemental Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. D.I. [●] |

**NOTICE OF SUPPLEMENTAL VOTING DEADLINE OF
MARCH 4, 2022 AT 4:00 P.M. (EASTERN TIME) FOR HOLDERS OF
CLASS 8 DIRECT ABUSE CLAIMS AND LIMITED DISCLOSURE REGARDING
CHANGES IN DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 15, 2022, Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (together with all exhibits, schedules and attachments thereto, the "Modified Plan")[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Modified Plan reflects the terms of a proposed settlement among the Debtors and certain other parties in interest, including the official committee representing abuse survivors (the "TCC"), Coalition of Abused Scouts for Justice, Future Claimants' Representative, Ad Hoc Committee of Local Councils, and the Pfau/Zalkin claimants [D.I. 8772] (the "TCC/Abuse Survivor Settlement"). The TCC/Abuse Survivor Settlement is further supported by numerous state court counsel for abuse survivors who are now actively recommending that their clients who voted to reject the Plan change their votes to accept the Modified Plan. Copies of the Modified Plan and all related documents are available for review and download at no charge on the Debtors' case website at https://omniagentsolutions.com/BSA.

3. In accordance with the *Order (I) Amending and Scheduling Certain Supplemental Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization and (II) Approving a Limited Supplemental Voting Deadline for Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims* [D.I. [●]], the Bankruptcy Court has set a limited extended voting deadline of **March 4, 2022 at 4:00 p.m. (Eastern Time)** (the "Limited Extended Voting

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Modified Plan or the Trust Distribution Procedures.

Deadline") for holders of Class 8 Direct Abuse Claims or their representatives to submit Ballots modifying their votes on the Modified Plan.  **If you do not want to change your vote on the Plan, you do not need to do anything at this time.**  Other than the Limited Extended Voting Deadline, all other Solicitation Procedures approved by the Bankruptcy Court shall remain in effect.

4. Holders of Class 8 Direct Abuse Claims or their representatives may request a new Ballot from the Solicitation Agent, Omni Agent Solutions, at (a) bsaballots@omniagnt.com, or (b) calling the Debtors' toll-free restructuring hotline at 866-907-2721, or (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA.  **For the avoidance of doubt, parties must use the pre-populated Ballot from Omni Agent Solutions containing each claimant's unique ballot ID, name, and claim number in order to submit a Ballot modifying their vote on the Modified Plan.**  All materials and instructions regarding submitting a Ballot and Modified Plan materials are available at no charge on Debtors' case website at https://omniagentsolutions.com/bsa-SAballots.

5. The hearing to consider whether to confirm the Modified Plan will be held on **March 9, 2022 at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing") before the Honorable Laurie Selber Silverstein at the United States Bankruptcy Court for the District of Delaware.  Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.  If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://omniagentsolutions.com/BSA.

6. Counsel representing holders of Class 8 Direct Abuse Claims are authorized, but not required, to modify their preferred solicitation method with respect to their clients holding Class 8 Direct Abuse Claims in accordance with the Solicitation Procedures.  Counsel must contact the Solicitation Agent at bsaballots@omniagnt.com in order to obtain Ballots or Master Ballots and to notify the Solicitation Agent of a change in the firm's chosen solicitation method.

7. This document is intended to assist holders of Direct Abuse Claims in understanding their rights under the Modified Plan.  It is not comprehensive and does not describe every fact, issue, or consideration that may be relevant to a holder of a Direct Abuse Claim under the Modified Plan.  **You should consult with your legal counsel and read the Modified Plan and Disclosure Statement, including the "Risk Factors" in Article X of the Disclosure Statement, in their entirety.  If there are inconsistencies between this document and the terms of the Modified Plan, the Modified Plan governs.**

## SUMMARY OF MODIFIED PLAN CHANGES

8. The following is a summary of changes to the Modified Plan with respect to Class 8 holders of Direct Abuse Claims. Please review the Modified Plan for a full and complete description of its terms and your options and rights thereunder.

- Modifications to the Plan on account of the TCC/Abuse Survivor Settlement primarily relate to the governance of the Settlement Trust, agreements related to Youth Protection measures (Exhibit L to the Modified Plan), a modification to allow holders of Direct Abuse Claims to participate in an independent review procedure under the Trust Distribution Procedures, a modification to the scope of the releases for certain Chartered Organizations, and clarifications to certain Plan terms, such as the definition of "Abuse Claim." A redline of the "Abuse Claims" definition that shows the changes made to this definition in the Modified Plan and that includes the new "Mixed Claims" defined term is attached hereto as **Exhibit A**. The changes made to the definitions clarify that Claims unrelated to Scouting fall outside the scope of an "Abuse Claim" for purposes of the Plan, including the Channeling Injunction and releases. A "Mixed Claim" is a claim that makes allegations of Abuse related to or arising from Scouting as well as Abuse unrelated to or not arising from Scouting. Any portion of a Mixed Claim that is unrelated to Scouting will not be treated as an "Abuse Claim" under the Modified Plan.

- Importantly, the Trust Distribution Procedures have been revised to provide holders of Direct Abuse Claims with the option to elect to have an independent, neutral third party determine the amount a jury might award for their claim, which will be used to determine the amount of the claim against the BSA and other Protected Parties up to a maximum of five times the maximum value associated with that category of Direct Abuse Claim under the Trust Distribution Procedures.

- As such, holders of Direct Abuse Claims can choose to liquidate their claims pursuant to the Claims Matrix previously included in the Trust Distribution Procedures, or, to the extent they wish to do so they can choose to participate in the Independent Review Process, as is now set forth therein. In order to participate in the Independent Review Process, holders of Direct Abuse Claims must pay all costs associated with this review and post $10,000 at the time of the election, and an additional $10,000 immediately prior to the an independent, neutral third party's review to cover such costs. The Settlement Trustee will have the discretion to waive the administrative fees based on the circumstances of the claimant. The Settlement Trust will maintain a separate fund for the sole purpose of funding the portion of awards granted under the Independent Review Process that are greater than $1 million. The election to be considered for the Independent Review Process will occur at a later date once the Settlement Trust is established.

- The Settlement Trust will have the right to seek to collect the awards granted under the Independent Review Process from applicable non-settling insurers and allocate such awards between the holder of a Direct Abuse Claim, the Excess Award Fund, and the general fund based on specific criteria set forth in the Trust Distribution Procedures.

9.  The Debtors, TCC, Coalition of Abused Scouts for Justice, Future Claimants' Representative, Ad Hoc Committee of Local Councils, and the Pfau/Zalkin claimants, as well as certain state court counsel representing a majority of holders of Direct Abuse Claims, believe these changes to the Plan, Plan Documents, and Trust Distribution Procedures are beneficial to the holders of Direct Abuse Claims. As such, each of these parties supports confirmation of the Modified Plan and encourages holders of Direct Abuse Claims to change their votes and/or to vote in favor of the Modified Plan.

Dated: February [●], 2022

| | |
|---|---|
| WHITE & CASE LLP<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>　　　　mlinder@whitecase.com<br>　　　　laura.baccash@whitecase.com<br>　　　　blair.warner@whitecase.com | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>　　　　aremming@morrisnichols.com<br>　　　　ptopper@morrisnichols.com |

*Attorneys for the Debtors and Debtors in Possession*

**Exhibit A**

**Changes to "Abuse Claims" and Addition of "Mixed Claims" Defined Terms**

"**Abuse Claim**" means a liquidated or unliquidated Claim against a Protected Party (including the Settling Insurance Companies), a Limited Protected Party, or an Opt-Out Chartered Organization or any of their respective Representatives (in their capacities as such) that is attributable to, arises from, is based upon, relates to, or results from, ~~in whole or in part,~~ directly, indirectly, or derivatively, alleged Scouting-related Abuse that occurred prior to the Petition Date, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, alter ego, *respondeat superior*, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based upon, or directly or indirectly related to any insurance relationship, the provision of insurance or the provision of insurance services to or by any Protected Parties, or misrepresentation, concealment, or unfair practice, breach of fiduciary duty, public or private nuisance, gross negligence, willful misconduct, or any other theory, including any theory based on or related to public policy or any act or failure to act, or failure to warn by a Protected Party, a Limited Protected Party, an Opt-Out Chartered Organization, any of their respective Representatives (in their capacities as such) or any other Person for whom any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization is alleged to be responsible (including any such Claim that has been asserted or may be amended to assert in a proof of claim alleging Abuse, whether or not timely filed, in the Chapter 11 Cases, or any such Claim that has been asserted against the Settlement Trust), including any proportionate or allocable share of liability based thereon. Abuse Claims include any Future Abuse Claims, any Indirect Abuse Claims, any Opt-Out Chartered Organization Abuse ~~Claims,~~Claim and any other Claim that is attributable to, arises from, is based upon, relates to, or results from, alleged Scouting-related Abuse regardless of whether, as of the Petition Date, such Claim was barred by any applicable statute of limitations. For the avoidance of doubt, ~~no~~ (i) a Claim alleging Abuse shall not be an "Abuse Claim" against a Protected Party, Limited Protected Party, or Opt-Out Chartered Organization or any of their respective Representatives if such Claim is unrelated to Scouting (except as provided in (iii) below, including the portion of any Mixed Claim that is unrelated to Scouting); (ii) a Claim alleging Abuse shall be an "Abuse Claim" against a Protected Party, Limited Protected Party, or Opt-Out Chartered Organization or any of their respective Representatives (in their capacity as such) if such Claim is ~~wholly unrelated~~related to Scouting~~; provided, further, that any~~ (including the portion of any Mixed Claim that is related to Scouting); (iii) any portion of a Mixed Claim alleging Abuse involving the Debtors, Reorganized BSA, Non-Debtor Entities, Local Councils, ~~and each of their~~TCJC, or their respective Representatives~~,~~ (in their capacities as such) is necessarily Scouting-related and shall be considered an Abuse Claim; and (iv) any Claim against the Debtors, Reorganized BSA, Non-Debtor Entities, Local Councils, or their respective Representatives (in their capacities as such) alleging Abuse is necessarily Scouting-related and shall be considered an Abuse Claim.

"**Mixed Claim**" means a claim that makes allegations of Abuse related to or arising from Scouting as well as Abuse that occurred prior to the Petition Date unrelated to or not arising from Scouting. A claim shall not be treated as a Mixed Claim unless and until Scouting-related Abuse allegations have been asserted through a Proof of Claim, the complaint, sworn discovery or testimony (including by affidavit).