## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I 8823** |

### MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION FOR ENTRY
### OF AN ORDER APPROVING SUPPLEMENTAL NOTICES REGARDING
### PLAN MODIFICATIONS

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are the debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Debtors' Motion for Entry of an Order Approving Supplemental Notices Regarding Plan Modifications* (the "Motion"),[2] and respectfully state as follows:

### RELIEF REQUESTED

1.      The Debtors seek entry of an order (a) shortening notice with respect to the Motion, (b) scheduling a hearing on the Motion to take place on Wednesday, February 16, 2022 (the "Hearing"), or at the Court's earliest convenience, but no later than Friday, February 18, 2022, (c) requiring objections to be heard at the Hearing, and (d) granting such other relief as the Court deems just and proper.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]     Capitalized terms not defined herein are defined in the Motion.

## JURISDICTION

2.      The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

## BACKGROUND

4.      At the February 11, 2022 hearing, this Court requested that the Debtors consider whether any additional disclosure was required for holders of Direct Abuse Claims and Chartered Organizations in light of the modifications from the TCC/Abuse Survivor Settlement (as defined in the Motion).  In particular, the Modified Plan includes improved provisions for Class 8 abuse survivors, including an independent review process in the Trust Distribution Procedures for claims that are expected to garner significant recoveries.  Separately, the

Modified Plan modifies the scope of the third party releases in favor of Chartering Organizations that have not yet settled or contributed to the Settlement Trust.

5.     Although the Debtors do not believe resolicitation is necessary, out of an abundance of caution, the Debtors filed the Motion seeking Court approval of two notices to holders of Direct Abuse Claims and Chartered Organizations, which provide these parties with additional information on the plan modifications and their respective rights under the Modified Plan as well as notice of a Limited Extended Voting Deadline for these parties to change their votes in light of the settlements reached in these chapter 11 cases, in their discretion.

6.     As the Debtors have stated on numerous occasions, the costs associated with the administration of these chapter 11 cases have grown and the Debtors must seek to exit bankruptcy as soon as possible to make their required contributions to the Settlement Trust and maintain enough cash to continue their charitable mission upon emergence.  The Motion seeks to balance the need to commence confirmation as expeditiously as possible, while also providing sufficient notice to potentially affected creditors of modifications to the Plan that may affect their rights and deadlines related thereto.

## BASIS FOR RELIEF REQUESTED

7.     Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

8.      Local Rule 2004-1 requires that all motions for, or notices of, examination or production of documents shall set forth a "date, time and place of the hearing that is no less than fourteen (14) days from service of the motion."  Del. Bankr. L.R. 2004-1(d).

9.      Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

10.     For the reasons set forth in the Motion, sufficient cause exists to justify shortening the notice period for, and scheduling a hearing on, the relief requested in the Motion. As described more fully in the Motion, the Debtors request Court approval of two notices that provide supplemental disclosure to holders of Direct Abuse Claims and Chartered Organizations. The notices will inform holders of Direct Abuse Claims and Chartered Organizations of the basic information relevant to their claims as a result of the plan modifications derived from the TCC/Abuse Survivor Settlement.  It is imperative that the Court hear the Motion without delay to allow the Debtors to expeditiously serve the notices on holders of Direct Abuse Claims and Chartered Organizations and provide these parties with an opportunity to review the plan modifications and, if applicable, change their vote or submit new Ballots with respect to the Modified Plan.  The TCC/Abuse Survivor Settlement and plan modifications improve the

Debtors' prospects of obtaining a more consensual plan confirmation on the urgent timeline required by the Debtors, which benefits all creditors.

11.     Accordingly, the Debtors request that the Court schedule the hearing on the Motion to be held on February 16, 2022 (or at the Court's earliest convenience, but no later than Friday, February 18, 2022), with objections to be heard at the Hearing.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

12.     Pursuant to Local Rule 9006-1(e), the Debtors notified counsel to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the TCC, the UCC, the FCR, the Roman Catholic Ad Hoc Committee ("RCAHC"), the UMAHC, the TCJC, the Coalition and Certain Insurers (collectively, the "Notice Parties") as soon as reasonably practicable prior to filing this Motion to Shorten.  On February 13, 2022, the Debtors provided draft versions of the proposed notices to all Participating Parties (as defined in the Court's *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [D.I. 6528]).

13.     The TCC consents to shortening notice of the Motion. The U.S. Trustee does not consent to the Motion being heard on shortened notice.  The Certain Insurers have informed the Debtors that they take no position on this Motion to Shorten.  The RCAHC consented to the Motion to Shorten subject to certain conditions that the Debtors have not agreed to at the time of this filing.  The Debtors have not received responses from the other Notices Parties.

### NOTICE

14.     Notice of this Motion to Shorten, as well as the Motion, has been provided to (a) the U.S. Trustee, (b) the TCC, (c) the UCC, (d) the FCR, (e) the RCAHC, (f) the UMAHC,

(g) the Certain Insurers, (h) the TCJC, (i) the Coalition, (j) the State Court Counsel on Exhibit B to the Motion, and (k) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: February 15, 2022        **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
      Wilmington, Delaware

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica c. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: Jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email:  mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

*Attorneys for the Debtors and Debtors in Possession*