# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Obj. Deadline: March 1, 2022 at 4:00 p.m. (ET)<br>Hearing Date: March 9, 2022 at 10:00 a.m. (ET) |

**MOTION OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, TO SEAL
THE CONFIDENTIAL INFORMATION CONTAINED WITHIN THE
DECLARATION OF MICHAEL J. MERCHANT IN SUPPORT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ("TCJC")
MOTION TO EXCLUDE ANY TESTIMONY OR EVIDENCE OFFERED BY
OR THROUGH MS. KATHERYN R. MCNALLY WITH RESPECT TO TCJC**

The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole ("**TCJC**"), moves the Court for entry of an order, pursuant to sections 105(a) and 107(b) of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing TCJC to file under seal and to redact certain confidential information referenced in the *Declaration of Michael J. Merchant in Support of The Church of Jesus Christ of Latter-day Saints' ("TCJC") Motion to Exclude any Testimony or Evidence Offered by or Through Ms. Katheryn R. McNally with Respect to TCJC* [Docket No. 8787] (the "**Declaration**"). In support of this motion (this "**Motion to Seal**"), TCJC respectfully represents as follows:

## JURISDICTION AND VENUE

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, and Article XII.8 of the Protective Order (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). TCJC consents to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these chapter 11 cases and this Motion to Seal in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2. On February 18, 2020, the Debtors each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On June 8, 2020, the Court entered an order [D.I. 799] approving the *Confidentiality and Protective Order* attached thereto as Exhibit 1 (the "**Protective Order**"). Pursuant to the Protective Order:

> any document containing Protected Material[2] that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.

*See* Protective Order, at Art. VII.6.

---

[2] The Protective Order defines "Protected Material" as "Discovery Material designated 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Art. II (definition of "Protected Material").

2

4.     In addition, the Protective Order provides that Protected Material may only be disclosed to certain parties listed therein, including those that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" attached thereto as Exhibit A.  *See id.*, at Art. VII.2-3.  TCJC and its counsel have each executed an "Acknowledgment and Agreement to Be Bound."

5.     On September 30, 2021, the Debtors filed the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6443] and the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6445].  On the same date, the Court entered the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438].

6.     On November 30, 2021, the Debtors filed the *Notice of Filing of Plan Supplement to Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7515].

7.     On December 18, 2021, the Debtors filed the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "**Plan**").

8. On December 23, 2021, the Debtors filed the *Notice of Filing of Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7953].

9. On December 28, 2021, the Court entered an Order modifying the confirmation schedule order [Docket No. 7996], which scheduled the confirmation hearing for February 22, 2022 (the "**Confirmation Hearing**"), set the confirmation objection deadline for February 4, 2022; and set the deadline for filing briefs or replies in support of confirmation of the Plan for February 14, 2022.

10. On January 29, 2022, the Debtors filed the *Notice of Filing of Second Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8567].

11. On February 10, 2022, TCJC filed *The Church of Jesus Christ of Latter-day Saints' ("TCJC") Motion to Exclude any Testimony or Evidence Offered by or Through Ms. Katheryn R. McNally with Respect to TCJC* [Docket No. 8786] (the "**Motion to Exclude**")[3] and Declaration.

12. On February 14, 2022, TCJC circulated proposed redactions to the Motion to Exclude and the Declaration to the Participating Parties in the above-captioned matter. The TCC consented to Katheryn R. McNally's expert reports, attached to the Declaration as Exhibit A and Exhibit B, being filed unredacted in their unsealed, publicly available form. The U.S. Trustee proposed that all materials, including highly confidential deposition materials, also be filed unredacted in their unsealed, publicly available form.

13. On February 15, 2022, pursuant to a status conference held by the Court on February 11, 2022, the Court entered an Order modifying the confirmation schedule [Docket No.

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Motion to Exclude.

4

8830], which reflects that the Confirmation Hearing will begin on March 9, 2022; the confirmation objection deadline is February 25, 2022; and the deadline to file briefs or replies in support of confirmation of the Plan is March 2, 2022. During these chapter 11 cases, TCJC obtained access to the confidential expert reports and deposition transcript described in the Motion to Exclude and attached to the Declaration.

14. In order to comply with its obligations under the *Confidentiality and Protective Order* [Docket No. 799], and after conferring with counsel for the TCC and the U.S. Trustee, TCJC redacted highly confidential deposition materials in the publicly available version of Exhibit C of the Declaration. Contemporaneously herewith, the Motion to Exclude has been filed without any redactions.

## RELIEF REQUESTED

15. By this Motion to Seal, TCJC seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing TCJC to (i) file unsealed a publicly available version of the Declaration that redacts certain confidential information referenced therein (the "**Confidential Information**") and (ii) file an unredacted version of the Declaration under seal.

## BASIS FOR RELIEF REQUESTED

16. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers, and authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) of the Bankruptcy Code gives bankruptcy courts the power to protect parties in interest from potentially harmful disclosures: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

5

17. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018. Likewise, Local Rules 9018-1(d) and (e) set forth the process for filing documents under seal.

18. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court *must* grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and, significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion Pictures Corp.*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking

such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstance[s] or compelling need." *Id.* at 27.

19. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.*; *see also Altegrity*, 2015 WL 10963572, at *3 (recognizing that information qualifies as "commercial information" where it would unfairly benefit competitors and would "reasonably be expected to cause the entity commercial injury" (internal quotation marks omitted)); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Altegrity*, 2015 WL 10963572, at *3; *Global Crossing*, 295 B.R. at 725.

20. The Declaration contains confidential information relating to the statements made by Katheryn R. McNally in certain deposition transcripts. TCJC obtained this Confidential Information in the course of the chapter 11 cases and have attached such information as Exhibit C to the Declaration, much of which has been designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order. The Protective Order, to which TCJC is bound, specifically restricts disclosure of Protected Material and requires that any document containing Protected Material that is submitted to or filed with the Court be filed under seal as a restricted document in accordance with Local Rule 9018-1. *See* Protective Order, at Art. VII.6. Thus, TCJC has filed this Motion to Seal in an effort to comply with its obligations relating to the disclosure of Protected Material under the terms of the Protective Order and to avoid harm through the

disclosure of commercially sensitive non-public information.  Indeed, not only is TCJC obligated to file the Protected Material under seal and, to the extent necessary, to redact portions of the Declaration which reference the Protected Material, but doing so is consistent with sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

21.     Prior to filing this Motion to Seal, counsel to TCJC conferred in good faith with counsel to the TCC concerning the sealing of the Confidential Information, and the parties agreed that the Confidential Information must remain sealed from public view.  In addition, consistent with Local Rule 9018-1(d)(i), a redacted version of the Brief was separately filed on the Court's docket.

## NOTICE

22.     Notice of this Motion to Seal has been provided to (i) the Debtors; (ii) the U.S. Trustee; (iii) the Official Committee of Unsecured Creditors; (iv) the Official Committee of Tort Claimants; and (v) those parties who have requested service pursuant to Bankruptcy Rule 2002. TCJC respectfully submits that no further notice of this Motion to Seal is necessary.

WHEREFORE, TCJC respectfully requests that the Court (a) enter the order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion to Seal, and (b) provide such further relief as the Court deems just and proper.

Dated: February 15, 2022
      Wilmington, Delaware

*/s/ Michael J. Merchant*
Michael J. Merchant (No. 3854)
Brett M. Haywood (No. 6166)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:      merchant@rlf.com
             haywood@rlf.com

-and-

Jeffrey E. Bjork (admitted *pro hac vice*)
Deniz A. Irgi (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:     jeff.bjork@lw.com
            deniz.irgi@lw.com

-and-

Adam J. Goldberg (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
Madeleine C. Parish (admitted *pro hac vice*)
Benjamin A. Dozier (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020-1401
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail:     adam.goldberg@lw.com
            robert.malionek@lw.com
            madeleine.parish@lw.com
            benjamin.butzin-dozier@lw.com

*Counsel to The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*