**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Chapter 11 |
| Debtors. | Jointly Administered |
| | **Re: D.I. 8789** |

**ROMAN CATHOLIC AD HOC COMMITTEE'S RESPONSE**
**IN OPPOSITION TO CENTURY'S MOTION *IN LIMINE* TO**
**EXCLUDE THE TESTIMONY OF MICHAEL AVERILL**

The Roman Catholic Ad Hoc Committee ("RCAHC") hereby responds (the "Response") in opposition to Century Insurance Company's motion *in limine* to exclude the opinion testimony of its expert witness, Michael Averill, CPCU, MBA (D.I. 8789) (the "Motion *in Limine*"). For the reasons set forth herein, Century's motion should be denied.

**Preliminary Statement**

At bottom, Century's motion seeks to prevent the Court from hearing testimony regarding certain insurance property rights of Chartered Organizations; rights that Century's settlement (incorporated into the February 15, 2022 Third Modified Fifth Amended Plan, D.I. 8813) seeks to obliterate. As detailed in the RCAHC's Confirmation Objection (D.I. 8686), the Debtors' Plan, including the Century settlement, will adversely impact the rights of numerous Chartered Organizations, many of which are unrepresented, have no notice of any Abuse Claims asserted against them, and have little to no appreciation for how the Debtors' Plan will adversely impact their insurance rights.[2]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used in this Response are defined as in the Plan, unless indicated otherwise.

Mr. Averill is uniquely qualified to opine on those rights. Mr. Averill has more than 50 years of experience in the property and casualty insurance industry.[3] His insurance career began in 1971 when he started working with the Insurance Services Office ("ISO"), which is the leading global insurance industry services organization, and which, among other things, provides industry-standard forms and endorsements to more than 1,000 insurance companies across the United States.[4] In his role at ISO, Mr. Averill was responsible for implementation of ISO's entire commercial lines revision, which necessitated his familiarity with the commercial liability forms (i.e., forms containing fairly standard terms and conditions that were widely used in the industry) in existence in the 1960s and 1970s prior to that revision.[5] Mr. Averill then worked for the Home Insurance Companies from 1987 to 1994; for the Syndicated Services Company from 1994 to 2000; as the Assistant Insurance Commissioner in the State of New Hampshire in 2000; and, since 2001, as an independent consultant.  RCAHC respectfully submits than when, as here, Debtors and their Plan proponents seek to forcibly wipe out the independent insurance rights of non-debtors against the Settling Insurers, understanding the potential scope of that impairment will assist the Court.[6]

## Objection

1.      As an initial matter, however, Century's Motion *in Limine* is untimely, which justifies denial of the motion without more. *E.g. Doe v. 9197-5904 Quebec, Inc.,* 727 F. App'x

---

[3] *See* December 5, 2021 Averill Report at 2, an excerpt of which is attached hereto as Exhibit A.

[4] *Id.*

[5] *Id.* at 3.

[6] During the February 11, 2022 status hearing, Debtors' counsel asserted the following in respect to the treatment in the anticipated February 15, 2022 Plan:  "Frankly, Your Honor, we don't know that this effects all that many chartered orgs because I am talking about a limited universe of claims; again, pre-1976. So it needed to be a chartered organization that actually was involved with scouting pre-1976 and that has claim exposure that's either uninsured by the Boy Scouts or not insured by one of our settling insurers. So it's not a huge universe[.]"  Feb. 11, 2022 Hr'g Tr. 11:2-8.

737 (3d Cir. 2018) (district court did not abuse its discretion in denying motion as untimely

filed). The applicable scheduling order (D.I. 7996) provided that February 10, 2022 was the

deadline to file motions *in limine*, and at the February 11 hearing, the Court made clear that it

had not granted **any** party an extension of the deadline for filing motions *in limine*.[7] Here,

Century filed its motion late, on February 11, 2022, providing neither excuse for its untimely

filing nor a request to file late.

2.      Beyond being untimely, Century's arguments rely on mischaracterization and do

not justify the relief sought. The primary contention with respect to Mr. Averill is that he is

offering an impermissible legal opinion. But he isn't.  Oddly, the portions of Mr. Averill's

deposition to which Century points in support of this contention reflect instances when, in

response to questions from Century's counsel, Mr. Averill made clear that he was **not** offering an

opinion on the issue about which he was questioned. To the contrary, Mr. Averill's report is clear

that he is **not** offering an opinion as to the existence of insurance coverage for particular claims,

which he uncontroversially agreed would be a legal issue.

3.      In actuality, Mr. Averill opines that there is substantial evidence that Local

Councils purchased comprehensive general liability policies **before** January 1, 1976, largely

from INA and Hartford; that there is evidence that these Local Council Policies included

coverage for Chartered Organizations; and that there are industry-standard forms available that

would have been used during the pre-1976 period and that show the terms and conditions that

might have been used during that period.[8]

---

[7] Feb. 11, 2022 Hr'g Tr. at 91:6-18.

[8] Ex. A at pp. 15-16.

4.      This sort of testimony is plainly helpful to the Court – and thus relevant – because it speaks directly to the sort of insurance property rights that Century and the other Settling Insurers seek to obliterate in the Plan. At the time that Century filed its motion, as explained in detail in the RCAHC's Confirmation Objection, Century and the other Settling Insurance Companies demanded that this Court invade and impair Chartered Organizations' **own** policies of insurance. Even under the February 15, 2022 Plan, Century and the other Settling Insurance Companies seek to impair Chartered Organizations *additional insured* rights under BSA and Local Council policies.  Mr. Averill's opinions relate to what those policies are and what they say.

5.      Nor do Century's remaining arguments warrant relief.  For example, Century contends that Mr. Averill's opinion is "unreliable," "lacks certainty," and doesn't "consider relevant evidence," apparently because complete copies of every policy issued by INA to the hundreds of Local Councils were unavailable, even in the vast universe of documents produced in this case.  But that is the backwards.  Mr. Averill's expert opinion is helpful in this matter specifically because, with respect to the pre-1976 period, the passage of time has resulted in a lack of complete policies within the universe of available documents. Based upon his decades of experience in the insurance industry, Mr. Averill can opine, in the absence of a copies of every complete policy, as to the existence of evidence that INA and the other Settling Insurers issued policies to particular Local Councils prior to January 1, 1976 that provided coverage for Chartered Organizations.  Further, he can opine, based on his work with ISO, on the likely terms of those policies.  And as Century is fully aware, this is precisely the type of evidence that would be used to demonstrate the existence of insurance policies.  Whether those policies provide **coverage** is an entirely separate matter — but Century and Debtors sought in the December 18,

2021 Plan to obliterate any potential coverage of Chartered Organizations in their own policies and still seek in the February 15, 2022 Plan to obliterate Chartered Organizations' additional insurance rights in BSA and Local Council Polices, all without the consent of the Chartered Organizations.

6.      As has been true for many months, Century and Debtors appear to believe that $800 million can buy them out of the requirements of the Due Process clause; i.e., that this payment vests the Court with jurisdiction to wipe out the rights of non-consenting, non-debtor third-parties.  RCAHC is well aware that Century and other Settling Insurers do not want to make substantial contributions to the Settlement Trust only to see further coverage litigation over additional insured rights follow.  But the potential existence of the rights that Century wants to wipe out is a specific function of the way in which Debtors decided to deliver Scouting.  Debtors managed to get the consent of Local Councils and substantial payments from the Settling Insurers, but they believe that the value of potential additional insured rights of Chartered Organizations in pre-1976 policies likely issued by Century and other Settling Insurers is exactly zero.  Let's find out.


[*Remainder of Page Left Intentionally Blank*]

## Conclusion

WHEREFORE, the RCAHC respectfully requests that the Court deny Century's Motion

*in limine*.

Dated: February 17, 2022
        Wilmington, Delaware

Respectfully submitted,

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (Bar No. 4057)
Aaron H. Stulman (Bar No. 5807)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
        astulman@potteranderson.com

-and-

**SCHIFF HARDIN LLP**

Everett J. Cygal, *admitted pro hac vice*
David M. Spector, *admitted pro hac vice*
J. Mark Fisher, *admitted pro hac vice*
Neil Lloyd, *admitted pro hac vice*
Daniel Schufreider, *admitted pro hac vice*
Jin Yan, *admitted pro hac vice*
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email: ecygal@schiffhardin.com
        dspector@schiffhardin.com
        mfisher@schiffhardin.com
        nlloyd@schiffhardin.com
        dschufreider@schiffhardin.com
        jyan@schiffhardin.com

*Counsel for the Roman Catholic Ad Hoc Committee*