**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref D.I. 8823** |

**CERTAIN INSURERS' LIMITED OBJECTION TO**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING**
**SUPPLEMENTAL NOTICES REGARDING PLAN MODIFICATIONS**

The undersigned insurance carriers (collectively, "Certain Insurers") file this limited objection to the Debtors' Motion for Entry of an Order Approving Supplemental Notices Regarding Plan Modifications [D.I. 8823] (the "Motion").[2] In support thereof, Certain Insurers respectfully state as follows:

**LIMITED OBJECTION**

1.    The Debtors filed their proposed Plan, TDPs Settlement Trust Agreement and Insurer Settlement Agreements in the early hours of February 15, 2022—a filing which totaled over 600 pages—and less than 12 hours later asked this Court to set a hearing on shortened notice to consider the adequacy of such disclosure as contemplated by Bankruptcy Code Section 1125. The Court subsequently set a hearing date of February 18, 2022 for the Motion.

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]    Capitalized terms that are not defined herein shall have the meanings ascribed to such terms in the Motion.

2.      The requirements of Section 1125 of the Bankruptcy Code are not to be taken lightly.  The Third Circuit has emphasized the importance of adequate disclosure, given the reliance creditors and bankruptcy courts place on disclosure statements. *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988) ("[W]e cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'").  Indeed, Bankruptcy Rule 2002(b) provides an extended 28-day review process of Disclosure Statements for that reason.  That any of the parties, or even this Court, could appropriately weigh the adequacy of the proposed supplemental disclosures over a three-day period and find that it "would enable [] a hypothetical [claimant] of the relevant class to make an informed judgment about the plan" strains credulity.

3.      To be clear, Certain Insurers do not object to the Debtors' proposed delivery of supplemental information to holders of Class 8 and Class 9 Claims, and (subject to certain modifications discussed below) even Court <u>approval</u> of these documents may be appropriate.  But the language in the Proposed Order stating that the notices "contain[] 'adequate information' with respect to the modified plan terms incorporated into the Modified Plan" must be excised given the timing and the Section 1125 standards.  The Debtors may be entitled to send their proposed notices to Claimants now, but all parties' rights to later argue that such notice was ultimately insufficient for purposes of supporting a vote modification should be preserved until Confirmation.

4.      Certain Insurers also have limited objections to the disclosure itself.  Regardless of whether the proposed disclosures can satisfy Section 1125 of the Bankruptcy Code, the notices should—at a minimum—provide more information with regard to Plan modifications and the parties' positions.  As currently drafted, the notices are more likely to cause confusion rather than provide clarity to Claimants.

5.       While the Debtors accurately state in paragraph 3 of their Motion that they "have circulated these supplemental notices to parties participating in the confirmation proceedings to solicit comments in advance of filing this Motion," they fail to mention that the Certain Insurers provided detailed comments in response—substantially all of which were ignored by the Debtors.

6.       Certain Insurers hereby request that, in addition to removing the proposed order language regarding the "adequacy" of the information, the following modifications (which were previously provided to the Debtors, to the extent such changes were evident from the Term Sheet) be made to the Supplemental Notices in advance of their delivery:

- <u>Funding of Independent Review Process/Allocation of Insurance Proceeds</u>:  While the Class 8 Supplemental Notice discloses that the insurance recoveries related to the Independent Review Process will be allocated "between the holder of a Direct Abuse Claim, the Excess Award Fund, and the general fund," there is no disclosure regarding the difference between the Excess Award Fund and the general fund, or that such division is generally 80/20 or 70/30 (Excess/general) where the applicable insurance policy has aggregate limits.  This is a material change from the prior version of the Plan which provided that all insurance proceeds were to be deposited into one Settlement Trust fund, and claimants that do not elect the Independent Review option may be negatively impacted.  Additional clarification of these points should be added.

- <u>PSZJ Settlement</u>:  The Class 8 Supplemental Notice fails to disclose any of the details regarding the settlement of the Debtors' claims against the TCC and its representatives. It also fails to disclose that the TCC's counsel at Pachulski Stang Ziehl & Jones LLP, while negotiating on behalf of the TCC, also negotiated a release of claims against the firm itself, and the Debtors' releases against the firm are void if the Plan is not

approved. This settlement of claims may be material to voting Claimants and should be disclosed.

- Unimpairment of Class 10:  The Plan amends the treatment of Class 10 claims from impaired to unimpaired.  While not a voting class, members of Class 8 and 9 should be entitled to a description of why such treatment has changed, and if there is any risk of the treatment reverting to impaired at Confirmation, and the effect on confirmation if that occurs.

- Status of Objections: While the Supplemental Notices go to great lengths to highlight the parties that support the modifications to the Plan, they fail to mention the status of objections, or the risks that Court rulings on such objections may render the Plan unconfirmable.  Certain Insurers request the following additional paragraph be added to each of the Supplemental Notices:

> The Modified Plan, however, is opposed by numerous third parties, including a group of non-settling insurers who have opposed the Plan on several grounds including that the Plan was not proposed in good faith by the Debtors or the other Plan Proponents [*see* Docket # 8793 on Omni's website].  Those objections have not been resolved by the Modified Plan and, in fact, the non-settling insurers believe that the modifications made by the Modified Plan exacerbate the problems that they originally identified and raise new confirmation issues.  In addition, certain chartered organizations of the Debtors (including the Roman Catholic Ad Hoc Committee [*see* Docket # 8796]), and the U.S. Trustee (a federal watch-dog for bankruptcy cases [*see* Docket # 8710]) oppose confirmation of the Plan.  All objectors reserve and do not waive their right to object to confirmation of the Modified Plan and the solicitation of votes on such Plan and disclosures with respect to such solicitation.  Because the Court has not yet considered or ruled on these objections, confirmation of the Plan cannot be assured.

**CONCLUSION**

For the reasons stated herein, Certain Insurers respectfully request that the Court deny Debtors' request for approval of the Supplemental Notices as satisfying the Section 1125 standards of providing "adequate information," order the Debtors to revise the Supplemental Notices and incorporate the additional disclosure as set forth herein, and grant such other relief as it deems appropriate.

Dated: February 17, 2022                    *Respectfully Submitted*

By: __*/s/ Deirdre M. Richards*_____

**FINEMAN KREKSTEIN & HARRIS PC**
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:     (302) 538-8331
Facsimile:     (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

**FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.**
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:   (312) 863-5000
Facsimile:     (312) 863-5009
Email: sgummow@fgppr.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:   (212) 351-4000
Facsimile:     (212) 351-4035
Email: mrosenthal@gibsondunn.com
 jhallowell@gibsondunn.com
 kmartorana@gibsondunn.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:   (949) 451-3800
Facsimile:     (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   404.885.3000

*-and-*

**PARKER, HUDSON, RAINER & DOBBS**
Harris B. Winsberg (admitted *pro hac vice*)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:   404.522.8409

*-and-*

**McDERMOTT WILL & EMERY LLP**
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
Alex M. Spisak (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:   202.756.8228
Facsimile:   202.756.8087

*Attorneys for Allianz Global Risks US Insurance
Company*

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:    404.885.3000

*-and-*

**PARKER, HUDSON, RAINER & DOBBS**
Harris B. Winsberg (admitted *pro hac vice*)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:    404.420.4313
Facsimile:    404.522.8409

*-and-*

**BRADLEY RILEY JACOBS PC**
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
Paul J. Esker
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:        312.281.0295

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*

**POST & SCHELL, P.C.**
Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

**IFRAH PLLC**
George R. Calhoun (*pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and
Colony Insurance Company*

**SEITZ, VAN OGTROP & GREEN, P.A**
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
khill@svglaw.com

-and-

**CHOATE, HALL & STEWART, LLP**
Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
Samuel N. Rudman (admitted *pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com
srudman@choate.com

-and-

**MINTZ, LEVIN, COHN, FERRIS,**
**GLOVSKY AND POPEO PC**
Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
kmarrkand@mintz.com
lbstephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

-and-

**WILEY REIN LLP**
Mary E. Borja (admitted *pro hac vice*)
Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail:  mborja@wiley.law,
gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

**BODELL BOVÉ, LLC**
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

**CLYDE & CO US LLP**
Bruce D. Celebrezze (pro hac vice)
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone:  (415) 365-980
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

-and –

**DAVID CHRISTIAN ATTORNEYS LLC**
David Christian (pro hac vice)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (862) 362-8605
Email:   dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

**HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER**
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)

Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*


**GOLDSTEIN & MCCLINTOCK LLLP**
Maria Aprile Sawczuk (DE #3320)
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

**LOEB & LOEB LLP**
Laura McNally
Emily Stone
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Attorneys for The Continental Insurance Company*
*and Columbia Casualty Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

**MOUND COTTON WOLLAN &
GREENGRASS LLP**
Lloyd A. Gura*
Pamela J. Minetto*
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,
on behalf of itself and as successor in interest to
Catlin Specialty Insurance Company*

**REGER RIZZO & DARNALL LLP**
Louis J. Rizzo, Jr., Esquire (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
E-mail: lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety
Company, Inc. (f/k/a Aetna Casualty & Surety
Company), St. Paul Surplus Lines Insurance
Company and Gulf Insurance Company*

**JOYCE, LLC**
Michael J. Joyce, Esquire (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

**COUGHLIN MIDLIGE & GARLAND, LLP**
Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)

973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

**CARRUTHERS & ROTH, P.A.**
Britton C. Lewis, Esquire (*Pro Hac Vice*)
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

-and-

**COZEN O'CONNOR**
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance
Company, Endurance American Specialty
Insurance Company, and Endurance American
Insurance Company*

-and-

**MORRIS JAMES LLP**
Stephen M. Miller (DE Bar No. 2610)
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email:   smiller@morrisjames.com
ckunz@morrisjames.com

- and –

Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email:   panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Counsel for Old Republic Insurance Company*

- and –

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
Michael J. Pankow #21212
410 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
mpankow@bhfs.com

    and

**GREENBERG TRAURIG, LLP**
Dennis A. Meloro, #4435
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7395
Facsimile:  (302) 661-7165
melorod@gtlaw.com

*Attorneys for Markel Service, Incorporated, Claim Service Manager for Alterra Excess & Surplus and Evanston Insurance Company*

- and –

**DILWORTH PAXSON LLP**
Thaddeus J. Weaver (Id. No. 2790)
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

and

**DILWORTH PAXSON LLP**
William E. McGrath, Jr. (Admitted PHV)
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc.,*
*formerly known as American Re-Insurance*
*Company*