IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Boy Scouts of America and Delaware BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br>**Objection Deadline: March 4, 2022 at 4:00 pm (ET)**<br>**Hearing Date: March 16, 2022 at 10:00 am (ET)** |

## MOTION OF FIRST UNITED METHODIST CHURCH- LUFKIN TO DEEM LATE-FILED CLAIM TIMELY FILED

First United Methodist Church-Lufkin ("First United"), by and through its undersigned counsel, hereby moves for an order deeming its late-filed proof of claim timely filed, and in support thereof states as follows:

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicate for the relief sought by the Motion is § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Rules").

### BACKGROUND

3. On February 18, 2020 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On May 26, 2020, this Court established November 16, 2020 as the bar date for filing proofs of claim (the "Bar Date").

5. On November 11, 2020, First United sent its proof of claim (the "Claim") to the

United States Bankruptcy Court by certified mail. The Claim is based upon Debtors' obligation to provide insurance coverage, indemnification and contribution to First United under Debtors' policies of generally liability insurance. A true and correct copy of the Claim is attached hereto as <u>Exhibit A</u>.

6. According to the United States Post Office tracking records, the Claim arrived in Wilmington on the Bar Date and went out for delivery, but was marked "available for pick up." The time stamp on the return "green" card is November 19, 2020, but the Claim is listed on the claims docket as having been filed on November 17, 2020. A copy of the green card and the tracking information are attached hereto as <u>Exhibit B</u>.

### RELIEF REQUESTED AND THE BASIS THEREFORE

7. Bankruptcy Rule 3003(c)(3) allows Courts to "extend the time within which proofs of claim or interest may be filed" for cause. Fed. R. Bankr. P. 3003(c)(3).

8. Moreover, Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit a creditor to file a late claim if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." *See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In *Pioneer*, the U.S. Supreme Court stated that Rule 9006(b)(1) was intended to permit courts "to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* The burden of proving excusable neglect lies with the late claimant. *Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000) (citing *In re Trump Taj Mahal Assocs.*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993), *aff'd*, No. 9303571, 1993 U.S. Dist. LEXIS 17827, at *5 (D.N.J. Dec. 13, 1993)).

9. "The determination whether a party's neglect of a bar date is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances

surrounding a party's failure to file." *Jones v. Chemetron Corp.* 72 F.3d 341, 349 (3d Cir. 1995) (citing *Pioneer*, 507 U.S. at 389). Relevant circumstances to be considered by the court include: (1) danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

10. Here, consideration of the totality of the circumstances weighs in favor of deeming First United's Claim timely filed. There is no danger of prejudice to the Debtor, as the Claim was filed out an abundance of caution with respect to preserving indemnification rights under Debtors' insurance policies.

11. The delay in this instance was one day and will have no material impact on the proceedings. Further, First United had no reasonable control over the fact that the Claim arrived in Wilmington, Delaware on the Bar Date and went out for delivery, but was deemed "available for pickup." At all times, First United has acted in good faith in connection with the Claim and this motion.

WHEREFORE, First United respectfully requests that this Court enter an order directing that its proof of claim be deemed timely filed and granting such other and further relief as the Court deems proper and just.

DATED: February 18, 2022  
          Wilmington, Delaware

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/   Ronald S. Gellert*
Ronald S. Gellert (#4259)
1201 N. Orange St., Ste. 300
Wilmington, DE  19801
Phone: (302) 425-5800
Fax:    (302) 425-5814
rgellert@gsbblaw.com

*Counsel for First United Methodist- Lufkin*