# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 4, 2022 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF COMBINED FIRST MONTHLY AND INTERIM FEE APPLICATION OF JLL VALUATION & ADVISORY SERVICES, LLC FOR ALLOWANCE OF COMPENSATION FOR APPRAISAL SERVICES RENDERED FROM NOVEMBER 30, 2020 TO AND INCLUDING NOVEMBER 30, 2021**

| | |
|---|---|
| Name of Applicant: | JLL Valuation & Advisory Services, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 30, 2020 (order entered December 14, 2020) |
| Period for Which Compensation and Reimbursement Are Requested: | November 30, 2020 – November 30, 2021 |
| Amount of Compensation Requested: | $ 989,500.00 |
| Amount of Expense Reimbursement Requested: | $0.00 |

This is a(n):    monthly  X     interim  X     final application  __

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 4, 2022 at 4:00 p.m. (ET)** |

## COMBINED FIRST MONTHLY AND INTERIM FEE APPLICATION OF JLL VALUATION & ADVISORY SERVICES, LLC FOR ALLOWANCE OF COMPENSATION FOR APPRAISAL SERVICES RENDERED FROM NOVEMBER 30, 2020 TO AND INCLUDING NOVEMBER 30, 2021

JLL Valuation & Advisory Services, LLC ("JLL"), appraiser for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), submits this combined first monthly and interim application (this "Application") requesting payment and granting interim approval and allowance of compensation for professional services rendered by JLL in the aggregate amount of $791,600, which is equal to 80% of the $989,500 of total compensation earned by JLL for its services during the period from November 30, 2020 to and including November 30, 2021 (the "Fee Period"). In support of this Application, JLL respectfully represents as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 341], as amended by the *Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 5899] (together, the "Compensation Procedures Order").

3. On April 6, 2020, the Court entered the Compensation Procedures Order. The Compensation Procedures Order provides, among other things, that each professional shall be entitled, on or as soon as practicable after the fifteenth (15th) day of each month following the month for which compensation and/or expense reimbursement is sought, to file and serve an application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties shall have fourteen (14) days after service of a Monthly Fee Application to file an objection to the compensation or expenses that are the subject thereof (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court

with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application. After the filing of a CNO, the Debtors are authorized and directed to pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

## BACKGROUND

4. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On March 5, 2020, the United States Trustee for the District of Delaware appointed an official committee of tort claimants and an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

6. On April 24, 2020, the Court appointed James L. Patton, Jr. as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. The Court has authorized the Debtors to retain and employ JLL as their appraiser with respect to the Local Council Properties, *nunc pro tunc* to November 30, 2020, pursuant to the *Order Authorizing the Retention and Employment of JLL Valuation & Advisory Services, LLC as Appraiser for the Debtors and Debtors in Possession with Respect to Certain Local Council Properties,* Nunc Pro Tunc *to November 30, 2020* [D.I. 1841] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate and reimburse JLL in accordance with the

terms and conditions set forth in the Debtors' application to retain JLL [D.I. 1762] (the "Application")[2] and the Engagement Letter, subject to JLL's application to the Court.

8. The Retention Order and Engagement Letter authorize JLL to be paid a fee structure for each piece of real estate, as follows and based on the criteria more fully set forth in the *Supplement to Debtors' Application for Entry of an Order Authorizing the Retention and Employment of JLL Valuation & Advisory Services, LLC as Appraiser for the Debtors and Debtors in Possession with Respect to Certain Local Council Properties,* Nunc Pro Tunc *to November 30, 2020* [D.I. 1814] (the "Supplement"), and inclusive of any of JLL's expenses related to the appraisal and valuation services:

|  | **BASE** | **COMPLEX** |
|---|---|---|
| **OFFICE** | $2,500 | $3,000 to $6,000 |
| **CAMPGROUND** | $2,500 | $3,000 to $8,000 |

An office Local Council Property may be designated as "complex" if it meets one or more of the following criteria: (a) ten or more acres of land, (b) 15,000 square feet or more of building area, (c) accessory building improvements, (d) excess or surplus land beyond the primary site that is needed for building improvements, (e) conservation easements or other easements or restrictions associated with the real property that result in impacts to value or multiple values (*i.e.*, a utility easement is not considered material), or (f) third party leases in place.  A campground Local Council Property may be designated as "complex" if it meets one or more of the following criteria: (x) 50 or more acres of land, (y) conservation easements or other easements or restrictions associated with the real property that result in impacts to value or multiple values (*i.e.*, a utility easement would not be considered material), or (z) third party leases in place.  JLL is entitled to

---

[2] Capitalized terms not defined herein are defined in the Application.

hourly fees in connection with testimony and similar litigation services, as set forth more fully in the Supplement.

9. On April 6, 2020, the Court entered the Compensation Procedures Order, as subsequently amended. The Compensation Procedures Order provides, among other things, that each professional shall be entitled to file monthly and interim fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

10. On September 18, 2020, the Court entered the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [D.I. 1342] (the "Fee Examiner Order"). A copy of this Application will be served on the fee examiner.

## RELIEF REQUESTED

11. By this Application, in accordance with the Compensation Procedures Order, JLL requests payment in the aggregate amount of $791,600, which is equal to 80% of the $989,500 of total compensation earned by JLL during the Fee Period for its services to the Debtors, and interim approval and allowance of such compensation.

## SUMMARY OF SERVICES RENDERED

12. Attached hereto as **Exhibit A** is a summary of the fees earned by JLL during the Fee Period for the Local Council Properties as outlined in the JLL Engagement Letter and the Retention Order, which includes, for each of 292 Local Council Properties: (a) the name of the Local Council Property, (b) a description of whether the Local Council Property has been designated as "base" or "complex" and why it has been designated as such, (c) the requested fee,

and (d) the estimated number of total hours spent by JLL on the appraisal of the Local Council Property.[3]

## ACTUAL AND NECESSARY EXPENSES

13. JLL did not incur any expenses for which it is requesting reimbursement during the Fee Period.

## VALUATION OF SERVICES

14. The reasonable value of the services rendered by JLL for the Fee Period in connection with its valuation services for the Debtors in these chapter 11 cases is $989,500. The fees requested are reasonable for the 292 Local Council Properties set forth on **Exhibit A** in light of factors including, among other things, (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## BASIS FOR RELIEF

15. Section 328(a) of the Bankruptcy Code authorizes the debtor in possession, with the Court's approval, to employ a professional person "on any reasonable terms and conditions of employment," including on a retainer, an hourly basis, a fixed or percentage basis, or on a contingent fee basis. 11 U.S.C. § 328(a). The foregoing valuation services provided by JLL were appropriate and necessary, and were in the best interests of the Debtors and other parties in interest. The compensation requested for such services is market-based and commensurate with the complexity, importance and nature of the tasks and issues involved.

---

[3] JLL reserves the right to submit one or more supplemental fee applications to the Court for allowance of any fees earned and expenses incurred with respect to the Fee Period after the date hereof, including hourly fees for any testimony or other work outside the scope of the appraisal report. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

6

## **CERTIFICATION OF COMPLIANCE**

16.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information, and belief, this Application complies with the requirements of that Local Rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, JLL requests allowance on an interim basis of compensation for necessary and valuable professional services rendered to the Debtors in the aggregate amount of $791,600, which is equal to 80% of the $989,500 of total compensation earned by JLL during the Fee Period for its services to the Debtors.

Dated: February 18, 2022
       Chicago, Illinois

Respectfully submitted,

_____
Eric L. Enloe, MAI, CRE, FRICS
Managing Director
JLL VALUATION & ADVISORY SERVICES, LLC