# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | Ref. D.I. 8813 |

### NOTICE OF ERRATA REGARDING CERTAIN PROVISIONS IN DEBTORS' THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 15, 2021, Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (together with all exhibits, schedules and attachments thereto, the "Modified Plan"), with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors hereby file this notice to correct certain inadvertent errors in the Modified Plan as follows:

Article I.A. of the Modified Plan

- 51. "Century" means (a) Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; (b) Century Indemnity Company as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; (c) Insurance Company of North America; and (d) and each of their past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such; provided that the term "Century" shall not include the foregoing persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from or in connection with Abuse Claims, any actions, **settlements entered into,** omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including the Settling Insurers' (as defined

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

in the Century and Chubb Companies Settlement Agreement) performance of their obligations under such policies whether for defense, settlement of claims or otherwise and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from or in connection with any actions, **settlements entered into,** omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including the Settling Insurers' performance of their obligations under such policies whether for defense, settlement of claims or otherwise.

- 60. "Chubb Companies" means (a) Westchester Fire Insurance Company; (b) Westchester Surplus Lines Insurance Company; (c) Industrial Insurance Company of Hawaii; (d) Chubb Custom Insurance Company; (e) Federal Insurance Company; (f) Pacific Indemnity Company; (g) Texas Pacific Indemnity Company; (h) U.S. Fire Insurance Company, to the extent policies were assumed by or novated to Westchester Fire Insurance Company; (i) International Insurance Company to the extent policies were assumed by or novated to Westchester Fire Insurance Company; (j) Industrial Indemnity Company; (k) Pacific Employers Insurance Company; (l) The North River Insurance Company**, to the extent policies were assumed by or novated to Westchester Fire Insurance Company**; (m) Aetna Insurance Company; (n) American Foreign Insurance Association; (o) Chubb Atlantic Indemnity Ltd.; ~~and~~ (p) INA Insurance Company of Illinois; **and** (q) ~~and~~ each of their past, present and future direct or indirect parents, subsidiaries, affiliates and controlled entities, and each of their respective officers, directors, stockholders, members, partners, managers, employees, attorneys, agents, experts, consultants, predecessors, successors and assigns, each in their capacity as such provided that the term "Chubb" shall not include the foregoing persons and entities in their capacities as contractual obligors under: (i) Non-Abuse Insurance Policies (including but not limited to D&O Liability Insurance Policies) except to the extent of a request for coverage and/or any Claims or Causes of Action related to, arising from or in connection with Abuse Claims, any actions, **settlements entered into,** omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including the Settling Insurers' performance of their obligations under such policies whether for defense, settlement of claims or otherwise and (ii) Postpetition Insurance Policies, except for any Claims or Causes of Action related to, arising from or in connection with any actions, **settlements entered into,** omissions or positions taken in connection with the Debtors' Chapter 11 Cases and related proceedings and any extra-contractual claims related to, arising from or connected with actions or omissions occurring prior to the Effective Date, including the Settling Insurers' performance of their obligations under such policies whether for defense, settlement of claims or otherwise.

- 200. "Participating Chartered Organization Insurance Action" means any Cause of Action of the Participating Chartered Organizations, or any of them, under the laws of any jurisdiction, against any Non-Settling Insurance Company, arising from or related to an Abuse Insurance Policy **related to Abuse Claims that first occurred on or after January 1, 1976,** including: (a) any such Non-Settling Insurance Company's failure to provide coverage or otherwise pay under an Abuse Insurance Policy; (b) the refusal of any Non-Settling Insurance Company to compromise and settle any Abuse Claim under or pursuant to any Abuse Insurance Policy; (c) the interpretation or enforcement of the terms of any Abuse Insurance Policy with respect to any Abuse Claim; (d) any conduct by any Non-

Settling Insurance Company that could give rise to extra-contractual damages, or other wrongful conduct under applicable law; or (e) any right to receive proceeds held by such Participating Chartered Organization with respect to an Abuse Insurance Policy. For the avoidance of doubt, no Cause of Action of the Participating Chartered Organizations, or any of them, against any Settling Insurance Company shall be deemed an Insurance Action, except for any Cause of Action arising from or related to an Insurance Settlement Agreement.

Article V.S.4 of the Modified Plan

- Insurance Settlement Agreements. The Plan incorporates the Insurance Settlement Agreements, which, upon their execution by the applicable parties thereto, shall be **filed with the Plan Supplement and** attached hereto under Exhibit I, and the Plan shall constitute a motion by the Debtors for the Bankruptcy Court to approve the proposed compromises and settlements and assignment and/or sale of the applicable Insurance Policies as set forth in each such Insurance Settlement Agreement, pursuant to sections 363, 503(b), 507(a)(2), 1123 and 1141 of the Bankruptcy Code, as applicable, and Bankruptcy Rule 9019, including approval of (i) the Insurance Settlement Agreements, (ii) the assignment of the Local Council Insurance Policies issued by Settling Insurance Companies to the Debtors and the Estates, as applicable, (iii) the Participating Chartered Organization Insurance Assignment, (iv) the sale by the Debtors and the Estates, and the purchase by the Settling Insurance Companies of the applicable Insurance Policies, free and clear of all interests of any Person or Entity as set forth in the Insurance Settlement Agreements, (v) the Allowance of the Hartford Administrative Expense Claim, and (vi) certain other settlements, compromises and releases as set forth in the Insurance Settlement Agreements. The Confirmation Order shall constitute the Bankruptcy Court's approval of such motion pursuant to sections 363, 503(b), 507(a)(2), 1123 and 1141 of the Bankruptcy Code, as applicable, and Bankruptcy Rule 9019 and Allowance of the Hartford Administrative Expense Claim and shall include findings of fact and conclusions of law pertaining to such approval, in form and substance acceptable to the Settling Insurance Companies, as applicable, including findings and conclusions designating the Settling Insurance Companies as good-faith purchasers of the applicable Insurance Policies. Pursuant to the Century and Chubb Companies Insurance Settlement Agreement, upon the release of the Initial Payment (as defined in the Century and Chubb Companies Insurance Settlement Agreement), the Debtors or Reorganized BSA, as applicable, shall irrevocably release the Prepetition Century and Chubb Companies Claims, even in the case the Confirmation Order is reversed or vacated on appeal following the Effective Date. Pursuant to and subject to the terms of the Hartford Insurance Settlement Agreement, upon Hartford's payment of the Initial Payment (as defined in the Hartford Insurance Settlement Agreement) to the Settlement Trust, the Debtors or Reorganized BSA, as applicable, shall irrevocably release the Prepetition Hartford Claims, even if the Confirmation Order is reversed or vacated on appeal following the Effective Date.

Section 2.8(a) of the Settlement Trust Agreement

- There shall be a Sexual Abuse Survivors Advisory Committee which shall consist of **five (5)** **six (6)** individual abuse survivors (such individuals, together with their successors, the "**SASAC**").
- No change to Section 2.8(a), footnote 2.

3

Dated: February 18, 2022

| | |
|---|---|
| WHITE & CASE LLP<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>      mlinder@whitecase.com<br>      laura.baccash@whitecase.com<br>      blair.warner@whitecase.com | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>      aremming@morrisnichols.com<br>      ptopper@morrisnichols.com |

*Attorneys for the Debtors and Debtors in Possession*