**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC, | Chapter 11 |
| | Jointly Administered |
| Debtors. | |

**THE ROMAN CATHOLIC AD HOC COMMITTEE'S SUPPLEMENTAL NOTICE OF DEPOSITION TO THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC IN LIGHT OF THE FEBRUARY 15, 2022 PLAN**

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Bank. P. 7030 and 9014, The Roman Catholic Ad Hoc Committee (the "RCAHC") shall take the deposition of the Boy Scouts of America and Delaware BSA (collectively, "Debtors") on the topics described in attached **Exhibit 1**. This notice shall supplement the notice issued by the RCHAC on January 13, 2022 as limited by the Court's ruling on February 3, 2022.

The deposition will commence on **March 7, 2022 at 10:00 a.m. (Eastern Time)** and will proceed in person at the office of Schiff Hardin LLP, 233 S. Wacker Drive, Suite 7100, Chicago, IL 60606, remotely via video conference, or by such other means as may be agreed upon by counsel.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths and shall be recorded by videographic and/or stenographic means.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 22, 2022<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ *Jeremy W. Ryan*<br>Jeremy W. Ryan (Bar No. 4057)<br>Aaron H. Stulman (Bar No. 5807)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone:  (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email:  jryan@potteranderson.com<br>          astulman@potteranderson.com<br><br>- and -<br><br>**SCHIFF HARDIN LLP**<br><br>Everett Cygal, *admitted pro hac vice*<br>David Spector, *admitted pro hac vice*<br>J. Mark Fisher, *admitted pro hac vice*<br>Neil Lloyd, *admitted pro hac vice*<br>Daniel Schufreider, *admitted pro hac vice*<br>Jin Yan, *admitted pro hac vice*<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone:  (312) 258-5500<br>Facsimile:  (312) 258-5600<br>Email: ecygal@schiffhardin.com<br>         dspector@schiffhardin.com<br>         mfisher@schiffhardin.com<br>         nlloyd@schiffhardin.com<br>         dschufreider@schiffhardin.com<br>         jyan@schiffhardin.com<br><br>*Counsel to the Roman Catholic Ad Hoc Committee* |

# EXHIBIT 1

## Definitions

1. Unless otherwise defined, capitalized terms shall have the meanings stated in the Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 8813].

2. "Century Term Sheet" shall mean the term sheet attached as Exhibit A to the Seventh Mediators' Report [Docket No. 7745].

3. "Chartered Organizations" shall have the meaning ascribed to it in the February 15, 2022 Plan.

4. "Clarendon Insurance Settlement Agreement" shall mean the agreement attached as Exhibit 3 to Docket No. 8817, filed with the Court on February 15, 2022.

5. "Clarendon Insurance Settlement Term Sheet" shall mean the term sheet attached as Exhibit A to the Tenth Mediators' Report [Docket No. 8095], filed with the Court on January 3, 2022.

6. "Debtors" shall mean Boy Scouts of America and Delaware BSA, LLC and each of their representatives and attorneys.

7. "December 18, 2021 Plan" shall mean the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket No. 7832] including all Exhibits, Appendices and any documents attached to the Plan Supplement [Docket No. 7515], the Amended Plan Supplement [Docket No. 7953], the Second Amended Plan Supplement [Docket No. 8567], and the Third Amended Plan Supplement [Docket No. 8647].

8. "February 15, 2022 Plan" shall mean the Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [Docket. No. 8813]

including all Exhibits, Appendices and any documents attached to the Fourth Amended Plan Supplement [Docket No. 8815].

9. "Hartford Insurance Draft Agreement" shall mean the draft agreement attached as Exhibit J to Docket No. 7515, filed with the Court on November 30, 2021.

10. "Hartford Insurance Settlement Agreement" shall mean the agreement attached as Exhibit 1 to Docket No. 8816, filed with the Court on February 15, 2022.

11. "Hartford Insurance Settlement Term Sheet" shall mean the term sheet attached as Exhibit A to the Sixth Mediators' Report [Docket No. 6210], filed with the Court on September 14, 2021.

12. "Trust Distribution Procedures" shall have the meaning ascribed to it in the February 15, 2022 Plan.

13. "Zurich Insurance Settlement Agreement" shall mean the agreement attached as Exhibit 2 to Docket No. 8817, filed with the Court on February 15, 2022.

14. "Zurich Insurance Settlement Term Sheet" shall mean the term sheet attached as Exhibit A to the Ninth Mediators' Report [Docket No. 7928], filed with the Court on December 22, 2021.

## Deposition Topics

1. The reasons for including the definition in paragraph 241 ("Roman Catholic Entities") in the December 18, 2021 Plan.

2. The reasons for removing the definition in paragraph 241 ("Roman Catholic Entities") in the February 15, 2022 Plan.

3. The reasons for including Section IV, W, "Settlement Trust Discovery" in the February 15, 2022 Plan.

4. The proposed mechanism for effectuating the "waiver" by "prior written consent" contemplated under Article V, G, 1, g, ii of the February 15, 2022 Plan, which states the following:

> "(ii) As a condition to the Effective Date (**waiver** of which shall require the **prior written consent** of, among others, the Settling Insurance Companies), on Release Date (as such term is defined in each Insurance Settlement Agreement), any Opt-Out Chartered Organization shall receive the benefit of the Channeling Injunction and the release of all Abuse Claims that are covered under insurance policies issued by the Settling Insurance Companies."

(**Emphases added**.)

5. The universe of "among others" beyond the "Settling Insurance Companies" under Article V, G, 1, g, ii of the February 15, 2022 Plan.

6. The reasons for including clause (iii) in the finding in Article IX, A.3.j in the December 18, 2021 Plan.

7. The reasons for removing clause (iii) in the finding in Article IX, A.3.j in the February 15, 2022 Plan.

8. The reasons for including Article IX, A.4 in the February 15, 2022 Plan, which states the following:

> The proceeds of any sale of any Abuse Insurance Policies, including the full settlement amount, shall be contributed to the Settlement Trust "free and clear" of all liens, claims, encumbrances, any other rights of any nature, whether at law or in equity, and other "interest," under sections 363 and 1141 of the Bankruptcy Code, of any additional insured or any other person or Entity in such Abuse Insurance Policies.

9. Which insurance policies purchased by the Debtors from 1976 through 2020 and issued by a settling insurer do the Debtors believe satisfy Article X.F.3 of the February 15, 2022 Plan.

10. The Debtors' understanding of and exercise of their business judgment in agreeing to the following paragraphs of the Century Term Sheet – 9, 10, 11, 13, 14 and 15 (as it relates to Chartered Organizations).

11. The Debtors' understanding of and exercise of their business judgment in including the following provisions of the February 15, 2022 Plan, including all revisions to prior versions of such provisions – Article I.A sections 42, 45, 59, 86, 177, 184, 196, 199, 215, 269 and 294; Article IV.S and W, Article V.M and S, Article X.D, F, G, H, J, the Document Appendix (as it relates to Chartered Organizations), the Trust Distribution Procedures (as it relates to Chartered Organizations).

12. The Debtors understanding and exercise of their business judgment in entering into the Hartford Insurance Settlement Agreement (as it relates to Chartered Organizations), the Hartford Insurance Term Sheet (as it relates to Chartered Organizations), and the Hartford Insurance Draft Agreement (as it relates to Chartered Organizations).

13. The Debtors understanding and exercise of their business judgment in entering into the Clarendon Insurance Settlement Agreement (as it relates to Chartered Organizations) and the Clarendon Insurance Settlement Term Sheet (as it relates to Chartered Organizations).

14. The Debtors understanding and exercise of their business judgment in entering into the Zurich Insurance Settlement Agreement (as it relates to Chartered Organizations) and the Zurich Insurance Settlement Term Sheet (as it relates to Chartered Organizations).