## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF PROPOSED REDACTED VERSION OF LETTER TO THE HONORABLE LAURIE SELBER SILVERSTEIN, CHIEF JUDGE RE: CERTAIN INSURERS' MOTION TO COMPEL EISENBERG ROTHWEILER TO PRODUCE DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 9018-(d)(ii) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware, Certain Insurers[2], have today filed the attached proposed redacted version of the *Letter to the Honorable Laurie Selber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents* with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.

Dated: February 22, 2022

*/s/Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The "Certain Insurers" are those identified in the signature block below.

*Attorney for Defendants,*
*Travelers Casualty and Surety Company,*
*Inc. (f/k/a Aetna Casualty & Surety*
*Company), St. Paul Surplus Lines Insurance*
*Company and Gulf Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN &
SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  302.777.6500
Facsimile:  302.421.8390

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

-and-

Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

Deirdre M. Richards (DE Bar No. 4191)
FINEMAN KREKSTEIN & HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
        jhallowell@gibsondunn.com
        kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

Susan N.K. Gummow (admitted *pro hac vice*)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800

Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000

Atlanta, Georgia 30308-2216
Phone: (404) 885-3000

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

-and-

Laura McNally
Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Ilinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance Company
and Columbia Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (pro hac vice)

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

-and-

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted *pro hac
vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)

Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance*
*Company, Endurance American Specialty*
*Insurance Company, and Endurance American*
*Insurance Company*

Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

-and-

George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and*
*Colony Insurance Company*

Brian A. Sullivan
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware  19801
Telephone: (302)  652-1100
Facsimile: (302)  652-1111
Email: bsullivan@werbsullivan.com

-and-

John E.W. Baay II, Esq. (pro hac vice)
Gieger Laborde & Laperouse LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-
Telephone:  (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-

William H. White Jr., Esq. (pro hac vice)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

Thaddeus J. Weaver (Id. No. 2790)
DILWORTH PAXSON LLP
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (Admitted *pro hac vice*)
DILWORTH PAXSON LLP

2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc.,*
*formerly known as American Re-Insurance*
*Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

-and-

Mary E. Borja (admitted pro hac vice)
Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail: mborja@wiley.law, gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor

New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,
on behalf of itself and as successor in interest to
Catlin Specialty Insurance Company*

# EXHIBIT 1

*Redacted Version of Letter to the Honorable Laurie Silber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents*

REGER | RIZZO | DARNALL LLP

Attorneys at Law

Louis J Rizzo
Managing Partner

lrizzo@regerlaw.com

1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803

Main:    302.477.7100
Direct:  215.495.6507
Fax:     302.652.3620

February 17, 2022

**VIA CM/ECF**                                    PUBLIC VERSION

The Honorable Laurie Selber Silverstein, Chief Judge
United States Bankruptcy Court for the District of Delaware
824 Market ST N
6th Floor, Courtroom 2
Wilmington, DE 19801

> Re:   **In re: Boy Scouts of America and Delaware BSA, LLC**
>       **Chapter 11 Case No. 20-10343 LSS**
>       ***Certain Insurers' Motion to Compel Eisenberg Rothweiler***
>       ***to Produce Documents***

Dear Judge Silverstein:

The Certain Insurers[1] file this motion ("Motion") to compel the production of documents withheld by Eisenberg Rothweiler Winkler Eisenberg & Jeck, P.C. ("ER").

On October 26, 2021, the Certain Insurers served on ER a Subpoena Deuces Tecum ("Subpoena") to produce documents related to 58 sample Proofs of Claim ("POCs") in advance of the deposition of Stewart Eisenberg regarding ER's signing of hundreds of POCs.  In response, ER withheld as privileged virtually all responsive documents.

On January 22, 2022, ER served what it described as a "privilege log" that grouped all documents related to each of the 58 sample claims into a single entry and did not specify the date, author (other than repeating "Various legal professionals at ER and/or client" in every row), or recipient (stating "client" or "N/A" for every

---

[1]    The "Certain Insurers" are those identified in the signature block below.

**Re:  In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**                    <span style="color:red">**PUBLIC VERSION**</span>
February 17, 2022
Page 2

_____

row).[2]  *See* Ex. A (Jan. 22, 2022 ER Log).  Instead of providing a basis for the
assertion of privilege, ER included a column containing a boilerplate recitation of the
attorney-client privilege and work product doctrine, repeated, verbatim, in every row.
*Id.* at Column F.  Apparently recognizing the deficient nature of its log, ER stated, for
each and every group of documents, that "additional information to be gleaned from
a more detailed log would be of no material benefit to the discovering [*sic*] party in
assessing the privilege claim." *Id.*  During the January 24, 2022 hearing, the Court
ordered the law firms, including ER, to produce "privilege logs on a document by
document basis" that reflect "to, from, date, and description of communication" for
any documents withheld on the basis of privilege.  Jan. 24, 2022 Tr. at 17:20-22;
39:20-40:10.

The Certain Insurers immediately requested that ER provide a revised privilege
log that comported with the Court's ruling. Ex. B at 6.  Counsel for ER responded by
asking the Certain Insurers to identify "the relevant portion of the transcript" that
required ER to produce a more detailed log, which the Certain Insurers provided.  *Id.*
at 5.  Having received no response, two days later, Certain Insurers again requested
that ER produce a revised privilege log in advance of Mr. Eisenberg's deposition and
asked when ER would do so.  *Id.* at 4.  ER's counsel refused to provide a meaningful
response, stating instead that ER "reserves the right to further amend and supplement
the Responses and Objections as well as the related Privilege Log." *Id.*

Despite ER's failure to comply with the Court's January 24 ruling, Mr.
Eisenberg's deposition went forward on January 31, 2022.  Mr. Eisenberg confirmed
that despite signing over 1,000 POCs in the week leading up to the bar date (including
up to three POCs in a single minute), he never personally verified the accuracy of the
information in the POCs and had no contact with any claimants.  Ex. D at
96:21-97:21; 104:1-5 (Excerpts of Eisenberg Dep. Tr.).  At the conclusion of the
deposition, the Certain Insurers noted that ER "ha[d] not produced a revised privilege
log per the Court's ruling on January 24, 2022," and "reserve[d] the right to re-call the
witness after all responsive documents have been produced and the full itemized
privilege log is provided." *Id.* at 151:5-11.  In response, ER's counsel stated, for the
first time that, "I don't agree with your interpretation of the ruling that the Court
made on January 24th." *Id.* at 151:14-16.

---

[2]        ER repeated the same entry for each sample claim four times to indicate that the same documents were
responsive to four of the Certain Insurers' Requests for Production.  Thus, while the log appears to contains 232
entries, there is only a single entry associated with each of the 58 sample claims.

**Re:  In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**                                      <span style="color:red">**PUBLIC VERSION**</span>
February 17, 2022
Page 3

_____

The Certain Insurers followed up shortly after the deposition and asked whether ER was now refusing to produce a revised privilege log. Ex. B at 3. After days passed with no response, the Certain Insurers again asked ER to confirm that it intended to serve a revised privilege log pursuant to the Court's January 24 ruling. *Id.* at 2-3. On February 6, 2022, ER's counsel finally confirmed that ER would produce a revised privilege log. *Id.* at 2. The Certain Insurers again sought confirmation that the "revised privilege log Eisenberg Rothweiler will be producing on Wednesday will be a document-by-document log per the Court's January 24th ruling." *Id.* at 1. ER's counsel responded: "I can confirm that the Insurers will receive an updated privilege log on Wednesday, February 9, 2022 with document by document logs." *Id.*

On February 9, 2022, ER finally served a revised privilege log; however, the revised log was just as deficient as the log ER served on January 22, 2022. Contrary to the Court's January 24 ruling and counsel's February 7 representation, the revised log does not include document-by-document entries for the withheld documents, all of which remain grouped together in a single entry that was revised only to add dates and date ranges (some of which span nearly a year). *See* Ex. C at Column C (Feb. 9, 2022 ER Revised Log). ER's original boilerplate recitation of what "the Attorney-Client Privilege and/or Work Product Doctrine prevent" in general, without any assertion that either doctrine applies to the listed categories of documents, remained intact (*see id.* at Column G), as did the vague sender and recipient information (*see id* at Columns E (asserting that every document was sent by "Various legal professionals at ER") & F (asserting that every document was sent to "client").[3] And, instead of providing information regarding the date or frequency of "ER communications with client about claim submissions" or "internal/AIS communications," the log includes 244 references to a "Screenshot of Case Opp comments and file notes," along with date ranges of those communications of up to nearly a year. *See, e.g., id.* at Rows 2-5 ("(10/16/20 – 9/29/21)").[4]

What little information can be gleaned indicates that the withheld documents are in no way privileged. For example, ER offers no justification for asserting privilege over an "email to client requesting client contact," *see id.* at Rows 42-45, nor explanation of why "Emails from Omni," a third-party outside any applicable

---

[3]     Mr. Eisenberg testified that he would alert another ER attorney if he noticed any errors in a POC during the review he claims to have undertaken prior to signing POCs—but there are no log entries that would comport with any such communications. *See* Ex. D at 91:18-92:6.

[4]     The parties met and conferred on February 17, 2022. Counsel for ER confirmed that ER was unwilling to produce the requested documents and that the parties were at an impasse

**Re:  In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**                                    <span style="color:red">PUBLIC VERSION</span>
February 17, 2022
Page 4
_____

privilege, were withheld, much less why "Emails from Omni" are listed as being sent by "[v]arious legal professionals at ER," *id.* at Rows 74-77.

## ER Has Not Satisfied Its Burden to Establish Privilege

"A party objecting to discovery on the basis of privilege has the burden of establishing the existence and applicability of that privilege." *Fruchtman v. Town of Dewey Beach*, 886 F. Supp. 2d 427, 427-28 (D. Del. 2012).  To "demonstrate the applicability of the attorney-client privilege," a party must demonstrate that the document at issue was a communication involving an attorney or an attorney's subordinate for the purpose of securing legal advice.  *See McKee v. PetSmart, Inc.*, 71 F. Supp. 3d 439, 441 (D. Del. 2014) (citation omitted).  And, pursuant to the Court's order during the January 24 hearing, a detailed basis for privilege must be articulated on a document-by-document basis.  Jan. 24, 2022 Tr. at 17:20-22; 39:20-40:10.  ER's "privilege log" comes nowhere close to meeting these requirements.

ER's log fails to provide any information on a document-by-document basis as required by the Court.  Moreover, ER asserts the same boilerplate bases for "Attorney-Client Privilege and/or Work Product" as to all documents, without any indication of which doctrine supposedly applies, much less an articulation of why it applies to any particular document.  *See* Ex. C at Column G.  That it is impossible for the Certain Insurers to evaluate whether any particular document is being properly withheld confirms that ER has failed to meet its burden to establish that the documents it has withheld are privileged.

## ER Must Produce All Relevant Documents

Despite having two opportunities to do so, ER has failed to meet its burden to establish that any of the documents it has withheld are privileged under Delaware law.  Accordingly, ER should be compelled to produce all previously withheld documents.[5] *See*, *.e.g. Maxus Energy Corp. v. YPF, S.A.*, 2021 WL 3619900, *3 (D. Del. Aug. 16, 2021) (where a party has failed to properly assert privilege, it cannot wait until the "11th hour" to remedy that failure, as the delay would be "significantly prejudicial" to the opposing party).

_____

[5]    During the January 24 hearing, counsel for other firms that signed POCs asserted that the documents at issue are "intensely personal communications" the production of which would put "clients in the position of having their deepest, heartfelt trust betrayed."  Jan. 24, 2022 Tr. at 31:2-6.  Nothing in ER's log provides any indication that any such "intensely personal communications" are at issue here.

**Re:  In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**                                **PUBLIC VERSION**
February 17, 2022
Page 5

_____

        The Certain Insurers respectfully request that the Court order ER to produce all previously withheld documents by February 23, 2022 and produce Mr. Eisenberg for further testimony regarding those documents following such production.

                        Respectfully submitted on behalf of
                        Certain Insurers,

                        _/s/ Louis J. Rizzo, Jr._
                        Louis J. Rizzo, Jr., Esquire (#3374)
                        REGER RIZZO & DARNALL LLP
                        1521 Concord Pike, Suite 305
                        Brandywine Plaza West
                        Wilmington, DE 19803
                        (302) 477-7100
                        Email: lrizzo@regerlaw.com

                        *Attorney for Defendants, Travelers Casualty and Surety*
                        *Company, Inc. (f/k/a Aetna Casualty & Surety*
                        *Company), St. Paul Surplus Lines Insurance*
                        *Company and Gulf Insurance Company*

                        Kathleen M. Miller (No. 2898)
                        SMITH, KATZENSTEIN & JENKINS LLP
                        1000 North West Street
                        Suite 1501
                        P.O. Box 410
                        Wilmington, DE  19899 (courier 19801)
                        302-652-8400
                        -and-

                        Ronald P. Schiller (admitted *pro hac vice*)
                        Matthew A. Hamermesh (admitted *pro hac vice*)
                        Sharon F. McKee (admitted *pro hac vice*)
                        Elizabeth C. Dolce (admitted *pro hac vice*)
                        HANGLEY ARONCHICK SEGAL PUDLIN &
                        SCHILLER
                        One Logan Square, 27th Floor
                        Philadelphia, PA 19103

---

(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   302.777.6500
Facsimile:    302.421.8390

Harris B. Winsberg (admitted pro hac vice)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308-2216
Telephone:   404.885.3000
Facsimile:    404.885.3900
MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:   202.756.8228
Facsimile:    202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

_____

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166

_____

Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

_____

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
**COUGHLIN MIDLIGE & GARLAND, LLP**
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
**CARRUTHERS & ROTH, P.A.**
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

_____

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Phone: (404) 885-3000

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and Interstate
Fire & Casualty Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

Laura McNally
Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Ilinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance Company and
Columbia Casualty Company*

---

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

Bruce D. Celebrezze (pro hac vice)
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance*
*Company, f/k/a Agricultural Insurance Company;*
*Great American E&S Insurance Company,*
*f/k/a Agricultural Excess and Surplus Insurance*
*Company; and Great American E&S Insurance Company*

**Re:  In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**                                           <span style="color:red">**PUBLIC VERSION**</span>
February 17, 2022
Page 12

_____

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company,*
*Endurance American Specialty Insurance Company, and*
*Endurance American Insurance Company*

PUBLIC VERSION
WITH REDACTIONS

# Exhibit "A"

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Claim No. | Bates Numbers | Document(s) Description | Author (From) | Recipients (To) | Claimed Privilege |
| 2 | | 1617-1626 | **RFP No. 2**: AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 3 | | 1617-1626 | **RFP No. 8**: AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 4 | | 1617-1626 | **RFP No. 9**: AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 5 | | 1617-1626 | **RFP No. 10**: AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 6 | | 1433-1442 | **RFP No. 2:** Signed PEA; screenshot of Case Opp; screenshot of Needels notes and comments documenting ER communications with client about claim submissions and internal/AIS communications; text message authorizing ER to sign proof of claim | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 7 | | 1433-1442 | **RFP No. 8:** Emails; notes from client interviews recorded in Case Opp; Needels Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 8 | | 1433-1442 | **RFP No. 9:** Emails; notes from client interviews recorded in Case Opp; Needels Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 9 | | 1433-1442 | **RFP No. 10:** Emails; notes from client interviews recorded in Case Opp; Needels Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 10 | ■ | 1443-1463 | **RFP No. 2**: AIS email transmitting signed PEA. Screenshot of Case Opp and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 11 | | 1443-1463 | **RFP No. 8**: Emails;notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 12 | | 1443-1463 | **RFP No. 9**: Emails;notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 13 | | 1443-1463 | **RFP No. 10**: Emails;notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 14 | | 1485-1493 | RFP No. 2: AIS email transmitting signed PEA. Screenshot of Case Opp and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 15 | | 1485-1493 | RFP No. 8: Emails;notes from client interviews recorded in  Case Opp; Needels Notes;  file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 16 | | 1485-1493 | RFP No. 9: Emails;notes from client interviews recorded in  Case Opp; Needels Notes;  file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 17 | | 1485-1493 | RFP No. 10: Emails;notes from client interviews recorded in  Case Opp; Needels Notes;  file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 18 | | 1384-1418 | **RFP No. 2:** AIS email transmitting signed PEA. Screenshot of Case Opp and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 19 | | 1384-1418 | **RFP No. 8:** Emails/notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 20 | | 1384-1418 | **RFP No. 9:** Emails/notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 21 | | 1384-1418 | **RFP No. 10:** Emails/notes from client interviews recorded in Case Opp; Needles Notes; file notes and/or internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 22 | ▮ | 1855-1863 | **RFP No. 2:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 23 | | 1855-1863 | **RFP No. 8:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 24 | | 1855-1863 | **RFP No. 9:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 25 | | 1855-1863 | **RFP No. 10:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 26 | | 1683-1697 | **RFP No. 2:** Emails; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed attorney representation agreement with addendum. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 27 | | 1683-1697 | **RFP No. 8:** Emails; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed attorney representation agreement with addendum. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 28 | | 1683-1697 | **RFP No. 9:** Emails; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed attorney representation agreement with addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 29 | | 1683-1697 | **RFP No. 10:** Emails; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed attorney representation agreement with addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 30 | ▮ | 1494-1519 | **RFP No. 2**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 31 | | 1494-1519 | **RFP No. 8**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 32 | | 1494-1519 | **RFP No. 9**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 33 | | 1494-1519 | **RFP No. 10**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 34 | ▮ | 1536-1540 | **RFP No. 2:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Signed attorney representation agreement. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 35 | | 1536-1540 | **RFP No. 8:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 36 | | 1536-1540 | **RFP No. 9:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 37 | | 1536-1540 | **RFP No. 10:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 38 | | 1384-1418 | **RFP No. 2:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications; Assignment agreement signed by client. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 39 | | 1384-1418 | **RFP No. 8:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 40 | | 1384-1418 | **RFP No. 9:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 41 | | 1384-1418 | **RFP No. 10:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 42 | | 1698-1720 | **RFP No. 2:** Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 43 | | 1698-1720 | **RFP No. 8:** Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 44 | | 1698-1720 | **RFP No. 9:** Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 45 | | 1698-1720 | **RFP No. 10:** Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 46 | ■ | 1662-1671 | **RFP No. 2:** AIS email transmitting signed attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications;Signed attorney representation agreement. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 47 | | 1662-1671 | **RFP No. 8:** AIS email transmitting signed attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications;Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 48 | | 1662-1671 | **RFP No. 9:** AIS email transmitting signed attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 49 | | 1662-1671 | **RFP No. 10:** AIS email transmitting signed attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications;Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 50 | ▉ | 1896 | **RFP No. 2:** CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 51 | | 1896 | **RFP No. 8:** CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 52 | | 1896 | **RFP No. 9:** CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 53 | | 1896 | **RFP No. 10:** CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 54 | ▮ | 1765-1784 | **RFP No. 2**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. C. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 55 | | 1765-1784 | **RFP No. 8**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. C. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 56 | | 1765-1784 | **RFP No. 9**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. C. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 57 | | 1765-1784 | **RFP No. 10**: AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications. C. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 58 | | 1881-1890 | **RFP No. 2**: Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 59 | | 1881-1890 | **RFP No. 8**: Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 60 | | 1881-1890 | **RFP No. 9**: Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 61 | | 1881-1890 | **RFP No. 10**: Emails; Text messge authorizing ER to sign proof of claim; signed PEA; screenshot of Case Opp; screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 62 | | 1828-1835 | **RFP No. 2:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 63 | | 1828-1835 | **RFP No. 8:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 64 | | 1828-1835 | **RFP No. 9:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 65 | | 1828-1835 | **RFP No. 10:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 66 | ■ | 1419-1432 | **RFP No. 2:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 67 | | 1419-1432 | **RFP No. 8:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 68 | | 1419-1432 | **RFP No. 9:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 69 | | 1419-1432 | **RFP No. 10:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 70 | | 1725-1738 | **RFP No. 2:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 71 | | 1725-1738 | **RFP No. 8:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 72 | | 1725-1738 | **RFP No. 9:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 73 | | 1725-1736 | **RFP No. 10:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications. Questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 74 | | 1964-1968 | **RFP No. 2**: Emails from Omni confirming claim upload. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 75 | | 1964-1968 | **RFP No. 8**: Emails from Omni confirming claim upload. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 76 | | 1964-1968 | **RFP No. 9**: Emails from Omni confirming claim upload. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 77 | | 1964-1968 | **RFP No. 10**: Emails from Omni confirming claim upload. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 78 | ▉ | 1797-1804 | **RFP No. 2:** Signed PEA; Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications. Completed AIS questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 79 | | 1797-1804 | **RFP No. 8:** Signed PEA; Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications. Completed AIS questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 80 | | 1797-1804 | **RFP No. 9:** Signed PEA; Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications. Completed AIS questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 81 | | 1797-1804 | **RFP No. 10:** Signed PEA; Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications. Completed AIS questionnaire with narrative entries dictated by client. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 82 | ■ | 1617-1626 | **RFP No. 2:** AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 83 | | 1617-1626 | **RFP No. 8:** AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 84 | | 1617-1626 | **RFP No. 9:** AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 85 | | 1617-1626 | **RFP No. 10:** AIS email transmitting completed intake form and signed PEA. Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications. Completed questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 86 | ▮ | 1836-1846 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Election on ballot discrepancy with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 87 | | 1836-1846 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Election on ballot discrepancy with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 88 | | 1836-1846 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Election on ballot discrepancy with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 89 | | 1836-1846 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Election on ballot discrepancy with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 90 | ■ | 1904-1914 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 91 | | 1904-1914 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 92 | | 1904-1914 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 93 | | 1904-1914 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 94 | | 1520-1523 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 95 | | 1520-1523 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 96 | | 1520-1523 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 97 | | 1520-1523 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 98 | ▉ | 1613-1616 | **RFP No. 2:** AIS email transmitting signed PEA and intake form; CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 99 | | 1613-1616 | **RFP No. 8:** AIS email transmitting signed PEA and intake form; CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 100 | | 1613-1616 | **RFP No. 9:** AIS email transmitting signed PEA and intake form; CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 101 | | 1613-1616 | **RFP No. 10:** AIS email transmitting signed PEA and intake form; CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 102 | ▉ | 1649-1661 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 103 | | 1649-1661 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 104 | | 1649-1661 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 105 | | 1649-1661 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 106 | ▮ | 1847-1854 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 107 | | 1847-1854 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 108 | | 1847-1854 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 109 | | 1847-1854 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 110 | | 1897-1903 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 111 | | 1897-1903 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 112 | | 1897-1903 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 113 | | 1897-1903 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 114 | | 1559-1569 | **RFP No. 2**: AIS email transmitting signed PEA and intake form; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 115 | | 1559-1569 | **RFP No. 8**: AIS email transmitting signed PEA and intake form; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 116 | | 1559-1569 | **RFP No. 9**: AIS email transmitting signed PEA and intake form; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 117 | | 1559-1569 | **RFP No. 10**: AIS email transmitting signed PEA and intake form; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire and intake form with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 118 | | 1739-1752 | **RFP No. 2:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 119 | | 1739-1752 | **RFP No. 8:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 120 | | 1739-1752 | **RFP No. 9:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 121 | | 1739-1752 | **RFP No. 10:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 122 | | 1753-1764 | **RFP No. 2:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 123 | | 1753-1764 | **RFP No. 8:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 124 | | 1753- 1764 | **RFP No. 9:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 125 | | 1753-1764 | **RFP No. 10:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 126 | ▮ | 1925-1934 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client; Attorney representation agreement. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 127 | | 1925-1934 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 128 | | 1925-1934 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 129 | | 1925-1934 | **RFP No. 10:** CaseOpp and/or Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client. Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 130 | ▬ | 1585-1606 | **RFP No. 2**: AIS email transmitting intake form and signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications.  Intake form with narrative entries dictated by client. Signed PEA with signed Addendum. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 131 | | 1585-1606 | **RFP No. 8**: AIS email transmitting intake form and signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications.  Intake form with narrative entries dictated by client. Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 132 | | 1585-1606 | **RFP No. 9**: AIS email transmitting intake form and signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications.  Intake form with narrative entries dictated by client. Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 133 | | 1585-1606 | **RFP No. 10**: AIS email transmitting intake form and signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications.  Intake form with narrative entries dictated by client. Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 134 | | 1541-1558 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form and questionnaires with narrative entries dictated by client; Signed PEAs (2). | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 135 | | 1541-1558 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form and questionnaires with narrative entries dictated by client; Signed PEAs (2). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 136 | | 1541-1558 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form and questionnaires with narrative entries dictated by client; Signed PEAs (2). | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 137 | | 1541-1558 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form and questionnaires with narrative entries dictated by client; Signed PEAs (2). | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 138 | | 1635-1638 | **RFP No. 2:** AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 139 | | 1635-1638 | **RFP No. 8:** AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 140 | | 1635-1638 | **RFP No. 9:** AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 141 | | 1635-1638 | **RFP No. 10:** AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 142 | | 1577-1584 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 143 | | 1577-1584 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 144 | | 1577-1584 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 145 | | 1577-1584 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 146 | ▉ | 1891-1895 | **RFP No. 2**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 147 | | 1891-1895 | **RFP No. 8**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 148 | | 1891-1895 | **RFP No. 9**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 149 | | 1891-1895 | **RFP No. 10**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 150 | ■ | 1672-1682 | **RFP No. 2**: AIS email transmitting attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 151 | | 1672-1682 | **RFP No. 8**: AIS email transmitting attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 152 | | 1672-1682 | **RFP No. 9**: AIS email transmitting attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 153 | | 1672-1682 | **RFP No. 10**: AIS email transmitting attorney representation agreement; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 154 | ▄ | 1818-1827 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 155 | | 1818-1827 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 156 | | 1818-1827 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 157 | | 1818-1827 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 158 | ▮ | 1721-1724 | **RFP No. 2**: AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 159 | | 1721-1724 | **RFP No. 8**: AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 160 | | 1721-1724 | **RFP No. 9**: AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 161 | | 1721-1724 | **RFP No. 10**: AIS email transmitting signed PEA, CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 162 | | 1321-1353 | **RFP No. 2**: AIS email transmitting AIS questionnaire completed by client; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 163 | | 1321-1353 | **RFP No. 8**: AIS email transmitting AIS questionnaire completed by client; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 164 | | 1321-1353 | **RFP No. 9**: AIS email transmitting AIS questionnaire completed by client; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 165 | | 1321-1353 | **RFP No. 10**: AIS email transmitting AIS questionnaire completed by client; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 166 | | 1639-1648 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 167 | | 1639-1648 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 168 | | 1639-1648 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 169 | | 1639-1648 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 170 | ▬ | 1354-1376 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaires and Records Comprehensive chart with narrative entries dictated by client. Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 171 | | 1354-1376 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaire and Records Comprehensive chart with narrative entries dictated by client. Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 172 | | 1354-1376 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaire and Records Comprehensive chart with narrative entries dictated by client. Signed PEA | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 173 | | 1354-1376 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaire and Records Comprehensive chart with narrative entries dictated by client. Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 174 | | 1377-1383 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 175 | | 1377-1383 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 176 | | 1377-1383 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 177 | | 1377-1383 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 178 | | 1915-1919 | **RFP No. 2**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 179 | | 1915-1919 | **RFP No. 8**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 180 | | 1915-1919 | **RFP No. 9**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 181 | | 1915-1919 | **RFP No. 10**: CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications with client; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 182 | | 1920-1924 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 183 | | 1920-1924 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 184 | | 1920-1924 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 185 | | 1920-1924 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 186 | | 1524-1535 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 187 | | 1524-1535 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 188 | | 1524-1535 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 189 | | 1524-1535 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 190 | ▬ | 1864-1880 | **RFP No. 2**: AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client; Signed PEA with two addendums. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 191 | | 1864-1880 | **RFP No. 8**: AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client; Signed PEA with two addendums. | Various legal professionals at ER and/or client. | client / N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 192 | | 1864-1880 | **RFP No. 9**: AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client; Signed PEA with two addendums. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 193 | | 1864-1880 | **RFP No. 10**: AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client; Signed PEA with two addendums. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 194 | ● | 1943-1963 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client; Signed attorney representation agreement. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 195 | | 1943-1963 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client; Signed attorney representation agreement. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 196 | | 1943-1963 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client; Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 197 | | 1943-1963 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client; Signed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 198 | | 1570-1576 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 199 | | 1570-1576 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 200 | | 1570-1576 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 201 | | 1570-1576 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 202 | ▮ | 1805-1817 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 203 | | 1805-1817 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client / N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 204 | | 1805-1817 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 205 | | 1805-1817 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 206 | ▮ | 1464-1470 | **RFP No. 2:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 207 | | 1464-1470 | **RFP No. 8:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 208 | | 1464-1470 | **RFP No. 9:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 209 | | 1464-1470 | **RFP No. 10:** AIS email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 210 | ▉ | 1607-1612 | **RFP No. 2**: AIS email transmitting signed PEA and intake form; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 211 | | 1607-1612 | **RFP No. 8**: AIS email transmitting signed PEA and intake form; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 212 | | 1607-1612 | **RFP No. 9**: AIS email transmitting signed PEA and intake form; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 213 | | 1607-1612 | **RFP No. 10**: AIS email transmitting signed PEA and intake form; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 214 | ▬ | 1471-1484 | **RFP No. 2:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA with signed Addendum. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 215 | | 1471-1484 | **RFP No. 8:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 216 | | 1471-1484 | **RFP No. 9:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 217 | | 1471-1484 | **RFP No. 10:** AIS email transmitting signed PEA. Completed AIS questionnaire; Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA with signed Addendum. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 218 | | 1307-1313 | **RFP No. 2:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 219 | | 1307-1313 | **RFP No. 8:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 220 | | 1307-1313 | **RFP No. 9:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 221 | | 1307-1313 | **RFP No. 10:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 222 | | 1314-1320 | **RFP No. 2:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 223 | | 1314-1320 | **RFP No. 8:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 224 | | 1314-1320 | **RFP No. 9:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 225 | | 1314-1320 | **RFP No. 10:** AIS email transmitting signed PEA. Screenshot of Case Opp comments and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 226 | ▮ | 1935-1942 | **RFP No. 2:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client; executed attorney representation agreement. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 227 | | 1935-1942 | **RFP No. 8:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client; Executed attorney representation agreement. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 228 | | 1935-1942 | **RFP No. 9:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client; Executed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 229 | | 1935-1942 | **RFP No. 10:** CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client; Executed attorney representation agreement. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 230 | ▮ | 1785-1796 | **RFP No. 2:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 231 | | 1785-1796 | **RFP No. 8:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 232 | | 1785-1796 | **RFP No. 9:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 233 | | 1785-1796 | **RFP No. 10:** AIS Email transmitting signed PEA; CaseOpp and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client; signed PEA. | Various legal professionals at ER and/or client. | N/A | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. |
| 234 | 58 TOTAL | | | | | |

PUBLIC VERSION

# Exhibit "B"

| | |
|---|---|
| **From:** | Daniel Hogan <dan@dkhogan.com> |
| **Sent:** | Monday, February 7, 2022 11:01 AM |
| **To:** | Bracht, Jennifer K. |
| **Cc:** | George, Amanda; Hallowell, James; Martorana, Keith R.; Clarke, Josiah; Gabrielle Durstein |
| **Subject:** | RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5 |

**[WARNING: External Email]**

Jenn:

      I can confirm that the Insurers will receive an updated privilege log on Wednesday, February 9, 2022 with document by document logs. As for the proposed continued deposition dates of Mr. Rothweiler and Mr. Eisenberg, we do not agree to re-produced them for continued depositions on the dates provided as neither I nor my clients are available on those dates. Once you have had a chance to review the revised privilege log, we can meet and confer on the purported need for the re-notice of the depositions.

Dan

Daniel K. Hogan, Esquire
Hogan♦McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

---

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Sunday, February 6, 2022 7:10 PM
**To:** Daniel Hogan <dan@dkhogan.com>
**Cc:** George, Amanda <AGeorge@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** Re: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

Thanks for getting back to me.  With apologies for the Sunday evening email, please confirm this evening that the revised privilege log Eisenberg Rothweiler will be producing on Wednesday will be a document-by-document log per the Court's January 24th ruling.

Additionally, we intend to continue Messrs. Rotherweiler and Eisenberg's depositions following our receipt of the revised privilege log and any further document production on Wednesday.  Please confirm as soon as possible that Mr.

Rothweiler will be available to continue his deposition on Thursday, 2/10 at 10:00 am ET and that Mr. Eisenberg will be available to continue his deposition on Friday, 2/11 at 10:00 am ET.



Regards,

Jenn

**Jennifer Bracht**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com

On Feb 6, 2022, at 1:21 PM, Daniel Hogan <dan@dkhogan.com> wrote:


 **[WARNING: External Email]**

Jennifer:

    Eisenberg Rothweiler does intend to file a revised privilege log.  I anticipate that the privilege log revisions will be completed by Wednesday, February 9, 2022.

Dan

Daniel K. Hogan, Esquire
Hogan◆McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

---

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Friday, February 4, 2022 4:47 PM
**To:** Daniel Hogan <dan@dkhogan.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

Please confirm that Eisenberg Rothweiler will produce a revised privilege log pursuant to the Court's January 24th ruling, including the date that the revised log will be produced.

If we have not heard from you by 5 pm EST on Sunday, February 6, we will assume that Eisenberg Rothweiler does not intend to produce a revised log and will proceed accordingly.

Regards,
Jenn

**Jennifer Bracht** *(she/her/hers)*

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com

---

**From:** Bracht, Jennifer K.
**Sent:** Monday, January 31, 2022 1:17 PM
**To:** 'Daniel Hogan' <dan@dkhogan.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

You stated on the record during today's deposition of Mr. Eisenberg that you "don't agree with [our] interpretation of the ruling that the Court made on January 24[th]," which is the first time that you have indicated that you do not believe the court ordered the law firms to produced itemized (i.e., document-by-document) privilege logs during the January 24 hearing.  I again refer you to 39:20-40:10 of the transcript.

Is it now your position that Eisenberg Rothweiler will <u>not</u> be producing a revised privilege log?

Regards,
Jenn

**Jennifer Bracht** *(she/her/hers)*

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com

---

**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Friday, January 28, 2022 7:48 AM
**To:** Bracht, Jennifer K. <JBracht@gibsondunn.com>; George, Amanda <AGeorge@gibsondunn.com>

**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

**[WARNING: External Email]**

Jennifer:

Eisenberg Rothweiler continues its collection and review of materials potentially responsive to the Sample identified by the Insurers.  Eisenberg Rothweiler reserves the right to further amend and supplement the Responses and Objections as well as the related Privilege Log to the extent that additional materials are identified.

Dan

Daniel K. Hogan, Esquire
Hogan◆McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Thursday, January 27, 2022 2:45 PM
**To:** Daniel Hogan <dan@dkhogan.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

Please advise as to when Eisenberg Rothweiler intends to produce a revised privilege log in accordance with the court's ruling on January 24.

Regards,
Jenn

**Jennifer Bracht** *(she/her/hers)*

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com

**From:** Bracht, Jennifer K.
**Sent:** Tuesday, January 25, 2022 10:48 AM
**To:** 'Daniel Hogan' <dan@dkhogan.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

Please see 39:20-40:10 in the attached.  We understand that other law firms are substantially revising their privilege logs based on the court's direction.

Regards,
Jenn


**Jennifer Bracht** *(she/her/hers)*

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com


**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Tuesday, January 25, 2022 10:15 AM
**To:** Bracht, Jennifer K. <JBracht@gibsondunn.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

**[WARNING: External Email]**

Jennifer:

     Please send me the relevant portion of the transcript from yesterday's hearing on the purported ruling you reference.  What I heard was proceed with the depositions and then the court may revisit the privilege log issues.  Eisenberg Rothweiler's collection and review of materials potentially responsive to the Sample identified by the Insurers' is ongoing.  Eisenberg Rothweiler reserves the right to further amend and supplement the Responses and Objections as well as the related Privilege Log.


Dan

Daniel K. Hogan, Esquire
Hogan◆McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806

Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Monday, January 24, 2022 4:50 PM
**To:** Daniel Hogan <dan@dkhogan.com>; George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

Pursuant to the Court's ruling today, please confirm that Eisenberg Rothweiler will immediately serve an itemized (i.e., document-by-document) privilege log that includes document date, all senders and recipients (including on the cc and bcc lines), file name, privilege type, and privilege description.  Please let us know if you'd like to discuss this issue further.

We reserve all rights.

Regards,
Jenn

**Jennifer Bracht** *(she/her/hers)*

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5737 • Fax +1 303.313.2848
JBracht@gibsondunn.com • www.gibsondunn.com

---

**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Saturday, January 22, 2022 3:15 PM
**To:** George, Amanda <AGeorge@gibsondunn.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

**[WARNING: External Email]**

Amanda:

Attached you will find the following:

- Eisenberg Rothweiler's Further Amended Supplemental Responses and Objections;
- Eisenberg Rothweiler's Privilege Log to date; and
- Further exemplars of representation agreements in response to Request Nos. 1, 4 and 11.

You may provide access to the other Insurers, being fully mindful of the protective order requirements.  Eisenberg Rothweiler's collection and review of materials potentially responsive to the Sample identified by the Insurers' is ongoing.  Eisenberg Rothweiler reserves the right to further amend and supplement the Responses and Objections as well as the related Privilege Log.

Dan

Hogan◆McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

---

**From:** George, Amanda <AGeorge@gibsondunn.com>
**Sent:** Friday, January 21, 2022 11:26 AM
**To:** Daniel Hogan <dan@dkhogan.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>; Clarke, Josiah <JClarke@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

I hope you're well.  I'm writing to follow up on whether Eisenberg Rothweiler will be producing more documents.

Thank you,

Amanda

**Amanda George**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2321 • Fax +1 212.817.9521
AGeorge@gibsondunn.com • www.gibsondunn.com

---

**From:** George, Amanda
**Sent:** Monday, January 17, 2022 9:29 AM
**To:** Daniel Hogan <dan@dkhogan.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; 'Gabrielle Durstein' <gdurstein@dkhogan.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

Dan,

I hope you're enjoying the long weekend.  Will Eisenberg Rothweiler be producing anything more than these proofs of claim, and if so, can we expect those productions today?

Thank you,

Amanda

**Amanda George**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2321 • Fax +1 212.817.9521
AGeorge@gibsondunn.com • www.gibsondunn.com

---

**From:** Gabrielle Durstein <gdurstein@dkhogan.com>
**Sent:** Friday, January 14, 2022 4:05 PM
**To:** Daniel Hogan <dan@dkhogan.com>; Hallowell, James <JHallowell@gibsondunn.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS); Discovery - Email 1 of 5

   **[WARNING: External Email]**

Good afternoon.  For service, attached please find *Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.'s Further Supplemental Responses and Objections to Zurich Insurers' Subpoena to Produce Documents* with Notice of Service.  The POCs will be sent in five separate emails due to their size.  Attached to this email are the documents bates numbered 1-290.

Additionally, we anticipate providing the privilege log to you by the middle of next week.

Please let me know if you have any issues with the attachments.

Thank you,

*Gabrielle Durstein*
Paralegal
<image001.png>
1311 Delaware Avenue | Wilmington, DE 19806
Main: 302.656.7540 | Fax: 302.656.7599
Email:  gdurstein@dkhogan.com

**Please visit our website:**  www.hoganmcdaniel.com
**Become a fan of our Facebook page:  Hogan McDaniel, Attorneys at Law**

THIS IS AN ATTEMPT TO COLLECT DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*************************************************************************
The information contained in this Communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Hogan ◆ McDaniel.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to dkhogan@dkhogan.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Friday, January 14, 2022 3:48 PM
**To:** Hallowell, James <JHallowell@gibsondunn.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; George, Amanda <AGeorge@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** Re: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Yes of course.

Daniel K. Hogan
Sent from my iPhone

> On Jan 14, 2022, at 3:42 PM, Hallowell, James <JHallowell@gibsondunn.com> wrote:

> Dan:  We'd need to provide access to the other Certain Insurers, though obviously we'd be fully mindful of the protective order requirements and abide by them.  Will that work?

**James L. Hallowell**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3804 • Fax +1 212.351.5266
JHallowell@gibsondunn.com • www.gibsondunn.com

**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Friday, January 14, 2022 2:36 PM
**To:** Hallowell, James <JHallowell@gibsondunn.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; George, Amanda <AGeorge@gibsondunn.com>; Gabrielle Durstein <gdurstein@dkhogan.com>
**Subject:** FW: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

**[WARNING: External Email]**

Jim:

In anticipation of the document production from Eisenberg Rothweiler, can we limit the production to your team at Gibson Dunn?  Obviously, given the confidential and sensitive nature of the production, I would prefer to limit the number of recipients on your side of the v. to protect against accidental disclosure.  Let me know if this will work for the Insurers.

Dan

Daniel K. Hogan, Esquire
Hogan◆McDaniel
Attorneys-at-Law

1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

---

**From:** Zadek, Alec <AZadek@mintz.com>
**Sent:** Tuesday, January 11, 2022 10:01 AM
**To:** Bernard Conaway <bgc@conaway-legal.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>; 'Spisak, Alex' <Aspisak@mwe.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>; 'Spisak, Alex' <Aspisak@mwe.com>; Zadek, Alec <AZadek@mintz.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Bernie,

Attached is the list of proof of claim forms for each of the six law firms, with a second tab that includes ten additional proof of claim forms.  We have sought claimant-signed forms for some of the law firms and identified which forms are claimant-signed and which are attorney-signed (there are also a couple unsigned forms that we identified). As a general matter and as previously explained on our meet and confer calls, the Court allowed for us to conduct discovery concerning claim forms submitted by the law firms. We are seeking discovery concerning the claimant-signed forms to understand the process by which the various law firms obtained the information included on such forms and submitted such forms in this proceeding. Moving forward, to the extent that any law firm has an objection to the production of information concerning claimant-signed forms, then we ask that they reach out to the following counsel to meet and confer concerning their objection:

| Law Firm | Attorneys Assigned |
|---|---|
| Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. (Daniel Hogan, dkhogan@dkhogan.com) | James Hallowell, Keith Martorana, and Amanda George, Gibson Dunn, JHallowell@gibsondunn.com, KMartorana@gibsondunn.com, AGeorge@gibsondunn.com |
| Andrews & Thornton (Lawrence Robbins, Lrobbins@robbinsrussel.com) | Ryan Smethurst and Alex Spisak, McDermott, Will & Emery, rsmethurst@mwe.com, aspisak@mwe.com |
| ASK LLP (Lawrence Robbins, Lrobbins@robbinsrussel.com) | |
| Napoli Shkolnik, PLLC (Paul Winterhalter, pwinterhalter@offitkurman.com) | Konrad Krebs, Clyde & Co., Konrad.Krebs@clydeco.us |

| Slater Slater Schulman (Justin Alberto, jalberto@coleschotz.com) | Alec Zadek, Mintz, azadek@mintz.com |
| Krause & Kinsman (Bernard Conaway, bgc@conaway-legal.com) | Laura McNally and Emily Stone, Loeb & Loeb, lmcnally@loeb.com and estone@loeb.com |

In addition, we will follow-up with lists of proof of claim forms for Babin Law, LLC, Junnell & Associates, PLLC, and Marc Bern & Partners. The attorneys for those three firms can reach out to the Gibson Dunn team (listed above) and me at their convenience if they have questions in the interim.

Finally, Bernie, you have not yet responded to my email with the first fifty proof of claim forms to confirm production of information related to those forms by this Friday and to provide us with dates for depositions. Please respond to our email today so that we can work with you to move this process forward or ask the Court for appropriate relief. Thank you.


Best regards,


Alec


**Alec Zadek** (*He/Him/His*)
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.4434
AZadek@mintz.com | Mintz.com




---

**From:** Zadek, Alec <AZadek@mintz.com>
**Sent:** Friday, January 7, 2022 7:00 PM
**To:** Bernard Conaway <bgc@conaway-legal.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>; 'Spisak, Alex' <Aspisak@mwe.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>; Zadek, Alec <AZadek@mintz.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition


Bernie,

Attached is a revised list of proofs of claim for each of the law firms. Each proof of claim on this revised list was signed by an attorney. We understand that there is no objection to producing information regarding attorney-signed proofs of claim; therefore, we ask that each firm begins the process of collecting, reviewing and producing information concerning each of the proofs of claim on their revised list. We request that the production of information associated with the attached proofs of claim is completed by next Friday, January 14, 2022.  We propose scheduling depositions between Wednesday, January 19th and Wednesday, January 26th.

As you will see, each of the revised lists includes approximately 50 proofs of claim.  Over the weekend, we will continue to evaluate the law firm objection to producing claimant-signed proofs of claim. On Monday, we will inform you if we intend to seek discovery on claimant-signed proofs of claim. If we decide to move forward with our request for claimant-signed proofs of claim, then we will provide you with a supplemental list on Monday. In the event we decide not to pursue discovery (at this time) from the law firms regarding claimant-signed proofs of claim, then we reserve the right to provide you with a supplemental list of attorney-signed proofs of claim.  Under either circumstance, the combined list of proofs of claim for any law firm will not exceed 60 proofs of claim, per our prior compromise.

We will be available to confer regarding these issues at your convenience. We look forward to receiving the requested documents and dates for depositions. The insurer group reserves all of its rights concerning this matter. Thank you.


Best regards,


Alec


**Alec Zadek** (*He/Him/His*)
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.4434
AZadek@mintz.com | Mintz.com

---

**From:** Bernard Conaway <bgc@conaway-legal.com>
**Sent:** Tuesday, January 4, 2022 5:24 PM
**To:** Zadek, Alec <AZadek@mintz.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>;

Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>;
Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>
**Subject:** Re: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Alec:

I haven't heard back from everyone on my side but in the interest of moving this along,
the law firms propose a 2:00 pm ET teleconference to address issues related to the
insurers' revised list.  Confirm your availability.

As always, thank you.

Bernard G. Conaway, Esquire
**CONAWAY-LEGAL LLC**
1007 North Orange Street, Suite 400
Wilmington, DE 19801
(302) 428-9350
(302) 528-8687 (c)
(844) 364-0137 (f)
bgc@conaway-legal.com
www.conaway-legal.com

**Confidentiality Note**:  This email is covered by the Electronic Communications
Privacy Act, 18 U.S.C. §§ 2510-2521.  It is a legally privileged communication. The
information contained in this communication is confidential, is subject to the attorney-
client privilege, may constitute inside information, and is intended only for the use of
the intended addressee. It is the property of **CONAWAY-LEGAL LLC**. Unauthorized
use, disclosure or copying of this communication, or any part thereof, is strictly
prohibited and may be unlawful. If you received this communication in error, please (i)
notify us immediately by return e-mail, and (ii) destroy this communication and all
copies thereof, including all attachments.

**From:** "Zadek, Alec" <AZadek@mintz.com>
**Date:** Tuesday, January 4, 2022 at 3:16 PM
**To:** "Eisinger, Vince" <VEisinger@gibsondunn.com>, Bernard G Conaway <bgc@conaway-legal.com>, "Trunk, William" <wtrunk@robbinsrussell.com>, Daniel Hogan <dan@dkhogan.com>, "Alberto, Justin" <JAlberto@coleschotz.com>, "Robbins, Larry" <lrobbins@robbinsrussell.com>, Connor Bifferato <cbifferato@tbf.legal>, Brett Bustamante <BBustamante@napolilaw.com>, "Winterhalter, Paul" <pwinterhalter@offitkurman.com>, Colin Watterson <cwatterson@hicks-thomas.com>, "Trentin, Michael" <MTrentin@coleschotz.com>, "Van Aalten, Seth" <SVanAalten@coleschotz.com>, "Deffebach, Anna" <adeffebach@robbinsrussell.com>
**Cc:** "Martorana, Keith R." <KMartorana@gibsondunn.com>, "Rudman, Samuel N." <srudman@choate.com>, "Cassidy, Dylan S." <DCassidy@gibsondunn.com>, "Douglas R. Gooding (dgooding@choate.com)" <dgooding@choate.com>, "Warner, Margaret (mwarner@mwe.com)" <mwarner@mwe.com>, "RYAN S. SMETHURST (rsmethurst@mwe.com)" <rsmethurst@mwe.com>, David Christian <dchristian@dca.law>, "Marrkand, Kim" <KVMarrkand@mintz.com>, "Winsberg, Harris B." <harris.winsberg@troutman.com>, "Krebs, Konrad R." <Konrad.Krebs@clydeco.us>, "George,

Amanda" <[AGeorge@gibsondunn.com](mailto:AGeorge@gibsondunn.com)>, "Hallowell, James" <[JHallowell@gibsondunn.com](mailto:JHallowell@gibsondunn.com)>,
Laura McNally <[lmcnally@loeb.com](mailto:lmcnally@loeb.com)>, "Zadek, Alec" <[AZadek@mintz.com](mailto:AZadek@mintz.com)>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Bernie,

I am following-up with you on two issues. First, please let us know the status of the law firms' review of
the sample proofs of claim that Vince circulated last night. We would like to schedule a conference call
tomorrow morning to discuss and iron-out the logistics, including the date for production by each law
firm.  We should also begin to discuss deposition dates, occurring after the productions are made.

Second, I am following-up concerning the Verus subpoena. We are waiting on information concerning
the volume of emails associated with each firm and each category identified in your email from
yesterday.

We look forward to hearing from you. Thank you.

Best regards,

Alec

**Alec Zadek** (*He/Him/His*)
*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.4434
[AZadek@mintz.com](mailto:AZadek@mintz.com) | [Mintz.com](http://Mintz.com)

---

**From:** Eisinger, Vince <[VEisinger@gibsondunn.com](mailto:VEisinger@gibsondunn.com)>
**Sent:** Monday, January 3, 2022 8:03 PM
**To:** Bernard Conaway <[bgc@conaway-legal.com](mailto:bgc@conaway-legal.com)>; Trunk, William <[wtrunk@robbinsrussell.com](mailto:wtrunk@robbinsrussell.com)>; Daniel
Hogan <[dan@dkhogan.com](mailto:dan@dkhogan.com)>; Alberto, Justin <[JAlberto@coleschotz.com](mailto:JAlberto@coleschotz.com)>; Robbins, Larry
<[lrobbins@robbinsrussell.com](mailto:lrobbins@robbinsrussell.com)>; Connor Bifferato <[cbifferato@tbf.legal](mailto:cbifferato@tbf.legal)>; Brett Bustamante
<[BBustamante@napolilaw.com](mailto:BBustamante@napolilaw.com)>; Winterhalter, Paul <[pwinterhalter@offitkurman.com](mailto:pwinterhalter@offitkurman.com)>; Colin
Watterson <[cwatterson@hicks-thomas.com](mailto:cwatterson@hicks-thomas.com)>; Trentin, Michael <[MTrentin@coleschotz.com](mailto:MTrentin@coleschotz.com)>; Van
Aalten, Seth <[SVanAalten@coleschotz.com](mailto:SVanAalten@coleschotz.com)>; Deffebach, Anna <[adeffebach@robbinsrussell.com](mailto:adeffebach@robbinsrussell.com)>
**Cc:** Martorana, Keith R. <[KMartorana@gibsondunn.com](mailto:KMartorana@gibsondunn.com)>; Zadek, Alec <[AZadek@mintz.com](mailto:AZadek@mintz.com)>; Rudman,
Samuel N. <[srudman@choate.com](mailto:srudman@choate.com)>; Cassidy, Dylan S. <[DCassidy@gibsondunn.com](mailto:DCassidy@gibsondunn.com)>; Douglas R.
Gooding ([dgooding@choate.com](mailto:dgooding@choate.com)) <[dgooding@choate.com](mailto:dgooding@choate.com)>; Warner, Margaret ([mwarner@mwe.com](mailto:mwarner@mwe.com))
<[mwarner@mwe.com](mailto:mwarner@mwe.com)>; RYAN S. SMETHURST ([rsmethurst@mwe.com](mailto:rsmethurst@mwe.com)) <[rsmethurst@mwe.com](mailto:rsmethurst@mwe.com)>; David
Christian <[dchristian@dca.law](mailto:dchristian@dca.law)>; Marrkand, Kim <[KVMarrkand@mintz.com](mailto:KVMarrkand@mintz.com)>; Winsberg, Harris B.
<[harris.winsberg@troutman.com](mailto:harris.winsberg@troutman.com)>; Krebs, Konrad R. <[Konrad.Krebs@clydeco.us](mailto:Konrad.Krebs@clydeco.us)>; George, Amanda
<[AGeorge@gibsondunn.com](mailto:AGeorge@gibsondunn.com)>; Hallowell, James <[JHallowell@gibsondunn.com](mailto:JHallowell@gibsondunn.com)>; Laura McNally
<[lmcnally@loeb.com](mailto:lmcnally@loeb.com)>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Bernie,

Thank you for your response. We agree with this approach and will send out the lists of claims individually this evening.

Best regards,

**Vince Eisinger**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3993 • Fax +1 212.817.9593
VEisinger@gibsondunn.com • www.gibsondunn.com

---

**From:** Bernard Conaway <bgc@conaway-legal.com>
**Sent:** Monday, January 3, 2022 4:32 PM
**To:** Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret <mwarner@mwe.com> <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>; Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>
**Subject:** Re: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

[WARNING: External Email]

Vince and Others:

The law firms received the insurers' December 30, 2021, email offer to reduce the scope of your request to no more than 60 proofs of claims for each law firm. This is thoughtful progress. Thank you. Subject to the usual reservation of rights, the law firms accept the 60 POC limitation for each law firm.

I propose that the insurers provide their list of 60 proof of claims to each law firm as soon as practical. The law firms will review it promptly. I further suggest that a conference call between all parties be set within a day of turning over the new list to iron out logistics, raise questions, etc.

Please let me know your thoughts

As always, thank you.

Bernard G. Conaway, Esquire

# Conaway-Legal LLC

1007 North Orange Street, Suite 400
Wilmington, DE 19801
(302) 428-9350
(302) 528-8687 (c)
(844) 364-0137 (f)
bgc@conaway-legal.com
www.conaway-legal.com

**Confidentiality Note**:  This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.  It is a legally privileged communication. The information contained in this communication is confidential, is subject to the attorney-client privilege, may constitute inside information, and is intended only for the use of the intended addressee. It is the property of Conaway-Legal LLC. Unauthorized use, disclosure or copying of this communication, or any part thereof, is strictly prohibited and may be unlawful. If you received this communication in error, please (i) notify us immediately by return e-mail, and (ii) destroy this communication and all copies thereof, including all attachments.

**From:** "Eisinger, Vince" <VEisinger@gibsondunn.com>
**Date:** Thursday, December 30, 2021 at 7:02 PM
**To:** "Trunk, William" <wtrunk@robbinsrussell.com>, Daniel Hogan <dan@dkhogan.com>, "Alberto, Justin" <JAlberto@coleschotz.com>, "Robbins, Larry" <lrobbins@robbinsrussell.com>, Connor Bifferato <cbifferato@tbf.legal>, Bernard G Conaway <bgc@conaway-legal.com>, Brett Bustamante <BBustamante@napolilaw.com>, "Winterhalter, Paul" <pwinterhalter@offitkurman.com>, Colin Watterson <cwatterson@hicks-thomas.com>, William Sullivan <bsullivan@sha-llc.com>, "Trentin, Michael" <MTrentin@coleschotz.com>, "Van Aalten, Seth" <SVanAalten@coleschotz.com>, "Deffebach, Anna" <adeffebach@robbinsrussell.com>
**Cc:** "Martorana, Keith R." <KMartorana@gibsondunn.com>, "Zadek, Alec" <AZadek@mintz.com>, "Rudman, Samuel N." <srudman@choate.com>, "Cassidy, Dylan S." <DCassidy@gibsondunn.com>, "Douglas R. Gooding (dgooding@choate.com)" <dgooding@choate.com>, "Warner, Margaret (mwarner@mwe.com)" <mwarner@mwe.com>, "RYAN S. SMETHURST (rsmethurst@mwe.com)" <rsmethurst@mwe.com>, David Christian <dchristian@dca.law>, "Marrkand, Kim" <KVMarrkand@mintz.com>, "Winsberg, Harris B." <harris.winsberg@troutman.com>, "Krebs, Konrad R." <Konrad.Krebs@clydeco.us>, "George, Amanda" <AGeorge@gibsondunn.com>, "Hallowell, James" <JHallowell@gibsondunn.com>, Laura McNally <lmcnally@loeb.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Dear Counsel,

Thank you again for yesterday's call regarding Judge Silverstein's order granting our motion to compel and the issue you raised regarding sample claims. Our understanding of your proposal yesterday was that, if we are able to reduce our requested samples by at least half—and preferably closer to around 50 claims, then your clients would produce the requested documents for those claims.

We have conferred about your proposal. For purposes of the present discovery dispute and to move forward with the production of your clients' documents and communications expeditiously, we will

agree to reduce the scope of our request to no more than 60 proofs of claims for each law firm. Please let us know by January 3 if you will agree to produce documents based on such reduced sample sizes. Thank you.

The insurers reserve all of their rights in this regard.

Regards,

**Vince Eisinger**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3993 • Fax +1 212.817.9593
VEisinger@gibsondunn.com • www.gibsondunn.com

-----Original Appointment-----
**From:** Eisinger, Vince
**Sent:** Tuesday, December 28, 2021 4:32 PM
**To:** Eisinger, Vince; Hallowell, James; Trunk, William; Laura McNally; Daniel Hogan; Alberto, Justin; Robbins, Larry; Connor Bifferato; Bernard Conaway; Brett Bustamante; Winterhalter, Paul; Colin Watterson; Bill Sullivan; Trentin, Michael; Van Aalten, Seth; Deffebach, Anna
**Cc:** Martorana, Keith R.; Zadek, Alec; Rudman, Samuel N.; Cassidy, Dylan S.; Douglas R. Gooding (dgooding@choate.com); Warner, Margaret (mwarner@mwe.com); RYAN S. SMETHURST (rsmethurst@mwe.com); David Christian; Marrkand, Kim; Winsberg, Harris B.; Krebs, Konrad R.; George, Amanda
**Subject:** In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition
**When:** Wednesday, December 29, 2021 10:00 AM-10:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 8667475969,,,2123513993#

Dial-In: (866) 747-5969
Conference Code: 2123513993

_____
**From:** Hallowell, James
**Sent:** Tuesday, December 28, 2021 4:30 PM
**To:** Trunk, William <wtrunk@robbinsrussell.com>; Laura McNally <lmcnally@loeb.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Thanks Bill.  We'll send a dial in to this group.


**James L. Hallowell**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3804 • Fax +1 212.351.5266
JHallowell@gibsondunn.com • www.gibsondunn.com

---

**From:** Trunk, William <wtrunk@robbinsrussell.com>
**Sent:** Tuesday, December 28, 2021 4:28 PM
**To:** Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition


**[WARNING: External Email]**

10am works for the folks I've heard from, so why don't we plan on that.


<image002.jpg>

---

**From:** Hallowell, James <JHallowell@gibsondunn.com>
**Sent:** Tuesday, December 28, 2021 1:23 PM
**To:** Trunk, William <wtrunk@robbinsrussell.com>; Laura McNally <lmcnally@loeb.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna

<adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Bill:  We can make something in the 10 – 12 eastern time frame work tomorrow.  Let us know what you suggest and we'll plan on it.


**James L. Hallowell**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3804 • Fax +1 212.351.5266
JHallowell@gibsondunn.com • www.gibsondunn.com

---

**From:** Trunk, William <wtrunk@robbinsrussell.com>
**Sent:** Tuesday, December 28, 2021 11:38 AM
**To:** Hallowell, James <JHallowell@gibsondunn.com>; Laura McNally <lmcnally@loeb.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition


**[WARNING: External Email]**

James – We were unable to connect with Bernie and obtain his proxy for a 2pm call today, but are in the process of finding a time tomorrow morning that works for everyone.  Would something in the 10am-12pm range work for your group?


Bill

_____

_____

**From:** Hallowell, James <JHallowell@gibsondunn.com>
**Sent:** Tuesday, December 28, 2021 10:58 AM
**To:** Laura McNally <lmcnally@loeb.com>; Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Larry, Bill and Law Firm Group:  Just quickly following up on this.  Are we able to set a time today to reconnect by telephone to follow up on our call yesterday?  Does 2 p.m. eastern still work?


**James L. Hallowell**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3804 • Fax +1 212.351.5266
JHallowell@gibsondunn.com • www.gibsondunn.com

**From:** Laura McNally <lmcnally@loeb.com>
**Sent:** Monday, December 27, 2021 2:52 PM
**To:** Eisinger, Vince <VEisinger@gibsondunn.com>; Trunk, William <wtrunk@robbinsrussell.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda

<AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

[WARNING: External Email]

Thank you all for your time. In our view, Judge Silverstein's recognition that a specific subset is appropriate can be found at page 103 and 120-21 of the December 2, 2021 transcript. As I said on the call, she was addressing only one example of proofs of claim issues, but we believe she would have a similar view of other specific issues we would like to explore in the proofs of claim. The discussion of statistical sampling was a response to the larger point that it would be unduly burdensome to require production of all materials for all proofs of claim.

We also agreed on the call that for convenience purposes, we can collectively use the term "sample" in our discussion without prejudicing either side's view of whether the sample needs to be randomized or not.

Thanks,
Laura

**Laura McNally**
*Partner*

*<image003.jpg>*

321 North Clark Street, Suite 2300 | Chicago, IL 60654
**Direct Dial:** 312.464.3155 | **Fax:** 312.896.5707 | **E-mail:** lmcnally@loeb.com
**Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

-----Original Appointment-----
**From:** Eisinger, Vince <VEisinger@gibsondunn.com>
**Sent:** Monday, December 27, 2021 8:19 AM
**To:** Eisinger, Vince; Trunk, William; Daniel Hogan; Alberto, Justin; Robbins, Larry; Connor Bifferato; Bernard Conaway; Brett Bustamante; Winterhalter, Paul; Colin Watterson; Bill Sullivan; Trentin, Michael; Van Aalten, Seth; Deffebach, Anna
**Cc:** Hallowell, James; Martorana, Keith R.; Zadek, Alec; Rudman, Samuel N.; Cassidy, Dylan S.; Douglas R. Gooding (dgooding@choate.com); Warner, Margaret (mwarner@mwe.com); RYAN S. SMETHURST (rsmethurst@mwe.com); David Christian; Marrkand, Kim; Laura McNally; Winsberg, Harris B.; Krebs, Konrad R.; George, Amanda
**Subject:** In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition
**When:** Monday, December 27, 2021 2:00 PM-2:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 8667475969,,,2123513993#

Thanks, Bill. Here is dial-in information for the call.
Dial-In: (866) 747-5969
Conference Code: 2123513993
_____

**From:** Trunk, William <wtrunk@robbinsrussell.com>
**Sent:** Monday, December 27, 2021 8:07 AM
**To:** Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Laura McNally <lmcnally@loeb.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

**[WARNING: External Email]**
Vince – 2pm today works for the group. Thank you,
Bill
<image002.jpg>
William J. Trunk
2000 K Street, N.W., 4th Floor, Washington, DC 20006
Office: (202) 775-4517 * Cell: (914) 204-2305
wtrunk@robbinsrussell.com
www.robbinsrussell.com

**From:** Trunk, William
**Sent:** Friday, December 24, 2021 4:33 PM
**To:** Eisinger, Vince <VEisinger@gibsondunn.com>; Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Laura McNally <lmcnally@loeb.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

Vince – Let us canvass amongst ourselves and let you know about 2pm Monday. If that time doesn't work for the group, we'll propose a time that does.
Happy holidays,
Bill
<image002.jpg>
William J. Trunk
2000 K Street, N.W., 4th Floor, Washington, DC 20006
Office: (202) 775-4517 * Cell: (914) 204-2305
wtrunk@robbinsrussell.com
www.robbinsrussell.com

**From:** Eisinger, Vince <VEisinger@gibsondunn.com>
**Sent:** Thursday, December 23, 2021 5:31 PM
**To:** Daniel Hogan <dan@dkhogan.com>; Alberto, Justin <JAlberto@coleschotz.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Trunk, William <wtrunk@robbinsrussell.com>; Connor Bifferato <cbifferato@tbf.legal>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Bill Sullivan <bsullivan@sha-llc.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>; Deffebach, Anna <adeffebach@robbinsrussell.com>
**Cc:** Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Cassidy, Dylan S. <DCassidy@gibsondunn.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>; Warner, Margaret (mwarner@mwe.com) <mwarner@mwe.com>; RYAN S. SMETHURST (rsmethurst@mwe.com) <rsmethurst@mwe.com>; David Christian <dchristian@dca.law>; Marrkand, Kim <KVMarrkand@mintz.com>; Laura McNally <lmcnally@loeb.com>; Winsberg, Harris B. <harris.winsberg@troutman.com>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; George, Amanda <AGeorge@gibsondunn.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition
Dear Counsel,
We write to provide additional information about the sample set of proofs of claims that the insurers have identified for your clients' respective document productions.
During the December 2, 2021 hearing, the insurers cited examples of issues with proofs of claims that your clients filed. The Court ordered that, if the insurers identified a sample set of proofs of claims associated with those issues, then your clients should produce the requested categories of documents for the sample claims.
To date, we have identified over 7,000 claims cumulatively filed by your clients that warrant questioning. Of those, we have selected a sample of 1,085 proofs of claims, and each of you have received identifying information for the specific subset of claims associated with your client.
We believe that we have provided sufficient information regarding the samples. We request that your clients produce responsive documents associated with the sample claims as soon as possible and, in any event, no later than December 30.
If you disagree, we propose to meet and confer at 2:00 pm EST on Monday, December 27, to discuss these issues further.
Kind regards,

**Vince Eisinger**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

Tel +1 212.351.3993 • Fax +1 212.817.9593
VEisinger@gibsondunn.com • www.gibsondunn.com

---

**From:** Daniel Hogan <dan@dkhogan.com>
**Sent:** Wednesday, December 22, 2021 11:09 AM
**To:** Alberto, Justin <JAlberto@coleschotz.com>; Trunk, William <wtrunk@robbinsrussell.com>
**Cc:** Eisinger, Vince <VEisinger@gibsondunn.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Currie, Kelly <KCurrie@crowell.com>; Halstead, Ellen <EHalstead@crowell.com>; Aviad, Nimi <NAviad@crowell.com>; Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Bernard Conaway <bgc@conaway-legal.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Bill Sullivan <bsullivan@sha-llc.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Connor Bifferato <cbifferato@tbf.legal>; Deffebach, Anna <adeffebach@robbinsrussell.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>
**Subject:** RE: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition

<span style="color:red">**[WARNING: External Email]**</span>
Eisenberg Rothweiler agrees with this response as well. We are available for a meet and confer as well at the parties convenience.
Daniel K. Hogan, Esquire
Hogan ◆ McDaniel
Attorneys-at-Law
1311 Delaware Avenue
Wilmington, DE 19806
Direct Dial: 302.656.7597
Main Dial: 302.656.7540
Email: dkhogan@dkhogan.com

---

**From:** Alberto, Justin <JAlberto@coleschotz.com>
**Sent:** Wednesday, December 22, 2021 10:34 AM
**To:** Trunk, William <wtrunk@robbinsrussell.com>
**Cc:** Eisinger, Vince <VEisinger@gibsondunn.com>; Robbins, Larry <lrobbins@robbinsrussell.com>; Currie, Kelly <KCurrie@crowell.com>; Halstead, Ellen <EHalstead@crowell.com>; Aviad, Nimi <NAviad@crowell.com>; Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>; Bernard Conaway <bgc@conaway-legal.com>; Daniel Hogan <dan@dkhogan.com>; Brett Bustamante <BBustamante@napolilaw.com>; Winterhalter, Paul <pwinterhalter@offitkurman.com>; Bill Sullivan <bsullivan@sha-llc.com>; Colin Watterson <cwatterson@hicks-thomas.com>; Connor Bifferato <cbifferato@tbf.legal>; Deffebach, Anna <adeffebach@robbinsrussell.com>; Trentin, Michael <MTrentin@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>
**Subject:** Re: In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition


Slater agrees with this response. We are available to meet and confer at the parties' convenience.


<image004.jpg>

**Justin R. Alberto**
**Member**
500 Delaware Avenue | Ste 1410 | Wilmington, DE | 19801
Direct 302.651.2006 | Firm 302.652.3131 | Fax 302.574.2106 | Cell 203.512.4390 |

jalberto@coleschotz.com
New Jersey | New York | Delaware | Maryland | Texas | Florida
vCard | bio | website

Legal Practice Assistant: Rachel Deely | 302.652.3131 x 2502 | rdeely@coleschotz.com

Click here to visit our Covid-19 Resource Center for important legal updates.

On Dec 22, 2021, at 9:52 AM, Trunk, William <wtrunk@robbinsrussell.com> wrote:


[EXTERNAL EMAIL]

Vince –
I write in response to your email below, as well as the identical email you sent with respect to A&T.
You indicate that you intend to wait to depose Messrs. Higgins (A&T) and Stern (ASK) until after document productions are complete. That is your prerogative—understanding, of course, my clients will sit only once. As I noted in my letter to Crowell & Moring on 12/17 (attached), A&T and ASK have substantially completed several aspects of their document productions. However, as also explained in my letter, we are unable to produce "sample" POCs and associated custodial documents until we come to an agreement on a reasonable sample. At our meet and confer on 12/13, Crowell & Moring advised that they would provide additional information regarding the methodology used to construct their proposed "sample." We are still awaiting that information.
If you would like to proceed with deposition scheduling all the same, we are available to meet and confer regarding timing and logistics. For efficiency's sake, I am copying counsel for the other similarly situated firms. (Apologies if I've overlooked anyone.)
Best regards
Bill

William J. Trunk
2000 K Street, N.W., 4th Floor, Washington, DC 20006
Office: (202) 775-4517 * Cell: (914) 204-2305
wtrunk@robbinsrussell.com
www.robbinsrussell.com

**From:** Eisinger, Vince <VEisinger@gibsondunn.com>
**Sent:** Monday, December 20, 2021 10:51 AM
**To:** Robbins, Larry <lrobbins@robbinsrussell.com>; Trunk, William <wtrunk@robbinsrussell.com>
**Cc:** Currie, Kelly <KCurrie@crowell.com>; Halstead, Ellen <EHalstead@crowell.com>; Aviad, Nimi <NAviad@crowell.com>; Hallowell, James <JHallowell@gibsondunn.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Zadek, Alec <AZadek@mintz.com>; Rudman, Samuel N. <srudman@choate.com>
**Subject:** In Re Boy Scouts of America, No. 20-10343 (LSS) - Deposition
Dear Counsel,
As you are aware, the Court has authorized a deposition of your client, ASK LLP, regarding soliciting, drafting, and submitting proofs of claims, and related subjects. Counsel for Zurich indicated in a prior meet and confer that we would contact you with the name of an attorney whom we wish to depose. On consideration, we would like to schedule the deposition of David Stern. Please let us know some dates, after your

production of documents is expected to be complete, on which David Stern would be available for a deposition.

Regards,

**Vince Eisinger**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3993 • Fax +1 212.817.9593
VEisinger@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

* * * * * *
This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and

then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,

Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

This message may contain confidential and privileged information for the sole use of the intended
recipient. Any review, disclosure, distribution by others or forwarding without express permission is
strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our
privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review,
disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review,
disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review,
disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review,
disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review,
disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

PUBLIC VERSION
WITH REDACTIONS

# Exhibit "C"

| Claim No. | Bates Numbers | Document(s) Description and Dates | Document(s) Description and Dates (Feb Update) | Author (From) | Recipients (To) | Claimed Privilege | Feb Update |
|---|---|---|---|---|---|---|---|
| | 1617-1626; 1974-1978 | RFP No. 2. AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). RFP No. 8. AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1617-1626; 1974-1978 | RFP No. 8. AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1617-1626; 1974-1978 | RFP No. 9. AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1617-1626; 1974-1978 | RFP No. AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1433-1442; 1979-1980 | RFP No. 2 Signed PEA (8/22/19); screenshot of Case Opp (10/7/20-5/3/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (8/30/19); text message authorizing ER to sign proof of claim (11/3/20); Client Auth to Release Info to Third Parties (7/15/21). | AIS internal email re change of address (11/3/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| | 1433-1442; 1979-1980 | **RFP No. 8:** Signed PEA (8/22/19); screenshot of Case Opgr (10/7/20-5/3/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (8/30/19); text message authorizing ER to sign proof of claim (11/3/20); Client Auth to Release Info to Third Parties (7/15/21). | AIS internal email re change of address (11/3/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1433-1442; 1979-1980 | **RFP No. 9:** Signed PEA (8/22/19); screenshot of Case Opgr (10/7/20-5/3/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (8/30/19); text message authorizing ER to sign proof of claim (11/3/20); Client Auth to Release Info to Third Parties (7/15/21). | AIS internal email re change of address (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1433-1442; 1979-1980 | **RFP No. 10:** Signed PEA (8/22/19); screenshot of Case Opgr (10/7/20-5/3/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (8/30/19); text message authorizing ER to sign proof of claim (11/3/20); Client Auth to Release Info to Third Parties (7/15/21). | AIS internal email re change of address (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1443-1463; 1981-1993 | **RFP No. 2** Signed PEA (11/25/19); Screenshot of Case Opgr (8/5/20-11/25/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/27/19); AIS Questionnaires (11/25/19). Text message authorizing ER to sign proof of claim (11/6/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (8/5/20). AIS internal emails regarding POC signing and calling client (8/21/20; 10/15/20; 11/1/20; 11/5/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1443-1463; 1981-1993 | **RFP No. 8:** Signed PEA (11/25/19); Screenshot of Case Opgr (8/5/20-11/25/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/27/19); AIS Questionnaires (11/25/19). Text message authorizing ER to sign proof of claim (11/6/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (8/5/20). AIS internal emails regarding POC signing and calling client (8/21/20; 10/15/20; 11/1/20; 11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 12 | | 1443-1463; 1981-1993 | **RFP No. 9.** Signed PEA (11/25/19). Screenshot of Case Opp (8/5/20-1/25/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/27/19); AIS Questionnaires (11/25/19). Text message authorizing ER to sign proof of claim (11/6/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (8/5/20). AIS internal email regarding POC signing and calling client (8/21/20, 10/15/20; 11/1/20; 11/5/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 13 | | 1443-1463; 1981-1993 | **RFP No. 10.** Signed PEA (11/25/19). Screenshot of Case Opp (8/5/20-1/25/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/27/19); AIS Questionnaires (11/25/19). Text message authorizing ER to sign proof of claim (11/6/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (8/5/20). AIS internal email regarding POC signing and calling client (8/21/20, 10/15/20; 11/1/20; 11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 14 | | 1485-1493; 1994-2121 | **RFP No. 2.** AIS email transmitting signed PEA (7/22/20). Screenshot of Case Opp (11/6/20-4/9/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (7/23/20). Signed PEAs (7/22/20). | AIS internal emails regarding POCs with excel spreadsheets re same (10/24/20-10/29/20; 11/6/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 15 | | 1485-1493; 1994-2121 | **RFP No. 8.** AIS email transmitting signed PEA (7/22/20). Screenshot of Case Opp (11/6/20-4/9/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (7/23/20). Signed PEAs (7/22/20). | AIS internal emails regarding POCs with excel spreadsheets re same (10/24/20-10/29/20; 11/6/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 16 | | 1485-1493; 1994-2121 | **RFP No. 9.** AIS email transmitting signed PEA (7/22/20). Screenshot of Case Opp (11/6/20-4/9/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (7/23/20). Signed PEAs (7/22/20). | AIS internal emails regarding POCs with excel spreadsheets re same (10/24/20-10/29/20; 11/6/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 17 | | 1485-1493; 1994-2121 | RFP No. 1. AIS email transmitting signed PEA (1/7/22/20). Screenshot of Case Opp (11/6/20-4/9/21) and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (7/22/20). Signed PEA (1/7/22/20). | AIS internal emails regarding POCs with excel spreadsheets re same (10/24/20-10/29/20; 11/6/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 18 | | 1384-1418; 2122-2128 | RFP No. 2. AIS email transmitting signed PEA (10/14/20). Screenshot of Case Opp (10/20/20-2/9/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/10/20). Signed PEA (9/27/20). AIS Intake form (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info from client for POC (10/20/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 19 | | 1384-1418; 2122-2128 | RFP No. 8. AIS email transmitting signed PEA (10/14/20). Screenshot of Case Opp (10/20/20-2/9/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/10/20). Signed PEA (9/27/20). AIS Intake form (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info from client for POC (10/20/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 20 | | 1384-1418; 2122-2128 | RFP No. 9. AIS email transmitting signed PEA (10/14/20). Screenshot of Case Opp (10/20/20-2/9/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/10/20). Signed PEA (9/27/20). AIS Intake form (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info from client for POC (10/20/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 21 | | 1384-1418; 2122-2128 | RFP No. 10. AIS email transmitting signed PEA (10/14/20). Screenshot of Case Opp (10/20/20-2/9/21)and Needles comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/10/20). Signed PEA (9/27/20). AIS Intake form (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info from client for POC (10/20/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 22 | ▮ | 1855-1863; 2129-2146 | **RFP No. 2.** AIS email transmitting signed PEA (10/30/20). Completed AIS questionnaire (10/23/20)); Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/6/20-8/19/21). Signed PEA (10/23/20). | AIS internal emails regarding POCs with excel spreadsheets re same (1/18/20; 12/10/20; 1/27/21; 7/2/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 23 | | 1855-1863; 2129-2146 | **RFP No. 8.** AIS email transmitting signed PEA (10/30/20). Completed AIS questionnaire (10/23/20)); Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/6/20-8/19/21). Signed PEA (10/23/20). | AIS internal emails regarding POCs with excel spreadsheets re same (1/18/20; 12/10/20; 1/27/21; 7/2/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 24 | | 1855-1863; 2129-2146 | **RFP No. 9.** AIS email transmitting signed PEA (10/30/20). Completed AIS questionnaire (10/23/20)); Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/6/20-8/19/21). Signed PEA (10/23/20). | AIS internal emails regarding POCs with excel spreadsheets re same (1/18/20; 12/10/20; 1/27/21; 7/2/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 25 | | 1855-1863; 2129-2146 | **RFP No. 10.** AIS email transmitting signed PEA (10/30/20). Completed AIS questionnaire (10/23/20)); Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (11/6/20-8/19/21). Signed PEA (10/23/20). | AIS internal emails regarding POCs with excel spreadsheets re same (1/18/20; 12/10/20; 1/27/21; 7/2/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 26 | ▮ | 1683-1697; 2147-2160 | **RFP No. 2.** Email transmitting signed agreement (8/14/20); CaseOpp (11/4/20-11/16/20) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions (8/16/20); Signed attorney representation agreement with addendum (8/11/20; 9/30/20). | AIS email with client giving permission to sign POC (11/4/20). AIS internal emails regarding POCs with excel spreadsheets re same (10/2/20). AIS internal email regarding pending questionnaire (9/30/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 27 | | 1683-1697; 2147-2160 | **RFP No. 8:** Email transmitting signed agreement (8/14/20); CaseOpp (11/4/20-11/16/20) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/16/20); Signed attorney representation agreement with addendum (8/11/20; 9/30/20). | AIS email with client giving permission to sign POC (11/4/20). AIS internal emails regarding POCs with excel spreadsheets re same (10/2/20). AIS internal email regarding pending questionnaire (9/30/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 28 | | 1683-1697; 2147-2160 | **RFP No. 9** Email transmitting signed agreement (8/14/20); CaseOpp (11/4/20-11/16/20) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/16/20); Signed attorney representation agreement with addendum (8/11/20; 9/30/20). | AIS email with client giving permission to sign POC (11/4/20). AIS internal emails regarding POCs with excel spreadsheets re same (10/2/20). AIS internal email regarding pending questionnaire (9/30/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 29 | | 1683-1697; 2147-2160 | **RFP No. 10:** Email transmitting signed agreement (8/14/20); CaseOpp (11/4/20-11/16/20) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/16/20); Signed attorney representation agreement with addendum (8/11/20; 9/30/20). | AIS email with client giving permission to sign POC (11/4/20). AIS internal emails regarding POCs with excel spreadsheets re same (10/2/20). AIS internal email regarding pending questionnaire (9/30/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 30 | | 1494-1519; 2161-2595 | **RFP No. 2:** AIS email transmitting signed PEA (10/11/20). Completed AIS questionnaire (9/29/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/15/20-1 12/22). Signed PEA (9/29/20). | AIS internal emails regarding POCs with excel spreadsheets re same (11/3/20). AIS internal email regarding pending questionnaire (10/13/20) and time sheets (10/15/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 31 | | 1494-1519; 2161-2595 | **RFP No. 8:** AIS email transmitting signed PEA (10/11/20). Completed AIS questionnaire (9/29/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/15/20-1 12/22). Signed PEA (9/29/20). | AIS internal emails regarding POCs with excel spreadsheets re same (11/3/20). AIS internal email regarding pending questionnaire (10/13/20) and time sheets (10/15/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 32 | 1494-1519; 2161-2595 | **RFP No. 9.** AIS email transmitting signed PEA (10/11/20). Completed AIS questionnaire (9/29/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/15/20-11/22/22). Signed PEA (9/29/20). | AIS internal emails regarding POCs with excel spreadsheets re same (11/3/20). AIS internal email regarding pending questionnaire (10/13/20) and time sheets (10/15/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 33 | 1494-1519; 2161-2595 | **RFP No. 10.** AIS email transmitting signed PEA (10/11/20). Completed AIS questionnaire (9/29/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/15/20-11/22/22). Signed PEA (9/29/20). | AIS internal emails regarding POCs with excel spreadsheets re same (11/3/20). AIS internal email regarding pending questionnaire (10/13/20) and time sheets (10/15/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 34 | 1536-1540; 2596-2597 | **RFP No. 2.** AIS email transmitting signed PEA (10/9/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submission and internal/AIS communications (10/20/20-2/10/21). Signed attorney representation agreement (10/7/20). | AIS email transmitting signed PEA (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 35 | 1536-1540; 2596-2597 | **RFP No. 8.** AIS email transmitting signed PEA (10/9/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submission and internal/AIS communications (10/20/20-2/10/21). Signed attorney representation agreement (10/7/20). | AIS email transmitting signed PEA (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 36 | 1536-1540; 2596-2597 | **RFP No. 9.** AIS email transmitting signed PEA (10/9/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submission and internal/AIS communications (10/20/20-2/10/21). Signed attorney representation agreement (10/7/20). | AIS email transmitting signed PEA (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 37 | | 1536-1540; 2596-2597 | RFP No. 10. AIS email transmitting signed PEA (10/9/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/20/20-2/19/21). Signed attorney representation agreement (10/7/20). | AIS email transmitting signed PEA (10/9/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 38 | | 1384-1418; 2598-2636 | RFP No. 2. Completed AIS questionnaire (5/3/19)). Screenshot of Case Opp comments (7/27/20-12/29/21) and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/12/19); Assignment agreement signed by client (7/6/21). PEA (5/3/19). | AIS internal emails regarding POCs with excel spreadsheets re same (1/13/20). AIS internal email regarding questionnaire (5/11/20; 7/23/20; 9/18/20; 10/26/20). Intake form and signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 39 | | 1384-1418; 2598-2636 | RFP No. 8. Completed AIS questionnaire (5/3/19)). Screenshot of Case Opp comments (7/27/20-12/29/21) and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/12/19); Assignment agreement signed by client (7/6/21). PEA (5/3/19). | AIS internal emails regarding POCs with excel spreadsheets re same (1/13/20). AIS internal email regarding questionnaire (5/11/20; 7/23/20; 9/18/20; 10/26/20). Intake form and signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 40 | | 1384-1418; 2598-2636 | RFP No. 9. Completed AIS questionnaire (5/3/19)). Screenshot of Case Opp comments (7/27/20-12/29/21) and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/12/19); Assignment agreement signed by client (7/6/21). PEA (5/3/19). | AIS internal emails regarding POCs with excel spreadsheets re same (1/13/20). AIS internal email regarding questionnaire (5/11/20; 7/23/20; 9/18/20; 10/26/20). Intake form and signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 41 | | 1384-1418; 2598-2636 | RFP No. 10. Completed AIS questionnaire (5/3/19)). Screenshot of Case Opp comments (7/27/20-12/29/21) and Needles with file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/12/19); Assignment agreement signed by client (7/6/21). PEA (5/3/19). | AIS internal emails regarding POCs with excel spreadsheets re same (1/13/20). AIS internal email regarding questionnaire (5/11/20; 7/23/20; 9/18/20; 10/26/20). Intake form and signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 42 | (dark) | 1698-1720; 2637 | RFP No. 2: Email (10/6/20); Text message authorizing ER to sign proof of claim (11/5/20); signed PEA (10/6/20); screenshot of Case Opp (10/19/20-2/15/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (6/29/20) | AIS email to client requesting client contact (2/8/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 43 | | 1698-1720; 2637 | RFP No. 8: Email (10/6/20); Text message authorizing ER to sign proof of claim (11/5/20); signed PEA (10/6/20); screenshot of Case Opp (10/19/20-2/15/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (6/29/20) | AIS email to client requesting client contact (2/8/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 44 | | 1698-1720; 2637 | RFP No. 9: Email (10/6/20); Text message authorizing ER to sign proof of claim (11/5/20); signed PEA (10/6/20); screenshot of Case Opp (10/19/20-2/15/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (6/29/20) | AIS email to client requesting client contact (2/8/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 45 | | 1698-1720; 2637 | RFP No. 10: Email (10/6/20); Text message authorizing ER to sign proof of claim (11/5/20); signed PEA (10/6/20); screenshot of Case Opp (10/19/20-2/15/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (6/29/20) | AIS email to client requesting client contact (2/8/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 46 | (dark) | 1662-1671; 2638-2697 | RFP No. 2: AIS email transmitting signed attorney representation agreement (8/18/20); Case Opp (9/14/20-11/17/20)and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/20/20); Signed attorney representation agreement (8/10/20). | AIS internal emails re status (10/5/20; 10/12/20; 10/30/20). AIS internal emails regarding time sheets with excel spreadsheets re: same (9/10/20; 10/12/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 47 | | 1663-1671; 2638-2697 | **RFP No. 8:** AIS email transmitting signed attorney representation agreement (8/18/20); CaseOpp (9/14/20-11/17/20)and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/20/20); Signed attorney representation agreement (8/10/20). | AIS internal emails re status (10/5/20; 10/12/20; 10/30/20). AIS internal emails regarding time sheets with excel spreadsheets re same (9/10/20; 10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 48 | | 1663-1671; 2638-2697 | **RFP No. 9:** AIS email transmitting signed attorney representation agreement (8/18/20); CaseOpp (9/14/20-11/17/20)and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/20/20); Signed attorney representation agreement (8/10/20). | AIS internal emails re status (10/5/20; 10/12/20; 10/30/20). AIS internal emails regarding time sheets with excel spreadsheets re same (9/10/20; 10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 49 | | 1663-1671; 2638-2697 | **RFP No. 10:** AIS email transmitting signed attorney representation agreement (8/18/20); CaseOpp (9/14/20-11/17/20)and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/20/20); Signed attorney representation agreement (8/10/20). | AIS internal emails re status (10/5/20; 10/12/20; 10/30/20). AIS internal emails regarding time sheets with excel spreadsheets re same (9/10/20; 10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 50 | | 1896; 2698-2706 | **RFP No. 2:** CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (10/29/20-6/30/21). | AIS internal email regarding POCs with excel spreadsheet re same (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 51 | | 1896; 2698-2706 | **RFP No. 8:** CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (10/29/20-6/30/21). | AIS internal email regarding POCs with excel spreadsheet re same (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 52 | | 1896; 2698-2706 | RFP No. 9. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/29/20-6/30/21). | AIS internal email regarding POCs with excel spreadsheet re same (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 53 | | 1896; 2698-2706 | RFP No. 10. CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/29/20-6/30/21). | AIS internal email regarding POCs with excel spreadsheet re same (11/3/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 54 | | 1765-1784; 2707-2710 | RFP No. 2. AIS email transmitting signed PEA (9/26/20). Completed AIS questionnaire (9/26/20); Screenshot of Case Opp comments (10/12/20-12/3/21) and Needles with file notes documenting ER communications with client about claim submission and internal/AIS communications (9/28/20). Signed PEA (9/26/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 55 | | 1765-1784; 2707-2710 | RFP No. 8. AIS email transmitting signed PEA (9/26/20). Completed AIS questionnaire (9/26/20); Screenshot of Case Opp comments (10/12/20-12/3/21) and Needles with file notes documenting ER communications with client about claim submission and internal/AIS communications (9/28/20). Signed PEA (9/26/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 56 | | 1765-1784; 2707-2710 | RFP No. 9. AIS email transmitting signed PEA (9/26/20). Completed AIS questionnaire (9/26/20); Screenshot of Case Opp comments (10/12/20-12/3/21) and Needles with file notes documenting ER communications with client about claim submission and internal/AIS communications (9/28/20). Signed PEA (9/26/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (10/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 57 | | 1765-1784; 2707-2710 | **RFP No. 10:** AIS email transmitting signed PEA (9/26/20). Completed AIS questionnaire (9/26/20). Screenshot of Case Opy comments (10/12/20-12/5/21) and Needles with the notes documenting ER communications with client about claim submissions and internal/AIS communications (9/28/20). Signed PEA (9/26/20). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (10/12/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 58 | | 1881-1890; 2711-2713 | **RFP No. 2:** Email (7/17/20); Text message authorizing ER to sign proof of claim (11/4/20); signed PEA (7/17/20); screenshots of Case Opy (10/9/20-3/16/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (7/20/20). | AIS email with client re: signing POC (1/20/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 59 | | 1881-1890; 2711-2713 | **RFP No. 8:** Email (7/17/20); Text message authorizing ER to sign proof of claim (11/4/20); signed PEA (7/17/20); screenshots of Case Opy (10/9/20-3/16/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (7/20/20). | AIS email with client re: signing POC (1/20/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 60 | | 1881-1890; 2711-2713 | **RFP No. 9:** Email (7/17/20); Text message authorizing ER to sign proof of claim (11/4/20); signed PEA (7/17/20); screenshots of Case Opy (10/9/20-3/16/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (7/20/20). | AIS email with client re: signing POC (1/20/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 61 | | 1881-1890; 2711-2713 | **RFP No. 10:** Email (7/17/20); Text message authorizing ER to sign proof of claim (11/4/20); signed PEA (7/17/20); screenshots of Case Opy (10/9/20-3/16/21); screenshot of Needles notes and comments documenting ER communications with client about claim submissions and internal/AIS communications (7/20/20). | AIS email with client re: signing POC (1/20/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 62 | | 1828-1835; 2714-2723 | **RFP No. 2.** AIS email transmitting signed PEA (1/6/20). Screenshot of Case Opp comments (11/5/20-11/5/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications 3/31/21). Signed PEA (1/6/20). | AIS email acknowledging receipt of signed PEA (1/6/20). AIS internal email re timesheet and excel spreadsheet re same (11/5/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 63 | | 1828-1835; 2714-2723 | **RFP No. 8.** AIS email transmitting signed PEA (1/6/20). Screenshot of Case Opp comments (11/5/20-11/5/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications 3/31/21). Signed PEA (1/6/20). | AIS email acknowledging receipt of signed PEA (1/6/20). AIS internal email re timesheet and excel spreadsheet re same (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 64 | | 1828-1835; 2714-2723 | **RFP No. 9.** AIS email transmitting signed PEA (1/6/20). Screenshot of Case Opp comments (11/5/20-11/5/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications 3/31/21). Signed PEA (1/6/20). | AIS email acknowledging receipt of signed PEA (1/6/20). AIS internal email re timesheet and excel spreadsheet re same (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 65 | | 1828-1835; 2714-2723 | **RFP No. 10.** AIS email transmitting signed PEA (1/6/20). Screenshot of Case Opp comments (11/5/20-11/5/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications 3/31/21). Signed PEA (1/6/20). | AIS email acknowledging receipt of signed PEA (1/6/20). AIS internal email re timesheet and excel spreadsheet re same (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 66 | | 1419-1432; 2724-2735 | **RFP No. 2.** Signed PEA (8/14/19). Completed AIS questionnaire (8/14/19). Screenshot of Case Opp comments (9/8/20-6/7/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (8/15/19). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (9/8/20). AIS internal emails re status of POC (9/8/20; 9/30/20). AIS internal email or phone calls with client (11/8/19; 11/5/20; 11/4/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 67 | 1419-1432; 2724-2735 | **RFP No. 8.** Signed PEA (8/14/19). Completed AIS questionnaire (8/14/19); Screenshot of Case Opp comments (9/8/20-6/7/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (8/15/19). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (9/8/20). AIS internal emails re status of POC (9/8/20; 9/30/20). AIS internal emails re phone calls with client (11/8/19; 11/3/20; 11/4/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 68 | 1419-1432; 2724-2735 | **RFP No. 9.** Signed PEA (8/14/19). Completed AIS questionnaire (8/14/19); Screenshot of Case Opp comments (9/8/20-6/7/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (8/15/19). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (9/8/20). AIS internal emails re status of POC (9/8/20; 9/30/20). AIS internal emails re phone calls with client (11/8/19; 11/3/20; 11/4/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 69 | 1419-1432; 2724-2735 | **RFP No. 10.** Signed PEA (8/14/19). Completed AIS questionnaire (8/14/19); Screenshot of Case Opp comments (9/8/20-6/7/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (8/15/19). | AIS email to client acknowledging receipt of completed questionnaire and requesting more info for POC (9/8/20). AIS internal emails re status of POC (9/8/20; 9/30/20). AIS internal emails re phone calls with client (11/8/19; 11/3/20; 11/4/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 70 | 1725-1738; 2736-2744 | **RFP No. 2.** AIS email transmitting signed PEA (8/20/20). Screenshot of Case Opp comments (11/2/20-12/11/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/14/20). Questionnaire with narrative entries dictated by client (8/20/20). Signed PEA (8/20/20). | AIS internal email re signing of POC (11/3/20), AIS internal email re status of POC 9/30/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 71 | 1725-1738; 2736-2744 | **RFP No. 8.** AIS email transmitting signed PEA (8/20/20). Screenshot of Case Opp comments (11/2/20-12/11/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/14/20). Questionnaire with narrative entries dictated by client (8/20/20). Signed PEA (8/20/20). | AIS internal email re signing of POC (11/3/20), AIS internal email re status of POC 9/30/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 72 | 1725-1738; 2736-2744 | **RFP No. 9:** AIS email transmitting signed PEA (8/20/20). Screenshot of Case Opp comments (11/12/20-12/11/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/14/20). Questionnaire with narrative entries dictated by client (8/20/20). Signed PEA (8/20/20). | AIS internal email re signing of POC (11/3/20). AIS internal email re status of POC 9/30/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 73 | 1725-1738; 2736-2744 | **RFP No. 10:** AIS email transmitting signed PEA (8/20/20). Screenshot of Case Opp comments (11/12/20-12/11/21) and Needles file notes documenting ER communications with client about claim submissions and internal/AIS communications (6/14/20). Questionnaire with narrative entries dictated by client (8/20/20). Signed PEA (8/20/20). | AIS internal email re signing of POC (11/3/20). AIS internal email re status of POC 9/30/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 74 | 1964-1968; 2745-2884 | **RFP No. 2:** Emails from Omni confirming claim upload (11/11/20; 11/13/20). CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (6/22/20-12/13/21). Signed PEA (2/20/20). | AIS email transmitting signed PEA (2/29/20). Excel spreadsheet re client info (not dated). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 75 | 1964-1968; 2745-2884 | **RFP No. 8:** Emails from Omni confirming claim upload (11/11/20; 11/13/20). CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (6/22/20-12/13/21). Signed PEA (2/20/20). | AIS email transmitting signed PEA (2/29/20). Excel spreadsheet re client info (not dated). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 76 | 1964-1968; 2745-2884 | **RFP No. 9:** Emails from Omni confirming claim upload (11/11/20; 11/13/20). CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (6/22/20-12/13/21). Signed PEA (2/20/20). | AIS email transmitting signed PEA (2/29/20). Excel spreadsheet re client info (not dated). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 77 | | 1964-1968; 2745-2884 | **RFP No. 10:** Emails from Omni confirming claim upload (11/11/20; 1/13/20). CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (2/20-12/13/21). Signed PEA (2/20/20). | AIS email transmitting signed PEA (2/29/20). Excel spreadsheet re client info (not dated). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 78 | | 1797-1804; 2885-2886 | **RFP No. 2:** Signed PEA (9/19/20); Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications (11/1/20-3/1/21). Completed AIS questionnaire with narrative entries dictated by client (9/19/20). | AIS email transmitting signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 79 | | 1797-1804; 2885-2886 | **RFP No. 8:** Signed PEA (9/19/20); Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications (11/1/20-3/1/21). Completed AIS questionnaire with narrative entries dictated by client (9/19/20). | AIS email transmitting signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 80 | | 1797-1804; 2885-2886 | **RFP No. 9:** Signed PEA (9/19/20); Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications (11/1/20-3/1/21). Completed AIS questionnaire with narrative entries dictated by client (9/19/20). | AIS email transmitting signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 81 | | 1797-1804; 2885-2886 | **RFP No. 10:** Signed PEA (9/19/20); Screenshot of Case Opp comments documenting ER communications with client about claim submissions and internal/AIS communications (11/1/20-3/1/21). Completed AIS questionnaire with narrative entries dictated by client (9/19/20). | AIS email transmitting signed PEA (9/27/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 82 | | 1617-1626; 1974-1978 | **RFP No. 2.** AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 83 | | 1617-1626; 1974-1978 | **RFP No. 8.** AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 84 | | 1617-1626; 1974-1978 | **RFP No. 9.** AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and Noodles screenshots and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 85 | | 1617-1626; 1974-1978 | **RFP No. 10.** AIS email transmitting completed intake form and signed PEA (10/14/20). Screenshot of Case Opp comments and file notes documenting ER communications with client about claim submissions and internal/AIS communications (10/16/20-9/29/21). Completed questionnaire and intake form with narrative entries dictated by client (9/27/20); signed PEA (9/27/20). | AIS email to client acknowledging receipt of completed questionnaire and transmitting POC form for completion by client (10/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 86 | | 1836-1846; 2887-2889 | **RFP No. 2.** AIS email transmitting signed PEA (8/12/20); Case Opp (10/28/20-1/7/22) and Noodles screenshots with comments and file notes documenting ER communications with AIS about claim submissions and internal/AIS communications (8/13/20); Completed questionnaire and intake form with narrative entries dictated by client (11/6/22); signed PEA (7/26/20). Election on ballot discrepancy with narrative entries dictated by the client (11/6/22); signed PEA (7/26/20). | AIS internal email re client requesting call back (9/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 87 | 1836-1846; 2387-2889 | **RFP No. 8:** AIS email transmitting signed PEA (8/12/20); CaseOpp (10/28/20-1/7/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/13/20); Election on ballot discrepancy with narrative entries dictated by the client (1/10/22); signed PEA (7/26/20). | AIS internal email re client requesting call back (9/24/21). | Various legal professionals at ER and/or client. |  | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 88 | 1836-1846; 2387-2889 | **RFP No. 9:** AIS email transmitting signed PEA (8/12/20); CaseOpp (10/28/20-1/7/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/13/20); Election on ballot discrepancy with narrative entries dictated by the client (1/10/22); signed PEA (7/26/20). | AIS internal email re client requesting call back (9/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 89 | 1836-1846; 2387-2889 | **RFP No. 10:** AIS email transmitting signed PEA (8/12/20); CaseOpp (10/28/20-1/7/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/13/20); Election on ballot discrepancy with narrative entries dictated by the client (1/10/22); signed PEA (7/26/20). | AIS internal email re client requesting call back (9/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 90 | 1904-1914; 2890-2892 | **RFP No. 2:** CaseOpp (11/9/20-1/13/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (12/14/20); Questionaire with narrative entries dictated by the client (11/5/20); signed PEA (11/5/20). | AIS internal emails re status of POC (11/9/20; 11/11/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 91 | 1904-1914; 2890-2892 | **RFP No. 8:** CaseOpp (11/9/20-1/13/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (12/14/20); Questionaire with narrative entries dictated by the client (11/5/20); signed PEA (11/5/20). | AIS internal emails re status of POC (11/9/20; 11/11/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 92 | | 1904-1914; 2890-2892 | **RFP No. 9**: CaseOpp (11/9/20-1/13/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (12/14/20); Questionnaire with narrative entries dictated by the client (11/5/20); signed PEA (11/5/20). | AIS internal emails re status of POC (11/9/20, 11/11/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 93 | | 1904-1914; 2890-2892 | **RFP No. 10**: CaseOpp (11/9/20-1/13/22) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (12/14/20); Questionnaire with narrative entries dictated by the client (11/5/20); signed PEA (11/5/20). | AIS internal emails re status of POC (11/9/20, 11/11/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 94 | | 1520-1523; 2893-2895 | **RFP No. 2**: AIS email transmitting signed PEA (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (10/26/20-2/10/21); Signed PEA (10/26/20). | AIS email to client re questionnaire and POC (10/26/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 95 | | 1520-1523; 2893-2895 | **RFP No. 8**: AIS email transmitting signed PEA (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (10/26/20-2/10/21); Signed PEA (10/26/20). | AIS email to client re questionnaire and POC (10/26/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 96 | | 1520-1523; 2893-2895 | **RFP No. 9**: AIS email transmitting signed PEA (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (10/26/20-2/10/21); Signed PEA (10/26/20). | AIS email to client re questionnaire and POC (10/26/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 97 | | 1520-1523; 2893-2895 | RFP No. 10: AIS email transmitting signed PEA and intake form (10/14/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/26/20-2/10/21); Signed PEA (10/26/20). | AIS email to client re questionnaire and POC (10/26/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 98 | | 1613-1616; 2896-2911 | RFP No. 2: AIS email transmitting signed PEA and intake form (10/14/20); CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/26/20-1/12/21); Intake form completed by client (9/25/20); Signed PEA (9/25/20). | AIS emails to client acknowledging receipt of intake form and requesting more info for POC (10/16/20; 10/29/20; 11/2/20; 11/9/20; 11/10/20; 12/8/20). AIS internal emails re POC status (11/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 99 | | 1613-1616; 2896-2911 | RFP No. 8: AIS email transmitting signed PEA and intake form (10/14/20); CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/26/20-1/12/21); Intake form completed by client (9/25/20); Signed PEA (9/25/20). | AIS emails to client acknowledging receipt of intake form and requesting more info for POC (10/16/20; 10/29/20; 11/2/20; 11/9/20; 11/10/20; 12/8/20). AIS internal emails re POC status (11/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 100 | | 1613-1616; 2896-2911 | RFP No. 9: AIS email transmitting signed PEA and intake form (10/14/20); CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/26/20-1/12/21); Intake form completed by client (9/25/20); Signed PEA (9/25/20). | AIS emails to client acknowledging receipt of intake form and requesting more info for POC (10/16/20; 10/29/20; 11/2/20; 11/9/20; 11/10/20; 12/8/20). AIS internal emails re POC status (11/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 101 | | 1613-1616; 2896-2911 | RFP No. 10: AIS email transmitting signed PEA and intake form (10/14/20); CaseOpp screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/26/20-1/12/21); Intake form completed by client (9/25/20); Signed PEA (9/25/20). | AIS emails to client acknowledging receipt of intake form and requesting more info for POC (10/16/20; 10/29/20; 11/2/20; 11/9/20; 11/10/20; 12/8/20). AIS internal emails re POC status (11/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 102 | | 1649-1661; 2912-2916 | **RFP No. 2**: AIS email transmitting signed PEA (8/28/20); CaseOpr (10/20/20-1/14/21) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/31/20); Questionnaire with narrative entries dictated by client (8/28/20). Signed PEA (8/28/20). | AIS emails to client acknowledging receipt of questionnaire and requesting more info for POC (10/20/20; 12/11/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 103 | | 1649-1661; 2912-2916 | **RFP No. 8**: AIS email transmitting signed PEA (8/28/20); CaseOpr (10/20/20-1/14/21) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/31/20); Questionnaire with narrative entries dictated by client (8/28/20). Signed PEA (8/28/20). | AIS emails to client acknowledging receipt of questionnaire and requesting more info for POC (10/20/20; 12/11/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 104 | | 1649-1661; 2912-2916 | **RFP No. 9**: AIS email transmitting signed PEA (8/28/20); CaseOpr (10/20/20-1/14/21) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/31/20); Questionnaire with narrative entries dictated by client (8/28/20). Signed PEA (8/28/20). | AIS emails to client acknowledging receipt of questionnaire and requesting more info for POC (10/20/20; 12/11/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 105 | | 1649-1661; 2912-2916 | **RFP No. 10**: AIS email transmitting signed PEA (10/20/20-1/14/21) and Needles screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (8/31/20); Questionnaire with narrative entries dictated by client (8/28/20). Signed PEA (8/28/20). | AIS emails to client acknowledging receipt of questionnaire and requesting more info for POC (10/20/20; 12/11/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 106 | | 1847-1854; 2917-2921 | **RFP No. 2**: AIS email transmitting signed PEA (9/4/20); CaseOpr (11/13/20-12/11/20) and Needles (9/8/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/9/20). | AIS email to client requesting more info for POC (10/22/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 107 | 1847-1854; 2917-2921 | **RFP No. 8.** AIS email transmitting signed PEA (9/4/20); CaseOpp (11/13/20a-12/11/20) and Needles (9/8/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/3/20). | AIS email to client requesting more info for POC (10/22/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 108 | 1847-1854; 2917-2921 | **RFP No. 9.** AIS email transmitting signed PEA (9/4/20); CaseOpp (11/13/20a-12/11/20) and Needles (9/8/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/3/20). | AIS email to client requesting more info for POC (10/22/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 109 | 1847-1854; 2917-2921 | **RFP No. 10.** AIS email transmitting signed PEA (9/4/20); CaseOpp (11/13/20-12/11/20) and Needles (9/8/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/3/20). | AIS email to client requesting more info for POC (10/22/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 110 | 1897-1903; 2922-2925 | **RFP No. 2.** CaseOpp (11/1/20-4/9/21) screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client (10/29/20); signed PEA (10/29/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (11/1/20). AIS email transmitting signed PEA (10/29/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 111 | 1897-1903; 2922-2925 | **RFP No. 8.** CaseOpp (11/1/20-4/9/21) screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client (10/29/20); signed PEA (10/29/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (11/1/20). AIS email transmitting signed PEA (10/29/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| | 1897-1903; 2922-2925 | **RFP No. 9**/ CaseOpp (11/1/20-4/9/21) screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client (10/29/20; signed PEA (10/29/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (11/1/20). AIS email transmitting signed PEA (10/29/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1897-1903; 2922-2925 | **RFP No. 10**/ CaseOpp (11/1/20-4/9/21) screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by the client (10/29/20; signed PEA (10/29/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (11/1/20). AIS email transmitting signed PEA (10/29/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| ▮ | 1559-1569; 2926-2929 | **RFP No. 2**. AIS email transmitting signed PEA and intake form (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-6/7/21); Questionnaire and intake form with narrative entries dictated by client (10/16/20); signed PEA (10/17/20). | AIS email to client requesting more info for POC (6/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1559-1569; 2926-2929 | **RFP No. 8**. AIS email transmitting signed PEA and intake form (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-6/7/21); Questionnaire and intake form with narrative entries dictated by client (10/16/20); signed PEA (10/17/20). | AIS email to client requesting more info for POC (6/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1559-1569; 2926-2929 | **RFP No. 9**. AIS email transmitting signed PEA and intake form (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-6/7/21); Questionnaire and intake form with narrative entries dictated by client (10/16/20); signed PEA (10/17/20). | AIS email to client requesting more info for POC (6/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 117 | 1559-1569; 2926-2929 | **RFP No. 10:** AIS email transmitting signed PEA and intake form (10/26/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications (11/13/20-6/7/21); Questionnaire and intake form with narrative entries dictated by client (10/16/20); signed PEA (10/17/20). | AIS email to client requesting more info for POC (6/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 118 | 1739-1752; 2930-2933 | **RFP No. 2:** AIS Email transmitting signed PEA (8/4/20); CaseOpp (11/11/20-3/30/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (6/26/20); signed PEA (6/26/20). | AIS internal email re incorrect email for client (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 119 | 1739-1752; 2930-2933 | **RFP No. 8:** AIS Email transmitting signed PEA (8/4/20); CaseOpp (11/11/20-3/30/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (6/26/20); signed PEA (6/26/20). | AIS internal email re incorrect email for client (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 120 | 1739-1752; 2930-2933 | **RFP No. 9:** AIS Email transmitting signed PEA (8/4/20); CaseOpp (11/11/20-3/30/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (6/26/20); signed PEA (6/26/20). | AIS internal email re incorrect email for client (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 121 | 1739-1752; 2930-2933 | **RFP No. 10:** AIS Email transmitting signed PEA (8/4/20); CaseOpp (11/11/20-3/30/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (6/26/20); signed PEA (6/26/20). | AIS internal email re incorrect email for client (10/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 122 | 1753-1764; 2934-2968 | **RFP No. 2.** AIS Email transmitting signed PEA (7/23/20); CaseOpp (10/9/20-6/7/21) and Needles (7/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (7/22/20); signed PEA (7/22/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (10/9/20). AIS internal email re POCs (11/19/20). AIS internal email re calling client (11/10/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 123 | 1753-1764; 2934-2968 | **RFP No. 8.** AIS Email transmitting signed PEA (7/23/20); CaseOpp (10/9/20-6/7/21) and Needles (7/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (7/22/20); signed PEA (7/22/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (10/9/20). AIS internal email re POCs (11/19/20). AIS internal email re calling client (11/10/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 124 | 1753-1764; 2934-2968 | **RFP No. 9.** AIS Email transmitting signed PEA (7/23/20); CaseOpp (10/9/20-6/7/21) and Needles (7/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (7/22/20); signed PEA (7/22/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (10/9/20). AIS internal email re POCs (11/19/20). AIS internal email re calling client (11/10/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 125 | 1753-1764; 2934-2968 | **RFP No. 10.** AIS Email transmitting signed PEA (7/23/20); CaseOpp (10/9/20-6/7/21) and Needles (7/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (7/22/20); signed PEA (7/22/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (10/9/20). AIS internal email re POCs (11/19/20). AIS internal email re calling client (11/10/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 126 | 1925-1934; 2969-2970 | **RFP No. 2.** CaseOpp (7/10/20) and Needles (7/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/10/20); Attorney representation agreement (7/10/20). | AIS email transmitting signed rep agreement (7/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 127 | | 1925-1934; 2969-2970 | **RFP No. 8**; CaseOpp (7/10/20) and Needles (7/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/10/20); Attorney representation agreement (7/10/20). | AIS email transmitting signed rep agreement (7/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 128 | | 1925-1934; 2969-2970 | **RFP No. 9**; CaseOpp (7/10/20) and Needles (7/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/10/20); Attorney representation agreement (7/10/20). | AIS email transmitting signed rep agreement (7/12/20). | | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 129 | | 1925-1934; 2969-2970 | **RFP No. 10**; CaseOpp (7/10/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/10/20); Attorney representation agreement (7/10/20). | AIS email transmitting signed rep agreement (7/12/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | |
| 130 | | 1585-1606; 2971-2972 | **RFP No. 2**; AIS email transmitting intake form and signed PEA (9/30/20); CaseOpp (11/13/20-9/21/21) and Needles (12/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client (9/8/20). Signed PEA (9/8/20) with signed Addendum (9/22/21). | AIS email to client re POC (12/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 131 | | 1585-1606; 2971-2972 | **RFP No. 8**; AIS email transmitting intake form and signed PEA (9/30/20); CaseOpp (11/13/20-9/21/21) and Needles (12/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client (9/8/20). Signed PEA (9/8/20) with signed Addendum (9/22/21). | AIS email to client re POC (12/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 132 | | 1585-1606; 2971-2972 | RFP No. 9. AIS email transmitting intake form and signed PEA (9/30/20); CaseOpp (11/13/20-9/21/21) and Needles (1/28/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client (9/8/20). Signed PEA (9/8/20) with signed Addendum (9/22/21). | AIS email to client re POC (12/9/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 133 | | 1585-1606; 2971-2972 | RFP No. 10. AIS email transmitting intake form and signed PEA (9/30/20); CaseOpp (11/13/20-9/21/21) and Needles (1/28/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Intake form with narrative entries dictated by client (9/8/20). Signed PEA (9/8/20) with signed Addendum (9/22/21). | AIS email to client re POC (12/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 134 | ▮ | 1541-1558; 2973-3670 | RFP No. 2. AIS email transmitting signed PEA (10/20/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-1/14/21); Intake form and questionnaire with narrative entries dictated by client (10/9/20); Signed PEA (10/9/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC status (9/28/21). Time sheet (10/26/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 135 | | 1541-1558; 2973-3670 | RFP No. 8. AIS email transmitting signed PEA (10/20/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-1/14/21); Intake form and questionnaire with narrative entries dictated by client (10/9/20); Signed PEA (10/9/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC status (9/28/21). AIS internal email re POCs with list of POC status (9/28/21). Time sheet (10/26/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 136 | | 1541-1558; 2973-3670 | RFP No. 9. AIS email transmitting signed PEA (10/20/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/13/20-1/14/21); Intake form and questionnaire with narrative entries dictated by client (10/9/20); Signed PEA (10/9/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC status (9/28/21). AIS internal email re POCs with list of POC status (9/28/21). Time sheet (10/26/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorney's paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 137 | | 1541-1558; 2973-3670 | **RFP No. 10:** AIS email transmitting signed PEA (10/20/20); CaseOpp screenshot with communications and file notes documenting ER submissions with AIS client about claims submissions and internal/AIS communications (11/13/20-11/14/21); Intake form and questionnaires with narrative entries dictated by client (10/9/20); Signed PEA (10/9/20). | AIS email to client acknowledging receipt of questionnaire and requesting more info for POC (10/26/20). AIS internal email re POC with list of POC status (9/28/21). Time sheet (10/26/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 138 | | 1635-1638; 3671-3684 | **RFP No. 2:** AIS email transmitting signed PEA (10/15/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/12/20-1/9/21); Signed PEA (10/10/20). | AIS email to client re POC (12/7/20). AIS internal emails re daily sheets and POCs (11/12/20; 12/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 139 | | 1635-1638; 3671-3684 | **RFP No. 8:** AIS email transmitting signed PEA (10/15/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/12/20-1/9/21); Signed PEA (10/10/20). | AIS email to client re POC (12/7/20). AIS internal emails re daily sheets and POCs (11/12/20; 12/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 140 | | 1635-1638; 3671-3684 | **RFP No. 9:** AIS email transmitting signed PEA (10/15/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/12/20-1/9/21); Signed PEA (10/10/20). | AIS email to client re POC (12/7/20). AIS internal emails re daily sheets and POCs (11/12/20; 12/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 141 | | 1635-1638; 3671-3684 | **RFP No. 10:** AIS email transmitting signed PEA (10/15/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/12/20-1/9/21); Signed PEA (10/10/20). | AIS email to client re POC (12/7/20). AIS internal emails re daily sheets and POCs (11/12/20; 12/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| | 1577-1584; 3685-3701 | **RFP No. 2.** AIS email transmitting signed PEA (9/18/20); CaseOpy (11/12/20-2/17/21)and Needles (9/25/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/17/20). | AIS email to client re POC (12/8/20). AIS internal emails re daily sheets and POCs (12/8/20; 12/15/20; 9/28/21). | Various legal professionals at ER and/or client | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1577-1584; 3685-3701 | **RFP No. 8.** AIS email transmitting signed PEA (9/18/20); CaseOpy (11/12/20-2/17/21)and Needles (9/25/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/17/20). | AIS email to client re POC (12/8/20). AIS internal emails re daily sheets and POCs (12/8/20; 12/15/20; 9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1577-1584; 3685-3701 | **RFP No. 9.** AIS email transmitting signed PEA (9/18/20); CaseOpy (11/12/20-2/17/21)and Needles (9/25/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/17/20). | AIS email to client re POC (12/8/20). AIS internal emails re daily sheets and POCs (12/8/20; 12/15/20; 9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1577-1584; 3685-3701 | **RFP No. 10.** AIS email transmitting signed PEA (9/18/20); CaseOpy (11/12/20-2/17/21)and Needles (9/25/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (9/17/20). | AIS email to client re POC (12/8/20). AIS internal emails re daily sheets and POCs (12/8/20; 12/15/20; 9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1891-1895 3702-3710 | **RFP No. 2.** CaseOpy (10/29/20-1/7/22) and Needles (8/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/20/20). | AIS email transmitting signed PEA (8/20/20). AIS emails to client re POC (11/4/20; 11/5/20; 1/22/21; 2/5/21) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 147 | | 1891-1895 3702-3710 | **RFP No. 8:** CaseOpp (10/29/20-1/7/22) and Needles (8/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/20/20). | AIS email transmitting signed PEA (8/20/20). AIS emails to client re POC (11/4/20; 11/5/20; 1/22/21; 2/5/21) | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 148 | | 1891-1895 3702-3710 | **RFP No. 9:** CaseOpp (10/29/20-1/7/22) and Needles (8/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/20/20). | AIS email transmitting signed PEA (8/20/20). AIS emails to client re POC (11/4/20; 11/5/20; 1/22/21; 2/5/21) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 149 | | 1891-1895 3702-3710 | **RFP No. 10:** CaseOpp (10/29/20-1/7/22) and Needles (8/23/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/20/20). | AIS email transmitting signed PEA (8/20/20). AIS emails to client re POC (11/4/20; 11/5/20; 1/22/21; 2/5/21) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 150 | | 1672-1682; 3711-3717 | **RFP No. 2:** AIS email transmitting attorney representation agreement (8/6/20); CaseOpp (10/1/20-6/17/21) and Needles (8/6/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement (8/5/20). | N/A | | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 151 | | 1672-1682; 3711-3717 | **RFP No. 8:** AIS email transmitting attorney representation agreement (8/6/20); CaseOpp (10/1/20-6/17/21) and Needles (8/6/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement (8/5/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 152 | | 1672-1682; 3711-3717 | **RFP No. 9.** AIS email transmitting attorney representation agreement (8/6/20); CaseOpp (10/1/20-6/17/21) and Needles (8/6/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement (8/5/20) | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 153 | | 1672-1682; 3711-3717 | **RFP No. 10.** AIS email transmitting attorney representation agreement (8/6/20); CaseOpp (10/1/20-6/17/21) and Needles (8/6/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed attorney representation agreement (8/5/20) | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 154 | | 1818-1827; 3718-3719 | **RFP No. 2.** CaseOpp (10/21/20-10/1/21) and Needles (10/1/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/19/19); signed PEA (9/19/19). | AIS emails to client re POC (2/5/21; 2/11/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 155 | | 1818-1827; 3718-3719 | **RFP No. 8.** CaseOpp (10/21/20-10/1/21) and Needles (10/1/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/19/19); signed PEA (9/19/19). | AIS emails to client re POC (2/5/21; 2/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 156 | | 1818-1827; 3718-3719 | **RFP No. 9.** CaseOpp (10/21/20-10/1/21) and Needles (10/1/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/19/19); signed PEA (9/19/19). | AIS emails to client re POC (2/5/21; 2/11/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 157 | 1818-1827; 3718-3719 | **RFP No. 10:** CaseOpp (10/21/20-10/1/21) and Needles (10/1/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/19/19); signed PEA (9/19/19). | AIS emails to client re POC (2/5/21; 2/11/21). | Various legal professionals at ER and/or client. |  | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 158 | 1721-1724; 8376-8377 | **RFP No. 2:** AIS email transmitting signed PEA (10/18/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/14/20); signed PEA (10/7/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 159 | 1721-1724; 8376-8377 | **RFP No. 8:** AIS email transmitting signed PEA (10/18/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/14/20); signed PEA (10/7/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 160 | 1721-1724; 8376-8377 | **RFP No. 9:** AIS email transmitting signed PEA (10/18/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/14/20); signed PEA (10/7/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 161 | 1721-1724; 8376-8377 | **RFP No. 10:** AIS email transmitting signed PEA (10/18/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (11/14/20); signed PEA (10/7/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 162 | 1321-1353; 3720-5844 | **RFP No. 2:** AIS email transmitting AIS questionnaire completed by client (1/14/20); CaseCpy (8/3/20-4/27/21) and Needles (10/6/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (8/3/20); Signed PEA (8/3/20). | AIS internal emails re time sheets with excel spreadsheet re same (8/3/20). AIS internal email re status of clients (9/18/20). AIS internal email re mass mailing list with excel spreadsheet re same (4/22/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovery/ing party in assessing the privilege claim. | ER has logged additional internal ER email communications, work ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 163 | 1321-1353; 3720-5844 | **RFP No. 8:** AIS email transmitting AIS questionnaire completed by client (1/14/20); CaseCpy (8/3/20-4/27/21) and Needles (10/6/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (8/3/20); Signed PEA (8/3/20). | AIS internal emails re time sheets with excel spreadsheet re same (8/3/20). AIS internal email re status of clients (9/18/20). AIS internal email re mass mailing list with excel spreadsheet re same (4/22/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovery/ing party in assessing the privilege claim. | ER has logged additional internal ER email communications, work ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 164 | 1321-1353; 3720-5844 | **RFP No. 9:** AIS email transmitting AIS questionnaire completed by client (1/14/20); CaseCpy (8/3/20-4/27/21) and Needles (10/6/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (8/3/20); Signed PEA (8/3/20). | AIS internal emails re time sheets with excel spreadsheet re same (8/3/20). AIS internal email re status of clients (9/18/20). AIS internal email re mass mailing list with excel spreadsheet re same (4/22/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovery/ing party in assessing the privilege claim. | ER has logged additional internal ER email communications, work ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 165 | 1321-1353; 3720-5844 | **RFP No. 10:** AIS email transmitting AIS questionnaire completed by client (1/14/20); CaseCpy (8/3/20-4/27/21) and Needles (10/6/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (8/3/20); Signed PEA (8/3/20). | AIS internal emails re time sheets with excel spreadsheet re same (8/3/20). AIS internal email re status of clients (9/18/20). AIS internal email re mass mailing list with excel spreadsheet re same (4/22/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovery/ing party in assessing the privilege claim. | ER has logged additional internal ER email communications, work ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 166 | 1639-1648; 5845-5848 | **RFP No. 2:** AIS email transmitting signed PEA (10/27/20); CaseCpy screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/28/20-5/10/21); Questionnaire with narrative entries dictated by client (10/15/20); Signed PEA (10/15/20). | AIS internal email re POC status list (10/28/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovery/ing party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 167 | 1639-1648; 5845-5848 | **RFP No. 8:** AIS email transmitting signed PEA (10/27/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/28/20-5/10/21); Questionnaire with narrative entries dictated by client (10/15/20); Signed PEA (10/15/20). | AIS internal email re POC status list (10/28/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 168 | 1639-1648; 5845-5848 | **RFP No. 9:** AIS email transmitting signed PEA (10/27/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/28/20-5/10/21); Questionnaire with narrative entries dictated by client (10/15/20); Signed PEA (10/15/20). | AIS internal email re POC status list (10/28/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 169 | 1639-1648; 5845-5848 | **RFP No. 10:** AIS email transmitting signed PEA (10/27/20); CaseOpp screenshot with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications (10/28/20-5/10/21); Questionnaire with narrative entries dictated by client (10/15/20); Signed PEA (10/15/20). | AIS internal email re POC status list (10/28/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 170 | 1354-1376; 5849-6353 | **RFP No. 2:** CaseOpp (7/20/20-1/5/21) and Needles (4/16/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaires and Records Comprehensive chart with narrative entries dictated by client (4/8/19). Signed PEA (4/8/19). | AIS internal email re questionnaire (5/19/20). AIS internal emails re POC (9/18/20; 1/15/20; 1/6/21). AIS internal email re call back client (11/5/20). Time sheets (10/23/20; 11/5/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 171 | 1354-1376; 5849-6353 | **RFP No. 8:** CaseOpp (7/20/20-1/5/21) and Needles (4/16/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Questionnaires and Records Comprehensive chart with narrative entries dictated by client (4/8/19). Signed PEA (4/8/19). | AIS internal email re questionnaire (5/19/20). AIS internal emails re POC (9/18/20; 1/15/20; 1/6/21). AIS internal email re call back client (11/5/20). Time sheets (10/23/20; 11/5/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 172 | | 1354-1376; 5849-6353 | RFP No. 9. CaseOpp (7/20/20-1/5/21) and Needles (4/16/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal AIS communications. Questionnaires and Records. Comprehensive chart with narrative entries dictated by client (4/8/19). Signed PEA (4/8/19). | AIS internal email re questionnaire (5/19/20). AIS internal emails re POC (9/18/20; 11/5/20; 1/6/21). AIS internal email re call back client (11/5/20). Time sheets (10/23/20; 11/5/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 173 | | 1354-1376; 5849-6353 | RFP No. 10. CaseOpp (7/20/20-1/5/21) and Needles (4/16/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal AIS communications. Questionnaires and Records. Comprehensive chart with narrative entries dictated by client (4/8/19). Signed PEA (4/8/19). | AIS internal emails re POC (9/18/20; 11/5/20; 1/6/21). AIS internal email re call back client (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 174 | | 1377-1383; 6354-6866 | RFP No. 2. CaseOpp (10/7/20-2/23/21) and Needles (8/16/19) screenshots with comments and file notes documenting AIS communications with AIS client about claims submissions and internal AIS communications; Signed PEA (8/13/19). | AIS internal emails re time sheet with spreadsheet re same (10/23/20; 12/10/20; 12/15/20). AIS emails to client re POC (10/7/20; 10/23/20). AIS internal emails re client call back (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 175 | | 1377-1383; 6354-6866 | RFP No. 8. CaseOpp (10/7/20-2/23/21) and Needles (8/16/19) screenshots with comments and file notes documenting AIS communications with AIS client about claims submissions and internal AIS communications; Signed PEA (8/13/19). | AIS internal emails re time sheet with spreadsheet re same (10/23/20; 12/10/20; 12/15/20). AIS emails to client re POC (10/7/20; 10/23/20). AIS internal emails re client call back (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 176 | | 1377-1383; 6354-6866 | RFP No. 9. CaseOpp (10/7/20-2/23/21) and Needles (8/16/19) screenshots with comments and file notes documenting AIS communications with AIS client about claims submissions and internal AIS communications; Signed PEA (8/13/19). | AIS internal emails re time sheet with spreadsheet re same (10/23/20; 12/10/20; 12/15/20). AIS emails to client re POC (10/7/20; 10/23/20). AIS internal emails re client call back (11/5/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 177 | | 1377-1383; 6354-6866 | RFP No. 10: CaseOpt (10/7/20-2/23/21) and Needles (8/16/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA (8/13/19). | AIS internal emails re time sheet with spreadsheet re same (10/23/20; 12/10/20; 12/15/20). AIS emails to client re POC (10/7/20; 10/23/20). AIS internal emails re client call back (1/15/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications for the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 178 | | 1915-1919; 6867-6881 | RFP No. 2: CaseOpt (11/8/20-9/21/21) and Needles (6/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/5/20). | AIS email transmitting signed PEA (11/8/20). AIS email to client re status of questionnaire (11/8/20). AIS email to client re POC (1/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 179 | | 1915-1919; 6867-6881 | RFP No. 8: CaseOpt (11/8/20-9/21/21) and Needles (6/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/5/20). | AIS email transmitting signed PEA (11/8/20). AIS email to client re status of questionnaire (11/8/20). AIS email to client re POC (1/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 180 | | 1915-1919; 6867-6881 | RFP No. 9: CaseOpt (11/8/20-9/21/21) and Needles (6/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/5/20). | AIS email transmitting signed PEA (11/8/20). AIS email to client re status of questionnaire (11/8/20). AIS email to client re POC (1/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 181 | | 1915-1919; 6867-6881 | RFP No. 10: CaseOpt (11/8/20-9/21/21) and Needles (6/8/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/5/20). | AIS email transmitting signed PEA (11/8/20). AIS email to client re status of questionnaire (11/8/20). AIS email to client re POC (1/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 182 | 1920-1924; 6882-6886 | **RFP No. 2**: CaseOpp (11/9/20-6/28/21) and Needles (6/4/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/8/20). | AIS email transmitting signed PEA (11/8/20), AIS internal email re POC (1/19/21; 2/5/21; 3/24/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 183 | 1920-1924; 6882-6886 | **RFP No. 8**: CaseOpp (11/9/20-6/28/21) and Needles (6/4/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/8/20). | AIS email transmitting signed PEA (11/8/20), AIS internal email re POC (1/19/21; 2/5/21; 3/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 184 | 1920-1924; 6882-6886 | **RFP No. 9**: CaseOpp (11/9/20-6/28/21) and Needles (6/4/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/8/20). | AIS email transmitting signed PEA (11/8/20), AIS internal email re POC (1/19/21; 2/5/21; 3/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 185 | 1920-1924; 6882-6886 | **RFP No. 10**: CaseOpp (11/9/20-6/28/21) and Needles (6/4/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; signed PEA (11/8/20). | AIS email transmitting signed PEA (11/8/20), AIS internal email re POC (1/19/21; 2/5/21; 3/24/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 186 | 1524-1535; 6887-6888 | **RFP No. 2**: AIS email transmitting signed PEA (9/25/20); CaseOpp (10/9/20-2/9/21) and Needles (12/17/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (9/21/20); Signed PEA (9/21/20). | N/A | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 187 | | 1524-1535; 6887-6888 | **RFP No. 8:** AIS email transmitting signed PEA (9/25/20); Case/Opy (10/9/20-2/9/21) and Needles (12/17/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (9/21/20); Signed PEA (9/21/20). | N/A | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 188 | | 1524-1535; 6887-6888 | **RFP No. 9:** AIS email transmitting signed PEA (9/25/20); Case/Opy (10/9/20-2/9/21) and Needles (12/17/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (9/21/20); Signed PEA (9/21/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 189 | | 1524-1535; 6887-6888 | **RFP No. 10:** AIS email transmitting signed PEA (9/25/20); Case/Opy (10/9/20-2/9/21) and Needles (12/17/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaires with narrative entries dictated by client (9/21/20); Signed PEA (9/21/20). | N/A | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 190 | | 1864-1880; 6889-6891 | **RFP No. 2:** AIS email transmitting signed PEA (5/13/20); Case/Opy (10/12/20-6/29/21) and Needles (12/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client (5/13/20); Signed PEA (5/13/20) with two addendums (9/29/20). | AIS email to client re POC (1/14/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 191 | | 1864-1880; 6889-6891 | **RFP No. 8:** AIS email transmitting signed PEA (5/13/20); Case/Opy (10/12/20-6/29/21) and Needles (12/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client (5/13/20); Signed PEA (5/13/20) with two addendums (9/29/20). | AIS email to client re POC (1/14/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 192 | | 1864-1880; 6889-6891 | RFP No. 9. AIS email transmitting signed PEA (5/13/20); CaseOpy (10/12/20-6/29/21) and Needles (5/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client (5/13/20); Signed PEA (5/13/20) with two addendums (9/29/20). | AIS email to client re POC (1/14/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 193 | | 1864-1880; 6889-6891 | RFP No. 10. AIS email transmitting signed PEA (5/13/20); CaseOpy (10/12/20-6/29/21) and Needles (5/14/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire with narrative entries dictated by client (5/13/20); Signed PEA (5/13/20) with two addendums (9/29/20). | AIS email to client re POC (1/14/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 194 | | 1943-1963; 6892-6916 | RFP No. 2. CaseOpy (8/11/20-11/23/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client (7/26/20); Signed attorney representation agreement (7/26/20). | AIS internal email re POC (10/1/20; 11/14/20). AIS email transmitting signed rep agreement (7/30/20). AIS internal email re time sheet with spread sheet (10/1/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 195 | | 1943-1963; 6892-6916 | RFP No. 8. CaseOpy (8/11/20-11/23/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client (7/26/20); Signed attorney representation agreement (7/26/20). | AIS internal email re POC (10/1/20; 11/14/20). AIS email transmitting signed rep agreement (7/30/20). AIS internal email re time sheet with spread sheet (10/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 196 | | 1943-1963; 6892-6916 | RFP No. 9. CaseOpy (8/11/20-11/23/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; questionnaire and intake form with narrative entries dictated by client (7/26/20); Signed attorney representation agreement (7/26/20). | AIS internal email re POC (10/1/20; 11/14/20). AIS email transmitting signed rep agreement (7/30/20). AIS internal email re time sheet with spread sheet (10/1/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 197 | | 1943-1963; 6892-6916 | **RFP No. 10**: CaseOpp (8/11/20-11/23/21) and Needles (8/3/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and intake communications; questionnaire and intake form with narrative entries dictated by client (7/26/20). Signed attorney representation agreement (7/26/20). | AIS internal emails re POC (10/1/20; 11/14/20). AIS email transmitting signed rep agreement (7/30/20). AIS internal email re time sheet with spread sheet (10/1/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more-detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 198 | ▬ | 1570-1576; 6917-6934 | **RFP No. 2**: AIS email transmitting signed PEA (8/4/20); CaseOpp (11/8/20-12/7/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER submissions and internal/AIS communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/3/20). | AIS internal emails re POC (9/8/20; 9/28/20; 11/7/20). AIS internal email re time sheets with spread sheets (10/1/20; 11/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 199 | | 1570-1576; 6917-6934 | **RFP No. 8**: AIS email transmitting signed PEA (8/4/20); CaseOpp (11/8/20-12/7/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER submissions and internal/AIS communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/3/20). | AIS internal emails re POC (9/8/20; 9/28/20; 11/7/20). AIS internal email re time sheets with spread sheets (10/1/20; 11/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 200 | | 1570-1576; 6917-6934 | **RFP No. 9**: AIS email transmitting signed PEA (8/4/20); CaseOpp (11/8/20-12/7/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER submissions and internal/AIS communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/3/20). | AIS internal emails re POC (9/8/20; 9/28/20; 11/7/20). AIS internal email re time sheets with spread sheets (10/1/20; 11/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 201 | | 1570-1576; 6917-6934 | **RFP No. 10**: AIS email transmitting signed PEA (8/4/20); CaseOpp (11/8/20-12/7/21) and Needles (8/5/20) screenshots with comments and file notes documenting ER submissions and internal/AIS communications with AIS client about claims submissions and internal/AIS communications; Signed PEA (8/3/20). | AIS internal emails re POC (9/8/20; 9/28/20; 11/7/20). AIS internal email re time sheets with spread sheets (10/1/20; 11/8/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 202 | | 1805-1817; 6935-3936 | **RFP No. 2**: CaseOpp (9/8/20-12/29/21) and Needles (9/20/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/14/19); signed PEA (9/14/19). | AIS internal email re POC (1/20/21).   AIS internal email re client contact list (12/29/21). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 203 | | 1805-1817; 6935-3936 | **RFP No. 8**: CaseOpp (9/8/20-12/29/21) and Needles (9/20/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/14/19); signed PEA (9/14/19). | AIS internal email re POC (1/20/21).   AIS internal email re client contact list (12/29/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 204 | | 1805-1817; 6935-3936 | **RFP No. 9**: CaseOpp (9/8/20-12/29/21) and Needles (9/20/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/14/19); signed PEA (9/14/19). | AIS internal email re POC (1/20/21).   AIS internal email re client contact list (12/29/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 205 | | 1805-1817; 6935-3936 | **RFP No. 10**: CaseOpp (9/8/20-12/29/21) and Needles (9/20/19) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/14/19); signed PEA (9/14/19). | AIS internal email re POC (1/20/21).   AIS internal email re client contact list (12/29/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 206 | | 1464-1470; 6937-7628 | **RFP No. 2**: AIS email transmitting signed PEA (10/10/20); CaseOpp (11/5/20-1/7/22) and Needles (10/20/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions; (Signed PEA (9/22/20). | AIS internal email re POC with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 207 | | 1464-1470; 6937-7628 | RFP No. 8. AIS email transmitting signed PEA (10/10/20); CaseOpp (11/5/20-1/7/22) and Needles (10/20/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA (9/22/20). | AIS internal email re POC with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 208 | | 1464-1470; 6937-7628 | RFP No. 9. AIS email transmitting signed PEA (10/10/20); CaseOpp (11/5/20-1/7/22) and Needles (10/20/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA (9/22/20). | AIS internal email re POC with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 209 | | 1464-1470; 6937-7628 | RFP No. 10. AIS email transmitting signed PEA (10/10/20); CaseOpp (11/5/20-1/7/22) and Needles (10/20/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications. Signed PEA (9/22/20). | AIS internal email re POC with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 210 | | 1607-1612; 7629-8331 | RFP No. 2. AIS email transmitting signed PEA and intake form (10/1/20); CaseOpp (11/1/20-1/06/21) and Needles (2/11/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client (9/8/20). Signed PEA (9/8/20). | AIS internal emails re time sheets with spread sheets (10/14/20; 11/1/20). AIS email to client re POC (10/21/20). AIS internal email re case list with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 211 | | 1607-1612; 7629-8331 | RFP No. 8. AIS email transmitting signed PEA and intake form (10/1/20); CaseOpp (11/1/20-1/06/21) and Needles (2/11/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client (9/8/20). Signed PEA (9/8/20). | AIS internal emails re time sheets with spread sheets (10/14/20; 11/1/20). AIS email to client re POC (10/21/20). AIS internal email re case list with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 212 | | 1607-1612; 7629-8331 | **RFP No. 9.** AIS email transmitting signed PEA and intake form (10/1/20); CaseOpp (11/1/20-10/6/21) and Needles (2/11/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client (9/8/20); Signed PEA (9/8/20). | AIS internal emails re time sheets with spread sheets (10/14/20; 11/1/20). AIS email to client re POC (10/21/20). AIS internal email re case list with list (9/28/21). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 213 | | 1607-1612; 7629-8331 | **RFP No. 10.** AIS email transmitting signed PEA and intake form (10/1/20); CaseOpp (11/1/20-10/6/21) and Needles (2/11/21) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form completed by client (9/8/20); Signed PEA (9/8/20). | AIS internal emails re time sheets with spread sheets (10/14/20; 11/1/20). AIS email to client re POC (10/21/20). AIS internal email re case list with list (9/28/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 214 | | 1471-1484; 8332-8335 | **RFP No. 2.** AIS email transmitting signed PEA (7/14/20). Completed AIS questionnaire (7/13/20); Screenshot of Case Opp (9/17/20-1/7/21) comments and Needles (7/15/20) file notes documenting ER communications with client about claim submission and internal/AIS communications; Signed PEA (7/13/20) with signed Addendum (9/29/20). | AIS email to client re POC (12/18/20). AIS internal email re new case list (9/17/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 215 | | 1471-1484; 8332-8335 | **RFP No. 8.** AIS email transmitting signed PEA (7/14/20). Completed AIS questionnaire (7/13/20); Screenshot of Case Opp (9/17/20-1/7/21) comments and Needles (7/15/20) file notes documenting ER communications with client about claim submission and internal/AIS communications; Signed PEA (7/13/20) with signed Addendum (9/29/20). | AIS email to client re POC (12/18/20). AIS internal email re new case list (9/17/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 216 | | 1471-1484; 8332-8335 | **RFP No. 9.** AIS email transmitting signed PEA (7/14/20). Completed AIS questionnaire (7/13/20); Screenshot of Case Opp (9/17/20-1/7/21) comments and Needles (7/15/20) file notes documenting ER communications with client about claim submission and internal/AIS communications; Signed PEA (7/13/20) with signed Addendum (9/29/20). | AIS email to client re POC (12/18/20). AIS internal email re new case list (9/17/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney/s in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 217 | | 1471-1484; 8332-8335 | **RFP No. 10:** AIS email transmitting signed PEA (7/14/20). Completed AIS questionnaire (7/13/20); Screenshot of Case Opp (9/17/20-9/17/21) comments and Needles (7/15/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (7/13/20) with signed Addendum (9/29/20). | AIS email to client re POC (12/18/20). AIS internal email re new case list (9/17/20). | Various legal professionals at ER and/or client. | | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communications, work ER email communications, with client communications with ER flow spreadsheets and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 218 | | 1307-1313; 8336-8343 | **RFP No. 2:** AIS email transmitting signed PEA (7/27/20); Screenshot of Case Opp comments (9/18/20-6/17/21)and Needles (7/27/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (7/26/20). | AIS emails to client re POC (10/15/20; 12/17/20). AIS internal emails re mailing list (2/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 219 | | 1307-1313; 8336-8343 | **RFP No. 8:** AIS email transmitting signed PEA (7/27/20); Screenshot of Case Opp comments (9/18/20-6/17/21)and Needles (7/27/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (7/26/20). | AIS emails to client re POC (10/15/20; 12/17/20). AIS internal emails re mailing list (2/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 220 | | 1307-1313; 8336-8343 | **RFP No. 9:** AIS email transmitting signed PEA (7/27/20); Screenshot of Case Opp comments (9/18/20-6/17/21)and Needles (7/27/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (7/26/20). | AIS emails to client re POC (10/15/20; 12/17/20). AIS internal emails re mailing list (2/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 221 | | 1307-1313; 8336-8343 | **RFP No. 10:** AIS email transmitting signed PEA (7/27/20); Screenshot of Case Opp comments (9/18/20-6/17/21)and Needles (7/27/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (7/26/20). | AIS emails to client re POC (10/15/20; 12/17/20). AIS internal emails re mailing list (2/19/21). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| | 1314-1320 | **RFP No. 2.** AIS email transmitting signed PEA (8/28/20); Screenshot of Case Opp (9/25/20-1/3/22) comments and Needles (8/31/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (8/27/20). | AIS internal emails re POC (11/2/20; 11/6/20; 11/9/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1314-1320; 8344-8351 | **RFP No. 8:** AIS email transmitting signed PEA (8/28/20); Screenshot of Case Opp (9/25/20-1/3/22) comments and Needles (8/31/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (8/27/20). | AIS internal emails re POC (11/2/20; 11/6/20; 11/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1314-1320; 8344-8351 | **RFP No. 9:** AIS email transmitting signed PEA (8/28/20); Screenshot of Case Opp (9/25/20-1/3/22) comments and Needles (8/31/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (8/27/20). | AIS internal emails re POC (11/2/20; 11/6/20; 11/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1314-1320; 8344-8351 | **RFP No. 10:** AIS email transmitting signed PEA (8/28/20); Screenshot of Case Opp (9/25/20-1/3/22) comments and Needles (8/31/20) file notes documenting ER communications with client about claim submissions and internal/AIS communications; Signed PEA (8/27/20). | AIS internal emails re POC (11/2/20; 11/6/20; 11/9/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| | 1935-1942; 8352-8369 | **RFP No. 2.** CaseOpp (10/7/20-1/6/21) and Needles (7/21/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; intake form with narrative entries dictated by client (7/20/20); executed attorney representation agreement (7/20/20). | AIS emails to client and internal emails re POC (10/7/20; 11/15/20; 1/4/21). AIS email transmitting signed rep agreement and intake form (7/20/20). | Various legal professionals at ER and/or client | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorneys paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 227 | | 1935-1942; 8352-8369 | **RFP No. 8:** CaseOpp (10/7/20-1/6/21) and Needles (7/21/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/20/20); executed attorney representation agreement (7/20/20) | AIS emails to client and internal emails re POC (10/7/20; 11/15/20; 1/4/21). AIS email transmitting signed rep agreement and intake form (7/20/20) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 228 | | 1935-1942; 8352-8369 | **RFP No. 9:** CaseOpp (10/7/20-1/6/21) and Needles (7/21/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/20/20); executed attorney representation agreement (7/20/20) | AIS emails to client and internal emails re POC (10/7/20; 11/15/20; 1/4/21). AIS email transmitting signed rep agreement and intake form (7/20/20) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 229 | | 1935-1942; 8352-8369 | **RFP No. 10:** CaseOpp (10/7/20-1/6/21) and Needles (7/21/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Intake form with narrative entries dictated by client (7/20/20); executed attorney representation agreement (7/20/20) | AIS emails to client and internal emails re POC (10/7/20; 11/15/20; 1/4/21). AIS email transmitting signed rep agreement and intake form (7/20/20) | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 230 | | 1785-1796; 8370-8375 | **RFP No. 2:** AIS Email transmitting signed PEA (9/15/20); CaseOpp (10/16/20-4/1/21) and Needles (9/19/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/15/20); signed PEA (9/15/20). | AIS internal emails re questionnaire and POC (10/16/20; 11/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 231 | | 1785-1796; 8370-8375 | **RFP No. 8:** AIS Email transmitting signed PEA (9/15/20); CaseOpp (10/16/20-4/1/21) and Needles (9/19/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submission and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/15/20); signed PEA (9/15/20). | AIS internal emails re questionnaire and POC (10/16/20; 11/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorney's in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 232 | | 1785-1796; 8370-8375 | **RFP No. 9.** AIS Email transmitting signed PEA (9/15/20); Case/Opp (10/16/20-4/1/21) and Needles (9/19/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/15/20); signed PEA (9/15/20). | AIS internal emails re questionnaire and POC (10/16/20; 11/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 233 | | 1785-1796; 8370-8375 | **RFP No. 10.** AIS Email transmitting signed PEA (9/15/20); Case/Opp (10/16/20-4/1/21) and Needles (9/19/20) screenshots with comments and file notes documenting ER communications with AIS client about claims submissions and internal/AIS communications; Questionnaire with narrative entries dictated by client (9/15/20); signed PEA (9/15/20). | AIS internal emails re questionnaire and POC (10/16/20; 11/16/20). | Various legal professionals at ER and/or client. | client | The Attorney-Client Privilege and/or Work Product Doctrine prevent the production of (1) oral and written communications with client; (2) memorializations of oral communications with client; (3) communications for the purpose of retaining counsel; (4) communications with ER attorney's paralegals & support staff; and, (5) fact chronologies, mental impressions, personal beliefs & any information assembled by attorneys in anticipation of litigation. The production would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing the privilege claim. | ER has logged additional internal ER email communication and client communications with ER attorneys paralegals & support staff protected by both the attorney-client privilege and opinion work product doctrine. |
| 234 | **ST TOTAL** | | | | | | | |

PUBLIC VERSION

# Exhibit "D"



*Highly Confidential*

Transcript of the Testimony of

**STEWART EISENBERG**

January 31, 2022

**IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC**

Reliable Court Reporting

Phone – 215-563-3363

Fax – 215-563-8839

www.reliable-co.com

Highly Confidential
STEWART EISENBERG

```
 1    IN THE UNITED STATES BANKRUPTCY COURT
      FOR THE DISTRICT OF DELAWARE
 2
                          CASE NO. 20-10343 (LSS)
 3
                          (Jointly Administered)
 4
      IN RE: CHAPTER 11
 5    BOY SCOUTS OF AMERICA AND
      DELAWARE BSA, LLC,
 6            Debtors.
      _____
 7

 8               ***CONFIDENTIAL***

 9

10         Remote videotaped deposition of STEWART

11    EISENBERG, held via videoconference on Monday,

12    January 31, 2022, beginning at approximately 10:00

13    a.m. Eastern Time, the proceedings being recorded

14    stenographically by Jennifer L. Wielage, Certified

15    Realtime Reporter, Certified Court Reporter-NJ, and

16    transcribed under her direction.

17

18

19               ORIGINAL

20

21

22

23

24

25
```

```
 1    A P P E A R A N C E S

 2

 3    PACHULSKI STANG ZIEHL & JONES
      780 3rd Avenue
 4    34th Floor
      New York, New York 10017
 5    (212) 561-7700
      BY:  ALAN KORNFELD, ESQ.
 6    akornfeld@pszjlaw.com
      BY:   ROBERT FEINSTEIN, ESQ.
 7    rfeinstein@pszjlaw.com
      Attorneys Tort Claimants Committee
 8

 9

10
      MORRIS, NICHOLS, ARSHT & TUNNELL LLP
11    1201 North Market Street
      Wilmington, Delaware 19899-1347
12    (302) 658-9200
      BY:  PAIGE TOPPER, ESQUIRE
13    ptopper@morrisnichols.com
      Attorneys for Delaware BSA, Boy Scouts of America
14

15

16
      YOUNG CONAWAY STARGATT & TAYLOR, LLP
17    Rodney Square, 1000 North King Street
      Wilmington, Delaware 19801
18    BY:  KEN ENOS, ESQUIRE
      kenos@ycst.com
19    Attorneys for Future Claimants Committee

20

21
      MINTZ LEVIN
22    666 3rd Avenue
      New York, New York 10017
23    (212) 935-3000
      BY:  ALEC ZADEK, ESQ.
24    azadek@mintz.com
      Attorneys for Liberty Mutual
25
```

IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC

```
 1    A P P E A R A N C E S:  (CONTINUED)

 2    POST & SCHELL
      100 Overlook Center
 3    Suite 200
      Princeton, New Jersey 08540
 4    (609) 924-3333
      BY:  KATHLEEN KERNS, ESQ.
 5    kkerns@postschell.com
      Attorneys for Argonaut/Colony
 6

 7    NORTON ROSE FULBRIGHT US LLP
      2200 Ross Avenue
 8    Suite 3600
      Dallas, Texas 75201-7932
 9    BY:  SARAH BROWN CORNELIA, ESQUIRE
      sarah.cornelia@nortonrosefulbright.com
10    Attorneys for J.P. Morgan Chase Bank, N.A.

11
      GIBSON, DUNN & CRUTCHER LLP
12    1801 California Avenue
      Denver, Colorado
13    BY:  JENNIFER BRACHT, ESQUIRE
      jbracht@gibsondunn.com
14    BY:  JOSIAH CLARKE, ESQ.
      jclarke@gibsondunn.com
15    BY:  AMANDA GEORGE, ESQ.
      ageorge@gibsondunnc.om
16    BY:  TYLER AMASS, ESQ.
      On Behalf of AIG Companies:
17
      HOGAN MCDANIEL
18    1311 Delaware Avenue
      Wilmington, Delaware 19806
19    (302) 656-7540
      BY:  DANIEL HOGAN, ESQ.
20    dan@dkhogan.com
      Attorneys for Eisenberg, Rothweiler, Winkler,
21    Eisenberg & Jeck, P.C and Deponent

22

23

24

25
```

Page 4

```
 1    A P P E A R A N C E S  (CONTINUED)

 2    KRAMER LEVIN NAFTALIS & FRANKEL LLP
      1177 Avenue Of The Americas
 3    New York, New York 10036
      (212) 715-9100
 4    BY:  MEGAN WASSON, ESQ.
      mwasson@kramerlevin.com
 5    Attorneys for Official Committee of Unsecured
      Creditors
 6
      MOUND COTTON WOLLAN & GREENGRASS LLP
 7    30A Vreeland Road Suite 210
      Florham Park, NJ· 07932
 8    (973) 494-0603
      BY:  PAMELA MINETTO, ESQ.
 9    pminetto@moundcotton.com
      Attorneys for Indian Harbor Insurance Company
10
      COUGHLIN MIDLIGE & GARLAND, LLP
11    88 Pine Street
      New York, New York 10005
12    (212) 483-0105
      BY:  MICHAEL HRINEWSKI, ESQ.
13    Attorneys for Arrowood Indemnity Company

14    GILBERT LAW FIRM
      60 East 42nd Street
15    Suite 1050
      New York, New York 10165
16    (631) 630-0100
      BY:  MEREDITH NEELY, ESQ.
17    Attorneys for FCR

18
      ALSO PRESENT:  REBEKAH ROTHSTEIN, DOCUMENT
19    TECHNICIAN, CHRIS WEISS CALHOON, VIDEOGRAPHER,
      KRISTIAN ROGGENDORF, ZALKIN LAW FIRM, LOUIS RIZZO,
20    AIDEL BROWN, SASHA GURVITZ, ESQ.

21

22

23

24

25
```

Page 91

1     you signed 135 proof of claim forms on November 11th?

2          A.      No.

3          Q.      Would it surprise you to learn that

4     you signed 189 proof of claim forms on November 12th?

5          A.      No.

6          Q.      Would it surprise you to learn that

7     you signed 183 proof of claim forms on November 13th?

8          A.      No.

9          Q.      And would it surprise you to learn

10    that you signed 192 proof of claim forms on the bar

11    date of November 16th?

12         A.      No.

13         Q.      So if you're signing hundreds of

14    proof of claim forms a day, how would you obtain a

15    reasonable belief that the information in each of

16    those claims was true and correct under penalty of

17    perjury?

18         A.      For every proof of claim form that I

19    signed, I did a complete review of the information we

20    had in that person's files, in our systems, whether

21    it was in CaseOpp -- generally it was CaseOpp.  I

22    compared what was in CaseOpp to what was in the proof

23    of claim form.  The proof of claim form was filled

24    out by our staff and reviewed by Rita, approved by

25    Rita.  If there were certain mistakes that were made

Page 92

1   in the proof of claim form, I sent them back to our

2   team, which was quite often, and then they would send

3   them to me for signature.  So I did a review of every

4   proof of claim form that I signed to make sure that

5   it was consistent with what we had in the file and if

6   it was true and correct.

7        Q.      So after the proof of claim form had

8   been approved by Rita, she would then send it to you,

9   you would conduct the complete review of the file,

10  potentially send the form back to Rita, if there were

11  errors, and then it would be sent back to you for

12  signature; is that right?

13       A.      That was -- that happened at certain

14  instances.  The majority were fine, and I -- and I

15  was able to sign them without sending them back.

16       Q.      Were there -- strike that.

17              You understand the evidentiary impact

18  of a proof of claim in a bankruptcy proceeding,

19  right?

20              MR. HOGAN:  Objection; calls for a

21  legal conclusion or a legal opinion.  You can answer

22  if you know.

23       A.      I'm not sure what you're asking me.

24

25  BY MS. BRACHT:

IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC

Highly Confidential
STEWART EISENBERG

Page 95

 1    we could go off the record.

 2                    THE VIDEOGRAPHER:  We're going off

 3    the record at 12:21 p.m. eastern time.

 4                    (A brief recess was taken.)

 5                    THE VIDEOGRAPHER:  We are back on the

 6    record at 1 p.m. eastern time.

 7                    MS. BRACHT:  Welcome back,

 8    Mr. Eisenberg.

 9                    THE DEPONENT:  Thank you.  It's a

10    pleasure.

11    BY MS. BRACHT:

12         Q.      Before the break, you testified that

13    before you would sign a proof of claim form, you

14    would do a complete review of the information that

15    Eisenberg Rothweiler had for that claimant in its

16    system; is that right?

17                    MR. HOGAN:  Objection; asked and

18    answered.

19         A.      No, CaseOpp.

20         Q.      Let me rephrase.

21                    You testified that before you signed

22    a proof of claim form, you would do a complete review

23    of the information in CaseOpp for that claimant; is

24    that right?

25         A.      Yes.

Highly Confidential
STEWART EISENBERG

Page 96

1          Q.       And the information in CaseOpp was

2     compiled by others, right?

3          A.       Right.

4          Q.       And that could include other

5     Eisenberg Rothweiler personnel, right?

6          A.       Right.

7          Q.       And personnel with the AVA Law Group,

8     right?

9          A.       Right.

10         Q.       How long would you, typically, spend

11    reviewing the information in CaseOpp for a particular

12    proof of claim form?

13                  MR. HOGAN:  For what time?

14    BY MS. BRACHT:

15         Q.       Before you signed it.

16         A.       Well, it's different based on timing

17    because on the last day, I spent less time reviewing

18    than I did before that, so last day or two.  So I

19    don't know how to answer that, but generally a couple

20    of minutes, except when it was not possible.

21         Q.       So generally you would spend a couple

22    of minutes comparing the information in CaseOpp to

23    the information in the proof of claim form; is that

24    right?

25         A.       Yes.

1          Q.       And that is how you would determine

2    that the information in the proof of claim form was

3    true and correct, right?

4          A.       Yes, I rely on my people to get true

5    and correct information from the clients and if it's

6    not true and correct, they would call, email, get in

7    touch and see what they could find out.

8          Q.       Did you personally do anything to

9    confirm the accuracy of the information in CaseOpp

10   when you were reviewing that before signing a proof

11   of claim form?

12         A.       I don't know what you mean by

13   "personally confirm."

14         Q.       Sure.  Did you, for example, check

15   any of the information in CaseOpp against

16   publicly-available sources?

17         A.       No, that was done by our people.

18         Q.       Did you ever personally speak to the

19   claimant for whom you were planning to sign a proof

20   of claim form?

21         A.       No, that was done by our people.

22         Q.       And in the days leading up to the bar

23   date, perhaps those handful of dates that we went

24   through earlier where you were signing hundreds of

25   proof of claim forms a day, it's possible that you

IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC

```
 1           Q.        Okay.  Now, let's look at the last

 2   page of Exhibit 9, so Tab 8.  This is the audit trail

 3   provided by Eversign that we previously discussed,

 4   right?

 5           A.        This is Tab 8?

 6           Q.        Correct.

 7           A.        Yes.

 8           Q.        And looking at the Document History

 9   section, there is a single entry for Document Signed,

10   right?

11           A.        Yes.

12           Q.        And right next to that, your name and

13   email address is listed, right?

14           A.        Yes.

15           Q.        And the audit trail shows that you

16   signed this proof of claim, Exhibit 9, at 11:29 a.m.

17   on November 16, 2020, correct?

18           A.        Correct.

19           Q.        Let's look at the last page of

20   Exhibit 8, which is Tab 7.

21           A.        Okay.

22           Q.        And this is, again, the Eversign

23   audit trail, right?

24           A.        Correct.

25           Q.        And the document history shows one
```

IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC                    Highly Confidential
                                                                    STEWART EISENBERG
                                                                    Page 103

 1    entry for Document Signed, right?

 2          A.      Correct.

 3          Q.      And right next to that, your name and

 4    email address is listed, right?

 5          A.      Yes.

 6          Q.      And the audit trail shows that you

 7    signed this proof of claim, Exhibit 8, at 11:29 a.m.

 8    on November 16, 2020, correct?

 9          A.      Correct.

10          Q.      And, finally, let's look at the last

11    page of Exhibit 7, which is Tab 6.

12          A.      Yes.

13          Q.      This is, again, the Eversign audit

14    trail, right?

15          A.      Yes.

16          Q.      And again, the document history shows

17    one entry for Document Signed?

18          A.      Yes.

19          Q.      And right next to that, your name and

20    email address is listed, right?

21          A.      Yes.

22          Q.      And the audit trail shows you also

23    signed this proof of claim, Exhibit 7, at 11:29 a.m.

24    on November 16, 2020, right?

25          A.      Right.

Page 104

```
 1          Q.       So you, according to the audit trails
 2    on Exhibits 7, 8 and 9, you signed three different
 3    proof of claim forms within the span of one minute,
 4    right?
 5          A.       Correct.
 6          Q.       Can you explain how you would have
 7    been able to cross-check the information in CaseOpp
 8    against the information in these proof of claim forms
 9    in the span of a minute?
10          A.       Yes.  Like I said, this was the last
11    day of the bar date, and we had a number -- a lot of
12    claim forms that were not able to be signed by the
13    client.  So what I did was, I took the documents that
14    were sent to me and I -- I did it as expeditiously as
15    possible.  I had two screens up.  One was the
16    Eversign screen and the other was the CaseOpp screen.
17    Sometimes there's very little information in the
18    CaseOpp screen, so I don't know these particular
19    clients and their CaseOpp information but it's pretty
20    easy to go through it and I see for one of them or
21    two of them that there were a number of -- well,
22    that's the answer to that question.  There were a
23    number of proof of claims filed, more than one, on
24    the same day.  And I can tell you what that is, if
25    you want to know.
```

Highly Confidential
STEWART EISENBERG

Page 150

```
 1          Q.      Let's open Tab 30?

 2          A.      Hold on.  My binder has collapsed.

 3   Okay.

 4                  MS. BRACHT:  And we'll mark this as

 5   Exhibit 25.

 6                  (Exhibit 25, Eisenberg Rothweiler

 7   Responses and Objections to the Insurers' Subpoena on

 8   the Boy Scouts Bankruptcy Proceeding, was marked for

 9   Identification by the court reporter.)

10   BY MS. BRACHT:

11          Q.      This document is Eisenberg Rothweiler

12   Responses and Objections to the Insurers' Subpoena on

13   the Boy Scouts Bankruptcy Proceeding, correct?

14          A.      Yes.

15          Q.      Let's pull up Tab 31.

16          A.      Okay.

17          Q.      We'll mark this as Exhibit 26.

18                  (Exhibit 26, Privilege Log, was

19   marked for Identification by the court reporter.)

20   BY MS. BRACHT:

21          Q.      This is a privilege log produced by

22   Eisenberg Rothweiler on January 22, 2022, correct?

23          A.      Yes.

24                  MS. BRACHT:  And I would just like to

25   note on the record that, to date, Eisenberg
```

Highly Confidential

Page 151

```
 1   Rothweiler has not yet confirmed that it has

 2   completed its production of documents responsive to

 3   the insurers' subpoena nor has Eisenberg Rothweiler

 4   confirmed that its privilege log is complete.

 5   Moreover, despite repeated requests from the

 6   insureds, Eisenberg Rothweiler has not produced a

 7   revised privilege log per the Court's ruling on

 8   January 24, 2022.  We reserve the right to re-call

 9   the witness after all responsive documents have been

10   produced and the full itemized privilege log is

11   provided per the Court's testimony, but...

12                   MR. HOGAN:  Well, I'm not sure what

13   that was.  I guess maybe it was the nature of the

14   testimony, but we don't agree with your

15   interpretation of the ruling that the Court made on

16   January 24th, and so we'll just stand by that and go

17   from there.

18                   But we don't anticipate producing

19   this witness again for any more testimony after

20   today.

21                   MS. BRACHT:  And that's fine,

22   Mr. Hogan.  We reserve the right to re-call the

23   witness after all responsive documents and the full

24   itemized privilege log have been produced.  We can

25   go off the record.
```

Highly Confidential
STEWART EISENBERG

Page 152

1                      THE VIDEOGRAPHER:  Going off the

2    record at 2:26 eastern time.

3                      (The deposition was concluded at 2:26

4         p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

IN RE: BOY SCOUTS OF AMERICA and DELAWARE BSA LLC

```
 1   C E R T I F I C A T E

 2              I, JENNIFER WIELAGE, a Notary

 3   Public and Certified Shorthand Reporter, do

 4   hereby state that prior to the commencement

 5   of the examination

 6              STEWART EISENBERG

 7              was duly sworn by me to testify

 8   to the truth, the whole truth and nothing

 9   but the truth.

10              I do further state that the

11   foregoing is a true and accurate transcript

12   of the testimony as taken stenographically

13   by and before me at the time, place and on

14   the date hereinbefore set forth.

15              I do further state that I am

16   neither a relative nor employee nor attorney

17   nor counsel of any of the parties to this

18   action, and that I am neither a relative nor

19   employee of such attorney or counsel and

20   that I am not financially interested in this

21   action.

22              _____

                JENNIFER WIELAGE
23              License No. 30X100191600

24

25
```

*Reliable Court Reporting*

## CERTIFICATE OF SERVICE

I, Louis J. Rizzo, hereby certify that on February 22, 2022, I caused a copy of *Notice of Filing of Proposed Redacted Version of Letter to the Honorable Laurie Selber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents*, to be filed through the Court's Case Management/Electronic Case File ("CM/ECF") and served on all parties (as identified on the most current list of participating parties maintained on the Court's docket) via CM/ECF and/or electronic mail.

Dated: February 22, 2022

Respectfully submitted,

*/s/ Louis J. Rizzo, Jr.*

Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware  19803
Phone:  (302) 477-7100
Email:  lrizzo@regerlaw.com

*Attorneys for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*