IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**MOTION OF CERTAIN INSURERS TO SEAL THE CONFIDENTIAL INFORMATION CONTAINED WITHIN ITS LETTER TO THE HONORABLE LAURIE SELBER SILVERSTEIN, CHIEF JUDGE RE: CERTAIN INSURERS' MOTION TO COMPEL EISENBERG ROTHWEILER TO PRODUCE DOCUMENTS**

Certain Insurers[2], move the Court for entry of an order, pursuant to sections 105(a) and 107(b) of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Certain Insurers to file under seal and to redact certain confidential information referenced in the *Letter to the Honorable Laurie Selber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents* [Docket No. 8880] (the "Motion to Compel"). In support of this motion (this "Motion to Seal"), Certain Insurers respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The "Certain Insurers" are those identified in the signature block below.

and 1334, the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, and Article XII.8 of the Protective Order (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Certain Insurers consent to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these chapter 11 cases and this Motion to Seal in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2.      On February 18, 2020, the Debtors each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On June 8, 2020, the Court entered an order [D.I. 799] approving the Confidentiality and Protective Order attached thereto as Exhibit 1 (the "Protective Order"). Pursuant to the Protective Order:

> any document containing Protected Material[3] that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court.

*See* Protective Order, at Art. VII.6.

4.      In addition, the Protective Order provides that Protected Material may only be

---

[3] The Protective Order defines "Protected Material" as "Discovery Material designated 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' or 'COMMITTEE ADVISOR ONLY.'" Art. II (definition of "Protected Material").

2

disclosed to certain parties listed therein, including those that assent to be bound by the Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound".

5. On September 30, 2021, the Debtors filed the *Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6443] and the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (Solicitation Version)* [Docket No. 6445]. On the same date, the Court entered the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438].

6. On November 30, 2021, the Debtors filed the *Notice of Filing of Plan Supplement to Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7515].

7. On December 18, 2021, the Debtors filed the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan").

8. On December 23, 2021, the Debtors filed the *Notice of Filing of Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7953].

9. On December 28, 2021, the Court entered an Order modifying the confirmation

3

schedule order [Docket No. 7996], which scheduled the confirmation hearing for February 22, 2022 (the "Confirmation Hearing"), set the confirmation objection deadline for February 4, 2022; and set the deadline for filing briefs or replies in support of confirmation of the Plan for February 14, 2022.

10. On January 29, 2022, the Debtors filed the *Notice of Filing of Second Amended Plan Supplement to Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8567].

11. On February 15, 2022, pursuant to a status conference held by the Court on February 11, 2022, the Court entered an Order modifying the confirmation schedule [Docket No. 8830], which reflects that the Confirmation Hearing will begin on March 9, 2022; the confirmation objection deadline is February 25, 2022; and the deadline to file briefs or replies in support of confirmation of the Plan is March 2, 2022.

12. On February 18, 2022, Certain Insurers filed its *Letter to the Honorable Laurie Selber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents* with the Court [Docket No. 8880] (the "Motion to Compel").

13. In order to comply with its obligations under the *Confidentiality and Protective Order* [Docket No. 799], and after conferring with counsel for the Participating Parties, Certain Insurers' redacted highly confidential claim numbers in the publicly available version of Exhibits A and C of the Motion to Compel. Contemporaneously herewith, the Motion to Compel has been filed without any redactions.

**RELIEF REQUESTED**

14. By this Motion to Seal, Certain Insurers seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing Certain Insurers to (i) file unsealed a publicly

available version of the Motion to Compel that redacts certain confidential information referenced therein (the "Confidential Information") and (ii) file an unredacted version of the Exhibit under seal.

## BASIS FOR RELIEF REQUESTED

15. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers, and authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) of the Bankruptcy Code gives bankruptcy courts the power to protect parties in interest from potentially harmful disclosures: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

16. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018. Likewise, Local Rules 9018-1(d) and (e) set forth the process for filing documents under seal.

17. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no

5

discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and, significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion Pictures Corp.*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstance[s] or compelling need." *Id.* at 27.

18.     Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.*; *see also Altegrity*, 2015 WL 10963572, at *3 (recognizing that information qualifies as "commercial information" where it would unfairly benefit competitors and would "reasonably be expected to cause the entity commercial injury" (internal quotation marks omitted)); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies

as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Altegrity*, 2015 WL 10963572, at *3; *Global Crossing*, 295 B.R. at 725.

19. The Exhibit to the Motion to Compel contains confidential information relating to the claim numbers associated with various abuse claims. The Certain Insurers obtained this Confidential Information in the course of the chapter 11 cases and have attached such information as Exhibits A and C to the Motion to Compel, much of which has been designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order. The Protective Order, to which the Certain Insurers are bound, specifically restricts disclosure of Protected Material and requires that any document containing Protected Material that is submitted to or filed with the Court be filed under seal as a restricted document in accordance with Local Rule 9018-1. *See Protective Order*, at Art. VII.6. Thus, Certain Insurers have filed this Motion to Seal in an effort to comply with its obligations relating to the disclosure of Protected Material under the terms of the Protective Order and to avoid harm through the disclosure of commercially sensitive non-public information. Indeed, not only are Certain Insurers obligated to file the Protected Material under seal and, to the extent necessary, to redact portions of the Exhibit which reference the Protected Material, but doing so is consistent with sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

20. Prior to filing this Motion to Seal, counsel to Certain Insurers conferred in good faith with counsel for Participating Parties concerning the sealing of the Confidential Information, and the parties agreed that the Confidential Information must remain sealed from

7

public view. In addition, consistent with Local Rule 9018-1(d)(i), a redacted version of the Exhibit was separately filed on the Court's docket.

## NOTICE

21. Notice of this Motion to Seal has been provided to (i) the Debtors; (ii) the U.S. Trustee; (iii) the Official Committee of Unsecured Creditors; (iv) the Official Committee of Tort Claimants; and (v) those parties who have requested service pursuant to Bankruptcy Rule 2002. Certain Insurers respectfully submit that no further notice of this Motion to Seal is necessary.

WHEREFORE, Certain Insurers respectfully request that the Court (a) enter the order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion to Seal, and (b) provide such further relief as the Court deems just and proper.

Dated: February 22, 2022

*/s/Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants,*
*Travelers Casualty and Surety Company,*
*Inc. (f/k/a Aetna Casualty & Surety*
*Company), St. Paul Surplus Lines Insurance*
*Company and Gulf Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   302.777.6500
Facsimile:   302.421.8390

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900

-and-

Margaret H. Warner (admitted pro hac vice)

9

Ryan S. Smethurst (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

Deirdre M. Richards (DE Bar No. 4191)
FINEMAN KREKSTEIN & HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)

Keith R. Martorana (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
    jhallowell@gibsondunn.com
    kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

Susan N.K. Gummow (admitted *pro hac vice*)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.

11

PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Phone: (404) 885-3000

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and Interstate Fire & Casualty Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

-and-

Laura McNally
Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Ilinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance Company and Columbia Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (pro hac vice)
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932

Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

-and-

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024
Facsimile: (302) 250-4498
Email: mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue
Suite 1380
Wilmington, DE 19801
Phone: (302) 251-8856
Fax: (302) 251-8857
E-mail: plogan@postschell.com

-and-

George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC 20006
Phone: (202) 840-8758
E-mail: george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and Colony Insurance Company*

Brian A. Sullivan
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
Email: bsullivan@werbsullivan.com

15

-and-

John E.W. Baay II, Esq. (pro hac vice)
Gieger Laborde & Laperouse LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-
Telephone:  (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-

William H. White Jr., Esq. (pro hac vice)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

Thaddeus J. Weaver (Id. No. 2790)
DILWORTH PAXSON LLP
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (Admitted *pro hac vice*)
DILWORTH PAXSON LLP
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

Kathleen M. Miller (No. 2898)

16

SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

-and-

Mary E. Borja (admitted pro hac vice)
Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail: mborja@wiley.law, gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,
on behalf of itself and as successor in interest to
Catlin Specialty Insurance Company*

17

## **CERTIFICATE OF SERVICE**

I, Louis J. Rizzo, hereby certify that on February 22, 2022, I caused a copy of *Motion of Certain Insurers to Seal the Confidential Information Contained Within Its' **Letter to the Honorable Laurie Selber Silverstein, Chief Judge re: Certain Insurers' Motion to Compel Eisenberg Rothweiler to Produce Documents*** to be filed through the Court's Case Management/Electronic Case File ("CM/ECF") and served on all parties (as identified on the most current list of participating parties maintained on the Court's docket) via CM/ECF and/or electronic mail.

Dated: February 22, 2022

Respectfully submitted,

*/s/ Louis J. Rizzo, Jr.*

Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware  19803
Phone:  (302) 477-7100
Email:  lrizzo@regerlaw.com

*Attorneys for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*