**REGER | RIZZO | DARNALL** LLP
*Attorneys at Law*

Louis J Rizzo
Managing Partner

lrizzo@regerlaw.com

1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803

Main:   302.477.7100
Direct: 215.495.6507
Fax:    302.652.3620

February 21, 2022

**FILED UNDER SEAL**

**VIA CM/ECF**

The Honorable Laurie Selber Silverstein, Chief Judge
United States Bankruptcy Court for the District of Delaware
824 Market ST N
6th Floor, Courtroom 2
Wilmington, DE 19801

> **Re:   In re: Boy Scouts of America and Delaware BSA, LLC
> Chapter 11 Case No. 20-10343 LSS**
> ***Certain Insurers' Motion to Compel Production of Documents***

Dear Judge Silverstein:

      The Certain Insurers[1] file this motion ("Motion") to compel the Boy Scouts of America ("BSA" or the "Debtors"), the Official Committee of Tort Claimants ("TCC"), the Coalition of Abused Scouts for Justice ("Coalition"), the Future Claimants' Representative ("FCR") and the Zalkin Law Firm, P.C. and Pfau Cochran Vertetis Amala PLLC (collectively, "Pfau/Zalkin," together with the TCC, Coalition, and FCR, "Claimants' Representatives") to supplement their discovery responses.

      Late in the evening on February 9, 2022, the BSA and the Claimants' Representatives, along with the Ad Hoc Committee of Local Councils, entered into a settlement term sheet (the "TCC Term Sheet") which provided for significant changes to the Trust Distribution Procedures ("TDPs"), among other things. [D.I. 8772].[2] On February 14, in an effort to avoid the delay that would accompany additional discovery requests, the Certain Insurers sent letters to the parties to the TCC Term Sheet requesting confirmation that they would supplement their respective discovery responses[3] with regard to the material changes in the TDPs and Settlement Trust detailed in the TCC Term Sheet. Exs. A-G.  Federal Rule of

---

[1]    The "Certain Insurers" are those identified in the signature block below.

[2]    Those extensive changes were implemented in the Third Modified Fifth Amended Plan ("Plan") [D.I. 8813].

[3]    The Certain Insurers served their First Requests for Production of Documents, on the Debtors on September 30, 2021, and each of the Claimants' Representatives on October 8, 2021, certain requests of which related to the TDPs and settlement trust.  On October 18, 2021, the Debtors and the Claimants' Representatives served their respective discovery responses.

Civil Procedure 26(e) requires supplementation "in a timely manner" when a discovery response is "in some material respect . . . incomplete."

In response, and in numerous meet-and-confer sessions that followed,[4] the Debtors and the Claimants' Representatives asserted that they would not produce documents regarding the TDPs and Settlement Trust based upon a claim of mediation privilege, notwithstanding the fact that they engaged in mediation fully aware of the Court's unambiguous ruling that the mediation privilege cannot be used to withhold "communications, oral and written, regarding the trust distribution procedures," October 25, 2021 Hearing Transcript ("Oct. 25 Tr.") at 15, and that documents and communications regarding the claims matrices and Settlement Trust agreement are "all within [the] ambit" of that ruling, November 19, 2021 Hearing Transcript at 45.  The Claimants' Representatives further asserted that, even absent the mediation privilege, they would not produce documents regarding the TDPs and Settlement Trust based upon a claim of common-interest privilege over all documents created after an agreement in principle was reached between the parties at some point prior to the execution of the TCC Term Sheet.[5]

## The Court's Prior Ruling Forecloses
## The Claimants' Representatives' Invocation of The Mediation Privilege

The Claimants' Representatives contend that the Court's prior ruling—which has shaped the bounds of discovery for nearly four months—is of no moment and that they may now do precisely what the Court previously held they could not: withhold, based on a claim of mediation privilege, documents and communications regarding the proposed TDPs and the proposed Settlement Trust.  Exs. N-P.  The Claimants' Representatives advance two arguments in support of their position: (1) that the "context" has supposedly changed such that the Court's prior ruling no longer applies; and (2) that a revision to Local Bankruptcy

---

[4] The Certain Insurers met and conferred with the Coalition on February 16, with the TCC and the Coalition on February 17, 2022, and with Pfau/Zalkin on February 18, 2022.  All three refused to reverse their stated position that the mediation privilege applied to any responsive documents and communications.  The Debtors and the FCR initially agreed to supplement their discovery responses, Exs. H & I, but then backtracked.  On February 18, 2022, the FCR wrote to the Certain Insurers and, notwithstanding his prior agreement to supplement, joined in this position.  Exs. J & K.  That same day, the Debtors took the position that because "certain of the mediation parties have objected to the Certain Insurers' requests for materials and information from the mediation, including documents and communications concerning the TDPs . . . we intend to withhold all mediation related materials until the dispute is resolved," Ex. L.  The Certain Insurers met and conferred with the Debtors on February 19, 2022.  Although the Debtors refused to confirm whether they believe the Court's prior ruling applies, the Debtors made clear that they will withhold *all* responsive TDP-related documents until the Court, once again, rules that the mediation privilege does not apply.

[5] The Certain Insurers have repeatedly requested that the Claimants' Representatives inform them when this supposed agreement in principle on all material terms was reached among the parties to the TCC Term Sheet.  Ex. M.  The Claimants' Representatives have refused to provide a response.

Rule 9019-5 serves to reverse the Court's ruling.  Neither argument justifies the Claimants' Representatives' refusal to adhere to this Court's decision.

The "context" here is exactly the same as when the Court, for "three reasons," "conclude[d] that the communications regarding the TDPs are discoverable." Oct. 25 Tr. at 13.  *First*, just as was the case on October 25, Debtors "have put the mediation, at least with respect to the good faith of the TDPs, at issue," and they and the Claimants' Representatives therefore cannot claim that "discovery is prohibited regarding the *bona fides* of the mediation." Oct. 25 Tr. at 13-14.[6]  In its October 25 ruling the Court summarized that the Certain Insurers "believe that [the] debtors handed over the p[e]n to the abuse survivors to draft the TDP's which the survivors then intend to use against the insurers in future coverage litigation." *Id.* at 8.  The Claimants' Representatives' comments to the Court in recent hearings have only confirmed this belief.  For instance, counsel for the Coalition repeatedly referred to the Plan as "the plan that the coalition built." February 11, 2022 Hearing Transcript at 24, 26.  Further, counsel for the TCC not only explicitly disclosed the ulterior motive behind one significant change to the TDPs—the creation of the Independent Review Process imbedded in the TDPs, Plan Ex. A, Art. XIII—explaining that the goal is to "get at the excess insurance," February 18, 2022 Hearing Transcript at 34, but also conceded that "the independent review option is material," and that the Court will hear "testimony relating to the independent review," *id.* at 39.

*Second*, as before, the Debtors and the Claimants' Representatives continue to push for unnecessary anti-insurer findings with the "injection of the findings, particularly (R), (S), and (T), into the confirmation process." Oct. 25 Tr. at 14.  Indeed, this basis for the Court's decision is only stronger now that the Debtors and the Claimants' Representatives have added to the Plan yet another prejudicial finding that "does not appear . . . [to] have a code or confirmation-related purpose" but rather appears "to be more directed at [p]ost-confirmation litigation with insurers," *id.* at 10, namely that "the Base Matrix Values in the Trust Distribution Procedures are based on and consistent with the Debtors' historical abuse settlements and litigation outcomes," Plan, Art. IX (A)(3)(aa).

*Third*, once again, there is no "evidence with respect to the negotiation of the trust distribution procedures [that] is otherwise available from another source outside the mediation process." Oct. 25 Tr. at 15.

---

[6]   The Claimants' Representatives argue that this consideration is no longer relevant because "[t]he support of the new Plan by all survivors groups in these bankruptcy cases is the most compelling evidence of good faith." Ex. N at 3.  Not so.  That the various claimant representatives decided to support the Plan says nothing about Debtors' good-faith in advancing it.

**Re: In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**
Page 4

      The Claimants' Representatives' reliance on recent amendments to Local Rule 9019-5 are equally misplaced. The 2021 version of Rule 9019-5(d)(i) provided in part:

> Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation. However, except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation.

The TCC points to this Court's statements during the October 25 hearing that the last sentence of this provision "appears to be inconsistent with mediation privilege," Oct. 25 Tr. at 11, to contend that the Court's decision to allow certain discovery was based on this supposed "ambiguity" in the rule. *See* Ex. N at n.5. But the rule amendment, which deletes that last sentence,[7] serves only to confirm that information used in mediation *is discoverable* by resolving the tension between the two sentences in favor of discoverability.[8]

      In any event, as the Court made clear in its October 25 ruling, the Mediation Order contained "one exception" to Local Rule 9019-5's prohibition on discovery that the Court accurately characterized as "important," because it preserved "the parties' right to seek discovery." Oct. 25 Tr. at 3-4. This important exception in the Mediation Order controls, as the provisions of the revised Local Rule 9019-5 applies "except as may be otherwise ordered by the Court." Accordingly, the revisions to Local Rule 9019-5 do nothing to undermine the Court's well-reasoned decision.

## The Common-Interest Privilege Does Not Apply

      The Claimants' Representatives claim that documents created prior to the signing of the TCC Term Sheet are subject to the common-interest privilege because an agreement in principle was reached as to the material terms of the TCC Settlement at some unidentified earlier point in time. Putting aside that the Claimants' Representatives have refused to identify when this supposed agreement was reached, the Eleventh Mediator's Report, submitted with the Claimants' Representatives' consent, resolves the issue: "on February 9,

---

[7]     The current version of relevant language may be found at L.R. 9019-5(d)(iv) (2022) ("<u>Information Otherwise Discoverable</u>. Information, facts or documents otherwise discoverable or admissible in evidence do not become exempt from discovery or inadmissible in evidence merely by being disclosed or otherwise used in the mediation conference or in any Submission.").

[8]     The TCC further claims that the amendment "clarifies the Court's protection of information shared as part of the mediation process," but it has always been the case that Rule 9019-5 protected information shared during mediation. *Compare* L.R. 9019-5(d)(i) (2021) ("The mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation") *with* L.R. 9019-5(d)(ii) (2022) (same). Indeed, the Court previously held that TDP-related documents and communications could not be withheld on the basis of the mediation privilege notwithstanding its recognition that prior "Rule 9019-5 is very broad in application." Oct. 25 Tr. at 3.

2022, the [BSA, AHCLC and Claimants' Representatives] reached an agreement in principle on settlement terms." [D.I. 8772 at 1]. The Claimants' Representatives cannot now reverse course and attempt to shield relevant documents from production by claiming that the agreement was reached at some earlier point in time.

And, of course, there can be no pre-agreement common interest between the various Claimants' Representatives regarding the TDPs which "address how the Trust's assets will be distributed among claimants," an issue upon which the various claimants' interests diverge. *In re Imerys Talc Am., Inc.*, No. 19-10289 LSS, slip op. at 7-8 (Bankr. D. Del. Feb. 23, 2021) (rejecting application of common-interest privilege to TDP-related documents exchanged between TCC and FCR).

\*   \*   \*

The requested discovery is narrowly tailored to the material changes in the TDPs that directly prejudice the non-settling insurers.[9] The Certain Insurers raised the limited discovery it sought immediately after the filing of the TCC Term Sheet and then promptly reached out to each of the various Claimants' Representatives to address any possible issues and expedite this key discovery. Yet even in the face of the Court's prior rulings on this very issue, the Certain Insurers were forced to file this Motion. All the while, the Debtors and the Claimants' Representatives have wrongly excoriated the non-settling insurers for supposedly seeking to delay the Confirmation Hearing as they themselves seek to thwart and needlessly delay the Certain Insurers receipt of the limited discovery the Certain Insurers seek and to which they are entitled.

Accordingly, the Certain Insurers respectfully request that the Court grant their Motion and order the BSA, TCC, Coalition, FCR, and Pfau/Zalkin to produce all TDP and Settlement Trust-related documents, notwithstanding any claim of mediation or common-interest privilege, within two days of such an order.

Respectfully submitted on behalf of
Certain Insurers,

*/s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West

---

[9]   In response to the TCC's eleventh-hour claim that it questioned the scope of the Court's prior ruling and which categories of their negotiations relate to the TDPs and the Settlement Trust, the Certain Insurers provided the TCC with a copy of the TCC Term Sheet in which the Certain Insurers highlighted the provisions they believed to be within the ambit of the Court's prior ruling. Ex. Q. To the extent that there is any ambiguity regarding the scope of that ruling, the Certain Insurers believe it applies to documents and communications regarding the provisions the Certain Insurers identified at the TCC's request.

Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400
-and-

Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

TROUTMAN PEPPER HAMILTON SANDERS LLP
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709

Wilmington, DE 19899-1709
Telephone:   302.777.6500
Facsimile:   302.421.8390

Harris B. Winsberg (admitted pro hac vice)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:   404.522.8409

-and-

MCDERMOTT WILL & EMERY LLP
Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
Alex M. Spisak (admitted pro hac vice)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:   202.756.8228
Facsimile:   202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE HALL & STEWART, LLP
Two International Place Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000

KVMarrkand@mintz.com
LBStephens@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

FINEMAN KREKSTEIN & HARRIS PC
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: mrosenthal@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)

222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (*Pro Hac Vice*)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC 27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:    404.522.8409

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and Interstate Fire & Casualty Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

Laura McNally
Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Illinois 60654
Phone: (312) 464-3155

E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance Company and Columbia Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

Bruce D. Celebrezze (pro hac vice)
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*

---

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024
Facsimile: (302) 250-4498
Email: mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance*
*American Specialty Insurance Company, and Endurance*
*American Insurance Company*

**Re: In re: Boy Scouts of America and Delaware BSA, LLC**
**Chapter 11 No. 20-10343 LSS**
Page 13

_____

        Kathleen M. Miller (No. 2898)
        SMITH, KATZENSTEIN & JENKINS LLP
        1000 West Street, Suite 501
        P.O. Box 410
        Wilmington, Delaware 19899
        Phone: (302) 652-8400
        E-mail: kmiller@skjlaw.com

        Mary E. Borja (admitted _pro hac vice_)
        Gary P. Seligman (admitted _pro hac vice_)
        Ashley L. Criss (admitted _pro hac vice_)
        WILEY REIN LLP
        2050 M Street, N.W.
        Washington, DC 20036
        Phone: (202) 719-7000
        E-mail: gseligman@wiley.law,
        acriss@wiley.law, mborja@wiley.law

        _Attorneys for General Star Indemnity Company_