# EXHIBIT A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1801 California Street
Denver, CO 80202-2642
Tel 303.298.5700
www.gibsondunn.com

Tyler H. Amass
Direct: +1 303.298.5712
Fax: +1 303.313.2861
TAmass@gibsondunn.com

Client: 02176-00395

February 14, 2022

VIA E-MAIL (JCCELENTINO@WLRK.COM)

Joseph C. Celentino
Wachtell, Lipton, Rosen, & Katz
51 West 52nd Street
New York, NY 10019

Re:   In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Joe,

I write on behalf of the Propounding Insurers regarding the Ad Hoc Committee of Local Councils' ("AHCLC") October 18, 2021 Responses ("Response") to the Propounding Insurers' First Requests for Production of Documents ("RFPs") and to the Propounding Insurers' First Set of Interrogatories and to request confirmation that the AHCLC will comply with its obligation under Federal Rule of Civil Procedure 26(e) to supplement its Response, associated document production, and interrogatory responses. In light of the recent Settlement Term Sheet, which states that there will be significant changes to, among other things, the Trust Distribution Procedures ("TDPs"), Rule 26(e) requires that the AHCLC supplement its Response "in a timely manner" because its Response is "in some material respect . . . incomplete."

For example, RFPs 35-40 all seek documents and communications related to the TDPs, the Settlement Trust, and/or the Plan.[1] Notably, while the AHCLC objected to RFPs 35-40 on

---

[1] RFP 35 seeks "All Documents and Communications relating to the negotiation of the Plan and the Plan Documents." RFP 36 seeks "All Documents and Communications relating to the negotiation of any other plan of reorganization." RFP 37 seeks "All Documents and Communications relating to the Settlement Trust between and/or among the You, Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, TCJC, and any Persons or entities that will be, or could under the Plan become, a Protected Party or Limited Protected Party." RFP 38 seeks "All Documents and Communications relating to the Settlement Trust Documents between and/or among You, the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC." RFP 39 seeks "All Documents and Communications relating to the TDPs between and/or among You, the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC." RFP 40 seeks "All Documents and Communications reflecting or relating to the Abuse claims or values identified in the TDPs, including the values of claims described in the claims matrix for Direct Abuse Claims, as defined by the Plan."

GIBSON DUNN

Joseph C. Celentino
February 14, 2022
Page 2

the ground that the requested documents are protected from disclosure as a result of the mediation privilege, on October 25, 2021, the Court held that the mediation privilege cannot be used to withhold "communications, oral and written, regarding the trust distribution procedures."  October 25, 2021 Hearing Transcript at 15; *see also* November 19, 2021 Hearing Transcript at 45 (confirming that documents and communications regarding the claims matrices and Settlement Trust agreement "are all within the ambit" of the Court's October 25 ruling).

The AHCLC is likewise required to supplement its interrogatory responses.  *See, e.g.*, Responses to Interrogatory Nos. 2–4, and 9.[2]

Accordingly, prior to the close of business on Tuesday, February 15, 2022, please confirm that the AHCLC will supplement its document productions with all responsive documents and communications that have not previously been produced, will provide updated interrogatory responses, and that it will complete its supplemental production and provide updated interrogatory responses on or before on or before February 21, 2022.

Sincerely,

Tyler H. Amass

---

[2] Interrogatory No. 2 requests that you "Identify, describe, and explain any contention that the Plan is insurance neutral."  Interrogatory No. 3 requests that you "Identify the Trust Distribution Procedure values that you believe would be fair and equitable, including (i) tiers, (ii) the value of each tier, and (iii) the scaling factors, and set forth all facts supporting this contention."  Interrogatory No. 4 requests that you "Identify whether you believe the offer of a $3,500 Expedited Distribution payment under the Trust Distribution Procedures is fair, reasonable, and/or appropriate, and identify all facts and analysis concerning that determination."  Interrogatory No. 9 requests that you "Identify which resolutions of Abuse Claims or any other sexual abuse claims requested in Interrogatory 10, if any, were taken into account in drafting the TDPs and identify specifically how such resolution or resolutions were accounted for in drafting the TDPs."