# EXHIBIT B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1801 California Street
Denver, CO 80202-2642
Tel 303.298.5700
www.gibsondunn.com

Tyler H. Amass
Direct: +1 303.298.5712
Fax: +1 303.313.2861
TAmass@gibsondunn.com

Client: 02176-00395

February 14, 2022

VIA E-MAIL (AHAMMOND@WHITECASE.COM)

Andrew W. Hammond
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020

Re:     In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Andrew,

I write on behalf of the Propounding Insurers regarding the Debtors' October 18, 2021 Responses ("Response") to the Propounding Insurers' First Requests for Production of Documents ("RFPs") and to the Propounding Insurers' First Set of Interrogatories and to request confirmation that the Debtors will comply with their obligation under Federal Rule of Civil Procedure 26(e) to supplement its Response, associated document production, and interrogatory responses. In light of the recent Settlement Term Sheet ("Settlement"), which states that there will be significant changes to, among other things, the Trust Distribution Procedures ("TDPs"), Rule 26(e) requires that the Debtors supplement its Response "in a timely manner" because its Response is "in some material respect . . . incomplete."

For example, RFPs 28–30, 34–37, and 117 all seek documents and communications related to the TDPs and/or the Settlement Trust.[1] Subject to its objections, the Debtor's agreed to

---

[1] RFP 28 seeks "All Documents and Communications relating to the TDPs between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC." RFP 29 seeks "All Documents and Communications relating to the TDPs, including without limitation all drafts of the TDPs, all documents reflecting the drafting history of the TDPs, and all documents reflecting the identities of the drafters of the TDPs." RFP 30 seeks "All Documents and Communications reflecting or relating to the Abuse claims values identified in the TDPs, including but not limited to, the values of claims described in the claims matrix for Direct Abuse Claims, as defined by the Plan." RFP 34 seeks "All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against any Local Council." RFP 35 seeks "All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against the Debtors." RFP 36 seeks "All Documents and Communications relating to the valuation under the TDPs of any current claim based on Abuse against the Chartered Organizations in connection with scouting activities." RFP 37 seeks "All Documents and Communications relating to claims valuations or any valuation matrix or matrices exchanged by or between You, on the one hand, and the TCC, FCR, Coalition, State Court counsel, any Local Council, or any Chartered Organization, on the other hand, at any time

*(Cont'd on next page)*

**GIBSON DUNN**

Andrew W. Hammond
February 14, 2022
Page 2

produce "non-privileged documents that are relevant and responsive to th[ese] . . . Request[s] . . . ." Notably, the Debtors objected to RFPs 28–30, 34–37, and 117 on the ground that the requested documents are protected from disclosure as a result of the mediation privilege, on October 25, 2021, the Court held that the mediation privilege cannot be used to withhold "communications, oral and written, regarding the trust distribution procedures." October 25, 2021 Hearing Transcript at 15; *see also* November 19, 2021 Hearing Transcript at 45 (confirming that documents and communications regarding the claims matrices and Settlement Trust agreement "are all within the ambit" of the Court's October 25 ruling).

The Debtors are likewise required to supplement its interrogatory responses. *See, e.g.*, Responses to Interrogatory Nos. 3–5, 11, 14, and 15.[2]

Accordingly, prior to the close of business on Tuesday, February 15, 2022, please confirm that the Debtors will supplement their document productions with all responsive documents and communications that have not previously been produced, will provide updated interrogatory responses, and that it will complete its supplemental production and provide updated interrogatory responses on or before February 21, 2022.

---

following the mediation conducted in November 2019." RFP 117 seeks "All National Executive Board, National Executive Committee, and Bankruptcy Task Force documents relating in any way to the Plan, the TDPs, the Disclosure Statement and/or any Settlement Trust documents."

[2] Interrogatory No. 3 requests that "If You contend that the values (including the Base Values and Maximum Values) and Scaling Factors set forth in the TDPs are 'fair and equitable' as the term is used in Article IX, Section A.1.r.ii of the Plan, set forth all facts supporting this contention." Interrogatory No. 4 requests that "If You contend that the values and Scaling Factors set forth in the TDPs are 'fair and reasonable' as the term is used in Section 1129 of the Bankruptcy Code, set forth all facts supporting this contention." Interrogatory No. 5 requests that you "Identify all facts and analysis Concerning the determination to offer a $3,500 Expedited Distribution amount under the TDPs, including why such amount is reasonable or appropriate." Interrogatory No. 11 requests that you "State and describe in detail all of the prevention and detection of fraud auditing and other procedures, contained in the TDPs or to be implemented under the TDPs, to detect and prevent the allowance of Abuse Claims based on fraudulent Trust Claim Submissions." Interrogatory No. 14 requests that you "Identify which resolutions of Abuse Claims or any other sexual abuse claims identified in your response to Interrogatory 13, if any, were taken into account in drafting the TDPs, and identify specifically how such resolution was accounted for in drafting the TDPs." Interrogatory No. 15 requests that you "Identify (a) any investigation or evaluation undertaken or projection by the Debtors concerning the number of abuse claimants expected to elect the $3500 Expedited Distribution under the TDPs and (b) the entities that or person who undertook or prepared any such investigation, evaluation or projection on behalf of the Debtors."

**GIBSON DUNN**

Andrew W. Hammond
February 14, 2022
Page 3

Sincerely,

*[signature]*

Tyler H. Amass