# EXHIBIT C

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1801 California Street
Denver, CO 80202-2642
Tel 303.298.5700
www.gibsondunn.com

Tyler H. Amass
Direct: +1 303.298.5712
Fax: +1 303.313.2861
TAmass@gibsondunn.com

Client: 02176-00395

February 14, 2022

VIA E-MAIL (CMOXLEY@BROWNRUDNICK.COM)

Cameron Moxley
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

Re:    In re Boy Scouts of America, Case No. 20-10343 (Bankr. D. Del. 2020)

Cameron,

I write on behalf of the Propounding Insurers regarding the Coalition of Abused Scouts for Justice's ("Coalition") October 18, 2021 Responses ("Response") to the Propounding Insurers' First Requests for Production of Documents ("RFPs") and to the Propounding Insurers' First Set of Interrogatories and to request confirmation that the Coalition will comply with its obligation under Federal Rule of Civil Procedure 26(e) to supplement its Response, associated document production, and interrogatory responses.  In light of the recent Settlement Term Sheet, which states that there will be significant changes to, among other things, the Trust Distribution Procedures ("TDPs"), Rule 26(e) requires that the Coalition supplement its Response "in a timely manner" because its Response is "in some material respect . . . incomplete."

For example, RFPs 1–3, 16–18, 20, and 42–44 seek documents and communications related to the TDPs and/or the Settlement Trust.[1]  Subject to its objections, in response to these

---

[1]   RFP 1 seeks "All Documents and Communications Concerning the TDPs and Settlement Trust, including all drafts of the TDPs and Settlement Trust, all documents reflecting the drafting history of the TDPs and Settlement Trust, and all documents reflecting the identities of the drafters of the TDPs and Settlement Trust."  RFP 2 seeks "All Documents and Communications Concerning the amount of the Expedited Distribution under the TDPs, including a determination as to the amount of the 'quick payment' and criteria for its receipt."  RFP 3 seeks "All Documents and Communications Concerning the Abuse Claims values identified in the TDPs, including the values of claims described in the Claims Matrix for Direct Abuse Claims, as defined by the Plan."  RFP 16 seeks "All Documents and Communications Concerning the TDPs, including all Communications between and/or among the Debtors, any Related Non-Debtor Entities, the TCC, the Coalition, the Future Claimants' Representative, Hartford, or TCJC related thereto."  RFP 17 seeks "All Documents and Communications Concerning the TDPs, including all drafts of the TDPs, all documents reflecting the drafting history of the TDPs, and all document reflecting the identities of the drafters of the TDPs."  RFP 18 seeks "All Documents and Communications Concerning the Abuse claims values identified in the TDPs, including the values of claims described in the claims matrix for Direct

*(Cont'd on next page)*

**GIBSON DUNN**

Cameron Moxley
February 14, 2022
Page 2

RFPs, the Coalition alleged to have "no documents responsive to th[ese] Request[s] that are not protected from disclosure . . . ." Notably, while the Coalition objected to RFPs 1–3, 16–18, 20, and 42–44 on the ground that the requested documents are protected from disclosure as a result of the mediation privilege, on October 25, 2021, the Court held that the mediation privilege cannot be used to withhold "communications, oral and written, regarding the trust distribution procedures." October 25, 2021 Hearing Transcript at 15; *see also* November 19, 2021 Hearing Transcript at 45 (confirming that documents and communications regarding the claims matrices and Settlement Trust agreement "are all within the ambit" of the Court's October 25 ruling).

The Coalition is likewise required to supplement its interrogatory responses. *See*, *e.g.*, Responses to Interrogatory Nos. 1–3 and 10.[2]

Accordingly, prior to the close of business on Tuesday, February 15, 2022, please confirm that the Coalition will supplement its document productions with all responsive documents and communications that have not previously been produced, will provide updated interrogatory responses, and that it will complete its supplemental production and provide updated interrogatory responses on or before February 21, 2022.

---

Abuse Claims, as defined by the Plan." RFP 20 seeks "All Documents Concerning the valuation under the TDPs of any current claim based on Abuse against any Local Council." RFP 42 seeks "All Documents and Communications between or among any of You, the Debtors, Bates White, the FCR, Hartford, TCJC, and/or any consultant retained by the Coalition for purposes of evaluating claims and claims values Concerning the TDPs and/or the Settlement Trust." RFP 43 seeks "All Documents and Communications Concerning the TDPs and/or Settlement Trust, including Documents and Communications Concerning (i) the tiers, (ii) the value of each tier, and/or (iii) the Scaling Factors." RFP 44 seeks "All Documents and Communications Concerning the discretion granted, or to be granted, under the Plan and/or TDPs to the Settlement Trustee."

[2] Interrogatory No. 1 requests that "If You contend that the values set forth in the TDPs (including but not limited to the Claims Matrix, Base Matrix Values, Maximum Matrix Values, and Scaling Factors) are 'fair and reasonable' as the term is used in Article IX, Section A.1.r.ii of the Plan, set forth all facts supporting this contention." Interrogatory No. 2 requests that "If You contend that the values set forth in the TDPs (including but not limited to the Claims Matrix, Base Matrix Values, Maximum Matrix Values, and Scaling Factors) are 'fair and equitable' as the term is used under Section 1129 of the Bankruptcy Code, set forth all facts supporting this contention." Interrogatory No. 3 requests that you "Identify all facts and analysis Concerning the determination to offer a $3,500 Expedited Distribution payment under the TDPs, including why such amount is reasonable and/or appropriate." Interrogatory No. 10 requests that the Coalition "Identify each way in which You contend the process employed by the TDPs to allows claims is similar to how such claims were determined pre-Petition, and each way it is different."

**GIBSON DUNN**

Cameron Moxley
February 14, 2022
Page 3

Sincerely,

Tyler H. Amass