# EXHIBIT N



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

L O S   A N G E L E S ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N ,   D E
N E W   Y O R K ,   N Y
H O U S T O N ,   T X

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE: 310.277.6910**
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE: 415.263.7000**
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302.652.4100**
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212.561.7700**
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE: 713.691.9385**
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Malhar S. Pagay

February 15, 2022

310.772.2335
mpagay@pszjlaw.com

**VIA EMAIL (TAmass@gibsondunn.com)**

Tyler H. Amass, Esq.
1801 California Street
Denver, Colorado  80202-2642

RE:    **In re Boy Scouts of America, et al.**
       **(Case No. 20-10343, Bankr. D. Del.)**

Dear Mr. Amass:

I write in response to your letter of February 14, 2022, to Alan
Kornfeld of this office in respect of the above-captioned chapter 11
bankruptcy cases and the Tort Claimants' Committee's ("TCC")
responses ("Responses")[1] to Requests 35 through 38 of the
*Propounding Insurers' First Requests for Production of Documents
Directed to the Official Committee of Tort Claimants*, dated October 8,
2021 (the "Requests").

As briefly described in your correspondence, in general, the referenced
Requests all relate to documents and communications concerning the
TDPs and Settlement Trust.  In its Responses, the TCC objected to
such Requests on numerous grounds, including, without limitation, to
the extent that they sought the disclosure of information that (i) would
violate privacy rights, breach any confidentiality agreement,
contravene any order restricting the disclosure of information, result in
the release of any confidential, proprietary commercial, financial, or
trade secret information of non-parties, (ii) is designated as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or
"COMMITTEE ADVISOR ONLY" under the Stipulated Protected
Order, (iii) is subject to the confidentiality provisions of the Bar Date
Order [Docket No. 695], (iv) is protected by the attorney-client

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings or
usage as set forth in the Responses.



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Tyler H. Amass, Esq.
February 15, 2022
Page 2

privilege, attorney work product doctrine, common interest privilege or any other applicable privilege, immunity, or protection, (v) is subject to the TCC's explicit reservation of rights with respect to the mediation privilege, (vi) was not produced to it by the Debtors or other Mediation Parties or made available to it in the Debtors' Datasite Data Room, and (vii) the Insurers could obtain equally or more readily from another source.  The foregoing objections and reservation of rights apply with equal force today.

The Court's ruling on October 25, 2021, regarding the *Debtors' Motion for Protective Order and Related Relief* [Docket No. 6288] (the "Motion") does not impact the TCC's position asserted in its Responses.  First, the Court's denial of the Motion, which addressed prior iterations of the Plan and TDPs, is very limited in nature. Specifically, the relief requested was denied "to the extent that debtors seek to shield discovery communications, oral and written, regarding the trust distribution procedures, based on the mediation privilege."[2] Accordingly, the ruling has no bearing on other bases for withholding disclosure, including attorney-client privilege, attorney work product doctrine, common interest privilege or any other applicable privilege, immunity, or protection.  The ruling explicitly references the debtors but no other parties in interest.  Second, the ruling was based largely on (i) a provision in the Mediation Order that stated that "[i]f a party puts at issue any good faith finding concerning the mediation and any subsequent action concerning insurance coverage the parties right to seek discovery, if any, is preserved,"[3] (ii) the debtors' stated intent to "use the fact of mediation as evidence of good faith" and "as such, they have put the mediation, at least with respect to the good faith of the TDPs, at issue,"[4] and (iii) perceived ambiguities in the then applicable Local Bankruptcy Rule 9019-5.[5]

---

[2] Transcript of Telephonic Ruling Before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, October 25, 2021 11:00 a.m. ("10/25/21 Tr.") at 15:4-7.  As pointed out in your correspondence, the Court appeared to clarify that ruling at a hearing on November 19, 2021, to include "documents related to the claims matrices and the settlement trust agreement."  Transcript of Telephonic Ruling Before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, November 19, 2021, 10:00 a.m., at 45:17-21.
[3] 10/25/21 Tr. at 3:25-4:3.
[4] *Id.* at 13:13-18.
[5] *Id.* at 3:11-4:3, 11:9-23.



PACHULSKI

STANG

ZIEHL

JONES

L A W  O F F I C E S

Tyler H. Amass, Esq.
February 15, 2022
Page 3

The support of the new Plan by all survivors groups in these bankruptcy cases is the most compelling evidence of good faith, rather than the fact that discussions among parties in interest occurred through the mediation process.  Also, on February 1, 2022, the Court amended its Local Bankruptcy Rules, including Rule 9019-5, which clarifies the Court's protection of information shared as part of the mediation process.  For example, subsection 9019-5(d) has been revised materially to ensure that: "mediations shall be confidential … to the fullest extent permissible under otherwise applicable law," views, suggestions or admissions made by a party during the course of mediation are kept confidential, information "disclosed by the parties or witnesses to or in the presence of the mediator, or between the parties during any mediation conference" is prohibited from disclosure, and the rights of parties with respect to confidential and privileged information remains sacrosanct.[6]  Finally, as your correspondence mentions, "there will be significant changes to, among other things, the Trust Distribution Procedures," which makes clear that documents and communications relating to any TDP that was formulated four months ago in connection with a Plan that was proposed without the input and participation of the TCC have no relevance today.

Based on the foregoing, the TCC does not intend to supplement its Responses at this time.  As set forth in our Responses, the TCC remains willing to meet and confer regarding the issues raised in your correspondence.

Very truly yours,

Malhar S. Pagay

---

[6] Local Bankruptcy Rule 9019-5(d).



Tyler H. Amass, Esq.
February 15, 2022
Page 4


cc:     Richard M. Pachulski, Esq. (via email)
        Alan J. Kornfeld, Esq. (via email)
        Iain A.W. Nasatir, Esq. (via email)
        Jeffrey L. Schulman, Esq. (via email)