# EXHIBIT O

# brownrudnick

D. CAMERON MOXLEY
direct dial: 212.209.4909
fax: 212.938.2919
CMoxley@brownrudnick.com

February 15, 2022

**VIA EMAIL**

Tyler H. Amass, Esq.
Gibson, Dunn & Crutcher LLP
1801 California Street
Denver, CO 80202-2642
TAmass@gibsondunn.com

**RE:  In re Boy Scouts of America and Delaware BSA, LLC, No. 20-10343 (LSS)**

Dear Mr. Amass:

This firm represents the Coalition of Abused Scouts for Justice (the "Coalition"), and we write in response to your February 14, 2022 letter on behalf of the Propounding Insurers requesting that we confirm on behalf of the Coalition (a) whether the Coalition intends to supplement its October 18, 2021 responses to certain requests for production and interrogatories directed by the Propounding Insurers to the Coalition, and (b) whether, if so, the Coalition will make any such supplemental disclosures by February 21, 2022.

The Coalition's responses to the specific requests for production and interrogatories referenced in your February 14, 2022 letter,[1] including the impact of the Bankruptcy Court's October 25, 2021 ruling with respect to the scope of the mediation privilege in these cases on the Coalition's responses, were the subject of prior correspondence several months ago among the Coalition and Propounding Insurers, including your client.  *See* Exhibit A (October 26, 2021 correspondence from Clyde & Co on behalf of "Certain Insurers" (which expressly included at n.1 "the AIG Companies")) and Exhibit B (October 28, 2021 correspondence from Brown Rudnick LLP on behalf of the Coalition).

With respect to the Propounding Insurers' current request that the Coalition supplement its prior document production, as set forth previously in October, it continues to be the case that we understand that documents regarding the Debtors' Plan and the TDPs will be produced by and may most efficiently be obtained from the Debtors.  We also note again that the Bankruptcy Court's mediation privilege ruling concerned only the scope of the mediation privilege and did not order production of documents protected from disclosure by attorney-client privilege, the work product doctrine, or the common interest privilege.

---

[1] Specifically, your letter references Request for Production ("RFPs") Nos. 1-3, 16-18, 20, and 42-44 and Interrogatory Nos. 1-3 and 10.



Tyler H. Amass, Esq.
February 15, 2022
Page 2

With respect to the Propounding Insurers' request that the Coalition supplement its interrogatory responses, it continues to be the case that, "prior to the submission of evidence at the Plan confirmation hearing," the Coalition is not making any "contentions" as to the reasonableness of the "values set forth in the TDPs" (Interrogatory Nos. 1 and 2) or the Expedited Distribution payment (Interrogatory No. 3). Similarly, as to Interrogatory No. 10, the Coalition is not making any "contentions" as to "the process employed by the TDPs to allow claims" and whether and to what extent it is "similar" to or "different" from "how such claims were determined pre-Petition" prior to the submission of evidence at the Plan confirmation hearing. The Coalition expects that the evidence adduced during the confirmation hearing will support the reasonableness of the values set forth in the TDPs and its processes. To the extent that the evidentiary record created to date supports the reasonableness of the values set forth in the TDPs or reflects the Debtors' historical settlement practices, that record is equally available to the Propounding Insurers, and it would be unduly burdensome for the Coalition to catalog the factual record created to date.

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure provides that a party "supplement or correct" prior disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." In light of this letter, our prior correspondence with insurers, and the availability of the information requested from the Debtors to the extent it is not otherwise protected from disclosure, no supplemental disclosure is necessary. As such, the Coalition confirms that it does not intend to supplement its prior document production or interrogatory responses.

Following the prior October 2021 correspondence exchanged among the "Certain Insurers" and the Coalition which clarified the above points, on October 29, 2021, on behalf of the Certain Insurers, counsel confirmed that no further meet and confer was required. *See* email correspondence attached hereto as <u>Exhibit C</u>. Again here, we do not believe there is any disputed issue to be discussed at present with respect to your request that the Coalition provide supplemental disclosures, but we are happy to meet and confer if you disagree.

Sincerely,

**BROWN RUDNICK LLP**


<u>/s/ D. Cameron Moxley</u>
D. Cameron Moxley

# EXHIBIT A



Clyde & Co LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
USA
Telephone: +415 365 9800
Facsimile: +415 365 9801
www.clydeco.com

Bruce D. Celebrezze
bruce.celebrezze@clydeco.us

Konrad R. Krebs*
konrad.krebs@clydeco.us
*Licensed in PA and NJ

October 26, 2021

David Molton
Eric Goodman
Brown Rudnick LLP
7 Times Square
New York, NY 10036

**Re:    In re Boy Scouts of America
U.S. Bankruptcy Court, D. Del., Case No. 20-10343 (LSS)
Coalition's Responses and Objections to Certain Insurers' Requests for Production**

Dear Mr. Molton and Mr. Goodman:

We represent Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company ("Great American").  We write on behalf of Great American, the other "Certain Insurers,"[1] and their counsel, who collectively propounded discovery, including interrogatories and requests for production of documents, upon the Coalition for Abused Scouts for Justice (the "Coalition") on October 8, 2021.

On October 18, 2021, the Coalition served responses and objections to that discovery.  For the reasons stated herein, the Coalition's responses, as well as its general conduct in discovery, are deficient.  Please let us know your availability for a meet and confer conference regarding

---

[1] In addition to Great American, the "Certain Insurers" are American Zurich Insurance Company, American Guarantee and Liability Insurance Company, Steadfast Insurance Company, Arrowood Insurance Company, Liberty Mutual Insurance Company, Old Republic Insurance Company, Clarendon America Insurance Company, Maryland Casualty Company, Maryland American General Group, American General Fire & Casualty Company, Argonaut Insurance Company, Munich Reinsurance America, Inc., f/k/a American Re-Insurance Company, General Star Indemnity Company, Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company, Continental Insurance Company, Columbia Casualty Company, the AIG Companies, Allianz Global Risks US Insurance Company, National Surety Corporation and Interstate Fire & Casualty Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America.
6158146

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix,
San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.



the following issues as soon as possible. We identify the issues with the Coalition's responses and discovery below.

I.  **Plan, Trust, and TDPs Information & Development**

The Certain Insurers propounded multiple discovery questions regarding the Coalition's positions regarding the development of the Modified Fifth Amended Plan of Reorganization [ECF No. 6443] (the "Plan") and the Plan's Trust Distribution Procedures ("TDPs"). These questions include Interrogatories No. 1-3, 9-14 and Requests for Production No. 1-3, 13-18, 20-21, 42-44, 47, and 52-53. The interrogatories seek information about whether the Coalition believes the TDPs are "fair and reasonable" as defined under the Plan terms, "fair and equitable" under Section 1129 of the Bankruptcy Code, and whether the Expedited Distribution payment is reasonable or appropriate. The interrogatories also ask the Coalition to identify who was involved in negotiating and developing certain Plan provisions, and the reason certain facets of the Plan are set up the way they are. The requests for production ask for documents and communications concerning the Plan, the TDPs, and the Settlement Trust, including the following specific information: (1) drafting information, including the identities of the drafters; (2) the Expedited Distribution, including determination of the amount of the "quick payment;" (3) the Claims Matrix; (4) the Debtors' liquidation analysis; (5) Abuse Claims values, (6) the analysis of the actual or potential liability of the Debtors for Abuse Claims; (7) the Plan supplement; and (8) the Plan "findings" contained in Article IX(A)(3).

In response to these discovery requests, the Coalition has asserted that responding to each of these discovery demands would require it to divulge information protected by the mediation privilege. However, in response to the Debtors' Motion for a Protective Order concerning the mediation privilege [ECF No. 6288], Judge Silverstein held on October 25, 2021 that, because the Debtor intends to rely on the fact of the mediation to show that the Plan (including the TDPs) was proposed in good faith, information concerning the mediation is discoverable, particularly as to the development of the Plan and the TDPs. Therefore, none of the information sought by the Certain Insurers regarding the TDPs is protected by the mediation privilege, and it is all discoverable.

Additionally, much of this requested information is information that exists independently of the mediation. It is well established that the mediation privilege does not protect from disclosure evidence "independently discoverable merely because it was presented in the course of the mediation." *See, e.g., Sheldone v. Pa. Turnpike Com'n*, 104 F.Supp.2d 511, 517 (W.D. Pa. 2000). Much of the discovery sought from the Coalition seeks information in the Coalition's possession pertaining to the Plan and the TDPs. Just because this information was shared during the mediation does not entitle it to protection from discovery even under the Coalition's interpretation of the mediation privilege, which Judge Silverstein has rejected in any event.

Furthermore, in response to the Certain Insurers' requests for production, the Coalition has responded that the Plan provisions "reflect and include substantive provisions of the trust distribution procedures drafted and filed by the Debtors on May 16, 2021, see Docket No. 4107, including Base Matrix Values and Maximum Matrix Values, the Scaling Factors and related criteria and procedures for evaluating abuse claims. These values and factors were developed by the Debtors in consultation with their insurers." *See* Coalition's Response to Certain Insurers RFPs, No. 1-3. From the perspective of the "Certain Insurers," which encompass

David Molton
Eric Goodman
October 26, 2021
Page 3



nearly all of the insurers participating in this case, this statement is completely false. To the extent that you have information regarding any insurer's alleged involvement in the development of the Plan or the TDPs, such information is responsive to the Certain Insurers' discovery and must be turned over in discovery.

The Coalition's remaining objections are general objections which do not justify the Coalition's failure to respond to these discovery demands and do not merit individual discussion.[2] Therefore, please provide full and complete responses to these interrogatories and requests for production immediately, so that we need not seek the intervention of the Court.

## II.   Individuals Considered for Settlement Trustee

The Certain Insurers have asked the Coalition to identify all individuals considered for the role of Settlement Trustee overseeing the Settlement Trust, and to provide communications with Eric Green, Fouad Kurdi, Carmin Reiss, Cathy Kern, or others who may have been considered to serve as Settlement Trustee. Discovery requests pertaining to this topic are Interrogatory No. 5 and Requests for Production No. 22-23. The Coalition has objected to these discovery requests on the grounds that this information is subject to the mediation privilege, and also raised their general objections.

Information regarding the selection of the Settlement Trustee – the individual in charge of administering the Settlement Trust and implementing the TDPs – is a component of the good faith of the plan. As such, this information is discoverable pursuant to the Court's October 25, 2021 discovery order. The Coalition's general objections do not justify its failure to respond to these discovery requests. Therefore, please provide full and complete responses to these requests immediately, so that we need not seek the intervention of the Court.

## III.   Claims Investigation, Master Ballot

Interrogatories No. 6-7 and Requests for Production No. 7, 10-12, and 46-49 inquire about information regarding the claims and claimants. As you are aware, the veracity of the Abuse Claims in this matter is an issue that the Court has directly acknowledged may be a concern. Any investigation performed by the Coalition or its members into the merits of abuse claims is only privileged to the extent that it encompasses direct attorney-client communications or involves work product that cannot be developed by other parties within the confines of this case. Additionally, pursuant to the Court's October 25, 2021 order, information concerning abuse claims provided during the course of the mediation to other parties is not the subject of mediation privilege and is discoverable.

Furthermore, information about whether the Coalition member firms have the right to vote for any claimants is not privileged and, as acknowledged by your response, voting issues are a part of the discovery schedule.

---

[2] *See Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017); *Sagness v. Duplechin*, 2017 WL 1183988, at *2 (D. Neb. Mar. 29, 2017); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2017); *Heller v. City of Dallas*, 303 F.R.D. 466, 482-85 (N.D. Tex. 2014); *Waldrop v. Discover Bank* (*In re Waldrop*); 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016); *Smash Technology, LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 450 (D. Utah 2020); *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020); *In re Oxbow Carbon LLC Unitholder Litigation*, 2017 WL 959396, at *2 (Del. Ch. Mar. 13, 2017).

6158146

David Molton
Eric Goodman
October 26, 2021
Page 4



To the extent you assert that any of this information is privileged under these topics, the Certain Insurers require that you provide a privilege log in accordance with the requirements of Fed.R.Civ.P. 26 and Fed.R.Bankr.P. 7026. Please provide full and complete responses to these requests immediately, so that we need not seek the intervention of the Court.

### IV.  Coalition Fees

Interrogatory No. 9 and Requests for Production No. 50-51 ask for information concerning the payment of the Coalition's fees in the Plan, including information concerning the negotiation of such payment and information supporting the amount of such payment. The Coalition's response states that this information is subject to the mediation privilege, attorney-client privilege and work product doctrine, and that such requests are unduly burdensome and beyond the scope of discovery.

The payment of the Coalition's fees is proposed as part of the Plan, and the Coalition has sought to justify this payment on multiple occasions before the Court. Because this payment is part of the Plan and the subject of the good faith finding, this information may not be withheld under the mediation privilege pursuant to this Court's October 25, 2021 order. The Coalition has not provided any explanation as to why these requests are unduly burdensome or outside the scope of discovery; therefore, such objection is boilerplate and fails to satisfy the requirements of Fed.R.Civ.P. 26, 33, and 34 and Fed.R.Bankr.P. 7026, 7033 and 7034. These requests directly address a component of the Plan, are not outside the scope of discoverable information, and are targeted to address discoverable information; there is no conceivable basis that these objections are permissible.

These requests also seek information that is not protected by the attorney-client privilege or work product doctrine. Under Section 503 of the Bankruptcy Code, a creditor may obtain payment of its fees from the estate if it "makes a substantial contribution . . . result[ing] in an 'actual and demonstrable benefit <u>to the debtor's estate and the creditors</u>' . . . . Inherent in substantial contribution, however, is the requirement that the benefit received by the estate be more than incidental to the applicant's self-interest. Creditors are presumed to be self-interested unless they establish that their actions are designed to benefit others who would foreseeably be interested in the estate." *In re Worldwide Direct, Inc.*, 334 B.R. 112, 122 (Bankr. D. Del. 2005) (quoting *In re Lebron*, 27 F.3d 937, 944 (3d Cir. 1994)). Therefore, the focus of the Coalition's fee request under a substantial contribution analysis is the benefit provided by the Coalition to the estate, not to itself. This information is not the subject of attorney-client privilege or the work product doctrine. Please provide full and complete responses to these requests immediately, so that we need not seek the intervention of the Court.

### V.  Deposition Notices

Through discovery notices filed in this matter, we are aware that on or about October 8, 2021, the Coalition noticed numerous depositions in this matter on participating parties. On October 20, 2021, counsel for Great American emailed counsel for the Coalition requesting that such notices be provided pursuant to paragraph 14 of the Court's confirmation procedures order. The Coalition has failed to affirmatively provide these notices, as is its obligation, or to provide

David Molton
Eric Goodman
October 26, 2021
Page 5



any response to Great American's correspondence.  Please provide copies of all deposition notices immediately, so that we need not seek the intervention of the Court.

## VI.  Conclusion

We hope we are able to resolve these issues without further court involvement.  We are cognizant of the Debtor's pursuit of an expedited confirmation timeline for this Plan, a timeline we understand the Coalition supports, and we have worked quickly to evaluate these deficient responses.  However, the Coalition has agreed to produce almost no information in response to the Certain Insurers' requests, and continued stonewalling through these responses is inconsistent with the effort to pursue an expedited timeline.  Understanding the Debtor's position that discovery must move quickly, we are hopeful that the Coalition will work with us to amicably resolve these discovery issues.  Continued failure to produce responsive answers to discovery issues requiring court intervention will only result in additional delay, which is not the intent of the Certain Insurers through this correspondence.

We look forward to discussing these issues with you within the next 48 hours.

Sincerely,


Bruce D. Celebrezze
Konrad R. Krebs
*On behalf of the Certain Insurers*

cc:    David Christian, Esq.
       Bruce McCullough, Esq.
       Rachel Mersky, Esq.
       Counsel for the Certain Insurers

# EXHIBIT B

**brown**rudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

October 28, 2021

**VIA EMAIL**

Bruce D. Celebrezze, Esq.
Clyde & Co LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111

RE:   *In re Boy Scouts of America and Delaware BSA, LLC*

Dear Mr. Celebrezze:

This firm represents the Coalition of Abused Scouts for Justice (the "Coalition"), and we write in response to your October 26, 2021 letter (the "Letter") concerning the Coalition's responses to discovery propounded on it by your clients, Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company, and the other "Certain Insurers," as defined in your Letter and in the propounded discovery.

Herein we address the issues raised in your Letter concerning the Coalition's discovery responses to Certain Insurers, and we believe our comments herein and the actions we and other parties are in the process of taking in light of the Delaware Bankruptcy Court's October 25, 2021 ruling effectively meet Certain Insurers' raised concerns. To the extent, however, that you disagree and wish to meet and confer, of course we will make ourselves available. After reviewing this letter, please advise whether any disputed issue remains about which you wish to meet and confer.

**The Plan and the TDPs**

As you know, on October 25, 2021, the Bankruptcy Court ordered that otherwise confidential mediation "communications regarding the TDPs are discoverable" (Oct. 25, 2021 Hr'g Trans. 13:9-12), notwithstanding Local Rule 9019-5. The Bankruptcy Court based this decision on the Court's view that the Debtors put the communications regarding the TDPs at issue by seeking a good faith finding under section 1129(a)(3) of the Bankruptcy Code. *See, e.g., id.*

We understand that the Debtors intend to comply with the Bankruptcy Court's recent ruling, and in response to discovery directed at the Debtors, the Debtors will produce confidential mediation communications regarding the TDPs. The Debtors' production will also include confidential



Bruce D. Celebrezze, Esq.
October 28, 2021
Page 2

mediation communications with the Coalition regarding the TDPs that pre-date the filing of the Plan.

Of course, Certain Insurers need not receive the same documents twice, and it would be burdensome and inefficient for the Coalition to produce documents a second time that the Debtors will produce. That said, in addition to the Debtors' expected production in this regard, the Coalition, too, will produce mediation-related communications, if any, concerning the development of the TDPs in accordance with the Court's recent ruling to the extent any are in the Coalition's possession and cannot be obtained from the Debtors. We note that the Bankruptcy Court's October 25, 2021 ruling concerned the scope of the mediation privilege under Local Rule 9019-5; the Bankruptcy Court did not order production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or the common interest privilege. Communications protected by these doctrines will not be produced.

With respect to the Coalition's responses to Request for Production Nos. 1-3 and the involvement of insurers in developing the TDPs, the Coalition understands that certain insurers reviewed drafts of the TDPs and/or reviewed the claim values and scaling factors before the TDPs were filed by the Debtors with the Bankruptcy Court on May 16, 2021. Please confirm that if any of the Certain Insurers were involved in that process, that Certain Insurers will produce documents reflecting Certain Insurers' review and/or consideration of the TDPs if any such documents are not part of the Debtors' production.

With respect to the Coalition's responses to Interrogatory Nos. 1-3, the Coalition at present is not making any such "contentions" as to the reasonableness of the "values set forth in the TDPs" (Interrogatory Nos. 1 and 2) or the Expedited Distribution payment (Interrogatory No. 3), as set forth in the Coalition's responses, "prior to the submission of evidence at the Plan confirmation hearing." Moreover, pursuant to the Court's October 25, 2021 ruling and as noted above, documents concerning the development of the TDPs will be produced by Debtors, among other parties, and Certain Insurers are referred to those documents to be produced by Debtors, among other parties, generally, and specifically in response to Interrogatory Nos. 9-14 and Request for Production Nos. 1-3, 13-18, 20-21, 42-44, 47, and 52-53.

Given the Coalition's responses to Interrogatory Nos. 1-3 and 9-14 and Request for Production Nos. 1-3, 13-18, 20-21, 42-44, 47, and 52-53, the Debtors' expected production in light of the Court's recent ruling, the Coalition's plan to produce documents as described therein and herein, and the additional comments herein, we do not believe there is any disputed issue to be discussed at present with respect to these discovery requests, but we are happy to meet and confer if you disagree.

**The Settlement Trustee**

With respect to Request for Production No. 22 concerning communications with Eric Green and his colleagues, as set forth in the Coalition's response, the Coalition even prior to the Court's October 25, 2021 ruling planned to produce responsive documents, and the Coalition will now do



Bruce D. Celebrezze, Esq.
October 28, 2021
Page 3

so, as well, in accordance with and consistent with the Court's ruling. Consistent with its response to Request for Production No. 23, which seeks "Communications with anyone other than Mr. Green who may have been considered as a candidate to serve as Settlement Trustee," the Coalition advises that it is unaware of any such responsive documents in its possession. With respect to Interrogatory No. 5, which asks that "all individuals considered for the role of Settlement Trustee overseeing the Settlement Trust" be identified, the Coalition responded by identifying Mr. Green. It is possible other parties considered other individuals, but the Coalition is unaware of any other individuals considered for the role of Settlement Trustee.

Given the Coalition's responses to Request for Production Nos. 22-23 and Interrogatory No. 5, the Coalition's plan to produce documents as described therein and herein, and the additional comments herein, we do not believe there is any disputed issue to be discussed at present with respect to these discovery requests, but we are happy to meet and confer if you disagree.

**Claims**

With respect to the issues you raise concerning the Coalition's responses to Interrogatory Nos. 6-7 and Request for Production Nos. 7, 10-12, and 46-49, which you characterize as discovery requests that "inquire about information regarding the claims and claimants" that relate to issues concerning "the veracity of the Abuse Claims in this matter" and "[a]ny investigation performed by the Coalition or its members into the merits of abuse claims" (Letter at 3), consistent with the Coalition's responses to these discovery requests, the Coalition, as an ad hoc group, does not possess such information and is not tasked with and has not undertaken such an "investigation." In any event, the Coalition is not the proper target for such discovery, which—again as set forth in the Coalition's responses—on its face and consistent with your Letter's description seeks attorney-client privileged and attorney work production information in that Certain Insurers are seeking to discover communications between Coalition member firms and their clients concerning the clients' claims of abuse. While the Coalition is firmly of the view that any such information is protected from disclosure, the Coalition is not in possession of information concerning "the veracity of the Abuse Claims" (Letter at 3).[1]

Given the Coalition's responses to Interrogatory Nos. 6-7 and Request for Production Nos. 7, 10-12, and 46-49, and the additional comments herein, we do not believe there is any disputed issue to be discussed at present with respect to these discovery requests, but we are happy to meet and confer if you disagree.

---

[1] Moreover, as we wrote to the TCC yesterday and reiterate here with respect to Certain Insurers' discovery which you admittedly have designed to question "the veracity of the Abuse Claims in this matter" (Letter at 3), the attacks on Survivors and the questioning of the abuse they suffered should end. It is unseemly at this juncture in the case.


Bruce D. Celebrezze, Esq.
October 28, 2021
Page 4

**Coalition Fees**

With respect to Certain Insurers' discovery requests that "ask for information concerning the payment of the Coalition's fees in the Plan" (Letter at 4, referencing Interrogatory No. 9 and Request for Production Nos. 50-51), note that on September 29, 2021, the Bankruptcy Court ruled that the issue of the Coalition's professional fees will be heard in the context of a separate motion. *See* Sept. 29, 2021 Hr'g Tr. at 104:8-17.  Such a motion is presently not before the Bankruptcy Court.  As such, we do not believe there is any disputed issue to be discussed at present with respect to the Coalition's fees, but we are happy to meet and confer if you disagree.

**Deposition Notices**

The Coalition is happy to provide copies of the October 8, 2021 deposition notices it served on certain parties to all participating parties and will do so contemporaneously with the delivery of this letter.  As such, we do not believe there is any disputed issue to be discussed at present with respect to the issue of the Coalition's deposition notices, but we are happy to meet and confer if you disagree.

Sincerely,

**BROWN RUDNICK LLP**


*/s/ Eric R. Goodman*
Eric R. Goodman

cc:  Konrad R. Krebs, Esq. (via email)
     Counsel for the Certain Insurers (via email)

# EXHIBIT C

| | |
|---|---|
| **From:** | Krebs, Konrad R. |
| **To:** | Moxley, D. Cameron; Celebrezze, Bruce; kmartorana@gibsondunn.com; kvmarrkand@mintz.com; jhallowell@gibsondunn.com; pminetto@moundcotton.com; mrosenthal@gibsondunn.com; ahachikian@foxswibel.com; dcassidy@gibsondunn.com; dchristian@dca.law; dgooding@choate.com; tweaver@dilworthlaw.com; sparikh@omm.com; "bmccullough@bodellbove.com"; sgummow@fgppr.com; tjordan@fgppr.com; lmcnally@loeb.com; estone@loeb.com; gseligman@wiley.law; acriss@wiley.law; rsmethurst@mwe.com; mwarner@mwe.com; mhrinewski@coughlinduffy.com; larmenti@coughlinduffy.com; jmarshall@choate.com; panderson@foxswibel.com; spmyers@travelers.com; lrizzo@regerlaw.com; tjacobs@bradleyriley.com; dcaves@bradleyriley.com; harris.winsberg@troutman.com; awessels@bradleyriley.com; jbucheit@bradleyriley.com; tdare@oldrepublic.com; hlee@steptoe.com; bgrindrod@steptoe.com; joconnor@steptoe.com; nogle@steptoe.com; summersm@ballardspahr.com; laura.archie@argogroupus.com; scocchiaro@omm.com; dshamah@omm.com; wmcgrath@dilworthlaw.com; lauren.lifland@wilmerhale.com; spmyers@travelers.com; mchoi@gibsondunn.com; rschultz@foxswibel.com; veisinger@gibsondunn.com; kkerns@postschell.com; mhrinewski@cmg.law; jmolino@omm.com; tjacobs@bradleyriley.com; mplevin@crowell.com; aperry@fgppr.com; kcacabelos@crowell.com; aspisak@mwe.com; matthew.brooks@troutman.com; tjackson@crowell.com; wparker@crowell.com; mhalter@regerlaw.com |
| **Cc:** | Molton, David J.; Goodman, Eric R.; Axelrod, Tristan G.; Rachel B Mersky |
| **Subject:** | RE: In re Boy Scouts of America - Deficiency Letter [CC-US2.FID839019] |
| **Date:** | Friday, October 29, 2021 3:30:59 PM |
| **Attachments:** | image002.png |

**CAUTION:** External E-mail. Use caution accessing links or attachments.



Cameron and Eric:

Thank you for this correspondence. Although we do not necessarily agree with all positions in this letter, in light of this letter, we do not believe we it is necessary confer regarding written discovery at this time.

Regards,

**Konrad R. Krebs**
Senior Associate | Clyde & Co US LLP
**Direct Dial:** +1 973 210 6705 | **Mobile:** +1 215 960 5263



200 Campus Drive | Suite 300 | Florham Park | New Jersey | NJ 07932 | USA
**Main** +1 973 210 6700 | **Fax** +1 973 210 6701 | www.clydeco.us

---

**From:** Moxley, D. Cameron <DMoxley@brownrudnick.com>
**Sent:** Thursday, October 28, 2021 3:06 PM
**To:** Celebrezze, Bruce <Bruce.Celebrezze@clydeco.us>; Krebs, Konrad R. <Konrad.Krebs@clydeco.us>; kmartorana@gibsondunn.com; kvmarrkand@mintz.com; jhallowell@gibsondunn.com; pminetto@moundcotton.com; mrosenthal@gibsondunn.com; ahachikian@foxswibel.com; dcassidy@gibsondunn.com; dchristian@dca.law; dgooding@choate.com; tweaver@dilworthlaw.com; sparikh@omm.com; 'bmccullough@bodellbove.com' <bmccullough@bodellbove.com>; sgummow@fgppr.com; tjordan@fgppr.com; lmcnally@loeb.com; estone@loeb.com; gseligman@wiley.law; acriss@wiley.law; rsmethurst@mwe.com; mwarner@mwe.com; mhrinewski@coughlinduffy.com; larmenti@coughlinduffy.com; jmarshall@choate.com; panderson@foxswibel.com; spmyers@travelers.com; lrizzo@regerlaw.com; tjacobs@bradleyriley.com; dcaves@bradleyriley.com; harris.winsberg@troutman.com; awessels@bradleyriley.com; jbucheit@bradleyriley.com; tdare@oldrepublic.com; hlee@steptoe.com; bgrindrod@steptoe.com; joconnor@steptoe.com; nogle@steptoe.com; summersm@ballardspahr.com; laura.archie@argogroupus.com; scocchiaro@omm.com; dshamah@omm.com; wmcgrath@dilworthlaw.com; lauren.lifland@wilmerhale.com; spmyers@travelers.com; mchoi@gibsondunn.com; rschultz@foxswibel.com; veisinger@gibsondunn.com; kkerns@postschell.com; mhrinewski@cmg.law; jmolino@omm.com; tjacobs@bradleyriley.com; mplevin@crowell.com; aperry@fgppr.com; kcacabelos@crowell.com; aspisak@mwe.com; matthew.brooks@troutman.com; tjackson@crowell.com; wparker@crowell.com; mhalter@regerlaw.com
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; Goodman, Eric R. <EGoodman@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; Rachel B Mersky <rmersky@monlaw.com>
**Subject:** RE: In re Boy Scouts of America - Deficiency Letter [CC-US2.FID839019]

Counsel:

Please see the attached correspondence.

Regards,

**brownrudnick**

**Cameron Moxley**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4909
F: 212-938-2919
M: 646-265-4252
cmoxley@brownrudnick.com
www.brownrudnick.com
He/him/his

Please consider the environment before printing this e-mail

**From:** "Krebs, Konrad R." <Konrad.Krebs@clydeco.us>
**Date:** October 26, 2021 at 6:10:51 PM PDT
**To:** "Molton, David J." <DMolton@brownrudnick.com>, "Goodman, Eric R." <EGoodman@brownrudnick.com>
**Cc:** "Martorana, Keith R." <KMartorana@gibsondunn.com>, "Marrkand, Kim" <KVMarrkand@mintz.com>, "Hallowell, James" <JHallowell@gibsondunn.com>, Pamela Minetto <PMinetto@moundcotton.com>, "Rosenthal, Michael A." <MRosenthal@gibsondunn.com>, "Hachikian, Adam" <ahachikian@foxswibel.com>, "Cassidy, Dylan S." <DCassidy@gibsondunn.com>, David Christian <dchristian@dca.law>, "HWL[dgooding@choate.com]" <dgooding@choate.com>, "Weaver, Thaddeus J." <tweaver@dilworthlaw.com>, "Parikh, Sherin" <sparikh@omm.com>, 'bmccullough@bodellbove.com', 'bruce.celebrezze@clydeco.us', "Gummow, Susan" <sgummow@fgppr.com>, "Jordan, Tracey" <tjordan@fgppr.com>, 'lmcnally@loeb.com', 'estone@loeb.com', "Seligman, Gary" <GSeligman@wiley.law>, "Criss, Ashley" <ACriss@wiley.law>, "Smethurst, Ryan" <rsmethurst@mwe.com>, "Warner, Margaret" <mwarner@mwe.com>, Michael Hrinewski <mhrinewski@coughlinduffy.com>, "WTCI[larmenti@coughlinduffy.com]" <larmenti@coughlinduffy.com>, "Marshall, Jonathan D." <jmarshall@choate.com>, 'kmarrkand@mintz.com', "Anderson, Margaret M." <panderson@foxswibel.com>, 'ahachikian@foxswibel.com', 'SPMyers@travelers.com', "Louis J. Rizzo, Esquire" <LRizzo@regerlaw.com>, 'tjacobs@bradleyriley.com', "David M. Caves" <dcaves@bradleyriley.com>, "Winsberg, Harris B." <harris.winsberg@troutman.com>, Ashley Wessels <awessels@bradleyriley.com>, "John E. Bucheit" <jbucheit@bradleyriley.com>, "Dare, Thomas" <TDARE@oldrepublic.com>, "CON[hlee@steptoe.com]" <hlee@steptoe.com>, 'bgrindrod@steptoe.com', 'joconnor@steptoe.com', 'nogle@steptoe.com', 'SummersM@ballardspahr.com', 'laura.archie@argogroupus.com', 'kkerns@postschell.com', Lloyd Gura <LGura@moundcotton.com>, "Wadley, Chris" <cwadley@walkerwilcox.com>, "CON[gsvirsky@omm.com]" <gsvirsky@omm.com>, "CON[TSchiavoni@OMM.com]" <TSchiavoni@omm.com>, "Kirschenbaum, Andrew" <akirschenbaum@omm.com>, "Cocchiaro, Salvatore J." <scocchiaro@omm.com>, "Shamah, Daniel S." <dshamah@omm.com>, "McGrath, Jr., William E." <wmcgrath@dilworthlaw.com>, lauren.lifland@wilmerhale.com, "Myers, Scott P" <SPMYERS@travelers.com>, "Choi, Michelle" <MChoi@gibsondunn.com>, "Schultz, Ryan T." <rschultz@foxswibel.com>, "Eisinger, Vince" <VEisinger@gibsondunn.com>, "Celebrezze, Bruce" <Bruce.Celebrezze@clydeco.us>, "Kerns, Kathleen" <kkerns@postschell.com>, Emily Stone <estone@loeb.com>, Laura McNally <lmcnally@loeb.com>, Michael Hrinewski <mhrinewski@cmg.law>, "Molino, John D." <jmolino@omm.com>, "Todd C. Jacobs"

<TJacobs@bradleyriley.com>, "Plevin, Mark" <MPlevin@crowell.com>, Bruce McCullough <BMcCullough@bodellbove.com>, "Archie, Laura" <laura.archie@argogroupus.com>, "Perry, Andrew T." <aperry@fgppr.com>, "Cacabelos, Kevin" <KCacabelos@crowell.com>, "Spisak, Alex" <Aspisak@mwe.com>, "Brooks, Matthew Ray" <Matthew.Brooks@troutman.com>, "Jackson, Toni" <TJackson@crowell.com>, "Parker, Warrington" <WParker@crowell.com>, "Megan D. Halter, Esquire" <mhalter@regerlaw.com>, Rachel B Mersky <rmersky@monlaw.com>
**Subject: In re Boy Scouts of America - Deficiency Letter [CC-US2.FID839019]**

**CAUTION: External E-mail. Use caution accessing links or attachments.**

Dear Mr. Goodman and Mr. Molton:

Please see attached correspondence.

Thank you,
Konrad Krebs

**Konrad R. Krebs**
Senior Associate | Clyde & Co US LLP
**Direct Dial:** +1 973 210 6705 | **Mobile:** +1 215 960 5263

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us,

please see our privacy statement and summary [here](#) which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************************