# EXHIBIT P



| | |
|---|---|
| 1801 Century Park East<br>Twenty-Sixth Floor<br>Los Angeles, California 90067 | voice: 310-407-4000<br>fax: 310-407-9090<br>www.ktbslaw.com |

Sgurvitz@ktbslaw.com
Direct Dial: 310-407-4032

February 17, 2022

*Sent via Email*

Propounding Insurers

    Re:    Boy Scouts of America Case No. 20-10343 (LSS)

Propounding Insurers:

    I write in response to your letter of February 14, 2022 to Robert Pfister of this office in respect of the above-referenced chapter 11 bankruptcy cases and the *Propounding Insurers' First Set of Requests for Production of Documents* (the "Requests") served on The Zalkin Law Firm, P.C. ("ZLF") and Pfau Cochran Vertetis Amala PLLC ("PCVA," and with ZLF, the "Firms"). The Firms served written responses and objections (the "Responses") to the Requests on October 18, 2021. Your February 14 letter references the need to supplement the Firms' responses as they relate to Requests 1 through 5, which seek production of documents that contain or relate to communications between the Firms, on the one hand, and (i) the BSA, (ii) any Local Council, (iii) any Chartered Organization, (iv) the FCR, or (v) the Coalition, on the other hand.

    The Firms objected to the Request on several grounds, including to the extent the Requests call for the production of documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, the settlement communication privilege, or any other applicable privilege or immunity from discovery, and/or to the extent the Requests are overbroad, unduly burdensome, or attempt to impose obligations on the Firms beyond those imposed by the Applicable Rules (as defined in the Responses). The Firms also objected to the Requests because they seek the production of documents from persons other than the Firms and because they impose no temporal limit whatsoever and would therefore require production of documents that contain or relate to communications between the Firms and the above-referenced parties that have no relevance to the current Plan or to these bankruptcy cases. Those same objections hold true today.

    The Court's ruling on October 25, 2021, regarding the *Debtors' Motion for Protective Order and Related Relief* [D.I. 6288] (the "Motion") does not impact the Firms' position asserted in its Responses. First, the Court's denial of the Motion, which addressed prior iterations of the Plan and TDPs, is very limited in nature. Specifically, the relief requested was denied "to the extent that debtors seek to shield discovery communications, oral and written, regarding the trust distribution procedures, based on the mediation privilege." Hr'g Tr., Oct. 25, 2021, at 15:4-7. Accordingly, the ruling has no bearing on other privilege bases for withholding production.

Moreover, the ruling explicitly references the debtors but no other parties in interest. In addition, the ruling was based largely on (i) a provision in the Mediation Order stating that "[i]f a party puts at issue any good faith finding concerning the mediation [in] any subsequent action concerning insurance coverage the parties right to seek discovery, if any, is preserved," *id.* at 2:25-4:3, (ii) the debtors' stated intent to "use the fact of mediation as evidence of good faith" and the corresponding determination that "as such, they have put the mediation, at least with respect to the good faith of the TDPs, at issue," *id.* at 13:13-18, and (iii) perceived ambiguities in the then applicable Local Bankruptcy Rule 9019-5.5, *id.* at 3:11-4:3 & 11:9-23.

As to the first two bases for the Court's ruling, those animating concerns are simply not relevant to the Requests, including because the Firms are not the Debtors and the Firms are not putting at issue any good faith finding concerning the mediation. As to perceived ambiguities in the Local Rules, on February 1, 2022, the Court amended its Local Bankruptcy Rules, including Rule 9019-5, which clarifies the Court's protection of information shared as part of the mediation process. The revisions expressly mandate that "mediations shall be confidential under these rules to the fullest extent permissible under otherwise applicable law." L.R. 9019-5(d).

In light of the foregoing, the Firms believe that no supplement is necessary for the vast majority of the Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, made applicable by Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure, and subject to and without waiver of the reservations and objections set forth above and/or in the Responses, the Firms hereby make the following supplemental disclosures:

Since service of the Responses, the Firms have no nonprivileged documents containing or reflecting communications with the FCR (Request 4) or the Coalition (Request 5). The Firms may have limited non-privileged documents containing or reflecting ministerial communications with the BSA (Request 1), certain Local Councils (Request 2), and certain Chartered Organizations (Request 3). Specifically, the Firms have emails notifying the BSA and its counsel of "Further Abuse Actions" in accordance with paragraph 8 of the Consent Order [Adv. No. 20-50527 D.I. 54], and ZLF has emails with counsel to certain Local Councils and Chartered Organizations regarding the status of lawsuits relating to Abuse Claims in New Jersey and New York. However, these emails are not remotely relevant to the Plan or confirmation proceedings. The Firms have no other non-privileged documents containing or reflecting communications with the BSA (setting aside service emails related to these bankruptcy cases) and no other documents containing or reflecting communications with Local Councils or Chartered Organizations. PCVA will conduct a reasonable, good faith search for non-privileged, responsive documents relating to the Abuse Claim of PCVA client Claimant No. 32543 (Request 7).

Propounding Insurers
February 17, 2022
Page 3

      Please reach out to the undersigned should you wish to meet and confer on these matters.

      Sincerely,

      Sasha M. Gurvitz