# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. 8813, 8830, 8912** |

## NOTICE OF SUPPLEMENT TO DISCLOSURES REGARDING SETTLEMENT TRUSTEE IN CONNECTION WITH THE DEBTORS' THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 15, 2022, Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (together with all exhibits, schedules and attachments thereto, the "Plan")[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Pursuant to the Tort Claimants Committee Settlement Term Sheet (the "TCC Term Sheet"),[3] the seven proposed members of the Settlement Trust Advisory Committee (the "STAC") and the Future Claimants' Representative (the "FCR") were tasked with interviewing all proposed Settlement Trustee candidates. TCC Term Sheet at 11. The STAC was also tasked with selecting, with the approval of at least five members of the STAC and the reasonable consent of the FCR, the Settlement Trustee. *Id.*

3. On February 15, 2022, the Bankruptcy Court entered the *Order (I) Amending and Scheduling Certain Supplemental Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization and (II) Approving a Limited Supplemental Voting Deadline for Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims* [D.I. 8830] (the "Confirmation Scheduling Order"). The Confirmation Scheduling Order required disclosure of the identity of the Settlement Trustee by February 18, 2022.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] *See Eleventh Mediator's Report*, Ex. A [D.I. 8772].

1

4. On Wednesday, February 16, 2022 and Thursday, February 17, 2022 the proposed members of the STAC conducted interviews of a number of candidates to serve as the Settlement Trustee and the Claims Administrators. Counsel to the Debtors and the FCR attended all interviews.

5. Following the completion of the interviews on February 17, 2022, and with the assistance of the Mr. Timothy V.P. Gallagher (the "Mediator"), the proposed members of the STAC conferred and were in constant communication regarding the final selection of the Settlement Trustee.

6. By the evening of February 18, 2022, the Debtors were informed that no candidate for the Settlement Trustee position received the requisite approval of at least five members of the STAC. However, the STAC narrowed the candidate pool down to two extremely qualified individuals: former Judge Barbara J. Houser (Bankr. N.D. Tex.) and former Judge David F. Levi (Bankr. E.D. Cal.). Accordingly, the Debtors filed the *Notice of Identities of the Claims Administrators and Status Update Regarding the Settlement Trustee in Connection with the Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization* [D.I. 8912] (the "Debtors' Status Update") to provide the parties-in-interest an update identifying former Judge Houser and former Judge Levi as the likely candidates to receive the requisite approval of the STAC.

7. As of the date of the filing of this Notice, the Debtors have been informed that the discussion to finalize the selection of the Settlement Trustee is still deadlocked with neither candidate receiving the required approval.[4] In light of this deadlock and the requirement in the Confirmation Scheduling Order to identify the Settlement Trustee, the Debtors file this Notice.

8. The TCC Term Sheet did not contemplate procedures for resolving issues in the event that the members of the STAC were unable to reach a 5-2 decision, and there are currently no procedures that would govern such pre-Effective Date issues.[5] While neither candidate has received the approval of at least five members of the STAC, the Debtors understand that former Judge Houser currently has the approval of a simple 4-3 majority of the STAC.

9. The Debtors have been placed in an untenable position due to the inability of the STAC to reach consensus on the appointment of the Settlement Trustee. Notwithstanding the fact that the TCC Term Sheet provided that the Settlement Trustee would be selected with the approval of at least five members of the STAC and the reasonable consent of the FCR and, because of the

---

[4] The Certain Insurers have filed a status update claiming that the failure to designate the Settlement Trustee has inhibited their ability to prepare for the Confirmation Hearing. [D.I. 8967]. The Debtors dispute the notion that the Certain Insurers have been prejudiced in any way. The Debtors' Status Update identified two well-known former judges, each with vast experience fairly adjudicating claims, as the likely candidates for Settlement Trustee. Moreover, the Certain Insurers have access to the public records of each candidate's prior cases and have already filed notices of deposition of former Judge Houser and former Judge Levi. [D.I. 8963 & 8964].

[5] While section 8.16 of the Settlement Trust Agreement provides for dispute resolution procedures with respect to "any dispute between or among the parties hereto, and the Beneficiaries hereof, arising under or with respect to [the Settlement Trust Agreement]," such procedures are not effective until the Effective Date. Settlement Trust Agreement § 8.16. At this time, there are no procedures in place that may be used to resolve the current impasse among the STAC members.

deadlock described above, the Debtors believe it is appropriate, subject to the Court's views, to designate former Judge Houser as the initial Settlement Trustee for purposes of confirmation of the Plan.

10. Prior to her service on the bench, former Judge Houser represented clients in a variety of significant chapter 11 cases across the country, including her role as lead debtor's counsel for Dow Corning Corporation. Ms. Houser was sworn in as a U.S. Bankruptcy Judge in January 2000 and later became Chief Judge of the U.S. Bankruptcy Court in Dallas, TX in September 2005. After becoming a bankruptcy judge in 2000, she joined the National Conference of Bankruptcy Judges and served as its President from 2009 to 2010. She has since received a variety of awards and honors, most recently the Distinguished Service Award from the American College of Bankruptcy in October 2021.

11. Former Judge Houser has also served the judiciary in a number of capacities during her twenty-one years on the bench, including (i) as a member of the Judicial Conference Committee on the Administration of the Bankruptcy System for seven years, (ii) as a member of the faculty that the Federal Judicial Center selected to teach new bankruptcy judges for many years, and (iii) as a member of the Board of Directors of the Federal Judicial Center.

12. In June 2017, former Judge Houser was appointed to serve as the leader of a team of five federal judges tasked with mediating all of the issues in dispute in connection with the historic insolvency filings by the Commonwealth of Puerto Rico and certain related instrumentalities under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

13. The Debtors believe that former Judge Houser's wide array of experiences as an advocate, judge, and mediator in complex chapter 11 matters would be invaluable to the administration of the Settlement Trust. The Debtors also believe that former Judge Houser is deeply committed to continuing her long and distinguished career of public service by serving as the Settlement Trustee.

14. The Debtors believe that former Judge Levi is also extremely qualified to serve in the role as Settlement Trustee. Prior to becoming a U.S. District Judge in 1990, Mr. Levi served as the U.S. Attorney for the Eastern District of California from 1986 to 1990. In 1990, Mr. Levi was appointed as a U.S. District Judge for the Eastern District of California and served as the Chief Judge for that district from 2003 to 2007. Former Judge Levi is currently the Levi Family Professor of Law and Judicial Studies and Director of the Bolch Judicial Institute at Duke Law School, and served as the dean of Duke Law School from 2007 to 2018. In addition to his service on the bench and career in academia, former Judge Levi also has experience as a trustee as one of three court-appointed trustees of the Asarco and THAN Asbestos Trusts. Moreover, he serves as the court-appointed Future Clams Representative of the J.T. Thorpe Settlement Trust, Thorpe Insulation Company Asbestos Settlement Trust, the Western Asbestos Settlement Trust, and the Plan Asbestos Settlement Trust. Former Judge Levi is undoubtedly qualified for the role of Settlement Trustee. However, because former Judge Houser's candidacy has garnered greater support among the STAC members, the Debtors hereby designate former Judge Houser as the initial Settlement Trustee, subject to the views of the Court.

3

| | |
|---|---|
| Dated: February 24, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>       aremming@morrisnichols.com<br>       ptopper@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>      mlinder@whitecase.com<br>      laura.baccash@whitecase.com<br>      blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND<br>DEBTORS IN POSSESSION |