# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> Jointly Administered <br><br> Hearing Date: March 14, 2022 at 10:00 a.m. (ET) <br><br> **RE: Docket Nos. 8813, 8814, 8967 and 8981** |

**STATEMENT OF THE TORT CLAIMANTS' COMMITTEE REGARDING (1) SELECTION OF SETTLEMENT TRUSTEE AND CLAIMS ADMINISTRATORS; AND (2) CORRECTIVE CHANGES TO PROPOSED TRUST AGREEMENT IN CONNECTION WITH CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

The official committee of survivors of childhood sexual abuse (the "Tort Claimants' Committee") hereby files this Statement (the "Statement") for the purpose of advising the Court of (i) the Tort Claimants' Committee's support for the Debtors' designation of the Honorable Barbara Houser (Ret.) as Settlement Trustee and the selection of the Honorable Michael Reagan (Ret.) and the Honorable Diane Welsh (Ret.) as Claims Administrators in connection with confirmation of the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8813] (the "Plan")[2] proposed by the Boy Scouts of America (the "BSA") and its affiliate Delaware BSA, LLC (together with the BSA, the "Debtors"), and (ii) proposed corrective changes to the BSA Settlement Trust

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Plan.

1

Agreement (the "Settlement Trust Agreement") to provide for a dispute resolution procedure to avoid "deadlocks" that risk paralyzing the Settlement Trust in the future and to correct the omission of the Claims Administrators in the definition of "Trust Indemnified Parties". In support of this Statement, the Tort Claimants' Committee respectfully represents as follows:

1. The Tort Claimants' Committee reached a global settlement with the Debtors, FCR and the Coalition with respect to, among other things, the treatment of survivors under the Plan, the Settlement Trust Agreement and the Trust Distribution Procedures. Pursuant to that settlement, the Tort Claimants' Committee supports confirmation of the Plan, subject to confirmation of the Plan as modified by the settlement.

2. The executed Tort Claimants Committee Settlement Term Sheet (the "TCC Term Sheet") memorializes the terms of the global settlement. *See* Eleventh Mediator's Report [Docket No. 8772], filed on February 10, 2022. Among other provisions, the TCC Term Sheet states: (a) "There will be one Settlement Trustee and two Claims Administrators." and (b) "The proposed members of the STAC and the FCR will interview all proposed Settlement Trustee and Claims Administrator candidates. The Settlement Trustee and Claims Administrators will be selected only if approved by at least five (5) members of the STAC and with the reasonable consent of the FCR." TCC Term Sheet at 11. These provisions are memorialized in Articles 4 and 5 of the BSA Settlement Trust Agreement attached as Exhibit B to the Plan.

3. On February 15, 2022, the Debtors filed their *Notice of Filing of Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization and Blackline Thereof* [Docket No. 8814] (the "Notice of Filing"), which states that

> The Debtors are filing a revised plan of reorganization, executed Settlement Agreements and related documents. Although the supporting parties believe that the Plan and Plan Documents, as filed, reflect the comments of the numerous supporting parties and are consistent with the TCC Term Sheet filed with the Eleventh Mediator's Report [D.I. 8772], in an abundance of caution, **all supporting parties have reserved the right to comment further on the Plan and Plan Documents to the extent there may be clarifications, corrections or other needed modifications that become apparent after further review**.

Notice of Filing ¶ 5 at 1-2 (emphasis added).

4. Pursuant to the *Order (I) Amending and Scheduling Certain Supplemental Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization and (II) Approving a Limited Supplemental Voting Deadline for Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims* [Docket No. 8830], the Court set February 18, 2022, as the deadline to identify the Settlement Trustee and Claims Administrators.

5. On February 18, 2022, the Debtors filed their *Notice of Identities of the Claims Administrators and Status Update Regarding the Settlement Trustee in Connection with the Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization* [Docket No. 8912], in which they advised parties in interest that: (a) the proposed initial STAC members interviewed candidates to serve as Settlement Trustee and Claims Administrators in which counsel for the Debtors and FCR also participated; (b) the STAC selected, and the FCR approved, as initial Claims Administrators (i) former Judge Michael Reagan (Claims Administrator for the Independent Review process); and (ii) former Judge Diane Welsh (Claims Administrator for claims otherwise administered under the Trust Distribution Procedures); and (c) no candidate for the Settlement Trustee position has received the requisite minimum vote of

3

five (5) STAC members, although the slate of potential candidates appears to have narrowed to two individuals: former judges Barbara Houser and David Levi.

6. Subsequently, on February 24, 2022, the Debtors filed a Supplemental Disclosure designating the Honorable Barbara Houser (Ret.) as the proposed Settlement Trustee under the Plan [Docket 8981].

## STATEMENT IN SUPPORT OF THE SETTLEMENT TRUSTEE DESIGNATION AND CLAIMS ADMINISTRATORS SELECTION

7. The foundation underpinning all Abuse Claims is a breach of trust. As Dr. Jon Conte—the Tort Claimants' Committee's expert on childhood sexual abuse—has opined, survivors have difficulties trusting people.[3] For this reason, survivors must have confidence that the parties in control of the Settlement Trust are truly independent. The Tort Claimant's Committee is fully supportive of the selection of Judge Houser as the Settlement Trustee because she is highly qualified and because her independence is beyond question. Given Judge Houser's very recent retirement from the bench coupled with the fact that her sole responsibility since 2017 has been as chief mediator in the Puerto Rico bankruptcy case, she has no conflicts and has not worked for or with any of the key parties in these cases. She has indicated her interest in serving in this role and confirmed that she is able devote her full time efforts to the Settlement Trust. The Tort Claimants Committee believes that with Judge Houser at the helm, survivors can be confident that the Settlement Trust is being administered by someone who is devoted full time to the expeditious distribution under the Settlement Trust. Similarly, both

---

[3] Rebuttal Expert Report of Jon R. Conte, Ph.D. to Expert Report of Aaron Lundberg & Expert Report of Dr. Eileen Treacy dated January 5, 2022, at 18.

Judge Reagan and Judge Welsh are extremely experienced and qualified to handle the administration of claims and the Tort Claimants' Committee is fully supportive of the STAC's selections of them as Claims Administrators.

8. The Tort Claimants' Committee believes that all three former judges will work together well and inspire confidence in survivors that the administration of Settlement Trust assets and Abuse Claims through the Settlement Trust is handled appropriately.

**REQUEST FOR CORRECTIVE AMENDMENTS TO THE SETTLEMENT TRUST**

9. As disclosed to the Court, the Parties finalized the Settlement Trust Agreement and amended Plan Documents late into the night after a marathon negotiation and drafting session. The Tort Claimants' Committee, after further review, determined that the Settlement Trust Agreement should be amended to provide a dispute resolution mechanism for decisions that, in the event of a lack of supermajority STAC consent, would be crippling to the Settlement Trust. This corrective change is critical to the effective administration of the Settlement Trust. In addition, the Claims Administrators were inadvertently omitted from the definition of "Trust Indemnified Parties." Accordingly, the Tort Claimants' Committee proposes that the amendments set forth on **Exhibit "A"** hereto be incorporated in the Settlement Trust Agreement as a condition to confirmation of the Plan.

Dated: February 24, 2022    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073) (admitted pro hac vice)
Alan J. Kornfeld (CA Bar No. 130063) (admitted pro hac vice)
Debra I. Grassgreen (CA Bar No. 169978) (admitted pro hac vice)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tele/Fax: (302) 652-4100 / (302) 652-4400
Email: rpachulski@pszjlaw.com
      akornfeld@pszjlaw.com
      dgrassgreen@pszjlaw.com
      joneill@pszjlaw.com

*Counsel for the Tort Claimants' Committee*