

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Robert S. Brady**
P 302.571.6690
F 302.576.3298
rbrady@ycst.com

February 24, 2022

Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

Re:    In re Boy Scouts of America and Delaware BSA, LLC
(Case No. 20-10343 (LSS))

Dear Judge Silverstein:

The TCC Term Sheet filed on February 10, 2022, provides that the Settlement Trustee and Claims Administrators shall be selected only if approved by at least five (5) members of the Settlement Trust Advisory Committee (the "STAC") and with the reasonable consent of the Future Claimants' Representative ("FCR").  Dkt. No. 8772-1 at p. 11.

On February 18, 2022, the Debtors notified the Court and other parties in interest that (i) the STAC had agreed that the initial Claims Administrators shall be Hon. Judge Michael Reagan (Ret.) and Hon. Judge Diane Welsh (Ret.), and the FCR consented to these selections; and (ii) no Settlement Trustee candidate had received the requisite approval of at least five (5) members of the STAC, but the Debtors observed that there were two individuals remaining in contention to receive the requisite approval to fill the Settlement Trustee position: Hon. Barbara Houser (Ret.) and Hon. David Levi (Ret.).  Dkt. No. 8912 ¶¶ 7-8.

As noted in the letter filed on the Court's docket earlier this afternoon by the Coalition of Abused Scouts for Justice (the "Coalition"), the STAC remains at an impasse regarding the selection of the Settlement Trustee.  Dkt. No. 8991.  Nevertheless, the Debtors filed a notice purporting to appoint Hon. Barbara J. Houser (Ret.) as the Settlement Trustee.  Dkt. No. 8981.

Notably, the Debtors' most recent submission to the Court notes that both of the remaining candidates are highly qualified and capable of filling the Settlement Trustee position.  The FCR agrees that both candidates are highly qualified, and would be supportive of either candidate filling the position.  However, neither the TCC Term Sheet nor the Trust Agreement provide the Debtors with unilateral authority to appoint the Settlement Trustee.  Accordingly, under the circumstances, the FCR believes the Court should determine the appropriate candidate or candidates to serve as the Settlement Trustee, and in fact, the FCR believes that the Court should appoint both candidates to serve as Settlement Trustees.  All parties agree that both candidates are highly qualified and

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600    F   302.571.1253    YoungConaway.com

29112210.3

Young Conaway Stargatt & Taylor, LLP
February 24, 2022
Page 2

have significant support on the proposed STAC.  Considering the size of the Settlement Trust and the complexity of the issues involved, the appointment of multiple trustees is consistent with applicable precedent in mass tort restructurings.  In addition, the cost of multiple trustees is relatively insignificant, and the Settlement Trust would benefit enormously from the combination of the varied experience and talents of the two proposed trustees.

Sincerely,

/s/ Robert S. Brady

Robert S. Brady

29112210.3