**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re:  Dkt. 8813 & 8814 & 8992** |

**JOINDER OF THE ZALKIN LAW FIRM, P.C., AND PFAU COCHRAN VERTETIS AMALA PLLC TO STATEMENT OF THE TORT CLAIMANTS' COMMITTEE REGARDING (1) SELECTION OF SETTLEMENT TRUSTEE AND CLAIMS ADMINISTRATORS; AND (2) CORRECTIVE CHANGES TO PROPOSED TRUST AGREEMENT IN CONNECTION WITH CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

The Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC (the "Firms") each respectfully join in the *Statement of the Tort Claimants' Committee Regarding (1) Selection of Settlement Trustee and Claims Administrators; and (2) Corrective Changes to Proposed Trust Agreement in Connection with Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8992] (the "TCC's Statement") filed by the Official Committee of Tort Claimants (the "TCC") in the above-captioned cases (the "Bankruptcy Cases").  The Firms respectfully state as follows:

1. The Firms support the Debtors' designation of the Honorable Barbara Houser (Ret.) as Settlement Trustee and the selection of the Honorable Michael Reagan (Ret.) and the Honorable Diane Welsh (Ret.) as Claims Administrators in connection with confirmation of the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8813] (the "Plan")[1] proposed by the above captioned debtors and debtors in possession (the "Debtors").  The Firms also support the TCC's proposed

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

1

corrective changes to the BSA Settlement Trust Agreement (the "Settlement Trust Agreement"), as outlined in the TCC's Statement, that provide for a dispute resolution procedure to avoid "deadlocks" that risk paralyzing the Settlement Trust in the future.

2. For the reasons stated in the TCC's Statement, the Firms believe the Debtors' designation of Judge Houser as the Settlement Trustee and the STAC's selection of Judge Reagan and Judge Welsh as Claims Administrators is in the best interest of survivors. The Firms also believe that, consistent with the parties' reservation of rights, it is appropriate and constructive to modify the Settlement Trust Agreement as proposed in the TCC's Statement to prevent future deadlock in instances where the STAC is unable to obtain supermajority consent and the failure to act could otherwise paralyze the Settlement Trust.

DATED: February 24, 2022               Respectfully Submitted,

                                       **BIELLI & KLAUDER, LLC**

                                       By:  */s/ David M. Klauder*
KTBS LAW LLP                           David M. Klauder, Esquire (No. 5769)
Thomas E. Patterson (p*ro hac vice*)   1204 N. King Street
Daniel J. Bussel (p*ro hac vice*)      Wilmington, DE 19801
Robert J. Pfister (*pro hac vice*)     Phone: (302) 803-4600
Sasha M Gurvitz (p*ro hac vice*)       Fax: (302) 397-2557
1801 Century Park East, Twenty-Sixth Floor   Email: dklauder@bk-legal.com
Los Angeles, California 90067
Telephone     310-407-4000
Email: tpatterson@ktbslaw.com;
       dbussel@ktbslaw.com
       rpfister@ktbslaw.com
       sgurvitz@ktbslaw.com

*Counsel to each of The Zalkin Law Firm, P.C., and Pfau Cochran Vertetis Amala PLLC*