IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 8813 |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF TCJC WITH
RESPECT TO PAYMENT OF PFAU/ZALKIN RESTRUCTURING EXPENSES**

The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole ("**TCJC**"), by and through undersigned counsel, files this statement to reserve all rights with respect to the payment of the Pfau/Zalkin Restructuring Expenses[2] pursuant to the process established in the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization For Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8813] (the "**Plan**").

1. The Plan provides a process for the potential reimbursement of fees and expenses paid by state court counsel to the Pfau/Zalkin Professionals. *See* Art. V, T.2 ("Payment of Coalition and Pfau/Zalkin Restructuring Expenses."). In relevant part, the Plan provides:

> On or as soon as reasonably practicable after the Effective Date, and subject to the Bankruptcy Court granting a motion filed pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law, the Settlement Trust shall reimburse state court counsel for amounts they have paid to KTBS Law and Michel Horton (the "Pfau/Zalkin Professionals") for, and/or pay the Pfau/Zalkin Professionals for amounts payable by state court counsel but not yet paid to Pfau/Zalkin Professionals for, reasonable, documented, and contractual professional advisory fees and expenses incurred by the Pfau/Zalkin Professionals (the "Pfau/Zalkin Restructuring Expenses") . . . . Notwithstanding

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1

> anything to the contrary in the Plan, the Pfau/Zalkin Restructuring Expenses shall be subject to the terms of Article II.A.2, with the following modifications: (x) Pfau/Zalkin Professionals shall comply with the procedures and processes set forth in Article II.A.2 by filing final fee application(s), which, for attorneys or law firms who are Pfau/Zalkin Professionals, shall include time entry detail, which may be redacted for privilege; and (y) payment or reimbursement of Pfau/Zalkin Restructuring Expenses shall be subject to the review and procedure of the Fee Examiner . . . . The requirement that a separate motion be filed with the Bankruptcy Court shall not in any way prejudice or limit the payment of the Pfau/Zalkin Restructuring Expenses under the Plan and/or pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law.

*See id.* In accordance with this process, as more fully set forth in Article II.A.2 of the Plan, the Pfau/Zalkin Professionals will be required to file a motion for the allowance of fees pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, which will provide parties with notice and an opportunity to object at the appropriate time without the need to adjudicate any issues related to such fees at confirmation.[3]

2. Allowance of any fees and expenses for the Pfau/Zalkin Professionals should be subject to section 503(b)(3) of the Bankruptcy Code. Section 503(b)(3) provides that a creditor may be awarded an administrative claim for the actual, necessary expenses incurred in making a "substantial contribution" in a case under chapter 9 or 11. *See* 11 U.S.C. §§ 503(b)(3)(D), 504. In the Third Circuit, it is well-established that the type of contribution that reaches the "substantial" threshold is "exceedingly narrow." *In re M&G USA Corp.*, 599 B.R. 256, 262 (Bankr. D. Del. 2019). "Extensive and active participation alone does not qualify" nor do "services that are

---

[3] As this Court has previously observed, the approval of professional fees will not be adjudicated in connection with confirmation of the Plan (or as a condition to confirmation of the Plan). *See* Tr. of Telephonic Disclosure Statement Hr. Before the Hon. Laurie Selber Silverstein, *In re Boy Scouts of Am. and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Sept. 29, 2021) at 104:8–17 ("And the second thing -- and I did give some thought to this -- the Coalition fees, I will decide that on a motion, on an appropriate motion unrelated to the plan. Okay? Not in connection with the plan . . . . I'm going to be judging that issue on all appropriate factors at the appropriate time and we're not going to glom that onto confirmation.").

duplicative of other estate professionals." *Id*. at 262 (citations omitted). Indeed, the Third Circuit has held that "[i]nherent in the term 'substantial' is the concept that the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." *See Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994). There is clear precedent that "expected or routine" activities in a chapter 11 case, particularly those that are duplicative of the efforts of other professionals or parties in interest, cannot rise to the level of "substantial contribution." *See, e.g.*, *In re RS Legacy Corp.*, No. 15-10197 (BLS), 2016 WL 1084400, at *4 (Bankr. D. Del. Mar. 17, 2016) (slip copy).

3. TCJC reserves all rights with respect to the payment of the Pfau/Zalkin Restructuring Expenses, including the right to object to the allowance of such fees and expenses on any grounds, including, but not limited to, that the Pfau/Zalkin Restructuring Expenses must satisfy section 503(b)(3)(D) of the Bankruptcy Code and that the standards for a substantial contribution claim have not been met.

4. In the event that the Debtors, the Pfau/Zalkin Professionals, or any other party takes the position that the Plan or Confirmation Order will determine that the Pfau/Zalkin Professionals may be entitled to payment of the Pfau/Zalkin Restructuring Expenses without satisfying the requirements of section 503(b)(3)(D) of the Bankruptcy Code, TCJC objects to such a determination.

| | |
|---|---|
| Dated: February 25, 2022<br>Wilmington, Delaware | */s/ Michael J. Merchant* |

        **RICHARDS, LAYTON & FINGER, P.A.**
        Michael J. Merchant (No. 3854)
        Brett M. Haywood (No. 6166)
        One Rodney Square
        920 North King Street
        Wilmington, DE  19801
        Telephone:  (302) 651-7700
        Facsimile:  (302) 651-7701
        E-mail:  merchant@rlf.com
                haywood@rlf.com

        - and -

        **LATHAM & WATKINS LLP**

        Jeffrey E. Bjork (admitted *pro hac vice*)
        Deniz A. Irgi (*pro hac vice* pending)
        355 South Grand Avenue, Suite 100
        Los Angeles, California 90071-1560
        Telephone:  (213) 485-1234
        Facsimile:  (213) 891-8763
        E-mail:  jeff.bjork@lw.com
                deniz.irgi@lw.com

        - and -

        Robert J. Malionek (*pro hac vice* pending)
        Adam J. Goldberg (admitted *pro hac vice*)
        Madeleine C. Parish (*pro hac vice* pending)
        Benjamin A. Dozier (*pro hac vice* pending)
        Latham & Watkins LLP
        885 Third Avenue
        New York, NY 10022-4834
        Telephone: (212) 906-1200
        E-mail: adam.goldberg@lw.com
                robert.malionek@lw.com
                madeleine.parish@lw.com
                benjamin.butzin-dozier@lw.com

        *Counsel to The Church of Jesus Christ of Latter-day Saints*, *a Utah corporation sole*

US-DOCS\130012454.4RLF1 26906985v.1