# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA AND | ) |
| DELAWARE BSA, LLC,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: D.I. 6445, 6528, 7832, 7996, 8815 |
| | ) |

## LIMITED OBJECTION OF EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C. TO EXCULPATION OF PACHULSKI STANG ZIEHL & JONES IN DEBTORS' THIRD MODIFIED FIFTH AMENDED PLAN OF REORGANIZATION

Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. ("Eisenberg Rothweiler"), by its undersigned counsel, hereby submits this Limited Objection (the "Limited Objection") to the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8815] (the "Plan"). Eisenberg Rothweiler opposes the recently modified and inexplicable treatment in the Plan of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Tort Claimants' Committee ("TCC"), as an Exculpated Party.[2]

## PRELIMINARY STATEMENT

1.  To be clear, Eisenberg Rothweiler supports the Plan generally and specifically supports the proposed global resolution of the abuse claims of the sexual abuse survivors ("Survivors") in accordance with the terms of the Plan. Eisenberg Rothweiler's objection to the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Plan. Statutory references are to the Bankruptcy Code (the "Code") unless context otherwise requires.

Plan is limited to the application of the exculpation provisions of the Plan to the actions of PSZJ in connection with the events surrounding the TCC/Kosnoff Communications.[3]

2. As the Court is well aware, in October of 2021, PSZJ, together with Timothy Kosnoff, collaborated to taint the Plan Solicitation Procedures by the transmittal of the TCC/Kosnoff Communications to Survivors to advance their opposition to the Plan. The TCC/Kosnoff Communications included defamatory statements directed at Eisenberg Rothweiler generally and at Ken Rothweiler specifically. PSJZ's dissemination of the TCC/Kosnoff Communications was an attempt to manufacture a Plan solicitation and voting crisis. The TCC and Kosnoff systematically and purposely sought to disrupt the Plan solicitation and voting by weaponizing TCC/Kosnoff Communications in an attempt to create widespread confusion and mistrust.

3. Now, apparently undeterred by the fallout from the TCC/Kosnoff Communications, or by the *Agreed Interim Order on Debtors' Motion (i) Enforcing the Solicitation Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against The Tort Claimants' Committee, and (III) Granting Related Relief* [Dkt. No 7401] ("Agreed Interim Order"), PSZJ has recently negotiated with the Debtors for the inclusion of PSZJ as an exculpated party, thereby serving PSZJ's interests in limiting its liability resulting from the TCC/Kosnoff Communications.

---

[3] The "TCC/Kosnoff Communications" is the equivalent to the defined term "Kosnoff Letter" utilized by the TCC in the Ombudsperson Motion [Dkt. No. 7447] and is defined as "counsel for the TCC sent an email and letter from Mr. Kosnoff (the "Kosnoff Letter") to (a) all individuals on the TCC's email contact list and (b) individuals identified as clients of Mr. Kosnoff by Mr. Kosnoff, between Friday, November 5, 2021, and Sunday, November 7, 2021."

**BACKGROUND**

4. Prior to the dissemination of the Kosnoff Letter by PSZJ on behalf of the TCC, the Solicitation Version of the Plan filed on September 30, 2021 ("September 30 Plan") included PSZJ, counsel to the TCC, as an Exculpated Party. Art. I, § A. 108 [Dkt. No. 6443].

> 108. "Exculpated Parties" means, collectively, the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Creditors' Committee; (d) the members of the Creditors' Committee in their capacities as such; **(e) the Tort Claimants' Committee**; (f) the members of the Tort Claimants' Committee in their capacities as such; (g) the Future Claimants' Representative; (h) the Creditor Representative; **and (i) all of such Persons'** current officers and directors, former officers and directors who served in such capacity during the pendency of the Chapter 11 Cases but are no longer officers or directors as of the Effective Date, employees, volunteers, agents, **attorneys**, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals. (**Emphasis added**).

5. As a result of the TCC/Kosnoff Communications and PSZJ's transmission of the Kosnoff Letter on behalf of the TCC, including the transmission of the link to the Kosnoff Twitter feed, Kenneth Rothweiler and Eisenberg Rothweiler have certain causes of action, whether arising in contract, tort or otherwise, including but not limited to actions for defamation ("Rothweiler Claims").

6. Following PSZJ's public dissemination of the TCC/Kosnoff Communications as well as the entry of the Agreed Interim Order, the Plan as filed on December 18, 2021 ("December 18 Plan"), specifically excluded PSZJ as an Exculpated Party. See Art. I, § A. 114 [Dkt. No. 7832].

> 114. "Exculpated Parties" means, collectively, the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Creditors' Committee; (d) the members of the Creditors' Committee in their capacities as such; (e) the Tort Claimants' Committee; (f) the members of the Tort Claimants' Committee in their capacities as such; (g) the Future Claimants' Representative; (h) the Creditor Representative; and (i) all of such Persons' current officers and directors, former officers and directors who served in such capacity during the pendency of the Chapter 11 Cases but are no longer officers or directors as of the Effective Date, employees, volunteers, agents, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals;

provided, **however, that Pachulski Stang Ziehl & Jones LLP and its Representatives shall not be Exculpated Parties. (Emphasis added).**

7. Upon information and belief, PSZJ and its Representatives were removed from the definition of "Exculpated Parties" found in Article I, Section 114 of the December 18 Plan based on PSZJ's conduct related to the TCC/Kosnoff Communications transmitted by the PSJZ in November of 2021. The TCC/Kosnoff communications included defamatory statements directed at Eisenberg Rothweiler and was part of an effort by the PSZJ and Mr. Kosnoff to disrupt the vote on the BSA Plan. At that time, the voting deadline was December 28, 2021 and the deadline to object to the Plan was February 4, 2022. The Plan, as it existed on both dates, specifically excluded PSZJ as an Exculpated Party.

8. Beginning in January 2022 and continuing through February 10, 2022, the Debtors, the TCC, the Future Claimants' Representative, the Coalition of Abused Scouts for Justice, the Ad Hoc Committee of Local Councils, Century, Hartford, Zurich, the TCJC and the Pfau/Zalkin claimants (collectively, the "Parties") participated in ongoing mediation sessions in an endeavor to reach a deal with the TCC and Pfau/Zalkin.

9. Those efforts resulted in a settlement term sheet the ("TCC Term Sheet"), between the Parties. The TCC Term Sheet was filed with the Court on February 10, 2022, as Exhibit A to the *Eleventh Mediator's Report* [Dkt. No. 8772]. Pursuant to terms of the TCC Term Sheet, the TCC agreed to support the BSA Plan.[4]

10. Importantly, the TCC Term Sheet does not address the exculpation provisions of the December 18 Plan and the TCC Term Sheet does not modify the definition of "Exculpated

---

[4] The TCC Term Sheet is further supported by the agreement of numerous state court counsel for abuse survivors, including Eisenberg Rothweiler, who have agreed to recommend to their clients who voted to reject the Plan to change such clients' votes to accept the Plan.

Parties" as set forth in the December 18 Plan. The TCC Term Sheet also does not contain any provisions that would explain the addition of PSZJ to the definition of "Exculpated Parties."

11. On Tuesday, February 15, 2022, the Debtors filed the Third Modified Fifth Amended Chapter 11 Plan of Reorganization [Dkt. No. 8813] ("February 15 Plan"). In Article I, § 124 [formerly § 114], the Debtors revised the carve out provision which had previously removed PSZJ from the definition of "Exculpated Parties" resulting in PSZJ being added as an Exculpated Party. See Blackline version of February 15 Plan, Art. I, § A. 124 [Dkt. No. 8814].

> 124. ~~114~~. "Exculpated Parties" means, collectively, the following Persons: (a) the Debtors; (b) Reorganized BSA; (c) the Creditors' Committee; (d) the members of the Creditors' Committee in their capacities as such; (e) the Tort Claimants' Committee; (f) the members of the Tort Claimants' Committee in their capacities as such; (g) the Future Claimants' Representative; and (h) ~~the Creditor Representative; and (i)~~ all of such Persons' current officers and directors, former officers and directors who served in such capacity during the pendency of the Chapter 11 Cases but are no longer officers or directors as of the Effective Date, employees, volunteers, agents, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals; ~~provided, however, that Pachulski Stang Ziehl & Jones LLP and its Representatives shall not be Exculpated Parties~~.

12. The February 15 Plan also added a provision entitled "PSZJ Settlement," related to the role of PSZJ and the events surrounding the TCC/Kosnoff Communications. See, Art. V, § S, 7, which provides:

> PSZJ Settlement. The Plan incorporates the compromise and settlement of all claims and disputes the Debtors have, or may have, against the Tort Claimants' Committee and its Representatives, including Pachulski Stang Ziehl & Jones LLP ("PSZJ"), regarding the alleged improper transmittal of communications from Timothy Kosnoff Esq. by PSZJ to thousands of survivors from the official Tort Claimants' Committee's email address, many of whom were not clients of Mr. Kosnoff, and related actions (the "PSZJ Actions"). **As part of this compromise and settlement and only upon the Effective Date, (a) the Tort Claimants' Committee and its professionals shall be Exculpated Parties herein** and (b) PSZJ shall (i) make a cash contribution of $1,250,000 to the Reorganized BSA to be reserved for the Youth Protection Program and (ii) write-off $750,000 of PSZJ's fees; provided, however, if the Effective Date does not occur, the Debtors and PSZJ reserve all rights and defenses with respect to the PSZJ Actions. The Plan shall constitute a motion by the Debtors for the Bankruptcy Court to approve the proposed PSZJ Settlement pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019. The proposed PSZJ

Settlement, with its significant and important $1,250,000 contribution earmarked for the Youth Protection Program, is fair, reasonable **and in all parties' best interests**. (**Emphasis added**).

13. Finally, by virtue of adding PSZJ to the definition of Exculpated Party, the Plan provides for the exculpation of PSZJ ("Exculpation Clause") in Art. X, § K of the Plan, as follows:

K .<u>Exculpation</u>. From and after the Effective Date, **none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases, the negotiation of the Plan Documents,** the JPM / Creditors' Committee Settlement, the Insurance Settlements, the TCJC Settlement Agreement, the United Methodist Settlement Agreement, **the Releases and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtors (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith or willful misconduct).** In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence. Notwithstanding the foregoing or any provision of the Plan to the contrary, Sidley shall not be an Exculpated Party with respect to any claims by Century and the Chubb Companies against Sidley related to Sidley's representation of the Debtors and/or Century and the Chubb Companies. (**Emphasis added**).

## ARGUMENT

I. **THE EXCULPATION PROVISIONS OF THE PLAN ARE INCONSISTENT WITH THE REQUIRMENTS OF 11 U.S.C. § 1103(b) and (c).**

14. "An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S. Code § 1103 (b).

15. Simply put, PSJZ, while employed by the TCC as committee counsel, represented its own interests in negotiating for exculpation for PSZJ's actions related to Rothweiler Claims, in

6

contravention of 11 U.S. Code § 1103 (b).  In exchange for the exculpation, PSZJ appears to have agreed to make a $1,250,000 contribution earmarked for the Youth Protection Program. The only plausible explanation for the reappearance of the PSZJ exculpation in the Plan is that it was negotiated by PSZJ for the benefit of PSZJ. The TCC Term Sheet does not address the exculpation provisions of the Plan and the TCC Term Sheet does not contain any provisions that would return PSZJ to the definition of "Exculpated Parties."  Furthermore, the TCC Term Sheet does not modify the definition of "Exculpated Parties" set forth in the December 18 Plan. Nevertheless, the Plan characterizes the proposed PSZJ Settlement as "fair, reasonable and in all parties' best interests." *See*, Art. V, §  S, 7.

16. Because the definitions of Exculpated Parties and Exculpation are not limited to fiduciaries who have served during the chapter 11 cases, the exculpation provisions are overly broad and these provisions cannot be included in the Plan as written.

II.   **THE EXCULPATION PROVISIONS OF THE PLAN ARE NOT PROPOSED IN GOOD FAITH AND CANNOT BE CONFIRMED UNDER 11 U.S.C. § 1129(A)(3).**

17. The exculpation clause as it relates to PSZJ cannot be included in the Plan because it has not been "proposed in good faith." 11 U.S.C. § 1129(a)(3).

18. Courts evaluating "good faith" consider whether the plan "(1) fosters a result consistent with the Code's objectives, (2) the plan has been proposed with honesty and good intentions . . . and (3) there was fundamental fairness in dealing with the creditors." *In re Exide Holdings, Inc*., 2021 WL 3145612, at *11 (D. Del. July 26, 2021) (quotation marks omitted). A plan is not proposed in good faith if it is the product of, or allows for, collusion, that is: "'[a]n agreement to defraud another or to do or obtain something forbidden by law.'" *In re Am. Capital Equip., LLC*, 688 F.3d 145, 158 (3d Cir. 2012) (quoting Black's Law Dictionary (9th ed. 2009)).

19. The exculpation provisions of the Plan have not been proposed in good faith as they relate to PSZJ. The exculpation of PSZJ as it relates to the Rothweiler Claims has no statutory basis or legitimate bankruptcy purpose but is instead designed to preclude Eisenberg Rothweiler from pursuing the Rothweiler Claims against PSZJ. The offensive language appears to be the result of a collusive bargain between the Debtors and PSZJ, to the detriment of Eisenberg Rothweiler, and results in the release of the Rothweiler Claims.

20. To be clear, Eisenberg Rothweiler does not agree with the exculpation of PSZJ. Eisenberg Rothweiler anticipates serving discovery on the Parties regarding the details of the negotiations surrounding the agreement to effectuate the aforementioned changes to the exculpation provisions of the Plan.

21. Ultimately, it appears that PSZJ has leveraged its role as TCC counsel to obtain financial benefits for itself – namely the exculpation and release of the Rothweiler Claims, which are third-party claims to be asserted by Ken Rothweiler and Eisenberg Rothweiler against PSZJ based on PSZJ's decision to collude with Mr. Kosnoff.

22. The Exculpation Clause must include a carve out for "any and all third-party claims or causes of action arising out of or in any way related to the TCC/Kosnoff Communications to survivors and/or with the TCC, PSZJ, or any of its attorneys or staff and/or any actions taken by PSZJ in connection with the TCC/Kosnoff Communications."

## RESERVATION OF RIGHTS

23. Eisenberg Rothweiler expressly reserves, and does not waive, any and all rights with respect to the Plan discovery, as it relates to the TCC Term Sheet and the exculpation provisions of the Plan. Specifically, nothing in this Objection should be deemed a waiver of Eisenberg Rothweiler's rights (i) to have final orders in non-core matters entered only after *de*

*novo* review by a District Judge; (ii) to trial by jury in any proceeding so triable in these cases or in any case, controversy, or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) of any other rights, claims, actions, to which Eisenberg Rothweiler is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses are expressly reserved.

## CONCLUSION

For all the foregoing reasons, Eisenberg Rothweiler respectfully requests that the Court condition approval of the Plan on modifications conforming the term and scope of the exculpation provisions to exclude PSZJ as an Exculpated Party and grant such other relief as the Court deems just and proper.

Dated: February 25, 2022           **HOGAN♦McDANIEL**

          */s/ Daniel K. Hogan*
          Daniel K. Hogan (DE Bar No. 2814)
          1311 Delaware Avenue
          Wilmington, DE 19806
          Telephone: (302) 656-7540
          Facsimile: (302) 656-7599
          dan@dkhogan.com

          *Attorneys for Eisenberg, Rothweiler, Winkler,*
          *Eisenberg & Jeck, P.C.*