IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2022 FEB 28 AM 7:51

| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
|---|---|

## ███████████ SUBSTANTIVE OBJECTION TO B.K.'S APPLICATION TO PROCEED IN STATE COURT

███████████ the ("OPPOSING PARTY), who is a claimant in the above-captioned case, respectfully files this OBJECTION TO APPLICATION TO PROCEED IN STATE COURT filed by B.K., the ("MOVANT").

## BACKGROUND

1. On February 18, 2020, the Debtor filed for bankruptcy. At that time, an automatic stay went into effect.

2. On the Petition Date, the Debtors initiated an adversary proceeding at Adv. Pro. No. 20-50527 (LSS) (the "Adversary Proceeding") by filing the Verified Complaint for Injunctive Relief [A.D.I. 1] (the "Complaint"). In connection with the Complaint, the Debtors filed The BSA's Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code [A.D.I. 6] (the "Preliminary Injunction Motion").

3. On March 30, 2020, the Bankruptcy Court entered the Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction [A.D.I. 54] (the "Consent Order"). The Consent Order immediately stayed through and until May 18, 2020 (as may be and has been extended, the "Termination Date") all actions identified on Schedule 1 attached thereto (the "Pending Abuse Actions") and any future actions raising substantially similar claims (the "Further Abuse Actions") as against the "BSA Related Parties" identified on Schedule 2 attached thereto. Consent Order ¶¶ 3, 7.

4. At the request of the Debtors that request has been extended several times through today, to the effect of freezing the claimants ability to seek relief.

5. While the creditors, particularly the Direct abuse victims have been stopped from action, time and time again, the Debtors have sought and received lifts of the automatic stay for their own purposes, and have supported lifts for non-abuse claimants only.

## ARGUMENT

6. Although the Plan is not yet in effect, the Debtors have argued that the principles of the Plan should be applied to present issues.

7. Section 1129(b)(1) requires the Fair and Equitable treatment of similarly situated claims.

8. B.K's claim is clearly within the Direct Abuse category, and should be treated as all other within the same class.

9. It is not in the interest of Justice.

10. B.K. Makes no legal argument, nor offers any evidence why he should be granted relief from the stay, or why he should be treated differently.

## CONCLUSION

11. For the forgoing reasons, B.K.'s APPLICATION TO MOVE TO STATE COURT and/or MOTION FOR RELIEF FROM TEMPORARY STAY should be denied.

Dated this 26th day of February, 2022



## CERTIFICATE OF MAILING

I certify that I mailed a true and correct copy of ▮▮▮▮▮ SUBSTANTIVE OBJECTION TO B.K.'S APPLICATION TO PROCEED IN STATE COURT to the entity listed below by first class U.S. Mail, prepaid postage.

Dated this 26 th day of February. 2022.

