# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 8863** |

## DEBTORS' RESPONSE TO B.K.'S
## APPLICATION TO PROCEED IN STATE COURT

Boy Scouts of America (the "BSA") and the Delaware BSA, LLC, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, respectfully respond in opposition (the "Response") to B.K.'s self-styled "Application to Proceed in State Court" [D.I. 8863] (the "Application").[2]

Though unclear from the three-sentence Application, B.K. appears to seek relief from the *Order Approving Fifth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Counsel for Jersey Shore Council, BSA has informed the Debtors that the Local Council joins in this Response.

[Adv. D.I. 185] (the "Order Approving Sixth Stipulation")[3] so as to proceed with an action against a Local Council in state court.

Considering B.K.'s apparent pro se status, the Debtors provide the following response:

## PRELIMINARY STATEMENT

1. B.K. is the plaintiff in an abuse action against a Local Council[4] that is protected by the Preliminary Injunction issued by the Court in the Adversary Proceeding. B.K. requests permission to proceed against the Local Council in state court. The Debtors believe that B.K. filed the Application to comply with the *Civil Action Order of Disposition on Account of Bankruptcy Proceeding* (the "Dismissal Order") entered by the Superior Court of New Jersey. *See* Ex. A. However, B.K. provides no substantive or legal basis for the relief he seeks. Because B.K. fails to provide any basis for relief, the stay and injunction of his abuse action remains warranted, and any relief sought through his Application should be denied.[5]

2. Moreover, allowing B.K.'s claims to proceed would unfairly harm the BSA and the Debtors' reorganization efforts more broadly. It could deplete the Debtors' settlement funds or otherwise interfere with estate assets, open the Debtors up to inconsistent rulings, distract the Debtors and their professionals from their efforts in these chapter 11 cases, and otherwise frustrate the reorganization at a crucial time on the eve of plan confirmation proceedings. Meanwhile, B.K

---

[3] References to "Adv. D.I." in this Response are to the docket of the adversary proceeding captioned *Boy Scouts of America v. A.A.,* et al., Adv. Pro. No. 20-50527 (LSS) (the "Adversary Proceeding") in which the Order Approving Sixth Stipulation was entered.

[4] Capitalized terms used but not yet defined have the meanings later set forth in this Response. Capitalized terms used but not defined herein have the meanings set forth in *The BSA's Opening Brief in Support of Motion for Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 7].

[5] In the alternative, the Debtors do not oppose this Court permitting B.K. to restore his claim against the Local Council provided that his claim remains stayed pursuant to the Consent Order issued by this Court and, assuming the Court approves the Plan, B.K.'s claim is subject to all terms of the Plan, including the Channeling Injunction.

has failed to show any harm he would suffer outweighs the harm the BSA would suffer, or any change in circumstances justifying termination of the injunction at this stage.

## FACTUAL BACKGROUND

3. The factual background of this proceeding has been previously set forth on the record several times, *see, e.g.*, Adv. D.I. 7, 82, 122, 193, including in detail in the *Opening Brief in Support of the BSA's Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 145] ¶¶ 9–38. The Debtors incorporate those discussions as if set forth in full herein, and further specifically states as follows:

4. On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

5. Contemporaneously with the filing of the petitions, the BSA instituted the Adversary Proceeding and filed its corresponding *Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [Adv. D.I. 6] (the "Preliminary Injunction Motion"), seeking to extend the automatic stay to abuse actions against non-debtor defendants. *See* Adv. D.I. 1, 5, 6, 7.

6. On March 30, 2020, the Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for Preliminary Injunction* [Adv. D.I. 54] (the "Consent Order"). The Consent Order stayed abuse actions as against certain non-debtor defendants in addition to the BSA, as reflected on schedules periodically filed with the Court, with such stay lasting through a specified expiration date (the "Termination Date"). *See* Consent Order ¶ 7. The Consent Order stays abuse action against Jersey Shore Council, the referenced Local Council in the Application. *See Notice of Filing of Amended Schedule 2 to Consent Order* [Adv. D.I. 213].

7. The Termination Date has been extended several times over the course of the Adversary Proceeding. *See, e.g.*, *Stipulation and Agreed Order by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 72]; Order Approving Sixth Stipulation. As a result of the Order Approving Sixth Stipulation, the Termination Date has been extended through and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan. *See* Order Approving Sixth Stipulation ¶ 1.

8. On January 4, 2022, the Superior Court of New Jersey, Law Division Atlantic County, entered the Dismissal Order, incorrectly noting that the Local Council filed a petition for bankruptcy. The Dismissal Order further states that "any party making claim against the petitioner in bankruptcy must, within 60 days from the date of this order, file a formal application in the bankruptcy court to obtain permission to proceed with this matter, subject to any terms or conditions that the bankruptcy court may impose." Dismissal Order ¶ 2.

9. On February 17, 2022, B.K. filed his Application requesting to proceed with an action against a Local Council in state court. B.K. offers no statement of fact or law, and no argument, in support of his Application. Instead, he simply refers to the existence of a state court proceeding against a Local Council and requests that the action be allowed to proceed.

10. B.K. fails to present any basis for why the injunction should not stand. Accordingly, and as further explained below, B.K. is not entitled to any relief, and the Application should be denied.

## ARGUMENT

11. Pro se filings, such as B.K.'s Application, should generally be afforded a liberal construction. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). However, "[n]otwithstanding the latitude and leniency afforded to a self-represented party due to lack of legal sophistication," the Court need "not excuse a party that files wasteful, time-consuming, and litigious motions." *In re J&J Pizza, Inc.*, No. 20-23856 (MBK), 2021 WL 3642311, at *4 (Bankr. D.N.J. Aug. 17, 2021). With these precepts in mind, the Debtors have endeavored to discern the intention of B.K. in filing his Application. Because the action identified in the Application is against a Local Council, and not the BSA itself, the Debtors submit that the Application should be construed as a request to modify the Preliminary Injunction, which is set to remain in effect through the first omnibus hearing after the Court issues its decision confirming or denying confirmation of the Plan.[6]

12. When deciding whether to issue a preliminary injunction, courts consider the following factors: (1) the likelihood of success on the merits; (2) the risk of irreparable harm without the injunction; (3) whether the balance of harms favors the injunction; and (4) whether injunctive relief is consistent with the public interest. *See, e.g.*, *W.R. Grace & Co. v. Chakarain (In re W.R. Grace & Co.)*, 386 B.R. 17, 33 (Bankr. D. Del. 2008). When considering whether to modify a preliminary injunction, the question becomes whether circumstances have changed sufficiently to render the injunction inequitable. *See Favia v. Indiana Univ.*, 7 F.3d 332, 337 (3d Cir. 1993) (refusing to modify injunction, explaining that: "Modification of an injunction is proper only when there has been a change in circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable.").

---

[6] The Debtors reserve the right to supplement this Response, including should the Court construe B.K.'s Application as a request to modify the automatic stay to proceed against the BSA.

13. When parties move to modify a section 105(a) injunction after its entry, they, "as moving parties" bear "the burden to demonstrate to the court that the Injunction was somehow improper as to them." *Gerard v. W.R. Grace & Co.*, 115 F. App'x at 568 (holding that state-court plaintiffs failed to show the injunction was improper and thus bankruptcy court did not err in denying a motion to modify); *Lane v. Phila. Newspapers, LLC (In re Phila. Newspapers, LLC)*, 423 B.R. 98, 107 (E.D. Pa. 2010) (citing *Gerard v. W.R. Grace & Co.*, 115 F. App'x at 568) (affirming bankruptcy court's decision to extend injunction and noting the decision of whether to modify a section 105(a) injunction is an equitable one and that movants had the burden to demonstrate the injunction was improper); *see also RoTech Med. Corp. v. Blount Mem'l Hosp. (In re Integrated Health Servs.)*, Ch. 11 Case Nos. 00-389 to 00-825 (MFW), Adv. No. A-00-145 (MFW), 2002 Bankr. LEXIS 345, at *5–6 (Bankr. D. Del. April 12, 2002) (declining to modify injunction where movant failed to show changed circumstances).

14. Here, on March 22, 2020, the Debtors, the Official Committee of Unsecured Creditors, and the Tort Claimants' Committee—a separate official committee formed specifically for the purpose of protecting the interests of abuse claimants—all agreed, and on March 30, 2020, the Court so ordered, that the elements for issuance of a preliminary injunction were satisfied. *See Certification of Counsel Regarding Proposed Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [Adv. D.I. 46]; Consent Order at 6–7. On November 8, 2021, the Court entered the Order Approving Sixth Stipulation, which has extended the Termination Date through and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan. *See* Order Approving Sixth Stipulation ¶ 1.

15.    B.K. has failed to show any change in circumstances that now renders the injunction inequitable. *See Gerard v. W.R. Grace*, 115 F. App'x at 568; *Favia v. Indiana Univ.*, 7 F.3d at 337. Indeed, B.K. has failed to identify any circumstances, facts, law, or argument in support of his three-sentence Application.

16.    In any event, the traditional four-factor test continues to support the Preliminary Injunction. Under the four-factor test, courts consider whether there is a reasonable likelihood of the debtor successfully reorganizing; the imminent risk of irreparable harm to the debtor's estate in the absence of an injunction; the balance of harms between the debtor and parties opposing the injunction; and the public interest in an injunction. *See W.R. Grace & Co. v. Chakarain*, 386 B.R. at 33; *see also Kos Pharm., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir. 2004) (applying traditional four-factor test and remanding with instructions that the district court enter a preliminary injunction).

17.    Here, the Debtors have made substantial progress toward a successful reorganization, and, indeed, are on the eve of plan confirmation proceedings. There is imminent risk of irreparable harm without the injunction, from substantial risks of collateral estoppel, record taint, and evidentiary prejudice, to the distraction and drain resulting from potential participation in individual abuse lawsuits. The balance of harms supports the injunction, since the significant harm to the Debtors outweighs any minimal, unidentified harm to B.K. arising from the temporary stay of his claims. Finally, the public interest, including the interest in supporting successful reorganizations, supports the injunction. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1008 (4th Cir. 1986) (the "unquestioned public interest in promoting a viable reorganization of the debtor can be said to outweigh any contrary hardship to the plaintiffs"); *In re Am. Film Techs. V. Taritero (In re Am. Film Techs)*, 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("In the context of bankruptcy

proceedings, the 'public interest' element means 'the promoting of a successful reorganization.' It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts." (citations omitted)). The BSA's longstanding charitable mission and important role in society further show the important public interest served by the injunction remaining in place. The injunction remains warranted and necessary.

## **CONCLUSION**

For the above reasons, the Debtors respectfully request this Court deny the Application and grant any other or further relief as is just and proper. In the alternative, the Debtors request that this Court permit B.K. to restore his claim in state court against the Local Council on the condition that his claim against the Local Council remain stayed pursuant to the terms of the Consent Order.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:  February 28, 2022<br>           Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Tori L. Remington*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Email:  dabbott@morrisnichols.com<br>           aremming@morrisnichols.com<br>           ptopper@morrisnichols.com<br>           tremington@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 819-8200<br>Email:  jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 881-5400<br>Email: mandolina@whitecase.com<br>           mlinder@whitecase.com<br>           laura.baccash@whitecase.com<br>           blair.warner@whitecase.com<br><br>ATTORNEYS FOR BOY SCOUTS OF AMERICA |