**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 7620 & 7622** |

**DEBTORS' OBJECTION TO (I) MOTION FOR AN ORDER COMPELLING
DEBTORS AND PATRIOTS' PATH COUNCIL, BSA TO PRODUCE DOCUMENTS
OR INFORMATION SOUGHT BY CLAIMANT #39 ON OCTOBER 3, 2021 VIA
AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS AND (II) MOTION
FOR AN ORDER FINDING REQUESTS TO DEBTORS AND PATRIOTS' PATH
COUNCIL, BSA FOR ADMISSIONS PROPOUNDED BY CLAIMANT #39 ON
OCTOBER 3, 2021 VIA AMENDED REQUEST FOR ADMISSIONS &
DOCUMENTS ADMITTED AS A MATTER OF LAW**

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit
corporations that are debtors and debtors in possession (together, the "Debtors") in the above-
captioned chapter 11 cases, hereby file this objection (the "Objection") to the (i) *Motion for an
Order Compelling Debtors and Patriots' Path Council, BSA to Produce Documents or Information
Sought by Claimant #39 on October 3, 2021 Via Amended Request for Admissions & Documents*
[D.I. 7620] and (ii) *Motion for an Order Finding Requests to Debtors and Patriots' Path Council,
BSA for Admissions Propounded by Claimant #39 on October 3, 2021 Via Amended Requests for
Admissions & Documents Admitted as a Matter of Law* [D.I. 7622] (together, the "Motions").  In
support of their Objection, the Debtors respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax
identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).
The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## BACKGROUND

1.      On October 8, 2021, the Court entered the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* [D.I. 6528] (the "Confirmation Scheduling Order").  Paragraph 9 of the Confirmation Scheduling Order authorized certain parties to "serve confirmation-related discovery pursuant to Bankruptcy Rule 9014" by October 8, 2021. D.I. 6528 at ¶¶ 6, 9.

2.      On October 3, 2021, Claimant #39 served the *Amended Request for Admissions & Documents* (the "Discovery Requests") on the Debtors and Patriots' Path Counsel, BSA[2] pursuant to rules 34 and 36 of the Federal Rules of Civil Procedure (the "Civil Rules").  Discovery Requests at p.1.  The Discovery Requests seek information related to proof of claim No. 39 (the "Claim"), filed by Claimant #39 on June 28, 2021, against the Debtors for alleged sexual abuse.

3.      In December 2021, Claimant #39 filed the Motions.  D.I. 7620 & 7622.

4.      The Debtors have not objected to Claimant #39's Claim.  No adversary proceeding or contested matter involving Claimant #39 or the merits of his Claim have been initiated or are pending.  Claimant #39 has not filed a motion under rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## ARGUMENT

5.      The Motions should be denied because the Discovery Requests are improper and premature attempts to obtain merits discovery on Claimant #39's Claim, rather than an attempt to

---

[2]     Patriots' Path Counsel, BSA is not a Debtor in these cases, nor is it represented by the undersigned counsel to the Debtors.  Upon information and belief, White and Williams LLP is state court defense counsel for various Local Councils in New Jersey.  Claimant #39 served an individual attorney at White and Williams LLP, who was no longer employed with the firm.  Thus, it is the Debtors' understanding that Patriots' Path Counsel was never properly served with the Discovery Requests.

discover facts relevant to plan confirmation.  Additionally, the Motions should be denied because they request relief that is moot and of no practical or legal effect.

6.      Claim related discovery in bankruptcy cases and adversary proceedings is authorized in one of three scenarios.  *See, e.g.*, *In re Cent. Processing Servs., LLC*, 607 B.R. 625, 632 (Bankr. E.D. Mich. 2019) ("Ordinarily, a bankruptcy court permits discovery in connection with an adversary proceeding or contested matter, [or] . . . under Fed. R. Bankr. P. 2004.").

7.      Bankruptcy Rule 9014 makes applicable to contested matters the discovery rules found in part VII of the Bankruptcy Rules, thereby making discovery available in a contested matter pertaining to a particular claim (such as a motion or claim objection involving the claim) to the same general extent available in civil litigation under the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9014.

8.      Similarly, in an adversary proceeding that joins an issue related to a claim, discovery may be taken under part VII of the Bankruptcy Rules, which incorporate the Federal Rules of Civil Procedure governing discovery in civil litigation.  *See* Fed. R. Bankr. P. 7001, 7026–7037.

9.      Finally, a party may, with prior court authorization or consent of the target of discovery, obtain discovery related to a claim pursuant to Bankruptcy Rule 2004.  *See* Fed. R. Bankr. P. 2004.

10.     Discovery in bankruptcy cases is not available or authorized outside of these three scenarios. *E.g.*, *Processing Servs.,* 607 B.R. at 633 (Bankr. E.D. Mich. 2019) (denying discovery where there was no pending contested matter or adversary proceeding related to the discovery sought).

11.    Consistent with the rules that require discovery to be related to the contested matter at issue, the Court's Confirmation Scheduling Order authorized relevant parties to serve "*confirmation-related* discovery" by October 8, 2021, and did not otherwise include or suggest a general authorization to serve discovery on other matters, such as the merits of individual claims. October 8, 2021.  D.I. 6528 at ¶¶ 6, 9 (emphasis added).

12.    Claimant #39's Discovery Requests purport to be issued pursuant to paragraph 9 of the Confirmation Scheduling Order.[3] but none of the Discovery Requests relate to any plan or confirmation issue such as the section 1129 factors or otherwise.

13.    Rather, all the Discovery Requests pertain exclusively to the merits of Claimant #39's Claim for alleged sexual abuse.  The information sought by each Discovery Request relates to events alleged to have occurred during or around calendar years 1959 through 1961, rather than to the factors related to plan confirmation.  *See e.g.*, Discovery Request No. 1 (seeking information concerning who sponsored a certain Boy Scouts Troop "during calendar years 1960 and 1961"); Discovery Request No. 2 (seeking information concerning who acted as the Scoutmaster of a certain Boy Scouts Troop "during calendar years 1960 and 1961"); Discovery Request No. 3 (seeking information concerning where a certain Boy Scouts Troop met "during calendar years 1960 and 1961"); Discovery Request No. 4 (seeking information concerning activities of a certain Boy Scouts Troop "during calendar years 1960 and 1961"); Discovery Request No. 5 (seeking information concerning who acted as Assistant Scoutmaster for a certain Boy Scouts Troop

---

[3]    This is evident from paragraph 1 of each Motion, which asserts that the Discovery Requests were timely because they were served before the deadline for serving confirmation-related discovery.  D.I. 7620 at ¶ 1 & 7622 at ¶ 1 ("The deadline set for the Court for initiation of discovery by parties intending to participate in the confirmation hearing was October 8, 2021.  Claimant #39 initiated discovery . . . on October 3, 2021.  Claimant #39's discovery request was thus timely propounded[.]").

"during calendar years 1959 and 1960"). Because the Discovery Requests are not "confirmation-related[,]" they are not authorized under the Confirmation Scheduling Order.

14.     Nor are the Discovery Requests authorized under the Bankruptcy Rules. As discussed above, the Bankruptcy Rules authorize discovery in one of three scenarios: in a contested matter, in an adversary proceeding, or under Bankruptcy Rule 2004. The pending contested matter pursuant to which Claimant #39 purports to issue the Discovery Requests is plan confirmation. Claimant #39 references no other pending contested matter, adversary proceeding, or Bankruptcy Rule 2004 request, let alone one relevant to the merits of his claim that are the subject of the Discovery Requests, and none exists.[4] *See* Fed. R. Civ. P. 26(b)(1) (made applicable to contested matters pursuant to Bankruptcy Rules 9014 and requiring that discovery be "relevant"). For these reasons, the Discovery Requests are not properly issued under the Bankruptcy Rules.

15.     Because the Discovery Requests are not properly issued under the Confirmation Scheduling Order or the Bankruptcy Rules, the Motions should be denied.

16.     The Motions also should be denied because they request relief that is moot and of no practical or legal effect. Claimant #39's Discovery Requests consist entirely of requests for admission related to his Claim, with a tack-on request for "any Document as may be necessary to fully respond [to the requests for admission]." For his relief in the Motions, Claimant requests that (1) the admissions be deemed admitted and (2) the Debtors be compelled to produce relevant documents. Even if granted, this relief would be of no effect.

---

[4]     There is no contested matter arising out of Claimant #39's proof of claim because the Debtors have not objected to it. *See e.g., In re Trans World Airlines, Inc.*, 280 B.R. 806, 807 (D. Del. 2002) ("Merely filing a proof of claim is insufficient to initiate a contested matter or an adversary proceeding. . . . However, if a proof of claim is objected to, the claim will be considered a contested matter between the debtor and claimant[.]"); *In re Myers*, 2008 WL 345527, at *1 n.2 (Bankr. S.D. Ill. Feb. 6, 2008) (noting that the court previously sustained an objection to discovery requests related to a proof of claim because "there was no contested matter before the Court as the Debtor had not objected to [the] claim").

17.     Federal Rule of Civil Procedure 36(a)(1) provides, in relevant part, that "[a] party may serve on any other party a written request to admit, *for purpose of the pending action only*, the truth of any matters within the scope of Rule 26(b)(1) . . . ." Fed. R. Civ. P. 36(a)(1) (emphasis added).  Rule 36(b) goes on to provide that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.* 36(b).  Thus, courts have held that an admission made or deemed made in a prior proceeding is not binding in a subsequent contested matter.  *See In re Pizante*, 186 B.R. 484, 489 (B.A.P. 9th Cir. 1995) (finding bankruptcy court did not err in declining to apply collateral estoppel because Rule 36 barred deemed admissions from prior adversary proceeding to be used against debtor in subsequent adversary proceeding); *see also David v. Summit Cmty. Bank*, 536 F. Supp. 3d 68, 79 (E.D. Va. 2021) (bankruptcy court committed error in relying on admissions made in prior proceeding when ruling on contested matter on claim), *amended on denial of reh'g*, 2022 WL 303300 (E.D. Va. Feb. 1, 2022).  Accordingly, even if the Motions were granted, the requested admissions would be deemed admitted only for the present contested matter—plan confirmation—in connection with which they were purportedly served and for which they are plainly not relevant, but could not be used against the Debtors or their successors in any other proceeding, such as a proceeding on the merits of Claimant #39's Claim.  This renders moot Claimant #39's request to deem admitted the admissions.

18.     Claimant #39's request to compel production of "any Document as may be necessary to fully respond [to the requests for admission]" is similarly moot.  With no response to the requests for admission necessary, there are no documents "necessary to fully respond" to the requests.

19.     None of this is to say that Claimant #39 should or will be denied his day in Court or his rights to pursue his claim.   On the contrary, Claimant #39 remains free to oppose confirmation on relevant grounds (as he has done, *see* D.I. 8761), and to pursue his claim through the Settlement Trust (as defined in the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Plan")), assuming the Plan is confirmed.  At this time, however, Claimant #39's Discovery Requests are simply irrelevant to plan confirmation and were not otherwise properly issued in connection with any pending matter relevant to the merits of his Claim.

WHEREFORE, the Debtors request that the Court enter an order denying the Motions, in a form substantially similar to the proposed order attached hereto as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.


[*Remainder of Page Left Intentionally Blank*]

Dated: February 28, 2022
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/  Tori L. Remington*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com
       tremington@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION