IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 9114** |

**DEBTORS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO DEBTORS' (I) MEMORANDUM OF LAW IN SUPPORT OF AN ORDER CONFIRMING THE THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC AND (II) OMNIBUS REPLY TO OBJECTIONS TO CONFIRMATION**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases hereby move (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the Debtors leave to exceed the page limit requirement established by Rule 3017-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the *Debtors' (I) Memorandum of Law in Support of an Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LCC and (II) Omnibus Reply to Objections to Confirmation* (D.I. 9114) (the "Confirmation Memorandum").[2] In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms used but not defined shall have the meaning ascribed to them in the Confirmation Memorandum.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rules 1001-1(c) and 3017-3.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 30, 2021, the Court entered the *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* (D.I. 6438) (the "Disclosure Statement Order") that, among other things: (a) approved the *Amended Disclosure Statement for the Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (D.I. 6419) as containing adequate information, as required under section 1125(a) of the Bankruptcy Code; and (b) authorized the Debtors to solicit votes with

regard to the acceptance or rejection of the *Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LCC* (D.I. 6429).

5. On October 8, 2021, the Court entered the *Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* (D.I. 6528) (the "Scheduling Order").

6. On December 28, 2021, the Court entered the *Order Granting Certain Insurers' Motion to Modify the Confirmation Scheduling Order* (D.I. 7996) (the "First Amended Scheduling Order"). The First Amended Scheduling Order provided February 4, 2022, as the deadline to file and serve objections (the "Initial Plan Objections") to confirmation of the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (the "Second Modified Fifth Amended Plan").

7. On February 15, 2022, the Debtors filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* (D.I. 8813) (the "Third Modified Fifth Amended Plan," and together with the Second Modified Fifth Amended Plan, the "Plan").

8. On the same day, this Court entered the *Order (I) Amending and Scheduling Certain Supplemental Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization and (II) Approving a Limited Supplemental Voting Deadline for Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims* (D.I. 8830) (the "Confirmation Scheduling Order"). The Confirmation Scheduling Order set February 25, 2022, as the deadline to file and serve supplemental objections to confirmation of the Third Modified Fifth Amended Plan (the "Supplemental Plan Objections"). The Confirmation Scheduling Order instructed that

3

Supplemental Plan Objections shall be limited to modifications made to the Plan in the Third Modified Fifth Amended Plan. The Confirmation Scheduling Order provided March 2, 2022 as the deadline for the Debtors to file and serve a reply brief in support of confirmation of the Plan.

9. Contemporaneously herewith, the Debtors are filing the Confirmation Memorandum, which is the subject of this Motion.

## RELIEF REQUESTED

10. By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the Debtors leave to exceed the page limit requirement established by Local Rule 3017-3 for the Confirmation Memorandum.

## BASIS FOR RELIEF REQUESTED

11. Local Rule 3017-3 provides, in relevant part, that "[i]n all chapter 11 cases, without leave of the Court[] . . . no brief in support of approval of a disclosure statement or confirmation of a plan . . . shall exceed sixty (60) pages (exclusive of any tables, exhibits, or addenda or other supporting materials)." Del. Bankr. L.R. 3017-3. Local Rule 1001-1(c) provides that the Local Rules "may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c). Accordingly, a brief such as the Confirmation Memorandum may exceed the page limit with leave of the Court.

12. The Debtors respectfully submit that cause exists to grant leave to exceed the page limit of its Confirmation Memorandum. To date, the Debtors received 61 Initial Objections and 13 Supplemental Plan Objections. These objections collectively consist of over 6,000 pages of materials that raise numerous complex bankruptcy and non-bankruptcy issues. The Debtors have identified 80 distinct issues raised in the objections that the Debtors must respond to in their Confirmation Memorandum. Maintaining the page limit would reduce the number of pages per

4

legal issue to less than one page.  Given the complexity of the issues in the Initial Plan Objections and Supplemental Plan Objections, the page limit would burden the Debtors' ability to present a thorough factual and legal response.

13.    The Debtors submit that the Confirmation Memorandum will aid the Court in its consideration of the issues with regard to Plan confirmation and will allow the Confirmation Hearing to proceed more efficiently.  Requiring the Debtors to condense responses to a page limit less than 10 percent of the materials being responded to would not result in a useful, organized, or thorough reply.  Additionally, the parties that have objected to the Plan will not be prejudiced by the filing of the Confirmation Memorandum as it provides the parties the opportunity to review the Debtors' arguments addressing their objections and thus better prepare to discuss the arguments during the Confirmation Hearing.

14.    These cases are complex in size and issues.  Addressing the Plan confirmation requirements and the factual and legal issues raised by the numerous plan objections requires briefing in excess of the page limit for a full and fair explanation and adjudication of the matters presented.  Accordingly, the Debtors submit that, under the circumstances, there is cause to grant leave to exceed the page limit established by Local Rule 3017-3.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: March 3, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

 */s/ Paige N. Topper*_____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor

5

P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
           aremming@morrisnichols.com
           ptopper@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
           mlinder@whitecase.com
           laura.baccash@whitecase.com
           blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION