**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**March 21, 2022 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF SEVENTEENTH APPLICATION OF
HAYNES AND BOONE, LLP FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JANUARY 1, 2022 TO AND INCLUDING JANUARY 31, 2022**

| | |
|---|---|
| Name of Applicant: | Haynes and Boone, LLP ("H&B") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 20, 2020 (*nunc pro tunc* to February 18, 2020) |
| Period for Which Compensation and Reimbursement Are Requested: | January 1, 2022 – January 31, 2022 |
| Amount of Compensation Requested: | $481,062.40 (80% of $601,328.00) |
| Amount of Expense Reimbursement Requested: | $25,899.10 |

This is a(n):   monthly _____   X   interim _____   final application _____

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed; Docket No. | Period Covered | Requested | | Approved | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 05/15/20 Dkt. 660 | 2/18/20 – 4/30/20 | $310,541.00 | $1,185.14 | $310,541.00 | $1,185.14 | $0 | $0.00 |
| 07/17/20 Dkt.1029 | 05/01/20 – 06/30/20 | $314,174.50 | $814.00 | $314,174.50 | $814.00 | $0 | $0.00 |
| 08/24/20 Dkt.1142 | 07/01/20 – 07/31/20 | $162,883.50 | $282.00 | $162,883.50 | $282.00 | $0 | $0.00 |
| 09/18/20 Dkt.1349 | 08/01/20 – 08/31/20 | $165,050.50 | $0.00 | $132,040.40 | $0.00 | $33,010.10 | $0.00 |
| 11/13/20 Dkt.1662 | 09/01/20 – 10/31/20 | $417,805.00 | $561.28 | $334,244.00 | $561.28 | $116,571.10 | $0.00 |
| 12/28/20 Dkt.1874 | 11/01/20 – 11/30/20 | $320,210.00 | $0.00 | $256,168.00 | $0.00 | $180,613.10 | $0.00 |
| 03/04/21 Dkt.2322 | 12/1/20 – 1/31/21 | $729,392.00 | $442.20 | $583,513.60 | $442.20 | $326,491.50 | $0.00 |
| 04/22/21 Dkt.2675 | 2/1/21 – 2/28/21 | $514,232.50 | $361.50 | $411,386.00 | $361.50 | $429,338.00 | $0.00 |
| 06/17/21 Dkt.5367 | 3/1/21 – 4/30/21 | $724,726.50 | $3,776.41 | $579,781.20 | $3,776.41 | $574,283.30 | $0.00 |
| 08/16/21 Dkt.6050 | 5/1/21- 6/30/21 | $732,565.50 | $10,028.37 | $586,052.40 | $10,028.37 | $720,796.40 | $0.00 |
| 9/20/21 Dkt.6306 | 7/1/21- 7/31/21 | $314,255.00 | $1,096.09 | $251,404.00 | $1,096.09 | $783,647.40 | $0.00 |
| 11/2/21 Dkt. 6916 | 8/1/21- 8/31/21 | $396,211.00 | $3,347.71 | $316,969.80 | $3,347.71 | $862,888.60 | $0.00 |
| 11/19/21 Dkt. 7377 | 9/1/21- 9/30/21 | $384,306.00 | $6,409.88 | $307,444.80 | $6,409 | $939,749.80 | $0.00 |
| 12/9/21 Dkt. 7651 | 10/1/21 – 10/31/21 | $573,934.00 | $615.46 | $459,147.20 | $615.46 | $1,054,536.60 | $0.00 |
| 12/16/21 Dkt. 7791 | 11/1/21 – 11/30/21 | $789,125.50 | $6,289.76 | $631,300.40 | $6,289.76 | $1,212,361.70 | $0.00 |
| 2/21/22 Dkt. 8925 | 12/1/21 – 12/31/21 | $522,870.00 | $9,096.54 | $418,296.00 | $9,096.54 | $1,316,935.70 | $0.00 |

ii

**COMPENSATION AND HOURS BY PROFESSIONAL**
**JANUARY 1 – JANUARY 31, 2022**

| Name | Position Area of Expertise | Year of Admission / Years of Experience | Hourly Rate | Total Hours[2] | Total Compensation |
|---|---|---|---|---|---|
| Ernest Martin, Jr. | Partner/Insurance Litigation | 1987 / 35 | $1,075 | 92.0 | $98,900.00 |
| Adrian Azer | Partner/Insurance Litigation | 2003 / 19 | $850 | 210.6 | $179,010.00 |
| John Collins | Sr. Counsel/ Insurance Litigation | 1982 / 40 | $1,020 | 1.0 | $1,020.00 |
| Mike Stoner | Associate/Insurance Litigation | 2010 / 12 | $720 | 116.5 | $83,880.00 |
| Natalie Dubose | Counsel/Insurance Litigation | 2012 / 10 | $740 | 141.7 | $104,858.00 |
| Carla Green | Associate/Insurance Litigation | 2015 / 7 | $750 | 102.0 | $76,500.00 |
| Wesley Dutton | Associate/Insurance Litigation | 2018 / 4 | $650 | 32.7 | $21,255.00 |
| Rae Guyse | Associate/Insurance Litigation | 2020 / 2 | $550 | 47.7 | $26,235.00 |
| Benjamin Schindler | Associate/Insurance Litigation | 2020 / 2 | $550 | 13.0 | $7,150.00 |
| Casey McGovern | Paralegal/Business Litigation | 21 | $420 | 6.0 | $2,520.00 |
| | | | **Total** | **763.2** | **$601,328.00** |

---

[2] H&B charged the Debtors for 50% of non-working travel time in compliance with Local Rule 2016-2(d)(viii). Such reductions are reflected in the figures in this column.

## COMPENSATION AND EXPENSES BY PROJECT CATEGORY
## JANUARY 1 – JANUARY 31, 2022

| Task Description | Total Hours | Total Compensation |
|---|---:|---:|
| Global Insurance Strategy (20234.5) | 0.0 | $0.00 |
| Illinois-DJ (20234.15) | 0.0 | $0.00 |
| Hartford Litigation (20234.18) | 0.0 | $0.00 |
| Kentucky (20234.20) | 0.0 | $0.00 |
| National Surety Litigation (20234.21) | 0.0 | $0.00 |
| General Insurance Matters (20234.24) | 739.9 | $584,433.00 |
| REDACTED (Claimant Name) (20234.26) | 0.0 | $0.00 |
| D&O Insurance Consulting (20234.28) | 0.0 | $0.00 |
| GSUSA Insurance Matters (20234.29) | 0.0 | $0.00 |
| Plan & Disclosure Statement Insurance Issues (20234.30) | 0.0 | $0.00 |
| Bankruptcy Case Administration (20234.33) | 0.0 | $0.00 |
| Professional Retention Issues (20234.34) | 0.0 | $0.00 |
| Fee Applications (20234.35) | 9.3 | $4,995.00 |
| Non-Working Travel (20234.36) | 14.0 | $11,900.00 |
| Hearings and Court Matters (20234.37) | 0.0 | $0.00 |
| Business Loss / COVID (20234.39) | 0.0 | $0.00 |
| **TOTAL** | **763.2** | **$601,328.00** |

**EXPENSES BY CATEGORY**
**JANUARY 1 – JANUARY 31, 2022**

| Category | Amount |
|---|---:|
| Federal Express | $111.59 |
| Copies | $248.20 |
| Depositions | $13,408.70 |
| Consulting Expert: Allen Mediations | $6,050.00 |
| Other Expense: Lighthouse (Document vendor) | $150.31 |
| Out of Town Travel (includes lodging, air, ground transportation and meals) | $5,930.30 |
| **TOTAL:** | **$25,899.10** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**March 21, 2022 at 4:00 p.m. (ET)** |

### SEVENTEENTH APPLICATION OF HAYNES AND BOONE, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2022 TO JANUARY 31, 2022

Haynes and Boone, LLP ("H&B"), special insurance counsel for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby submits this seventeenth monthly application (this "Application") requesting payment in the aggregate amount of $506,961.50, which is equal to (a) 80% (*i.e.*, $481,062.40) of the $601,328.00 of total compensation earned by H&B for its services to the Debtors during the period from January 1, 2022 to and including January 31, 2022 (the "Fee Period") and (b) 100% of the $25,899.10 of necessary expenses incurred by H&B during the Fee Period in connection with its services to the Debtors. In support of this Application, H&B respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order").

## BACKGROUND

3.     On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.     The Debtors retained H&B as their special insurance counsel, *nunc pro tunc* to the Petition Date, pursuant to the *Order Authorizing the Retention and Employment of Haynes and Boone, LLP as Special Insurance Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 463] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate and reimburse H&B in accordance with the terms and conditions set forth in the Debtors' application to retain H&B, subject to H&B's application to the Court.

2

5.       On April 6, 2020, the Court entered the Compensation Procedures Order. The Compensation Procedures Order provides, among other things, that each professional shall be entitled, on or as soon as practicable after the fifteenth (15th) day of each month following the month for which compensation and/or expense reimbursement is sought, to file and serve an application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties shall have fourteen (14) days after service of a Monthly Fee Application to file an objection to the compensation or expenses that are the subject thereof (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application. After the filing of a CNO, the Debtors are authorized and directed to pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

**RELIEF REQUESTED**

6.       By this Application, in accordance with the Compensation Procedures Order, H&B requests payment in the aggregate amount of $506,961.50, which is equal to (a) 80% (*i.e.*, $481,062.40) of the $601,328.00 of total compensation earned by H&B during the Fee Period for its services to the Debtors and (b) 100% of the $25,899.10 of necessary expenses incurred by H&B during the Fee Period for its services to the Debtors.

**SUMMARY OF SERVICES RENDERED**

7.       Attached hereto as **Exhibit A** is a detailed statement of the time expended and compensation earned by H&B during the Fee Period. H&B's professionals expended a total of 763.2 hours in connection with these chapter 11 cases during the Fee Period. All services for which H&B is requesting compensation were performed for or on behalf of the Debtors. The

3

services rendered by H&B during this portion of the Fee Period are categorized as set forth in **Exhibit A** and in the summary cover sheets prefixed to this Application. The professionals who provided services to the Debtors during the Fee Period are also identified in **Exhibit A** and in the summary cover sheets.

## ACTUAL AND NECESSARY EXPENSES

8. H&B incurred also certain necessary expenses during the Fee Period for which it is entitled to reimbursement under the terms of its retention. As set forth in greater detail in the summary attached hereto as **Exhibit B**, H&B's total expenses incurred during the Fee Period are $25,899.10.

## VALUATION OF SERVICES

9. The hourly rates reflected on **Exhibit A** are H&B's customary hourly rates for work of this character. The reasonable value of the services rendered by H&B for the Fee Period as special insurance counsel to the Debtors in these chapter 11 cases is $601,328.00.

10. In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in light of factors including, among other things, (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

11. Although H&B has made every effort to include all fees and expenses incurred during the Fee Period in this Application, some fees and expenses might have been omitted from this Application due to delays caused by accounting and processing during the Fee Period. H&B reserves the right to submit further applications to the Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

## CERTIFICATION OF COMPLIANCE

12. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, H&B requests payment in the aggregate amount of $506,961.50, which is equal to (a) 80% (*i.e.*, $481,062.40) of the $601,328.00 of total compensation earned by H&B during the Fee Period for its services to the Debtors, and (b) 100% of the $25,899.10 of necessary expenses incurred by H&B during the Fee Period in connection with its services to the Debtors, for a total interim award of $506,961.50.

Dated: March 7, 2022
       Dallas, Texas

**HAYNES AND BOONE, LLP**

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
Partner
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214.651.5000
Email: Ernest.Martin@haynesboone.com

SPECIAL INSURANCE COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION