## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |

## VERIFIED STATEMENT OF
## JUSTICE LAW COLLABORATIVE AND WAGSTAFF LAW FIRM
## PURSUANT TO BANKRUPTCY RULE 2019

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019"), Justice Law Collaborative and Wagstaff Law Firm (hereinafter "Firms"), whose clients are listed on **Exhibit A** hereto (collectively, "Clients"), hereby submits this Verified Statement as required under the *Order (I) Approving the Disclosure Statement and the Firm and Manner of notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 6438] (the "Solicitation Order") and states as follows:

1.    On February 18, 2020 (the "Petition Date"), Boy Scouts of America (hereinafter "BSA") and Delaware BSA, LLC (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving Texas 75038.

2.      Prior to the filing of this Verified Statement, the Clients listed on **Exhibit A** hereto, retained the Firms to represent their interests in these Chapter 11 Cases after consultation with members of the Firms.

3.      The Clients each hold general unsecured claims against BSA, certain non-debtor Local Councils, or Chartered Organizations arising from childhood sexual abuse at the time the Clients were Scouts with the BSA and the applicable Local Councils and Chartered Organizations.

4.      In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of each Client. The "nature and amount of all disclosable economic interests" held by each Client  in the Chapter 11 Cases. The proof of claim number of each Client is set forth in **Exhibit A**. The information set forth in **Exhibit A** is based upon information the Clients provided to the Firms and is subject to change.

5.      Annexed hereto as **Exhibit B** is an exemplar of the engagement letter ("Engagement Letter") used by the Firms to engage the Clients. The CFA may contain redactions or blanks with respect to pricing, compensation amounts or percentages, and personal identifying information of the Clients.

6.      The undersigned verifies that the foregoing is true and correct to the best of her knowledge.

7.      Nothing contained in this Verified Statement is intended or shall be construed to constitute: (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver of release of

any rights the Clients may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in these Chapter 11 Cases against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8.     The Clients, through their undersigned counsel, reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

Dated: March 7, 2022

Respectfully Submitted,

**JACOBS & CRUMPLAR, P.A.**

*/s/ Raeann Warner*
Raeann Warner, Esq. (No. 4931)
Thomas C. Crumplar, Esq. (No. 942)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
Phone: (302) 656-5445
Fax: (302) 656-5875
Raeann@jcdelaw.com
Thomas@jcdelaw.com

and

**JUSTICE LAW COLLABORATIVE**
Kimberly A. Dougherty, Esq.
19 Belmont Street
South Easton, MA 02375
Telephone: (508) 230-2700
Facsimile: (888) 875-2889
kim@justicelc.com

**WAGSTAFF LAW FIRM**
Sommer D. Luther, Esq.
Albert W. Northrup, Esq.
940 Lincoln Avenue
Denver, CO 80203
Telephone: (303) 376-6360
sluther@wagstafflawfirm.com
anorthrup@wagstafflawfirm.com

# EXHIBIT A

| Claimant's Last Name | Claimant's First Name | Claim Number | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| | | 60218 | | Suisun City | CA | 94585 |
| | | 76772 | | Covington | KY | 41011 |
| | | 76750 | | Las Vegas | NV | 89139 |
| | | 72762 | | Bellefonte | PA | 16823 |
| | | 118797 | | Spokane | WA | 99205 |
| | | 72729 | | San Francisco | CA | 94110 |
| | | 55081 | | St. George | UT | 84790 |
| | | 59993 | | Mobile | AL | 36607 |
| | | 41321 | | Iron Mountain | MI | 49801 |
| | | 56969 | | Fort Mitchell | KY | 41011 |
| | | 76867 | | Houston | TX | 77016 |
| | | 118800 | | Dover | DE | 19901 |
| | | 56714 | | Detroit | MI | 48228 |
| | | 76909 | | Baltimore | MD | 21205 |
| | | 72706 | | Ridgecrest | CA | 93555 |
| | | 72776 | | Baltimore | MD | 21224 |
| | | 72625 | | St. Louis | MO | 63114 |
| | | 41008 | | Big Bay | MI | 49808 |
| | | 118792 | | | NM | |
| | | 72648 | | Hemet | CA | 92545 |
| | | 72559 | | Cathedral City | CA | 92234 |
| | | 118784 | | Daytona Beach | FL | 32114 |
| | | 118796 | | Mechaincsville | VA | 23116 |
| | | 51249 | | Philadelphia | PA | 19107 |
| | | 50271 | | Rutland | VT | 5701 |
| | | 64027 | | Moline | IL | 61265 |
| | | 36871 | | Akron | OH | 44314 |
| | | 39624 | | Lakeview | NY | 14085 |
| | | 77025 | | Charlotte | NC | 28216 |
| | | 72454 | | Chenoa | IL | 61726 |
| | | 77118 | | Mauston | WI | 53948 |
| | | 72446 | | Kokomo | IN | 46901 |
| | | 77170 | | Chaparral | NM | 88081 |
| | | 77233 | | Dowagiac | MI | 49047 |

| | | | |
|---|---|---|---|
| 72333 | Kannapolis | NC | 28083 |
| 118782 | Centerport | NY | 11721 |
| 72364 | Norton | MA | 2766 |
| 118785 | Phoenix | AZ | 85006 |
| 118798 | Lake City | FL | 32025 |
| 77354 | Houston | TX | 77004 |
| 63573 | Blytheville | AR | 72315 |
| 65081 | Pittsfield | MA | 1201 |
| 60112 | Sunny Side | NY | 11104 |
| 118781 | Mystic | CT | 6355 |
| 77400 | Pocatello | ID | 83202 |
| 59101 | Lindenwold | NJ | 8021 |
| 47851 | Dorchester | MA | 2124 |
| 77510 | Browning | MT | 59417 |
| 44120 | Fort Mill | SC | 29715 |
| 37523 | Mesa | AZ | 85213 |
| 77578 | Miami | FL | 33142 |
| 71440 | Amarillo | TX | 79110 |
| 71402 | Austin | TX | 78742 |
| 41450 | Howell | MI | 48843 |
| 42343 | Tomball | TX | 77377 |
| 60341 | Auburn | NY | 11692 |
| 71340 | Tampa | FL | 33610 |
| 77726 | Las Vegas | NV | 89030 |
| 118801 | Bookings | SD | 57006 |
| 71371 | Upper Marlboro | MD | 20774 |
| 18381 | Clermont | FL | 34711 |
| 59095 | Vicksburg | MS | 39180 |
| 18390 | Jacksonsville | FL | 32223 |
| 71259 | Springfield | MI | 49037 |
| 118793 | Klamath Falls | OR | 97601 |
| 28861 | Baltimore | MD | 21206 |
| 77812 | Pico Rivera | CA | 90602 |
| 65393 | Granite Falls | NC | 28630 |
| 118787 | Leander | TX | 78641 |

| | | City | State | ZIP |
|---|---|---|---|---|
| 77877 | | Overton | TX | 75684 |
| 77881 | | Philadelphia | PA | 19135 |
| 71240 | | Raleigh | NC | 27615 |
| 71152 | | Cincinnati | OH | 45232 |
| 116716 | | Springfield | VT | 5156 |
| 118794 | | Amarillo | TX | 79107 |
| 77970 | | Glenn Allen | AK | 99588 |
| 18393 | | Reno | NV | 89503 |
| 13258 | | Kingford | MI | 49802 |
| 71167 | | Huntington | WV | 25710 |
| 71049 | | Victorville | CA | 92394 |
| 118790 | | Phoenix | AZ | 85044 |
| 94242 | | New Orleans | LA | 70126 |
| 29481 | | Memphis | TN | 38141 |
| 70933 | | Covington | KY | 41015 |
| 81597 | | Painesville | OH | 44077 |
| 35031 | | Apple Valley | CA | 92307 |
| 70838 | | Evansville | IN | 47711 |
| 70855 | | Lakehead | CA | 96051 |
| 118799 | | | | |
| 69440 | | Nanticoke | PA | 18634 |
| 81566 | | Carrollton | KY | 41008 |
| 72832 | | Hebron | CT | 6248 |
| 70738 | | Rialto | CA | 92376 |
| 118783 | | Gastonia | NC | 28056 |
| 65211 | | Corinth | MS | 38834 |
| 58991 | | Huntsville | AL | 35810 |
| 56889 | | Hendersonville | TN | 37075 |
| 81583 | | Acton | CA | 93510 |
| 70570 | | Bloomington | IL | 61701 |
| 70629 | | Chesapeake | VA | 23324 |
| 70544 | | Fresno | CA | 93755 |
| 70375 | | Daytona Beach | FL | 32118 |
| 81521 | | Cerritos | CA | 90703 |
| 70720 | | Belleville | IL | 62223 |

| | | | |
|---|---|---|---|
| 70403 | Lockport | NY | 14094 |
| 19605 | Logan | PA | 16602 |
| 81525 | Columbia | SC | 29210 |
| 81536 | Des Moines | IA | 50317 |
| 28853 | Queens | NY | 11413 |
| 62900 | Corona | CA | 92880 |
| 70410 | Spokane | WA | 99216 |
| 81445 | Mount Vernon | OH | 43050 |
| 118789 | Buena Park | CA | 90621 |
| 76527 | Lincoln | NE | 68502 |
| 81492 | Memphis | TN | 38118 |
| 70260 | Carthage | NY | 13619 |
| 81412 | Henderson | NV | 89014 |
| 110860 | Raleigh | NC | 27603 |
| 81384 | Santa Fe | TX | 77510 |
| 118795 | Dallas | TX | 75204 |
| 81374 | Pearson | GA | 31642 |
| 118791 | Milton | FL | 32583 |
| 65154 | Lamar | MS | 35642 |
| 52747 | Fort Myers | FL | 33916 |
| 70234 | Anaheim | CA | 92804 |
| 52664 | Chicago | IL | 60626 |
| 118786 | Winston Salem | NC | 27101 |
| 64806 | Lawrence | KS | 66044 |
| 54739 | McKinney | TX | 75071 |

# EXHIBIT B

# CONTINGENT FEE AGREEMENT

| Dated: | ████████ |
|---|---|
| Client Name: | ████████ |
| Address: | ████████████████████ |
| Telephone #: | ████████ |
| DOB: | ██████ |
| SSN: (last four) | ███ |

retains the Firms:

| | |
|---|---|
| Andrus Wagstaff, P.C. – Main Office<br>7171 W. Alaska Drive<br>Lakewood, Colorado 80226 | Andrus Wagstaff, P.C. – Boston Office<br>19 Belmont Street<br>South Easton, MA 02375 |

to perform the legal services mentioned in paragraph (1) below. For purposes of this agreement, Andrus Wagstaff, PC shall be referred to as the "Firm."

1.      SCOPE OF ENGAGEMENT

        The claim, controversy, and other matters with reference to which the services are to be performed involve personal injury and emotional distress claims arising out of the sexual and/or physical assault perpetrated and enabled by various Defendants' acts, failures and omissions.

2.      CONTINGENCY

        The contingency upon which compensation is to be paid is any recovery of money for the claim addressed in the Scope of Engagement section above.

3.      CLIENT'S LIABILTY TO PAY COMPENSATION

        The Client is not to be liable to pay compensation otherwise than from amounts collected for the Client by the Firm, except as follows:

        In the event the Client terminates this contingent fee agreement without wrongful conduct by the Firm which would cause the Firm to forfeit any fee, or if the Firm justifiably withdraws from the representation of the Client, or if the parties mutually agree to terminate this agreement, the Firm may ask the court or other tribunal to order the Client to pay the Firm a fee based upon the reasonable value of the services provided by the Firm. If the Firm and the Client

DocuSign Envelope ID: E48153AF-E4D8-4D85-ACE6-80190F336CE0

cannot agree how the Firm is to be compensated in this circumstance, the Firm will request the court or other tribunal to determine: (1) if the Client has been unfairly or unjustly enriched if the Client does not pay a fee to the Firm; (2) the amount of the fee owed, taking into account the nature and complexity of the Client's case, the time and skill devoted to the Client's case by the Firm, and the benefit obtained by the Client as a result of the Firm's efforts; and (3) prejudice to the Firm if no such fee is paid. Any such fee shall be payable only out of the gross recovery obtained by or on behalf of the Client and the amount of such fee shall not be greater than the fee that would have been earned by the Firm if the contingency described in this contingent fee agreement had occurred.

4.      PERCENTAGE OF GROSS AMOUNT COLLECTED

The Client will pay the Firm 33.3% percent of the gross amount collected in the event the case does not proceed to trial. In the event the case proceeds to trial and a jury is seated, the Firm will receive 40% of the gross amount collected. "Gross amount collected" means the amount collected before any subtraction of expenses and disbursements. "The amount collected" includes specially awarded attorneys' fees and costs awarded to the Client, if any.

5.      FEES AND COSTS AWARDED TO OPPOSING PARTY

Costs and attorneys' fees, if any, awarded to an opposing party against the Client before completion of the case will be paid by the Client when ordered. Any award of costs or attorneys' fees, regardless of when awarded, will not be subtracted from the amount collected before computing the amount of the contingent fee under this agreement.

6.      EXPENSES

The Client is to be liable to the Firm for reasonable expenses and costs incurred in litigating client's claim. The Client will reimburse the Firm for such expenditures from his/her share of the recovery upon final resolution.

Expenses shall include, but not be limited to, cash and noncash expenditures for filing fees; subpoenas; depositions; witness fees; in-house and outside investigation services; expert witness fees; medical records and reports; LexisNexis/Westlaw and other computer research and on-line service costs; photographs; in-house and outside photocopies; facsimiles; long-distance telephone calls; postage and federal express, UPS and other overnight service charges; mediation fees; travel costs; airline tickets; out-of-town hotel at a SPG, Hyatt or Hilton hotel; food and transportation charges; in-house and outside trial exhibits; in-house and outside multi-media services; outside legal fees and costs for estate, guardianship, bankruptcy and probate matters; outside resolution costs for allocation and oversight, and all other costs necessary for performance of legal services.

7.      THIRD PARTY EXPENSES

The Client authorizes the Firm to pay from the amount collected the following: all physicians, hospitals, subrogation claims and liens. Where the applicable law specifically

requires the Firm to pay the claims of third parties out of any amount collected for the Client or to deduct same to be held in escrow, the Firm shall have the authority to do so notwithstanding any lack of authorization by the Client, but if the amount or validity of the third party claim is disputed by the Client, the Firm shall deposit the funds into the registry of an appropriate court for determination. Any amounts paid or payable to third parties will not be subtracted from the amount collected before computing the amount of the contingent fee under this agreement.

8.      ASSOCIATED COUNSEL

The Client acknowledges that it may be necessary for the Firm to associate with other legal counsel and agree that the Firm's fees set forth above will include fees due associate counsel, which fees shall be divided based upon the work performed and/or obligations incurred by each participating firm. *The Client will pay no more in fees with the inclusion of associate counsel than he or she would pay pursuant to this contract if the Firm solely represented him or her.* The Client agrees that the Firm and associate counsel each will be responsible to represent the Client's interests. However, the Client agrees that the Firm, its attorneys and/or its employees will not be financially responsible for any wantonness, willfulness and/or intentional misconduct of associate counsel, associate counsel attorneys and/or associate counsel employees, and in no event will the Firm, its attorneys and/or employees be financially responsible for any punitive conduct and/or punitive damages arising out of the conduct of associate counsel, associate counsel attorneys and/or associate counsel employees, and/or anyone acting on the behalf of associate counsel.

9.      TIMELINESS OF CLAIM

The Client acknowledges that the Firm must have certain information to determine whether or not Client has a claim and that the Firm cannot file a lawsuit without that information. The Client also acknowledges that every claim has a Statute of Limitations and if a lawsuit is not filed prior to the expiration of the applicable Statute of Limitations, the right to file a lawsuit may be gone forever. Client specifically acknowledges that, prior to filing a lawsuit, the Firm must have the following information: medical records establishing Client's alleged injury ("Proof of Injury"). The client agrees to help assist in obtaining Proof of Injury. The Client understands that the Firm may choose to terminate this relationship if Proof of Injury cannot be obtained. **Client understands it will take the Firm a minimum of sixty (60) days after receipt of such information to evaluate the potential claim, and that should the statute of limitations or any other applicable deadlines expire during that sixty (60) day period, Client agrees not to hold the Firm (or its associated counsel) responsible for any consequences related to the expiration of that deadline.**

10.     DUAL REPRESENTATION

By execution of this Agreement, Client represents and warrants that they have not already retained other counsel to represent them in this matter. If it is later determined that Client

had retained counsel to represent them in this matter prior to execution of this Agreement, Client agrees that the Firm shall still be entitled to its full fee percentage and recovery of its fees, and agrees to pay the Firm from their recovery in this matter or out of pocket if necessary. Client agrees to inform the Firm in writing if they retain subsequent counsel to assist and/or represent them in this matter and to provide contact information (firm name, lead attorney, phone number) of new counsel to the Firm. If Client does not so inform the Firm within 30 days of retaining subsequent counsel, Client agrees that the Firm shall still be entitled to its full fee percentage and recovery of its fees, and agrees to pay the Firm from their recovery or out of pocket.

## 11. RECOVERY

The Client expressly grants power to the Firm to endorse and deposit into the Firm's Client Trust Account any checks in the Client's name resulting from a settlement either approved by the Client or issued pursuant to a court order, and authorizes the attorneys to deduct fees, costs, disbursements and expenses, and to pay all hospital and medical bills from the Client's share of the recovery.

## 12. RETENTION OF CLIENT FILE

The Client understands that the client file maintained by the Firm is his or her property. However, the client also understands that the Firm will only retain the Client's file for a period of seven years after the case is completed. After the seven-year period, the entire file will be discarded, and the Firm will not retain a copy of any portion of the file. Thus, it is the Client's responsibility to seek the return of all original documents immediately after the case is completed, and to request a copy of any portions of the file the Client wishes to retain. If the Client waits more than seven years to request the file, then no portion of the file will be in existence at that time.

## 13. LEGAL CONSTRUCTION

In case any provision, or any portion of any provision, contained in this Agreement shall for any reason be held to be invalid, illegal and/or unenforceable in any respect, such invalidity, illegality and/or unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid, illegal and/or unenforceable provision or portion thereof was never contained herein. The parties to this agreement do hereby subject themselves to the personal jurisdiction of the District Court of the State of Colorado and to the substantive and procedural laws thereof for the resolution of any disputes arising under this agreement and/or for the enforcement of any rights, duties, or obligations arising under this agreement.

## 14. CHANGE OF ADDRESS

The Client agrees to keep the Firm informed at all times of their current address and telephone number.

WE HAVE EACH READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

10/13/2020

Client: _____     Date: _____

ANDRUS WAGSTAFF, PC

By: _____     10/13/20

Kimberly A. Dougherty, Esq.     Date: _____