## OMNI AGENT SOLUTIONS
### Claims Agent For Boy Scouts of America
5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367
Telephone (818) 906-8300 - Facsimile (818) 783-2737

## Notice of Transferred Claim

March 01, 2022

Transferor:  Tri-County Electric Cooperative, Inc
P O Box 961032
Fort Worth, TX 76161-0032

Transferee:  Argo Partners
Attn: Matthew Friend
Re: Tri-County Electric Cooperative, Inc
12 W 37th St, Ste 900
New York, NY 10018

To Whom It May Concern,

Please be advised that a Notice was received that your claim in the above mentioned case has been transferred; please see attached. The document states that the above named transferor has transferred this claim to the above named transferee.

| | |
|---|---|
| Case: | Boy Scouts of America (Case No: 20-10343) |
| Scheduled Claim No.: | 124199 |
| Amount of Claim: | $6,145.15 |
| **Amount of Transfer:** | **$6,145.15** |
| Re: Docket # | 9060 |

Pursuant to Bankruptcy Rule 3001(e) (1) of the Federal Rules of Bankruptcy Procedures you are advised that if you wish to object to the above, you must do so within 20 days of the date of this notice or within any additional time allowed by the court. Unless an objection and request for hearing is filed in writing with the U.S. Bankruptcy Court - Delaware, Wilmington Division 824 N. Market Street Wilmington, DE 19801, the aforementioned claim will be deemed transferred.

*Homero Cuberos*

Homero Cuberos
OMNI AGENT SOLUTIONS

## CERTIFICATE OF MAILING

I, the undersigned, am over the age of eighteen and an employee of OMNI AGENT SOLUTIONS, I do hereby certify:

That I, in performance of my duties served a copy of the Notice of Transferred Claim by depositing it in the United States mail at Woodland Hills, California, on the date shown below, in a sealed envelope with postage thereon fully prepaid, addressed as set forth below.

Date: 3/02/22    By: _____
                 Name: Randy Lowry

Transferor:   Tri-County Electric Cooperative, Inc
              P O Box 961032
              Fort Worth, TX 76161-0032


Transferee:   Argo Partners
              Attn: Matthew Friend
              Re: Tri-County Electric Cooperative, Inc
              12 W 37th St, Ste 900
              New York, NY 10018


Addressee:    TRI-COUNTY ELECTRIC COOPERATIVE, INC
              P O BOX 961032
              FORT WORTH, TX 76161-0032


              U.S. BANKRUPTCY COURT - DELAWARE, WILMINGTON DIVISION
              824 N. MARKET STREET
              WILMINGTON, DE 19801

# United States Bankruptcy Court

District of Delaware

## Boy Scouts of America

Boy Scouts of America  Case No. 20-10343

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Argo Partners** | **Tri-County Electric Cooperative,Inc.** |
| Name and Address where notices and payments to transferee should be sent | Court Record Address of Transferor |
| Argo Partners<br>12 West 37th Street, Ste 900<br>New York, NY 10018<br>Phone: 212-699-1102 | Tri-County Electric Cooperative,Inc.<br>P O BOX 961032<br>FT WORTH, TX 76161<br>Phone: |
| | Court Claim #<br>Amount $6,145.15 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Matthew Friend                                                                                    Date: 3/1/2022
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~**DEADLINE TO OBJECT TO TRANSFER**~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                          _____
                                                                                              **CLERK OF THE COURT**

## ASSIGNMENT OF CLAIM

Tri-County Electric Cooperative, Inc., having a mailing address at P O BOX 961032, FT WORTH, TX 76161 ("Assignor"), in consideration of the sum of _____ of the Claim (the "Purchase Rate"), or _____ the "Purchase Price"), does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY 10018 ("Assignee") all of Assignor's right, title and interest in and to claim or claims of Assignor (the "Claim"), as more specifically set forth against Boy Scouts of America Boy Scouts of America Case No. 20-10343, in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), in the currently outstanding amount of not less than $6,145.15 and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim, together with voting and other rights and benefits arising from, under or relating to any of the foregoing. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest. For the avoidance of doubt, the Claim shall include, without limitation, any and all cure claims, reclamation claims and administrative priority claims that may arise out of the same underlying contracts or facts and circumstances that give rise to the Claim.

The term "Proof of Claim" shall mean any and all proofs of claim that may be filed with the Court or it's representative in respect of the Claim or any part thereof, whether formal or informal and whether previously or hereafter filed which has not been revoked or superseded. For the avoidance of doubt, if the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of the entire Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that: the amount of the Claim is not less than $6,145.15; the Claim in that amount is valid and enforceable; no objection to the Claim exists; the Claim is listed by the Debtor on its schedule of liabilities as amended to date ("Schedule") as such; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors; the Claim is not subject to any factoring agreement; Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever; and it is not subject to any offset, defenses or subordination that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignee assumes all of the recovery risk in terms of the amount paid on the Claim. Assignee does not, however, assume the risk that all or any part of the Claim may become, becomes, or is disallowed, avoided, reduced, disputed, objected to or otherwise impaired in any way (any of the occurrences or conditions described is referenced herein singularly and/or collectively as an "Impairment"). In the event of Impairment, Assignor agrees to immediately refund an amount equal to the portion of the Claim Amount subject to the Impairment multiplied by the Purchase Rate.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction in its sole discretion that the Claim has been allowed in the higher amount and that neither the Claim nor distributions thereon is subject to any potential objection or reduction by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days after receipt thereof) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations, warranties, indemnities and agreements made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this __28th__ day of __Feb.__ 2022.

ATTEST:
By: ___[signature]___
Signature
___Darryl W. Schrivor___
Print Name/Title
Tri-County Electric Cooperative, Inc.

Telephone #: 817-444-3201
Fax #: 817-444-7679
E-mail: _____

IN WITNESS WHEREOF, the undersigned Assignee hereunto sets its hand this __28__ day of __February__ 2022.
ATTEST:
By: ___[signature]___
Matthew Friend
Argo Partners
212-699-1102