**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | ) Case No. 20-10343 (LSS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) ~~Ref.~~Re Docket No. **8813 & 9150** |

**[CERTAIN INSURERS'[2] PROPOSED] FINAL PRETRIAL ORDER FOR**

**THE PLAN CONFIRMATION HEARING**

This ~~Pre-Trial~~Pretrial Order addresses the issues to be presented and the witnesses to be called by the Boy Scouts of America and Delaware BSA, LLC ("Debtors~~"~~")"), and other parties

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] ~~The Certain Insurers are Allianz Global Risks US Insurance Company, National Surety Corporation, Interstate Fire & Casualty Company, Argonaut Insurance Company, Colony Insurance Company, Liberty Mutual Insurance Company, General Star Insurance Company, Great American Assurance Company f/k/a Agricultural Insurance Company, Great American E&S Insurance Company f/k/a Agricultural Excess and Surplus Insurance Company, Great American E&S Insurance Company, Arch Insurance Company, Continental Insurance Company, Columbia Casualty Company, Indian Harbor Insurance Company on behalf of itself and as successor in interest to Catlin Specialty Insurance Company, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company, Gulf Insurance Company, Arrowood Indemnity Company, Gemini Insurance Company, Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, Endurance American Insurance Company, Markel Service, Incorporated, Claim Service Manager for Alterra Excess & Surplus and Evanston Insurance Company, Old Republic Insurance Company, the AIG Insurance Companies, and Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company~~

~~1~~

US-DOCS\127796530.4

during the Confirmation Hearing which is expected to begin or on around March 14, 2022. This information has been compiled to the best of the parties' ~~ability~~abilities, based on the information provided to date by the parties supporting the Plan and the parties objecting to the Plan, who are listed below.

The Debtors filed their *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA* on February 15, 2022 [Docket No. 8813~~].~~] (the "Plan"), which contains a summary of the legal and factual issues to be heard at the Plan confirmation hearing. Objections and Supplemental Objections have been filed by the Objecting Parties identified below. Arguments and issues covered in the Plan and Objections to the Plan, will not be repeated in this proposed order.

## ~~I.~~I. INTRODUCTION

The Debtors are seeking confirmation of their ~~Third Modified Fifth Amended Chapter 11~~ Plan ~~of Reorganization for Boy Scouts of America and Delaware BSA~~ 2021 ~~[Docket No. 8813] (the "Plan")~~ and will put on evidence in support of confirmation pursuant to section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").[3] The Plan is supported by the following groups, who have filed briefs in support of the Plan and may also present evidence at the Confirmation Hearing in support thereof: Ad Hoc Committee of Local Councils of the Boy Scouts of America ("AHCLC"); The Coalition of Abused Scouts for Justice; The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole ("TCJC"); JP Morgan Chase Bank, N.A.; The Unsecured Creditors' Committee; Future Claimants' Representative

---

[3] Capitalized terms used but not otherwise defined in this Proposed Pretrial Order have the meanings ascribed to them in the Plan.

("FCR"); The Tort Claimants' Committee ("TCC"); two settling insurers; and certain law firms representing Abuse Claimants.

As outlined below, approximately 34 parties have filed objections to the Plan, some of whom will present evidence at the Confirmation Hearing. The parties that intend to present evidence in opposition to the Plan at the Confirmation Hearing include, but are not limited to, certain law firms representing Abuse Claimants, the Roman Catholic Ad Hoc Committee ("RCAHC"), the Girl Scouts of America, seventeen insurers who issued policies to BSA and/or BSA Local Councils, and the U.S. Trustee.

In order to have an orderly and efficient presentation of the evidence at the Confirmation Hearing, the parties present this Pre-Trial Order to identify and describe the issues that will be presented at the Confirmation Hearing, including witnesses who will testify in support of each parties' arguments.

## II.  THE PARTIES

    **A.**    **Debtors' Counsel:**

- Morris, Nichols, Arsht & Tunnell, LLP; Haynes & Boone, LLP; White & Case, LLP

    **B.**    **Objectors to the Plan and Their Respective Counsel:** The objectors in each of the below sub-groups shall endeavor to coordinate within their respective subgroup to organize their presentations and avoid duplication.

    i)    *Insurers:*

- **AIG Companies:** Fineman Krekstein & Harris, PC; Foran Glennon Palandech Ponzi & Rudloff, PC; Gibson, Dunn & Crutcher LLP

- **Allianz Global Risks US Insurance Company, Interstate Fire & Casualty Company, National Surety Corporation, collectively referred to as "Allianz Insurers":** Troutman Pepper Hamilton Sanders, LLP; Parker, Hudson, Rainer & Dobbs; McDermott Will & Emery LLP; Bradley & Riley PC

- **Arch Insurance Company:** Smith, Katzenstein & Jenkins LLP; Hangley Aronchick Segal Pudlin & Schiller

US-DOCS\127796530.4

- ~~**The Archbishop of Agaña, a Corporation Sole, Chapter 11 Debtor in Possession, District of Guam, Territory of Guam, Bankruptcy Division, Case 19-00010:** Gilbert Scali Busenkell & Brown, LLC~~

- ~~**The Archdiocese of New York Parishes and Related Entities:** Archer & Greiner, P.C.~~

- **Argonaut Insurance Company and Colony Insurance Company:** Post & Schell, P.C.; Ifrah PLLC

- **Arrowood Indemnity Company:** Joyce, LLC; Coughlin Midlige & Garland, LLP; Carruthers & Roth, P.A.

- ~~**AT&T Corp.:** McElroy, Deutsch, Mulvaney & Carpenter, LLP; Arnold & Porter Kaye Scholer, LLP~~

- **The Continental Insurance Company and Colombia Casualty Company:** Goldstein & McClintock LLLP; Loeb & Loeb LLP

- ~~**Dumas & Vaughn, LLC Claimants:** Bielli & Klauder, LLC; Dumas & Vaughn, LLC~~

- ~~**Eric Pai, as Administrator of the Estate of Jarred Pai:** Sullivan, Hazeltine, Allison, LLC~~

- **Everest National Insurance Company:** Carlton Fields, P.A.

- **Gemini Insurance Company:** Werb & Sullivan; Gieger Laborde & Laperouse LLC; Kiernan Trebach LLP

- **General Star Indemnity Company:** Smith, Katzenstein & Jenkins LLP; Wiley Rein LLP

- ~~**Girl Scouts of America**: Dorsey & Whitney (Delaware) LLP; Dorsey & Whitney, LLP~~

- **Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E & S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E & S Insurance Company:** Bodell Bové, LLC; Clyde & Co US LLP; David Christian Attorneys, LLC

- ~~**I.G. (Claimant), plaintiff in a matter pending before the United States District Court for the Western District of Missouri, Southern Division styled *I.G. v. Ozark Trails Counsel, Inc. and Scott Wortman*, Case NO. 6:20-cv-03059-SRB:** Gellert Scali Busenkell & Brown, LLC~~

US-DOCS\127796530.4

- **Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company:** Smith, Katzenstein & Jenkins LLP; Mound Cotton Wollan & Greengrass LLP

  - ~~**Jane Doe:** Chapman Brown Cicero & Cole, LLP~~

- **Liberty Mutual Insurance Company:** Seitz, Van Ogtrop & Green, P.A.; Choate, Hall & Stewart, LLP; Mintz, Levin, Cohn, Ferris, Globsky and Popeo PC

  - ~~**Linder Sattler Rogowsky LLP Claimants:** Klein LLC; Linder, Sattler, Rogwosky, LLP~~

  - ~~**Lujan & Wolff LLP Claimants:** Loizides, P.A.; Lujan & Wolff, LLP~~

- **Markel Service, Incorporated, Claim Service Manager for Evanston Insurance Company ("Evanston") and Alterra Excess & Surplus Insurance Company ("Alterr"), collectively referred to as "Markel Insurers":** Greenberg Traurig, LLP; Brownstein Hyatt Farber Schreck, LLP

- **Munich Reinsurance America, Inc. formerly known as American Re-Insurance Company:** Dilworth Paxson, LLP

- **National Surety Corporation and Interstate Fire & Casualty Company:** Troutman Pepper Hamilton Sanders LLP; Parker, Hudson, Rainer & Dobbs; Bradley Riley Jacobs PC

- ~~**The Norwich Roman Catholic Diocesan Corporation, a chapter 11 debtor and debtor-in-possession in the United States Bankruptcy Court for the District of Connecticut (Case NO. 21-20687 (JJT)):** Gellert Scali Busenkell & Brown, LLC; Ice Miller LLP~~

  - ~~**Office of the United States Trustee for Region 3:** United States Department of Justice~~

- ~~**Official Committee of Unsecured Creditors appointed in In re: Archbishop of Agaña (Bankr. D. Guam 19-00010):** Hiller Law, LLC; Stinson LLP~~

- **Old Republic Insurance Company:** Morris James LLP; Fox Swibel Levin & Carroll LLP

  - ~~**Rejecting Parker Waichman Abuse Survivor Clients:** Burr & Forman, LLP; Parker Waichman, LLP~~

  - ~~**Roman Catholic Ad Hoc Committee ("RCAHC"):** Potter Anderson & Corroon LLP; ArentFox Schiff LLP~~

2

- • **Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company (the "Sompo Insurers"):** Cozen O'Connor

- • **Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company:** Reger Rizzo & Darnall LLP

ii) *Survivors*

- **Dumas & Vaughn, LLC Claimants:** Bielli & Klauder, LLC; Dumas & Vaughn, LLC

- **Eric Pai, as Administrator of the Estate of Jarred Pai:** Sullivan, Hazeltine, Allison, LLC

- **I.G. (Claimant), plaintiff in a matter pending before the United States District Court for the Western District of Missouri, Southern Division styled *I.G. v. Ozark Trails Counsel, Inc. and Scott Wortman*, Case No. 6:20- cv- 03059-SRB:** Gellert Scali Busenkell & Brown, LLC

- **Jane Doe:** Chapman Brown Cicero & Cole, LLP

- **Linder Sattler Rogowsky LLP Claimants:** Klein LLC; Linder, Sattler, Rogwosky, LLP

- **Lujan & Wolff LLP Claimants:** Loizides, P.A.; Lujan & Wolff, LLP

- **Rejecting Parker Waichman Abuse Survivor Clients:** Burr & Forman, LLP; Parker Waichman, LLP

- **The Zalkin Law Firm, P.C. & Pfau Cochran Vertetis Amala PLLC:** Bielli & Klauder, LLC; KTBS Law LLP[4]

iii) *Catholic Entities*

- **The Archbishop of Agaña, a Corporation Sole, Chapter 11 Debtor-in-Possession, District of Guam, Territory of Guam, Bankruptcy Division, Case 19-00010:** Gilbert Scali Busenkell & Brown, LLC

- **The Archdiocese of New York Parishes and Related Entities:** Archer & Greiner, P.C.

---

[4] The Zalkin Law Firm, P.C. & Pfau Cochran Vertetis Amala PLLC object only to certain provisions of the TCJC Settlement and otherwise are supporters of the Plan.

- **The Norwich Roman Catholic Diocesan Corporation, a chapter 11 debtor and debtor-in-possession in the United States Bankruptcy Court for the District of Connecticut (Case NO. 21-20687 (JJT)):** Gellert Scali Busenkell & Brown, LLC; Ice Miller LLP

- **Roman Catholic Ad Hoc Committee ("RCAHC"):** Potter Anderson & Corroon LLP; ArentFox Schiff LLP

iv) *Other*

- **AT&T Corp.:** McElroy, Deutsch, Mulvaney & Carpenter, LLP; Arnold & Porter Kaye Scholer, LLP

- **Girl Scouts of America:** Dorsey & Whitney (Delaware) LLP; Dorsey & Whitney, LLP

- **Office of the United States Trustee for Region 3:** United States Department of Justice

- **Official Committee of Unsecured Creditors appointed in In re: Archbishop of Agaña (Bankr. D. Guam 19-00010):** Hiller Law, LLC; Stinson LLP

C. Supporters of the Plan and Their Respective Counsel:

- **Ad Hoc Committee of Local Councils of the Boy Scouts of America ("AHCLC"):** DLA Piper, LLP (US); Wachtell, Lipton, Rosen & Katz

- **Century Insurance, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America:** Stamoulis & Weinblatt LLC; O'Melveny & Myers LLP

- **Chubb Holdings, Inc.:** Stamoulis & Weinblatt LLC

- **The Coalition of Abused Scouts for Justice ("The Coalition"):** Monzack Mersky and Browder, P.A.; Brown Rudnick, LLP

- **The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole ("TCJC"):** Richards, Layton & Finger, P.A.; Latham & Watkins, LLP

- ~~**The Unsecured Creditors' Committee:** Kramer, Levin, Naftalis & Frankel, LLP~~

- **Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. ("Eisenberg Firm"):** Hogan McDaniel

2

- **First State Insurance Company, Hartford Accident and Indemnity Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford Insurers"):** Bayard, P.A.; Ruggeri Parks Weinberg LLP; Wilmer Cutler Pickering Hale and Dorr, LLP

- **Future Claimants' Representative ("FCR"):** Young, Conaway, Stargatt & Taylor, LLP

- **JPMorgan Chase Bank National Association:** Norton, Rose, Fulbright US, LLP

- **Pfau Cochran Vertetis Amala PLLC:** Bielli & Klauder, LLC; KTBS Law LLP

- **The Tort Claimants' Committee ("TCC")**: Pachulski, Stang, Ziehl, & Jones, LLP[5]

- **The Unsecured Creditors' Committee:** Kramer, Levin, Naftalis & Frankel, LLP

- **Zalkin Law Firm, P.C.:** Bielli & Klauder, LLC; KTBS Law LLP

## III. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[5] The TCC objects to a certain aspect of the Plan as set forth in the *Limited Objection of the Tort Claimants' Committee to Findings Related to the Valuation of Abuse Claims in Connection with Confirmation of Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8768] but otherwise is a supporter of the Plan.

**III.IV.       ISSUES TO BE PRESENTED DURING THE DEBTORS' CASE-IN-CHIEF**

    **A.**     **Development and Negotiation of the Plan of Reorganization:**

    **B.**     **Overview of the Plan of Reorganization:**

    **C.**     **Why the Plan Satisfies the Requirements for Confirmation:**

    **D.**     *The Debtors and the supporting parties reserve the right to expand the scope of the issues (and the witnesses' testimony on the issues) as the hearing proceeds.*

**IV.V.   RULES AND PROTOCOLS FOR TRIAL WITNESSES**

    **A.**     As previously ordered by this Court, all witnesses testifying live will testify live over Zoom. No witnesses will take the stand live in the courtroom in Delaware.

    **B.**     Witnesses testifying live may (but shall not be required to) have their counsel in the same room with them while they are testifying over Zoom, as long as the identities of everyone in the room are noted on the record contemporaneously. The Court may give proper admonishments to the witnesses not to speak to their counsel during any breaks in the testimony. The Court may require the testifying witness's counsel to appear on camera.

    **C.**     Any witness proffered by any party via written declaration must be available to be cross-examined live over Zoom. Any ~~witnesses~~ witnesses' declarations shall be offered 72 hours before the party offering such declaration is prepared to introduce the declaration and/or call such witness for testimony. Objections to such declarations shall be due 48 hours after the declaration is provided; the filing of objections shall not preclude the objecting party ~~to~~ from cross-~~examine~~ examining the witness live.

    **D.**     Any witness proffered by a party must be available to be deposed reasonably in advance of when the proffering party expects to introduce the witness' testimony upon request if not previously deposed. Any party seeking to depose another party's trial witness must notice the deposition reasonably promptly after the witness is disclosed as a trial witness and the notice of deposition must ~~a~~ allow a reasonable time to comply.

    **E.**     Any retained expert witness proffered by a party to give expert testimony must have been timely identified in accordance with the Initial Scheduling Order and Amended Scheduling Order and must have been disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2). For the avoidance of doubt, this means that any expert witness retained or specially employed to provide expert testimony in this case must disclose his or her opinions in some form in writing in accordance with Rule 26(a)(2)(B) reasonably in advance of the Confirmation Hearing or his or her testimony will be precluded.

F.  In accordance with the Court's stated preferences for other hearings, and for efficiency and witness convenience, each witness will only take the stand once absent permission from the Court. Any party seeking to examine that witness, whether in its case-in-chief or solely on cross-examination, should examine the witness while he or she is the stand. Once one party has called a witness to the stand in its case-in-chief, that witness may not be called back to the stand later by a different party unless ordered by the Court.

G.  In accordance with the Court's stated preferences, all persons present at the hearing who are not presenting shall have their Zoom video off and audio muted when not presenting to the Court.

## VI. OPENINGS AND CLOSINGS

The parties shall proceed ~~straight~~ directly to the presentation of evidence without opening arguments. There will be closing arguments/briefs at the end of the Confirmation Hearing in accordance with directions to be provided by the Court.

~~Recognizing that the Debtors bear the burden of proving that the Plan satisfies the Bankruptcy Code, whereas each objecting party only has to prove its own objections, the parties propose that the Court allocate the time for closing as follows: (1) the Debtors shall have four hours for closing plus an additional one hour for an omnibus rebuttal; (3) the TCC shall have one hour for closing; (4) each other supporting party or group shall have 30 minutes for closing; (5) the attorneys for objecting claimants shall have one hour for closing; (6) the RCAHC shall have two hours for closing; (7) objecting insurers shall have three hours for closing; (8) the U.S. Trustee shall have one hour for closing; and, (9) each other objecting party or group shall have 30 minutes for closing.~~

Case 20-10343-LSS    Doc 9245-1    Filed 03/09/22    Page 12 of 16

**~~VI.~~VII.** **WITNESSES AND SEQUENCING**[6]

    **A.** ~~**Debtors' Case-In-Chief**~~ **Witnesses**~~—~~**:**

The ~~Debtors will disclose~~parties disclosed their witness ~~list~~lists in substantially the order in which such witnesses will be called at the Confirmation Hearing ~~by~~on March 7, 2022.

    **B.** ~~**Plan Supporters'**~~**Rebuttal & Impeachment** **Witnesses** ~~**and Sequencing**~~**:**

~~Any additional parties supporting the Plan who intend to call witnesses during the Confirmation hearing shall disclose the order in which such witnesses will be called, and the order that the plan supporters will present their case, no later than March 8, 2022.~~

    ~~**D.** **Objecting Parties' Witnesses:**~~

~~Objecting parties who intend to call witnesses during the Confirmation shall disclose the order in which such witnesses will be called, and the order that objecting parties will present their witnesses, no later than March 9, 2022.~~

    ~~**E.** **Rebuttal Witnesses**~~

Each of the parties may call such rebuttal <u>or impeachment</u> witnesses as may be necessary.

    ~~**F.**~~**C.** **Deposition Designations**<u>**:**</u>

The parties submitted a number of deposition designations for witnesses. Objections and counter-designations, and objections to the counter-designations, were served by March 4, 2022.

Deposition testimony may also be used at the Confirmation Hearing in accordance with Federal Rule of Civil Procedure 32.

---

[6] ~~—~~The parties agree that their witnesses will be presented substantially in the disclosed order, but reserve the right to make changes to the order of presentation of witnesses, and agree to provide at least 24 hours' notice prior to any changes in witness sequencing.

~~2~~

~~US-DOCS\127796530.4~~

**~~G.~~D.    Witness Availability:**

In the context of the Zoom hearing, witnesses will be treated as unavailable if outside of this Court's subpoena power, unless notice is provided in advance that such witness is available to appear at Confirmation Hearing for examination.

**~~VII.~~VIII.    EXHIBITS AND INTRODUCTION OF DOCUMENTARY EVIDENCE**

By agreement, the parties ~~will submit~~have submitted their proposed exhibit lists on March 7, 2022. The parties have agreed to determine what exhibits will be admitted by consent by ~~that date.~~ March 11, 2022.

The Debtors will prepare physical joint exhibits binders for the Court, consisting of all the proposed exhibits of each ~~participating party~~Participating Party, which shall be made available electronically for all ~~participating parties~~Participating Parties to access throughout the Confirmation Hearing.  Any party examining a witness shall provide physical exhibit binders to the Court containing all exhibits proposed to be utilized in connection with such examination and simultaneously make such exhibits available electronically to all Participating Parties.

The parties propose the following deadlines for preparation and submission of exhibit lists and binders:

> ~~I.~~    1.    Any party that did not serve its exhibit list plus the actual exhibits on the Debtors on or before the close of business March 9, 2022, must create its own exhibit binder to submit to the Court; these exhibits will not be included the Debtors' joint submissions.
>
> ~~II.~~    2.    Supplemental exhibit lists addressing documents produced after March 1, 2022, must be supplied by March 10, 2022 to be included in the joint exhibit binders. Otherwise, the proffering party shall be responsible for producing such supplemental exhibits to the Court, and the Debtors shall not be responsible for including these documents in the joint exhibit binder.

The parties agree that any demonstratives intended to be used during confirmation will be provided to other ~~participating parties~~Participating Parties no later than 9 a.m. ~~eastern~~

2

~~US-DOCS\127796530.4~~

~~time~~Eastern Time one day before such demonstrative is intended to be introduced, unless such deadline is waived by the consent of the ~~participating parties~~Participating Parties for the subject exhibit.

Exhibits that any party seeks to admit into evidence that are not among the pre-admitted exhibits shall be offered through live witness testimony or though declaration sponsoring such exhibits. Exhibits offered through sponsoring declaration and objections thereto shall be subject to the same rules governing declarations contained in this Order.

A party that seeks to offer any exhibit into evidence without a sponsor in their case-in-chief shall do at the conclusion of their case-in-chief. Such party shall provide at least 96 hours of notice of any exhibits that a party seeks to admit without a sponsor. Objections to exhibits offered without a sponsor shall be due 72 hours after such notice is provided or 24 hours prior to the close of the proponent's case-in-chief, whichever is later. A party that seeks to offer any exhibit into evidence on rebuttal without a sponsor shall provide at least 48 hours of notice that the party will seek to admit such exhibit in rebuttal. Objections to rebuttal exhibits offered into evidence without a sponsor shall be made 24 hours after such exhibit is offered.

Use of exhibits included in any party's exhibit list that such party seeks to introduce into evidence for purposes of cross-examination do not need to be disclosed in advance. Objections to exhibits offered during cross-examination shall be made at the time the exhibit is offered.

IT IS ORDERED that this Final Pretrial Order shall control the subsequent course of the ~~action~~contested matter regarding confirmation of the Plan unless modified at the Confirmation Hearing ~~of the action~~, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of one or more counsel for the ~~parties~~Participating Parties or by the Court.

2

US-DOCS\127796530.4

| Page 1: [2] Formatted | Malhar S. Pagay | 3/8/2022 9:17:00 PM |
|---|---|---|

Font: Not All caps

| Page 1: [2] Formatted | Malhar S. Pagay | 3/8/2022 9:17:00 PM |
|---|---|---|

Font: Not All caps