Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br><br>Debtors. | )<br>)  Chapter 11<br>)<br>)  Case No. 20-10343 (LSS)<br>)<br>)  (Jointly Administered)<br>)<br>)<br>) |

**PROPOSED FINAL PRETRIAL ORDER FOR**
**THE PLAN CONFIRMATION HEARING[2]**

This Pre-Trial Order addresses the issues to be presented and the witnesses to be called by the Boy Scouts of America and Delaware BSA, LLC ("Debtors") and other parties during the Confirmation Hearing starting on March 14, 2022.[3]  This information has been compiled to the best of the parties' ability, based on the information provided to date by the parties supporting the Plan and the parties objecting to the Plan, who are listed below.

The Debtors filed their *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA* on February 15, 2022 [Docket No. 8813] (the "Plan"), which sets forth the legal and factual issues to be heard at the Plan confirmation hearing. Objections and Supplemental Objections have been filed by the Objecting Parties identified below, and Replies have been filed by the Debtors and other parties supporting the Plan.  Arguments and

---

[1]   The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]   This proposed Final Pretrial Order is supported by the Debtors, JPMorgan Chase Bank, N.A., the Certain Insurers (as identified in the Certain Insurers' Supplemental Objection to Confirmation of Plan [Dkt. 9033]), by the RCAHC, and by Jane Doe (Claimant).

[3]   The parties reserve all rights regarding any topics not specifically addressed by this order.

1

issues covered in the Plan, Objections to the Plan, and Replies in support of the Plan will not be repeated in this proposed order.

## I.    INTRODUCTION

The Debtors are seeking confirmation of the Plan and will put on evidence in support of confirmation pursuant to section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").[4]  The Plan is supported by the following groups, who have filed briefs in support of the Plan and may also present evidence at the Confirmation Hearing in support thereof: the AHCLC; the Coalition; TCJC; JPMorgan Chase Bank, N.A.; the UCC; the FCR; the TCC; the UMAHC; the Century Insurers; The Zalkin Law Firm, P.C.; Pfau Cochran Vertetis Amala PLLC; and certain law firms representing Abuse Claimants.  In addition, four different groups of Settling Insurance Companies support approval of their settlements which are incorporated in the Plan, two of which have filed briefs in support thereof.

As outlined below, approximately 34 parties have filed objections to the Plan, some of whom will present evidence at the Confirmation Hearing.  The parties that intend to present evidence in opposition to the Plan at the Confirmation Hearing include, but are not limited to, certain law firms representing Abuse Claimants, Abuse Claimants appearing pro se, the Roman Catholic Ad Hoc Committee ("RCAHC"), the Girl Scouts of America, seventeen insurers who issued policies to BSA and/or BSA Local Councils, and the U.S. Trustee.

## II.  THE PARTIES

### A.  Debtors' Counsel:

1.    Morris, Nichols, Arsht & Tunnell, LLP; Haynes & Boone, LLP; White & Case, LLP

---

[4]    Capitalized terms used but not otherwise defined in this Proposed Pretrial Order have the meanings ascribed to them in the Plan or as set forth herein.

**B.  Objectors to the Plan and Their Respective Counsel:**

1.  **AIG Companies:** Fineman Krekstein & Harris, PC; Foran Glennon Palandech Ponzi & Rudloff, PC; Gibson, Dunn & Crutcher LLP

2.  **Allianz Global Risks US Insurance Company, Interstate Fire & Casualty Company, National Surety Corporation, collectively referred to as "Allianz Insurers":** Troutman Pepper Hamilton Sanders, LLP; Parker, Hudson, Rainer & Dobbs; McDermott Will & Emery LLP; Bradley & Riley PC

3.  **Arch Insurance Company:** Smith, Katzenstein & Jenkins LLP; Hangley Aronchick Segal Pudlin & Schiller

4.  **The Archbishop of Agaña, a Corporation Sole, Chapter 11 Debtor-in-Possession, District of Guam, Territory of Guam, Bankruptcy Division, Case 19-00010:** Gilbert Scali Busenkell & Brown, LLC

5.  **The Archdiocese of New York Parishes and Related Entities:** Archer & Greiner, P.C.

6.  **Argonaut Insurance Company and Colony Insurance Company:** Post & Schell, P.C.; Ifrah PLLC

7.  **Arrowood Indemnity Company:** Joyce, LLC; Coughlin Midlige & Garland, LLP; Carruthers & Roth, P.A.

8.  **AT&T Corp.:** McElroy, Deutsch, Mulvaney & Carpenter, LLP; Arnold & Porter Kaye Scholer, LLP

9.  **The Continental Insurance Company and Colombia Casualty Company:** Goldstein & McClintock LLLP; Loeb & Loeb LLP

10. **Dumas & Vaughn, LLC Claimants:** Bielli & Klauder, LLC; Dumas & Vaughn, LLC

11. **Eric Pai, as Administrator of the Estate of Jarred Pai:** Sullivan, Hazeltine, Allison, LLC

12. **Everest National Insurance Company:** Carlton Fields, P.A.

13. **Gemini Insurance Company:** Werb & Sullivan; Gieger Laborde & Laperouse LLC; Kiernan Trebach LLP

14. **General Star Indemnity Company:** Smith, Katzenstein & Jenkins LLP; Wiley Rein LLP

15. **Girl Scouts of America**: Dorsey & Whitney (Delaware) LLP; Dorsey & Whitney, LLP

16. **Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E & S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E & S Insurance Company:** Bodell Bové, LLC; Clyde & Co US LLP; David Christian Attorneys LLC

17. **I.G. (Claimant), plaintiff in a matter pending before the United States District Court for the Western District of Missouri, Southern Division styled *I.G. v. Ozark Trails Counsel, Inc. and Scott Wortman*, Case NO. 6:20-cv-03059-SRB:** Gellert Scali Busenkell & Brown, LLC

18. **Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company:** Smith, Katzenstein & Jenkins LLP; Mound Cotton Wollan & Greengrass LLP

19. **Jane Doe (Claimant), plaintiff in a matter pending before the Fairfield Judicial Superior Court ofr the State of Connecticut styled Jane Doe v. Town of Trumbull, Learning for Life Inc., Boy Scouts of America Corporation, William Ruscoe, Thomas Kiely, Timothy Fendor, pending in, No. FBT CV 19 5039311 S:** Chapman Brown Cicero & Cole, LLP

20. **Liberty Mutual Insurance Company:** Seitz, Van Ogtrop & Green, P.A.; Choate, Hall & Stewart, LLP; Mintz, Levin, Cohn, Ferris, Globsky and Popeo PC

21. **Linder Sattler Rogowsky LLP Claimants:** Klein LLC; Linder, Sattler, Rogwosky, LLP

22. **Lujan & Wolff LLP Claimants:** Loizides, P.A.; Lujan & Wolff, LLP

23. **Markel Service, Incorporated, Claim Service Manager for Evanston Insurance Company ("Evanston") and Alterra Excess & Surplus Insurance Company ("Alterr"), collectively referred to as "Markel Insurers":** Greenberg Traurig, LLP; Brownstein Hyatt Farber Schreck, LLP

24. **Munich Reinsurance America, Inc. formerly known as American Re-Insurance Company:** Dilworth Paxson, LLP

25. **National Surety Corporation and Interstate Fire & Casualty Company:** Troutman Pepper Hamilton Sanders LLP; Parker, Hudson, Rainer & Dobbs; Bradley Riley Jacobs PC

26. **The Norwich Roman Catholic Diocesan Corporation, a chapter 11 debtor and debtor-in-possession in the United States Bankruptcy Court for the District of Connecticut (Case NO. 21-20687 (JJT)):** Gellert Scali Busenkell & Brown, LLC; Ice Miller LLP

27. **Office of the United States Trustee for Region 3:** United States Department of Justice

28. **Official Committee of Unsecured Creditors appointed in *In re: Archbishop of Agaña* (Bankr. D. Guam 19-00010):** Hiller Law, LLC; Stinson LLP

29. **Old Republic Insurance Company:** Morris James LLP; Fox Swibel Levin & Carroll LLP

30. **Pfau Cochran Vertetis Amala PLLC and The Zalkin Law Firm, P.C.**: Beilli & Klauder, LLC; KTBS Law LLP[5]

31. **Rejecting Parker Waichman Abuse Survivor Clients:** Burr & Forman, LLP; Parker Waichman, LLP

32. **Roman Catholic Ad Hoc Committee ("RCAHC"):** Potter Anderson & Corroon LLP; ArentFox Schiff LLP

33. **Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company (the "Sompo Insurers"):** Cozen O'Connor

34. **Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company:** Reger Rizzo & Darnall LLP

35. **Zuckerman Spaeder LLP Claimants:** Zuckerman Spaeder, LLP; Landis Rath & Cobb, LLP

**C.    Supporters of the Plan (and/or of Settlements Incorporated Therein) and Their Respective Counsel:**

1. **Ad Hoc Committee of Local Councils of the Boy Scouts of America ("AHCLC"):** DLA Piper, LLP (US); Wachtell, Lipton, Rosen & Katz

2. **American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"):** Tybout, Redfearn & Pell; Crowell & Moring LLP.

3. **Century Insurance, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America (the "Century Insurers"):** Stamoulis & Weinblatt LLC; O'Melveny & Myers LLP

4. **Chubb Holdings, Inc.**: Stamoulis & Weinblatt LLC

5. **Clarendon National Insurance Company (as successor in interest by merger to Clarendon America Insurance Company), River Thames Insurance**

---

[5]    Pfau Cochran Vertetis Amala PLLC and The Zalkin Law Firm, P.C. object only to certain provisions of the TCJC Settlement and are otherwise supporters of the Plan.

**Company Limited (as successor in interest to UnionAmerica Insurance Company Limited), and Zurich American Insurance Company (as successor in interest to Maryland Casualty Company, Zurich Insurance Company and American General Fire & Casualty Company):** Steptoe & Johnson LLP; Ballard Spahr LLP

6. **The Coalition of Abused Scouts for Justice ("The Coalition"):** Monzack Mersky and Browder, P.A.; Brown Rudnick, LLP

7. **The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole ("TCJC"):** Richards, Layton & Finger, P.A.; Latham & Watkins, LLP

8. **The Diocese of Patterson, New Jersey:** Warren Martin, Porzio Bromberg & Newman, 100 Southgate Parkway P.O. Box 1997, Morristown, NJ 07962-1997.

9. **The Unsecured Creditors' Committee:** Kramer, Levin, Naftalis & Frankel, LLP

10. **Eisenberg, Rothweiler, Winnkler, Eisenberg & Jeck, P.C. ("Eisenberg Firm"):** Hogan McDaniel

11. **First State Insurance Company, Hartford Accident and Indemnity Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, the "Hartford Insurers"):** Bayard, P.A.; Ruggeri Parks Weinberg LLP; Wilmer Cutler Pickering Hale and Dorr, LLP

12. **Future Claimants' Representative ("FCR"):** Young, Conaway, Stargatt & Taylor, LLP; Gilbert, LLP

13. **JPMorgan Chase Bank National Association:** Norton Rose Fulbright US LLP

14. **Pfau Cochran Vertetis Amala PLLC:** Bielli & Klauder, LLC; KTBS Law LLP

15. **The Tort Claimants' Committee ("TCC"):** Pachulski, Stang, Ziehl, & Jones, LLP

16. **United Methodist Ad Hoc Committee,** Macauly LLP; Bradley Arant Boult Cummings LLP

17. **Westchester Fire Insurance Company and Federal Insurance Company,** Stamoulis & Weinblatt LLC; Simpson Thacher & Bartlett LLP

18. **The Zalkin Law Firm, P.C.:** Bielli & Klauder, LLC; KTBS Law LLP

## III.   RULES AND PROTOCOLS FOR TRIAL WITNESSES

A.   As previously ordered by this Court, all witnesses testifying live will testify live over Zoom.  No witnesses will take the stand live in the courtroom in Delaware.

**B.**     Witnesses testifying live may (but shall not be required to) have their counsel in the same room with them while they are testifying over Zoom, as long as the identities of everyone in the room are noted on the record contemporaneously. The Court may give proper admonishments to the witnesses not to speak to their counsel during any breaks in the testimony. The Court may require the testifying witness's counsel to appear on camera.

**C.**     Any witness proffered by any party via written declaration must be available to be cross-examined live over Zoom. Any witnesses declarations shall be offered at least 72 hours before the party offering such declaration may introduce the declaration and/or call such witness for testimony; provided however, that the 72-hour clock begins to run at 9:00 a.m. (ET) following service of any such declarations.. Objections to such declarations shall be due at 9:00 a.m. (ET) 48 hours after the clock starts for such declaration; the filing of objections shall not preclude the objecting party from cross-examining the witness live.

**D.**     Any witness proffered by a party must be available to be deposed reasonably in advance of when the proffering party expects to introduce the witness's testimony upon request if not previously offered for deposition. Any party seeking to depose another party's trial witness must notice the deposition reasonably promptly after the witness is disclosed as a trial witness and the notice of deposition must allow a reasonable time to comply.

**E.**     Any retained expert witness proffered by a party to give expert testimony must have been timely identified in accordance with the Scheduling Order and must have been disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2). For the avoidance of doubt, this means that any expert witness retained or specially employed to provide expert testimony in this case must disclose his or her opinions in some form in writing in accordance with Federal Rule 26(a)(2)(B) reasonably in advance of the Confirmation Hearing or his or her testimony will be precluded.

**F.**     Except as explicitly provided herein, for efficiency and witness convenience, each witness will only take the stand once absent permission from the Court or consent of all parties; provided, however, this rule will not prejudice parties from seeking relief to call a witness for a second time for rebuttal. A party seeking to call a witness that another party is calling must inform the party calling that witness at least 24 hours in advance of when that witness is scheduled to be called or at the same time as objections to that witness's declarations are served, whichever comes earlier. The party calling the witness reserves all objections as to any questions that may be asked or the properness of another party calling that witness. Any party seeking to examine that witness, whether in its case-in-chief or solely on cross-examination, should examine the witness while he or she is the stand. Once one party has called a witness to the stand in its case-in-chief, that witness may not be called back to the stand later by a different party unless ordered by the Court, which request to call a witness a second time may be made orally at trial.

G.   In accordance with the Court's stated preferences, all persons present at the hearing who are not presenting shall have their Zoom video and audio muted when not presenting to the Court.

## IV.   OPENINGS AND CLOSINGS

The parties shall proceed straight to the presentation of evidence without opening arguments.  There will be closing arguments at the end of the Confirmation Hearing in accordance with the terms herein and directions to be provided by the Court.

## V.   WITNESSES AND SEQUENCING[6]

### A.   Debtors' Case-In-Chief Witnesses

The Debtors' witness list, and the order and manner in which the Debtors intend to offer their witnesses, is set forth below.  The Debtors reserve the right to amend this list at any time and for any reason, including, without limitation, the availability of the witnesses:

1.  Devang Desai – Declaration / Limited Live

2.  Brian Whittman (all subjects other than feasibility) – Declaration

3.  Bruce Griggs – Declaration

4.  Michael Burnett – Declaration

5.  Adrian Azer – Declaration / Limited Live

6.  Doug Kennedy – Live

7.  John Humphrey – Live

8.  Brian Whittman (feasibility) – Live

9.  Bishop John Schol – Live

10. William Sugden – Declaration

---

[6]   The parties agree that their witnesses will be presented substantially in the disclosed order, but reserve the right to make changes to the order of presentation of witnesses, and agree to provide at least 24 hours' notice prior to any changes in witness sequencing.

11. James Patton – Declaration

12. Makeda Murray – Declaration

13. Charles Bates – Live

14. Nancy Gutzler – Live

15. Paul Rytting – Declaration / Limited Live

16. Jessica Horewitz – Declaration / Limited Live

17. Katie Nownes – Declaration

18. Aaron Lundberg - Declaration[7]

**B.      Plan Supporters' Witnesses and Sequencing:**

The other Plan Supporters' and/or supporters of settlements incorporated therein's witness

lists, and the order and manner in which they intend to offer those witnesses, are as follows:

TCC

      1.      Kenneth Rothweiler, Esq. – Live

      2.      Chris Hurley, Esq. – Live

FCR

      1.      Jim Patton – Declaration / Live

**C.      Objecting Parties' Witnesses:[8]**

The Objecting Parties' witness lists, and the order and manner in which they intend to offer

those witnesses, are as follows:

Pfau Cochran Vertitis Amala PLLC

      1.      Jason Amala – [declaration / live]

---

[7]     The Debtors also reserve the right to call members of the Survivors Working Group to testify regarding the Debtors' proposed youth protection policies.

[8]     Objectors not identified herein shall use their best efforts to disclose their witness order and coordinate their order in the objectors' presentations.

RCAHC:

1. Michael Averill – Live

2. Melissa Kibler – Live

The RCAHC reserves the right to also call BSA witnesses on direct.  Discovery is ongoing, and the RCAHC reserves the right to supplement or amend this list based on ongoing discovery.

Objecting Insurers:

2.    Scott Harrington - Live

3.    Jack Williams – Live

4.    Ken Rothweiler,

5.    Stewart Eisenberg

6.    Eileen Tracey, Ph.D. – Live

7.    Michael Dubin – Live

8.    Marc Scarcella – Live

9.    Karen Bitar – Live

The objecting insurers have not yet determined if they will call Dr. Charles Bates in their case-in-chief.  In the event that the insurers intend to affirmatively call Dr. Bates, the objecting insurers will provide disclosure of that in accordance with footnote 3 above.

The objecting insurers have previously filed and intend to introduce deposition designations of the following witnesses, subject to the Court's ruling on objections to deposition designations:

1.    Todd Allen

2.    Anne Andrews

3.    Adrian Azer

4.    Steve Babin

5.      Charles Bates

6.      Joseph Cappelli

7.      Jon Conte

8.      Devang Desai

9.      Stewart Eisenberg

10.     Bruce Griggs

11.     Sean T. Higgins

12.     Adam Krause

13.     Doug Kennedy

14.     Makeda Murray

15.     Paul J. Napoli

16.     James Patton, Jr.

17.     Alison Schuler

18.     Jonathan Schulman

19.     Adam Slater

20.     David Stern

21.     William Sugden

In the event that the witnesses in this section intend to make themselves available for testimony during the Hearing, the Insurers reserve the right to also examine such witnesses live.

<u>Munich Reinsurance America, Inc/, f/k/a American Re-Insurance Company ("Munich Re"):</u>[9]

---

[9]     Munich Re is an objecting insurer participating in the objecting insurers' case in chief, and identifies this witness in addition to the objecting insurers' witnesses.

1.    Thomas O'Kane

**D.    Additional Witnesses Not on a Party's List**

The parties may call (i) any witness on any other party's witness list in this pretrial order or disclosed on any final witness list, regardless of whether the party removes that witness from its list, (ii) any witness necessary to authenticate documents (to the extent necessary), and (iii) any witness to provide rebuttal or impeachment testimony, as appropriate.

**E.    Deposition Designations**

The parties submitted a number of deposition designations, counter-designations and objections.

Deposition testimony may also be used at the Confirmation Hearing in accordance with Federal Rule of Civil Procedure 32.

**F.    Witness Availability**

In the context of the Zoom hearing, witnesses will be treated as unavailable if outside of this Court's subpoena power, unless notice is provided in advance that such witness is available to appear at Confirmation Hearing for examination.

**VI.    Exhibits and Introduction of Documentary Evidence**

Pursuant to the Scheduling Order, the parties submitted proposed exhibit lists on March 7, 2022 and March 8, 2022.  The parties will continue to work in good faith to determine what exhibits will be admitted by consent.

The Debtors will prepare physical joint exhibits binders for the Court, consisting of all the proposed timely identified exhibits of each participating party, which shall be made available electronically for all participating parties to access throughout the Confirmation Hearing.  Any

party who failed to timely identify exhibits on or before March 8, 2022 is responsible for providing those exhibits to the Court.[10]

The parties agree that any demonstratives or charts, graphs or other exhibits reflecting analytical work product of experts intended to be used or introduced into evidence during witness examination during confirmation will be provided to other participating parties no later than 5 p.m. eastern time one day before such demonstrative is intended to be introduced, unless such deadline is waived by the consent of the participating parties for such exhibit.

Exhibits that any party seeks to admit into evidence that are not among the pre-admitted exhibits may be offered through live witness testimony or though declaration sponsoring such exhibits.  Exhibits offered through sponsoring declaration and objections thereto shall be subject to the same rules governing declarations contained in this Order.

A party that seeks to offer any exhibit into evidence without a sponsor in their case-in-chief shall do so before the conclusion of their case-in-chief.  Such party shall work in good faith to provide notice of such exhibits to the other parties and provide them with a reasonable opportunity to raise objections.  Any party raising objecting to exhibits will work in good faith to timely identify the objection.

Use of exhibits included in any party's exhibit list that such party seeks to introduce into evidence for purposes of cross-examination or rebuttal do not need to be included on a party's exhibit list.  Objections to exhibits offered during cross-examination or rebuttal shall be made at the time the exhibit is offered.

---

[10]    Discovery remains ongoing.  Notwithstanding the provisions of this order, no party shall be prejudiced through the addition of recently produced exhibits or supplying those recently produced exhibits in a supplemental binder to the Court.

## VII.    Stipulations

In the interest of promoting judicial economy, minimizing disputes and preserving the Debtors' estates, the parties will continue to work collaboratively on achieving stipulations that will be submitted by Friday, March 11, 2022.

IT IS ORDERED that this Final Pretrial Order shall control the subsequent course of the action unless modified at the Confirmation Hearing of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or by the Court.