<u>Exhibit B</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-10343 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) ~~Ref. Docket No.~~<br>) |

### ~~[CERTAIN INSURERS'[2]~~ PROPOSED~~]~~ FINAL PRETRIAL ORDER FOR THE PLAN CONFIRMATION HEARING[2]

This Pre-Trial Order addresses the issues to be presented and the witnesses to be called by the Boy Scouts of America and Delaware BSA, LLC ("Debtors") and other parties during the Confirmation Hearing ~~which is expected to begin or~~ starting on ~~around~~ March 14, 2022.[3] This

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] ~~The Certain Insurers are Allianz Global Risks US Insurance Company, National Surety Corporation, Interstate Fire & Casualty Company, Argonaut Insurance Company, Colony Insurance Company, Liberty Mutual Insurance Company, General Star Insurance Company, Great American Assurance Company f/k/a Agricultural Insurance Company, Great American E&S Insurance Company f/k/a Agricultural Excess and Surplus Insurance Company, Great American E&S Insurance Company, Arch Insurance Company, Continental Insurance Company, Columbia Casualty Company, Indian Harbor Insurance Company on behalf of itself and as successor in interest to Catlin Specialty Insurance Company, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company, Gulf Insurance Company, Arrowood Indemnity Company, Gemini Insurance Company, Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, Endurance American Insurance Company, Markel Service, Incorporated, Claim Service Manager for Alterra Excess & Surplus and Evanston Insurance Company, Old Republic Insurance Company, the AIG Insurance Companies, and Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company~~

[2] This proposed Final Pretrial Order is supported by the Debtors, JPMorgan Chase Bank, N.A., the Certain Insurers (as identified in the Certain Insurers' Supplemental Objection to Confirmation of Plan [Dkt. 9033]), by the RCAHC, and by Jane Doe (Claimant).

[3] The parties reserve all rights regarding any topics not specifically addressed by this order.

information has been compiled to the best of the parties' ability, based on the information provided to date by the parties supporting the Plan and the parties objecting to the Plan, who are listed below.

The Debtors filed their *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA* on February 15, 2022 [Docket No. 8813] (the "Plan"), which ~~contains a summary of~~ sets forth the legal and factual issues to be heard at the Plan confirmation hearing. Objections and Supplemental Objections have been filed by the Objecting Parties identified below, and Replies have been filed by the Debtors and other parties supporting the Plan. Arguments and issues covered in the Plan ~~and~~, Objections to the Plan, and Replies in support of the Plan will not be repeated in this proposed order.

I.    **INTRODUCTION**

The Debtors are seeking confirmation of ~~their Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA~~ 2021 [Docket No. 8813] (the "Plan") and will put on evidence in support of confirmation pursuant to section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").[3̶4̲]  The Plan is supported by the following groups, who have filed briefs in support of the Plan and may also present evidence at the Confirmation Hearing in support thereof: ~~Ad Hoc Committee of Local Councils of the Boy Scouts of America ("~~the AHCLC"); ~~The~~the Coalition ~~of Abused Scouts for Justice; The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole ("~~; TCJC"); ~~JP Morgan~~JPMorgan Chase Bank, N.A.; ~~The Unsecured Creditors' Committee; Future Claimants' Representative ("~~the UCC; the FCR"); ~~The Tort Claimants' Committee ("~~the TCC"); ~~two settling insurers~~the UMAHC; the Century Insurers; The Zalkin Law Firm, P.C.; Pfau Cochran Vertetis

---

[3̶4̲]    Capitalized terms used but not otherwise defined in this Proposed Pretrial Order have the meanings ascribed to them in the Plan or as set forth herein.

Amala PLLC; and certain law firms representing Abuse Claimants. In addition, four different groups of Settling Insurance Companies support approval of their settlements which are incorporated in the Plan, two of which have filed briefs in support thereof.

As outlined below, approximately 34 parties have filed objections to the Plan, some of whom will present evidence at the Confirmation Hearing. The parties that intend to present evidence in opposition to the Plan at the Confirmation Hearing include, but are not limited to, certain law firms representing Abuse Claimants, Abuse Claimants appearing pro se, the Roman Catholic Ad Hoc Committee ("RCAHC"), the Girl Scouts of America, seventeen insurers who issued policies to BSA and/or BSA Local Councils, and the U.S. Trustee.

~~In order to have an orderly and efficient presentation of the evidence at the Confirmation Hearing, the parties present this Pre-Trial Order to identify and describe the issues that will be presented at the Confirmation Hearing, including witnesses who will testify in support of each parties' arguments.~~

## II. THE PARTIES

### A. Debtors' Counsel:

1. Morris, Nichols, Arsht & Tunnell, LLP; Haynes & Boone, LLP; White & Case, LLP

### B. Objectors to the Plan and Their Respective Counsel:

1. **AIG Companies:** Fineman Krekstein & Harris, PC; Foran Glennon Palandech Ponzi & Rudloff, PC; Gibson, Dunn & Crutcher LLP

2. **Allianz Global Risks US Insurance Company, Interstate Fire & Casualty Company, National Surety Corporation, collectively referred to as "Allianz Insurers":** Troutman Pepper Hamilton Sanders, LLP; Parker, Hudson, Rainer & Dobbs; McDermott Will & Emery LLP; Bradley & Riley PC

3. **Arch Insurance Company:** Smith, Katzenstein & Jenkins LLP; Hangley Aronchick Segal Pudlin & Schiller

4. **The Archbishop of Agaña, a Corporation Sole, Chapter 11 Debtor-in-Possession, District of Guam, Territory of Guam, Bankruptcy Division, Case 19-00010:** Gilbert Scali Busenkell & Brown, LLC

5. **The Archdiocese of New York Parishes and Related Entities:** Archer & Greiner, P.C.

6. **Argonaut Insurance Company and Colony Insurance Company:** Post & Schell, P.C.; Ifrah PLLC

7. **Arrowood Indemnity Company:** Joyce, LLC; Coughlin Midlige & Garland, LLP; Carruthers & Roth, P.A.

8. **AT&T Corp.:** McElroy, Deutsch, Mulvaney & Carpenter, LLP; Arnold & Porter Kaye Scholer, LLP

9. **The Continental Insurance Company and Colombia Casualty Company:** Goldstein & McClintock LLLP; Loeb & Loeb LLP

10. **Dumas & Vaughn, LLC Claimants:** Bielli & Klauder, LLC; Dumas & Vaughn, LLC

11. **Eric Pai, as Administrator of the Estate of Jarred Pai:** Sullivan, Hazeltine, Allison, LLC

12. **Everest National Insurance Company:** Carlton Fields, P.A.

13. **Gemini Insurance Company:** Werb & Sullivan; Gieger Laborde & Laperouse LLC; Kiernan Trebach LLP

14. **General Star Indemnity Company:** Smith, Katzenstein & Jenkins LLP; Wiley Rein LLP

15. **Girl Scouts of America**: Dorsey & Whitney (Delaware) LLP; Dorsey & Whitney, LLP

16. **Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E & S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E & S Insurance Company:** Bodell Bové, LLC; Clyde & Co US LLP; David Christian Attorneys, LLC

17. **I.G. (Claimant), plaintiff in a matter pending before the United States District Court for the Western District of Missouri, Southern Division styled *I.G. v. Ozark Trails Counsel, Inc. and Scott Wortman*, Case NO. 6:20-cv-03059-SRB:** Gellert Scali Busenkell & Brown, LLC

18. •Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company: Smith, Katzenstein & Jenkins LLP; Mound Cotton Wollan & Greengrass LLP

19. •Jane Doe (Claimant), plaintiff in a matter pending before the Fairfield Judicial Superior Court ofr the State of Connecticut styled Jane Doe v. Town of Trumbull, Learning for Life Inc., Boy Scouts of America Corporation, William Ruscoe, Thomas Kiely, Timothy Fendor, pending in, No. FBT CV 19 5039311 S: Chapman Brown Cicero & Cole, LLP

20. •Liberty Mutual Insurance Company: Seitz, Van Ogtrop & Green, P.A.; Choate, Hall & Stewart, LLP; Mintz, Levin, Cohn, Ferris, Globsky and Popeo PC

21. •Linder Sattler Rogowsky LLP Claimants: Klein LLC; Linder, Sattler, Rogwosky, LLP

22. •Lujan & Wolff LLP Claimants: Loizides, P.A.; Lujan & Wolff, LLP

23. •Markel Service, Incorporated, Claim Service Manager for Evanston Insurance Company ("Evanston") and Alterra Excess & Surplus Insurance Company ("Alterr"), collectively referred to as "Markel Insurers": Greenberg Traurig, LLP; Brownstein Hyatt Farber Schreck, LLP

24. •Munich Reinsurance America, Inc. formerly known as American Re-Insurance Company: Dilworth Paxson, LLP

25. •National Surety Corporation and Interstate Fire & Casualty Company: Troutman Pepper Hamilton Sanders LLP; Parker, Hudson, Rainer & Dobbs; Bradley Riley Jacobs PC

26. •The Norwich Roman Catholic Diocesan Corporation, a chapter 11 debtor and debtor-in-possession in the United States Bankruptcy Court for the District of Connecticut (Case NO. 21-20687 (JJT)): Gellert Scali Busenkell & Brown, LLC; Ice Miller LLP

27. •Office of the United States Trustee for Region 3: United States Department of Justice

28. •Official Committee of Unsecured Creditors appointed in *In re: Archbishop of Agaña* (Bankr. D. Guam 19-00010): Hiller Law, LLC; Stinson LLP

29. •Old Republic Insurance Company: Morris James LLP; Fox Swibel Levin & Carroll LLP

30. **Pfau Cochran Vertetis Amala PLLC and The Zalkin Law Firm, P.C.:** Beilli & Klauder, LLC; KTBS Law LLP[5]

31. **Rejecting Parker Waichman Abuse Survivor Clients:** Burr & Forman, LLP; Parker Waichman, LLP

32. **Roman Catholic Ad Hoc Committee ("RCAHC"):** Potter Anderson & Corroon LLP; ArentFox Schiff LLP

33. **Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company (the "Sompo Insurers"):** Cozen O'Connor

34. **Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company:** Reger Rizzo & Darnall LLP

35. **Zuckerman Spaeder LLP Claimants:** Zuckerman Spaeder, LLP; Landis Rath & Cobb, LLP

C. **Supporters of the Plan (and/or of Settlements Incorporated Therein) and Their Respective Counsel:**

1. **Ad Hoc Committee of Local Councils of the Boy Scouts of America ("AHCLC"):** DLA Piper, LLP (US); Wachtell, Lipton, Rosen & Katz

2. **American Zurich Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company (collectively, the "Zurich Insurers"):** Tybout, Redfearn & Pell; Crowell & Moring LLP.

3. **Century Insurance, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America (the "Century Insurers"):** Stamoulis & Weinblatt LLC; O'Melveny & Myers LLP

4. **Chubb Holdings, Inc.:** Stamoulis & Weinblatt LLC

5. **Clarendon National Insurance Company (as successor in interest by merger to Clarendon America Insurance Company), River Thames Insurance Company Limited (as successor in interest to UnionAmerica Insurance Company Limited), and Zurich American Insurance Company (as successor in interest to Maryland Casualty Company, Zurich Insurance Company and American General Fire & Casualty Company):** Steptoe & Johnson LLP; Ballard Spahr LLP

---

[5] Pfau Cochran Vertetis Amala PLLC and The Zalkin Law Firm, P.C. object only to certain provisions of the TCJC Settlement and are otherwise supporters of the Plan.

6

US-DOCS\127796530.4

6. **The Coalition of Abused Scouts for Justice ("The Coalition"):** Monzack Mersky and Browder, P.A.; Brown Rudnick, LLP

7. **The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole ("TCJC"):** Richards, Layton & Finger, P.A.; Latham & Watkins, LLP

8. **The Diocese of Patterson, New Jersey:** Warren Martin, Porzio Bromberg & Newman, 100 Southgate Parkway P.O. Box 1997, Morristown, NJ 07962-1997.

9. **The Unsecured Creditors' Committee:** Kramer, Levin, Naftalis & Frankel, LLP

10. **Eisenberg, Rothweiler, Winnkler, Eisenberg & Jeck, P.C. ("Eisenberg Firm"):** Hogan McDaniel

11. **First State Insurance Company, Hartford Accident and Indemnity Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, the "Hartford Insurers"):** Bayard, P.A.; Ruggeri Parks Weinberg LLP; Wilmer Cutler Pickering Hale and Dorr, LLP

12. **Future Claimants' Representative ("FCR"):** Young, Conaway, Stargatt & Taylor, LLP; Gilbert, LLP

13. **JPMorgan Chase Bank National Association:** Norton Rose Fulbright US LLP

14. **Pfau Cochran Vertetis Amala PLLC:** Bielli & Klauder, LLC; KTBS Law LLP

15. **The Tort Claimants' Committee ("TCC"):** Pachulski, Stang, Ziehl, & Jones, LLP

16. **United Methodist Ad Hoc Committee,** Macauly LLP; Bradley Arant Boult Cummings LLP

17. **Westchester Fire Insurance Company and Federal Insurance Company,** Stamoulis & Weinblatt LLC; Simpson Thacher & Bartlett LLP

18. **The Zalkin Law Firm, P.C.:** Bielli & Klauder, LLC; KTBS Law LLP

I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. §

7

US-DOCS\127796530.4

~~157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.~~

~~**II.    ISSUES TO BE PRESENTED DURING THE DEBTORS' CASE-IN-CHIEF**~~

~~**A.    Development and Negotiation of the Plan of Reorganization:**~~

~~**B.    Overview of the Plan of Reorganization:**~~

~~**C.    Why the Plan Satisfies the Requirements for Confirmation:**~~

~~*D.    The Debtors and the supporting parties reserve the right to expand the scope of the issues (and the witnesses' testimony on the issues) as the hearing proceeds.*~~

**III.   RULES AND PROTOCOLS FOR TRIAL WITNESSES**

    **A.**    As previously ordered by this Court, all witnesses testifying live will testify live over Zoom. No witnesses will take the stand live in the courtroom in Delaware.

    **B.**    Witnesses testifying live may (but shall not be required to) have their counsel in the same room with them while they are testifying over Zoom, as long as the identities of everyone in the room are noted on the record contemporaneously. The Court may give proper admonishments to the witnesses not to speak to their counsel during any breaks in the testimony. The Court may require the testifying witness's counsel to appear on camera.

    **C.**    Any witness proffered by any party via written declaration must be available to be cross-examined live over Zoom. Any witnesses declarations shall be offered <ins>at least</ins> 72 hours before the party offering such declaration ~~is prepared to~~<ins>may</ins> introduce the declaration and/or call such witness for testimony<ins>; provided however, that the 72-hour clock begins to run at 9:00 a.m. (ET) following service of any such declarations.</ins>. Objections to such declarations shall be due <ins>at 9:00 a.m. (ET)</ins> 48 hours after the <ins>clock starts for such</ins> declaration ~~is provided~~; the filing of objections shall not preclude the objecting party ~~to~~<ins>from</ins> cross-~~examine~~<ins>examining</ins> the witness live.

    **D.**    Any witness proffered by a party must be available to be deposed reasonably in advance of when the proffering party expects to introduce the witness<ins>'s</ins> testimony upon request if not previously ~~deposed~~<ins>offered for deposition</ins>. Any party seeking to depose another party's trial witness must notice the deposition reasonably promptly after the witness is disclosed as a trial witness and the notice of deposition must ~~a~~ allow a reasonable time to comply.

    **E.**    Any retained expert witness proffered by a party to give expert testimony must have been timely identified in accordance with the ~~Initial Scheduling Order and~~

~~Amended~~ Scheduling Order and must have been disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2). For the avoidance of doubt, this means that any expert witness retained or specially employed to provide expert testimony in this case must disclose his or her opinions in some form in writing in accordance with <u>Federal</u> Rule 26(a)(2)(B) reasonably in advance of the Confirmation Hearing or his or her testimony will be precluded.

F.  ~~In accordance with the Court's stated preferences for other hearings~~<u>Except as explicitly provided herein</u>, ~~and~~ for efficiency and witness convenience, each witness will only take the stand once absent permission from the Court <u>or consent of all parties; provided, however, this rule will not prejudice parties from seeking relief to call a witness for a second time for rebuttal. A party seeking to call a witness that another party is calling must inform the party calling that witness at least 24 hours in advance of when that witness is scheduled to be called or at the same time as objections to that witness's declarations are served, whichever comes earlier. The party calling the witness reserves all objections as to any questions that may be asked or the properness of another party calling that witness</u>. Any party seeking to examine that witness, whether in its case-in-chief or solely on cross-examination, should examine the witness while he or she is the stand. Once one party has called a witness to the stand in its case-in-chief, that witness may not be called back to the stand later by a different party unless ordered by the Court<u>, which request to call a witness a second time may be made orally at trial</u>.

G.  In accordance with the Court's stated preferences, all persons present at the hearing who are not presenting shall have their Zoom video and audio muted when not presenting to the Court.

**IV.    OPENINGS AND CLOSINGS**

The parties shall proceed straight to the presentation of evidence without opening arguments. There will be closing arguments~~/briefs~~ at the end of the Confirmation Hearing in accordance with <u>the terms herein and</u> directions to be provided by the Court.

~~Recognizing that the Debtors bear the burden of proving that the Plan satisfies the Bankruptcy Code, whereas each objecting party only has to prove its own objections, the parties propose that the Court allocate the time for closing as follows: (1) the Debtors shall have four hours for closing plus an additional one hour for an omnibus rebuttal; (3) the TCC shall have one hour for closing; (4) each other supporting party or group shall have 30 minutes for closing; (5) the attorneys for objecting claimants shall have one hour for closing; (6) the RCAHC shall have~~

9

~~US-DOCS\127796530.4~~

~~two hours for closing; (7) objecting insurers shall have three hours for closing; (8) the U.S. Trustee shall have one hour for closing; and, (9) each other objecting party or group shall have 30 minutes for closing.~~

### V. WITNESSES AND SEQUENCING[46]

#### A. Debtors' Case-In-Chief Witnesses

The Debtors ~~will disclose their~~' witness list ~~in substantially~~, and the order and manner in which ~~such~~the Debtors intend to offer their witnesses ~~will be called at the Confirmation Hearing by March 7, 2022.~~, is set forth below. The Debtors reserve the right to amend this list at any time and for any reason, including, without limitation, the availability of the witnesses:

1. Devang Desai – Declaration / Limited Live
2. Brian Whittman (all subjects other than feasibility) – Declaration
3. Bruce Griggs – Declaration
4. Michael Burnett – Declaration
5. Adrian Azer – Declaration / Limited Live
6. Doug Kennedy – Live
7. John Humphrey – Live
8. Brian Whittman (feasibility) – Live
9. Bishop John Schol – Live
10. William Sugden – Declaration
11. James Patton – Declaration
12. Makeda Murray – Declaration
13. Charles Bates – Live

---

[46] The parties agree that their witnesses will be presented substantially in the disclosed order, but reserve the right to make changes to the order of presentation of witnesses, and agree to provide at least 24 hours' notice prior to any changes in witness sequencing.

~~US-DOCS\127796530.4~~

14. Nancy Gutzler – Live

15. Paul Rytting – Declaration / Limited Live

16. Jessica Horewitz – Declaration / Limited Live

17. Katie Nownes – Declaration

18. Aaron Lundberg - Declaration[7]

**B.    Plan Supporters' Witnesses and Sequencing:**

~~Any additional parties supporting the Plan who intend to call witnesses during the Confirmation hearing shall disclose the order in which such witnesses will be called, and the order that the plan supporters will present their case, no later than March 8, 2022.~~

The other Plan Supporters' and/or supporters of settlements incorporated therein's witness lists, and the order and manner in which they intend to offer those witnesses, are as follows:

TCC

1.    Kenneth Rothweiler, Esq. – Live

2.    Chris Hurley, Esq. – Live

FCR

1.    Jim Patton – Declaration / Live

**C.    Objecting Parties' Witnesses:[8]**

The Objecting Parties' witness lists, and the order and manner in which they intend to offer those witnesses, are as follows:

Pfau Cochran Vertitis Amala PLLC

1.    Jason Amala – [declaration / live]

---

[7]    The Debtors also reserve the right to call members of the Survivors Working Group to testify regarding the Debtors' proposed youth protection policies.

[8]    Objectors not identified herein shall use their best efforts to disclose their witness order and coordinate their order in the objectors' presentations.

11

~~US-DOCS\127796530.4~~

RCAHC:

1. Michael Averill – Live

2. Melissa Kibler – Live

The RCAHC reserves the right to also call BSA witnesses on direct.  Discovery is ongoing, and the RCAHC reserves the right to supplement or amend this list based on ongoing discovery.

Objecting ~~parties who intend to call witnesses during the Confirmation shall disclose the order in which such witnesses will be called, and the order that objecting parties will present their witnesses, no later than March 9, 2022.~~ Insurers:

2. Scott Harrington - Live

3. Jack Williams – Live

4. Ken Rothweiler,

5. Stewart Eisenberg

6. Eileen Tracey, Ph.D. – Live

7. Michael Dubin – Live

8. Marc Scarcella – Live

9. Karen Bitar – Live

The objecting insurers have not yet determined if they will call Dr. Charles Bates in their case-in-chief.  In the event that the insurers intend to affirmatively call Dr. Bates, the objecting insurers will provide disclosure of that in accordance with footnote 3 above.

The objecting insurers have previously filed and intend to introduce deposition designations of the following witnesses, subject to the Court's ruling on objections to deposition designations:

1. Todd Allen

2. Anne Andrews

3. Adrian Azer

4. Steve Babin

5. Charles Bates

6. Joseph Cappelli

7. Jon Conte

8. Devang Desai

9. Stewart Eisenberg

10. Bruce Griggs

11. Sean T. Higgins

12. Adam Krause

13. Doug Kennedy

14. Makeda Murray

15. Paul J. Napoli

16. James Patton, Jr.

17. Alison Schuler

18. Jonathan Schulman

19. Adam Slater

20. David Stern

21. William Sugden

In the event that the witnesses in this section intend to make themselves available for testimony during the Hearing, the Insurers reserve the right to also examine such witnesses live.

Munich Reinsurance America, Inc/, f/k/a American Re-Insurance Company ("Munich Re"):[9]

1. Thomas O'Kane

D. ~~Rebuttal~~**Additional** Witnesses **Not on a Party's List**

~~Each of the parties may call such rebuttal witnesses as may be necessary.~~

The parties may call (i) any witness on any other party's witness list in this pretrial order or disclosed on any final witness list, regardless of whether the party removes that witness from its list, (ii) any witness necessary to authenticate documents (to the extent necessary), and (iii) any witness to provide rebuttal or impeachment testimony, as appropriate.

E. **Deposition Designations**

The parties submitted a number of deposition designations ~~for witnesses. Objections and~~, counter-designations~~,~~ and objections ~~to the counter-designations, were served by March 4, 2022~~.

---

[9] Munich Re is an objecting insurer participating in the objecting insurers' case in chief, and identifies this witness in addition to the objecting insurers' witnesses.

14

~~US-DOCS\127796530.4~~

Deposition testimony may also be used at the Confirmation Hearing in accordance with Federal Rule of Civil Procedure 32.

**F.     Witness Availability**

In the context of the Zoom hearing, witnesses will be treated as unavailable if outside of this Court's subpoena power, unless notice is provided in advance that such witness is available to appear at Confirmation Hearing for examination.

**VI.    Exhibits and Introduction of Documentary Evidence**

~~By agreement~~Pursuant to the Scheduling Order, the parties ~~will submit their~~submitted proposed exhibit lists on March 7, 2022 and March 8, 2022.  The parties ~~have agreed~~will continue to work in good faith to determine what exhibits will be admitted by consent ~~by that date~~.

The Debtors will prepare physical joint exhibits binders for the Court, consisting of all the proposed timely identified exhibits of each participating party, which shall be made available electronically for all participating parties to access throughout the Confirmation Hearing.

~~The parties propose the following deadlines for preparation and submission of exhibit lists and binders: 1.~~  Any party ~~that did not serve its exhibit list plus the actual~~who failed to timely identify exhibits ~~on the Debtors~~ on or before ~~the close of business~~ March ~~9~~8, 2022 ~~must create its own exhibit binder to submit to the Court; these exhibits will not be included the Debtors' joint submissions~~is responsible for providing those exhibits to the Court.  [10]

> ~~2.     Supplemental exhibit lists addressing documents produced after March 1, 2022 must be supplied by March 10, 2022 to be included in the joint exhibit binders.  Otherwise, the proffering party shall be responsible for producing such supplemental exhibits to the Court, and the Debtors shall~~

---

[10]  Discovery remains ongoing.  Notwithstanding the provisions of this order, no party shall be prejudiced through the addition of recently produced exhibits or supplying those recently produced exhibits in a supplemental binder to the Court.

15

~~not be responsible for including these documents in the joint exhibit binder.~~

The parties agree that any demonstratives <u>or charts, graphs or other exhibits reflecting analytical work product of experts</u> intended to be used <u>or introduced into evidence during witness examination</u> during confirmation will be provided to other participating parties no later than ~~9 a~~<u>5 p</u>.m. eastern time one day before such demonstrative is intended to be introduced, unless such deadline is waived by the consent of the participating parties for ~~the subject~~<u>such</u> exhibit.

Exhibits that any party seeks to admit into evidence that are not among the pre-admitted exhibits ~~shall~~<u>may</u> be offered through live witness testimony or though declaration sponsoring such exhibits.  Exhibits offered through sponsoring declaration and objections thereto shall be subject to the same rules governing declarations contained in this Order.

A party that seeks to offer any exhibit into evidence without a sponsor in their case-in-chief shall do ~~at~~<u>so before</u> the conclusion of their case-in-chief.  Such party shall <u>work in good faith to</u> provide ~~at least 96 hours of~~ notice of ~~any~~<u>such</u> exhibits ~~that a party seeks to admit without a sponsor.  Objections to exhibits offered without a sponsor shall be due 72 hours after such notice is provided or 24 hours prior to the close of the proponent's case-in-chief, whichever is later.  A party that seeks to offer any exhibit into evidence on rebuttal without a sponsor shall provide at least 48 hours of notice that the~~<u>to the other parties and provide them with a reasonable opportunity to raise objections.  Any</u> party <u>raising objecting to exhibits</u> will ~~seek to admit such exhibit in rebuttal.  Objections to rebuttal exhibits offered into evidence without a sponsor shall be made 24 hours after such exhibit is offered~~<u>work in good faith to timely identify the objection</u>.

Use of exhibits included in any party's exhibit list that such party seeks to introduce into evidence for purposes of cross-examination<u> or rebuttal</u> do not need to be ~~disclosed in~~

16

advance included on a party's exhibit list. Objections to exhibits offered during cross-examination or rebuttal shall be made at the time the exhibit is offered.

### VII. Stipulations

In the interest of promoting judicial economy, minimizing disputes and preserving the Debtors' estates, the parties will continue to work collaboratively on achieving stipulations that will be submitted by Friday, March 11, 2022.

IT IS ORDERED that this Final Pretrial Order shall control the subsequent course of the action unless modified at the Confirmation Hearing of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or by the Court.

Document comparison by Workshare 10.0 on Wednesday, March 9, 2022 1:52:26 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://WIL-DMS/WILM/15631964/1 |
| Description | #15631964v1<WILM> - BSA - Proposed Confirmation Pretrial Order Certain Insurers Filed Version 3.7.22 |
| Document 2 ID | iManage://WIL-DMS/WILM/15631993/1 |
| Description | #15631993v1<WILM> - BSA - Proposed Confirmation Pretrial Order (as filed 3.9.22) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 269 |
| Deletions | 132 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 401 |