**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 8345** |

**SUPPLEMENTAL DECLARATION OF CATHERINE NOWNES-WHITAKER
OF OMNI AGENT SOLUTIONS REGARDING THE SUBMISSION OF VOTES AND
FINAL TABULATION OF BALLOTS CAST IN CONNECTION WITH THE LIMITED
EXTENDED VOTING DEADLINE FOR HOLDERS OF CLAIMS IN CLASS 8 AND
CLASS 9 ON THE THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF
REORGANIZATION FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

I, Catherine Nownes-Whitaker, being duly sworn, hereby declare as follows:

1.      I am the Chief Operating Officer of Omni Agent Solutions ("Omni"), located at 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2.      On April 8, 2020, Omni was retained as administrative agent to the Debtors, *nunc pro tunc* to February 18, 2020. *See* D.I. 372. As administrative agent, Omni's services include solicitation, balloting, and tabulation of votes on the Plan. Omni and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

3.      Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

relevant documents. I am authorized to submit this supplemental final voting report declaration (this "Supplemental Final Voting Report") on behalf of Omni. If I were called to testify, I could and would testify competently as to the facts set forth herein. On January 4, 2022, I submitted the *Declaration of Catherine Nownes-Whitaker of Omni Agent Solutions Regarding the Solicitation of Votes and Preliminary Tabulation of Ballots Cast on the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8141] (the "Preliminary Voting Report") with respect to the solicitation of votes and the preliminary tabulation of Ballots cast on the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (as subsequently amended on February 15, 2022 [D.I. 8813] and as may be amended, supplemented, or modified from time to time, the "Plan").[2]  On January 17, 2022, I submitted the *Declaration of Catherine Nownes-Whitaker of Omni Agent Solutions Regarding the Solicitation of Votes and Final Tabulation of Ballots Cast on the Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8345] (the "Original Final Voting Report").

4.    The Original Final Voting Report (i) summarized the final solicitation results, (ii) provided a summary of the Ballots that were excluded due to non-compliance with the Solicitation Procedures, (iii) identified certain defective or irregular votes for which the Debtors sought to waive such potential defects, and (iv) provided a report of undeliverable Solicitation Package mailings. After the filing of the Original Final Voting Report, on February 15, 2022, the Debtors file the modified Plan [D.I. 8813]. On the same day, the Court entered an order that,

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Solicitation Procedures Order (as defined herein) or the Solicitation Procedures (as defined herein), as applicable.

among other things, approved a limited supplemental voting deadline (as extended by the Court's further order [D.I. 9150], the "Limited Extended Voting Deadline") for holders of Claims in Class 8 and Class 9 to submit votes in connection with the Plan and the supplemental disclosures (the "Supplemental Disclosures") on the modifications to the Plan to these Classes that were approved by the Court and transmitted by Omni to such holders. The Court also approved a supplemental deadline for Chartered Organizations to opt out of participation in the Debtors' Plan (the "Supplemental Chartered Organization Opt Out Deadline"). The Supplemental Disclosures provided notice of the Limited Extended Voting Deadline and the Supplemental Chartered Organization Opt Out Deadline, and procedures with respect to submitting revised votes on the Plan.

5.    This Supplemental Final Voting Report replaces and supersedes the voting results, including Ballots that were previously excluded from the voting results, with respect to Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims.

**Service and Transmittal of Supplemental Disclosures and the Tabulation Process**

6.    On February 19, 2022, Omni commenced distribution of Supplemental Disclosures to (a) holders of Class 8 Direct Abuse Claims and Class 9 Indirect Abuse Claims entitled to vote on the Plan, and (b) all Chartered Organizations. I supervised the distribution of the Supplemental Disclosures and tabulation of Ballots performed by Omni's employees.

7.    In accordance with the Solicitation Procedures Order and the procedures set forth in the Supplemental Disclosures, Omni received, reviewed, determined the validity of (based on the criteria set forth below), and tabulated the Ballots submitted with respect to the Plan. Upon receipt by Omni, each Ballot was date-stamped, scanned (if received in physical form), entered into Omni's voting database, verified against the proof of claim database, and processed in accordance

with the Solicitation Procedures Order. To be included in the final tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant holder entitled to vote on the Plan (or such holder's authorized representative), (c) returned to Omni by an approved method of delivery specified in the Solicitation Procedures Order, and (d) received by Omni by the Limited Extended Voting Deadline of 4:00 p.m. (prevailing Eastern Time) on March 7, 2022.

8.      All valid Ballots cast by holders entitled to vote in Class 8 and Class 9 received by Omni on or before the Limited Extended Voting Deadline were tabulated pursuant to the Solicitation Procedures. In accordance with the Solicitation Procedures, Omni reviewed the Ballots to identify any potential duplicate votes, including, but not limited to, holders of Direct Abuse Claims (if any) that may have had votes submitted through more than one Master Ballot and holders of Direct Abuse Claims that submitted a vote directly to Omni and through a Master Ballot.

9.      At the Debtors' direction, Omni has engaged in a comprehensive audit and reconciliation of each Ballot submitted in these chapter 11 cases. Under my supervision, Omni reviewed each Ballot to validate (a) that the Ballot was completed and executed, (b) that the vote was accurately recorded in Omni's database, (c) the date of receipt, and (d) that each election made on the Ballot for the applicable class was accurately recorded. Following completion of this process, a comprehensive reconciliation was conducted to ensure that findings from the audit were fully implemented. As part of this comprehensive audit and reconciliation, Omni reviewed the Ballots to identify potential duplicative Ballots and reconciled them to ensure that only one vote is counted for each eligible claim.

10.      Omni maintains an electronic log of Ballots submitted via the E-Ballot Platform (which includes uploaded Ballots for Class 8 Direct Abuse Claims).  Omni reconciled this log against the voting database to confirm each Ballot was recorded, whether such Ballot was a duplicate of another Ballot, and whether the submission was a Ballot that conveyed neither a vote to accept or reject the Plan or an entirely blank Ballot (i.e., containing no vote, elections, or signature).

11.      The final updated tabulation summary of Class 8 and Class 9 votes cast by timely and properly completed Ballots received by Omni is attached hereto as **Exhibit A**.

12.      The Class 8 Ballot and the Master Ballot included instructions on how to elect the optional Expedited Distribution under the Plan in exchange for granting full and final releases of Direct Abuse Claims in favor of the Settlement Trust, the Protected Parties, and the Chartered Organizations (each, an "Expedited Distribution Election" and collectively, the "Expedited Distribution Elections").  The updated and final tabulation summary of the Expedited Distribution Elections made on timely and properly completed Class 8 Ballots and Master Ballots received by Omni is included on **Exhibit A**.[3]  For the avoidance of doubt, this Final Voting Report does not certify the validity of any such Expedited Distribution Election.  Such information is provided for reporting and informational purposes only.

13.      The Ballots also included instructions on how to opt out of certain limited releases ("Releases by Holders of Claims") contained in Article X.J.4 of the Plan (each, an "Opt-Out Election" and collectively, the "Opt-Out Elections").  The updated and final tabulation summary of Opt-Out Elections made on timely and properly completed Class 8 and Class 9 Ballots received

---

[3]    Class 8 votes were subject to a comprehensive deduplication process to ensure that each holder's vote was only recorded one time in accordance with the Solicitation Procedures.

by Omni is included on **Exhibit A**. For the avoidance of doubt, this Final Voting Report does not certify the validity of any such Opt-Out Election. Such information is provided for reporting and informational purposes only.

14.    A report of Ballots excluded from the final tabulation and the reasons for each exclusion is attached hereto as **Exhibit B**.[4] Ballots were excluded from tabulation for several reasons in accordance with the Solicitation Procedures, including on the following grounds:

- *"Superseded by subsequently submitted valid Ballot included in tabulation"* means that the Ballot was superseded by a valid Ballot subsequently submitted by the same voting holder on account of the same claim.

- *"Ballot not signed"* means that the voting holder or its agent failed to sign the Ballot.

- *"Ballot not signed by applicable holder of claim"* means that the signatory to the Ballot was not the voting creditor and did not appear to be authorized to sign for such voting creditor.

- *"Holder did not indicate vote to accept or reject the Plan"* means that the voting holder failed to indicate acceptance or rejection of the Plan on the Ballot.

- *"Ballot submitted on account of claim filed after the bar date"* means that the voting holder failed to file a timely proof of claim. Pursuant to the Solicitation Procedures, only holders of timely filed claims were entitled to vote to accept or reject the Plan.

- *"Superseded by Master Ballot per D.I. 6821 and 7605"* means that a Master Ballot was tabulated instead of an individual Class 8 Ballot, in accordance with and for the reasons set forth in the *Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order* [D.I. 6821] and the *Notice of Update to Notice of Solicitation Error and Invalidation and Reissuance of Ballots in Accordance with Certain Law Firms' Elections Under the Solicitation Procedures Order* [D.I. 7605].

- *"Superseded by direct Ballot received from holder of claim"* means that a vote submitted pursuant to a Master Ballot was superseded by a Ballot received from

---

[4]    As of the date hereof, approximately 370 Class 8 Ballots were submitted to Omni after the Limited Extended Voting Deadline, and due to the time constraints involved in reconciling and tabulating Ballots and preparing and submitting this Supplemental Final Voting Report, such Ballots are not listed on **Exhibit B**.

a holder of a Direct Abuse Claim, in accordance with Section IV.F of the Solicitation Procedures.

- *"Party does not have valid proof of claim on file"* means that Omni received a Ballot from a voting creditor that does not have a proof of claim on file and therefore was not entitled to vote. Pursuant to the Solicitation Procedures, only holders of timely filed claims were entitled to vote to accept or reject the Plan.

- *"Ballot received after Voting Deadline"* means that Omni received a Ballot after the Limited Extended Voting Deadline of March 7, 2022 at 4:00 p.m. (Eastern Time).

- *"Duplicate votes recorded for same holder of claim on Master Ballot"* means that a voting creditor's vote was listed more than one time on a Master Ballot. Such voting creditor's vote was only recorded as a vote one time, and any duplicate votes are listed on **Exhibit B** as excluded votes.

- *"Did not comply with Master Ballot Solicitation Procedures – no Bankruptcy Rule 2019 statement submitted"* means that a Bankruptcy Rule 2019 statement was not submitted with respect to this Ballot in accordance with Section IV.A.5.a of the Solicitation Procedures.

- *"Did not comply with Master Ballot Solicitation Procedures – no Option (a) Certification submitted"* means that the Option (a) Certification procedures were not complied with and a communications log entry was not provided with respect to this voting creditor.

- *"Did not comply with Master Ballot Solicitation Procedures – no Option (b) Certification submitted"* means that the Option (b) Certification procedures were not complied with and a power of attorney was not submitted with respect to this voting creditor.

15.    Where certain Solicitation Changes were made in which the Debtors have determined to extend a deadline or provide a waiver pursuant to Section II, V.D.2, V.D.7, V.D.13, or V.D.20(b) of the Solicitation Procedures, and in accordance with the procedures set forth in Section VI of the Solicitation Procedures, the Debtors are required to (a) memorialize the Solicitation Change in the Final Voting Report, and (b) concurrently or following the filing of the Final Voting Report, file a notice with the Court supporting the justification for the Solicitation Change. The Debtors have filed such a notice of Solicitation Changes in connection with this Supplemental Final Voting Report concurrently herewith. In accordance with Section V.D.7 of

the Solicitation Procedures, attached hereto as **Exhibit C** is a list of approximately 65 Ballots, all submitted by holders of Class 9 Indirect Abuse Claims in connection with the Limited Extended Voting Deadline, which Omni has identified as being defective and/or irregular. These ballots, each of which was submitted by a United Methodist Entity, are not signed by the submitting party but do contain certain Ballot pages that reflect (i) a modified vote on the Plan, and (ii) identifying information with respect to the voting party, but omitted a signature on the Ballot. The Debtors seek to waive the defect and/or irregularity in each of these Ballots and accept the applicable vote and/or elections contained therein. The United Methodist Entities submitting these Ballots were doing so pursuant to the terms of the United Methodist Settlement Agreement and which entities submitted them, as well as their intent on the Ballots, is clear from these submissions. *See* D.I. 7884, 8813. Rather than eliminate such votes as non-compliant, under the circumstances, the Debtors have determined that it would be more appropriate to record the votes and elections as indicated on the Ballots.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information and belief.


Dated:  March 10, 2022
       Woodland Hills, California           */s/ Catherine Nownes-Whitaker*
                                           Catherine Nownes-Whitaker
                                           Chief Operating Officer
                                         OMNI AGENT SOLUTIONS