## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: March 13, 2022 9:00 a.m. (ET)** |
| | **Re Docket No. 9273, 9279, 9280** |

## CERTAIN INSURERS' EVIDENTIARY OBJECTIONS TO WITNESS DECLARATIONS OFFERED IN SUPPORT OF CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Pursuant to the *Final Pretrial Order for the Plan Confirmation Hearing* [D.I. 9285], the undersigned insurance carriers (collectively, "Certain Insurers") hereby provide their evidentiary objections to the (I) *Declaration of Bruce Griggs in Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9273]; (II) *Declaration of Devang Desai in Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9279]; and (III) *Declaration of Brian Whittman in Support of Confirmation of the Third Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9280], as set forth in the attached **Exhibit A**, in connection with confirmation of the plan of reorganization in the above-referenced case.

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Dated: March 13, 2022.

/s/Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

Ronald P. Schiller (admitted pro hac vice)
Matthew A. Hamermesh (admitted pro hac vice)
Sharon F. McKee (admitted pro hac vice)
Elizabeth C. Dolce (admitted pro hac vice)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   302.777.6500
Facsimile:    302.421.8390

Harris B. Winsberg (admitted pro hac vice)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:    404.522.8409

-and-

Margaret H. Warner (admitted pro hac vice)
Ryan S. Smethurst (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:   202.756.8228

Facsimile:   202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted pro hac vice)
Jonathan D. Marshall (admitted pro hac vice)
CHOATE HALL & STEWART, LLP
Two International Place Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted pro hac vice)
Laura Bange Stephens (admitted pro hac vice)
Alec Zadek (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com
AZadek@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

Deirdre M. Richards (DE Bar No. 4191)
FINEMAN KREKSTEIN & HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

Michael A. Rosenthal (admitted pro hac vice)
James Hallowell (admitted pro hac vice)
Keith R. Martorana (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email:mrosenthal@gibsondunn.com
        jhallowell@gibsondunn.com
        kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

Susan N.K. Gummow (admitted pro hac vice)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (Pro Hac Vice)
Lorraine Armenti, Esquire (Pro Hac Vice)
Michael Hrinewski, Esquire (Pro Hac Vice)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (Pro Hac Vice)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
 (336) 478-1146 (Telephone)
 (336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

-and-

Laura McNally

*Attorneys for the AIG Companies*

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:   404.522.8409

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (pro hac vice)

Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Ilinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance
Company and Columbia Casualty Company*

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

-and-

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company, f/k/a
Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted pro hac
vice)
Ryan T. Schultz (admitted pro hac vice)
Adam A. Hachikian (admitted pro hac vice)

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024
Facsimile: (302) 250-4498
Email: mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance
Company, Endurance American Specialty
Insurance Company, and Endurance American
Insurance Company*

Kenneth M. Thomas (admitted pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance
Company*

Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

-and-

George R. Calhoun (pro hac vice)
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company
and Colony Insurance Company*

Brian A. Sullivan
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware  19801
Telephone: (302)  652-1100
Facsimile: (302)  652-1111
Email: bsullivan@werbsullivan.com

-and-

John E.W. Baay II, Esq. (pro hac vice)
Gieger Laborde & Laperouse LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-
Telephone:  (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-

William H. White Jr., Esq. (pro hac vice)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

Thaddeus J. Weaver (Id. No. 2790)
DILWORTH PAXSON LLP
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (Admitted pro hac
vice)
DILWORTH PAXSON LLP
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America,
Inc., formerly known as American Re-
Insurance Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Phone: (302) 652-8400
E-mail:  kmiller@skjlaw.com

-and-

Mary E. Borja (admitted pro hac vice)
Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail: mborja@wiley.law,
gseligman@wiley.law, acriss@wiley.law

*Attorneys for General Star Indemnity Company*

*Attorneys for Indian Harbor Insurance
Company, on behalf of itself and as successor
in interest to Catlin Specialty Insurance
Company*

## CERTIFICATE OF SERVICE

I, Louis J. Rizzo, hereby certify that on March 13, 2022, I caused a copy of *CERTAIN INSURERS' EVIDENTIARY OBJECTIONS TO WITNESS DECLARATIONS OFFERED IN SUPPORT OF CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION* , to be filed through the Court's Case Management/Electronic Case File ("CM/ECF") and served on all parties (as identified on the most current list of participating parties maintained on the Court's docket) via CM/ECF and/or electronic mail.

Dated: March 13, 2022

Respectfully submitted,

*/s/ Louis J. Rizzo, Jr.*

Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware  19803
Phone:  (302) 477-7100
Email:  lrizzo@regerlaw.com

*Attorneys for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

**Exhibit A**

*In re Boy Scouts of America and Delaware BSA, LLC*,
Case No. 20-10343 (LSS)

**Certain Insurers' Objections to Declaration of Bruce Griggs [D.I. 9273]**

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| 49 | "When the Debtors were drafting the initial version of the TDP . . . ." | This testimony is inadmissible due to lack of foundation/personal knowledge. *See* FRE 602. Mr. Griggs does not have personal knowledge of who drafted the initial version of the TDPs, and when that drafting occurred. |
| 52 | "The TDP and Document Appendix provide a framework that is generally consistent with the BSA's pre-petition practices for resolving Abuse Claims." | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also October 8, 2021, Order (I) Scheduling Certain Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization, (II) Establishing Certain Protocols, and (III) Granting Related Relief* ("Scheduling Order"), D.I. 6528 at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br>2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 53 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br>2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| | | 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 54 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).").<br><br>2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 55 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).").<br><br>2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 56 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| | | 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 57 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 58 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| 59 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 60 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 61 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| | | 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 62 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).").

2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 63 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).").

2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| 64 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| 65 | Entire paragraph | 1.  Undisclosed and improper expert opinion testimony. FRE 701(c), 702; FRCP 26(a)(2)(D)(i); *see also* Scheduling Order, D.I. 6528, at 7, ¶ 11 ("No witness shall be allowed to give expert testimony in connection with the Confirmation Proceedings without timely, according to the above deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B)."). <br><br> 2.  Calls for legal conclusion. *See* FRE 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms [] legal criteria."); *see also In re Energy Future Holdings Corp.*, 882 F.3d 247, 253 (3d Cir. 2016) ("Contract interpretation is a legal issue for the Court to resolve."). |
| **Trial Exhibit Number** | **Description** | **Certain Insurers' Objection** |
| JTX 8-1 to JTX 8-3, p. 3, n. 5 | 24 Gigabytes of data, much of which Certain Insurers are unable to download or review. Certain insurers understand that much of this data | 1.  The document is inadmissible pursuant to Federal Rule of Evidence 403, which bars evidence that presents unfair prejudice, undue delay, wastes time, and/or needlessly presents cumulative evidence. JTX 8-1 to JTX 8-3, which Debtors served on Certain Insurers electronically, is comprised of 13 different files, consisting of |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| | purports to be "all complaints" that Ogletree had in its files relating to abuse claims against Debtors, including pleadings from across the Country and some or all of the Ineligible Volunteer files, but Certain Insurers are unable to access or review all of the data and documents contained therein. | more than 24 gigabytes of information, thousands of individual documents and tens—if not hundreds—of thousands of pages. The purported exhibit is so voluminous in fact that Certain Insurers are unable to open all of the files that comprise it.

2. The document is also not relevant to the Confirmation Hearing, pursuant to FRE 401, insofar as it contains 24 Gigabytes of unexplained documents.

3. The document also lacks foundation, has not been properly authenticated, and constitutes inadmissible hearsay. *See* FRE 602, 802, and 901. |

*In re Boy Scouts and America and Delaware BSA LLC,*
Case No. 20-10343 (LSS)

### Certain Insurers' Objections to Declaration of Devang Desai [D.I. 9279]

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| 25 | The Debtor Releases, as set forth in the Plan, were negotiated at arms' length. The Debtors are not aware of any significant claims against any of the Released Parties, except as addressed in the settlement agreements. The Debtors determined that the Debtor Releases were necessary to reach consensus on the Plan. They are critical to the successful reorganization. | FRE 602: Lacks foundation<br><br>FRE 701: Improper lay opinion |
| 26 | The Debtors settled with the BSA's two primary insurers (Century and Chubb, and Hartford), and certain excess insurers (Zurich and Clarendon). Notably, the settlements allowed the Debtors to avoid costly and lengthy litigation with these Insurance Companies over their coverage obligations for the claims submitted via the Chapter 11 proceeding. Absent these settlements, the Debtors would expend significant amounts in litigation, which would have the corollary effect of draining the BSA estate from critical assets that would have been available to compensate abuse survivors. | FRE 602: Lacks foundation<br><br>FRE 701: Improper lay opinion |
| 27 | In reviewing the final insurance settlements, the BSA considered the (a) defenses raised by each of the insurers to their insurance-coverage obligations, (b) the cost of litigation to pursue these insurers for Abuse Claims, (c) that the TCC, Coalition, and FCR—the parties representing the vast majority of the abuse survivors—as well as the AHCLC, all support these settlements, (d) the significant contributions each of these insurance companies was making to the Settlement Trust for the benefit of abuse survivors, (e) any solvency issues related to a specific insurer; and (f) the role of the insurer in objecting in connection with the Chapter 11 Cases. | FRE 602: Lacks foundation<br><br>FRE 701: Improper lay opinion |

| Paragraph No. | Excerpt | Certain Insurers' Objection |
|---|---|---|
| 28 | The Debtors determined in their business judgment that the following settlements are necessary for the Debtors' restructuring, are reasonable, are in the best interests of the Estates, and justify the Settling Insurance Companies' inclusion in the Scouting-Related Release and Channeling Injunctions. | FRE 602: Lacks foundation<br><br>FRE 701: Improper lay opinion |
| 77 | Notably, the Local Councils are named or additional insureds under a substantial portion of the BSA Insurance Policies. There is substantial overlap between the financial and legal responsibility of the BSA and Local Councils. | FRE 602: Lacks foundation<br><br>FRE 701: Improper lay opinion |

| Exhibit No. | Description | Certain Insurers' Objection |
|---|---|---|
| JTX 1097 (Decl. Exhibit CCC) | Lundberg Expert Report | FRE 602: Lacks foundation<br><br>FRE 802: Hearsay |

*In re Boy Scouts of America and Delaware BSA, LLC*,
Case No. 20-10343 (LSS)

**Certain Insurers' Objections to Declaration of Brian Whittman [D.I. 9280]**

| Trial Exhibit Number | Description | Certain Insurers' Objection |
|---|---|---|
| JTX 1017 | Brian Whittman Expert Report, dated December 5, 2021 | FRE 802: Hearsay |
| JTX 1118 | Brian Whittman Updated Expert Report, dated December 29, 2021 | FRE 802: Hearsay |
| JTX 1435 | Brian Whittman Supplemental Expert Report, dated March 2, 2022 | FRE 802: Hearsay |