# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br>**Ref. Docket No. 9309**<br><br>**Hearing Date:** March 14, 2022 at 10:00 a.m. EST<br><br>**Objection Deadline**: March 15, 2022 at 9:00 a.m. EST |

## OBJECTION OF CERTAIN INSURERS TO THE
## DECLARATION OF ADRIAN AZER

The undersigned insurance carriers (collectively, "Certain Insurers") file this objection to the submission of certain portions of the *Declaration of Adrian Azer in Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 9309] (the "Azer Declaration") into evidence in lieu of direct testimony for use at the confirmation hearing that began on March 14, 2022. In support of this Objection, Certain Insurers respectfully submit as follows:

1. Debtors should be precluded from offering certain testimony contained in the Azer Declaration because it lacks foundation. At deposition, Mr. Azer testified he lacks personal knowledge regarding certain of the topics the Azer Declaration now addresses. Moreover, Mr. Azer testified as a Rule 30(b)(6) designee and repeatedly refused to answer questions calling for

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

information now contained within the Azer Declaration on the basis that such testimony constituted his legal conclusions and opinions and required him to interpret documents. Now, having blocked discovery regarding the foundation for certain testimony in the Azer Declaration, Debtors should be precluded from offering Mr. Azer's statements at trial. Moreover, portions of the Azer Declaration should be stricken as improper legal argument, undisclosed and improper expert opinion testimony, and hearsay.

2.  Mr. Azer is the Debtors' counsel of record in this case, has served as the Boy Scout's coverage counsel since January 2018, and was retained as special counsel regarding insurance matters for this bankruptcy proceeding. (Azer Decl. ¶ 3.) Mr. Azer is not the Boy Scouts' "national coordinating counsel" for any underlying sexual abuse litigation[2] and does not have personal knowledge of the Boy Scouts' "pre-petition docket." (*See, e.g.*, Dec. 20, 2021 Azer Tr. 37:13-21 ("I obviously don't know the pre-petition docket."); March 11, 2021 Azer Tr. 82:10-19 ("You'd have to talk to Mr. Griggs. I'm not – we were not underlying [] national coordinat[ing] counsel. I don't have encyclopedic knowledge of all the claims or where they were in the procedural posture."); 108:20-25 ("I don't defend underlying abuse claims, so I don't know the defenses that would be available. I'm sure there's a ton, but I don't have a specific understanding because that's not my area of the law.") Despite Mr. Azer's admissions that he lacks personal knowledge on this issue, the Azer Declaration includes myriad statements concerning the Debtors' and the Debtors' insurers' pre-petition practices. (*See, e.g.*, ¶¶ 5 ("The Operative TDP were designed by the Debtors to emulate, to the greatest extent practicable, the prepetition practices of BSA and its insurance companies for investigating, evaluating, valuing,

---

[2] Bruce Griggs of Ogletree Deakins will be called by the Debtors as a witness and unlike Mr. Azer does have personal knowledge regarding the Boy Scouts' "pre-petition docket." The Court should not permit duplicative testimony particularly when Mr. Azer has admitted he lacks personal knowledge of this issue.

2

and resolving Direct Abuse Claims"); ¶ 43 ("the Coalition proposed treating statute of limitations as a mitigating factor, rather than as one of the Initial Evaluation Criteria . . . [t]he Debtors ultimately incorporated this change because the treatment of a potential statute of limitation defense as a mitigating factor was consistent with the BSA's prepetition practices."); ¶ 56 ("the Independent Review Option . . . was consistent with the BSA's prepetition practices, where higher-value claims were more aggressively litigated and where BSA would require stronger corroborating evidence to support a higher settlement value.")  Paragraphs 4, 5, 8, 9, 10, 11, 12, 42, 43, 44, 54, 55, 56, 58, 64, 65 should be stricken because Mr. Azer lacks personal knowledge regarding Debtors' pre-petition practices for sexual abuse claims.

3.     The Azer Declaration makes several sweeping statements that the Trust Distribution Procedures ("TDPs") preserve the rights of Certain Insurers and emulate the Debtors' and Certain Insurers' prepetition practices.  (*See, e.g.,* Azer Decl. ¶¶ 4-5.)  The Azer Declaration also repeatedly describes Debtors' interpretation of the TDPs, terms within the TDPs, and changes made to the TDPs.  However, as Debtors' designee regarding the TDPs[3]— including in a deposition just one day before the Azer Declaration was filed—Mr. Azer was repeatedly instructed not to interpret what the TDPs mean or offer any legal opinions or conclusions.  (*See, e.g.*, March 11, 2022 Azer Tr. at 40:11-16 (Mr. Martin:  "Well, if you're asking for what the document means, then I'm going to object on the basis that it calls for a legal conclusion.  If you're going to ask him if there were discussions about it, that I'll allow"); *see*

---

[3] On Monday, December 20, 2021, Mr. Azer testified as the Rule 30(b)(6) designee regarding, *inter alia*, "the TDPs, the draft[s], prior versions negotiations and communications concerning the TDPs" (Dec. 20, 2021 Azer Tr. 12:3-20.)  And on Friday, March 11, 2022, Mr. Azer testified as the Rule 30(b)(6) witness regarding, *inter alia*: "3.  All changes, modifications, or revisions to the provisions of prior versions of the Plan that are reflected in the Plan regarding the TDPs, including but not limited to, all Communications regarding all such changes, modifications, or revisions to prior versions of the Plan."  (Docket No. 8873, Propounding Insurers' Notice of Deposition of Debtors Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.)

*also* Debtors' Responses and Objections to Propounding Insurers' Notice of Deposition ("The Debtors further object to this topic to the extent it purports to require the Debtors to provide legal conclusions or testimony regarding legal documents that speak for themselves.").) And throughout the deposition, Mr. Azer refused to answer questions on those grounds. But now, at the confirmation hearing, the Azer Declaration offers testimony the Debtors deemed off limits just last Friday.

4. For example, the Azer Declaration states that "the Independent Review Option required more direct participation by the Non-Settling Insurance Companies," including "direct participation rights." (Azer Decl. ¶ 57.) But when Certain Insurers attempted to probe this issue at deposition, Mr. Azer refused to answer questions. For example, Mr. Azer was asked, "[w]hat is the debtors' understanding in Romanette ii of what it means for a responsible insurer to be given a reasonable opportunity to participate in the independent review?" Debtors' counsel objected that the question called for a legal conclusion. And Mr. Azer refused to answer, stating, "I can't give you my legal opinion." (March 11, 2022 Azer Tr. 111:25-112:11; *see also id*. 70:22-71:10 (when asked whether "the Independent Review Option . . . provide[s] the insurers the right to a deposition," Mr. Azer refused to answer, stating: "Are you asking me to interpret what your rights are under this document or are you asking me about the negotiations of it? Because I can sit here and I can tell you about the negotiations. I can't tell you about – I'm not – I can't tell you about interpretation because that would require my legal opinion.").)

5. By way of further example, the Azer Declaration also provides "Debtors view" regarding what is "subsumed by the General Criteria." (Azer Decl. ¶ 50.) But at deposition, Mr. Azer testified he could not say whether the General Criteria "includes the statutes of limitations" requirement because: "you're asking me to interpret the document. That would call for a legal

4

opinion . . ." (March 11, 2022 Azer Tr. 95:2-95:10.) And although the Azer Declaration explains "Debtors view" regarding the treatment of negligence in the TDPs (Azer Decl. ¶¶ 50-53), at deposition, Mr. Azer refused to say whether the Debtors would have any objection to including "lack of negligence" as a mitigating factor in the TDPs (March 11, 2022 Azer Tr. 168:8-169:2.)

6.  Having asserted a shield to discovery regarding the purpose and meaning of the TDPs, it would be manifestly unfair to Certain Insurers if Debtors were permitted to introduce this testimony at trial. Paragraphs 4, 5, 8, 9, 11, 13, 15, 16, 17, 18, 20, 21, 22, 24, 26, 29, 30, 31, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 49, 50, 51, 52, 53, 56, 57, 58 should be excluded because they lack foundation and Mr. Azer refused to testify during deposition regarding the Debtors' interpretation of the TDPs, terms within the TDPs, and changes made to the TDPs

7.  In addition to the above, certain portions of the Azer Declaration should also be stricken because they constitute improper legal argument and conclusions, undisclosed and improper expert opinion testimony, and hearsay. For example, Mr. Azer argues Certain Insurers' "allegations" are "false" (Azer Decl. ¶ 7), claims "[t]he Non-Settling Insurance Companies have incorrectly argued that the Debtors 'turned over the pen' on the TDP" (*id*. ¶ 8), and contests the Certain Insurers' "suggest[ions]," (*id*. ¶ 12). The Azer Declaration also includes countless statements regarding the *Debtors*' actions, opinions, and positions. (*See, e.g.*, *id*. ¶ 7 ("The Debtors exercised good faith . . ."; ¶ 7 ("The Debtors never ceded control . . . ").) Mr. Azer can only testify in his personal capacity regarding his personal knowledge. The Debtors should reserve legal argument for closing statements, not Mr. Azer's percipient witness testimony.

8.  Moreover, Mr. Azer's repeated references to uncorroborated and out-of-court statements by Certain Insurers, other attorneys (including Mr. Griggs), and Bates White

professionals are hearsay. For these reasons, Paragraphs 4, 5, 7, 8, 10, 11, 12, 13, 16, 17, 19, 26, 30, 31, 35, 37, 41, 43, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 63 should be stricken.

9. In sum, the testimony of Mr. Azer offered at the following paragraphs of the Azer Declaration should be excluded: 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 24, 26, 29, 30, 31, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 63, 64, 65

10. The Certain Insurers reserve the right to amend, supplement, or otherwise raise additional or other objections based on Mr. Azer's live testimony, as may be necessary or appropriate.

Dated:  March 15, 2022

/s/Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Defendants, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

| | |
|---|---|
| Kathleen M. Miller (No. 2898)<br>SMITH, KATZENSTEIN & JENKINS LLP<br>1000 North West Street<br>Suite 1501<br>P.O. Box 410<br>Wilmington, DE  19899 (courier 19801)<br>302-652-8400<br><br>-and-<br><br>Ronald P. Schiller (admitted pro hac vice)<br>Matthew A. Hamermesh (admitted pro hac vice)<br>Sharon F. McKee (admitted pro hac vice)<br>Elizabeth C. Dolce (admitted pro hac vice)<br>HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>(215) 568 6200<br>(215) 568 0300 facsimile<br>rschiller@hangley.com<br>mhamermesh@hangley.com<br>smckee@hangley.com<br>edolce@hangley.com<br><br>*Attorneys for Arch Insurance Company* | David M. Fournier (DE No. 2812)<br>Marcy J. McLaughlin Smith (DE No. 6184)<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>Hercules Plaza<br>1313 Market Street<br>Suite 5100<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone:   302.777.6500<br>Facsimile:    302.421.8390<br><br>Harris B. Winsberg (admitted pro hac vice)<br>PARKER, HUDSON, RAINER & DOBBS LLP<br>303 Peachtree Street NE<br>Suite 3600<br>Atlanta, GA  30308<br>Telephone:   404.420.4313<br>Facsimile:    404.522.8409<br><br>-and-<br><br>Margaret H. Warner (admitted pro hac vice)<br>Ryan S. Smethurst (admitted pro hac vice)<br>MCDERMOTT WILL & EMERY LLP<br>The McDermott Building<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>Telephone:   202.756.8228 |

Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

Douglas R. Gooding (admitted pro hac vice)
Jonathan D. Marshall (admitted pro hac vice)
CHOATE HALL & STEWART, LLP
Two International Place Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

Kim V. Marrkand (admitted pro hac vice)
Laura Bange Stephens (admitted pro hac vice)
Alec Zadek (admitted pro hac vice)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center Boston, MA 02110
Telephone: (617) 542-6000
KVMarrkand@mintz.com
LBStephens@mintz.com
AZadek@mintz.com

*Attorneys for Liberty Mutual Insurance Company*

Deirdre M. Richards (DE Bar No. 4191)
FINEMAN KREKSTEIN & HARRIS PC
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Facsimile: (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

Michael A. Rosenthal (admitted pro hac vice)
James Hallowell (admitted pro hac vice)
Keith R. Martorana (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: mrosenthal@gibsondunn.com
   jhallowell@gibsondunn.com
   kmartorana@gibsondunn.com

Matthew G. Bouslog (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: mbouslog@gibsondunn.com

-and-

Susan N.K. Gummow (admitted pro hac vice)
FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
Facsimile: (312) 863-5009
Email: sgummow@fgppr.com

*Attorneys for the AIG Companies*

Michael J. Joyce, Esquire (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

Kevin Coughlin, Esquire (Pro Hac Vice)
Lorraine Armenti, Esquire (Pro Hac Vice)
Michael Hrinewski, Esquire (Pro Hac Vice)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis, Esquire (Pro Hac Vice)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
 (336) 478-1146 (Telephone)
 (336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, Delaware 19809
Phone: (302) 444-6710
E-mail: marias@goldmclaw.com

-and-

Laura McNally

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
Phone: (302) 777-6500

Harris B. Winsberg (admitted pro hac vice)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:   404.420.4313
Facsimile:    404.522.8409

-and-

Todd C. Jacobs (admitted pro hac vice)
John E. Bucheit (admitted pro hac vice)
BRADLEY RILEY JACOBS PC
500 West Madison Street, Suite 1000
Chicago, Illinois 60661
Telephone: (312) 281-0295

*Attorneys for National Surety Corporation and Interstate Fire & Casualty Company*

Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
E-mail: bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (pro hac vice)

9

Emily Stone
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, Ilinois 60654
Phone: (312) 464-3155
E-mail: lmcnally@loeb.com,
estone@loeb.com

*Attorneys for The Continental Insurance Company and Columbia Casualty Company*

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
E-mail: bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
CLYDE & CO US LLP
200 Campus Drive | Suite 300
Florham Park, NJ 07932
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

-and-

David Christian (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (862) 362-8605
E-mail: dchristian@dca.law

*Attorneys for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted pro hac vice)
Ryan T. Schultz (admitted pro hac vice)
Adam A. Hachikian (admitted pro hac vice)

Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

Kenneth M. Thomas (admitted pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue
Suite 1380
Wilmington, DE 19801
Phone: (302) 251-8856
Fax: (302) 251-8857
E-mail: plogan@postschell.com

-and-

George R. Calhoun (pro hac vice)
IFRAH PLLC
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC 20006
Phone: (202) 840-8758
E-mail: george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and Colony Insurance Company*

Brian A. Sullivan
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
Email: bsullivan@werbsullivan.com

-and-

John E.W. Baay II, Esq. (pro hac vice)
Gieger Laborde & Laperouse LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-
Telephone: (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-

William H. White Jr., Esq. (pro hac vice)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

Thaddeus J. Weaver (Id. No. 2790)
DILWORTH PAXSON LLP
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (Admitted pro hac vice)
DILWORTH PAXSON LLP
2 Research Way, Suite 103
Princeton, NJ 08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

Kathleen M. Miller (No. 2898)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

Lloyd A. Gura*
Pamela J. Minetto*
Mound Cotton Wollan & Greengrass LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Phone: (302) 652-8400
E-mail: kmiller@skjlaw.com

-and-

Mary E. Borja (admitted pro hac vice)
Gary P. Seligman (admitted pro hac vice)
Ashley L. Criss (admitted pro hac vice)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail: mborja@wiley.law,
gseligman@wiley.law, acriss@wiley.law

*Attorneys for General Star Indemnity Company*

12

*Attorneys for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

    I, Louis J. Rizzo, hereby certify that on March 15, 2022, I caused a copy of *OBJECTION OF CERTAIN INSURERS TO THE DECLARATION OF ADRIAN AZER*, to be filed through the Court's Case Management/Electronic Case File ("CM/ECF") and served on all parties (as identified on the most current list of participating parties maintained on the Court's docket) via CM/ECF and/or electronic mail.

Dated: March 15, 2022

Respectfully submitted,

*/s/ Louis J. Rizzo, Jr.*

Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
Phone: (302) 477-7100
Email: lrizzo@regerlaw.com

*Attorneys for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*