FILED

2022 MAR 15 AM 11: 29

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

1 — IN THE U.S. DISTRICT COURT

2   IN THE US Bankruptsy Court

3   ██████████████████████
4   ██████████████████████
5   ██████████████████████
6   ██████████████████████
7   ██████████████████████
8   ██████████████████████

9   IN RE:

10   BSA, B. Scouts

11

12  CASE# 20-10343 (LSS)

13   2-22-22 DATE

14

15  NOTICE of LATE CLAIM

16  Supplement 4 change

17  of Address~

18

19  #1 Note the above change of Address

20 -I moved from TTCF to MCJ accross

21  the street to another jail hospital

22  but I still Want all mail you send me

23  sent to my ███████████████████

24  (MOMS) █████ #2 here is More papers

25  why my claim is not late ~

26          ████████████████████

27   ████████████████

pg. 2          cover

**Schedule 1**

- Exhibits 1 & 2 $+2\frac{1}{2}$ (pg. 3 & 4)

are the Delaware court hearing Notices
Given to me shortly after I Filed
MY pleadings & claims. This WAS The original
4/15/21 hearing Date shortly $ afand the Nov 16
2020 claims were Due, I Filed MY claims &
actions on time and involved MY self & WAS
recognized as timely involving MY self IN
This USDC USBC case as well with MY
claims & Filings (timely)

- exhibits 4 & 5  I sent questionAIrs to
lawyers way before The Deadline thus
I QUALIFY for MY late claims

- ex. 6 & 7 OMNi sAys repeatedly Im Not late
& Ive been voting ex. 8- CA Is an
open state where I live, abuse occured
$ Def's are residing & where MY torts
were Filed

- ex. 9 - I Dont Know why plaintffs (TCC etc)
Dont want INSurance

→

C.    Severability.  Should any provision contained in these TDP be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of these TDP.

D.    Offsets.  The Settlement Trust shall have the right to offset or reduce the Allowed Claim Amount of any Allowed Abuse Claim, without duplication as to the mitigating factors (e.g., as to other responsible parties) on a dollar for dollar basis based on any amounts paid, agreed, or reasonably likely to be paid to the holder of such Claim on account of such Claim as against a Protected Party (or that reduces the liability thereof under applicable law) from any source other than the Settlement Trust.

E.    Governing Law.  These TDP shall be interpreted in accordance with the laws of the State of Delaware.  Notwithstanding the foregoing, the evaluation of Abuse Claims under these TDP and the law governing litigation in the tort system shall be the law of the jurisdiction in which the Abuse Claimant files the lawsuit as described in Article XII or the jurisdiction where such Abuse Claim could have been filed under applicable law.

27

cover pg. 2

to be part of the plan
+continue to reject them -

Which the insurance is happy
to accept. I DISAGREE - The insurance
should be (as well as chartered org's)
I k Now part of The reason is because
The $ offered they + TCC feels is TOO low/
but that Doesn't mean To CANCel it all
together

ex. 10- MISC. PC/AIM #'s
ex. 11 - I recognize this Attorney +I believe
it is my attorney in which my AVA
lawyer cosigned with on this case &
+speaks for me / +whoever else they/I
retained)

exhibits 12+7 CASE LAW stating how
The JAIL has deprived me of law/form
access causing me to fail short P
provide to this court sufficient
excuse-

PG. 2 > PG. 3        EX. 1

DOC#
2470

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

**Hearing Date: April 15, 2021 at 10:00 a.m. (ET)**
**Objection Deadline: April 2, 2021 at 4:00 p.m. (ET)**

## NOTICE OF HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR BOYS SCOUTS OF AMERICA AND DELAWARE BSA, LLC

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed:

- the *Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2293, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[2]

- the *Disclosure Statement for the Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 2294, filed March 1, 2021] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"); and

- the *Debtors' Motion for Entry of An Order (I) Approving Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. 2295, filed March 2, 2021] (the "Solicitation Procedures Motion").

The Plan contains releases of the Debtors and certain third parties and related injunction provisions. If approved, these provisions could release Abuse Claims held against the BSA and certain third parties, including against Local Councils and Contributing Chartered Organizations.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures Motion (defined as below), as applicable.



Pg. 4                    ex 2

If approved, these provisions would prohibit holders of Abuse Claims from filing lawsuits against the BSA and certain third parties related to any Abuse Claim. Instead, the Plan provides a mechanism by which Abuse Claims against the Debtors will be channeled to a trust established pursuant to section 105(a) of the Bankruptcy Code. The Debtors are proponents of the Plan and support confirmation thereof. You should carefully review the Plan and the applicable release, injunction, and related provisions at https://omniagentsolutions.com/BSA.

### PLEASE TAKE FURTHER NOTICE THAT:

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has scheduled a hearing for **April 15, 2021 at 10:00 a.m. (Eastern Time)** (the "Disclosure Statement Hearing") to determine whether to, among other things, approve the Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

2.      The Disclosure Statement Hearing will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the Bankruptcy Court, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. The Disclosure Statement Hearing may be adjourned from time to time without further notice other than the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for the hearing filed with the Bankruptcy Court. If the Disclosure Statement Hearing is continued, the Debtors will post the new date and time of the Disclosure Statement Hearing at https://omniagentsolutions.com/BSA. The Disclosure Statement and Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law, before, during, or as a result of the Disclosure Statement Hearing, without further notice to creditors or other parties in interest.

3.      Copies of the Disclosure Statement, the Plan, and the Solicitation Procedures Motion are available for review and download free of charge on the website maintained by the Debtors' claims, noticing, and solicitation agent, Omni Agent Solutions (the "Solicitation Agent"), at https://omniagentsolutions.com/BSA. Copies of the Disclosure Statement and the Plan are also available upon request by (a) calling the Debtors' toll-free restructuring hotline at 866-907-2721, (b) emailing BSAballots@omniagnt.com, (c) writing to Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, or (d) submitting an inquiry on the Debtors' restructuring website at https://omniagentsolutions.com/BSA. You may also access these materials for a fee via PACER at http://www.deb.uscourts.gov/. Responses and objections to approval of the Disclosure Statement or the other relief sought by the Debtors in connection with the approval of the Disclosure Statement must: (i) be in writing; (ii) state the name and address of the objecting party or party proposing a modification to the Disclosure Statement and the nature and amount of the Claim of such party; (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted into the Disclosure Statement to resolve any such objection or response and include any evidentiary support therefor; and (iv) be filed, together with proof of service, with the Bankruptcy Court and served so as to be actually received on or before **April 2, 2021 at 4:00 p.m. (Eastern Time)** by:

818406  8300

ex 2½                                PS. 4½2
For original  4-15-21  DAte

5.    Following approval of the Disclosure Statement by the Bankruptcy Court, holders of Impaired Claims against the Debtors **that are entitled to vote** will receive Solicitation Packages in accordance with the order approving the Solicitation Procedures Motion, including instructions to obtain, free of charge, the Plan, the Disclosure Statement, and various other documents related thereto, unless otherwise ordered by the Bankruptcy Court. Holders of Unclassified Claims and Claims in the Unimpaired Classes will receive the Non-Voting Status Notice (each as defined in the Solicitation Procedures Motion). Holders of Disputed Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim will receive the Disputed Claim Notice (each as defined in the Solicitation Procedures Motion).

6.    **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE BANKRUPTCY COURT.**

Dated: March 2, 2021

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whitecase.com

/s/ Paige N. Topper
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9314
Email: dabbott@morrisnichols.com
        aremming@morrisnichols.com
        emoats@morrisnichols.com
        ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

4

(a)     counsel to the Debtors, (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (jessica.lauria@whitecase.com)), and 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Michael C. Andolina (mandolina@whitecase.com), Matthew E. Linder (mlinder@whitecase.com), and Blair Warner (blair.warner@whitecase.com)) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Andrew R. Remming (aremming@morrisnichols.com), Eric W. Moats (emoats@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com));

(b)     the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah M. McColllum (hannah.mccollum@usdoj.gov));

(c)     counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19801 (Attn: James I. Stang (jstang@pszjlaw.com), John A. Morris (jmorris@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and John W. Lucas (jlucas@pszjlaw.com));

(d)     counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer (tmayer@kramerlevin.com), Rachael Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), Jennifer R. Sharret (jsharret@kramerlevin.com), and Megan M. Wasson (mwasson@kramerlevin.com));

(e)     counsel to the Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Sharon M. Zieg (szieg@ycst.com)); and

(f)     counsel to JPMorgan Chase Bank National Association, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Dallas, Texas 75201-7932 (Attn: Louis R. Strubeck (louis.strubeck@nortonrosefulbright.com) and Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com)).

4.     **IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

ex 3
pgs

# MORGAN & MORGAN®

*Attorneys At Law*

20 N. ORANGE AVENUE, 16TH FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414
FAX: 407 425-8171

September 3, 2020

*My claims are timely as I sent to multiple attorneys*

**Re: Your Potential Lawsuit**

Dear

Thank you for contacting Morgan & Morgan. After reviewing the information provided via mail, we have determined that we are not able to proceed and represent you, and **must decline your case** at this time. In order to potentially aid you, we would need for you or a family member proceeding on your behalf to *call our offices* as soon as possible. Our toll free number is 800-454-6825 or our local number 407-420-1414.

Additionally, based upon our review, it appears that your potential claim may be subject to one or more statutes of limitation. This means a potential lawsuit would need to be filed within a certain period of time, or it could be forever time-barred. Because of this, it is even more important that you call our office or consult with another attorney immediately. You can also contact the Florida Bar Lawyer Referral Service, at 800-342-8011, who may be able to provide assistance.

We want to thank you for giving us the opportunity to review this matter. However, until we have been contacted by phone we will not proceed any further. **I am returning, herewith, any original documentation provided by you to our office**.

Sincerely,

*Bret Gainsford*

Bret Gainsford, Esq.
Morgan & Morgan
(407) 420-1414

*But bot Morgan & Pintas advertise on TV + my JAIL TV but they do BSA - Me chuse NOT to do JAIL cuz of my status*

ATLANTA, GA ◆ BOWLING GREEN, KY ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL ◆ KISSIMMEE, FL ◆ LAKELAND, FL
LEXINGTON, KY ◆ LOUISVILLE, KY ◆ BROOKLYN, NY ◆ MELBOURNE, FL ◆ MEMPHIS, TN ◆ NAPLES, FL ◆ NASHVILLE, TN ◆ ORLANDO, FL ◆ PLANTATION, FL
PRESTONSBURG, KY ◆ ST. PETERSBURG, FL ◆ SARASOTA, FL ◆ SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ THE VILLAGES, FL ◆ WINTER HAVEN, FL



ex 4
pg 6

# Pintas & Mullins
## INJURY LAWYERS

368 West Huron Street
Suite 100
Chicago, IL 60654-3424

TOLL FREE     800.310.2222
Phone          312.488.2000
Fax             800.311.2333

www.pintas.com
questions@pintas.com

November 5, 2020

SENT VIA MAIL TO: ████████



888 99 SCOUTS
619 222 3667
3667 FAX
Voi Toiro ST SD
LR 1888 99 SCOUT
AIS
AWA
a2106

**RE:   Your Abuse Claim against the Boy Scouts of America**
**Our Reference Number:** ████████

Dear Mr. ██████

Thank you for contacting Pintas & Mullins Law Firm regarding your abuse claim against the Boy Scouts of America. We are truly sorry for what you experienced. Upon review of your claim, unfortunately this would not be a case that our firm would be able to take. This does not mean that you don't have a case, therefore, I would recommend that you reach out to your state bar association to see if they have an attorney that would be able to help you. Therefore, our office will be taking no further action on your behalf with regard to this matter and your file is now closed.

As you may be aware, the Boy Scouts of America has filed for protection under the bankruptcy laws. As such, I must advise you that the **deadline for filing a Claim against the Boy Scouts of America (BSA) is November 16, 2020**. Should you have any other cause of action outside of the bankruptcy, there may be other time limits to protect your rights. Failure to timely file your claim or settle your action may forever bar you from a recovery against the BSA.

The BSA Bankruptcy claim form contemplates claimants filing on their own behalf. If you wish to file your claim on your own behalf, you will find the self-explanatory claims form and instructions here: https://cases.omniagentsolutions.com/boyscouts/index?clientid=CsgAAncz%2b6Yclmvv9%2fq5CGybTGcvZSj dVimQq9zQutqmTPHesk4PZDvfOOLxliIwZjXomPlMZCo%3d.

Please note that my secure number is 800-730-7111.

Sincerely,

Laura J. Mullins
LJM/kac



Reichr Binstock
church

AVA law group IN
2718 Montana Av
#222 2
Billings MT 591



## How Do I Vote?
### Master Ballots

- **YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND CONSULT AN ATTORNEY BEFORE VOTING.**

- If you are represented by an attorney, your attorney will collect YOUR voting decision from you and mark YOUR election on the master ballot.

- Unless you have given your attorney written authority to make a decision for you and vote on your behalf, your attorney can only record the elections that YOU decide.

- If possible, instruct your attorney how YOU want to vote by using e-mail. Keep a copy of the e-mail that you send.

- If your attorney is not helping or responding, you may ask the Voting Agent (Omni) for your own ballot by emailing: **BSAballots@omniagnt.com**

- Blank copies of ballots will also be available at: **https://omniagentsolutions.com/BSA** on the "Plan and Solicitation Tab" to be activated on October 15.

### Individual Ballots

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT, ENTIRE BALLOT, AND CONSULT AN ATTORNEY BEFORE VOTING**

- If you do not have an attorney or your attorney is NOT collecting your vote by a master ballot you will use an INDIVIDUAL ballot to cast your vote.

- The key elections are in the following pages where you must do the four following things:

    1. Elect to REJECT or ACCEPT the Plan. TCC Recommends to **REJECT**.

    2. **IF** you want $3,500 Distribution, check box. If <u>NOT</u>, do <u>NOTHING</u>.

    3. If you have other claims against BSA, check the OPT-OUT Box.

    4. Fill out all of your information and sign the Ballot.

    5. Mail your ballot to Omni so that it is **received** by **4:00 p.m. (ET) on December 14**.

### Where Do I Send My Ballot?

Submit your **completed** and **signed** Ballot by standard mail using the pre-addressed envelope:

Boy Scouts of America Ballot Processing, c/o Omni Agent Solutions
5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367

### What If I Have Questions?

- If you have an attorney, contact him/her.

- E-mail TCC at **BSASurvivors@pszjlaw.com**

- Call Omni Voting Agent toll-free restructuring hotline at 866-907-2721

- E-mail Omni Voting Agent at: **BSAballots@omniagnt.com**

- Write to Omni Voting Agent Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367

- Submitting an inquiry on Voting Agent website at **https://omniagentsolutions.com/BSA**

ex 17

**[redacted]**

BALlot  ID #  **[redacted]**

CASE #   20-10343

Debtor: Boy scouts of America

CLM schNO: **[redacted]**

crediter: **[redacted]**

vote Amount:  $1.00

Class  8- Direct Abuse Claim

ex. 8

| | |
|---|---|
| Florida | Gray 3 |
| Idaho | Gray 3 |
| Indiana | Gray 3 |
| Kentucky | Gray 3 |
| Maryland | Gray 3 |
| Michigan | Gray 3 |
| Mississippi | Gray 3 |
| Missouri | Gray 3 |
| Nebraska | Gray 3 |
| Nevada | Gray 3 |
| Rhode Island | Gray 3 |
| Texas | Gray 3 |
| Virgin Islands | Gray 3 |
| Virginia | Gray 3 |
| Wisconsin | Gray 3 |
| Arizona | Open |
| Arkansas | Open |
| California | Open |
| Colorado | Open |
| Guam | Open |
| Hawaii | Open |
| Louisiana | Open |
| Maine | Open |
| Montana | Open |
| New Jersey | Open |
| New York | Open |
| North Carolina | Open |
| Vermont | Open |

...ecause this has been coming up in prior Town

...you don't know, okay? But if you can get at the

...then, you know, it's worth it to amend your claim to

...u don't know.

...on the BSA website of your local councils. Maybe

...ebsite so people can access it. If you don't know the

...as the community I lived in, and today it says

...gia. You know, if you don't remember the one from

...will, the family tree of these councils, and we can

...fs of claim that identified Coastal Georgia as the

...08. This is from BSA. This is BSA data. We didn't

COMMITTEE TOWN HALL | eLitigation Services, inc.    8
www.elitigationservices.com
310.230.9700 • els@elitigationservices.com

LA County

#1 where I am currently at
#2 where injuries occured
#3 where The cancil is at
#4 where I lived at time of injury

#5 No statutes
#6 The TCC in their TownHall recently SAID IF
I DIScover the NAMEof COUNCIL TO File a
supplement@omni
so I did!

*DENIAL OF Hartford because TCC DIDN'T want to*

one and the same agreement. Execution copies of this Agreement may be delivered by electronic mail in portable document format (pdf.), facsimile or otherwise, which shall be deemed to be an original for the purposes of this Section.

**XIV. HEADINGS.** The headings of the Sections, paragraphs, and subsections of this Agreement are inserted for convenience only and shall not affect the interpretation hereof or, for any purpose, be deemed a part of this Agreement.

**XV. REMEDIES.** It is understood and agreed by the Parties that, without limiting any other remedies available at law or equity, money damages would be an insufficient remedy for any breach of this Agreement by any Party and each non-breaching Party shall be entitled to specific performance and injunctive or other equitable relief as a remedy of any such breach, including, without limitation, an order of the Bankruptcy Court or other court of competent jurisdiction requiring any Party to comply promptly with any of its obligations hereunder, without the necessity of proving the inadequacy of money damages as a remedy. Each of the Parties hereby waives any defense that, with respect to an action for breach of this Agreement, a remedy at law is adequate and any requirement to post bond or other security in connection with actions instituted for injunctive relief, specific performance, or other equitable remedies.

**XVI. GOVERNING LAW AND DISPUTE RESOLUTION.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to such state's choice of law provisions which would require the application of the law of any other jurisdiction. By its execution and delivery of this Agreement, each of the Parties irrevocably and unconditionally agrees for itself, that any legal action, suit or proceeding against it with respect to any matter arising under or arising out of or in connection with this Agreement or for recognition or enforcement of any judgment rendered in any such action, suit or proceeding, shall be brought in the Bankruptcy Court, and each of the Parties irrevocably accepts and submits itself to the exclusive jurisdiction of the Bankruptcy Court.

**XVII. WAIVER OF JURY TRIAL.** EACH OF THE PARTIES TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

**XVIII. NOTICES.** All notices, requests and other communications hereunder must be in writing to the Parties at the following addresses, facsimile numbers or email addresses set forth below or on **Schedule 1** hereto (with notice of same to be provided to all applicable email addresses):

If to the Debtors:

Boy Scouts of America
1325 W. Walnut Hill Lane
Irving, Texas 75015
Attention:    Steven McGowan, General Counsel

18

Email:        Steve.McGowan@scouting.org

with copies to:

White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
Attention:    Jessica C. Lauria
Email:        jessica.lauria@whitecase.com

– and –

White & Case LLP
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Attention:    Michael C. Andolina
              Matthew E. Linder
Email:        mandolina@whitecase.com
              mlinder@whitecase.com

If to the Coalition:

Coalition of Abused Scouts for Justice
c/o Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Telephone:    (212) 209-4800
Attention:    David J. Molton
              Eric R. Goodman
Email:        dmolton@brownrudnick.com
              egoodman@brownrudnick.com
              sbeville@brownrudnick.com
              taxelrod@brownrudnick.com

If to the Official Committee of Tort Claimants:

Official Committee of Tort Claimants
c/o Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Attention:    James I. Stang
              John W. Lucas
              James E. O'Neill
Email:        jstang@pszjlaw.com
              jlucas@ pszjlaw.com

19

ex. 10



Omni Agent Solutions
5955 DeSoto Ave., Suite 100
Woodland Hills CA 91367

John

Jdoherty@
omniagent
.com

310-230-9700

PAchulski STANG
150 California St
SF CA 94111
BSA
Thall → fort Claimonts
cquittie

Zieh + Jones
LLP

SANTA CLARITA CA 913

5 MAR 2021 PM 2

ZIP 91367
02 4W
0000358861 MAR 05 2021

U.S. POSTAGE >> PITNEY BOWES

$ 000.51⁰

900012-290750

PLEASE FORWARED TO PRESIDENT OR LEGAL DEPARTMENT, OR ADDRESSEE

PRIVILEGED LEGAL COMMUNICATION

LISTING AVA-
2718 Montana Ave
                    #222
Billings, MT  59101
                619-222-3667

ClAIMS

$ex.11$

## Schedule 1

### State Court Counsel

| FIRM | NOTICE ADDRESS | CLAIMS |
|---|---|---|
| Slater Slater Schulman LLP | Attn: Adam P. Slater (aslater@sssfirm.com) 488 Madison Avenue 20th Floor New York, NY 10022 | 14170 |
| ASK LLP | Attn: Joseph Steinfeld (jsteinfeld@askllp.com) 151 West 46th Street, 4th Floor New York, NY 10036 | 3277 |
| Andrews & Thornton, AAL, ALC | Andrews & Thornton Attn: Anne Andrews (aa@andrewsthornton.com) 4701 Von Karman Ave., Suite 300 Newport Beach, CA 92660 | 3009 |
| Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. | Attn: Stewart J. Eisenberg (stewart@erlegal.com) 1634 Spruce Street Philadelphia, PA 19103 | 16869 |
| Junell & Associates PLLC | Attn: Deborah Levy (dlevy@junell-law.com) 3737 Buffalo Speedway Ste. 1850 Houston, TX 77098 | 2918 |
| Reich & Binstock LLP | Attn: Dennis Reich (dreich@reichandbinstock.com) 4265 San Felipe St. #1000 Houston, TX 77027 | 336 |
| Krause & Kinsman Law Firm | Attn: Adam W. Krause (adam@krauseandkinsman.com) 4717 Grand Avenue #300 Kansas City, MO 64112 | 5981 |
| Bailey Cowan Heckaman PLLC | Attn: Aaron Heckaman (aheckaman@bchlaw.com) 5555 San Felipe St. Ste. 900 Houston, TX 77056 | 1026 |
| Jason J. Joy & Associates, PLLC | Attn: Jason Joy (jason@jasonjoylaw.com) 909 Texas St, Ste 1801 | 690 |

|  | Houston, TX 770022 |  |
|---|---|---|
| Motley Rice LLC | Attn: Daniel Lapinski (dlapinski@motleyrice.com) 28 Bridgeside Blvd. Mt. Pleasant, SC 29464 | 343 |
| Weller Green Toups & Terrell LLP | Attn: Mitchell Toups (matoups@wgttlaw.com) 2615 Calder Ave. #400 Beaumont, TX 77702 | 974 |
| Colter Legal PLLC | Attn: John Harnishfeger (john.harnishfeger@colterlegal.com) 1717 K St. NW Suite 900 Washington D.C. 20006 | 162 |
| Christina Pendleton & Associates, PLLC | Attn: Staesha Rath (sr@cpenlaw.com) 1506 Staples Mill Rd. Suite 101 Richmond, VA 23230 | 309 |
| Forman Law Offices, P.A. | Attn: Theodore Forman (ted@formanlawoffices.com) 238 NE 1st Ave. Delray Beach, FL 33444 | 125 |
| Danziger & De Llano LLP | Attn: Rod de Llano (rod@dandell.com) 440 Louisiana St. Suite 1212 Houston, TX 77002 | 173 |
| Swenson & Shelley | Attn: Kevin Swenson (kevin@swensonshelley.com) 107 South 1470 East, Ste. 201 St. George, UT 84790 | 175 |
| Cohen Hirsch LP (formerly Brooke F. Cohen Law, Hirsch Law Firm) | Attn: Brooke F. Cohen (brookefcohenlaw@gmail.com) Attn: Andrea Hirsch (andrea@thehirschlawfirm.com) 4318 Glenwick Lane Dallas, TX 75205 | 64 |
| Damon J. Baldone PLC | Attn: Damon J. Baldone (damon@baldonelaw.com) 162 New Orleans Blvd. Houma LA 70364 | 471 |

12

CAUSE of Action 32

A California prisoner made a prima facie claim that his federal First Amendment constitutional right of access to the courts was violated because he was denied access to the prison law library during lockdowns, preventing him from filing a timely brief in his direct appeal of his conviction.[138] In contrast, a Nevada prison system ban on personal possession of typewriters by prisoners did not infringe upon the right to court access, where the prisoners did not show that they had been unable to prepare court pleadings.[139]

The Alameda County jail's system for legal research did not violate an inmate's right to self-representation where, although the inmate lacked direct access to a law library and lacked advisory counsel, he had access through trained legal research assistants to a "comprehensive list of legal materials," his requests for legal materials "were not limited in number and were directed to experienced professionals," and he could obtain "topical information pamphlets" to assist his research.[140]

### D.   Initiating and Defending Against Lawsuits

A recently enacted law directs the California Judicial Council to develop a pilot project to provide representation for low-income people in civil matters involving housing, domestic violence or civil harassment, conservatorships and guardianships, elder abuse, or parental rights and child custody actions.[141]

Where a prisoner filed a *pro se* personal injury lawsuit in state court, the court was not required to appoint an attorney for the prisoner or to order prison officials to arrange for the prisoner to appear at court proceedings. However, if an indigent prisoner is a party to a civil action involving personal or property interests, a trial court must assure that the prisoner is afforded meaningful access to the courts. There are alternative ways for a court to accomplish this goal, such as deferring the action until the prisoner is released, appointing counsel, transferring the prisoner to court, using depositions in lieu of personal appearances, holding the trial in prison, conducting hearings by telephone, propounding written discovery, or using closed-circuit television or other electronic media. An unrepresented prisoner in a civil case was denied meaningful access to the courts where he vigorously pursued his claim to the best of his ability and made many reasonable though unsuccessful attempts at effecting service, filing timely motions, and appearing at hearings.[142]

---

[138] Hebbe v. Pliler (9th Cir. 2010) 627 F.3d 338.

[139] Nevada Dept. of Corrections v. Greene (9th Cir. 2011) 648 F.3d 1014.

[140] People v. James (2011) 202 Cal.App.4th 323, 336 [136 Cal.Rptr.3d 85].

[141] Government Code §§ 68650-68651.

[142] Apollo v. Gyaami (2008) 167 Cal.App.4th 1468, 1482-1485 [85 Cal.Rptr.3d 127]; see also Wantuch v. Davis (1995) 32 Cal.App.4th 786, 792 [39 Cal.Rptr.2d 47].

27.

## CAUSE of ACTION 33

A trial court abused its discretion in a state tort case when it had authorized a prisoner to appear telephonically at a case management conference, and their dismissed the case because the prisoner did not appear, even though the prisoner had informed the court that prison staff were not allowing him to appear by telephone.[43]

[illegible faded text]

[illegible faded text]

[illegible faded text]

[43] Jameson v. Desta (2009) 179 Cal.App.4th 672, 682-684 [101 Cal.Rptr.3d 345].

28

000105

14

CASE LAW # 12

Apollo v. Oyaami (2008) 167 CAL. App. 4th 1468, 1482-1485 [85 CAL. Rptr. 3d 127] & Wantuch v. Davis (1995) 32 CAL. App. 4th 786-792 [39 CAL. Rptr. 2d 47] & Jameson v. Desta (2009) 179 CAL. App. 4th 672, 682-684 [101 CAL. Rptr. 3d 345]

(1st amendment of the Constitution)

If an indigent prisoner is a party to a civil Action involving personal or property interests a trial court must provide prisoner w/ meaningful Access to the courts: appoint counsel, transfer to court, conduct hearings by telephone or in jail, propounding written discovery or electronicly - in Jameson v. Desta abused it's Discretion in a state TORT by authorizing prisoner to appear by phone - at 6 C.m. conference then dismissed CASE because he did not appear even though he informed courts they wouldn't let him use phone law machine/library, access to forms, etc.

IN re Allison (1967) 66 CAL. 2d 282-288

IN re Grimes (1989) 208 CAL. App. 3d 1175 (1182)

← Supreme Court

PC 1567, 2620, 2622-2623, 2625

000085

000106

15

9

## CAUSE of ACTION 31

Civil procedure > pretrial matters >
conferences > Case Management

Trial courts are responsible for the
monitoring of civil cases for purposes
of expedition > a status conference
is 1 of the tools to monitor proceedings.
T.C conference discussions held 4 arbitration,
At transfer > municipal court
regulation of discovery, etc.

Counsel + in pro per litigants are
required to be present

PC 1567, 2620, Code Civ. proc.
§ 1997, PC § 2622-2623
Code Civ. proc. § 128 (a)(3)
                    (a)(5)

& PC 2625

remedies book

§2601(e) Prisoners rights to
defend + prosecute bona fide
civil actions

16.

# CAUSE OF ACTION 30    6

## CAL. PEN. CODE §1567

"when it is necessary to have a prisoner
brought before a court, an order before
that purpose may be made by the court
& executed by sheriff, signed by the
judge/magistrate w/ seal of orders of
the court:

County of _____
The people of the state of CA
to (sheriff).

DATE _____

## CAL. PEN. code §2601 (e)

A prisoner has a Guaranteed RIGHT
to initiate civil actions & the
statutory right to meaningful
access to the courts to prosecute.
A prisoner may not be deprived
by his inmate status of meaningful
access to civil courts if prisoner
is indigent & a party to bona fide
civil action threatening his
personal/property interests.

Remedies (book)

17

13

Civil procedures > parties > self
Representation > overview

In pro-per litigants are entitled to
the same rights as represented
litigants, & trial courts have a duty
in the name of public policy to
expeditiously process civil cases.
Adherance to hese important
principles, however must yield to
the even greater principles of
providing in pro per litigants
w/ Meaning full access to the
courts & of deciding bona fide
civil actions on their merits.

• Your court refuses to inquire
into my complaints of denial of
access nor is my non appearance access/compliance
willful. You authorize me to
use the phone & LASD won't let me
I have repeatedly made my clear
desire to participate in all court
proceedings & am informing the
court that I am not being
allowed to do so.
PRISON WALLS DO NOT FORM A barrier to
THE CONSTITUTION

Copyright © 2021 *Abused in Scouting*, All rights reserved.

Our mailing address is:
3667 Voltaire Street
San Diego, California 92106

Want to change how you receive these emails?
You can update your preferences or unsubscribe from this list.

18

support@ava.law

← MY AVA law group

briana@ava.law
888 aa scout

# Fwd: BSA Update 1/20/22

Inbox

12:33 AM (8
hours ago)

to me

---------- Forwarded message ---------
From: **AIS** <support@ava.law>
Date: Thu, Jan 20, 2022, 7:23 PM
Subject: BSA Update 1/20/22
To

\ 9

D-7 attachment

View this email in your browser

# AIS

$2.0$

## ABUSED IN SCOUTING

January 20th, 2022

**RE:** **Claim Against the Boy Scouts of America (Privileged & Confidential; Attorney-Client Communication)**

Hello,

We are writing to you today with an update on your case against the Boy Scouts of America (BSA) in the U.S. Bankruptcy Court in Wilmington, Delaware. This will be another short update as the hearing that had been scheduled this week on Tuesday, January 18th, was canceled but there is a new hearing that has been scheduled for next week on Monday, January 24th at 2:30 pm EST.

Mediation has continued this week (essentially three straight weeks now) and on Monday, January 24th we will hear from Judge Silverstein on what her opinion is on where the vote came out. I know this has not been a quick start to the calendar year in terms of your case against the BSA, but as of today, the plan confirmation hearing is still scheduled for February 22nd, 2022. And we will have another update out to you one week from today on Thursday, January 27th.

Thank you, thank you, thank you for your continued patience and support of our efforts. Stay safe, have a good weekend, and I look forward to sending you another update next Thursday.

Sincerely Yours,

Andrew Van Arsdale



888-99-SCOUT  |  3667 VOLTAIRE STREET  |  SAN DIEGO, CALIFORNIA 92106

ABUSEDINSCOUTING.COM