# EXHIBIT A

**Twelfth Mediator's Report**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## TWELFTH MEDIATOR'S REPORT

The Court appointed Timothy V.P. Gallagher to serve as the Mediator in the above-captioned cases under the *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief*, dated June 9, 2020 [D.I. 812] (the "Mediation Order").[2]

With the assistance of the Mediator, on March 17, 2022, the Debtors, the Roman Catholic Ad Hoc Committee (the "RCAHC") and its individual members, the Tort Claimants' Committee, the Future Claimants' Representative, the Coalition of Abused Scouts for Justice, the Ad Hoc Committee of Local Councils, and Settling Insurance Companies (collectively, the "Parties") reached a settlement, a copy of which is attached hereto as **Exhibit A** (the "RCAHC Term Sheet").[3] The terms of the RCAHC Term Sheet will be appended to and incorporated by reference in the Plan or the Confirmation Order.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Mediation Order, the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (the "Plan") or the RCAHC Term Sheet (as defined below), as applicable.

[3] The summary provided in this report is for illustrative purposes only. In the event of any inconsistency between this summary and the RCAHC Term Sheet, the terms of the RCAHC Term Sheet shall control. The Parties reserve the right to make further nonmaterial changes and corrections to the form of RCAHC Term Sheet attached hereto.

The Mediator appreciates the diligence of all of the Parties in negotiating the settlement terms.  The Mediator expresses no view on the merits of the settlement terms or the confirmability of any plan, matters properly reserved for the Court.

This report is submitted with the consent of the Parties.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March 17, 2022                    */s/ Timothy V.P. Gallagher*
                                           Timothy V.P. Gallagher, Mediator

# **EXHIBIT A**

**EXECUTION VERSION**

## RCAHC SETTLEMENT

This agreement (the "Term Sheet") dated March 17, 2022 represents the settlement agreement between and among the Roman Catholic Ad Hoc Committee (the "RCAHC"), and each of its individual members, including all members set forth in the third amended verified Rule 2019 statement filed by the RCAHC [D.I. 8740] and attached hereto as Schedule 1, Boy Scouts of America and Delaware BSA, LLC, as debtors and debtors in possession (collectively, the "BSA" or the "Debtors"), the Ad Hoc Committee of Local Councils (the "AHCLC"), the Coalition of Abused Scouts for Justice, solely and only in its capacity as an ad hoc committee (the "Coalition"),[1] the Future Claimants' Representative (the "FCR"), and the Tort Claimants' Committee (the "TCC", and, collectively with the Settling Insurance Companies, the Debtors, the AHCLC, and the Coalition, the "Parties").[2]  This Term Sheet will be appended to and incorporated by reference to the Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC [D.I. 8813] (as amended to include this Term Sheet, as may be further amended, modified, or supplemented from time to time, the "Plan") or the order confirming such Plan.[3]

The term "Roman Catholic Entities" means each and every (i) Roman Catholic parish, school, diocese, archdiocese, association of religious or lay Persons in the United States or its territories that sponsored, promoted, hosted, was involved with, or provided any support in connection with Scouting activities in any way, including as a social service organization, ministry, camping ministry, or by the use of a camp facility, camp, retreat, or other facilities in connection with Scouting activities, regardless of whether any of the foregoing entities is or was a Chartered Organization at any time or whether such facilities were owned or leased by any of such entities or a third party; (ii) all entities listed or eligible to be listed in the Official Catholic Directory since January 1910, (iii) all Representatives of the foregoing, including their attorneys, any affiliates and the RCAHC. However, no Perpetrator is or shall be a Roman Catholic Entity.

WHEREAS, the RCAHC has asserted certain objections to confirmation and testimony and exhibits relating thereto (the "Objections");

WHEREAS, the Parties wish to resolve disputes concerning such Objections;

WHEREAS, as provided herein and subject to the terms of the settlement, subject to the clarification of terms described below, the RCAHC will withdraw its Objections and support confirmation of the Plan;

1.      This Term Sheet shall be binding on the Parties when each of the Parties has executed this Term Sheet, except as provided in Footnote 6 hereof with respect to members of the

---

[1] For the avoidance of doubt, no holders of Direct Abuse Claims are or shall be deemed Parties to this Term Sheet or the Agreement.

[2] Notwithstanding anything to the contrary in this Term Sheet, the obligations and undertakings of the AHCLC in connection with this Term Sheet or the Agreement shall be no greater than the AHCLC's parallel obligations and undertakings under Section III of the Restructuring Support Agreement (including the "No Liability" subsection thereof) filed at Dkt. 5466-2.

[3] Capitalized terms not defined in this Term Sheet shall have the meanings ascribed to such terms in the Plan, as applicable or modified to be consistent with this Term Sheet.

RCAHC that are debtors in their own bankruptcy cases (each a "<u>Debtor RCAHC Member</u>").

2.  The Plan and/or the Confirmation Order shall be amended to provide that Roman Catholic Entities other than those that have specifically opted out of such treatment (and do not withdraw such opt-out) shall be treated as Participating Chartered Organizations, provided that the RCAHC withdraws its Objections and the parishes and related entities of the Archdiocese of New York withdraw their independent joinder.[4] The Plan and/or Confirmation Order shall also be amended to incorporate the following definition of Roman Catholic Entities:

> *"'Roman Catholic Entities' shall mean each and every (i) Roman Catholic parish, school, diocese, archdiocese, association of religious or lay Persons in the United States or its territories that sponsored, promoted, hosted, was involved with, or provided any support in connection with Scouting activities in any way, including as a social service organization, ministry, camping ministry, or by the use of a camp facility, camp, retreat, or other facilities in connection with Scouting activities, regardless of whether any of the foregoing entities is or was a Chartered Organization at any time or whether such facilities were owned or leased by any of such entities or a third party; (ii) all entities listed or eligible to be listed in the Official Catholic Directory since January 1910, (iii) all Representatives of the foregoing, including their attorneys, any affiliates and the RCAHC. However, no Perpetrator is or shall be a Roman Catholic Entity."[5]*

3.  Upon execution of this Term Sheet, the RCAHC and each of its members shall:

    a)  support confirmation of the Plan, the releases, injunctions and assignments contained therein and the Insurance Settlements;[6]

    b)  withdraw all discovery served in connection with the Plan, as applicable;

    c)  withdraw all objections to any declarations filed in connection with confirmation of the Plan, including with respect to the objection to the Declaration of Mr. Brian Whittman [D.I. 9310].

    d)  withdraw all objections to confirmation of the Plan and the approval of the Plan Documents, including the making of all findings of fact and conclusions of law therein; and

---

[4] For the avoidance of doubt and regardless of anything in this Term Sheet, prompt withdrawal of any objection to the Plan by any Debtor RCAHC Member or any other Chartered Organization in bankruptcy does not require such entities to seek authorization from any other court.

[5] The foregoing provision is included for the avoidance of doubt. The channeling injunction and releases provided to the Participating Chartered Organizations not affiliated with the Roman Catholic Church (including other faith-based institutions) and their related entities are consistent with the foregoing scope.

[6] Debtor RCAHC Members may submit opt-in elections, subject to bankruptcy court approval, to the extent required by the Bankruptcy Code. Furthermore, except as provided herein, any affirmative obligations of Debtor RCAHC Members arising under this Term Sheet remain subject to bankruptcy court approval in their own bankruptcy cases solely to the extent required by the Bankruptcy Code.

     e)   withdraw any expert reports submitted in the Chapter 11 Cases.

4.               So long as the Roman Catholic Entities are included as Participating Chartered Organizations and receive the benefits of the injunctions and releases for such parties under the Plan, the RCAHC will work in good faith with the Debtors to encourage and recommend to non-RCAHC member Roman Catholic Entities that they should (1) withdraw any opt-out election and (2) withdraw any objection or response to the confirmation of the Plan (excluding any joinders in support of confirmation of the Plan), and otherwise not object to the confirmation of the Plan and the approval of the Plan Documents. The RCAHC shall work in good faith with the Debtors to encourage any such parties that have objected to the Plan or otherwise opted out of the protections afforded them in the Plan as Participating Chartered Organizations to promptly withdraw any objections to the Plan or Plan Documents and withdraw their opt-out elections; provided, however, that with respect to the Roman Catholic Entities that are in bankruptcy and must opt in in order to be afforded such protections, the RCAHC shall work in good faith with the Debtors to encourage such Roman Catholic Entities to promptly submit opt-in elections, subject to bankruptcy court approval, if required by the Bankruptcy Code, and thereafter seek bankruptcy court approval within their own bankruptcy cases regarding the opt-in to the extent required by the Bankruptcy Code;[7] provided further however, to the extent such objection or opt-out is not withdrawn (or in the case of Roman Catholic Entities in bankruptcy, such election to opt-in is not provided), such Entity shall receive the treatment under the Plan for Opt-Out Chartered Organizations.

5.     The members of the RCAHC shall work with the BSA and the Local Councils to improve and support Scouting, at least through the year 2036. The RCAHC and its members agree to recommend to the U.S. Council of Bishops that they encourage all Roman Catholic Entities to work with the BSA and the Local Councils to improve Scouting and grow Scouting, at least through the year 2036. The support provided by the Roman Catholic Entities may, but is not required to, include engaging with the BSA and Local Councils to (a) recommend that Catholic dioceses support Scouting as part of their youth ministry; (b) cooperate with Local Councils in establishing new units; (c) continue to support existing units; (d) allow local parishes to promote and encourage participation Scouting; and (e) continue to support religious awards in Scouting program.

6.     The RCAHC shall cooperate and support the BSA's Youth Protections efforts, including, but not limited to, designating a member to serve on the Youth Protection Committee and facilitating cooperation by the Roman Catholic Entities with the enhanced Youth Protection protocols included in the Plan.

7.     The Document Appendix shall be amended to provide at the end of Section 9 as follows:

---

[7] Any Roman Catholic Entity that is a debtor in bankruptcy has until thirty (30) days following entry of the order confirming the Plan to seek bankruptcy court approval within their own bankruptcy cases regarding opting-in to the extent such approval is required by the Bankruptcy Code.

> *"Solely with respect to the RCAHC, its members and Roman Catholic Entities, the Settlement Trustee and holders of Direct Abuse Claimants may issue subpoenas hereunder under the authority of FRBP 2004 solely for the purpose of pursuing Direct Abuse Claims filed with the Trust (whether pursuant to the general procedures in Article V or VII or the Independent Review Option in Article XIII); provided that, the holder of a Direct Abuse Claim shall obtain the written approval of the Settlement Trustee that the proposed discovery is for the purpose of administering Direct Abuse Claims in the Trust before issuing a subpoena; and provided further, that nothing herein shall prejudice the rights of the holder of a Direct Abuse Claim to seek any discovery by lawful means (including filing a motion for an order under FRBP 2004) if the Settlement Trustee does not grant the requested approval."*

8.    The following language will be added to Article X.F.3 of the Plan or the Confirmation Order:

> *"The protections provided under this Article X.F.3 shall apply, including without limitation, to all insureds and co-insureds covered under insurance policies that are sold back to the Settling Insurance Companies pursuant to the terms of the Plan or an Insurance Settlement Agreement."*

9.    A three member "Chartered Organization Advisory Group" consisting of representatives of Participating or Contributing Chartered Organizations shall be formed to advise the Settlement Trustee, Former Judge Houser, about Chartered Organizations' concerns as to any future insurance settlements and other issues.  The Chartered Organization Advisory Group may also advise the Settlement Trustee regarding coordination of claims information and settlement negotiations with Chartered Organizations. The group shall be entirely advisory in nature, shall have no fiduciary duties, and shall not have the authority to bind or control the Settlement Trustee, any Chartered Organization or other party.  A representative of the RCAHC shall be a member of this advisory group.

10.    The following language will be added to section X.G.1.e of the Plan or the Confirmation Order:

> *"For the avoidance of doubt, and consistent with section X.G.1.c of the Plan, Participating Chartered Organizations and Contributing Chartered Organizations retain the right to seek coverage from the Settling Insurance Companies under policies issued directly to such Chartered Organizations for defense costs incurred in connection with the enforcement of the injunction with respect to an Abuse Claim until the time the Abuse Claim is determined to be an Abuse Claim by a court."*

11.    The Settlement Trust will maintain the data room of policy documentation and the Excel spreadsheets that identify the historic Boy Scouts and Local Council insurance policies for five (5) years after the Effective Date of the Plan.  Access to this information will be

provided to Chartered Organizations and plaintiffs' counsel who want to determine if the injunction or releases bar suit from being filed.

12.    The Local Councils will use reasonable best efforts to search for insurance policies and evidence of insurance policies on request of a Chartered Organization that has been named or may be named in a claim or lawsuit.

13.    On or as soon as reasonably practicable after the Effective Date, and subject to the Bankruptcy Court granting a motion filed pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law, Reorganized BSA shall reimburse the RCAHC amounts they have paid to its counsel, ArentFox Schiff LLP and Potter Anderson & Corroon LLP (the "RCAHC Professionals") for, reasonable, documented, and contractual professional advisory fees and expenses incurred by the RCAHC Professionals (the "RCAHC Restructuring Expenses"); provided, however, that, without limiting the foregoing, the RCAHC Restructuring Expenses shall be in an aggregate amount not to exceed $1,500,000, any award of such fees shall be payable by Reorganized BSA over the course of the twenty four (24) month period following the Effective Date of the Plan in four equal installments with the first installment due six (6) months following the Effective Date of the Plan. Notwithstanding anything to the contrary in the Plan, the RCAHC Restructuring Expenses shall be subject to the terms of Article II.A.2 of the Plan, with the following modifications: (x) RCAHC Professionals shall comply with the procedures and processes set forth in Article II.A.2 by filing final fee application(s), which, for attorneys or law firms who are RCAHC Professionals, shall include time entry detail, which may be redacted for privilege; and (y) payment or reimbursement of RCAHC Restructuring Expenses shall be subject to the review and procedure of the Fee Examiner.

The Parties shall not object to the granting of a motion filed pursuant to sections 363(b), 1129(a)(4) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 9019, or otherwise applicable bankruptcy and non-bankruptcy law, for the reimbursement and/or payment of the RCAHC Restructuring Expenses.

14.    Notwithstanding anything else in this Term Sheet to the contrary, no term or condition of this Term Sheet shall require the BSA, the FCR, or the TCC to take or refrain from taking any action that it determines would be inconsistent with its fiduciary duties.

15.    Parties shall cooperate with each other to coordinate on timing and substance of public statements of settlement, including press releases, court filings and in-court statements.

16.    The persons signing this Term Sheet on behalf of the RCAHC represent that they have authority to enter into this Term Sheet on behalf of the RCAHC.

17.    This Term Sheet may be executed in one or more counter parts that, when exchanged and complied by email or other means shall constitute one single, effective summary of the Parties' agreements.

18.    This Term Sheet shall be governed by Delaware law.

IN WITNESS WHEREOF, the Parties have duly executed this Term Sheet as of the last date indicated below.

EXECUTION VERSION

**BSA (as defined)**                    **Roman Catholic Ad Hoc Committee**

By:    */s/ Roger C. Mosby* _____        By:    _____

Name: Roger C. Mosby _____        Name: _____

Title:  President and CEO _____        Title:  _____

Date:   March 17, 2022 _____        Date:  _____

**BSA (as defined)**

By: _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Ad Hoc Committee**

By: _Rodny W Oligmull_

Name: _RODNEY W. OLIGMUELLER_

Title: _COMMITTEE CHAIRMAN_

Date: _3/17/2022_

**EXECUTION VERSION**

**Century Indemnity Company**

By: _R A O ___

Name: _Robert Omrod_

Title: _President_

Date: _3/16/22_

**Westchester Fire Insurance Company & Federal Insurance Company**

By: _____

Name: _Christopher Celentano_

Title: _SVP Coverage & Complex Claims_

Date: _3/16/2022_

**FUTURE CLAIMANTS REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**OFFICIAL COMMITTEE TORT CLAIMANTS**

The TCC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**FUTURE CLAIMANTS REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**OFFICIAL COMMITTEE TORT CLAIMANTS**

The TCC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: *John P Humphrey Jr*

Dated: _____3/17/22_____

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**FUTURE CLAIMANTS REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**OFFICIAL COMMITTEE TORT CLAIMANTS**

The TCC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _Eric Goodman_

Dated: _3-17-2022_

**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**FUTURE CLAIMANTS REPRESENTATIVE**

In my capacity as Future Claimants Representative, I consent to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**OFFICIAL COMMITTEE TORT CLAIMANTS**

The TCC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**COALITION OF ABUSED SCOUTS FOR JUSTICE**

The Coalition consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: _____

**AD HOC COMMITTEE OF LOCAL COUNCILS**

The AHCLC consents to the Debtors' execution of the Term Sheet and entry into the RCAHC Settlement.

By: _____

Dated: March 17, 2022 _____

**EXECUTION VERSION**

# RCAHC MEMBERS

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By: /s/ *Rudy W Oligmueller*

Name: RUDNEY W. OLIGMUELLER

Title: AVP SPECIALTY CLAIMS

Date: 3/17/2022

**Roman Catholic Diocese of Sioux City**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Joliet**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Omaha**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Winona-Rochester**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Archdiocese of Washington, D.C.**

By: /s/ _____

Name: _____

Title: _____

Date: _____

## RCAHC MEMBERS

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Sioux City**

By: _/s/_ Royce Ranniger

Name: Royce Ranniger

Title: Asst. Secretary

Date: 3-16-2022


**Roman Catholic Diocese of Joliet**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Omaha**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Winona-Rochester**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Archdiocese of Washington, D.C.**

By: _/s/_____

Name: _____

Title: _____

Date: _____

EXECUTION VERSION

**RCAHC MEMBERS**

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Sioux City**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Joliet**

By:    /s/ _D~ Schoed_

Name: _Brian Schroeder_

Title: _CFO_

Date: _3/16/22_

**Roman Catholic Diocese of Omaha**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Winona-Rochester**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Archdiocese of Washington, D.C.**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

## RCAHC MEMBERS

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Sioux City**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Joliet**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Diocese of Omaha**

By: /s/ _____

Name: James J Stolze

Title: CFO

Date: 3/16/22


**Roman Catholic Diocese of Winona-Rochester**

By: _/s/_____

Name: _____

Title: _____

Date: _____


**Roman Catholic Archdiocese of Washington, D.C.**

By: _/s/_____

Name: _____

Title: _____

Date: _____

EXECUTION VERSION

## RCAHC MEMBERS

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Sioux City**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Joliet**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Omaha**

By: /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Winona-Rochester**

By: /s/ *Andrew D. Brannon*

Name: *Andrew D. Brannon*

Title: *COO/CFO*

Date: *3/16/2022*

**Roman Catholic Archdiocese of Washington, D.C.**

By: /s/ _____

Name: _____

Title: _____

Date: _____

EXECUTION VERSION

## RCAHC MEMBERS

IN WITNESS WHEREOF, the RCAHC Member have duly executed this Term Sheet individually on their own behalf and as RCAHC members as of the last date indicated below.

**Catholic Mutual Relief Society of America**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Sioux City**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Joliet**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Omaha**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Winona-Rochester**

By:    /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Archdiocese of Washington, D.C.**

By:    /s/ _____

Name: Christopher Anzidei

Title: General Counsel

Date: March 16, 2022

**Roman Catholic Archdiocese of New York**

By:  */s/*

Name:  *Frank Napolitano*

Title:  *Chief Administrative Officer*

Date:  *3/16/22*

**Roman Catholic Archdiocese of Chicago**

By:  */s/*

Name:  _____

Title:  _____

Date:  _____

**Roman Catholic Diocese of Syracuse**

By:  */s/*

Name:  _____

Title:  _____

Date:  _____

**Roman Catholic Diocese of Rochester, New York**

By:  */s/*

Name:  _____

Title:  _____

Date:  _____

**Roman Catholic Diocese of Buffalo**

By:  */s/*

Name:  _____

Title:  _____

Date:  _____

**EXECUTION VERSION**

**Roman Catholic Archdiocese of New York**

By:     /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Archdiocese of Chicago**

By:     /s/ James C. Geoly _____
                    E4815DBE482B42A...

Name:  James C. Geoly _____

Title:  General Counsel _____

Date:  3/16/2022 _____

**Roman Catholic Diocese of Syracuse**

By:     /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Rochester, New York**

By:     /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Diocese of Buffalo**

By:     /s/ _____

Name: _____

Title: _____

Date: _____

**Roman Catholic Archdiocese of New York**

By:      _/s/_ _____

Name:   _____

Title:   _____

Date:   _____

**Roman Catholic Archdiocese of Chicago**

By:      _/s/_ _____

Name:   _____

Title:   _____

Date:   _____

**Roman Catholic Diocese of Syracuse**

By:      _/s/_ _____

Name:   _____

Title:   _____

Date:   _____

**Roman Catholic Diocese of Rochester, New York**

By:      _/s/_ _____

Name:   _____

Title:   _____

Date:   _____

**Roman Catholic Diocese of Buffalo**

By:      _/s/_ _S. Regina Murphy, SSMN_

Name:   Sr. Regina Murphy, SSMN

Title:   Chancellor

Date:   March 17, 2022

**Schedule 1**

| Committee Member | Address | Affiliation |
|---|---|---|
| Rodney W. Oligmueller | 10843 Old Mill Rd<br>Omaha, NE 68154-2600 | Catholic Mutual Relief Society of America |
| Royce Ranniger | 1821 Jackson Street<br>Sioux City, IA 51105 | Roman Catholic Diocese of Sioux City |
| Brian Schroeder | 16555 Weber Road<br>Crest Hill, IL 60403 | Roman Catholic Diocese of Joliet |
| James J. Stolze | 2222 N. 111th Street<br>Omaha, NE 68164 | Roman Catholic Diocese of Omaha |
| Andrew D. Brannon | 55 W. Sanborn St.<br>Winona, MN 55987 | Roman Catholic Diocese of Winona-Rochester |
| Chris Anzidei | P.O. Box 29260<br>Washington, D.C. 20017-0260 | Roman Catholic Archdiocese of Washington, D.C. |
| Frank Napolitano | 1011 First Ave.<br>New York, NY 10022 | Roman Catholic Archdiocese of New York |
| James C. Geoly | 835 N. Rush St.<br>Chicago, IL 60611 | Roman Catholic Archdiocese of Chicago |
| Stephen A. Breen | 240 East Onondaga Street<br>Syracuse, NY 13202 | Roman Catholic Diocese of Syracuse |
| Lisa M. Passero | 1150 Buffalo Road<br>Rochester, NY 14624 | Roman Catholic Diocese of Rochester, New York |
| Sr. Regina Murphy | 795 Main Street<br>Buffalo, NY 14203 | Roman Catholic Diocese of Buffalo |