**Exhibit M**

EXECUTION COPY

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

**WHEREAS,** ███████ ("Claimant"), born September 30, 1986, has asserted a claim

against Corporation of the President of The Church of Jesus Christ of Latter-day Saints and

successors, a Utah corporation sole, Corporation of the Presiding Bishop of The Church of Jesus

Christ of Latter-day Saints, a Utah corporation sole (collectively, "LDS"), Boy Scouts of America, a

congressionally chartered corporation ("BSA"), and the Grand Canyon Council, Boy Scouts of

America ("Council"), regarding alleged incidents of sexual abuse that were perpetrated by ██████

███ (the "Dispute");

**WHEREAS,** LDS, BSA, and Council deny legal liability for the claims alleged in the

Dispute;

**WHEREAS,** Claimant and LDS, BSA, and Council desire to settle the Dispute without

admitting any fault or liability on the part of LDS, BSA, or Council, and desire to bring to a final

conclusion any and all matters now arising or that could arise from the Dispute;

**NOW, THEREFORE,** in consideration of the following and the mutual covenants herein,

and for good and valuable consideration;

**IT IS HEREBY AGREED,** by and between the parties, that any and all disputes between

Claimant and LDS, BSA, and Council and all matters relating to and/or arising from the Dispute be

settled upon the following terms and conditions:

1.      Claimant and his counsel, the Law Firm of Crew Janci LLP, agree to accept a total

sum of Seventy Five Thousand Dollars ($75,000) ("the Settlement Payment") as full resolution and

settlement of all claims by Claimant in and relating to the Dispute.

2.      The Settlement Payment set forth in paragraph 1 above constitutes alleged damages

on account of personal physical injuries or physical sickness claimed to have arisen from an

1

**JTX-148**

TCJC008858

occurrence(s) within the meaning of Section 104(a)(2) of the IRS Code of 1986, as amended. No part of the Settlement Payment is for, or in contemplation of, punitive damages. No part of the Settlement Payment is on account of emotional distress damages, other than such damages that flow directly from physical injury or sickness. No part of the Settlement Payment is on account of diminished earning capacity.

     3.    In exchange for the consideration provided for in this Confidential Settlement Agreement and General Release, Claimant, for himself and his heirs, executors, administrators, and assigns (collectively, the "RELEASOR"), fully waives and releases, acquits, and forever discharges LDS, BSA, and Council, and their affiliated entities, organizations, associations, branches, business units, divisions, past, present, and future boards and board members, chartering organizations, and their employees and volunteers, including but not limited to Scoutmasters, troop and pack committees, Scouts, and other volunteers, both registered and unregistered, officers, directors, members, employees, agents, servants, assigns, affiliate entities, corporations, spiritual or religious organizations, subsidiaries and divisions, predecessors and successors in interest, trustees and legal representatives, heirs, executors, administrators, all insurance carriers, and attorneys (collectively, the "RELEASEES"), from any and all claims, liabilities, actions, causes of action, suits, cases, claims for relief, debts, dues, sums of money, damages, judgments, executions, demands, fees and liabilities and expenses (inclusive of attorneys' fees), of any kind whatsoever, whether known or unknown, which he ever had or now has against RELEASEES by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter, up to and including Claimant's execution of this Confidential Settlement Agreement and General Release, including, but not limited to, any claims for violation of any law or the public policy of the United States, the State of Arizona, or any other state; and/or any other federal, state, or local law (statutory or

2

decisional), regulation or ordinance, or United States Constitutional provisions; and any claims, including but not limited to, claims of tort; contract; negligence; punitive damages; fraud; defamation; negligent or intentional infliction of emotional distress; assault; battery; duress; invasion of privacy; bad faith; negligent hiring, retention, or supervision; joint venture or alter ego; conspiracy; vicarious liability; non-physical injuries; personal injury or sickness; or other harm.

4.    Claimant and his counsel represent that they have sought and received independent advice on issues of taxation of the proceeds of this settlement and are not relying upon LDS, BSA, Council, or any of the other RELEASEES on that subject. Claimant and his counsel agree that in the event of any future dispute between Claimant and/or his counsel and the Internal Revenue Service, the Arizona Department of Revenue, or any other federal, state, or local taxing authority, Claimant and his counsel will not seek to recover from LDS, BSA, Council, or any of the other RELEASEES any further payment, recompense, or any other remuneration for any tax assessment or liability. Claimant and his counsel fully release LDS, BSA, Council, and the other RELEASEES from any and all liability, claims, costs, or expenses incurred with respect to issues of taxation related to this settlement or any matters connected with it.

5.    Claimant covenants not to commence, maintain, prosecute, or participate in (except as may be required by law, pursuant to a court order, or in response to a valid subpoena) any action, charge, investigation, complaint, or proceeding of any kind (on his own behalf and/or on behalf of any other person or entity and/or on behalf of or as a member of any alleged class of persons) in any court, or before any administrative or investigative body or agency (whether public, quasi-public, or private), against LDS, BSA, Council, or any RELEASEE with respect to any claim made or asserted or that could have been made or asserted against LDS, BSA, Council, or any RELEASEE relating to and/or arising from the Dispute.

3

6.     Claimant and his attorneys, and LDS, BSA, and Council agree that, except as required by law, they will keep the amount and terms of this settlement strictly confidential, and that they will not disclose to any entity or other person the amount or terms of this settlement, except that Claimant may disclose the terms and amount of settlement to his financial advisor and/or accountant, provided that they agree to maintain the confidentiality of same. For purposes of confidential mental health treatment related to the claims in the Dispute, Claimant may discuss the underlying facts of the claims with a medical doctor, therapist, counselor, and their affiliated professional associates if such information is deemed necessary to his mental health treatment. If asked by any other person about the Dispute, Claimant and his attorneys may respond only by stating words to the effect that Claimant has resolved his claims against the LDS, BSA, and Council. Without any limitation of the foregoing, Claimant and his attorneys shall not disclose the terms or amount of settlement, or disclose or refer to the identity of ███████ as the alleged abuser or references sufficient to identify him, in any public forum, including but not limited to on the internet, to the news media, or in any publication, newsletter or written material, or to any other entity or person. Nothing in this Agreement shall be construed to prohibit Claimant's attorneys from representing additional alleged victims of ██████ or making future public comments about any such future representation.

7.     If any provision of this Confidential Settlement Agreement and General Release is determined by a court of competent jurisdiction not to be enforceable in the manner set forth herein, LDS, BSA, Council, and Claimant agree that it is the intention of the parties that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. Further, if any provision of this Confidential Settlement Agreement and General Release

4

is determined by a court of competent jurisdiction to be invalid or unenforceable, in whole or in part, such validity or unenforceability shall not affect the remaining provisions of this Confidential Settlement Agreement and General Release, which shall remain in full force and effect.

8.    This Confidential Settlement Agreement and General Release shall be binding upon and inure to the benefit of the heirs, legal representatives, successors, and assigns of the parties to this Confidential Settlement Agreement and General Release. This Confidential Settlement Agreement and General Release may be executed in counterparts with the same force and effect as if a single original had been executed by the parties. This Confidential Settlement Agreement and General Release shall be governed by and subject to the laws of the State of Arizona without giving effect to conflict of law rules.

9.    Claimant shall be solely responsible to satisfy any liens or subrogation claims arising from and/or relating to this matter, and Claimant shall indemnify and hold harmless LDS, BSA, Council, and any RELEASEES from any such liens and/or subrogation claims, if any.

10.    Claimant stipulates that as of the date of this settlement, he has not applied for, nor has he received, any non-service connected U.S. Department of Veterans Affairs Disability benefits, Social Security Disability benefits, Railroad Retirement benefits, Medicare benefits, or any other government benefits that relate in any way to any of the injuries that Claimant allegedly has sustained in connection with this matter. Claimant further stipulates to the fact that as a condition of this settlement, LDS, BSA, Council, and any RELEASEES are materially relying upon his assertion that he has not applied for, and has not received, any such benefits as of the date of settlement. Claimant agrees that if he has knowingly or unknowingly misrepresented his benefit status, then he shall indemnify and/or hold harmless LDS, BSA,

CONFIDENTIAL                                                                                    TCJC008862

Council, and any RELEASEES for any loss of such benefits that Claimant may experience, or for any recovery that the U.S. Department of Veterans Affairs, Centers for Medicare and Medicaid Services, or any other governmental agency may pursue against LDS, BSA, Council, and any RELEASEES.

11.    This Confidential Settlement Agreement and General Release does not in any manner constitute an admission of liability or wrongdoing on the part of LDS, BSA, Council, or the RELEASEES, and LDS, BSA, Council, and the other RELEASEES expressly deny any such liability or wrongdoing; and, except to the extent necessary to enforce this Confidential Settlement Agreement and General Release, neither this Confidential Settlement Agreement and General Release nor any part of it may be construed, used, or admitted into evidence in any judicial, administrative, or arbitral proceedings as an admission of any kind by LDS, BSA, Council, or any of the other RELEASEES.

12.    This Confidential Settlement Agreement and General Release represents the entire agreement between the parties hereto. It cannot be amended or modified except by a written agreement signed by all the parties hereto. No other promises or agreements shall be binding unless in writing and signed by Claimant, LDS, BSA, and Council.

13.    Claimant represents and warrants that no other person or entity has, or has had, any interest in the Dispute subject to this agreement, except as otherwise expressly set forth herein, and that the undersigned has the sole right and exclusive authority to execute this agreement and receive the payment specified in it, and that the undersigned has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Confidential Settlement Agreement and General Release.

6

TCJC008863

EXECUTION COPY

14.    Not later than (20) business days after the Claimant's signing of this Agreement, the Settlement Payment shall be paid by check in the amount of $75,000 payable to "Crew Janci LLP FBO Todd Terence Bell."

CLAIMANT CERTIFIES THAT HE HAS READ ALL OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, THAT HE UNDERSTANDS ITS CONTENTS AND ITS FINAL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO HIM TO SIGN IT ARE STATED HEREIN, AND THAT HE IS SIGNING IT AS HIS OWN FREE WILL AND ACCORD AND WITH THE FULL INTENT OF RELEASING LDS, BSA, COUNCIL, AND THE OTHER RELEASEES FROM ALL CLAIMS.

STATE OF _Michigan_ )
                                          ) ss.
County of _Macomb_ )

    On _Oct 31_ , 2016, before me personally came ████ to me known, and to me to be the individual described in, and who executed this Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

APPROVED AS TO FORM
CREW JANCI LLP

_____
Name: _Peter Janci_
Of Attorneys for Claimant
Date: _11/7/16_

ANDREW R DUSENBURY
Notary Public – Michigan
Macomb County
My Commission Expires Sep 7, 2019
Acting in the County of _Macomb_

26438944.1

7

CONFIDENTIAL                                                                                          TCJC008864

CONFIDENTIAL

TCJC008865