**<u>Exhibit P</u>**

12 179

UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

**Fill in the information to identify the case (Select only one Debtor per form):**

☐ In re Boy Scouts of America, Case No. 20-10343 (LSS)
☑ In re Delaware BSA, LLC, Case No. 20-10342 (LSS)

**FILED**

NOV 1 3 2020

By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Delaware

Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under section 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. This form is <u>not</u> be used if you have a claim arising from sexual abuse and you were under the age of eighteen (18) at the time the sexual abuse began. If you have such a claim, you must file a Sexual Abuse Survivor Proof of Claim. For more information on how to file a Sexual Abuse Survivor Proof of Claim, go to: www.officialbsaclaims.com.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Corporation of the President of the Church of Jesus Christ of Latter-day Saints
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Paul Rytting
Name

50        East North Temple Street
Number    Street

Salt Lake City    UT    84150-3630
City              State  ZIP Code

Contact Phone  (801) 240-4642

Contact email  RyttingPD@ChurchofJesusChrist.org

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City       State    ZIP Code

Contact Phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes    Who made the earlier filing? _____

**JTX-14-14**

| 13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? |   | Amount entitled to priority |
|---|---|---|

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☑ Yes    *Check all that apply*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).    $_____

☑ Other. Specify subsection of 11 U.S.C. § 507(a( 2 ) that applies.    $ **See attached Addendum.**

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:     Sign Below**

The person completing this proof of claim must sign and date it.

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    **11 / 13 / 2020**
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | **Paul** | | **Rytting** |
|---|---|---|---|
|  | First Name | Middle Name | Last Name |

Title    **Director of Risk Management**

Company    **Corporation of the President of the Church of Jesus Christ of Latter-day Saints**
           Identify the corporate servicer as the company if the authorized agent is a servicer.

| Address | **50** | **East North Temple Street** | |
|---|---|---|---|
|  | Number | Street | |

| | **Salt Lake City** | **UT** | **84150-3630** |
|---|---|---|---|
|  | City | State | ZIP Code |

Contact Phone    **(801) 240-4642**       Email    **RyttingPD@ChurchofJesusChrist.org**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC

Debtors.[1]

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

ADDENDUM TO PROOF OF CLAIM

The proof of claim ("Proof of Claim") to which this *Addendum* is attached is being filed

by Corporation of the President of the Church of Jesus Christ of Latter-day Saints, a Utah

corporation sole, and on behalf of all predecessor, successor, and affiliated entities (collectively,

the "Church" or "Claimant") pursuant to Federal Rules of Bankruptcy Procedure 3001, 3002, 3003

and section 501 of 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "Bankruptcy Code")

in order to assert the Church's claims (the "Claims") as of February 18, 2020 (the "Petition Date")

and to preserve and assert the Church's rights and remedies, as described herein.

In this Proof of Claim, the Church is asserting multiple Claims, with separate legal and

factual bases, as described below.

**BACKGROUND**

1.       From 1913 to December 2019, the Church was a charter organization of the Boy

Scouts of America ("BSA"). In that time, the Church sent hundreds of thousands of Latter-day

Saint boys and young men into the BSA's scouting program ("Scouting") to gain skills, values,

and spiritual strength through outdoor activities and programs.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification
number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing
address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

2.      In the course of this relationship, the Church and the BSA have entered into certain contractual arrangements whereby the BSA has agreed to indemnify the Church for losses and include the Church as an additional, shared, and/or co-insured party under certain insurance policies issued to the BSA.  Specifically, the BSA agreed to indemnify, hold harmless, assume, and defend the Church, its employees, officers, and directors (collectively, "Indemnitees") regarding any and all costs (including, but not limited to, attorneys' fees, reasonable investigative and discovery costs, and court costs) on account of claims arising or alleged to have arisen out of the BSA activities or the acts or omissions of the BSA and/or its local councils, chartered organizations, or other affiliates in the use of real or personal property belonging to the Indemnitees on various separate occasions (the "Indemnification Agreements").[2]  In addition, the Church and/or individuals affiliated with the Church are named or otherwise qualify as additional, shared, and/or co-insured(s) under multiple liability insurance policies issued to the BSA broadly covering activities in connection with the Scouting program (the "Shared Policies").

3.      As widely reported, the BSA is currently a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs (the "Abuse Actions").  Certain of these and related lawsuits have named certain BSA-affiliated third parties and/or chartered organizations, including the Church and/or its officers, agents, or other personnel, relating to the historical acts of sexual abuse in the Scouting program.  In addition to at least three pending lawsuits naming the Church as a co-defendant,[3] the Church understands that additional lawsuits and/or claims may be

---

[2]   The summaries contained in this Proof of Claim are qualified in their entirety by the provisions of the documents referenced, including the Indemnification Agreements and Shared Policies.

[3]   These lawsuits are subject to the Standstill Period established under the *Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion For a Preliminary Injunction* [A.D.I. 54], which Standstill Period is subject to extension through March 19, 2021 by the *Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 107].

2

asserted in the tort system and/or in the bankruptcy cases that may involve claims against the
Church, Indemnitees, or other persons affiliated with the Church (the "Abuse Demands" and
together with the Abuse Actions, the "Abuse Claims").

### STATEMENT OF CLAIMS UNDER THIS ADDENDUM

4.      Each of the Claims herein is made without limiting: (a) Claimant's right or ability
to amend such Claims; (b) the exact causes of action or theories of recovery that Claimant may
pursue; (c) Claimant's right or ability to file liquidated claims in the future; and/or (d) Claimant's
rights under or objections to any proposed plan or trust distribution procedures.

5.      The Church files this Addendum in a consolidated manner for purposes of
administrative convenience and efficiency; *however,* each Claim arising from or related to the
Abuse Claims and/or any non-abuse related claims (the "Non-Abuse Claims") is a stand-alone
"Claim" consistent with the definition of that term in the Bankruptcy Code.

A.      **Unliquidated Subrogation Claims and Unliquidated Indemnity, Contribution,
        Reimbursement, and Other Claims Relating to the Abuse Claims and/or Non-
        Abuse Claims**

6.      Claimant hereby makes and asserts the following Claims:

        a.      Subrogation Claims Relating to Unliquidated Abuse Claims and/or Non-
                Abuse Claims.  Any and all claims against the Debtors in amounts to be
                determined for subrogation (including, for the avoidance of doubt, claims
                for equitable subrogation under applicable nonbankruptcy law) related to in
                any way to Claimant's alleged or determined liability relating to or arising
                from liabilities the Debtors (i) expressly agreed to indemnify, assume, and
                defend under the Indemnification Agreements, or (ii) are otherwise
                responsible for under applicable law (such claims, collectively,
                "Subrogation Claims").  Any and all Subrogation Claims will be amended

3

and filed by Claimant upon liquidation of such Subrogation Claims, as applicable.

b.      Indemnity, Contribution, Reimbursement, and Other Claims Relating to Unliquidated Abuse Claims and/or Non-Abuse Claims.  Any and all claims against the Debtors in amounts to be determined, including claims for indemnity, contribution, reimbursement, or otherwise under any theory of law or equity, based in any way upon Claimant's alleged or determined liability relating to or arising from liabilities that Debtors (i) expressly agreed to indemnify, assume, and defend under the Indemnification Agreements or, (ii) are otherwise responsible for under applicable law (such claims, collectively, "Indemnity Claims").  Any and all Indemnity Claims will be amended and filed by Claimant upon liquidation of such Indemnity Claims, as applicable.

7.      Claimant further asserts Subrogation Claims and Indemnity Claims against the Debtors in amounts to be determined on behalf of all Indemnitees and other individuals who are or were affiliated with Claimant, and their respective estates (if applicable), and may incur liabilities arising from or in connection with their services with the Debtors, local councils, chartered organizations, or other entities affiliated with the Debtors (such individuals, collectively, "Affiliated Individuals").  The assertion of Subrogation Claims and Indemnity Claims on behalf of Affiliated Individuals in no way limits or waives any of Claimant's rights against Affiliated Individuals or the Debtors, which are all fully preserved.

8.      Claimant expressly reserves its rights to file amended proofs of claim or supplements to this Addendum, including as new Abuse Claims and/or Non-Abuse Claims are

4

filed or as any related Claims become liquidated, including claims on behalf of Affiliated Individuals. Claimant further reserves all rights under Bankruptcy Rule 3005 to file and assert additional claims relating to the Abuse Claims and/or Non-Abuse Claims, including claims on behalf of Affiliated Individuals.

**B.**     **Liquidated Claims for Payments Made Relating to Settled Abuse Claims Since the Petition Date**

9.      Claimant hereby asserts non-contingent and liquidated Claims against the Debtors for subrogation, contribution, and reimbursement based upon Claimant's payment of claims relating to liabilities that Debtors (i) expressly agreed to indemnify, assume, and defend under the Indemnification Agreements or, (ii) are otherwise responsible for under applicable law. Specifically, Claimant asserts aggregate Claims of not less than $████████ as of the Petition Date relating to the compromise and release of claims against Claimant by the plaintiffs in certain Abuse Actions in exchange for settlement amounts (the "Settled Abuse Actions").[4]

10.      Claimant also expressly reserves the right to file and assert amended proofs of claim or supplements to this Addendum, including to quantify its liquidated Claims for any additional Settled Abuse Actions.

**C.**     **Liquidated and Unliquidated Claims for Defense Costs and Bankruptcy Costs**

11.      Claimant hereby makes and asserts the following Claims on behalf of itself and Affiliated Individuals:

a.      Liquidated Claims arising from the Debtors' obligations that arise out of or relate to the Indemnification Agreements for fees, costs, or expenses,

---

[4]   The terms of the settlements including the amount of asserted Claims relating to Settled Abuse Actions are confidential. Upon the Debtors' request, Claimant will provide appropriately redacted versions of such settlements, subject to prior consultation with the affected plaintiffs, through their counsel to the extent required, and subject to the Debtors' entry into an appropriate confidentiality and non-disclosure agreement.

5

including: (i) Claims for all legal and other professional fees and expenses incurred by Claimant in connection with any Abuse Claims and/or Non-Abuse Claims (the "Defense Costs")—the Church's liquidated Defense Costs, as of November 12, 2020, for Abuse Claims is no less than $▆▆▆▆▆▆▆[5] and for Non-Abuse Claims is no less than $107,565.98; and (ii) Claims for all legal and other professional fees and expenses incurred by Claimant in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), including any related adversary proceedings (the "Bankruptcy Costs")—the Church's liquidated Bankruptcy Costs, as of November 12, 2020, are no less than $806,112.77.

12.     Claimant expressly reserves the right to file and assert additional liquidated claims for Defense Costs and/or Bankruptcy Costs, including on behalf of Affiliated Individuals, for periods before or after the Petition Date.

**D.     Insurance Coverage-Related Claims**

13.     Claimant hereby makes and asserts Claims on behalf of itself and Affiliated Individuals against the Debtors relating to or arising from any (a) coverage disputes and/or (b) coverage defenses asserted or assertable by any insurer under or with respect to any of the Shared Policies (i) resulting from any action, inaction, omission, or otherwise by the Debtors, either alone or in concert with any parties-in-interest in the Chapter 11 Cases, including the Official Committee of Tort Claimants (or any members thereof) and/or the Future Claimants' Representative appointed in the Chapter 11 Cases; (ii) resulting from Claimant or any Affiliated Individual defending itself and/or protecting its interests in connection with any Abuse Claims

---

[5] Claimed amounts relating to Settled Abuse Actions are redacted for purposes of confidentiality.

6

and/or Non-Abuse Claims within or outside of the Chapter 11 Cases; or (iii) otherwise resulting from or in any way relating to or arising out of the Chapter 11 Cases. Claimant, including on behalf of Affiliated Individuals, expressly reserves the right to file, amend, and assert additional Insurance Coverage-Related Claims for any periods before or after the Petition Date.

14.     Claimant and/or Affiliated Individuals, as additional, shared, and/or co-insured(s), maintain that their interests in, or rights arising from, the Shared Policies, including the right to any proceeds thereof, are not property of the Debtors' estates. Nevertheless, out of an abundance of caution, Claimant hereby makes and asserts Claims on behalf of itself and Affiliated Individuals for all amounts it is entitled to recover as an additional, shared, and/or co-insured under the Shared Policies to the extent the proceeds of the Shared Policies are deemed to constitute property of the Debtors' estates. Nothing in the Proof of Claim or Addendum should be construed as a waiver with respect to the Claimant's and/or Affiliated Individuals' interest in, or rights arising from, any of the Shared Policies as an additional, shared, and/or co-insured, including, for the avoidance of doubt, the Claimant's right to the proceeds of any Shared Policies as an additional, shared, and/or co-insured.

**E.     Counterclaims and Cross-Claims**

15.     Claimant hereby makes and asserts on behalf of itself and Affiliated Individuals any and all Claims and causes of action asserted or assertable by Claimant or Affiliated Individuals as counterclaims or cross-claims against the Debtors in any previous, current, or future Abuse Claims and/or Non-Abuse Claims. Claimant, including on behalf of Affiliated Individuals, expressly reserves the right to amend counterclaim and cross-claim amounts for periods before or after the Petition Date.

7

## NATURE OF CLAIMS

16.    This Proof of Claim asserts unsecured claims against the Debtors.

## SEPARATE CLAIMS

17.    For all purposes in the Chapter 11 Cases, and consistent with Paragraph 5, each Claim asserted herein is separate and constitutes a stand-alone "Claim" consistent with the definition of that term in the Bankruptcy Code.

## COUNTERCLAIMS AND SETOFFS

18.    Upon information and belief, no portions of the Claims are subject to any setoffs or counterclaims by the Debtors.

## PROOF OF CLAIM TIMELY

19.    The Proof of Claim is timely submitted by the Claimant in accordance with the Bar Date Order establishing 5:00 p.m. (prevailing Eastern Time) on November 16, 2020 as the General Bar Date and the Abuse Claims Bar Date (each as defined in the Bar Date Order).[6]

## RESERVATIONS OF RIGHTS REGARDING TREATMENT AND CLASSIFICATION

20.    Claimant reserves all rights regarding the treatment and classification of its Claims and related issues in the Chapter 11 Cases, including under any plan of reorganization (and any related trust distribution procedures) or any liquidating plan proposed in the Chapter 11 Cases or in any proceeding following conversion of the cases to one under chapter 7 of the Bankruptcy Code.

---

[6]    The "Bar Date Order" means that certain *Order, Pursuant to 11 U.S.C. § 502(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Docket No. 695].

8

**OTHER RIGHTS**

21.     In addition to the rights asserted or reserved above, Claimant reserves all rights to adjust, revise, supplement, modify, or amend this Proof of Claim and this Addendum, including as a result of future events, the liquidation of certain of the Claims, the discovery and analysis of additional information, the correction of any errors, the resolution of any disputes, or modifications or supplements in respect of any plan of reorganization filed in the Chapter 11 Cases. Specifically, but without limitation, Claimant reserves the right to amend and supplement this Proof of Claim and Addendum to, among other things, (a) specify and quantify any Claims if and when Claimant obtains additional information with respect to any such Claims; (b) specify and quantify any damages, losses, costs, charges, fees, and other expenses incurred by or owed to Claimant, and/or otherwise set forth such amounts with more particularity; and/or (c) amend and supplement this Proof of Claim and Addendum in any other manner, including to the extent that additional facts or theories become known or apparent.

22.     Claimant specifically reserves the right to conduct discovery with respect to the Claims or any other matter relating to or in connection with the Debtors in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

23.     The setting forth of Claims and classification of Claims by Claimant herein is not a concession or admission by Claimant or any Affiliated Individual as to the correct characterization, classification, valuation, or treatment of any such Claims, nor is it a waiver of any of Claimant's or any Affiliated Individual's rights or remedies, including under the Bankruptcy Code, other applicable law, or any proposed trust distribution procedures.   The execution and filing of this Proof of Claim and Addendum is not: (a) a waiver or release of any of Claimant's or any Affiliated Individual's rights or remedies against any other person or entity liable for all or any part of the Claims asserted herein; (b) a consent by Claimant or any Affiliated

9

Individual to the jurisdiction of the Bankruptcy Court with respect to any proceeding commenced in these Chapter 11 Cases or any other case against or otherwise involving Claimant; (c) a consent by Claimant or any Affiliated Individual to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to withdraw the reference with respect to the subject matter of the Claims asserted herein or of any claims asserted by the Debtors or any other entity against Claimant or any Affiliated Individual; (e) a waiver of any right to have any claims constitutionally required to be determined by the District Court be determined therein; (f) a waiver of any right to the subordination, in favor of the Claimant or any Affiliated Individual, of indebtedness or liens held by other creditors of the Debtors; (g) an election of any remedy that waives or otherwise affects any other remedy, including any right to pursue or assert alternative or simultaneous rights or remedies; (h) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable; (i) a waiver of any right with respect to property of the Claimant or any Affiliated Individual held by a Debtor; or (j) a waiver or relinquishment of any other defenses, counterclaims, cross-claims, third party claims, or any other matter or thing whatsoever.

24.     Nothing in this Proof of Claim or Addendum shall constitute a waiver or an election of rights in relation to section 509 of the Bankruptcy Code.

25.     Claimant hereby expressly preserves, on behalf of itself and each Affiliated Individual, any and all rights, claims, causes of action, defenses, counterclaims, rights of setoff, recoupment, and/or offset, objections, and any and all similar rights, remedies, and defenses against all persons or entities, whether in this Court or elsewhere, whether currently existing or arising in the future, against which it determines it has claims.

26.     To the extent any of the Claims set forth herein, in whole or in part, or any component thereof, arise or relate in any manner to the period on or after the Petition Date, the

10

Claimant asserts that such Claims (or any portions thereof) are entitled to priority pursuant to sections 503 and 507 of the Bankruptcy Code. The Claimant reserves the right to file one or more requests for payment of administrative expenses pursuant to section 503(a) of the Bankruptcy Code, with respect to any administrative expense claim that the Claimant may now have or hereafter have, hold, or acquire against the Debtors or their estates.

## DISCLOSURE

27. To the best of the Claimant's knowledge, information, and belief, no judgment has been rendered on the Claims, no security interest on any property of the Debtors is held for the Claims, the Claimant has not assigned any portion of the Claims, and the above statements are true and accurate based upon the information currently available to the Claimant.

28. The documents in support of the Claims are voluminous and, in certain instances, may be subject to confidentiality or legal privilege. Moreover, Claimant believes that the Debtors are already in possession of all or a substantial portion of such documents. Accordingly, such documents are not attached to this Addendum. Claimant will provide such documents to the Debtors upon request, subject to any confidentiality or legal privilege redactions or other appropriate reservations and/or protections.

11

## NOTICES

29.     All notices regarding this Proof of Claim and Addendum and regarding any

objection thereto or any request to estimate or disallow the same shall be directed to:

Jeffery E. Bjork
Deniz A. Irgi
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
E-mail: jeff.bjork@lw.com
deniz.irgi@lw.com

-and-

Adam J. Goldberg
Madeleine C. Parish
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
E-mail: adam.goldberg@lw.com

*[Remainder of page intentionally left blank]*

12

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

November 13, 2020

Boy Scouts of America Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

## RE:  Confirmation of Claim Filing

To Omni Agent Solutions:

Please find enclosed the Proof of Claim form and Addendum (together, the "Claim") for filing in the Debtor's chapter 11 case captioned *In re Boy Scouts of America and Delaware BSA, LLC* under case number 20-10343.

We would kindly request confirmation that the Claim has been filed.  As such, we have included a stamped and self-addressed envelope as well as a copy of the Claim.

Please let us know if you have any questions.

Best regards,

Deniz A. Irgi