**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>D.I. Ref.: 9402 |

**DEBTORS' RESPONSE TO THE CERTAIN INSURERS' EVIDENTIARY
OBJECTIONS TO WITNESS DECLARATIONS OFFERED IN SUPPORT
OF CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED
CHAPTER 11 PLAN OF REORGANIZATION**

Boy Scouts of America (the "**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this response (the "**Response**") to the *Certain Insurers' Evidentiary Objections to Witness Declarations Offered in Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization* [D.I. 9402] (the "**Objection**") filed by certain of the Debtors' excess insurers (the "**Certain Insurers**"), seeking to exclude certain exhibits submitted with the *Declaration of Dr. Charles E. Bates in Support of Confirmation of the Third Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9388] (the "**Bates Declaration**"). In support of the Response, the Debtors state as follows:

**PRELIMINARY STATEMENT**

Once again, the Certain Insurers have filed a frivolous Objection. Despite the Debtors reaching out on multiple occasions to discuss exhibits, the Certain Insurers failed to identify any

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

objections to the exhibits. Rather, twice now, the Certain Insurers have spoken to the Debtors about exhibits right before filing an objection to exhibits without informing the Debtors that they have issues with any exhibits or were going to file an objection. The Certain Insurers have made a practice of filing meritless objections without any notice or effort to resolve disputes before raising them for the Court. This conduct violates the Pretrial Order, wastes estate and judicial resources, and causes delay. The Debtors respectfully ask that the Court overrule the Objection and direct the Certain Insurers to engage with the Debtors in good faith to resolve any remaining objections to exhibits.

## RESPONSE

*First*, the Objection is frivolous. Again, the Certain Insurers took no steps to identify their objections or seek to resolve them with the Debtors prior to filing the Objection in direct violation of the Pretrial Order's requirement that parties work in good faith to resolve objections to exhibits. *See* Pretrial Order at VI ("The parties will continue to work in good faith to determine what exhibits will be admitted by consent . . . Any party objecting to exhibits will work in good faith to timely resolve the objection."). The Debtors have continuously tried to engage with the Certain Insurers about their objections to exhibits, but to no avail. On March 16, Debtors' counsel emailed the Certain Insurers and arranged a phone call to discuss a process going forward for handling and resolving objections to exhibits. Despite exchanging emails and having a phone call about exhibits, the Certain Insurers failed to mention that they were going to file an objection to the exhibits in Ms. Makeda Murray's declaration (the "**Murray Declaration**"). The next day, the Certain Insurers filed an objection to the exhibits in the Murray Declaration, without ever having mentioned any issues with her exhibits when they spoke to the Debtors about resolving exhibit disputes. On March 18, the Certain Insurers again affirmatively stated to the Debtors that they would work with the Debtors to resolve any

objections to exhibits. Less than two days later, the Certain Insurers filed this Objection without having consulted with the Debtors, nonetheless even mention to the Debtors that they took issue with any of the Bates Declaration exhibits. The Certain Insurers' continuous disregard for the Pretrial Order is a complete waste of time and resources.

*Second*, the objection to Dr. Bates's CV is meritless. CVs are routinely admitted for experts. Moreover, the parties have agreed to proceed by declaration in lieu of live testimony, meaning that Dr. Bates's CV is no more hearsay than his declaration.

*Third*, the Certain Insurers' allegation that the Bates White Valuation Model Tranche 6 is untimely is incorrect. The Bates White Valuation Model Tranche 6 was produced to all parties, including the Certain Insurers, on December 10, 2021. The document has been in the possession of the Certain Insurers for months. The Debtors do not understand how it could be untimely to introduce a document produced along with Dr. Bates's initial expert report, and the Certain Insurers do nothing to argue this point. Regardless, the fact is that the document is not new, but rather it was produced with Dr. Bates's initial expert report.

## **CONCLUSION**

The Debtors respectfully request the Court overrule the Objection as provided herein.

[*Remainder of Page Intentionally Left Blank*]

Dated: March 21, 2022
      Wilmington, Delaware

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com
      gkurtz@whitecase.com
      ahammond@whitecase.com
      sam.hershey@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tori L. Remington*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9314
Email: dabbott@morrisnichols.com
      aremming@morrisnichols.com
      ptopper@morrisnichols.com
      tremington@morrisnichols.com