**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 9395 and 9404** |

**FUTURE CLAIMANTS' REPRESENTATIVE'S RESPONSE TO CERTAIN INSURERS' EVIDENTIARY OBJECTIONS TO WITNESS DECLARATIONS OFFERED IN SUPPORT OF CONFIRMATION OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

The Future Claimants' Representative (the "FCR"), by and through his undersigned counsel, hereby files this response (the "Response") to the *Certain Insurers' Evidentiary Objections to Witness Declarations Offered In Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan Of Reorganization* [D.I. 9404] (the "Objection")[2] seeking to exclude certain testimony in the *Declaration of James L. Patton, Jr. in Support of Confirmation of the Third Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9395] (the "Patton Declaration"). In support of the Response, the FCR states as follows:

**RESPONSE**

The Certain Insurers object to certain testimony contained in the Patton Declaration, contending that it should be struck because: it includes "undisclosed non-lay opinions"; Mr. Patton

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Terms not otherwise defined herein shall be given the meanings ascribed to them in the Objection or the Patton Declaration, as applicable.

29196989.1

lacks the personal knowledge to offer such testimony; it is not relevant; or it is hearsay.[3]  As set forth below, these objections are without merit and the Objection should be overruled in its entirety.

**A.     Mr. Patton is Not Being Offered as an Expert, and Any Opinion Testimony Provided By Mr. Patton is Admissible Under Federal Rule of Evidence 701**

The Certain Insurers contend that certain testimony (approximately 72 separate objections) in the Patton Declaration is improper because it includes "undisclosed non-lay opinions."  This objection should be overruled.  Mr. Patton is not being offered as an expert and therefore no prior disclosure was required.  To the extent that Mr. Patton's testimony can be characterized as an opinion, it is admissible lay testimony that clearly falls within the scope of Rule 701 because:

  a. It is rationally based on Mr. Patton's perceptions from his involvement in the Chapter 11 Cases as the future claims representative.

  b. It is helpful to clearly understanding Mr. Patton's testimony and determining facts in issue, including the development and propriety of the TDP, the administration and governance of the Settlement Trust, and the settlements embodied in the Plan.

  c. It is not based on scientific, technical, or other specialized knowledge that falls within the scope of Rule 702.

Fed. R. Evid. 701; s*ee United States v. Savage*, 970 F.3d 217, 284 (3rd Cir. 2020) ("Federal Rule of Evidence 701 permits the introduction of lay opinion testimony that is 'rationally based on the witness's perception' and 'helpful to clearly understanding the witness's testimony or to determining a fact in issue.'"); *see also* 4 Weinstein's Federal Evidence § 701.03 (2021) (citing *United States v. Johnson*, 899 F.3d 191, 210 (3d Cir. 2018)) (explaining that common situations

---

[3] This Response does not specifically address each of the Certain Insurers' objections, and nor should it, considering the Certain Insurers summarily and without explanation objected to approximately 71 of the Patton Declaration's 83 paragraphs, and 3 of the Patton Declaration's 6 footnotes.

29196989.1

2

calling for lay opinion testimony include the situation when the lay witness is in a better position than the trier of fact to form the opinion).

**B.     Mr. Patton's Testimony is Relevant**

The Certain Insurers object to certain testimony (approximately 18 separate objections) included in the Patton Declaration as lacking relevance. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. This objection should be overruled because each of the paragraphs from the Patton Declaration in question is probative of facts that are potentially determinative to confirmation of the Plan. Stated simply, Mr. Patton's testimony is relevant because he is the representative for holders of future Abuse Claims, and there is no one else available to speak for these survivors. Moreover, the Confirmation Hearing is not a jury trial, so there is no reason for the Court to even consider these objections. Here, the Court is the trier of fact and the Court can determine whether Mr. Patton's testimony is relevant, and how much weight such testimony should be given.

**C.     The Declaration Reflects Mr. Patton's Factual Knowledge of the Events of the Chapter 11 Cases, Participation in the Mediation Process, and Involvement in Formulating the Second Amended Plan**

The Certain Insurers argue that Mr. Patton lacks personal knowledge of certain testimony included (approximately 39 separate objections) in the Patton Declaration. Incredibly, the Certain Insurers' contention appears to be that Mr. Patton lacks personal knowledge of the Plan and Plan Documents and prior versions of the Plan and Plan Documents, the Mediation and the various settlements reached through the course of the Mediation, and numerous hearings that have taken place in these Chapter 11 Cases.

29196989.1

3

Mr. Patton was appointed by this Court to serve as a fiduciary for holders of future Abuse Claims. Consequently, and so that Mr. Patton is able to fulfill his fiduciary duties, he has been extensively involved with the Chapter 11 Cases and has first-hand personal knowledge regarding all of the matters included in the Patton Declaration. Mr. Patton has reviewed every version of the Plan, along with the related Plan Documents. He has attended numerous mediation sessions along with his professional advisors, and to the extent Mr. Patton was unable to attend a mediation session, Mr. Patton was represented by one or more of his professional advisors who kept him apprised of the events taking place and were acting at his direction. Mr. Patton negotiated, reviewed, and approved every settlement that is embodied in the Plan. Finally, Mr. Patton attended numerous hearings that that have taken place in the Chapter 11 Cases, and for those hearings he was unable to attend, he reviewed the transcripts once available. Indeed, Mr. Patton has personal knowledge of the documents that he reviewed, and the mediation sessions and hearings that he attended.

The Patton Declaration provides significant detail regarding the extent of Mr. Patton's familiarity with, and participation in these Chapter 11 Cases. *See, e.g.*, Patton Declaration at ¶¶ 9-18, 20-21, 27, 31, 34-40, and 59. However, to the extent necessary the Court finds it necessary, Mr. Patton will be available to provide live testimony at the Confirmation Hearing that establishes his personal knowledge of the facts set forth in the Patton Declaration.

D.    **None of Mr. Patton's Testimony is Hearsay**

Finally, the Certain Insurers argue that one of the paragraphs in Mr. Patton's declaration is hearsay. *See* Patton Declaration ¶ 59; Objection p. 15. This objection should also be overruled. The FCR does not rely on the statements included in the paragraph at issue for the truth of the matter asserted, but rather, Mr. Patton discusses these statements to demonstrate how he came to

understand that the Independent Review Option was necessary to obtain the support of additional abuse claimants for the Plan. The rule against hearsay does not prohibit the introduction of out-of-court statements to show their effect on a witness. *See* Fed. R. Evid. 801(c)(2) (defining "hearsay" as an out-of-court statement "a party offers into evidence to prove the truth of the matter asserted in the statement"); *LaRochelle v. Wilmac Corp.*, 769 Fed. App'x 57, 65 (3d Cir. 2019) ("The District Court correctly admitted these nonhearsay statements because they were not offered to prove whether Shearer abused the resident. . . . Rather, because Defendants offered these statements 'to explain why' they terminated Shearer, that is, 'for the statements' effect on the listener—those statements [were] not offered for their truth. Therefore, they [are] admissible for a non-hearsay purpose.'" (citation omitted) (alterations in original)).

**CONCLUSION**

Wherefore, for the reasons set forth herein, the FCR respectfully requests that the Court overrule the Objection.

Dated:  March 22, 2022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Kenneth J. Enos
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Kenneth J. Enos (No. 4544)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Emails:  rbrady@ycst.com
           eharron@ycst.com
           kenos@ycst.com

– and –

GILBERT LLP
Kami E. Quinn (admitted *pro hac vice*)
Hunter Winstead (admitted *pro hac vice*)
Emily Grim (admitted *pro hac vice*)
Meredith Neely (admitted *pro hac vice*)
Rachel Jennings (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone:  (202) 772-2336
Facsimile:  (202)772-2337
Emails:  quinnk@gilbertlegal.com
           winsteadh@gilbertlegal.com
           grime@gilbertlegal.com
           neelym@gilbetlegal.com
           jenningsr@gilbertlegal.com

*Counsel to the Future Claimants' Representative*