IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 9398 and 9404 |

**DEBTORS' RESPONSE TO CERTAIN INSURERS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF NANCY GUTZLER**

Boy Scouts of America (the "**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this response (the "**Response**") to the *Certain Insurers' Evidentiary Objections to Witness Declarations Offered In Support of Confirmation of Third Modified Fifth Amended Chapter 11 Plan of Reorganization* [D.I. 9404][2] (the "**Objection**") filed by the undersigned insurance carriers to the Response (the "**Certain Insurers**"). In support of the Response, the Debtors state as follows:

## I.    PRELIMINARY STATEMENT

Yet again the Certain Insurers have asserted unfounded objections to both the testimony and exhibits of Ms. Nancy Gutzler – the Debtors' expert regarding allocation. The Certain Insurers first contend that certain paragraphs of Ms. Gutzler's declaration either (1) set forth legal opinion or (2) lack foundation, if offered for the truth of the matter asserted. Neither contention is correct.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] While the Objection addresses the testimony of Ms. Gutzler and other witnesses, this response addresses only the objections to Nancy Gutzler's declaration and her attached exhibits.

First, Ms. Gutzler is not providing legal opinion as the objected-to paragraphs reflect Ms. Gutzler's understanding of the insurance policies, based on her over 30-years of experience analyzing insurance policies.[3]  This experience includes but is not limited to, identifying who is an insured under the policies, whether the policies have deductibles, and the applicable limits of liability.[4]  This is not legal opinion, but information that is evident from the face of the insurance policies or secondary evidence.

Second, Ms. Gutzler does not lack foundation for these paragraphs.  Ms. Gutzler and her team at KCIC reviewed the relevant insurance-policy information and her testimony is based on that review.[5]  Further, her testimony ***is not being offered for the truth of the matter asserted***, thereby mooting this objection.

The Certain Insurers also object to certain exhibits referenced in Ms. Gutzler's declaration, contending that they are inadmissible hearsay or lack relevance.  The Debtors attach hereto the affidavit of Ms. Anna Kutz of the BSA to authenticate the BSA's records in JTX-10.  Further, the Debtors have agreed to coordinate with the Certain Insurers regarding submitting to the Court an agreed subset of policies issued to the Local Councils.  And as to the remaining exhibits, these exhibits are only being proffered based on Rule 703 of the Federal Rules of Evidence.

## II.     BACKGROUND AND ARGUMENT

**A.     Ms. Gutzler Has Over 30-Years of Experience Reviewing Insurance Policies**

As set forth in Ms. Gutzler's declaration, Ms. Gutzler is a Senior Managing Director at KCIC, LLC ("KCIC") – a consulting company that specializes in the analysis of insurance policies

---

[3] D.I. 9398 ¶¶ 3-5 (the Declaration of Nancy Gutzler).
[4] D.I. 9398 ¶¶ 3-5.
[5] D.I. 9398 ¶¶ 7-29.

and the modeling of mass-tort claims to insurance coverage.[6] Ms. Gutzler has over 30 years of experience consulting on these issues. Ms. Gutzler has specific experience in insurance-policy analysis and coding, and allocation modeling for the purpose of estimating insurance available to cover claims.[7]

**B.     The Certain Insurers' Objections to the Testimony of Ms. Gutzler Is Baseless**

**1.     Ms. Gutzler is Providing Testimony Based on Her Review of the Insurance Policies and Coding of Basic Insurance-Policy Information**

The Certain Insurers first object to Ms. Gutzler's testimony in paragraphs 10-12, 19, and 24 as "[l]egal opinion[s] outside the scope of witness expertise[.]"[8] These objections are baseless.

As noted above, Ms. Gutzler is not providing a legal opinion, but instead is drawing on her 30-years of non-legal experience to reflect her understanding of the basic information set forth in the insurance policies and secondary evidence.[9] For example, in paragraph 19, Ms. Gutzler states:

> Starting in 1978, the BSA specifically included Chartered Organizations as insureds on its insurance policies, albeit with some variation in coverage provided by primary and excess layers.[10]

Ms. Gutzler is not providing a legal opinion but noting that the definition of "insured" under the post-1978 policies includes "sponsors (Chartered Organizations)." And Ms. Gutzler is eminently qualified to provide this opinion based on her (and her team at KCIC's) review of the BSA's insurance policies and the policies issued to the Local Councils.[11]

Further, the Certain Insurers' objection to paragraph 11 as "legal opinion" is particularly baseless because Ms. Gutzler's analysis of the aggregate limits of liability available in the post-

---

[6] D.I. 9398 ¶ 3.
[7] D.I. 9398 ¶¶ 3-5; JTX 1038 [Nancy Gutzler Curriculum Vitae].
[8] D.I. 9404 at 35-37.
[9] D.I. 9398 ¶¶ 3-6, 22-24, 28-29.
[10] D.I. 9398 ¶ 19; *see also* ¶ 20 ("As noted above, the BSA began to include Local Councils on their insurance program beginning in 1971, with all Local Councils becoming insureds under the BSA's insurance policies in 1975.").
[11] D.I. 9398 ¶¶ 3-5

1982 period is based on her mathematical analysis of the relevant policy terms and analysis of prior exhaustion based on the BSA's historical records; her testimony in this paragraph has no relation to a legal opinion.

> 2. **Ms. Gutzler's Testimony Is Not Being Offered for the Truth of the Policies' Terms or the Coverage Available for Abuse Claims.**

The Certain Insurers also object to Ms. Gutzler's testimony in paragraphs 12, 17-20, 23, and 24 as "lack[ing] foundation, if offered for the truth."[12] These objections are meritless. As noted above, Ms. Gutzler and her team at KCIC reviewed the relevant policies and secondary evidence that Ms. Gutzler used to form her expert opinions. Ms. Gutzler's review of the underlying documents provides the foundation for this testimony. Nevertheless, Ms. Gutzler is not providing this testimony for the truth of the matter asserted; she is testifying about the *potential* coverage available based on her review of the policies and secondary evidence, not testifying to a legal certainty about disputed policies' terms or that a certain amount of coverage is guaranteed. Consequently, these objections are moot.[13]

C. **The Certain Insurers' Objections to the Exhibits Are Likewise Baseless**

> 1. **JTX-10**

JTX-10 is the compilation exhibit containing all of the primary and secondary evidence of the BSA and Local Councils' insurance policies (the "Policy Compilation Exhibit").[14] The Debtors hereby submit the affidavit of Anna Kutz – a litigation specialist in the BSA's legal department. *See Affidavit of Boy Scouts of America Authenticating Business Records*, attached

---

[12] D.I. 9404 at 35-37 (The Certain Insurers' mislabeled paragraph 23 as 21 in the Objection but indicated that they were objecting to the portion of Ms. Gutzler's declaration stating that "[l]ikewise, New Hampshire Insurance Company ('New Hampshire') administered its Local Council insurance program through R.F Lyons Company in Santa Ana, CA ('R.F. Lyons Program')").
[13] Even if considered, Ms. Gutzler has the foundation to provide this testimony as Ms. Gutzler (including her team at KCIC) reviewed and analyzed the relevant insurance policies and secondary evidence, and Ms. Gutzler's testimony is based on the analysis of that information.
[14] The Policy Compilation Exhibit includes JTX 10 [BSA and LC Insurance Policies].

hereto as Exhibit 1. Exhibit A to Ms. Kutz's affidavit authenticates the BSA's records and notes that these are records kept in the normal course of the BSA's business. As such, the Certain Insurers' objection is moot. Further, this information is relevant as it is the information Ms. Gutzler relied upon in performing the allocation.

With regard to the remainder of the information contained in JTX-10, the Debtors and the Certain Insurers have agreed to work cooperatively to identify Local Council insurance policies that can be submitted to the Court for admission into evidence. The parties will revert in short order to the Court with the agreed-upon Local Council Insurance Policies.

    **2.**    **The Debtors' Only Offer the Remaining Objected to Exhibits Under Rule 703.**

As to the Certain Insurers' objections to the remaining exhibits, the objections are meritless because these exhibits are only being offered pursuant to Federal Rule of Evidence 703. Rule 703 provides that "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and further states that "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."[15]

Ms. Gutzler relied on the remaining exhibits to form her opinions and these exhibits include facts and data which Ms. Gutzler either personally observed, such as documents created by Ms. Gutzler or her team at KCIC, or which were provided to Ms. Gutzler for use in her expert analysis. The facts and data contained in these exhibits are of the kind that experts in the field of insurance consulting routinely use to form opinions regarding insurance archeology, prior exhaustion of insurance policies, and claim and policy information necessary for performing insurance allocation analysis to estimate the amount of available coverage. Ms. Gutzler only cited to these exhibits in

---

[15] Fed. R. Evid. 703.

her declaration to provide background information on how she formed her expert opinions regarding the overall insurance program covering the BSA and Local Councils, the BSA's settlements with other insurers, and whether there is a mechanism in place to pay all or substantially all Abuse Claims. As such, the Certain Insurers' objection on this basis is meritless.

### III.  CONCLUSION

For the reasons set forth above, the Debtors request that the Court overrule the Certain Insurers' objections to the admissibility of Ms. Gutzler's declaration testimony.

Dated: March 22, 2022
      Wilmington, Delaware

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com
     gkurtz@whitecase.com
     ahammond@whitecase.com
     sam.hershey@whitecase.com

– and –

WHITE & CASE LLP
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
     mlinder@whitecase.com
     laura.baccash@whitecase.com
     blair.warner@whitecase.com

*/s/ Paige N. Topper*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 351-9314
Email: dabbott@morrisnichols.com
     aremming@morrisnichols.com
     ptopper@morrisnichols.com