# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### DEBTORS' SUBMISSION IN SUPPORT OF ADMITTING
### EXPERT DEMONSTRATIVE

The Boy Scouts of America (the "**BSA**") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this submission (the "**Submission**") in support of the Court's admission into evidence of a demonstrative used during the Debtors' direct examination of Dr. Charles Bates (the "**Expert Demonstrative**"). In support of the Submission, the Debtors state as follows:

### SUBMISSION

1.　　During the Debtors' direct examination of Dr. Bates, the Debtors offered the Expert Demonstrative into evidence, and the Court initially ruled to accept it. *See* Mar. 21, 2022 Hr'g Tr. at 309:5-6. The Certain Insurers' counsel challenged the Court's ruling arguing incorrectly that expert demonstratives are not admissible. *Id*. at 309:15-16, 310:23-311:5 ("I was not aware we were going to be admitting demonstratives . . . this is not the first time that my experience and Mr. Kurtz's haven't matched. I'm not suggesting I'm smarter than him, but if this were a jury trial, for example, which I know it's not, neither the expert reports nor the demonstratives would go into

---

[1]　The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the jury room."). This Court then took the matter under advisement. *Id*. at 314:12-15. The Debtors submit this brief to provide authority that expert demonstratives are routinely admitted into evidence.

2. Federal Rules of Evidence 611(a) and 1006 allow expert demonstratives into evidence, which respectively provides a court discretion to admit evidence and allows summaries of voluminous records. *See* Fed. R. Evid. 611(a), 1006. Hence, it is well established that demonstratives may be "admitted into evidence when the underlying materials have been admitted into evidence and the summary 'so accurately and reliably summarize[s] complex or difficult evidence' that the court admits it into evidence to assist the [trier of fact]." *Weinstein's Federal Evidence* § 1006.04[2] (2021); *see also United States v. Kerley*, 784 F.3d 327, 341 (6th Cir. 2015) (holding admission of exhibits summarizing documents in evidence was not an abuse of discretion); *United States v. Hidalgo*, 385 Fed. App'x 372, 382 (5th Cir. 2010) (chart summarizing records already in evidence was admissible as evidence itself, despite the opposing party's objection that the chart should only be a demonstrative exhibit that is not in evidence); *United States v. McElroy*, 587 F.3d 73, 80 (1st Cir. 2009) (charts summarizing financial evidence used during testimony of government witnesses went into evidence over the opposing party's objections); *United States v. DeSimone*, 488 F.3d 561, 577 (1st Cir. 2007) (affirming the district court's decision to admit into evidence a summary chart prepared by an expert itemizing financial transactions); *United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987) (charts summarizing evidence admitted as evidence); *Deep Fix, LLC v. Marine Well Containment Co. LLC*, No. H-18-0948, 2020 U.S. Dist. LEXIS 26896, at *14 n.6 (S.D. Tex. Feb. 18, 2020) ("The Court, in this bench trial, admitted into evidence all demonstrative exhibits offered by both parties,

including the Baugh demonstrative exhibits that illustrated his trial testimony and were particularly helpful.").

3. As Debtors noted in seeking to admit the Expert Demonstrative into evidence, it is a "smaller portion[] of the work product that was otherwise set forth in [Dr. Bates'] expert report and was introduced . . . at trial in support[] [of the] testimony that [the Court] received," and is intended to "help [the Court] in considering the evidence later." Mar. 21, 2022 Hr'g Tr. at 310:11-12; 310:18-22. Indeed, the Court recognized the utility of the Expert Demonstrative in understanding Dr. Bates' complex testimony. *See id.* at 313:6-8 (finding that the Expert Demonstrative "is useful to me because it has all of this on it. So I'll admit it as part of [Dr. Bates'] testimony."). Courts admit demonstratives under such circumstances. *See Poschwatta*, 829 F.2d at 1481 (allowing charts summarizing evidence to be admitted as evidence when "the charts arguably contributed to the clarity of the presentation[.]"); *McElroy*, 587 F.3d at 81 (holding that exhibits that "clarify and simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument to the court . . . are admissible into evidence[.]"); *Kerley*, 784 F.3d at 341 (6th Cir. 2015) (admitting a party's exhibit that summarized evidence because "secondary-evidence summaries 'are admitted in evidence not in lieu of the evidence they summarize but in addition thereto, because in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the [court] in better understanding the evidence.'"). Notably, the Certain Insurers' objecting counsel himself used the Expert Demonstrative in cross-examination. *See* Mar. 22, 2022 Hr'g Tr. at 19:4-9, 63:22-64:5.[2]

---

[2] Therefore, the Certain Insurers have had the opportunity to cross-examine Dr. Bates regarding the Expert Demonstrative, which further supports its admission into evidence. *See Poschwatta*, 829 F.2d at 1481 (summary charts allowed into evidence where "the figures in the government chart [were] already admitted into evidence" and the opposing party "had a full opportunity to cross-examine the witness."); *Kerley*, 784 F.3d at 341 (finding no abuse of discretion in admitting demonstrative

## **CONCLUSION**

The Debtors respectfully request that the Court admit the Expert Demonstrative into evidence.

[*Remainder of Page Intentionally Left Blank*]

---

exhibits when the witness who explained the summary charts "was subject to cross-examination about the accuracy of the exhibits.").

Dated: March 23, 2022
       Wilmington, Delaware

| WHITE & CASE LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| Jessica C. Lauria (admitted *pro hac vice*) | |
| Glenn M. Kurtz (admitted *pro hac vice*) | */s/ Tori L. Remington* |
| Andrew Hammond (admitted *pro hac vice*) | Derek C. Abbott (No. 3376) |
| Samuel P. Hershey (admitted *pro hac vice*) | Andrew R. Remming (No. 5120) |
| 1221 Avenue of the Americas | Paige N. Topper (No. 6470) |
| New York, New York 10020 | Tori L. Remington (No. 6901) |
| Telephone: (212) 819-8200 | 1201 North Market Street, 16th Floor |
| Email: jessica.lauria@whitecase.com | P.O. Box 1347 |
|       gkurtz@whitecase.com | Wilmington, Delaware 19899-1347 |
|       ahammond@whitecase.com | Telephone: (302) 658-9200 |
|       sam.hershey@whitecase.com | Email: dabbott@morrisnichols.com |
| |       aremming@morrisnichols.com |
| – and – |       ptopper@morrisnichols.com |
| |       tremington@morrisnichols.com |
| WHITE & CASE LLP | |
| Michael C. Andolina (admitted *pro hac vice*) | |
| Matthew E. Linder (admitted *pro hac vice*) | |
| Laura E. Baccash (admitted *pro hac vice*) | |
| Blair M. Warner (admitted *pro hac vice*) | |
| 111 South Wacker Drive | |
| Chicago, Illinois 60606 | |
| Telephone: (312) 881-5400 | |
| Email: mandolina@whitecase.com | |
|       mlinder@whitecase.com | |
|       laura.baccash@whitecase.com | |
|       blair.warner@whitecase.com | |