FILED
2022 MAR 28  AM 9:55
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE



March 13, 2022

Clerk of Court
U. S. Bankruptcy Court
District of Delaware
824 Market Street
Wilmington, DL 19801

        IN RE:    BOY SCOUTS OF AMERICA AND DELAWARE BSA LLC
                       CHAPTER 11; CASE NO. 20-10343 (LSS)

Dear Clerk of Court:

Please file the enclosed, and present to the Court for consideration:

▮▮▮▮▮ Renewed Motion For An Order Finding Each Of The Requests For Admission Propounded By Claimant ▮▮▮ on Octorber 3, 2021 Via Amended Request For Admissions & Documents To Debtor And Patriots' Path Council, BSA, To Be Admitted As A Matter Of Law - & - Requesting That This Pleading Be Considered As A Supplement To ▮▮▮▮▮ Objections To Confirmation Of The Plan.

Thank you for your time and assistance.

                                            Respectfully,

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Related: D.I.<br>6775, 7621, 7623, 8954, 9085, 9304, 9172 |

**RENEWAL OF MOTION FOR AN ORDER FINDING
REQUESTS TO DEBTORS AND PATRIOTS' PATH COUNCIL, BSA[2]
FOR ADMISSIONS PROPOUNDED BY CLAIMANT ▓▓ ON OCTOBER 3, 2021
VIA AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS
ADMITTED AS A MATTER OF LAW
&
REQUESTING THAT THIS PLEADING BE CONSIDERED AS A SUPPLEMENT
TO ▓▓▓▓▓▓▓▓ OBJECTIONS TO CONFIRMATION OF THE PLA**

**COMES NOW** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ pro se, and pursuant to Federal Rules of Civil Procedure Rule 17 (b)(i), renews his motion to the Court, pursuant to Federal Rules of Civil Procedure 36 (a)(3), for an order finding each of the requests for admission propounded by claimant #39 on Octorber 3, 2021 [D.I. 7621, 7623], via Amended Notice for Admissions & Documents to Debtor and Patriots' Path Council, BSA, as noticed by document number 6775, filed by the Clerk of Court on October 22, 2021, and argued before the Court on March 4, 2022, to be admitted as a matter of law, and requests that this pleading be considered as a supplement to Schwindler's Objections to Confirmation of the Plan [D.I. 8764], and shows:

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Patriots' Path Council, BSA; 1 Saddle Road; Cedar Knolls, New Jersey (Local Council 358) is the defendant in Claimant ▓▓ lawsuit which has been removed to the U.S. Bankruptcy Court for the District of New Jersey as case number 20-01107.

## PRELIMINARY STATEMENT

1. ███████ made a request for admissions to Debtors and Patriot's Path Council, BSA on October 3, 2021, with notice to the court filed by the Clerk on October 22, 2021. [D.I. 6775].

2. Both Debtors and Patriot's Path failed to respond in any fashion in spite of numerous attempts to elicit such responses.

3. ███████ ultimately filed a Certificate of No Objections on February 1, 2022 [docket corrected from 8764 to 8954], following motions for an order finding admissions to be admitted as a matter of law and compelling Debtors and Patriot's Path to produce documents or information. [D.I. 7621, 7623].

4. A hearing on ███████ motions was conducted via Zoom on March 4, 2022. [D.I. 9085].

5. Counsel for both Debtors and Patriots Path appeared on behalf of those parties. ███████ appeared pro se. ███████ answered the parties' oral objections to the relevance of his requests by pointing the Court to his arguments opposing confirmation as specifically incorporating the fact that the plan will require certain claimants to substantiate their claims using information which is exclusively in the hands of Debtors and the local councils, but that neither the Debtors nor local councils have made any effort to verify the validity of any of the claims filed in this matter, nor have they made any of the information necessary to substantiate claims to any of the parties. ███████ advised the Court that he would have further developed the necessity of substantiating claims issue further within his objections to confirmation if Debtors and Patriot's Path had complied with the discovery rules. Schwindler also argued that because he has objected to confirmation of the plan, he is entitled to discovery under the Federal Rules of Civil Procedure rather than the more narrowly drawn

3

Bankruptcy rules, because his objections state a de facto adversary proceding. The Court agreed that neither Debtors nor Patriot's Path had complied by the rules, and that Schwindler had enunciated an arguable point to justify the discovery sought, but that imposition of the sanction of finding the admissions admitted as a matter of law did not seem appropriate under the circumstances. The Debtors and Patriot's Path were ordered to provide proper discovery responses to Schwindler by Friday, March 11, 2022. [Transcript at D.I. 9172].

6.      Both Debtors and Patriot's Path technically complied with the Court's order by serving Schwindler with responses/objections on March 11, 2022, although only Patriot's Path also provided the required Notice to the Court. [D.I. 9304]. For reasons set forth below, Schwindler believes that the responses and objections are legally insufficient.

**ARGUMENT**

7.      ███████ submits that the refusal of the Debtors and local councils to make any effort to substantiate the validity of claims against the estate, while putting forth a plan in which one category of claimants will not be required to provide any substantiation of their claims in order to receive an expedited payment, while simultaneously requiring all other claimants to substantiate their claims violates Federal Bankruptcy Rule 1123(a)(4), which requires that all members of a class be treated equally.[4] As Schwindler argues in his opposition to confirmation of the Plan, the direct abuse claimants who are lumped together in Class 8 are not all actually similarly situated. There are at least two primary significant differences across the class: those, like ███████ who had active state court tort actions against Debtors and/or the local councils, and those who did not. Beyond this differing stance vis-`a-vis the Debtors and/or local councils, there is the distinction between those claimants whose claims arise in states where their claims are time-barred by statutes of limitations, and

---

[4] See FN8 on substantiation of claims in ███████ Objections to Confirmation at D.I. 8764, as well as arguments on pages 5, 7 and 13.

4

those like Schwindler, whose claims are legally timely. While it can be argued that it is permissible to lump each of these differing subclasses into the direct abuse class due to each claim being related to sexual abuse associated with scouting, what is not permissible is to require one part of this aggregate class to have a different threshold for eligibility for compensation - especially since the probability of extensive fraud on the part of claimants from closed jurisdctions taking the expedited payment option is significant. As noted within Schwindler's opposition to confirmation, independent studies of recent claims of childhood sexual abuse brought against the Catholic Church have shown that only about 20% of all such claims were substantiated. Because Debtors and the local councils have refused to take even preliminary steps to substantiate any of the claims against the estate, and they have put forth a plan which requires those claimants who do not "take the money and run" by opting for the expedited payment to substantiate their claims, they have guaranteed that insurers will continue to litigate on this point. And because Debtors and the local councils have refused to provide honest responses to requests by claimants such as Schwindler for the information which only they possess, claimants such as ▓▓▓▓▓▓ will be unable to substantiate their claims. This will result in the denial of countless valid claims, while at the same time paying likely invalid claims to that part of the class which is not required to substantiate its claims. This is especially egregious when one considers that were the claims to be adjudicated in the tort systems of the states, the Debtors and local councils would not be able to avoid discovery of this information, and the majority of those being paid via the expedited payment would have their claims dismissed in the same tort systems.

8. ▓▓▓▓▓▓ submits that the discovery responses provided by the Debtors and Patriot's Path illustrate his previous point that the BSA and its local councils are not in the least bit serious about anything but protecting assets and finding a way for the nuisance of child sexual abuse victims to "go away." In order to demonstrate the lack of seriousness of Debtors

or the local councils, Schwindler will set forth below an item by item comparison of the responses received, along with his replies thereto so that the Court can see that the reponses are not only for the most part unresponsive, they are occasionally disingenuous.

9. In the course of responding to ▮▮▮▮ discovery requests, the Debtors ADMITTED that the individual who sexually abused Schwindler throughout calendar years 1960 and 1961 was not only an employee of the local council, but that he was terminated due to his sexual misconduct. However, in spite of Debtors making this admission, they claim to have no knowledge which other local councils he was employed by between 1955 and the time he sexually abused ▮▮▮▮ even though they admit that they are who commissioned him as a professional scouter, and that Debtors carried additional secondary insurance coverage related to professional scouters over and above coverage for volunteers and general liability. Taken together, the various responses and limited admissions strongly support Schwindler's argument that the Plan has not been put forth in good faith, and that unless or until the BSA's fundamental structural organization is changed, there is no possibility for the BSA to successfully combat the endemic sexual abuse of children in scouting. The BSA put assets ahead of the safety of children in scouting, and never once reported what it knew about the sexual abuse being perpetrated by scouts against other scouts, adult volunteers against scouts, and most egregiously of all, by the BSA's commissioned professional scouters - who they now want the Court to say should continue on with business as usual - minus the inconvenience of all these pain-in-the-neck lawsuits that threaten their assets.

### REQUESTS FOR ADMISSIONS & RESPONSES RECEIVED

Debtors and Patriot's Path's Responses are attached hereto as Exhibits #1 and #2 respectively. Specific responses from both are set forth below in order to allow the Court to not only see the "big picture," but to understand ▮▮▮▮ replies thereto. Both the Debtors & Patriot's

6

Path set forth the standard general objections, but Patriot's Path set forth one rather unique claim:

> "The Company objects to the Requests to the extent they seek materials in the Claimant' possession, custody, or control, or materials that are equally available to the Claimant. By way of further explanation, the Patriots' Path Council only retains employee records for seven (7) years. Additionally, the Morris-Sussex Council office relocated approximately 5 times from the 1960s until its eventual merger with Patriots' Path Council in 1999. During that approximate 40 year time period, offices were located in Morristown, Dover and Denville. In the mid-1980s, a fire (and subsequent water damage) destroyed the vast majority, if not all, of the membership rosters that are typically kept by a local council. Accordingly, many, if not all, of the information sought by this Claimant is no longer in possession of the Company."

It should be noted that this response does NOT say that all the records related to Schwindler were lost, or that those related to either of the troops he was a member of were lost, or that the records related to the two chartered sponsoring organizations were lost, or that the records related to known sexual predators identified were lost, or that insurance policies were lost, or even that the records related to Camp Mount Allamuchy were lost. Schwindler submits that a more accurate response is that Patriot's Path does not feel like like looking for specific records because it believes the Court's March 4, 2021 order wasn't made after determining that Schwindler's requests sought arguably discoverable information. [Transcript, D.I. 9172]. There is a a big difference between saying you can neither admit nor deny something you've looked for, but cannot find [like the Debtors have], and denying something you have not looked for because you've decided it is not relevant [like Patriot's Path has done].

**REQUEST FOR ADMISSION NO. 1:** **Boy Scout Troop 32 was sponsored by the Saint Peter's Episcopal Church as chartering organization within the Morristown District of the Morris-Sussex Area Council of the Boy Scouts of America [BSA] during calendar years 1960 and 1961.**

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path Council, BSA ("Patriots' Path"). Subject to the foregoing General and Specific Objections, the Debtors state that, after

7

a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. ▓▓▓▓▓▓ refers the Court to the Debtor's own list of chartered sponsoring organizations included in the Plan which are impacted by this action. St. Peter's Episcopal Church is found on that list, and it has precisely one claim recorded related to it: ▓▓▓▓▓▓ St. Peter's Episcopal Church knows that it sponsored a scout troop in 1960 and 1961, but why should it have any motivation to make a contribution to the settlement trust if the contradictory responses of the parties are truthful? Is it reasonable to believe that Debtors and Patriot's Path know enough to list St. Peter's Episcopal Church as a chartered sponsoring organization for purposes of the Plan, but have no historical records of who has sponsored troops? The primary function of the local councils is supposed to be the identification of potential chartered sponsoring organizations, and the support of those organizations efforts on behalf of the BSA. Morristown is the largest city and seat of the county in which the office for Patriot's Path is located. The council has never been headquartered in any other county. St. Peter's Episcopal Church is one of the ten largest churches in Morristown.[5] Churches sponsor most of the BSA's units. If the local council is unaware of which churches are currently sponsoring units, or have historically sponsored units, that local council must have some other focus besides maximizing participation in the scouting program. Perhaps this explains Patriot Path's more than 500% increase in physical assets during a time it has seen a 500% drop in youth participation?

**REQUEST FOR ADMISSION NO. 2:** The individual listed as Scoutmaster of Boy Scout Troop 32 during calendar years 1960 and 1961 was ▓▓▓▓▓▓

**DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

---

[5] https://www.churchfinder.com/churches/nj/morristown

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. ▮▮▮▮▮ acknowledges that it is possible that neither the BSA nor Patriot's Path has historical records which contain the names of volunteer adult scout leaders, but if this is the case, then there is no possible way for any claimant to prove a relationship between the individuals who sexually abused them and scouting, since all the BSA and its partners, including insurers, would need to do is claim that the lack of such records means they cannot be held liable. If these parties do not have these records as claimed, the question becomes "why don't those records exist, given that the BSA has known for 112 years that adult volunteers were sexually abusing boys in their charge?" But, we know that the BSA and local council's possess these records because we would not be in this bankruptcy case otherwise. Is it not just a tiny bit curious that the BSA and local councils say they can't make their lists of known as to suspected predators public for myriad reasons, while simultaneously claiming they don't really have any records concerning adult volunteers? In the case of Dickinson, it is inconceivable that St. Peter's Episcopal Church would not be cognizant of who the man who designed and oversaw the sculpting and installation of the statute of St. Peter in the niche above the main doors to the church, especially given his long service as a warden of the parish.

**REQUEST FOR ADMISSION NO. 3:** Boy Scout Troop 32 met on the premises of Saint Peter's Episcopal Church on South Street in Morristown, New Jersey during calendar years 1960 and 1961.

    **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

    **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. The Court is referred to the Facebook page for BSA Troop 228 in Morristown, NJ. The troop met at St. Peter's

Episcopal Church on South Street until a few weeks ago.[6] One would think that Patriot's Path Council would know that they have a scout troop that has been meeting at St. Peter's Episcopal Church in Morristown, and that they would know that all troop numbers were changed following the mergers of various councils into the current Patriot's Path Council. It should not be a difficult matter for Patriot's Path to ascertain whether the troop which has been meeting at St. Peter's Episcopal Church is sponsored by that church, but Patriot's Path has no interest in responding honestly to discovery. As it happens, Troop 228 is not sponsored by St. Peter's Episcopal Church, but it did meet in the Parish Hall/Annex where Troop 32 once served.[7] There is less than no chance that Patriot's Path is not aware of this fact.

**REQUEST FOR ADMISSION NO. 4:** **Boy Scout Troop 32 assisted at parish functions, including serving in the kitchen of the parish hall of Saint Peter's Episcopal Church during calendar years 1960 and 1961.**

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. ▓▓▓▓▓▓▓▓ acknowledges that it is reasonable for the parties to no longer possess this historical information, but notes that given the fact that Patriot's Path knows that Troop 228 was meeting at St. Peter's Episcopal Church until recently, and knows that the troop assisted at various functions at the church, that it is likely that Troop 32 did so when it was meeting at the same church. Patriot's Path cannot claim to not know what activities Troop 228 engages in because that is one of the primary jobs of local district scout executives to keep up with. In this case, the troop's web site contains photographs of it engaged in activities identical to

---

[6] https://m.facebook.com/troop228morristown/?refsrc=deprecated&_rdr - according to an email from Troop 228 Scoutmaster ▓▓▓▓▓ to ▓▓▓▓▓ on Saturday, March 12, 2022, the troop relocated to a new meeting location after St. Peter's indicated that the church did not want any further potential liability related to scouting. As noted in ▓▓▓▓▓▓ objections to confirmation, St. Peter's Episcopal Church was joined to his state tort shortly after he made his discovery requests - copy of which was served on the church - and the immediate response of the church was to sever all ties with Troop 228. There is no way that Patriot's Path is unaware of these facts, or what they portend for the BSA going forward.

[7] https://m.facebook.com/troop228morristown/?refsrc=deprecated&_rdr

those described in ▇▇▇▇▇▇ complaint and proof of claim.[8]

**REQUEST FOR ADMISSION NO. 5:** ▇▇▇▇▇▇ **was listed as an Assistant Scoutmaster for Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1959 and 1960.**

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. As set forth at Reply 2, ▇▇▇▇▇▇ acknowledges that it is possible that neither the BSA nor Patriot's Path has historical records which contain the names of volunteer adult scout leaders, but if this is the case, then there is no possible way for any claimant to prove a relationship between the individuals who sexually abused them and scouting, since all the BSA and its partners, including insurers, would need to do is claim that the lack of such records means they cannot be held liable. If these parties do not have these records as claimed, the question becomes "why don't those records exist, given that the BSA has known for 112 years that adult volunteers were sexually abusing boys in their charge?" In the case of Gregory Thayer, Schwindler has cause to believe that Thayer was involved in sexual abuse of boys associated with scouting, and Thayer's relationship with ▇▇▇▇▇▇ abuser was not simply casual. As such, it is reasonable to believe that Thayer's name should be, or once should have been listed on the BSA's records of childhood sexual predators. The fact that the parties claim to have no records related to Thayer strongly supports accusations that the BSA actively covered up child sexual abuse in order to protect the reputation and assets of the BSA. Nothing in the parties' behavior related to ▇▇▇▇▇▇ indicates otherwise.

**REQUEST FOR ADMISSION NO. 6:** ▇▇▇▇▇▇ **was registered as a member of Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1959 and 1960.**

> **DEBTOR:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the

---

[8] https://m.facebook.com/troop228morristown/?refsrc=deprecated&_rdr

possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. In the earliest stages of this case the BSA promised to make available all unit rosters to the parties. Someone must have provided the information to the TCC at some point, because the TCC advised claimants whose names were not found on unit rosters that their claims needed additional substantiation on this point. ▬▬▬▬ was advised by the TCC that his name was included on the unit rosters to which they had access. Either the TCC was misadvising claimants like Schwindler that their names were recorded on unit rosters, or one of these two parties is being obstructive of the discovery process.

**REQUEST FOR ADMISSION NO. 7:** Boy Scout Troop 50 was sponsored by American Legion Post 59 as chartering organization within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

**DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. ▬▬▬▬ refers the Court to the Debtor's own list of chartered sponsoring organizations included in the Plan which are impacted by this action. American Legion Post #59 is found on that list, and it has precisely one claim recorded related to it: ▬▬▬▬ American Legion Post #59 knows that it sponsored a scout troop in 1960 and 1961, but why should it have any motivation to make a contribution to the settlement trust if the contradictory responses of the parties are truthful? Is it reasonable to believe that Debtors and Patriot's Path know enough to list American Legion Post #59 as a chartered sponsoring organization for purposes of the Plan, but have no historical records of who has sponsored troops? Even if one were to accept the

12

possibility that Patriot's Path has no records of which organizations sponsored scout troops in 1960 and 1961, there is no possibility that it doesn't know which organizations currently sponsor such units. The primary function of the local councils is supposed to be the identification of potential chartered sponsoring organizations, and the support of those organizations efforts on behalf of the BSA. According to Patriot's Path Council's own website, American Legion Post #59 is one of the 27 chartered sponsoring organizations in the immediate Morristown area.[9] The Post has sponsored a troop for over 100 years. In what can only be categorized as an embarrassment for Patriot's Path regarding its non-responses to ▇▇▇▇▇▇ requests, the SAME TROOP that until recently met at St. Peter's Episcopal Church is the troop sponsored by American Lgion Post #59.[10] If the local council is unaware of which organizations are currently sponsoring units, or have historically sponsored units, that local council must have some other focus besides maximizing participation in the scouting program. Perhaps this explains Patriot's Path's more than 500% increase in physical assets during a time it has seen a 500% drop in youth participation?

**REQUEST FOR ADMISSION NO. 8:** The individual listed as Scoutmaster of Boy Scout Troop 50 during calendar years 1960 and 1961 was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. The same comments set forth at numbers 2 and 5 above apply to this request. In the case of Hathaway, this adult volunteer worked at Mt. Allamuchy BSA Camp for more than 60 years. He was the recipient of the BSA's Silver Beaver Award after 50 years in scouting. It is inconceivable that neither the Debtors nor Patriot's Path ever heard of the individual who was primarily responsible for the construction of virtually every campsite and structure at Allamuchy.

---

[9] https://ppcbsa.org/districts/fishawack-district/fishawack-district-units/

[10] https://ppcbsa.org/districts/fishawack-district/fishawack-district-units/ - see also June 3, 2016 post at https://m.facebook.com/troop228morristown/?refsrc=deprecated&_rdr

13

**REQUEST FOR ADMISSION NO. 9:** ▮▮▮▮▮▮▮▮▮▮▮▮ served as the Maintenance Director for Morris-Sussex Area Council, BSA's Camp Mount Allamuchy during calendar years 1960 and 1961.

> **RESPONSE TO REQUEST FOR ADMISSION NO. 9:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. The reply at number 9 above is directly on point. The Debtors know who they have recognized with the Silver Beaver award, and Patriot's Path knows who built most of their primary camp.

**REQUEST FOR ADMISSION NO. 10:** Boy Scout Troop 50 met on the premises of American Legion Post on Speedwell Avenue in Morristown, New Jersey during calendar years 1960 and 1961.

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. As noted at number 7, American Legion Post #59 still sponsors a scout troop in Morristown, NJ.[11] The Legion Post no longer owns its own meeting hall, but meets at the VFW hall.[12] The meeting hall previously used on Speedwell Avenue was a former elementary school building which was

---

[11] June 3, 2016 post at https://m.facebook.com/troop228morristown/?refsrc=deprecated&_rdr

[12] http://www.legionmorriscountynj.org/index.php?id=98

condemned and subsequently demolished in the 1970s. Due to loss of membership associated with the failure of the Legion to successfully recruit Vietnam era veterans, the Post #59 opted to continue in existence without acquiring a new meeting hall. It is inconceivable that Patriot's Path was unable to provide this information.

**REQUEST FOR ADMISSION NO. 11** [redacted] **was registered as a member of Boy Scout Troop 50 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1960 and 1961.**

> **RESPONSE TO REQUEST FOR ADMISSION NO. 11:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. The same reply as made above at number 6 applies. Either the information made available to the TCC was correct and based upon the troop rosters, or it was not. If the BSA provided the troop rosters as reported by the TCC, then one of these responses is false.

**REQUEST FOR ADMISSION NO. 12:** **The United States Navy Reserves Seabees regularly spent weekends working on construction and facilities at Camp Mount Allamuchy during calendar years 1960 and 1961.**

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it has no records responsive to the request. Both responses cannot be truthful. It is inconceivable that

Patriot's Path has no idea who built the major structures at its principal camp: Mt. Allamuchy.[13] Allamuchy is considered to be the best scout camp location east of the Rocky Mountains. It has by far the best facilities. The main camp office building and parking lot were the last major construction at the camp. These were completed by the U.S. Navy Reserve Seabees between 1960 and 1962. Patriot's Path knows very well who built these facilities, and when they were completed. Among other things, construction in New Jersey requires permits and subsequent registration with the local government. Beyond that, there is no such thing as an insurance policy covering structures that doesn't require information concerning the date of construction and compliance with electrical wiring standards. The Patriot's Path own website related to the camp provides the history of the camp, and photographs of the facilities, so the refusal of Patriot's Path to truthfully respond to this request illustrates precisely the attitude of the parties related to claimants such as Schwindler.

**REQUEST FOR ADMISSION NO. 13:** **The medical cabin at Camp Mount Allamuchy was located at the end of the parking lot nearest the red storage barn, and connected by footpath with the kitchen side of the Hartley Dodge Lodge Dining Facility during calendar years 1960 and 1961.**

> **DEBTORS:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.
>
> **PATRIOT'S PATH:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company acknowledges that this is possible, but lacks any no specific information to confirm or deny this representation. Accordingly, the Request is denied.

**REPLY:** The BSA says Patriot's Path has the information. Patriot's Path says it is "possible," but has no records responsive to the request. Both responses cannot be truthful. This failure to respond is one of the silliest [and there is no other word for it] instances of refusal to comply with discovery. The medical cabin is clearly shown at the end of the main parking lot, nearest the red maintenance barn, with a footpath to the Hartley Dodge Dining Lodge along the shore of Frenchie's Pond at Camp Allamuchy on either mapcarta or google maps, and both are linked to the Patriot's Path website.[14] Is it possible that Patriot's Path doesn't know the location of its medical cabin at its primary camp? Or is it more possible that Patriot's Path is contemptuous of the discovery process?

---

[13] https://campreservation.com/358/Camps/765#Facilities

[14] https://mapcarta.com/22548592