**EXHIBIT #1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343(LSS) |

**PATRIOTS' PATH COUNCIL'S RESPONSES AND OBJECTIONS TO
AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS OF CLAIMANT #39**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Patriots' Path Council (the "Company") provides the following responses and objections to the Amended Request for Admission & Documents (the "Requests") of ▮▮▮▮▮▮ (the "Claimant").

**GENERAL OBJECTIONS**

The following General Objections are in addition to any objections set forth separately below in response to individual Requests and are hereby incorporated in their entirety in response to each individual Request, whether or not separately stated therein.

1.      The Company objects to any Request that may elicit information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

2.      The Company objects to the Requests to the extent they seek materials in the Claimant' possession, custody, or control, or materials that are equally available to the Claimant. By way of further explanation, the Patriots' Path Council only retains employee records for seven (7) years. Additionally, the Morris-Sussex Council office relocated approximately 5 times from the 1960s until its eventual merger with Patriots' Path Council in 1999. During that approximate 40 year time period, offices were located in Morristown, Dover and Denville. In the mid-1980s, a fire (and subsequent water damage) destroyed the vast majority, if not all, of the membership

rosters that are typically kept by a local council. Accordingly, many, if not all, of the information sought by this Claimant is no longer in possession of the Company.

3.      The Company objects to the Requests to the extent they seek documents not within the possession, custody, or control of the Company and to the extent they seek to require the Company to obtain documents from individuals not currently employed by the Company and/or to create documents not existing or already available.

4.      The Company objects to the Requests to the extent they are vague and ambiguous or otherwise fail to describe items and categories of documents with reasonable particularity as required by Rule 34.

5.      The Company objects to the Requests to the extent they seek information not relevant to the claims and defenses involved in the pending bankruptcy proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6.      The Company objects to the Requests to the extent they seek to impose obligations upon the Company greater than those imposed by, or which are not required by, the Federal Rules of Bankruptcy Procedure and Local Rules.

7.      The Company objects to the Requests to the extent they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      The Company objects to the Requests to the extent the Claimant seek information which the Company considers to be confidential or proprietary, including trade secrets or other confidential research, development, or commercial information.  Any responsive documents

2

containing confidential or proprietary information will only be produced subject to the entry of a mutually agreeable stipulated order for the production and exchange of confidential information.

9.      Neither the fact that the Company has responded, nor individual responses themselves, constitutes an admission or acknowledgement that the Requests, instructions, or definitions are proper, that the information such Requests, instructions and/or definitions seek is relevant, material, or otherwise within the proper bounds of discovery or admissible at trial, or that other discovery requests will be treated in a similar fashion.

10.     The Company objects to the Requests, instructions and definitions to the extent they assume facts that do not exist or which are otherwise in dispute.

11.     The Company objects to each Request that is unlimited in time or not limited to a time frame relevant to this litigation on the grounds that such Requests are overly burdensome and seek irrelevant information.

12.     The Company reserves the right to supplement its responses to the Requests as discovery continues.

13.     The Company's objections and responses are subject to, and without waiver of:

        a.      The right to object to other discovery;

        b.      The right to make additional or supplementary objections and/or responses; and

        c.      The right to revise, correct, supplement, or clarify objections and/or responses.

14.     The Company will collect documents in the possession, custody, or control of custodians and non-custodial sources subject to the parameters and protocols agreed to by the parties.

3

## SPECIFIC OBJECTIONS AND RESPONSES

1.      Boy Scout Troop #32 was sponsored by the Saint Peter's Episcopal Church as chartering organization within the Morristown District of the Morris-Sussex Area Council of the Boy Scouts of America [BSA] during calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

2.      The individual listed as Scoutmaster of Boy Scout Troop 32 during calendar years 1960 and 1961 was William Dickinson.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

3.      Boy Scout Troop 32 met on the premises of Saint Peter's Episcopal Church on South Street in Morristown, New Jersey during calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

4.      Boy Scout Troop 32 assisted at parish functions, including serving in the kitchen of the parish hall of Saint Peter's Episcopal Church during calendar years 1960 and 1961.

4

ME1 39850933v.1

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

     5.               was listed as an Assistant Scoutmaster for Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1959 and 1960.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

     6.               was registered as a member of Boy Scout Troop 50 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

     7.     Boy Scout Troop 50 was sponsored by American Legion Post 59 as chartering organization within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

5

ME1 39850933v.1

**RESPONSE**: The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

      8.     The individual listed as Scoutmaster of Boy Scout Troop 50 during calendar years 1960 and 1961 was █████████████████████

**RESPONSE**: The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

      9.     ██████████████████ served as the Maintenance Director for Morris-Sussex Area Council, BSA's Camp Mount Allamuchy during calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

      10.    Boy Scout Troop 50 met on the premises of American Legion Post on Speedwell Avenue in Morristown, New Jersey during calendar years 1960 and 1961.

**RESPONSE**: The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant

ME1 39850933v.1

information.  By way of further response, the Company notes that the requested information is unknown to the Company.  Accordingly, the Request is denied.

11.    ████████████████████ was registered as a member of Boy Scout Troop 50 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information.  By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement.  Accordingly, the Request is denied.

12.    The United States Navy Reserves Seabees regularly spent weekends working on construction and facilities at Camp Mount Allamuchy during calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information.  By way of further response, the Company notes that the requested information is unknown to the Company.  Accordingly, the Request is denied.

13.    The medical cabin at Camp Mount Allamuchy was located at the end of the parking lot nearest the red storage barn, and connected by footpath with the kitchen side of the Hartley Dodge Lodge Dining Facility during calendar years 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information.  By way of further response, the Company acknowledges that this is possible, but

ME1 39850933v.1

lacks any no specific information to confirm or deny this representation.  Accordingly, the
Request is denied.

14.     The Morris-Sussex Area Council, BSA had in its employ an individual named
█████████████████████████████ as a District Executive for the Morristown
District during all or part of calendar years 1960 and 1961.

**RESPONSE:**  The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information.  By way of further response, the Company notes that it has no records responsive to
this request and that the requested information is unknown to the Company.  Accordingly, the
Request is denied.

15.     The BSA had commissioned ████████████████ as a professional scouter at some
time prior to his employment by the Morris-Sussex Area Council, BSA.

**RESPONSE:**  The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information.  By way of further response, the Company notes that it has no records responsive to
this request and that the requested information is unknown to the Company.  Accordingly, the
Request is denied.

16.     ███████████████ was the professional scout executive for the Morris-Sussex
Area Council, BSA during calendar years 1960 and 1961.

**RESPONSE:**  The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information.  By way of further response, the Company notes that it has no records responsive to

ME1 39850933v.1

this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

17. ███████████████ had been employed by a Local Council of the BSA located in the State of New York prior to his employment by the Morris-Sussex Area Council, BSA. [Please provide the name of that council or councils].

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

18. ███████████████ was the second most senior professional scouter employee of the Morris-Sussex Area Council, BSA, and was assigned as the Camp Director for Mount Allamuchy Boy Scout Camp located in Stanhope, Sussex County, New Jersey during all or parts of calendar years 1960 and 1961.

**RESPONSE**: The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

19. ███████████████ executed an employment contract with ███████████████ ███████████████ for the position of head dishwasher for the 1961 calendar year camping season at Camp Mount Allamuchy.

9

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

20.  The BSA maintained exclusive control over the commissioning of individuals who the Local Councils were permitted to employ as professional scouters during 1960 and 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. The Company further objects to this request as it seeks a legal conclusion. By way of further response, the Company notes that the requested information is unknown to the Company. Accordingly, the Request is denied.

21.  Individuals who served as commissioned professional scouters in 1960 and 1961 received their training from the BSA at its National Training School located at the Mortimer L. Schiff Scout Reservation in Mendham Township, Morris County, New Jersey.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company acknowledges that this is likely, but lacks any no specific information to confirm or deny this representation. Accordingly, the Request is denied.

22.  ████████████ ceased being employed by the Morris-Sussex Area Council, BSA during calendar year 1961.

ME1 39850933v.1

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

23.    ████████████ ceased being employed by the Morris-Sussex Area Council, BSA following revelations of inappropriate sexual conduct with a minor male, which became known shortly before the summer camping season for Camp Mount Allamuchy.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

24.    ████████████ replaced ████████████ as camp director for Camp Mount Allamuchy just prior to the camping season in calendar year 1961.

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company. Accordingly, the Request is denied.

25.    Individuals who served as camp directors at Boy Scout camps belonging to local councils in 1960 and 1961 received their training and certification from the BSA at its National

Camp Leadership Training School located at the Mortimer L. Schiff Scout Reservation in
Mendham Township, Morris County, New Jersey.

**RESPONSE:** The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information. By way of further response, the Company notes that it has no records responsive to
this request and that the requested information is unknown to the Company. Accordingly, the
Request is denied.

26.     The Boy Scouts of America maintained liability insurance covering the actions of
its professional scouters during calendar years 1960 and 1961 which was separate from insurance
covering liability for volunteers. [Please provide the name of the insurer and policy number, as
well as limits of coverage both aggregate and per occurrence].

**RESPONSE:** The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information. By way of further response, the Company notes that it has no records responsive to
this request and that the requested information is unknown to the Company. Accordingly, the
Request is denied.

27.     The Morris-Sussex Area Council, BSA maintained liability insurance covering
the actions of its professional scouters [employees] during calendar years 1960 and 1961 which
was separate from insurance covering liability for volunteers. [Please provide the name of the
insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

**RESPONSE:** The Company objects to this request as it seeks information that is neither
relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant
information. By way of further response, the Company notes that it has no records responsive to

12

this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

    28.    The Morris-Sussex Area Council, BSA maintained general liability insurance covering the programs and activities of scouting during calendar years 1960 and 1961 which was separate from coverage maintained by the BSA nationally. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

    29.    The Morris-Sussex Area Council, BSA and its insurers settled a major claim related to an injury incurred by a scout in which the scout suffered extensive injuries when a member of the Camp Allamuchy staff attempted to remove a bowie knife which the scout had in a sheath in his back pocket, and in doing so severely cut the wrist of the scout in calendar year 1960 or 1961. [Please provide the name of the insurer and policy number, as well as the settlement paid].

**RESPONSE:** The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information. By way of further response, the Company notes that it has no records responsive to this request and no basis upon which to form an opinion regarding the truth or accuracy of the statement. Accordingly, the Request is denied.

ME1 39850933v.1

30.     The Morris-Sussex Area Council, BSA conducted camporees and Order of the Arrow functions at the Mortimer L. Schiff Scout Reservation during calendar years 1960 and 1961.

**RESPONSE:**  The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information.  By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company.  Accordingly, the Request is denied.

31.     The BSA's Mortimer L. Schiff Scout Reservation was located within the geographical limits of the Morristown District of the Morris-Sussex Area Council, BSA.

**RESPONSE:**  The Company objects to this request as it seeks information that is neither relevant to the pending bankruptcy proceeding nor likely to lead to discovery of relevant information.  By way of further response, the Company notes that it has no records responsive to this request and that the requested information is unknown to the Company.  Accordingly, the Request is denied.

Dated: March 11, 2022               **MCCARTER & ENGLISH, LLP**

*/s/ Shannon Humiston*
Shannon Humiston, Esq. (No. 5740)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel.: (302) 984-6300
Fax: (302) 984-6399
Email: shumiston@mccarter.com

-and-

Clement J. Farley, Esq. (admitted pro-hac vice)
Jeffrey T. Testa, Esq. (admitted pro-hac vice)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
*Counsel for Patriots' Path Council, BSA*

14

ME1 39850933v.1