**EXHIBIT #2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

### DEBTORS' RESPONSES AND OBJECTIONS TO ██████████████
### AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 36, as made applicable herein, by Federal Rule of Bankruptcy Procedure 7036, Boy Scouts of America ("BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), by and through their undersigned counsel, hereby respond and object, without prejudice and while reserving all rights, to ██████████ *Amended Request for Admissions & Documents* as follows:

### PRELIMINARY STATEMENT

These responses and objections are based on information presently available to the Debtors and their attorneys. The Debtors' responses and objections are made subject to and without waiver of prejudice to the Debtors' right to later produce, including at trial, any testimonial, documentary, or other type of evidence subsequently discovered or revealed to be relevant by further analysis.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Additionally, the Debtors reserve the right to modify or supplement these responses and objections if it later appears that the Debtors have inadvertently made an error(s).

Each document produced by the Debtors is subject to all objections as to relevance, materiality, propriety and admissibility provided by the Federal Rules of Civil Procedure or stated herein and any and all objections and grounds that would require the exclusion of such documents, if such documents were attempted to be introduced at any hearing or trial of this matter. All such objections and grounds are reserved and may be interposed at the time of such hearing or trial. A partial answer to any request which has been objected to, in whole or in part, is not intended to be, and shall not act as, a waiver of the objection.

## GENERAL OBJECTIONS

1.      The Debtors respond to each and every request subject to its objections set forth herein. These objections form a part of the response to each and every request and are set forth here to avoid duplication by restating them for each request. These general objections may be specifically referred to in response to a certain request for the purpose of clarity. However, the failure specifically to refer to a general objection is not and shall not be construed to be a waiver of any general objection even if other general objections are specifically stated in response to a request.

2.      The Debtors object to each of the requests to the extent they seek information and documents that are subject to the attorney-client privilege, joint or common defense privilege, attorney-work product doctrine, or any other applicable privileges. The Debtors object to each of the requests to the extent they seek information or materials prepared in anticipation of or for litigation or which reflect confidential, commercial or business information, or information subject

2

to other applicable privileges.  In responding to each request, the Debtors will not provide privileged information.

3.      The Debtors object to each of the requests to the extent it seeks to impose upon the Debtors any obligation beyond those required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure or Federal Rules of Civil Procedure.

4.      The Debtors object to each of the requests to the extent it seeks confidential or proprietary information or documents, or information and documents protected from disclosure by law, court order or agreement regarding confidentiality or non-disclosure.

5.      The Debtors object to each of the requests to the extent it seeks information and documents not relevant to confirmation of the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813], not relevant to any other contested matter before the Bankruptcy Court, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      The Debtors object to each of the requests as overly broad and unduly burdensome to the extent it fails to specify a relevant time period.

7.      The Debtors object to each request to the extent it uses terms the Debtors cannot interpret or understand as used by ▮▮▮▮▮  Where possible, the Debtors have made reasonable assumptions as to the intended meanings of terms and responded accordingly, while preserving their objections as to the vagueness, ambiguity and uncertainty of the request.

8.      The Debtors reserve their right to challenge the competency, relevance, materiality and admissibility of any and all information or documents provided herein.

9.      These answers and objections are based on information now known.  The Debtors reserve their right to amend, modify or supplement objections and answers as set forth herein.

3

## OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 1:**  Boy Scout Troop 32 was sponsored by the Saint Peter's Episcopal Church as chartering organization within the Morristown District of the Morris-Sussex Area Council of the Boy Scouts of America [BSA] during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path Council, BSA ("Patriots' Path").  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 2:**  The individual listed as Scoutmaster of Boy Scout Troop 32 during calendar years 1960 and 1961 was William Dickinson.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

4

**REQUEST FOR ADMISSION NO. 3:**  Boy Scout Troop 32 met on the premises of Saint Peter's Episcopal Church on South Street in Morristown, New Jersey during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 4:**  Boy Scout Troop 32 assisted at parish functions, including serving in the kitchen of the parish hall of Saint Peter's Episcopal Church during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 5:** ▮▮▮▮▮▮▮▮ was listed as an Assistant Scoutmaster for Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1959 and 1960.

5

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 6:** ███████████████ was registered as a member of Boy Scout Troop 32 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1959 and 1960.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 7:**  Boy Scout Troop 50 was sponsored by American Legion Post 59 as chartering organization within the Morristown District of the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure

6

of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 8:** The individual listed as Scoutmaster of Boy Scout Troop 50 during calendar years 1960 and 1961 was ███████████████████

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 9:** ████████████████████ served as the Maintenance Director for Morris-Sussex Area Council, BSA's Camp Mount Allamuchy during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 10:**  Boy Scout Troop 50 met on the premises of American Legion Post on Speedwell Avenue in Morristown, New Jersey during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 11:** ▮▮▮▮▮▮▮▮▮▮▮▮▮ was registered as a member of Boy Scout Troop 50 within the Morristown District of the Morris-Sussex Area Council, BSA during parts of calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 12:**  The United States Navy Reserves Seabees regularly spent weekends working on construction and facilities at Camp Mount Allamuchy during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 13:**  The medical cabin at Camp Mount Allamuchy was located at the end of the parking lot nearest the red storage barn, and connected by footpath with the kitchen side of the Hartley Dodge Lodge Dining Facility during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 14:**  The Morris-Sussex Area Council, BSA had in its employ an individual named ████████████████████████ as a District Executive for the Morristown District during all or part of calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**  The Debtors state that, after a reasonable inquiry, the Morris-Sussex Area Council, BSA employed a ███████████ as a District Executive at the time of his termination in 1963.  The information known or readily

9

obtainable is insufficient to enable the Debtors to admit or deny that Mr. Brandon Gray was employed by the Morris-Sussex Area Council during 1960 and 1961.

**REQUEST FOR ADMISSION NO. 15:**  The BSA had commissioned ██████ as a professional scouter at some time prior to his employment by the Morris-Sussex Area Council, BSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**  The Debtors state that, after a reasonable inquiry, █████ was employed as a Local Council employee from 1955 to 1963, including his employment by the Morris-Sussex Area Council at the time of his termination in 1963.

**REQUEST FOR ADMISSION NO. 16:**  ██████ was the professional scout executive for the Morris-Sussex Area Council, BSA during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path.  Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 17:** █████ had been employed by a Local Council of the BSA located in the State of New York prior to his employment by the Morris-Sussex Area Council, BSA.  [Please provide the name of that council or councils].

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**  The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to

10

admit or deny the request. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 18:** ███████████ was the second most senior professional scouter employee of the Morris-Sussex Area Council, BSA, and was assigned as the Camp Director for Mount Allamuchy Boy Scout Camp located in Stanhope, Sussex County, New Jersey during all or parts of calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:** The Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 19:** ███████████ executed an employment contract with ███████████ for the position of head dishwasher for the 1961 calendar year camping season at Camp Mount Allamuchy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 20:** The BSA maintained exclusive control over the commissioning of individuals who the Local Councils were permitted to employ as professional scouters during 1960 and 1961.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:** Admitted.

**REQUEST FOR ADMISSION NO. 21:** Individuals who served as commissioned professional scouters in 1960 and 1961 received their training from the BSA at its National Training School located at the Mortimer L. Schiff Scout Reservation in Mendham Township, Morris County, New Jersey.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 22:** ▮▮▮▮▮▮▮▮▮ ceased being employed by the Morris-Sussex Area Council, BSA during calendar year 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:** The Debtors state that, after reasonable inquiry, ▮▮▮▮▮▮ was terminated in 1963.

**REQUEST FOR ADMISSION NO. 23:** ▮▮▮▮▮▮▮▮▮ ceased being employed by the Morris-Sussex Area Council, BSA following revelations of inappropriate sexual conduct with a minor male, which became known shortly before the summer camping season for Camp Mount Allamuchy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:** The Debtors admit that ▮▮▮▮▮▮ ▮▮▮ was terminated following revelations of inappropriate sexual conduct. The information known or readily obtainable is insufficient to enable the Debtors to admit or deny the remainder of this request.

12

**REQUEST FOR ADMISSION NO. 24:** ████████████ replace█████████████████ as camp director for Camp Mount Allamuchy just prior to the camping season in calendar year 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. The Debtors further object to this request to the extent it seeks disclosure of information not in the possession, custody or control of the Debtors, but rather in the possession, custody or control of Patriots' Path. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 25:** Individuals who served as camp directors at Boy Scout camps belonging to local councils in 1960 and 1961 received their training and certification from the BSA at its National Camp Leadership Training School located at the Mortimer L. Schiff Scout Reservation in Mendham Township, Morris County, New Jersey.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:** The Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 26:** The Boy Scouts of America maintained liability insurance covering the actions of its professional scouters during calendar years 1960 and 1961 which was separate from insurance covering liability for volunteers. [Please provide the name of insurer and policy number, as well as limits of coverage both aggregate and per occurrence.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:** The BSA has secondary evidence that Commercial General Liability Policies were issued to the BSA in 1960 and 1961.

- <u>1960 Policy</u>: Insurance Company of North America, Policy No. CGL 122620, $250,000 per occurrence limit, no aggregate limit

- <u>1961 Policy</u>: Insurance Company of North America, Policy No. CGL 175782, $250,000 per occurrence limit, no aggregate limit

**REQUEST FOR ADMISSION NO. 27:** The Morris-Sussex Area Council, BSA maintained liability insurance covering the actions of its professional scouters [employees] during calendar years 1960 and 1961 which was separate from insurance covering liability for volunteers. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:** Denied.

**REQUEST FOR ADMISSION NO. 28:** The Morris-Sussex Area Council, BSA maintained general liability insurance covering the programs and activities of scouting during calendar years 1960 and 1961 which was separate from coverage maintained by the BSA nationally. [Please provide the name of the insurer and policy number, as well as limits of coverage both aggregate and per occurrence].

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:** Denied.

**REQUEST FOR ADMISSION NO. 29:** The Morris-Sussex Area Council, BSA and its insurers settled a major claim related to an injury incurred by a scout in which the scout suffered extensive injuries when a member of the Camp Allamuchy staff attempted to remove a bowie knife which the scout had in a sheath in his back pocket, and in doing so severely cut the wrist of the scout in calendar year 1960 or 1961. [Please provide the name of the insurer and policy number, as well as the [settlement] paid].

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:** The Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 30:** The Morris-Sussex Area Council, BSA conducted camporees and Order of the Arrow functions at the Mortimer L. Schiff Scout Reservation during calendar years 1960 and 1961.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:** The Debtors object to this request on the grounds that the Debtors do not have sufficient knowledge or information to enable them to admit or deny the request. Subject to the foregoing General and Specific Objections, the Debtors state that, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable the Debtors to admit or deny this request.

**REQUEST FOR ADMISSION NO. 31:** The BSA's Mortimer L. Schiff Scout Reservation was located within the geographical limits of the Morristown District of the Morris-Sussex Area Council, BSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:** The Debtors state that Mortimer L. Schiff Scout Reservation is located in Morris County, New Jersey. The information known or readily obtainable is insufficient to enable the Debtors to admit or deny the remainder of this request.

15

Dated: March 11, 2022

WHITE & CASE LLP
Glenn Kurtz (admitted *pro hac vice*)
Jessica C. Lauria (admitted *pro hac vice*)
Andrew Hammond (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email: gkurtz@whitecase.com
          jessica.lauria@whitecase.com
          ahammond@whitecase.com
          sam.hershey@whitecase.com

– and –

WHITE & CASE LLP

Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
          mlinder@whitecase.com
          laura.baccash@whitecase.com
          blair.warner@whitecase.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 351-9314
Email: dabbott@morrisnichols.com
          aremming@morrisnichols.com
          ptopper@morrisnichols.com

*Attorneys for the Debtors and Debtors in Possession*

16



PRESS FIRMLY TO SEAL

FROM:

US POSTAGE PAID
03/23/2022
From 31406
Zone 5

Pitney Bowes
ComPlsPrice
Flat Rate Envelope

028W0002310120

3002326578

**PRIORITY MAIL 2–DAY**

Estimated Delivery Date: 03/25/2022

**0004**

C012

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE
824 N MARKET ST
3RD FLOOR
WILMINGTON DE 19801–3024

**USPS TRACKING #**

9405 5091 0937 5500 0558 22

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE**