# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. D.I. 9418 |

## DEBTORS' RESPONSE TO MICHAEL CUTLER'S MOTION TO COMPEL DISCOVERY PRODUCTION ORDER

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby file this response (the "Response") and the declaration attached hereto as **Exhibit A** (the "Remington Declaration") to the *Motion to Compel Discovery Production Order* (D.I. 9418) (the "Motion") filed by Michael Cutler and respectfully state as follows:

## PRELIMINARY STATEMENT

1. Despite filing a motion to compel discovery production, Mr. Cutler has not served any discovery relating to confirmation on the Debtors and the Motion fails to identify with any specificity the information or documents Mr. Cutler seeks. Perhaps more importantly, despite multiple requests that he do so, Mr. Cutler has not filed a Notice of Intent to become a Participating Party, as required by the Confirmation Scheduling Order. Instead, Mr. Cutler reached out to the Debtors with questions concerning proofs of claim, his ballot, and historical roster and Scouting files. Debtors' counsel diligently responded to Mr. Cutler's inquiries, and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

attempted to schedule a time to speak with Mr. Cutler, which Mr. Cutler has declined.  Mr. Cutler is not a Participating Party and there is no basis upon which this Court should reopen the discovery deadline so that he may serve written discovery.  For these reasons, the Motion should be denied.

## BACKGROUND

2.     On October 8, 2021, the Court entered an order scheduling certain dates and deadlines, including discovery deadlines, in connection with confirmation of the Debtors' plan of reorganization [D.I. 6528] (the "Confirmation Scheduling Order").[2]  Among other things, the Confirmation Scheduling Order established a deadline of October 8, 2021 for Participating Parties (as defined in the Confirmation Scheduling Order) to serve written discovery in connection with confirmation.

3.     The Confirmation Scheduling Order also established the process by which a party in interest could become a "Participating Party":

> Any party in interest that intends to participate in the Confirmation Proceedings (a "Proposed Participant") *must first file with the Court* a notice indicating such intent (a "Notice of Intent") at any time prior to the close of the Confirmation Proceedings, in accordance with the form attached to the Motion as Exhibit B.  However, *each Proposed Participant who then becomes a Participating Party* must comply with and will be bound by all deadlines and other provisions set forth in the Confirmation Scheduling Order and *shall not be allowed to reopen any deadlines that have already passed* absent (a) consent of the Debtors and other Participating Parties or (b) further order of the Court.

Confirmation Scheduling Order ¶ 3 (emphasis added).

---

[2]  Capitalized terms not defined herein are defined in the Confirmation Scheduling Order or the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8813] (the "Plan").

4.      Mr. Cutler first contacted Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols" or "Debtors' counsel"),[3] co-counsel for the Debtors, on January 17, 2022.  At that point, Mr. Cutler requested Zoom information in order to attend the virtual deposition of one of the Debtors' experts and requested that Debtors' counsel include Mr. Cutler on future communications related to confirmation depositions.  In accordance with the *Order Approving Confidentiality and Protective Order* [D.I. 799] (the "Protective Order")[4] entered in these cases, Debtors' counsel agreed to add Mr. Cutler to the deposition invitation emails provided that he first execute the Acknowledgement and Agreement to be Bound, attached as Exhibit A to the Protective Order.  Debtors' counsel also invited Mr. Cutler to file a Notice of Intent to the extent he wished to participate in the confirmation hearing.  Debtors' counsel provided Mr. Cutler with both the Acknowledgement and Agreement to be Bound and the Notice of Intent form.  Mr. Cutler acknowledged and confirmed his understanding of the prerequisites to access the confirmation deposition and related materials.  A copy of this correspondence is attached as **Exhibit 1** to the Remington Declaration.

5.      On February 3, 2022, Mr. Cutler filed an objection to the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 7832] (subsequently amended and superseded by the Plan).  At that time, Mr. Cutler still had not filed a Notice of Intent to participate as required under the Confirmation Scheduling

---

[3] Prior to contacting Morris Nichols, Mr. Cutler exchanged emails with White & Case LLP, lead counsel to the debtors, and Omni Agent Solutions, the claims and solicitation agent. In response to Mr. Cutler's inquiries, Omni Agent Solutions and White & Case confirmed with Mr. Cutler that his ballot was received and his vote would be tabulated.

[4] The Protective Order details the procedures in which parties produce, handle and transmit confidential materials, including deposition testimony and transcripts, in these chapter 11 cases. In particular, the Protective Order permits disclosure of "Confidential" and "Highly Confidential" discovery material only to those parties (apart from the designated parties) who execute the Acknowledgement and Agreement to be Bound. Protective Order, ¶¶ 7.2–7.3. The Acknowledgment and Agreement to be Bound, attached to the Protective Order as Exhibit A, states that the party agrees to "comply with and to be bound by all the terms of the Order."

Order. In response to Mr. Cutler's objection, Debtors' counsel emailed Mr. Cutler on March 7, 2022, to remind him of the requirement to file a Notice of Intent to participate in the confirmation hearing. A copy of this email is attached as **Exhibit 2** to the Remington Declaration.

6. Debtors' counsel then exchanged several emails with Mr. Cutler regarding the timeliness of Mr. Cutler's proofs of claim and ballot and the tabulation of his vote on the Plan. White & Case LLP and Omni Agent Solutions had previously addressed these same questions. In response to an additional inquiry regarding historical roster and/or registration files, Debtors' counsel also explained that a Roster Production Protocol has been established in the preliminary injunction adversary proceeding, by which Mr. Cutler might be able to obtain certain information related to rosters and registration.[5] Debtors' counsel proposed a call with Mr. Cutler for March 18, 2022, at 9:00 a.m. (ET), to discuss any of Mr. Cutler's outstanding questions or concerns. Mr. Cutler declined the invitation to speak with Debtors' counsel. A copy of this email correspondence is attached as **Exhibit 3** to the Remington Declaration.

7. Despite the numerous correspondences detailed above, Mr. Cutler has never served written discovery requests on the Debtors.

## RESPONSE

8. The Motion should be denied. To date, Mr. Cutler has not served any discovery requests on the Debtors. Even if Mr. Cutler were now to serve discovery requests in connection

---

[5] This Court approved the Roster Production Protocol pursuant to the *Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* (the "Fourth Stipulation") (A.D.I. 162) filed in the preliminary injunction adversary proceeding, Case No. 20-50527. In particular, per paragraph 6(g) of the Fourth Stipulation, Survivors or retained state court counsel may request that counsel to the Tort Claimants' Committee or counsel to the Coalition provide certain information to the Survivor relating to the Survivor's proof of claim.

with confirmation, such requests would be untimely. It is unclear what, if any, discovery Mr. Cutler now requests and, in the absence of any timely and proper requests, the motion to compel is inappropriate.

9. As an initial matter, Mr. Cutler cannot participate in confirmation proceedings without first complying with the Confirmation Scheduling Order. Accordingly, Mr. Cutler must file a Notice of Intent.[6] Although Debtors' counsel has informed Mr. Cutler of this requirement and provided Mr. Cutler with the Notice of Intent form, Mr. Cutler has declined to comply. In fact, as detailed above, the Debtors have repeatedly engaged with Mr. Cutler to try to address his questions and concerns. At this point, Mr. Cutler has refused to speak with Debtors' counsel on any open issues. Thus, any allegations that Mr. Cutler's due process rights have been infringed are unfounded.

10. Moreover, Mr. Cutler's claims of fraudulent declarations or certifications are without merit and should not be entertained by this Court. Mr. Cutler provides no basis (nor could he) for his conclusory assertions in the Motion.[7]

11. For these reasons, the Motion should be denied.

---

[6] To be clear, should Mr. Cutler file a Notice of Intent, his participation in the Confirmation Hearing should be limited to argument concerning his Plan objection. Pursuant to paragraph 3 of the Confirmation Scheduling Order, Mr. Cutler cannot reopen the discovery deadline to pursue written discovery regarding confirmation absent further Court order.

[7] The Motion also quotes provisions of the Rules of the Fee Dispute Committee of the Delaware State Bar Association. However, Mr. Cutler's pursuit of a complaint before the Fee Dispute Committee is misguided. The Fee Dispute Committee's purpose is "the resolution of controversies between lawyer and client, and between lawyers who succeed each other in the representation of a client." Rules of the Fee Dispute Committee, ¶ 1, https://media1.dsba.org/public/media/pdfs/FDCUnitaryRulesAppendices.pdf. Morris Nichols represents the Debtors in these chapter 11 cases. Morris Nichols does not represent Mr. Cutler in these cases or any other matter. The complaint is therefore inappropriate, and Morris Nichols will address the complaint at the appropriate time and in the appropriate forum.

| | |
|---|---|
| Dated: March 30, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>          aremming@morrisnichols.com<br>          ptopper@morrisnichols.com<br>          tremington@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>          mlinder@whitecase.com<br>          laura.baccash@whitecase.com<br>          blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND<br>DEBTORS IN POSSESSION |