## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CENTURY'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING UNDER SEAL CENTURY'S (I) MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF M.W.P. [D.I. 9531], (II) DECLARATION OF LAUREN CASALE IN SUPPORT OF CENTURY'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF M.W.P. [D.I. 9532], (III) MOTION TO SHORTEN NOTICE FOR CENTURY'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF M.W.P. [D.I. 9533], (IV) MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF N.A. [D.I. 9540], (V) DECLARATION OF LAUREN CASALE IN SUPPORT OF CENTURY'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF N.A. [D.I. 9541], (VI) MOTION TO SHORTEN NOTICE FOR CENTURY'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF N.A. [D.I. 9542]**

Century Indemnity Company ("Century") files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Century to file under seal Century's (I) *Motion in Limine to Limit the Testimony of M.W.P.* [D.I. 9531], (II) *Declaration of Lauren Casale in Support of Century's Motion in Limine to Limit the Testimony of M.W.P.* [D.I. 9532], (III) *Motion to Shorten Notice for Century's Motion to Limit the Testimony of M.W.P.* [D.I. 9533], (IV) *Motion in Limine to Limit the Testimony of N.A.* [D.I. 9540], (V) *Declaration of Lauren Casale in Support of Century's Motion in Limine to Limit the Testimony of N.A.* [D.I. 9541], (VI) *Motion to Shorten Notice for Century's Motion in Limine to Limit the Testimony of N.A.* [D.I. 9542] (collectively, the "Confidential Information"). In

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

support of its Motion, the Century states as follows:

## RELIEF REQUESTED

By this Motion, the Century requests leave to file under seal the Confidential

Information.  Local Rule 9018-1(d) permits parties in interest to file a motion seeking to file

documents under seal.

## BASIS FOR RELIEF

On June 8, 2020, this Court entered the *Confidentiality and Protective Order* [D.I. 799-1]

(the "Protective Order"), which provides that "any document containing Protected Material that

is submitted to or filed with the Bankruptcy Court must be filed under seal . . .".  The Protective

Order provides that "any document containing Protected Material that is submitted to or filed

with the Bankruptcy Court must be filed under seal as a restricted document in accordance with

Local Rule 9018-1 and any applicable Chamber Procedures, or as otherwise ordered by the

Bankruptcy Court.  The Confidential Information contain sensitive information and material

designated as Protected Material under the terms of the Protective Order, including deposition

materials marked "Highly Confidential."  The Confidential Information is Protected Material.

Subject to the terms of the Protective Order, the Confidential Information must be filed under

seal.

## CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)(9)(iv)

The undersigned counsel believes that the entire proposed sealed documents should be

filed under seal and that no proposed redacted document can be filed with the Motion.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing

Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

Century confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The basis for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## **CONCLUSION**

Wherefore, the Century respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*Remainder of Page Intentionally Left Blank*

Dated: April 1, 2022

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis (#4606)

STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone: 302 999 1540
Facsimile: 302 762 1688

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: 212 326 2000
Facsimile: 212 326 2061

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America*

**<u>EXHIBIT A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING CENTURY'S MOTION FOR ENTRY OF AN
ORDER AUTHORIZING FILING UNDER SEAL CENTURY'S (I) MOTION *IN LIMINE*
TO LIMIT THE TESTIMONY OF M.W.P. [D.I. 9531], (II) DECLARATION OF
LAUREN CASALE IN SUPPORT OF CENTURY'S MOTION *IN LIMINE* TO LIMIT
THE TESTIMONY OF M.W.P. [D.I. 9532], (III) MOTION TO SHORTEN NOTICE FOR
CENTURY'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF M.W.P. [D.I.
9533], (IV) MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF N.A. [D.I. 9540], (V)
DECLARATION OF LAUREN CASALE IN SUPPORT OF CENTURY'S MOTION *IN
LIMINE* TO LIMIT THE TESTIMONY OF N.A. [D.I. 9541], (VI) MOTION TO
SHORTEN NOTICE FOR CENTURY'S MOTION *IN LIMINE* TO LIMIT THE
TESTIMONY OF N.A. [D.I. 9542]**

Upon consideration of the motion for entry of an order authorizing filing under seal

Century Indemnity Company ("Century")'s (I) *Motion in Limine to Limit the Testimony of M.W.P.*

[D.I. 9531], (II) *Declaration of Lauren Casale in Support of Century's Motion in Limine to Limit*

*the Testimony of M.W.P.* [D.I. 9532], (III) *Motion to Shorten Notice for Century's Motion in*

*Limine to Limit the Testimony of M.W.P.* [D.I. 9533], (IV) *Motion in Limine to Limit the Testimony*

*of N.A.* [D.I. 9540], (V) *Declaration of Lauren Casale in Support of Century's Motion in Limine*

*to Limit the Testimony of N.A.* [D.I. 9541], (VI) *Motion to Shorten Notice for Century's Motion in*

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal
tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA,
LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas
75038.

*Limine to Limit the Testimony of N.A.* [D.I. 9542] (collectively, the "<u>Confidential Information</u>")[2] filed by counsel for Century, for entry of an order authorizing the filing under seal of the Confidential Information, as described therein; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court's entry of a final order being consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Century's notice of the Sealing Motion and opportunity for a hearing on the Sealing Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Sealing Motion; and this Court having determined that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Sealing Motion is GRANTED as set forth herein.

2.      Century is authorized to file the Confidential Information under seal, subject to further order of the Court, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3.      Except upon further order of the Court, the Confidential Information shall remain under seal, and shall not be made available to anyone, except that copies shall be provided to the Court and the U.S. Trustee on a confidential basis and, upon request, to parties bound by the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to those terms in the Sealing Motion.

A-2

Protective Order on a confidential basis. Such parties shall be bound by this Order and shall at all times keep the information subject to this order (the Confidential Information) strictly confidential and shall not disclose the information to any party whatsoever.

4.      Century and any other party authorized to receive the Confidential Information pursuant to this Order shall, subject to Local Rule 9018-1(c) and without further order of the Court, redact specific references to the Confidential Information from any and all pleadings filed on the public docket maintained in these chapter 11 cases.

5.      This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

6.      Century is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED this _____ day of _____, 2022

_____

Chief Judge, United States Bankruptcy Court