# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I. 9516** |

**DEBTORS' OBJECTION TO RENEWAL OF MOTION FOR AN ORDER FINDING REQUESTS TO DEBTORS AND PATRIOTS' PATH COUNCIL, BSA FOR ADMISSIONS PROPOUNDED BY CLAIMANT #39 ON OCTOBER 3, 2021 VIA AMENDED REQUEST FOR ADMISSIONS & DOCUMENTS ADMITTED AS A MATTER OF LAW**

The undersigned counsel to the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby file this objection (the "Objection") to the *Renewal of Motion for an Order Finding Requests to Debtors and Patriots' Path Council, BSA for Admissions Propounded by Claimant #39 on October 3, 2021 via Amended Request for Admissions & Documents Admitted as a Matter of Law & Requesting that this Pleading be Considered as a Supplement to Schwindler's Objections to Confirmation of Plan* [D.I. 9516] (the "Renewed Motion"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Renewed Motion reveals that Mr. Schwindler is unsatisfied with the Debtors' discovery responses because he believes (without providing support) that the responses are untrue. Mr. Schwindler cannot compel admissions of fact for which the Debtors have no means of proving simply because he believes his requests to be true. To the extent that the Debtors had

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

responsive information, the Debtors provided it in their responses. The Debtors maintain that despite a reasonable inquiry, they do not possess information sufficient to admit or deny certain requests. Mr. Schwindler now renews his motion to deem all requests admitted—relief that the Court previously found inappropriate, and that certainly is not appropriate now that the Debtors have responded fully to Mr. Schwindler's requests in accordance with the Federal Rules of Civil Procedure and this Court's ruling.

## BACKGROUND

2. The Court held a hearing on March 4, 2022, to consider Mr. Schwindler's *Motion for an Order Compelling Debtors and Patriots' Path Council, BSA to Produce Documents or Information Sought by Claimant # 39 on October 3, 2021 via Amended Request for Admissions & Documents* [D.I. 7620] and *Motion for an Order Finding Requests to Debtors and Patriots' Path Council, BSA for Admissions Propounded by Claimant # 39 on October 3, 2021 via Amended Requests for Admissions & Documents Admitted as a Matter of Law* [D.I. 7622] (together, the "Motions"). The Court denied the request to deem the discovery requests admitted, noting that it would not be a "proper sanction," but instructed the Debtors and Patriots' Path to respond to Mr. Schwindler's discovery requests by March 11, 2022, notwithstanding the Debtors' argument that the requests are related to Mr. Schwindler's claim rather than Plan confirmation. Mar. 4, 2022 Hr'g Tr. 23:22–24:10.

3. In accordance with the Court's ruling, the Debtors served Mr. Schwindler with responses and objections to his discovery requests on March 11, 2022.[2]

---

[2] Mr. Schwindler's assertion that the Debtors failed to file the required notice of service for the responses and objections is false. Renewed Motion ¶ 6. The Debtors filed a notice of service on March 11, 2022 [D.I. 9306].

4.      On March 30, 2022, Mr. Schwindler filed the Renewed Motion arguing that the responses and objections provided by the Debtors and Patriots' Path are insufficient and the responses should be deemed admitted as a matter of law.

**OBJECTION**

5.      The Debtors conducted a reasonable inquiry into Mr. Schwindler's discovery requests and responded in accordance with Federal Rule of Civil Procedure 36.  *See* Fed. R. Civ. P. 36 advisory committee's note to the 1970 amendment (requiring the answering party to make a "reasonable inquiry and secure such knowledge and information as are readily obtainable"). Mr. Schwindler has now moved for this Court to deem admitted facts that the Debtors have no basis to admit or deny.  Mr. Schwindler's replies demonstrate that he is treating the requests for admission as interrogatories.  This is an inappropriate attempt at discovery that exceeds the purpose of requests for admission.  *See Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) ("Requests for admission are not a general discover device."); *Pickens v. Equitable Life Assurance Soc'y*, 413 F. 2d 1390, 1393 (5th Cir. 1969) ("Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove."); Fed. R. Civ. P. 36 advisory committee's note to the 1970 amendment ("Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

6.      Mr. Schwindler primarily argues that the Debtors possess certain information and are being untruthful in their responses.  He offers no basis to support these allegations.[3]  Mr. Schwindler cannot compel admissions merely because he is unsatisfied with the responses he

---

[3]     Moreover, Mr. Schwindler's citations to secondary sources provide information largely beyond the scope of his requests and, even if responsive and accurate, do not change the Debtors' responses.

received. *See Outzen v. Kapsch Trafficcom USA, Inc.*, 2022 WL 267596, at *10 (S.D. Ind. Jan. 27, 2022) ("[The answering party] was not required to provide a 'detailed description' of its efforts to admit or deny this request. While Plaintiffs may be highly skeptical . . . the response is not insufficient. [The answering party] adequately explained why it believes it is unable to admit or deny this request.") (internal citation omitted). The Advisory Committee Notes to Rule 36 clarify that deeming requests admitted as a matter of law is a remedy when the responding party serves answers that "are not in conformity with the requirements of the rule." Fed. R. Civ. P. 36 advisory committee's note to the 1970 amendment. As described above, the Debtors complied with Rule 36 by making a reasonable inquiry into records and information that was readily obtainable. *See* Fed. R. Civ. P. 36. Moreover, Mr. Schwindler acknowledged several times that is "possible" and "reasonable" that the Debtors do not have the historical records he seeks. *See* Renewed Motion, replies to RFA 2, 4, 5, 19, 20, 22 and 26. These acknowledgments further support denying Mr. Schwindler's renewed request to deem all requests admitted.

7. Mr. Schwindler also argues that because the Debtors provided admissions "related to the professional scouter who sexually abused Schwindler," all the requests should be deemed admitted. Renewed Motion at 26. Mr. Schwindler provides no legal basis for this argument, nor could he. This argument seeks an extreme sanction that is inconsistent with the Court's prior remarks on the Motions. Mar. 4, 2022 Hr'g Tr. 23:22–24:10 ("I don't think it's a proper sanction to just consider all of the admissions admitted. I think that's too harsh of a sanction for missing a deadline, notwithstanding the importance of deadlines, and it's consistent with rulings I've made before in other cases."). This argument and many of Mr. Schwindler's replies in the Renewed Motion seek information and records not relevant to plan confirmation. Yet Mr. Schwindler has repeatedly stated that his plan objection is the legal basis for serving this

discovery. Assuming the Plan is confirmed, Mr. Schwindler will be afforded an opportunity to substantiate his claim in accordance with the Trust Distribution Procedures set forth in the Plan. Thus, the Renewed Motion should be denied.[4]

8. Although the Debtors are not obligated to further respond to Mr. Schwindler's requests, the Debtors have provided a chart, attached hereto as **Exhibit A**, to address certain statements in the Renewed Motion. At the outset, the Debtors note that any responses objecting on the basis that the requested information would be in the possession, custody or control of Patriots' Path were not intended to imply that Patriots' Path in fact had the information or relevant documents regarding a specific request. Many of Mr. Schwindler's requests sought information that is typically maintained by Local Councils and thus not in the possession of the BSA. However, the Debtors cannot definitively say whether any particular Local Council has particular historical records or information. The Debtors understand that Patriots' Path explained in its responses why it no longer possesses certain historical records.

9. Finally, Mr. Schwindler incorporates a supplemental plan objection in his Renewed Motion. Specifically, Mr. Schwindler argues that the composition of Class 8 claimants

---

[4] If this Court grants the relief requested in the Renewed Motion, the requested admissions would be deemed admitted only for the present contested matter—plan confirmation—and could not be used against the Debtors or their successors in any other proceeding, such as a proceeding on the merits of Mr. Schwindler's claim. Federal Rule of Civil Procedure 36(a)(1) provides, in relevant part, that "[a] party may serve on any other party a written request to admit, for purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ." Fed. R. Civ. P. 36(a)(1). Rule 36(b) goes on to provide that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.* 36(b). Thus, courts have held that an admission made or deemed made in a prior proceeding is not binding in a subsequent contested matter. *See In re Pizante*, 186 B.R. 484, 489 (B.A.P. 9th Cir. 1995) (finding bankruptcy court did not err in declining to apply collateral estoppel because Rule 36 barred deemed admissions from prior adversary proceeding to be used against debtor in subsequent adversary proceeding); *see also David v. Summit Cmty. Bank*, 536 F. Supp. 3d 68, 79 (E.D. Va. 2021) (bankruptcy court committed error in relying on admissions made in prior proceeding when ruling on contested matter on claim), *amended on denial of reh'g*, 2022 WL 303300 (E.D. Va. Feb. 1, 2022). Mr. Schwindler's replies suggest an attempt to circumvent the trust distribution procedures. However, even if Mr. Schwindler received the admissions he wants (and he should not for the reasons herein), Rule 36 prevents him from using the admissions against the Debtors in connection with his claim.

under the Plan violates section 1123(a)(4) of the Bankruptcy Code. Section 1123(a)(4) does not require that a plan provide the same treatment for each claim or interest within a particular class, unless a holder of a claim or interest agrees to receive treatment that is less favorable than the treatment afforded to the other class members. The "same treatment" standard only requires "equality of treatment, not equality of result." *In re Breitburn Energy Partners LP*, 582 B.R. 321, 358 (Bankr. S.D.N.Y. 2018). Section 1123(a)(4) requires not that all claimants in a class obtain the same recovery but that they have the same opportunity to recover. *In re Dana Corp.*, 412 B.R. 53, 62 (S.D.N.Y. 2018); *In re W.R. Grace & Co.*, 729 F.3d 311, 327 (3d Cir. 2013) ("What matters, then, is not that claimants recover the same amount but that they have equal opportunity to recover on their claims.").

10. The Class 8 claimants are all treated equally under the Plan because they all have the option to select an Expedited Distribution. That some claimants will opt to receive an Expedited Distribution has no bearing on the overall treatment of the Class 8 claimants under the Plan when all claimants in that class have an equal opportunity to select that option. This issue is addressed in the *Debtors' (I) Memorandum of Law in Support of Confirmation of the Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC and (II) Omnibus Reply to Plan Confirmation Objections* ¶ 369 [D.I. 9114]. The Debtors will further address this issue, along with Mr. Schwindler's other plan objections, in the Debtors' closing argument at the confirmation hearing.

## CONCLUSION

Based on the foregoing, the Debtors respectfully request the Court deny the Renewed Motion and grant any such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 6, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>         aremming@morrisnichols.com<br>         ptopper@morrisnichols.com<br>         srchurchill@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice)*<br>Blair M. Warner (admitted *pro hac vice)*<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>        mlinder@whitecase.com<br>        laura.baccash@whitecase.com<br>        blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND<br>DEBTORS IN POSSESSION |