THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: April 25, 2022 at 4:00 p.m.** |
| | | **Hearing Date: To be scheduled if necessary** |

**TWENTY-FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM NOVEMBER 1, 2021 THROUGH NOVEMBER 30, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | November 1, 2021 through November 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $2,834,590.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    75,875.16 |

This is a:    ☒monthly    ☐ interim    ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[2] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[3] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $31,487.15 | $ 526,976.80 | $ 31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $15,777.88 | $ 471,121.60 | $ 15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $19,826.31 | $ 533,026.80 | $ 19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $11,755.14 | $ 403,583.20 | $ 11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $12,415.20 | $ 669,924.80 | $ 12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $19,291.93 | $ 721,333.60 | $ 19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $27,728.90 | $ 899,770.80 | $ 27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $18,802.13 | $ 954,886.40 | $ 18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $47,494.45 | $1,213,753.20 | $44,069.70[5] |
| 10/22/21 | 06/01/21 – 06/30/21 | $1,623,890.75 | $16,089.84 | $1,299,112.60 | $ 16,089.84 |
| 12/28/21 | 07/01/21 – 07/31/21 | $ 784,586.00 | $25,808.76 | $ 627,668.80 | $ 25,808.76 |
| 01/04/22 | 08/01/21 – 08/30/21 | $ 863,107.25 | $24,494.57 | $ 690,485.80 | $ 24,494.57 |
| 01/04/22 | 08/31/21 – 09/30/21 | $1,347,686.00 | $31,703.72 | $1,078,148.80 | $ 31,703.72 |
| 01/28/22 | 10/01/21 – 10/31/21 | $1,927,818.75 | $35,083.66 | $1,542,255.00 | $ 35,083.66 |

[2]  In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[3]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70.  For the purposes of this application, we have noted the reduction in the first month of that period.

[4]  In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00.  For the purposes of this application, we have noted the reduction in the last month of that period.

[5]  This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Issac M. Pachulski | Partner 2014; Member of CA Bar since 1974 | $1,695.00 | 1.40 | $    2,373.00 |
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00 | 41.00 | $ 65,395.00 |
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 6.50 | $    9,717.50 |
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,395.00 | 55.10 | $ 76,864.50 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 78.70 | $ 94,046.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 20.90 | $ 23,930.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 104.40 | $119,538.00 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 40.50 | $ 44,550.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 54.40 | $ 59,568.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,095.00 | 78.20 | $ 85,629.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 48.00 | $ 51,600.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.80 | $       860.00 |
| Victoria A. Newmark | Of Counsel 2008, Member of CA Bar since 1996 | $1,050.00 | 38.80 | $ 40,740.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 208.90 | $214,122.50 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $1,025.00 | 9.90 | $ 10,147.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $   995.00 | 179.20 | $178,304.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 121.20 | $112,110.00 |
| Colin Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 26.80 | $ 24,790.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 80.40 | $ 71,958.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 875.00 | 251.00 | $219,625.00 |
| Nina L. Hong | Partner 2006; Member of CA Bar since 1996 | $ 875.00 | 120.80 | $105,700.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $ 875.00 | 182.30 | $159,512.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 106.00 | $ 90,100.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 126.10 | $104,032.50 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $ 825.00 | 102.50 | $ 84,562.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 86.90 | $ 71,692.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 20.90 | $ 17,242.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 177.20 | $146,190.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 166.70 | $132,526.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 77.30 | $ 61,453.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 101.40 | $ 80,613.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $ 750.00 | 0.40 | $ 300.00 |
| Benjamin L. Wallen | Associate 2020; Member of TX Bar since 2016 | $ 750.00 | 32.60 | $ 24,450.00 |
| Ayala A. Hassell | Of Counsel 2021; Member of TX Bar since 1986 | $ 725.00 | 46.30 | $ 33,567.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016; Member of DE Bar since 2022 | $ 625.00 | 125.80 | $ 78,625.00 |
| Kerri L. LaBrada | Paralegal | $ 460.00 | 62.10 | $ 28,566.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 29.90 | $ 13,455.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 81.70 | $ 34,722.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 23.40 | $ 9,945.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.70 | $ 297.50 |
| Beth D. Dassa | Paralegal 2006 | $ 425.00 | 3.70 | $ 1,572.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 2.70 | $ 1,147.50 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 7.50 | $ 3,187.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 5.20 | $ 2,054.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 73.30 | $ 28,953.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 10.80 | $ 4,266.00 |
| Myra Kulick | Other | $ 395.00 | 1.80 | $ 711.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 1.00 | $ 350.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 12.80 | $ 4,480.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 12.70 | $ 4,445.00 |

**Grand Total:  $2,834,590.00**
**Total Hours:       3,248.60**
**Blended Rate:      $872.56**

**COMPENSATION BY CATEGORY**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 61.80 | $ 27,998.00 |
| Claims Admin./Objections | 18.90 | $ 7,785.50 |
| Compensation of Professional | 17.90 | $ 13,462.50 |
| Compensation of Prof./Others | 2.10 | $ 1,130.50 |
| General Creditors Comm. | 105.10 | $ 96,073.00 |
| Hearings | 28.20 | $ 28,153.00 |
| Insurance Coverage | 3.80 | $ 3,147.50 |
| Mediation | 32.40 | $ 35,874.00 |
| Plan & Disclosure Statement | 2,974.70 | $2,617,630.50 |
| Retention of Professional | 0.60 | $ 555.00 |
| Retention of Prof/Others | 2.80 | $ 2,653.00 |
| Stay Litigation | 0.30 | $ 127.50 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Air Fare | American Airlines | $ 473.40 |
| Auto Travel | Lyft; Elite Transportation | $ 299.70 |
| Bloomberg | | $ 719.65 |
| Business Meals | Cowboy Club DFW Airport; Chili's Post Sec LIT Airport; 2nd Ave Deli; Little Thai Kitchen | $ 179.73 |
| Conference Call | AT&T Conference Call; Zoom | $ 166.07 |
| Delivery/Courier Service | Advita | $ 37.50 |
| Federal Express | | $ 1,443.89 |
| Filing Fee | USBC | $ 25.00 |
| Legal Research | Lexis/Nexis | $ 1,938.35 |
| Outside Services | KLDiscovery; Allyn/media; Nationwide Legal; Everlaw; Specialized Legal | $58,145.43 |
| Court Research | Pacer | $ 1,169.40 |
| Postage | US Mail; Blue Marble Logistics | $ 622.20 |
| Reproduction Expense | | $ 167.20 |
| Reproduction/Scan Copy | | $ 4,639.60 |
| Research | Verdict search | $ 40.99 |
| Transcript | Reliable Companies | $ 5,807.05 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline: April 25, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**TWENTY-FIRST MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
FOR THE PERIOD FROM NOVEMBER 1, 2021 THROUGH NOVEMBER 30, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Twenty-First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2021 through November 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $2,834,590.00[2] and actual and necessary expenses in the amount of $75,875.16 for a total allowance of $2,910,465.16 and payment of $2,267,672.00 (80% of the allowed fees) and reimbursement of $75,875.16 (100% of the allowed expenses) for a total payment of $2,343,547.16 for the period November 1, 2021 through November 30, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows.

### Background

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim

---

[2] As set forth in the *Third Modified Fifth Amended Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 8813] (the "Plan"), PSZ&J entered into the "PSZJ Settlement" (as defined in the Plan) with the Debtors regarding certain fees resulting from a dispute regarding the dissemination of an e-mail and letter by the Tort Claimants' Committee. As part of the PSZJ Settlement, PSZ&J is writing off $750,000 in fees and contributing $1,250,000 towards BSA youth protection. A portion of the $750,000 in fees were written off in November 2021 and not included in this Interim Period and Application. The balance of the $750,000 will be written off in the following interim period for December 2021. The $1,250,000 payment toward BSA youth protection will be made in connection with the effective date of the Plan.

compensation and reimbursement for expenses, pursuant to the procedures specified therein.  On

or about August 6, 2021, the Court signed the Amended Administrative Order.  The

Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### <u>Compensation Paid and Its Source</u>

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  As set forth in its employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount of fees it bills in these cases to the fund established in these cases to compensate survivors of sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

12.    The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

13.    PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Committee on a regular basis with respect to various matters in connection with the Debtors'

bankruptcy cases, including extensive discovery related to confirmation of the proposed plan of

reorganization, assisted in the legal aspects of four expert reports, and performed all necessary

professional services which are described and narrated in detail below.  PSZ&J's efforts have

been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Case Administration

15.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained document control; (2) maintained a memorandum of critical dates; (3) performed work regarding Hearing Binders and Agenda Notices; (4) performed work regarding *pro hac vice* motions; (5) performed work regarding a letter to the Court concerning discovery issues; (6) performed work regarding a notice of Town Hall meeting; (7) performed work regarding service lists; (8) performed work regarding a notice of withdrawal of letter to the Court concerning discovery issues; (9) performed work regarding notices of service relating to document productions; (10) performed work regarding responses and objections to deposition notices; (11) performed research; (12) reviewed and analyzed privilege log issues; (13) performed work regarding notices relating to objections to the Debtors' Second and Third discovery requests; (14) reviewed and analyzed issues regarding the Avaya, Sears, and McClatchy proofs of claim; (15) reviewed and analyzed issues regarding a voting ombudsman motion; (16) performed work regarding hearing preparations; and (17) corresponded and conferred regarding case administration issues.

Fees:  $27,998.00;    Hours:  61.80

### B.    Claims Admin/Objections

16.     This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Florida statute of limitations issues; (2) reviewed filed claims regarding duplicate claims filed in other bankruptcy cases; (3) performed research; (4) reviewed and analyzed proofs of claim filed by the PBGC relating to Delta Airlines; and (5) conferred and corresponded regarding claim issues.

Fees:  $7,785.50;      Hours:  18.90

**C.     Compensation of Professionals**

17.     This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its June, July and August 2021 monthly fee applications; (2) monitored the status and filing of fee applications; and (3) corresponded and conferred regarding compensation issues.

Fees:  $13,462.50;      Hours:  17.90

**D.     Compensation of Professionals--Others**

18.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Pasich September and October 2021 fee applications.

Fees:  $1,130.50;      Hours:  2.10

**E.     General Creditors Committee**

19.     This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding a creditor information website; (2) reviewed and analyzed issues regarding survivor

communications; (3) reviewed and responded to correspondence and calls from survivors; (4) prepared for and participated in telephonic conferences with State Court Counsel and Committee members regarding case issues; (5) performed work regarding a memorandum concerning survivor communications; (6) reviewed and analyzed claim issues and performed work regarding a claim-related chart; (7) prepared for and attended a Town Hall meeting on November 4, 2021; (8) performed work regarding a response letter to the Coalition relating to communications to survivors; (9) prepared for and attended a Town Hall meeting on November 11, 2021; (10) performed research; (11) reviewed and analyzed expert retention issues; and (12) corresponded and conferred regarding general creditors committee issues.

Fees:  $96,073.00;     Hours:  105.10

### F.    Hearings

20.    This category relates to issues regarding preparing for and attending Court hearings.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended an Omnibus hearing on November 10, 2021; (2) prepared for and attended a hearing on November 19, 2021 regarding Plan-related discovery disputes; (3) prepared for and attended a hearing on November 23, 2021 regarding Century motions to compel Local Council subpoenas; and (4) prepared for and attended a hearing on November 29, 2021 regarding discovery dispute issues.

Fees:  $28,153.00;     Hours:  28.20

### G.    Insurance Coverage

21.     This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the organization of multiple insurer productions; (2) reviewed and analyzed common interest issues; (3) reviewed and analyzed loss run issues; (4) performed research; (5) reviewed and analyzed issues regarding the discovery of insurer documents; and (6) corresponded regarding insurance issues.

Fees:  $3,147.50;      Hours:  3.80

**H.     Mediation**

22.     This category relates to mediation issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding deposition protocol; (2) prepared for and attended a mediation session on November 15, 2021; (3) reviewed and analyzed Plan confirmation objection issues; (4) reviewed and analyzed discovery issues; (5) reviewed and analyzed issues regarding an insurer stipulation; (6) prepared for and attended mediation sessions on November 15 and 16, 2021; (7) reviewed and analyzed settlement demand issues; (8) performed work regarding settlement issues; (9) performed work regarding a memorandum relating to mediation issues and Committee positions; (10) prepared for and participated in a conference call with mediators on November 30, 2021 regarding upcoming mediation and settlement issues; and (11) corresponded and conferred regarding mediation issues.

Fees:  $35,874.00;      Hours:  32.40

**I.     Plan and Disclosure Statement**

23.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  The Disclosure Statement was approved on September 30, 2021 after a five day hearing. Immediately after the approval of the Disclosure Statement, as counsel to the Tort Claimants' Committee, PSZ&J's efforts turned to the confirmation process, which included the review of tens of thousands of pages of material produced by the Debtors and other parties in the cases, working with the Tort Claimants' Committee' experts in connection with the four separate expert reports that were being prepared in response to the proposed plan of reorganization, numerous meetings with the Members of the Tort Claimants' Committee and/or their counsel multiple times a week, and weekly town hall meetings so that the Tort Claimants' Committee could provide regular updates to its constituency per sections 1102(b) and 1103(c) of the Bankruptcy Code, and research and drafting an extensive and comprehensive objection to the proposed plan of reorganization.

24.    As note in the prior monthly fee application, the confirmation schedule approved by the Court was extremely compressed. *See Order (I) Scheduling Certain Dates And Deadlines In Connection With Confirmation Of The Debtors Plan Of Reorganization, (II) Establishing Certain Protocols, And (III) Granting Related Relief* [Docket Nos. 6528 and 7996] ("**Confirmation Scheduling Order**"). As set forth in the Confirmation Scheduling Order, the deadlines to propound discovery, object, and complete productions were very short. As a result, PSZ&J was required to devote more attorneys and paraprofessionals to complete the various work-streams within the specified deadlines. The extensive work undertaken by PSZ&J on behalf of the Tort Claimants' Committee is set forth in detail in the attached time records.

25.    In addition to the above, PSZ&J the following also generally describes the work during the Interim Period:  (1) reviewed and analyzed issues regarding maximums, challenge rights and expedited distributions relating to Trust Distribution Procedures ("TDP"); (2) reviewed and analyzed issues regarding settlement structures of the Plan; (3) performed work regarding staffing and procedures for document review; (4) performed work regarding an outline of Plan discovery issues; (5) reviewed and analyzed issues regarding expert retention; (6) reviewed, analyzed, and coded documents to be produced in connection with Plan and Disclosure Statement matters; (7) reviewed and analyzed Committee professionals' documents for potential production; (8) performed work regarding deposition notices to FRCP Rule 30(b)(6) witnesses for the BSA; (9) reviewed and analyzed issues regarding the Hartford discovery response; (10) reviewed and analyzed issues regarding the AIG meet and confer; (11) reviewed and analyzed issues regarding indirect abuse claim data from proof of claim lists; (12) reviewed and analyzed issues regarding the scheduling of depositions between insurers and the Committee; (13) reviewed and analyzed the Firm's responses to production demands and produced documents; (14) performed legal research; (15) reviewed and analyzed issues regarding the production of text messages; (16) prepared for and attended a meet and confer call on November 1, 2021 regarding insurance production; (17) reviewed and analyzed issues regarding a response to a cease and desist letter; (18) performed work regarding an objection to a liquidation analysis; (19) reviewed and analyzed issues regarding a proposed deposition protocol; (20) reviewed, analyzed and coded Alvarez Marsal emails; (21) maintained a discovery tracking chart; (22) reviewed and analyzed Plan strategy issues; (23) reviewed and analyzed

issues regarding the Coalition of Abused Scouts ("Coalition") assertion of common interest; (24) performed work regarding revised proposed Plan confirmation deposition protocols; (25) performed work regarding an outline of Plan confirmation objections; (26) reviewed and analyzed discovery responses regarding survivor communications; (27) reviewed and analyzed issues regarding the retention of a sex abuse expert; (28) reviewed and analyzed mediation privilege issues; (29) reviewed and analyzed electronically stored information relating to Plan confirmation; (30) performed work regarding amended notices of deposition for National Surety and CNA; (31) reviewed and analyzed documents for privilege issues; (32) reviewed and analyzed the Debtors' documents for deposition preparation; (33) reviewed and analyzed de-designation issues; (34) prepared for and attended telephonic meet and confer conferences on November 1, 2021 with representatives of the Denver Area, Sam Houston, Greater Los Angeles and Longhorn Local Councils; (35) performed work regarding correspondence to and from the Greater Wyoming Longs Park, Atlanta Area, Golden Spread, Cascade, East Texas, Pine Tree, Laurel Highlands and Pee Dee Local Councils regarding de-designation issues; (36) performed work regarding revised discovery responses to propounding insurers; (37) reviewed and analyzed attorney client privilege issues; (38) reviewed and analyzed background issues regarding de-designation of confidentiality, including a BRG tort claim analysis; (39) reviewed and analyzed de-designation objections and responses; (40) performed work regarding a chart of de-designation objections; (41) responded to inquiries from survivors and counsel regarding voting and Plan issues; (42) reviewed and analyzed Committee member communications for document production; (43) performed work regarding a sample ballot for survivors; (44) prepared for and

participated in a meet and confer on November 1, 2021 with representatives of Century and

Chubb; (45) reviewed and commented on the Debtors' proposed deposition protocols;

(46) reviewed and analyzed valuation issues; (47) reviewed and analyzed expert report issues;

(48) performed work regarding a meet and confer email relating to the Debtors' objections and

responses to the Committee's document requests; (49) reviewed and analyzed Committee

professionals emails for relevance and privileges; (50) prepared for and participated in telephonic

conferences with document review teams regarding discovery procedures, division of work, and

Plan confirmation strategy; (51) reviewed and analyzed issues regarding abuse history;

(52) reviewed and analyzed issues regarding charter organizations and size of claims;

(53) performed work regarding deposition notices to CNA and FFIC; (54) reviewed and

analyzed the Disclosure Statement and a memorandum regarding Plan confirmation issues

relating to discovery review issues; (55) reviewed and analyzed issues regarding sexual abuse

claim verdicts; (56) reviewed and analyzed deposition scheduling issues; (57) reviewed and

analyzed issues regarding The Church of Jesus Christ of Latter Day Saints ("TCJC") disciplinary

files; (58) reviewed and analyzed issues regarding responses to mediation privilege notice;

(59) performed work regarding Plan team tasks, work flow and staffing issues; (60) reviewed

and analyzed document search parameters; (61) reviewed and analyzed issues regarding work

product doctrine; (62) performed work regarding amended notices of deposition pursuant to

FRCP Rule 30(b)(6) of the National Surety Corporation and Interstate Fire & Casualty

Company, and of the Columbia Casualty Company; (63) prepared for and participated in meet

and confer calls on November 2, 2021 with the Three Rivers, Crossroads of the West, Los

Angeles, Midnight Sun, and Greater Wyoming Longs Peak Local Councils; (64) performed work regarding correspondence with Laurel Highlands, Daniel Webster, Pine Tree, Katahdin, Three Rivers, Golden Spread, Greater St. Louis, Prarielands, Cascade, North Florida and Long Beach Local Councils relating to de-designation of dashboards; (65) performed work regarding revised discovery responses to propounding insurers; (66) reviewed and analyzed responses and objections and prepared a spreadsheet relating to a letter to the Court; (67) reviewed and analyzed issues regarding the dissemination of information after approval of a disclosure statement; (68) reviewed and analyzed meet and confer efforts; (69) reviewed and analyzed Three Rivers Local Council de-designation issues; (70) reviewed and analyzed reservation of rights issues regarding de-designation; (71) reviewed and analyzed issues regarding discounts of Local Council real estate liquidation; (72) maintained a litigation tracking chart; (73) performed work regarding the drafting of letter briefs relating to disputed discovery issues; (74) prepared for and participated in a meet and confer with Hartford on November 2, 2021; (75) reviewed and responded to correspondence from litigation counterparties relating to the scope of document production and discovery; (76) prepared for and participated in daily confirmation discovery calls; (77) reviewed and analyzed Plan valuation issues; (78) reviewed and analyzed expert valuation issues; (79) reviewed and analyzed Trust Distribution Procedures issues; (80) reviewed and analyzed issues regarding youth protection experts; (81) prepared for and participated in a telephonic conference on November 3, 2021 with representatives of the Debtors, the Coalition and Future Claims Representative ("FCR") regarding deposition scheduling issues; (82) reviewed and analyzed privilege waiver issues; (83) performed work regarding press release

issues; (84) performed work regarding expert reports; (85) reviewed and analyzed documents to be produced by the Committee; (86) performed work regarding a Rule 30(b)(6) notice relating to PBGC claims; (87) reviewed and analyzed issues regarding third party releases; (88) reviewed and analyzed subject matter jurisdiction issues; (89) reviewed and analyzed constitutional authority issues; (90) reviewed and analyzed the Debtors' motion to compel insurance discovery; (91) reviewed and analyzed an opposition to the Century motion to compel discovery;

(92) reviewed and analyzed TCJC discovery issues; (93) reviewed and analyzed document production issues relating to Bar Date order protections of survivor identities and the Debtors' intention to reveal survivor identities in discovery responses; (94) reviewed and analyzed the Debtors' proposal regarding the treatment of survivor information in Plan discovery;

(95) prepared for and attended a meet and confer with the Debtors' and other participating parties' counsel on November 3, 2021 regarding deposition protocols; (96) drafted a discovery resolution letter to the Court regarding mediation privilege issues; (97) reviewed and analyzed participating parties' responses to the Committee's proposed treatment of mediation privilege;

(98) attended to work flow and staffing issues; (99) reviewed and analyzed issues regarding insurers' responses to Rule 30(b)(6) deposition notices; (100) reviewed and analyzed channeling injunction issues; (101) reviewed and analyzed forms of discovery letters regarding discovery disputes; (102) prepared for and attended a meet and confer on November 3, 2022 with counsel for the FCR regarding document production issues; (103) prepared for and participated in a meet and confer on November 3, 2022 with counsel for participating parties regarding deposition protocol issues; (104) prepared for and participated in meet and confer calls on November 3,

2021 with the Connecticut Rivers, Pathway to Adventure, Heart of America, Northern Star, Greenwich, Atlanta Area, Greater St. Louis and Prarielands Local Councils regarding de-designation issues; (105) reviewed and analyzed issues regarding motions to compel settlement discovery; (106) performed work regarding mediation privilege document searches; (107) reviewed and analyzed a confidentiality stipulation regarding Local Councils; (108) performed work regarding claim valuation issues; (109) reviewed and analyzed issues regarding Local Council contributions; (110) performed work regarding a letter brief relating to Hartford discovery disputes; (111) prepared for and participated in telephonic conferences on November 3, 2021 with representatives of the Debtors, the Coalition and FCR regarding document production matters, and prepared for and participated in a telephonic conference on November 3, 2021 with counsel for the FCR and the Coalition regarding insurance scheduling issues; (112) reviewed and analyzed documents regarding valuation and expert matters; (113) reviewed and analyzed ORIC material regarding Plan discovery issues; (114) prepared for a telephonic conference with representatives of the FCR, Coalition and Debtors on November 4, 2021 regarding deposition scheduling; (115) reviewed and analyzed discovery response issues regarding Zurich; (116) performed work regarding deposition outlines relating to TCJC; (117) performed work regarding meet and confer letters to TCJC and Debtors' counsel; (118) reviewed and analyzed clergy privilege issues; (119) reviewed and analyzed documents relating to Latham Watkins; (120) performed work regarding supplemental responses to propounding insurers' document requests and interrogatories; (121) reviewed and revised Committee deposition topics for BSA Rule 30(b)(6) depositions; (122) corresponded with the

Pee Dee, San Diego, Cradle of Liberty, Cascade, Orange County, Twin Rivers, Leatherstocking,

Greater Niagara, Longhouse, North Florida, Denver, Circle Ten, and Longhorn Local Councils

regarding de-designation issues; (123) prepared for and participated in meet and confer calls on

November 4, 2021 with representatives for the East Texas, Cascade, Northern Lights, North

Florida, and Golden Spread Local Councils regarding de-designation issues; (124) performed

work regarding an insurance review database; (125) prepared for and participated in a meet and

confer on November 4, 2021 with Hartford regarding confirmation discovery issues;

(126) participated in a meet and confer on November 4, 2021 with representatives of the Debtors

and the Coalition regarding document production issues; (127) reviewed and analyzed issues

regarding the scheduling of insurance company depositions; (128) performed work regarding a

memorandum concerning valuation expert issues; (129) reviewed and analyzed document

production from Town Hall meetings; (130) reviewed and analyzed redaction issues;

(131) reviewed and analyzed Coalition press releases; (132) reviewed and analyzed Local

Council objections regarding use of dash boards; (133) reviewed and analyzed Local Council

valuation issues; (134) reviewed and analyzed restricted property issues; (135) reviewed and

analyzed participating parties' Rule 30(b)(6) deposition notices to the Debtors, TCJC and FCR;

(136) responded to issues regarding discovery parties not executing a confidentiality agreement:

(137) performed work regarding a subpoena to Allied Insurance; (138) performed work

regarding updating a protective order parties list; (139) performed work regarding a letter to

counsel for TCJC regarding open discovery issues; (140) reviewed and analyzed Debtors'

documents for deposition preparation; (141) prepared for and participated in follow-up meet and

confer calls on November 5, 2021 with the Daniel Webster, Pine Tree, Katahdin and Circle 10

Local Councils; (142) corresponded with attorneys for the Greater St. Louis, Prarielands, Pine

Tree, Katahdin, Daniel Webster, Twin Rivers, Leatherstocking, Greater Niagara, Orange County

and Longhorn Local Councils regarding de-designation of dashboards; (143) reviewed and

analyzed dashboard de-designation objections raised by certain Local Councils based on meet

and confer calls; (144) reviewed and analyzed public statements made by the Coalition regarding

the Hartford settlement; (145) reviewed and analyzed sex abuse verdicts and award breakdowns;

(146) reviewed and analyzed Local Council websites regarding annual report data;

(147) reviewed and analyzed a voting report and voting results; (148) performed work regarding

Local Council property valuation issues; (149) prepared for and participated in a conference call

on November 5, 2021 with the Debtors, FCR and Coalition regarding deposition scheduling;

(150) performed work regarding a letter brief relating to insurer requests for production;

(151) performed work regarding the scheduling of insurance company depositions;

(152) reviewed and analyzed valuation and expert documents; (153) reviewed and analyzed

responses and objections of Zurich, ORIC, Liberty, Hartford, AIG and Catholic Mutual related to

Rule 30(b)(6) deposition notices; (154) reviewed and analyzed revised schedules of interested

parties and reviewed documents for privilege prior to production; (155) reviewed and analyzed

issues regarding the Committee subpoena to Allied; (156) reviewed and analyzed issues

regarding common interest and other privilege boundaries; (157) performed work regarding the

management of inbound discovery; (158) reviewed and analyzed voting issues; (159) performed

work regarding a valuation matrix; (160) reviewed and analyzed emails and discovery demands

to provide background for a letter brief regarding insurer discovery; (161) reviewed and analyzed issues regarding the motion to compel production of Hartford documents; (162) corresponded with attorneys for the Heart of America, Circle Ten, Connecticut Rivers, Crossroads of the West, Great Rivers, Greenwich, North Florida, Northern Lights, Northern Star, Orange County, Pathway to Adventure, Sam Houston, Three Rivers, Pine Tree, Daniel Webster, Katahdin, Prarielands, and Greater St. Louis Local Councils regarding objections to dashboard de-designation requests; (163) prepared for and attended a meet and confer with Century and Chubb on November 7, 2021; (164) reviewed and analyzed an analysis of valuation methodology issues; (165) reviewed and analyzed discovery rulings and insurer and Debtor briefs; (166) reviewed and analyzed a Rule 30(b)(6) notice to the Committee; (167) reviewed and analyzed issues regarding a ruling on reserves; (168) reviewed and analyzed issues regarding retention of an insurance coverage expert; (169) reviewed and analyzed jurisdiction issues; (170) prepared for and attended a telephonic conference on November 8, 2021 with counsel for the Ad Hoc Catholic Committee regarding insurance and Plan issues; (171) reviewed and analyzed issues regarding charter organizations' positions relating to the Plan; (172) reviewed and analyzed nonmonetary Plan issues; (173) reviewed and analyzed Agenda Notice issues; (174) reviewed and analyzed Hartford and LMIC oppositions to motions to compel; (175) performed work regarding disclosure of topics for expert testimony; (176) performed work regarding a Hartford meet and confer letter; (177) reviewed and analyzed timeline issues regarding common interest and other privileges; (178) performed work regarding a letter to insurers regarding deposition topics; (179) performed work regarding a Rule 30(b)(6) notice to Arch Insurance;

(180) corresponded with counsel for the Pathway to Adventure, Orange County, Pine Tree, Katahdin, Daniel Webster, Connecticut Rivers and Circle Ten Local Councils regarding further meet and confers in connection with dashboard de-designations; (181) reviewed and analyzed the BRG analysis regarding non-confidentiality of designated information; (182) prepared for and participated in meet and confers on November 8, 2021 with counsel for Zurich and Market; (183) prepared for and participated in a telephonic conference on November 9, 2021 with statistical experts; (184) performed work regarding Plan confirmation and litigation strategy issues; (185) reviewed and analyzed the Debtors' discovery responses relating to meet and confer issues; (186) reviewed and analyzed issues regarding a liquidation analysis; (187) reviewed and analyzed issues regarding defects in the Debtors' document production; (188) reviewed and analyzed the Debtors' letter regarding TDP discovery issues; (189) performed work regarding a chart of the status of notices of deposition; (190) prepared for and participated in a meet and confer with BSA counsel on November 9, 2021 regarding deposition protocols; (191) performed work regarding a Plan confirmation objection memorandum; (192) reviewed and analyzed open discovery issues; (193) performed work regarding 11 amended notices of deposition for insurers; (194) performed work regarding a letter to the Court regarding issues with insurers responses to request for production of documents; (195) prepared for and participated in telephonic conferences on November 9, 2021 with representatives of the Orange County, Daniel Webster, Pine Tree, Katahdin, Three Rivers, Greenwich, Greater St. Louis, and Prairielands Local Councils regarding dashboard de-designation issues; (196) reviewed and analyzed the Midnight Sun Local Council response

regarding dashboard de-designation issues; (197) performed work regarding a memorandum

relating to confidentiality issues and objection withdrawals; (198) reviewed and analyzed public

domain information regarding the Midnight Sun and Orange County Local Councils;

(199) reviewed and analyzed settlement trustee candidate issues; (200) reviewed and analyzed

valuation expert issues; (201) prepared for and participated in a meet and confer with Debtors'

counsel on November 10, 2021 regarding discovery issues; (202) reviewed and analyzed verdicts

regarding valuation data issues; (203) reviewed and analyzed pension issues; (204) reviewed and

analyzed evidentiary goals relating to confirmation issues; (205) reviewed and analyzed a meet

and confer letter from Zurich regarding depositions of claim adjusters; (206) reviewed and

responded to a letter from Liberty Mutual regarding alleged violation of mediation privilege;

(207) attended to issues regarding CNA deposition scheduling; (208) performed work regarding

a chart of evidence to support objections to Plan confirmation; (209) prepared for and

participated in a follow-up meet and confer call on November 10, 2021 with counsel for the

Midnight Sun Local Council regarding dashboard de-designation issues; (210) corresponded

with counsel for the Atlanta Area, Denver Area, Longhorn, Great Rivers, Cascade, Crossroads of

the West, Heart of America, and Sam Houston Local Councils regarding dashboard de-

designations and analyzed objections and issues raised; (211) reviewed and analyzed issues

regarding procedures on briefing of confidentiality objections; (212) reviewed and analyzed

objection withdrawals; (213) prepared for and participated in a meet and confer with insurers on

November 10, 2021 regarding Rule 30(b)(6) topics; (214) reviewed and analyzed issues

regarding a motion to compel relating to Rule 30(b)(6) topics with insurers; (215) performed

work regarding abuse claim valuation issues and reviewed and analyzed Rule 30(b)(6) issues relating to valuation; (216) prepared for and participated in a telephonic conference on November 11, 2021 with a valuation expert regarding methodology issues; (217) reviewed and analyzed PBGC issues and claim materials; (218) performed work regarding preparation of excerpt to be included in expert topics disclosure and regarding a list of evidence needed relating to the PBGC claim; (219) reviewed and analyzed the Debtors' designation of additional fact witnesses for deposition; (220) reviewed and analyzed the Century motion to compel compliance with Kosnoff subpoena; (221) performed work regarding a disclosure of expert topics; (222) reviewed and analyzed insurer objections to Disclosure Statement; (223) prepared for and participated in meet and confer calls on November 11, 2021 with attorneys for the San Houston and Crossroads of America Local Councils; (224) reviewed and analyzed award apportionment issues regarding sex abuse verdicts; (225) reviewed and analyzed publicly available information regarding local membership numbers; (226) reviewed and analyzed issues regarding confidentiality and protective orders; (227) performed work regarding drafting arguments in response to the Orange County and Great Rivers Local Council assertions of membership confidentiality; (228) prepared for and participated in a meet and confer on November 11, 2021 with counsel for insurers regarding individual claims adjustors deposition notices; (229) prepared for and attended a Town Hall telephonic conference on November 11, 2021; (230) reviewed and analyzed PBGC claim expert issues; (231) reviewed and analyzed issues regarding the withdrawal of the Ankura deposition; (232) reviewed and analyzed issues regarding participating party document productions and privilege logs; (233) drafted responses to the Debtors' meet and

confer questions regarding Committee discovery responses; (234) prepared for and participated

in a meet and confer with counsel for the Orange County Local Council on November 12, 2021

regarding dashboard de-designation issues; (235) performed work regarding drafting objections

to the Debtors' Plan; (236) performed work regarding a motion to overrule objections and treat

dashboards as non-confidential; (237) reviewed and analyzed the Debtors' emergency pleadings

regarding alleged improper communications; (238) performed work regarding a letter to

insurance parties relating to stipulations and depositions; (239) prepared for and participated in a

meet and confer on November 12, 2021 with counsel for ORIC regarding a request for

production letter brief; (240) performed work regarding responses and objections to the Debtors'

Rule 30(b)(6) notice to the Committee; (241) reviewed and analyzed the Hartford responsive

letter brief; (242) performed work regarding a memorandum relating to valuation and abuse

issues; (243) reviewed and analyzed BSA claim settlements regarding statute application and

performed work regarding a related memorandum; (244) drafted a categorical privilege log;

(245) reviewed and analyzed the Disclosure Statement regarding the Hartford settlement;

(246) reviewed and analyzed a motion to quash depositions from insurers; (247) reviewed and

analyzed State law issues regarding Plan objections; (248) reviewed and analyzed Local Council

real property issues relating to Plan objections; (249) reviewed and analyzed issues regarding

Rock Creek and BRG expert testimony and reports; (250) reviewed and analyzed expert

disclosures by participating parties; (251) reviewed and analyzed the impact of the PBGC claim

on a liquidation analysis; (252) reviewed and analyzed Plan feasibility issues; (253) performed

work regarding the Eric Green deposition outline; (254) performed work regarding a letter brief

relating to confidentiality objections; (255) prepared for and attended a telephonic conference on November 15, 2021 with representatives of the Debtors, FCR and Coalition regarding insurer depositions; (256) prepared for and attended a telephonic conference with State Court counsel on November 16, 2021 regarding case status and Plan confirmation issues; (257) prepared for and attended a telephonic meet and confer with attorneys for the Debtors on November 16, 2021 regarding Rule 30(b)(6) objections and topics; (258) reviewed and analyzed issues regarding self-settled trusts; (259) reviewed and analyzed issues regarding the Coalition's request to de-designate certain documents as confidential; (260) reviewed and analyzed TCJC document production; (261) prepared for and participated in meet and confers on November 16, 2021 with attorneys for the Denver Area, Sam Houston, Crossroads of the West, and Circle Ten Local Councils regarding dashboard de-designation objections; (262) reviewed and analyzed trust agreements pertaining to Local Council assets; (263) reviewed and analyzed issues regarding damage caps; (264) reviewed and analyzed Century motions to compel against Local Councils; (265) reviewed and analyzed insurance rights and pension claim valuation issues; (266) reviewed and analyzed a letter from TCJC counsel regarding indemnification by the Debtors; (267) reviewed and analyzed issues regarding the best interest of creditors test; (268) performed work regarding voting issues; (269) reviewed and analyzed the Imerys transcript regarding mediation privilege issues; (270) prepared for and participated in meet and confers on November 17, 2021 with counsel for the Heart of America, Crossroads of America, and Sam Houston Local Councils regarding dashboard de-designations; (271) performed work regarding an analysis of Local Council assets under Florida and Minnesota law: (272) performed work regarding a

memorandum relating to Plan and valuation issues; (273) reviewed and analyzed the Debtors' response to insurers' motion to quash; (274) reviewed and analyzed the FCR's opposition to insurers' motion to compel; (275) reviewed and analyzed the FCR and Coalition letter briefs on TDP discovery and mediation privilege; (276) performed work regarding a notice of withdrawal of letter to the Court regarding discovery dispute; (277) reviewed and analyzed issues regarding solicitation procedures; (278) reviewed and analyzed voting enforcement issues; (279) reviewed and analyzed Pennsylvania, Rhode Island, and South Carolina trust statutes and drafted an analysis of the status of Local Council assets; (280) reviewed and analyzed issues regarding potential clawback of documents relating to settlement discussions; (281) reviewed and analyzed issues regarding settlement parameters; (282) reviewed and analyzed BSA documents regarding settlements; (283) performed work regarding Plan objections relating to Local Council asset issues; (284) reviewed and analyzed issues regarding the ability of creditors to access Local Council assets held in self-settled trusts and terms of various self-settled trusts established by Local Councils; (285) prepared for and attended a hearing on November 19, 2021 regarding discovery motions; (286) performed work regarding a motion to appoint voting ombudsman; (287) reviewed and analyzed dashboard objections regarding the Circle Ten, Cascade, and Great Rivers Local Councils; (288) reviewed and analyzed New Jersey trust law regarding purported trusts over Local Council assets; (289) performed work regarding memorandums of restricted asset analysis and summary status of alleged trust assets under state law; (290) reviewed and analyzed issues regarding Texas non-profit law; (291) reviewed and analyzed issues regarding Plan options; (292) reviewed and analyzed Local Council dashboards; (293) reviewed and

analyzed a solicitation procedures order and related exhibits; (294) reviewed and analyzed a

Protective Order and Sixth Stipulation regarding confidentiality issues; (295) performed work

regarding a memorandum relating to review of TCJC document production; (296) reviewed and

analyzed a Claro report; (297) performed work regarding a Hartford policy stipulation;

(298) reviewed and analyzed the transcript of the November 19, 2021 hearing regarding

discovery issues and mediation privilege; (299) reviewed and revised a modified ombudsman

motion; (300) prepared for and attended a State Court Counsel teleconference on November 22,

2021; (301) reviewed and analyzed corporation documents; (302) reviewed and analyzed Texas

and West Virginia law regarding self-settled trusts; (303) performed work regarding a

memorandum concerning Local Council trust assets to be included as available to creditors;

(304) performed work regarding a memorandum on claim caps in applicable jurisdictions;

(305) reviewed and analyzed substantial contribution issues relating to Local Councils;

(306) reviewed and analyzed TDP and trust governance issues and related memorandums;

(307) reviewed and analyzed testimony and legal issues regarding channeling injunction;

(308) reviewed and analyzed a TDP fraudulent claims analysis; (309) performed work regarding

Committee responses and objections to the American Zurich Insurance, TCJC, Debtors, Century,

and Roman Catholic and United Methodist Ad Hoc Committee notices of Rule 30(b)(6)

depositions; (310) prepared for and conducted the Eric Green deposition on November 23, 2021;

(311) reviewed and analyzed issues regarding the Long Beach Area and Heart of America Local

Council objections; (312) reviewed and analyzed potential summary judgment on PBGC issues;

(313) performed work regarding an emergency motion to appoint Plan voting ombudsman and a

motion to seal certain emergency motion exhibits; (314) performed work regarding a substantial

contribution analysis relating to Local Councils; (315) performed work regarding BSA Rule

30(b)(6) deposition timing; (316) prepared exhibits for the TCJC deposition; (317) reviewed and

analyzed documents regarding expert report issues; (318) performed work regarding protocols

for communications among survivor claimants; (319) performed work regarding a Claro expert

report; (320) drafted amended responses and objections to the Debtors' Rule 30(b)(6) deposition

notice served on the Committee; (321) performed work regarding summaries of the Mosby and

Ownby depositions; (322) performed work regarding Rock Creek and BRG expert report issues;

(323) reviewed and analyzed expert report matters relating to claims valuation, best interest of

creditors test, and abuse issues; (324) reviewed and analyzed a response to the Ombudsman

motion and prepared for a hearing on voting issues and discovery issues; (325) prepared for and

attended a telephonic meet and confer on November 29, 2021 with Debtors' counsel regarding

depositions; (326) prepared for and attended the deposition of TCJC on November 29, 2021;

(327) reviewed and analyzed documents regarding Local Council and Charter Organization

indemnification; (328) reviewed and analyzed the Zalkin objection regarding voting

irregularities; (329) reviewed and analyzed the BSA response to ombudsman motion;

(330) prepared for and participated in a meet and confer on November 29, 2021 with counsel for

the Debtors regarding open discovery issues; (331) performed work regarding the Conte expert

report relating to abuse issues; (332) reviewed and analyzed issues regarding TDP mediation

position; (333) performed work regarding a revised motion relating to Plan voting;

(334) prepared for and conducted the FCR deposition on November 30, 2021; (335) prepared for

and attended the deposition of W. Sugden on November 30, 2021; (336) performed work regarding a cross-examination outline relating to trust issues; and (337) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $2,617,630.50; Hours:  2,974.70

**J.    Retention of Professionals**

26.    This category relates to work regarding retention of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding *pro hac vice* applications for Firm attorneys.

Fees:  $555.00;        Hours:  0.60

**K.    Retention of Professionals--Others**

27.    This category relates to work regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Kolman retention application.

Fees:  $2,653.00;        Hours:  2.80

**L.    Stay Litigation**

28.    This category relates to work regarding the automatic stay and relief form stay motions.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding the Allianz reply in support of stay motion.

Fees:  $127.50;        Hours:  0.30

**<u>Valuation of Services</u>**

29.    Attorneys and paraprofessionals of PSZ&J expended a total 3,248.60

hours in connection with their representation of the Committee during the Interim Period, as

follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Issac M. Pachulski | Partner 2014; Member of CA Bar since 1974 | $1,695.00 | 1.40 | $    2,373.00 |
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00 | 41.00 | $ 65,395.00 |
| Jeffrey H. Davidson | Partner 2014; Member of CA Bar since 1977 | $1,495.00 | 6.50 | $    9,717.50 |
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,395.00 | 55.10 | $ 76,864.50 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,195.00 | 78.70 | $ 94,046.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 20.90 | $ 23,930.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,145.00 | 104.40 | $119,538.00 |
| Judith Elkin | Of Counsel 2020; Member of TX Bar since 1982; Member of NY Bar since 2004 | $1,100.00 | 40.50 | $ 44,550.00 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,095.00 | 54.40 | $ 59,568.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,095.00 | 78.20 | $ 85,629.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,075.00 | 48.00 | $ 51,600.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,075.00 | 0.80 | $       860.00 |
| Victoria A. Newmark | Of Counsel 2008, Member of CA Bar since 1996 | $1,050.00 | 38.80 | $ 40,740.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,025.00 | 208.90 | $214,122.50 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $1,025.00 | 9.90 | $ 10,147.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $ 995.00 | 179.20 | $178,304.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 121.20 | $112,110.00 |
| Colin Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 26.80 | $ 24,790.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 895.00 | 80.40 | $ 71,958.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 875.00 | 251.00 | $219,625.00 |
| Nina L. Hong | Partner 2006; Member of CA Bar since 1996 | $ 875.00 | 120.80 | $105,700.00 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $ 875.00 | 182.30 | $159,512.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $ 850.00 | 106.00 | $ 90,100.00 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 825.00 | 126.10 | $104,032.50 |
| Gina F. Brandt | Of Counsel 2000; Member of CA Bar since 1976 | $ 825.00 | 102.50 | $ 84,562.50 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $ 825.00 | 86.90 | $ 71,692.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 825.00 | 20.90 | $ 17,242.50 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $ 825.00 | 177.20 | $146,190.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010 | $ 795.00 | 166.70 | $132,526.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 795.00 | 77.30 | $ 61,453.50 |
| Miriam P. Manning | Of Counsel 2008; Member of CA Bar since 1995 | $ 795.00 | 101.40 | $ 80,613.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $ 750.00 | 0.40 | $      300.00 |
| Benjamin L. Wallen | Associate 2020; Member of TX Bar since 2016 | $ 750.00 | 32.60 | $ 24,450.00 |
| Ayala A. Hassell | Of Counsel 2021; Member of TX Bar since 1986 | $ 725.00 | 46.30 | $ 33,567.50 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016; Member of DE Bar since 2022 | $ 625.00 | 125.80 | $ 78,625.00 |
| Kerri L. LaBrada | Paralegal | $ 460.00 | 62.10 | $ 28,566.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 29.90 | $ 13,455.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 81.70 | $ 34,722.50 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 23.40 | $  9,945.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 0.70 | $      297.50 |
| Beth D. Dassa | Paralegal 2006 | $ 425.00 | 3.70 | $  1,572.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 2.70 | $  1,147.50 |
| Nancy P.F. Lockwood | Paralegal 2018 | $ 425.00 | 7.50 | $  3,187.50 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 5.20 | $  2,054.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 73.30 | $ 28,953.50 |
| Diane H. Hinojosa | Paralegal Assistant | $ 395.00 | 10.80 | $  4,266.00 |
| Myra Kulick | Other | $ 395.00 | 1.80 | $      711.00 |
| Andrea R. Paul | Case Management Assistant | $ 350.00 | 1.00 | $      350.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 350.00 | 12.80 | $  4,480.00 |
| Karen S. Neil | Case Management Assistant | $ 350.00 | 12.70 | $  4,445.00 |

**Grand Total:  $2,834,590.00**
**Total Hours:        3,248.60**
**Blended Rate:       $872.56**

30.      The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $2,834,590.00.

31.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended Administrative Order, and believes that this Application complies with such Rule and Orders.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of November 1, 2021 through November 30, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $2,834,590.00 and actual and necessary expenses in the amount of $75,875.16 for a total allowance of $2,910,465.16 and payment of $2,267,672.00 (80% of the allowed fees) and reimbursement of $75,875.16 (100% of the allowed expenses) be authorized for a total payment of $2,343,547.16; and for such other and further relief as this Court deems proper.

Dated:  April 11, 2022             PACHULSKI STANG ZIEHL & JONES LLP

                                   */s/ James E. O'Neill*
                                   _____
                                   Richard M. Pachulski (CA Bar No. 90073)
                                   Alan J. Kornfeld (CA Bar No. 130063)
                                   Debra I. Grassgreen (CA 169978)
                                   Iain A.W. Nasatir (CA Bar No. 148977)
                                   James E. O'Neill (DE Bar No. 4042)
                                   919 North Market Street, 17th Floor
                                   P.O. Box 8705
                                   Wilmington, DE  19899-8705 (Courier 19801)
                                   Telephone:  (302) 652-4100
                                   Facsimile:  (302) 652-4400
                                   Email:    rpachulski@pszjlaw.com
                                             akornfeld@pszjlaw.com
                                             dgrassgreen@pszjlaw.com
                                             inasatir@pszjlaw.com
                                             joneill@pszjlaw.com

                                   *Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE       :
                                                 :
COUNTY OF NEW CASTLE  :

   James E. O'Neill, after being duly sworn according to law, deposes and says:

   a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

   b)  I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

   c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and the Amended Administrative Order signed on or about August 6, 2021, and submit that the Application substantially complies with such Rule and Orders.

       */s/ James E. O'Neill*
       _____
       James E. O'Neill