## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>May 12, 2022 at 4:00 p.m. (ET) |

## SUMMARY COVER SHEET OF TWENTY-FIFTH MONTHLY APPLICATION OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2022 TO AND INCLUDING MARCH 31, 2022

| | |
|---|---|
| Name of Applicant: | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | February 18, 2020 |
| Period for Which Compensation and Reimbursement Are Requested: | March 1, 2022 – March 31, 2022 |
| Amount of Compensation Requested: | $169,546.00 (80% of $211,932.50)[2] |
| Amount of Compensation Requested from Insurers: | $262.50 |
| Amount of Compensation Incurred for Immigration matters: | $5,350.00 |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The amount of compensation and fees requested does not include fees and expenses to be paid directly to Ogletree Deakins by one or more insurance carriers in certain non-abuse claims or cases. While Ogletree Deakins reserves the right to seek future payment from the Debtors for such claims and cases, at this time Ogletree Deakins is not seeking payment from the Debtors on these claims and cases. This amount reflects $5,350.00 in fees associated with the immigration work. Ogletree is not seeking payment of the flat fee work for immigration matters in this fee application, including the $12,179.51 in expenses and the $5,350.00 in fees associated with the immigration work. The Debtors anticipate expanding the scope of Ogletree's representation to include the flat-fee immigration work. This amount reflects a refund in the amount of $2,500 concerning Ogletree's 20th fee application.

| | |
|---|---|
| Amount of Expenses Incurred for Immigration matters: | $12,179.51 |
| Amount of Expense Reimbursement Requested: | $9,203.83 |
| Amount of Expense Reimbursement Requested from Insurers: | $0.00 |

This is a(n):  monthly \_\_\_\_   x  interim \_\_\_\_   final application \_\_\_\_

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses[3] |
|---|---|---|---|
| 4/29/20; D.I. 512 | 2/18/20 - 3/31/20 | $393,030.80/$1,923.42 | $387,179.80/$1,923.42 |
| 5/28/20; D.I. 717 | 4/12020 - 4/30/20 | $146,042.10/$128.96 | $140,191.10/$128.96 |
| 6/18/20; D.I. 867 | 5/1/20- 5/31/20 | $128,646.50/$128.96 | $122,795.50/$627.81 |
| 7/22/20; D.I. 1037 | 6/1/20- 6/30/20 | $133,225.40/$81.19 | $127,374.40/$81.91 |
| 8/21/20; D.I. 1137 | 7/1/20- 7/31/20 | $136,930.85/$81.19 | $131,079.85/$81.91 |
| 10/1/20; D.I. 1392 | 8/1/20- 8/31/20 | $129,960.70/$100.31 | $127,488.52/$100.31 |
| 11/3/20; D.I. 1625 | 9/1/20- 9/30/20 | $109,548.70/$81.19 | $107,071.54/$81.91 |
| 12/3/20; D.I. 1781 | 10/1/20- 10/31/20 | $135,773.15/$81.19 | $133,295.99/$81.91 |
| 1/14/21; D.I. 1947 | 11/1/20- 11/2/20 | $148,984.60/$28,415.43 | $119,187.68/$28,415.43 |
| 2/17/21; D.I. 2236 | 12/1/20- 12/31/20 | $163,709.55/$81.19 | $130,967.64/$81.19 |
| 3/15/21; D.I. 2368 | 1/1/21- 1/31/21 | $149,323.00/$103.54 | $119,458.40/$10,354.00 |
| 3/17/21; D.I. 2405 | 2/1/21- 2/28/21 | $124,866.50/$2,041.19 | $99,893.20/$2,041.19 |
| 5/17/21; D.I. 4262 | 3/1/21- 3/31/21 | $145,503.50/$92.43 | $116,402.80/$92.43 |
| 6/30/21; D.I. 5455 | 4/1/21- 4/31/21 | $106,048.50/$133.21 | $84,838.80/$133.21 |
| 7/27/21; D.I. 5793 | 5/1/21- 5/31/21 | $118,452.50/$89.69 | $94,762.00/$89.69 |
| 11/17/21 D.I. 7299 | 6/1/21- 6/30/21 | $149,525.50/$8547.54 | $119,620.40/$8,547.54 |
| 12/9/21 D.I. 7650 | 7/1/21- 7/31/21 | $152,766.50/5,597.58 | $122,213.20/$5,597.58 |
| 12/10/21 D.I. 7686 | 8/1/21- 8/31/21 | $140,860.50/$1,287.45 | $112,688.40/$1,287.45 |
| 12/21/21 D.I. 7909 | 9/1/21- 9/30/21 | $107,426.50/$2,167.69 | $85,941.20/$2,167.69 |
| 12/23/21 D.I. 7939 | 10/1/21- 10/31/21 | $158,540.00/$5,548.50 | $126,832/$5,548.59 |
| 12/29/21 D.I. 8037 | 11/1/21- 11/30/21 | $200,853.00/$9,639.96 | $160,684.80/$9,691.96 |
| 2/16/22 D.I. 8857 | 12/1/21- 12/31/21 | $179,762.50/$14,240.45 | $135,622.00/$11,790.45 |
| 2/22/22 D.I. 8920 | 1/31/22- 1/31/22 | $199,520.50/$7,150.78 | $143,810.00/$5,783.96 |
| 4/12/22 D.I. 9633 | 2/1/22- 2/28/28 | $196,320.50/$7,134.24 | $155,176.40/$7,134.24 |

---

[3]  Reflects total amount approved following the agreed-to reductions set forth in the Fee Examiner's Final Fee Report.

# COMPENSATION AND HOURS BY PROFESSIONAL[4]

(Abuse Specific Attorneys)

| Name | Position<br>Area of Expertise | Year of Admission / Years of Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Bruce Griggs | Shareholder | 1989/32 | $640.00 | 38 | $23,200.00 |
| Gavin Martinson | Shareholder | 2005/16 | $440.00 | 2.4 | $1,056.00 |
| Michael McKnight | Shareholder | 2007/14 | $415.00 | 13.3 | $5,519.50 |
| Charles McDonald III | Shareholder | 2001/20 | $460.00 | 0.2 | $92.00 |
| Bruce G. Hearey | Shareholder | 1975/47 | $565.00 | 2.2 | $1,243.00 |
| Nonnie L. Shivers | Shareholder | 2004/ 18 | $515.00 | 0.4 | $206.00 |
| Christopher Olmsted | Shareholder | 1994/28 | $445.00 | 2.6 | $1,157.00 |
| Sean Manning | Of Counsel | 2001/20 | $425.00 | 102.6 | $45,657.00 |
| Jefferson P. Whisenant | Associate | 2016/6 | $345.00 | 22.4 | $7,728.00 |
| Alexandria Gardella | Associate | 2020/2 | $315.00 | 1 | $315.00 |
| Jonathon Metcalfe | Litigation Support | N/A | $280.00 | 1.9 | $532.00 |
| Jan J. Taylor | Litigation Support | N/A | $210.00 | 0.3 | $63.00 |
| April Steffen | Paralegal | N/A | $250.00 | 169 | $41,405.00 |
| Cynthia Williamson | Paralegal | N/A | $220.00 | 101.3 | 22,286.00 |
| Michelle | Paralegal | N/A | $255.00 | 98.6 | $24,157.00 |
| Kelci Davis | Paralegal | N/A | $190.00 | 163.4 | $31,046.00 |
| Katie Murray | Paralegal | N/A | $150.00 | 22.8 | $3,420.00 |
| | | | | | |
| **Total** | | | | **742.4** | **$209,082.50** [5] |

---

[4]  Effective January 1, 2021, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. has implemented firm-wide rate increases. These rate increases are consistent with the Engagement Letter, which provides that the rates included therein are adjusted from time to time.

[5]  This amount does not reflect the $5,350.00 associated with the immigration work.  This amount reflects a refund in the amount of $2,500 concerning Ogletree's 20th fee application.

iv

## COMPENSATION AND HOURS BY PROFESSIONAL
(Immigration Specific Attorneys)

| Name | Position Area of Expertise | Year of Admission / Years of Experience | Standard Hourly Rate[6] | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Elizabeth Maxey | Paralegal | N/A | $150.00 | 3 | $1,340.00 |
| Amenah Khalil | Associate | 2016/6 | $450.00 | 3 | $2,010.00 |
| Andrea Carlson | Paralegal | N/A | $1,800.00 | 1 | $800.00 |
| Karen Courreges | Of Counsel | 1995/27 | $375.00 | 1 | $375.00 |
| | | | **Total** | **8.0** | **$5,350.00** |

---

[6] All work is done as a flat fee. No hourly rate is used. Highest fee amount is used.

v

**COMPENSATION AND EXPENSES BY PROJECT CATEGORY**

| Task Description | Total Hours | Total Compensation |
|---|---|---|
| Litigation/Claims | 721.20 | $204,964.50 |
| Retention Issues | 17.7 | $2,998.00 |
| Non-working Travel | 3.5 | $1,120.00[7] |
| Non-Abuse Claim Litigation (Immigration Work) | 8.0 | $5,350.00 |
| Ogletree Refund - Voided Filing Fees on 20th Fee App Invoice # 90544818 11/5//21 | | ($2,500.00) |
| **TOTAL** | **750.4** | **$211,932.50** |

---

[7] Ogletree charged the Debtors for only 50% of non-working travel time (as detailed in **Exhibit D**) in compliance with Local Rule 2016-2(d)(ix).

## EXPENSES BY CATEGORY

| Category | Amount |
|---|---:|
| Legal Support Services | $5,241.15 |
| Delivery Services/Messenger | $2,623.15 |
| Out of Town Travel | $1,339.53 |
| Other (Immigration related) | $12,179.51 |
| | |
| **Grand Total Expenses** | **$21,383.34** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**May 12, 2022 at 4:00 p.m. (ET)** |

**TWENTY-FIFTH MONTHLY APPLICATION OF OGLETREE,
DEAKINS, NASH, SMOAK & STEWART, P.C. FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM MARCH 1, 2022 TO AND INCLUDING MARCH 31, 2022**

Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), special litigation counsel for the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby submits this twenty-fifth monthly application (this "Application") requesting payment in the aggregate amount of $190,929.34, which is equal to (a) 80% of the $211,932.50 of total compensation earned by Ogletree Deakins for its services to the Debtors during the period from March 1, 2022 to and including March 31, 2022 (the "Fee Period") and (b) 100% of the $21,383.34 expenses incurred by Ogletree Deakins during the Fee Period in connection with its services to the Debtors. In support of this Application, Ogletree Deakins respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] (the "Compensation Procedures Order").

## BACKGROUND

3. On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and maintain their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 19, 2020, the Court entered an order [Docket No. 61] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4. The Debtors retained Ogletree Deakins as their special litigation counsel, *nunc pro tunc* to the Petition Date, pursuant to the *Order Authorizing the Retention and Employment of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. as Special Litigation Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 364] (the "Retention

2

Order"). The Retention Order authorizes the Debtors to compensate and reimburse Ogletree Deakins in accordance with the terms and conditions set forth in the Debtors' application to retain Ogletree Deakins, subject to Ogletree Deakins' application to the Court.

5. On April 6, 2020, the Court entered the Compensation Procedures Order. The Compensation Procedures Order provides, among other things, that each professional shall be entitled, on or as soon as practicable after the fifteenth (15th) day of each month following the month for which compensation and/or expense reimbursement is sought, to file and serve an application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties shall have fourteen (14) days after service of a Monthly Fee Application to file an objection to the compensation or expenses that are the subject thereof (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application. After the filing of a CNO, the Debtors are authorized and directed to pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

**RELIEF REQUESTED**

6. By this Application, in accordance with the Compensation Procedures Order, Ogletree Deakins requests payment in the aggregate amount of $190,929.34, which is equal to (a) 80% of the $211,932.50 of total compensation earned by Ogletree Deakins during the Fee Period for its services to the Debtors and (b) 100% of the $21,383.34 of necessary expenses incurred by Ogletree Deakins during the Fee Period in connection with its services to the Debtors.

## SUMMARY OF SERVICES RENDERED

7. Attached hereto as **Exhibit A** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 1 tasks (Litigation/Claims). Attached hereto as **Exhibit B** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 2 tasks (Retention Issues). Attached hereto as **Exhibit C** is a detailed statement of the time expended and compensation earned by Ogletree Deakins during the Fee Period with respect to Phase 5 tasks (Non-Abuse Claim Litigation/Immigration). Ogletree Deakins' professionals expended a total of 750.4[2] hours in connection with these chapter 11 cases during the Fee Period. All services for which Ogletree Deakins is requesting compensation were performed for or on behalf of the Debtors. The services rendered by Ogletree Deakins during the Fee Period are categorized as set forth in **Exhibit A** and in the summary cover sheets prefixed to this Application. The professionals who provided services to the Debtors during the Fee Period are also identified in **Exhibit A** and in the summary cover sheets.

## ACTUAL AND NECESSARY EXPENSES

8. Ogletree Deakins also incurred certain necessary expenses during the Fee Period for which it is entitled to reimbursement under the terms of its retention. As set forth in greater detail in the detailed statements attached hereto as **Exhibits A, B** and **C** and the expense summary attached hereto as **Exhibit E**, Ogletree Deakins' total expenses incurred during the Fee Period are $21,383.34.

---

[2] Of which 8 are related to the immigration work and 3.5 are related to non-working travel. Ogletree charge the Debtors for only 50% of non-working time in compliance with Local Rule 2016-2(d)(ix). Fees associated with non-working travel time are detailed in **Exhibit D**.

4

## VALUATION OF SERVICES

9. The hourly rates reflected on **Exhibit A** are Ogletree Deakins' customary hourly rates for work of this character. The reasonable value of the services rendered by Ogletree Deakins for the Fee Period as to the Debtors in these chapter 11 cases is $211,932.50.

10. In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in light of factors including, among other things, (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

11. Although Ogletree Deakins has made every effort to include all fees and expenses incurred during the Fee Period in this Application, some fees and expenses might have been omitted from this Application due to delays caused by accounting and processing during the Fee Period. Ogletree Deakins reserves the right to submit further applications to the Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

## CERTIFICATION OF COMPLIANCE

12. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Ogletree Deakins requests payment in the aggregate amount of (a) $169,546.00, which is equal to 80% of the $211,932.50 of total compensation earned by Ogletree Deakins during the Fee Period for its services to the Debtors, and (b) 100% of the $21,383.34 of necessary expenses incurred by Ogletree Deakins during the Fee Period in connection with its services to the Debtors, for a total interim award of $190,929.34.

Dated: April 28, 2022
Austin, Texas

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

*/s/ Bruce A. Griggs*
Bruce A. Griggs
Shareholder
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Phone: (512) 344-4700
Email: bruce.griggs@ogletreedeakins.com

SPECIAL LITIGATION COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION