IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 9721 |

**OBJECTION TO PRO-SE CLAIMANT/CREDITORS SA-101730 & SA-47539 MOTION TO RECONSIDER, ALTER OR AMEND ORDER, AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY LOCATED IN CHARLOTTE, NORTH CAROLINA AND ENTRY INTO A NEW NON-RESIDENTIAL REAL PROPERTY LEASE**

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby file this objection to *Pro-Se Claimant/Creditors SA-101730 & SA-47539 Motion to Reconsider, Alter or Amend Order, Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease* [D.I. 9721] (the "Motion") filed by Michael Cutler and respectfully state as follows:

**BACKGROUND**

1. On April 22, 2022, the Court held a hearing on the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Authorizing the Debtors to (I) Sell Certain Real Property Located in Charlotte, North Carolina and (II) Enter into a*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Non-Residential Real Property Lease* [D.I. 9543] (the "Sale Motion").² Mr. Cutler appeared at the hearing to object to approval of the Sale Motion, arguing that the BSA is not appropriately registered as a foreign non-profit in North Carolina and that the BSA is not a D.C. chartered non-profit. Apr. 22, 2022 Hr'g Tr. 14:10–12; 15:19–16:2. In addition to his objections to the sale, Mr. Cutler also claimed that he is the rightful owner of the BSA. *Id.* 16:5–19.

2. The Court overruled Mr. Cutler's objection to the sale, finding that the decision to enter into the sale of the property and the leaseback was an appropriate exercise of the Debtors' business judgement, which "results in a fair price . . . , that the Debtors and the purchaser, in particular, acted in good faith after arm's length negotiations where there were two competing bidders for the property, and that the sale can be approved free and clear of all liens." *Id.* 17:22–18:3. The Court further noted that it did not view Mr. Cutler's ownership claims as a direct objection that prohibited the Court from making the appropriate findings to approve the sale. *Id.* 18:10–12. Further, when Mr. Cutler requested leave to submit additional evidence with respect to the Sale Motion, the Court denied his request adding, "[n]o, I'm not going to use it with respect to the sale." *Id.* 18:15–16. Having overruled Mr. Cutler's objection and denied his request to submit additional evidence, the Court entered the *Order Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease* [D.I. 9711] (the "Sale Order").

3. On April 25, 2022, Mr. Cutler filed the Motion, which requests that the Court reconsider the Sale Order on the basis of (1) an error of law and fact and (2) allegedly new

---

² A copy of the relevant portion of the transcript from the April 22 hearing is attached hereto as **Exhibit B**.

evidence that Mr. Cutler presented at the April 22 hearing.[3] This Court already ruled on these matters at the April 22 hearing. The Debtors therefore respectfully request that the Court deny the Motion.[4]

## OBJECTION

4. Reconsideration of the Sale Order is inappropriate and not supported by any law, rule, or evidence before the Court. The Motion cites to Federal Rules of Civil Procedure 59 and 60 as a basis for reconsideration or amendment. Rule 59, made applicable in these chapter 11 cases by rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allows a court after a non-jury trial to "open the judgment, . . . take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). Rule 60, made applicable by Bankruptcy Rule 9024, provides that a court may relieve a party from a final judgment, order, or proceeding on motion and just terms for one of the reasons enumerated therein. Fed. R. Civ. P. 60(b). Reconsideration under Rule 59 or 60 should only be granted when the moving party shows "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (quoting *United States ex rel. Schumann Astrazeneca Pharms. L.P.*, 769 F. 3d 837, 848–49 (3d Cir. 2014)) (analyzing Rules 59 and 60 under the same standard); *Max's Seafood Café v.*

---

[3] Mr. Cutler continues to allege fraud, bad faith, gross negligence and willful misconduct without any evidence to support his allegations. The Debtors dispute Mr. Cutler's unsubstantiated allegations.

[4] A proposed form of order is attached hereto as **Exhibit A**.

*Quinteros (In re Max's Seafood Café)*, 176 F.3d 669, 677 (3d Cir. 1999) (applying the same standard without specifying the authority).

5. First, Mr. Cutler has provided no evidence, legal argument or authority that evidences any error of law or fact. Nor could he. For the reasons stated by the Court and provided in the Sale Motion, the sale and leaseback transaction satisfied section 363 of the Bankruptcy Code and the decision to enter into the transaction was an appropriate exercise of the Debtors' business judgment. Apr. 22, 2022 Hr'g Tr. 17:22–18:3. The Debtors and purchaser acted in good faith to negotiate the sale agreement. *Id.* The Third Circuit requires "extraordinary circumstances" to be present to justify the use of Rule 60(b) to vacate a judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251, 255 (3d Cir. 2008). Mr. Cutler has offered no evidence or circumstances that contradict the Court's findings, much less the extraordinary circumstances required for the Court to reconsider the Sale Order.

6. Second, the Motion does not assert any newly discovered evidence that would warrant reconsideration. The Motion references "newly discovered and previously unavailable evidence presented," apparently in an attempt to satisfy Rule 60(b)(2),[5] but fails to describe what the newly discovered evidence is or provide any proof that it exists. Motion at 1. Nor does the Motion explain why any newly discovered evidence could not have been discovered earlier as required under the rule. At the hearing, Mr. Cutler informed the Court that the sale was fraudulent because he had purportedly purchased the BSA's charter. Apr. 22, 2022 Hr'g Tr. 16:3–19. As a threshold matter, the Court rejected that argument as being unrelated to the Sale. *Id.* at 17:4–20 ("I don't really hear any objection to the actual terms of this agreement or the

---

[5] Rule 60(b)(2) provides that "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" is grounds for relief from a final judgment or order. Fed. R. Civ. P. 60(b)(2).

marketing of it, the fairness of the price, the fairness of the sale leaseback, the [Debtors'] need for funds, the good faith of the purchaser in participating in the process and in offering the funds."). The Motion fails to address the Court's ruling on the Sale Motion or provide any evidence— much less any newly discovered evidence— that the alleged issues relating to the BSA's charter have any bearing on the sale. Moreover, even if that evidence was relevant to the sale, it is not newly discovered evidence as required under Rules 59 and 60, because Mr. Cutler presented it to the Court at the hearing. The Court had the opportunity to consider that evidence and did so prior to ruling at the hearing.[6] Therefore, the evidence Mr. Cutler alleges warrants reconsideration is not "newly discovered evidence . . . that could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); *see also United States v. Barksdale*, No. 21-2257, 2021 WL 5632076, at *3 (3d Cir. 2021) (affirming denial of a motion for reconsideration because "[t]he majority of Barksdale's arguments in the motion were repetitive"). Indeed, Mr. Cutler stated that he created the evidence earlier that week. Apr. 22, 2022 Hr'g Tr. 16:3–11.

7. Mr. Cutler has therefore failed to provide any legally appropriate reason for this Court to reconsider the Sale Order under Rule 60 or amend or reopen the issue for further evidence under Rule 59. For the foregoing reasons, the Debtors respectfully request the Court deny the Motion by entering an order substantially in the form attached hereto as **Exhibit A** and grant any such further relief as the Court deems just and proper. Further, the Debtors believe that additional hearings on issues already decided by this court would unnecessarily waste estate

---

[6] The Court explained, "[I]f your argument is that somehow you own the Boy Scouts I don't understand that argument. I'm not going to deny this sale agreement on that basis. . . . So I am not prepared to deny this motion based on whatever has transpired last week." Apr. 22, 2022 Hr'g Tr. 17:4–15.

resources. Accordingly, because the Motion provides no basis for reconsideration, and because the Court has already ruled against Mr. Cutler's request to provide additional evidence, the Debtors request that the Court deny the Motion based solely on the pleadings.[7]

[*Remainder of page intentionally left blank*]

---

[7] The closing of the sale agreement is contingent on the Debtors obtaining a final, non-appealable order from the bankruptcy court approving the sale of the property. By filing the Motion, Mr. Cutler has tolled the appeal period, preventing the sale from closing without any legally appropriate reason for filing the Motion. The Debtors therefore believe the Motion lacks any proper purpose and was filed primarily to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

| | |
|---|---|
| Dated:  May 2, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/  Derek C. Abbott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Email:  dabbott@morrisnichols.com<br>    aremming@morrisnichols.com<br>    ptopper@morrisnichols.com<br>    srchurchill@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 819-8200<br>Email:  jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted p*ro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 881-5400<br>Email: mandolina@whitecase.com<br>    mlinder@whitecase.com<br>    laura.baccash@whitecase.com<br>    blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |