IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC | ) ) ) | Case No. 20-10343 (LSS) |
| | ) | Re: Docket Nos. 9721, 9762 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER DENYING

1. **Pro-Se Claimant/Creditor SA-101730 & SA-47539 Motion to Reconsider, Alter or Amend Order, Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease [Docket No. 9721] ("First Motion to Reconsider")**

2. **Pro-Se Claimant/Creditor SA-101730 & SA-47539 Second Motion to Alter or Amend or Vacate Order, Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease [Docket No. 9762] ("Second Motion to Reconsider")**

**Background**

On March 31, 2022, Debtors filed Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Authorizing the Debtors to (I) Sell Certain Real Property Located in Charlotte, North Carolina and (II) Enter into a Non-Residential Real Property Lease [D.I. 9543] ("Sale Motion") supported by the Declaration of Brian Whittman [D.I. 9543-3] ("Whittman Declaration").

On April 22, 2022, the Court held a hearing on the Sale Motion. While no objections were timely filed, Mr. Cutler filed a late submission and the Court permitted him to fully participate at the hearing. After considering the Whittman Declaration and Mr. Cutler's presentation, the Court approved the Sale Motion finding it met the requisite

standard for sales out of the ordinary course of business. In particular, the Court found that the sale and leaseback of the real property was a proper exercise of Debtors' business judgment, the price was fair and the parties acted in good faith and at arms' length. The Order Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease [D.I. 9711] ("Sale Order") was entered that same day.

On April 25, 2022, Mr. Cutler filed the First Motion to Reconsider. The basis of the motion is the absence of "critical facts" and Mr. Cutler submitted a set of documents.[1] Through the First Motion to Reconsider, Mr. Cutler seeks "Relief, Monetary Damage and Secured Equity. Under the Declaration Judgment Act, Equal Protection, 42 U.S.C. 1983, and the Ten Amendment." (D.I. 9721 p. 2.)

On May 4, 2022, Mr. Cutler filed the Second Motion to Reconsider along with a different set of documents. The basis of this motion also appears to be new evidence. The requested relief is the same.

Debtors filed objections to both the First Motion to Reconsider and the Second Motion to Reconsider.[2]

---

[1] Due to some confusion with the filing, the Clerk's office improperly attached these exhibits to Mr. Cutler's original objection to the Sale Motion [D.I. 9662]. This has since been corrected, and the exhibits are now found at D.I. 9760.

[2] Objection to Pro-Se Claimant/Creditors SA-101730 & SA-47539 Motion to Reconsider, Alter or Amend Order, Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry into a New Non-Residential Real Property Lease; [D.I. 9759]; Debtors' Supplemental Objection to Pro-Se Claimant/Creditors SA-101730 & SA-47539 Motion to Reconsider, Alter or Amend Order, Authorizing the Sale of Certain Real Property Located in Charlotte, North Carolina and Entry Into a New Non-Residential Real Property Lease. [D.I. 9770]

**Discussion**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki Millington*, 779 F.2d 906, 909 (3d Cir. 1985). Such a motion should rely on one of three grounds: (i) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court denied the motion, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121 (3d Cir. 2013). A motion for reconsideration "is not properly grounded on a request that a court rethink a decision already made." *Millington v. GEICO*, No. 14-929, 2015 WL 7194462 *1 (D. Del. Nov. 16, 2015) Stark, J.

There is no basis to reconsider the Sale Order. Mr. Cutler has not pointed out any manifest error of law, and indeed, the recitation of the law in the Sale Motion and the Whittman Declaration support both the legal and factual basis for the entry of the Sale Order. Further, the two sets of documents submitted by Mr. Cutler do not give the Court any reason to reconsider its decision. Neither set of documents specifically relate to the Sale Motion, the real property at issue or the leaseback. None of the documents discuss or shed any light on the bona fides of the sale, including the marketing of the property, the fairness of the price, the good faith of the parties or Debtors' exercise of its business judgment. Further, the actual relief sought is not to vacate the sale.

**WHEREFORE**, for the reasons set forth above:

1. The First Motion to Reconsider and the Second Motion to Reconsider are **DENIED**.

2. The Sale Order remains in full effect.

Dated: May 9, 2022

Laurie Selber Silverstein, Chief Judge
United States Bankruptcy Court

4