**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Doc. I.D. No. 10188** |

**CERTAIN INSURERS' OBJECTION TO
DEBTORS' MOTION TO SHORTEN NOTICE**

The undersigned insurance carriers (collectively, "<u>Certain Insurers</u>") object to the Debtors'

application to shorten notice.  The Debtors characterize their motion as one to "amend and

supplement" the Court's "findings of fact and conclusions of law" in its "Confirmation Opinion."

But that is not what they are requesting.  The Debtors are actually seeking approval of the Plan, as

revised, in its entirety.  Late Friday evening, after discussing their proposed revisions with Plan

supporters for two weeks, but never with the Certain Insurers (and sending the Certain Insurers a

"draft" for the first time on Friday morning), the Debtors filed approximately 450 pages of

documents, including a revised plan, revised Confirmation Order, revised TDPs, revised

Settlement Trust Agreement, and  Plan "Addendum" that may further modify the Plan in ways that

may, or may not, be reflected in the Debtors' redlines.  The Debtors are not seeking to make simple,

non-material changes to their previously proposed Confirmation Order.  Instead, they are seeking

to amend key elements of the Plan, including the removal of the TCJC Settlement, the removal of

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax
identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors'
mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

certain (although not all) of the disputed findings, and several definitional changes.  As this Court knows, this case is complex and requires considerable attention to detail.  But the Debtors are attempting to submit new Plan documents for approval, on less than two weeks-notice, after providing the Certain Insurers and other objectors with only five business days to review and respond.  That request should be denied.

**OBJECTION**

1.      On July 29, 2022, following nearly six weeks of trial, the Court rendered a detailed 269 page opinion (the "Confirmation Opinion") interpreting and ruling on the myriad issues that had been raised in this highly complex case, including holding that the Plan documents proposed by the Debtors were deficient for numerous reasons.

2.      The opinion ended with the following statement "At their convenience, counsel to the Debtors may reach out to chambers to schedule a status conference."

3.      Despite the clarity of this statement, the Debtors and other Plan Supporters have chosen to ignore this Court's direction to schedule a status conference, and have instead chosen to push forward with confirmation of new Plan documents on a highly compressed timeline.

4.      The Debtors provided the Certain Insurers with "drafts" of the new documents for the first time on Friday morning, August 12, 2022, then filed final copies on Friday evening without ever discussing them with the Certain Insurers, leaving the Certain Insurers with only five business days to review the documents and provide any substantive comment to the Court.  The Debtors did not even provide a redline of their proposed, revised Confirmation Order, which itself appears to have undergone substantial alterations after this Court's ruling, nor did they provide an explanation for why that redline was not made available for any of the parties or the Court. This

seeming lack of transparency and failure to engage with Certain Insurers is especially troubling, given that Certain Insurers were one of the material objectors to the Debtors' Plan at confirmation.

5.      Bankruptcy Rule 2002(b) requires at least 28 days' notice to parties in interest for filing objections to confirmation of a chapter 11 plan.  The advisory committee note provides the following rationale: "subdivision (b) is similar to subdivision (a) but lengthens the notice time to [28] days with respect to those events particularly significant in chapter 9, 11, and 13 cases.  The additional time may be necessary to formulate objections to a disclosure statement or confirmation of a plan and preparation for the hearing on approval of the disclosure statement or confirmation."

6.      This case cries out for the "additional time" contemplated by Rule 2002(b).  Indeed, Plan supporters themselves needed the last two weeks to discuss implementation of the Court's decision.

7.      By contrast, the Debtors afforded objectors only one week to determine whether *all* of the changes they had proposed (without input from the Certain Insurers) are true to the Confirmation Opinion, something that even a cursory review reveals is unfortunately not the case.  That falls far short of the 28-day notice that the Federal Rules of Bankruptcy Procedure require.

8.      The Debtors provide no adequate rationale for the breakneck speed at which they propose to resolve all outstanding issues.   While they have repeated the familiar refrain that they "must seek to exit bankruptcy as soon as possible" for more than a year now, Mot. at 6, they provide no new evidence to justify the proposed drastic shortening of the notice period at this time.  And, of course, it was the Debtors that proposed a plan that inappropriately sought to obtain unprecedented advantages over non-settling insurers in future coverage litigations.

9.      The Debtors presumably will respond that it should be simple to review the newly filed documents to ensure that the Court's mandates have been implemented.  But even if that were true, the entire set of documents must be closely reviewed to see what changes were ***not*** made.

10.     The Certain Insurers' concerns are not merely hypothetical.  A cursory review of the documents (over the mere weekend afforded to us) has revealed deficiencies.  For example, finding "IX.A.3.J" in the Plan continues to state that "the Insurance Assignment is authorized and permissible as provided in the Plan, notwithstanding any terms of any policies or provisions of applicable law that are argued to prohibit the delegation, assignment, or other transfer of such rights."  This finding is in direct contravention to the Confirmation Opinion, which stated that "[w]hether an anti-assignment clause in an insurance policy prohibits assignment is, in the first instance, a matter of state law.  Having reviewed the cases cited by the Coalition, it is clear that this determination is made by reference to the policy, state law and a conflict of law analysis if necessary.  In order to determine, therefore, whether a non-debtor policy or any rights thereunder can be assigned, I would need to examine each policy under applicable state law, an analysis I am not in a position to do."  Opinion at 255.

11.     Furthermore, the defined term "Insurance Coverage Defense" still excludes any defense that the assignment is prohibited by insurance policies or applicable non-bankruptcy law (Art. I.A.160), even though this Court declined to approve the assignment as to non-debtor rights because the assignment may conflict with the policies and state law (Opinion at 254-256); and held that state law will determine whether rights can be transferred without their correlative obligations, noting that "[i]f the obligations form the basis for claims, they will be treated accordingly.  If the obligations are conditions precedent, then the Non-Settling Insurers may be able to assert those conditions as a defense to performance" (Opinion at 248-253).

12.     Moreover, supplemental finding "J" states that the Court's determination of the likely aggregate liability of Direct Abuse Claims for purposes of Confirmation "is not intended" to limit the amount of allowed abuse claims or non-settling insurer liability, despite the Court's repeated admonitions that "appropriate caselaw will govern in any subsequent proceedings," and that "[t]he *res judicata* or collateral estoppel effect of any Order I issue confirming the Plan is for a future court to decide in the context of specific litigation." *See, e.g.*, Opinion at 185-187.

There are undoubtedly further misapplications of this Court's Confirmation Opinion.

13.     There is simply no reasonable basis to rush forward hastily, when the Chapter 11 Cases are nearly at their conclusion.  The Court would benefit from affording parties in interest a full opportunity to ensure that the Court's lengthy, thoughtful decision is fully honored, and a reasonable opportunity to explain whether the proposed documents have done so.

14.     The Certain Insurers respectfully request that this Court deny the Debtors' motion for shortened notice and direct that the August 24 hearing remain a "status conference," as the Court expressed in its Confirmation Opinion.  Any substantive hearing on the merits of the Plan and Confirmation Order should be heard at a later date, potentially at the next scheduled omnibus hearing on September 29 or at an earlier date if one is available, after the parties in interest have a meaningful opportunity to consider the Debtors' proposed changes and to narrow or eliminate the remaining issues for the Court.

Dated:  August 15, 2022

*Respectfully Submitted*

By: __/s/ Deirdre M. Richards_____

**FINEMAN KREKSTEIN & HARRIS PC**
Deirdre M. Richards (DE Bar No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone:    (302) 538-8331
Facsimile:     (302) 394-9228
Email: drichards@finemanlawfirm.com

-and-

**FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.**
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
Telephone:    (312) 863-5000
Facsimile:     (312) 863-5009
Email: sgummow@fgppr.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (admitted *pro hac vice*)
Mitchell A. Karlan (admitted *pro hac vice*)
James Hallowell (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000
Facsimile:     (212) 351-4035
Email: mrosenthal@gibsondunn.com
mkarlan@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
Matthew G. Bouslog (admitted *pro hac vice*)
3161 Michelson Drive
Irvine, California 92612
Telephone:    (949) 451-3800
Facsimile:     (949) 451-4220
Email: mbouslog@gibsondunn.com

*Attorneys for the AIG Companies*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:    404.885.3000

*-and-*

**PARKER, HUDSON, RAINER & DOBBS**
Harris B. Winsberg (admitted *pro hac vice*)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:    404.420.4313
Facsimile:    404.522.8409

*-and-*

**McDERMOTT WILL & EMERY LLP**
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
Alex M. Spisak (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:    202.756.8228
Facsimile:    202.756.8087

*Attorneys for Allianz Global Risks US Insurance Company*

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:      302.777.6500
Facsimile:      302.421.8390

*and*

Harris B. Winsberg (admitted *pro hac vice*)
**PARKER, HUDSON, RAINER & DOBBS**
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:      404.420.4313
Facsimile:      404.522.8409

*and*

**BRADLEY RILEY JACOBS PC**
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
Paul J. Esker
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:      312.281.0295

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*

**POST & SCHELL, P.C.**
Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
Fax:  (302) 251-8857
E-mail:  plogan@postschell.com

**IFRAH PLLC**
George R. Calhoun (*pro hac vice*)

1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and*
*Colony Insurance Company*

**SEITZ, VAN OGTROP & GREEN, P.A**
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

**CHOATE, HALL & STEWART, LLP**
Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
Samuel N. Rudman (admitted *pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

**MINTZ, LEVIN, COHN, FERRIS,**
**GLOVSKY AND POPEO PC**
Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
One Financial Center
Boston, MA 0211
Telephone: (617) 542-6000
kmarrkand@mintz.com
lbstephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

**SMITH, KATZENSTEIN & JENKINS LLP**

Kathleen M. Miller (No. 2898)
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

-and-

**WILEY REIN LLP**
Mary E. Borja (admitted *pro hac vice*)
Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail:  mborja@wiley.law,
gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

**BODELL BOVÉ, LLC**
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

**CLYDE & CO US LLP**
Bruce D. Celebrezze (pro hac vice)
150 California Street, 15th Floor
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
340 Mt. Kemble Avenue| Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701

Email:    konrad.krebs@clydeco.us

-and –

**DAVID CHRISTIAN ATTORNEYS LLC**
David Christian (pro hac vice)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (312) 282-5282
Email:   dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company*


**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

**HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER**
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

**GOLDSTEIN & MCCLINTOCK LLLP**
Maria Aprile Sawczuk (DE #3320)
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

**LOEB & LOEB LLP**
Laura McNally
Emily Stone
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Attorneys for The Continental Insurance Company
and Columbia Casualty Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

**MOUND COTTON WOLLAN &
GREENGRASS LLP**
Lloyd A. Gura*
Pamela J. Minetto*
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,*
*on behalf of itself and as successor in interest to*
*Catlin Specialty Insurance Company*

**REGER RIZZO & DARNALL LLP**
Louis J. Rizzo, Jr., Esquire (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
E-mail: lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety*
*Company, Inc. (f/k/a Aetna Casualty & Surety*
*Company), St. Paul Surplus Lines Insurance*
*Company and Gulf Insurance Company*

**JOYCE, LLC**
Michael J. Joyce, Esquire (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

**COUGHLIN MIDLIGE & GARLAND, LLP**
Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

**CARRUTHERS & ROTH, P.A.**
Britton C. Lewis, Esquire (*Pro Hac Vice*)
235 N. Edgeworth St.
P.O. Box 540

Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

**GIEGER LABORDE & LAPEROUOSE, LLC**
John E.W. Baay II
701 Poydras Street
Suite 4800
New Orleans, LA 70139
Tel.: 504-561-0400
Fax: 504-561-1011
Email: jbaay@glllaw.com

-and-

**KIERNAN TREBACH LLP**
William H. White Jr
1233 20th Street, NW
8th Floor
Washington, DC 20036
Tel.: 202-712-7000
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Counsel for Gemini Insurance Company*

**DILWORTH PAXSON LLP**
Thaddeus J. Weaver (Id. No. 2790)
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 351-8735 (facsimile)
tweaver@dilworthlaw.com

**DILWORTH PAXSON LLP**
William E. McGrath, Jr. (admitted *pro hac vice*)
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc.,
formerly known as American Re-Insurance
Company*

Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson, Esq. (admitted *pro
hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

**COZEN O'CONNOR**
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance
Company, Endurance American Specialty
Insurance Company, and Endurance American
Insurance Company*