IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 10188** |

**LUJAN CLAIMANTS' OBJECTION TO DEBTORS' MOTION TO AMEND
AND SUPPLEMENT THE FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN THE CONFIRMATION OPINION PURSUANT TO FED. R. BANKR. P. 7052
AND FED. R. CIV. P. 52**

COME NOW the Tort Claimants represented by Lujan & Wolff LLP ("Lujan Claimants")[1] and object to Debtors' Motion to Amend and Supplement the Findings of Fact and Conclusions of Law in the Confirmation Opinion pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52 (D.I. 10188), which was filed by Debtors Boy Scouts of America and Delaware BSA, LLC's (collectively "Debtors") on August 12, 2022.

By their motion, Debtors seek to amend and supplement the Court's Opinion (D.I. 10136) which rejected material aspects of Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (D.I. 8813), and seek an order of the Court confirming a materially modified plan of reorganization. As the Court's Opinion did not confirm Debtors' Plan or dismiss this consolidated action, the Opinion is not a final order or judgment for purposes of appeal. WCI Steel, Inc. v. Wilmington Trust Co., 338 B.R. 1, 9 (N.D. Ohio 2005) (citing, e.g., Lievsay v. W. Fin. Sav. Bank (In re Lievsay), 118 F. 3d 661, 662 (9th Cir. 1997) (finding a bankruptcy court's decision denying confirmation of a Chapter 11 plan was interlocutory)).

---

[1] See attached Appendix A, which lists the Sexual Abuse Survivor Proof of Claim numbers for Lujan Claimants.

1

"'So long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation.'" Id. (quoting Simons v. Fed. Deposit Ins. Corp. (In re Simons), 908 F. 2d 643, 645 (10th Cir. 1990)). " 'Under these circumstances, the parties' rights have not been finally determined and the process of plan confirmation is continuing.'" Id. (quoting Rady v. Robert Bros., No. 1:02-CV-1284-LJM-WTL, 2003 WL 211806094, at *1 (S.D. Ind. Apr. 23, 2003)). The Court, in its Opinion, emphasized that its Opinion was interlocutory and non-final. (Opinion at 269 ("Debtors have decisions to make regarding the Plan and need sufficient time to determine how to proceed. At their convenience, counsel to Debtors may reach out to chambers to schedule a status conference.").) Thus, there is no judgment to amend.

Acknowledging that the Court, in its Opinion, did not confirm the Plan or finally dispose of this consolidated case, Debtors request in their motion that the Court issue Supplemental Findings of Fact and Conclusions of Law Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC, (Mot. Ex. A), pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. However, neither Rule 7052 nor Rule 52 permit confirmation of an alternative plan of reorganization, especially one that is materially different[2] from the rejected Plan. Debtors should not be permitted to bypass requirements for plan confirmation, including but not limited to Bankruptcy Rule 2002(b), which requires at least 28 days' notice to parties in interest for filing objections to confirmation of a chapter 11 plan.

Even if Debtors' motion is properly brought under Rules 7052 and 52, Debtors have failed to argue or show manifest injustice without amendment or supplement of the Opinion or any newly

---

[2] Debtors propose that the Court confirm a materially different plan that, among other things, does not include the $250 million settlement with The Church of Jesus Christ and that does not include insurance policy buybacks free and clear of all interests.

2

discovered evidence justifying amendment or supplement.  Wound Care Centers Inc. v. Catalane, Civil No. 10-336, 2011 WL 3476612, at *3 (W.D. Pa. Aug. 9, 2011); In re Smith Corona Corp., 212 B.R. 59, 60 (Bankr. D. Del. 1997).  Accordingly, their motion should be denied.

The motion must also be denied as Debtors incorrectly claim that all objections have been resolved by the Court.  In the Opinion, the Court did not address or dispose of certain objections made by Lujan Claimants, including, but not limited to, objections relating to the the release and channeling injunction under the Plan of Lujan Claimants' claims against non-settling insurers, the 1976 and 1977 Hartford insurance policies as to coverage for sexual abuse claims not being a part of the bankruptcy estate, the unequal and unfair treatment of abuse claimants regarding release of some survivors' post-1975 claims against chartered organization while other survivors retain their pre-1976 claims against chartered organizations, and the Plan failing to provide for future claimants' representatives to represent unknown claims against released nondebtors.  As Debtors' motion is premised upon the alleged resolution of all objections, and the Opinion did not fully resolve all objections, Debtors' motion must be denied.

Like the D & V Claimants in their Response to the motion, Lujan Claimants continue to object to confirmation of the Plan and incorporate their objections as if set forth fully herein, and waive none of their objections.  Lujan Claimants reserve all rights, including but not limited to the right to appeal confirmation of the Plan,

Dated: August 24, 2022.                                      Respectfully submitted,

 /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302.654.0248
Email: Loizides@loizides.com

and

3

        LUJAN & WOLFF LLP

        /s/ Delia Lujan Wolff
        Delia Lujan Wolff
        Suite 300, DNA Bldg.
        238 Archbishop Flores St.
        Hagatna, Guam 96910
        Phone: (671) 477-8064/5
        Facsimile: (671) 477-5297
        Email:  dslwolff@lawguam.com

        *Attorneys for Lujan Claimants*

# APPENDIX A

The foregoing Lujan Claimants' Objection to Debtors' Motion to Amend and Supplement the Findings of Fact and Conclusions of Law in the Confirmation Opinion pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52 was filed by the following creditors who each filed a Sexual Abuse Survivor Proof of Claim and are represented by Lujan & Wolff LLP. The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim, including amendments thereto.

| | | | | |
|---|---|---|---|---|
| **248** | **2991** | **6824** | **25063** | **79403** |
| **1551** | **3051** | **7976** | **25069** | **79769** |
| **1670** | **3120** | **7977** | **33028** | **80328** |
| **1677** | **3385** | **8037** | **35352** | **80655** |
| **1746** | **3610** | **8038** | **35354** | **80982** |
| **1757** | **3612** | **10548** | **38591** | **87715** |
| **1765** | **3614** | **11250** | **40889** | **87757** |
| **1913** | **3616** | **11251** | **40890** | **96418** |
| **1953** | **4855** | **14187** | **45700** | **96419** |
| **2003** | **4857** | **15104** | **45702** | **103377** |
| **2010** | **4859** | **15139** | **48168** | **103378** |
| **2011** | **5646** | **17480** | **58317** | **4858** |
| **2394** | **5646** | **18860** | **58370** | **4860** |
| **2403** | **5648** | **18873** | **67267** | |
| **2433** | **5655** | **22872** | **67286** | |
| **2597** | **6432** | **22873** | **67293** | |
| **2840** | **6434** | **22874** | **73585** | |
| **2885** | **6823** | **23388** | **73607** | |