**Exhibit C**

**Certain Insurers' Revised Confirmation Order Blackline Against Debtors and Plan Supporters' Revised Confirmation Order - Contested Paragraphs Only**

2. Finding j set forth in Article IX.A.3 of the Plan is modified as follows:

(a) The Plan's transfer of rights under BSA Insurance Policies (the "Debtor Policy Assignment") is authorized and permissible notwithstanding any terms of any policies or provisions of applicable law that are argued to prohibit the assignment or transfer of such rights.

(b) The Plan's transfer of rights under Local Council Insurance Policies issued by the Settling Insurance Companies (the "Consensual Policy Assignment") is authorized and permissible.

(c) The Plan's transfer of rights under any insurance policies, other than BSA Insurance Policies, issued by Non-Settling Insurance Companies (the "Non-Debtor Policy Assignment"), subject to the savings clause set forth in Article V.S.1, is authorized to the extent permitted under state law, and the enforceability of such transfer of rights shall be determined under the state law applicable to each such policy.

(d) With respect to any rights transferred to the Settlement Trust pursuant to (a), (b) or (c) above, the Settlement Trust (1) is a proper defendant for Abuse Claims to assert the liability of the Protected Parties, and (2) is a proper defendant for Post-1975 Chartered Organization Abuse Claims to assert the liability of the Limited Protected Parties.

(e) The Settlement Trust's rights under any insurance policies issued by Non-Settling Insurance Companies, including the effect of any failure to satisfy conditions precedent or obligations under such policies (other than, in the case of the BSA Insurance Policies, the terms of any policies or provisions of applicable law that are argued to prohibit the assignment or transfer of such rights), shall be determined under the state law applicable to each such policy in subsequent litigation.

(f) For the avoidance of doubt, the term "Insurance Assignment," as defined in the Plan or any Plan Document, shall be and hereby is modified to the extent required to be consistent with the provisions of this paragraph.

51. **Claims by Non-Settling Insurance Companies With Respect to Coverage Provided by Settling Insurance Companies.**

(a) Notwithstanding any terms or provisions in the Plan, Plan Documents, Insurance Settlements, Settlement Trust Documents (including the Trust Distribution Procedures), this Order, any finding of fact and/or conclusion of law with respect to Confirmation of the Plan (including any other provision that purports to be preemptory or supervening), any right, claim or cause of action for contribution, subrogation, equitable subrogation, indemnification, allocation, reimbursement or offset relating to one or more Abuse Claims that a Non-Settling Insurance Company is or may have been entitled to assert against any Settling Insurance Company but for the Channeling Injunction, the Insurance Entity Injunction or other protections in the Plan shall be channeled to and become a right, claim or cause of action solely against the Settlement Trust (or to the extent the saving clause in Article V.S.1 applies, the Protected Party or Limited Protected Party) and not against the Settling Insurance Company in question, and the sole recourse of the Non-Settling Insurance Company asserting such claim against the Settlement Trust (or to the extent the saving clause in Article V.S.1 applies, the Protected Party or Limited Protected Party) shall be by means of judgment reduction as provided herein. Such right, claim or cause of action may be asserted in any Insurance Action against the Settlement Trust (or to the extent the saving clause in Article V.S.1 applies, the Protected Party or Limited Protected Party) even though the Settling Insurance Company in question is not a party thereto and regardless of whether such right, claim or cause of action relates to the cost of defending or indemnifying, or both, one or more Abuse Claims.

(b) If a Non-Settling Insurance Company obtains a ~~final and non-appealable~~ judicial determination or ~~binding~~ arbitration award in any Insurance Action~~,~~ that ~~it~~the

Non-Settling Insurance Company would have been entitled to recover ~~a sum certain~~ on its right, claim or cause of action against a Settling Insurance Company for contribution, subrogation, equitable subrogation, indemnification, allocation, reimbursement or offset relating to one or more Abuse Claims, or the Settlement Trustee <ins>agrees to such entitlement upon such determination or award, the Settlement Trust</ins> (or to the extent the saving clause in ~~Article~~<ins>Section</ins> V.S.1 applies, the Protected Party or Limited Protected Party) ~~agrees to such entitlement to such sum certain, upon such determination or award in the Insurance Action, the liability for such sum certain or such agreement shall be satisfied solely by the Settlement Trust (or to the extent the saving clause in Article V.S.1 applies, the Protected Party or Limited Protected Party) voluntarily~~<ins>shall satisfy such right of recovery from the Settling Insurance Company by</ins> reducing or limiting any claim, cause of action or judgment it has against the Non-Settling Insurance Company for recovery on any Abuse Claim ~~that gave rise to such right,~~<ins>; provided however, if the Non-Settling Insurance Company is not subject to any such</ins> claim ~~or~~<ins>,</ins> cause of action ~~for contribution, subrogation, equitable subrogation, indemnification, allocation, reimbursement or offset. The~~<ins>, or judgment held by the</ins> Settlement Trust (or ~~to~~ the extent the saving clause in ~~Article~~<ins>Section</ins> V.S.1 applies, the Protected Party or Limited Protected Party) ~~shall not seek to enforce any judicial determination or binding arbitration award it has obtained against a~~<ins>, after such determination in the Insurance Action, the Settlement Trust shall pay the amount to the</ins> Non-Settling Insurance Company ~~that is seeking such reduction until the Settlement Trust's (or to the extent the saving clause in Article V.S.1 applies, the Protected Party's or Limited Protected Party's) judgment or award becomes final and non-appealable. Post-judgment interest shall not accrue with respect to the portion of any such claim that is so reduced by a Final Order as a result of a claim for contribution, subrogation, equitable subrogation, indemnification,~~

~~allocation, reimbursement or offset relating to one or more Abuse Claims.~~ in accordance with the Trust Distribution Procedures.

(c) **Pursuant to the Channeling Injunction, the Insurance Entity Injunction and the other protections in the Plan,** ~~**and except to the extent the saving clause in Article V.S.1.a-e concerning Local Councils and Chartered Organizations applies, the Protected Parties, including**~~ **the Settling Insurance Companies**~~,~~ **shall not be made parties to any Insurance Action.**

3