**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the objection or response, if any, upon the following: (i) the Debtors: Boy Scouts of America, 1325 W. Walnut Hill Lane, Irving, TX  75038 (Attn: Steven P. McGowan); (ii) counsel to the Debtors: (a) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020 (Attn: Jessica C. Lauria (jessica.lauria@whitecase.com)), (b) White & Case LLP, 111 S. Wacker Drive, Chicago, IL  60606 (Attn: Michael C. Andolina (mandolina@whitecase.com) and Matthew E. Linder (mlinder@whitecase.com)); and (c) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE  19899-1347 (Attn: Derek C. Abbott (dabbott@mnat.com)); (iii) the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE  19801 (Attn: David Buchbinder (david.l.buchbinder@usdoj.gov) and Hannah M. McCollum (hannah.mccollum@usdoj.gov)); (iv) counsel to the Official Committee of Unsecured Creditors: (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY  10036 (Attn: Rachael Ringer (rringer@kramerlevin.com) and Megan M. Wasson (mwasson@kramerlevin.com)) and (b) Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE  19801 (Attn: Kurt F. Gwynne (kgwynne@reedsmith.com) and Katelin A Morales (kmorales@reedsmith.com)); (v) counsel to the Tort Claimants' Committee: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19801 (Attn: Richard M. Pachulski (rpachulski@pszjlaw.com) and James E. O'Neill (joneill@pszjlaw.com)); (vi) counsel to the Future Claimants' Representative: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, DE 19801 (Attn: Robert S. Brady (rbrady@ycst.com) and Edwin J. Harron (eharron@ycst.com)); (vii) counsel to the Ad Hoc Committee of Local Councils: Wachtell, Lipton, Rosen & Katz, 51 W. 52nd Street, New York, NY  10019 (Attn: Richard G. Mason (rgmason@wlrk.com) and

2

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objection Deadline: September 28, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

## TWENTY-SEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE FOR THE PERIOD FROM MAY 1, 2022 THROUGH MAY 31, 2022

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Tort Claimants' Committee |
| Date of Retention: | Effective *nunc pro tunc* to March 4, 2020 by order signed on or about April 11, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2022 through May 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $170,855.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 14,364.76 |

This is a:    ☒monthly    ☐ interim    ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/20 | 03/14/20 – 03/31/20 | $ 776,257.50 | $ 6,064.88 | $ 776,257.50 | $ 6,064.88 |
| 06/08/20 | 04/01/20/ - 04/30/20 | $ 644,670.50 | $ 3,045.94 | $ 642,670.50[2] | $ 3,045.94 |
| 08/03/20 | 05/01/20 – 05/31/20 | $ 659,618.50 | $ 3,681.07 | $ 659,618.50 | $ 3,182.37[3] |
| 08/27/20 | 06/01/20 – 06/30/20 | $ 475,879.50 | $ 5,651.98 | $ 475,879.50 | $ 5,651.98 |
| 09/11/20 | 07/01/20 – 07/31/20 | $ 678,423.50 | $ 6,612.09 | $638,423.50[4] | $ 6,612.09 |
| 09/29/20 | 08/01/20 – 08/31/20 | $ 658,721.00 | $ 31,487.15 | $ 526,976.80 | $ 31,478.15 |
| 11/30/20 | 09/01/20 – 09/30/20 | $ 588,902.00 | $ 15,777.88 | $ 471,121.60 | $ 15,777.88 |
| 01/04/21 | 10/01/20 – 10/31/20 | $ 666,283.50 | $ 19,826.31 | $ 533,026.80 | $ 19,826.31 |
| 02/16/21 | 11/01/20 – 11/30/20 | $ 504,479.00 | $ 11,755.14 | $ 403,583.20 | $ 11,755.14 |
| 03/01/21 | 12/01/20 – 12/31/20 | $ 837,406.00 | $ 12,415.20 | $ 669,924.80 | $ 12,415.20 |
| 03/23/21 | 01/01/21 – 01/31/21 | $ 901,667.00 | $ 19,291.93 | $ 721,333.60 | $ 19,291.93 |
| 05/26/21 | 02/01/21 – 02/28/21 | $ 763,236.50 | $ 9,386.00 | $ 610,589.20 | $ 9,386.00 |
| 07/02/21 | 03/01/21 – 03/31/21 | $1,124,713.50 | $ 27,728.90 | $ 899,770.80 | $ 27,728.90 |
| 08/04/21 | 04/01/21 – 04/30/21 | $1,193,608.00 | $ 18,802.13 | $ 954,886.40 | $ 18,802.13 |
| 08/30/21 | 05/01/21 – 05/31/21 | $1,517,191.50 | $ 47,494.45 | $1,213,753.20 | $ 44,069.70[5] |
| 10/22/21 | 06/01/21 – 06/30/21 | $1,623,890.75 | $ 16,089.84 | $1,299,112.60 | $ 16,089.84 |
| 12/28/21 | 07/01/21 – 07/31/21 | $ 784,586.00 | $ 25,808.76 | $ 627,668.80 | $ 25,808.76 |
| 01/04/22 | 08/01/21 – 08/30/21 | $ 863,107.25 | $ 24,494.57 | $ 690,485.80 | $ 24,494.57 |
| 01/04/22 | 08/31/21 – 09/30/21 | $1,347,686.00 | $ 31,703.72 | $1,078,148.80 | $ 31,703.72 |
| 01/28/22 | 10/01/21 – 10/31/21 | $1,927,818.75 | $ 35,083.66 | $1,542,255.00 | $ 35,083.66 |
| 04/11/22 | 11/01/21 – 11/30/21 | $2,834,590.00 | $ 75,875.16 | $2,267,672.00 | $ 75,875.16 |
| 05/16/22 | 12/01/21 – 12/31/21 | $3,471,583.25 | $110,984.73 | $2,777,266.60 | $110,984.73 |
| 06/22/22 | 01/01/22 – 01/31/22 | $3,328,042.75 | $135,647.33 | $2,662,434.20 | $135,647.33 |
| 07/05/22 | 02/01/22 – 02/28/22 | $2,515,468.50 | $ 74,618.51 | $2,012,374.80 | $ 74,618.51 |
| 07/19/22 | 03/01/22 – 03/31/22 | $2,359,943.50 | $137,781.85 | $1,887,954.80 | $137,781.85 |
| 08/31/22 | 04/01/22 – 04/30/22 | $1,213,670.50 | $ 74,918.10 | Pending | Pending |

---

[2] In the Court's Order approving the First Quarterly Fee Application, the Court approved $1,418,928.00 in fees which reflects a reduction of $2,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[3] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $15,446.44 in expenses which reflects a reduction of $498.70. For the purposes of this application, we have noted the reduction in the first month of that period.

[4] In the Court's Order approving the Second Quarterly Fee Application, the Court approved $1,773,921.50 in fees which reflects a reduction of $40,000.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5] This amount reflects an agreed upon reduction between the U.S. Trustee and PSZ&J LLP of $3,424.75.

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00 | 18.40 | $29,348.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,395.00 | 8.00 | $11,160.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,345.00 | 5.50 | $ 7,397.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,325.00 | 2.50 | $ 3,312.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,295.00 | 14.60 | $18,907.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 0.80 | $ 1,020.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,245.00 | 0.80 | $    996.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,145.00 | 3.50 | $ 4,007.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $1,050.00 | 7.00 | $ 7,350.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $  995.00 | 3.30 | $ 3,283.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $  995.00 | 47.50 | $47,262.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $  925.00 | 5.70 | $ 5,272.50 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $  875.00 | 1.50 | $ 1,312.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  850.00 | 15.40 | $13,090.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016; Member of DE Bar since 2022 | $  725.00 | 2.00 | $  1,450.00 |
| Patricia J. Jeffries | Paralegal 1999 | $  460.00 | 0.40 | $     184.00 |
| Karina K. Yee | Paralegal 2000 | $  460.00 | 7.40 | $  3,404.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  425.00 | 4.80 | $  2,040.00 |
| Myra Kulick | Other | $  395.00 | 21.00 | $  8,295.00 |
| Andrea R. Paul | Case Management Assistant | $  375.00 | 0.40 | $     150.00 |
| Charles J. Bouzoukis | Case Management Assistant | $  375.00 | 1.30 | $     487.50 |
| Karen S. Neil | Case Management Assistant | $  375.00 | 3.00 | $  1,125.00 |

**Grand Total:**     **$170,855.00**
**Total Hours:**            **174.80**
**Blended Rate:**        **$977.43**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 14.60 | $15,207.00 |
| Case Administration | 8.40 | $ 3,600.50 |
| Claims Admin./Objections | 0.10 | $      99.50 |
| Compensation of Professional | 28.60 | $23,378.00 |
| Compensation of Prof./Others | 5.90 | $ 5,103.50 |
| General Creditors Comm. | 34.70 | $22,084.00 |
| Hearings | 2.40 | $ 2,544.00 |
| Insurance Coverage | 0.90 | $ 1,345.50 |
| Mediation | 0.30 | $    478.50 |
| Plan & Disclosure Statement | 78.90 | $97,014.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[6] | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $      4.87 |
| Express Mail | Federal Express | $    110.41 |
| Outside Services | Zoom | $10,573.00 |
| Court Research | Pacer | $    153.80 |
| Postage | US Mail | $      0.53 |
| Reproduction Expense | | $      3.60 |
| Reproduction/Scan Copy | | $    274.60 |
| Transcript | Reliable Companies | $ 3,243.95 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  September 28, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**TWENTY-SEVENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE TORT CLAIMANTS' COMMITTEE
<u>FOR THE PERIOD FROM MAY 1, 2022 THROUGH MAY 31, 2022</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), the "Order (I) Approving Procedures for (A) Interim Compensation

and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for

Official Committee Members and (II) Granting Related Relief," signed on or about April 6, 2020

[Docket No. 341] (the "Administrative Order") and the "Order Amending the Order (I)

Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of

Retained Professionals and (B) Expense Reimbursement for Official Committee Members and

(II) Granting Related Relief," signed on or about August 6, 2021 [Docket No. 5899] (the

"Amended Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Tort Claimants' Committee (the "Committee"), hereby submits its

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Twenty-Seventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from May 1, 2022 through May 31, 2022 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $170,855.00 and actual and necessary expenses in the amount of $14,364.76 for a total allowance of $185,219.76 and payment of $136,684.00 (80% of the allowed fees) and reimbursement of $14,364.76 (100% of the allowed expenses) for a total payment of $151,048.76 for the period May 1, 2022 through May 31, 2022 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows.

<u>**Background**</u>

1.      On February 18, 2020 (the "Petition Date"), the Debtors commenced their Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about April 6, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. On or about August 6, 2021, the Court signed the Amended Administrative Order. The Administrative Order, as amended by the Amended Administrative Order, provides, among other

things, that a Professional may submit monthly fee applications.  If no objections are made

within fourteen (14) days after service of the monthly fee application the Debtors are authorized

to pay the Professional eighty percent (80%) of the requested fees and one hundred percent

(100%) of the requested expenses.  Beginning with the period ending April 30, 2020 and at

three-month intervals thereafter, each of the Professionals shall file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period.

All fees and expenses paid are on an interim basis until final allowance by the Court.

4.     The retention of PSZ&J, as counsel to the Tort Claimants' Committee,

was approved effective as of March 4, 2020 by this Court's "Order Authorizing and Approving

the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort

Claimants' Committee Effective as of March 4, 2020," signed on or about April 11, 2020 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for

or on behalf of the Committee.

6.     PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  As set forth in its

employment application, PSZ&J has agreed to contribute ten percent (10%) of the total amount

of fees it bills in these cases to the fund established in these cases to compensate survivors of

sexual abuse.  PSZ&J did not receive a retainer in this matter.

## Fee Statements

7.    The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.    A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Bankruptcy Litigation**

15.    This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a request from the Debtors to consent to an extended preliminary injunction; (2) prepared for and attended a telephonic conference on May 10, 2022 with State Court Counsel regarding preliminary injunction issues; (3) reviewed and analyzed pleadings filed in the Washburn adversary proceeding; (4) reviewed and analyzed issues regarding a reply in support of motion to stay discovery in the Washburn matter; (5) reviewed and analyzed an Insurer objection to a removal extension motion; (6) performed work regarding Agenda Notices and Hearing Binders; (7) reviewed and analyzed discovery issues in the Washburn matter; (8) performed work regarding a joinder in the Washburn matter; (9) reviewed and analyzed a remand motion filed by a claimant; and (10) conferred and corresponded regarding litigation issues.

Fees:  $15,207.00;    Hours:  14.60

**B.    Case Administration**

16.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained document control; and (3) performed work regarding service lists.

Fees:  $3,600.50;    Hours:  8.40

**C.      Claims Admin/Objections**

17.     This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding the Evanston settlement.

Fees:  $99.50;          Hours:  0.10

**D.      Compensation of Professionals**

18.     This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding its December 2021 and January 2022 monthly fee applications; (2) monitored the status and filing of fee applications; (3) attended to payment issues; and (4) corresponded regarding fee issues.

Fees:  $23,378.00;      Hours:  28.60

**E.      Compensation of Professionals--Others**

19.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Pasich, Rock Creek, BRG and Claro fee applications; (2) monitored fee payment issues; and (3) corresponded regarding compensation issues.

Fees:  $5,103.50;       Hours:  5.90

**F.      General Creditors Committee**

20.     This category relates to general creditors committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed deadline issues; (2) reviewed and responded to communications from survivors; (3) reviewed and analyzed messages in the Committee inbox, researched claim information, updated a tracking chart, and

performed work regarding response issues; (4) performed work regarding a list of survivor communications; (5) performed work regarding attorney lists relating to survivor communications received and forwarded emails to counsel regarding lists of client communications; (6) attended to issues regarding an incarcerated claimant; and (7) corresponded and conferred regarding general creditors committee issues.

Fees: $22,084.00;    Hours:  34.70

**G.    Hearings**

21.    This category relates to issues regarding preparing for and attending Court hearings.  During the Interim Period, the Firm, among other things, prepared for and attended a hearing on May 25, 2022 regarding the Washburn matter.

Fees:  $2,544.00;    Hours:  2.40

**H.    Insurance Coverage**

22.    This category relates to insurance coverage issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed ORIC letter of credit issues; (2) reviewed and analyzed issues relating to Old Republic; and (3) conferred regarding insurance issues.

Fees:  $1,345.50;    Hours:  0.90

**I.    Mediation**

23.    This category relates to mediation issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a potential insurance settlement.

Fees:  $478.50;    Hours:  0.30

**J.      Plan and Disclosure Statement**

24.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Plan Effective Date issues; (2) performed work regarding a letter to Liberty; (3) reviewed and analyzed Plan confirmation status issues; (4) reviewed and analyzed Settlement Trust issues; (5) reviewed and analyzed the Plan, Disclosure Statement, and preliminary injunction and drafted a memorandum regarding their impact on Explorer claims; (6) reviewed and analyzed press release issues; (7) reviewed and analyzed issues regarding protected parties; (8) reviewed and analyzed issues regarding Directors and Officers insurance; (9) performed work regarding an outline of open transitional Trust issues; (10) reviewed and responded to survivor inquiries regarding the Plan; (11) reviewed and analyzed issues regarding Settlement Trust insurance coverage; (12) reviewed and analyzed issues regarding third-party releases; (13) reviewed and analyzed Chartered Organization issues; (14) performed work regarding Settlement Trust Advisory Committee issues; (15) reviewed and analyzed issues regarding Youth Protection; (16) reviewed and analyzed the Evanston settlement motion; (17) reviewed and analyzed Plan issues relating to discharge; (18) reviewed and analyzed claims processing issues; (19) reviewed and analyzed issues regarding the Allianz objection; (20) prepared for and attended a telephonic conference on May 18, 2022 with State Court Counsel regarding the scope of the Plan injunction; (21) performed work regarding an outline of plan implementation issues for State Court Counsel; (22) reviewed and analyzed issues regarding Plan Escrow Agreements; (23) prepared for and attended a telephonic conference on May 23,

2022 with Settlement Trust Advisory Committee members regarding plan implementation issues; (24) reviewed and analyzed Century and Local Council escrow agreements; (25) performed work regarding a Settlement Trust Claim Evaluation; and (26) corresponded and conferred regarding Plan issues.

Fees:  $97,014.50;      Hours:  78.90

**Valuation of Services**

25.    Attorneys and paraprofessionals of PSZ&J expended a total 174.80 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00 | 18.40 | $29,348.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,395.00 | 8.00 | $11,160.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $1,345.00 | 5.50 | $ 7,397.50 |
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,325.00 | 2.50 | $ 3,312.50 |
| Debra I. Grassgreen | Partner 1997; Member of FL Bar since 1992; Member of CA Bar since 1994 | $1,295.00 | 14.60 | $18,907.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 0.80 | $ 1,020.00 |
| Linda F. Cantor | Partner 1994; Member of CA Bar since 1991; Member of IL Bar since 1988 | $1,245.00 | 0.80 | $    996.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,145.00 | 3.50 | $ 4,007.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $1,050.00 | 7.00 | $ 7,350.00 |
| Malhar S. Pagay | Partner 2003; Member of CA Bar since 1997 | $ 995.00 | 3.30 | $ 3,283.50 |
| John W. Lucas | Partner 2014; Member of NY Bar since 2004; Member of CA Bar since 2010 | $ 995.00 | 47.50 | $47,262.50 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $ 925.00 | 5.70 | $ 5,272.50 |
| Tavi C. Flanagan | Of Counsel 2018; Member of CA Bar since 1993 | $ 875.00 | 1.50 | $ 1,312.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 850.00 | 15.40 | $13,090.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016; Member of DE Bar since 2022 | $ 725.00 | 2.00 | $ 1,450.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 0.40 | $    184.00 |
| Karina K. Yee | Paralegal 2000 | $ 460.00 | 7.40 | $ 3,404.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 4.80 | $ 2,040.00 |
| Myra Kulick | Other | $ 395.00 | 21.00 | $ 8,295.00 |
| Andrea R. Paul | Case Management Assistant | $ 375.00 | 0.40 | $    150.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 375.00 | 1.30 | $    487.50 |
| Karen S. Neil | Case Management Assistant | $ 375.00 | 3.00 | $ 1,125.00 |

**Grand Total:**     **$170,855.00**
**Total Hours:**          **174.80**
**Blended Rate:**       **$977.43**

26.     The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period

is $170,855.00.

27.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2, the Administrative Order and the Amended Administrative Order, and believes that this Application complies with such Rule and Orders.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order providing that, for the period of May 1, 2022 through May 31, 2022, an interim allowance be made to PSZ&J for compensation in the amount of $170,855.00 and actual and necessary expenses in the amount of $14,364.76 for a total allowance of $185,219.76 and payment of $136,684.00 (80% of the allowed fees) and reimbursement of $14,364.76 (100% of the allowed

expenses) be authorized for a total payment of $151,048.76; and for such other and further relief

as this Court deems proper.

Dated:  September 14, 2022        PACHULSKI STANG ZIEHL & JONES LLP

           */s/ James E. O'Neill*
           Richard M. Pachulski (CA Bar No. 90073)
           Alan J. Kornfeld (CA Bar No. 130063)
           Debra I. Grassgreen (CA Bar 169978)
           Iain A.W. Nasatir (CA Bar No. 148977)
           James E. O'Neill (DE Bar No. 4042)
           919 North Market Street, 17th Floor
           P.O. Box 8705
           Wilmington, DE  19899-8705 (Courier 19801)
           Telephone:  (302) 652-4100
           Facsimile:  (302) 652-4400
           Email:    rpachulski@pszjlaw.com
                     akornfeld@pszjlaw.com
                     dgrassgreen@pszjlaw.com
                     inasatir@pszjlaw.com
                     joneill@pszjlaw.com

           *Counsel for the Tort Claimants' Committee*

## **DECLARATION**

STATE OF DELAWARE          :
                          :
COUNTY OF NEW CASTLE  :

       James E. O'Neill, after being duly sworn according to law, deposes and says:

       a)     I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

       b)     I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Tort Claimants' Committee.

       c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about April 6, 2020, and the Amended Administrative Order signed on or about August 6, 2021, and submit that the Application substantially complies with such Rule and Orders.


       */s/ James E. O'Neill*
       James E. O'Neill