IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 10338, 10339** |

### DEBTORS' PRELIMINARY OBJECTION TO L.W.'S MOTION FOR ENTRY OF ORDER ALLOWING ADMINISTRATIVE CLAIM

Boy Scouts of America (the "BSA") and the Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby preliminarily object (the "Preliminary Objection") to Lonnie Washburn's *Motion for Entry of Order Allowing Administrative Claim* [D.I. 10338] (the "Motion").[2] In support of the Objection, the Debtors respectfully state as follows:

### PRELIMINARY STATEMENT

1. Mr. Washburn has filed a notice of motion seeking allowance of an administrative expense claim but, based upon the Debtors' review, failed to supply any such motion for relief or any grounds that would support an administrative expense claim [D.I. 10338]. Indeed, Mr.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] On September 21, 2022, the day before the deadline to object to the Motion, Debtors' counsel received a purported service copy of the Motion (the "Service Copy"), which was postmarked September 15, 2022, and is attached hereto as **Exhibit A**. The Service Copy appears to be substantially different from the version of the Motion that was docketed by the Court on September 14, 2022. The Debtors contacted Mr. Washburn via email and telephone to inquire about the material discrepancies between the Motion and the Service Copy but have not received a response to date. It is unclear to the Debtors whether Mr. Washburn sent the Service Copy to the Court or to the official committees in these chapter 11 cases as required pursuant to Local Rule 2002-1(b). The Debtors are continuing to review the Service Copy and will file a further response in the appropriate time once the Service Copy is filed with the Court. In the meantime, the Debtors are filing a motion to adjourn the hearing on the Motion concurrently with the filing of this Preliminary Objection.

Washburn has failed to identify: (i) what claim the Motion references, (ii) any factual basis for deeming such claim an administrative expense, and (iii) any legal authority to support his position. Nor could Mr. Washburn satisfy the standard for administrative expense priority status. Mr. Washburn has neither engaged in a postpetition transaction with the Debtors nor provided a benefit to the estates. Accordingly, the Motion should be denied.

## BACKGROUND

2. Because Mr. Washburn attached his adversary complaint to the Motion without context, the status of Mr. Washburn's adversary proceeding is relevant to this Objection. A brief recap of the adversary proceeding is set forth below.

3. On October 4, 2021, Lonnie Washburn commenced an adversary proceeding against the Official Committee of Tort Claimants, the Official Committee of Unsecured Creditors, the Future Claimants' Representative, the BSA, and the Coalition of Abused Scouts for Justice, seeking, among other things, over $5 million in damages related to the claims in his complaint. *See* Complaint, Case No. 21-51177 (Bankr. D. Del. Oct. 4, 2021) [A.D.I. 1].

4. The BSA and other defendants moved to dismiss the adversary proceeding. On March 8, 2022, the BSA filed a Notice of Completion of Briefing on the BSA's motion to dismiss the adversary complaint [A.D.I. 35].

5. On June 6, 2022, the Court entered an Order [A.D.I. 76] staying discovery in the adversary proceeding until thirty days after the entry of an order adjudicating both the BSA's Motion to Dismiss Mr. Washburn's First Amended Complaint [A.D.I. 12] (the "Motion to Dismiss") and Mr. Washburn's motion to supplement his first amended complaint [A.D.I. 31] (the

"Motion to Supplement"). The Motion to Dismiss and the Motion to Supplement remain pending before the Court.

## OBJECTION

**I.   Mr. Washburn Does Not Possess an Administrative Claim.**

6.   Mr. Washburn does not, and could not, have an administrative expense claim against the Debtors' estates, and any request for an administrative expense claim should be denied. Administrative expense claims are allowable under section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and are defined to include "the actual necessary costs and expenses of preserving the estate." 11 U.S.C. §503(b)(1).[3] For a request to be allowed under section 503(b), the applicant must prove that "(1) there was a 'post-petition transaction between the claimant and the estate,' and (2) those expenses yielded a 'benefit to the estate.'" *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (quoting *In re Women First*, 332 B.R.115, 121 (Bankr. D. Del. 2005)). The claimant carries a "heavy burden" that such expenses qualify as administrative claims. *Goody's Family Clothing*, 610 F.3d 812, 818 (3d Cir. 2010). Mr. Washburn has not carried that burden.

7.   First, Mr. Washburn has not set forth in the Motion the claim he believes is entitled to administrative expense priority status. Assuming Mr. Washburn believes the claims in his adversary proceeding are entitled to administrative expense priority, Mr. Washburn has failed to demonstrate that the claims arose from a postpetition transaction between the Debtors and himself. Rather, the claims in the adversary proceeding are for civil conspiracy, breach of fiduciary duty,

---

[3]   Based on a plain reading of section 503(b) of the Bankruptcy Code, Mr. Washburn cannot satisfy any of the other grounds for an administrative expense claim.

and unfair discrimination. None of Mr. Washburn's alleged tort claims give rise to an administrative expense claim.

8. In any event, the Motion requires the Debtors to speculate as to the underlying claim. This is not the Debtors' responsibility. Mr. Washburn bears the burden of establishing a postpetition transaction between himself and the Debtors, which he cannot possibly do without explaining what the alleged expenses are and how they arose. Mr. Washburn has therefore failed to prove the first element of administrative expense priority.

9. Second, Mr. Washburn has not proven that his expenses have provided a benefit to the estates. To satisfy this second element, any benefit to the estates must be actual, not hypothetical. *See In re Cont'l Airlines, Inc.*, 146 B.R. 520, 526 (Bankr. D. Del. 1992); *see also In re Energy Future Holdings*, 990 F.3d at 742 (noting that the benefit must be real for the claim to receive priority status). The question is "not whether [the creditor] deserves to get paid, but whether [he] deserves to get paid at the expense of [the debtor's] existing unsecured creditors." *See In re Energy Future Holdings*, 990 F.3d at 742 (quoting *Nabors Offshore Corp. v. Whistler Energy II, LLC (In re Whistler Energy II, LLC)*, 931 F.3d 431, 441 (5th Cir. 2019)). The focus is thus on the "benefit to the estate, not the loss to the creditor." *Id.* For example, courts have found a necessary benefit to the debtor in the context of real property leasehold interests, medical expenses for employees, and the provision of postpetition utility services—all examples of expenses which support the debtor's orderly administration of its bankruptcy estate. *Id.*

10. Mr. Washburn has failed to provide any factual support or legal authority to warrant his request for an administrative expense claim. Indeed, he cannot, because he has provided no benefit to the Debtors' estates. Mr. Washburn has not indicated that any expense he has incurred during these cases support the Debtors' orderly administration of their estates. To the contrary,

4

Mr. Washburn's persistent litigation against the estates, including numerous filings, has cost the estates significant resources. Mr. Washburn cannot commence an adversary proceeding against the Debtors' estates for his own benefit and then claim priority at the expense of other creditors. Simply stated, Mr. Washburn has not incurred any expense for the benefit of the Debtors' estates, and the Motion should thus be denied.

## II. Mr. Washburn Is Seeking Consideration of a Fully Briefed Issue.

11. The Motion is a request for an administrative expense claim in title only. Mr. Washburn does not specify his basis for an administrative expense claim or the amount of such alleged claim, and offers no support for the relief requested. Given the complete lack of support, it is unclear if Mr. Washburn is in fact seeking an administrative expense claim. Mr. Washburn has attached only a copy of his adversary complaint [A.D.I. 1] (the "Complaint") in support of the Motion. To the extent Mr. Washburn is requesting the Court consider the Complaint, the Motion should be denied.

12. Motions to dismiss the Complaint have been fully briefed in the adversary proceeding and are pending before the Court. *See* Notice of Completion of Briefing [A.D.I. 35]. Any further briefing on the issues at this time would therefore be inappropriate. Moreover, Mr. Washburn cannot unilaterally transfer adjudication of the Complaint from the adversary proceeding into the main bankruptcy case while the Motion to Dismiss and the Motion to Supplement are pending. *See, e.g.*, *In re La. World Exposition, Inc.*, 832 F.2d 1391, 1395–96 (5th Cir. 1987) (considering an adversary proceeding and a main bankruptcy case to be separate judicial units); *In re G.L.A.D. Enterps., LLC*, 2020 WL 2813071, at *4 (D. Conn. May 29, 2020) (treating the main bankruptcy case and an adversary proceeding as distinct for purposes of appeal) (citing *In re Dorsey*, 870 F.3d 359 (5th Cir. 2017) ("They have separate docket numbers, separate issues,

and separate parties.")). Thus, to the extent the Motion seeks consideration of the Complaint at this time, the Motion should also be denied.

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request this Court deny the Motion and grant any other or further relief as is just and proper.[4]

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: September 22, 2022<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Sophie Rogers Churchill*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>　　　　aremming@morrisnichols.com<br>　　　　ptopper@morrisnichols.com<br>　　　　srchurchill@morrisnichols.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Jessica C. Lauria (*admitted pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>Michael C. Andolina (*admitted pro hac vice*)<br>Matthew E. Linder (*admitted pro hac vice*)<br>Laura E. Baccash (*admitted pro hac vice*)<br>Blair M. Warner (*admitted pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>　　　　mlinder@whitecase.com<br>　　　　laura.baccash@whitecase.com<br>　　　　blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |

---

[4] The Debtors believe that additional briefing or a hearing on this issue would unnecessarily waste estate resources. As noted above, the Motion fails to identify any basis for the relief apparently requested and lacks legal authority or argument to support any request. The Debtors therefore request that the Court deny the Motion solely on the pleadings.