# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 8719** |

## FEE EXAMINER'S FINAL REPORT REGARDING SIXTH QUARTERLY FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Sixth Quarterly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel to the Tort Claimants' Committee for the Period from May 1, 2021 through July 31, 2021* [Docket No. 8719] (the "Sixth Quarterly Fee Application") filed by Pachulski Stang Ziehl & Jones, LLP (the "Firm").

## BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Sixth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Sixth Quarterly Fee Application, including each of the billing and expense entries listed

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of May 1, 2021 through July 31, 2021, as set forth in the Sixth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $3,925,668.25 as actual, reasonable and necessary fees and for expense reimbursement of $85,968.30.[2]

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals'

---

[2] As discussed further below, this amount reflects a reduction of $3,424.75 agreed to with the Office of the U.S. Trustee in connection with the Firm's May 2021 monthly fee application prior to the filing of the Sixth Quarterly Fee Application.

fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the sixth quarterly fee period the Firm has charged approximately $267,828.50 for fees billed related to the Firm's fee applications and the fee applications of its fellow professionals on a cumulative basis (approximately $184,338.00 of which were on account of the Firm's fee applications). This amounts to approximately 1.8% of total fees, and includes approximately $51,610.50 not previously considered by the Bankruptcy Court on an interim basis. Subject to the agreed reductions set forth herein, Rucki Fee Review considers these fees to be reasonable, necessary and appropriate.

5. Rucki Fee Review considers the staffing breakdown during the sixth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be acceptable. The Firm's blended hourly rate was $720.40 during the sixth quarterly fee period (which is decreased from $973.30 during the first quarterly fee period, $969.91 for the second quarterly fee period, $918.51 for the third quarterly fee period, $923.62 for the fourth quarterly fee period, and $950.77 during the fifth quarterly fee period). This average billable rate is significantly lower than prior quarters do the usage of a substantial number of non-attorneys in connection with a claim review project, and is equivalent to a counsel at the Firm's standard hourly rates. Subject to the agreed reductions set forth herein, Rucki Fee Review also considers the Firm's staffing acceptable separate from this claim review work, which is informed by the fact that the billing rates of the Firm's counsel and many partners are less than that of senior associates at many firms with

comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners by the Firm. Although Rucki Fee Review considers the Firm's staffing to be appropriate separate and apart from its fee sharing, Rucki Fee Review notes that the Firm's staffing rates are made further appropriate by the fact that the Firm has agreed to donate 10% of the Firm's fees to any fund established for the benefit of survivors in these chapter 11 cases, which as to some estate constituents (but not all) is akin to a 10% reduction off the Firm's hourly rates.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 55 professionals or paraprofessionals to perform its work during the sixth quarterly fee period (increased from 28 during the first quarterly fee period, 38 during the second quarterly fee period, 40 during the third quarterly fee period, 33 during the fourth quarterly fee period, and 44 during the fifth quarterly fee period), 16 of whom billed fewer than 15 hours during the sixth quarterly fee period. Of these 55 persons, 32 were non-attorneys/paraprofessionals (the majority of whom worked on the aforementioned claim review project), including nine of the 16 billing fewer than 15 hours during the sixth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review and subject to the agreed reductions set forth herein does not object to the utilization of these persons other than to request the waiver of the 0.7 hours and $647.50 in fees billed by one professional and the 0.2 hours and $215.00 in fees billed by another professional, which fees the Firm agreed to waive in compromise of Rucki Fee Review's request.

7. Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for sixth quarterly fee period, which is a factor Rucki Fee Review considers in evaluating the staffing and total fees on this matter. The Firm was under its budget for the sixth quarterly fee period by approximately 10.6%. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified certain entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $10,000.00 on account of these entries in compromise of

Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event. Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers administrative in nature, and the Firm agreed to a fee reduction of $619.50 on account of these fees in compromise of Rucki Fee Review's request.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $18,154.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review has identified a number of entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no fee reduction is necessary on account of these entries.

13. Rucki Fee Review identified certain entries that appeared to be inadvertently billed to these chapter 11 cases in error. After discussion with the Firm, the Firm has agreed to a fee reduction of $678.50 on account of these entries.

14. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $31,373.00 on account of these entries in compromise of Rucki Fee Review's request.

15. With respect to the Firm's expense reimbursement requests, Rucki Fee Review notes that it generally considers the cost of meals in excess of the following guidelines, per person, to be unreasonable: $25/breakfast, $35/lunch and $55/dinner, for Wilmington and all other U.S. locations, except for New York City and London, $35/breakfast, $55/lunch and $70/dinner; for Washington DC, Chicago, Los Angeles and San Francisco, $30/breakfast, $45/lunch and $65/dinner. With respect to hotel charges, Rucki Fee Review generally considers room charges (inclusive of taxes) in excess of the following rates to be excessive absent satisfactory explanation from an applicant of the justification for exceeding such charges: $375/Wilmington and Los Angeles; $525/New York City; $450/Boston; $400/Washington, DC, and London; $325/Philadelphia, Pittsburgh, Chicago, and San Francisco; $275/Baltimore, Miami, and Denver; $225 for all other U.S. locations.

16. Rucki Fee Review identified certain lodging charges that do not comply with the foregoing limitations, and also requested additional information and/or reductions as to certain other charges. An expense reduction of $3,424.75 was agreed to with the Office of the U.S. Trustee in connection with the Firm's May 2021 monthly fee application prior to the filing of the Sixth Quarterly Fee Application on account of all but one of these lodging charges that exceeded the foregoing limitations. In addition to this reduction, after receipt of additional information from the Firm, Rucki Fee Review requested an additional expense reduction of $1,156.33 and the Firm agreed to this reduction in compromise of Rucki Fee Review's request. Rucki Fee Review considers the balance of the Firm's expense reimbursement requests to comply with the limitations of the Local Rules and to be reasonable, necessary and appropriate.

17. After accounting for the agreed fee reductions of $64,688.00 and expense reductions of $1,156.33 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Sixth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

18. Rucki Fee Review recommends the approval of the Sixth Quarterly Fee Application in the amount of $3,860,980.25 with respect to fees and the reimbursement of expenses in the amount of $84,811.97, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Sixth Quarterly Fee Application.

Dated: October 20, 2022  Respectfully submitted,
Wilmington, Delaware

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC