IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 10584 |

**ORDER GRANTING MOTION OF ANGIE GARCIA FOR RELIEF
FROM THE AUTOMATIC STAY AND/OR DISCHARGE INJUNCTION**

Upon consideration of the *Motion of Angie Garcia for Relief from the Automatic Stay and/or Discharge Injunction* (the "Motion"),[2] and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED that:

A.　　On September 8, 2022, the Court entered the *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10316], which confirmed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10296] (the "Plan").

B.　　The Plan provides, in pertinent part, that notwithstanding the terms of the Discharge Injunction of Article X.E.2 thereof, on and after the Effective Date, "a court of competent jurisdiction [may] award a non-consent judgment that is not a default judgment in the underlying lawsuit on a Non-Abuse Litigation Claim," Plan Art. IV.D.3, and parties may "enter into any post-

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used herein but not otherwise defined shall retain the meaning ascribed to them in the Motion.

{00033999. }

Effective Date settlement of a Non-Abuse Litigation Claim," subject to the terms of Article IV.D.3 of the Plan.

C. The Effective Date has not occurred.

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by 11 U.S.C § 362(a) is hereby modified as to Movant for the limited purpose of permitting Movant to proceed with the prosecution of the Personal Injury Action to a final judgment or a settlement (including, without limitation, taking and compelling discovery, mediation and settlement discussions). Prior to the Effective Date, Movant may recover against available insurance in accordance with applicable law without further order of the Court, but for the avoidance of doubt, any potential recovery with respect to Old Republic Insurance Company will be subject to the terms of the *Order Granting Old Republic Insurance Company's Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Permit Payments of Claims Against Non-Debtor Insured Parties and Related Defense Costs Under Insurance Policies* [Docket No. 985].

3. For clarity and the avoidance of doubt, on and after the Effective Date, the terms of the Plan permit Movant to proceed with the prosecution of the Personal Injury Action to a final judgment or a settlement (including, without limitation, taking and compelling discovery, mediation and settlement discussions) and to collect any judgment against applicable insurance. After the Effective Date, Movant may recover against any available insurance in accordance with the Plan and applicable law. Any Non-Abuse Litigation Claim (as defined in the Plan) that is not satisfied from the proceeds of applicable insurance shall be treated in accordance with the terms of the Plan, or if the Effective Date does not occur, in accordance with applicable bankruptcy law.

4. Except as otherwise expressly stated herein, nothing in this Order shall be deemed to impair the Movant's claims or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to Movant's claims; (ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations.

5. Nothing in this Order prejudices the right of any party to move to reinstate the stay or to seek additional relief from the stay.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted by this Order.

7. For the avoidance of doubt, the relief granted to Movant in this Order shall also be granted to her daughter, Emely Santos.

8. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is deemed not applicable.

9. This Court shall retain jurisdiction with respect to any matters arising from or related to the interpretation and implementation of this Order.

**Dated: November 4th, 2022**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

{00033999. }                                   3