**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br><u>Hearing Date</u>: January 19, 2023 at 10:00 a.m. (ET)<br><u>Response Deadline</u>: January 10, 2023 at 4:00 p.m. (ET) |

**DEBTORS' SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN
(I) MISCLASSIFIED, REDUCE AND ALLOW CLAIM AND
(II) REDUCE AND ALLOW CLAIM (NON-ABUSE CLAIMS)**

> **\*\*\***
> **TO THE CLAIMANTS LISTED ON <u>SCHEDULE 1</u> AND <u>SCHEDULE 2</u> ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> AND/OR <u>SCHEDULE 2</u> TO THE PROPOSED ORDER AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON <u>SCHEDULE 1</u> AND <u>SCHEDULE 2</u> TO THE PROPOSED ORDER TO THE EXTENT APPLICABLE.**
> **\*\*\***

Boy Scouts of America (the "<u>BSA</u>") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), hereby file this omnibus objection (this "<u>Objection</u>") and respectfully state as follows:

**RELIEF REQUESTED**

1. By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), reclassifying and reducing and allowing, as applicable: (i) the misclassified, reduce and allow claim identified on **Schedule 1** thereto (the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

"Misclassified. Reduce and Allow Claim") and (ii) the reduce and allow claim identified on **Schedule 2** thereto (the "Reduce and Allow Claim" and, together with the Misclassified, Reduce and Allow Claim, the "Disputed Claims"). In support of this Objection, the Debtors submit the *Declaration of Stephanie Phillips in Support of Debtors' Sixth Omnibus (Substantive) Objection to Certain (I) Misclassified, Reduce and Allow Claim and (II) Reduce and Allow Claim (Non-Abuse Claims)* (the "Phillips Declaration"), annexed hereto as **Exhibit B**.

## STATUS OF THE CASES AND JURISDICTION

2. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## GENERAL BACKGROUND

4. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"), and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11

cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

6. On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants' Representative") as the representative of future claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. On September 8, 2022 the Court entered an order [Docket No. 10316] (the "Confirmation Order") confirming the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10296] (the "Plan"). The effective date of the Plan has not yet occurred.

8. Additional information regarding the Debtors' non-profit operations, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and Day Pleadings* [Docket No. 16] and the *Debtors' Informational Brief* [Docket No. 4].

## CLAIMS PROCESS

9. On the Petition Date, the Debtors filed a motion to establish bar dates in these chapter 11 cases and approve procedures to provide notice of the bar dates to all claimants, including survivors of abuse [Docket No. 18]. On April 8, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket No. 375–378] (collectively, the "Schedules").

10. On May 26, 2020, the Court entered the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Survivors, and (IV) Approving Confidentiality Procedures for Survivors* [Docket No. 695] (the "Bar Date Order").[2]

11. The Bar Date Order established, among other things: (i) November 16, 2020, at 5:00 p.m. (Eastern Time) as the deadline by which all persons or entities must file proofs of claim in these chapter 11 cases except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) and Sexual Abuse Survivors (the "General Bar Date"), (ii) August 17, 2020, at 5:00 p.m. (Eastern Time) as the deadline for governmental units to file proofs of claim in these chapter 11 cases (the "Governmental Bar Date"), and (iii) November 16, 2020, at 5:00 p.m. (Eastern Time) as the deadline by which Sexual Abuse Survivors must file Sexual Abuse Survivor Proofs of Claim (the "Abuse Claims Bar Date").

12. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors. From June 10, 2020, to June 19, 2020, Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, mailed the Bar Date Notice and proofs of claim to, among others, all known holders of potential claims and their counsel (if known) and provided email notice to the same [Docket No. 1112]. On June 15, 2020, the Debtors published notice of the Bar Dates in *USA Today*, *The Wall Street Journal*, and *The New York Times* [Docket No. 854]. In addition, and as described more

---

[2] Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

fully in the Supplemental Notice Plan, the *Declaration of Shannon R. Wheatman, Ph. D in Support of Procedures for Providing Direct Notice and Supplemental Notice Plan to Provide Notice of Bar Date to Abuse Survivors*, and the declaration describing the implementation of the Supplemental Notice Plan [Docket Nos. 556, 557, 1758], through the execution of the Supplemental Notice Plan, the Debtors reached an estimated 95.8% of men 50 years of age or older through a variety of media sources to provide notice of the Abuse Claims Bar Date.

13. More than 100,000 General Proofs of Claim and Sexual Abuse Survivor Proofs of Claim have been filed in these chapter 11 cases. The Debtors, with the assistance of their advisors, have been reviewing and reconciling Proofs of Claim, including any supporting documentation attached thereto, and reconciling the Proofs of Claim with the Debtors' Schedules and books and records to determine the validity of the asserted claims. While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be disallowed or modified for one or more reasons set forth herein. Accordingly, the Debtors file this Objection seeking the relief requested herein.[3]

## BASIS FOR RELIEF

14. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

15. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a

---

[3] Prior to the date of filing hereof, the Debtors filed two notices of satisfaction [Docket Nos. 2021, 6645] and five omnibus claims objections [Docket Nos. 2019, 2020, 6642, 6643, 6644]. The Court entered five orders with respect to these objections [Docket Nos. 2323, 2686, 7687, 7688, 7699] and subsequently entered a corrected order with respect to the fifth omnibus claims objection [Docket No. 10771]. Contemporaneously herewith, the Debtors have filed the *Debtors' Third Notice of Satisfaction (Non-Abuse Claims)* and the *Debtors' Seventh Omnibus (Non-Substantive) Objection to Certain Amended and Superseded Claims (Non-Abuse Claims)*.

5

proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. at 173–74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

### A. Misclassified, Reduce and Allow Claim[4]

16. As set forth in the Phillips Declaration, based upon a review and analysis of the Misclassified, Reduce and Allow Claim listed on **Schedule 1** to the Proposed Order and the Debtors' books and records, the Debtors have determined that the Misclassified, Reduce and Allow Claim was filed incorrectly as a priority claim in an overstated mount.

17. The Misclassified, Reduce and Allow Claim asserts a portion of the claim as entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code for wages, commission, or salaries earned within 180 days before the Petition Date. Based on a review of the Misclassified, Reduce and Allow Claim and the Debtors' books and records, the Debtors believe that such claim is not entitled to the asserted priority under the Bankruptcy Code. As set forth on **Schedule 1** to the Proposed Order and in the Phillips Declaration, the statutory basis for priority status under section 507(a)(4) is not applicable to the Misclassified, Reduce and Allow Claim, which is related

---

[4] Local Rule 3007-1(e)(iii)(B) provides that "[e]ach exhibit shall contain only those claims to which there is one common basis for objection" and Local Rule 3007-1(e)(iii)(C) provides that "[a] claim for which there are two or more bases for objection . . . shall be referenced on each applicable exhibit." Out of an abundance of caution, and to the extent applicable to the Misclassified, Reduce and Allow Claim, the Debtors respectfully request a waiver of Local Rules 3007-1(e)(iii)(B) and (C).

to embroidered patches (i.e., sale of goods). Failure to reclassify the Misclassified, Reduce and Allow Claim will result in the creditor receiving an improper recovery on account of the Misclassified, Reduce and Allow Claim to the detriment of other similarly situated creditors.

18. Further, in evaluating the Misclassified, Reduce and Allow Claim, the Debtors reviewed their books and records, the Misclassified, Reduce and Allow Claim, and the related supporting documentation provided by the claimant and have determined that the amount of the Misclassified, Reduce and Allow Claim is greater than the Debtors' outstanding liability to the claimant. As set forth in greater detail on **Schedule 1** and the Phillips Declaration, the Debtors have already paid two of the six invoices provided in support of the claim, and as such the amount of the Misclassified, Reduce and Allow Claim is greater than the Debtors' outstanding liability to the claimant.

19. Therefore, the Debtors (a) object to the Misclassified, Reduce and Allow Claim listed on **Schedule 1** to the Proposed Order and (b) request that such Misclassified, Reduce and Allow Claim be reclassified and reduced as set forth on **Schedule 1**.

**B.  Reduce and Allow Claim**

20. The Debtors object to the Reduce and Allow Claim identified on **Schedule 2** to the Proposed Order pursuant to section 502(b)(1) of the Bankruptcy Code because the Reduce and Allow Claim was filed in an amount that differs from and is greater than the current and outstanding liability on account of such claim as reflected in the Debtors' books and records.

21. As set forth in the Phillips Declaration and **Schedule 2** to the Proposed Order, based upon a review and analysis of the Reduce and Allow Claim and the Debtors' books and records, the Debtors have determined that the Reduce and Allow claim listed on **Schedule 2** to the Proposed Order was filed in an overstated amount for two reasons: (a) the Debtors have paid in full certain

of the invoices for which the Reduce and Allow Claim is asserted,[5] and (b) the Debtors have identified invoice numbers for which no supporting documentation has been provided by the claimant such that these portions of the Reduce and Allow Claim may be validated and which are addressed in this Objection.

22. In evaluating the Reduce and Allow Claim, the Debtors have reviewed the Debtors' books and records, the Reduce and Allow Claim, and the related supporting documentation provided by the claimant. Specifically, the Debtors have identified discrepancies between the Debtors' books and records and the list of invoices and supporting documentation submitted by the claimant in support of the Reduce and Allow Claim. In particular, for 39 of the 99 listed invoice numbers, such invoice numbers are not reflected in the Debtors' books and records and cannot be verified by the Debtors after communication with the claimant. The Debtors have contacted the claimant on multiple occasions, including most recently on December 14, 2022, to request copies of these invoices or additional information regarding these invoice numbers and amounts listed in the claim. While the Debtors received supporting documentation in the form of invoices related to four of the invoice numbers listed, the Debtors did not receive invoices for 39 of the listed invoice numbers, which are identified on **Schedule 2**, or other documentation that would support the amounts asserted as owed by the claimant, barring the Debtors from being able to validate these amounts.

23. Accordingly, the Debtors submit that the Reduce and Allow Claim should be modified by reducing the asserted amount to the amount listed under the heading labeled "Modified" on **Schedule 2**. Failure to modify the Reduce and Allow Claim to comport with the

---

[5] As reflected on Exhibit B to the *Debtors' Third Notice of Satisfaction (Non-Abuse Claims)*, filed concurrently herewith, the Debtors have paid in full 58 of the 99 invoices listed on the Reduce and Allow Claim.

liability actually reflected in the Debtors' books and records will result in the creditor receiving an improper or excessive recovery on account of the claim to the detriment of other similarly situated creditors.

24. Therefore, the Debtors (a) object to the Reduce and Allow Claim and (b) request that the Reduce and Allow Claim be reduced to and allowed in the amount listed in the column titled "Modified" as set forth on **Schedule 2** to the Proposed Order.

## **RESPONSES TO THIS OBJECTION**

25. Filing and Service of Responses: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (Eastern Time) on January 10, 2023 (the "Response Deadline"). Claimants should locate their names and Disputed Claims on **Schedule 1** and **Schedule 2** to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Debtors object to a particular Disputed Claim. A hearing to consider the Debtors' Objection, if necessary, will be held on January 19, 2023 at 10:00 a.m. (Eastern Time), before the Honorable Laurie Selber Silverstein, Chief Judge of The United States Bankruptcy Court for the District of Delaware(the "Hearing").

26. Each Response must be filed with Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware, 19801 and served upon the following entities via email:

| **WHITE & CASE LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
|---|---|
| Jessica C. Lauria | Derek C. Abbott |
| 1221 Avenue of the Americas | Andrew R. Remming |
| New York, NY 10020 | Paige N. Topper |
| jessica.lauria@whitecase.com | Tori L. Remington |
| | 1201 North Market Street, 16th Floor |
| Michael C. Andolina | Wilmington, DE 19801 |
| Matthew E. Linder | dabbott@morrisnichols.com |
| Laura E. Baccash | aremming@morrisnichols.com |
| Blair M. Warner | ptopper@morrisnichols.com |
| 111 South Wacker Drive | tremington@morrisnichols.com |
| Chicago, IL 60606 | |
| mandolina@whitecase.com | |
| mlinder@whitecase.com | |
| laura.baccash@whitecase.com | |
| blair.warner@whitecase.com | |

27. Content of Responses: Each Response to this Objection must, at a minimum, contain the following information:

  i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

  ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

  iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

  iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and

  v. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

28. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on January 19, 2023 at 10:00 a.m. (Eastern Time), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

29. <u>Adjournment of Hearing</u>: The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the Claimant in its Response.

30. If a claimant fails to timely file a Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Disputed Claims without further notice to the claimant or a hearing.

31. <u>Separate Contested Matter</u>: The objection by the Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**RESERVATION OF RIGHTS**

32. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed

Claims or any other proofs of claim on any other grounds that the Debtors discover or elect to pursue.

33. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

34. Nothing in this Objection, Order or the Phillips Declaration shall be deemed or construed: (a) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (b) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (c) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (d) as an admission that any obligation is entitled to administrative priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## COMPLIANCE WITH LOCAL RULE 3007-1

35. To the best of the Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believe such deviations are not material and respectfully request that any such requirement be waived, as set forth above.

## NOTICE

36. Notice of this Objection will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Tort Claimants' Committee; (iii) counsel to the Creditors' Committee; (iv) counsel to the Future Claimants' Representative; (v) counsel to the Ad Hoc Committee of Local Councils; (vi) counsel to JPMorgan Chase Bank National

Association; (vii) the County Commission of Fayette County (West Virginia), as issuer of those certain Commercial Development Revenue Bonds (Arrow WV Project), Series 2010A, 2010B and 2012; (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (ix) each of the claimants listed on **Schedule 1** and **Schedule 2** to the Proposed Order. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: December 20, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Tori L. Remington*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>    aremming@morrisnichols.com<br>    ptopper@morrisnichols.com<br>    tremington@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice)*<br>Blair M. Warner (admitted *pro hac vice)*<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>    mlinder@whitecase.com<br>    laura.baccash@whitecase.com<br>    blair.warner@whitecase.com<br><br>*Attorneys for the Debtors and Debtors in Possession* |