IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Ref. Docket No. 9820 |

**FEE EXAMINER'S FINAL REPORT REGARDING EIGHTH QUARTERLY
FEE APPLICATION OF MORRIS, NICHOLS ARSHT & TUNNELL LLP**

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Eighth Interim Fee Application of Morris, Nichols, Arsht & Tunnell LLP, as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession, for Allowance of Monthly Compensation and for Monthly Reimbursement of All Actual and Necessary Expenses Incurred for the Period November 1, 2021, through January 31, 2022* [Docket No. 9820] (the "Eighth Quarterly Fee Application") filed by Morris, Nichols, Arsht & Tunnell LLP (the "Firm").

**BACKGROUND**

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Eighth Quarterly Fee Application consistent with its appointment order,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in the Eighth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order. Rucki Fee Review also reviewed for a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Attorney Large Case Guidelines").

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of November 1, 2021 through January 31, 2022, as set forth in the Eighth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $1,558,728.50 as actual, reasonable and necessary fees and for expense reimbursement of $38,145.36.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals'

fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the eighth quarterly fee period the Firm has charged approximately $316,930.00 for fees billed related to the Firm's fee applications and the fee applications of other debtor professionals on a cumulative basis. This includes approximately $66,262.50 not previously considered by the Bankruptcy Court on an interim basis. This cumulative total amounts to approximately 6.8% of cumulative total fees. Subject to the agreed reductions set forth herein, Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate. Only roughly 40% of these incremental fees are for the Firm's fee applications, and the Firm necessarily must file the fee applications and related items (such as CNOs and COCs) of the other debtor professionals, which account for a greater percentage of the Firm's cumulative work given its limited role in these chapter 11 cases as Delaware counsel and the number of debtor professionals in these large and complex cases.

5. Rucki Fee Review considers the staffing breakdown during the eighth quarterly fee period (percentage of hours billed by partners, counsel, associates and paraprofessionals respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $613.89 (which compares to $587.55 during the first quarterly fee period, $522.38 during the second quarterly fee period, $528.99 during the third quarterly fee period, $499.43 during the fourth quarterly fee period, $607.30 during the fifth quarterly fee period, $667.99 during the sixth quarterly fee period, and $578.03 during the seventh quarterly fee period). This

is equivalent to a senior mid-level associate at the Firm's current hourly rates (which rates were subject to an annual periodic adjustment in January 2022, and which increased rates Rucki Fee Review considers reasonable). Moreover, the billing rates of the Firm's counsel and certain partners are less than that of associates at many firms with comparable chapter 11 experience, allowing for a heavier utilization of counsel and partners, and for this reason Rucki Fee Review does not consider the fact that a small amount of research was done by partners to be objectionable.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 36 professionals or paraprofessionals to perform its work during the eighth quarterly fee period, 17 of whom billed fewer than 15 hours during the eighth quarterly fee period. This overall total is an increase from 23 during the first quarterly fee period, 16 during the second quarterly fee period, 15 during the third quarterly fee period, 11 during the fourth and fifth quarterly fee periods, 19 during the sixth quarterly fee period and unchanged from 36 during the seventh quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case. Subject to the agreed reductions set forth herein, Rucki Fee Review considers the utilization of these persons be appropriate other than to request a waiver of the time and fees of four of these persons in the aggregate amount of $2,141.00 (0.2 hours and $170.00 in fees; 1.3 hours and $1,279.00 in fees; 0.5 hours and $429.50 in fees; and 0.5 hours and $262.50 in fees).

7. With respect to the Firm's overall staffing, Rucki Fee Review notes that it is customary in cases before the Bankruptcy Court for a "reasonable effort" to comply with the Attorney Large Case Guidelines to include preparation of a budget and staffing plan for each

applicable law firm agreed to by the client (debtor or committee). Here, the Firm did prepare a prospective budget and staffing plan for the eighth quarterly fee period and according to the budget filed by the Firm with the Eighth Quarterly Fee Application the Firm's budgeted fees were $1,500,000.00, meaning the Firm's actual fees were approximately 3.9% above the Firm's budgeted fees. The Eighth Quarterly Fee Application states the fees were higher than budgeted "due to the numerous contested matters and court hearings during the Application Period, as well as Morris Nichols' involvement in the confirmation discovery process." Like the prior quarterly fee period, the Firm was called upon to utilize a team of dedicated document reviewers to assist with producing/reviewing documents related to confirmation discovery, which was the dominant factor in the number of personnel utilized by the Firm. Further to the staffing size of the Firm, ten of the Firm's 36 persons utilized were paraprofessionals or e-discovery personnel, and several of these paraprofessionals billed small amounts of time in connection with filings, as the Firm utilizes the first available paralegal to file pleadings in many instances, rather than always having a single dedicated paraprofessional making all case filings. Further to the Firm's statement regarding the budget overage being caused by a greater than anticipated number of contested matters and court hearings during the eighth quarterly fee period, Rucki Fee Review acknowledges that there were a significant number of hearings related to discovery disputes, voting issues and related confirmation disputes, including some that were not foreseeable, and that the Firm's role as Delaware counsel for the debtors obliged the Firm to prepare agendas, prepare hearing binders, and perform related work on account of these matters, as well as attend such hearings and provide advice related to the same. Accounting for all of the foregoing and subject to the agreed reductions

set forth herein, Rucki Fee Review considers the Firm's work to be well-coordinated within the Firm and with its fellow professionals.

8. Local Rule 2016-2 provides in section (d) that all fee applications shall include complete and detailed activity descriptions; each activity description shall include the type of activity, each activity description shall include the participants to the activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the bankruptcy court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary and shall include a time allotment billed in tenths of an hour and not be "lumped" with other entries. Notwithstanding the Local Rule, and consistent with the practice of certain of the Bankruptcy Court's Judges, Rucki Fee Review does not object to "lumping" where a single timekeeper bills less than 0.5 hours during an entire day in the aggregate (not multiple lumped 0.5 entries).

9. Rucki Fee Review identified certain entries that it considers lumped or otherwise not fully compliant with the Local Rules for reasons such as not identifying the counterparties to e-mail discussions, which is not an uncommon practice. After conferral with the Firm, the Firm has agreed to a reduction of $800.00 on account of these entries in compromise of Rucki Fee Review's request. For its remaining future fee applications, as with all other firms, Rucki Fee Review has requested the Firm minimize the number of entries that employ phrasing such as "attention to" and "coordinate" which sometimes are vague as to what work was performed (*i.e.*, drafting, reviewing, conferencing, etc.). Rucki Fee Review further requested that preparation time be separately billed from other activity, such as attending calls or hearings, and that the work done to prepare be specified wherever preparation time exceeds 2.0 hours in the aggregate for a given hearing or other event.

Likewise, Rucki Fee Review requested the Firm ensure all e-mail correspondence and conferences identify the counterparties to the same.

10. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers administrative in nature, and the Firm agreed to a fee reduction of $1,638.00 on account of these fees in compromise of Rucki Fee Review's request.

11. Rucki Fee Review identified certain conferences, telephone calls or other matters that were billed inconsistently by the respective professionals, and/or conferences where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges that the latter can result from a professional intentionally or inadvertently not billing for a conference that actually occurred, or otherwise not being billed. After discussion with the Firm, the Firm has agreed to a reduction of $7,188.50 on account of these entries, representing the full amount of the difference in the non-matching entries and no reduction for the entries without a corresponding entry, which Rucki Fee Review considers an appropriate compromise.

12. Rucki Fee Review identified one entry that was inadvertently billed to these chapter 11 cases in error, and the Firm has agreed to waive these $1,553.50 in fees in compromise of Rucki Fee Review's request.

13. Rucki Fee Review has identified certain entries where the various subentries did not total the time stated for the entry. In some cases, these underbilled; in other cases, they overbilled. In the aggregate, these entries amounted to a slight underbilling, so no fee reduction is necessary on account of these entries.

14. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm, the Firm has agreed to a reduction of $13,410.50 on account of these entries in compromise of Rucki Fee Review's request.

15. With respect to the Firm's expense reimbursement requests, Rucki Fee Review requested additional information regarding certain charges and after receipt of the same reached agreement with the Firm on an expense reduction of $576.84 in compromise of Rucki Fee Review's request. Rucki Fee Review considers the balance of the Firm's expenses to be compliant with the Local Rules and to be reasonable, necessary and appropriate as sought in the Eighth Quarterly Fee Application.

16. After accounting for the agreed fee reductions of $26,731.50 and expense reductions of $576.84 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Eighth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

**CONCLUSION**

17. Rucki Fee Review recommends the approval of the Eighth Quarterly Fee Application in the amount of $1,531,997.00 with respect to fees and the reimbursement of expenses in the amount of $37,568.52, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Eighth Quarterly Fee Application.

Dated: January 27, 2023  
Wilmington, Delaware

Respectfully submitted,

**RUCKI FEE REVIEW, LLC**
**FEE EXAMINER**

By: */s/ Justin H. Rucki*
    Justin H. Rucki
    President of Rucki Fee Review, LLC