**Exhibit C**

**Whittman Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BRIAN WHITTMAN IN SUPPORT OF THE JOINT MOTION OF THE DEBTORS, OFFICIAL COMMITTEE OF TORT CLAIMANTS, FUTURE CLAIMANTS' REPRESENTATIVE, AND COALITION OF ABUSED SCOUTS FOR JUSTICE, PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B), FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ADVANCE FUNDING TO FACILITATE THE ESTABLISHMENT OF THE SETTLEMENT TRUST, (II) AUTHORIZING THE PSZJ FIRM TO ADVANCE FUNDING UNDER THE PSZJ CONTRIBUTION TO FACILITATE THE ESTABLISHMENT OF THE SETTLEMENT TRUST, (III) AUTHORIZING THE FUTURE SETTLEMENT TRUSTEE AND CLAIMS ADMINISTRATORS TO BEGIN PREPARATORY WORK, AND (IV) GRANTING RELATED RELIEF**

I, Brian Whittman, being duly sworn, state the following under penalty of perjury:

1. I am over twenty-one (21) years of age and fully competent to make this declaration in support of the *Joint Motion of the Debtors, Official Committee of Tort Claimants, Future Claimants' Representative, and Coalition of Abuse Scouts for Justice, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, for Entry of an Order (I) Authorizing the Debtors to Advance Funding to Facilitate the Establishment of the Settlement Trust, (II) Authorizing the Future Settlement Trustee and Claims Administrators to Begin Preparatory Work, and (III) Granting Related Relief* (the "Motion"),[2] which is filed concurrently herewith. I am a Managing Director

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 10296] (the "Plan"), as applicable.

with Alvarez & Marsal North America, LLC ("A&M"), which serves as restructuring advisor to Boy Scouts of America (the "BSA") and Delaware BSA, LLC ("Delaware BSA" and, together with the BSA, the "Debtors"). As the lead Managing Director at A&M responsible for this engagement since August 2019, I have been involved with many aspects of these chapter 11 cases and in doing so have familiarized myself with a range of matters concerning the Debtors, including those described herein.

2. Except as otherwise stated in this Declaration, all facts set forth herein are based on my personal knowledge, materials provided by, or my discussions with, members of the Debtors' management team or other advisors or information obtained from my personal review of relevant documents. Additionally, the views asserted in this Declaration are based upon my experience and knowledge of the Debtors' operations, financial condition, and liquidity. If called upon to testify, I would competently testify to the facts set forth herein.

3. The Debtors, the TCC, the FCR, and the Coalition (collectively, the "Movants") jointly filed the proposed Settlement Trust budget (the "Proposed Budget"), which is attached as Exhibit B to the Motion. The Proposed Budget was developed by the Movants and the Future Trustee, and is composed of items necessary for the Future Trustee to (i) undertake the review of documents that will be required to be executed on the Effective Date, (ii) engage in diligence tasks for the Effective Date that will be necessary to receive contributions on the Effective Date, (iii) prepare to take over the necessary record-keeping related to Abuse Claims and communications with the holders of Abuse Claims from the Debtors on the Effective Date, and (iv) make plans related to the start-up of the Settlement Trust on the Effective Date, including the design and establishment of a Settlement Trust website and claims portal and the engagement of other professionals such as a claims processor and other key advisors for the Settlement Trust.

4. Among other things, the Proposed Budget includes tasks that the Debtors need the Settlement Trustee to undertake in order for the Effective Date to occur, including reviewing documents for the occurrence of the Effective Date and other necessary preparatory work in connection therewith, such as identifying and retaining a Delaware entity to serve as the Delaware trustee for the Settlement Trust, establishing one or more bank accounts and other related support that will be necessary to receive contributions on the Effective Date, attending to key matters that will allow the Settlement Trust to receive assets, and preparing to assume responsibility for the Abuse Claims, associated records, and communications with the holders of Abuse Claims on the Effective Date and to begin the effective and efficient administration of the Settlement Trust immediately thereafter.

5. Based on my review of the Proposed Budget and my discussions with the Debtors' management regarding the Proposed Budget, I believe that the completion of the tasks covered by the Advance Funding and the Proposed Budget will benefit the Debtors and their estate because it will facilitate the occurrence of the Effective Date (once the various conditions to the Effective Date are satisfied) and the handover of assets and duties of the Debtors—particularly because it will enable the Future Trustee's completion of the preparation and groundwork related to the Plan Documents in order for the Effective Date to occur as expeditiously as possible, to the benefit of the Debtors and abuse survivors.

6. The Debtors have an interest in expeditiously exiting bankruptcy by facilitating the prompt occurrence of the Effective Date and allowing the Plan to be consummated. The longer the Debtors stay in bankruptcy, the more that their objective of ensuring that the BSA has the ability to continue its charitable mission is threatened. The Debtors' now three-year stay in bankruptcy and publicity surrounding the proceedings has created a public relations overhang on

the Debtors' organizational operations and has impacted the Debtors' ability to successfully recruit new members, solicit donations, and continue efforts to modernize the BSA organization. The longer the Debtors remain in bankruptcy, the longer it will be before the Debtors can enjoy the benefits of the fresh start that bankruptcy affords which will enhance the Debtors ability to recruit new members and execute on the BSA's business plan. Each day that passes before the Plan goes effective also brings with it additional administrative cost and expense. Minimizing estate expenses is critical to ensuring a successful reorganization because the Debtors have limited options available to generate additional liquidity. The Debtors have already implemented extensive cost-saving measures to extend the Debtors' liquidity runway and sought to monetize certain assets that are not core to the Debtors' charitable mission. Ensuring that the Effective Date occurs as quickly as possible after the conditions to effectiveness are met, such as through the Advance Funding Amount requested in the Motion, helps the Debtors fulfill the mission of Scouting. Moreover, any delay in the ability of the Plan to go effective will delay the distribution of funds to survivors who overwhelmingly voted to accept the Plan, many of whom have waited decades to receive such distributions.

7. In my opinion, the Advance Funding confers these substantial benefits with minimal burden on the Debtors' estates, as the Debtors' Advance Funding Amount will be fully reimbursed to the Debtors following the Effective Date and is *de minimis* in relation to the total expenses of these cases. I believe that the Proposed Budget reflects appropriate use of the Advance Funding Amount. Accordingly, the Advance Funding balances the Debtors' goals of providing an equitable, streamlined, and certain process by which abuse survivors may obtain compensation and ensuring that the BSA has the ability to continue its charitable mission. I understand that should the Debtors become unwilling or unable to consummate the Plan after some or all of the

Advance Funding Amount has been disbursed, such that the Effective Date does not occur, any unused portion of (i) the Debtors' Advance Funding Amount will be returned to the Debtors and (ii) the PSZJ Advance Funding Amount will be returned to the PSZJ Firm for further application as shall be determined at the time. The disbursed portion of such amounts will thereafter be recharacterized for applicable purposes as a payment by the Debtors on account of claims asserted by the applicable creditors. Further, the Proposed Budget is the result of extensive good faith, arm's-length discussions among the Movants and the Future Trustee.

8. Accordingly, for the reasons set forth herein, I believe that providing the Advance Funding as set forth in the Proposed Budget will benefit the Debtors' estates.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: February 28, 2023  
   Chicago, Illinois

ALVAREZ & MARSAL NORTH AMERICA, LLC

*/s/ Brian Whittman*
Brian Whittman
Managing Director