## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 11010.** |
| | **Hearing Date:** **March 23, 2023 at 11:00 a.m. (ET)** |

### CERTAIN INSURERS' OBJECTION TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING ADVANCEMENT OF FUNDING AND PREPARATORY WORK

The undersigned insurance companies (collectively, "Certain Insurers") file this objection to the joint motion of the Debtors, TCC, FCR, and Coalition, pursuant to §§ 105(A) and 363(B), for entry of an order authorizing advancement of funding and preparatory work [Docket No. 11010] ("Motion" or "Mot."). The Certain Insurers respectfully submit as follows:

### PRELIMINARY STATEMENT

1.      This Court's 269-page confirmation opinion and subsequent order ruled on a host of issues, some of which are currently being reviewed by the District Court. Now, notwithstanding more than 1,000 pages of appellate briefing to the District Court, two full days of oral argument, and entry of a stipulation not to "go effective" during District Court review, BSA and other plan supporters seek this Court's permission to prepare to implement the plan without waiting for the District Court's decision.

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

2.      But this Court lacks jurisdiction to address a plan and confirmation order that are now the subjects of appeals to the District Court.  Further, there is no sound basis to authorize funding a trust that may never come to exist at all, let alone in its proposed form under the present plan.  Finally, the Certain Insurers object to any possibility that the relief requested through the Motion, in spite of the pending appeals and over the Certain Insurers' objection, may supply a basis now or in the future to prejudice their appellate rights before the District Court or in any further appeals.

3.      The Certain Insurers want BSA to exit bankruptcy.  But the Certain Insurers, and other appellants, have perfected substantive appeals that are fully submitted and under active consideration by the District Court, and further appellate rights remain available.  In light of those appeals, as well as the lack of sound basis for movants' request, the Motion to prepare to implement the settlement trust should be denied.

## BACKGROUND

4.      The Certain Insurers provided detailed factual background in their previous submissions objecting to plan confirmation and incorporate those submissions by reference.  Below, the Certain Insurers summarize facts relevant to the pending Motion and this objection.

### A.      Plan Confirmation and Appeals

5.      On July 29, 2022, this Court issued a confirmation opinion, declining to confirm BSA's chapter 11 plan unless BSA made significant changes.  *See* D.I. 10136 ("Op.").[2]  The Court concluded therein, however, that the plan was proposed in good faith (*id.* at 212-235), that the channeling injunction and non-consensual third-party releases were fair and necessary to the

---

[2] Citations to "D.I." refer to docket filings in this Court.  Citations to "Dkt." refer to docket filings in the District Court appeals.  *See* No. 22-cv-1237 (D. Del.).

reorganization (*id.* at 129-168), and that the assignment of BSA's insurance rights was permissible (*id.* at 248-253). BSA made changes in response to the Court's opinion, and the Court thereafter confirmed the plan. *See* D.I. 10316 ("Confirmation Order"). The Certain Insurers, and others, filed timely appeals, and stipulated with BSA and the plan supporters to procedural consolidation and a prompt briefing schedule in the complex appeals. As part of the stipulation, BSA represented that it would not "go effective" during District Court review of the plan and confirmation order unless it provided a period of advance notice. Dkt. 22.

6.     Like the confirmation proceedings in this Court, appellate proceedings before the District Court have been substantial. The Certain Insurers argue that the plan was not proposed in good faith and that it impermissibly purports to abrogate their contracts. *See* Dkt. 45, 109. They also argue that the claim allowance process violates the Bankruptcy Code and that the judgment reduction language is improper and prejudicial. *See* Dkt. 43, 111. The Lujan Claimants and the D&V Claimants argue, among other things, that the channeling injunction and non-consensual third-party releases are impermissible, that the plan impairs direct action rights, and that the plan does not treat current abuse claimants fairly and equitably. *See* Dkt. 40, 41, 110, 113.

7.     Following extensive appellate briefing comprising more than 1,000 pages, the District Court held two days of oral argument on February 9 and 10, 2023. *See* Dkt. 144-145. The appeals are fully submitted, and the parties await the District Court's ruling.

**B.     The Motion to Advance Funding and Begin Preparation of the Trust**

8.     On February 28, 2023—three weeks after oral argument—BSA and other plan supporters moved, pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, for an order authorizing advancement of nearly $4 million in cash from the Debtors' estate and the PSZJ Firm for "preparatory work" on the trust that is subject to the District Court's ruling.

9. The movants argue that this would further BSA's interests in "expeditiously exiting bankruptcy" by ensuring "that the Effective Date occurs as swiftly as possible." Mot. at 11-13.

## ARGUMENT

### I. This Court Currently Lacks Jurisdiction to Grant the Motion.

10. "[W]hen a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding *that are not the subject of that appeal*." *In re Ponton*, 446 F. App'x 427, 429 (3d Cir. 2011) (emphasis added). BSA claims that it is seeking to "expedite" implementation of the plan because "the Confirmation Order specifically authorizes the Debtors and third parties . . . to take actions necessary and appropriate to effectuate the Plan." Mot. at 6; *see* Mot. at 8-10. But the Confirmation Order, and the plan it confirmed, are now the subject of the appeals, so there is no jurisdiction for this Court to authorize the plan's effectuation based on its terms. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 579-82 (5th Cir. 2002) (court lacked authority to restate provisions of plan on appeal). The plan proponents cannot now seek authorization for advance funding and implementation work through the challenged plan and confirmation order. *See In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982) (court may not vacate or modify order while appeal is pending).

### II. BSA Has Not Met Its Burden Under Sections 363 and 105 of the Bankruptcy Code.

11. In any event, BSA has failed to demonstrate that the Motion should be granted under the referenced sections of the Bankruptcy Code. Section 363 does not provide a basis for the requested relief. "In determining whether to authorize the use, sale or lease of property of the estate under [Section 363], courts require the debtor to show that a *sound* business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (emphasis added). In evaluating whether the debtor's proffered business purpose is sound, courts consider factors such as the likelihood that a plan will be "confirmed in the near future," the "effect of the

4

proposed disposition on future plans of reorganization," and "most importantly perhaps, whether the asset is increasing or decreasing in value." *Id.* at 153-54.

12.     Moreover, this Court need not defer to BSA's determinations regarding its own business purpose; rather the Court reviews the debtor's judgment "to *determine independently* whether the judgment is a reasonable one." *Id.* (emphasis added); *see also id.* at 152-53 (the "bankruptcy court has considerable discretion" with respect to Section 363(b) motions); *id.* at 154 ("Section 363(b) should be interpreted liberally to provide a bankruptcy judge with 'substantial freedom to tailor [her] orders to meet differing circumstances' and to avoid 'shackl[ing] [the judge] with unnecessarily rigid rules …." (citation omitted)).  The Court must determine for itself whether BSA has "carrie[d] the burden" of demonstrating a sound business purpose "in light of the particular facts and circumstances of [the] case." *Id.* at 154-55.[3]

13.     In this case, BSA has failed to demonstrate a sound business purpose for advancing millions of dollars in funds and beginning preparatory work on a trust that may never come to exist in its proposed form, especially when BSA has repeatedly suggested that preserving funds is critical for its bankruptcy.  Given the considerable briefing and lengthy argument in the pending appeals, there is, at a minimum, considerable risk that this plan will not be effectuated in any particular form (let alone with the contemplated trust and TDPs).  Indeed, even in the pending Motion, BSA has refused to certify its ability *or willingness* to consummate the Plan.  *See* Mot. at 14 (conceding that even after the Advance Funding Amount "has been disbursed," BSA may still "become unwilling

---

[3] Citing case law governing the presumption under *Delaware corporate law* (not bankruptcy law) that directors generally believe they are acting in the interests of the corporation, BSA claims that "'[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task.'" Mot. at 11 (quoting *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005)). But that law has no application here:  the "'business judgment' test" under 11 U.S.C. § 363(b) "differs from the general corporate law business judgment rule, which protects corporate directors from liability." 3 *Collier on Bankruptcy* ¶ 363.02[4] (16th ed. 2022).

or unable to consummate the Plan … such that the Effective Date does not occur").  Moreover, BSA claims that "*[m]inimizing estate expenses is critical* to ensuring a successful reorganization because the Debtors have limited options available to generate additional liquidity."  Mot. at 13 (emphasis added).  If that is true, the sound course is to minimize expenses by refraining from premature and costly efforts to fund a trust that is at the center of the consolidated appeals.

14.    BSA suggests that there will be no wasted funds if the plan does not become effective because in that circumstance this Court perhaps could simply "recharacterize" any "disbursed portion" of funds as a payment by BSA "on account of claims asserted by the applicable creditors pursuant to Section 502 or 506(b) of the Bankruptcy Code."  Mot. at 14 (providing that "the rights of all parties to object to such characterization shall be preserved").  It is not at all clear why these code sections would be relevant.  Sections 502 and 506(b) say nothing about "recharacterizing" funds that BSA chooses to voluntarily expend before the Effective Date.  Instead, those provisions of the Bankruptcy Code provide for the *allowance* of prepetition claims and payment of certain interest and costs on over-secured claims—claims that have nothing to do with the abuse claimants or the recipients of the proposed funding that are the subject of the motion.

15.    BSA cannot remedy its failure to satisfy Section 363(b) by invoking this Court's equitable powers under 11 U.S.C. § 105(a).  "[T]he equitable powers authorized by § 105(a) are not without limitation, and courts have cautioned that this section 'does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law.'"  *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (citations omitted).  Thus, the "general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself," such that when the Bankruptcy Code "provides a specified means for a debtor to obtain a specific form of equitable

6

relief"—as does Section 363—"those standards and procedures must be observed." *Id.* In any event, there has been no showing that advancing millions of dollars for a trust that may not exist is "necessary" or "appropriate" to "carry out [any] provision[]" of chapter 11. 11 U.S.C. § 105(a).

16.     Contrary to BSA's assertions (*see* Mot. at 14-15), the mere fact that other courts, in other cases and different circumstances, have issued *orders* that authorize funding or preparatory work in advance of an effective date says little about whether BSA has met its burden of demonstrating entitlement to the requested relief in *this* case. As this Court has repeatedly explained, "[o]rders are just that—orders. Without knowing the context, whether the finding was contested and if so, the reasoning of the judge in including the [relevant provisions], an Order is no assistance." Op. at 177; *see also* Op. at 178, 183.

### III.    The Motion Should Not Be Permitted to Prejudice the Certain Insurers' Appeals.

17.     Finally, given the timing of the Motion—while the appeals are pending, and just before the District Court's impending decision—the Certain Insurers object to any possibility that the Motion may prejudice their appellate rights. No one has contended in the Motion that the relief the movants seek would moot the pending appeals or prevent appellate courts from further reviewing confirmation of the plan. If this Court is inclined to grant the Motion, it should make absolutely clear that any authorization to begin advance funding and implementation of the trust does not constitute an approval to consummate the plan, render the plan "substantially consummated," or otherwise implicate application of the "equitable mootness" doctrine to the pending or further appeals. *In re Exide Holdings*, 2021 WL 3145612, at *5 (D. Del. 2021). The Certain Insurers reserve every right and ground to challenge any argument that their appeals are equitably moot if and when such an argument is made.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion to advance funding and prepare to implement the settlement trust.

Dated:  March 14, 2023                    *Respectfully Submitted*

By: __/s/ Deirdre M. Richards_____
  **FINEMAN KREKSTEIN & HARRIS PC**
  Deirdre M. Richards (DE Bar No. 4191)
  1300 N. King Street
  Wilmington, DE 19801
  Telephone:    (302) 538-8331
  Facsimile:    (302) 394-9228
  Email: drichards@finemanlawfirm.com

  -and-

  **FORAN GLENNON PALANDECH PONZI &
  RUDLOFF P.C.**
  Susan N.K. Gummow (admitted *pro hac vice*)
  222 N. LaSalle St., Suite 1400
  Chicago, Illinois 60601
  Telephone:   (312) 863-5000
  Facsimile:    (312) 863-5009
  Email: sgummow@fgppr.com

  -and-

  **GIBSON, DUNN & CRUTCHER LLP**
  Michael A. Rosenthal (admitted *pro hac vice*)
  Mitchell A. Karlan (admitted *pro hac vice*)
  James Hallowell (admitted *pro hac vice*)
  Keith R. Martorana (admitted *pro hac vice*)
  200 Park Avenue
  New York, New York 10166
  Telephone:   (212) 351-4000
  Email: mrosenthal@gibsondunn.com
  mkarlan@gibsondunn.com
  jhallowell@gibsondunn.com
  kmartorana@gibsondunn.com

  **GIBSON, DUNN & CRUTCHER LLP**
  Richard J. Doren (admitted *pro hac vice*)
  Blaine H. Evanson (admitted *pro hac vice*)
  333 South Grand Avenue
  Los Angeles, California 90071
  Telephone:   (213) 229-7038
  Email: rdoren@gibsondunn.com
  bevanson@gibsondunn.com

  *Attorneys for the AIG Companies*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:    302.777.6500
Facsimile:    302.421.8390
Email:  david.fournier@troutman.com
            marcy.smith@troutman.com

*-and-*

**PARKER, HUDSON, RAINER & DOBBS**
Harris B. Winsberg (admitted *pro hac vice*)
Matthew G. Roberts (*pro hac vice* pending)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:    404.420.4313
Facsimile:    404.522.8409
Email:  hwinsberg@phrd.com
            mroberts@phrd.com

*-and-*

**McDERMOTT WILL & EMERY LLP**
Margaret H. Warner (admitted *pro hac vice*)
Ryan S. Smethurst (admitted *pro hac vice*)
Alex M. Spisak (admitted *pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone:    202.756.8228
Facsimile:    202.756.8087
Email:  mwarner@mwe.com
            rsmethurst@mwe.com
            aspisak@mwe.com

*Attorneys for Allianz Global Risks US Insurance Company*

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:        302.777.6500
Facsimile:        302.421.8390
Email:  david.fournier@troutman.com
          marcy.smith@troutman.com

-and-

Harris B. Winsberg (admitted *pro hac vice*)
Matthew G. Roberts (*pro hac vice* pending)
**PARKER, HUDSON, RAINER & DOBBS**
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone:        404.420.4313
Facsimile:        404.522.8409
Email:  hwinsberg@phrd.com
          mroberts@phrd.com

-and-

**BRADLEY RILEY JACOBS PC**
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
Paul J. Esker
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone:        312.281.0295
Email:  TJacobs@bradleyriley.com
          jbucheit@bradleyrile.com
          pesker@bradleyriley.com

*Attorneys for National Surety Corporation and
Interstate Fire & Casualty Company*

**POST & SCHELL, P.C.**
Paul Logan (No. 3339)
300 Delaware Avenue

Suite 1380
Wilmington, DE 19801
Phone: (302) 251-8856
Fax: (302) 251-8857
Email: plogan@postschell.com

**POST & SCHELL, P.C.**
John C. Sullivan (*pro hac vice*)
Kathleen K. Kerns (*pro hac vice*)
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Phone: (215) 587-1000
Email: jsullivan@postschell.com
kkerns@postschell.com

**IFRAH PLLC**
George R. Calhoun (*pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC 20006
Phone: (202) 840-8758
Email: george@ifrahlaw.com

*Attorneys for Argonaut Insurance Company and
Colony Insurance Company*

**SEITZ, VAN OGTROP & GREEN, P.A**
R. Karl Hill (Del. Bar No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

**CHOATE, HALL & STEWART, LLP**
Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
Samuel N. Rudman (admitted *pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC**
Kim V. Marrkand (admitted *pro hac vice*)
Laura Bange Stephens (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
kmarrkand@mintz.com
lbstephens@mintz.com

*Counsel to Liberty Mutual Insurance Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

-and-

**WILEY REIN LLP**
Mary E. Borja (admitted *pro hac vice*)
Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
E-mail:  mborja@wiley.law,
gseligman@wiley.law,
acriss@wiley.law

*Attorneys for General Star Indemnity Company*

**BODELL BOVÉ, LLC**
Bruce W. McCullough  (No.  3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749,
Facsimile: (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

**CLYDE & CO US LLP**
Bruce D. Celebrezze (pro hac vice)
150 California Street, 15th Floor
San Francisco, California 94111
Telephone:  (415) 365-9800
Facsimile:  (415) 365-9801
Email:    bruce.celebrezze@clydeco.us

Konrad R. Krebs (pro hac vice)
340 Mt. Kemble Avenue, Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700
Facsimile:  (973) 210-6701
Email:    konrad.krebs@clydeco.us

-and –

**DAVID CHRISTIAN ATTORNEYS LLC**
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (312) 282-5282
Email:    dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance Company;
Great American E&S Insurance Company,
f/k/a Agricultural Excess and Surplus Insurance
Company; and Great American E&S Insurance
Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro hac vice*)
Sharon F. McKee (admitted *pro hac vice*)
Elizabeth C. Dolce (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com
smckee@hangley.com
edolce@hangley.com

*Attorneys for Arch Insurance Company*

**GOLDSTEIN & MCCLINTOCK LLLP**
Maria Aprile Sawczuk (DE #3320)
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

**LOEB & LOEB LLP**
Laura McNally
Emily Stone
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

-and-

**DAVID CHRISTIAN ATTORNEYS LLC**
David Christian (*pro hac vice*)
105 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (312) 282-5282
Email:    dchristian@dca.law

*Attorneys for The Continental Insurance Company and Columbia Casualty Company*

**SMITH, KATZENSTEIN & JENKINS LLP**
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

**MOUND COTTON WOLLAN &
GREENGRASS LLP**
Lloyd A. Gura*
Pamela J. Minetto*
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com
(*Admitted pro hac vice)

*Attorneys for Indian Harbor Insurance Company,
on behalf of itself and as successor in interest to
Catlin Specialty Insurance Company*

**REGER RIZZO & DARNALL LLP**
Louis J. Rizzo, Jr., Esquire (#3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
E-mail: lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety
Company, Inc. (f/k/a Aetna Casualty & Surety
Company), St. Paul Surplus Lines Insurance
Company and Gulf Insurance Company*

**JOYCE, LLC**
Michael J. Joyce, Esquire (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

**COUGHLIN MIDLIGE & GARLAND, LLP**
Kevin Coughlin, Esquire (*Pro Hac Vice*)
Lorraine Armenti, Esquire (*Pro Hac Vice*)
Michael Hrinewski, Esquire (*Pro Hac Vice*)
350 Mount Kemble Ave., PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

-and-

**CARRUTHERS & ROTH, P.A.**
Britton C. Lewis, Esquire (*Pro Hac Vice*)
235 N. Edgeworth St., P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

**GIEGER LABORDE & LAPEROUSE, LLC**
John E.W. Baay II
701 Poydras Street
Suite 4800
New Orleans, LA 70139
Tel.: 504-561-0400
Fax: 504-561-1011
Email: jbaay@glllaw.com

-and-

**KIERNAN TREBACH LLP**
William H. White Jr
1233 20th Street, NW
8th Floor
Washington, DC 20036
Tel.: 202-712-7000
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Counsel for Gemini Insurance Company*

**DILWORTH PAXSON LLP**
Thaddeus J. Weaver (Id. No. 2790)
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 351-8735 (facsimile)
tweaver@dilworthlaw.com

**DILWORTH PAXSON LLP**
William E. McGrath, Jr. (admitted *pro hac vice*)
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc.,*
*formerly known as American Re-Insurance*
*Company*

**MORRIS JAMES LLP**
Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Email: smiller@morrisjames.com
ckunz@morrisjames.com

-and-

**FOX SWIBEL LEVIN & CARROLL LLP**
Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Email: panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Attorneys for Old Republic Insurance Company*

**COZEN O'CONNOR**
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2024
Facsimile:  (302) 250-4498
Email:  mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*