# brownrudnick

ERIC R. GOODMAN
direct dial: +1.202.536.1740
EGoodman@brownrudnick.com

March 17, 2023

**VIA OVERNIGHT DELIVERY**

Honorable Laurie Selber Silverstein, Chief Judge
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, DE 19801

**RE:** **Personnel Matter: Judicial Clerk Ethan Calhoun**

Dear Judge Silverstein:

We write regarding Mr. Ethan Calhoun, who currently serves as a judicial law clerk in your chambers. Mr. Calhoun will be joining Brown Rudnick LLP (the "Firm") as an associate in our Restructuring Practice Group in October 2023. Mr. Calhoun is a licensed member of the bar of the State of Alabama. In accordance with Rule l.12(b) of the Delaware Rules of Professional Conduct (the "Delaware Rules"), Rule 1.12(b) of the Alabama Rules of Professional Conduct (the "Alabama Rules" and together with the Delaware Rule, the "Rules"), and the Code of Conduct for Judicial Employees, Canon 4(c)(4) (the "Code"), this is to advise the Court of the steps the Firm is taking to enable the Court to ascertain compliance with the Rules and the Code. Courtesy copies of the applicable Rules and the Code are attached for your convenience.

The first contact with the Firm regarding Mr. Calhoun's prospective employment was on or about January 27, 2023. Following that initial contact, the Firm conducted a conflicts analysis, in which Mr. Calhoun provided the following three cases pending before you during his tenure with the Court:

- Chapter 11 bankruptcy case styled as *In Re: Boy Scouts of America* (Case No. 20-10343 (LSS)) (the "Boy Scouts Case"). In the Boy Scouts Case, we represented The Coalition of Abused Scouts for Justice.

- Chapter 11 bankruptcy case styled as In Re: Imerys Talc America Inc. (Case No. 19-10289 (LSS)) (the "Imerys Case"). In the Imerys Case, we represented the Imerys Talc Litigation Plaintiffs' Ad Hoc Committee.[1]

- Chapter 11 bankruptcy case styled as In Re: Cyprus Mines Corporation (Case No. 21-10398 (LSS)) (the "Cyprus Mines Case"). We do not represent any party in the Cyprus Mines Case; however, this case is related to the Imerys Case and In Re: LTL Management LLC (Case No. 21-30589 (MBK)) (the "J&J Case"). We represent the Official Committee of Talc Tort Victims in the J&J Case.[2]

We are unaware of any other matter pending before you involving the Firm.

Mr. Calhoun advised that he discussed these matters with you, he recused himself from working further on these matters once he learned of the Firm's involvement, and he did not have access to any non-public information subsequent to the recusal.

---

[1] The Firm no longer represents the Imerys Talc Litigation Plaintiffs' Ad Hoc Committee in the Imerys Case.
[2] The Firm does not represent any party in the Cyprus Mines Case. We mention the J&J case in an abundance of caution due to the relationship between the Cyrpus Mines Case, the Imerys Case and J&J Case.



Honorable Laurie Selber Silverstein, Chief Judge
March 17, 2023
Page 2

Although Mr. Calhoun will not be involved in the above-referenced matters once employed by the Firm, we are taking the following steps regarding Mr. Calhoun's employment with the Firm (In an abundance of caution, we are adhering to the Alabama and Delaware Rules and the Code of Conduct):

1) Per Rule 1.12(a) of the Delaware Rules, Rule 1.12(a) of the Alabama Rules and the Conflict of Interest Policies for Law Clerks, Mr. Calhoun will not represent anyone in connection with the above-referenced matters. If the Firm becomes involved in any other matter in which he participated personally and substantially as a law clerk, he will not represent anyone in such a matter.

2) Per Rule 1.12(c)(1) of the Delaware Rules and Rule 1.12(c)(1) of the Alabama Rules, we will implement an ethical wall and screening procedures to prevent disclosure and access to information related to the above-referenced cases between Mr. Calhoun and other Firm personnel. If the Firm subsequently becomes involved in any other matter in which he participated personally and substantially as a law clerk, we will also establish screening procedures.

3) Per Rule 1.12(c)(1) of the Delaware Rule and Rule 1.12(c)(1) of the Alabama Rule, Mr. Calhoun will not be apportioned any part of the fee from the Firm's representations in or related to the above-referenced cases. If the Firm subsequently becomes involved in any other matter in which he participated personally and substantially as a law clerk, he will not be apportioned any part of the fee from such representation.

4) Per Rule 1.12(c)(2) of the Delaware Rule and Rule 1.12(c)(2) of the Alabama Rule, the Firm is sending this notice to the Court, and is providing a copy of this letter to counsel for the other parties in the above-referenced matters. If the Firm subsequently becomes involved in any other matter in which Mr. Calhoun participated personally and substantially as a law clerk, we will provide appropriate notices.

5) We will also work with Mr. Calhoun to ensure he complies with the Conflict of Interest Policies for Law Clerks, including in particular policies (3) and (4) which limit his appearance in court and participation in certain matters.

Should the Court have any questions regarding the matters outlined above, please contact me at your earliest convenience.

Very truly yours,

**BROWN RUDNICK LLP**

Eric R. Goodman

Enclosures

cc: David J. Molton, Esq.
    Tristan Axelrod, Esq.
    Andrew P. Strehle, Esq.
    Ethan Calhoun, Esq.
    All parties in In Re: Boy Scouts of America (Case No. 20-10343 (LSS)) via electronic filing (CM/ECF)

### RULE 1.12 FORMER JUDGE, ARBITRATOR, MEDIATOR OR OTHER THIRD-PARTY NEUTRAL

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.

(b) A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, mediator or other third-party neutral. A lawyer serving as a law clerk to a judge or other adjudicative officer may negotiate for employment with a party or lawyer involved in a matter in which the clerk is participating personally and substantially, but only after the lawyer has notified the judge or other adjudicative officer.

(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this rule.

(d) An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

**Comment**

[1]     This Rule generally parallels Rule 1.11. The term "personally and substantially" signifies that a judge who was a member of a multimember court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate. So also the fact that a former judge exercised administrative responsibility in a court does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits. Compare the Comment to Rule 1.11. The term "adjudicative officer" includes such officials as judges pro tempore, referees, special masters, hearing officers and other parajudicial officers, and also lawyers who serve as part-time judges. Compliance Canons A(2), B(2) and C of the Model Code of Judicial Conduct provide that a part-time judge, judge pro tempore or retired judge recalled to active service, may not "act as a lawyer in any proceeding in which he served as a judge or in any other proceeding related thereto." Although phrased differently from this Rule, those Rules correspond in meaning.

[2] Like former judges, lawyers who have served as arbitrators, mediators or other third-party neutrals may be asked to represent a client in a matter in which the lawyer participated personally and substantially. This Rule forbids such representation unless all of the parties to the proceedings give their informed consent, confirmed in writing. See Rule 1.0(e) and (b). Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification. See Rule 2.4.

[3] Although lawyers who serve as third-party neutrals do not have information concerning the parties that is protected under Rule 1.6, they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals. Thus, paragraph (c) provides that conflicts of the personally disqualified lawyer will be imputed to other lawyers in a law firm unless the conditions of this paragraph are met.

[4] Requirements for screening procedures are stated in Rule 1.0(k). Paragraph (c)(1) does not prohibit the screened lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly related to the matter in which the lawyer is disqualified.

[5] Notice, including a description of the screened lawyer's prior representation and of the screening procedures employed, generally should be given as soon as practicable after the need for screening becomes apparent.

# Alabama Rules of Professional Conduct

## Client-Lawyer Relationship

### Rule 1.12.

### Former Judge or Arbitrator, Mediator, or Other Third-Party Neutral.

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator, mediator, other third-party neutral, or law clerk to such a person, unless all parties to the proceeding consent after consultation.

(b) A lawyer shall not negotiate for employment with any person who is involved as a party or as attorney for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer, or arbitrator. A lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for employment with a party or attorney involved in a matter in which the clerk is participating personally and substantially, but only after the lawyer has notified the judge, other adjudicative officer or arbitrator.

(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which the lawyer is associated may knowingly undertake or continue representation in the matter unless:

    (1) The disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

    (2) Written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.

(d) An arbitrator selected as a partisan of a party in a multi-member arbitration panel is not prohibited from subsequently representing that party.

[Amended eff. 6-23-2008.]

### Comment

This Rule generally parallels Rule 1.11. The term "personally and substantially" signifies that a judge who was a member of a multi-member court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate. So also the fact that a former judge exercised administrative responsibility in a court does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits. Compare the Comment to

Rule 1.11. The term "adjudicative officer" includes such officials as judges pro tempore, referees, special masters, hearing officers and other para-judicial officers, and also lawyers who serve as part-time judges. Compliance Canons A(2), B(2) and C of the former Code of Judicial Conduct provide that a part-time judge, judge pro tempore or retired judge recalled to active service, may not "act as a lawyer in any proceeding in which he served as a judge or in any other proceeding related thereto." Although phrased differently from this Rule, those rules correspond in meaning.

### Comparison with Former Alabama Code of Professional Responsibility

Paragraph (a) is substantially similar to DR 9-101(A), which provided that a lawyer "shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity." Paragraph (a) differs, however, in that it is broader in scope and states more specifically the persons to whom it applies. There was no counterpart in the former Code to paragraphs (b), (c) or (d).

With regard to arbitrators, EC 5-20 stated that "a lawyer [who] has undertaken to act as an impartial arbitrator or mediator, ... should not thereafter represent in the dispute any of the parties involved." DR 9-101(A) did not permit a waiver of the disqualification applied to former judges by consent of the parties. However, DR 5-105(C) was similar in effect and could be construed to permit waiver.

**Note from the reporter of decisions:** The order amending Rule 1.8, the Comment to Rule 1.8, Rule 1.10(a), the Comment to Rule 1.10, Rule 1.12, Rule 1.14, the Comment to Rule 1.14, the Comment to Rule 3.2, Rule 3.6, the Comment to Rule 3.7, Rule 3.9, and Rule 4.4 is published in that volume of *Alabama Reporter* that contains Alabama cases from 983 So.2d.

**CONFLICT OF INTEREST POLICIES FOR LAW CLERKS**

Pursuant to the Code of Conduct for Judicial Employees, Canon 3F(2)(a)(iv), a

> law clerk should not perform any official duties in any matter with respect to which such . . . law clerk knows that:
> . . . .
> (iv) he or she, a spouse, or a person related to . . . within the third degree of relationship [which includes parents] . . . is acting as a lawyer in the proceeding; (C) has an interest that could be substantially affected by the outcome of the proceeding . . . .

Further, the Code of Conduct for Judicial Employees, Canon 4(C)(4) provides that:

> During judicial employment, a law clerk or staff attorney may seek and obtain employment to commence after the completion of the judicial employment. However, the law clerk or staff attorney should first consult with the appointing authority and observe any restrictions imposed by the appointing authority. If any law firm, lawyer or entity with whom a law clerk or staff attorney has been employed or is seeking or has obtained future employment appears in any matter pending before the appointing authority, the law clerk or staff attorney should promptly bring this fact to the attention of the appointing authority.

Consequently, the Court adopts the following policies:

(1) A law clerk shall not work on any matter in which a law firm employing anyone within the third degree of relationship to the law clerk is representing a party in the specific matter before the court or represents the debtor, an official or ad hoc creditors' or equity committee, the pre-petition or DIP lenders, or any other major party in the bankruptcy case.

(2) Once a law clerk accepts an offer from a law firm for post-clerkship employment, the clerk shall cease any further involvement in any case in which the future employer has an interest. Upon accepting an offer of employment, the clerk shall require that the future employer provide him/her with a list of all cases before the Judge in which it represents or holds an interest.

(3)  Once a law clerk leaves the Court, for a period of six months the law clerk shall not appear in court before any Judge for whom he/she clerked.

(4)  Once a law clerk leaves the Court, the law clerk shall not participate in any matter which was pending before his/her Judge while he/she was working for the Court.  In addition, if the law firm represented a major party in the bankruptcy case (including the debtor, any official committee, or the lenders), then the law clerk may not participate in any matter involving that case.  The law clerk shall provide to his/her future employer a list of all cases and matters involving that firm which were pending before the Judge during his/her tenure at the Court.  The law clerk may participate in an adversary proceeding which is instituted after he/she leaves for a non-major party in the case unless the issues raised by that adversary were raised in the bankruptcy case during his/her tenure at the Court.

(5)  This policy, as applied to the swing law clerk, shall preclude the law clerk from appearing for a period of six months before any judge to whom he/she was assigned.  The swing law clerk shall not participate in any matter on which he/she worked while at the Court.  The law clerk shall provide to his/her future employer a list of all cases and matters involving that firm on which he/she worked during his/her tenure at the Court.

All law clerks should also consult the Delaware Code of Conduct for Law Clerks.