**Exhibit A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. D.I.** ___ |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), (I) AUTHORIZING THE DEBTORS TO ADVANCE FUNDING TO FACILITATE THE ESTABLISHMENT OF THE SETTLEMENT TRUST, (II) AUTHORIZING THE PSZJ FIRM TO ADVANCE FUNDING UNDER THE PSZJ CONTRIBUTION TO FACILITATE THE ESTABLISHMENT OF THE SETTLEMENT TRUST, (III) AUTHORIZING THE FUTURE SETTLEMENT TRUSTEE AND CLAIMS ADMINISTRATORS TO BEGIN PREPARATORY WORK, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), jointly with the Official Committee of Tort Claimants (the "TCC"), Future Claimants' Representative (the "FCR"), and Coalition of Abused Scouts for Justice (the "Coalition"), pursuant to 11 U.S.C. §§ 105(a) and 363(b), for entry of an order (this "Order") (i) authorizing the Debtors to fund the Debtors' Advance Funding Amount in accordance with the Proposed Budget attached to the Motion as **Exhibit B**, as more fully set forth in the Motion, (ii) authorizing the PSZJ Firm to fund the PSZJ Advance Funding Amount under the PSZJ Contribution in accordance with the Proposed Budget, (iii) authorizing the Future Trustee and Future Claims Administrators to begin their preparatory work with respect to the Effective

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Date of the Plan and the establishment of the Settlement Trust, and (iv) granting related relief; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all the proceedings before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. To the extent that there may be any inconsistency between the terms of the Motion and related submissions and this Order, the terms of this Order shall govern.

3. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Debtors' cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Debtors' cases to cases under chapter 7.

4. The Debtors are authorized to provide the Debtors' Advance Funding Amount in the amount of $1,000,000 and the PSZJ Firm is authorized to provide the PSZJ Advance Funding Amount in the amount of $2,912,750 (plus an additional

amount from the PSZJ Firm, if requested by the Future Trustee as needed, not to exceed $300,000), to be used substantially in accordance with the Proposed Budget attached to the Motion as **Exhibit B**. The Advance Funding Amount shall be disbursed directly to an escrow account to be overseen by the Future Trustee (the "Escrow Account"). The Escrow Account shall be established by the Future Trustee at a reputable financial institution with a reputable escrow agent selected by the Future Trustee. The Escrow Agent shall account for each dollar disbursed from the Escrow Account based on the ratio between the Debtors' Advance Funding Amount and the PSZJ Advance Funding Amount as (a) 25.56% from the Debtors' Advance Funding Amount and (b) 74.44% from the PSZJ Advance Funding Amount, subject to adjustment if there is additional funding from the PSZJ Firm as described above.

5. The Advance Funding Amount shall be disbursed from the Escrow Account at the direction of the Future Trustee, who shall make an accounting with respect to the Advance Funding Amount with the Court on a monthly basis within 30 days after month-end. Upon the Effective Date, the Debtors' Advance Funding Amount shall be reimbursed directly to Reorganized BSA in full from either or a combination of (a) a reduction in the cash amount provided by the BSA as a part of the BSA Settlement Trust Contribution and (b) a reimbursement from other cash contributions owed to the Settlement Trust from other Protected Parties on the Effective Date. Upon the Effective Date, the PSZJ Advance Funding Amount, to the extent unused, shall roll over to the Settlement Trust.

6. The Future Trustee shall use or direct the use of the Advance Funding Amount solely for the purposes contemplated by the Proposed Budget or as otherwise directed in this Order. The Proposed Budget is the result of extensive good faith, arm's-length discussions among the Movants and the Future Trustee. The Future Trustee is hereby authorized to (a) begin her preparatory work in order to facilitate the occurrence of the Effective Date as soon as possible once the conditions to the Effective Date have been satisfied, (b) incur expenses for the purposes contemplated by the Proposed Budget or as otherwise directed in this Order and in accordance with the purposes described in the Plan regarding the Settlement Trust, and (c) cause the payment of such expenses from the Advance Funding Amount. The Future Claims Administrators are hereby authorized to begin their work under the direction of the Future Trustee.

7. For the avoidance of doubt, nothing in this Order is intended to alter or waive in any manner any condition to the Effective Date. This Order does not apply to any expenses for counsel for the FCR, the TCC, or the Coalition.

8. If the Debtors become unwilling or unable to consummate the Plan after some or all the Advance Funding Amount has been disbursed, such that the Effective Date does not occur, (a) any unused portion of the Debtors' Advance Funding Amount shall be returned to the Debtors and (b) any unused portion of the PSZJ Advance Funding Amount shall be returned to the PSZJ Firm for further application as shall be determined at the time. The disbursed portion of the both the Debtors' Advance

Funding Amount and the PSZJ Advance Funding Amount shall thereafter be recharacterized for applicable purposes as a payment by the Debtors on account of claims asserted by the applicable creditors pursuant to section 502 or 506(b) of the Bankruptcy Code, provided that the rights of all parties to object to such characterization shall be preserved.  For the avoidance of doubt, the Court's determination of any such objection shall not affect the Future Trustee's authority to have paid out funds pursuant to the Proposed Budget and this Order.  No recipient of such funds shall be required to return any monies already received for services performed, nor shall there be any claims against the Future Trustee for having paid out the funds for services performed.

9. Notwithstanding anything contained in the Motion or this Order, approval of the relief herein shall not affect or otherwise prejudice the rights of any parties in the pending appeals of the Confirmation Order.

10. The Court's entry of this Order shall not prejudice the rights of any party in interest to make any argument related to the doctrine of equitable mootness with respect to any appeals of the Confirmation Order, Confirmation Opinion or Plan.

11. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

12. The Debtors and the PSZJ Firm are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.