IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 10783 |

**ORDER SUSTAINING THE DEBTORS' SIXTH OMNIBUS (SUBSTANTIVE)
OBJECTION TO REDUCE AND ALLOW CLAIM (NON-ABUSE CLAIM)**

Upon the *Debtors' Sixth Omnibus (Substantive) Objection to Certain (I) Misclassified, Reduce and Allow Claim and (II) Reduce and Allow Claim (Non-Abuse Claims)* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, pursuant sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Phillips Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtors, the Debtors' estates and creditors, and other parties in interest and that the legal

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Objection is sustained as provided herein.

2. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

3. The Reduce and Allow Claim identified on **Schedule 1** hereto is reduced and allowed as set forth on **Schedule 1** under the column titled "Modified."

4. To the extent applicable, Local Rules 3007-1(e)(iii)(B) and (C) are waived with respect to the Objection.

5. The objection by the Debtors to the Reduce and Allow Claim, as addressed in the Objection and the schedule hereto, constitutes a separate contested matter with respect to such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to the Reduce and Allow Claim.

6. Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

7. The Debtors and Omni are authorized to modify the official claims register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimant.

9. Nothing in this Order, the Objection or the Phillips Declaration shall be deemed or construed: (a) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (b) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (c) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (d) as an admission that any obligation is entitled to administrative priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

10. This Order is immediately effective and enforceable.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: April 19th, 2023**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Reduce and Allow Claim**

Sixth Omnibus Objection (Substantive)
Schedule 1 - Reduce and Allow Claim

| NAME | CLAIM# | ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 FEDEX CORPORATE SERVICES INC<br>c/o Federal Express Corp<br>Attn: Michael Siedband<br>3620 Hacks Cross Rd. Bldg. B<br>Memphis, TN 38125 | C343-38 | Boy Scouts of America | Unsecured | $63,548.84 | Boy Scouts of America | Unsecured | $7,746.61 |
| According to the Debtors' books and records, the valid claim amount is $7,746.61. Claimant asserts liability on Invoice Nos. 691438037, 692085353, 690929571, 692697040, 692978996, 61337518, 692476667, 695222920, 321627736 and 693917037, totaling $537.94. Liability on these invoices, if any, belongs to various non-debtor Local Councils. Claimant asserts liability on twenty invoices totaling $55,264.29, which have been paid in full by the Debtors. Inv. Nos. 320584136, 684199737, 684199738, 684182947, 684188606, 684309762, 684323865, 684323866, and 684198272 were paid in full via CHK No. 00068410 dated 11/26/2019. Inv. Nos. 673297160 and 673283140 were paid in full via ACH No. 00066117 dated 9/26/2019. Inv. No. 186632953 was paid in full via CHK No. 00067332 dated 10/24/2019. Inv. No. 320815522 was paid in full via CHK No. 01343494 dated 12/12/2019. Inv. No. 683862311 was paid in full via ACH No. 00068453 dated 11/26/2019. Inv. No. 662791589 was paid in full via CHK No. 01338744 dated 8/8/2019. Inv. No. 671856006 was paid full via CHK No. 00065365 dated 9/5/2019. Inv. No. 677517540 was paid in full via CHK No. 00067512 dated 10/31/2019. Inv. No. 671930166 was paid in full via CHK No. 00065347 dated 9/5/2019. Inv. No. 685013118 was paid in full via CHK No. 00068980 dated 12/12/2019. Inv. No. 684198271 was paid in full via ACH No. 00068410 dated 11/26/2019. | | | | | | | |
| | | | TOTAL | $63,548.84 | | TOTAL | $7,746.61 |