IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE OF EFFECTIVE DATE OF THIRD MODIFIED FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION (WITH TECHNICAL MODIFICATIONS) FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Confirmation Order.** On September 8, 2022, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 10316] (the "Confirmation Order") confirming the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 10296] (as may be further amended, supplemented, or modified in accordance with the terms thereof, and together with the Plan Supplement and the Plan Documents, the "Plan")[2] in the chapter 11 cases of Boy Scouts of America and Delaware BSA, LLC, the above-captioned non-profit corporations that are debtors and debtors in possession (together, the "Debtors").

**Affirmation Order.** On March 28, 2023, the United States District Court for the District of Delaware entered an Opinion [D.I. 150] and Order [D.I. 151] in Civ. No. 22-1237-RGA (D. Del.) affirming the Confirmation Order on appeal.[3]

**Effective Date.** On **April 19, 2023**, the Effective Date of the Plan occurred, and as a result the Plan has been substantially consummated. All conditions precedent to the Effective Date of the Plan set forth in Article IX.B of the Plan have either been satisfied or waived in accordance with the Plan and Confirmation Order.

**Binding Effect.** As of the Effective Date, the terms of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and the Confirmation Order) and Plan Documents are immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized BSA, and any and all holders of Claims against and Interests in the Debtors (irrespective of whether holders of such Claims or Interests voted to accept the Plan or are impaired under the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases, and notwithstanding whether such Person or Entity (a) will receive or retain any property, or interest in property, under this Plan, (b) has filed a Proof of Claim in the Chapter 11 Cases or (c) failed to vote to accept or reject the Plan, affirmatively voted to reject the Plan, or is conclusively presumed to reject the Plan.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmed Order or Plan, as applicable.

[3] This notice is intended to provide notice of the Effective Date, among other things, and it does not, and shall not be construed to, limit, modify, or interpret any of the provisions of the Plan or Confirmation Order. Some of the provisions of the Plan and Confirmation Order are included herein for the convenience of creditors; *however*, creditors should refer to the full text of the Plan and Confirmation Order, and should not rely upon the summary provided herein.

**Releases and Injunctions**. Article X of the Plan contains important releases of the Debtors and certain third parties, exculpation, and injunction provisions, including, without limitation, the Channeling Injunction and the Insurance Entity Injunction. Pursuant to the Confirmation Order, all such provisions are now in full force and effect. Excerpts of certain of these provisions are provided below. You should review the full text of these provisions carefully. Information about the releases, exculpation, and injunction provisions under the Plan can be found at https://omniagentsolutions.com/BSA.

**RELEASES, INJUNCTIONS, AND OTHER PROVISIONS AFFECTING ABUSE CLAIMS**

**Channeling Injunction**. Pursuant to Article X.F of the Plan, notwithstanding anything to the contrary herein, to preserve and promote the settlements contemplated by and provided for in the Plan, including the Abuse Claims Settlement, the Insurance Settlements, and the United Methodist Settlement, and to supplement, where necessary, the injunctive effect of the Discharge as provided in sections 1141 and 524 of the Bankruptcy Code and as described in Article X of the Plan, pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court and the District Court under section 105(a) of the Bankruptcy Code, (a) the sole recourse of any holder of an Abuse Claim against a Protected Party[4] on account of such Abuse Claim shall be to and against the BSA Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party or any property or interest in property of any Protected Party, (b) the sole recourse of any holder of a Post-1975 Chartered Organization Abuse Claim against a Limited Protected Party on account of such Post-1975 Chartered Organization Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Post-1975 Chartered Organization Abuse Claim against any Limited Protected Party or any property or interest in property of any Limited Protected Party, (c) the sole recourse of any holder of an Abuse Claim against a Limited Protected Party if such Abuse Claim is covered under any insurance policy issued by any Settling Insurance Company, shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Limited Protected Party or any property or interest in property of any Limited Protected Party, (d) the sole recourse of any holder of an Opt-Out Chartered Organization Abuse Claim against an Opt-Out Chartered Organization on account of such Opt-Out Chartered Organization Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Opt-Out Chartered Organization Abuse Claim against any Opt-Out Chartered Organization or any property or interest in property of any Opt-Out Chartered Organization. For the avoidance of doubt, the sole recourse for any holder of an Abuse Claim covered by any insurance policy issued by a Settling Insurance Company shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents. Accordingly, on and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Abuse Claim against the Protected Parties, or any of them, or any Post-1975 Chartered Organization Abuse Claim against the Limited Protected Parties, or any of them, or any Abuse Claim against the Limited Protected Parties (or any of them) if such Abuse Claim is covered under any insurance policy issued by any Settling Insurance Company, or any Opt-Out Chartered Organization Abuse Claim against the Opt-Out Chartered Organizations, or any of them, shall be permanently and forever stayed, restrained and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Protected Party with respect to any such Abuse Claim, or from any Limited Protected Party with respect to any such Abuse Claim if such Abuse Claim is covered under any insurance policy issued by any Settling Insurance Company, or from any Limited Protected Party with respect to any such Post-1975 Chartered Organization Abuse Claim, or from any Opt-Out Chartered Organization with respect to any Opt-Out Chartered Organization Abuse Claim, other than from the Settlement Trust pursuant to the Settlement Trust Documents, including:

  a. commencing, conducting, or continuing, in any manner, whether directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration,

---

[4] A list of current Protected Parties is set forth in the Plan and a list of the Limited Protected Parties is available at https://cases.omniagentsolutions.com/bsa.

       **administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization, or any property or interest in property of any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization;**

    b.  **enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering, by any manner or means, either directly or indirectly, any judgment, award, decree, or order against or affecting any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization or any property or interest in property of any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization;**

    c.  **creating, perfecting, or otherwise enforcing in any manner, whether directly or indirectly, any Encumbrance of any kind against any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization, or any property or interest in property of any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization;**

    d.  **asserting, implementing or effectuating any setoff, right of reimbursement, subrogation, indemnity, contribution, reimbursement, or recoupment of any kind, in any manner, directly or indirectly, against any obligation due to any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization, or any property or interest in property of any Protected Party, Limited Protected Party, or Opt-Out Chartered Organization; or**

    e.  **taking any act in any manner, and in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents or the Settlement Trust Documents or with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Settlement Trust, except in conformity and compliance with the Settlement Trust Documents with respect to any such Abuse Claim, Post-1975 Chartered Organization Abuse Claim, Pre-1976 Chartered Organization Abuse Claim, or Opt-Out Chartered Organization Abuse Claim.**

    **Releases by Holders of Abuse Claims.** Pursuant to and as set forth in full in Article X.J.3 of the Plan, as of the Effective Date, all holders of Abuse Claims are deemed to discharge and release: (a) each and all of the Protected Parties and their respective property and successors and assigns of and from all Abuse Claims and any and all Claims and Causes of Action; (b) each and all of the Limited Protected Parties and their respective property and successors and assigns of and from all Post-1975 Chartered Organization Abuse Claims and all Claims and Causes of Action; (c) each of the Participating Chartered Organizations with respect to any Pre-1976 Chartered Organization Abuse Claims and their respective property and successors and assigns of and from all Pre-1976 Chartered Organization Abuse Claims and any and all Claims and Causes of Action; and (d) each and all of the Opt-Out Chartered Organizations and their respective property and successors and assigns of and from all Opt-Out Chartered Organization Abuse Claims and any and all Claims and Causes of Action. For the avoidance of doubt, pursuant to Article X.J.3 of the Plan, as of the Effective Date, each holder of Abuse Claims covered by any insurance policy issued by a Settling Insurance Company shall, and shall be deemed to, release and discharge the Settling Insurance Companies for such Claims.

    **Releases by the Debtors.** Pursuant to and as set forth in full in Article X.J.2 of the Plan, in furtherance of the Abuse Claims Settlement, on the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, on their own behalf and as representatives of their respective Estates, and Reorganized BSA, are deemed to release each and all of the Local Councils, the Contributing Chartered Organizations, the Participating Chartered Organizations, the Opt-Out Chartered Organizations, and the Settling Insurance Companies of and from all claims that the Debtors, their Estates, or Reorganized BSA have against such parties with respect to various abuse claims under the Plan.

    **Releases Among Contributing Chartered Organizations and Settlement Parties.** Article X.J.5 of the Plan contains a release by the Contributing Chartered Organizations, including the United Methodist Entities, of the Settlement Parties, which includes the Debtors, Reorganized BSA, the Related Non-Debtor Entities, the Local Councils, the other Protected Parties, the Limited Protected Parties, the Settling Insurance Companies, the Future

Claimants' Representative, the Coalition, the Tort Claimants' Committee, and the Settlement Trust, for any and all Claims in connection with, among other things, the Abuse Claims and the Chapter 11 Cases. Article X.J.5 also contains a reciprocal release by the Settlement Parties of the Contributing Chartered Organizations.

**Settlement Trust.** Pursuant to the terms of the Plan, Confirmation Order, and applicable Settlement Trust documents, the Settlement Trust has been created and funded to compensate holders of Abuse Claims and resolve all Abuse Claims channeled to the Settlement Trust in accordance with the Trust Distribution Procedures. The Settlement Trust will establish a website at www.ScoutingSettlementTrust.com to provide more information about the Settlement Trust, including information regarding claims.

**Insurance Entity Injunction.** Article X.H of the Plan contains injunctions against claims relating to any Abuse Insurance Policy or other insurance policy issued by a Settling Insurance Company covering Abuse Claims. Pursuant to the terms of Article X.H of the Plan, as of the Effective Date, all holders of Claims based upon, attributable to, arising out of, or in any way connected with any Abuse Insurance Policy or other insurance policy issued by a Settling Insurance Company covering Abuse Claims shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such claim or cause of action.

**One Year Limited Protected Party Injunction for Chartered Organizations.** Article X.F.2 of the Plan contains the Limited Protected Party Injunction, which stays the prosecution of any Abuse Claim that was commenced prior to or after the Effective Date against a Chartered Organization through the later of (a) forty-five (45) days after the resolution of the Abuse Claim that is subject to the Independent Review under the Trust Distribution Procedures or (b) the Limited Protected Party Injunction Date, which is the twelve (12) month period following the Effective Date, as may be extended pursuant to the Settlement Trust Agreement, to afford Participating Chartered Organizations an opportunity to negotiate an appropriate settlement with the Settlement Trust and become a Contributing Chartered Organization. The Settlement Trust will establish a website at www.ScoutingSettlementTrust.com to provide further information.

## RELEASES AFFECTING PARTIES OTHER THAN HOLDERS OF ABUSE CLAIMS

**Releases by the Debtors and the Estates.** Article X.J.1 of the Plan contains a release by the Debtors, Reorganized BSA, and the Estates of certain Released Parties, including the Debtors, Reorganized BSA, the Related Non-Debtor Entities, the Creditors' Committee, the Tort Claimants' Committee, the Future Claimants' Representative, the Coalition, JPM, the Settling Insurance Companies, the Contributing Chartered Organizations, including the United Methodist Entities, the Foundation, the Ad Hoc Committee, the Mediators, and all of such Persons' Representatives. Pursuant to Article X.J.1 of the Plan, as of the Effective Date, the Released Parties are deemed released from any Estate Causes of Action that do not constitute Settlement Trust Causes of Action and any and all other Claims in connection with or related to the Debtors and their Estates.

**Releases by Holders of Claims.** Article X.J.4 of the Plan contains a release of the Released Parties by the Releasing Claim Holders, which generally includes holders of Claims that voted on the Plan or were presumed to accept the Plan and did not opt out of such releases as set forth in full in the Plan. Except as otherwise provided in the Plan or Confirmation Order, pursuant to Article X.J.4 of the Plan, the Releasing Claim Holders are deemed to release the Released Parties for any and all Claims and Causes of Action relating to, among other things, the Debtors, their Estates, the Chapter 11 Cases, and the various settlements under the Plan.

## EXCULPATION, DISCHARGE AND INJUNCTION

Articles X.K and X.L of the Plan contain provisions exculpating the Exculpated Parties, which include the Debtors, (b) the Creditors' Committee, (c) the members of the Creditors' Committee in their capacities as such, (d) the Tort Claimants' Committee, (e) the members of the Tort Claimants' Committee in their capacities as such, (f) the Future Claimants' Representative, (g) all of the Debtors' current officers and directors, and former officers and directors who served in such capacity during any portion of the Chapter 11 Cases, and (h) each of the Debtors', Creditors' Committee's, Tort Claimants' Committee's or Future Claimants' Representative's employees, volunteers, agents, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals (each in their capacity as such). The Exculpated Parties shall have no liability to any person for any

4

Claims or Causes of Action arising on or after the Petition Date and on or before the Effective Date related to the Chapter 11 Cases.

Pursuant to the terms of the Plan and Confirmation Order, including Article X.D of the Plan, with certain limited exceptions, the rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge, and release of all claims arising on or before the Effective Date. With certain limited exceptions, as of the Effective Date, confirmation of the Plan discharges the Debtors from all Claims.

## PROFESSIONAL FEE CLAIMS

In accordance with Article II.A of the Plan and the Confirmation Order, Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) or under Article V.T of the Plan, for services rendered during the period from the Petition Date to and including the Effective Date must file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtors and the United States Trustee no later than **June 5, 2023**.

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND REJECTION DAMAGES CLAIMS

**Assumption.** On the Effective Date, except as otherwise provided in the Plan, all Executory Contracts and Unexpired Leases shall be deemed assumed by Reorganized BSA without the need for any further notice to or action, order, or approval of the Bankruptcy Court under sections 365 or 1123 of the Bankruptcy Code, except for Executory Contracts or Unexpired Leases: (a) that were identified on the Rejected Contracts and Unexpired Leases Schedule; (b) that previously expired or terminated pursuant to their terms; (c) that the Debtors have previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court; (d) that are the subject of a motion to reject that remains pending as of the Effective Date; (e) as to which the effective date of rejection will occur (or is requested by the Debtors to occur) after the Effective Date; or (f) as to which the Debtors or Reorganized BSA, as applicable, determine, in the exercise of their reasonable business judgment, that the Cure Amount, as determined by a Final Order or as otherwise finally resolved, would render assumption of such Executory Contract or Unexpired Lease unfavorable to Debtors or Reorganized BSA.

Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumption or rejection, as applicable, of Executory Contracts or Unexpired Leases pursuant to the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code. Except as otherwise set forth in the Plan, the assumption or rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be effective as of the Effective Date. The Debtors' assumption or assumption and assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise, and payment of any applicable Cure Amount in accordance with the procedures set forth in Article VI.C of the Plan, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed, or assumed and assigned, Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

**Rejection Damages Bar Date.** As set forth in Article VI of the Plan, unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim for Rejection Damages Claims, if any, must be filed within thirty (30) days after the latest to occur of: (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; (2) the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) the Effective Date of the Plan (as applicable, the "Rejection Damages Bar Date"). Claims arising from the rejection of an Executory Contract or Unexpired Leases shall be classified as General Unsecured Claims and subject to the provisions of Article VII of the Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

## BANKRUPTCY RULE 2002 NOTICE

To the extent you filed a request for notice under Bankruptcy Rule 2002 prior to the Effective Date, you must file a renewed request with the Bankruptcy Court after the Effective Date to continue to receive documents pursuant to Bankruptcy Rule 2002.

**ACCESS TO DOCUMENTS**

Copies of the Plan, Confirmation Order, the Settlement Trust Documents, or any other pleadings or documents filed in these chapter 11 cases may be obtained free of charge by visiting https://cases.omniagentsolutions.com/bsa or for a fee via PACER at http://www.deb.uscourts.gov. The Settlement Trust will establish a website to provide more information about the Settlement Trust, including the Settlement Trust Agreement and the Trust Distribution Procedures, which will be available free of charge at www.ScoutingSettlementTrust.com.

Dated: April 19, 2023

| | |
|---|---|
| WHITE & CASE LLP<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email:  jessica.lauria@whitecase.com<br><br>– and –<br><br>WHITE & CASE LLP<br><br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 881-5400<br>Email:  mandolina@whitecase.com<br>         mlinder@whitecase.com<br>         laura.baccash@whitecase.com<br>         blair.warner@whitecase.com | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br> Email:  dabbott@morrisnichols.com<br>          aremming@morrisnichols.com<br>          ptopper@morrisnichols.com<br>          tremington@morrisnichols.com |

*Attorneys for the Debtors and Debtors in Possession*

6