# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 11209**<br><br>Objection Deadline: May 31, 2023, at 4:00 p.m. (ET)<br>Hearing Date: June 22, 2023, at 10:00 a.m. (ET) |

## SETTLEMENT TRUSTEE'S RESPONSE TO MOTION FOR AN ORDER DEEMING PREVIOUSLY FILED PROOFS OF CLAIM TO BE DEEMED TIMELY FILED

The Honorable Barbara J. Houser (ret.), Trustee (the "Settlement Trustee") of the BSA Settlement Trust (the "Settlement Trust"), created by the BSA Settlement Trust Agreement, dated as of April 19, 2023 (the "Settlement Trust Agreement"), implemented pursuant to the *Third Modified Firth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10296] (the "Plan"), confirmed in the above-captioned chapter 11 cases, hereby responds to the *Motion for an Order Deeming Previously Filed Proofs of Claim to be Deemed Timely Filed* [Docket No. 11209] (the "Motion"), filed by three claimants (the "K&K Claimants") represented by Krause and Kinsman, LLC ("K&K"), and states as follows:

## BACKGROUND

1. On May 26, 2020, at the request of the Debtors, this Court entered its order [Docket No. 695] setting November 16, 2020, as the deadline for filing a Sexual Abuse Survivor Proof of Claim.

2. Pursuant to this Court's opinion [Docket No. 10136], supplemental findings and order [Docket No. 10316], and the district court's order affirming the Plan [Docket No. 11057], the Plan was confirmed and became effective on April 19, 2023. *See* [Docket No. 11119].

3. In confirming the Plan, this Court found that "Direct Abuse Claims will be paid in full" based on a valuation of such claims in the range of $2.4 billion to $3.6 billion. *In re Boy Scouts of Am.*, 642 B.R. 504, 557, 562 (Bankr. D. Del. 2022).

4. According to the Settlement Trust Agreement, implemented by the Plan, the Settlement Trustee is a fiduciary to the Settlement Trust, tasked with administering and fulfilling the purposes of the Settlement Trust to "(i) assume all liability for the Channeled Claims, (ii) administer the Channeled Claims and (iii) make distributions to holders of compensable Abuse Claims …." Settlement Trust Agreement §§ 1.2, 2.1(b). In order to carry out its function, the Plan provides that "[o]n the Effective Date, the Settlement Trust shall implement the Trust Distribution Procedures in accordance with the terms of the Settlement Trust Agreement. From and after the Effective Date, the Settlement Trustee shall have the authority to administer … the Trust Distribution Procedures …." Plan §IV.I. at 72.

5. On May 10, 2023, the K&K Claimants filed the Motion. According to the Motion, the Debtors' claims and noticing agent, Omni Agent Solutions, received the K&K Claimants' proofs of claim on March 15 and 21, 2023. Motion ¶ 27 at 6. The Motion provides few details regarding the circumstances of how and why the K&K Claimants' proofs of claim were filed two (2) years and four (4) months after the Bar Date, mentioning only how K&K "recently learned that OMNI does not have record" of the relevant proof of claim, that such proof of claim "was not timely filed and/or OMNI has no record" of it; however, with respect to

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing

all the K&K Claimants' claims, the errors appear to have been caused by K&K's "clerical error." Motion ¶¶ 11, 12, 18, 19, 24 and 25 at 3, 4, 5 and 10.

## DISCUSSION

6. Although the Settlement Trustee's authority to address Abuse Claims through the Trust Distribution Procedures is explicit, the Settlement Trustee's role before this Court in objecting to Abuse Claims and responding to efforts by Direct Abuse Claimants to assert additional, late claims against the Settlement Trust notwithstanding the Bar Date is less clear.[2] In recognition of these circumstances, the Settlement Trustee requested that the Debtors "defend" their Bar Date and their requested confirmation finding regarding how the Plan provides for the full payment of Abuse Claims, and file a substantive response to the Motion. The Debtors refused to do so.

7. The Settlement Trustee is concerned that the Debtors' determination to default in response to this Motion – and, presumably, other motions that may seek to augment the claim pool through the allowance of late claims – raises the potential for opening the proverbial floodgates to other claimants and their counsel who now – some 2 ½ years after this Court's Bar Date – may seek to submit Abuse Claims in order to assert a right to distributions from the limited funds held by the Settlement Trust, to the detriment of other holders of Abuse Claims.

8. Needless to say, a court's determination that a tardy action be deemed timely is not automatic and requires a robust showing under Rule 9006(b)(1) of the Federal Rules of

---

address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The Trust Distribution Procedures ("TDP") state unequivocally: "These TDP and any procedures designated in these TDP, including the Individual Review Option, shall be the sole and exclusive methods by which an Abuse Claimant may seek allowance and distribution on an Abuse Claim …." TDP § I.D. at 2. The TDP also state: "To be eligible to potentially receive compensation from the Settlement Trust on account of a Direct Abuse Claim, a Direct Abuse Claimant, other than holders of Future Abuse Claims must …. have timely submitted an Abuse Proof of Claim …. Direct Abuse Claims can only be timely submitted as follows: … a Direct Abuse Claim for which a Proof of Claim was filed in the Chapter 11 Cases before the Bar Date or if determined timely by the Bankruptcy

3

Bankruptcy Procedure and the standards set forth in *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). If the Debtor is not going to review these motions and respond thereto, the Settlement Trustee respectfully requests that the Court not treat a late claim motion to which no response is timely filed as a "default" and thereby grant the motion without requiring the moving party to satisfy its burden of proof as required by applicable law.

9. The allegations set forth in the Motion do not satisfy the requirements for excusable neglect set forth by the Supreme Court in *Pioneer*.

## CONCLUSION

10. Under these circumstances, the Settlement Trustee believes it is critical that the Court be presented with and review the evidence in support of any excusable neglect finding on a case-by-case basis and only grant this Motion – or any similar late claim motion – upon an appropriate showing.

---

Court … shall, without any further action by the Abuse Claimant, be deemed a timely submitted Abuse Proof of Claim to the Settlement Trust." *Id.* § IV.A. at 5.

DOCS_LA:349309.3 85355/001

Dated: May 31, 2023			PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
		dgrassgreen@pszjlaw.com
		mpagay@pszjlaw.com
		joneill@pszjlaw.com

*Co-Counsel for the Honorable Barbara J. Houser (Ret.), Trustee*