**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC[1], | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Objection Deadline: June 26, 2023 at 4:00 p.m.** |
| | **Hearing Date: To be scheduled** |

**SUMMARY OF FINAL FEE APPLICATION OF THE CLARO GROUP, LLC AS EXPERT CONSULTANTS TO THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE FINAL PERIOD FROM SEPTEMBER 1, 2021 THROUGH AND INCLUDING MARCH 31, 2022**

| | |
|---|---|
| Name of Applicant: | **The Claro Group, LLC** |
| Authorized to Provide Professional Services to: | **Official Tort Claimants' Committee** |
| Date of Retention: | **September 1, 2021 by order entered on or about October 8, 2021** |
| Final Period for which compensation and reimbursement is sought: | **September 1, 2021 through March 31, 2022** |
| Final Amount of Compensation sought as actual, reasonable, and necessary: | **$1,840,878.55[2]** |
| Final Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | **$0.00** |
| Total amount of allowed compensation paid to date: | **$1,507,824.00** |
| Amount of unpaid compensation sought as actual, reasonable, and necessary to date: | **$333,054.55** |
| Amount of unpaid expenses sought as actual, reasonable, and necessary to date: | **$0.00** |

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] Reflects a voluntary reduction of $43,901.45.

This is a(n): ____ monthly ___ interim __X__ final application

Prior Monthly and Interim Fee Applications Filed:

| Date Filed; Docket No. | Period Covered | Services Rendered | | Requested | | Paid | | Amount Outstanding | |
|---|---|---|---|---|---|---|---|---|---|
| | | Total Billed | Less: Voluntary Reduction | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 1/28/2022; D.I. 8555 | Combined Monthly 9/1/21 - 11/30/21 | $ 1,019,775.50 | $ (28,516.95) | $ 991,258.55 | $ - | $ 815,820.40 | $ - | $ 175,438.15 | $ - |
| 4/28/2022; D.I. 9748 | Interim 9/1/21 - 11/30/21 | $ 1,019,775.50 | $ (28,516.95) | $ 991,258.55 | $ - | $ 815,820.40 | $ - | $ 175,438.15 | $ - |
| 3/29/2022; D.I. 9515 | Combined Monthly & Interim 12/1/21 - 1/31/22 | 713,435.50 | (15,384.50) | 698,051.00 | - | 570,748.40 | - | 127,302.60 | - |
| 6/10/2022; D.I. 9918 | Combined Monthly 2/1/22 - 3/31/22 | 151,569.00 | - | 151,569.00 | - | 121,255.20 | - | 30,313.80 | - |
| | Total | $ 1,884,780.00 | $ (43,901.45) | $ 1,840,878.55 | $ - | $ 1,507,824.00 | $ - | $ 333,054.55 | - |

## COMPENSATION BY PROFESSIONAL
## FOR THE FINAL PERIOD SEPTEMBER 1, 2021 THROUGH MARCH 31, 2022

| Name of Professional | Position[3] | Hourly Rate 2021[4] | Total Hours 2021 | Hourly Rate 2022[4] | Total Hours 2022 | Total Compensation |
|---|---|---|---|---|---|---|
| McNally, Katheryn | Managing Director | $ 625.00 | 427.50 | $ 625.00 | 220.70 | $ 405,125.00 |
| Cadarette Jr., John | Managing Director | 675.00 | 40.00 | 675.00 | - | 27,000.00 |
| Raiff, Matthew | Managing Director | 625.00 | 29.00 | 625.00 | 92.20 | 75,750.00 |
| Krock, Joseph | Managing Director | 625.00 | - | 625.00 | 3.90 | 2,437.50 |
| Kumpinsky, Ariel | Director | 495.00 | 22.90 | | - | 11,335.50 |
| Nicholson, Brent | Director | 495.00 | 182.60 | 520.00 | 61.40 | 122,315.00 |
| Brady, Michael | Senior Manager | 395.00 | 29.30 | | - | 11,573.50 |
| Harriman, Allison | Senior Manager | 395.00 | 346.50 | 415.00 | 167.90 | 206,546.00 |
| McHenry, Gina | Senior Manager | 395.00 | 405.60 | 415.00 | 144.10 | 220,013.50 |
| Trilla, Barry | Senior Manager | 395.00 | 160.80 | 415.00 | 31.70 | 76,671.50 |
| Nguyen, Hung | Manager | 350.00 | 70.90 | 370.00 | - | 24,815.00 |
| Unverzagt, Eric | Manager | 350.00 | 19.50 | 370.00 | - | 6,825.00 |
| Young, Andrew | Manager | 305.00 | 553.10 | 370.00 | 113.80 | 210,801.50 |
| Boswell, Anne Margaret | Senior Consultant | 305.00 | 104.10 | 320.00 | 11.70 | 35,494.50 |
| Schoenfeld, Erika | Senior Consultant | 305.00 | 211.20 | 320.00 | 1.30 | 64,832.00 |
| Tecce, Brendan | Senior Consultant | 305.00 | 80.90 | 320.00 | 16.20 | 29,858.50 |
| Burke, Evan | Consultant | 290.00 | 133.10 | 305.00 | 0.80 | 38,843.00 |
| DeLarm, Carolyn | Consultant | 290.00 | 208.70 | 305.00 | 8.80 | 63,207.00 |
| Martisauski, Brad | Analyst | 265.00 | 180.10 | 280.00 | 8.40 | 50,078.50 |
| Smith, Hannah | Analyst | 265.00 | 339.50 | 280.00 | 130.80 | 126,591.50 |
| Woloszyk, Evan | Analyst | 265.00 | 234.00 | 280.00 | 45.20 | 74,666.00 |
| | Subtotal | | 3,779.30 | | 1,058.90 | $ 1,884,780.00 |
| | Less: Voluntary Reduction | | | | | $ (43,901.45) |
| | Grand Total | | | | | $ 1,840,878.55 |
| | Blended Rate | $ 372.08 | | $ 451.95 | | |

[3] Position status as of January 1, 2022.
[4] As of January 1, 2022, The Claro Group implemented a scheduled adjustment to hourly rates for many of its employees. Such adjustments are reflected in the figures in these columns.

DOCS_LA:337217.1 76136/003

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE FINAL PERIOD SEPTEMBER 1, 2021 THROUGH MARCH 31, 2022**

| Project Category | Total Hours 2021 | Total Hours 2022 | Total Compensation |
|---|---|---|---|
| Claim Valuation | 605.5 | - | $ 229,558.50 |
| Comparable Matters Research/Analysis | 394.3 | - | 140,860.50 |
| Confirmation Hearing Preparation and Attendance | - | 21.5 | 10,821.50 |
| Database Validation | 547.7 | - | 187,898.50 |
| Deposition Attendance | - | 15.4 | 9,625.00 |
| Fee Application Preparation | 25.2 | 70.2 | 32,188.50 |
| Insurance Coverage Analysis | 889.0 | - | 327,325.50 |
| McNally Deposition Preparation | - | 177.1 | 76,488.00 |
| Other Expert Reports - Analysis for Rebuttal / Deposition | 361.3 | 671.9 | 452,561.50 |
| Report Preparation Including Rebuttal Reports | 871.6 | 102.8 | 387,038.00 |
| Survivor Projection | 84.7 | - | 30,414.50 |
| **Subtotal** | **3,779.3** | **1,058.9** | **$ 1,884,780.00** |
| **Less: Voluntary Reduction** | | | **$ (43,901.45)** |
| **Grand Total** | | | **$ 1,840,878.55** |

**EXPENSE SUMMARY**
**FOR THE FINAL PERIOD SEPTEMBER 1, 2021 THROUGH MARCH 31, 2022**

| Expenses Category | Total Expenses |
|---|---|
| None | - |
| **Total Disbursements** | **$        -** |

DOCS_LA:337217.1 76136/003

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC [1], | ) Jointly Administered |
| | ) |
| Debtors. | ) **Objection Deadline: June 26, 2023 at 4:00 p.m.** |
| | ) **Hearing Date: To be scheduled** |
| | ) |

**FINAL FEE APPLICATION OF THE CLARO GROUP, LLC AS EXPERT CONSULTANTS TO THE OFFICIAL TORT CLAIMANTS' COMMITTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE FINAL PERIOD FROM SEPTEMBER 1, 2021 THROUGH AND MARCH 31, 2022**

Pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Court's *"Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief"* (the "Interim Compensation Order") [Docket No. 341], and the *"Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief,"* signed on or about August 6, 2021 [Docket No. 5899] (the "Amended Administrative Order"), The Claro Group, LLC ("Claro" or "Applicant"), expert consultants and expert witness to the Official Tort Claimants' Committee ("Tort Claimants' Committee" or "TCC")

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

in the chapter 11 bankruptcy cases of Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), hereby submits this application (the "Application")  for final allowance of compensation in the amount of $1,840,878.55[2] and reimbursement of expenses in the amount of $0.00 for the period September 1, 2021 Through March 31, 2022 (the "Final Fee Period").  In support of this application, The Claro Group, LLC respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

2.      The statutory bases for relief requested herein are Bankruptcy Code sections 105(a), 330, and 331.

## Background

3.      On February 18, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, the Debtors also filed certain motions and applications seeking certain "first day" orders.  The factual background relating to the Debtors' commencement of these cases is set forth in the "*Declaration of Brian Whittman In Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*" [Docket No. 16].

4.      The Debtors continued in possession of their property and continued to operate and manage their businesses as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Reflects a voluntary reduction of $43,901.45.

5.     On or around March 4, 2020 (the "Committee Formation Date"), the Office of the United States Trustee (the "US Trustee") formed the Tort Claimants' Committee to represent all tort claimants of the Debtors pursuant to section 1102 of the Bankruptcy Code.  *See* Docket No. 142. On the Committee Formation Date, the Tort Claimants' Committee determined to retain, subject to Court approval, Pachulski Stang Ziehl & Jones LLP ("PSZJ" or "Counsel") as counsel to represent the Tort Claimants' Committee in all matters during the pendency of these chapter 11 cases.  The Court approved the appointment of PSZJ.  *See* Docket No. 398.

6.     After the Committee Formation Date, the Tort Claimants' Committee determined to retain, subject to Court approval, Claro as its expert consultants and expert witness in the Debtors' cases.  On October 8, 2021, the Court entered its "*Order Authorizing and Approving the Tort Claimants' Committee's Application for Entry of an Order Under 11 U.S.C. §§ 1103(a) and 328(a) and Fed. R. Bankr. P. 2014(a) Authorizing Retention of The Claro Group LLC as Expert Consultant on Sexual Abuse and Expert Witness Effective as of September 1, 2021*" (the "Retention Order") [Docket No. 6527].  The Retention Order authorized Claro to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.  A copy of the Retention Order is attached hereto as **Exhibit A**.

7.     On or about April 6, 2020, the Court entered the Interim Compensation Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement of expenses, pursuant to the procedures specified therein.  On or about August 6, 2021, the Court signed the Amended Administrative Order. The Administrative Order, as amended by the Amended Administrative Order, provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) calendar days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty

percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses upon the filing of a Certificate of No Objection.  Beginning with the period ending May 31, 2020, at three-month intervals, each of the Professionals must file with the Court and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

8.     On January 28, 2022, Claro filed an application for fees in the amount of $1,019,775.50 and expenses in the amount of $0.00 for the time period covering September 1, 2021 through November 30, 2021 [Docket No. 8555]. To date, $815,820.40 has been paid to Claro pursuant to this fee application.

9.     On March 29, 2022, Claro filed an application for fees in the amount of $713,435.50 and expenses in the amount of $0.00 for the time period covering December 31, 2021 through January 1, 2022 [Docket No. 9515]. To date, $570,748.40 has been paid to Claro pursuant to this fee application.

10.     On June 10, 2022, Claro filed an application for fees in the amount of $151,569.00 and expenses in the amount of $0.00 for the time period covering February 1, 2022 through March 31, 2022 [Docket No. 9918]. To date, $121,255.20 has been paid to Claro pursuant to this fee application.

11.     On September 30, 2022, the ownership shares of Claro were sold to Stout Risius Ross, LLC ("Stout"). Thus, effective as of September 30, 2022 Stout owns Claro as opposed to the individual partners who previously retained ownership shares of Claro.  All fees sought pursuant to this Application were incurred prior to Stout's acquisition of Claro.  The Claro Group, LLC remains a legal entity and will receive payment of fees sought pursuant to this Final Fee Application, consistent with prior fee applications.

DOCS_LA:337217.1 76136/003

I.      **Final Fee Application**

   12. Claro incorporates by reference its three (3) previous monthly fee applications and all notices, certificates of no objections, and orders relating to such application.  Claro seeks final [add] [allowance and] approval of fees and expenses incurred during the Final Fee Period.

   13. During the Final Fee Period, Claro professionals expended a total of 4,838.2 hours.  A schedule setting forth the number of hours expended by each Claro professional who rendered services for the Tort Claimants' Committee during the Final Fee Period, their respective hourly rates, and the aggregate fees incurred by each such individual is attached hereto as Exhibit B. A schedule setting forth project categories utilized by Claro in the case, the aggregate number of hours expended by the professionals of Claro by project category, and the aggregate fees for each project category is attached hereto as Exhibit C.  A schedule specifying the categories of expenses for which Claro is seeking final allowance and the total amount for each category is attached hereto as Exhibit D. The time detail describing the work performed during the Final Fee Period is attached hereto as Exhibit E.

<b>Summary of Services by Project for the Final Period</b>

  A. <u>Claim Valuation</u>

  Fees:  $229,558.50 Total Hours:  605.50

 In order to properly execute its scope to provide valuation expertise on the sexual abuse claims at issue in this matter, Claro reviewed documents filed in this action that contained any information related to claim valuation, including the proposed Trust Distribution Procedures.  This included multiple versions of the Modified Fifth Amended Plan of Reorganization, the Disclosure

5

Statement, and numerous other documents that provided insight into one or more parties' view of the valuation of the claims or factors contributing to such valuation.

Claro analyzed the Tranche 6 data which compiled information from the over 82,000 Proof of Claim forms filed by sexual abuse claimants.  Tranche 6 data was provided by TCC Counsel and was used to extract information relevant to the valuation of such claims.  Work steps were included in the quality control of extracted data to ensure the consistency of attribute tracking and categorization among claimants.

Claro developed a framework for valuation of the sexual abuse claims filed in this matter, which stratified the claims based on several attributes.  Claro developed scaling factors that were incorporated into its analysis.  In addition to development of the valuation and discounting, Claro developed a claim valuation model to capture the results of the claim scoring for each claimant and to factor in results of its analysis of comparable litigation matters.

Claro also performed quality control checks on the claim valuation model prior to issuance of its Affirmative Report on December 5, 2021 ("McNally Expert Report") and incorporated updates as necessary and appropriate.

        B.      <u>Comparable Matters Research/Analysis</u>

           Fees:   $140,860.50      Total Hours:   394.30

Claro performed research to identify and capture relevant information related to matters that may be considered comparable for the purpose of valuing the sexual abuse claims filed in this case. In addition, Claro reviewed the potentially comparable matters to extract relevant attributes for data analysis, and performed analysis on resulting data points to observe trends in the data.

        C.      <u>Database Validation</u>

           Fees:   $187,898.50      Total Hours:   547.50

DOCS_LA:337217.1 76136/003

Tranche 6 data was provided to TCC by Bates White and many fields were taken from data extracted from the Proof of Claim forms by Omni.  During the extraction, certain fields were "standardized" or "normalized" by Omni and Bates White and certain fields were added by Bates White.  Because Claro was not directly involved in this process, Claro determined it was necessary to test the degree to which the Tranche 6 data accurately and comprehensively reflected the information contained in the Proof of Claim forms and confirm its reliability for purposes of Claro's analysis.  Claro developed a sampling methodology and tested over 54,000 fields to look for inconsistencies in the Tranche 6 data.  Claro relied on its sample to determine the extent to which the Tranche 6 data was reliable for purposes of developing a claim valuation.  Claro also performed generally accepted procedures to identify claims as additional potential duplicates not already flagged as such by Bates White, which included the development of additional potential duplicate identification procedures and application of those procedures to the 82,209 BSA Sexual Abuse Claims. During the course of its work, Claro was provided multiple versions of the claims database maintained by Bates White, requiring Claro to analyze and compare such versions to understand changes in the data.

> D.      Insurance Coverage Analysis
>
> Fees:   $327,325.50      Total Hours:  889.00

As part of Claro's scope and in order to inform the Court, Claro was asked to analyze available insurance coverage and allocate claim values amongst the various insurance policies to determine the insurers' potential share of the liabilities.  Claro identified key factors from the Tranche 6 data to use in its allocation, such as date of first abuse and local council name, as well as Claro's claim valuation.  Claro reviewed and standardized policy information for both BSA National Council coverage and Local Council coverage for insurance allocation purposes.  At TCC Counsel's direction, Claro then performed several different allocation scenarios using its claim valuation and the policy information input into the ICAS system to create a range of allocation results to numerous insurance carriers. Claro performed quality control checks on the results from the allocation scenarios outlined in the McNally Expert Report and developed Exhibits for the McNally Expert Report.  Claro reviewed the data and documents, including settlement agreements, relevant to its insurance coverage analysis.

E.      Survivor Population Estimate

Fees:  $30,414.50      Total Hours:  84.70

Claro assessed the reasonableness of the number of sexual abuse claims filed against BSA using two different methodologies. Such methodologies required research focused on the prevalence of sexual abuse, abusers, and reporting of abuse, and both methodologies necessitated detailed models to estimate the potential number of living survivors of childhood sexual abuse among current and former BSA members.  Both approaches were necessary to assess the reasonableness of the BSA sexual abuse claimant population.

F.      Report Preparation Including Rebuttal Reports

Fees:  $387,038.00     Total Hours:  974.4

     DOCS_LA:337217.1 76136/003

As part of its retention, Claro was asked to prepare an expert report analyzing the claims filed in the chapter 11 cases by over 82,000 survivors of alleged sexual abuse against BSA and provide opinions on a reasonable valuation range for the BSA sexual abuse claims in the aggregate. Additionally, Claro was asked to provide opinions with respect to the allocation of those claim valuations to known insurance coverage.  Ms. McNally and the Claro team prepared and submitted the McNally Expert Report and numerous exhibits to inform the Court and other parties in these chapter 11 cases related to Claro's methodology and opinions. After the submission of the McNally Expert Report on December 5, 2021, Claro was asked to develop an alternate allocation analysis reflecting additional allocation assumptions provided by Counsel, the results of which were addressed in a supplemental expert report.

Claro was also asked to prepare rebuttal expert reports analyzing the Bates White Report and methodology, the KCIC Report and methodology, and the Treacy Report and methodology.  Claro prepared and submitted the Rebuttal to Expert Report of Charles E. Bates ("Bates White Rebuttal"), the Rebuttal to Expert Reports of Nancy A. Gutzler and Expert Report of Eileen C. Treacy, Ph. D. and Supplemental Expert Report of Katheryn R. McNally, and numerous exhibits to inform the Court and other parties in these chapter 11 cases related to Claro's methodology and opinions.

Claro also performed analysis on the Methodist Abuse Claims.

G.       Confirmation Hearing Preparation and Attendance

Fees:  $10,821.50       Total Hours:  21.50

In March, Claro worked with Counsel to prepare for the confirmation hearing by participating in discussions regarding the new independent review process and the potential impacts to the success of the confirmation hearing

9

H.   Deposition Attendance

Fees:   $9,625.00        Total Hours:   15.40

Ms. McNally participated in two days of deposition.  The first day covered the claim

valuation analysis presented in the McNally Expert Report.  The second day covered analysis related

to the insurance coverage allocation analysis presented in the McNally Expert Report.  Claro

employees also attended other expert witness depositions at the request of Counsel.

I.   Other Expert Reports – Analysis for Rebuttal/Deposition

Fees:   $452,561.50     Total Hours:   1,033.20

After submission of the McNally Expert Report on December 5, 2021, Claro reviewed and

analyzed Debtors and Certain Insurers' Expert Reports including Charles E. Bates ("Bates White

Report"), Nancy A. Gutzler ("Gutzler Report"), Michael Burnett, ("Burnett Report"), Brian

Whittman ("Whittman Report"), Eileen C. Treacy, Ph.D. ("Treacy Report"), Marc C. Scarcella,

M.A. ("Scarcella Report"), and Michael Averill, ("Averill Report").

Claro analyzed the Expert Reports with respect to the methodology and opinions contained

therein, including inputs, assumptions, and data relied upon.  Claro performed analysis to consider

whether any of the information contained in the Bates White Report, Gutzler Report, or any other

report warranted an update to Claro's valuation of the BSA Sexual Abuse Claims or insurance

allocation analysis.  Claro performed analysis to identify flaws in the Bates White Report and correct

the flaws.  Claro analyzed the Gutzler Report for differences in assumptions.

DOCS_LA:337217.1 76136/003

After the submission of all parties' rebuttal reports on January 5, 2022, and the Supplemental Expert Reports issued throughout January, February and March, Claro analyzed and reviewed various rebuttal and supplemental reports at the request of counsel.  Claro performed analysis to consider whether any of the information contained in the Expert Rebuttal Reports warranted an update to Claro's valuation of the BSA Sexual Abuse Claims or insurance allocation analysis and determine whether any additional information was necessary to consider other experts' reports.

J.      McNally Deposition Preparation

Fees:   $76,488.00      Total Hours:   177.10

In preparation of deposition, Claro reviewed reports issued in this case and certain analysis supporting those reports and related opinions.

K.      Fee Application Preparation

Fees:   $32,188.50      Total Hours:   95.40

During the Final Fee Period, Claro updated and finalized its fee applications for the periods September 1, 2021 through November 30, 2021; December 1, 2021 through January 31, 2022; and February 1, 2021 through March 31, 2022.

Of note, prior to filing any fee application in this matter, Claro provides it fees and expenses to the TCC for review and comment and only files a fee application after it receives TCC approval of its fees and expenses.

**Description and Valuation of Services for the Final Fee Period**

14.     The rates charged to the Debtor's estate are Claro's normal hourly rates for work of this nature.  The reasonable value of the services rendered by Claro for the Tort Claimants' Committee during the Final Fee Period is $1,840,878.55.[3]

---

[3] Reflects a voluntary reduction of $43,901.45.

15.     In accordance with the factors enumerated in Bankruptcy Code section 330, it is respectfully submitted that the amount requested by Claro is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services, other than in a case under chapter 11 of the Bankruptcy Code.  Moreover, Claro has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with such Local Rule.

## Actual and Necessary Expenses

16.     Claro incurred a total of $0.00 in actual and necessary expenses in connection with representing the Official Tort Claimants' Committee during the Final Fee Period.

## No Other Payments Received

17.     Except as otherwise set forth in this Application, Claro received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.

18.     There is no agreement or understanding between Claro and any other person other than among the members of Claro for the sharing of compensation to be received for services rendered in the case.

## No Prior Relief

19.     16.     No prior application for the relief requested herein has been made to this or any other court.

## No Adverse Interest

20.     At all relevant times, Claro has neither represented nor held any interest adverse to the Debtor's estate.

DOCS_LA:337217.1 76136/003

**WHEREFORE**, Claro respectfully requests this Court:

(a) approve and allow, on a final basis, Claro's request for compensation in the amount of $1,840,878.55[4] for actual, reasonable, and necessary professional services rendered by Claro for the Tort Claimants' Committee for the final fee period from September 1, 2021 through March 31, 2022;

(b) directing payment by the Debtors of the outstanding amounts owed of $333,054.55; and

(c) grant such other and further relief as this Court deems just and proper.

Date: June 5, 2023

Katheryn McNally
Managing Director, The Claro Group, a Stout Business

EXPERT CONSULTANTS AND EXPERT WITNESS TO
THE OFFICIAL TORT CLAIMANTS' COMMITTEE

---

[4] Reflects a voluntary reduction of $43,901.45.

<u>CERTIFICATION</u>

I, Katheryn McNally, certify as follows:

1.    At all times during the Final Fee Period, I was a Managing Director for the applicant firm, The Claro Group, LLC.

2.    As a result of the acquisition of The Claro Group, LLC by Stout Risius Ross, LLC, I am now a Managing Director for Stout Risius Ross, LLC.

3.    I am thoroughly familiar with the work performed on behalf of the Official Tort Claimants' Committee as expert consultants and expert witness by the professionals and paraprofessionals of The Claro Group, LLC.

4.    The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

5.    I certify that I have reviewed the requirements of Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware and that the foregoing Application complies with this Rule.


Date: June 5, 2023

_____
Katheryn McNally
Managing Director, The Claro Group, a Stout Business