# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA and, DELAWARE BSA, LLC, | ) Case No. 20-10343 (LSS) |
| Debtors.[1] | ) |
| | ) **Obj. Deadline: June 26, 2023 at 4 p.m.** |
| | ) **Hrg. Date: TBD** |

## COVER SHEET FOR
## ELEVENTH INTERIM AND FINAL APPLICATION OF WHITE & CASE LLP, AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | White & Case LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective September 23, 2020 |
| Period for which interim compensation and reimbursement is sought: | February 1, 2023 – April 19, 2023 (the "Interim Period") |
| Interim Period; amount of compensation sought as actual, reasonable, and necessary: | $2,882,772.00 |
| Interim Period; amount of expense reimbursement sought as actual, reasonable, and necessary: | $145,499.81 |
| Period for which final compensation and reimbursement is sought: | September 23, 2020 – April 19, 2023 (the "Final Period") |
| Final Period; amount of compensation sought as actual, reasonable, and necessary, after reductions agreed to: | $70,424,007.25 |
| Final Period; amount of expense reimbursement sought as actual, reasonable, and necessary, after reductions agreed to: | $2,734,658.57 |

This is a combined interim and final application.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**INTERIM FEE APPLICATIONS FILED**

| | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) |
|---|---|---|---|---|---|---|---|---|
| | | | Requested | | Approved On Monthly Basis | | Holdback | |
| | Date; D.I. | Period Covered | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 1 | 11/30/2020 D.I. 1761 | September 23, 2020 – October 2020 | $710,671.00 | $0.00 | $568,536.80 | $0.00 | $142,134.20 | $0.00 |
| 2 | 3/16/2021 D.I. 2392 | November 2020 – January 2021 | $4,557,202.50 | $3,280.13 | $3,645,762.00 | $3,280.13 | $911,440.50 | $0.00 |
| 3 | 10/22/2021 D.I. 6789 | February 2021 – April 2021 | $7,649,832.00 | $6,156.37 | $6,119,865.60 | $6,156.37 | $1,529,966.40 | $0.00 |
| 4 | 10/29/2021 D.I. 6869 | May 2021 – July 2021 | $8,824,446.50 | $73,955.80 | $7,059,557.20 | $73,955.80 | $1,764,889.30 | $0.00 |
| 5 | 1/18/2022 D.I. 8355 | August 2021 – October 2021 | $9,604,348.50 | $174,032.26 | $7,683,478.80 | $174,032.26 | $1,920,869.70 | $0.00 |
| 6 | 5/23/2022 D.I. 9845 | November 2021 – January 2022 | $13,822,064.50 | $924,646.06 | $11,137,683.60 | $924,646.06 | $2,784,420.90 | $0.00 |
| 7 | 8/23/2022 D.I. 10233 | February 2022 – April 2022 | $14,703,546.50 | $747,327.27 | $11,762,837.20 | $747,327.27 | $2,940,709.30 | $0.00 |
| 8 | 10/7/2022 D.I. 10567 | May 2022 – July 2022 | $1,729,425.00 | $373,797.04 | $1,383,540.00 | $373,797.04 | $345,885.00 | $0.00 |
| 9 | 4/7/2023 D.I. 11089 | August 2022 – October 2022 | $3,898,610.50 | $147,415.36 | $3,118,888.40 | $147,415.36 | $779,722.10 | $0.00 |
| 10 | 4/10/2023 D.I. 11090 | November 2022 – January 2023 | $3,447,792.50 | $146,510.04 | $2,758,234.00 | $146,510.04 | $689,558.50 | $0.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BOY SCOUTS OF AMERICA and, DELAWARE BSA, LLC, | ) Case No. 20-10343 (LSS) |
| Debtor.[1] | ) |

## ELEVENTH INTERIM AND FINAL APPLICATION OF WHITE & CASE LLP, AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [Docket No. 341] as amended by the *Order Amending the Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 5899] (together, the "Compensation Procedures Order"), the *Order Appointing Fee Examiner and Establishing Related Procedures* [D.I. 1342] (the "Fee Examiner Order"), the *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10316] (the "Confirmation Order"), and the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10296] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "Plan"), White & Case LLP ("White & Case"), attorneys for the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits this eleventh interim and final application (this "Application"), requesting that the Court: (a) allow reasonable compensation for legal services rendered and reimbursement of actual and necessary expenses incurred on behalf of the Debtor (i) for the Interim Period, the amounts of $2,882,772.00 in fees and $145,499.81 in actual and necessary expenses, and (ii) for the Final Period, the amounts of $70,424,007.25 in fees (reflecting reductions previously agreed to) and $2,734,658.57 in actual and necessary expenses (reflecting reductions previously agreed to); and (b) grant such other and further relief as is just and proper; and respectfully represents as follows:

**Introduction**

1. On February 18, 2020 (the "Petition Date"), the Debtors filed these Chapter 11 Cases to address the claims related to historical abuse in the Debtor's programs. Because of this historical abuse, survivors had taken legal action against the BSA and Local Councils in the civil tort system. The sheer number of claims along with concurrent changes in state statutes of limitations placed tremendous financial pressure on the organization. The unsustainable financial cost of continuing to engage in piecemeal litigation countrywide and the danger of inconsistent judicial outcomes led the BSA to decide to file these Chapter 11 Cases to achieve an equitable resolution of abuse claims.

2.  During these Chapter 11 Cases, White & Case worked closely with the Debtor's board, officers, and other professionals to strategically guide the Debtor through a successful chapter 11 process that, among other things, (a) provided a centralized and efficient forum for the orderly resolution of abuse claims, (b) equitably addressed insurer's claims, and (c) preserved the Project safely and securely while pursuing a process that ultimately maximized the value of the Debtor's assets and resolved legitimate claims. While the Chapter 11 Cases lasted over three years, it included extensive litigation, hard-fought negotiations, and significant complexity. Multiple versions of the chapter 11 plan were developed, negotiated, and filed. Thanks to the significant efforts of the Debtor's directors and officers, advisors, the Debtors were able to reach settlements with nearly all major stakeholders in the Chapter 11 Cases. The Court entered the Confirmation Order on September 8, 2022, and the Effective Date under the Plan occurred on April 19, 2023.

3.  By this Application, White & Case requests approval of compensation earned and expenses incurred during the Interim Period, being the eleventh interim period, and approval on a final basis of all compensation earned and expenses incurred throughout these Chapter 11 Cases.

**Factual Background**

4.  The Debtors commenced this case on the Petition Date, and they continue to operate their non-profit organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.  On March 5, 2020, the Office of the United States Trustee for the District of Delaware appointed an official committee of tort claimants and an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5

6. On April 24, 2020, the Court appointed James L. Patton, Jr. as the legal representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. The Court has authorized the Debtors to retain and employ White & Case as their lead bankruptcy counsel, *nunc pro tunc* to September 23, 2020, pursuant to the *Order Authorizing the Retention and Employment of White & Case LLP as Attorneys to the Debtors and Debtors in Possession, Effective as of September 23, 2020* [D.I. 1698] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate and reimburse White & Case in accordance with the terms and conditions set forth in the Debtors' application to retain White & Case, subject to White & Case's application to the Court.

8. On April 6, 2020, the Court entered the Compensation Procedures Order, which was subsequently amended by the Court. The Compensation Procedures Order provided a process whereby professionals would file on a monthly basis application for interim allowance of compensation earned and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application") and thereafter could be paid a portion of the amounts sought therein. When the Compensation Procedure Order was subsequently amended, the Court deferred the determination of all Interim Fee Applications to the Final Fee Applications.

9. On September 18, 2020, the Court entered the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [D.I. 1342] (the "Fee Examiner Order"). A copy of this Application will be served on the fee examiner.

10. On September 8, 2022, the Court entered the Confirmation Order, thereby confirming the Plan.

11. On April 19, 2023, the Effective Date under the Plan occurred.

12. The Plan provides that each professional shall be required to file with the Bankruptcy Court, and serve on all parties required to receive notice, a final fee application within forty-five (45) days after the Effective Date. Plan Art. II.D.a. The Plan further provides that such final fee application shall cover fee and expenses through the Confirmation Date, and that post-Confirmation Date fees and expenses would no longer be subject to approval by the Bankruptcy Court. Plan Art. II.D.d.

13. Throughout the course of these Chapter 11 Cases, White & Case has submitted, and been paid under, monthly fee applications. White & Case has also submitted interim fee applications. Such monthly and interim fee applications are incorporated herein by reference.

14. All services rendered by White & Case for which compensation is sought pursuant to this Application were rendered solely to or on behalf of the Debtors. No payments were received by White & Case from any other source for services rendered or to be rendered in connection with these Chapter 11 cases.

## Jurisdiction

15. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

16. By this Application, pursuant to sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Procedures, the Confirmation Order, and the Plan, White & Case seeks allowance of compensation and reimbursement of expenses incurred as follows:

(a) for the Interim Period, $2,882,772.00 in fees and $145,499.81 in actual and necessary expenses;

    (A) A summary of total fees and hours by timekeeper is attached hereto as **Exhibit A**;

    (B) A summary of compensation by project category is attached hereto as **Exhibit B**;

    (C) A summary of expenses is attached hereto as **Exhibit C**;

    (D) The customary and comparable compensation disclosures for White & Case are attached hereto as **Exhibit D**;

    (E) A summary of the Application for the Interim Period, based on U.S. Trustee Guidelines Exhibit E, is attached hereto as **Exhibit E**; and

    (F) The budget and staffing plan for the Interim Period is attached as **Exhibit F**.

(b) for the Final Period, $70,424,007.25 in fees (reflecting reductions previously agreed to) and $2,734,658.57 in actual and necessary expenses fees (reflecting reductions previously agreed to);

    (A) A summary of total fees and hours by timekeeper is attached hereto as **Exhibit G**;

    (B) A summary of total fees and hours by project category is attached hereto as **Exhibit H**;

    (C) A summary of total fees and hours by project category and by timekeeper is attached hereto as **Exhibit I**;

    (D) Narrative summaries by project category are attached as **Exhibit J**;

    (E) A summary of expenses is attached hereto as **Exhibit K**; and

    (F) A summary of the Application for the Final Period, based on U.S. Trustee Guidelines Exhibit E, is attached hereto as **Exhibit L.**

17. With respect to the summary tables attached hereto, White & Case notes that due to the nature of such reductions, the summary tables do not reflect the post-filing reductions agreed to by White & Case with the US Trustee, the Debtors, and/or the Fee Examiner. In short, such summary tables reflect a summary of fees and expenses contained within the monthly fee applications as filed.

### Services Rendered by White & Case

18. During the Final Period, White & Case professionals and paraprofessionals billed their time—72,508.0 hours—for services rendered on behalf of the Debtor to thirty-nine distinct project categories. Narrative summaries of the services performed by White & Case professionals and paraprofessionals on behalf of the Debtor during the Final Period, organized by project category, are a part of Exhibit J attached hereto.

### Expenses Incurred by White & Case

19. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals and paraprofessionals employed in a Chapter 11 Case. Accordingly, White & Case seeks reimbursement for expenses incurred in connection with services rendered by White & Case to the Debtor during the Interim Period in the amount of $145,499.81. Additionally, White & Case seeks final allowance of expenses incurred in connection with services rendered by White & Case to the Debtor during the Final Period in the amount of $2,734,658.57.

20. White & Case made every effort to minimize its expenses in these Chapter 11 Cases. The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances to serve the Debtor.

### Allowance of Compensation

21. White & Case is an international law firm with a widely recognized expertise in the area of bankruptcy and corporate reorganizations. Given the size, complexity, and extreme litigiousness of these Chapter 11 Cases, the professional services rendered by White & Case on behalf of the Debtor during the Interim Period and Final Period required a high degree of legal services. Thus, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, White & Case respectfully submits that the compensation and reimbursement requested in the

Application are reasonable, actual and necessary given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in the non-bankruptcy context.

### Notice

22. White & Case shall provide notice of this Application on the date hereof via U.S. first class mail to: (i) the Office of the United States Trustee for the District of Delaware; and (ii) all parties who filed a request for service of notices under Bankruptcy Rule 2002. White & Case submits that no further notice is necessary under the circumstances. In accordance with the Interim Compensation Procedures, objections to the Application must be filed with the Court and served on the Debtor, the Debtor's counsels, and the Office of the United States Trustee for the District of Delaware. If there are no objections received by the objection deadline, and the Court enters an order allowing this Application, White & Case may be paid without further notice.

### Certification

23. The undersigned representative of White & Case certifies that he has reviewed the requirements of Local Rule 2016-2 and that this Application substantially complies with that Local Rule. To the extent that this Application does not comply in all respects with the requirements of Local Rule 2016-2, White & Case believes that such deviations are not material and respectfully requests that any such requirement be waived.

24. In addition, White & Case states that, except as disclosed in the Retention Application and the affidavits filed in connection therewith, no payments have heretofore been made to White & Case for services rendered on behalf of the Debtor in connection with these Chapter 11 Cases. Additionally, no agreement or understanding exists between White & Case and any other person for a sharing of compensation received or to be received for services rendered in

connection with these Chapter 11 Cases, nor shall White & Case share or agree to share such compensation with any other person.

25. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by White & Case.

26. In addition, the undersigned representative of White & Case also certifies that White & Case has made reasonable efforts to comply with Appendix B of the U.S. Trustee Guidelines. With respect to Section C.5 of the U.S. Trustee Guidelines, the undersigned representative of White & Case certifies the following with respect to the Interim Period:

- (a) Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Period? If so, please explain.

    - **(i) As disclosed in the Debtors' retention application for White & Case [D.I. 1571], the Debtors have requested, and White & Case has agreed, that former Sidley professionals who transition to White & Case will charge the estates for their services at the hourly rate that is the lower of their most recent hourly rate at Sidley and their then-current hourly rate at White & Case, subject to periodic adjustments in the normal course of White & Case's operations. Effective January 1, 2021, January 1, 2022, and again on January 1, 2023, the hourly rate for these former Sidley professionals was adjusted to the lower of the applicable hourly rate for professionals of comparable (to the extent possible) seniority at Sidley effective (respectively) January 1, 2021, January 1, 2022, and January 1, 2023, on the one hand, and their respective then-current hourly rate at White & Case, on the other hand. For the other professionals, this application reflects White & Case's customary annual rate increases effective January 1, 2021, January 1, 2022, and January 1, 2023.**

    - **(ii) Subject to the foregoing, White & Case did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement.**

- (b) If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    - **(i) The fees sought in this Application as compared to the fees budgeted for the Interim Period are not higher by 10% or more.**

11

(c)     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

        **(i)     The professionals included in this Application did not vary their hourly rate based on the geographic location of the bankruptcy case.**

(d)     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

        **(i)     Yes.  This Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of White & Case's monthly fee applications relating to the Interim Period.  White & Case is seeking compensation for approximately 40.1 hours and 38,798.0 in fees with respect to reviewing and revising time records to prepare such fee applications.**

(e)     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

        **(i)     Yes.  Such time spent by White & Case to ensure that the time entries subject to this Application do not disclose privileged or confidential information is included in the answer to (d) above.  This review and any revisions associated therewith are a necessary component of White & Case's fee applications.**

(f)     If the fee application includes any rate increases since retention:

        (i)     Did your client review and approve those rate increases in advance?

              **(A)     Yes.**

        (ii)     Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

              **(A)     Yes.**

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, White & Case respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: June 5, 2023

Respectfully submitted,

/s/Jessica C. Lauria

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
New York, NY 10020
Telephone:    (212) 819-8200
Email:            jessica.lauria@whitecase.com


Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Email:            mandolina@whitecase.com
                      mlinder@whitecase.com
                      laura.baccash@whitecase.com
                      blair.warner@whitecase.com


*Counsel to the Debtors and
Debtors-in-Possession*