# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Objection Deadline: July 13, 2023 at 4:00 p.m. EST<br>Hearing Date: July 20, 2023 at 10:00 a.m. EST |

## OBJECTION OF JUSTIN DUVALL TO THE SEXUAL ABUSE SURVIVOR PROOF OF CLAIMS FILED BY NORMA ROBBINS ON BEHALF OF SHAUN M. GILLESPIE

Justin Duvall ("Mr. Duvall"), as the surviving issue and administrator of the estate of Shaun M. Gillespie, by and through his undersigned counsel, hereby files this objection seeking entry of an order disallowing and expunging the duplicative and unauthorized Sexual Abuse Survivor Proof of Claims filed by Norma Robbins on behalf of Shaun M. Gillespie, pursuant to Section 502(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Objection"). In support of the Objection, Mr. Duvall respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On January 6, 2020, Shaun M. Gillespie retained the Paul Mones, P.C. law firm to represent his personal injury and sexual abuse claims against the Boy Scouts of America and in connection with the above-captioned case.

9859885.v2

3. On April 28, 2020, Shaun M. Gillespie died intestate. To date, no last will or testament has been located or produced for Shaun M. Gillespie. Prior to his death, Shaun M. Gillespie filed a Sexual Abuse Survivor Proof of Claim in the above-captioned case.

4. Mr. Duvall is a surviving biological child of Shaun M. Gillespie.

5. On November 7, 2020, Mr. Duvall filed a Sexual Abuse Survivor Proof of Claim on behalf of his deceased father in the above-captioned case.

6. On January 4, 2021, the Roanoke City Circuit Court in Virginia appointed Justin Duvall as the administrator of the estate of Shaun M. Gillespie. See <u>Exhibit A</u>, Certificate/Letter of Qualification. In accordance with Section 64.2-454 of the Virginia Code, an administrator appointed by the circuit court may prosecute actions for personal injury on behalf of the decedent.

7. Well after the November 16, 2020 bar date, Mr. Duvall was informed that two Sexual Abuse Survivor Claims had been submitted on behalf of Shaun M. Gillespie by his sister, Norma Robbins (the "<u>Disputed Claims</u>").

8. Under Virginia law, Norma Robbins is ineligible to inherit any portion of her brother's estate because Mr. Gillespie had two biological children at the time that he died intestate. See Section 64.2-200 of the Virginia Code, a copy of which is attached hereto as <u>Exhibit B</u>.

9. Counsel for Mr. Duvall reached out to Norma Robbins' attorney on several occasions requesting the withdrawal of the duplicative and unauthorized Disputed Claims based upon Virginia intestate law and the Certificate of Qualification appointing Mr. Duvall as administrator for purposes of prosecuting Shaun M. Gillespie's claim against the Debtors.

10. Norma Robbins failed to withdrawal the Disputed Claims and, instead, submitted a ballot voting on the Debtors' proposed chapter 11 plan. As a result of the Disputed Claims and the ballot asserted by Norma Robbins, Mr. Duvall's vote on the plan was rejected as duplicative.

11. For the reasons hereinafter set forth and in the Declaration of Justin Duvall attached hereto as <u>Exhibit C</u>, the Disputed Claims should be expunged pursuant to Section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rule 3007-1.

## OBJECTION

12. The Disputed Claims filed by Norma Robbins on behalf of Shaun M. Gillepie should be disallowed and expunged as duplicative of the claim filed by Mr. Duvall and as unauthorized because Norma Robbins has no authority under Virginia intestacy laws to assert a claim on behalf of her deceased brother, Shaun M. Gillespie.

## RELIEF REQUESTED

13. By this Objection, pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Mr. Duvall requests that this Court enter an order disallowing and expunging the duplicative Disputed Claims filed by Norma Robbins on behalf of Shaun Gillepie and modifying the Debtors' claims register to reflect the same.

## BASIS FOR RELIEF

14. Under Section 502(a) of the Bankruptcy Code, a proof claim filed under Section 501 of the Bankruptcy Code "is deemed allowed, unless a party in interest… objects."

15. The Bankruptcy Code further provides that a claim shall be allowed, except to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

16. When a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c)(1).

17. Courts employ a burden shifting framework to resolve claim objections. *In re W.R. Grace & Co.*, 626 B.R. 217, 235 (Bankr. D. Del. 2021). First, a claimant must allege facts sufficient to support the claim. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim, even if an objection is filed. Fed. R. Bankr. P. 3001(f); *In re Milbourne*, 557 B.R. 376, 388 (Bankr. E.D. Pa. 2016). Thus, a prima facie proof of claim which alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. *In re Milbourne*, 557 B.R. at 388; *Plains Mktg., L.P. v. Bank of Am., N.A. (In re Semcrude, L.P.)*, 443 B.R. 472, 478 (Bankr. D. Del. 2011) (*citing In re Allegheny Intern., Inc.*, 954 F.2d at 173).

18. Upon the filing of an objection to a proof of claim, the burden of going forward shifts from the claimant to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. *In re Milbourne*, 557 B.R. at 388. If a claim is facially valid, "the objector must bring forward evidence that undercuts at least one necessary element of the claim." *In re George*, 606 B.R. 236, 239 (Bankr. E.D. Pa. 2019). If the objector successfully refutes the claimant's prima facie claim, the burden of proof shifts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Milbourne*, 557 B.R. at 389. The ultimate burden of proof rests on the claimant asserting a right to be paid from the bankruptcy estate. *In re George*, 606 B.R. at 239.

19. Here, the Disputed Claims are unsupported by documentation evidencing any authority for Norma Robbins to assert a claim on behalf of her brother Shaun M. Gillespie and

against the Debtors as Mr. Duvall is a surviving child of the decedent Shaun M. Gillespie and the court appointed administrator of Shaun M. Gillespie's estate. Under Virginia Code Section 64.2-200(3), it is incontrovertible that when a person dies intestate, as Shaun M. Gillespie did, and there is no surviving spouse, as is the case here, the "estate descends and passes to the descendant's children and their descendants."

20. Accordingly, Norma Robbins' claims fail to establish any grounds for recovery and are unenforceable against the Debtors. For these reasons, the Objection should be sustained, the Disputed Claims should be expunged and the claims register should be updated in accordance with that relief.

## RESERVATION OF RIGHTS

21. To the extent not disallowed by this Objection, Mr. Duvall reserves the right to object further to the Disputed Claims filed by Norma Robbins on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, Mr. Duvall specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of Norma Robbins or other interested parties; (b) object further to the Disputed Claims in the event Norma Robbins provides (or attempts to provide) additional documentation or substantiation; and (c) object further to the Disputed Claims based on additional information that may be discovered.

## NOTICE

22. Notice of this Objection has been served on Norma Robbins along with the Debtors and U.S. Trustee. Mr. Duvall submits that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by Mr. Duvall to this or any other Court.

## CONCLUSION

WHEREFORE, Justin Duvall respectfully requests that this Objection be sustained and that the Court enter the Proposed Order granting the relief requested herein, and such other and further relief as this Court may deem proper.

Dated: June 12, 2023
Wilmington, Delaware

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5503
Email: sveghte@klehr.com

-And-

Paul Mones, Esq.
CA Bar No. 128329 (admitted *pro hac vice*)
**PAUL MONES, P.C.**
13101 Washington Blvd., Ste. 128
Los Angeles, CA 90066
Telephone: (310) 566-7418
Email: paul@paulmones.com

*Counsel to Movant Justin Duvall*