**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 11209, 11276** |

**REORGANIZED DEBTORS' REPLY TO THE SETTLEMENT**
**TRUSTEE'S RESPONSE TO MOTION FOR AN ORDER DEEMING**
**PREVIOUSLY FILED PROOFS OF CLAIM TO BE DEEMED TIMELY FILED**

    Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Reorganized Debtors" or "Debtors," as applicable) in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), submit this reply (the "Reply")[2] to the *Settlement Trustee's Response to Motion for an Order Deeming Previously Filed Proofs of Claim to be Deemed Timely Filed* [D.I. 11276] (the "Trustee's Response") to the *Motion for an Order Deeming Previously Filed Proofs of Claim to be Deemed Timely Filed* [D.I. 11209] (the "Motion").

**Reply**

    The Reorganized Debtors submit this Reply to clarify their position regarding the Settlement Trustee's role in objecting to Abuse Claims and responding to efforts by Direct Abuse

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined in this Reply have the meanings ascribed to them in the Trustee's Response or the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) For Boy Scouts of America and Delaware BSA, LLC* [Bankr. D.I. 10296] (the "Plan"), as applicable.

claimants to assert claims against the Settlement Trust, which the Settlement Trustee surprisingly described as "less clear." Trustee's Response ¶ 6.

In response to the Motion, the Settlement Trustee contacted the Reorganized Debtors and requested that they object to the Motion. The Debtors declined because it is clear that all obligations related to allowance and liquidation of Abuse Claims, including obligations to respond to efforts by Direct Abuse Claimants to assert additional, late claims against the Settlement Trust, transferred to the Settlement Trust upon the Effective Date. Of course, the Settlement Trustee can and should file her own objection to the Motion (which she did), or any future motions to deem late filed claims timely should the Settlement Trustee feel that the facts warrant such an objection. Without this delineation between roles, there would be unnecessary confusion and overlap in responsibility for the prosecution of Abuse Claims, which would thwart the purpose of establishing the Settlement Trust to exclusively handle the processing and liquidation of Abuse Claims. Here, the Plan is clear—on the Effective Date, all Abuse Claims are channeled to the Settlement Trust to be processed and liquidated by the Settlement Trust in its sole capacity.

Specifically, the Plan channels all Abuse Claims, whether filed prior to the bar date or after, to the Settlement Trust. *See* Plan, Art. I.A.18 (defining "Abuse Claim" to include "any [] Claim that has been asserted or may be amended to assert in a proof of claim alleging Abuse, *whether or not timely filed*, in the Chapter 11 Cases, or any such Claim that has been asserted against the Settlement Trust. . .") (emphasis added); *see also* Plan Art. X.F (channeling Abuse Claims and providing that the sole recourse of any holder of an Abuse Claim shall be against the Settlement Trust). Additionally, Article VIII.A of Plan, which sets forth the procedures for resolving contingent and unliquidated claims by the Debtors, provides that "[n]one of the terms or provision[s] of this Article VIII shall apply to Abuse Claims, which shall be exclusively processed,

2

liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents." Plan, Art. VIII.A.

At various additional sections, the Plan clearly states that Abuse Claims are to be exclusively processed, liquidated and paid by the Settlement Trust. *See* Plan, Art. VII.A (excluding Abuse Claims from the Plan provisions governing distributions and making clear that Abuse Claims "shall be exclusively processed, liquidated and paid by the Settlement Trust in accordance with the Settlement Trust Documents."); Plan, Art. I.A.64 (definition of "Claims Objection Deadline" excluding Abuse Claims, which shall be administered exclusively in accordance with the Settlement Trust Documents); Plan, Art. III.B (providing that Direct Abuse Claims and Indirect Abuse Claims are to be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents). Because the Abuse Claims, whether timely or untimely filed, are channeled to, and exclusively processed by, the Settlement Trust, the Plan provides exclusive authority to the Settlement Trust to respond to this Motion or additional late filed claims. The Settlement Trustee is responsible for responding to efforts by Direct Abuse Claimants to assert additional, late claims against the Settlement Trust, and objecting if the Settlement Trust sees fit.

The Trust Distribution Procedures also note that "[t]he purpose of the Settlement Trust is to, among other things, . . . employ procedures to allow valid Abuse Claims as further set forth herein in accordance with section 502 of the Bankruptcy Code." Trust Distribution Procedures Art. I.A. The Trust Distribution Procedures also provide eligibility requirements for Abuse Claims, including that the claims be timely submitted or determined timely by the Bankruptcy Court. *See* TDP, Article IV. Further, the Settlement Trust Agreement provides that "the Trustee shall have the power to: . . . adopt procedures to determine Allowed Abuse Claims." Settlement

Trust Agreement § 2.1(d)(ii). These provisions are consistent with the concept that the Settlement Trustee is responsible for developing and implementing all procedures related to the allowance of valid Abuse Claims post Effective Date, including responding to efforts by Direct Abuse Claimants to assert additional, late claims against the Settlement Trust.

The Settlement Trustee has already assumed this role by responding to the Motion and asserting that "[t]he allegations set forth in the Motion do not satisfy the requirements for excusable neglect set forth by the Supreme Court in *Pioneer*." Trustee's Response ¶ 9. To insinuate that the Debtors are not following the Plan or somehow not properly evaluating claims or objections thereto that are still within their purview is not accurate.[3]

*[Remainder of page intentionally left blank]*

---

[3] Responding to these should not prove to be a burden on the Settlement Trust. To date, only 14 motions to deem late filed Abuse Claims as timely have been filed.

WHEREFORE, the Debtors request that the Court grant such relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 16, 2023<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Paige N. Topper*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>         aremming@morrisnichols.com<br>         ptopper@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>        mlinder@whitecase.com<br>        laura.baccash@whitecase.com<br>        blair.warner@whitecase.com<br><br>*Attorneys for the Reorganized Debtors* |