# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

Objection Deadline: July 13, 2023 at 4:00 p.m. (ET)
Hearing Date: July 20, 2023 at 10:00 a.m. (ET)

**MOTION OF THE HONORABLE BARBARA J. HOUSER (RET.),
IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST,
<u>TO ENFORCE THE CONFIRMATION ORDER AND PLAN</u>**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Settlement Trust"), hereby moves the Court (the "Motion") for an order enforcing the provisions of the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC*, D.I. 10296 (the "Plan"), as confirmed by this Court's September 8, 2022 *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC*, D.I 10316 (the "Confirmation Order").[2] In support of the relief requested herein, the Trustee respectfully states and alleges as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee respectfully asks the Court to enforce certain provisions of the Plan and Confirmation Order. In violation of the injunction set forth in Article

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, the Plan, or the Trust Distribution Procedures, as applicable.

X.H. of the Plan (the "Insurance Entity Injunction"), a plaintiff ("J.F.H.") has asserted claims against Liberty Mutual Insurance Company ("Liberty") and Travelers Indemnity Company (together, the "Insurers") in the case captioned *J.F.H. v. Liberty Mutual Insurance Company, et al.*, No. 4:21-CV-123, currently pending in the U.S. District Court for the Western District of Missouri (the "Underlying Action"). Because J.F.H.'s claims are "based upon, attributable to, arising out of, or in any way connected with" an insurance policy covering Abuse Claims, they are enjoined by the Plan. Plan at Article X.H.2. J.F.H.'s actions threaten the effectiveness of the Insurance Entity Injunction, which is essential for the Settlement Trust to preserve and maximize the value of its insurance assets for the benefit of survivors. The Trustee therefore seeks an order from this Court enforcing the Plan and Confirmation Order and ordering J.F.H. to comply with the Insurance Entity Injunction and dismiss its claims against the Insurers.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

3. The basis for this Court's jurisdiction is further set forth in the Confirmation Order, which provides that "the Court retains exclusive jurisdiction over all matters arising from and relating to the Chapter 11 Cases, the Plan including without limitation the injunctions and releases set forth in Article X of the Plan, the Confirmation Opinion, and this Order to the fullest extent permitted under the Bankruptcy Code." Confirmation Order § III.74. The Plan similarly provides that "[t]he Bankruptcy Court shall retain jurisdiction over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan, including jurisdiction to . . . enforce and interpret the terms and conditions of the Plan . . . [and] enter in aid of implementation of the Plan such orders as are necessary, including the implementation and enforcement of the Injunctions,

2

Releases, and Discharges described herein, including the Channeling Injunction." Plan at Art. XI.C. In addition to the provisions of the Confirmation Order and Plan themselves, "courts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, *inter alia*, to enforce its confirmation order." *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325–26 (Bankr. D. Del. 1999), *aff'd sub nom. Eastern Pilots Merger Comm. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 279 F.3d 226 (3d Cir. 2002) (citations omitted); *see also In re E. W. Resort Dev. V, L.P., L.L.L.P.*, No. 10-10452 (BLS), 2014 WL 4537500, at *9 (Bankr. D. Del. Sept. 12, 2014) ("It is self-evident that a court has the authority to enforce its own orders."). "Indeed, 'the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order.'" *In re SelectBuild Ill., LLC*, No. 09-12085 (KJC), 2015 WL 3452542, at *6 (Bankr. D. Del. May 28, 2015) (quoting *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012)).

4. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has jurisdiction to enter a final order with respect thereto. "[W]here a motion seeks to prevent the prosecution of causes of action expressly prohibited by the confirmation order, it would be difficult to identify judicial acts that are any more critical to the orderly functioning of the bankruptcy process or more closely tethered to core bankruptcy jurisdiction." *In re Residential Capital, LLC*, 508 B.R. 838, 849 (Bankr. S.D.N.Y. 2014) (internal quotation marks and citation omitted). Indeed, "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168–69 (3d Cir. 2004). This Motion asking the

3

DOCS_DE:243749.1 85355/001

Court to enforce the Insurance Entity Injunction falls squarely within this Court's core bankruptcy jurisdiction.

5. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

**A.     The Insurance Entity Injunction**

7. On February 18, 2020, the Debtors filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the District of Delaware, No. 20-10343 (LSS) (the "Bankruptcy Proceedings"). The Court entered the Confirmation Order on September 8, 2022 (D.I. 10316), and the District Court for the District of Delaware entered an order affirming the Confirmation Order on March 28, 2023 (No. 22-1237 (RGA) (D. Del.), D.I. 151) (the "Affirmation Order"). The Plan became effective on April 19, 2023.

8. In order to "facilitate the Insurance Assignment, protect the Settlement Trust, and preserve the Settlement Trust Assets," the Plan contains the Insurance Entity Injunction, which provides:

> **[A]ll Persons that have held or asserted**, that hold or assert, or that may in the future hold or assert **any claim or cause of action** (including any Abuse Claim or any claim for or respecting any Settlement Trust Expense) **against any Insurance Company based upon, attributable to, arising out of, or in any way connected with any Abuse Insurance Policy** or other insurance policy issued by a Settling Insurance Company covering Abuse Claims, whenever and wherever arising or asserted, whether in the United States of America or anywhere else in the world, **whether sounding in tort**, contract, warranty, **or any other theory of law**, equity, or admiralty, **shall be stayed, restrained, and enjoined from taking any action**

4

> **for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such claim or cause of action, including:**
>
>> a. commencing, conducting, or **continuing, in any manner**, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum with respect to **any such claim, demand, or cause of action against any Insurance Company**, or against the property of any Insurance Company, with respect to any such claim, demand, or cause of action (including, for the avoidance of doubt, directly pursuing any suit, action or other proceeding with respect to any such claim, demand, or cause of action against any Insurance Company);

Plan at Art. X.H.1-2 (emphases added).

9. The Confirmation Order confirms that "[t]he injunctions as set forth in <u>Article X</u> of the Plan are to be implemented in connection with the Settlement Trust, shall be in full force and effect on and after the Effective Date, and shall not be subject to any additional exceptions or limitations." Confirmation Order § II.H.1.

**B.     The Underlying Action**

10. J.F.H. filed a lawsuit against Joseph Mackey on January 13, 2016, alleging that Mackey, his Scoutmaster and family physician, sexually abused him. *See* Exhibit B to Pl's Motion to Remand, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Mar. 3, 2021), D.I. 14-2 (Findings of Fact, Conclusions of Law and Judgment in *J.F.H. v. Mackey*, No. 1616-CV00705 (Mo. Cir. Ct. Oct. 5, 2017)). On August 6, 2017, J.F.H. and Mackey executed an "Agreement to Limit Recovery to Specified Assets," under which Mackey assigned any insurance rights he had in relation to the claim to J.F.H. in exchange for a covenant not to execute any judgment J.F.H. obtained against Mackey. *See* Compl., ¶ 14, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Feb. 26, 2021), D.I. 1-3 ("Compl."). On October 5, 2017, J.F.H. secured a $120 million judgment against Mackey. *Id.* ¶ 15.

11. On January 21, 2021, J.F.H filed the Underlying Action against the Insurers in Missouri state court. *See generally id.* The case was subsequently removed to federal court. Notice of Removal, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Feb. 26, 2021), D.I. 1. In the Underlying Action, J.F.H. asserts claims for equitable garnishment, negligence, breach of fiduciary duties, and bad faith against the Insurers arising out of their alleged failure to defend Mackey against J.F.H.'s claim pursuant to the terms of certain Abuse Insurance Policies the Insurers had issued to the Debtors. *See generally* Compl. A copy of the complaint is attached hereto as **Exhibit A**.

12. On March 23, 2021, J.F.H. and the Insurers jointly stipulated to stay the Underlying Action "pending resolution of the application of the automatic bankruptcy stay to the claims in this lawsuit." Stipulation For Stay, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Mar. 23, 2023), D.I. 22; *see also* 11 U.S.C. § 362(a). The U.S. District Court for the Western District of Missouri entered an Order staying the case the next day, on March 24, 2021. Order, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Mar. 24, 2023), D.I. 23.

13. On April 14, 2023, J.F.H. asked the U.S. District Court for the Western District of Missouri to lift the stay order and remand the case back to Missouri state court for further proceedings, asserting that the stay is terminated because the Bankruptcy Proceedings have been closed due to the Affirmation Order, and motions to extend the stay have been denied. *See* Plaintiff's Motion to Lift Stay (Doc. 23) and for Remand and Suggestions in Support, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. Apr. 14, 2023), D.I. 46. The Insurers have opposed the motion, and Liberty has argued that J.F.H.'s claims may not proceed in light of the Insurance Entity Injunction. Traveler's Joint Suggestions in Opposition to Pl.'s Separate Motions for Remand, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. May 12,

DOCS_DE:243749.1 85355/001

2023), D.I. 54; Opposition of Liberty Mutual to Pl.'s Motion to Lift Stay and for Remand with Incorporated Suggestions in Support, *J.F.H. v. Liberty Mutual Ins. Co.*, No. 4:21-cv-00123 (W.D. Mo. May 12, 2023), D.I. 55. Briefing was completed on May 26, 2023, and a decision from the court is pending.

**C.     Correspondence with J.F.H. regarding the Insurance Entity Injunction**

14.     On April 28, 2023, Eric Goodman, counsel to the Trustee, sent a letter to Randall Rhodes, counsel to J.F.H., informing him that the claims in the Underlying Action violate the Insurance Entity Injunction. A copy of this letter is attached as **Exhibit B**. Mr. Rhodes responded by letter that same day, indicating his intention to dismiss the equitable garnishment claims and setting forth his view that because the remaining claims are based in tort, they have no impact on the bankruptcy estate and thus did not fall within the Insurance Injunction. A copy of this letter is attached as **Exhibit C**. On May 25, 2023, Kami Quinn, counsel to the Trustee, sent another letter to Mr. Rhodes, explaining that regardless of the nature of the claims, they are barred by the Insurance Entity Injunction. A copy of this letter is attached as **Exhibit D**.

15.     Counsel for the Trustee and for J.F.H. had several additional exchanges via email and telephone regarding the scope of the Injunction over the next several weeks, most recently on June 16, 2023. Counsel for J.F.H. has still declined to dismiss the claims against the Insurers for negligence, breach of fiduciary duties, and bad faith.

**RELIEF REQUESTED**

16.     The Trustee seeks entry of the Proposed Order, attached hereto as **Exhibit E**, enforcing the terms of the Plan and Confirmation Order, enjoining J.F.H. from pursuing the claims in the Underlying Action, and directing J.F.H. to promptly dismiss the Underlying Action against the Insurers.

**BASIS FOR RELIEF**

17. The Plan enjoins "all Persons that . . . hold or assert . . . any claim or cause of action . . . against any Insurance Company based upon, attributable to, arising out of, or in any way connected with any Abuse Insurance Policy" from "continuing, in any manner . . . any such claim, demand, or cause of action against any Insurance Company." Plan at Art. X.H.2. The Plan is clear that this language enjoins *any* claim or cause of action, "whether sounding in tort, contract, warranty, or any other theory of law." *Id.*

18. The Insurers are each an "Insurance Company," defined in the Plan as "any insurance company . . . that has issued . . . any Insurance Policy." Plan at Art. I.158. An "Insurance Policy" includes "Abuse Insurance Policies," which are defined to include "all known and unknown contracts, binders, certificates or Insurance Policies . . . naming the Debtors . . . as an insured (whether as the primary or an additional insured), or otherwise alleged to afford the Debtors insurance coverage, upon which any claim could have been, has been, or may be made with respect to any Abuse Claim." Plan at Art. I.44, 162. The policies giving rise to the claims at issue in the Underlying Action are Abuse Insurance Policies. *See* Plan at Schedule 2.

19. The claims at issue in the Underlying Action are asserted against Insurance Companies and are "based upon, attributable to, arising out of, or any way connected with" an Abuse Insurance Policy. Plan at Art. X.H.2. They are therefore enjoined by the Plan.

**NOTICE**

20. Notice of this Motion has been given to (a) counsel to the Debtors, (b) the Office of the United States Trustee for the District of Delaware, (c) counsel to the Insurers, (d) counsel to J.F.H., and (e) those persons who have formally appeared in these cases and requested service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no additional notice need be given. No prior request for the relief requested herein

has been made to this or any other court.

Dated: July 6, 2023
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
　　　　dgrassgreen@pszjlaw.com
　　　　jlucas@pszjlaw.com
　　　　joneill@pszjlaw.com

– AND –

**GILBERT LLP**

Kami E. Quinn (admission *pro hac vice* pending)
W. Hunter Winstead (admission *pro hac vice* pending)
Emily P. Grim (admission *pro hac vice* pending)
Rachel H. Jennings (admission *pro hac vice* pending)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200
Facsimile: (202) 772-3333
Email: quinnk@gilbertlegal.com
　　　　winsteadh@gilbertlegal.com
　　　　grime@gilbertlegal.com
　　　　jenningsr@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*

9