### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 11443** |

**LUJAN CLAIMANTS' LIMITED OBJECTION TO THE SETTLEMENT TRUST'S MOTION FOR ENTRY OF AN ORDER APPROVING AN AUDIT PROGRAM REGARDING THE IDENTIFICATION OF POTENTIAL FRAUDULENT SURVIVOR CLAIMS; RESERVATION OF RIGHTS**

COME NOW the Tort Claimants represented by Lujan & Wolff LLP ("Lujan Claimants")[1] and make this limited objection and reservation of rights with respect to the Settlement Trust's Motion for Entry of an Order Approving an Audit Program Regarding the Identification of Potential Fraudulent Survivor Claims ("the Motion") (D.I. 11443), which was filed by the Settlement Trust on August 17, 2023.

The Motion should be denied at this time because it fails to fully disclose to Survivors of child sexual abuse how their claims will be audited and investigated for fraud. Effectively, Survivors are not being told how their claims will be treated. Although three out of the four components of the audit program are somewhat disclosed, the fourth component—the Investigative Workflow Procedures—has been filed under seal and therefore shielded from review by Survivors. The Trust describes this component as "the application of the first three components to the facts under review for each Direct Abuse Claim" and then claims that the "Trust's ability to review and identify potentially fraudulent claims would be prejudiced or compromised if Survivors and/or their counsel

---

[1] See attached Appendix A, which lists the Sexual Abuse Survivor Proof of Claim numbers for Lujan Claimants.

are privy to the Settlement Trust's application of the tools used as part of the Audit Program." D.I. 11443 ¶¶ 18.  Based on this description, Lujan Claimants have no meaningful understanding of what the Investigative Workflow Procedures entail.  If it means the steps that the Trust will take to investigate claims for fraud, then there would be no prejudice to the program to disclose, for example, that the Trust will search certain public databases to try to confirm a claimant's contact information. If the investigate steps include the Trust contacting individuals and entities, such as witnesses and employers, and revealing a connection between a Survivor and the scouting Trust, then Survivors should be given a chance to object to this step, which might reveal or cause speculation that the Survivor is a survivor of child sexual abuse.  Sensitive to privacy concerns, the Court previously accepted Survivor input in establishing the solicitation procedures.  Survivors should be given enough information about the investigative steps to determine whether those privacy concerns will be similarly implicated.

The Motion should also be denied as premature because the Trust continues to work with Certain Insurers to present a consensual Audit Program to the Court or to narrow issues in dispute prior to the hearing on the Motion.  D.I. 11443 ¶ 3 n.3.  Thus, the Audit Program described in the Motion is not what will ultimately be presented to the Court for approval at the hearing.  Survivors need a full opportunity to review and respond to the actual Audit Program that the Trust will move for approval.

Based on the foregoing, the Motion should not be granted until after the Investigative Workflow Procedures are fully disclosed, or at least meaningfully disclosed, and Survivors have a chance to review and respond to the Procedures.  The Motion should also not be granted until after Survivors have had an opportunity to review and respond to the actual Audit Program that the Trust will ultimately move for approval.  Lujan Claimants reserve their rights to further respond after such disclosures are made.

2

Dated: September 15, 2023.                Respectfully submitted,


 /s/ Christopher D. Loizides (No. 3968)
Loizides, PA
1225 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302.654.0248
Email: Loizides@loizides.com

And

LUJAN & WOLFF LLP


 /s/ Delia Lujan Wolff
Delia Lujan Wolff
Suite 300, DNA Bldg.
238 Archbishop Flores St.
Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email:  dslwolff@lawguam.com
*Attorneys for Lujan Claimants*

# APPENDIX A

The foregoing Lujan Claimants' Limited Objection to the Settlement Trust's Motion for Entry of an Order Approving an Audit Program Regarding the Identification of Potential Fraudulent Survivor Claims; Reservation of Rights was filed by the following creditors who each filed a Sexual Abuse Survivor Proof of Claim and are represented by Lujan & Wolff LLP.  The numbers below are the claim numbers for each creditor's Sexual Abuse Survivor Proof of Claim, including amendments thereto.

| | | | | |
|---|---|---|---|---|
| 248 | 2991 | 6824 | 25063 | 79403 |
| 1551 | 3051 | 7976 | 25069 | 79769 |
| 1670 | 3120 | 7977 | 33028 | 80328 |
| 1677 | 3385 | 8037 | 35352 | 80655 |
| 1746 | 3610 | 8038 | 35354 | 80982 |
| 1757 | 3612 | 10548 | 38591 | 87715 |
| 1765 | 3614 | 11250 | 40889 | 87757 |
| 1913 | 3616 | 11251 | 40890 | 96418 |
| 1953 | 4855 | 14187 | 45700 | 96419 |
| 2003 | 4857 | 15104 | 45702 | 103377 |
| 2010 | 4859 | 15139 | 48168 | 103378 |
| 2011 | 5646 | 17480 | 58317 | 4858 |
| 2394 | 5646 | 18860 | 58370 | 4860 |
| 2403 | 5648 | 18873 | 67267 | |
| 2433 | 5655 | 22872 | 67286 | |
| 2597 | 6432 | 22873 | 67293 | |
| 2840 | 6434 | 22874 | 73585 | |
| 2885 | 6823 | 23388 | 73607 | |