# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

Objection Deadline: October 9, 2023 at 4:00 p.m. (ET)
Hearing Date: October 17, 2023 at 11:00 a.m. (ET)

## MOTION BY THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, FOR APPROVAL OF AMENDMENT OF TRUST DISTRIBUTION PROCEDURES

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Settlement Trust"), hereby moves the Court (the "Motion") for an order approving the Trustee's proposed 60-day extension of the deadline for Direct Abuse Claimants to elect the "Independent Review Option" pursuant to the Trust Distribution Procedures ("TDP") under the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC*, D.I. 10296 (the "Plan").[2] In support of the relief requested herein, the Trustee respectfully states and alleges as follows:

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, the Plan, or the Trust Distribution Procedures, as applicable.

## PRELIMINARY STATEMENT

1. The Independent Review Option ("IRO") under the TDP affords survivors with potentially high value claims the opportunity to obtain a settlement recommendation replicating the amount a reasonable jury might award for the claim in the tort system. IRO participants must provide substantial evidence supporting their claim and pay a $20,000 administrative fee, the first $10,000 of which is due upon their election to participate in the IRO. Under the current TDP, the deadline for IRO claimants to elect the IRO, submit a completed Claims Questionnaire with supporting documentation, and pay the first $10,000 fee, is six months from the Effective Date—October 19, 2023.

2. Recent developments have made clear that survivors may be prejudiced in their ability to determine whether to file IRO claims absent an extension of the IRO election date—namely, the Trustee's discovery that Reorganized BSA had not produced all documents required under the Document Appendix, despite its express representations otherwise. Because of these deficiencies, Direct Abuse Claimants, or their counsel, have been unable to access certain documents potentially necessary to evaluate the strength of their IRO claims and to complete their Trust Claim Submissions, which are due in just a few weeks.

3. The Trust expects the additional documents to be uploaded to the Trust's Document Repository by the end of this week—October 6, 2023. However, this means survivors will have less than two weeks to review a complete document production and build their IRO submissions. In order to provide survivors with a reasonable opportunity to evaluate and assemble evidence for their IRO claim—before paying a $10,000 administrative fee—the Trustee seeks to extend the deadline for IRO election by 60 days, to December 18, 2023.

4.      While the Trustee cannot make "material" amendments to the TDP absent Bankruptcy Court approval, non-material amendments require only the consent of the STAC and FCR. TDP, Exhibit A to Plan, at Art. XIV.B. Here, the STAC, the FCR, and Reorganized BSA have agreed that an extension of the deadline to elect the IRO does not require court approval. The STAC and FCR have consented to the extension. The Certain Insurers have represented that they do not object to the extension.

5.      The Trustee does not believe that an extension of the deadline to elect the IRO requires this Court's approval. Nonetheless, out of an abundance of caution and mindful of the difficulties that survivors could face if the Trustee's extension of the deadline were later deemed improper, the Trustee brings this Motion seeking the Court's approval of the extension.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

7.      The basis for this Court's jurisdiction is further set forth in the Confirmation Order, which provides that, "the Court retains exclusive jurisdiction over all matters arising from and relating to the Chapter 11 Cases, the Plan . . . , the Confirmation Opinion, and this Order to the fullest extent permitted under the Bankruptcy Code." Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Am. Chapter 11 Plan of Reorganization (With Technical Modifications) for BSA, § III.74, (Sept. 8, 2022), D.I. 10316 ("Confirmation Order"). The Plan similarly provides that, "the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or relating to, the Chapter 11 Cases and the Plan, including jurisdiction to . . . modify the Plan after Confirmation pursuant to the provisions of the Bankruptcy Code and the Bankruptcy Rules" and "correct any defect, cure any omission, reconcile

any inconsistency or make any other necessary changes or modifications in or to the Plan, the Trust Documents or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan[.]" Plan at Art. XI.C.1, 2.

8. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

### A. The Independent Review Process

10. The TDP creates four processes by which Direct Abuse Claims are liquidated and paid. One of those processes is known as the "Independent Review Option," or "IRO."

11. As this Court noted in its opinion confirming the Plan ("Opinion"):

> The Independent Review Option contemplates recoveries above the values stated in the [TDP's] Claims Matrix and is designed to permit Direct Abuse Claimants with higher value claims to potentially receive a higher award and directly trigger excess insurance coverage. Under the Independent Review Option, a Direct Abuse Claimant can have his claim evaluated by a neutral third party . . . who makes a Settlement Recommendation to the Settlement Trustee. The Neutral's Settlement Recommendation seeks to replicate the amount a reasonable jury would award taking into account relative shares of fault and the standard of proof applicable under applicable state law.

*In re Boy Scouts of Am. & Delaware BSA, LLC*, 642 B.R. 504, 544 (Bankr. D. Del. 2022).

12. The TDP provides that Direct Abuse Claimants shall have until six months after the Effective Date—October 19, 2023—to elect to participate in the IRO, to complete a Trust Claim Submission with supporting documentation for their IRO claim, and to pay an initial

administrative fee of $10,000 (with an additional $10,000 fee to be paid immediately prior to the Neutral's review). *See* Plan Article XIII.B, G.(ii).

**B.     The Document Appendix**

13.     The *Plan Appendix Re: Document Sharing*, D.I. 9698-1 ("Document Appendix") required the Debtors to produce various categories of documents to the Settlement Trustee "[o]n or before the Effective Date of the Plan." Document Appendix § 1. The Document Appendix further provides that "[h]olders of Direct Abuse Claims shall be entitled to access from the Settlement Trustee [ ] documents and information they will likely need to in order to obtain compensation under the Plan" (other than "Privileged Information," as that term is defined in the Document Appendix). *Id.* § 13.

14.     Reorganized BSA made a production to the Trust on the Effective Date that it represented was sufficient to fulfill its obligations under the Document Appendix.[3] Reorganized BSA and the Settlement Trust had a subsequent meet-and-confer in July 2023 that resulted in Reorganized BSA making a supplemental production of tens of thousands of additional pages. With this supplemental production, Reorganized BSA again represented that it had fulfilled its obligations under the Document Appendix. A declaration from the Trustee is attached hereto as **Exhibit A**.

15.     The Trustee uploaded the documents it received from the Debtors to a repository (the "Document Repository") that became accessible to counsel for holders of Direct Abuse Claims on August 17, 2023.

---

[3] Reorganized BSA has represented to the Trustee that it did, in fact, believe that its productions were complete at the time it made them.

16. Since the Document Repository went live, it has become clear, based on inquiries from survivor counsel, the Trust's own test searches of the Document Repository, and multiple follow-up discussions with Reorganized BSA, that Reorganized BSA had not produced all documents required by the Document Appendix. Upon learning of this deficiency, the Trustee requested immediate production of all missing documents.

17. Reorganized BSA has committed to provide all additional documents promptly. The Trustee expects that Reorganized BSA's supplemental production will be uploaded to the Document Repository by the end of this week—October 6, 2023.

## C. The Trustee's Proposed Extension of the IRO Deadline and Authority to Issue the Extension

18. Upon learning that some documents required to be produced under the Document Appendix were outstanding, the Trustee determined that it would be fair, necessary, and advisable to extend the IRO election deadline by 60 days, to December 18, 2023. The purpose of the 60-day extension is to provide claimants with sufficient time to review the full contents of the Document Repository in order to make an informed judgment as to whether to participate in the IRO process (including payment of the first $10,000 administrative fee) and to provide a completed Trust Claim Submission.

19. The BSA Settlement Trust Agreement ("Trust Agreement") and TDP permit the Trustee to make non-material amendments to the TDP without Bankruptcy Court approval. The Trust Agreement provides that, "[e]xcept as required by applicable law or the Trust Documents, the Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred [under the Trust Agreement]." Trust Agreement, Exhibit B to Plan, § 2.1(c). Those powers include "the power to take any and all actions that in the judgment of the Trustee are necessary or advisable to fulfill the purposes of the Trust . . . ." and specifically, the power to

6

"adopt procedures to allow valid Abuse Claims . . . in accordance with the TDP (including adopting procedures to implement the Independent Review Process under the TDP)." *Id.* § 2.1(b), (d)(ii).

20. The TDP similarly contemplates non-material amendments by the Settlement Trustee without court approval. *See* TDP Article XIV(B) (permitting the Trustee to amend the TDP with the written consent of the STAC and Future Claimants' Representative). Only changes that "amend these TDP in a material manner"—e.g., changes that "materially alter the Independent Review Option," or that alter the TDP "in a manner that is otherwise inconsistent with the Confirmation Order or Plan"—require Bankruptcy Court approval, notice, and an opportunity to object. *Id.*[4]

21. The Trustee obtained the consent of the STAC and FCR to extend the IRO deadline. The Trustee, the STAC, the FCR, and Reorganized BSA have agreed that an extension of the deadline to elect the IRO does not require Court approval. The Certain Insurers have

---

[4] The full text of Article XIV.B is as follows:

> **B. Amendments**. Except as otherwise provided herein, the Settlement Trustee may not amend, modify, delete, or add to any provisions of these TDP without the written consent of the STAC and the Future Claimants' Representative, as provided in the Settlement Trust Agreement, including amendments to modify the system for Tort Election Claims. Nothing herein is intended to preclude the STAC and/or the Future Claimants' Representative from proposing to the Settlement Trustee, in writing, amendments to these TDP. Notwithstanding the foregoing, absent Bankruptcy Court or District Court approval after appropriate notice and opportunity to object, neither the Settlement Trustee nor the STAC or Future Claimants' Representative may amend these TDP in a material manner, including (i) to provide for materially different treatment for Abuse Claims, (ii) to materially change the system for Tort Election Claimants, (iii) to add an opportunity to make an Expedited Distribution Election for a claim represented by a Chapter 11 POC after the Voting Deadline, (iv) to materially alter the Independent Review Option, or (v) in a manner that is otherwise inconsistent with the Confirmation Order or Plan. Notwithstanding the foregoing, neither the Settlement Trustee nor the STAC or the Future Claimants' Representative may amend any of the forms of release set forth in Article IX.D without the consent of Reorganized BSA, or remove the requirement of a release in connection with an Expedited Distribution.

represented that they do not object to any such proposed extension. The Trustee, out of an abundance of caution, filed this Motion for approval of the extension.

## RELIEF REQUESTED

22. The Trustee seeks entry of the Proposed Order, attached hereto as **Exhibit B**, approving the extension of the IRO election deadline.

## BASIS FOR RELIEF

23. Pursuant to the Confirmation Order and applicable law, this Court has jurisdiction to "make any other necessary changes or modifications in or to the Plan, the Trust Documents or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan[.]" Plan at Art. XI.C.2.

24. Here again, the fundamental purpose of the Plan is to value and pay compensable Abuse Claims fairly and equitably. The Trust cannot carry out that fundamental purpose if survivors are prejudiced in their ability to acquire information that should have been produced pursuant to the Document Appendix so they can determine whether or not to submit claims for evaluation under the IRO. As a result, the Settlement Trustee, along with the consent of the FCR and STAC, has determined that the most prudent course of action is to provide the holders of Abuse Claims additional time to make the IRO election after the remaining documents are made available to them to review. This Court should therefore approve the modification of the IRO deadline.

## NOTICE

25. Notice of this Motion has been given to (a) counsel to the Debtors and Reorganized BSA, (b) the Office of the United States Trustee for the District of Delaware, and (c) those persons who have formally appeared in these cases and requested service pursuant to

Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no additional notice need be given. No prior request for the relief requested herein has been made to this or any other court.

Dated: October 2, 2023
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
 dgrassgreen@pszjlaw.com
 joneill@pszjlaw.com

– AND –

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Sarah A. Sraders (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200
Facsimile: (202) 772-3333
Email: quinnk@gilbertlegal.com
 grime@gilbertlegal.com
 sraderss@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*

9