IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date**: TBD<br><br>**Response Deadline**: October 30, 2023 |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE CLAIMS OBJECTION DEADLINE AND (II) GRANTING RELATED RELIEF**

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Reorganized Debtors" or "Debtors," as applicable), hereby respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

1. The Reorganized Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) extending the deadline to file objections to the allowance of Administrative Expense Claims (other than a Professional Fee Claim), Priority Tax Claims, Other Priority Claims, and Other Secured Claims[2] (the "Claims Objection Deadline") filed against the

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not defined herein are defined in the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 10296].

estate of the above-captioned debtors from October 16, 2023, through and including April 15, 2024,[3] and (ii) granting such other and further relief as the Court deems just and proper.

## JURISDICTION

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-2.

## BACKGROUND

4. The Debtors commenced these cases on February 18, 2020 (the "Petition Date"). These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3] On May 22, 2023, the Court entered an Order extending the claims objection deadline with respect to Convenience Claims, General Unsecured Claims, and Non-Abuse Litigation Claims [D.I. 11235].

5. On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of tort claimants (the "Tort Claimants' Committee") and an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

6. On April 24, 2020, the Court appointed James L. Patton, Jr. (the "Future Claimants' Representative") as the representative of future abuse claimants pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code.

7. On September 8, 2022, the Court entered the *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 10316] (the "Confirmation Order") confirming the Debtors' plan of reorganization [D.I. 10296] (the "Plan").

8. On March 28, 2023, the United States District Court for the District of Delaware (the "District Court") entered an order affirming the Confirmation Order. *Nat'l Union Fire Ins. Co. of Pittsburgh PA et al. v. Boy Scouts of Am. and Delaware BSA, LLC*, No. 22-cv-01237-RGA (D. Del. Mar. 28, 2023) [D.I. 151] (the "Affirmation Order").

9. On April 19, 2023 (the "Effective Date"), the Plan became effective and the Reorganized Debtors filed the *Notice of Entry of Confirmation Order and Occurrence of Effective Date of Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 11119] (the "Notice of Effective Date").

10. Under the Plan, from and after the Effective Date, the Reorganized Debtors have authority to file, withdraw, or litigate to judgment objections to Claims. *See* Plan, Art. VIII(C)(1). The Plan provides the following deadline for filing objections to Administrative

Expense Claims (other than a Professional Fee Claim), Priority Tax Claims, Other Priority Claims, and Other Secured Claims:

> "Claims Objection Deadline" means . . . 180 days after the Effective Date with respect to all such Claims and Interests other than Convenience Claims, General Unsecured Claims, and Non-Abuse Claims, subject to any extensions approved by an order of the Bankruptcy Court . . .

Plan, Art. I(A)(64).

11. Since the Effective Date, the Reorganized Debtors have been working on numerous necessary tasks related to their emergence from bankruptcy. Specifically, the Reorganized Debtors and their professionals have been engaged in a myriad of activities including: (i) securing funding provided for under the Plan from settling parties; (ii) working with the Settlement Trustee and various claimant constituencies to establish the Settlement Trust; (iii) communicating with defense and opposing counsel regarding ongoing litigation; (iv) settling certain Claims; (vi) responding to creditor inquiries; and (vii) litigating numerous appeals of the Confirmation Order and Affirmation Order before the United States Court of Appeals for the Third Circuit, among other things.

12. Given the foregoing, the Reorganized Debtors will require more time to review, analyze and if necessary, object to Claims. Accordingly, the Debtors seek to extend the Claims Objection Deadline through and including April 15, 2024.

## BASIS FOR RELIEF

13. Sections 502 and 503 of the Bankruptcy Code contemplate that Claims will be challenged when appropriate and, if necessary, estimated. *See* 11. U.S.C. §§ 502, 503. In these cases, if an objection has not been filed or the Reorganized Debtors' schedule of assets and liabilities has not been amended with respect to a Claim scheduled as non-contingent, liquidated

and undisputed, by the applicable Claims Objection Deadline, then in accordance with the Plan, such Claims will be treated as Allowed Claims. *See* Plan, Art. I(A)(26).

14. Bankruptcy Rule 9006(b)(1) provides that the Court, may for cause shown, extend a time period provided under the Bankruptcy Rules or an order of the Court, except for time periods under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b). In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Moreover, the Plan permits the Claims Objection Deadline to be extended with Court approval. Plan, Art. I(A)(64).

15. Here, good and sufficient cause exists to extend the Claims Objection Deadline. As detailed above, the Reorganized Debtors have been focused on important tasks, including litigating appeals of the Confirmation Order before the Third Circuit. The Reorganized Debtors, with the assistance of their professionals, are continuing to analyze the remaining claims against the Reorganized Debtors' estates with the goal of consensually resolving or, if appropriate, objecting to such Claims. As of the date of this filing, over 15,000 non-abuse proofs of claim have been filed in these cases. The Reorganized Debtors have already filed several omnibus Claim objections and notices of satisfaction of certain claims. *See, e.g.*, D.I. 10783, D.I. 10782. The Reorganized Debtors anticipate that more Claim objections will be filed as a result of their ongoing review.

16. An extension of the Claims Objection Deadline will provide additional time for the Reorganized Debtors to continue reviewing and resolving Claims while seeking to maximize distributions to stakeholders.

17. For the above reasons, the Reorganized Debtors believe that an extension, through and including April 15, 2024, is reasonable and appropriate under the circumstances and consistent with extensions granted in other chapter 11 cases in this district.

18. The Reorganized Debtors reserve their right to seek a further extension of the time to file and serve objections to Claims upon a motion filed with the Court.

## NOTICE

19. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order in substantially the form attached hereto as **Exhibit A** granting the relief requested in this Motion and granting such further relief as the Court may deem necessary or proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: October 16, 2023<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Sophie Rogers Churchill*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>aremming@ morrisnichols.com<br>srchurchill@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice)*<br>Blair M. Warner (admitted *pro hac vice)*<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>mlinder@whitecase.com<br>laura.baccash@whitecase.com<br>blair.warner@whitecase.com<br><br>*Attorneys for the Reorganized Debtors* |