# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) <br><br> **Hearing Date:** TBD <br> **Objection Deadline:** November 6, 2023 |

## MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS

AVA Law Group, Inc. ("AVA"), on behalf of certain of its clients (the "Claimants") identified in AVA's previously filed 2019 statement [D.I. 7447], by and through undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Claimants to change their election to opt into the expedited payment/convenience class. In support of this Motion, the Claimants respectfully state as follows:

## FACTS

1. Claimants are sexual abuse survivors all of whom filed Sexual Abuse Survivor Proofs of Claim in these bankruptcy proceedings prior to the bar date. The proofs of claims of the sexual abuse survivors have been sealed and Claimants' claims have assigned claim numbers as identified on Exhibit A, attached hereto.

2. The Claimants each filed a Ballots for Class 8 (Direct Abuse Claims). In each such instance, the Claimants checked a box in which they mistakenly checked a box indicating an

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

election to receive an expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00.

3. The Claimants did not intend to elect to receive the expediated distribution of $3,500.00 as full satisfaction of their claims and they have not received nor accepted the $3,500 expedited distribution.

4. These Claimants have waited decades to get to this point of accountability and some semblance of justice. These men who are represented by AVA are begging for the chance to put their truth, their narrative, their tragic story in front of the trust. These Claimants each recognized their error, contacted AVA at the time, signed an affidavit saying they did not intend to elect that option, and are looking for equitable compensation for what they are eligible to receive. These Claimants have done everything in their power to correct their errors – errors that were caused by a long and confusing ballot. Collectively attached hereto as Exhibit B are affidavits from the Claimants.

## **RELIEF SOUGHT**

5. AVA requests that this Honorable Court allow Claimants to rescind or retract the election to limit their individual claims to $3,500 in exchange for an expedited payment and excuse Claimants from any and all obligations concerning or related to this election to receive the $3,500 expedited cash payment as a full and final settlement of their sexual abuse survivor claims and instead allow them, through AVA, to file either the Standard Claim or the Independent Review Option.

## **ARGUMENT**

6. Claimants never intended to elect the expedited payment option, despite checking this box, and, soon after realizing their mistake, contacted AVA to change the election, because

they understood the consequences that the election would constitute a complete release of claims that would be a final decision which could not be undone.

7. AVA never advised the Claimants to select this expedited payment option and would not have advised them to the select this option. The ballots are complex or otherwise confusing in that a claimant is requested to vote on whether or not to accept the $3,500 expedited payment, in one paragraph buried in a 23 page document. But, the ballot does not mention, state or even imply that election is final or irrevocable, and/or that it will prevent Claimants from later choosing another option.

8. At the time that ballots were cast by the Claimants, it was not clear, if known at all, what the alternatives to the expedited option were or would be either under that Plan, if approved, or any other Plan to be later submitted and voted on, if the Plan that Claimants were voting on, along with choosing to elect the expedited option, was not accepted in that form.

9. Claimants believe that their claims are worth far more than the $3,500, it would be grossly unfair and unjust to prevent them from choosing either the Standard Option or the Independent Review Option, where it is believed that the Claimants would receive an amount in excess of $3,500.00. Not granting this Motion and forcing Claimants to accept $3,500 in full and final satisfaction of their claims as opposed to allowing the Claimants to move through the claims review process because they made a mistake in completing a lengthy and complicated form will greatly reduce the amount of compensation they will receive. The fact that so many Claimants inadvertently exercised this option is further proof that the ballot was confusing or otherwise misleading.

10. In reviewing the Plan, it appears that one of the main purposes of the Plan is to provide adequate compensation to sexual abuse survivors like the Claimants. Forcing the

Claimants to accept a smaller distribution based on a mistaken ballot election flies in the face of the Plan's intended purpose to look out for men like the Claimants, causing great prejudice to the Claimants while the Trustee and Debtors would suffer no prejudice if the Claimants' ballot elections were changed. No distributions have been made and there will be no harm in allowing the Claimants to move through the claim reconciliation process.

WHEREFORE, AVA respectfully requests that the Claimants be permitted to modify their ballots to opt out of the $3,500 expedited payment/convenience and provide such other and further relief as is just and proper.

Dated:  October 23, 2023                     **CROSS & SIMON, LLC**

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone:  (302) 777-4200
csimon@crosslaw.com
kmann@crosslaw.com

*Counsel for AVA Law Group, Inc.*