# **EXHIBIT 3**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Case No. 20-10343 (LSS) |
|---|---|
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Chapter 11 (Jointly Administered) |
| Debtors. | |

## DECLARATION OF DEBORAH K. LEVY

1. My name is Deborah K. Levy.

2. I am an attorney in Houston, Texas who has been practicing since 2012. I have dedicated my practice to helping those fallen victim to various types of companies, including companies which allow for sexual abuse and assault to be committed.

3. In September of 2020, I was engaged to represent D.M. along with several other victims/survivors of sexual abuse and assault in the Boy Scouts of America and filed Proof of Claim forms on behalf of each survivor.

4. We sent D.M. a Proof of Claim form for D.M. to complete electronically. With the September 2020 submitted Proof of Claim Form, he was given claim number 21028. The next year D.M. was also then assigned claim number 108639 when he updated his address and specified the year of the abuse in the claim form. (For clarification, 108639 is the claim number on his ballot.)

4. In about December of 2021, D.M. was homeless and had no mailing address. For purposes of convenience, D.M. himself electronically filed a Ballot in which, as a Claimant, he was required to vote to accept or reject the (at that time current) proposed Bankruptcy Plan. He voted to accept the proposed Plan by checking the box marked: "YES." He had to execute this on a cell phone, which made the ballot hard to read, understand and execute.

1

5. Not realizing what he was doing or the import or consequences of doing so, there was a box with text on that same page as voting for the plan. That text box, which turns out was to elect the one-time $3500 expedited plan, only has one option in the text box so D.M. unknowingly accept an "expedited option" to take $3,500.00. At that time and now, he had/has no desire to end his claim or limit the amount of money he could receive for his suffering abuse at the hands of the Boy Scouts.

6. After gaining access to the (Trust) Portal, I saw that according to the database, D.M. was listed as having selected the "expedited option," and accordingly had to submit or have submitted for him a completed "Expedited option" Questionnaire by the (then) deadline of October 3, 2023. This was sad to me as he had never asked me about the expedited option at any time - assuming he even knew that there was such an option - and I had never discussed that with him as a choice.

7. Based on my understanding of the abuse that he suffered, and my knowledge of other BSA claims, as well as my knowledge and experience of sexual assault cases in general, his claim was clearly worth much more than $3,500.00 by way of negotiation, mediation, arbitration, and/or settlement, especially in an open state such as Arizona.

8. Upon learning of this, I immediately telephoned D.M. and told him what was happening. I confirmed with D.M. that he did not want to accept $3,500.00 because he had suffered way too much as a result of the abuse to accept such a tiny amount as compensation.

9. It is my considered legal opinion that D.M.'s claim is worth much more than $3,500.00. While it difficult to estimate the value of a claim such as this, based on my past experience with sexual assault/abuse cases in general, I estimate is that the value of the claim as clearly more than $3,500.

10. Based on my understanding of the Matrix created by the plan, I estimate that the value of the claim under the Matrix would be a similar amount and fall somewhere in the range of a five to six digit dollar award.

Signed under the pains and penalties of perjury, this 12th day of October, 2023.

*Deborah K. Levy*
―――――――――――――――
Deborah K. Levy