IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>          Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: November 10, 2023 at 4:00 pm (ET)** |

**MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS OR OTHER NECESSARY RELIEF ON BEHALF OF SURVIVOR CLAIMANT R.N.**

R.N., ("Movant"), by and through his undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Movant to change his election to opt into the expedited payment/convenience class which is consistent with the ballot he executed in February 2022. In support of the Motion, the Movant respectfully states as follows:

**FACTS**

1.      R.N. is a sexual abuse survivor. Without going into detail, the nature of the abuse inflicted upon R.N. at such a tender age is especially egregious such that, under the Plan, R.N. would expect to receive higher levels of compensation.

2.      A Proof of Claim form was submitted on behalf of R.N., with an amendment to the Proof of Claim form being filed to provide additional information as to the local council. The original claim form, and amendment, were timely submitted to Omni.

3.      Unbeknownst to Movant, he retained two counsel to represent him for the case. For the one firm he executed the ballot believing he had to check a box in each text box section.

4.      In February 2022, Movant electronically filed a Ballot for Class 8 (Direct Abuse Claims) with Junell & Associates. See attached Exhibit 1.

5.      In this ballot, Movant checked a box in which he voted to accept the Plan offered at

1

that time for a vote and did not check the box to receive the expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00.

6. Movant did not intend to elect to receive the expedited distribution of $3,500.00 as full satisfaction of his claim.

7. Movant has neither received nor accepted the $3,500.00 expedited distribution.

## RELIEF SOUGHT

8. Movant requests that this Honorable Court allow Movant to rescind or retract the election to limit his claim to $3,500.00 in exchange for an expedited payment and excuse Movant from any and all obligations concerning or related to this election to receive the $3,500 expedited cash payment as a full and final settlement of his sexual abuse survivor claim and instead allow him, through his attorney to file, when required, the Standard Claim, or in the alternative issue an injunction enjoining the Trustee and/or its representatives, agents, and administrators (including but not limited to Price Waterhouse Cooper) and/or BSA and/or its representatives, agents, etc., and any other parties who have an interest in this case from enforcing this mistaken election and/or requiring Movant to limit any award/payment to the expedited $3,500 amount, or in the alternative, issue a stay preventing any further action by the Trustee and/or its representatives, agents, and/or the BSA, its representatives or agents, and/or any other interested parties from requiring or enforcing Movant to take a $3,500 payment, while the Court considers its ruling and/or fashions a remedy to this motion.

9. In addition, the deadline for the questionnaire for expedited claimants is November 2, 2023. Should this Honorable Court deny the motion, Movant respectfully request an additional three weeks from the date of this Court's order to complete and submit the Expedited Questionnaire and remainder of the process.

**ARGUMENT**

10. Movant was confused as he never intended to elect this $3500 option, despite checking this box in the one ballot, and did not understand the consequences that the election would constitute a complete release of claims that would be a final decision which he could not undo, especially since he did a second ballot where he did not elect the $3500 option. See Declaration of R.N. attached hereto as Exhibit 2.

11. Movant's Attorney in February 2022 discussed the $3500 option with Movant, and Movant then executed a ballot for Junell & Associates where he did not elect this $3500 option as given the facts of the case this was not in Movant's best interests given the knowledge of the facts of the case. See Declaration of Attorney Deborah K. Levy attached hereto as Exhibit 3.

12. The written ballot is 23 pages long. The ballot was faulty, ambiguous, misleading or otherwise confusing in that a claimant is requested to vote on whether or not to accept the $3,500.00 expedited payment, in one paragraph, but the ballot does NOT mention, state or even imply that election is final or irrevocable, and/or that it will prevent him from later changing his mind or choosing another option. (See p. 6 of Ballot)

13. On the next to last page of the Ballot, immediately preceding where Movant and/or any other Claimant signed his name, are seven (7) separate paragraphs which presumably intended to inform in some way the consequences of the ballot choices. None of them say anything about the election of the expedited award being final or irrevocable or preventing him/them from later changing his/their mind(s) and/or selecting another option.

14. Based on information and belief, at the time that Movant and others selected this option, it was not clearly known if known at all, by any/all Claimants (and most or all of the Attorneys representing Survivors), what the alternatives to the expedited option were or would be either under that Plan, if approved, or any other Plan to be later submitted and voted on, if the Plan

that Movant and other claimants were voting on, along with choosing to elect the expedited option, was not accepted in that form. When then discussed with Junell & Associates, Movant opted to not move forward with the $3500 election and completed a ballot reflective of this decision, but he did not recall, or know, that he did another ballot with the $3500 election which would override his true decision.

15. Movant's claim is believed to be worth far more than the $3,500, and based on the facts of his claim, it would be grossly unfair and unjust to prevent him from choosing either the Standard Option or the Independent Review Option, where it is virtually a certainty that he would receive an amount greatly in excess of $3,500.00.

16. Movant's erroneous election of $3,500 at the time of executing the confusing ballot also does not constitute a binding contract and is in conflict with his Junell & Associates ballot which was submitted with no election of the $3500 option. Debtor created this ballot stating that with the $3,500 option "you will not be able to choose this option at a late date unless the court approves otherwise." (See p. 3 of Ballot). It does not state you cannot later opt out of this selection. Moreover, there has been no consideration in furtherance of this option as no release has been executed by R.N., R.N. also completed a ballot opting out of the $3500 option, and no consideration paid to date to limit R.N.'s recovery.

17. Balancing the equities, the Motion should be granted. Not granting this Motion and forcing Movant to accept $3,500.00 in full and final satisfaction of claim as opposed to allowing Movant to take the Standard Review or Independent Review Option because he made a mistake in completing a lengthy and complicated form will greatly reduce the amount of compensation he will receive and should be overridden by the February 2022 ballot Movant executed with Junell & Associates where he made his clear decision that he did not want to limit his recovery to $3500. It will also undermine the spirit of the Plan and the stated desire of the Plan to attempt to give adequate

compensation for the grievous suffering of Movant (and other similarly situated survivors). On the other hand, the Trustee and Plan Proponents would suffer no harm if Movant were to obtain his requested relief.

18. Upon information and belief, about only 60 expedited cases have been paid under the Plan. Certainly, Movant has not received or cashed any payments. In fact, upon information and belief, the total amount of money that will be available to any and all Claimants/Survivors is not even known at this time. Based on information and belief, no "tiers" or other classifications of degrees of harm or methods of calculating damages for any and all claims have been established yet. Accordingly, it would be difficult for any interested party to argue that they will be prejudiced in any way if Movant is allowed to rescind or retract his mistaken election to take the expedited $3,500.00 payment option in full and final satisfaction of his sexual abuse survivor claim as opposed to being allowed to choose and begin the process of the Standard Review or the Independent Review Option.

WHEREFORE, Movant requests that he be permitted to modify his ballot where he mistakenly opted into the $3,500.00 expedited payment/convenience class to retract that election in order to fully participate in the Standard Review or the Independent Review Option available under the Plan and provide Movant such other relief as is just and proper.

Dated: October 27, 2023

**GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Phone: 302-425-5813
Fax: 302-425-5814
Email: cbrown@gsbblaw.com

*Counsel for R.N.*

*Of Counsel:*
Deborah K. Levy, Esq.
Junell & Associates, PLLC
3737 Buffalo Speedway Suite 1850
Houston, Texas 77098
Phone: 713-221-3750
kschroeder@junell-law.com