# **EXHIBIT 3**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>               Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br>(Jointly Administered) |
|---|---|

## DECLARATION OF DEBORAH K. LEVY

1.      My name is Deborah K. Levy.

2.      I am an attorney in Houston, Texas who has been practicing since 2012. I have dedicated my practice to helping those fallen victim to various types of companies, including companies which allow for sexual abuse and assault to be committed.

3.      In August of 2020, I was engaged to represent several victims/survivors of sexual abuse and assault in the Boy Scouts of America and filed Proof of Claim forms on behalf of each survivor.

4.      We sent R.N. a Proof of Claim form for R.N. to complete and return to our office. After a delay, due to frequent changes in contact information, R.N. provided information for his Proof of Claim form and subsequently updated his Proof of Claim Form. Both Proof of Claim Forms were sent to Omni. R.N. was given claim number 79226 and 103601.

4.      On or around February of 2022, our office made contact with R.N. as we had not received his ballot by the time of the original voting deadline and were making every effort to obtain his vote. At the time we reached R.N. we went over the ballot and the meaning of each section. R.N. availed himself to an electronically filed a Ballot in which, as a Claimant, he was required to vote to accept or reject the (at that time current) proposed Bankruptcy Plan. He voted to accept the proposed Plan by checking the box marked: "YES."

5.  After consultation with counsel, R.N. also checked did not check the box to elect the one-time $3500 expedited plan. At that time and now, he had/has no desire to end his claim or limit the amount of money he could receive for his suffering abuse at the hands of the Boy Scouts.

6.  Recently, after gaining access to the (Trust) Portal, we learned R.N. was a dual representation case where R.N. selected the "expedited option," on the other firm's ballot. This was shocking to me as our firm specifically had a conversation with R.N. where he did not want to limit his recovery to $3500 and he did not select $3500 on our ballot.

7.  Based on my understanding of the abuse that he suffered, and my knowledge of other BSA claims, as well as my knowledge and experience of sexual assault cases in general, his claim was clearly worth much more than $3,500.00 by way of negotiation, mediation, arbitration, and/or settlement.

8.  Upon learning of this, I immediately telephoned R.N. and told him what was happening. I confirmed with R.N. that he did not want to accept $3,500.00 because he had suffered way too much as a result of the abuse to accept such a tiny amount as compensation.

9.  It is my considered legal opinion that R.N.'s claim is worth much more than $3,500.00. While it difficult to estimate the value of a claim such as this, based on my past experience with sexual assault/abuse cases in general, I estimate is that the value of the claim as clearly more than $3,500.

10. Based on my understanding of the Matrix created by the plan, I estimate that the value of the claim under the Matrix would be a similar amount and fall somewhere in the range of a five to six digit dollar award.

Signed under the pains and penalties of perjury, this 25th day of October, 2023.

Deborah K. Levy

2