IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 11532, 11552** |

**CONSOLIDATED RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN OPPOSITION TO (1) SURVIVOR CLAIMANT D.S.'S MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS, D.I. 11532, AND (2) MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS, D.I. 11552**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Settlement Trust"), hereby submits this consolidated opposition (the "Opposition") to (1) Movant D.S.'s ("D.S.") motion to change election to opt into expedited payment/convenience class ("D.S. Motion"), and (2) AVA Law Group, Inc.'s ("AVA Law") motion to change election to opt into expedited payment/convenience class ("AVA Law Motion," and together, the "Motions"). In support thereof, the Trustee respectfully states and alleges as follows:

**PRELIMINARY STATEMENT**

1. When the Debtors sought approval of their proposed plan of reorganization, they required claimants voting on the plan to elect whether to receive an expedited distribution of a one-time cash payment of $3,500 ("Expedited Distribution"). In the Motions, D.S. and clients

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1

of AVA Law assert that they inadvertently selected the option to receive the Expedited Distribution. They now seek to rescind or retract these elections so that their claims against the Trust can be considered under the Matrix or Independent Review options.

2. While the Trustee is sympathetic to these claimants' alleged mistakes in electing Expedited Distribution on their ballots, the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC*, D.I. 10296 (the "Plan")[2] and its supporting documents do not permit the Trustee to allow a claimant to change his or her Expedited Distribution election. To allow hundreds (or thousands) of claimants to rescind or retract their elections at this stage would result in significant delays and complications in Trust claims administration and accounting. The Trustee therefore respectfully requests that this Court deny the Motions.

## FACTUAL BACKGROUND

**A.  D.S. and AVA Law's Clients Selected Expedited Distribution on their Ballots.**

3. On September 30, 2021, this Court entered an order approving the Plan Solicitation Procedures and the voting ballots, among other documents. *See* Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Forms of Ballots, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief (the "Solicitation Order"), ECF No. 6438. The ballot for Class 8 (Direct Abuse Claims) instructed claimants that they "**MUST COMPLETE FOUR (4) ITEMS ON THIS BALLOT**," one of which was to "**DECIDE WHETHER TO MAKE THE OPTIONAL $3,500 EXPEDITED**

---

[2] All capitalized, undefined terms used throughout this Opposition have the meaning ascribed to them in the Plan.

2

**DISTRIBUTION ELECTION.**" Ex. 2-5 to Solicitation Order (capitalization and emphasis in original).

4. D.S. electronically filed a ballot for Class 8 (Direct Abuse Claims). On his ballot, D.S. checked a box in which he voted to reject the Plan. *See* Ex. 1 to D.S. Mot. at 6. He also separately elected to receive Expedited Distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500. *Id.*

5. AVA Law's clients also each filed a ballot for Class 8 (Direct Abuse Claims). *See* AVA Law Mot. ¶ 2. They, too, checked a box on the ballot electing to receive an Expedited Distribution. *See id; see also* Ex. B to AVA Law Mot.

**B.     The Plan, TDP, and Solicitation Order Do Not Permit the Trustee to Allow Changes to Expedited Distribution Elections.**

6. The Plan addresses the selection of Expedited Distribution as follows:

A Direct Abuse Claimant who does not make the Expedited Distribution Election . . . in accordance with the deadlines and procedures established by the Settlement Trust ***may not later elect to receive the Expedited Distribution***. ***A Direct Abuse Claimant who makes the Expedited Distribution Election . . . shall have no other remedies with respect to any Direct Abuse Claim*** he or she has against the Settlement Trust, Protected Parties, Chartered Organizations, or any Non-Settling Insurance Company. ***Direct Abuse Claimants that make the Expedited Distribution Election . . . will not be eligible to receive any further distribution on account of their Direct Abuse Claim pursuant to these TDP***.

Plan, Art. VI (emphasis added).

7. The Trust Distribution Procedures ("TDP") also make clear that the Trustee is not permitted to allow a claimant to change their election regarding Expedited Distribution. "[N]either the Trustee nor the STAC or Future Claimants' Representative may amend these TDP in a material manner, including . . . (iii) to add an opportunity to make an Expedited Distribution Election for a claim represented by a Chapter 11 POC after the Voting Deadline . . . or (v) in a manner that is otherwise inconsistent with the Confirmation Order or Plan." TDP, Art. XIV.B.

3

8. Finally, the Solicitation Procedures approved by the Court emphasize that claimants "may elect <u>only</u> on his or her Ballot or Master Ballot to receive an Expedited Distribution, which, as specified in the Plan, is a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 . . . **If selecting the $3,500 Expedited Distribution, you must indicate this on the Ballot.**" Ex. 1 to Solicitation Order, § IV.D.

9. That this election regarding the Expedited Distribution was required to be made at the time of Plan approval was no accident. The Official Committee of Tort Claimants (the "TCC"), along with other claimants, sought to classify Direct Abuse Claimants who elected to receive an Expedited Distribution as a separate class, arguing that they were in a fundamentally different position than those who chose to receive the Matrix or Independent Review options. *See* Motion of the Official Committee of Tort Claimants Pursuant to Bankruptcy Rule 3013 to Classify Claims under the Fifth Amended Joint Chapter 11 Plan of Reorganization for Boys Scouts of Am. and Delaware BSA, LLC, under Chapter 11 of the Bankruptcy Code, ECF No. 6368. The Court ultimately required Abuse Claimants to elect whether to pursue Expedited Distribution on the same ballot on which they voted on the Plan, noting that "it would be helpful to know who was voting and what their choice is . . . I think it's important to understand the vote." Sept. 28, 2021 Hr'g Tr., 235:4-20.

**C.    Administration of Expedited Distribution Claims**

10. More than 7,300 claimants elected Expedited Distribution when voting whether to accept the Plan. The Trust is now tasked with reviewing and paying those claims. The process for reviewing these claims is set forth on the Trust's website, scoutingsettlementtrust.com. Expedited Distribution claimants are to complete a questionnaire on the website, after which they will receive a qualification notice from the Trustee and a release form to sign before receiving payment. To date, more than 4,500 Expedited Distribution claimants have submitted the

questionnaire and received qualification notices. Of those, 515 have returned an executed release; 276 of those claimants have already received payment, and I have initiated the payment process for the remaining 239 claimants. Declaration of the Honorable Barbara J. Houser (Ret.), in her Capacity as Trustee of the BSA Settlement Trust ("Houser Decl.") attached hereto as **Exhibit A**, ¶ 5.

11. The Trust has received approximately 500 inquiries from claimants seeking to now elect Expedited Distribution when they did not so elect on their ballot or seeking to rescind their election of Expedited Distribution after they opted for this treatment on their ballot. The Trustee has not granted any such request, concluding that the Plan and related documents do not permit her to do so. *Id.* ¶ 6.

12. If the Court were now to allow D.S. and the AVA Law clients to change their Expedited Distribution election to the Matrix or Independent Review options, the Trustee will have no grounds to deny similar changes requested by other claimants, which have numbered in the hundreds. The logistical problems associated with essentially reopening the Expedited Distribution election now—more than six months after the Effective Date—would be enormous. *Id.* ¶¶ 7-8.

13. As noted previously, the Trust is far along in processing Expedited Distribution claims with a looming deadline to return the Expedited Distribution questionnaire of November 2, 2023,[3] and some claimants—including some who may have requested to change their election and were denied the opportunity to do so—have already executed releases and have received payment from the Trust. It would be extraordinarily difficult for the Trust to allow those claimants to rescind their election of Expedited Distribution. The Trustee would need to determine whether

---

[3] This deadline was previously October 3, 2023, and was extended for an additional 30 days to November 2, 2023. The Trustee has given notice to Expedited Distribution claimants that this deadline will not be further extended.

these claimants would need to return the money to the Trust before proceeding with a review of their Abuse Claim. The Trustee would also need to determine the legal consequences of the releases already executed by these claimants. *Id.* ¶ 8.

14. Even if the Trustee were able to resolve any issues with respect to claimants who have already received Expedited Distributions, the costs of implementing these changes would be significant. The Trust would need to manually change each Expedited Distribution claim in the claims processing system, cancel the Expedited Distribution questionnaire, replace this with a standard questionnaire, and communicate this to the claimant—hundreds, or potentially thousands, of times. *Id.* ¶ 9.

15. The Trustee would also need to inform all claimants of the ability to change the Expedited Distribution election, which would undoubtedly result in confusion among individuals who believed their prior selection to be final. The Trustee likely would need to create new deadlines for election amendments, which could potentially impact the pending deadline for claimants to select the Independent Review Option. The Trustee would need to create a system for changing all of these claims and clearly explain to tens of thousands of claimants their new options. *Id.* ¶ 10.

## RELIEF REQUESTED

16. The Trustee seeks an Order from the Court denying D.S.'s and the clients of AVA Law's requests to rescind their elections of an Expedited Distribution of $3,500 as a full and final settlement of their Direct Abuse Claims.

## BASIS FOR RELIEF

17. The Plan language, along with the language set forth in the TDP and Solicitation Procedures, does not permit claimants to change their election of Expedited Distribution.

18. As set forth *supra* paragraphs 12-15, the Trust would face significant difficulty in changing (at a minimum) hundreds of claims from Expedited Distribution to the Matrix or Independent Review options.

19. The Trustee is sympathetic to these claimants' predicaments. Unfortunately, however, they elected to receive an Expedited Distribution nearly two years ago. For the reasons stated above, changing that election now would significantly disrupt Trust administration and drain Trust resources.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that this Court deny the Motions.

Dated: October 27, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
       dgrassgreen@pszjlaw.com
       joneill@pszjlaw.com

– AND –

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Sarah A. Sraders (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200

Facsimile: (202) 772-3333
Email: quinnk@gilbertlegal.com
grime@gilbertlegal.com
sraderss@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*