IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 20-10343 (LSS) |
| ) | |
| BOY SCOUTS OF AMERICA AND ) | Chapter 11 |
| DELAWARE BSA, LLC,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Hearing Date: **TBD** |
| | Objection Deadline: November 17, 2023 |

**MOTION TO CORRECT ELECTION FROM THE EXPEDITED PAYMENT OPTION
TO THE TRUST ("MATRIX") CLAIMS PROCESS OR
<u>INDEPENDENT REVIEW OPTION</u>**

COMES NOW, the movant, the Krause & Kinsman Law Firm on behalf of certain of its clients (the "Claimants"), by and through undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Claimants to correct their election from the expedited payment option to the trust ("matrix") claims process or independent review option. In support of this Motion, the Claimants respectfully state as follows:

**FACTS**

1. The Claimants are sexual abuse survivors all of whom filed Sexual Abuse Survivor Proofs of Claim in these bankruptcy proceedings prior to the November 16, 2020, bar date. The proof of claims of the sexual abuse survivors have been sealed and Claimants' claims have been assigned claim numbers by the settlement Trustee and identified as follows: SST-909798, SST-909224, SST-908406, SST-908835, SST-904506, SST-

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 7503.

901503, and SST-908260.

2. The Claimants each filed Ballots for Class 8 (Direct Abuse Claims). In each such instance, the Claimants mistakenly checked a box indicating an election to receive an expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00. *See* **Exhibit A**, attached hereto.

3. The Claimants did not intend to elect to receive the expedited distribution of $3,500 as full satisfaction of their claims, and they have not received nor accepted the $3,500 expedited distribution.

4. These Claimants have waited decades to get to this point of accountability and some semblance of justice. These claimants are represented by Krause & Kinsman and are begging for the chance to put their truth, their narrative, their tragic story, in front of the settlement trust. These Claimants each recognized their error and have contacted Krause & Kinsman stating they did not elect that option, or did not intend to elect that option, and are looking for equitable compensation for what they are eligible to receive. These Claimants have done everything in their power to correct their errors – errors that were caused by a long and confusing ballot.

## RELIEF SOUGHT

5. Krause & Kinsman requests that this Honorable Court allow Claimants to rescind or retract the election to limit their individual claims to $3,500 in exchange for an expedited payment and excuse Claimant from any and all obligations concerning or related to this election to receive the $ 3,500 expedited cash payment as a full and final settlement of their sexual abuse survivor claims

and instead allow them, through Krause & Kinsman, to file, when required, the Standard Claim Option. Or in the alternative, issue an injunction enjoining the Trustee and/or its representatives, agents, and administrators (including but not limited to Price Waterhouse Cooper) and/or BSA and/or its representatives, agents, etc., and any other parties who have an interest in this case from enforcing this mistaken election and/or requiring Claimants to limit any award/payment to the expedited $3,500 amount, or issue a stay preventing any further action by the Trustee and/or its representatives, agents, and/or the BSA, its representatives or agents, and/or any other interested parties from requiring or enforcing Claimants to take a $3,500 payment, while the Court considers its ruling, or determines a remedy to this motion.

6. In addition, the deadline for the Expedited claims questionnaire is November 2, 2023. Should this Honorable Court deny the motion, Claimants respectfully request an additional three weeks from the date of this Court's order to complete and submit the Expedited Questionnaire and remainder of the process.

## ARGUMENT

7. Claimants never intended to elect the expedited payment option, and despite checking this box, did not understand that the election would constitute a complete release of the claims that would be a final decision which they could not undo.

8. Claimants' Attorney never advised claimants to select the Expedited payment option and would not have advised them to select this option given the knowledge of the facts of their case. *See*, *Declaration of Attorney Adam Krause* attached hereto as **Exhibit B.**

9. Claimants have contacted Krause & Kinsman to change their election, and/or have disputed ever having elected such option, because it is not the election they intended their claim to proceed under. *See, Declaration of Claimants* attached collectively as **Exhibit C.**

10. The voting ballot was complex or otherwise confusing in that claimants were requested to vote on whether or not to accept the $3,500 expedited payment, in one paragraph buried in a 23-page document. However, the ballot does not mention, state, or even imply that such election would be final or irrevocable, and/or that it will prevent Claimants from later choosing another option.

11. At the time that ballots were cast by the Claimants, it was not clear, if known at all, what the alternatives to the expedited option were, or would be, under that Plan, if approved, or any other Plan to be later submitted and voted on, if the Plan that Claimants were voting on, along with choosing to elect the expedited option, was not accepted in that form.

12. Claimants' erroneous election of $3,500 at the time of executing the confusing ballot also does not constitute a binding contract. Debtor created this ballot stating the following:

> **"IF SELECTING THE $3,500 OPTION, YOU MUST INDICATE THIS ON THIS BALLOT. YOU WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE."** *See,* pg. 3 of Ballot.

13. The ballot does not state you cannot later opt out of this selection. Moreover, there has been no consideration in furtherance of this option as no release

has been executed by Claimants, and no consideration paid to date to limit their recovery.

14. Balancing the equities, the Motion should be granted. Not granting this Motion and forcing Claimants to accept $3,500.00 in full and final satisfaction of claim as opposed to allowing Claimants to proceed with their claims through the Trust ("Matrix") Claims Process or Independent Review Option because they made a mistake in completing a lengthy and complicated form will greatly reduce the amount of compensation they will receive. It will also undermine the spirit of the Plan and the stated desire of the Plan to attempt to give adequate compensation for the grievous suffering of Claimants. On the other hand, the Trustee and Plan Proponents would suffer no harm if Claimants were to obtain their requested relief.

**WHEREFORE**, Krause & Kinsman respectfully requests that the Claimants, being identified as claims numbers SST-909798, SST-909224, SST-908406, SST-908835, SST-904506, SST-901503, and SST-908260, be permitted to modify their ballots to correct their election from the $3,500 Expedited Payment Option, and be allowed to participate in the Trust ("Matrix") Claims Process or Independent Review Option.

Dated: October 30, 2023.                    Respectfully Submitted,

                                                  **CONAWAY LEGAL, LLC**

                                                  */s/ Bernard G. Conaway*
                                                  Bernard G. Conaway, Esquire (DE 2856)
                                                  1007 North Orange Street, Ste. 400
                                                  Wilmington, DE 19801
                                                  Phone: (302) 428-9350
                                                  Email: bgc@conaway-legal.com

                                                  *Counsel to Certain Clients of Krause & Kinsman*