## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BOY SCOUTS OF AMERICA AND | ) Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: TBD |
| | ) Objection Deadline: November 14, 2023 |
| | ) |

## MOTION TO CHANGE ELECTION TO OPT INTO
## EXPEDITED PAYMENT/CONVENIENCE CLASS

Babin Law, LLC ("Babin Law"), on behalf of two of its clients, SST-902574 ("Claimant 1") and SST-907529 ("Claimant 2"),[2] by and through undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Claimants to change their election of the expedited payment/convenience class and allow Claimants to instead proceed with a Standard Trust Distribution Claim. In support of this Motion, the Claimants respectfully state as follows:

### FACTS

1.      Claimants are sexual abuse survivors who filed Sexual Abuse Survivor Proof of Claims in these bankruptcy proceedings before the bar date. The Proof of Claims of both sexual abuse survivors have been sealed. The assigned Proof of Claim numbers are 109090 for Claimant 1 and 66421 for Claimant 2.

2.      The Claimants each filed Ballots for Class 8 (Direct Abuse Claims).

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.
[2] Claimant 1 and Claimant 2 will be collectively referred to as "Claimants."

3.      The Claimants each made initial, mistaken elections on the E-Ballot voting platform to receive an Expedited Distribution of a one-time cash payment of $3,500 from the Settlement Trust.

4.      The Claimants informed Babin Law that these initial elections had been a mistake. The email correspondence is attached as Exhibit 1 for Claimant 1 and Exhibit 2 for Claimant 2.

5.      Subsequently, Babin Law contacted E-Ballot to cancel both Claimants' votes. E-Ballot confirmed that both Claimant 1 and Claimant 2's ballots had been canceled and that their elections of the Expedited Distribution had been invalidated. *See* Exhibit 3.

6.      On November 16, 2021, Claimant 1 executed and submitted a new ballot (Ballot No. 227621) to E-Ballot that did not elect the Expedited Distribution, but instead elected the Standard Trust Distribution Claim. This new ballot was filed via OMNI on December 10, 2021.

7.      Claimant 2 did not submit a new ballot, electing instead to proceed to a Standard Trust Distribution Claim by default, like other Claimants who did not vote on the Plan.

8.      Shortly before the voting deadline, E-Ballot sent Babin Law a bulk file of all votes cast by over 900 clients. This file should have contained accurate voting records. Babin Law filed all votes with OMNI in time to meet the impending deadline, which was on a holiday.

9.      Babin Law understood from E-Ballot that Claimant 1 and Claimant 2's initial, mistaken votes for the Expedited Distribution had been invalidated, and, therefore, believed that the bulk upload from E-Ballot did not include these canceled ballots. However, the upload file from E-Ballot was inaccurate and did contain the canceled ballots, despite E-Ballot confirming that the ballots had been "canceled."

10.     As a result, Claimant 1's "canceled" ballot (ID No. 227620) was received by OMNI on December 21, 2021. Under the language of the Solicitation Procedures, this invalid ballot superseded Claimant 1's second ballot filed on December 10, 2021 and became his "operative ballot," even though it had been executed later.

11.     Likewise, Claimant 2's "canceled" ballot (ID No. 215722) was received by OMNI on December 24, 2021. Under the language of the Solicitation Procedures, this invalid ballot superseded Claimant 2's attempt to proceed to a Standard Trust Distribution Claim by not voting on the Plan.

12.     The Claimants' "operative" ballots received by OMNI were thus based on invalidated votes, which were contrary to the Claimant's intentions.

13.     Both Claimants intended to elect the Trust Claims "Matrix" Distribution Process, communicated that intention clearly, and undertook the proper actions to make that election. The Declaration of Claimant 1 is attached as Exhibit 4 and the Declaration of Claimant 2 is attached as Exhibit 5.

14.     Instead, due to E-Ballot's mistake, both Claimants have been assigned to the Expedited Distribution process.

15.     Babin Law has, for months, been communicating with E-Ballot and OMNI about this mistake. Babin Law has also repeatedly petitioned the Trust to remedy this issue. After months of ongoing discussions, however, the Trust stated that it was unable to provide any relief to the Claimants, despite acknowledging the incontrovertible evidence that the Expedited Distribution elections were based on invalidated ballots and against the clear wishes of both Claimants.

16.     After exhausting all other options, Babin Law has filed this Motion to request relief from this Honorable Court.

17.     PLEASE NOTE: Out of an abundance of caution, Babin Law has – in addition to filing this Motion – also submitted the Expedited Distribution Questionnaires for both Claimants. The deadline to submit those Questionnaires will have passed before this Court can rule on this Motion, and Babin Law felt it necessary to preserve the Claimants' chance to receive *some* compensation for their claims if this Motion is denied. If this Motion is granted, however, Babin Law will promptly withdraw the Expedited Distribution Questionnaires.

## RELIEF SOUGHT

18.     Babin Law requests this Honorable Court to rescind the Claimant's invalid ballots and excuse the Claimants from any and all obligations concerning or related to their mistaken elections to receive the $3,500 Expedited Distribution as a full and final settlement of their sexual abuse survivor claims, and instead allow them to file either the Standard Trust Distribution Claim or elect the Independent Review Option.

## ARGUMENT

19.     Babin Law respectfully requests this Court honor the Claimants' wishes and allow both to proceed through the regular Trust Distribution procedures. Limiting the Claimants'

recovery for their child sex abuse claims to a $3,500 payment based on invalid ballots that the Claimants and Babin Law reasonably believed – based on statements from E-Ballot – had been canceled would be grossly unfair and unjust. Claimants should not be unfairly prejudiced and forced to accept this option for what essentially amounts to a clerical error.

20.    Claimants never intended to elect the Expedited Payment option, and promptly requested that their initial, mistaken ballots be invalidated, as confirmed by the evidence.

21.    Immediately after, Babin Law reached out to E-Ballot to cancel the ballots. E-Ballot responded and confirmed the ballots had been canceled.

22.    Both Babin Law and the Claimants believed these ballots had been invalidated, and that the Claimants would instead proceed through the standard Trust Distribution Process.

23.    E-Ballot should have destroyed these "canceled" ballots according to the Claimants' express intention that the Expedited Distribution elections had been a mistake. E-Ballot should not have delivered these ballots in the bulk upload file together with nearly a thousand other, valid ballots.

24.    Claimant 1 executed his second ballot (ID No. 227621) on November 16, 2021, and OMNI received the ballot on December 10, 2021. This ballot should be treated as the operative ballot, as it represents Claimant 1's intentions to proceed through the standard Trust Distribution Process after his first vote was "canceled." Babin Law respectfully requests this Court honor Claimant 1's second ballot and permit Claimant 1 to proceed through the Trust Distribution or Independent Review process.

25.    Claimant 2 should be treated like other similarly situated Claimants who did not vote and are, therefore, permitted to proceed through the Trust Distribution Procedures. Claimants who did not cast a vote before the deadline are eligible to go through the Standard Trust Distribution Process. Claimant 2 clearly intended not to vote, as he canceled his initial, mistaken ballot and thereafter intentionally chose to file no other. Babin Law respectfully requests this Court invalidate Claimant 2's first ballot (ID No. 215722) and permit Claimant 2 to proceed through the Trust Distribution or Independent Review process.

26.    In reviewing the Plan, one of the main purposes is to provide adequate compensation to child sexual abuse survivors like the Claimants. Forcing the Claimants to accept a smaller distribution based on mistaken elections made on invalid ballots, which the Claimants had been told were canceled, is directly at odds with the Plan's intended purpose to protect

survivors like the Claimants. Such a result would cause great prejudice to the Claimants, whereas the Trustee and Debtors would suffer no prejudice at all if the Claimants' ballot elections were corrected to reflect their intentions. No distributions have yet been made and there will be no harm in allowing the Claimants to move through the claim reconciliation process.

WHEREFORE, Babin Law respectfully requests that the Court find Ballot ID No. 227621 to be Claimant 1's operative ballot, and permit Claimant 2 to proceed through the standard Trust Distribution Procedures and provide such other and further relief as is just and proper.

Dated: October 31, 2021

Respectfully submitted,

*/s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
750 Shipyard Dr., Suite 200
Wilmington, DE 19801
davy@jcdelaw.com
302-656-5445


Kristina Aiad-Toss
Babin Law, LLC
65 E. State St. Suite 1300
Columbus, OH 43215
Ph: (614)-761-8800
Kristina.aiad-toss@babinlaws.com