IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Case No. 20-10343<br><br>Chapter 11<br>(Jointly Administered)<br><br>Objection Deadline: November 15, 2023 at 4 p.m.(ET)<br>Hearing Date: TBD |

**MOTION TO CHANGE ELECTION FROM EXPEDITED PAYMENT
/CONVENIENCE CLASS AND OTHER NECESSARY RELIEF
ON BEHALF OF SURVIVOR CLAIMANT J.D.**

J.D., ("Movant"), by and through his undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Movant to change his election from the expedited payment/convenience class and grant other relief as necessary. In support of the Motion, the Movant respectfully states as follows:

**FACTS**

1. Movant is a sexual abuse survivor who, through his attorneys, filed a Sexual Abuse Survivor Proof of Claim on or about November 12, 2020 and was designated as Claimant SST# 908123.

2. Movant's Proof of Claim, which like those of all survivors in this case, has been sealed, and describes in detail the horrendous abuse which he suffered. He has Tier 1 claim (the highest value claims under the Boy Scouts' Plan of Reorganization (the "Plan")). After applying the Plan's scaling factors, it is expected that his allowed claim will be among the highest survivor claims.

3. Movant electronically filed a Ballot for Class 8 (Direct Abuse Claims) on November 27, 2021. See, attached Exhibit 1. On his ballot, Movant checked a box in which he

voted to accept then current Plan offered at that time for a vote, but he also mistakenly checked a box in which he elected to receive the expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00.

4. The ballot is a complex document consisting of twenty-three (23) pages. Given the length and complexity of the ballot, it is easy to see how Movant or other survivors might be confused and mistakenly check the box making the election opting to receive the $3,500 expedited payment.

5. Movant did not intend to elect to receive the expedited distribution of $3,500.00. He and his counsel discussed the fact that his claim had an expected high value. Further, they never discussed the $3,500 expedited distribution. Furthermore, Movant's counsel never advised Movant to elect the expedited distribution nor would he ever have done so given the high value of Movant's claim. See, Declaration of Movant, attached hereto as <u>Exhibit 2</u> and Declaration of Timothy C Hale, Esq., attached hereto as <u>Exhibit 3</u>.

6. Movant has neither received nor accepted the $3,500.00 expedited distribution.

## RELIEF SOUGHT

7. Movant respectfully requests that this Honorable Court allow Movant to; (a) rescind or retract the election to limit his claim to $3,500.00 expedited payment and excuse Movant from any and all obligations or enforcement concerning or related to this mistaken election to receive the $3,500 expedited cash payment as a full and final settlement of his sexual abuse survivor claim, and (b) pursue his claim through the Standard Review Process or the Independent Review Option contemplated by the Plan and the Plan's Trust Distribution Procedures.

8. Additionally, the deadline for the questionnaire for expedited claimants is November 2, 2023. Should this Honorable Court deny the Motion, Movant respectfully request an

additional three weeks from the date of this Court's order to complete and submit the Expedited Questionnaire and remainder of the process.

**ARGUMENT**

9. Movant never intended to elect the expedited distribution, despite checking the box, nor did he understand the consequences of that election. See, Declaration of Movant, attached hereto as Exhibit 2.

10. Movant's attorney never advised him to select the expedited payment option and would not have advised him to select that option given the severe nature of the abuse that he suffered and the expected value of his allowed claim. See, Declaration of Attorney Timothy C. Hale, attached hereto as Exhibit 3.

11. The Ballot is twenty-three (23) pages. The ballot is complex and confusing in that a claimant is requested to vote on whether to accept the $3,500.00 expedited payment, in one paragraph, but the ballot does not mention, state or even imply that election is final or irrevocable, and/or that it will prevent Movant from later changing his mind or choosing another option. (See p. 6 of Ballot). Moreover, the Ballot does not allow for a claimant to select either the Standard Option or the Independent Review Option.

12. On the next to last page of the Ballot, immediately preceding where Movant and/or any other claimant signed his name, are seven (7) separate paragraphs which presumably are intended to inform in some way the consequences of the ballot choices. None of them say anything about the election of the expedited award being final or irrevocable or preventing a claimant, including Movant, from later changing his mind or selecting another option.

13. Movant's claim is believed to be worth far more than the $3,500, and based on the nature of his claim, it would be grossly unfair and unjust to prevent him from choosing either the

Standard Option or the Independent Review Option, where it is virtually a certainty that he would receive an amount greatly in excess of $3,500.00. See, Hale Declaration Paragraph 9.

14. Balancing the equities, the Motion should be granted. Forcing Movant to accept $3,500.00 in full and final satisfaction of his claim because he made a mistake in completing a lengthy and complicated form will greatly reduce the amount of compensation he will receive. It will also undermine the spirit of the Plan and the stated desire of the Plan to attempt to give adequate compensation for the grievous suffering of Movant (and other similarly situated survivors). On the other hand, the Trustee and Plan Proponents would suffer no harm if Movant were to obtain his requested relief.

15. Movant should be permitted to pursue the Standard Review or the Independent Review Option. He was abused over forty (40) years ago and has suffered from that terrible abuse ever since. To punish him further for the mistake in filling out the Ballot would be monumental injustice.

WHEREFORE, Movant requests that he be permitted to modify his ballot where he mistakenly opted into the $3,500.00 expedited payment/convenience class to retract that election in order to fully participate in the Standard Review or the Independent Review Option available under the Plan, and provide Movant such other relief as is just and proper.

Dated: November 1, 2023

**CAMPBELL & LEVINE, LLC**

*/s/ Katherine L. Hemming*
Katherine L. Hemming (No. 5496)
222 Delaware Ave, Suite 1620
Wilmington, DE 19801
(302) 426-1900
khemming@camlev.com

-and-

Joel M. Walker, Esq. (PA Bar #26515)
Nye, Stirling, Hale, Miller, & Sweet, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
(412) 443-4145
jmwalker@nshmlaw.com
(Pro Hac Vice Motion Pending)

*Counsel for Movant J.D., Claimant # 908123*