IN THE UNITED STATES BANKRUPCTY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| BOY SCOUTS OF AMERICA AND | § Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | § (Jointly Administered) |
| | § |
| Debtors | § Hearing Date: TBD |
| | § Objection Deadline: November 16, 2023 at 4:00 p.m. (ET) |

## MOTION TO CORRECT ELECTION FROM THE EXPEDITED PAYMENT OPTION TO THE TRUST ("MATRIX") CLAIMS PROCESS

Mitchell A. Toups, Ltd., *of* Weller, Green, Toups & Terrell, LLP ("Toups"), on behalf of its client, identified only as his claim number (SST-907550) due to the nature of the claim ("Claimant"), by and through the undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Claimant to correct his election from the Expedited Payment option to the trust ("Matrix") claims process. In support of this Motion, Claimant respectfully states as follows:

### Facts

1. The Claimant is a sexual abuse survivor who filed a Sexual Abuse Survivor Proof of Claim in these bankruptcy proceedings prior to the November 16, 2020 bar date. The proof of claims of the sexual abuse survivor have been sealed and Claimant's claim has been assigned a claim number by the Settlement Trustee and identified as SST-907550.

2. Omni's position is that Claimant filed a ballot for Class 8 (Direct Abuse Claim) and elected an Expedited Payment of $3,500. It is Claimant's position that he did not sign any ballot and did not elect to receive an expedited distribution of a one-time cash payment from the

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Settlement Trust in the amount of $3,500. *See* **Exhibit A** – Declaration of Claimant, attached hereto.

3. The Claimant never intended to elect to receive the expedited distribution of $3,500 as full satisfaction of his claim and he has not received nor accepted the $3,500 distribution. In fact, Claimant states that the signature attached to the ballot electing the $3,500 distribution is not his signature. Further, Claimant would show that he did not know anything about the election to receive an Expedited Distribution of $3,500 until he talked with Chip Winneker of IPG Law in May, 2023 about the status of his claim. *See* **Exhibit B***,* Declaration of Attorney Chip Winneker, and **Exhibit C,** Declaration of Attorney Mitchell A. Toups attached hereto.

4. Finally, Claimant would show that he is in an "Open" state and suffered Tier 1 level abuse. Due to the severity of the abuse suffered by Claimant and the impact of the abuse on Claimant's life, Claimant would never have elected to receive the expedited payment of $3,500. (See Exhibit A).

5. The Claimant has waited decades to get to this point of accountability and some semblance of justice. Claimant is represented by IPG Law and Mitchell A. Toups, Ltd., of Weller, Green, Toups & Terrell, L.L.P., and is begging for the chance to put his truth, his narrative, his tragic story in front of the Settlement Trust. The Claimant did not elect that option, did not sign the ballot, and is looking for equitable compensation for what he is justly entitled to receive. Claimant has done everything in his power to correct his ballot.

## **Relief Sought**

6. Claimant requests that this Honorable Court allow Claimant to rescind the election to limit their individual claims to $3,500 in exchange for an expedited payment and excuse Claimant from any and all obligations concerning or related to this election to receive the $ 3,500

expedited cash payment as a full and final settlement of his sexual abuse survivor claim and instead allow Claimant, through his counsel, to file, when required, the Standard Claim Option. Or in the alternative, issue an injunction enjoining the Trustee and/or its representatives, agents, and administrators (including but not limited to Price Waterhouse Cooper) and/or BSA and/or its representatives, agents, etc., and any other parties who have an interest in this case from enforcing this election and/or requiring Claimants to limit any award/payment to the expedited $3,500 amount, or issue a stay preventing any further action by the Trustee and/or its representatives, agents, and/or the BSA, its representatives or agents, and/or any other interested parties from requiring or enforcing Claimant to take a $3,500 payment, while the Court considers its ruling, or determines a remedy to this motion.

7. In addition, the deadline for the Expedited claims questionnaire is November 2, 2023. Should this Honorable Court deny the motion, Claimant respectfully requests an additional three weeks from the date of this Court's order to complete and submit the Expedited Questionnaire and remainder of the process.

## **Argument**

8. Claimant never intended to elect the expedited payment option, did not sign the ballot, and did not check the election of Expedited Payment box on the ballot submitted.

9. Claimant contacted his currently handling attorney, Mitchell A. Toups, after receiving the Questionnaire for Expedited Claims to state he did not sign the ballot electing the Expedited payment option.

10. Claimant has contacted Mitchell A. Toups and IPG Law stating that he did not sign the ballot and did not select the Expedited Payment Option, because it is not the election he intended his claim to proceed under. See **Exhibit A**, Declaration of Claimant.

3

11. The election of $3,500 at the time the ballot was wrongfully executed does not constitute a binding contract. Debtor created this ballot stating the following:

> "IF SELECTING THE $3,500 OPTION, YOU MUST INDICATE THIS ON THIS BALLOT. YOU WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE." See, pg. 3 of Ballot.

12. The ballot does not state you cannot later opt out of this selection. Moreover, there has been no consideration in furtherance of this option as no release has been executed by Claimant, and no consideration paid to date to limit his recovery.

13. Balancing the equities, the Motion should be granted. Not granting this Motion and forcing Claimant to accept $3,500.00 in full and final satisfaction of his claim as opposed to allowing Claimant to proceed with his claims through the Trust ("Matrix") Claims Process because he did not sign a ballot and did not elect the Expedited Payment Option will greatly reduce the amount of compensation they will receive. It will also undermine the spirit of the Plan and the stated desire of the Plan to attempt to give adequate compensation for the grievous suffering of Claimant. On the other hand, the Trustee and Plan Proponents would suffer no harm if Claimant was to obtain his requested relief.

**WHEREFORE,** Claimant SST-907550 requests that he be permitted to modify his ballot to correct the election of the $3,500 Expedited Payment Option and be allowed to participate in the Trust ("Matrix") Claims Process.

Dated: November 2, 2023          Respectfully Submitted,

*/s/Daniel K. Hogan*
Daniel K. Hogan (DE No. 2814)
**HOGAN♦MCDANIEL**
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540
Fax: (302) 656-7599
Email: dkhogan@dkhogan.com

-and-

Mitchell A. Toups (*Pro Hac Vice Pending*)
Texas Bar No. 20151600
**MITCHELL A. TOUPS, LTD., OF**
**WELLER, GREEN, TOUPS & TERRELL, LLP**
Post Office Box 350
Beaumont, Texas 77704
(409) 832-1800
Fax: (409) 832-8577
Email:  matoups@wgttlaw.com

*Attorneys for Claimant SST-907550*