IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 20-10343 (LSS) |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Chapter 11 |
| DELAWARE BSA, LLC,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: **TBD**<br>Objection Deadline: November 20, 2023 |

**MOTION TO CORRECT ELECTION FROM THE EXPEDITED PAYMENT
OPTION TO THE TRUST ("MATRIX") CLAIMS PROCESS OR
<u>INDEPENDENT REVIEW OPTION - DAVIS, BETHUNE & JONES LLC</u>**

COMES NOW, the movant, Davis, Bethune & Jones LLC on behalf of certain of its clients (the "Claimants"), by and through undersigned counsel, hereby moves (the "Motion") this Honorable Court for entry of an order allowing Claimants to correct their election from the expedited payment option to the trust ("matrix") claims process or independent review option. In support of this Motion, the Claimants respectfully state as follows:

<u>**FACTS**</u>

1.  The Claimants are sexual abuse survivors who filed Sexual Abuse Survivor Proofs of Claim in these bankruptcy proceedings prior to the November 16, 2020, bar date. The proof of claims of the sexual abuse survivors have been sealed and Claimants' claims have been assigned claim numbers by the settlement Trustee and identified as follows: SST-905644, SST-908149, SST-907199, SST-907204, and SST-904178.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each debtor's federaltax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC(4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 7503.

2. The Claimants each filed Ballots for Class 8 (Direct Abuse Claims). Claimants identified as SST-908149, SST-907199, SST-907204, and SST-904178 mistakenly checked a box indicating an election to receive an expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00. See Exhibit A, attached hereto.

3. The Claimants did not intend to elect to receive the expedited distribution of $3,500 as full satisfaction of their claims, and they have not received nor accepted the $3,500 expedited distribution.

4. Claimant SST-905644 filed a single Ballot and *did not* elect the expedited distribution option. *See* **Exhibit B,** attached hereto.

5. Davis, Bethune & Jones contacted the Claimants who had mistakenly elected the expedited distribution and explained the ramifications of electing the expedited distribution option. The Claimants were urged to amend their ballots if they did not want to receive $3,500 as full satisfaction of their claims.

6. Each of the Claimants who had initially elected expedited distribution filed amended Class 8 Ballots prior to the March 2022 deadline. *See* **Exhibit C**, attached hereto.

7. Despite amending their respective Ballots, or never electing the expedited distribution at all, these Claimants were all assigned to the expedited distribution group by the Trustee on the Settlement Trust portal.

8. These Claimants properly amended their Ballots prior to the deadline, and in one case did not vote for the expedited option in the first place, they should not be shut out from their only opportunity to seek justice and fair compensation for the

abuse they suffered due to a clerical error.

## **RELIEF SOUGHT**

9. Davis, Bethune & Jones requests that this Honorable Court recognize Claimants' amended Class 8 Ballots as controlling, and in the case of Claimant SST-905644 that their original ballot was improperly recorded by the Trustee, and to rescind or retract the determination to limit their individual claims to $3,500 in exchange for an expedited payment and excuse Claimant from any and all obligations concerning or related to this election to receive the $3,500 expedited cash payment as a full and final settlement of their sexual abuse survivor claims and instead allow them, through Counsel, to file, when required, the Standard Claim Option. Or in the alternative, issue an injunction enjoining the Trustee and/or its representatives, agents, and administrators (including but not limited to Price Waterhouse Cooper) and/or BSA and/or its representatives, agents, etc., and any other parties who have an interest in this case from enforcing this mistaken election and/or requiring Claimants to limit any award/payment to the expedited $3,500 amount, or issue a stay preventing any further action by the Trustee and/or its representatives, agents, and/or the BSA, its representatives or agents, and/or any other interested parties from requiring or enforcing Claimants to take a $3,500 payment, while the Court considers its ruling, or determines a remedy to this motion.

10. In addition, the deadline for the Expedited claims questionnaire is November 2, 2023. Should this Honorable Court deny the motion, Claimants respectfully request an additional three weeks from the date of this Court's order to complete and submit the Expedited Questionnaire and remainder of the process.

## ARGUMENT

11. Claimants never intended to elect the expedited payment option, and despite checking this box, did not understand that the election would constitute a complete release of the claims that would be a final decision which they could not undo.

12. One Claimant never elected the expedited payment option at all.

13. Upon discussing the initial inadvertent election with Counsel, Claimants followed the proper procedures in order to amend their respective ballots to reflect their intent to enter the Trust Claims Process or Independent Review Option.

14. Counsel for these Claimants, upon discovering each of these Claimants had been assigned to the expedited distribution group in the Settlement Trust portal, immediately informed Trustee of the error and has repeatedly attempted to contact the Trustee in order to remedy the issue, with no decision or resolution from the Trust as of this motion. *See Declaration of Attorney Thomas E. Ruzicka,* attached hereto as **Exhibit D**.

15. Balancing the equities, the Motion should be granted. Not granting this Motion and forcing Claimants to accept $3,500.00 in full and final satisfaction of claim as opposed to allowing Claimants to proceed with their claims through the Trust ("Matrix") Claims Process or Independent Review Option because of a mistake in applying their amended ballots, or misreading their original ballot altogether, will greatly reduce the amount of compensation they will receive. It will also undermine the spirit of the Plan and the stated desire of the Plan to attempt to give adequate compensation for the grievous suffering of Claimants. On the other hand, the Trustee and Plan Proponents would suffer no harm if Claimants were to obtain their requested relief.

**WHEREFORE** Davis, Bethune & Jones respectfully requests that the Claimants, being identified as claims numbers SST-908149, SST-907199, SST-907204, and SST-904178, be determined to have properly amended their Class 8 Ballots with respect to the Expedited Payment Option, and Claimant SST-905644 be determined to have not elected the Expedited Payment Option on their sole Class 8 Ballot, and be allowed to participate in the Trust ("Matrix") Claims Process or Independent Review Option.

Dated: November 2, 2023.                                   Respectfully Submitted,

**CONAWAY LEGAL, LLC**

*/s/ Bernard G. Conaway*
Bernard G. Conaway, Esquire (DE 2856)
1007 North Orange Street, Ste. 400
Wilmington, DE 19801
Phone: (302) 428-9350
Email: bgc@conaway-legal.com

*Counsel to Certain Clients of Davis, Bethune & Jones LLC*