**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**CONSOLIDATED RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN OPPOSITION TO MOTIONS TO CHANGE ELECTIONS OF EXPEDITED DISTRIBUTION [D.I. 11564, 11567, 11575, 11577, 11578, 11579]**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the

BSA Settlement Trust (the "Settlement Trust"), hereby submits this consolidated opposition (the

"Opposition") to:

(1) Motion to Change Election to Opt into Expedited Payment/Convenience Class or Other Necessary Relief on Behalf of Survivor Claimant R.N. [D.I. 11564];

(2) Motion to Change Election to Opt Into Expedited Payment/Convenience Class [D.I. 11567];

(3) Motion to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process [D.I. 11575];

(4) Motion to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process or Independent Review Option – Robert Pahlke Law Group [D.I. 11577];

(5) Motion for an Order Compelling the Scouting Settlement Trust to Correct Claimants' Misclassified Ballots [D.I. 11578]; and

(6) Motion to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process or Independent Review Option – Davis, Bethune & Jones LLC [D.I. 11579].

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

The Trustee incorporates her *Consolidated Response in Opposition to (1) Survivor Claimant D.S.'s Motion to Change Election to Opt into Expedited Payment/Convenience Class, D.I. 11532, and (2) Motion to Change Election to Opt into Expedited Payment/Convenience Class, D.I. 1522* [D.I. 11565] (the "First Consolidated Opposition") as if set forth fully herein. However, while the movants to which the Trustee responded in the First Consolidated Opposition alleged that they inadvertently selected Expedited Distribution on their ballots, the movants here contend, for a variety of reasons, that they never validly elected Expedited Distribution at all.  Therefore, in further support of her Opposition, the Trustee respectfully states and alleges as follows:

## COMMON FACTUAL BACKGROUND

1.      On September 30, 2021, this Court entered an *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief*, D.I. 6438 (the "Solicitation Procedures Order").

2.      The Solicitation Procedures Order approved, in their entirety, the Solicitation Procedures attached as Exhibit 1 to the Order (the "Solicitation Procedures").  *See* Solicitation Procedures Order, ¶ 22.

3.      The Solicitation Procedures set forth procedures regarding the counting of ballots, and provide, "[i]f . . . the Solicitation Agent receives more than one Ballot from or on behalf of the holder of a single Direct Abuse Claim on or before the Voting Deadline, the effective vote shall be the last Ballot actually received by the Solicitation Agent before the Voting Deadline." Solicitation Procedures, Ex. 1 to Solicitation Procedures Order, § IV.F.1; *see also id.* § V.D.5 ("If

the Debtors timely receive more than one Ballot from or on behalf of the holder of a single

Claim, the effective vote shall be the Ballot last received by the Solicitation Agent . . .  If more

than one Ballot voting the same Claim is received prior to the Voting Deadline, the latest

received, properly executed Ballot . . . will supersede and revoke any prior Ballot.").[2]

4.     On February 15, 2022, this Court entered an *Order (I) Amending and Scheduling*

*Certain Supplemental Dates and Deadlines in Connection with Confirmation of the Debtors'*

*Plan of Reorganization and (II) Approving a Limited Supplemental Voting Deadline for Class 8*

*Direct Abuse Claims and Class 9 Indirect Abuse Claims*, D.I. 8830 (the "Amended Order").  This

order amended the deadlines set forth in the Solicitation Procedures Order, but provided that the

other terms of the Solicitation Procedures Order, "including without limitation the Solicitation

Procedures attached as Exhibit 1 to the Solicitation Procedures Order, otherwise control."

Amended Order at 3-4.

## ANALYSIS OF THE MOTIONS

5.     The Trustee analyses the factual background and law applicable to each of the

Motions in turn.

### A.  Survivor Claimant R.N., D.I. 11564

6.     Survivor Claimant R.N. asserts that in late 2021 or early 2022, he received a

ballot where he voted to accept the Plan and also elected Expedited Distribution.  Declaration of

R.N., D.I. 11564-2, ¶¶ 3-4.  He asserts that he later executed a second ballot which he received

from the law firm Junell & Associates.  *Id.* ¶ 5.  He claims that he did not elect the Expedited

Distribution on this second ballot, which he alleges was submitted in February 2022 and which

---

[2] The "Solicitation Agent" refers to Omni Agent Solutions ("Omni").  *See* Solicitation Procedures Order, ¶ 32.

he attached as Exhibit 1 to his motion (the "Ballot").  Mot. to Change Election to Opt into Expedited Payment/Convenience Class, D.I. 11564, at 1, 3.

7.      Claimant R.N.'s assertions are inconsistent with the record.  The Claim Number on the Ballot does not match the Claim Number that R.N. and his counsel assert are his.  In his declaration, Claimant R.N. asserts that he is Claimant 103601.  Decl. of R.N. ¶ 1.  His attorney's declaration similarly states that Claimant R.N. is Claimant 103601 and 79226.  Declaration of Deborah K. Levy, D.I. 11564-3, ¶ 4.  However, the Ballot shows that it was submitted by Claimant 46475.  *See* Ex. 1.

8.      One potential reason for the confusion is that Claimant 103601/79226 and Claimant 46475 have the same (or similar) names, but different email addresses, different last four digits of their Social Security Numbers, and different birthdates.

9.      It is not clear to the Trustee which claimant R.N. is.  If he is in fact Claimant 103601/79226, the Trustee agrees that this claimant did not select Expedited Distribution.  *See* Voting Records, attached as Exhibit A to the Declaration of Catherine Nownes-Whitaker ("Nownes Decl."), attached hereto as **Exhibit 1**.  The Ballot, attached as Exhibit 1 to R.N.'s motion, was not submitted by that claimant.

10.     If, however, Claimant R.N. *is* the claimant who submitted the Ballot (i.e., he is Claimant 46475, as shown on the Ballot), then he is mistaken about the record and did in fact select Expedited Distribution.  The Ballot was received by Omni on December 10, 2021—not in February 2022.  *See id.*  The Ballot was later superseded by a subsequent ballot filed by the same claimant—BallotID 239027, which was received on December 28, 2021 and elected Expedited Distribution.  *See id.*  Omni's records do not show any further ballot received for this claimant in February 2022.  *See id.*  Therefore, if Claimant R.N. is Claimant 46475, BallotID 239027—

which elected Expedited Distribution—is his controlling ballot pursuant to the Solicitation

Procedures.  Solicitation Procedures, §§ IV.F.1; V.D.5.  He should not be permitted to change his

election now, for the reasons set forth more fully in the First Consolidated Opposition.

**B.  Babin Law, LLC, D.I. 11567**

11.     Babin Law, LLC ("Babin Law") alleges that two of its clients mistakenly elected

Expedited Distribution on ballots completed through the eBallot voting platform, then canceled

their elections.  Mot. to Change Election to Opt Into Expedited Payment/Convenience Class, D.I.

11567, at 2.  According to Babin Law, eBallot confirmed that both ballots had been cancelled and

that these elections of Expedited Distribution had been invalidated.  *Id.*  Before the voting

deadline, eBallot sent Babin Law a bulk file of all votes cast by over 900 clients.  *Id.*  The

purportedly cancelled ballots were included in this file, and Babin Law filed these ballots with

Omni.  *Id.*

12.     Following the purported cancellation, Claimant 109090 allegedly submitted a

second ballot that did not select Expedited Distribution.  *Id.*  Babin Law alleges that Claimant

66421 did not submit a new ballot.  *Id.*

13.     eBallot is an application created by law firms to assist claimants in submitting

their ballots to Omni.  *See* eballot.app/BSA.  However, eBallot is not affiliated with Omni and is

not the "Solicitation Agent" referred to in the Solicitation Procedures.  *See* Nownes Decl., ¶ 3.

Although eBallot allegedly acknowledged the request to cancel, these ballots were still included

in the bulk file sent to Babin Law, and were submitted to Omni.  Omni received the ballots on

December 24, 2021, both of which elected Expedited Distribution.  *See* Voting Records, Ex. A to

Nownes Decl.  These ballots were therefore counted, in accordance with the Solicitation

Procedures.

14.    Claimant 109090, as mentioned above, asserts that he submitted a second ballot following the purported cancellation.  Omni's records, however, show that this ballot was received on December 10, 2021—*before* Omni received the purportedly cancelled ballots.  *Id.*  It was therefore superseded by the last, valid ballot received by Omni, in accordance with the Solicitation Procedures.  *See* Solicitation Procedures, §§ IV.F.1; V.D.5.  The last ballot submitted by Claimant 109090 elected Expedited Distribution.

15.    Claimant 66421 only submitted one ballot—the ballot that Babin Law mistakenly believed had been cancelled.  This ballot selected Expedited Distribution.  *See* Voting Records, Ex. A to Nownes Decl. The Solicitation Procedures are clear that this ballot, submitted to the Solicitation Agent, is the operative ballot for Claimant 66421.

16.    Claimants 109090 and 66421 therefore both elected Expedited Distribution.  They cannot now change their elections, for the reasons set forth more fully in the First Consolidated Opposition.

### C.  Weller, Green, Toups & Terrell, LLP, D.I. 11575

17.    Weller, Green, Toups & Terrell, LLP ("Weller") alleges that its client, Claimant SST-905770, did not sign any ballot electing to receive an Expedited Distribution.  Mot. to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process, D.I. 11575, at 1-2; Affidavit of Claimant SST-905770, D.I. 11575-2, ¶ 3.  He claims that the signature on the ballot submitted under his name is not his signature and that the address on this ballot was not correct.  Affidavit of Mitchell A. Toups, D.I. 11575-4, ¶ 4.

18.    While Weller submitted several documents allegedly signed by Claimant SST-905770 in connection with its motion, these signatures are all redacted.  The signed ballot was not submitted as an exhibit to the motion.  The Trustee is unable to verify whether Claimant

SST-905770's assertions regarding forgery of his signature on his ballot are valid.  For this reason, the Trustee respectfully requests that the Court deny this motion.

### D.  The Robert Pahlke Law Group, D.I. 11577

19.    The Robert Pahlke Law Group ("Pahlke") alleges, on behalf of two of its clients, that someone other than these two survivors checked a box on their Class 8 ballots electing to receive Expedited Distributions.  Mot. to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process or Independent Review Option – Robert Pahlke Law Group, D.I. 11577, at 2.  Claimant SST-905751 was incarcerated from October 1, 2021 to February 10, 2022.  *Id.* at 3.  Someone residing at his address completed the ballot mailed to his address without his knowledge and selected Expedited Distribution.  *Id.*  Claimant SST-901144 asserts that a resident at his former address received the mailed copy of his ballot and completed it without his knowledge.  *Id.* at 4.

20.    Pahlke has submitted several documents allegedly signed by Claimants SST-905751 or SST-901144, but these signatures are all redacted.  Neither claimant's ballot was submitted as an exhibit to the motion.  The Trustee is unable to verify whether these claimants' assertions regarding forgery of their signatures on their ballots are valid.  For this reason, the Trustee respectfully requests that the Court deny the motion.

### E.  Weller, Green, Toups & Terrell, LP and Rogers Patrick Westbrook & Brickman, LLC, D.I. 11578

21.    Weller, Green, Toups & Terrell, LP and Rogers Patrick Westbrook & Brickman, LLC assert that their clients "knowingly and purposefully chose not to receive the Expedited Distribution," but their claims are nonetheless marked as having elected Expedited Distribution. Mot. for an Order Compelling the Scouting Settlement Trust to Correct Claimants' Misclassified

Ballots, D.I. 11578, at 1-2.  These clients are identified as Claimants SST-900958, SST-908925, SST-901016, SST-905486, SST-909534, SST-905879, and SST-905896.

22.    Omni erred in classifying five of the seven claimants as having selected Expedited Distribution, and has now corrected those errors.  The motion should therefore be denied as moot with respect to Claimants SST-900958, SST-908925, SST-901016, SST-909534, and SST-905879.

23.    However, Claimants SST-905486 and SST-905896 each submitted a subsequent ballot that superseded the ballots submitted by their law firms; these subsequent ballots reflect an election of Expedited Distribution.  *See* Voting Records, Ex. A to Nownes Decl.  Pursuant to the Solicitation Procedures, these are the operative ballots for these claimants.  *See* Solicitation Procedures, §§ IV.F.1; V.D.5.  They should not now be permitted to change their elections, for the reasons set forth in the First Consolidated Opposition.

### F.  Davis, Bethune & Jones LLC

24.    Davis, Bethune & Jones LLC alleges that four of its clients mistakenly elected the Expedited Distribution option, then amended their ballots prior to March 2022.  Motion to Correct Election from the Expedited Payment Option to the Trust ("Matrix") Claims Process or Independent Review Option – Davis, Bethune & Jones LLC, D.I. 11579, at 2.  A fifth client, SST-905644, filed a single ballot and did not elect Expedited Distribution.  *Id.*  All of these claimants were allegedly determined to have elected Expected Distribution.  *Id.*

25.    Omni erred in classifying Claimant SST-905644 as having elected Expedited Distribution, and has now corrected this error.  Because the Trust has corrected the election of Expedited Distribution with respect to Claimant SST-905644, the motion should be denied as moot with respect to this survivor.

26.     However, Omni's records do not reflect receipt of an amended ballot for any of the other four claimants referenced in this motion.  *See* Voting Records, Ex. A to Nownes Decl. Because the last ballots timely received by Omni reflected elections of Expedited Distribution, these ballots are operative pursuant to the Solicitation Procedures.  *See* Solicitation Procedures, §§ IV.F.1; V.D.5.  These claimants should not now be allowed to change their elections of Expedited Distribution, for the reasons set forth more fully in the First Consolidated Opposition.

**RELIEF REQUESTED**

27.     The Trustee respectfully requests that this Court deny each of the Motions.

**CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that this Court deny the Motions.

Dated:  November 10, 2023
Wilmington, Delaware                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com

– AND –

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Sarah A. Sraders (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Telephone:  (202) 772-2200
Facsimile:   (202) 772-3333
Email:  quinnk@gilbertlegal.com
        grime@gilbertlegal.com
        sraderss@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser*
*(Ret.), in her capacity as Trustee of the BSA*
*Settlement Trust*