**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>Debtors. | Case No. 20-10343 (LSS)<br><br>Chapter 11<br>(Jointly Administered) |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS OR OTHER NECESSARY RELIEF ON BEHALF OF SURVIVOR CLAIMANTS D.M., M.G., AND B.B.**

D.M., M.G. and B.B., ("Movants"), by and through their undersigned counsel, hereby submit this reply brief in further support of Movants' application for change of their elections to opt into the expedited payment/convenience class. In further support of the Motion, the Movant respectfully states as follows:

Trustee's opposition argues that the language in the Plan, TDP and Solicitation Procedures "does not permit claimants to change their elections of Expedited Distributions." *See Opposition*, at 3. However, the Expedited Election section states in pertinent part that:

> d. **Item 3 (Expedited Distribution Election)**. If the Plan is confirmed, if you have properly completed a non-duplicative proof of claim asserting a Direct Abuse Claim and filed such Claim by the Bar Date or were permitted by a Final Order of the Bankruptcy Court to file a late claim, *you may elect* in Item 3 to receive an Expedited Distribution, which, as specified in the Plan, is *a one-time Cash payment from the Settlement Trust in the amount of $3,500.00 conditioned upon satisfaction of the criteria set forth in the Trust Distribution Procedures, in exchange for a full and final release in favor of the Settlement Trust, the Protected Parties, and the Chartered Organizations*. The Settlement Trust shall make the Expedited Distributions on one or more dates occurring on or as soon as reasonably practicable after the latest to occur of (a) the Effective Date or (b) the date the applicable holders of Direct Abuse Claims who have elected to receive an Expedited Distribution have satisfied the criteria set forth in the Trust Distribution Procedures, and (c) the date upon which the Settlement Trust has sufficient Cash to fund the full amount of the Expedited Distributions while retaining sufficient Cash reserves

1

> to fund applicable Settlement Trust Expenses, as determined by the Settlement Trustee. **This election must be made in Item 3 on a properly and timely completed and delivered Ballot.**
>
> **IF SELECTING THE $3,500 OPTION, YOU MUST INDICATE THIS ON THIS BALLOT.** *YOU WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE.*

*See Motion,* Exhibit 1, Ballot, at p. 19-20 (italics emphasis added). A plain reading of this section sets forth that a claimant cannot *opt into* this election at a later date because you cannot "choose this option at a later date." The plain language reading would allow one to *opt out*, however. This opting out is further authorized by the explanation that simply electing for an expedited payment is also contingent on the exchange of a release for the sum of $3,500. To date, no release and no money have been exchanged so no contract has been formed as it lacks consideration. The expedited payment which was designed two years was designed to be a benefit to survivors, and not a trap to mistakenly cheat sexual abuse survivors out of a fair and just recovery.

The Bankruptcy Code was written to preserve, not forfeit, rights. The Trustee's reading that there is an inability to opt out of the expedited election is arguing there is a forfeiting of rights, despite the plain language of the ballot, and therefore should be subject to an excusable neglect standard to allow the interests of justice. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993). Under this standard, "omissions caused by carelessness" constitute neglect and an equitable determination should be made to consider excusable neglect looking at all relevant circumstances. *Id.*, at 1489. The Supreme Court's four-part test to determine excusable neglect the Court is to look at "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the control of the movant, and whether the movant acted in good faith." *Id.*

Here, there is no prejudice to the debtor as the amount of funds for the Plan will not change

based on this opting out of the expedited election. Further it would not delay any processes or impact judicial proceedings as this option out of the expedited election form merely places them into the Matrix claim process. There is currently no deadline for the Matrix claim process and therefore the logistics to change the portal from the expedited documents to Matrix claim process would not cause any delay or impact on judicial proceedings. Any argument as to the economics needed to change a portal and process from Expedited to Matrix are also outweighed by the prejudice which these sexual abuse survivor claimants would suffer should they be forced to release their claims which have significant monetary value for a relatively small payment of $3,500.00 which dwarfs the true value of the claims.

Further, Trustee argues that this would change hundreds of claims from Expedited to Matrix or Independent Review options. *See Opposition*, at 3. However, the moving papers are about these specific individuals, with these specific issues, not the potential for claimants who have not filed motions. Moreover, if there are hundreds who have contacted the Trustee about the mistaken checking of the expedited election box, then this serves to highlight the confusion this section caused to the claimants in the first instance. Moreover, as the claimants did not draft this contract, the plain language reading should in favor of the claimant.

Also, the Trustee's argument that she would be under the obligation to notify all expedited election claimants of the right to change their election is without merit. The Trustee admits the expedited process is not completed. If expedited claimants desired to change their election, they should move to do so before the Court. Movants submit that the plain reading of the ballot makes the expedited election one an individual can opt out of. However, even if the court does not agree with this reading, the ballot does state on page 20 that "YOU WILL NOT BE ABLE TO CHOOSE THIS OPTION AT A LATER DATE UNLESS THE COURT APPROVES OTHERWISE." *See Motion, Exhibit A*, at p. 20. Accordingly, individuals were on notice they could seek to change the option by

court application and further notification is not necessary.

Finally, even if the expedited election was offered and tentatively accepted, there has been no consideration given to form a binding contract. No release has been executed and no money exchanged. Therefore, balancing the equities, the Motion should be granted in the interests of justice.

WHEREFORE, Movants request that they be permitted to modify their ballots where they mistakenly opted into the $3,500.00 expedited payment/convenience class to retract that election in order to fully participate in the Matrix Standard Review or the Independent Review Option available under the Plan and provide Movant such other relief as is just and proper.

Dated:  November 13, 2023  **GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Phone: 302-425-5813
Fax: 302-425-5814
Email: cbrown@gsbblaw.com

*Counsel for D.M., M.G. and B.B.*

*Of Counsel:*
Deborah K. Levy, Esq.
Junell & Associates, PLLC
3737 Buffalo Speedway Suite 1850
Houston, Texas 77098
Phone: 713-221-3750
kschroeder@junell-law.com