# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN OPPOSITION TO MOTIONS TO AUTHORIZE REVOCATION OF EXPEDITED DISTRIBUTION ELECTIONS ON THE GROUNDS OF MISTAKE, INADVERTENCE AND INJUSTICE [D.I. 11599]**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Settlement Trust"), hereby submits this consolidated opposition (the "Opposition") to the Motion to Authorize Revocation of Expedited Distribution Elections on the Grounds of Mistake, Inadvertence and Injustice [D.I. 11599] (the "Motion").

The Trustee incorporates her Consolidated Response in Opposition to (1) Survivor Claimant D.S.'s Motion to Change Election to Opt into Expedited Payment/Convenience Class, D.I. 11532, and (2) Motion to Change Election to Opt into Expedited Payment/Convenience Class, D.I. 1522 [D.I. 11565] (the "First Consolidated Opposition") as if set forth fully herein.[2]  In further support of her Opposition, the Trustee respectfully states and alleges as follows:

## FACTUAL BACKGROUND

Mary Alexander & Associates, P.C. ("MAA") alleges that its fourteen clients each filed

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized, undefined terms set forth herein have the meaning set forth in the First Consolidated Opposition.

1

Class 8 ballots where they mistakenly elected to receive Expedited Distribution. Mot. at 1–2. MAA asserts that these clients mistakenly believed that the $3,500.00 payment was an "advance," and did not realize until recently that this would be the entire payment received as compensation for their claims. *Id.* at 2.

## RELIEF REQUESTED

The Trustee seeks an order from this Court denying the Motion.

## BASIS FOR RELIEF

The basis for the Trustee's relief is set forth in the First Consolidated Opposition. In short, while the Trustee is sympathetic to these claimants' predicaments, the Plan language, along with the language set forth in the TDP and Solicitation Procedures, does not permit claimants to change their elections of Expedited Distribution. Further, the Trust would face significant difficulty in changing (at a minimum) hundreds of claims from Expedited Distribution to the Matrix or Independent Review options. Contrary to the assertion made by MAA, Mot. ¶ 17, this burden would not be alleviated by allowing claimants who did not elect Expedited Distribution to now choose that payment. The expense, confusion, and procedural difficulties in allowing all claimants to change their elections now, nearly two years after they originally made these decisions, would be immense and would only serve to delay compensation to the tens of thousands of claimants who have not expressed a desire to change their elections. *See generally* Prior Consolidated Opposition. It is these survivors—not merely the Trust itself—that would be harmed if the Trust were required now to spend months, at the very least, re-processing claims and putting off the day that these survivors will finally be compensated for their harms.

MAA argues that Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, allows this Court to correct an error or mistake, and argues that the Court should do so here to allow these claimants to correct their elections of Expedited

2

Distribution. Mot. ¶¶ 12–14. But this Rule allows the Court to correct "a judgment, order, or other part of the record," Fed. R. Civ. P. 60(a), and MAA cites no authority stating that a vote on a plan of reorganization is "part of the record" contemplated by this Rule.[3] Even if this were an appropriate mechanism for relief, the request should be denied for the reasons set forth herein.

Ultimately, this Court approved the Solicitation Procedures and the Class 8 Ballots. *See* Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Form of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief, D.I. 6438 (Sept. 30, 2021). While the Trustee is sympathetic to individuals that may have mistakenly elected an Expedited Distribution, the Trustee has been working diligently for the benefit of *all* survivors to ensure that their claims are timely processed and compensated in accordance with the Plan, TDP, and other supporting documents. Upending this process now, based on the form of ballots approved by this Court more than two years ago, would cause more harm than benefit to the survivor group as a whole, of which the Trustee is a fiduciary.

## **CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that this Court deny the Motions.

---

[3] MAA acknowledges that "there is virtually no caselaw precedent" for the relief it seeks. Mot. ¶ 12. The sole case cited by MAA regarding confusion in the voting process, *In re Southland Corporation*, bears almost no factual similarity to this case; there, the voting process was criticized for, among other reasons, not counting certain votes, not properly accounting for votes cast by those voting in a representative capacity, and only allowing eight business days for voting. 124 B.R. 211, 222–223, 227 (Bankr. N.D. Tex. 1991). At any rate, in *Southland*, the court invalidated all votes and required all creditors to vote again; it did not allow certain creditors to change elections on their ballots that were made two years prior, and it did not invoke Rule 9024. *Id.* at 227.

Dated: November 14, 2023
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
   dgrassgreen@pszjlaw.com
   joneill@pszjlaw.com

– AND –

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Sarah A. Sraders (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200
Facsimile: (202) 772-3333
Email: quinnk@gilbertlegal.com
   grime@gilbertlegal.com
   sraderss@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*