**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 11599** |

**MOTION TO SET EXPEDITED HEARING DATE AND SHORTEN
NOTICE PERIOD WITH RESPECT TO MOTION TO AUTHORIZE
REVOCATION OF EXPEDITED DISTRIBUTION ELECTIONS ON
THE GROUNDS OF MISTAKE, INADVERTENCE AND INJUSTICE**

Fourteen clients (the "Claimants") of Mary Alexander & Associates, P.C. ("MAA"), hereby file this motion (the "Motion to Shorten") pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Section 105(a) of the Bankruptcy Code, and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an Order shortening notice of, and scheduling a hearing on the previously-filed *Motion to Authorize Revocation of Expedited Distribution Elections on the Grounds of Mistake, Inadvertence and Injustice* [Docket No. 11599] (the "Motion to Authorize").[2] In support of this Motion to Shorten, MAA respectfully states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion to Shorten is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion to Authorize.

1

§ 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006 and Local Rules 2002-1(b) and 9006-1(e).

## RELIEF REQUESTED

3. MAA respectfully requests entry of an order, substantially in the form attached hereto, (a) shortening notice with respect to the Motion to Authorize, (b) scheduling the hearing to consider the Motion to Authorize for November 20, 2023 at 10:00 a.m., and (c) providing that any objections or responses to the Motion to Authorize must be filed and served so as to be received by MAA by the time of the hearing.

## BASIS FOR RELIEF REQUESTED

4. In accordance with Local Rule 9006-1(c) and Bankruptcy Rule 2002, parties generally are required to provide a total of 14 days' notice of motions to parties in interest specified in Local Rule 2002-1(b). However, Local Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

5. According to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without notice order the period reduced." In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspaper, LLC*, 690 F.3d 161, 171-72 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also In re Hester*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts."). Berkshire submits that exigent circumstances warrant granting this Motion to Shorten.

6.      Claimants are sexual abuse survivors, all of whom timely filed Sexual Abuse Survivor Proofs of Claim in these bankruptcy proceedings prior to the bar date. The proofs of claim of the sexual abuse survivors have been sealed and Claimant's claims have been assigned claim numbers as identified on Exhibit A to the Motion to Authorize.

7.      Claimants received and in 2020 timely submitted Ballots for Class 8 (Direct Abuse Claims) to vote on the Debtors' chapter 11 plan ("Ballots"). The Ballots were 23 pages in length, complex and replete with legalese, with single-spaced blocks, options, statements and descriptions. Votes for or against the Plan for the entire class were intermixed with options apparently having serious legal effects as to claimants individually. Information in the Ballots pertaining to expedited distributions (Ballot, item 3), and the legal effects of such an election, were particularly vague, obscured by the overall detail and complexity, and were not reasonably calculated to be understood by laypersons. As described more fully in the Motion to Authorize, Claimants were confused, and their election of the Expedited Distribution option in Item 3 of the Ballots was a mistake and inadvertent.

8.      The Motion to Authorize seeks an order from this Court allowing the Claimants to change their election and go through the normal claims procedures rather than the Expedited Distribution.

9.      Numerous motions similar to the Motion to Authorize have been filed on behalf of several hundred other claimants that hold the same or similar positions to that of the Claimants. Most of these similar motions have been scheduled to be heard by the Court on November 20, 2023.

10.     The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust, has suggested having the Motion to Authorize heard at the same time

as the many similar motions. MAA agrees that having all of such motions at the same time will avoid inconsistent findings and will allow each of the affected claimants to be appropriately heard.

11.     A hearing on the Motion to Authorize on an expedited basis will not prejudice the Trustee, as in addition to suggesting that the Motion to Authorize could be heard on shortened notice, she has already filed her objection to the Motion to Authorize (*see* Docket No. 11612). Further, the Debtors' estates, creditors and parties in interest will not be prejudiced by the relief requested herein.

12.     MAA submits that the relief requested in the Motion to Authorize is necessary and directly related to future proceedings related to the Claimants and other similarly situated claimants.

## NOTICE

13.     Notice of this Motion to Shorten has been provided to the following parties or their counsel, if known: (a) the United States Trustee; (b) the Trustee; and (c) all parties requesting notice pursuant to Rule 2002. MAA asserts that no further parties require immediate notice of this Motion to Shorten or the Motion to Authorize.

14.     If the Court grants this Motion to Shorten, MAA will immediately serve a copy of the Order on the above-listed notice parties.

## NO PRIOR REQUEST

15.     No other or prior motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, MAA respectfully requests that the Court enter an Order: (a) shortening notice with respect to the Motion to Authorize; (b) scheduling the hearing to consider the Motion to Authorize for November 20, 2023 at 10:00 a.m.; and (c) providing that any objections or responses to the Motion to Authorize must be filed and served so as to be received by MAA on or before November 20, 2023 at 10:00 a.m.

Dated: November 15, 2023

**CROSS & SIMON, LLC**

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 North Market Street
Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Michael P. Richman, Esq.
**RICHMAN & RICHMAN, LLC**
122 W. Washington Avenue, Suite 850
Madison, WI 53703
(608) 630-8990
mrichman@RandR.law

*Counsel to Mary Alexander & Associates, P.C.*