

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

Laurie Selber Silverstein
Chief Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

December 6, 2023

**VIA CM/ECF**

David M. Klauder, Esq.
Bielli & Klauder, LLC
1204 N. King Street
Wilmington, DE 19801

Thomas E. Patterson, Esq.
KTBS LAW LLP
1801 Century Park East, 26th Floor
Los Angeles, California 90067

Timothy Jay Fox, Jr., Esq.
Office of the United States Trustee
844 King Street, Suite 2207, Lockbox #35
Wilmington, DE 19801

Re:    Boy Scouts of America and Delaware BSA, LLC - Case No. 20-10343
        Dkt. No. 10809

Dear Counsel:

This letter ruling addresses Pfau/Zalkin's Motion[1] for payment of reimbursement of $3.5 million in restructuring fees and expenses it incurred in the Boy Scouts of America bankruptcy case. For the reasons set forth below, the Motion will be granted.

*Procedural Posture*

With the Motion, Pfau/Zalkin submitted the Amala Declaration[2] and the Verified Fee Statement of KTBS.[3]

---

[1]  Mot. of Pfau Cochran Vertetis Amala PLLC and Zalkin Law Firm, P.C. for Order Pursuant to Bankruptcy Code Section 363(b), 1129(a)(4) and 503(b) Allowing Payment or Reimbursement of Pfau/Zalkin Restructuring Expenses by Settlement Trust, ECF No. 10809.

[2]  Motion Ex. B (Decl. of Jason P. Amala in Supp. of Mot. of Pfau Cochran Vertetis Amala PLLC and Zalkin Law Firm for Order Pursuant to Bankruptcy Code Section 363(b), 1129(a)(4) and 503(b) Allowing Payment or Reimbursement of Pfau/Zalkin Restructuring Expenses by Settlement Trust), ECF No. 10809-2.

[3]  Motion Ex. C (KTBS Verified Fee Statement), ECF No. 10809-3.

Boy Scouts of America, Inc.
December 6, 2023
Page 2

The United States Trustee ("UST") filed an objection to the Motion. The UST's main argument is that the proper standard to measure the request is § 503(b) not § 363(b). The UST also argues that Pfau/Cochran's efforts were duplicative of the Official Committee of Tort Claimants ("TCC") and the Future Claims Representative ("FCR"), and he points out a lack of evidence from an independent party.[4] The TCC filed a Response[5] in which it takes issue with any single survivor group, including Pfau/Zalkin, taking credit for any particular achievement in the case, but does not oppose the requested relief. Pfau/Zalkin filed its Reply[6] together with the Pachulski Declaration.[7]

Argument on the Motion was heard April 19, 2023. No live testimony was presented. The Amala Declaration and the Pachulski Declaration were admitted into evidence. No party sought cross examination.

### Discussion

For the reasons set forth in my December 5 Opinion,[8] I conclude that the appropriate standard by which to consider the Motion is § 503(b). Reviewing the evidence in that light and crediting my own observations during the case, I conclude that Pfau/Zalkin made a substantial contribution. In particular, I find that Pfau/Zalkin's development of and advocacy for inclusion in the Trust Distribution Procedures ("TDP") of the Independent Review Option ("IRO") constitutes an "actual and demonstrative benefit to the debtor's estate and its creditors."[9] The IRO was designed primarily to benefit high value claims that survivors believe are likely to exceed the caps contained in the TDP Claims Matrix. The inclusion of this additional claim liquidation option in the TDP benefitted not only Pfau/Zalkin's clients, but other survivors who believe they have such claims. Moreover, the inclusion of the IRO option with the potential for awards greater than $2,700,000 could trigger excess insurance coverage that might not otherwise be available to the Settlement Trust, and therefore, survivors. Pfau/Zalkin's efforts, thus, enhanced the Settlement Trust's ability to liquidate an asset. The IRO also benefited survivors

---

[4] United States Tr.'s Omnibus Obj. to Payment of Compensation and Reimbursement of Expenses for Movants Filed Dec. 29, 2022, ECF No. 10944.

[5] Resp. of Off. Comm. of Tort Claimants to Mots. by Coalition and Pfau/Zalkin for Payment of Restructuring Expenses, ECF No. 10861.

[6] Reply of Pfau Cochran Vertetis Amala PLLC and Zalkin Law Firm, P.C. in Supp. of Mot. for Order Pursuant to Bankruptcy Code Section 363(b), 1129(a)(4) and 503(b) Allowing Payment or Reimbursement of Pfau/Zalkin Restructuring Expenses by Settlement Trust, ECF No. 11108.

[7] Decl. of Richard M. Pachulski in Connection with Mot. of Pfau Cochran Vertetis Amala PLLC and Zalkin Law Firm, P.C. for Order Pursuant to Bankruptcy Code Section 363(b), 1129(a)(4) and 503(b) Allowing Payment or Reimbursement of Pfau/Zalkin Restructuring Expenses by Settlement Trust, ECF No. 11091.

[8] *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (Bankr. D. Del. Dec. 5, 2023), Dkt. No. 11652.

[9] *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994).

Boy Scouts of America, Inc.
December 6, 2023
Page 3

generally due to the sharing of a percentage of recoveries from excess insurers and the reduction in the amount of claims in the general pool from claimants choosing the IRO.[10]

I also find that Pfau/Zalkin's recognition of a potential ambiguity in the original definition of Abuse Claim and its development of the definition of Mixed Claim was of great benefit to the estate and all survivors. This work ensured that survivors who had abuse claims that were not related to Scouting could still pursue those claims against third parties. This inclusion should eliminate, or at least minimize, post-confirmation litigation regarding the scope of the releases and channeling injunction.

Attorney time spent on these two activities was not duplicative of the work performed by the TCC or the FCR. While the TCC and FCR participated in the formulation of the plan, Pfau/Zalkin addressed, in a targeted manner, multiple deficiencies Pfau/Zalkin perceived in the plan/TDP, and their work was ultimately incorporated into it. This work increased the possibility of greater recoveries for their clients, and thus greater fees for Pfau/Zalkin, but the broad benefit to survivors, generally and the enhanced asset value resulting from Pfau/Zalkin's participation outweighs any self-interest in pursuing these issues.

As for the actual fees, Pfau/Zalkin submitted the time records of its counsel, KTBS Law, LLP. The Summary Cover Sheet reflects fees of $6,229,491.20 and expenses of $249,106.80. KTBS represents that this number does not include $92,971.49 in fees incurred for services on client-specific matters or otherwise not relevant to a substantial contribution request. Further, Pfau/Zalkin agreed to cap its request at $3,500,000 and to subject this amount to Article II.A of the Plan.[11] In the first instance, I am content to permit this process to play out and only make any ruling on the amount of fees if a dispute arises.

I ask that Pfau/Zalkin and the UST settle an order and present it under Certification of Counsel.

Very truly yours,

Laurie Selber Silverstein

LSS/cmb

---

[10] The specifics of the IRO are found in the TDP and discussed in the confirmation opinion. *In re Boy Scouts of America and Delaware BSA, LLC,* 642 B.R. 504, 541–546 (Bankr. D. Del. 2022).

[11] Certification of Counsel Regarding Mot. of Pfau Cochran Vertetis Amala PLLC and Zalkin Law Firm, P.C. for Order Pursuant to Bankruptcy Code Section 363(b), 1129(a)(4) and 503(b) Allowing Payment or Reimbursement of Pfau/Zalkin Restructuring Expenses by Settlement Trust, ECF No. 11093.