# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 11552 |

### DECLARATION OF ANDREW VAN ARSDALE IN SUPPORT OF MOTION TO CHANGE ELECTION TO OPT INTO EXPEDITED PAYMENT/CONVENIENCE CLASS

I, ANDREW VAN ARSDALE, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney at law and a partner of the law firm of AVA Law Group, Inc. ("AVA"), which firm maintains offices at 3667 Voltaire Street, San Diego, CA 92106. I am a member in good standing of the bars of California, Montana, Nevada and the District of Columbia.

2. I am familiar with the matters set forth herein and make this declaration in support of the *Motion to Change Election to Opt Into Expedited Payment/Convenience Class* [Docket No. 11552] (the "Motion").

3. AVA represents over 11,000 sexual abuse survivors, all of whom filed Sexual Abuse Survivor Proofs of Claim in these bankruptcy proceedings prior to the bar date. Of those over 11,000 claimants, a small percentage (the 238 "Claimants," as that term is defined in the Motion) mistakenly checked a box on the plan ballot indicating an election to receive an expedited distribution of a one-time cash payment from the Settlement Trust in the amount of $3,500.00.

4. I learned of this mistaken election in or about January 2022. In reviewing the ballots, I did not see anything in the ballots indicating that an election of the expedited distribution was irrevocable. However, it was unclear to me how a change in election was to be made, so I had each of the Claimants sign an affidavit (copies of which were attached to the Motion) indicating

that their respective elections was a mistake and that they did not intend to elect to receive the expedited distribution.

5. Upon formation of the Trust and official appointment of the Trustee, my office began reaching out to the Trustee to resolve this issue and seek a change in the ballot elections. Although we spoke with the Trustee's team at length over multiple conversations, I was never able to get a clear answer as to the procedure for changing the ballot election.

6. In September 2023, after the Trustee had opened the review portal, I again reached out to her team and provided copies of the Claimants' affidavits. After additional discussion, the Trustee indicated that she would not allow the Claimants to change their elections. As such, AVA filed the Motion, on behalf of the Claimants, seeking relief from the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing statements are true and correct.

Dated: December 8, 2023                     /s/ Andrew Van Arsdale
                                            Andrew Van Arsdale