IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>　　　　Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

**RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN OPPOSITION TO MOTION OF [REDACTED] TO PERMIT FILING OF PROOF OF CLAIM AFTER BAR DATE [D.I. 11726, 11727]**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Settlement Trust"), hereby submits this opposition (the "Opposition") to the *Motion of [Redacted] to Permit Filing of Proof of Claim After Bar Date* [D.I. 11726, 11727] (the "Motion"). In further support of her Opposition, the Trustee respectfully states and alleges as follows:

**FACTUAL BACKGROUND**

This Court entered the *Order, Pursuant to 11 U.S.C. § 503(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors*, D.I. 695 (the "Bar Date Order"). This order established a "Bar Date" of 5:00 p.m. (prevailing Eastern Time) on

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

November 16, 2020, and provided that a proof of claim "shall be deemed timely filed only if it is **actually received**" by Omni Agent Solutions ("Omni") electronically or by mail on or before the Bar Date. Bar Date Order at 3–4 (emphasis in original). The Bar Date Order further provided that "nothing contained in this Order shall preclude a claimant from asserting a late-filed claim in accordance with Bankruptcy Rule 9006." *Id.* ¶ 10.

The Bar Date Order set forth the mechanisms by which the Debtors were to provide notice of the Bar Date to known and unknown creditors. For known holders of Sexual Abuse Claims, the Bar Date Order provides that the Debtors must serve certain documents (the Abuse Claims Bar Date Notice and a Sexual Abuse Survivor Proof of Claim Form) by first-class mail to counsel of record for each known sexual abuse survivor, or to the survivor directly. *Id.* ¶ 14. "'Known' holders of Abuse Claims include individuals who have provided sufficient contact information to the Debtors and for whom the Debtors have reasonably ascertainable records, and have (a) filed, or threatened to file, lawsuits against the Debtors alleging they were abused, (b) otherwise contacted the Debtors to report Abuse Claims, (c) entered into a settlement agreement with the Debtors stemming from allegations of abuse, or (d) received payment from the Debtors as a result of an allegation of abuse." *Debtors' Motion, Pursuant to 11 U.S.C. § 503(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims*, D.I. 18, ¶ 20.

As for unknown creditors, the Court found that the approved procedures and notices in the Bar Date Order "are reasonably calculated to provide notice to unknown creditors, including

Sexual Abuse Survivors, of the Bar Dates and the other matters described therein[.]" *Id.* ¶ 16. "The Court further [found] and conclude[d] that identities and contact information of Sexual Abuse Survivors and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, other than known holders of Sexual Abuse Claims, as described in the Motion and the Wheatman Declarations, are not reasonably ascertainable and that such parties therefore are unknown creditors with respect to any claims they may have against the Debtors' estates, for whom notice by publication pursuant to Bankruptcy Rule 2002(l) is appropriate and sufficient." *Id.* ¶ 19.

In its July 29, 2022 Opinion, this Court described the efforts to notify potential creditors of the Bar Date as follows:

> In addition to approving a typical notice process, the Bar Date Order also approved an extensive supplemental noticing campaign designed by an advertising and notification consulting firm. Based on a review of BSA's historical data (including historical claims) as well as a 2010 Gallup Survey that included a question on Scouting, the consulting firm concluded that over 54% of former Scouts were men over 50 years old. The campaign, therefore, was designed to reach approximately 95.9% of men age fifty and over in the United States an average of 6.5 times. The campaign also had the goal of reaching its secondary target of men over 18 and its tertiary target of women over 18. The campaign included television, radio, print, streaming and online spots directed at broad audiences (readers of national magazines) and targeted audiences (such as the military, USO Centers and BSA media).

*In re Boy Scouts of Am. & Del. BSA, LLC*, 642 B.R. 504, 533 (Bankr. D. Del. 2022). The Court later found that:

> All necessary service and notice with respect to confirmation of the Plan, including all releases and injunctions thereunder, on all known and unknown creditors and other parties in interest was adequate and sufficient under the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for

Boy Scouts of America and Delaware BSA, LLC, D.I. 10316, ¶ B (Sept. 8, 2022) (the "Confirmation Order").

In the Motion, Claimant SST-332165 ("Claimant") asserts that he was caring full time for a terminally ill spouse throughout much of 2015, and suffered from prolonged grief after her passing. Motion, ¶ 16. He states that he was not aware of the Boy Scouts of America bankruptcy until sometime in 2023, at which point he submitted a proof of claim to Omni Agent Solutions ("Omni"). *Id.* ¶¶ 16–17. The Trust has confirmed that Claimant's proof of claim was received by Omni on June 12, 2023. Claimant asserts that he has not retained counsel. *Id.* ¶¶ 22–23. Claimant now seeks to have his proof of claim accepted.

## RELIEF REQUESTED

The Trustee seeks an order from this Court denying the Motion.

## BASIS FOR RELIEF

Claimant argues that his proof of claim should be accepted because (i) he did not receive notice of the Bar Date Order, and is therefore not bound by it; and (ii) in the alternative, the Court should accept his late-filed proof of claim under the excusable neglect standard set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993). While the Trustee is sympathetic to Claimant's predicament, neither of these arguments provides a basis for allowing his claim, submitted two and a half years after the Bar Date, to proceed.

First, Claimant received adequate notice of the Bar Date. Claimant has not put forth any evidence to show that he is a "known" creditor of the Debtors, such that he was entitled to receive the Abuse Claims Bar Date Notice and Sexual Abuse Survivor Proof of Claim Form by first-class mail. He was therefore an "unknown" creditor, and "[i]t is well established that, in providing notice to unknown creditors, constructive notice of the bar claims date by publication satisfies the

4

requirements of due process." *Chemetron Corp. v. Jones*, 72 F.3d 341, 348 (3d Cir. 1995) (holding that where the debtor's "publication notice was reasonably designed to reach all interested parties . . . notice was sufficient to apprise unknown parties of the claim bar date"). The extensive notice efforts by the Debtors in this case satisfy Claimant's due process rights, and he is bound by the Bar Date Order.

Second, Claimant has not demonstrated that his late-filed claim should be allowed to proceed under the "excusable neglect" standard in *Pioneer*. Under *Pioneer*, the Court considers (1) "the danger of prejudice to the debtor," (here, as the non-movant, the Trust)[2] (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer,* 507 U.S. at 394–95. While the Trustee does not doubt Claimant's good faith, the remaining factors weigh against allowing his claim to proceed here.

The Trust would be prejudiced if Claimant's proof of claim is allowed. The Trust has an interest in determining the finite universe of claims, so that it can timely process and fairly pay claimants. That finality is threatened if claimants who did not timely file proofs of claim are permitted to come forward years later and assert that, despite this Court's best efforts, they did not receive notice of the Bar Date and should be allowed to proceed with their claims.

The second factor, the length of the delay and its impact on judicial proceedings, also weighs against granting Claimant's relief. Claimant's proof of claim was submitted more than two and a half years after the Bar Date and two months after the Plan became effective. As noted

---

[2] When the debtor is not the relevant non-movant, courts have evaluated the danger of prejudice to the non-movant instead. *See, e.g.*, *Eady v. Tapfury LLC*, No. 22-2619, 2023 WL 3376541, at *1 (3d Cir. 2023) (listing the first *Pioneer* factor as "the danger of prejudice to the non-movant") (alterations omitted); *Raguette v. Premier Wines & Spirits*, 691 F.3d 315, 319 (3d Cir. 2012) (same).

above, the Trust needs some finality in determining the number of claims, and cannot carry out its duties to process and pay claims if new claims are continuously permitted to proceed.

Finally, the reason for the delay and whether it was within the reasonable control of the movant weighs against Claimant. As noted above, the Bar Date was heavily publicized, and the noticing campaign "was designed to reach approximately 95.9% of men age fifty and over in the United States an average of 6.5 times." *In re Boy Scouts*, 642 B.R. at 533. These bankruptcy proceedings themselves were highly publicized, even outside of the Court-approved notice procedures.[3] Claimant does not provide an affidavit or any other form of evidence to explain why he did not learn of the Bar Date or even the bankruptcy proceedings more generally until the summer of 2023.

## **CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that this Court deny the Motion.

---

[3] *See, e.g.*, Mike Baker, "Boy Scouts Seek Bankruptcy to Survive a Deluge of Sex-Abuse Claims," N.Y. TIMES (Feb. 18, 2020); Samantha Schmidt, "Boy Scouts of America files for bankruptcy amid wave of potential lawsuits," WASHINGTON POST (Feb. 18, 2020); Mike Baker, "'Staggering' Legal Fees in Boy Scouts Bankruptcy Case," N.Y. TIMES (May 11, 2021); Casey Parks, "Boy Scouts' bid to settle sexual abuse cases apparently fails to get enough support from alleged victims," WASHINGTON POST (Jan. 5, 2022); Mike Baker, "The Boy Scouts' $2.7 Billion Settlement Plan is at Risk of Failing," N.Y. TIMES (Jan. 5, 2022).

Dated:  January 30, 2024
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com

– AND –

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Sarah A. Sraders (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Telephone:  (202) 772-2200
Facsimile:   (202) 772-3333
Email: quinnk@gilbertlegal.com
         grime@gilbertlegal.com
         sraderss@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*