# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

RECEIVED
2024 FEB -5  AM 11:04
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

        Debtors.

) Chapter 11
) (Jointly Administered)
)
) Case No. 20-10343 (LSS)
)
) Re: Dkt. 11726, 11727, 11753
)
)
)

## REPLY TO RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.) IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN OPPOSITION TO MOTION TO ALLOW CLAIM TO PROCEED AFTER BAR DATE [D.I.11726, 11727]

[REDACTED] SST-332165 ("Claimant"),

hereby files this Reply to the Response of the Honorable Barbara J. Houser, (Ret.), in her Capacity as Trustee of the BSA Settlement Trust, in Opposition to the Motion to allow the claim to proceed (D.I. 11753). In opposition to the Trustee's Response, and in support of Claimants' Motion, the Claimant respectfully state as follows:

### I.  INTRODUCTION

Claimant is requesting that the claim be allowed to proceed, even though it was filed after the Bar Date. Claimants motion details the reasons to allow the claim to proceed and is merely seeking justice in this matter.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## II. FACTS

Claimant has no record or recollection of ever receiving any notice of the Debtor's bankruptcy case or of the Bar Date. In the summer of 2023, the Claimant became aware of the case and promptly submitted a Proof of Claim (SST-332165), which was accepted. The Trust then requested the Claimant to fill out and submit a Claims Questionnaire. The Claimant promptly submitted the Claims Questionnaire and it was accepted. When this claim went into review by the Trust, it was rejected due to the filing after the Bar Date. This was the first time the Claimant became fully aware of the Bar Date and what it means.

## III. ARGUMENT

Contrary to the Settlement Trustee's arguments, Claimant did not receive adequate notice of the Bar Date.

According to the Settlement Trustee's arguments, "the information campaign was designed to reach approximately 95.9% of men age fifty and over in the United States an average of 6.5 times." This number is based on a statistical analysis and must have a margin of error that was not stated. How many of these notices were published in local papers across the United States? What analytics were used to present these notices to appropriate Facebook accounts? How many notices were aired during prime-time network programming, or during major sporting events? How many notices were aired on satellite radio? When analyzed, it is reasonable to conclude that not every single abuse victim was notified.

The Trustee's argument of prejudice against this motion is not applicable. There is no threat from this claim as the Trust is just beginning the process of Matrix claim payments. The Trust argues that it has "an interest in determining the finite universe of claims. That finality is threatened if claimants who did not timely file proofs of claim are permitted to come forward years later." It

is understood that this is the job of the Trust. And yet, they have allowed for abuse victims to file claims after the Bar Date as Future Claimants. So, the claim process will remain open-ended.

### IV.   CONCLUSION

Not allowing the claim to proceed is at odds with the purpose of the Plan, and that is to create some form of justice for the abuse survivors. The Claimant has acted in good faith throughout this process and should not be allowed to "fall through the cracks." Such a result would cause great prejudice to the Claimant, whereas the Trustee and Debtors would suffer no prejudice at all if the Claimants' claim is allowed to proceed past the Bar Date. Claimant is requesting relief from this Court to allow a full and fair recovery on their claim as they are entitled to under the Plan.

**Date:** February 1, 2024



After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.