# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DECLARATION OF J. CHAD EDWARDS, ESQ. IN SUPPORT OF A MOTION FOR AN ORDER AUTHORIZING THE LATE FILING OF PROOF OF CLAIM FORMS

J. Chad Edwards, Esq. files this Declaration in support of his Motion For An Order Authorizing The Late Filing Of Proof Of Claim Forms (Doc 11741) (the "Motion"), and in support thereof respectfully states as follows:

My name is J. Chad Edwards. I am an attorney duly licensed in the state of Texas, I am over 18 years of age, and I am mentally competent to make this Declaration. The facts contained herein are true and correct and within my personal knowledge.

Working with local counsel in Delaware, the Motion was filed on behalf of Movants SST-327769, SST-331258, SST-332246, SST-332478, SST-332499, SST-418707, SST-418708, and SST-418723 (collectively "Movants")[2]. I am lead counsel for three (3) of the Movants named in the Motion pursuant to a joint venture agreement with Jason J. Joy & Associates, PLLC.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] The Movants previously and confidentially disclosed their identity to Debtors' counsel, consistent with Court protocols for keeping their identity out of the public record.

Page 1 of 3

These are Movants SST-418707, SST-418708 and SST-418723 (the "Edwards Movants").

**<u>Movants SST-418707 and SST-418708</u>**

Movants SST-418707 and SST-418708 were incarcerated at the time of fling. Both Movants executed a fee agreement nineteen (19) days before the November 16, 2020 bar date. Due to their incarceration, their fee agreements and accompanying completed Proof of Claim (POC) forms were *mailed* to me at my then-shared office space in Dallas, Texas. These documents were mailed *prior to* the bar date on November 2, 2020 (the U.S. Mail timestamped folder/envelope confirming this date was attached as an exhibit to both Movants' filed POC forms). Due to the difficulty with communicating while incarcerated, Movants did not advise me that they had sent these documents.

**<u>Movant SST-418723</u>**

Movant SST-418723 turns 90 this year. He is not computer savvy, and his advanced age has contributed to ongoing communication difficulties throughout the attorney/client relationship.

Movant SST-418723 executed his fee agreement *electronically* seven (7) days before the November 16, 2020 bar date. Movant did not, however, transmit his POC form electronically as directed and expected, but rather *mailed* the completed form to me at my then-shared office space in Dallas, Texas. This document was mailed out and time stamped *prior to* the bar date on November 12, 2020 (the U.S. Mail timestamped folder/envelope confirming this date was attached as an exhibit to Movant's filed proof of claim). Movant did not advise me

to be on the lookout for mail.

Additionally, in November 2020, COVID-19 had a global effect on work environments resulting in people working from home or being away from the office due to a COVID-19 infection. I am a solo practitioner, and in November of 2020 my support staff were working remotely due to the pandemic. I was therefore unaware that my office had received Movants' POC forms until *after* the Bar Date, resulting in the late-filed claims (*just 7 days beyond the bar date*) on Monday, November 23, 2020.

All three Movants provided their completed and executed POC forms in a timely manner, and they could have been filed before the bar date had I been aware of the mailings. The potential harm of denying these claims under these circumstances outweighs any harm by allowing the claims to proceed.

In the earlier stages of this litigation, I incorrectly expected the Trustee to file motions to dismiss each proof of claim if not accepted and/or considered untimely. I now understand my Motion should have been filed immediately in November of 2020. I implore the Court to find excusable neglect under these circumstances.

Chad Edwards (Feb 28, 2024 13:43 CST)

J. Chad Edwards
dba Ichor Consulting
1305 Wycliff Ave #100
Dallas, TX 75205
chad@IchorConsulting.com
Cell: 305.609.3329