

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

Laurie Selber Silverstein  
Chief Judge

824 N. Market Street  
Wilmington, DE 19801  
(302) 252-2900

March 12, 2024

**VIA CM/ECF**

James E. O'Neill, Esq.  
Pachulski Stang Ziehl & Jones LLP  
919 N. Market Street, 17th Floor  
Wilmington, DE 19899-8705

Mr. John Doe  
Name and Address Redacted

Kami E. Quinn, Esq.  
Emily P. Grim, Esq.  
Sarah A. Sraders, Esq.  
Gilbert LLP  
700 Pennsylvania Avenue, SE Suite 400  
Washington, DC 20003

Re:   Boy Scouts of America and Delaware BSA, LLC, 20-10343 (LSS)  
      Motion of "John Doe" to Permit Filing of Proof of  
      Claim After Bar Date [Docket No. 11726]

Dear Counsel and Mr. Doe,

    This letter is my ruling on the Motion of "John Doe" to Permit Filing of Proof of Claim after Bar Date ("Motion").[1] The Trustee of the Settlement Trust filed an objection to the Motion[2]

---

[1] ECF 11726, 11727. Mr. Doe did not file a declaration in support of his Motion, but he has signed it, and so has certified that the factual contentions have evidentiary support. Fed. R. Bankr. P. 9011. Further, at the hearing, Trustee's counsel confirmed that the Trustee did not take issue with and had no reason to doubt any of the factual assertions Mr. Doe made in the Motion. The Trustee also did not seek to cross-examine Mr. Doe.

[2] Response of the Honorable Barbara J. Houser (ret.) in her Capacity as Trustee of the BSA Settlement Trust, in Opposition to Motion of [Redacted] to Permit Filing of Proof of Claim after Bar Date [D.I. 11726, 11727], ECF 11753.

Boy Scouts of America, LLC.
March 12, 2024
Page 2

and Mr. Doe filed a Reply.[3] The court held a hearing on February 6, 2024. At that time, Mr. Doe appeared, pro se and the Trustee appeared by counsel (both by zoom) and each presented argument. At the conclusion of the hearing, I took the matter under advisement. I stated that I wanted to get a better sense of the other similar motions that had been filed.[4]

Have considered the filings and argument, I now grant the Motion. As the parties recognized, this dispute is to be determined under the *Pioneer*[5] standard of excusable neglect. The standard looks at four factors: (i) prejudice to the debtor (or here, the Trust), (ii) "the length of the delay and its potential impact on the judicial proceedings"; (iii) "the reasons for the delay, including whether it was within the reasonable control of the movant;" and (iv) the good faith of the movant. A court is to look at all four factors; no one factor is determinative.

The Trustee's argument is that the Trust is prejudiced by the submission of late filed claims because she needs to have finality. The Trustee needs to know the universe of claims in order to efficiently administer the Trust. She is concerned that if claimants can come forward, even years later, this finality is threatened. The Trustee represents that Mr. Doe's proof of claim was received by Omni on June 12, 2023, two and one-half years after the bar date and argues that the reason for the delay, while unfortunate, was within the reasonable control of the movant.

Mr. Doe states that he was unaware of the bankruptcy proceedings and did not receive notice of the case or the bar date.[6] Movant states that for much of 2015, he was caring for his terminally ill wife and that after her death he suffered a long and complicated grieving period and "was somewhat disconnected from normal life for some time." He states that he first became aware of the bankruptcy in the summer of 2023 and promptly filed a proof of claim with Omni. He also submitted a Claims Questionnaire to the Trust.

Weighing the factors, I conclude that the Motion should be granted. Mr. Doe's stated reason for his delay is uncontested and no one questions his good faith. Mr. Doe submitted his

---

[3] Reply to Response of the Honorable Barbara J. Houser (ret.) in her Capacity as Trustee of the BSA Settlement Trust, in Opposition to Motion of [Redacted] to Permit Filing of Proof of Claim after Bar Date [D.I. 11726, 11727], ECF 11784.

[4] I have since reviewed multiple motions and, yesterday, I held a hearing on two such motions seeking relief on behalf of four claimants. For reasons set forth on the record at that hearing, I denied the motion with respect to one of the claimants and granted it with respect to the other three.

[5] *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993); *see also In re O'Brien*, 188 F.3d 116 (3d Cir. 1999); *In re Legacy Corp.*, 577 B.R. 134 (Bankr. D. Del. 2017); *In re Tribune Co.*, Case No. 08-13141, 2013 WL 5966885 (Nov. 8, 2013).

[6] While Mr. Doe contends he may have been a known creditor entitled to actual notice of the bankruptcy case and the bar date, the burden is on Mr. Doe to show he was a known creditor. *See In re Rental Car Intermediate Holdings, LLC*, Case No. 20-11247, 2022 WL 2760127 at * 6 (Bankr. D. Del. July 14, 2022). Mr. Doe has not made that showing, so he was entitled only to publication notice, which was fulsome. *Chemetron Corp. v. Jones*, 72 F.3d 341, 348 (3d Cir. 1995).

Boy Scouts of America, LLC.
March 12, 2024
Page 3

proof of claim shortly after he learned of the bankruptcy case. While it was submitted two and one-half years after the bar date, it was submitted only two months after the Effective Date of the Plan (April 19, 2023) when the Trust came into existence. Further, I conclude that, at this time, the Trust is not sufficiently prejudiced by the filing of a late claim. While I know the Trustee and her team are working diligently, the Trust is only in the beginning of its administration and the processing (and payment) of claims to be analyzed under the Claims Matrix process is in its infancy. There is nothing in the record to show that the existence of one more claims (or even twenty additional claims[7]) will impede the efficient administration of the Trust. At some point, that may change. But, as the record currently stands, I am not persuaded there is prejudice that is concrete rather than hypothetical.

    An Order will follow.

Very truly yours,

Laurie Selber Silverstein

LSS/cmb

---

[7] At the March 8, 2024, hearing, the Trustee's counsel stated that approximately twenty motions for permission to file late claims have been filed.