## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br><br>        Debtors.<br><br>_____ | **Chapter 11**<br><br>**Case No. 20-10343 (LSS)**<br><br>**(Jointly Administered)**<br><br>**Hearing Date: April 16, 2024 at 10:00 a.m.**<br>**Objection Deadline: April 1, 2024 at 4:00 p.m.** |

### MOTION OF CHRISTOPHER AMBROSE TO DEEM LATE-FILED PROOF OF CLAIM TO BE TIMELY FILED AND DIRECT ITS ADMINISTRATION BY THE TRUST ADMINISTRATOR AS IF TIMELY FILED

Christopher R. Ambrose (the "Movant"), in pro per, hereby files this motion (the "Motion") and moves for an order under Rule 3003(c)(3) and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to have his late-filed proof of claim deemed timely filed for cause (excusable neglect), and to direct its administration by the Trust Administrator as if timely filed, an in support thereof states as follows:

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

### THE BANKRUPTCY CASE

2.      On February 18, 2020 (the "Petition Date"), the above-captioned debtors (jointly, the "Debtors")[1] file their Voluntary Petition for Non-Individuals Filing for Bankruptcy

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

(the "Petition").

3. On May 26, 2020, this Court issued an Order (Docket No. 695)(the "Bar Date Order") establishing November 16, 2020 at 5:00 p.m. (Eastern time) the ("General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts). Pursuant to the Bar Date Order, any claim arising before the Petition Date was required to be filed so that they were received by BSA Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Ste. 100, Woodland Hills, CA 91367.

4. On September 8, 2022, this Court entered an order (the "Confirmation Order") confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (the "Plan"). On March 28, 2023, the United States District Court for the District of Delaware affirmed the Confirmation Order (D.I. No. 11058). The Effective Date of the Plan occurred on April 19, 2023 and the Plan has been substantially consummated (D.I. No. 11123-1). Pursuant to the Trust Distribution Procedures for Abuse Claims (the "Trust Distribution Procedures"), the Plan settlement process under the aegis of the Trust Administrator has only recently begun.

5. Movant was not served with notice of the Bar Date Order and was not otherwise aware of the existence of the General Bar Date until November 17, 2020, when Movant saw an online article about this bankruptcy case. Upon further research, Movant promptly overnighted his proof of claim (Sexual Abuse Survivor Proof of Claim) (the "Claim") (Doc-133042; Identifier Number SST-418491; ClmSchNo: C96186) on November 18, 2020 to Omni Agent Solutions so that it was received by Omni Agent Solutions on Friday, November 19, 2020. See Declaration of Movant, Exhibit "A," filed with this Motion. The Claim was and has been processed by Omni Agent Solutions and claim administrators in the normal course (including participation and voting as a Class 8 claimant) since that time.

6. Movant has timely proceeded with any and all supplemental filings since that time, including but not limited to documentation regarding the Claim and voting as a class

member, and participated in numerous online meetings with the Official Tort Claimants' Committee.

7. It was not until January 25, 2024 (more than three years after the filing of the Claim) that Movant was first notified (by the Scouting Settlement Trust) of any procedural issue regarding the timing of the filing of the Claim. Movant received a letter dated January 25, 2024 (the "Jan. 25 Letter) from the Scouting Settlement Trust Team on behalf of the Trust, a copy of which is attached to the Movant's Declaration as Exhibit "C."

8. No objection to the Claim was ever provided and, as noted, the Claim was accepted and processed in the ordinary court of proceedings, including voting rights. Movant is unaware of any authority in applicable Court orders or the Trust Distribution Procedures that would permit the Trust to disallow the Claim under these circumstances.

## MOVANT'S CLAIM

9. The Claim is in the "Expedited Claim Submission" category (Sexual Abuse Survivor").

10. As noted below, Movant proceeded expeditiously as soon as he became aware of the need to file a proof of claim. The Claim was filed two (2) days after the General Bar Date of November 16, 2020, and more than three years prior to any notice of any procedural issues. The Claim has been processed in the ordinary course like all other claims, and would not be prejudicial to the bankruptcy Estate's proceedings.

## RELIEF REQUESTED

11. The Scouting Settlement Trust has indicated that the Claim will not be processed further without a court order. Movant seeks leave to have his Claim deemed allowed as a properly filed claim, as if timely filed pursuant to Rule 3003(c)(3) and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Movant further seeks to have this Court direct the Trust Administrator to process the Claim as if timely filed. Movant seeks only procedural redress, and does not seek redress regarding the substantive merits of the Claim.

## BASIS FOR REQUESTED RELIEF

12. Movant should be permitted to file the Claim because his inability to file a claim before the General Bar Date is attributable to excusable neglect. Bankruptcy Rule 9006(b)(1) provides as follows:

> In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bank. P. 9006(b)(1).

13. The determination of whether neglect to file a timely claim is excusable under Bankruptcy Rule 9006(b)(1) "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "[R]elevant circumstances surrounding the party's omission . . . include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citation and footnote omitted). The balance of the foregoing factors weigh in favor of permitting the filing of the Claim.

**I. The Debtors and Other Creditors Will Not Be Prejudiced by Allowing Movant to File his Claim.**

14. The Debtors and other creditors will not be prejudiced by allowing Movant to file the Claim. The Third Circuit has adopted a multi-factor test for prejudice, including: (i) the size of the claim with respect to the size of the estate; (ii) whether allowing the late claim would have an adverse impact on the judicial administration of the case; (iii) whether the plan was filed or confirmed with knowledge of the existence of the claim; (iv) the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; (v) and whether allowing the claim would open the floodgates to other similar Claim. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999).

**A. Movant's Claim Are Minimal in Comparison to the Total Asserted Personal**

**Injury Claim.**

15.    Inclusion of Movant's Claim will have minimal effect on Debtors' estates and case administration.  The maximum amount of the Claim, as Movant understands it based on the processes before this court, is a nominal amount.  The Claim is one of approximately 82,500 other sexual abuse claims pending against the Debtors.

16.    There is no indication that allowing Movant to file their Claim would reduce the recovery of any other creditor.  The Claim has been processed in the ordinary course since November 2020, and presumably has been included as part of the overall analysis regarding distributions to creditors, including survivor claims.  An authorized filing will not lead to any unwinding of previous transactions, payments, distributions, or orders.  As noted supra, Movant does not seek as part of this Motion any redress regarding the merits of the Claim.

**B. Allowing Movant to File his Claim Will Have Virtually No Impact on the Administration of the Estate.**

17.    Allowing Movant to file his Claim now will have virtually no impact on the administration of the Debtors' case.  The claims, including the expedited claims submissions still are under review.

**C.    The Plan Was Confirmed with Knowledge of the Movant's Claim.**

18.    The Claim was submitted and received by Debtors within three days of the General Bar Date, well in advance of any plan submissions or plan approvals.  By way of example and example only, this Court dis not enter an order confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization until September 8, 2022, which was almost two years after the Claim was submitted.  On March 28, 2023, the United States District Court for the District of Delaware affirmed the Confirmation Order (D.I. No. 11058).

19.    Additionally, the Claim was processed in the ordinary course for more than three years.  Movant was provided all pertinent materials, including a ballot regarding Class 8 Claims.  Movant submitted his vote on or about October 26, 2021 (Ballot ID: 170954; ClmSchNo: C96186).  (See Movant's Declaration, Ex. "B.")  There was no indication that there were any issues with the Claim until January 25, 2024.  The operative Plan(s) would

have been process and approved with knowledge of, and taking into consideration, Movant's vote and the Claim..

**D. Allowing Movant to File their Claim Will Not Disrupt the Economic Model of the Plan.**

20.     As stated above, infra., allowing Movant to file their Claim will not disrupt the economic model of the Plan. The Plan's framework accounts for variables like the Movant's late-filed Claim.

**E. Allowing Movant to File their Claim Will Not Open the Floodgates**.

21.     Allowing Movant to file a late proof of claim will not "open the floodgates" to future Claim against Debtors.  The Claim was filed within three days of the General Bar Date.  Movant did not wait to assert his rights and has meaningfully participated in the reorganization process.  The General Bar Date now has been in place for more than three years and any claims have been, or should have been filed.

**II. Movant Will Be Prejudiced if He is Not Permitted to Assert His Claim.**

22.     While the foregoing factor analysis shows that the bankruptcy Estate will not be prejudiced if Movant is permitted to file his Claim, Movant would suffer prejudice if he is not permitted to file his Claim. While the maximum monetary settlement amount is minimal to the Estate, denial would be yet another "gut punch" regarding issues that have been festering for more than 50 years.

**A. Movant Acted in Good Faith, and their Delay Was Excusable.**

23.     Movant acted in good faith in seeking leave to file his Claim late. When Movant first became aware of the existence of these proceedings and the need to file a claim in 2020, it already was after the General Bar Date by two days.  The Petition was filed May 26, 2020 and the General Bar Date was less than six months later.  During this time, Movant was not aware of the bankruptcy case, and certainly was not aware of any claim deadline.  It was not until Movant fortuitously read an article about Debtors' bankruptcy filing associated with the General Bar Date on November 17, 2020 that Movant researched the matter and acted.  Movant promptly submitted his Claim, submitted background materials regarding the Claim, voted on the Plan(s), participated in webinars, responded

diligently to requests for info, and never received any indication that there were any procedural issues with the Claim until January 25, 2024, more than three years after the submission.

**B.    The Debtors never provided Movant with notice of the Bar Date.**

24.    While Movant did not and does not expect that Debtors were required to provide notice to an unknown claimant, Movant submits that the lack of notice should be a factor in determining whether there was excusable neglect.

25.    The totality of the circumstances in this case warrant the requested relief. Movant have acted in good faith, and any delay in seeking authority to file a late proof of claim was unintentional and simply due to excusable neglect as defined in Pioneer. Movant acted without delay in submitting the Claim within three days of the General Bar Date, and was not aware of any procedural issues until three years later (January 25, 2024). Debtors were fully aware of Movant's Claim during Plan confirmation, and the Movant has meaningfully participated in processing the Claim for the interim three years, including voting.  Because the balance of prejudice weighs strongly in the Movant's favor, equity supports allowing Movant to file his Claim.

## CONCLUSION

WHEREFORE, Movant respectfully requests the entry of an order: (i)  deeming the Claim to be timely-filed; (ii) directing the Trust to administer the Claim as if timely filed, and (iii) granting Movant such other relief as is appropriate.

DATED this 15th day of March, 2024.

/s/ Christopher R. Ambrose
Christopher R. Ambrose
In Pro Per
2900 NW Clearwater Drive, Ste. 320
Bend, OR 97702
Phone: (541) 617-0707
Fax: (503) 467-7210
Email:  crambrose17@gmail.com