**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Re D.I. No.: <u>11910</u>** |

**ORDER GRANTING CLAIMANT P.V.'s**
**<u>MOTION FOR LEAVE TO FILE LATE CLAIM</u>**

Pursuant to Claimant P.V.'s Motion for Leave to file Late Claim, the exhibits thereto and the uncontested representations made therein, the Court finds that: the movant, Claimant P.V., timely prepared and signed his Proof of Claim ("POC"); P.V.'s attorneys believed they had filed the POC on November 1, 2020, prior to the Bar Date, upon receiving a confirmation and claim number from the claims agent; but, the claims agent's records show that, on that date, duplicate proofs of claim were filed for another claimant by the same attorneys, demonstrating that the POC the attorneys believed they were filing was instead another client's proof of claim; and but for this mistake, it would be uncontested that the POC was timely filed. The Court therefore concludes that Claimant P.V. has demonstrated excusable neglect, and that the equities favor allowing the filing of late claim based on the following factors: (i) the Debtors are not unfairly prejudiced by the filing of late claim, (ii) the delay does not materially impact the proceedings, (iii) the reason for the delay was outside Claimant's reasonable control, and (iv) the Claimant and his attorneys at all times acted in good faith.

NOW THEREFORE, upon good cause shown, it is hereby:

ORDERED, that Claimant P.V.'s Motion for Leave to file Late Proof of Claim filed is GRANTED. Claimant P.V., through his counsel, is granted leave to file his original signed proof

of claim, attached as Exhibit "A" to the Motion, which claim shall be deemed timely filed; and it is further

ORDERED that the POC shall remain subject to review by the Scouting Settlement Trust, and the Scouting Settlement Trustee's right to object to or challenge the POC for any reason other than timeliness is reserved; and it is further

ORDERED that the Debtors, Omni Agent Solutions, and the Settlement Trustee are authorized to take all steps necessary to effectuate the terms of this Order.

Dated: April 10th, 2024
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE