### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, *et al.*,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 10815, 10942 and 10944** |

### ORDER GRANTING MOTION (I) TO ALLOW SUBSTANTIAL CONTRIBUTION CLAIM OF THE ROMAN CATHOLIC AD HOC COMMITTEE AND (II) FOR WAIVER OF CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

The Court having considered the *Motion (I) to Allow Substantial Contribution Claim of the Roman Catholic Ad Hoc Committee and (II) for Waiver of Certain Requirements of Local Rule 2016-2* (the "Motion")[2], seeking payment of professional fees and expenses incurred by the RCAHC, based upon the RCAHC's substantial contribution in connection with the chapter 11 cases of the above-captioned debtors and any response thereto, and the Court having jurisdiction over the subject matter of this core proceeding and over each of the parties hereto; and the Court finding that notice of the Motion has been appropriate under the circumstances; and good cause having been shown, it is hereby ORDERED:

1.     The Motion is GRANTED as set forth herein under section 503(b)'s substantial contribution standard.

2.     The RCAHC is hereby allowed an administrative claim in the total amount of $1,500,000 (the "Substantial Contribution Claim").  Reorganized BSA is authorized, in accordance

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038

[2]  All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

with and subject to the terms of the Plan and the Confirmation Order,[3] to pay the Substantial

Contribution Claim in equal installments as follows:

    A. Within ten (10) days following the entry of this Order, Reorganized BSA shall pay to the RCAHC, care of Catholic Mutual, $375,000.

    B. Within twelve (12) months following the Effective Date of the Plan Reorganized BSA shall pay to the RCAHC, care of Catholic Mutual, an additional $375,000 for a total amount of $750,000.

    C. Within eighteen (18) months following the Effective Date of the Plan, Reorganized BSA shall pay to the RCAHC, care of Catholic Mutual, an additional $375,000 for a total amount of $1,125,000.

    D. Within twenty-four (24) months following the Effective Date of the Plan, Reorganized BSA shall pay to the RCAHC, care of Catholic Mutual, an additional $375,000 for a total amount of $1,500,000.

3.    Reorganized BSA and the RCAHC are authorized to take any and all actions as may be necessary or appropriate to implement and effectuate the relief granted in this Order in accordance with the Motion.

4.    For the avoidance of doubt, Reorganized BSA's obligation to pay or reimburse the RCAHC for the amounts they have paid to the RCAHC Professionals under paragraph III.5 of the Confirmation Order arises as of the Effective Date.

---

[3] In light of the difference between the full amount of the fee and expense detail supporting the Motion and the lower amount sought thereby, the Fee Examiner, after conducting an abridged review of the fee and expense detail supporting the Motion, determined that a fully comprehensive review process would not be cost-effective because the fee and expense detail contained at least $1.5 million of reimbursable fees and expenses. Therefore requirements that the RCAHC file fee applications pursuant to Article II.A.2 of the Plan are excused.

5.      Nothing in this Order shall impair, prejudice, moot or otherwise affect the rights of any parties in any appeals of the Confirmation Order and any subsequent opinions, orders, or judgments affirming in part or in whole the Confirmation Order, including the Opinion issued by the District Court of Delaware in Civ. No. 22-1237-RGA (Lead Case) and consolidated cases,[4] any such subsequent opinion, order, or judgment issued by the United States Court of Appeals for the Third Circuit in Civ. No. 23-1664 (Lead Case) and consolidated cases,[5] and any further appeals.

6.      This Court retains jurisdiction with respect to all matters arising from or relation to the implementation of this Order.

---

[4] Consolidated with Civ. No. 22-1237-RGA are Civ. Nos. 22-1238-RGA, 22-1239-RGA, 22-1240-RGA, 22-1241-RGA, 22-1242-RGA, 22-1243-RGA, 22-1244-RGA, 22-1245-RGA, 22-1246-RGA, 22-1247-RGA, 22-1249-RGA, 22-1250-RGA, 22-1251-RGA, 22-1252-RGA, 22-1258-RGA, and 22-1263-RGA.

[5] Consolidated with Civ. No. 23-1664 are Civ. Nos. 23-1665, 23-1666, 23-1667, 23-1668, 23-1669, 23-1670, 23-1671, 23-1672, 23-1673, 23-1674, 23-1675, 23-1676, 23-1677, 23-1678, 23-1780.

**Dated: April 10th, 2024**
**Wilmington, Delaware**

3

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**