

RECEIVED
2024 APR 25 AM 10: 18
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

April 11, 2024

Re: Case No. 20-10343    Chapter 11
Boy Scouts of America and Delaware BSA
Claim No. 116047 'Motion'

Dear Court Clerk,

Enclosed please find claimants' "Motion for Allowance of Claim No. SA-█████ and Certificate of Service.

Please file this motion in case number 20-10343, and bring same to the attention of Judge Silverstein and the Court.

Thank you,

United States Bankruptcy Court
District of Delaware

In re:
Boy Scouts of America
and Delaware BSA
Debtors

Chapter 11
Case No. 20-10343
(Jointly Administered)

MOTION FOR ALLOWANCE OF CLAIM
NO. SA-████

TO THE HONOURABLE JUDGE OF SAID COURT:

Pursuant to Bankruptcy Rules 60(b)(1), 3008, and 11 U.S.C.S. 502(j), movant (hereafter claimant), Pro se ████ ████ Claim No. SA-████ requests the courts permission to have his proof of claim allowed and timely filed.

In the interest of justice, claimant files this motion to be allowed to proceed in the process of the Scouting settlement trust, and seeks the courts declaration that his proof of claim was timely filed prior to the bar date of 11-16-2020.

On 11-13-2020, at approximately 0600, while residing at the Ramsey Unit of the Texas Dept. of Criminal Justice, in Rosharon, Texas, claimant placed his completed and signed proof of claim, along with two affidavits, in the hands of prison officials for forwarding to Omni Agent Solutions (hereafter Omni) BSA Claims Processing, 5955 DeSoto Ave., Ste. 100, Woodlands Hills, CA 91376.

Omni received the claim and assigned Claim No. 96487. Claimant then filed an amended claim with new information to Omni and received a new claim No.

(1)

SA [REDACTED] Omni provided him copy of all legal proceedings in this case. (i.e., town hall transcripts; voting ballot to accept or reject liquidating plans; Acceptance or rejection of expidited distribution; He voted not to allow third party release; signed and Dated and mailed in his ballot.) According to the documents he received, claimant was classified a Class 8 Direct Abuse Claimant.

At no time was claimant informed his claim was received late by Omni. Only after this court approved the formation of the Scouting Settlement Trust, (hereafter the trust) did claimant receive an unsigned, undated communication from the trust on April 8, 2024, indicating his proof of claim was filed late and the remedy would be to seek a court order to be allowed. Claimant now seeks this courts consideration to weigh the equities in this case, and conclude whether his claim should be allowed or disallowed, based on facts, rule of law, and in the interest of justice.

Pursuant to Bankruptcy Rule 3008, and applying 11 U.S.C.S. 502(j) a disallowed claim may be reconsidered for cause. Section 502(j) allows this court to enter an "appropriate order." See Pride Cos., L.P. v Johnson, (In re Pride Cos L.P.) B.R. 366, 369 (Bankr N.D. Tex. 2002)

In this case claimant placed his proof of claim in the prison internal mailing system on 11-13-2020 at approximately 0600. The Supreme Court teaches that the term excusable neglect under Fed. R. Civ. Proc., Rule 60(b)(1), includes situations in which the failure to comply with a filing deadline

(2)

is attributable to negligence. However, under Pioneer, whether neglect is excusable involves an equitable determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith. Jinks v. Allied Signal Inc., 250 F. 3d 381, 386 (6th Cir. 2001). Pursuant to Fed. R. Civ. Proc., Rule 60(b)(1), the court is allowed to relieve a party in proceedings due to excusable neglect. See In re Berk, 2002 Bankr., Lexis 944 (Michigan Western Bankruptcy Court) (Apr. 2, 2020); Pioneer Inv. Services Co. v Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394; 113 S. Ct. 1489; 123 L. Ed. 2d 74 (1993).

With respect to prejudice, the trust is tasked with the difficulty of determining and administrating claims, and has advised claimant in its unsigned, and undated communication to seek this courts order before he can proceed with his claims process. On the other hand, claimant believes he is being unfairly prejudiced and unduly deprived of a cognizable expectation. Allowing this claim does not prejudice or burden the trust. If, in fact, Omni did not file stamp claimants proof of claim until sometime after the bar date of 11-16-2020, the delay would only be minimal at best, (i.e. a day or two) and would be based on prison authorities failure to show urgency during a trying time, considering the COVID Pandemic, and shortened prison staffing during that period. Claimant has not been

(3)

informed of the actual stamped date Omni received his claim, but would assert the lateness to be minimal.

Claimant sees no practical or legal implications which would potentially impact the judicial proceedings of this court. No order has been entered in this court barring claimant from pursuing his claim. The only reason claimant is filing this request for an order is due to the trustee requiring it before allowing the claims process to proceed.

The prison authorities are the reason for any delay. Claimant certified to Omni, and to the Trust, that he placed his proof of claim in the prison internal mailing system three days prior to the bar date. In other words, claimant did all he could to be considered timely filed. The United States Supreme Court held that notices of appeals by prisoners who represent themselves are to be construed filed for purposes of F.R.A.P. 4(a)(c)(B) at the moment such notices are delivered to prison authorities for forwarding to the court clerk... Houston v. Lack 487 U.S. 266 (June 24, 1998). A pro se filing (as in this case) is timely filed if deposited in the prison internal mail system on or before the bar date. See U.S. v Moore, 24 Fed 3d 624 (4th Cir. 1994).

Because there are extraordinary circumstances beyond the claimants control, (i.e., prison

(4)

internal mailing system, COVID Pandemic) substantial justice requires this motion be granted. The Supreme Courts interpretation in Pioneer, supra, allows this Court to determine whether claimant acted in good faith. The evidence in record supports the claimant did everything in his power to timely file his claim in good faith.

It is now left for this court to decide whether granting this motion would somehow prejudice the Trustee; whether the length of delay is minimal or substantial; whether granting this motion would negatively impact judicial proceedings; whether the reason for delay should be attributed to claimant, or perhaps the prisons internal mail system; whether claimant timely filed his claim in good faith, by placing such in the hands of prison authorities three days prior to the bar date, on Friday, 11-13-2020 at approximately 0600; And finally, has claimant met the burden of proving "excusable neglect" for any lateness in the filing of his claim. Claimant asserts there was no negligence on his part, but that is for this Honourable court to decide.

Based on all the facts in this case, claimant prays and moves this court to enter an order in the interest of fairness and justice.

I ███████████ declare and certify under penalty of perjury that the forgoing is true and correct. Signed this the 11th day of April, 2024.

(5)

## Certificate of Service

I, ███████████████ declare and certify that a true and correct copy of "Motion for Allowance of Claim No. SA-116047" was placed in the prison internal mail system for forwarding to: Scouting Settlement Trust, P.O. Box 50157, McLean, VA 22102 on this the 11th day of April, 2024.

### Parties

① Scouting Settlement Trust
P.O. Box 50157
McLean, VA 22102
scoutingsettlementtrust.com

② 

{ Please correct your records to indicate this current mailing address in Claim No. SA-███ }

(6)

Lyle R. Brummett
267843 Polunsky Unit
3872 FM 350 South
Livingston, Texas
77351-8580

U.S.M.S. X-RAY
HOUSTON TX RPDC 773
16 APR 2024 PM 2 L

"Legal Mail"

United States Bankruptcy Court
For the District of Delaware
824 Market Street, N. 3rd Floor
Wilmington, Delaware
19801

19801-302499