**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: May 7, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: May 14, 2024 at 10:00 a.m. (ET)** |

## CLAIMANT R.F's MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

Claimant R.F. ("Claimant R.F." or "Claimant"),[1] by and through his undersigned counsel, hereby moves this Court for an Order granting him leave to file a proof of claim after the Bar Date. The grounds for this Motion are as follows:

### JURISDICTION, VENUE AND CONSENT TO FINAL JUDGMENT

1. This Court has jurisdiction over this particular Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B).

2. Claimant seeks relief under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1). Claimant hereby consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The Claimant's full name is not listed in this Motion to protect his privacy and in the interests of confidentiality given that he is a Sexual Abuse Survivor claimant.

**BACKGROUND**

3. The Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code on February 18, 2020 (the "Petition Date"). Thereafter, on May 26, 2020, this Court established November 16, 2020 (the "Bar Date") as the bar date for filing proofs of claim. (Docket No. 695).

4. The Claimant is a "Sexual Abuse Survivor" as that term is defined in the Sexual Abuse Survivor Proof of Claim form developed in connection with these proceedings. Claimant suffered abuse from approximately 1979 to 1982 in Virginia.

5. Until very recently, as discussed herein, it was the understanding of Claimant and his attorneys that his proof of claim had been timely filed, prior to the Bar Date. Claimant's Sexual Abuse Survivors Proof of Claim, signed by R.F. was dated September 17, 2020.[2]

6. On September 18, 2020, Claimant's counsel filed the proof of claim and received an email confirmation of filing that same day. Ex. "A". At that time, Claimant was assigned an internal identifier of 7482635.

7. When Claimant's counsel reviewed the list of Claimants sent over from the claims agent, Omni Agent Solutions ("Omni"), Claimant R.F.'s listing was missing. Claimant's counsel contacted Omni on November 11, 2020, regarding this omission. Omni replied that they do not have a record of a claim for Claimant R.F. Ex. "B".

8. In response, on November 12, 2020, Claimant's counsel refiled the proof of claim that they believe had been previously filed. That same day, counsel received an upload confirmation from Omni that the claim had been successfully submitted with the internal identifier of 7482635. Ex. "C".

---

[2] Again for reasons of confidentiality for the Claimant, the Claimant's proof of claim is not attached to this motion, but it can be provided upon request to the undersigned counsel.

9. On November 14, 2020, Claimant's counsel received an email from Omni advising that the claim has been assigned Omni Claim ID 64280. Ex. "D".

10. On April 26, 2021, Claimant's counsel began a review of an USB thumb drive from Bates White, a consultant retained by Boy Scouts of America, identifying all of counsel's clients that had filed claims. In the process of that review, counsel discovered that Claimant R.F. was not included in Bates White's data, though, as noted above, counsel had an Omni Claim ID of 64280 for him, and a re-filing date of November 12, 2020. On May 4, 2021, Claimant's counsel determined that they thought they filed Claimant R.F.'s claim but had inadvertently filed the claim of another client in this case, twice.

11. Upon recognizing this error, Claimant's counsel referred to prior instructions received from Omni involving another client and a different initial filing error, in which case, Omni instructed Claimant's counsel to re-file the proof of claim and reference the claim number and claimant ID on the cover letter. Ex "E". Accordingly, on May 7, 2021, Claimant's counsel filed an amendment for Claimant R.F. with his original claim form that he signed the prior year and received a confirmation email that same day. Ex. "F".

12. On May 11, 2021, Omni emailed Claimant's counsel acknowledging receipt of the amendment and assigned it SA number 112951. Ex. "G".

13. On November 19, 2021, Claimant R.F. received a link to his electronic ballot, which identified him by his name and his SA number. Claimant R.F. voted and signed the ballot that same day, and his vote was registered. Ex "H". As noted in the Trust Distribution Procedures, ballots were only sent to Class 8 (Direct Abuse Claimants) who filed a claim "by the Bar Date or [were] permitted by a Final Order of the Bankruptcy Court to file a late claim". Thus, Claimant R.F.'s must have been considered timely filed since he received a ballot. Ex "I".

14. On January 5, 2024, Claimant R.F. submitted the Trust Claims Questionnaire to the Scouting Settlement Trust (the "Trust"). On January 9, 2024, the Trust advised Claimant's counsel through the Trust portal that the Proof of Claim form was not filed before the bar date of November 16, 2020. On February 23, 2024, Claimant's counsel submitted a Response to Deficiency Notice, in which counsel explained why the Claim should be considered timely filed. Because of a technical problem, the Response to Deficiency Notice did not upload to the Trust portal properly, so Claimant's counsel resubmitted the Response to Deficiency Notice on March 9, 2024. As of the date of the filing of this motion, Claimant's counsel has not received a response from the Trust.

## ARGUMENT

15. Under Bankruptcy Rule 9006(b)(1), when an order establishes a period for taking action, notice, or a rule of this Court, that period may be enlarged even after expiration for good cause, on motion, when the failure to act was the result of excusable neglect. *See, e.g.*, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). There, the Court held that determination is fundamentally equitable in nature. *Id*. The Court recognized four non-exclusive factors to guide discretion: (1) the danger of prejudice to the debtor; (2) the length of delay and its impact on the proceedings; (3) the reason for the delay and whether it was caused outside the claimant's reasonable control; and (4) whether the claimant acted in good faith. *Id*.

16. The four factors under the *Pioneer* standard weigh in Claimant's favor. There is no danger of prejudice to the Debtors. Claimant's claim is one of tens of thousands of similar claims brought against the Debtors. Therefore, granting relief to Claimant would not have any grave impact on the Debtors or the case at-large. As far as Claimant's counsel was concerned, Claimant's proof of claim was filed on September 18, 2020, before the Bar Date. Claimant's

counsel understood that they had a received submission confirmation and were assigned a claim number for this client's proof of claim. After following up diligently on the omission of Claimant from Bates White's data, Claimant's counsel discovered they had filed the incorrect claim for Claimant R.F. twice. Therefore, the reason for delay was outside of Claimant's reasonable control.

WHEREFORE, Claimant R.F. respectfully requests that the Court enter the Proposed Order attached to this Motion.

Dated: April 30, 2024
Wilmington, Delaware

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esq.
1204 N. King Street
Wilmington, DE 19801
Phone : (302) 803-4600
Email : dklauder@bk-legal.com

and

**DANZIGER & DE LLANO, LLP**

Rodrigo R. de Llano, Esq.,
440 Louisiana Street, Suite 1212
Houston, TX 77002
Phone: (212) 390-0100
rod@dandell.com

*Attorneys for Claimant R.F.*