## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: May 7, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: May 14, 2024 at 10:00 a.m. (ET)** |

### CLAIMANT J.M.'s MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

Claimant J.M. ("Claimant J.M.." or "Claimant"),[1] by and through his undersigned counsel, hereby moves this Court for an Order granting him leave to file a proof of claim after the Bar Date. The grounds for this Motion are as follows:

### JURISDICTION, VENUE AND CONSENT TO FINAL JUDGMENT

1. This Court has jurisdiction over this particular Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B).

2. Claimant seeks relief under 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1). Claimant hereby consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The Claimant's full name is not listed in this Motion to protect his privacy and in the interests of confidentiality given that he is a Sexual Abuse Survivor claimant.

**BACKGROUND**

3. The Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code on February 18, 2020 (the "Petition Date"). Thereafter, on May 26, 2020, this Court established November 16, 2020 (the "Bar Date") as the bar date for filing proofs of claim. (Docket No. 695).

4. The Claimant is a "Sexual Abuse Survivor" as that term is defined in the Sexual Abuse Survivor Proof of Claim form developed in connection with these proceedings. Claimant suffered abuse in approximately 1998 in Ohio.

5. Until very recently, as discussed herein, it was the understanding of Claimant and his attorneys that his proof of claim had been timely filed, prior to the Bar Date.

6. Claimant's Sexual Abuse Survivors Proof of Claim, signed by J.M. was dated October 3, 2020.[2] On November 5, 2020, Claimant's counsel filed the proof of claim and received an email confirmation of filing that same day. Ex. "A". At that time, Claimant was assigned an internal identifier of 7887661.

7. On November 10, 2020, Claimant's counsel received an email from Omni Agent Solutions (Omni) advising that the claim has been assigned Omni Claim ID 44440. Ex. "B".

8. In April 2021, Claimant's counsel began a review of an USB thumb drive from Bates White, a consultant retained by Boy Scouts of America, identifying all of counsel's clients that had filed claims. On May 4, 2021, in the process of that review, counsel discovered that Claimant J.M. was not included in Bates White's data, though, as noted above, counsel had an Omni Claim ID of 44440 for him, and a filing date of November 5, 2020. On May 4, 2021,

---

[2] Again, for reasons of confidentiality for the Claimant, the Claimant's proof of claim is not attached to this motion, but it can be provided upon request to the undersigned counsel.

Claimant's counsel determined that they thought they filed Claimant J.M.'s claim but had inadvertently filed the claim of another client in this case, twice.

9. On November 13, 2021, Claimant J.M. received a link to his electronic ballot, which identified him by his name as a creditor and his assigned Claim ID of 41856, rather than 44440. Claimant J.M. voted and signed the ballot that day, and his vote was registered. Ex "C". As noted in the Trust Distribution Procedures, ballots were only sent to Class 8 (Direct Abuse Claimants) who filed a claim "by the Bar Date or [were] permitted by a Final Order of the Bankruptcy Court to file a late claim". Ex "D". Thus, Claimant J.M.'s proof of claim must have been considered timely filed at the time since he received a ballot.

10. On July 31, 2023, Claimant's counsel filed an amendment for Claimant J.M., and noted on the cover sheet that this corresponded with Omni Claim ID 41856, which was the number assigned to his ballot. This amendment supplemented the original proof of claim with more specific information regarding the years in scouting and the location of the abuse. That same day, Claimant's counsel received confirmation of receipt from Omni. Ex. "E".

11. When Claimant's counsel sought to access a Claims Questionnaire through the portal for the Scouting Settlement Trust ("Trust") for Claimant J.M. to complete, Claimant's counsel could not access his information. On April 3, 2024, the Trust advised Claimant's counsel that it did not have a record of Claimant J.M. or Claim ID 41856.

**ARGUMENT**

12. Under Bankruptcy Rule 9006(b)(1), when an order establishes a period for taking action, notice, or a rule of this Court, that period may be enlarged even after expiration for good cause, on motion, when the failure to act was the result of excusable neglect. *See, e.g.*, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

There, the Court held that determination is fundamentally equitable in nature. *Id*. The Court recognized four non-exclusive factors to guide discretion: (1) the danger of prejudice to the debtor; (2) the length of delay and its impact on the proceedings; (3) the reason for the delay and whether it was caused outside the claimant's reasonable control; and (4) whether the claimant acted in good faith. *Id*.

13. The four factors under the *Pioneer* standard weigh in Claimant's favor. There is no danger of prejudice to the Debtors. Claimant's claim is one of tens of thousands of similar claims brought against the Debtors. Therefore, granting relief to Claimant would not have any grave impact on the Debtors or the case at-large. As far as Claimant's counsel was concerned, Claimant's proof of claim was filed on November 5, 2020, before the Bar Date. Claimant's counsel understood that they had a received submission confirmation and were assigned a claim number for this client's proof of claim. After following up diligently on the omission of Claimant from Bates White's data, Claimant's counsel discovered they had filed the incorrect claim for Claimant J.M. twice. Therefore, the reason for delay was outside of Claimant's reasonable control.

WHEREFORE, Claimant J.M. respectfully requests that the Court enter the Proposed Order attached to this Motion.

Dated: April 30, 2024
Wilmington, Delaware

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esq. (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone : (302) 803-4600
Email : dklauder@bk-legal.com

and

4

**DANZIGER & DE LLANO, LLP**

Rodrigo R. de Llano, Esq.,
440 Louisiana Street, Suite 1212
Houston, TX 77002
Phone: (212) 390-0100
rod@dandell.com

*Attorneys for Claimant J.M.*