# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>**Related D.I. No's: 13010, 13011** |

### RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, TO CLAIMANT R.C.'S LETTER REGARDING REVIEW OF CLAIM [D.I. 13010/13011]

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Trust"), hereby submits this Response (the "Response") to *Claimant R.C.'s Letter Regarding Review of Claim*, [D.I. 13010/13011] (the "Motion"), and respectfully states and alleges as follows:

## RESPONSE

Through his Motion, Claimant R.C. ("Claimant") seeks: (1) a de novo review of his Abuse Claim by this Court; and (2) an order requiring the Trust to treat his Claim as an Exigent Health Claim.[2] *See* Motion at 1, 2. The Trust respectfully asks the Court to deny both requests.

The first request—for de novo review of Claimant's Abuse Claim by this Court—is both premature and improper. The Trust has not yet fully processed Claimant's Abuse Claim. On

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] An Exigent Health Claim is defined by the Trust Distribution Procedures ("TDP") as "a Direct Abuse Claim for which the Direct Abuse Claimant has provided a declaration under penalty of perjury from a physician who has examined the Direct Abuse Claimant within one hundred and twenty (120) days of the declaration in which the physician states that there is substantial medical doubt that the Direct Abuse Claimant will survive beyond six (6) months from the date of the declaration." TDP at Art. II.B.8. Under the terms of the TDP, Exigent Health Claims are "moved in front of the FIFO Processing Queue no matter what the order of processing otherwise would have been under these TDP." TDP at Art. IX.E.

August 11, 2025, the Trust sent Claimant a deficiency notice asking for more information on his prior criminal convictions. As of the submission of this Response, the Trust has not yet received a response from Claimant.

The Plan and TDP provide the Trustee with sole discretion and authority to evaluate Abuse Claims under the Claims Matrix process in the first instance. *See* TDP at Article VIII; *see also Order Regarding P.H.* [D.I. 12377] ("Additionally, under the terms of the Plan and Trust Distribution Procedures, the Trustee is tasked with evaluating Abuse Claims under the Claims Matrix in the first instance."). While Claimant may ultimately have the right to seek reconsideration by the Trustee of his Claim or a elect to pursue tort system alternative, none of that can happen until the Trust first determines his claim.

The second request—for an order requiring the Trust to treat Claimant's Claim as an Exigent Health Claim—is also improper. For a Claim to qualify as an Exigent Health Claim under the TDP, the Claimant is required to provide "a declaration under penalty of perjury from a physician who has examined the Direct Abuse Claimant within one hundred and twenty (120) days of the declaration in which the physician states that there is substantial medical doubt that the Direct Abuse Claimant will survive beyond six (6) months from the date of the declaration." TDP Article II.B.8. Claimant represents in his Motion that he has been experiencing medical issues but has been unable to get a physician to submit the required declaration. Motion at 2. The Trust has been working with Claimant to ensure he has access to all forms and information necessary to apply for treatment as an Exigent Health Claimant. But until the Claimant submits the required form, the TDP does not permit the Trust to treat Claimant's claim as an Exigent Health Claim.[3]

---

[3] On August 6, 2025, Claimant sent the Trust a letter in which he requested that the Trust send forms related to Exigent Health Claims to a trauma clinic in South Carolina. The Trust responded the same day and informed Claimant that it cannot send the Exigent Health Form to non-claimants for privacy reasons. The Trust's communication to Claimant
(continued ...)

**CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that this Court deny Claimant's Motion.

Dated:  August 29, 2025
Wilmington, DE

**A.M. SACCULLO LEGAL, LLC**

/s/ Mark T. Hurford
Mark T. Hurford (DE Bar No. 3299)
27 Crimson King Drive
Bear, DE  19701
Telephone:  (302) 836-8877
Facsimile:  (302) 836-8787
Email:  mark@saccullolegal.com

- AND -

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Michael B. Rush (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Telephone: (202) 772-2200
Facsimile:  (202) 772-3333
Email:   quinnk@gilbertlegal.com
            grime@gilbertlegal.com
            rushm@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*

---

included a copy of the Exigent Health Form and also directed Claimant to where the form could be found on the Trust's website.  Tracking for this correspondence shows it was delivered to Claimant on August 11, 2025.