1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

9

10
   In re:                          Case No. 20-10343 (LSS)
11
   BOY SCOUTS OF AMERICA and       Chapter 11
12 DELAWARE BSA, LLC,              (Jointly Administrated)

13 Debtors.                        NOTICE OF MOTION FOR
                                   ENTRY OF ORDER
14                                 AUTHORIZING LATE FILING

15                                 Hearing Date: October 21, 2025
                                   at 10:00 a.m.
16
                                   Objection Date:October14,2025
17                                 at 4:00 p.m.

18
   NOTICE OF HEARING FOR AN ORDER AUTHORIZING THE LATE FILING OF
19 A PROOF OF CLAIM

20    PLEASE TAKE NOTICE THAT,                        Claimant
   pro se ("Movant"), filed the "MOTION FOR ENTRY OF ORDER
21 AUTHORIZING THE SCOUTING SETTLEMENT TRUST TO ACCEPT MOVANT'S
   "MATRIX CLAIM: PERMISSION TO FILE LATE FORM" AS TIMELY FILED
22 AND TO EVALUATE THE EXTRAORDINARY CIRCUMSTANCES ASSERTED
   THEREIN UNDER THE SAME CRITERIA AS SIMILARLY TIMELY FILED
23 CLAIM FORMS ("Motion"), with the United States Bankruptcy
   Court for the District of Delaware, 824 North Market Street,
24 3rd Floor, Wilmington, Delaware 19801 ("Bankruptcy Court").
      PLEASE TAKE FURTHER NOTICE that all objections or
   NOTICE OF MOTION FOR
   ENTRY OF ORDER
   AUTHORIZING LATE FILING- 1
   CASE NO. 20-10343 (LSS)

1   responses, shall be filed with the Court and served, via
    regular mail on the undersigned pro se Movant so as to be
2   actually received on October 14, 2025 at 4:00 p.m..
        PLEASE TAKE FURTHER NOTICE that if any objections is filed,
3   a hearing on the Motion may be held before the Honorable
    Laurie S. Silverstien, Chief United States Bankruptcy Judge,
4   824 N. Market Street, 5th Floor, Courtroom 4, Wilmington, DE
    19801 on October 21, 2025 at 10:00 a.m..
5        PLEASE TAKE FURTHER NOTICE that if no objection is timely
    filed in accordance with the bankruptcy rules and procedures,
6   the Bankruptcy Court may enter an Order without further
    notice or hearing.

7       DATED and SIGNED this _____2_____ day of October , 2025.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

NOTICE OF MOTION FOR
ENTRY OF ORDER
AUTHORIZING LATE FILING- 2
CASE NO. 20-10343 (LSS)



1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

10

11    In re:                                    Case No. 20-10343 (LSS)

12    BOY SCOUTS OF AMERICA and                 Chapter 11
      DELAWARE BSA, LLC,
                                                (Jointly Administrated)
13    Debtors.

14

15

16

17    MOTION FOR ENTRY OF ORDER AUTHORIZING THE SCOUTING SETTLEMENT
      TRUST TO ACCEPT MOVANT'S "MATRIX CLAIM: PERMISSION TO FILE
18    LATE FORM" AS TIMELY FILED AND TO EVALUATE THE EXTRAORDINARY
      CIRCUMSTANCES ASSERTED THEREIN UNDER THE SAME CRITERIA AS
19    SIMILARLY TIMELY FILED CLAIM FORMS

20

21

22

23

24

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING-
case no. 20-10343 (LSS)**



1

2

3

## I. PRELIMINARY STATEMENT AND RELIEF SOUGHT

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Claimant Pro se ("Movant"), respectfully submits this Motion for Entry of Order Authorizing the Scouting Settlement Trust to Accept Movant's "Matrix Claim: Permission to File Late Form" as Timely Filed and to Evaluate the Extraordinary Circumstances Asserted Therein Under the same Criteria as Similarly Timely Filed Claim Forms (the "Motion"). Movant, an incarcerated survivor of childhood sexual abuse with a timely-filed proof of claim (Claim No. SA-48), seeks relief from this Court to permit the late filing of his Settlement Trust Matrix Claim Questionnaire due to extraordinary circumstances beyond his control. Specifically, Movant has been continuous incarcerated in the Washington State Department of Corrections since February 27, 2006, without internet access, and did not receive any notice of the Matrix Claim Questionnaire requirements or deadlines until September 15, 2025, when he received indirect notice through a similar motion filed by another incarcerated claimant. Upon learning of these requirements, Movant promptly prepared and filed this Motion.

## II. JURISDICTION AND VENUE

1.          This Court has jurisdiction over this case and

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING- 1**
**CASE NO. 20-10343 (LSS)**



1  judgment that is necessary or appropriate to carry out the
2  provisions of this title." 11 U.S.C. §105(a).

3  7.        Bankruptcy   Rule   9006(b)(1)   provides   that
4  "...[w]hen an act is required or allowed to be done at or
5  within a specific period by these rules or by a notice given
6  thereunder or by order of Court, the Court for cause shown
7  may at any time in its discretion...on motion made after the
8  expiration of the specific period permit the act to be done
9  where the failure to act was the result of excusable
10  neglect." Fed. R. Bankr. P. 9006(b)(1).

11  8.        Bankruptcy Rule 3003(c) governs the filing of
12  proofs of claim in Chapter 11 cases and provides that the
13  Court shall fix the time within which proofs of claim may be
14  filed. Fed. R. Bankr. P. 3003(c).

15                  IV. FACTUAL BACKGROUND

16  A. Procedural History of Bankruptcy Case

17  9.        On February 18, 2020 (the "Petition Date"), Boy
18  Scouts of America and Delaware BSA, LLC (collectively, the
19  "Debtors") filed voluntary petitions for relief under Chapter
20  11 of the Bankruptcy Code in this Court.

21  10.       On May 26, 2020, this Court entered an order that
22  established November 16, 2020, as the deadline (the "Bar
23  Date") for filing proofs of claim in these cases.

24  11.       On   May   11,   2020,   Movant   timely   submitted   a

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING- 2
CASE NO. 20-10343 (LSS)**



1  this Motion pursuant to 28 U.S.C. §§157 and 1334 and the
2  Amended Standing Order of Reference from the United States
3  District Court for the District of Delaware dated February
4  29, 2012.

5  2.        Venue is proper in this District pursuant to 28
6  U.S.C. §§1408 and 1409.

7  3.        This matter constitutes a core proceeding under 28
8  U.S.C. §157(b)(2).

9  4.        Pursuant to Rule 9013-1(f) of the Local Rules of
10 Bankruptcy Practice and Procedure of the United States
11 Bankruptcy Court for the District of Delaware (the "Local
12 Rules"), Movant consents to the entry of a final order or
13 judgment by this Court if it is determined that the Court,
14 absent consent of the parties, cannot enter final orders or
15 judgments consistent with Article III of the United States
16 Constitution.

## III. LEGAL FOUNDATION AND STATUTORY BASIS

17

18 5.        The statutory and legal foundations for the relief
19 sought herein are Section 105(a) of Title 11 of the United
20 States Code (the "Bankruptcy Code") and Rules 3003(c) and
21 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the
22 "Bankruptcy Rules").

23 6.        Section 105(a) of the Bankruptcy Code provides
24 that "...[t]he Court may issue any order, process, or

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING- 3**
**CASE NO. 20-10343 (LSS)**



"Verified Proof of Claim Complaint with this Court, which was acknowledged by Omni Agent Solutions and assigned Claim Number SA-48 on October 1, 2020.

12.      On September 8, 2022, this Court entered the Confirmation Order confirming the Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization ("the "Plan"), which became effective on April 19, 2023.

13.      On May 13, 2025, the United States Court of Appeals for the Third Circuit dismissed the appeals of this Court's Confirmation Order. On May 27, 2025, a Petition for Hearing En Banc was filed.

B. Settlement Trust Formation and Deadlines

14.      On the effective date of the Plan, the Scouting Settlement Trust (the "Settlement Trust") was established, which stated, inter alia, that its purpose was to "...[r]esolve Abuse Claims in accordance with the Settlement Trust documents in a fair, consistent, equitable manner..." (Third Modified Fifth Amended Chapter 11 Plan of Reorganization, Art. IV(B)(1)).

15.      On January 31, 2024, the Settlement Trust established a deadline of May 31, 2024, for the submission of a complete and executed Settlement Trust (Matrix) Claim Questionnaire (the "CQ").

16.      The Settlement Trust subsequently established an

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING- 4
CASE NO. 20-10343 (LSS)**



1  extended "..[n]o questions asked" late claim filing deadline
2  of July 26, 2024, due to a Supreme Court filing and numerous
3  other issues.

4  17.        The Settlement Trust acknowledged difficulties in
5  obtaining  completed  and  signed  CQs  from  incarcerated
6  claimants and created an "Incarcerated Claimant Late Filing
7  Attorney  Form"  that  would  be  accepted  under  certain
8  conditions after the expiration of the deadline and deemed
9  timely filed.

10  18.        The Settlement Trust set August 26, 2024, as the
11  deadline for submission of a Matrix Late Filing Form.

12  C. Movant's Personal Circumstances and Incarceration

13  1".        Movant is a victim of childhood "Sexual Abuse" by
14  a Scoutmaster.

15  20.        Movant has been continuously incarcerated since
16  February 27, 2006, under the control of the Washington
17  Department of Corrections at various facilities throughout
18  the State of Washington.

19  21.        Movant is currently incarcerated at Airway Heights
20  Correctional  Center,  with  inmate  identification  number
21  #795743,  and  can  receive  mail  at  the  following  address:

22
23

24  22.        Movant  has  had  no  internet  access  whatsoever

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING- 5**
**CASE NO. 20-10343 (LSS)**

1   continuously since February 2006.

2   23.      The Law Library at Movant's facility does not have
3   internet   access   for   prisoners,   preventing   Movant   from
4   receiving   actual   or   constructive   notice   of   the   Settlement
5   Trust's requirements and deadlines through electronic means.

6   D. Notice Failure and Discovery of Requirements

7   24.      Movant has received no printed material whatsoever
8   from Debtors, the Settlement Trust, or their Agents regarding
9   the CO requirement or deadlines.

10   25.      On   September   15,   2025,   Movant   first   received
11   indirect notice of the CO requirements and deadlines through
12   a motion filed by Deborah Kay Levy and Karen Beyea-Schroeder
13   of Junell and Associates, PLLC, on behalf of another claimant
14   that was incarcerated seeking similar relief.

15   26.      The   envelope   containing   this   motion   bears   the
16   prison   mailroom's   date   stamp   of   September   15,   2025,
17   confirming when Movant first received this information.

18   27.      Movant has no control over the Settlement Trust
19   and   their   agents   failure   to   properly   notify   incarcerated
20   claimants of the CO requirements and deadlines.

21   E. Prompt Action Upon Notice

22   28.      Immediately upon learning of the CO requirements
23   and deadlines on September 15, 2025, Movant began preparing
24   this Motion to seek appropriate relief from this Court.

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING- 6
CASE NO. 20-10343 (LSS)**



29.        Movant has acted with all possible diligence in preparing and filing this Motion given the constraints of his incarceration and limited access to legal resources.

### V. LEGAL ARGUMENT

A. Applicable Legal Standard for Excusable Neglect

30.        Bankruptcy Rule 9006(b)(1) permits this Court to allow a late filing where the failure to act timely was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1).

31.        The Supreme Court has established that excusable neglect is an equitable determination that takes into account all relevant circumstances surrounding a party's failure to file. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, Supreme Court, 1993.

32.        The determination of whether neglect is excusable requires consideration of four factors: (1) the danger of prejudice to the debtor or other parties; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

B.  Application of the Four-Factor Analysis to Movants Circumstances

1. Danger of Prejudice to Debtor or Other Parties.

33.        Allowing Movant to file his Matrix Claim

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING- 7
CASE NO. 20-10343 (LSS)**



1   Questionnaire at this time would cause no prejudice to the
2   Debtors, the Settlement Trust, or other parties in interest.
3   34.        The Settlement Trust is still in the process of
4   evaluating claims and has established procedures specifically
5   for late filings, including the Incarcerated Claimant Late
6   Filing Attorney Form, demonstrating the Settlement Trust's
7   recognition that incarcerated claimants face unique
8   challenges in meeting deadlines.
9   35.        Movant's claim (Claim No. SA-48) was timely filed
10  before the original Bar Date, and the Settlement Trust has
11  been aware of Movant's claim since at least October 1, 2020.
12  36.        The Settlement Trust purpose, as stated in the
13  Plan, is to resolve Abuse Claims in a fair, consistent, and
14  equitable manner, which would be furthered by allowing
15  Movant's late filing under these extraordinary circumstances.
16  37.        The number of similarly situated incarcerated
17  claimants is likely to be small, so allowing this late filing
18  would not open floodgates of litigation or significantly
19  burden the Settlement Trust's administration.
20  2. Length of Delay and Impact on Proceedings
21  38.        The delay in Movant's filing of the CO is
22  reasonable under the circumstances and would have minimum
23  impact on the Settlement Trust administration.
24  39.        Movant is seeking relief promptly after learning

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING- 8**
**CASE NO. 20-10343 (LSS)**



of the CO requirements and deadlines on September 15, 2025, demonstrating diligence in addressing the issue once he became aware of it.

40.      The Settlement Trust is still in the process of evaluating claims, and Movant's late filing would not disrupt this ongoing process or cause any significant delay in the overall administration of the Settlement Trust.

41.      The Settlement Trust has already established procedures for late filings by incarcerated claimants, indicating that such late filings were anticipated and can be accommodated within the Settlement Trust's administrative framework.

3. Reason for Delay and Control Over Circumstances

42.      The reason for Movant's delay in filing the CO was entirely beyond his reasonable control.

43.      Movant has been continuously incarcerated since February 27, 2006, with no internet access and limited means of communication with the outside world.

44.      Movant received not notice whatsoever from Debtors, the Settlement Trust, or their Agents regarding the CO requirements or deadlines, despite the Settlement Trust's acknowledgment of difficulties in communicating with incarcerated claimants.

45.      Movant's incarceration severely limited his

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING- 9**
**CASE NO. 20-10343 (LSS)**



1   ability to learn about and respond to developments in this

2   Bankruptcy case, including the establishment of the

3   Settlement Trust and its filing requirements.

4   46.        The Settlement Trust's creation of an Incarcerated

5   Claimant Late Filing Attorney Form demonstrates its

6   recognition that incarcerated claimants face unique

7   challenges that may prevent timely filing, yet Movant was not

8   informed of this accommodation.

9   47.        Movant had no reasonable way to discover the CO

10  requirements or deadlines until he received indirect notice

11  through another incarcerated claimants motion on September

12  15, 2025.

13  4. Good Faith of Movant

14  48.        Movant has acted in good faith throughout this

15  process.

16  49.        Movant timely filed his original proof of claim

17  (Claim No. SA-48) on May 11, 2020, well before the Bar Date

18  of November 16, 2020.

19  50.        Upon learning of the CO requirements and deadlines

20  on September 15, 2025, Movant promptly began preparing this

21  Motion to seek appropriate relief from this Court.

22  51.        Movant is not seeking to delay proceedings or gain

23  any unfair advantage, but merely to have his claim evaluated

24  on the merits alongside other timely filed claims.

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING-10**
**CASE NO. 20-10343 (LSS)**



52. Movant's request is consistent with the Settlement Trust's purpose of resolving Abuse Claims in a fair, consistent, equitable manner.

## C. Special Circumstances of Incarcerated Claimants

53. The Settlement Trust has already recognized the special circumstances faced by incarcerated claimants by creating the Incarcerated Claimant Late Filing Attorney Form.

54. Incarcerated claimants face unique challenges in receiving notice, accessing information, and meeting deadlines in legal proceedings, particularly when they lack internet access and depend on prison mail systems.

55. Courts have recognized that incarceration can constitute an extraordinary circumstance that may justify equitable relief, particularly when combined with a lack of notice or access to information.

56. The Settlement Trust's failure to provide direct notice to Movant of the CQ requirements and deadlines, despite knowing of his incarceration and the challenges it presents, further supports a finding of excusable neglect.

## VI. PRAYER FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court enter an Order:

1. Granting this Motion in its entirety.

2. Authorizing the Settlement Trust to accept

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING-11**
**CASE NO. 20-10343 (LSS)**



Movant's Matrix Claim: Permission to File Late Form as timely filed;

3.        Directing the Settlement Trust to evaluate Movant's claim under the same criteria as similarly timely filed claim forms;

4.        Directing the Settlement Trust to promptly provide Movant with all necessary claim forms, including the Matrix Claim Questionnaire and any other required documentation.

5.        Directing the Clerk of the Bankruptcy Court to serve a copy of this Order on the Debtors, their Agents, on the Settlement Trust and their Counsel, and any other relevant interested parties this Court deems proper;

6.        Providing such other and further relief as the Court deems just and proper under the circumstances.

## VII. SERVICE AND NOTICE PROVISIONS

57.        Due to Movant's incarceration and limited ability to effectuate service, Movant respectfully requests that this Court direct the Clerk of the Bankruptcy Court to serve a copy of this Motion and any resulting Order on the Debtors and their Agents and Counsel, on the Settlement Trust, its Counsel, and any other parties in interest as the Court deems appropriate.

58.        Alternatively, Movant requests permission to serve this Motion by first-class mail on the Settlement Trust and

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING-12
CASE NO. 20-10343 (LSS)**



its Counsel at their last known addresses.

59.      Movant submits that such service is reasonable and appropriate under the circumstances of his incarceration and limited resources.

## VIII. SUPPORTING DOCUMENTATION

60.      In support of this Motion, Movant submits the following:

(a) Declaration of Claimant ██████████ attached hereto as Exhibit A;

(b) Copy of the Motion from Junell and Associates, PLLC, regarding another inmates failure to timely file, attached hereto as Exhibit B;(c) Washington Department of Corrections time-date stamped envelope from Junell and Associates, PLLC, received by Movant on September 15, 2025, attached hereto as Exhibit D.

Respectfully submitted this ____2____ day of _October_, 2025.



### IX. CERTIFICATE OF SERVICE

I, ██████████ hereby certify that on the date below, I deposited the foregoing 'MOTION TO ENTRY OF ORDER AUTHORIZING THE SCOUTING SETTLEMENT TRUST TO ACCEPT MOVANTS MATRIX CLAIM: PERMISSION TO FILE LATE FORM AS TIMELY FILED

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING LATE FILING-13**
**CASE NO. 20-10343 (LSS)**



AND TO EVALUATE THE EXTRAORDINARY CIRCUMSTANCES ASSERTED THEREIN UNDER THE SAME CRITERIA AS SIMILARLY TIMELY FILED CLAIM FORMS" with EXHIBITS 1-3 and "NOTICE OF HEARING OF A ███ FOR ORDER AUTHORIZING THE LATE FILING OF A PROOF OF CLAIM," or a copy thereof, into the Airway Heights Correctional Center institutional mailing system to be sent through the U.S. Postal Service, and served on the following parties: ATTN: Judicial Assistant to the Honorable Laurie S. Silber Silverstein, Chief U.S. Bankruptcy Judge, 824 N. Market Street, 5th Floor, Courtroom 4, Wilmington, DE 19801, ATTN: Bankruptcy Clerk U.S. Bankruptcy Court for the District of Delaware 824 North Market Street, 3rd Floor, Wilmington, Delaware, 19801, Jessica C. Lauria, Attorney for Debtors BSA, White and Case, LLP, 1221 Avenue of the Americas, New York, New York 10020, Honorable Trustee Barbara J. Houser (Ret.) Scouting Settlement Trust, P.O. Box 50157, McLean, VA 22102.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

DATED and SIGNED in the City of Airway Heights, Washington, on this_____2_____day of__October__, 2025.

**MOTION FOR ENTRY OF ORDER
AUTHORIZING LATE FILING-14
CASE NO. 20-10343 (LSS)**

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:                              Case No. 20-10343 (LSS)

BOY SCOUTS OF AMERICA and           Chapter 11
DELAWARE BSA, LLC,                  (Jointly Administrated)

Debtors.                            DECLARATION OF ███████
                                    ████████ IN SUPPORT
                                    OF MOTION TO AUTHORIZE
                                    LATE FILING

OF MOTION TO AUTHORIZE
LATE FILING- 1
CASE NO. 20-10343 (LSS)

I, ███████████████████ Claimant pro se, hereby declare as follows:

## I. DECLARANT IDENTIFICATION AND COMPETENCY

1.      I am the Movant in the above-captioned matter. I am over the age of 18 years and competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently thereto under oath.

2.      I am currently incarcerated at Airway Heights Correctional Center, with inmate identification number ██████ and can receive mail at the following address:

███████████████████████████████████████

## II. STATEMENT OF STANDING
## AND INTEREST IN BANKRUPTCY CASE

3.      I am a victim of childhood Sexual Abuse by a Scoutmaster as defined in the Boy Scouts of America bankruptcy proceedings.

4.      On May 11, 2020, I timely submitted a Verified Proof of Claim Complaint with this Court, which was acknowledged by Omni Agent Solutions and assigned Claim Number SA-48 on October 1, 2020.

5.      I submit this Declaration in support of my motion to authorize late filing from Settlement Trust Deadlines due to lack of notice while incarcerated.

## III. MOVANT'S PERSONAL CIRCUMSTANCES
## AND INCARCERATION

6.      I have been continuously incarcerated since February 27, 2006, under the control of the Washington Department of Corrections at various facilities throughout the State of Washington.

7.      I am currently incarcerated at Airway Heights Corrections Center, with inmate identification number #795743 as previously stated in Paragraph 2 of this



OF MOTION TO AUTHORIZE
LATE FILING- 2
CASE NO. 20-10343 (LSS)

1  Declaration.

2  8.         I have had no internet access whatsoever
   continuously since February 2006, which has severely limited
3  my ability to receive information about the Boy Scouts
   bankruptcy proceedings and Settlement Trust requirements.

4
   9.         The Law Library at my facility does not have
5  internet access, preventing me from receiving actual or
   constructive notice of the Settlement Trust's requirements
6  and deadlines through electronic means.

7  10.        My incarceration substantially limits my ability
   to communicate with the outside world, receive timely
8  information about legal proceedings affecting my rights, and
   take prompt action to protect my rights.

9
   11.        My access to legal resources, legal advise, and
10 the ability to prepare and submit legal documents is severely
   restricted due to my incarceration, creating significant
11 barriers to my participation in the Settlement Trust claims
   process.

12
                IV. NOTICE FAILURE AND DISCOVERY OF REQUIREMENTS
13
   12.        I have received no printed material whatsoever
14 from Debtors, the Settlement Trust, or their Agents regarding
   the CO requirements or deadlines.

15
   13.        On September 15, 2025, I first received indirect
16 notice of the CO requirements and deadlines through a motion
   filed by Deborah Kay Levy and Karen Beyea-Schroeder of Junell
17 & Associates, PLLC, on behalf of M.M. another incarcerated
   claimant seeking similar relief.

18
   14.        The envelope containing this motion bears the
19 prison mailroom's date stamp of September 15, 2025,
   confirming when I first received this information. A true and
20 correct copy of this envelope with the date stamp is attached
   hereto as Exhibit 3.

21
   15. I had no control over the Settlement Trust and their
22 Agents failure to properly notify incarcerated claimants of
   the CO requirements and deadlines.

23
   16.        Prior to September 15, 2025, I had no actual
24 knowledge, constructive knowledge, or any reasonable means of
   discovering the existence of t▮▮ ██▮▮▮▮

**DECLARATION OF** ███████
███████ **IN SUPPORT**
**OF MOTION TO AUTHORIZE**
**LATE FILING- 3**
**CASE NO. 20-10343 (LSS)**

1   associated deadlines.

2   17.      The failure to provide me with direct notice of
    the  CO  requirements  and  deadlines  was  particularly
3   prejudicial given my incarcerated status and complete lack of
    internet access.

4   ## V. PROMPT ACTION UPON NOTICE AND GOOD FAITH STATEMENT

5   18.      Immediately upon learning of the CO requirements
    and deadlines on September 15, 2025, I began preparing this
6   Motion to seek appropriate relief from this Court.

7   19.      I  have  acted  with  all  possible  diligence  in
    preparing and filing this Motion given the constraints of my
8   incarceration and limited access to legal resources.

9   20.      I took the following specific steps immediately
    after learning about the Settlement Trust requirements on
10  September 15, 2025:

11  (a) Reviewed the motion materials received to understand the
    CO requirements and deadlines;
12
    (b) Requirement access to the facility law library to
13  research relevant legal standards;

14  (c) Drafted this Declaration and accompanying Motion with the
    limited resources available to me;
15
    (d) Arranged for the preparation and submission of these
16  documents to the Court through the prison mail system at the
    earliest possible opportunity.
17
    21.      I  submit  this  Declaration  and  the  accompanying
18  Motion in good faith and not for the purpose of delay or any
    improper purpose.
19
    22.      I am prepared to complete and submit the required
20  CO  promptly  upon  receiving  the  necessary  forms  and
    instructions.
21
    ## VI. SUPPORTING DOCUMENTATION REFERENCES
22
    23.      Attached as Exhibit 3 is a true and correct copy
23  of the prison mailroom envelope bearing the date stamp of
    September 15, 2025, which confirms when I received notice of
24  the CO requirements and deadlines.

DECLARATION OF ▮▮▮▮▮
▮▮▮▮▮ IN SUPPORT
OF MOTION TO AUTHORIZE
LATE FILING- 4
CASE NO. 20-10343 (LSS)

24.        Attached as Exhibit 2 is a true and correct copy of the motion filed by Deborah Kay Levy and Karen Beyea-Schroeder of Junell & Associates, PLLC, on behalf of another incarcerated claimant, which provided me with my first notice of the CO requirements and deadlines.

## VII. PENALTY OF PERJURY DECLARATION

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed pursuant to 28 U.S.C. §1746.

Executed on this ___2___ day of _October_, 2025.

Declared By:

**DECLARATION OF** ▮▮▮▮
▮▮▮▮ **IN SUPPORT**
**OF MOTION TO AUTHORIZE**
**LATE FILING- 5**
**CASE NO. 20-10343 (LSS)**



EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, et al.[1], | Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | Hearing Date: September 16, 2025 at 10:00 am Objection Date: September 9, 2025 at 4:00 pm |

### NOTICE OF HEARING OF M.M. FOR AN ORDER
### AUTHORIZING THE LATE FILING OF A PROOF OF CLAIM

**PLEASE TAKE NOTICE THAT** M.M. (the "Movant"), by and through his undersigned

counsel, filed the *M.M.'s Motion Authorizing the Scouting Settlement Trust to Accept Movant's*

*"Matrix Claim: Permission to File Late Form" as Timely Filed and to Evaluate the Extraordinary*

*Circumstances Asserted Therein Under the Same Criteria as Similarly Timely Filed Claim Forms*

(the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 North

Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court"). You have

previously been served a copy of the Motion which is Docket Numbers 12929, 12930 and 12948.

**PLEASE TAKE FURTHER NOTICE** that all objections or responses, including any

overbids to purchase the estate assets, to the Trustee's request for approval of the Motion shall be

filed with the Court and served, via regular mail and email, on (i) the undersigned counsel to the

Trustee so actually received on or before **September 9, 2025 at 4:00 p.m. (prevailing Eastern**

**Time).**

**PLEASE TAKE FURTHER NOTICE** that if any objection is filed, a hearing on the Motion

may be held before the Honorable Laurie S. Silberstein, Chief United States Bankruptcy Judge, 824

N. Market Street, 5th Floor, Courtroom 4, Wilmington, DE 19801 on **September 16, 2025 @ 10:00**

**a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed in accordance

with the procedures enumerated above, the Bankruptcy Court may enter an Order without further

notice or hearing.

DATED: August 20, 2025

Respectfully submitted,

*/s/ Deborah Kay Levy*
JUNELL & ASSOCIATES, PLLC
Debora Kay Levy
Texas Bar No. 24083384
Karen Beyea-Schroeder
Texas Bar No. 24054324
3737 Buffalo Speedway
18th Floor
Houston, Texas 77098
DLevy@Junell-Law.com
KSchroeder@Junell-Law.com
Telephone: (713) 221-3750

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Notice of Hearing and Docket Numbers 12948 (the Amended Motion) were served by regular U.S. Mail, postage prepaid, to all creditors and parties in interest pursuant to the attached service list on or about August 20, 2025 as well as the Clerk of the Court.

*/s/Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder

---

[1] The Debtors of the Chapter 11 cases, together with the last four digits of the Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtor's mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[2]

Debtors.

Case No. 20-10343 (LSS) JUL 15 P 12: 29

Chapter 11

(Jointly Administered)

**Objection Deadline:**
**Hearing Date:**

**AMENDED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SCOUTING SETTLEMENT TRUST TO ACCEPT MOVANT'S "MATRIX CLAIM: PERMISSION TO FILE LATE FORM" AS TIMELY FILED AND TO EVALUATE THE EXTRAORDINARY CIRCUMSTANCES ASSERTED THEREIN UNDER THE SAME CRITERIA AS SIMILARLY TIMELY FILED CLAIM FORMS**

COMES NOW the Plaintiff, M.M., and respectfully moves this Honorable Court for leave to Amend the Notice of M.M.'s Motion Authorizing The Scouting Settlement Trust To Accept Movant's Matrix Claim: Permission Extraordinary Circumstances Asserted Therein Under the Same Criteria As Similarly Timely File Claim Forms, previously filed on July 7th, 2025, and in support thereof states as follows:

1. On July 7th 2025, the Plaintiff filed a Notice of M.M.'s Motion Authorizing the Scouting Settlement Trust to Accept Movant's Matrix Claim: Permission Extraordinary Circumstances Asserted Therein Under the Same Criteria as Similarly Timely File Claim Forms.

---

[2] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

3

2. Since the filing of the Original Motion, Counsel for Plaintiff discovered an error which was that the motion was filed without Plaintiff Counsel's signature.

3. The Movant now seeks to amend the Original Motion. The proposed amendment includes Counsel for Plaintiff's signature.

4. A clean copy of the proposed amended motion is attached.

5. This amendment is made in good faith and not for the purpose of delay.

WHEREFORE, the Plaintiff respectfully requests that this Court grant leave to file the amended motion and for such other and further relief as the Court deems just and proper.

Date: July 11, 2025

Respectfully submitted,

*Deborah Levy*

JUNELL & ASSOCIATES, PLLC
Deborah Kay Levy
Texas Bar No. 24083384
Karen Beyea-Schroeder
Texas Bar No. 24054324
3737 Buffalo Speedway
18th Floor
Houston, Texas 77098
DLevy@Junell-Law.com
KSchroeder@Junell-Law.com
Telephone: (713-221-3750)

*Attorneys for Plaintiff*

4

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3



JUNELL ASSOCIATES
3737 Buffalo Speedway
Suite 1850
Houston, Texas 77098

NOT MARKED
LEGAL MAIL

AHCC
PO Box 1899
Airway Heights WA 99001

RB25M

NOT MARKED
LEGAL MAIL

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 77098
02 7H
0006148864
$ 000.74⁰
AUG 27 2025

'RECEIVED'
SEP 1 5 2025
AHCC MAIL ROOM

C0199/11/25
REVIEW*B016**

AHCC899    989 DE WI N
UNABLE TO FORWARD/FOR

# PROPOSED ORDERS

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

9
10

In re:

Case No. 20-10343 (LSS)

11

BOY SCOUTS OF AMERICA and
DELAWARE BSA, LLC,

Chapter 11
(Jointly Administrated)

12
13

Debtors.

ORDER GRANTING ███████
███████ MOTION TO

14

AUTHORIZE LATE FILING
(Proposed)

15
16

COMES NOW, the Honorable Laurie Silber Silverstein, Chief
U.S. Bankruptcy Judge, to hereby ORDER the following:

17

1. Granting Movant's Motion in its entirety.

18
19

2. Authorizing the Settlement Trust to accept Movant's Matrix
Claim: Permission to File Late Form as timely filed;

20
21

3. Directing the Settlement Trust to evaluate Movant's claim
under the same criteria as similarly timely filed claim
forms;

22
23

4. Directing the Settlement Trust to promptly provide Movant
with all necessary claim forms, including the Matrix Claim
Questionnaire and any other required documentation.

24

5. Directing the Clerk of the Bankruptcy Court to serve a
copy of this Order on the Debtors, their Agents, on the

ORDER GRANTING ███████
███████ MOTION TO
AUTHORIZE LATE FILING- 1
CASE NO. 20-10343 (LSS)

Settlement Trust and their Counsel, and any other relevant interested parties this Court deems proper;

6. Providing such other and further relief as the Court deems just and proper under the circumstances.

ORDERED and SIGNED this_____day of_____,2025.

Ordered By:

_____
Laurie S. Silverstein
Chief U.S. Bankruptcy Judge

ORDER GRANTING ███████
███████ MOTION TO
AUTHORIZE LATE FILING- 2
CASE NO. 20-10343 (LSS)

Phone ████████████████████████████████████

02 October 2025 ████████████████████████

ATTN: U.S. Bankruptcy Court Clerk
United States Bankruptcy Court
824 North Market Street, 3rd Floor
Wilmington, DE 19801

2025 OCT -7 A 9:43

RE: In re Boy Scouts of America, et al.
    Case No. 20-10343 (LSS) Creditor Claim No. SA-48
    **MOTION FOR ENTRY OF ORDER AUTHORIZING LATE FILING**
    **NOTICE OF HEARING, CLERK'S ACTION REQUIRED**

Dear Esteemed Court Clerk:

    Hello. Please find enclosed the "NOTICE OF HEARING," "MOTION FOR
ENTRY OF ORDER AUTHORIZING LATE FILING," "EXHIBITS 1-3," and "ORDER
GRANTING ███████████████ MOTION TO AUTHORIZE LATE FILING" (proposed).
Please note them on the Honorable Laurie S. Silverstein's calendar
docket for October 21, 2025 at 10:00am. Thank you.
    Please notify me promptly if there is any deficiencies in my
filings or potential scheduling conflicts. I believe the enclosed can
be heard without oral arguments but if the Chief Judge needs me to
appear telephonically I will make myself available. Please just notify
me ahead of time so I can facilitate my telephonic appearance within
the institution guidelines. Thank you.
    In conclusion, I appreciate your time and attention to the above
matter. Please get back to me if there is any issues. And please have
a great week. Thanks again.



Sincerely,

DJS:noh





ATTN: U.S. Bankruptcy Court
United States Bankruptcy Cour
824 North Market Street
Wilmington, DE 1980l