IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br> (Jointly Administered) <br><br> **Related D.I. Nos.: 13156, 13157** |

**RESPONSE OF THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST, IN RESPONSE TO CLAIMANT F.L.'S MOTION SEEKING HELP FROM THE COURT OR ADVICE [D.I. 13156/13157]**

The Honorable Barbara J. Houser (Ret.) (the "Trustee"), in her capacity as trustee of the BSA Settlement Trust (the "Trust"), hereby submits this response (the "Response") to Claimant F.L.'s *Motion Seeking Help from the Court or Advice* [D.I. 13156/13157] (the "Motion") and respectfully states and alleges as follows:

**FACTUAL BACKGROUND**

**I.    The Motion**

In his Motion, Claimant F.L. ("Claimant") seeks advice or assistance from the Court regarding issues he has had communicating with the Trust due to his incarcerated status. Claimant is incarcerated in a facility run by the Florida Department of Corrections. Motion at 1. Claimant states that due to new Florida Department of Corrections regulations, he has had difficulty communicating with the Trust. *Id.* at 1-2. Specifically, Claimant states that he has been unable to communicate with the Trust via mail because the Trust is not a member of the Florida Bar. He

---

[1] The Reorganized Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

states that he needs an order from this Court "that says the Court has appointed the Settlement Trust to handle legal issues with [him] in regards to this case."  Motion at 1-2.

## II.    The Trust's Processing of Claimant's Claim and Communications with Claimant.

Claimant submitted a timely proof of claim and subsequently submitted a timely Claims Questionnaire to the Trust in June 2024.  Based on the information provided by Claimant, the Trust was able to fully evaluate Claimant's Claim.   The Trust sent an award determination and Release Packet to Claimant on August 22, 2025 and September 14, 2025.

Based on Claimant's Motion, it does not appear he has received a copy of the Release Packet to date due to recent issues the Trust has had communicating with his current facility. Throughout the Trust's processing of F.L.'s claims, its efforts to communicate with F.L. have been met with inconsistent results.  From June 2024 through May 2025, the Trust had no difficulties in communicating with F.L.  However, in June 2025, F.L. was moved to a new facility in Florida.  From that point in time, F.L. has requested that the Trust send his mail to an Indiantown, Florida address, which is designated to receive "legal mail."  However, the facility at which F.L. is housed has repeatedly informed the Trust that communications from the Trust to F.L. are not "legal mail" and that the Trust should send F.L.'s mail to the Tampa, Florida address.  The Trust has attempted to send the Release Packet to F.L. at the Tampa address two times, but each time it has been refused and returned to sender.  On October 29, 2025, the Trust learned for the first time that the facility F.L. is incarcerated at rejected the Trust's mail to F.L. because: a) the Trust had sent the Release Packet via priority mail instead of regular U.S. mail[2]; b) the mailing was marked "confidential"; and, c) prison regulations only permit mailings that are up to 15 pages, unless the

---

[2] The Trust sends mail via priority mail so it can track that the Claimant has received the mail.

inmate has received prior approval from the warden's office to receive mailings in excess of that limit.

With this new guidance, the Trust will again attempt to send Claimant with a copy of his Release Packet in multiple pieces to comply with the page limitations for individual pieces of mail. The Trust will also attempt to communicate with the warden's office for Claimant's facility to see if Claimant can obtain permission to receive mailings greater than fifteen pages.

## **RESPONSE**

As illustrated by the above history, the Trust has had some recent challenges communicating with the Claimant. However, the Court does not have the authority to enter the order Claimant seeks. Under Florida Administrative Code 33-210.102 and 33-210.103, correspondence from the Trust does not constitute "legal" or "privileged" mail. The Trust confirmed this with Claimant's facility on September 24, 2025. The Florida Administrative Code does not provide that non-legal mail can become legal mail due to a court order. In addition, it is not accurate (and therefore problematic to the Trust) to state that the Trust is "handl[ing] legal issues" in regards to Claimant's case. The Trust is not Claimant's attorney and does not provide legal advice. In any event, given the facility's prior refusal to accept mail from the Trust as "legal" mail, it is not clear that Claimant's requested order (even if appropriate and legally binding) would further streamline communication.

The Trust will continue to work with Claimant and the facility at which he is incarcerated to ensure he has access to his Release Packet and is able to return it to the Trust. The Trust will update the Court on the status of its efforts at the November 13, 2025, Omnibus Hearing and will seek appropriate assistance from the Court if needed.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny Claimant's requested relief.

Dated: October 30, 2025  **A.M. SACCULLO LEGAL, LLC**
Wilmington, DE

*/s/ Mark T. Hurford*
Mark T. Hurford (DE Bar No. 3299)
27 Crimson King Drive
Bear, DE  19701
Telephone:  (302) 836-8877
Facsimile:   (302) 836-8787
Email:         mark@saccullolegal.com

-and-

**GILBERT LLP**
Kami E. Quinn (admission *pro hac vice*)
Emily P. Grim (admission *pro hac vice*)
Michael B. Rush (admission *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Telephone:  (202) 772-2200
Facsimile:   (202) 772-3333
Email:   quinnk@gilbertlegal.com
             grime@gilbertlegal.com
             rushm@gilbertlegal.com

*Attorneys for the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust*